IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

Plaintiffs,

-vs.-

BILL OWENS, et al.

Defendants.

---

# SECOND REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS TO UNITED STATES DISTRICT JUDGE EDWARD W. NOTTINGHAM AND SENIOR UNITED STATES DISTRICT JUDGE JOHN L. KANE

---

THIS MATTER comes before the Special Masters on their own motion. The Special Masters want to advise Judges Nottingham and Kane as to the status of the claims process. The Special Masters also wish to recommend that the Court appoint two additional special masters, Richard C Davidson and Donald E. Abram, because of the case load that has developed.

The Special Masters were appointed by Judge Nottingham as part of the Remedial Plan which was approved on August 27, 2003 as the settlement document in this case. Paragraph XXXII provided that inmates, former inmates, and representatives of inmates could file claims alleging damages or seeking other relief. The Special Masters undertook the drafting of claim forms and informational sheets for the filing of claims. Claim forms and informational sheets were forwarded to the Colorado Department of Corrections (CDOC) in early March, 2004. Claim forms and informational sheets were forwarded directly by the Special Masters to individuals who requested them at approximately the same time.

The first claims were submitted on or about April 1, 2004. Since that date, over 1,300 claim forms have been filed. The Special Masters have screened each claim. Some claims did not set forth a basis upon they could proceed (e.g., purely mental health issues, upper extremity disabilities, etc.). Any claimant who had filed a claim form that did not appear to be covered by the Remedial Plan was sent a show cause order. A number of claimants responded to those orders to show cause. Some claims were dismissed as a result, and some were allowed to proceed on to resolution on their merits.

At this writing, the following number of unresolved claims exist in each of the five categories:

| | |
|---|---|
| Category I | 69 claims |
| Category II | 784 claims |
| Category III | 120 claims |
| Category IV | 2 claims |
| Category V | 7 claims |
| Total: | 982 claims |

In addition, 18 claims have been placed into Category X which is used initially for claims that appear not to have a basis in the Remedial Plan or appear to have been filed too late. There are a total of 1,000 claims that remain unresolved.

Hearing dates have been set on all Category III and Category IV claims. Some Category III claims have been resolved after hearings. At this writing, hearings are scheduled as late as April 11, 2006. It is anticipated that some claims in Category II will be elevated to Category III. Those claims then will receive a hearing. The Special Masters have been conducting hearings in Denver for

inmates who are no longer in custody or in custody in another state. Other hearings have been held at various correctional institutions throughout southern Colorado. An effort has been made to schedule hearings first on the individuals who appear to have the gravest health problems.[1]

Defendants filed a motion requesting additional time in which to respond to all Category I and II claims. This request was based upon the schedule for hearings that had been set by the Special Masters. Category I and II claims are not entitled to a hearing and must be adjudicated on what has been filed by the parties.

The plan was to finish the bulk of the hearings on Category III claims by late October, 2005 before travel might be hindered by winter conditions. This meant that as many as ten hearings would have to be held in a week.

Defendants' motion for enlargement of time was granted as follows:

1. Category I claims and all Category II claims through 02-400: Defendants were granted up to and including October 7, 2005 in which file responses.

2. Category II claims from 02-401 through 02-600: Defendants were granted up to and including January 16, 2006 in which to file responses.

3. Category II claims from 02-601 on: Defendants were granted up to and including March 17, 2006 in which to file responses.

After responses are filed by Defendants on Category I and II claims, claimants will be given an opportunity to file a reply. It is anticipated that some claims in these two categories will not be at issue before mid-May, 2006.

---

[1] More than ten inmates who filed claims have died before the adjudication of their claims.

3

Category V (death cases) have begun to be set for hearings. The Special Masters have pending an issue as to available damages for Category V cases. It is anticipated that each Category V case will take one day for a hearing.

Based upon the claim experience to date, each Category III hearing will last, at least, two hours. Total time involved in review of documents and preparation of an order will be three hours. The total estimated time to complete all Category III claims is 600 hours.

Category II cases will take a minimum of three hours to review and issue an appropriate order. Total time anticipated for Category II cases is 2,352 hours. Category I claims can be resolved in a shorter period of time, but no less than two hours. Total time anticipated for Category I claims is 138 hours.

Category IV and V claims will take one day for a hearing and three hours for review of exhibits and preparation of an order. Total time estimated time for these two categories is 99 hours.

The total time estimated for resolution of all pending claims as presently categorized is 2,589 hours. There also is additional time for travel to various correctional facilities.

In addition to the filing of claims, both claimants and defendants have filed significant numbers of motions. These include discovery motions, motions to dismiss some claims, motions objecting to witnesses, and the like. These motions take a minimum of one hour per day to review and resolve.

The Special Masters have hired a staff attorney on a part-time basis to assist with the processing of claims. Though this has helped, it is not a complete answer to the backlog of claims that exist.

In addition, the Special Masters have other cases on which they are working. Judge Pringle

is the appointed special master on a Multi District Litigation case in the United States District Court for the District of Wyoming. Judge Borchers has an on-going mediation and arbitration practice in Colorado and adjoining states. Both Special Masters are working as diligently as possible on all claims, but it will take well over a year and one-half to resolve all claims if they are the only judicial officers working on the claims.

Both Special Masters would recommend to the Court that two additional special masters be appointed to handle the claim case load. As with the two Special Masters, these two individuals are affiliated with Legal Resolution Center. The two judges recommended for appointment are:

1. Richard C. Davidson. Judge Davidson is the former presiding judge of the Utah Court of Appeals, as well as a district judge in Utah. Judge Davidson came to Colorado in 1990 and affiliated with the Judicial Arbiter Group. He joined Legal Resolution Center in February, 1999. Judge Davidson has handled numerous arbitrations, mediations and related work while in the private sector. As an active judicial officer, Judge Davidson handled a wide assortment of cases and issues.

2. Donald E. Abram. Judge Abram is a retired United States Magistrate Judge who served for over twenty years in that position in this Court. Judge Abram was a state district judge in Pueblo prior to his appointment as a Magistrate Judge. Judge Abrams was appointed by this Court as the guardian ad litem in litigation dealing with the Colorado Mental Health Institute. Judge Abram has handled numerous cases dealing with the ADA.

The appointment of two additional special masters would allow all claims to be resolved more promptly. The goal would be to finish all claims within one year of the date of submission of this Report and Recommendation.

IT IS HEREBY RECOMMENDED that this Court appoint Richard C. Davidson and Donald

E. Abram as additional Special Masters to help adjudicate the claims that are now filed and awaiting adjudication.

SIGNED this 30 day of June, 2004.

BY THE COURT:

_____
Richard M. Borchers
Special Master

_____
Bruce D. Pringle
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Second Report and Recommendation of Special Masters this ___ day of June, 2005 to the following:

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia S. Bellac
King & Greisen, LLP
4845 Pearl East Circle, #101
Boulder, CO 80301

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203