IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

Plaintiffs,

-vs.-

BILL OWENS, et al.

Defendants.

Claim Number 02-292
Category II
Claimant: Dorothy Hetz, #112490
Address of Claimant: Unknown

## ORDER OF DISMISSAL OF SPECIAL MASTER

THIS MATTER comes before the Special Master on his own motion. Claimant filed a claim pursuant to the settlement agreement approved by Judge Nottingham on August 27, 2003. Claimant alleged in her claim that she was a member of the class and was entitled to receive compensation or other relief from Defendants.

Claimant was released on parole. The Special Masters did not receive from Claimant an updated mailing address. Mail sent to Claimant has been returned as undeliverable, as the only address provided to the Special Masters was her place of incarceration. The Office of the Special Master contacted the parole agent for Claimant and discovered that Claimant has absconded. There is no present address for Claimant. A warrant is outstanding for Claimant's arrest.

Federal courts have the authority to dismiss an appeal when a defendant becomes a fugitive. *Degen v. United States*, 517 U.S. 820 (1996); *United States v. O'Neal*, 453 F.2d 344 (10th Cir. 1972). A court does not need to invest its resources on an appeal where a defendant has chosen to absent herself. *Gonzales v. Stover*, 575 F.2d 827 (10th Cir. 1978).

The Special Master does not see any difference between the defendant who becomes a fugitive while her appeal is pending from the claimant who chooses not to keep in contact with the court and absconds from parole supervision. The claim will be dismissed. If Claimant can establish

good cause, the claim may be reinstated. The resources for processing of claims is limited and should not be abused by those who choose to abscond from supervision.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 15, 2005.**

SIGNED this 24th day of June, 2005.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

      I hereby certify that I have mailed a copy of the foregoing Order of Special Master this _24th_ day of June, 2005 to the following:

Ms. Paula Greisen
Mr. David H. Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO  80206

Mr. James X. Quinn
Assistant Attorney General
Mr. Jess A. Dance, Attorney
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO  80203

_____