IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT

JUN 3 0 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number 03-012
Category III
Claimant: Robert Louis Wirtz, Jr. #90344
Address of Claimant: 1895 Jellison St., Lakewood, CO 80215

---

## FINAL ORDER OF SPECIAL MASTER

THIS MATTER came before the Special Master for hearing on Monday, June 13, 2005 at 9:00a.m. at the office of Legal Resolution Center, Denver Corporate Center III, Suite 1100, 7900 East Union, Denver, Colorado. Present were the following: Patricia Herron, from the Office of the Attorney General, for Defendants.

BACKGROUND

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (a.k.a. Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Remedial Plan also created a mechanism for individual

1

inmates, former inmates or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Remedial Plan provided the following basis for the filing of claims for damages and/or for other relief. This section states, in part as follows:

Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:

I.   General inconvenience or nominal damages;
II.  Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
IV.  Damages due to severe physical injuries; and
V.   Damages due to death.

Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as Category III. *Remedial Plan, pp. 28-9.*

Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages for relief.

## FINDINGS OF FACT

Being duly advised, the Special Master makes the following findings of fact:

1. That Claimant submitted a claim which was assigned claim number 03-012 and the basis of his claim is a mobility impairment.

2. That Claimant's claim was assigned to Category III pursuant to the Remedial Plan as set forth above.

3. That on December 22, 2004, Margie Dykstra, Special Assistant to the Special Master received a facsimile from the Northern Region of the Colorado Department of Corrections that the current mailing address and telephone number for Claimant is:

> 1895 Jellison Street
> Lakewood, CO 80215
> 303-233-3565

2

4. That no further changes of address have been sent to the Special Master and all Orders from the Special Master have been sent to Claimant at that address since that time with the file indicating no returns.

5. That on April 1, 2005, an "Order of Special Master – Setting of Hearing Date" was mailed to Claimant, Defendants and class counsel setting a hearing on Claimant's claim on June 13, 2005 at 9:00a.m. at the office of Legal Resolution Center.

6. That on the Record, after waiting until approximately 9:25a.m. on June 13, 2005, the Special Master found that Claimant did not appear to prosecute his case.

7. That on the Record, the Special Master also noted that Claimant's "Motion for Immediate Injunctive Relief or for Order to Show Cause" and "Motion for Judgment on Motion for Injunctive Relief" copied to the Special Master are beyond the jurisdiction of the Special Master to address.

## CONCLUSIONS OF LAW

1. Claimant received proper notice of the hearing.

2. Claimant did not appear at the hearing and did not present evidence in support of his claim.

3. Claimant has failed to establish by a preponderance of evidence his claim.

## ORDER

IT IS ORDERED that based upon the foregoing, Claimant, in failing to appear for his hearing has not met his burden to prove his claim by a preponderance of the evidence and Claimant's claim for relief is hereby DENIED.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed **on or before July 28, 2005** with the Clerk of the United States District Court at the following address:

901 19th Street
Denver, CO 80294.

SIGNED this ___ day of June, 2005.

Bruce D. Pringle,
Special Master

## CERTIFICATE OF MAILING

      I hereby certify that I have mailed a copy of the foregoing FINAL ORDER OF SPECIAL MASTER this _13th_ day of June, 2005 to the following:

Mr. Robert Louis Wirtz, Jr. #90344
1895 Jellison St.
Lakewood, CO 80215

Ms. Paula Greisen
Mr. David H. Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia Herron
Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____
Margie Dykstra