IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

Plaintiffs,

-vs.-

BILL OWENS, et al.

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number 03-044
Category III
Claimant: Robert Wieghard, #45728
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on June 16, 2005. This hearing was held at the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. Present were the following: Robert Wieghard(Claimant); and James Quinn, attorney for Defendants.

Testimony was received from the following witness: Claimant. All documentation previously submitted by both sides was accepted. After final closing arguments, the case was taken under advisement. This order shall constitute the final action by the Special Master on this specific claim.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge

Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category III are to receive a hearing. The hearing was held, and Claimant was granted a full opportunity to testify and present evidence in his behalf. Based upon the testimony of Claimant and documents, the Special Master finds the following to be the facts necessary for resolution of the claim.

Claimant was received initially into the custody of the Colorado Department of Corrections (CDOC) in 1979. He was discharged. He then returned to CDOC custody in 1982. He has been at a number of facilities over the years.

He was transferred to a private prison in Appleton, Minnesota in the early 1994. While at that facility, he was stabbed in the head. This incident led to long-term hospitalizations both in Minnesota and Colorado. The wound affected that part of brain that controls the right side of the body. Claimant has had difficulty in walking and using his arm since the attack.

Claimant has been at AVCF for the past ten years. He testified that he has received medical care during this period of time. He had no complaints concerning his care, except that he would like some additional physical therapy. He testified that he had not been denied access to or participation in any programs. He further testified that he had been employed for the entire time he had been at AVCF. His job is to clean the barbershop at AVCF.

On cross-examination, Claimant testified that he is not in a wheelchair and is able to walk more than one hundred yards without stopping. He also testified that he is able to climb stairs with the assistance of a railing. He also indicated that the chow hall has been rearranged, and he was able to get his food without major difficulties.

## III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. Each will be taken separately.

1. Is the Claimant a disabled individual who is a member of the class? Claimant suffered a significant injury when he was stabbed in 1994. It is a close call as to whether he meets the initial question in light of his ability to walk and climb stairs. The Special Master was able to observe Claimant walking, and it is with difficulty. For purposes of this order, the Special Master finds that Claimant is disabled.

2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by CDOC? No evidence was presented that Claimant could not participate in work, outside exercise, or any program while in CDOC custody. No evidence was presented that Claimant was a security risk or that he had disciplinary problems that prevented him from participating in programs.

3. Was the Claimant discriminated against by CDOC because of his disability? The answer to this question is no. Claimant testified that he had not been denied access to any programs since his injury. He had received physical and speech therapy. He thought he could use more physical therapy. No evidence was presented that Claimant had suffered any action that was discriminatory due to his physical condition.

4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy? Claimant testified that he had suffered no harm as the result of any discriminatory action taken against him. As a result, he has suffered no damages and seeks no remedy that can be provided through the claim process. Claimant has acknowledged that he received physical therapy. He just would like to receive more.

Claimant received medical care for his injury, including physical therapy. The evidence is that Claimant received therapy due to his disability. Thus, he was not discriminated against in that regard. The ADA and Rehabilitation Act are not statutes that may be used to challenge the quantity and quality of medical care. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134 (10th Cir. 1995). There is no evidence that Claimant suffered any discrimination by CDOC or its staff that would violate these federal statutes.

IT IS HEREBY ORDERED that the claim of Robert Wieghard is denied, as he has not established each of the four criteria by a preponderance of the evidence.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 15, 2005.**

4

SIGNED this 20th day of June, 2005.

BY THE COURT:

_____
Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 20th day of June, 2005 to the following:

Mr. Robert Wieghard
#45728
AVCF
P.O. Box 1000
Crowley, CO 81034-1000

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____