In The United States District Court - District Of Colorado

Charles Ramos Jr. Claimant         Civil Action No 92-N-870 (OES)
Jesse Montez, et al                Claim No 03-104 Category
    -vs-
Bill Owens, et al

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 5 - 2005

GREGORY C. LANGHAM
CLERK

## Motion For Ruling Of Civil Contempt.

1. Now comes the Claimant Charles Ramos Jr., Pro Se and does hereby file a complaint against the above named defendants pursuant to fed Rul. Civ. Proc. Rule 26 (F.R.C.P. 26) and F.R.C.P. 37, and seeks judgement by this motion for a finding of civil contempt.

2. Claimant has made repeated attempts to secure evidence in the possession of defendants in good faith without bringing action against defendants but all attempts have gone unanswered well beyond the statutory limits of F.R.C.P. rules.

3. On 9 June 05 defendants did violate an order of Special Master Richard M. Borchers by refusing to allow Claimant more time to view his medical file and also by reducing that time to less than that other claimants are allowed which also violates equal protection.

4. These actions constitute a blatant act of civil Contempt for which defendants are liable under F.R.C.P. 37 (4)(A) and 37 (4)(b)(2-A&B)

5. Defendants are not shielded from the tenents of F.R.C.P. by any of those found in the Montez settlement agreement which specifically gives Claimant the right of discovery. Which is in turn governed by F.R.C.P by default of defendants failure to specify otherwise.

6. By defendants own actions whereby they attempted to endrun said settlement by raising issues of law outside of its tenents, they did open the door to all outside matters of law and cannot hide behind any real or imagined protections found in said settlement agreement, irreguardless of its scope, having done so.

7. Claimant hereby prays the Court shall enter a judgement of Civil Contempt against defendants/counsel for the reasons set forth in paragraphs 1 through 6 (one-six).

8. Pursuant to F.R.C.P. 37 Claimant seeks sanctions for attorneys fees and for punitive purposes. Whereas a Pro Se litigant is to be treated the same as an attorney and held to the same standards, etc, then the Pro Se has the same right to claim attorneys fees comparable to any other attorney(s) at Law.

9. Further, pursuant to F.R.C.P. 37 (4)(b)(2 A & B) Claimant seeks an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the party of the Claimant who obtained said order(s) And also an order refusing to allow the disobedient party (defendants) to support or oppose designated claims or defenses raised by those facts and prohibiting defendants from introducing them in evidence. Specifically Claimants medical records, disciplinary records, Chrons, COPD's, their witnesses who intend to testify as to the facts allegedly contained in said files, video or audio taped evidence, testimony of witnesses or any other facet of their defense, as is just and proper according to the statutes set forth herein.

10. Defendants are not shielded by the tenents of F.R.C.P. 26 (1)(E)(iii) from this action as the initial action, Montez v. Owens, was brought with counsel and the class retains said counsel through the firm of King and Griesen.

Sworn under penalty of perjury and, certified a copy of this motion was mailed to Jess Dance 1525 Sherman St 5th Floor, Denver, Co. 80203 on 4 July 05.

Respectfully Submitted,

*[signature]*
Claimant/Pro Se.