*Name of claimant:* <u>Jimmy Bulgier</u>
*Claim #* <u>02-488</u>
*<u>*1 (See note #1 at the end of this document.)</u>*

<u>Bulgier vs Kimbrel A: (Failure to provide reasonable SAFETY)</u>

1. Describe your vision problems:

*I* am legally blind from birth due to Retinal Linticular Fiberplasia (R.L.F.). There is no cure for R.L.F. My vision is less than 95% and depends on others to read typewritten and hand written text for me.

2. Describe how your vision disability affects your life in D.O.C.:

I *am not able to read print and depend on others to read for me. I use a white cane for mobility. I use Braille (Grade 2) as my PRIMAREY FORM of reading and writing.*

3. *IF you are claiming damages because for an accommodation (such as eye glasses, a cane, a porter, Braille or Large Print books, tape recorder, special assistance with classes, programs, or jobs, etc.) for your disability and were denied or you did not receive your accommodation in a timely manner, please describe (additional pages may be attached):*

In May 1993 I was housed at C.T.C.F. for **reasons of Safety** due to my severe blindness. In May of 1994 my case manager at that time (Lt. Jerry Kimbrel) had me moved to the Fremont Facility because he and I had personality conflicts. Lt. Kimbrel also did not get along with other blind inmate (such as Benny Padilla #82114 who is blind at C.T.C.F.). I had objected the move to Fremont Facility because I feared for my safety as a blind inmate. Lt. Kimbrel denied my request to remain at C.T.C.F. and said if I refused the move that he would send me to lock-up and most of my property (if not all of it) would not follow me to Fremont. I was moved the following day. While I was at Fremont Facility 4 unknown inmates, held down, a sock stuffed in my mouth and a foreign object was placed in to my penus to the point that something entered my bladder savagely attached me. I passed out due to the severe pain and after I came to I feared for my safety.

4. Describe the harm that you allege D.O.C. has caused you because of your disability. Please be specific and provide dates and names and attach any relevant documents (additional pages may be attached):

*I was in severe pain for several years. I had been requesting medical attention for several months. Medical attention was not provided until after I filed a grievance.*

5. *If your disability has become worse since your incarceration and you believe this has happened as a result of D.O.C.'s conduct, describe how your condition has worsened and what conduct by D.O.C. you believe caused this:*

Not applicable. *Blind from birth.*

\

6. *If you are claiming damages because you had been denied a job or participation in vocational or educational classes or any other program (such as recreational, chapel, dining or visiting privileges,*

*etc.) because of your disability, please describe in detail, explaining what and when you were denied, who made the denial, the facility at issue and any evidence supporting this claim:*

I was in severe pain for many months after the attack. Medical sent me to the Colorado State Hospital where they claimed the removed the foreign object. This was not true. No foreign object was removed and I was discharged from prison in August 17, 1997. I moved to Premont, Texas and lived with my Minister (Bert Perry) who took me to a medical doctor in Kingsville, Texas. That doctor never did perform surgery so I moved to Lipton, Texas in December 1997 where I lived with my parents temporarily. Doctor Keshmukh saw me at the Stevenville, Texas Medical Center. Doctor Deshmukh removed a piece of ink pen barrel (approximately 2&1/2 inches long) from my bladder in December 15, 1997. I requested this Court to Subpoena documents from doctor Deshmukh. I had been going through pain and suffering, frequent uncontrollable urination in my pants from May 1994 through December 15, 1997 when the foreign object was removed.

7. *Please list each and every grievance you have filed regarding the harm you are claiming, specifying the date of the grievance and a brief two or three sentence description of the complaint, and the D.O.C. response (attach copy of the grievances and responses if possible):*

(See grievance #95-092 (Step 1) dated May 16, 1995.) No Step 2 Grievance provided to Plaintiff by D.O.C

No grievance was filed against Lt. Jerry Kimbrel because I was moved so abruptly (the following day) and was attached at Fremont. I feared for my safety and did not feel safe in asking for assistance in writing a Step 1 Grievance against Lt. Jerry Kimbrel. However, a complaint and fear for my safety was filed with Gary Smalley (Regional Director over Mental Health) and he had me moved back to C.T.C.F.

8. *What remedy are you requesting? Please be specific (example, money, and Accommodation, etc.):*

Up to $100,000.00 for the first A.D.A. offense and up to $50,000.00 for each subsequent A.D.A. offense. (See 28 C.F.R. 35.19)) Awards to prevailing party.

