IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case #92-N-870
Montez vs Owens (et al)
Consolidated with: Case #96-N-343
Individual Damage Claim #02-488

---

### Request #2
### For Court Order for Defendants to release requested documents

COMES NOW, I Jimmy R. Bulgier (Plaintiff) acting Pro-se in this above civil action do hereby make this **FORTH WRITTEN REQUEST** for this Honorable Court to Order the Defendants (Colorado Dept. of Corrections (D.O.C.)) to release to the Plaintiff and U.S. Assistant Attorney General (James X. Quinn) the following documents:

- Medical documents from C.T.C.F. pertaining to Plaintiff Bulgier's burn to his hand in 1996 or 1997. Including hand drawn depiction by the doctor of the burn, the doctor's statement supporting that the nature of the burn is impossible to be self-inflicted and any other documents pertaining to this injury.

- Any reports or documentation from Cell House #7 staff at C.T.C.F. pertaining to this burn and injury. Plaintiff Bulgier has made several written requests to the Defendants (all of which have been sent to this court) and Defendants have either refused or flat out failed to comply with Plaintiff Bulgier's request.

Plaintiff Bulgier has made several written requests to this court to obtain these documents. (See "Request for Order and Subpoena of documents in discovery" dated March 31, 2005; "Request for Order and Subpoena of Documents in Discovery" dated May 31, 2005) (*hereto attached*).

Plaintiff Bulgier respectfully requests this Honorable Court to ORDER the Defendants to make available three (3) copies of the above documents and send them to the following parties:

- This Court
- Plaintiff Bulgier (See address below).
- U.S. Assistant Attorney General (See address below).

Plaintiff:
Jim Bulgier  TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas  77320-3322

U.S. Assistant Attorney General:
James X. Quinn
Assistant Attorney General
  Litigation Section
1525 Sherman Street, 5th Floor
Denver, Colorado  80203

Respectfully submitted on this 24th day of June, 2005.

Signature: _____

Jim Bulgier  TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas  77320-3322

Name of claimant: <u>Jimmy Bulgier</u>
Claim # <u>02-488</u>

*Bulgier vs Becky Rhomano & Glynett Smith (a): (Retalliation/Denial of Reasonable Accommodation)*

1. *Describe your vision problems:*

*I am legally blind from birth due to Retinal Linticular Fiberplasia (R.L.F.). There is no cure for R.L.F. My vision is less than 95% and depends on others to read typewritten and hand written text for me.*

2. Describe how your vision disability affects your life in D.O.C.:

*I am not able to read print and depend on others to read for me. I use a white cane for mobility. I use Braille (Grade 2) as my PRIMAREY FORM of reading and writing.*

3. *IF you are claiming damages because for an accommodation (such as eye glasses, a cane, a porter, Braille or Large Print books, tape recorder, special assistance with classes, programs, or jobs, etc.) for your disability and were denied or you did not receive your accommodation in a timely manner, please describe (additional pages may be attached):*

On September 14, 1996 and prior to date I filed complaints against Mental Health staff (Becky Rhomano and Glynett Smith) because they had enrolled me in a Mental Health program with the understanding to **all clients we were permitted "One unexcused absence" without being kicked out of the program.** When staff refused to read staff to inmate communications (such as appointment slip ("lay-ins"), I had to depend on any inmate I could find to read the communications to me. On the <u>**one and only day were I missed my first Mental Health appointment**</u> I had to depend on an inmate to read the appointment lay-in and this inmate had lied to me saying the slip said "Mental Health had been canceled **for that day. I later on learned that this was not true and Becky Rhomano and Glynett Smith then kicked me out of Mental Health. I appealed their ruling and they held a meeting** before the entire Mental Health Group and refused to readmit me to Mental Health.

4. Describe the harm that you allege D.O.C. has caused you because of your disability. Please be specific and provide dates and names and attach any relevant documents (additional pages may be attached):

I was kicked out of Mental Health permanently and this resulted in a loss of Good Time. Becky Rhomano and Glynett Smith were also in charge of **all handicapped employment at the Tab Plant where I was employed.** Becky Rhomano and Glynett Smith <u>**RETALIATED AGAINST ME** after I filed a complaint against them with the U.S. Dept. of Justice and with this court under the A.D.A.A. by demanding I be moved from the front of the Tab Plant to the back of the Tab Plant. This would have put me in danger in the event of a fire. I protested and was immediately fired from the Tab Plant. This resulted in an additional loss of Good Time. loss of Work Time credit and loss of pay.</u>

5. If your disability has become worse since your incarceration and you believe this has happened as a result of D.O.C.'s conduct, describe how your condition has worsened and what conduct by D.O.C. you believe caused this:

Not applicable. Blind from birth.

6. If you are claiming damages because you had been denied a job or participation in vocational or educational classes or any other program (such as recreational, chapel, dining or visiting privileges, etc.) because of your disability, please describe in detail, explaining what and when you were denied, who made the denial, the facility at issue and any evidence supporting this claim:

I was also refused to be provided with a person to assist me with reading "home work assignments" given out by Becky Rhomano and Glynett Smith. Their excuse was this was my responsibility and I was required to ask cell house staff to get someone to help me. Of, course cell house staff never would provide reader assistance and I informed Becky Rhomano and Glynett Smith of these facts. I was then labeled a troublemaker.

7. Please list each and every grievance you have filed regarding the harm you are claiming, specifying the date of the grievance and a brief two or three sentence description of the complaint, and the D.O.C. response (attach copy of the grievances and responses if possible):

(See Grievance #95-164 (Step 1) filed September 12, 1995. No Step 2 grievance was provided to Plaintiff by D.O.C.

(See affidavit from Kenneth Endsley (D.O.C. #) dated August 27, 2004 Inmate Kenneth Endsley is a witness and attended both Mental Health with me and worked at the Tab Plant with me.

8. What remedy are you requesting? Please be specific (example, money, and Accommodation, etc.):

Up to $100,000.00 for the first A.D.A. offense and up to $50,000.00 for each subsequent A.D.A. offense. (See 28 C.F.R. 35.19)) Awards to prevailing party.

_Jim A. Bulgier_
Claimant

Date: _June 24, 2005_

Jim Bulgier #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322