IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case #92-N-870
Montez vs Owens (et al)
Consolidated with: Case #96-N-343
Individual Damage Claim #02-488

Request #6
For Court Order for Defendants to release requested documents

COMES NOW, I Jimmy R. Bulgier (Plaintiff) acting Pro-se in this above civil action do hereby make this **FORTH** **WRITTEN REQUEST** for this Honorable Court to Order the Defendants (Colorado Dept. of Corrections (D.O.C.)) to release to the Plaintiff and U.S. Assistant Attorney General (James X. Quinn) the following documents:

- All inmate to Staff "Request for Inmate communications" between Plaintiff Bulgier and Captian Bill Reed, Lt. Renee Murphey and Lt. Jerry Kimbrel pertaining to Cell House #7 conditions, safety hazards, etc.

Plaintiff Bulgier respectfully requests this Honorable Court to ORDER the Defendants to make available three (3) copies of the above documents and send them to the following parties:

- This Court
- Plaintiff Bulgier (See address below).
- U.S. Assistant Attorney General (See address below).

Plaintiff:
Jim Bulgier TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322

U.S. Assistant Attorney General:
James X. Quinn
Assistant Attorney General
  Litigation Section
  1525 Sherman Street, 5th Floor
  Denver, Colorado 80203

Respectfully submitted on this 24th day of June, 2005.

Signature: _____
Jim Bulgier  TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas  77320-3322

*Name of claimant:* <u>Jimmy Bulgier</u>
*Claim #* <u>02-488</u>

*Bulgier vs C.T.C.F.:* (SAFTEY- REASONABLE ACCOMMANDATION)

1) *Describe your vision problems:*

I am legally blind from birth due to Retinal Linticular Fiberplasia (R.L.F.). There is no cure for R.L.F. My vision is less than 95% and depends on others to read typewritten and hand written text for me.

2) Describe how your vision disability affects your life in D.O.C.:

I am not able to read print and depend on others to read for me. I use a white cane for mobility. I use Braille (Grade 2) as my PRIMAREY FORM of reading and writing.

3) *IF you are claiming damages because for an accommodation (such as eye glasses, a cane, a porter, Braille or Large Print books, tape recorder, special assistance with classes, programs, or jobs, etc.) for your disability and were denied or you did not receive your accommodation in a timely manner, please describe (additional pages may be attached):*

This Individual Damage Claim is against all C.T.C.F. staff in general. This demonstrates the deliberate indifference among staff and the fact that they consider the safety of blind and handicapped inmates are of low priority.

For example; In early 1993 I was transferred from the Diagnostic Unit in Denver to the C.T.C.F. Unit without a White Cane for the safe mobility of blind inmates. On July 26, 1993 I filed a Step 1 Grievance against medical staff. I was housed in Cell House 3 at that time where there were objects sticking out of the walls that were sharp and dangerous to blind inmates. I had no choice but to use the assistance of sighted inmates who did not have proper training to guide blind inmates or even knew how to safely guide them around such safety hazards.

In late 1993 I was issued a walking Cane (the type intended for the support of people who have bad legs or bad feet and need physical support) and not the proper cane (a white cane intended for blind people). Due to the fact that a walking cane is much too short, this type of cane would not afford me enough length in order to detect hazards such as steps down or up. The American with Disability Act Architectural Guidelines (A.D.A.-A.G.)(See 28 C.F.R. part 36) provides for the length specifications of whites canes and the length of their reach must be approximately **sixty (60) inches**. A walking support cane is only approximately 30 (half the required length).

In February / March 1996 I was once again moved to Cell House 3 where the same safety hazards still existed several years later (from 1993). I once again expressed my complaints against these hazards in March 10, 1996 (See grievance #95/96-249 and Grievance #93-145 attached). Although I was shortly moved to Cell House 7 I should have never been moved back to Cell House 3 in the first place. From 1993 through 1997 the safety problems in Cell House 3 were never corrected. Parts of Cell House 3 were so bad

that the state "Red Flagged" cell House 3 and permitted C.T.C.F. to use it only for emergency purposes. The General Housing of inmates in such a dangerous location cannot be tolerated and cannot be permitted to continue (especially when handicapped inmates are involved).

