IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case #92-N-870
Montez (et al) vs Owens (et al)
Consolidated with: Case #96-N-343
Individual Damage Claim #02-488

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 7 - 2005

GREGORY C. LANGHAM
CLERK

### INMATE DECLAIRATION
### From Kenneth Endsley

I, Kenneth Endsley (D.O.C. #74690 do hereby certify that the following statements are true and accurate and are made to the best of my ability. I, Kenneth Endsley do hereby certify that I am over the age of 21 years and am confident and fully able to appear before this Honorable Court if and when called upon to do so.

I make these statements of my own free will and am able to remember these facts from 10 years in the past to the best of my ability.

I was an inmate at the Territorial Correctional Facility (C.T/.C.F.) with Mr. Bulgier in the early 1990s. Mr. Bulgier and I was employed at the Tab Plant at the Territorial Correctional Facility (C.T.C.F.) in 1996. Mr. Bulgier is legally blind and was able to perform the job duties he was called upon to do.

Mr. Bulgier and I were also enrolled in the same Mental Health group. Becky Rhomano and Glynett Smith were in charge of the Mental Health Programs as well as the Handicapped employment at the Tab Plaint.

Mr. Bulgier was fully able to perform the job duties at the Tab Plant. In fact Becky Rhomano and Glynett Smith were amazed of how well Mr. Bulgier was able to adapt and come up with solutions to overcome his blindness and perform his work. I do recall that Mr. Bulgier had requested of Becky Rhomano and Glynett Smith to have a lamp installed over his work station so he could see the direction of the Tab which he was stuffing the envelopes with. Mr. Bulgier's request for a lamp was never provided.

Mr. Bulgier requested the lamp because some inmates would walk by and turn the Tab stickers up-side-down without his knowledge. There was some horse playing to relieve tension in the Tab Plant but only during the rest breaks or before work started or after it ended. It was not out of the ordinary for inmates to shoot the manager (Dave) with rubberbands. But staff knew this was only for fun and release of tension. We all (Mr. Bulgier included) performed our jobs as required and were frequently complemented by staff.

After Mr. Bulgier was terminated from the groups at Mental Health, Mr. Bulgier informed me that he had filed a Step 1 Grievance against Becky Rhomano and Glynett Smith. Mr. Bulgier said he also followed up with a complaint in U.S. District Court via his attorney for reasons of discrimination. After this I recall that Becky Rhomano and Glynett Smith called Mr. Bulgier in to the Tab Plant office. I could see through the windows that Mr. Bulgier was not pleased with the out come of this meeting. When Mr. Bulgier came out, he said that Becky rhomano and Glynett Smith had fired him and he then left the Tab Plant.

I later asked Mr. Bulgier what had happened and he replied that Becky Rhomano and Glynett Smith demanded that he relocate his work station from the front of the Tab Plant to the back corner. Mr. Bulgier refused for fear of his safety in the event of a fire. I agreed with Mr. Bulgier reasoning.

I strongly feel that Mr. Bulgier was retaliated against due to his filing a law suit against Becky Rhomano and Glynett Smith and not for horse playing as Becky Rhomano and Glynett Smith claimed on their response to Mr. Bulgier's grievance. If Mr. Bulgier was terminated for horse playing, then why wasn't the rest of the inmates fired for the same reasons?

I, Kenneth Endsley (D.O.C. #74690) do hereby certify that the forgoing statements are true and accurate and I fully understand that I am subject to Court sanctions under the penalty of law.

Respectfully submitted and signed on this 27th the day of August, 2004.

Signature: Kenneth Endsley

Kenneth Endsley D.O.C. #74690
Ft. Lyons Correctional Facility
30999 Country Road 15
P.O. Box 1000
Ft. Lyons, Colorado 81038