IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 92–cv–00870–EWN–OES
  [Consolidated for all purposes with Civil Action No. 96–cv–00343]


JESSE (JESUS) MONTEZ, *et al.,*

> Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

v.

BILL OWENS, *et al.,*

> Defendants.

---

## ORDER CONCERNING MISCELLANEOUS PENDING MATTERS

---

*Motion Filed by Lawrence William Fitzgerald to Alter or Amend Judgment (Docket No. 803)*

This motion relates to Claim Number 01–076. The special master first denied the claim

and then, ruling on a motion to reopen, noted that Mr. Fitzgerald could, if he wished, file a

separate action. It appears that the special master did not regard Mr. Fitzgerald as disabled.

Instead of filing a new civil action, Mr. Fitzgerald filed this motion to alter or amend the court's

judgment approving the Remedial Plan, so as to include Mr. Fitzgerald's claim in the Remedial

Plan. The court cannot do so. While Mr. Fitzgerald may have the right to bring a new action

asserting that prescribing Vioxx somehow violates the Eighth Amendment by exhibiting

deliberate indifference to his serious medical needs, there is nothing in his submissions which

demonstrates that he is a member of the settlement class or that his condition meets the legal

definition of a disability.  His motion (#803) is DENIED.

### *Motion to Extend Time Filed by H. Earl Moyer on Behalf of Duncan Leach (Docket No. 809)*

The motion requests that Mr. Moyer have until February 28, 2005 to file information

concerning the claim.  The date has obviously come and gone.  It is unclear whether the claim

was filed or whether there was an order on the motion.  The motion appears to be moot at this

point.  Therefore the motion (#809) is DENIED as moot.

### *Untitled Motion Filed by Larry L. Coffee Demanding That the Court Order Officials at Sterling Corrections Facility to Cease and Desist from Requiring Coffee to Surrender His Eyeglasses for a New Pair (Docket No. 829)*

The grievance asserted in this motion is not cognizable in these proceedings because Mr.

Coffee has not shown that he has a disability (as the law defines the term) or that he is a member

of the class.  His claim that the contretemps concerning eyeglasses somehow violates the

Remedial Plan is frivolous on its face.  Mr. Coffee's grievance is cognizable, if at all, in a

separate lawsuit.  The motion (#829) is DENIED.

### *Various Motions to Appoint Counsel Filed by David Ward (#826, part 1)Jimmy Bulgier (#856), Jim Riley (#862), Jose Luis Dole (#884)*

The only ongoing issues in this case relate to damages for class members.  The special

masters have devised a damages form which is simple and straightforward.  It is readily

understood by those not trained in the law and requests information of which a class member

seeking damages should have direct personal knowledge and experience.  When the parties

entered into the Remedial Plan, one of their evident purposes was to remove damages issues

from the formal court legal process and to simplify and expedite resolution of claims by special masters. The court does not believe that counsel is required. In fact, appointment of counsel for individual damage claimants would invite delay, produce inefficiency in the process, and undercut the process established by the Remedial Plan. The motions for appointment of counsel (## 856, 862, 884) are DENIED. With respect to the multi-part motion docketed as #826, part 1 of the motion (for appointment of counsel) is DENIED. Parts 2 and 3 (docketed as a motion to compel and a motion for order, respectively) are hereby REFERRED TO THE SPECIAL MASTERS FOR A RULING. The first un-docketed part of the motion, an objection to the class, settlement, is OVERRULED. The second un-docketed part of the motion, an emergency motion to stop proceedings, is DENIED.

### *Motion for Extension of Time (Docket No. 855)*

Although this motion relates to a pending motion (#811) for clarification of a matter concerning damages discovery, which is before Judge Kane under the provisions of the Remedial Plan, I will direct that it be DENIED as moot, since it is plainly so.

### *Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 883)*

The signature of the prisoner submitting this motion is wholly illegible, and there is no other identifying information. In any event, the motion makes no sense, because the case has always been one where plaintiffs have proceeded *in forma pauperis* under 28 U.S.C. § 1915. Therefore, the motion (#883) is DENIED.

*Motion for Ruling of Civil Contempt filed by Charles Ramos, Jr.  (Docket No.  960)*

Although this motion relates to a discovery issue on a damage claim pending before the special masters, the special masters do not have authority on their own to hold any defendant is civil contempt.  The court has reviewed the motion and concludes that the motion states nothing rising to the level of civil contempt.  The motion (#960) is DENIED.

*Motion of L.R. Moore for "Casey" Order (Docket No.  907)*

The court, having reviewed this motion, finds it frivolous and incomprehensible.  It (#907) is DENIED.

**IT IS SO ORDERED.**

Dated this  12  day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W.  NOTTINGHAM
United States District Judge