IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

**DEFENDANTS' RESPONSE / PARTIAL OBJECTION TO SECOND REPORT AND RECOMMENDATION OF SPECIAL MASTERS TO UNITED STATES DISTRICT COURT JUDGE EDWARD W. NOTTINGHAM AND SENIOR UNITED STATES DISTRICT JUDGE JOHN L. KANE**

Defendants, through the Colorado Attorney General respectfully submit the following Partial Objection to Second Report and Recommendation of the Special Masters.

1. The Special Masters, Richard M. Borchers and Bruce D. Pringle were agreed to by the parties to this case, specifically named in the Remedial Plan executed by the parties, and were appointed by the Court to resolve individual damage claims pursuant to the Remedial Plan approved by this Court on August 17, 2003.

2. The "Second Report and Recommendation of the Special Masters" filed with the Court on June 30, 2005, requests that two additional special masters from the Legal Resolution Center be appointed to handle individual damage claims pursuant to the Remedial Plan. Specifically, the Special Masters request the Richard C. Davidson and Donald E. Abram be appointed to resolve damage claims.

3. Defendants do not object to the appointment of Donald Abram serving as a special master in this case to resolve damage claims.

4. However, Defendants object to the appointment of Richard C. Davidson. The Law firm of Miller, Lane, Kilmer & Griesen was class counsel in this case from 1994 forward. It is believed that Richard Davidson was represented by this same law firm in litigation in Denver District Court. Accordingly, it is believed that Mr. Davidson had an attorney client relationship with Plaintiffs' counsel.

5. Fed. R. Civ. P. 53 provides: "A master must not have a relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455 unless the parties consent with the court's approval to appointment of a particular person after disclosure of any potential grounds for disqualification." 28 U.S.C. § 455 dictates that: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455.

6. Based upon the prior relationship between Mr. Davidson and Class Counsel, Defendants request that the Court deny appointment of Richard Davidson as a special master, or at the very least, require disclosure of all facts surrounding his relationship with class counsel, including the law firm of Miller, Lane, Kilmer & Griesen, so that Defendants can appropriately evaluate the request for appointment.

2

JOHN W. SUTHERS
Attorney General

s/ James X. Quinn
JAMES X. QUINN, 21729*
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorney for Defendants
*Counsel of Record

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4307
FAX: (303) 866-5443

CERTIFICATE OF SERVICE

I certify that on July 27th 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Paula Greisen, Esq. | Honorable Richard M. Borchers |
| David Miller, Esq. | dborchers@legalres.com |
| DavidMiller@KingGreisen.com | Legal Resolution Center |
| Counsel for the Class | 707 Zenobia Street |
| King & Greisen, LLP | Westminister, Colorado 80030 |
| 1670 York Street | |
| Denver, CO  80206 | |

s/ Michelle DeVivo

cc:  Cathie Holst (Via U.S. Mail)

3