In the U.S. District Court
for - Colorado
Case No 92 N 870
Montez vs Owens

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 4 - 2005

GREGORY C. LANGHAM
CLERK

Claimant 03030
L R Moore 47702
Box 777 CSP E 3 U
Cañon City

OBJECTION & CORRECTION
per Rule 12, FRCP

Claimant objects to Special
Master's Final Order as being
almost entirely based on
facts invented by Master
He asks that the Order be
scrapped in entirety and
rewritten without inventing
facts. He will be glad to
help the Master do this an
a draft that would then
be sent to Mousches, the
Defense Attorney.
He also objects to being
granted only a trivial claim
he did not make but only
stated as background one
that he is sure Montez made
likewise altho Montez, H2
awarded much more. H2

actual claims are much more
significant and separate, other
than possibly against PHIL
Davis at LCF, or LCF,
where Montez filed, was, at
time of filing, much less
discriminatory against
cripples than most of Colo
DOC as Claimant soon found
out after leaving LCF. He
already knew Colo DOC could
be nasty, just not how
nasty. In fact, as he
testified, he opposed suing
at LCF despite some
indefensible administrative
act. APA acts, including
that which he was is now
erroneously compensated for,
compensated so as to insult
him and tell him the Master
dances to the tune of
defendants to tell, that this
token is merely to confuse
objections.
He feared such a result. He also
feared it would result in Cathie
Holst types making careers out
of covering up staff violations.

-2-

He had previously had her
scheduled for a contempt
hearing for refusing to follow
court ordered law-library
access in a case in which
he was defending himself. It
was brought by her employer.
Instead of allowing the
hearing Colo Doc drop acted
that the case against me
be dropped, thus mooting
contempt as I no longer needed
court ordered access. And the
COPD case was to be expunged
yet Moracher brought it
up at the hearing. I do
not know what part of
expunged he does not
understand. I do know what
part Holst does not — all.
The Master complains that Moore
went off into background too much
yet cannot refrain himself from
repeatedly doing so. And then
ignores most of the actual
claims Moore made, in favor
of harping on backgrounds
which the Master, in foot notes,
then suggests is irrelevant.

— 3 —

Claimant does not agree.
What should be irrelevent is
the current Final Order. From
page 3 on, it is so full of
factual errors and deceptions
that almost every sentence requires
rewriting. He notes only a few
of these using p for page and
l for line. ~~the~~

p 3 l 1, 2, 25, 26. Defendant's
medical experts, at CSH, have
gone over this ground before
and told Warden who then asked,
that he should consider Claimant
to be legless. Yet this cancel
of ~~~~ Claimant walking
keeps reappearing to harm
him. The Master's clear duty
is to end such perjury
as testified to by Camper
at hearing. Stop encouraging
officials to lie under oath.
Yet the Master refused
to do so.

