Addendum To Objection

Claimant adds these documents in support of his Objection

Disposition Case No. 240179
Typical excuse for a write up:
~~O'need~~. O defense allowed as stated in first paragraph of Findings of Fact. Witnesses and Rep were requested in writing, ~~thus~~ on the Notice, thus this ~~C~~ statement typical staff perjury.

Notice Case No. 220665
What is vague here? This is Lucky's own words. He of course omits ~~part~~ reason he pulled on cuffs so hard that Moore was pulled forward out of wheelchair.

Disposition of Case No 230721
Representation denied (Beard refused to rep). Later Bell denied he ever so testified on verbal abuse. Submitted as proof that staff deliberately seizes pens so as to disrupt writings.

Addendum page 2

Case No. 240396
Submitted as proof of troubles in getting Grievance forms. No shakedown followed. #240179 pink a

Case No. 240178 Appeal Response Submitted as proof that refusal to give DOB is insufficient to cause removal from hearing yet has been repeatedly used and upheld by Burbank, who again stated not needed at Montez Hearing, but then turns around and again upholds removal for "non cooperation". As there was no hearing, #5 and #6 are lies.

Disposition Case No. 220665 Proof that Moore replied that reason he fell down when Husk pulled him off chair was "gravity", that is, hearing officer rejected gravity as reason for falling to floor.

Addendum p. 3

Appeal No. 240179 Proof that no effort made to recover appeal form in Notice 240396. And proof that noncooperation solely on POB officer to ensure no hearing will be allowed, altho Burbank admits that POB unneeded for identification, that POB is a gratuitous demand of submission by Hearing Officer, having no other purpose as he refuses to give his at hearings.

Disposition 240178 Proof that staff never claimed he was banging on his cell door with foot rests, that this is product of Masters bias.

Incident Report
These are hard to get copy of as usually they are classed as "confidential", needlessly so. Submitted to show form and also that what occurred with Lusk far from vague.

# STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
### NOTICE OF CHARGE(S)

DC Form 150-1A
(Revised 10/95)

FACILITY: CSP        CASE NO. 240396

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|
| CURRENT HOUSING UNIT | E3-11 | CURRENT SECURITY DESIGNATION | Ad Seg |

**2. ALLEGED CHARGES**  Date 11-05-04  Time 15:30  Location E3-11

| Class | Rule | Specific Charge (Code of Penal Discipline) Use extra sheets if necessary |
|---|---|---|
| II | 25 | Disobeying a Lawful Order |

**3. SUMMARY** (Factual Reporting, including who, what, when, where, and how).

On November 5, 2004, at approximately 15:30, I went to cell E3-11 assigned to Moore, Lewis #47702 to serve him two COPD appeal forms. I laid the first appeal #240179 on the trayslot. Moore grabbed the appeal and began demanding that I give him grievance forms. I explained to Moore that I had not brought any grievances with me, that all I had was tow appeals for him to sign. Moore told me that he was not going to sign and return the appeal. I then gave Moore a direct order to return the appeal. Moore refused and then went and put the appeal on his desk and refused to respond to me. I informed pod staff of the incident and requested that they shake down Moore and try to retrieve the appeal.

**4. CONTRABAND:** (Description and disposition. Also including same type information as required in number 3 if not listed.)

**5. NAMES OF WITNESSES TO VIOLATION:** (Including employees)

I certify that aforementioned charges and summary are true and correct to my knowledge. The date of my signature reflects the discovery date of the violation.

S/ _____  Initiating Employee  Lt. A. DeFusco  Date

S/ _____  Reviewing Supervisor  Lt. K. Cooper  Date

**6. INVESTIGATIONS/PHARMACY REPORT** (when required)  Date _____  Comment(s) _____

Signature _____

**7. Hearing Schedule:** This case is scheduled for: 11-17-04 Wed.  at approx. 10:30a.m.

Formal Hearing  x    Informal Conference  ☐

**8. SERVING EMPLOYEE:** You are hereby served with a copy of alleged charges this 15 day of November 20 04 at 1230 (am/pm). If you desire witnesses, in accordance with the Code of Penal Discipline, please notify the Reviewing Supervisor as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a continuance.

