IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 9 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number 01-015
Category I
Claimant: Frank Vasquez, #95897
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of Claimant. The Special Master has reviewed the claim and all documents filed by both sides. This order shall constitute the final action by the Special Master on this specific claim.

### I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

These definitions control as to implementation of the Settlement Agreement and adjudication of all claims filed by individuals.

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?

2

        2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?

        3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

        4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category I are to be resolved without a hearing. The Special Master has re-examined the claim and all supporting documents. Placement of this claim into Category I was appropriate.

Claimant was granted up to and including July 11, 2005 in which to file a response to the answer and accompanying documents of Defendants. Claimant has not filed anything further. This claim must be resolved on what has been submitted at this point by both sides.

Claimant filed his initial and supplemental claim forms in April, 2004. He claims that he is a member of the *Montez* class because he has a disability based on a vision impairment. On September 4, 2002, Claimant was in CDOC custody at the Fremont Correctional Facility (FCF). During a routine eye examination, Claimant was diagnosed with glaucoma. At the same time, the optometrist prescribed new glasses with single vision lenses for Claimant. In his claim form, Claimant states that prior to that date he had worn bifocal lenses. Claimant believes that the optometrist at FCF should have again prescribed bifocal lenses for him. Claimant states that his present single vision lenses prevent him from doing the detail work required by his job and cause him to have headaches.

## III.

The definition for what constitutes a "permanent vision impairment" in the Settlement Agreement is very precise and narrow. Section V, Paragraph A(3) provides as follows:

    3. <u>Permanent Vision Impairment</u>

    Inmates who are permanently blind or who have a vision impairment not correctable to central vision acuity of 20/200 or better, even with corrective lenses.

Under the definition set forth in the Settlement Agreement for "Permanent Vision Impairment," Claimant is not a disabled individual who is a member of the class. It is undisputed that Claimant

3

is not permanently blind.

The exhibits submitted by Defendants in their June 2, 2005 response to the claim have not been refuted by Claimant. Exhibits D and E substantiate that Claimant's vision impairment, whether it requires bifocals or single vision lenses, is correctable to central vision acuity of 20/20. Exhibit E reflects that Claimant had a physical examination on July 30, 2003 which indicated that his vision with corrective lenses was 20/20 in both eyes. The document also reflects that Claimant had a pending ophthalmology appointment to check the status of his glaucoma. It is unclear whether Exhibit D is dated March 25, 2004 or April 13, 2005, but the date is irrelevant to resolution of the claim. Exhibit D is a "return eye exam form" which corroborates the information in Exhibit E. Claimant's corrected vision with glasses is 20/20 in both eyes.

The Settlement Agreement establishes the jurisdiction of the Special Masters and whether a claim may proceed to resolution. The definitions set forth in the Settlement Agreement are binding on the Special Masters. Based upon the information provided by both sides, this claim falls outside of the definition for vision impairment in the Settlement Agreement.

IT IS HEREBY ORDERED that the claim of Frank Valdez is denied, as he was not a "disabled individual" as defined in the Settlement Agreement and therefore not a member of the class on August 27, 2003; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 29, 2005.**

SIGNED this 1st day of August, 2005.

BY THE COURT:

Richard M. Borchers
Special Master

4

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this /s/ day of August, 2005 to the following:

Mr. Frank Vasquez
#95897
FCF
P.O. Box 999
Canon City, CO 81215-0999

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

*[signature]*