IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER
AUG - 9 2005
GREGORY C. LANGHAM
CLERK

---

Claim Number 03-011
Category III
Claimant: Robert Van Allen, #81465
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

---

# FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on July 29, 2005. This hearing was held at the Fremont Correctional Facility (FCF) in Canon City, Colorado. Present were the following: Robert Van Allen (Claimant); and Kathleen Spalding, attorney for Defendants.

Testimony was received from Claimant and Dr. Timothy Creny, M.D. Defendants offered into evidence Exhibit A, and it was received. All documentation previously submitted by both sides was accepted. After final closing arguments, the case was taken under advisement. This order shall constitute the final action by the Special Master on this specific claim.

## I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (CDOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge

Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.*

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the

2

criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category III are to receive a hearing. Based upon the testimony of Claimant and Dr. Creny, plus submitted documents, the Special Master finds the following to be the facts necessary for resolution of the claim.

Claimant came into CDOC in July, 1993. After his initial evaluation, he was placed at FCF. With the exception of a ninety-day period when he was at the Crowley County Correctional Facility, Claimant has been at FCF. For twelve years, he has held the same job in the facility, helping prepare training videos and doing other audio-visual work.

In early 2004, Claimant came down with a illness. He did not know what it was, but sent kites to the medical department asking to be seen. After two or three days, he was seen by Ms. Batson, a nurse practitioner at the medical department of FCF. Based upon Claimant's temperature, he was transferred to the infirmary at the Colorado Territorial Correctional Facility (CTCF). Eventually, he was transferred to a hospital in Pueblo. Claimant was diagnosed as having bacterial pneumonia. He also had an infection in his left ear.

Claimant remained in the hospital for about one week, He then went back to the infirmary at CTCF. Eventually, he returned to FCF. He recovered from the pneumonia. As a result of the ear infection, Claimant lost part of his hearing in his left ear. Claimant testified that the sound in his left ear is garbled, making it difficult for him to understand what is being said. Claimant explained that good hearing is important in a prison environment. Claimant testified that he had no prior problems with his ears, and his medical records reflected that to be the case.

Claimant testified that he had not been offered any services for his ear and wanted to see a

3

specialist. If it was possible to correct the scarring in the ear, he wanted to explore that.[1] He had not been told if there were any options. He had not requested any accommodations, as he did not know what was available to him. He had filed his claim on the suggestion of Dr. Creny.

Claimant testified in response to a question from counsel for Defendants that he had not denied any programs or services because of his hearing loss. He was still able to hear and converse with staff and other inmates.

Dr. Creny testified that he is the physician assigned to FCF. He had reviewed the records of Claimant and believed that the ear problem was an outgrowth of the pneumonia. In his opinion, because Claimant contracted bacterial pneumonia, the infection in Claimant's left ear was bacterial, as opposed to viral, and was a complication from the pneumonia. Claimant has some scarring on the ear left drum. Testing of the left ear had indicated a significant drop in hearing. The medical records of Claimant do not reflect any prior hearing problems in the left ear.

### III.

The Settlement Agreement provides in Article XXXII, in part, as follows:

DAMAGES
> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim of damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the five categories of damages shall apply to each class member.

This provision of the Settlement provided a means of filing claims for those who were disabled on or before August 27, 2003. Inmates who had ongoing claims for something that had occurred on or before August 27, 2003 were permitted to seek future damages related to their disability.

Claimant's ear problems arose in February, 2004. He was not disabled for any condition on August 27, 2003. As a result, Claimant was not and is not part of the class covered by the Settlement Agreement. Claimant cannot pursue a claim under the Settlement Agreement.

---

[1] Claimant's desire to be seen by an ENT specialist is fair and appropriate. It is a request that should be granted, especially in light of Dr. Creny's testimony that the ear condition is outside of his expertise and he is unaware of what options, if any, may exist to help restore hearing to Claimant's left ear.

4

Since Claimant is not part of the class, he may pursue a separate legal action in state or federal court. The Special Masters cannot provide legal advice to Claimant. He should consult an attorney to determine what rights he may have in relation to the loss of hearing in his ear. Claimant is advised that certain time limits may exist, and he should consult with an attorney as soon as possible.[2]

IT IS HEREBY ORDERED that the claim of Robert Van Allen is denied, as he was not part of the class on August 27, 2003.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 29, 2005.**

SIGNED this /st day of August, 2005.

BY THE COURT:

Richard M. Borchers
Special Master

---

[2] Claimant testified that he was encouraged to file a claim by Dr. Creny. This was confirmed by Dr. Creny. There was no problem with this, as claimants were encouraged to file claims and to allow the Special Masters to determine if the claim should proceed. The determination that Claimant was not part of the class will not bar him from pursuing other remedies.

5

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this /s/ day of August, 2005 to the following:

Mr. Robert Van Allen
#81465
FCF
P.O. Box 999
Canon City, CO 81215-0999

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Kathleen Spalding
Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____