IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  92-cv-870-EWN-OES

JESSE (JESUS) MONTEZ, *et al.,*

    Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

    v.

BILL OWENS, *et al.,*

    Defendants.

---

**PLAINTIFF CLASS RESPONSE AND PARTIAL OBJECTION TO SECOND REPORT
AND RECOMMENDATION OF SPECIAL MASTERS**

---

The Plaintiff Class, through counsel of record, David H. Miller and Paula D. Greisen of the Law Firm of KING & GREISEN, LLP, submit the following Response And Partial Objection To Second Report And Recommendation Of Special Masters.

1.    The Special Masters in this case, Richard Borchers and Bruce Pringle, were agreed to by the parties, and designated for their positions in this case pursuant to Paragraph XXXII of the Remedial Plan.  That document was approved by the Court on August 27, 2003, Doc. 528

2.    The Special Masters have submitted a Second Report and Recommendation to this Court proposing that two additional Special Masters be appointed to assist them with the processing of inmate damage claims. Document 946-1 (and Proposed Order 946-2).

3.    The Special Masters have proposed that Richard C. Davidson and Donald E. Abram be appointed to those positions.  *Id.* at 5.

4.      Defendants have filed a Response/Partial Objection to that proposal. Doc. 988. And the Court has set the matter for hearing on September 9, 2005.  Minute Order, Doc. 991.

5.      By this Response and Partial Objection, the Plaintiff Class would object to the appointment of any additional Special Master not the product of an agreement between the parties, and specifically, the Plaintiff Class would object to the appointment of Donald E. Abram to that position, for the reasons set forth below.

6.      The Remedial Plan was a document negotiated between the parties with respect to each and every provision therein.  One of the terms negotiated was the appointment of Special Masters Borchers and Pringle.

7.      The proposal by the Special Masters that two additional Special Masters be named is not objectionable to the Plaintiff Class. However, counsel for the Plaintiff Class were not consulted (and to undersigned counsels' best information and belief Defendants' counsel were not consulted) by the Special Masters before the filing of their Second Report and Recommendation.

8.      Defendants have objected to the appointment of Richard C. Davidson on the ground that he was represented in a Denver District Court matter by class counsel (when Mr. Miller and Ms. Greisen were at the firm of MILLER, LANE, KILLMER & GREISEN, LLP, ("MLKG") several years ago).  In fact, none of the attorneys who are counsel in this case have ever personally represented Judge Davidson nor had any involvement whatsoever in any matter he was represented in by MLKG.  Defendants cite no authority that such a circumstance creates a conflict under the controlling rules or statutory provision.  In any event, class counsel agrees with the overall position taken by

the Defendants that a new Special Master can only be appointed upon agreement of the parties.

9.      More central to the issue is the fact that those who now serve as Special Masters were the result of the give-and-take of negotiation process between the parties and counsel.  The Plaintiff Class considered Donald E. Abram at the time of the negotiation and took a position opposing his appointment based on comments and statements from the Plaintiff Class.  To now have the negotiated agreement amended to the prejudice of the Plaintiff Class by the appointment of an individual the Plaintiff Class would not have agreed to become the Special Master two years ago would subvert the negotiation process and the specific agreement of the parties.  The agreement on the identity of the Special Masters served as partial consideration for the agreement and cannot be changed outside of the negotiation and agreement process by the Special Masters themselves, or more importantly, without the agreement of the parties.

10.      Accordingly, the Plaintiff Class objects to the Recommendation that Donald E. Abram be appointed Special Master.  Defendants have objected to the appointment of Richard C. Davidson.  The Plaintiff Class proposes that the Court allow the parties to engage in the same negotiation process that resulted in the drafting of the Remedial Plan, and, if agreed that it is necessary, present to the Court the names of agreed-upon additional Special Masters within 30 days of the date of the September 9, 2005 hearing.

RESPECTFULLY SUBMITTED this 16th day of August, 2005.

~s/ David H. Miller_____
David H. Miller
Paula D. Greisen
King & Greisen LLP
1670 York Street
Denver, CO 80206

3

Phone:  (303) 298-9878
Fax:  (303) 298-9879
E-mail:miller@kinggreisen.com
       greisen@kinggreisen.com


## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that on this 16th day of August 2005, I electronically filed the foregoing **PLAINTIFF CLASS RESPONSE AND PARTIAL OBJECTION TO SECOND REPORT AND RECOMMENDATION OF SPECIAL MASTERS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addressee via U.S. Mail, addressed to:

    Beth McCann, Esq.
    James X. Quinn, Esq.
    Assistant Attorney General
    Civil Litigation and Employment Law Section
    1525 Sherman St., 5th Floor
    Denver, CO 80203
    james.quinn@state.co.us

    Hon. Richard M. Borchers
    Legal Resolution Center
    707 Zenobia St.
    Westminister, CO  80030
    dborchers@legalres.com


             ~s/David H. Miller_____