# Attachment 1

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719) 597-9580
Fax: (719) 226-4755
Web: www.doc.state.co.us



Bill Owens
Governor
Joe Ortiz
Executive Director

December 4, 2003

Lewis R. Moore #47702
Colorado State Penitentiary
Canon City, Colorado 81215

Re:   Correspondence dated 11/25/03

Dear Offender Moore:

I am in receipt of your letter referenced above.

I have spoken with your case manager, Ms. Clementi, about the issues you raised in your letter. She states that she has given you grievances sufficient to address any reasonable complaints you may have. The grievance procedure is governed by Administrative Regulation 850-4 and you must follow those instructions. This regulation is in the process of being changed and those changes will address issues specific to ADA grievances. For the time being I suggest you simply follow the procedure as usual. I might also suggest that if you request grievances in reasonable amounts you may find your case manager more willing to work with you. Fifty or one hundred at a time is excessive. Furthermore, you are given a copy of each step of the grievance you file, so making multiple copies of the same grievance is unnecessary.

As to your other complaints, you have given me no information by which to understand your statement "to allow copying by mail". Copy what? If you wish me to investigate your problem, I need more information than this to work with. You also complain that Sgt. McCall "steals" your wheelchair. Sgt. McCall repairs your wheelchair when you dismantle it. You are requesting twice the number of pens so you can presumably draft more grievances. The answer to that is no. The number of pens at CSP is a security issue and there is nothing about your disability which would require the use of an excessive number of pens as an accommodation. You are also on restricted privilege status and are entitled to only a certain number of pens. There is nothing in the Americans With Disabilities Act or the Montez agreement which requires us to forgo the imposition of appropriate sanctions for negative behavior. Finally, you point out that there is no accessible exercise bar available on your pod. I have brought this to the attention of CSP staff and we will look into providing something in the near future.

If you require additional paper and other supplies, you must purchase these from canteen.

Very truly yours,

COLORADO DEPARTMENT OF CORRECTIONS

*Cathie Holst*

Cathie Holst
Office of Correctional Legal Services -- AIC

cc:   AIC file
      Working file

Rec'd 2/4/04

CASE NO. 2001AS-12

DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION CLASSIFICATION REVIEW
FACILITY ___CSP___

| INMATE NAME Moore, Lewis | DOC NUMBER 47702 |
|---|---|
| Last REVIEW DATE: 12/15/2003 | PAROLE ELIGIBILITY DATE PAST-PBH 03/2004 DISCHARGE DATE LIFE |

Initial reason(s) for placement in Administrative Segregation. PLACEMENT DATE: 2/9/2001
- X Conduct poses serious threat to security of a facility.
- X To prevent imminent injury to an inmate(s) or to an employee(s).
- ___ To contain or prevent or quell a riot.
- ___ To prevent serious property damage.
- ___ To prevent escape, and/or
- ___ Other (Specify) _____

SUMMARY/30 Day Review: Inmate Moore was classified Administrative status out of AVCF due to being a management problem, and making written threatening statements about killing a staff member (Case Manager Shaufler) in order to be moved to another facility.

It's recommended he complete Prison Life Skills. He started the class on 10/14/02 and was terminated on 11/19/02 due to losing his tv on LOP. Completed Programs Crime Impact on 9/13/02 and Anger Management on 2/1/02. He started Prison Life Skills again on 2/3/03, and was terminated on 3/24/03 for not completing his work properly. He was placed on (RP)

Moore arrived at CSP on 6/22/2001. He was reduced to level I on 4/25/2002 for damage to state property. He was put on Special Controls on 4/20/03 for pulling away from staff during cuffing. On 4/21/03, he refused to give his lunch trays back and later complied. Raised to level II-RP on 4/30/02. On 5/1/03, he was found guilty of Advocating a Facility Disruption (S.Pulled cuffs in cell). Last neg Chron 12/21/03 for Yelling at staff, 12/11/03 Att. to send legal mail with rude comments to staff on the envelope, 12/02/03 and 09/22/03 for canteen and RP issues and on 7/5/03 Verbal Abuse. Q-level II-RP as of 04/30/03 (P-3C)

DECISION OF COMMITTEE:

RETAIN IN Administrative Segregation: [X] Yes [ ] No Recommended Custody _____

JUSTIFICATION:
- X Continue Behavioral Review
- ___ Erratic/Disruptive Behavior
- ___ Lack of Program Participation
- ___ Other _____
- ___ High Risk
- ___ Continues STG Affiliation
- ___ Recommend Progressive Move
- Pending: ___ STG ___ SOTP ___ Other ___

COMMITTEE MEMBERS' SIGNATURES:
_____ _____ _____
C/M            C/M            Committee Chairperson

DATE OF REVIEW 01/12/2004     DATE OF NEXT REVIEW 02/2004

ADMINISTRATIVE HEAD REVIEW: [X] APPROVE [ ] DENY
COMMENTS:
s/ Cathy Slack 2/2/04
Administrative Head    Date

OFFENDER SERVICES REVIEW: [ ] APPROVE [ ] DENY
COMMENTS:
s/ _____
Director of Offender Services    Date

Distribution: Department, Working, Inmate

return to file