IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870(OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.,

    Plaintiffs,

-VS-

BILL OWENS, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number: 03-002
Category III
Claimant: Joe Allen Eubanks, #64033
Address of Claimant: BVMC, P.O. Box 2005, Buena Vista, CO 81211-2005

---

OBJECTION TO FINAL ORDER OF SPECIAL MASTER: HEARING DATE JULY 25, 2005

---

This court ruled that I did not prove that my condition affected a major life activity to the point of disability. I will now object to this decision and prove that there was an abuse of discretion in application of the courts decision. The claimant now states:

1. The claimant was denied testimony of four witnesses at his hearing. These witnesses were necessary to prove that the claimant is a disabled individual who is a member of the class. I believe only these doctors testimony would be the basis for a fair ruling. The claimant requested Dr. Gremillion, Dr. Wentz, Dr. Clark and Dr. Peterson to testify at his damage claim hearing. The defendants not act on the courts order to prepare and make available these requested witnesses (see courts order(s) dated April 18, 2005; May 2, 2005). The claimant then motioned the court to verify whether or not these witnesses would be made available (see claimants motion dated May 22, 2005).

    The defendants again failed to respond to the courts order to prepare or make available these witnesses. The court did indicate that Dr. Peterson appeared to be a contractor. The court then ordered that Dr. Peterson be made available, with the other three witnesses be made cumulative (see courts order dated June 1, 2005). The defendants responded to this order and stated that Dr. Peterson was not a CDOC employee and that he does not contract directly with the CDOC, and that the other three podiatrists were not CDOC employees or contractors. The court did not respond to the defendant's objection so the claimant filed a motion objecting to the defendant's response regarding these witnesses. He stated that the defendant failed to object in the proper time frame set by this court to object to these witnesses. They went beyond the required twenty days so I should have been allowed these witnesses at the hearing. The claimant also requested that the court issue an order to show cause to the defendants if they ordered that Dr. Peterson was not a CDOC employee or a contractor. The claimant was also trying to establish that Dr.

1

Peterson is in fact a contractor with the CDOC. The court failed to respond to this motion. (see claimants motion dated July 19, 2005).

Pursuant to the Settlement and subsequent orders the claimant will be allowed to present witnesses, but I was denied this for the following reasons:

    a) Dr. Gremillion, Dr. Wentz and Dr. Clark are not CDOC employees or contractors, but they were at one time, so the court stated that they were not bound to make them available to testify. I never read this exception in the settlement.

    b) The other issue is whether Dr. Peterson is a CDOC employee or contractor. Dr. Peterson treated me as well as perform a surgery on me. He was not allowed to testify at my hearing. I had previously motioned the court to have him made available. The court never responded to my request.

At the hearing I was instructed by Judge Borchers that Dr. Peterson was not employed or contracted by the CDOC, so the court was not bound to make him available for testimony. My questions that need reviewed by this court are as follows:

    c) Does the Settlement provide the claimant to present witnesses at his hearing?

    d) Were there any stipulations or exceptions in the settlement as to witnesses not being allowed to testify?

    e) If Dr. Peterson treated me, and I am a CDOC inmate, how then is it that he is not directly contracted by the CDOC? Even if he was indirectly contracted he was still contracted to treat CDOC inmates or else it would be illegal. Is Dr. Peterson contracted t treat CDOC inmates? If he isn't then he's doing it for free. I believe this to be the biggest abuse of discretion by the Special Master. I requested that the defendants show cause to these questions, but the court failed to justly rule on this and just denied me without justification.

2. The next objection that I request to be reviewed is whether Dr. Creany was qualified to make final determination on my disability. Dr. Creany never treated my condition nor was Dr. Creany qualified to treat the disability at hand. His only association to my condition was just securing appointments with the podiatrist. I believe that Dr. Creany's determination as it relates to his decision of my request for accommodation is invalid for the following reasons:

    a) The Settlement is clear when it states, "The CMO or a licensed medical doctor who is designated by the CMO and who is qualified to treat the disability at issue shall verify the disability within sixty (60) days, will determine if the inmate's disability affects placement and if so, give written notice to the AIC and complete the Inmate Disability Verification Form (MONTEZ Settlement; Disability Arising After DRDC Intake).

    The CMO obviously designated Dr. Creany to determine disability, but Dr. Creany meets none of this criteria. He is not qualified nor has he ever treated my condition.

2

    b) This is a trickle down effect because by this violation of the settlement the people above Dr. Creany are also responsible for this violation. The AIC, Cathie Holst is responsible that the settlement should be followed. She allowed the CMO to designate a non-qualified doctor to make final determination. Then this court allowed this to be part of their final decision.

    c) I believe that the CMO should have let the only qualified person at the time to make final determination regarding disability. All four of the mentioned podiatrists are qualified because they did treat me.

The Special Master(s) are bound by the Settlement agreement and cannot detour from it. I believe that the Special Master in my case did detour from the basis of the agreement. I was denied four witnesses whose testimony was necessary to rove disability, for which I was denied. Other processes were allowed to be violated such as proper due process in the chain of command in how disability is determined. Judge Borchers states that all the podiatrists were secured by the CDOC. You can't do this without contractual obligations.

I was denied my witnesses, specifically Dr. Peterson because DOC and Judge Borchers agree that these podiatrists are not contracted by the CDOC? Judge Borchers also goes on to state in his order that this condition (PF) is painful and one that can limit the ability of an individual to walk and work. I have proved that my disability does affect my life's major activities. For one, walking is very limited and the settlement allows for non-wheelchair disabilities. Just because I can walk does not mean I'm not disabled. I cannot do the work that I have done for a living and if that isn't a major life's activity disability, I don't know what is then. Judge Borchers also states that walking is limited to my disability and that I am limited in the work that I can do. His decision and explanations are contradictatory and need further review for abuse of discretion.

Respectfully submitted,

*/s/ Joe Eubanks*

Joe Allen Eubanks, #64033
BVMC
P.O. Box 2005
Buena Vista, CO  81211-2005

3

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a true and correct copy of the foregoing Objection to Final Order of Special Master: Hearing Date July 25, 2005, this 15 day of August, 2005 to the following:

Clerk of the United States District Court
901 19th Street
Denver, CO  80294

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th floor
Denver, CO  80203