IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 N 870 - EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST TO THE HONORABLE JOHN L. KANE FOR STATUS CONFERENCE AND REQUEST TO STAY PROCEEDINGS**
_____

Defendants, through counsel of record, Elizabeth H. McCann and James X. Quinn of the Colorado Attorney General's Office, respond to the Plaintiffs' request as follows:

1. Counsel does not object to a status conference on Sept. 8 at 10:00 a.m. The Court has now set this conference.

2. Counsel strenuously objects to a stay of all the proceedings in this case until the issues raised by the class counsel are resolved. The Special Masters identified approximately 150 inmate damage claims to be set for hearings. Hearings were held throughout June, July, and August, and hearings are set throughout the fall and into the spring of next year. It has taken an enormous amount of time and energy by the staff of the Special Masters, the staff and attorneys at the Attorney General's office, and the staff throughout the Department of Corrections to set the hearings, make sure all the files, inmates, and witnesses are available for the hearings, and

arrange for a location and tape recording at the hearings in the right facility on the right day at the right time.

3. Counsel has made no showing that any of the inmates whose hearings are scheduled in the next month or so agree that their hearings should be continued. Since counsel does not represent these inmates in their damage claims, the hearings should not be continued without the knowledge and consent of the inmates.

4. If this Court were to rule that the Special Masters are making an error in their consideration of these cases (which we doubt), the inmate may appeal the order just as he or she currently may do. Thus, there is an adequate remedy though the appeals process rather than staying all the hearings.

5. Plaintiffs raise the issue of the applicability of <u>Fitzgerald v. Corrections Corp. of America,</u> 403 F.3d 11134 (10th Cir. 2005) to the damage claims. In the <u>Fitzgerald</u> case, the 10th Circuit cited with approval decisions from the Seventh Circuit that concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical malpractice. In <u>Fitzgerald</u>, the Tenth Circuit held that purely medical decisions do not ordinarily fall within the scope of the ADA or the Rehabilitation Act and that the medical malpractice claims in the case were properly rejected. The Court noted that the plaintiff did not meet the "otherwise qualified" requirement for a claim under the ADA because his alleged disability was the reason he was seeking medical treatment in the first place.

In this case, whether or not <u>Fitzgerald</u> applies to the damage claims does not change the analysis that the Special Masters are conducting regarding the individual claims. Whether

2

medical malpractice claims are brought pursuant to the ADA or the Eighth Amendment, the claimants still must meet the four criteria outlined in the Court's Nov. 23 order:

    1. Is the claimant a disabled individual who is a member of the class?

    2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?

    3. Was the claimant discriminated against by DOC because of his or her disability?

    4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?
    (Order Nov. 23, paragraph 2)

The Court also stated in paragraph 5 of that Order that unless they meet these criteria, individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan.

Thus, the Court has recognized a very narrow niche of Eighth Amendment medical malpractice claims that are compensable in this case but **ONLY** if the claimant proves that he or she has been discriminated against by DOC because of a disability, that he or she is otherwise qualified for the program, services, or benefits in question, and that the discrimination caused harm. The fact that an inmate did not get the medical treatment he or she wanted or that a medical professional may have been negligent in providing medical care or that there was a delay in medical care does not give rise to a claim in this action under either the ADA, the Rehabilitation Act, or the Eighth Amendment.

The Special Masters in this case have been very careful to analyze each claimant's case based on the four criteria outlined in the Order. In those cases in which recovery has been denied, it was because the claimant did not satisfy one or more of the criteria. Regardless of

whether Fitzgerald applies, the inmates did not prove an element of their claim for disability discrimination.

