IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 N 870 - EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF CLASS NOTICE TO THE HON. JOHN L. KANE OF DEFENDANTS' NON-COMPLIANCE OF REMEDIAL PLAN**

---

Defendants, through counsel, Elizabeth H. McCann and James X. Quinn, of the Colorado Attorney General's office, submit the following response to the Plaintiffs' Notice of Non-Compliance with the Remedial Plan.

1. Defendants are in substantial compliance with the Remedial Plan. The two year monitoring period should begin on August 27, 2005. Plaintiffs' Class Counsel has told the undersigned counsel that their expert, Peter Orleans, is satisfied with the compliance of DOC regarding architectural and structural changes made at all of the facilities. Mr. Orleans is in the process of reviewing all of the facilities and signing off on them this month. We expect that review to be concluded by the end of the month.

2. Class counsel did not contact the Defendants' counsel regarding compliance under the plan until late June or early July of this year despite the fact that the Remedial Plan calls for them to make a review after one year from the date of the fairness hearing. (August 2004). The Plan

further states that if after the first year, substantial compliance has not been achieved, counsel and their experts are to review the compliance issues again in six months (February 2005). (Remedial Plan XXXI p. 28) Neither of these reviews was undertaken by Class Counsel. The Remedial Plan provides that once DOC is in substantial compliance, a two year monitoring period commences.

     3. In late June or early July, Class counsel contacted defendants' attorneys to set up a meeting to discuss compliance. Defendants requested until early August for a meeting at the Dept. of Corrections (DOC) headquarters in order to get all the materials together. A meeting was held in Denver on July 20 with David Miller, Jim Quinn, Beth McCann, and Cathie Holst from DOC to discuss what materials would be available for review. At that meeting, it was decided that Class counsel and Defendants' counsel would meet at DOC on Aug. 9 at 9:00 a.m. to review compliance materials and meet with various DOC personnel regarding compliance issues.

     4. Defendants' counsel went to Colorado Springs on Aug. 9 to conduct the compliance review. Cathie Holst had prepared materials for review and individuals were available to discuss various aspects of compliance. Counsel was prepared to proceed with a compliance review. However, Class counsel never appeared. When we called around 10:00 a.m., Mr. Miller apologized for not being there and for taking the meeting off his calendar. Apparently he thought there was to be some follow up before the meeting which was not the case. No one from the Class counsel's office appeared.

     5. The meeting has now been set for Sept. 7 for Class Counsel to go to Colorado Springs to DOC to review compliance materials and meet with various DOC personnel.

6. Given that Counsel has not taken advantage of the provisions of the Remedial Plan to visit with DOC personnel during the two year compliance period and a meeting is now set on Sept. 7, it seems a bit premature for Counsel to allege that DOC is not in compliance.

7. In their notice of non-compliance, counsel state that DOC has not made a showing of compliance. However, DOC personnel have spent the last two years coming into compliance and have been available at any time during that time to meet with counsel to demonstrate compliance. Class counsel failed to make the one year and one and a half year reviews called for in the Remedial Plan. It is a bit disingenuous for them to put the burden on DOC when they have not made any effort to discuss compliance with DOC officials or their attorneys until right before the end of the compliance period.

8. Class counsel makes a blanket statement in the notice of non-compliance that: "From such information it appears to undersigned Plaintiffs' Class counsel that Defendants have not come into substantial compliance with the Remedial Plan." Yet Counsel does not point to one specific instance in which DOC is not in substantial compliance. Apparently, they are relying on statements made by inmates of which DOC is not aware. Further, there is an upcoming meeting for the very purpose of demonstrating compliance.

WHEREFORE, Defendants respectfully request that the Court hold that the Dept. of Corrections is in substantial compliance, or that the issue of substantial compliance has been waived by the Plaintiff Class, and that the Court order that the two year monitoring period begin on Aug. 27, 2005.

Respectfully submitted this 26th day of August 2005.

JOHN SUTHERS
Attorney General


s/Elizabeth H. McCann
ELIZABETH H. MCCANN 5834
Deputy Attorney General
Civil Litigation and Employment Law Section

JAMES X. QUINN, 21729*
Assistant Attorney General
Corrections
Litigation Section

Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  (303) 866-4307
FAX: (303) 866-5443
Email: beth.mccann@state.co.us

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 26th day of August, 2005, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF CLASS NOTICE TO THE HON. JOHN L. KANE OF DEFENDANTS' NON-COMPLIANCE OF REMEDIAL PLAN** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
David Miller
miller@kinggreisen.com
pgreisen@comcast.net
Counsel for the class
King and Greisen, LLP
1670 York St.
Denver, Co. 80206

      s/Elizabeth H. McCann
      Elizabeth H. McCann
      Attorneys for Defendants
      1525 Sherman St. 5th floor
      Denver, Co. 80206
      303-333-0233
      Fax: 303-866-5443
      Email: beth.mccann@state.co.us