

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et. al.,

    Plaintiffs,

BILL OWENS, et. al.,

    Defendants.

---

Claim Number 03-087
Category III
Claimant: Duncan Leach
Address of Claimant: c/o H. Earl Moyer, Attorney at Law, 1401 Saulsbury, #204, Lakewood, Colorado 80214

---

### OBJECTION TO AUGUST 1, 2005 FINAL ORDER OF SPECIAL MASTER

---

    Claimant, Duncan Leach, appearing by and through his attorneys Moyer, Beal and Vranesic, by H. Earl Moyer, respectfully submits the following Objection to August 1, 2005 Final Order of Special Master, Bruce D. Pringle:

1. Special Master, Bruce D. Pringle, made findings of fact 1 through 9 as set forth in his order. Claimant believes that said findings are incomplete and inaccurate since the findings fail to delineate the evidence contained in the medical records which established that claimant was incarcerated in 1989, with no evidence of bilateral spondylolysis, or of herniated disks.

2. The medical records, contained in claimant's exhibits 1 A through 1 O clearly establish a continuing pattern of falls in his cell by the wheelchair-bound claimant from 1995 through 1997, thereby requiring claimant to undergo fusion surgery for the herniated disk that was impinging on claimant's spinal cord.

3. Special Master Pringle denied claimant the right to claim that his back injuries as established in the medical evidence constituted compensable injuries under the settlement proceedings. The stated reason for the denial was that claimant's original claim for damages form failed to set forth with particularity any claim for damages to his back because of the alleged failure of defendants to reasonably accommodate claimant's accepted handicap and disability (claimant became wheelchair-bound within two years after entering confinement in 1989).

4.  After claimant filed the initial claim for damages, he requested through counsel a copy of his medical files on or about June 24, 2004. Defendants failed to provide such medical copies until April 2005. During this period of time claimant and his counsel were not fully aware of the voluminous medical evidence in the file which would establish that claimant's falls occurred in his cell which was not equipped with safety equipment; i.e. grab bars and hand rails, to facilitate his safe utilization of the cell, all in violation of the Americans with Disabilities Act.

5.  When claimant, who was incarcerated on another charge in the state of Texas during this entire claim procedure, and his attorney became sufficiently aware of the contents of the medical file which the state produced pursuant to order of the special masters, defendants were advised of claimant's intention to amend the initial claim at the hearing to incorporate a specific claim for personal injuries caused by the failure of defendants to accommodate the requirements of the disabled claimant.

6.  At the commencement of the initial hearing on Tuesday, June 7, 2005, claimant who was present by telephone and his counsel who was present at the hearing moved the special master to allow claimant to amend and supplement his claim to incorporate a specific claim for personal injury, i.e. back injury from falls in cell, in the complaint for damages.

7.  Following objection by defendants' counsel that the claim was barred because no supplemental claim had been filed prior to hearing, the special master agreed with defendants that claimant's request to file a supplemental claim form setting forth the additional personal injury claim was not timely and defendants were not furnished an opportunity to defend such claim. Thereupon the special master issued his order denying claimant the right to make such claim in this matter. Due to the length of the testimony and the number of witnesses, the hearing was continued to Monday, July 25, 2005 at which time the hearing was completed.

8.  As part of claimant's case, defendants' listed expert witness, Dr. Cary Shames, Colorado Department of Corrections chief medical officer, testified on July 25, 2005, as to his familiarity with the medical records of claimant and set forth his expert medical opinion that claimant by previous MRI in 1995 (Exhibit 1-D) had established the absence of a herniated disk in his back, and that the MRIs taken in 1996 (Exhibit 1-G) and 1997 (Exhibit 1-M) had demonstrated the existence of respectively a moderate herniation and then a severe herniation at L - 4 - 5 which required claimant to undergo a spinal fusion on July 2, 1997. (Exhibit 1-M)

9.  Dr. Cary Shames specifically set forth his opinion with medical certainty that claimant's herniated disk occurred during a slip and fall in his cell in March 1996, based upon the medical and neurological findings set forth in the medical reports of that date.

10. Claimant again requested the special master to reverse his previous order denying claimant the right to claim personal injuries in the form of a herniated disk since the defendants had had seven (7) weeks in which to be prepared to defend said claim.

11. The special master, after reviewing a transcript of his June 7 findings and order, which set forth in detail the reason that the denial occurred was because defendant had not been given sufficient time to be prepared to meet such claim, again denied claimant's motion.

12. The special master in conclusion of law number 5 specifically ruled that despite the testimony and evidence taken in the hearing, "Leach's attempt to assert that his herniated disk was caused by falls in his cell due to the lack of grab bars could not be brought because the contention was not presented in the claim filed by Leach." The special master further ruled on the record "that claimant's attempt to change his theory to one which was inconsistent with the theory presented in his claim was untimely."

