IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-EWN-OES

JESSE (JESUS) MONTEZ, *et al.,*

Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

-vs-

BILL OWENS, *et al.,*

Defendants.

_____

Claim Number 03-085
Category III
Claimant: Joseph P. Lovato, #60329
Address of Claimant: 1010 Jamaica St., Aurora, CO 80010

Claim Number 03-002
Category III
Claimant: Joe Eubanks, #64033
Address of Claimant: BVMC, P.O. Box 2005, Buena Vista, CO 81211-2005

All Similarly Situated Claimants Denied Damages For Lack of Medical Treatment

_____

**PLAINTIFF CLASS APPEAL REGARDING THE AVAILABILITY OF DAMAGES FOR DENIAL OF MEDICAL CARE**

_____

The Plaintiff Class hereby files this appeal on behalf Joseph P. Lovato, Joe Eubanks, and all similarly situated claimants, objecting to certain Conclusions of Law contained in the Lovato[1] and Eubanks[2] decisions and in numerous other orders issued by

---

[1] Joseph Lovato's hearing was held on Monday, July 11, 2005, and the Final Order of Special Master was filed on August 1, 2005. Lovato is one of an estimated 30 claimants who have been denied damages for inadequate medical care on the basis of the *Fitzgerald* decision, or due to the erroneous belief that all the Eighth Amendment claims

1

the Special Masters, as set forth below. Specifically, the Special Masters have ruled in these and an estimated 30 other cases, that the Remedial Plan ("the Settlement Agreement") does not allow for damages for the failure to provide appropriate medical care to claimants. The Special Masters have based these orders on the assertions that 1) the recent Tenth Circuit decision of *Fitzgerald v. Corrections Corporation of America, infra* precludes an award of damages for the failure to provide medical care as an accommodation under the ADA or Rehab Act, and 2) that all Eighth Amendment claims were dismissed prior to the approval of the Settlement Agreement.

For example, in the matter of Joseph Lovato, a wheel chair bound individual with spina bifida who was found to have a mobility disability, the Special Master found:

> It should be noted that many of Claimant's complaints related to an alleged failure of the CDOC to provide reasonable medical care and treatment for his disability or to an alleged deliberate indifference of the CDOC to Claimant's medical needs. These claims are not cognizable under the Rehabilitation Act, the ADA or the Remedial Plan. *Fitzgerald v. Corrections Corporation of America, Inc, et. al.*, 403 F.3rd 1134 (10th Cir. 2005).

Final Order in the matter of Joseph Lovato, page 6.

---

were dismissed in *Montez v. Owens*, 32 F. Supp. 2d 1235 (D. Colo. 1999). This objection is intended to apply to all such similarly situated Claimants.

[2] Joe Eubanks' hearing was held on July 25, 2005. While Eubank's claim was ultimately denied on the grounds that he is not "disabled," under the Settlement Agreement, the erroneous premise that there are no underlying Eighth Amendment claims has been used as a basis for denying damages to many of the 30 or so claimants who have already been denied damages for the DOC's failure to provide reasonable medical care and/or its deliberate indifference to medical needs.

Similarly, in response to the matter of Johnnie Ramirez,[3] an insulin dependent diabetic who claimed that he was not provided appropriate medical treatment for his diabetes and suffered resulting vision loss, the Special Master found:

> Claimant received medical and vision care. He has had concerns about that care. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. (citing *Fitzgerald*) Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. All Eight Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Master.

Final Order in the matter of Johnnie Ramirez, page 6.

As a result, all of the claimants to date who have complained about the lack of medical treatment for their disabilities have had their claims on that issue denied. These findings are contrary to the terms of the Settlement Agreement and must be reversed.

Through this appeal, Class Counsel seeks to establish precedent that will apply to all individual damage claims brought under the Montez Remedial Plan (the "Settlement Agreement") and to reverse that part of all Final Orders in which the Special Masters denied compensation for damages due to the lack of appropriate medical care.

