### III.  EIGHTH AMENDMENT CLAIMS ARE A VALID BASIS FOR DAMAGE AWARDS

In addition to denying damages in reliance on *Fitzgerald*, the Special Masters have also denied compensation on the belief that all Eighth Amendment claims were dismissed prior to the approval of the Settlement Agreement.  This is simply not correct.

First, the Complaint in this case sought damages for violations of the ADA, the Rehab Act and the Eighth Amendment.  The class achieved certification on all of the claims with no objection by the defense.  When the case settled, the core Eighth Amendment claims -- that individuals with disabilities have been denied medical treatment for their disabilities-- were still viable claims.  When the parties entered into the Settlement Agreement, it was with the understanding that if the claimants could show they were class members and had been denied appropriate accommodations and/or care for their disabilities, they would be entitled to damages.  Obviously, this would include damages for the failure to provide medical care.   If those type of damages were meant to be excluded from the damage claim process, it would have been necessary to so provide in the Settlement Agreement.  Clearly, even the Defendants understood that the Eighth Amendment claims survived in the Settlement Agreement as they stipulated that Plaintiff were the prevailing parties on all claims in Paragraph XXXIII of the Agreement and expressly reserved the right to argue that the PLRA fee caps applied on attorney time spent on issues that solely implicated the Eighth Amendment claims.  At the fees hearing, defense counsel argued that one-half of class counsels' time throughout the pendency of the litigation, up to and including the settlement talks, was attributable to the Eighth Amendment claims and thus should be limited by the PLRA caps.  Thus, any claim now that there are no Eighth Amendment claims remaining in this case is disingenuous at best.

### IV.  CLAIMANTS ARE ENTITLED TO RELEIF FOR THE LACK OF MEDICAL CARE REGARDLESS OF THE LEGAL THEORY UNDERLYING THEIR CLAIM

In any event, it is of no importance for the damage claim process whether the denial of medical care is premised on the Eighth Amendment or upon the lack of an accommodation under the Rehab Act or the ADA.  The issue is simply whether the claimants have a right to compensation for these damages in the damage claim process – a right that the class members believed they have preserved when they entered into the Settlement Agreement.

This issue was discussed extensively at a hearing before this Court on October 27, 2004.  At the hearing, the parties had an extensive discussion about whether the Eighth Amendment claims were preserved in the damage claims process.  At that time, in discussing whether a damage claim could arise under the Eight Amendment or the ADA/Rehab Act, this Court stated:

Judge Kane:  "For example, let's say that you have a diabetic who has A, mobility problems and B, skin ulcers.  And that  -- that class member is left in a cell for those skin ulcers to be festered and not treated.

Ms Greisen:  Right.

Judge Kane:   Now, as an individual claimant, then he files  -- that's cruel and unusual punishment.  It's also malpractice, and it's also a failure to accommodate under the Americans with Disabilities Act.  So it fits all three.  But what difference does it make?  We get back to this same question of, what do we really care, in terms of implementing a settlement, whether this comes under the Rehabilitation Act or not?

 (Transcript of Status Conference October 27, 2004, p 44, lines 6-16).

Class counsel agrees that whether the lack of medical care is couched under the ADA, Rehab Act or Eighth Amendment is of no consequence now that the matter has settled.  The only issues that remain are whether the claimants can satisfy the four

2

questions outlined in this Court's November 23, 2004 Order.[1] In applying the *Fitzgerald* standard and holding that the Eighth Amendment claims were dismissed, the Special Masters have erroneously applied legal precedent and injected legal defenses into the damage claims process to bar valid claims for the denial of medical services. Accordingly, the Plaintiffs request that this Court reverse that part of all final orders of the Special Masters in which these principles have been applied to deny claims for the failure to provide medical treatment.

## CONCLUSION

By entering into the Settlement Agreement, Defendants affirmatively waived the right to assert any liability-based defenses, including those based on later decisions of law. The Settlement Agreement allows for damages for failure to provide appropriate medical care, regardless of the legal theory upon which such claim rests. Thus, every qualified class member is entitled to make a claim for damages for the denial of medical care that is related to their disabilities. Accordingly, Plaintiffs request that any part of any Final Order issued by the Special Masters in which damages due to the lack of appropriate medical care have been denied because of the application of *Fitzgerald* or the alleged dismissal of the Eighth Amendment be reversed and remanded for further proceedings.

RESPECTFULLY SUBMITTED on this 7th day of September, 2005.

KING & GREISEN, LLP

*Patricia S. Bellac*

---

[1] The four criteria established for awarding damages were: 1) Is the claimant disabled within the meaning of the case; 2) Was the claimant otherwise qualified to receive the programs, benefits, or services offered by DOC; 3) Was the claimant discriminated against by DOC because of their disability, and: 4) Did the conduct cause harm and if so, what is the appropriate remedy.

3

                                             _____
Patricia S. Bellac, Of Counsel
KING & GREISEN, LLP
4845 Pearl East Circle, Suite 101
Boulder, CO  80301
(303) 442-5111
psblawfirm@comcast.net


KING & GREISEN, LLP
Paula D. Greisen
David H. Miller
1670 York Street
Denver, CO  80206
(303) 298-9878
(303) 298-9879 (fax)
greisen@kinggreisen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7st day of September 2005, I served the foregoing **PLAINTIFF CLASS APPEAL REGARDING THE AVAILABILITY OF DAMAGES FOR DENIAL OF MEDICAL CARE**, via electronic mail, and for Mr. Lovato and Mr. Eubanks, via United States Mail, in a properly sealed, postage prepaid envelope to:

James Quinn
Jess Dance
Assistant Attorney General
1525 Sherman Street, 5th Floor
Denver, Colorado   80203

Joseph P. Lovato, #60329
1010 Jamaica St
Aurora, CO  80010

Claimant:  Joe Eubanks, #64033
BVMC
P.O. Box 2005
Buena Vista, CO  81211-2005

Hon. Richard M. Borchers
Legal Resolution Center
7907 Zenobia Street
Westminister, CO  80030

*Patricia S. Bellac*
_____