```
                IN THE UNITED STATES DISTRICT COURT
1                    FOR THE DISTRICT OF COLORADO

2   Civil Action No. 92-N-870
3   JESSE (JESUS) MONTEZ, et al.,

4        Plaintiffs,

5   vs.

6   BILL OWENS, et al.,

7        Defendants.
    _____
8
                      REPORTER'S TRANSCRIPT
9                      STATUS CONFERENCE
    _____
10
              Proceedings before the HONORABLE EDWARD W.
11  NOTTINGHAM, Judge, and the HONORABLE JOHN L. KANE, Senior
    Judge, United States District Court for the District of
12  Colorado, commencing at 9:01 a.m., on the 27th day of Oc
    2004, in Courtroom 14, United States Courthouse, Denver,
13  Colorado.

14                          APPEARANCES

15   For the Plaintiffs        PAULA GREISEN, ESQ.
                               ALISON BUTLER DANIELS, ESQ
16                             King & Greisen
                               1670 York Street
17                             Denver, Colorado

18   For the Defendants        ELIZABETH H. MCCANN, ESQ.
                               JAMES X. QUINN, ESQ.
19                             Colorado Attorney General'
                               Litigation Section
20                             Denver, Colorado

21   Also Appearing            H. EARL MOYER, ESQ.
                               Moyer Beal and Vranesic
22                             1401 Saulsbury Street
                               Lakewood, Colorado
23
                 THERESE LINDBLOM, Official Reporter
24              901 19th Street, Denver, Colorado 80294
              Proceedings Reported by Mechanical Stenography
25                 Transcription Produced via Computer
```

```
 9            MS. GREISEN:  I'm not sure I'm tracking what you're
10   saying, but -- I think I agree.  It's the -- it's -- sometimes
11   it is the disability that gives rise -- for instance, somebody
12   who has multiple sclerosis and does not believe that the
13   disability is being treated correctly, and then they have other
14   accommodations.  They may have a whole host of claims, but one
15   of them would be the lack of maybe physical therapy for the MS.
16            JUDGE KANE:  But that's still a question of
17   accommodation.
18            MS. GREISEN:  Well, I -- you know, I suppose you could
19   phrase it like that.  I mean, I -- whether or not the lack of
20   medical treatment or appropriate medical treatment might -- I
21   anticipate that the defense would argue that that's not a lack
22   of accommodation, that that's a medical treatment issue, and
23   that that can't be brought.
24            JUDGE KANE:  Well, that's -- I think the question is
25   whether it's an accommodation or not.  It could obviously be
```

44

```
 1   both.  But when you try to put in the Eighth Amendment matter,
 2   it -- you're getting different tests.  And you've got a large
 3   class, and it's impossible to administer it on that basis.
 4            MS. GREISEN:  It's a different test for liability;
 5   it's not a different test for damages.
 6            JUDGE KANE:  It is.  Let me suggest something to you.
 7   For example, let's say that you have a diabetic who has, A,
 8   mobility problems and, B, skin ulcers.  And that -- that class
 9   member is left in a cell for those skin ulcers to be festered
10   and not treated.
11            MS. GREISEN:  Right.
```

102704montezhearing transcript

12  JUDGE KANE: Now, as an individual claimant, then he
13  files -- that's cruel and unusual punishment. It's also
14  malpractice, and it's also a failure to accommodate under the
15  Americans with Disabilities Act. So it fits all three. But
16  what difference does it make?
17  We get back to this same question of, what do we
18  really care, in terms of implementing a settlement, whether
19  this comes under the Rehabilitation Act or not? Except for al
20  of these other questions that complicate the issue.
21  Can you give me a scenario in which someone is going
22  to be a disabled person under this class and is going to
23  receive some kind of treatment which is not a failure to
24  accommodate and which does constitute cruel and unusual
25  punishment? What sort of thing are you -- case, instance, are

45

1  you looking for?
2  MS. GREISEN: And you're right, Judge, I can't think
3  of one right now where the failure to give a medical treatment
4  couldn't also be argued as a failure to accommodate. You know
5  off the top of my head, I can't think of one.
6  What I guess I'm anticipating is that they'll come
7  back and they'll say, well, the diabetics who weren't treated
8  properly, that's really an Eighth Amendment issue, and that's
9  medical treatment issue, a medical malpractice issue, and
10  therefore, they shouldn't be allowed to bring those. But if
11  you can -- if they are able to be argued as an accommodation,
12  would agree, there is probably --
13  JUDGE NOTTINGHAM: I don't think he's saying they can