In The U.S. District Court
for Colorado
Case No. 92-N-870

L.R. Moore, Plaintiff (03030)

v.

Gov. Bill Owens, et al
Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2005

GREGORY C. LANGHAM
CLERK

L.R. Moore 47702
Box 777 CSP E311
Cañon 81215
pro se - no phone

## Motion to Expunge Verdicts of Unheld COPD Hearings

Plaintiff moves this court to order
expungement of verdicts of unheld
COPD hearings as these have been
used against him repeatedly by
Defendants at 15 July 05 class
Hearing and by Special Master in
Final order from same.

His grounds are that these
hearings, at CSP and AVCF, were
not held thus the verdicts violate

Hearings -2-

Code of Penal Discipline (COPD) which this Court established to settle the <u>Montonenk</u> suit. A review of the tapes and the prehearing requests by letter to Reviewing Supervisors (primarily Karen Cooper) will prove that these hearings not only did not take place but these were deliberately not held due to plaintiff requesting Initiating Officer as witness, and Representation. In each hearing, these requests were made, then Hearing Officer Richter falsely claimed these were not made. When he decided to cancel hearing in favor of his prejudged verdicts of guilty. Richter saw no point in hearing anyone as his verdict was set behind, thus did not hear.

To prevent such mockeries, COPP was written. As Richter is backed by Burbank, the CSP COPP Appeals Officer, Richter has no reason to follow COPD, thus never has. This was testified to by Burbank in 15 July hearing.
The Special Master then declared

—3—

then ruled that Burbank and COPD Hearings were irrelevant to ADA and thus to ADA class Hearing. But he failed to stick to his ruling in his Final Order.

Burbank, who denied almost all of Plaintiffs' COPP Appeals (a few denied by others—no appeals granted), having admitted he wrongly denied the appeals but deeming this too trivial ~~and~~ to correct, can now either order the hearings actually held, with Representation (knowledgable — few [none apparently at CSP] case managers are versed in COPD— Burbank would be much better but Richter states such won't be allowed) and witnesses (always the Initiating Officer and Reviewing Supervisor if requested). No quibbles, just so order by Burbank or let him ~~to~~ choose, by default, to have all these hearings expunged.

Such this Court has ordered

—4—

repeatedly previously and temporarily successfully. Hearing Officers, when unchecked, get into habit of not holding hearings, and then, when checked, being reassigned, often promoted. Plaintiff states this Court can not enforce COPD due to this habit, but can, and must, when COPD brought to its attention such as by a CoIoDOC attorneys review whether hearings followed COPD if prisoner claims they did not.

Or give proper staff, such as Burbank the choice of rescheduling hearings so as to comply with COPD or expungement. Plaintiff suggests this course is much easier as he believes Burbank will fail to so reschedule.

Further plaintiff asks that his resident observer, Dr Hubbell, who was allowed to observe the 15 July Class Hearings, be allowed to observe COPD Hearings. Plaintiff avows that such obser-

— 5 —

vation produces better hearings
as then staff feels compelled to
actually hear what is said, at
least during the hearing even if
they immediately ignore what
they heard. Without such an
observer (per Am Correctional
Assoc "Community Observer"
for "transparency"), too often
correctional administrators simply
fake hearings by not allowing
prisoners to present their side.
        Such would NOT be introducing
an advocate, an attorney, but
solely a silent observer with
permission to record testimony.
        Burbank once accepted then
denied soon later observer requests,
thus never allowing such.
        Previously, given the choice to
hold a hearing in compliance with
COPP or expense, the Colo DOC
has always chosen to expense.
        Plaintiff avows that this
Court has jurisdiction, both due
to Defense insisting on citing
verdicts even after claiming
means by which obtained irrelevant,
and from Marioneaux. Further, he

—6—

he does not need (altho best or heart ⊘ confusion) permanent expungement, but only for this matter. I.E. Suppression so fully that these verdicts will not be cited against him unless the result of a compliant hearing in anything in this case. Such would be hard to separate — all or new hearing is much simpler.

**THEREFORE** Plaintiff requests this Court to immediately order Dennis Burbank, CSP General Professional I, to schedule hearings in which there were neither[no] witnesses nor [~~inmate~~]no knowledgeable inmate representation that resulted in a[o] guilty verdict against Plaintiff; or have ~~them~~ all where such errors claimed be expunged by default.

Respectfully submitted this **1**
September by Plaintiff pro se.

_R. R. Moor_

Ex B

# STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
## DISPOSITION OF CHARGE(S)

−7−

DC Form 150-1B
(Revised 10/95)

Formal Hearing    X

Informal Conference    ☐

FACILITY:  CSP

CASE NO.    250139

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|

| CURRENT HOUSING UNIT | E3-11 | CURRENT SECURITY DESIGNATION | Ad Seg |
|---|---|---|---|

**FINDINGS OF FACT:**   (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

**CHARGE:**                                    PLEA:    FINDINGS:

II   27   Verbal Abuse                          NG        G    L R Moore

Was NOT present

Offender indicated that he understood his rights and desired to proceed with the hearing.  Offender Moore #47702 did not request witnesses.

