In the U.S. District Court for Colorado

L.R. Moore, (03030)
Plaintiff

v.

Gov. Bill Owens et al
Defendants

L R Moore 47202
Box 777 CSP E311
Cañon 81215
pro se   no phone

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2005

GREGORY C. LANGHAM
CLERK

Case No. 92N870

## Motion for Prison Rule Access

Plaintiff moves for access to read and xerox the rules of CSP, the prison he is held at. He does so as these rules are needed in order both to comply and to cite, and as Defendants have denied him any access.

At 15 July 05 Class Hearing in this matter, Major Medina stated he had seized and destroyed rule copy sent to Plaintiff as legal mail. He said he did so because he "couldn't track" such copy. Why such must be tracked, or even can be tracked, was not explained as special

-2-

ruled that this matter was beyond his jurisdiction thus was not to be further explored. At that time, plaintiff still had read-only access to prison rules via General Library (Law Library lacks rules copy). Cathie Holst stated, some hearings, that she had ordered Law Library to not xerox rules under any circumstances without a court order specifying which rule and how many copies, sent directly to Law Library. She also claimed her ban was due to "tracking". Likewise Special Master cut it off at this point.

On 22 July, CSP Regular Librarian Marta cut plaintiff's access to this Library's rules copies. She did so when he objected to her labeling him a "retarded cripple"; then she asked Lt. Richter to extend her one month ban for the rest of 2005. He did. When plaintiff claimed such was illegal, Richter stated, on record (tape) that plaintiff objected solely for "self-gratification", refusing to state more.

-3-

Plaintiff has submitted request for administrative remedy but the response is slow and 99% are denied. He feels he should not have to await exhaustion to request this Court to provide access, as he needs immediate access due to this case as well as others, besides needing simply quotidian access. Further he feels that access to General Library and the rules therein is a prisoner's right rather than the priviledge that Richter and Marta claim.

**THEREFORE**, Plaintiff respectfully requests this Court to inform CSP Librarian Marta and CSP Lt. Wm Richter directly that General Library Access, especially to CSP rules, is considered a right, not a priviledge and thus access must be restored immediately, or cause shown how such would jeoprodize security. **Further** that Major Medina be asked to either drop ban on plaintiff receiving rule copy

-4-

by mail, including as priviledged mail from Dr Hubbell as such is better tracked, thus delivery more assured; that Medina so notify Hubbell, that ban has been dropped, doing so in writing.

**Further** that the Colorado Attorney General, as counsel for Defendants (includes Marta, Richter, Medina) and as having access to IA, OMs, and POs (these rules, being local to CSP, are NOT published externally, thus Hubbell lacks access), supply Plaintiff copy by mail upon request of Plaintiff should Marta refuse.

**Further** that Holst be asked to ~~drop ban~~ reverse ban on rule xeroxing, and thus freely allow it at 5¢ per page, her normal rate.

NB 7 June 05 Plaintiff sent a Miscellaneous Withdrawal and ~~xerox~~ IA xerox requests to CSP Business Office. The response was wordless denial as this rule ($1/page), an AR,

— 5 —

that provides for rule copying for prisoners, is NOT used at CSP.

1. Respectfully submitted this September 2005 by Plaintiff pro se with simultaneous copy mailed to Mr. Morscher, Colorado Atty General, 1525 Sherman 5th Floor, Denver 80203.

R R Moore