In the U.S. District Court for Colorado

Case No. 92-N-870 (consolidated)

L. R Moore, Plaintiff (03030)

v.

Gov. Bill Owens, et al Defendants

L R Moore 47702 (formerly Claim 03030)
Box 777 CSP E311
Cañon 81215

## Opening Brief & Order

Plaintiff, noting that lead plaintiff Montez has died, and that he has been granted pro se, recaptions this as Moore v. Owens. If the Court objects, he prays it will immediately notify him. He notes he is allowed an Opening Brief as the

Special Master's decisions are not binding. Due to Defendants refusal to allow pens, he will be very brief, expecting to expand when pens again allowed.

On 15 July 05, at CSP, Special Master Richard Borchers fished for four hours, trying to find a claim by Plaintiff that aided his friends, the Defendants. He heard none so he invented one, denying all the claims he actually heard, most by ommission in Final Order.

He locked any specific

-3-

knowledge of disabilities and of access needs. He said such were irrelevant as the intents of ADA and the Rehab Act were not to aid nor accomodate the disabled but to further the careers and goals of those administering these acts. His Final Order bears this out. (FO)

FO states that a few accomodations have been made for Plaintiff. Each statement is false as none have, and the Master was aware that none have. Further the Master libels

-4-

Plaintiff by falsely stating Plaintiff admitted tearing off a welded piece of metal to bang on door. Plaintiff neither so admitted nor was he accused so. Piece was tied on and had to be removed for shower access. The evidence was present at hearing but totally omitted in F.O.

The only heaved (also spalled) concrete sidewalk while Plaintiff was at LCF was a guardwalk, replaced via "Warden's Flower Fund" (auxilliary fund, some donations, for cosmetic improvements).

-5-

Usually no wheelchairs allowed on this walk abutting chowhall plaza. There were 2 further away, deliberately poured, <u>not</u> heaved, wheelchair barriers in prisoner walks. These were protested.

Some money was budgeted "to improve wheelchair access". This was taken by the Flower Fund. The spalled walks replaced, the barrier ones remain.

To aid his friends, the Muster, in FO, confuses deliberately the replaced walks and the barrier walks.

That is, he "awards" Plaintiff (but never pays) $50⁰⁰ for the problem of the spalled walk so as to justify taking ADA funds to replace this walk that posed a barrier to wheelchairs nor any other prisoner claimant.

This illusionary award he also uses to show he has not favored his friends 100%.

Plaintiff never claimed either walk as he is not at LCF nor expects to be. He only used this to illustrate the problems

in ~~getting~~ even the most basic relief, the removal of needless barriers, removed, especially when those protested BEFORE they were poured or creating a barrier where there had been none. This illustration was provided at hearing on the normal attitude of Defendants, especially Cathy Holst. Using it as a "granted relief" is but an insult, added to injury of denial of all actual claims.

-8-

Plaintiff has been, by Defendants;

(A) Tortured repeatedly

(B) Had his wheelchair stolen — still not returned

(C) Had his legal files stolen — and _burned_, then billed for burning ($5)

(D) Had incoming & outgoing legal mail destroyed.

(E) Deprived of pens to make writing harder

(F) Told he is faking his paralysis.

(G) Retaliated against for complaining and suing

THEREFORE plaintiff requests he be allowed to detail his claims de novo, that the F.O. be discarded except an proof of bad faith by Special Masters and Defendants.(Since such proof elsewhere abundant, F.O. seems superfluous), that this court, should it desire to mediate out-of-court, require that mediator/Master be fully knowledgable re access problems (i.e. a 'chair user).

Further Plaintiff requests this Court to hold comtempt for perjury hearings against many

of the Defendants. That is, give them a good reason to stop lying to this Court, as obviously no one has so given them.* Meaningful relief is impossible unless Defendants restrain their habitual lying until relief fully implemented. Hayes v Marriott 70 F3d 1144 et seq.

Further Plaintiff needs immediate relief from legal access barriers gratutiously imposed by Defendants (viz Proposed Order).

