IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)
(Consolidated with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.
Plaintiffs,

v.

BILL OWENS, et al.,
Defendants.

## STATUS REPORT BY PLAINTIFF CLASS ON PENDING ISSUES

The Plaintiff Class, through undersigned class counsel, pursuant to the Court's Order of September 9, 2005, hereby submits a status report on the issues pending before this Court as follows:

1. At the hearing on September 9, 2005, this Court directed the parties to submit a report on the matters that are currently pending and whether the matter was to be decided by the Honorable Judge Nottingham or the Honorable Judge Kane. The list of those matters submitted by the Plaintiff Class is as follows:

### A. Class Wide Discovery Issue – Who Bears the Costs of Discovery

Pending Motions

| | |
|---|---|
| Docket # 811 | (Plaintiff Class) Motion to Judge Kane for Clarification Regarding Discovery Costs |
| Docket #845 | (Defendants') Response to Plaintiffs' Motion for Clarification Regarding Discovery Costs |
| Docket # 864 | (Plaintiffs') Reply on Motion for Clarification Regarding Discovery Costs |

Related Filings:

| | |
|---|---|
| Docket # 664 | Order by Special Master Concerning Discovery |
| Docket # 683 | Objections by Defendants to Order of Special Master re: Discovery |
| Docket # 765 | Order Overruling Objection to Order of Special Master by Judge Kane |
| Docket #745 | Order in Response to Report and Recommendations of the Special Masters to Judge Kane (By Judge Nottingham and Judge Kane) |

Explanation:   The Special Master entered an Order (Docket # 664) that the Defendants had to pay the costs of certain discovery during the damage claim process.  The Defendants objected to that Order (Docket # 683).  That objection was addressed to Judge Kane.  Judge Kane subsequently overruled the Defendants objections on December 10, 2004 (Docket # 765).  In the interim, the Court, through Judge Nottingham and Judge Kane, heard arguments regarding whether certain liability defenses could be raised during the damage claim process and issued an Order on November 23, 2004 (Docket #745).[1]  Defendants claim that paragraph 7 of the November 23, 2004 Order holds that Plaintiffs must pay for any discovery above 10 pages during the damage claim process, despite Judge Kane's Order of December 10, 2004.  Plaintiffs contend that Judge Kane's Order in December 2004 controls and Defendants bear the cost of that discovery.  This issue affects all class members during the damage claim process.  Although

---

[1] At that hearing, defense counsel Beth McCann acknowledged that the Plaintiffs had not yet had an opportunity the discovery costs issue and Judge Kane stated that he did not want to decide the cost issue at that hearing.  Transcript of October 27, 2004 hearing, pp. 47, ll. 16-25 to p.48, l.6.

2

Class Counsel believes that Judge Kane has already decided this issue, we believe it is appropriate for Judge Nottingham to clarify this issue.

### B. <u>Whether Subsequent Legal Authority Bars Liability During the Damage Claim Process</u>

<u>Pending Motions</u>

Docket # 1065        Plaintiff Class Appeal Regarding the Availability of Damages for Denial of Medical Care

Defendants have not yet filed a response to this appeal.

<u>Related Filings</u>:

Docket # 1000        Final Order of Special Master re: Claimant Joseph Lovato

Docket #1031         Defendants' Appeal to Judge Kane Regarding Damage Award To Steven Paul Walker

<u>Explanation:</u>

Class Counsel has filed an appeal on behalf of Joseph Lovato, Joe Eubanks, and all class members concerning the availability of certain damages during the damage claim process. In almost every decision issued by the Special Masters to date, they are summarily denying damages for the Defendants' refusal to accommodate the medical needs of inmates in reliance on the Tenth Circuit's recent decision in *Fitzgerald v. Corrections Corporation of America, Inc, et. al.*, 403 F.3rd 1134 (10th Cir. 2005). As this is an issue that affects the entire class, Plaintiffs submit that Judge Nottingham should decide this issue under a *de novo* review.

Defendants' appeal (Docket # 1031) also raises the *Fitzgerald* issue as well as whether the Special Master abused his discretion. As this appeal appears to be

primarily a review of the facts of the claimants case, Plaintiffs submit that it be determined by Judge Kane after Judge Nottingham has ruled on the *Fitzgerald* issues.

### C. Notice of Non-Compliance With Remedial Plan

Docket # 1028        Plaintiff Class Notice to The Honorable Judge Kane of Non-Compliance with Remedial Plan

Docket # 1051        Response to Notice of Non-Compliance

Explanation:

The Remedial Plan, at paragraph XXXI, specifies that Judge Kane shall resolve disputes concerning whether Defendants are in compliance with the Remedial Plan. Accordingly, Class Counsel believes this motion is properly before Judge Kane. The parties addressed this matter with Judge Kane at a status conference on September 8, 2005.

DATED this 14th day of September, 2005.

Respectfully submitted,

KING & GREISEN, LLP

 s/ Paula Greisen
Paula Greisen
1670 York Street
Denver, Colorado 80206
(303) 298-9878
(303) 298-9879 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **STATUS REPORT BY PLAINTIFF CLASS ON PENDING ISSUES** was placed in the United States mail, first-class postage prepaid, this 14th day of September 2005, to the following:

Elizabeth H. McCann, Esq.
James X. Quinn, Esq,
Attorney Generals Office
Civil Litigation and Employment Law Section
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
beth.mccann@state.co.us
james.quinn@state.co.us

Hon. Richard M. Borchgers
Legal Resolution Cenbter
707 Zenobia Street
Westminister, CO 80030
dborchers@legalres.com

                                                                                s/Paula Greisen