FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 19 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action, File No. 92 N 870 (03030)
(To be supplied by the Court)

L R Moore                      )
                , Plaintiff(s) )
                               )
                               )
vs.                            )
                               )
Gov. Bill Owens                )
                               )
                ,Defendant(s)  )
                               )

## Motion to Set Trial Date

Plaintiff moves this court to immediately set a trial date. He does so on basis Defendants have admitted there is merit to at least one of his claims, thus relief should be granted but they refuse to provide any, not even the insulting token awarded by Special Master.



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

This is the best quality copy of the following document.

Clerks Office
United States District Court

-2-

Further,[1] plaintiff notes that Special Master (SM) not only lacked essential expertize in Disabled Access (the core of this suit) but deliberately lacked; and was not consented to by Plaintiff. Thus his findings are not binding.

Defendants have not done as SM claims in Final Order (FO) have neither repaired nor replaced worn out wheelchair. Nor paid Plaintiff the $50 per FO.

SM not only lacked expertize, but reversed the clear intent of the law he claimed he was administering, ADA; and failed to hear 90% of what Plaintiff said, while hearing 150% of what Defense said (SM embellished

---

[1] Plaintiff apologizes for colored pencil. Defendants have taken ink pens, as in prior Motion. And pencils almost gone.

-3-

much to add to what Defense et al actually said).

The two critical needs at any hearing are that the parties be heard and that this be done impartially. Since neither met, the need for jury trial seems imperative unless Defendants will accept de novo hearing by a Master of Plaintiff's choosing. Even if such occurs, they will likely prefer trial.

There is, nor was nothing "vague" about being pulled out of wheelchair and dropped on floor to see if can walk. Defendants' own reports were offered as evidence — date, staff, etc.

-4-

For this abuse, Plaintiff obtained record. For others, he was unable to and SM refused to order Defense to provide copy of log that would have specifics as recorded by Defendants, thus undeniable.

Likewise the theft of Plaintiff's personal wheel-chair by Defendant McCall, abetted by Defendant Holst's libels. That these libels were false and malicious was admitted by Defense at Hearing.

These two specifics, return of chair and stop of physical abuse, SM obfuscated as if he did

not hear them. Plaintiff alleges he chose not to hear them, to be deliberately deaf, to deliberately misinterpret ADA so as to falsely reject them as ADA claims.

SM was not satisfied with being deaf to Plaintiff. SM put words in Plaintiff's mouth, in F@, that Plaintiff never said, an admission to an incident that did not occur. SM said Plaintiff "earned" the theft of his chair, and the torture. Such is NOT impartial.

Even SM's award was not for a claim by Plaintiff but for one by LT Warden

LCF deliberately poured needless steps forming barriers to chair travel where there had been none. Plaintiff postensibly was punished. Warden obtained barrier removal money, spent same on flower beds, drains, boardwalk. Barriers remained intact. Since Defense admitted existence of barriers, SM awarded Plaintiff $500.00 altho Plaintiff is not at LCF nor asked for the award. He did state that such was what was wrong in how Defendants abused ADA, that barriers should

be removed rather than used as excuses to keep getting money to then plant flowers instead.

SM did not order removal of barriers, stating in FO, that such flower planting was "exactly why Congress enacted ADA".

THEREFORE, can there be any resolution short of ~~trial~~ jury trial? Please set a date.

Respectfully submitted this September 2005 by

L R Moore

L R Moore 47702
Box 777 CSP E3H
Cañon 81215

Certificate #96-N-90
of Service
On 2 September
2005 Plaintiff pro se
Sgt Colorado Attorney
General, 1525 Sherman
Sri Floor, Richard Cruse
Copy of Motion to
Set Trial Date, as
xeroxed by Attorney
Generals client, Catholic
Holist/Vision Youth Federal
Semi-illegibly.

L R Manna
LR Manna, Plaintiff
Box 777
Canon 81215