IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 05 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number 02-509
Category II
Claimant: David Ward, #47095
Address of Claimant: 2456 Gray Street, Edgewater, CO 80214

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on his own motion. On July 18, 2005, the Special Master issued an order directing Claimant to respond in writing and to indicate how he could pursue his claim which is based upon medical malpractice and neglect. Claimant was given up to and including August 29, 2005 in which to respond to the order of July 18, 2005. Claimant has failed to respond to the order.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. The order requires that there be a showing that CDOC or its staff discriminated against Claimant in some way because of his disability. This order further indicated that the Remedial Plan did not envision Eighth Amendment medical malpractice claims, except to the extent that all four questions set forth above were answered in the affirmative.

Claimant received medical and vision care. He has had concerns about that care. When asked about discriminatory conduct toward him, Claimant stated in his claim form that "I was discriminated against by the DOC because I did not receiver proper medical treatment due to lack of funding for my particular medical."

On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. All Eighth Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the case provided to him, that is beyond the jurisdiction of the Special Masters.

Claimant was given an opportunity to respond to the order of July 18, 2005. He failed to do so. He is free to pursue a separate action brought under the Eighth Amendment or state statutes. He cannot proceed with his claim under the Remedial Plan.

IT IS HEREBY ORDERED that the claim of David Ward is dismissed, as he has failed to allege any discrimination by Defendants covered by the Remedial Plan; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 15, 2005.**

SIGNED this 19th day of September, 2005.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

     I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 19th day of September, 2005 to the following:

Mr. David Ward
2456 Gray Street
Edgewater, CO 80214

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Adams Wiens
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____