IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

  Plaintiffs,

-vs.-

BILL OWENS, et al.

  Defendants.

---

Claim Number 05-001
Category V
Claimant: Kenneth G. Garcia, Jr.
Address of Claimant: P.O. Box 777, Cañon City, CO 81215

---

Claim Number 05-002
Category V
Claimant: Mary Alonzo
Address of Claimant: 3110 Umatilla St., Denver, CO 80211

---

Claim Number 05-03
Category V
Claimant: Kenneth Alvin G. Jones, as brother of Nathan Jones
Address of Claimant: c/o H. Earl Moyer, Attorney at Law, 1401 Saulsbury Street, #204, Lakewood, CO 80214

---

Claim Number 05-004 (formerly 02-196)
Category V
Claimant: Elizabeth Serene, as mother of Rex Serene (Deceased)
Address of Claimant: 6413 Yank Court, #B, Arvada, CO 80004

Case No. 1:92-cv-00870-CMA-MEH   Document 1149-1   filed 10/17/05   USDC Colorado   pg 2
Case 1:92-cv-00870-EWN-OES   Document 1083   Filed 09/06/2005   Page 2 of 11
of 11

Claim Number 05-005
Category V
Claimant: John E. Mossman, Sr., as father of Paul Mossman (Deceased)
Address of Claimant: c/o H. Earl Moyer, Attorney at Law, 1401 Saulsbury, #204, Lakewood, CO 80214

---

Claim Number 05-006
Category V
Claimant: Estate of Jessie Montez
Address of Claimant: c/o Paula Greisen, King & Greisen Attorney at Law, 1670 York Street, Denver, CO 80206

---

Claim Number 05-008
Category V
Claimant: Clifford K. and Margarite M. Moore (as Father and Mother of Steven Richard Moore)
Address of Claimant: 101 Saturn Circle, Radcliff, KY 40160-2661

---

## ORDER OF SPECIAL MASTERS

## CATEGORY V DAMAGES

THIS MATTER comes before the Special Masters on the issue of what damages and remedies are available to claimants who have filed claims that have been assigned to Category V. The Special Masters provided an opportunity for counsel and the parties to submit written briefs. The Special Masters have reviewed the briefs that have been filed and have determined that further argument on the matter is unnecessary.

### I.

This action was commenced in 1992 against the then-named defendants pursuant to the *Rehabilitation Act, 29 U.S.C. § 794 (Rehabilitation Act), the Americans with Disabilities Act, 42 U.S.C. § 12101 to 12213* (ADA), and *42 U.S.C. § 1983* (§1983). Coupled in with the cited statutes

2

were claims under the Eighth Amendment and Fourteenth Amendment to the United States Constitution. *Montez v. Romer*, 32 F.Supp. 1235 (D.Colo. 1999). With the exception of the then-Governor of the State of Colorado, all defendants were affiliated in some form or fashion with the Colorado Department of Corrections (CDOC). The case was assigned to Judge Edward W. Nottingham; and was certified by Judge Nottingham as a class action on behalf of all inmates who were similarly situated.

Motions were filed by various parties over the years. Judge Nottingham ruled on motions for summary judgment and narrowed the issues and claims of the class. *Id. at 1243.* The case was scheduled for trial and the parties then proposed a settlement to the Court. A fairness hearing was held on August 27, 2003, and the Remedial Plan (Agreement) was approved by Judge Nottingham. This case then was closed administratively.

As part of the Agreement, it was agreed that CDOC would undertake various steps to provide services or access for inmates who qualified under the ADA or Rehabilitatoin Act. The Agreement provided, in part, as follows:

> III. Definitions
>
> > A. COVERED DISABILITIES
> > The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> >
> > B. QUALIFIED INMATE
> > Inmate with a permanent physical disability/impairment which substantially limits his or her ability to perform a major life activity.
> >
> > C. PERMANENT DISABILITY/IMPAIRMENT
> > A condition which is not expected to improve within six months.

*Agreement, pp.1-2.* Thus, the Agreement provided for resolution of all issues related to four specific

3

disability/impairment categories. An inmate with a non-covered disability, such as a mental illness, would not be covered by the Agreement. That inmate's remedy, if any, could be obtained only through separate litigation.

