IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N–343)

JESSE MONTEZ, et al.

     Plaintiffs,

-vs.-

BILL OWENS, et al.

     Defendants.

FILED
UNITED STATES ... COURT
DENVER ...

OCT 25 2005

GREGORY ... AM
CLERK

---

## ORDER OF SPECIAL MASTER

### ENLARGEMENT OF TIME ON ALL CATEGORY I AND II CLAIMS

---

THIS MATTER comes before the Special Master on Defendants' Motion for Enlargement of Time. The Special Master has reviewed this motion, and further argument will be waived.

Defendants voluntarily entered into the Remedial Plan on August 27, 2003. Defendants chose to settle this case rather than litigate all pending issues before Judge Nottingham. Part of the Remedial Plan established the claims process that led to the appointment of the two Special Masters. *Section XXXII, Remedial Plan.* With the approval of the Remedial Plan by Judge Nottingham, the claims process began.

In May 2005, the Special Masters were presented with two motions filed by Defendants. One was for enlargement of time to file responses to Category I and II claims. The representations of Defendants were that counsel were inundated with claims and it had become impossible to respond to all claims that had been placed into Categories I and II. Defendants requested more time to respond to Category I and II claims. The motion was granted, and all responses for Category I claims and Category II claims from 02-001 through 02-400 were to be filed by October 7, 2005. As part of the order granting the motion for enlargement of time, a timetable was set for the processing of all claims in Categories I and II. An additional motion not to schedule four days of hearings per week also was granted.

Defendants have filed a second motion for enlargement of time, but this motion relates only to the responses to claims due on October 7, 2005. As is evident from the motion, only some responses due on that date have been filed. The reason given for requesting the enlargement of time to respond is that the Office of the Colorado Attorney General has assigned only two full-time

attorneys to handle all claims. It is alleged that the State of Colorado has budget constraints and, therefore, additional attorneys either cannot be hired or assigned to handle these claims. It is alleged further "[a]ny individual attorney can only prepare and draft a handful of Responses each week." *Motion, p.2.* Defendants have requested seven additional months to respond to all Category I claims and Category II claims from 02-001 through 02-400.

At this writing, a handful of claimants have filed objections to the request for enlargement of time. All have pointed to the delay that has occurred to date in having their claims adjudicated. In one case, a claimant notes that it has been more than eighteen months since he filed his claim and Defendants have not responded to it. Under Defendants' logic, it is obvious that claimants who have filed claims numbered 02-401 and higher will be expected to wait months, even years, for adjudication of their claims.

Defendants make the statement that "neither party will be prejudiced." *Motion, p.3.* This simply is not true. Since the first claim was filed in early April 2004, twenty-one individuals who have filed claims have died. It is unknown what these individuals died of, but they were unable to receive an adjudication of their claims before passing on. A number of claimants have precarious health issues. All claimants deserve to have an adjudication of their claims in a fair and timely manner.

Defendants entered into the settlement of this case through the Remedial Plan in August 2003 with the full knowledge that claims would be filed. As part of the settlement of the case, Defendants should have been prepared to provide the necessary resources to deal with these claims. Defendants further have expended time and resources raising issues such as Eleventh Amendment immunity and the applicability of the Prisoner Litigation Reform Act of 1995. Both of these issues were rejected summarily by Judges Nottingham and Kane as having been negotiated away as part of the Remedial Plan. One can only wonder how many responses could have been filed during the delay pending a ruling on the Eleventh Amendment immunity issue alone.

It would be unconscionable to grant an extension of seven months on the claims at issue. The Special Masters can appreciate the time that must be spent responding to each individual claim. This does not justify the delay in placing these claims in a position for adjudication. The Special Masters will not entertain additional blanket motions for enlargement of time.

Defendants have an alternative that they may exercise. Claims placed into Categories I and II are not entitled to a hearing. Category III claims require a hearing, but Defendants have not been required to file formal answers to those claims. Instead, each side has been required to file a list of anticipated witnesses. Medical records for claimants have been required at the hearings. Defendants have the right to request the placement of claims into Category III. Such a request would be reviewed by the Special Masters. If granted, a claimant would be accorded the right to a hearing.

The Special Master will grant one additional enlargement of time, but as to all claims. Defendants will have the responsibility of mailing a copy of this order to all claimants who have not

received a response from Defendants. The deadlines for filing all responses are extended as follows:

    1. Category I claims and all Category II claims through 02-400    **February 28, 2006**

    2. Category II claims from 02-401 through 02-600    **May 15, 2006**

    3. Category II claims from 02-601 on 02-901    **August 15, 2006**

No further enlargements of time will be granted.

    IT IS HEREBY ORDERED that Defendants' motion for enlargement of time is granted, in part, as follows:

    1. Responses to all Category I and Category II claims through 02-400 are to be filed by Defendants on or before **February 28, 2006**; and

    2. Responses to all Category II claims from 02-401 through 02-600 are to be filed on or before **May 15, 2006**; and

    3. Responses to all Category II claims from 02-601 on are to be filed on or before **August 15, 2006.**

    IT IS FURTHER ORDERED that **no additional enlargements of time will be granted**; and

    IT IS FURTHER ORDERED that Defendants retain the right to request placement of any claim into Category III; and

    IT IS FURTHER ORDERED that Defendants will mail a copy of this order to all Claimants in Categories I and II who have not yet received a response to their claims.

    SIGNED this 24 day of October, 2005.

                BY THE COURT:

        By: _____
             Richard M. Borchers
             Bruce D. Pringle
             Special Masters

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this $2\mathcal{Y}$ day of October, 2005 to the following:

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia S. Bellac
King & Greisen, LLP
4845 Pearl East Circle, #101
Boulder, CO 80301

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Adams Wiens
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203