FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 92-N-870 (OES) (Consolidated for all purposes with CIVIL ACTION NO. 96-N-343)

Jesse Montez, et al.,
        PLAINTIFFS

VS.

Bill Owens, et al.
        DEFENDANTS

Claim Number 03-014
Category # III
Claimant: James Smith
Address: FLCF, P.O. Box 1000, Fort Lyon, Colorado 81038-1000

By special apointment "FINAL ORDER OF SPECIAL MASTER" IS REFUSED FOR fraud as Judgment Bassed on fraudlent actions has no Juris-diction And is Therefore a void and Fed. R. C. P. 53 (a)(1)(A)(B)(C) in this claim dose not apply And court order to imedeitly Return all Origen-al documents And Copy of JUNE 9/2005 hearing transcrip And court Order to allow claiment to have and keep in his position the Tools needed To properly administer his legal claims fresuent to Rule 53(g)(2)

Comes now James Smith, Secured party & Holder in due course, do refuse the Order of Judge Richard M. Borchers, titled "FINAL ORDER OF SPECIAL MASTER" (here after FINE/ORDER) dated October 11-2005 & claimant do not accept the compeled beenefit there of as settlement plus as as opperation of law prescribed by UCC § 1 -201 (19) & UCC § 2-103 (1)(b) & not accepted. Which was issued in bad faith by FRAUD as the following substantial facts shall iden-afie.

No ORDER bassed on any fraudulent act(s) & w/out good cause can be a prescribed solution of any matter before a court of law & if so declairs the (order) judgment VOID & w/out jurisdiction. If this court wishes to withdraw the FINAL ORDER & reconsider the issues & fustantive facts here in & w/ in the Opening Brief, documents, evedence & affidavits w/in the packet this court is stell with holding & the tap hearing of June 9/2005, claimant in good faith will allow this court to do so but this court must give notice of its intent to do so w/ in 10 days of recept of this refusal notice & nonacceptance. CAVEAT, ACTOR of this court dose not wish to reconsider its fraud-

went FINAL ORDER & properly consider & address the issues & facts (substantive facts) stated by affidavids, documented evidence, witness testamonie & hearing transcrip claimant petitutions this court to return to him a copy of the court hearing June 9-2005 transcrip & all of the origenal documented facts & metearil previously sent to this court which this court had promased to do at the June 9/05 hearing by Judge Richard M. Borchers. If this court refusses to ~reply~ Court's final order is not ansered w/in the spesified time or a noitified exstention of time requested then all the facts & statements herein will be consdiered by this court to be true & correct by Tacit admisstions & acquiescence & laches will ~apply~.

These following facts shall point out the Human And/or Fraudlent avrers made by this court pryer to & in the Final order.

(1) Pryer to & early on from any desision made by this court, claimant James Smith (here on claimant) made known to this court that he was & is sevearly handycapted because of the following; (A) he is a 65 year old man, (B) almost totaly wheelchair bound (C) has only a 6th grade education, (D) untrained in the law, (E) he is indegen & w/out means to pay for an attorney or consul to properly present his claim (F) & was therefore dependant on this court to to protect his rights.

(2) Early on & pryer to the June 9/2005 hearing claimant informed this court, specificly Judg Richard M. Borchers of the problems inmates & specifidly him was haveing w/DOC whom was retailicateing against those involved in the Jesse Montez suit in vearious way & not jest limited to keeping inmates from consleying w/ administrative due process for remedy to claims. This court did not did not investagate or qustion claimant's claims eventhough these claims were numberous & pointed out a consistant & ongoing problums placeing the alrady disadvantage inmates at a even futher disadvahntage to properly state the claims.

(3) she court was & is duity bound by its charter & ethical fairness to protect the unalienable federaly protected rights of these who could not because they are under the hands of there apresser.

(4) proper acsess to law libeary, paper, pinsels &/or pens, stepels, paper clips & other tools needed ~espacialy~ copieing were some of the things denied along w/ virbel & fisical abuse by some of the staf which claimant has complained to this court in wrighting seeking releaf but went unansward.

(5) Before the hearings begain & while claimant was still puttsing togather his evidence fort Lyon DOC did a major shakdown on the hole ficility & thouraly went through everyones rooms & property. after the sirch claimant & two other inmates found

they were missing documents pertaining to the Jesse Montez action & claim. Sam Powers & Tommy Sturges was the other two. claimant was missing a manella envalope w/ meny kits & documation to support his claim along w/ recipts & some other important papers. All inmates missing idums were informed by staf officer in charge of his unit at that time to present a kit to so so & John doe officer (claimant dose not have the name because the copys of his kits were in the evadence package presented to this court & not returned as promised) so that the missing idums could or may be returned. Scence the first kit was sent in claimant stell has not had a reply to any of his atimps to have his documents returned.

