FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV -8 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Action No. 92-N-870 (OES)   (Consolidated for all purposes
Civil Action No. 96-N-343)

JESSE MONTEZ, et al.
    Plaintiffs,

vs.

BILL OWENS, et al.
    Defendants.

Claim Number 03-108
Category III
Claimant: Tommy B. Sturges, #66923
Fort Lions, CO, PO Box 1000  Zip 80138  Fort Lions Correctional Facility.

PETITION FOR RESOLUTION OF DISPUTE

COMES NOW Tommy B. Sturges Pro-se before Senior United States District Judge John L. Kane and the Special Master. In light of disagreement concerning "the right[s] and obligation under or concerning the proper interpration of [the] remedial plan" See: SECTION XXXVI Miscellaneous provisions (A) resolution of disputes. The issue of dispute is C.D.O.C. and of it's agents in proper use of the "eg" in the remedial plan under All"A" categories and criteria for special placement, 1, (B) : Permanet mobility impairment "(non-wheelchair) inmates who do not require a wheelchair but who have a permenent lower extremity mobility impairment that substaantially limits walking, "eg" an inmate who cannot walk 100 yards on a level surface or climb a flight of stairs without a pause". With the use of "eg" in this paragraph it was not desinged to be used as a **qualifier or a disqualifyer,** it was intended as an **example only.** This is the violation issue at hand causing me not to recieve accommodation for my mobility disability of Cerebral Palsy, which is a birth defect that is my qualifier under the

Remedial plan See: definitions (C). A condition which is not expected to improve within six months. The improper use of that paragraph of Permanent Mobility Impairments was acknowledged on record at the hearing of June 10, 2005 by Dr. Becroft and Chief Medical Officier Shames determining, that because I could walk a 100 yards on a level surface, I do not meet the definition set forth in the Remedial Plan of a Qualifying disability, this statement was made part of the hearing by the attorney general Mr. Dance. SEE: evaluation and Accommodation Resolution forms attached. The Plaintiff stated his objection, to the use of the 100 yard level surface is that it was to be used as an **example only,** not a **qualifier or disqualifier** to determine ones Mobility Disability. At that time the Special Master left the hearing open. To allow the testimony of Cathie Holst AIC as to the policy and procedures to assure non-discrimination against all inmates who have disabilities whether or not the disability impacts placements. This is part of my Claim of Discrimination by CDOC SEE: Motion to call witness. In addition CDOC agents have failed to adhere to the November 23 order of the Special Masters, Judge John L. Kane, when responding to the Grievance process by stating "offender Sturges may very well have been considered by Social Security to be disabled since birth (but), CDOC does not use the same criteria for determining disability status nor are we required to". This response is in conflict with Paragraph III of the November 23, 2005 order from The Honorable Judge Edward W. Nottingham, and The Honorable Judge J. Kane IN RESPONSE TO REPORT AND RECOMMENDATIONS OF THE SPECIAL MASTER, JUDGE JOHN

Kane: "if necessary case law concerning disabilities under the Rehabilitation Act and the ADA may be reviewed for assistance in applying the criteria".

SEE: attached grievance DFL 04/05-211 steps I,II,III; now see case law E.E.oc. v. R.J. Gallagher CO, 181 F3d 645 (5th cir. 1999) one does

not have to have some obvious specific handicap in order to be "regarded as" disabled for ADA purposes. The plaintiff has attempted to resolve this dispute of the use of "eg" by fileing grievances, See: Grievance # CFL-04/05-159). I requested that Ms. Greisen send me a letter explaining the intended use of the "eg" in that paragraph since she is the Attorney representing the class action. A response from Ms. Greison assiistant verbably told me that it is not in "her" best interest to take the time to fullfill my request . See Attached letter. Plaintiff respectfully suggest that this Honorable Court use it's jurisdiction in resolving the improper use of "eg" by CDOC and it's agents causing continued discrimination and unfair hardship outside of the ADA (act) and Remedical Plan without cause. It is imparative for the decision by this Honorable Court to supply the parties involved with a rendered judgement with the proper use of "eg", before the next scheduled hearing date of December 15, 2005. Plaintiff respectfully request that a stay be order if this dispute can not be resolved 15 days before December 15, 2005 hearing, as this is imperative for judgement.

