IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 92-N-870 (OES) consolidated with 96-N-343

JESSE (JESUS) MONTEZ, et.al.,
Plaintiffs,
-v-
BILL OWENS, et.al.,
Defendants.

CLAIM #:01-092     Category: 1          Date: 11/02/05
Claimant: JAMES RUDNICK, #68432
         LCF 49030 State Highway 71, Limon, CO. 80826

REQUEST FOR COURT ISSUANCE OF NOTICE FOR FAILURE TO COMPLY,
REQUEST FOR SANCTIONS AND PROTECTIVE ORDER, and,
OBJECTION TO ATTORNEY GENERAL'S 'REQUEST FOR STAY'

Plaintiff/Claimant James Rudnick, pro se, Respectfully submits these above titled actions to the Court, and in support states:

1. On Sept. 27, 2005, this Court issued an Order for Defendants to provide this claimant with the following medically required equipment within 30 days: medical cell chair and stool, custom orthotics, proper boots, medical mattress, and heating pad.

2. Defendants have failed to comply with that Order.

3. Claimant has attempted to notify this facility [LCF] of the Court Order and needed equipment.(see attached)

4. Defendants have made no attempts to contact claimant regarding this Order [to find-out necessary information] pursuant to 'obtaining' the medical equipment for his mobility disability.

5. Claimant asks this Court to find Defendant in Contempt and to prescribe for them, 'special training' in their duties and responsibilities handling these type situations. (if within the Courts authority)

6. In addition, Claimant requests monetary compensation pursuant to damages caused as a result of Defendants failure to comply...(and)...for additional expense to pursue further action to get ALL his medical treatment needs not covered in this ADA action.

7. Defendants failure to comply with Court Order delaying Medical treatment has result and effect of punishment adding pain and suffering. [failure to timely treat serious medical needs is intolerably cruel and barbaric]

8. Claimant requests this Honorable Court issue sanctions and protective Order for claimant (and all who may follow pursuing similar medical relief) from any vindictive retaliation.

9. Claimant requests that this Court 'make a statement' clarifying these 'type of claims' are fair and reasonable (not excessive nor something to be delayed/denied/dismissed) by frivolous policy or opinion of untrained staff.

   Abundant clarification is necessary in stating __what__ this Plaintiffs "claims" are about...because fears have been revealed [by medical staff] that..."allowing this type of Court Order for medical items (to go uncontested)...it'll open-the-door for [everyone] getting whatever they want"...even though items listed [in this case] as ADA medical claims are simply 'common sense' items : proper size and strength, supportive "cell chair/stool" for his cell, proper sized "shoes" and "orthotics with insoles", and his medical specific items: "mattress and heat pad".

NOTE: This facility is intentionally out of compliance with A.C.A. standards.

   For D.O.C. facilities to be A.C.A. accredited "every cell" is required to have a "seated work area" [implying a desk and chair].There are only a few cheap folding chairs remaining that are currently unsafe for large adults or heavy use. This facility posted a memo in regards to those chairs stating: "Cell chairs __will not be replaced__ and all remaining chairs will be eliminated as they 'wear-out'."

10. Claimant asks this Court to deny the Attorney General's Motion Requesting Stay Of Final Order for the following reasons:

a. Delaying medical treatment adds to pain and suffering when it appears it is their intent to deny treatment altogether [punishing claimant].

b. The position of the A.G. shows Defendants would rather "fight" than "treat" recognized medical need. Is this to avoid responsibility and accountability or to 'close the door' to all prisoners seeking proper treatment?

c. Attorney General's opinion of whether medical treatment is "beyond the scope of ADA/rehabilitation act" is irrelevant.

d. Defendants are __out-of-time__ [in violation of this Courts Order] without merit to appeal.

11. Defendants history and policy for medical actions apparently is to :

a. Refuse to fully investigate [actually consider/comprehend] patients medical treatment needs....and...as a result...

b. 1st...they attempt to refuse to treat on personal grounds, costs, or on interpretations of flimsy policy [unsupported by medical or moral standards] ignoring 'specialists' advice, recommendations or prescribed treatment....
THEN....

c. If exposure forces them to act, they'll provide only partial/ineffective/or wrong treatment.

d. LCF medical department staff refuse to accept 'sound reason' WHY their treatment is wrong or ineffective and WHY these medical needs cannot be ignored as the condition will not go away.

e. They would rather make excuses or 'fight' than 'treat' prisoner 'patient' medical needs.

f. Blame medical problems on the patient.

g. Complain about 'budget limitations'.

h. Provide treatment to only 'select persons' and,

i. Force prisoners to jump-thru-hoops just to see a Doctor (specialist) – only to refuse to provide what has been recommended or prescribed ...

- It's as if "letting him 'see the doctor' is treatment enough...that this is all that is required to do for him and any 'prescribed treatment' is subject to "our own opinion and discretion" [essentially practicing their own form of medicine without license].

All of this has happened to this claimant pursuing his prescribed medically necessary equipment described in this case.

For the forgoing reasons Claimant requests this honorable Court to:

1. Proceed with Failure To Comply and Contempt Actions against Defendants

2. Apply [punitive/monetary/restraint] sanctions against Defendants and protection actions for this claimant [and all similarly situated]

3. Deny Defendants <u>Motion For Stay</u> request so claimant can get his needed medical items without further delay.

4. Any other actions as this Court deems proper.

RESPECTFULLY SUBMITTED this 2nd day of November, 2005.

J. Rudnick pro. se.

10-13-05

Hand Copied

To: LCF Medical Dept.
From: J. Rudnick    #68A32    L4.3A
Re: Montez Lawsuit Settlement - Claim 01-092

You may not be aware of the Sept. 27th 'Special Master' of the District Court FINAL ORDER regarding my claim # 01-092.

This ORDER instructed the D.O.C. to provide the following Medical Items within 30 days.

① - Medical Mattress          ② - Heating Pad
③ - Custom Orthotics          ④ - Boots that fit.
⑤ - Cell Chair *  → And →  ⑥ - Adjustable Stool *

   * (both with proper back support, size, height, and capacity to fit me)

Are you going to set-up an appointment to go over these items, and for "sizing" (on orthotics, boots, + chairs)     ???

I thought you should be informed.

[signature]

## CERTIFICATE OF SERVICE

This Plaintiff/Claimant James Rudnick, pro se, [the undersigned] does certify that a true and correct copy of the above entitled action was placed in the U.S. mail, [following this facilities `inmate legal mail' procedure], postage prepaid, addressed to the following on this 2nd day of November 2005:

x _____

Judge Richard M. Borchers
Special Master for the US Dist. Ct.
for the Dist. of Colo.
Legal Resolution Center
7907 Zenobia St.
Westminster, CO 80030-4444

State of Colorado Dept of Law
Office of the Atty General
1525 Sherman St.   5th Flr
Denver, CO 80203-1760