IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870(OES) (Consolodated for all purposes with Civil
Action No. 96-N-14

JESSE(JESUS)MONTEZ,et al.,   Plaintiffs

V.

BILL OWENS, et al.,   Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2005

GREGORY C. LANGHAM
CLERK

Claim Number 02-119
Catagory II
Claimant: John C. Armintrout
Address of Claimant: LCF,Unit 1,49030 State Hwy 71, Limon,Co.80826

### RESPONSE TO DEFENDANTS RESPONSE TO CLAIM AND SUPPORTING DOCUMENTS

PLaintiffs, throughthe Legal Resolution Center,respectfully submit the following Response to The Defendants Responseto Claim and Supporting Documents.

STATEMENT OF THE CASE

Defendant Owens, through counsel,now attempts to remove Claimant ARMINTROUT amember of the MONTEZ class of Diabetics,since 1993,and has had to make claim of now being visually impaired, as well as mobility impaired,due to the neg- legence of the Defendants.

Armintrout wil show,through provided evidence,how over the course of many years his medical care was defeciant and in many cases non-existant.

He will also show, that only recently,some of his medical problems are now.after many years of neglect and denial,are now beginning to be preformed,mostly due to the affect of this action.

Armintrouts allegations can and will be substantiated,by records in his own posession,some being provided by the Defendant.that show only the most prejudiced stance available to the Defendant,but by being tied together,with Armintrouts records,will show how this prejudice is being exibited.

Armintrout refused medical treatment at aCCCA facility.Crowley Co.Corr.Fac. due to their having no licence to practice medicine there,and never acted in his interests.

the rest of the proof of his claim now follows,is lengthy,and is his request that it be looked over carefully.

(1)

Plaintiffs Exibit A,is a perscription from a licenced Podiatrist,Dr.Gremillion who was under contract to the C.D O.C.,he submitted the perscription to the Medical staff at Fremont Corr. Fac.. The perscription was never filled as ordered.

The Plaintiff saw the Podiatrist again(see exhibits A&B) he was asked at that time if the shoes had been provided,the Dr. was told they had not been. He said he would follow up on his request,The plaintiff was unable to aquire any such request.

The Plaintiff wrote a letter to David Holt Clinical Administrator at FCF,concerning the issue of the medical shoes,he responded(exhibit C) but ther was never any follow up, nor prescribed shoes provided.

The Plaintiff fooot began getting worse,and has progressed to the condition it is now in.

A pair of boots were provided in 1997,and were helping maintain some level of comfort and stability,while walking and standing.

February 2001,the Plaintiff was transfered to 4-Mile Corr. Fac.,the first day he was there,his boots were confiscated due to not having a medical permit for that facility (first day there),the plaintiff asked for a permit and was denied it,a Captain got involved ordered the Dr. to issue the permit,he did so.

The Captain went with the Plaintiff to the property room to retrieve his boots, they were gone,with noone being able to explain,why,

The grievance process was began,and was intercepted by Lt.Innes,custody control manager at that time. He ordered that a new pair be bought and provided,this process took until November 2001.

The plaintiff had those boots until his arrival at Limon Corr. Fac.,on August24,2004 where they were again confiscated,and ordered to not be returned by Major Day.

Limon Medical,through Dr. Bloor,provided a pair of shoes,but the damage has already progressed to the point of now having to be corrected by upcoming surgery.

This surgery is scheduled, but the Plaintiff has no set date at his disposal, due to facility security regulations.

With regard to the plaintiffs vision problems.During a disciplinary hearing at Fremont Corr.Fac,July 2003.the plaintiffs afineddent, during which his right bled internally,he complained,the hearing was continued,with no medical care offered.

The Plaintiff sent a kite to that medical dept.,was eventually taken to be examined,where he was told he would have to pay a fee for any further care.Nothing else was done for him,at that facility.

August 2003, the Plaintiff was transfered to a CCA facility in Walsenburg,Co. and placed in segregation there. This was during the time when a settlement was at hand for this Action,MONTEZ V OWENS, the plaintiff was eventually allowed to phone the attorneys involved in this action.

Shortly after speaking to Paula Greisen,his kites to medical began to be answered he was examined by the P.A. at that facility,and taken to CMI in Pueblo, and seen by the eye Dr. there.

The plaintiff was then transfered to another CCA facility,in Bent Co.,he began seeing Dr, Greenlee,at Rocky Mt. Eye Clinic,was told the problems were not that serious.a laser procedure was done to help repair the leaking blood vessels,no other work was done.

The plaintiff was then taken to another CCA facility,in Crowley Co.,no work was schedule again until the plaintiff was brought to LCF,he has since had surgery on his right eye that was rather extensive,and will soon have a similar procedure done on his left eye.

This is a severe case of negligence on the Defendants part,that is a direct result of the problems he now suffers,with his vision.

(2)

The plaintiff has had a set diet order that remains pretty consistent, that is while he is in DOC facilities, see plaintiffs exhibits D,E,&F. ,although it is a constant battle to get the diet service to comply.

