IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et. al.,

    Plaintiffs,

BILL OWENS, et. al.,

    Defendants.

---

Claim Number 03-087
Category III
Claimant: Duncan Leach
Address of Claimant: c/o H. Earl Moyer, Attorney at Law, 1401 Saulsbury, #204, Lakewood, Colorado 80214

---

**CLAIMANT'S REPLY TO DEFENDANTS' RESPONSE TO CLAIMANT'S OBJECTION TO AUGUST 1, 2005 FINAL ORDER OF SPECIAL MASTER DIRECTED TO JUDGE KANE**

---

Claimant, Duncan Leach, by and through his attorneys, Moyer, Beal and Vranesic, by H. Earl Moyer, respectfully submits his reply to defendants' response in this matter and states as follows:

### I. FACTUAL BASIS FOR OBJECTION

1. As set forth in claimant's objection to the August 1, 2005 final order of special master, claimant moved at the commencement of the initial hearing on Tuesday, June 7, 2005, to amend and supplement his claim to incorporate a specific claim for personal injury, i.e. back injury from falls in his cell, in the complaint for damages.

2. Defendant is correct in stating that the special master denied plaintiff's request to amend and supplement his claim form or complaint on the day of hearing. The basis was for the special

      master's denial that the request was not timely since defendants were not furnished an opportunity to defend such claim. However, since the hearing was not concluded on Tuesday, June 7, 2005 but was continued to Monday, July 25, 2005, at the end of said hearing counsel for claimant again requested the court to allow claimant the right to amend his claim to incorporate the specific claim for personal injury since defendants would have until Monday, July 25, 2005, the date of the continued hearing, in which to investigate and be given an opportunity to defend such claim. Notwithstanding such request by plaintiff's counsel, the special master denied the request of claimant.

3. As part of claimant's case, Dr. Cary Shames, the Colorado Department of Corrections Chief Medical officer who was listed as an expert witness by defendants did testify on July 25, 2005 not only as to his familiarity with the medical records of claimant but also as to his expert medical opinion that the MRI taken in 1995 had established the absence of a herniated disk in claimant's back, and that MRIs taken in 1996 and 1997 had demonstrated the existence of respectively a moderate herniation and then a severe herniation at L4/L5 which required claimant to undergo a spinal fusion on July 2, 1997. Dr. Shames further set forth his opinion based on reasonable medical certainty that claimant's herniated disk occurred during a slip and fall in his cell in March 1996, based upon the medical and neurological findings set forth in the medical reports on that date.

4. Defendants were on notice that claimant intended to call Dr. Shames as a witness to testify on behalf of claimant and had seven (7) weeks in which to be prepared to defend the claim that the failure to have grab bars in claimant's cell had caused claimant to incur severe and permanent personal injuries. Claimant again requested the special master to reverse his previous order denying claimant the right to claim such personal injuries. It should be noted

that the special master, after reviewing a transcript of his June 7, 2005 findings and order which set forth in detail the reason that the denial occurred was because defendants had not been given sufficient time to be prepared to meet such claim, again denied claimant's motion and concluded that despite the testimony and evidence taken in the hearing, Leach's attempt to assert that his herniated disk was caused by falls in his cell due to the lack of grab bars could not be brought because the contention was not presented in the original claim filed by Leach. Defendants have not contested in any manner the allegations set forth in plaintiff's original objection to the final order of the special master herein. They merely claim that there is no abuse of discretion.

5. It should be further noted that defendants have specifically referred to the fall testified to by Dr. Shames as having caused the herniated disc for which claimant seeks compensation. Defendants have claimed that the fall occurred when claimant was cleaning his hot pot in his cell and walking back to his bed. Defendants further state "the fall was completely unrelated to ADA compliance issues like grab bars." The special master specifically denied claimant the right to testify about the fall in his cell. He also refused to allow claimant to testify that the cell where the serious fall occurred was not properly equipped to accommodate handicapped prisoners, i.e. "no grab bars".

## II. ARGUMENT

6. If permitted to testify, claimant would have claimed that if proper grab bars were installed in his cell, he would probably have avoided serious injury. In any event, claimant was entitled to be heard on this matter once Dr. Shames had identified with medical certainty the cause of claimant's herniation.

7. The special master concluded that there was evidence in the record that claimant requested grab bars and a shower seat in the shower area; but his conclusion that there was no evidence in the record that claimant requested grab bars and other protective features in cells used by handicapped inmates. This statement was an incorrect statement of fact which justifies reversal of his Order.

8. Claimant was the scrivener of the 1992 ADA survey of the Fremont Correctional Facility, and the person who identified the changes required for ADA compliance. Modifications of prison cells by installation of grab bars and other protective features comprised a substantial portion of such requirements, all of which were recommended and requested by claimant.

9. Defendants further support the findings of the special master by arguing that the remedial plan provides that class members would be provided a damage claim form to fill out concerning their individual damage claims which was to contain all necessary information. However, it should be noted that the damage claim form as set forth in the remedial plan was a very cursory type of form and did not specifically allow for any filing of amended forms whether by order of court or by initiative of claimants. In this particular case, the defendants denied claimant the right to examine his medical records for more than a year and only provided the record approximately a month before the scheduled hearing.

WHEREFORE claimant respectfully submits the denial of claimant's request for either a continuance at the time of the initial hearing or for the allowance of the modification at the time of the continued second date of the hearing constituted an abuse of discretion by the special master and requests appropriate relief as the court may deem proper.

Respectfully submitted,

MOYER, BEAL AND VRANESIC

By: _____
H. Earl Moyer, #0060
215 S. Wadsworth Boulevard, Suite 520
Lakewood, Colorado 80226-1566
Phone Number: 303-237-5438
Fax Number: 303-232-5438
E-mail: mbv1@wt.net

ATTORNEYS FOR DUNCAN LEACH, CLAIMANT

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on November 15, 2005 a true and correct copy of the foregoing CLAIMANT'S REPLY TO DEFENDANTS' RESPONSE TO CLAIMANT'S OBJECTION TO AUGUST 1, 2005 FINAL ORDER OF SPECIAL MASTER DIRECTED TO JUDGE KANE was served by depositing same in the United States first-class mail, proper postage affixed, addressed to the following:

Gregory C. Langham
Clerk of the District Court
Alfred A. Arraj Federal Courthouse
901 19th Street
Denver, Colorado 80202

Paula Greisen, Esq.
David H. Miller, Esq.
King & Greisen, LLP
1670 York Street
Denver, CO 80206

James X. Quinn, Esq.
Assistant Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203