IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343-EWN)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-114
Category III
Claimant: Byron Cortez, #45627
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

---

### DEFENDANTS' APPEAL DIRECTED TO THE HONORABLE JUDGE KANE REGARDING DAMAGES AWARD

Defendants, through the Colorado Attorney General, respectfully submit the following "Appeal Directed to the Honorable Judge Kane Regarding Damages Award."

### STATEMENT OF THE CASE

Claimant Byron Cortez filed a claim for damages as part of the Montez v. Owens class action. Special Master Borchers conducted a hearing on his claim on September 2, 2005. Cortez claims to be mobility disabled due to a history of knee problems. His medical history is not in question. He has had several surgeries on both knees, including a total knee replacement on his right knee in January 2005.

(Final Order, p. 4). Cortez testified that he is able to walk without a cane or a brace. (Transcript, p. 4, lines 10-12, attached as Exhibit A;[1] p. 6, lines 4-10). Cortez also testified that he can "get around the facility" without any assistive devices. (Transcript, p. 6, lines 4-10). Cortez claims CDOC discriminated against him by not giving him orthopedic shoes or letting him purchase shoes from source outside the prison. (See Final Order, p. 4; Transcript, p. 7, lines 5-8).

The Special Master issued a Final Order on September 27, 2005.[2] Without discussing Cortez's ability to walk, the Special Master held that Cortez is mobility disabled because he has a lower extremity (knee) impairment. (Final Order, p. 5). The Special Master also held that CDOC discriminated against Cortez by not providing him orthopedic shoes. (Id. at 5-6). The Special Master ordered CDOC to give Cortez orthopedic shoes. (Id. at 6). The Final Order gave both parties up to December 5, 2005, to file an Objection with this Court. (Id. at p. 7). Defendants now file this timely objection.

## STANDARD OF REVIEW

The Special Master's award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane." (Remedial Plan, § XXXII). "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling."

---

[1] Defendants have prepared a transcript of the hearing for this Court's convenience. The Special Master previously submitted an audio recording of the hearing to this Court on compact disk.

[2] The Final Order is docketed at 1148.

Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995). "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). See also Cooter & Gall v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (abuse of discretion to base "ruling on an erroneous view of the law").

## ARGUMENT

The November 23, 2004 Order by Judges Kane and Nottingham set out the four required criteria for a Montez damages claim:

1. Is the claimant a disabled individual who is a member of the class?
2. Was the claimant otherwise qualified to participate in the programs or receive the benefits of services offered by DOC?
3. Was the claimant discriminated against by DOC because of his or her disability? (*e.g.*, were accommodations requested and denied because of the disability?)
4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

(November 23, 2004 Order, ¶ 2). In evaluating these criteria, ADA and Rehabilitation Act case law is to be applied. (November 23, 2004 Order, ¶ 3).

### I.   CORTEZ IS NOT DISABLED.

While Cortez does have a history of knee problems, his condition does not substantially limit his ability to walk and, therefore, does not rise to the level of a disability. The Special Master found that Cortez has a history of knee problems. (Final Order, p. 5). Based solely on this finding and without any analysis of whether or to what extent Cortez's knee problems affect his ability to walk, the

3

Special Master held that Cortez has a mobility disability. (Id.). The Special Master erroneously held that because Cortez has an impairment, he is therefore disabled. This is a reversible legal error.

To be "disabled" under the ADA or Rehabilitation Act, a claimant must have a (1) physical impairment that (2) substantially limits (3) at least one major life activity. 42 U.S.C. § 12101(2)(A); Toyota Motor Manuf. v. Williams, 534 U.S. 184, 187 (2002). Similarly, the Remedial Plan (the parties' Settlement Agreement) defines "permanent mobility impairment" as "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking; *e.g.*, an inmate who cannot walk 100 yards on a level surface or climb a flight of stairs without a pause." (Remedial Plan, § V(A)(1) (emphasis added)). On page three of the Final Order the Special Master held that "[t]hese definitions control as to . . . adjudication of all claims filed by individuals." (Final Order, p. 3. Despite acknowledging the correct standard, the Special Master failed apply it. The Special Master never analyzed whether Cortez's knee problems substantially limit his ability to walk.

Defendants concede that Cortez has a history of knee problems and that this constitutes a lower extremity impairment. That, however, does not end the analysis.

> It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis or an impairment. Instead, the ADA requires those

4

> claiming the Act's protection . . . to prove a disability by
> offering evidence that <u>the extent of the limitation in terms of
> their own experience . . . is substantial</u>.

<u>Toyota Motor Manuf. v. Williams</u>, 534 U.S. 184, 198 (2002) (emphasis added) (quotation omitted).  The Special Master ended his analysis after finding that Cortez has an impairment.  The Special Master never analyzed whether Cortez's impairment "substantially limits" his ability to walk or otherwise ambulate.  Cortez did not present any evidence suggesting that he is substantially limited in his ability to walk.  The Special Master's failure to undertake the correct legal analysis is a legal error meriting reversal.

