IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **92-cv-00870-EWN**

**JESSE MONTEZ, et al.**

    Plaintiffs, as representatives of themselves and all others similarly situated in the class action,

v.

**BILL OWENS, et al,**

    Defendants.

___

## ORDER
___

KANE, J.

    This prisoner civil rights class action is before me on appeal (doc. #1211) from Special Master Borchers' Final Order related to James Rudnick dated September 27, 2005. In the Order, the Special Master determined Rudnick's hip and foot-related ailments substantially limit his ability to walk and to perform other major life activities. He also found Rudnick had been discriminated against by the Department of Corrections (DOC) and denied accommodations based on his disability. The Special Master found Rudnick sustained injuries and awarded him a medical mattress, heating pad, boots that fit his feet, custom made orthotics, and a chair and adjustable stool to accommodate his height and weight.

    The State challenges each aspect of the Special Master's findings, arguing Rudnick is not mobility impaired, cannot be "otherwise qualified" for health care appliances, was

not denied health care appliances on the basis of his disability, and has not sustained any injuries as a result of being denied health care appliances. The State cites generally to Rule 53 governing review of decisions of a special master to argue my review of the Master's findings with respect to Mr. Rudnick must be *de novo* as to any determinations of law. According to the DOC, the Special Master "necessarily" abuses his discretion if it is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Appeal, p. 3. This is incorrect. The entire claims process in this action and the criteria for their determination are set forth in and limited to the operative Remedial Plan. The only error of law the Special Master can make is to misinterpret the Remedial Plan. His factual findings, the State concedes, are subject to an abuse of discretion standard. *See* Remedial Plan, § XXXII, ¶ 4.

I have reviewed the State's brief and considered carefully the arguments and case law cited therein. Considering the Special Master's Order in light of the standards to be applied, I cannot conclude the Master abused his discretion either in concluding Rudnick was disabled and entitled to relief, or in awarding the accommodations or remedies ordered. Even under the State's view of the abuse of discretion standard where I must evaluate the merit of the Master's statements of law under a *de novo* standard, no error is manifest.

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion

>occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

*In re Bueno*, 248 B.R. 581, 582 (D. Colo. 2000)(Kane, J.)(citing *United States v. Wright et al.*, 826 F.2d 938, 942 (10th Cir.1987)).  Under the circumstances of this case where the Special Master is intimately familiar with the long history of this class action, the parties and the nature and history leading to the establishment of a mutually agreeable Remedial Plan, and is vested with the duty to hear and consider individual claims of a multitude of class members, the abuse of discretion standard is particularly apt.  Given the Master's expertise and the time and energy invested in evaluating Rudnick's claims, I will not disturb his judgment unless it appears the Master has "overriden" applicable law and exercised his discretion in a manner that cannot be reconciled with appropriate judicial temperament or duty.  This clearly is not the case here.

Defendant's Appeal of the Special Master's Order dated September 27, 2005 is DENIED.  The Order stands.

Dated this 16th day of December, 2005.

BY THE COURT:

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE