IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number: 02-341
Category: II
Claimant: Wilfred Marquez, #40481
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

### ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Defendants' motion to dismiss. This claim has been settled, as reflected in the attached written agreement signed by Claimant.

IT IS HEREBY ORDERED that this claim is dismissed with prejudice.

SIGNED this /2th day of December, 2005.

                BY THE COURT:

                Richard M. Borchers
                Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 12th day of December, 2005 to the following:

Mr. Wilfred Marquez
#40481
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_/s/ Margie Dykstra_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

**RELEASE AND SETTLEMENT AGREEMENT OF CLAIMANT WILFRED MARQUEZ, #40481, CLAIM 02-341**

---

This Release and Settlement Agreement ("Agreement") is entered this 26th day of September, 2005 (notwithstanding the actual date of execution) between Wilfred Marquez ("Claimant") and the State of Colorado, Colorado Department of Corrections, and any and all of their agencies, departments, divisions, subdivisions, parts, subparts, employees, personnel, staff, agents, representatives, assigns, successors, or heirs ("CDOC" or "Defendants"). This Agreement resolves claim 02-341 filed as part of Montez v. Owens et al., Civil Action No. 92-cv-870-EWN-OES.

## RECITALS

WHEREAS, Jesse (Jesus) Montez filed a lawsuit against the Governor, CDOC, CDOC's Executive Director, and several prison officials in their official and individual capacities in United States District Court for the District of Colorado, case number 92-cv-870-EWN-OES (consolidated for all purposes with case number 96-cv-343-EWN) (the "Litigation"). The case was later certified as a class action, and

WHEREAS, Plaintiffs' Class Counsel and Defendants settled the underlying lawsuit by entering into a Remedial Plan on or around August 27, 2003, and

WHEREAS, Section XXXII of the Remedial Plan authorized individual class members (inmates incarcerated by CDOC prior to August 27, 2003 who have a mobility, hearing, or vision impairment, or diabetes) to file individual damages claims to be adjudicated by a special master, and

WHEREAS, Claimant filed an individual damages claim ("Claim"), and

WHEREAS, Claimant and Defendants wish to avoid the expense, uncertainty, and inconvenience of litigation, and are willing to settle this dispute on the terms set forth in this Agreement without any admission of liability or wrongdoing, and

IN CONSIDERATION of the terms and arrangements expressed in this Agreement, Claimant and Defendants agree as follows:

1. SETTLEMENT PAYMENT

In consideration of the agreements, commitments, and approvals provided by Claimant in this Agreement, Claimant will receive a settlement payment in the amount of Fifty Dollars ($50.00) ("Settlement Payment") from the Risk Management Fund of the State of Colorado in the form of a warrant made payable to Wilfred Marquez in the amount of $50.00. Such amount will be paid by warrant in the Treasurer of the State of Colorado.

2. RELEASE

Claimant, or any person or entity acting on behalf of Claimant, hereby releases and forever discharges Defendants from any and all claims, demands, causes of action, whether known or unknown, and from any and all liabilities, damages, costs, and expenses associated with the Litigation and Claimant's Claim including but not limited to claims for attorneys' fees and costs. Without limiting the generality of any aspect of the foregoing, this Agreement applies to any and all matters Claimant asserted, or could have asserted, in the Litigation or Claim.

3. DISMISSAL OF CLAIMS

Claimant understands that once this settlement process is complete Defendants will file a motion to dismiss Claimant's Claim.

4. NO ADMISSION OF LIABILITY OR DISABILITY

Claimant acknowledges and understands that payment of the sum described here is for the purpose of avoiding litigation and is not to be construed in any way as an admission of liability or wrongdoing by Defendants. This Agreement is not an admission that Claimant is "disabled." Nor does this Agreement entitle Claimant to any accommodations.

5. REQUIRED FORMS

Claimant hereby agrees to provide to counsel for Defendants (1) a fully executed and signed I.R.S. W-9 form, and (2) the signed original of this Agreement. Both of these documents must be signed and returned to counsel for Defendants in order to complete settlement of this matter.

6. OPEN RECORDS ACT AND OTHER RELEASES PROVIDED BY LAW

Claimant understands and agrees that upon a valid request pursuant to applicable public disclosure laws, including, without limitation, the provisions of Section 24-72-101, et seq., C.R.S. (the Colorado Open Records law), the State of Colorado is obligated to provide a requesting person a copy of this Agreement. Claimant agrees he will not hold the State of Colorado, CDOC, any other state agency or any state administrator, officer, agent, attorney, or employee liable for any release of information undertaken to comply with applicable law regarding the disclosure of such material.

7. INTENT AND UNDERSTANDING

Claimant understands and acknowledges that no promise or inducement was offered to him except as expressly set forth herein; that this Agreement is executed without any reliance on any statement or representation by any person or party released or their representatives, attorneys, insurers, or anyone else concerning the nature or extent of any injury or damage, or legal liability for any such matter, or for any tax implications or respecting any other fact or matter; that he or she is of lawful age and legally competent to execute this Agreement, and to accept full responsibility for the consequences of such action. Claimant assumes all risk of any mistake of fact, whether any such fact or facts is past, presently existing, or arises in the future, as to the extent of any injuries, disabilities, damages, loss of income, loss of earning potential, expenses, or damages the undersigned incurred or which may be incurred as a result of any physical, emotional or psychological injury allegedly sustained by Claimant, even if such injuries, losses, or damages were not earlier known, disclosed to, or discovered prior to the execution of this Agreement.

