IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

Plaintiffs,

-vs.-

BILL OWENS, et al.

Defendants.

---

Claim Number 01-033
Category I
Claimant: Arthur McCray, #88857
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of Arthur McCray. This claim was initially reviewed on April 24, 2004. In December, 2004, a further review was made of the claim. It appeared that Claimant might have a condition not covered by the Remedial Plan. As a result, a show cause order was issued to Claimant. He was granted up to and including February 14, 2005 in which to file a response. He has filed nothing.

Claimant has never filed the supplemental claim forms that were forwarded to him. His initial claim form lists only mobility disability. He has described a condition called "ulcertive colitis." He indicates that he developed this condition as a result of being given a pill by DOC staff. The allegations set forth by Claimant indicate that his claim does not fall within the provisions of the settlement agreement.

The Special Masters in this case are granted the power to adjudicate claims that are recognized by the settlement agreement that was approved by Judge Edward Nottingham. The settlement agreement allows claims to be filed as it relates to the following disabilities: (1) mobility disabilities; (2) vision disabilities; (3) hearing disabilities; or (4) disabilities related to diabetes. There is no category for colitis. Mobility disability is defined by the settlement agreement as being wheelchair bound or having a lower extremity problem.

The settlement was approved under the Americans with Disabilities Act (ADA). *42 U.S.C. §12132*. In order to file a claim, a claimant must have a recognized condition and must have been the victim of discrimination based upon that condition. *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998); *see also, Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002). Claimant does not have a condition covered by the Remedial Plan. He may bring a separate action under the ADA and Rehabilitation Act. He cannot pursue a claim in this case.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 14, 2006.**

SIGNED this 3rd day of January, 2006.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 3rd day of January, 2006 to the following:

Mr. Arthur McCray
#88857
SCF
P.O. Box 6000
Sterling, CO 80751-6000

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203