IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  **92-cv-00870-EWN**

**JESSE MONTEZ, et al.**

Plaintiffs, as representatives of themselves and all others similarly situated in the class action,

v.

**BILL OWENS, et al,**

Defendants.

_____

ORDER
_____

KANE, J.

This prisoner civil rights class action is before me on Defendants' appeal (Doc. 1212) from Special Master Borchers' Final Order related to Claimant Byron Cortez, #45627 dated September 27, 2005.  In the Order, the Special Master determined that by virtue of his long-standing knee problems and surgeries – up to and including knee replacement – Cortez has a lower extremity mobility impairment warranting the replacement of his soft-soled orthopedic shoes that had worn out.  The Special Master reviewed the evidence and in a detailed discussion  rejected Defendants' assertion that an unspecified "policy" precluded the provision of special shoes, that a medical decision had been made not to authorize orthopedic shoes for Cortez, and that appropriate shoes could be "purchased from the Canteen."

On appeal, Defendants again relies on legal standards from ADA cases to argue

the Special Master abused his discretion by finding Cortez merely "impaired," rather than "substantially limited major life activity" (here, walking).  Because "Cortez is able to walk and 'get around the facility,'" Defendants conclude, "he is not substantially limited in walking."  Appeal (Doc. 1212) at 5.

I have reviewed Defendants' brief and considered carefully the arguments and case law cited.  Considering the Special Master's Order in light of the legal standards to be applied, I cannot conclude the Master abused his discretion either in finding Cortez's lower extremity mobility impairment constituted a disability under the Remedial Plan or in ordering accommodation.  That Cortez's knee impairments were "substantially limiting" may be inferred from the detailed findings made.  Even under the State's view of the abuse of discretion standard where I must evaluate the merit of the Master's statements of law under a *de novo* standard, no error is manifest.

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

*In re Bueno*, 248 B.R. 581, 582 (D. Colo. 2000)(Kane, J.)(citing *United States v. Wright et al.*, 826 F.2d 938, 942 (10th Cir.1987)).  Given the nature and sheer size of this action together with the fact that the Special Master is intimately familiar with the claims

process, the Remedial Plan, and the merits of hundreds of individual cases, the abuse of

discretion standard is particularly apt.  Given the Master's expertise and the time and

energy invested in evaluating Cortez's claims, I will not disturb his judgment unless it

appears the Master has "overriden" applicable law and exercised his discretion in a

manner that cannot be reconciled with appropriate judicial temperament or duty.  This

clearly is not the case here.

Defendant's Appeal of the Special Master's Order dated September 27, 2005 is

DENIED.  The Order stands.

Dated this 20th day of January, 2006.

BY THE COURT:

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE