IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 N 870 - EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

### DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED AWARD OF ATTORNEY FEES AND COSTS
---

Defendants, through counsel, Elizabeth H. McCann and James X. Quinn, of the Colorado Attorney General's office, object to the Special Master's Recommended Award of Attorney Fees and Costs in this matter.

### Background

This Court is quite familiar with the history of this case. A Remedial Plan agreed to by both parties was approved by the Court on August 28, 2003 after a fairness hearing on August 27, 2003. Plaintiff Class Counsel submitted a request for attorneys' fees and costs incurred prior to the approval of the Remedial Plan to Arbitrator/Special Master Robbie Barr in August 2003. A hearing was held on August 21, 2003, and Judge Barr issued a recommended award on Oct. 2, 2003. This Court considered the recommended award and modified it in an Order of April 30, 2004. The ordered fees and costs have been paid.

The Remedial Plan provides that Plaintiff Class Counsel may submit a request for attorneys' fees and costs on an annual basis during the compliance period for fees and costs incurred during the compliance and monitoring periods. The Plan provides that if the parties do not agree to the amount sought, the determination of those fees and costs will be submitted to the same arbitrator/special master. Remedial Plan § XXXIII, p. 30. Plaintiff Class Counsel did submit a request for fees and costs covering the time period from August 22, 2003 through August 2005 which was subsequently supplemented through Nov. 9, 2005. (Attached hereto as Exhibit 1) Class Counsel and Defendants' Counsel were unable to agree on a reasonable amount. Thus the matter was submitted to Arbitrator Robbie Barr. A hearing was held on Nov. 10, 2005. Judge Barr issued a Recommended Award of Attorney Fees and Costs. (Attached hereto as Exhibit 2)

## Summary of the Argument

Defendants do not object to paying reasonable attorneys' fees and costs for Class Counsel's work in monitoring compliance by the Dept. of Corrections (DOC) with the Remedial Plan. However, Defendants object to the Recommended Award as more fully outlined below. Class Counsel are not entitled to attorneys' fees incurred in seeking damages on behalf of claimants unless and until they are successful in obtaining damages. In addition, if the Court awards fees and costs for Class Counsel's work regarding damages, the hourly rate is subject to the restrictions of the Prison Litigation Reform Act as the damages claims are for Section 1983 Eighth Amendment violations.

## Standard of Review

As this Court noted in its Order of April 30, 2004, this Court must review the conclusions of law of a special master under a de novo standard. The Court stated in its order: "Since Rule 53 does not expressly permit the parties to alter the standard of review of a special master's conclusions of law, the parties may not do so by stipulation. Accordingly, I review the special master's conclusions of law under the de novo standard." (Order April 30, 2004, p. 11)

The Court also pointed out in its order that the Remedial Plan is unusual in that it provides that unless the Court overturns a decision of the special master within 30 days, the decision will be final. Thirty days from the service of the Recommended Award has not yet run so the Court can still examine the factual findings under a clearly erroneous standard pursuant to Rule 53 and overturn the decision within the 30 days.

Even if the Court does not overturn the decision within 30 days, the Court must still review the conclusions of law de novo. Order at 11; *Polin v. Dun & Bradstreet, Inc.*, 634 F.2d 1319 (10th Cir. 1980) (*en banc*).

The Defendants' objections are ones of law: whether Plaintiff Class Counsel are entitled to payment for costs and fees incurred in researching and arguing damages issues at this time, and if so, if the hourly rate allowed is subject to the provisions of the Prison Litigation Reform Act. The Special Master herself recognized that this question is a legal question in her Recommended Award. She separated out the amount of fees and costs to be awarded 1) if the Court agreed with her decision that Counsel should be compensated for the legal work regarding damages (award of $191,500 fees and $12,300 costs) or 2) if the Court declined to award fees for time spent on the damage process (award of $114,900 fees for general compliance monitoring

and $12,300 costs). The Special Master did not address Defendants' argument, presented at the hearing, that the hourly rate for any amount awarded for work on damage claims should be reduced to that allowed by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ($135 per hour), because Class Counsel's legal work on damages involved damages available for claims pursuant to the Eighth Amendment. This is clearly a legal question which this Court must address de novo.

