IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action
No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

## SPECIAL ORDER #2

---

THIS MATTER comes before the Special Master on his own motion. Counsel for the class have filed a "Motion for Status Conference with Judge Richard M. Borchers." In that motion, counsel have requested that a conference be held to discuss a wide variety of issues, including issues related to a stay of proceedings and whether expert witnesses will be allowed to testify in person at hearings.

The Special Master had a similar status conference by telephone with counsel for the class several months ago. A variety of items were discussed, but none were pending on any claims. The Special Master determined that it was not possible to resolve issues that had not been formally presented for adjudication. One such issue was the question of availability of attorney's fees if a claim was successfully prosecuted. That issue was not resolved, as it was not pending as to any claim and was hypothetical.

Counsel for the class negotiated the Remedial Plan and then presented it to Judge Nottingham. Section XXXII states in its last paragraph as follows:

> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim.

This section was approved. Since its approval, class counsel have entered their appearance on less than ten claims. This is out of a total of over 1,300 claims. On a small number of claims, class counsel have advised the office of the Special Masters that they do not represent certain claimants.

Class counsel represent certain individuals because they have entered their appearance for



EXHIBIT
3

those claimants. As to those claims, counsel may file any necessary motions, and they will be resolved. As to any other claim in which an entry of appearance has not been filed, class counsel have no legal standing to appear and argue any generic issue. Class counsel sought to be relieved of the responsibilities to individual claimants on their claims, and that was approved by Judge Nottingham.

Counsel may file motions on specific claims in which they have entered an appearance. They may also ask that those motions already filed concerning discovery be reactivated. Counsel may file any and all appropriate motions related to attendance of witnesses and expert witnesses as to the claims in which they are counsel of record. Counsel also may request a determination of damages that may be available for a claimant and that issue will be resolved. All of the issues mentioned in the motion may be raised as to specific claims, but not on claims where class counsel have not entered an appearance.

IT IS HEREBY ORDERED that the Motion for Status Conference with Judge Richard M. Borchers is denied without prejudice; and

IT IS FURTHER ORDERED that counsel may file any and all motions they deem appropriate on claims in which they have entered an appearance; and

IT IS FURTHER ORDERED that Defendants will be given an opportunity to respond to any motions and then a hearing will be set.

SIGNED this 22nd day of August, 2005.

BY THE COURT:

By: _____
Richard M. Borchers
Special Master

2

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this *22nd* day of August, 2005 to the following:

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia S. Bellac
King & Greisen, LLP
4845 Pearl East Circle, #101
Boulder, CO 80301

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203