IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 01-145
Category I
Claimant: Edwin Barnes, #66181
Address of Claimant: 3280 Downing Street, #310, Denver, CO 80205

---

### FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of Edwin Barnes (Claimant). Claimant has been incarcerated in the Colorado Department of Corrections (DOC). He was placed at various facilities prior to his release to a community placement.

This claim has been assigned to Category I. Pursuant to the Remedial Plan, Claimant was not entitled to a hearing. Claimant has been given an opportunity to submit documents in support of his claim. Defendants have filed a response to the claim. Claimant was given the opportunity to reply to the response of Defendants. Claimant has not filed a reply. Further argument will be waived.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp. 28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement also provides as follows:

> Damage claims must be filed within 90 days of receipt of the inmate of the Damage Claims form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period

---

[1] The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

2

may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercise by the federal court in this case. The Special Masters may only extend the time limits for filing of a damage claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.

The class was established and set on August 27, 2003 when Judge Nottingham approved the Settlement Agreement. To be part of the class, an inmate had to have been in DOC custody on or before that date and had to have a valid claim that arose during the period ending August 27, 2003.

## II.

This claim will be resolved on a narrow issue. Claimant indicated in his claim form that he was incarcerated in DOC custody on May 27, 2004. Claimant checked only the box for mobility impaired. Claimant indicated that he was incarcerated at the Buena Vista Minimum Center (BVMC) at Buena Vista, Colorado. It appears that Claimant was released to a community placement sometime during May, 2005.

Claimant's DOC number is 66181. From review of many claims, this number predated May, 2004. In their answer, Defendants note that Claimant was incarcerated previously in DOC. Attached to the answer are various exhibits, some of which reflect the time Claimant has served in DOC facilities. Defendants records reflect that Claimant came into DOC custody on June 7, 2004 for a new offense.

Claimant was in DOC custody in 1991-92. He served a brief part of that sentence at BVMC in 1991-92 and then was released to a community placement. *Defendants' Exhibit A*. Claimant also served approximately two months at the Buena Vista Correctional Facility (BVCF) in 1995. BVCF is a different facility than BVMC, though both are part of the same complex.

Claimant's custody in 2004 post-dates the approval of the Settlement Agreement by Judge Nottingham. As such, the allegations of violation of the ADA and Rehabilitation Act during the most recent commitment can only be pursued if there was a substantiated violation during a time period predating August 27, 2003.

Defendants have argued that it is difficult to ascertain what time period Claimant is discussing. The Special Master has reviewed all documents submitted by both sides. A reasonable and fair reading of Claimant's submissions reflect on the most recent time period commencing in mid-2004. Under the Settlement Agreement, Claimant has the burden to establish that a violation occurred on or before August 27, 2003. Claimant has not done that.

Claimant has set forth some significant allegations. Claimant may pursue these claims through a separate lawsuit. Claimant may not pursue his claim for what occurred at BVMC in 2004 and 2005.

3

IT IS HEREBY ORDERED that the claim of Edwin Barnes is dismissed, as he has failed to prove that he is part of the class.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before April 3, 2006.**

SIGNED this 23 day of January, 2006.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 27 day of January, 2006 to the following:

Mr. Edwin Barnes
#66181
3280 Downing Street, #310
Denver, CO 80205

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Ms. Brooke Meyer
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203