IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-054
Category III
Claimant: William Shaffstall, #58868
Address of Claimant: 6579 South Kit Carson St., Centennial, CO 80121

**DEFENDANTS' RESPONSE TO SHAFFSTALL'S OBJECTION TO THE SPECIAL MASTERS' FINAL ORDER
(DIRECTED TO THE HONORABLE JUDGE KANE)**

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Shaffstall's Objection to the Special Masters' Final Order.

**STATEMENT OF THE CASE**

Claimant William Shaffstall filed an individual claim for damages as part of the Montez v. Owens class action. He claimed to be mobility disabled. (See Final Order, p. 3, docketed at 1224, attached as Def. Exh. A). Special Master Pringle conducted a hearing on Shaffstall's claim on November 14, 2005. Following the hearing, the Special Master issued a Final Order.

The Special Master denied Shaffstall's claim after finding that he does not have a permanent mobility disability. (Final Order, p. 5). The Special Master also concluded that, even if Shaffstall were disabled, the CDOC did not discriminate against him or deny him access to reasonable accommodations. (Final Order, p. 5-6). The Special Master also determined that Shaffstall's claims alleging denial or delay in medical treatment do not fall within the scope of the ADA or Rehabilitation Act. (Final Order, p. 6). After the Special Master denied his claim, Shaffstall filed his "Objection to the Final Order of Special Master."

## STANDARD OF REVIEW

The Special Masters' award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane." (Remedial Plan, § XXXII).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

In re Bueno, 248 B.R. 581, 582 (D. Colo. 2000) (Kane, J.) (citing United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987).

**ARGUMENT**

**I.  THE SPECIAL MASTER PROPERLY DENIED SHAFFSTALL'S CLAIM.**

The Special Master properly held that Shaffstall does not have a permanent mobility disability.[1]  Shaffstall claims to be mobility disabled due to plantar fasciitis, a medical condition that causes his feet to become swollen and tender. (Final Order, p. 3).  While plantar fasciitis could limit Shaffstall's ability to walk at times, the Special Master found that the flair-ups were temporary and that various treatments, including heel cups and arch supports, provided Shaffstall relief from his symptoms. (Final Order, p. 3, 5).[2]

Under the Remedial Plan, a Montez claimant is "disabled" if he has a permanent physical mobility, hearing, or vision impairment, or was diabetic, and the condition substantially limits one or more major life activities. (See Final Order, p. 4; Remedial Plan, III(B)); see also 29 U.S.C. § 794(d); 42 U.S.C. § 12101(2).  A

---

[1] The November 23, 2004 Order by Judges Kane and Nottingham set out the four required criteria for a Montez damages claim:
   1. Is the claimant a disabled individual who is a member of the class?
   2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
   3. Was the claimant discriminated against by DOC because of his or her disability? (*e.g.*, were accommodations requested and denied because of the disability?)
   4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

(November 23, 2004 Order, ¶ 2).

[2] Shaffstall has attached several documents to his Objections discussing plantar fasciitis, as well as two pages of medical records.  None of these documents were submitted to the Special Masters prior to or during the hearing.  These documents cannot be considered here because they were not entered into evidence below and are not part or the record.  See New Haven Inclusion Cases, 399 U.S. 392, 450 n.6 (1970).  In this case, the U.S. District Court sits in an appellate capacity reviewing the decisions of the Special Masters.  An appellate court is not the appropriate forum for initial consideration of new evidence.  "This court cannot consider exhibits, attached to plaintiff's briefs, that were not submitted to the district court."  White v. State of Colo., 82 F.3d 364, 366 n.3 (10th Cir. 1996).

permanent disability or impairment is one which is not expected to improve within six months. (Final Order, p. 4; Remedial Plan, III(C)).

After reviewing the evidence, the Special Master concluded that Shaffstall does not have a permanent mobility disability. Any difficulty he had due to plantar fasciitis was temporary. "The evidence does not indicate that any flair-up of Claimant's plantar fasciitis lasted more than perhaps five months; and there is no indication that it was anticipated that the symptoms which affected his ambulation would last more than six months." (Final Order, p. 5). Therefore, Shaffstall does not have a permanent disability. (Id.).

In addition, the Special Master properly denied Shaffstall's claim because the CDOC did not discriminated against Shaffstall based on his alleged disability. (Final Order, p. 5-6). To establish discrimination, Shaffstall needed to prove that the CDOC's conduct "unreasonably denied Claimant the opportunity to take advantage of the benefits, services, programs, or facilities of the institutions in which he was housed." (Final Order, p. 5).

Shaffstall was not unreasonably denied access to any service, program, benefit, or facilities. The Special Master found that Shaffstall was able to get to and from the chow hall while at the Buena Vista Correctional Complex ("BVCC"). (Final Order, p. 5). There was a brief period when Shaffstall had trouble walking to the television room at the Denver Diagnostic & Reception Center ("DRDC"); however, "this situation only lasted for a few days." (Final Order, p. 6). Finally, while Shaffstall did have some difficulty walking to the library at BVCC, the CDOC accommodated Shaffstall by letting him request books that would be delivered to his

4

cell. (Final Order, p. 4, 5). Based on these findings, "the Special Master finds and concludes that Claimant has failed to sustain his claim that he was discriminated against because of his alleged disability or that Defendants failed reasonably to accommodate his alleged disability." (Final Order, p. 6).

Finally, Shaffstall's "primary dispute with Defendants" alleges that the CDOC failed to provide proper, and timely, medical treatment for his plantar fasciitis. (Final Order, p. 5; see generally Shaffstall's Objection to Final Order). Claims regarding the quality of a plaintiff's medical care fail to state a cognizable claim under the ADA or Rehabilitation Act. See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1493 (10th Cir. 1992). In addition, "[u]nless they meet the criteria established in paragraph#[2], individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan." (November 23, 2004 Order, ¶ 5). The Special Master properly held that Shaffstall's claims regarding the quality of his medical care were beyond the scope of the Montez ADA/Rehabilitation Act case. (See Final Order, p. 5).

## CONCLUSION

The Special Master properly denied Shaffstall's claim. Following a hearing in which Shaffstall was allowed to present evidence and testimony, the Special Master concluded that Shaffstall does not have a permanent mobility disability; that he was not unreasonably denied access to any program, service, benefit, or facility; and that the CDOC accommodated Shaffstall by allowing him to request books that would be delivered to him. In addition, the Special Master properly held that the ADA and Rehabilitation Act do not encompass claims regarding the quality of medical care.

5

The Special Master's findings of fact are supported by the record and the legal conclusions are reasonable applications of the Remedial Plan and existing precedents. The Final Order is not grossly unsound, unreasonable, or illegal. Therefore, the Special Master did not abuse his discretion and the Final Order should be affirmed.

Respectfully submitted this 10th day of February, 2006.

JOHN W. SUTHERS
Attorney General


s/ Jess A. Dance
JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation and Employment Law
   Section
Attorney for Defendants
*Counsel of Record

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com

I further certify that I have mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, this 10th day of February, 2006, addressed as follows:

William Shaffstall, #58868
6579 South Kit Carson St.
Centennial, CO 80121

*Courtesy Copy To:*

Cathie Holst

<u>s/ Jess A. Dance</u>