IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870 - EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.*,

Defendants.

---

**REPLY TO RESPONSE BY THE PLAINTIFF CLASS TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED AWARD OF FEES AND COSTS**

---

Defendants, through counsel, Elizabeth H. McCann and James X. Quinn, of the Colorado Attorney General's office, submit the following reply to Response by Plaintiff Class to Defendants' Objections to Special Master's Recommended Award of Fees and Costs.

**I. Defendants' Objections were Timely Made**

Plaintiffs argue that Defendants' objections to the Special Master's Recommended Award regarding attorneys' fees and costs were not filed in a timely manner pursuant to Federal Rules of Civil Procedure (FRCivP) Rule 53. However, the Remedial Plan is the document that governs the procedures in this case. The Remedial Plan in Section XXXIII states that unless the Special Master's decision is overturned by the Court within 30 days, the decision of the Special Master will be a final decision. Judge Nottingham in his order of April 30, 2004, considered a previous Recommended Award of attorneys' fees and held that the Special Master's factual findings would

stand, but that he would review the legal conclusions under a *de novo* standard even though the objections were not filed within the time frame of the former Rule 53.

It is Defendants' position that because the Remedial Plan provides for a period of 30 days for the Court to overturn a decision of the Special Master regarding attorneys' fees, the Defendants may file an objection within the 30 day period, which they have done.

Plaintiffs argue that Rule 53 requires that the defendants object to the Recommended Award within 20 days of service pursuant to Judge Nottingham's Order of April 30, 2004 and the current Rule 53. However, Rule 53 also requires that the Plaintiffs move to adopt the Recommended Award within 20 days which the Plaintiffs in this case have failed to do. Since the Plaintiff Class Counsel did not file a motion for the Court to adopt the Recommended Award within the appropriate time frame, they cannot now ask the court to adopt the award without consideration of the Defendants' objections. Plaintiffs failed to request that the Court adopt the award within the required time frame of Rule 53. To avoid this situation, the Defendants ask the Court to conform to the time frame outlined in the Remedial Plan (30 days) and hold that the Defendants filed timely objections within that time frame and proceed to consider the merits of the arguments.

In the alternative, as noted by the Plaintiffs in their response to Defendants' Objections, footnote 3, the Court is free to adopt the Special Master's action or to disregard it at any relevant point in the proceedings if no one asks to the court to act on a Master's report. In *Wallace v. Skadden et. al.,* 362 F.3d 810 (C.A.D.C. 2004), the Circuit Court for the District of Columbia held that the failure of a defendant to timely object to a report of a special master does not waive the right of the party to object. The Court went on to note that: "[regardless of the defendant's

failure to file timely objections], it was the district court's duty after motion, notice and hearing - to review the special master's legal conclusions *de novo*" Id. at 375. The Court noted that the Court has an independent obligation to determine that a master's order was not clearly erroneous. The Court did note that the circuit courts are not unanimous on this issue.

Importantly, the advisory committee notes to the 2003 amendments to Rule 53 make it very clear that:

> The subdivision (g)(2) time limits for objecting to - or seeking adoption or modification of - a master's order, report, or recommendations, are important. They are not jurisdictional. Although a court may properly refuse to entertain untimely review proceedings, the court may excuse the failure to seek timely review. . . . If no party asks the court to act on a master's report, the court is free to adopt the master's action or to disregard it at any relevant point in the proceedings. Advisory Committee Notes to subsection (g)(2) of FRCivP. Rule 53.

A court is free to consider and correct a special master's report at any time, and the Court can act or not act on the report at any time. The Advisory Notes also state that as with findings of fact, a court may decide conclusions of law *de novo* even when no objection is made. The fact that the defendants object to the recommended award will assist the Court in taking action because the Court will have the benefit of counsels' arguments for both sides. Defendants request that the Court proceed to review the merits of the Recommended Award.

