IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

   Plaintiffs,

-vs.-

BILL OWENS, et al.

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 14 2006

GREGORY C. LANGHAM
                   CLERK

---

# FOURTH REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS TO UNITED STATES DISTRICT JUDGE EDWARD W. NOTTINGHAM AND SENIOR UNITED STATES DISTRICT JUDGE JOHN L. KANE

---

THIS MATTER comes before the Special Masters on their own motion. An issue has arisen that is beyond the jurisdiction of the Special Masters. This issue relates to the provisions of the Remedial Plan and will have to be resolved by a United States District Judge.

The Remedial Plan provides in Section XXXII that any inmate or former inmate has the right to file a claim seeking damages or other relief if that claimant is disabled and has been subjected to discrimination prohibited by the Americans with Disabilities Act and Rehabilitation Act. The claimant must meet one or more of the definitions of disability set forth in the Remedial Plan. Once a claim is filed, it is to be adjudicated by one of the Special Masters.

Documents have been received by the Special Masters from three claimants: Steven Paul Walker; James Rudnick; and Jose Luis Dole. Each of these individuals has successfully prosecuted his claim and been awarded damages or other relief. Each of these individuals has indicated in his documents to the Special Masters that he has not received his damages or all of what he was

awarded. Each has requested action by the Special Masters to enforce the final order that was entered on his behalf.

Section XXXII of the Remedial Plan provides no mechanism for enforcement of an award. The Special Masters do not have contempt power nor can they direct entry of a judgment in favor of a claimant. The Special Masters have ruled that the Remedial Plan terminates their jurisdiction when the final order is entered.

The Special Masters do not believe that they can exercise any further power under the Remedial Plan to enforce the final orders entered on behalf of these three claimants. Enforcement of the final orders will have to come from the Court.

IT IS HEREBY RECOMMENDED that this Court review each of the requests of these three claimants who have been successful in their claims and enter appropriate orders relating to enforcement of the final orders entered on their behalf by the Special Masters.

SIGNED this _13_ day of February, 2006.

BY THE COURT:

_____
Richard M. Borchers
Special Master

Bruce D. Pringle
Richard C. Davidson
Special Master

2

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 13 day of February, 2006 to the following:

Mr. Stephen Paul Walker
#114350
FLCF
P.O. Box 1000
Fort Lyon, CO 81038-1000

Mr. Jose Luis Dole
#109864
HCCC
304 Ray Sandoval Street
Walsenburg, CO 81089

Mr. James Rudnick
#68432
LCF
49030 State Highway 71
Limon, CO 80826

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Patricia S. Bellac
King & Greisen, LLP
4845 Pearl East Circle, #101
Boulder, CO 80301

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Ms. Brooke Meyer
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203