IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number 03-077
Category III
Claimant: John Cerrone, #58685
Address of Claimant: 6176 Sheridan Blvd., Arvada, CO 80003-5229

_____

**DEFENDANTS' RESPONSE TO CERRONE'S "OBJECTION TO THE FINAL
ORDER OF SPECIAL MASTER"
(DIRECTED TO THE HONORABLE JUDGE KANE)**

_____

Defendants, through the Colorado Attorney General, respectfully submit the

following Response to Cerrone's Objection to the Special Masters' Final Order.

**STATEMENT OF THE CASE**

Claimant John Cerrone filed an individual claim for damages as part of the

Montez v. Owens class action.  He claimed to be disabled due to diabetes and a

mobility impairment. (See Final Order, docketed at 1223, attached as Def. Exh. A).

Special Master Pringle conducted a hearing on November 14, 2005.

Following the hearing, the Special Master issued a Final Order.  The Special

Master held that Cerrone's diabetes does not constitute a permanent disability under

the ADA and/or Rehabilitation Act because it is controlled by diet and does not substantially limit any major life activity.  In addition, the Special held that the DOC properly accommodated Cerrone's diabetes. (Id., p. 6).

The Special Master held that Cerrone has a permanent mobility impairment for which he needs a wheelchair. (Final Order, p.5).  There was conflicting evidence regarding whether Cerrone needed a wheelchair pusher and whether he had ever requested that DOC provide him a pusher. (Id., p. 3).  The Special Master found in Cerrone's favor and held that the DOC failed to accommodate Cerrone by not providing him a pusher. (Id., p. 5).  Without a pusher, Cerrone was unable to attend a GED class, utilize the yard for recreation, or safely access the visitation area. (Id., p. 5-6).  The Special Master found that Cerrone never suffered any physical injury from any fall or denial of a pusher. (Id., p. 6).  Based on these findings, the Special Master "f[ound] and conclude[d] that the sum of $750.00 is appropriate compensation for these non-economic damages." (Id., p. 6).

Cerrone subsequently filed his "Objection to the Final Order of Special Master." (Docketed at 1562).  He "objects to the amount awarded by the Special Master.  Depriving the claimant of the opportunity to learn to read and write was a major breach of the duty of the State.  Claimant believes that he should have been awarded at the very least $25,000.00." (Id.).  His Objection raised no issues besides the amount award by the Special Master.

## STANDARD OF REVIEW

The Special Masters' award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane."  (Remedial Plan, § XXXII).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal.  Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law.  It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right.  An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical.  It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

In re Bueno, 248 B.R. 581, 582 (D. Colo. 2000) (Kane, J.) (citing United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987).

## ARGUMENT

### THE SPECIAL MASTER DID NOT ABUSE HIS DISCRETION.

Cerrone's only complaint is that he wants a higher monetary award than what the Special Master awarded.  Based on the evidence, the Special Master concluded that "the sum of $750.00 is appropriate compensation for these non-economic damages." (Final Order, p. 6).  That Cerrone hoped to be awarded a higher amount does not mean the Special Master abused his discretion.  The Special Master have addressed the merits of hundreds of individual claims and are intimately familiar with the Remedial Plan and claims process.  The Special Master's award in Cerrone's case is in line with other final orders issued by the Special Masters.

There is no allegation that the Special Master's decision was arbitrary, capricious, or whimsical.  Nor can it be said that judgment was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will towards Cerrone. Indeed, the Final Order shows that the Special Master found many factual disputes in Cerrone's favor.

## CONCLUSION

Cerrone only challenges the amount awarded by the Special Master.  The

Special Master, who has reviewed the merits of multiple other <u>Montez</u> claims,

determined that Cerrone did prove an ADA/Rehabilitation Act violation for which

$750.00 was appropriate compensation.  This decision was fair and reasonable.  The

Special Master did not abuse his discretion.

Respectfully submitted this 22nd day of February, 2006.

JOHN W. SUTHERS
Attorney General


s/ Jess A. Dance
JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation and Employment Law
   Section
Attorney for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on February 22, 2006, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to

the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com

I further certify that I have mailed copies of the foregoing via the United States
mail, postage prepaid, at Denver, Colorado, this 22nd day of February, 2006,
addressed as follows:

John Cerrone, #58685
6176 Sheridan Blvd.
Arvada, CO 80003-5229

***Courtesy Copy To:***

Cathie Holst

<u>s/ Jess A. Dance</u>