IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  **92-cv-00870-EWN**

**JESSE MONTEZ, et al.**

      Plaintiffs, as representatives of themselves and all others similarly situated in the class action,

v.

**BILL OWENS, et al,**

      Defendants.

_____

**ORDER**
_____

KANE, J.

      This prisoner civil rights class action is before me on Defendants' Appeal Regarding Damages Award (Doc. #1031) from Special Master Borchers' Final Order related to Steven Paul Walker dated June 13, 2005.  In the Order, the Special Master ordered CDOC to provide Walker with a Flex-Foot Modular 3 Carbon X Active Heel prosthesis and provide future maintenance as the remedy for discrimination the Special Master found Walker suffered while at the Limon Correctional Facility.  The Special Master denied claims related to Walker's time at FLCF on grounds "Claimant has stated that he has no complaints concerning his treatment at FLCF."  (Final Order, p. 6.)

      For some, if not all, of the reasons set forth in Defendants' briefing, I grant the appeal and conclude the Special Master abused his discretion in ordering the relief awarded.  Specifically, I agree that the Special Master improperly inverted the burden of

proof with respect to certain aspects of Walker's claim, requiring Defendants to prove Walker had not been denied access to jobs, music programs and the like at Limon when there was no evidence that Walker ever sought a job or access to the music program. Similarly, the Special Master appears to have required Defendants to establish Walker's original prosthesis was furnished in a timely fashion rather than requiring Walker to establish it was not. Absent any evidence in the record that the provision of Walker's original prosthesis by CDOC was unduly delayed, there was no basis in the record for the finding made.

Based on the foregoing, Defendants' appeal is **GRANTED** and the order requiring CDOC to provide Walker with the Flex-Foot Modular 3 Carbon X Active Heel prosthesis, at no cost to Walker, is **VACATED**. Nothing in this Order should be construed as absolving CDOC of its obligations to provide Walker with all reasonable accommodations based on his substantial impairment, including the provision of an adequate prosthesis maintained in proper working order.

Dated this 9th day of March, 2006.

BY THE COURT:

s/John L. Kane
SENIOR U.S. DISTRICT JUDGE