| | |
|---|---|
| DISTRICT COURT, _____ COUNTY<br>Court Address:<br>US DISTRICT COURT<br>901--19 th Street<br>Denver, Co 80239 | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>MAR 1 3 2006<br><br>GREGORY C. LANGHAM<br>CLERK |
| JESSE MONTEZ ET AL<br>Plaintiff,<br><br>v.<br>BILL OWENS, ET AL<br>Defendant(s). | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>JILL COIT   # 86530<br>Claim Number 03-129<br>P.O.BOX 392005<br>Denver Co 80239 | Case No.: 92 N 870<br>96 N 343<br>Div/Ctrm: |
| MOTION FOR APPOINTMENT OF COUNSEL | |

Judge Kane

Pursuant to 28 USC * 11915 (e)(1) Claimant moves for an Order appointing counsel to represent her in this case. In support of this motion, Claimant states the following.

1. Claimant's ability to litigate this case has been greatly diminished. Claimant is unable to perform due to a stroke (TIA) on 12-15-05. TIA impairs cognitive reasoning and my ability to think. I can not access parts of my brain or information I need to be productive and respond.

2. Claimant can no longer see clearly in her left eye which prevents from reading without pain.

3. Claimant can no longer use her right hand due to arthritis and deformity, bending her wrist to write or type causes extreme pain and swelling.

4. The issues of this case are complex and Claimant can no longer think in a linear time frame.

5. This appointment would expedite matters before the Court at this time.

6. It is not a matter of asking for more money in damages if I don't deserve them but I do feel the damages done by defendants warrant a closer look. It is an issue of making me whole and fairness. All damages I receive will go directly to the Aleph Institute, 9540 Collins Avenue, P.O. Box 547127, Surfside, Florida 33154-7127. I am an Orthodox Jewess and this organization helps Jewish inmates. When I was sent to DWCF from CWCF (not for mobility impaired) in October 2001 all my medical braces, appliances and personal property was denied me. In fact all my medical braces and appliances were lost and not replaced by defendants. According to the Montez Remedial Plan when a disabled inmate is transferred to an accommodating facility they will have the same privileges and property rights as they possessed at their former facility. (Page 4 V. Placement last sentence.) I merely want my personal and medical property returned or reimbursed for them. These issues all fell well within the August 27, 2003 range.

(prepared by Judy Dixon)

The Montez Remedial Plan will be referred to as "MRP". Judge Pringle found that "Claimant has sustained a claim of disability discrimination under the ADA, the Rehabilitation and the Remedial Plan." "No evidence was presented by defendants to establish that either of the requested accommodations was unreasonable or inappropriate." (Page 9 of Final Order of Special Master) Judge Pringle stated that, "Claimant has presented considerable testimony regarding alleged discrimination and failure to accommodate that occurred after August 27, 2003. The Special Master finds and concludes that these allegations cannot be entertained under the Montez Remedial Plan." Claimant believes this is inaccurate because most of these exhibits went to demonstrate that defendants were guilty of violating the Montez Remedial Plan. All exhibits showed conditions of medical disabilities where defendants deprived Claimant of medial devices, denied treatment and medical appliances which were initially prescribed/ordered prior to August 2003 and/or were a part of the two year compliance and monitoring periods of the Montez Claim deadline.

Claimant came into DOC in 1995 as a mobility impaired inmate due to leg length discrepancy of 1 and ½ inches which required a special orthotics shoe to walk; severe degenerative arthritis in her knees and hip which limited her ability to move and walk for less than 50 feet; Degenerate Disk Disease of the back and other joints throughout her entire body which prohibited lifting, bending, squatting, standing and pushing thus limiting the mobility in her lower and upper half of her body. Defendants were well aware of her medical disabilities as exhibits submitted by Claimant shows medical appliances and care was ordered/recommended but not given. Thus causing permanent and future damages. On April 5, 2001 defendants met with Claimant to discuss said disabilities which were reflected in Team Staffing meeting notes in which claimant asked why her medical records were being faxed to the legal department of CDOC. "Dr. Holst answered that Mr. Rockwell needed to be aware of the current restrictions due to the fact that he was the ADA coordinator for DOC." This is all part of the record and with this much notification defendants had many years to correct the disability discrimination.

It is clear from the exhibits Claimant submitted that defendants were in violation of the MRP of ordering medical appliances within 7 days (see page 21   D. "Health care appliances deemed necessary shall be ordered by medical no more than 7 working days after it is determined the inmate is in need of the appliance and the appliance shall be provided as expeditiously as possible. "

According to exhibit ___AA & BB___ defendants recognized the need for special orthotics shoes in 1998 and had continual orders for special shoes. Orders have been prescribed for custom made orthotics to correct my leg length discrepancy and foot problems since 6-29-04 well within the 2 year MRP period for compliance and monitoring.  What makes these violations so harmful is that defendants were not merely delinquent but deliberately indifferent to their own doctors and specialist. In fact, Dr. Gremillian in 1998 told defendant that the shoes I was forced to wear were too small. Again Dr. Gremillian repeated his order that I be given shoes that were not too small and would accommodate my foot problems. I developed plantar fibroma's on my feet due to being forced to wear shoes to small. Exhibits _____. This is and 8 amendment violation as well as the Montez Remedial Plan. It does not take a specialist or medical degree to figure out making Claimant wear shoes to small would cause permanent foot problems thus limiting her ability to walk.

