IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JESSE MONTEZ, et al.

Plaintiffs.

-vs.- 92-cv-00870-EWN-OES

Defendants.

BILL OWENS, et al.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 5 2006

GREGORY C. LANGHAM
CLERK

Claim Number 03-051
Category III
Claimant: Steven Paul Walker #114350
Address of Claimant:
FLCF, P.O. Box 1000, Fort Lyon, CO 81038

## OBJECTION TO DEFENDANTS APPEAL+PROCESS, OBJECTION TO DEFENDANTS RESPONSE TO "FOURTH REPORT AND RECOMMENDATIONS OF THE SPECIAL MASTERS"

Claimant, Steven Paul Walker, comes hereby Pro Se and respectfully submit the following objections to Defendants Response to Fourth Report and Recommendations of the Special Masters, and appeal.

1. Claimant **Objects** to Defendants statements in Paragraph #3 of the Defendants Response to the Fourth Report. The Defendants were Ordered to provide Claimant with a Flex Foot Modular 3, Carbon X **Active** Heel, prosthesis. (not a Carbon X Heel as stated by Defendants). **Emphasis on Active** as stated in the Final Order of the Special Master. This is important because there are different types of heels for prosthetics. The Claimant is a very active person and needs Active equipment, the Carbon X active Heel will allow him to be more active.

2. Claimant **Objects** to Defendants statement in paragraph #3. The Defendants state they were ordered to provide claimant with a "Flex Foot Modular 3, Carbon X Active Heel" prostesis, <u>a different prosthesis than the one the CDOC had already given walker, the Claimant.</u> The statement underlined is not relevant to this Claim (03-051). Claimant **paid** for a part of this prostesis that the Defendants are claiming they gave to claimant. The Final Order stated that judgment is entered in favor of Steven Paul Walker (Claimant) as to actions by Defendants, their Staff, and their employees at the Limon Correctional Facility. (<u>See</u>

Final Order, docket 956). Their is no relevancy to this statement made by the defendants. (The Claimant could have asked for monetary damages, but he did not, instead the claimant asked for a prosthesis that would help to improve his quality of life, and this prosthesis will allow the claimant to be more active).

3. The Final Order provided that either party could file an objection to the Final Order with the U.S. District Court on or before August 8, 2005. In paragraph #4 Defendants claim that on August 8, 2005 they requested an enlargement of time up through August 18, 2005 to file an objection. The Claimant **Objects** to this enlargement of time as the Defendants failed to send a copy of any such motion for enlargement of time to the claimant. (Please check certificate of service, the claimant was not mailed or served any motion for enlargement of time. All Legal mail received here at Fort Lyon Correctional Facility is logged and signed for by Correctional Officers and Inmates). The Defendants claim the Honorable Judge Kane granted Defendants request, and Defendants timely appealed the claimants Final Order on August 18, 2005, and the appeal is currently pending. The Claimant **Objects** to this appeal as the defendants failed to send a copy of any such appeal to the claimant. The Claimant is not aware of any appeal the defendants claim that they have filed. The Claimant sure would like to know what the defendants appeal might state. The Defendants acted arbitrarily and capriciously in not mailing or serving copies to the Claimant, making this enlargement of time or appeal a entirely unfair process. Defendants are clearly not in abidance with the **Rules.**

4. The Claimant received the Final Order of the Special Master in June of 2005. The Claimant has'nt received any proceedings from the Defendants Until March 3, 2006, and that was Defendants Response to "Fourth Report and Recommendations of the Special Masters". The Claimant has not received any motions or copies for enlargement of time and the claimant did not and has not received any copies of any appeal by the defendants. The Defendants claim they electronically filed Defendants Response etc., with the Clerk of the Court using the CM/ECF system which will send notif-

2

ication of such filing to the Honorable Richard M. Borchers. The Claimant is in question if the Honorable Richard M. Borchers recieved this e-mail from the defendants. The Claimant is also in question why the defendants did not send notification of this Defendants' Response to "Fourth Report and Recommendations of the Special Masters" to the Honorable Judge John L. Kane. (Please **See** attachment A, pages 1-6, Defendants Response to "Fourth Report and Recommendations of the Special Masters".) The Defendants have stated in this Response that they filed a request for enlargement of time to the Honorable Judge Kane on August 8, 2005 up through August 18, 2005 to file an objection. The Honorable Judge Kane Granted the Defendants request, and the defendants timely appealed the Walker Final Order on August 18, 2005. THis appeal is currently pending according to the defendants in this Response to Fourth Report etc. The Claimant has not been served with a motion from the defendants for enlargement of time that they claim they filed on August 8, 2005. The Claimant has not been served with any motion granting the defendants this enlargement of time, and most of all the Claimant has not been served with this appeal the defendants claim they filed on August 18, 2005.

