Civil Action No 92-N-870

Jesse Montez plaintiff

v

Bill Owens Defendant

Gillie Thurby claim # 02-712
under the Montez civil Action

Attorney Gillie Thurby pro SE 118295
P.O.B. 6000
Sterling CO 80751

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 15 2006

GREGORY C. LANGHAM
CLERK

Civil Action No 92-N-870

<u>Motion</u> Response/complaint update Addendum of Colorado Constitution Art VII sec 8, 9, 10 and The United States Constitution Art VI sec 3, 4 for cause.

Please File Exhibits A & B & C on my behalf to support my claim under The Montez civil Action 92-N-870.

<u>Initially</u>, It must be stressed that because of petitioners prose stance, this motion must be held to "Less stringent standards Than formal motions drafted by Attorneys SEE <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S ct 594, 80 L Ed 2d 652 (1972) SEE also <u>Archuleta v. Hedrick</u>, 365 F.3d 644 (8th cir 2004) (pro se) petitions should be liberally construed.

SEE Attached Exhibits A & B & C
Exhibit C is from The Secretary of State with facts about Elizabeth McCann and Judge Edward Nottingham and special Masters Mr. Borcher & Mr. Pringle

Thurby
claim # 02-712

## EXHIBIT A.

<u>C.R.S.§ 1-1-201.</u> Commencement of Terms-State-Congressional District and County Officers. The regular terms of office of all State and Congressional districts, County Officers, shall commence on the second Tuesday of January next after their election, execpt as otherwise provided by law.

<u>C.R.S.§ 1-1-202.</u> Commence of Terms-non partisam officers. The regular terms of office of all non-partisam officers elected at regular elections shall commence at the next meeting of the governing body following the date of the election, but no later than thirty days following the survey of returns and upon the signing of an oath and posting of a bond, where required by law.

<u>C.R.S.§ 16-5-101(2).</u> The precedures governing felony complaints filed in the county Court and warrants or summons issued in connection there with shall be in accordance with and as required by the applicable provisions of the rules of criminal procedure promulgated by the Supreme Court of Colorado.

<u>C.R.S.§ 16-5-202(1)(a).</u> That it is presented by the person authorized by law to prosecute the offense. The requirement of the signature on the information is for the protection of the defendant as a guarantee that the prosecution is being conducted in good faith.

<u>C.R.S.§ 16-1-104(10)(12)(15).</u> Felony complaint means a written statement of the essentail facts constituting the offense charged and shall be made upon oath before any person authorized to administer oaths within the State of Colorado. Information means a written statement signed by a district attorney presented to the district Court, which charges the commission of a crime by an alleged offender. Prosecuting attorney means any attorney who is authorized tp appear for and on behalf of the State of Colorado in a criminal case.

<u>C.R.S.§ 18-1-401(1)(a)(c).</u> Post conviction rememdy that the conviction was obtained or sentence imposed in violation of the Constitution or laws of this State. (c) That the Court rendering judgement was without jurisdiction over the person of the applicant or the subject matter.

(1)

<u>C.R.S. § 20-1-101(1).</u> Bond and oath of District Attorney and staff.
District Attorney, before entering upon the duties of his office, shall take and subscribe an oath to support the Constitution of the United States, and the organic law of the State, and that he will faithfully discharged the duties of his office. He shall also execute to the people of the State of Colorado a bond in the sum of five thousand dollars, with a good and sufficient individual, schedule or blanket corporate surely bond or other acceptable security, to be approved by the secretary of State, condiction for the faithful discharge of the duties of his office, as the same prescribed by law, and upon any breach of such bond. An action shall lie thereon for the benefit of any county fund or person injured thereby.

<u>C.R.S. § 20-1-201.</u> Deputies- Chief Deputies- staff.
(1)(a) The district attorney in every judicial district is authorised to appoint such deputy district attorney as he deems necessary to properly discharge the duties, the duties of his office, with the approval of the board of county commissioners or boards of county affected, and such deputies shall hold their offices during the pleasure of such district attorney. Such deputies shall not engage in the private practice of law nor receive any income from any private law firm.
(d)(3). Before such deputy district attorneys, cheif deputy district attorneys, or special deputy district attorneys enter upon the duties of their office, they shall file with the secretary of State the oath of office required by law, to be filed by district attorneys and may be required, as the district attorney shall direct, to file a like bond as that required to be filed by district attorneys.

