IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

92-cv-00870 EWN OES

JESSE MONTEZ, et al.

    Plaintiffs.

v.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 2 2006

GREGORY C. LANGHAM
CLERK

BILL OWENS, et al.

Claim Number 03-051
Category III
Claimant: Steven Paul Walker #114350
Address of Claimant:
FLCF, P.O. Box 1000, Fort Lyon, CO 81038

---

**MOTION FOR DISMISSAL OR QUASHING
OF INSUFFICIENT PROCESS OR SERVICE,
UNDER FEDERAL RULES OF CIVIL PROCEDURE,
RULE: 12(b)(4)-(5).**

---

Claimant(Plaintiff) Steven Paul Walker #114350, comes hereby Pro Se and respectfully submits his Motion for Dismissal or Quashing of Innsufficient Process or Service, under the Federal Rules of Civil Procedure, Rule: 12(b)(4)-(5).

1. The Claimant was not aware of any appeal or appeal process that the defendants filed. The Claimant never received any of the following Motions or Proceedings from the defendants:

    a. **Motion for Enlargement of Time.** The Defendants claim they filied this motion on August 8, 2005. (Claimant did not receive).

    b. **Notice of Appeal.** (Claimant did not receive).

    c. **Briefing Notice.** (Claimant did not receive a briefing notice that would schedule the filing of an Appellant's Brief, and an Appellee's Answer Brief, and an Appellant's Reply Brief). The Claimant can show proof against Appellants's allegations and should be granted the opportunity.

    d. **Designation of the Record** on appeal and similar papers. (Claimant did not receive).

  e. **Appeal or Appellant's Brief.** (Claimant did not receive).

  2. The Claimant finds it hard to beleive that the Clerk of the United States District Court would fail to notify the Claimant of Service of any of these Proceedings listed above, when service is required. The Claimant of course does not know who is in error, ither the Defendants are in error, or the Clerk of the United States District Court is in error, or both are in error.

**Rules 12(b)(4)-(5) State the following:**

**Core Concept**
 Process or service may be quashed or, in certain cases, the action dismissed if the process or the service is improper.

**Application**
 **Insufficient Service--Rule 12(b)(5)**
  Service of the process may be insufficient, for example, if the mode of delivery is invalid, if service is made improperly on an incompetent, a minor, or a non-agent, or if delivery is either never accomplished or not accomplised within 120 days after commencement. See **Richardson v. Alliance Tire & Rubber Co.** 158 F.R.D. 475, 477(D. Kan. 1994) discussing distinction between Rule 12(b)(4) and Rule 12(b)(5) motions); Crane v. Battelle, 127 F.R.D. 174 (S.D. Cal. 1989). See also **Momah v. Albert Einstein Med. Ctr.**, 158 F.R.D. 66 (E.D.pa. 1994) granting Rule 12(b)(5) motion where service was not completed within 120 days, as required by Rule 4(m)). Rule 12 (b)(4) and Rule 12(b)(5) motions are often confused. Where this confusion does not prejudice the non-moving party, a mislabeling of such motions will be disregaeded by the court. See Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477-78(D. Kan.1994).

**Timing and Waiver**
 Service and process challenges are waived, unless raised by motion(if there is one) or in the responsive pleading. See **Williams v. Jones**, II F.3d 247, 251 n. 4 (1st cir. 1993). Such challenges may not be raised by the court on its own. <u>A defendant, of course, does not waive service and process objections by appearing in the case to object on those grounds.</u> See **Cataldo v. United States Dept of justice**, No. 99-264-b-c, 2000 WL 760960, at *7 (D.Me. May 15, 2000).

**Waiting for Default to Raise Objections**
 Although defendants must raise their objections to process, service and personal jurisdiction either in their omnibus Rule 12 motion or in their answer(if no Rule 12 motion is filed), these defenses are not waived where the failure of service is so complete <u>that the defendants never even received actual notice of the unanswering pleading.</u> See **Corestates Leasing, Inc. v. Wright-Way**

2

Exp., Inc., 190 F.R.D. 356, 358 (E.D.Pa. 2000). In such a case, the Constitutional protections of due process should permit the defendants to raise those objections in opposition to a **motion for default.**

**Burden of proof**
The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing that the court's personal jurisdiction is properly exercised. See Grand Entertainment Group, Ltd. v. Star Media Sales Inc., 988 F. 2d 476, 488 (3rd Cir. 1993); Suegart v. U.S. Customs Serv., 180 F.R.D. 276 (E.D.Pa. July 13, 1998); Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 658 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999)(Table); Okocha v. G.O. Parking, Inc., No. 94 C 77, 1997 WL 281296, at *2 (N.D. Ill. 1997); Trotter v. Oppenheimer & Co.., No. 96 C 1238, 1997)WL 171732 (D. Kan. 1994); Frederick v. Hydro-Aluminum S.A., 153 F.R.D. 120 (E.D.Mich. 1994). The process server's return is prima facie evidence--but not conclusive proof--of good service. The moving party must set fourth with specificity of the alleged failure of process of service. The party may request, alternatively, that the case be dismissed under this Rule or that service be quashed and reattempted. The courts will generally prefer to quash, rather than dismiss, where there is a reasonable prospect that the defendant can be properly served with sufficient process. The courts will only dismiss when the failure of process or service is unlikely to be accomplished.

**TITLE VII. GENERAL PROVISIONS**
   **Rule 25. Filing and Service.**

**4. Clerks Refusal of Documents.**
The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice.

**b. Service of All Papers Required.**
Unless a rule requires service by the clerk, a party must, at or before the time of filing a paper, serve a copy on the other parties to the appeal or review. Service on a party represented by council must be made on the party's counsel.

3. Because of the reason's stated in this motion, the claimant would ask this Honorable Court to Quash the Defendants Appeal (Civil Action No. 92-cv-00870-EWN), and allow the Claimant to be served with the Apellant's Brief so the Appellee(Claimant) can file an Answer Brief and the Appellant's can then file their Reply Brief.

RESPECTFULLY SUBMITTED THIS 20 day of March 2006.

STEVEN PAUL WALKER, #114350
FLCF
P.O. BOX 1000
FORT LYON, CO 81038

*Steven P. Walker*

## CERTIFICATE OF MAILING

I certify that I have duly served the within upon all parties herein by depositing copies of same in the United States mail, postage prepaid, this 20th day of March, 2006 to the following addressed:

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th floor
Denver, CO 80203

Judge Richard M. Brochers
Judge Bruce D. Pringle
Special Masters for the United States District
    Court for the District of Colorado
Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030-4444

Judge John L. Kane
Judge Edward W. Nottingham
Gregory C. Langham, Clerk of the Court
901 19th Street
Denver CO 80294

STEVEN PAUL WALKER #114350
FLCF
P.O. BOX 1000
FORT LYON, CO 81038

_Steven P. Walker_