IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 02-286
Category II
Claimant: Teresa Roever, #86563
Address of Claimant: CWCF, P.O. Box 500, Canon City, CO 81215-0500

---

## FINAL ORDER OF SPECIAL MASTER

---

      THIS MATTER comes before the Special Master on the claim of Claimant. Defendants have filed a motion to dismiss. The Special Master has reviewed the claim and all documents filed by both sides. This order shall constitute the final action by the Special Master on this specific claim.

### I.

      This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

      On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

2

> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category II are to be resolved without a hearing. The Special Master has re-examined the claim and all supporting documents and has determined that placement of this claim into Category II is appropriate.

Defendants' motion to dismiss argues that Claimant has failed to set forth sufficient allegations that would allow her to prevail. Claimant has responded to the motion and provided some additional medical records.

Claimant checked the boxes for vision impairment and diabetes. Claimant stated, in part, as follows in her claim form:

> (1) I have had laser surgery on both eyes and I have vision problems and wear bifocals.
> (2) I am a diabetic and I take medications daily. I take Glucovance 5/500 mg twice a day, and Actos 30 mg one a day. I have aches in my left leg and foot and pain in my hands, due to diabetes.

In response to the question about discrimination on the part of DOC and its employees, Claimant stated as follows:

> There are new but expensive medications that can be used for diabetes for better control and management of this disease. Colorado Department of Corrections will not get better medications for people who are diabetic. Whether or not the medications they give work or not. They try to save money at the expense of inmates, and our lives are at risk. We are periodically seen by a doctor in chronic care. If I was on the streets I would been seen more often by a doctor and better health care.

Claimant filed supplemental forms for both diabetes and vision impairment. Claimant stated as to diabetes that "I believe that DOC caused these problems by lack of proper medical care." She also restated that she had surgery on her eyes and now has to wear bifocals.

In her reply to the motion to dismiss, Claimant states that she is receiving medication and has periodic contact with DOC medical staff. Claimant further states that "DOC did discriminate against Claimant due to not proper medical care."

Defendants' motion requires that the Special Master accept as true everything alleged by Claimant. The standard will be same as would be applied under *F.R.C.P. 12*. The question is whether Claimant has set forth enough that would allow her to prevail on his claim, accepting all allegations as true.

Claimant's concerns are with the quality of medical care that she is receiving. She acknowledges that she is seeing medical staff and is receiving medication. She has a dispute about that care and whether or not some other medication might be better for her. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. All Eighth Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical practice or medical negligence under state law. Claimant may pursue separately any rights that she may have concerning her medical care.

The Settlement Agreement provides, in part, as follows:

3. Permanent Vision Impairment
Inmates who are permanently blind or who have a vision impairment not correctable to central vision acuity of 20/200 or better, even with corrective lenses.
4. Permanent Diabetics: Insulin or Non Insulin Dependent Diabetic
Inmates who are diabetic and who are or are not dependent on insulin for regulation and require accessible housing to accommodate their disabilities.

In order to prevail on a vision impairment claim, a claimant must be legally blind. Vision impairment not correctable to 20/200 is legal blindness. Claimant does not fall into this category. She has vision, though with some problems. She has to wear bifocals but is able to see. Accepting as true what she has provided in her claim form and other documents, Claimant cannot meet the requirements of vision impairment.

It is a given that Claimant is a diabetic. Claimant has failed, though, to allege that she was the victim of discrimination as the result of her disease. Claimant's concerns relate to the quality and quantity of medical care, as she acknowledges that she is receiving care and medication. Nothing set forth by Claimant in any of her papers indicates that she has been discriminated against in

4

violation of the ADA and Rehabilitation Act. Accepting as true everything set forth by Claimant, she cannot prevail on her claim as to diabetes. Her complaints are with the type of medical care being received, and that is something that cannot be pursued through this claim. If Claimant believes that she has been the victim of medical malpractice, then she may pursue a separate lawsuit in state or federal court.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that she may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 22, 2006.**

SIGNED this 27th day of March, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master