IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number X-151
Category: Untimely Filed Claim
Claimant: James Alexander, #63224
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

---

## ORDER OF DISMISSAL OF SPECIAL MASTER
---

      THIS MATTER comes before the Special Master on the claim of James Alexander. Since it appeared that Claimant might not be part of the class, a show cause order was issued to him. He was granted up to and including March 15, 2006 in which to respond to that order. Claimant has filed nothing in response to the show cause order.

      Claimant has checked the vision impaired box on the claim form. He further stated as follows:

> My disabilities include visual problems: my problem is allergies caused by desert pollen. There is severe swelling and also severe pain.
> The other disability is a personality disorder: schizophrenia paranoid type.

Claimant has submitted two medical forms which corroborate his statement.

      The settlement of this case occurred on August 27, 2003 with the approval of the Remedial Plan. The claim process was established by the Remedial Plan. That plan defines the four categories of disabilities that are at issue.

      The Remedial Plan provides as follows for three of the four disabilities:

      2. Permanent Hearing Impairments

Inmates who are permanently deaf or who have a permanent hearing impairment so severe that they must rely on written communication, lip reading, or signing because their residual hearing, with aids, does not enable them either to communicate effectively or hear an emergency warning.

      3. Permanent Vision Impairment

Inmates who are permanently blind or who have a vision impairment not correctable to central vision acuity of 20/200 or better, even with corrective lenses.

      4. Permanent Diabetics: Insulin or Non Insulin Dependent Diabetic

Inmates who are diabetic and who are or are not dependent on insulin for regulation and require accessible housing to accommodate their disabilities.

To be blunt, the Remedial Plan requires that an individual be legally blind before a claim may proceed. Claimant has alleged problems with allergies. Claimant does not meet the definition of vision impaired, assuming every allegations in his claim form to be true.

The fourth category is mobility impairment. Claimant has not alleged that he is wheelchair bound or has a lower extremity condition.

There is no category for a psychological disability. Claimant would retain the right to bring a separate lawsuit for such a condition if he believed that the ADA and Rehabilitation Act had been violated.

Claimant has not set forth sufficient allegations that would allow him to succeed on his claim. He does not have a condition that meets the criteria set forth in the Remedial Plan. His remedy is to pursue a separate lawsuit under the ADA.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 22, 2006.**

SIGNED this 22nd day of March, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master