IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-002
Category III
Claimant: Joe Eubanks, #64033
Address of Claimant: SCCF, P.O. Box 3, Pueblo, CO 81003

---

**DEFENDANTS' RESPONSE TO EUBANKS' OBJECTION TO FINAL ORDER OF SPECIAL MASTER
(DIRECTED TO THE HONORABLE JUDGE KANE)**

---

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Eubanks' Objection to Final Order of Special Master.

**STATEMENT OF THE CASE**

Claimant Joe Eubanks filed an individual claim for damages as part of the Montez v. Owens class action. He claimed to be mobility disabled due a painful foot condition called plantar fasciitis. (See Final Order, p. 3, docketed at 1036, attached as Def. Exh. A-1). The Special Master Borchers conducted a hearing on Eubanks' claim on July 25, 2005. Eubanks testified and called Cathie Holst and Dr. Tim Creany as witnesses during the hearing. (See Final Order, p. 1). The Defendants did not call any

witnesses. (Id.). Both Eubanks and the Defendants offered documentary exhibits into evidence. (Id.).

Eubanks first requested two witnesses: Cathie Holst and Dr. Tim Creany. Ms. Holst and Dr. Creany are both current CDOC employees. The Special Master granted Eubanks' request to call Ms. Holst and Dr. Creany and ordered Defendants to make these two CDOC employees available for the hearing. (See Order of Special Master, dated 5/13/05, attached as Def. Exh. A-2). Eubanks called both Ms. Holst and Dr. Creany as witnesses during his hearing. (See Final Order, p. 1).

Eubanks also sought to call four podiatrists as witnesses: Dr. Gremillon, Dr. Wentz, Dr. Clark, and Dr. Peterson. In response to Eubanks' request, the Special Master issued an Order on May 2, 2005, which read in part,

> The settlement agreement does not provide a basis for the issuance of subpoenas. As a result, witnesses will have to be willing to testify without process being served upon them. Any listed witness who is a DOC employee or contractor *may* be directed to appear by telephone for testimony.
>
> Claimant is reminded that the rules of evidence do not formally apply at the hearings held on the claims. Claimant may secure and offer letters and affidavits from witnesses. If a witness cannot be required to appear, then securing an affidavit may be more helpful for a claimant than having no evidence from the witness.
>
> Defendants will need to advise the Claimant and Special Master if Drs. Gremillon, Wentz, Clark and Peterson are presently DOC employees or contractors. If they are not, then there is no basis upon which the Special Master can direct them to testify by telephone or in person. If they are employees or contractors, then they are to be made available to testify by telephone at the hearing.

2

(Order of Special Master, dated 5/2/05, attached as Def. Exh. A-3). None of the four podiatrists were CDOC employees and none contracted directed with the CDOC. Because none of the podiatrists were current DOC employees or contractors, the Special Master did not order Defendants to make them available for the hearing.

Following the hearing, the Special Master issued a Final Order denying Eubanks' claim. (Final Order, p. 6). During the hearing, Dr. Creany testified that he did not believe that Eubanks' foot condition affected any major life activities. (Id., p.4). In addition, Ms. Holst testified that CDOC medical staff screened Eubanks and concluded that he was not disabled. (Id.). The Special Master acknowledged that plantar fasciitis is a painful condition but found that Eubanks "is able to walk. He testified that he will walk around the track in the yard for exercise . . . There is no evidence that Claimant meets the requirement of having a limitation on a major life activity." (Id., p. 4-5). Having concluded that Eubanks does not have a disability encompassed by the Remedial Plan, the Special Master declined to reach the other three questions set out in the November 23, 2004 Order by Judges Kane and Nottingham. (See Final Order, p. 6).[1] After the Special Master denied his claim, Eubanks filed his "Objection to Final Order of Special Master." (Docketed at 1045).

---

[1] The November 23, 2004 Order by Judges Kane and Nottingham set out the four required criteria for a Montez damages claim:
1. Is the claimant a disabled individual who is a member of the class?
2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

3

## STANDARD OF REVIEW

The Special Masters' award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane."  (Remedial Plan, § XXXII).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal.  Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law.  It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right.  An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical.  It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

In re Bueno, 248 B.R. 581, 582 (D. Colo. 2000) (Kane, J.) (citing United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987).

## ARGUMENT

### I.    THE SPECIAL MASTER DID NOT ABUSE HIS DISCRETION REGARDING WITNESSES.

The Special Master properly conducted the hearing and allowed both sides to submit evidence and witness testimony.  Prior his hearing, Eubanks requested six witnesses: Cathie Holst, Dr. Tim Creany, and four podiatrists: Dr. Gremillon, Dr. Wentz, Dr. Clark, and Dr. Peterson.  The Special Master ordered that "if any of the listed witnesses are DOC employees or contractors, then Defendants will be directed to secure the witness' appearance for the hearing by telephone" but that "there is no legal basis upon which any witness who is not a DOC employee or contractor can be

---

4.  Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

(November 23, 2004 Order, ¶ 2).

directed to appear for the hearing." (Order of Special Master, 5/2/05, attached as Def. Exh. A-3).

The Special Master ordered the CDOC to make Ms. Holst and Dr. Creany available for Eubanks' hearing because both are current CDOC employees. (See Order of Special Master, dated 5/13/05, attached as Def. Exh. A-2). The CDOC complied with the order and Eubanks called both Ms. Holst and Dr. Creany as witnesses during his hearing. (See Final Order, p. 1). On the other hand, none of the four podiatrists were CDOC employees and none contracted directly with the CDOC. Consequently, the CDOC was not required to locate and make available the non-CDOC podiatrists for Eubanks' hearing.

