IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 03-002
Category III
Claimant: Joe Eubanks, #64033
Address of Claimant: BVMC, P.O. Box 2005, Buena Vista, CO 81211-2005

---

### ORDER OF SPECIAL MASTER

      THIS MATTER comes before the Special Master on his own motion. The Claimant has filed a list of witnesses for the hearing scheduled on his claim. A number of these witnesses may not be employees of the Colorado Department of Corrections (DOC). So there is no confusion, the Special Master is issuing this order prior to the hearing.

      The adjudication of the claim of Claimant is civil in nature. The process is not dissimilar to a civil case in any court system. The claims process was established by the Remedial Plan (settlement agreement) that was approved by Judge Nottingham on August 27, 2003. The settlement agreement provides in section XXXII that "[c]lass members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law."

      Under the civil law and the settlement agreement, a party has the right to present witnesses at the hearing. The settlement agreement does not provide a basis for the issuance of subpoenas. As a result, witnesses will have to be willing to testify without process being served upon them. Any listed witness who is a DOC employee or contractor *may* be directed to appear by telephone for testimony.

      Claimant is reminded that the rules of evidence do not formally apply at the hearings held

on the claims. Claimant may secure and offer letters and affidavits from witnesses. If a witness cannot be required to appear, then securing an affidavit may be more helpful for a claimant than having no evidence from the witness.

Defendants will need to advise the Claimant and Special Master if Drs. Gremillion, Wentz, Clark and Peterson are presently DOC employees or contractors. If they are not, then there is no basis upon which the Special Master can direct them to testify by telephone or in person. If they are employees or contractors, then they are to be made available to testify by telephone at the hearing.

IT IS HEREBY ORDERED that Claimant is advised that there is no legal basis upon which any witness who is not a DOC employee or contractor can be directed to appear for the hearing; and

IT IS FURTHER ORDERED that if any of the listed witnesses are DOC employees or contractors, then Defendants will be directed to secure the witness' appearance for the hearing by telephone; and

IT IS FURTHER ORDERED that counsel for Defendants can advise Claimant and the Special Master if any of the listed witnesses are not employees or contractors with DOC; and

IT IS FURTHER ORDERED that Defendants will need to make arrangements for employees or contractors to testify and shall advise the Claimant and Special Master as to the time that the witness will be available to testify by telephone; and

IT IS FURTHER ORDERED that Claimant's motion is granted and each side will be allowed an additional forty-five minutes for their case.

SIGNED this 2nd day of May, 2005.

BY THE COURT

By: _____
Richard M. Borchers
Special Master

2

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 2nd day of May, 2005 to the following:

Mr. Joe Eubank
#64033
BVMC
P.O. Box 2005
Buena Vista, CO 81211-2005

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____