IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil
Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-119
Category III
Claimant: Thomas Castro, #81977
Address of Claimant: CCF, P.O. Box 600, Canon City, CO 81215-0600

---

**DEFENDANTS' RESPONSE TO CASTRO'S APPEAL OF THE FINAL
ORDER OF SPECIAL MASTER
(DIRECTED TO THE HONORABLE JUDGE KANE)**

---

Defendants, through the Colorado Attorney General, respectfully submit the

following Response to Castro's Appeal of the Final Order of Special Master.

**STATEMENT OF THE CASE**

Claimant Thomas Castro filed an individual claim for damages as part of the

Montez v. Owens class action.  He claimed to be disabled due to diabetes and a

mobility impairment. (See Final Order, p. 6, docketed at 1219, attached as Def. Exh.

A-1).  Special Master Borchers conducted a hearing on Castro's claim on July 14,

2005.  Castro testified during the hearing and was allowed to call witnesses. (Id., p.

1).  Both sides offered exhibits into evidence. (Id.).  The Special Master granted

Castro's request for additional time to submit additional materials, which he later submitted. (Id.).

During the hearing, Castro testified that he was diagnosed with diabetes in 2000 and has been prescribed insulin. (Final Order, p. 4, 5).  In February 2005, Castro did not receive his insulin for 6 ½ days while the Centennial Correctional Facility ("CCF") was locked down. (Id.).  He testified that he has back problems (two herniated disks) that cause back spasms and pain in his left leg. (Id., p. 4).  Castro also testified about other medical problems, including a foot disease affecting his toe nails, a shoulder tear, and blood pressure problems. (Id., p. 5).  Castro complained about the medical care provided by the CDOC. (Id.).

Following the hearing, the Special Master issued a Final Order denying Castro's claim. (Final Order, p. 8).  The Special Master found that Castro is diabetic. (Id., p. 7).  The Special Master concluded that Castro does not have a mobility disability within the narrow definition of the Remedial Plan because his problems are due to his back. (Id., p. 6-7).  The Special Master found that Castro's "main concern is the quality of medical care that he has received . . . [in] DOC custody." (Id., p. 7).  Allegations of substandard medical treatment must be brought under the Eighth Amendment and are beyond the scope of the ADA and Rehabilitation Act. (Id.).

The Special Master held that Castro could not obtain damages as part of this class action because, while he is diabetic, he did not prove that he was discriminated against by the CDOC during the relevant time. (Final Order, p. 7-8).  "The Settlement Agreement requires that a claimant have a stated disability on or before August 27, 2003 [the date the Settlement Agreement went into effect].  The Settlement

2

Agreement further provides that there must have been an act of discrimination prohibited by the ADA and Rehabilitation Act on or before this date." (Id., p. 6).  The Special Master found that the denial of insulin for 6 ½ days in February, 2005, may be an ADA/Rehabilitation Act violation, but that it was not compensable in this case because it occurred after the Settlement Agreement set the class and Castro was not discriminated against during the relevant time.

> The evidence presented by the Claimant indicated that he went without insulin for six days at CCF due to the lock down.  This would appear to be a violation of the ADA and Rehabilitation Act.  This period of time postdates August 27, 2003.  Claimant has not established that he was the victim of discrimination for his diabetes prior to this date.  The Settlement Agreement provides that an act of discrimination after August 27, 2003 can be added to a claim, but only if the claim could be established on its own for something prior to that date.  Claimant cannot do that.  Claimant does have the right to bring a separate action concerning incidents that postdate August 27, 2003.

(Final Order, p. 7-8).

After the Special Master denied his claim, Castro filed his "Appeal of the Final Order of Special Master." (Docketed at 1728).  Castro's Appeal challenges the Special Master's decision by introducing new facts and allegations that were not found by the Special Master.  First, Castro now claims that, contrary to the Special Master's finding, his mobility problems are not due just to his back but also to degenerative hips and arthritis in his hip, knees, and feet. (Appeal, p. 2).  He also now alleges that he was denied insulin for over a year while at the Colorado State Penitentiary ("CSP") in 2002. (Appeal, p. 7).

## STANDARD OF REVIEW

The Special Masters' award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane."  (Remedial Plan, § XXXII).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal.  Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law.  It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right.  An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical.  It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

In re Bueno, 248 B.R. 581, 582 (D. Colo. 2000) (Kane, J.) (citing United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987).

## ARGUMENT

### I.  THE SPECIAL MASTER PROPERLY DENIED CASTRO'S CLAIM BECAUSE CASTRO WAS NOT DISCRIMINATED AGAINST DURING THE RELEVANT TIME PERIOD.

Castro is not entitled to damages in this case because he was not discriminated against during the relevant time period.  The Remedial Plan (Settlement Agreement) went into effect on August 27, 2003.  To recover damages in this case, a claimant must prove that he had a qualified disability on or before August 27, 2003, and that the CDOC discriminated against him based on that disability on or before August 27, 2003. (See Final Order, p. 6).  A Montez claimant can only recover if there was "an act of discrimination prohibited by the ADA and Rehabilitation Act on or before this date." (Id.).   Allegations of discrimination occurring after August 27, 2003, can be

incorporated into a claim if the claimant first proves discrimination during the relevant time period. "The Settlement Agreement provides that an act of discrimination after August 27, 2003 can be added to a claim, but only if the claim could be established on its own for something prior to that date." (Id., p. 8; see Remedial Plan, § XXXII).

