IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

―――――――――――――――――――――――――――――――――――――――――――――――

Claim Number 02-277
Category II
Claimant: Vernest M. Jones, #98313
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

―――――――――――――――――――――――――――――――――――――――――――――――

**FINAL ORDER OF SPECIAL MASTER**

―――――――――――――――――――――――――――――――――――――――――――――――

THIS MATTER comes before the Special Master on the claim of Claimant. Defendants have filed a motion to dismiss. Claimant has filed a reply to the motion to dismiss. The Special Master has reviewed the claim and all documents filed by both sides. This order shall constitute the final action by the Special Master on the motion to dismiss.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
I. General inconvenience or nominal damages;
II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
IV. Damages due to severe physical injuries; and
V. Damages due to death.

Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

III. DEFINITIONS
A. COVERED DISABILITIES
The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
B. QUALIFIED INMATE
Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
C. PERMANENT DISABILITY/IMPAIRMENT
A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

2. The Special Masters shall evaluate individual damage claims submitted in

this case by considering the following questions:

  1. Is the claimant a disabled individual who is a member of the class?

  2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?

  3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

  4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The claim form filed by Claimant listed only mobility disability and diabetes. In the initial form, Claimant stated as follows:

> I suffer from what is known as a claw hand, caused by a stab wound to my right arm. The stabbing caused limited range of motion and loss of motor skills in my right hand. This also causes limited strength in my right arm. I also suffer from depression and I am a diabetic.

In response to the question about discrimination by DOC staff, Claimant stated as follows:

> In April of 2002, I was denied access to a bottom bunk and placed in solitary confinement when I refused to take a top bunk because of my disability. It is clearly stated in my medical file that I cannot to lift more than twenty-five pounds in my right arm. It takes more strength than I possess in my right hand and arm to continually pull myself up and down on a ladder that gives me access to a top bunk. I was on a bottom bunk until I moved to MR where the incident occurred. I was continually told by SCF medical staff that I did not meet set requirements for a bottom bunk although my disablement is very visible and strength test where taken in my right hand and show I am limited in my right hand and arm. I was treated very unfairly for a person with a disability.

Claimant has submitted a number of medical records and other documents to support his contention that he has a "claw hand." DOC medical records do reflect that Claimant was injured in a stabbing and that he has a deformed right hand.

Defendants have filed a motion to dismiss. They argue that Claimant cannot prevail even if everything he has alleged is accepted as true. For purposes of resolving this motion, all allegations set forth by Claimant will be deemed true.

Claimant checked the box for mobility impairment. The Settlement Agreement provides a narrow definition of mobility impairment. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...." Defendants correctly note that Claimant has not alleged that he uses a wheelchair full or part-time. Further, he has not alleged that he has a lower extremity condition that affects his ability to walk. Claimant has an upper extremity condition in his arm and hand. There is no question that Claimant has a disability in his right hand and arm. Accepting as true all of Claimant's allegations, he has failed to set forth a prima facie case for mobility impairment, as that term is defined in the Settlement Agreement.

Accepting as true everything Claimant has alleged about his claim of mobility impairment, he still cannot prevail on his claim. He does not need the criteria of being mobility impaired under the Settlement Agreement. Claimant does have the right to bring his own lawsuit under the ADA and Rehabilitation Act, or on another legal basis, against Defendants. He cannot pursue the claim as to mobility impairment, as he does not meet the criteria.

As to diabetes, Claimant has not set forth any information to indicate what his condition is really like. Claimant only mentioned that he is diabetic, and that is reflected in his medical records that he has provided. To fall into the class category for diabetes, and claimant must meet the following criteria:

4. Permanent Diabetics: Insulin or Non Insulin Dependent Diabetic
    Inmates who are diabetic and who are or are not dependent on insulin for
regulation and require accessible housing to accommodate their disabilities

Claimant has not alleged that his diabetes has prevented him from carrying on activities of daily life. There certainly is no allegation that he has been the victim of discrimination due to his diabetes. Claimant does not meet the criteria for diabetes, even if all of his documents and allegations are accepted as true.

Claimant has expressed concern about the medical care that he has received.  On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability.  A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. All Eighth Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical malpractice. Claimant may bring a separate lawsuit concerning any claim of malpractice.

Claimant may well have a valid cause of action under the ADA and Rehabilitation Act for actions relating to his hand and arm. Claimant's remedy is to file his own lawsuit concerning the hand and arm, as they are not part of the Settlement Agreement. The Special Masters have no power to expanded the categories or enlarge the definitions set forth in the Settlement Agreement.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

IT IS FURTHER ORDERED that the claim of Vernest M. Jones is dismissed; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 22, 2006.**

SIGNED this 17th day of April, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master