IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 02-289
Category II
Claimant: Audra Dowler, #117826
Address of Claimant: PMC, P.O. Box 3, Pueblo, CO 81003-0003

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Defendants' motion to dismiss. Claimant was granted up to and including April 3, 2006 in which to file a response to the motion. She has not filed any response to the motion.

### I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
>    A. COVERED DISABILITIES
>    The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
>    B. QUALIFIED INMATE
>    Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
>    C. PERMANENT DISABILITY/IMPAIRMENT
>    A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

2

      1. Is the claimant a disabled individual who is a member of the class?
      2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
      3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
      4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The claim form filed by Claimant listed only vision impairment. In the initial form, Claimant stated as follows:

> I wear contact lenses and am unable to wear regular glasses. My contacts have protein buildup on them making it dangerous for my eyes and difficult to see. I am unable to wear regular glasses due to the fact that they give me severe migraine headaches. DOC refuses to allow me to have new contacts sent in from my optometrist or allow me to get protein removal tablets for them even if I pay for them out of my own books.

In response to the question on the claim form concerning discrimination by DOC and its staff, Claimant stated as follows:

> Because I have put in kites to both medical and the optometrist. Also other people in this facility who wear contacts have been allowed to keep those, while I who am unable to wear glasses they are trying to pull my contacts while they are not trying to confiscate others.

Claimant has restated these complaints in her supplemental form. Claimant states that she cannot wear regular glasses, as they give her migraine headaches. She also states that the protein buildup on her contacts presents a safety hazard to her.

Defendants have filed a motion to dismiss. They argue that Claimant cannot prevail even if everything he has alleged is accepted as true. For purposes of resolving this motion, all allegations set forth by Claimant will be deemed true.

Claimant checked only the vision impairment box on her claim form. In order to establish a vision impairment, the Settlement Agreement requires the following to be shown:

> 3. Permanent Vision Impairment
>     Inmates who are permanently blind or who have a vision impairment not

correctable to central vision acuity of 20/200 or better, even with corrective lenses.

To be blunt, a claimant would have to show that he or she was legally blind.[1]

Accepting as true everything Claimant has alleged about her claim of vision impairment, she cannot prevail on her claim. Claimant is able to see and migraine headaches are not part of the vision impairment category. Claimant does have the right to bring her own lawsuit under the ADA and Rehabilitation Act, or on another legal basis, against Defendants. She cannot pursue the claim as to vision impairment, as she does not meet the criteria.

Claimant has expressed concern about the medical and vision care that she has received. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. All Eighth Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the care provided to her, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical malpractice. Claimant may bring a separate lawsuit concerning any claim of malpractice.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

IT IS FURTHER ORDERED that the claim of Audra Dowler is dismissed; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 22, 2006.**

SIGNED this 17th day of April, 2006.

---

[1] At the writing of this order, no individual who has filed a claim has met the criteria established by the Remedial Plan for vision impairment. The Special Masters are bound by the criteria and may not add to the list of disabilities or enlarge any disability category.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master