IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number 02-345
Category II
Claimant: Arthur B. Sanchez, #96950
Address of Claimant: 3745 Fillmore Street, Denver, CO 80205

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

      THIS MATTER comes before the Special Master on the claim of Claimant. Defendants have filed a motion to dismiss. Claimant was given up to and including April 10, 2006 in which to file a response to the motion. Claimant has not done so. The Special Master has reviewed the claim and all documents filed by both sides. This order shall constitute the final action by the Special Master on the motion to dismiss.

**I.**

      This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

      On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives

to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

2

      2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

      1. Is the claimant a disabled individual who is a member of the class?

      2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?

      3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

      4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The claim form filed by Claimant listed only hearing impaired. Claimant stated in his initial form as follows:

> I lost my hearing in Dept. of Corrections, and the DOC doctors explained to me I have nerve damage which has affected both ears and will eventually get worse as time goes by.

Claimant stated in his claim form that he was on parole when he was arrested by police officers. He alleges that his violation of parole was the result of not being able to hear the parole agent at the door of his home. He alleges that he was subjected to discrimination because of this and had his parole revoked.

In his supplemental form, Claimant alleges that he had a hearing aid that was lost when he was arrested by his parole agent and other law enforcement officers. The hearing aid had been provided to Claimant while in DOC custody. Claimant further has alleged that various items taken from his home were removed illegally.

Defendants have filed a motion to dismiss. They argue that Claimant cannot prevail even if everything he has alleged is accepted as true. For purposes of resolving this motion, all allegations set forth by Claimant will be deemed true.

The Settlement Agreement provides the definition for each of the four disability categories. The Special Masters are bound by these definitions and may not enlarge or change them. The Special Masters also may not enlarge the number of categories that exist. It is a possible for a claimant to have a valid claim under the ADA that is not covered by the Settlement Agreement.

In order to prove a hearing impairment claim, a claimant must submit evidence that the following definition has been met.

   2. Permanent Hearing Impairments

    Inmates who are permanently deaf or who have a permanent hearing impairment so severe that they must rely on written communication, lip reading, or signing because their residual hearing, with aids, does not enable them either to communicate effectively or hear an emergency warning.

This definition is extremely narrow. To be blunt, a claimant would have to be totally deaf in order to meet this definition. The hearing impairment must be so great that a claimant is forced to use lip reading, signing or written communication.

   Claimant has not alleged that he has to use writings, signing or lip reading in order to communicate. He has alleged significant hearing loss, but it is not so severe as to meet the definition of the Settlement Agreement. Claimant may have a claim under the ADA and Rehabilitation Act for loss of hearing, but he has not alleged those things necessary to allow his claim to proceed. Claimant may bring a separate lawsuit for these alleged violations of the ADA, but he cannot pursue his claim.

   In addition, Defendants correctly note that Claimant has failed to allege that he was the victim of discrimination under the ADA and Rehabilitation Act while in DOC custody. Claimant's main concern deals with the actions of his parole agent and the subsequent revocation of parole. That concern may be legitimate, but it is not covered by the Settlement Agreement. The Settlement Agreement deals with what occurred on or before August 27, 2003 while a claimant was in DOC custody at one of its institutions. Actions by parole agents are not covered by the Settlement Agreement. As to the actions of the parole agent, Claimant may pursue a separate lawsuit.

   IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

   IT IS FURTHER ORDERED that the claim of Arthur B. Sanchez is dismissed; and

   IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 22, 2006.**

   SIGNED this 17th day of April, 2006.

            BY THE COURT:

            */s/ Richard M. Borchers*
            _____
            Richard M. Borchers
            Special Master