IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-359
Category II
Claimant: Thomas A. Jones, #91922
Address of Claimant: 2280 W. 104th Place, Northglenn, CO 80234
_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on his own motion. In reviewing this claim, the Special Master noted that Claimant had stated that he entered into DOC custody on March 2, 2004. This date was after the approval of the Remedial Plan by Judge Nottingham. Since it appeared Claimant might not be part of the class, an order was sent to him to clarify why his claim should not be dismissed. Claimant was granted up to and including April 10, 2006 in which to respond to that order, but he has not done so.

    The Settlement Agreement was approved on August 27, 2003. It was on that date that the class was established by Judge Nottingham. In order to file a claim, a claimant had to be in DOC custody on or before August 27, 2003. In addition, a claimant had to show that he or she had a disability during the period of incarceration on or before that date and was the subject of discrimination prohibited by the ADA and Rehabilitation Act.

    On his initial claim form, Claimant checked only the box for diabetes. He noted that he came into DOC custody on March 2, 2004. Claimant's DOC number reflected that he probably had been in custody previously, and that was verified by the DOC on-line locator service. The Remedial Plan, though, required a showing of a disability, as defined by that plan, on or before August 27, 2003 and an act/s of discrimination prohibited by the ADA and Rehabilitation Act.

    In his supplemental form, Claimant stated, in part, as follows:

> I am a diagnosed Type 2 Diabetic. The end of March, 2004, I was seen by the medical doctor at Fort Lyon Correctional Center for the purpose of chronic care and diabetic needs assessment.

A review of everything submitted by Claimant indicates his concerns with care he was provided in 2004. There are no allegations of any discriminatory acts prohibited by the ADA at any point prior to August 27, 2003.

Claimant does not fall into the class set by Judge Nottingham on August 27, 2003. Claimant does have the right to file a separate lawsuit to seek redress for conduct that he believes violated the ADA. Claimant may not pursue his claim because he does not fall into the class for the reasons noted.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 24, 2006.**

SIGNED this 17th day of April, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master