US District Court
901 19th ST
Denver Colorado
80294

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 20 2006

GREGORY C. LANGHAM
CLERK

Jesse Montez, et. al.
Plaintiffs

vs

Bill Owens, et. al.
Defendants

Civil Action No. 92-N-870(OES
& Civil Action 96-N-343)

Claim No. 03-149
Category III

Motion For RE-EMBursement

Now comes Plaintiff, Charles Parrish
Claim No. 03-149 Category III, Asking For RE-EMBursement of One Thousand Three Hundred Fifty Dollars Zero Cents ($1,350.00) For Legal Fees and medical Fees. For the Following Reasons "AS Far Back as Aug 30, 2003, CDOC has LOST or Misplaced my Property including Legal And Personal Property and when I did get Them Back ALL Legal And Medical Files Were Missing! Again Aug. 30, 2005, Then again March '06, (see enclosed Response Regarding Property) And EVERy Time I've had to replace all documents Both Legal and medical and as of 3-16-06 My Current Balance was $2.62 (see enclosed Account Statement)

Certificate of Mailing

I here by certify I mailed the motion For RE-Embursment on this 18 day of April 2006

Charles L. Parrish
#111079 — LCF
49030 State Hwy 71
Limon CO 80826

```
= INMATE BANKING ======= INMATE BANKING HISTORY ========== 03/16/2006 = Page  1

Account: 111079 PARRISH, CHARLES L                    LIMON CF   LCF/UNIT1
     To:From Dates  02/16/2006: 03/16/2006
=========================================================================
Trans Date      Description         Deposits  Withdrawls      Balance    Loc
----------  -------------------     --------  ----------  --------------- ---
02/16/2006  BALANCE AS OF 02/16/2006                              -4.92
02/21/2006  POSTAGE-DEBIT                         0.63            -5.55  LF
02/21/2006  POSTAGE-DEBIT                         0.39            -5.94  LF
02/28/2006  MEDICAL DEBIT APPOINT                 5.00           -10.94  LF
03/03/2006  XEROX-DEBIT                           1.00           -11.94  LF
03/06/2006  15 TABLE WASHERS            8.40                      -3.54  LF
03/06/2006  1 UNA    INMATES           0.92                      -2.62  LF
03/16/2006  BALANCE AS OF 03/16/2006                              -2.62
=========================================================================
                  Total money order in hold:              0.00
                Current balance as of 03/16/2006:        -2.62
                  **Reserved/Encumbered Monies:           1.86
                Available money as of 03/16/2006:         2.80
```

*Certified by Wanda Smith Inmate Banking*

DC Form 850-04A (08/02)

**COLORADO DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION ATTEMPT**

Grievance # CTC4-271

04-004

| Offender Name Charles Parrish | DOC # 11079 | Facility LCF | Cellhouse 1 |
|---|---|---|---|

Subject of Grievance: Missing & Presumed Stolen Property

What is the basis of your complaint (Be specific and brief): Aug 30, 2003 was the Last time I saw all my property at CTCF. Since being moved to Limon, I've asked several on how to retrive my missing Legal files - to no end so now begins the process - missing or stolen are motions & writs & files (Legal in nature) appeals, Law suits against - DOC & CMHIP - File folders all Labled with my name upon them, one file of the Jessie Motez case in which I am a 'plaintiff' ONE Red Bible (w/ name & Doc# w/ addresses of family & friends) ONE - 2001 CRS Vol 6 Law Book w/ name +# inside given to me By atty, Photos of my mother (now deceased)(estimated value lot moms photo priceless) 1 pair of prescriptioned glasses!

