IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 02-137
Category II
Claimant: Johnny Williams, #103439
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## FINAL ORDER OF SPECIAL MASTER

---

      THIS MATTER comes before the Special Master on the claim of Claimant. Defendants have filed a motion to dismiss. Claimant was granted up to and including April 17, 2006 in which to respond to the motion, but he has not filed a reply. The Special Master has reviewed the claim and all documents filed by both sides. This order shall constitute the final action by the Special Master on the motion to dismiss.

**I.**

      This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

      On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives

to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

2

>>2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
>>>1. Is the claimant a disabled individual who is a member of the class?
>>>2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
>>>3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
>>>4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The claim form filed by Claimant listed only mobility impaired and vision impaired. In the initial form, Claimant stated, in part, as follows:

> The three disabilities that are relevant to this law suit are attached to this form. (1) Liver...(2) Back...(3) Hernia.

In the attached documents to his claim form, Claimant elaborated on his condition. "My first disability is chronic Hepatitis C, with decompensated cirrhosis of the liver in the end stage." Claimant has alleged that nothing has been done medically for his liver. He has alleged that he is fatigued all the time and is unable to obtain prison employment.

Claimant states further that "[m]y second disability is my back. I suffer from L-5-S-1 spondyloltisthesis (sic)." He indicates that he has constant back pain that radiates down both of his legs. He cannot stand for long periods of time. He has received pain medication, but it does not help. He alleges that he has problems walking, bending, squatting, and kneeling. He also alleges that he has not received appropriate medical treatment. He has not been able to obtain employment or obtain a single cell.

Claimant alleges that "[m]y third disability is a hernia in my abdomen." This causes pain that prevents him from sleeping. He again alleges that DOC has done nothing to help him medically with this condition.

Claimant submitted two supplemental forms. On the vision impairment form, Claimant did not complete any of the questions. As to his claim of mobility impairment, Claimant restates his concern about the medical care that he has received. He states that one DOC doctor indicated that he had only three to five years to live before his liver failed.

Defendants have filed a motion to dismiss. They argue that Claimant cannot prevail even if

everything he has alleged is accepted as true. For purposes of resolving this motion, all allegations set forth by Claimant will be deemed true.

Claimant checked the box for vision impairment on his initial claim form. No allegations were made in the claim form as to vision impairment. Nothing was filled out on the supplemental form relating to vision impairment. The Special Master finds that this claim has been abandoned by Claimant, as he has not set forth any allegations concerning vision impairment. The motion to dismiss will be granted as to vision impairment.

Claimant also checked the box for mobility impairment. The Settlement Agreement provides a narrow definition of mobility impairment. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...." Claimant has not alleged that he uses a wheelchair full or part-time. Further, he has not alleged that he has a lower extremity condition that affects his ability to walk. Claimant has many health issues, but none have been set forth that meet the criteria of the Settlement Agreement. Claimant does not have a lower extremity condition. Accepting as true all of Claimant's allegations, he has failed to set forth a prima facie case for mobility impairment, as that term is defined in the Settlement Agreement.

In addition, Claimant has alleged concern about the quality of medical care that he has received. It is clear from his allegations that he has received some medical care. The United States Court of Appeals for the Tenth Circuit ruled on April 11, 2005, that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act.

Cases for substandard medical care must be brought under the Eighth Amendment or pursuant to state statutes. All Eighth Amendment claims were dismissed by Judge Nottingham prior to the approval of the Settlement Agreement. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical malpractice or medical negligence under state law. Claimant may pursue separately any rights that he may have concerning his medical care.

Accepting as true everything Claimant has alleged about his claim of mobility impairment, he still cannot prevail on his claim. He does not meet the criteria of being mobility impaired under the Settlement Agreement. Claimant does have the right to bring his own lawsuit under the ADA and Rehabilitation Act, or on another legal basis, against Defendants. He cannot pursue the claim as to mobility impairment, as he does not meet the criteria.

Claimant may well have a valid cause of action under the ADA and Rehabilitation Act for

actions relating to his Hepatitis C and other health issues. Claimant's remedy is to file his own lawsuit concerning these conditions, including any claims that he may have under the Eighth Amendment for medical care. The Special Masters have no power to expanded the categories or enlarge the definitions set forth in the Settlement Agreement.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

IT IS FURTHER ORDERED that the claim of Johnny Williams is dismissed; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 30, 2006.**

SIGNED this 24th day of April, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

---

Richard M. Borchers
Special Master