IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 92 - N - 870 / 96-N-343

George Charles, Knorr;                    Applicant,
Claim No.: 02-278; Category II (? III)
V.

Bill Owens, etal. Employees of the Colorado Department of Corrections,
                                          Respondents,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 5 2006

GREGORY C. LANGHAM
CLERK

APPLIACNT'S APPLICATION FOR EXPANSION OF TIME TO SUBMIT
EVIDENCE AS DIRECTED AND IN RESPONSE TO THE MOTION OF
THE COLORADO ATTORNEY"S OFFICE "DUE TO THE THEFT OF SUCH
EVIDENCE BY THE PERSONNEL OF THE COLORADO DEPARTMENT OF
CORRECTIONS @ THE ARKANSAS VALLEY CORRECTIONAL FACILITY
ON THE DATE OF FEBRUARY 27, 2006 DURING THE PROCESS OF
TRANSFER OF APPLICANT TO THE STERLING CORRECTIONAL FACILITY
Via THE FACILITIES OF COLORADO TERRITORIAL, AND DENVER
RECEPTION AND DIOGNOSTIC CENTER;
SECONDLY
APPLICATION FOR IMMEDIATE INJUNCTIVE RELIEF AND TEMPORARY
RESTRAINING ORDER WITH PROVISION FOR
PERMANENT RESTRAINING ORDER AGAINST THE COLORADO DEPARTMENT
OF CORRECTIONS

COMES NOW, the Applicant, George Charles, Knorr, proceeding In Propria Persona (Pro se), as to Claim No. 02-278 and the ORDER of the Special Master, Judge Richard M. Borchers, dated March 03, 2006.

Applicant herein states as <u>fact</u> that the evidence he <u>had acquired</u> pursuant to the dictates of the United States District Court and the Special Master, Judge Richard M. Borchers, <u>WAS STOLEN</u> from the Applicant/Claimant on the date of February 27, 2006 at approximately 09:00 Hours prior to his being cuffed and placed on a C.D.O.C. Transportation Bus for transfer to the Sterling Correctional Facility by way of the Colorado Territorial Facility and the Denver Reception and Diognostic Center.

The Applicant/Claimant was transferred to the Colorado Territorial Facility on the date of February 27, 2006, where he stayed for that night and was then transferred the next Morning February 28, 2006 to the Denver Reception and Diognostic Center where he remained until the Morning of March 02, 2006 at which time he was transferred to the Sterling Correctional Facility at Sterling, Colorado. Such transfer being in retaliation of paperwork Applicant has and further intends to file against the personnel of the Arkansas Valley Correctional Facility.

( 1 )

Upon Applicant's being <u>packed out</u>, the personnel of the Receiving Unit of the Arkansas Valley Correctional Facility, Lieutenant Steinbeck, Sergeant Woodson and Correctional Officer Tanorero (?) spelling, who took and kept about half of Applicant/Claimant's legal papers, all of his commissary and all of the Cell-medications Claimant had been issued by the Medical Department, approximately Five (5) minutes prior to Claimant being hand cuffed and placed on the transfer bus.

Applicant/Claimant has filed the proper grievance with the Colorado Department of Corrections for the return of said property and or monetary compensation of the legal materials, canteen items, and medications which were <u>ILLEGALLY</u> confiscated from claimant, tampered with and probably destroyed in violation of State and Federal laws, i.e. Title 18 Subsections 1503, 1505, 1509 1512, 1513 and 241, 242, and also 1961-1962, <u>wherein Claimant/Applicant moves this Honorable Court for the referal of these matter to the U.S. Attorney for proper filing in the United States District Court</u> for prosecution of said charges.

Applicant/Claimant had acquired evidence from the following sources as to his ongoing medical conditions and proof of his claims against the Colorado Department of Corrections and the State of Colorado;
a. Brighton Community Hospital, Brighton, Colorado;
b. Presbytarian Hospital, Denver, Colorado;
c. Department of the Navy, Balboa Hospital, Balboa, California;
d. Fitzsimons Army Hospital, Aurora, Colorado;
e. Ward Road Clinic, Arvada, Colorado;
f. Lutheran Hospital, Arvada, Colorado;
g. Denver General Hospital, Denver, Colorado;
h. Stout Street Clinic, Denver, Colorado;
i. Health & Human Services, Denver, Colorado;
j. Social Security Office, Lakewood, Colorado;
k. medical records from the Colorado Department of Corrections;
Inclosed, please find Exhibit "A" Grievance filed March 03,06, as yet to be responded to by the (C.D.O.C.).

