ORIGINAL

IN THE UNITED STATES DISTRICT COURT F
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870
Claim Number. 2-259

MACK W. THOMAS
Plaintiff

v.

BILL OWENS, et al.,
Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2006

GREGORY C. LANGHAM
CLERK

PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS CALLOUS MANIPULATION AND DELIBERATE VIOLATIONS OF THE MONTEZ SETTLEMENT AS APPLIED TO THE ACCOMMODATION RESOLUTION

Plaintiff pro se, hereby objects to the callous findings of Cathie Hoist AIG, and the unknown and unidentified Chief Medical Officer of Colorado Department of Corrections concerning the Disability status of Plaintiff.

On May 11, 2005 plaintiff received a letter and Accommodation Resolution (Attachment A) from Cathie Hoist. The Accommodation Resolution determined plaintiff had "NO ACCOMMODATIONS NECESSARY AT THIS TIME" this based on and limited to 'as associated to facilitate access to programs, services or benefits.

The limitations and wordings to facilitate access to programs, and "substantially limit your ability to perform a major life activity" effectively manipulates and eliminates the 'Letter of the Law' which the Montez Remedial Plan was developed and based to address.

Previously plaintiff has filed motions with this court giving a factual determination based on medical records demonstrating the current limits the effects of my diabetes has NOW placed on my current standings in this facility. Cathie Holst and the unknown DOC Doctor has ignored this history, or the effects regarding my incarceration.

Ms. Holst like this court has received copies of all motions filed, however Ms. Holst has received copies of all medical exams taken by plaintiff to confirm the limitations as a result of diabetes. Ms. Holst failed to address plaintiff's inability to set for any length of time which causes 'Numbness in hands and legs'; Continuous pain radiating in both legs standing or setting; Swelling in right leg standing or setting'; Extreme Pain in left hand center two fingers recently diagnose as Scolosis of the Tendons also affecting my right hand fingers; Leg Numbness has affected my walking by delaying signal to the brain causing my left leg(more dominent) to lose strength causing me to fall or attempt to fall when walking'; Right leg becomes numb when walking causing me to fall, or limp or to set down, symptoms goes away however re-appear due to seated position; Additionally I have fallen walking down the stairs twice as a result of my leg giving out! All of these symptoms have been verified with the medical department with tests at this facility. Coupled with my constent Dizzyness (taking AntiVert for this condition), and continued pain which I have not requested or been provided medication for, plaintiff had sought the Status of <u>Medically Unassigned</u>.

Dr. Frantz (my doctor at this facility) and other Doctors at this facility has repeatedly advised me only DOC can authorize Medically Unassign, or restrict my access to programs, by not being required to set in programs, or do manual work based on my current diabetic condition. Dr. Frantz determined with Dr. Brown (Oncologist at Denver Medical Health Center) after Biopsy and other test) plaintiff had "MONOCIONAL GAMMOPATHY OF UNDETERMINED SIGNIFICANCE(M protein found in the blood)"
and it was my diabetes which was causing/attacking my nerves causing my constent pain in legs, swelling and numbness in all my extremities. However Cathie Holst and an unknown Medical Officer for DOC made a bogus determination without seeing me and ignoring Medical Diagnoses, and test results of Experts.

Plaintiff filed for Accommodation Resolution in January 2006 and was told to remain on Unassigned status until Ms. Holst made a decision. Unassign status

2

punished this plaintiff by being placed in locked cell with another for 21 hours per day, loss of Earn Time Credits, unable to exercise except for yard in mornings for One Hour. This mis-treatment lasted until April 2006 when plaintiff filed a grievance after he learned of other inmates (white) under similiar circumstances who were not being punished for not being able to attend programs or work. However plaintiff has continued to be denied earn time credits pending determination of Cathie Holst.

Obviously with the well documented medical history of plaintiff while in CDOC there cannot be but one conclusion regarding Plaintiff's status of having a 'Qualifying Disability pursuant to the ADA/Rehabilitation Acts. Certainly Colorado Department of Corrections has manipulated, and intentionally disregarded the effects and intent of the Montez Remedial Plan by subjectively applying an unattainable standard in regards to 'Substantially limit your ability to perform a major life activity and to facilitate access to programs, services or benefits.'

