IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

### DEFENDANTS' MOTION RE SIGN LANGUAGE INTERPRETER
### (DIRECTED TO THE HONORABLE JUDGE KANE)

Defendants, through the Colorado Attorney General, respectfully submit the following Motion regarding Sign Language Interpreter.

1. Offender Thomas Ayotte, #126891, was scheduled to testify on behalf of the Class during the Montez Compliance hearing on April 26, 2006. The Colorado Department of Corrections ("CDOC") arranged for Offender Ayotte to appear via video teleconference from the Fremont Correctional Facility.

2. When Offender Ayotte appeared at the scheduled time, he asked whether a sign language interpreter was present and claimed that he could not testify without a sign language interpreter. Neither Class Counsel nor Offender Ayotte had previously informed the CDOC that Offender Ayotte required a sign language interpreter. Because a sign language interpreter was not present, this Court ordered

1

that Offender Ayotte's testimony be rescheduled for a later date and that a sign language interpreter be made available.

3. Offender Ayotte is now rescheduled to testify on Thursday, June 1, 2006.

4. Offender Ayotte does not need a sign language interpreter in order to testify. He wears hearing aids and is able to hear and communicate effectively using his hearing aids. See Affidavit of Kathleen Baxter, ¶¶ 8, 10-20, attached as Exhibit A; Accommodation Resolution, attached as Exhibit A-4. CDOC doctors have evaluated Offender Ayotte to determine whether his hearing loss constitutes a disability. Following a disability evaluation, the CDOC informed Offender Ayotte that "[w]ith the use of your health care device [hearing aid], your hearing impairment does not substantially limit your ability to perform a major life activity; therefore your condition does not rise to the level of a disability pursuant to the ADA/Rehabilitation Acts." Exh. A-4.

5. CDOC doctors have concluded that Offender Ayotte "do[es] not require a sign language interpreter as [he is] able to effectively communicate through normal conversation." Exh. A-4.

6. Offender Ayotte regularly uses the Colorado Inmate Phone System ("CIPS"), the regular, non-hearing impairment phone system. See Exh. A, ¶¶ 11-14; Exh. A-1, A-2, A-3. For example, Offender Ayotte placed 21 completed phone calls using the regular phone system in October 2005. Id. He continues to use the regular phone system. Id., ¶ 14; Exh. A-1; Exh. A-3.

7. Kathleen Baxter, a Legal Assistant employed by the CDOC, has personally talked to Offender Ayotte on the telephone. See Exh. A, ¶¶ 8, 10. According to Ms. Baxter, "Offender Ayotte had no difficulty hearing me or communicating with me. He was able to hear and answer all of my questions. In fact, Offender Ayotte heard well enough to correct my mispronunciation of his last name." Exh. A, ¶ 8.

8. In addition, Ms. Baxter has listened to recordings of some of Offender Ayotte's telephone conversations. See Exh. A., ¶¶ 12-13. According to Ms. Baxter, Offender Ayotte was able to hear, understand, and communicate effectively using the regular phone system. See Exh. A., ¶ 13. "Nothing in the recording of Offender Ayotte's phone conversations suggests that he is unable to communicate using the regular phone system." Id.

9. Mr. Tom Mizel, Offender Ayotte's case manager, and Sgt. Kevin Erps, Offender Ayotte's work supervisor, informed Ms. Baxter that they have not had problems communicating with Offender Ayotte. See Exh. A, ¶ 15.

10. Offender Ayotte does not need a sign language interpreter in order to testify. It would indeed be odd if Offender Ayotte is physically able to talk to his family on a regular phone without any problems but is physically unable to testify in court without an interpreter. People who have had personal contact with Offender Ayotte (Kathleen Baxter, case manager Tom Mizel, work supervisor Sgt. Kevin Erps) report that he is able to communicate effectively in person and by phone.

11. Therefore, Defendants request that Offender Ayotte, if called to testify, do so without a sign language interpreter. In the event that Class Counsel insists that

Offender Ayotte be provided with a sign language interpreter, Defendants request that Class Counsel be ordered to pay for the sign language interpreter and be barred from seeking reimbursement from Defendants.

12.     The Attorney General's Office has conferred with Class Counsel. Class Counsel opposes this motion.

WHEREFORE, because Offender Ayotte is able to hear and communicate effectively, Defendants request that, if called to testify, Offender Ayotte testify without a sign language interpreter.

Defendants further request that, because there is no need for a sign language interpreter, Defendants not be required to pay for the services of a sign language interpreter if one is used during Offender Ayotte's testimony.

Respectfully submitted this 29th day of May, 2006.

JOHN W. SUTHERS
Attorney General

s/ Jess A. Dance
JESS A. DANCE*
Assistant Attorney General
Civil Litigation & Employment Law Section
Attorney for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  303-866-5165
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on May 29th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
greisen@kinggreisen.com
Counsel for the Class
King and Greisen, LLP
1670 York St.
Denver, CO 80206

*Courtesy Copy To:*

Cathie Holst

                  s/ Jess A. Dance