IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with
Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 02-386
Category II
Claimant: Craig Kidder, #112753
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

**DEFENDANTS' RESPONSE TO CLAIMANT'S APPEAL OF THE FINAL ORDER OF SPECIAL MASTER**
**(DIRECTED TO THE HONORABLE JUDGE KANE)**

---

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's Appeal of the Final Order of Special Master.

**STATEMENT OF THE CASE**

Claimant Craig Kidder filed an individual claim for damages as part of the Montez v. Owens class action. He claimed to have a mobility disability due to an injured knee. (See Final Order, p. 3-4, docketed at 1806, attached as Def. Exh. A-1). Kidder alleges that his "left knee is not 100% or even close" and that his knee

often swells up and aches. (Id., p. 4). Kidder admits that he is able to walk three or four laps of the track—almost one mile—and can climb stairs. (Id., p. 4-5). In addition, despite his knee problems, Kidder has been observed playing basketball on several occasions. (Id., p. 4).

Special Master Borchers issued a Final Order dismissing and denying Kidder's claim on March 20, 2006. The Special Master concluded that Kidder's condition does not constitute a mobility disability as defined by the Settlement Agreement (Remedial Plan). (See Final Order, p. 5).

> The Settlement Agreement specifically provides that a claimant must be in a wheelchair or have a lower extremity problem. That problem must affect substantially walking or climbing of stairs . . . The claim form, supplemental form, and attached documents do not indicate that Claimant meets the definition of mobility disabled. He can walk a mile and can climb stairs . . . Claimant's forms indicate that he does not meet the criteria for mobility disabled.

(Final Order, p. 5).

In addition, the Special Master found that Kidder "has not alleged any basis for a claim of discrimination. (See Final Order, p. 5). He only challenged the quality of medical care he received. (See id.). The Special Master concluded that Kidder's allegations were beyond the scope of this ADA/Rehabilitation Act case. "A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act . . . To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Masters." (Id.).

## STANDARD OF REVIEW

The Special Masters' award of damages "may be appealed on an abuse of discretion review to the Honorable Judge Kane." (Remedial Plan, § XXXII).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings.

In re Bueno, 248 B.R. 581, 582 (D. Colo. 2000) (Kane, J.) (citing United States v. Wright, 826 F.2d 938, 942 (10th Cir. 1987).

## ARGUMENT

## THE SPECIAL MASTER DID NOT ABUSE HIS DISCRETION.

The Special Master properly held that Kidder does not have a mobility disability as defined by the Settlement Agreement. The Settlement Agreement defines "mobility disability" as "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking; *e.g.*, an inmate who cannot walk 100 yards on a level surface or climb a flight of stairs without a pause." (Remedial Plan, § V(A)(1)). After noting that Kidder is physically able to walk a mile and climb stairs, the Special Master

3

properly concluded that Kidder does not meet the Settlement Agreement's definition of mobility disabled. (Final Order, p. 5).

Kidder argues that "your definition and my definition of disabled are quite different." (Kidder Objection, p. 2, docketed as 1961). The Special Master properly acknowledged that "[i]t is possible for a claimant to be disabled and be protected by the ADA, but not meet the criteria of the Settlement Agreement." (Final Order, p. 4). According to the Special Master, Kidder's "condition may fall under the broader protections of the ADA and he may bring a separate lawsuit to protect his rights. Unfortunately, he may not pursue this claim as he does not meet the definition for mobility impaired." (Id.). In concluding that Kidder does not have a mobility disability covered by this case, the Special Master properly applied the facts, including Kidder's own written statements and submitted documents, to the narrow definition contained in the Settlement Agreement. There was no abuse of discretion.

In addition, the Special Master concluded that "[e]ven if Claimant were part of the class, he has not alleged any basis for a claim of discrimination. Claimant is concerned about the medical [care] that he has received. It is clear that Claimant has received medical care." (Final Order, p. 5). The Special Master properly held that claims regarding the quality of an inmate's medical care are beyond the scope of the Remedial Plan, ADA, and Rehabilitation Act. Id.; Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1143 (10th Cir. 2005). "Unless they meet the criteria established in paragraph #[2], individual Eighth Amendment medical

4

malpractice claims are not contemplated by the Remedial Plan." (November 23, 2004 Order, ¶ 5).  For these reasons, the Special Master properly denied Kidder's claim.

The Special Master's decision was not arbitrary, capricious, or whimsical.  Nor can it be said that the judgment was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will towards Kidder.  Indeed, the Final Order shows that the Special Master specifically considered and addressed the arguments raised by Kidder.  The Special Master did not abuse his discretion in denying Kidder's claim.

## CONCLUSION

The Final Order should be affirmed because the Special Master did not abuse his discretion.

Respectfully submitted this 7th day of June, 2006.

JOHN W. SUTHERS
Attorney General


s/ Jess A. Dance
JESS A. DANCE*
Assistant Attorney General
Civil Litigation & Employment Law
  Section
Attorney for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  303-866-5165
*Counsel of Record

5

**CERTIFICATE OF SERVICE**

I certify that on June 7th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Honorable Richard M. Borchers
dborchers@legalres.com

I further certify that I have mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, this 7th day of June, 2006, addressed as follows:

Craig Kidder, #112753
SCF
P.O. Box 6000
Sterling, CO 80751

*Courtesy Copy To:*

Cathie Holst

s/ Jess A. Dance