UNITED STATES DISTRICT COURT
        CLERK OF THE COURT
HON. JOHN M. KANE, Jr.
ALFRED A. ARRAJ   U.S. COURTHOUSE
901 19th Street
Denver, Colorado   80924

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 0 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 92-N-870 (OES)(Consolidated for all purposes with
Civil Action No. 96-N-343)

JESSE MONTEZ, etal.
Plaintiff,

Vs.

BILL OWENS, et al.
Defendants.

## RECONSIDERATION FOR COURT APPOINTED COUNSEL

Claim No: 03-215
Category III
Calimant:  Gordon R. Reuell, II,  #80544
Address of Claimant:  C.T.C.F. P.O.Box 1010, Canon City, Co. 81215-1010

COMES NOW, **GORDON RAYMOND REUELL, II**, Petitioner, hereinafter known as CLAIMANT; Indigent, Pro-Se.  Claimant requesting that the Honorable Judge John M. Kane and or Honorable Judge Edward W. Notingham to "GRANT and ISSUE their Order to appoint Raymond P. Moore of the Federal Public Defender's Office or private counsel. Claimant is requesting this Hon. Court to reconsider the Special Masters [Richard M. Borchers] Order dated of 05 April 2006. Claimant asserts that there are meritorious and arguable grounds as follows:

1. Claimant asserts according to the Honorable Richard M. Borchers' Order of 11th April 2006 stating that Claimant is entitled to counsel to prpresent Claimant for the Hearing of 30 June 2006.   Exhibit A.

2. Claimant filed an "Ex Pate Application pursuant to §3006A (3)(B)(b)(4)(D)(i)(v)(vi).  (vi)(any other interest that justice may require, ... .

3. Claimant asserts due to the closures of the C.T.C.F. Law Library and staff shortages and the taken legal books and legal paperwork by Sgt. M. Storm and Lt. Sandoval on approx. 21 February 2006.  The issues pending for the hearing of 30 30 June 2006; the delay of the filing of this petition is out of Claimant's control, thus, Excusable Neglect is present. see: **PEOPLE V. FULTZ** 761 P.2d 242 (Colo. 1988). see Appendix 1.

4. Claimant asserts according to Special Masters, Hon. Richard M. Borchers' Order of 31 March 2006;   "Upon review of this claim, the Special Masters has determined that it should be placed into category III."  "There are several unanswered issues that require a hearing."   Exhibit C.

5. Claimant asserts his entitlement of counsel according to **BOUNDS V. SMITH**, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); **JOHNSON V. AVERY**, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718 (1969); **WOLFF V. McDONNELL**, 418 U.S. 539, 577-580, 94 S.Ct. 2963, 2985-2988, 41 L.Ed.2d 935 (1974); **ROSS V. MOFFITT**, 417 U.S., at 616, 94 S.Ct., at 2447.  See APPENDIX 2.  And also see: **U.S. V. BOWE**, 698 F.2d 1560 (C.A.2 (N.Y)

1985); **DE LA FE V. U.S.**, 413 F.2d 543 (C.A.5 (Fla.) 1969).


## APPENDIX 1

**PEOPLE V. FULTZ** 761 P.2d 242 (Colo. 1988):

"Excusable neglect is present if the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty. **FRAMERS INSURANCE GROUP V. DISTRICT COURT**, 507 P.2d 865, 181 Colo. 85 (1973). If there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as a result of some unavoidable hinderance of occurrence, excusable neglect exists. **PLAISTED V. COLORADO SPRINGS SCHOOL DISTRICT NO. 11**, 702 P.2d 761 (Colo. App. 1985).


## APPENDIX 2

**BOUNDS V. SMITH**, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977);

"A.  It is now established beyond doubt that prisoners have a CONSTITUTIONAL RIGHT of access to the courts.

