IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number X-169
Category: Untimely Filed Claim
Claimant: Richard Mascarenas, Jr., #67712
Address of Claimant: BVMC, P.O. Box 2005, Buena Vista, CO 81211-2005

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the claim of Richard Mascarenas, Jr. This claim was signed on April 5, 2006 and received on April 10, 2006. Since it appeared that the claim was being filed late, a show cause order was issued to Claimant to allow him to indicate why he had not filed his claim earlier. Despite being granted up to and including June 12, 2006 in which to respond to the show cause order, Claimant has filed nothing.

      The settlement agreement was approved by Judge Nottingham on August 27, 2003. The settlement agreement provides, in part, in Paragraph XXXII as follows:

> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claim Forms. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claim for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a damage claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.

The claim forms and instructions sheets were prepared by the Special Masters and provided to DOC

inmates and former inmates on March 23, 2004. Copies of the forms and instructions were provided to DOC officials at the same time. Distribution began at that time by DOC officials to inmates and to libraries in DOC facilities. The ninety-day period for filing of claims began at that time. Over two years have elapsed since the forms and instruction sheets were distributed to DOC inmates and/or made available to all potential claimants. In addition, the Special Master issued General Informational Order #2 which required an explanation to be provided for any claim filed after April 14, 2005. Claimant has not provided any statement or explanation of why this claim should be considered.

In addition, Claimant has set forth on his claim form that he came into DOC custody in March, 2005. The Remedial Plan established the class as of August 27, 2003. A claimant had to have been in custody on or before that date and been the subject of discrimination prohibited by the ADA and Rehabilitation Act. Claimant is not part of the class, since he was not disabled and in the custody of DOC on or before after August 27, 2003.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 11, 2006.**

SIGNED this 21st day of June, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master