# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action, File No.   92-N-870 (OES)   96-N-343
(To be supplied by the Court)

Freeman # 03-105   Catagory 3

| | | |
|---|---|---|
| Jesse Montez et al | | ) |
| Barbara A. Freeman | , Plaintiff(s) | ) |
| | | ) |
| | | ) |
| vs. | | ) |
| Bill Owens et al | | ) |
| | | ) |
| | | ) |
| | | ) |
| | ,Defendant(s) | ) |
| | | ) |

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 21 2006

GREGORY C. LANGHAM
CLERK

---

### MOTION TO CORRECT FINAL ORDER OF SPECIAL MASTERS

COMES NOW, Plantiff Barbara A. Freeman, to note changes in the FINAL ORDER of Special Masters.

1. Page 3 #7 Line 5  Final Order Special Masters, states claiment was provided with a wheelchair and a pusher in 2002, when having difficulty walking to the chow hall.  This is incorrect, the Claiment was provided with a wheelchair and a pusher in 2003, during the month of November/December.

2. Page 3 #7 Line 8 states claiment was questioned as to whether she wanted to learn Braille but she declined.  Claiment wants to take Braille but defendant Randy Smith (DWCF) refused to give her Braille lessons until she is totally blind. (As per Randy Smith)

3. Page 3 #7 Line 1,2, and 3 Claiment did receive numerous accomodations to physcially access and utilize servies and programs; however; claiment did not receive the medical aid of a computer which would allow her to read and to take part in the services and programs.  Due to claiments limited vision, claiment requests a computer to enlarge the print enabling claiment to read textbooks and other written material needed, in order to take part in programs and classes.

WHEREFORE, Claiment, requests that the Special Masters, correct the final order.

RESPECTFULLY SUBMITTED:

*Barbara A. Freeman*

Barbara A. Freeman # 105776   DWCF Unit 2-128D P.O. Box 392005
DENVER  CO  80239-8005

1.      Claimant submitted a claim which was assigned claim number 03-105. The basis of her claim is alleged vision impairment/disability and alleged mobility impairment/disability.

2.      Claimant's claim was assigned to Category III pursuant to the Remedial Plan as set forth above.

3.      Proper notice of the hearing was given and Claimant along with Defendants appeared.

4.      Claimant was placed in the custody of the DOC in July of 2000. She was housed at the Colorado Women's Correctional Facility (CWCF) until March of 2001 and has been housed at the Denver Women's Correctional Facility (DWCF) from March of 2001 to the present.

5.      When she entered CDOC custody, Claimant had mild to moderate degenerative joint disease and osteoarthritis in the left knee, back and hip. (She also had cataracts and glaucoma. All of these conditions were progressive and became worse over the time she has been in CDOC custody. She now has no vision in her right eye but is being seen by an ophthalmologist every three months. Her glaucoma is stable.) Claimant's vision acuity as of August 29, 2003 was 20/50 with correction. In September of 2004, Claimant underwent a total knee replacement. As a complication of the surgery, she now has a permanent foot drop and requires a brace on a full time basis.

6.      Claimant testified that prior to August of 2003, she was unable to walk 100 yards without stopping and that she could not negotiate stairs. There is evidence in the record, however, suggesting that Claimant could walk prior to August of 2003. The evidence indicates that Claimant can read with the assistance of glasses.

7.      Claimant testified that she has received numerous accommodations to enable her to access and to utilize the services, programs, facilities and benefits offered by the institutions in which she has been housed., She was provided with a standard knee brace and later with a custom made knee brace. Claimant was also provided with a wheelchair and a pusher in 2002, when she was having difficulty walking to the chow hall. She has been given an elevator pass so that she does not have to negotiate stairs. Some assistance has been provided to her in reading the small print in legal books in the library. Up until 2005, she was able to obtain help in cleaning her living quarters. At one point, Claimant was questioned as to whether she wanted to learn Braille but she declined. Claimant did testify that she is unable to use computers or to watch T.V. because of her vision problems but stated that she does not know of any accommodation that could have been provided that would have allowed her to engage in these activities.

8.      Claimant stated that since July of 2005, she has shared her cell with another wheelchair-bound inmate, which made the living quarters cramped. Because Claimant and her roommate both have mobility problems, they now have problems keeping the cell clean. Claimant states that she has had to pay other inmates to clean the cell.



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States
Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

This is the best quality copy of the following document.

Clerks Office
United States District Court

# REQUEST FOR SICK CALL

NAME: _B. Freeman_ NUMBER: _103174_

DATE: _4/10/06_ LIVING UNIT: _2-1200_

WORK ASSIGNMENT: _N/A_

**Offender needs to be seen by: (CHECK ONLY ONE)**

____Physician Assistant/Nurse Practitioner

~~X Dentist~~ ① _Dickson_
2030335

____Nurse

____Mental Health

X Self Medication: Refill Name: ② _Estrace_

Prescription Number: _1767565_

③ X Other: _I am having so much_

Explain your need for request: _problem with my_
_left eye, I am requesting again to_
_have braille lessons before my_
_sight is completely gone_

NOT ADA - OR MONTEZ

**Offender's request was received at Dispensary:**
One request per kite

Date: _____ By: _____

Action Taken: BRAILLE LESSONS ARE NOT
OFFERED BEFORE YOU GO BLIND. ALSO.
ONE BLIND EYE DOES NOT CONSTITUTE
TOTAL BLINDNESS. YOU WERE DETERMINED

Distribution:   White Copy-Dispensary     Canary Copy-Medical     Pink Copy-Offender

NOT TO QUALIFY FOR DISABILITY — NOV 2-05