| ADMINISTRATIVE REGULATION | REGULATION NUMBER | PAGE NUMBER |
|---|---|---|
| | 200-15 | 1 OF 6 |
| | CHAPTER: Business Services | |
| COLORADO DEPARTMENT OF CORRECTIONS | SUBJECT: Offender Restitution and Child Support Withholding | |
| RELATED STANDARDS: ACA Standards NONE | EFFECTIVE DATE: May 1, 2006 | |
| | SUPERSESSION: 05/01/05 | |
| OPR: OBO | REVIEW MONTH: February | Joe Ortiz Executive Director |

I. **POLICY**

It is the policy of the Department of Corrections (DOC) to collect court-ordered restitution and child support from offenders sentenced to the DOC in accordance with state laws. The withholding is statutorily required effective September 1, 2000.

II. **PURPOSE**

The purpose of this administrative regulation is to establish procedures for the collection of restitution and child support from offender deposits.

III. **DEFINITIONS**

   A. **Administrative Lien and Attachment**: Order issued by the State Child Support Enforcement Agency in order to withhold funds from the inmate bank account of a state prisoner for child support.

   B. **Available Account Balance**: The balance of funds available to the offender for expenditure that is not being held as reserved or encumbered monies.

   C. **Child Support Order**: A support order for a child, including a child who has attained the age of majority under the law of the issuing state.

   D. **Inmate Bank Deposits**: Any funds received or credited to an inmate bank account including but not limited to: inmate pay, incoming money orders, revenue from hobby crafts, and federal and state income tax refunds.

   E. **Non-State Facility**: A facility that is not owned or operated by the DOC but has a contract to house offenders, such as privately run prisons and community corrections programs.

| CHAPTER | SUBJECT | AR # | Page 2 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 05/01/06 |

F. Restitution: Court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges pursuant to CRS 16-18.5-110, resulting from a criminal case or for child support.

IV. PROCEDURES

A. At a minimum, twenty percent of all deposits into an inmate's bank account, including deposits for inmate pay will be deducted and paid toward any outstanding balance existing before, on or after September 1, 2000, for court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges pursuant to 16-18.5-110 CRS, resulting from a criminal case or for child support. The twenty percent withholding amount is the minimum withholding required by state law (CRS 16-18.5-106). The executive director of the Department of Corrections, or designee, may fix the time and manner of payment for court ordered costs, surcharges, restitution, and other fines and fees. The executive director, or designee, may order amounts greater than the minimum twenty percent (up to 99.9 percent) withholding from any inmate's deposit to be applied toward any outstanding order from a criminal case or for child support. Payments will be applied to the oldest case first. This procedure applies to DOC and non-state facilities.

1. If an offender owes both restitution (including other fines and fees) and child support, then one-half of the amount collected from offender deposits will be paid towards restitution and one-half of the amount collected from offender deposits will be paid towards child support. If the amount collected for child support exceeds the amount specified in a child support order and past due balances, then the excess will be applied towards restitution. Overall, twenty percent is the minimum that will be withheld from deposits and any amounts greater than the minimum are to be ordered by the executive director.

2. If the offender owes only restitution, then all amounts collected from offender deposits will be paid towards restitution.

3. If the offender owes only child support, then all amounts collected from offender deposits will be paid towards child support in accordance with the administrative lien and attachment. The inmate bank office must have an administrative lien and attachment from the court for the mandatory child support withholding.

4. If an offender has not had a deposit in the 30 days prior to inmate pay, and if inmate pay is $.23 daily (Grade 1), and/or the inmate receives an additional $.01 for program compliance, then the total daily pay of $.24 ($5.78 maximum per month) may be exempt from withholding. To meet this exemption, the offender's available account balance cannot exceed $10.00 during the 30 days prior to receiving unassigned inmate pay. Any inmate pay that exceeds $5.78 per month and any other deposits will be subject to the mandatory withholding of at least twenty percent.

5. If an offender has a deficit balance and owes restitution and/or child support, the available balance will be 50% of deposits less the mandatory withholding.

| CHAPTER | SUBJECT | AR # | Page 3 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 05/01/06 |

B. Certain DOC facilities or programs will be allowed to establish withholding rates for restitution greater than the 20% minimum mandatory amount, such as the Prison Industries Enhancement Program for offenders working in the leather shop at the Buena Vista Correctional Complex.

C. Offenders in a community corrections program, including those under Intensive Supervision, will be required to submit a portion of their wages towards restitution if it is owed. If the offender owes only restitution, then at least twenty percent of gross wages is to be remitted for payment of restitution. If both restitution and child support is owed, then at least ten percent or one-half of the mandatory withholding is to go towards restitution. The employer of the offender will withhold and submit child support, in accordance with the child support order. The Child Support Enforcement Agency will determine the percentage to be withheld for child support and will send the child support order directly to the employer of the community corrections offender.

1. Community parole officers will arrange for the withholdings of restitution to be sent to the DOC Restitution Office for those offenders in the community corrections program. Community parole officers may collect and submit restitution for certain offenders such as those under intensive supervision. All payments by offenders are to be in the form of money orders.

2. Restitution that is collected by the community corrections contractor (e.g., halfway house), from offender earnings, is to be submitted to the DOC on a monthly basis.

