IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-–870 (OES) (Consolidated for all purposes with Civil Action No. 96—343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 02-461
Category II
Claimant: Joe C. Whitehead, #113044
Address of Claimant: 1615 Keith Drive, Colorado Springs, CO 80916-2444

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master on the claim of Joe C. Whitehead (Claimant). Claimant was incarcerated in the Colorado Department of Corrections (DOC). He now has discharged his sentence and is no longer under the control of DOC.

The claim has been assigned to Category II. Claims in this category are not entitled to a hearing and are to be adjudicated on the documents submitted by both sides. Claimant was given the opportunity to submit documentation in support of his claim. Defendants filed a motion to dismiss the claim. Claimant was given the opportunity to file a reply to the motion, but he has not done so.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval

established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...." This definition is controlling as to implementation of the Settlement Agreement and adjudication of all claims filed by individuals who believe that they are mobility impaired.

2

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category II are to be resolved without a hearing. The Special Master finds the following to be the facts necessary for resolution of the motion.

Claimant came into the Colorado Department of Corrections (DOC) on December 14, 2001. He was placed initially into the Denver Reception and Diagnostic Center (DRDC) for testing and evaluation. Claimant ultimately was housed at the Delta Correctional Center (DCC) in Delta, Colorado when he filed his claim.

In his initial claim form, Claimant stated as follows:

> Right leg operated on due to military injury, as a result no prolong standing or walking without leg brace.

In response to the question concerning discrimination by DOC and its staff, Claimant stated as follows:

> I was issued leg braces from the military as a result of an operation on the right knee to stabilize the leg. $96.00 per month are being deducted from my disability pay and the medical department at (DCC) Delta Correctional Center still will not provide adequate braces.

Claimant in his initial claim form also stated as follows:

> I have requested to see a doctor about the leg on 2 different occasions, which

3

>I never have, however I did see a nurse from the request, and was told to wrap it in an ace bandage. As a result I have to buy pain medication on a regular basis.
>
>In his supplemental form for mobility disability, Claimant stated, in part, as follows:
>
>Right knee, denied braces made by military hospital for knee.

Claimant also indicated that he has "constant aches from daily assignments i.e. kitchen, laborer." Attached to his supplemental form are a number of documents, including canteen receipts reflecting purchase of over-the-counter pain medication.

Defendants' motion to dismiss argues that Claimant has failed to establish a prima facie claim from what he has submitted. It is argued that Claimant is not a member of the class because he does not fit the definition of mobility impaired. Claimant was given the opportunity to respond to the motion, but he has not done so.

### III.

Defendants have filed a motion to dismiss. All reasonable allegations of Claimant must be accepted as true. The motion cannot be granted unless Claimant cannot prevail as a matter of law and fact.

Claimant checked only the box for mobility impaired on the initial claim form. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...." Claimant has made no allegations that he used a wheelchair full or part-time while in DOC custody. Claimant does not meet the first criteria for mobility impairment.

In order to meet the second criteria, a claimant must allege that he has a permanent lower extremity condition that affects walking. Two examples are set forth in the Settlement Agreement. First, a claimant meets the definition if he cannot walk more than one hundred yards without stopping. Second, a claimant meets the definition if he cannot climb a set of stairs without stopping.

Claimant has alleged that he has a right knee injury from military service. He has alleged that he cannot stand for prolonged periods of time. He has not alleged that he cannot walk for one hundred yards without stopping or cannot climb a flight of stairs without stopping. A right knee injury is not sufficient, in and of itself, to meet the definition of mobility impaired. Claimant was given the opportunity to submit documents in support of his claim and to respond to the motion to dismiss. He has not submitted any additional documents and has not responded to the motion. Claimant does not meet the definition of mobility impaired and, therefore, is not part of the class.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted, and the claim of Joe C. Whitehead is dismissed; and

      IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 25, 2006.**

      SIGNED this 10th day of July, 2006.

      BY THE COURT:

      */s/ Richard M. Borchers*

      _____
      Richard M. Borchers
      Special Master