TO: United States Department of Justice
Civil Rights Division
SPECIAL LITIGATION SECTION
P.O. Box 66400
Washington, DC 20035-6400

FROM: George Charles, Knorr
Reg. No.: 45154
S.C.F.    Unit # 4 - A
P.O. Box 6000
Sterling, Colorado 80751

RE: Violations of Civil Rights/ Abuse of Discretion of U.S. District Court Judge Edward W. Nottingham and Special Masters Judge Richard M. Borchers; Judge Bruce D. Pringle and Judge Richard C. Davidson of the Legal Resolution Center @ 7909 Zenobia Street, Westminster, CO 80030-4444

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 14 2006

GREGORY C. LANGHAM
CLERK

Special Litigation Section, Head of Department;
Dear Sir/Madam, I am a prisoner in the Colorado Department of Corrections at the Sterling Correctional Facility, P.O. Box 6000 Sterling, Colorado 80751, housed in this institution's Unit # 4-A on the second tier # 14 cell.
    Prior to my transfer to this facility, I was housed at the Arkansas Valley Correctional Facility, P.O. Box 1000 Crowley, Colorado 81034-0001; and prior to the riot of the Crowley County Correctional Facility, a private prison operated by the Corrections Corporation of America at Olney Spring, Colorado.
    I am serving an illegal sentence and conviction in the amount of Twenty-Four years under the Habitual Statutes of this State and am in the appeal process to rectify this wrong.
    During my stay at the CCCF private prison I was diagnosed as Diabetic with multiple ambulatory problems. I was placed un the MEDICALLY UNASSIGNED STATUS because of these medical conditions and remained in this catagory for the following period of my incarceration, (post riot) July 21, 2004 through the date of April 01, 2006 following my transfer to the Sterling Correctional Facility.
    I am a claimant in the Montez v. Owens case 92-N-870 in the 10Th. Cir. Dist. Court, @ Denver, Colorado.
    Upon my arrival at this facility my medical restrictions mysteriously vanished from my working medical file and has yet to be re-located or replaced causing me considerable pain and suffering as I am being forced to live on an upper tier.
    The Dr. at the Arkansas Valley Facility ordered insulin for my diabetes when my blood sugar levels were far below normal. I believe this was a deliberate attempt to murder me, perpetrated by the HSA and medical staff of that facility.
    This order for insulin continued for over a month after I arrived at the SCF institution and I had to sign several refusals in denying to take this POISON, considering my blood-sugar levels.
    The forced procedure of assigning me to an upper tier and UPPER BUNK upon my unit transfer within this facility, from unit #2 to unit#4 with the mysterious disappearance of my medical restrictions for both bottom tier and bottom bunk assignments only has caused me severe pain and suffering with ZERO effort of the medical department to correct this problem since my arrival at this facility.
    I am charged Twice (2) yearly for chronic care treatment and additionally ILLEGALLY charged in addition for numerous medical appointments in violation of the chronic care payments which are alleged to supercede any additional medical charges.
    On numerous ocassions over the past Four + (4+) years I have had monies mysteriously disappear from my inmate funds account; i.e. loose change of from .01¢ to as much as several dollars, without any form of explanation or receipt offered.
    I've been informed by several other prisoners, over the years, that this is

(1)

a common normal procedure of the Colorado Department of Corrections. I am aware that this procedure is in violation of all banking laws written and constitute fraud, theft and some form of embezzlement. I wish to file a complaint as to this procedure under the Whistleblowers Statute:

Another violation in this same line is the extraction (withholding of funds for alleged restitutions) Since my date of transfer to the CDOC, 01-07-02 the Inmate banking officers and several of the accountants in the assorted facilities wherein I have been housed have continuously REFUSED to correct the restitution payments I am forced to make on a sentence which has been fully served and for which the sentencing court has ruled that restitution was ruled UNCOLLECTABLE and therefore discharged the obligation of restitution in July or August of 2000.

I have filed several grievances to this effect, without correction of the issue and am still having funds withheld as payment of restitution in the District Court case # 97CR1057, Jefferson County District Court, Golden, Colorado; Such Order of the Court by Judge Leland P. Anderson.

As this action constitutes THEFT under the Statue Statutes and there is provision for recovery at the amount of $200.00 or 3 times the amount, Rights in Stolen Property Subsection 18-4-405 C.R.S.; and Theft 18-1-401 C.R.S. defines the elements of the offense of theft.

