**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 21 2006

GREGORY C. LANGHAM
CLERK

---

Claim Number 02-635
Category II
Claimant: Clinton Erickson, #68370
Address of Claimant: LCF, Unit 5, 49030 St. Hwy. 71, Limon, CO 80826

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

---

COMES NOW the Claimant in the above-captioned case, appearing pro se, and respectfully submits this PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, and in support thereof states the following:

1. Inmates with permanent mobility impairments in <u>Montez</u> are:

   (a) inmates who use wheelchairs full-or part-time due to a permanent disability; or

   (b) inmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking; <u>e.g.</u>, an inmate who cannot walk 100 yards on a level surface or climb a flight of stairs without a pause. (Rem.Plan at 4.)

According to the Remedial Plan, a disabled inmate is one

   (d) "with a permanent physical disability/impairment which substantially limits his or her ability to

1

    (d) A "permanent disability/impairment" is a condition that is not expected to improve within six months. (Rem. Plan at 2.)

The Claimant states the following:

(1) Even though the Claimant does not at this time require a wheel chair, he does in fact experience a daily struggle with dealing with the skin condition affecting his lower extremities:

    (a) Claimant must walk six (6) times back and forth from the dining room to the living unit, which the dis- one way is approximately 400 feet, making a mean total of 2400 feet a day;

    (b) The Claimant next must walk six (6) times per day, five days a week to his prison facility employment, with one way being approximately 400 feet, making a mean distance of 2400 feet per day.

During the hot weather, the skin condition is more aggravated; and the summers are getting hotter and hotter. Often, the Claimant *must* simply undo his trousers once he arrives at work, and attempt to obtain some relief by placing cold wet towels on his inner legs and thighs.

Because of the condition, the Claimant is unable to utilize recreation periods as the other inmates do, because the ongoing rashes and pain make walking out to the recreation yard untenable.

Finally, regarding the element of disability this condition causes, does in fact interfere with the Claimants actual mobility as seen from the foregoing. The only reason the Claimant continues to to to the dining room is because of necessity he must eat to survive. And, in order to maintain what other privileges are available, he must remain employed, otherwise he would spend most of his time sitting in his cell.

(2) As to the "permanent" element of the disability, the Claimant states that he has in fact had this rosacea skin condition for many years now, and it is continuing to get worse. The CDOC medical clinic staff have informed the Claimant that he will have this skin condition for life. Therefore, he meets and exceeds the "6-months" permanency element of <u>Montez</u>.

2

2.  The Claimant states that the rosacea condition as it affects his eyes, does indeed affect his vision:

(a) The skin condition causes the skin surrounding his eyes to blister and crack, causing the tissue in the socket to swell, often making the eyes seem to be swollen shut; or nearly so. This in turn causes his eyes to produce so much tearing that his vision is affected. At these times he tries to stay as much as possible in a semi-darkened area or in his cell, as the light (normal) causes pain.

Additionally, this condition also causes severe itching, with the pain which accompanies it.

The Claimant states that while this condition is not an all-the-time occurrence, it does occur with regularity on an on-going basis. This too has been occurring for some years now, and is not going to "go away" the LCF medical clinic staff has told the Claimant.

The Claimant states that the CDOC/LCF medical clinic staff have told the Claimant in the past that there is nothing they can do about this condition, and that the Claimant must live with it. However, the Claimant states that there _are_ treatments available, but that the Defendant's do not provide them because of the cost.

Therefore, the Claimant states that his condition does in fact cause serious impairment of living a normal life, as it applies to his mobility and his vision, and thus his case and/or condition fits within the Montez parameters.

WHEREFORE, the Claimant, Clinton Erickson, requests this Honorable Court to deny the Defendants motion to dismiss, and permit Mr. Erickson to have his case accepted under the Montez plan.

3

CERTIFICATE OF SERVICE

I hereby certify that on this **19** day of **July**, **2006**, I duly served on the concerned party a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, by placing a copy of same in the United States Mail, postage prepaid, addressed as follows:

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
ALFRED A. ARRAJ Courthouse
901 - 19th Street, Rm. A 105
Denver, CO. 80294-3589

*Clinton Erickson #68370*

CLINTON ERICKSON: Claimant pro se
Reg. No. 68370
LCF Unit 5
49030 St. Hwy. 71
Limon, CO. 80826