IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-105
Category III
Claimant: Barbara Freeman, #105776
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

---

**DEFENDANTS' RESPONSE TO FREEMAN'S MOTION
REGARDING STRUCTURAL COMPLIANCE
(DIRECTED TO THE HONORABLE JUDGE KANE)**

---

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Freeman's Motion Regarding Structural Compliance.

1. Around July 25, 2006, Barbara Freeman submitted a "Motion Stipulation and Order Regarding Structural Compliance Montez Remedial Plan." (Docketed at 2157). While it is unclear, it appears that Freeman

raises three complaints. First, Freeman seems to allege that the CDOC has not made the structural modifications to the Colorado Women's Correctional Facility ("CWCF") and the Denver Women's Correctional Facility ("DWCF") required by the Remedial Plan. (Motion, p. 1-2). Second, she seems to complain that she has been denied specific accommodations, such as a two-drawer filing cabinet. (Id., p. 2). Finally, Freeman complains about the CDOC's grievance process and specifically alleges that "Cathie Holst refuses to let me file ADA grievances." (Id.).

    2.    Freeman complains about the physical structure of her cell, the yard, the lack of automatic door buttons, and the air system. (Motion, p. 2). Contrary to Freeman's allegations regarding structural issues, the parties' joint expert, Peter Orleans, and Class Counsel agree that the CDOC is in substantial compliance with the "architectural-physical plant provisions of the Remedial Plan." (Stipulation and Order Regarding Status of Compliance by DOC with Remedial Plan, p. 1, docketed at 2108). The parties agreed that "the compliance period for the architectural-physical plant requirements shall end on July 27, 2006, and the monitoring period for that aspect of the Plan will begin on that date." (Id.). This Court approved the joint Stipulation on July 11, 2006. (Id., p. 4). The parties and this Court have

2

already agreed that the CDOC is in substantial compliance with the architectural-physical plant requirements of the Remedial Plan.

     3.     Freeman seems to ask this Court to order CDOC to provider her a two-drawer filing cabinet. (Motion, p. 2). She also seems to claim that she should not be housed at the DWCF. (Id.). These inmate-specific allegations of discrimination and denial of accommodations are the type of issues that should be raised in a damages claim before the Special Masters.

     4.     Freeman received a hearing on her damages claim with Special Master Pringle on November 18, 2005. (See Final Order, docketed at 1252). Special Master Pringle held that Freeman did have a permanent mobility disabled but denied her claim because she "failed to sustain her burden of establishing either discrimination because of her disability or a failure to provide reasonable accommodation." (Final Order, p. 5). The Special Master also held that Freeman "does not suffer from a vision disability." (Id.).

     5.     Freeman filed three separate motions to this Court challenging the Final Order: Motion for Reconsideration (docketed 2031), Motion to Correct Final Order of Special Master (docketed at 2056), and Motion for Objection of Final Order of Special Master (docketed at 2057).

6. On July 20, 2006, this Court denied Freeman's various motions challenging the Special Master's Final Order. (See Order of Judge Kane, July 20, 2006, docketed at 2144). This Court held that "[t]he Special Master made extensive findings of fact and conclusions of law based on the evidence and testimony presented. He did not abuse his discretion. There are no errors of law. The Final Order of Special Master is affirmed." (Id.).

7. It is unclear whether Freeman's current motion is another attempt to challenge the Final Order or if she is raising new complaints. If Freeman raised these issues during her hearing, then those issues have already been decided by the Special Master in the Final Order, which was affirmed by this Court.

8. On the other hand, if Freeman is raising new issues, then this Court should not consider issues raised for the first time on appeal. Under the Remedial Plan, this Court sits in an appellate capacity reviewing the decisions of the Special Masters, who serve as a trial court. Generally, an appellate court "will not address an issue raised for the first time on appeal." Wade v. Bradford, 39 F.3d 1126, 1130 (10th Cir. 1994); Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1571 (10th Cir. 1993) (issues not argued to the trial court will not be considered on appeal). In addition, evidence not presented to the trial court

4

cannot be considered on appeal. See New Haven Inclusion Cases, 399 U.S. 392, 450 n.6 (1970); White v. State of Colo., 82 F.3d 364, 366 n.3 (10th Cir. 1996).  To the extent that Freeman is introducing new claims or new challenges to the Final Order, her attempt should be denied.  The Special Master and this Court have already resolved Freeman's Montez claim.

9. Finally, Freeman complains about the CDOC's grievance process, specifically alleging that "Cathie Holst refuses to let me file ADA grievances." (Freeman Motion, p. 2).  In the past year, Freeman has filed 16 grievances. (See Legal Grievance Log, attached as Exhibit A).  She filed eight "disability" grievances, as well as five grievances about medical issues, two grievances about food service, and one grievance about housing conditions. (Id.).  Cathie Holst has not denied Freeman the opportunity to file ADA grievances.

WHEREFORE, for the reasons listed above, Freeman's Motion is without merit and should be denied.

Respectfully submitted this 11th day of August, 2006.

                        JOHN W. SUTHERS
                        Attorney General

                        s/ Jess A. Dance
                        JESS A. DANCE, 35803*
                        Assistant Attorney General

        Civil Litigation & Employment Law Section
        Attorney for Defendants

        Colorado Attorney General's Office
        1525 Sherman Street, 5th Floor
        Denver, Colorado  80203
        Telephone:  (303) 866-5165
        Fax: (303) 866-5443
        Email: jess.dance@state.co.us

### CERTIFICATE OF SERVICE

I certify that on August 11th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that I have mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, this 11th day of August, 2006, addressed as follows:

Barbara Freeman, #105776
DWCF
P.O. Box 392005
Denver, CO 80239

*Courtesy Copy To:*

Cathie Holst

                              <u>s/ Jess A. Dance</u>