IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)
(Consolidated with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

## MOTION TO ADMINISTRATIVELY OPEN CASE FOR ENTRY OF JUDGMENT AND FOR PRE- AND POST JUDGMENT INTEREST ON ATTORNEY FEES AND COSTS

Plaintiffs, by and through their class counsel, Paula Greisen of King & Greisen, LLP, hereby files this Motion to Open Case for Entry of Judgment for Award of Attorney Fees and Costs and for pre- and post-judgment interest as follows:

1. On December 29, 2005, the Special Master issued her Recommended Award of Attorney Fees and Costs recommending that Class counsel be awarded $191,500 in fees and $12,300 in costs. The Special Masters recommendation was affirmed by this Court on August 22, 2006. Accordingly, Plaintiffs request that this Court open this case for entry of judgment in the amount of the awarded fees and costs.

2. Plaintiffs also requests that the Court award them both (1) pre-judgment interest from the date of the Special Master's Recommendation to the date of the entry of judgment at a rate of 9% pursuant to C. R.S. §13-21-101(1); and (2) post-judgment interest.

3. Plaintiffs request an award of pre-judgment interest because of lack of merit of

Defendants' objections and the extended delay between the Special Master's award and the entry of judgment on that award. The purposes of awarding pre-judgment interest are to compensate plaintiffs for delays inherent in the judicial process that would otherwise wrongfully inure to the benefit of the discriminating defendant and it provides compensation for the time value of lost money as well as the effects of inflation. *Carr v. Fort Morgan Sch. Dist.*, 4 F. Supp. 2d 989, 997 (D. Colo. 1998)

4.      In this case, the parties entered into an agreement that if the Special Master's award was not overturned by this Court within thirty (30) days, then it would be final. Although these procedures were modified by the operation of Federal Rule of Civil Procedure Rule 53, the Plaintiffs should still get the benefit of their bargain that the fees and costs would be paid in a timely manner. The only way to effectuate the intent of the parties is to award the pre-judgment interest so that the Defendants are not allowed to benefit from the delay – a right they intentionally bargained away by agreeing to the thirty day provision.

5.      Where pre-judgment interest is governed by federal law, the court is free to choose any interest rate which would "fairly compensate the plaintiff for the delay in the receipt of payment." *Towerridge v. T.A.O., Inc. 111 F.3d 758, 764 (10th Cir. 1997). See United States ex rel. Nat. Roofing Services, Inc. v. Lovering Johnson, Inc.*, 53 F. Supp. 2d 1142, 1147-48 (D. Kan. 1999) (Court awarded post-award, pre-judgment interest, at the Kansas state rate of 10%, for the interim period between the arbitration award's payment date and the entry of judgment enforcing the award by the federal district court). Because there is no set federal pre-judgment interest rate and because the discrimination statutes do not prescribe a set pre-judgment interest,

the Court in *Barvick v. Cisneros*, 953 F. Supp. 341 (D. Kan. 1997), awarded pre-judgment interest at the Kansas statutory rate of ten percent (10%) per year.

6.     Based on the foregoing analysis, Plaintiffs request the Court award pre-judgment interest at the Colorado statutory rate of nine percent (9 %) per annum, compounded annually pursuant to Colo. Rev. Stat. §13-21-101(1) (2001). After Class Counsel gave notice to Defendants that they may have to withdraw because of the delay in receiving compensation, the Defendants agreed to pay the undisputed portion of the attorney fees.  Defendants <u>did not</u> agree to pay the undisputed portion of outstanding costs owed to class counsel.  Defendants paid class counsel the undisputed portion of their fees, $114,900 on July 25, 2006.  Accordingly, Plaintiffs request pre-judgment interest on the entire amount of $203,800 from December 29, 2005 until the $114,900 payment was made on July 25, 2006 and pre-judgment interest on the remaining amount, $88,900 from July 25, 2006 through the date of the Court's entry of judgment in this matter.

7.     Plaintiffs also request that the Court award them post-judgment interest.  Post-judgment interest is mandatory under 28 U.S.C. §1961. Interest after entry of judgment is addressed through post judgment interest, which accrues on the amount of a damage award, including pre-judgment interest, from the date judgment was entered to the date of payment. *See Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 82 (10th Cir. 1996).  After the last entry of judgment on the attorney fees and costs in 2003, Defendants refused to pay post-judgment interest so Plaintiffs request an entry of judgment expressly requiring them to do so.

3

8. D.C.Colo.L.Civ.R. 7.1 Certification: Counsel for Plaintiffs conferred with counsel for Defendants regarding this motion.  Counsel for Defendants indicated that Defendants not oppose Plaintiffs' motion for entry of judgment but do oppose the award of pre- and post-judgment interest.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants in the amounts of (1) $191,500 in attorney fees and $12,300 in costs, (2) pre-judgment interest at the rate of nine percent (9%) on the entire amount of $203,800 from December 29, 2005 until the $114,900 payment was made on July 25, 2006, (3) pre-judgment interest at the rate of nine percent (9%) on the remaining amount, $88,900 from July 25, 2006 through the date of the Court's entry of judgment in this matter, and (4) post-judgment pursuant to 28 U.S.C. §1961, from date of entry of judgment until payment.

Respectfully submitted this 23rd day of August, 2006.

                Respectfully submitted,

                KING & GREISEN, LLP

                _____

                Paula Greisen
                King & Greisen, LLP
                1670 York Street
                Denver, Colorado 80206
                (303) 298-9878

                Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of August, 2006, I electronically filed the foregoing MOTION TO ADMINISTRATIVELY OPEN CASE FOR ENTRY OF JUDGMENT AND FOR PRE- AND POST-JUDGMENT INTEREST ON ATTORNEY FEES AND COSTS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth McCann, Esq.
James Quinn, Esq.
Attorney General's Office
elizabeth.mccann@state.co.us
James.quinn@state.co.us

      *Donna K. Scherer*