IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 01-121
Category I
Claimant: Floyd David Slusher, #44260
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

      THIS MATTER comes before the Special Master on the claim of Floyd David Slusher. In the claim, Claimant has stated that he has bi-lateral ulnar neuropathy. This condition is the result of repetitive arm and hand motions. He indicates that he cannot do any jobs that require repetitive motion. Claimant has not indicated that he is suffering from any other condition.

      Since it appeared that this claim might not fall under the provisions of the settlement agreement, a show cause order was issued to Claimant. He has responded and argues that his condition is covered, since he has suffered permanent disability to his arm and its affects his ability to work. He further alleges that he has suffered from discrimination prohibited by the ADA.

      The Special Masters in this case are granted the power to adjudicate claims that are recognized by the settlement agreement that was approved by Judge Edward Nottingham. The settlement agreement allows claims to be filed as it relates to the following disabilities: (1) mobility disabilities; (2) vision disabilities; (3) hearing disabilities; or (4) disabilities related to diabetes. No other disabilities are recognized by the settlement agreement.

      Claimant acknowledges that the definitions section provides that persons covered by the remedial plan must fall within the following: mobility, hearing, or vision impairments, and inmates with diabetes. *Paragraph III.* Any condition must be permanent. The criteria for special placement

provides that an inmate must be wheelchair bound or have a "permanent lower extremity mobility impairment that substantially limits walking..." *Paragraph V(A)(1)*. The language of the settlement agreement controls, and Claimant's interpretation of that language does not square with the overall direction of the agreement.

The Special Master has no reason to doubt that Claimant has the condition described. Claimant may pursue his own separate litigation in federal or state court under the ADA or other related statutes. His claim is not cognizable under the settlement agreement approved by the Court.

IT IS HEREBY ORDERED that the claim of Claimant David Floyd Slusher is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 29, 2004.**

SIGNED this 11 day of October, 2004.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this ___ day of October, 2004 to the following:

Mr. Floyd David Slusher
#44260
LCF
49030 State Highway 71
Limon, CO 80826

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James X. Quinn
Assistant Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203