# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.



RECEIVED
MAY 1 5 2006
BY:

Claim Number 02-421
Category II
Claimant: Gregg Johnston, Jr., #112990
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

## RESPONSE

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's Claim.

### STATEMENT OF CASE

Claimant purports to be a member of the Montez class. Claimant alleges a disability due to diabetes.

### ARGUMENT

Whether a Montez claimant is entitled to damages turns on four criteria. First, is the claimant a disabled individual who is a member of the class? Second, was the claimant otherwise qualified to participate in the programs or receive the benefits of

the services offered by DOC? Third, did DOC discriminate against the claimant because of his or her disability? (*e.g.*, were accommodations requested and denied because of the disability?) Finally, did Defendants' conduct cause the claimant harm and if so, what is an appropriate remedy? (November 23, 2004 Order, ¶ 2). In applying these criteria, the court can look to ADA and Rehab Act case law. (Id., ¶ 3).

### I. JOHNSTON HAS NOT PROVEN A DISABILITY WITHIN THE REMEDIAL PLAN'S NARROW DEFINITIONS.

The Remedial Plan only covers inmates with permanent disabilities due to mobility, vision, or hearing impairments, or diabetes. (Remedial Plan, § III(A)). A "permanent disability/impairment" is "a condition which is not expected to improve within six months." (Remedial Plan, § III(C)). To be a member of the Montez class, a claimant must prove that he or she had a qualifying disability on or before August 27, 2003, the date the Remedial Plan went into effect.

Unlike mobility, vision, and hearing claims, the Remedial Plan does not provide an objective definition for when a claimant is disabled due to diabetes. To be "disabled" under the ADA and Rehab Act, a claimant must show that a physical impairment substantially limits a major life activity. See, e.g., Toyota Motor Manuf. v. Williams, 534 U.S. 184, 187 (2002). That a claimant has diabetes does not mean that the claimant is disabled under the ADA or Rehab Act. "It is insufficient for individuals . . . to merely submit evidence of a medical diagnosis or an impairment. Instead, the ADA requires [a claimant] to prove a disability by offering evidence that the extent of the limitation in terms of their own experience . . . substantial." Id., 534

2

U.S. at 198 (quotation omitted). A diabetic claimant is "disabled" only if their diabetes substantially limits a major life activity.

In analyzing whether a claimant is disabled, the court must consider any corrective or mitigating measures. "[D]isability under the Act is to be determined with reference to corrective measures." Sutton v. United Air Lines, 527 U.S. 471, 488 (1999) (severely myopic plaintiffs were not disabled because their vision was correctable with glasses). Examples of corrective or mitigating measures include eye glasses, hearing aids, and medication. Id.; Murphy v. United Parcel Serv., 527 U.S. 516 (1999) (plaintiff was not disabled under ADA because with medication his high blood pressure did not substantially limit any major life activity). Regarding diabetic claimants, if a claimant's diabetes can be controlled by diet, exercise, or medication, then the claimant is not disabled under the Remedial Plan, ADA, or Rehab Act.

Johnston has not proven that his diabetes rises to the level of a disability.

II. **CLAIMANT HAS NOT PROVEN THAT THE DOC DISCRIMINATORILY DENIED CLAIMANT ACCESS TO ANY JOB, PROGRAM, SERVICE, OR BENEFIT BASED ON CLAIMANT'S ALLEGED DISABILITY.**

Even if Claimant does have a qualifying disability, Claimant is not entitled to relief. Claimant must prove that he or she was denied access to a job, program, benefit, or service that the Claimant was otherwise qualified for, and that such denial was "because of" the Claimant's disability. "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." Southeastern Cmty. Coll. v. Davis, 442 U.S. 397, 406 (1979). A prisoner may not be "qualified" under the ADA or Rehab Act for

3

various jobs, programs, services, or activities because of disciplinary reasons, health reasons, or other valid penal justifications. Miller v. King, 384 F.3d 1248, 1266 (11th Cir. 2004).

The claimant must prove that he or she was denied access to certain jobs, programs, benefits, or services because of the claimant's disability. See November 23, 2004 Order, ¶ 2; 29 U.S.C. § 794 ("solely by reason of her or his disability"); 42 U.S.C. 12132 ("by reason of such disability"). There are several reasons completely unrelated to a claimant's medical condition that could prevent a claimant from certain jobs, programs, or services, such as the claimant's disciplinary history, custody level, academic history (high school diploma or GED), program compliance, time until discharge or parole eligibility, and other legitimate penological concerns. "[T]he plaintiff must present some affirmative evidence that disability was a determining factor in [defendant's] decision." Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1259 (10th Cir. 2001) (quotation omitted). Claimant's claim should be denied because Claimant has failed to prove all four elements required by the November 23, 2004 Order.

### III.  CLAIMS REGARDING THE QUALITY OF THE CLAIMANT'S MEDICAL CARE ARE BEYOND THE SCOPE OF THIS CASE.

To the extent that Claimant complains about the quality of the medical care provided by the DOC, such claims must be denied. Allegations regarding the quality of an inmate's medical care are beyond the scope of the ADA, Rehab Act, and Remedial Plan. See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134 (10th Cir. 2005); Johnson by Johnson v. Thompson, 971 F.2d 1487 (10th Cir. 1992).

4

"Unless they meet the criteria established in paragraph #[2], individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan." (November 23, 2004 Order, ¶ 5). Therefore, any claims regarding the quality of Claimant's medical care are beyond the scope of this disability discrimination case and should be denied.

## CONCLUSION

Claimant has not demonstrated that Claimant is disabled under the narrow definitions of the Montez Remedial Plan. Because Claimant has failed to prove all four required elements set forth in the November 23, 2004 Order, Claimant's Montez claim should be denied.

Respectfully submitted this 15th day of May, 2006.

JOHN W. SUTHERS
Attorney General

*[signature]*

JESS A. DANCE, 35803*
Assistant Attorney General
Corrections Unit
Civil Litigation & Employment Law Section
Attorney for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within RESPONSE upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 15th day of May, 2006 addressed as follows:

Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215-0999

**Courtesy Copy To:**

Cathie Holst, CDOC

_____
[signature]