# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 02-166
Category II
Claimant: Luis Echemendia Diaz, 84886
Address of Claimant: LCF, Unit 2B, 49030 State Hwy 71, Limon, CO 80826

---

## RESPONSE TO CLAIM AND SUPPORTING DOCUMENTS

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claim and Supporting Documents.

### STATEMENT OF THE CASE

Claimant Diaz purports to be a member of the Montez class. Diaz alleges that he is hearing impaired. See Initial and Supplemental Claim. Specifically, Diaz alleges that he is totally deaf in his left ear and has profound hearing loss in his right ear. Diaz stipulates that he has been provided with a hearing aid. Although accommodated with a hearing aid, Diaz complains that it amplifies unwanted background noises. Diaz claims

that he has a hard time discerning when people are talking to him and what they are saying.

Diaz alleges that the "arbitrary and capricious" means employed by CDOC have subjected him to discrimination, unjust treatment, anxiety, and increased risk of physical harm. It is unclear from the claim forms what specific means Diaz is alleging CDOC employed that allegedly caused such unjust treatment. Diaz also claims that CDOC does not provide additional services for the hearing impaired. Again, it is unclear what additional services Diaz is referring to. Lastly, Diaz claims that he was denied assistance or consideration because of his hearing disability. Likewise, it is unclear from the claim what specific assistance or consideration Diaz is referring to. Id.

In addition to services, assistance and consideration, Diaz alleges that he has been denied admittance to several programs offered by CDOC. Again, it is unclear from the claim forms what specific programs Diaz purportedly was denied. Id.

Diaz claims to have suffered extreme anxiety and stress as well as punitive action because of his alleged disability. There is no indication from the claim forms that Diaz suffered any physical injuries that resulted from discrimination because of his alleged disability. Diaz has allegedly filed a grievance in response to a COPD conviction that was the result of his inability to comply with an order he allegedly didn't hear. Id.

Diaz is requesting unspecified compensation, institutional changes in operation policy, and punitive sanctions against unnamed administrators who acted in a capricious and arbitrary manner.

Diaz was examined by Dr. Bloor and was found to have a hearing disability. See Def. Exh. A. According to the Accommodation Resolution, Diaz only requested a

transfer to another facility, button up shirts, surgery on his arm and shoulder, as well as a lower bunk restriction. According to Dr. Bloor, Diaz has been provided with a hearing aid that allows him to understand that he is being spoken to. Further, Dr. Bloor, case manager Roberta Walters and hearing officer Lt. Samu all indicate that Diaz is able to understand, write and speak basic English. Id.

In response to his hearing disability, LCF staff is being trained to deal with inmates with hearing disabilities. LCF staff has been made aware that if Diaz is not wearing his hearing aid, then he will not know he is being spoken to. LCF staff has also been instructed to speak slowly, clearly, and in short declarative sentences. Id.

Although his hearing loss is legitimate, Dr. Bloor found that neither the cardiac history nor shoulder problem was disabling. Despite these findings, Dr. Bloor issued several accommodations. In addition to the training and special instruction to the staff, Dr. Bloor issued restrictions for a lower bunk, phone adapter, no intense labor, no heavy lifting, and no working around heavy machinery. Id. Ambulatory Health Records indicate that Diaz was provided a copy of the Accommodation Resolution and was satisfied with the outcome.

It is unclear what programs Diaz was allegedly rejected from in light of his medical restrictions. On the contrary, Diaz has participated in several CDOC programs. Diaz has participated in Janitorial and English II programs. See Def. Exh. B. Although Diaz is currently assigned to Rec/Table washer, he has prior assignments in Food Services, Laundry, Custodian, Grounds Maintenance, and he helps fix electrical appliances. Id. Despite participating in several programs, Diaz has had several programs and job problems. Specifically, Diaz was terminated from his English class for failure to

3