# EXHIBIT M

Case No. 1:92-cv-00870-CMA-MEH   Document 2245-15   filed 09/06/06   USDC Colorado   pg 2 of 5

# REVISED ACCOMMODATION RESOLUTION



| NAME | ECHEMENDIA DIAZ | DOC # | 84886 |
|---|---|---|---|

| QUALIFYING DISABILITY AS DETERMINED BY PHYSICIAN: | HEARING |
|---|---|

**THE FOLLOWING ACCOMMODATIONS ARE TO BE PROVIDED:**

1. Housing in a designated facility and cell
2. Staff to be aware that offender may need special assistance during emergencies
3. Loan of vibrating watch

The Chief Medical Officer or designee has determined that the above offender does have a qualifying hearing disability pursuant to the mandates of the Montez Remedial Plan, therefore he is entitled to accommodations for a hearing impairment.

This offender wears a hearing aid which should be considered a health care device pursuant to Administrative Regulation 850-6, Offender Property. The device is fitted to his better ear however he may not be able to hear announcements or alarms if the hearing aid is not being worn or during times it is not operational. Staff must be aware that the offender may require special assistance during evacuation or emergencies. Due to the increased safety risk that the offender's limited hearing poses, he must be housed in an area where a strobe alarm is visible from his bunk.

The offender will be loaned a vibrating watch by the AIC. The watch should be considered a health care device pursuant to AR 850-6. The DOC will provide routine maintenance such as batteries however any damage resulting from the offender's negligence or willful acts will be charged to the offender.

It is the responsibility of the Chief Medical Officer (clinical accommodations) and the facility Warden (all other accommodations) to implement the above recommendations within 30 days of the date the Resolution was signed by the AIC. It is the responsibility of the facility Laundry Supervisor to affix colored name tags on the offender's clothing. The offender has 30 days from the date this document is served upon him to file a grievance on any matter addressed in this Resolution.

Signature: Chief Medical Officer     Date: 10/16/05

Signature: Cathie Holst, AIC     Date: 10-24-05

Original – AIC
Copies: 1-Warden
    6-Warden for distribution to the following:
        1-Inmate, 1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Laundry Supervisor
    AIC will distribute 1-Department File, 1 – Chief Medical Officer

# ACCOMMODATION RESOLUTION

| NAME | ECHEMENDIA DIAZ | DOC # | 84886 |
|---|---|---|---|
| FACILITY | LCF | DATE RESOLVED | 11/22/04 |
| CLAIMED DISABILITY | HEARING | PROVIDER | BLOOR |

**REQUEST**

Offender Diaz states he suffers from a hearing loss and also an inability to speak or understand the English language; he would therefore like to be transferred to a facility where staff accepts his limitations without holding him responsible for them. The offender also indicated to Dr. Bloor during his screening that he required accommodations for mobility due to a history of heart attack and a problem shoulder.

QUALIFYING DISABILITY     HEARING
ACCOMMODATION            STAFF INTERACTION

Offender EchemendiaDiaz is completely deaf in his left ear and has limited hearing in his right ear for which he wears a hearing aid. The offender's only request was to be moved to another facility where staff would be more understanding. As LCF is a designated facility the offender is not entitled to be moved elsewhere. His movement should be based on the usual concerns of classification, security, location of needed programs, etc. This offender complains of receiving several write-ups due to his inability to either hear or understand or speak English. As long as he wears his hearing aid he is able to understand that he is being spoken to. According to Dr. Anita Bloor, case manager Roberta Walters, and hearing officer Lt. Samu, Offender Diaz is able to understand, write, and speak basic English. A review of his disciplinary history indicates that although he does have write-ups due to failure to respond when spoken to he has numerous other write-ups where the defense of hearing loss or language barrier is less convincing. **I recommend that staff in this offender's living unit be made aware that this offender has a legitimate hearing loss which requires amplification in the better ear. If he does not have the hearing aid in place he may not realize he is being spoken to.** Compounding the problem is the language barrier; although it is clear he can speak, write and understand basic English **he needs to be spoken to slowly, clearly, and in short declarative sentences.** Staff is in the process of being trained on how to communicate with a deaf or hard of hearing offender and we are hopeful that once the training has been accomplished there will be fewer misunderstandings.

The offender also complained of a history of heart disease and a shoulder injury requiring open front shirts and other restrictions. Dr. Bloor found that neither the cardiac history or shoulder problem was disabling however she has imposed a lower bunk restriction in addition to his existing restrictions of no intensive labor, no heavy lifting, and no working around heavy machinery. These are not disabling conditions however and there is no need for accommodations.

NOV 3 0 2004

Signature: Provider     Date

_A. Blon_     _11-22-04_

Signature: AIC     Date   _Cathie Holst_     _11/30/04_

Original: AIC     Cc: Offender, Working File, Department File, Clinical File

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**
Limon Correctional Facility

49030 State Hwy 71
Limon, CO 80826
Phone: (719) 775-9221
Fax:   (719) 775-7607 (Upper Admin)
Fax:   (719) 775-7676 (Lower Admin)

Web: www.doc.state.co.us

Bill Owens
Governor

Joe Ortiz
Executive Director

Date;     December 7, 2004

To;       Living Unit Two Staff

From;     Susan Butler  *Susan Butler*
          Case Manager II

Ref;      Echemendiadiaz #84886

Offender Echemendiadiaz has been identified as an ADA offender because he is hearing impaired. I spoke with him at the request of Warden Estep and the inmate stated that he is not hearing the call for medline. Please be aware that the Montez remediation plan requires us to make sure that the offender has the same access as offenders that can hear. Therefore I am asking that staff personally inform offender Echemendiadiaz when medline is called. Obviously the speaker system is not an option to inform a hearing impaired offender, he must be told in a manner that he can read lips.

Thank you for your assistance in compliance with the Montez decision.

xc; working file
    Warden Estep

*To Whom It May Concern;
Please personally call Mr. Echemendiadiaz
for medline due to hearing problem
                                    K. Wiley ARNP  8-16-05 —
                                                   8-16-06*

*copy provided to I/m on 12/14/04*