IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-MEH (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

**DEFENDANTS' RESPONSE TO CLASS COUNSEL'S MOTION TO ADMINISTRATIVELY OPEN CASE FOR ENTRY OF JUDGMENT AND FOR PRE- AND POST JUDGMENT INTEREST ON ATTORNEY FEES**

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Class Counsel's "Motion to Administratively Open Case for Entry of Judgment and for Pre- and Post Judgment Interest on Attorney Fees."

1. In December 2005, Special Master Barr recommended that Class Counsel receive $191,500 in attorneys' fees and $12,300 in costs. (See Recommended Award of Attorney Fees and Costs, December 29, 2005, docketed at 1614). In July 2006, the State paid Class Counsel $114,900, the undisputed portion of their attorneys' fees. On August 22, 2006, this Court

accepted the special master's recommendations regarding Class Counsel's attorneys' fees and costs. (See Order Concerning Damages and Attorneys Fees, August 22, 2006, docketed at 2216). Based on this Court's Order and the State's prior payment, the State owes Class Counsel $76,600 in attorneys' fees and $12,300 in costs for a total of $88,900.

2. Class Counsel now asks this Court to re-open this case for entry of judgment in the amount of the awarded attorneys' fees and costs. Class Counsel further requests pre-judgment interest on their attorneys' fees and costs, as well as post-judgment interest. For the reason stated below, Class Counsel is not entitled to pre-judgment interest on either their attorneys' fees or their costs. Defendants concede that Class Counsel is entitled to post-judgment interest once this Court enters judgments.

3. Class Counsel is not entitled to any pre-judgment interest on their attorneys' fees or costs. According to the Tenth Circuit, "[g]enerally, no prejudgment interest should be paid for the period before the [attorneys'] fees are awarded." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 483 U.S. 711, 725 (1987). (This Court cited Ramos in its Order and Memorandum of Decision, April 30, 2004, p. 15, docketed at 599.) In MidAmerica Federal Savings & Loan Ass'n v.

2

Shearson/American Express, Inc., 962 F.2d 1470, 1476 (10th Cir. 1992), the Tenth Circuit cited Ramos v. Lamm in affirming the denial of pre-judgment interest on attorneys' fees.

4. None of the authorities cited by Class Counsel hold that pre-judgment interest is available on awards of attorneys' fees or costs. Instead, the cases cited in Class Counsel's Motion only address whether pre-judgment interest should be available on awards of damages. Where the cited cases did discuss attorneys' fees, it was always separate from any discussion of pre-judgment interest on damages. See, e.g., Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758 (10th Cir. 1997) (section II.B. addressed the award of pre-judgment, while section II.C. discussed the issue of attorneys' fees); Carr v. Fort Morgan Sch. Dist., 4 F.Supp.2d 989, 997 (D. Colo. 1998) (after holding that plaintiff was entitled to pre-judgment interest on damages award of back pay, the Court stated the issue of attorneys' fees would be addressed in a separate order). Class Counsel has not identified any authorities holding that pre-judgment interest is available on awards of attorneys' fees or costs.

5. Class Counsel requests that this Court assess pre-judgment interest at the rate of nine (9) percent per annum pursuant to Colo. Rev. Stat. § 13-21-101(1). This statute, however, only applies to awards of damages,

3

not attorneys' fees or cost. See Colo. Rev. Stat. § 13-21-101. In fact, in interpreting this statute, the Colorado Court of Appeals has held that a plaintiff cannot receive interest on an award of costs because "costs, like attorney fees, generally are not considered actual damages." Steel v. Law, 78 P.3d 1124, 1129 (Colo. App. 2003), cert. denied.

6.     Furthermore, nothing in the Remedial Plan states that Class Counsel is entitled to pre-judgment interest on attorneys' fees or costs. (See Remedial Plan, § XXXIII). Because neither the Remedial Plan nor existing precedent allow pre-judgment interest on attorneys' fees or costs, Class Counsel is not entitled to pre-judgment interest on attorneys' fees or costs.

7.     If, however, this Court holds that pre-judgment interest is available, such interest began accruing on August 22, 2006, the date this Court entered its Order Concerning Damages and Attorneys Fees accepting the special master's recommendation.

8.     Defendants concede that Class Counsel is entitled to post-judgment interest on their attorneys' fees (and probably their costs) under 28 U.S.C. § 1961 once this Court enters judgment. See MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Express, Inc., 962 F.2d 1470, 1475-76 (10th Cir. 1992) (authorizing post-judgment interest on attorneys' fees under

4

§ 1961). Consequently, once this Court enters judgment, Class Counsel is entitled to post-judgment interest at the rate set by 28 U.S.C. § 1961.

WHEREFORE, Defendants respectfully request that this Court deny Class Counsel's request for pre-judgment interest. Defendants concede that Class Counsel is entitled to post-judgment interest once this Court enters judgment.

Respectfully submitted this 11th day of September, 2006.

                                        JOHN W. SUTHERS
                                        Attorney General

                                        s/ Jess A. Dance
                                        JESS A. DANCE, 35803*
                                        Assistant Attorney General
                                        Civil Litigation & Employment Law
                                            Section
                                        Attorney for Defendants

                                        Colorado Attorney General's Office
                                        1525 Sherman Street, 5th Floor
                                        Denver, Colorado  80203
                                        Telephone:  (303) 866-5165
                                        Fax: (303) 866-5443
                                        Email: jess.dance@state.co.us

## CERTIFICATE OF SERVICE

I certify that on the 11th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
greisen@kinggreisen.com
King & Greisen, LLP
1670 York St.
Denver, CO 80206

*Courtesy Copy To:*

Cathie Holst

                                                s/ Jess A. Dance