IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: 02-113
Category: II
Claimant: Leon Bates, #106353
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

---

**FINAL ORDER OF SPECIAL MASTER**

---

THIS MATTER comes before the Special Master on the claim of Claimant Leon Bates. The Special Master has reviewed the claim and all documents filed by both sides. This Order shall constitute the final action of the Special Master on this specific claim.

**I. BACKGROUND**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (CDOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (a.k.a. Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt-out provision for class members. The Remedial Plan also created a mechanism for

1

individual inmates, former inmates or their representatives to file claims seeking damages or other remedies available in court.

Section XXXII of the Remedial Plan provided the following basis for the filing of claims for damages and/or for other relief. This section states, in part as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
>
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as Category III. *Remedial Plan, pp. 28-9.*

Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages for relief.

Section III of the Settlement Agreement provides the following definitions:

> III. DEFINITIONS
>
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
>
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
>
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

2

On November 23, 2004, Judges Nottingham and Kane issued an Order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
>
>> 1. Is the claimant a disabled individual who is a member of the class?
>> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
>> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
>> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This Order controls the adjudication of all claims and must be followed by the Special Masters. A claimant must establish by a preponderance of the evidence each of the above four criteria.

## II. FINDINGS OF FACT

Being duly advised, the Special Master makes the following findings of fact:

1.  Claimant Bates submitted a claim which was assigned claim number 02-113. The claim is premised on an alleged mobility disability.

2.  Claimant's claim was assigned to Category II pursuant to the Remedial Plan as set forth above.

3.  Claimant Bates entered CDOC custody in August of 2000. Although the record does not identify the institutions in which he has been housed since entering CDOC custody, it appears that he has been housed at the Arkansas Valley Correctional Facility (AVCF).

4.  Claimant suffers from severe cervical stenosis. A medical examination conducted in December of 2004 revealed that he has severe disk degeneration from C2 to C7 and a posterior subluxation at C3 to C4. There is evidence of cord impingement with flattening of the cord present between C3 and C6. A lumbar MRI was performed which showed grade 2 spondylosis in his lumbar vertebrae and degenerative vertebral bodies at L3, L4 and L5. Claimant states that he can only walk and stand for short periods of time and is in constant pain.

5.      Claimant Bates asserts that he is not receiving sufficient pay from his job. He worked in Food Services from 2002 to September of 2003. Since September of 2003 he has been employed as a custodian. Claimant also complains that he was denied an extra mattress in 2001.

6.      Claimant's records indicate that he was denied an extra mattress in 2001 because at that time it was determined that he did not meet the medical criteria for an extra mattress. He was provided with an extra mattress in 2004. The medical records also show that based upon his December 2004 examination the doctor recommended that Claimant undergo surgery. Claimant declined surgical intervention.

### III.  CONCLUSIONS OF LAW

1.      The legal standards applicable to this claim are derived from three sources: (a) the Remedial Plan; (b) the Rehabilitation Act, 29 U.S.C. § 794 *et seq.,* and (c) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*

2.      The first issue before the Special Master is whether Claimant is a disabled individual who is a member of the class. Under the Rehabilitation Act and the ADA, the term "disability" means "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 U.S.C. 29 U.S.C. § 794(d); 29 U.S.C. § 705(9)(B). The term "substantially limits" refers to disabilities that make an individual unable to perform a major life activity that the average person in the general population can perform; or that significantly restricts an individual as to the condition, manner or duration under which he or she can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. 29 C.F.R. § 1630.2(j)(1). "Major life activities" include functions "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(h)(2)(i).

The Remedial Plan limits the class of persons who might otherwise have a disability under the Rehabilitation Act and the ADA to those with mobility, hearing, vision disabilities, and those with disabilities due to diabetes. *Remedial Plan* ¶ III(A). Additionally, the Remedial Plan limits participation to inmates with permanent physical disabilities/impairments. *Remedial Plan* ¶ III(B). As discussed in Section I above, the Remedial Plan further limits permanent mobility, hearing, vision, and diabetes disability/impairment to those that conform to the criteria of Section V, paragraph A of the Plan.

