IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action NO. 92-N-870 (OES) Consolidated for all purposes with
Civil Action NO. 96-N-343)

JESSE (JESUS) MONTEZ, et al,

Plaintiff,

v.

BILL OWENS, et al,

Defendants.

---

Claim Number; 03-196 ( formerly 02-267)
Category III
Claimant; Gaudalupe Ramirez, # 112701
Address of Claimant; CTCF, P.O.Box 1010, Canon City, Co. 81215-1010

---

### OBJECTION TO FINAL ORDER OF SPECIAL MASTER

---

COMES NOW, the Claimant Gaudalupe Ramirez, pro se and OBJECT to the Special Master Final ORDER dated June 29, 2006, and as grounds states as follows:

The Claimant Ramirez was in fact discriminated against based on each of his Co-Pay's / Emergency visit to the prison infirmary for treatment. This Co-Pay was $10.00 each visit. No other inmate at CTCF has been charged in such away as claimant Ramirez. The prison medical staff objective was to beat claimant Ramirez down by attrition ( Taking His Money), which no inmate can afford.

Their are many other inmates whom are rushed to the infirmany on many occasions, but are not charged each time. The Special Master never bother to check those records which are just as available as claimant's Ramirez records are.

The Special Master failed to recognize that the Department of Corrections has an obligation and a duty, Custody and Care of State inmates. Sub-standard care is synonymous to no care at all, when one is cronic.

It is my belief that the Colorado Department Of Corrections has been and are continuing to utilize the wrong standards to decide if I have a disability, or others. I also believe that the wrong standards and legal analysis have been used by the Special Master in the

page 1.

damage claims process. And that I am being denied real disability status and damages unfairly.

I should be able to argue my Eighth Amendment claims ( that the Colorado Department Of Corrections was deliberately indifferent to my serious medical needs) in the damage claim process, if my Eighth Amendment claim relates directly to my disability.

Lastly, the attorneys representing the Montez Class will be arguing this very issue soon in Court. It is my belief that the Court will in fact rule that these issues are right, and if true the Special Master will have to review all the claims that used the wrong standards or legal analysis, and issue new opinions on those claims. I respectfully request that this Special Master RECANT it's ORDER in regards to Claimant Ramirez, and allow him to argue his case under the Eighth Amendment.

WHEREFORE: Claimant Gaudalupe Ramirez respectfully request that this Special Master RECANT it's ORDER dated June 29, 2006, and allow the Claimant to move forward with his Eighth Amendment Claims.


Respectfully submitted this 21th day of August 2006

*Gaudalupe Ramirez*
Gaudalupe Ramirez #112701
CTCF P.O.Box 1010 Ch-1
Canon City, Colorado 81215-


CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent to the attorney of record for the Defendants, by U.S. Mail, postage prepaid, this 21th day of August 2006, to the following


Office of the Attorney General
John Suthers (Attorney General)
1525 Sherman Street 5th Floor
Denver, Colorado 80203

*Gaudalupe Ramirez*


Enclosed:   OBJECTION TO FINAL ORDER OF SPECIAL MASTER


page 2.

Colorado Department Of Corrections
Name: G. Ramirez
Register Number: 112701
Unit: CH-1
Box Number: 1010
City, State, Zip: Canon City Co. 81215-1010

COLORADO SPRINGS
CO 809 3 T
05 SEP 2006 PM

Judge Richard M. Broches
Legal Resolution Center
1901 Zenobia St.)
Westminster Co.
80030-4444

800304444 C014