**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-EWN_OES (Consolidated for all purposes with Civil Action No. 96-N-343

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2006

---

Claim Number (formerly 02-278)(currently 03-247):
Category III
Claimant: George Charles, Knorr # 45154
Address of Claimant: S.C.F.,P.O. Box 6000 Unit #4-A, Sterling, Colorado 80751

CLAIMANT"S SUMMARY BRIEF OF TESTIMONY OF WITNESSES
AND
DEMAND FOR DEFENDANT"S WITNESSES TO SUBMIT EVIDENCE PURSUANT TO TITLE 5 of
U.S.C., AS BEING AUTHORIZED BY FEDERAL LAW TO GIVE "EXPERT" TESTIMONY

---

COMES NOW, George Charles, Knorr; Claimant in the above entitled Action, proceeding In Propria Persona (Pro se) and respectfully submits his Summary Brief of the testimony to be given by Claimant's witnesses in conformity with the directive of the District Court.

1. Claimant states that (ALL) of the witnesses of the C.D.O.C. will give first-hand testimony of Claimant's inabilities and medical-(Housing) restrictions as they were or are in constant daily contact with the Claimant.

2. The Expert witness of the American Diabetes Association will give evidence of what constitutes the attempted murder of a diabetic who is Hypoglycemic.

3. Doctor Mary Fairbanks as being a personal physician of the Claimant will give testimony as to ongoing medical limitations of the Claimant and as to what the Claimant ONGOING PHYSICAL LIMITATIONS are and at what period these physical limitations are expected to be resolved (healed), if any.

4. Hostile witnesses, consisting of Claimant's immediate family, having FIRST-HAND knowledge of the Claimant's medical history and physical activities of which Claimant was adept and enjoyed as daily life activities, even though they be hostile to the Claimant will give testimony to these facts and as to the fact that there is NO HISTORY of any diabetes within the family structure to the best of their knowledge and recall. Claimant avows that the only communication between these family members and himself is that Claimant's Half Sister wrote to the Claimant ONCE during his entire period of incarceration - 01-01-02 thru present date TO INFORM CLAIMANT OF HIS OTHER HALF SISTER"S DEATH. No further

(1)

communications have transpired between these family members and Claimant, even though Claimant has attempted to receive up-dates of family matters by writing to his Half-Sister and Nephew during the past Two (2) Christmas Holiday seasons. These family members refuse to correspond with Claimant on their own initiative.

5. Ms. Marie Jones of VAMC is personally familiar with the Claimant and will testify as to ongoing physical limitations and as to his past ability to work at Claimant's chosen trade and as to Claimant's earning capabilities through his hobby-crafts, which have been denied through discriminatory practices of the CDOC policies, staff and executive personnel.

### TESTIMONY TIME FRAME FOR ABOVE LISTED WITNESSES:

1. The time frame for testimony of the staff officers of the AVCF unit will be NO MORE THAN Twenty (20) minutes if properly gathered together in the area of a single telephone. Suggested such phone being in the office of Geno Gonzales or the Programs Director where each party may be sequestered in the G.E.D. class room across the hall. This time frame is adequate to allow each and every witness to testify and be cross-examined;

2. Arrangements can be made to have both parties of Claimant's ½ Sister and his Nephew at Claimant's ½ Sister's house as this is Mother and Son and they live within One (1) mile of each-other. Testimony of these Tow (2) HOSTILE-WITNESSES will extend NO MORE THAN TEN (10) minutes for bothe to testify and be cross-examined.

3. Ms. Marie Jones' testimony should last no more than Ten (10) minutes and should in all likelihood be able to be cross-examined within this time frame.

4. Dr. Mary Fairbanks of the Stout Street Clinic is being asked to review and do a short outline of Claimant's Medical file at the Stout Street Clinic and be prepared to give a short synopsis of Claimant's Medical history. Also Claimant is attempting to have Dr. Fairbanks Qualified Credentials on hand for the Hearing Board to examine for themselves, at their leisure. Testimony time should NOT exceed any more than Ten - Fifteen (10-15) minutes at the outside.

5. The Staff Dr. of the American Diabetes Association (EXPERT WITNESS) will only be called upon to testify as to what constitutes ATTEMPTED MURDER of any Hypoglycemic Diabetic and how this would establish a criminal attack upon the Claimant. Attempts are in process to have this Doctor's Qualified Credentials on hand for the Hearing Board to examine at their leisure. Testimony time should NOT exceed any more than Ten (10) minutes including cross-examination.

6. Testimony of the Staff and officers of the SCF Unit will take NO MORE than Fifteen (15) minutes total including any cross-examination if any.

THEREFORE, Claimant respectfully submits that ALL of his witness list is essential to establishing the necessary grounds for relief and that the expected

time of testimony of ALL witnesses will fall within the (TIME FRAME) of the Hearing Board's limit of Ninety (90) minutes for Claimant's issues to be addressed.

7. The testimony of the current housing staff, Acting Watch Commander, P.A. and the One Inmate which Claimant respectfully withholds the name of out of a since of protection for this party and to prevent the personnel of the CDOC from tampering with or intimidating or in the alternative, having this inmate transferred to another facility to prevent his testimony will establish WITHOUT-DOUBT, that the CDOC and its staff have committed numerous Eighth Amendment violations against the Claimant and that this practice is expected to last AS LONG AS CLAIMANT IS IN THE CUSTODY OF THE C.D.O.C., giving rise to Claimant's previous Motion and Request for Injunctive Relief for the remainder of Claimant's period of incarceration

8. Claimant is attempting to RE ACQUIRE the medical record which were STOLEN from Claimant upon his being transferred from the Arkansas Valley Correctional Facility to his current housing facility of S.C.F. The additional cost of this expense will be included in Claimant's request for relief and Claimant anticipates further filings of Civil Actions in the nature of Title 42 Subsection 1983 and additionally Criminal Charges stemming from the abhorrent actions of the staff and Executive officers of the C.D.O.C. REGARDLESS OF THE OUTCOME OF ANY ACTION OF THE DISTRICT COURT AND THE SPECIAL MASTERS IN THIS MATTER.

