IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 02-800
Category II
Claimant: Kevin McClearen, #86635
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of Claimant. The Special Master has reviewed the claim and all documents filed by both sides. Defendants have filed a motion to dismiss this claim. Claimant has filed a reply. This order shall constitute the final action by the Special Master on this specific claim.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

2

      1. Is the claimant a disabled individual who is a member of the class?
      2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
      3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
      4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

Defendants have filed a motion to dismiss. Claimant has filed a response to the motion and has requested that his claim proceed. Further argument will be waived.

The Settlement Agreement was approved by Judge Nottingham on August 27, 2003. It was on that day that the class was set by the Judge. In order to file a claim, an individual had to have been in DOC custody on or before August 27, 2003. In addition, an individual had to be disabled as defined by the Settlement Agreement *and* have been subjected to discrimination prohibited by the ADA and Rehabilitation Act on or before that date. If an individual met the criteria of the Settlement Agreement, then he could amend his claim to include discriminatory acts that occurred after August 27, 2003.

The information provided by Defendants, and not disputed by Claimant, reflects that he came into DOC custody on June 15, 1995. *Defendants' Motion, Exhibit B*. Claimant discharged that sentence on October 30, 2001. Claimant then returned to DOC custody on August 4, 2004. He was placed at the Denver Reception and Diagnostic Center (DRDC) initially, but was transferred to the Sterling Correctional Facility (SCF) on September 28, 2004. Claimant remains in DOC custody but is now housed at the Fremont Correctional Facility (FCF) in Canon City, Colorado.

In his claim form, Claimant reflects that he was incarcerated on July 27, 2004. That incarceration apparently was at the Mesa County Jail. Claimant in his claim form states that he has a hearing problem and must use a TTY telephone to communicate with his wife. The documentation submitted by both sides reflects that Claimant's wife is deaf. The documents submitted by both sides indicate that Claimant has some hearing loss.

In order to pursue a claim under the Settlement Agreement, Claimant had to allege and prove that he was disabled on or before August 27, 2003 and was the victim of discrimination based on his disability. Claimant has alleged discrimination that occurred after July 27, 2004. Claimant's allegations focus primarily on SCF. No allegations have been made by Claimant that pre-date August 27, 2003. Claimant was given an opportunity to respond to the motion to dismiss, but has not dealt with the issue of when he became disabled and when he was the victim of discrimination.

Claimant is not part of the class, as he has alleged that he was disabled on or after July 27, 2004 and that he was subjected to discrimination on or after that date.

Claimant is not covered by the Settlement Agreement and is not part of the class. Claimant retains the right to pursue his own lawsuit under the ADA and Rehabilitation Act.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

IT IS FURTHER ORDERED that the claim of Kevin McClearen is dismissed; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before December 16, 2006.**

SIGNED this 18th day of September, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master