IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 02-541
Category II
Claimant: Larry Anthony Middleton, #95119
Address of Claimant: c/o CAE, 2945 East Las Vegas Street, Colorado Springs, CO 80906

---

**FINAL ORDER OF SPECIAL MASTER**

---

THIS MATTER comes before the Special Master on the claim of Claimant. The Special Master has reviewed the claim. Defendants have filed a motion to dismiss the claim. This order shall constitute the final action by the Special Master on Defendant's motion to dismiss.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, p.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:

2

      1. Is the claimant a disabled individual who is a member of the class?
      2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
      3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
      4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provides that all claims assigned to Category II are to be resolved without a hearing. The Special Master has re-examined the claim and has determined that placement of this claim into Category II is appropriate.

The initial claim form of Claimant indicated that he came into DOC custody on July 25, 2002. At the time he filed his claim, he was at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Claimant checked the boxes for vision and mobility impairment, as well as the box for diabetes. Claimant stated in his claim form concerning his disabilities as follows:

> I have osteo arthritis in both knees. No treatment - trouble to work certain jobs limited movement.
> Vision impairment is I'm sun sensitive waiting on treatment.
> Diabetes. Can't hold certain foods. Also sight affect.

When asked in the initial claim form to describe the discrimination that occurred as the result of DOC and its staff, Claimant stated "can't go to certain facilities."

Claimant was sent a supplemental form to complete as to each claimed disability. He was directed to return those forms by August 19, 2004, but has never returned them. Claimant was granted time to submit medical records and other documents in support of his claim, but he has submitted nothing.

Defendants have filed a motion to dismiss. Defendants argue that Claimant cannot prevail based upon what he has submitted to the Special Masters, even if everything submitted is accepted as true.

Claimant has been placed into a community corrections program. Claimant was granted up to and including June 26, 2006 in which to reply to the motion to dismiss. Claimant has filed nothing.

3

## III.

The claim process established by the Settlement Agreement contemplated that inmates and former inmates would be filing their own documents. As with all *pro se* pleadings, these documents, including initial claim forms, would be examined very liberally. The goal of the process is to allow all individuals who were subjected to discrimination prohibited by the ADA and Rehabilitation Act the opportunity to seek compensation and other relief.

The Settlement Agreement does not contemplate that initial claim forms be so vague as to fail to establish even a minimal case. Since Category II claims are resolved on documents submitted by both sides and no hearing will take place, there must be a sufficient basis upon which the claim can be considered. As to this claim, the minimal basis upon which the claim could proceed is not present.

The Settlement Agreement requires that a major life activity be affected by the disability. Claimant has not alleged that has occurred. Claimant was given the opportunity to submit supplemental forms, medical and other records to support his claim, but he has not done so. He was given the opportunity to respond to the motion to dismiss and has not done so. Claimant could have expanded his allegations in a response to the motion to dismiss but he filed nothing.

The Settlement Agreement requires Category II claims to be resolved on documents. The ultimate question is whether Claimant could prevail, as a matter of law, if his claim were the only document to be considered. The answer is no. The allegations are vague and do not reflect any effect on a major life activity. The allegation concerning discrimination does not reflect that Claimant was eligible for placement in any given facility and was denied such placement because of his medical condition. Stated simply, Claimant could not prevail even if his document was the only thing before the Special Master, as it cannot establish a case as required by the Order of November 23, 2004.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted; and

IT IS FURTHER ORDERED the claim of Claimant is dismissed; and

IT IS FURTHER ORDERED that Claimant is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before December 18, 2006.**

SIGNED this 18th day of September, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master