**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2006

GREGORY C. LANGHAM
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action, File No. 92-N-870)(OES)(consolodated for all puposes with Civil Act.No:
(To be supplied by the Court) 96-N-343

Claim No. 03-088
Catagory III
Claimant Patrick O'Boyle, FMCC, P.O.Box 200, Canon City, CO 81215-0200

JESSE (JESUS) MONTEZ, et al.,           )
                        , Plaintiff(s) )
                                        )
                                        )
            vs.                         )
                                        )
BILL OWENS, et al.,                     )
                                        )
                                        )
                          ,Defendant(s) )
                                        )

**MOTION TO U.S. DISTRICT COURT TO ISSUE ORDER TO THE COLORADO DEPARTMENT OF CORRECTIONS TO HAVE INMATE O'BOYLE REMAIN IN COLORADO UNTIL HEARING FOR CLAIM IS CONCLUDED**

   Comes Now the Plaintiff, P. O'Boyle, pro se, from the Fourmile corretional Center and requests that this Honorable Court issue an Order to the Colordo Department of Corrections, Offender Services, to not relocate inmate O'Boyle # 83672, to the private prison services out of state,(Oklahoma), that is being contemplated by CDOC at this time,

              The reasons for such a request are as follows:
1) The inmate O'Boyle # 83672, plaintiff in this case enumerated above, was scheduled to be present at a hearing over one year ago while being housed at the Sterling Correctional facility in Sterling,Colorado. Hearing scheduled for late September 2005.
2) Due to an arbitraty or a willfull and unreasonable action without consideration and in disregard of principle made it impossible for Inmate o'boyle to be present at this very important proceeding.
3) The Inmate O'Boyle was relocated to the Cheyenne Mountain Reentry Center and forced to participate in mental modification rehabilitation treatment against his will and without the access to any law library for a nine month period. He faced

the illegal threat of punitive punshment if he did not participate in the, allegedly, intensive rehiblitative programs.

4) Inmate O'Boyle completed the entire program and several extra programs under duress but with the hopes he would be relocated to afacility where he could persue his legal and constitutional right to have meaningful and adequate access to the courts.

5) While at the CMRC he recieved a notice from this Court that he was to be transported to a hearing concerning this claim in early January 2006.

6) in december of 2005 he recieved a notice that the hearing would not occurrand would be rescheduled.

7) Inmate O'Boyle was relocated to the FMCC center in Early June 2006 where he notified this court of his change of address.

8) In early September, 2006 inmate O'Boyle recieved an Order of Special Master, R.C. Davidson stating that this Court would be scheduling 75 hearings over the next months and that the Claimant will recieve an Order from the Special Master setting the hearing date.

9) The Plaintiff/inmate O'Boyle has just been informed by case management at this facility that he may be being transported, out of state to one of two provate facilities in the State of Oklahoma and that transport could be at any time in the near future. This unecessary move out of state will be for a time period well over a year or possibly more. Once again staying the required and necessary hearing by this Court for an excessive period of time.

10) Because of the problem described above and because CDOC has more than 21 thaosand inmates and because more than ten thousand meet the criteria to be sent out of state without their legal litigations be impeded or interfered with, the Plaintiff makes the following reasonable request:

that this Honorable Court issue a temparary injunction stating to the Colorado Department of Corrections, Offender Services,that Inmate O'Boyle remain housed at the facility he is now being held at until all the necessary proceedings that are and will be involved in the litigation of case number 03-088 are completed and finalized. The Plaintiff believes that this request is reasonable and, in fact, necessary so that due process concerning his case can issue and that there could be no harm to any involved, and would expidite the litigation of the case in a proper manner without further unnecessary delay.

The Plaintiff reminds this court that his medical treament and needs concerning his progressively deteriorating and serious chronic arthritic condition are "on hold" until some progression is made in the litigation process.

10) The Plaintiff states that the painful condition impeding and seriously limiting his daily movement are becoming much more restrictive and very painful to the point that he can only perform normal walking for about a fourty minute period before pain and discomfort makes it impossible to continue in his normal daily functions. A remedy and attention are necessary immediately to eleviate this painful and consistant condition.

11) The Plaintiff feels and he urges this Honorable Court to agree, that relief, medical treatment and a solution to this egregious and painful condition, along with other remedy, be sought at the earliest possible convenience. Doctors who diagnosed his condition recommended surgical intervention over ten years ago and the condition is now being described as severe degeneration.

12) All the discomfort and pain could have been remedied with a simple operation as was recommended by three diferent doctors, eleven years ago.

Wherefore and in consideration of the above facts and circumstances, the Plaintiff requests that this Court contact CDOC and order a temparary injunction stating that inmate O'Boyle be retained in the current housing situation and not be relocated to a private prison, out of state, where in all likelyhood, the facility will not be held to a responsible degree of medical treatment for a chronic condition and the condition would become perminently crippling. An injunction will simply expidite the necessary attention to a serious delema that now exists by addressing the situation as soon a possible, such as holding a hearing without delay or interuption.

RESPECTFULLY SUBMITTED

*/s/ P. O'Boyle*

Patrick O'Boyle #83672- sent for copying
from FMCC PM-9/20/06

CERTIFICATE OF SERVICE

I, Patrick O'Boyle, do swear that i have sent a true copy of this motion for temparary injunction to the involved party(s) on this day via the U.S. Mail, dated September ____, 2006/

SIGNED */s/ P. O'Boyle*