

71 Fed.Appx. 30                                          Page 1

71 Fed.Appx. 30

**(Cite as: 71 Fed.Appx. 30)**

C

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
Gregory Lee McCALL, Plaintiff-Appellant,
v.
JOHNSON COUNTY SHERIFF'S
DEPARTMENT, Defendant-Appellee.
**No. 03-3088.**

July 25, 2003.

Pro se inmate brought action against county sheriff's office for violations of his civil rights. The United States District Court for the District of Kansas dismissed the complaint. Inmate appealed. The Court of Appeals, Kelly, Circuit Judge, held that detention center's policy of charging a copayment for medical services and a monthly charge for medication did not inflict cruel and unusual punishment.

Affirmed.

Lucero, Circuit Judge, filed concurring opinion.

West Headnotes

**Prisons** 🔑**17(2)**
310k17(2) Most Cited Cases

**Sentencing and Punishment** 🔑**1546**
350Hk1546 Most Cited Cases

Detention center's policy of charging a copayment for medical services and a monthly charge for medication did not inflict cruel and unusual punishment, where indigent inmates were guaranteed service regardless of their ability to pay. U.S.C.A. Const.Amend. 8.

*30 Gregory Lee McCall, Johnson County Adult Detention Center, Olathe, KS, for Plaintiff-Appellant.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges. [FN*]

> FN* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**\*31 ORDER AND JUDGMENT [FN\*\*]**

> FN** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

PAUL J. KELLY, JR., Circuit Judge.

Plaintiff-Appellant Gregory Lee McCall, appearing pro se and in forma pauperis, appeals from the district court's dismissal of his civil rights action against the Johnson County Sheriff's Department. The district court construed Mr. McCall's complaint to allege that the Johnson County, Kansas Adult Detention Center's policy of charging a copayment for medical services and a monthly charge for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

71 Fed.Appx. 30

71 Fed.Appx. 30

Page 2

**(Cite as: 71 Fed.Appx. 30)**

medication inflicts cruel and unusual punishment in violation of the Eighth Amendment. The district court dismissed the complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A complaint filed pro se must be given a liberal construction. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Such a complaint may, however, be dismissed upon initial review if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

Mr. McCall's claim that his Eighth Amendment rights have been violated is without merit. While it is true that a state statute that does not allow for exceptions to a copayment requirement would be unconstitutional, that is not the case here. *Cf. Collins v. Romer,* 962 F.2d 1508, 1514 (10th Cir.1992).

It is clearly constitutionally acceptable to charge inmates a small fee for health care where, as here, indigent inmates are guaranteed service regardless of ability to pay. *See Reynolds v. Wagner,* 128 F.3d 166, 173-74 (3d Cir.1997). Despite Mr. McCall's claim, it appears that penurious prisoners have a debit placed on their prison account balance. As such, Mr. McCall does not allege that he was denied access to medical care due to any inability to satisfy the copayment requirement, but simply that he would prefer his money be used to "supplement the horrible menu." R. Doc. 1 at 4. Mr. McCall's claim lacks any cognizable merit.

Accordingly, we AFFIRM the dismissal of Mr. McCall's complaint for failure to state a claim upon which relief may be granted for substantially the reasons given by the district court. Mr. McCall is reminded that he remains obligated to make partial payments until the entire filing and appellate fees have been paid.

AFFIRMED.

LUCERO, Circuit Judge, concurring.

I concur in the judgment. I see nothing in the record or in the facts as argued by the appellant that suggests that the co-payments at issue are "so large in comparison to inmate income" as to implicate Eighth Amendment concerns. *32Collins v. Romer,* 962 F.2d 1508, 1510 (10th Cir.1992) (summarizing plaintiffs' allegations).

71 Fed.Appx. 30

**Briefs and Other Related Documents (Back to top)**

• 03-3088 (Docket) (Mar. 21, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.