IN THE UNITED STATES DISTRICT COURT

ORIGINAL

FOR THE STATE OF COLORADO

Civil Action No: 92CV870 (EWN-OES) ( Consolidated for all purposes with Civil Action No: 96N0343 )

JESSE MONTEZ et al.

    Plaintiff,

V.

BILL OWENS, et al.

    Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2006

GREGORY C. LANGHAM
CLERK

Claim Number: 02-049
Category III
Claimant: LOUIS PEOPLES JR., #43943, Limon Correctional Facility, 49030 State Highway 71, Limon, Colorado 80826

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION
FOR PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of his motion for a preliminary injunction pursuant to **Rule 65(a)** of the **Federal Rule Of Civil Procedure**. In determining whether a preliminary injunction should be issued, a Court must consider whether Plaintiffs seeking the injunction has demonstrated at: (1) It has a reasonable likelihood of success on the merits, in accordance to the **Montez** case of the underlying claim; (2) No adequate remedy at law exists; (3) It will suffer irreparable harm if the preliminary injunction is denied; (4) The irreparable harm the party will suffer without injunction is granted; and; (5) The preliminary injunction will not harm the public interest. **Ty. Inc v. Jones Group Inc, 237 F.3d 891, 895 (7th Cir. 2001); Platinum Home Mortgage Corp. v. Flatinum Fin Group Inc, 149 F.3d 772, 776 (7th Cir. 1998).**

Here, Plaintiff is very likely to prevail on the merits pursuant to **Montez v. Owens/ Colorado Department of Corrections.** The **Eighth Amendment** requires prison officials to protect the health and safely of inmates and may not act with deliberate indifference to the needs of prisoners who have a **serious** handicap or disability, and they may not act with deliberate indifference which amounts to the deprivation of a basic human

needs. **Farmer v. Brennan, 511 U.S. 825 (1994)**

It is well established that exercise is a basic human need. As caselaw has explained "exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being" See **Delaney v. DeTella, 256 F.3d 679, 683 ( 7th Cir. 2001 )**. See also **Anderson v. Romero, 72 F.3d 678 ( 7th Cir. 1995 )** also **Bailey v. Shillinger, 828 F.2d 651 ( 10th Cir 1987 ).**

Here, the Plaintiff has chronic conditions ranging from asthma, epilepsy, hypertension, and heart disease. These medical disease are chronic. They effect this inmatess health for long periods of time, and require ongoing medical attention.

Any inmate affected by asthma has difficuly breathing when their airways become inflamed. Inmates with asthma need ongoing medical monitoring andftreatment (including the use of an inhaler during asthma attacks). (Epilepsy is a general term for a variety of seizure disorders). A seizureeoccures when abnormal electrical activity in the brain causes an involuntary change in body movement or function, sensation, awareness, or behavior. Prisoners should be assigned lower bunks to avoid falls during seizures.

Hypertension involves high blood pressure. Blood pressure is the force that blood exerts against the wall of the arteries which carry blood away from the heart. Blood pressure must be maintained at a certain level so that nutrients and oxgen in the blood can reach vital organs. Inmates, including Plaintiff have to take steps to lower their blood pressure ( by losing weight, reducing salt content and exercising regularly, something this plaintiff is not getting. (exercising).

In **July** of **2002,** Plaintiff had triple coronary by-pass surgery due to having suffered **Five Myocardual Infarctions/heart attacks** ( death of heart tissue cells ), which are well known for being seriously painful and debilitating.

The Limon Correctional Facility has no exercise area for chronic care prisoners. Inmates who is chronic care are not allowed in the weight area for general population, and there is no exercise equipment for recording the electrical currents associated with heart activity.

At this time, this court must recognize that relief is needed at the Limon Correc-

2.

tional Facility for its **Disabled Inmates.** See Exhibits attached, that will show I have exhausted all available remedies for relief and gotten No results from Admin. Griev. Sys., ADA **Montez Action, Inmate representative** Attorney **Paul Greisen,** whom has never visited me or talked with me about my concerns relating to MONTEZ V. OWENS matter.

Under the ADA suit/settlement, the Court, CDOC, and Attorney General, failed to reeo cogize and address vital **Chronic Patient Care and needs** for accommodating Physical Therapy and Recovery Programs or Equipment to accomplish such. The benefits I have reeeived from my efforts. Has been Facility Staff sarcasm, contempt, and malicious or utter indifference. Plus the notorious DOC practice of pass-the-bunk as to who's responsible or who's in-charge-of-what. Statements such as; too bad" You're in prison" suffer" do your exercises in-cell" don't use weights or equipment" No running" ... are not tolerable, where there exists no alternative solution for prescribed recovery Therapy. Who are these people to condemn inmates to stagnated finality accompanied by harsh words? Why are my prescribed care and obvions accommodation and treatment needs for recovery therapy ignored or subverted. I have a medical history of having suffered brain kidney problems, and seizures creating additional problems at night when sharing a double cell. I also must hobble with a cane due to remaval of the great saphenous vein from my right leg that was used to circumvent myydiseased cardiac arteries.

