IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 92-N-870 (OES)

JESSE (JESUS) MONTEZ, et al., Plaintiffs,
-VS-
BILL OWENS, et al., Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2006

GREGORY C. LANGHAM
CLERK

Claim Number 02-296
Category: II
Claimant: Daniel N. Robles, DOC #47882
Address of claimant: FMCC / PO Box 200 / Canon City, CO 81215-0200

**CLAIMANT'S TIMELY OBJECTION TO FINAL ORDER OF SPECIAL MASTER**

COMES NOW, the claimant, by this objection, pursuant to Federal Rule of Civil Procedure 53(g)(2), and enters his objection to the Special Master dismissing his claims to relief as a party to the MONTEZ settlement, and for grounds, submits the following:

> 1. Claimant submitted a claim for relief as party to the MONTEZ settlement premised on an alleged permanent mobility disability and permanent vision impairment. The claim was assigned a claim number, captioned above, and assigned a class category, also captioned above. The injury was alleged to have taken place prior to the settlement date in MONTEZ, and while in the custody of the Colorado Department of Corrections, vesting this court and the Special Master assigned to this claim with jurisdiction.
>
> 2. Claimant asserted that the conditions that he continues to suffer from are dehabilitating and degenerative due to the standard of care he has received while he has remained incarcerated, and that the DOC has exhibited extreme indifference to his medical needs. He has never been referred to a specialist for the conditions that he suffers with, and has made his medical records available for release to the court and counsel in good faith. He will renew that good faith with an accompanying authorization for release of medical information from the Department of Correction.
>
> 3. The claimant asserts his meeting the standard of what constitutes a "disability" under the Rehabilitation Act and the ADA. By definition, a disability means a physical..impairment that substantially **limits** one or more of the major life activities of (an) individual (paraphrased). The term "substantially limits" refers to disabilities that make an individual unable to perform a major life activity that the average person can perform, or that significantly restricts an individual as to the condition, manner or duration under which the average person can perform that same major life activity. Major life activities include functions such

- 1 -

as caring for oneself, performing manual tasks, walking, seeing, speaking, breathing, learning and working. See 29 Code of Federal Regulations §1630.2(j)(1) and §1630.2(h)(2)(i). The claimant asserts that his disabilities meet the threshhold of the requirement set out in the Code of Federal Regulations section described above. He asserts that his disabilities prohibit him from the performance of functions such as performing manual tasks (working; he is restricted to the assignment of security porter, the only position available for inmates with serious disabilities) in the same manner or with the same ability as someone without the conditions that he suffers from, and he has **difficulty** with walking that are unlike a person that is unaffected by those same conditions. The standard of **restricting an individual** as to the condition, manner or duration under which the average person can can perform that same activity has been met in this case. The interpretation that **only** the activity of walking is not what has been set out by the Code of Federal Regulations, as cited above. Only the burden of substantial limitation or restriction must be met, and the claimant asserts that he has met that burden. Again, as a good faith gesture, the claimant makes a release authorizing access to DOC medical records available as an attachment to this objection for verification of the severity of the disability that he asserts. If additional documentary evidence is needed to make the claimant's claim solvent, a demand or request should be made to the claimant to produce such documentary evidence. The burden for the claimant is only to allege that he qualifies as a party to this action, and that burden has been met by the claimant as well. The claimant reasserts that his disabilities are in fact permanent in nature, and are degenerative.

4. The claimant asserted that his monocular vision is a disability due to the pain it causes him when he tries to focus for reading or other like activities. This also meets the standard of substantially limiting his ability to work or to learn. See the grounds given above pursuant to the Code of Federal Regulations. Monocular vision is not a disability per se, but it **is** in the claimant's case, due to it hindering his abilities to work and learn at the same level as the average person.

5. In recent compliance hearings, the court has held that the incorrect standard may have been applied to the claimants for some of the disabilities asserted as part of the class, and that claims to Eighth and Fourteenth Amendments of the US Constitution are addressable as part of this settlement and may be addressed at a later time. The claimant reserves these claims for future litigation.

**WHEREFORE,** the claimant prays that this court will find grounds in this objection to the final order of the Special Master, and reverse the order to dismiss the claimant as party to the MONTEZ settlement.

Dated this 3rd day of October, 2006

Respectfully Submitted,

*Daniel N. Robles* (signature)

Daniel N. Robles, Pro Se
DOC Register Number 47882
FMCC / Unit A / PO Box 200
Canon City, CO   81215-0200

## ** CERTIFICATE OF MAILING **

On this |TH day of October 2006, I, Daniel Robles, placed a true and correct copy of this objection into the mailing system at the Four Mile Correctional Center for the US Mails, postage prepaid, and to the following parties:

> US District Court
> District of Colorado
> 901 19th Street
> Denver, Colorado   80294
>
> James Quinn / Jess Dance
> Office of the Attorney General
> Litigation Section
> 1525 Sherman Street, 5th Floor
> Denver, Colorado   80203

*Daniel N. Robles* (signature)

- 3 -

2R 16 - SM

**COLORADO STATE DEPARTMENT OF CORRECTIONS** Sec. 5 HR/Req
AUTHORIZATION TO **RELEASE/REQUEST** MEDICAL INFORMATION

I, __Daniel N. Robles__ DOB __17 Feb 1956__ DOC # __47882__ FACILITY __FMCC / A__
(Please Print)
SS# __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__

Authorize the Department of Corrections to __XXX__ release _____ ~~request~~

medical/mental health records (to/~~from~~) __UNITED ***** STATES DISTRICT COURT */* AG's Office__
_____NAME OF PERSON OR ORGANIZATION.

Extent or nature of information, please include dates of service requested.

__XXX__ Copy of History and Physical, Dis. Summary and Procedure Note.
__XXX__ Copy of Ambulatory Health Record.
__XXX__ Copy of Medical/Mental Health Records--Records released for continuity.
_____ OTHER _____ of care when DOC receives info.

I understand that the information to be released may include HIV infections and Drug and Alcohol documentation.

I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this authorization at any time, except to the extent that action has already been taken to comply with it. This release will remain in effect for 90 days, unless specified in writing for a shorter time frame.

I make this consent upon the premise that all disclosure made pursuant to the authority granted by this consent shall be accomplished by a written notice which states as follows:

"This information has been disclosed to you from records whose confidentiality is protected by Federal Law. Fed. Regulation (42 CFR, part 2) prohibits you from making any further disclosure of it without specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose."

I hereby release the health care provider from any liability which may result from furnishing the information requested as authorized in this release.

I have read the above and foregoing **PATIENT'S CONSENT FOR DISCLOSURE OF CONFIDENTIAL INFORMATION** and I do hereby acknowledge that I am familiar with and fully understand the terms and conditions of this consent.

Date __6 October 2006__ OFFENDER'S NAME _Daniel N Robles_

WITNESS _____ MELVIN RAY ELIZER #103323

31215(R1/00)   Dist:   White-Med. Rec.   Canary-Offender Copy