IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number 02-757
Category II
Claimant: Scott Neff, #109934
Address of Claimant: c/o Sylvia Bolte, 1024 Lynx Avenue, Loveland, CO 80537

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

      THIS MATTER comes before the Special Master on the claim of Scott Neff (Claimant). Claimant previously was incarcerated in the Colorado Department of Corrections (DOC). He has been discharged and is no longer under DOC jurisdiction.

      This claim has been assigned to Category II. Pursuant to the Remedial Plan, Claimant was not entitled to a hearing. Claimant has been given an opportunity to submit documents in support of his claim. Defendants have filed a response to the claim. Claimant was given the opportunity to reply to the response of Defendants, but he has filed no further documents. Further argument will be waived.

**I.**

      This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1]   Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.

---

[1]The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

2

> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> > 1. Is the claimant a disabled individual who is a member of the class?
> > 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> > 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> > 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

In his initial claim form, Claimant states that he came into DOC custody on April 13, 2004. He further alleges that he remained in DOC custody until June 30, 2004. He returned to DOC custody on August 19, 2004. As mentioned previously, Claimant has discharged his sentence and is no longer in DOC custody.

In response to the question the claim for concerning disability, Claimant stated as follows:

> I am a incomplete paraplegic and require a wheelchair to ambulate + can sometimes use crutches for very short distances. 20-30 feet.

Claimant further detailed in his claim that he was denied access to a handicapped cell and had a broken foot in a cast for part of the time he was incarcerated. Claimant also stated in his claim form that a nurse practitioner accused him of not being a paraplegic and being a fake.

Defendants response to the claim includes a grievance Claimant filed on May 10, 2004. In that grievance, Claimant details his concerns about the treatment that he received. *Exhibit A*. Claimant detailed incidents which he alleges occurred after he was incarcerated. All of the incidents set forth in the grievance occurred in 2004.

### III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. Each will be taken separately.

**1. Is the Claimant a disabled individual who is a member of the class?** Only one issue needs to be resolved concerning this claim. The Settlement Agreement was approved by Judge Nottingham on August 27, 2003. It was on that date that the class was set. In order to be part of the class and eligible to file a claim, a claimant had to have been in DOC custody on or before August 27, 2003. In addition, the Claimant had to have been disabled, as defined by the Settlement Agreement, and been the victim of discrimination prohibited by the ADA and Rehabilitation Act.

The initial claim form sets forth that Claimant came into DOC custody on April 13, 2004. This post-dates the approval of the Settlement Agreement and establishment of the class. In addition, Claimant has alleged only actions that occurred in 2004. Claimant is not part of the class and may not pursue his claim.

Claimant does have a remedy in that he may file his own lawsuit. Claimant has made significant allegations that may be actionable through a separate civil action. Since Claimant was not in DOC custody on or before August 27, 2003, he may not pursue his claim in this case.

**2. Questions 2 through 4**. These do not need to be answered, as Claimant is not part of the class and the answer to Question #1 is no.

IT IS HEREBY ORDERED that the claim of Scott Neff is denied, as he is not part of the class as required by the Order of November 23, 2004.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 22, 2007.**

SIGNED this 31st day of October, 2006.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master