IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)(Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.,
      Plaintiffs,
-vs-
BILL OWENS, et al.,
      Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV - 3 2006
GREGORY C. LANGHAM
CLERK

Claim Number 03-247 (previously 02-278)
Category III
Claimant: George Charles, Knorr; #45154
Address of Claimant:
SCF, P.O. Box 6000, Sterling, CO 80751

---

## RESPONSE TO ORDER OF SPECIAL MASTER, 13, October, 2006

COMES NOW, THE Claimant, George Charles, Knorr, and hereby responds to the Order of the Special Master dated October, 13, 2006.

1. Claimant specified numerous D.O.C. Personnel as witnesses to this matter in his previous Motion responding to the Brief of the Attorney General of the Territory of Colorado, (A.K.A. the State of Colorado); Each and Every D.O.C. Staff Personnel named as witnesses are essential to the claim of the claimant in that each can and must respond to the conditions of Claimant's Housing, Work assignments as are related to the direct, deliberate indifferent, means in which the Claimant has been DISCRIMINATED against due to his disabilities and the physical limitations such disabilities force upon the Claimant.

2. Claimant stipulates that such testimony from the previously named D.O.C. Personnel - Witnesses, (if properly organized in the designated areas of the locations of work), will take no more than Twenty (20) minutes to give testimony in this matter. This entails the facilities of Sterling and Arkansas Valley Correctional Facilities.

3. Claimant invokes the right to have a Sequester of the D.O.C. Personnel Witnesses and proposes the following method:

    3(a) At the Arkansas Valley Correctional Facility in the building which houses the Library and Law Library, is the office of the Programs Director (Formerly Lt Trujillo's position & Office), across the hall from Mr. Nighsinger's Class-room). This office has a speaker phone and a door which closes and in conjunction with Mr. Nighsinger's Class-room for sequestration of these witnesses who will, and which have testified, work for the purposes of this hearing. These doors are no more than Sixty (60) inches apart and there is a third door which will allow exit from the building after testimony is given without the party who just testified and the next party to testify being allowed to converse with each other until all testimony has been given.

4. Claimant states that the personnel of the Crowley County Correctional Facility which have been named as witnesses both work in the Clinic (Medical Office) of this facility and testimony may be given in the office of Ms. De La Count, the H.S.A. for this facility. Claimant has no objection to both of these persons being in the same office during testimony as they have nothing to gain or loose by any collaboration between each other but, will only testify as to the medical findings and treatments which were proposed to alleviate the Claimant's disabilities, and those treatments and medical appliances which were issued due to the continuous condition of Claimant's permanent disabilities, and housing restrictions which were placed on defendant's because of his permanent disabilities.

(1)

Testimony of the Two (2) CCCF Personnel/Witnesses will not exceed (15 minutes total, inclusive of cross examination by the A.G. representative nor the Special Master, which has also been taken into consideration for the personnel of the A.V.C.F. Unit Personnel/Witnesses.

5. Testimony of the party from the American Diabetes Association will consist of the testimony as to what constitutes attempted murder, either deliberately or through the indifferent, incompetent and or negligent actions of the staff of the D.O.C. Medical Personnel who have ordered / prescribed medications and treatments, or who have overridden such orders for medication and treatments of the Claimant; which gives rise to Claimant's demand for Injunctive Relief in the nature of the transfer of the Claimant into the custody and care of the United States Bureau of Prisons, which would be outside the custody and influence of the Colorado Department of Corrections, to prevent any further attempts to end the life of the Claimant through the negligent, incompetent, and indifferent medical staff of the Colorado Department of Corrections. This testimony will not exceed (5) minutes.

6. Claimant stipulates that the testimony of Mrs. Myrtle Martin and Mr. Larry Martin of Denver, and which will act as hostile witnesses toward Claimant, can and will give testimony to the medical history of the Claimant and his immediate family members and as to the past daily activities of the Claimant, which the disabilities, which have been caused by the Colorado Department of Corrections since his incarceration.
    Such testimony will not exceed (15 minutes for both of these persons/witnesses inclusive of cross-examination by the Special Master and the A.G.'s representative.

7. Dr. Mary Fairbanks / Stout Street Clinic will testify as to physical limitations and disabilities of the Claimant as concerns their care and treatment of the Claimant while he was in free-society, which entails as least Two (2) years prior to Claimant's latest incarceration. Such testimony will not exceed (15) minutes and is inclusive of any cross-examinations.

8. Medical records are again being requested by the Claimant as to his past medical history with the United States Marine Corp, past hospitalizations due to his disabilities, and as evidence of medical conditions which never existed until his recent incarcerations in the Colorado Department of Corrections. Such Medical Records have been detailed in previous Motions of the Claimant <u>along with their illegal removal from the custody of the Claimant</u>.

9. Claimant states that he is, at this time unwilling and refuses to divulge the name of the Inmate/Prisoner witness and risk the transfer of this party to another facility by the C.D.O.C. to prevent his testimony in person at the hearing which will be extremely damaging to the C.D.O.C. as to any care and treatment of an at risk adult/disabled person and which constitutes cruel and unusual punishment of the Claimant.

