IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES

Jesse(Jesus) Montez, ET Al.,

Plaintiffs,

v.

BILL OWENS, ET AL.,

Defendants.

Claim Number 02-113
Catergory II
Claimant: Leon Bates, #106353
Address of Claimant: AVCF, 12750, Highway 96, Lane 13
                     Crowley, Colorado 81034

PLAINTIFF's MOTION IN OBJECTION TO FINAL ORDER OF SPECIAL MASTER

COMES Now the Plaintiff, Leon Bates, pro se, and submit his Motion In Objection to Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2). In support of his Motion, Plaintiff states the following:

The plaintiff is a 64 year-old inmate who suffers from severe degenerative arthritis in his lower back, legs, hips and both hands, coupled with a case of damage nerves.

Plaintiff has suffered from degenerative arthritis since about September, 2000, and was diagnosed with having damaged nerves about September, 2003. Plaintiff contends, contrary to the Final Order of Special Master, that his condition is not expected and will not improve over the next 6 months. According to Dr. Steven Zielenski, Neurosurgeon, St. Mary/Corwin Medical Center, Pueblo, Co., who performed two physical examinations informed the plaintiff that his conditionwould more than likely become worse in the near future.

Plaintiff contends that the Special Master has based his Final Order upon incorrect information and applied too strict of a standard in denying plaintiff's claim for relief. An inspection of plaintiff's medical record will clearly show that he was released from his job

in food service because of his deteriating physical condition, and inability to perform his assignment. After he was released from food service in September, 2003, plaintiff was assigned to cellhouse custodial work where he perform dusting chores due to his physical impairments as mention above. However, contrary to the information relied upon by the Special Master, plaintiff has never been provided an extra mattress of which was initially requested by the plaintiff in January, 2002. Again, the records and files will show that plaintiff was denied an extra mattress based upon the arbitrary decision of a Mr. Laurence, P.A., medical services, AVCF, because Mr. Laurence never performed a physical examination to determine if plaintiff met the "medical criteria" for an extra matress.

As a result of plaintiff's physical impairment as setout above he is restricted to working a part-time job of which pays only part-time pay.

Asserting a claim under the ADA must establish he/she is a qualified individual with a disability...a disability is defined by the ADA as (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. Doebele v. Sprint/United MGM Co., 342 F.3d(10th Cir. 2003). Working is a major life activity. Accordingly, "Existence of disabilities under the ADA is determine on a case by case basis ADA 42 USCA Sect. 2102(2); 29 CFR Sect. 1630.2(j)...the determination of whether an individual has a disability is not necessary based on the name or diagnosis of the impairment the person has but ratner on the effect of the impairment on the life of the individual. Albertsons, IAC, v. Kirkinburg, 119 S.Ct. 2162(1999); Cerrato v. Durham, 941 F. Supp. 388(1996).

WHEREFORE, for the above stated reasons the plaintiff request that the Final Order of Special Master be denied and plaintiff's claim where he seeks an extra matress and any other relief the court deems fair appropriate.

Dated:
    11-10-06

-2-

Respectfully Submitted,

Leon Bates

## CERTIFICAGE OF SERVICE

I, hereby certify that I have on this ___9th___, day of November, 2006, placed a true and correct copy of the foregoing MOTION IN OBJECTION TO FINAL ORDER OF SPECIAL MASTER in the U.S. Mail Box at the AVCF addressed to Office of the Attorney General, Litigation Section, 1525 Sherman Street, 5th Floor, Denver, Co. 80203.

*Leon Bates*
Leon Bates