IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**ORIGINAL**

Civil Action No. 92-N-870(OES)(Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et. al.,
    Plaintiffs,

-vs-

BILL OWENS, et. al.,
    Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 13 2006

GREGORY C. LANGHAM
CLERK

Claim Number 03-247, (Formerly 02-278)
Category III
Claimant: George Charles, Knorr, #45154
Address of Claimant: S.C.F. Unit # 21, P.O. Box 6000, Sterling, Colorado 80751

---

MOTION FOR ORDER TO CORRECT VIOLATION OF DUE PROCESS OF LAW
THROUGH ABUSE OF DISCRETION BY JUDGE RICHARD M. BORCHERS
IN DISALLOWING CLAIMANT TO PRESENT <u>ALL</u> EVIDENCE BY MEANS OF
LIMITATION OF CRUCIAL WITNESSES

---

    COMES NOW the Claimant, George Charles, Knorr, in Propria Persona (Pro se) and respectfully requests the United States District Court Judge(s) for an ORDER to correct the Violation of Due Process of Law, a violation of the Fifth Amendment to the Constitution of the United States.

A F F I D A V I T

George Charles, Knorr, a Sovereign Inhabitant of the Territory of Colorado, (fictitiously referred to as the State of Colorado), currently domiciled in the County of Logan therein; "Claimant" in the above captioned matter and appearing by general appearance, in Propria Persona (Pro se); who is of legal age, sound mind, speaks the truth and has first hand knowledge of the facts contained herein; affirms and attests that the following information is true, correct, complete, not misleading and is made under the penalty of perjury, knowingly, willingly and without threat or coercion; hereby states for the record:

Richard M. Borchers, Special Master-Judge, - swore a "Bar Oath" upon entering into the legal profession. The Ethical Rules are binding upon Judge Borchers' professional performance.

Rule 8.4 Misconduct - it is professional misconduct for a lawyer to: (a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another:

    "The rule imposes the following independent duties on an attorney or litigant who signs a pleading: (1) Before a pleading is filed, there <u>MUST BE a reasonable inquiry</u> into the facts and the law; (2) based on this investigation, the signer <u>MUST</u> reasonably believe that the pleading is well grounded in fact; (3) the legal theory asserted in the pleading <u>MUST BE</u> on existing legal principles or a good-faith argument for the modification of existing law; and (4) the pleading <u>MUST</u>

(1)

NOT be filed for the purpose of causing <u>delay</u>, <u>harassment</u>, or an <u>increase in the cost of litigation</u>."

As a registered attorney (Bar Association #4993)(Colorado BAr Association Member), Judge Borchers is required to have a working understanding of the Revised Statutes and Constitutional laws and therefore has the Constitutional Amendments and Statutory Laws available to him during the course of daily business. Judge Borchers has an affirmative duty to conduct a reasonable inquiry into the facts and the law before issuing any restrictive orders disallowing discovery of facts, and the limiting of critical witnesses to the litigation/prosecution of any case. Judge Borchers has an affirmative duty to refrain from prosecuting frivolous causes which are unsupported by facts. and has the following statute available to him during the course of daily business.

§ 18-5-114. Offering a false instrument for recording.

(1) A person commits offering a false instrument for recording in the first degree if, knowing that a written instrument relating to or affecting real or personal property or directly affecting contractual relationships contains a <u>material false statement</u> or <u>material false information</u>, and with <u>intent to defraud</u> he <u>presents or offers</u> it to a public office or a public employee, <u>with the knowledge or belief</u> that it will be registered, filed, or recorded or become a part of the records of that public office or public employee.

Claimant also avers that the foregoing is also applicable to the Office of the Colorado Attorney General, John William Suthers, Reg.#8492 and his Deputy Assistant Attorney General, Mr. Scott A. Wilkonson, Reg.#35830.

SEE <u>Maul v. Shaw</u>, 843 P.2d 139 (Colo.App. 1992) as to 18-5-114:

<u>Offering a false instrument for recording.</u> Information charging this offense <u>MUST set forth alleged false statements</u>, either verbatim or in substance. <u>People v. Fueston</u>, 717 P.2d 978 (Colo.App. 1985); aaf'd in part on other grounds, 749 P.2d 952 (Colo. 1988).

As a registered attorney Mr. Suthers, Mr. Wilkonson and Judge Borchers are required to have a working understanding of the definitions of words and phrases and Claimant is sure that each has at their disposal a law dictionary during the course of their daily business.

Definitions: Black's Law - Sixth Edition:

Instrument: A formal or legal document in writing, such as a contract, deed, will, bond, or lease. A writing that <u>satisfies the requisites of negotiability</u> prescribed by U.C.C. Article 3. A negotiable instrument (defined in U.C.C. subsection 3-104), or a security (defined in U.C.C. subsection 8-102) or any other writing which <u>evidences a right to payment of money</u> and not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any <u>necessary indorsement</u> or <u>assignment</u>. U.C.C.

(2)

subsection 9-105(1).

<u>Indorsement</u>: The act of a payee, drawee, accomodation indorser, or holder of a bill, note, check, or other negotiable instrument, in writing his name upon the back of the same, with or without further or qualifying words, whereby the property in the same is assigned and transferred to another. U.C.C. subsection 3-202 et seq.

<u>Assignment</u>. The act of transferring to another all or part of one's property, interest, or rights. A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. It includes transfers of all kinds of property. (<u>Higgins v. Moncton</u>, 28 Cal.App.2d 723, 83 P.2d 516, 519), including negotiable instruments.

