United States District Court
For the District of Colorado
901 Stout Street
Denver, Colorado 80294-3589

Jim Bulgier  TDCJ #902732
264 FM 3478 / Estelle Unit
Huntsville, Texas  77320-3322

February 02, 2007

Dear Judge:

Enclosed are some documents which replace respective pages of my "Objections to Final Order of Special Master" which I mailed to your office on February 02, 2007.

These documents **do not Admen my case**. They are only extended to replace typographical errors with regards to page numbers on the bottom of these pages and the Table of Appendix and Table of Exhibits.

Regret any inconvenience which this may have caused your office but this should prevent any grater confusion if it would not have been corrected.

Sincerely: *[signature]*

Jim Bulgier  TDCJ #902732

Ref:
Case #92-N-870
Montez vs Owens
Consolidated with: Case #96-N-343
Individual Damage Claim #03-147

Filed
RECEIVED
UNITED STATES DISTRICT COURT
COLO

FEB 15 2007

GREGORY C. LANGHAM
                    CLERK

## Table of Exhibits

**Exhibits: Discription:**                                                                                              **Page**
A    Memorandum of Jack Shamaly (dated Sept. 19, 1994).................................................................17
B    Affidavit / Inmate Declairation of Benny Padillations ...............................................................18
C    Affidavit / inmate Declairation of Josheph Crispin ..................................................................19
D    Affidavit / Inmate Declairation of Kenith Endsley #1 ...............................................................20
E    Affidavit / Inmate Declairation of Kenith Endsley #2 ............................................................... 21
F    Affidavit / Inmate Declairation #1of Nick Zemora  ..................................................................23
G    Affidavit / Inmate Declairation #2of Nick Zemora  ..................................................................24

H    **Grievance**
       95-092  (dated 05-16-95) ...............................................................................................25
       95-139(a)   (dated 01-10-96(.........................................................................................27
       95/96-249 (dated 03-20-96 ........................................................................................... 30
       94/95-266  (dated 03-24-95)...........................................................................................32

## Table of Appendixes:                                                                                              33

Appendix: Discription:                                                                                                Page
    A          Definitions .................................................................................................34
    A          A.DA Statutes used in this case ...............................................................................34
    A          Use of White Cane ............................................................................................37
    B          Hadley School for the Blind (Braille courses) ..................................................................39-
    C          **Court** Documents:
               Request for Court to Order Clerk to Provide and make Photocopies of Documents............................48
                 Plaintiff's Second Written Request for this Court to Consider and Rule on Plaintiff's "Request
                 For 120 Day Extension of Time" and Plaintiff's "Request for Order and Subpoena of Documents
                 In Discovery" .....................................................................................................50
    D          Query Offender Programs (dated 01-102006)........................................................................53
    E          Accodemic Awards;.................................................................................................54
    E          Progress Assessmenbt Summery:
                 C.T.C.F. (dated 05-12-94)......................................................................................54
                 F.C.F     (dated 05-12-95)......................................................................................55
                 C.T.C.F (dated 05-16-94).......................................................................................56
    F          Employment / Academic / Vocational Evaluations:
                 Life Skills / Personal Relationships (L.S. & P. R.) (dated 01-01-95 to 01-31-95)................................57
                 Tab-Hand Packager (dated 05-26-95 to –06-25-95)................................................................58
                 Tab- Hand Packager (dated 05-22-95 to –5-25-95)................................................................59
                 Personal Life Skills (Per L/s) (dated 03-01-94 to 03-31-95).....................................................60
    G          Official Time Computation Report (dated 08-04-1997)...............................................................61

**Table of Appendixes:** 33

| Appendix: | Discription: | Page |
|---|---|---|
| A | Definitions | 34 |
| A | A.DA Statutes used in this case | 34 |
| A | Use of White Cane | 37 |
| B | Hadley School for the Blind (Braille courses) | 39- |
| C | Court Documents: | |
|  | Request for Court to Order Clerk to Provide and make Photocopies of Documents | 48 |
|  | Plaintiff's Second Written Request for this Court to Consider and Rule on Plaintiff's "Request For 120 Day Extension of Time" and Plaintiff's "Request for Order and Subpoena of Documents In Discovery" | 50 |
| D | Query Offender Programs (dated 01-102006) | 53 |
| E | Accodemic Awards; | 54 |
| E | Progress Assessmenbt Summery: | |
|  | C.T.C.F. (dated 05-12-94) | 54 |
|  | F.C.F (dated 05-12-95) | 55 |
|  | C.T.C.F (dated 05-16-94) | 56 |
| F | Employment / Academic / Vocational Evaluations: | |
|  | Life Skills / Personal Relationships (L.S. & P. R.) (dated 01-01-95 to 01-31-95) | 57 |
|  | Tab-Hand Packager (dated 05-26-95 to –06-25-95) | 58 |
|  | Tab- Hand Packager (dated 05-22-95 to –5-25-95) | 59 |
|  | Personal Life Skills (Per L/s) (dated 03-01-94 to 03-31-95) | 60 |
| G | Official Time Computation Report (dated 08-04-1997) | 61 |

# Definitions

(From Black's Law Dictionary)

### Benefit:
1. Advantage, privilege. Exhibits:   Description:
2. Profit or gain; especially the consideration that moves to the promise. Page

Harm:
   **Injury, loss, damage  material for tangible detriment.**

Bodily Harm:
**Physical pain, illness or impairment to the body.
   Equals Mayhem: Model Penal Code 210.0(3)
   (See also "Serious Bodily Injury".)**

# A.D.A. Statutes used in this case:

**A.D.A. Prevails over Conflicting State Laws.(II-1.4200)**   *(*from A.D.A. Technical Assistance Manual (Published by the U.S. Dept. of Justice.)

