IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N–343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 03-203
Category III
Claimant: Darryl Martin, #61336
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master on February 8, 2007 for hearing at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Present were the following: Darryl Martin (Claimant) and Scott Wilkonson, attorney for Defendants.

Claimant testified in support of his claim. Claimant offered no exhibits. Defendants offered into evidence Exhibit A, and it was admitted. After closing arguments, the case was taken under advisement. This order will constitute the final resolution of this claim.

### I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE

---

[1]The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

> The Settlement Agreement further provides, in part, as follows:

>> 2. Permanent Hearing Impairments
>> Inmates who are permanently deaf or who have a permanent hearing impairment so severe that they must rely on written communication, lip reading, or signing because their residual hearing, with aids, does not enable them either to communicate effectively or hear an emergency warning.
>> 3. Permanent Vision Impairment
>> Inmates who are permanently blind or who have a vision impairment not correctable to central vision acuity of 20/200 or better, even with corrective lenses.
>> 4. Permanent Diabetics: Insulin or Non Insulin Dependent Diabetic
>> Inmates who are diabetic and who are or are not dependent on insulin for regulation and require accessible housing to accommodate their disabilities.

*Settlement Agreement, Section V, Paragraph A.* These definitions control as to implementation of the Settlement Agreement and adjudication of all claims filed by individuals.

> On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

>> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
>>> 1. Is the claimant a disabled individual who is a member of the class?
>>> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
>>> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
>>> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any

3

claimant must establish by a preponderance of evidence each of the four criteria.

## II.

This claim was placed into Category III, and Claimant was entitled to a hearing. The Special Master has reviewed the testimony presented, all exhibits submitted, and all written documentation filed prior to the hearing.

Claimant initially came into the custody of DOC on August 28, 1980. He has been at a number of correctional facilities over the years. He was at the Bent County Correctional Facility (BCCF) in Las Animas, Colorado when he filed his claim. He since has been transferred to SCF.

Claimant testified that he is a diabetic. He indicated that he has a major immediate concern as to a growth on one of his testicles. He stated further that he has sought medical care concerning this growth, but it has been refused. He previously had surgery on a testicle for removal of a spermatocelectomy. He was and is worried about loss of a testicle or worse.

Claimant testified that he was first diagnosed as having diabetes when he was assigned to a private prison in Appleton, Minnesota. He has been controlling his medical condition through diet, snacks, and glucose tablets. He indicated that he had problems at many of the facilities, especially receiving different type of medicines and treatments.

On cross-examination, Claimant testified that he might have hypoglycemia. He had received a glucose tolerance test. He thought he had been diagnosed as a Type II diabetic. He stated that he had worked in many jobs over the years while in DOC custody. He was genuinely concerned about his physical and mental well being. He does not lift anything heavy. He also indicated that he has a swollen prostate gland and heart problems. He also stated that he does not have funds to purchase hard candy, which has been recommended to him due to his health problems.

Defendants offered into evidence the affidavit of Dr. Orville Neufeld, D.O. Attached to that affidavit are many of Claimant's medical records. The attached records are not in chronological order. The records reflect that Claimant has hypoglycemia, as well as other medical issues. *Exhibit A.* Claimant was receiving a snack as the result of his condition. *Exhibit B.* He was on a special diet for hypoglycemia. *Exhibit F.*

The medical records reflect that Claimant was seen by a urologist on June 30, 2006. Dr. Harrigan examined Claimant and recommended that an epididymectomy be perform to remove the growth on the left testicle. That recommendation was not followed by the review panel that DOC utilizes to determine if surgery should be performed.

Claimant stated that he remains in pain. Any movement of his left testicle brings on pain. He has requested surgical intervention to remove the growth, but that has continued to be denied.

### III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. Each will be taken separately. Further, a claimant must show that he was disabled on or before August 27, 2003. It was on that date when the Settlement Agreement was approved and the class was designated.

**1. Is the Claimant a disabled individual who is a member of the class?** Claimant has been diagnosed as having hypoglycemia. This condition may be defined as follows:

> Low blood sugar, or hypoglycemia, is a condition in which the levels of glucose in the bloodstream drop too low to fuel the body's activities.

*Harvard Medical School Family Health Guide*, 2005 Edition, p.843. On the other hand, diabetes results from "a lack of insulin or a lack of body cells to properly respond to insulin." Diabetes means too much sugar in the blood. *Id.*, p. 832.

The Settlement Agreement provides only four categories of disabilities. Claimant is not diabetic. He is not a class member as a diabetic. He has hypoglycemia. This is not a covered disability. Claimant may pursue a separate lawsuit relating to his hypoglycemia. He cannot pursue his claim.[2]

**2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?** Since the answer to Question #1 is in the negative, this question does not need to be answered.

**3. Was the Claimant discriminated against by DOC because of his or her disability?** Since the answer to Question #1 is in the negative, this question does not need to be answered.

**4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy?** Since the answer to Question #1 is in the negative, this question does not need to be answered.

IT IS HEREBY ORDERED that the claim of Darryl Martin is denied, as he has failed to answer affirmatively all four of the questions set forth the Order of November 23, 2004; and

---

[2] Claimant does have a legitimate grievance concerning the growth on his testicle. Dr. Harragan examined Claimant and made a recommendation for minor surgery. This was denied by a review board that never met or examined Claimant. If the recommendations of specialists are not going to be followed, then there is no reason to spend taxpayer dollars hiring them to examine inmates such as Claimant. The frustrations and concerns of Claimant are understandable. The Special Master empathizes with Claimant, but he has no jurisdiction to do anything about the medical issues Claimant is facing.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 14, 2007.**

SIGNED this 23rd day of February, 2007.

BY THE COURT:

_____
Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 23rd day of February, 2007 to the following:

Mr. Darryl Martin
#61336
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203