FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 - 2007

GREGORY C. LANGHAM
CLERK

OBJECTION TO MAGISTRATES SPECIAL MASTERS RECOMMENDATION
FILED FEBRUARY 23RD IN DISTRICT COURT CASE NO. 92-N-870

1. Contrary to what the special master found I the claimant did have counsel though counsel was not present at the hearing. I could not present my entire medical file nor could I have purchased as I have indicated before I have no funds on account have been indigent for over a decade in the prison system. Attorneys King and Griesen 1670 York St. Denver Colorado 80203 were corresponding with me on several occassions and would regularly send them updates on my medical condition.

2. These attorneys were not present nor was I informed that I would not have or need counsel at the hearing. I have no exhibits to offer.

3. I could have benefitted from the presence of counsel as I am not an attorney and did not know what to expect.

### CLAIMANTS OBJECTION TO FINDINGS AT SPECIAL MASTER FINDING PAGE 4 II para. 1

1. I was diagnosed with type II diabetes shortly after hernia surgery which was approved while I was in prison in Colorado. I was sent to Minnesota private prison as a Colorado inmate where the surgery was done. Shortly after the surgery I was told that my stomack muscle was scraped and a small portion was excised. I became extreemly hypoglycemic.

2. I was put on a diabetic diet consisting of several snacks after every meal. This was done after testing to determine that my condisiton was accurate. I was found to have an arrhythmia. als

3. Constary to what the special master found at page 4 II para. 2 I have been in prison since 1989.

4. I have documented several accounts in my medical file of my lising vision and hearing and feeling in the big toes on both of my feet.

5. I have also testified to the many problems I have had with getting the prescribed hypoglycemic diet while I have moved to several different facilities throughout my eighteen years in prison.

6. In 2004 I developed a lump on my left testicle which I believed toobe cancer. It turned out to be a spermatocele and I have a spermatocelectomy through while in prison in 2004. I am unable to get these coduments from my medical file I am three hundred dollars in debt to the prison.

7. The 2004 spermatocelectomy surgery was done in Colorado. after both the Minnesota and Colorado surgery I was diagnosed with an arrhythmia.

8. I did not have this when entering prison in 1989. I believed I developed this heart condition because of the hypoglycemia.

9. My prostate gland is swollen and the swelling wil not respond to any medication. I believe this also was due to my hypoglycemia.

10. The prison has offerred that I shluld buy candy from the canteen to deal with my condition. I have been indebted to the prison for at least a decade or more I didinot think to have my prison account statement though counsel could have told me this had they been present.

11. As a result of the spermatocelectomy I CANNOT EJACULATE and do not deposit sperm as I did regularly. Several staff including the provider I THREATENED TO SHOOT DURING THE MONTEZ HEARING have informed me that I did not need to ejaculate. I believe that the resllting sperm is storing itself somewhere in my body and should be regularly seposited.I though that the lump was the sperm residue.

12. I was told after the 2004 spermatocelectomy that I would never have the testicular problem that I had again.

13. Anotherrsurgian Dr. harrigan has recommended that I have another surgery procedure to remove the lump and epididymectomy.

                CLAIMANTS OBJECTION TO SPECIAL MASTER
                   FINDINGS AT PAGE FOUR PARA ONE

1. I have read and I believe the courts know that hypoglycemia can descend into full blown diabetes. I believe that trhe courts know that there are concurrent problems of the medical sort related to hypoglycemia.

2. The courts know that hypoglycemia is type II diabetes pure and simple.

The answer to special masters recommendation at page 5 para 2. is therefore yes.

3. I was discriminated against because of my disability I have been made to take jobs in prison facilities which involved my lifting heayy things. Had I been asked this I would have said so.

4. Did the prosin conduct cause me harm yaes in the fact that I have had other medical problems since the surgery which AFTER I WAS DIAGNISED AS TYPE II DIABETIC WITH AN ARRHYTHMIA AND LOSS OF VISION , HEARING, FEELING IN BOTH TOES IN BOITH FEET AND TWO RESULTING LUMPS ON THE SAME TESTICLE WHICH WAS PREVIOUSLY PREMOVED.

5. I was put at an disadvantage without counsel being present during a hearing.

6. Counsel could have presented the medical records I cannot pay form and some data to show that those with type two diabetes do develop other medical problems.

Without a court order or intervention the prison will not continue the diet I have had for at least ten years due to my hypooglycemic condition.

The prison will discontinue any medical treatment once the court rules in favor of the defendants. I saw on the news that testicular problems can occur on diabetics.

Every problem can be traced to the surgery which was approved by the prison. By making me file an eighth Amendment Claim I will be put at further disadvantage as the courts are routinely changing the method for indigent inmates filing claims. the one constant is that I can not buy hygeine items for months at a time if I file one claim.

I got type II diabetes in prison and have been treated in prison for this condition for th past ten year and once the court rules in favor of eh defendants I will not be treated further. This the court can rest assure on

I don!t know what an appropirate remedy is though I do believe I nee continuing medical care and this includes my hypoglycemic diet and another surgery for the lump in my testicle.

I have nine yeaers left on my sentence how can I anticipate or prevent any further medical problems.

I have been moved to a new facility where I must work in the kitchen for ninety days or fact a prison write up. If the court rules in the defendants favor the prison will attach a prison rules viOolation for my refusal to do any prison work they require.

*[signature] 2-28-07  2:35 p.m.*

D. MARTIN, 61336
Sterling Correctional Facility
P.O. Box 6000
Sterling C.O. 80751-0600

Clerk
U.S. District Court United States
State of Colorado
901 19th St. Denver C.O. 80294

COLORADO DEPARTMENT OF CORR
STERLING CORRECTIONAL FA
INMATE MAIL