IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: 03-278 (formerly 02-049)
Category III
Claimant: Louis Peoples, Jr., #43943
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on February 6, 2007 at the Limon Correctional Facility (LCF). Present were the following: Louis Peoples, Jr., Claimant; Celia F. Randolph, from the Office of the Attorney General, for Defendants.

Testimony was received from the following witnesses: Claimant. Defendants entered the following exhibits which were accepted into evidence:

| | |
|---|---|
| Exhibit A: | Affidavit of Doctor Orville G. Neufeld |
| Exhibit B: | Offender profile for Louis N Peoples dated 01/22/2007 |
| Exhibit C: | Query offender programs for Louis N Peoples dated 01/23/2007 |
| Exhibit E: | Numerous Colorado Department of Corrections Progress Assessment Summary reports for Louis N. Peoples. |

The matter was taken under advisement.

This Order shall constitute the final action by the Special Master on this specific claim.

## I. BACKGROUND

1

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (CDOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (a.k.a. Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Remedial Plan also created a mechanism for individual inmates, former inmates or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Remedial Plan provided the following basis for the filing of claims for damages and/or for other relief. This section states, in part as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
>
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as Category III. *Remedial Plan, pp. 28-9.*

Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages for relief.

## II. FINDINGS OF FACT

Being duly advised, the Special Master makes the following findings of fact:

2

1.   Claimant submitted a claim which was assigned claim number 03-278[1] and the basis of his claim is a vision impairment and diabetes.

2.   Claimant's claim was assigned to Category III pursuant to the Remedial Plan as set forth above.

3.   Proper notice of the hearing was given and Claimant along with Defendants appeared.

4.   Claimant was under the jurisdiction of the Colorado Department of Corrections (CDOC) various times from January 1977 to the present and, more currently, from January 7, 2003 through the present. Claimant has been incarcerated at the Limon Correctional Facility (LCF), the Fremont Correctional Facility (FCF), the Colorado Territorial Correctional Facility (CTCF) and the Buena Vista Correctional Facility (BVCF).

5.   Claimant testified that he has leg problems from a heart attack. He has what he calls gangrene between his toes but what the medical staff says is a fungus. Claimant showed the Special Master a green patch between two of his toes. Claimant's leg gets swollen and he gets cellulitis in it. Claimant has problems walking long distances and gets chest pains. He can't exercise properly. He testified that LCF doesn't have equipment and doesn't allow him to exercise and has been prevented from doing so for over a year.

6.   Claimant testified that he walks back and forth to the chow hall but he gets tired and has difficulties and that he is always taking "nitros". Claimant has been bottom bunk/bottom tier restricted since entering CDOC and that he gets written up for walking up stairs. He likes to do it for exercise but claims that they (the staff) are corralling him. Claimant goes to school.

7.   Upon a question from the Special Master about how he is being discriminated against because of his disability, Claimant couldn't answer it. He said that other inmates get what they need. He then testified that he is a chronic care patient and that he was transferred between facilities with pneumonia.

8.   On cross examination, Claimant stated that his *Montez* issues stem from his 2002 heart attack. He was an ADA porter but claims he only got one-half of the pay: 23 cents per day as opposed to 60 cents per day. He claims the lesser pay was due to being classified as disabled. In 2003, Claimant was a wrapper and that all of his jobs are ADA.

9.   Claimant further testified on cross examination that he is discriminated against because he is black. He also testified that he couldn't get care or a wheelchair but

---

[1] Originally, the Claim was 02-049 and assigned to Category II pursuant to the Remedial Plan. The claim was recategorized by Special Master Borchers on his own motion and, on July 7, 2006 elevated to Category III and reassigned to Claim 03-278.

3

one of the inmates had to carry him and he happened to catch the warden and a legislator together and he finally received help. He also testified that when he entered CDOC that he was still bleeding from surgery.

      10. Upon being questioned about a GED record, Claimant said that he was a graduate and that the GED record belonged to his son who is also in CDOC custody, that the records were mixed up, that records are always mixed up. He then became indignant, said that he knows politics because Joe Rogers, the former Lieutenant Governor of Colorado is his uncle. Claimant then stood up, voluntarily walked out and said he was done with us and "you can do whatever you want."

### III. CONCLUSIONS OF LAW

      1. The legal standards applicable to this claim are derived from three sources: (a) the Remedial Plan; (b) the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; and (c) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*

      2. The analysis need go no further. Pursuant to the order of November 23, 2004 Order of the District Court issued by Judges Nottingham and Kane, a Claimant must prove four elements:

    1. That he is a disabled member of the class;
    2. That he was otherwise qualified to participate in the programs or receive the benefits offered by DOC;
    3. That the Claimant was discriminated against by DOC because of his disability; and
    4. That the conduct caused harm necessitating an appropriate remedy.

By voluntarily leaving the hearing, the Special Master concludes that Claimant has not sustained his burden to prove all four elements and he has withdrawn his claim.

### IV. ORDER

IT IS HEREBY ORDERED that based upon the foregoing Findings of Fact and Conclusions of Law, with respect to the mobility claim, Claimant has not met his burden and proved his claim by a preponderance of the evidence and judgment should be entered in favor of the Defendants and Claimant's claim is hereby dismissed.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be file on or before **April 14, 2007** with the Clerk of the United States District Court at the following address:

901 19th Street
Denver, CO 80294.

SIGNED this 14th day of February, 2007.

/s/ Richard C. Davidson

Richard C. Davidson,
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing FINAL ORDER OF SPECIAL MASTER this 14th day of January, 2007 to the following:

Mr. Louis Peoples, Jr., #43943
LCF
49030 State Highway 71
Limon, CO 80826

Mr. Jess A. Dance
Mr. James X. Quinn
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

/s/ Susan L. Carter
Susan L. Carter