UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO: 92N870

FOR CLAIMANT: LOUIS PEOPLES JR
03-278

JESSE MONTEZ, et all,

    Plaintiff,

V.

BILL OWENS, et all

    Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2007

GREGORY C. LANGHAM
CLERK

---

## MOTION FOR EMERGENCY INJUNCTION RELIEF

---

Claimant LOUIS PEOPLES JR, # 03-278 pro-se, submitssthis Emergency Injunction for Immediatee relief pursuant to Rule 65(b) if the Federal Rules OF Civil procedure and 42 U.S.C.A. 1973, 1992 American with Disability Act, in providing adequate space and recreational opportunities with exercising equipment that is required in all Colorado Prisons in prior ruling pursuant to Law.  In support, Claimant Louis Peoples Jr, states the following:

I Louis Peoples Jr, declares under penalty of perjury.

I am the claimant in this case,  I make this declaration in support of my prior motions for a temporary restraining order and a preliminary injunction to ensure that i receive necessary exercise with equipment as all other inmate within CDOC with a Disability.

As set forth in my prior complaint in this case, I asked for an emergency order for the Limon, Correctional Facility, its Warden to provide claimant Peoples' and other inmates with disability with an area with the equipment to assist within exercising as required by ADA or Disability Laws.

On infor mation and belief, I have and all other inmate with a disability have not been provided with a course of physical equipment despite or repeated requests.

On information and belief myself and all other inmates withaa disability have not

been provided with any physical exercise equipment because there is an informal policy at Limon of giving low priority to the disable needs of disibility inmates and of refusing to provide them with exercise equipment within its Gym area unless they remove all medically restrictions.

In October 2006, Claimant Peoples' filed in this court a motion for relief pursuant to an injunction. For the reasons Set forth in the memorandum of law filed with this court, the claimant was entitled to a order requiring the defendants Warden, Director of Corrections to place equipment within Limon as required pursuant to standards.

This court never answered the Motion/Request, or Ordered CDOC to stop violating a right that is required by law that entitles claimant a right to exercise.

The Limon Facility, and its official is still depriving claimant Peoples' and all handicap inmates with some disability a basic human need to exercise or to the alternative free weight program as all other inmates whom have a disability within CDOC. See Exhibit attached.

Claimant Peoples' states he has a right to use weight equipment. He has No medical restrictions, Nor a medical order that prevents him from using or partaking in any use of CDOC weight lifting program/equipment for all other inmates.

Overall, there is no exercise equipment associated with heart activity and this court must now recognize that the Limon Facility is well in violation of Claimant Peoples' rights as well as all other inmates like him.

The claimant alleges that he has been denied the right to use exercise equipment in the gym and has became overweight which is a gactor that has increased his Cholesterol and not being physically active has caused to be a factor for a conditional risk for an heart attack. Weight lifting along with losing weight help lower the L.D.L. and total cholesterol levels, as well as rise the H.D.L. and lower the triglyceride levels. Now the such conduct by prison official is now

2.

a clear violation of the **Eighth Amendment, Estelle v. Gamble, 429 U.S 97   105 97 S.Ct 285 (1976) ( noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference)** See **( Medical report the continuing deprivation of constitutional rights constitutes irreparable harm.**

Without any exercise equipment as required by ADA standards for the right to exercise irreparable harm will still result unless an injunction is granted in this matter. Claimant Peoples' has beehninformed by gym staff, if he would pay Five Dollars to medical and have his lower tier, and lower bunk restriction removed, then he will be given a weight pass.

Thusly, Claimant Peoples' is once again made too exercise in his cell or unit the best way he is able.

Pursuant to American With Disabilities **42 U.S.C.A. 12101 - 12213,** prevents discrimintion against prisoners whom or incarcerateddaand with a physical or mental disabilityy, and the **Federal Rehablitation Act of 1973.** This issue could be explored by this court as a Civil suite. And, Limon prison officials would be obligated to accommodate a special problem for any handicapped/disabled or unhealthly prisoner.

CDOC could also be barreddfrom receiving federal funds for discriminating against prisoners on the basis of their condition/handdcapps. **42 U.S.C.A. 794,** even though certain conditions might not be unconstitutional on their own, but they do add up to create an overall effect that is now unconstitutional.

The Limon Facility and its officials must provide a prisoner whom is under medical care/disable with the opportunities to exercise during the winter months due to No outside yard and must provide adequate space and equipment for exercising in the Gym Area.

The extreme conditions at the Limon Correctional Facilityffor this claimant, in not being able to exercise like all other inmates has caused his weight to increase

f                                                                3.

from **142LBS to 186LBS.**

**Wherefore,** Claimant Louis Peoples Jr, claim No: 03-278, requests that the court grant the following relief:

1. Issue an Injunction Ordering CDOC or their agents to Immediately give him a weight pass as equal to all other disabled inmated in CDOC.

2. Immediatelyuarrange for an area within its facility/gym with exercise equipment for a disabbded prisoner as required pursuant to the American With Disability Act of **42 U.S.C.A. 193 and 1992** or equal to as all otherrfacilities ran by the Colorado Department of Corrections.

