IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

___

Claim Number X-205
Category Untimely Filed Claim
Claimant: Benad Abiodun, K87
Address of Claimant: ICE/GEO Processing Center, 11901 E. 30th Ave., Aurora, CO 80010-1525

___

**FINAL ORDER OF SPECIAL MASTER**
___

    THIS MATTER came before the Special Master on the letter of Benad Abiodun. In that letter he requested representation on an immigration matter. Since it appeared that the Special Masters had no jurisdiction over his case, an order was issued allowing Claimant the opportunity to file a claim form. Claimant has failed to do so.

    This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the settlement document.[1]   Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

___

[1] The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

On August 27, 2003, the Remedial Plan was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Claimant has submitted no claim form alleging that he was disabled under the Remedial Plan on or before August 27, 2003. Claimant is facing deportation to Nigeria, and his concern is obtaining representation on his case to prevent that deportation. The Special Masters have no jurisdiction or power to help in his pending case with ICE.

IT IS HEREBY ORDERED that the claim of Benad Abiodun is denied, as he has failed to file a formal claim that is cognizable under the Remedial Plan; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 4, 2007.**

SIGNED this 23rd day of March 26, 2007.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master