F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 18 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870-EWN-OES (Consolidated for all purposes with
Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, ET AL.,

    Plaintiff,

v.

BILL OWENS, ET AL.,

    Defendants.

Claim Number 02-684
Catagory II
Claimant: Michael Sorden, Reg. No. 109538
Address of Claimant: FCF, C.H. 8, P.O. Box 999, Cañon City, CO 81215-0999

RESPONSE AND OBJECTION TO FINAL ORDER OF THE SPECIAL MASTER

    Michael Sorden, Claimant pro se, hereby responds and objects to Special Master Borcher's Final Order dated February 19, 2007, regarding the above-captioned claim, hereby stating and alleging as follows:

    1. The Settlement Agreement in the above-captioned case violates the Americans with Disabilities Act (ADA), which does not limit the definition of a "disability" to lower-level disabilities. Therefore, the Claimant hereby objects to the denial of accomodation for his disabled right wrist, which is a permanent disability, and which was made such due to the incompetence of medical personnel that contracted with the Colorado Department of Corrections (CDOC) to allegedly "fix" such medical problem.

    The Claimant further objects to Defendants' denial of his mobility disability of his right femur, since the Special Master also fails to take into account that Title II of the ADA <u>does</u> cover the Claimant's disability

(2)

related to such right femur. In addition, the Claimant objects to the Special Master's implication that only one medical document refers to his right femur disability, since the criteria for documentation requires that this disability can be traced back to before August 23, 2003, which said document proves. The Claimant believes, and hereby asserts, that there are additional documents in his CDOC medical file which meticulously describe his right femur disability, including but not limited to the lack of adequate initial care by the CDOC, and the botched attempts by the CDOC to "correct" such improper medical care, and lack of accomodation for such permanent disbility.

2. The Claimant hereby asserts that, due to the disability in his right femur, and his wrist, he was unable to participate in educational programs for a period of time priot and subsequent to his claim in this case, even though such disabilities no longer prevent him from such participation. Claimant's right femur and wrist were so painful during this time that he was unable to sit for an extended period of time, nor was he able to write, due to the pain in his wrist. Both sitting and writing in a classroom situation are required, which the Claimant was unable to do. Whether or not such disabilities are still a problem that requires continuing accomodation is irrelevant to the bases of his claim. The fact remains that the CDOC failed to accomodate the Claimant for such disabilities.

3. The Claimant requested accomodation for his disabilities from the CDOC, which, although some were granted for a very brief period of time, such accomodations (provision of a double mattress, turning handles for a sink, and two pillows) were removed from him with no explanation by the CDOC, and the Claimant was threatened by CDOC staff if he continued to

request such accomodations. The Claimant was given written certification by a former Cellhouse 8 CDOC Captain (Hamilton) to possess such accomodations, such certificate deemed not valid by the current Cellhouse 8 Captain (Hyatt), for no apparent reason. Captain Hyatt also had Cellhouse 8 Staff confiscate the written authorization for the Claimant to possess such acoomodations, so the Claimant has no documentation to present to the Special Master on this point. The Claimant believes that Captain Hamilton is currently located at CDOC's Buena Vista Correctional Facility in Buena Vista, Colorado.

4. The Claimant believes, and hereby affirmatively asserts, that he was/continues to be harmed by CDOC's removal of the above-noted accomodations, and their failure to provide him with accomodations such that he would be able to participate in educational and other programs at the time his disabilities were debilitating to him. and currently where he continues to suffer unnecessary pain due to lack of accomodation.

WHEREFORE, the Claimant hereby requests that the Special Master reconsider its Final Order regarding his claim, such that he approves it, or in the alternative, that he authorizes the Claimant to provide additional documentation in support of such claim, within a reasonable period of time, including but not limited to written documentation from his CDOC medical file, and an affidavit from CDOC Captain Hamilton, who provided the Claimant with written authorization for such above-noted accomodations for his disabilities.

DATED this 16 day of MARCH, 2007.

Respecfully submitted,

(4)

*Michael Sorden*
Michael Sorden, Reg. No. 109538
Colorado Dept. of Corrections
Fremont Correctional Facility/C.H. 8
P.O. Box 999
Cañon City, CO 81215-0999

CERTIFICATION OF INMATE FILING AND SERVICE BY MAIL

I do hereby certify that on the **17** day of **APRiL**, 2007, an original plus two copies were filed with the Clerk of the United States District Court for the District of Colorado, and mailing true and correct copies thereof to the following via first class United States Mail:

Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, CO 80203

*Betty J Tatum*