**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870(OES)(Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.,
    Plaintiffs,

-vs-

BILL OWENS, et al.,
    Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 3 0 2007

GREGORY C. LANGHAM
CLERK

---

Claim Number 03-247 (Formerly 02-278)
Category: III
Claimant: George Charles, Knorr; #45154
Address of Claimant: S.C.F., Unit 21, P.O. Box 6000, Sterling, Colorado 80751

WRIT OF QUO WARRANTO PURSUANT TO
§ 1651 Fed. R. Civ. & Fed. R. Civ. P. Rule 81(a)(2)

---

COMES NOW, George Charles, Knorr; Claimant, proceeding In Propria Persona (Pro se), and respectfully moves this Honorable Court and the Honorable Judge, John L. Kane, to specify by "What Authority" he and the District Court have SUMMARILY DENIED Claimant's Motion for an Order to Correct Violations of Due Process of Law which was filed with the District Court on or about December 12, 2006. Said Motion dealt with the denial by the Special Master, Richard M. Borchers, as to Witnesses being called on behalf of the Claimant in the above entitled matter, (Such witnesses being essential and vital to the established (PROCEDURALLY) and total (DISCRIMINATORY) practices against the Claimant by the Defendant's in this matter before the Court.

    1) Claimant alleges and asserts that the Honorable Judge, John L. Kane, failed to properly cite any Legal Authorities in his SUMMARY DENIAL of Claimant's Motion as above stipulated.

    2) Claimant asserts that the following cases properly establish the right to call ALL pertinent and Crucial Witnesses to fully establish the total discrimination against the Claimant by the Colorado Department of Corruption in the areas of Housing, Job Placement, Programs Availability, Retalitory

(1)

Transferal to Claimant's current housing Facility, etc., NOT TO BE OMMITTED, are the fact that the C.D.O.C. Medical Department has on several occasions attempted to MURDER the Claimant through their negligence and their deliberate indifference to his medical conditions ahd requirements as to his Health needs. All such deliberate indifferences and negligences are attributal to the C.D.O.C.'s DISCRIMINATION against this Claimant in particular and generally against all other claimants in this matter.

## CASE CITES MANDATING WITNESSES AND EVIDENCE TO BE PRESENTED AND ALLOWED

1. Armento-Bey v. Harper, 68 F.3d 215, (8th Cir. 1995) Inmate filed pro se complaint, stating that he was denied the right to present certain evidence in discipline hearing for improper contact with female officer. He stated that because he sought relief in form of damages only, and not restoration of good-time, his § 1983 claim should hot be stayed pending exhaustion of remedies. Circuit Court agreed.

2. Benitez v. Wolff, 907 F.2d 1293 (2nd Cir. 1993) Inmate has the right to prepare his defense against the disciplinary charges, although he was given a copy of the charges 24 hours prior to the disciplinary hearing, he was moved from his cell and not allowed to take the papers with him, which HAMPERED his right to properly prepare his defense.

3. Brooks v. Andolina, 826 F.2d 1266 (3rd Cir. 1987) "A prisoner MUST be aforded the right to call witnesses." SEE Also King v. Wells, 760 F2d 89 (6th Cir. 1985); Grandison v. Cuyler, 774 F.2d 598 (3rd Cir. 1985).

4. Dent v. West Virginia, 129 U.S. 114, 32 L.Ed. 623, 9 S.Ct 231 (1889) Due Process of law is intended to secure citizens against any arbitrary deprivation by the government of rights relating to life, liberty or property.

5. Diercks v. Durham, 959 F.2d 710 (8th Cir. 1992) Inmate's due process rights were violated when one of the hearing officers at his disciplinary procedures stated that "Any staff member actively involved in conducting an investigation

(2)

was not allowed to sit as a member of the disciplinary committee."

6. Mansfield Apt. Owners Ass'n v. City of Mansfield, 988 F.2d 1469 (6th Cir. 1993) "This Court has analyzed section 1983 actions based on deprivations of due process as falling into two categories; violations of procedural due process and violations of substantive due process; the latter being further subdivided into (2) actions that 'shock the conscience." SEE Also Braley v. City of Pontiac, 906 F.2d 220, 224-25 (6th Cir. 1990).

