IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORDO

Civil Action No. 92-N-870

JESSE MONTEZ, DAVID BRYAN
          Plaintiffs

-vs-

BILL OWENS, et al.
          Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2007

GREGORY C. LANGHAM
                    CLERK

MOTION OF APPEAL OF THE
FINAL ORDER OF SPECIAL MASTER

      **Comes Now** David G. Bryan DOC #59182 Plaintiff acting Pro-se

on Motion Of Appeal to this Honorable Court. Plaintiff Bryan and 5

other offenders with disabilities initiated the Second Amended Complaint

as a Class Ation on January 25, 1996, to Judge Edward Nottingham. Plantiff

filed an objection the the proposed Remedial Plan on 8 6 03 to Judge

Nottingham. Also an objection to the Remedial Plan was herd by telephone

testimony to Judge Nottingham on August 14, 2003. Plaintiff never heard

from the Court regarding a written response to the objections.

JURISDICTION AND VENUE

1.      The Jurisdiction of this Court arises under the Constitution

of the United States Article III, Section ½ 28 U.S.C., §1331 and 1343,

relating to actions initiated pursuant to Title VII, as amended. The

case was brought under the Americans with Disabilities act, 42 U.S.C

§12101, and Rehabilitation Act, 29 U.S.C. §794.

2. All of the events alleged herein occurred and are continuing to

occur within the State of Colorado. Venue is proper in this Court pursuant

to 28 U.S.C. §1391.

## INTRODUCTION

3.      Plaintiff Bryan qualifies under covered Disabilities with a
Mobility disability that substantially limits his ability to perform
a magor life activity.  The specific disability is a condition which
is not expected to improve at any time.Plaintiff falls under Section
V. A. 1. b). Inmates who do not require a wheelchair but who have a
permanent lower extremity mobility impairment that substantially limits
walking.  Such impairment may require use of a cane, prosthesis, or
walker, or other assistive devises.

4.      Plaintiff was/is otherwise qualified to participate in the programs
or recive the benefits or services offered by DOC.

5.      The appropriate remedy has not been ordered by the Special Master
regarding conduct of DOC.

6.      The Plaintiff was assigned to a Category III-C, The Claim Number
is 03-130 by the Special Master.

7.      Plaintiff will defer to Judge Borchers FINAL ORDER pages (4 and
5) only, as true and accurate.

8.      The pertinent provisions of the ADA became effective on January
26, 1992 regardless to the Remedial Plan of 2003.  The defendants have
willfully disregarded their duties under the ADA and have knowingly
allowed unlawful conditions and practices to continue at DOC facilities
for prolonged and unreasonable periods of time.

9.      The Plaintiff made a specific Request to the Special Master
to make a ruling and Order on individule issues that pertain to his
issues.

10.     The lack of addressing those specific issues is what the Plaintiff
would like this Honorable Court to address.

SPECIFIC OBJECTIONS FOR APPEAL

A.  The special Masters was prejudice based on the fact Plaintiff

"...filed numerous documents.  This claim now fills two expandable

file folders.  The testimony presented at the hearing was volumious.

a great deal of what has been submitted is irrelevant to the

claim process as extablished by Article XXXII of the Settlement

Agreement."

B.  The Special Masters did not understand that not only did the

Plaintiff suffered an injury to the Lip by putting a tooth through

it, but that he fell on the right sholder causing injury to

the rotater cup etc. See records.

C.  The Special Masters states that "Claimant was only able to walk

slowly after August 27, 2003." The occasional use of a wheelchair

by Plaintiff is not an issue.  The disability requires access to

a cell with a raised  toilet and hand rails because of a

different reason than a wheelchair.

d.  Plaintiff testified  for the need of special elevated tennis shoes

to wear and asked that an order for transport and at the Job

be given.  Warden Watkins at FCF testified that"such shoes provide

a security problem and that individuals may not wear tennis

shoes to work at a job outside the fence".Plaintiff never requested

that he work outside the fence.  For a number of years Plaintiff

was allowed to work with the special shoes at areas within the

fence but were not in a general population area.  It was a work

area.  After the Remedial Plan went into effect Plaintiff then

was not allowed to work at certen jobs within the boundrys of

trhe fence.  This applies to FLCF boiler house, Laundry and

maintenance shops too.  The Defendants never showed cause under

Section XI - A the Remedial Plan JUSTIFICATION FOR DENIAL OF
REQUESTS FOR REASONABLE ACCOMMODATION. Defendants only stated
that the shoes were a "Security Risk". NOTE: Special Shoes
were noched with a mark just like all other boots or shoes.
In the Special Masters footnote #2 he states, "The issue concering
tennis shoes and work at an industries job at FCF raised some
concern on the part of the Special Master. Claimant did not
rebute the security considerations related to use of boots.
As a result, this issue has not been proven by Claimant." The
Claimant did give testimony about the special shoes and asked
throught the Grievance process to show in writing why after
years of being allowed to wear the shoes it all of a sudden
became a "Security Risk". The Plaintiff askes this court to
now make a rudaing regarding the use of special shoes at the
workplace... within the fence.

