IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number 03-311 (formerly 02-552)
Category: III
Claimant: Terrence Turner, #65853
Address of Claimant: CMI Fox, 570 W. 44th Ave., Denver, CO 80216

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

THIS MATTER came before the Special Master for hearing on Thursday, February 22, 2007 at 12:00p.m. at the office of Legal Resolution Center, 600 17th Street, Suite 2800 South, Denver, Colorado. Present were the following: Celia Randolph, from the Office of the Attorney General, for Defendants.

Testimony was received from the following witnesses: None. No exhibits were received by either side. The case was taken under advisement. This order shall constitute the final action by the Special Master on this specific claim.

### I. BACKGROUND

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

1

On August 27, 2003, the Remedial Plan (a.k.a. Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Remedial Plan also created a mechanism for individual inmates, former inmates or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Remedial Plan provided the following basis for the filing of claims for damages and/or for other relief. This section states, in part as follows:

Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:

   I.    General inconvenience or nominal damages;
   II.   Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
   III.  Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
   IV.   Damages due to severe physical injuries; and
   V.    Damages due to death.

Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as Category III. *Remedial Plan, pp. 28-9.*

Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages for relief.

## II. FINDINGS OF FACT

Being duly advised, the Special Master makes the following findings of fact:

1. That Claimant submitted a claim which was assigned to claim number 03-311[1] and the basis of his claim is diabetes.

2. That, Claimant's claim was assigned to Category III pursuant to the Remedial Plan as set forth above.

3. That the last address for Claimant which the Special Master has is CMI Fox, 570 W. 44th Ave., Denver, CO 80216.

---

[1] Previously, the claim was assigned to Category II and assigned claim number 02-552. By Order of the Special Master, on September 19, 2006, the claim was elevated to Category III and assigned a new claim number.

4. That no further changes of address have been sent to the Special Master and all Orders from the Special Master have been sent to Claimant at that address since that time with the file indicating that the hearing order was returned on December 18, 2006.

5. That on December 4, 2006, an "Order of Special Master – Setting of Hearing Date" was mailed to Claimant and Defendants setting a hearing on Claimant's claim on February 22, 2007, noon at the office of Legal Resolution Center.

6. That on the Record, after waiting until approximately 12:30p.m. on February 22, 2007, the Special Master found that Claimant did not appear to prosecute his case.

### III. CONCLUSIONS OF LAW

The Remedial Plan in Section III provides the following definitions:

III.  DEFINITIONS

A. COVERED DISABILITIES
The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
B. QUALIFIED INMATE
Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
C. PERMANENT DISABILITY/IMPAIRMENT
A condition which is not expected to improve within six months.

*Remedial Plan, pp. 1-2.* The Remedial Plan further discusses categories and criteria for special placement. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking…" *Remedial Plan, Section V, Paragraph A, pp.4-5.*

On November 23, 2004, Judges Nottingham and Kane issued an order setting forth the following criteria that must be utilized in adjudicating a claim:

The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
1. Is the claimant a disabled individual who is a member of the class?
2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)

3

      4.     Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

### IV. ORDER

IT IS ORDERED that based upon the foregoing, Claimant, in failing to appear for his hearing has not met his burden to establish each of the four criteria by a preponderance of the evidence and Claimant's claim for relief is hereby DENIED; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed **on or before May 7, 2007** with the Clerk of the United States District Court at the following address:

    901 19th Street
    Denver, CO 80294.

SIGNED this 7th day of March, 2007.

                        BY THE COURT:

                        /s/ Richard C. Davidson

                        _____
                        Richard C. Davidson,
                        Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing FINAL ORDER OF SPECIAL MASTER this 7th day of March, 2007 to the following:

Mr. Terrence Turner, #65853
CMI Fox, 570 W. 44th Ave.
Denver, CO 80216

Ms. Celia Randolph
Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

/s/ Susan L. Carter
_____
Susan L. Carter