IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 19 2007

GREGORY C. LANGHAM
CLERK

## MOTION TO SUPPRESS EVIDENCE AND QUELCH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(g)(2)

THIS MATTER comes before the court pursuant to Federal Rule of Civil Procedure 53(g)(2) is as follows:

In this claim, Michael W. Purcell #85034 was designated as a Category II, Claim Number 02-906. Mr. Purcell now and at all times was granted the opportunity to file a brief reply to the response of Defendants. Claimant did file a brief reply to the response of Defendants, however the Special Master abused his discretion to suppress and quelch Exhibit B from the file and record. That Exhibit is attached and is incorporated as evidence from the Rocky Mountain Orthopaedic Associates, P.C. in Grand Junction, Colorado. Please note that the Attorney Generals office construed this medical record as an appendix to page 2 of the supplemental form Exhibit B. State and Federal Due Process guarantees that claimant preserves the right to raise this issue and for this court to review the doctrine de-novo. All objections to findings of fact made or recommended by a master unless the order of appointment establishes a different standard of review, the court may set aside a master's ruling as a procedural matter only for an abuse of discretion.

(1)

In this claim and under de-novo review, Is the claimant a disabled individual who is a member of the class and would the claimant have prevailed on this claim under adequate counsel in regards to answering questions 2, 3, and 4?

The claimant in this case has established that he meets the requirements to fall under the Remedial Plan as being mobility impaired. The Defendants do not object to this or raise any issue in regards to question # 1. The Special Master abused his discretion knowing the claimant was mobility impaired to give him specific instructions to present specific evidence to answer the remaining questions adequately. As for a simple procedural matter, this court holds jurisdiction pursuant to Federal Rule of Civil Procedure 53(g)(5) to make a ruling in favor of the claimant pursuant to Federal Rule of Civil Procedure 53(g)(3).

In light of this court under de-novo review, the court shall make a judicial determination to understand if the claimant was qualified to participate in a fire program at Four Mile Correctional Center where his incarceration would of automatically been reduced to half. If such determination is ordered through this court, Mike Purcell # 85034 would of been released from prison on April 17, 2007. Claimant will produce D.O.C. A.R. Rules and Regulations to support this statement if deemed necessary by this court.

D.O.C. did discriminate against this claimant by not offering Mr. Purcell assistant devices as well as total access to library to check-out and return literature. Mr. Purcell was discriminated by D.O.C. Case Management and Medical Staff numerous times. Mr. Purcell would fill kites and grievances in relation to his problems and Case Management and Medical would simply throw them away or state that they never received any information on claimant. They would simply tell him to put another kite in which did not solve or correct his condition.

This conduct did cause the claimant harm and therefore Mr. Purcell can prevail in correcting his problems if this court will award monetary damages in light of all the evidence and the truth of this motion. Please remember Mr. Purcell could of been released from incarceration on April 17, 2007 if D.O.C. would of allowed him to progress through the system and allow him to enter the fire program. CLEAR DISCRIMINATION BY D.O.C.!

WHEREFORE, Claimant moves this court to modify the masters order pursuant to Federal Rule of Civil Procedure 53(g)(2) by suppression of evidence and quelch of Exhibit B and to further review questions 2,3, and 4 under de-novo review and to order monetary damages in a sum decided by this court.

### CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing motion this day of June 17TH, 2007 to the following:

Mr. James Quinn
Mr. Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, CO. 80203

_____
Mike Purcell #85034

**ROCKY MOUNTAIN ORTHOPAEDIC ASSOCIATES, P.C.**

| | |
|---|---|
| 550 Patterson Road<br>Grand Junction, Colorado 81506<br>Phone: 970-243-8140<br>Fax:   970-242-0293<br><br>790 Wellington Avenue, #204<br>Grand Junction, Colorado 81501<br>Phone: 970-242-3535<br>Fax:   970-241-4610 | **NAME:** MICHAEL W PURCELL<br>**ADDRESS:** 559 PITKIN<br>GRAND JUNCTION, CO 81502<br>**H PHONE:** (970) 244-3300<br>**W PHONE:** (970) 244-3300<br>**DOB:** 10/02/72<br>**REF. DR:**<br>**ACCT. #:** 20062.0 |

