IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: X-208
Category:
Claimant: Cynthia Hosea-Butler, #127487
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

---

## FINAL ORDER OF SPECIAL MASTER

THIS MATTER comes before the Special Master on his own motion. On November 13, 2006, during the hearing of Wanda Crawford, the Special Master was given a letter from Ms. Hosea-Butler indicating that she was a member of the *Montez* class action suit. Upon further investigation, Ms. Hosea-Butler was discovered not to have filed a claim and was issued an order to show cause and was provided an Initial Claim Form for Damages. With still unanswered questions, the Special Master had the Defendants produce a copy of Claimant's incarceration history.

Claimant has alleged that she suffers from a mobility impairment, a vision impairment and diabetes. By both Claimant's admission and the records produced by Defendants, Claimant was not under the jurisdiction of the Colorado Department of Corrections (CDOC) until 2005. The Remedial Plan which settled the litigation was signed on August 23, 2003. This is the date that has been accepted by the courts as the cutoff date for which an inmate needed to be under the jurisdiction of the CDOC. Section XXXII. "Damages" states in relevant part:

> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the

1

monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a damage claim upon a showing that the class member was prevented from, or incapable of fling within the specified time period.

Here, the Special Master must find and conclude that Claimant has not met the burden to prove that she is entitled to file a late claim within the parameters set forth by the Remedial Plan quoted above. The simple fact is that Claimant was not incarcerated with the CDOC for more than a year after the cutoff date of August 23, 2003. While Claimant may not have a claim under the Remedial Plan, this ruling does not preclude her from filing her claim in an appropriate court as set forth by the Damages section of the Remedial Plan.

IT IS HEREBY ORDERED that the claim of Claimant will not be accepted into the class for late filing and must be dismissed as being untimely; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed **on or before August 20, 2007** with the Clerk of the United States District Court at the following address:

> 901 19th Street
> Denver, CO 80294.

SIGNED this 20th day of June, 2007.

> BY THE COURT:
>
> /s/ Richard C. Davidson
> _____
> Richard C. Davidson,
> Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing FINAL ORDER OF SPECIAL MASTER dated this 20th day of June, 2007 to the following:

Ms. Cynthia Hosea- Butler, #127487
DWCF
P.O. Box 392005
Denver, CO 80239

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

/s/ Susan L. Carter
_____
Susan L. Carter