# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action, File No. **92-N-B72 (OES) (CONSOLIDATED FOR ALL**
(To be supplied by the Court)

**PURPOSES WITH CIVIL ACTION NUMBER 96-N-343).**

JESSE MONTEZ, ET AL.

_____ , Plaintiff(s)

v.

BILL OWENS, ET AL. .Defendant(s)

)
)
)
)
)
)
)
)
)

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 3 2007

**GREGORY C. LANGHAM**
CLERK

---

CLAIM NUMBER :  **03-359**

CATABORY    :  **III**

CLAIMANT    :  THOMAS T. VALDEZ,   #68556

ADDRESS OF CLAIMANT :   CCF, P.O. BOX 600

CAÑON CITY, COLORADO

81215-0600

---

# MOTION FOR RESOLUTION OF DISPUTE

## LEGAL MATERIALS
## AND
## JURISDICTION

( 1  OF 35 ) (D) (A)

COMES NOW, CLAIMANT, THOMAS T. VALDEZ, PRO-SE, SUB-MITS THIS MOTION AND ISSUE TO JUDGE KANE FOR RESOLUTION. PURSUANT TO COLORADO DEPARTMENT OF CORRECTIONS (CDOC) (DEFENDANTS), MONTEZ REMEDIAL PLAN (MRP), 27 AUGUST, 2003, § XXXVI, MISCELLANEOUS PROVISIONS, (A) RESOLUTION OF DISPUTES, (MRP, PAGES 30-31).

## ISSUE

# 1. "MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CU-BIC FEET OF LEGAL MATERIAL BEYOND CDOC's 2.0 CU. FEET AL-LOWABLE LIMIT", FILED BY CLAIMANT ON 11 APR '07, PURSUANT MRP, DENIED BY SPECIAL MASTER, 18 MAY '07.

A. DEFENDANT'S WERE GIVEN OPPORTUNITY TO RESPOND TO CLAIMANT'S MOTION, AND DID SO WITHIN THE ALLOTTED TIME FRAME. SEE "ORDER OF THE SPECIAL MASTER", 25TH DAY OF APRIL, 2007 ; SEE ALSO "RESPONSE TO CLAIMANT'S MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATE-RIAL BEYOND CDOC's 2.0 CU. FEET ALLOWABLE LIMIT", 14TH DAY OF MAY, 2007.

( 2   OF 35 ) (b) (A)

B. WHEREBY, THE SPECIAL MASTER THEN DENIED CLAIMANT'S MOTION, WITHOUT ALLOTTING CLAIMANT OPPORTUNITY TO REPLY TO DEFENDANT'S "RESPONSE TO MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BEYOND CDOC'S 2.0 CU. FEET ALLOWABLE LIMIT", (14 MAY '07). THE SPECIAL MASTER'S OPINION "... AS BEING BEYOND THE JURISDICTION OF THE SPECIAL MASTERS." SEE "ORDER OF SPECIAL MASTER", 18 TH DAY OF MAY, 2007.

## STATEMENT OF FACTS

1. CLAIMANT DOES NOT REQUEST NOR DESIRES, THAT THE SPECIAL MASTER MICROMANAGE CDOC (DEFENDANTS), OR SUPERSEDE CDOC'S ADMINISTRATIVE REGULATIONS (AR'S), HOWEVER, CLAIMANT DOES REQUEST, THAT CLAIMANT BE PERMITTED TO SUPPORT HIS CLAIM, WITH CLAIMANT'S OWN FILES AND ACCUMULATED SUPPORTING DOCUMENTATION, PER IARP, 27 AUGUST, 2003.

2. THE FACT IS THAT THIS CLAIM IS BEFORE THE SPECIAL MASTER FOR RESOLUTION, AN ACTIVE CLAIM, PER IARP, 27 AUGUST, 2003, THUS PER AGREEMENT THE SPECIAL MASTER HAS JURISDICTION OVER DEFENDANT'S ACTIONS AND THE MATTERS OF DISCOVERY.

( 3   OF  35 ) ① (A)

3. WHEREAS, MRP, 29 AUGUST, 2003, CLEARLY STATES: "CLASS MEMBERS, THEIR REPRESENTATIVES AND COUNSEL ARE ENTITLED TO DISCOVERY REGARDING THEIR DAMAGE CLAIMS AND SHALL BE PROVIDED COPIES OF THE RELEVANT DOC FILES UPON REQUEST, INCLUDING BUT NOT LIMITED TO MEDICAL INFORMATION, AS WELL AS RELEVANT INTERNAL QUALITY ASSURANCE DOCUMENTS AS ALLOWED BY THE SPECIAL MASTER." MRP, PAGE 29.

4. FOR WHAT GOOD IS IT TO BE "ENTITLED TO DISCOVERY", REQUEST AND PAY THE EXPENSE OF SAID DISCOVERY AND SUPPORTING DOCUMENTS, ONLY TO BE FORCED TO SHIP ENTIRE DISCOVERY, SUPPORTING DOCUMENTS, MEDICAL RECORDS, WITNESS LISTS, ETC., OUT OF FACILITY, WITHOUT OPPORTUNITY TO REVIEW, ADD TO AND PRESENT ALL RELEVANT DOCUMENTATION, BEFORE THE SPECIAL MASTERS, IN SUPPORT OF A VALID CLAIM.

5. SEVERAL ORDERS AND DEADLINES SET BY THE SPECIAL MASTER, ARE PENDING IN CLAIMANT'S CLAIM, CLAIMANT AT PRESENT IS FORCED, BY CDOC (DEFENDANTS) TO SHIP MOST ALL MONTEZ DOCUMENTATION (98%) NINETY-EIGHT PERCENT, OUT OF FACILITY, AT A TIME WHEN CLAIMANT'S FAMILY MEMBER HAS INCURRED GREAT EXPENSE AND TIME, TO COPY AND MAIL TO CLAIMANT ALL

( 4   OF 35 ) (D) (A)

SUPPORTING DOCUMENTATION, THE SAME THAT CLAIMANT MUST NOW SHIP BACK, OR RISK DESTRUCTION, THEREOF.

6. HOW IS CLAIMANT TO PREPARE, LIST OF WITNESSES, SUMMARIES, PRESENT SUPPORT FOR CLAIM IN UPCOMING SCHEDULED HEARING AND MEET THIS COURT'S DEADLINES, WHEN IT IS DEFENDANTS THAT DISALLOW CLAIMANT ANY SHRED OF EVIDENCE, RELEVANT AND NECESSARY LEGAL MATERIALS, SUPPORTING DOCUMENTS, AND RELEVANT CLAIM SUPPORTING DOCUMENTATION?

7. CONTRARY TO DEFENDANTS AND DEFENDANT'S COUNSEL'S INSISTENCE, AR 850-06, E., CLEARLY AND UNDENIABLY STATES: "E. FACILITY TRANSFER", SEE CDOC AR 850-06 SECTION E., IT IS THE LETTER OF THE ADMINISTRATIVE REGULATION (AR), THAT LEADS CLAIMANT (OR ANY PERSON), TO CONCLUDE THE SECTION AND SUBSEQUENT SUBSECTIONS, APPLICABLE TO FACILITY TRANSFERS.

8. CLAIMANT STATES THAT CLAIMANT'S ASSIGNED CASE MANAGER RESPONDED IN PERSON AND IN REQUEST FOR INTERVIEW (KITE), THAT NO TRANSFER IS PENDING. (DATE OF KITE: 06 APR '07).

