IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants,

---

Claim Number 03-359
Category III
Claimant: Thomas T. Valdez # 68556
Address of Claimant: CCF, PO Box 600, Canon City, CO 81215-0600

### RESPONSE TO CLAIMANT'S MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BEYOND CDOC'S 2.0 CU. FEET ALLOWABLE LIMIT

---

Defendants, by and through the Colorado Attorney General submit the following Response to Claimant's Motion to Keep and Possess an Additional 2.0 Cubic Feet of Legal Material Beyond CDOC's 2.0 Cu. Feet Allowable Limit.

### STATEMENT OF FACTS

Claimant, Thomas T. Valdez ("Valdez") has submitted a request to keep and possess legal materials in excess of two cubic feet. In support of his request, Valdez states that his *Montez* claim has produced a lot of documentation, adding to the legal materials he already possesses concerning his fifteen-year criminal appeal. Valdez also claims that he is in the process of filing two civil actions, causing the amount of legal documentation in his possession to increase.

1

(1 of 9) (D)(A)

Atch 3

Valdez alleges that his legal materials have been confiscated and/or damaged on numerous occasions and he continues to be threatened with such action. He claims that these actions are retaliatory due to Valdez having filed a *Montez* claim.

Finally, Valdez claims that AR § 850-06 applies only to "facility transfer(s)," and would not be applicable to him since, according to his current Case Manager, he is not scheduled to be transferred to another facility.

## ARGUMENT

### I. Valdez's Motion is Beyond the Jurisdiction of the Special Masters

The Special Masters were appointed to evaluate individual *Montez* claims, pursuant to the criteria set forth in the August 27, 2003 Remedial Plan. *See* Remedial Plan, ¶ XXXII. The Remedial Plan does not have a provision granting the Special Masters authority to adjudicate or interpret administrative regulations. *Id.*

Additionally, the Special Masters have specifically stated that they "do not have general jurisdiction over aspects of prison life." *See* April 20, 2007 Order attached. Accordingly, Valdez's motion must be denied as the Special Masters have no authority to determine the applicability or scope of AR § 850-06.

### II. Like All Inmates, Valdez is Subject to CDOC Rules and Regulations, Including AR § 850-06

While Valdez alleges retaliation for filing a *Montez claim*, he is really complaining about a property limit policy that applies to all CDOC inmates. As with other inmates, the mere fact that Valdez claims to be filing multiple lawsuits does not exempt him from the provisions of AR § 850-06. Additionally, the Remedial Plan does not exempt *Montez* claimants from generally applicable regulations nor does it give them special privileges not given to other CDOC inmates. *Id.*

2

(2 of 9)(D)(A)

AR § 850-06(E)(3)(a) states, "In the interest of effective property management and fire safety concerns, facilities shall limit the amount of personal legal papers that an offender may maintain in his/her possession to a maximum of two cubic feet." *See* AR § 850-06(E)(3)(a) attached.

The limit of two cubic feet of legal materials has been upheld as reasonable under the United States Constitution. *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992) ("Prison rules permitting inmates two cubic feet of legal materials in their cells were reasonable and necessary for orderly maintenance of the facility and proper security."); *Collins v. Soares*, 203 F.3rd 834 (10th Cir. 2000). Other limitations on possession of property and legal materials have also been upheld. *Abbott v. McCotter*, 13 F.3rd 1439, 1443 (10th Cir. 1994) ("the Due Process Clause does not give prisoners a right to retain unlimited personal property."); *Savko v. Rollins*, 749 F. Supp. 1403 (D. Md. 1990) (upholding the limitation of 1.5 cubic feet of books and written materials).

Unless exceptional circumstances are shown, the supervision and management of a prison's internal procedures is a matter of DOC discretion and is not subject to judicial scrutiny. *People v. Rodriguez*, 914 P.2d 230, 290 (Colo. 1996). Absent a statutory or constitutional violation, courts generally do not intervene in matters of prison administration and defer to the DOC in the management of penal institutions. *Powell v. Colorado Public Utilities Commission*, 956 P.2d 608, 613-14 (Colo. 1998).

Valdez is subject to the restrictions of AR § 850-06 and has not shown any exceptional circumstance that would allow him to exceed the two feet limit. His argument that the two feet restriction applies only to facility transfers is incorrect. While AR § 850-06(E)(3)(a) applies to the amount of legal material that can transferred, it also

3

(3 of 9) (D) (A)

applies to the material that can be "maintained" in the inmate's possession.

## CONCLUSION

The Special Masters do not have jurisdiction to determine the applicability of AR § 850-06. Further, Valdez has not shown any exceptional circumstance that would subject CDOC's management authority to judicial scrutiny and allow Mr. Valdez to possess additional legal materials. Mr. Valdez has not been subject to retaliation, but rather made to comply with the same rules and regulations with which all other CDOC inmates must comply. Valdez's motion should be denied.

Respectfully submitted this 14th day of May, 2007.

JOHN W. SUTHERS
Attorney General

*/s/ Jennifer S. Fox/*

JENNIFER S. FOX
Corrections Unit
Civil Litigation and Employment Law Section
Attorney for Defendants

4

(4 of 9)(D)(A)

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the above **RESPONSE TO CLAIMANT'S MOTION TO KEEP AND POSSESS AN ADDITIONAL 2.0 CUBIC FEET OF LEGAL MATERIAL BEYOND CDOC'S 2.0 CU. FEET ALLOWABLE LIMIT** upon Claimant by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 14th day of May, 2007 addressed as follows:

Thomas T. Valdez #68556
CCF
PO Box 600
Canon City, CO 81215-0600

*Courtesy Copy To:*
Cathie Holst

Mariah Cruz-Nanio

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-359
Category III
Claimant: Thomas W. Valdez, #68556
Address of Claimant: CCF, P.O. Box 600, Canon City, CO 81215-0600

---

## ORDER OF SPECIAL MASTER

THIS MATTER comes before the Special Master on Claimant's "Letter to Court." Claimant indicates that he has had all documents taken from him and seeks help because he believes that he has been the victim of retaliation. The Special Masters do not have general jurisdiction over aspects of prison life. Claimant has raised the issue of retaliation as to this case.

