US DISTRICT COURT
901-19 th street
Denver, co 80294

Case number 92 N 870 (OES) & 96 N 343

JESSE MONTEZ, ET AL
V
BILL OWENS, ET AL

*Original*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2007

GREGORY C. LANGHAM
CLERK

Jill Coit #86530
Claim No. 03 129
DWCF P.O. BOX 392005
Denver, Co 80239

Motion for ORDER VERIFYING PLAINTIFF IS A MEMBER OF CLASS AND MONTEZ REMEDIAL PLAN APPLIES

    Comes Now, plaitiff, Jill Coit, pro se and does hereby ask this Court to verify to the Colorado Department of Corrections/ Denver Women's Correction Facility that plaintiff is a member of the class- Montez as referenced herein. According to page 5 of the Final Order of Special Master dated Dec. 15, 2005 plaintiff, Jill Coit is:
1. "The Special Master finds and concludes that Claimant is a disabled indivdual who is a member of the class."
2. "Claimant has a _permanent physical mobility impairment_ that substantially limits the major life activities of Walking, working and perhaps performing manual tasks." Exhibit 1 enclosed.
3. That plaintiff is entitled to all relief accorded under Montez "Remedial Plan Colorado Department of Corrections August 27, 2003 filed Sept 11, 2003.
    Plaintiff does not have a certified copy of her Final Order of Special Master and was told she is not part of the MOntez case, even though this court awarded her $350. in damages. (page 8)
    Wherefore Plaintiff prays this court will verify in an Order that she is part of the Montez class action and that CDOC/DWCF must obey the Montez Remedial Plan.

Respectfully,

JIll Coit  *Jill Coit*

Certificate of Mailing
I swear I placed in the US Mial for inmates the above to the following:
(3) US DISTRICT COURT AND ATTORNEY GENERAL (1)

This 13 day of August, 2007

*Jill Coit*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: 03-129
Category III
Claimant: Jill Coit, #86530
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on October 17, 2005, on October 31, 2005 and on November 8, 2005. Present were the following: Jill Coit, Claimant; Adam Wiens from the Office of the Attorney General, for Defendants. On November 8, 2005, Aaron Atkinson from the Office of the Attorney General also appeared for Defendants.

Testimony was received from the following witnesses: Claimant; Dr. Mitra Razzaghi; Linda Fischer; Rae Rice; Cary Shames, D.O., CDOC Chief Medical Officer; Cathie Holst; Brenda Traxler; and Cindy Phillips. Exhibits A through JJJ were offered into evidence. Attached as part of this order is a comprehensive Appendix of Exhibits listing each exhibit admitted into evidence and each exhibit not admitted into evidence. At the conclusion of the hearing, the claim was taken under advisement. This Order shall constitute the final action by the Special Master on this specific claim.

### I. BACKGROUND

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying

1

18.   Claimant requested that she be moved out of her handicapped cell at DWCF because it did not have sufficient light. She was moved to a non-handicapped cell that provided more light. *[handwritten: Then moved Back to handicapped cell with no light (Call 12-6)]*

### III. CONCLUSIONS OF LAW

1.   The legal standards applicable to this claim are derived from three sources: (a) the Remedial Plan; (b) the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; and (c) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*

2.   The first issue before the Special Master is whether Claimant is a disabled individual who is a member of the class. Under the Rehabilitation Act and the ADA, the term "disability" means "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 U.S.C. 29 U.S.C. § 794(d); 29 U.S.C. § 705(9)(B). The term "substantially limits" refers to disabilities that make an individual unable to perform a major life activity that the average person in the general population can perform; or that significantly restricts an individual as to the condition, manner or duration under which he or she can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. 29 C.F.R. § 1630.2(j)(1). "Major life activities" include functions "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(h)(2)(i).

The Remedial Plan limits the class of persons who might otherwise have a disability under the Rehabilitation Act and the ADA to those with mobility, hearing, vision disabilities, and those with disabilities due to diabetes. *Remedial Plan* ¶ III(A). Additionally, the Remedial Plan limits participation to inmates with permanent physical disabilities/impairments. *Remedial Plan* ¶ III(B). A permanent disability/impairment is a condition which is not expected to improve within six months. *Remedial Plan* ¶ III(C).

Based on the criteria established by the Rehabilitation Act, the ADA, and the Remedial Plan, a claimant is a disabled individual who is a member of the class if, while an inmate in a facility under the control of the DOC, he or she (a) had a permanent physical mobility, hearing, or vision impairment or was a diabetic; and (b) this condition substantially limited one or more of his or her major life activities.



The Special Master finds and concludes that Claimant is a disabled individual who is a member of the class. Claimant has a permanent physical mobility impairment that substantially limits the major life activities of walking, working and perhaps performing manual tasks.

The Special Master finds and concludes that Claimant has not sustained her claim that she has a vision disability within the meaning of the ADA and/or the Remedial Plan.

IT IS HEREBY ORDERED that based upon the foregoing Findings of Fact and Conclusions of Law, judgment should be entered in favor of the Claimant and against Defendants in the amount of $350.00; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Final Order of Special Master pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed **on or before January 29, 2006** with the Clerk of the United States District Court at the following address:

> 901 19th Street
> Denver, CO 80294.

SIGNED this 15th day of December, 2005.

_____
Bruce D. Pringle,
Special Master

**REMEDIAL PLAN**
**COLORADO DEPARTMENT OF CORRECTIONS**
**AUGUST 27, 2003**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2003 SEP 11  AM 8:52

GREGORY C. LANGHAM
CLERK

BY_____ DEP. CLK

## I. POLICY

It is the policy of the Colorado Department of Corrections (DOC) to provide inmates with disabilities, with or without reasonable accommodation, access to its programs and services consistent with legitimate penological interests. No qualified inmate with a disability, as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the DOC or be subjected to discrimination. All facilities designated to house inmates with disabilities will provide comparable programs, services and benefits available throughout comparable DOC facilities to ensure that inmates with disabilities are not discriminated against because of their disability.

## II. ADA INMATE COORDINATOR

There shall be a position entitled the ADA Inmate Coordinator (the "AIC") who will be responsible for ensuring that specific policies and procedures are developed and implemented by DOC to assure nondiscrimination against all inmates who have disabilities, whether or not the disability impacts placement. These policies will provide specific guidelines on the methods to be employed to ensure nondiscriminatory treatment. The AIC will be Cathie Holst, the current Manager of the Office of Correctional Legal Services. If, for any reason, Ms. Holst is no longer assigned to the AIC position, the position will be filled by an individual who is agreed to by the parties in this case. If the parties cannot agree on the person to fill this position, it shall be determined by Judge Kane.

The AIC will also be responsible for the tracking of all inmates with disabilities throughout the DOC, for ensuring that they are not denied access to programs, services and benefits offered by DOC because of their disability, and coordinating the placement and treatment decisions regarding inmates with disabilities with appropriate personnel throughout the DOC as further defined in this Plan. After an inmate has been identified as an inmate with a disability under this Plan, a copy of the Inmate Verification Form shall be forwarded to the AIC.

The AIC will receive medical training relevant to the disabilities identified in this plan which may be similar to that provided to facility staff.

## III. DEFINITIONS

### A. COVERED DISABILITIES

The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.