United States District Court
For The District of Colorado

Civil Action: 92-N-870
For Claimant: Louis Peoples Jr
Claim No: 03-278          Plaintiff

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2007

GREGORY C. LANGHAM
                        CLERK

V.

Governor Bill Owens
Colorado Department of Corrections
Limon Correctional facility, Warden
Hartley,
            Defendants,

Motion For Emergency Relief

Senior Judge:
John Kane

        Claimant Louis Peoples Jr 03-278
in pro-se, brings before this Court
his second motion, for a ruling by
the Honorable John Kane, for an
Emergency Injunction, pursuant to.
Rule 65(b) FRCP, and the American
Disability Act of 1973 and 1992, in

providing adequate space and re-creational opportunities with exercising equipment pursuant to Montez v. Owens, 92-870. In support Claimant Peoples states as follows.

Claimant Louis Peoples Sr, declares under penalty of perjury, makes this declaration in support of prior motions for a temporary restraining order and a preliminary injunction to ensure that he receive the necessary exercise, with equipment well as other inmates within CDOC with a disability.

As set forth in the prior Complaint in this Case, Claimant asked for an emergency order for the Warden and Officials at the Limon Correctional facility to provide claimant Peoples with treatment and rehabilitation as required by ADA or Disability Laws.

<u>Summary OF Argument</u>

Based on factual information and belief, disabled inmates along with

Claimant have not been provided with a course of physical equipment despite our repeated requests. They have not been provided with any physical exercise equipment because there is an informal policy at Limon giving low priority to the needs of disabled inmates including the refused to provide them with proper exercise equipment within its gymnasium area unless they remove all medical restrictions.

In October 2006, Claimant Peoples filed in this Court a motion for relief pursuant to an injunction. For the reasons set forth in the memorandum of law filed with this Court, the claimant was entitled to a order requiring the defendants Warden, Director of corrections to place equipment within Limon as required pursuant to standards. This Court Never answered the Motion/Request, Never or ordered CDOC to stop violating said right that is required by law entitling Claimant Peoples a right to exercise.

(3)

# Argument

The Limon Facility and its officials are still depriving, claimant Peoples and all handicap inmates a basic human need and medical need to exercise.

They are also denying any access to the alternative free weight program that all other inmates within C.D.O.C. are allowed. See Exhibits attached.

Claimant Peoples, states that he has, a right to use the weight, equipment. He has (No.) medical restrictions, Nor a medical order that prevents him from using or partaking in any use of CDOC weight lifting program/equipment that other inmates utilize. There is No exercise equipment associated for the handicapp or disabled inmate are with heart activity and this Court must now recognize that the Limon Facility is well in violation of Claimant Peoples' rights, as well as all other inmates like him.

Peoples' alleges, that he has been denied the right to use exercise equipment in the gym and has become overweight, which is a factor that has increased his cholesterol. Not being physically active has proved to be a major factor for a conditional risk for heart attacks. Weight, lifting along with losing weight help lower the L.D.L. and total cholesterol levels, as well as rise the H.D.L. and lower the trigly-ceride levels.

The misconduct, and uncooperativeness by prison officials is clear a Violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97 105 97 S.Ct 285 (1976) (noting that, intentionally interfering with the treatment once prescribed is a form of unlawful deliberate indifference) see (Medical report the Continuing deprivation of Constitutional rights Constitutes Irreparable harm.) Without any exercise equipment as required by ADA standards for the right to exercise irreparable harm will still result unless an injunction is granted

(5)

In this matter, Claimant Peoples has been informed, by gym staff Official Lt Milburn that if he would pay Five Dollars to, medical and have his lower tier and lower bunk restriction removed, then he will be given a weight pass. Due to medical reasons this is an immeasurable request, thus leaving claimant limited exercise in his Cell or unit.

Pursuant to American With Disabilities 42 USCA. 12101 and, 12213, prevents discrimination against prisoners whom or incarcerated and with a physical or mental disability. See federal Rehabilitation Act 1973. This issue could be explored by this Court, as a Civil suite, a Limon prison official would be obligated to accommodate any handicapped, disabled or unhealthy prisoner. CDOC. Could also be barred from receiving any federal funds for discriminating against prisoners on the basis of their condition or handicaps, 42 USCA 794, even though certain conditions might not be unconstitutional

on their own, they do add up causing an overall effect that is now unconstitutional.

