Civil Action No 92-CV-00870-EWN

Jesse Montez, et.al.
   Plaintiff

   v.

Bill Owens, et.al.

Re: Claimant Wellman E. Gibson Claim # 03-173

   Today I was put on perm. lockdown. I am told it is not Ad seg., but I am only allowed out of my room 1 hour a day & put in a small cage in the yard. This was done to me because I refused to push chow carts. I wrote & informed you as to what was going on. I find it hard to believe myself.

   I was moved to C.C.F. to be in a diversion program & I questioned the move because I had a no stair medical restriction & one can not even eat without navigating stairs.

   The Special Masters ruled on my Montez issues shortly after

me geting here. Since this facility is Non Montez compliant I questioned me even being housed here plus I had All of my property, T.V. & Radio & electrical items taken saying they arent allowed here. Even though after taking my 17 inch color T.V. I was loaned a 23 inch Blk & wht & told I could now buy a new color T.V.

After receiving my copy of the final order the Medical dept took all my work restrictions & my cane from me saying we are appealing the Special Masters decession so you no longer have any work restrictions & if you refuse to do as we say we will place you on lock up which happened today. And the rest of my personal property was taken, gym shorts, ballcap, tennis shoes & even my wash cloth. & I had the Jewish heritage for the Blind send some large

Print books I could try to use & those were taken & since my books on tape items were taken I dont know what to do.

Please excuse my writing but the longer I try the harder it gets. All my daily prayers & Tanakh were on tape, also

The officers are fond of saying so what you cant. Hold me personally responsable & we are doing what Medical tells us. Point being all of my work restrictions & cane were taken after the final order was issued & this is definitely blatant retaliation. They held a so called hearing on me & said I was non program compliant since I refused to push chow carts. I told them you are ordering me to do something that could be hazordous to me & I was again told

(4)

medical says there is nothing wrong with you, so again you will do as we say

SIR I need some type of intervention & I am requesting a court order that my housing status be returned along with my property & work restrictions until you have had time to rule on the appeal D.O.C. keeps saying has been filed.

I am not requesting everything the Special Masters be done at this time. I am just asking you to freeze things where they were at.

I don't understand how this facility & D.O.C. can say we arent going to abide by the final order & of by the way we are going to take away your existing restrictions & items such as your cane & punish you if you object.

(5)

Again I realize the Minute order said I should reply AFTER An objection was filed but the treatment I have received is geting worse every day until it reached the point of today Total lock up & confiscation of All property

I was laughed at & told well now you don't have to push chow carts or get your tray as I am even fed in my cell. Also my restrictions were documented in my medical file along with a valid permit for my cane & a valid medical permit for my books on tape items & I was told SO WHAT.

Please Judge Kane reply to me & my requests

Please see motion filed by Ms Riddle about my concerns being at CLF, Things that have happened

[signature] 74304

# KING & GREISEN, LLP
## ATTORNEYS AT LAW

Diane S. King
Paula Greisen

1670 YORK STREET
DENVER, COLORADO 80206

Laura E. Schwartz
Alison Butler Daniels
Jason Cobb
Jennifer W. Riddle

Wellman E. Gibson, #74384
Centennial Correctional Facility
P.O. Box 600
Canon City, Colorado 8125-0600

May 30, 2007

*[Handwritten annotation: This also shows my concern for what has happened & that I did let people know]*

**ATTORNEY-CLIENT PRIVILEGED**

*Re: Supplemental Compliance Report*

Dear Mr. Gibson,

I have before me your letters received by my office between March and May of 2007. I understand that you received a new Accommodation Resolution stating that you do not have qualifying disability, and that when you were transferred to CCF all of your books on tape materials were confiscated – and have yet to be returned. I also understand that you have had difficulty accessing the library because of the sign-in procedure (similar to SCF), as well as being told you cannot use your cane in the library. *[Handwritten: Their remedy was to confiscate my cane]*

I have compiled the information you provided in your letters into a supplemental compliance report to submit to the Special Master. I have enclosed a copy of that report here, in addition to the original memo and Accommodation Resolution you sent to me (I made copies to keep with your file).

