IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

**JOINT STATEMENT RE: MATTERS TO BE RAISED AT THE STATUS CONFERENCE TO BE HELD WITH THE HONORABLE JUDGE KANE ON SEPT. 14, 2007**

---

The parties through their respective counsel submit the following statement of matters to be discussed at the status conference on Sept. 14, 2007.

1. The parties have tried and could not reach a resolution on compliance issues or sanctions for non-compliance and therefore have elected to proceed to a compliance hearing.

2. As a result, the plaintiffs want to conduct discovery concerning compliance issues and set a hearing with the court for a determination of substantial compliance.

3. In order to prepare for the compliance hearing. the Plaintiffs have requested to take depositions of certain key persons, including the ADA Inmate Coordinator (the "AIC), the head of Clinical Services, and the person(s) responsible for implementing the DOC computerized tracking system and the DOC IT person who can testify as to the storage of email and database information.  The Plaintiffs' position is that the taking of these depositions will substantially

streamline the discovery requests in this case and will save an enormous amount of the court's time at the compliance hearing. In particular, the AIC is responsible for implementing the Remedial Plan throughout the entire DOC. Class counsel will need to question her extensively on every aspect of the Remedial Plan, its implementation at each facility, and the problems with individual cases (and there are hundreds of such cases). This testimony alone could easily take at least three to four days in deposition. It would be much more efficient to take this testimony in deposition and present the relevant issues to the court at the compliance hearing. In fact, it is entirely possible that the parties may decide to reach a settlement regarding substantial compliance after the requested depositions – which obviate the need for the lengthy compliance hearings. Although the DOC has agreed that the Plaintiffs can propound discovery requests (although it has already indicated that it opposes many of those requests), the Plaintiffs want the answers directly from DOC personnel, and not from the lawyers.

The Stipulation and Order Regarding Status of Compliance by DOC with the Remedial Plan entered by this Court on July 11, 2005 specifically provides that the parties shall agree to establish discovery procedures to provide class counsel "discovery on all facilities and all aspects of DOC's compliance with the Remedial Plan." Stipulation and Order, ¶ A(3). The Order goes on to state if the parties are unable to agree, that they will submit the issue to this Court for determination as to the scope of discovery. Accordingly, the Plaintiffs request that this Court allow the requested depositions.

4. The Defendants object to the taking of any depositions in this matter. The Defendants' position is that the case is not in a discovery phase; the case was settled several years ago. The Remedial Plan does not provide for the taking of any depositions. When the case was still at

2

issue, multiple depositions were taken by the Plaintiffs but the case is no longer at issue; it is in a monitoring stage. Defendants point out that Plaintiffs' attorneys have been and will continue to be given access to voluminous records of DOC and to any of the facilities in which their clients are housed. In fact, the Plaintiffs' attorneys will be meeting with clients at three facilities Sept. 24-27, 2007. In addition, Plaintiffs' attorneys have been meeting with counsel for the Defendants and representatives of the Defendants every month for several hours for several months. At those meetings, counsel has been able to ask DOC officials (two of whom are the ones they want to depose) any questions about DOC compliance with the plan.

Further, Plaintiffs' counsel is preparing extensive written interrogatories and requests for production which Defendants will address concerning every facility. Defendants have previously agreed to respond to the written interrogatories. Plaintiffs will have ample access to material provided by DOC. To require these DOC employees to give depositions in addition at this stage in the proceedings is unduly burdensome and not authorized by Remedial Plan. It will also be wasteful, time-consuming, and extremely expensive. This matter is going to be heard by the Court in an informal manner; it is not a case in which a jury is going to make this determination. There is no reason to duplicate the proceedings that will take several days in front of the court with several days of identical deposition testimony. The Plaintiffs are going to have to ask the same questions in front of the Court in the hearing as were asked in the depositions. As the Court knows, the State is paying $300 an hour or more for the attorneys in this case and there is no doubt in the Defendants' minds that the Plaintiffs will seek to have at least two, maybe more, attorneys attend every deposition. At least two of these depositions are sure to take several days.

This is an unnecessary and burdensome expense to the State and to the individuals who will be required to take the time from their regular jobs.

Respectfully submitted this day 12th day of September, 2007.

| KING AND GREISEN | JOHN SUTHERS |
| --- | --- |
| | Colorado Attorney General |
| s/ Paula Greisen_____ | s/ Elizabeth H. McCann_____ |
| Paula Greisen | Elizabeth H. McCann |
| 1670 York St. | Deputy Attorney General |
| Denver, Co. 80206 | Civil Litigation and Employment |
| greisen@kinggreisen.com | Law Section |
| | |
| Ed Ramey | James X. Quinn, #21729 |
| Isaacson & Rosenbaum | Assistant Attorney General |
| 633 17th St. #2200 | Corrections Unit, Litigation Section |
| Denver, Co. 80202 | Attorneys for Defendants |
| eramey@ir-law.com | |
| | 1525 Sherman Street, 5th Floor |
| Attorneys for Plaintiff Class | Denver, Colorado  80203 |
| | Telephone:  (303) 866-3261 |
| | Fax: (303) 866-5443 |
| | beth.mccann@state.co.us |

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 12th day of September, 2007, I electronically filed the foregoing Position Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
greisen@kinggreisen.com
Counsel for the class
King and Greisen LLP
1670 York St.
Denver, Co. 80206

Ed Ramey
Issacson, Rosenbaum PC
633 17th St. #2200
Denver, Co. 80202
eramey@ir-law.com

Terrance Carroll
Issacson, Rosenbaum PC
633 17th St. #2200
Denver, Co. 80202
tcarroll@ir-law.com

Jennifer Riddle
King and Greisen
1670 York St.
Denver, Co. 80206
riddle@kinggreisen.com

Patricia Bellac
4845 Pearl East Circle, Suite 101
Boulder, Colorado 80303
psblawfirm@comcast.net

Honorable Richard M. Borchers
dborchers@legalres.com
Special Master
Legal Resolution Center
7907 Zenobia St.
Westminster, Colorado 80030

s/Elizabeth H. McCann
Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us