IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-173
Category III
Claimant: Wellman E. Gibson, #74384
Address of Claimant:  CCF, P.O. Box 600, Canon City, CO 81215-0600

## DEFENDANTS' OBJECTION TO FINAL ORDER AND MOTION TO REMAND (DIRECTED TO THE HONORABLE JUDGE KANE)

Defendants, through the Colorado Attorney General, respectfully object to the "Final Order of Special Master" regarding claimant Wellman Gibson.  (Doc. 2742, filed 6/25/07).

1. Under the Remedial Plan, a Final Order by the Special Master "may be appealed on an abuse of discretion review to the Honorable Judge Kane."  (Remedial Plan, § XXXII).

2.	A <u>Montez</u> hearing on the claim of Wellman Gibson occurred on February 13, 2006.[1]

3.	Shortly after his hearing, Gibson sent letters to the Special Master alleging new incidents of discrimination.  Gibson claimed he had been denied access to the library because of his hand problems and that he had not been allowed to receive books on tape.

4.	On March 29, 2006, and again on November 10, 2006, the Special Master ordered Plaintiff Class Counsel to investigate Gibson's allegations, even though Plaintiff Class Counsel was not representing Gibson in his damages claim.  (<u>See</u> Order of Special Master—RE: February 26, 2006 Letter, attached as Def. Exh. A; Order of Special Master—RE: Numerous Motions Filed by Claimant, attached as Def. Exh. B).  "[T]he Special Master orders class counsel to provide an update . . . as to the investigation of the issues raised by Claimant . . . so that the Special Master can prepare a final order."  (Def. Exh. B).

5.	The Special Master never offered Defendants an opportunity to respond to Gibson's new allegations.

6.	On January 31, 2007, Plaintiff Class Counsel submitted a report pursuant to the Special Master's order.  (<u>See</u> Plaintiff Class Counsel's Response to Special Master's Order Requesting Compliance Report with Regard to Claimant Wellman E. Gibson, #03-

---

[1] During the hearing, Defendants requested time to investigate whether a prior § 1983 lawsuit by Gibson (<u>Gibson v. Watkins, et al.</u>, 01-MK-1282) had any preclusive effects upon his <u>Montez</u> claim.  On April 10, 2006, Defendants informed the Special Master that they did not intend to file a motion to dismiss on *res judicata* and collateral estoppel grounds.

2

173, attached as Def. Exh. C).  Class Counsel's Response discussed Gibson's access to the general library at the Sterling Correctional Facility ("SCF") and books on tape.

7. The Special Master never offered Defendants an opportunity to respond to the Response by Plaintiff Class Counsel.

8. The "Final Order of Special Master," (doc. 2742), awarded Gibson $600 and ordered the CDOC to provide Gibson with a tape machine and tapes so he could participate in the Books on Tape program.  (Final Order, p. 6).  This decision was based on the Special Master's finding that

> [Gibson] was deprived of the privilege of continuing to participate in the books on tape program.  He was allowed to participate in the program but has had the tapes and the machine taken from him without reason. . . . A more egregious form of discrimination occurred when he was barred from the library for being unable to sign in for a period of over three months. . . . He claims he has be[en] moved, been put on Administrative Segregation and has had items take from him for no reason.

(Id.).

9. These alleged acts of discrimination occurred <u>after</u> Gibson's hearing. Gibson's temporary suspension from SCF's general library occurred after his February 13, 2006 hearing.  Gibson was discontinued from the Books on Tape program for good after his hearing.[2]  Gibson was transferred out of SCF and placed in administrative segregation—based solely on his own behavior—after his hearing.

---

[2] A librarian first allowed Gibson to receive books on tape from the Colorado Talking Books organization around May, 2003.  Since that time, multiple medical providers have evaluated Gibson and found no medical need for books on tape (as opposed to normal books).  Between May, 2003, and late 2006, Gibson was occasionally allowed to receive tapes from Colorado Talking Books.  In late 2006, yet another medical provider confirmed that Gibson did not

3

10. Because these alleged acts of discrimination occurred after Gibson's February 13, 2006 hearing, the Defendants were not able to address these allegations during the hearing.

11. It was an abuse of discretion for the Special Master to award Gibson relief based on new allegations which arose after the hearing when the Defendants were not provided an opportunity to address those new allegations. It was an abuse of discretion for the Special Master to order Plaintiff Class Counsel to submit a report regarding Gibson's claims but not offer Defendants an opportunity to respond to that report.

12. It was an abuse of discretion for the Special Master to conclude that the CDOC's actions were "without reason" and "for no reason" when the CDOC was not offered an opportunity to explain its reasoning.

13. Accordingly, Defendants request an opportunity to respond to all allegations and evidence submitted by Gibson and Plaintiff Class Counsel which arose after Gibson's hearing. Defendants are confident that their evidence will show that Gibson's transfer and placement in administrative segregation were based on his own misconduct, not discrimination; that Gibson has no medical need to receive books on tape as opposed to normal books; and that Gibson's temporary suspension from SCF's general library was not because of discrimination against any actual physical limitation. In

---

medically require books on tape and he was ordered to return the tape machine and tapes. In addition, since Gibson's hearing he has been moved to the Centennial Correctional Facility, a more secure facility. For security reasons, inmates are not allowed to possess tape machines in their cells at the Centennial Correctional Facility.

addition, for security reasons, inmates are not allowed to possess tape machines at the Centennial Correctional Facility, Gibson's current facility.

WHEREFORE, Defendants respectfully object to the Final Order regarding Claimant Gibson. Because the Final Order was largely based on incidents which occurred after Gibson's hearing and which Defendants were not given an opportunity to address, Defendants respectfully request that this matter be remanded to the Special Master and Defendants be allowed to respond to the allegations and evidence presented after the hearing by Gibson and Plaintiff Class Counsel.

Respectfully submitted this 12th day of September, 2007.

        JOHN W. SUTHERS
        Attorney General

        s/ Jess A. Dance
        JESS A. DANCE, 35803*
        Assistant Attorney General
        Civil Litigation & Employment Law Section
        Attorneys for Defendant

        1525 Sherman Street, 7th Floor
        Denver, Colorado 80203
        Telephone: 303-866-5165
        Email: jess.dance@state.co.us
        *Counsel of Record

# CERTIFICATE OF SERVICE

I certify that on September 21, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

Wellman Gibson, #74384  **Courtesy Copy To:**
Centennial Correctional Facility  Cathie Holst
P.O. Box 600
Canon City, Colorado 81215-0600

                                              s/ Mariah Cruz-Nanio_____