CouRT OF APPEALS, STATE OF Colorado
in The united STATES DiSTriiT CourT
Honorabo judge JOHN L, KANE
9o1 19Th STreeT Denver, Co 80294,

SPeCial master
Judge Bruce D, Pringle Case and
Claim No. 03-399

ClaimanT: Felix Paul olguin,

V,

PlainTiFF-Appellee: Then-
Governor Roy Romer and verious
OFFiCials oF The Colorado DoC).

FILED
UNITED STATES DISTRICT COUR
DENVER, COLORADO

NOV 2 0 2007

GREGORY C. LANGHAM
CLERK

CourT use only

Claim Number:

03-399

92-cv-870-EWN

unrepresented ParTY; and "jailhouse ATTorney: and Pro-
ceeding and aCTing Prose. in This maTTer.
Felix Paul olguin, living uniT: E-5-18, and DoC Reg, No,
76704,
Colorado STATE PeniTenTiary
Pr0, box 777
Canon CiTY, Co, 81215-0777
Phone: (719)269-5120
Fax: (719)269)5125

NOTICE OF APPEAL and Combined wiTh OPENING BRIEF

I, TRIAL CourT and EvidenTary Healing inFormation
and data.

( 1 )

Court: District

County; Fremont

Judge Bruce D, Pringle

Party Initiating Appeal, Claimant

Trial - healing - Claim - No. 03-399

II, NATURE OF CASE AND DISPOSITION BELOW

This is a civil claimant's appeal of the denial and dismissal of his claim for categorie of damage claim III relief, pursuant to the remedial plan, and the aggrement settlement and the JESSE (JESUS) MONTEN, Class action but the Federal rule of civil procedure, are, not well controling the claimant's claim.

Date of order denying relief; and claim 22Th day of October 2007.

jurisdiction of this court according To Judge Bruce D, Pringle, is based upon and pursuant to Federal Rule of civil procedure 53 (g) (2),

III, WHETHER A Full or Fail or Ameaninful or A competent claim process review occuried or GRANTED

(2)

Those requirements were denied in this case,

IV. ISSUES PROPOSED TO BE RAISED ON APPEAL.

whether the Legal Resolution center by and through the male special master judge as he was sitting by assignment of the chief Justice under provisions of part of the remedial plan section XXXII,
erred in ruling and in holding that the FINDINGS OF fact and the basis of his conclusions of LAW were all correct and accurate and true based on the various time frames periods.
and that there existed ■ inconsistency in mr. aguin's printed version of those time frame periods, permitting relying on claimant's medical records do not support his contention, based ■■ upon re-entering CDOC custody in 1987.
and whether the Legal Resolution center by and through the special master thus erred in refusing and in declining and in failing to hold a longer evidentiary hearing and to provide the claimant, mr. aguin a full and a fair and a meaninful and a conpetent hearing,

and whether the special master exceeded its power and authority when he failed and declined and refused to recognize the fact and issue and factouls that the judges KANE and NOTTingham, based on

(3)

Remedial plan and The settlement agreement and on The issues That were before Them, ● where They put it This way, and said That The Appellant judges has set Fourth a claim review process For The Time Flame periods, based on Those Previsions and were adopted by The Appellant judges in older ~~━━━━━━━~~ To ~~━━~~ assure That a claimant will never be denied a constitutionally or a statutory reasonable opportunity To challenge A FINAL ORDER OF SPECIAL MASTER,

and whether The special master gave mr olguin, That and Those Fairness hearing on August 3, 2007 and on october 12, 2007,

and whether The special master erred in Failing To Require The colorado office oF The Attorney General as Representaive and Lawyers For The opposite, not to have raised any objections To mr olguin's argument and claims and issues and position and situation oF The FacT That while on Fugitive STATUTES out oF colorado,
while in oklahoma and del city, That colorado DOC, and his parole officer and The colorado parole board, all oF Them had refused and declined and Failed To purchase mr olguin's prescribed eye glasses so That he could get his driver-license, ect,

( 4 )

whether the special master abused its discretion in and when it limitted and restrained it's FINDINGS OF FACT, only to the entered codod custody time Flame periods,

but, Failed To recognized and mention and inquiry into the events and incidents and matters out of state in oklahoma and del city oklahoma,

under the "Fellow magistrate Judges rule" assigned judges masters were entitled to rely upon and accept information and data supplied by claimant's testimony and exhibits and Appendixs and materials as to the claimant's status as an absconder, a parole violator, and fugitive, mriorquin's parole has been revoked twice once in 1981 and 1985, during those time Flame periods and a warrant had been issued For his arrest, where this knowledge constituted probable cause For requiring the Former and/or the present – Govenor and the various officers of the colorado departement of collection's (Doc),

