IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 01-029
Category I
Claimant: George T. Aragon, #63659
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of George T. Aragon (Claimant). The claim was assigned to Category I. Claimant filed his claim form, supplemental form, and additional documents in support of his claim.

Defendants filed a response to the claim on February 23, 2006. Claimant was granted up to and including April 17, 2006 in which to submit a reply to the response of Defendants. Claimant filed nothing further. Since this is a Category I claim, the Special Master must adjudicate the claim on the basis of the documents filed by both sides. Further argument will be waived.

### I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.

---

[1]The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A*. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> > 1. Is the claimant a disabled individual who is a member of the class?
> > 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> > 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> > 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

Claimant came into DOC on December 22, 1995. From the information provided by both sides, it appears that he has remained in DOC custody since that date. Claimant was at the Buena Vista Correctional Facility (BVCF) in Buena Vista, Colorado when he filed his claim. He has been transferred to the Sterling Correctional Facility (SCF) in Sterling, Colorado.

In his claim form, Claimant checked the box for hearing impaired. He further stated that "I also have a back problem impaired and have evidence to provide it." In his claim form, Claimant was asked to describe the discrimination that had occurred. Claimant stated as follows:

> Loss of good job in kitchen because of a write up saying I did not want to work but it was because of my hearing I did not get up to go to work. I have the write up to provide the evidence.

3

> I loss my job and loss my single cell loss earned time and emotional general inconvenience to doing my time.

In his supplemental form, Claimant stated, in part, as follows:

> I wear hearing aids in both ear and can not hear without them or at all because of all the noise here in DOC.

Claimant stated further:

> It is hard to hear wearing hearing aids in here because of all of the noise and the slamming door and again I am losing my single cell for not hearing them call count. I am being punish for my hear impairment right now and it is not right for me to lose my single cell because of my disability.

Claimant attached to his supplemental form a copy of the disciplinary conviction appeal sheet. The document reflects that the conviction upheld. This conviction occurred in November, 1996. It appears that Claimant lost some good time as the result of the conviction.

Defendants filed their response in February, 2006. They note that Claimant has earned less good time because of his unwillingness to participate in the Sex Offender Treatment Program (SOTP). As a result, he earns less good time than he otherwise could. Defendants also note that Claimant has participated in other programs and had other jobs while in DOC custody.

Defendants state that Claimant made a request for a vibrating watch, and that was granted to him. *Exhibit B*. He also has received additional accommodations for his hearing. *Exhibit A*.

## III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. A claimant must show that he was disabled on or before August 27, 2003, the day the Settlement Agreement was approved by Judge Nottingham.

**1. Is the Claimant a disabled individual who is a member of the class?** The evidence submitted by both sides reflects that Claimant does have a significant hearing loss in both ears. The Special Master determines that he is a member of the class as hearing impaired.

**2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?** There is evidence that is unrefuted that Claimant has participated in programs and received services from DOC. There is a question concerning his refusal to participate in SOTP, but that does not relate to issues that are germane to this claim. The Special Master finds that Claimant is otherwise eligible to participate in programs and receive services.

4

**3. Was the Claimant discriminated against by DOC because of his or her disability?** In order to establish his claim, Claimant must prove that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. The only example raised by Claimant is the disciplinary conviction in 1996. There is no question that Claimant was late for work. There also is no evidence that Claimant had requested any special accommodations, save for hearing aids when he came back into DOC custody.

Claimant has not established that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. He has received hearing aids, and no evidence has been presented that reflects discrimination for a disability under the ADA.

**4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy?** Since the answer to Question #3 is in the negative, this question does not need to be answered.

IT IS HEREBY ORDERED that the claim of George T. Aragon is denied, as he has failed to prove by a preponderance of the evidence each of the four criteria set forth in the Order of November 23, 2004 as to other issues; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 15, 2008.**

SIGNED this 26th day of November, 2007.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master