IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 02-011
Category II
Claimant: James W. Sherman, #58151
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of James W. Sherman (Claimant). The claim was assigned to Category II. Claimant filed his claim form, supplemental form, and additional documents in support of his claim.

Defendants filed a response to the claim on February 2, 2006. Claimant was granted up to and including March 17, 2006 in which to submit a reply to the response of Defendants. Claimant filed nothing further. Since this is a Category II claim, the Special Master must adjudicate the claim on the basis of the documents filed by both sides. Further argument will be waived.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provided the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.

---

[1] The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A*. Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who do not require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

Claimant came into DOC on November 26, 2001. From the information provided by both sides, it appears that he has remained in DOC custody since that date. Claimant has been incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.

In his claim form, Claimant checked the box for hearing impaired. He stated, in part, as follows:

> HIV, has caused mobility problems in legs and feet (progressive neuropathy) can't lead a normal life. DOC doesn't feel responsible and refuses to treat.
> Hepatitis C. DOC refused to treat. This causes all kinds of medical problems. DOC says I don't meet the criteria for treatment when in fact I do. I'm HIV and my liver enzymes are elevated, which clearly indicates the start of liver cancer. Gone untreated for too long will resort in liver cancer that is untreatable, end resort is

3

death.

In his claim form, Claimant was asked to describe the discrimination that had occurred. Claimant stated as follows:

> Everyone that I've talked to with this liver problem has been treated when asked. With HIV I am restricted to Canon City only and only allowed to have certain jobs. No kitchen jobs when DOC allows inmates with Hepatitis to work in the kitchen, also other inmates have the option to move on to other facilities other than Canon City for the purpose of education, with HIV you cannot!

In his supplemental form, Claimant stated, in part, as follows:

> The mobility problems are in my feet and legs. There are some days because of the pain that I have a very hard time even walking. I have addressed this with the medical department and they prescribe meds like Tegratall and quinine. These meds have nothing to do with the problems in my legs.

Claimant submitted a copy of a progress assessment summary which reflects that Claimant has a number of restrictions, including being limited to Canon City area facilities.

Defendants filed their response in February, 2006. Defendants acknowledge that Claimant is HIV positive and has Hepatitis C. Defendants further note that medical records of Claimant do indicate various problems with his legs. *Exhibits B, C, D*. The medical entries reflect that Claimant has recurrent foot drop and weakness in his legs. He has been provided a cane and has received restrictions for lower tier and lower bunk. *Exhibits H, K, L, M*. The medical records attached to the response of Defendants reflect that Claimant has received medical care throughout the time he has been in DOC custody.

### III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. A claimant must show that he was disabled on or before August 27, 2003, the day the Settlement Agreement was approved by Judge Nottingham.

**1. Is the Claimant a disabled individual who is a member of the class?** The evidence submitted by both sides reflects that Claimant does have a problems with his legs. The Special Master determines that he is a member of the class as mobility impaired.

**2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?** The Special Master finds that Claimant is otherwise eligible to participate in programs and receive services.

4

**3. Was the Claimant discriminated against by DOC because of his or her disability?**
In order to establish his claim, Claimant must prove that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. That discrimination must be related to a disability recognized by the Settlement Agreement. HIV and Hepatitis C are disabilities that may be covered by the ADA and Rehabilitation Act, but they are not part of the Settlement Agreement.

In this case, Claimant has made significant allegations concerning lack of medical care being provided to him by DOC. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. It is clear that Claimant has received some medical care, but has not agreed with such care. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement..

Claimant has failed to prove that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act for a mobility impairment. Claimant argues that he has been the victim of discrimination because he cannot progress to a facility outside of the Canon City area. It is clear from Claimant's own statements and documents that such restriction is due to being HIV positive. Claimant's argument certainly raises some interesting issues, but his HIV status is one over which the Special Masters have no jurisdiction.[2]

Claimant retains the right to pursue a separate lawsuit concerning his HIV condition and Hepatitis C and possible discriminatory actions by DOC staff because of his health conditions. There is insufficient evidence that Claimant was the victim of discrimination on or before August 27, 2003 due to his mobility impairment.

**4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy?**
Since the answer to Question #3 is in the negative, this question does not need to be answered.

IT IS HEREBY ORDERED that the claim of James W. Sherman is denied, as he has failed to prove by a preponderance of the evidence each of the four criteria set forth in the Order of November 23, 2004 as to other issues; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection

---

[2] Claimant may wish to consult an attorney concerning possible claims under the ADA and Rehabilitation Act relating to his being HIV positive and having Hepatitis.

5

must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 15, 2008.**

SIGNED this 26th day of November, 2007.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master