IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

### PLAINTIFFS' STATUS REPORT AND GROUNDS FOR EMERGENCY HEARING
_____

The Plaintiffs, through class counsel, hereby submit this status report and grounds for emergency hearing as follows:

1. Compliance with the Remedial Plan was required as of July 27, 2007. Class counsel has been in the process of conducting the compliance review and in so doing, has been visiting the correctional facilities along with experts, requesting discovery, conducting tours of the facilities, and attending emergency evacuation drills.

2. Currently, undersigned counsel anticipates that the compliance hearings will be set for two to three weeks, commencing in mid-March.

3. There are certain issues that have come to the attention of undersigned counsel that either seriously impact class counsel's ability to communicate with the class members in this case and/or pose a serious and imminent risk to the safety of class members. Undersigned counsel is requesting an emergency hearing on these matters as detailed below.

<u>Interference with Communications with Class Counsel and Retaliation against Class Members</u>

4.  There are two recent incidents that seriously impair the ability of class counsel to effectively communicate with class members.  The first incident arose when class counsel was visiting the Ft. Lyon facility and spoke to a class member who was in the hallway.  As a result of this discussion with undersigned counsel, the class member, Mr. Bobb, was punished and forced to return to his cell.  Plaintiffs contend that as a result of class counsel complaining of his treatment, Mr. Bobb was subsequently subjected to segregation as a result of trumped up charges against him.  After being held in segregation for longer than required by his COPD, Mr. Bobb was thereafter transferred to another facility.  The letters by undersigned counsel regarding this incident and the response by the Department of Corrections (DOC) are attached for the Court's review as Exhibits A and B, respectively.  Plaintiffs contend the actions were retaliatory for communicating with undersigned counsel.  It is undersigned counsel's understanding that the treatment of Mr. Bobb has become widely known by the class members and has had and will continue to have a chilling effect on class member's desire to communicate with class counsel, especially during the compliance review period.  Plaintiffs request a hearing on this issue to ask this Court to issue a temporary injunction.

5.  The second issue occurred during undersigned counsel's recent visit to the Denver Reception and Diagnostic Center (DRDC).  As explained in counsel's letter to counsel for the DOC, Exhibit C, class counsel was scheduled to meet with a group of class members with diabetes at 1:30 p.m.  The meeting commenced shortly after 2:00 p.m. at which time class counsel was informed that the class members had been given the choice of having lunch or

2

meeting with class counsel and then having lunch after the meeting, scheduled to end at approximately 4:00 p.m.  Thus, although some of these class members were insulin dependent, they were told they would have to choose between eating timely, or meeting with counsel. Undersigned counsel was informed that some members declined to attend the meeting because of the fear of missing a necessary meal.  Plaintiffs contend that requiring class members to choose between these options seriously infringes the ability of class counsel to communicate with class members.  At a minimum, it suggests a serious lack of understanding of the mandates of the Montez Remedial Plan and to some class members, appears as an intentional effort to obstruct communications with class counsel.  Class counsel will be asking for a temporary injunction on the delaying of meals for any class member who chooses to meet with class counsel.

<u>Conditions that Pose Serious Risk of Harm to Class Members</u>

6.    There are two conditions of which class counsel has become aware that pose a serious risk of harm to class members and require immediate attention by this Court.

7.    First, class counsel was informed at a recent visit to the Ft. Lyon Correctional Facility that a class member was tasered by a correctional officer while having a known severe hypoglycemic or low-blood sugar episode.  The information received by class counsel was communicated to counsel for the DOC in the correspondence dates, October 20, 2007, attached as Exhibit A.  DOC's response to class counsel's inquiry is attached as Exhibit B and class counsel's reply is the correspondence dated November 29, 2007, attached in Exhibit A.  In addition, counsel for DOC has provided a DVD recording of the incident to undersigned counsel, which will be filed with the court tomorrow as Exhibit D.

8.    Upon information and belief, the tasering of a class member under these

circumstances could have resulted in serious bodily injury and/or death and, Plaintiffs' contend, is an unacceptable use of force against a person with a disability.  Because of the gravity of this potential consequence, Plaintiffs will be asking the Court for a temporary injunction on the use of this type of force under the circumstances that existed in this case.

9.    Finally, as this Court is aware, Class Counsel has been attending emergency evacuation drills of the correctional facilities that house class members.  Class counsel has serious concerns about what occurred during some of these evacuations and believe that they have an obligation to bring these concerns to the immediate attention of the Court.  The first issue arose at DRDC, a high security facility.  Class counsel observed the evacuation of the infirmary area which had approximately twelve inmates, many of whom were seriously mobility impaired and were housed in individual cells.  The officers individually escorted the inmates to a gymnasium area.  At the conclusion of the evacuation, *class counsel* informed the officer in charge that only nine inmates had made it to the evacuation area.  At that time, there was general confusion regarding what had happened to the other three inmates.  One inmate was thereafter determined to have been evacuated to a different area.  No explanation has ever been provided regarding what happened to the other two inmates, despite undersigned's counsel repeated request for a report on the incident.  Given the high security level of the facility and the fact that it had previous notice that the drill would occur, it is disturbing to say the least that two people were apparently lost during an evacuation of only twelve individuals.

10.   The other issues concern DOC's use of elevators to evacuate individuals during emergency evacuations.  Elevators were used during the evacuations at DRDC and Ft. Lyon.  At Ft. Lyon, the medical clinic is located on the third floor of Building 5 and houses the

4

majority of individuals with seriously mobility impairments.  Some individuals with mobility impairments are also housed on the second floor of the building.  A total of 19 individuals with mobility impairments are housed on these two floors, the majority on the third floor.  Most of these individuals were evacuated using the two elevators located in one central hallway.  Despite advanced knowledge of the drill, there were delays in getting an elevator to the third floor as individuals on the second floor were filling the elevator during the evacuation.  Undersigned counsel observed that class members in wheelchairs sat in the hallway on the third floor for up to almost fifteen minutes waiting to be evacuated because of the "log jam" at the elevator.  Plaintiffs contend that in the event of an actual fire, such procedures create a substantial and serious risk that the health of these individuals could be compromised by smoke inhalation, if not a fire itself.  Because of the potential for harm posed by these evacuations, class counsel believes it has an obligation to bring these matters to the attention of the Court on an emergency basis.

   11. Class counsel has meetings scheduled at a DOC facility next week and is concerned that if the issue of DOC impeding upon undersigned counsel's ability to effectively communicate with class members is not addressed immediately, class members will continue to fear retaliation for participating in compliance meetings and speaking with class counsel.

   12. Plaintiffs contend that all of the above issues are urgent and require this Court's immediate attention and thus have asked that an expedited hearing be held on December 21, 2007 to address these matters.

   Respectfully submitted this day 13th day of December, 2007.

KING & GREISEN

s/ Paula Greisen_____
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com

Ed Ramey
Lara Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202
Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 13th day of December, 2007, I electronically filed the foregoing Position Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us