IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL RITTER, *et al.,*

Defendants.

_____

## DEFENDANTS' STATUS REPORT RE: EMERGENCY HEARING
_____

Defendants, through counsel, hereby submit this status report regarding the emergency hearing on Dec. 21, 2007.

1. The first incident referenced by Plaintiffs in their status report concerns the fact that one offender, Paul Bobb, was asked to return to his cell at Ft. Lyon Correctional Facility (FLCF) when he addressed one of the plaintiffs' attorneys in the entryway to the facility in an unauthorized contact. Defendants' position is that the contact was inappropriate and against the Administrative Regulations of the facility. As a result, staff member Wendy Grover asked Mr. Bobb to return to his cell. No further disciplinary action or retaliatory action was taken with respect to Mr. Bobb and this incident. Any subsequent disciplinary action was taken based on a totally unrelated incident involving Mr. Bopp's inappropriate comments to a nurse and was not known to Ms. Grover until quite a bit after the fact.

Defendants will call the following witnesses regarding this incident:

A. Wendy Grover – she will testify as described above and as to her motivation in asking Mr. Bobb to return to his cell.

Due to the fact that the nurse who made the complaint regarding Mr. Bobb's comments to her at FLCF suffered the death of her husband on Dec. 18th 2007, she will not be available to testify. If the Court will allow, Ms. Grover will testify regarding the basis of the disciplinary hearing conducted involving Mr. Bobb and this incident and the results of that hearing including the discipline imposed. She will testify that the disciplinary proceeding was unrelated to Mr. Bobb's contact with the Plaintiffs' attorney and was unrelated to any disability of Mr. Bobb. If the Court wants to hear from the nurse, she will have to testify at a later time.

B. Officer Linda Mayfield – Ms. Mayfield works at Territorial Correctional Facility and will testify that when Mr. Bobb was transferred to Territorial recently, she immediately indicated to Central Hdqrts. that he could not remain there. This was because of a prior incident when he had been incarcerated there involving his harassment of a female guard who still works at the facility. She removed him from general population until documentation regarding the prior incident was obtained. He was then transferred from Territorial. She was not aware of the incident involving Mr. Bobb and Wendy Grover and her actions were completely unrelated to anything having to do with the Montez case or any disability of Mr. Bobb.

C. Darryl Vigil, administrator at CDOC  – Mr. Vigil will testify regarding standard CDOC procedures for moving inmates who have custody issues at various facilities and how such moves are handled, including the fact that inmates routinely are removed from general population when there is a custody level issue or an issue with staff or inmates at a facility. He can address the recent moves of Mr. Bobb and the reasons therefore unrelated to Mr. Bobb's

contact with the attorneys at FLCF and any disability issue. He may also discuss Mr. Bobb's disciplinary history at CDOC.

2. The second issue concerns a recent visit by plaintiffs' counsel to Denver Reception and Diagnostic Center (DRDC). Defendants' position is that the inmates were never told that they had a choice of going to lunch or seeing their attorneys as alleged by the Plaintiffs. Of the 6 diabetic offenders who met with the attorneys, 4 were either long term medical offenders who ate lunch at 10:30 a.m. or they were housed in unit 4 who ate lunch before the meeting. There were two offenders in unit 3 who did not get to eat lunch before the meeting but were given lunch after the meeting at 3:30. The inmates were kept in a hallway before the meeting with the attorneys but they did have access to a bathroom. Defendants will call the following witnesses with respect to this issue:

A. Sgt. Jason Salus and Officer Contes – One or both of these officers will testify regarding the above.

B. Scott Falk, Associate Warden for Custody Control. He may testify regarding the above as well. He will acknowledge that it was an oversight that the two offenders did not receive lunch before the meeting. He has taken steps to insure that it will not happen again.

3. The third matter concerns the use of a handheld Ultron (an Electronic Restraining Device) to restrain Offender Jontah Taylor at FLCF on Sept. 20, 2007. The Defendants' position is that the use of this device was appropriate and justified and complied with training received by correctional officers to take control of a situation with as little force as necessary. Defendants will call the following witnesses regarding this matter:

A. Rebekka Neuhold, RN. Nurse Neuhold will testify that she was called to med line because Mr. Taylor's blood sugar count was very low. She observed that Mr. Taylor was agitated and uncoordinated and she asked him to come to the clinic so medical staff could get his blood sugar level up. Mr. Taylor did not want to come but was escorted to the clinic. Once there, he was agitated and would not cooperate with the nurses' efforts to get him to take glucose pills or gel or to drink Insure. He actually spit out the glucose pills after he had chewed them and continued to use profanity and accuse the staff of mistreating him. The nurses asked for a correctional officer to be present due to his erratic and difficult behavior. She will describe the sequence of events that led to the use of the Ultron. She will also testify about Mr. Taylor's history of not complying with his diabetic diet and treatment and that he has a long history of erratic blood sugars as a result. She will also testify that she did not observe any injuries on Mr. Taylor as a result of the use of the Ultron.

