GtW 61

United States District Court for the District of Colorado
Civil Action, File No. 92 cv 870-EWN-OES

L.R. Moore, pro se
Jesse Montez,
et al
, Plaintiff(s)

v.

Bill Owens,
et al
, Defendant(s)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 09 2008

GREGORY C. LANGHAM
                    CLERK

## Motion To Add Lt's Gillis & A. Wilson As Defendants

Plaintiff Moore moves this Court to add Limon Correctional Facility Correctional Specialists (Lt) Gillis and A. Wilson. Gillis is assigned to CH1@2. Wilson said he was assigned to LCF as "detraining officer", to untrain staff that had been thru training on Montez Remedial Plan.

On 7 XII 07 at 1825, the 2 Lts ordered Plaintiff to lockup for being a qualified member of a Montez disability class whose disability had meant he was not allowed to participate in the requisite IWLP (Labor Gang), despite Case Manager Walters submitting his name.

-2- (Fed Add2Defend)

The time was Pod Time (replaces Yard Time) during Lockdown, which LCF was on) for Labor Gang, etc of Tier 1s of CH (LU) 2 in B Pod, a.k.a. 2B1. Plaintiff's cell was (is?) 2B1-1, thus this was his Pod Time according to Montez Remedial Plan of 2003 Part XIII E. The Lts denied this under their untraining in Montez, stating they had been trained in Montez then untrained to ignore Montez. They stated that they so preferred untraining that they would refuse to ever again comply with Montez in practice versus in training, that further training was a waste of time and money, that the choice to be made was whether Colo Dep't of Corrections felt they were more or less needed than Montez compliance.

If more, then they would remain employed by CDOC.

If less, then CDOC should fire them.

They both so informed Plaintiff and urged him to seek a decision based on above. Plaintiff had already written

- 3 - (Fed + 2 Def)

LCF Warden Hartley (letter attached) and fears that Hartley is incapable of action. So far, conditions at LCF suggest this is so in many areas needing addressing in terms of resolution versus dismissal.

Therefore the correct venue, on Remedial Compliance now in front of this Court, is this Court, and the Lts have asked that I ask this Court to resolve their problem of whether to remain in the employ of CDOC. While not the only ones in 2B who ignore Remedial Plan, they are the only ones, so far (as this written) who have told me to ask the Court, who have stated they are acting on their own responsability at risk of being fired.

The Lts, per XIII E, do not question that I have a qualifying disability nor that I am unable to be on Labor Gang. Their rationale for denying me Labor Gang Pod Time is that XIII E is to be ignored as if nonexistant, thus I am to be considered as if I were a prisoner who refused assignment to IWLP and thus must be penalized by denial of Pod time, by increase in time spent in solitary cell. N.B. Due to Lockdown, IWLP has not been called

- 4 - (fed + 2 def)

work for weeks, that mandatory IWLP for new arrivals (such as Plaintiff) is "30 days" but, as to Pod Time, extends. That is, except for IWLP's rejection due to disability, Plaintiff would be allowed IWLP Pod Time as well as the General Pod Time all present (i.e. not working) allowed; thus IWLP able bodieds during Lockdown get 2 (or 3 sometimes) Pod Times per day while Plaintiff gets only one and only if Gillis does not deny the one for Plaintiff's "stealing" IWLP Pod Time.

Pod Time is used for cell cleaning (supplies are on Pod floor for use in cells but not to be locked in cells thus only to be used during Pod Time), showers, getting kites (requisite forms) from CH Office (a.k.a. Sgts Office), phone calls, mailing letters, using pop machines, getting Sgts Office novels, getting canteen and laundry, Med Line, using microwave, checking bulletin board for new rules and appointments, and checking Pod TV for LCF Announcements, (Ch 6 - the LCF Channel), and socializing. Such essential usage is

reason Remedial Plan states no penalty for being rejected by IWLP for disability, as the Lts are well aware. Some staff allow Plaintiff to steal pod time. The Lts have stated that such theft "tampers with security."

Plaintiff is not alone in being so abused by the 2 Lts. J.L. Williams, the only other wheelchair user in CH 2, states he is likewise abused and has informed CH 2 (and 1) Captain, Capt. Outen that Abuse has not ceased, altho Outen turns a blind eye to "theft of Pod Time" by chairs. The Lts deliberately confuse XIII E with XIII F which is in effect only after being assigned and fired (to what job was I assigned?I asked them. Their reply was that my question is irrevelent to them due to their untraining) And with "security", thus falsely claiming Montez jeopardizes security. To further such deliberate confusion, it seems the Lts have written letters and reports altho Plaintiff has not been given copy as he writes.

THEREFORE, Plaintiff believes he has made clear that the 2 Lts must be joined to case as Defendants, that

the essential question for this court in the matter of the 2 Lts is not whether they should be joined, but whether they should be allowed to remain employed by CDOC. That is, whether Montez Compliance is enforceable; or has this Court, the AIC, and others involved, simply been involved in a very expensive rhetorical fraud having no teeth. The 2 Lts have made clear that their anti Montez bias is irredentist, regardless of lip service.

THEREFORE plaintiff respectfully requests this Court to Order CDOC to show cause for the continuing employment of Lts Gillis + Wilson, and to meanwhile remove them from any jurisdiction in CH2 lest they take vengence on plaintiff.

Respectfully submitted on this 6 day of I 2008 by Plaintiff undersigned with non-simultaneous copy sent to Colo Atty General at 1525 Sherman, 5th Fl, Denver CO 80203.

L R Moore 47702
plaintiff — pro se — no phone
Box 10,000 - 2B1-1
Limon CO 80826

Att. 10 pp letters, etc.
Cosner refused to copy Att.