IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number 03-438
Category: III
Claimant: Albert Joel Abeyta, #119057
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999
_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER came before the Special Master for hearing on January 10, 2008 at the Fremont Correctional Facility (FCF), Canon City, Colorado. Claimant Albert Joel Abeyta was present, along with Willow Arnold, attorney for Defendants.

      Claimant presented the following witnesses during the hearing: Officer Chad Frances; Sgt. Martin Summerfield; Officer John Rustick; Mark Jankelow, R.N.; and Claimant. At the conclusion of Claimant's testimony, counsel for Defendants moved to dismiss the claim for lack of jurisdiction. The motion was granted, as Claimant entered into DOC custody after August 27, 2003.

      Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. Individuals who came into DOC custody after August 23, 2003 may file a separate lawsuit, but may not utilize the claim procedure.

      Defendants' Exhibit A was an "Offender Profile" which indicated that Claimant came into DOC custody on September 22, 2003 at the Denver Reception and Diagnostic Center. Claimant was transferred to FCF On October 14, 2003. The Special Master noted that the claim form indicated his entry into DOC in April, 2003. Claimant acknowledged that date was when he went into the custody of the Montrose County Jail. He agreed that he came into DOC custody as noted on Exhibit A.

The Special Master has no jurisdiction over the claim, as Claimant was not in DOC custody on or before August 27, 2003. Claimant may pursue his own lawsuit, if he chooses. Claimant may want to consult with counsel for the class concerning the issue of whether he will ever be able to take Phase II of SOTP because of his diabetic condition. Claimant has completed Phase I but cannot take Phase II as it is only held at the Arrowhead Correctional Complex (ACC). Claimant is classified medically as an M-4. ACC will not take M-4 inmates. Thus, Claimant will never be able to progress to the point he might be considered for parole. From the evidence presented, the only thing barring Claimant from going to Phase II at ACC is his medical condition.[1]

IT IS HEREBY ORDERED that the claim of Claimant is dismissed, as Claimant came into custody of DOC after August 23, 2003 and the Special Master has no jurisdiction over the claim; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before April 7, 2008.**

SIGNED this 16th day of January, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master

---

[1] Claimant is an extremely brittle diabetic. He has swings of his blood sugar levels that leave him disoriented and at risk for further health problems. Claimant was described by one witness as a model prisoner.