IN THE UNITED STATES DISTRICT COURT
OF COLORADO

CIVIL ACTION # 92-N-870

JESSE MONTEZ + CLASS

VS

BILL OWENS

CLAIM # 02-128 CLASS MEMER STEPHEN MOORE

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2008

GREGORY C. LANGHAM
CLERK

---

VIOLATION MONTEZ PLAN X 5 'EQUAL ACCESS TO THE COURTS'

CLASS MEMBER MOORE HAS BEEN SYSTEMICALLY DISCRIMINATED AGAINST BY DENIAL OF DISABILITY STATUS TO 20-500 VISION CONTROLLING INJURY WITH GLASSES HAS 2 TO 6 hours OF PAINFUL BAD VISION A DAY, **MUCH LESS TO LEGAL WORK.** AS NOT 'Legally Blind'.

DENIAL OF DISABILITY + ACCOMODATION SEVERELY IMPAIRS MOORES ABILITY TO ACCESS COURTS, VIOLATING 'EQUAL ACCESS' TO THE COURTS' XS MONTEZ Ⓟ 13, AND TO ALL + GENERAL D.O.C PROGRAMS

① PER DEFENDANTS. MOORES 20-500 VISION + INJURY CORRECTED BY BIFOCALS (THAT SEVERELY AGGRAVATE INJURY) LIMITS VISION TO 2-6 HR OF BAD VISION A DAY, IS NOT DISABILITY AS NOT 'legally Blind'

(1)

② Moore per 2004 Bifocal use + Denial of Requested Reading Glasses, Systematically Does no legal work as Vision Impaired.

Inclusive of

Ⓐ Pain + Debilitation making complaints in this case + Grievances so Difficult as to Preclude, 2004 to 2007 now. Moore Physically unable to appeal Moore V Owens

Ⓑ 00-N-2320 to ADA + Vision Cruel + Unusual Punishment.

Ⓒ General Impairment, makes Review + Preparation in his Criminal Case Impossible or so physically impaired as to preclude any reasonable chance of Success. Review, Research + Forms, Started + Stopped By General Impairment.

Ⓓ General Impairment Has limited + Stopped Governors Commutation + Clemency. File on Table.

Ⓔ From 2004 + 2007 Denial of ADA Request Generally Disabled From Appeals or Further Research + Review.

Ⓕ Failed to Research + Review Appeal From Denial By Special Masters to Claim 02-128

③ Moore Believes: The Impairment is Deliberate By Defendants to Impair + Prevent meaningful Court Access.

2.

4. Supported by Recent (A) Loss of DR ADA Screening + Exam.

(B) Falsification of 7-9-07 Optometry ADA Exam to 20-500 Vision + Injury 'malingering'.

(C) Deliberate Inaccurate Script, Botch Glasses makes Reading much more Difficult than Dated Subscription issue before ADA Exam.

(5) Supported by Past Acts. False medical Claims:

(A) 20-500 Present Vision + Injury 'Normal' to go without Glasses. 2 DR 1996. 149 F3d 1191.

(B) Repeated Inaccurate Subscriptions 1994 till Present. Example: 12-04  20-4.50 / 4.50  Eyes typically -50 Drops apart. 'Lens warped' 9-06. Many others.

(C) Adamant, Refusal to Correct Bad Prescriptions

(D) 21 months No Glasses 1998 to 2000. See 00 N-2320. (E) Denial prescribed care of 2 specialists 9-99 + 12-00. 00-N-2320

(6) Supported by Arbitrary, Use of Montez V A 3 To Placement of Legally Blind as The Disability Standard for Vision.

(7) Defendants on November 26 2007 Stonewalled Covered up, Obfuscated + Otherwise Evaded.

Q.3

Grievance # D-CS 07/08 333 to Equal Access per Montez X(S) as Arbitrarily Claiming Duplicative + Repetitive, see Exhibits Attached.

Moore Request the Court make Findings, to Systemic 'Interference' with ADA per 12202 (B). That Defendants.

