IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. 92-N-870(OES) and
CIVIL ACTION No. 96-N-343

Jesse (Jesus) Montez, et al.,
Plaintiffs

v.

Bill Owens, et al.,
Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 04 2008

GREGORY C. LANGHAM
CLERK

CLAIM NUMBER: 03-138(Formerly X-097)
CATEGORY: III
CLAIMANT: Kevin Mark Bretz, #46584
ADDRESS OF CLAIMANT: SCF, P.O. Box 6000, Sterling, Co. 80751-0600

## MOTION TO COMPEL

Comes Now the Claimant, Kevin Mark Bretz, Pro Se, and respectfully requests this Honorable Court to compel the Respondents to comply with this Courts' previous order by ordering specific persons, by individual name, to comply with said order. As grounds therefor, the Claimant states:

1. On July 23, 2007, this Court issued an order (see attached) directing the Colorado Department of Corrections (hereinafter referred to as "D.O.C.) to provide the Claimant with specific medical care. The order included directions that the Claimant be examined by outside Orthopedic and Neurosurgery Specialists and to promptly treat the claimant by complying with their specific treatment orders and specific prescriptions.

2. The claimant continues to struggle against an increasingly defiant medical department that claims they are not bound by this Courts' order because their personnel are not employed by the D.O.C., but merely contracted providers. As ludicrous as this sounds, if it is indeed so, then the Respondents should still be held in contempt because this Court's order specifically directed the D.O.C. to move the Claimant to a facility <u>where he could receive care and his restrictions could be accommodated</u>. (see attached order)

3. The <u>only</u> part of the order the Respondents have complied with is an examination by Dr. Fenton, an Orthopedic Specialist, on November 2, 2007. Dr. Fenton's examination revealed the shocking reality of what the D.O.C.'s negligence and years of blatant disregard regarding the Claimants' health has caused. Indeed, he discovered that one of the Claimant's legbones has completely separated from his knee joint and that his foot, with bone spurs has healed in a "broken state", both of which will require extensive surgery to correct.

4. Until the surgery can take place, the Specialist ordered the the following "assistive devices" to help the Claimant with his mobility: A knee brace and cane, two ankle braces and orthopedic shoes, furthermore, to help alleviate the intense pain the Claimant suffers through, Dr. Fenton immediately ordered a prescription for Oxycontin, 20 mg. twice dialy. In doing so, he noted that other commnonly-prescribed pain medications, such as Vicodin, are not time-released and wear off quickly, and furthermore are detrimental to his liver because of his having Hepatitis C.

2

5. The Respondents continue to refuse to comply with this Courts order. None of the Specialists' directions have been followed. They won't provide claimant with any of the assistive devices or the prescribed pain medication. They won't even give him a walking cane to help him walk to the dining hall, about 2 city blocks each way. This amounts to about a mile each day, just for meals; this does not include traveling to the hobby shop, the gymnasium, etc. Also, the claimant, a man of some 375 pounds, to walk this distance on a leg that is visually deformed because the fibula bone has separated from the knee to the extent that it pushes outward against the skin.

6. The Respondents defiance to this Courts' authority continues to increase, and their disrespect of this court continues to increase, resulting in the continued violation of the Claimants' civil rights, and worse yet, his continued and unnecessary pain and suffering. In fact, just days after seing Dr. Fenton, as ordered by this Court for an action filed under the Americans with Disabilities Rehabilitations Act (ADA), the Claimant was unwittingly and totally unexpectedly suddenly deemed to no longer qualify for ADA ACCOMMODATIONS!!! (see attached.) This most certainly appears to be retaliatory. It is disgracefully and grossly offensive, and altogether unacceptable, Period.

7. The Claimant, in an effort to somehow quickly receive the treatment he so desperately needs - and to which he is entitled (see attached order) - also requests this Court to personally order the following SCF medical personnel to comply immediately with this Courts' order issued to the Respondent, D.O.C., on July 23, 2007: Medical Director Beverly Dowis, Dr. Neufeld, Dr. P. Frantz, P.A. Short, and P.A. Webster for ignoring Dr. Fenton's orders for over 90 days now and allow the Claimant to endure this continued and totally unnecessary pain and suffering.

8. The Claimant, feels justified in requesting an increase to the previously awarded monetary damages. As detailed above, the Respondents continue to discriminate against the Claimant, and it appears to rise to the level of retaliation, for Claimants' prevailing in the original action. Therefore, the Claimant requests this court to discourage the D.O.C. from continuing with this defiant and disparaging behavior by awarding further monetary damages that for once will compel them to comply with this Court's orders and to think twicde about defying any other in the future.

