**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)(Consolidated for all purposes
with Civil Action No. 96-N-343)

Jesse (Jesus) Montez, et al.,
Plaintiffs,

VS.

Bill Owens, et al.,
Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 03 2008

GREGORY C. LANGHAM
CLERK

Claim Number: 03-078
Category: III
Claimant: Robert C. Garnett, Sr., 85800
Address of Claimant: P.O. Box 263, Crestone, Colorado, 81131

---

### CLAIMANT'S OBJECTION TO FINAL ORDER OF SPECIAL MASTER

---

**Comes Now** the Claimant, hereinafter Mr. Garnett, to respectfully
object to the Final Order of the Special Master, in so doing Mr.
Garnett states the following:

1). Within the May 30, 2001 Recommendation of United States
Magistrate Judge by United States Magistrate Judge O. Edward
Schlatter at C. Conclusion: "Mr. Garnett's allegations are suffi-
cient to present an arguable claim that he suffers a disability, as
defined by the ADA, and that he was qualified to participate in the
DOC work program during the time period at issue." "To the extent
the DOC's Motion to Dismiss is based on the argument that Mr. Garnett
has not alleged facts sufficient to show that he suffers from a dis-
ability, or that he is a qualified individual, the Motion should be
denied." The Magistrate's recommendation went on to conclude that
the Eleventh Amendment shields the DOC and the state of Colorado
from Mr. Garnett's claim for damages under Title II of the ADA,
which ultimately was a wrong conclusion.

2). On or about October 4, 2001 Civil Action 96-K-294 was dis-
missed by Judge Kane pursuant to what would come to be Magistrate
Schlatter's incorrect interpretation of Eleventh Amendment immunity.

3). On or about August 27, 2003 the settlement agreement was
approved by Judge Nottingham.

4). On or about May 16, 2004 Mr. Garnett filed initial claim
form to join Montez v. Owens.

5). On or about June 11, 2004 Mr. Garnett was accepted into Montez v. Owens, assigned Claim Number 03-078, and assigned to category III.

6). On or about April 18, 2005 the Special Master allowed for thirty days within which to inform the Special Master in writing as the names of witnesses to be called. A brief synopsis of antic-ipated testimony will also be required to be submitted at the same time. Also contained in Judge Borchers April 18, 2005 order, at 3., "All claims are to be evaluated based solely upon the criteria in paragraph #1. The claims are limited to those that encompass a dis-ability within the meaning of the Rehabilitation Act, provided, however, that a claimant need not prove intentional discrimination, an issue which was resolved by execution of the Remedial Plan..." Also: "IT IS FURTHER ORDERED that Claimant and counsel for Defen-dants shall provide to the Special Master on or before **August 1, 2005** a written list of the witnesses to be called at the hearing (including a brief statement as to anticipated testimony), with a copy being provided to either counsel or Claimant;"

7). On or about July 15, 2005 Mr. Garnett submitted to the Special Master his Supplemental Information with DOC and VA docu-ments in support of Mr. Garnett's disability. Please refer to these documents hereto made a part of:

Exhibit 13: 1) Heavier coat denied, 2) Cell house move denied

Exhibit 23: Two years later and still denied accommodation of cell house move.

Exhibit 24: Medical orders cellhouse move but this does not occur because housing refuses to comply.

Exhibit 25: Further order to move to a closer cell house, "Also requests early release for meals, for Neb RX-Not appropriate."

Exhibit 27: Requested an extra blanket and heavy coat, "Pt referred to canteen for heavier clothing and heavy coat."

Exhibit 28: 10. "Candidate for long term facility placement due to severe debility." Debility...weakness, infirmity, disability.

7. "May be subject to victimization in cell house." because of disability.

Exhibit 29: Onset of Disability: "Approximately 1976 (prior to incarceration) was on SSI 1976. New diagnosis includes COPD, CAD/MI/angioplasty with stents; and H+N." Prognosis (length of expected disability) "will progressively worsen." CERTIFICATION OF LICENSED PHYSICIAN signed by Timothy Creany, MD # 37786.

2.

Exhibit 30: VA repairs multiple abdominal masses that are pain-
full and have been present since he was badly
beaten in the Texas corrections system in 1995.

Exhibit 31: VA does back surgery that DOC refused to do or
allow the VA to do while Mr. Garnett was incarcer-
ated.

Exhibit 32: Colorado Access authorized but it did not happen
because I was too close to statutory discharge.

8). On or about October 10, 2005 the Special Master set this
matter for a hearing on November 28, 2005.

9). On or about November 8, 2005 counsel for the Defendants
filed the Witness List that the Special Master had ordered filed
by August 1, 2005, approximately ninety days late.

10). With the hearing set for November 28, 2005, on November 21,
2005 the Special Master received a Motion To Dismiss Claimant's
Claim from Defendants' counsel, Mr. Jess Dance. Mr. Dance had sent
several communications to Mr. Garnett's home address, but sent the
Motion To Dismiss to Mr. Garnett's prison address. This was an ef-
fort to deny Mr. Garnett an opportunity to respond and thus default.
Mr. Garnett did not receive Defendants' Motion To Dismiss until the
day of the hearing.

11). At the November 28, 2005 hearing the Special Master, Judge
Pringle, chastised Mr. Dance for filing a motion to dismiss approx-
imately four years late, verified Mr. Garnett's home address, set
briefing schedule in re Defendants' Motion To Dismiss, continued
the hearing, and provided Mr. Garnett with a list of attorneys
representing other claimants.

