IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES), (Consolidated for all purposes
with Civil Action No. 96-N-343).

THE HONORABLE JUDGE, "RICHARD C. DAVIDSON".

---

JESSE (JESUS) MONTEZ, et al,.

       Plaintiff

Vs.

BILL OWENS, et al,.

       Defendatn

---

**CLAIMANT:  ROY JACK POLLARD,  # 94894,**
Claim Number # 03-272,
Category: III
Address of Claimant:
CTCF # 3,  P.O. Box # 1010
Canon City, Colorado,  81215-1010

---

MOTION REQUESTING THIS HONORABLE COURT
TO RECONSIDER THE MONETARY AWARD IN THE ORDER OF
DECEMBER 26, 2007, AS THE AWARD IS INADEQUATE AND INSIGNIFICANT
WHEN IT IS CONSIDED THE PERMANENT DAMAGES AND ABUSE
CAUSED BY THE STATE OF COLORADO, AND THEIR DEPARTMENT OF CORRECTIONS
THEIR LACK OF MEDICAL CARE, THEIR DELIBERATE INDIFFERENCE,
TO THE WELFAIR AND MEDICAL NEEDS OF THE INMATES:

---

**FEDERAL RULES OF CIVIL PROCESSER; RULE 53 (g) (1). States:**
Courts must afford an opportunity for the Claimant to be heard,
and receive new evidence. As the Claimant believes, this court,
has received false and insignificant evidence, In which was used
as base for the order of December 26, 2007. THEREFORE: the Claimant
will present the following evidence:

---

HEARING DISABLITY/IMPAIRMENT

Due to this hearing disability and therefore the lack to understanding
The Claimant was forced to survive for seven years, by excepting

2.

the verbal, physical and emotional abuse. In 1998 due to the fact that th Claimant could not hear what another inmate was saying The Claimant was beat until his eyes were swelled shut and the Claimant could not see for three days, and received no medical help. A CO Watson made it his busness to verbally abuse the Claimant many time a day. A CO Miller, slamed the Claimant into a wall, because the Claimant did not hear when he was told to move. Lt. Cupp, Captain Hyatt, and staff made a game of abusing the Claimant. The Claimant was placed in segregation eight time in seven, due to the fact that he could not hear. The Claimant had no criminal record, and was CEO of an international financal Corperation, for over twenty years. In 1999, CO Spurlock, broke two ribs for the Claimant, while beating him in his cell. (proof at University Hospital, in Denver,Colorado). CO Spurlock, made a deal with another inmate to assult the Claimant, in the mess hall, he broke the Claimant's nose. The Claimant was placed in segregation for 13 days for investigation. 22 days later MD King, of Canon City, Colorado, fixed his nose. The Claimant has a law degree, an filed to the courts for relief. Claimant was transported by two CO's to Pueblo, Colorado, where while in chains was beaten into unconscious, and was still in that state when returned to FCF. Where he was placed in segregation for 87 days. The Claimant was informed that you could not file to the courts, against the COs. In August of 2001, CO spurlock told another inmate that if he would hurt the Claimant bad, he would get him a single cell in cellhouse six. The inmate tore up the Claimant's left knee. MD Patterson of Canon City, Colorado, did a scope on the claimant's left knee, and wrote medical orders, for a complete knee replacement on the left knee, with in 60 days. It was five years and a few weeks, later before the did the knee replacement. August 21, 2007. The above, has all originated from the hearing disability ans impairment, that being the cause for lack of understanding.

3.

After seven years and numerous Audiogist, all stating the
same, all writing medical orders. "The Claimant's needed hearing
aids". On February 25, 2004, the claimant was given one used
hearing aid, that did not fit, for the right ear. At this
time the hearing aid is wore out, it works about 50 percent
of the time, and has to be tapped and worked with to get it
to working again. Since 2004 a number of Audiogist, have tested
the Claimant, and all have wrote orders, stating: "The claimant's
need for two new hearing aid with fillers. In October of 2006,
A Audiogist, at the Colorado State hospital, in Pueblo, Colorado.
Wrote orders for new hearing aids, be given to the Claimant.
The Claimant's hearing is deteriorating, becoming worst, and
nothing is being done to correct the problem:

### VISION DISABILITY/IMPAIRMENT

When the Claimant was issued glasses in 2000, they were not
the Claimant's presciption, and they told the Claimant. They
did correct their mistake, a year and a half later. How ever
the information that you have received did not tell the complete
story. In 2005 the Claimant was sent to a Optometrist, in Canon
City, Colorado. Who after testing, wrote medical orders, the
the Claimant was to be sent to a Ophthaimologist. This has
never been complyed with, said orders. A few months, later,
the Claimant was called to medical, where he was given a new
pair of glasses. At that time the Claimant was informed that
the glasses were not his prescription, but they were all they
had for the Claimant. Then they took the two pair of old glasses,
that belonged to the Claimant. The Claimant is still using
the wrong prescription glasses to this date. The Claimant
can read or do legal work for around ten minuits and then
must stop as he can see until he rest his eyes for a bit.
As he cannot see to continue:

4.

