ORIGINAL

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
CLERK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-870 (OES) (Consolidated for all purposes with Civil Action File Number 96-343

JESSE MONTEZ, et al.
Plaintiffs,

v.

BILL OWENS, et al.
Defendants.

---

Claim Number 03-058
Category III
Claimant: Lawrence Robert Warfield, #54622
Address of Claimant: 310 N. Murray #305, Colorado Springs, Co 80916

Claimant's Notice And Objection To Final Order of Special Master

---

Comes Now, The Claimant Lawrence Robert Warfield, acting pro se in this matter before this Honorable Court, and Claimant Notice AND OBJECTION TO FINAL ORDER OF SPECIAL MASTER. Claimant hereby states the following;

Claimant hereby Notify this Court and all others that claimant new address change is now at 310 N. Murray #305, Colorado Springs, Co. 80916 and at this time there is NO phone number at this address.

OBJECTION TO FINAL ORDER OF SPECIAL MASTER

On December 18th 2007, this Honorable Court issued its orders on claimant's claims under Category III. Claimant hereby object to parts of the orders of the Court.

I.

For the record, Claimant first requested accommodations while housed at the Fremont Correctional Facility (FCF) about October of 2002, but was denied because of the requests made, and was then

moved to various institutions to avoid giving Claimant the needed and requested accommadations, as noted by this Honorable Court, section II page 3, of the Final Order of Special Master.

Claimant was again told to file another request to Cathy Holst, of DOC being that the first request was misplaced. Claimant submitted the the documents while housed at Bent County Correctional Facility about April of 2003. Claimant again submitted a third request while housed at Crowley County Correctional Facility, of 2005, both request made by Cathy Holst of DOC.

On page five (5) of the Final Order of Special Master, the Court reflects claimants testimony in part to each of Claimant's Claims. On page (6) six of the same order On cross-examination the Defendants presented Dr. Orville Neufeld. D.O. as an expert witness. Dr. Neufeld was NOT made known to the claimant prior to the hearing date on November 30th, 2007, as ordered by this Court. Claimant hereby Objects to all the testimony given by Dr. Neufeld.

## II.

### OBJECTIONS

<u>Objection one (1)</u> Claimant lost full hearing in his left ear when DOC and its agents did not follow the orders of Dr. Butler, an ENT specialist, who made an order for the Claimant to be tested for a hearing devise that could have saved Claimant's hearing in his left ear. Dr. Neufeld was not qualified to make the conclusion that the loss in claimant's left ear hearing was not sufficient enough to warrant a hearing aid, when otherwise stated by a Ear Specialist, whom claimant was seen by at least five (5) times.

<u>Objection two (2)</u> Dr. Neufeld testified that in his opinion that Claimant did not have a mobility impairment, and Claimant's vision loss might be the result of Claimant's Graves disease. <u>Fact</u>, Claimant asked Dr. Neufeld if he had reviewed the hole medical records, his reply was yes. Claimant asked was there any complaints of vision loss or vision problems before March 25, 2001, his reply was he did not note any. <u>Fact</u>, Claimant records clearly reflects that the claimant was diagnosed as having Graves Disease in the year of 1986 while house in DOC. Claimant's medical records also clearly shows that Claimant had an vision of 20/20 per eye and better up to and including the morning of March 25, 2001.

(2)

As this Honorable Court noted the claimant's medical records shows the Claimant's eye were burt by a chemical known as Debrox a ear wax solution. And that DOC was put on notice that Claimant needed medical eye glasses.

Objection three (3) Dr. Neufeld does not provide any documentations to dispute the Claimant's claims of mobility impairment only his opioion Claimant did not have a mobility impairment. Fact, that Claimant medical records reflects that claimant was seen by Ortho three or more times. Claimant was diagnosed as having abnormal feet due to forst bite and swelling. Order was made for 6½ EEEE soft shoe with high Arches. Claimant medical records shows that DOC was put on notice of claimant's mobility impairment's, the record also shows that claimant was receiving injections to his right knee cap, and to be accommodated with a special knee brace, to which claimant never received.

