Duncan F. Leach-1242458
3 Jester Road
Richmond, TX 77469

March 10, 2008

The Honorable Judge Edward Nottingham
United States District Court for
the District of Colorado
Alfred A. Arraj Federal Courthouse
901 19th Street
Denver, CO 80202

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 14 2008

GREGORY C. LANGHAM
CLERK

re: Montez v. Owens
    Civil Case Number 92-N-870
    Claimant: Duncan Leach
    Claim Number: 03-087
    Category III

Your Honor,

This letter is written at the suggestion of Paula Greisen, Class counsel in the hopes that you or Judge Kane would authorize the reopening of my original claim, claim number 03-087 in the Montez case due to an error on the part of the Special Master in the initial processing of my claim. The error on the part of the Special Master affected my ability to properly disclose my physical injury claim prior to my initial hearing held in June 2005. At the time I was represented by counsel however that is not the case at this time.

It recently came to my attention that the Special Master failed to provide my former counsel with the Supplemental Form for those inmates who were claiming a mobility impairment. This information came to me after filing suit against my former counsel and in the process of discovery discovering the existance of the supplemental form for mobility impaired claimants.

According to class counsel in a letter I received a few weeks ago her impression was that all mobility impaired claimants should have received the supplemental form. It appears from a review of my former counsels case file on my claim no such form was provided to him prior to the hearings in my case. The only indication that a supplemental form was provided to former counsel was a fax from the Attorney Generals Office from Darlene Hill for James Quinn providing a copy of the Supplemental Form to my counsel the day prior to my hearing on June 7, 2005. (see attached)

At the initial hearing which was held on June 7, 2005, former counsel attempted to amend the original claim to include a new theory of my physical injury however Mr. Quinn objected as the request was untimely. The Special Master ruled that I could only testify to the claims as were presented in the original claim form.

The Honorable Judge Edward Nottingham
March 10, 2008
Page 2

Neither counsel for the claimant nor the claimant was ever aware that a supplemental claim form was available until the day before the hearings held and claimant did not know of any supplemental claim form until a review of former counsels case file approximately 6 weeks ago.

Claimant as a class representative and a class member has the right to a full and complete hearing on all claims. The fact that the Special Master failed to provide the Supplemental Claim form prevented the claimant from receiving a full and complete hearing on all claims.

The claimant provided a detailed list of claims in his original claim form and properly marked the mobility impaired box on the front of the claim form. In addition to the individual claims that were listed in the original claim the claimant alleged that he was discriminated by the Colorado Department of Corrections by failing to provide "compliant housing assignments" (page 1 of attachment to original claim, attached as an exhibit). The initial claim form was a very cursory type of form and definately not designed to elicit specific information indicating the failure by the CDOC to provide specific accomodations as requested in the Supplemental Form for Mobility Impaired Inmates.

Your Honor, with all due respect, this procedural error on the part of the Special Master seriously impacted my ability to receive a fair hearing on my claim. Although there was significant delay in obtaining my medical file from the States Attorney Genrals Office once obtained by counsel if counsel had been aware of a supplemental form that was to be completed prior to the hearing it would have been submitted, however due to Counsel not even being aware of such a form existing at any time prior to the day before my initial hearing how can one say that I received a fair hearing under those circumstances.

I respectfully request that this court review the Special Masters file on my claim and determine wether a supplemental claim form was mailed to claimants counsel and if not then allow my original claim be reopened to allow an amendment to include the claim that counsel attempted to introduce at the hearing that being the failure of the CDOC to provide grab bars in claimants cell and due to that failure the claimant suffered falls in his cell causing his herniated disk and injury.

I appreciate your reviewing this matter and will abide by whatever the courts decision on the matter will be.

Sincerely,

Duncan F. Leach

xc:  Paula Greisen, Esq.

