IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-439
Category III
Claimant: Cleveland Flakes, #45885
Address of Claimant: 1770 21st Street, Boulder, CO 80302

---

## ORDER OF DISMISSAL OF SPECIAL MASTER
---

    THIS MATTER came before the Special Master for hearing on April 11, 2008 in Denver, Colorado. Present were the following: Claimant Cleveland Flakes; Willow Arnold, attorney for Defendants; and Dr. Orville Neufeld, D.O., expert witness for Defendants.

    Defendants had filed a motion to dismiss prior to the hearing. That motion was taken up as the first order of business. Defendants argued that the Special Master had no jurisdiction over the claim as the alleged disability arose after August 27, 2003.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

    Claimant initially came into DOC custody on November 27, 1979. Claimant was released on parole on October 14, 1987. His initial sentence was discharged on October 25, 1990. Claimant returned to DOC custody on November 4, 2003. This was the result of a conviction in Fremont

County. Claimant was transferred to the Four Mile Correctional Center (FMCC) on December 5, 2003. It was at FMCC where Claimant was injured. According to Claimant's supplemental form, surgery was performed on his broken knee cap on May 24, 2004. Claimant stated at the hearing that he had not received surgery for three months after the accident. Claimant further stated that he had become mobility impaired as the result of the accident and had difficulty walking.

Claimant left DOC custody on parole in October 1987. It was almost five years later that this case was commended. Claimant indicated he was making no claim for what had occurred during the time period of 1979 through 1987. As a practical matter concerning this period of time, the statute of limitations had expired long before this case commenced. Claimant then returned in November 2003. The accident which led to his claim took place in early 2004. In any event, Claimant returned to DOC custody after August 27, 2003. The allegations of this claim all relate to matters that occurred after August 27, 2003. The Special Master has no jurisdiction over incidents that occurred after August 27, 2003 unless a claimant has shown that he was disabled while in DOC custody on or before that date. Claimant has not done that in this case and cannot by his own statements and pleading.

The motion to dismiss will be granted. Claimant has the right to pursue his own separate lawsuit under the ADA or Eighth Amendment.

IT IS HEREBY ORDERED that the claim of Claimant is dismissed, as the Special Master has no jurisdiction over this claim as Claimant was not disabled on or before August 23, 2003 while in the custody of DOC; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 30, 2008.**

SIGNED this 14th day of April, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

---

Richard M. Borchers
Special Master