United States District Court for the District of Colorado
Civil Action, File No. 92-cv 00870 EWN

Jesse MONTEZ (deceased)
L.R. MOORE, Pro se, et al,
, Plaintiff(s)

v.

Bill OWENS, et al
, Defendant(s)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
CLERK

## Motion To Reconsider 21 III 08 Order

Plaintiff Moore moves for Reconsideration of 21 III 08 Order, for correction of his address, for copy of "doc # 3137, 3138, and 3140, and for removal of hijacker Cathie Holst from the helm.

He does so as he was moved 28 I 08 to Box 777 Cañon 81215 (not 49030 Hwy 71 Limon) and bad addresses make mail delivery delayed and uncertain, and as at new address all his legal files seized as "unallowed paper work". That is, CSP Property (Lt. Glidewell, Gen Po I Burbank, Sgt Hiatt, Yo Dickens) has each separately told him the past is the past,

no longer to allowed to be kept — only future legal paperwork allowed at CSP. While he disagrees with this rule, Burbank has forbade him mailing his files to courts to rule and to his sole remaining counsel, Dr Hubbell. The last hour on basis Hubbell would mail back items as needed and requested by Moore, said Burbank. Moore feels that such from this court won't be immediately seized.

Further he notes that this court has said "that ship has sailed" in 2/08 order but failed to note that it left behind most passengers and that it was helmed by the hijacker Cathie Helms disguised as AAIC. That is, under Holst's helm, much of the Montez agreements have been totally ignored by CPOC, with its staff so stating. Steven Hartley wrote Moore that LCF, as long as he was Warden, would ignore Montez, and has done so as much as possible (some things are ordered by CPOC HQ).

Moore's claims, even the ones granted, have totally been ignored. Tis as if he is aboard the hijacked ship in fiction only. He still

has not been reimbursed for overpayments for chronic care and bogus wheelchair repairs and too costly Med Record copies. Nor the $50.00 for the egregious LCF arrest for detouring around its now infamous Jesse's Step that triggered this suit. Nor anything else Borchers' ordered. And LCF refused to give anyone Montez Remedial Part XIII Pod time.

Moore was Ad Gagged from LCF for insisting on Part XIII Pod time, much like Jesse's Step detour.

What is need is teeth. 1954's Brown v. Bd of Education, in itself, had little teeth. But later teeth added such as Civil Rights Act of 1964. Unlike her role model, George Wallace, Cathie Holst is not elected but was appointed with court approval. This Court can, and must, sua sponte remove her. Settling minor claims of those not core claimants (i.e. Category III's) only further the fiction that the ship has aboard its intended passengers, a la Separate But Equal.

Plaintiff Moore is not asking that this suit be readjudicated, only that there be

-4-

good faith, instead of always lipservice while pleasing those rejecting Montez.

Like Wallace, Holst might well alter course 180° if so pushed. But like him, most claimants would doubt her sincerity. There are many bleeding heart prison reformers happy to be AIC, and many ~~disabled paraplegics~~ underemployed paraplegics also. Theoretically, Plaintiffs even so why are Defendants the sole administrators of claims as if they had won? Who can better meet with imprisoned paraplegics about claims than an outside paraplegic — what physical and other things need to be done.

Plaintiff Moore has yet to see such. Nor has he seen Plaintiff Attorneys. Nor has Plaintiff Attorneys responded directly to his claims — only mass mailings — now seized with legal files.

This has become another case of bureaucracy hijacking the relief ship so as to serve themselves rather than the intended. Attorneys on both sides get careers while the oysters get eaten, a la Walrus & Carpenter. Until he was Ad Segged, thus left w/o choice, Moore

-5-

opposed Montez for these reasons, as he so predicted hijacking.

While he knows that others have similar problems, he, as pro se, cannot address them, especially not while at CSP in solitary confinement. Thus he addresses only his own — Montez Pod Time, $50.00, return of legal files, return of wheelchair, return of footbath salts & heaters, installation of accessable chin up bar as long promised at CSP. These are (other than files) new claims. All have been ordered, but rejected, in defiance of this Court, by CDOC. And file seizure defies ~~many~~ a shipload of precedent cases.

Moore does not suggest this Court can prevent piratic bureaucrats hijacking. But he does suggest it can occaisionally restrain and even remove them, ~~or at least try to.~~

If this Court is stating that his only hope of relief is to appeal the order, he will. First he wants to know that this Court understands exactly his ~~claims~~ facts and Defendants' refusals to comply with prior agreements, that such are not new claims but ones "that ship" supposedly has already ~~taken out~~ satisfied.

"THEREFORE, he asks this Court to immediately insist that his won claims, and his files, be acted on immediately such that there are satisfied — reimbursement of the $50⁰⁰ wrong charges, payment of the $50⁰⁰, return of his custom Quadra all air wheelchair & tools, return of his files, installation of chin up bar, return of footbath salts & heater, written guarantee by CDOC that he will always get Montez rod time regardless of job status (unless penalized per COPD). And a statement apologizing for needless delay (of over a decade) in above.

Further that Holst be ~~removed~~ immediately replaced by a non DOC employee who will correspond with all Cat. III Montez Plaintiffs upon appointment. He suggests exprisoner Masters as one who knows CDOC well and, as now DA admits was wrongly convicted, CDOC cannot object to on basis of criminal record. And he deserves a job at public expense as compensation. That is, he is qualified, most worthy, and has more experiance than any. Another possiblity would be one of the Lawsons.

the Court did NOT consult plaintiffs in appointing Holst, only Defendants. Now let the opposite be true.

THEREFORE, despite being ignorant of exactly what was denied in the 21 III 08 Order, Moore respectfully requests reconsideration so as to effect relief as herein.

Respectfully Submitted on this 07 day of ~~April~~ May 2008 by Plaintiff Moore pro se.

L R Moore

L R Moore 47702
Box 777
Cañon 81215
Colorado

Copy simultaneously sent Attorney General at 1525 Sherman 5th Floor, Denver 80203.