In the United States District Court of Colorado.

92-A-87 Claim C-002
92-cv-870-EWN

Jesse Montez
Class Member Stephen Moore

vs

Bill Owens

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 13 2008
GREGORY C. LANGHAM
CLERK

SYSTEMIC VIOLATION OF ADA By D.O.C MEDICAL

Violating 42 USC. 12112 (D) AND ALL ADA

The Defendants Have Systemically Evaded ADA Compliance By 'Medical' Pretext, ploys, to Administrative means of Discrimination, Non Compliance. Obstruction

(1) DOC Medical Systemically Deny 'Verification' 'Verified Disability' Highlighted By Their A.R.S 750-04- I, III J, IV A-6, & IV 6, IV B 6. DOC ADA Regulations.

(2) Moore with 2-6 hrs Daily Total Vision, 20-4.75 Vision + Eye Injury Has Been Repeatedly Denied Disability Status by DOC DRs. Blatantly ommitting Vision limits to 2-6 hr a Day to Medical. Malpractice By "Failing to make Essential Entries, Lack of Record Keeping Violated Standards of Care as Un Professional Conduct" C.RS 12-36-117 (1) (CC)

(3) 6-14-07 Exam By DR Timothy P. Creany ommits Duration Limit of 2-6 hr Vision A Day.

(1)

(4) <u>9-29-04</u> ADA Screen By Dr Joseph Weimers <u>omits</u> <u>2-6 hours Vision A Day</u> & Left Eye Injury Painkiller 1997 to 2007 For Vision Pain.

(5) <u>7-9-07</u> Optometry Exam By Optometrist John Saxon ommitts duration of 2-6 hours Vision A Day, states Vision Without Correction 20-800, Existing Rx 20/30 And states "Malingering" omits Bifocal Use Causing Severe Debilitation.

(6) <u>1-29-08</u> Optometry Exam (Not ADA) Says "Not Happy c Rx" Says Rx At Time 20/20 < (By Nurse.) Thus ommitting. Nurse In Fact omitted Optometrist Record & Rx 2 Pr. To Records Keeping Violation. 2 to 6 hours Vision, Pain, Injury, Debilitation By Bifocals. Bifocal. Corrective Device That Does Not Relieve Disability (Sutton A 2149

(7) Q - Each Above Exam, ADA Specific Excluded Duration Limit. of "Substantially Limits" "Manner or Duration" AR Regulation 750-04 III B (1) K, Sutton 119 Sct. A 2169, 42-12102 (2) Substantially Limited Not Utter Enability Kirking Burg 119 Sct. A 2169

(8) 2-12-08 ADA Exam By Nurse Practitioner Susan Martin States Vision 20/50 2 weeks After 20/20 of Nurses 1-29-08 Exam. States Vision Fatigue After 2-6 hours Constant use.

CHANGING 2 TO 6 hours <u>Total</u> <u>Daily</u> <u>Vision</u> to "Constant use" moore Does Vision In Shifts With Constant Pain Killers & Cold Wet Compresses To Relieve Pain.

(9) DOC. HAS SET UP MYRIAD OBSTACLES, TO EXCUSE A.D.A. COMPLIANCE IN TOTALITY BY MEDICAL

(10) DISCRIMINATION By REFUSAL TO "VERIFY" AR 750-04 I, III J,
IV A-6, IV G OVER RESTRICTIVE POLICY, VARIOUS ADMINISTRATIVE MEANS.

IV B 9 "ACCOMODATIONS DO NOT INCLUDE CLINICAL CARE"
Excluding READING glasses.

IV. B 6 "NOT SEVERE ENOUGH, NOT ENTITLED, MANAGED
CLINICALLY, SHALL RECIEVE APPROPRIATE TREATMENT + RESTRICTIONS"
MADE 21 MONTHS NO GLASSES, NOW 2-6 HOURS VISION A DAY

IV G I  "NON CLINICAL ACCOMODATIONS"
'C.M.O. CLINICAL ACCOMODATIONS'

(11) By A.D.A. MEMO. FROM HOIST. SEE ATTACHED EXIBITS.
'COVERED DISABILITY WITHOUT AN ACCOMODATION'
'NO NEEDS BEYOND CLINICAL TREATMENT'
(moore per 'TREATMENT' BIFOCAL 2 hours BAD READING VISION
A Day) Dogged persistence in ineffective treatments Greeno 414 F3d 645 +
REFUSED EFFECTIVE OPTIONS, OR THWARTED TREATMENT / ACCOMODATION.

