THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**ORIGINAL**

92-N-870 (OES)(Consolidated for all purposes with 96-N-343)

JESSE MONTEZ, et. al.,
Plaintiff,

v.

BILL OWENS, et. al.,
Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 9 2008

GREGORY C. LANGHAM
CLERK

RECEIVED
MAY 1 6 2008
By____

Claim # 03-038
Category III
Claimant: Ben Padilla #82114
Address: FLCF- P. O. Box 1000, Fort Lyon, CO. 81038-1000

### MOTION OF OBJECTION ON MAGISTRATE BORCHER'S RULING

COMES NOW, Ben Padilla, pro-se and through representative submits this his Motion Of Objection On Magistrate Borcher's Ruling and as grounds states the following:

Mr. Padilla is one of the class who has brought claims against the DOC.

The objections are as follows:

Page 5 line 1 and 2...
This statement by the judge is inaccurate and does not follow the line of evidence presented. At no time has Mr. Padilla received "one hearing aid to date". When Mr. Padilla came to FLCF he had a hearing aid, but during a shake-down in April of '06 it was broken by staff and never replace. The grievances presented show these facts. Mr. Padilla has been granted and denied (all on paper only) his hearing aid three (3) times (denial being the last in January of '08) and Mr. Padilla has yet to receive a hearing aid to date. It has been well over two (2) years since Mr. Padilla has had the use of his hearing aid.

Page 8 line 8 and 9...
Dr. Shames hasn't got a clue as to whether Mr. Padilla has received a hearing aid, because as of this writing no hearing aid has been received. Apparently the judge in this matter has not examined all the evidence presented, because if he had his assessment would be different. There has been no hearing aid since April '06, just approvals for one and denials of one (denial being the last). So, to say that Mr. Padilla has been given a hearing aid after examinig all the evidence is an undeniable falsehood. All points were rebutted on Dr. Shames affidavit point-for-point and disputed with physical evidence. No where was any of this used to assess the facts in this instant case.

1 of 3

Page 8 line 32, 33, and 34...
If both sides presented evidence that Mr. Padilla does have some diminution in his hearing, then why is he being denied his hearing impairment? Mr. Padilla has stated and proved that he has not been given another hearing aid since it' was broken during a shakedown in April of '06. He did not wear a hearing aid in the hearing because he did not/does not have one since April '06 and has been denied one and approved one three (3) times since then. Mr. Padilla does not have a speech impairment, so of course he could orally communicate. What does that have to do with his hearing?

As of the hearing on May 25, 2007 Mr. Padilla was approved for a hearing aid, but then after the hearing was concluded Mr. Padilla received his third denial of his hearing aid. To date he has yet to receive a hearing aid and it has been well over a year since his last hearing test (Nov. '06). His hearing has gotten progressively worse.

For Judge Borcher to state this is not an ADA issue, but the evidence proves that Mr. Padilla was in possession of a hearing aid in 1999 and lost it through no fault of his own to a shakedown in April of '06 and has been trying to obtain a new one from DOC since, is absolutely untrue and unwarranted.

Page 9 lines 5 and 6...
"..., his vision impairment overwhelms what loss of hearing there has been."

This statement does not account for the fact that Mr. Padilla has to rely more on his hearing because of his blindness. It's like saying just because he is blind, his hearing does not matter. If Mr. Padilla could have heard better at various times then maybe certain events (COPDs) may not have occurred. His hearing, as Mr. Padilla stated in the hearings, is very important to him and he relies on his ears now more than ever, because his eyes are no longer of any use and more to the point, are no longer with him. Now he must hear warnings, sounds around him to navigate. To say his hearing is of less importance is ludicrous and very disconcerting.

Mr. Padilla is afraid to leave his cell at times for fear of running into an officer and being punished for his blindness. The C/Os here have a complete disregard for Mr. Padilla's blindness.

Page 10 lines 4 and 5...
Judge Borcher states:
"There have been several points in time when Mr. Padilla has been the victim of discrimination prohibited by the ADA and Rehabilitation Act."

The judge makes this statement, but fails to make mention of them and fails to show any regard to them. What are the several points in time and why is there no compensation for them? How is it that this statement can be stated and these several points not ruled on?

No where in this ruling is there any mention of his issue of a single cell. CDOC cannot say it is an impossibility, because there are several single cells (bottom tier, second tier) in this facility. No accomodations are made for the handicap in this regard. Mr. Padilla is an excellent candidate for a single cell and would even be alright with a double occupant cell, because even when a double cell is available are the handicapped passed over for placement.

