IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number C-003 (formerly 02-517)
Category III
Claimant: Robert E. Quintero, # 105549
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000
_____

**RESPONSE TO CLAIMANT'S LETTER OF MARCH 4, 2008 IN LIEU OF A MOTION TO VACATE ORDER OF DISMISSAL OF SPECIAL MASTER**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's March 4, 2008 letter to Judge Kane in Lieu of a Motion to Vacate Order of Dismissal of Special Master.

1. This matter was formerly a category II claim and therefore was not heard by a Special Master, but was decided on documents submitted.

2. The Amended Order of Dismissal of the Special Master ("Order of Dismissal") was entered on June 23, 2006.

3. The Order of Dismissal determined that while Claimant alleged he has neck, shoulder, lower back problems, and "sciatic neve problems in the right leg," he

1

failed to set forth any allegations that he could not walk or climb steps, and accepting as true what Claimant alleged, he could not prevail on his mobility claim.

4.     Claimant's March 4, 2008 letter to Judge Kane alleged that he has a physical disability due to "a shortness of ½ to ¾ inch shortness in my right leg compared to my left leg as well as my right foot being a full 1 and ½ size smaller than my left foot, (my left foot is a size 10 and ½ while my right is only a size 9."

5.     He further alleged in his letter that in a July 2006 facility shakedown his heel lift for his right shoe was taken and not returned to him.  He acknowledged that his family had been providing him with proper-fitting shoes, but claimed that they are now no longer able to do so.

6.     It is important to note that Claimant's argument about his leg length and foot size discrepancy did not appear in either his Initial Claim Form for Damages or his Supplemental Claim Form for Claimants Who Are Claiming Damages Due to Mobility Impairment (attached hereto as Exhibits A and B, respectively).

7.     Claimant had the opportunity to raise this issue in either of his claim forms, in response to Defendant's Motion to Dismiss, or in an objection to the Order of Dismissal, but chose not to do so until now.  He should not now be allowed a second bite at the apple, nearly two years after the Order of Dismissal.  Issues not decided by the lower court will not be addressed for the first time on appeal. *Colby v. Progressive Casualty Ins. Co.*, 928 P.2d 1298, 1301 (Colo. 1996).  Issues not raised in an administrative hearing cannot be raised for the first time on appeal during judicial review of that

2

hearing.  *People ex rel. Woodard v. Brown*, 770 P.2d 1373, 1375 (Colo. App. 1989).

8.  The only arguable discrimination alleged in his letter is in regard to his claim that in July 2006 facility shakedown his heel lift for his right shoe was taken and not returned to him.

9.  The Remedial Plan was signed on August 27, 2003.  Although the Remedial Plan fails expressly to address the issue of damage claims that might arise after its execution date, there is nothing in the Remedial Plan suggesting that paragraph XXXII of the Plan authorizes the recovery of damages and establishing claims procedures was intended to apply to claims for damages not yet arisen.  Indeed, the Special Masters have found that the damages that may be awarded under the Remedial Plan are limited to those resulting from violations of the ADA and the Rehabilitation Act cognizable under the Remedial Plan and occurring prior to August 27, 2003.

10.  Therefore, since Claimant specifically acknowledges that this incident occurred in July 2006, any claim of discrimination arising from this incident is untimely and must be dismissed.

WHEREFORE, Defendants respectfully request that Claimant's March 4, 2008 letter to Judge Kane in Lieu of a Motion to Vacate Order of Dismissal of Special Master be denied, for the reasons set forth above.

3

Respectfully submitted this 27th day of May, 2008.

        JOHN W. SUTHERS
        Attorney General

        _____
        WILLOW I. ARNOLD
        Special Assistant Attorney General
        Civil Litigation & Employment Law Section
        Corrections Unit
        Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S LETTER OF MARCH 4, 2008 IN LIEU OF A MOTION TO VACATE ORDER OF DISMISSAL OF SPECIAL MASTER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 27th day of May, 2008 addressed as follows:

Robert E. Quintero, # 105549
AVCF, P.O. Box 1000
Crowley, CO 81034-1000


*Courtesy Copy To:*

Cathie Holst


_____