IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE STEPHEN MOORE, DOC # 57381**

---

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated April 23, 2008 (the "Order") regarding motions filed by Stephen Moore:

1.  Stephen Moore, #57381 is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") and is a member of the Montez class of plaintiffs. On December 28, 2007, Mr. Moore filed a *pro se* Motion to Reconsider Denial of Disability by Wrong Standard of Review (the "Motion to Reconsider"). On January 14, 2008, Mr. Moore filed another *pro se* motion entitled Violation Montez Plan X 5 Equal Access to the Courts (the "Montez Violation Motion").

2.  The Order requests the position of class counsel on two issues: (i) whether the Special Master has jurisdiction over the Motion to Reconsider and the Montez Violation Motion; and (ii) Plaintiffs' position on Mr. Moore's disability-related claims.

### I.   JURISDICTION

3. The parties appeared before the Court on March 25, 2008 for a Compliance Hearing. The Court heard argument regarding the continued filing of *pro se* claims by inmates. To address the influx of correspondence and pleadings, the Court entered an Order Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order"). The Expansion Order states that:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of pro se pleadings and correspondence filed by individual inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

The Expansion Order is attached as **Exhibit A**.

4. Pursuant to the Expansion Order, the Special Masters have jurisdiction to specifically rule on Stephen Moore's *pro se* claims.

### II.   DISABILITY CLAIMS

5. Pursuant to the Remedial Plan, dated August 27, 2003, Mr. Moore requested accommodations with regard to his vision impairment. As a result of his request, CDOC issued Mr. Moore an Accommodation Resolution in October of 2004 (the "Accommodation Resolution"), which is attached as **Exhibit B**. CDOC repeatedly denied Mr. Moore's requests for accommodations which resulted in Mr. Moore filing a damage claim with the Special Masters asserting discrimination on the basis of his disability.

6. The Final Order of the Special Master reflects that Mr. Moore's claim was adjudicated under the wrong standard for determining whether a claimant is disabled or not. In the Final Order, the Special Master applied Section V of the Montez Remedial Plan, which designates criteria for determining whether an inmate has a disability or impairment severe enough to warrant special placement in housing. *See* Remedial Plan, ¶5, p.4-5.

7. The proper standard for making this determination, as agreed upon by the parties, is found in Section III of the Montez Remedial Plan, which states that a qualified inmate is one with a permanent physical disability/impairment which substantially limits his or her ability to perform a major life activity. *See* Remedial Plan, ¶III(B), p.2.

8. The standard to determine whether an inmate such as Mr. Moore qualifies as disabled pursuant to the Montez Remedial Plan is not a question of whether his vision is of a specific acuity, but rather if his vision impairment substantially impairs a major life activity. *Id.*

7. Among other issues, the Motion to Reconsider alleges "systemic denial of disability by arbitrary [and] unreasonably high standards." *See* Motion to Reconsider, p. 1. Mr. Moore describes: (i) visual acuity of 20/500; (ii) an eye injury impairing sight in his left eye; and (iii) painful, vision-related headaches which inhibit his ability to read. *Id*. at p. 3. The bottom line is that in 2004, Mr. Moore requested that CDOC provide him with two separate pairs of glasses, one for reading and one for distance. CDOC denied his request, stating that his "corrected vision was well within the normal range." *See* **Exhibit B**, the Accommodation Resolution.

7. Mr. Moore's disability claim is predicated on the fact that his vision impairment goes beyond his visual acuity. He describes painful, vision-related headaches, which substantially limit his ability to read. Reading is undoubtedly a major daily life activity.

8. Plaintiffs reject CDOC's position that Mr. Moore is not disabled or entitled to accommodations under the Remedial Plan. To the extent an inmate's vision creates headaches which substantially limit his/her ability to perform major daily life activities, such as reading, the individual is a Montez class member and is entitled to reasonable accommodations.

9. Plaintiffs also reject CDOC's position that visual acuity is the only factor to consider in the determination of disability status. On March 31, 2008, CDOC and the Plaintiffs' class entered into a Stipulation Agreement in which CDOC recognized its failure to substantially comply with the requirements of the Remedial Plan (the "Stipulation Agreement"), attached as **Exhibit C**. In large part, CDOC's failure to comply was due to its reliance on deficient criteria to determine the disability status of inmates. To that end, the parties agreed to work together to establish more concrete standards to assist CDOC in making appropriate designations for Montez class members. *See* **Exhibit C** Stipulation Agreement, ¶ 3.

10. As the parties work with their respective experts to develop or redevelop criteria, the standards to determine the disability status of potential class members may be expanded or modified as the parties deem appropriate. Pursuant to the Stipulation Agreement, if the parties cannot agree on mutually accepted criterion, any disputed issues will be presented to Judge Kane for resolution.

11. Regardless of the Stipulation Agreement's provision to refine disability criteria, it is clear that Mr. Moore's vision problems substantially inhibit his ability to perform the major

4

life activity of reading. Plaintiffs' counsel respectfully requests the Special Master to recognize Mr. Moore's disability and to order CDOC to provide him with appropriate accommodations.

12. Alternatively, undersigned counsel request the Special Master stay a decision on Mr. Moore's disability claims until the parties are able to mutually (or pursuant to Court order) agree on the criteria to be used in the determination of disability status.

Respectfully submitted this day 2nd day of June, 2008.


KING & GREISEN, LLP

/s/ Paula Greisen_____
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com

Ed Ramey
Lara Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 2nd day of June, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE STEPHEN MOORE with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

*/s/* Gail Costanzo