IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.
_____

Claim Number C-002 (formerly 02-128)
Category: C
Claimant: Stephen Moore, #57381
Address of Claimant: CCF, P.O. Box 600, Canon City, CO 81215-0600
_____

**RESPONSE TO CLAIMANT'S "MOTION TO RECONSIDER DENIAL OF DISABILITY BY WRONG STANDARD OF REVIEW" AND "VIOLATION MONTEZ PLAN X 5 EQUAL ACCESS TO THE COURTS"**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's "Motion to Reconsider Denial of Disability by Wrong Standard of Review" ("Motion to Reconsider") and "Violation Montez Plan X 5 Equal Access to the Courts[.]"

1.      This matter was formerly a category II claim and therefore was not heard by a Special Master, but was decided based on documents submitted by the Parties.

2.      The Final Order of Special Master ("Final Order") was entered on March 27, 2006.

1

3.      The Final Order acknowledged that Claimant submitted a report from ophthalmologist Dr. Donald Schlomer listing Claimant's vision as 20/400 in his left eye, **uncorrected**, but indicating that with correction his visual acuity was 20/50 in his left eye and 20/25 in his right eye.

4.      The Final Order determined that based on his corrected visual acuity he did not establish by a preponderance of the evidence that he was a disabled individual who was a member of the *Montez* class.

5.      Claimant's claim was correctly denied as Claimant failed to prove that he was substantially limited in any major life activity. "If a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act." *Sutton v. United Air Lines*, 527 U.S. 471, 482 (1999) (severely myopic plaintiffs were not disabled because their vision was correctable with glasses).

6.      The Final Order set forth a deadline of May 22, 2006 for the Parties to file objections.  Claimant did not file a timely objection to the Final Order.

7.      Over one and one half years later, on December 28, 2007, Claimant filed his Motion to Reconsider, which Judge Kane treated as an objection to the Final Order of the Special Master and denied in his February 12, 2008 Order.

8.      Judge Kane's Order affirmed the Final Order and noted that the standard of review for an objection to a Final Order is whether there was abuse of

discretion, no such abuse was found, and dismissal of Claimant's claim was appropriate as he failed to prove discrimination based on a disability.

9.      To the extent that Claimant's Motion to Reconsider is requesting a re-evaluation of his damage claim, he already exercised his only remedy, an appeal to Judge Kane. However, Judge Kane denied his appeal. Nothing in the Remedial Plan would allow Claimant another bite at the proverbial apple. Therefore, the Special Masters do not have jurisdiction over Claimant's "Motion to Reconsider Denial of Disability by Wrong Standard of Review[.]"

10.      The Remedial Plan was signed on August 27, 2003. The Remedial Plan allows an inmate to "amend" his or her claim during the compliance period. However, nothing in the Remedial Plan allows an inmate to "amend" his or her claim *after* the claim has been adjudicated by the Special Master and affirmed on appeal by Judge Kane.

11.      Therefore, since Claimant acknowledges that these alleged incidents occurred recently and on or after July 9, 2007, any claims arising from these incidents are untimely and must be dismissed. Claimant can pursue his claim though a properly filed lawsuit in a court of competent jurisdiction.

12.      Notwithstanding the Special Masters' lack of jurisdiction regarding Claimant's Motion for Reconsideration, Defendants will now address some of Claimant's retaliation and compliance allegations.

13.      In his Motion to Reconsider, page 3 and page 6, Claimant alleges "destruction of Dr exam & falsification of 7-9-07 optometry exam is retaliation..."

and "the recent complete loss of Dr exam & falsification of optometry exam shows lack of 'good faith' compliance…"

14.     By Claimant's own admissions these alleged incidents occurred recently and on or after July 9, 2007.  As described above, the Special Masters lack jurisdiction over any claims arising from these incidents.

15.     Moreover, the July 9, 2007 optometry examination report, which Claimant attached to his Motion for Reconsideration, speaks for itself.  Just because the report notes that the evaluating provider "suspect[s] malingering on entering acuities[,]" does not mean the report was falsified.

16.     Claimant has also made allegations regarding compliance with the Remedial Plan and the ADA.  In his Motion for Reconsideration, he claimed "systemic denial of disability by arbitrary, unreasonably high standards…"

17.     Similarly, in Claimant's "Violation Montez Plan X 5 Equal Access to the Courts[,]" page 4, he requests that "the court make findings to systemic 'interference' with ADA…."  He also again sets forth all of the same allegations contained in his Motion for Reconsideration.

18.     Additionally, he has filed numerous other similar motions with this Court in addition to numerous DOC grievances on these same issues.  The attached Memorandums from Cathie Holst/Adrienne Jacobson to Claimant, (Exhibits A, B, and C, respectively) illustrate his affinity for filing numerous, duplicative grievances on these issues, to the point where the privilege of filing grievances had to be restricted at one point as he failed to comply with proper grievance procedures.

19.     In regard to Claimant's compliance allegations, compliance with the Remedial Plan is to be determined only by Judge Kane.  There is nothing in Judge Kane's Order Expanding the Duties of the Special Masters implying that the expanded duties of the Special Masters would include delegating compliance matters to the Special Masters.  Therefore, it is Defendants' position that the Special Masters remain without jurisdiction to adjudicate compliance matters and do not have jurisdiction to adjudicate either of Claimant's Motions.

WHEREFORE, Defendants respectfully request that Claimant's "Motion to Reconsider Denial of Disability by Wrong Standard of Review" and "Violation Montez Plan X 5 Equal Access to the Courts" be denied, for the reasons set forth above.

Respectfully submitted this 2nd day of June, 2008.

JOHN W. SUTHERS
Attorney General


*Willow I. Arnold*
WILLOW I. ARNOLD
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
Attorney for Defendants
1525 Sherman St., 4th Floor
Denver, CO  80203

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S "MOTION TO RECONSIDER DENIAL OF DISABILITY BY WRONG STANDARD OF REVIEW" AND "VIOLATION MONTEZ PLAN X 5 EQUAL ACCESS TO THE COURTS"** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 2md day of June, 2008 addressed as follows:

Stephen Moore, #57381
CCF, P.O. Box 600
Canon City, CO 81215-0600


***Courtesy Copy To:***

Cathie Holst

_____*Darlene S. Hill*_____