# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax:   719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill R[...]
Govern[or]

Aristedes W. Zavaras
Executive Director

# MEMORANDUM

TO:     Offender MOORE, STEPHEN, #57381

FROM:   Cathie Holst, AIC
        Through Adrienne Jacobson, Legal Assistant

RE:     Your correspondence sent to Executive Director, Aristedes Zavaras and dated January 8, 2008

DATE:   January 25, 2008

Offender Moore:

I have received the above-referenced letter for response. In your letter you make several allegations. First, you state that your personal property, namely artwork, was stolen by DOC staff when you were moved from CSP to OMI-CCF. Next, you claim that your medical records have been lost and/or altered and that, as a result, you have been incorrectly determined not to have a vision disability. Finally you allege that the ADA Inmate Coordinator has willfully engaged in systematically denying you relief through the ADA grievance process.

I have investigated your allegation of theft of your artwork by DOC employees. According to your property list as reported in DCIS, you have several items in your possession which are in violation of either Colorado Department of Corrections or specific facility-imposed property limits.

Offenders are allowed one (1) 2X2 cubic foot box for legal documents and either a footlocker or plastic crate's worth of personal documents (including letters, artwork, receipts and other misc. paperwork). When you were moved from CSP to CCF, security noted that you were in violation of both of these limits. Due to the volume of moves scheduled for that day and the excessive amount of documents in your possession, staff decided to allow you to remain non-compliant with these restrictions as there was simply not enough time to allow you to go through each document one-by-one and complete disposition of property forms on each item. As such, the property items "Misc.

EXHIBIT B

Paperwork" and "Legal Box" were marked with a note in DCIS stating you are over the established limits and you and these items were transferred to CCF.

Staff at CCF conducted a thorough shake-down of your cell and your property when you arrive at the facility. It was again noted that you were non-compliant with the stated property limitations and you were processed into the facility along with your volumes of paperwork and misc. other materials.

Whenever staff confiscates an item declared as "contraband" from an offender's property, a shake down slip indicating such confiscation is completed and the offender is given a disposition of property form to complete. Neither the staff at CSP nor any of the staff at CCF have completed any shake down forms or disposition of property forms for any of your property. There is no evidence that any artwork or other item was confiscated from your property when you moved from CSP to CCF.

Since you offer no evidence to the contrary I have to assume that DOC staff acted in accordance with stated policy and would have completed the required forms if they did take any artwork from your possession. Not only was there no paperwork completed, the fact that you are in non-compliance with document restrictions was actually overlooked in your favor in order to allow you to retain your paperwork when you moved.

Since you have provided no evidence proving that your artwork was taken and DOC records provide no evidence of *any* item being confiscated from you, I am unable to find any validity to your claim of theft of artwork by DOC staff.

You claim that medical records proving that you have a vision disability have been lost or falsified in order to support a finding that you do not have a qualifying vision disability and that the ADA Inmate Coordinator (AIC) has conspired to subvert your attempts at justice by purposely "stonewalling" the grievance process.

I have looked into these allegations and find them to be false. In your AIC file, there are numerous optometry reports. Each of these indicates the same thing; you do have genuinely poor vision, however you are not legally blind and your vision is correctable through the use of prescription eyeglasses.

In order to establish that an inmate may require special housing as a result of a permanent vision impairment, the Montez Remedial Plan states that, "inmates who are **permanently blind** or who have a vision impairment **not correctable** to a central vision acuity of 20/200 or better, **even with corrective lenses,**" may qualify for placement in an ADA designated facility as a result of this vision impairment.

According to the optometry reports contained in your AIC file, and used to determine your disability status, you do have significant vision loss **without** your corrective lenses. However, **with your corrective lenses**, your vision **is** correctable to 20/25 central visual acuity which is significantly better than the 20/200 required to establish

permanent vision impairment.

The Chief Medical Officer (CMO) reviewed these results and agreed that you do not have a qualifying vision disability or impairment, under these guidelines, at this time. At no time has it been stated that, in the event your vision continues to deteriorate, you would not be re-screened to evaluate your disability status. All that has been stated is that absent a showing of clear error in the process, a re-screen will not be performed within 1 year of a previous screening. All you are required to do in order to have a new vision screening done is to submit a request for accommodation stating *specifically how* your vision has deteriorated and what *specific* accommodations you may require as a result of this deterioration.

To date, you have not submitted requests for re-screening, though you were advised to do so in the grievance responses to Step 1 ADA Grievances numbered D-CS0708-315, D-CS0708-528 and D-CS0708-529. You have, instead, persisted in grieving the same issue repeatedly to this office. A total of 17 Step 1 ADA Grievances were received on this issue between October 30, 2007 and December 31, 2007.

This repeated grieving has resulted in the restriction of your grievance privileges. Under A.R. 850-04 "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied." Further, under A.R. 850-04, "Offenders who file multiple, frivolous grievances in a short period of time may be served a warning letter by the administrative head, or designee. It will warn them that they are infringing on the rights of others to obtain timely grievance responses." You were served this warning letter by your case manager on December 7, 2007. I continued to received grievances regarding your vision screening after this notice was given. I subsequently requested that your case manager place you on a restricted status.

Please submit a new request for accommodation and functional ability questionnaire to the office of the AIC if you wish to be considered for a re-evaluation of your vision. If you do not wish to pursue that route, then please be assured that, per DOC policy, each inmate receives a vision screening every two, (2) years and if, at any time, your vision problems do rise to the level of a qualifying disability under the ADA, you will be appropriately accommodated.

Cc: AIC file.