IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-130
Category III
Claimant: David G. Bryan, #59182
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Claimant's Motion for Order for Damages Payment. Defendants have responded to the motion, and Claimant has filed a reply. Further argument will be waived.

Claimant filed a claim pursuant to Paragraph XXXII of the Remedial Plan. Claimant established his claim and was awarded damages in the amount of $2,000. That damage award was upheld on appeal to Judge Kane. Claimant has not received his money at this point in time.

Claimant has filed a motion requesting that the State of Colorado not make any deposit into his inmate account. Claimant has stated, in part, as follows:

> Plaintiff does not wish to have the damages payment deposited in his inmate account. Plaintiff requests that a direct deposit or a check for deposit only be made to Savings Account #285-656-8912, 1st Bank of Douglas County, PO Box 1300, Castle Rock, CO 80104-1300; or mailed to: Gary R. Griffith or Denise C. Griffith, PO Box 1660, Castle Rock, CO 80104-6106 for deposit only to David Bryan into that account. Plaintiff proposes that the law requiring 20 percent deduction for the compensation fund does not apply because the money will not be deposited into the "offender account" provided by the CDOC.

As a result of the filing of the motion, the Special Master directed Defendants to file a response.

Defendants' response rests on the provisions of C.R.S. §16-18.5-106. Defendants further state that "Bryan owes approximately $13,310.92 in restitution to his crime victim as well as court costs, victim compensation costs, victim assistance surcharge, sex offender surcharge, and a special advocate surcharge." Defendants argued that the statute is binding and that it would be unfair to the victim not to receive some compensation from the money awarded to Claimant.

In his reply to the response of Defendants, Claimant argues that Defendants are in error and that the cited statute does not apply. Claimant argues further that C.R.S. §16-18.5-106 only applies to offender accounts held by DOC. Claimant states in his response that some of the restitution has been paid, but not the surcharges.

The Colorado General Assembly has enacted an entire section concerning restitution in criminal actions. *See, C.R.S. §16-18.5-101, et seq*. The statute in question states as follows:

> Restitution for persons sentenced to the department of corrections.
> (1) Whenever a person is sentenced to the department of corrections, the department of corrections is authorized to conduct an investigation into the financial circumstances of the defendant, as described in section 16-18.5-104(3), for the purposes of determining the defendant's ability to pay court ordered costs, surcharges, restitution, time payment fees, late fees, and other fines, fees, or surcharges pursuant to section 16-18.5-110.
> (2) During any period of time that a defendant is a state inmate, as defined in section 17-1-102(8), C.R.S., the executive director of the department of corrections, or his or her designee, may fix the time and manner of payment for court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges pursuant to section 16-18.5-110 resulting from a criminal case or for child support, and may direct that a portion of the deposits into such inmate's bank account be applied to any outstanding balance existing before, on, or after September 1, 2000. At a minimum, the executive director shall order that twenty percent of all deposits into an inmate's bank account, including deposits for inmate pay shall be deducted and paid toward any outstanding order from a criminal case or for child support. If an inmate owes money on more than one order from a criminal case or for child support, the executive director may equitably apportion payments among the outstanding obligations.
> (3) Whenever a defendant is released from a correctional facility, the defendant shall be obligated to make payments for restitution as required by section 17-2-201(5)(c)(I), C.R.S.
> (4) The department of corrections may enter into a memorandum of understanding with the judicial department or contract with a private collection agency for the collection of court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges pursuant to section 16-18.5-110 from defendants sentenced to the department of corrections or released on parole.

*C.R.S. §16-18.5-106.* The question then is whether the statute is applicable to Claimant's case and whether twenty percent may be withheld for restitution and other charges.

There is no dispute by Claimant that some restitution remains to be paid, as well as fees. For purposes of this order, the Special Master will refer only to restitution, rather than including the other fees and charges that may be at issue. *See, C.R.S. §16-18.5-110.* There also is no dispute that Claimant has been awarded damages in the amount of $2,000, which amount has yet to be paid.

Review of the entire chapter on restitution makes clear that the Colorado Legislature saw payment of restitution to be of paramount importance. Various attacks have been made over the years concerning C.R.S. §16-18.5-106, but without success. *See People v. Carrillo,* 70 P.3d 529 (Colo.App. 2002); *People v. Lowe,* 60 P.3d 753 (Colo.App. 2002); *Jones v. Colo. Department of Corrections,* 53 P.3d 1187 (Colo.App. 2002). The exact issue raised here has not been presented to an appellate court.

The argument of Claimant is not compelling. If the money were deposited into a bank account, it would be subject to attachment as a matter of law. The statute directs DOC to make every effort to collect restitution that is due. DOC is given authority to contract with a collection agency. In addition, the money owed to Claimant by DOC would be subject to attachment by the victim pursuant to C.R.S. §16-18.5-107 (victim has a right pursue restitution directly).

No basis has been presented by Claimant that would allow DOC to not follow the mandates of C.R.S. §16-18.5-106. DOC has the statutory duty to withhold twenty percent of the damages due to Claimant. The withheld amount shall be applied pursuant to the directives of C.R.S. §16-18.5-110. Claimant does have the right to request that the remaining amount be paid into a separate account.[1]

DOC shall withhold twenty percent which amounts to $400.00 and pay the remainder into the bank account listed in Clamant's motion. A stay is granted to Claimant and Defendants to allow an appeal of this order to Judge Kane.

IT IS HEREBY ORDERED that Claimant's Motion for Order of Damages Payment is denied, in part, and DOC shall withhold $400.00 from the amount due to Claimant; and

IT IS FURTHER ORDERED that the $400.00 shall be applied to outstanding restitution and fees as directed by C.R.S. §16-18.5-110; and

IT IS FURTHER ORDERED that the remaining money due to Claimant shall be deposited

---

[1] Claimant could be victimized by others if money were in his offender account. A common theme at hearings has been the purchase of items for other inmates from the canteen. It has been clear that some of those purchases were not voluntary. Claimant is entitled not to be placed at risk with having money go directly to his offender account.

in the bank account he has listed in his motion; and

      IT IS FURTHER ORDERED that this order is stayed up to **June 16, 2008** to provide Claimant and/or Defendants the opportunity to file an objection to the order; and

      IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 16, 2008.**

      SIGNED this 30th day of May, 2008.

                         BY THE COURT:

                         */s/ Richard M. Borchers*

                         _____
                         Richard M. Borchers
                         Special Master