IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-776
Category II
Claimant: Philip A. Punk, Jr., #120656
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

**ORDER OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on Claimant's letter to Judge Kane (Document 3444). This letter has been referred to the Special Master.[1]

In his letter, Claimant states that he has not been "allowed his disabilities." He states that he was disabled prior to entering prison and has been forced to sleep on the top bunk, walk without the assistance of his cane, and has been denied other things. He states that he has continued to file grievances trying to obtain some relief. He has requested the help of the Court to rectify wrongs that have been committed against him. He further has requested payment for his time and costs.

Claimant filed a claim that was assigned to Category II. Defendants filed a motion to dismiss, arguing that the Special Masters had no jurisdiction over the claim, as Claimant had come into DOC custody after August 27, 2003. Claimant responded to that motion and provided a copy of his criminal mittimus. That document reflected that Claimant was received by DOC on February 6, 2004. The motion was granted, and the claim was dismissed because Claimant arrived into DOC

---

[1] On April 15, 2008, Judge John L. Kane, Jr. issued an order expanding the duties and jurisdiction of the Special Masters. The Special Masters now have the authority to review issues that have arisen concerning a claim and allegations of retaliation. Judge Kane has directed that these issues be resolved by the Special Masters.

custody after August 27, 2003. Stated simply, the Special Masters had no jurisdiction over the claim that was filed.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant may not pursue his claim. Further, he cannot obtain individualized relief through this case. He must pursue his own separate lawsuit under the Americans with Disabilities Act and Rehabilitation Act. He may wish to consult class counsel to determine if relief may be obtained as the result of compliance requests.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion for relief, is denied, as Claimant must pursue his own separate lawsuit under the ADA and Rehabilitation Act.

SIGNED this 9th day of June, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*
By:_____
Richard M. Borchers
Special Master