IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.*,

Defendants.

---

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE
L.R. MOORE, # 47702**

---

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated May 14, 2008 (the "Order") regarding the motion to reconsider filed by L.R. Moore:

1.  L.R. Moore. #47702 is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") and is a member of the Montez class of plaintiffs. On May 8, 2008, Mr. Moore filed a *pro se* Motion to Reconsider 21 III 08 Order (the "Motion to Reconsider").

2.  The Order from which Mr. Moore is seeking reconsideration was entered by Senior Judge John L. Kane on March 21, 2008. The Order denied various motions filed on January 9, 2008 by Mr. Moore to add defendants to *Jesse Montez, et al. v. Bill Owens, et al.* Civil Action No. 92-cv-00870-EWN.

3. The Order of the Special Master requests the position of class counsel on two issues: (i) whether the Special Master has jurisdiction over the Motion to Reconsider and the issues raised by Mr. Moore; and (ii) Plaintiffs' position on the issues raised in Mr. Moore's Motion to Reconsider.

### I. JURISDICTION

3. The parties appeared before the Court on March 25, 2008 for a Compliance Hearing. The Court heard argument regarding the continued filing of *pro se* claims by inmates. To address the influx of correspondence and pleadings, the Court entered an Order Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order"). The Expansion Order states that:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of pro se pleadings and correspondence filed by individual inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

The Expansion Order is attached as **Exhibit A**.

4. Pursuant to the Expansion Order, the Special Masters have jurisdiction to rule on Mr. Moore's *pro se* claims, specifically his Motion to Reconsider as well as his Motion to Add Document in Support of Claim (the "Motion to Add Document") also filed on May 8, 2008.

5. In addition to the motions described above, Mr. Moore also filed Notice of

Appeal on May 8, 2008, which Judge Kane subsequently held to be deficient on May 15, 2008 for failure to submit either the requisite filing fee or a Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. 1915 and Fed. R. App. P. 24.  Mr. Moore was given thirty (30) days to cure the deficiencies.  Mr. Moore filed the required form on June 9, 2008.  As of this date, the District Court and the Special Masters are divested of jurisdiction pending dismissal of the appeal by the 10th Circuit Court of Appeals.

6.      As such, counsel for the class believes the Special Master has jurisdiction pursuant to the Expansion Order, however, subject to disposition of the pending Notice of Appeal.

## II.    ISSUES RAISED BY MR. MOORE RELATED TO THE OVERALL MONTEZ CASE

7.      Mr. Moore takes issue with the fact that "much of the Montez agreement have (sic) been fully ignored by CDOC."  *See* Motion to Reconsider, p.2.  Undeniably, to date, CDOC has failed to substantially comply with the Montez Remedial Plan, as determined after Compliance Hearings in 2006, as well as in 2008.  Montez Class Members have grown, with reason, increasingly frustrated with CDOC's delay in reaching substantial compliance.

8.       Mr. Moore states that he has been overcharged for chronic care co-payments.  *See* Motion to Reconsider, p. 6.  Prior to the newly implemented annual $5.00 co-pay charge assessed to every CDOC inmate, inmates with chronic health issues were assessed a $5.00 co-pay charge every six (6) months.  If Mr. Moore was charged in excess of the $5.00 bi-annual co-pay for chronic care, then he should be reimbursed for those charges.  Pursuant to the Montez Stipulation entered on April 4, 2008, ("2008 Stipulation Agreement"), Mr. Moore shall not be

3

assessed future co-pays for medical treatment related to his disability, except for the annual $5.00 co-pay assessed to every CDOC inmate. The 2008 Stipulation Agreement is attached as **Exhibit B.**

9. Mr. Moore states that he has been overcharged for copies of his medical records. *See* Motion to Add Document, p. 1. If Mr. Moore is referring to copies made for his damage claim, then pursuant to the Amended Stipulation and Order entered on August 29, 2006, ("2006 Amended Stipulation and Order"), Mr. Moore should have received the first ten (10) copies free of charge and $.25 per page thereafter. If he was charged in excess of $.25 per page, and such charges are supported by the records of the CDOC, then Mr. Moore should be reimbursed accordingly. The 2006 Amended Stipulation and Order is attached as **Exhibit C.**

