IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

  Plaintiffs,

-vs.-

BILL OWENS, et al.

  Defendants.

---

Case Number C-007
Category: C
Claimant: Matthew T. Redmon, #140637
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

---

  THIS MATTER comes before the Special Master on the letter of Matthew T. Redmon (Claimant). This letter has been referred to the Special Master pursuant to the order of Judge Kane, dated April 15, 2008, which expanded the jurisdiction of the Special Masters. The letter will be treated as a motion for relief.

  Claimant was sentenced to the Colorado Department of Corrections (DOC) on March 10, 2008. He is now housed at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.

  Claimant states, in part, as follows:

  My name is Matthew Tazio Redmon. I am an Inmate in the Colorado Department of Corrections. I am currently house in a Facility known as Colorado Territorial Correctional facility. I have a 70% hearing loss and am classified as a Montez Inmate.
  Recently, I received a letter from Attorney Paula Greisen of the law firm King and Greisen, LLP. Attached to this letter, as well as part of, was a copy of a Document from the U.S. District Court. The Document is listed as Document #3326, was filed on 04/04/08 in Case 1:92-cv-00870-EWN-OES and was signed by Judge John L. Kane.
  This is a very interesting Document !!!. Made even more so by the fact that

the Administration here at CTCF is in no way even remotely attempting to comply
with the Orders of the Court....

The Document lists sanctions against the Colorado DOC for noncompliance
with the Remedial Plan agreed to in the above named case, a.k.a "Montez vs. Owens,
at al..."

These sanctions are listed as numbers 1-36. I, being an Inmate in the Facility
known as CTCF, can personally assure you that number 2,5,11,16,17,18 and
certainly not 32, are in no way being done, about to be done, or even thought of
being done by the Authorities tasked with these chores.

Claimant has alleged that DOC officials have made no attempt to comply with the stipulation entered into in late March 2008. The Special Master interprets Claimant's letter as requesting personal relief to items set forth in the Stipulation that has been referred to as "Document 3326."

Document 3326 is a document entitled "Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan" (Stipulation). That document was approved by counsel for the Class and Defendants and was presented to Judge Kane. The stipulation was approved and made an order of the Court on April 4, 2008.

Claimant has listed specific paragraphs from the Stipulation that he alleges apply to his situation. He has listed Paragraphs 2, 5, 11, 16, 17, 18, and 32. Paragraph 2 states as follows:

2. CDOC will provide long-lasting batteries for hearing aids. Such batteries
shall be kept in stock in facility clinics and available to inmates with hearing aids on
an as needed basis. CDOC will identify upon intake at DRDC the size and or type
of batteries needed for every individual's hearing aid.

Paragraph 5 provides that "CDOC will add American Sign Language classes as a program offered by CDOC to inmates identified as hearing impaired or disabled." Paragraph 11 states as follows:

11. The TTY machines shall be made available to inmates who require such
an accommodation in the same manner the CIPS telephones are available to non-
hearing impaired/disabled inmates. This includes but is not limited to maintaining
the TTY machine in an accessible area and eliminating case manager involvement
in accessing the CIPS phones.

Paragraphs 16 thru 18 read as follows:

16. CDOC shall provide two hearing aides to inmates with hearing
impairments who meet the criteria mutually agreed upon by the parties. If the parties
cannot agree upon this criterion by June 1, 2008, the matter shall be submitted to
Judge Kane for a forthwith hearing.
17. All hearing impaired inmates who are housed at Colorado Territorial
Correctional Facility shall be housed in cells with strobe alarms and CDOC will

provide the same proportional number of single cells with strobe alarms as is available to inmates without hearing impairments. Any hearing impaired inmate who is currently housed in a single-cell without a strobe alarm shall have his/her cell immediately furnished with a strobe alarm.

        18. CDOC shall immediately provide vibrating watches to all inmates with hearing impairments or disabilities.

Claimant's letter indicates that he has sought relief through his case manager. It appears that Claimant has not been provided with those items and/or programs mentioned in any of these cited paragraphs.

Claimant was not in DOC custody on or before August 27, 2003. Claimant is not eligible to file a damage claim pursuant to Paragraph XXXII of the Remedial Plan. Claimant is not part of the class that was established on August 27, 2003. The question posed by Claimant's letter is whether he may seek individual relief pursuant to the provisions of the Stipulation. If the Stipulation provides provisions, as noted in the cited paragraphs, that apply to him, then the further question is what process exists to allow Claimant to seek relief. In other words, must Claimant seek relief through class counsel or the grievance process, or may he seek relief through the Court. If relief may be sought through the Court, then does jurisdiction exist for the Special Masters to adjudicate the request for relief?

The Special Master would note that these questions will also apply to certain provisions of the Amended Stipulation (Document #2228) that was signed by the parties and approved by Judge Kane on August 29, 2006. As examples, that stipulation details waiver of co-pays for medical treatment in certain instances and availability of jobs with pay equal to those held by non-handicapped inmates.

Both Counsel for the Class and Defendants will be granted an opportunity to state their positions on the questions raised by the letter from Claimant. In addition, Claimant will be granted an opportunity to file any further documents that he would like to have considered.

IT IS HEREBY ORDERED that Counsel for the Class and Defendants are granted up to and including **July 18, 2008** in which to respond to this Order and detail their positions on the questions raised by Claimant's letter; and

IT IS FURTHER ORDERED that Matthew T. Redmon is granted up to and including **July 18, 2008** in which to submit any further documents that he would like considered on the questions raised in this order.

SIGNED this 23rd day of June, 2008.

BY THE COURT:

By: */s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master