IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Case Number C-002 (formerly 02-128)
Category: C
Claimant: Stephen Moore, #57381
Address of Claimant: CCF, P.O. Box 600, Canon City, CO 81215-0600

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on two motions filed by Stephen Moore (Claimant). The first motion is denominated "Motion to Reconsider Denial of Disability by Wrong Standard of Review." The second motion is entitled "Violation Montez Plan X 5 Equal Access to the Courts." The Special Master issued an order directing counsel for the class and Defendants to file a response stating their position. Those responses have been filed, along with a further pleading filed by Claimant.

### I.

A brief chronology of events is important to the resolution of these two motions. This case was commenced in 1992 and certified as a class action. Present counsel for the class were appointed and have represented the class members for several years.

Claimant came into the custody of the Colorado Department of Corrections (DOC) in July 1987. According to the documents he submitted in support of his claim, he suffered an eye injury in 1992. He has alleged that he received inadequate medical care for his eye and has suffered problems as a result. Claimant further alleged in his claim that he was seen by an ophthalmologist on September 30, 1999. Claimant further alleged that he did not have eyeglasses for a period of time from 1996 to 2001. He alleged that he did not have proper glasses and that he has been placed at the Colorado State Penitentiary in Canon City, Colorado due, in part, to his vision impairment.

In his pleadings, Claimant has argued that he has been limited to one pair of eyeglasses

which are bifocals. He has requested and been denied two pair of glasses, so he might have a set of glasses to read with. He also has indicated that he has headaches as the result of his vision problems.

Claimant filed an action under 42 U.S.C. §1983 contesting the DOC rule limiting each inmate to one pair of glasses. This Court dismissed the action. Claimant appealed the dismissal to the United States Court of Appeals for the Tenth Circuit which affirmed in an unpublished opinion. *Moore v. Neal*, 149 F.3d 1191 (10th Circ. 1998). The court noted that the dismissal of Eighth Amendment claims was not improper and noted that "[a] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."

In early summer 2003, counsel for the class and counsel for Defendants began settlement discussions. A proposed settlement was presented to Judge Nottingham who then set a fairness hearing. The Remedial Plan was approved by Judge Nottingham on August 27, 2003. Included in the Remedial Plan was Paragraph XXXII which provided the procedure for individual inmates to seek damages for alleged violations of the ADA and Rehabilitation Act that occurred on or before August 27, 2003. The claims for damages were to be adjudicated by the Special Masters.

On April 15, 2004, Claimant filed his claim. He checked the box for vision impairment and then created his own box which he checked for mental condition.[1] Claimant alleged in his claim that he had 20/400 vision acuity and an injury to his eye. The claim was assigned to Category II by the Special Master. Category II claims were resolved solely on the documents submitted by Claimant and Defendants.

Defendants were issued an order by the Special Master directing that a response to the claim be filed. That response was received on October 5, 2005. Claimant then was given an opportunity up to December 19, 2005 in which to file a reply to the response of Defendants. Nothing further was filed until the two motions were received by the Court.

On March 27, 2006, a final order was issued by the Special Master denying the claim. In the final order, the Special Master reviewed reports from two ophthalmologists reflecting that Claimant needed glasses, but that his eyesight was correctable to within normal ranges. One doctor suggested that Claimant might benefit from having two pair of glasses, with one pair for reading. The Special Master determined that Claimant's vision impairment did not meet the criteria of the Remedial Plan.

In the final order, Claimant was advised that he had the right to file an objection to the final order on or before May 22, 2006. Such an objection would be acted upon by Judge John L. Kane, Jr. Claimant did not file an objection during the time limit set forth in the final order.

---

[1] The Remedial Plan set forth four categories of impairments: vision impairment; hearing impairment; mobility impairment; and diabetes. Other conditions were not covered by the Remedial Plan but could be pursued through separate actions under the ADA and Rehabilitation Act. No action was taken on the claim of a mental condition.

2

On December 28, 2007, Claimant filed his motion for reconsideration (doc. #3130) of the final order based upon a belief that the wrong criteria was used by the Special Master. Judge Kane overruled the objections to the final order on February 12, 2008 (doc. #3216).

The two motions were referred to the Special Masters as the result of an order expanding their jurisdiction. The Special Master has reviewed the motions and will waive further argument.

**II.**

The two motions pose significant legal issues that need to be resolved at some point. Arguably, the motion for reconsideration has been resolved by Judge Kane's order (doc. #3216). In light of the arguments of counsel for the class, the motion for reconsideration still remains before the Court on new grounds for consideration.

The Remedial Plan established the process for submitting damage claims. Paragraph XXXII of the Remedial Plan states, in part, as follows:

> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim of damages. Inmates who have ongoing claims for damages may submit claims for future damages....
> After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane....
> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claim Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.
> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim.

*Remedial Plan*, *pp. 28-29*. Paragraph XXXII is the only provision in the Remedial Plan in which class counsel do not represent the class as a whole. It is the only provision of the Remedial Plan that allows an individual inmate or former inmate to file a *pro se* pleading.

3

The Remedial Plan was approved on August 27, 2003 and resolved *all* outstanding issues that were pending at that time. When Judge Nottingham approved the Remedial Plan, it set into motion the compliance process and the claim process. Though the Remedial Plan does not so state, the approval of the Remedial Plan presumably established the class. The Special Masters have ruled that a class member had to have been in DOC custody on or before August 27, 2003 in order to file a claim. That interpretation has been upheld by Judge Kane on several objections to dismissals of claims filed by individuals who came into DOC custody after the approval of the Remedial Plan.

