JUDGE, JOHN L. KANE
BYRON WHITE U.S. COURTHOUSE
1823 STOUT Street
Denver, Colorado 80294

```
                FILED
       UNITED STATES DISTRICT COURT
           DENVER, COLORADO

             JUN 30 2008

        GREGORY C. LANGHAM
                          CLERK
```

Ref: MONTEZ et al v. BILL OWENS
No 92-N-870; and 96-N-343

Dear Judge,

    I am writing in regards to the March 31, 2008 Stipulation tenderred by the party counsels. Many of the Montez class object to the stipulations and feel that the attornies who have represented the Montez class have not had their best interest at heart by stipulating to issues that inmates had no idea that certain issues had been tenderred without first discussing them with the Montez class members. Section D.(1) and No. 26 of the Stipulations tenderred involve inmates wireframe personal glasses, and No. 26 of the Stipulation which is a bias decision by people who are state employees. There is a conflict of interest in the first place with Cathy holst being appointed AIC. Attornies who supposingly represent the Montez class never discussed these issue prior to, or at any meetings in the past regarding personal eye wear.

The decision to replace personal eye wire frame or even eye wear it self is not a neutral government interest, nor is it a legitimate neutral government interest. Be cause it targets certain individuals. And is not in agreement with the August 27, 2003 Remedial Plan, page 20 section C. Possession of Health Care Appliances. In pertinent part:

> "...no inmates shall be deprived of a health care appliance that was in the inmate's possession upon entry into DOC system..."

There is about 50% inmates that have wire-frame glasses within D.O.C. now and are there personal glasses that are prescribed. Most have tinted, or dark lens with UVA and UVB protect or other filter system, such as anti-glare protection to protect there eye sight. D.O.C. Medical will not provide these health care needs., if inmates glasses are replaced. Even if inmates offer to pay for these basic human needs. Please see the information presented on exhibits M-1 and M-2. There are many other inmates who have other eye problems that require there prescribed glasses that attornies have not discussed or presented at or any hearings. I ask this Honorable Court to reconsider the stipulation tenderred in the March 31, 2008 and hold hearings or to follow the holding in August 27, 2003 Remedial Plan.

Date June 20, 2008

Respectfully submitted

Ronald Cordova
Ronald Cordova, # 57350
AVCF      Unit 4
P.O. Box 1000
Crowley, Co 81034

List of names of other Montez et al Class members who disagree with the March 31, 2008 Stipulation Regarding Status of Compliance by the Colorado Department of Correction with Montez Remedial Plan. Section D. (1) and No. 26

And feel that the Attornies from Paula Greisen, Law firm do not have the right to Stipulate any right of the class members under Montez et al v. Bill Owens without their consent. Especially personal prescribed eye glasses, whether wire frame or not.

*[Signatures, left column:]*
- William Jury
- Kenji Ikeda
- Federico Arneta
- Domingo
- Jose A. Salazar Jr
- Louis King
- Leon Bates
- Richard Rice 53696
- Billy Bain 103750
- Cocy Johnson 112359
- Michael Davis 132704
- Luke Sanderson 118107
- Michael E. Zamudio 13021
- Rudy Caden #132291
- Anthony Marquez #55743

*[Signatures, right column:]*
Submitted by
- Ronald Calvey #57350
- Mike Trevino
- Frederick R. Mankey #71965
- John ___ 88091
- Michael Young #81310
- Jonathan ___ #141309
- ___ Cabell #137718
- Jerald W. ___ #90837
- Richard Espino #124150
- Archie Archuleta #85581
- Elay ___ #84927
- James E. Darnell #97442
- David Nordon #99760

We believe we are entitled to a Hearing, the Fourteenth Amendment of the U.S. Constitution holds in pertinent part: "...No State shall ...deprive any person of life, liberty, or property, without due process of law;..."