**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02597-EWN-MEH

RAJEEV KUMAR, M.D.,

    Plaintiff,

vs.

COPPER MOUNTAIN, INC., a Delaware corporation,
d/b/a COPPER MOUNTAIN RESORT,

    Defendant.

_____

**PRELIMINARY PRETRIAL ORDER**
_____

### 1. DATE OF CONFERENCE

This matter is set for a Preliminary Pretrial Conference on Monday, July 14, 2008 at 10:00 a.m. Pursuant to Section 11 of this Preliminary Pretrial Order, the parties have unanimously agreed to waive the Preliminary Pretrial Conference, and, with the entering of this Order, the Conference is hereby **vacated**.

### 2. JURISDICTION

Jurisdiction is based upon diversity of citizenship of parties, pursuant to 28 U.S.C. §1332(a)(2). There is complete diversity of citizenship, and the amount in controversy is in excess of $75,000.

### 3. CLAIMS AND DEFENSES

**a. Plaintiff:**

This is an action to recover damages for personal injuries and associated loses suffered by Plaintiff Rajeev Kumar, M.D. on March 16, 2006, when he skied off a cornice which Defendant Cooper Mountain, Inc. was aware existed, and yet had failed to mark or warn of its existence, in violation of Copper's statutory and common law duties. As a direct and

proximate result of Copper's violation of its statutory and common law duties, Plaintiff Kumar was unaware of the existence of the cornice until he skied off it and was suddenly airborne. The unmarked cornice was not visible from the slope above.

As a direct and proximate result of Copper's violation of its statutory and common law duties, Plaintiff Kumar sustained severe injuries to both of his lower legs, right wrist and right scapula, as well as a laceration of his liver, and other injuries. He has had economic losses in the form of medical, hospital, physical therapy and other medically-related expenses, as well as a loss of income and earning capacity. He has also suffered non-economic damages in the form of physical, mental and emotional pain and suffering, and loss of the enjoyment of life. Finally, Plaintiff has suffered permanent physical impairment and disfigurement with respect to some of his physical injuries.

    **b.** **Defendant:**

Defendant generally denies the allegations of the Complaint. Defendant asserts that the Complaint fails to state a claim for relief. Defendant claims Plaintiff was wholly and/or comparatively negligent to a degree of 50% or more for breach of his duty to use reasonable care and his failure to comply with the Colorado Ski Safety Act.

The cornice that the Plaintiff skied over, referred to as "Celebrity Cornice," was a naturally occurring condition that constituted an inherent danger and/or risk of skiing. Plaintiff statutorily assumed the inherent risks of skiing, as well as the general risks of skiing. The cornice does not qualify as "extreme terrain' as alleged by Plaintiff, and Copper was under no duty to mark or sign the cornice. Moreover, despite that there was no duty to do so, the edge of the cornice itself was marked with bamboo poles with discs at the time of Plaintiff's accident. The happening of this accident was caused solely and exclusively by the Plaintiff's failure to ski within his own ability, from failing to maintain his speed and his

course and to maintain a proper lookout so as to have avoided this incident in violation of the Colorado Ski Safety Act C.R.S. §33-44-109 (1) and (2). Moreover, Plaintiff failed to heed all posted information and warnings and failed to refrain from acting in a manner which exposed himself to injury in violation of the Colorado Ski Safety Act C.R.S. §33-44-109 (5). These violations constituted negligence *per se.* There were no actions or inactions of the Defendant that caused or contributed to this accident.

Additionally, Defendant maintains that Plaintiff's claims are barred or reduced by the provisions of C.R.S. §13-21-111.6 (collateral source), C.R.S. §33-44-113 (limitation of liability), and C.R.S. §13-21-111.5 (pro-rata liability).

### 4. PENDING MOTIONS

None.

### 5. WITNESSES

a. The parties have disclosed all witnesses of which they are currently aware in their Rule 26(a)(1) Disclosures and supplements thereto and, in the case of the Plaintiff, in his responses to written discovery requests served by Defendant.

b. The names, addresses and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known. *See* Fed.R.Civ.P. 26(a)(3). Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

c. **Disclosure of Expert Testimony**

Pursuant to the Scheduling Order entered March 18, 2008, on or before August 15, 2008, any party with the burden of proof on an issue shall serve all other parties with a report

which shall identify any person whom that party expects to call as an expert witness at trial under Fed.R.Evid. 702. Except as otherwise stated in this paragraph, the report shall contain all the information specified in Fed.R.Civ.P. 26(a)(2)(B). On or before September 10, 2008, any other party wishing to call a rebuttal expert shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed.R.Civ.P. 26(a)(2)(B). This Preliminary Pretrial Order requires Rule 26(a)(2)(B) reports from ***any*** person who will provide expert testimony — including, for example, a treating physician — except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702").

