IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-430
Category III
Claimant: James P. Wylie, #114060
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on motions filed by James P. Wylie (Claimant) (Documents # 3325 and 3376). Defendants have responded to the motions. Claimant was granted up to and including July 7, 2008 in which to file a reply to the response of Defendants. Claimant has filed nothing further.

Claimant filed a claim pursuant to Paragraph XXXII of the Remedial Plan. Claimant checked the box for vision impairment. Claimant alleged that he had a condition known as scotopia, along with dyslexia. Claimant alleged that he could not read because scotopia caused written material to move and jump back and forth.

A hearing was held on December 20, 2007 at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Claimant called a number of witnesses, including Dr. David Griffard, Ed.D. Dr. Griffard is the director of special education services for the Colorado Department of Corrections (DOC). Dr. Griffard testified that Claimant does have scotopia and needed special glasses or colored overlays to help with his condition.

On January 9, 2008, the Special Master issued the final order concerning the claim filed by Claimant. The Special Master determined that scotopia constituted a vision impairment and that Claimant was entitled to a special pair of filtered glasses. No additional relief was granted, as the Special Master determined that the disciplinary record of Claimant precluded him from being eligible for any additional programs or benefits.

Claimant filed an objection to the final order. On May 7, 2008, Judge John Kane affirmed the final order, overruling the objections that Claimant had filed to the final order.

Claimant filed on April 1, 2008 a document entitled "Motion to Appeal in part and Clarification of Final Order of Special Master." Judge Kane ruled on the appellate part of the motion, and the remainder was referred to the Special Master. Claimant request in his motion books on tape, adequate assistance with reading and spelling, and to receive his filtered glasses.

An order was issued to Defendants directing them to file an response to the motion. Defendants raised several issues in response to Claimant's allegations. Defendants further stated that the special filtered lenses will be ordered once an additional screening takes place, but that the schedule of the certified screening specialist must be taken into account.

In early June, 2008, Claimant filed copies of a number of documents. One of those documents was an order of dismissal in Civil Action 08-CV-00969. That action had been brought by Claimant under the ADA and 42 U.S.C. §1983. Senior Judge Weinshienk dismissed that case as being a duplicate of the present action.

This case was certified as a class action years ago. The case progressed to a settlement on August 27, 2003. On that date, Judge Nottingham approved the Remedial Plan and made it an order of the Court. The Remedial Plan provided no opt out provision for a class member. The Remedial Plan resolved the on-going issues in this case.

Paragraph XXXII provided a procedure to allow the filing of damage claims for inmates, former inmates, and representatives of inmates to seek damages for discrimination that occurred on or before August 27, 2003. The damage claim process also provided for amendment to claims to allow the seeking of damages for discrimination that may have occurred after August 27, 2003. In other words, a claimant had to have had one of the four listed conditions on or before August 27, 2003 and been the victim of discrimination. Absent such a finding, there is no jurisdiction to allow amendment of the claim to incorporate post-August 27, 2003 incidents.

Paragraph XXXII grants to inmates, former inmates, and representatives the right to file claims without the need for an attorney. The process was established to allow informal resolution of claims. Class counsel specifically have no duty to represent any claimant on a damage claim. A claimant has the right to secure his or her own attorney, but there is no provision for appointment of an attorney. Most importantly, Paragraph XXXII is the only part of the Remedial Plan which grants an inmate or former inmate the right to file a *pro se* pleading. On all other provisions of the Remedial Plan, as well as subsequent stipulations in 2006 and 2008, all members of the class are represented by class counsel.

Claimant did file a claim and it was adjudicated. Claimant exercised his right to file an appeal, and his objections were overruled. Claimant has no further right to file any *pro se* pleadings, as he is represented by class counsel. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant's

remedy is to consult with class counsel and relate what his concerns are. Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant. Under *McNeil v. Guthrie*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel. *Id. at 1166*.

Claimant has raised only one issue in which continuing jurisdiction exists and that concerns the filtered glasses that constituted the sole relief under the Final Order issued on January 9, 2008. The Special Master recalls from the testimony that a limited number of specialists exist who can evaluate Claimant. As to that part of the motion relating to receipt of the glasses as ordered, the motion will be dismissed without prejudice. If Claimant has not received his filtered lenses by September 30, 2008, he may file a motion with the Special Master.

The remainder of Claimant's motion is dismissed with prejudice. To the extent that Claimant is attempting to re-open his claim, there is no provision in Paragraph XXXII that would allow that. Claimant has filed his claim and appealed. The provisions of Paragraph XXXII are at an end, except for the receipt of the filtered glasses. To the extent Claimant is requesting additional relief outside of his claim, there is no provision in the Remedial Plan for the filing of *pro se* motions. Under *McNeil v. Guthrie*, Claimant will need to contact class counsel and submit his concerns to them. Class counsel represent Claimant, as well as all other class members, concerning all matters in the Remedial Plan and subsequent stipulations.

IT IS HEREBY ORDERED that Claimant's motion is dismissed without prejudice concerning his receipt of filtered glasses and may be refiled if he has not received his glasses on or before September 30, 2008; and

IT IS FURTHER ORDERED that the remainder of the motion, as well as all other pending motions, is denied because there is no provision in the Remedial Plan for the filing of *pro se* motions and Claimant's remedy is to contact class counsel.

SIGNED this 8th day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

---
Richard M. Borchers
Special Master