IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number C-004 (formerly 03-030)
Category:  C
Claimant:  L.R. Moore, #47702
Address of Claimant:  CSP, P.O. Box 777, Canon City, CO 81215-0777
_____

**RESPONSE TO CLAIMANT'S MOTION TO RECONSIDER**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's "Motion to Reconsider 21 III 08 Order" ("Motion to Reconsider").

1. This matter was heard on July 15, 2005 at CSP.

2. The Final Order of Special Master ("Final Order") was entered on July 25, 2005.

3. The Final Order determined that Claimant was to be awarded $50.00 for lack of accommodation while housed at LCF, but his claim was denied in all other respects because the conduct toward him was the result of his own actions and not the result of discrimination.

1

4.      The Final Order set a deadline for the Parties to object to the Final Order on or before September 15, 2005.

5.      Claimant timely filed an appeal of the Final Order, entitled "Objection & Correction Per Rule 12, FRCP" ("Claimant's Objection").  It does not appear that Judge Kane or Judge Nottingham ruled on Claimant's Objection.

6.      Since that time Claimant has filed numerous motions and letters, many of which attack the DOC as well as the Special Masters.  Judge Kane and Judge Nottingham have denied all of his motions.

7.      On May 8, 2008 Claimant filed his Motion to Reconsider, Motion to Add Document in Support of Claim, and Notice of Appeal.

8.      In his Motion to Reconsider, page 2, he alleges that "[his] claims, even the ones granted, have totally been ignored."  He further alleges on page 5 as follows:

> While he knows that others have similar problems, he, as pro se, cannot address them, especially not while at CSP in solitary confinement.  Thus he addresses only his own – Montez Pod Time, $50.00, return of legal files, return of wheelchair, return of footbath salts & heater, installation of accessable [sic] chin up bar as long promised at CSP. These are (other than files) new claims.  All have been ordered, but rejected in defiance of this Court, by CDOC.

9.      In using the wording that he did, it seems that Claimant is acknowledging that these are new claims, yet at the same time arguing that these are things ordered by this Court.  Whatever Claimant's meaning, none of the things he claimed in his Motion to Reconsider were actually ordered in the Final Order except for the $50.00 award.

10.     In order for the State of Colorado to process damages payments, inmates must fill out W-9 tax forms although the payments are not taxed.  (Affidavit of Darlene S. Hill, attached as Exhibit one).  Only once an accurate, complete W-9 form is received can

the State of Colorado process the award, the warrant be forwarded to the DOC's inmate banking system and deposited into the inmate's account or other arrangements be made. *Id.*

11.     In attempt to bring about the depositing of Claimant's award of $50.00, pursuant to the Final Order, Darlene S. Hill personally sent Claimant L.R. Moore W-9 forms on at least two separate occasions and he failed and/or refused to fill out the correct, necessary information on at least two occasions. *Id.; see also* letter of 8/15/2006 attached as Exhibit A thereto; letter of 9/13/2006 attached as Exhibit B thereto; and W-9 of L.R. Moore attached as Exhibit C thereto.

12.     Therefore, while Defendants have attempted to provide Claimant with his damages award, due to the lack of an accurate, complete W-9 form from Claimant, the $50.00 award has not been able to be deposited into his inmate account. *Id.*

13.     In regard to his demand for Cathie Holst to be removed from her position as the AIC and be replaced by a quadriplegic inmate, as the Parties and Special Masters know, but perhaps Claimant is unaware, counsel for the class and counsel for Defendants mutually agreed to the appointment of Cathie Holst and that agreement is specifically noted on page one of the Remedial Plan.

14.     Adrienne Jacobson from the ADA Inmate Coordinator's Office investigated that claims of Claimant as alleged in his Motion for Reconsideration. (Affidavit of Adrienne Jacobson, attached as Exhibit two).

15.     In regard to his allegation regarding overpayments for chronic care clinic, Claimant has not been in any chronic care program since 2005 and was not overcharged for these visits. *Id.*

3

16. In regard to his allegation that LCF refuses to give "Montez Remedial Part XIII Pod Time[,]" there is no such thing. *Id.* Claimant may be referring to the fact that offenders who are *Montez* classified and are medically unable to work shall continue to receive awards of earned time and day hall privileges and so forth as an able bodied, fully employed offender so that the offender is not discriminated because of his or her medical inability to work. *Id.* Claimant used this as a defense to his constant tampering with the lock on his cell door and being out of his cell, for which He claimed "Montez time." *Id.; see also* case number 080806, attached to the Affidavit of Adrienne Jacobson as Exhibit A.

17. In regard to his allegation regarding the footbath heater, his medical records show that he has no medical need for a footbath heater. *Id.* Further, he has the footbath and can get warm or hot water in his cell. *Id.*

18. In regard to his allegations regarding wheelchair issues, nobody in the ADA Inmate Coordinator's Office has any idea where the Quadra all air wheelchair is or if it ever existed. *Id.* Claimant requested a new wheelchair on 8/19/05 and was given one. *Id.* That chair was replaced on 9/1/05. *Id.* Another replacement was issued and was going through a security check when Claimant stated he refused to accept the new chair on 2/22/08. *Id.* Claimant has a history of damaging property. *Id.* In one instance, he tore a piece of metal from his wheelchair and used it to bang on his cell door. *Id.* Further incidents of damage to property can be found in the attached COPD Reports for cases 080817, 260625, 240178 and 97-159, attached to the Affidavit of Adrienne Jacobson as Exhibits B-E.

19. Counsel for the class filed their Response to Order of Special Master Re L.R. Moore, #47702 ("Plaintiffs' Response") after the June 20, 2008 Order of the Special Master extending the deadline for Defendants' response to Claimant's Motion. In Plaintiffs' Response, p. 3, it states "[u]ndeniably, to date, CDOC has failed to substantially comply with the Montez Remedial Plan…" This statement mischaracterizes the compliance status of the DOC. In addition, Plaintiffs' Response, p. 4, acknowledges that Claimant altering his wheelchair in the past created (at the very least) a perceived security risk.

WHEREFORE, Defendants respectfully request that Claimant's Motion to Reconsider be denied for the reasons set forth above.

Respectfully submitted this 18th day of July, 2008.

    JOHN W. SUTHERS
    Attorney General


*/s/ Willow I. Arnold*
WILLOW I. ARNOLD
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
1525 Sherman St., 4th Floor
Denver, CO 80203
303-866-5198
303-866-5443 (FAX)
Attorney for Defendants

5

## CERTIFICATE OF SERVICE

       This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S MOTION TO RECONSIDER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 18th day of July, 2008 addressed as follows:

L.R. Moore, #47702
CSP, P.O. Box 777
Canon City, CO 81215-0777


*Courtesy Copy To:*

Cathie Holst


*/s/ Darlene S. Hill*_____
Darlene S. Hill