IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER
RE MATTHEW T. REDMON, #140637**
_____

Plaintiffs, through Class counsel, hereby submit this response to the Order of the Special Master dated June 23, 2008 (the "Order") regarding a letter submitted by Mr. Redmon, which is being treated as a motion for relief:

1. Matthew T. Redmon, #140637 is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") and is a member of the Montez class of plaintiffs. Mr. Redmon sent a letter to the Honorable Judge Kane to notify the Court that CDOC was not complying with the recent Stipulation agreement entered into by the parties on April 4, 2008.

2. Mr. Redmon, who has seventy percent (70 %) hearing loss, addressed the provisions of the Stipulation agreement that pertain to individuals who are hearing impaired/disabled. Specifically, Mr. Redmon raised issue with CDOC not complying with paragraphs 2,5,11,16,17,18 and 32 of the Stipulation agreement.

3.  The Special Master is treating Mr. Redmon's letter as a motion for relief. The Order requests the position of class counsel on two issues: (i) the questions raised by Mr. Redmon in his letter; and (ii) what process exists to allow Mr. Redmon to seek relief and if relief may be sought through the Court, whether jurisdiction exists for the Special Masters to adjudicate the requests for relief.

### I.  ISSUES RAISED BY MR. REDMON

4.  Paragraph no. 2 of the Stipulation provides that CDOC will provide long-lasting batteries for hearing aids and that said batteries shall be kept in stock in facility clinics and available to inmates as needed. In the context of hearing aid batteries, "long-lasting" is not a defined length of time. Certain hearing aid batteries only last one (1) to two (2) days, so it could be argued that any battery lasting longer than one (1) to two (2) days could be considered "long-lasting." Also, the life of a hearing aid battery depends on how many hours a day an individual wears his/her hearing aid. Prior to the Stipulation, CDOC was providing the type of hearing aid batteries that only had a life of one (1) to two (2) days. On July 1, 2008, Class counsel was notified by CDOC that facility clinics have been stocked with "Zinc – Air" batteries, which have proven to last up to four (4) days, depending on the individual use. CDOC is required to keep these in stock and to provide them on an as needed basis. Mr. Redmon notified Class counsel in letters dated June 27, 2008 and July 2, 2008 that medical was imposing a policy of "one battery per week per inmate." If Zinc-Air batteries are not in fact being provided, and/or if CDOC is placing additional restrictions on the distribution of batteries, as reported by Mr. Redmon, then CDOC is not complying with the Court ordered Stipulation. Montez Class members, including

Mr. Redmon, may seek relief through the ADA grievance procedure and/or through the Court, to be discussed in detail in section II of this response.

5. Paragraph no. 5 of the Stipulation provides that CDOC will offer American Sign Language ("ASL") classes as a program available to inmates identified as hearing impaired or disabled. On July 1, 2008, Class counsel was informed by CDOC that ASL classes at Colorado Territorial Correctional Facility ("CTCF") would commence July 14, 2008. A list of inmates to whom the class was offered indicating whether the inmate accepted or declined was also provided to Class counsel. It appears that Mr. Redmon has accepted to participate in the ASL program. If the classes are not conducted according to the information CDOC has provided to Class Counsel and/or are not provided at facilities other that CTCF, Class members, including Mr. Redmon, may seek relief through the ADA grievance procedure and/or through the Court, to be discussed in detail in section II of this response.

6. Paragraph no. 11 provides that TTY machines shall be made available to inmates who require such an accommodation in the same manner the CIPS telephones are available to non-hearing impaired inmates. On July 16, 2008, counsel for the Class toured CTCF and observed that a TTY kiosk had been placed in a pod in Cell House 7. Class counsel has been informed by CDOC that additional kiosks have been placed in Cell House 3, 5, Ad Seg, and in the infirmary. As of July 16, 2008, the TTY kiosks at CTCF were not operational. CDOC represented to Class counsel that they kiosks would be operational within a short period of time. CDOC also represented to Class counsel that an orientation would be conducted to introduce the Montez Class members with hearing impairments to the new TTY kiosks. No further documentation of the format of that proposed orientation was provided to Class counsel. Also, at

3

this time, undersigned counsel is without information with regard to TTY kiosks being placed at facilities other than CTCF. In order to comply with the Stipulation, CDOC must make the TTY kiosks at CTCF operational and provide orientation in an accessible format to individuals with hearing impairments and CDOC must take the same steps at the other designated facilities. If CDOC fails to do so, Class members, including Mr. Redmon, may seek relief through the ADA grievance procedure and/or through the Court, to be discussed in detail in section II of this response.

