IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-682
Category II
Claimant: Jerry D. Grady, #93047
Address of Claimant: BVMC, P.O. Box 2005, Buena Vista, CO 81211
_____

## ORDER OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on the letter of Claimant Jerry Grady (Claimant). In that letter, Claimant has set forth various allegations concerning actions of DOC staff at the Buena Vista Minimum Center (BVMC) in Buena Vista, Colorado.

This case was commenced in 1992 against the Colorado Department of Corrections (DOC). The case was certified as a class action, and class counsel were designated by the Court over a decade ago. In 2003 the parties began the process of attempting to settle the case and all of its issues. A proposed settlement was presented to Judge Nottingham, and he held a fairness hearing. Individuals who had objections to the settlement were allowed to file those objections, and they were considered by Judge Nottingham. On August 27, 2003 the Remedial Plan (the settlement document) was approved. The settlement did not provide that an individual in custody on or before August 27, 2003 could opt out of the settlement and bring a separate action.

Approval of the Remedial Plan set in motion the provisions of Paragraph XXXII which provided a means for individual class members to file damage claims if they were disabled on or before August 27, 2003 and had been the victims of discrimination prohibited by the ADA and Rehabilitation Act. The Remedial Plan specifically provided that counsel for the class were not obligated to represent any individual who filed a damage claim. Paragraph XXXII provided that inmates, former inmates, and representatives of inmates could file a claim without the assistance of counsel. No provision exists in the Remedial Plan or elsewhere for the appointment of counsel. The

Remedial Plan does provide that a claimant may secure his own private counsel.

Claimant filed a claim that was adjudicated on January 3, 2007. Claimant was determined to be mobility impaired, but his allegations of discrimination all involved incidents that occurred after he was incarcerated in December 2003. The claim was dismissed, as no act of discrimination was proven prior to December 2003.

Claimant's letter presumably requests relief in the form of special medical footwear. Claimant has alleged that positions of employment for disabled inmates are being eliminated at BVMC.

Under the Remedial Plan, Claimant and all other members of the class are represented by class counsel. There is no provision in the Remedial Plan for *pro se* representation, except in filing a damage claim. Thus, *pro se* pleadings cannot be acted upon by the Court, as counsel represents Claimant and all other class members.

The United States Court of Appeals for the Tenth Circuit in *McNeil v. Guthrie*, 945 P.2d 1163 (10th Cir. 1991) held that *pro se* pleadings must be accepted for filing, but there can be no action on those documents. The court noted that "individual prisoners lack standing to individually litigate matters relating to the class action..." The court noted that "[c]lass counsel has a continuing duty to receive papers until the class action is closed." If documents are sent to class counsel and she refuses to act upon them, then an inmate may file a separate action seeking to intervene in the class action. Claimant and others also may file a separate action challenging the adequacy of representation of the class. Under the decision in *McNeil v. Guthrie*, what Claimant and other members of the class cannot do is file separate documents in the class action and then expect action by the Court. Stated simply, the Court has a duty to accept documents and then determine if they are related to issues in the class action. If unrelated, then a claimant may bring a separate action unrelated to this case as a class action. Presumably, a claimant would have to exhaust remedies under the provisions of the Prisoner Litigation Reform Act.

Claimant's letter will be filed. A copy will be sent to class counsel. The letter relates to issues raised in this class action. No further action will be taken on this letter, as *McNeil* provides that class counsel must make a professional judgment concerning what should be done as the result of the letter being filed.

IT IS HEREBY ORDERED that a copy of the letter of Claimant will be provided to class counsel for action deemed appropriate by counsel; and

IT IS FURTHER ORDERED that no action will be taken on Claimant's letter, as he is represented by class counsel and the letter relates to issues brought as part of the class action; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection

must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 20, 2007.**

SIGNED this 18th day of July, 2007.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master