IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-037
Category III
Claimant: James Martinez, #56997
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on a letter filed by Claimant James Martinez. This letter will be treated by the Special Master as motion for relief based upon alleged retaliation.

### I.

This case was commenced in 1992 against the Colorado Department of Corrections (DOC). The action was brought initially under the Americans with Disabilities Act (ADA) and 42 U.S.C. §1983, as well as various state claims. The complaint was amended to include the Rehabilitation Act, and state claims were dismissed. The case was certified as a class action, and counsel were appointed to represent the class.

In 2003, both sides began the process of settlement. A proposed settlement was presented to Judge Nottingham, and a fairness hearing was set by the Court. At the conclusion of the fairness hearing, Judge Nottingham approved the settlement that was contained in the Remedial Plan. Approval by Judge Nottingham occurred on August 27, 2003.

As the result of the approval of the Remedial Plan, two separate and distinct processes began. The first dealt with the systemic changes to be made in DOC programs and facilities relating to individual inmates who are disabled in one of the four listed categories. The Remedial Plan specifically provided for changes to be made within a designated period of time. This process has

been called the "Compliance Period." By stipulation and then approval of the Court, the compliance period has been extended into 2009. Counsel for the class have been responsible for overseeing implementation of the changes provided through the Remedial Plan. That oversight will continue by class counsel until the compliance period terminates.

The second process was the damage claim procedure. Under Paragraph XXXII of the Remedial Plan, inmates, former inmates and representatives of inmates were granted the right to file damage claims if they were disabled under one of the four categories in the Remedial Plan and had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. An individual had to have been disabled and the victim of discrimination on or before August 27, 2003, the date of approval of the Plan by Judge Nottingham. Paragraph XXXII provided that a claimant might amend his claim to include acts occurring after August 27, 2003.

> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case.

Pursuant to Paragraph XXXII, Claimant did file a claim with the Special Masters. The claim was assigned to Category III, and a hearing was held on April 10, 2008 at the Ft. Lyon Correctional Facility (FLCF) in Ft. Lyon, Colorado. Claimant testified in his own behalf and presented testimony from three other witnesses.

On May 16, 2008, the Special Master issued the final order concerning the claim of Claimant. The Special Master determined that Claimant was not mobility impaired and not vision impaired. The claim was dismissed.

Claimant submitted a letter to the Special Masters that was received on June 24, 2008. The letter states as follows:

> My name is James P. Martinez, I'm writing you in reference to my Parole Board Hearing on 12/12/07.
> I was deferred to 9/08, marked as a public risk, I have never had a violent charge, nor any problems during my incarceration at DOC. It also states that I need continued treatment, but my case manager Cordova, failed to speak of all the classes I have taken. Today's date is 2/26/08 and I have had no help or notice on the stated Recommended Transition Through Community.
> Shortly after this parole hearing I was transferred to Case Manager DeLone upstairs. I have been having trouble with a replacement hip on my right side, walking is very hard so to go upstairs to DeLone is near impossible. Specially when DeLone is not in his office during his open hours that he lists. In short, I feel I have been

2

discriminated against in many ways.

Claimant attached a number of medical kites. For purposes of this order, the letter will be treated as a motion for investigation of retaliation for exercise of Claimant's rights under the Remedial Plan.

## II.

Before consideration of the merits of the motion, the Special Master must examine whether the Court has jurisdiction to consider this motion at this time. As noted previously, Claimant was not successful in pursuit of his damage claim.

This case was certified as a class action well over a decade ago. *Montez v. Romer*, 32 F.Supp.2d 1235 (D.Colo.1999). During that period of time, class counsel have represented all members of the class. Individual inmates and former inmates were given the opportunity to file objections to approval of the Remedial Plan, and many such objections were filed. All objections were considered by Judge Nottingham before he approved the Remedial Plan. Once approved, the Remedial Plan did not provide for any opt-out provision for an inmate or former inmate.

Other than Paragraph XXXII, the Remedial Plan provides no basis upon which an individual may pursue his own motion. Class counsel represent all members of the class, except for damage claims filed pursuant to Paragraph XXXII. Class counsel and Defendants have entered into two subsequent stipulations. These were approved by the Court in September 2006 and April 2008. Neither stipulation provides any basis for individual inmates to file their own *pro se* motions. Class counsel are to represent members of the class relative to those matters agreed upon in the stipulations. Finally, the Remedial Plan and two stipulations provide no basis for *pro se* motions concerning retaliation.

The United States Court of Appeals for the Tenth Circuit was presented with similar issues in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir 1991). In that case, an individual inmate attempted to file documents with the district court in a class action filed against the Oklahoma Department of Corrections. The inmate was part of the class but desired to file his own pleadings. The clerk of the court refused to accept any *pro se* pleadings. The Tenth Circuit held that such pleadings must be accepted.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues with the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action. (citation omitted). Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.
> Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action (citation omitted), the district court should examine the filed papers to make a threshold

3

determination if the allegations are separate from or should be raised within the *Battle* class action....If the claims are duplicative and are appropriately within the context of *Battle*, the district court should dismiss the action....and either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel.

*Id. at 1166.* The court of appeals went on to state, in part:

> If, after the pro se papers are sent to class counsel, he refused to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation by class counsel.

*Id. at 1166.*

Under *McNeil*, this Court has no power to rule on an individual request for relief, if the request is part of the class action. As the Tenth Circuit noted, an individual must submit his *pro se* papers to class counsel. If class counsel refuses to examine the papers or determines without basis that they have no merit, then the individual may file a separate action seeking to intervene or to challenge the representation by class counsel. If the individual request for relief is not covered by the class action, then the inmate must bring a separate lawsuit in a court of competent jurisdiction.

The Remedial Plan does not discuss in any fashion the issue of retaliation. The ADA and Rehabilitation Act do not specifically mention retaliation. Both statutes have been held to be broad enough that retaliation will not be tolerated for exercise of rights and remedies under those statutes. *Proctor v. United Parcel Service*, 502 F.3d 1200 (10th Cir. 2007); *Jarvis v. Potter*, 500 F.3d 1113 (10th Cir. 2007). Claimant may raise the issue of retaliation for filing of a damage claim and the exercise of rights under the Remedial Plan and the two statutes.

Claimant clearly is seeking relief that he believes should be available to him under the Remedial Plan, the ADA, and Rehabilitation Act. His request for relief falls under the umbrella of the class action. Claimant is represented by class counsel on all matters of compliance under the Remedial Plan. Class counsel will need to make a determination if retaliation has occurred and relief should be sought for Claimant.

Claimant's allegations are troublesome. If he was treated differently when being considered for parole because he exercised his rights under the Remedial Plan, then that is inappropriate. Claimant must seek relief through the help of class counsel who represent him. No further action may be taken on his letter other than to forward the documents to class counsel.

IT IS HEREBY ORDERED that no further action will be taken on the letter of Claimant, as the issue of retaliation is related to compliance or other matters involved in the class action; and

IT IS FURTHER ORDERED that a copy of the letter and exhibits filed by Claimant will be

forwarded to class counsel for consideration and action.

SIGNED this 23rd day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*
By:_____
Richard M. Borchers
Special Master