IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

___

Claim Number 03-186
Category III
Claimant: Brandy F. Davis, #99062
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

___

## ORDER OF SPECIAL MASTER
___

THIS MATTER comes before the Special Master on the two letters filed by Brandy F. Davis (Claimant) with the Special Masters. Both of these letters consist of several pages and contain statements by Claimant that she is not receiving proper accommodations for her disabilities.

Claimant filed a claim pursuant to Paragraph XXXII of the Remedial Plan. The hearing on the claim was held on November 14, 2006 and November 28, 2006. On December 7, 2007, the final order was issued by Special Master Richard C. Davidson. The Special Master determined that Claimant was mobility impaired in light of her being confined to a wheelchair. The Special Master determined that Claimant had not proven that she was the victim of discrimination prohibited by the ADA and Rehabilitation Act. As a result, the claim of Claimant was dismissed. Claimant was granted up to and including March 7, 2008 in which to file an objection to the final order. It is unknown as to whether any objection was filed, but no order has been received from Judge Kane concerning the claim of Claimant.

The two letters from Claimant involve various allegations of discrimination in that Claimant is unable to attend classes or obtain a decent job at Denver Women's Correctional Facility (DWCF). Claimant specifically notes that she has been unable to obtain a competent pusher. She has requested in her letter that she receive an electric wheelchair.

Claimant's documents raise a number of issues. There is some question as to what, if any,

action may be taken on the documents submitted by Claimant. A significant question arises concerning the jurisdiction that exists for the Court.

**Status of the Class**: There is no question that Claimant is mobility impaired. She was a member of the class as mobility disabled on August 27, 2003 and before.

This is a class action and has been so designated for years. As such, counsel for the class speak for the class. *Johnson v. City of Tulsa, Oklahoma*, 489 F.3d 1089 (10th Cir. 2007)("[t]he class action can be unmanageable if the class cannot speak with one voice."). Since Claimant has been a member of the class, *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) does apply.

The situation in *McNeil* was similar to that in this case. There was a class action brought against the Oklahoma prison system. The class was certified and counsel appointed to represent the class. The case ultimately resolved. A problem then arose with *pro se* filings.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit that would allow interference with the ongoing class action. (cit. omitted). Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.

*Id. at 1165-66*. The court of appeals did require acceptance of all documents, but with the understanding that any document would either be dismissed or the court would " either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel." *Id. at 1166*.

The duty is initially upon class counsel to review the documents.

> If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* (the on-going class action) or challenging the adequacy of the representation by class counsel.

*Id. at 1166.* The clear import of *McNeil* is that individually filed pleadings or documents are not appropriate when the issues raised by the *pro se* pleadings relate to compliance with a court order, consent decree, or settlement.

Assuming that Claimant is a member of the class, then *McNeil* requires that she submit her documents to counsel for the class. Claimant has not done that. Under *McNeil*, class counsel have the duty to review the *pro se* pleadings and then determine what, if any, action should be taken on behalf of that inmate.

2

In light of the decision in *McNeil*, the Special Master will forward the pleadings of Claimant to counsel for the class. Assuming Claimant is a class member, no further action can be taken on her pleadings, as she is represented by counsel.

IT IS HEREBY ORDERED that all pleadings of Claimant shall be forwarded to counsel for the class for such action as is deemed appropriate; and

IT IS HEREBY ORDERED that no further action will be taken by the Court on the pleadings of Claimant for the reasons noted.

SIGNED this 23rd day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

---
Richard M. Borchers
Special Master