IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-211
Category III
Claimant: Matthew Mounts, #66276
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on letters filed by Claimant Matthew Mounts. These letters have been treated by the Special Master as motions for relief, and Defendants were directed to file a response. Defendants have filed a response, and Claimant has filed a reply. Further argument will be waived.

### I.

This case was commenced in 1992 against the Colorado Department of Corrections (DOC). The action was brought initially under the Americans with Disabilities Act (ADA) and 42 U.S.C. §1983, as well as various state claims. The complaint was amended to include the Rehabilitation Act, and state claims were dismissed. The case was certified as a class action, and counsel were appointed to represent the class.

In 2003, both sides began the process of settlement. A proposed settlement was presented to Judge Nottingham, and a fairness hearing was set by the Court. At the conclusion of the fairness hearing, Judge Nottingham approved the settlement that was contained in the Remedial Plan. Approval by Judge Nottingham occurred in August 27, 2003.

As the result of the approval of the Remedial Plan, two separate and distinct processes began. The first dealt with the systemic changes to be made in DOC programs and facilities relating to individual inmates who are disabled in one of the four listed categories. The Remedial Plan

specifically provided for changes to be made within a designated period of time. This process has been called the "Compliance Period." By stipulation and then approval of the Court, the compliance period has been extended into 2009. Counsel for the class have been responsible for overseeing implementation of the changes provided through the Remedial Plan. That oversight will continue by class counsel until the compliance period terminates.

The second process was the damage claim procedure. Under Paragraph XXXII of the Remedial Plan, inmates, former inmates and representatives of inmates were granted the right to file damage claims if they were disabled under one of the four categories in the Remedial Plan and had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. An individual had to have been disabled and the victim of discrimination on or before August 27, 2003, the date of approval of the Plan by Judge Nottingham. Paragraph XXXII provided that a claimant might amend his claim to include acts occurring after August 27, 2003.

> Damage claims must be filed within 90 days of receipt by the inmate of the Dame Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case.

Pursuant to Paragraph XXXII, Claimant did file a claim with the Special Masters. The claim was assigned to Category III, and a hearing was held on May 3, 2007 at the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. Claimant testified in his own behalf and presented testimony from five other witnesses.

On May 21, 2007, the Special Master issued the final order concerning the claim of Claimant. The Special Master determined that Claimant was mobility impaired, but that he was not hearing impaired. Claimant was awarded damages in the amount of $200.00. Both sides were granted up to and including August 6, 2007 in which to appeal to Judge John Kane. Neither side filed an appeal. It appears from what has been submitted that Claimant has received his $200.00 in damages.

The letters received from Claimant relate to his hearing impairment and what he has described as retaliation. Defendants have responded to these letters and dispute that any problems exist.

## II.

The letters from Claimant will be treated as motions for individual relief. Before consideration of the merits of the motions, the Special Master must examine whether the Court has jurisdiction to consider these letters at this time.

This case was certified as a class action well over a decade ago. *Montez v. Romer*, 32 F.Supp.2d 1235 (D.Colo.1999). During that period of time, class counsel have represented all putative members of the class. Individual inmates and former inmates were given the opportunity to file objections to approval of the Remedial Plan, and many such objections were filed. All objections were considered by Judge Nottingham before he approved the Remedial Plan. Once approved, the Remedial Plan did not provide for any opt-out provision for an inmate or former inmate.

Other than Paragraph XXXII, the Remedial Plan provides no basis upon which an individual may pursue his own motion. Class counsel represent all members of the class, except for damage claims filed pursuant to Paragraph XXXII. Class counsel and Defendants have entered into two subsequent stipulations. These were approved by the Court in September 2006 and April 2008. Neither stipulation provides any basis for individual inmates to file their own *pro se* motions. Class counsel are to represent members of the class relative to those matters agreed upon in the stipulations. Finally, the Remedial Plan and two stipulations provide no basis for *pro se* motions concerning retaliation.

The United States Court of Appeals for the Tenth Circuit was presented with similar issues in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir 1991). In that case, an individual inmate attempted to file documents with the district court in a class action filed against the Oklahoma Department of Corrections. The inmate was part of the class but desired to file his own pleadings. The clerk of the court refused to accept any *pro se* pleadings. The Tenth Circuit held that such pleadings must be accepted.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues with the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action. (citation omitted). Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.
>
> Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action (citation omitted), the district court should examine the filed papers to make a threshold determination if the allegations are separate from or should be raised within the *Battle* class action....If the claims are duplicative and are appropriately within the context of *Battle*, the district court should dismiss the action....and either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel.

*Id. at 1166.* The court of appeals went on to state, in part:

> If, after the pro se papers are sent to class counsel, he refused to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file

3

a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation by class counsel.

*Id. at 1166.*

Under *McNeil*, this Court has no power to rule on an individual request for relief, if the request is part of the class action. As the Tenth Circuit noted, an individual must submit his *pro se* papers to class counsel. If class counsel refuses to examine the papers or determines without basis that they have no merit, then the individual may file a separate action seeking to intervene or to challenge the representation by class counsel. If the individual request for relief is not covered by the class action, then the inmate must bring a separate lawsuit in a court of competent jurisdiction.

Claimant filed his claim for damages and had it adjudicated. He was successful and received damages. Claimant did not appeal the final order, and his right to file a claim under Paragraph XXXII is over and exhausted. Should Claimant be seeking additional damages, then he must file a separate lawsuit.

More importantly, Claimant clearly is seeking relief that he believes should be available to him under the Remedial Plan and the stipulation of April 2008. His requests for relief fall under the umbrella of the class action. Claimant is represented by class counsel on all matters of compliance under the Remedial Plan and the two stipulations. Claimant may file *pro se* pleadings, but no action may be taken on those motions if they involve issues under the class action.

Careful review makes clear that Claimant is seeking relief on issues set forth in the Remedial Plan. Therefore, no further action may be taken other than to forward the documents to class counsel.[1] Under *McNeil*, the Court has examined the documents. Upon finding them to be related to class issues, there is no jurisdiction to do anything further except to forward them to class counsel.

IT IS HEREBY ORDERED that no further action will be taken on the letters of Claimant, as the issues raised all relate to compliance or other matters in the class action; and

IT IS FURTHER ORDERED that a copy of the pleadings of Claimant and the response of Defendants will be forward to class counsel.

SIGNED this 23rd day of June, 2008.

---

[1] Claimant is not precluded from utilizing the grievance procedures established by DOC or contacting the AIC to seek further accommodations.

4

BY THE COURT:

By: */s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master