Larry James Smith, Sr.
Buena Vista Correctional Complex
P.O. Box 2017
Buena Vista, CO. 81211

Mon. July 21, 2008            1 of 8

John L. Kane
United States District Judge
UNITED STATES DISTRICT COURT
901 19th Street
Denver, Colorado 80294-3589

92-cv-00870-EWN-

Honorable Judge,

I am a Montez, et al. v. Romer et. al, Class Member. I am recently in receipt of a letter from Paula Greisen- Dated: April 29, 2008. On the last page of that letter she writes: "In addition to the sanctions, Judge Kane ordered that the 'Special Master's jurisdiction is expanded to include referrals of pro se pleadings and correspondence filed by individuals or claimants. This means that if you file a motion or a request or just send a letter to Judge Kane, those issues may be sent to the 'Special Master's to look into." That is why I am writing you now.

Please review the issues presented here and forward them to: Borchers, Davidson, and Pringle, @ the

Legal Resolution Center
7907 Zenobia St.
Westminster, Colorado 80030

My issues are as follows:

(1)

2 of 8

I. I have two (2)\* Diseases:

(a) Hepacivirus Flavinvirdae (Hepatitis-C):
A viral\* Disease that causes inflamation of the liver.
Transmissission: Contaminated Blood Transfusions, Unsterilized needle sharing, Sexual contact.
Vaccine: None.
Treatment: Chronic cases treated with drugs,\* eliminating virus in about\* Fifty-percent (50%) of patients.
For acute cases, treatment recommended if disease present after two-to-three (2-3) months.

(b) Onychomycosis: "A fungal\* Infection of the nails usually caused by (Tinea Species) and occasionally by (Candida). The hallmarks of the\* Disease are: Thickining, Scaling, and Discoloration of the nailbed."
Treatment: A Doctor of Podiatric Medicine (DPM) will prescribe; Antifungal medications such as: (Griseofulvin) (Itraconazole) and (Terbinafine). This is the definition of: \*Clayton L. Thomas, M.D., M.P.H., in 'Taber's Cyclopedic Medical-Dictionary', published by F.A. Davis Company, ISBN\* 9780803612075.

II. Problem:
(a) I was notified that I had somehow contracted the disease Hepatitis-C- while attempting a routine and regularly scheduled 'Plasma' donation at: Alpha Theraputics, 145 S. Sheridan Blvd., Lakewood, CO. 80226, 3.03.238.2099, Oct. 18, 2001. I didn't get a ...

(2)

(cont.)
II.(a) ... chance to arrange treatment for several reasons, such as homelessness, no job, no healthcare insurance, but the most damning reason was I got arrested two (2) weeks later. While I was in the county jail they told me point blank, that they would only address my hepatitis if I began to exhibit problematic-symptoms, illness. I didn't and they didn't. However, when I was remanded to the custody of CDOC, I was shown a film of prisoner's who were stricken with this disease which gave the general impression ) that the disease was terminal like A.I.D.S., and if you fell ill from it, you would probably die. Well we know now that that is not true. So to make a long story short, C.D.O.C. pretty much told me the same thing, that treatment was not warranted because I wasn't experiencing any of the ill effects of the disease. Then I contracted the Onchomycosis (sic) and sought treatment for that, and was told that I would not be prescribed the cure (Terbinafine) because it is somewhat inflamatory to the liver, and especially not, because I already have Hepatitis-C, and finally they added that the (Terbinafine Hydrochloride) brand named (Lamisil) -- was "too expensive", and that the 'Healthcare Provider's' request to a Podiatrist was denied because, it was not covered due to its being, "deemed a cosmetic treatment not a medical treatment." So I go on to state that because CDOC has neglected to treat my hepatitis that they have exhibited "Deliberate Indifference" and "Negligent Medical Malpractice", because my hepatitis could have been cured with relative ease if in fact my "lab-levels" were so low; but they didn't, and now

(3)

you're telling me that because my hepatitis-c-has not been cured, I cannot receive the pharmaceutical cure for my Onychomycosis. <u>A proverbial "Catch 22"</u>. Well not really from a legal standpoint. My request for supporting caselaw was <u>convenienty delayed</u>, for four (days) so my <u>Step III grievance</u> (sic) was <u>improvised</u> as to <u>not miss the response deadline</u>! Also, there is only a three-and-three quarter inch (3¾") space to write in out of an eleven inch (11") long sheeet of paper! In my <u>Step I Grievance, dated June 27, 2008</u>, I

III. claim that: " Failure to meet generally accepted standards of practice by licenssee that <u>creates</u> or <u>results in serious harm</u> or <u>risk</u> to the <u>person under the licenssee's care</u> or <u>demonstrated pattern of practice</u> which fails to meet generally accepted standards", pursuant to <u>C.R.S. § 12-42-101</u>, et seq, constitutes: "<u>Deliberate Indifference</u>," and negligent "<u>Medical Malpractice</u>." <u>The law is clear in this matter</u>, that is it states: "<u>Wanton</u>" conduct, for purpose of prisoner's <u>claim of deliberate indifference to medical needs</u>, can be <u>treatment so cursory as to amount to no treatment at all</u>, or delay when it is apparent that <u>delay</u> would <u>exacerbate medical condition</u>, it does so, and <u>delay is not medically justified</u>.

    U.S.C.A. Const. Amend. 8

"Serious medical need", for purpose of prisoner's <u>deliberate indifference claim</u>, is one that has been <u>diagnosed by physician</u> as <u>mandating treatment</u>, or one that is <u>so obvious</u> that even lay person would easily recognize <u>necessity for doctor's</u> ...

