IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

     Plaintiffs,

-vs.-

BILL OWENS, et al.

     Defendants.

---

Claim Number C-003 (formerly 02-517)
Category III
Claimant: Robert E. Quintano, #105549
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Claimant's letter of March 4, 2008 (Document #3261). This letter has been treated as a motion to re-open the claim of Robert E. Quintano. Defendants have responded to the motion. Claimant has filed a reply.

Claimant filed a claim pursuant to Paragraph XXXII of the Remedial Plan. The claim was assigned to Category II and issued number 02-517. Pursuant to the provisions of the Remedial Plan, a claim assigned to Category II was to be adjudicated on the document submissions of both sides.

Defendants filed a motion to dismiss the claim, arguing that Claimant did not have a mobility impairment as defined by the Remedial Plan. Claimant alleged in his claim form that he had neck, shoulder, and lower back problems. There were no allegations that Claimant was not able to walk or climb stairs. Claimant was granted up to and including June 12, 2006 in which to respond to the motion to dismiss, but he filed no response to the motion. The claim was dismissed on June 23, 2006. Claimant was granted up to and including September 10, 2006 in which to appeal to Judge Kane. No appeal was filed.

In his letter of March 4, 2008, Claimant states that he has been denied any physical disabilities by DOC medical staff. He states that he has one leg that is shorter than the other. He had a heel lift taken from him during a shakedown in July 2006. He also states that he needs proper fitting shoes. Defendants have argued in their response Claimant does not fall into the class and no basis has been provided to re-open his claim.

Claimant has filed a reply to the response of Defendants (Document #3481). He maintains that he should receive proper fitting footwear.

Claimant has not provide any basis upon which his claim should be re-opened. Claimant does not mention why he did not respond to Defendant's motion to dismiss nor why he did not appeal when his claim was dismissed. Claimant had his opportunity to file a claim under the Remedial Plan, and that right was exercised.

The general allegations of Claimant reflect post-settlement issues. If Claimant is a member of the class, then he is represented by class counsel. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir 1991). Claimant may contact class counsel and request action on his behalf. The *McNeil* decision specifically prohibits action on *pro se* pleadings filed with the Court that relate to class matters. That is the case here.

IT IS HEREBY ORDERED that Claimant's motion to re-open his claim is denied; and

IT IS FURTHER ORDERED that Claimant's *pro se* pleadings will be forwarded to class counsel for action as deemed appropriate.

SIGNED this 23rd day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

By:_____
      Richard M. Borchers
      Special Master