IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

     Plaintiffs,

-vs.-

BILL OWENS, et al.

     Defendants.

_____

Claim Number 03-002
Category: III
Claimant: Joe Eubanks, #64033
Address of Claimant: SCCF, P.O. Box 3, Pueblo, CO 81003

_____

## ORDER OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on three letters that have been filed by Claimant Joe Eubanks. The Special Master granted class counsel and counsel for Defendants the opportunity to file responses, since it appeared that class issues may be involved. Claimant also was granted the opportunity to submit an additional reply, and he has done so.

Claimant filed a damage claim pursuant to Paragraph XXXII of the Remedial Plan. A hearing was held on July 25, 2005 at the Buena Vista Correctional Facility (BVCF) in Buena Vista, Colorado. On August 9, 2005, the Special Master issued a final order denying the claim of Mr. Eubanks.

In his letters, Claimant requests the re-opening of his claim. He further requests that his claim be examined under different criteria, relying upon the stipulation entered into by the parties and approved by the Court in September 2006. Claimant argues that the wrong criteria was used by the Special Master.

**Appeal of Claim**: In his reply filed on July 22, 2008, Claimant states, in part, as follows:

    1. The claimant was never allowed the appeal process for his damage claim and never received any denial of appeal from this court.
    2. The claimant is entitled to the appeal process for his damage claim.

Claimant states that he did not have the opportunity to appeal the denial of his claim.

Review of the records of the Court indicates that Claimant did file an objection (doc. #1045). That objection was denied by Judge Kane on April 10, 2006. A copy of that denial is attached to this order.

Claimant did file his appeal to Judge Kane. The Remedial Plan provides that the appeal to Judge Kane is the sole remedy after the Special Masters enter final orders. In this case, Claimant utilized his appellate rights. He has no right to a second appeal.

**Criteria for Claims**: Claimant is correct that a stipulation was entered into by class counsel and Defendants for a re-examination of all damage claims if Judge Kane ruled that inappropriate criteria had been utilized to adjudicate those claims. That stipulation was approved in September 2006 by the Court.

Since the approval of the stipulation, no formal written ruling has been issued by Judge Kane on this point. A status conference was held on September 14, 2007 before Judge Nottingham. Defendants have attached a copy of the reporter's transcript to their response. Review of the transcript indicates that Judge Nottingham has ruled that re-examination of adjudicated claims is not going to take place. The point raised by Claimant would appear to be a dead issue at this juncture.

All parties will be given the opportunity to file an objection to this order. Claimant will have the opportunity to raise this issue to Judge Kane. Based upon a review of the transcript from the September 14, 2007 status conference, the Special Masters are without any jurisdiction to re-open any claims based upon the argument that incorrect criteria was used to adjudicate those claims. Absent a further order from Judge Nottingham or Judge Kane, the claim of Joe Eubanks has been adjudicated and no further action will be taken on it.

**General Issues**: In parts of his letters, Claimant has argued that he has received inappropriate medical care and accommodations. Claimant has a right to utilize the procedures established in the Remedial Plan to seek accommodations. Claimant also has a right to seek the assistance and help of class counsel.

Under the decision of the Tenth Circuit in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991), Claimant does not have the right to have the Court rule on his pro se pleadings. Under the *McNeil* decision, the Court has a duty to forward to class counsel *pro se* pleadings if the matter contained in the documents relates to the class. In this case, Claimant's letters have been forwarded to class counsel. Claimant should contact class counsel, as class counsel will need to review the pleadings and determine what, if any, action should be taken on Claimant's behalf.

IT IS HEREBY ORDERED that Claimant's letters, being treated as a motion to re-open his damage claim, is denied; and

IT IS FURTHER ORDERED that class counsel may determine what action, if any, should be undertaken on behalf of Claimant.

SIGNED this 25th day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master