IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

___

Claim Number 03-344 and C-015
Category III
Claimant: Jay H. Bailey, #103284
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

___

**ORDER OF SPECIAL MASTER**
___

    THIS MATTER comes before the Special Master on various documents filed by Jay H. Bailey (Claimant) with the Court. Included in those documents are the following: letter of February 19, 2008 (doc. #3241); letter of May 24, 2008 (doc. #3436); letter of May 29, 2008 (doc. #3438); letter of June 8, 2008; letter of June 11, 2008; letter of June 13, 2008; letter of June 16, 2008; letter of June 21, 2008 (doc. #3473); and letter of June 30, 2008. Attached to some of the letters are medical forms and other documents.

    Claimant filed a damage claim pursuant to Paragraph XXXII of the Remedial Plan. A hearing was held on May 11, 2007 at the Ft. Lyon Correctional Facility (FLCF) in Ft. Lyon, Colorado. At the hearing, Claimant alleged that he was both vision and mobility impaired. He also alleged that he had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. Claimant requested monetary damages.

    On May 21, 2007, the Special Master issued the final order on the case. The Special Master found that Claimant was mobility impaired but not vision impaired. The Special Master further found that Claimant had been the victim of discrimination and awarded Claimant $900.00 in damages. Both sides were granted up to August 14, 2007 in which to file an appeal with Judge Kane. It is unlcear whether Claimant filed any appeal.

    Claimant's letters detail problems with accommodations and medical treatment. He indicates

that he has not received a pusher and that he has been housed in inappropriate cells.

**Status of the Class**: The Remedial Plan was approved on August 27, 2003. The Remedial Plan does not specifically define the class, but presumably the class was set on the date of approval. Claimant is a member of the class, having been disabled on or before August 27, 2003 and in the custody of DOC.

Since the Remedial Plan was approved on August 27, 2003, class counsel and Defendants have entered into two stipulations that have been approved by the Court. The first stipulation was presented to Judge Kane on August 29, 2006 and was approved on the same day. This stipulation includes a waiver of medical co-pays for diabetics who were in the DOC system "on July 26, 2006 until at least twelve calendar days after Judge Kane rules on the co-pay issue, unless the Court determines that the CDOC may not reinstitute the co-pays." *Amended Stipulation, §B(2)*. The stipulation further provided for equality of pay for prison jobs.

The second stipulation was signed on March 31, 2008 and approved by Judge Kane on April 4, 2008. This stipulation provides, in part, as follows:

> Inmates will be permitted to retain possession of their personal glasses until CDOC issues a replacement pair of glasses. *P. 2, §1.*
> CDOC will provide long-lasting batteries for hearing aids. *P.2, §2.*
> CDOC will add American Sign Language classes as a program offered by CDOC to inmates identified as hearing impaired or disabled. *P.2, §5.*
> All repairs needed to auxiliary aides shall be completed within sixty (60) days of the day that the inmate reports the need for repair. *P.3, §9.*
> The TTY machines shall be made available to inmates who require such an accommodation in the same manner the CIPS telephones are available to non-hearing impaired/disabled inmates. *P. 3, §11.*
> CDOC shall immediately provide vibrating watches to all inmates with hearing impairments or disabilities. *P.4, §18.*
> All inmates with diabetes will be designated as "class members" (rather than IMP or D) and the language about whether they are disabled or not will be removed from Accommodation Resolution forms. *P.5, §25.*

The language of this stipulation appears to be applicable to all DOC inmates, not just those in custody on or before August 27, 2003.

Paragraph XXXII provides that inmates and other claimants may represent themselves. Paragraph XXXII specifically provides that counsel for the class have no obligation to represent any individual claimant on his or her claim. Nowhere else in the Remedial Plan or stipulations is there a provision allowing members of the class to file *pro se* pleadings.

This is a class action and has been so designated for years. As such, counsel for the class speak for the class. *Johnson v. City of Tulsa, Oklahoma*, 489 F.3d 1089 (10th Cir. 2007)("[t]he class

action can be unmanageable if the class cannot speak with one voice."). Claimant is a member of the class and, therefore, is represented by class counsel. The Tenth Circuit's decision in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) does apply to Claimant and his pleadings. Attached to this order is a copy of the *McNeil* decision.

The situation in *McNeil* was similar to that in this case. There was a class action brought against the Oklahoma prison system. The class was certified and counsel appointed to represent the class. The case ultimately resolved. A problem then arose with *pro se* filings.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit that would allow interference with the ongoing class action. (cit. omitted). Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.

*Id. at 1165-66*. The court of appeals did require acceptance of all documents, but with the understanding that any document would either be dismissed or the court would " either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel." *Id. at 1166.*

The duty is initially upon class counsel to review the documents.

> If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* (the on-going class action) or challenging the adequacy of the representation by class counsel.

*Id. at 1166.* The clear import of *McNeil* is that individually filed pleadings or documents are not appropriate when the issues raised by the *pro se* pleadings relate to compliance with a court order, consent decree, or settlement.

Claimant is a member of the class and has utilized his right to file a damage claim. The *McNeil* decision requires that he submit his documents to counsel for the class. Claimant has not done that. Under *McNeil*, class counsel have the duty to review the *pro se* pleadings and then determine what, if any, action should be taken on behalf of that inmate.

In light of the decision in *McNeil*, the Special Master will forward the pleadings of Claimant to counsel for the class. Counsel shall make a determination as to what action, if any, should be undertaken on behalf of Claimant. No further action can be taken on his pleadings in light of the *McNeil* decision, as Claimant is represented by counsel.

**Claim C-015**: Claimant is an articulate individual who has forwarded to the Court and Special Masters letters concerning other inmates who appear to be struggling with health or disability issues. Upon receipt of every letter, a review has been made to determine if that individual has filed a damage claim. If the answer has been no, then a claim form has been sent to the individual named in the letter. In response to one letter, an order was directed to counsel for the class to determine the severity of the inmate's condition.

Mr. Bailey sent a letter to the Court concerning Ed Corbin. A review was made by staff of the Special Masters, and it was determined that Claimant had filed a claim and later settled with Defendants for a monetary payment. The claim was closed and dismissed because of the settlement.

Mr. Corbin is in the same position as Claimant under the *McNeil* decision. Individual *pro se* pleadings will be filed, but then referred to counsel for the class. Mr. Corbin is a member of the class and is represented by counsel for the class. Claimant is advised simply that no further action may be taken on his letter concerning Mr. Corbin, other than to send it to counsel for the class.

IT IS HEREBY ORDERED that all pleadings filed by Claimant Jay H. Bailey will be copied and forwarded to counsel for the class; and

IT IS FURTHER ORDERED that no further action can be taken on Claimant's *pro se* pleadings in light of the *McNeil* decision; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 25, 2008.**

SIGNED this 25th day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————————
Richard M. Borchers
Special Master