IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number C-002 (formerly 02-128)
Category:  C
Claimant:  Stephen Moore, #57381
Address of Claimant:  CCF, P.O. Box 600, Canon City, CO 81215-0600
_____

**RESPONSE TO "PLAINTIFFS' OBJECTION TO ORDER OF SPECIAL MASTER RE STEPHEN MOORE, DOC # 57381"**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Plaintiffs' "Objection to Order of Special Master Re Stephen Moore, DOC # 57381."

1. After Claimant's claim was denied in the Final Order of Special Master ("Final Order") of March 27, 2006, over one and one half years later, on December 28, 2007, Claimant filed a Motion to Reconsider, which Judge Kane treated as an objection to the Final Order and denied in his February 12, 2008 Order, affirming the Final Order.

2. Claimant also filed three other Motions.

1

3. Counsel for the class and undersigned counsel responded to Claimant's Motions, pursuant to the May 18, 2008 Order of the Special Master.

4. On June 27, 2008, the Order of Special Master was entered and it found that Claimant did not file within the time limit provided in the Final Order, but Judge Kane allowed the motion to reconsider to be treated as an objection and then determined that the objection should be denied. The June 27, 2008 Order further found that "[e]ven assuming the wrong criteria may have been used by the Special Master, the final award was affirmed under the only appellate right that exists under the Remedial Plan for damage claims." Therefore, the request for reconsideration was denied.

5. Counsel for the Class then filed their "Objection to Order of Special Master Re Stephen Moore, DOC # 57381[,]" alleging that Claimant Moore filed his Motion to Reconsider on the basis that he was denied disability status and his claims were adjudicated under the wrong criteria (Section V of the Remedial Plan rather than Section III).

6. This issue of proper criteria was briefed by counsel and on September 14, 2007 the issue came before Judge Nottingham.[1] In regard to plaintiff class' motion for clarification on standards used to determine disability status, Judge Nottingham determined as follows:

> I've talked to Judge Kane. And at this suggestion, I will be handling the plaintiff class's [sic] motion for clarification on standards used to determine disability status….I understand, particularly with respect to the motion for

---

[1] This is Judge Nottingham's case. Although the Parties directed the issue to Judge Kane, Judge Nottingham felt he should decide it as it involved a class-wide issue.

2

> clarification, 2245, that he [Judge Kane] has already decided in individual damages cases that the DOC is not misapplying or not committing errors of law, or more precisely, the Special Masters are not committing errors of law in their adjudication of individual damages claims. I'm not going to revisit anything that he's done. In other words, if he had said, there is no error of law in damage claims or in the Special Master's adjudication of the damages claims, I'm not going to throw that process into chaos, his rulings will remain the law of the case in individual damages claims.

Reporters' Transcript of Status Conference of September 14, 2007, at 2-3, attached hereto as Exhibit A.

      7.     Judge Nottingham further clarified as follows:

> Number one, as to money damages, I'm not doing anything. Those cases are being determined by the Special Master. Judge Kane has on review also determined evidently that there is no error of law, or if he thinks there is an error of law, of course, he's taken that position.

*Id.* at 5.

      8.     Thus, Judge Nottingham plainly clarified that individual damages claims are not going to be revisited and no new hearings would be held, as that would throw the process into chaos. Moreover, the purpose of the criteria is for AIC use in future determinations, not to be used retroactively.

      9.     Here, Claimant Moore has already appealed his claim to Judge Kane and Judge Kane already affirmed the ruling of the Special Master, denying his claim, which then became law of the case. This is where the process ended in respect to his claim and he is not entitled to having his claim revisited via re-reviewing of his file or by hearing. Moreover, Section XXXII of the Remedial Plan allows for one appeal to Judge Kane as the sole remedy.

WHEREFORE, Defendants respectfully request that Plaintiffs' "Objection to Order of Special Master Re Stephen Moore, DOC # 57381" be overruled, for the reasons set forth above.

Respectfully submitted this 5th day of August, 2008.

                JOHN W. SUTHERS
                Attorney General

                *Willow I. Arnold*
                WILLOW I. ARNOLD
                Special Assistant Attorney General
                Civil Litigation & Employment Law Section
                Corrections Unit
                Attorney for Defendants
                1525 Sherman St., 4th Floor
                Denver, CO  80203

**CERTIFICATE OF SERVICE**

      This is to certify that I have duly served the following **RESPONSE TO "PLAINTIFFS' OBJECTION TO ORDER OF SPECIAL MASTER RE STEPHEN MOORE, DOC # 57381"** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 5th day of August, 2008 addressed as follows:

Stephen Moore, #57381
CCF, P.O. Box 600
Canon City, CO 81215-0600


*Courtesy Copy To:*

Cathie Holst

_____*Darlene S. Hill*_____
        Darlene S. Hill