1

```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
    Civil Action No. 92-N-870
 3  JESSE (JESUS) MONTEZ, et al.,

 4       Plaintiffs,

 5  Vs.

 6  BILL OWENS, et al.,

 7       Defendants.
    _____
 8
                           REPORTER'S TRANSCRIPT
 9                          STATUS CONFERENCE
    _____
10
              Proceedings before the HONORABLE EDWARD W.
11  NOTTINGHAM, Judge, United States District Court for the
    District of Colorado, commencing at 9:02 a.m., on the 14th day
12  of September, 2007, in Courtroom A-201, United States
    Courthouse, Denver, Colorado.
13
                              APPEARANCES
14
    For the Plaintiffs           PAULA GREISEN, ESQ.
15                                King & Greisen
                                  1670 York Street
16                                Denver, Colorado
                                  EDWARD T. RAMEY, ESQ.
17                                Isaacson Rosenbaum
                                  633 17th Street
18                                Denver, Colorado
                                  TERRANCE DAVID CARROLL, ESQ.
19                                Greenberg Traurig
                                  1200 17th Street
20                                Denver, Colorado
    For the Defendants           ELIZABETH H. MCCANN, ESQ.
21                                JAMES X. QUINN, ESQ.
                                  JESS DANCE, ESQ.
22                                Colorado Attorney General's Office
                                  Litigation Section
23                                Denver, Colorado

24            THERESE LINDBLOM, Official Reporter
                901 19th Street, Denver, Colorado 80294
25         Proceedings Reported by Mechanical Stenography
                Transcription Produced via Computer
```

EXHIBIT A

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Case 92-cv-870, Montez v. -- I guess it
 3   now should be amended to read Ritter.
 4           I'll take the appearances of counsel.
 5           MS. GREISEN:  Good morning, Your Honor.  Paula Greisen
 6   and Ed Ramey, as well as Terrance Carroll, who is also joining
 7   us on this case for the plaintiffs.
 8           (Defense entered courtroom.)
 9           MS. McCANN:  Sorry, Judge.
10           THE COURT:  Go ahead and enter your appearance,
11   Ms. McCann.
12           MS. McCANN:  Yes, Your Honor.  Beth McCann, Jim Quinn
13   and Jess Dance on behalf of the defendants from the Colorado
14   Attorney General's Office.  I apologize.  Didn't realize that
15   it was already after 9:00.  We took the bus.
16           THE COURT:  All right.  This matter comes before the
17   Court in part for a status conference because there seems to be
18   some confusion at least in some minds as to which judge is
19   handling which claims.
20           I've talked to Judge Kane.  And at his suggestion, I
21   will be handling the plaintiff class's motion for clarification
22   on standards used to determine disability status.  That's
23   Document No. 2245.  And I will also decide the plaintiff
24   class's motion regarding legality of the DOC's medical co-pay
25   program and the underlying colorado co-pay statute, which is
```

1   Document 2234.
2           And I realize there is some overlap.  And arguably,
3   either of those motions could go to him.  His suggestion was
4   that he was reviewing Special Master's orders and did not think
5   that substantive rulings on the overall standards should be
6   decided by him.  And after considering the matter, I agree.
7           I understand, particularly with respect to the motion
8   for clarification, 2245, that he has already decided in
9   individual damage cases that the DOC is not misapplying or not
10  committing errors of law, or more precisely, the Special
11  Masters are not committing errors of law in their adjudication
12  of individual damages claims.
13          I'm not going to revisit anything that he's done.  In
14  other words, if he had said, there is no error of law in damage
15  claims or in the Special Master's adjudication of the damages
16  claims, I'm not going to throw that process into chaos, his
17  rulings will remain the law of the case in individual damages
18  claims.
19          Now, I do have questions and invite sort of a modified
20  argument on some of these issues.
21          Both motions were filed nearly a year ago.  And with
22  respect to the class motion for clarification of standards, the
23  Court has read the materials and looked at the cases,
24  particularly the *Sutton* case.  And the only thing that concerns
25  the Court about what DOC is doing, frankly, is the sort of

1   catch 22 that the plaintiffs class counsel alludes to, where an
2   inmate, for example, has vision which is correctable with
3   corrective lenses.  And under the *Sutton* case, it would seem
4   that such an inmate is not disabled if with the correction he
5   has 22 vision.  That means that he has to have the correction
6   in order not to be disabled.
7       And unlike people who are not incarcerated, he cannot
8   go down to the drug store or go to his optometrist or
9   ophthalmologist and get a pair of glasses whenever he wants to.
10      Now, the defendants sort of pass that off as a
11  problem, but a problem they're working on.  And if it still
12  remains a problem, they're going to work on it quicker.
13      What I'm going to do is declare that there is a class
14  of individuals that the defendants have to create who are not
15  disabled with corrective devices, but who would be disabled
16  absent those corrective devices.  And as to those people, the
17  AIC is to make sure that there are expedited procedures
18  followed to get them the corrective devices.
19      In other words, as I understand the essence of the
20  plaintiffs' grievance, it is that if an inmate needs glasses,
21  for example, and is not treated as disabled, then he's treated
22  as an ordinary inmate and he has to go through the entire
23  cumbersome delayed process for getting glasses.  In the
24  meantime, he can't see.
25      The Court will not tolerate that.  It will not

5

1   tolerate treating that inmate as a person who is completely
2   undisabled. He's conditionally undisabled, and that's a class
3   that the defendants are going to have to create.
4        As to those people, the procedures of the remedial
5   plan apply to the extent that the AIC has to adopt procedures
6   to expedite their keeping or getting the devices that enable
7   them to fall within the category of not being disabled.
8        So the motion for clarification is granted.
9        And the Court has attempted to clarify two aspects of
10  the case. Number one, as to money damages, I'm not doing
11  anything. Those cases are being determined by the Special
12  Master. Judge Kane has on review also determined evidently
13  that there is no error of law, or if he thinks there is an
14  error of law, of course, he's taken that position.
15       As to the ongoing issue of how this is to be
16  administered, I've ruled on the creation of a class of
17  individuals that are not disabled with devices under *Sutton* but
18  that would be disabled absent the devices, and they are to
19  receive special treatment under the remedial plan.
20       Ms. Greisen.
21       *MS. GREISEN:* Would you like me to go to the podium,
22  Judge?
23       *THE COURT:* Please.
24       *MS. GREISEN:* Judge, if I can just for clarification.
25  That answers the Special Master's issue and the issues where