IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-563
Category II
Claimant: Larry James Carter, #114825
Address of Claimant: BVCF, P.O. Box 2017, Buena Vista, CO 81211

_____

**ORDER OF SPECIAL MASTER**
_____

THIS MATTER comes before the Court on the letter of Claimant Larry James Smith (doc. #3518). In that letter, Claimant seeks to raise various issues concerning his present health conditions.

Claimant previously filed a claim. In late spring 2006, Claimant was released from DOC custody. The only address Claimant ever provided for mailing of orders to him was a Salvation Army Shelter. Mail was returned from that address. Claimant never advised the Court further of his whereabouts. The claim was dismissed on June 22, 2006.

Claimant returned to DOC custody at some point. He now is in custody at the Buena Vista Correctional Facility.

Claimant's correspondence with the Court was the result of a letter he received from class counsel. In that letter, class counsel purportedly advised members of the class that the duties of the Special Masters had been expanded by Judge Kane. Claimant states in his letter that he has some issues that he wants examined by the Special Master.

In his letter to the Court, Claimant states that he has two diseases. One is Hepatitis C. The other is onychomucosis which is an infection of the toenails. Claimant states that he has not received proper medical care for either condition. He further states that he desires to present a claim of deliberate indifference because of the poor quality of medical care that he has received. Claimant

states that:

> "...all I seek is a transfer to a medical facility and to receive medical treatments and cures for these diseases that are available to the public, that I am being denied as punishment for being incarcerated in the Colo. Dept. of Corrections, who are responsible for my heath care while in their custody.

Claimant's main concern is the medical care that he has received while in DOC custody.

Claimant raises two health issues. Neither of those issues is part of the Remedial Plan that is the settlement document between the parties. The Remedial Plan deals with the following four conditions: (1) diabetes; (2) vision impairment; (3) mobility impairment; and (4) hearing impairment. No other conditions are part of this class action. Hepatitis C certainly could be a condition that would fall under the ADA and Rehabilitation Act. The Court and Special Masters have no jurisdiction over health conditions not listed in the Remedial Plan.

Claimant has spent a great deal of time relaying his concerns about his medical care while in DOC custody. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Court and Special Masters as set forth in the Settlement Agreement. In addition, the Court in this case has no jurisdiction over Eighth Amendment claims of medical malpractice or medical negligence under state law in this case.

It would appear that Claimant's concerns are outside the jurisdiction of this case. Claimant will be given an opportunity to respond to the jurisdictional issue.

IT IS HEREBY ORDERED that Claimant is granted up to and including **September 8, 2008** in which to respond to the issue that no jurisdiction may exist to review the issues that he has presented.

SIGNED this 28th day of July, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master