IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Case Number C-007
Category: C
Claimant: Matthew T. Redmon, #140637
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

---

    THIS MATTER came before the Special Master on the letter of Matthew T. Redmon (Claimant). This letter was referred to the Special Master pursuant to the order of Judge Kane, dated April 15, 2008, which expanded the jurisdiction of the Special Masters. The letter will be treated as a motion for relief.

    Counsel for the Class and Defendants were directed to file pleadings stating their position as to the letter of Mr. Redmon and the issues that he has raised. Both have filed responses to Mr. Redmon's letter. In addition, Mr. Redmon has filed subsequent letters that are related to the issues discussed in this order.

### I.

    Claimant was sentenced to the Colorado Department of Corrections (DOC) on March 10, 2008. He now is housed at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.

    Claimant states, in part, as follows:

    My name is Matthew Tazio Redmon. I am an Inmate in the Colorado Department of Corrections. I am currently housed in a Facility known as Colorado Territorial Correctional facility. I have a 70% hearing loss and am classified as a

> Montez Inmate.
> Recently, I received a letter from Attorney Paula Greisen of the law firm King and Greisen, LLP. Attached to this letter, as well as part of, was a copy of a Document from the U.S. District Court. The Document is listed as Document #3326, was filed on 04/04/08 in Case 1:92-cv-00870-EWN-OES and was signed by Judge John L. Kane.
> This is a very interesting Document !!! Made even more so by the fact that the Administration here at CTCF is in no way even remotely attempting to comply with the Orders of the Court....
> The Document lists sanctions against the Colorado DOC for noncompliance with the Remedial Plan agreed to in the above named case, a.k.a "Montez vs. Owens, et al.."
> These sanctions are listed as numbers 1-36. I, being an Inmate in the Facility known as CTCF, can personally assure you that numbers 2,5,11,16,17,18 and certainly not 32, are in no way being done, about to be done, or even thought of being done by the Authorities tasked with these chores.

Claimant has alleged that DOC officials have made no attempt to comply with the stipulation entered into in late March 2008. The Special Master interprets Claimant's letter as requesting personal relief to specific items set forth in the Stipulation that has been referred to as "Document 3326."

Document 3326 is entitled "Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan" (Stipulation). That document was approved by counsel for the Class and Defendants and was presented to Judge Kane. The stipulation was approved and made an order of the Court on April 4, 2008.

Claimant has listed specific paragraphs from the Stipulation that he alleges apply to his situation. He has listed Paragraphs 2, 5, 11, 16, 17, 18, and 32. Paragraph 2 states as follows:

> 2. CDOC will provide long-lasting batteries for hearing aids. Such batteries shall be kept in stock in facility clinics and available to inmates with hearing aids on an as needed basis. CDOC will identify upon intake at DRDC the size and/or type of batteries needed for every individual's hearing aid.

Paragraph 5 provides that "CDOC will add American Sign Language classes as a program offered by CDOC to inmates identified as hearing impaired or disabled." Paragraph 11 states as follows:

> 11. The TTY machines shall be made available to inmates who require such an accommodation in the same manner the CIPS telephones are available to non-hearing impaired/disabled inmates. This includes but is not limited to maintaining the TTY machine in an accessible area and eliminating case manager involvement in accessing the CIPS phones.

Paragraphs 16 thru 18 read as follows:

> 16. CDOC shall provide two hearing aides to inmates with hearing impairments who meet the criteria mutually agreed upon by the parties. If the parties cannot agree upon this criterion by June 1, 2008, the matter shall be submitted to Judge Kane for a forthwith hearing.
> 17. All hearing impaired inmates who are housed at Colorado Territorial Correctional Facility shall be housed in cells with strobe alarms and CDOC will provide the same proportional number of single cells with strobe alarms as is available to inmates without hearing impairments. Any hearing impaired inmate who is currently housed in a single-cell without a strobe alarm shall have his/her cell immediately furnished with a strobe alarm.
> 18. CDOC shall immediately provide vibrating watches to all inmates with hearing impairments or disabilities.

Claimant's letter indicates that he has sought relief through his case manager. It appears that Claimant has not been provided with those items and/or programs mentioned in any of these cited paragraphs. It is not clear if he has filed a grievance with an appropriate DOC official.

