IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

─────────────────────────────────────────────

Claim Number X-291
Category: Untimely Filed Claim
Claimant: David Valentine Greening, #127006
Address of Claimant: 2323 Curtis Street, Denver, CO 80205

─────────────────────────────────────────────

## ORDER OF DISMISSAL OF SPECIAL MASTER
─────────────────────────────────────────────

    THIS MATTER came before the Special Master on the claim form of David Greening. The claim form indicated that Claimant came into DOC custody on June 20, 2005. A show cause order was issued to Claimant. He has responded to that order and has submitted multiple pages of medical records and grievances.

    It is not disputed that Claimant came into DOC custody in June 2005. He has been released from custody and is living in Denver.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

    Claimant came into DOC custody after August 27, 2003. The Remedial Plan limits jurisdiction over claims to inmates who were in custody on or before August 27, 2003. There is no jurisdiction to adjudicate the claim. Claimant may bring his own separate action for damages in a

court of competent jurisdiction.

To the extent Claimant is raising issues that involve Defendants' compliance with the Remedial Plan, Claimant is represented by counsel for the class. Under appellate case law, the Court may only forward the documents of Claimant to counsel for the class. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

IT IS HEREBY ORDERED that the claim of David Greening is denied, as Claimant came into the custody of the Colorado Department of Corrections after August 27, 2003 and the Special Masters have no jurisdiction over the claim; and

IT IS FURTHER ORDERED that copies of all documents submitted by Claimant shall be forwarded to counsel for the class; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 29, 2008.**

SIGNED this 18th day of August, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master