IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL OWENS, et al.,

    Defendants.

___

Claim Number: 03-307
Category: III
Claimant: Edmund Lloyd Herrera, #76006
Address of Claimant: KCCC, P.O. Box 2000, Burlington, CO 80807

___

## ORDER OF SPECIAL MASTER
___

    THIS MATTER came before the Special Master on various letters and motions filed by Claimant. Included in the documents, Claimant submitted a motion for enlargement of time in which to file an objection to the final order issued on his claim. That motion was granted. Claimant will be able to seek a review of the final order issued by the Special Master.

    Claimant has submitted a number of documents, including requests made for medical care at KCCC. Most of the documents reflect Claimant's concern with the medical care he is being provided. Claimant's letters and documents will be treated as requests for judicial relief.

    This case is a class action. Counsel have been appointed to represent the class, and Claimant is part of the class. The question then is whether the Court has the authority to rule on individual *pro se* motions filed by Claimant or others. The United States Court of Appeals for the Tenth Circuit has ruled that members of a class are represented by their appointed attorneys. *Johnson v. City of Tulsa, Oklahoma*, 489 Fed.3d 1089 (10th Cir. 2007).

> To consider the matter from a somewhat different perspective, it is worth noting the special status of class counsel and the limits on that status. Ordinarily, all matters relating to the class action must be handled by class counsel (cit. omitted). The class action can be unmanageable if the class cannot speak with one voice.

*Id. at p. 1110.* If Claimant is part of the class, then he is represented by appointed counsel and they

are his attorneys.

The Tenth Circuit has further delineated the status of counsel for a class in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In that case, an inmate of the Oklahoma prison system had attempted to file *pro se* pleadings with the Clerk of the United States District Court for the Northern District of Oklahoma. The clerk had refused the pleadings on the basis that the inmate was part of the class. The Tenth Circuit ruled in a mandamus action that the clerk had to accept the pleadings.

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing action. (cit. omitted) Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.
>
> Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action (cit. omitted), the district court should examine the file papers to make a threshold determination if the allegations are separate from or should be raised within the *Battle* class action. If it is more efficient, the district court could refer the matter to a magistrate for a recommendation (cit. omitted), or appoint a special master to make a recommendation. If the claims are duplicative and are appropriately within the context of *Battle*, the district court should dismiss the action under 28 U.S.C. §1915(d) and *Neitzke v. Williams*, (cit. omitted), and either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel.

*Id. at 1165-66.*

The Tenth Circuit went on in *McNeil* to explain that class counsel have a continuing duty to receive papers from class members until the class action is closed. The court went on to note:

> If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation by class counsel.

*Id. at 1166.* Claimant is a member of the class. As such, he is represented by class counsel. His *pro se* motions must be accepted for filing but the only action that can be taken then is to refer the motions to class counsel.

It should be noted that the only provision in the Remedial Plan that allows *pro se* filings is found in Paragraph XXXII. That paragraph allows for the filing of individual damage claims.

2

Nowhere else in the Remedial Plan or in either of the stipulations is there any further provision allowing the filing of *pro se* motions or pleadings.

Under *McNeil*, the Court has the authority to accept the *pro se* letters and pleadings. The Court must refer such motions to counsel for the class, as counsel for the class represent Claimant.

IT IS HEREBY ORDERED that the documents submitted by Claimant shall be referred to counsel for the class pursuant to the directive in *McNeil*.

SIGNED this 25th day of August, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master