IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number C-013
Category C
Claimant: Pablo Barron, #139390
Address of Claimant: 1400 S. Collyer, #218, Longmont, CO 80501

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

    THIS MATTER came before the Special Master on the document entitled "Opening Statement & Motion to Order CDOC into Compliance" filed by Pablo Barron. Claimant alleged in that document that he is diabetic.

    Claimant notified the Special Master that he is living in Longmont, Colorado. The DOC Inmate Locator reflected that Claimant has been granted parole. Since it appeared Claimant had come into DOC custody after August 27, 2003, it appeared that he could not file a claim. An order to show cause was issued to Claimant to allow him to indicate on what basis the Special Masters had jurisdiction over the document, but Claimant has filed nothing further.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

    Claimant came into DOC custody after August 27, 2003. The Remedial Plan limits jurisdiction over claims to inmates who were in custody on or before August 27, 2003. There is no

jurisdiction to adjudicate the claim. Claimant may bring his own separate action for damages in a court of competent jurisdiction.

To the extent Claimant is raising issues that involve Defendants' compliance with the Remedial Plan, Claimant is represented by counsel for the class. Under appellate case law, the Court may only forward the documents of Claimant to counsel for the class. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

IT IS HEREBY ORDERED that the motion of Pablo Barron is denied, as Claimant came into the custody of the Colorado Department of Corrections after August 27, 2003 and the Special Masters has no jurisdiction over the document as being treated as a claim; and

IT IS FURTHER ORDERED that copies of all documents submitted by Claimant shall be forwarded to counsel for the class; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 20, 2008.**

SIGNED this 25th day of August, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master