ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil
Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 10 2008

GREGORY C. LANGHAM
CLERK

---

Case Number : C-007
Category : C
Claimant : Matthew Tazio Redmon, #140637
Address of Claimant : CTCF , P.O. Box #1010 - CH7
                            Canon City , CO. 81215-1010

---

OBJECTION TO THE ORDER OF THE SPECIAL MASTER

---

    Comes Now , The Claimant , Matthew Tazio Redmon , CDOC #140637 , and enters this Objection to the Order of the Special Master , Pursuant to Federal Rule of Civil Procedure 53(g)(2) .

    In the Order of the Special Master , dated the 11th day of August , 2008 , the Master brings to the attention of the Court several issues which the Claimant will outline and address in the order in which they appear in the Master's Order .

                      Claimant's Outline

(1.) The filing of Claimant's Grievances .
     Page#3,Section I., of the Order..

(2.) The authority of the Court .
     Page#3,Section II., Page#7,Section III.,of the Order .

(3.) The Jurisdiction of the Special Master .
     Page#4,Section II.,of the Order.

(4.) The Claimant's status as a Class Member .
     Pages#4,5,6,7,Sections II. and III.,of the Order .

(1)

(5.) The Claimant's ability to file a claim for Damages OR file a separate Action .
Page#5,Section III.,of the Order .

## Claimant's Address of the issues

(1.) On page#3,Section I., of the Master's Order , the Master states that ,"it is not clear if he (the Claimant) has filed a Grievance with an appropriate DOC Official".

When I , the Claimant , wrote the initial letter to the Special Master , I was unaware the Special Master would treat the letter as a Motion for Relief . As that was the case , I had not filed any Grievances prior to the writing of the letter .

However , in the time period since the initial writing , I have filed several Grievances relating to the issues in the Master's Order and relating to issues found in the Remedial Plan itself . These Grievances are numbered ,CT07/08-471 , CT07/08-472 , CT08/09-22 , CT08/09-23 , respectively .

As of today's date , 08/31/08 , these Grievances have not been resolved and are long past their due dates . These delays are the direct result of CDOC Officials purposely not responding .

(2.) On page#3,Section II., of the Master's Order , the Master states that ,"the Court has limited authority under the Remedial Plan" and that "the Court lacks the authority to rule" .

It is the Claimant's understanding that the Remedial Plan is a Civil Action with respect to prison conditions that is granting and ordering prospective relief to the Plaintiffs in the above named Action .

18 U.S.C.A. § 3626 defines prospective relief as "all relief other than compensatory damages" .

"Prospective relief under consent decree is subject to continuing supervisory jurisdiction of Court , and may therfore be altered."
Ruffo v. Inmates of the Suffolk County Jail , 112 S.Ct. 748(1992)
Miller v. French , 120 S.Ct. 2246 at 2258-2259

"A Court has the authority to alter the prospective effect of an injunction to reflect a change in circumstances , whether of law or of fact , that has occurred since the injunction was entered."
Railway employees v. Wright , 81 S.Ct. 368(1961)
Miller v. French , 120 S.Ct. 2246

Relief is akin to remedy . It is the Claimant's understanding that a Remedial Plan is "the means employed to enforce a right or redress an injury which is a well founded and acknowledged claim."   Chelentis v. Luckenbach S.S. Co. , 38 S.Ct. 501 , 62 L.Ed. 1171 .

(2)

Judicial function is defined as "the capacity to act in the specific way which apertains to the judicial power."
Black's Law Dictionary.

Judicial power is defined as "the inherent authority not only to hear and determine controversies between adverse parties, but to make binding orders or judgments."
Fewll V. Fewell, 23 Cal.2d 431, 144 P.2d 592, 594

This power is given by the Judiciary Act of 1789 and by the United States Constitution.

Article III, U.S. Constitution, gives the Federal Judiciary the power not merely to rule on cases, but to decide them, subject to review only by Superior Courts within the Article III hierarchy.

