IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

───────────────────────────────────────────────

Claim Number 02-563
Category II
Claimant: Larry James Smith, #114825
Address of Claimant: BVCF, P.O. Box 2017, Buena Vista, CO 81211

───────────────────────────────────────────────

## ORDER OF DISMISSAL OF SPECIAL MASTER

───────────────────────────────────────────────

THIS MATTER came before the Court on the letter of Claimant Larry James Smith (doc. #3518). In that letter, Claimant sought to raise various issues concerning his present health conditions. Claimant previously filed a claim. In late spring 2006, Claimant was released from DOC custody. The only address Claimant ever provided for mailing of orders to him was a Salvation Army Shelter. Mail was returned from that address. Claimant never advised the Court further of his whereabouts. The claim was dismissed on June 22, 2006.

In his letter to the Court, Claimant states that he has two diseases. One is Hepatitis C. The other is onychomucosis which is an infection of the toenails. Claimant states that he has not received proper medical care for either condition. He further states that he desires to present a claim of deliberate indifference because of the poor quality of medical care that he has received. Claimant states that:

> "...all I seek is a transfer to a medical facility and to receive medical treatments and cures for these diseases that are available to the public, that I am being denied as punishment for being incarcerated in the Colo. Dept. of Corrections, who are responsible for my heath care while in their custody.

Claimant's main concern is the medical care that he has received while in DOC custody.

Claimant raises two health issues. Neither of those issues is part of the Remedial Plan that is the settlement document between the parties. The Remedial Plan deals with the following four conditions: (1) diabetes; (2) vision impairment; (3) mobility impairment; and (4) hearing impairment. No other conditions are part of this class action. Hepatitis C certainly could be a condition that would fall under the ADA and Rehabilitation Act. The Court and Special Masters have no jurisdiction over health conditions not listed in the Remedial Plan.

Claimant has spent a great deal of time relaying his concerns about his medical care while in DOC custody. The United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability.

Finally, Claimant had the opportunity to pursue his claim. He did not keep the Special Masters advised of his whereabouts. Claimant cannot not request to file a second claim. In addition, the two conditions set forth by Claimant are not covered by the Remedial Plan. Claimant retains the right to file his own separate lawsuit concerning those conditions.

To the extent Claimant is raising issues that involve Defendants' compliance with the Remedial Plan, Claimant is represented by counsel for the class. Under appellate case law, the Court may only forward the documents of Claimant to counsel for the class. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

IT IS HEREBY ORDERED that the claim of Larry James Smith is denied, as Claimant previously was granted the right for a hearing and then did not appear. No basis has been presented to warrant any reopening of that claim; and

IT IS FURTHER ORDERED that copies of all documents submitted by Claimant shall be forwarded to counsel for the class; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 17, 2008.**

SIGNED this 12th day of September, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master