IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number 03-457
Category: III
Claimant: Rodney Zimmerman, #135354
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999
_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the claim of Rodney Zimmerman (Claimant). Claimant has responded to the previously issued show cause order.

      Claimant's claim form reflects that he entered into DOC custody on March 27, 2008. The DOC Inmate Locator reflects that Claimant was sentenced March 14, 2008 in the Weld County District Court. Since it appeared that Claimant had come into DOC custody after August 27, 2003, a show cause order was issued to Claimant directing him to indicate upon what basis the claim should be processed.

      Claimant responded to the order to show cause. In his response, Claimant does not dispute that he came into DOC custody after August 27, 2003. The show cause order directed Claimant to provide good cause why his claim should not be dismissed. Claimant states, in part, as follows:

> [I]t is my contention that the good cause is established due to the fact that DOC has not complied with any of the determinations made by Judge Kane and indeed has continued despite numerous sanctions to defy the Court's judgment for going on 16 years and in my personal medical situation refuses to supply adequate medical attention....

The argument of Claimant is that the claim process remains open to all, including those who entered

into DOC custody after August 27, 2003, due to the inaction of DOC staff. It is further argued that the claim process should remain open as a penalty for the problems with the compliance aspects of the Remedial Plan.

The Special Master reviewed Claimant's argument. The argument is not frivolous. The problem is that approval of the Remedial Plan set a date for establishment of the class and for ending the time period for filing damage claims. The Remedial Plan allows a claimant to amend a claim to include incidents and actions of DOC after August 27, 2003, but only if something is established that occurred prior to that date.

Claimant's argument caused the Special Master to reconsider the claim process. Upon reflection, the clear intent of the parties in agreeing to submit the Remedial Plan was to provide a simplified means for inmates and former inmates to seek damages for discrimination that occurred on or before August 27, 2003. Defendants would never have agreed to an open-ended claim process that would include inmates who had yet to come into DOC custody. For the compliance portion of the Remedial Plan, Claimant is being represented by counsel for the class.

Claimant retains the right to file his own ADA lawsuit and seek damages. The Remedial Plan did not provide a provision allowing a re-opening of the damage claim process on the basis of an alleged failure to comply with the compliance portions of the Remedial Plan. The compliance portion and damage claim process remain separate. The Special Master has no jurisdiction over the claim of Claimant.

IT IS HEREBY ORDERED that the claim of Rodney R. Zimmerman is dismissed, as he came into the custody of the Colorado Department of Corrections after August 27, 2003 and the Special Masters have no jurisdiction over this matter; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 31, 2008.**

SIGNED this 10th day of September, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master