IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

___

Claim Number X-302
Category: Untimely Filed Claim
Claimant: Donald Thurston, #126241
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

___

## ORDER OF DISMISSAL OF SPECIAL MASTER
___

    THIS MATTER came before Special Master on the claim form filed by Claimant. In that form, Claimant checked the box for hearing impairment. Claimant further stated that he had come into DOC custody on May 5, 2005.

    Since it appeared that the Special Masters might have no jurisdiction over this claim, a show cause order was issued to Claimant. A response to the show cause order has been filed by Claimant. In that response, Claimant states, in part:

    1. Prior to August 27, 2003 this claimant was already in custody on various charges which ultimately brought him into CDOC custody on May 5, 2005.

Claimant goes on to argue three points. First, he argues that he was in state custody on or before August 27, 2003, even though not transferred to CDOC until later. Second, he argues that Defendants' failure to follow the compliance portion of the Remedial Plan "leaves CDOC open to further claims for non-treatment of Montez issues even if beyond the date of August 27, 2003..." Third, he requests that he be allowed to file claims pursuant to 42 U.S.C. §1983 without payment of costs.

    The Remedial Plan established the damage claim process in Paragraph XXXII. That process was established to allow individual inmates and former inmates to file claims for discrimination that

took place on or before the approval of the Remedial Plan on August 27, 2003. The Remedial Plan allows for amendment of a claim to include incidents after August 27, 2003, but only if there has been the establishment of a disability (hearing; vision; mobility; or diabetes) and an act of discrimination on or before that date. Defendants are responsible for violations of the ADA by DOC staff. Defendants are not responsible for actions of county jail deputies.

Claimant was not in DOC custody until May 5, 2005. The damage claim process does not apply to him. There is no jurisdiction to adjudicate this claim. Claimant may file his own lawsuit under the ADA and/or §1983. The Special Master has no authority to waive fees for the filing of a civil rights lawsuit involving matters that have occurred since May 2005.

IT IS HEREBY ORDERED that the claim of Donald S. Thurston is dismissed, as he came into DOC custody after August 27, 2003 and there is no jurisdiction over his claim; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 17, 2008.**

SIGNED this 10th day of September, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master