IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number C-014 (combined with C-008) (formerly 03-377)
Category C (formerly III)
Claimant: Ronald Cordova, #57350 (as well as the inmates who have signed on the letter)
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

## RESPONSE TO CLAIMANT'S LETTER OF JUNE 20, 2008

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's June 20, 2008 letter.

1. Claimant sent his "Objection to March 31, 2008 Stipulation by Both Party Counsels Regarding Status of Compliance by Colorado Department of Corrections" ("Objection"), dated June 17, 2008. The Objection contained allegations regarding the March 31, 2008 Stipulation regarding inmate eyeglasses.

2. Claimant also filed his June 20, 2008 letter ("Claimant's letter"), which was electronically filed on June 30, 2008, and was signed by twenty-seven other inmates. This

document made essentially the same allegations. The Court is treating this letter as a motion to set aside the March 31, 2008 Stipulation.

3. While Claimant's arguments deal with eyeglasses, their focus is complaining about class counsel. Specifically, Claimant's June 20, 2008 states as follows:

> I am writing in regards [sic] to the March 31, 2008 Stipulation tendered by the party counsels. Many of the Montez class object to the stipulations and feel that the attornies [sic] who have represented the Montez class have not had their best interest at heart by stipulating to issues that inmates had no idea that certain issues had been tendered without first discussing them with Montez class members….Attornies [sic] who supposedly represent the Montez class never discussed these issues prior to, or at any meetings in the past regarding personal eye wear….There are many other inmates who have other eye problems that require there [sic] prescribed glasses that attornies [sic] have not discussed or presented at or [sic] any hearings.

4. Paragraph XXXII of the Remedial Plan allows filing of individual damages claims with the Special Masters. Claimant did file his individual damages claim, Claim number 03-377, and that matter went to hearing on January 24, 2008. Other than Paragraph XXXII, the Remedial Plan provides no basis upon which an individual may pursue his own motion. Class counsel represents all members of the class, except for damage claims filed under Paragraph XXXII. Class counsel and counsel for Defendants have also entered into two subsequent stipulations, which were approved by the Court in September 2006 and April 2008. Neither of the subsequent stipulations, nor the April 15, 2008 Order Expanding the Duties of the Special Masters, provide any basis for individual inmates to file their own *pro se* motions.

5. Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). As instructive to the situation here, the *McNeil* Court stated as follows:

> Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action (citation omitted), the district court should examine the filed papers to make a threshold determination if the allegations are separate from or should be raised within the [] class action….If the claims are duplicative and are appropriately within the context [of the class action], the district court should dismiss the action…and either directly sent the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel….If, after the pro se papers are sent to class counsel, he refused to examine the papers or inappropriately determines that they have no merit, the pro se prisoner may file a separate action either seeking to intervene [in the class action] or challenging the adequacy of representation by class counsel. *Id.* at 1166.

6. While Claimant's focus is complaining about class counsel, based on the case law set forth above, Claimant's remedy, nonetheless, is to consult with class counsel and relate what his concerns are. Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant. Under *McNeil*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel. *Id.* at 1166.

7. Here, Claimant's letter does not set forth whether Claimant has brought his concerns regarding eyeglasses to class counsel and whether class counsel has refused to examine his eye wear claims or inappropriately determined that they have no merit. Due to

3

the lack of such an allegation, it would be most appropriate for the Special Master to forward Claimant's claims to counsel for the class for them to make the appropriate determination.

8. In the alternative, if the Special Master finds that class counsel has already refused to examine the claims contained in Claimant's letter, or inappropriately determined that they have no merit, then Claimant and/or the other inmates who signed Claimant's letter must now seek to intervene in the class action to directly challenge the adequacy of representation by counsel for the class.

9. Finally, in regard to the allegation in Claimant's letter that "[t]here is a conflict of interest in the first place with Cathy [H]olst being appointed AIC[,]" as the Court is well aware, Ms. Holst was mutually agreed upon to be the AIC and was appointed as such on the first page of the Remedial Plan, Section II. Therefore, there is no conflict of interest in Ms. Host being the AIC.

WHEREFORE, Defendants respectfully request that the requests made in Claimant's June 11, 2008 letter, which acts a motion to set aside the March 31, 2008 Stipulation, be denied, for the reasons set forth above.

Respectfully submitted this 14th day of October, 2008.

JOHN W. SUTHERS
Attorney General

/s/  Willow I. Arnold
WILLOW I. ARNOLD
Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
Attorney for Defendants
1525 Sherman St., 4th Floor
Denver, CO  80203

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S JUNE 20, 2008 LETTER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 14th day of October, 2008 addressed as follows:

Ronald Cordova, #57350
AVCF, P.O. Box 1000
Crowley, CO  81034-1000


*Courtesy Copy To:*

Cathie Holst

/s/ *Willow I. Arnold*
Willow I. Arnold