IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE
RONALD CORDOVA, #57350**

---

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated July 25, 2008 (the "Order") regarding the letter and motion filed by Ronald Cordova:

1.  Ronald Cordova, #47702 is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") and is a member of the Montez class of plaintiffs. On June 20, 2008, Mr. Cordova filed a letter and motion with the Court with regard to the Stipulation agreed upon by the parties and accepted by the Court on April 4, 2008. The letter and motion were signed by twenty-seven other interested inmates. Mr. Cordova's motion and letter are being treated as Motions to set aside the Stipulation (the "Motions").

2. Mr. Cordova and the other interested inmates object to Number 1 of the Stipulation on the basis that it changes a significant provision to the Montez Remedial Plan. The section of the Stipulation to which the Motions refer reads:

"1. Inmates will be permitted to retain possession of their personal glasses until CDOC issues a replacement pair of glasses. Unless it is determined that the inmate intentionally broke his/her own glasses, CDOC will replace damaged or broken glasses free of charge on an as needed basis. If the preponderance of the evidence shows that the inmate intentionally broke his/her glasses in any particular year, he/she will be responsible for the replacement costs of those glasses."

3. The portion of the Montez Remedial Plan that the Motions argue has been changed is §XVI (c) Health Care Appliances. This section of the Remedial Plan provides:

"No inmate shall be deprived of a health care appliance that was in the inmate's possession upon entry into the DOC system or was properly obtained while in DOC custody, *unless for documented safety or security reasons...*If the healthcare appliance is taken away for safety or security reasons, the Chief Medical Office or a licensed physician…shall be consulted immediately to determine appropriate action to accommodate the inmate's needs." *(emphasis added).*

4. Claimant and the other inmates raise issue with the Stipulation upon the belief that it will result in the deprivation of health care appliances, specifically, eyeglasses.

5. During the compliance review conducted by counsel for the Plaintiff Class, a major concern raised by inmates was DOC's non-compliance with §XVI (c) of the Remedial

Plan. Class Members notified class counsel that their glasses had been taken away and had not been replaced in a timely manner in violation of the Remedial Plan.

6. In March of 2008, DOC admitted it was not in compliance with the Remedial Plan and the parties entered into negotiations regarding Stipulations to benefit Montez Class Members. During this process, counsel for the Plaintiff Class raised the issue of eyeglasses being taken away in violation of §XVI (c).

7. DOC presented information on the security and safety issues created by wire or metal framed glasses to support its practice of taking away such health care appliances.

8. DOC's non-compliance with §XVI (c) is not with respect to inappropriate removal of health care appliances, but rather in the replacement of the appliance and/or providing accommodations for inmate's needs in the absence of the removed health care appliance.

9. Accordingly, the Stipulation requires DOC to allow inmates to retain possession of their personal eyeglasses until DOC issues a replacement pair of glasses rather than the former practice of taking glasses away for security reasons without providing a replacement pair at the same time. Furthermore, the Stipulation benefits Class Members by requiring DOC to replace damaged or broken glasses free of charge on an as needed basis rather than only replacing damaged or broken glasses in a three-year period of time.

10. This section of the Stipulation is a mechanism to enforce compliance with the Remedial Plan.

11. Claimant also raises issue with Number 26 of the Stipulation on the basis of conflict of interest. Number 26 reads:

> "26. In the case of a disagreement between the AIC and any other DOC employee, medical provider or contractor concerning the disability status of an inmate and/or accommodations to be provided, the conclusion of the ADA Inmate Coordinator will be final."

12. Through discovery obtained during the compliance review, a frequent and disturbing pattern of conflicts arising between medical providers and DOC employees with regard to the disability status of inmates was revealed. Counsel for the Class presented this issue to the Court during the Compliance Hearings held in the Spring of 2008. As a result, Judge Kane expressed the importance of the authority vested in the ADA Inmate Coordinator to enforce compliance with the Remedial Plan. Number 26 of the Stipulation confirms that authority.

Respectfully submitted this 14th day of October, 2008.

KING & GREISEN, LLP

/s/ Jennifer W. Riddle____
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 14th day of October, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE RONALD CORDOVA with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

*/s/* Gail Walker