IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 03-450
Category: III
Claimant: Duane Manzanares, #66183
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751
_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on his own motion. The Special Master previously issued a show cause order to Claimant, as it appeared that there may be no jurisdiction over this claim. Claimant was granted up to and including October 6, 2008 to respond to the show cause order. Despite being given time to respond, Claimant has filed nothing in response to the show cause order.

    Claimant set forth in his claim form that he had been in DOC custody on three occasions: 1992-93; 1995-1996; and 2005 to the present. He indicated that he now is serving a life sentence. The DOC Inmate Locator reflects that Claimant was sentenced in Pueblo County on April 25, 2008, but on a 2005 criminal case. Presumably, Claimant was in the custody of a county sheriff until he was sentenced.

    In response to a prior order, Claimant submitted a response. Claimant indicated that he had been assisted in filing his claim by another inmate. He noted that the date of injury was November 21, 1999 in Pueblo County, Colorado. Claimant did not detail when he became disabled as to both mobility impairment and diabetes. He does note that he was diagnosed with diabetes in April 2003.

    Claimant's own forms reflect that he was in DOC custody through 1996. His claim form reflects that he returned to DOC custody in 2005. It is possible that DOC custody did not commence until after April 25, 2008. Using Claimant's own forms, there was a break in DOC custody from

1996 to 2005 of nine or more years.

The Remedial Plan is the document that memorializes the settlement reached in this case between counsel for the class and Defendants. The Remedial Plan was approved on August 27, 2003. The Remedial Plan established the damage claim process for all inmates or former inmates who were or had been in DOC custody on or before August 27, 2003. *See, Paragraph XXXII*. The claim process allows for amendment of a claim to include incidents of discrimination that occurred after August 27, 2003, but only if disability and discrimination can be established to have occurred on or before that date.

In this case, Claimant has not established that he was disabled, as defined by the ADA and Rehabilitation Act, on or before his departure from DOC custody in 1996. Claimant has stated that he was diagnosed with diabetes in April 2003. The mobility impairment is premised upon an injury that was the result of a drive-by shooting on November 21, 1999. According to the documents filed by Claimant, he was living in Pueblo County at that time and was not in DOC custody. It appears Claimant was mobility disabled when he came back into custody in 2005. Based upon what Claimant has provided in writing and as clarified by him, he has not established that he was disabled, as defined by the ADA and Rehabilitation Act, in 1996 or before. The Special Master has no jurisdiction over this claim.

IT IS HEREBY ORDERED that the claim of Duane Manzanares is dismissed, as he was not disabled while in DOC custody before August 27, 2003 and there is no jurisdiction over his claim; and

IT IS FURTHER ORDERED that the hearing scheduled for October 20, 2008 is vacated; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 17, 2008.**

SIGNED this 10th day of October, 2008.

                              BY THE COURT:

                              */s/ Richard M. Borchers*

                              _____
                              Richard M. Borchers
                              Special Master