IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number C-012
Category:  C
Claimant:  Joseph D. Kyger, #138283
Address of Claimant:  CTCF, P.O. Box 1010, Canon City, CO 81215-1010
_____

**RESPONSE TO CLAIMANT'S JUNE 24, 2008 LETTER**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's June 24, 2008 letter.

1.　As noted in the July 18, 2008 Order of the Special Master, Claimant was not in DOC custody on or before August 27, 2003 and is not eligible to file a damage claim pursuant to Paragraph XXXII of the Remedial Plan.

2.　Nonetheless, Claimant sent a letter, electronically filed June 24, 2008, to the Court.

3.　In this letter he references the Stipulation of the Parties ("Stipulation") approved on April 4, 2008.  He references the Stipulation in regard to hearing aides, alleges that medical has not given him hearing aides, complains about the possible

1

lack of "freshness" of batteries, complains about the possible circumstances of running out of batteries at night, and signs his letter as a "Montez Claimant."

4. The Special Master interpreted Claimant's letter as a request for personal relief regarding the Stipulation, which poses the question, among other questions, of whether an inmate in Claimant's situation may seek individual relief pursuant to the provisions of the Stipulation.

5. Defendants' position regarding inmates in Claimant's situation remains that if an inmate feels the Remedial Plan, or the subsequent Stipulations are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel. Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane. There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance. The Remedial Plan only allows for individual relief as set forth in section XXXII. Claimant is not a *Montez* class member and is entitled to no individual relief under the Remedial Plan. Nothing in the any Stipulation of the Parties or in the April 15, 2008 Order changes this.

6. Notwithstanding the above argument, undersigned counsel acknowledges that the Special Masters have previously found that inmates in Claimant's situation making similar arguments were considered members of the class, but that there was no jurisdiction to rule on their individual *pro se* filings pursuant to the *McNeil* case. As this Claimant will also likely be considered a class member,

2

Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant's remedy is to consult with class counsel and relate what his concerns are. Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant. Under *McNeil*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel. *Id.* at 1166.

WHEREFORE, Defendants respectfully request that the requests made in Claimant's June 24, 2008 letter be denied, for the reasons set forth above and that if he is considered a class member his letter be forwarded to counsel for the class for any such action as may be deemed appropriate.

Respectfully submitted this 23rd day of October, 2008.

JOHN W. SUTHERS
Attorney General

*/s/ Willow I. Arnold*
WILLOW I. ARNOLD
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
Attorney for Defendants
1525 Sherman St., 4th Floor
Denver, CO  80203
(303) 866-5495
(303) 866-5443 fax

## CERTIFICATE OF SERVICE

      This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S JUNE 24, 2008 LETTER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 23rd day of October, 2008 addressed as follows:

Joseph D. Kyger, #138283
CTCF, P.O. Box 1010
Canon City, CO 81215-1010


*Courtesy Copy To:*

Cathie Holst

     /s/  *Willow I. Arnold*_____
          Willow I. Arnold