IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

_____

Claim Number C-016
Category:  C
Claimant:  Michael W. Fleming, #100942
Address of Claimant:  LCF, 49030 State Highway 71, Limon, CO 80826
_____

**RESPONSE TO CLAIMANT'S JULY 7, 2008 LETTER**
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant's July 7, 2008 letter.

1.    This matter was heard on February 28, 2008 at LCF.

2.    The Special Master entered his Final Order on March 17, 2008.  The Final Order stated that Claimant is present mobility impaired, became disabled in September of 2005 as the result of an accident at that time, but Claimant was not disabled or before August 27, 2003.

3.    The Final Order set forth a deadline of June 9, 2008 by which Claimant must file his objection to the Final Order.  Claimant filed no objection.

1

4. On July 7, 2008 Claimant filed a letter with the Court complaining of lack of proper medical care, difficulty standing, receiving write-ups for failure to stand for court, losing earned time as result, not receiving a copy of his modified accommodations, and being harassed and denied medical treatment for his participation in the *Montez* class action.

5. The Special Master interpreted Claimant's letter as a request for personal relief regarding the Remedial Plan, which poses the question, among other questions, of whether an inmate in Claimant's situation may seek individual relief pursuant to the provisions of the Remedial Plan.

6. Defendants' position regarding inmates in Claimant's situation is that if an inmate feels the Remedial Plan, or the subsequent Stipulations are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel.  Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane.  There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance.  The Remedial Plan only allows for individual relief as set forth in section XXXII.

7. Here, Claimant filed a claim pursuant to that provision of the Remedial Plan, his claim went to hearing, and his claim was denied, based on lack of jurisdiction.  Claimant's remedy was to file an objection to the Final Order, but he

chose not to do so.  Nothing in the any Stipulation of the Parties or in the April 15, 2008 Order changes this situation or contains any provision for additional relief.

      8.      Moreover, Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel.  *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).  Claimant's remedy is to consult with class counsel and relate what his concerns are.  Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant.  Under *McNeil*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel.  *Id.* at 1166.

      9.      Finally, as this Court is well aware, the Court of Appeals for the 10th Circuit ruled on April 11, 2005 that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment and are statutes that prevent discrimination that is premised upon a disability.  A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act.  *Fitzgerald v. Corrections Corporation of* America, 403 F.3d 1134, 1143 (10th Cir. 2005).  Therefore, the Court has no jurisdiction over Claimant's medical malpractice and lack of care claims contained in his July 7, 2008 letter.

      WHEREFORE, Defendants respectfully request that the requests made in Claimant's July 7, 2008 letter be denied, for the reasons set forth above.

Respectfully submitted this 23rd day of October, 2008.

JOHN W. SUTHERS
Attorney General

/s/ Willow I. Arnold
WILLOW I. ARNOLD
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
Attorney for Defendants
1525 Sherman St., 4th Floor
Denver, CO  80203
(303) 866-5495
(303) 866-5443 fax

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S JULY 7, 2008 LETTER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 23rd day of October, 2008 addressed as follows:

Michael W. Fleming, #100942
LCF, 49030 State Highway 71
Limon, CO 80826


*Courtesy Copy To:*

Cathie Holst

_____/s/__*Willow I. Arnold*_____
Willow I. Arnold