IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE
NEIL F. CREEDEN, #127412**
_____

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated July 18, 2008 (the "Order") regarding the letter and motion filed by Mr. Creeden:

1. Neil Creeden, #127412 is an inmate incarcerated in the Colorado Department of Corrections ("DOC") and is a member of the Montez class of plaintiffs. Mr. Creeden sent a letter dated June 23, 2008 to the ADA Inmate Coordinator with a copy to the Special Masters. Mr. Creeden's letter raised concerns about the condition of his wheelchair as well as a request for a refund pursuant to the Stipulation entered on April 4, 2008.

2. The Order requests the position of class counsel on the following issues:

   1. Is Claimant a member of the class?
   2. Is Claimant represented by class counsel?
   3. What jurisdiction, if any, does the Court have concerning the individual issues raised in Claimant's letter?
   4. What remedies, if any, exist under the Remedial Plan for Claimant?
   5. Does the Stipulation of April 4, 2008 confer upon Claimant any individual

rights?
6. Does the Stipulation of April 4, 2008 confer upon Claimant the right to seek any remedies on his own behalf?

## I.  IS CLAIMANT A MEMBER OF THE CLASS?

3. Mr. Creeden has a mobility disability that requires the use of a wheel chair, he is therefore undeniably a member of the Montez class. Whether Mr. Creeden is eligible to participate in the damage claim process proscribed by the Montez Remedial Plan has no bearing upon whether he is a member of the class.

## II.  IS CLAIMANT REPRESENTED BY CLASS COUNSEL?

4. As a member of the Montez class, Mr. Creeden is represented by counsel for the class on issues involving systemic discrimination and general non-compliance with the Montez Remedial Plan.

5. Class counsel does not represent Montez claimants on their individual damage claims or for individual damages sustained as a result of DOC's continued non-compliance with the Montez Remedial Plan. As such, Mr. Creeden is not represented by class counsel on his individual claim for relief and/or damages and is therefore not prevented by the Tenth Circuit's holding in *McNeil v. Guthrie* to file *pro se* pleadings with the Court. *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir. 1991).

## III.  WHAT JURISDICTION DOES THE COURT HAVE CONCERNING THE INDIVIDUAL ISSUES RAISED IN CLAIMANT'S LETTER?

6. After the Court heard argument regarding the continued filing of *pro se* claims by inmates during the March 25, 2008 Compliance Hearing, the Court entered an Order

Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order") with respect to individual claims for damages. The Expansion Order states:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of *pro se* pleadings and correspondence filed by individual inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

7. The Special Masters have jurisdiction to adjudicate matters arising from or related to an individual claimant's damage claim filed pursuant to the Montez Remedial Plan. If a claim for damages is not addressed by the damage claim process because the Claimant was not disabled or in DOC before August 27, 2003, or due to the cut-off date for filing claims, the Special Masters have jurisdiction to issue rulings on *pro se* pleadings and correspondence pursuant to the Expansion Order for violations of individual rights under the Remedial Plan.

### IV. WHAT REMEDIES EXIST UNDER THE REMEDIAL PLAN FOR CLAIMANT?

8. When the Remedial Plan was entered in 2003, DOC stipulated to liability for damages arising from violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Accordingly, in addition to seeking relief through the ADA grievance process designated by the Remedial Plan, Montez class members, including Mr. Creeden, are entitled to the remedies available under the ADA and the Rehabilitation Act.

9. Class Members cannot ask for injunctive relief on issues related to DOC compliance with the Remedial Plan because that is a function of Class counsel's representation of the class. Class Members may, however, seek relief from the Court for damages, including,

but not limited to, economic loss and deprivation of privileges incurred as a result of DOC's non-compliance with the Remedial Plan.

10.     Class Members may seek remedies other than those involving systemic discrimination being address by the compliance and monitoring periods of this case.  For instance, if a class member was injured by DOC's failure to comply with an architectural standard required by the ADA, that class member has the right to file a claim for individual relief or a lawsuit in federal court as jurisdiction with respect to architectural issues ended.[1]   Another example where a class member has the right to file a claim for individual relief or a separate lawsuit with respect to individual economic loss or injury from the deprivation of privileges is if a class member is denied access to a job or program for which he or she was otherwise qualified on the basis of his or her disability.

11.     Pursuant to the Expansion Order, the Special Masters have jurisdiction to adjudicate these types of and other *pro se* claims for violations of individual rights under the Remedial Plan.

### V.     DOES THE STIPULATION OF APRIL 4, 2008 CONFER UPON CLAIMANT ANY INDIVIDUAL RIGHTS?

12.     The Stipulations that have been agreed upon by the parties and entered by the Court supplement the original Remedial Plan.

13.     The Stipulation of April 4, 2008 and any previous or future Stipulations agreed upon by the parties confer to claimants, including Mr. Creeden, the same individual rights

---

[1] The parties stipulated to compliance with respect to architectural issues in April of 2006.

4

available under the Remedial Plan, the ADA and the Rehabilitation Act, discussed in detail above in section IV.

### VI. DOES THE STIPULATION OF APRIL 4, 2008 CONFER UPON CLAIMANT THE RIGHT TO SEEK ANY REMEDIES ON HIS OWN BEHALF?

14. The Stipulation of April 4, 2008 and any previous or future Stipulations agreed upon by the parties confer to claimants, including Mr. Creeden, the same individual remedies for damages available under the Remedial Plan, the ADA and the Rehabilitation Act, discussed in detail above in section IV.

Respectfully submitted this 24th day of October, 2008.

KING & GREISEN, LLP


/s/ Jennifer W. Riddle_____
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24th day of October, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE NEIL F. CREEDEN with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

/s/ Gail Walker