IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.*,

Defendants.

___

**PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE
MICHAEL FLEMING, #100942**
___

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated July 18, 2008 (the "Order") regarding a letter filed by Mr. Fleming:

1. Michael Fleming, #100942 is an inmate incarcerated in the Colorado Department of Corrections ("DOC") and is a member of the Montez class of plaintiffs. Mr. Fleming sent a letter in July of 2008 to the Court. Mr. Fleming's letter was in regards to not receiving proper accommodations for his disability despite having requested such accommodations.

2. The Order requests the position of class counsel on the following issues:

   1. Is Claimant a member of the class?
   2. Is Claimant represented by class counsel?
   3. What jurisdiction, if any, does the Court have concerning the individual issues raised in Claimant's letter?
   4. What remedies, if any, exist under the Remedial Plan for Claimant?

## I.   IS CLAIMANT A MEMBER OF THE CLASS?

3.        Mr. Fleming has a permanent mobility disability that substantially limits one or more major life activities.  He is therefore a member of the Montez class.  Whether Mr. Fleming is eligible to participate in the damage claim process proscribed by the Montez Remedial Plan has no bearing upon whether he is a member of the class.

## II.        IS CLAIMANT REPRESENTED BY CLASS COUNSEL?

4.        As a member of the Montez class, Mr. Fleming is represented by counsel for the class on issues involving systemic discrimination and general non-compliance with the Montez Remedial Plan.

5.        Class counsel does not represent Montez claimants on their individual damage claims or for individual damages sustained as a result of DOC's continued non-compliance with the Montez Remedial Plan.  As such, Mr. Fleming is not represented by class counsel on his individual claim for relief and/or damages and is therefore not prevented by the Tenth Circuit's holding in *McNeil v. Guthrie* to file *pro se* pleadings with the Court.  *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir. 1991).

## III.   WHAT JURISDICTION DOES THE COURT HAVE CONCERNING THE INDIVIDUAL ISSUES RAISED IN CLAIMANT'S LETTER?

6.        After the Court heard argument regarding the continued filing of *pro se* claims by inmates during the March 25, 2008 Compliance Hearing, the Court entered an Order Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order") with respect to individual claims for damages.  The Expansion Order states:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to

> Fed.R.Civ.P. 53 to include referral of *pro se* pleadings and correspondence filed by individual inmates or claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

7.  The Special Masters have jurisdiction to adjudicate matters arising from or related to an individual claimant's damage claim filed pursuant to the Montez Remedial Plan. If a claim for damages is not addressed by the damage claim process because the Claimant was not disabled or in DOC before August 27, 2003, or due to the cut-off date for filing claims, the Special Masters have jurisdiction to issue rulings on *pro se* pleadings and correspondence pursuant to the Expansion Order for violations of individual rights under the Remedial Plan.

### IV.   WHAT REMEDIES EXIST UNDER THE REMEDIAL PLAN FOR CLAIMANT?

8.  When the Remedial Plan was entered in 2003, DOC stipulated to liability for damages arising from violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Accordingly, in addition to seeking relief through the ADA grievance process designated by the Remedial Plan, Montez class members, including Mr. Fleming, are entitled to the remedies available under the ADA and the Rehabilitation Act.

9.  Class Members cannot ask for injunctive relief on issues related to DOC compliance with the Remedial Plan because that is a function of Class counsel's representation of the class. Class Members may, however, seek relief from the Court for damages, including, but not limited to, economic loss and deprivation of privileges incurred as a result of DOC's non-compliance with the Remedial Plan.

10.        Class Members may seek remedies other than those involving systemic discrimination being address by the compliance and monitoring periods of this case.  For instance, if a class member was injured by DOC's failure to comply with an architectural standard required by the ADA, that class member has the right to file a claim for individual relief or a lawsuit in federal court as jurisdiction with respect to architectural issues ended.[1]  Another example where a class member has the right to file a claim for individual relief or a separate lawsuit with respect to individual economic loss or injury from the deprivation of privileges is if a class member is denied access to a job or program for which he or she was otherwise qualified on the basis of his or her disability.

11.        Mr. Fleming's complaint is with regard to the denial of reasonable accommodation which resulted in a Code of Penal Discipline conviction.  Specifically, Mr. Fleming's mobility disability prevents him from standing immediately after having been in a resting position for a prolonged period of time.

12.        The Montez Remedial Plan allows for accommodations for those with mobility disabilities who are unable to stand for formal count.  Accordingly, Mr. Fleming has been permitted to sit on his bunk with his feet on the floor during count, as proscribed in the Remedial Plan.

13.        On one occasion, when an officer asked Mr. Fleming to stand during count, he explained that he was disabled and not required to stand.  He showed the officer that he had an ADA/Montez accommodation resolution form.  Five days later, the officer requested to see Mr. Fleming's accommodation resolution form.

---

[1] The parties stipulated to compliance with respect to architectural issues in April of 2006.

14. Mr. Fleming was later convicted of count interference and fraud on the basis that he did not stand for count and that because his accommodation resolution form did not specifically state that he was exempt from standing for count. Mr. Fleming was penalized twenty days of earned time as a result of the convictions.

15. Mr. Fleming was clearly denied a reasonable accommodation and retaliated against for asserting his individual rights under the ADA and as a Montez class member.

16. Mr. Fleming is not eligible to file a damage claim because his disability arose after August 27, 2003. Mr. Fleming may therefore file a separate lawsuit for his individual damages. In the alternative, and pursuant to the Expansion Order, the Special Masters have jurisdiction to adjudicate his *pro se* claim for violations of his individual rights under the Remedial Plan.

Respectfully submitted this 24th day of October, 2008.

KING & GREISEN, LLP


/s/ Jennifer W. Riddle____
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

5

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 24th day of October, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE MICHAEL FLEMING with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

                                                              */s/* Gail Walker