IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No.
96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: 03-129
Claimant: Jill Coit # 86530
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

---

## ORDER OF SPECIAL MASTER RE: PLEADING ENTITLED "DENIAL OF HEARING AID BATTERIES THAT WORK AND REFUSAL TO REPAIR HEARING AIDS", FILED AUGUST 28, 2008

This matter comes before the Special Master on a pleading filed by Plaintiff Jill

Coit on August 28, 2008, entitled "Denial of Hearing Aid Batteries that Work and

Refusal to Repair Hearing Aids." The pleading alleges that Coit has not been able to

obtain batteries for her hearing aids for the last three months. She also complains that the

Department of Corrections has refused to provide her with a vibrating watch, which she

needs due to her hearing impairment. The pleading acknowledges that on December 15,

2005, the Special Master found and concluded that she was not hearing impaired.

However, Coit explains that as of that time, the DOC had allowed her to have her own

hearing aids sent to her. However, Coit alleges that subsequent to December 15, 2005,

the DOC has relied upon the Order to categorize her as not hearing impaired, and,

therefore, not eligible for batteries that work or are long lasting. Coit alleges that the DOC's actions in this regard are in violation of the Remedial Plan and also violate a Stipulation Regarding Status of Compliance entered into by the DOC and Plaintiffs' class counsel. She requests that DOC be ordered to (a) provide her with proper hearing aid batteries; (b) give her a vibrating watch; (c) have her hearing aids be repaired; (d) refrain from retaliating against her; and (e) pay a penalty allegedly called for in the Stipulation. She also prays that the Court reevaluate her for a hearing impairment.

The Special Master will consider Coit's pleading as a request for relief under the damage provisions of paragraph XXXII of the Remedial Plan and also a request for enforcement and relief under the Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan, which was approved and made an Order of the Court on April 4, 2008.

## I.     Damage Claim

Several rather unique issues are presented by Coit's pleading when it is viewed in the context of the damage provisions of paragraph XXXII of the Remedial Plan. A hearing was held on Coit's original damage claim under the Remedial Plan on October 15, 2005, October 31, 2005, and November 8, 2005. As noted above, on December 15, 2005, the Special Master entered an Order on a claim submitted by Coit under the Remedial Plan alleging that she had a mobility disability, a hearing disability, and a vision disability. With respect to her alleged hearing disability, the Special Master found that:

> Claimant testified that she has difficulty hearing,
> particularly when there is background noise. She used

> hearing aids in 1995, but since 1995, she has not been
> provided with hearing aids. Claimant was cleared for
> hearing aids in 2001 and in 2002 or 2003 she was allowed
> to have her own hearing aids sent to her. Claimant asserts
> that in 2004 she received discipline that resulted directly
> from her inability to hear.

Final Order of Special Master on Claim Number 03-129, December 15, 2005, at p. 4.

Based on the evidence presented at the hearing, the Special Master concluded that Coit had failed to sustain her claim that she had a hearing disability within the meaning of the ADA and/or the Remedial Plan.

Initially, an issue is presented as to whether Coit's current contention that she is hearing impaired under the ADA and/or the Remedial Plan is barred by *res judicata* and/or *collateral estoppel*. There is no doubt that there is an identity of parties, and that a final judgment on the merits was entered on her prior Claim. There is also no doubt that the parties had a full and fair opportunity to litigate Ms. Coit's allegation that she was hearing impaired under the ADA and the Remedial Plan. The only outstanding question with respect to claim or issue preclusion is whether her present claim or contention is identical with the one advanced under her prior fully resolved Claim.

The Special Master finds and concludes that the facts and circumstances surrounding Coit's present allegation of hearing impairment are different than those that existed and were litigated in connection with her prior Claim. It is clear that by the time of the hearing on her prior Claim, she had been allowed to obtain her own hearing aids, and no contention was made that these hearing aids were inoperable, or that the DOC was not supplying proper batteries. Under these circumstances, the doctrine of *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) rendered Coit's hearing impairment claim problematic. However, Coit's current pleading asserts that her hearing aids are not

operable because she is not being provided with proper batteries. Assuming the correctness of this allegation, her current hearing impairment Claim must be resolved without reference to such corrective and mitigating measures.

Even if Coit's current pleading is not barred by claim or issue preclusion, a significant question arises as to whether it falls within the ambit of the Remedial Plan damage provisions, or whether it must be raised in a separate and independent lawsuit. The Remedial Plan provides that if a class member files a timely Claim, and "a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages." Clearly, Coit filed a timely Claim, which was fully adjudicated by the Special Master's December 15, 2005 Order and Judge Kane's affirmance of that Order. Whether Coit's present pleading alleges a claim arising during the compliance period, however, is a debatable question which the Special Master declines to address without the benefit of briefing from both the DOC and Coit addressing this specific issue.

## II. Claim under the Stipulation Regarding Status of Compliance

The scope of the Court's authority to hear damage claims of class members is defined by the Remedial Plan. There is no provision in the Remedial Plan that would authorize damage claims or enforcement actions by individual class members premised on a failure of the DOC to comply with stipulations entered into between the DOC and class counsel. Absent specific provisions in the Remedial Plan authorizing enforcement by individual class members of such stipulations, the matter must be addressed by class counsel. *Johnson v. City of Tulsa, Oklahoma,* 489 F.3d 1089 (10th Cir. 2007); *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir. 1991). Class counsel has a continuing duty to receive

papers from class members until the class action is closed. Where such papers assert non-compliance with the class settlement agreement, or stipulations entered into pursuant thereto, class counsel must make a determination of whether the assertions have sufficient merit to warrant further action, and if so, to pursue such action on behalf of the class.

Consequently, insofar as Coit's present pleading seeks enforcement of the Stipulation Regarding Status of Compliance, it is denied without prejudice. Coit's pleading entitled "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids" will be forwarded to class counsel for whatever action counsel deems appropriate.

Wherefore, the Special Master hereby Orders that:

1. On or before December 1, 2008, the DOC shall file a brief addressing the issue of whether Coit's pleading entitled "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids", filed August 28, 2008, if treated as a claim for damages pursuant to paragraph XXXII of the Remedial Plan, is cognizable by the Court and/or the Special Master under the language of paragraph XXXII, which states that "if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages." On or before December 15, 2008, Ms. Coit may file a Reply to the DOC's brief.

2. To the extent that Coit's "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids" constitutes requests relief based on the DOC's alleged non-compliance with the Stipulation Regarding Status of

Compliance and/or the Court's Order adopting said Stipulation, it is denied without prejudice. The pleading entitled "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids" will be forwarded to class counsel who shall determine whether said pleading warrants further action by class counsel on behalf of Ms. Coit or the class.

DATED this 7th day of November, 2008;

BY THE COURT:

/s/ Bruce D. Pringle
Special Master

# CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master Re: Pleading Entitled "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids", filed August 28, 2008 this _7th_ day of November, 2008 to the following:

Ms. Jill Coit
#86530
DWCF
P.O. Box 392005
Denver, CO  80239

King & Greisen, LLP
1670 York Street
Denver, CO  80206

Mr. James Quinn
Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, CO  80203

/s/ Susan L. Carter