IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' STATUS REPORT REGARDING 2008 STIPULATION AND REQUEST FOR FORTHWITH REVIEW AND HEARING**
_____

The Plaintiffs, through class counsel, hereby submit this report regarding the current status of compliance with the Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan (hereinafter "Stipulation" or "2008 Stipulation"). **Attachment 1,** 2008 Stipulation.

1. On April 4, 2008, a Stipulation was entered with regard to the status of compliance by the Colorado Department of Corrections ("DOC") with the Montez Remedial Plan after it was agreed that DOC was not in substantial compliance with the Remedial Plan as of July 27, 2008.

2. The parties have attended monthly meetings to discuss the status of DOC's compliance with the 2008 Stipulation.

3. As of this date, the parties have made progress on the criteria issues, however, with

the exception of the sub-class of diabetes, have not come to an agreement on certain critical areas. The most critical area in which the Plaintiffs seek the Court's immediate attention is item #3 in the Stipulation, which reads as follows:

> "CDOC will conduct disability screenings based upon mutually acceptable criteria and will re-screen inmates as appropriate. Such criteria will be developed by the parties with the party's experts no later than June 1, 2008. If the parties cannot agree on these criteria, the matter shall be submitted to the Court for a forthwith review. At that time, Judge Kane will appoint such independent expert(s) as he deems appropriate and, with their assistance, establish the criteria to be used for disability screenings."

Although the parties have worked in good faith to reach agreement on the disability criteria prior to the June 1, 2008 deadline, they have been unable to reach consensus on some critical issues. Although the parties have continued their efforts to reach agreement, they are now at an impass and thus ask for this Court's forthwith review on these matters. Specifically, the areas of dispute are as follows:

    a. <u>Criteria with respect to Hearing Disability</u>:

        i. Based on the opinion of Plaintiff's expert Darrel L. Teter, Ph.D, Plaintiffs contend that whether a person will be determined to be hearing impaired should be determined by measuring the hearing loss *in both* ears. In other words, a significant hearing loss in either ear (40/4 decibel loss or greater, according to our expert), then the individual should be considered disabled and appropriate assistive devices supplied. Dr. Teter has further opined that a person with hearing loss of 40/4 or greater in *both* ears should be fitted with a hearing aid *for each ear*. Attached are reports submitted by Dr. Teter and Dr. Teter's CV. **Attachment 2**, Expert Audiologist Reports and **Attachment 3**, CV for Darel L. Teter Ph.D.

       ii. DOC's position, on the other hand, is that a person will not qualify as disabled if he/she has hearing above the 40/4 decibel range in either ear. In other words, if the individual is deaf in one ear but can hear

2

      some out of the other ear, then that individual does not qualify as disabled and there is no need for an accommodation. Thus, only if a person has hearing loss of 40/4 decibels in the better ear will an individual qualify as disabled and be fitted for a hearing aid. With regard to DOC providing two hearing aids, DOC's position is that an inmate *may* be fitted for two hearing aids only if there is a hearing loss of 50/4 decibels or greater in *both* ears.

   iii. Disagreement between the parties rests on the issue of whether the 40/4 decibel standard applies to either ear (Plaintiff Class's position) or only to the better ear (DOC's position). The parties further disagree on the standard for fitting an inmate for two hearing aids.

b. Criteria with respect to Vision Disability:

   i. The dispute between the parties regarding vision disability, like the hearing issue, is based on whether the individual's impairment affects one or both eyes. Plaintiff's position, supported by its expert, Vikram D. Durairaj, M.D., is that if a person only has vision in one eye (monocular vision), then appropriate accommodations may need to be made to address decreased peripheral vision and the true depth perception. See attached reports of Dr. Durairaj and his CV. **Attachment 4,** Expert Ophthalmologist Reports and **Attachment 5,** CV for Vikram D. Durairaj, M.D.

   ii. Defendant contends that persons with monocular vision do not require any accommodations and does not agree to the inclusion of monocular vision to the vision disability criteria.

c. Criteria for Mobility Disability: The parties continue to work in good faith to reach an agreement on acceptable criteria and evaluation protocols. If an agreement is not reached by December 15, 2008, the issue will be presented to the Court.

d. It should be noted that Defendant has now agreed to include all individuals with diabetes as Class Members and thus there is no longer any criteria issue to be resolved on this matter. Defendant conceded this position after new legislation was passed this summer entitled ADA Amendments Act of 2008 which overturned the United States Supreme Court's opinion in *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999) and granted much broader protections to disability laws.

e.  As the Court is aware, the next date for a compliance hearing in this case is May 2009. Prior to that time, DOC will be expected to have completed the disability screenings and thus, the criteria to be applied must be settled as soon as possible in order for that to be accomplished. Accordingly, the parties request a forthwith hearing on the critical criteria issues on which we are unable to reach agreement.

