IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - CMA (Consolidated for all purposes with Civil Action No. 96–CV-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number X-270
Category: Untimely Filed Claim
Claimant: Thomas C. Callahan, #47574
Address of Claimant: AVCF, P.O. Box 1000, Ft. Lyon, CO 81034-1000

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

      THIS MATTER comes before the Special Master on the claim of Thomas C. Callahan. Claimant has filed a claim form and supplemental form, plus some medical records.

      Review of this claim and other documents filed by Claimant raised the issue of whether the Special Master had the jurisdiction to review this claim. In his claim form, Claimant stated that he was placed into custody in March 2003. The DOC Inmate Locator reflects that Claimant was sentenced in Jefferson County on June 30, 2005. This would indicate that Claimant came into DOC custody on or after June 30, 2005.

      The Special Master has handled over fifteen hundred claims and is aware that an individual with a DOC Inmate # of 47574 would have been in custody earlier than 2005, but Claimant has not provided that information.

      The Remedial Plan is the settlement document for this case. The Remedial Plan established in Paragraph XXXII the damage claim process that allowed Claimant the right to file his claim. The Remedial Plan provides that a claimant had to be in DOC custody on or before August 27, 2003 and disabled as established in the Plan and in the ADA. In addition, a claimant has to establish that discrimination took place prior to August 27, 2003. Only if these could be established was a claimant entitled to amend his claim to include incidents that post-dated August 27, 2003. It is clear that Claimant returned to DOC custody after August 27, 2003. There is no jurisdiction over the

claim, unless Claimant establishes also that he was disabled and discriminated against by DOC during a previous incarceration. A show cause order was issued to Claimant on September 23, 2008. Despite repeated extensions of time, Claimant has filed nothing further concerning his claim.

Claimant has stated that he began having problems in July 2006. It was then that he brought to DOC medical staff attention that he was experiencing problems with the hernia. From the information provided by Claimant, he became disabled in 2006. There is no jurisdiction over the claim, since a disability had to have existed on or before August 27, 2003. Claimant does have the right to pursue his own separate lawsuit concerning incidents that occurred in 2006 or later. There is no jurisdiction over this claim.

IT IS HEREBY ORDERED that the case of Thomas C. Callahan is dismissed as there is no jurisdiction over the claim since the claimed disability arose in 2006; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 24, 2009.**

SIGNED this 1st day of December, 2008.

BY THE COURT:

/s/ Richard M. Borchers

_____
Richard M. Borchers
Special Master