IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA (Consolidated for all purposes with Civil Action No. 96-CV-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

## REPORT AND RECOMMENDATION OF SPECIAL MASTERS

---

THIS MATTER comes before the Special Masters on the issue of what jurisdiction exists under the Remedial Plan and subsequent stipulations to allow individual inmates to seek relief from the Court. The parties have completely divergent positions on this issue. The issue cannot be resolved by the Special Masters and will require direction from the assigned District Judges.

### PARTIES TO THIS ISSUE

Besides class counsel on behalf of class members and Defendants, three inmates have filed requests for relief and are the subject of this Report and Recommendation. These individuals are as follows:

1. *Neil F. Creeden.* Mr. Creeden came into the Colorado Department of Corrections (DOC) on May 2, 2005. Mr. Creeden filed a damage claim pursuant to Paragraph XXXII of the Remedial Plan. That claim was adjudicated by the Special Master and dismissed on June 22, 2006. The Special Master determined that Mr. Creeden was not in DOC custody on or before August 27, 2003, the date on which the Remedial Plan was approved.

Mr. Creeden is presently incarcerated at the Ft. Lyon Correctional Facility in Ft. Lyon, Colorado. On June 25, 2008, Mr. Creeden filed with the Special Masters a copy of a letter concerning problems that he was experiencing in obtaining a proper fitting wheelchair. He further stated that he was willing to pay for his own wheelchair. The Special Master allowed this letter to be filed and to be treated as a motion for relief. Mr. Creeden specifically argued that he was being denied rights provided under the stipulation between the parties that was approved by Judge Kane on April 4, 2008 (2008 stipulation).

The Special Master issued an order directing counsel for the class and counsel for Defendants to respond to the motion, specifically as to the rights being claimed under the 2008 stipulation. Both have filed responses that will be discussed later in this Report and Recommendation.

2. *Joseph D. Kyger*. Mr. Kyger came into DOC custody in September 2007. He is housed presently at the Colorado Territorial Correctional Facility in Canon City, Colorado. Mr. Kyger was not in DOC custody on or before August 27, 2003. Mr. Kyger did not file a damage claim under Paragraph XXXII of the Remedial Plan, because he came into DOC custody after it was approved.

Mr. Kyger filed a letter (Document #3472) with the Court on June 24, 2008. Mr. Kyger stated that he was not receiving appropriate batteries for his hearing aid. Since this complaint appeared to relate to the two stipulations, the Special Master issued an order directing both counsel for the class and counsel for Defendants to respond. Both have submitted responses that will be discussed later in this Report and Recommendation.

3. *Michael Fleming*. Mr. Fleming came into DOC custody on June 4, 1999. At the present time, Mr. Fleming is housed at the Limon Correctional Facility (LCF) in Limon, Colorado.

Mr. Fleming filed a claim for damages under Paragraph XXII of the Remedial Plan. His

claim was assigned to Category III. A hearing was held on February 28, 2008 at LCF. Mr. Fleming

claimed that he was mobility impaired as the result of an accident that occurred while in DOC

custody in September 2005. The final order on the claim was issued on March 17, 2008. The Special

Master found, in part, as follows:

> There is no question that Claimant is presently mobility impaired. That is the
> result of the fall that occurred in September, 2005. The evidence submitted by both
> sides reflects that Claimant had minor health and physical issues prior to the fall in
> 2005. Claimant testified that he was able to run and get around before the fall.
> Claimant's disability commenced with the fall in September, 2005.
> The jurisdiction of the Special Masters is limited. The Settlement Agreement
> provides that a claimant had to be disabled and the victim of discrimination on or
> before August 27, 2003. A claimant who was so disabled could then amend his claim
> to raise issues of continuing discrimination after August 27, 2003. Claimant became
> disabled in September, 2005. The Special Masters have no jurisdiction over his
> claim. He was not disabled on or before August 27, 2003.

Mr. Fleming's claim was dismissed for lack of jurisdiction, as Mr. Fleming became disabled after

August 27, 2003.

On July 9, 2008, Mr. Fleming filed a letter with the Special Masters concerning incidents that

occurred at LCF. That letter is enclosed as Attachment #1. Mr. Fleming indicated that he has not

received appropriate accommodations and that LCF is not an appropriate facility for handicapped

inmates.

