ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.92-N-870(OES)(Consolidated for all purposes with Action No.96-N-343)

JESSE MONTEZ, et al,
Plaintiff

-vs-

BILL OWENS, et al.
Defndants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2008

GREGORY C. LANGHAM
CLERK

---

Claim number X-267
Category:Untimely Filed Claim
Claimant:Gerald Hammond #138938
Address of Claimant:BCCF,11560 CR FF-75,Las Animas,Co.81054-9573

---

**PETITIONER-CLAIMMANTS OBJECTION TO MAGISTRATE'S ORDER OF DISMISSAL**

---

The Petitioner-Claimant,**Gerald Hammond** submits the following in support of the Objection to the Magistrate's Order of Dismissal:

1.On May 8,2008, Mr.Hammond submitted a claim form pursuant to the Remedial Plan of the Montez Settlement Agreement (92-N-870 and 96-N-343).

2.On July 16,2008,Special Master,Judge Richard M. Borchers dismissed Mr.Hammond's claim[s] as being barred due to the date of Mr.Hammond's incarceration.(See Attachment A Borchers Order)

3.Mr.Hammond asserts that pursuant to the provisions of the Montez Remedial Plan,both persons already in the custody of the Dept. of Corr. and those persons yet to begin a period of incarceration, are entitled as a matter of law to sufficient medical care and treatment relevant to their condition and/or

disability, (SEE SECTION III.DEFINITIONS;SUB SECTION A. COVERED DISABILITIES;SUB SECTION B.QUALIFIED INMATE; C.PERMANENT DISABILITY/IMPAIRMENT)

A.The persons by this plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.

B.Inmate with a [PERMANENT PHYSICAL DISABILITY/IMPAIRMENT] which substantially limits his or her ability to perform a major life activity.

C.A condition which is not expected to improve within six months,which is directly related to,and consistent with the provisions of the ADA.(42 U.S.C.A. §12101 et seq.)

4.Pursuant to the ADA 42 U.S.C.A. §12101 et seq., the following afflictions constitute disabilities or explain the format used in determining disabilities.

    a.Mobility Impaired (GUN SHOT WOUNDS) I was a victim of very heinous,violent crime and I now suffer from limited movement of my left arm as a result of this.

    b.Hearing Impaired  (GUN SHOT WOUNDS) One of the bulletsexited my neck and entered left ear drum as a result of this I lost hearing in my left ear.

    c.Vision Impaired   (GUN SHOT WOUNDS) Due to loss of consciousness claimant experienced loss of oxygen to brain which resulted into being (TRAMATIC BRAIN INJURY) which has caused blurred vision,slurred speach,short,mid,and long term memory loss,it has become extremely difficult to focus and concentrate when reading and just doing everyday normal things.

5.Mr.Hammond's medical condition[s] consist of the following:

    a.Medical appointment with Nurse Practioner (Ms. Kim Collymore) confirmed that I have serious problems with my lower back and that I do qualify and meet the criteria to

be put in the lower tier/bunk restrictions. This appointment was on December 19,2008, @ 9:30 a.m.

b.Claimant has severe headachs,blurred vision, slurred speach, serious memory problems due to bullet still being lodged in my head. Problems walking from stab wound in calf, knee and elbow joint pain, extreme BPH symtoms,tramatic brain injury. (SEE ATTACHMENT B)

6.As stated in [instructions for filing of initial claim form] " You are a member of the Montez class action if you have a substantial and permanent mobility, vision, or hearing disability, or have dibetes, and your disability substantially limits your ability to perform a major life activity.

A mojor life activity would include, but is not limited to, walking,hearing,or working.

Your disability or impairment must be <u>permanent</u> which is defined in the Settlement Agreement approved by the United States District of Colorado as "[a] condition which is not expected to im prove within six months."

SEE: UNITED STATES V. GEORGIA, 546 U. S._____(2006).

I A Title II of the ADA provides that " no qualified individuals with a disability shall, by reason of such disability, be excluded from participation in of be denied the benefits of the services, programs, or activities of a public entity, or be subjected todiscrimination by any entity. "§12132(2000 ed.)

A "'qualified individual with a disability " is defined as " an individual with a disability who with or without reasonable modifications to rules, policies, or practicies, the removal of architectural communications, or transportation barriers, or the provisions of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a

public entity. " § 12131(2).

The Act defines "'public entity'" to include " any State or local goverment" and "any department,agency,...or other instrumentality of State, " §12131(1).

Rehabilitation Act of 1973: American Disability Act of 1990.

42 U.S.C.A. §12101; Definitions-42 U.S.C.A. §12101(2)disability

The term "disability" means with respect to an individual--

(A) a physical or mental impairment that substatially limits one or more the major life activities of such individual;

(B) A record of such impairment; or

(C) Being regarded as having such an impairment.

