IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number X-287
Category: Untimely Filed Claim
Claimant: Scott E. Jennings, #127426
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

    THIS MATTER comes before the Special Master on the claim of Scott E. Jennings. Claimant has alleged in his claim that he is mobility impaired, vision impaired, and hearing impaired.

    Claimant acknowledges that he was received into a DOC facility in July 2005. He argues that he was in custody prior to that time because he was in community corrections. He alleges that he was in DOC custody while in community corrections, as he was subject to the Code of Penal Discipline and other DOC rules and regulations. Defendants were directed to file a response to this issue. That response has now been received.

    Claimant states in his pleadings that he was sentenced directly to a community corrections program by the District Court in Boulder County. As Defendants correctly note, community corrections programs are operated by local governments or private entities. *C.R.S. §17-27-104*. Individuals are referred to community corrections programs by the sentencing court as either a direct sentence or as a condition of probation. An individual serving a DOC sentence may be referred to a community corrections program as part of a transition back to the community or parole.

    In this case, Claimant was sentenced directly to the community corrections program by the court. He was not in DOC custody while in community corrections. When the Remedial Plan was approved, it provided in Paragraph XXXII for the damage claim process which allowed claimants to request damages. Damages could be awarded only if a claimant was in DOC custody on or before

August 27, 2003 and the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. The Remedial Plan does not provide any basis for a claim that arose in a community corrections program, where that placement was made directly by a court.

Claimant may pursue a separate lawsuit against the community corrections program. He may not pursue his claim, as he came into DOC custody after August 27, 2003.

IT IS HEREBY ORDERED that the claim of Claimant is denied, as Claimant came into custody of DOC after August 23, 2003 and the Special Master has no jurisdiction over the claim; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 2, 2009.**

SIGNED this 19th day of December, 2008.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master