| Court Address: | FILED |
|---|---|
| US DISTRICE COURT  901-19 ths street, Denver, Co 80239 | UNITED STATES DISTRICT COURT DENVER, COLORADO  JAN 0 9 2009  GREGORY C. LANGHAM CLERK |
| Plaintiff,  JESSE MONTEZ, ET AL  v.  BILL OWENS, ET AL  Defendant(s). | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):  Jill Coit , 86530 claim no 03-129  P.O.Box 392005 Denver, Co 80239 | Case No.: 92N 870 and 96 N 343  Div/Ctrm: |

**MOTION TO MAKE DWCF/CDOC COMPLY WITH JUDGE PRINGLES ORDER TO MAKE MONTEZ HEARING TAPES AVAILABLE WITH ACCOMMODATIONS FOR MEDICAL HANDICAPPED ISSUES**

1. Comes Now, Jill Coit member of Montez see page 5 of Special Master Final Order. Coit had a 3 day Montez hearing in October/November 2005 at which time Judge Pringle ordered that Coit be given disk of hearing so she could file objections and expand on issues not covered under Montez disabilities. Denver Women's Correctional Facility allowed Coit to sign for 10 disk from Court in legal mail log. When Coit requested disk player and computer access to hear and transcribe said disk, DWCF under Cathie Holst ordered that disk be confiscated. Holst said Court could send Coit anything it wanted but that she did not have to let her have it nor was she obligated to provide means to hear or transcribe disks. (april 2006)

2. Coit continued from 2006 to present-2008 asking for access to Court issued disks of hearing so she could file as Judge Pringle suggested/ordered if she had objections to his response to original ruling. Once in 2006 Coit was allowed to hear one disk (disk 9) for 1 hour when she was at work in the computer lab with the Voice activated computer program. Never has she been allowed to use the computer and voice activated program again. Coit has a medical permit slip authorizing her to use voice activated computer program from both CDOC/DWCF doctor and specialist. Coit has been ordered not to type or write by dWCF medical Doctor, Dr.Martinez due to hand/wrist mobility issues. Yet Cathie Holst refuses to acknowlede hand mobility on ADA accomodation. Holst claims Montez gave her the last word that CDOC medical is just suggestions for Montez and ADA accomodationss.

3. Per Final Order of Special Master, Judge Pringle wrote on page 5, "The Special Master finds and concludes that Claimant is a disabled individual who is a member of the class. Claimant has a permanent physical mobility impairment that substantially limits the major life activities of walking, owrking and perhaps performing manual tasks."

1 of 12

4. Coit's time to respond should not begin until she is either given written copy of hearing or access to transcribe and hear tapes.

5. Per Montez Remedial Plan page 22,XVII Library Equipment, Electonic equipment , such as audio equipment, tape recorders and <u>computers</u> will be available for use and when approprite, to be checked out,in the general library and other areas where appropriate for use by inmates with disabilities." exhibit 3

6. Coit filed grievances on not being allowed computer use per Montez Remedial Plan and Holst responded with "no inmate would be allowed to check out computers and that Coit was <u>not</u> mobility impaired." Coit was diagnosed with DeQuaeran disease in 1999 by Denver Health Orthopedic Specialist. Coit presented this diagnosis in the Montez Hearing and Judge Pringle ruled on said mobility disability yet Holst continues to say Coit is <u>not</u> part of Montez and does not have Mobility or hand mobility disability. See exhibits at back of motion.

~~Wherefore Coit request that this court order DWCF to make available~~

7. After Coit filing approximately 10 request for access to disk over the last two years, Coit received a letter from Legal assistant 1 on September 11,2008. Stating,"This letter is to notify you that the law Library is in receipt of cds regarding Montezclaim 03-129. To listen to them, submit a "Request for Legal Assistance' form and you will be scheduled for access to the law library. If you are housed in segregation submit a "request for Legal Assistance' form and the records will be brought to you for vewing. Records are to be returned to the court upon completion uless and earlier date is designated." exhibit 2

8. Upon receiving this notice Coit scheduled a law library appointment and was scheduled approximately two weeks later. Coit checked out disk player which has one ear bud and tried to listen to disk. Coit due to hearing impairment, her hearing aids have been broken for approximately10 months can not hear the disk. Coit was informed the disk player is just a cheap model and can not go any higher in volume . If Coit was not hearing impaired this might have worked but that still does not solve the problem of being able to transcribe the disk.The whole purpose of issuing Coit the disk was so she could use the material for getting her disability needs met and so that she could file a response to the Montez disabilities. It has now been 33 months-that is two years and 9 months since Judge Pringle sent Coit the disk and she still does not have access to hear or <u>transcribe</u> the hearing.

<u>Wherefore</u> Coit request that this court order CDOC/Denver Women's Correctiona Facioity to make the disk available for Coit to hear <u>and</u> transcribe said disk. This can easily be accomplished by allowing Coit access to a computer in the computer lab where she can hear the disk and use the voice activated <u>program to transcribe</u> the parts of the disk she needs.

Coit has no idea where the disk have been or who had access to them since they were taken from her in the first half of 2006.

If DWCF does not wish to provide means of Coit transcribing and hearing disk they can provide her with <u>written transcription</u> of hearing.

Coit is visually impaired, has total loss  in left eye & right eye 35 to40%.

Respectfully submitted,

Jill Coit  86530     1-6-09

A. Coit was not allowed to write on the legal law library log that she could not hear the disks.

B. Coit can not see typewrite size print, typed by TH for Coit.

Coit is totally blind in the  left eye and lost 35 to40 % vision in right eye.

Exhibits

1. Final Order Special Master- permanent physical mobility impairment
2. September 5, 2008 Letter Court -produced Autio CD's-Montez hearing disks sent to Coit by Judge Pringle.
3. page 22 MOntez Remedical Plan XVII Library Equipment-computers will be available for use and when appropriate to be checked out...
4. Orthotic Patients Notes 6-12-08 " would use speech recognizing program for typing instead of herhands on keyboard,...
5. DWCF Medical record 6-27-08 Pt should not type or write except for signing.
6. Medical reocrd-DWCF- 6-27-06 "ok for her to use computer-voice activiated program due tohand deformity and arthritis."
7. Medical Record 4-25-08- "61 y/o female with persistent thumb and wrist pain, x-rays, osteoarthritis, on examination motor 3/5 unable to grasp fully due to wrist andthumb pain, suspect chronic tendon sprain s/p injury-thumbs pulled back during an assault-works in graphic art design in prison and affects her work. Hurts to write.
8. Medical record 4-25-06 ".. whose chronic carpal tunnel syndrome and probabe basilar joint arthritis renders her R (dominate) hand very limited functionally.
9. Denver Health dated 9-3-99 "Dequsavan's synosits"


more medical records sent upon asking.


JC/th

3

*Final Order of Special Master*

18. Claimant requested that she be moved out of her handicapped cell at DWCF because it did not have sufficient light. She was moved to a non-handicapped cell that provided more light. *Then moved back to handicapped cell with no light (call it so)*

## III. CONCLUSIONS OF LAW

1. The legal standards applicable to this claim are derived from three sources: (a) the Remedial Plan; (b) the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; and (c) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*.

2. The first issue before the Special Master is whether Claimant is a disabled individual who is a member of the class. Under the Rehabilitation Act and the ADA, the term "disability" means "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 U.S.C. 29 U.S.C. § 794(d); 29 U.S.C. § 705(9)(B). The term "substantially limits" refers to disabilities that make an individual unable to perform a major life activity that the average person in the general population can perform; or that significantly restricts an individual as to the condition, manner or duration under which he or she can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. 29 C.F.R. § 1630.2(j)(1). "Major life activities" include functions "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(h)(2)(i).

The Remedial Plan limits the class of persons who might otherwise have a disability under the Rehabilitation Act and the ADA to those with mobility, hearing, vision disabilities, and those with disabilities due to diabetes. *Remedial Plan* ¶ III(A). Additionally, the Remedial Plan limits participation to inmates with permanent physical disabilities/impairments. *Remedial Plan* ¶ III(B). A permanent disability/impairment is a condition which is not expected to improve within six months. *Remedial Plan* ¶ III(C).

Based on the criteria established by the Rehabilitation Act, the ADA, and the Remedial Plan, a claimant is a disabled individual who is a member of the class if, while an inmate in a facility under the control of the DOC, he or she (a) had a permanent physical mobility, hearing, or vision impairment or was a diabetic; and (b) this condition substantially limited one or more of his or her major life activities.

The Special Master finds and concludes that Claimant is a disabled individual who is a member of the class. Claimant has a permanent physical mobility impairment that substantially limits the major life activities of walking, working and perhaps performing manual tasks.

The Special Master finds and concludes that Claimant has not sustained her claim that she has a vision disability within the meaning of the ADA and/or the Remedial Plan.

4

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

DENVER COMPLEX
P.O. Box 392005
DENVER, Colorado 80239-8005
Phone (303) 307-2500



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

# MEMORANDUM

**DATE:** September 5, 2008

**TO:** Offender Coit, Jill, DOC #86530

**FROM:** M. Storer
Legal Assistant I

**SUBJECT:** Court-Produced Audio CDs

This letter is to notify you that the Law Library is in receipt of cds regarding Montez claim 03-129. To listen to them, submit a "Request for Legal Assistance" form and you will be scheduled for access into the law library. If you are housed in segregation, submit a "Request for Legal Assistance" form and the records will be brought to you for viewing.

Records are to be returned to the court upon completion unless an earlier date is designated.

G.  MAINTENANCE OF ACCESSIBLE FEATURES AND EQUIPMENT

The DOC has a duty to maintain structural features and equipment in operable working conditions in order to make the prison system's services, programs, and activities accessible to disabled inmates. Isolated or temporary interruptions in service or access due to maintenance or repairs are not prohibited, as long as the facility is taking prompt action to correct the deficiency.

## XVII. LIBRARY EQUIPMENT



Electronic equipment, such as audio equipment, tape recorders, and computers will be available for use and when appropriate, to be checked out, in the general library and other areas where appropriate, for use by inmates with disabilities. Each facility will be responsible for training staff and inmates with disabilities, in the proper use of the equipment. Each facility shall provide a list of such equipment available to inmates with disabilities to the AIC and submit a protocol for the use of this equipment to be approved by the AIC. There will be a protocol, approved by the AIC that will be used for each facility. The librarians shall maintain a list of resources regarding available accommodations which can be provided, such as books-on-tape and inter-library loan programs.

## XVIII. INSTITUTION PROCEDURES

A.  ORIENTATION AT PLACEMENT FACILITY

When an inmate with a disability initially arrives at a new facility, the case manager assigned to the inmate shall ensure that during the orientation process, the inmate is provided relevant information regarding the accommodations and/or assistive devices that will be made available to that inmate to accommodate his/her needs. The inmate shall also be informed of the availability of the AIC for assistance with programs, services or benefits at DOC and of the ADA Grievance Process. The information shall be provided in a format that is accessible to the inmate.

B.  NOTICES, ANNOUNCEMENTS, AND ALARMS

1. Written and/or Recorded Materials

Each designated facility shall ensure that the printed materials that are distributed to inmates are accessible to inmates with disabilities. Accommodations such as large print, computer assisted devices, audio tapes, and Braille will be made available on a case by case basis. When such assistive devices are not adequate to communicate with the inmate, then it is the responsibility of the inmate's case manager to ensure that the inmate is aware of the distributed material. Each facility will adopt an Implementation/Adjustments (I/A) or an Operational Memorandum (O/M) that identifies a position that will be responsible for providing the assistance and equipment necessary to all inmates with disabilities to ensure that inmates who have

22

EXHIBIT 3

6

# ORTHOTIC PATIENT NOTES

**Patient Name:** Jill Coit  
**Orthotic Device:** (B) WHFO  
**Diagnosis:** Carpal tunnel syndrome  
**Physician:** Dr. Martinez-Hochbe  
**Occupation:** —  
**Hobbies/Interest:** —  
**Height:** 5'6"  **Weight:** 152 lbs  **Age:** 63 yo  

**Date:** 6/12-08  
**Side:** Wrists  
**Language:** English  

## SUBJECTIVE
Patient states the goal is " fitting and delivery of (B) WHFOs and 1/2" internal shoelift (L) leg.

## OBJECTIVE
1. Where was the patient seen: office
2. How did the patient arrive: with cane
3. Who accompanied the patient: guards
4. Skin status: Intact  *Compromised* (what and where) (R) wrist swollen
5. ROM and muscle strength: —
6. Brief medical history including complicating factors in addition to diagnosis: —
7. Main purpose of this visit: Fitting and delivery of her (B) WHFOs. She received Thermal RX-D-ring WHFO size SMALL, (R) x 1 ea and (L) x 1 ea.
8. Extend of service provided during THIS visit: 1/2" internal shoelift installed in (L) shoe to compensate leg length discrepancy. The expected 1 1/2" needed lift do not fit in her shoes. Pt in process to try to get orthopedic shoes that the 1 1/2" lift could be installed.
9. List appropriate verbal or written instructions given to the patient / care giver:
10. Did the patient / care giver understand the instructions: **YES**  NO

## ASSESSMENT
The patient assessment: Pt advised to wear her WHFOs as much as she needs to. I recommend that she continues heat packs to her wrists and would use speech recognizing program for typing instead of her hands on keyboard. This was documented in her facility file.

## PLAN
1. Is follow-up appointment scheduled: YES **NO**
2. Date for next appointment: as needed
3. Adjustment completed: **YES**  NO  The patient instructed to contact office if additional service is required.
4. Delivery completed: **YES**  NO  The patient instructed to contact office if additional service is required.

**Practitioner Signature** Caitn Baumn CP  **Date** 6/12-08

EXHIBIT



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States
Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

This is the best quality copy of the following document.

Clerks Office
United States District Court

## DEPARTMENT OF CORRECTION
## AMBULATORY HEALTH RECORD

FOLLOW-UP
Page 1 of 1

ed By: MARTINEZ-HOCHBERG, YVETTE M
Printed at: 06/27/2008 09:01:56
Encounter#: 1705181 @ DW

| 86530 | COIT, JILL | Facility: DW | LU: DW/UNIT2 | 1 | D | 126 | L |

**SUBJECTIVE**

Active Medication(s): ASPIRIN CHEWABLE - 81MG - ONE TABLET DAILY; CELEBREX - 100 MG - TWO CAPSULES DAILY ***NON-FORM EXP: 10/7/08***; CHLOR TRIMETON 4MG - ONE TABLET TWICE DAILY AS NEEDED; FOSAMAX - 70 MG - ONE TABLET WEEKY--FOLLOW DIRECTIONS; LIORESAL - 10 MG - ONE TABLET TWICE DAILY PRN FOR HIP PAIN; OYST-CAL-D - 500MG/200 IU ONE TABLET DAILY EXCEPT DAYS WHEN TAKING FOSAMAX; PREMARIN VAG CR - .625MG/GM - VAGINALLY 1/2 APP FULL 2 X WEEKLY FOR VAG ATROHPY.; SINEQUAN - 25 MG - ONE CAPSULE AT BEDTIME; ZOCOR - 10MG - ONE TABLET DAILY; ZOMIG ZMT - 2.5 MG - 2.5MG AT ONSET, MAY REPEAT IN 2 HR IF NEEDED MAX DOSE 10MG/DAY-30MG/MO

me referral fro replacement of leg brace.
t w/ referral to urology pending
t w/ ophthomolgy pending

ack problem persists-awaiting medical shoes
rtho appt

een by podiatry -was seen interim by ortho and will see odiatry back

ands-needs separate ortho eval for this
t declines injection-did in past w/o help- mid 1990's  wears ilateral spica splints and wrist hurt all the time, removes races only when eats. but wears them all other times ght > left pain

**OBJECTIVE**

sk base of right and left thumbs tender on palpation, base of ght thumb with edema today, unable to do thumb to finger uch right > left, unable to close or make fist completely , exion wrist 35 degrees and extension 45 degrees, left 45 egrees flexion and extension, pulses 4/4, right forearm rophy vs left, sensory intact

**ASSESSMENT**

9.7 - HEMATURIA
7.75 - D/O VISL CORTX W/CORTICAL BLINDNESS
9.6 - INJURY OTHER&UNSPECIFIED HIP&THIGH
7.00 - 727.00 - UNSPECIFIED
NOVITIS&TENOSYNOVITIS - H/O OF
EQUERVAN'S-feel condition is worsened due to prolonged mobility in splints
214 - OFFICE/OUTPATIENT VISIT, EST

EXHIBIT _____

Temperature: 98.3   Pulse: 85   Weight:
Respiratory: 20   BP: __ / 60
Vitals Taken: PULSE OXSYM=96.00;

**PLANS / ORDERS**

Allergies: PENICILLIN G

ortho referral

bilateral hand, thumb x-ray 6/30/08

await urology appt

u appt fro CCC hands and lipids

recommend rom exercises for hands under warm water bid to decrease problems due to chronic braces and decreased mobility issues of wrists

recommend no typing or writing

Outside Consultation#: 102520 - Level: 1 MONTH - Request: ORTHOPEDIC - Location: DENVER HEALTH

Medical Housing Restrictions: Added: OTHR EQUIP - pt should not type or write except for signing;

Datetime: 06/27/2008 08:27   Providers: MARTINEZ-HOCHBE, YVETT

/NP/RD _____
atetime: 06/27/2008 08:27
PHYSICIAN _____
Provider: MARTINEZ-HOCHBE, YVETTE
NURSE _____
DateTime _____

| 86530 | COIT, JILL | | Facility: DW   LU: DW/UNIT2 | 1 | D | 126 | L |

Encounter#: 1224860 @ DW

**SUBJECTIVE**

Active Medication(s): ASA ENTERIC - 325 MG; DIPROSONE CR-45GM - 0.05%; LIORESAL - 10 MG; MEVACOR - 20 MG; ZOMIG - 2.5 MG

Temperature:   Pulse:   Weight:
Respiratory:   BP:     /

**PLANS / ORDERS**

Allergies: PENICILLIN G

Please exchange state issue green shirt for new shirts due to wear and tear of old green shirt. (the old one has a significant rip in it).

**OBJECTIVE**

Jill was here for several items.
1. Had injured her back on Sundsy--she slipped on floor. Has a bruise on her lower back and she is concerned that she broke a rib.
She has right shoulder pain and is unable to lift her right arm to perfomr her daily activities. She has provided me with her MRI report documenting the right shoulder injury. Will obtain an orthopedic consult.
Also concerned about her right hand (history of arthritis). Unable to wirtie with rht right hand. Today her right thumb joint is swollen and she complains of pain is present all the time.

Ok given for shower shoes and bre extension.

Self purchase for above items.

Back X-RAY at DRDC (post fall)

ok for her to use computer-voice activiated program due to hand deformity and arthriis.

**ASSESSMENT**

V68.89 -- ENCOUNTERS OTHER SPEC ADMINISTRATIVE PURPOSE OTH
88325 - CONSLTJ COMPRE REVIEW REPRT REFERRED MATRL

Dietary Consult done.

D/C - Rx#: 2071423 Drug Brand Name: ASA ENTERIC - 325 MG Alterna Name: ENTERIC COATED ASPIRIN Rx Date: 06/16/2006. Disc Date: 06/27/2006 Rx Instructions: ONE TABLET DAILY

NEW - Rx#: 2075148 Drug Brand Name: FOSAMAX - 70 MG Alternate Name: ALENDRONATE Rx Date: 06/27/2006 Disc Date: 09/25/2006 Rx Instructions: ONE TABLET WEEKLY--FOLLOW DIRECTIONS.

NEW - Rx#: 2075152 Drug Brand Name: ASA ENTERIC - 325 MG Alternate Name: ENTERIC COATED ASPIRIN Rx Date: 06/27/2006 Disc Date: 09/25/2006 Rx Instructions: ONE TABLET DAILY

Datetime:   Providers: NOLA, NANCY D
06/27/2006 13:07

PA/NP/RD _____   PHYSICIAN _____   NURSE _____
Datetime: 06/27/2006 13:07   Provider: NOLA, NANCY D   DateTime _____

9

# Colorado Department of Corrections
## Consultation Report Form

Page 1 of 1
Run Date: 04/25/2008 12:14
*REQUESTED*

Appt#: 99906

| | | | |
|---|---|---|---|
| DOC #: 86530 | Name: COIT, JILL | Facility: DW/UNIT2 | Date Initiated: 04/25/2008 |
| Gender: FEMALE | Security: MINIMUM RESTRICTIVE | SSN: 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 | DOB: 06/11/1944 |
| Level: 1 MONTH | Tele-Med: NO | Provider: MARTINEZ-HOCHBE, YVETTE M | SDD: 03/16/3004 |
| Request: DME | Auth #: | Number of Visits: 1 | PED: 03/26/3004 |
| Location: ACTION POTENTIA | Appt Dt: | Specialist: | DH #: 2098863 |

**Diagnosis and requested evaluation or care:**

1. CLINICAL INFORMATION: 61 y/o female with persistent thumb and wrist pain, x-rays, osteoarthritis, on examination motor 3/5 unable to grasp fully due to wrist and thumb pain, suspect chronic tendon sprain s/p injury-thumbs pulled back during an assault-works in graphic design in prison and affects her work. Hurts to write.
2. MILLIMAN CARE GUIDELINES - CRITERIA MET: yes
3. URGENCY OF NEED V. REMAINING SENTENCE: life w/o parole
4. MEDICAL NECESSITY: MORBIDITY, MORTALITY AND/OR FUNCTIONAL DISABILITY: will improve mobility-pt uses a cane-tried the orthoclast braces her in clinic but were too bulky, she has older set of braces which she was given but no longer given through DOC due to security-metal plates removed
5. PRE-EXISTING CONDITION PRIOR TO INCARCERATION: no
6. ALTERNATIVE THERAPY/PROCEDURE, WHICH MAY BE APPROPRIATE: orthoclast braces were not feasible as offender uses cane -not a compliant material
7. PATIENT'S DESIRE FOR THE PROCEDURE/LIKELIHOOD OF THE PATIENT'S COOPERATION IN TREATMENT: yes
8. PAIN COMPLAINTS/BEHAVIOR: pain in wrists and thumbs
9. RISK AND/OR COST BENEFIT: increase stability and decrease wrist pain with cane use-uses cane for chronic knee injur

| ICD | | CPT | |
|---|---|---|---|
| V68.01 | DISABILITY EXAMINATION | | |
| 702.19 | OTHER SEBORRHEIC KERATOSIS | | |
| 735.4 | OTHER HAMMER TOE | | |

| Provider Signature: | *Electronically Signed* | Date: 04/25/2008 12:14 |
|---|---|---|
| Provider Name: | MARTINEZ-HOCHBE, YVETTE M, MD | ymmartin |

EXHIBIT 7

Please do not discuss dates of the follow-up appointments with the offender.
Insurance: Physician Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 1410 W. 13th Street, Building 54, Pueblo, CO 81003
Or FAX to your Scheduler @ 719-583-5832

## Colorado Department of Corrections
### Consultation Report Form

Page 1 of 1
Run Date: 04/25/2008 11:59
UMC NOT MED NECESSARY

Appt#: 80853

| | | |
|---|---|---|
| DOC #: 86530 | Name: COIT, JILL | Facility: DW/UNIT2 | Date Initiated: 10/31/2006 |
| Gender: FEMALE | Security: MINIMUM RESTRICTIVE | SSN: 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 | DOB: 06/11/1944 |
| Level: 1 MONTH | Tele-Med: NO | Provider: POLLACK, NATHAN M , MD | SDD: 03/16/3004 |
| Request: DME | Auth #: | Number of Visits: 1 | PED: 03/26/3004 |
| Location: DEN-WOMENS | Appt Dt: | Specialist: ABILITIES UNLIM | DH #: 2098863 |

**Diagnosis and requested evaluation or care:**

1. CLINICAL INFORMATION: 62yoF whose chronic carpal tunnel syndrome and probable basilar joint arthritis render her R (dominant) hand very limited functionally. Current wrist splints are quite worn and need replacement.
2. MILLIMAN CARE GUIDELINES - CRITERIA MET: N/A
3. URGENCY OF NEED V. REMAINING SENTENCE: None
4. MEDICAL NECESSITY: MORBIDITY, MORTALITY AND/OR FUNCTIONAL DISABILITY: Hand function depends on outside support
5. PRE-EXISTING CONDITION PRIOR TO INCARCERATION: Yes, previous diagnosis and treatment documented on 8-volume chart.
6. ALTERNATIVE THERAPY/PROCEDURE, WHICH MAY BE APPROPRIATE: More definitive electrodiagnostics, consideration of surgical intervention could be tried.
7. PATIENT'S DESIRE FOR THE PROCEDURE/LIKELIHOOD OF THE PATIENT'S COOPERATION IN TREATMENT: Good
8. PAIN COMPLAINTS/BEHAVIOR: Appropriate to clinical findings
9. RISK AND/OR COST BENEFIT: Low risk, good potential benefit.

---

Subjective: Active Medication(s): ASA ENTERIC - 325 MG; DIPROSONE CR-45GM - 0.05%; FOSAMAX - 70 MG; LIORESAL - 10 MG; NAPROSYN - 375 MG; ZOMIG - 2.5 MG

62yoF for group orientation to colonoscopy screening. She reports previous Ca colon 1972 w/ bowel resection, no recent F/U. Colonoscopy 1999 found polyps (according to pt) but no bx done.

Also discuss increasing hand pain R>L, need for new splints (as recommended by consultant 10-24-06).

Objective: WDWNF NAD AOCC
limited examination of hands and wrists (esp. R) shows tenderness about basilar jt., thenar atrophy, no remarkable + compression response.

Assessment:
787.91 - DIARRHEA
562.10 - DIVERTICULOSIS OF COLON
354.0 - CARPAL TUNNEL SYNDROME
787.6 - INCONTINENCE OF FECES
V76.51 - SPECIAL SCREENING FOR MALIGNANT NEOPLASMS C(  EXHIBIT
99215 - OFFICE OUTPT EST 40 MIN

ICD                                                                CPT

| Provider Signature: | *Electronically Signed* | Date: 10/31/2006 17:47 |
|---|---|---|
| Provider Name: | POLLACK, NATHAN M , MD | nmpollac |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance: Physician Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 1410 W. 13th Street, Building 54, Pueblo, CO 81003
Or FAX to your Scheduler @ 719-583-5832

# DENVER HEALTH
## OUTPATIENT ENCOUNTER RECORD

CLINIC SITE: Rheum. Clinic
DATE: 9/3/99  FIN #: _____
CHART LOCATION / PCP: _____
CHART AVAILABLE: ☐ YES  ☐ NO  Adm. # _____
HT. ____ WT. ____ HC ____ AGE 55 LMP ____
TEMP. ____ B.P. ____ P. ____ RR ____

```
2 09 88 63                         F
COIT, JILL          06/11/1944
38855102
A/D: 09/03/99
PCP:
ARR.MODE:
PT.PHONE: (   )   -
CHRT.LOC: DGOP
```

PREVENTIVE CARE/IMMUN. UP TO DATE: ☐ YES ☐ NO  CURRENT PHONE #:
TOBACCO EXPOSURE: ☐ YES ☐ NO
MED ALLERGIES: SEE CHART
MEDICATIONS:

SUBJECTIVE / OBJECTIVE

55 y/o ♀ c̄ PMHx "ARTHRITIS", (R) HIP PROSTHESIS, c/o JOINT PAINS/MS PAINS CHRONIC — SENT BY CORRECTIONAL CARE FOR FURTHER EVAL. PT. MOSTLY COMPLAINS OF (B) HAND/FING. PAIN, BUT ALSO NOTES (B) ELB/SHOULDER/NECK/LOW-BACK/HIP L>R/KNEE L>R, (+) AM STIFFNESS x 30m – 1 HR, (+) GEL, (+) FATIGUE; Hx CTS WEARING (B) BRACES, Hx OF (L) KNEE ARTHROSCOPY 2° MENISCAL TEAR, ALLG TO MANY MEDS — CURRENTLY ON NOTHING FOR PAIN, Hx TRAUMA

PE: HR @ 70 / NAD
WN/WH ♀; mmm
LUNGS CTA⁺ (B)
LV REGULAR
(B) WRIST BRACES / ∅ WRIST SWELLING
FINGERS (B) s̄ SWELLING/ERYTHEMA
TENDER @ (R) CMC jt., (+) FINKELST.
(-) PHALEN (B) / (-) TINEL (B)
NECK c̄ ↓ROM/TENSE PARASPINAL
∅ SWELLING SHOULD/ELB/KNEE/ANK
(B) CREP. c̄ KNEES ↑ FROM. LIG.
INTACT.
TENDER TRAP (L) — OTHERWISE ∅ TENDER POINTS.

XRAYS — C-SPINE c̄ LOSS OF LORDOSIS
OTHERWISE s̄ SIGNIF EV. DJD

ASSESSMENT/PLAN 1983 s/p MVA
(1) CHRONIC PAIN — MOST LIKELY c̄ 1° RELATION TO TRAUMATIC INJURY c̄ NECK/HIP Hx., NO EVID. FM. EXAM c/w DE QUERVAN'S SYNOVITIS (R) + 1st CMC DJD, NO EVIDENCE CARPAL T.S., NECK c̄ SPASM BY EXAM/XRAYS.

RECOMMEND:
(1) ~~CELEBREX 100 BID — ↑ TO 200 PRN~~
(2) CAPSAICIN 0.075% CREAM QID
(3) ICE PM / HEAT AM PRN
(4) (R) THUMB SPICA SPLINT — D/C CURRENT SPLINTS
(5) OT EVALUATION
(6) CONSIDER 1st CMC INJECTION p̄ REVIEW OF ALLG. RECORDS.
(7) FLEXERIL 10 mg — I-II PO QHS

RETURN VISIT:

CAREGIVER: ___ JOHNSON  # 090779
ATTENDING: David H. Collier  # 042168

EXHIBIT 9

12