**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2009**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

FOR THE TENTH CIRCUIT

---

JESSE (JESUS) F. MONTEZ; DAVID
BRYAN; GEORGE KARL; JOHN
ARMINTROUT; KENNETH
GARCIA, as representatives of
themselves and all others similarly
situated in this class action;
RICHARD K. ALLEN,

       Plaintiffs,

    and

RAYMOND ARTHUR PRICE,

       Interested Party-
       Appellant,

v.

BILL OWENS; FRANK GUNTER,
Former Executive Director of the
Colorado Department of Corrections;
BEN JOHNSON, Former Warden of
Colorado Territorial Correctional
Facility; CHERYL SMITH, Medical
Administrator at CTCF; ARI
ZAVARAS, Executive Director of
Colorado Department of Corrections;
BOB FURLONG, Warden of Limon
Correctional Facility; COLORADO
DEPARTMENT OF CORRECTIONS;
BILL PRICE, Warden of the Arkansas
Valley Correctional Center; R. MARK
MCDUFF, Warden of the Arrowhead
Correctional Center, the Four Mile
Correctional Facility, the Skyline
Correctional Center, and the

No. 08-1049
(D.C. No. 1:92-cv-00870-EWN-OES)
(D. Colo.)

Pre-Release Correctional Center;
GARY NEET, Warden of the Buena
Vista Correctional Facility; WARREN
DIESSLIN, Former Warden of the
Buena Vista Correctional Facility;
FRANK MILLER, Warden of the
Centennial Correctional Facility;
DONICE NEAL, Warden of the
Colorado State Penitentiary; MARK
WILLIAMS, Warden of the Colorado
Women's Facility; MARK
MCKINNA, Warden of the Colorado
Territorial Correctional Facility; J.
FRANK RICE, Dr. Warden of the
Denver Reception and Diagnostic
Center; LARRY EMBRY, Warden of
the Fremont Correctional Facility;
TOM COOPER, Former Warden of the
Fremont Correctional Facility; BILL
BOGGS, Warden of the Rifle
Correctional Facility; BILL BOKROS,
Warden of the Pueblo Minimum
Center; DAVID HOLT, Medical
Administrator at the Arrowhead
Correctional Facility, the Centennial
Correctional Facility, the Colorado
State Penitentiary, the Fremont
Correctional Facility, and the Skyline
Correctional Facility; JEAN MOLTZ,
Medical Administrator at the Buena
Vista Correctional Facility and the
Rifle Correctional Facility; RON
JOHNSON, Medical Administrator at
the Denver Reception and Diagnostic
Center; DON LAWSON, Clinical
Administration Director at the Limon
Correctional Facility and the Arkansas
Valley Correctional Facility; BOB
MOORE, who supervises the medical
department at the Pueblo Minimum
Center, and JOHN DOE(S), Current

and former Wardens of any
Correctional facility maintained,
operated or controlled by the Colorado
Department of Corrections, and JOHN
ROE(S); RONALD G. PIERCE;
COLORADO TERRITORIAL
CORRECTIONAL FACILITY; BRAD
ROCKWILL; ANNETTE PORTER;
DENVER RECEPTION &
DIAGNOSTIC CENTER; SGT. R.
MURPHY; GLENNTTE SMITH;
BECKY RHOMONA; JIM WEBER;
NARD CLAAR; BILL REED;
FREMONT CORRECTIONAL
FACILITY,

Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **HENRY**, Chief Judge, **EBEL** and **GORSUCH**, Circuit Judges.

---

This appeal arises out of a settlement agreement in a class action lawsuit

brought on behalf of a class of inmates incarcerated by the Colorado Department

of Corrections (CDOC).  The class members asserted claims of disability

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.

§§ 12101-12213, the Rehabilitation Act, 29 U.S.C. §794, and 42 U.S.C. § 1983.

The settlement agreement, termed the "Remedial Plan," was approved by the

district court in 2003 after a fairness hearing.  It sets forth terms designed to

ensure that the CDOC's treatment of inmates who have permanent disabilities

related to mobility, vision, hearing, and diabetes comports with federal disability

law.  In addition, the Remedial Plan creates a procedure by which individual class

members with those types of permanent disabilities can file claims for damages.

Under the procedure, special masters are designated to determine damages claims,

all inmates are entitled to discovery, and inmates with certain categories of

damages are entitled to an evidentiary hearing.  Further, the Remedial Plan

provides that special-master "awards may be appealed on an abuse of discretion

standard to the Honorable [John L.] Kane" in the United States District Court for

the District of Colorado.  R., doc. 536, § XXXII.  The Remedial Plan is silent

with respect to appeals from decisions rendered by Judge Kane.

Class member Raymond Arthur Price sought damages under this procedure,

claiming disabilities related to hearing, vision, and mobility.  After an evidentiary

hearing, the special master determined that Mr. Price had not established a

permanent disability within the meaning of the Remedial Plan and therefore was

not entitled to damages.  Judge Kane affirmed that decision, and Mr. Price has

brought this pro se appeal, claiming he was denied due process.[1]

Appellees have filed a motion to dismiss the appeal for lack of jurisdiction.

Appellees contend that, because the Remedial Plan does not expressly authorize

appeals from decisions by Judge Kane, plaintiffs waived the right to any further

appellate process.  We do not doubt that parties to a settlement agreement can

waive their right to appeal.  *See* 15A Charles Alan Wright et al., *Federal Practice

and Procedure* § 3901 at 18-19 (2d ed. 1992).  And we of course have jurisdiction

to consider whether or not an appeal waiver is enforceable.  *See United States v.

Hahn*, 359 F.3d 1315, 1320-24 (10th Cir. 2004) (en banc) (per curiam).   But

before speaking to this issue ourselves, we believe the most appropriate course is

to remand this matter to the district court to make a determination whether

plaintiffs, in the Remedial Plan, agreed to waive the right to proceed in this court.

We believe this course is most appropriate in deference to the terms of the

parties' own agreement.  The Remedial Plan contains a provision titled

"Resolution of Disputes," which expressly states that

> [i]n the event the Parties are unable to resolve their disagreement
> concerning the rights and obligations under or *concerning the proper
> interpretation of this Remedial Plan*, representatives of each Party
> shall confer and attempt expeditiously and in good faith to resolve
> their disagreement.  In the event the Parties are unable to resolve
> their disagreement, and one party *seeks to assert a violation of this*

---

[1]   Because Mr. Price proceeds pro se, we liberally construe his filings.  *See
Watkins v. Leyba*, 543 F.3d 624, 625 n.1 (10th Cir. 2008).

> *Remedial Plan against the other parties, the parties will submit the issue to Judge Kane for resolution.*
>
> If Judge Kane is unable to hear any disputes that arise under this plan, the disputes will be heard and determined by an individual agreed upon by the parties.  If the parties are unable to agree on an individual, Judge Nottingham[2] will appoint a person to resolve disputes under this plan.

R., doc. 536, § XXXVI, ¶ A (emphases and footnote added).

The argument that Mr. Price has waived his right to appeal in this court appears subject to this provision.  First, there is plainly a disagreement about "the proper interpretation of [the] Remedial Plan," *id.*, namely, whether or not an individual inmate can appeal to this court from a decision of Judge Kane regarding the findings of a special master.  Second, appellees are "assert[ing] a violation of [the] Remedial Plan against the other parties," *id.*, namely, the taking of this appeal by one of the plaintiff-class members, Mr. Price.  By its terms then, the Remedial Plan calls for the parties to try to resolve the disagreement first and, if they are unsuccessful, to submit it to Judge Kane (or an alternate person[3]) for resolution.  Before we speak to the waiver question, we believe the processes the parties bargained for and contemplated should be respected.  This likely will require the involvement of class counsel, as "individual prisoners lack standing to

---

[2]  We note that Judge Nottingham resigned his commission effective October 29, 2008.

[3]  It is not clear whether this person need be a judge and, if not, what impact that might have on the appeal-waiver question.  Again, however, we need not decide any such questions today.

individually litigate matters relating to [a] class action." *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991).

For the foregoing reasons, appellees' motion to dismiss is denied, and this matter is REMANDED to the district court for resolution of the appeal-waiver issue pursuant to the terms of the Remedial Plan.  Mr. Price's motion to proceed on appeal without prepayment of costs or fees is granted, and he is reminded of his obligation to continue making partial payments until the filing fee is paid in full.  Mr. Price's motion to add evidence is denied as moot.

Entered for the Court


Neil M. Gorsuch
Circuit Judge