IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number 03-391
Category III
Claimant: Michael Collins, #101218
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

**ORDER OF SPECIAL MASTER**

_____

      THIS MATTER came before the Special Master on the document filed with the Court by Claimant. This document (Document #3769) contains seventy pages of materials including copies of affidavits and other pleadings filed concerning Claimant's criminal conviction.

      The Special Masters have been directed to review all *pro se* pleadings filed in this case. The undersigned Special Master conducted the hearing on the claim of Mr. Collins which involved two separate sessions on different days. The Special Master has spent time with Claimant and is aware of his concerns and feelings. Mr. Collins maintains that he was improperly convicted and is innocent of the charges that were filed against him.

      Mr. Collins' pleadings contain affidavits from other children concerning the propriety of his conviction. He also has objected to the censorship of his mail, including a letter to the daughter who claimed that she was the victim of his criminal conduct. In his letter to the Court, Claimant states that he is seeking justice for himself and his family.

      The Special Master has reviewed many pleadings from Mr. Collins. They are all difficult to decipher and all involve rambling discussions of many things. Mr. Collins is advised that this case involves the ADA and Rehabilitation Act. Issues surrounding his criminal conviction cannot be dealt with in this case. Claimant should contact the Clerk's Office and request the forms for filing of a habeas corpus petition. Claimant will need to determine if he has exhausted all state remedies. The Special Master cannot provide legal advice, and a recommendation is made to Mr. Collins to secure

counsel to represent him on any available remedies to attack his criminal conviction. There is no jurisdiction in this case for any attack on his criminal conviction.

Issues dealing with claims of improper censorship of mail will need to be resolved in a separate lawsuit. There is no jurisdiction in this case to determine whether the decision to deny ceratin correspondence and magazines was an abuse of discretion.[1]

Mr. Collins is advised that an issue has arisen concerning the jurisdiction that this Court may have over individual *pro se* requests for relief under the Remedial Plan and stipulations. That issue is before the District Judges for resolution. A copy of the report and recommendation will be provided to Claimant.

IT IS HEREBY ORDERED that no action can be taken in this case concerning Michael Collins' state criminal conviction and the issue of censorship of mail; and

IT IS FURTHER ORDERED that all issues related to relation due to filing a claim or any request for relief under the Remedial Plan will be held in abeyance.

SIGNED this 19th day of January, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master

---

[1] Two of the magazines that were denied Mr. Collins were *Newsweek* and *TV Guide*. At first blush, it is difficult to comprehend how each of these publications would affect the emotional and mental health of Mr. Collins. The propriety of this decision will have to be resolved in a separate lawsuit.