IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number: 03-129
Claimant: Jill Coit # 86530
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

---

**FINAL ORDER OF SPECIAL MASTER RE: (1) PLEADING ENTITLED "DENIAL OF HEARING AID BATTERIES THAT WORK AND REFUSAL TO REPAIR HEARING AIDS, FILED AUGUST 28, 2008; AND (2) COIT'S MOTION TO MAKE DWCF/CDOC COMPLY WITH JUDGE PRINGLE'S ORDER TO MAKE MONTEZ TAPES AVAILABLE WITH ACCOMODATIONS FOR MEDICAL HANDICAPPED ISSUES, FILED JANUARY 9, 2009**

---

I. Introduction and History of the Proceedings

On August 28, 2008, Coit filed a pleading entitled "Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids." (hereinafter, "The Motion Re Hearing Aids"). The Motion Re Hearing Aids alleged that Coit has not been able to obtain batteries for her hearing aids for three months. She also complained that the Department of Corrections has refused to provide her with a vibrating watch, which she allegedly needed due to her hearing impairment.

1

On November 7, 2008, the Special Master entered a preliminary Order regarding the Motion Re Hearing Aids. The Special Master considered Coit's Motion as a request for relief under the damage provisions of paragraph XXXII of the Remedial Plan and also as a request for enforcement and relief under the Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan, which was approved and made an Order of the Court on April 4, 2008. The Special Master rejected the proposition that Coit could initiate a *pro se* proceeding to enforce the Remedial Plan and/or Stipulations entered into pursuant thereto, holding that such matters must be addressed by class counsel.

Next, the November 7, 2008 Order considered the Motion Re Hearing Aids as a request for damages under Section XXXII of the Remedial Plan. The Order noted that (a) in 2003, Coit had filed a claim premised in part on an alleged hearing disability; (b) that after several days of evidentiary hearings in late 2005, the Special Master entered an Order concluding that Ms. Coit did not suffer from a hearing disability within the meaning of the ADA, the Rehabilitation Act, or the Remedial Plan; and (c) that the Special Master's 2005 Order was affirmed by Judge Kane. After concluding that the Motion Re Hearing Aids was not barred by issue or claim preclusion, the Special Master's November 7, 2008 Order requested the parties to brief one very specific threshold issue: whether Coit's pleading, if treated as a claim for damages pursuant to paragraph XXXII of the Remedial Plan, was cognizable by the Court and/or the Special Master under the language of paragraph XXXII, which states that "if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages."

The Department of Corrections filed a brief addressing the issue, as directed by the Special Master. Coit did not file a response. Instead, on January 9, 2009, she submitted a Motion entitled "Motion to Make DWCF/CDOC Comply with Judge Pringle's Order to Make Montez Tapes Available With Accomodations for Medical Handicapped Issues." (hereinafter, "the Motion to Make Tapes Available"). It appears that the Motion to Make Tapes Available requests (a) that the Special Master order CDOC to provide Coit with a computer and voice activated computer program so that she can listen to the disks of the 2005 evidentiary hearing on her original *Montez* claim; and (b) that she not be required to file a response brief regarding the Special Master's November 7, 2008 Order until she has been allowed to listen to the disks.

## II. The Motion to Make Tapes Available

Coit contends that from 2006 to the present, she has been denied access to equipment necessary for her to listen to the disks of the 2005 evidentiary hearing on her original *Montez* damage claim. Assuming for purposes of discussion that her allegations in this regard are true, the Special Master finds and concludes that Coit has failed to make a sufficient showing that the disks contain information pertinent to any proceeding now before the Special Master or the Court.

In 2005, the Special Master order CDOC to make the hearing disks available to Coit so that she could effectively appeal the Special Master's Final Order on her original Claim. Coit did appeal the Special Master's Order, which was affirmed by Judge Kane. To the Special Master's knowledge, from December 15, 2005, when the Special Master entered his Final Order on the original claim, to July 16, 2006, when Judge Kane affirmed the Special Master's Final Order, Coit did not complain that she was being

denied the right to listen to the hearing disks, nor did she contend that she was unable to effectively prosecute her appeal because her ability to review the hearing disks was being impeded. Thus, to the extent that the Motion to Make Tapes Available relates to an inability to effectively prosecute Coit's appeal of the Special Master's December 15, 2005 Final Order, it is clearly untimely.

Additionally, the Special Master finds and concludes that the disks containing the transcript of the 2005 evidentiary hearing on Coit's original claim have no bearing or relevance to the issue that the Special Master requested the parties to brief in its November 7, 2008 Order. The only issues on which the Special Master requested briefing were (a) whether Section XXXII of the Remedial Plan would allow the Motion Re Hearing Aids to be considered by the Special Master as a claim arising during the compliance period and, (b) if so, whether it could be advanced as an amendment to Coit's original *Montez* claim. These issues solely involve the interpretation of the language of the Remedial Plan. The evidence presented at the 2005 hearing on the original claim has nothing to do with the language of Section XXXII or its interpretation.

### III. The Motion Re Hearing Aids

Section XXXII of the Remedial Plan requires that damage claims be filed within 90 days of receipt by the inmate of the Damage Claims Form. Nevertheless, the Remedial Plan provides the following exception to the 90-day filing deadline: "[I]f a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages." Coit's original *Montez* claim was deemed timely filed. Assuming for purposes of discussion that Coit's new hearing disability claim, as contained in the Motion Re Hearing Aids, arose during the compliance period,

the question becomes whether it can be asserted under Section XXXII as an amendment to the original claim. More specifically, the query is whether the exception in Section XXXII allows a claimant to amend his or her original claim to assert a new claim arising during the compliance period *if the original claim has already been fully and finally adjudicated by the time the new claim arises and is filed*. The Special Master finds and concludes that this query must be answered in the negative.

To be sure, once a claim is timely filed, Section XXXII of the Remedial Plan allows the claimant to amend in order to assert new claims for additional damages, provided that (a) the new claim arose during the "compliance period," as defined by the Remedial Plan; and (b) the original claim is still pending. However, once a claim has been fully adjudicated and all rights of appeal have been exhausted, the claim is extinguished and can no longer be amended, at least where, as here, the time period for vacating or setting aside the judgment has expired. *Kelly v. Delaware River Joint Comm'n*, 187 F.2d 93 (3d Cir. 1951); *Kanazch v. Suntrust Corp.*, 2006 WL 1117827 (E.D. Va., April 25 2006)(unreported). Nothing in Section XXXII alters this general principle. Indeed, the specific reference in Section XXXII to the fact that the claimant may "amend his/her claim" suggests that the parties contemplated the existence of a pending timely filed claim which could be amended. If the parties to the Remedial Plan intended to allow new claims arising during the compliance period to be filed by anyone who had filed an initial timely claim, irregardless of the fact that the initial claim had long before been fully adjudicated, they should have so stated in clear and unambiguous terms.

For the foregoing reasons, Coit's **Motion to Make DWCF/CDOC Comply with Judge Pringle's Order to Make Montez Tapes Available With Accommodations for**

**Medical Handicapped Issues,** filed January 9, 2009, and Coit's pleading entitled "**Denial of Hearing Aid Batteries that Work and Refusal to Repair Hearing Aids,** filed August 28, 2008, are **DENIED.**

Dated this 21st day of January 2009;

BY THE COURT:

/s/Bruce D. Pringle
Special Master

# CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 21st day of January, 2009 to the following:

Ms. Jill Coit
# 86530
DWCF
P.O. Box 392005
Denver, CO 80239

Mr. James Quinn
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

/s/Susan L. Carter