IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Case Number C-007
Category: C
Claimant: Matthew T. Redmon, #140637
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

THIS MATTER comes before the Special Master on the document filed by Claimant entitled "Motion for Enforcement of Existing Remedial Plan and for Enforcement of Court Ordered Sanctions for Noncompliance." This document was filed initially with the Special Masters. Now the document has been filed with the Court (Document #3784). Claimant is requesting specific relief based upon his position that he is hearing impaired.

The Special Master previously issued an order concerning this document. That order will be incorporated by reference.

IT IS HEREBY ORDERED that Claimant's motion will be held in abeyance pending resolution of the jurisdictional issue by the assigned District Judge.

SIGNED this 27th day of January, 2009.

                      BY THE COURT:

                      */s/ Richard M. Borchers*

                      Richard M. Borchers
                      Special Master

# CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 29th day of January, 2009 to the following:

Mr. Matthew Tazio Redmon
#140637
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. James Quinn
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

/s/Susan L. Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No. 96-N-343)

Jesse Montez , et al .
Plaintiffs ,

-vs.-

Bill Owens, et al..
Defendants .

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 20 2009

GREGORY C. LANGHAM
CLERK

Case Number : C-007
Category : C
Movant : Matthew Tazio Redmon
Address of Movant : CTCF , P.O. Box 1010 , Canon City , CO. 81215

MOTION FOR ENFORCEMENT OF EXISTING REMEDIAL PLAN AND FOR ENFORCEMENT OF COURT ORDERED SANCTIONS FOR NONCOMPLIANCE

COMES NOW , The Movant , Matthew Tazio Redmon , a CDOC Montez Class Inmate , # 140637 , pursuant to Federal Rule of Civil Procedure 70 (a)(e) and enters this Motion for Enforcement.

In support of this Motion , the Movant would state the following :

The Movant is a party to the the Montez Class Action , and as such , is adversely affected by the Defendants' acts of noncompliance . Therefore , the Movant is entitled , under Federal Rule of Civil Procedure 65(d)(2)(A)(B)(C) , to address the Court and to ask the Court to grant the Movant's Motion and to grant the Relief the Movant prays for , as well as any other Relief that the Court may deem proper and just .

Even if the Movant could be deemed not to be a party to the Montez Action , the Movant is still classified by the CDOC as a Montez Class Inmate and is adversely affected by the acts of the Defendants and the CDOC . As a third party adversely affected by the actions of the Defendants and of the CDOC , under Federal Rule of Civil Procedure 71 , the Movant is still entitled to seek enforcement of the Remedial Plan and of the sanctions pursuant to Federal Rule of Civil Prcedure 70 and to ask the Court to grant the Movant's Motion for Relief .

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (Consolidated for all purposes with Civil Action No.96-N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Case Number C-007
Category: C
Claimant: Matthew T. Redmon, #140637
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

THIS MATTER comes before the Special Master on the document filed by Claimant entitled "Motion for Enforcement of Existing Remedial Plan and for Enforcement of Court Ordered Sanctions for Noncompliance." Claimant is requesting specific relief based upon his position that he is hearing impaired.

A previous order was issued in this case on a request of Claimant. That order has been appealed to Judge Kane. No action has been taken on the appeal as yet.

Since the issuance of the previous order, the Special Masters have issued a report and recommendation relating to continuing jurisdiction under the Remedial Plan. A copy of that document will be provided to Claimant. Until the report and recommendation is resolved, the Special Masters must hold such requests in abeyance.

IT IS HEREBY ORDERED that Claimant's motion will be held in abeyance pending resolution of the jurisdictional issue by the assigned District Judge.

SIGNED this 20th day of January, 2009.

BY THE COURT:

By: _____
Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 22 day of January, 2009 to the following:

Mr. Matthew Tazio Redmon
#140637
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. James Quinn
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203

*Susan L. Carter*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA (Consolidated for all purposes with Civil Action No. 96-CV-343)

JESSE MONTEZ, et al.

　　Plaintiffs,

-vs.-

BILL OWENS, et al.

　　Defendants.

## REPORT AND RECOMMENDATION OF SPECIAL MASTERS

THIS MATTER comes before the Special Masters on the issue of what jurisdiction exists under the Remedial Plan and subsequent stipulations to allow individual inmates to seek relief from the Court. The parties have completely divergent positions on this issue. The issue cannot be resolved by the Special Masters and will require direction from the assigned District Judges.

## PARTIES TO THIS ISSUE

Besides class counsel on behalf of class members and Defendants, three inmates have filed requests for relief and are the subject of this Report and Recommendation. These individuals are as follows:

1. *Neil F. Creeden.* Mr. Creeden came into the Colorado Department of Corrections (DOC) on May 2, 2005. Mr. Creeden filed a damage claim pursuant to Paragraph XXXII of the Remedial Plan. That claim was adjudicated by the Special Master and dismissed on June 22, 2006. The Special Master determined that Mr. Creeden was not in DOC custody on or before August 27, 2003, the date on which the Remedial Plan was approved.

Mr. Creeden is presently incarcerated at the Ft. Lyon Correctional Facility in Ft. Lyon, Colorado. On June 25, 2008, Mr. Creeden filed with the Special Masters a copy of a letter concerning problems that he was experiencing in obtaining a proper fitting wheelchair. He further stated that he was willing to pay for his own wheelchair. The Special Master allowed this letter to be filed and to be treated as a motion for relief. Mr. Creeden specifically argued that he was being denied rights provided under the stipulation between the parties that was approved by Judge Kane on April 4, 2008 (2008 stipulation).

The Special Master issued an order directing counsel for the class and counsel for Defendants to respond to the motion, specifically as to the rights being claimed under the 2008 stipulation. Both have filed responses that will be discussed later in this Report and Recommendation.

2. *Joseph D. Kyger.* Mr. Kyger came into DOC custody in September 2007. He is housed presently at the Colorado Territorial Correctional Facility in Canon City, Colorado. Mr. Kyger was not in DOC custody on or before August 27, 2003. Mr. Kyger did not file a damage claim under Paragraph XXXII of the Remedial Plan, because he came into DOC custody after it was approved.

Mr. Kyger filed a letter (Document #3472) with the Court on June 24, 2008. Mr. Kyger stated that he was not receiving appropriate batteries for his hearing aid. Since this complaint appeared to relate to the two stipulations, the Special Master issued an order directing both counsel for the class and counsel for Defendants to respond. Both have submitted responses that will be discussed later in this Report and Recommendation.

3. *Michael Fleming.* Mr. Fleming came into DOC custody on June 4, 1999. At the present time, Mr. Fleming is housed at the Limon Correctional Facility (LCF) in Limon, Colorado.

Mr. Fleming filed a claim for damages under Paragraph XXII of the Remedial Plan. His

2

claim was assigned to Category III. A hearing was held on February 28, 2008 at LCF. Mr. Fleming claimed that he was mobility impaired as the result of an accident that occurred while in DOC custody in September 2005. The final order on the claim was issued on March 17, 2008. The Special Master found, in part, as follows:

> There is no question that Claimant is presently mobility impaired. That is the result of the fall that occurred in September, 2005. The evidence submitted by both sides reflects that Claimant had minor health and physical issues prior to the fall in 2005. Claimant testified that he was able to run and get around before the fall. Claimant's disability commenced with the fall in September, 2005.
> The jurisdiction of the Special Masters is limited. The Settlement Agreement provides that a claimant had to be disabled and the victim of discrimination on or before August 27, 2003. A claimant who was so disabled could then amend his claim to raise issues of continuing discrimination after August 27, 2003. Claimant became disabled in September, 2005. The Special Masters have no jurisdiction over his claim. He was not disabled on or before August 27, 2003.

Mr. Fleming's claim was dismissed for lack of jurisdiction, as Mr. Fleming became disabled after August 27, 2003.

On July 9, 2008, Mr. Fleming filed a letter with the Special Masters concerning incidents that occurred at LCF. That letter is enclosed as Attachment #1. Mr. Fleming indicated that he has not received appropriate accommodations and that LCF is not an appropriate facility for handicapped inmates.

An order was issued to counsel for the class and counsel for Defendants to respond to the issues raised by Mr. Fleming. Both responses have been received and will be discussed later.

## ISSUE BEFORE THE COURT

The written documents submitted by Mr. Creeden, Mr. Kyger, and Mr. Fleming all request

relief from the Court.[1] The question is whether individual *pro se* motions seeking personal relief are subject to adjudication by the Court.

Based upon review of applicable case law, the Special Masters believed that their handling of *pro se* motions for relief was controlled by the Tenth Circuit's decision in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). The Tenth Circuit stated, in part, as follows:

> Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action. (cit.omit). Claims for equitable relief must be made through the class representatives until the class action is over or the consent decree is modified.

*Id. at 1165-66*. The Tenth Circuit noted that all pleadings filed *pro se* had to be accepted by the clerk, but that a screening had be undertaken thereafter. Filings that involved class issues would be forwarded to counsel for the class. It would be up to counsel for the class to determine what, if any, action should be taken on the documents.

Pursuant to *McNeil*, the Special Masters have been forwarding *pro se* documents to counsel for the class. In the response of the class, counsel for the class have taken the position that *McNeil* is not controlling, particularly in light of the stipulations that post date the approval of the Remedial Plan. A copy of the response of class counsel concerning Mr. Creeden is attached as Attachment #2 (Document #3689). This response is virtually the same as submitted concerning Mr. Kyger and Mr. Fleming. Defendants response concerning Mr. Creeden is enclosed as Attachment #3 (Document#3687). As with counsel for the class, the response of Defendants is virtually the same

---

[1] Other individuals who are in DOC custody have also filed motions seeking relief. These have been held in abeyance pending resolution of this issue before the Court.

as to all three individuals.

**Position of Class Counsel**: Class counsel responded to the order of the Special Master. Class counsel believe that Mr. Creeden is a member of the class as mobility impaired. Class counsel state as to representation of Mr. Creeden, in part, as follows:

> 4. As a member of the Montez class, Mr. Creeden is represented by counsel for the class on issues involving systemic discrimination and general non-compliance with the Montez Remedial Plan.
> 5. Class counsel does not represent Montez claimants on their individual damage claims or for individual damages sustained as a result of DOC's continued non-compliance with the Montez Remedial Plan. As such, Mr. Creeden is not represented by class counsel on his individual claim for relief and/or damages and is therefore not prevented by the Tenth Circuit's holding in *McNeil v. Guthrie* to file *pro se* pleadings with the Court.

Class counsel further argue that the Special Masters have the jurisdiction to adjudicate any *pro se* pleading pursuant to the expansion order signed by Judge Kane on April 15, 2008.

> 7. The Special Masters have jurisdiction to adjudicate matters arising from or related to an individual claimant's damage claim filed pursuant to the Montez Remedial Plan. If a claim for damages is not addressed by the damage claim process because the Claimant was not disabled or in DOC before August 27, 2003, or due to the cut-off date for filing claims, the Special Masters have jurisdiction to issue rulings on *pro se* pleadings and correspondence pursuant to the Expansion Order for violations of individual rights under the Remedial Plan.

In response to a specific question in the order of the Special Master concerning available remedies, class counsel stated, in part:

> 9. Class Members cannot ask for injunctive relief on issues related to DOC compliance with the Remedial Plan because that is a function of Class counsel's representation of the class. Class Members may, however, seek relief from the Court for damages, including but not limited to, economic loss and deprivation of privileges incurred as a result of DOC's non-compliance with the Remedial Plan.
> 10. Class Members may seek remedies other than those involving systemic discrimination being addressed by the compliance and monitoring periods of this case. For instance, if a class member was injured by DOC's failure to comply with an architectural standard required by the ADA, that class member as the right to file

5

a claim for individual relief or a lawsuit in federal court as jurisdiction with respect to architectural issues ended. Another example where a class member has the right to file a claim for individual relief or a separate lawsuit with respect to individual economic loss or injury from the deprivation of privileges if a class member is denied access to a job or program for which he or she is otherwise qualified on the basis of his or her disability.

Finally, class counsel believe that the 2006 and 2008 stipulations confer upon individual inmates the right to seek damages under the ADA, Rehabilitation Act, and Remedial Plan.

**Position of Defendants:** Defendants state that Mr. Creeden was not in DOC custody on or before August 27, 2003. Therefore, he cannot file a damage claim.

Concerning their position on adjudication of *pro se* requests for relief, Defendants state, in part, as follows:

> 5. Defendants' position regarding inmates in Claimant's situation remains that if an inmate feels the Remedial Plan, or the subsequent Stipulations are not being followed, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel. Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane. There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance. The Remedial Plan only allows for individual relief as set forth in section XXXII. Claimant is not a *Montez* class member and is entitled to no individual relief under the Remedial Plan. Nothing in any Stipulation of the Parties or in the April 15, 2008 Order changes this.
> 6. Notwithstanding the above argument, undersigned counsel acknowledges that the Special Masters have previously found that inmates in Claimant's situation making similar arguments were considered members of the class, but that there was no jurisdiction to rule on their individual *pro se* filings pursuant to the *McNeil* case. As this Claimant will also likely be considered a class member, Claimant has no right to file any *pro se* pleadings in this matter, as he is represented by class counsel. (cit. omitted). Claimant's remedy is to consult with class counsel and relate what his concerns are. Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant. Under *McNeil*, Claimant may file a separate action only to seek intervention in the present case or to challenge the adequacy of representation by class counsel.

Defendants believe that *McNeil* is controlling and that no individual class member may seek personal relief. Defendants do not believe that either the 2006 or 2008 stipulations provide any right to seek individual relief and remedies from this Court.

## DISCUSSION

The positions of the parties could not be more diametrically opposed. The interpretation of the Remedial Plan and both stipulations must be left to the assigned District Judges. If *McNeil* controls, then the pending requests for relief for these three individuals, as well as others, must be denied. If the Remedial Plan and stipulations provide that inmates may individually seek relief from the Court, then a process must be established to allow adjudication of those motions.[2]

The Special Masters will need also further guidance as to a subissue. Class counsel have stated clearly and concisely that they do not represent inmates on any claims for personal relief. *McNeil* states that such requests for relief are to be forwarded to class counsel. If *McNeil* is controlling, then the Special Masters will need guidance as to whether such requests should continue to be referred to class counsel.

IT IS RECOMMENDED that the assigned District Judges review this report and recommendation filed by the Special Masters; and

IT IS FURTHER RECOMMENDED that the issue presented concerning individual *pro se* requests for relief be resolved by the assigned District Judges and that guidance be provided to the Special Masters on how the pending and future *pro se* pleadings should be handled.

SIGNED this 16th day of December, 2008.

---

[2] A number of previously filed requests for individual relief were denied pursuant to *McNeil*. If the Court determines that the Special Masters erred in dismissing these requests, then they will be re-opened and adjudicated.

7

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master

BRUCE D. PRINGLE
Special Master

RICHARD C. DAVIDSON
Special Master