IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)(Consolidated with Civil Action No. 96-N-343)

JESSE MONTEZ ET AL.
Plaintiff,

v.

BILL OWENS ET AL.
Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 27 2009

GREGORY C. LANGHAM
CLERK

Claim Number 03-377
Category III
Claimant: Ronald Cordova, #57350
Address: AVCF Unit 4, P.O.Box 1000, Crowley, Co 81034

MOTION TO PRESENT FURTHER PROOF OF INFORMATION OF NON COMPLIANCE
WITH SPECIAL MASTER"S COURT ORDER AND REMEDIAL PLAN

The Plaintiff, Ronald Cordova, pro se, present's the following documents and evidence in support of last motion, that Defendants and counsel Attorney General Office to comply with Special Master's final order. dated June 25, 2008. And to obey the Order. And as for grounds states the following:

1. The Plaintiff, is being subjected to continued harassment/retaliation and discrimination., as a member of Montez et al class for "mobility impaired.

2. Plaintiff, was found guilty of Code of Penal Discipline, disobey a direct order. Plaintiff, was sitting in handicapped area. And was told to he had to sit in handicapped area by Capt. Serena.

3. Plaintiff, is subjected to climb stairs daily in job and living on second tier.

4. In support of this motion, the Plaintiff presents a letter from Dr. Frantz. In this letter Dr. P. Frantz (Chief Medical Officer) clearly states: "I have no disability and not a member of the class for ADA Remedial Plan. And that reviewing Dr. J. Patterson's consult note, that knee reconstruction was not recommended. Surgery would not be approved. And that Dr. Patterson only recommended a knee brace for left knee.

This is not true, see Dr. Frantz exhibit CM-1 and Dr. J. Patterson's exhibit A.

5. Plaintiff, received a memorandum today from Warden, M. Arellano. In regards to a letter I wrote January 2, 2009 regarding my disability and that I was told to sit in handicapped area. The Warden, relies on an outdated Accommodation Resolution dated 8-29-07 by Dr. Frantz and AIC Cathie Holst. Its clear that counsel for the Defendants failed to inform Defendants of the Special Master's Order, dated June 25, 2008. Or Defendants refuse to Obey.

1.

6. Pursuant to the August 27, 2003, page 1. After an inmate has been identified as an inmate with a disability under this Plan, a copy of the inmate Verification Form shall be forwarded to the AIC.

The Remedial Plan does not say who is to send copy of the inmate verification Form. On page 2 of Remedial Plan it says: The verification form shall become part of the inmate's files, and recorded in a central computerized system.

On page 3 of Remedial Plan, in pertinent part: "the Chief Medical Officer, that being Dr. Frantz. "Within sixty (60) days, shall verify the disability

Department of Correction Defendants refuse to Obey or accept Plaintiff's Mobility disability and are in Non-compliance with the Remedial Plan in so many areas. Thereby subjecting Plaintiff to pain and more severe irrparable harm.

7. Plaintiff, has since filed a grievance with AIC Office to comply with all the above issues regarding verification of disability. And the subjection of on going discrimination, and harassment and retaliation by DOC Staff. The AIC office is part of Department of Corrections, and that is why I protested to Cathie Holst appointment as AIC. There is a conflict, and bias decision by that Office.

8. In the Wardens, memorandum I got today (January 20, 2009) its clear he does not comply with Montez et al Remedial Plan of August 27, 2003. And that he relies on an out dated accommodation resolution. And claims Plaintiff has NO bottom bunk/bottom tier restrictions. He goes on to say I presented an Court Order to my case-manager regarded for vision and that it was denied.

I had to explain to my case-manager today, that the Court order was in regard to all my claims. that I filed pursant to the ADA and Montez et al. And that he was taking the vision issue out of context, and failed to read the court order entirely. Also, in the memorandume the Warden, stated: "during your COPD hearing for disobeying a lawful order, the Hearing Officer did allow you to introduce the documents you referred to. "... However, they were not for mobility, they were for vision."

That is not true, The hearings Officers did not want me to present any documents. And said, he was in a hurry and had other inmates to hold hearings for. I said, "I had a right to present evidence and documents." He then allowed them, but he never read or look at them. Only Lt. Parker, he looked at the last page. And said, its for vision.'' I had to show him the part where it said I was determined to have trouble walking and determined to be a major activity of daily life. Claimant is a member of the class as mobility impaired.

Neither the Hearing officers or the Warden, Michael Arellano took the time to read the Court Orders presented at the hearing. Or any investigation regarding the letter I sent to the Warden January 2, 2009.

9. Plaintiff, was called to his case-manger's office to day and given this Memorandume from Warden, Michael Arellano. Exhibit W. Its clear from the memorandume DOC and Medical dept., and AIC office do not recognize any of the Special Master's Court Orders. Plaintiff had to give his case-manager the court order to have a copy made. And compromising attorney confidentiality. This was to prove mobility impaired claim.

2.

10. Its clear from Plaintiff's "Motion for Defendants and counsel, To Comply to Final Order of Special Master." And the information and exhibits in this motion that Defendants and Attorney General office have not followed the August 27, 2003 Remedial Plan and this Court's Orders.

Subjecting Plaintiff to constant threats, harassment/retaliation and discrimination under the ADA and Rehabilitation Acts.

WHEREFORE, the Plaintiff, Ronald Cordova, request this Honorable Court issue its protective Order to prohibit further harassment/retaliation and discrimination by Defendants DOC Staff, and order expungement & restoration of earn and good time that was taken. Because of Plaintiff's disability and Defendants refusal to obey federal court orders.

January 20, 2009

Respectfully submitted

*Ronald Cordova*
Ronald Cordova, #57350
AVCF       Unit 4
P.O. Box 1000
Crowley, Co 81034

CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing pleading was sent to the below parties, postage/prepaid by U.S. Mail. the the following;
On January 20, 2009

Attorney General Office
1525 Sherman St., 5th Fl.
Denver, Co 80203

Judge, John Kane
U.S. District Court
901 19th Street
Denver, Co 80294

Special Master,
Judge. R. Borchers
Legal resolution Center
7909 Zenobia St
Westminster, Co 80030

*Ronald Cordova*
Ronald Cordova, 57350

# STATE OF COLORADO

## COLORADO DEPARTMENT OF CORRECTIONS

Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:   (719) 226-4541
Fax:      (719) 226-4565
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

December 12, 2008

Ronald Cordova, #57350
AVCF, Unit 4
P. O. Box 1000
Crowley, CO  81034

Dear Mr. Cordova:

I am responding to your letter dated October 9, 2008. I have reviewed your medical record regarding your concern about the ADA remedial plan and your knee braces.

You were screened for a disability on July 20, 2007, and found to not have a qualifying disability. This means that you are not disabled; therefore, you are not a member of the class for the ADA Remedial Plan.

You asked if I was notified that your knee brace had been taken on September 7, 2006. I would not have been notified as I was not the Chief Medical Officer at the time. I have no way of knowing if the Chief Medical Officer was notified at that time. As stated above, notification of the Chief Medical Officer would not be necessary because you do not have a disability and are not a member of the ADA class.

I reviewed Dr. Patterson's consult note dated November 14, 2001. Dr. Patterson specifically states that he does not recommend knee reconstruction for you. Given that recommendation, surgery would not be approved. Dr. Patterson also recommended a brace for your left knee only. There would be no indication for you to have a brace for your right knee since Dr. Patterson specifically states that your right knee is stable. Physical Therapy provided you with a left knee brace on January 24, 2002. You stated that your knee brace was taken during a shakedown; however, when the provider who saw you asked you to provide a copy of the shakedown slip, you did not do this.

Regardless, the best treatment for tears in the anterior cruciate ligament of the knee is to strengthen the muscles of the thigh, in particular the quadriceps muscle. This is done by walking and therapeutic knee extensions. This can even reduce or eliminate the need for a knee brace for most patients. The documentation in your medical record indicates that you exercise and walk a great deal. This is the best treatment for your knee.

You indicated you also had concerns regarding ADA grievances. This is outside the scope of my authority and I encourage you to work with the AIC regarding ADA grievances.

Review of your medical record indicates that your medical care has been appropriate. If you continue to have concern regarding your knee, I encourage you to work with your provider at the clinic for ongoing evaluation and management.

Sincerely,

*Paula J. Frantz by Julie Drew*

Paula J. Frantz, M.D.
Chief Medical Officer

PF:jad

ExHibiT CM-1

Exhibit W.

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

Arkansas Valley Correctional Facility
P. O. Box 1000
Crowley, Colorado 81034
Phone:  (719) 267-3520
Fax:    (719) 267-5024
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

DATE:    January 15, 2009

TO:      Offender Ronald Cordova
         DOC #57350
         Unit 4

FROM:    Michael E. Arellano
         Warden

SUBJECT: Seating in the Dining Hall

I am in receipt of your correspondence dated January 2, 2009. After looking into your concerns, I found the following:

1. Your most current Accommodation Resolution for mobility was denied. You no longer have a bottom bunk/bottom tier restriction.

2. There is not a Court Order which addresses mobility. The Special Master has not issued his final order in regard to your disability. The Court Order you presented to the Case Manager was for vision and it was denied.

3. During your COPD hearing for disobeying a lawful order, the Hearings Officer did allow you to introduce the documents you referred to. He did review them and he did consider them. However, they were not for mobility, they were for vision.

There are indeed instances when an individual would need to sit on the top tier; Unit staff are aware of these instances and allow those offenders to sit on the top tier. Therefore, if you do not have a documented need, you are to sit as required by the designated seating.

sjs
cc:    Joe Vigil

CORDOVA, RONALD				57350					AVCF

ORTHOPAEDIC CLINIC (11-14-01)  DOB: 4-8-92
Age 59, serving life. He complains of instability in the left knee and lesser problems with the right knee. He says it gives out and he "blacks out" when it does. He falls This dates back many years.

PAST MEDICAL HISTORY: Remarkable for what he calls occasional hypertension He has some benign prostate hypertrophy and peptic ulcer disease problems.

SURGICAL HISTORY: Not available.

ALLERGIES: IVP dye.

MEDICATIONS: Seldine.

REVIEW OF SYSTEMS: Negative.

FAMILY HISTORY: Noncontributory.

EXAMINATION: He is a small muscular man, alert and oriented. He has a stable right knee with mild patellofemoral crepitus. On the left he has a positive Lachman and positive pivot shift and medial joint line tenderness, otherwise, clinically stable. Good pulses, normal sensation, normal motor function, no effusion.

X-rays from 1997 unremarkable.

IMPRESSION: Longstanding ACL deficient left knee. I suspect he has some cartilage damage as well.

RECOMMENDATION: Arthroscopy. Would not proceed to reconstruction because of age. I have explained that in detail to him. He does need an off-the-shelf hinged brace to manage his instability on the long-term on the left knee which will be permanent.

Jacob Patterson, M.D.
Orthopaedic Consultant

T: 11-15-01/mp

FILED IN COMBINED COURT
CROWLEY COUNTY, COLO.
DEC 26 2006
Dawn Stallsworth
Clerk of Court


RECEIVED 6  DATE 12-10-01

Exhibit A