IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL OWENS, et al.,

    Defendants.

---

Claim Number: 03-138
Category: III
Claimant: Kevin Mark Bretz, #4654
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

# RULING OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the claim of Claimant Kevin Mark Bretz. The Special Master previously ruled in favor of Mr. Bretz and ordered CDOC to provide proper medical care to him. CDOC was ordered to "send Mr. Bretz to outside orthopedic and neurosurgery specialists for examination and to promptly treat Mr. Bretz as the specialists direct. The examination shall include his back, leg and ankle conditions." Mr. Bretz is now claiming that CDOC has failed to conform to this order and has failed to properly treat him.

This Hearing was set to hear these claims and to allow both sides to present their evidence. The hearing was held at SCF on November 19, 2009 before Richard C. Davidson, Special Master. Mr. Bretz appeared *pro se*. Defendants were represented by James Quinn, Esq. The following witnesses were called, sworn and testified: Case Manager Robert Manning; Lt. Edward Lawson; Dexter Donald Koons, M.D.; Paula Frantz, M.D.; Lt. Steven J. May; and Daryl Thomas Fenton, M.D. The Special Master has reviewed the testimony and all documents filed by both sides. This Order shall constitute the ruling of the Special Master in this matter.

1

# I. FINDINGS OF FACT

1. Following the Final Order, Claimant was sent to specialists but according to Claimant, they were DOC contract doctors rather than "outside doctors" as ordered. These specialists examined Mr. Bretz and one performed an arthroscopic procedure on his knee. Claimant testified that the procedure left him in more pain than he had before the procedure.

2. Mr. Bretz testified that CDOC has discriminated against him by confiscating his brace when he was sent to CSP. He says he needs an ankle brace "that fits", a back brace, 10" high boots and medications that do not harm him. He wants Vicodin that was recommended by one of the specialists. He has been given a cane to aid his mobility. He also wants to be sent to Ft. Lyon.

3. Dr. Koons testified that he examined Claimant on January 23, 2008 at the request of CDOC. At the time of the exam, he had the medical chart and had reviewed it. Contrary to the claims of Mr. Bretz, he did not recommend surgery, although he did recommend an epidural steroid injection. This injection, into the L5-S1 space, was done on April 18, 2008.

4. Dr. Fenton testified that he examined Claimant on November 2, 2007. At that time, Mr. Bretz didn't _need_ to have any treatment, although there was treatment that _could_ have been done. He did prescribe oxycontin for the short term until Claimant saw a neurosurgeon. He did not recommend surgery.

5. Dr. Frantz testified that she has reviewed Claimant's medical records on three occasions. She has specifically reviewed the records for his back, knees and ankles, as well as his overall care. She concluded that Claimant does not have liver cancer or end stage liver disease. He does suffer from Hepatitis C and glaucoma, as well as his back, knee and ankle problems. He has been issued ankle foot orthotics and high shoes. The orthotics were made by an outside provider. She also testified that Claimant does show drug seeking behavior, although he sometimes refuses to pick up medications and sometimes refuses transports, tests and exams. His medications are proper.

6. No evidence was presented to show that Claimant is not disabled or is no longer in need of his restrictions and assistive devices.

# III. CONCLUSIONS OF LAW

1. Claimant remains disabled and must be furnished with his needed assistive devices and restrictions. He shall be furnished with an ankle brace, high shoes or boots and a cane. When needed, these items are to be replaced or refitted. His restrictions shall not be removed.

2. The Final Order required that Mr. Bretz be sent to outside specialists for examination. In fact, CDOC did send him to Doctors Koons and Fenton. The Order also

required CDOC to promptly treat Claimant as the specialists recommended. This was also done when Claimant received the epidural injection from Dr. Koons. This part of the Order has been followed.

      3. Mr. Bretz also claims that he has not been properly treated, that he needs different braces and boots and that he should be sent to Ft. Lyon. The records show that he has been issued an AFO, high shoes and a cane. Nothing else has been recommended for him. Placement at facilities within CDOC is not something that the Special Master has jurisdiction to direct. Neither is the seizure of personal property on transfer to a maximum security facility.

      4. Mr. Bretz has failed to prove that CDOC has not followed the Final Order issued by the Special Master. Claimant's motion must, therefore, be denied.

## IV. ORDER

      IT IS ORDERED that Claimant's Motion to Compel is denied; and

      IT I FURTHER ORDERED that the Final Order of July 23, 2007 shall remain in full force and effect.

      SIGNED this 27th day of January, 2009

                                    BY THE COURT:

                                    */s/ Richard C. Davidson*

                                    Richard C. Davidson,
                                    Special Master