United States District Court, Clerk     92-cv-870-CMA
901-19th Street
Denver, Co. 80294

Mr. Michael K. Tivis
#52378
SCF-1-B-109
P.O. 6000
Sterling, Co. 80751

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 04 2009

GREGORY C. LANGHAM
CLERK

Claim No. 03-276
Category III

Dear Special Master,
    On or about May 16, 2007 this Honorable Court granted in part and awarded damages. Since this order I've received only retaliatory acts. During the time of this order I was at the Arkansas Valley Corr. Facility (AVCF) in Crowley Co. A disability screening determined that I have a mobility disability. At AVCF I worked for Correctional industries as a Department of motor vehicle (DMV) phone tech. I would answer phone calls. No standing, was required. I lived on the bottom floor. My accommodations were perfect for my condition. The only real problem I have with my disability is the pain. So I filed a 1983 civil suit, as a attempt to get CDOC to address the issue of the pain. What I got was

sent to the Sterling Correctional facility because the last thing SCF will provide is relief for those that suffer with disabilities. Sterling Corr. facility, is what it is. A facility use to house trouble makers and management problems. Neither of which I am. I'm just a guy who for the past 8 yrs has been forced to endure severe pain in his hips because of severe degenerative joint disease (DJD). The recommended surgery has been delayed and denied for over 8 yrs. CDOC believes they can pick and choose the ADA accommodations to follow. CDOC knows my condition requires more than basic accommodates. If this were the case there would be no reason for a transfer and I wouldn't have lost my job. One of the best DOC jobs. The transfer was for vindictive, malicious and retalitory intent. The transfer has caused me to suffer greater pain than the condition itself. At times I have to stand in line nearly a hour for medication. This is not good for someone with a mobility disability, I also have to walk 3 times as far than I had to before I was transferred, to get to the kitchen. Clearly CDOC chose the accommodation that would cause the most harm. CDOC was well aware SCF couldn't provide relief for my mobility disability. The transfer wasn't for relief, it was for punishment. I would very much appreciate it if you would look into this matter.

Very Truly
Michael Givis

1-13-09
Date

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:     Offender Tivis, Michael #52378
        AVCF

FROM:   Marshall Griffith, Designee *MG*
        Office of the AIC (ADA Inmate Coordinator)

RE:     Refusal to cooperate in ADA process

DATE:   November 12, 2008

---

The Special Master in the *Montez v. Owens* lawsuit determined that you are a member of the *Montez* class and has identified you as having diabetes or that you have one or more of the listed disabilities covered by the *Montez* litigation. You have refused to cooperate with the ADA screening process, therefore, we are unable to obtain accurate, up to date information regarding your condition upon which to make accommodation recommendations.

If you have been identified as a diabetic, you will be provided with the eight (8) agreed-upon diabetic accommodations pursuant to the Stipulation dated 4-4-08. These accommodations will be reflected on an individualized Accommodation Resolution form. Your cooperation is not necessary for the issuance of the Accommodation Resolution as it is established that you do have diabetes regardless of your refusal to cooperate with the process.

If you have a vision, hearing or mobility disability, you will receive accommodations based upon specific orders from the Special Master or accommodations determined to be necessary based upon current medical records and our understanding of your condition. ***Because you refused to cooperate, you will only receive basic or standard accommodations.***

If you feel that you require any additional accommodations, ***you must cooperate with this office and the ADA screening process.*** This is the only way additional accommodations can be determined. You can obtain the ADA forms from any DOC staff member. You will receive your Accommodation Resolution in the near future and the ADA alert will remain on your file.

Thank you.

cc: AIC file.