IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA(Consolidated for all purposes with Civil Action No. 96-CV-343)

JESSE (JESUS) MONTEZ, et al.,

   Plaintiffs,

-vs.-

BILL OWENS, et al.,

   Defendants.

---

Claim Number: 03-276
Category: III
Claimant: Michael K. Tivis, #52378
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

**ORDER OF SPECIAL MASTER**

---

THIS MATTER comes before the Special Master on Claimant's letter and attached document (#3811). In his letter, Claimant alleges that he has been the victim of retaliation because he has a mobility impairment. He has alleged that his transfer to the Sterling Correctional Facility was "for vindictive, malicious and retaliatory intent." He has requested court action through the Special Masters.

The hearing on the claim of Claimant occurred on May 3, 2007 at the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. The final order was issued on May 16, 2007. The Special Master determined that Claimant was mobility impaired on or before August 27, 2003. The Special Master further determined that Claimant had been the victim of discrimination prohibited by the ADA and awarded Claimant damages in the amount of $180.00. The Special Master did not issue any orders concerning further accommodations that needed to be provided to Claimant.

Claimant's allegations are serious. The letter attached from the Office of the ADA Inmate coordinator states that Claimant has not cooperated with that office for an appropriate screening. That letter was written on November 12, 2008.

The final order issued by the Special Master determined that Claimant was mobility impaired on or before August 27, 2003. That order awarded monetary damages to Claimant for discrimination that occurred prior to August 2003. The Special Master did not order DOC to provide specific

accommodations or restrictions. Claimant cannot rely on the final order as a basis to now compel DOC to provide certain accommodations for him. There is no indication that Claimant did not receive his monetary damage award. The final order probably does not provide any basis for a retaliation claim.

The larger question that has arisen deals with the jurisdiction that exists, if any, for the Court to consider individual inmates' requests for relief under the Remedial Plan and the two stipulations that have been entered into and approved. The positions of class counsel and Defendants are diametrically opposed. The Special Masters have submitted a report and recommendation to the assigned District Judge and have requested guidance. Claimant's letter will be treated as a request for relief. Until the jurisdictional issue is resolved by Judge Arguello, the Special Masters may not act on requests for relief. A copy of the report and recommendation will be provided to Claimant.

IT IS HEREBY ORDERED that Claimant's letter and attached document will be treated as a motion for relief and will be held in abeyance.

SIGNED this 17th day of February, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master