IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES)
(Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL OWENS, et al.,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 20 2009

GREGORY C. LANGHAM
CLERK

Claim Number: 03-334
Category: III
Claimant: Marty Bueno, #50565
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO, 81215

## MOTION FOR RELIEF

THIS MATTER comes before the Honorable Judge Kane as a Motion for Relief.

The claim of Claimant was adjudicated in November 2007 by Special Master Richard C. Davidson. Claimant partially prevailed on his claim. The Motion of Claimant alleges a discrimination by DOC staff that occurred recently at CTCF.

On December 29, 2008 Claimant sent a letter claiming discrimination to the Special Master and forwarded a copy to Counsel. On the same date Claimant filed an ADA Grievance claiming discrimination. When no response to the "step one" Grievance was received, the Claimant filed a "step two" Grievance concerning the need for immediate attention. Claimant explained that the the remedial plan was developed and implemented to ensure that discrimination would not accur against any inmate who has disabilities, whether or not the disability impacts that inmate's placement. Furthermore, Claimant argued that CTCF should maintain 2% number of accessible beds as required by the remedial plan.

1

However, CTCF is trying to avoid pending compliance by removing all medical Montez and non-Montez inmates from callhouse one. Many disabled inmates are being stripped of their medical restrictions, such as bottom bunk and bottom tier restrictions, although they are allowed to keep their assistive devices, such as canes. To achieve this forceable move, CTCF is housing inmates with medical injuries to the same cell where inmates need to struggle to climb to the top bunk or upper tiers using the stairs. In other words, there are canes on top of canes.

Claimant accused Clinical Services of conspiring with CTCF to violate the rights of individuals by removing their medical restrictions. This action requires an expert consultation to ensure there is no immediate threat to the inmate's health that may also cause other serious harm; but of course this was never considered. Imnates were informed they no longer have medical accomodations.

To assure there there is no Showing of discrimination against Montez inmates, CTCF's method of treatment was to eliminate medical restrictions for inmates who have disabilities who are not under specific guidelines to avoid any personal claim of segregating Montez inmates.

The emergency issue here is that by eliminating all medical inmates from cellhouse one, CTCF takes away 84 first and second tier bottom bunks, which is clearly opposed to the orders of the Remedial Plan. The damage inflicted on disabled inmates with first and second tier and/or bottom bunk restrictions is that those inmates will be required to wait months in cellhouse 5 (Admissions and Orientation) while waiting for an accessible bed.

*Marty Bueno*

2

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this ___ day of February, 2009 to the following:

King & Greisen, LLP
1670 York Street
Denver CO 80206

Mr. James Quinn
Mr. Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203

Mr. Marty Bueno
Reg. No. 50565
C.T.C.F.
P.O. Box 1010
Canon City CO
81215-1010