IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

  Plaintiffs,

-vs.-

BILL OWENS, et al.

  Defendants.

───────────────────────────────────────────────────────────

Claim Number X-338
Category: Untimely Filed Claim
Claimant: Cara Bigelow, #143758
Address of Claimant: LVCF, 1401 W. 17th Street, Pueblo, CO 81003

───────────────────────────────────────────────────────────

## ORDER OF DISMISSAL OF SPECIAL MASTER
───────────────────────────────────────────────────────────

  THIS MATTER comes before the Special Master on the damage claim form of Claimant. Claimant has alleged that she is mobility impaired. Claimant also has stated that she came into DOC custody on November 13, 2008.

  Since it appeared that there may be no jurisdiction over this claim, a show cause order was issued to Claimant. Claimant has filed a letter and other documents in support of her claim.

  According to the DOC Inmate Locator, Claimant was sentenced to DOC custody on November 6, 2008. This would be consistent with the DOC number assigned to Claimant. It is clear that Claimant was not in DOC custody on or before August 27, 2003.

  Claimant has checked the box indicating that she has a mobility impairment. In her letter, Claimant has detailed her medical condition which relates to a prolapsed bladder. It would appear that Claimant has significant health issues facing her at the present time.

  This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the

victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. Claimant came into DOC custody after August 27, 2003. There is no jurisdiction over this damage claim and it must be dismissed.

There is a jurisdictional issue before the assigned District Judge as to what authority, if any, the Court has to adjudicate individual requests for relief under the Remedial Plan. A report and recommendation have been submitted by the Special Masters. The assigned District Judge will need to resolve this issue. If the assigned District Judge rules that jurisdiction exists to accept and adjudicate individual requests for relief, then Claimant may refile her claim as a request for immediate relief.

IT IS HEREBY ORDERED that the damage claim of Cara Bigelow is dismissed for lack of jurisdiction, as she came into DOC custody after August 27, 2003; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 11, 2009.**

SIGNED this 23rd day of February, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master