IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-442
Category: III
Claimant: Cleotis A. Lewis, #85892
Address of Claimant: CCCF, 6564 State Highway 96, Olney Springs, CO 81062

---

## ORDER OF SPECIAL MASTER

---

    THIS MATTER comes before the Special Master on Claimant's latest pleading which is entitled "Special Appearance and Not Generally, Petition Under Oath for In Forma Pauperis Status in Response to Special Master Richard M. Borchers Feb. 10th , 2009 Order of Special Masters in Orders to Conclude Full Development of Record and All Material Facts." Attached to that document are a number of other documents, many of which have been submitted previously by Claimant.

    This document and its attachments came directly to the office of the Special Masters. This document appears to contradict the previous motions filed by Claimant. The Special Master would note that Claimant objected previously to an order that did not provide him certified copies of his medical records. The Special Master advised Claimant that certified records were unnecessary, and that all copies of medical records would be accepted without further evidentiary foundation. It was the understanding of the Special Master that Claimant objected to this ruling and wished to have the assigned District Judge determine if he was entitled to a certified copy of his medical records. The Special Master allowed addition time for Claimant to submit documents in support of his claim.

    The Special Master is now at a loss as to what Claimant wishes to do. His previous objection to the order of the Special Master has been referred to Judge Arguello. It is unknown how long it will take to resolve the objection. Claimant is entitled to have the District Judge review the Special Master's order.

    The vast majority of the information contained in the last few pleadings from Claimant

references the Uniform Commercial Code. Claimant should be aware that the damage claim process came into being through approval of the Remedial Plan, which was approved by Judge Nottingham on August 27, 2003. The Remedial Plan was the contract entered into to settle the case, rather than the class proceeding to trial. Absent the Remedial Plan, Claimant would not be able to file his claim. He would have to file a separate lawsuit, but after exhausting the requirements of the Prisoner Litigation Reform Act. *42 U.S.C. §1997e(a)*. Absent an exhaustion of grievance rights, there would be no jurisdiction in this Court to adjudicate a separate case *Jones v. Bock*, 549 U.S. 199 (2007).

Paragraph XXXII of the Remedial Plan established the damage claim process. It was pursuant to this provision of the Remedial Plan that Claimant was able to file his claim. This provision has provided the basis for adjudication of damage claims for almost five years. Judge Kane ruled on December 9, 2004 that the Federal Rules of Civil Procedure do not apply to the damage claims process. A copy of that order will be provided to Claimant. Stated simply, the damage claim process is a creation of the Remedial Plan. Claimant's reference to Rule 37 means nothing in light of Judge Kane's ruling. The Special Masters have been required to follow Judge Kane's ruling since it was issued. Nothing will change for Claimant, as he is bound by Judge Kane's order.

Claimant is entitled to complete his record consistent with the provisions of the Remedial Plan. There is no basis for seeking certification of the medical records in the Remedial Plan. There is no basis for granting *in forma pauperis* status, but the Special Masters have directed copies of medical records at no expense to claimant. In this case, the Special Master granted Claimant an additional one hundred pages of copies at no expense. There has been no showing that Claimant has been denied any additional copies that affect his case.

The Special Master understood that Claimant wanted the District Judge to rule on his objection. The Special Master will provide to Claimant unlimited time to secure a ruling on his objection. If the Claimant wishes to proceed to adjudication of his claim, he may so request that occur.

IT IS HEREBY ORDERED that Claimant's claim shall remain open indefinitely in order to allow a ruling by the District Judge on the objection to a previous order of the Special Master or until Claimant requests that the adjudication of his claim go forward.

SIGNED this 5th day of March, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master