# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

BILL OWENS, et al.,

    Defendants.

## ORDER RELATING TO TENTH CIRCUIT REMAND

Pursuant to the Order and Judgment of the Tenth Circuit Court of Appeals dated January 9, 2009, in Case No. 08-1049, the Tenth Circuit directed the district court to "make a determination whether plaintiffs, in the Remedial Plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]."

The Court has reviewed the Remedial Plan and notes that the relevant section of the Remedial Plan, § XXXII, provides the following with respect to the appellate rights of claimants filing claims under the Remedial Plan:

> After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

The Court has also read the Defendants' Answer Brief in the above-referenced appeal and notes Defendants' position with respect to the interpretation of this provision

is that claimants filing for damages under the Remedial Plan have waived their rights to appellate review beyond that provided by Judge Kane.

The Court is unaware of the position of Class Counsel on this issue. On or before March 19, 2009, Class Counsel is to file with the Court a statement of its position regarding whether it agrees or disagrees with Defendants' interpretation of § XXXII of the Remedial Plan. If Class Counsel agrees with the Defendants' interpretation, the matter is resolved. If Class Counsel disagrees with Defendants' interpretation, then the Court believes that Section XXXVI.A. of the Remedial Plan is triggered. This provision provides the following process for resolution of disputes concerning the interpretation of the Remedial Plan:

> In the event the Parties are unable to resolve their disagreement concerning the rights and obligations under or concerning the proper interpretation of this Remedial Plan, representatives of each Party shall confer and attempt expeditiously and in good faith to resolve their disagreement.

As such, in the event the parties do not agree on the interpretation of § XXXII of the Remedial Plan, the Court directs Class Counsel and Counsel for the Defendant to confer and attempt expeditiously and in good faith to resolve any disagreement regarding the appropriate interpretation of this provision of § XXXII of the Remedial Plan.

On or before April 1, 2009, Class Counsel and Counsel for the Defendant are to file a status report with the Court outlining the efforts made to resolve any disagreement regarding the appropriate interpretation of this provision of § XXXII of the Remedial Plan

and the status of such efforts. In the event the Parties are unable to resolve their disagreement, the Parties are to submit their respective positions and bases for such positions in writing to the Court by no later than April 15, 2009. The matter will then be scheduled for hearing.

DATED: March  5 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge