NORMAN E. WIEGAND
Register No. 58767
C.T.C.F. Cellhouse 3
P.O.Box 1010
Canon City, Colorado
81215-1010

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 09 2009

GREGORY C. LANGHAM
CLERK

The Honorable Judge Kane
U.S. District Court of Colorado
901 19th Street, Room A-105
Denver, Colorado 80294

February 25, 2009

      RE:    <u>MONTEZ Accommodation Resolution</u>

Your Honor,
    I have found myself in the position of not quite knowing what
further action I should take to get an Accommodation Resolution
from the A.I.C. of the Colorado Department of Corrections. Attach-
ed you will find copies of all that I have already done to that
end, including filing the initial request in June of 2008, filing
and winning a grievance on the issue in October/November of 2008
(attached D-CT08/09-263), and sending a letter directly to the A.
I.C. To date, my efforts have been fruitless. I have not been iss-
ued an Accommodation Resolution, nor has my letter to the A.I.C.
even been acknowledged.

    Sir, if the reason for this delay is what I suspect, it is
something that can only be addressed by someone of your authority.
I believe that my resolution has been withheld by what can only be
described as a deliberate attempt to deny me the accommodations I
require. I believe this has been done by my case manager, Lieuten-
ant N. O'Malley, on direct orders of my housing supervisor, Lieut-
enant G. Heidenthal.

    I do not make this charge lightly. In fact, I have direct kn-
owledge of this exact thing happening to my former cellmate, Mich-
ael Duane Windsor, Register No. 64336. His Accommodation Resoluti-
on was issued by the A.I.C. months before he actually received it.
Additionally, he did not receive it from our case manager, Lt. O'
Malley, as is the norm, but from the A.D.A. Wheelchair Liaison,
Lieutenant R. Smith, who got it from our Health Services Administ-
rator, Yvette Pope, who discovered it, quite by accident, on her
computer. When Mr. Windsor returned to the cellhouse with a copy
and requested his approved accommodations, presenting his copy to
C/O Cruz, C/O Cruz was heard to say that Lt. Heidenthal was "going
to be pissed" because Mr. Windsor had a copy of his Accommodation
Resolution.

    Furthermore, this is not the only incidence of Lt. Heidenthal's
interference with offender's medical orders. I myself have had issue

(1)

Norman E. Wiegand
Page 2

with him over Medical Housing Restrictions he did not agree with.

I have a neurological disorder that requires me to catheterize myself to empty my bladder. It is called a Neurogenic Bladder which was caused by my being born with spina biffida. I had a recommendation from the Chief Medical Officer of Beuna Vista Correctional Facility, Scott McLaughlin, M.D. that I be housed in a single-occupancy cell due to the risk of infection. The Nurse Practitioner who examined me at C.T.C.F., Mary K. Carter, A.N.P., entered orders in my medical record, twice, that I be housed in a single-occupancy cell due to the risk of infection. Instead of following D.O.C. Administrative Regulations 700.01(IV)(F)(1), (2),(3), & (4) (attached), Lt. Heidenthal refused to follow medical orders. He put me in a double-occupancy cell. He then contacted Ms. Pope and together they lied to me saying that the orders had been changed, though they had not, as neither had the authority, legal or administrative, to change them. Ultimately, I was, and still am, denied proper housing due to the interference of Lt. Heidenthal. As there are other cases of this type of interference by this official, it is in no way incredible that Lt. Heidenthal would interfere with my receiving my Accommodation Resolution, particularly if he does not agree with the accommodations.

Please note that I do not claim that the A.I.C. is in any way involved with this. This is done by my case manager, Lt. N. O'Malley, after she receives the documents from the A.I.C. on orders from Lt. G. Heidenthal, the Cellhouse 3 Housing Supervisor. When Lt. O'Malley receives the documents, she notifies Lt. Heidenthal who then decides what to do. If they are to be withheld, Lt. O'Malley just sits on them and does not issue them. She does not do this with all of the resolutions she receives. I have personally observed her issuing Accommodation Resolutions to offenders. She only withholds those Lt. Heidenthal tells her to hold.

I have no reason to believe that the A.I.C. has not issued my Accommodation Resolution. The A.I.C. granted my grievance and stated that I had indeed waited too long for my resolution; that it would be drafted immediately and sent to my facility. They even apologized for the delay (attached).

Your Honor, if my suspicions are wrong, I apologize for wasting your time with them, however, if they are true, I think you will agree that the situation must be addressed. Nonetheless, I still do not have an Accommodation Resolution though some of the accommodations that I requested have been granted. e.g. I now have two hearing aids, I am in a cell with hand rails and an intercom, and the shower is equipped with a fold-away bench. I suspect that my resolution is being withheld because I included my Neurogenic Bladder as a disability because it does alter a major life function and does require accommodations as to jobs and clean areas in

Norman E. Wiegand
Page 3

which to perform this task in as sterile an area as possible due
to the high risk of infection. I think that this may be why Lt.
Heidenthal is withholding my resolution. He really does not want
to give me a single-occupancy cell because he has so emphatically
resisted doing so. He truly believes he is above the law where we
(offenders) are concerned.

        Thank you for your time. I hope I have not wasted it. I pati-
ently await your reply.

                                Respectfully,

                                Norman E. Wiegand


cc:  The Honorable Judge Burchers
     Legal Resolution Center
     7907 Zenobia Street
     Westminster, Colorado 80030

     Mr. Jesse Dance, Esquire
     Office of the Attorney General
     1525 Sherman Street
     Denver, Colorado 80203

     Ms. Paula Greisen
     King & Greisen, LLP
     1670 York Street
     Denver, Colorado 80206

RECEIVED

REQUEST FOR ACCOMMODATION

JUN 1 1 2008

## I. OFFENDER INFORMATION

Office of Correctional
Legal Services

| Offender Name: | WIEGAND, Norman E. | DOC #: | 58767 |
| Current Facility: | BVCF | Date: | 06/05/08 |

## II. CLAIMED DISABILITY:

| Mobility | X | Hearing | X | Other | X |
| Vision | X | Diabities | |

## III. ACCOMMODATION REQUESTED:

1. Describe your disability:

**MOBILITY:** Degenerative Disc Disease, Spina Biffida (L5), Scoliosis, and bone spurs in my neck.

**VISION:** I need trifocals for seeing and reading but currently only have bifocals.

**HEARING:** Nerve damage in both ears. Currently have one hearing aid for my left ear. Need one for my right ear, as per CMHIP audiologist. Was told that DOC only provides one.

**OTHER:** Neurogenic bladder. Requires self-catheterization to void my bladder every time I need to urinate.

2. What documentation do you have to verify your disability?

   DOC Clinical Services medical file.

3. What major life activity is limited by your disability?

**MOBILITY:** Walking, sitting or standing for long periods, motile maneuverability, lifting and/or carrying weight, and bending over. Limits jobs and physical activities I can perform.

**VISION:** Cannot focus on objects at relative intermediate distances.

**HEARING:** Progressive hearing loss due to nerve damage.

**OTHER:** Cannot urinate normally. Must self-cath using tubes, lubrication and a clean area.

4. Have you been denied the ability to participate in a DOC job, program, or service?

   I have never been denied a job, but because of my physical limitations I am unable to do many jobs and have therefore been consigned to clerking or ½ pay cellhouse make work jobs.

5. Identify the modification or accommodation you need to perform major life activities.

**MOBILITY:** Handicapped seating in dining hall. Handrails in shower or a shower stool.

**VISION:** Trifocal glasses as the DOC formally supplied.

**HEARING:** A second hearing aid. Relocation to a cell with an intercom and/or a strobe alarm. A vibrating watch.

(1)

Request for Accommodation Continued
WIEGAND, Norman E., 58767


OTHER:          Relocate to a single cell, as per Dr. Scott McLaughlin's
                recommendation, due to risk of infection.



                                   _____
                                   Norman E. Wiegand, 58767


xc:   file

      King & Greisen, LLP
      Attorneys at Law
      1670 York Street
      Denver, Colorado 80206

      Robert Wiegand II
      5261 South Quebec Street
      Greenwood Village, Colorado 80111-1819

Colorado Department of Corrections
Administrative Regulation
**700.01**
    **IV.**   Procedures
          **A.**   The Deputy Director of Clinical Services of Designee

                **2.**   Final medical judgements will rest with the chief medical officer who is a physician.

### **F.**   **MEDICAL ORDERS**

**1.**  It shall be the policy of the DOC to implement all medical orders concerning offender health care written by DOC and contract providers delivering primary health care. Medical orders written by consulting specialists are considered **recommendations** until a DOC or contract primary care provider writes the order.

**2.**  Clinical Servicde' DOC employees and contract workers will is issue concise and specific orders relative to the health care needs of offenders under their care and assure that orders are properly disseminated to appropriate facility DOC employees and contract workers. Clinical decisions will remain the sole province of responsible physician, dentist, or mental health DOC or contract workers and are not countermanded by non-clinicians. Treatment decisions are not subject to alteration or reversal by non-health care DOC employees and contract workers.

**3.**  Facility/unit administrative heads shall ensure that medical orders are augmented by necessary job, housing, meald/diets, and/or security arrangements. At no time shall a medical order be ignored or neglected by DOC employees and contract workers

**4.**  Whenever conflict arises as a result of a medical order to address medical problems, no delay of implementation shall occur. The facility/unit administrative head and the local HSA shall meet following any such conflict to resolve any residual issues. Medical orders shall be limited to those actions, prescriptions, and theraputic procedures that clearly deal with the defined health need of the offender.

Norman E. Wiegand
DOC #58767
CTCF-3
P. O. Box 1010
Canon City, Colorado
81215-1010

Office of Correctional Legal Services
Office of ADA Inmate Coordinator
Cathie Holst, ADA Inmate Coordinator
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195

January 21, 2009

RE:     Accommodation Resolution

Dear Ms. Holst,

        I originally filed my Request for Accommodation in June of 2008. I received
a letter from Meghan A. Reed in September of 2008, stating that my disability
determination was being delayed by the CMO for further tests. On November 10,
2008, I filed a step one grievance (D-CT08/09-263) because I had yet to receive
an Accommodation Resolution. On December 2, 2008, this grievance was GRANTED by
Adrienne Jacobson, Designee, and was co-signed by you on December 8, 2008. The
response to the grievance was sent to me on December 10, 2008 and I received it
on December 24, 2008. In the response I was told that my Accommodation Resolut-
ion would be drafted immediatly and sent to my facility. I was apologized to for
the delay.

        It is now January 21, 2009, and I still have not received my Accommodation
Resolution. Based on the dates above, your office has had well over a month to
prepare and forward my Accommodation Resolution. If it has been sent to my fac-
ility, I have not received it. Frankly, if you have already issued it, and I
haven't received it, I suspect that it has been withheld by my case manager, on
orders from Lt. G. Heidenthal, my housing supervisor. There is a basis for this
suspision; it has happened to one other offender here that I personally know of.

        If you have already issued my resolution, I repeat, I have not received it.
I would appreciate a formal copy of my resolution, sent under seal, directly to
me, as I requested in my grievance. If it is not the case, I again request that
a copy be sent directly to me, under seal, as that is the only way I think I
will ever receive my copy.

        I have now been waiting seven months for this Accommodation Resolution.
You have already conceded that I have waited too long at six months. When can I
expect my resolution?

                                        Respectfully,

                                        Norman E. Wiegand

xc:   file
      King & Greisen, LLP
      Robert Wiegand II, Esquire

DC Form 850-04A (07/01/07)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number **D-CTC809-263**   STEP (Circle One) ①  2   3   ADA?   Yes ✓  No ☐

| NAME WIEGAND, NORMAN E. | DOC NO. 58767 | FACILITY CTCF |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: I originally filed my Request for Accomodation in June of this year (2008). I received a letter from Meghan A. Reed in September saying that my disability determination was being delayed by the C.M.O. for further tests. To date, the only other test was the third repeat of the muscle strength of my legs, this time by a N.P. It is now November. You have had enough time to conduct all the tests necessary to determine my disabilities over 10 times. I think you are procrastinating.

REMEDY

A prompt determination on my Request sent directly to me under seal to avoid any further delays.

| DATE: 11-10-08 | OFFENDER SIGNATURE  Norman J Wiegand 58767 |
| DATE RECEIVED: 11/14/08 | RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & ID |
| RESPONSE | |

**SEE ATTACHED RESPONSE**
Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

Cherron Jackson 14299

Cathie Holst
12-8-08

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 12/2/08 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Cherron Jackson 14299 |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 11/12/08 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Connie Higgs 6163  Disability |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance: | |
| DATE: 12-24-08 | OFFENDER SIGNATURE/PRINT NAME & DOC # Norman NE WIEGAND 58767 |

**RECEIVED**

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

NOV 1 4 2008

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:   719.226.4245
Fax:      719.226.4249

Office of ADA Inmate Coordinator (AIC)

Bill Ritter, Jr.
Governor

Response to Step 1 ADA Grievance
From:   Adrienne Jacobson, Designee
          Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  November 14, 2008
Sent Response: December 10, 2008
Offender Name: WIEGAND, NORMAN
DOC No:  58767
Facility: CTCF
Grievance No:  D-CT0809-263

Aristedes W. Zavaras
Executive Director

**You are currently in the process of being screened however; no disability determination has been made**

In the grievance referenced above, you allege the following:

1.  That you have been awaiting the result of your ADA screening since June of 2008 and that this is an unreasonable delay.

**Requested Relief/Remedy:**

1a. To receive your disability determination.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1.  You do have an ADA alert on your profile and are currently in the process of being screened however; no disability determination has been made.
2.  In September of 2008, a delay memo was sent to you stating that more information was required in order to make a disability determination.
3.  Though the additional information was received; no accommodation resolution was drafted.

**CONCLUSION:**

Based upon the information above, this grievance is granted. I will draft your accommodation immediately and have it sent to your facility. I apologize for the delay.

**GRIEVANCE GRANTED.**