IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA (Consolidated for all purposes with Civil Action No. 96-CV-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-493
Category II
Claimant: Gustavo Osuna, #115940
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751
_____

## ORDER OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the reply of Claimant to the response of Defendants. Claimant believes that he is entitled to the amount of $50.00 as settlement of his case.

    Claimant has filed a reply. He states that "[o]n August 24, 2005 Plaintiff did respond to the counsel for the Defendants." He states that "he wanted the $50.00 payable in his real name Jacinto Lopez." Claimant maintains that he has not received his money though he agreed to the settlement offer from counsel for Defendants.

    The Special Master has received copies of all documents that were in the file that was sent to the Clerk's Office. The letter referenced in Claimant's reply was dated September 5, 2005 and received by the Special Master on September 7, 2005. Claimant states, in part, as follows:

> TO : Whom it may concern:
>     I received this letter Sept. 1, 2005 Thursday from the office of the Attorney General willing to want to settle my claim for $50.
>     Giving me till Sept. 12, 2005, here's a copy of the letter. Please get back with me as soon as possible don't know what I should do. I work late so send me something letting me know, for my deadline is Sept. 12, 2005.....

Attached to this letter was a copy of the correspondence from counsel for Defendants. That letter

offered $50.00 as full settlement for the damage claim filed by Claimant. In that letter, Jess Dance, then Assistant Attorney General, stated as follows:

> To accept this offer, you must respond in writing no later than September 12, 2005 to Jess Dance, Office of the Attorney General, 1525 Sherman Street, 5th Floor, Denver, Colorado 80203. If I do not hear from you by September 12, the settlement offer will be withdrawn.

Defendants' position is that Claimant failed to accept the offer of settlement on or before September 12, 2005. They further state that the offer was withdrawn after September 12, 2005.

The settlement of a legal claim requires the formation of a contract between the parties. *Yaekle v. Andrews*, 195 P.3d 1101 (Colo.2008). The formation of that contract can occur over a period of time when parties attempt to negotiate a settlement between them. *Id.* In this case, the offer of settlement was sent by Jess Dance, then Assistant Attorney General, to Claimant who was in a community corrections program. Claimant was offered $50.00 if he would forego the prosecution of his claim. In order to accept this offer, Claimant was specifically advised to contact Mr. Dance directly through a written response. The offer was automatically withdrawn on September 13, 2005.

The file reflects that Claimant did not respond to Mr. Dance. Instead Claimant sent a letter to the Special Masters asking what he should do. On order was entered on September 12, 2005 advising Claimant that the Special Masters could not provide any advice to him concerning the settlement offer. Based upon what was submitted by both sides, Claimant never did contact Mr. Dance directly. There was no correspondence from Claimant to Mr. Dance asking that the acceptance period remain open for an additional period of time. The claim was dismissed when Claimant absconded from his community placement.

No legally enforceable settlement agreement was ever reached between the parties. Claimant was directed to respond to Mr. Dance in writing, and he never did. The letter received by the Special Masters did not contain an acceptance of the outstanding offer. On the contrary, the letter sought advice concerning what he should do. Under *Yaekle*, no written acceptance of the outstanding offer was ever sent to Mr. Dance. Defendants have no obligation to pay the $50.00, as no binding settlement agreement existed in 2005 or later.

IT IS HEREBY ORDERED that Claimant's motion for payment of the settlement amount of $50.00 is denied, as no binding settlement agreement was ever entered into by the parties; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 11, 2009.**

SIGNED this the 6th day of March, 2009.

>BY THE COURT:
>
>*/s/ Richard M. Borchers*
>
>_____
>Richard M. Borchers
>Special Master