IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA (Consolidated with Civil Action No. 96-CV-343)

JESSE MONTEZ, et al.

Plaintiffs,

v.

BILL OWENS, et al.

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2009

GREGORY C. LANGHAM
CLERK



---

Claim Number: C-014 (combined with C-008)
Category C
Claimant: Ronald Cordova, #57350 (as well as the inmates who have signed on the letter)
Address: SCF  Unit 1-B-12, P.O.Box 6000, Sterling, Co 80751

---

Response to the special Master's court order, dated December 22, 2008

---

COMES NOW, the Plaintiff, in regard to the March 31, 2008 Stipulation with the very first issue (personal glasses) and the issues of the AIC has final power deciding inmates issue of grievances or claims.

1. The Plaintiff contends that the Stipulation does not address only Class members, but addresses the general Population of DOC. There is NO distinct reference to only class members. And effects every inmate in DOC.

2. Class members of Montez et al, were not aware of the issue of eye glasses during any meeting with class counsels. Plaintiff contends it was an issue presented without general knowledge of the class members.

3. Plaintiff, ask's how does Personal glasses become an issue in general in a ADA Law suit. When disabilities are the key issue. Inmate eye glasses is a due process issue that falls under personal property.

4. Plaintiff, Cordova has been transferred from AVCF on Feb 4, 2009 to SCF, it was claimed by his recent Case-manger Mr. Vigil that it was because of his mobility disability. Although, Plaintiff gave Notice pursuant to the Remedial Plan Page 5 and 6 to opt out of being moved. Because no other Facility could give him any other accommodation that AVCF already had.

6. Upon the transfer to Sterling Correctional facility, the Plaintiff is subjected to higher security and has been in lock-down ever since. He can only go to chowhall and law library just recently. A violation of the Remedial Plan and the lost of personal property. Also, violation of the August 27, 2003 Remedial Plan. Plaintiff's personal glasses were taken, plus other property. At AVCF Plaintiff was grandfather to have two personal glasses. The DOC issue were reading glasses basically (bifocals). Plaintiff's personal glasses were his new prescription and should have been allowed to keep them. This is a violation of the Remedial Plan and March Stipulation.

7. Since Plaintiff's arrival at Sterling Correctional facility, he has been told he does not have a disbility and will be reviewed by staff in the cellhouse to determine any disability. See Exhibit SCF A). Also since his new placement he has not been able to get medications he was prescribed at AVCF, until just recently.

8. Plaintiff should have been allowed to keep his personal glasses until a "REPLACEMENT pair" was issued. I had no intention of getting a new pair of glasses I could see very well with my new glasses. But they are gone now. And according to SCF Staff who took the glasses and other property it was destroyed because I refused to sent the property home. DOC Adminstrative Regulation give inmates ten days to decide or file grievances.

> Also: it is very clear in the Remedial Plan and March Stipulation that DOC Medical must 'replace' the eye glassess.

> Black's Law Dictionary, Sixth Edition. The word "replace" means. to place again: to restore to former condition. Illinois Cent. R. Co. v. Franklin County, 387 Ill. 301, 56 N.E.2d 775, 779. Term, given its plain, ordinary meaning, means to supplant with substitute or equivalent. Olenick v. Government Employees Ins. Co., 42 A.D.2d, 760, 346 N.Y.S.2d 320, 321. to take the place of.

The Special Master has not consider or given due consideration as to the replacement of inmates eye glasses and the provision agreed to by both Defendants Counsel and Class counsel in the Remedial Plan and March Stipulation. Which have been signed by judge J. Kane.

I have 100 % UVA and UVB protection, plus anti-glare from bright lights or Sun light. Along with Photogray lens to helpprotect further damage of Macular degeneration or photophobia. DOC must replace these prescribed treatments agreed to in the Remedial Plan and Stipulations. Otherwise the contarcts are broken/meaningless papers. And or, must be challenged to a higher court for review for failure to follow the aggreement of Remedial Plan and Stipulation.

9. The Plaintiff also brings to the Special Masters' attention, that Defendants have not been in complaince or have achieve substantial compliance with the Remedial Plan of August 27, 2003 and other issues ADA and Rehabilitation Act. It should be noted that the 2008 Stipulation was entered into lieu of further formal hearings in the past and may still be.

10. Plaintiff, would like to notify this Court also, that he no-longer sends any copies of these pleading to class counsel. Because Class counsel does not respond to any of his letters or pleading regarding non-compliance by DOC and its harassment and retaliation conduct. Plaintiff has gone through hell since his transfer by Cathie Holst. She never looked into the conditions were not the same as AVCF and that property and higher security was in violation of Remedial Plan. Plus, failed to honor the opt out agreement in Remedial plan for inmates wishing to stay at the present facility because accommodation were in place there.

11. As far as any arguments regarding safety and security issues the facility must follow the holding in Tuner v. Safley, 482 US 78, 107 SCt 2254 (1987). The four Standards sets the process whether the new rul or regulation is "neutral on taking eye glasses."

12. Plaintiff, contends that DOC's stance on personal eye glassses is a bias and non-neutral action to removed health care appliance of inmates. just because they can do it. There are department of correction in every State. And only Colorado has regulations to taken inmate personal glassse, regardless of the cost to Tax papers. That is the real issue, because its tax or cost not nesessary.

13. Class counsel for the Plaintiff' should have argued in inmates behalf regarding personal eye glasses. But most likely they were part of the reason inmates are loosing their personal glasses. At least they could of made a record against the issue in general, against any new regulation for taking eye glasses or just property.

14. Plaintiff, has asked several of the inmates who attended the last meeting with Class counsels at the Arkansas Valley Correctional Facility. and non recall class counsel discussing anything regarding personal glasses.

15. Plaintiff, disagree's with Special Master's Order on page 5 where he states that theStipulation did not expand the class on vision impaired as a whole. But the Stipulation does not just address inmates who filed claims under Montez. It clearly indicates all inmates in general. There is no distinction whether its just for the class under Montez.

That is why so many other inmates signed the Motion I submitted to Judge J. Kane regarding personal eye glasses. Because it effected them personally and some had there personal glasses taken. They believe the Stipulation sounded as if they were included.

16 Since Plaintiff is a member of the class for vision claim, and his personal glasses have been taken with a out a replacement pair given according to the Remedial Plan and April Stipulations. The plaintiff has a legitimate claim or violation of Montez et al., and the April 4, Stipulations agreement. Plaintiff's should not hva had his glasses taken pursuant to page 4 of the Remedial Plan,

States in pertinent part on page 4: "Inmates who are currently in DOC and are moved to designated facility because of a disability and pursuant to this agreement will have the same privileges and property rights as they posses in their current placement.

April 4, 2008 Stipulation clearly states inmate will retain possession of their personal eye glasses until a replacement pair is issued.

That has not happen in my case, DOC is in non-compliance with both the REMEDIAL PLAN AND STIPULATIONS AGREEMENTS. and relief should be granted.

17. As for the CONFLICT OF INTEREST ISSUES, the Plaintiff maintains there will always be a conflict of interest. Because Cathie Holst is a State employee and will never rule justly or honestly when inmates are involved. Her best interest is with the State and her job. Plus, she is not qualified medically to make any decisions regarding disabilities of any inmates. She is not licensed by the State medically. Nor is any one in her Office is capable of making any decisions regarding ADA or Rehabilitation claims. medically.

WHEREFORE, the plaintiff prays this honorable court consider the above information for proper review and relief.

March 9, 2009

Respectfully submitted

*Ronald Cordova*
Ronald Cordova, 57350
SCF          Unit 1-B-12
P.O.Box 6000
Sterling, co 80751

4.