IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' RESPONSE TO ORDER RELATING TO TENTH CIRCUIT REMAND**
_____

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey and Lara E. Marks of ISAACSON ROSENBAUM, PC, hereby file this Response to Order Relating to Tenth Circuit Remand.

1. An Order was filed by this Court on March 5, 2009 requiring Class counsel to inform the Court regarding Plaintiffs' position with respect to appellate rights of Montez Claimants under section XXXII of the Montez Remedial Plan. [Doc. #3838].

   Section XXXII provides in part:

   > After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

2. Counsel for the Class does not agree with Defendants' interpretation of this provision that claimants filing for damages under the Remedial Plan have waived their rights to appellate review beyond that provided by Judge Kane. To the contrary, Plaintiffs' position is that

claimants in the damage claim process may continue to appeal their claims through the normal appellate process.

3. A plain reading of the language of the Remedial Plan shows that it does not waive the subsequent appeal rights of individual damage claimants.  On the one occasion where there was intent to extinguish appeal rights, it was clearly specified in the Remedial Plan.  Specifically, the parties agreed to extinguish any further appeal rights beyond Judge Kane's determination whether "substantial compliance" with the Remedial Plan has been achieved.  This intent is clearly evinced by the plain language of the Remedial Plan, Section XXXI, which states, in pertinent part, "If the parties disagree as to whether substantial compliance has been achieved, the dispute shall be submitted to Judge Kane for a *final* determination." (*Emphasis added*).  The Remedial Plan does not state that damage claims submitted to Judge Kane are done so for a "final determination."  As a form of contract, the Remedial Plan must be construed according to contract principles.  As there is no waiver of appeal rights with respect to damage claims in the Remedial Plan, the waiver of such an important right should not be inferred.

4. Finally, although the issue is not specifically addressed in this Court's order, Class Counsel believes it is appropriate to address the matter of whether an individual damage claimant has standing to individually litigate matters pertaining to the damage claims process.  In its Order and Judgment concerning Mr. Raymond Arthur Price, the Tenth Circuit noted its holding in *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991) for the proposition that generally a litigant does not have standing to individually litigate matters that are subject to a pending class action.  However, the Court in *Guthrie* also stated that there were two exceptions to this general rule:

> First, class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action. *Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), vacated in part on other grounds, 876 F.2d 1485 (11th Cir. 1989); *Woodson v. Fulton*, 614 F.2d 940, 941 (4th Cir. 1980). Second, class members may bring individual actions when they seek money damages. *Spears*, 859 F.2d at 854. (additional citations omitted). *Guthrie*, at 1166, fn.4.

5. In this case, the Remedial Plan clearly established a damage claim process in which the claimants could appear *pros se*. The parties expressly agreed that Class Counsel had no obligation to represent claimants in the damage claim process. Remedial Plan, XXXII. In fact, the vast majority of inmates who have participated in the damage claim process have been *pro se*. On the other hand, the only issues in which Class Counsel have continued to represent the class members concern the issues of "substantial compliance" with the Remedial Plan which is based on remedying the systemic discrimination issues addressed by the Remedial Plan.

6. Accordingly, as individual claimants are not represented by Class Counsel with respect to their individual damage claims, these individuals have standing to assert their individual damage claims in accordance with the exceptions noted in *Guthrie*, *supra*.

Respectfully submitted this 19th day of March 2009.

KING & GREISEN, LLP

/s/ Paula Greisen
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks

Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202
eramey@ir-law.com
lmarks@ir-law.com

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 19th day of March, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO ORDER RELATING TO TENTH CIRCUIT REMAND with the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Elizabeth H. McCann
James X. Quinn
Jennifer Huss
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us
james.quinn@state.co.us
jennifer.huss@state.co.us

Attorneys for Defendants

*/s/* Gail Walker