_____
Claimant

Date: June 24, 2005

Jim Bulgier #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322

<u>NOTE #1:  Plaintiff Bulgier fully understands that Defendant Jerry Kimbrel is not directly responsible for the injuries received while he was housed at the Freemont Facility in 1994, nor is Officer Kimbrel responsible for the failure of the Colorado State Hospital to remove the plastic (foreign object) in side of his bladder at the Colorado State Hospital in 1996.  However, Officer Lt. Jerry Kimbrel did in fact fail to provide a safe housing environment to Plaintiff Bulgier by having him moved to a KNOWN more violent facility (Freemont) even after Plaintiff Bulgier objected and expressed his fears to Officer Kimbrel for his</u>

safety. 28 C.F.R. 35.135 "Safety" mandates a Government like D.O.C. to provide reasonable SAFETY for handicapped individuals like Plaintiff Bulgier who is blind. Officer Kimbrel failed to provide or consider Plaintiff Bulgier's safety and placed him in danger from violent inmates.

**ENCLOSURE:**

Medical documents from Dr. Avi Deshmukh, Stevenville Surgical Clinic (43 pages.)

.IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case #92-N-870
Montez vs Owens (et al)
Consolidated with: Case #96-N-343
Individual Damage Claim #02-488

---

### Request #1
### For Court Order for Defendants to release requested documents

COMES NOW, I Jimmy R. Bulgier (Plaintiff) acting Pro-se in this above civil action do hereby make this **FORTH WRITTEN REQUEST** for this Honorable Court to Order the Defendants (Colorado Dept. of Corrections (D.O.C.)) to release to the Plaintiff and U.S. Assistant Attorney General (James X. Quinn) the following documents:

- Any and ALL Medical documents from the Colorado State Hospital in Pueblo, Colorado pertaining to Plaintiff's bladder surgery in 1996. These records may be held with the C.T.C.F. files.
- Mental Health records from Gary Smalley (Regional Mental Health Director) at the Freemont Facility pertaining to Plaintiff Bulgier reported assault against him and his subsequent move back to C.T.C.F. in 1994.

Plaintiff Bulgier has made several written requests to the Defendants (all of which have been sent to this court) and Defendants have either refused or flat out failed to comply with Plaintiff Bulgier's request.

Plaintiff Bulgier has made several written requests to this court to obtain these documents. (See "Request for Order and Subpoena of documents in discovery" dated March 31, 2005; "Request for Order and Subpoena of Documents in Discovery" dated May 31, 2005) (*hereto attached*).

Plaintiff Bulgier respectfully requests this Honorable Court to ORDER the Defendants to make available three (3) copies of the above documents and send them to the following parties:

- This Court
- Plaintiff Bulgier (See address below).
- U.S. Assistant Attorney General (See address below).

Plaintiff:
Jim Bulgier TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322

U.S. Assistant Attorney General:
James X. Quinn
Assistant Attorney General
  Litigation Section
  1525 Sherman Street, 5th Floor
  Denver, Colorado 80203

Respectfully submitted on this 24th day of June, 2005.

Signature: _____
Jim Bulgier TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322

*Name of claimant:* <u>Jimmy Bulgier</u>
*Claim #* <u>02-488</u>
*#1 (See note #1 below.)*

*Bulgier vs Kimbrel (B): (Safety/ Denial of Medical Attention)*

1. *Describe your vision problems:*

   *I* am legally blind from birth due to Retinal Linticular Fiberplasia (R.L.F.). There is no cure for R.L.F. My vision is less than 95% and depends on others to read typewritten and hand written text for me.

2. Describe how your vision disability affects your life in D.O.C.:

   *I am not able to read print and depend on others to read for me. I use a white cane for mobility. I use Braille (Grade 2) as my PRIMAREY FORM of reading and writing.*

3. *IF you are claiming damages because for an accommodation (such as eye glasses, a cane, a porter, Braille or Large Print books, tape recorder, special assistance with classes, programs, or jobs, etc.) for your disability and were denied or you did not receive your accommodation in a timely manner, please describe (additional pages may be attached):*

   This Individual Damage Claim is in conjunction with the Individual Damage Claim form against Lt. Jerry Kimbrel & Major Nard Claar. For the purpose of demonstrating the <u>Deliberate Indifference</u> by Lt. Jerry Kimbrel upon the Plaintiff Bulgier.

   After Plaintiff Bulgiers' transfer from the Freemont Facility to C.T.C.F. in 1994 Plaintiff Bulgier was reassigned case managers from Lt. Jerry Kimbrel to Lt. Renee Murphey. In late 1996 or early 1997 (Plaintiff Bulgier cannot recall exact dates requires a Medical Records which he has previously requested) Plaintiff Bulgier was burned by inmate Doug Crawford who at the time was using a hot clothing iron. Plaintiff Bulgier received a second Degree burns with blistering. Plaintiff Bulgier reported the burn to the only available off8icer (Lt. Jerry Kimbrel) who was on duty at the time and requested Medical attention. Lt. Jerry Kimbrel asked Plaintiff Bulgier how he had received the burn. Plaintiff Bulgier reported an inmate caused the burn. Lt. Jerry Kimbrel then accused Plaintiff Bulgier of <u>inflicting the burn upon himself and attempted to write Plaintiff Bulgier a case for self-mutilation</u>. This false accusation further demonstrates Lt. Jerry Kimbrel's wanton Deliberate Indifference against Plaintif Bulgier. Plaintiff Bulgier notified other staff and requested to be seen by medical staff for treatment of the burn.

   The Physicians' Assistant (P.A.) and medical records reflect that it was <u>totally impossible for Plaintiff Bulgier to self inflict the burn upon his left hand based upon the direction and position of the burn</u> The C.T.C.F. Medical records and the statement of the Physicians' assistant will conclusively prove that Lt. Jerry Kimbrel was wrong in his false accusation and proves Lt. Jerry Kimbrel's Deliberate Indifference towards Plaintiff Bulgier.

4. *Describe the harm that you allege D.O.C. has caused you because of your disability. Please be specific and provide dates and names and attach any relevant documents (additional pages may be attached):*

Plaintiff had to indure several additional hours of pain and suffering due to Lt. Jerry Kimbrel's wanton dilerate indifference and refusal to send Plaintiff Bulgier to medical. Plaintiff Bulgier was not afforded medical attention in a reasonable amount of time

5. *If your disability has become worse since your incarceration and you believe this has happened as a result of D.O.C.'s conduct, describe how your condition has worsened and what conduct by D.O.C. you believe caused this:*

Not applicable. Blind from birth.

\

6. *If you are claiming damages because you had been denied a job or participation in vocational or educational classes or any other program (such as recreational, chapel, dining or visiting privileges, etc.) because of your disability, please describe in detail, explaining what and when you were denied, who made the denial, the facility at issue and any evidence supporting this claim:*

Denied Medical attention within a reasonable amount of time. This demonstrates Lt. Jerry Ikimbrel's wanton deliberate indifference as stated above in questions 3 & 4..

A.D.A. Title 2 and 28 C.F.R. 35.135 "SAFETY" requires a public entity like D.O.C. to employment whatever steps necessary to provide for the safety of its handicapped inmates. To provide inmates with a hot clothing iron in or near a common walkway without having such dangerous equipment in a secured area permits such inmates as Doug Crawford to reach out and burn inmates (handicapped or not) who are mearly walking by. This clearly is not a safe practice or procedure.

7. *Please list each and every grievance you have filed regarding the harm you are claiming, specifying the date of the grievance and a brief two or three sentence description of the complaint, and the D.O.C. response (attach copy of the grievances and responses if possible):*

Plaintiff requested Medical documents from C.T.C.F. from 1996 / 1997. Defendants have not provided Plaintiff Bulgier with requested documents or have refused to provide them.

No grievances was filed against Lt. Jerry Kimbrel because Plaintiff feared that Lt. Jerry Kimbrel would commit further retaliation against Plaintiff Bulgier and write him a case for "self mutilation". This demonstrates the intimidation which Lt. Jerry Kimbrel continued to use against Plaintiff Bulgier before and after his transfer from C.T.C.F. to Freemont and back to C.T.C.F

8. *What remedy are you requesting? Please be specific (example, money, and Accommodation, etc.):*

Up to $100,000.00 for the first A.D.A. offense and up to $50,000.00 for each subsequent A.D.A. offense. (See 28 C.F.R. 35.19)) Awards to prevailing party.

_____

*Claimant*

Date: *June 24, 2005*

*Jim Bulgier #902732*
*264 FM 3478 / Estelle Unit*
*Huntsville, Texas 77320-3322*

NOTE #1: Although this claim is not a direct violation of the A.D.A., it does demonstrate Officer Lt. Jerry Kimbrel's deliberate indifference to Plaintiff Bulgier's safety. (See 28 C.F.R. 35.135 "Safety".) This is in addition to the hereto-attached claim against officer Kimbrel and demonstrates Officer Kimbrel's failure to proved Plaintiff safety and medical attention when it was requested.

NOTE #2: Plaintiff Bulgier requested Medical documents from the Defendants and from this court. No documents have been provided to Plaintiff. Plaintiff requests this court to Order and Subpoena Medical documents from C.T.C.F. concerning the burns he received to his hand in 1997.