I made other complaints concerning safety problems from windows protruding out in to the walkways, ice on sidewalks, sharp protruding objects mounted on the bars and walls to no hand railings protecting inmates (especially the blind) from falling in to an irrigation ditch without protective guard rails. All of my complaints via "Inmate to staff Communications" forms were ignored. The worst of these complaints were ignored until Attorney Paula Griesen filed complaints with this court.

4) Describe the harm that you allege D.O.C. has caused you because of your disability. Please be specific and provide dates and names and attach any relevant documents (additional pages may be attached):

a) Without the use of a White Cane, I was not able to detect hazardous objects in my path. By issuing me a Walking Cane instead of a White Cane (for blind people) the length was much too short and this made it very dangerous for me to detect stairs. Such safety hazards included mop buckets, brooms, mops, buckets of chemicals and inmates who would become very angry if and when a blind person ran in to them. I was without a proper (White Cane) from the time I arrived in D.R.D.C. (May 1993) when they took my personal white cane away from me) up until mid fall of 1993.

b) Cell house 3 was the most dangerous of all the cell houses at C.T.C.F. Due to protruding objects mounted on the walls and bars, this made it impossible for a blind person (with or without a White Cane) to detect such hazards. Running in to sharp objects mounted on the wall resulted in cuts and bruises. Staff would order me to depend on a sighted inmate (who was not trained to properly guide blind people) and they too would run me in to similar objects. Getting around in Cell House 5 was not much better. I

c) I now have permanent scars on my head as a result of such safety hazards through out the facility. Over ten years later the scars are still very visible.

5) *If your disability has become worse since your incarceration and you believe this has happened as a result of D.O.C.'s conduct, describe how your condition has worsened and what conduct by D.O.C. you believe caused this:*

Not applicable. Blind from birth.

6) *If you are claiming damages because you had been denied a job or participation in vocational or educational classes or any other program (such as recreational, chapel, dining or visiting privileges, etc.) because of your disability, please describe in detail, explaining what and when you were denied, who made the denial, the facility at issue and any evidence supporting this claim:*

I have received cuts on my head from windows protruding out in to the walk way. Such windows around the North side of the chow hall have windows which stick out and have sharp corners on them. I have run in to poles where workers have moved them in to the walkway paths in the wreck yard. Such injuries have been documented with medical. The worst one being the collision with the pole on the wreck yard where I

now have a double lined scar on my forehead which the first is approximately 1 & ½ inches long and the other line is approximately 2 inches ling. Medical would only apply a "butterfly bandage" and refused to use stitches as per my request. With stitches, my scarring would not be as long or as noticeable to this day. Medical documented this medical treatment in 1993 or 1994. My recall of exact dates is not too good and I have requested medical documentation in order to properly document the dates of these events.

7) *Please list each and every grievance you have filed regarding the harm you are claiming, specifying the date of the grievance and a brief two or three sentence description of the complaint, and the D.O.C. response (attach copy of the grievances and responses if possible):*

(See Grievance #93-145 (dated: July 26, 1993) (Step 1)and
(See Grievance #95/96-249 (dated: March 20, 1996)(Step 1)

**Response to Grievance:**
"You have received your cane, so this point is mute." (Grievance #93-145)
"Moved to cell house 7 on 3-29-96 per medical request. Grievance satisfied." (Grievance #95/96-249)
**My Response:** When medical documented that I had a cane, they did not specify **what type of cane**. Medical argued with me on this point for several additional months until I was able to convenes them that a **WALKING CANE** is not the proper type of cane for a blind person because it is too short to detect hazards such as stairs.

Prior to 1996 C.T.C.F. medical had already determined that cell house 3 was too unsafe for blind inmates. My requests to be moved to cell house 7 went ignored by Captain Reed and I was not moved until after I filed a grievance and medical over road Captain Reed. Captain Reed's actions constitutes deliberate indifference and cruel indifference towards the needs of the handicapped.

8) *What remedy are you requesting? Please be specific (example, money, and Accommodation, etc.):*
*Up to $100,000.00 for the first A.D.A. offense and up to $50,000.00 for each subsequent A.D.A. offense. (See 28 C.F.R. 35.19)) Awards to prevailing party.*

_____
Claimant

Date: June 24, 2005

Jim Bulgier #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas 77320-3322