Apparently he considers
~~~~ official perjury "irrelevent",
a digression having nothing
to do with ADA. Like
wise the majority of the

—4—

claims made but not even
mentioned in Final order.
pg l 35. This was never
stated by Claimant, Rather he
was convicted of protecting
this barrier several times. That
is, he went around it on the
grass instead of walking over
it to thus the perjury bites
him again. These convictions
were NOT expunged altho
they should have been so
ordered by the Master.
And step ordered to be
removed at personal expense
of Tom Brittan who, as
Warden, personally had it
installed AFTER LCF
laid out without it. Likewise
Warden Furlong, who later
installed tennis court barrier
to deprive paras of access
they had enjoyed, & would
pay for that removal at
LCF and that step
removed by order of Special
Master. Both were mentioned
in same breath by Claimant,
yet only one mentioned by

— 5 —

Master. Unlike Montez, Moore played tennis at LCF. Perhaps this is reason for not mentioning tennis step.

Regardless to order trivial damages, without costs, to pro se claimant and without ordering removal of barriers, is a deliberate insult, proving bias of Master.

¶ 4 ¶ 8. Kansas cases should be irrelevant for the Master kept repeating, their is not a forum to raise deficiencies with COPD process — leave cases out. So Master should take his advice and delete all such references.

¶ 4 ¶ 14. Was NOT a kite but a Grievance done formally with copy to Supervisor. This Grievance demanded answer to how to get a new case manager, as Moore could not kite proceeded this. The Grievance were NEVER answered.

— 6 —

despite Steps 2 and 3 being ~~were~~ submitted to ~~— retired~~ to answer lower step. Instead Moore threed retaliation for so griev-ing, that of being shipped to CSP for demanding a "now". He did include the rhetorical question or exactly such. He was convicted in illegal absentia while at CCCF by a ~~————~~ hearing officer at AVCF. That is, there was not even a pretence of following CO PP which mandates a hearing. He was twice convicted, one for each copy of the Step I. These then used for Ad Seg hearing to CSP via CCCF (a holding Ad Seg as he was removed ~~the~~ day after he submitted Step 1). That is he should not be at CSP, that removing him would moot many of his claims. And no paras should be allowed at CSP.

-7-

p4 ¶.2⊕ Moore did not
bang on cell door with piece
of metal from any wheelchair
at the time of incident, much
less one ripped from a
weld on his. Nor did any
one say he did. This is
entirely invented by the
Master. He did object to
being charged $3.⁰⁰ for
taking a shower. And he
still does. This was called
"damage to state property"
removing removable
(non-welded but fixed on
with string or nearly so)
footrest ~~(te)~~ (right only)
as essential to remove to
clear shower bench — can't
get in without removing.
He later was charged $5.⁰⁰
for a shower and complained.
Both cases, the charge largely
due to being crippled.
    p4 ¶29 there was
nothing vague about being
pulled out of chair by hand
so so as to fall to floor
by C/o Lusk. Rather Master

— 8 —

refused Moore's request to
call Luck as a witness to
clear up any questions.
To refuse to call witness
then call testimony vague
is at best disingenuous.
FSL2. This is a lie
as no chair has been
ordered. The problem is that
one of staff corruption. They
refuse to replace worn
out parts so that they
can eventually claim chair
totally worn out, and
order new one, while taking
old one to themselves home
as, all it needs is a few
easy to install parts that
are expected to be replaced
in normal wear and tear,
except when corrupt
staff denies such exists.
N.B. they stole personal
wheelchair of Moore's upon
his arrival. This was
preferred to at hearing
Moore's claims of being
to refused to refusing to
walk were totally ignored

— 9 —

altho records proving they were admittedly available to the Master & Defendants refused them to Moore based on a confidentiality r. The Master refused to order these less (special controls, etc).

The Master ignored Moore's claim of refusal to treat bed sores and then triple billing him when treated. OT staff seizing bed sore bandages thus requiring retreatment thus triple billo. The Master ignored Moore's claim that CSP refused his requests for walking — i.e. using his hands to propel wheelchair out of cell. This is an ADA accommodation.

the Master ignored Moore's request to having equality with able bodies, disingenuously claiming this had not been raised except at CSP, ignoring that this inequality exists only

— 10 —

at CSP. Master does not
claim that this discrimination
does not exist. It does
exist and needs to be
addressed. It has lessened
as if word spread after
hearing. Before, twice a
month was standard for
allowing crippled to shave
versus ~~five~~ five times a
week for others. Now it
seem it may be equalizing
but NOT due to Master.
The Master totally
ignored claims that 20/400
uncorrected is a visual
disability discriminated against
by CSP which long refused
to replace wrong acquired
glasses, even tho claimant
paid CSP for replacement.
Again this due to corruption.
When finally replaced, Claimant
double billed, the second bill
for viewing ~~Cathie~~ Flores stated
aled sent row-itten release
copies. She has not. The
Master fails to mention

— 11 —

this. At least 4 copies needed.

The Master refused to address Claimants' accommodation of scripts or closed caption TV for requisite CSP courses as his hearing does not allow him to follow that or video courses' video tapes adequately. This resulted in him being penalized for not a hearing tapes, for not having a TV. The penalty (partially) is removal of TV. That is, if you don't have a TV you are penalized for not having a TV when CSP dislikes you for refusing to walk/hear/see, a cycle that can't be broken except by court order.

Jesse Montez had experienced similar at CTCF after having a stroke. After being sent to CCF as a "management problem" for refusing to walk well.

— 12 —

enough to please CTCF staff,
he got same BS from LCF
and eventually seized, using
step barrier as an
egregious example of LCF
administrative attitude.
The Master refuses to
address seizure of legal
mail then allows Morscher
to complain he did not
get seized legal mail.
What part of seized
legal mail Morscher
does not understand is
beyond Claimant.
Likewise Master
refuses to address seized
files that Defendants
admit were not returned.
And refuses to address
how having grievance
blanks disrupts tracking
of submitted (thus non
blank) grievances. Several
including Flokst stated
such did. Medina said
such did as reason to
seize ~~legal mail~~ and
destroy legal mail.

←13—

That is, again the Master encouraged witnesses to perjure.

Nor did Master state how Claimant could possibly be an actual security threat versus a "management problem" a la Jesse Montez, that is, a cripple who sues etc, including such physical protests at running around barrier to get to chow hall. CSP is not to "management problem" but to actual security threats as noted whenever staff assaulted at some other Colo DOC prison. That is Colo DOC claims it lacks room at CSP to hold such yet insists on so holding Claimants and likely some other cripples (it refuses to allow cripples to contact each other at CSP so as to coo-dinate claims).

Until and unless Master

-14-

shown how Claimant is a security threat versus "a management problem" - the latter is NOT an official reason for ~~his~~ CSP housing, the former is - this must be irrelevant as all cripples pose management problems, especially when they sue.

Rather Master must address the security issue and make his findings based on it. Must state why he feels Moore will smuggle in a gun to shoot a cage manager or a scaling ~~ladder~~ rope and grapnel to escape with, etc.

As Moore pointed out, if grievance system worked, there'd not be the suit hearings, yet Master refused to address how Holst admittedly sabotaged ADA grievance system.

— 15 —

As Moore repeatedly stated, it isn't the past that can be changed but the future. Yet Master refuses to address corrections of the past, not even ~~the~~ remaining the step.

The most glaring is ~~to~~ ban paras from CSP. Remove it as a retaliatory ~~threat~~ threat for grieving. Until this done, order that paras not be cuffed as long as seated in chairs. Only those not needing such seating (i.e. can walk a bit) can be cuffed, and then optional. Such cuffing is annoying and discriminatory as able bodieds allowed to self-propel although they can and have kicked staff while no para at CSP has ever assaulted staff. That is, treat paras on basis of functional equality, on basis of reasonable

—16—

accomodation rather than one size fits all.

Allow paras to use brooms in cells like porters do. Do not insist that they sween cells by using their bodies to roll on floors as human dust mops are currently done (another claim Master refused to address).

Do not force paras to urinate and defecate on themselves by denying accessable commodes or torture cell (a.k.a. "Observation cell"). Never deprive them of a mattress to lie on so as to relieve pressure points. Never strip them naked in cold cells. Never throw ice water on them. These are they have very poor circulation in paralyzed limbs thus need to keep them clothed and warm.

These are all common decency, common sense needs that COP, in its

one size fits all philosophy
doesn't any base for reasonable
accommodation for paraplegics.
All these the Master refused to
address.

The Master, with careful
reading of his Order versus hearing
testimony did address the Staff
theft of Claimants personal
titanium custom-made Quadra
wheelchair, one Angel Medina is
familiar with an Angel gave him
a locked drawer in the AUCF Gym
to maintain it (versus have tools
and time patches in cell house)
when Angel was AUCF Gym Lt.
Defendants did not dispute that
this was as described and was
stolen by staff, by Sgt McCall
of CGP Property. The Master
stated that since it seemed
McCall stole from all prisoners,
there was no discrimination
against a cripple in stealing
his chair. He repeats this in
his Final Order.

In Summary, the Master
has admitted he is less than
powerless to curb officials
— 18 —

perjuring openly to his face,
or of asking them to stop or
even reminding them of
their oath might result in
his being removed or Master.
He finds himself powerless
to request copy of the
logs they keep on Claimant
including those of "pain
compliance therapy", and
"observation", and "behavoral
management". Claimant
objected to the presence of
Cathie Holst due to her
history of perjury and contempt
this the Master ignored, saying
it was irrelevent, then falsely
claims he called her as a witness
even after granting his objection
to her being called. That is,
Claimant's objection to Holst
as witness and to Delay of
Hearing was granted by
Master, as delay was asked by
defense on basis that Holst would
not be available and was an
essential defense witness.
The Master said he was
powerless to effect the
— 19 —

cessation of needless and egregious ongoing ADA violations, That all he could do was order trivial damages for minor uncontested ones occuring long ago, that he was powerless to order any real relief or compliance with ADA.

The Master basicly said he was in the case to make it disappear while collecting a premium paycheck, much Army Investigators at Abu Gharib before the pictures were published. Like them, he blamed the victim as it such somehow corrected the abuse.

It would have been less biased against victim/claimant if Defense had written Order as a draft to victim addressing all points with victim allowed to add any Defense ignored, thus ensuring nearly full coverage by Defense. Defense can be expected to attack ad hominem, per the old law school

saw " a when facts are against you and so is law, blame the victim attack his character". A Master should be above such.

By "addressing all points in draft with full communication to Claimant, such ~~items~~ facts as refusal to return legal files won't be lied about as then was by Dance (another Defense attorney) who wrote that Claimant had files back as if writing it meant it occurred. Dance admits files seized.

Likewise the fantasy wheelchair which has not arrived and is not expected. And the promised limited medical records release. ~~Instead of~~

The Master should have stuck to the facts instead of writing his own fantasies against Claimant, should not have taken attitude that facts versus fantasy ~~is~~ is irrelevant ~~as~~ in his decision

— 21 —

would be the same. Claimant does not dispute that bias renders one immune to facts thus facts versus fantasy becomes irrelevant, only that such bias ill suits our Master.

# THEREFORE,

Claimant respectfully requests the final order be trashed in its entirety for being unfactual and for entirely failing to address any of Claimant's immediate and real claims as herein. Further, Claimant requests that any redacted order eliminate blaming victim for abuser.

Respectfully submitted this 2 August 2005 by Claimant pro se

L R Moore

— 22 —