Signature _____  Date 11-15-04

**9.** I do ✓  do not ☐  desire an inmate representative. Name of representative _____

**INMATE ACKNOWLEDGMENT.** I acknowledge receipt of a copy of the Notice of Charge.

Signature _____  Date _____

20046    Distribution:  WHITE-Department File    CANARY-Working File    PINK-Superintendent/Director    GOLD-Inmate

# STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
### NOTICE OF CHARGE(S)

DC Form 150-1A
(Revised 10-95)

FACILITY: CSP            CASE NO. 220665

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|
| CURRENT HOUSING UNIT | C7-11 | CURRENT SECURITY DESIGNATION | Ad Seg |

**2. ALLEGED CHARGES**   Date 04-20-03   Time 12:55   Location C7-11

| Class | Rule | Specific Charge (Code of Penal Discipline) Use extra sheets if necessary |
|---|---|---|
| II | 16 | Advocating or Creating Facility Disruption |

**3. SUMMARY** (Factual Reporting, including who, what, when, where, and how).

On April 20, 2003, at approximately 12:55, CO's Miller, Keeler, and I, were going to do a shakedown on inmate Moore, Lewis #47702 in cell C7-11. While placing the cuffs on Moore, he started to pull the cuffs into his cell. I then tried to gain control of the cuffs and then let go. I then gave the order to open the cell door. After the door was opened, the inmate was sitting on the floor by the door. He was then placed on his stomach in the dayhall, where we attempted to cuff him behind his back. Moore was being resistive by not following verbal direction to place his hands behind his back to be cuffed. Inmate was placed on a gurney and seen by Medical. He was then taken to Intake to be placed on Special Controls. The Lieutenant and Shift Commander were notified.

**4. CONTRABAND:** (Description and disposition. Also including same type information as required in number 3 if not listed.)

**5. NAMES OF WITNESSES TO VIOLATION:** (Including employees)

J. Lusk, Sgt Maior and requested as witnesses.

I certify that aforementioned charges and summary are true and correct to my knowledge. The date of my signature reflects the discovery date of the violation.

S/ _____ 4-23-03
Initiating Employee   CO J. Lusk   Date

S/ _____
Reviewing Supervisor   Lt. A. DeFusco   Date

**6. INVESTIGATIONS/PHARMACY REPORT** (when required)   Date _____
Signature _____   Comment(s) _____

**7. Hearing Schedule:** This case is scheduled for: 04-28-03 Mon.  at approx. 9:30a.m.
Date                              Time

Formal Hearing   x     Informal Conference   ☐

**8. SERVING EMPLOYEE:** You are hereby served with a copy of alleged charges this ___ day of _____ 20 __ at ___ (am)/(pm). If you desire witnesses, in accordance with the Code of Penal Discipline, please notify the Reviewing Supervisor as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a continuance.

Signature _____   Date 4-23-03

**9.** I do ☒   do not ☐   desire an inmate representative. Name of representative C/M Miller only

**INMATE ACKNOWLEDGMENT.** I acknowledge receipt of a copy of the Notice of Charge.
Signature _____   Date 4/23/03

20046   Distribution:   WHITE-Department File   CANARY-Working File   PINK-Superintendent/Director   GOLD-Inmate

## STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
## INMATE APPEAL FORM

Case No.   240178

MOORE, Lewis
D.O.C. No.  47702

    1.)   You are required to provide your Name, DOC Number, and birthday, in order to help verify that you are the right person. This has nothing to do with due process or your right to remain silent. There is nothing in this procedure that would be incriminating. Silence is not disruptive, but in this case, it is being uncooperative.

    2.)   Your behavior resulted in you being placed on Special Controls. Even so, it is your responsibility to maintain control of the Notice of Charge(s). It was in your possession when it was served on you.

    3.)   The Notice of Charge(s) was reviewed and approved by the Disciplinary Officer, Lt. Cooper, who is the Reviewing Supervisor.

    4.)   I have no idea what you are stating or asking here.
    5.)   You did not request a representative at the Hearing.
    6.)   You did not request witnesses at the Hearing.
    7.)   A preponderance of evidence was presented at the Hearing.
    8.)   No need for a re-hearing.

My decision is to uphold the Hearing Officer's decision.

By: _____   Date: 11/5/04
      Administrative Head

D. Burbank

## COLORADO STATE PENITENTIARY
## INFORMATIVE/INCIDENT REPORT FORM

DATE: 04/20/03    TIME: APPROX 1255    SPECIFIC LOCATION: C7-11

EMPLOYEE'S NAME: C/O EILEEN MILLER    EMPLOYEE'S WORK UNIT: C POD
(Print)

TYPE OF INCIDENT: _____

INMATE'S NAME: MOORE, LEWIS    DOC #: 47702    CELL ASSIGN: C7-11

Details of Incident/Information: (Who, What, When, Where, Why, How)

ON 04/20/03 AT APPROX 1255 I C/O E MILLER AND C/O'S KEELER AND LUSK WERE AT INMATE MOORE, LEWIS' #47702 CELL DOOR (C7-11) TO DO A CELL SHAKEDOWN. I/M MOORE CAME TO THE DOOR TO CUFF UP. C/O LUSK PUT THE RESTRAINTS ON I/M MOORE AND AT THAT TIME I SAW I/M MOORE PULLING THE CUFFS INTO THE CELL AND C/O LUSK WAS STILL HOLDING ON TO THE CUFFS. C/O LUSK, KEELER AND I GAVE LOUD VERBAL COMMANDS FOR I/M MOORE TO STOP RESISTING. I/M MOORE CONTINUED TO PULL ON THE CUFFS. C/O LUSK THEN GAVE THE ORDER FOR THE CONTROL CENTER TO OPEN THE CELL DOOR. I/M MOORE WAS STILL PULLING THE CUFFS AND RESISTING STAFFS ORDERS TO STOP. C/O'S LUSK, KEELER AND I PLACED I/M MOORE ON THE GROUND AND RESTRAINED HIM. I/M MOORE WAS STILL RESISTING STAFF. I/M MOORE WAS THEN PLACED ON THE MEDICAL GURNEY AND ESCORTED TO INTAKE AND PLACED ON SPECIAL CONTROLS.

(Use other side)

I certify that aforementioned incident and summary are true and correct to my knowledge.

EMiller                                          4/20/03
EMPLOYEE SIGNATURE                               DATE

[ ] Level Reduced  1  2  SC  BMP     [ ] TV CONFISCATED 3 days max    DISCIPLINARY CHARGES:  [ ] Yes  [ ] No

Temporary Suspension of Privileges (Maximum 7 days):   [ ] Library   [ ] Recreation   [ ] Phone   [ ] Day hall

Review and investigation of possible COPD violation(s) started by: _____
                                                                    Reviewing Supervisor's Signature    Date

                                                                                        4/20/03
SHIFT COMMANDER                                                     DATE

CSP Form 100-7.1A

Distribution:  Warden
               Programs Manager
               Housing Supervisor
               Case Manager

33703 (12/98)

# STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
### DISPOSITION OF CHARGE(S)

DC Form 150-1B (Revised 10/95)

Formal Hearing   X
Informal Conference   ☐

FACILITY: CSP

CASE NO. 220665

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|
| CURRENT HOUSING UNIT | C7-11 | CURRENT SECURITY DESIGNATION | Ad Seg |

**FINDINGS OF FACT:** (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

| CHARGE: | | | PLEA: | FINDINGS: |
|---|---|---|---|---|
| II | 16 | Advocating or Creating Facility Disruption | NG | G |

Inmate indicated that he understood his rights and desired to proceed with the hearing. Inmate Moore 47702 proceeded without representation or witnesses.

**FINDINGS OF FACT:**

The written report of Officer J. Lusk states that while placing cuffs on Moore 47702 he started to pull the cuffs into his cell. The cuffs were let go and the door was opened. Moore 47702 was sitting on the floor, he was placed on his stomach and the inmate resisted orders to cuff him behind the back. He was placed on a gurney, seen by medical and placed on Special Controls.

Moore's 47702 primary defense was gravity. He was dismissed from the hearing for failing to follow directives.

The evidence of the written report is more convincing that Moore's 47702 conduct disrupted the operation of the Unit.

**PRESENT AT HEARING:** Lt. A. DeFusco, Acting Disciplinary Officer, Escort Officers Keeler and Hansen, inmate Moore 47702.

**SANCTIONS BASED ON:** Institutional behavior.

**SUMMARY OF PENALTIES:**

II-16   45 days Loss of Privileges (TV, CIPS, Canteen, Pass, Rec.) begins 5-1-03, ends 6-15-03.

S/ _[signature]_ 5-2-03
Chairperson   Dan Schlesinger   Date

| DATE OF HEARING | 05-01-03 | TIME OF HEARING | approx. 9:15a.m. | LOCATION OF HEARING | CSP |
|---|---|---|---|---|---|

| COMMITTEE MEMBERS PRESENT | Dan Schlesinger, Hearing Officer | | 085A |
|---|---|---|---|

**SUPERINTENDENT/DIRECTOR REVIEW:** (Not required for Informal)

☑ AFFIRM   ☐ MODIFY   ☐ REVERSE

COMMENTS:

S/ _[signature]_   _[date]_
Administrative Head or Designee   Date

Inmate Acknowledgment: I acknowledge receipt of a copy of this disposition of charge.

Name _[signature]_   Signature L R Moore

Date

20048(9/97)   Distribution:   WHITE-Department File   CANARY-Working File   PINK-Superintendent/Director   GOLD-Inmate

STATE OF COLORADO
DEPARTMENT OF CORRECTIONS
DISPOSITION OF CHARGE(S)

DC Form 150-1B
(Revised 10/95)

Formal Hearing **X**
Informal Conference ☐

FACILITY: CSP

CASE NO. 230721

1. INMATE NAME: MOORE, Lewis
DOC NUMBER: 47702

CURRENT HOUSING UNIT: E3-11
CURRENT SECURITY DESIGNATION: Ad Seg

**FINDINGS OF FACT:** (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

| CHARGE: | | | PLEA: | FINDINGS: |
|---|---|---|---|---|
| II | 05 | Fraud | NG | G |
| II | 27 | Verbal Abuse | NG | G |

Inmate indicated that he understood his rights and desired to proceed with the hearing. Inmate Moore 47702 did request representation and witnesses.

**FINDINGS OF FACT:**

Staff performed a shakedown of inmate Moore's cell. The items taken were listed on a shakedown slip. After the shakedown, Moore called the Control stating staff had taken more than four pens. CO Bell went to Moore's cell to talk to him. Moore started yelling, you fuckers took my letters, envelopes and more than you said you did. CO Bell showed Moore the white copy of the shakedown list. Moore started yelling " See, see, you fucker wrote it on mine." Moore had written additional items on the yellow copy (carbon) of the shakedown list. A copy of the altered shakedown list was presented at the hearing as evidence. Moore did alter anything (shakedown list) with attempt to impair its authenticity and to present anything (shakedown list ) with intent to deceive. Therefore he was found Guilty of Fraud.
When CO Bell went to his cell, Moore said to him You fucker took my letters , You motherfuckers took my envelopes. By making these statements to CO Bell, Moore did subject him to abusive/offensive language. Therefore Moore was found Guilty of Verbal Abuse.
CO Bell was called as a witness in this case. His testimony verified his written report. Moore requested Dr. Hubbell as a witness, he was unable to be contacted, however he was not part of nor did he witness this case. An offer of proof was taken for testimony from inmate Button who would say that Moore doesn't use the word motherfucker. Moore requested CM Clementi as a witness, she was denied as she did not witness nor was she part of this case. Moore requested CO Mankel, who was in the control center, as a witness. He was denied as he was not part of the shakedown and he was not present at the cell with CO Bell. Moore requested Sgt. Sims as a witness. The reason given by Moore for Sgt. Sims' testimony was that "perhaps it would be different" from CO Bell's testimony. This was not a valid reason to call a witness. Moore gave no indication as to what Sgt. Sims would testify to.
The Hearing Officer believed that Sgt. Sims' testimony would be repetitive to CO Bell's testimony. Therefore Sgt. Sims was denied as a witness.

**PRESENT AT HEARING:** Lt. K. Cooper, Disciplinary Officer, Escort Officers Martinez and Mestas, rep. CM Beard, witness Officer Bell, inmate Moore 47702.

**SANCTIONS BASED ON:** Recommendation of Disciplinary Officer and aggravating factor of incident.

**SUMMARY OF PENALTIES:**

II-05  30 days Loss of Privileges (TV, CIPS, Canteen, Pass. Rec.) begins 5-26-04, ends 6-25-04
II-27  30 days LOP CONCURRENT

S/ _[signature]_   _[date]_
Chairperson   William Richter   Date

| DATE OF HEARING | 05-26-04 | TIME OF HEARING | approx. 9:45a.m. | LOCATION OF HEARING | CSP |

COMMITTEE MEMBERS PRESENT: William Richter, Hearing Officer   110A/B

**SUPERINTENDENT/DIRECTOR REVIEW:** (Not required for Informal)

☐ AFFIRM       ☐ MODIFY       ☐ REVERSE

COMMENTS:
S/ _[signature]_
Administrative Head or Designee   Date

Inmate Acknowledgment: I acknowledge receipt of a copy of this disposition of charge.

Name _[signature]_   Signature _[signature]_
Date

20048(9/97)   Distribution:   WHITE-Department File   CANARY-Working File   PINK-Superintendent/Director   GOLD-Inmate

| | | |
|---|---|---|
| STATE OF COLORADO<br>DEPARTMENT OF CORRECTIONS<br>DISPOSITION OF CHARGE(S) | | DC Form 150-1B<br>(Revised 10/95) |

Formal Hearing   X

Informal Conference   ☐

FACILITY: CSP    CASE NO. 240179

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|
| CURRENT HOUSING UNIT | E3-11 | CURRENT SECURITY DESIGNATION | Ad Seg |

**FINDINGS OF FACT:** (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

| **CHARGE:** | | | **PLEA:** | **FINDINGS:** |
|---|---|---|---|---|
| II | 16 | Advocating or Creating Facility Disruption | NG | G |

Inmate indicated that he understood his rights and desired to proceed with the hearing. Inmate Moore 47702 did not request representation or witnesses.

**FINDINGS OF FACT:**

Inmate Moore was warned that by refusing to give his DOB as required by the hearing format and arguing about his rights, he would be removed from the hearing. When asked to give his DOB again, Moore refused and started to argue about his rights. He was then removed from the hearing and it was continued in his absence.

All available staff were called to E pod by Master Control. The Shift Commander responded to Moore's cell and saw that Moore, who was in the wheelchair, had the shower cord tied around his neck. Moore was ordered to remove the shower cord from his neck, he complied. Moore was cuffed up and taken to Intake. He was then strip searched and placed in an observation cell. Moore's behavior and actions caused by his behavior caused a disruption to living unit as well as facility operations. Therefore Moore was found Guilty of Advocating or Creating Facility Disruption.

Moore was removed at the beginning of the hearing, therefore no defense was offered.

**PRESENT AT HEARING:** Lt. K. Cooper; Disciplinary Officer, Escort Officers Mora and Martinez, inmate Moore 47702.

**SANCTIONS BASED ON:** Recommendation of Disciplinary Officer and aggravating factor of incident

**SUMMARY OF PENALTIES:**

II-16   60 days Loss of Privileges (TV, CIPS, Canteen, Pass. Rec.) begins 12-2-04, ends 1-31-05

S/ _[signature]_    9/30/04

Chairperson   William Richter   Date

| DATE OF HEARING | 09-29-04 | TIME OF HEARING | approx. 8:45a.m. | LOCATION OF HEARING | CSP |
|---|---|---|---|---|---|
| COMMITTEE MEMBERS PRESENT | William Richter, Hearing Officer | | | | 056A |

SUPERINTENDENT/DIRECTOR REVIEW: (Not required for Informal)

☑ AFFIRM    ☐ MODIFY    ☐ REVERSE

COMMENTS: _Copy delivered this not goes per hand_

_[signature]_    _[date]_

Administrative Head or Designee   Date

Inmate Acknowledgment: I acknowledge receipt of a copy of this disposition of charge.

Name _Moore, L_   Signature _DeFusco?_

_[date]_   10-6-04   Date

20048(9/97)   Distribution:   WHITE-Department File   CANARY-Working File   PINK-Superintendent/Director   GOLD-Inmate

179

**STATE OF COLORADO**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER APPEAL FORM**

DC FORM 150-1D (REVISED 02/97)

CASE NO. 240178

1. Offender Name: L R Moore
2. DOC No.: 47702
3. Current Facility: CSP
4. Facility Initiating Hearing: CSP
5. Type of Appeal: X Disciplinary ___ Classification
6. Date Hearing Held: NOT HELD   Scheduled 9/27/04

7. Basis of Appeal (check the boxes which apply) Please Print. Be brief-no additional attachments allowed.

Court Order Needed   YES ☒   NO ☐

☒ PROCEDURES NOT FOLLOWED: (State specifically what procedures were not followed)
☒ LACK OF SUBSTANTIAL EVIDENCE: (State specifically what substantial evidence was not present in this hearing) Ø evidence
☐ NEW EVIDENCE: (State specifically what new evidence exists to affect the decision)

There was Ø hearing, thus no evidence introduced and no witnesses allowed despite letter to K Cooper demanding Init. Officer (u) as I feared secret hearing due to Zukis on Special Controls — F.E. Charges needed to cover up time torture. Since Richter is extremely prejudiced to finding all guilty, I d/n await disposition to appeal + exhaust admin remedies. Since charges bu:s-obase no rehearing cure possible. Nor was I personally served Notice due to S.C. Hearings w/o Notice, held not held in reality — just the verdict announced in absentia grossly violated CDPD, thus only question is whether Court Order required to end this abuse, a yes/no question!

Do **NOT** attach additional page. Additional attachments may not be considered.

8. Offender Signature: L R Moore   Date: 9/29/04

**RECEIPT BY FACILITY**

Appeal Received by: P Bradley   Title: LT III   Date: 10-8-04

**HEARING DECISION** (Please type)

10. Conviction is: ☒ Upheld   ☐ Reversed   ☐ Modified   ☐ Remanded   Explanation: (Must Respond)

You were removed from the Hearing for refusing to cooperate when asked your Date of Birth. There were no witnesses because you did not request any at the Hearing. Prior experience suggests that when you refuse to cooperate, you are removed from the Hearing. You can't blame anyone but yourself when that happens. A Not Guilty plea was entered on your behalf. A preponderance of evidence was presented to suggest that you were guilty of the charge. My decision is to uphold the Hearing Officer's decision.

By: [signature]   Administrative Head   Date: 11/5/04

**RECEIPT BY OFFENDER**

11. Appeal Decision received by: L R Moore 47702   DOC# 47702   Date: 11/5/04

[additional signature] 11-5-04

20031 (R 7/99)   White - Department File   Canary - Working File   Pink - Time Computation   Gold - Offender

*[handwritten notations: "Copy of 57 a pre plainte" / "Rec'd 1 Aug 05"]*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-030
Category III
Claimant: L.R. Moore, #47702
Address of Claimant: CSP, P.O. Box 777, Canon City, CO 81215-0777

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on July 15, 2005. This hearing was held at the Colorado State Penitentiary (CSP) in Canon City, Colorado. Present were the following: L.R. Moore (Claimant) ; and Vincent Morscher, attorney for Defendants.

Claimant called the following witnesses at the hearing: Major Angel Medina; Cathie Holst; Lynn Erickson; Dennis Burbank; Sergeant Roberta Camper; and Claimant. Claimant offered into evidence Exhibit 1 which was accepted. Defendants presented the following witness: Cathie Holst. Defendants offered into evidence Exhibits A through D. All were admitted. Closing arguments were received from both sides. The claim then was taken under advisement.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (CDOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file claims seeking damages or a remedy available in court.

Section XXXII of the Settlement Agreement provides the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant has filed his claim and requested that the Special Master award monetary damages and other relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who

do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provided that all claims assigned to Category III were to receive a hearing. The hearing on this claim lasted over four hours. It was almost impossible to keep Claimant focused on the four questions that had to be dealt with under the Order of November 23, 2004. Claimant repeatedly digressed into issues that had nothing to do with the ADA or Rehabilitation Act.

Claimant has spent most of the last thirty years incarcerated in state facilities in Colorado. In 1975, Claimant was stabbed in the back with a knife. As a result, he became a paraplegic. Since 1975, Claimant has been confined to a wheelchair. Although there was some evidence that Claimant may have some control over his lower extremities, Defendants stipulated that he met the criteria for mobility disability.

At the time Claimant was stabbed, correctional institutions in Colorado were under the jurisdiction of the Colorado Department of Institutions. At some point after his injury, Claimant was released from custody. He then returned to correctional custody in August, 1981. CDOC had been created as a state department by that point by the Colorado General Assembly. Claimant has been in CDOC custody since that date. He has been housed at a number of CDOC facilities in the state.

Claimant testified that he was housed at the Limon Correctional Facility (LCF) in 1993. This facility had just been constructed. Claimant indicated that a portion of the cement sidewalk had heaved and had created a barrier for inmates in wheelchairs. He and others were required to go

3

around this impediment on the grass, but that was forbidden by the then-warden at the facility. Claimant testified that he found it difficult to get to the chow hall because of this sidewalk problem, complicated by the warden's directive not to go onto the grass. He was able to obtain some help from other inmates in getting over this barrier. Sometimes, he and others would simply go on the grass.

Claimant was transferred to the Fremont Correctional Facility, San Carlos Correctional Facility, and then to the Arkansas Valley Correctional Facility (AVCF).[1] Claimant remained at AVCF until 2001, when he was transferred to CSP.

Over the years, Claimant has been convicted in over one hundred prison disciplinary proceedings brought under the Code of Penal Discipline (COPD). When specifically asked by the Special Master, Claimant indicated that he could not remember the exact number of convictions, but he agreed that there were over one hundred. The evidence presented by both sides indicated that Claimant is a management problem. Claimant does not want to be bound by the rules established for CDOC facilities.

While at AVCF, Claimant sent a "kite" to a supervisor asking for a new case manager.[2] Claimant testified that he had put in a rhetorical question to that supervisor. The Special Master asked what had been put into the kite, and Claimant stated that he had basically asked what he had to do to get a new case manager and whether he had to shoot his old case manager. This kite was treated as a threat, and Claimant was moved to CSP in 2001.

Since arriving at CSP, Claimant has continued to be a management problem. He has been convicted of various COPD violations. He admitted that he had ripped off a piece of metal welded to his wheelchair and then used it to bang on his cell door. He objected to being convicted of a COPD violation for damaging the wheelchair.

Claimant testified that he has always wanted to work in a facility library. He complained that he had not been able to obtain work as a librarian. He did acknowledge that he had not been denied any program since coming to CSP, although there are few programs at CSP due to its close custody requirements.

Claimant testified that he had been pulled out of his wheelchair by a correctional officer who did not believe that he was disabled. He was vague about the details of this incident, but did acknowledge that he had been convicted of a COPD violation for an altercation with that correctional

---

[1] The chronology of all facilities in which Claimant has been housed is not relevant to the case. The Special Master will set forth only those incidents that have bearing on the ultimate resolution of the claim.

[2] A kite is a written document from an inmate to prison officials requesting something. As an example, an inmate who desires non-emergency medical treatment would send a kite to the medical department requesting an appointment.

4

Final Order —5—

officer during incident.

Claimant objected to his present wheelchair at CSP, but other testimony indicated that a new wheelchair has been ~~ordered~~ received for him.

(ABOVE is a lie as stated in OBJECTIONS — hand copied due to refusal of Law Library to copy)

# LEGAL ACCESS PROGRAM DENIAL FORM

| TO: Moore | DOC#: 47702 |
|---|---|
| FACILITY, UNIT, CELL: E-3-11 | FROM: CSP LAW LIBRARY |
| DATE SENT: AUG 02 2005 | DATE REQUEST RECEIVED: AUG 02 2005 |

**YOUR REQUEST FOR SERVICES HAS BEEN DENIED IN WHOLE / PART FOR THE FOLLOWING REASONS:**

____ The information you have provided on your request form is not specific enough to identify your need or is unable to be understood.

____ Your form is not properly completed: _____

____ You have failed to submit the proper form. Please resubmit:

   ____ Form 750-1A (White)   For legal assistance/access into the law library
   ____ Form 750-1B (Green)   For photocopies (must attach miscellaneous withdrawal)
   ____ Form 750-1C (Pink)    For loan material
   ____ Form 750-1F (Yellow)  For supplies
   ____ Form 750-1H (Golden)  For administrative regulations / operational memoranda

**X** The material you have submitted will not be copied by the legal access program in whole / in part:

   ____ The material you have submitted does not meet program definitions of legal material as described in AR 750-1. Legal photocopies are limited to the areas of habeas corpus, post conviction and conditions of confinement.

   **X** Your photocopy request exceeds the page limit established by the legal access program (see attached).

   ____ Regardless of your ability to pay, you will be supplied only the required number of copies as dictated by court rule or statute. Your request is in excess of those requirements (see attached).

   ____ You have not submitted the documents to be copied.

   ____ You must submit a completed miscellaneous withdrawal with your request, regardless of indigence status.

   ____ Attachments/exhibits to a document must be submitted with the original document, even if the original is not being copied.

   ____ Your account is in arrears for at least $300 (see attached).

____ The legal access program will not copy:

   ____ A.R.s, I.A.s, O.M.s, or material contained in the law library, even as attachments/exhibits.

   ____ Transcripts, incomplete documents, unsigned documents, altered documents, and/or blank forms.

   ____ Non-original documents, previously-copied documents, incoming correspondence, administrative correspondence or documents (account statements, mittimus, etc.), grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court or attached to a letter to a judge or attorney of record.

____ The legal access program does not provide copies of forms your have requested.

____ The legal access program cannot assist you with your request. It falls outside our program parameters. We suggest you contact your case manager or attorney of record for assistance.

____ You may bring your request into compliance and resubmit.

**X** Other  1st 35 pages copied for you.

## LEGAL ACCESS PROGRAM REQUIRED PHOTOCOPY & PAGE LIMIT POLICY

| DOCUMENT TYPE | PAGES | COPIES | DISTRIBUTION |
|---|---|---|---|
| Letters to: Judges;Court Clerks;Att.of Rec. | 5 | 1 | Original to Addressee, 1-Offender |

### FEDERAL COURT DOCUMENTS

| DOCUMENT TYPE | PAGES | COPIES | DISTRIBUTION |
|---|---|---|---|
| §1983 Complaint | Fed. Form + 20 (A) | 4 + | Original + 2 to USDC; 1-Each Named Def.; 1-Offender |
| §2254 Habeas Corpus | Fed. Form + 20 (A) | 5 | Original + 2 to USDC; 1-Warden; 1-A.G.; 1-Offender |
| §1915 In Forma Pauperis | Fed. Form +Account Stmt. (A) | 4 | Original + 2 USDC; 1-A.G.; 1-Offender |
| Fed. Rule 56 Motions / Responses | (illegible) | 4 | Original + 2 USDC; 1-A.G.; 1-Offender |
| All Other USDC Motions | 20 | 4 | Original + 2 USDC; 1-A.G.; 1-Offender |
| Certificate of Mailing | 1 | # of Parties | All Parties Receive |
| Discovery Requests | 20 | 1 | Original-A.G.; 1-Offender |
| Discovery Responses | As Needed | | |
| Notice of Appeal | Fed. Form + Attachments (B) | 3 | Original-USDC; 1-10th Circuit Ct.; 1-A.G.;1-Offender |
| Docketing Statement | Fed. Form + Attachments (C) | 6 | Original + 4-10th Cir.; 1-A.G.; 1-Offender |
| Entry of Appearance | Fed. Form | 5 | Original 3-10th Cir.; 1-A.G.;1-Offender |
| Designation of Record | Fed. Form (D) | 3 | Original-10th Circuit; 1-USDC; 1-A.G.; 1-Offender |
| Request for Transcripts | Fed. Form (E) | 4 | Original-10th Circuit; 1-USDC; 1-A.G.; 1-Ct Rptr; 1-Offender |
| All other App. Motions | 20 | 5 | Original + 3-10th Cir.; 1-A.G.; 1-Offender |
| Principal App. Brief | 50 | 9 | Original + 7-10th Cir. 1-A.G.; 1-Offender |
| Appellate Reply Brief | 25 | | |
| Motion to Dismiss | 20 (F) | | |
| Petition for Rehearing | 6 | 5 | Original + 3-10th Cir.; 1-A.G.; 1-Offender |
| Petition for Writ of Cert. | 40+Attachs. | 1 + | Original-U.S. Sup. Ct.; 1-Offender 1-Required Parties; per Rule 29; |
| Rule 20 / 22 Petition | 40 | (?) | |
| In Forma Pauperis | 2 + Account Statement | 1 + | Original-U.S. Sup. Ct.; 1-Offender 1-Required Parties; per Rule 29 |

**LEGEND:**

(A): FRAP 8.2
(B): FRAP 3, 4, 8.2, 9; Cir. Rule 3.1, 31.2, 31.3; FRAP Form 1
(C): FRAP 8.2, 12; Cir. Rule 3.4, 11.3, 15.1; FRAP Form 1
(D): Cir. Rule 10.2
(E): FRAP 8.2, 10; Cir. Rule 10.1
(F): FRAP 28, 31, 32 (length), 34; Opening Brief: Cir. Rules 28.2, 31.1

* Copy requests must comply with these posted policies. In addition, your request for copies must be signed and accompany a signed withdrawal slip.
* Deficiency Orders: Order must be produced to Legal Assistant to receive additional copies; and document must meet Access Program guidelines.
* Co-Plaintiffs: Pursuant to Federal and State Rules of Civil Procedure, it is the Plaintiff's responsibility to provide copies of all pleadings to co-plaintiffs. All Plaintiffs must be listed in the caption of pleading to receive additional copies
* Additional Attorneys: Occasionally defendants may be represented by more than one attorney. If you require additional copies for this purpose, the additional attorneys must be listed in your certificate of mailing.
* All page limits are sufficiently generous to include all necessary attachments