5. It is our position that Fitzgerald clearly does apply as it is directly on point regarding the ability of a claimant to recover damages for any claims for alleged pure medical malpractice brought pursuant to the ADA or the Rehab Act. This Court is bound by applicable 10th Circuit law. This Court's Nov. 23 Order specifically states that "The Remedial Plan and, if necessary, case law concerning disabilities under the Rehabilitation Act and the Americans with Disabilities Act may be reviewed for assistance in applying the criteria." (Nov. 23 Order, p. 3). Defendants would point out also that at the time the Remedial Plan was drafted and adopted, there were cases in the 7th Circuit that stated that neither the ADA nor the Rehabilitation Act provided a remedy for a malpractice tort claim. Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116 (7th Cir. 1997); Bryant v. Madigan, 84 F.3d 246 (7th Cir. 1996). This reasoning is also consistent with Judge Nottingham's comments during the hearing on October 27th, 2004:

> Both sides seem to have a procedure in mind which if applied, and if applied, correctly, will weed out what you've characterized as the medical malpractice claims or the Eighth Amendment claims, because these are -- these are disability claims, not Eighth Amendment claims.
> (Transcript, hearing on Oct. 27, 2004, p. 28, l. 8-12, attached hereto as Exhibit A.)
>
> But there is more to being disabled than that, Ms. Greisen. You have to have diabetes, you have to make a showing that it -- it affects one of your major life activities. . . And you have to make some additional showings. And what I'm seeing in some of these things -- and I'm using diabetes as an example -- is somebody saying, I've got diabetes, and I'm not getting my medication . . . That's not enough.
> (Transcript, hearing on Oct. 27, 2004, p. 31, l. 12 - 21, attached hereto as Exhibit A).

6. In this case, the only malpractice claims that can be considered must meet the four criteria outlined in the Nov. 23 Order. This Court and Judge Nottingham made it clear that an

4

inmate could not recover damages for Eighth Amendment medical malpractice claims in this case unless the claimants met the four criteria established in the Courts' order of Nov. 23, 2004. The Court stated:

> 5. Unless they meet the criteria established in paragraph #1, individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan. Order, Nov. 23, 2004, Paragraph 5,
> page 2.

In the decisions in which the Special Masters mention the <u>Fitzgerald</u> case, the inmates did not meet the criteria of the Order so they were not entitled to damages regardless of the <u>Fitzgerald</u> case. The Special Masters have been correctly considering the criteria of the Remedial Plan and the Nov. 23 order in evaluating the cases. Thus, even were this Court to conclude that <u>Fitzgerald</u> does not apply, the conclusion would not affect the decisions already rendered in the case and should not affect the considerations of the Special Masters in the future.

7. Therefore, there is no reason to stay the hearings pending the Courts' decision on the issues raised by the Plaintiffs' Class counsel.

8. With respect to the issue of costs, the Court has already stated that the inmate claimants may receive 10 pages of records free of charge and that the Special Masters will determine any other request for discovery on a case by case basis. The issue of the cost of additional discovery has been fully briefed for the Court, and the parties are waiting for a ruling.

9. The Court can decide these issues on written materials which have been or could be submitted by the parties or Defendants are available for a status conference if the Court concludes that oral argument would be helpful.

WHEREFORE, Defendants object to any stay of the proceedings in this case. Counsel will be present for a status conference on Sept. 8 at 10:00 a.m.

Respectfully submitted this 26 day of August, 2005.

JOHN SUTHERS
Attorney General

s/Elizabeth H. McCann_____
ELIZABETH H. MCCANN, 5834
Deputy Attorney General
Civil Litigation and Employment Law

JAMES X. QUINN, 21729*
Assistant Attorney General
Corrections Unit, Litigation Section

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  (303) 866-3261
Fax: 303-866-5443
Email: beth.mccann@state.co.us
          James.quinn@state.co.us
Attorneys for Defendants

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on the 26th day of August, 2005, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST TO THE HON. JOHN L. KANE FOR STATUS CONFERENCE AND REQUEST TO STAY PROCEEDINGS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Paula Greisen | Honorable Richard M. Borchers |
| David Miller | dborchers@legalres.com |
| miller@kinggreisen.com | Legal Resolution Center |
| pgreisen@comcast.net | 707 Zenobia St. |
| Counsel for the class | Westminster, Colorado 80030 |
| King and Greisen, LLP | |
| 1670 York St. | |
| Denver, Co. 80206 | |

                                                                                        s/Elizabeth H. McCann
                                                                                  Elizabeth H. McCann
                                                                                  Attorney for Defendants
                                                                                  Colorado Attorney General's Office
                                                                                  1525 Sherman St.
                                                                                  Denver, Co. 80203
                                                                                  303-866-3261
                                                                                  Fax: 303-866-5443
                                                                                  Beth.mccann@state.co.us