13. The special master further stated that it should be noted that a supplemental claim was not filed.

14. In response to the conclusion of the special master, claimant would point out the following factors which it is submitted constitute an abuse of the discretion granted to the special master to allow amendment of claims as necessary in the interests of justice:

   A. Original claim was filed more than a year before defendants provided claimant a copy of his complete medical record. Said copy was more than 12 inches thick and contained thousands of pages.

   B. Claimant was never furnished any information which stated that a supplement or amendment of his general claim of being disabled in his back and requiring back surgery as a result of the failure to accommodate his handicap and disability was required.

   C. Claimant's initial claim was accepted under Category IV - Damages Due to Severe Physical Injuries. The initial claim also stated that orthopedic surgeon Kenneth Danylchuk diagnosed claimant with spasticity secondary to cerebral palsy, complicated by a seizure disorder as well, and also determined that claimant has suffered a large herniated disk which required fusion.

   D. Claimant's initial claim does assert that maneuvering his wheelchair up and down ramps and opening large, heavy doors without the assistance of an inmate helper caused him to hyperextend his back and ultimately caused his herniated disk.

   E. The medical opinions of Dr. Cary Shames, Chief Medical Officer of the Department

of Corrections, clearly established that the actual cause of claimant's herniated disk and necessity for surgery was from a fall or falls in his cell. Since claimant had already made a claim that the failure to accommodate his disability during his incarceration was the cause of his severe personal injury, the special master erred in refusing to allow the claim to be determined on its merits. Such error constituted an abuse of discretion justifying an order by this court reopening this claim and allowing the testimony and evidence of the failure of the defendants to provide safety accommodations, i.e. grab bars and hand rails was the cause of the damages and severe physical injuries sustained by claimant.

F. The Special Master found and concluded that the evidentiary record is insufficient to support an award of substantial monetary damages and concluded that Leach should be awarded the sum of $500.00 to compensate him for the inconvenience, pain and inability to access programs and facilities as a result of not having assigned inmate assistance.

G. Such a minuscule amount of compensation for an inmate who was wrongfully deprived of being assigned inmate assistance for Leach's entire ten (10) year incarceration period (3,650 days approximately), in and of itself, constitutes an abuse of discretion by the Special Master. Since the remedial plan provided for payment for pain and suffering and the Special Master's Order purported to compensate Leach for inconvenience, pain, etc., such compensation should be at least somewhat commensurate with the length of time the suffering continued. A compensation award based on the total incarceration period during which Leach was deprived of accommodation would certainly appear reasonable.

14. The Special Master while admitting in Findings of Fact #8:

> There is evidence in the record that Leach requested that grab bars and a seat be installed in the shower and that this accommodation was declined. However, there is no evidence in the record indicating that Leach suffered any injury or damage as a result of this lack of accommodation.

failed to admit that there is similar evidence on the record that Claimant Leach, (who was admittedly the ADA clerk responsible for the preparation of Exhibit 4 - ADA 1992 Survey - Fremont Correctional Facility) testified that he had requested that grab bars and hand rails be installed in his cell to accommodate his disability and that his accommodation was denied. There is substantial evidence in the record to establish that claimant incurred severe and permanently disabling injures as a result of this lack of accommodation.

15. The Special Master summarized his Findings of Fact in paragraph 9 but omitted to add claimant Leach's contention and testimony that the cells used by wheelchair-bound inmates

4

were unsafe because they did not have grab bars or hand rails to enable the inmate to safely function in their cells, i.e. use the toilet, sink, get in and out of their wheelchairs unassisted, etc.

WHEREFORE, for the reasons hereinabove set forth, claimant Duncan Leach, respectfully objects to the Final Order of the Special Master and respectfully moves this Honorable Court to set aside such Order and direct that the claimant be allowed to amend his claim to incorporate a specific claim for severe personal injuries caused, or substantially contributed to by the failure of defendants to accommodate the disabilities of the claimant while occupying his cell, i.e. failure to provide grab bars and hand rails. Claimant further requests the Court to enter an order modifying and increasing the amount of compensatory damages for pain and suffering from $500.00 to such sum as the Court deems proper.

Respectfully submitted,

MOYER, BEAL AND VRANESIC

By: _____
H. Earl Moyer, #0060
1401 Saulsbury Street, Suite 204
Lakewood, Colorado 80214
Phone Number: 303-237-5438
Fax Number: 303-232-5438
E-mail: mbv1@wt.net

ATTORNEYS FOR DUNCAN LEACH, CLAIMANT

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on August 25, 2005 a true and correct copy of the foregoing OBJECTION TO AUGUST 1, 2005 FINAL ORDER OF SPECIAL MASTER was served by depositing same in the United States first-class mail, proper postage affixed, addressed to the following:

Gregory C. Langham
Clerk of the District Court
Alfred A. Arraj Federal Courthouse
901 19th Street
Denver, Colorado 80202

Paula Greisen, Esq.
David H. Miller, Esq.
King & Greisen, LLP
1670 York Street
Denver, CO 80206

James X. Quinn, Esq.
Assistant Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

*[signature]*