## ARGUMENT

### I. THE STANDARD OF REVIEW IS DE NOVO

Interpretation of a settlement agreement is subject to de novo review, based upon local law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990). The Special Master's

---
[3] Claim Number 03-013

resolutions on this issue go "to the heart of the lawsuit and settlement thereof," and like this Court's recent review and determination of the Hullett decision and the PLRA issue, de novo review applies [Order Concerning Pending Matter (Docket No. 882), July 8, 2005, p2].

## II.  SUBSEQUENT LEGAL PRECEDENT MAY NOT ALTER THE PARTIES' SETTLEMENT

In almost every final order issued by the Special Masters to date, they have relied on the Tenth Circuit's recent decision in *Fitzgerald v. Corrections Corporation of America, Inc, et. al.*, 403 F.3rd 1134 (10th Cir. 2005) to deny claimants any damages for the Defendant's failure to accommodate claimants by providing them medical care for their disabilities. The application of this case to the damage claims process contradicts the express terms of the Settlement Agreement and abdicates the intent of the parties in reaching a settlement.

An agreement to settle a federal lawsuit is a contract, governed by familiar principles of local contract law.  *Jeff. D. v. Andrus, supra* at 759.  By settling, each party agrees to "extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract."  *Id.* (internal citations omitted).  When parties to a lawsuit settle, they agree to certain remedies, and by necessity, put aside the issue of whether and to what extent each is *legally entitled to* a particular remedy, under both existing law, and laws that may be established in the future.  *Moses-Ecco Company, Inc. v. Roscoe-Ajax Corp.,* 320 F.2d 685, 690 (D.C. Cir. 1963).  A settlement agreement made when the law was uncertain, cannot be successfully attacked on the basis of any subsequent resolution of the uncertainty.  *Id.*  In fact, the uncertainty of a legal position and the desire to avoid the risk of a lawsuit are the impetus for many out-of-court

4

settlements. *Anita Foundations, Inc. v. ILGWU National Retirement Fund*, 902 F.2d 185, 189-90 (2d Cir. 1990).

These basic principles of compromise are no less valid here than in other forms of civil litigation. When the parties to *Montez* settled, they agreed to a new and exclusive method of determining damages available to individual claimants. (Settlement Agreement, Order of Judges Kane and Nottingham, ¶4). The *Montez* Settlement Agreement provides damages to claimants for, among other things, injury (category III), severe injury (IV) and death (V) (Settlement Agreement, ¶ XXXII, pp. 28- 29, emphasis added). The Agreement alone controls the individual damage claim proceedings, and by agreeing to settle, Defendants waived their right to assert liability-based defenses in the individual damage claim proceedings. (Kane and Nottingham Order of November 23, 2004, ¶4). This Court has already ruled that Defendants may not raise the issues of qualified immunity, failure to prove intentional discrimination, or failure to exhaust administrative remedies (i.e. the Prison Litigation Reform Act), because of Defendants' effective admission of liability by entering into the Settlement Agreement. [Order Concerning Pending Matter, July 8, 2005 (Docket No. 882)].

In almost every damage award handed down to date, the Special Masters have denied damages for serious medical injuries in reliance on *Fitzgerald, supra.* In relevant part, the *Fitzgerald* Court ruled that plaintiff's evidence was insufficient to establish deliberate indifference to medical needs, which ruling resulted in dismissal of that plaintiff's Eighth Amendment claim. *Fitzgerald, supra* at 1141-42. *Fitzgerald,* however, does not and cannot apply here because it is subsequently decided legal precedent and is contrary to the terms of the Settlement Agreement. Nevertheless, the Special Masters

5

have relied on this case to deny compensation for the failure to accommodate claimants by providing appropriate medical care – arguably the most prevalent and serious type of injury that is sustained by the class members.  In so doing, a substantial benefit provided to the claimants in the Settlement Agreement has been eradicated.