**FINDINGS OF FACT:**

Offender Moore stated in a letter that he presumed Ms. Marta was on heavy meds.  He then referred to staff as blonde bitches. Moore goes on to refer to Ms. Marta as a habitual liar.  This letter containing the verbal abuse was presented as evidence.  Moore subjected staff to offensive/abusive language.  Therefore he was found Guilty of Verbal Abuse.

Moore did not present a relevant defense and was removed from the hearing for disruptive behavior.

**PRESENT AT HEARING:** Lt. K. Cooper, Disciplinary Officer, Escort Officers CO Brandt, CO Schlotterer and inmate Moore #47702.

**SANCTIONS BASED ON:** Recommendation of Disciplinary Officer    Hearing Never Held

**SUMMARY OF PENALTIES:**

II-27 - 40 days Loss of Privileges (TV, CIPS, Canteen, Recreation, LIBRARY) begins 08/16/05 ends 09/25/05.

S/ _____

Chairperson    William Richter                                         Date

| DATE OF HEARING | 08-16-05 | TIME OF HEARING | approx. 10:35 a.m. | LOCATION OF HEARING | CSP |
|---|---|---|---|---|---|

| COMMITTEE MEMBERS PRESENT | William Richter, Hearing Officer | | 020B/021A |
|---|---|---|---|

**SUPERINTENDENT/DIRECTOR REVIEW:** (Not required for Informal)

☑ AFFIRM          ☐ MODIFY          ☐ REVERSE

**COMMENTS:**

S/ _____

Not in cell Delivered by Sgt Williams

Administrative Head or Designee                                Date

Inmate Acknowledgment: I acknowledge receipt of a copy of this disposition of charge.

Name    Refused To Sign    Signature    Aug 29 05

Date

20048(9/97)    Distribution:    WHITE-Department File    CANARY-Working File    PINK-Superintendent/Director    GOLD-Inmate

*Ex A* ~8~

**STATE OF COLORADO**
**DEPARTMENT OF CORRECTIONS**
**DISPOSITION OF CHARGE(S)**

DC Form 150-1B
(Revised 10/95)

Formal Hearing     X

Informal Conference     ☐

FACILITY: CSP

CASE NO.     250148

| 1. INMATE NAME | MOORE, Lewis | DOC NUMBER | 47702 |
|---|---|---|---|
| CURRENT HOUSING UNIT | E3-11 | CURRENT SECURITY DESIGNATION | Ad Seg |

**FINDINGS OF FACT:**     (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

**CHARGE:**

| | | | PLEA: | FINDINGS: |
|---|---|---|---|---|
| II | 16 | Advocating or Creating Facility Disruption | NG | G |
| II | 27 | Verbal Abuse | NG | G |

*Was Not Present* ~ *Moore*

Offender indicated that he understood his rights and desired to proceed with the hearing. Offender Moore #47702 did not request representation or witnesses.

**FINDINGS OF FACT:**

Offender Moore stated to Ms. Marta (librarian) that his library material had already been picked up. Ms. Marta then continued her book delivery in E 3. Moore then began screaming at Ms. Marta to come and pick up his book. Moore's non stop screaming caused Ms. Marta to be unable to communicate with other offenders in the pod. This caused Ms. Marta to leave the pod and stop her book delivery. Moore's action/behavior caused a disruption to library operations. Therefore Moore was found Guilty of Advocating or Creating Facility Disruption.

Moore called Ms. Marta a lying bitch. Moore subjected staff to offensive/abusive language. Therefore he was found Guilty of Verbal Abuse.

Moore did not provide a relevant defense and was removed from the hearing for disruptive behavior.

**PRESENT AT HEARING:** Lt. K. Cooper, Disciplinary Officer, Escort Officers CO Brandt, CO Schlotterer and inmate Moore #47702.

**SANCTIONS BASED ON:** Recommendation of Disciplinary Officer.

*Hearing Never Held*

**SUMMARY OF PENALTIES:**

II-16 - 60 days Loss of Privileges (TV, CIPS, Canteen, Recreation, Library) begins 09/25/05 ends 11/24/05.
II-27 - 40 days Loss of Privileges - concurrent

S/ _(signature)_     8/23/05

Chairperson     William Richter     Date

| DATE OF HEARING | 08-16-05 | TIME OF HEARING | approx. 10:35 a.m. | LOCATION OF HEARING | CSP |
|---|---|---|---|---|---|

| COMMITTEE MEMBERS PRESENT | William Richter, Hearing Officer | | 020B/021A |
|---|---|---|---|

**SUPERINTENDENT/DIRECTOR REVIEW:** (Not required for Informal)

☑ AFFIRM     ☐ MODIFY     ☐ REVERSE

**COMMENTS:**

S/ _(signature)_
Administrative Head or Designee     Date

→ *not in cell, delivered by Sgt Williams*

Inmate Acknowledgment: I acknowledge receipt of a copy of this disposition of charge.

Name _(signature)_     Signature     *Aug 29 05*

Date

20048(9/97)     Distribution:     WHITE-Department File     CANARY-Working File     PINK-Superintendent/Director     GOLD-Inmate