---

* Plaintiff accepts that all expect prison keepers to lie about prisoners. But such is the core of this class action!

-11-

Finally, plaintiff believes he is entitled to have his claims heard rather than dismissed before hearing by an ex-judge disrobed for repeatedly doing such to the point of adding his own imaginary evidence or done here. Once actually heard, plaintiff believes at least some of his claims will result in Defendants actually producing real relief instead of insults or their alternative will a be trial by jury they are unlikely to win.

Plaintiff knew Montez well, has been in much

longer, is more disabled, and has suffered more at hands of Defendants, thus justice demands that his claims ~~be~~ not be treated as much more trivial. In both prisoners' cases, the core problem is the far too often refusal of Defense to address the issues raised per se. Instead dismissing them with lies, libels, and ad hominem attacks - "You earned your problem" - as Special Master does here. Such never removed barriers, nor stopped

-13-

"pain compliance therapy" (a.k.a. torture or "special controls" or "behavior modification") for "refusing" to walk. Real, versus, trivial relief is the core of this class action, thus claims must be heard by some one willing to provide same (Borchers claims he lacks power to order even one needless barrier removed).

Respectfully submitted
1 September 2005 pro se.
L R Moore

—14—

Proposed Order

Defendants, via CSP Warden, are hereby ordered to provide Plaintiff the maximum level of access enjoyed by any CSP prisoner in all legal matters, especially periferal ones such as use of pens. On these, they are to ensure that he always has at least one that works. They may bill him for same.

Further ordered is the forwarding of all items not deemed legal mail/priviledged mail (but sent as such) to this Court - rather

than be destroyed by Defendants. This applies to incoming and outgoing.

Further ordered that any requests by Plaintiff made in name of legal access and denied, be forwarded with denial, to the Court by denier immediately. That decision by staff be made within 5 working days.

This order to stand until this matter finally resolved including all appeals.

So ordered, etc

Addendum

On 1 September 2005, Lynn Erickson, head of CSP Clinical Services, who testified at 15 July Hearing and was present thruout, sent emissary (Ms Bowers?) at noon to plaintiff to apologize orally for perjured testimony by herself and Ms Holst ~~that~~ and Ms Camper, and previous such lying. These were done out of anger due to erroneous belief Plaintiff could walk. These led to wrongly charging plaintiff with removing right side footrest for shower access which Special Master, et al further distorted at hearing and in Final Order. Emissary said Erickson had no control over Special Master nor CSP Hearing Officer thus would not write them. Nor Cathie Holst. I.E. be happy that Erickson, after one year, finally admits error.

This perhaps will lead to wheelchair claimed delivered 15 July that has not been as of 1 Sept 2005

**3rd Repeat**

**State of Colorado**
**Department of Corrections**
**REQUEST FOR INTERVIEW**
DC Form 20-22 (Revised 10/90)

Date: 29 Aug 05
Name: L R Moore
Reg. No.: 47702
C.H.: E   Tier: 3   Cell: 4
Audience With: C/M PeToSco
Give Reason: Acct from June 1 on. Also need Two COPD appeals And copy of latest charge Verbally informed by control as seems Sgt Adams refuses to deliver So says Sgt Holland

---

**State of Colorado**
**Department of Corrections**
**REQUEST FOR INTERVIEW**
DC Form 20-22 (Revised 10/90)

Date: 29 Aug 05
Name: L R Moore
Reg. No.: 47702
C.H.: E   Tier: 3   Cell: 11
Audience With: C/M Refuses
Give Reason: Canteen out of flex pens for 3 weeks. How do I get one?

---

**State of Colorado**
**Department of Corrections**
**REQUEST FOR INTERVIEW**
DC Form 20-22 (Revised 10/90)

Date: Aug 05
Name: L R Moore
Reg. No.: 47702
C.H.: E   Tier: 3   Cell: 4
Audience With: C/M PeFosco
Give Reason: Please send me official rejection for filed 7/21/05