The parties agreed also to a means of resolution of damage claims through the Agreement. This provision is contained in Paragraph XXXII, which reads as follows:

> DAMAGES
>
> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim of damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the five categories of damages shall apply to each class member:
>
> I. General inconvenience or nominal damages;
>
> II. Damages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury;
>
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as fear of death);
>
> IV. Damages due to severe physical injuries; and
>
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.
>
> Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before the special master. Class members (or their representatives) with damages under categories 3, 4 & 5 shall be entitled to a

4

Case No. 1:92-cv-00870-CMA-MEH   Document 1149-1   filed 10/17/05   USDC Colorado   pg 5
of 11
Case 1:92-cv-00870-EWN-OES   Document 1083   Filed 09/06/2005   Page 5 of 11

> hearing before the Special Master. Generally, these hearings should be no more than two hours in length. However, the Special Master may extend the time for the hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law.
>
> After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.
>
> Class members, their representatives and counsel are entitled to discovery regarding their damage claims and shall be provided copies of the relevant DOC files upon request, including but not limited to medical information, as well as relevant internal quality assurance documents as allowed by the special master.
>
> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claim Forms. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claim for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a damage claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.
>
> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their damage claim.

*Agreement, pp. 28-29.*

Pursuant to the Agreement, damage claim forms were prepared by the Special Masters and then provided to CDOC for distribution to inmates, former inmates and representatives of inmates. Claim forms began to be filed on or about April 1, 2004. Each claim form submitted was reviewed by one of the Special Masters and assigned to a category.

Category V under Paragraph XXXII is labeled simply "damages due to death." To date, eight

claims have been filed that have been assigned to Category V. Seven of the claims remain before the Special Masters at this time.[1] In all seven of these claims, the inmate is deceased; and it is alleged that the death was related to something that CDOC or its staff did or did not do. All seven claims have been set for hearing several months into the future, as the issue of damages must be resolved prior to the hearings. It is anticipated that each hearing will take one day.

The question presently before the Special Masters is what damages or relief may be requested by each of the Class V claimants. Counsel for the class argues that there are no limitations on any Class V claimant.[2] This argument is premised upon the Agreement and its language in Paragraph XXXII that all claimants are entitled "to any remedy otherwise available in a court of law." Further, counsel for the class argues that family members are entitled to damages in their own names because of the death of the inmate. Finally, counsel argues that the Special Masters may consider claims under 42 U.S.C. §1983, as that is provided by the language contained in the Agreement.

Counsel for Defendants sees things very differently. Defendants argue that Category V claimants are not entitled to damages under 42 U.S.C. §1983 or punitive damages. Defendants further argue that claimants may only claim compensatory damages for loss of earnings and expenses sustained prior to death.

The Agreement provides the basis for the filing of claims for damages or other relief. Absent

---

[1] One claim has been dismissed without prejudice. The claim was reassigned by the Special Masters to Category V after the death of the claimant. Efforts to reach the next-of-kin have proven futile. As a result, the claim could not be prosecuted and has been dismissed.

[2] Class counsel have no obligation to represent any individual claimant on his or her claim. The Agreement provided that counsel for the class could enter their appearance for individual claimants but that was not required. For purposes of this Order, it will be assumed that counsel for the class continues to represent the class to insure compliance with the Agreement and to look out for the general welfare of the class.

the Agreement, each claimant or his representative would have to commence a separate lawsuit seeking damages or relief. The approval of the Agreement by Judge Nottingham established the class of inmates or former inmates who were able to pursue claims for damages, either individually or through representatives, if deceased or incompetent. The approval also provided that no member of the class could opt out and bring his own action for a covered condition. Thus, individual inmates had to file a claim if within the class and suffering from a covered condition.

Paragraph XXXII provides that "[c]lass members entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law." Claimants argue that this sentence entitles them to any form of damages, including punitive damages against Defendants. The Special Masters disagree.

At the time of approval of the Agreement by Judge Nottingham, all claims under §1983 had been dismissed. *Montez v. Romer*, 32 F.Supp.2d 1235 (D.Colo. 1999). Counsel's argument that §1983 claims were resurrected by the Agreement is not reflected in the document itself. In addition, review of the claims placed into Category V does not indicate that any listed defendant had any direct contact with one of the deceased. The claim process did not envision additional individual defendants being named and brought into the case. Reference to §1983 cases is unhelpful, as that statute has no bearing on the claims that have been filed, including the seven under Category V.

All claims must be evaluated solely under the Americans with Disabilities Act (ADA), *42 U.S.C. §12101, et seq.*, and the Rehabilitation Act (Rehab Act), *29 U.S.C. §794*. The Order of November 23, 2004 by Judges Nottingham and Kane makes clear that these are the two statutes that control the claim process. *Order of November 23, 2004, p.2.* Any medical negligence allegation must be examined under the Eighth Amendment. No claim for medical negligence can be

7

entertained by the Special Masters unless all four criteria set forth in the November 23, 2004 Order are established by a claimant or his representative. In light of the Tenth Circuit decision in *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134 (10th Cir. 2005), the ADA and Rehab Act do not provide remedies for medical negligence. *Id. at 1144.*

For purposes of this Order, it will be assumed that each inmate had a viable and provable claim under the ADA and/or the Rehab Act at the time of death. The question then is what survived the death of the inmate. The ADA and the Rehab Act do not address survival of a cause of action. Judge Carrigan of this Court was faced with this issue in *Rosenblum v. Colorado Department of Health*, 878 F.Supp. 1404 (D.Colo. 1994). Judge Carrigan stated, in part, as follows:

> The ADA does not address the issue of survival of causes of action. Thus, pursuant to 42 U.S.C. §1988, the court must look to state law, provided that it is "not inconsistent with the Constitution and the laws of the United States." (citation omitted). Colorado law provides:
>
>> All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor or against whom such action has accrued...and, in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued shall be limited to loss of earnings and expenses sustained or incurred prior to death and shall not include damages for pain, suffering, or disfigurement, nor prospective profits or earnings after the death.
>
> Colo.Rev.Stat. §13-20-101(1). This provision is not inconsistent with the ADA, which does not address the availability of damages after the plaintiff's death. Further, it is not necessarily inconsistent with the policies underlying the ADA – namely, deterrence and victim compensation. (citation omitted). Accordingly, I find and conclude that the plaintiff may not recover damages for pain and suffering, nor lost earnings or benefits for times after September 25, 1994.

*Id. at 1408-09*. Other courts have struggled also with determining what claims under the ADA and Rehab Act survive the death of the individual. *Hanson v. Atlantic Research Corp.*, 2003 WL

8

430484(E.D.Ark., 2003); *Allred v. Solaray, Inc.*, 971 F.Supp. 1394 (D.Utah 1997).

The Agreement simply does not provide the damages that Category V claimants maintain should be available. The claim process is not a substitute for a wrongful death action by survivors of the deceased. *Reighley v. International Playtex, Inc.*, 604 F.Supp. 1078 (D.Colo. 1985). The Agreement does not bar survivors from filing a wrongful death action. In addition, the Agreement is not a substitute for an action under 42 U.S.C. §1983 by a claimant if it is believed that an Eighth Amendment violation occurred.

The argument that family members are entitled to damages is premised upon wrongful death, which is a separate cause of action. *DeCicco v. Trinidad Area Health Association*, 573 P.2d 559 (Colo.App. 1977). The ADA and Rehab Act do not contain any provision which would allow for recovery for family damages. *Hanson v. Atlantic Research Corporation, supra*.

Pursuant to the Order of November 23, 2004, the Special Masters must examine the Remedial Plan first. The Remedial Plan does not provide for damages under §1983. The remedial plan does provide for "any remedy otherwise available in a court of law." The term "available" requires reference to the ADA and Rehab Act. Damages for pain and suffering are not available after death, nor are earnings or expenses past the date of death. *Rosenblum v. Colorado Department of Health, supra*. Likewise, no claim for punitive damages survived the death of the inmate. *C.R.S. §13-20-101(1)*.

IT IS HEREBY ORDERED that claimants pursuing Category V claims may not seek damages for pain and suffering, nor lost earnings after the date of death of the inmate or former inmate; and

IT IS FURTHER ORDERED that claimants pursuing Category V claims may not seek

punitive damages from Defendants; and

IT IS FURTHER ORDERED that claimants pursuing Category V claims may not pursue claims under 42 U.S.C. §1983, as those claims were dismissed by Judge Nottingham.

SIGNED this 31 day of August, 2005.

BY THE COURT:

By: _____
Richard M. Borchers
Special Master

By: _____
Bruce D. Pringle
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this /s/ day of September, 2005 to the following:

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia S. Bellac
King & Greisen, LLP
4845 Pearl East Circle, #101
Boulder, CO 80301

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Adam Wiens
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

Mr. Kenneth G. Garcia, Jr.
#82819
CSP
P.O. Box 777
Canon City, CO 81215-0999

Ms. Mary Alonzo
3110 Umatilla Street
Denver, CO 80211

Mr. H. Earl Moyer
1401 Saulsbury Street, #204
Lakewood, CO 80214

Ms. Elizabeth Serene
6413 Yank Court, #B
Arvada, CO 80004

Mr. & Mrs. Clifford Moore
101 Saturn Drive
Radcliff, KY 40160-2661

_/s/ Marjie Dykstra_