(6) Smith (claimant) sent a petitution to this court for court orders to demand D.O.C. return these idums A.S.A.P. as these were some of the origenal documents needed to present his claim at the June 9/05 hearing. This court did not respond to claimants petitution & failed to make a order demanding D.O.C. to return claimants documents.

(7) this court, specificly Judge Richard M. Borchers, changed claimants catagory from IV to III w/out first giving claimant hearing in order for claimant to defend his status & understand why he was & is a IV category.          (& for judge to fully)

    Issues of violations made by D.O.C., its staf & medical & its staf along w/the courts by card stacking

(8) long before & pryer to the June 9/05 hearing while claimant was trying to uptaing discovery from D.O.C.(s) medical, D.O.C. refussed to allow claimant to review his medical records at Fremont Prison, after claimant was moved to Fort Lyon prison Medical refussed to present the medical records in a form in which thay could be read as most of the records are unledgable.

(9) medical refussed to provide provide the records into layman terms.

(10) medical refussed to provide an interpitor to exsplan the turmenologie.

(11) medical refussed to allow claimants sussher, a well educated person w/ exlent reading ability to be present w/him nowing claimant dose not read well & could not read the medical records thus dramadicly slowing down & interfearing w/ discovery.

(12) medical would not return meny of claimants medical kits for of which could be presented as evidence of failur to provide proper discovery & therefore coverying some of their desetful deeds.

(13) medical theatten to wright claimant-up if he sent in any more kits & told him he was only allowed to turn in emergence kits & then only so meny a mounth. This evidence is also in the package of documation submitted to the court.

-3-

(14) This court has by failing to keep its word both virbley & written, to copy & return to claimant all his documents, evidence, affidavid (5) & a copy of the hearing transcrip of June 9/05.

(15) By this courts failure to keep its word, & make a final order knowing claimant can in no way appeal the order, a due process remedy & right, claimant fells this court has worked (in collusion w/ D.O.C. to denie claimant his due process remedy by the combined actions prepatrated & stated w/ in this document to compel claimant to accept such a insulting offer & w/out the settlement of any of the A.D.A. issues addressed is/in his "opening Brief"

(16) As prevously stated claimant is indegent. D.O.C. knowing that most of the inmates are indigent had devised a skeem in order to declair these inmates not indigent & yet keep them truely monatearly indigent by putting on their books $4.? & raising the price of everything exzubrently makeing the value of the $4.? about $2. a mounth. What can any one do w/ $2 a mo.? Dose not the court see the dezine plain behind D.O.C. actions & if so why havent the courts Ruled to right these wrongs when petitutioned as will show futher in this document.

(17) medical refussed to give claimant a copy of medical records claiming he is not indigent because he receves $4.? a mo.

(18) claimant petitution court to make off order for D.O.C. medical to copy claimants records for him as part of his discovery as medical is charging $1.20 per copy. This ment claimant could only receve about 3 copies. (for the first 10 copies)

(19) The court rulled that medical was to issue the first 10 copies free.

(20) medical then changed their meathed of chargeing & started chargeing $1.20 for the second 10 copies made on a singal order. which ment claimant could only aford 13 copies so,

(21) claimant filed another petitution to the court as this was a meathad devised by D.O.C. to futher interfear w/ discovery & the acumalation of evidence.

(22) This court could see this was a unjust inrichment of indigent inmates & at the estent of justus & due process to properly acceses the courts for remedy adding insult to injury &;

(23) This court denied claimants request that medical should only charge that which it was prevously charging which was $1.20 for the first 10 copies & 25¢ for every copy there after. The going street price for copies is about 8¢ to 10¢. So 25¢ after the first 10 copies is stell ezzubernt & unjust inrichment on D.O.C. part. claimant truely belives 10th cir. courts desision that D.O.C. give the first 10 copies free was to do away w/ the $1.20 charge to indigent inmates & bring inmates into a more afordable price so they could uptaine the copies need not to allow them manipulate the order.

— 4 —

(24) This court answered claimants petition by telling claimant that the [egstonstave] medical file would be availble at the hearing. The medical file is very thick, most pages unledgable, & the wohding is dificult at best to understand. The court had informed claimant that the hearing time would be limited. This order futher denied claimant a fair hearing & caused claimant to go beging frinds & faimly on the outside to send him money so he could bie the copies he needed to properly present his claim.

(25) Because DOC security would not & has not to this day, & because this court would not order DOC to return the ~~documentston~~, documention which was taken from claimants property, & because claimant was still waiting on DOC to copy his evidence package, claimant could not properly mark his evidence for exzibits to be presented at the June 9/05 hearing. It was not the falut of claimant that the evidence & exzibits was not rady to be submitted at the hearing.

(26) claimant made it very plain to everyone at the June 9/05 hearing of the problums getting the DOC law library to copie the documents & this court offered to copy everything & get it back to claimant.

(27) claimant was reluchtant to do so exsplaining his resons why to the court which are as follows: These are the only copies, thay are the origenals & can not be replaced & I am still awaiting some affadavit's.

(28) Durewing the brak judge Richard M. Borchers asured claimant in the presents of Ray Hamlen (claimant pushers) that he would personely make shoure the documention would be carefully copied & returd ~~roght~~ to claimant right away.

(29) This has never been done 3 1/2 mounths later even after claimant has sent petitutions to the court to return all of his documents, presented as evidence along w/ the opening brief which was to be copied & returned A.S.A.P.

(30) This court has replyed to claimants petitutions by saying nothing about the documents in the first responce, & in the second responce stated that it was to close to the finalsation of this claim to do what claimant was requesting, one of which was to return the packet which was to be copied & returned.

(31) attorney was present at the hearing when judge Richard M. Borchers (* for defendant) offered to copy & return the documents & made no ubjections there by agreeing & giveing his consent by Tacit admissions for the packet to be copied & returned for claiments records.

(32) Judge Richard M. Borchers asked claimant at the hearing what he was looking for in the form of monatery releife, leaving claimant w/ the impreshion that it was he who would be setteling the claim. Also his return address of "Legal Resolution center" & the statements he was made & at no time did Judge Richard M Borchers

inform claiment that he was not the setteler of the claims leaving claiment under the presumpsion that he was in fact the setteler,

(33) So claimant answered the question by saying, the money was not the real issue of this claim as much as the issues he was addressing (his injurys & remedies for those injurys) that he (claiment) would be leaving that up to the sound judgment of the judge & his exspearance. No it, by "sound judgment" claim-ent expected the judge to be fair in his judgment as spelled out w/in the "opening brief," not severely hard on defendant & not unreasonably light eather.

(34) It was understood at the June 9/05 hearing that after this court had received & copied the documents, evidence, affidavids, & opening brief she judge would send them on to attorney James Nance (attorney for defendant) & give him time to re-spond, he would then review everything & make his desision. This court (the judge) did not review everything, expecially the packet & evidence claimant had turked in or this court could not in all honesty ruled as it did as it would not have made the statments it did in the "final order" clearley show-ing it had not concidered the facts true facts & injurys proven w/in the documents & more so the gide lines for the remedy both monaterly & A.D.A.

(35) For this court not to award claiment one A.D.A. issue add-ressed w/in the brief & to settel claiments claim w/ a uderly rediculess monatary claim of $200.00 dollers even though the money was not the real issue as claimaint has vigressly addressed this claim & $200 dollers dose not even equal the amount of lay out claiment has invested to right a wrong which D.O.C. has admitted too by accepting the remodel plans & which the packet this court is holding that belongs to the [also] claiment in which this [court] spicifiely Judge Richard M. Snoochers has promsesed [court] to return to claiment A.S.A.P. & has not done so.

(36) Therefore, because of the facts stated w/in the foregoing 36 statements of claiment final claim that this court has acted in bad faith along w/ D.O.C. through colleuson & has perpously with healt all of claiments documents & papers w/in the pack-et sent in to this court & remaining to hold that meteareal & evidence so that claiment can not eggzest his legal adminstr-ative remedy in a timely fasion peasuent to the time limets set forth in F.R.C.P. 53 (g)(2). & there by be compailed to acc-ept the bennifit of special masters final order. So let this court be on notice that the "Final order" is refussed for Fraud! THE WRONGS OF SUBJECT MATTER ARE NOT ADDRESSED NOR WELDED TO STATE THIS CLAIM WHICH HAS BEEN PREJUDICE BY ACTIONS OF THIS COURT.

(37) along w/ this "refussed for fraud final order of special master" claimant makes petitition for this court to give order that claimant James Smith be allowed his due process rights to have prison aproved legal boxes in order to adaquitly arange & file his legal papers, self help legal books such as his law Dictionary & other books that show how to properly state a claim & other tools & books to aditquitly accsess the courts as this has allrady been desided i.e "Stare decisis. Seconed requst for this.

along w/ all his packet of documents be returned to him ASAP.

I, James Smith, the claiment, being over 21 & of sound mind declairs the foregoing statements to be true & correct, not miss-leading nor meant to wast time rather to right a wrong that true jestus through the due process garentees may prevail & not under legal pretence of color of law rather that which is lawfull & just by sound doctrion of ethical pratices in right justness

That this document was written by my hand in good faith to give this court a chanch to recant its unethical pratices & make a new ruleing in good faith. That this document was exacuted w/in a timely fasion.

Dated October 21/2005

without prejudice UCC 1-207 James Smith, Secured Party

Service of mailing
I, James Smith the claiment do state that I have caused by my hand the foregoing & affidavit of James Smith to be placed into the Fort Lyon prison out going mail to the follow-ing persons as stated below:

Judge Richard M. Borchers.
Special Masters for The United States District court
for the District of Colorado
Legal Resolution Center, 7907 Zenobia Street
Westminster, Colorado 80030-4444

Clerk of The United States District Court
901 19th Street
Denver, Colorado 80294

James Smith, Sacerd Party

Oct. 21/2005

Affirmative Negative Avermant Affidavit of James Smith,
secured Party & Holder in due course

I, James Smith, here after I, me, my, am the secured party
and holder of the legal fiction by the title of JAMES SMITH & do
hold the only legal binding Security agreement of U.C.C.I w/
this moveing abstract utility which has brought this claim
"03-014" of which has been severly prejudice by the com-
bined actions through collousion of that of D.O.C. & its staf,
and/or the attorney(s) for Defendant & the Special masters
for the united States District court for the District of Colorado.
   That because of card stacking & the one sided actions taken
& prepatrated against me dimastrates a prejudice & stron-
ly sugest collousion by the above named individuals in both
their individual & Fiduciary status spcificly James Dance &
Richard M. Borchers & other unknown John Doe(s) & Jane Doe(s).
& D.O.C. & some of its staf also unknown at this time.
   My claims are based on facts & soiledly grounded, not put
forth in bad faith, lies, deseption, tricks or missleading the
way D.O.C. & its emploies & attorneys & judges apointed to sett-
el this action have worked by some Some of the facts I have
brought out in the "Refused For Fraud" 53(g)(2) document.
   If a horse is a white hourse, It is stell a white horse even-
though it is painted Black. It is a black painted white horse!
& this is the way claiments documents have been treated thr-
ough bad faith to make this claim go away & fix it in a
way that it can not be cleaned-up w/out "acceptance for fraud".
on "noacceptance for fraud".
   Inmates in D.O.C. do not have a choise & acceptance or non-
acceptance, nor did I have any choise in the compailed rem-
edy placed on me by the "Final Order of Special Master" through
due-process of Rule 53(g)(2) because I was deceved in bad faith
while trusting & working w/ the court ingood faith. As stated in
the "Refussed for fraud" along w/ other reasons & many more which
are not included, at the June 9/2005 hearing which took place
at Fort Lyon prison, Judge Richard M. Borchers gave me his word
that He would copy all of my documents, Evidence, Opening Brief
& affidavits & Send them back A.S.A.P. & consider the contence
there of after attorney James Dance had time to review them & make
his finial conclusion. He never did eather or his "Final Order" would
reflect a different & far more understanding & complyant order.
   By Judge Borchers failur to keep his word to copy & return
my documents et. al. w/ in the packet & failur to make rulings
in the matter of justis, such as rule that D.O.C. return the other
documents & affidavits & evidence taken from my property by
D.O.C. durwing a major shakdown at Fort Lyon prison indalates

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 92-N-870 (OES)(CONSOLIDATED for all purpouses with CIVIL ACTION NO. 96-N-343)

Jesse Montez et. al.,
PLAINTIFFS

VS.

Bill Owens, et. al.
DEFENDANTS

CLAIM Number 03-014
Category #III
Claimant: James Smith
Address: FLCF, P.O. Box 1000, Fort Lyon, Colorado 81038-1000

IT IS HEREBY ORDERED BY THIS COURT THE PREVOUS ORDER TITLED "FINAL ORDER OF SPECIAL MASTER" IS HEREBY RECANTED AS A VOID JUDGMENT AND THAT THIS JUDGMENT SHALL PREVAIL

It is hereby ordered that the claimant James Smith shall receve the medical treatment and services required by A.D.A. That the meathods used to treat claimants medical needs shall be in acordance with the meathods neede to fit claimants mental and psychological fears while treating his physical medical needs. That all his A.D.A. needs be treat and that none of these procurements shall exceed 90 days from the date of this order and that for injurys receved by claimant which DOC should have investagated and fixed with out a court order the claimant is to receve $300,000.00, Three Hundrad thousand dollers, U.S. with no deductions what so ever And paid into his sons account, Running Gold Seals of 13867 E. 105th Pl, Commerce City, Colorado [80022] no later then 90 days after the precribed date of this court order.
Signed this date of November _____ 2005

Judge Richard M. Borchers  Signature