I hereby Certify that I have mailed a copy of the foregoing Petition for Resolution of Dispute this ___7th___ day of November to the following.

Judge John L. Kane
United States District Court
901-19th Street   Room A 105
Denver, CO 80294-3584

*Tommy B. Sturges*
Tommy B. Sturges
Claimant # 03-108

Special Master Richard M. Borchers
Legal Resolution Center
7907 Zehobia Street
Westminster, CO 80030-4444

Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street 5th floor
Denver, CO  80203

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen LLP
1670 York Street
Denver, CO 80206

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 3 2004

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (consolidated with 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

v.

BILL OWENS, et al.,

    Defendants.

## ORDER IN RESPONSE TO REPORT AND RECOMMENDATIONS OF THE SPECIAL MASTERS TO JUDGE JOHN L. KANE

This matter was heard by U.S. District Court Judges Edward W. Nottingham and John L. Kane concerning the "Report and Recommendation of the Special Masters to Senior United States District Judge John L. Kane" filed July 9, 2004. After hearing and considering the matters presented, the Court rules as follows:

1. The recommendation (#622) is accepted, and the Court will attempt to clarify the issues raised by the report.

2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

    1. Is the claimant a disabled individual who is a member of the class?

    2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?

    3. Was the claimant discriminated against by DOC because of his or her disability?

use in presenting their claims. Further discovery may be allowed by the Special Masters only upon the filing of a motion showing good cause for the discovery.

Dated at Denver, Colorado this 23 day of November, 2004.

BY THE COURT:

_____
The Honorable Judge Edward W. Nottingham

_____
The Honorable Judge John L. Kane

DC FORM 850-4A (10/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: D-FL04/05-211  STEP (Circle One) 1 2 3  ADA? Yes ☒ No ☐

| NAME | DOC NO. | FACILITY |
|---|---|---|
| Tommy Sturges | 66923 | FLCF |

RECEIVED JUN 17 2005

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: **Regarding: In reply to accommodation Resolution.**

The finding of "NON-DISABILITY" by Dr. Beecroft on 4-12-05 is against existing records from Social Security, where offender Sturges has been recognized as disabled since birth. As the Federal Authorities have recognized his condition as disabling him since birth, he will conclude this grievance process and file appropriate charges in Federal Court. under section 5 of the Remedial Plan Item "A" -1 page 4" CATEGORIES & CRITERIA"; permanent Mobility Impairment (b), it is clear that according to the Mentioned paragraph the offender fully qualifies, as he meets the criteria of this paragraph. This paragraph is NOT the sole qualifier in determining a disability, but rather a GUIDELINE or example!

The fact that since birth this offender has been recognized and qualified under Federal Law, which over-rules State Law as being a Disabeled person should be sufficient. However, if the D.O.C. wwishes to pursue a further Court Action Concerning his health status, he will file for a determination and Conformation under Federal Law.

REMEDY: Grant a rating as according to Accommodation Resolution that I'm meeting the Permanent Mobility Impairments for a (non-wheelchair inmate. Also, to honnor my request for items on the REQUEST FOR ACCOMMODATION form.

Dr. needs to Reevaluate VERIFICATION OF DISABILITY FORM AND SIGN IT. I request the Chief Medical Officer to do this.

DATE: 6-14-05  OFFENDER SIGNATURE: [signed] Tommy Sturges

DATE RECEIVED:  RESPONDING STAFF SIGNATURE & ID

RESPONSE:

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Othan |
| DATE: 6/17/05 | SIGNATURE/PRINT NAME & STAFF ID # [signed] Tiffany Maestas/Tiffany Maestas 11051 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719) 597-9580
Fax: (719) 226-4755
Web: www.doc.state.co.us



Bill Owens
Governor
Joe Ortiz
Executive Director

Response to Step I ADA Grievance
Prepared by Cathie Holst, ADA Inmate Coordinator
Received Grievance: 6/27/05
Sent Response: 6/29/05
Offender Name: Sturges, Tommy
DOC No.: 66923
Facility: FLCF
Case No.: D FL04/05 – 211

Offender Sturges may very well have been considered by Social Security to be disabled since birth but the Department of Corrections does not use the same criteria for determining disability status as the Social Security Administration, nor are we required to.

Offender Sturges is not disabled for purposes of his access to programs, services or benefits of the Department of Corrections, nor has he been unable to fully access his facility. He states that he needs the things he has previously requested however I point out that all his requests are clinical in nature therefore the AIC would not be able to recommend them even if he had been determined to be disabled.

Offender Sturges will not be re-screened. His initial screening was sufficient to evaluate his needs at this time and I find no reason to disturb the finding of a qualified medical professional.

**GRIEVANCE DENIED**

DC FORM 850-4A (10/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: DFL-04/05-211 ~~[redacted]~~    STEP (Circle One)  1 **(2)** 3    ADA? Yes ✗  No ☐

| NAME Tommy Sturges | DOC NO. 66923 | FACILITY FLCF |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Accommodation Resolution /Please read steps I, II first

In Response to Step I$ Grievance Dated 6/27/05 ADA Cathie Holst (IAC) has again used the Quailifing disabilities for Colorado Inmates the wrong way. I Quote paergraph I Section (b) on page 4 Remedal PLAN "Inmates ...who have permanent lower extrimity mobility impairment that substantially limits walking:e.g. an inmate who can not walk 100 yards on a level surface or climb a flight of stairs without a pause."
Using this as a Disqualifier is in fact an error on CDOC[s] part of the Remedial Plan in and of itsself. This is again a classic example of their distortion of the use of ('e.g.) to elimanate their responsibility in accommodating my needs and a failure to properly addhear to the Remidial Plan Policy- paragraph I in Duties and Responsibilities as ADA Inmate Coordinator. To issue Non-discrimination against all inmates who have disabilities/impairments. Access to services, benefits (like programs) along with personal Accommodations.
How in fact may this ADA inmate Corrdinator be allowed to disregard title 42 of the United States Code Section (1202). That is the basis for the Remedial Plan Policy from which is taken from? U.S. Federal Government according to Americans with Disability Act. ADA.

Remedy: New Accommodation Resoultion stating truth in relationship to my disability. Exemtion for standing, grant joint access with other disability inmates at early pull to Chow-hall, yard, and other approprate ADA programs, Grant a new medical screening.

| DATE: 7-11-05 | OFFENDER SIGNATURE /s/ Tommy Sturges |
|---|---|
| DATE RECEIVED: | RESPONDING STAFF SIGNATURE & ID |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |
|---|---|

**RECEIPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |
|---|---|

**RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

## STATE OF COLORADO

COLORADO DEPARTMENT OF CORRECTIONS

**Prison Operations**
P.O. Box 300
Canon City, CO 81215-0300
Phone: (719) 269-5761
Fax: (719) 269-5762

Bill Owens
Governor

Joe Ortiz
Executive Director

Response to Step II ADA Grievance
Prepared by Anna Cooper, Prison Operations
Received Grievance: July 26, 2005
Response Sent: August 25, 2005
Offender Name: Tommy Sturges
DOC Number: 66923
Facility: FLCF
Case Number: D FL04/05-211

Offender Sturges:

Your Step II ADA grievance was received on July 26, 2005. The time frame for response has expired and you were entitled to proceed to the next step in the process no later than August 24, 2005. If you have not already proceeded to Step III of the process, and you are not satisfied with this response, you have five days from the date you receive this response to proceed to Step III.

I have received your Step II ADA Grievance regarding the denial of ADA Accommodations under the Montez Remedial Plan Agreement. Your requested remedy is that a new accommodation resolution stating the truth in relationship to your claimed disability. You requested exemption from standing, access to early chow hall, yard, and other ADA programs, as well as a new medical screening.

The definitions set forth in the Montez Remedial Plan are utilized by the Colorado Department of Corrections in determining if an offender is disabled, not those utilized by the Social Security Administration. You have been screened by a qualified medical professional and determined not to have a qualifying disability under the Montez Remedial Plan definitions. The exemption from standing, access to early meals, yard, ADA programs, and new medical screening are denied. You are not disabled for purposes of access to programs, services or benefits. Additionally, the AIC, Ms. Holst, does not have the authority to recommend or become involved in clinical care issues.

Your Step II grievance is **Denied**.

/amc
xc: Offender
  Medical/Mental Health
  Working File
  Department File
  File

DC FORM 850-4A (06/04)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number __D-FL04/05-211__   STEP (Circle One)  1  2  ③   ADA? Yes ☒ No ☐

| NAME Tommy Sturges | DOC NO. 66923 | FACILITY FLCF |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Response to Step II grievance from Anna Cooper
Ms. Cooper has misidentifyed my Step II grievance by not understanding the Remedial Plan itself Page 1, Paragraph 1 of the Remedial Plan states Title 42 of U.S. Code Section 12102 it is the basis of the "Policy" itself. She must of never read the Bases of the policy! In addition to the comments of her Step II response dated 6/29/05 she said "WERE SCREENED AND FOUND TO HAVE A QUALIFYING DISABILITY" also " I have rewewed the files and contacted medical staff who informed me your accommodation resolution was approved and signed on June 1, 2005". Ms. Ccooper now has two responses that contradict each other See D-FL04/05-159. On grievance D-FL04/05 211 she says " you have been screened... and determined not to have a qualifying disability". CDOC again , with Ms. Cooper as forrunner along with the AIC Cathie Holst now demonstrates contin s coverup and denial of all responsibility in their blatent discrimination of my ADA Remedial Plan rights for accommodation in their interprotation.
They will not regonize the use of the letters (abbreviation) of the letters "eg" as and example not a qualifier. Steps I &II did not addorss the issue. According to the AMERICAN HERITATE COL LEGE DICTIONARY: e.g. - "Exempli gratia". Please find this in V PLACMENT A. Categories 1. (b) Permanent MObility Impairment( Non Wheelchair).
REMEDY: Grant a rating as according to Accommodation Resolution that I'm meeting the Permanent M
  Mobility IMpairments for a (non-wheelchair ) inmate. Also, to honnor my request for items on the REQUEST FOR ACCOMMODATION FORM.
  Dr. needs to reevaluate VERIFICATION OF DISABILITY FORM AND SIGN IT. I request the Chief Medical Officer to do this. Evaluation stating my disability of Cerebal Palsy and to be exempted from standing at count time. Physical therapy, medical shoes, and to be able to use the whirl pool to help my stiff muscles loosen up and to help with pain. This is but only some of my needs at this time.

| DATE: 9-11-05 | OFFENDER SIGNATURE  _Tommy Sturges_ |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

ESPONSE

you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
| ECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: ||
| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| ECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. ||
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

iginal: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# REQUEST FOR ACCOMMODATION
*(Return to AIC, 2862 S. Circle Drive, Colorado Springs, CO 80906)*




(L)

## OFFENDER INFORMATION: *(Please print)*

| Offender Name: | TOMMY STURGES | DOC #: | 66923 |
| --- | --- | --- | --- |
| Current Facility: | B.C.C.F. | Date: | 04/21/04 |

## II. CLAIMED DISABILITY: *(Check all that apply)*

| Vision | X | Hearing | X | Mobility | X | Diabetes | | Other | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

## III. ACCOMMODATION REQUESTED:
*(Be specific and brief. You may attach one additional page if necessary to fully describe your condition and/or explain your requested accommodation)*

(1) Needs to sit to dress after shower + in AM + PM
(2) Drags his (R) foot and wore out his medical tennis shoes and the state boots are hurting his feet
(3) Would like warm whirlpool a couple times weekly in cold weather
(4) Would like physical therapy to keep his muscles loosened up

Signature: *Tommy Sturges*

*Offender: Do not write below this line*

## VERIFICATION OF DISABILITY

| Date of Evaluation: | 10-5-04 | Facility: | FLCF |
| --- | --- | --- | --- |
| Chief Medical Officer or Designee *(Please print)*: | | P. Beecroft MD | |
| Title *(if designee)(Please print)*: | P. Beecroft MD | | |

**I SCREENED THE OFFENDER ON THE ABOVE DATE AND VERIFY HE/SHE HAS THE FOLLOWING DISABILITIES:** *(Check each & attach disability-specific evaluation)*

| ✓ | None | | Vision | | Hearing | | Diabetes | | Mobility |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Other *(Please be specific)* | | | | | | | | |

Signature of Evaluating Chief Medical Officer/Designee  *P. Beecroft MD*   Date 10-5-04

Attachment A   Page 1 of 1
Original: Medical Chart

Copies: AIC; Department File; Working File

APR 2 2 2004

## MOBILITY SCREENING
(applies to lower extremities only)

(m)

PATIENT NAME Tommy Sturges

DOC # 66923                              DATE 10-5-04

1. Does the patient require the use of a wheelchair for more than 6 months?  Yes  (No)  N/A  (Circle one)
   *If yes, the patient automatically meets the Montez criteria and requires special placement in a handicapped cell at a designated facility unless he/she has "opted out" of special placement. Contact the AIC if the patient needs to be moved to another facility or into a handicap cell in the current facility.*

2. If yes, does the patient have upper body strength to compensate for disability?   N/A
   - Can he move from wheelchair to toilet?         Yes     No
   - Can he move from wheelchair to bunk?           Yes     No
   - Can he dress himself, get his meals, and attend programs, classes or recreation by himself?  Yes   No
   - Can he remain in a wheelchair all day?                          Yes      No

3. Does this patient require the assistance of an inmate aide?       Yes    (No)
   What percentage of the time?        Full       Part
   To perform what duties?

4. If the patient does not require the use of a wheelchair, can he walk 100 yards on a level surface or climb a flight of stairs without a pause?       (Yes)     No

5. Does the patient require the use of other assistive devices (cane, walker, crutches, special clothing, footwear, or prosthetics, etc.)? If so, what?        Yes    (No)

6. Does the patient have a catheter?                                  Yes    (No)

7. Does he require an assignment to a handicapped table?              Yes    (No)
   Is this patient assigned to a handicapped table in the chow hall?  Yes    (No)

8. Does he require a shower chair?                                    Yes    (No)  * needs to sit to dress (he is stiff)
   Is a shower chair available in his living unit?                    Yes    ? No

9. Is this patient capable of attending class/programs/work for a full day?  (Yes)  No  but not walk all day
   If no, how many hours per day is he capable of attending? _____

10. Does the patient complain of any other problem(s) associated with the mobility impairment that have not been addressed?                                 (Yes)    No
    If yes, what are they?   Stiff muscles  ⟩  Lower body hard to bend
                             Stiff joints

11. Is the patient's condition affected by the seasons or weather?    (Yes)    No
    Explain:   gets stiffer in colder weather

— wants to get new medical tennis shoes, because he drags (R) toe
*If you have determined that this patient DOES have a mobility impairment, contact the AIC to discuss what accommodations, if any, are appropriate.*
       and his present pair are worn out
       State boots are causing pain and have no arches.

_____  MD
Signature & Title
     10-5-04

* wants Physical Therapy + warm + whirl pool



# ACCOMMODATION RESOLUTION

| NAME | STURGES, TOMMY | DOC # | 66923 |
|---|---|---|---|
| FACILITY | FLCF | PHYSICIAN | BEECROFT |

| DISABILITY CLAIMED BY OFFENDER: | MOBILITY, VISION |
|---|---|

**OFFENDER REQUESTS THE FOLLOWING ACCOMMODATIONS:**
1. Movement to a medical facility

| QUALIFYING DISABILITY AS DETERMINED BY PHYSICIAN: | NONE |
|---|---|

**THE FOLLOWING ACCOMMODATIONS ARE TO BE PROVIDED:**

1. None

This offender states that he has cerebral palsy which limits his mobility. The screening physician found, however, that he is not using a wheelchair and is able to ambulate the requisite distance.

Offender Sturges does not qualify for a vision disability. Although he may be legally blind in one eye, the vision in his other eye is 20/20.

While this offender may have several limitations in his ability to see and move about, they are not disabling at this time. Any restrictions associated with his cerebral palsy Offender Sturges believes he requires he may address to Clinical Services where they will be evaluated for medical need.

The offender has 30 days from the date this document is served upon him to file a grievance on any matter addressed in this Resolution.

Signature: Physician  P. Beecroft M       Date  4-12-05

Signature: AIC  Callie Horst       Date  4-18-05

Original – AIC
Copies: 1-Warden
1-Warden for distribution to the following:
1-Offender, 1-Working File, 1-Mental Health File, 1-Clinical Services File
AIC will distribute 1-Department File

DC FORM 850-4A (10/04)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number C-FL04/05-159    STEP (Circle One) ①  2  3    ADA? Yes ☐ No ✓

NAME STURGES, TOMMY    DOC NO. 66923    FACILITY FLCF

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: THE BASIS OF MY GRIEVANCE IS ON DR. ATTY BEACROFTS EVALUATION ON 10-5-04, WHERE SHE SHOULD HAVE NOTIFIED THE A.I.C. ON MY DISABILITY AND CHECK MY MOBILITY VERIFICATION. MY AFFLICTION OF CEREBRAL PALSY IS WELL DOCUMENTED IN MY MEDICAL FILE AT D.R.D.C. FROM 1-9-92 TO 9-3-03. REMEDIES: I AM SEEKING TO HAVE A MEDICAL EVALUATION OF MY DISABILITY SINCE DR. BEACROFT WRONGFULLY DIAGNOSED MY MOBILITY DISABILITY. I WILL BE SENDING A COPY OF THIS GRIEVANCE TO THE SPECIAL MASTER, I ALSO WANT A WRITTEN APOLOGY FOR THE MISTAKE ON MY EVALUATION. THANK YOU,

DATE: 2-28-05    OFFENDER SIGNATURE: Tommy Sturges

DATE RECEIVED:    RESPONDING STAFF SIGNATURE & ID

RESPONSE: I am aware of your C.P., All the ADA evaluation is concerned with is severe limitations of hearing, mobility, and vision. I will leave it to the legal services to decide if we will accommodate your wishes.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 3-16-05    SIGNATURE/PRINT NAME & STAFF ID # P. Beecroft MD. P. Beecroft 12012
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Medical

DATE: 3/9/05    SIGNATURE/PRINT NAME & STAFF ID # Dorothy Pearcey  Dorothy Pearcey 11028
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections to this grievance.

DATE: 3-20-05    OFFENDER SIGNATURE/PRINT NAME & DOC # Tommy Sturges 66923

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

DC FORM 850-4A (10/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number C-FL04/05-159    STEP (Circle One) 1 (2) 3    ADA? Yes ☐ No ☒

| NAME STURGES TOMMY | DOC NO. #66923 | FACILITY FLCF |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: The basis of my Grievance is on Dr. Patty Beacrofts evaluation on 10-5-04, where she should have notified the A.I.C. on my disability and check my mobility verification.
  My affliction of cerebal palsy is well documented in my medical file from D.R.D.C from 1-9-92 to 9-3-03. A permanent mobility is one that is expected to last at least six months. Mobility screening applies to lower extremities only.
  Remedies: I am seeking to have a new medical evaluation of my disability. Since Dr. Beacroft wrongfully diagnosed my mobility disability. I also want a written apology for the mistake on my evaluation.

DATE: 3/22/05    OFFENDER SIGNATURE: Tommy Sturges

DATE RECEIVED:    RESPONDING STAFF SIGNATURE & ID

RESPONSE: This grievance should be filed through the ADA grievance process - if you are grieving the outcome of an ADA verification, then you must route this grievance through the A.I.C. Dr. Beacroft is a licensed medical professional and I will not challenge her recommendation. Denied

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 4/12/05    SIGNATURE/PRINT NAME & STAFF ID # Kellie McRae #11845
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Medical
DATE: 3/28/05    SIGNATURE/PRINT NAME & STAFF ID # Dorothy Pearcey Dorothy Pearcey 11028
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
DATE: 4-19-05    OFFENDER SIGNATURE/PRINT NAME & DOC # Tommy Sturges 66923 Tommy Sturges

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Med

DC FORM 850-4A (10/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number  C-FL 04/05-159            STEP (Circle One)   1   2  (3)   ADA?   Yes ☐   No ☒

| NAME | Sturges, Tommy | DOC NO. | 66923 | FACILITY | FLCF |

RECEIVED DEPT. OF CORRECTIONS APR 22 2005 OFFICE OF [SERVICES]

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: The basis of my grievance is on Dr. Patty Beecrofts evaluation on 10/5/04 where she should have notified the A.I.C on my disability and check mobility on the VERIFICATION of my disability of cerebal palsy on my Accommodation request Form. This is well documented in my medical file from D.R.D.C. from 1/9/92 to 9/3/03 In the step one it states the Dr. says she "is aware of my Cerebal Palsy & I will leave it to legal Services to decide if we will Accommodate your wishes". Is it D.O.C. policy for legal services to decide accommodations and medical Matters? My Cerebal Palsy has been with me from birth and is a PERMANENT AFFLICTION of the lower extremities which is a qualifing disability that has severely inpacted my placement in DOC since 1/9/92. I have allways had a lower bunk 1st floor restriction. Under the ADA process instructions it states..."Medical or other clinical matters will not be addressed under the ADA [which] has nothing to do with medical care and no disputes with clinical services will be investigated." "ADA is about programs and services not medical care". This is what Cathie Holst/AIC has stated in her inturopation of currect procedures to follow for filing ADA grievances; in her memo. Re: ADA Process Instructions. Kellie McRae is now in collusion with Cathy Holst and Dr. Beecroft in not recognizing my disability and resolving the issue, which at this point under Cathie Holsts interprretation should be a non ADA grievance. However, Mcrae tells me that it should be an ADA grievance thus shifting responsibility for my medical grievance.

Remedies:  I'm seeking to have a new medical evaluation of my disability by another Dr. I'm requestiog that this grievance be responded to in the allowed 45 days.

| DATE: 4-19-05 | OFFENDER SIGNATURE  Tommy Sturges |
| DATE RECEIVED: | RESPONDING STAFF SIGNATURE & ID |

RESPONSE

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

October 27, 2005

RE: Grievance #C-FL04/05-159

Dear Mr. Tommy Sturges #66923:

I have reviewed your Step 3 grievance that you filed with regard to disability evaluation.

In review of this matter I find that you were evaluated by Dr. Beecroft regarding your ADA disability status. I cannot second guess the medical, professional opinion of Dr. Beecroft as I am not a medical professional. There is no indication that her diagnosis is flawed. I therefore cannot recommend any relief in this matter.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    Tom Kolle

Paula Griesen  
King & Greisen LLP  
1670 York Street  
Denver, Colorado 80206  
(303) 298-9875  

Tommy B. Sturges, #66923  
Ft Lyon, Correctional Facility  
P.O. Box 1000  
Fort Lyon, CO 81038-1000  

September 25, 2005

Dear, Ms. Greisen,

The reason for this letter is to respectfully request your assistance regarding the interpertatic (disagreement) of the Remedal Plan's statment: SECTION V PLACEMENT A. Categories & driteria for special placement (B) permanent m obility impairment (Non_Wheelchair). CDOC has made this the **BASIS FOR LITIGATION TO DISQUALIFY ME BECAUSE I CAN WALK A a)100 yards on a level surfgace or climb a flight of stars without a pause.** In that paragraph there is an abbreviation of "e.g."... This is the issue of dispute!

Please, would you send me a affidavit that would explain the intended perpose used when preparing the Remedial Plan as a result of the MOntez Case for the use by inmates and CDOC for qualifying and also disqualifying inmates in my case of disabilities.

As I suffer from Cerbal Palsy, yet in spite of my physical disability, I have compensated in my life the best I can, yet CDOC still continues to disqualify me unjustly! They simply refuse to accept the fact that I'm disabled. I do have a hard time dealing with manny ADA related issues an a day by day bases. Just because I can climb staires dosent mean that I can do other things. I can't climb a latter, sqot over and pick things up, take part in some programs, and have restrictions for job placement.

My qualifyers fall under Section III are (B.) Inmate with a permanent physical disability/impairm which substantially limits his (my) ability to perform a major life activity. & (C.) A condition which is not expected to improve within six months..

In lue of calling you as a witness, again, I'm requesting that you please send me a statment regarding the intent of the use of the "e.g." in the Remedial Plan.  
I look forward to your speedy responce as my hearign date is November 17, 2005

respectfuly submitted,


Tommy Sturges,

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)  (Consolidated for all purposes with Civil Action No. 96-N-343)

JSSE MONTEZ, et al.

    Plaintiffs,

-vs-

BILL OWENS, et al.

    Defendants.

Claim Number 03-108
Category III
Claimant: Tommy B. Sturges, #66923

## MOTION TO CALL WITNESS

COMES NOW the Plaintiff Tommy B. Sturges pro, se respectfully submitting the following response to The Special Masters order of August 16th, 2005 for testimony of Ms. Holst, and the need for it.

At the begening of the hearing on 6/10/05 the plaintiff stated on the record that Cathie Holst was a vital part of the case. Her testimony is needed as to the policy and procedures she has developed and implemented as AIC to assure non-discrimination against all inmates who have disabilities whether or not the disability impacts placement. She needs to defiend or explain her continued lack of compliance to the Remedial Plan She also needs to make an attempt to settle these issues without undue stress, anguish to myself. She has demonstrated a blaten discrimin-atory desissions directed at me and needs to explain why. Give testimony to the medical training she has received relevant to my claim of Mobility Disability, and what training the staff at Ft. Lyon has been given, as this is under her job dis-cription. See SECTION II ¶3.  Defend, and Explain ro justify the error to determine that this disability will not get better in six months. This is but one of my quailifiers.

I respectfully request to reconven this hearing with Ms. Holst present and available to valodate documents processed in relation to this dispute and for her to answer questions regarding her interprotation of the use of "eg" in the Remedial Plan. etc. I also have questions to the response she has given in the Grievance process. This plaintiff will be discharging from CDOC in December of 2005 and respectfully request a hearing before I am discharged if possable.

Respectfully Submitted this __23__ day, of __Aug__, 2005.

Tommy B. Sturges #66923