This is most evident on the tags from the snacks from Bent Co.,where his entire ordered am, and hs snacks were changed by the food service supervisor,Lisa Palamino. and their Nurse Practioner,to what is shown on plaintiffs exhibit G. Not only was it outside the order of the DOC dietition,they were not even close to what the American Diabetes Association recommends. This was a great contributor to the mistrust that the plaintiff developed for the staff at CCA facilities. And his refusal to allow them to treat him.(this was before he found out they all had no medical licences to practice in Colorado)

As can also be seen on the diet tags, sometimes they weren't even supplied. The way this is all being represented, is an attempt to make the plaintiff appear to be nom-compliant, when the truth is that there exists very poor record keeping, or else a log would be in exibit, which is not the case. So in effect there is no substantiation of any non-compliance on the Plaintiffs part, only on the Defendants.

The Defendants position , that the Plaintiff is not a member of the MONTEZ class of diabetics on their part without merit, the Plaintiff by being insulin dependant is disbled by that need, the Chronic Care denotation, of his medical needs is full substantiation, of his disability, and all the medical problems this condition causes ie: VISION PROBLEMS,HIGH BLOOD PRESSURE,NEUROPATHY POOR CIRCULATION,HAVING THE LOW AND HIGH BLOOD SUGARS,ASSOCIATED WITH THE DISEASE.

The plaintiff will agree on this one point,he is and does work, although he is always in pain.because to do other wise hampers his ability to be productive, he has been denied progressive moves to lower custody facilities, due to DIABETES, because CDOC takes the position, there is not the required staff to deal with CHRONIC CARE inmates, at lower custody facilities.

The plaintiff had to beg to be allowed to go to Arrowehead Corr. Fac.,beginning in 1997,and was only allowed to do so after much negotiation, in 2000,this IS disc-rimination of a program, due to a disability, and reflected badly on him at first.

Once allowed to make the progression,he was accepted, as a compliant, and able inmate.

The plaintiff has tried to obtain more information to substantiat his claim, and thanks the Defendants for providing some of this information,which is also provided herein.

In conclusion, the plaintiff states he is and has been a member of the MONTEZ v. OWENS since 1996,as a representative of the Diabetic class, having to claim under other classes is a direct result of CDOC's neglect,negligence.

The plaintiff's foot problems began in 1996,while an employee at the Metal Products Industry,at Fremont Corr. Fac.,when in June of that year,when coming in from work, the inmates were required to remove their footwear, and be frisked, during this process the plaintiff,who was in his stocking feet, was ordered to back up to the officer, doing the frisking,the plaintiff stepped on a piece of concrete that was the remains of a low wall,that had been removed that morning,he stepped on this sharp piece,not being able to feel it,due to the nueropathy,he suffers in his lower extremities.

The tendon was damaged,he was off work for a month, until he was able to return to work on light duty. This began the need to see the Podiatrist,and the years of neglect that have caused the damage to his foot.

(3)

Glossary of Exhibits;

(A) Order from Dr. Gremillion for Medical to provide a specific brand and type of shoe shoe
(B) Consult with Dr. Gremillion, concerning foot problem.
(C) Letter to Plaintiff about medical shoes, from David Holt.
(D) DDietition consult and order.
(E) Dietition consilt and order.
(G) Type of snacks provided to plaintiff at Bent CO. Corr. Fac., not approved by CDOC Dietition.
(H) Letter from Dr. Foerster, concerning eye examination, and his recommendations.
(I) Chronic Care Clinic Consult with Dr. Anita Bloor, and her determinations.
(J) Follow-up visit with Dr. Anita Bloor, with her determinations.
(K) Follow-up visit with Dr. Anita Bloor, with her determinations.
(L) Follow-up visit with Dr. Anita Bloor, with her determinations.
(M) Follow-up visit with Dr. Anita Bloor, with her determinations.
(N) Chronic Care Consult with Dr. Anita Bloor, and her determinations, and recommen- ddatdons.

(O) Recomendation from Dr. Joseph McGarry, concerning plaintiffs need for soft soled shoes due to Diabetic Comdition.

The plaintiffs claims of improper medical treatment dicrimination,and denial of programs ie: Progressive moves to less secure facilities,due to meeting the custody ratings,designed by CDOC, proves the discrimination did exist and still does.

The plaintiff remains compliant,has nearly lost all the points accumilatd,due to the write-ups he incurred.

The plaintiff,is in compliance with LCF medical requirements,has had his insulin dosages lowered,and waits for the completion of the eye procedures,and the beginning of the surgery on the damage to his foot.

None of the complaints are beyond the scope of the MONTEZ,and should be considered in their totality.

Respectfully Submitted This __12th__ Day of November,2005

John Q. Armintrout #63908

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **RESPONSE TO THE DEFENDANTS RESPONSE TO CLAIM AND SUPPORTING DOCUMENTS** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Limon, Co this 12th day of November 2005 addresed as follows:

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**
901-19th St.
DENVER, CO. 80294-3589

SIGNED THIS THE 12th DAY OF NOVEMBER 2005

JOHN C. ARMINTROUT #63908

(6)