Cortez's own testimony shows that he is physically able to walk.  By his own admission, he is able to walk without a cane, brace, or other assistive device.  (Transcript, p. 4, lines 10-12).

> BC [Cortez]: [T]he doctors and specialists in Denver I went
> and saw, probably in June, told me that he didn't want me to
> use a cane, wants me to walk and for my leg to get stronger.
> JD [Defendants' Attorney]: And you've been able to do that?
> BC: Yeah, I've been able to do that.
> JD: And you can get around the facility okay?
> BC: I get around the facility

(Transcript, p. 6, lines 4-10).  Despite his knee problems, Cortez is able to walk and "get around the facility."  Therefore, he is not substantially limited in walking.

In <u>Steele v. Thiokol Corp.</u>, 241 F.3d 1248, 1254 (10th Cir. 2001), the Tenth Circuit held that a plaintiff with obsessive compulsive disorder ("OCD") did not have a walking disability.  Although plaintiff's OCD sometimes inconveniently affected his ability to walk, "it cannot fairly be said to substantially limit his

5

ability to walk because he is still physically and psychologically capable of walking." Id.  Similarly, while Cortez often experiences pain when he walks, he is physically capable of walking and therefore does not have a mobility disability.

The Special Master stated that Defendants presented no evidence that Cortez did not have a lower extremity mobility impairment. (Final Order, p. 5). This is true to the extent that Defendants conceded that Cortez does have a history of knee problems.  Defendants, however, did present argument and evidence, including testimony from Cortez, that Cortez's knee problems do not rise to the level of a disability.  The Final Order should be overturned because the Special Master failed to analyze whether Cortez's knee problems substantially limit his ability to walk.

## II.     CORTEZ IS NOT "OTHERWISE QUALIFIED" TO RECEIVE ORTHOPEDIC SHOES.

Even assuming that Cortez is mobility disabled, his claim still must fail because the CDOC never discriminated against Cortez because of his knee problems.  Cortez's only claim of discrimination is that CDOC will not give him special orthopedic shoes and will not let him buy the shoes himself from an outside source. (See Final Order, p. 4; Transcript, p. 7, lines 5-8).  Cortez, however, is not "otherwise qualified" to receive special orthopedic shoes.

The Special Master's discussion of the "otherwise qualified" criteria contains several legal errors, any of which justifies reversal.  The Special Master held that Cortez met the "otherwise qualified" criteria because "[o]ther than health

6

issues, there does not appear to have been any <u>disqualification</u> from programs, benefits, or services." (Final Order, p. 5) (emphasis added). This is not the correct analysis. First, under the ADA and Rehabilitation Act, the claimant bears the burden of proving that he is otherwise qualified for the specific job, program, or benefit he wants. <u>See</u> <u>Lanham v. Johnson County</u>, 393 F.3d 1151, 1156 (10th Cir. 2004). It is not Defendants' burden to prove that the claimant is disqualified from all jobs, programs, or benefits. The Special Master erroneously placed the burden of proof upon Defendants. Instead of requiring Defendants to prove that Cortez is disqualified from programs, benefits, or services, the Special Master should have required Cortez to prove that he is otherwise qualified for the specific program, benefit, or service (orthopedic shoes) he wants.

The Special Master completely failed to analyze whether Cortez is "otherwise qualified" to receive the orthopedic shoes he wants. "An otherwise qualified person is one who is able to meet all of a program's requirements <u>in spite</u> of his handicap." <u>Southeastern Cmty. Coll. v. Davis</u>, 442 U.S. 397, 406 (1979) (emphasis added). Here, the court must ask whether Cortez would meet the requirements to receive desired benefit (orthopedic shoes) if not for his alleged handicap (knee problems). The answer is no. Cortez never proves that he meets CDOC's criteria for receiving orthopedic shoes. Moreover, Cortez is not "otherwise" qualified for orthopedic shoes because absent his knee problems he would not need the shoes. Because the Special Master failed to do the proper legal analysis, the Final Order should be overturned.

7

Cortez only needs the desired benefit (orthopedic shoes) because of his medical condition. Stated another way, healthy, non-disabled inmates do not need special orthopedic shoes. Therefore, the issue of orthopedic shoes is beyond the scope of the ADA and Rehabilitation Act. "[W]here medical treatment is at issue, it is typically the handicap itself that gives rise to, or at least contributes to, the need for services . . . the 'otherwise qualified' criteria . . . cannot be meaningfully applied." United States v. University Hosp., 729 F.2d 144, 156 (2[d] Cir. 1984).

In Fitzgerald v. Corrections Corporation of America, 403 F.3d 1134, 1144 (10th Cir. 2005), the Tenth Circuit explained that "Fitzgerald would not have been 'otherwise qualified' for such treatment in the absence of his alleged disability— his alleged disability in this case was the reason why Fitzgerald was seeking medical treatment." "[I]f such a person were not so handicapped, he or she would not need the medical treatment and thus would not 'otherwise qualify' for the treatment." Johnson by Johnson v. Thompson, 971 F.2d 1487, 1493 (10th Cir. 1992). Because would not need orthopedic shoes if not for his knee problems, he cannot be "otherwise qualified" for the shoes under the ADA or Rehabilitation Act. The Special Master's decision is contrary to the law and should be overturned as an abuse of discretion.

### III. CDOC DID NOT DISCRIMINATE AGAINST CORTEZ BECAUSE OF HIS KNEE PROBLEMS.

"The plaintiff carries the burden of proof on a claim that he has been discriminated against on the basis of his disability." Tyler v. City of Manhattan,

8

857 F.Supp. 800, 817 (D. Kan. 1994), aff'd 118 F.3d 400 (10th Cir. 1997). Cortez must show that he was "discriminated against by DOC because of his . . . disability." (November 23, 2004, ¶ 2). To establish that a defendant's alleged discrimination was "based on [plaintiff's] disability . . . the plaintiff must present some affirmative evidence that disability was a determining factor in [defendant's] decision." Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1259 (10th Cir. 2001) (quotation omitted). Here Cortez claims he needs orthopedic shoes due to his knee problems. "Where the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say . . . that a particular decision was 'discriminatory.'" Johnson, 971 F.2d at 1494.

There is no evidence here suggesting that the reason Cortez has not been given orthopedic shoes or been allowed to purchase them from an outside source is because of his knee problems. Defendants submitted evidence that only Clinical Services can provide inmates with free special shoes and the security issues restrict what items an inmate may purchase from an outside source. While the Special Master choose to disregard CDOC's policy statements, the fact remains that neither Cortez nor the Special Master ever alleged the Cortez was denied orthopedic shoes because of his knee problems.

The goal of the ADA and Rehabilitation Act is to ensure that disabled individuals receive access to the same jobs, programs, and services as non-disabled people. "Without a showing that the non-handicapped receive the treatment denied to the 'otherwise qualified' handicapped, the [claimant] cannot

9

assert that a violation of [the Rehab Act] has occurred." Johnson, 971 F.2d at 1494. As noted above, non-disabled inmates would not need or be qualified to receive special orthopedic shoes. Therefore, the denial of orthopedic shoes is beyond the scope of the ADA and Rehabilitation Act and is not discriminatory.

Cortez complains that other inmates with leg or foot problems have received special shoes but not him. (Transcript, p. 15, lines 17-20). According to the Tenth Circuit, "the discrimination must result from the handicap and from the handicap alone. If others with the same handicap do not suffer the discrimination, then the discrimination does not result 'solely by reason of [the] handicap.'" Johnson, 971 F.2d at 1493. If other inmates with leg or foot problems received special shoes, then the denial of special shoes to Cortez cannot be said to be the result of the discrimination.

It was a reversible error of law for the Special Master to hold that CDOC discriminated against Cortez because of his knee problem. Therefore, the Special Master's Final Order should be overturned.

## CONCLUSION

The Special Master made a reversible legal error by holding that Cortez was disabled without ever discussing was substantially limited in his ability to walk. An impairment alone is not enough. Cortez is physically able to walk without a cane or any other assistive device. Because Cortez is not "disabled," his claim must fail. It was an abuse of discretion for the Special Master to fail to undertake the correct analysis.

Cortez's only claim regards special orthopedic shoes. The Special Master failed to analyze whether Cortez is "otherwise qualified" for orthopedic shoes. Cortez only needs the shoes because of his knee problems. Because Cortez would not need orthopedic shoes if not for his knee problems, he is not "otherwise qualified" for orthopedic shoes under the ADA and Rehabilitation Act.

Similarly, there is no evidence that CDOC discriminated against Cortez because of his knee problems. Non-disabled inmate would not be entitled to orthopedic shoes. Therefore, Cortez was not denied a benefit that was given to non-disabled inmates. It was a reversible legal error to hold that CDOC discriminated against Cortez because of his knee problems.

The Special Master failed to properly analyze (1) whether Cortez's knee problems rise to the level of a disability, (2) whether Cortez is "otherwise qualified" for orthopedic shoes, and (3) whether Cortez was discriminatorily denied a benefit given to non-disabled inmates. In addition, the Special Master erroneously placed the burden of proof upon Defendants instead of Cortez. These errors of law are by definition abuses of discretion, any one of which merits reversal. For these various, independent reasons, the Special Master's Final Order should be overturned and Cortez's claim denied.

Respectfully submitted this 5th day of December, 2005.

JOHN W. SUTHERS
Attorney General

s/ Jess A. Dance

11

JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation and Employment Law
  Section
Attorney for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on December 5, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com
Legal Resolution Center
707 Zenobia Street
Westminster, Colorado 80030

I further certify that I have mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, this 5th day of December, 2005 addressed as follows:

Byron Cortez, #45627
LCF
49030 State Highway 71
Limon, CO 80826

*Courtesy Copy To:*

Cathie Holst

                                          s/ Jess A. Dance