8. TAXATION

Claimant will be solely responsible for all tax liability, if any such liability arises or exists as a result of the provisions of this Agreement or the underlying settlement payment described in paragraph 1, above.

9. WITHHOLDING OF SETTLEMENT FUNDS

Pursuant to C.R.S. 24-30-202.4 (as amended), the State Controller may withhold debts owed to State agencies under the vendor offset intercept system for: (a) unpaid child support or child support arrearages; (b) unpaid balance of tax, accrued interest and other charges specified in Article 21, Title 39, C.R.S.; (c) unpaid loans due to the Student Loan Division of the Department of Higher Education; (d) owed amounts required to be paid to the Unemployment Compensation Fund; and (e) other unpaid debts owing to the State or any state agency thereof, the amount of which is found to be owing as a result of final agency determination or reduced to judgment as certified by the controller.

10. TIMING OF PAYMENT

The settlement proceeds will be paid from the Risk Management Fund within 30 days after this Agreement has been fully executed by the State Controller. This Agreement cannot be executed fully until after Claimant provides counsel for Defendants with the original copy of this Agreement, and the completed and executed form W-9 described in paragraph 5.

## GENERAL PROVISIONS

11. INTEGRATION. The parties understand, acknowledge, and agree that this Agreement constitutes the entire agreement of the parties regarding the subject matter and transactions referred to herein. The parties understand, acknowledge, and agree that the terms of this Agreement are contractual in nature and not mere recitals. As such, the parties understand, acknowledge, and agree that this Agreement is fully integrated and supersedes all previous oral or written agreements of the parties.

12. BINDING EFFECT. This Agreement shall inure to the benefit of, and be binding upon the parties and their successors, assigns, and heirs.

13. GOVERNING LAW AND ENFORCEABILITY. This Agreement is entered into in Colorado, and shall be governed by the laws of the State of Colorado. This Agreement shall be enforceable in accordance with its terms in either the state courts or federal courts in Colorado.

14. HEADINGS. The headings used in this Agreement are for the convenience of the parties only. As such, these headings shall not have any legal effect whatsoever or, in any other way, alter or modify the meaning or interpretation of this Agreement.

15. ADDITIONAL ASSURANCES. This agreement is intended to be self-operative. Notwithstanding the foregoing, both parties agree that, at the reasonable request of the other party, they shall execute any further documents or instruments reasonably necessary to effectuate the transactions contemplated by this Agreement.

16. SEVERABILITY. If any provision of this Agreement should be declared to be unenforceable, with the exception of Plaintiff's release of any and all claims as set forth in paragraph 3 of this Settlement Agreement, then the remainder of this Agreement shall continue to be binding upon the parties.

17. COSTS AND ATTORNEYS FEES. The parties agree that each shall bear their own costs and attorney fees, if any, for preparation and execution of this agreement.

18. EXECUTION IN COUNTERPARTS. This Agreement may be executed in counterparts, each of which shall have full force and effect upon execution by all parties to this Agreement. Facsimile signatures shall be valid and effective as original signatures.

19. **WARRANTIES.** The parties expressly warrant that they have carefully and completely read the terms of this Agreement. The parties expressly warrant that they have had the opportunity to consult with or retain counsel prior to executing this Agreement, that they fully understand the terms of this Agreement, and that they enter into this Agreement knowingly and voluntarily, and without coercion, duress, or undue influence. The parties represent that they are legally competent to execute this Agreement.

20. **EFFECTIVE DATE/CONTROLLER APPROVAL.** This Agreement shall not be deemed valid until it shall have been approved by the State Controller or such assistant as he may designate, as provided by Section 24-30-202(1), C.R.S. (2004).

21. **AMENDMENT.** This Agreement may not be amended except in a writing setting forth such amendment and executed by both parties.

WHEREFORE, the parties agree to and accept the terms of this Release and Settlement Agreement on the date reflected next to their signatures.

**THIS IS A RELEASE**
**READ CAREFULLY BEFORE SIGNING:**

**PLAINTIFF**

_____   Date: _10-17-05_
Wilfred Marquez #40481


**STATE OF COLORADO**

BY: _____   Date: _12/27/05_
Executive Director or designee
Colorado Department of Corrections

BY: _____   Date: _11/15/05_
Leslie M. Shenefelt or designee
State Controller


BY: _____   Date: _11/14/05_
Jeff Wells or designee
Executive Director,
Colorado Department of Personnel & Administration

5

APPROVED AS TO FORM:

_____   Date: 9/26/05
Jess A. Dance, Esq.
Attorney for Defendants
Office of the Colorado Attorney General
1525 Sherman Street, 5$^h$ floor
Denver, CO 80203