### Judge Barr's Recommendations

Judge Barr has recommended that Class Counsel be awarded $191,500 for attorneys' fees and $12,300 in costs. She noted in her recommendation, however, that Defendants' position was that Counsel was not entitled at this time to attorneys' fees for time spent preparing and arguing damages issues. Therefore, she noted in her opinion that should this Court agree with the Defendants then her recommended award would be $127,200 comprised of $114,900 in fees and $12,300 in costs for monitoring general compliance with the Remedial Plan. In coming to these figures, Judge Barr reduced the requested fees by "adjusting the fees, however, by the *Ramos* factors set forth at length in my prior decision" (Recommended Award, Exhibit 2, at p.9). It is not clear which factors she was using but Defendants did object to certain items included in Counsel's bills and perhaps she took those into consideration.

### Plaintiff Class Counsel are not entitled to Collect Attorneys' fees and Costs incurred in seeking damages on behalf of claimants at this time

The Remedial Plan sets up two distinct processes for final conclusion of the case following the approval of the Remedial Plan: 1) DOC is required to make certain changes both structurally and programmatically to comply with the requirements of the ADA. Class counsel is

4

to monitor the progress of DOC, and Judge Kane will determine if DOC is in substantial compliance; 2) individual inmates are allowed to seek damages for discrimination based on a disability if they can prove they are disabled and have been discriminated against by DOC because of a disability and suffered damages as a result. Special Masters Borchers, Pringle, and Davidson from the Legal Resolution Center have been appointed to handle the damages claims and all the procedures associated therewith. All matters having to do with damages are to be heard by the Special Masters with the possibility of appeal to Judge Kane.

The Remedial Plan addresses attorneys' fees incurred during the compliance and monitoring periods and provides that disputes about those fees will be submitted to Judge Robbie Barr of the Judicial Arbiter Group.

> If the parties do not agree to the attorneys' fees and costs incurred during the compliance and monitoring periods, then the determination of those fees and costs will also be submitted to the same special master, who will hold a hearing, not in excess of one day, with each side getting equal time, regarding Plaintiffs' attorneys' fees and costs. Counsel for Plaintiffs may submit their fees and costs petitions on an annual basis for determination.
> Remedial Plan XXXIII, Attorneys' Fees and Costs, p. 30

The Remedial Plan also established the procedure for inmates to request damages for alleged discrimination. The Plan allowed a certain time frame for individual inmates to file claims with the Special Masters from the Legal Resolution Group in which they describe their alleged disabilities and the manner in which DOC has purportedly discriminated against them because of their disabilities. The Special Masters have assigned the claims to categories depending on the severity of the disabilities and the allegations of discrimination. Some of the claimants are entitled to hearings while some of the claims are decided on written materials alone.

Plaintiff Class Counsel only represent a handful of the individual damage claimants regarding the damages claims. The vast majority of the claimant inmates are *pro se* and some are represented by other attorneys. The Remedial Plan emphasizes that Class Counsel are under no obligation to represent the individual claimants and states the circumstances under which Plaintiffs' counsel will be involved:

> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim. (Remedial Plan XXXII, Damages, p. 29)

There are two separate categories of attorneys' fees and costs that have been incurred by Class Counsel since the adoption of the Remedial Plan:

1) those for monitoring DOC compliance with the Remedial Plan, and

2) those to be recovered in connection with individual inmate claims.

Plaintiff Class Counsel are entitled to reasonable attorneys' fees incurred in monitoring compliance issues with DOC; for example, fees that are incurred meeting with an expert to discuss the diabetic training at DOC or fees for reviewing files of the ADA Inmate Coordinator. Plaintiff Class Counsel are **not** entitled to recovery of attorneys' fees for pursuing damages claims on behalf of claimants **unless and until** the claimant actually recovers damages. These claims are to be handled on a case by case basis just as an individual plaintiffs' ADA case would be handled. If the plaintiff wins, counsel are entitled to seek attorneys' fees; if the plaintiff doesn't win, counsel are not entitled to any fees or costs.

Upon information and belief, Plaintiff Class Counsel have entered appearances in less than ten damage claim cases. None of these claims have been resolved. Plaintiff Class Counsel is

6

not entitled to recover any attorneys' fees for work done to research and present argument regarding what damages are recoverable in this case or to prepare claimants' damage claims. The recovery of attorneys' fees in those cases will be dependent on the outcome of the claims.

Plaintiff Class Counsel argued in front of the Special Master that they are entitled to these fees because some of the issues are applicable to claims of more than one inmate. However, this can be said of arguments made in individual cases every day. An attorney for a plaintiff in an Eighth Amendment case may file a motion regarding what types of damages are available in that type of case or what types of damages are recoverable when a plaintiff dies. Counsel does not receive attorneys' fees for filing and arguing those motions unless the plaintiff is ultimately successful in winning his or her case. To award damages at this stage for damages claims is like allowing a plaintiff's attorney to collect fees incrementally from a defendant throughout a case even though the plaintiff may not ultimately win his or her case.

The cases cited by Robbie Barr in her recommended award do not address the issue presented in this case; they address the fact that Class Counsel are entitled to attorneys' fees for monitoring compliance with a settlement in a case against a prison system. For example, in *Glover v. Johnson*, 138 F.3d 229 (6th Cir. 1998), the Court allowed counsel to obtain attorneys' fees for work done in connection with orders awarding them relief that were later vacated. *Martin v. Hadix,* 527 U.S. 343 (1999) addressed the applicability of PLRA rates to fees incurred prior to its effective date. *Jenkins v. Missouri*, 967 F.2d. 1248 (8th Cir. 1992) involved a school desegregation case in which the court allowed attorneys' fees for counsel defending against subsequent interveners. In *Diaz v. Romer*, 961 R.2d 1508 (10th Cir. 1992) the court held that Plaintiffs' counsel were entitled to fees for monitoring compliance.

Defendants do not contest the fact that Plaintiff Class Counsel is entitled to reasonable attorneys' fees spent monitoring general compliance by the Department of Corrections with the Remedial Plan. Defendants, however, strenuously object to paying counsel attorneys' fees for Section 1983 claims they may not be successful in pursuing.

## Fees Submitted by Plaintiff Class Counsel

Plaintiff Class Counsel themselves have separated out their attorneys' fees and costs based on time they have spent actually monitoring whether DOC is in compliance with the Remedial Plan and time spent on issues relating to damages claims. One set of fees is entitled: "Invoice submitted to: Montez et al."; the other is entitled: "Invoice submitted to: Montez-Damages." (See Exhibit 1) Plaintiff Class Counsel's separation of attorneys' fees for the monitoring function and for the damages issues demonstrates that they too recognize the distinction between the two functions.

With respect to the damages claims, a great deal of time has been spent by Plaintiffs' counsel challenging rulings by the Special Masters regarding the type of damages that are recoverable in this case. For example, Plaintiffs' counsel's position is that damages should be available for Eighth Amendment medical malpractice negligence claims; Defendants' position is that the damages are limited to Rehabilitation Act discrimination claims. This issue is before this Court now. Plaintiffs' counsel has also argued to the Special Masters that certain damages are available when the plaintiff is deceased. Defendants take a different position. The Special Masters ruled in favor of Defendants and that issue is currently before this Court as well. If Plaintiffs' counsel is not successful in these arguments, they are clearly not entitled to attorneys' fees just as an attorney representing an individual seeking damages in an ADA claim or a Section

1983 claim would not be entitled to recover attorneys' fees unless he or she wins his or her claims. It is premature to consider the award of attorneys' fees and costs when Plaintiff Class Counsel have not been successful on any of the damage claims.

There is at least one other attorney representing some of the claimants on their damages claims in this case. That attorney has appealed an adverse ruling by the Special Master in one of his client's cases; he has not asked for any attorneys' fees incurred in representing a claimant in a damages claim pursuant to the Remedial Plan in this case because he realizes he is not entitled to attorneys' fees unless he prevails on behalf of his client. The same procedure applies to Class Counsel when they are acting as attorneys for individual claimants.

The recovery of attorneys' fees and costs for damages claims is an issue that should and will be considered by the Special Masters from the Legal Resolution Center who have been specifically appointed to address all aspects of the damages claims. In fact, the Special Master noted as much in Special Order #2 attached hereto as Exhibit 3. The Special Master noted that whether or not attorneys' fees could be recovered for prosecution of damages claims could not be resolved because it was hypothetical at that point as no damages claims in which Plaintiff Class Counsel had appeared had been resolved:

> One such issue was the question of availability of attorney's fees if a claim was successfully prosecuted. That issue was not resolved, as it was not pending as to any claims and was hypothetical. (Special Order #2, paragraph 2)

None of the attorneys' fees and costs contained in the invoice submitted by King & Greisen titled: "Invoice submitted to: Montez-Damages" should be awarded in this case ($92,290). Claims for these attorneys' fees must initially be presented to and determined by the

9

Special Masters in this case who are actually hearing all of the damages claims if and when Plaintiff Class Counsel prevail on a claim.

The issue before Judge Barr was to determine appropriate and reasonable fees for legal work incurred in monitoring Defendants' compliance with the Remedial Plan. Those fees are contained in the "Invoice submitted to: Montez, et. al." Those fees are approximately $114,339. Judge Barr reallocated some of the time Counsel attributed to the damages stage to the general monitoring because that time dealt with the initial design of the damage process so she arrived at the figure of $125,339 for legal work spent in monitoring general compliance. Judge Barr then adjusted the fees sought by the *Ramos* factors so that she found that the total amount for general compliance work to be $114,900.

Defendants challenged some of the fees and costs sought in that invoice. Because Judge Barr did not specify on what grounds she reduced the total amount requested by Counsel, Defendants will include the objections it raised to the amounts in this objection before this court. Defendants objected to the following:

- 9/29/03 - there are two entries of CKC regarding appeal issues and filing a review for Appeal - these appear to be erroneous entries - perhaps for another case - as there was no appeal issues in this case at that time
- 10/26/03 - there is an entry for DSK reviewing and revising brief re: attorneys' fees for .90 hours
- 10/27/03 - there is an entry for DSK review of the attorneys' fees brief for .50 -if the initials are for Diane King, she is not an attorney in this case. Given that Paula Greisen spent 17.3 hours and David Miller spent 8.4 hours and the paralegal spent

> 7.4 hours on researching and writing the response to Defendant's objection to attorneys' fees for a total of $7440, it is unreasonable to pay yet another attorney to review and revise this brief. These entries should be denied.

12/17/03 - both Paula Greisen and David Miller billed for traveling to Ft. Lyons and touring the facility - Paula billed 14.2 hours and David billed 14.5 hours for the same trip for a total of about $8,000 for one and 1/2 day. It was not necessary to have more than one attorney make this trip. Either one of the attorneys could have handled this trip. Travel time should not be billed at the regular hourly rate. Even the plaintiffs' own expert in the last attorneys' fees hearing acknowledged that travel time is customarily billed at a lower rate, particularly when it is not during the regular work day (which this wasn't). Defendants submit that one attorney's time should be denied. *See* <u>Smith v. Freeman</u> 921 R.2d. 1120 (10th Cir. 1990)

There are several instances when two or three people billed different amounts of time for what is clearly the same meeting:

2/17/04 - PG billed .2 for a conference with DHM

> DHM billed .25 for the same conference

5/4/04 - AMK billed 1.3 hours for meeting re: compliance issues

> PG billed 1.4 for the same meeting re: compliance issues
>
> ABD billed 1.6 for the same meeting
>
> DHM billed 1.2 for the meeting and a telephone call

6/30/04 - DHM billed .8 hours for a meeting

> PG and ABD each billed .5 hours for the same meeting

11

9/1/04 - DHM billed 1.5 for a meeting re: case status

    PG billed 1.5 for the same meeting

    ABD and CPH each billed 1.00 for the same meeting

6/27/05 - PG billed 1.8 hours for a meeting with Linda Edwards re: compliance issues on

    diabetic care;

    DHM billed 1.6 hours for the same meeting.

While these are not great discrepancies, they are indicative of sloppy timekeeping and inflation of time spent by various parties. Given the inconsistencies, Defendants asked that the Special Master reduce the fees to reflect the smallest amount of time billed by one person for these meetings. *See e.g.* Jane L . v. Bangerter. 61 F.3d 1505 (10th Cir. 1995); Rodriguez v. Zavaras, 22 F. Supp. 1196 (D. Colo. 1996)

Other entries which Defendant contested:

7/29/04 and 8/27/04 - both of these dates contain entries by DHM on discovery issues for

    a total of 8.15 hours. Defendants believe that these entries relate to individual

    claims and should not be included in the compliance attorneys' fees

11/30/04 - PG billed .40 for a conference call re: damage issues - this should be denied at

    this time as it relates to damages which will be addressed in the individual claims

1/28/05 - PSB billed .60 for research re: what § 1983 claims survive death - this is clearly

    a damages issue that should not be included in the fees for monitoring

    compliance

3/2/05 - 5/27/05 - There are a series of large amounts of time billed by Patricia Bellac for

visits to various facilities and meetings with class members. Patricia Bellac is serving of counsel to King and Greisen on this case and has primarily been involved in filing pleadings re: what damages are available in the case. Based on the written work she has produced, her time appears to have been spent on damages issues rather than compliance issues. It appears that while she was visiting the facilities, she was meeting with individual claimants and evaluating their situations so that the firm could decide if it wanted to enter an appearance on behalf of a given inmate and discussing damages with them.

For example, on 5/4, DHM billed for reviewing inmate letters and a "conference with CPH re: declines to represent." He was clearly reviewing inmate letters and materials in order to decide who to represent on damages claims and giving instructions to a paralegal re: informing inmates that the firm would not be representing them. His time should be denied.

Patricia Bellac's time should be cut at this time subject to resubmittal when the damages issues have been resolved if the Class Counsel are successful on any of the damages claims.

Defendants raised objections to these fees during the hearing. The hearing was reported but a transcript is not yet available. Defendants will provide a transcript as soon as it is available, but Defendants wanted to submit these objections within the thirty day time frame.

### Costs

Plaintiff Class Counsel included Lexis research in the costs being billed to Defendants. Research costs are generally included in the hourly rate as overhead to the firm. Defendants are already paying paralegals who do administrative work because the attorneys don't have

13

administrative assistants. It is unreasonable to include costs for legal research. Plaintiff Class Counsel charge $250 and $300 an hour. Surely administrative costs are included therein. *See* Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983)

>8/31/03 - Lexis research $131.18
>
>9/30/03 - Lexis research: $147.67
>
>10/31/05 - Lexis research: $56.13
>
>1/31/04 - Lexis research: $40.84
>
>2/28/05 - Westlaw research: $13.08
>
>3/11/05 - Westlaw research: $24
>
>These costs should be deducted from the award.

Plaintiff Class Counsel has included several charges for copying damage claim forms. These expenses clearly relate to the damages claims in this case and cannot be included in costs at this time:

>11/30/03 - copying cost - damage claim forms $27.75
>
>2/29/04 - copying cost - damage claim forms; various pleadings; correspondence from Borchers - $48.90
>
>3/31/04 - copying cost - damage claim forms - $40.65
>
>4/30/04 - copying cost - damage claim forms - $49.20
>
>5/31/04 - copying cost - damage claim forms - $96.75
>
>1/31/05 - copying cost - damage claim forms - $192.30
>
>3/31/05 - copying cost - $74.70

14

These costs should be stricken and not awarded as they are not related to compliance matters.

Patricia Bellac has also included costs for staying overnight and travel costs for visits to the facilities. As mentioned previously, it appears that at least part of the purpose of her visits to the facilities was to discuss damages with various potential claimants. It was after these visits that King and Greisen entered appearances on behalf of various claimants. Thus, these expenses should not be paid at this time.

> 8/31/03 - Travel expenses for trips to prisons in 7/03 - $ 365.07 - this should be stricken as there is no specificity as to what the expenses were for nor the purpose of the visits. In addition, this is for expenses that occurred prior to 8/03 when the Remedial Plan was adopted. Defendants have already paid plaintiffs' counsel for all the expenses incurred prior to 8/03 and this appears to be duplicative billing
>
> 3/20/05 - mileage to Ft. Lyons - $74
>
> 3/22/05 - lodging at Ft. Lyons - $125.2
>
> 3/22/05 - mileage to AVCF - $81.40
>
> 3/30/05 - mileage to Canon City - $55.50
>
> 3/31/05 - mileage return trip from Canon City - $55.50
>
> 3/31/05 - lodging in Canon City - $80.22
>
> 4/24/05 - mileage to Ft. Lyons - $86.21
>
> 4/24/05 - lodging in Las Animas - $60.75
>
> 4/25/05 - mileage to Denver - $92.5
>
> 5/9/05 - mileage to prison - $81.40

      5/10/05 - means - $9.76

      5/10/05 - mileage from Canon City - $44.4

      5/112/05 - travel expense - Sterling mileage - $97.68

It is unclear from Judge Barr's order which costs she cut to arrive at her figure of $12,300 versus the $14,518 sought by Counsel. However, the expenses noted above should be stricken and subject to resubmission with respect to damages claims.

### If the Court Allows Class Counsel to Recover for Time Spent on Damages Issues, the Hourly Rate must be $135 Pursuant to the Prison Litigation Reform Act

Judge Barr did not address Defendant's argument that even if she were to award fees for time spent regarding damages issues, she must reduce the hourly rate for that work to that allowed under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(d), (rate is limited to 150% of the rate paid to Court appointed counsel,$90) which would make the hourly rate $135 Application of the proper hourly rate would significantly reduce the $76,600 which Judge Barr found for "involvement in damages claims." (Recommended Award, Exhibit 2, p. 9).

The Prison Litigation Reform Act clearly applies to claims brought for damages under the Eighth Amendment. The parties stipulated to this in the Remedial Plan: "Plaintiffs stipulate that time spent solely on Eighth Amendment matters that do not implicate the ADA or Rehab Act will be subject to the fee caps under the Prison Litigation Reform Act." (Remedial Plan, § XXXIII, p. 30). As this Court knows from the two major issues pending in front of it: whether damages are recoverable for Section 1983 Eighth Amendment claims and what are the nature of damages recoverable in such claims when death results, these are clearly Eighth Amendment issues. There can be no doubt about that. From review of the time sheets, it appears that the vast

majority of Counsel's time regarding damages issues concerns Eighth Amendment claims. Clearly this time can only be awarded at the rate allowed by federal law in the Prison Litigation Reform Act.

The fact that the PLRA applies to this time underscores the reason why these fees should not be awarded at this time. The PLRA also provides that the amount of attorneys fees awarded in a damages claim can only be one and one/half times the amount awarded as damages, 42 U.S.C. § 1997(e)(d). See, *Robbins v. Chronister,* No. 02-3115 (10th Cir., Jan. 26, 2006).  Since at this time, no damages have been awarded and we don't know if any will ever be awarded in the cases in which Counsel is involved, there can be no accurate compilation of the proper award of attorneys' fees. No fees should be allowed unless and until Counsel are successful in a case and then the fees must comply with the Prison Litigation Reform Act.

**Summary**

Defendants are willing to pay reasonable attorneys' fees and costs incurred by the Plaintiff Class Counsel in monitoring compliance with the Remedial Plan by DOC. These fees and costs are contained in the invoice titled "Invoice submitted to: Montez, et al." with the exception of the entries as noted above. Judge Barr has calculated the attorneys' fees to be $114,900. Defendants are not able to determine on what basis she reduced the requested fees of $125,339, but Defendants have demonstrated above certain fees to which they have an objection. Judge Barr recommended $12,300 as a reasonable cost award but it is not clear which costs she reduced from Counsel's submission of $14,518.  Defendants object to any costs being awarded at this time that were incurred speaking with inmates regarding damages claims or preparing

damages claims. Defendants are unable, without more information, to provide the Court with a specific number for costs at this time.

Defendants object to payment of any fees and costs incurred in preparing and presenting arguments relating to what damages are available to claimants in this case. Plaintiffs are not entitled to any attorneys' fees and costs relating to damages claims unless they are successful in obtaining damages for their clients. Petitions for these fees and costs are more properly directed to the Special Masters who were directed to resolve issues concerning damages claims in this case after the conclusion of those claims. If the Court awards such fees, the Court is bound by the provisions of the Prison Litigation Reform Act.

Respectfully submitted this 27 day of January, 2006

JOHN W. SUTHERS
Attorney General

 s/Elizabeth H. McCann
ELIZABETH H. MCCANN
Deputy Attorney General
Civil Litigation and Employment Law
 (303) 866-3261
(303) 866-5443 (FAX)

JAMES QUINN
Assistant Attorney General
Corrections Unit
Civil Litigation and Employment Law
(303) - 866- 4307

Attorneys for Defendants
1525 Sherman Street, 5th Floor
 Denver, Colorado  80203
 Telephone:  (303) 866-3261
 Fax: (303) 866-5443
 Email: beth.mccann@state.co.us

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 27th day of January, 2005, I electronically filed the foregoing Defendants' Objections with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen  
David Miller  
miller@kinggreisen.com  
greisen@kinggreisen.com  
Counsel for the class  
King and Greisen, LLP  
1670 York St.  
Denver, Co. 80206  

                                            s/Elizabeth H. McCann  
                                            Elizabeth H. McCann  
                                            Attorney for Defendants  
                                            Colorado Attorney General's Office  
                                            1525 Sherman St.  
                                            Denver, Co. 80203  
                                            303-866-3261  
                                            Fax: 303-866-5443  
                                            beth.mccann@state.co.us

20