**II. The Special Master Recognized that her Recommendation Regarding Whether Class Counsel are entitled to Reimbursement for time and costs spent on the Damages Portion of the case was a matter of law.**

In her conclusions, the Special Master stated at page 8 that Judge Nottingham [Kane] might ultimately adopt DOC's position that Class Counsel are not entitled to fees and costs incurred regarding damages claims at this time. She noted that in the event that happened, it was more efficient for her to separate the fees and costs associated with the damages claims and those

incurred for general monitoring. As noted in the Defendants' objections filed previously, she provided the district court judge with two different figures, acknowledging that the judge might conclude differently on the matter of law than did she.

In the transcript of the hearing in front of Special Master Barr, attached hereto as Exhibit 1, she states: "I think under that standard that he [Judge Nottingham] would look at whichever way I ruled, if I did, on the issue of their [class counsel's] entitlement to compensation on these undecided damages questions as a matter of law. . ." (p. 107, lines 2-5). Thus, the question of whether counsel are entitled to reimbursement at this stage for fees incurred with respect to the damages claims is a matter of law which this court must consider *de novo.*

**III. Class Counsel are Entitled to Reasonable Attorneys' Fees and Costs incurred only in Monitoring Compliance with the Plan at this time.**

Defendants do not object to paying counsel reasonable attorneys' fees for monitoring DOC's compliance with the Remedial Plan. As explained in the objections previously filed, Defendants object to paying counsel for work that has been done to determine which inmates they will represent individually and to present arguments that pertain specifically to damages claims.

Defendants do not object to attorneys' fees incurred developing the damages claims forms to be distributed to all class members nor do defendants object to efforts by class counsel to educate inmates regarding the forms and how to complete them. Defendants do object to payment for meetings with inmates to discuss individual claims and for preparing pleadings addressed to what damages are available in the individual cases.

For example, on pages 35-39 of the transcript (Exhibit 1) of the hearing in front of the Special Master, David Miller testified that at times there was overlap in the conversations Ms. Bellock had with inmates regarding compliance issues and individual damages claims. Ms. Bellock sent a letter to Defendants' counsel, James Quinn, in which she acknowledged that she wanted to meet with certain inmates to discuss compliance issues <u>and</u> damages issues. (Exhibit 2 attached)  Mr. Miller stated in his testimony, p. 40, that Ms. Bellock separated out the billings so that the billings submitted to the Special Master were just for compliance issues. Yet the billings for her time visiting with inmates appears to be block billing for large blocks of time:

    3/20 - drive to Los Animas to meet with inmates; re: compliance issues    4.5 hours
    3/21 - meet with inmates re: compliance issues    8 hours
    3/22 - Drive to AVCF, negotiate with AVCF re: meeting with class
    Members and meet with inmate re: compliance issues; drive back to Denver  7.5 hours
    4/21 - Preparation for meeting with inmates; make arrangements for trip to
    Ft. Lyons    2 hours
    4/24 - travel to Ft. Lyons and preparation for meeting with inmates re:
    Compliance    6.5 hours
    4/25 - meeting with inmates at Ft. Lyons re: compliance issues    2 hours
        Travel to ACVF and meeting with inmates at AVCF re: compliance
        Issues    2.3 hours
        Travel back to Denver from Ft. Lyons re: compliance issues    6 hours

There are other similar entries on May 9, 10, and 27.

There is no indication in the records provided by Class Counsel that any of this time that may have been spent discussing individual claims was broken out by Ms. Bellock. Defendants are at somewhat of a handicap in evaluating these claims because Defendants do not have access to the other set of time records that Plaintiffs are keeping for individual claims. It strikes Defendants as ironic, however, that Defendants are now being asked to set up individual and group meetings with inmates for Paula Greisen so she can meet with them to discuss compliance.

5

If Plaintiffs hired Ms. Bellock to conduct these compliance discussions with inmates in order to keep costs down, it does not seem appropriate for Defendants to be asked to pay not only for Ms. Bellock to conduct these meetings but also to pay Ms. Greisen for the same purpose.

Defendants acknowledge that Counsel are entitled to fees for overall monitoring of the plan and the procedures for inmates to recover damages. However, as noted in our objections, recovery of fees for pursuing damages claims is based on whether or not a party wins his or her claim. The issues concerning whether Eighth Amendment claims remain in the case and, if they do, to what extent, and the issue of what damages are available to the estates of inmates who pass away are specific to damages claims concerning what damages are recoverable. Fees for this work should only be awarded in the event the plaintiffs are successful in individual claims.

The Special Master specifically included two possible attorneys' fees awards: one based on her conclusion that counsel was entitled to the majority of their request now and the other based on the Defendant's position that attorneys' fees should only be paid for monitoring of general compliance, but not for individual damages claims.

**IV.  Any Time Spent Preparing Arguments and Briefs and Arguing the Issue of to what extent Eighth Amendment Claims can be Brought and what Damages are Available when a Claimaint has died are Subject to the Limits of the Prison Litigation Reform Act (PLRA)**

Plaintiff Class Counsel themselves agreed in the Remedial Plan that any Eighth Amendment work is subject to the limitations of the PLRA. The hourly rate for such work is limited in the PLRA to a reasonable one: $135 an hour. The Special Master did not address this argument at all in her recommendations although it was raised and argued at the hearing (Transcript p. 99-100). In their response, Counsel state that Defendants have not cited one time

6

entry to establish the assertion that considerable time was spent on developing Eighth Amendment and Section 1983 argument. The billings have many such entries. For example:

> 1/18/05 PSB Research and review re: damages for wrongful death in 1983 cases .25
> 1/19/05 PSB Review case with Paula; continue to review documents; begin file
>     Assembly and inventory; continue research re: damages for wrongful death
>     In 1983 cases     2.00 hours
> 1/20/05 PSB Review and research impact of state law and 1983 cases;
>     Review remedial plan' outline pleadings summary and discovery
>     Standards     1.85 hours

There are many entries regarding research on what damages the inmates can recover including the issues briefed by the Plaintiffs in their Brief entitled "Plaintiff Class Appeal Regarding the Availability of Damages for Denial of Medical Care" , Document 1065. This brief specifically addresses the Plaintiffs' position that damages are available for Eighth Amendment claims. In addition, there are entries reflecting days and days of time spent researching and writing "Plaintiff Class Appeal of Order of Special Masters re: Category V Damages" and the Reply which argues that the estates of deceased inmates are entitled to the full panoply of damages available under Section 1983. Rather than enumerate all of these entries at this time, if the Court rules that the hourly rate for such work must conform to the PLRA, Defendants will go through and specify all of the entries Defendants believe are subject to this statutory hourly rate. The individual entries are too numerous to list here.

## V. Conclusion

Wherefore, for the foregoing reasons and those expressed in the Objections filed previously with this Court, the Defendants respectfully request that the Court only order payment of attorneys' fees and costs for Class Counsel for monitoring general compliance with the Remedial Plan. Further, Defendants request that the Court reduce the hourly rate of Class

Counsel to that permitted by the Prison Litigation Reform Act for all time spent concerning Eighth Amendment and Section 1983 claims.

                                    Respectfully submitted this 13 day of February 2006,

                      JOHN W. SUTHERS
                      Attorney General

                      s/Elizabeth H. McCann
                      ELIZABETH H. MCCANN 5834
                      Deputy Attorney General
                      Civil Litigation and Employment Law Section

                      JAMES X. QUINN, 21729*
                      Assistant Attorney General
                      Corrections Unit, Civil Litigation and Employment Section

                      Attorneys for Defendants

                      1525 Sherman Street, 5th Floor
                      Denver, Colorado  80203
                      Telephone:  (303) 866-3261
                      Fax: (303) 866-5443
                      Email: beth.mccann@state.co.us

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of February, 2006, I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Paula Greisen | Honorable Richard M. Borchers |
| David Miller | dborchers@legalres.com |
| miller@kinggreisen.com | Special Master |
| greisen@kinggreisen.com | Legal Resolution Center |
| Counsel for the class | 707 Zenobia St. |
| King and Greisen, LLP | Westminster, Colorado 80030 |
| 1670 York St. | |
| Denver, Co. 80206 | |

                                                s/Elizabeth H. McCann
                                                Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us