When defendants refused to get said shoes to correct her leg length discrepancy they caused her hip and spine to be thrown off. Try putting a 1 and ½ inch block under your shoe just for a few minutes and see how much pain you are in, that is what Claimant went through for over 8 years and is still undergoing. When Claimant asks this Court to recognize future damage caused by defendants not obeying and conforming to Montez she is only asking for justice and fair play. Claimant has suffered permanent damage and is asking Judge Kane to just look at the fact. Defendants provided said custom orthotics shoes 2 years ago but since I filed under Montez I have been retaliated against and denied replacement of shoes and medical appliances. See exhibits: A B

Page 4 V. Fragment, "Inmates who are currently in DOC and are moved to a designated facility because of a disability and pursuant to this agreement will have the same privileges and property rights as they possess in their current placement. I was transferred from Colorado Women's Correctional Facility (CWCF) which is listed not for the mobility impaired in October 2001. As exhibit _RR_ shows I had back braces, and other medical appliances but they were lost in the transfer and never replaced. The exhibits Claimant submitted clearly show defendants were/are in violation of the MRP and Claimant has no way to enforce conformity in the MRP without this courts intervention. These are just two examples of how defendants are in violation of the MRP. Defendants refuse to comply with the MRP despite numerous attempts by Claimant.

The Montez Remedial Plan and class action law suit is useless unless there is some way to enforce what the Court ordered. It allows for future damages but when Claimant submitted numerous medical records that show violation of Montez within the 2 year monitoring plan her exhibits were ruled minimal. What part of denying medically needed appliances and treatments which cause physical damage is minimal? Claimant realized she is not versed in the law and is not always clear but her exhibits clearly show not just deliberate indifference to her pain and suffering but violation of the Montez Remedial Plan. Minimal damage is not forcing Claimant to wear shoes to small for years or taking way her back braces when transferring her to another facility that can accommodate the handicapped or denying her shoes to correct her leg length discrepancy. Any one of these denials is capable of causing permanent damage and severe lasting pain.

Without an attorney or help in preparing a response to the Final Order Claimants issues will become moot and not actionable because I am not capable of putting the points on record. The DWCF law library is limiting its open hours to 5 secessions for over 900 inmates. Due to Claimants disabilities of not being able to see clearly to read the law books as well as her ability to comprehend, she can not adequately represent her issues. Claimant needs more time in the law library due to her disabilities.

Defendants have not taken her back to see Neurology since her 12-15-06 stroke. Neurology wanted to see her within two weeks. In fact the whole neurology report has disappeared from her medical file. Even Optomology recommended she be taken to Neurology. Claimant feels she has suffered another stroke because her vision in her eyes has gotten worse and her ability to speak is greatly impaired and not consistent. Claimant clearly needs help from counsel in preparing the response to the Final Order of Special Master.

7. I can not do anything that requires wrist movement without my wrists/hands swelling and causing severe pain. (Unremediated pain forces me to deteriorate further due to denial of Celebrex-anit-inflantory)

8. Due to TIA and severe arthritis in my hands and wrist, I can no longer take care of my daily physical needs and require assistance even in bathing and every day activities. See medical report dated 2-8-06.

9. I can not do my legal work needed to respond to the Final Order of the Special Masters. Defendants are in violation of the Montez Remedial Plan and claimant has no way to bring the evidence to this Courts attention.

10. Claimant needs to file an objection alleging non-compliance and does not have the mental ability to file such a claim. Defendants refuse to obey the Montez Remedial Plan and order Claimants prescribed braces, orthopedic shoes, medical appliances and medical assistive devices she had prior to being sent to DWCF due to her disabilities.

Wherefore Claimant prays this Court will appoint counsel to represent her in preparing the response to the Final Order of Special Master.

Respectfully submitted,

*Jill Coit*

Jill Coit # 86530
P.O.BOX 392005
Denver, Co 80239


CERTIFICATE OF MAILING
I hereby swear I placed in the US mail, postage prepaid to the following:

US DISTRICT COURT_JUDE KANE
JUDGE PRINGLE
ATTORNEY GENERAL_ MR ADAM WIENS

THIS __ day of March , 2006

*Jill Coit*

Due to staffing shortages and coverage arrangements:

## **EFFECTIVE FEBRUARY 1, 2006**

DOC Law libraries will be operating on reduced hours including delayed processing of photocopy and loan requests.

Offenders are responsible for planning accordingly and to submit **all** requests, a minimum of one (1) week prior to any court deadlines to ensure adequate time for completion.