5. Because the **Claimant** has not been notified or served with any of these proceedings, the claimant **Objects** to all of these proceedings the defendants claim they have filed. The Claimant has a right to file objections to all of these proceedings, and the claimant also has a right to file a Response to any such appeal the defendants claim they have filed. The Claimant has not been given his rightful opportunity to respond, because the claimant has not been served with any of these proceedings, motions, or appeal.

6. Because the Defendants time limits have expired now, and it would be to late to serve the claimant with these proceedings now, so the defendants request for enlargement of time, and there entire appeal and process of appeal should not be admissible.

7. The Claimants objections clearly show that the Defendants are not in abidance with the **Rules of all Court Proceedings.** Because of these circumstances the claimant would ask this Honorable Court to dismiss or not allow this appeal by the Defendants.

3

RESPECTFULLY SUBMITTED this 13th day of March 2006.

STEVEN PAUL WALKER, #114350
FLCF
P.O. BOX 1000
FORT LYON, CO 81038

*Steven paul Walker*

## CERTIFICATE OF MAILING

    I certify that I have duly served the within upon all parties herein by depositing copies of same in the United States mail, postage prepaid, this 13th day of March, 2006 to the following addressed:

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th floor
Denver, CO 80203

Judge Richard M. Borchers
Judge Bruce D. Pringle
Special Masters for the United States District
    Court for the District of COlorado
Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030-4444

Judge John L. Kane
Judge Edward W. Nottingham
Gregory C. Langham
Clerk of the District Court
901 19th Street
Denver CO 80294

                              Steven Paul Walker #114350
                              FLCF
                              P.O. Box 1000
                              Fort Lyon, CO 81038

*/s/ Steven Paul Walker*

(attach - A)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

## DEFENDANTS' RESPONSE TO "FOURTH REPORT AND RECOMMENDATIONS OF THE SPECIAL MASTERS"

Defendants, through the Colorado Attorney General, respectfully submit the following Response to "Fourth Report and Recommendations of the Special Masters."

1. The Special Masters report that three claimants—Steven Paul Walker, Jose-Luis Dole, and James Rudnick—have complained that the CDOC has not complied with the Final Orders issued by the Special Masters. The Special Masters recommended that the U.S. District Court address issues relating to enforcement of Final Orders.

2. Defendants affirmatively state that they have made and continue to make good faith efforts to comply with the Remedial Plan and individual Final Orders. In support, Defendants state as follows:

### STEVEN PAUL WALKER

3. Following a hearing, the Special Master found in favor of claimant Steven Paul Walker, #114350 (03-051), and ordered Defendants to provide him with a "Flex Foot Modular 3, Carbon X Heel" prosthesis, a different prosthesis than the one the

CDOC had already given Walker. (See Final Order, docket 956). The Final Order stated that "[t]his prosthesis is to be provided to Claimant within ninety days of this order, or within ninety days of the final resolution of any appeal by Judge Kane." (Id., p. 6).

4. The Final Order provided that either party could file an objection to the Final Order with the U.S. District Court on or before August 8, 2005. (Id., p. 7). On August 8, 2005, Defendants requested an enlargement of time up through August 18, 2005, to file an objection. (See docket 1009). The Honorable Judge Kane granted Defendants' request. (See docket 1010). Defendants timely appealed the Walker Final Order on August 18, 2005. (See docket 1031). The appeal is currently pending.

5. Because Defendants' Appeal of the Final Order regarding Walker is still pending, the 90-day time limit set by the Final Order has not yet begun. If the Final Order is amended or reversed, Defendants will comply with whatever the Honorable Judge Kane orders. If the Final Order is affirmed on appeal, then Defendants will provide Walker with the new prosthesis within the time limit set by the Final Order.

## JOSE-LUIS DOLE

6. Following a hearing, the Special Master found in favor of claimant Jose-Luis Dole, #109864 (claim 03-133), and ordered Defendants to pay him $250. (See Final Order, docket 1228).

7. Before the State of Colorado can issue a check to a private person, the payee must complete a W-9 Form (Request for Taxpayer Identification Number and Certification). The Attorney General's Office mailed a W-9 Form to Dole on January 17, 2006. Dole did not sign and return the completed W-9 Form until February 13, 2006. The Attorney General's Office received the completed W-9 Form on February 15, 2006,

2

and forwarded a copy to the Office of Risk Management. After processing the W-9 Form, the Office of Risk Management will issue a check in Dole's name. The monetary award will be deposited into Dole's inmate banking account.

## JAMES RUDNICK

8. After briefing, the Special Master found in favor of claimant James Rudnick, #68432 (01-092) as to his alleged mobility disability. (See Final Order, docket 1133). The Special Master ordered Defendants to provide Rudnick with the following items: a medical mattress, a heating pad, boots that fit his feet, custom made orthotics, and a chair and adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities. (Id.). The Special Master denied Rudnick's claims regarding an alleged vision disability and dismissed all other claims. (Id., 8).

9. Defendants have made good faith efforts to provide Rudnick all of the items listed in the Final Order. DeeAnne Kahler, the Health Services Administrator at the Limon Correctional Facility, worked with Rudnick to implement the Final Order.

10. On November 16, 2005, the DOC gave Rudnick a second medical mattress, an electric heating pad, and an adjustable height upholstered stool with a back rest. Rudnick was fitted for new boots on the same day. After receiving his new boots, Rudnick informed Ms. Kahler that the new boots were wider and met his needs. He also told Ms. Kahler that he did not think he needed orthotics anymore because the new boots fit well. Nevertheless, the DOC arranged for Rudnick to be fitted for custom-made orthotics and provide the orthotics.

11. The DOC arranged for Abilities Unlimited, a company that makes orthotics, to examine Rudnick on November 21, 2005. Originally, Abilities Unlimited

was scheduled to examine Rudnick on an earlier date but due to a facility lockdown the appointment had to be rescheduled for November 21, 2005.

12.     The custom-made orthotics built by Abilities Unlimited arrived at the Limon Correctional Facility on January 9, 2006.

13.     On January 12, 2006, Rudnick complained in writing that "I have tried these orthotics for 2 days and find them very uncomfortable and the design causes instability . . . I need to have them right, especially when it interferes with work (as in working on ladders) and general walking."

14.     In response to Rudnick's complaints about his new orthotics, the DOC contacted Abilities Unlimited and arranged for them to reexamine Rudnick. After reexamining Rudnick, Abilities Unlimited agreed that the custom-made orthotics could be modified to better fit Rudnick's feet. Abilities Unlimited is currently building Rudnick a new pair of custom-made orthotics. Abilities Unlimited has told Ms. Kahler that the new orthotics will be delivered on March 8, 2006.

15.     Ms. Kahler worked with Rudnick to provide him a proper chair or stool. While the Final Order mentions both a chair and stool, Rudnick told Ms. Kahler that the Special Master had misunderstood his request: he only wanted a chair or a stool, not both. Rudnick showed Ms. Kahler a picture of what he wanted.

16.     Based on Rudnick's photo and description of what he wanted, Ms. Kahler found an adjustable stool with a back rest. Rudnick told Ms. Kahler that the adjustable stool would meet his needs. After Rudnick accepted the stool, the DOC added the stool on Rudnick's property list. The DOC made some adjustments to the stool to accommodate Rudnick's size.

4

17.     Rudnick complains that the stool is temporary and that it says "Property of Clinical Services" on it. The stool is not temporary. (It was considered temporary until Rudnick informed DOC that he accepted the stool because it meets his needs.) As long as Rudnick does not abuse the stool (for example, by taking it apart or using it as a weapon), he will be allowed to keep it.

18.     "Property of Clinical Services" is written on the stool because Rudnick does not own the stool. Rudnick may have a chair/stool as long as he is in DOC custody. If he paroles or discharges, the stool will remain with the DOC. The specific stool will remain at the Limon Correctional Facility. If Rudnick transfers to a different facility, he will receive a new chair/stool at his new facility. As long as Rudnick is housed in a DOC facility, the DOC will make a good faith effort to comply with the Final Order.

19.     Rudnick's letter to the Special Masters also complains about his eye/vision care. The Special Master denied Rudnick's claims regarding an alleged vision disability. (Final Order, 8).

20.     The DOC has complied with the Special Master's Final Order. The DOC has given Rudnick a second medical mattress, an electric heating pad, new boots that properly fit his feet, custom-made orthotics, and an adjustable stool with a back rest. The DOC is working with Abilities Unlimited to ensure that the custom-made orthotics properly fit Rudnick.

Respectfully submitted this 1st day of March, 2006.

JOHN W. SUTHERS
Attorney General

s/ Jess A. Dance

JESS A. DANCE, 35803*
Attorney
Civil Litigation and Employment Law Section
Attorney for Defendants

Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-5165
Fax: (303) 866-5443
Email: jess.dance@state.co.us

## CERTIFICATE OF SERVICE

I certify that on the 1st day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com


I certify that I have duly served the within upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 1st day of March, 2006 addressed as follows:

Jose-Luis Dole, #109864
HCCC
304 Ray Sandoval Street
Walsenburg, CO 81089

James Rudnick, #68432
LCF
49030 State Hwy 71
Limon, CO 80826

Steven Paul Walker, #114350
FLCF
P.O. Box 1000
Fort Lyon, CO 81038

*Courtesy Copy To:*

Cathie Holst

s/ Kristen White