<u>COLORADO CONSTITUTION ART XII SECTION 8.</u> Oath of Civil officers.
Every civil officer, execpt members of the general assembly and such interior officers as may be by law execpted, shall, before he enters upon the duties of his office, take and subscribe an oath of affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter.

<u>COLORADO CONSTITUTION ART XII SECTION 9.</u> Oaths-Where filed.
Officers of the excutive department and judges of the Supreme and District Courts, and District attorney's, shall file their oaths of office with the secretary of State, every other officer shall file his oath with the County Clerk of the County, wherein he shall have been elected.

COLORADO CONSTITUTION ART XII SECTION 10. Refusal to qualify vacancy.
If any person elected or appointed to any office shall refused or neglect to quilify therein within the time prescribed by law, such office shall be deemed vacant.

UNITED STATES CONSTITUTION ART VI SECTION 3.
The Senatores and Representatives before mentioned, and the members of the several State Legislatures, and all executive and judicial officers, both of the United States and of the several States, shall be bond, by oath or Affirmation, to support this Constitution, but no religious test shall ever be required as a qualification to any office or public trust under the United States.

UNITED STATES CONSTITUTION ART VI SECTION 4.
All members of Congress, members of State Legislatures, and all executive and judicial branch workers must take an oath and promise to obey the United States Constitution. There can be no religious requirements for people who apply for government jobs. This clause shows the supremacy of the Constitution, leaders of State and local governments must promise to obey the United States Constitution and to accept it as the highest law of the nation.

PEOPLE V. QUIMBY, 153 Colo. 381 P.2d 275 (1963).
Held: A person chosed to fill a term of office is not permitted to assume the duties of the office until he files an oath of office and a bond, which must be done before the commencement of the term, or the office shall be deemed vacant.

GIBBS V. PEOPLE ex rel WATTS, 66 Colo. 414, 182 P.2d 894 (1919).
Held: Vacancy occurs wether failure to qualify comes through willful neglect, refusal, or impossibility because of death.

PEOPLE ex rel CALLOWAYS V. DEQUELLE, 47 Colo. 13, 105 P. 1110.
The Colorado Supreme Court stating regarding the qualifying for office. "Taylor had been elected. Ha had the inchoate right to become the actual incumbent of the office for the term commencing on January 12, 1909, and no other possessed such right. He could have qualified at any time after his election and before the commencement of his term. He neglected to do so. He failed to take the oath of office and to file his offical bond from the date of election on the 8th day of November until the 23rd of that month when his power to qualify for that term was ended by death. His refusal and neg-

lect therefore, brought him clearly within the letter and spirit of said Constitution provision, and there was a legal vacancy in the office as the term arrived".

PEOPLE V. WIDHAM, 991 P.2d 291 (Colo. App. 1995). Any action taken by a Court when it lackes jurisdiction is a nullity. A Court must always have jurisdiction to act. Thus, any action taken by a Court when it lacks jurisdiction is a nullity.

BUSTMANTE V. DISTRICT COURT, 138 Colo. 97, 329 P.2d 1013 (1958) (Trial Court lacked jurisdiction over the offense charged in the information and the Court must always have jurisdiction to act).

BUSTMANTE V. PEOPLE, 317 P.2d 885, 136 Colo. 362, 61 A.L.R. 2d 1217 Colo. 1957. One charged with a crime must be brought into Court on a complaint, information, oe indictment made or found according to requirements of law, and unless the correction or amendment to the charging instrument is a minor irregulairty or minnor defect, the information is not merely defective, it is void and is not subject to curative action.

PEOPLE V. HASTINGS, 903 P.2d 23 Colo. App. 1994. If information is not presented by a person authorized by law to prosecute offense, it is technically insufficient and incorrect.

CRIM. P. 3(a).
The felony complaint shall be a written statement of the essential facts Constituting the offense charged and shall be made upon oaths or affirmation before any person authorized to administer oaths within the State of Colorado.

CRIM P. 7(b)(1)(2)(I)(III). An information shall be a written statement, signed by the prosecutor and filed in the Court having jurisdiction over the offense charged, alleging that a person committed the criminal offense described therein. (I) That it is presented by the person authorized by law to prosecute the offense; (III) That the offense was committed within the jurisdiction of the Court, or is triable therein.

(4)

PEOPLE V. BOBRIK, 87 P.3d 865 (Colo. App. 2003)

"When defendant pleaded guilty, he reserved the right to appeal the legality of his sentence. A challenge to an illegal sentence requires an 'inquiry into the subject matter jurisdiction of the sentencing court and may not be waived.'" citing DOWNING V. PEOPLE, 895 P.2d 1046, 1050 (Colo.1995). Significantly, "a sentence imposed by a court that is not authorized by statute is illegal and void." Id.,Downing, 895 P.2d at 1049; see also C.R.Cr.P. 35(a)

PEOPLE V. BURGESS, 946 P.2d 565 (Colo. App.1997)(subject matter jurisdiction may not be waived).

PEOPLE V. DILLON, 655 P.2d 841 (Colo.1982). "any action taken by a court when it lacks jurisdiction is a nullity"

PEOPLE V. TORKELSON, 971 P.2d 660 (Colo. App.1998)

"A party cannot consent to or waive jurisdiction when a court does not have jurisdiction. Nor can a court confer jurisdiction upon itself when it has none". citing EVANS V. DISTRICT COURT, 194 Colo.299, 572 P.2d 811 (1977).

King & Greisen LLP
ATTN: Paula Greisen
1670 York Street
Denver, CO 80206

Exhibit B

COPY

DATE 15, Feb 2006

Montez, et al V. Owens et, al.   Civil Action #92-N-870-EWN-OES

RE: Response, update on claim #02-712 / complaint

To whom it may concern.

The Colorado Department of Corrections, gave me a print out on 02/11/06 of my Progress Assessment Summary. Please take NOTE. That my Medical is a M-4 rating Permanent. M-5 being the Highest. And my Mental Health being a P-2 and my Anger being rated as a 4. Keeping in mind that I have no History of any C.O.P.D. Convictions. Also it appears that my MRDD rating is a (2) which states that I am low Average intelligence. And yet my accommodations to this day have not been met. As to my last letter, I sent to you again the Attorney General on December 22, 2005 offers another settlement of 50.00 I did not settle my claim. Also on December 13, 2005 A.I.C. Cathie Holst, sent me a memo, RE: Stating her office had no record of me requesting any accommodations, "NOW CAN You believe That!"

As I sent you copies of the forms that A.I.C. Cathie Holst wants me to sign releasing Department of Corrections Harmless of any wrong doing. Ms Cathie Holst stated that there is nothing about the Document that is Outlined on its face, to protect and Hold Harmless the Department of Corrections of any wrong doing.

before, The Defendant/Claimant Gillie Thurby, and any other Inmates under This civil action, Receives Any accommoditions, Therefore Violates our Constitutional Rights. I have sent several Kites to Medical to review my record, To NO avail. I must also point out IF The Colorado Department of Corrections and any of its Employee's has NO intentions attempting to commit Conspiratorial Fraud, IF NOT why is paragraph #5 necessary on The offender Consent for Disclosure of Confidentail information that Reads:

"I hereby release the Department of Corrections and any Employee Thereof, any Contract Personnel and any Authorized Volunteer from any liability which may result from furnishing or using the information requested as Authorized in This release. I have read the above and foregoing, "Offender Consent For Disclosure of Confidential information, And Do hereby acknowledge that I Am familiar with and fully understand the Term and Condition of This Consent."

Also NOTE: SEE Page #2 Paragraph (1) STATES,

"The Authorization For release of Confidential information, Must have Your full Name, D.O.C. Number, and DATE of Birth filled in at The Top and Must be signed by you and a Witness at The Bottom, "The release must be Signed as is." You are not permitted to edit, redact, or Alter The Terms of The release, NOTE: SEE paragraph (1) IF THE release is not returned as written "Your accommodation request will not be processed"!

I request an Investigation of the subject matter on its face. Ms Cathie Holst, AIC. is fully accountable for their errancies just like any other citizen. I will not tollerate them being deemed "Above the law" and to be allowed to continue their misconduct against "the citizenry" and all inmates, incarcerated in the Colorado Department of Corrections.

Those who close their eyes to this complaint, only increases the conspiracy to the level of RICO!

"person's under <u>oath</u> to up hold the laws of the United STATES or under color of <u>STATE</u> law and color of any law subjected and caused to be subjected Gillie Thulby to deprivation of his Constitutional Rights sec. 1, 4, 5, 6, 8, 14th Amendment of the United STATES Constitution, Art II sec 6, 7, 16, 25th

<u>SEE</u>. Art VII sec. 8, 9, 10 Announced in the Colorado Constitution.

<u>Also NOTE: SEE United STATES Constitution Art VI section 3.</u>

"The Senators and Representatives before mentioned, and the Members of the several STATE legislatures, and all executive and Judicial officers, both of the United STATES and of the several states, shall be bond, by Oath or Affirmation, to support this Constitution.

<u>Also NOTE SEE United STATES Constitution Art VI section 4.</u>

Members of STATE legislatures, and All executive and Judicial branch workers must take an oath and promise to obey the United STATES Constitution. This clause shows the supremacy of the Constitution.

Leaders of STATE and local Governments must promise to obey the United STATE Constitution and to accept it as the Highest law of the nation. Also SEE cites —

CRS sec 1-1-201 & 1-1-202

CRS sec 20-1-101 (1) & 20-1-201 (1)(A)(d)(3)

Therefore, documents from the Secretary of State proves that Asst Attorney General Elizabeth McCann has failed to file her oath of office nor did Judge Edward Nottingham. Thereby any ruling against mr Thurby is moot.

### Damages

1) As stated above on this complaint / response
2) Intentional infliction of Emotional Distress / outrageous Governmental conduct Knowingly
3) Breached claimants Inalienable Rights under the United States Const.
4) Committed Fraud and/or Misrepresentation of "Person's"

<u>NOTE:</u> Damages being accrued for the above claimed of "<u>Acts</u> or <u>Omissions</u>" claimant mr. Thurby variety of deprivations shall be at least found at a minimum in excess of $125,845.— and shall be awarded to or settled for the sufferage of Mental Anguish, Mental and Physical Pain, Loss of Additional life enjoyment, Anxiety, fear, Compensatory Damages, Special Damages, Exemplary and Punitive Damages, and Investigation Fee's <u>Plus</u> Interest from the date Injuries began until said Injuries are fully resolved.

Under my claim #02-712 Montez v. Owens #92-N-870 all of my other request for accommodations are on file with the following: Paula Greisen, Attorney at Law, and Elizabeth McCann with the A.G. office also Cathie Holst AIC. with Department of Corrections.

Please NOTE   It must be said that Inmates should NOT have to pay a five dollar office visit just to ask about their accommodations.

## Certificate of Mailing

I Gillie Thurby declares the Enclosed response/complaint has been sent before the March 17, 2006 Deadline, to the following Pre-Paid First-class And any Addendums to the First Respons/complaint. Logged in the prison legal mail system dated March 13 2006

xc King & Greise LLP
ATTN Paula Greisen
1670 York St.
Denver co 80206

Gillie Thurby 118295
Unit 33 P.O.B 6000
Sterling Co. 80751

xc Attorney General office
ATTN: Elizibeth McCann
1525 Sherman st 5th Flr
Denver co 80203

xc Special Master for the United States District court
ATTN: Mr Borchers  Mr. Pringle
7907 Zenobia st.
Denver co 80030

xc Gregory C. Langham
clerck of the District court
AMd A Arraj Federal courthouse
901 19th st,
Denver co 80202