The Special Master did not abuse his discretion regarding Eubanks' request for testimony from four non-CDOC podiatrists. The Special Master properly found that "[t]he settlement agreement does not provide a basis for the issuance of subpoenas. As a result, witnesses will have to be willing to testify without process being served upon them." (Order of Special Master, dated 5/2/05). In addition, while the CDOC can require its own employees to be available for a hearing, the CDOC has no power to require non-CDOC persons to do anything. Consequently, neither the Special Master nor the CDOC had any authority to compel any of the four podiatrists to be available for the hearing. The Special Master properly acted within his authority and did not abuse his discretion.

Furthermore, the Special Master never prevented Eubanks from contacting any of the podiatrists on his own to request their voluntary testimony. The Special Master merely noted that the CDOC could not be compelled to produce non-CDOC

5

employees or contractors as witnesses.  Eubanks himself could have contacted any of the podiatrists to ask them to voluntarily testify or submit an affidavit or letter. "Claimant may secure and offer letters and affidavits from witnesses.  If a witness cannot be required to appear, then securing an affidavit may be more helpful for a claimant than having no evidence from the witness." (Order of Special Master, 5/2/05).  The Special Masters have allowed non-CDOC witnesses to testify in other Montez hearings where the claimant made the arrangements prior to the hearing and provided a phone number where the witness could be reached.  Far from abusing his discretion, the Special Master worked within his authority to ensure that both sides received a fair hearing.

## II. THE SPECIAL MASTER PROPERLY CONCLUDED THAT EUBANKS DOES NOT HAVE A MOBILITY DISABILITY UNDER THE REMEDIAL PLAN.

The Special Master properly held that Eubanks does not have a permanent mobility disability as defined by the Remedial Plan.  The Remedial Plan defines "mobility disability" as "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking; *e.g.*, an inmate who cannot walk 100 yards on a level surface or climb a flight of stairs without a pause." (Remedial Plan, § V(A)(1)).

Eubanks claims to be mobility disabled due to plantar fasciitis, a medical condition that affects a sheath of muscle on the bottom of the foot.  The Special Master acknowledged that plantar fasciitis can be a painful condition and can affect walking, but concluded that "[t]here is no evidence that Claimant meets the

6

requirement of having a limitation on a major life activity." (Final Order, p. 3, 5-6). Eubanks testified that he is able to walk and that he exercises by walking around in the track in the yard. (Final Order, p. 5). In addition, Cathie Holst, the CDOC's ADA inmate coordinator, testified that CDOC staff screened Eubanks and concluded that he is not disabled. (Final Order, p. 4). Dr. Creany, who helped treat Eubanks, testified that he does not believe that Eubanks is disabled or that his foot condition affects a major life activity. (Id.). Based on the evidence, the Special Master, who is intimately familiar with the Montez damages claim process after reviewing hundreds of claims, properly concluded that Eubanks' condition does not constitute a disability.

The Special Master's conclusion that Eubanks is not disabled is supported by the Remedial Plan and relevant case law. The evidence showed that Eubanks is physically able to walk, albeit sometimes with pain. (See Final Order, p. 4-5). In Steele v. Thiokol Corp., 241 F.3d 1248, 1254 (10th Cir. 2001), the Tenth Circuit held that a plaintiff whose ability to walk was sometimes inconveniently affected by his obsessive-compulsive disorder was not disabled because he was still physically and psychologically capable of walking. In addition, complaints of pain, without more, do not constitute a substantial limitation. See Bones v. Honeywell Intern., Inc., 223 F.Supp.2d 1203, 1219-20 (D. Kan, 2002) (plaintiff was not substantially limited where elbow pain affected her ability to cook and garden). The Special Master's Final Order is consistent with the evidence and existing precedent.

Finally, Eubanks now challenges the testimony of his own witness, Dr. Creany. (Objection to Final Order, p. 2-3). Dr. Creany, a physician at the Fremont Correctional Facility, was called by Eubanks, not Defendants. (Final Order, p. 4).

7

What weight to be given to the testimony of any witness, including Dr. Creany, is left to the Special Master as the finder of fact.  "[E]valuation the credibility of witnesses is a matter left to the finder of fact." United States v. Anderson, 189 F.3d 1201, 1207 (10th Cir. 1999).  That Eubanks disagrees with the testimony provided by his own witness is no reason to exclude the testimony.

## CONCLUSION

The Final Order should be affirmed because the Special Master did not abuse his discretion.  The Special Master properly allowed both sides to present testimony and evidence.  Eubanks called Ms. Holst and Dr. Creany, both CDOC employees, as his witnesses.  Regarding the podiatrists, neither the Special Master, who does not have subpoena power, nor the CDOC, which is not their employer, had any authority to require any of the four podiatrists to appear.  Eubanks, however, could have contacted the podiatrists directly to request their assistance.  The Special Master properly addressed Eubanks' witness request.

The Special Master properly denied Eubanks' claim because his foot condition does not constitute a disability.  The Special Master's decision was not arbitrary, capricious, or whimsical, and was not a manifestly unreasonable overriding of the law.  To the contrary, the Special Master's decision is based on the evidence and testimony submitted during the hearing and is consistent with the Remedial Plan and existing precedent.  Consequently, Eubanks' objection should be overruled and the Final Order should be affirmed.

Respectfully submitted this 7th day of April, 2006.

JOHN W. SUTHERS
Attorney General


s/ Jess A. Dance
JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation & Employment Law Section
Attorney for Defendants
*Counsel of Record


## CERTIFICATE OF SERVICE

I certify that on April 7th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com

I further certify that I have mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, this 7th day of April, 2006, addressed as follows:

Joe Eubanks, #64033
SCCF
P.O. Box 3
Pueblo, CO 81003

*Courtesy Copy To:*

Cathie Holst

s/ Mariah Cruz-Nanio