After reviewing the evidence, the Special Master found that "[t]here was no evidence that would lead to the conclusion that Claimant had been the victim of discrimination prohibited by the ADA or Rehabilitation Act on or before August 27, 2003." (Final Order, p. 7). Consequently, the Special Master concluded that Castro is not entitled to damages in this case. (Id., p. 7-8).

The Special Master did find that the denial of insulin for 6 ½ days in February, 2005, may be an act of discrimination. (Final Order, p. 7). However, because Castro suffered no discrimination during the relevant time period (prior to August, 2003), the Special Master held that Castro cannot recover damages in this case. (Id., p. 7-8). Castro "does have the right to bring a separate action concerning incidents that postdate August 27, 2003." (Id., p. 8). The Special Master reasonably interpreted and properly applied the Remedial Plan to the evidence and testimony presented by the parties. The Special Master did not abuse his discretion.

In response to the Final Order, Castro now alleges that he was discriminated against prior to August, 2003; namely, that he was denied insulin in 2002. (Appeal, p. 7). Review of the Final Order shows that Castro did not raise this issue during his hearing. (See Final Order, p. 4-8). The Special Master's detailed summary of

Castro's testimony does not mention Castro's new allegations. (Id.). (Castro did testify that the doctor at CSP did not order him a diabetic diet for over a year.)

Castro cannot raise new issues or introduce new evidence on appeal.  In this case, the U.S. District Court sits in an appellate capacity reviewing the decisions of the Special Masters, which serves as the trial court.  Generally, an appellate court "will not address an issue raised for the first time on appeal." Wade v. Bradford, 39 F.3d 1126, 1130 (10th Cir. 1994); Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1571 (10th Cir. 1993) (issues not argued to the trial court will not be considered on appeal).  Nor can Castro offer new evidence or supplement his testimony.  An appellate court is not the appropriate forum for initial consideration of new evidence.  Evidence not presented to the trial court cannot be considered on appeal. See New Haven Inclusion Cases, 399 U.S. 392, 450 n.6 (1970); White v. State of Colo., 82 F.3d 364, 366 n.3 (10th Cir. 1996).

Castro cannot supplement or amend his claim on appeal.  Review of the Final Order shows that the Special Master carefully considered the testimony and evidence presented during the hearing.  The Final Order is based on the evidence submitted to the Special Master.  Therefore, the Special Master did not abuse his discretion and the Final Order should be affirmed.

Finally, the Special Master concluded that "Claimant's main concern is the quality of medical care" he received in CDOC custody." (Id., p. 7).  The Special Master properly held that claims regarding the quality of an inmate's medical care are beyond the scope of the Remedial Plan, ADA, and Rehabilitation Act. Id.; Fitzgerald

v. Corrections Corp. of America, 403 F.3d 1134, 1143 (10th Cir. 2005).  For these

reasons, the Special Master properly denied Castro's claim.

> **II.    THE SPECIAL MASTER PROPERLY CONCLUDED
> THAT CASTRO IS NOT "MOBILITY DISABLED"
> UNDER THE REMEDIAL PLAN'S DEFINITION.**

 The Special Master properly held that Castro does not have a mobility

disability as defined by the Remedial Plan.  The Remedial Plan defines "mobility

disability" as "[i]nmates who use wheelchairs full or part time due to a permanent

disability" or "[i]nmates who do not require a wheelchair but who have a permanent

lower extremity mobility impairment that substantially limits walking; *e.g.*, an inmate

who cannot walk 100 yards on a level surface or climb a flight of stairs without a

pause." (Remedial Plan, § V(A)(1)).

After receiving testimony and considering the evidence, the Special Master

found that Castro's mobility complaints were due to his back. (Final Order, p. 6).

"The very narrow definition in the Settlement Agreement limits mobility disability to

those in wheelchairs and those who have a lower mobility disability that substantially

limits walking . . . Claimant's own testimony establishes that he does not meet the

criteria for mobility disability." (Final Order, p. 6-7).  In concluding that Castro does

not have a mobility disability covered by this case, the Special Master properly

applied the facts, including Castro's own testimony, to the narrow definition

contained in the Remedial Plan.  There was no abuse of discretion.

Castro argues that he meets the Remedial Plan's definition because he does

have lower extremity medical problems, specifically degenerative hips and arthritis in

his hip, knees, and feet. (Appeal, p. 2).  There is no mention of these medical

problems in the Special Master's detailed summary of Castro's testimony. (<u>See</u> Final Order, p. 4-8).  Once again, Castro is attempting to introduce new issues and evidence that was not presented to Special Masters.  As noted above, Castro cannot add new claims now and cannot submit new evidence for the first time on appeal.  The Special Master's factual findings and conclusions were based on the evidence submitted during the hearing, as well the additional evidence the Special Master allowed Castro to submitted after the hearing.  Because the Special Master properly conducted Castro's hearing, considered all evidence offered, and ruled in accordance with the Remedial Plan and applicable law, there was no abuse of discretion.

## CONCLUSION

The Final Order should be affirmed because the Special Master did not abuse his discretion.

Respectfully submitted this 12th day of April, 2006.

JOHN W. SUTHERS
Attorney General


s/ Jess A. Dance
JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation & Employment Law Section
Attorney for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on April 12, 2006, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the

following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com

I further certify that I have mailed copies of the foregoing via the United States
mail, postage prepaid, at Denver, Colorado, this 12th day of April, 2006, addressed as
follows:

Thomas Castro, #81977
CCF
P.O. Box 600
Canon City, CO 81215-0600

***Courtesy Copy To:***

Cathie Holst

<u>s/ Jess A. Dance</u>