Offender Signature Charles Parrish       Date 28 Dec, 03

| Case Manager reviewed complaint | Initials ___ | Date 1-16-04 |
|---|---|---|

Staff Response:

Your informal resolution attempt is being denied as you failed to follow procedures. According to Administrative Regulation Implementation Adjustment 850-04, IV. C., 1., d.., "A written informal grievance must be filed no later than 30 calendar days, from the date the offender knew, or should have known, of the facts giving rise to the grievance, or within 30 calendar days after final action was decided which might result in a grievance being initiated."

got Back Jan 04

Please see opposite side

| Staff Signature/Printed Name & Staff ID #: Marti Nadeau 2770 Marti Nadeau | Date: 1/26/03 |
|---|---|

What was decided (within policy limitations):

H.    I am satisfied with the informal resolution shown above.

I.    I have elected to file a Step I Grievance. (Attach this form to Step I Grievance)

Offender Signature

| Case Manager Signature: | Date: |
|---|---|

cc:    Original - Attach to grievance or place in Working File

Attachment "A"
Page 1 of 1


over

Aug 30

3 weeks in isolation

3 weeks in CMHIP

8 weeks at Limon Before
Property showed up
_____

14 weeks × 7 days

97
−30 days
67    you figured
       it out

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants,

---

Claim Number 03-149
Category III
Claimant: Charles Parrish, #111079
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

---

## RESPONSE TO MOTION REGARDING PROPERTY

---

Defendants, through the Colorado Attorney General, respectfully submit the following Motion to Respond Regarding Property.

### STATEMENT OF FACTS

On or around September 20, 2005, Parrish sent a letter to the Special Masters claiming several things, including that he did not promptly received his property—TV, radio, lamp, headphones, legal papers, religious property, and art work—when he arrived at the Limon Correctional Facility ("LCF") in September 2005. He alleges that DOC staff told him he would get his property if he dropped his Montez claim.

In a second letter from around October 3, 2005, Parrish admitted that he had received most of his property, but claimed that a watch, TV cables, and his Montez

1

paperwork were still missing.  He also requests that DOC give him free copies of his medical charts.  By order dated September 22, 2005, the Special Masters ordered Defendants to respond to Parrish's claims about his personal property and legal materials.

Regarding his property, Parrish's property arrived at LCF via Central Transport on September 27, 2005.  <u>See</u> Def. Exh. A.  He received and signed for his TV, radio, lamp, headphones (ear buds), religious items, and legal box on September 27, 2005.  <u>Id.</u> According to Sgt. Borcyczkowski, Parrish did not have a watch among his property.  In fact, the $18 watches likely were not even available to inmates when Parrish transferred from FLCF to LCF.  (The canteen began selling the $18 watches about a month ago.) The officer did not know anything about any TV cables.

Pursuant to DOC policy, an officer at LCF looked in Parrish's legal box to check for contraband.  The officer did not check specific materials for content.  As a result, the officer does not know if there were any <u>Montez</u>-related documents in Parrish's legal box. No DOC staff member ever took or withheld Parrish's <u>Montez</u> paperwork.  No DOC staff member ever told Parrish that his property would only be returned to him if he dropped his <u>Montez</u> claim.

**ARGUMENT**

I.      **PARRISH'S ALLEGATIONS REGARDING HIS PROPERTY ARE BEYOND THE JURISDICTION OF THE SPECIAL MASTERS.**

The Remedial Plan only gives the Special Masters authority to determine whether individual claimants are entitled to damages due to discrimination because of the claimant's diabetes, or mobility, vision, or hearing impairment. (<u>See</u> Remedial Plan, § XXXII).  All other issues, including property disputes, are beyond the jurisdiction of the Special Masters.

2

## II.    PARRISH HAS RECEIVED HIS PERSONAL PROPERTY AND LEGAL MATERIALS.

Parrish's allegations are false.  His property arrived at LCF on September 27, 2005.  See Def. Exh. A.  He received all his property—TV, radio, lamp, headphones (ear buds), religious items, and legal box.  Parrish did not have an $18 watch.  His property inventory shows that he received his legal box and six books, including faith and legal books.  He signed the property list on September 27, 2005, acknowledging that he received all his property.  Id.  No DOC staff member ever told Parrish he would only get his property if he dropped his Montez claim.

DOC gave Parrish his legal box containing his legal materials, including any Montez documents he chose to save.  The officer who checked Parrish' legal box for contraband did not read any of Parrish's legal materials, thus he does not know whether Parrish had any Montez documents in his legal box.  It is Parrish's fault, not DOC's, if he failed to save or chose not to save his Montez paperwork.

## II.    PARRISH IS NOT ENTITLED TO FURTHER DISCOVERY.

According to DOC records, Parrish received his ten free copies on or around March 25, 2005.  Accordingly, his request for copies is a request for further discovery.  "Further discovery may be allowed by the Special Masters only upon the filing of a motion showing good cause for the discovery." (November 23, 2004 Order, ¶ 7) (emphasis added).  A "good-cause requirement is not a mere formality, but is a plainly expressed limitation on the [production of documents]." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).

The good cause requirement is "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by

the movant that . . . good cause exists." Id. Parrish never identifies any specific documents he wants or how they establish any of the four criteria set out in the November 23, 2004 Order. He just says he "really needs" "copies of my medical charts." This vague, all-encompassing request does not meet the good cause standard. It is Parrish's burden, not Defendants', to (1) determine what specific documents he wants, and (2) to explain how those documents will help him prove the four relevant criteria is this case. Parrish's request for discovery must be denied as it is without good cause.

## CONCLUSION

Parrish's motion must be denied. His allegations that DOC staff threatened to withhold his property unless he dropped his Montez claim is false. Parrish received and signed for all his property on September 27, 2005. Defendants do not know whether or not any Montez documents were in Parrish's legal box. Defendants do know that no DOC staff member ever took any of Parrish's Montez documents. Parrish's charges are without merit and request motion must be denied.

Parrish is not entitled to further discovery. CDOC has already given him his ten free copies. Parrish never states what specific documents from his medical file he wants or how they support his claim. Therefore, Parrish has fallen far short of the good cause standard.

Respectfully submitted this 18th day of October 2005.

JOHN W. SUTHERS
Attorney General


4

JESS A. DANCE, 35803*
Attorney
Corrections Unit
Civil Litigation and Employment Law Section
Attorney for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within RESPONSE TO MOTION REGARDING PROPERTY upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this *19th* day of October, 2005 addressed s follows:

Charles Parrish, #111079
LCF
49030 State Highway 71
Limon, CO 80826

*Courtesy Copy To:*

Cathie Holst

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**
Limon Correctional Facility

49030 State Hwy 71
Limon, CO 80826
Phone: (719) 775-9221
Fax:    (719) 775-7607 (Upper Admin)
Fax:    (719) 775-7676 (Lower Admin)

Web: www.rioc.state.co.us



Bill Owens
Governor

Joe Ortiz
Executive Director

## FAX COVER SHEET

**DATE:** 9-28-05

**TO:** Katie Baxter

**FROM:** Sgt D. Borcyczkowski

**SUBJECT:** Parrish # 111079

Total number of pages, including this page is: 3

Limon Correctional Facility Fax Numbers:

Upper Administration:    (719) 775-7607
Lower Administration:    (719) 775-7676

**Comments:** Inmate Parrish's property arrived @ LCF on 9/27/05. Central Transport dropped the property off. The Inmate has everything listed on the attached list and he has confirmed it by his signature on page 2 of the property list.

**DEFENDANT'S
EXHIBIT
A**

COLORADO DEPARTMENT OF CORRECTIONS
Offender Personal Inventory Quantity and Liability Limits

Offender Name: PARRISH, CHARLES L
Facility: LIMON CORRECTIONAL FACILITY

DOC #: 111079
Date: 09/27/2005

## STATE ISSUE ITEMS

1 BELT/BUCKLE(1)
1 JACKET(1)
3 SHIRTS(3)
5 SOCKS(5)
3 TROUSERS/SLACKS(3)

1 ID CARD(1)
1 KNIT CAP(1)
1 SHOES(1)
5 T-SHIRTS(5)
5 UNDERWEAR(5)

## PERSONAL ITEMS

6 BOOKS (INCLUDING FAITH AND LEGAL)(15)  1 LEGAL BOX (2 CUBIC FEET)(1)
1 MAGAZINE/NEWSPAPERS(6)

Books, magazines and newspapers cannot exceed 3 cubic feet when combined with other property.

## CANTEEN ITEMS          Description          Serial #

1 ALARM CLOCK RADIO COMBINATION(1)CANTEEN/CLEAR      #021002062 TG/095780
3 BRIEFS/BOXERS/PANTIES(3)
1 COMBINATION LOCK(1)
1 LAMP(1)              CANTEEN/DESK          TG/096007
1 SHOWER SHOES(1)
3 SOCKS(3)
3 T-SHIRTS(3)
1 TELEVISION(1)        CLEAR COLOR TAG#505287      D205QD0ET

## RELIGIONS ITEMS

1 ROMAN CATHOLIC ROSARY(1)

## FACILITY SPECIFIC ITEMS

1 DENTURES(1)          UPPERS/LOWERS
2 EARBUDS(2)           MAXELL CLEAR          KOSS BLACK

## MEDICAL APPLIANCES

1 CANE(1)              1 KNEE WRAPS/BRACES(4)
1 PRESCRIPTION EYE GLASSES/CONTACTS(1)

Inventory Staff _____
            (print name)      (signature)

Inventory Staff _____
            (print name)      (signature)

Page 1



COLORADO DEPARTMENT OF CORRECTIONS
Offender Personal Inventory Quantity and Liability Limits

Offender Name: PARRISH, CHARLES L
Facility: LIMON CORRECTIONAL FACILITY

DOC #: 111079
Date: 09/27/2005

The Colorado Department of Corrections (DOC) limits the aggregate value of
personal property to aggregate value $300.00. DOC assumes no responsibility
for lost, damaged, destroyed, or stolen personal property. Offenders assume
the liability for the privilege of possessing personal property during incar-
ceration. Inmates must retain receipts for proof of ownership.

Offender Signature _____ Date 9-27-05

To The Honorable Judge Kern                    April, 18, 2006

Your Honor Sir, Today was the First time I've seen my Legal Papers in Three (3) weeks (LCF enjoys seperating me from them as often as possible)!

Your Honor I've read & reread The ReMedial Plan, And Boy Has CDOC Violated my Rights Left And Right PP 20 (c) No inmate shall be deprived of a health care appliance etc... Your Honor CDOC took away my wheelchair crutches And now my cane and They want my Braces Too! (Today I saw my cane CDOC Broke it, its now 2 Ft Long!) I'm housed in a NON-Handicapped area, I am restricted of Climbing Stairs (But I hafta go up & down them To go anywhere) Sir I'm not saying what I done (wrote a Letter to The Chaplin) appreiate But come on, "Administration Segergation," For a NON Threating Letter with No Vulger words, I got Ad Seged and a guy who stabbed another inmate walks? And to place me in A NON-ADA Cell w/No Handicapped Shower? What gives? And To Be Ad Seged Next stop is Level V security For writing a Letter?

your Honor

Sir I've been denied services, Programs including religious, I've had my life threatened Because I protest for my rights To Be equal DOC has now chose for me To Be housed either at CSP or Sterling (at Sterling I'm dead, There are 5 inmates That I testified as a State witness against that are there.)

page 5 (VI) INmates shall not be housed at a higher security facilities because of their disability! Should this not also Be True That a disabled inmate should not Be housed in a higher security facility for a NON-Threating Non-Vulger letter (see enclosed write ups also Note That I was Charged Twice "Double Jepordy")

Also your Honor The Reason for the Letter was Not an actual enticement. I spent over (18) eighteen years at the Colorado Mental Health Institute at Pueblo, I have been diagnosised Schizophreiac w/ Delusional Disorders And Anti-Social Personality! I went from November 05 To April 06 without being allowed To see a Psychrist, I sent Kite after Kite, I asked guard after guard No help so I wrote a Letter MAKEING Sure NO Threats-No Dirty Language was in it! I got to see the Shrink But They Ad Seged me TOO

Im still hearing voices and seeing things That others don't see, And CDOC puts me in A cold cell alone with Nothing to do, watch or take my mind off the voices! And then they plan to move me To CSP or Sterling!

Why won't they send me to San Carlos or Back to the State Hospital (After all That where I go back to From DOC)? At least there I could get some Therapy Both Medical, Physicle & Mental! So Far I've had <u>NONE</u>

your Honor Im also going blind and I I am Hypo-glycimic & Have Mobility impairment, oh yeah I've been diagnosised with glycoma and cateracts! Oh you'll Love this "I wrote A Letter," so I have to Be waist chained Double hand-cuffed and Leg irons on To go up 10 Steps and Back down them all with in 5 minutes? pp 26 <u>XXVII</u> (A) (B) Violated!

And they wonder why I wrote a Letter?

Please see what you can do to Help Me (at least go To San Carlos C,F)

I have 1 day to Life at CMHIP why cant I go back there I They are Better equiped than CDOC is to help Me? Please Help Me

*Charles Parrish*

CHARLES L PARRISH
#111079 ~ LCF
49030 State Hwy 71
Limon CO 80826



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States
Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

This is the best quality copy of the following document.

Clerks Office
United States District Court

DC FROM 600-02B (08/00)

CASE NO. __AS06053__

# DEPARTMENT OF CORRECTIONS
## CLASSIFICATION SUMMARY – ADMINISTRATIVE SEGREGATION HEARING
### FACILITY    LIMON CORRECTIONAL FACILITY

| OFFENDER NAME    PARRISH, Charles L. | DOC NUMBER    111079 |
|---|---|
| CURRENT CUSTODY LEVEL    CLOSE | CURRENT PAROLE ELIGIBILITY    5/9/2012 |

**REASON(S) for initiating placement in Administrative Segregation**

_____ Conduct poses serious threat to security of a facility.

__XX__ To prevent imminent injury to an inmate(s) or to an employee(s).

_____ To contain or prevent or quell a riot.

_____ To prevent serious property damage.

_____ To prevent escape, and/or

_____ Other (Specify) _____

**EVIDENCE RELIED UPON:**                          **WITNESSES:**

Written Notice for Aministrative Segregation hearing, written Notice for Charges, Case #061146, letter written by inmate Parrish #111079.

**FINDING OF FACT:**

A letter was written by inmate Parrish #111079 to a LCF chaplain that contained sexually explicit comments and an invitation for the staff member to participate in the sexual acts with inmate Parrish.

**DECISION:**

Assign to MAXIMUM SECURITY, Administrative Segregation:    _____ NO    __XX__ YES

**REASON(S):**

Inmate Parrish did attempt to persuade and/or entice the chaplain into unlawful acts. Inmate Parrish has a previous COPD conviction for sexual misconduct. This type of behavior is a threat to the safety of staff. Recommend Administrative Segregation placement.

                                                        4-17-06

| | Chairperson  CMIII R. KAHANIC | Date |
|---|---|---|
| DATE OF HEARING  4/14/2006 | TIME OF HEARING  12:25 P.M. | LOCATION OF HEARING  LCF SEG |

**COMMITTEE MEMBERS PRESENT:**    CMIII R. KAHANIC, CMII S. BUTLER, CMI S. PHILLIP

**ADMINISTRATIVE HEAD REVIEW:**

    ✓ AFFIRM    _____ MODIFY    _____ REVERSE

**COMMENTS:**

S/ _____    Date _____
   Administrative Head

S/ _____    Date  4/18/06
   Offender Receipt

Distribution: White-Department
Yellow-Working File
Pink-Records/Hearings
Gold-Offender

ATTACHMENT "B"
Page 1 of 1

DC FORM 600-2A (9/02)

CASE NO: __AS06053__

## DEPARTMENT OF CORRECTIONS
## NOTICE FOR ADMINISTRATIVE SEGREGATION HEARING
## FACILITY __LIMON CORRECTIONAL FACILITY__

| OFFENDER | DOC |
|---|---|
| 1. NAME    PARRISH, Charles L | NUMBER  111079 |
| HOUSING | CURRENT |
| UNIT    SEG | SECURITY DESIGNATION   CLOSE |

**2. SUMMARY:** (Factual Report, including who, what, when, where, and how). Use additional sheets if necessary.

On 3/22/2006, inmate Parrish, Charles DOC #111079, wrote a letter to a chaplain at LCF that contained sexually explicit comments and an invitation for the staff member to participate in the sexual acts with inmate Parrish. Inmate Parrish did attempt to persuade and/or entice the chaplain into unlawful acts. Inmate Parrish has a previous COPD conviction for sexual misconduct. This type of behavior is inconsistent with general population placement and is a threat to the safety of staff. Ad Administrative Segregation will be held to determine if inmate Parrish's current custody level is appropriate.

3. I certify that the foregoing statements are true and correct to the best of my knowledge.

S/ _Mrs. ____ Williams_  Date _4/10/06_
   Initiating Employee

S/ _Al Estep_  Date _4/10/06_
   Administrative Head/Director

**4. HEARING SCHEDULE:**

Case referred to Classification, scheduled for __4/13/2006 THURSDAY after 9:00 a.m.__  4/14/2006 FRIDAY AFTER 9:00

**5. SERVING EMPLOYEE:**

You are hereby served this copy on this __11__ day of __April 2006__, at __130__ (am) (pm). If you desire witnesses or a representative, in accordance with Administrative Regulation 600-2, please notify the Classification Chairperson as soon as possible, but no later than 24 hours prior to the scheduled hearing, to avoid a continuance.

S/ _Shea_  Date _11am 006_
   Serving employee

**6. OFFENDER ACKNOWLEDGEMENT:**

I acknowledge receipt of a copy of the Notice for Administrative Segregation.

S/ _Refused to sign  Shea_  Date _11am 006_
   Offender

ATTACHMENT "A"
Page 1 of 1

DISTRIBUTION: White - Department
Yellow - Working File
Pink - Administrative Head/Director
Gold - Offender

*EMPLOYEE INCIDENT REPORT FORM*                                                     10/01/98

| | |
|---|---|
| Date of Incident: ___03-23-06___ | Time of Incident (approx.): ___3:30PM___ |
| Employee's Name (print): ___EDWARD SUTTON___ | Work Unit: ___2nd SHIFT SECURITY___ |

| | |
|---|---|
| Type of Incident: _____ | Specific Location: _____ |
| Inmate's Full Name: _____ | DOC Number: _____ |
| Inmate's Living Unit: _____ | |

ON 03-23-06, I, (CAPTAIN EDWARD SUTTON) WAS PERFORMING DUTIES AT THE LIMON CORRECTIONAL FACILITY AS THE SHIFT COMMANDER FOR 2ND SHIFT. AT APPROXIMATELY 3:30PM, I WAS GIVEN A NOTE THAT WAS RECEIVED BY CHAPLIN, DON WILBUR. THE NOTE WAS ADDRESSED TO HIM AND CONTAINED SEXUALLY EXPLICIT COMMUNICATIONS. NOTE TURNED OVER TO INTELL.

XC Intel

_____          _____          3:30PM/03-23-06
Shift Supervisor's Signature        Date        Employee's Signature              Time/Date written

**STAFF DUTY OFFICER'S INITIATION OF INVESTIGATION AND COMMENTS:**

Informational                                                    ✓
Refer to Disciplinary Officer for review        _____
Refer to Intelligence/Gang Officer                _____
Refer to Internal Classification Officer          _____
Refer to _____                            _____

_____          3/24/06  0730
Staff Duty Officer's Signature                      Date/Time

STATE OF COLORADO
DEPARTMENT OF CORRECTIONS
NOTICE OF CHARGE(S)

DC Form 150-1A

PAGE 1 OF 2

FACILITY  LCF

CASE NO.  061146

| 1. OFFENDER NAME | PARRISH, CHARLES L | DOC NUMBER | 111079 |
| CURRENT HOUSING UNIT | LU 1 | CURRENT CUSTODY DESIGNATION | CLOSE |

2. ALLEGED CHARGES (Date) 3/22/2006    Time unknown    Location LU 1 MAIL -CHAPLAIN OFFICE

| Class | Rule | Specific Charge (Code of Penal Discipline) Use extra sheets if necessary |
| II | 24 | SEXUAL HARASSMENT |

3. SUMMARY (Factual Reporting, including who, what, when, where, and how)
In reference to the report written by Captain Sutton on 3/23/2006 at 1530
(inappropriate letter to Chaplain Don Wilbur). It has been determined
through handwriting analysis and interview that the writer of the document
in question was inmate Charles Parrish #111079. Lt. Fox and I interviewed
inmate Parrish on 3/24/2006 at approximately 0900. Inmate Parrish at first
denied writing the document, but after a short discussion, did admit that
he wrote the letter on 3/22/2006. Inmate Parrish stated that he has
"multiple Personality Disorder" and had not been given his medication by
Medical since 3/21/2006. Inmate Parrish stated that Medical has been out of
his medication. I spoke to Medical and without the release of any protected
or confidential information, was informed that there was one drug taken off
of the "Formulary" and there was a note posted in the medical area in
reference to that action, but inmate Parrish was not prescribed or
previously taking that particular drug. Medical advised, again without the
release of any protected or confidential information,   (CONTINUE TO PAGE 2)

4. CONTRABAND: (Description and disposition. Also including same type information as required in number 3 if not listed.)

5. NAMES OF WITNESSES TO VIOLATION: (Including employees)

I certify that aforementioned charges and summary are true and correct to my knowledge. The date of my signature reflects the discovery date of the violation.

S/ _____  Initiating Employee  T. Sneller    Date 3/2/06

S/ _____  Reviewing Supervisor  Lt. Joffe    Date 3/31/06

6. INVESTIGATIONS/PHARMACY REPORT (when required)    Date _____

Signature _____    Comment(s) _____

7. Hearing Schedule: This case is scheduled for: 4/5/06    at: WHEN CALLED FOR AFTER 8AM
Date    Time
Formal Hearing ☒    Informal Conference ☐

8. SERVING EMPLOYEE: You are hereby served with a copy of alleged charges this _____ day of
_____ 20___ at _____ (am) (pm). If you desire witnesses, in accordance with the Code of Penal Discipline,
please notify the Reviewing Supervisor as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a
continuance.
Signature _____    Date _____

9. I do ☐  do not ☒ desire an offender representative. Name of representative _____

OFFENDER ACKNOWLEDGEMENT. I acknowledge receipt of a copy of the Notice of Charge.
Signature _____ 111079    Date 3-31-06

20046 (R 11/02)    DISTRIBUTION:    WHITE–Department File    CANARY–Working File    PINK–Superintendent/Director    GOLD–Offender.

DC FORM 150-1B
(Revised 7/99)

## STATE OF COLORADO
DEPARTMENT OF CORRECTIONS
# DISPOSITION OF CHARGE(S)

Formal Hearing    (XX)
Informal Conference    ( )

FACILITY _____ LCF _____          CASE NO. 061146

| OFFENDER NAME | PARRISH, CHARLES L | DOC NUMBER | 111079 |
|---|---|---|---|
| CURRENT HOUSING UNIT | LU 1 | CURRENT SECURITY DESIGNATION | CLOSE |

FINDINGS OF FACT:    (List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)

VIOLATION: Class II-24.5, Sexual Harassment
PLEA: Guilty with Explanation          DECISION: GUILTY

FINDING OF FACT: Subject admitted he did write a letter that contained
sexually explicit comments towards a staff member. He claimed that
medication (Visterell) or lack of, made him write the sexual harassment
letter to a staff member.
ADVISED OF RIGHTS - Subject waived the reading of his rights.
WITNESSES: Mr. R. Wimmer, who testified that being taken off that
medication would not have caused this behavior. Subject did sign a medical
release form to obtain the testimony of a medical staff member.
DISCIPLINARY OFFICER: Lt. Joffe
INMATE REPRESENTATIVE: Cortez #45627

SUMMARY OF PENALTIES:
FIFTEEN (15) days PUNITIVE SEGREGATION, from 3/22/2006 to 4/6/2006, with
credit for time served.

*Notice they sentenced twice*

S/ _____ Lt. M. Carter          4/6/06
Chairperson                              Date

| DATE OF HEARING | 4/5/2006 | TIME OF HEARING | 10:10 am | LOCATION OF HEARING | LCF HEARINGS ROOM |
|---|---|---|---|---|---|

COMMITTEE MEMBERS PRESENT    HEARING OFFICER: LT. M. CARTER

WARDEN/DIRECTOR REVIEW: (Not required for Informal)

(✓) AFFIRM          ( ) MODIFY          ( ) REVERSE

COMMENTS:

S/ _____          4/7/06
Administrative Head or Designee          Date

Offender Acknowledgement: I acknowledge receipt of a copy of this disposition of charge.

Name CHARLES PARRISH #111079          Signature _____ 4/ /06    Date

20048(R 7/99)    Distribution:    White - Department File    Canary - Working File    Pink - Warden/Director    Gold - Offender