Claimant/Applicant also states as fact that the Records Officer/Tech, Ms. Nicole Wilson has refused to make copies of Applicant's medical records, stating that the Claimant has no funds with which to <u>PURCHASE</u> said records in his Inmate Account.

Inclosed please find Exhibit "B" Respons/Memorandum from Ms. Nicole Wilson dated March 13, 2006.

Wherein, in response to said Memorandum/Response to Claimant's request for copies of his (C.D.O.C.) Medical records, Claimant request an ORDER of the United States District Court for the IMMEDIATE COPYING OF "ALL" MEDICAL RECORDS OF THE CLAIMANT AT STATES EXPENSE, to be copied forthwith and that further the (C.D.O.C.) provide the postage for the mailing of said complete set of medical records to

Wilson, Claimant/Applicant respectfully requests the issuance of an ORDER of the Honorable Court of the United States for the IMMEDIATE COPYING OF "ALL" MEDICAL RECORDS OF THE CLAIMANT, in the custody of the (C.D.O.C.) AT THE STATE"S EXPENSE, to be carried out FORTHWITH, and that further the (C.D.O.C.) provide the necessary postage for the mailing of said COMPLETE SET OF MEDICAL RECORDS, (inclusive of all x-rays, M.R.I.'s, E.K.G's, and any other tests performed), TO THE VETERAN'S HOSPITAL DEPARTMENT 119 $^C/_O$(Ms. Marie Jones) for further copying so that Claimant may retain a permanent copy of the records and for the forwarding of said additional copies to the District Court and the Special Master in this matter.

Applicant/Claimant herein further states that he is being denied adequate access to the Law Library to abide by and meet the Court imposed deadlines and those deadlines established by the Special Master, and states further, that he only receives APPROXIMATELY FOUR (4) HOURS per week of access to research and prepare his court filings, which such time limitations are in VIOLATION of the settlement agreement, Federal Standards, and establish barriers which are in violation of well established Federal District Court, Appellate Court, and Supreme Court decisions and case law. Records of the access to the Law Libraries of the (C.D.O.C.) are only accessable by means of Summons or Search Warrant issued by the Honorable Court.

Claimant/Applicant further states that his medical restrictions WERE REMOVED by the staff at the Sterling Correctional Facility UPON his ARRIVAL at the Facility, WITHOUT any form of medical evaluation and he has had to suffer the PAIN and EMOTIONAL DISTRESS of climbing stairs, assigned to an UPPER BUNK which he CANNOT access, and being WRITTEN-UP for failing to obey an order by a graveyard Sergeant to climb into the upper bunk, further he had his matteress taken from and was made to sleep on cold concrete flooring at the direct order of Captain Wildenstein of this facility.

Claimant/Applicant has been at the Sterling Correctional Facility since the date of March 02, 2006 and HAS YET TO BE MEDICALLY EVALUATED BY ANY COMPETENT DOCTOR employed by the (C.D.O.C.) since his arrival at the facility.

Applicant/Claimant would request of the Honorable Court, the issuance of an immediate Restraining Order against the (C.D.O.C.) from forcing the Claimant to reside on any upper tier assignment and from any upper tier assignments with a hearing being set to present an argument for the issuance of a permanent Restraining Order of the Court and the removal of the Claimant from the (C.D.O.C.) to prevent FURTHER RETALIATION against the Claimant/Applicant in this matter.

WHEREFORE, Claimant/Applicant prays this Honorable Court of the United States to ORDER the removal of the Claimant/Applicant from the custody of the (C.D.O.C.)

( 3 )

placing the Claimant/Applicant in the custody of the United States Bureau of Prisons OUTSIDE of the State of Colorado at any of the previously suggested Federal Facilities in Kansas, California, Arizona, or Texas. SECONDLY, to grant an extended EXTENSION of time for the Claimant/Applicant to obtain further copies of his medical records from OUTSIDE of the (C.D.O.C.) which he previousl had obtained and which the (C.D.O.C.) ILLEGALLY CONFISCIATED, TAMPERED WITH, and IN ALL LIKELYHOOD DESTROYED. THIRDLY, That the issues of criminal activity by the Colorado Department of Corrections and its employees be presented to the United States Attorney for the District of Colorado for prosecution before this Honorable Court of the United States.

Claimant/Applicant realizes that the additional actions of the (C.D.O.C.) are actionable in a separate Civil Action and Claimant/Applicant fully intends to pursue such actions. Claimant/Applicant is a lay-person and respectfully requests this Honorable Court, and the Special Master to LIBERALLY CONSTRUE this motion and provide the relief (INJUNCTIVE) that has been requestd at the earliets possible date or in the alternative, to set a Court date for the hearing of the allegations set forth above.

Posted this Twenty Second day of April, 2006. *sgd*

RESPECTFULLY SUBMITTED
George Charles, Knorr
Reg. # 45154
S.C.F.     Unit # 4-A
P.O. Box 6000
Sterling, Colorado   80751

### CERTIFICATE OF SERVICE

I George Charles, Knorr, Claimant/Applicant in the above Motion hereby CERTIFY that a true and correct copy of the foregoing Motion was placed in the United States postal receptacle at the Sterling Correctional Facility for mailing to the concerned parties listed below on this                  day of April, 2006.

Claimant/Appellant states that this Motion is timely filed under the provisions and dictates of HOUSTON v. LACK, 487 U.S. 266, 101 L.Ed.2d 1030, 108 S.Ct. 2379 (1988).
Pro se Prisoner's notice HELD FILED, for purposes of time limit under RULE 4(a)(1) of Federal Rules of Appellate Procedure, at moment of delivery to prison authorities for mailing to the court; And Colorado Appellate Rules, RULE 4(3)(e) Appeal by an inmate in an institution.
If an inmate in an institution files a notice of appeal in either a Civil or Criminal case, the notice of appeal is timely filed if it is deposited in the institution's mail system ON OR BEFORE THE LAST DAY FOR FILING. C.R.S. 2002, Vol. 12, page 1550.

( 4 )

ADDENDUM

Applicant/Claimant, George Charles, Knorr, hereby CERTIFIES that the actions of the (C.D.O.C.)'s Medical departments have attempted to kill the Claimant/Appellant on more than One (1) occasion, Dr. Patty Beecroft proscribed an excessive amount of diabetic medications and Applicant's blood sugar dropped well below the normal range of 80 - 120, often going as low as 30 or less causing the Claimant/Applicant to passout and having to be taken by wheel-chair to the medical clinic for resusitation to bring his blood-sugar to within the proper range.

These actions by the medical staffing of the (C.D.O.C.) is typical of all of the facility Medical Staffing throughout the State of Colorado, with the exception of at least One (1) Private Prison Unit, (C.C.C.F.) where the majority of the Medical staff is in fact diabetic and therefore, knowledgable of how to care for diabetics.

Evidence will prove beyond any shadow of a doubt, that what the Claimant/Applicant states is true and that such actions are the result of NEGLIGENCE, DELIBERATE INDIFFERENCE, AND INCOMPETENCE, by the staff of the medical units and the lack of caring for the hiring of quality personnel to treat the inmate/prisoners within the (C.D.O.C.).

Additional medical records of the Claimant/Applicant are also missing from his records. i.e.:

those from the following sources:

Denver County Jail
Denver City Jail
Adams County Jail
Jefferson County Jail
Weld County Jail
Pueblo County Jail

The actions of the personnel of the (C.D.O.C.), in taking Applicant/Claimant's records and other legal papers are criminal in there very nature and are typical of the entire mentality of the personnel employed by the (C.D.O.C.) today.

The very fact that One's medical limitations being disregarded upon the transfer from one facility to another shows the deliberate indifference upon the part of the Medical staffing and Health Service Administrators in every facility of the (C.D.O.C.).

The actions of Ms. Cathy Holst, in attempting to practice medicine WITHOUT benefit of any form of license is causing severe harm to those persons who now fall under her exclusive rule as to whether or not one receives any medical benefits through the medical departments. Ms. Holst should be removed from the position of A.I.C. and concentrate on her duties in the legal office of the (C.D.O.C.) as the cross-over responsibilities are a conflict of interest and violate the dictates of the constitutional requirement of EQUAL PROTECTION.

George Charles, Knorr