Medical Staff at this facility determined they lack the authority to restrict, access within a program, however Colorado Department of Corrections has determined plaintiff do not qualify in order to facilitate access to programs, benefits or services. Effectively placing plaintiff in limbo forced to chose between continued loss of Earn Time Credits, (punishment) or attempt to attend a program, getting up to stretch swollen, painful legs, and the inability to write due to numbness of hands and dizzyness, causing plaintiff to remain or leave class unable to work with the results of a write up for refusal to work and punishment in the Punitive Segregation Unit and back to the Unassigned Unit.

Plaintiff has documented this abusive process of punishment at Sterling Correctional facility before this court previously without inquiry.

Colorado Department of Corrections has displayed an intentional, deliberate, and Callous determination of the Montez Remedial Plan as it applies towards this Plaintiff. A determination which effectively weakens and justify's

3

its Non Compliance with the Intentions of Montez' and the determinations of of this Court.

Plaintiff requests this Honorable Court issue its Order to Defendants to explain and verify their decision as applied to the documented medical history of plaintiff, and afford this plaintiff all previous restrictions granted, and the status of Medically Unassigned and plaintiff receive all learn time credits loss as a result of his inability to work.

WHEREFORE Plaintiff requests this Honorable Court review the facts of this case and grant the request of plaintiff and if neccessary issue its Order of Temporary Restraining Order' forbidding defendants from applying their bogus Accommodation Resolution' and to revisit plaintiff's case in the interest of justice and Judicial Finality.

Respectfully submitted

MACK W. THOMAS #54954
Sterling Correctional Facility
P.O. Box 6000   CH-3
Sterling Colorado 80751


CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above motion was placed in the U.S. Mail, postage pre paid at sterling Colorado and mailed to the following:

Office of the Attorney General
1525 Sherman Street   5th Floor
Denver Colorado 80751

# ACCOMMODATION RESOLUTION

| NAME | THOMAS, MACK | DOC # | 54954 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a physician & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC physician and Chief Medical Officer have determined that you have **diabetes** which is considered a covered disability pursuant to the Montez Remedial Plan. However, **diabetes** alone does not render you disabled pursuant to the Americans With Disability/Rehabilitation Acts as your present condition does not substantially limit your ability to perform a major life activity. At this time, you have no need of accommodations associated with your diabetic condition in order to facilitate access to programs, services or benefits.

Clinical Services shall manage all aspects of your clinical diabetic care as it relates to prescribing medication, finger sticks, diabetic diets, diabetic education, exercise, weight management, special clothing, assistive devices, etc., and all requests related to such care should be directed to Clinical Services. **The AIC is neither responsible for nor qualified to make decisions regarding your clinical care.**

When you do not receive clinically mandated treatment or services as prescribed by a DOC physician, related to your diabetic condition, you shall file an ADA grievance pursuant to AR 850-04. If your condition worsens and you feel you require accommodations to access programs, services and benefits, please complete and submit a new Request for Accommodation to the AIC.

**You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.**

Signature: Chief Medical Officer        Date: 4/19/06

Signature: AIC   Cathie Holst        Date: 4-20-06

Original – AIC
Copies:  1-Warden
7-Warden for distribution to the following:
1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA,
2 –Offender (laminated copies)
AIC will distribute 1-Department File, 1 – Chief Medical Officer

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719) 579-9580
Fax: (719) 226-4755
Web: www.doc.state.co.us



Bill Owens
Governor
Joe Ortiz
Executive Director

## MEMORANDUM

TO: Offender Mack Thomas, #54954
SCF

FROM: Cathie Holst, AIC

RE: Accommodation Resolution

---

You have been screened for a disability and our findings have been reduced to writing in an Accommodation Resolution. This has been signed by the AIC and the Chief Medical Officer (or designee) and represents the final determination of your disability status and any accommodations to which you may be entitled.

Enclosed with this memo are two copies of your Accommodation Resolution. These are **your** copies for which **you alone** are responsible. It will be necessary that you keep **one copy with you at all times so that you are able to document your need for any accommodations to which you are now entitled to any staff person requesting verification.** I suggest that you maintain the other copy in a safe place among your possessions. If either of these documents is in need of replacement due to loss, destruction, or wear and tear, there will be a $.25 (25 cents) charge for its replacement, payable to the Office of the AIC.

Any attempt to alter the contents of your Accommodation Resolution will result in COPD charges against you.

Should the contents of your Resolution need to be amended at a later date, you will be issued replacement documents at no charge.

Thank you for your cooperation.