More recent decisions have struck down restrictions and required remedial measures to insure that inmate access to the courts is adequate, effective, and meaningful. Similarly, counsel must be appointed [430 U.S. 823] to give indigent inmates a meaningful ... .

Essentially the same standards of access were applied in **JOHNSON V. AVERY**, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). **JOHNSON**, was unanimously extended to cover

assistance in **CIVIL RIGHTS ACTIONS** IN **WOLFF V. McDONNELL**, 418 U.S. 539, 577-580, 94 S.Ct. 2963, 2985-2988, 41 L.Ed.2d 935 (1974). ... the Court reaffirmed that ... must "asure the digent ... an adequate opportunity to present his claims fairly." **ROSS V. MOFFITT**, 417 U.S., at 616, 94 S.Ct., at 2447. "**(M)**eaningful access" to the courts is the touchstone. See <u>id</u>., at 611, 612, 615, 94 S.Ct., at 2444-2446. (FN9).

But the cost of protecting a constitutional right cannot justify its total denial.

Most importantly, of course, a lawyer must know what the law is in order to determine whether a colorable claim exists, and if so, what facts are necessary to state a cause of action.

... held that the right of prisoners to "an adequate opportunity to present (their) claims fairly." 417 U.S., at 616, 94 S.Ct., at 2446 ... .

As this Court has "constantly emphasized," ... and **CIVIL RIGHTS ACTIONS ARE OF "fundamental importance ... in our constitutional scheme" because they directly protect our most valued rights.** **JOHNSON V. AVERY**, 393 U.S., at 485, 89 S.Ct., at 748; **WOLFF V. McDONNELL**, 418 U.s., at 579, 94 S. Ct., at 1986. ... the prisoner petitions here are the first line of defense against constitutional violatioins. The need for new legal research or advice to make a meaningful intitial presentation to a ... court in such a case is far greater that is required to file an adequate petition ... .

WE hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. (FN17).

**U.S. V. BOWE**, 698 F.2d 1560 (C.A.2 (N.Y.) 1985):

  Finally, we note that prior to and during her testimony Gloria Jones requested that counsel be appointed for her to render advice concerning her fifth amendment privilege.  Judge Bramwell apparently that under the criminal Justice Act, 18 U.S.C.A. § 3006A (West Supp. 1982) he was precluded from appointing counsel for a person other than a defendant in a criminal proceeding.

  We do not believe, however, that the Criminal Justice Act repeals or displaces a court's "inherent authority to do those things reasonably necessary for the administration of justice in the exercise of [it's] jurisdiction," cf. **KOVARIK V. COUNTY OF BANNER**, 224 N.W.2d 761, 763, 192 Neb. 816 (1975), including the power to appoint counsel to represent indigents.  See generally **UNITED STATES V. DILLION**, 346 F.2d 633, 636-38 (9th Cir. 1965), cert denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966)(tracing age-old professional obligation on bar to represent indigents without compensation).  The criminal Justice Act simply supplements this inherent power by providing for the compensation of counsel for what had previously been gratuitous service.

  Moreover, it is at least arguable that the Criminal Justice Act applies here.  While the appointing of counsel for Jones at this stage does not appear mandated by the Sixth Amendment or by federal law, but cf. **IN re DIBELLA**, 518 F.2d 955, 958-59 (2nd Cir. 1975) the 1970 amendments to the Criminal Justice Act, Pub.L. 91-447, 84 Stat. 916 (amend 1970), expanded coverage of the Act "to include those

instances where judicial decisions or Federal Statutes may require the appointment of counsel ... ." S.Rep.No. 9p-790, 91st. Cong. 2d Sess. 5 (1970); see also VII Guide to Judiciary Policies and Procedures § 2.01 (A)(4)(Administrative office of the United States Courts Transmittal 4, December 24, 1978).  This language suggests that judicial appointment of counsel may carry with it application of the Criminal Justice Act.  The Act itself states compensation is available to an indigent "for whom the Sixth Amendment to the Constitution requires the appointment of counsel, or for whom, in case in which he faces loss of liberty, any Federal law requires the appointment of counsel."  18 U.S.C.A. § 3006A (a)(4).  Thus, it is possible, although unclear, that the Act would apply here before Jones testifies,

on the theory that id she refused to answer questions on the basis of improper fifth amendment *567.  considerations she would be risking contempt proceedings and loss of liberty.

CASE WAS REMANDED TO THE DISTRICT COURT.

**DE LA FE V. U.S.**, 413 F.2d 543 (C.A.5 (Fla.) 1969):

Burden of furnishing an attorney only attaches upon representation by individual that he is indigent and that he wishes an attorney.

**F.N. FROM BOUNDS V. SMITH, supra:**

F.N.9:          The same standards were applied in **UNITED STATES V. MacCOLLOM**, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

F.N.17:          Since our main concern here is "protecting the ability of an inmate to prepare a petition or complaint," **WOLFF V. McDONNELL**, 418 U.S., at 576, 94 S.Ct., at 2984, it is irrelevant that North Carolina authorizes the expenditure of funds for appointment of counsel in some state post-conviction proceedings for prisoners whose claims survive initial review by the courts.  See N.C.Gen.Stat.§7A-451 (Supp. 1975); Brief for Petitioners 3 n.1, 12 n.8, 14 n.9, and accompanying text; but cf. **ROSS V. MOFFITT**, 417 U.S. 600, 614, 94 S.Ct. 2437, 2445, 41 L.Ed.2d 341 (1974). Moreover, this statute does not cover appointment of counsel in federal habeas corpus or state or federal civil rights actions, all of which are encompassed by the right of access.

Similarily, the State's creation of an advisory Inmate Grievance Commission, see N.C.Gen.Stat.§ 148-101 et seq. (Supp. 1975); Brief for Petitioners 14, while certainly a noteworthy innovation, does not answer the constitutional requirement for legal assistance to prisoners.

Respectfully Submitted,

GORDON R. REUELL, II, Petitioner

CERTIFICATE OF SERVICE BY MAILING

I, GORDON R. REUELL, II, hereby certify that on the 10 day of June, 2006, I placed a true and corrtect copy of the forgoing "RECONSIDERATION FOR COURT APPOINTED COUNSEL" in the U.S. Mail; Postage prepaid, addressed to the following parties:

UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF COLORADO
CLERK OF THE COURT
ALFRED A. ARRAJ-U.S.COURTHOUSE
901 19th Street
Denver, Co.   80924

COLORADO ATTORNEY GENERAL OFFICE
JOHN W. SUTHERS
J. Aaron Atkinson
Attorney
Corrections Unit
Civil Litigation and Employment Law Section
1525 Sherman Street,   5th Floor
Denver, Colorado   80203

GORDON R. REUELL, II
CLAIMANT # 03-215

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N–343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 03-215
Category III
Claimant: Gordon R. Reuell II, #80544
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

### SETTING OF HEARING DATE: June 30, 2006 at 8:00 a.m.
### CTCF, Canon City, Colorado

---

      THIS MATTER comes before the Special Master on his own motion. This claim has been assigned to Category III. The settlement agreement provides for hearings on all claims assigned to Category III.

      The settlement agreement approved by Judge Nottingham on August 27, 2003 provides, in part, as follows:

      Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before a special master. Class members (or their representatives) with damages under categories 3, 4 & 5 shall be entitled to a hearing before a Special Master. Generally, these hearings should be no more than two hours in length. However, the Special Master may extend the time for the hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law.

After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

The settlement agreement will control hearings held in this case. As noted, each hearing "should be no more than two hours in length."

The hearing to be held in this case will be informal. Claimant will proceed first. Claimant may testify and may present witnesses. Counsel for Defendants may cross-examine all witnesses, including Claimant. Additional documents may be submitted by Claimant for consideration by the Special Master. Once Claimant has completed his case, then Defendants will be given the opportunity to present witnesses and exhibits. Claimant is entitled to cross-examine all witnesses called to testify by Defendants. Upon the conclusion of presentation of all exhibits and testimony, the case will be taken under advisement. The settlement agreement provides that "the Special Master shall issue a written determination as to the damages awarded to each claimant." Neither side should expect a ruling from the Special Master at the conclusion of the hearing, as such a ruling would violate the settlement agreement.

The Special Master will require that the medical records of Claimant be available for the hearing. In addition, Claimant and counsel for Defendants shall advise the Special Master *in writing* on or before May 30, 2006 as to the names of witnesses to be called. A brief synopsis of anticipated testimony will also be required to be submitted at the same time. Each side may file a written objection to an endorsed witness, and the Special Master will resolve the objection prior to the hearing. Any witness who is not located within this specific Colorado Department of Corrections' (DOC) facility will testify by telephone. It will be the responsibility of the party wanting testimony by telephone to provide a number at which the individual may be reached.

Claimant and counsel for Defendants may submit a pre-hearing brief for consideration by the Special Master. There is no requirement that such a brief be filed, and no party will be penalized for not filing a brief.

Claimant should have received previously a copy of the order of November 23, 2004 signed by Judges Nottingham and Kane. That order should be reviewed in detail. Judges Nottingham and Kane held, in part, as follows:

2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
1. Is the claimant a disabled individual who is a member of the class?
2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

2

4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

3. All claims are to be evaluated based solely upon the criteria in paragraph #1. The claims are limited to those that encompass a disability within the meaning of the Rehabilitation Act, provided, however, that a claimant need not prove intentional discrimination, an issue which was resolved by execution of the Remedial Plan....

The order of Judges Nottingham and Kane is controlling and sets forth what must be proven by any claimant. Please note that the Order of November 23, 2004 refers to "paragraph #1" in Paragraphs #3 and #5. It is apparent that this is a typographical error, as the criteria is listed in Paragraph #2.

IT IS HEREBY ORDERED that this claim will be set for hearing at **8:00 a.m. on June 30, 2006** at the Fort Lyon Correctional Facility, Fort Lyon, Colorado in an appropriate room to be provided by that facility; and

IT IS FURTHER ORDERED that Claimant and counsel for Defendants shall provide to the Special Master on or before **May 30, 2006** a written list of the witnesses to be called at the hearing (including a brief statement as to anticipated testimony), with a copy being provided to either counsel or Claimant; and

IT IS FURTHER ORDERED that any objection to the testimony of a witness shall be filed within seven days of receipt of the witness list that includes that witness; and

IT IS FURTHER ORDERED that the medical records of Claimant shall be available at the hearing for review by the Special Master; and

IT IS FURTHER ORDERED that Claimant or counsel for Defendants shall file within twenty days a written motion with the Special Master if there is a need for more time than the one hour per side allocated by the settlement agreement, and good cause must be set forth as to why the time should be extended beyond the one hour.

SIGNED this _11_ day of April, 2006.

BY THE COURT:

Richard M. Borchers
Special Master

3

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 11 day of April, 2006 to the following:

Mr. Gordon Reuell
#80544
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Ms. Brooke Meyer
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N–343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 03-215 (formerly 02-236)
Category III
Claimant: Gorden R. Reuell II, #80544
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on his own motion. The Special Master has continued to review all claims that have been filed. Upon review of this claim, the Special Master has determined that it should be placed into Category III. There are several unanswered issues that require a hearing.

IT IS HEREBY ORDERED that this claim is transferred to Category III; and

IT IS FURTHER ORDERED that a hearing is to be set for this claim.

SIGNED this _31_ day of March, 2006.

BY THE COURT:

_____
Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 3/ day of March, 2006 to the following:

Mr. Gordon R. Reuell II
#80544
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. James X. Quinn
Mr. Jess A. Dance
Mr. Aaron Atkinson
Ms. Brooke Meyer
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

_____

JUDGE RICHARD M. BROTHERS
**SPECIAL MASTERS**

ATT:   CLASS ACTION

LEGAL RESOLUTION CENTER
7907 ZENOBIA STREET
WESTMINSTER, COLORADO, 80030

CLAIM NUMBER:   03-215 (formerly 02-236)
CATEGORY:       III
CLAIMANT:       GORDON R. REUELL, II, Reg. # 80544
ADDRESS:        C.T.C.F.      CH  7
                P.O. BOX 1010
                CANON CITY, COLORADO, 81215-1010

**EX PARTE APPLICATION, PURSUANT TO § 3006A, Title 18**
CLAIMANTS PETITION FOR
CONFLICT FREE COURT APPOINTED COUNSEL

Comes now, <u>GORDON R. REUELL, II</u>, PETITIONER, hereafter
known as <u>CLAIMANT,</u> Indigent, PRO SE. Claimant is requesting
this SPECIAL MASTERS to "grant" appointing the "Federal Public
Defender's Office, RAYMOND P. MOORE, Attorney, to claimant's
Case.  Claimant has arguable merits.  Arguable issues as follows:

1.    Claimant asserts according to <u>U.S.  VS.  LITTLE</u>,52 F.3d
         <u>(         ):</u>

2.    Claimant asserts on the limited Statutory right to counsel
      is teniously premised on an interpretation of the Statutes
      creating and governing the office of the Federal Public
      Defender and requiring that office to prosecute....which
      have arguable merit, <u>PEOPLE  VS. HICKEY, 914 P. 2d 377,
      (Colo.App. 1995)</u>Emphasis added.    see §3006A (2)(B).

3.    Claimant cannot make the court ordered deadline of the 17th
      day of April, 2006, for claimants response to Defendant's
      RESPONSE to Reuell's Claims--- Claimant is requesting a
      "stay" on claimant's response until the hearing is Judicated
      on the issues in the Judicial Notice filed approximately
      27 March, 2006.

4.    Claimant asserts due to the closures of the C.T.C.F. Law
      Library and Staff shortages and the issues pending for
      hearing, the delay is out of Claimant's CONTROL, thus
      Excusable Neglect is present, <u>PEOPLE V. FULTZ  ~~769~~ P. 2d
      242, (1988).</u>                                      '761

CLAIMANT prays that Honorable Special Masters "Grants" Claimant's Petition

Mailed and Submitted on 29th of April,2006.

GORDON R. REUELL, II
# 80544        CH    7
C.T.C.F.    P.O. BOX 1010
CANON CITY, COLORADO
              81215=1010

- 2 -

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within CLAIMANTS PETITION for Conflict-free court Appointed Counsel, upon all parties by depositing copie of same in the UNITED STATES mail, Postage Prepaid, at the C.T.C.F. mail facility, in Canon City, Colorado, 81215-1010, dated this _28th_ DAY of _April_, 2006.

GORDON R. REUELL, II
80544        CH  3
C.T.C.F.   P.O. BOX 1010
CANON CITY, COLORADO
                81215-1010

CC:
ATTORNEY GENERAL'a OFFICE
J. Aaron Atkinson, counsel of record
Corrections Unit
Civil Litigation and Employment Law section
1525  Sherman Street, 5th Floor
Denver, Colorado
Attorney for Defendants

- 3 -

*Claimant #03-215*

JUDGE RICHARD M. BROCHERS

SPECIAL MASTER
ATTN: CLASS ACTION
LEGAL RESOLUATION CENTER
7907 ZENOBIA STREET
WESTMINSTER, CO.   80030

Claim No:  02-236
Category II
Claminant: Gordon Raymond Reuell, II, D.O.C. REG. No: 80544
Address of Claimant: C.T.C.F., P.O.Box 1010, Canon City, Co.   81215-1010

---

## JUDICIAL NOTICE:

### RETALUATION / REBILLION BY LT. SANDOVAL AND SGT. STORM BY TAKING CLAIMANTS' MEDICAL SINGLE CELL, AND LEGAL BOOKS, RESEARCH PAPERWORK:
### CLAIMANT WILL NOT BE ABLE TO RESPOND TO "DEFENDANTS' RESPONSE TO REUELL'S CLAIM"

---

On appriximately 21 February 2006, was ordered to move from a medical single cell in cellhouse 7 to a double cell in cellhouse 3; with a person that is and was at mental health facility San Carlos. Note:[had that medical single cell for approximately seven years without any problems]. I am in a wheelchair for approximately seven years and on oxygn at night for last sixteen years.

CLAIMANTS' INJURY:

1.     "On approximately 25 February 2006, Sgt. Storm [cc. Lt. Sandoval] ordered claimant to fill out attached money order and shipping blank form to ship the items [claimant's legal books and research paperwork] on the shake down slip [not ledgeable]. This was on a notice from Sgt. Storm dated on approximately on 25 February 2006. Next, telling that property needs to be sent to Sgt Meigs in property so he can ship the items for you. The items physically are in cellhouse 7 until Sgt. Meigs call for them. **This must be done within 10 days or items will be donated or destroyed."** The Claimant did not recieve this notice until Saturday the 11th of March 2006 at the lower control center at cellhouse 3.

2.'     **This Claimant is in fear of his life in cellhouse 3 becaus: the moving Sgt. [Sgt. Taylor] has rebylled and retalua/ted by moving me from cell B1R1 to cell B117 with a person that has exterme mental issues and the crime he committed and the time that he has to serve; A BIG PROBLEM!**

GO TO PARAGRAPH NO: 5.

**Claimant's Relief:**

1. Monetary and Punitive Damage[s] of the amount of $ 150.00 per day until legal books, research paperwork, and personnel items; [family pioctures not replaceable] are return to this Claimant.

2. Claimant request an restraining order against Lt. Sandoval and Sgt. Storm not to be within a distance of this Claimant of one (1) mile [5,280] feet.

3. Claimant also requesting Court Order for Sgt. Storm to pay for prior legal research paperwork that she ordered to be shipped out. Approximately two (2) legal boxes of ongoing criminal case.
   Approximately in the amount of $ 25.00 dollars for postage. Sgt. Storm has cause this Claimant to be denied in Federal District Court and the Supreme Court of the United States on a review of the order from the United States District Court denying Claimant's Habeas Corpus. Also a Petition to the Supreme Court of the United States for an REHEARING Petition.

   Also an Court Order for an VARIANCE from the [AR-850-06; Offender propery] in the Ar-850-06 states: "Offenders shall not be permitted to maintain more than 3 cubic feet in state and personal property accumulation in his/her cell. See AR-850-06 D1.
   D.1(a)(b) states:
   1. Correctional Facilities:
   a. Canteen: Space is provided for an offender commissary or canteen or provisions are made for a commissary service. [4-166] Offenders will be allowed to purchase canteen items within the facility allowable limits.

   b. The Canteen will be the sole source for all personal perporty items with the EXCEPTION OF BOOKS, MAGAZINES, LEGAL PAPERS, HOBBY CRAFT ITEMS, HEALTH CARE ITEMS, AND FAITH ITEMS AS OUTLINED IN AR-800-01. ... .

   E.3. states:

E. Facility Transfer:
   3. All authorized offender property [both state and personal] must fit within a 3 cubic foot DOC issued duffle bag. In addition the following will be allowed:

   a. A 2.0 cubic foot box for legal papers which is available for

2 of 4

sale through the DOC Canteen.  In the interest of effective property management and FIRE SAFETY CONCERNS, FACILITIES SHALL LIMIT THE AMOUNT OF PERSONAL LEGAL PAPERS THAT AN OFFENDER MAY MAINTAIN IN HIS?HER POSSESSION TO A MAXIMUM OF TWO CUBIC FEET. IT IS THE OFFENDER"S RESPONSIBILITY TO DETERMINE WHAT LEGAL PAPERS HE?SHE WILL RETAIN TO COMPLY WITH THIS RESTRICTION. Excess legal material shall not be stored by any facility, nor shall other property be stored in this box.

**E.4. states:**

All state issued property shall take precedence in packing.  Any property which does not fit into the storage limitations listed above will be deemed contraband and sent out at the offender's expenss, or disposed of with a record maintained of the disposition.

**JUDICIAL NOTICE:**  **There is an conflict with AR-850-06 D.1.a,b. with E.3.a.b.  In D section there is an exception to Books,magazines, legal papers, hobby craft items, health care items, and faith items, ... .**

4.   Claimant requests an Court Order for an variance for amount of legal research paper-work and legal books Claimant is allowed to have in his cell/ possession.  And a variance for legal boxes for on-going cases and court paper-work.  Two boxes are not enough for all legal litigation; needs to be on going basis.  The limit is one 2 cu.ft. cardboard box that gets destroyed during every day useage.  **Rubbermaid sells an plastic 2 cu.ft. legal box.**

5.   **Claimant** request Court Ordered for restraining order against Sgt. Taylor.  He has threaten Claimant to be put in the hole for no reason; no C.O.P.D. VIOLATIONS!  He has been transfered from everywhere he has been asigned.
My room-mate ROSS; blow uo during count time; About my wheel-chair and my medical equipment in the cell; not enough room!
I was moved from B1R1 to B1L7 pod.  Told shift commander that Sgt. Taylor would not even have the courtesy to talk with me about the move because I have problems in that pod B1L7 pod. Problems with inmates!

The shift commander called cellhouse 3; Taylor would talk with me after the shift commander called.  Told him that I have security issues in B1L pod with some of the inmates that are housed there.  His response was you are going to move or you

can go to the hole!  I moved!

To go back to the bow-up with Ross; During the blow-up he complained that he could not use the toliet; He asked Taylor if he could/should just PEE on this Claimant; Taylor response was **"YES"**!  Then Taylor told me that I was an **8 year-old girl! that is trying to manipulate the system." "He told me that would never leave this cellhouse [3]."**!

    This Claimant prays that this Honorable Judge Richard M. Brochers **"GRANTS"** this Claimant requests.  Claimant prays this Honorable Judge will GRANTS this Extension for 30 day extension.

Gordon R. Reuell, II

## CERTIFICATE OF SERVICE BY MAILING

**This** is certify that I have duly served the Claimant's Judicial Notice upon all parties herein by depositing copies of the same in the U.S. Mail, postage prepaid, at C.T.C.F. Mail System, this _27th_ day of March, 2006.

addressed as follows:

1.   Judge Richard M. Brochers
     special master
     ATTN:  CLASS ACTION
     LEGAL RESOLUATION CENTER
     7907 Zenobia Street
     Westminster, Co.   80030

2.   King & Greison, LLP      ATTN:  Paula Greison
     1670 York Street
     Denver, Co.   80206

3.   Colorado Attorney General Office
     ATTN:  J. AARON ATKINSON*
     Attorney
     Corrections Unit
     Civil Litigation and Employment Law Section
     1525 Sherman Street,   5th Floor
     Denver, Co.   80203
     Attorney for the Defendants
     *Counsel of Record

Gordon Raymond Reuell, II
C.T.C.F.  # 80544
P.O. Box  1010
Canon City, Co.   81215-1010

_____
Claimant

**APPLICATION FOR PUBLIC DEFENDER, COURT-APPOINTED COUNSEL, OR GUARDIAN AD LITEM**

Pursuant to §21-1-103(3), C.R.S., a processing fee of $25.00 may be collected by the court upon final disposition of this case.

Case number: 03-215   Court Room: MONTEZ ACTION   District: SPECIAL MATERS

Most serious charge: N/A   Next hearing date/Type: 30 June 2006

All sections must be completed. Print neatly. If an item does not apply, write N/A.

| Applicant | Applicant's Employer |
|---|---|
| Name GORDON RAYMOND REUELL, II | Company N/A |
| Mailing Address C.T.C.F. | Mailing Address |
| Street Address (if different) P.O. Box 1010 | Street Address (if different) |
| City, State, Zip Canon City, Co. 81215-1010 | City, State, Zip |
| Phone number N/A | Phone Number ___ Position ___ |
| Soc. Sec. No. 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  Birthdate 6-17-'52 | Length of Employment ___ Hours/Week ___ |
| Driver's License No. N/A   State | Pay Dates: ___ Pay Rate: $ ___ |

| Other Household Members (Spouse, Parent, etc.) | Other Household Member's Employer |
|---|---|
| Name N/A | Company N/A |
| Relation to Applicant | Mailing Address |
| Mailing Address | Street Address (if different) |
| Street Address (if different) | City, State, Zip |
| City, State, Zip | Phone Number ___ Position ___ |
| Phone number | Length of Employment ___ Hours/Week ___ |
| Soc. Sec. No. ___ Birthdate ___ | Pay Dates: ___ Pay Rate: $ ___ |
| Driver's License No. ___ State | |

Marital Status: ☒Single ☐Married ☐Separated ☐Divorced   Total Number of Dependents (including yourself): ONE

| Gross Monthly Income | Amount $0.00 | Monthly Expenses | Amount $0.00 |
|---|---|---|---|
| Self | $ | Rent/Mortgage | $ |
| Spouse/Other Household Members | | Groceries | |
| Parents (if same household) | | Utilities | |
| Unemployment | | Clothing | |
| Social Security/Retirement Funds | | Alimony/Maintenance and/or Child Support | |
| Food Stamps/Public Assistance | | Medical Expenses | |
| Alimony/Maintenance and/or Child Support | | Credit/Other Loans | |
| Other Income | | Local/State/Federal Taxes | |
| | | Other Court-Ordered Expenses | |
| **Total Household Income** | $ $0.00 | **Total Expenses** | $ $0.00 |

| Assets | Amount $0.00 | Description N/A | |
|---|---|---|---|
| Savings Account Balance | $ | Name of Bank: | |
| Checking Account Balance | | Name of Bank: | |
| Value of Vehicles | | Year and Model: N/A | |
| Value of Recreation Vehicles | | Amount Owed: $ | |
| Value of House | | Type: | |
| Value of Other Property | | Type: | |
| Value of Stocks, Bonds, Mutual Funds | | Type: | |
| Value of Other Investments | | Year and Model: | |
| **Total Assets** | $ $0.00 | **Convertible to Cash = $ $0.00** | |

**References:**

1. Name/Address/Phone Carol A. Anderson 23 Mountain Shadows Court. Castle Rock, Co.
2. Name/Address/Phone                                                              80104

**Guidelines:**

☐At or below **or** ☐Above **or**

☐Automatically eligible for PD/GAL/RPC  (☐In custody &/or bond allowed ☐Out on bond ) **or**

☐Refer to scoring instrument (Criminal, Misdemeanor, Traffic, Juvenile Delinquency cases )

Signature of investigator/clerk/PD: ___   Date: ___

I swear under penalty of perjury that the above-contained information is true and complete.  I also understand that if the court grants this request, I may later be ordered to reimburse the State of Colorado for attorney fees spent on my behalf.

Client Signature *Gordon P. Reuell, II*   Date: 6-9-06

Signature of judicial officer: ___   Date: ___

**Request:** ☐granted **or** ☐denied