3. It will be the responsibility of the Child Support Enforcement Agency to order child support payments from the employer of the offender, while he/she is in the community corrections program.

D. Non-state facilities will collect restitution and child support in accordance with state statutes and this administrative regulation.

1. All collections of restitution are to be forwarded to the DOC Restitution Office at P.O. Box 230, Cañon City, CO 81215. A list by DOC offender number, name, and amount withheld will be sent with a check to the Restitution Office each month.

2. The DOC will forward child support administrative lien and attachment notices to the non-state facility for child support withholding. Non-state facilities will submit child support withholdings directly to the Family Support Registry.

3. The DOC will be responsible for recording restitution collections and payments submitted to the courts.

E. When deposits are posted to the offender's account, the deposited amount added to the offender's available balance will be after the twenty percent withholding. The 20% withholding will be encumbered until the end of the month, at which time the actual withdrawal will be made and submitted to the appropriate agency.

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 05/01/06 |

F. Each DOC facility will issue monthly inmate bank account statements that will show how much money was withheld and submitted for restitution and/or child support payments. Other receipt for payment of restitution or child support will not be issued.

G. The Inmate Bank and Restitution Office will submit collected restitution to the district court on a monthly basis. Child support collections will be forwarded to the Family Support Registry within ten calendar days after the end of each month.

H. If the DOC withholds money from a deposit and submits it to the courts for restitution or child support, that money cannot be refunded to the offender, unless the court refunds the money due to an overpayment.

I. Copies of restitution orders and child support orders will be maintained by the DOC. Copies of child support orders will be forwarded to offenders by the Inmate Banking staff. Any request for additional copies by offenders will cost $0.50 per page and must be requested from the Inmate Banking staff. Case managers will ensure that a withdrawal ticket is completed and submitted on all requests for copies of restitution or child support orders at $.50 per page.

J. Any interest and/or penalties owed on unpaid restitution will be determined by the judicial district court in accordance with state laws. Offender questions regarding any interest or penalty added to his/her restitution will have to be submitted to the applicable district court.

K. Offenders questioning child support amounts owed or past due amounts are to inquire in writing to the county which issued the child support order (administrative lien and attachment).

L. Questions by offenders regarding restitution balances or inmate bank balances should be directed to case managers.

M. Whenever a person is sentenced to the DOC, the DOC has authority to conduct an investigation into the financial circumstances of the offender, as described in CRS 16-18.5-104.

N. The DOC may enter into a memorandum of understanding with the judicial department, or contract with a private collection agency, for the collection of restitution from offenders sentenced to the DOC or released to parole.

O. Certain types of deposits may be exempt from the mandatory withholding, in accordance with federal laws. Veteran's benefits, social security survivor benefits, and Indian tribal distribution checks are to be exempted from the mandatory withholding for court ordered restitution, in accordance with federal laws; however, it is permissible to withhold from these types of payments if they are subject to court ordered child support and alimony obligations.

P. Inactive inmate bank accounts that are at least one year old will either be written-off to the Canteen and Library Fund or applied to any outstanding and unpaid court orders for restitution and/or child support at least once a year.

    1. Inactive inmate accounts with balances of less than $10.00 (including negative balances) are to be written off to the Canteen and Library Fund.

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 05/01/06 |

    2.    Inactive inmate accounts of $10.00 or more will be paid towards court ordered restitution and related fines and fees and/or court ordered child support.

    3.    Inactive accounts of $10.00 or more may be partially offset against remaining net negative balance after the write-off of inmate accounts of less than $10.00.

    4.    A pro-rata allocation calculation to determine the portion of the inactive inmate bank accounts of $10.00 or more that will be applied to outstanding restitution and/or child support orders will be determined by the Inmate Bank once a year.

    5.    If an inmate's inactive bank account has a balance of $10.00 or more and he/she does not owe restitution or child support then that balance will be written off to the Canteen and Library Fund.

    6.    In the event that the total inactive inmate account is a net negative balance then all accounts will be written off to the Canteen and Library Fund for that year.

V.    RESPONSIBILITY

    A.    Denver Reception and Diagnostic Center personnel will brief all incoming offenders of their responsibility for payment of restitution and child support while they are incarcerated as outlined in this administrative regulation.

    B.    The director of Administration will ensure that the Business Office and Adult Parole, Community Corrections, and the Youthful Offender System staff comply with this administration regulation.

    C.    The director of Prisons will be responsible to ensure that non-state prisons follow the state laws and regulations outlined in this administrative regulation.

VI.    AUTHORITY

    A.    CRS 14-14-111.5. Income assignments for child support or maintenance.

    B.    CRS 16-11-101.6. Collection of fines and fees - methods - charges.

    C.    CRS 16-18.5-106. Restitution for persons sentenced to the department of corrections.

    D.    CRS 26-13-122.5. Administrative lien and attachment of inmate bank accounts.

| CHAPTER | SUBJECT | AR # | Page 6 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 05/01/06 |

VII. <u>HISTORY</u>

    May 1, 2004
    July 1, 2003
    May 15, 2003
    May 15, 2002
    May 15, 2001
    January 1, 2001
    September 1, 2000


ATTACHMENTS:    A.    AR Form 100-1A, Administrative Regulation Implementation/Adjustments