- -CDOC- -                    SUMMATION OF COMPLAINTS

Since the date of January 07, 2002 the Colorado Department of Corrections, (CDOC) has attempted repeatedly to murder me through improper medical treatments; forcing me to climb stairs which I am NOT supposed to climb; Assigning me to an UPPER BUNK knowing my medical restrictions; Ordering medications which would be the equivalent to poison if taken as ordered by medical; placement in a (Dog Pod)(unit designated for dog training program) knowing that I am asthmatic and that this placement would (and does cause me problems breathing), setting-off my allergies; Refusing to order necessary medical surgeries (removal of hernias & removal of heel spurs) which prevent me from doing any form of exercise, causing me to be overweight and in eminent danger of a stroke or heart-attack; Theft of my inmate funds; deliberate theft of monies for fraudlently stated purposes, i.e. restitution in completely served case # 97CR1057, incumbered funds, fraudlent medical charges; refusal to furnish proper medical shoes for a diabetic, which could cause the loss of foot or limbs; Mis-medicating through improperly and incompetent nursing staff:

COMPLAINT AS TO $10^{Th.}$ Cir. Dist Ct. Judge & Resolution Center Judges:

In the case of Jesse Montez v. Owens, et al., 92 - N - 870, a civil class action matter filed in the U.S. District court, Denver, Colorado and assigned to Judge Edward W. Nottingham, I am a class member of this action:

In 2003 the Plaintiff Attorneys informed all the, then available, class members in the CDOC that a settlement of this action had been reached. Also, informing the available class members that individual hearings would begin, (they have), and continue to date.

Judge Nottingham has repeatedly denied every motion filed by any claimant in this action requesting INJUNCTIVE RELIEF, I believe this to be an outright abuse of his discretion, HOWEVER, I have no information or direction for a proper filing of Judicial Complaint since there is NO Listing for any such complains to be filed.

ENCLOSED please find the most recent Motion I filed with the $10^{Th.}$ Cir. Dist. Court for injunctive relief, which outlines the attempts against my life by the CDOC and its staff and requesting a TEMPORARY RESTRAINING ORDER (TRO) and further requesting a HEARING to determine whether I could receive a PERMANENT RESTRAINING ORDER. Judge Nottingham summarly dismissed this request for a TRO and has not set any form of hearing to determine whether a TRO is warranted in this matter, and has failed to set any hearing to determine whether any class member could receive INJUNCTIVE RELIEF through a TRO or PRO against the Colorado Department of Corrections in conjunction with this civil matter. This enclosed motion of mine was also filed with the Special Masters at the Resolution Center without any form

of response or action by the Special Masters.

It is my belief that there is some form of conspiracy being perpetrated by the U.S. District Court Judge, Special Masters, the Attorney General for Colorado, and the Colorado Department of Corrections to deny any form of relief class members are entitled to in the way of injunctive relief.

As these files are available to you and your office on the internet cite, I feel that you have adequate access to this information without my spending postage money which I DON"T have.

I wish to file a complaint as to the conduct of the Special Masters, Richard M. Borchers; Bruce D. Pringle; and Richard C. Davidson; and as to the abusive actions of the decisions of Judge Edward W. Nottingham and request a RECUSAL of this U.S. Dist. Ct. Judge from this matter. It is my belief that he has sat on this matter to the extent that he NO LONGER CARES what the outcome might bee and could further, care less about the claimants in this matter.

Please obtain copies of my court and Special Master filings in the matter from the following parties to expidéte this matter:
Judges:
Richard M. Borchers;
Bruce D. Pringle;
Richard C. Davidson;
Special Masters for the United States District
Court for the District of Colorado
Legal Resolution Center
7909 Zenobia Street
Westminster, Colorado 80030-4444     Ph. (303) 426-7365 Fax: 426-7714
&
Judge Edward W. Nottingham;
Judge John Knae Jr.;
ATTN: 92-N-870 (MONTEZ,)
Alfred A. Arraj U.S. Courthouse
901  19Th. Street
Denver, Colorado 80294         Ph. (303) 844-3433

If nothing else, Please send an investigator to interview me as to the above listed allegations;

I am scheduled for my disability hearing as to the Montez issue, on the date of September 01, 2006;

Additionally to the complaints above I must include that which is of the UTMOST IMPORTANCE; upon the date of my transfer to the Sterling Correctional Facility from the Arkansas Valley Correctional Facility approximately half of my legal papers (research & preparation of my civil action and Post-conviction-Appellate filings) were confiscated and to the best of my knowledge destroyed. I have filed the proper grievance as to this matter and the only response I have received does NOT even discuss the illegal procedure and actions of the CDOC staff involved. Also at this same time and in the action of the above, my personal canteen items and in-cell medications and medical appliances (knee-brace) was also consficated. As to the Knee-brace I had a proper permit for the brace, the majority of the canteen items were from the Winter Package program and some from the most recent facility canteen through the form allowed. Also the cell meds which were confiscated were the most recently issued to me for my medical conditions, which include severe pain due to arthritis and spurs on my feet (the most severe) and bad back which has been documented for more than twenty years in the CDOC.

The grievance is in accord with the State statutes for theft and rights in theft and also in accord with the decision established in WEBB v. ADA COUNTY, 145 F.3d 1343 (9Th.Cir. 1998) - WEBB v. ADA COUNTY, 285 F.3d 829 (9Th.Cir. 2002):

Involved is approxiamtely ½ of my post-conviction litigation preparations and research materials SEE also Prison Litigation Reform Act & WEBB v. ADA COUNTY, 195 F.3d 524 (1999) and Subsection 1997 e(d)(3) and 18 USC Sub.Sec. 3006A.

I wish for the charges of theft, Retaliation against a Victim or Witness, Harassment of a Victim or Witness, Deliberate Indifference, Indangerment of

(3)

Life, Medical Malpractice, Intimidation of a Victim or Witness, Tampering with, Removal of, and Destruction of Evidence in an ongoing Federal Case and also an Ongoing State case:

The relevant State and Federal Statutes are as follows:

C.R.S.
Subsection
18-8-705 Aggravated intimidation of a witness or victim
18-8-706 Retaliation against a witness or victim
18-8-707 Tampering with a witness or victim
18-4-405 Rights in Stolen Property
18-4-403 Statutory Intent
18-4-305 Robbery of the Elderly or Disabled
18-4-303 Aggravated robbery of controlled substances w/ 18-4-302 Aggravated Robbery
Colorado Rules of Civil Procedure
Colorado Rules of Criminal Procedure
18-6.5-101-107 Crimes against at-risk adults and at-risk juveniles
18-13-107 Interference with persons with disabilities
24-34-509 Discrimination in housing
24-34-401-406 Discrimination in employment
additional statutes may also apply

## U.S.C. Violations Codes

Fed Rules of Civil Procedure Rule 37 Failure to MAke Disclosure or Cooperate in Discovery.
Rule 44  Proof of Official Record?
Federal Rules of Criminal Procedure Rule 16.
Federal Rules of Criminal Procedure Rule 26.2, 27, 42,

ALSO

Fed Civil Judicial Procedure & Rules Title 28 U.S.C.A.
Rules

| | | | |
|---|---|---|---|
| 358, (a),(b), (b)(1), (2), (3), (c),; | 462; | 1741; | 2110 |
| 398(a), (b); | 463; | 1742; | 2111 |
| 360, (a), (1), (2), (3), (b); | 471; | 1743; | 2112 |
| 361; | 472; | 1744; | 1213 |
| 362; | 473; | 1745; | 2241 |
| 364, (1), (2); | 474; | 1746; | 2242 |
| 371, (a), (b), (2); | 475; | 1781; | 2243 |
| 372; | 476; | 1782; | 2244 |
| 373; | 477; | 1783; | 2245 |
| 374; | 478; | 1784; | 2246 |
| 375; | 479; | 1785; | 2247 |
| 376; | 480; | 2401; | 2248 |
| 377; | 481; | 2402; | 2249 |
| 411; | 482; | 2403; | 2250 |
| 412; | 561; | 2404; | 2251 |
| 413; | 1407; | 2405; | 2252 |
| 414; | 1656; | 2406; | 2253 |
| 415; | 1731; | 2407; | 2254 |
| 451; | 1732; | 2408; | 2256 |
| 452; | 1733; | 2409;(a) | 2071 |
| 453; | 1734; | 2101; | 2072 |
| 454; | 1735; | 2102; | 2073 |
| 455; | 1736; | 2103; | 2074 |
| 456; | 1737; | 2104; | 2075 |
| 457; | 1738;(A); | 2105; | 2076 |
| 458; | 1738(B); | 2106; | 2281 |
| 459; | 1738(C); | 2107; | 2282 |
| 460; | 1739: | 2108; | 2283 |
| 461; | 1740; | 2109; | 2284 |
| | | | 455 |

(4)

WHEREFORE, the author of this letter of request respectfully requests that all of the above listed violations of law(s), bouth State and Federal be brought to bear through the filing of Criminal and Civil charges in connection with the above.

The Author of this letter of request for the filing of Criminal and Civil charges attests, affirms and avows that the foregoing information is true and correct to the best of his knowledge and beliefs. The Author is of legal age, sound mind, and competent to testify at any and all hearings in connection with the foregoing allegations.

FURTHER and FOREMOST, the Author of this correspondence is scheduled for a hearing with the Special Masters, the office of the Attorney General of Colorado and representatives of the Colorado Department of Corrections in conjunction with his Civil Rights (Class Member) issues relating to his disabilities on the date of September 01, 2006 at the Sterling Correctional Facility (address as listed above), the time of day set for this hearing has NOT been disclosed to this Author/Class-Member.

The Author of this communication/complaint is also filing additional papers with the Federal District Court ($10^{Th.}$ Cir. for Colorado) to again request that some form of charges be brought as to the Corrections Department and its agents in connection with the STOLEN EVIDENCE which is required for his Civil Rights hearing of September 01, 2006.

I hereby request that the <u>utmost</u> speed of expiditing this complaint be used in this matter as time is of the utmost importance in this matter.

Respectfully Submitted

George Charles, Knorr
Reg.# 45154
S.C.F.   Unit # 4-A
P.O. Box 6000
Sterling, Colorado   80751

Done this /2 7h day of July, 2006.
Copy of this complaint sent to the Federal District Court Judge and the Special Masters at the above listed addresses:   (<u>Courtesy Copy</u>)