Based on the criteria established by the Rehabilitation Act, the ADA, and the Remedial Plan, a claimant is a disabled individual who is a member of the class if, while an inmate in a facility under the control of the CDOC, he or she (a) had a permanent physical mobility, hearing, or vision impairment, as defined in the Remedial Plan, or was

4

a diabetic; and (b) this condition substantially limited one or more of his or her major life activities.

Based on the evidence presented, the Special Master finds and concludes that Claimant Bates has failed to sustain his burden of establishing by a preponderance of the evidence that he has a permanent mobility impairment that substantially limits his ability to engage in a major life activity. To be sure, his medical records reveal severe damage to his cervical and lumbar spine, which likely makes walking painful and difficult. However, it is undisputed that he has continuously been employed in jobs that require him to ambulate. Claimant acknowledges that he can walk short distances.

The fact that Claimant cannot walk or stand for long periods of time without pain is simply insufficient to demonstrate a substantial limitation on the major life activity of walking. The United States Supreme Court has noted that the term "substantial" must "be interpreted strictly to create a demanding standard for qualifying as disabled. *Toyota Motor Mfg., Ky. Inc. v. Williams,* 534 U.S. 184 (2002). Claimants must prove the limitations caused by their impairments are substantial in terms of their own experience. *Albertson's Inc. v. Kirkingburg,* 527 U.S. 555 (1999). *See, e.g., Penny v. United Parcel Serv.,* 128 F.2d 408 (6th Cir. 1997); *Rosa v. Brink's, Inc.,* 103 F. Supp. 2d 287 (S.D.N.Y. 2000); *Piascyk v. New Haven,* 64 F. Supp. 2d 19 (D. Conn. 1999); *Puoci v. City of Chicago,* 81 F. Supp. 2d 893 (N.D. Ill. 2000); *Williamson v. Hartmann Luggage Co.,* 34 F. Supp. 2d 1056 (M.D. Tenn. 1998); *Banks v. Hit or Miss, Inc.,* 996 F. Supp. 802 (N.D. Ill. 1998).

3.   Additionally, even if it assumed that Claimant has a permanent mobility impairment that substantially limits his ability to engage in one or more major life activities, the Special Master finds and concludes that Claimant has not sustained his burden of proving that CDOC has discriminated against him because of his disability. He has received medical treatment for his cervical and lumbar problems. CDOC medical providers recommended that Claimant undergo surgery but he declined such treatment. The record reflects that Claimant has been continuously employed; and there is no indication that he complained about an inability to perform the jobs assigned to him. While Claimant does complain about the pay, there is nothing in the record suggesting that the rate of pay that Claimant receives is, in any way, linked to his back problems. Finally, although Claimant does assert that he did not receive a second mattress in 2001, the record fails to demonstrate that he was medically qualified for a second mattress at that time.

4.   Because Claimant has failed to prove by a preponderance of the evidence that he has a permanent mobility impairment that substantially limits his ability to engage in one or more major life activities and because Claimant has also failed to show that he has been discriminated against by CDOC because of his alleged permanent mobility disability, his Claim must be denied.

## IV.  ORDER

IT IS ORDERED that, based upon the foregoing Findings of Fact and Conclusions of Law, Judgment be entered in favor of Defendants and against Claimant Bates dismissing his *Montez* Claim with prejudice

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed **on or before November 11, 2006** with the Clerk of the United States District Court at the following address:

>901 19th Street
>Denver, CO 80294.

SIGNED this 11th day of September, 2006;

BY THE COURT:

/s/ Bruce D. Pringle
_____
Bruce D. Pringle,
Special Master

## CERTIFICATE OF MAILING

      I hereby certify that I have mailed a copy of the foregoing FINAL ORDER OF SPECIAL MASTER this 11th day of September, 2006 to the following:

Mr. Leon Bates, #106353
AVCF
P.O. Box 1000
Crowley, CO 81034-1000

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

                                            /s/ Susan L. Carter
                                            _____
                                            Susan L. Carter