9. Claimant will present proof of the theft of which he speaks and present the evidence of his attempt to ADMINISTRATIVELY resolve this issue, wherein NO ADMINISTRATIVE RESOLUTION IS POSSIBLE, as the process of Administrative remedy DOES NOT allow for any monetary compensation for theft by its staff.

### CLAIMANT"S DEMAND FOR TITLE 5 U.S.C. AUTHORIZATION TO GIVE "EXPERT TESTIMONY" AND TO PRACTICE MEDICINE

Claimant hereby DEMANDS of the Colorado Department of Corrections, the Office of the Attorney General for Colorado and Governor Bill Owens to present for inspection to the Claimant and the Hearing Board of the Special Masters and the United States District Court for the District of Colorado, any and all evidence of the right to practice medicine and to thereby give "EXPERT TESTIMONY" of the witnesses of the Defense as so designated by the Counsel of the Defendant's in this matter and as designated in the Notice of Witnesses presented by the Defense Counsel. Such evidence DEMANDED is pursuant to U.S.C. Title 5 and thereby consists of the following documentations

(1) A copy of Each Defense Witness' License to practice Medicine;
(2) A copy of the Witness' Bond, its Number included;
(3) The Name of the Bonding Agent and His/Her address and Phone Number;
(4) The Name of the Bonding Company, its License Number, Address and Phone Number;

If the above named documentations are NOT presented for inspection by the Claimant and the Special Masters and furthermore VERIFIABLE beyond doubt, the Claimant will DEMAND that the Witnesses for the Defense be dismissed and that SUMMARY JUDGEMENT BE ENTERED IN CLAIMANT"S FAVOR, inclusive of appropriate injunctive relief as has been requested and outlined in Claimant's previous Motions/Pleading to the Special Masters and District Court.

FURTHERMORE, Claimant will submit at the Hearing an AMENDED CLAIM FOR RELIEF to reflect monetary relief, medical appliances, injunctive relief, <u>in light of the attempted murder of the Claimant</u>, and to include the previously requested relief, and any such other relief as the Claimant deems necessary to alleviate Claimant's suffering and violations of his Eighth Amendment Right to be free from cruel and unusual punishment as guaranteed by the United States Constitution and the Constitution of the State of Colorado.

Additionally, Testimony by the Medical Staff Dr. Sutton and H.S.A. Del LeCount of the Crowley County Correctional Facility is anticipated as being well within the time constraints levied by the Special Master for the Hearing. These parties are in ONE LOCATION and have access to a single office with a speaker - phone and will only be asked a total of Five to Six (5-6) Questions which should NOT take any more than Five Minutes to ask and be cross-examined as they are very direct and decisive questions of medical services attempted to be given and DENIED by the C.D.O.C.

WHEREFORE, Claimant respectfully submits his summary Brief of the Witness' and the anticipated testimonies of each, inclusive of the expected time element involved in the questions to be presented and the expected cross-examination by the defense counsel. All of Claimant's witnesses are necessary to FULLY ESTABLISH the extent of damages done to the Claimant by the C.D.O.C. and its alleged QUALIFIED MEDICAL PERSONNEL who have allegedly been specially trained in how to properly deal with A.D.A.'s and Diabetics in particular. Claimant respectfully requests that the Special Masters allow such witnesses of the Claimant's as the established time frame will allow (without the Defense Counsel's delaying tactics being permitted to be exercised). All questions are direct, straightforward and outright and therefore any cross-examinations will be of preemptory nature, allowing for full disclosure of facts as guaranteed by the Constitutions.

Respectfully Submitted
*George Charles Knorr*
George Charles, Knorr
45154 Claim No. 03-247
S.C.F. Unit # 4-A
P.O. Box 6000
Sterling, Colorado  80751

(4)

CERTIFICATE OF SERVICE
Via
United States Postal Service

I, George Charles, Knorr; hereby CERTIFY that a true and correct copy of the foregoing Summary Brief of Witness Testimony and DEMAND for U.S.C. Title 5 Authorization to give "Expert Testimony", was placed in the United States Postal Receptacle at the Sterling Correctional Facility on this Fourteenth day of September, 2006, and addressed to all concerned parties hereto below listed at their last published addresses and logged into the Facility's legal log for the above indicated day.

Office of the Attorney General for Colorado
1525 Sherman Street ATTN: Mr. James X.Quinn
Denver, Colorado   80203

Legal Resolution Center
Judges Borchers; Pringle & Davidson
Special Masters for the U.S. District Court
7909 Zenobia Street
Westminster, Colorado   80030-4444

Clerk of the U.S. District Court
ATTN: MONTEZ V. OWENS, 92-N-870)
Judges Nottingham/Kane
Alfred A. Arraj U.S. Courthouse
901   19Th. Street
Denver, Colorado   80294

Respectdully Submitted

George Charles, Knorr
45154
S.C.F.   Unit # 4-A
P.O. Box 6000
Sterling, Colorado   80751