This, as stated above are obvious Physical-Mobility Disabilities still not being appropriately recognized or accommodated in Order to deal with these disabilities, the Physiaal Therapy recovery/treatments or the minimum exercise including items such as a: Stationary Bike, Stair Master, Rowing Machine, Cable-Universal Machine Set-up for handicap prisoners. Cardio Monitor, or Low Impact resistance type machines, etc.

The Limon Correctional facility possessed all of this equipment originally, this equipment was purchased for use by the inmates, but later this equipment was transferred to a separate area pf the Gym for the sole use of Limon Correctional Facility Staff or sent to the Limon City Community Center or destroyed.

3.

Plaintiff has made repeated requests to defendants about this exercise equipment for exercise by handicap inmates, and other recreational opportunities, both verbally, and through administrative grievances. Defendant have to have to denied each of the grievances. Defendant's knows that their "No exercise policy" poses a substantial risk of serious harm to plaintiff's health. Nevertheless, Defendants have failed to respond reasonably. they have refused to provide plaintiff with any exercise equipment that could be used for his health period. Their refusal amounts to deliberate indifference in violation of Plaintiff's rights under the **Eighth Amendment**. Plaintiff will therefore, without counsels, proceed on the merits in **Montez.**

## PLAINTIFF FACES A SUBSTANTIAL THREAT OF IRREPARABLE HARM

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied an ipportunity to use any exercise equipment, Plaintiff has suffered and continues to suffer serious physical and mental injuries. Plaintiff **Louis Peoples Jr.,** has suffered headaches, constipation, depression, and weight gain.

Plaintiff has experienced renewed pain in his chest with the swelling of his right leg. Plaintiff has been charged more than **Fifty Dollars** for **chronic care emergency** treatments. In **Delaney v. Detella, 256 F.3d at 685;** the **Seventh Circuit** held that similar injuries were addressed under the **Eighth Amendment.**

Plaintiff and other inmates have reported their injuries to defendants through administrative grievances, including those medical whom turn, has passed it on to housing staff. In so doing, this has entire administration on notice of the harm caused by their "No equipment policy". Nevertheless, deféndants have refused to change their policy. As a result of defendant's deliberate indifference, plaintiff continues to face substantial risk of serious harm for as long as he is without exercise equipment for **cardio therapy. See attached Funeral arrangement for Anthony Thomas** whom had an **chronic heat attack here at the Limon Correctional Facility** after exercising at the gym without heart monitoring equipments.

4.

Now any remedy at law for plaintiff injuries and all other inmates whom has attached a summary report to this request would be inadequate. The **Tenth** and **Seventh Circuit** has explained that in the contest of a motion for preliminary injunction, the term "inadequate" does not mean" wholly ineffectual, "but rather" seriously deficient as a remedy for the harm suffered: **Toland Mach Co v. Dresser Indus, Inc, 749 F.2d 380, 386 (7th Cir. 1984).** Here any after-the-fact remedy for the serious injuries that the plaintiff is now suffering would be seriously deficient. See **Jolly v. Coughlin, 76 F.3d 468, 482 (2nd Cir 1996)** (finding that plaintiff had sustained irreparable harm "that cannot be adequately compensated monetarily" as a result of being confined in cell without exercise). **Federal Statues** and **Case Law** restrict the availability of damages to inmates in **Civil Rights Suits.** Damages for the adverse effects of a denial of exercise are also difficult to quantify and win at trial, particularly when the plaintiffs are not-represented by counsel. Preliminary Injunction relief is appropriate to correct this ongoing constitutional violation.

## THE THREATENED HARM TO PLAINTIFFS OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE DEFENDANT

The threat of harm to the plaintiff outweighs any harm that might result to defendant by a preliminary injunction,.As this memorandum has explained, plaintiff and other **chronic care prisoners** in the **Limon Correctioan Facility** are exposed to an ongoing substantial risk of serious harm. The relief that **Louis Peoples Jr.,** seek is essentially an **Order** compelling defendants to perform their preexisting duties under the **United States Constitution. See Farmer, 511 U.S at 832-33.** The proposed relief is narrowly tailored to remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. See **18 U.S.C.A. 3626(a).** It **will not cause defendants any real ¶harm".**

## THE PUBLIC INTEREST WILL BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION

Finally, Plaintiff seeks a preliminary injunction to protect his and other inmates **Eighth Amendment** rights. As a general matter, the public interest ... is always well

served by protecting the constitutional rights of all its members: **Reinert v. Haas, 585 F. Supp 477, 481, (S.D Iowa 1984); see also: Spartacus Youth Leaque V. Board of Trustees, 502 F. Supp. 789. 804 (N.D III 1980)** ( Finding that the ultimate public interest lies in the protection of the **Constitutional right** which Plaintiff asserts). The public interest is not served by defendants "current practice of subjecting **chronic care inmates** at the **Limon Correctional facility** to the deprivation of a basic human need.

## CONCLUSION

For these reasons, Plaintiff asks this Court to Order Defendants, their successor; agents, employees, and all persons acting in concert with them, to provide **Louis Peoples Jr.**, and other **chronic care prisoners**, with the exercise equipment needed by handicapped prisoners to maintain his/their health, and other recreational opportunities, as well as other Facilities within the **Colorado Department of Corrections** ( Such as **FCF, TCF, OCF, FLCF** ).

Done this 10th day of Oct, 2006

Respectfully Submitted

Louis Peoples Jr.