10. Claimant states that the staff personnel of the Sterling Correctional Facility which have been named as witnesses will present damning testimony as to the deliberate / indifferent treatment of the Claimant in his housing assignment and conditions which the Claimant has been subjected to during his assignment to this facility. Such testimony by the 3-4 Staff personnel of the Sterling Facility will not exceed (10) minutes inclusive of any cross-examinations by the Special Master and or the representative of the Office of the A.G.

11. Claimant is attempting to obtain photographic evidence of some of his past

daily activities which he is no longer able to perform due to his disabilities and the refusal of the Department of Corrections to provide medical appliances to alleviate or correct through surgery. Such activities, such as scuba-diving; Ballroom dancing; skiing; skating; jogging; and daily work activities at his trade of choice;

    Claimant has outlined the testimony to be given and provided a time-line in which such testimony may be given, which is well within the time limitations set by the Special Master, (if the C.D.O.C. <u>cooperates in orchestration</u> thereof, at the facilities of Arkansas Valley and Sterling.

    If such cooperation is provided, Claimant will give full and damning evidence of the deliberate discrimination by the Colorado Department of Corrections as to Claimant's disabilities and lack of proper medical care of said disabilities and the <u>ATTEMPTED MURDER</u> of the Claimant on at least Three (3) separate occasions by the staff and Medical personnel of the C.D.O.C.:

    WHEREFORE, Claimant respectfully submits that the testimony and evidence which he NEEDS to provide to the Special Master as concerns this matter will consist of testimony (short) <u>from each and every</u> witness and that such testimony will not exceed the time limitation set by the Special Master, (at least not on the Claimant's part). Claimant can NOT be held responsible for the obtrusive actions of the Office of the Attorney General or his Deputy Agent(s), although Claimant respectfully submits that, as to the testimony of Claimant's witnesses, the Agent of the Attorney General will have few (if any) cross examination questions as the only testimony will be facts surrounding Claimant's issues of the C.D.O.C.'s discriminational practices as concerns the Claimant and his Job & Housing assignments and lack thereof in conjunction with Claimant's Claims for relief.

    FURTHER, Claimant respectfully submits that the testimony of the witnesses outside of the C.D.O.C., i.e. Mrs. Myrtle Martin; Mr. Larry Martin; and Ms. Marie Jones will demonstrate that the Claimant led an active life, with some physical limitations, and was able to obtain such medical services as were needed or required as such events arose.

    Claimant <u>apologizes</u> for the confusion with his typographical error which indicated restrictions and dictates of Title 5 U.S.C. ; Where in fact Claimant ment to describe such restrictions and limitations as set forth in Title 25, C.R.S., and would submit that he remains adamant in his demand for compliance with the dictates of the Title requiring the preclusion of witnesses for <u>NON-COMPLIANCE</u> with the dictates of this law.

    Claimant would request of the Special Master, that such security as befits the sequestration of the witnesses designated at the Arkansas Valley Correctional Facility, as the Claimant is more than aware of the devious minds of the C.D.O.C. and its staff in dealing with any inmate/prisoner especially when it concerns an expenditure of funds; they have a tendency to lie, cheat, and act in complicity with one-another to the detriment of the inmate/prisoner, submitted with all the consideration and respect that the Colorado Department of Corrections and its personnel (generally) are entitled from this individual.

    WHEREFORE; Claimant respectfully submits that his list of witnesses (complete) is required to fully demonstrate his claims for the Special Master at the hearing and as Claimant had outlined, the required time for <u>ALL</u> of Claimant's witnesses is well within the time constraints established for the hearing and he would ask that the Special Master allow testimony from each and every witness of the Claimant's so that the Special Master receives a full understanding of Claimant's case.

    Claimant respectfully stipulates that he will forego any witnesses which would exceed the time constraints of Ninety (90) minutes as set by the dictates of the Special Master, and hereby submits this Motion for <u>FULL</u> consideration of the Special Master.

(3)

CERTIFICATE OF SERVICE
Via
United States Postal Service

I, George Charles, Knorr; Claimant in the above Motion/Response to the Order of the Special Master, hereby CERTIFY that a true and correct copy of the foregoing Motion/Response, was placed in the United States Postal Receptacle at the Sterling Correctional Facility on this FIRST day of November, in the Year of our Lord, 2006 and addressed to the following concerned parties:

Mr. James X. Quinn
Ms. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5$^{Th.}$ Floor
Denver, Colorado
    80203

Legal Resolution Center
Special Master
Richard M. Borchers
7907 Zenobia Street
Westminster, Colorado
    80030-4444

Clerk of the U.S. District Court
ATTN: Montez v. Owens, (92-N-970)
Judges Nottingham & Kane
Alfred A. Arraj U.S. Courthouse
901 19Th. Street
Denver, Colorado
    80294

Claimant states that this Response/Motion is timely filed under the dictates of (Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 1030, 108 S.Ct. 2379 (1988).

Pro se prisoner's notice of appeal HELD filed, for purposes of time limit under Rule 4(a)(1) of Federal Rules of Appellate Procedure, at moment of delivery to prison authorities for mailing to the Court; And Colorado Appellate Rules, Rule 4(3)(e), Appeal by an inmate in an institution. If an inmate in an institution files a notice of appeal in either a civil or criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. (C.R.S. 2002 Vol. 12 Page 1550.

Respectfully Submitted

George Charles, Knorr
45154
S.C.F.  Unit 21-C
P.O. Box 6000
Sterling, Colorado
    80751