<u>Offering</u>: An issue of securities offered for sale to the public or private group. Securities offerings are generally of two types: primary (proceeds going to the company for some lawful purpose) and secondary (where the funds go to a person other than the company; i.e. selling stockholders).

<u>False Instrument</u>: A counterfeit; one made in the similitude of a genuine instrument and purporting on its face to be such.

<u>False and Fraudulent</u>: To amount to actionable "false and fraudulent representations," they must have been as to <u>existing fact</u> or <u>known by one making them, from his superior knowledge</u>, to have been <u>untrue when made</u>. <u>Burlison v. Weis</u>, Mo.App., 152 S.W. 2d 201, 203.

(1) On or about November 08, 2006 Claimant received a directive from the Special Master, Richard M. Borchers which indicated a choice by Judge Borchers as to what witnesses the Claimant could have in his Montez hearing scheduled for November 18, 2006 at the Sterling Correctional Facility. This directive violates the Due Process clause of the U.S. Constitution in that it denies the Claimant to present accurate, factual, and full evidence in his case which is required for any appellate review.

(2) Claimant responded to a previous Order of Judge Borchers indicating that the witnesses he (Claimant) required to present a complete evidentiary hearing as to the DISCRIMINATIONAL PRACTICES of the C.D.O.C. and how the Claimant has been discriminated against by the personnel and established procedures of the C.D.O.C., which indicated that Claimant required essential witnesses of the C.D.O.C., the private facility of C.C.C.F., Expert witness of the American Diabetes Association, and member of the free society (Private citizens) to present factual necessary evidence at the November 18, hearing, and indicating that such testimony by these witnesses <u>FELL WITHIN THE TIME CONSTRAINTS</u> established by Judge Borchers.

(3) Claimant outlined the required time estimates of all witnesses and included any time for cross examination by the representative of the Attorney General.

(4) The representative of the Office of the Attorney General, Mr. Scott A. Wilkonson Reg.# 35830 responded to Claimant's Outline of Witness testimony and

(3)

the time-line estimated for testimony of ALL witnesses of Claimant by <u>KNOWINGLY</u> falsifying the truth of the Claimant's Motion and construing that such time ONLY indicated time for individual witnesses and further determined that such time fell well outside the timeframe set by Judge Borchers; this being written in the Respondent-Attorney's Motion to Strike Claimant Witnesses, filed the Sixth day of November.(Offering a false document for recording, Instrument, Delay, Harassment, & Increase in the cost of Litigation); (False & Fraudulent)).

(5) Judge Richard M. Borchers, Att. Reg. #4993, in his Order of Special Master, issued on the Sixth day of November, 2006 in fact violates the Rules of Evidence through the issuance of this Order by personally picking and or choosing which witnesses the Claimant may present at the hearing set for November 18, 2006, and which Claimant was informed by D.O.C. personnel has been postponed to an unspecified date and time; such information was delivered on Thursday evening at approximately 17:30 Hours in Claimant's assigned living unit #21 S.C.F., November 16, 2006.

(6) All of the the witnesses which the Claimant named <u>are essential</u> to the future Montez hearing whenever it is rescheduled. Each witness named by the Claimant is required to establish the following:

a. Normal activities of Claimant prior to incarceration (current);
b. Discrimination in Housing assignments;
c. Discrimination in D.O.C. Job access and assignments;
d. Discrimination in the provision of medically required appliances;
e. Housing and Living Restrictions- Bunk, Tier, Stairs, etc.;
f. Work Applications submitted and refused due to physical limitations;
g. Health History, (prior to current carceration);
h. Work History, (prior to current carceration);
i. Earning ability, (prior to current carceration);
j. Evidence of medically required treatment by D.O.C. for which Claimant was exorbitantly by D.O.C. Medical, (due to Diabetic conditions);
k. Evidence of Eight Amendment violations;
l. And to establish the ground work evidence for § 1983 Action and also to present all evidence required for Federal Appellate review per Federal Rules of Civil and Criminal Procedure - i.e. One cannot present evidence which has not been raised in a lower court of law at an appellate level!

(7) Judge Borchers, in restricting the Claimant's witnesses, in fact, <u>VIOLATES</u> the Claimants Constitutional Rights to Due Process and Equal Protection of the Law.

WHEREFORE, Claimant requests that <u>ALL</u> of his witnesses be allowed to testify at the future hearing when it is scheduled and had, further, Claimant wishes the District Court to remand Judge Borchers and the Deputy Attorney General Mr. Scott A. Wilkerson for their violations of State law and attempting to Violate Claimant's Constitutional Rights in this matter.

Respectfully Submitted

*[signature]*
George Charles, Knorr
# 45154
S.C.F. Unit # 21
Sterling, Colorado 80751

(4)

## CERTIFICATE OF SERVICE
## Via
## United States Postal Service

    I, George Charles, Knorr; hereby CERTIFY that a true and correct copy of the foregoing Motion for Order to Correct Violation of Due Process of Law, was placed in the United States Postal Receptacle in Living Unit 21 of the Sterling Correctional Facility on this _Tenth_ day of December, 2006 and addressed to the following concerned parties to this action.

Clerk of the United States District Court
Alfred A. Arraj U.S. Courthouse
901 19Th. Street
Denver, Colorado 80294

Office of the Attorney General for Colorado
ATTN: Scott A. Wilkorson Reg. # 35830
1525 Sherman Street Seventh Floor
Denver, Colorado 80203

Legal Resolution Center
ATTN: Judge Richard M. Borchers
7907 Zenobia Street
Westminster, Colorado 80030-4444

George Charles, Knorr
# 45154
S.C.F.   Unit # 21
P.O. Box 6000
Sterling, Colorado   80751

(5)