**Employment:** *(from Technical Assistance Manual)*

**II-4.1000**

Beginning January 26, 1992, Title II prohibits all Public Entities, regardless of size of workforce, from discriminating in their employment practices against qualified individuals with disabilities.

### Employment

### 28 C.F.R. 35.140 Employment Discrimination Prohibited:
(a) No qualified individual with a disability shall, on the basis of disability, program, or activity conducted by a Public Entity.
(b) (1) For purposes of this part, the requirements of Title 1 of the Act, as established by the regulations of the Equal Employment Opportunity Commission in 29 C.F.R. part 1530, apply to employment in any service, program, or activity conducted by a Public Entity. if that Public Entity is also subject to the jurisdiction of Title 1.
(2) For the purpose of this part, the requirements of Section 504 of the Rehabilitation Act of 1973, as established by the regulations of the Dept. of Justice in 28 C.F.R. part 41, as those requirements pertain to employment, apply to employment in **any service**, program, or activity conducted by a Public Entity. if that Public Entity is not also subject to the jurisdiction of Title 1.

**Other Federal and State Laws**

Title II does not disturb other Federal Laws or any State Laws that provide protection for individuals with disabilities at a level greater or equal to that provided by the A.D.A. **It does, however, PREVAIL OVER ANY CONFLICTING STATE LAWS.**

**Primary Consideration 28 C.F.R 35.160(2) (from Section 35 law statutes.)**

*The Public Entity must provide an opportunity for individuals with disabilities to request the Auxiliary Aids and Services of their choice. The expressed choice shall be given Primary Consideration by the Public Entity (See Section 35.160(b)(2)). The Public Entity shall honor the choice unless it can demonstrate that another effective means of communications exists or that use of the means chosen would not be required under Section 35.164.*

**Reasonable Accommodation:** *(from the A.D.A. Technical Assistance Manual)*
II-4.3200 All Public Entities **must** make "Reasonable Accommodations" to the known physical or mental limitations of otherwise qualified applicants or employees with disabilities unless the Public Entity can show that the accommodation would impose an "undue hardship" on the operations of its program.

"Reasonable Accommodation" means any change or adjustment to a job or work environment that permits a qualified applicant or employee with a disability to participate in the job application process, to perform the essential functions of a job, or to enjoy the benefits and privileges of employment equal to those enjoyed by employees without disabilities.
Illustrations include:
➢ Acquiring or modifying equipment or devices;
➢ Job restructuring;
➢ Part time or modified work schedules;
➢ Providing readers or interpreters;
➢ Making the work place accessible to and usable by individuals with disabilities.
However, any particular change or adjustment would not be required if, under the circumstances involved, it would result in an undue hardship.

"Undue hardship" means significant difficulty or expense relative to the operation of a Public Entity's program. Where a particular accommodation would result in an undue hardship, the Public Entity **must determine if another accommodation were available that would not result in an undue hardship.**

**Relationship to Other Laws (28.C.F.R 35.103)(b)** *(From Section 35 Law Statutes.)*
*(b) Other Laws: This part does not invalidate or limit the remedies, rights, and procedures of any other Federal Laws, or State or Local Laws (including State Common Laws) that provide greater or equal protection for the rights of individuals with disabilities. Or individuals associated with them.*

**Retaliation and Coercion:**
*II-3.1100 (*from the Technical Assistance Manual);

*Individuals who exercise their rights under the A.D.A., or assist others in exercising their rights, are protected from retaliation. The prohibition against retaliation or coercion applies broadly to any individual or Entity that seeks to prevent an individual from exercising his or her rights or to retaliate against him or her for having exercised those rights. Any form of retaliation or coercion, including threats, intimidation, or interference, is prohibited if it interferes with the exercise of rights under the Act.*
**Retaliation and Coercion:**
*28 C.F.R. 35.134 (From Section 35 manual);*

35

Section 35.134 implements Sections 503 of the A.D.A., which prohibits Retaliation against any individual who exercises his or he rights under the Act. This Section is unchanged from the proposed rule. Paragraph A of Section 35.134 provides that no private or Public Entity shall discriminate against any individual because that individual has exercised his or her right to appose any action or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manor in an investigation proceeding or hearing under the Act of this part.

Paragraph B provides that no Private or Public Entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise of his or her rights under this part or because that individual aided or encouraged any other individual in the exercise or employment of any right granted or protected be the Act or this part.

This Section protects not only individuals who support or assist them. This Section applies to all investigations or proceedings initiated under the Act or this part without regard to the alternative resolution of the underlying allegations. Because this Section prohibits any Act of Retaliation or Coercion in response to an individual's effort to exercise rights established by the Act and this part (or to support the efforts of another individual), the Section applies not only to Public Entities subject to this part, but also to persons in an individual capacity or to Private Entities.

**Right to Participate in the Regular Program** *(from the A.D.A. Technical Assistance Manual)*
II-3.4300  Even if a separate or special program for individuals with disabilities is offered, a Public Entity **cannot deny a qualified individual with a disability participation in its regular program.**
Qualified individuals are entitled to participate in regular programs, **even if the Public Entity** could reasonably believe that they cannot benefit from the regular program.

**Safety: II-3.5200** *(from The Americans with Disabilities Act, Technical Assistance Manual, published by the U.S. Dept. of Justice)*
**Public Entity may impose legitimate SAFETY REQUIREMENTS necessary for the safe operation of its services, programs, or activities. However, the Public Entity MUST INSURE that its SAFETY REQUIREMENTS are based on <u>real risk</u>, not on speculation, stereotypes, or generalizations about individuals with Disabilities."**

36