Grant such other reliefvas it may appear that claimant Peoples' is entitled.

Done this 27th day of March 2007.

Respectfully Submitted:

[signature: Louis Peoples Jr]

# Limon Correctional Facility
## Alternative Free Weight Program Application Form

Exhibit A

Unit 3

### Section I : TO BE COMPLETED BY INMATE

*Please print legibly*

| Peoples Jr. | Louis | 43943 |
|---|---|---|
| LAST NAME | FIRST NAME | DOC # |

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT MY PARTICIPATION IN THE LCF ALTERNATIVE FREE WEIGHT PROGRAM AND OTHER ORGANIZED ACTIVITIES IS CONDITIONAL UPON MEETING ELIGIBILITY REQUIREMENTS.

Louis Peoples Jr.

INMATE SIGNATURE

43943 DOC # (Second time)

put same Application In back in April of 2006

### Section II : TO BE COMPLETED BY CASE MANAGER

| ELIGIBILITY CRITERIA | YES | NO |
|---|---|---|
| Has the inmate been assigned to LCF for the past ninety days? | X | |
| Has the inmate had a job for the past ninety consecutive days?  02/09/06 | X | |
| Will participating in this program interfere with the inmates job? | | X |
| Has the inmate had a Class I conviction in the last 180 days? If yes: Date of last conviction  /  / | | X |
| Has the inmate had a Class II conviction in the last 90 days?  If yes: Date of last conviction  /  / | | X |
| Is the inmate currently under any disciplinary probation and/or restrictions? | | X |

VERIFIED BY CASE MANAGER     YES [X]   NO [ ]

_Michael McAllen_                                          2/13/07

CASE MANAGER SIGNATURE                         DATE

Comments: _____

** CASE MANAGER PLEASE FORWARD TO RECREATION UPON COMPLETION**

### Section III : TO BE COMPLETED BY RECREATION SUPERVISOR

| RECREATION SUPERVISOR ONLY | YES | NO |
|---|---|---|
| Has the inmate completed the weight safety class and passed the written exam? | | |
| Has Section II been completed by the case manager? | | |
| IS THE INMATE MEDICALLY RESTRICTED? | X | |
| PROGRAM PARTICIPATION APPROVAL | | X |

RECREATION SUPERVISOR SIGNATURE                         DATE

** APPLICATIONS THAT ARE DENIED MUST BE RE SUBMITTED BY THE INMATE**
** WHEN THE INMATE IS ELIGIBLE.**



Exhibit B

DC FORM 850-4A(06/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number_____   STEP (Circle One) 1  2  3   ADA? Yes ☐ No ☒

| NAME Louis Peoples Sr | DOC NO. 43943 | FACILITY Limon |

Instructions: Forth request

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE AR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: (Denial of weight Pass or Programs)

In April of 2006 I completed a inmate Application Form for participation in the LCF Free weight program. I filed the form with my case manager, at No time did I hear back from the Recreation Dept. Once again I filed the Same Application Feb 2007, It was verified by case manager as (yes) 2-13-2007. In March I received it back with No supervisor Signature or date, but completed by Recreation Supervisor as inmate medically Restricted, Program participation Approval as (No). I now ask that this facility make available exercise equipment outside the Gym for all inmate(s) whom have an disability, as to Rowing Machine, Universal Cable Machine, any other equipment that Fremont, or anyother Facility have for Participation for the prisoner with a disability. I had a weight pass at Fremont and they had equipment there. I know how to lift weight. If I could use the Universal Cable Machine on the yard in the summer time, than I could use the Universal Cable Machine in the Gym. I want a weight pass. Pursuant to law you are violating my Rights see Keenan V. Hall 83 F3d 1083 Delaney v DeTella 256 F3d 679

DATE: 3-08-07   OFFENDER SIGNATURE: Louis Peoples Jr

DATE RECEIVED: _____   RESPONDING STAFF SIGNATURE & ID: _____

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |

**RECIEPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |

**RECIEPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

White: Department File    Canary: Working File    Pink: Administrative File    Goldenrod: Offender

Attachment "A"
Page 1 of 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COLORADO

CIVIL ACTION NO: 92N870

Jesse Montez Ruling
and for Claimant Louis Peoples Jr, 03-278

CERTIFICATE OF MAILING

I the undersigned certify that on this 27th day of March 2007, I served the foregoing documents titled Motion for Emergency Injunction, by mailing, through the United States mail, postage and addressed to the following:

US DISTRICT COURT FOR COLORADO
901 19th Street Room A-105
Denver, Colorado 80294-3589

COLORADO DEPARTMENT OF CORRECTION
DIRECTOR OF CORRECTIONS Mr. Zavaras
2862 South Circle Drive
Colorado Springs, Colorado 80906-4195

COLORADO STATE ATTORNEY GENERAL OFFICE
1525 Sherman Street, Floor 5
Denver, Colorado 80203

Colorado State Officials
Governor Ritter
State Capitol Building
200 East Colfax
Denver, Colorado 80203

and Claimant Peoples'