7. Patterson v. Coughlin, 905 F.2d 564 (2nd Cir.1990) Prison officials violated inmate's right to due process by not allowing him to call witnesses at his disciplinary hearing. Hearing officer was not impartial based on his comment that any statements made by witnesses supporting prisoner would be rejected, no matter how sincerely or truthfully the witnesses testified. Prisoners are entitled to an impartial hearing officer.

8. Ponte v. Real, 471 U.S. 491, 85 L.Ed.2d 553, 105 S.Ct. 2192 (1985) "Prison officials may not arbitrarily deny an inmate's request to present witnesses, or documentary evidence."

9. Roe v. Wade, 410 U.S. 113, 35 L.Ed.2d 147, 93 S.Ct. 705 (1973) "Where certain 'Fundamental rights are involved, the Court has held that regulation limiting these rights may be justified ONLY by a 'compelling state interest,' and that legislative enactments must be narrowly drawn to express only the legitimate state interest at stake."

10. Sandin v. Conner, 515 U.S. 472, 132 L.Ed.2d 418, 115 S.Ct. 2293 (1995) In reversing the 9th Cir., the Supreme Court shifted away from its approach in earlier cases where it had found a "mandatory language" and "specific substantive predicates," (Hewitt v. Helms, 459 U.S. 460, 74 L.Ed.2d 675, 103 S.Ct.864 (1983) and Kentucky v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)) The Court recognized that states could still be able to create protected liberty interests, however, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate

(3)

in relation to the ordinary incidents of prison life." (2) The decision concluded that the 30 days the prisoner spent in disciplinary segregation "did not work a major disruption in his enviornment," or effect the duration of his sentence, and that neither the prison regulations in question, nor the Due Process Clause itself provided the prisoner with a protected liberty interest that would entitle him to procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974).

11. Silva v. Casey, 992 F.2d 20 ($2^{Nd}$Cir. 1993) "Assistant must be assigned to act as inmate's surrogate at prison disciplinary proceedings, and to do what inmate would have done were he able, in those cases in which inmate is illiterate, or otherwise unable to marshall evidence and present defense."

12. Walker v. Bates, 23 F.3d 652 ($2^{Nd}$Cir. 1994) Prisoner, who was not allowed to bring witnesses to his disciplinary hearing, was confined to S.H.U. he later filed a § 1983 action for damages claiming his CONSTITUTIONAL DUE PROCESS Rights were violated. The appellate court held that "once prison officials deprive an inmate of his constitutional procedural rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison official responsible for the due process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense."

13. Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974) "There is no iron curtain drawn between the Constitution and the prisons of this country." The Court explained that prisoners have the rights of religious freedom, access to the courts, equal protection from DISCRIMINATION based on race and the protections of the Due Process Clause, (2) Additionally, an inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be undully hazardous to institutional safety or correctional goals . . . Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates

to collect statements or to compile other documentary evidence."

14. Young v. Kann, 926 F.2d 1396 ($3^{Rd}$Cir. 1991) "Inmate facing disciplinary charges must have opportunity to marshall facts and prepare defense."

15. Fed. R. Civ. P. 26(b)(1) reads as follows: "Parties may obtain discovery regarding any matter, not privilged, which is relevant to the subject matter involved in pending action, whether it relates to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity of persons having knowledge of any discoverable matter.

(As to P.L.R.A. of 1995)

16. Title 18 § 3626(a)(1)(A), now states "Prospective relief in any civil action with respect to prison conditions SHALL extend no further than necessary to correct the violation of the Federal Right of a particular plaintiff or plaintiffs, the Court SHALL not grant or approve any prospective relief unless the court finds that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, The court SHALL give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."

17. It was error to exclude evidence pertaining to reliability of a confession critical to defendant's claim of innocence. Crane v. Kentucky, 476 U.S. 683, 90 L.Ed. 2d 636, 106 S.Ct. 2142 (1986).

18. Erroneous exclusion of testimony on grounds of hearsay is reversable error if it affects the substantial rights of the defendant. U.S. v. Parry, 649 F.2d 292 ($5^{Th}$Cir. 1981); U.S. v. Barrett, 539 F.2d 244 ($1^{St}$Cir. 1976).

19. Exclusion of defendant's expert witness testimony was found to be in error where prosecution was permitted to elaborate its argument on same issue expert was supposed to testify on. U.S. v. VanDyke, 14 F.3d 415 ($8^{Th}$Cir. 1994).

20. Exclusion of extrinsic evidence showing motive of government witness was found to be in error. U.S. v. Blum, 62 F.3d 63 ($2^{Nd}$Cir. 1995).

21. Exclusion of evidence describing specific circumstances of teenage murder suspect's confession was in error. Crane v. Sowders, 889 F.2d 715 (6th Cir. 1980).

22. Exclusion of evidence demonstrating physical impairment of defendant was in error where prosecution's version of events relied on defendant's physical ability to perform certain acts. U.S. v. Blaylock, 20 F.3d 1458 (9th Cir. 1994).

23. Court's exclusion of evidence in defendant's trial for obstruction of justice was error requiring reversal when evidence was relevant and necessary to defendant's affirmative defense. United States v. Lowery, 135 F.3d 957 (5th Cir. 1998)

24. Relevant conduct under its current definition, can include uncharged behavior or actions, acquitted conduct, or so-called co-conspirators. Using relevant conduct is a way of including whatever "FACTS" the prosecutor, probation officer or judge wish to use.

This is spelled out very clearly in Title 18 § 3661, which states: "No limitation SHALL be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." SEE United States v. Watts, 117 S.Ct. 633 (1997).

25. District court failed to make necessary findings that defendant knowingly made a false statement under oath. . . therefore, the two level enhancement for obstruction of justice was erroneous. U.S v. Williams, 79 F.3d 334 (2nd Cir. 1996).

26. Substantive and Procedural Due Process SEE: Dent v. West, Virginia, 129 U.S. 114, 123 (1889); Morrissey v. Brewer, 408 U.S. 476, 481 (1972); Washington v. Harper, 494 U.S. 210 (1990).

Sample v. Diecks, 885 F.2d 1099, 1114 (3rd Cir. 1989) (If officials authorize a system to deprive persons of life, liberty or property, it is irrelevant whether they intend that it violate due process).

27. Nicoletti v. Brown, 740 F.Supp. 1268, 1285-87 (N.D. Ohio 1987) (Failure to perform a mandatory, non-discretionary statutory duty arbitrarily deprives the

plaintiff of an entitlement in violation of <u>substantive due process requirements</u>); SEE Also <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 117 L.Ed 2d 261, 112 S.Ct. 1061 (1992)("assum[ing]" that the Texas Hazard Commission Act created a liberty interest in receiving warnings of certain hazardous conditions).

28. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-68, 94 S.Ct. 2963,2963, 2979-80, 41 L.Ed.2d 935 (1974) In law, the procedural protections are known as due process and typically consist of (1) an opportunity to have the determination of whether the offender has violated treatment conditions made by a neutral person (as opposed to being made by the same official making the accusation); (2) the right to present a defense against the alleged violation; (3) the right to call witnesses in support of that defense. The United States Supreme Court instructs, "the touchstone of due process is the protection of the individual against arbitrary action of government." Id. at 558, 94 S.Ct @ 2976.

## SUMMARY

The requirement of due process in a given type of case are determined by balancing three factors: How serious the deprivation is, how much good additional procedures are likely to do, and how expensive for the officials who must carry them out. This "balancing test" determines what due process requires even if state law or prison regulations call for something different.

Claimant states that the due process of presenting crucial and critical evidence in his claim is mandated by every Federally decided case cited in any number of legal books and supported by the Supreme Court of the United States.

Claimant only wishes to properly present his entire claim of Discrimination of his medical limitations and the fact that the Colorado Department of Corruption and it's agents have systematically worked to deprive the Claimant of an opportunity to enjoy the benefits of selective housing placement, job placements, arbitrary transfers, retaliation for asserting his rights under the remedial plan of the Montez case. The fact that on several occasions the (C.D.O.C.) medical staff and housing staff have attempted to murder the Claimant by means of

(7)

mis-medication, overdosage of medicines, arbitrary housing assignments, forced participation in fake fire-drills, forcing Claimant to exceed his physical limitations, thereby placing Claimant's life in jeopardy of eminent danger, harm or even death.

Claimant asks only that the Court and Judge Kane consider the relevant issues in this motion and conclude that the Claimant is <u>NOT</u> a safety risk, <u>NOT</u> placing undue expenses on either the Court nor the State Agency in requesting <u>ESSENTIAL</u> witnesses to prosecute his claim against the C.D.O.C., Claimant's witnesses are mostly C.D.O.C. Personnel and therefore pose <u>NO THREAT</u> to the every day business of the C.D.O.C. or any place or person involved in this action. There is NO additional costs involved in obtaining the witnesses than would otherwise be involved in obtaining such witnesses if the Claimant were to call such witnesses at a correctional Disciplinary hearing in or from the facility wherein he is housed. The cost of <u>INSTATE</u> and <u>TOLL FREE</u> numbers does not place an undue burden on the coffers of the State of Colorado nor the Court Officers in obtaining said witnesses <u>ESSENTIAL</u> to the prosecution of this matter to obtain that which the Court has already authorized in the Remedial Plan.

Plaintiff/Claimant states that he has a <u>VESTED LIBERTY INTEREST</u> in the outcome of this matter, in that he wishes to leave this prison enviorment as a LIVING, WALKING individual, rather than as a corpse or in a wheelchair unable to walk or fend for himself without the aid of another person in his daily functions.

The State has no further compelling interest than to minimize the cost of settlement and there would be NO disruption of the prison enviornment nor any hardships placed on the safety of the prison operations in allowing the Claimant to have the witnesses which he has a <u>CONSTITUTIONAL RIGHT</u> to for the complete prosecution of his claim.

WHEREFORE, Plaintiff/Claimant prays this Honorable Court and Honorable Judge John L. Kane rectify the oversight of not properly researching case laws which specify that Plaintiff/Claimant is fully ENTITLED to present ALL of his witnesses at the hearing scheduled for the Twenty Seventh day of July 2007, and that the Honorable Judge John L. Kane reverse his prior ruling (Order) in this matter and issue such order as would properly allow the Claimant to present all of his crucial, essential evidence by means of his witnesses which are in essence the crux of his evidence through their testimony in this matter.

Further, Claimant states that this Writ filed in a timely manner DOES NOT call for the vacation of the Hearing date now established and would request that said hearing date remain in effect as it is some Three Months, roughly 92 days from the filing of this Writ of Quo Warranto and the necessity for re-setting the hearing date at this time is NON-EXISTENT and warrantless except to extend the process of determination in this matter.

Respectfully Submitted

*George Charles, Knorr*

45154
S.C.F.   Unit #21-C
P.O. Box 6000
Sterling, Colorado   80751

CERTIFICATE OF SERVICE

I, George Charles, Knorr; hereby CERTIFY that a true and correct copy of the foregoing Writ of Quo Warranto, was placed in the United States Postal Receptacle at the Sterling Correctional Facility on this Twenty Seventh day of April, 2007 and addressed to the concerned parties hereto listed below, at their last published address' and logged into the Facility's legal log for the above indicated date of mailing.

Plaintiff/Claimant states that this Writ of Quo Warranto is filed timely under the dictates of Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 1030, 108 S.Ct. 2379 (1988); Rule 4(a)(1) of Federal Rules of Appellate Procedure, at moment of delivery to prison authorities for mailing to the Court.

Attorney General for Colorado
ATTN: JESS A. DANCE   A.A.G.
1525 Sherman Street
Denver, Colorado  80203

Clerk of the United States District Court
for the District of Colorado
ATTN: Judge John L. Kane
Alfred A. Arraj U.S. Courthouse
901  19$^{Th.}$ Street
Denver, Colorado  80294

Special Master
Richard M. Borchers
Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado  80030-4444

George Charles, Knorr
45154
S.C.F.   Unit # 4 - B
P.O. Box 6000
Sterling, Colorado  80751