E. According to the remedial Plan Section V. Placement ¶4, Page
4 it states. "Inmates who are currently in DOC and are moved
to a designated facility because of a disability and pursuant
to this agreement will have the same privileges and property
rights as they possess in their Current placement." At FCF previous
to the ADA move to FLCF Plaintiff worked at Industries at $110
per month. After being moved to FLCF Plaintiff discovered that
this facility has no medium Security work in Colorado Industries
jobs at which he could work. Plaintiff only can work at jobs
that pay .60¢ a day. Testimony was given by Defendants that
confermed this problem. Plaintiff now asks this Court to make
a ruling on Defendents to have Colorado Industries available
to medium security inmates at FLCF at which Plaintiff and other

medium security inmates may participate in.

F.  FLCF has a very limited number of programs as compaired to non-
designated facilities.  The excuse is limited funds.  Plaintiff
presented documentation regarding the lack of programs such
as a Hobby Shop, and in cell crafts, gym programs regulary scheduled
for ADA inmates, and Vocational Programs.  Plaintiff request
an order demanding that FLCF have eqvialent programs per capata
compaired to non-designated facilities.

G.  There is no ADA restroom for the Chapel (MPI room) at FLCF.
Plaintiff request that the Court orders Defendants to install
an ADA restroom for the Chapel.

H.  The grievance procedure is not followed according to the Remedial
Plan.  All three steps can take between 60 days to * months.
Plaintiff request that the Court orders Defendants to abide
to Section XII ADA GRIEVANCE PROCEDURE.

I.  FLCF has a limited (not equivalent to nondisignated facilities)
craft program.  At other non-designated facilities inmates may
obtain supplie requisitions by outside family and/or friends
for in-cell craft work.  This results in a cost of supplies
savings upward to 30 % as apposed to ordering supplies within
the Prison.  This was presented to the Special Masters both
in testimony and documention,however, the Special Masters did
not rule on this issue.  Plaintiff request this Court to order
Defendents to allow ordering of supplies the same as Non-designated
facilities do.

J.  The Plaintiff is limited to work areas at FLCF because part
of the work area is not Medium Security due to only one fence.
This is in conjunction with issue (E.) of this appeal.  Plaintiff

5

may not work in the mainteance shop, boiler house, and laundry
at FLCF.  It was in the plan to build the second fence however
this has been posponed due to  As            Contamination in
the soil thus the fence can not be put up  This is  a money
spending issue now.  The Special Master was presented with testimony
from warden Al Estept in which he states " these are decisions
made  at DOC headquarters.  Plaintiff request that Defendants
be ordered to make this area a Medium Security area as planned
fo facilitate Medium Security Inmates.

K.  Plaintiff presented documentation that there was an ongoing
need for a heat pad for his in cell use.  It was deturmined
that Plaintiff had this legitimate need for years and still
dose.  At a point in time Defendents determined that heat pads
are a "comfort Item" thus will not be needed.  Plaintiff has
had a heat pad to keep his legs from getting ulcers due to circulation
in the blood vesels. Without the heatpad it effects my mobility
and thus detures him from basic life functions (mobility).
Plaintiff request the Court to review the Medical records and
make a judgement as to the need for a heatpad.

L.  Defendants have a long history of granting health care items
and Appliances and then takeing them away then giving them back
over and over.  Theise items are for needs that are related
to apermanent disability and should not be subjected to  the
the ebb and flow of DOC staff.. eg. canes egg-crate matterises,
wedge pillows,etc.  Plaintiff request that this Court review
the Documentation regarding this subject  because the Special
Masters did not rule on this issue. Plaintiff requests that
such items be made a permanent item in the plaintiffs property
once

6

when it has been deturmined thire is an on-going need.

M. For the past 12 years Defendants have delibertely not complied

to the ADA standards causing Plaintiff great emotional stress

that was not called for.  He has also been subjected to Physical

pain directely related to his disability.  The Plaintiff asked

the Special Masters for damages of $5.00 per day for every day

he has been incarcerated and the Defendants have not been in

compliance.  Plaintiff feels that this sum is not out of line

at all.  The Special Masters only granted $2000.00 and Plaintiff

asks this Court to grant the $5.00 per day sum.

11. The Plaintiff respectfully request this Honarable Court to Grant the

MOTION OF APPEAL OF THE FINAL ORDER OF THE SPECIAL MASTERS   items A.throuth M.

Respectfully Submitted this ____4____ day, of _May_ , 2007.

David G. Bryan 59182

I hereby certify that I have mailed a copy of the foregoing MOTION

OF APPEAL OF THE FINAL ORDER OF SPECIAL MASTER  this _____ day of _____,

2007, to the following:

Mr. James X. Quinn

Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman street, 5th Floor
Denver, CO 80203

Paula greisen
KING & GREISEN, LLP
1670 York Street
Denver, CO 80206

Subscribed) and sworn to before me, a Notary Public,
this __4th__ day of _May_ , 2007.

Notary Public
My Commission Expires: 01/09/2011

MARIA MUNIZ
Notary Public
State of Colorado

7

Colorado Department of Corrections
Name _____ David Bryan
Register Number ___ 501931
Unit ___ 5
Box Number ___ 1000
Fort Lyon, CO — 81038

REC
UNITED STATE
DENVER

MAY

GREGORY

United State
Judge John
Cleark of th
901-19th S
Denver Co