---

**LEFT KNEE   DI: NKI**                     Page 1

**July 25, 2000   W. PATTERSON/rlg**
The patient was examined in our office on this date by Dr. Patterson.

**HISTORY:** Michael Purcell is a 27 year old, right handed, white, male. He is single. He works as a preparation cook at a local restaurant and has a problem with his left knee. In 1988 or 1989, this patient had a motorcycle accident in which he injured his left knee. Dr. Pinson felt that he had avulsed an anterior tibial spine and possibly a portion of the anterior cruciate ligament. His treatment was conservative. Now he says that occasionally his knee swells and pops but it never comes out of place. It bothers him enough that he thought he ought to have it checked. Pain is not a major problem to him.

**PAST MEDICAL HISTORY:**
**Allergies:** He is not allergic to any drugs.
**Medicines:** He doesn't take any medicines.
**Operations:** His major health problem in the past is that he has congenital deformity of both of his feet and he has had surgery on his feet before. This was done at the Shriners Hospital in Salt Lake City. He is not exactly certain what was done.
**Illnesses:** He is otherwise a healthy person.

**FAMILY HISTORY:** A grandfather had cancer.

**REVIEW OF SYSTEMS:** Noncontributory.

**SOCIAL HISTORY:** He does smoke 10 cigarettes a day. He doesn't drink alcohol.

**PHYSICAL EXAMINATION:** On physical exam, he does not have any deformity of either knee but he is a little tender on palpating along the lateral joint line in his left knee. He has very atrophic calves consistent with club feet. The knee ligaments all seem stable to me. I also examined his feet. He has unusual looking feet. They are not exactly symmetrical. He has a reasonable arch in the left foot but he has a very flat foot on the right. He has a sunken in area over the sinus tarsi bilaterally as though his os calcis might have slipped out from underneath his talus. He also has a dorsal bunion on the right foot. He has limited subtalar joint motion. He has an incision on the medial aspect of the bunion, what that was used for I can't really tell. His IP joint was not fused.

(continued on next page................)

## ROCKY MOUNTAIN ORTHOPAEDIC ASSOCIATES, P.C.

MICHAEL W PURCELL　　　　　　　　　　　　　　　　　　　　ACCT: 20062.0
DOB: 10/02/72　　　　　　　　　　Page 2

**July 25, 2000　　W. PATTERSON/rlg** (continued)
**X-RAYS**: I didn't x-ray his feet. I did get x-rays of his left knee including a Merchant view and a standing AP x-ray. One can see that he has marked reduction in the articular cartilage space in the lateral compartment of the left knee. His growth lines don't look like they have been closed for very long. He also has a number of transverse lines in the distal femur as though he might have been sick at times in his life, enough to give him so called growth arrest lines.

**IMPRESSION**: I think the patient has a difficult problem because he is going to wear out the lateral compartment of his left knee way earlier than is reasonable to perform knee arthroplasty on him.

**RECOMMENDATIONS**: I wanted to show his x-rays to my colleagues and discuss his case and I will be back in touch with the patient. My inclination in this particular patient would be to use a very cautious approach.

cc: Vocational Rehabilitation/222 South Sixth St., Room 215/Grand Junction, CO  81501


**October 6, 2000　　W. PATTERSON/rlg**
Michael Purcell is a young man who has articular cartilage disease of his knee with a much reduced articular cartilage space on the lateral compartment of the left knee. Associated with this he has a little restriction of knee flexion and even knee extension where he lacks about the last 5°.

**RECOMMENDATIONS**: His symptoms are not truly disabling. He works regularly and he doesn't miss work because of his knee. Fortunately he's thin which will help the longevity of his articular surface. We are taking a waiting approach to the problem at the moment hoping that a better solution will come along for the problem that he has. He is satisfied with that. We plan to see him in the spring of next year.

cc: Vocational Rehabilitation/222 South Sixth St., Room 215/Grand Junction, CO  81501