9. THE SPECIFIC CASE CITATIONS AND LEGAL AUTHORITIES, DEFENDANTS ARGUE IN "RESPONSE TO CLAIMANT'S MOTION TO KEEP AND POSSESS

AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BEYOND CDOC'S 2.0 CU. FEET ALLOWABLE LIMIT, (14 MAY '07), (ARGUMENT I. AT PG 2), IN ALL CONSCIOUSNESS AND FACT, SUPPORTS THE CONTRARY, (CLAIMANT ADDRESS-ES THESE CASE CITATIONS IN DETAIL BELOW).

10. THE IMRP, SECTION XXXII. DAMAGES (PG 2B), CLEARLY STATES IN PART: "CLASS MEMBERS MAY ATTACH ANY RELEVANT INFORMATION TO THIS FORM, (SUBMIT TO THIS COURT), INCLUDING PROOF OF INJURY OR THE DENIAL OF SERVICES OR BENEFITS, AFFIDAVITS, MEDICAL INFORMATION, OR ANY OTHER INFORMATION DESIRED TO BE SUBMITTED THAT IS RELEVANT TO HIS/HER CLAIM OF DAMAGES.", IMRP PG 2B, (EMPHASIS ADDED).

11. THE IMRP, SECTION XXXII. DAMAGES (PG 2B), ALSO CLEARLY STATES IN PART: "INMATES WHO HAVE ONGOING CLAIMS FOR DAMAGES MAY SUBMIT CLAIMS FOR FUTURE DAMAGES.", IMRP PG 2B.

12. FOR HOW THEN, MAY CLAIMANT SUPPORT HIS CLAIM, WHEN ALL DOCUMEN-TATION IS CONFISCATED, PILFERED, DUMPED INTO PLASTIC BAGS, AND INTO A CART (LARGE BIN ON WHEELS (APPROX. 3 FT. WIDE X 4 FT. LONG X 3 FT. HIGH)), UNDER GUISE "DECLARED CONTRABAND" (BY DEFENDANTS) AND FACING THE THREAT OF DESTRUCTION, CLAIMANT BE FORCED TO SHIP ENTIRE (APPROX. (98%) NINETY EIGHT PERCENT OF) MONTEZ FILES, OUT OF FACILITY, AT CLAIMANT'S EXPENSE?

( 6  OF  35 ) (D) (A)

13. DEFENDANTS, LEAVING CLAIMANT WITH MERE REMNANTS OF WHAT ONCE WERE CLAIMANT'S PERFECTLY WELL ORGANIZED AND KEPT PAPERS, LEGAL MATERIALS, MEDICAL RECORDS, AND FILES, ETC. .

14. AS FOR DEFENDANT'S ASSERTION TO THE SPECIAL MASTER'S STATEMENT, "THE SPECIAL MASTERS DO NOT HAVE GENERAL JURISDICTION OVER ASPECTS OF PRISON LIFE.", THE SPECIAL MASTERS **DO** RETAIN JURISDICTION OVER CDOC (DEFENDANTS) IN MATTERS THAT ARE DIRECTLY OR INDIRECTY RELATED TO A "MONTEZ CLAIM", AND DEFENDANT'S ACTIONS THAT AFFECT OR MAY WELL AFFECT THE OUTCOME AND ISSUES PERTAINING TO THIS "CLAIMANT'S, DISCOVERY, SUPPORTING DOCUMENTATION, ETC., AND CLAIM OF DAMAGES.".

15. THE SPECIAL MASTER, ERRONEOUSLY, RELINQUISHES HIS AUTHORITY, NULLIFIES THE POWER OF THE MRP, CONCLUDES AND DENIES CLAIMANT'S "MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BEYOND CDOC'S 2.0 CU. FEET ALLOWABLE LIMIT", (08 APR '07), "... ORDERED THAT CLAIMANT'S MOTION IS DENIED AS BEING BEYOND THE JURISDICTION OF THE SPECIAL MASTERS.", ORDER OF SPECIAL MASTER, 18TH DAY OF MAY, 2007.

16. THE MRP, SECTION **XXXII**. DAMAGES, AT PAGE 28, STATES IN THE VERY FIRST PARAGRAPH, THE FIRST SENTENCE, "DAMAGES OF INDIVIDUAL

( 7 OF 35 ) (D)(A)

CLASS MEMBERS SHALL BE DETERMINED BY A SPECIAL MASTER DESIGNATED AS (THE HONORABLE JUDGE) RICHARD BORCHERS AND/OR (THE HONORABLE JUDGE) BRUCE PRINGLE." MRP, PG 28 (EMPHASIS ADDED), THIS SENTENCE ALONE GIVES THE HONORABLE JUDGE RICHARD M. BORCHERS JURISDICTION OVER DEFENDANTS (CDOC) IN GREAT CAPACITY, OVER ALL ASPECTS OF ANY "CLAIM OF DAMAGES", BE IT DISCOVERY, PROOF OF INJURY, MEDICAL RECORDS, AFFIDAVITS, ETC., AND/OR THE POSSESSION THEREOF, TO ALLOW CLAIMANTS TO SORT, REVIEW, AND PRESENT, ALL OR NONE THE MAGNITUD OF SUCH, FALLS DIRECTLY UNDER THE TERMS OF THIS AGREEMENT "MRP" AND THE JURISDICTION AND DISCRETION OF THIS COURT.

17. THE MRP, SECTION XXXII. DAMAGES, AT PAGE 29, ALSO GOES ON TO SAY IN PART: "CLASS MEMBERS, ... ARE ENTITLED TO DISCOVERY ... AS ALLOWED BY THE SPECIAL MASTER.", MRP, PAGE 29, THIS AGAIN RESOLIDIFIES THE SPECIAL MASTER'S JURISDICTION.

18. THE "HONORABLE JUDGE KANE," ALSO ISSUED AN ORDER, DIRECTLY ADDRESSING THE MATTERS OF DISCOVERY, CLAIMANT CAN ONLY VAGUELY RECALL THE EXACT WORDING (AS SAID ORDER (TO INCLUDE OTHER ORDERS) IS AMONG CLAIMANT'S DOCUMENTATION CONFISCATED BY DEFENDANT'S), AS SUCH CLAIMANT MAKES NO ATTEMPT AT QUOTING JUDGE

( 8  OF 35 ) (D)(A)

KANE'S ORDER, AT THIS TIME.

19. THE SPECIAL MASTERS, DO, RETAIN JURISDICTION IN MATTERS THAT DIRECTLY OR INDIRECTLY ARE AFFECTING CLAIMANT'S RIGHT TO ACCESS TO THE COURTS. MORESO IN CLAIMANT'S CLAIM PENDING RESOLUTION BEFORE THIS VERY COURT AND BEFORE THE SPECIAL MASTER.

20. THE GRANTING OF CLAIMANT'S MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CU. FT. OF LEGAL MATERIAL, WILL ENABLE CLAIMANT THE OPPORTUNITY TO SUPPORT HIS (CLAIMANT'S) CLAIM, AND PRESENT SUCH TO THIS COURT, FURTHERMORE THIS ORDER WILL IN NO WAY SHAPE OR FORM PREJUDICE AND/OR AFFECT THE DEFENDANT'S SUPERVISION AND MAN-AGEMENT OF INTERNAL PROCEDURES, AS ORDER WOULD NOT BE PERMA-NENTLY BINDING. HOWEVER, ONLY A TEMPORARY MEASURE TO SUFFICE CLAIMANT'S RIGHT AND NEED TO ESTABLISH, PERFECT AND SUPPORT HIS (CLAIMANT'S) MONTEZ CLAIM, AND SEE CLAIM TO A LONG AWAITED FINAL SETTLEMENT.

21. ACCORDINGLY, CLAIMANT'S MOTION MUST BE GRANTED TO AFFORD CLAIMANT OPPORTUNITY TO ESTABLISH, PERFECT AND SUPPORT HIS (CLAIMANT'S) CLAIM, AS WITH OUT SUCH, CLAIMANT'S CLAIM IS DOOMED TO FAILURE.

( 9 OF 35 ) (D)(A)

22. The failure of Claimant's Claim, is in all intents and purposes the Defendant's ultimate Goal.

23. The Defendant's apparently request that Claimant (a layman) attempt to precisely identify what information will adequately identify the issues and merits of his (Claimant's) claim before this Court, but not to over step what Defendants perceive as the line of Authority and offend them: "Not too little, not too much," but like in fantasy, "Just right." As in Goldilocks (pardon the ironical analogy).

## Response to Defendant's
## Arguament II

24. Defendant's Counsel declares that Claimant is doing nothing more than "... really complaining ...". The fact really is, and remains, that this is NOT Claimant's first attempt requesting assistance from this Court, from Defendant's retaliatory actions against his (Claimant's), person and property, (note: at this time Claimant is unable to specify specific motions to this Court of such, as this information is within the materials pre-

( 10   of 35 ) (D) (A)

SENTLY WITHHELD FROM CLAIMANT BY DEFENDANT'S ).

25. FURTHERMORE, THE MRP, STATES IN PART: "INMATES WHO HAVE ONGOING CLAIMS FOR DAMAGES MAY SUBMIT CLAIMS FOR FUTURE DAMAGES.", SEE MRP, § XXXII., PAGE 28, THE FACT IS, IT IS CLAIM-ANT'S RESOLUTE TO BRING DEFENDANT'S RETALIATORY ACTIONS TO THE FOREFRONT BEFORE THIS COURT, IN DUE TIME.

26. IN ADDITION, DEFENDANT'S COUNSEL WELL AWARE OF CLAIM-MANT'S ASSERTIONS, HAS MADE NO ATTEMPT TO CONTACT CLAIMANT, OR CLASS COUNSEL, TOWARDS EVEN A HINT, TO RESOLVE "... THE RIGHTS AND OBLIGATIONS...", PURSUANT TO MRP § XXXVI, PAGE 30 -31, AND/OR THE MERITS OF CLAIMANT'S MEDICAL NEEDS AND/OR RE-TALIATORY ASSERTIONS, AS CLAIMANT HAS MADE EXTRA ORDINARY EF-FORTS AND HAS DEFINITELY MADE CERTAIN, THAT DEFENDANT'S COUN-SEL RECEIVES COPIES OF ANY AND ALL FILINGS THAT CLAIMANT HAS SUBMITTED AND FILED WITH THIS COURT THUS FAR, WITH THE ONLY EXCEPTION (REASON BEING THE LACK OF AVAILABLE MATERIALS AND SUP-PLIES), WAS THE "LETTER TO THE COURT", DATED 02 APRIL, 2007.

27. CLAIMANT MAKES NO ATTEMPT AT EXEMPTION FROM ANY OF DE-FENDANT'S ADMINISTRATIVE REGULATIONS (AR'S), CLAIMANT SIM-

( 11 OF 35 ) (D) (A)

PLY REQUESTS HE BE ALLOWED TO KEEP AND POSSES, CLAIMANT'S PERSONAL DISCOVERY AND CLAIM SUPPORTING DOCUMENTATION, THE FACT THAT SUCH EXCEEDS DEFENDANT'S ALLOWABLE LIMITS IS BUT A MERE CIRCUMSTANCE.

28. CLAIMANT MAKES NO ATTEMPT AT RECEIVING SPECIAL PRIVI-LEGES NOT GIVEN OTHERS, CLAIMANT AGAIN MERELY EXERTS CLAIM-ANT'S RIGHT TO BEAR WITNESS (IN THE FORM OF DOCUMENTATION) TO PRESENT AND SUPPORT CLAIMANT'S CLAIM.

29. THE FACT THAT DEFENDANT'S (CDOC'S) AR 850-06 IS CA-PRICE AND VAGUE IS AN ARGUMENT FOR A DIFFERENT CHALLENGE, IN A DIFFERENT ACTION, CLAIMANT MAKES NO ATTEMPT AT MAKING SUCH CHALLENGE AT THIS TIME.

30. IN RESPONSE TO PAGE (3) THREE, OF DEFENDANT'S COUNSEL'S, ARGUMENT, PARAGRAPHS (2) TWO AND (3) THREE, CLAIMANT IS BUT A LAYMAN, AS SUCH, IT WOULD TAKE CLAIMANT SEVERAL MONTHS (MONTHS CLAIMANT DOES NOT HAVE AT CLAIMANT'S DISPOSAL. ONE, BECAUSE OF CLAIMANT'S PRESENT 23/7 LOCK DOWN STATUS AND TWO, WITH THIS COURT'S SEPTEMBER DEADLINE AND OCTOBER HEARING DATES FAST APPROACHING.) TO RESEARCH CASES CITED, HOWEVER,

( 12  OF 35 ) (D) (A)

GIVEN THE OPPORTUNITY, CLAIMANT VERY WELL MAY, ESTABLISH A REBUTTAL TO SUCH, (UPDATE, CLAIMANT AND THE COURT NEED NOT LOOK NO FURTHER THAN THE CASES CITED BY DEFENDANTS (SEE BELOW)).

31. CLAIMANT ABSOLUTELY FINDS HIMSELF IN "EXCEPTIONAL CIRCUMSTANCES", (DEFENDANT'S RESPONSE TO... (14 MAY '07)), AS DEFENDANTS THEMSELVES ARE HIS KEEPER, AND AS SUCH, WOULD BENEFIT FROM CLAIMANT'S INABILITY TO SUPPORT CLAIMS, VERY POSSIBLY BRINGING ABOUT AN "INVOLUNTARY NONSUIT".

32. CLAIMANT MAINTAINS THAT HE (CLAIMANT) IS IN COMPLIANT OF CDOC's (DEFENDANT'S) AR 850-06, AS WRITTEN, HOWEVER CLAIMANT HAS NOT BEEN GRANTED OPPORTUNITY TO DEMONSTRATE AND CONFIRM COMPLIANCE WITH THE USE OF CDOC's (DEFENDANT'S) POLICY, PRACTICE AND PROCEDURE OF MEASUREMENT (THE (3) THREE CUBIC FOOT DOC DUFFLE BAG) REFERRED TO IN THE MEMORANDUM (04 APR '07) TO CLAIMANT, (SEE ALSO CLAIMANT'S LETTER (06 APR '07) TO CCF SHIFT COMMANDER (SC) CAPTAIN RICHARDSON) (LETTER AND MEMORANDUM SUBMITTED TO THIS COURT, AS ATTACHMENT TO CLAIMANT'S "MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BE-

YOND CDOC's 2.0 CU. FEET ALLOWABLE LIMIT "), (MOTION... 2.0 CU. FEET...) ALSO SEE CLAIMANT'S "MOTION... 2.0 CU. FEET...", AT PAGE 5 OF 7, AT #18.

33. IN ARGUMENT I., DEFENDANTS ARGUE AN ORDER OF THE SPECIAL MASTERS, DATED 20 APR'07, SAID ORDER PERTAINS TO A MOTION, REGARDING A TOTALLY DIFFERENT AND SEPERATE ISSUE TO BE ADDRESSED AFTER DEFENDANTS MEET THE SET DEADLINE OF 31 MAY'07, AND NOT, THE ONE PRESENTLY **BEFORE** THE SPECIAL MASTER AND JUDGE KANE, (CLAIMANT IS UNABLE TO SPECIFICALLY IDENTIFY THE SPECIFIC MOTION AT PRESENT, SAID MOTION IS AMONG LEGAL MATERIAL CONFISCATED ON 06 APRIL'07, BY DEFENDANTS), SEE ORDER OF SPECIAL MASTER, 20 APR '07, STATES IN PART: " ... DEFENDANTS ARE GRANTED UP. TO AND INCLUDING MAY 31, 2007 IN WHICH TO FILE A RESPONSE TO CLAIMANT'S "LETTER TO COURT" ... AND MOTION FOR EMERGENCY INJUNCTION.", AS SUCH, THE GENERAL JURISDICTION STATEMENT IS YET TO BE DETERMINED.

34. DEFENDANTS AND DEFENDANT'S COUNSEL, ARGUE, THAT, "THE LIMIT OF TWO CUBIC FEET OF LEGAL MATERIALS HAS BEEN UPHELD AS REASONABLE UNDER THE UNITED STATES CONSTITUTION.", (DEFENDANT'S "RESPONSE TO CLAIMANT'S MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET

( 14 OF 35 ) (D) (A)

OF LEGAL MATERIAL BEYOND CDOC's 2.0 Cu. FEET ALLOWABE LIMIT"
(DEFENDANT'S RESPONSE, 14 MAY 07) AT PAGE 3, DEFENDANTS STOP SHORT.
IN EACH AND EVERY CASE THEY CITE, USED AS BASIS FOR SUPPORT OF
THEIR FRIVOLOUS ARGUMENT. E.G. IN SAVKO v. ROLLINS, 749 F. SUPP. 1403,
(D. Md 1990), IF ONE WOULD READ ON AT 1407, THE MARYLAND STATE
CORRECTIONAL SYSTEM'S REGULATION DCR 220-6, IN QUESTION, YES LIM-
ITS IN CELL WRITTEN MATERIAL TO 1.5 CUBIC FEET. HOWEVER, JUST A
FEW WORDS DOWN, (FROM DEFENDANTS QUOTE), THE SAME PARAGRAPH
THE OPINION STATES, "HOWEVER, ANY BOOKS AND PAPERS IN EXCESS OF
THE 1.5 CUBIC FEET LIMIT **MAY BE STORED AT THE PRISON, AND IN-**
**MATES MAY ROTATE MATERIALS FROM STORAGE TO THEIR CELLS** ON
AT LEAST A MONTHLY BASIS." (EMPHASIS ADDED), THIS MAY VERY
POSSIBLY ALLOW INMATES A SHED FULL, MAYBE EVEN A WAREHOUSE
FULL OF "WRITTEN MATERIAL", NOT TO MENTION "LEGAL MATERIAL", EVEN
THOUGH ALLOWING 1.5 CUBIC FEET IN CELL AT A TIME, INMATES ARE
ALLOWED OPPORTUNITY TO ACCESS AND EXCHANGE THEIR WRITTEN,
MATERIAL, BOOKS, AND PAPERS, ON A MONTHLY BASIS. PLEASE
COMPARE MARYLAND'S DOC REGULATION DCR 220-6, TO DEFENDANT'S
(CDOC's) AR 850-06 AT E. FACILITY TRANSFER (3)(a.) AS
ATTACHED TO DEFENDANT'S RESPONSE, 14 MAY '07, AT PAGE 5, THE AR

( 15 OF 35 )(D)(A)

CLEARLY STATES, "EXCESS LEGAL MATERIAL SHALL **NOT BE STORED** BY ANY FACILITY, NOR SHALL... ."

35. DEFENDANTS ARGUE THAT, FOR CLAIMANT TO BRING CLAIMS OF CDOC's (DEFENDANT'S) MANAGEMENT AUTHORITY TO JUDICIAL SCRUTINY, CLAIMANT MUST SHOW "EXCEPTIONAL CIRCUMSTANCE.", HOWEVER, THE DEFENDANT'S MEABERLY ATTEMPT TO SUPPORT THIS ARGUMENT WITH CASE LAW AND STANDARDS THAT IN ALL ACTUALITY, AND UPON FURTHER REVIEW, OPPOSE DEFENDANT'S OWN ARGUMENTS.

36. CLAIMANT, UPON REVIEW, ADDRESSES EACH OF DEFENDANT'S CASE LAW CITES, CITATIONS.

A. GREEN V. JOHNSON, 977 F.2d 1383 (10TH CIR 1992), (C.A. 10 (OKLA.) 1992), RICKKE LEON GREEN (THE INMATE) PRO SE, WAS AWARDED $15,000.00 IN DAMAGES AND GREEN APPEALED, AMONG OTHER ISSUES THAT COMPENSATORY DAMAGE AWARD WAS NOT ADEQUATE, AT 1383, "THE COURT OF APPEALS, LOGAN, CIRCUIT JUDGE, HELD THAT: *... AND (5) INMATE'S ALLEGATION THAT PRISON OFFICIALS DESTROYED HIS LEGAL MATERIALS IN RETALIATION FOR SUITS AND GRIEVANCES HE HAD FILED IN DENIAL OF ACCESS TO PRISON LAW LIBRARY COULD FORM THE BASIS OF

( 16 OF 35 ) (D)(A)

A COGNIZABLE CLAIM FOR VIOLATION OF HIS RIGHT TO ACCESS TO THE COURTS. ... REVERSED IN PART AND REMANDED." GREEN AT 1383.

1. AS HERE CLAIMANT IS ATTEMPTING TO PREVENT THE DE-STRUCTION OF CLAIMANT'S LEGAL MATERIAL, BY THE ONLY MEANS A-VAILABLE TO CLAIMANT IN CLAIMANT'S PRESENT SITUATION.

2. "... FACTS REVEAL THAT PLAINTIFF (GREEN) HAD BEEN DI-RECTING ANIMALISTIC BEHAVIOR TOWARDS SOME OF THE DEFENDANTS (PRI-SON STAFF) OVER A PERIOD OF YEARS, PERHAPS EXACEBATED BY THE CONDITIONS OF HIS (GREEN'S) CONFINEMENT. ...", NONETHELESS THE COURT'S OPINION STATES: "BUT NOT EVEN PLAINTIFF'S (GREEN'S) MOST EGREGIOUS BEHAVIOR WILL EXCUSE THE CONDUCT EXHIBITED BY THOSE CHARGED WITH HIS (GREEN'S) CARE." (EMPHASIS ADDED) GREEN AT 1386.

3. THE COURT ALSO FOUND RECORD DEFICIENCES, "THIS RE-CORD IS CLEARLY INSUFFICIENT FOR MEANINGFUL REVIEW.", GREEN AT 1387.

4. WHEN GREEN NOTIFIED THE COURT OF OBSTRUCTIONS, BY WAY OF "NOTICE", THE COURT STATES: "PLAINTIFF HAS SUBMITTED A "NOTICE" TO THIS COURT IN WHICH HE ALLEGES ACCESS TO HIS LEGAL MA-

( 17 OF 35 ) (D) (A)

TERIAL AND THE COURTS CONTINUES TO BE RESTRICTED BY DEFENDANTS."
THE COURT (U.S. COURT OF APPEALS, 10TH CIR.) REMANDED THE ISSUE FOR
THE DISTRICT COURT TO DETERMINE WHETHER PLAINTIFF WAS DEPRIVED...
AND "IF SO, WHETHER THAT DENIAL RESULTED IN ANY PREJUDICE TO HIM
(GREEN)." GREEN AT 1388, (EMPHASIS ADDED).

5. AT THE SAME TIME, THE U.S. COURT OF APPEALS, ISSUED
THE DEFENDANTS (PRISON STAFF) THIS WARNING: "PREJUDICE OR NOT,
DEFENDANTS ARE CAUTIONED TO LIMIT THEIR BEHAVIOR WITHIN  THE
PARAMETERS OF PLAINTIFF'S (GREEN'S) CONSTITUTIONAL RIGHTS."
GREEN AT 1388, (EMPHASIS ADDED).

6. "THE CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS   IS
GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH
AMENDMENTS. WARD V. KORT, 762 F2d 856, 858 (10TH CIR. 1985)."
GREEN AT 1389.

7. "CONVERSELY, PRISON OFFICIALS MAY NOT AFFIRMATIVELY
HINDER A PRISONER'S EFFORTS TO CONSTRUCT A NONFRIVOLOUS APPEAL
OR CLAIM. "ANY DELIBERATE IMPEDIMENT TO ACCESS [TO THE COURTS],
EVEN A DELAY OF ACCESS, MAY CONSTITUTE A CONSTITUTIONAL DEPRIVA-

( 18  OF 35 ) (D) (A)

TION." *JACKSON V. PROCUNIER*, 789 F2d 307, 311 (5TH CIR. 1986)."
*GREEN* AT 1389.

8. "PLAINTIFF NEED NOT HAVE ALLEGED RETALIATION, HOW-
EVER, IN ORDER TO HAVE PRESENTED A CONSTITUTIONAL CLAIM. SEE
*WRIGHT V. NEWSOME*, 795 F.2d *1390 969, 968 (11TH CIR. 1986),"
*GREEN* AT 1389-90.

9. HERE IN RESPONSE ARGUMENT, DEFENDANT'S COUNSEL'S,
SINGLE SENTENCE "THE LIMIT OF TWO CUBIC FEET OF LEGAL MATERIALS
HAS BEEN UPHELD AS REASONABLE UNDER THE UNITED STATES CON-
STITUTION.", DEFENDANT'S RESPONSE, 14 MAY '07, AT PAGE 3, CITING
*GREEN*, IS MISLEADING AND MISCONSTRUED.

10. FOR IF ONE READS ON, THE U.S. COURT OF APPEALS, 10TH
CIR. GOES ON TO STATE: "NEVERTHELESS, THE DISTRICT COURT ALSO FOUND
THAT BECAUSE PLAINTIFF "WAS UNABLE TO PRODUCE SUFFICIENT EVIDENCE OF
DENIAL OF ACCESS TO LEGAL MATERIALS," ... AND BECAUSE "THE EVIDENCE
WAS INSUFFICIENT, CONFLICTING AND INCONCLUSIVE," ..., IT COULD NOT
MAKE A DETERMINATION AS TO THE MERITS OF THIS CLAIM." *GREEN*
AT 1390.

11. In the following paragraph, The U.S. Court of Appeals, 10th Cir. continues, " ... it is possible the court had indications plaintiff (Green) was **PRECLUDED** from putting on adequate evidence or citing adequate legal authorities **BECAUSE OF UNCONSTITUTIONAL BEHAVIOR BY DEFENDANTS.** " Green, at 1390 (Emphasis added).

12. "On remand, the District Court should determine which party should be held responsible, If it finds defendants are responsible, the Court should take any steps necessary to ... decide the issue on the merits." Green, at 1390.

13. In the next sentence the U.S. Court of Appeals', 10th Cir., remand directions stating: "The Court should also consider whether **SANCTIONS** should be entered against defendants for their obstructive actions." Green, at 1390, (Emphasis added).

B. Collins v. Soars, 203 F.3d 834 (10th Cir. 2000). It is unclear to Claimant, as to why Defendants and Defendant's Counsel cite and or rely on, Collins, other than to bring attention to themselves having been down this road before, for this Court need look no further into the one and one quarter

( 20 of 35 ) (D) (A)

PAGE OPINION, THAN TO THE FOOTNOTE & ASTERICK ON "ORDER AND JUDGMENT (FN *).

1. THE FOOTNOTE STATES AS FOLLOWS: "(FN *) THIS ORDER AND JUDGMENT IS **NOT BINDING** PRECEDENT, EXCEPT UNDER THE DOCTRINES OF LAW OF THE CASE, RES JUDICATA AND COLLATERAL ESTOPPEL. THE COURT GENERALLY **DISFAVORS THE CITATION** OF ... ." COLLINS AT 834, (EMPHASIS ADDED).

X  2. FOR COLLINS, HAS THE SAME **MODUS OPERADI** AND IMPLI-CATIONS OF RETALIATORY AND OBSTRUCTIVE ACTIONS ON THE PART OF THESE SAME DEFENDANTS (CDOC), AS THE DEFENDANTS IN GREEN, 977 F.2d 1383 (C.A. 10 (OKLA.) 1992), AS WELL AS IN THIS, PRISONER AT BAR (CLAIMANT) CASE BEFORE THE SPECIAL MASTER.

3. IT IS HARD FOR CLAIMANT TO ENVISION, DEFENDANTS DECLARATION OF VICTORY IN SUCH A CASE.

C. ABBOTT v. McCOTTER, 13 F.3d 1439 (C.A. 10 (UTAH) 1994). HERE AGAIN IN DEFENDANT'S RESPONSE, 14 MAY '07, DEFENDANTS AND DEFENDANT'S COUNSEL MISLEAD THIS HONORABLE COURT (SPECIAL MASTER) BY MISCONSTRUING AND MODIFICATION, THIS TIME BY AL-TERING THE CASE CITATION ITSELF TO MOLD AND FIT IT TO THEIR

( **21** OF 35 ) (D) (A)

BASELESS ARGUMENT, THE USE OF A SIMPLE PERIOD.

1. DEFENDANT'S CITATION OF *ABBOTT* STATES: ("THE DUE PROCESS CLAUSE DOES NOT GIVE PRISONERS A RIGHT TO RETAIN UN-LIMITED PERSONAL PROPERTY." (**PERIOD**)); (EMPHASIS ADDED), DE-FENDANT'S RESPONSE, 14 MAY '07, AT PAGE 3.

2. THE U.S. COURT OF APPEALS, 10TH CIRCUIT, OPINION ACTU-ALLY STATES AS FOLLOWS: "**BECAUSE** THE DUE PROCESS CLAUSE DOES NOT GIVE PRISONERS A RIGHT TO RETAIN UNLIMITED **PERSONAL PROP-ERTY,** (COMMA) WE APPLY THE PRINCIPLES EXPRESSED IN *HEWITT*, (*HEWITT V. HELMS*, 459 U.S. 460, 103 S.Ct. 864 (1983)) AND *THOMPSON*, (*KENTUCKY DEP'T OF CORRECTIONS V. THOMPSON*, 490 U.S. 454, 109 S.Ct. 1904 (1989)) TO DETERMINE IF *UTAH'S* PRISON REGULATIONS ARGUABLY EMPLOY "EXPLICITLY MANDATORY LANGUAGE" AND "SPECIFIC SUBSTANTIVE PREDICATES" IN A MANNER SUFFICIENT TO CREATE A PROTECTED INTEREST IN PARTICULAR AMOUNTS AND TYPES OF PROPERTY." *ABBOTT* AT 1443, (EMPHASIS ADDED).

3. THE U.S. COURT OF APPEALS, 10TH CIRCUIT, OPINION GOES ON TO STATE: "THUS, PLAINTIFF'S CLAIM THAT HE HAS A PROTECTED

( 22 OF 35 ) (b) (A)

LIBERTY INTEREST IN HIS PROPERTY IS **LEGALLY ARGUABLE** AND **NOT** FRIVOLOUS.", _ABBOTT_ AT 1443.

4. IN _ABBOTT_, JEFFREY L. ABBOTT, SR., AND THE COURTS ARE ADDRESSING **PERSONAL PROPERTY** IN GENERAL, AND NOT AS IN CLAIMANT'S MOTION LEGAL MATERIAL, LEGAL MATERIAL ONE MUST BELIEVE CARRIES A MUCH GREATER PROTECTED LIBERTY INTEREST, FOR WITHOUT SAID MATERIAL INMATES WOULD BE AT THE MERCY OF THEIR KEEPERS, UNABLE TO CHALLENGE THE CONDITIONS OF CONFINEMENT, NOT TO MENTION THEIR CONFINEMENT, AND CONVICTIONS THERE OF.

5. STILL, THE U.S. COURT OF APPEALS, 10TH CIR. IN _ABBOTT_ STATES: " "GIVEN A VALID PROPERTY INTEREST... PLAINTIFF CANNOT BE DEPRIVED OF THE SAME WITHOUT DUE PROCESS.", _GILLIHAN_, (_GILLIHAN V. SHILLINGER_, 872 F.2d 935 (10TH CIR. 1989)), 872 F.2d AT 939. WHEN A PROPERTY DEPRIVATION IS PURSUANT TO A POLICY OR CUSTOM, THE STATE MUST GIVE THE PLAINTIFF A **PREDEPRIVATION HEARING** "IN THE ABSENCE OF COMPELLING REASON TO THE CONTRARY." _Id._ AT 939-40." _ABBOTT_ AT 1443, (EMPHASIS ADDED).

6. ABBOTT'S PERSONAL PROPERTY (GENERAL PROPERTY AT THAT, E.G. "PERSONAL PROPERTY ITEMS, INCLUDING HAIR CONDITIONER,

( **23** OF 35 )(D) (A)

BABY OIL, LOTION, DEODORANT, A BLUE COVERED BIBLE... ETC..", WAS EVENTUALLY RETURNED, _Abbott_ AT 1441, UNLIKE THE CASE AT BAR, DEFENDANTS THREATENED TO DESTROY CLAIMANT'S **MONTEZ CLAIM** LEGAL MATERIALS, AND OTHER LEGAL PAPERS AND PERSONAL MEDICAL RECORDS.

D. ON TO, _POWELL V. COLORADO PUBLIC UTILITIES COMMISSION_, 956 P.2d 608, 613-614 (COLO. 1998), HERE AGAIN IT IS UNCLEAR TO CLAIMANT AS TO THE REASON WHY _POWELL_ IS CITED IN DEFENDANT'S ARGUMENT, OTHER THAN THE COLORADO DEPARTMENT OF CORRECTIONS (CDOC) (DEFENDANTS) ARE LISTED IN _POWELL_ AS DEFENDANTS ALONG WITH COLORADO PUBLIC UTILITIES COMMISSION, SPRINT COMMUNICATIONS COMPANY, AND THE COMMISSIONERS THERE OF.

1. _POWELL_ WAS IN REGARD TO "...RESTRICTED INMATE TELEPHONE SERVICE.", _POWELL_ AT 608, THE SUPREME COURT OF COLORADO, STATES: "...SYSTEM WAS PROVIDED AS A PRIVILEGE TO INMATES FOR THE PURPOSE OF MAKING **PERSONAL** TELEPHONE CALLS." _POWELL_ AT 613.

2. EVEN THOUGH, _POWELL_ CONTAINS THE **PARTIAL** SENTENCE, AGAIN NOT AS DEFENDANTS QUOTE IT, THE WORD "**THUS**" AND A "(,)" "**COMMA**" PRECEDE DEFENDANT'S CAPITALIZE WORD "ABSENT," FOR THE

( **24** OF 35 ) (D) (A)

COMPLETE SENTENCE IS AS FOLLOWS: "THUS, ABSENT A STATUTORY OR CONSTITUTIONAL VIOLATION, COURTS GENERALLY DO NOT INTERVENE IN MATTERS OF PRISON ADMINISTRATION AND DEFER TO THE DOC IN THE MANAGEMENT OF PENAL INSTITUTIONS.", POWELL AT 614. CLAIMANT FAILS TO SEE THE RELEVANCY, THE SUPREME COURT OF COLORADO IS CORRECT IN ITS RULING IN POWELL, THERE IS NO STATUTORY OR CONSTITUTIONAL RIGHT TO INMATE PHONE CALLS, HOWEVER THERE IS A STATUTORY AND CONSTITUTIONAL RIGHT, ALONG WITH PROTECTED LIBERTY INTEREST HERE IN CLAIMANT'S CLAIM, A RIGHT TO PROPER MEDICAL TREATMENT, A RIGHT TO BE FREE FROM RETALIATORY ACTIONS, A RIGHT TO ACCESS TO THE COURTS, ETC..

3. "ALTHOUGH PRISONERS DO HAVE A RIGHT OF ACCESS TO THE COURTS, WHICH CAN INCLUDE TELEPHONIC ACCESS UPON OCCASSION, SUCH ACCESS IS NOT AT ISSUE IN THIS CASE.", POWELL, AT 613.

4. FOR THE MOST PART IT IS TRUE, "... COURTS GENERALLY DO NOT INTERVENE IN MATTERS OF PRISON ...", POWELL AT 614. HOWEVER, IN THE CASE AT BAR (CLAIMANT'S CLAIMS) THIS HONORABLE COURT MUST INTERVENE, THIS COURT MUST OBLIGE TO ITS DUTY AND OATH. POWELL IN ALL ACTUALITY FAVORS CLAIMANT'S REQUEST.

( 25  OF  35 ) (D) (A)

37. DEFENDANTS AND DEFENDANT'S COUNSEL, CAN NOT POSSIBLY EXPECT THIS COURT TO BLINDLY FOLLOW, THIS CANDY COATED TRAIL OF CITATIONS, WITHOUT QUESTION.

38. IN LIGHT OF THE CONCLUSIONS AND CITATIONS ABOVE, CLAIMANT AT THIS TIME BELIEVES IT UNNECESSARY TO PROCEED INTO "EXCEPTIONAL CIRCUMSTANCES", IN REGARD TO DEFENDANT'S ARGUMENT, DEFENDANT'S RESPONSE, 14 MAY 07, AT PAGE 3. PLEASE SEE CLAIMANT'S STATEMENT TO "EXCEPTIONAL CIRCUMSTANCES", AT PAGE 13, PARAGRAPH #31, ABOVE, OF THIS MOTION.

A. PEOPLE V. RODRIGUEZ, 914 P2d 230 (Colo. 1996), THIS CITATION IS IN REGARDS TO AN INMATE'S DEATH SENTENCE FOLLOWING A MURDER CONVICTION, THE COLORADO SUPREME COURT RULED IN THAT CASE PERTAIN PERTAINED TO "... PRISON PROCEDURES ... PREVENTED ... CONTACT BETWEEN INMATES AND THEIR ATTORNEYS.", RODRIGUEZ AT 291.

1. IF ONE WOULD READ ON, RODRIGUEZ IS A LENTHY OPINION ( 230 - *347) OF SOME ONE HUNDRED PLUS PAGES. "THE DISTRICT COURT DENIED 110 OF THE 319 ... CLAIMS RODRIGUEZ RAISED..." AS

* LOAN MATERIAL RODRIGUEZ, FROM CCF LAW LIBRARY HAS (10) TEN PAGE MARKINGS AS "*338", 338 + 9 MARKINGS = 347 THUS 230-347 MUST BE THE LENATH OF OPINION.

"PREVIOUSLY LITIGATED", RODRIGUEZ AT 248, OF WHICH THE PRISON PROCEDURE "PREVENTING CONTACT", WAS ONE OF THOSE 110 CLAIMS DENIED, RODRIGUEZ AT 248, "II. ISSUES PREVIOUSLY LITIGATED, SEE ALSO RODRIGUEZ, APPENDIX A, #14 (ISSUE) AT 305.

2. RODRIGUEZ, IS IN NO WAY COMPARABLE TO CLAIMANT'S CLAIM, BEFORE THE SPECIAL MASTER.

39. CLAIMANT RESPECTFULLY ASK THIS HONORABLE COURT, NEED READ NO FURTHER THAN CDOC's (DEFENDANTS) "AR 850-06, E. FACILITY TRANSFERS", PAGE 4, DEFENDANT'S RESPONSE, 14 MAY 2007, ATTACHMENT, EVERYTHING THERE AFTER DIRECTLY APPLIES TO THAT SECTION, "E. FACILITY TRANSPORT", FIRMLY IN SUPPORT OF CLAIMANT'S MOTION.

## CLAIMANT SUBJECTED TO RETALIATION

40. CLAIMANT WILL, GIVEN THE OPPORTUNITY, PROVIDE THE SPECIAL MASTER DOCUMENTATION THAT SUPPORTS CLAIMANT'S RETALIATION CLAIMS, PURSUANT TO ARP SECTION XXXII, PAGE 28, WHICH STATES IN PART: "INMATES WHO HAVE ONGOING CLAIMS FOR DAMAGES MAY SUBMIT CLAIMS FOR FUTURE DAMAGES.", ARP, 27 AUG'03, PG 28.

( 27 OF 35 ) (D)(A)

41. Claimant, will, given the opportunity, amend his claim , pursuant to MRP, Section XXXII , page 29, which states in part: "However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages.", MRP, 27 Aug '03, page 29.

42. Defendant's Argument II, states in part, "While Valdez alleges retaliation for filing a Montez claim, he is really complaining about a property limit policy that applies to all CDOC inmates.", Defendant's Response, 14 May '07, page 2.

43. Claimant respectfully directs this Honorable Court to, Smith v. Maschner, 899 F.2d 940, (C.A. 10 (Kan.) 1990). , "The Court of Appeals, Seymour, Circuit Judge, held that: ... (5) factual issues existed on the inmate's claim that officials retaliated against him for exercising his right of access to Court." Smith, at 940.

44. [13] Prisons ☛ 13(10), 310----, 310 K 13 Custody and Control of Prisoners, 310 K 13 (7) Requisites of Proceedings, 310 K 13 (10) Review and Judicial Supervision. "Prison officials may not retaliate against

( 28 of 35 )(D) (A)

OR HARASS INMATE FOR EXERCISING HIS RIGHT OF ACCESS TO COURTS, EVEN IF ACTIONS TAKEN AGAINST INMATE WOULD OTHERWISE BE PERMISSIBLE. U.S.C.A. CONST. ART. 4, § 2, CL. 1; AMENDS. 1, 14., SMITH AT 941.

45. "[12] "THE EXISTENCE OF AN IMPROPER MOTIVE FOR DISCIPLINING A PRISONER WHICH RESULTS IN INTERFERENCE WITH A CONSTITUTIONAL RIGHT ALSO MAY GIVE RISE TO A SECOND AND SEPARATE CAUSE OF ACTION UNDER SECTION 1983. ... . "THE RIGHT OF ACCESS TO THE COURTS IS BASIC TO OUR SYSTEM OF GOVERNMENT, AND IT IS WELL ESTABLISHED TODAY THAT IT IS ONE OF THE FUNDAMENTAL RIGHTS PROTECTED BY THE CONSTITUTION." NORDGREN V. MILLIKEN, 762 F.2d 851, 853 (10TH CIR.) (QUOTING RYLAND V. SHAPIRO, 708 F.2d 967, 971 (5TH CIR. 1983)), CERT. DENIED, 474 U.S. 1032, 106 S.CT. 593. 88 L.ED. 2d 573 (1985). THIS RIGHT IS ONE OF THE PRIVI-LEGES AND IMMUNITIES ACCORDED CITIZENS UNDER ARTICLE 4 OF THE CON-STITUTION AND THE FOURTEENTH AMENDMENT. Id. IT IS ALSO ONE ASPECT OF THE FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES. Id. FINALLY, THE RIGHT OF ACCESS IS FOUNDED ON THE DUE PROCESS CLAUSE AND GUARANTEES THE RIGHT TO PRESENT TO A COURT OF LAW ALLEGATIONS CONCERNING THE VIOLATION OF CONSTITU-TIONAL RIGHTS. Id. " ", SMITH AT 947.

( 29 OF 35 ) (D) (A)

46. "[13] PRISON OFFICIALS MAY NOT RETALIATE AGAINST OR HARASS AN INMATE BECAUSE OF THE INMATE'S EXERCISE OF HIS RIGHT OF ACCESS TO THE COURTS." IT IS WELL ESTABLISHED THAT PRISON OFFICIALS MAY NOT UN-REASONABLY HAMPER INMATES IN GAINING ACCESS TO THE COURTS." EVANS, (EVANS V. MOSELEY, 455 F.2d 1084, (10TH CIR.)); SEE, E.G., WILDBERGER V. BRACKNELL, 869 F.2d 1467, 1468 (11TH CIR. 1989) (RETALIATION FOR FILING LAWSUITS AND ADMINISTRATIVE GRIEVANCES "VIOLATES BOTH THE INMATE'S RIGHT OF ACCESS TO THE COURTS AND THE INMATE'S FIRST A-MENDMENT RIGHTS") (CITATION OMITTED)); ...; HARRIS V. FLEMING, 839 F.2d 1232, 1236-38 (7TH CIR. 1988) (ALLEGATIONS OF RETALIATION, COMBINED WITH EVIDENCE OF TERMINATION FROM PRISON EMPLOYMENT AND CELL TRANSFERS FOLLOWING SUCCESSFUL LAWSUITS, HELD SUFFICIENT TO CREATE JURY QUESTION IN SECTION 1983 ACTION); ... .", SMITH AT 947.

47. THIS PRINCIPLE APPLIES EVEN WHERE THE ACTION TAKEN IN RETALIATION WOULD BE OTHERWISE PERMISSIBLE. "[I]T IS WELL ESTABLISHED THAT AN ACT IN RETALIATION FOR THE EXERCISE OF A CONSTITUTIONALLY PROTECTED RIGHT IS ACTIONABLE UNDER [42 U.S.C.] SECTION 1983 EVEN IF THE ACT, WHEN TAKEN FOR A DIFFERENT REASON, WOULD HAVE BEEN PROPER." BUISE V. HUDKINS, 584 F.2d 223, 229 (7TH CIR. 1978), CERT. DENIED,

( 30 OF 35 ) (D) (A)

440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed. 2d 466 (1979); SEE, E.G., FRAN-CO V. KELLY, 854 F.2d 584, 590 (2d CIR. 1988); HOWLAND V. KILQUIST, 833 F.2d 639, 644 (7TH CIR. 1987); ADAMS V. JAMES, 784 F.2d 1077, 1080 (11TH CIR. 1986); ... . ", SMITH AT 948.

48.  " ... . SMITH (INMATE) HAS SUPPORTED HIS ALLEGATIONS OF RETALIATION BY THE ONLY MEANS AVAILABLE TO HIM -- CIRCUMSTANTIAL EVIDENCE OF THE SUSPICIOUS TIMING OF HIS DISCIPLINE, COINCIDENTAL TRANS-FERS OF HIS WITNESSES AND ASSISTANTS, AND AN ALLEGED PATTERN BY DEFENDANTS OF **BLOCKING HIS ACCESS TO LEGAL MATERIALS** AND AS-SISTANCE. ", SMITH AT 949, (EMPHASIS ADDED).

49. "SIMILARLY, IN HARRIS, 839 F.2d AT 1236-38, THE PLAINTIFF PRODUCED ONLY CIRCUMSTANTIAL EVIDENCE OF RETALIATION. THE PLAINTIFF BROUGHT A SECTION 1983 ACTION, SUBMITTING EVIDENCE THAT PRISON OF-FICIALS HAD FIRED HIM FROM TWO PRISON JOBS AFTER HIS PARTIAL SUCCESS IN A PRIOR LAWSUIT AGAINST THE ASSISTANT WARDEN, AND THAT HE WAS FIRED FROM A THIRD JOB AND TRANSFERRED TO A NEW CELL AFTER HE DECLINED TO SETTLE THE SAME LAWSUIT. THE DISTRICT COURT GRANTED SUMMARY JUDGMENT FOR THE DEFENDANTS. THE SEVENTH CIRCUIT REVERSED, EXPLAINING **THE PATTERN AND TIM-**

ING OF FIRINGS AND CELL TRANSFERS WERE SUFFICIENT TO MAKE THE EXISTENCE OF A RETALIATORY MOTIVE A JURY QUESTION. *Id.* AT 1237-38 ; SEE ALSO MILHOUSE , (MILHOUSE V. CARLSON, 652 F. 2d 371, (3RD CIR. 1981)), 652 F.2d AT 374 (PRISONER'S ALLEGATIONS SHOULD BE VIEWED AS A UNIT, RATHER THAN AS ISOLATED INCIDENTS : SO VIEWED, THEY INDICATE A SERIES OF ACTIONS DESIGNED TO PUNISH PRISONER FOR SEEKING ACCESS TO THE COURTS)." , SMITH AT 949 ,(EMPHASIS ADDED).

50. CLAIMANT'S STANCE, TODAY, AS IT WAS AT THE TIME OF CONFISCATION, 06 APR'07, IS : "I (CLAIMANT) AM IN COMPLIANCE OF AR 850-06, HOW-EVER, I AM DENIED THE OPPORTUNITY TO VERIFY (BY USE OF THE 3 CU. FOOT DOC DUFFLE BAG) AS IS STATED IN MEMO, 04 APR'07, MEMO CLEAR-LY STATES, " ... ALL OFFENDER PROPERTY (BOTH LEGAL AND PERSONAL) MUST FIT WITHIN A THREE CUBIC FOOT DOC ISSUED DUFFLE BAG." , SEE MEMO, 04 APR'07, SECOND SENTENCE, (ATTACHED).

51. CDOC, CCF, LT. JIM ARAGON, OFFERS THE 3.0 CUBIC FOOT DUFFLE BAG (VERIFICATION) IN MEMO, THEN CAPRICIOUSLY REFUSES SUCH WHEN CLAIMANT REQUESTED THE DUFFLE BAG ON 06 APR'07, SEE MEMO, 04 APR'07 AT SECOND SENTENCE, ALSO SEE CLAIMANT'S LETTER TO CAPTAIN

( 32   OF 35 )(D) (A)

RICHARDSON, 06 APR'07, PAGE 1 OF 4, LINES 23-27 THROUGH PAGE 2 OF 4, LINE 2 ), (ATTACHED).

52. CLAIMANT WAS ORDERED TO COMPLY WITH AN IMPOSSIBLE DEADLINE, PER MEMO (04 APR'07), THIS TOO CANNOT BE EASILY OVERLOOKED, MEMO IS VAGUE, AMBIGUOUS AND AN IMPOSSIBILITY TO MEET AND COMPLY WITH AS LT. ARAGON STATES IN MEMO, "I AM GOING TO GIVE YOU UNTIL FRIDAY 4-6-05 TO COME INTO COMPLIANCE WITH THIS A.R.", MEMO 04APR'07. AT SENTENCE FIVE, (EMPHASIS ADDED).

53. CLAIMANT IN REGARD TO DEFENDANT'S FIRE SAFETY CONCERNS STATES, ALL COLORADO STATE BUILDINGS, INCLUDING STATE PRISONS ARE TOBACCO FREE, NO SMOKING IS ALLOWED, AND HAVE BEEN FOR OVER (7) SEVEN TO (8) EIGHT YEARS PER COLORADO STATE LAWS, AS SUCH FIRE SAFETY CONCERNS, WITHOUT AN IGNITION SOURCE, ARE RENDERED MOOT, IF NOT COMPLETELY MOOT, AT THE VERY LEAST VERY DOUBTFUL, ALONG WITH THE FACT THAT THERE HAS NOT BEEN A CELL BLOCK FIRE IN A CDOC FACILITY IN DECADES.

54. DUE TO CLAIMANT'S INCARCERATION DEFENDANTS AND DEFEND- ANT'S COUNSEL COULD NOT BE CONTACTED, PURSUANT TO IARP, 27

Aug, 2003, § XXXVI. Miscellaneous Provisions, Page 30-31 Prior to the filing of this Motion.

## In Conclusion

55. Accordingly, Claimant's "Motion to Keep and Possess    an Additional 2.0 Cubic Feet of Legal Material Beyond CDOC's 2.0 Cu. Feet Allowable Limit", must be granted, This Honorable Court,   to include the Special Masters, do have authority in this Matter Pursuant Remedial Plan, Colorado Department of Corrections, August 27, 2003, (MRP, 27 Aug '03).

56. Claimant respectfully requests a hearing, before the Honorable Judge Kane, for Resolution of Dispute, Pursuant to MRP, § XXXVI. (A), 27 Aug 2003.

Respectfully signed and submitted this 7th day   of June, 2007.

— Valdez   #68556

Thomas T. Valdez              #68556

Attachments: 1.) Unauthorized Offender Property, (03 May '07 - 1 Pg);
2.) Memorandum, (04 Apr '07 - 2 Pgs);
3.) Claimant's Letter to Capt. Richardson, (06 Apr '07 - 4 Pgs);
4.) Defendant's "Response to...", (14 May '07 - 9 Pgs).

HWCC: P. File (D) - Original EPT   § (34 of 35) (D)(A)

# CERTIFICATE OF MAILING

I HEREBY CERTIFY THAT I HAVE MAILED A TRUE AND CORRECT COPY OF THIS FOREGOING   MOTION FOR RESOLUTION OF DISPUTE - LEGAL MATERIAL

DATED, 07 JUNE, 2007 , THIS _____ 26TH _____ DAY OF _____ JUNE _____ , _____ 2007 _____ , TO THE FOLLOWING: JUDGE KANE, c/o

HONORABLE JUDGE RICHARD M. BORCHERS         (A)
SPECIAL MASTER FOR THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
LEGAL RESOLUTION CENTER
7907 ZENOBIA STREET
WESTMINSTER COLORADO   80030-4444

MS PAULA GREISEN, ESQ.
COUNSEL FOR THE CLASS       (B)
KING & GREISEN, LLP
1670 YORK STREET
DENVER COLORADO   80206

MR. JESS DANCE
ATTORNEY GENERAL'S OFFICE       (C)
1525 SHERMAN STREET, 5TH FLOOR
DENVER COLORADO   80203

POSTAGE PRE-PAID AND LOGGED IN CDOC LEGAL MAIL LOG,
_____ 26 JUN '07 _____

-VALDEZ  #68556
THOMAS T. VALDEZ       #68556
( 35 OF 35 )(D) (A)