IT IS HEREBY ORDERED that Defendants are granted up to and including **May 31, 2007** in which to file a response to Claimant's "Letter to Court" and motion for emergency injunction.

SIGNED this 27th day of April, 2007.

BY THE COURT:

By: _____
Richard M. Borchers
Special Master

(6 of 9)(D)(A)

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 28th day of April, 2007 to the following:

Mr. Thomas T. Valdez
#68556
FCF
P.O. Box 999
Canon City, CO 81215-0999

Mr. James Quinn
Mr. Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203

(7 of 9)(D)(A)

3. *Upon completion of each inventory of the offender's property, copies of the written itemized inventory list (DC Form 850-06A) will be given to the offender, placed in the offender's working property file, and retained/updated by the facility's property officer. [4-4294]*

4. Any property not listed on DC Form 850-06A shall be deemed contraband and disposed of in accordance with administrative regulation 300-06, *Searches and Contraband Control*, with the exception of health care appliances which shall be treated in accordance with section IV.B.2. of this regulation.

D. Offender Property Acquisition: After initial processing, offenders will be permitted to acquire authorized personal property, through approved sources of supply and the CDOC Canteen, as long as the increase of property does not violate the personal property limitations. Offenders are required to keep all receipts on property items purchased for proof of ownership for as long as they maintain the property item. Offenders shall not be permitted to maintain more than three cubic feet in state and personal property accumulation in his/her cell.

1. Correctional Facilities

   a. Canteen: *Space is provided for an offender commissary or canteen or provisions are made for a commissary service. [4-4166]* Offenders will be allowed to purchase canteen items within the facility allowable limits.

   b. The Canteen will be the sole source for all personal property items with the exception of books, magazines, legal papers, hobby craft items, health care items, and faith items as outlined in AR 800-01. Should an item sold through Canteen not be appropriately sized, Canteen will make a purchase from an outside vendor.

   c. Items not available through the Canteen must be purchased from an approved source of supply.

   d. Property or any other item of value received through the mail must comply with procedures in administrative regulation 300-38, *Offender Mail*.

2. Community Corrections

   a. Offenders assigned to Community Corrections may purchase or acquire authorized personal property from vendors in the community.

   b. Authorized property may also be acquired from family or friends through purchase or gift.

E. Facility Transfer

1. Upon the facility transfer of an offender, the sending facility must inventory the offender's property, personal and state-issued, against the current DC Form 850-06A to ensure that all items are accounted for and are in compliance with this administrative regulation. If any

(8 of 9)(D)(A)

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Offender Personnel | Offender Property | 850-06 | EFFECTIVE 11/15/05 |

state-issued clothing articles are missing, the property officer at the sending facility will note the shortages on DC Form 850-06A. The property officer will contact the laundry supervisor, or designee, at the sending facility to verify if the missing articles are being processed. It will be noted on DC Form 850-06A whether or not the missing articles are in the laundry, or if the laundry was closed. Shortages of state issued clothing will be resolved between the laundry supervisors at the sending and receiving facilities.

2.  Prior to routine moves or transfers, staff shall inventory offender property and compare it to the computerized property inventory to ensure property ownership and compliance. The property shall then be secured, prior to the transfer.

3.  All authorized offender property (both state and personal) must fit within a three cubic foot DOC issued duffle bag. In addition the following will be allowed:

    a.  A 2.0 cubic foot box for legal papers which is available for sale through the DOC Canteen. In the interest of effective property management and fire safety concerns, facilities shall limit the amount of personal legal papers that an offender may maintain in his/her possession to a maximum of two cubic feet. It is the offender's responsibility to determine what legal papers he/she will retain to comply with this restriction. Excess legal material shall not be stored by any facility, nor shall other property be stored in this box.

    b.  Allowable canteen-purchased appliances, TV, radio, fan, typewriter and coffee pot.

    c.  Health care appliances.

4.  All state issued property shall take precedence in packing. The offender will ordinarily pack his/her own property. Any property which does not fit into the storage limitations listed above will be deemed contraband and sent out at the offender's expense, or disposed of with a record maintained of the disposition.

5.  During emergency moves or transfers (e.g., to segregation), or when it is not feasible to have the offender pack his/her own property, the offender's property shall be secured by facility staff with a full inventory completed on DC Form 850-06A. When possible, two staff will conduct the inventory and sign DC Form 850-06A.

6.  The receiving facility shall conduct an inventory and verify DC Form 850-06A, upon arrival of the offender, to ensure that all property is accounted for and authorized. If the receiving facility finds a discrepancy between the sending facility inventory and the inventory conducted upon arrival, an incident report must be completed noting the difference between the two property inventories. A copy of the incident report will be sent to the respective administrative heads, or designees, for appropriate resolution.

7.  <u>Disposition of Hobby Work and Hobby Work Tools</u>: The sending facility will ensure that the offender disposes of all hobby work and hobby work tools prior to transfer to another facility. Items may be mailed out at the offender's expense, donated to charity, or the sending facility will dispose of the items.

(9 of 9)(D)(A)