The Limon facility and its officials must provide a prisoner whom is under medical care or disabled with the opportunities to exercise during the winter months, due to no outside yard and must provide adequate space and equipment for exercising in the Gym Area.

Wherefore, Claimant Louis Peoples Sr, Claim No. 03-278, requests that the Court grant the following relief, including all other inmates whom has signed as to include:

| | |
|---|---|
| David Pigford | 43879 |
| Encarnacion Gonzalez | 135983 |
| Leey D. Sims-Dupont | 49971    03-416 |
| Lawrence Nadi | 129783 |
| Lawton Lee | 52770 |
| RONALD W. THWEATT | 130242 |
| JAMES B DUKES GARNES | 88322 |
| PAUL E. MONTOYA | #134460 |
| Richard Gonzales | #465-94 |

(A.) Issue an Injunction Ordering CDOC, or their agents to immediately grant him a weight pass along with all other disabled inmates in CDOC.

(B.) Immediately arrange for an area within its Limon Facility/Gym with exercise equipment to include Universal Cable Machine, any and all equipment to assist with the Cardiovascular for exercising for wheel chair prisoners, like other CDOC facility or as this Court deems.

Immediate relief and injunction in this matter, is not only necessary, but is entitled to Claimant and all disabled parties incarcerated.

Done this 14th day of Aug 2007

Respectfully Submitted.

Lawus Peoples Jr

(8)

United States District Court
For The District OF Colorado

Civil No: 92-N-890
For Claimant Louis Peoples Jr.
Claim No: 03-278

Certificate OF Mailing

Claimant Louis Peoples Jr, hereby states that
he placed in the U.S. mail pre-paid a Copy
of the Motion For Emergency Relief / Injunction
to the following:

Clerk of the Court                    Office of the Attorney
United States District of Colorado    General
C/o Honorable: John Kane              1525 Sherman #5
901 19th Street                       Denver, Colo 80003
Denver, Colo 80294

Colorado Dept of Corrections / Aristeds W. Zavaras
Cathie Holst, AIC KE: ADA Process
2862 South Circle Dr #140
Colorado Springs, Colo 80906-4196

Done this 14th day of Aug   2007

                    Louis Peoples Jr.
                    Petitioner / Defendant

LCF Form 1000-1B (01/07)

**Limon Correctional Facility**
**Alternative Free Weight Program Application Form**

### SECTION I: TO BE COMPLETED BY THE OFFENDER (Print legibly)

Peoples Jr. _____ Louis _____ 43943 _____

Last Name                     First Name                     DOC Number

3 _____                July 17, 2007

Living Unit                   Date

It is expressly understood and agreed that my participation in the LCF Alternative Free Weight Program and other organized activities is conditional upon meeting eligibility requirements.

Louis Peoples Jr. _____                          43943 _____

Offender Signature                                     DOC Number

### SECTION II: TO BE COMPLETED BY THE CASE MANAGER
#### Please forward to Recreation when complete

| ELIGIBILITY CRITERIA | YES | NO |
|---|---|---|
| Has the offender had a job at LCF for the past 90 consecutive days? GED 2/09/06 | X | |
| Will participating in this program interfere with the offender's job? | | X |
| Has the offender had a Class I conviction in the last 180 days? If yes, date of last conviction  /  / | | X |
| Has the offender a Class II conviction in the last 90 days? If yes, date of last conviction.  /  / | | X |
| Is the offender currently under any disciplinary probation and or restrictions? | | X |

VERIFIED BY CASE MANAGER   ☑YES   ☐NO

_____                          7/20/07 _____

Case Manager's Signature              Date

Comments:_____

_____

_____

### SECTION III: TO BE COMPLETED BY THE RECREATION SUPERVISOR

| RECREATION SUPERVISOR ONLY | YES | NO |
|---|---|---|
| Has the offender completed the weight safety class and passed the written exam? | | |
| Has section II been completed by the Case Manager? | | |
| Is the offender medically restricted? | X | |
| PROGRAM PARTICIPATION APPROVAL | | X |

_____                          _____

Recreation Supervisor's Signature     Date

**APPLICATIONS THAT ARE DENIED MUST BE RE-SUBMITTED BY THE OFFENDER**
**WHEN THE OFFENDER IS ELIGIBLE**

## Limon Correctional Facility
## Alternative Free Weight Program Application Form

### Section I : TO BE COMPLETED BY INMATE

*Please print legibly*

Exhibit A

Unit 3

Peoples Jr _____ Louis _____ 43943
LAST NAME _____ FIRST NAME _____ DOC #

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT MY PARTICIPATION IN THE LCF ALTERNATIVE FREE WEIGHT PROGRAM AND OTHER ORGANIZED ACTIVITIES IS CONDITIONAL UPON MEETING ELIGIBILITY REQUIREMENTS.

Louis Peoples Jr _____ 43943
INMATE _____ SIGNATURE _____ DOC #

(Second time) put same Application IN back in April of 2006

### Section II : TO BE COMPLETED BY CASE MANAGER

| ELIGIBILITY CRITERIA | YES | NO |
|---|---|---|
| Has the inmate been assigned to LCF for the past ninety days? | X | |
| Has the inmate had a job for the past ninety consecutive days?   02/69/06 | X | |
| Will participating in this program interfere with the inmates job? | | X |
| Has the inmate had a Class I conviction in the last 180 days? If yes: Date of last conviction   /  / | | X |
| Has the inmate had a Class II conviction in the last 90 days?  If yes: Date of last conviction   /  / | | X |
| Is the inmate currently under any disciplinary probation and/or restrictions? | | X |

VERIFIED BY CASE MANAGER     YES [X]     NO [ ]

_____ 2/13/07
CASE MANAGER SIGNATURE _____ DATE

Comments: _____
_____
_____
_____

** CASE MANAGER PLEASE FORWARD TO RECREATION UPON COMPLETION**

### Section III : TO BE COMPLETED BY RECREATION SUPERVISOR

| RECREATION SUPERVISOR ONLY | YES | NO |
|---|---|---|
| Has the inmate completed the weight safety class and passed the written exam? | | |
| Has Section II been completed by the case manager? | | |
| IS THE INMATE MEDICALLY RESTRICTED? | X | |
| PROGRAM PARTICIPATION APPROVAL | | X |

_____ _____
RECREATION SUPERVISOR SIGNATURE _____ DATE

** APPLICATIONS THAT ARE DENIED MUST BE RE SUBMITTED BY THE INMATE**
** WHEN THE INMATE IS ELIGIBLE.**

**ADA Medical Release**

I, _Louis Peoples Sr._ , DOC # _43943_ ,

date of birth _12-3-53_ , authorize the ADA Inmate Coordinator (AIC) to request, review, and/or discuss my medical and/or mental health records for the purpose of investigating my disability claim, then evaluating my disability status for an accommodation under the Americans with Disabilities/Rehabilitation Acts, and, if necessary, in assisting CDOC staff in understanding my disability with respect to my needs, e.g., housing, programs, recreation, and activities of daily living.

I understand that the information disclosed and discussed will be done so only to the extent necessary and only on an as-needed basis; however, once disclosed, it may be disseminated to any person or organization that may become involved in the determination and/or accommodation of my disability.

I understand that any relevant information may be disclosed, including but not limited to, medical records, mental health records, HIV status, and drug and alcohol information.

I certify that this Release has been made voluntarily, and that the information given above is accurate to the best of my knowledge. I understand that this authorization may be revoked at any time, except to the extent that action has already been taken to comply with it, and that the authorization to use any information that has already been released may not be revoked as long as I remain in the custody of the Colorado Department of Corrections.

I hereby release the Department of Corrections and any employee thereof, any contract personnel, and any authorized volunteer from any liability which may result from furnishing or using the information requested as authorized in this Release. I acknowledge that I understand the terms and conditions of this Release.

_____          _____
Offender Signature                                                    Date

Revised 4/06