I sense your aggravation with the DOC for retaliating against you by taking away your books on tape and telling you that nothing is wrong with you. You should understand that although your condition with the nerves in your hands may qualify you as disabled under the ADA, it is not a qualifying disability under *Montez*. In order to qualify under *Montez*, you must have a *permanent lower extremity impairment* that substantially limits a major life activity. I understand that you may have a lower extremity impairment, which is why you use a cane, however, that impairment alone will not qualify you for accommodations relating to your dexterity issue.

*[Handwritten: Special Masters did rule I was under moddity]*

We are disappointed that the DOC continues to discriminate and retaliate against you and hope that our supplemental compliance report on your behalf will let the Special Master know that the problem has not been resolved. Other than providing this information to the Special Master,

---

TELEPHONE: (303) 298-9878 ✧ FACSIMILE: (303) 298-9879 ✧ E-MAIL: riddle@kinggreisen.com

# ACCOMMODATION RESOLUTION

| NAME | GIBSON, WELLMAN | DOC # | 74384 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a physician & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC physician and the Chief Medical Officer have determined that you do not have a qualifying **vision or lower or upper mobility** disability pursuant to the mandates of the Americans With Disabilities/Rehabilitation Acts (ADA); therefore you are not entitled to accommodations.

If your condition(s) worsens and you feel you require accommodations to access programs, services & benefits, please complete and submit a new Request for Accommodation to the AIC.

To the extent you require clinical attention such as medication, assistive devices, restrictions, medical care or special clothing, your requests should be directed to Clinical Services where they will be evaluated for medical need. **The AIC is neither responsible for nor qualified to make recommendations related to clinical care.**

You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.

Signature: Chief Medical Officer        Date: 2/17/07

Signature: Callie Holst by KB / AIC        Date: 2/21/07

Prepared: January 25, 2007

Original – AIC
Copies:  1-Warden
         7-Warden for distribution to the following:
         1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Housing Unit Supervisor
         2 –Offender
         AIC will distribute 1-Department File, 1 – Chief Medical Officer

Revised 5-1-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Page 3

Civil Action No. 92-N-870 (OES)

JESSE (JESUS) MONTEZ, *et al.*,

    Plaintiffs,

-vs-

BILL OWENS, *et al.*,

    Defendants.

---

**Supplemental Compliance Report**
**Regarding Claimant Wellman E. Gibson, #03-173**

---

Plaintiff Class Counsel, Paula Greisen and Jennifer W. Riddle, of KING & GREISEN, LLP, hereby file this supplemental compliance report with regard to claimant Wellman E. Gibson:

1. The Special Master issued an Order requesting Class Counsel to investigate issues raised by Claimant Wellman E. Gibson. Specifically, Mr. Gibson asserted that he had been discriminated against by the DOC due to his disability and had been repeatedly denied access to the library.

2. After investigating the allegations, undersigned Counsel determined that Mr. Gibson was intentionally denied access to the library at the Sterling Correctional Facility for a period of approximately three months as a result of discrimination on the basis of his disability. The DOC admitted that Mr. Gibson was banned from the General Library at the Sterling Correctional Facility from February of 2006 to mid-May of 2006, citing a mere "miscommunication."

*[Handwritten note at bottom:]* When I was moved the officers joked with one another about put my court order on the 2nd tier & promptly moved me up stairs & there were open cells on 1st tier. That is what is going on

3. On January 31, 2007, Class Counsel provided the Special Master with a compliance report detailing the findings of its investigation as well as a discussion of Mr. Gibson's disability.

4. Class Counsel now submits this supplemental compliance report after receiving numerous complaints from Mr. Gibson that he has been retaliated against since the filing of the last compliance report.[1]

5. Class Counsel has been notified that on February 22, 2007, Mr. Gibson was issued a new Accommodation Resolution stating that he does not have a qualifying vision or lower or upper mobility disability pursuant to the mandates of the ADA/Rehabilitation Act and is therefore not entitled to accommodations. Exhibit A, Accommodation Resolution.

6. In early April of 2007, Mr. Gibson was transferred to Centennial Correctional Facility. Upon arrival, his books on tape materials were confiscated, despite having been previously allowed these materials while housed at Freemont Correctional Facility, Sterling Correctional Facility, and most recently, Arkansas Valley Correctional Facility. Additionally, Mr. Gibson has been approved to receive books on tape since May of 2003.

7. Mr. Gibson asserts that he faces the same treatment he received at SCF with regard to accessing the library. The sign-in procedure at CCF is similar to SCF, requiring Mr. Gibson to sign his name, which at times is too difficult for Mr.

---

[1] The issue of retaliation was first brought to the attention of the Special Master by Class Counsel in a footnote of the January 31, 2007 report, noting that Mr. Gibson felt he was being retaliated against for participating in proceedings related to the *Montez* case, including being placed in permanent punitive segregation and having all of his property confiscated the day after he spoke with Class Counsel with regard to the first compliance report.

2

Gibson on account of his limited dexterity. In addition, Mr. Gibson has been told he is not allowed to have his cane in the library. The DOC seems to continue to place restrictions on Mr. Gibson resulting in limited or no access to the library.

8. For the past four years, Mr. Gibson has been allowed to participate in the Colorado Talking Books program because of his condition, evidencing DOC's acknowledgement of his disability. While Mr. Gibson's impairment may not fall under one of the *Montez* categories, he certainly has been recognized by the DOC as an inmate who requires certain accommodations under the ADA.

9. Mr. Gibson has further informed Class Counsel that he has received threats of being transferred to the Colorado State Penitentiary if he does not participate in a program that requires both reading and writing. It is both discriminatory and retaliatory for the DOC to require Mr. Gibson to participate in a program with knowledge that he cannot do so without reasonable accommodations – the very accommodations the DOC refuses to provide.

*[handwritten margin note: diversion program]*

10. Mr. Gibson is a qualified individual with a disability under the ADA and is therefore protected from discrimination on the basis of his disability. However, the nexus between Class Counsels' intervention and the new Accommodation Resolution coupled with the confiscation of Mr. Gibson's books on tape materials confirms retaliatory conduct against Mr. Gibson. By using the *Montez* case as a sword against Mr. Gibson, the DOC is retaliating against him for asserting his rights provided by this case, thereby violating rights secured to Mr. Gibson.

*[handwritten margin note: Key]*

*[handwritten at bottom:]* D.O.C. says I am not Montez so I have no Restrictions & have done all I was worried about

3

# ACCOMMODATION RESOLUTION

| NAME | GIBSON, WELLMAN | DOC # | 74384 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a physician & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC physician and the Chief Medical Officer have determined that you do not have a qualifying vision or lower or upper mobility disability pursuant to the mandates of the Americans With Disabilities/Rehabilitation Acts (ADA); therefore you are not entitled to accommodations.

If your condition(s) worsens and you feel you require accommodations to access programs, services & benefits, please complete and submit a new Request for Accommodation to the AIC.

To the extent you require clinical attention such as medication, assistive devices, restrictions, medical care or special clothing, your requests should be directed to Clinical Services where they will be evaluated for medical need. **The AIC is neither responsible for nor qualified to make recommendations related to clinical care.**

You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.

Signature: Chief Medical Officer     Date: 2/17/07

Signature: AIC   Cathie Holst by KB     Date: 2/21/07

*[handwritten note: This is dated 2.26.07 & the S.M. ruled on 6-21-07 saying I was Montez disabled]*

Prepared: January 25, 2007

Original – AIC
Copies: 1-Warden
        7-Warden for distribution to the following:
        1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Housing Unit Supervisor
        2 –Offender
        AIC will distribute 1-Department File, 1 – Chief Medical Officer

Revised 5-1-06