To raising any and all objections to magistrates' questions as to whethers they have any objection at and during the evidenciary hearings by and through their representative at these hearings, and their ability to raise any and all objections at the hearings in a Timen Fashion, and manner.


whether the special master abused its discretion when he refused and declined and Failed To recognize

(5)

and mention and knowlege and Take Judicial notice of its own records, that certain standards are essential to criminal and civil Justice, where the court and the magistrate judges must and shall be uncoerced, un bias and un prejudice, moore v. Dempsey, 261 U.S. 86, 43 S. Ct. 265, L. Ed. 543, and it must and shall have no interest other than the pursuit of Justice,

where the claimant- as the accused must have ample opportunity to meet the case of the prosecution and the colorado Department of corrects and that of the various-opposite officers and their represen-tative counsel and Attorneys and Lawyers of the opposite parties, Tumey v. ohio, 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A.L.R. 1243,

whether the special master abused its discretion when he refused and declined and Failed to recognize when he himself was indeed aware that he did not refrain From imposing barriers and/or impediments to the FINDINGS OF FACT AND APPLICATION OF Law and whether against the Foregoing legal background, the ~~special~~ special master judge, Bruce D. Pringle, where he himself did indeed then Turned to the Facts of this case and the application of the STATUTORY OF THE con-stitutional standards thereto.

whether the special master abused its discretion when

(6)

The Foregoing memorandum and FINAL order of The special masters written document did not constitute compliance with Rule 52 (a) of The Federal Rules of civil Procedure,

and whether The special master abused its discretion From The Foregoing written document in which he said constitutes The Findings of Fact and conclusion of law of The court For The Purpose of Rule 52, Fed. R. civ. P,

where The case and The claim arises out of The Following identified Time Frame period of The events in colorado and even out of STATE,

OR

whether The special master abused its discretion when once The claimant mr.orguin has received leave and written and/or verbale permission To act as a Pro se "jailhouse Lawyer and ATTorney and counsel For The primary and soul purposes of "Litigating For which iT was undertaken in good Faith by a prisoner motavated To bring about out of STATE matters and events and incidents change and Protect constitutional rights in The Co. Doc. Prisons and out of STATE endors The appropiate Amendments, when iT comes To eye examinations and prescription of eye glares while out of STATE and on Fugivive and absconder status,

(7)

whether permission cannot be withdrawn arbitrarily), the dispositive issue then is whether to exclusion for "objections for out of state matters and events,.. expected or intended" applies to an intentional failure to require an objection, comitted because of the special master acting in reckless disregard of the time frame periods of the truth,

and IT ~~was~~ was not ~~mere~~ merely of mistake of time frame periods of identity,

I m, again conclude that the exclusion does indeed apply and, therefore, ask for reversal the special master's FINAL ORDER,

where the issue has focused on the nature of degree of injury and prejudice inflicted, Appellant courts have interpreted the phrase "no objection injury,.. expected or intended by the insured," ~~~~~~ to mean either (1) a volitional act with intent to cause an injury without regard to the special injury suffered, or (2) a volitional act causing a special injury.

although colorado has adopted the former position, analyzing whether the insured intented any injury, however slight, see Butler v. Behaeghe, 37 Colo, App, 282, 548 P.2d 934 (1976)

However, colorado courts have not considered application of the exclusion when the intentional act is permised

( 2 )

on mistaken identification,

whether the special master abused its descretion ▓▓▓ by harassing the claimant mr, olguin, and by arbitrary and/or retaliatory, and when its order was so erroneous and lacked a rational basis and were unconstitutional, based on the time frame periods, and whether "(allegation of " ongoing pattern of avoiding the out of state arguments and claims and position and situation and the claimant-mr, olguin's dramatic points of exclusion" from the categorie of damage claim, No, III, of damages due to actual non-severe physical injuries or non-naminal emotional injuries (such as fear of death); and whether those ignorance and refusals and failures and avoiding and excluding" from the FINA order of the special master's document, ▓▓▓ rise to the level of a constitution violation which would required appellant court judicial intervention, immediately in the interest of justice which is ▓▓▓▓▓ an important issue to warrant ligislate immediately which is appropriate in these extraordinary and exigent circumstances, stated a constitutional claim),

whether the special master abused its discretion when he was interfering, and in punishing and in retaliating against the claimant-mr, olguin, during the hearings, and whether under "the" regulations and judical policies and practices that unjustifiably

obstruct The availability of professional out of state representation of and for The claimant mr, olguin's collaborating evidence To provide proof of his allegations and assertions for the out of state events and incidents and matters and of his concerns of To The claim, That The Colorado Departement of collections (Doc), and The verions officers of The verions (Doc), prison facilities including The bealshall work Release and The other one and The Rifell auto camp, in may 26, 1977-1985, had all failed, declined, refused To provide mr, olguin, with any eye glasess, while out of state and even in Colorado, while on Fugivive status, of other aspects of The right of access To The needed and prescribed eye glasess are invalid,

whether The special master abused its discretion when he was indeed misreading The Record and The file and The exhibits and The appendixs and The verions other materials and pleadings and legal papers and The motions and The Grievances and The affidavits and The letters, To name just a few,

But their was no restriction on The amount of legal and/or medical materials and documents That could be filed and served by the claimant mr, olguing, so Then in This Respect and Regard is whether, But not every

restriction on any and evel one of those items and materials for evidence is unconstitutional; for the plimary and soul purposes to plove his claims and in oldel to met his buldent of ploof and plima facie case of evidence for the out of state conceins and matteil,

whethel some or all or any may be justified on secuIty or othel legitimate giounds, several resent cases of the other claimants have not upheld limits on the amount of the documentary evidence, than an claimant-inmate may file and selve,

whethel the using a non-comfolming mixtule of documents and exhibits and appentixs as miIolguins application, such on the plopel foIm with the plopel attachments. such as miIolguin's exhibit no. (lol).

whethel the special mastel abused its disclietion when he was indeed disregaiding and ignoiing and excluding and avIiding and extIonous infolmation and data and whethel theIe is any evidence of bad faith or excessive zeal to obtain a denial and a dismissal of the claimant miIolguin's claim;

whethel nothing more than laziness, flom both the special mastel and counsel for the opposite paities at both of the evidentaiy healings on 8-3-2007 and on 10-12-2007, or whethel pelhaps just 'sloppy' judge

and opposite counsel findings of fact work, and whether seems to be involved, and whether neverthe-less, since the use of the silent record and files and the (d-reloadings and the opposites parties exhibits and documents was, were not justified by and exigent circumstances, nor any extraordinary circumstances offered by the opposite's counsel nor by the special master judge, Bruce D, Pringle, or whether even by any minimal showing of inconvenience,

or whether we have a case in which an unnecessarily suggestive-remark-comment or statement or suggestion made by the special master to the opposite parties counsel at the evidentary hearings that no timely objections to the claimant mrioguins, out of state testimonial evidence and the documentary and phy-sical evidence and since the issue of the authenticity of the documents was were never raised by the opposite parties nor their counsel procedure was involved,

and whether the conflontation or like of it was there-fore defective for both of the reasons stated in mrioguin's Exhibit No (101) whether the failur to requir and to demand or timely objection indeed did increased the likelihood of misreading that Exhibit No (101) and whether that increased risk of error and plain error was gratuitous, which constitutes grounds for

( 12 )

a Reversal, of Judge Bruce D, Pringle's order.

Although opposit parties and their counsel failed to raise any timen objections at the second october 12, 2007, evidentary hearing, other then the one for relevency of olguin's Exhibit no. (101) the issue at the hearing ol in a motion for what ever reason at that hearing, judge JOHN L, KANE, has jurisdiction to consider it on appeal since whether a claimant received a objection to his out of state testimonial evidence and alguments whether they were direct or indirect or whether they were hearsay and admissions, concerns a fundamental constitutional right,

and whether However, no evidence appears in the record nor in the files nor in the Final older to show ol to sugest ol to indicate that even counsel's failing to timely raise the objection fell below an objective standard of reasonableness ol that counsel's actions had an effect on the outcome of the hearings,

but, judge JOHN L. KANE, is free to disagree with the claimant mr, olguin, and he may independently exam all of the matterials, therefore, I hold that claimant mr, olguin, he as not failed to establish a claim of ineffective of judge pringle's FIND-

(13)

INGS OF FACT, REVIEW PLOCESS,

See page. 48, and NO, IV, IN PEOPLE V, BRACK CITE AS
796 P,2d 49 (Colo, App, 1990)
buT, ThaT evidence is Indeed admissible aT eiTher
oF claimant m,olguin's healings Fol The Simple and
plimary Reason and Ground and soul purpose To Show
wheThel any body Raised any diFFicuTies m,olguin
may been having with his ▓▓ ▓▓ eyes based on a
deFecT and withouT any eyeglaless, ecT,

VI TRANSCRIPTS INFORMATION and daTa,

A TranscliPT oF The Following PosT-Trial healings oF
AugusT 3, 2007 and ocTobel 12, 2007, and oF A Novembel
25, 1986, GREELEY weld counTy Cololado, Climinal Case
No, 85 CR901, senTencing healing, is ale wele necessary
To Resolve The issues on appeal and will be Flom velions
Climinal Cases,

buT, The Ploblem is thaT The Claimant m,olguin,
he was noT able To make copies oF Those TranscliPTs
Fol Filing and Fol Selving, purposes, in a Timely Fashing
and mannel, Fol The Reason StaTed in The enclosed
Co DoC Legal Access PloGlam PHOTOCOPY RequesT Folm,
The Gleen one, whele The legal access Ploglam

(14)

Will not copy Transcripts,

and Judge Bruce D. Pringle, and The Attorney General at The hearings would not even Recognize nor acknowledge nor exam nor Review Those Transcripts etc.

So because of This Failure, I mr, olguin, is Requesting and demanding That Honorable Judge JOHN L. KANE, For him To please come To The new colorado State Penitentary ( (SP) inorder So That he could Review and Exam, Those Transcripts,

or I could Sent judge KANE, Those Transcripts, but he must make Sure That I GET my copies back, because I need Them, etc.

VII. APPENDICES, Already Filed and Served and also Present at The hearings were copies of The Following
1) Judgement of convictions, Sentences and mittimus,

2) 2 Agust 2005 order dismissing motion For Post-conviction Relief Pursuant To Rule 35(c) and mr, olguin's Exhibit No, (101)

OPENING BRIEF

Claimant, by and Though himself as counsel, Felix
(15)

Paul Olguin, hereby submits his opening Brief,

TABLE OF CONTENTS                                      Pages

Table OF Authorities,,,                                6- 22

Statement OF The case and Facts                        17-18

Issues   Presented For Review,,,                        3-18

Summary oF The Argument,,,                             18-24

Argument,                                              19- 24

The events and incidents and The encounters, out of State and
in colorado, under The approprate Statutes period of limitations was
Tolled,,,                                              2- 24

The claimant demonstrated a Justifiable excuse or excusable negler

Conclusion,,                                           24

The Special master incorrectly ruled and held That The claimant
mr, Olguin was not entitled To relief as To his Fully Served Convittion,
and Sentences

where The claimant's claim number 02-129 was Time barred
under & The legal authorities identified by its order,
Rule 52(a) of The Federal RULES OF civil procedure,    7-24

See mr, olguin's Exhibit No, (10))

and the CD Recordings,

### Statement of The case and Facts

This is an appeal From The denial of The claimant's Category III, claim,

on march 8,1977, The claimant was charged with sexual assault and kidmapping (v, 1, pp, 10-11), on may 1, 1977, The information was amended To allegal sexual assault, (class 3 Felony) and a related crime of violance count (v, 1, p, 56),

The claimant entered a guilty plea To The amended information, and was sentenced on may 26, 1977, To an indeterminate sentence of not less Than 8 years nor more Than 10 years in the colorado State Reformatory (v, 1, p, 57),

and since there was no appeal, The period runs From The date of sentencing, which was may 26, 1977,

and since The special master's Final order, on page, 3, ruled and held, in section No. 3, That claimant olguin entered ( Doc custody in Appril of 1977, There can be no Further doubt That That holding and Ruling as it was based on its own, No, II, Findings of Facts, were and

(17)

was and were clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure,

So it was plain error under the identified issues for review

## Summary of the Argument

Because the claimant M. Holguin, also testified to the Fact that the exhibit No.(101) and based on the attached Appendix (F) and No. 2, criminal case, No. C1140, commenced and started to run on 5-26-1977, La Junta, Otelo, Colorado,

<u>Standard of Review,</u>

and that the documents explained to judge Pringle that the original documents had told him they would probably be a Authenticity of those Documents, but they had not done so and this happened at a time the claimant was incapable of completing what he is doing right now,

but, the attorney General never contradicted the claimant's assertion that he was not capable of litigating the retroactive issue of my very First criminal case, etc, on his behalf,

and the Attorney General - never - objected to this claim, This assertion was never contradicted by the

( 18 )

# ATTORNEY GENERAL,

and Then The special master he Ruled and held and Found That The claimant mr, olguin, He re-entered c Doc custody in 1987,

well, he judge is deadwrong here, judge Bruce D, Pringle, does not even Recognize The simple Fact, That mr, olguin, re-entered c Doc custody in November 31, 1985, when he was admitted For The car crash and being held For both a Parole and Probation violation complaints and warrants, e CT,

buT, in 11-25-♦1986, my sentence comenced, started To Run, on November 25, 1986, according To The weld (mittimus)

## ARGUMENT

The special master judge Pringle, erred and abused its For The reasons and Grounds identified in The Issues Presented For Review,

and For its Failure To inForm The readers in its FINAL ORDED, whether The out of state issues and claims and arguments, To The extent That claimant mr, olguin has asserted Those other out of state claims which do indeed Fall within The montez Remedial plan, buT, he judge Pringle, Faile, declined, Refused To Tell

( 19 )

us, whether they were dismissed For lack of jurisdiction or dismissed with prejudice,

On page, 4, in the special master Final order, he also Found and concluded that claimant mcgquin, had testified that the opthalmologist diagnosed an eye disease that had affected him From birth,

well, Judge Pringle, was wrong because I said that I was diagnosed with an eye defect,

see page, 4, in the Final order No, III conclusion of LAW, in section No, 2, For he Judge Pringle, himself even recognized that a" major life activities" include Functions" such as a learning disability,

and mcgquin, did indeed met that requirement see the psychological Report, From Jill Lampela, Dated 7-17-07

REASONS For GRANTING THE Appeal

The issues presented in this case are, were not isolated To just this particular claimant, it is critically important For the Denver Colorado United States District Court at the Following address, 901 19th Street Denver, Co 80294, To the presiding appellant judge JOHN L, KANE, To provide interpretation and guidence To the

(20)

magistrate judges on when the out of state or in state claims the claimants make is each of their individual cases are, were, is successive, and on when "a special master or even" a court should not entertain repetitive claims for the particular relief sought and requested,

and for this honorable appellant court to also provide interpretation and guidance on when ignorance of the law is or is not excusable neglect or justiable excuse and an excuse,

The claimant, mr olguin, he respectfully submits that ignorance of a retroactive-application-issue-of a time bar.

due to negligence is not looking up and reviewing the law is fundamentally different that the situation where the claimant cannot find the approprate law and therefore has to find if himself how to apply it first before he can be expected to raise and to bring it to the master attention and to the opposite sides counsel,

and to apply the applicale case law, governing his out of state and instate claims, that the status of claimant in June 10, 1985 - November 27, 1985 upon filing his claim was that of an absconder, a parole violator, and fugitive. Claimant's parole had been revoked and a warrant had been issued for his arrest.

( 21 )

because mr.olguin, he argues that it is difficult to distinguish mr.olguin's position and situation from that of someone who has no out of state or in state claims, such as in people v. Files, 785 P.2d 611 (colo.1990)(of a parole-violation-warrant N.C.I.C, see also people v. Schrecongost cite as 796 P.2d 45 (colo, app.1990) see also people v. Bergstrom cite as. colo.,544 P.2d 366 see also people v. Roy cite as 948 P.2d 99 (colo,app, 1997) see also Fox v. people cite as 420 P.2d 412 see also Duran v. Price cite as 868 P.2d 375 (colo,1994),

There is no colorado-united states district court case on this issue, and the special master relied on no absonding cases, for his out of state claims,

I did not file a petition for rehearing because the court of appeals has said over and over not to do this as a matter of routine,

because there has to be a pressing reason to do so, such as the special master mislead something in the file or there was a change in the law after the decision was filed,

there was such a mislead of the record and file and based on such reason to request a rehearing in my case,

I don't agree            (22)     with the special master's,

I think his decision is wrong and I am disappointed in his reasoning.

Like I said above, I didn't file one because there were some grounds to do so.

It is a mistake to just file stuff for the sake of filing stuff. It makes it less likely, rather than more likely, that one will get the attention of the judges.

I raised the constitutional issue in this appeal and at the hearings so as to preserve my federal options.

Should I decide to pursue habeas corpus in US District Court,

Although it was not futile to raise the other issues - in fact they was, were based on a strained interpretation of the tolling statute that probably only applies to civil action statute of limitation,

In fact, I think the appeal is not pretty much futile at this point,

given the short shrift given to me by the special masters.

( 23 )



attached as Appendix (A )(B )( C )( D )( E )( F )
(G )( )( )          For The Court's convenience,

## CONCLUSION

For The reasons set Forth above, The claimant respectifully request
That This Honorable court grant his appeal-Freeley,

RESPECTFUllY submitted,

Since The claimant mr, olguin, he is entitled To a appeal Free oF
Constitution, doubt,

DATED This 15 Th day oF November 2007,

                    Felix Paul olguin
                    Fenix P. olgin