B. Dianna Gilbert, RN. Nurse Gilbert was also present during the Ultron incident and the events leading up to it. She will testify as to her observations and the fact that she felt Mr. Taylor was out of control and not cooperating with staff. She will testify regarding prior incidents with Mr. Taylor when he has low blood sugar levels. She called for back up to assist Sgt. Newman when Mr. Taylor became threatening and aggressive.

C. Sgt. Chris Newman. Sgt. Newman was present throughout the efforts of medical staff to lower Mr. Taylor's blood sugar levels. He will testify as to his observations and his efforts to get Mr. Taylor to cooperate. He will testify regarding the increasingly disruptive and agitated manner of Mr. Taylor and finally to his threatening and aggressive acts. He is the officer who used the Ultron and will testify as to the reason for its use, the manner of use, and the subsequent

removal of Mr. Taylor to a clinic bed where he could be administered an IV to regain his blood sugar levels. He will provide details of the incident.

D. Travis Horton, Custody Control Manager, Trinidad Correctional Facility. Officer Horton will testify that he was asked to head a three person panel to review the use of force described above. He will testify as to the actions the panel took and their conclusion that the use of force was justified.

4. The final area of inquiry is the emergency evacuation drill completed at the DRDC infirmary and the concern that two inmates were not accounted for at the end of the drill. In addition, Plaintiffs' counsel questions the use of elevators to evacuate disabled inmates from various facilities. The Defendants' position is that medical staff at DRDC made a decision on the day of the drill that two inmates in the infirmary were too sick to participate. Because the decision was made when it was, it was too late for stand-in staff to be used. This decision was not communicated to the staff who were in charge of the drill so they were not aware of the fact that two inmates would not be evacuated thus leading to the confusion at the containment site as to the whereabouts of these two inmates. DRDC staff recognize that this was an unacceptable oversight and have taken steps to address it. Nevertheless, all offenders who were evacuated were evacuated successfully and all offenders were ultimately accounted for properly.

Regarding the use of elevators, Defendants have provided Plaintiffs' counsel with a copy of a section of the International Fire Code that allows for the use of elevators to evacuate disabled inmates in an emergency.

Defendants will call the following witness to address this area:

A. Scott Hall, Administrative Services Manager at the Denver Complex. Mr. Hall will testify to the above facts regarding the DRDC evacuation drill.

B. Bob Sounart, Inspection and Audits Administrator, CDOC. Mr. Sounart will testify regarding the International Fire Code and the use of elevators to evacuate disabled inmates in an emergency. He may testify in general about fire safety at CDOC and the number and types of drills that are performed at the various facilities and the meetings he holds with fire safety officers.

5. In addition, Defendants may call Lou Archuleta who is one of the top administrators at the CDOC to testify regarding any issues that arise during the hearing that are not covered by other witnesses.

6. Defendants will introduce exhibits as necessary. Defendants will most likely introduce the section of the International Fire Code regarding the use of elevators and the report of the Fire Evacuation performed at DRDC. These documents have been provided to Plaintiffs' attorneys. Defendants may introduce records relating to the other incidents referenced above or regarding Mr. Bobb's disciplinary history or history of his movement in CDOC depending on what occurs at the hearing. These documents have been provided to Plaintiffs' counsel.

Defendants anticipate that this hearing will take longer than three hours on Dec. 21, 2007.

Respectfully submitted this 19th day of December, 2007.

JOHN SUTHERS

Colorado Attorney General


_s/Elizabeth H. McCann_____
ELIZABETH H. MCCANN 5834
Deputy Attorney General
Civil Litigation and Employment Law Section
JAMES X. QUINN, 21729
Assistant Attorney General
Corrections Unit, Litigation Section

Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  (303) 866-3261
Fax: (303) 866-5443
Email: beth.mccann@state.co.us

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 19th day of September, 2007, I electronically filed the foregoing Position Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
Jennifer Riddle
greisen@kinggreisen.com
riddle@kinggreisen.com
Counsel for the class
King and Greisen, LLP
1670 York St.
Denver, Co. 80206

Ed Ramey
Lara Marks
eramey@ir-law.com
lmarks@ir-law.com
Isaacson Rosenbaum PC
633 17th St. Ste 2200
Denver, Co. 80202

Patricia Bellac
psblawfirm@comcast.net
4845 Pearl East Circle #101
Boulder, Co. 80301

Honorable Richard M. Borchers
dborchers@legalres.com
Special Master
Legal Resolution Center
7907 Zenobia St.
Westminster, Colorado 80030

s/Elizabeth H. McCann_____
Elizabeth H. McCann