Come Under 'Futile Gesture' of 42 USC 12188 (1) By Organizations That Does Not Intend to Comply.

The Court Grant Appropriate Injunctive Relief' 12188 (2) of Accomodation of Eye Exam By Other Than D.O.C. Optometrist + Provision of 2 Pair glasses Reading + Distance to Facility Equal Access, By Court Access

Sworn as True + Correct
31 Day of December 2007

By /s/ Stephen Moore

Certificate of Service
Copy Sent to Colo
Attorney General 1525 Sherman
ST 5th Floor.
14T Day 2008

Stephen Moore 57381
Box 0777 B-Y-12
Cañon City Colo
81215

4.

SYSTEMIC BAD VISION CARE 1996 TIL 2007, LIE, COVER UP MALPRATICE

MOORES VISION 20-500 WITH LEFT EYE INJURY 7-9-07 EXAM 20-400 80% VISION LOSS
GENERAL OPTHAMOLOGY TEXT

**DETERIATING VISION** 1996 (AVERAGED) 2005    2007
RX 12-94, 20-275    20-325    20-450    20-500

CORRECTION BEFORE NEW GLASSSES (CORRECTED) TO CRONIC INJURY + DETERIATION
12-96      3-98     8-98    7-07    9-06     LEFT EYE CRONICALLY
20-25     20-50    20-30   20-30   20-30    WORSE THAN RIGHT UNINJURED
20-40     20-70    20-50   20-50   20-40

**INACCURATE PRESCRIPIONS** CRONIC PROBLEM
12-96    3-98    8-98    12-04/05  1-03   7-00   11-99   5-98    7-07
-3.25 +.00  -3.25  -3.00   -4.50    -4.00  -3.25  -3.50   -3.25  -4.75
3.25 -1.00  -3.00  -3.50   -4.50    -4.25  -4.00  -3.75   -3.00  -5.00
                                                                 LENS
AT LEAST ½ PRESCRIPTIONS GROSSLY INACCURATE          PRIOR ISSUE > WARPED

**ACCURATE (FOR COMPARISON)**
12-94
-2.50  -1.00X180    12-4-00  -3.75  -1.25  1.70   BY SPECIALIST CANON CITY
-3.00   1.25X 17                                    DR GREEN LEE
USED 2 YEARS                   -4.25  -1.75  .17   EYES ~50 APART TYPICALLY
                   COVER UP                        OVER 20+ YEARS

FALSE MEDICAL CLAIMS (CRONIC PROBLEM) TO 20-400 VISION + INJURY

12-6-96 DR NEUFELD 'MINIMAL DISTANCE PROBLEMS'        > GO WITHOUT
12-13-96 OPTOMETRIST MURPHY READING VISION NEAR ACUITY    GLASSES

12-05 RX EQUAL 4-50 REFUSED 2 PR. READING + DISTANCE RX OBVIOUSLY WRONG
              4-50
        FAISFFIED: 'REFUSED AS STEMS TO SHORT' DESPITE WRITTEN KITE + GRIEVANCE
9-29-2004
DR WELMERS 'VISUAL DISORDER COULD NOT BE DEMONSTRATED' INJURY DISPLACEMENT
READILY VERIFIABLE BY TOUCH, 20-500 VISION + INJURY, PAINKILLERS 97 TIL 2007, 30
PLUS OPTOMETRY EXAMS, BAD SCRIPTS, REFUSED SCRIPT, 21 MONTHS NO GLASSES

11-6-98 OPTOMETRIST MURPHY 'NORMAL HEALTY OCULAR STRUCTURE' INJURY PHYSICALLY AFFIRMED
         'NORMAL CLARITY FOR NEAR VISION BY REMOVING GLASSES' 20-400 + PRESBYOPIC
9-30-98 DR NEUFELD

'PROPER OPTOMETRIC CARE' NO GLASSES AT TIME FOR 11 MONTHS FOR NEXT 13

PRESCRIBED 2 PAIR + RX DENIED 12-94, 3-98, 9-99, 12-00, 12-05.

HELD 21 MONTHS NO GLASSES 98-2000 AFTER FEDERAL SUIT DISMISSED, GLASSES
ONLY AFTER ANOTHER SUIT FILED. IN WRITING 5-10-00 ATHERTON 12-15-99 HOLT
    INTENT TO WITHHOLD ANY VISION CARE 2 YEARS
8-98 TO 8-2000 NO GLASSES MEDICAL AMBULATORY RECORDS SYSTEMICALLY OMMITS FACT NO GLASSES
                Stephen moore 12-17-07

B4-12

DC Form 850-04A (07/01/07)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

RX S 11/28 KM

Grievance Number: D-CS 07/08333       STEP (Circle One) **1** 2 3       ADA? Yes **X** No ☐

NAME: Stephen Moore       DOC NO. 57351       FACILITY: CSP B-4-12

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Violation Montez Plan ADA Section X-5 Equal Access, Moore per 20/500 vision, eye injury, 1997 to 2007 pain killers now 2-6 hours painful bad vision a day per knee jerk denial of disability + accomodation. As not legally blind, 20-400 vision 90% vision loss. Geneve oath. Text Table I p.320. Injury 10% disability. Moore per 10-18 attorney visits, doing grievances + legal related activities the bifocals severely impairs. In 96 + 2004 used reading glasses much less trouble. Per chronic denial of accomodation, 21 months no glasses, repeated inaccurate glasses, unable to appeal Moore + Owen 00-N 2320 Pro Se medical malpractice without glasses. Didn't read Montez Plan till attorney provided. This is chronic denial of equal access to legal access. Bifocal 2 hours ON ADA review Saturday Motrin before, after 2hr severe pain, more Motrin, pain for 24 hours, now 48 hours later debilitating pain. This chronic denial of disability + accomodation is deliberate to deny legal access. Moore sat in law library till 96, taken reading + distance, now bifocals since 2004, no legal to painful. Per 3 suit 20-400 vision, go without glasses. Dismissed Mdt, 2nd no legally blind by glasses. Dismissed 2nd. The 21 months no glasses. Per expert + personal knowledge Bifocals debilitate. Ignore 20-500 vision + injury pretext "legal blind" standard for disability. Denied equal access to legal. Violated Montez Plan Part X (5). Remedy: Do obvious.

DATE: 10-29-07       OFFENDER SIGNATURE: Stephen Moore       B-4-12
DATE RECEIVED: 11/5/07       RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/ID #: Adrienne Jacobson 14299
RESPONSE:

**SEE ATTACHED RESPONSE**

**Cathie Holst, Manager**
**Office of Correctional Legal Services**
**AIC-ADA Inmate Coordinator**
**#1722**

Cathie Holst
11-26-07

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 11/26/07 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: Adrienne Jacobson — Disability |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 10/30/07 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: Moore K. Moore 3829 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 11-30-07 | OFFENDER SIGNATURE/PRINT NAME & DOC #: Stephen Moore 57351  11/26 CC |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender; Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1       NOV 0 5 2007       RECEIVED NOV 0 1 2007
                  Office of Correctional       Holst
                  Legal Services

RECEIVED 11/26 CC

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Office of the ADA Inmate Coordinator, Cathie Holst (AIC)
   Through Adrienne Jacobson, Legal Assistant
Received Grievance: November 5, 2007
Sent Response: November 26, 2007
Offender Name: MOORE, STEPHEN
DOC No: 57381
Facility: CSP
Grievance No: D-CS0708-333

**In the grievance referenced above, you allege the following:**

1. That the ADA screen you received was conducted using improper standards.

**Requested Relief/Remedy:**

1a. Review of your ADA screening.

**FOLLOWING A THOROUGH INVESTIGATION INTO YOUR ALLEGATIONS, I OFFER THE FOLLOWING EVIDENCE THAT WAS CONSIDERED IN REACHING A DECISION:**

1. This grievance is duplicative of Step 1 ADA Grievance D-CS0708-315 and under A.R. 850-04, "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied."

**CONCLUSION:**

Under A.R. 850-04, "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied." This grievance is denied on these grounds.

I must also advise you that under A.R. 850-04, "Offenders who file multiple, frivolous grievances in a short period of time may be served a warning letter by the administrative head, or designee. It will warn them that they are infringing on the rights of others to obtain timely grievance responses." If after receiving this notice, the offender continues to file multiple frivolous grievances, the offender's grievance privileges will be subject to restriction.

Please do not continue to submit Step 1 ADA grievances regarding this same subject matter to this office. Further grievances on this matter will result in a determination from this office that a warning letter should be issued by the administrative head.

**GRIEVANCE DENIED.**

STEP I   EYE INJURY. 11-2-07

"PER MONTEZ, ACKNOWLEDGEMENT OF DEBILITATING INJURY, MOORE IN 92 Account HAD A BLOWN ORBITAL. Described, "HIS PAST OCULAR HX (HISTORY) IS SIGNIFICANT IN THAT IN 1992 HE SUFFERED A BLOW OUT FRACTURE TO HIS LEFT ORBIT. HE DID NOT HAVE ANY REPAIR AT THAT TIME" 9-30-99 SPECIALIST DR SCHLOMER, STATE HOSPITAL PER 20-500 VISION INJURY" 7-9-07 EXAM. 20-400 VISION IS 90% VISION LOSS TABLE I Pg 398 GENERAL OPTHAMOLOGY (G.O.) 'MYOPIA' CRONIC 11-12-99 DR. ICD. 367.1 7-31-00 OPTOMETRY EXAM 20-20-10 To PERMANANT DEFORMITIES OF THE ORBIT -- CONSIDERED TO BE WHOLE PERSON IMPAIRMENT AS HIGH AS 60%' Pg 187 P.D.R OPTHF AMOLOGY. TRAUMA CAN CAUSE VISION LOSS YEARS LATER Pg 185, 200, 214 G.O TO LATE EFFECTS OF TRAUMA + INJURY INTERVAL BETWEEN INJURY + PROBLEM OBSCURE THE ASSOCIATION P. 214, 216) 'TRAUMA IS A COMMON CAUSE OF BLINDNESS' PATHOLOGICAL MYOPIA LEADING CAUSE OF BLINDNESS P 84 MYOPIA SUBJECTING TO A HIGHER SUSCEPTIBILITY OF DEGENERATIVE CHANGES' p.366. G.O GOOD VISION RESULTS FROM A COMBINATION OF A INTACT NEUROLOGICAL PATHWAY, A INTACT HEALTHY EYE STRUCTURE + PROPER FOCUS OF THE EYE = EYE LIDS, NERVES, GLOBE EYE, ACUITY, ORBIT + STRUCTURE MOORE HAS ALL 3 PROBLEMS. EYE CLOSE 20-500, ORBIT STRUCTURE INJURY, INJURY PRESSES OPTIC NERVES P.A TO MOORE ABNORMALITIES OF INTER CRANIAL VISUAL PATHWAYS USUALLY DISTURBS THE VISUAL FIELD MORE THAN CENTRAL VISION ACUITY Pg 27 ID INJURY MORE RELEVANT THAN 20-500 VISION. PHYSICAL FACT OF DISPLACEMENT, FINGER BETWEEN LEFT EYE (INJURED) + NOSE 1/2 TO 1 INCH MORE ROOM THAN RT. FINGER BETWEEN EYE BROW RIDGE TO CHEEK BONE RIDGE, LEFT EYE RECEEDED, RT EYE TOUCHED, INJURED NOT CLOSE TO FINGER EYE DISPLACED BACK + TO OUTSIDE. ACTUAL PULSE IN LEFT EYE NOT R.. SEE CORRECTED EYE EXAMS. 12-96 20/25 20/40  3-98 20-50 20-70  8-84 20-30 20-50  7-07 20-30 20-50 INJURED EYE ALWAYS WEAKER THAN GOOD EYE, VISION LOSS EYES AFTER INJURY CASES KOEI 85 F3d 86, KERR 138 F3d 321 MEIER 107 F3D 483

ACKNOWLEDGE INJURY + DISABILITY PER KNEE JERK DENIALS.

NOTE See Pg 4 Montez Response, Ploy to use Sutton to Deny ADA Compliance, 90% vision loss does not disappear with bifocals.

STEP I.    10-29-07    ADA.

Accurate

"DENIAL OF DISABILITY, ACCOMODATION, SYSTEMIC VIOLATION OF MONTEZ, ADA By 'SUTTON' STANDARD OF LEGAL BLIND, TO DENIAL IN SYSTEMIC ARBITRARY MANNER. MOORES VISION IS 20-500 (20-800) WITH INJURY PER 7-9-07 EXAM. RX PAINKILLERS 97 TO 2007 MOORE HAS BEEN SYSTEMICALLY DENIED ADA BENEFITS AS HE ISN'T Legally Blind `PER MONTEZ(V) A-3. THIS IS TO PLACEMENT. THIS MONTEZ SECTION IN NO WAY STATES DISABILITY IS TO BE ONLY BY LEGALLY BLIND 'SUTTON' STANDARD. BY 20-500 VISION + INJURY, 20-400 IS 90% VISION LOSS TABLE I Pg 98 GENERAL OPTHAMOLOGY. TO BASE DISABILITY ON LEGAL BLIND STANDARD DENIES ADA, SYSTEMICALLY THWARTS MONTEZ PLAN. MOORES VISION CORRECTS TO 20-20 BUT HE HAS CONSTANT PAIN, IS DEBILITATED, USEFUL VISION IS 2-6 hours A DAY, 20-500 VISION, INJURY 2-6 hours VISION A DAY, PAIN KILLERS 1997 TO 2007 IS PERMANENT PHYSICAL IMPAIRMENT, DISABILITY SUBSTANTIALLY LIMITING MAJOR LIFE ACTIVITY. SUTTON STANDARD DENYS PROBLEM TO `BUT LEGALLY BLIND. While 20-60 IS LOW VISION, AMERICAN OPTHAmology Colledge 20-50 20-70 DISABLED IMPAIRED, FIRE DIST. 772 P2d. 70 Colo 89. Few PRISONERS ARE `LEGALLY BLIND' WHILE MANY IMPAIRED. NOR DOES SUTTON 119 SCT. 2139 while cites `CORRECTED VISION Exclude DISABILITY FOR INJURY, MYOPIA, GLAUCOMA, VISION IS SUCH A WIDE FIELD, TO DENY DISABILITY ON 1 STANDARD EXCLUDES THE VARIETY OF WAYS OUR VISION FAILS, BY SUTTON MOORE MAY AS WELL NEVER FILE ADA TILL HIS VISION GOES FROM 20-20 TO 20-200 WHILE HE SUFFERS THROUGH LOW VISION, 20-60. INJURY, PROGRESSIVE DEBILITATION AGGRAVATED BY DENIAL OF ACCOMODATION. SUTTON STANDARD FOR PLACEMENT IS WRONG ARBITRARY STANDARD TO DENY MONTEZ + ADA APPEAR WILLFUL SUBTERFUGE TO EVADE + OBSTRUCT ADA Compliance." Stephen Moore   B-4-12  CSP

Step I

MEDICAL COVERUP, DENIAL OF VISION CARE TO IMPAIR + DENY EXAM TO NOT EXPOSE FALSIFIED MEDICAL RECORDS. MOORE PER 20-500 VISION + LEFT EYE INJURY 90% VISION LOSS BY GENERAL OPTHAMOLOGY TEXT. NURSE WALKER ON 70 DAYS MED LINE SAID MOORE "WOULD NOT GET ANOTHER EXAM" THIS COMES AFTER MEDICAL DESTROYED 6-07 POD EXAM BY DR WRIGHT + FALSIFIED 7-9-07 OPTOMETRY EXAM BY 20-500 VISION + INJURY WAS 'MALINGERING'. Thus SETTING MEDICAL RECORD THAT PREJUDICES + OBSTRUCTS ALL FUTURE EYE CARE. ON SAME DAY 7-9-07 OPTOMETRY. ERICKSON DENIED EYE EXAM ON STEP II GRV. 07108.88. MOORE WAS TOLD IN WRITING ON 2 MED KITES THAT HE WOULD BE EXAMINED BY DR WRIGHT FOR PAIN KILLERS. FOR LEFT EYE INJURY. MOORE BELIEVE THIS WRITTEN CLAIM HE WILL BE EXAMINED FOR PAIN KILLERS IS A DIRECT LIE PART OF COVER UP. MOORE USED PAIN KILLERS 1987 TO 2007. THE RECENT SCRIPT AGGRAVATED INJURY BY BAD SCRIPT. MOORE BELIEVES THE 7-9-07 EXAM MAY BE TOTALLY FABRICATED. ID 20-500 VISION INJURY 'MALINGERING' THE 20-30 / 20-50 (20-40) VISION AT START OF EXAM SHOULD BE 20-25 BY END OF EXAM. SEE 7-07 Rx -4.75/-5.00 & 9-06 4.50/4.75. THE CHANGE IN SCRIPT CLEARLY INDICATES MOORE VISION COULD NOT BE 20-25 WITH OLD SCRIPT. AFTER LOSS OF DR WRIGHTS EXAM, FALSIFICATION OF 7-07 OPTOMETRY EXAM. NOW MEDICAL DENIES CORRECTION OF IN ACCURATE SCRIPT OF 7-07. PROBABLY IN ACCURATE ON PURPOSE, TO IMPAIR + PUNISH. STOP LIES, COVER UP + CORRUPTION.

12-17-07   Stephen Moore S73M

ADA Grievance Step I Against Lynn Erickson 11-10-07

Corrupt Acts, Obstruction of Vision Care + A.DA Falsification + Ommission of Medical Records, Gross Unproffessional Conduct, Malaaministration to Lynn Erickson, ADA Coordinator, Nurse CSP.

From 1996 till present Lynn Erickson has persisted in denial of medical care, obstruction of medical care, falsification + ommission of medical records to Moores Vision care. Moores vision is 20-500 with a injury, painkiller 1997 til 2007, 2-6 hours of painful vision a day. 20-800 injury 7-9-07 exam. Erickson from 96 grievance denial of Rx 2 pr glasses per 'interactive' ADA Reg. Has set + used 'administrative methods' A.D.A to deny medical care + ADA compliance. Erickson Defendant Moore v Neal 149 F3d.

Erickson has been central to repeated long running abuses, inaccurate prescriptions $-3.25 -1.00 / -3.25 -1.00$ 12-96 $-4.50 / -4.50$ 12-05 $-4.75 / -5.00$ 7-07 Moores eyes never equal, .50 apart.

Scripts so bad as to be deliberately wrong to impair legal access. Following bad script 21 months no glasses 1998 til 2000. Throughout no glasses Erickson's name on ambulatory records, ommitting no glasses.

False med claims, by DRs to 20-500 vision + injury to both near + distance, near acuity + normal vision to go without glasses to 7-9-07 exam 20-800" + injury 'suspect malingering' 20-30 / 20-50 begin of exam, should be 20-25 or better end of exam, ADA screen. New optometrist saw Erickson. Erickson on Step II grievance 7-9-07 denied eye exam. In clear knowledge of past inaccurate glasses, denial prescribed care of 2 pr. 12-94, 3-98, 9-99, 12-09, 12-05 + numerous eye exams per chronic 20-500 vision + injury, pain killers 97 to 07, 2-6 hrs vision a day chronic vision problems. Per 2007 ADA Request 6-7 pr examin pod. disappeared. per ommitted, suppressed, to denial of ADA on 2004 exam reeks of Erickson. per per systemic misconduct, malpractice. Dismiss, Fire Erickson as nurse + ADA.

11-10-07