9. More specifically, the Claimant requests that these people be ordered to folow the directives issued by the outside specialists previously ordered by this Court, <u>without</u> any alterations whatsoever, either to specific treatments, changed and altered now ordered, the types of any ordered assistive devices, or to the type and dosage of medications prescribed by the specialists. In other words, just direct and <u>unwavering compliance.</u>

10. The Claimant further requests this Court to order reinstatement of his previous ADA status and to vacate the Accommodations Resolution erroneously issued on NOvember 13, 2007. (See Attached).

WHEREFORE, in the interest of justice, the Claimant respectfully requests this Honorable Court to grant the foregoing motion, as detailed herein and to issue any further orders and/or sanctions as this Court deems appropriate.

Dated, this 31st day of JANUARY, 2008.

Respectfully submitted,

Kevin Mark Bretz
Reg. No. 46584
Sterling Correctional Facility
Sterling, Colorado 80751-0600

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 152
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:       719.226.4249

Office of ADA Inmate Coordinator (AIC)




Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO: Offender Kevin Bretz, #46584
SCF

FROM: Cathie Holst, AIC

RE: Accommodation Resolution

DATE: November 14, 2007

You have been screened for a disability and our findings have been reduced to writing in an Accommodation Resolution. This has been signed by the AIC and the Chief Medical Officer (or designee) and represents the final determination of your disability status and any accommodations to which you may be entitled.

Enclosed with this memo are two copies of your Accommodation Resolution. These are **your** copies for which **you alone** are responsible. It will be necessary that you keep **one copy with you at all times so that you are able to document your need for any accommodations to which you are now entitled to any staff person requesting verification.** I suggest that you maintain the other copy in a safe place among your possessions. If either of these documents is in need of replacement due to loss, destruction, or wear and tear, there will be a $.25 (25 cents) charge for its replacement, payable to the Office of the AIC.

Any attempt to alter the contents of your Accommodation Resolution will result in COPD charges against you.

Should the contents of your Resolution need to be amended at a later date, you will be issued replacement documents at no charge.

Thank you for your cooperation.

cc: AIC file.

# ACCOMMODATION RESOLUTION

| NAME | BRETZ, KEVIN | DOC # | 46584 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a medical provider & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC medical provider and the Chief Medical Officer have determined that you do not have a qualifying **hearing, vision or mobility disability; you are not diabetic nor does your current medical condition rise to the level of a disability** pursuant to the mandates of the Americans With Disabilities/Rehabilitation Acts (ADA); therefore you are not entitled to accommodations.

If your condition(s) worsens and you feel you require accommodations to access programs, services & benefits, please complete and submit a new Request for Accommodation to the AIC.

To the extent you require clinical attention such as medication, assistive devices, restrictions, medical care or special clothing, your requests should be directed to Clinical Services where they will be evaluated for medical need.  **The AIC is neither responsible for nor qualified to make recommendations related to clinical care.**

You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.

Signature: Chief Medical Officer            Date: 11/7/07

Signature: AIC            Date: 11-13-07

Prepared: November 5, 2007

Original – AIC
Copies: 1-Warden
       7-Warden for distribution to the following:
       1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Housing Unit Supervisor
       2 –Offender
       AIC will distribute 1-Department File, 1 – Chief Medical Officer

Revised 5-1-06

# ACCOMMODATION RESOLUTION

| NAME | BRETZ, KEVIN | DOC # | 46584 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a medical provider & Chief Medical Officer | NONE |
|---|---|
| NO ACCOMMODATIONS NECESSARY AT THIS TIME | |

A DOC medical provider and the Chief Medical Officer have determined that you do not have a qualifying hearing, vision or mobility disability; you are not diabetic nor does your current medical condition rise to the level of a disability pursuant to the mandates of the Americans With Disabilities/Rehabilitation Acts (ADA); therefore you are not entitled to accommodations.

If your condition(s) worsens and you feel you require accommodations to access programs, services & benefits, please complete and submit a new Request for Accommodation to the AIC.

To the extent you require clinical attention such as medication, assistive devices, restrictions, medical care or special clothing, your requests should be directed to Clinical Services where they will be evaluated for medical need. The AIC is neither responsible for nor qualified to make recommendations related to clinical care.

You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.

Signature: Chief Medical Officer          Date: 11/7/07

Signature: AIC          Date: 11-13-07

Prepared: November 5, 2007

Original – AIC
Copies: 1-Warden
    7-Warden for distribution to the following:
    1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Housing Unit Supervisor
    2 –Offender
    AIC will distribute 1-Department File, 1 – Chief Medical Officer

Revised 5-1-06

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,       )
                                    )
Plaintiffs,                         )
                                    )
v.                                  ) Motion for Contempt Proceedings
                                    ) Pursuant to U.S.C. 28 Section 2521(b)(3)
BILL OWENS, et al.,                 ) And FRCVP 53(c)(2).
                                    )
Defendants.                         )

---

Claim Number 03-138
Category III
Claimant: Kevin Mark Bretz #46584
Address of Claimant: SCT, P.O. Box 6000, Sterling, CO 80751

---

COMES NOW the Claimant, Kevin Mark Bretz, pro se, and respectfully requests this Honorable Court to hold the following parties in contempt of court and to further hold them responsible and punishable under alleged criminal violations as detailed below. As grounds therefor, the Claimant presents the following support:

1. On February 1, 2007, a hearing was held in the action captioned above. At this hearing, it was revealed that certain parties and witnesses for the Defendants had lied, falsified medical records, and even forged documents presented to this Court in an attempt to obstruct justice and avoid responsibility for the remedies to which the Claimant is entitled. See this Court's Order of July 23, 2007, paragraphs 6 & 7, p. 4 and paragraph 9, p. 6. This Court recommended the Claimant to follow up by moving this Court to address these issues. He is now adhering to this recommendation with this motion.

2. The known parties involved and the violations revealed at the hearing mentioned in the previous paragraph are:

   a. Johnny Reyes, David Doxtater, and Duane Raymond: Perjury and Obstruction of Justice;

   b. Cathie Holst: Perjury, Forgery, Fraud, Falsifying Medical Records, and Obstruction of Justice;

   c. Orville G. Neufeld: Perjury, Forgery, Fraud, Falsifying Medical Records, and Obstruction of Justice; and

   d. Jess Dance: Obstruction of Justice.

3. At the hearing, CDOC officials were ordered to shakedown the Claimant's cell to determine whether or not he possessed any shoes. Officers Reyes, Doxtater, and Raymond testified that shoes were indeed found. However, Sgt. Trujillo, CSP 2nd shift, who actually performed the shakedown, will testify that none were found. In fact, the shakedown slip, a copy of which has already been forwarded (on February 2, 2007) to this Court (the original should also be on record per CDOC AR 300-6), documents that "no shoes or medical boots [were] found" in his cell. Therefore, these officers committed perjury before this Court and obstructed justice.

4. Cathie Holst provided an inventory document that inventoried a pair of boots for the Claimant. This document was fabricated and, therefore, she committed perjury and forgery. She further falsified the Claimant's medical records and therefore committed fraud and obstruction of justice.

5. It appears that Cathie Holst is still attempting to commit fraudulent and questionable practices. On October 23, 2007, the Claimant was summoned to the medical department. Upon arrival, he was informed that Cathie Holst needed him to sign a release form for his medical records from 1991 to present. Only a medical professional has any business making such a request. Cathie Holst is Manager of the CDOC's Office of Legal Services, not a medical professional. The Claimant refused to sign the release. He further inquired about his court-ordered medical treatment and was informed they had not received any such order.

6. Orville G. Neufeld also falsified the Claimant's records and testified falsely and, therefore, commited perjury, forgery, fraud, and obstruction of justice.

7. Assistant Attorney General Jess Dance, by evoking and allowing perjury and falsified evidence to be knowingly presented, has obstructed justice.

8. Defendants should also be held in contempt for not complying with this Court's order, dated December 15, 2005, to provide the Claimant with the opportunity to review his medical records prior to the February 1, 2006, hearing. Defendants filed a statement, dated February 24, 2006, regarding the Claimant's complaint that this was denied, in which, they essentially confess error. They attempt to persuade this Court that they complied with the order because he viewed the files twice, and received copies, prior to the issued order, and then that he was provided opporunity to review them after the hearing. At no time between the date of this Court's order and the deadline to comply (the hearing on February 1, 2006) was the Claimant permitted to review his medical records per this Court's order. Defendants should therefore be held in contempt of court.

9. Notwithstanding the direct non-compliance detailed in the previous paragraph, the Claimant was not given an opportunity to review his medical records per this Court's order. As presented in the incident report attached to the statement filed by Defendants dated February 24, 2007, he declined to even try to review his records because of the conditions under which Mr. Dennis Burbank ordered for this review. He ordered that the Claimant be placed into a holding cell (G149) in intake/receiving, handcuffed to a waist-chain, in leg-shackles chained to a bolt in the center of the cell floor, with his medical

2

records placed on a bench six (6) feet away. The Claimant couldn't even reach the records, much less review them. He requested in his motion to personally review his records without restraint for eight (8) hours in the visiting room, and this Court granted this request. Unfortunately, Dennis Burbank did not comply with this Court's order. Mr. Pete Binder, who wrote the incident report and was carrying out Mr. Burbank's orders, will testify to the contempt of court exhibited by Mr. Dennis Burbank, CSP Legal Liaison.

10. To date, the CDOC has only complied with one of this Court's directives detailed in the order issued on July 23, 2007. The Claimant still receives no pain medication, is not being housed in a handicap cell, and has no braces for his ankles or knee, nor a cane, a wheelchair, or medical shoes, or any medical assistance whatsoever. On October 23, 2007, just hours after they attempted to persuade the Claimant to sign the release of records mentioned in paragraph 5, supra, medical officials claimed they had "just been served [this Court's] order by the U.S. Marshalls." This seems highly dubious. Furthermore, on October 31, 2007, he was informed that the medical staff at Sterling Correctional Facility is not employed by the CDOC and is therefore not bound to abide by this Court's order.

11. On November 1, 2007, the Claimant was taken to the Sterling Hospital for X-rays and a CAT scan, followed by an appointment with Dr. Darrel T. Fenton, an orthopedic surgeon, on November 2, 2007. This is the only part of the order issued on July 23, 2007, with which the CDOC has complied.

12. At this appointment, Dr. Fenton discovered the shocking reality of what the CDOC's negligence and years of blatant disregard concerning the Claimant's health has caused. He found that one of the Claimant's leg bones has completely separated from his knee joint and that his foot has healed in a "broken state", both requiring extensive surgery. Until surgery, he ordered a knee brace, two ankle braces, and orthopedic shoes for the Claimant. He further immediately ordered a prescription of pain medication to be administered twice a day.

13. As unbelievable as the following statements may sound, the Claimant avers they are **true.** After several days of having his newly prescribed pain medication still denied to him, the Claimant was summoned to the medical department on November 7, 2007, to see Physician's Assistant Webster. After some discussion and presenting his copy of the order issued by this Court on July 23, 2007, the claimant was emphatically informed that Mr. Webster "do[es]n't give a [expletive] about any federal court order," and that he and "Dr. Neufeld[1] are not going to be told how to do medical procedures or treatment, especially by some [expletive] liberal Denver judge, just like they don't go to Denver and dictate to him how to run his courtroom."

14. After all that has transpired regarding this claim, the CDOC is still refusing to do the right thing, even after being ordered to do so by this Court. And now they're more defiant than ever. The Claimant requests this Court to compel the Defendants to comply with this Court's issued orders by holding them in contempt and punishable as this Court deems appropriate.

---

1 Dr. Neufeld should no longer be involved since he is a named defendant.

3

WHEREFORE, in the interest of justice, the Claimant requests this Honorable Court to grant the foregoing motion and sanction the Defendants as deemed most appropriate by this Court.

Dated: 11/13/07

Respectfully submitted,

Kevin Mark Bretz, pro se

CERTIFICATE OF SERVICE

I, Kevin Mark Bretz, hereby certify that on November 13, 2007, I have served the following by placing a true and correct copy of the foregoing motion by placing the same, via CDOC legal mail system, in the U.S. Mail, postage-prepaid, and properly addressed to:

Colorado Attorney General
1525 Sherman Street
Denver, CO 80203

Kevin Mark Bretz

4

**Colorado Department Of Corrections**

Name: Kevin M. Bretz

Register Number: # 46584

Unit: 4 B 107

Box Number: 6000 S.C.F.

City, State, Zip: Sterling, Co. 80751

LEGAL MAIL

LEGAL MAIL

U.S. Dist. Court of Colorado
Honorable Judge John Kane Jr.
901 19th Street
Denver, Colorado
80294-3589

US POSTAGE $00.750
02/01/2008