12). After several extentions of time to seek counsel and/or
file a Rebuttal Brief to Defendants' claim of res judicata and that
Mr. Garnett is not disabled, Mr. Garnett's Rebuttal Brief was filed
on or about January 3, 2006 and Claimant's Response To Defendants'
Motion To Dismiss Garnett's Claim was filed on or about February
27, 2006.

13). On or about June 26, 2006 Special Master, Judge Davidson,
ordered Defendants' Motion To Dismiss is Denied and Claimant's
claim is appropriate.

14). On or about August 4, 2006 Special Master, Judge Davidson,
set a hearing date for September 5, 2006.

15). On or about August 22, 2006 counsel for the Defendants
filed a Witness List, similar to the one filed on or about Novem-
ber 8, 2005; and Defendants' Motion To Allow Affidavit Testimony.

16). Due to the content of the Defendants' Witness List filed
on or about August 26, 2006, Mr. Garnett prepared to rebut the

3.

issues implied by the Defendants' Witness List. At the September 5, 2006 hearing counsel for the Defendants presented a totally different subject than what Mr. Garnett had prepared for. At the September 5, 2006 hearing the Defendants once again raise the issue that Mr. Garnett is not disabled and offer the testimony of a DOC doctor who had never seen or treated Mr. Garnett. Dr. Orville Glenn Neufeld, license number DR-31286, is licensed for family practice, thus, may not be qualified to counter the expertise of specialists at the VA Hospital in Denver.

17). As to the Final Order Of Special Master, the Category III classification may be prejudicial to Mr. Garnett because to the reasonable mind three heart attacks with a stent being placed at the time of each occurrence, the accompanying aortic valve insufficiency constitutes a threat to life, the exacerbation of the osteoarthritic condition of Mr. Garnett's skeletal system, and the abdominal ruptures that required Mr. Garnett to push his intestines back in definitely constitute severe physical injuries. These injuries, documented in DOC documents, are not reversible, but surgery can relieve some of the pain and suffering. Medication does not relieve the problem, only serves to mask the problem. A permanent disability, as defined by the Remedial Plan, is a condition which is not expected to improve within six months. Mr. Garnett's condition has not improved in years, has in fact worsened.

18). The Final Order Of Special Master states that Mr. Garnett can climb stairs, yet states that "He was given a bottom bunk/ bottom tier restriction". It is reasonable that Mr. Garnett was given a bottom tier restriction to eliminate the need to climb stairs.

19). The Special Master stated, "It appears to be undisputed that Claimant was qualified to participate in the programs, benefits, and services offered by the DOC." The Special Master seems to have missed the Rehabilitation Act's requirement that whatever measures must be taken to rehabilitate a disabled individual. Also the Remedial Plan does not contemplate individual Eighth Amendment medical malpractice claims, the plan must recognize the effects of medical malpractice that result in discrimination.

20). At the time at issue here and the present Mr. Garnett is mobility disabled, unable to engage in one or more major life activity. Mr. Garnett can not climb the paths along the creeks, nor climb the trails to the lakes above his home in the Sangre de Cristo Mountains. Mr. Garnett can not enjoy a drive because his legs and back become very painful. Mr. Garnett can not carry his groceries out of the store and load them into his vehicle. Mr. Garnett can not go into a building that does not have an elevator. Mr. Garnett can not go into the mountains and gather his own firewood. Mr. Garnett can not care for his home properly. Mr. Garnett can not take walks with friends because his legs give out and he get shortness of breath. Mobility is a very real problem for Mr. Garnett. Mr. Garnett can not engage in employment because his disability renders him uninsurable. Mr. Garnett can not fish the creeks anymore because his legs and heart can not take the strain.

4.

## CONCLUSION

In accord with the foregoing, Mr. Garnett moves the Court to reject the Final Order Of Special Master. Mr. Garnett moves the Court to return this matter to the Special Master for a determination of damages and award.

Respectfully submitted this 1st. day of March, 2008

Robert C. Garnett, Sr.   Pro Se
P.O. Box 263
Crestone, Colorado
      81131

## CERTIFICATE OF SERVICE/MAILING

I hereby certify that a true and correct copy of the aforegoing Claimant's Objection To Final Order Of Special Master was mailed to the parties listed below, by deposit of same in the U.S. Mails, postage prepaid on the 1st. day of March, 2008.

Clerk of the United States District Court
901 19th. Street
Denver, Colorado  80294

Mr. James Quinn
Mr. Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, Colorado  80203

Robert C. Garnett, Sr.

5.

Colorado The Official State Web Portal

## Division of Registrations



Index  Search

## Individual Search - Results List
## All Licensing Types

Click on a name for more information, including board or program actions:

| Name | License Number | License Status | License Type | City |
|------|----------------|----------------|--------------|------|
| Neufeld, Orville Glenn | DR-31288 | Active | Physician | Monument, CO |

**Your query returned 1 Individual License Records based on the following search criteria:**

| | |
|---|---|
| Licensing Board : | Search all boards |
| License Number : | |
| Last Name : | Neufeld |
| First Name : | Orville |
| City : | |
| License Type : | All Licensing Types |

Return to the top of the page

Return to Colorado Division of Registrations - Main Search Page

Search for Individuals - All Licensing Types

View Registrations Online Documents

Generated : 02/29/08 1:24 pm

Federal Home Page || State Home Page || Department Home Page

Usage Statistics

Privacy Statement | Disclaimer

Technical Assistance:
E-Mail Information Technology Section

Contact the **Division of Registrations**
1560 Broadway, Suite 1350
Denver, CO 80202
(303) 894-7800 - Phone
(303) 894-7693 - Fax
Relay Colorado
(TTY (English & Spanish), Voice, VCO, ASCII, STS Assistance Numbers)