## MOBILITY DISABILITY/IMPAIRMENT

Due to the time element, (Five years and a few weeks) that put undue stress on the right knee, and as a result has made a replacement of the right knee necessary. On August 21, 2006, Medical Doctor Patterson, of Canon City, Colorado. did a complete knee replacement on the left knee. ( Did a very good job). On October of 2006, MD Patterson wrote medical orders that a knee replacement on the right knee was needed, immediaely. In words of MD Patterson, the neglect, of the time elemant, in replacing the left knee, has destoryed the right knee. In November of 2007, a DOC medical Doctor, at the state hospital in Pueblo, Colorado. Wrote medical orders that stated: " A right knee replacement is needed immediately, for this inmate'. (The Claimant). Nothing has been done to this date. Sence 1997 the Claimant has been subjected to unreasoable abuse, and illegal treatment by the DOC staff. Sence 2001 the Claimant has been forced to live on Crutches, in Wheel Chairs, then NP Batson, took everything away until MD Dianne Al ADBU L Jilal, ordered her (NP Batson) to return, Wheel Chair. Now due to CDOC Accommodation Resolution, the Claimant is forced to use a walker. The Claimant must suffer great pain, each time he puts weight on his right leg, knee, and hip. The right knee has deteriorated until it has cause great pain in the hip. The right knee, gives out and causes the Claimant to fall six to eight time per-week. The Claimants has a wheel chair, but due to the CDOC Accommodation Resolution, that states the Claimant must use a walker, the Claimant cannot use it. The Mobility Disability/Impairment, deprives the Claimant from participating in medical lines, for his blood sugar testing in the general library, maels, chruch, gym, and any other facility actives. The Claimant is forced to spend 85 percent of his time in his cell setting or laying on his bunk. The Claimant came to CDOC in good condition, walking straight and tall. Now due to Vindictiveness, Deliberate Indifference, Criminal Neglect, the Retallation, by CDOC staff, The Claimant is reduced to a walker and living in pain. The Claimant dose not use a cain. What Monetary Value can be put on this?

---

5.

## DIABETIC DISABILITY/IMPAIRMENT

The claimant cannot comment on the status of his Diabetic, due to the fact that he cannot do his finger stack (Blood Sugar testing) each day, due to his Mobility Disability/Impairment. The new rule of CTCF is that all cellhouses, when called to eat, will stand in line for medical line, Diabetic and ect. The Claimant being unable to stand for any period of time, therefore cannot stand in line for the Diabetic check:

## AUGMENT

Due to the illegal action of CDOC staff, the Deliberate Indifference The Criminal Neglect, the Retallation, The Vindictiveness. That has lead to Permanent Physical Injuries. To be able to Walk, Run, to play with your grandkids, play Catch, or set in a wheel chair. What Monetary Value can be put on the difference? $10,000.00 pre-year, or $100,000.00 per-year, you tell me: Tha differnece from 20/20 vision to a white cain. What Monetary Value can you put on that? The hearing impairment, the Verbal, Physical, Emotional Abuse, the Psychological Effects from now until the end of the ClAIMANT LIFE. What Monetary Value can be put on this? And then you come to the Diabetic; What do you do? Just set back and wait to die.
**CONSTITUTIONAL LAW, RIGHTS: <u>PROCUNIER Vs. MARTINEZ,</u> 416 U.S. 396, 40 LEd2d 224, 94 S.Ct. 1800 (1974).
<u>BELL Vs. WOLFISH,</u> 441 U.S. 520, 60 LEd2d 447, 99 S.Ct. 1800 (1979). <u>BROWN Vs. NIX,</u> 33 F.3d 951 (8th Cir. 1994).** All states: A prisoner is not stripped of his constitutional rights (protections) at the prison gate, But, rather he <u>retains all the rights of an ordinary citizen</u>, except those expressly, or by necessary implication taken from him by the law:
**<u>BATTLE Vs. ANDERSON,</u> 447 F.Supp 516 (S.D. New York 1977). <u>WOLFISH Vs. LEVI,</u> 439 F.Supp 114 (S.D. New York 1977).** States: People are sent to prison <u>AT</u> punishment, not <u>FOR</u> PUNISHMENT:

6.

**THADDEUS-X Vs. BLATTER,** 110 F.3d 1233 (6th Cir. 1997). States: Retaliation against inmate for exercising his or her Constitutional rights is itself a violation of the Constitution:
**POPE Vs. SHAFER,** 86 F.3d 90 (7th Cir. 1996).
**STATE:** Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another, and protection from prison staff:
**ESTELLE Vs. GAMBLE,** 429 U.S. 97, 50 LEd2d 251, 97 S.Ct. 285 (1976). States: Elementary principles of the Cruel and Unusual punishment clause of the Eighth Amendment, establish the government's obligation to provide all medical care for those whom it is punishing by incarceration:
**WEAVER Vs. CLARKE,** 45 F.3d 1253 (8th Cir. 1995).
**HARRIS Vs. COWETA COUNTY,** 21 F.3d 388 (11th Cir. 1994). States: Prison Official violates Eighth Amendment, by being deliberately indifferent either to prisoner's existing serious medical needs or to conditions posing substantial rist of serious futre harm:
**BOYD Vs. KNOX,** 47 F.3d 966 (8th Cir. 1995). States: Prison official's knowledge of deliberate indifference to prisoner's serious medical needs may be establidhed by circumstantial evidence.

Prior to the hearing of March 27, 2007, the Claimant filed for an outside Attorney and five witnesses. Judge Richard M. Borchers, reused the motion. However the Claimant would like the court to contact the witnesses and verify the proof of the foregoing statements. Medical Doctor Dianne Al Abdu L Jalil, who the last I knew was working for El Paso County Criminal Justice Center, in Colorado Springs, Colorado. Was the Doctor at FCF for six years, and knows what went on there. In fact when I filed the motion naming her as a witness I received a Memo, from Chief of Security, "Major Mayfield", informing me that I was to not contact or call as a witness, or in anyway get in touch with MD Dianne Al ABDU L Jalil. I wonder what CDOC is afaid of?

7.

## ABUSE AT CTCF

The Claimant was moved from FCF to CTCF on March 11, 2004. On March 15, 2004, the Claimant was called into a office and met a Lt. Tom Beneze, who stated that he had, had a phone call from his friend, Captain John H. Hyatt of FCF, and he (Beneze) would see that the Claimant's punishment would continue. After a few heated words, in the sping of 2004, the Claimant was POISONED, was taken to St Thomas Moore, hospital where a Canon City, Colorado took a report. Nothing ever happened. The punishment by Lt. Tom Beneze, is still going on at this date; Claimant's medication throwed in the trash. On June 6,2005, Lt. Tom Beneze, stoled a $100.00 U.S. money order from the Cliamant.

## CONCLUSION

The monetary sum of the award, in the order of December 26, 2007 is Inadequate and unexceptionable to this Claimant. I request that this court reconsider the monetary sum awarded in the order.

In the interest of fairness, the Claimant believes that the award should be as followes:

HEARING DISABILITY/IMPAIRMENT
$10,000.00 pre-year for seven years:      $70,000.00

VISION DISABILITY/IMPAIRMENT
$20,000.00 pre-year for four years:       $80,000.00

MOBILITY DISABILITY/IMPAIRMENT
$20,000.00 pre-year for eight years:      $160,000.00

DIABETIC DISABILITY/IMPAIRMENT

You tell me:

                                Total     $310,000.00

This suit has been dalayed for 15 years and the only people that has received anything from it are the Attorneys. Who have taken millions, while inmate have only received suffering. CDOC is not in compliance with the agreement with the court and ten years from now they still will not be. The Attorneys will still be enlarging their bank accounts. It is past time for the inmates to receive some of the money.

8.

Therefore, this Claimant request that this Honorable Court wil reconsider and order a fair and just award.

Respectfully submitted this 19 day of February 2008:

Roy Jack Pollard
Reg. No. # 94894
CTCF # 3
P.O. Box # 1010
Canon City, Colorado
81215-1010

## CERTIFICATE OF MAILING

I hereby certify that on this date I have placed a true and correct copy of the forgoing document in the CTCF legal mailing system. With the correct postage and addressed to the following:

Judge Richard C. Davidson
Special Masters for the United States
District Court for the District of Colorado
Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado
80030-4444

Attorney James Quinn
Attorney Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, Colorado, 80203

Roy Jack Pollard
Reg. No. # 94894



**LRC** *Legal Resolution Center*

7907 Zenobia Street
Westminster, Colorado 80030
303-426-7365
303-426-7714 (FAX)
1-888-881-7365 (Toll-Free)
RMLRC @ AOL.COM

Lynda Rowe, Administrator

Judge Richard M. Borchers
Judge Richard C. Davidson
Judge Donald E. Abram
Judge James N. Wolfe
Judge Michael R. Enwall
Judge Bruce D. Pringle
Judge Stephen L. Carter
Judge Kenneth M. Plotz
Judge Patricia Madsen

Other Offices:
Denver
Denver Cherry Creek
Denver Tech Center
Boulder
Colorado Springs
Grand Junction
Fort Collins
Cheyenne, Wyoming
Omaha, Nebraska
Salt Lake City, Utah
Minneapolis, Minnesota

March 3, 2008

Ms. Gail Shaw
Docketing Supervisor
United States District Court for the District of Colorado
United States Courthouse
901 19th Street
Denver, CO 80294

RE: *Montez, et al. v. Owens, et al.*
**Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)**
**Claimant: Roy Jack Pollard, Claim #: 03-272**

Dear Gail:

Enclosed for filing with the Court, please find a Motion for Reconsideration that we received in Friday's mail from Mr. Pollard in which he objects to the Final Order issued by Special Master Davidson. The Final Order pertaining to Mr. Pollard's *Montez* claim was issued on December 26, 2007. Should you have any questions regarding this matter, please call me. Thank you.

Sincerely,

Susan L. Carter
Assistant to Special Masters

Enclosure