Claimant's Medical Records as also noted by this Honorable Court, that DOC had a knowledge and was put on Notice for each and every request for accommodations by the claimant and orders from doctor's and specialist, and chose not to comply or comply in a timely manner to avoid Claimant from having a permanent disability or impairment, to which Claimant now has. See Johnson by Johnson vs Thompson, 971 F.2d 654 (1993).

This Honorable Court has already establish by the evidence that claimant was otherwise qualified to participate in the programs or receive the benefits or services offered by DOC. Claimant met the four criteria.

III

## Conclusion

Under either the ADA or the Rehabilitation Act, claimant was "otherwise qualified" for the benefits of getting (a) proper footware (b) a right knee brace and (c) a hearing aid for claimant left ear, and also glasses from the onset not three years later, each claim was denied "solely by reason of the disability."

Claimant was being treated different than the rest of the DOC offender who had proper fitting footware that was issued by DOC. It was not the claimant falt that DOC's men footware size starts at size 7 or size 7½. Claimant requested to be accommodated with a size 6½ EEEE, due to abnormal feet. DOC failed to accommodate or to act to the request made on them, even after a doctor intervention was sought. The differential treatment that the claimant was getting was not reasonably related to some penological purpose. Claimant is entitled to damages in the amount of $1,040.00. for physical therapy, and Right Knee brace.

(3)

With respect to Claimant's claim on hearing. Claimant was again being treated defferent than the rest of the DOC offender who had a proper fitting hearing aid for one or both ears, that was also issued by DOC or through DOC. Claimant requested to be accommodated with a hearing aid for claimant's left ear, after claimant started to loose his left ear hearing due to an untreated infection while housed at (FCF). Claimant was not given the opportunity or offered any other options to any of his claims. DOC again failed to accommodate claimant or to act to the request made on them, by the ENT specialist. Again the differential treatment that the claimant was getting was not reasonably related to some penological purpose. Claimant is entitled to damages in the amount of $750.00. for testing and a hearing aid for claimant's left tempro bone.

As to Claimant's vision impairment, Claimant objects to the amount awarded. Claimant feels that he is entitled to damages in the amount of $2,000.00. for optometric exam, Opthamiolgist exam, frams, and special tinted lense due to light and photo senitive. The Defendant has in every way discriminated against the claimant in each claim mention above. Claimant feels that he is entitled to damages in the amount of $800.00. for the discriminated acts by the Defendants against the claimant.

Claimant also again brings to this Honorable Court's attention that claimant was disqualified from the benefits of community corrections because of claimant's impairments, claimant was given high medical, and mental health code due to claimant's requests for accmmodations. Claimant Health, and mental Health records will reflect the same.

The Claimant moves this Honorable Court to award claimant total damages in the amount of $4,590.00. dollars. Claimant makes this request pursuant to the order of this Honorable Court and pursuant to Federal Rules of Civil Procedure Rule 53 (g)(i).

WHEREFORE: The Claimant prays that this motion be GRANTED in the interest of justice and all fairness to the claimant.

Respectfully submitted this 19th day of February 2008.

By: *Laurence Robert Warfield*
LAwrence Robert Warfield
pro se

## Certificate of Mailing

I hereby certify that I have mailed a true and correct copy of the foregoing CLAIMANT'S NOTICE AND OBJECTION TO FINAL ORDER OF SPECIAL MASTER on this 19th day of Febraury, 2008 to the following:

Clerk of the Court
United States District Court
901 19th Street
Denver, Co 80294

Mr. James Quinn
Mr. Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, Co 80203


By: /s/ Lawrence R Warfield
Lawrence Robert Warfield
310 N. Murray #305
Colorado Springs, Co 80916

**Colorado Department Of Corrections**

Name Lawrence R. Warfield
Register Number 54622
Unit CTCF cell house #5
Box Number 1010
City, State, Zip Canon City, Co 81215
(Temp)



049J82039C
$00.58
02/26/200
Mailed From S1
US POSTA

United States District Court
Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, CO
80294

80294+2501