06-06-05  13:25  FROM-COLO ATTORNEY GENERAL  3038665443  T-108  P.01/03  F-473



**JOHN W. SUTHERS**
Attorney General

**CYNTHIA S. HONSSINGER**
Chief Deputy Attorney General

**JOHN J. KRAUSE**
Interim Solicitor General

**STATE OF COLORADO
DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY GENERAL

STATE SERVICES BUILDING
1525 Sherman Street - 5th Floor
Denver, Colorado 80203
Phone (303) 866-4500
FAX  (303) 866-5691

# FAX TRANSMISSION

The information contained in this facsimile transmission is confidential, and it may be legally privileged or otherwise protected from disclosure by law. This transmission is sent only to the recipients listed below. If you are not a recipient, please do not read any more of this transmission, and do not distribute or copy it for anyone other than a recipient. If you receive this transmission in error, please notify us by calling the telephone number set out below, and destroy the transmission you received. Thank you.

DATE:   June 6, 2005

TRANSMIT TO FAX NUMBER:   (303) 232-5438

IMMEDIATE DELIVERY TO:   Earl Moyer, Esq.

FROM:   Darlene Hill for Jim Quinn, Esq.

NUMBER OF PAGES (INCLUDING COVER): 3

ALPHA:

SPECIAL INSTRUCTIONS:   Re: Supplemental Form for Claimants Who Are Claiming Damages Due to Mobility Impairment – Duncan Leach.

**IF THERE IS ANY PROBLEM RECEIVING TRANSMISSION,
CALL:  Darlene Hill at (303) 866-4168.**

MOYER 00060

Duncan F. Leach, DOC No. 76849
Page 1

## ATTACHMENT TO INITIAL CLAIM FORM FOR DAMAGES

**Please describe how you believe that you were discriminated against by the Colorado Department of Corrections:**

The Colorado Department of Corrections and it's staff discriminated against the claimant by failing to provide an inmate aide, compliant accessible routes, compliant housing assignments, accessible programs and services such as mental health, food services, job assignments, recreational services, and the like. These discriminatory actions took place while claimant was incarcerated while at the Colorado Territorial Correctional Facility.

**Please describe the harm caused to you because of discrimination by the CDOC:**

I. COLORADO TERRITORIAL FACILITY

INMATE AIDE: The claimant was to be assigned an inmate aide because of his mobility impairments to assist him with his daily needs. However the inmate aide was never assigned. The claimant was forced to traverse around the facility on accessible routes that were not compliant which lead him to open doors which were extremely heavy. Having to traverse steep ramps and opening the extremely heavy doors placed unnatural stress on his lower back that over time lead to the herniation of the disks between L5 and S1 which required a fusion and a titanium support cage implanted to provide support. If the claimant had been assigned the aide as ordered by medical services the risk of severe physical injury would have been substantially reduced or eliminated totally as the help he needed to function on a daily basis would have prevented the injuries he suffered.

HOUSING ASSIGNMENT: The claimant was on at least one occasion that he remembers while at the Colorado Territorial Facility (cell house one) placed in a double bunk housing situation when transferred from the Fremont Correctional Facility to the Colorado Territorial Facility. The central office in Colorado springs did not assess the need for a handicapped cell despite an M4 medical rating and the claimant's use of a wheelchair and placed him in a cell with no toilet facilities and a limited space for someone in a wheelchair to safely maneuver. Because he was forced to double bunk with inmates not of his choosing whom he would feel comfortable with the claimant was in constant fear of injury and physical assault by a double bunk mate due to the confining nature of the cell. On a nightly basis there was some kind of verbal confrontation because of my wheelchair being in the way of his ability to get up or down from his bunk to go use the restroom, shower facilities, etc.

PROGRAMS AND SERVICES: The claimant was denied access to programs and services while at the Colorado Territorial Correctional Facility because of non compliant accessible routes, doors, and toilet facilities. In one case the claimant was required to attend a basic mental health class in

MOYER 01479