✗ "A.D.A. HAS NOTHING TO DO WITH MEDICAL
CARE" CITING EXAMPLES; WHEELCHAIR, 1 ARM, DIABETIC
Blind, NERVE DAMAGE, ADA IS SPECIFIC TO MEDICAL ISSUES
Thus MEDICAL TREATMENTS MAY / ARE CENTRAL TO DISABILITY +
ACCOMODATIONS. See 42 USC 12112 (D) ADA APPLIES TO
MEDICAL
               'WILL NOT SUPERCEDE            THE JUDGEMENT
OF CLINICAL SERVICES' OF MEDICAL SEEMINGLY IGNORANT OF ADA.

'NO NEEDS BEYOND CLINICAL TREATMENT'

(12) This By PERSONS WHO Claim VISION DISABILITY STARTS AT
LEGALLY BLIND, 2-6 hours TOTAL VISION IS NOT DISABLED

3

And systemically excludes 2-6 hours total daily vision, Bifocals severely affect vision, excluded reading glasses from any treatment, alters medical records systemically, held 21 months no glass. (Following ADA Request) Said 20-3.25 or worse vision 'to go without glasses' (2 yrs.) Moore v Neil 149 F3d 1191 unpublished that plain ADA filings on DOC + C.S.P. Entities were on persons to court dismissal of ADA claim, + 21 months no glasses were not constitutional violations. (Moore v Owens, 00-N-2320) (Moore so blinded by vision care unable to appeal), Refuses to answer numerous disparate ADA grievance by rote denial of 'Duplicative', refuses all Step II ADA Grievance response. Repeatedly issue inaccurate glasses. And now only provides any medical care only after extensive ADA litigation, refusing 1-29-08 Rx. 2 pr. glasses. Denys initial request as 'not legally blind' Now 'Vision Impaired' 2-6 hr total daily vision 'clinically treated'. Ⓑ See exhibits. Grievances to 'clinically treated' dismal record of vision care A-C. Moore mentions, law suits. ADA + state court filings to disability + cruel + unusual punishment. OR.

| 1996 Vision 20 3-25 | 2008 20. 4.75 |
|---|---|
| Vision Range/Duration Normal | 2 hours reading 4 day |
| Injury affects vision | 2-6 hr total vision, pain |
| With Reading + Distance glasses | + constant debilitation. |
| | No. TV. Without distance vision use |
| | Exacerbates reading problems in 2 hrs. |
| | Constant pain pillows + cold compress to eye |
| | Injury controls vision |

4

(13.) The Defendants have set standards that Disabled Be Found 'Vision Impaired' be within ADA Disabled, But Claim Clinically Treated' thus Excludes any ADA Protections.

To Moore. With Vision + Mental Disabilities, is Excluded from ADA + Montez

Montez Pg. VIII A-1
CSP Disabled "will Be Placed Back into General Population. per. 42 USC 12101 A 25. Isolation + Segregation of Disabled Pervasive Discrimination 'Undue Institutionalization of Mentally Ill Discriminates' 42 USC. 12132, "Unjustified Segregation of Disabled is Discrimination 12102 (A)(5)

See Olmstead v Zimring 119 Sct, 2176.

(14) By 'Clinically' Treated, Moore could be found Vision Impaired, + Denied Interactive process + Accomodation

Found Mentally Disabled' while DOC says Clinically Treated' as in OMI Mental Unit Now. That is Segregation + Isolation' Causing Mental Illness Exacerbation. By Case Law Isolation Causes mental Illness. By AD SEG Conditions

Jones 164 F.Supp2d 855

Coleman 912 F Supp. 1252

Madrid 889 F Supp. 1140    McInrey 4 F Supp 2d 195

Ramos. 634 F2d 559, Isolation, Sensory Deprivation. Ct. Courts

(15) Sytemic Denial of 'Mentally Unassigned' Montez XXVI B.+ "will not Be Housed in Higher

5.

Security Facilities.

(16) Be found vision impaired + mentally disabled but 'clinically treated' by conditions directly causing physical + mental detgination, blinded by bad vision care + Ad Seg mental illness.

(17) Be 'clinically treated' by OME mental facility or 'Prozac' to systemic denial of all ADA protections?

(18) By 'clinically treated' + ADA be thwarted by D.O.C. medical or security, <u>by pretext of medical be able to systemically abort ADA in entirety.</u> <u>In D.O.C. executive + security far subordinates</u> medical.

(18) Other fallacies of 'clinically treated'

Is 'legally blind' standard to deny disability to most with vision problems. Most are not blind but impaired nonetheless

Under 'clinical treatment' omit "shall document nature + severity of limitation" to systemic exclusion of Montez main vision function of 2 to 6 hours a day vision, with glasses Montez XXVI Exhibit D. to systemic ADA exclusion, see pan 2 to 8.

(19) By 'clinical treated' may systemically invalidate all ADA protection + Montez VIII A-1 'disabled to population,' Montez X B-5 'equal access' by debilitating bifocals to Montez 'EQUAL ACCESS TO COURTS'

6.

Month XXVI    B    Health Determination of Medically Unassigned!

(20) 'Clinically Treated' will most certainly Deny Interactive Process 42 USC 12112 B 5 A. 29 CFR 1630. Taylor 184 F3d. 296, and 'Most Integrated Setting' 42 USC 12182 B Kirking Bing. 143 F3d. A 1232, Helen 46 F3d. 325

(21) 'Clinically Treated' final condemnation is 3-20-08 CMO Frantz, 3-5-08 Holst Accommodation claim correctable 'By Prescription Corrective Lense' 'your Vision Impairment does not Substantially limit' after years litigation. Driven By Pain, Debilitation + Vision Detriation. 'Clinical Services shall manage all Aspects of Clinical Care as — relates to Vision Impairment/ per 2 to 6 hours Vision. Ommission of 'Duration' in Systemic malpractice in ADA Screens, to Also Omit Severity of 'Bifocal Debilitation' to 10 years of Pain pills. Court Access + Denial of Equal Opportunity By Debilitating Vision Care, Denial of Base Vision Care 'Reading Glasses' Routine Denial of Disability + Accommodation, 21 months No Glasses, Altered + Ommission of 1-29-08 Optometry Exam, Denial of 9-30-99 + 12-4-00. Specialist

7.

Prescribed care or glasses for reading + distance also prescribed 1-29-08. See exibits + motions.

It seems clinical care by persons stating 'ADA has nothing to do with medical care' memo 750-04 IV B 4 (Regulation 'Accomodations do not include clinical care'

The systemic denial of Montez XXVI shall document nature and severity of limitation' omitted by systemic exclusion of 2-6 hour daily vision, severity, Bifocals impair reading general exclusion of 10 years pain pills for debilitating care

Medical is used a pretext to evade ADA and is systemically in violation of ADA compliance. By fact moore writes this vision impaired without 'Reading Glasses' in Isolation + Segregated.

Certificate of Service
To Colo A.G
1525 Sherman St 5th
Dn Colo 80203
King + Greisen

Sworn 3 Day of May 2008
By Stephen Moore

Stephen Moore 57351
Box 600 B-2-9
Canon City Colo
81215

8

# ACCOMMODATION RESOLUTION

| NAME | MOORE, STEPHEN | DOC # | 57381 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a medical provider & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC medical provider and the Chief Medical Officer have determined that you have a **VISION IMPAIRMENT** that is correctable by the use of a remedial measure, i.e., **prescription corrective lenses.** Your corrective lenses are considered a health care device and subject to the provisions enumerated in AR 850-06, "Offender Property" & AR 300-06 *"Searches & Contraband Control."* With the use of your health care device, your vision impairment does not substantially limit your ability to perform a major life activity, therefore your condition does not rise to the level of a disability pursuant to the ADA/Rehabilitation Acts.

You are required to wear your corrective lenses at all times in order to avoid situations which may affect your safety while incarcerated. **If your corrective lenses become unusable for any reason, you are required to immediately notify clinical services and the AIC.** The CMO & AIC may implement temporary accommodations, as necessary, until such time as your corrective lenses are repaired or replaced.

Clinical Services shall manage all aspects of your clinical care as it relates to your **vision impairment** and all requests related to such care should be directed to Clinical Services. The AIC is neither responsible for nor qualified to make decisions regarding your medical care. The AIC will however, intervene as appropriate, when you do not receive clinically mandated treatment, services or benefits as prescribed by a DOC physician, related to your vision impairment and will issue temporary accommodations should your remedial device(s) become unusable, providing that you are considered DISABLED without its use. You may file an ADA grievance pursuant to AR 850-04 or contact the AIC in writing. If your condition worsens and you feel you require accommodations to access programs, services and benefits, please complete and submit a new Request for Accommodation to the AIC.

You have 30 days from the date this document is served upon you to grieve your disability status and/or the accommodations that are or are not being provided pursuant to this Accommodation Resolution.

_____    3/2/08
Signature: Chief Medical Officer         Date

_____    3-5-08
Signature: AIC                           Date

Prepared: February 25, 2008

Original – AIC
Copies:  1-Warden
          7-Warden for distribution to the following:
             1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA
             2 – Offender    1-Housing Unit Supervisor
          AIC will distribute 1-Department File, 1 – Chief Medical Officer

| | | | | |
|---|---|---|---|---|
| DEPARTMENT MANDATED | **DEPARTMENT OF CORRECTIONS** | | Printed By: BUTTON, ROBYN E | |
| Page 1 of 1 | **AMBULATORY HEALTH RECORD** | | Printed at: 02/12/2008 12:07:58 | |
| | | | Encounter#: 1605753 @ CF | |
| 57381 | MOORE, STEPHEN | Facility: CF | LU: CCF/UNIT2C | C  1  11  I |

| Temperature: | Pulse: | Weight: |
|---|---|---|
| Respiratory: | BP:    / | |

**SUBJECTIVE**

Active Medication(s): ZANTAC - 150 MG - ONE TABLET TWICE DAILY

Offender is here for ADA re-screening for claimed vision disability. O. states he fell & fractured his left orbital socket. Since the injury: (1) O. states his left eye fatigues over a period of 2 to 6 hours of constant use, then begins to drift off to the left; when the eye drifts, he states his L eye line of sight does not align with the bifocal in his glasses, so he can no longer read. O. states he did not have this problem reading when he had separate pairs of glasses, one for distance & one for reading only, but was issued bifocals in 1996 & the above problems started to occur. (2) He states the eye "globe" presses against his optic nerve, causing him pain from the outer left edge of his L eye down his cheek, to his left ear. O. states he had been prescribed & took pain killers daily for 10 years for this pain, but stopped because he no longer wanted to be on them. Also states he really didn't need the pain killers with his last pair of glasses received in 2006 because the glasses "worked" better and did not cause as much pain. (3) Offender was prescribed another pair of glasses in 7/2007 (his current pair), but he complains they cause the increased fatigue/eye strain & pain as described above. (4) O. was seen again by another optometrist 1/29/08 - glasses have been ordered, but have not arrived at the facility yet. This last prescription is very similar to the glasses he had received in 2006. Finally, the O. states a lot of his family members have bad vision problems; his mother had glaucoma & bad eyesight and his aunt's visual acuity rapidly deteriorated within a year. O. states he has 20/500.

**OBJECTIVE**

54 y/o Caucasian male, A&Ox3, presents to the clinic wearing issued prescription bifocals.

HEENT: PERRLA, EOMI; no cataracts, no history or evidence of glaucoma. Last eye exam: 1/29/08. Visual acuity with current bifocals: 20/50 bilaterally; visual acuity without correction: <20/200. O. read 11-font print wearing his bifocals today during the exam.

**ASSESSMENT**

367.1 - MYOPIA
367.4 - PRESBYOPIA
99456 - DISABILITY EXAMINATION

Addendum by BUTTON, ROBYN E at 2/12/2008 12:07:44 - printing of encounter only

**PLANS / ORDERS**

Datetime: 02/12/2008 11:12    Providers: MARTIN, SUSAN

PA/NP/RD _____ PHYSICIAN  _____ NURSE _____
Datetime: 02/12/2008 11:12    Provider: MARTIN, SUSAN    DateTime: 2/12/8 1300

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)

# MEMORANDUM

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| To: | Offender |
| From: | Cathie Holst<br>AIC |
| Date: | April 08 |
| RE: | ADA Process Instructions |

You are beginning the process of requesting accommodations pursuant to the Americans with Disabilities/Rehabilitation Acts (ADA). These Acts require the Colorado Department of Corrections to provide offenders with disabilities accommodations which allow them to participate in programs and services available to able-bodied offenders. There are, however, limitations to this entitlement:

- **You must be "otherwise qualified" in order to receive the accommodation.** This means, for example, that a blind offender would not be assigned a reader to participate in GED class if the blind offender had already graduated from high school.
- **The requested accommodation must be reasonably related to the disability.** In other words, if a deaf offender who was otherwise healthy requested a wheelchair, the request would be denied.
- **It is possible to have a "covered" disability without needing an accommodation.** You may be diabetic but have no needs beyond your clinical treatment. You may contact the AIC in the event your situation changes and you require an accommodation in the future.
- **The DOC is not required to institute or change any policy or procedure that would compromise safety, security and legitimate penological concerns.** You would not be moved to a lower security facility than is permitted by your classification, even if it was better suited to your disability.
- **Not every condition causing you pain or discomfort is a disability.** You must be "substantially limited in your ability to perform a major life function", such as walking, seeing or hearing.
- **The ADA process will not supercede the judgment of Clinical Services.** If you feel you need stronger pain medication, surgery, orthopedic shoes, a specialist consult, etc. you must take this up with Clinical Services. It is not an ADA matter.

**The ADA has nothing to do with medical care.** The ADA addresses access to programs and services.

Some examples of appropriate requests for accommodation are:
- You are in a wheelchair and request to be moved into a handicapped cell
- You only have one arm and require a open-front shirt
- You are diabetic and need permission to leave your GED class in order to take your insulin
- You are deaf and require a cell with a strobe alarm
- You are blind and request permission to have books on tape and a tape recorder in your cell
- You are deaf and request a sign-language interpreter for your COPD hearing or a required



**The Americans with Disabilities Act and the Montez Remedial Plan are not ways by which you may make 8th Amendment claims against the DOC; medical or other clinical matters will not be addressed under the ADA. The ADA has nothing to do with medical care, and no disputes with Clinical Services will be investigated.** In short, the ADA is about access to programs and services; not medical care, although the difference between the two can sometimes be difficult to grasp.

Some examples of appropriate requests for accommodation are:
- You are in a wheelchair and request to be moved into a handicapped cell
- You only have one arm and require a open-front shirt
- You are diabetic and need permission to leave your GED class in order to take your insulin
- You are deaf and require a cell with a strobe alarm
- You are blind and request permission to have books on tape and a tape recorder in your cell
- You are deaf and request a sign-language interpreter for your COPD hearing
- You are blind and request an aide be provided in GED class to read to you
- You have a nerve disease which prevents you from being able to write and ask that you be permitted to take oral rather than written tests in GED class.

We ask that you consider your situation realistically. If you believe you are disabled and require an accommodation, there are some preliminary steps to take. In order to begin investigating your request I must have a completed request for accommodation form and a medical release. These forms are enclosed.

1) The <u>Authorization for Release of Confidential Information</u> must have your full name, DOC number and date of birth filled in at the top and must be signed by you and a witness at the bottom. The Release must be signed as is. **You are not permitted to edit, redact, or alter the terms of the release.** If the Release is not returned as written, your accommodation request will not be processed.

2) The <u>Request for Accommodation</u> should indicate your name, DOC number, facility and the date (Part I). Check which disability or disabilities you are claiming (Part II). Finally, complete the form by stating the accommodation you request in the space provided (Part III). You may attach ONE additional page if necessary to fully explain your condition and requested accommodation. Do not attach documents from your medical file, grievances, etc. Sign the form. Do not complete or attempt to have anyone complete the Verification portion of the form on your behalf.

Return the two forms by interfacility mail to:

**AIC, 2862 S. Circle Drive, Colorado Springs, CO 80906**.

When your forms have been properly completed and returned to me, I will begin to investigate your request for accommodation.

Thank you.



# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 152
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

# MEMORANDUM

TO:   Offender MOORE, STEPHEN, #57381

FROM: Adrienne Jacobson, Legal Assistant, Designee *Adrienne Jacobson*
Office of the AIC (ADA Inmate Coordinator)

RE:   ADA Screening

DATE: April 22, 2008

---

I have received your Request for Accommodations and Medical Release and a copy of each is being returned to you with this memo. You are being referred to a DOC medical provider for a disability screening. You will be contacted if additional information is required by my office. A DOC medical provider and the Chief Medical Officer (CMO) will make the determination as to whether or not you have a qualifying disability pursuant to the Americans with Disability Act (ADA) in approximately 60 days. You will be notified at that time of their findings. If additional time is required to perform specialized tests or obtain further information to make an informed decision, I will notify you of the delay.

Only a medical provider can determine whether you have a disability and what if any assistive devices, restrictions, medications, treatment regimes, therapy, etc., are medically necessary. The AIC is not qualified to make such determinations. The AIC will discuss all non-medical accommodations with a physician and the CMO prior to their implementation.

The role of the AIC is to ensure that disabled offenders have access to programs, services, and benefits equal to those of able-bodied offenders. The AIC is involved in the accommodation phase only to the extent that non-medical accommodations are necessary. For example, if you are unable to walk and the medical provider and Chief Medical Officer determine that you require the use of a wheelchair, that is a determination that must be made by clinical staff; not the AIC. If you then want to attend a class that is available on the second floor and there is not an elevator, the AIC would be responsible to ensure that the class is moved to a location that is accessible to offenders in wheelchairs. This is a non-medical accommodation.

Thank you.

cc: AIC File

Revised 5/06



DC FORM 850-4A (10/04)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number CSP 06/07-306    STEP (Circle One) 1 (2) 3    ADA? Yes ☐ No ☒

NAME: Stephen Moore    DOC NO. 57381    FACILITY CSP B 412

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Eye Exam. Policy says eye exam every 3 years or as needed. Moore has cronic vision problems. This effectively will cause Moore to use a inaccurate script that is now causing him pain + debilitation, to use this script 2 more years will be actual torture. Causing longterm pain + debilitation, severe trauma to vision. Do I have to file a law suit on this. I have filed 3 on my vision problems.

Moore notes he has had more than 3 exams since 2000. And there's been both problems with inaccurate prescriptions + error in processing. Review of Moore medical file will reveal severe constant vision problems over the last decade. Denial of eye exam for 3 years is tatamount to complete denial of vision care. General opthamology text P.S. 403 states low vision is difficulty seeing even when wearing glasses + 'injury' to vision problems. Request exam.

I WILL PAY!!

DATE: 6-21-07    OFFENDER SIGNATURE: Stephen Moore

DATE RECEIVED:    RESPONDING STAFF SIGNATURE & ID

RESPONSE: Med - Erickson

Mr. Moore: You have had numerous eye exams inlcuding opthalmology appointments. You have had appropriate care as it pertains to your vision. Grievance denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 7/9/07    SIGNATURE/PRINT NAME & STAFF ID # 3453 Lynn Erickson

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Medical

DATE: 6-25-07    SIGNATURE/PRINT NAME & STAFF ID # S Moore 869

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: 7-12-07    OFFENDER SIGNATURE/PRINT NAME & DOC # Stephen Moore 57381

Original: Department File/AIC    Copies: Working File, Administrative Head Member, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

Unqualified controlling medical care + administrative methods of discrimination

RECEIVED JUL 0 3 2007

DC FORM 850-4A (09/94)

# COLORADO DEPARTMENT OF CORRECTIONS
## OFFENDER GRIEVANCE FORM CS99-253B
### STEP One    medical

NAME STEPHEN MOORE DOC NO 57381    FACILITY CSP 48-21

Instructions:
1. Fill out identifying data legibly in space provided; VIOlATEd
2. Clearly state basis for grievance or grievance appeal; policy
3. Describe the attempts made to resolve the problem; Any APPlicABle
4. State specifically what remedy you are requesting; DENIAL RX
5. Attach copy of prior step in grievance process (9-30-99) CARE 2 PR.

Holt involved in denial + Neufeld should not answer, obstruct grv.

REQUEST: PRESCRIBEd VISION CARE OF SPECIALIST EXAM! ON 5-10-99 DR. REfERED TO SPECIALIST AFTER 7 UNSUCCESSFull OPTOMETRY VISIT(S) ON 9-??-99 DR SAlomER AT STATE HOSPITAL STATED 20-400 DISTANCE VISION, TWICE LEGAlly Blind, 42 USC 416(i)(1), OF 20-200, UNCOARECTED. "SigNiFiCANT" LEFT EYE INJURY, PRESByOPIA (NEAR) MYOPIA (FAR) PROBlEM, 20-200 (DOUBT) NEAR, ASTIGMATISM (EYE IRREGUlARITIE) And RX 2 PR. FOR NEAR+FAR TO ADDRESS EYE INJURY, AGE And VISION PROBLEMS. ON 10-21-99 DR HOlT And NUEFEld REMANdEd RX, WITH NO PhYSiCAl EXAM EVER OF LEFT EYE DisplAced, BACK, TO LEFT And DOWN. ON 11-8-99 MOORE FORCEd BIFOCAlS (UNUSEBlE) NEAR SElECTEd, OR FAR (NEEded). NOW 20-400 NOT CORRECTEd, SAME BAD CARE OF LAST 3 YR. 14R NO GlASSES AS NOW! AR. 700 IV (K)(1) "IT SHAll BE THE POlicy ---- TO IMPlEMENT All MEDICAl OREERS" ViolATEd 3-98 EXAM AlSO. IV(K)(4) AT NO TIME SHAll A MEDICAl ORDER BE IGNOREd OR NEGlECTEd." IV(K)(5) "WHENEVER CONFlICT ARISES AS RESUlT OF A MEDICAl ORDER --- NO DElAy OF IMPlEMENTATION SHAll OCCUR." SPECIAlIST MUCH MORE QUAlIFIED, THAN PERSON OF REMANd.

DATE: Nov. 16, 1999    OFFENDER SIGNATURE: Stephen Moore 5-7381

RESPONSE:

Mr. Moore,

Your numerous grievances to date regarding your vision care have been addressed. Current Grievance inappropriate. Grievance denied.

RECEIVED NOV [?] 1999

If you are dissatisfied with the response to this Step 1 or Step 2 grievance, you may obtain further review by submitting the next step to your Case Manager or the Grievance Officer.

DATE: 12/6/99   SIGNATURE: Kim Burford, Admin Assist III

RECEIPT:
I acknowledge receipt this date of a complaint from the above inmate in regard to the following subject: Medical

DATE: 11/18/99   SIGNATURE: Kim Burford, Admin. Assist. III

RECEIPT:
I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE:    SIGNATURE:

20035   Distribution: White-Department File   Canary-Working File   Pink-Administrative Head   Goldenrod-Inmate   DOC-MOORE 1498

ATTACHMENT "A"
Page 1 of 1

DC FORM 850-4B (10/02)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**Assigned Grievance** C-C503/04-006   **STEP** THREE   Medical

**NAME** Stephen Moore   **DOC NO.** 57381   **FACILITY** CSP A624

**Instructions:**
Enclosed Rx 2 pr
9-30-99 Rx 06A 3 pr
12-6-02 Rx 850 Allowed Glasses

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP IN GRIEVANCE PROCESS.

**REQUEST:** Provide prescribed vision care of 4 specialist + optometrist prescriptions to comply with your own regulation all medical orders be followed as stated, in Estelle v Gamble 97 SCT 285 see note 10. Moore with 20-400 vision, states past 20-200 medical + legally blind. Sutton 119 SCT 2139 Bexter 825 F.Supp 1411 with injury aggravating vision problems. Injuries can cause blindness years later. Midler 207 F3d. 453, 7Th87. Koel v Dalsheim 85 F3d. 86 2nd 96. Moore now has no reading glasses is disabled to court access. By fact. Moore on 9-30-99 and 12-6-02 was prescribed 2 pair of glasses by 2 specialist, per 20-400 vision + injury.

Own regulation state all medical orders shall be followed AR 700-01 IV K 1,24 ST & 700-02 F. This is same language as Estelle all medical regulations shall be followed 97 SCT 1291 Note 10. By 855-06A allows 3 pair of glasses. Moore on both 3-25-02 & 1-27-03 was prescribed 2 pair of glasses. Holt + nurses responding to prior grievances lied directly. Fact moore vision presyopic is "physiologically blurred near vision" General Opthamology pg 407 (Glossary) pg 365 "inability to read small print" pg 365. This is direct violation of Americans with Disabilities Act that require "interactive process", as patient knows what works 42 USCA 12112, (B)(5)(A) see attached
see page 2.

**DATE:** 9-23-03   **OFFENDER SIGNATURE** Stephen Moore

**RESPONSE**

---

If you are dissatisfied with the response to this Step 1 or Step 2 grievance, you may obtain further review by submitting the next step to your Case Manager or the Grievance Officer.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|
| **RECEIPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| **RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File   Copies: Working File, Warden, Offender

ATTACHMENT "B"

DC Form 850-04A (07/04/07)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: **CCS07/08-121**   STEP (Circle One) **1** 2 3   ADA? Yes ☐ No ☐

NAME: Stephen Moore   DOC NO. 57381   FACILITY: CSP B-4-12   MEDICAL

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Medical cover up, Denial of vision care to impair + deny exam to not expose falsified medical records. Moore has 20/500 vision + left eye injury 90% vision loss by Geneve optomology teat. Nurse on todays med line said Moore would not get another exam. This comes after medical destroyed 6-07 P.O.D. exam by Dr Wright, + falsified 7-9-07 optometry exam by 20-500 + injury was malingering. Thus setting medical record that prejudices + obstructs all future eye care. On same day 7-9-07 optometry exam, Erickson denied eye exam on Step II grievance. Moore was told in writing in 2 med kites that he would be examined by Dr Wright for pain killers for left eye injury. Moore believes the written claim he will be examined for pain killers is a direct lie. Part of cover up. Moore used pain killers 1997 to 2007. The recent script aggravated injury by bad script. Moore believes the 7-5-07 exam may be totally fabricated to 20-500, vision injury "malingering". Then 20/30 20/50 (20-40 vision) at start of exam should be 20-25 by end of exam. See 7-07 Rx -4.75  9-06 -4.50. The change in script clearly indicates Moore's vision could not be 20-25 without script. After loss of Dr Wright's exam, falsification of 7-07 optometry. Now medical deny correction of inaccurate script of 7-07 probably inaccurate on purpose to impair + punish. Stop medical cover up, lies, + corruption.

All medical falsified

DATE: 12-17-07   OFFENDER SIGNATURE: Stephen Moore 57381

DATE RECEIVED: 12-22-07   RESPONDING DOC EMPLOYEE: Kathleen Boyd NP #12547

RESPONSE: Med-Boyd.
Each grievance shall address only one problem or complaint and include a description of relief requested according to AR 850-04.
Grievance denied.

Reply 12-25-07

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 12-22-07   SIGNATURE: Kathleen Boyd NP Kathleen Boyd NP #12547
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: medical

DATE: 12-17-07   SIGNATURE: S. Moore  S. Moore 389
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: 12-25-07   OFFENDER SIGNATURE/PRINT NAME & DOC #: Stephen Moore 57381

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

RECEIVED DEC 19 2007

C-002

STEP I GRIEVANCE 5-3-08   ADA. Stephen Moore, CLF B-29

"Systemic Medical Dept Non Compliance with A.DA. DOC. Has used Medical to Evade ADA Compliance. 42 USC. 12112 (d) The ADA applies to Medical. There appears to be Systemic Evasion of ADA By Denial of 'Verification' of Disability + Various Administrative Methods. This is How First 3 ADA Screens omitted He Had 2-6 hour vision daily with Glasses. Last ADA 'Vision Impaired' B~~ut~~ ommits 2-6 hrs vision with Glasses is disabled. By ADA memo 'ADA Has Nothing to Do with Medical Care' 'No Needs Beyond Medical Treatment'. It is asinine to say vision, hearing, mobility Ect <u>Medical Conditions</u>, That much of ADA Accomodation will Not Be Medical Devices.

Regulation Deny as Bifocals only, Excludes Reading Glasses Basic to vision Impairment. This is plain Evasion of ADA 750-04 IV B 4 'Accomodations Do Not Include Clinical Care' IV B-6 'Not Severe Enough' 'Managed Clinically' Moore By Medical Has Been Denied Glasses 21 months, Bifocals Prescribed By Nurse 1-29-08 Limit READING vision to less than 2 hours vision a day. Medical Directly Destroyed 1-29-08 optometry Exam that documented Duration Limits, 3 DRs Excluded 2-6 hours vision daily in ADA Exams. 1 ADA Exam Excludes Repeated Rx 2 PR, 1 Exam Claims 'Malingering'. Creating Pretext + Evasions of ADA. Which is Just as Applicable to Medical as Rest of DOC. Denial By Pretext, Non 'Verification' ~~or~~ Clinical Treated' violates ADA Also"

C-002

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: CS 07-08 315 —1/46

STEP (Circle One) 1  2  (3)

ADA? Yes X  No ☐

NAME: Stephen Moore   DOC NO. 57381   FACILITY: CCF C-1-11

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Refuse to Answer ADA Grievances, Obstruction of ADA + Resolution, Court Access. Denial 'Access' pg. 13 x 5, Violation XII, ADA 'Grievance' pg. 14, Montez Pln. D.O.C. Systemically Refuses to Answer ADA Grievances. On 11-26-07 Holst made rote arbitrary denial to disparate issues all Step II's, none were answered with vision + mental disability. This denys ADA compliance, Resolution, Grievance + court access. Denial includes CS 07/08. 315, 370, 365, 372, 327, 361, 221, This Systemically Obstructs A.D.A. to Moore with 2 to 6 hours painful bad vision a day with glasses. Denied disability. The Bifocals severely impair reading.

Answer Step II Grievances. Stop Obstruction of ADA compliance.

(Montez Remedy)

Refused Answer no Step II on II's on numerous issues

DATE: 4-23-08   OFFENDER SIGNATURE: Stephen Moore

Each Grievance with no response needs to be processed Individually

CCF 82-9

PER AR 850-04 IV.B.1.a., "At each step, the offender must attach a copy of the previous steps and responses".

YOUR STEP III GRIEVANCE WILL NOT BE PROCESSED UNTIL YOU PROVIDE A COPY OF YOUR COMPLETED STEP I and/or STEP II. PLEASE RE-SUBMIT THIS GRIEVANCE WITH A COPY OF THE ANSWERED PREVIOUS STEP(S) FOR PROCESSING. THANK YOU.

NO PRIOR COPIES ATTACHED

CHARMAINE EDIGER
HSM GRIEVANCE COORDINATOR

DATE: ___   SIGNATURE/PRINT NAME &DOC EMPLOYEE, CONTRAC...

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the follow...

DATE: 4/24/08   SIGNATURE/PRINT NAME &DOC EMPLOYEE, CONTRAC... 3770

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: ___   OFFENDER SIGNATURE/PRINT NAME & DOC #

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

C-002 D

DC Form 850-04A (07/01/07)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

R4/40 S 11/28 KM

Grievance Number D-CS07/08-372    STEP (Circle One) 1  2  3    ADA? Yes ☒  No ☐

NAME: Stephen Moore    DOC NO. 57381    FACILITY CSP B-4-12

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: ADA screening. Request per previous abuse per Montez XXVI shall document nature + severity of limitation. By screening, DR was so interested in denial per inapplicable legal blind standard I(A)(2) to ignore 20 500 vision injury, pain killers 97 to 2007. Now 24 hours vision a day. DR systemically ignores that with or without reasonable accommodation on disability involves ability to perform major life activity. Includes impairment. By "duration" of problems.

By 20-400 vision, is 90% vision loss, simular injury 60% impairment. General opthamology Table F pg 39A. P.D.R. opthamology. OR 20-60 is low vision. American Academy of opthamology Moore is impaired. Failure to document nature + severity of limitation XXVI Montez. Violates ADA + Montez. Is bad faith compliance.

Request - ADA screening on proper standard + use of nature + severity per 20-40 20-500 vision + injury degenerative vision.

DATE: 11-4-07    OFFENDER SIGNATURE: Stephen Moore

DATE RECEIVED: 11/9/07    RESPONDING DOC EMPLOYEE, CONTRACT WORKER OR VOLUNTEER SIGNATURE/ID 14299

RESPONSE: 11/9/07

**SEE ATTACHED RESPONSE**

Cathie Holst
11-26-07

Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # | |
|---|---|---|
| 11/26/07 | Carolyn Jacobson 14297 | Disability CE |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | | |
| DATE: 11-7-07 | S. Moore / S. Moore 57381 | |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | | |
| DATE: 1-30-07 | OFFENDER SIGNATURE/PRINT NAME & **RECEIVED** Stephen Moore | 12/9 CH Holst 002 |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment NOV 19 2007
Page 1 of 1

RECEIVED NOV 14 2007 C    D

Office of Correctional
Legal Services