Mr. Padilla has documented the various permits and recommendations for single cell status, but nothing was considered on this matter in the judge's ruling. Mr. Padilla would like to be compensated for this matter and placed in a single cell, or at the least, a double cell living accommodation status.

This claim caused him harm documented in the court record. See Ex. Q. (Motion to Rebut Defendant's Exhibits and Enter Evidence).

Enclosed is a greivance that was just received by Mr. Padilla in regards to his hearing aid. Mr. Padilla prays this court to consider as evidence even though it is late in getting to the court, but not due to anything that he did. This proves that he is in need of a hearing aid and that DOC has been discriminating against him since April '06.  <u>Exhibit A</u> .   #D-FL07/08-024

"It is further ORDERED as to any remaining issues in the claim of Ben Padilla are denied, as he has failed to prove each of the four elements required..."

This ruling is not based on facts presented in this case as the record would prove different. This is just another light ruling for the defendants and only shows the biasness of the court toward pro-se litigants.

WHEREFORE premises considered, this Claimant prays that this Honorable Court take another look at the facts and rule accordingly and whatever else is just and equitable to all parties.

Respectfully submitted,

Ben Padilla #82

Dated: May 12, 2008

### CERTIFICATE OF MAILING

I, Ben Padilla, do hereby state that I placed in the U.S. Mail, postage prepaid, the following Motion Of Objection On Magistrate Borcher's Ruling and addressed the same to the following:

Mr. James Quinn
Mr, Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, Colorado 80203

Judge Richard M. Borchers
Special Master for the United States
District of Colorado
Legal Resolution Center
7907 Zenobia Street
Westminster, Co. 80030-4444

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:  719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| Response to: | Step 2 Grievance |
| Prepared by: | Anna Cooper, Grievance Officer |
| Received Grievance: | 9/25/07 |
| Sent Response: | 3/27/2008 |
| Offender Name: | PADILLA, Ben |
| DOC No: | 82114 |
| Facility: | FLCF |
| Case No. | D-FL07/08-024 |

Offender Padilla:

I received your ADA Step 2 grievance regarding your claim that you have not yet received a hearing aid. You stated you intend to sue for three million dollars for medical indifference, malpractice for total disregard for medical needs and malfeasance. The remedy you requested was an answer to your grievances in a timely manner and to provide you with a hearing aid.

In review of this matter I find that your initial screening revealed that you are deaf in your left ear; however, can hear well in your right ear. You were re-screened and a revised Accommodation Resolution was sent on 8-10-2007, however, your hearing ability issue was not addressed at that time. I have contacted the Chief Medical Officer, Dr. Frantz, regarding your initial screening and replacement of your hearing aide. Dr. Frantz determined, after reviewing your previous audiogram, that you would probably benefit from having a hearing aide. You will be scheduled for another consult with the audiologist to determine your current hearing ability, and hearing aide requirements.

Your Step 2 grievance is resolved.

/amc
xc: Offender
   Working File
   Department File
   File

EXHIBIT A

DC FORM 850-4A (10/04)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number D-FL07/08-024   STEP (Circle One) 1 **2** 3   ADA? Yes ☒ No ☐

WARDEN'S OFFICE
SEP 17 2007
FT. LYON CORRECTIONAL FACILITY

NAME: Ben Padilla   DOC NO.: 82114   FACILITY: FLCF

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: I have not received a response from our Step I filed on August 14, 2007 and this is to follow up and keep with procedure. Step I stated (see step I) how you have denied, accepted, denied, then accepted again and still I have not received my hearing aid. Obviously, you people think this is a joke and refuse to follow your own procedure and answer my grievances. I still intend to sue for the $3 million previously stated for your medical indifference, malpractice and whatever else is feasible for your total disregard for medical needs and malfeasance toward me.
Remedy: ① Answer my grievances in timely manner.
② Supply me with my hearing aid @ ASAP.

DATE: Sept. 12, 2007   OFFENDER SIGNATURE: Ben Padilla

DATE RECEIVED: 9/28/07   RESPONDING STAFF SIGNATURE & ID: Lena Cooper #1550

RESPONSE: Please see attached response.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & STAFF ID # |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 9/17/07 | SIGNATURE/PRINT NAME & STAFF ID #: S. Krauer 13904 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 5/6/08 | OFFENDER SIGNATURE/PRINT NAME & DOC #: Ben Padilla 82114 |

Original: Department File/AIC   Copies: Managing, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Exhibit A

DC Form 850-04A (07/01/07)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number **D-FL07/08-015**    STEP (Circle One) 1 **(2)** 3    ADA? Yes **X** No ☐

NAME: Ben Padilla    DOC NO. 82114    FACILITY: FLCF

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Remedy:** Confusion seems to be the only thing that is going on here. Now Ms. Adrienne Jacobson denies my Hearing Aid on August 23, 2007 - sent on 9-11-07. This is getting out of hand and ridiculous. My Hearing Aid was broken by DOC and they need to replace it and quit playing around. Please see Step I for details.
Remedy: (See Step I)

**WARDEN'S OFFICE**
**OCT 16 2007**
**FT. LYON CORRECTIONAL FACILITY**

DATE: 10/9/07    OFFENDER SIGNATURE: Benny Padilla

DATE RECEIVED: 10/26/07    RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & [ID]

**RESPONSE:** Please see attached response to Step 2 Grievance #D-FL07/08-024.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # |
|---|---|
| **RECEIPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | disability |
| DATE: 10/16/07 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # S Brewer 13804 |
| **RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Exhibit A

DC Form 850-04A (07/01/07)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: D-FLC7/08-015    STEP (Circle One) **1** 2 3    ADA? Yes ✗ No ☐

NAME: Benny Padilla    DOC NO. 82114    WARDEN'S ~~OFFICE~~ FACILITY FLCF

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

AUG 1 5 2007
~~FT. LYON CORRECTIONAL FACILITY~~

Subject of Grievance and Requested Remedy: This grievance is to let you know that I will be seeking damages of Three million dollars for not supplying me with my Hearing Aid. In November of '06 I was granted my Hearing aid, which was busted during shakedown of April of '06, and sent for refitting in Dec. '06, then denied Hearing aid in January '07, and then granted again back in March '07. Now it is August '07 and I have yet to receive a Hearing Aid. This has gone on long enough. Remedy: give me my hearing aid(s). I will be seeking damages for this delay, for pain and suffering, mental anguish and medical indifference.

DATE: Aug. 14, 2007    OFFENDER SIGNATURE: Benny Padilla

DATE RECEIVED: 8/23/07    RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & ID: Adrienne Jacobson

RESPONSE:

**SEE ATTACHED RESPONSE**

Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

Cathie Holst by Katie Baxter 9/4/07

WARDEN'S OFFICE

SEP 2 4 2007

FT. LYON CORRECTIONAL FACILITY

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 9/11/07    SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: Adrienne Jacobson 1429

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: disability

DATE: 8/15/07    SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #:

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: 10/2/07    OFFENDER SIGNATURE/PRINT NAME & DOC #: Ben Padilla 82114

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

AUG 2 2 2007
Office of Correctional Legal Services

Attachment "A"
Page 1 of 1

Exhibit A

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Office of the ADA Inmate Coordinator, Cathie Holst (AIC)
    Through Adrienne Jacobson, Legal Assistant
Received Grievance: August 23, 2007
Sent Response: September _11_, 2007
Offender Name: PADILLA, BENNY
DOC No: 82114
Facility: FLCF
Grievance No: D-FL0708-015

**In the grievance referenced above, you allege the following:**
1. That your hearing aid was broken in a shakedown in April of 2006 and that you still do not have a replacement hearing aid.

**Requested Relief/Remedy:**
1a. Three million dollars in damages for delay, pain and suffering, mental anguish and medical indifference.

**FOLLOWING A THOROUGH INVESTIGATION INTO YOUR ALLEGATIONS, I OFFER THE FOLLOWING EVIDENCE THAT WAS CONSIDERED IN REACHING A DECISION:**

1. On June 16, 2006 you were seen in the clinic in response to a nurse kite stating "hearing aid broke during facility shakedown. Needs to be repaired ASAP." Provider notes that battery in hearing aid was corroded and would not come out. When asked which ear the hearing aid goes in, you replied, "let me see, I'm not sure".

2. On July 18, 2006 you were given a disability accommodation screening for vision and hearing. You were found legally blind but it was noted that (you) "can hear well during this visit without a hearing aid."

3. On August 31, 2006 you met with a medical provider to discuss getting a new hearing aide. Provider noted (offender) "is able to hear whispered sounds well with right ear." Provider requested audiogram.

4. On September 28, 2006, UMC denied the physician request for audiogram citing CDOC policy that states inmate's hearing is adequate if the inmate is able to hear with unilateral ear. This means that if you are deaf in one ear but can hear well with the other, your hearing is deemed adequate and you do not require a hearing aid.

5. You went to the audiologist on November 14, 2006 and at that time, without conducting an audiogram; they determined that a new hearing aid would be more cost effective than repairing the current aide.

Exhibit A