10. Mr. Moore requests the return or replacement of his Quadra Fold wheelchair. *See* Motion to Reconsider, p. 6 and Motion to Add Document, p. 1. Pursuant to the Montez Remedial Plan, no inmate shall be deprived of a health care appliance that was in the inmate's possession upon entry into the DOC system or was properly obtained while in DOC custody, unless for documented safety or security reasons. *See* Remedial Plan, ¶ XVI (C), p.20. Evidence has been presented to show that Mr. Moore has altered his wheelchair in the past thereby creating a perceived security risk. Whether that is the reason he is without his Quadra Fold wheelchair is unknown to counsel for the class. Mr. Moore is presently in possession of a wheelchair, albeit not his chair of choice, and CDOC is required to ensure that the wheelchair is in good repair and/or is the proper fit and size for Mr. Moore. Pursuant to the 2008 Stipulation Agreement, Mr. Moore should have his present wheelchair examined by a wheelchair specialist.

If his wheelchair is not to specification, it shall be repaired as appropriate or replaced within sixty (60) days absent unique circumstances. *See* **Exhibit B,** 2008 Stipulation Agreement.

11. Finally, Mr. Moore expresses concern over the role of the present ADA Inmate Coordinator, Cathie Holst, and suggests that she be replaced by a non-DOC employee. It is not the position of counsel for the class that Ms. Holst be removed from her current position as the AIC. Mr. Moore incorrectly states that the Court did not consult with Plaintiffs in appointing Ms. Holst as AIC. *See* Motion to Reconsider, p. 7. The position of the AIC, and the current employee holding that position, was, in fact, agreed upon by both parties when the Montez case was settled in 2003. The Remedial Plan also ensures that if, for any reason, Ms. Holst is no longer assigned the AIC position, the position will be filled by an individual agreed upon by both parties. In the event the parties cannot agree on that individual, the appointment will be at the discretion of Judge Kane. *See* Remedial Plan ¶ II, p. 1.

### III. ISSUES RAISED BY MR. MOORE RELATED TO HIS PRIOR CLAIM FOR DAMAGES

12. The Special Master entered a Final Order on Mr. Moore's claim for damages under the Montez Remedial Plan, Claim No. 03-030, on July 25, 2005. The Special Master found that Mr. Moore had been denied access to participate in the normal daily program of eating at the chow hall due to architectural barriers at the Limon Correctional Facility. Accordingly, the Special Master ordered CDOC to compensate Mr. Moore for his damages in the amount of $50.00. The Final Order of the Special Master is attached as **Exhibit D.**

13. Mr. Moore contends that CDOC has yet to compensate him for his damages as ordered by the Special Masters. Although counsel for the class does not have specific

5

knowledge as to whether Mr. Moore has been paid or not, the issue of CDOC not complying with Orders of the Special Master was raised as a matter of great concern during the Compliance Hearing held before Judge Kane on March 25, 2008.  If Mr. Moore has yet to receive his compensation for damages ordered by the Special Master in July of 2005 – the CDOC should be ordered to comply with the Final Order of the Special Master and compensate Mr. Moore without further delay.

14. Mr. Moore also lists several other items to which he refers to as having "been ordered but rejected." *See* Motion to Reconsider, p. 5.  Those items include Montez Pod Time, return of wheelchair, return of footbath salts and heater, and the installation of an accessible chin up bar at C.S.P.  If the Special Master has ordered any of these items under a separate Order, then CDOC shall comply accordingly.  If Mr. Moore has requested these items as an accommodation and has been denied, or if he has been granted these items as an accommodation but CDOC is not allowing him to retain them, then he should file an ADA grievance pursuant to the Montez Remedial Plan.

Respectfully submitted this 23rd day of June, 2008.

KING & GREISEN, LLP


/s/ Jennifer W. Riddle_____
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com

6

Edward T. Ramey
Lara E. Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 23rd day of June, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE L.R. MOORE with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

                                                                  */s/* Gail Costanzo