Claimant's argument in his motion for reconsideration is fairly simple. He argues that the criteria used by the Special Master was improper, since that criteria was to be used only for determination if an inmate needed special housing. His argument is that he is entitled to a reconsideration of his claim and approval of that claim based upon the general criteria from the ADA and Rehabilitation Act. As noted previously, this argument was rejected by Judge Kane when he reviewed the document as a objection to the final award.

Counsel for the class have raised some additional issues. First, counsel for the class argues that the proper standard was agreed upon by the parties in Paragraph III(B) of the Remedial Plan which states as follows:

> B. Qualified Inmate
> Inmate with a permanent physical disability/impairment which substantially limits his or her ability to perform a major life activity.

Second, counsel for the class state that a request for accommodation was denied in 2004 when Claimant requested two pair of glasses. Third, counsel for class argues that the recent stipulation of the parties signed on March 31, 2008 reflects that deficient criteria had been used by DOC for screening of accommodation requests. As of this writing, the Special Master is unaware of any revised criteria, even though the stipulation provided such criteria to be in place by June 1, 2008. *Stipulation of March 31, 2008*, p.2.

The Special Master would note that there is no agreement between the parties as to the criteria to be used for adjudication of claims. In a stipulation approved by Judge Kane on August 29, 2006, the parties provided, in part, as follows:

> 7. Judge Kane will make an expedited ruling regarding the following issue: the criteria used by CDOC in implementing the Remedial Plan and the criteria to be used by the Special Masters in the damages claim process to determine whether an inmate is disabled. The parties will file briefs on this matter by September 1, 2006. Reply briefs will be filed by Sept. 22, 2006. Once the Court issues its ruling, the Special Masters shall review all prior damage claim determinations (whether they have been appealed or note) and issue amended rulings on all claims that have relied on incorrect criteria or legal analysis. Thereafter, the parties shall have the right to appeal the amended orders of the Special Masters in compliance with the procedures in the damage claim process. Counsel are going to attempt to resolve remaining

issues regarding the manner in which CDOC is applying the *Fitzgerald* opinion. If they are not able to resolve those issues within 90 days of the signing of this order, those issues will be briefed for the court.

*Stipulation, p. 3*. To date, no order has been issued by Judge Kane or any other judge concerning the issue of the criteria to be used. In fact, just the opposite has occurred with the dismissal of Claimant's objection to the final order on February 12, 2008.

When counsel for the class and Defendants drafted the Remedial Plan, it was anticipated that the damage claim process would be less formal than the normal litigation process. No provision was included in Paragraph XXXII for appointment of counsel, though a claimant had the right to secure his own attorney. Class counsel had no obligation to represent any individual claimant.

> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim.

In addition, Paragraph XXXII provided no authority for issuance of subpoenas.

Perhaps most importantly, Paragraph XXXII provided as the sole means of appeal the right to file an objection to the final order with Judge Kane. Claimant did not file within the time limit provided in a final order, but Judge Kane allowed the motion to reconsider to be treated as an objection. Judge Kane then determined that the objection should be denied.

Claimant has exercised his right to file a claim and to have it adjudicated. Even assuming the wrong criteria may have been used by the Special Master, the final award was affirmed under the only appellate right that exists under the Remedial Plan for damage claims. Claimant and counsel for the class have presented no legal basis for this claim to be re-opened or modified. Claimant's request to reconsider, as expanded by the comments of counsel for the class, is denied.

### III.

Claimant's second motion is entitled "Violation Montez Plan X5 Equal Access to the Courts." Claimant's motion contains allegations that various aspects of the Remedial Plan are not being properly instituted by DOC.[2]

This case is a class action. Pursuant to F.R.C.P. 23, counsel has been appointed to represent the class. The only provision of the Remedial Plan that authorized *pro se* activity was Paragraph XXXII dealing with damage claims. The stipulations of August 2006 and March 2006 do not diminish the representation by class counsel in any way.

---

[2] Claimant's motion is not dissimilar to many that are now being forwarded to the Court. The Special Masters have been directed to review and act upon all *pro se* pleadings.

Claimant's *pro se* motion requests relief from the Court. Two significant problems are presented by the motion. First, Claimant maintains that he is disabled and covered by the provisions of the Remedial Plan. If that is correct, Claimant is represented by counsel for the class on all issues except his damage claim. Thus, it would be inappropriate at this stage for the Court to take any action on the motion. The Tenth Circuit's decision in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) is applicable. In a class action, *pro se* papers must be sent initially to counsel for the class.

> If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the *pro se* prisoner may file a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation of class counsel.

*Id. at 1166.* Under *McNeil*, Claimant's *pro se* motion may not be considered at this time. Claimant must present his motion to counsel for the class. Only after counsel makes a determination as to what action is to be taken concerning the motion may Claimant seek to have his motion considered.

Second, Claimant does not appear to be a member of the class as of this date. His request for accommodation was denied by DOC. His damage claim was denied, with that denial being upheld on appeal by Judge Kane. If he is not a member of the class, then he is a legal stranger to this case and his motion may not be considered.

Under either scenario, the motion is not appropriate and cannot be considered by the Special Masters or the Court. Claimant's "Violation Montez Plan X5 Equal Access to the Courts" is denied.

IT IS HEREBY ORDERED that Claimant's motion for reconsideration is denied; and

IT IS FURTHER ORDERED that Claimant's Violation Montez Plan X5 Equal Access to the Courts is denied; and

IT IS FURTHER ORDERED that Claimant, counsel for the Class, and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before July 21, 2008.**

SIGNED this 25th day of June, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master