## 6. REMAINING DISCOVERY

a. **Depositions**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| Rajeev Kumar, M.D. | 08/04/08 | 9:00 a.m. | | Not scheduled to occur before the Preliminary Pretrial Conference |
| Chris Scheer | To be set for the first or second week of August | TBD | 2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |

4

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| Will Tien | To be set for the first or second week of August | TBD | 2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Robert Knickrehm | To be set for the first or second week of August | TBD | 2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Two ski instructor witnesses, not yet identified | TBD | TBD | 2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Head of Copper Mountain Ski Patrol on date of accident | TBD | TBD | 2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Bharat M. Desai, MD | TBD | TBD | 1-2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Kevin E. Varner, MD | TBD | TBD | 1-2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |
| Joseph J. Gugenheim, MD | TBD | TBD | 1-2 hours | Not scheduled to occur before the Preliminary Pretrial Conference |

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| Any experts endorsed by Plaintiff | TBD | TBD | | Not scheduled to occur before the Preliminary Pretrial Conference |
| Any experts endorsed by Defendant | TBD | TBD | TBD | Not scheduled to occur before the Preliminary Pretrial Conference |

    b.    **Interrogatories and Requests for Documents**

Plaintiff intends to serve a set of written interrogatories and requests for production of documents which can be responded to prior to the expiration of the discovery cut-off date of September 20, 2008. These written discovery requests have not been promulgated simply because what time undersigned Plaintiff's counsel has had to devote to this case since the Scheduling Conference has been spent in preparing the Plaintiff's Rule 26(a)(1) Disclosures, as well as Plaintiff's responses to Defendant's extensive set of written discovery requests. In that interim, Plaintiff's counsel has been occupied with myriad details associated with the pending dissolution of his old law firm, Buchanan, Jurdem & Cederberg, P.C., and the initiation of his new practice, Buchanan Law Firm, LLC.

    c.    **Requests for Admissions**

Plaintiff intends to serve a set of requests for admissions which can be responded to prior to the expiration of the discovery cut-off date of September 20, 2008.

    d.    **Other Discovery Orders and Issues**

None

## 7. SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a. They spoke by telephone on July 7, 2008 to discuss in good faith the settlement of this case.

b. The following persons participated in the settlement conference:
For Plaintiff Rajeev Kumar, M.D.:  Ross Buchanan, Esq.
Other participants: None
For Defendant Copper Mountain:   Kimberly Viergever, Esq.
Other participants: None

c. There were no offers of settlement, so the parties were not promptly informed of any such offers.  Rather, the discussion concerned whether the parties were in a position to have a fruitful settlement conference on July 14, 2008, given the status of discovery.

d. Counsel do intend to hold future settlement conferences prior to the close of discovery, i.e., on the date to which Magistrate Judge Michael Hegarty has continued the settlement conference in this matter, September 15, 2008 at 10:00 a.m.

e. It appears from the discussion by all counsel that there is some possibility of settlement.

f. The following specific problems have created a hindrance to settlement of this case:   The lack of substantial completion of discovery.

g. The date of the next settlement conference before the magistrate judge is September 15, 2008 at 10:00 a.m.

## 8. SPECIAL ISSUES

a. Discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement:   None

b. Other issues which the court may wish to consider prior to the Final Pretrial Conference:  None

### 9. TRIAL AND ESTIMATED TRIAL TIME

a.  Trial is to a jury. The parties estimate that the case will take approximately five (5) days to try. The trial will be in the Alfred A. Arraj U.S. Courthouse in Denver, Colorado.

b.  Subject to other matters on the court's docket, the trial date and a date for a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled. Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trial at any time after the Final Pretrial Conference. Specifically, counsel and the parties will strictly observe (a) the discovery cut-off date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

### 10. EFFECT OF PRELIMINARY PRETRIAL ORDER

This Preliminary Pretrial Order may be altered or amended upon a showing of ***good cause***.

### 11. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

The parties unanimously agree to waive the Preliminary Pretrial Conference currently set for Monday, July 14, 2008.

DATED this 10th day of July, 2008.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:**

| **BUCHANAN LAW FIRM, LLC** | **THE RIETZ LAW FIRM, LLC** |
|---|---|
| s/ Ross Buchanan | s/ Kimberly A. Viergever |
| _____ | _____ |
| Ross B.H. Buchanan | Peter W. Rietz |
| 1621 18th Street, Suite 260 | Kimberly Viergever |
| Denver, CO 80202 | Maryjo C. Falcone |
| (303) 297-2277 | P.O. Box 5268 |
| ross@bjcpclaw.com | Dillon, CO 80435 |
| | (970) 468-0210 |
| ATTORNEYS FOR PLAINTIFF | peter@rietzlawfirm.com |
| | kim@rietzlawfirm.com |
| | ATTORNEYS FOR DEFENDANT |