7. Paragraph no. 16 of the Stipulation requires CDOC to provide two (2) hearing aids to inmates with hearing impairments who meet the criteria mutually agreed upon by the parties. The parties are presently working with their respective experts to determine the criteria by which an inmate with hearing loss will be determined disabled and provided a hearing if appropriate. A hearing test was conducted on Mr. Redmon in May of 2008 after which it was determined that he had seventy percent (70%) hearing loss. Mr. Redmon was then told to "pick an ear." Mr. Redmon's hearing loss was sufficient to be fitted for a hearing aids in both ears and yet was told to choose the ear in which he wanted a hearing aid in because CDOC would only provide him with one (1). The purpose of paragraph 16 of the Stipulation is to target this very situation. Once the criteria has been agreed upon, which should occur within a month or the issue will be submitted to Judge Kane, if Mr. Redmon qualifies for two (2) hearing aids, then CDOC will be required to provide him with two (2). If CDOC fails to comply, Class members, including Mr. Redmon, may seek relief through the ADA grievance procedure and/or through the Court, to be discussed in detail in section II of this response.

8. Paragraph no. 17 requires all hearing impaired inmates that are housed at CTCF to be housed in cells with strobe alarms and that the same proportional number of single cells with strobe alarms as is available to inmates without hearing impairments will be provided. Although Class counsel viewed strobe alarms having been placed in cell house 7 at CTCF, the undersigned is without specific knowledge as to the proportion of single cells that have been outfitted with strobe alarms.

9. Paragraph no. 18 states that CDOC will immediately provide vibrating watches to all inmates with hearing impairments or disabilities. CDOC has represented to Class counsel that as of July 1, 2008 vibrating watches were distributed in accordance with the Stipulation. If Mr. Redmon or any other individuals with a hearing impairment did not receive a vibrating watch, one may be requested from the office of the ADA Inmate Coordinator. If CDOC refuses to supply an inmate with a hearing impairment with a vibrating watch, it will be non-compliant with the Stipulation and the inmate may seek relief through the ADA grievance procedure and/or through the Court, to be discussed in detail in section II of this response.

10. Paragraph no. 32 requires CDOC to place a notice with regard to the Stipulation in all facilities in common areas and dayrooms. The notice was to be posted by May 19, 2008. CDOC has represented to Class counsel that the notice was distributed on June 18, 2008. The undersigned is presently without knowledge as to whether these notices have been posted in accordance with the Stipulation. While in cell house 7 at CTCF, counsel for the Class saw a posting not in the day room but in the hallway at the entrance to the cell house. Another posting was viewed in the hallway leading into the Hobby Shop at CTCF. Notices posted in hallways and thoroughfares are not compliant with the Stipulation as those locations do not provide ample

5

opportunity to stand and read the entire posting. For this reason, the Stipulation requires the postings to be placed in dayrooms and common areas. The undersigned is without present knowledge of the placement of the notices at the other facilities.

## II.  JURISDICTION

11. In addition to seeking relief through the ADA grievance process, Montez Class members, including Mr. Redmon, may seek relief through the Court for issues arising from CDOC's continued failure to comply with the Montez Remedial Plan.

12. After the Court heard argument regarding the continued filing of *pro se* claims by inmates during the March 25, 2008 Compliance Hearing, the Court entered an Order Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order"). The Expansion Order states that:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of pro se pleadings and correspondence filed by individual inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

13. Pursuant to the Expansion Order, the Special Masters have jurisdiction to specifically address the request for relief presented by Mr. Redmon and any other Montez Class member that files a *pro se* motion or request for relief.

Respectfully submitted this day 18th day of July, 2008.


KING & GREISEN, LLP

/s/ Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com

Ed Ramey
Lara Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 18th day of July, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE MATTHEW T. REDMON with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

/s/ Gail Costanzo