(4)

...attention.

U.S.C.A. Const. Amends 8.

"Serious medical need," for purpose of prisoner's deliberate indifference claim, must be one that, if left unattended, poses substantial risk of serious harm.

U.S.C.A. Const. Amend. 8

IV. In my Step II. Grievance, dated July 07, 2008, I explain that neither, Physician's Assistant (P.A.) Gina Justus, nor Dr. McLaughlin would prescribe the cure for my Onychomycosis (Terbinafine) because its inflamatory to the liver, and that CDOC's "failure and refusal to address and treat one illness, you knowingly and willingly subject me to the ravages of the second illness and infection." "That is Deliberate Indifference and Negligent Medical Malpractice."

A prima facie case of medical malpractice must normally consist of evidence which establishes [1] the applicable standard of care, [2] demonstrates that this standard has been violated and [3] develops a casual relationship between the violation and the harm complained of.

Kosberg v. Washington Hospital Center,
394 F.2d 947

V. As to the D.O.C.'s insurance company's refusal to allow a consult with a specialist in podiatry because...

(5)

(cont.)
V. ..."Nail fungus is not a covered benefit as it is "deemed to be" a 'cosmetic treatment' not a 'medical treatment'." It was the providers' duty to advocate on their patients' behalf and inform Physicians Health Partners (PHP) that their determination was incorrect, therefore the request to consult a 'Podiatrist', a 'Doctor of Podiatric Medicine'- (D.P.M.) should not have been denied but granted because:

(a) C.R.S. 15-14-505. Definitions, (7) states: "Medical treatment" means the provision, withholding, or withdrawl of any healthcare, medical procedure, including artificially provided nourishment and hydration, surgery, cardiopulmonary resuscitation, or service to maintain, diagnose, treat, or provide for a patient's physical or mental health or personal care.

Therefore this definition can be liberally interpreted and construed that: "Medical treatment," means the provision or service to maintain or provide for a patients personal care. By Buena Vista's Health Services Administrator's (HSA) own admission a request 'was' made for a consultation with a specialist in the field of 'Podiatry', not to schedule an appointment with a 'Cosmetologist' at a 'Nail Salon' for a "cosmetic treatment" as (PHP) are calling it. 'Res Ipsa Loquitur', (The deed speaks for itself)!

V. (b) Buena Vista's Health Services Administrator (HSA) - - - - Ronda Katzenmeyer alleges that:

"Your liver functions have been being followed"...,

Is an <u>outright fallacy</u>, and <u>my medical file will prove this!</u> Ms. Paula Greisen, Atty. @ Law, <sup>Atty. Reg. #</sup> 19784, has full authorization to obtain my medical record through my signature on a "<u>Medical Records Release Authorization</u>" maintained at: <u>King & Greisen, LLP, Attorneys at Law, 1670 York Street, Denver, CO. 80206</u>, Telephone: <u>303.298-9878</u>, Facsimile: <u>303. 298.9879</u>, E-mail: greisen@kinggreisen.com. <u>Review it for yourself</u>.

(c) <u>Ronda Katzenmeyer</u> alleges that:

"You have had appropriate medical care for your hepatitis".

Is another <u>outright fallacy</u> and <u>I reiterate</u>:

"<u>Wanton</u>" conduct for purpose of prisoner's claim of deliberate indifference to medical needs, can be treatment <u>so cursory as to amount to no treatment at all</u>." <u>This is my contention</u>.

(d) <u>Ronda Katzenmeyer</u> alleges that:

"Your lab values are <u>not</u> '<u>high enough</u>' to warrant other types of hepatitis-C treatment at this time. We will continue to evaluate your lab values and follow up as appropriate."

This allegation is as <u>preposterous</u> as it is <u>illogical</u> and <u>contrary</u> to <u>common sense!</u> The fact that <u>I have this disease</u> is "<u>so obvious</u>" that even <u>a lay person</u> would <u>easily recognize necessity</u> for <u>doctors attention</u>," and <u>if CDOC Medical/healthcare provider's</u> were <u>honestly interested</u> in <u>treating</u> and...

(7)

8 of 8

administering the cure for this 'life threatening', endemic form of viral disease, they would take advantage of the 'low' lab values! My chances of being in that Fifty-percentile of successfuly cured patients, is 'exponentially greater' if I were treated now than it would be when my liver starts to fail and I am severely ill and weakend by this disease!

V. (e) In my Step III, Grievance, dated July 17, 2008, I point out the above stated conclusions and invoke now my rights under the: "Colorado Patient Autonomy Act", C.R.S. 15-14-504. Legislative declaration - construction of statute - (1),(a):

(1) The general assembly hereby finds and declares that:

(a) Colorado law recognizes the right of an adult to accept or reject medical treatment... Also on the Step III. Grievance I cite my rights pursuant to: C.R.S. 25.5-4-413, Advance-Medical Directives, states I have: "rights under state law to make medical treatment decisions, including the right to (accept) or (refuse) * (any medical or surgical treatment) and the right to formulate advance directives regarding said decisions."

Judge Kane, please forward this letter to the 'Special Master's', all I seek is a 'transfer to a Medical Facility' and to receive medical treatments and cures for these diseases that are available to the public, that I am 'being denied as punishment' for being incarcerated in the Colo. Dept. Of Correction', who are responsible for my healthcare while in their custody.

Sincerely, *Larry James Smith, Jr.*

(8)