The Special Master would note that these questions also will apply to certain provisions of the Amended Stipulation (Document #2228) that was signed by the parties and approved by Judge Kane on August 29, 2006. As examples, that stipulation details waiver of co-pays for medical treatment in certain instances and availability of jobs with pay equal to those held by non-handicapped inmates.

## II.

The initial question that must be answered is what, if any, authority the Court has to act on the *pro se* pleadings of Mr. Redmon. The Remedial Plan reflects the settlement reached by counsel for the class and Defendants. The jurisdiction for the Court arises out of the Remedial Plan that was approved on August 23, 2003 after a fairness hearing. The Court has limited authority under the Remedial Plan.

In response to the order of the Special Master, both sides have submitted responses. Each will be examined separately.

**Response of Counsel for the Class**: Counsel for the Class state, in part, as follows:

> 11. In addition to seeking relief through the ADA grievance process, Montez Class members, including Mr. Redmon, may seek relief through the Court for issues arising from CDOC's continued failure to comply with the Montez Remedial Plan.
> 12. After the Court heard argument regarding the continued filing of *pro se* claims by inmates during the March 25, 2008 Compliance Hearing, the Court entered an Order Expanding the Duties of the Special Masters on April 15, 2008 (the

3

"Expansion Order"). The Expansion Order states that:

> The jurisdiction of the Special Masters, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of pro se pleadings and correspondence filed by individuals inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents...

13. Pursuant to the Expansion Order, the Special Masters have jurisdiction to specifically address the request for relief presented by Mr. Redmon and any other Montez Class member that files a *pro se* motion or request for relief.

Counsel for the class believe that Mr. Redmon is a class member. Counsel for the Class further state the position that individual class members may seek relief through their own personal filings with the Court.

**Defendants**: Defendants have a different perspective on the issue of authority raised in the June 11, 2008 letter. Defendants state, in part, as follows:

> 1. As noted in the June 23, 2008 Order of the Special Master, Claimant was not in DOC custody on or before August 27, 2003, is not eligible to file a damage claim pursuant to Paragraph XXXII of the Remedial Plan, and is not part of the class that was established on August 27, 2003.
>
> 6. Defendants' position is that, if an inmate feels the Remedial Plan, or subsequent Stipulations, are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel. Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane. There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance. The Remedial Plan only allows for individual relief as set forth in section XXXII. Claimant is not a class member and is entitled to no individual relief under the Remedial Plan. Nothing in any Stipulation of the Parties or in the April 15, 2008 Order changes this.
> 7. Moreover, Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel.....

Defendants do not believe that Mr. Redmon is a member of the *Montez* class. Yet, Defendants argue that he is represented by counsel for the class.

### III.

There is no question that Claimant came into DOC custody in 2008. There also is no question that he cannot file a claim for damages because he was not in DOC custody on or before August 27, 2003. The Remedial Plan states, in part, as follows:

> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case.

It was contemplated by the parties that claims could be filed by inmates or former inmates who had been in custody on or before the approval of the Remedial Plan on August 27, 2003. An inmate who had a valid claim that arose out of actions by DOC staff on or before August 27, 2003 could amend the claim to include actions that occurred after that date. Otherwise, an individual had to bring their own separate action.

Counsel for the class makes the statement that Claimant is a class member. In other words, the class is ever-expanding as new inmates with disabilities enter into the DOC system. Under this view of the Remedial Plan, the class will continue to grow as long as the case remains open and the compliance period is in force.

**Claimant as Class Member**: For purposes of discussion, it will be accepted that Claimant is a member of the class. The question then is whether he may file *pro se* pleadings that the Court must act upon and resolve.

The United States Court of Appeals for the Tenth Circuit has ruled that members of a class are represented by their appointed attorneys. *Johnson v. City of Tulsa, Oklahoma*, 489 Fed.3d 1089 (10th Cir. 2007).

> To consider the matter from a somewhat different perspective, it is worth noting the special status of class counsel and the limits on that status. Ordinarily, all matters relating to the class action must be handled by class counsel (cit. omitted). The class action can be unmanageable if the class cannot speak with one voice.

*Id. at p. 1110.* If Claimant is part of the class, then he is represented by appointed counsel and they are his attorneys.

The Tenth Circuit has further delineated the status of counsel for a class in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In that case, an inmate of the Oklahoma prison system had attempted to file *pro se* pleadings with the Clerk of the United States District Court for the Northern District of Oklahoma. The clerk had refused the pleadings on the basis that the inmate was part of the class. The Tenth Circuit ruled in a mandamus action that the clerk had to accept the pleadings.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing action. (cit. omitted) Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.
>
> Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action (cit. omitted), the district court should examine the file papers to make a threshold determination if the allegations are separate from or should be raised within the *Battle* class action. If it is more efficient, the district court could refer the matter to a magistrate for a recommendation (cit. omitted), or appoint a special master to make a recommendation. If the claims are duplicative and are appropriately within the context of *Battle*, the district court should dismiss the action under 28 U.S.C. §1915(d) and *Neitzke v. Williams*, (cit. omitted), and either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel.

*Id. at 1165-66.*

The Tenth Circuit went on in *McNeil* to explain that class counsel have a continuing duty to receive papers from class members until the class action is closed. The court went on to note:

> If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation by class counsel.

*Id. at 1166.* If Claimant is a member of the class, as represented by class counsel, then his *pro se* motions must be accepted for filing but the only action that can be taken then is to refer the motions to class counsel.

It should be noted that the only provision in the Remedial Plan that allows *pro se* filings is found in Paragraph XXXII. That paragraph allows for the filing of individual damage claims. Nowhere else in the Remedial Plan or in either of the stipulations is there any further provision allowing the filing of *pro se* motions or pleadings.

Stated simply, the Court lacks the authority to rule on the individual *pro se* motion filed by Claimant Matthew T. Redmon. His motion has been forwarded to counsel for the class for such action as may be deemed appropriate. Under *McNeil*, the professional decisions must be made by appointed counsel. Allowing piecemeal consideration of individual motions for relief would run counter to the concept that the class speaks with one voice.

**Claimant as a Non-Class Member:** Defendants have argued that Claimant is not a member of the class, as he came into DOC custody after August 27, 2003. For purposes of this discussion, it will be assumed that he is not a part of the class.

If Claimant is not a member of the class, then he is a legal stranger to this case. As a legal stranger, Claimant would have no right to file a claim or any motion and have it referred to counsel for the class.

An argument might be made that Claimant is a third-beneficiary of the Remedial Plan and/or the stipulations. *Floyd v. Ortiz*, 300 F.3d 1223 (10th Cir. 2002). That showing would be difficult, since Claimant was not in DOC custody at the time of approval of the Remedial Plan or the first stipulation in September 2006. There is nothing in any of the three documents at issue in this order that indicated that the parties were attempting to confer a benefit on third parties who were not part of the class. *See e.g., Dahlberg v. Avis Rent A Car System, Inc.*, 92 F.Supp. 1091 (D.Colo. 2000) Having non-class inmates attempting to litigate various matters related to either the Remedial Plan or either stipulation would run absolutely counter to the concept of the class speaking with one voice and being represented by counsel.

If Claimant is not a class member, then no basis exists for him to file any pleadings in this case. He certainly may bring his own action.[1] He may have standing to bring a third-party beneficiary action, but as a separate case. Claimant has provided no basis that would allow him to proceed through use of a *pro se* motion if he is not a member of the class.

### III.

There is no provision in the Remedial Plan, the stipulation of August 29, 2006, or the stipulation of April 4, 2004 that allows the filing of *pro se* motions seeking equitable or other non-monetary relief. The sole provision that allows *pro se* pleadings is Paragraph XXXII of the Remedial Plan, which is limited to damage claims.

Under the *McNeil* decision, it would be improper to rule on the merits of Claimant's motion or the merits of any other *pro se* motion filed by an inmate. All *pro se* motions will be forwarded to counsel for the class for review. The steps taken thereafter will be left to the discretion of class counsel. To do anything further would be to jeopardize the work done to date by class counsel.

IT IS ORDERED that Claimant's letter, being treated as a motion for equitable relief, is denied in light of the *McNeil* decision; and

IT IS FURTHER ORDERED that class counsel may take whatever action on the letters of

---

[1] It is highly likely that any separate action brought seeking relief as a third-party beneficiary would require exhaustion of the grievance system under the Prisoner Litigation Reform Act. *42 U.S.C. §1997e et seq.*

7

Matthew Redmon as may be deemed professionally appropriate; and

      IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 15, 2008.**

      SIGNED this 11th day of August, 2008.

                              BY THE COURT:

                              */s/ Richard M. Borchers*

                              _____
                              Richard M. Borchers
                              Special Master