It is the Claimant's contention that not only does the Court have the authority to rule on any aspect of the Remedial Plan for the above named case, but that the Court has an inherent duty to enforce compliance on the Defendants.

(3.) On page#4, Section II., of the Master's Order, the Order quotes Class Counsel on the Jurisdiction of the Special Master.

Class Counsel states that the Court appointed the Special Master pursuant to Federal Rule of Civil Procedure 53.

Class Counsel further states that the Special Master has Jurisdiction to specifically address the Claimant's request for relief and the requests for relief of any other Montez Class Inmate.

On page#7, Section III., of the Master's Order, the Master states "there is no provision in the Remedial Plan that allows the filing of Pro Se Motions."

The Master further states that, "under McNeil, it would be improper to rule on the merits of Claimant's Motion or the merits of any other Pro Se Motion filed by an Inmate."

On page#6, Section III., of the Master's Order, the Master cites an undetermined source, quoting that, "the District Court should examine the file papers to make a threshold determination if the allegations are separate from or should be raised within the Battle Class Action. If it is more efficient, the Court could refer the matter to a Magistrate for a recommendation or appoint a Special Master to make a recommendation."

Under 18 U.S.C.A. § 3626 (f)(6)(A), "a Special Master may be authorized by a Court to conduct hearings and prepare proposed findings of fact, which shall be made on the record."

Federal Rule of Civil Procedure 53(c)(1) , states that,"a Master may :(B) take appropriate measures to perform the assigned duties fairly and efficiently ; and(C) if conducting an evidentiary hearing , exercise the appointing Court's power to compel , take, and record evidence."

Rule 53 further states in 53(a)(1)(c) , "a Special Master may address pretrial and posttrial matters that cannot be effectively and timely addressed by an available District Court Judge or Magistrate."

On April 15th , 2008 , the Court entered an Order expanding the duties of the Special Master . Under the "Expansion Order" , the Master has the Jurisdiction to "review the pleadings and correspondence" of Inmates "and to issue appropriate rulings on those Documents." Furthermore , under the "Expansion Order" , the Special Master has Jurisdiction to specifically address the requests for relief presented by any Class Member .

The Remedial Plan needs no provision that allows for the filing of Pro Se Documents or Pleadings . Pro Se filings are , in effect , evidence. Rule 53 has provided for the taking of evidence . The Special Master has authority to conduct hearings and prepare findings based on evidence introduced at these hearings . The Special Master was given this power by the Court . The Court , undeniably , has this authority .

McNeil v. Guthrie , 945 F.2d 1163(10th Cir. 1991) states that , "the Clerk must file the Pro Se papers of the Class Members."

McNeil , in no way , supersedes 18 U.S.C.A. § 3626 , Federal Rule of Civil Procedure 53 or the U.S. Constitution , Article III . All of which give the Court the power to appoint a Special Master to rule on matters in the Court's stead . If the Special Master feels that a pleading is too complicated for the Master to render a ruling on , then the Special Master must send the pleading to the Clerk for filing so that the Court may make the ruling .

However , having reviewed and understood the relevant information involved , the Claimant can only agree with the Class Counsel that the Special Master has all the Jurisdiction that the Master will ever need to address the Pro Se pleadings , and Documents , and to make rulings on these papers .

(4.) On pages#4,5,6,7,Sections II. and III., the issue in these pages is the Claimant's status as a Class Member .

The Counsel for the Class avers that the Claimant is most certainly a Member of the Class .

The Counsel for the Defendants avers that the Claimant most certainly is not a Member of the Class .

(4)

The Claimant will now show that he is indeed a Class Member entitled to all the relief allowed under the law , and that all Inmates similarly situated , present and future , are also entitled as Class Members . The Claimant will further show that the Class is indeed ever-expanding , at least until the date of compliance by the Defendants or until the Class Action is closed.

The Remedial Plan is a Class Action granting prospective relief .

Prospective relief is future relief and includes injunctive relief .

Therefore , the Remedial Plan is automatically an injunction .

The Court has power to grant injunctive relief in a § 1983 Action .

Injunctive relief is defined as ,"a commandment to undo some wrong or injury." Black's Law Dictionary .

If excluded from the Class , the Claimant would indeed suffer from the same wrongs and injuries that the Remedial Plan is designed to prevent . Therefore , the Claimant is "in genere" .

In fact , "it has long been settled that the Court's power to grant injunctive relief survives discontinuance of the illegal conduct." U.S. v. W.T. Grant Co. , 345 U.S. 629 , 633 , 73 S.Ct. 894 , 897 , 97 L.Ed. 1303(1952)

Class is defined as ,"a "class" within rule relating to class action , must be taken in broad colloquial sense of a group of people ranked together as having common characteristics." Black's Law Dictionary .

As CDOC has ranked the Claimant a "Montez Class Inmate" , CDOC themselves , has acknowledged that the Claimant has the "common characteristics" of existing Class Members . Again , the Claimant is"in genere" .

Federal Rule of Civil Procedure 19 (a)(1) Required party.- A person who is subject to service of process and whose joinder will not deprive the Court of subject-matter Jurisdiction must be joined as a party if :(B)that person claims an interest relating to the subject of the Action and is so situated that disposing of the Action in the person's absence may :(i)as a practical matter impair or impede the person's ability to protect the interest .

The Claimant maintains that as a Class Member , he is entitled to the same considerations as a shareholder .

In Hawes v. Oakland , 1882 , 104 U.S. 450 , the Court held that a shareholder could not maintain such an Action unless he owned shares at the time of the transaction complained of , or unless they devolved on him by operation of law .

By operation of law , the Claimant has been introduced into the Montez Class Action . CDOC has classified the Claimant as a "Montez Class Inmate" . The Claimant has , in effect , inherited Class Member status and is now a shareholder in the Action .

An action looking for relief could be brought by a Class who inherited the devolving Action , against the original Defendants, to have the original "tying" conditions enforced by the Court .

Federal Rule of Civil Procedure 23 (b)(2) states that , "a class action may be maintained if the party opposing the class has acted or refused to act on grounds that apply generally to the class , so that final injunctive relief or declaratory relief is appropriate to the class."

Hawes v. Oakland deals with the "right" to Maintain an action . Those decisions which hold that a shareholder acquiring stock after the event may maintain a derivative action are founded on the view that it is a right belonging to the shareholder at the time of the transaction and which passes to as a right to the subsequent inheritor . See - Pollitz v. Gould , 1911 , 202 N.Y. 11 , 94 N.E. 1088 .

The Claimant is in possession of a "temporary accommodation resolution" , dated March 19th , 2008 .

This resolution was granted to the Claimant by CDOC when CDOC recognized the Claimant as part of the Montez Class by classifying the Claimant as "Montez Class Inmate" .

The Court ordered further Sanctions against the Defendants for non-compliance on April 4th , 2008 .

The Claimant had already been "certified" by the Defendants on the April 4th , 2008 date and was entitled to benefit from the further sanctions .

CDOC conferred the beginnings of the sanction "benefits" on the Claimant in the form of : two(2) hearing aids , a vibrating watch and placement in a cell with a strobe alarm .

The granting of these "benefits" by CDOC is further proof that CDOC believes the Claimant to be a party in the Montez Action .

Floyd V. Ortiz , 300 F.3d 1223 (10th Cir. 2002) ,it was held on appeal that ,"an Inmate for whose benefit settlement agreement was entered was entitled to seek enforcement of its terms and could invoke the District Court's continuing Jurisdiction over Matter."

(6)

Federal Rule of Civil Procedure 71 states , "when an order grants relief for a nonparty or may be enforced against a nonparty , the procedure is the same as for a party."

Federal Rule of Civil Procedure is wholly intended to provide for process to enforce Court Orders by persons properly affected by them , even if they are not parties to the Action .

Since CDOC has recognized the Claimant as a party , or at the very least , a third party , then as a corollary , the Claimant , as a third party beneficiary of the consent decree known as "The Montez Remedial Plan" , has standing to enforce the decree .  Beckett , 995 F.2d at 286 ; Hook , 972 F.2d at 1104 ; Berger v. Heckler , 771 F.2d 1556 , 1565-1566 (2d Cir. 1985)

It is the Claimant's position that he is certainly a party to the "Montez" Action . That he is certainly a Member of the Class , or at the very least , a third party beneficiary . And , as such , that he is entitled to seek enforcement of the Remedial Plan . Either through Pro Se filings or through the efforts of Class Counsel , the Claimant , and all others similarly situated , is certainly entitled to plead for relief from the Court and to expect relief to be granted in the form of enforcement of the already existing agreement , or through further Sanctions , or through the modification of the Remedial Plan .

(5.) On page#5,Section III., of the Master's Order , the Special Master quotes part of Section XXXII. of the Remedial Plan pertaining to Damage Claims . The Special Master further cites an unknown source , stating , "otherwise , an individual had to bring their own separate Action."

The Claimant has not asked for Damages .

The Claimant has asked only that enforcement of the existing Agreement , and subsequent Sanctions for non-compliance , be meted out by the Court .

Class Members cannot file individual suits for relief based on the same action .  Long v. Collins , 917 F.2d 3 ,4-5 (5th Cir. 1990)
Goff v. Mencke , 672 F.2d 702 ,704 (8th Cir. 1982)

Class Members may not use § 1983 Actions for enforcement of an existing consent decree .  Klein v. Zavaras , 80 F.3rd 432 ,435 (10th Cir. 1996)

Federal rule of Civil Procedure 23 (b)(1)(B) – Separate actions by individual class members would create a risk of adjudications with respect to individual class members that , as a practical matter , would be dispositive of the interests of the other members not party to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Obviously the Claimant is not allowed to file separate actions for enforcement . Nor is the Claimant allowed to bring separate action based on the same issues as in the already existing Remdial Plan .

As I stated at the beginning of this Ojection , I was not actually asking for relief. Or was I Motioning for equitable relief , as the Special Master treated my letter . I was only seeking enforcement of an already existing Injunctive Remedial Plan . I was really only seeking to inform the Court , through the Special Master , that CDOC was not only not in compliance with the Remedial Plan , but that CDOC had also , apparently , decided that CDOC did not need to abide by the Sanctions for non-compliance handed down by this Court . Again , the original goal was only enforcement of compliance .

However , I , the Claimant , Mattew Tazio Redmon , CDOC#140637 , had no idea that my one(1) letter would touch off the debate that has now ensued . It is all too apparent to me that all aspects of the Remedial Plan were not thought out before the consent agreement was reached . Perhaps now is the time to add a few clauses to the agreement .

Now that this fist letter has opened the door , so to speak , I believe that the first letter , along with ALL the subsequent letters that I have sent to the Special Masters and ALL the Subsequent letters that I have sent to the Counsel for the Class , should be brought before the Court for examination .

I have realized , in the course of the small amount of research that I have done for this Objection , that these are not easy aspects of the law , and that there are certainly no easy answers to questions now posed before the Court . I do , however , believe that I will henceforth describe all of my letters as Motions and send them directly to the Court .

RESPECTFULLY SUBMITTED ,

Matthew Tazio Redmon , #140637     #140637
CDOC
C.T.C.F.
P.O. Box #1010 - CH 7
Canon City , CO.   81215 - 1010

I declare under penalty of perjury that the foregoing is true and correct .
Executed this 1st day of September , 2008 at Canon City , Colorado .

09/01/08

(8)