4. Other Areas of Non-Compliance with Stipulation:

Although there has been compliance with some of the requirements of the Stipulation, albeit not within the required time periods, Defendants have failed to comply with the following stipulations.[1]

a.  Pursuant to #4 of the Stipulation, DOC was required to immediately adhere to and implement any Court Order or Special Masters Order determining the disability classification of a class member. DOC is reevaluating the cases where DOC disagreed with the Special Master's determination of disability in order to determine whether there has been a substantial change in the individual's condition to warrant a change in the disability classification. DOC estimates that there are approximately 10-12 cases pending. DOC is making these determinations by video recorded observation of the individual.

b.  Pursuant to # 11 of the Stipulation, DOC was required to make TTY machines available in the same manner the CIPS telephones are available to non-hearing impaired/disabled inmates. DOC has only met this requirement at Colorado Territorial Correctional Facility ("CTCF"), but not at any other DOC facility. Training for Class Members on the use of the TTY kiosks was conducted in September 2008.

c.  Under # 15 of the Stipulation, DOC was required to make necessary modifications or changes, including architectural if necessary, to allow inmates with disabilities the opportunity to participate in the dog program. One such program was at the Fort Lyon Correctional Facility ("FLCF"), where a significant number of the mobility Class Members are housed but who were specifically excluded from the dog program because of their disability. Rather than make the required modifications, Plaintiffs were informed in September that the dog program at FLCF has simply been

---

[1] A table showing the items that have been completed with the date of such compliance is attached as **Attachment 6**, Status of Compliance Table.

4

terminated. Plaintiff's counsel then requested documentation regarding why the program was terminated. Although no such documentation was provided, in November 2008, undersigned counsel was then informed that the FLCF dog program would be "revived," effective December 1, 2008. However, no evidence has been provided to show that the program is now accessible to inmates with disabilities or that any architectural changes have been made. In addition, Class counsel has learned, and DOC has confirmed, that the dog program at Denver Women's Correctional Facility ("DWCF") has not been relocated to the second floor of a housing unit due to renovations and is thus no longer accessible to inmates with mobility disabilities. This is an example of DOC acting before considering the consequences such actions have upon Montez class members.

d. Pursuant to #19 of the Stipulation, DOC was to offer SOTMP Phase II at a designated facility that is comparable to the program available at Arrowhead Correctional Facility ("ACF"). This was to be implemented by July 4, 2008. This deadline was not met. The purpose of this requirement was to allow inmates with disabilities access to the program that had been or would otherwise be excluded from participation due to their inability to transfer to ACF on the basis of their disability. Currently, a program is being offered at CTCF, however, the program does not give preference to inmates with disabilities, which was the intended purpose of the Stipulation.

e. Under #21 of the Stipulation, DOC is required to establish a consistent, standardized procedure for inmates to obtain jobs within DOC. This was to be accomplished by July 1, 2008. There is no evidence that this has been implemented.

f. Pursuant to #27 of the Stipulation, DOC was required to remedy all problems and/or deficiencies noted in the architectural expert report and addendum by July 4, 2008. Although the problem areas were remedied by DOC, during a tour of CTCF by Class counsel, it was discovered that a "Music Room" had been established in the hobby shop in an inaccessible area. When the Class counsel inquired as to how an inmate with a disability could access this room and/or the instruments contained therein, DOC did not have a response – in fact, the Associate Warden did not have knowledge that this room existed. Although the music room was eventually moved to an accessible area in the hobby shop after it was brought to the attention of DOC, it is of great concern that these issues continue to occur.

5. Although progress has been made, counsel for the Class is concerned that

DOC has been unable to satisfy major requirements under the Stipulation in the six months since the agreement was entered.  Until recently, the meetings held between the parties to discuss compliance issues were strictly limited to the attempts by DOC to come into compliance with the remedies mandated by the 2008 Stipulation.  Thus, many of the areas in which Plaintiffs contend DOC is not in compliance with the Remedial Plan had not yet been substantively addressed.  On September 30, 2008, counsel for the Class provided DOC with a preliminary list of those areas, some of which have been addressed by the 2008 Stipulation.  Please see **Attachment 7**, Agenda for Montez Remedial Plan Meeting.

6. Conclusion:

According to the remedies provided in the 2008 Stipulation, if the parties could not agree on mutually acceptable disability criteria, "the matter shall be submitted to the Court for a forthwith review."  As there is no such agreement with respect to the vision and hearing criteria, as noted herein, Plaintiffs respectfully request that this Court conduct a forthwith review on these matters.  If a final agreement on the mobility criteria is not reached by December 15, 2008, Plaintiffs respectfully request an additional forthwith review and hearing on the mobility criteria.

Respectfully submitted this day 26th day of November, 2008.

KING & GREISEN

s/ Paula Greisen_____
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com

6

Ed Ramey
Lara Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202
Attorneys for Plaintiff Class


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 26th day of November, 2008, I electronically filed the foregoing Status Report and Request for Forthwith Review with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:


Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us


/s/ Gail Walker