An order was issued to counsel for the class and counsel for Defendants to respond to the

issues raised by Mr. Fleming. Both responses have been received and will be discussed later.

## ISSUE BEFORE THE COURT

The written documents submitted by Mr. Creeden, Mr. Kyger, and Mr. Fleming all request

relief from the Court.[1] The question is whether individual *pro se* motions seeking personal relief are subject to adjudication by the Court.

Based upon review of applicable case law, the Special Masters believed that their handling of *pro se* motions for relief was controlled by the Tenth Circuit's decision in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). The Tenth Circuit stated, in part, as follows:

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action. (cit.omit). Claims for equitable relief must be made through the class representatives until the class action is over or the consent decree is modified.

*Id. at 1165-66*. The Tenth Circuit noted that all pleadings filed *pro se* had to be accepted by the clerk, but that a screening had be undertaken thereafter. Filings that involved class issues would be forwarded to counsel for the class. It would be up to counsel for the class to determine what, if any, action should be taken on the documents.

Pursuant to *McNeil*, the Special Masters have been forwarding *pro se* documents to counsel for the class. In the response of the class, counsel for the class have taken the position that *McNeil* is not controlling, particularly in light of the stipulations that post date the approval of the Remedial Plan. A copy of the response of class counsel concerning Mr. Creeden is attached as Attachment #2 (Document #3689). This response is virtually the same as submitted concerning Mr. Kyger and Mr. Fleming. Defendants response concerning Mr. Creeden is enclosed as Attachment #3 (Document#3687). As with counsel for the class, the response of Defendants is virtually the same

---

[1] Other individuals who are in DOC custody have also filed motions seeking relief. These have been held in abeyance pending resolution of this issue before the Court.

4

as to all three individuals.

**Position of Class Counsel**: Class counsel responded to the order of the Special Master. Class

counsel believe that Mr. Creeden is a member of the class as mobility impaired. Class counsel state

as to representation of Mr. Creeden, in part, as follows:

> 4. As a member of the Montez class, Mr. Creeden is represented by counsel for the class on issues involving systemic discrimination and general non-compliance with the Montez Remedial Plan.
> 5. Class counsel does not represent Montez claimants on their individual damage claims or for individual damages sustained as a result of DOC's continued non-compliance with the Montez Remedial Plan. As such, Mr. Creeden is not represented by class counsel on his individual claim for relief and/or damages and is therefore not prevented by the Tenth Circuit's holding in *McNeil v. Guthrie* to file *pro se* pleadings with the Court.

Class counsel further argue that the Special Masters have the jurisdiction to adjudicate any *pro se*

pleading pursuant to the expansion order signed by Judge Kane on April 15, 2008.

> 7. The Special Masters have jurisdiction to adjudicate matters arising from or related to an individual claimant's damage claim filed pursuant to the Montez Remedial Plan. If a claim for damages is not addressed by the damage claim process because the Claimant was not disabled or in DOC before August 27, 2003, or due to the cut-off date for filing claims, the Special Masters have jurisdiction to issue rulings on *pro se* pleadings and correspondence pursuant to the Expansion Order for violations of individual rights under the Remedial Plan.

In response to a specific question in the order of the Special Master concerning available

remedies, class counsel stated, in part:

> 9. Class Members cannot ask for injunctive relief on issues related to DOC compliance with the Remedial Plan because that is a function of Class counsel's representation of the class. Class Members may, however, seek relief from the Court for damages, including but not limited to, economic loss and deprivation of privileges incurred as a result of DOC's non-compliance with the Remedial Plan.
> 10. Class Members may seek remedies other than those involving systemic discrimination being addressed by the compliance and monitoring periods of this case. For instance, if a class member was injured by DOC's failure to comply with an architectural standard required by the ADA, that class member as the right to file

a claim for individual relief or a lawsuit in federal court as jurisdiction with respect to architectural issues ended. Another example where a class member has the right to file a claim for individual relief or a separate lawsuit with respect to individual economic loss or injury from the deprivation of privileges if a class member is denied access to a job or program for which he or she is otherwise qualified on the basis of his or her disability.

Finally, class counsel believe that the 2006 and 2008 stipulations confer upon individual inmates the right to seek damages under the ADA, Rehabilitation Act, and Remedial Plan.

**Position of Defendants:** Defendants state that Mr. Creeden was not in DOC custody on or before August 27, 2003. Therefore, he cannot file a damage claim.

Concerning their position on adjudication of *pro se* requests for relief, Defendants state, in part, as follows:

> 5. Defendants' position regarding inmates in Claimant's situation remains that if an inmate feels the Remedial Plan, or the subsequent Stipulations are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel. Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane. There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance. The Remedial Plan only allows for individual relief as set forth in section XXXII. Claimant is not a *Montez* class member and is entitled to no individual relief under the Remedial Plan. Nothing in any Stipulation of the Parties or in the April 15, 2008 Order changes this.
>
> 6. Notwithstanding the above argument, undersigned counsel acknowledges that the Special Masters have previously found that inmates in Claimant's situation making similar arguments were considered members of the class, but that there was no jurisdiction to rule on their individual *pro se* filings pursuant to the *McNeil* case. As this Claimant will also likely be considered a class member, Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel. (cit. omitted). Claimant's remedy is to consult with class counsel and relate what his concerns are. Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant. Under *McNeil*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel.

6

Defendants believe that *McNeil* is controlling and that no individual class member may seek personal relief. Defendants do not believe that either the 2006 or 2008 stipulations provide any right to seek individual relief and remedies from this Court.

## DISCUSSION

The positions of the parties could not be more diametrically opposed. The interpretation of the Remedial Plan and both stipulations must be left to the assigned District Judges. If *McNeil* controls, then the pending requests for relief for these three individuals, as well as others, must be denied. If the Remedial Plan and stipulations provide that inmates may individually seek relief from the Court, then a process must be established to allow adjudication of those motions.[2]

The Special Masters will need also further guidance as to a subissue. Class counsel have stated clearly and concisely that they do not represent inmates on any claims for personal relief. *McNeil* states that such requests for relief are to be forwarded to class counsel. If *McNeil* is controlling, then the Special Masters will need guidance as to whether such requests should continue to be referred to class counsel.

IT IS RECOMMENDED that the assigned District Judges review this report and recommendation filed by the Special Masters; and

IT IS FURTHER RECOMMENDED that the issue presented concerning individual *pro se* requests for relief be resolved by the assigned District Judges and that guidance be provided to the Special Masters on how the pending and future *pro se* pleadings should be handled.

SIGNED this 16th day of December, 2008.

---

[2] A number of previously filed requests for individual relief were denied pursuant to *McNeil*. If the Court determines that the Special Masters erred in dismissing these requests, then they will be re-opened and adjudicated.

BY THE COURT:

Richard M. Borchers
Special Master

BRUCE D. PRINGLE
Special Master

RICHARD C. DAVIDSON
Special Master

8

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 16th day of December, 2008 to the following:

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203

Mr. Neil F. Creeden
#127412
FLCF
P.O. Box 1000
Ft. Lyon, CO 81038-1000

Mr. Joseph D. Kyger
#13823
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Michael Fleming
#100942
LCF
49030 State Highway 71
Limon, CO 80826

Susan L. Carter

# ATTACHMENT #1

DECEIVED
JUL 9 2008
By JULY 7, 2008

DEAR JUDGE KANE,

MY NAME IS MICHAEL FLEMING. I AM CURRENTLY HOUSED AT THE LIMON CORRECTIONAL FACILITY. I WAS PART OF THE MONTEZ ACTION BUT WAS DENIED BECAUSE I DID NOT MEET THE CUT-OFF DATE. HOWEVER, I AM DISABLED AND I MEET THE CRITERIA FOR MOBILITY IMPAIRMENT.

LIMON IS NOT A HANDICAP FRIENDLY FACILITY. ADMINISTRATION HERE DOES NOT WANT TO COMPLY ON MANY LEVELS. I SUFFER FROM DETACHED QUADDRICEPS ON BOTH KNEES. MY CONDITION HAS PROGRESSIVELY DETERIORATED DUE TO LACK OF PROPER MEDICAL CARE. I HAVE DIFFICULTY STANDING AND I CANNOT ALWAYS DO IT ON COMMAND IF I HAVE BEEN SITTING OR LAYING IN A PRONE POSITION FOR ANY PERIOD OF TIME.

I HAVE RECEIVED TWO WRITE-UPS THAT I SHOULD NOT HAVE RECEIVED. ONE FOR COUNT INTERFERENCE; I COULD NOT STAND FOR A FORMAL COUNT, AND FRAUD; I CLAIMED I WAS DISABLED AND DID NOT HAVE TO STAND FOR COUNT. NO ONE HERE FOR OVER A YEAR MADE ME STAND FOR COUNT. I WAS TOLD I DID NOT HAVE TO STAND BY STAFF MEMBERS HERE WITH THE HIGHEST RANKING BEING A CAPTAIN. C/O CHURCH TOLD ME TO STAND ONE NIGHT AND WHEN I DIDN'T SHE WROTE ME UP. C/O CHURCH HAS NOT ASKED ME TO STAND SINCE THIS INCIDENT.

WHEN THERE IS A FORMAL COUNT I SIT ON MY BUNK WITH MY FEET ON THE FLOOR AS PROSCRIBED IN THE MONTEZ REMEDIAL PLAN. THIS INCIDENT WAS NOTHING MORE THAN HARASSMENT. I WAS CONVICTED OF THE WRITE-UPS AND LOST 20 DAYS EARNED TIME. THE REASON GIVEN WAS THAT MY A.D.A. ACCOMMODATIONS DID NOT SPECIFICALLY STATE THAT I DID NOT HAVE TO STAND. DR. BLOOR, MY CARE GIVER, TOLD ME THAT MY IMMUNITY TO STANDING COUNTS WAS OVERLOOKED. SHE SAID THAT COMMON SENSE SHOULD HAVE RULED THIS MATTER SINCE PEOPLE IN WHEELCHAIRS DO NOT HAVE IT SPECIFICALLY STATED IN THEIR ACCOMMODATIONS EITHER.

MY ACCOMMODATIONS HAVE SINCE BEEN MODIFIED ON MAY 15, 2008, YET I HAVE NOT RECEIVED A COPY OF THE MODIFIED ACCOMMODATIONS. DR. BLOOR SAID THAT SHE WOULD TAKE MY SIDE OF THE ISSUES ON THE APPEAL THAT I FILED BUT NO ONE HAS EVER CONTACTED HER. MY APPEAL WAS DENIED WITH NO FURTHER INVESTIGATION. I HAVE ENCLOSED THE WRITE_UPS AND THE APPEAL. HERE AT LIMON, IF YOU WERE INVOLVED IN THE MONTEZ ISSUES YOU CAN COUNT ON GETTING HARASSED OR DENIED MEDICAL TREATMENT AS A PUNISHMENT. THERE ARE OTHERS HERE THAT THIS IS ALSO HAPPENING TO. IF THERE IS ANYTHING THAT CAN BE DONE ABOUT THE WRITE-UPS OR THE HARASSMENT AND NON-COMPLIANCE HERE AT LIMON, IT WILL BE GREATLY APPRECIATED.

PLEASE RETURN AS THESE ARE
originals. The hum

SINCERELY,

Michael Fleming

**ATTACHMENT #2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

## PLAINTIFFS' RESPONSE TO ORDER OF SPECIAL MASTER RE NEIL F. CREEDEN, #127412

---

Plaintiffs, through class counsel, hereby submit this response to the Order of the Special Master dated July 18, 2008 (the "Order") regarding the letter and motion filed by Mr. Creeden:

1.     Neil Creeden, #127412 is an inmate incarcerated in the Colorado Department of Corrections ("DOC") and is a member of the Montez class of plaintiffs.  Mr. Creeden sent a letter dated June 23, 2008 to the ADA Inmate Coordinator with a copy to the Special Masters. Mr. Creeden's letter raised concerns about the condition of his wheelchair as well as a request for a refund pursuant to the Stipulation entered on April 4, 2008.

2.     The Order requests the position of class counsel on the following issues:

   1.  Is Claimant a member of the class?
   2.  Is Claimant represented by class counsel?
   3.  What jurisdiction, if any, does the Court have concerning the individual
        issues raised in Claimant's letter?
   4.  What remedies, if any, exist under the Remedial Plan for Claimant?
   5.  Does the Stipulation of April 4, 2008 confer upon Claimant any individual

rights?

    6. Does the Stipulation of April 4, 2008 confer upon Claimant the right to seek any remedies on his own behalf?

## I.  IS CLAIMANT A MEMBER OF THE CLASS?

3.        Mr. Creeden has a mobility disability that requires the use of a wheel chair, he is therefore undeniably a member of the Montez class.  Whether Mr. Creeden is eligible to participate in the damage claim process proscribed by the Montez Remedial Plan has no bearing upon whether he is a member of the class.

## II.  IS CLAIMANT REPRESENTED BY CLASS COUNSEL?

4.        As a member of the Montez class, Mr. Creeden is represented by counsel for the class on issues involving systemic discrimination and general non-compliance with the Montez Remedial Plan.

5.        Class counsel does not represent Montez claimants on their individual damage claims or for individual damages sustained as a result of DOC's continued non-compliance with the Montez Remedial Plan.  As such, Mr. Creeden is not represented by class counsel on his individual claim for relief and/or damages and is therefore not prevented by the Tenth Circuit's holding in *McNeil v. Guthrie* to file *pro se* pleadings with the Court.  *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir. 1991).

## III.  WHAT JURISDICTION DOES THE COURT HAVE CONCERNING THE INDIVIDUAL ISSUES RAISED IN CLAIMANT'S LETTER?

6.        After the Court heard argument regarding the continued filing of *pro se* claims by inmates during the March 25, 2008 Compliance Hearing, the Court entered an Order

2

Expanding the Duties of the Special Masters on April 15, 2008 (the "Expansion Order") with

respect to individual claims for damages. The Expansion Order states:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce
> D. Pringle and Richard C. Davidson is expanded pursuant to
> Fed.R.Civ.P. 53 to include referral of *pro se* pleadings and
> correspondence filed by individual inmates or claimants, and the
> Special Masters shall review the pleadings and correspondence and
> issue appropriate rulings on those documents...

7.        The Special Masters have jurisdiction to adjudicate matters arising from or related

to an individual claimant's damage claim filed pursuant to the Montez Remedial Plan. If a claim

for damages is not addressed by the damage claim process because the Claimant was not

disabled or in DOC before August 27, 2003, or due to the cut-off date for filing claims, the

Special Masters have jurisdiction to issue rulings on *pro se* pleadings and correspondence

pursuant to the Expansion Order for violations of individual rights under the Remedial Plan.

## IV.    WHAT REMEDIES EXIST UNDER THE REMEDIAL PLAN FOR CLAIMANT?

8.        When the Remedial Plan was entered in 2003, DOC stipulated to liability for

damages arising from violations of the Americans with Disabilities Act ("ADA") and the

Rehabilitation Act.   Accordingly, in addition to seeking relief through the ADA grievance

process designated by the Remedial Plan, Montez class members, including Mr. Creeden, are

entitled to the remedies available under the ADA and the Rehabilitation Act.

9.        Class Members cannot ask for injunctive relief on issues related to DOC

compliance with the Remedial Plan because that is a function of Class counsel's representation

of the class. Class Members may, however, seek relief from the Court for damages, including,

3

but not limited to, economic loss and deprivation of privileges incurred as a result of DOC's non-compliance with the Remedial Plan.

10.         Class Members may seek remedies other than those involving systemic discrimination being address by the compliance and monitoring periods of this case.  For instance, if a class member was injured by DOC's failure to comply with an architectural standard required by the ADA, that class member has the right to file a claim for individual relief or a lawsuit in federal court as jurisdiction with respect to architectural issues ended.[1]   Another example where a class member has the right to file a claim for individual relief or a separate lawsuit with respect to individual economic loss or injury from the deprivation of privileges is if a class member is denied access to a job or program for which he or she was otherwise qualified on the basis of his or her disability.

11.         Pursuant to the Expansion Order, the Special Masters have jurisdiction to adjudicate these types of and other *pro se* claims for violations of individual rights under the Remedial Plan.

## V.     DOES THE STIPULATION OF APRIL 4, 2008 CONFER UPON CLAIMANT ANY INDIVIDUAL RIGHTS?

12.         The Stipulations that have been agreed upon by the parties and entered by the Court supplement the original Remedial Plan.

13.         The Stipulation of April 4, 2008 and any previous or future Stipulations agreed upon by the parties confer to claimants, including Mr. Creeden, the same individual rights

---

[1] The parties stipulated to compliance with respect to architectural issues in April of 2006.

4

available under the Remedial Plan, the ADA and the Rehabilitation Act, discussed in detail

above in section IV.

## VI.    DOES THE STIPULATION OF APRIL 4, 2008 CONFER UPON CLAIMANT THE RIGHT TO SEEK ANY REMEDIES ON HIS OWN BEHALF?

14.        The Stipulation of April 4, 2008 and any previous or future Stipulations agreed

upon by the parties confer to claimants, including Mr. Creeden, the same individual remedies for

damages available under the Remedial Plan, the ADA and the Rehabilitation Act, discussed in

detail above in section IV.


Respectfully submitted this 24th day of October, 2008.


KING & GREISEN, LLP


/s/ Jennifer W. Riddle
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson & Rosenbaum
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 24th day of October, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER OF THE SPECIAL MASTER RE NEIL F. CREEDEN with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us


/s/ Gail Walker

# ATTACHMENT #3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-EWN-OES (Consolidated for all purposes with Civil
Action No. 96-cv-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number C-011
Category: C
Claimant: Neil F. Creeden, #127412
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## RESPONSE TO CLAIMANT'S JUNE 23, 2008 LETTER

Defendants, through the Colorado Attorney General, respectfully submit the
following Response to Claimant's June 23, 2008 letter.

1.    As noted in the July 18, 2008 Order of the Special Master, Claimant
was not in DOC custody on or before August 27, 2003 and is not eligible to file a
damage claim pursuant to Paragraph XXXII of the Remedial Plan.

2.    Nonetheless, Claimant sent a letter to Cathie Holst, dated June 23,
2008, and copied the letter to the Court.

3.    In this letter he references the Stipulation of the Parties ("Stipulation")
approved on April 4, 2008. He references the Stipulation in regard to item number 9
of the Stipulation and made various complaints regarding his wheelchair.

1

4.  The Special Master interpreted Claimant's letter as a request for personal relief regarding the Stipulation, which poses the question, among other questions, of whether an inmate in Claimant's situation may seek individual relief pursuant to the provisions of the Stipulation.

5.  Defendants' position regarding inmates in Claimant's situation remains that if an inmate feels the Remedial Plan, or the subsequent Stipulations are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel. Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane. There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance. The Remedial Plan only allows for individual relief as set forth in section XXXII. Claimant is not a *Montez* class member and is entitled to no individual relief under the Remedial Plan. Nothing in the any Stipulation of the Parties or in the April 15, 2008 Order changes this.

6.  Notwithstanding the above argument, undersigned counsel acknowledges that the Special Masters have previously found that inmates in Claimant's situation making similar arguments were considered members of the class, but that there was no jurisdiction to rule on their individual *pro se* filings pursuant to the *McNeil* case. As this Claimant will also likely be considered a class member, Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant's

2

remedy is to consult with class counsel and relate what his concerns are. Class

counsel will then have to make a professional decision as to the relief that should be

sought for Claimant. Under *McNeil*, Claimant may file a separate action only to seek

intervention in the present case or to challenge the adequacy of representation by

class counsel. *Id.* at 1166.

WHEREFORE, Defendants respectfully request that the requests made in

Claimant's June 23, 2008 letter be denied, for the reasons set forth above and that if

he is considered a class member his letter be forwarded to counsel for the class for

any such action as may be deemed appropriate.

Respectfully submitted this 23rd day of October, 2008.

JOHN W. SUTHERS
Attorney General

*/s/ Willow I. Arnold*
WILLOW I. ARNOLD
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Corrections Unit
Attorney for Defendants
1525 Sherman St., 4th Floor
Denver, CO  80203
(303) 866-5495
(303) 866-5443 fax

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the following **RESPONSE TO CLAIMANT'S JUNE 23, 2008 LETTER** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 23rd day of October, 2008 addressed as follows:

Neil F. Creeden, #127412
FLCF, P.O. Box 1000
Ft. Lyon, CO 81038-1000

*Courtesy Copy To:*

Cathie Holst

      /s/   *Willow I. Arnold*
            Willow I. Arnold