What constitutes substantial limitation on major life activity of working for purposes of ADA: 42 U.S.C.A. § 12213

When an individual is regarded as having, or preceived to have, impairment within meaning of ADA: 42 U.S.C.A. §12102(2)

SEE:STILL V. FREEPORT-McMORAN,INC., 120 F. SUPP.2d 1238,204 F3d 1112, 209 F3d 726; THOMAS V. CITY OF LOS ANGELES, 978 F2d 504, 507 (9TH CIR 1993); CROWDER V.KITAGAWA, 81 F3d 1480,1484 (9TH CIR 1996).

7.Wherefore, based upon the foregoing facts,arguements and authorities, Mr.Hammond has met the burden of showing that his medical disabilities fall squarely within the four-corners of the Montez Remedial Plan and that his treatment of these disabilities must comport with the provisions of the Montez Remedial Plan.

RESPECTFULLY SUBMITTED,

DECLARATION OF SERVICE

I,Gerald Hammond hereby declare under penalty of perjury pursuant to § 18-8-501 et seq.,C.R.S., that I have mailed one copy of the foregoing Petitioner-Claimant Objection to Magistrate's Order of Dismissal by one copy in the BCCF Prison Legal Mail System with first class prepaid postage to the address below on this 15TH DAY OF DECEMBER,2008.

UNITED STATES DISTRICT COURT
901 19TH STREET
ROOM A105
DENVER,COLORADO,80294

* PLEASE SEND ME COPY OF U.S DISTRICT CIVIL RULES PLEASE

THANK YOU

GZH

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

Plaintiffs,

-vs.-

BILL OWENS, et al.

Defendants.

---

Claim Number X-267
Category: Untimely Filed Claim
Claimant: Gerald Hammond, #138938
Address of Claimant: BCCF, 11560 CR FF75, Las Animas, CO 81054-9573

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER came before the Special Master on the claim of Gerald Hammond. In the claim form, Claimant stated that he came into DOC custody on November 9, 2007. Since it appeared that there may be a lack of jurisdiction over the claim, a show cause order was issued to Claimant. Claimant has filed a response to the show cause order.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

According to the claim form, Claimant came into DOC custody on November 9, 2007. The DOC Inmate Locator reflects that he was sentenced in Denver County on November 7, 2007. Claimant could not have entered into DOC custody prior to his first Colorado felony conviction.

In his response to the show cause order, Claimant indicates why he believes that he is

ATTACHMENT A

disabled. Accepting as true everything Claimant has set forth, he probably is disabled at the present time. The problem is that the claim process set forth in the Remedial Plan applies only to individuals who were in DOC custody on or before August 27, 2003. Claimant came into DOC custody for the first time in November 2007. The Special Masters have no jurisdiction over this claim. Claimant may file his own separate lawsuit, but he may not pursue his claim.

IT IS HEREBY ORDERED that the claim of Gerald Hammond is dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 15, 2008.**

SIGNED this 16th day of July, 2007.

BY THE COURT:

Richard M. Borchers
Special Master

Gerald Hammond 138938
11/14/07

ATTACHMENT B

Ditropan

**BPH Symptom Score** Benign Prostatic Hypertrophy

For each question, circle the answer that best describes your situation. Add the circled numbers together to get your total score. See the key at the bottom of this form to determine the overall rating of your symptoms.

| | Not at all | Less than one in five times | Less than half of the time | About half of the time | More than half of the time | Almost always |
|---|---|---|---|---|---|---|
| 1. In the past month, how often have you had a sensation of not emptying your bladder completely after you finished voiding? | 0 | 1 | 2 | 3 | 4 (circled) | 5 |
| 2. In the past month, how often have you had to urinate again less than 2 hours after you finished urinating before? | 0 | 1 | 2 | 3 | 4 | 5 (circled) |
| 3. In the past month, how often have you found you stopped and started again several times when you urinated? | 0 | 1 | 2 | 3 (circled) | 4 | 5 |
| 4. In the past month, how often have you found it difficult to postpone urination? | 0 | 1 | 2 (circled) | 3 | 4 | 5 |
| 5. In the past month, how often have you had a weak urinary stream? | 0 | 1 | 2 (circled) | 3 | 4 | 5 |
| 6. In the past month, how often have you had to push or strain to begin urination? | 0 | 1 (circled) | 2 | 3 | 4 | 5 |
| 7. In the past month, how many times did you typically get up to urinate from the time you went to bed until you arose in the morning? | 0 (none) | 1 (one time) | 2 (two times) | 3 (three times) (circled) | 4 (four times) | 5 (five or more times) |

Total: 20

SCORING KEY: 0 to 7 = mild; 8 to 19 = moderate; 20 or more = severe.

FIGURE 1. Scoring system developed by the American Urological Association to evaluate the severity of urinary symptoms. (BPH = benign prostatic hyperplasia)

*Adapted with permission from Barry MJ, Fowler FJ Jr, O'Leary MP, Bruskewitz RC, Holtgrewe HL, Mebust WK, et al. The American Urological Association symptom index for benign prostatic hyperplasia. The Measurement Committee of the American Urological Association. J Urol 1992;148:1549-57.*

ATTACHMENT B

Patient: 138938 Hammond,G

09NOV2007 09:23

BULLET FRAGMENT

Note: