**ORIGINAL**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with
Civil Action No. 96 N.-343.

JESSE MONTEZ Plaintiff,
et al

vs.

BILL OWENS et al
Defendant.

Claim number: 03-459
Category: III

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 20 2009

GREGORY C. LANGHAM
CLERK

Claimant: John NASIOUS
Address of Claimant: SCF P.O. Box 6000 Sterling, CO. 80751

OBJECTIONS TO ORDER OF SPECIAL
MASTER

Comes now Claimant John Nasious
Pursuant to Federal Rule of Civil Procedure
53(g)(2) files his objection with the
Court. With the Clerk and Judge
Kane.

Nasious is seeking relief from the
Court. The issues Cannot be resolved by
the Special Masters and will require
direction from the assigned District Judges.
The parties have completely divergent
Postions on the issues.

1

Due to these issues that can not be resolved by the Special Masters Nasious is pleading for direction from District Court Judge KANE.

1.) Under Findings of FACT #3 The Special Masters found Claimant Nasious was injured in 1999 when he fell in a Prison Kitchen and injured his head neck and back. He began to have severe headaches and occasional seizures following the fall.

2. Nasious has "epilepsy" and migraine Disease, and Chronic Back pain, Spinal Stenosis, and Degenerative Disc Disease.
    The ADA also protects individuals with cerebral palsy, multiple sclerosis, epilepsy, muscular dystrophy, cancer, heart disease, and diabetes from discrimination.

3.) The Federal American with Disabilities Act (ADA) makes it illegal to discriminate against someone with a disability. This law affects Companies with 15 or more employees.
    1.) Colorado Department of Corrections.
    2.) Physcian Health Partners.    2

4.) Why INMATE NASIOUS is covered By the ADA.

NASIOUS has documented history of his (seizure disorder) epilepsy. In order to be covered by ADA, an individual a disability." The definition was taken from the Rehabilitation Act of 1973, which prohibits employment discrimination against individuals with handicaps by the federal Government, and those employers who hold federal contracts or recieve federal financial Assistance. The definition of disability is defined as an individual who has: 1) a physical or a mental impairment that substantially limits one or more of the major life activities of An individual. 2.) A record of such an impairment or 3) being reguarded as having such an impairment.

Epilepsy is a physiological disorder affecting the neurological system. Persons with a seizure disorder therefore have a disability which falls ~~under~~ within the first standard of the definition.

Additionally under the Rehabilitation Act individuals like Nasious with Epilepsy have been held to a physical ~~impairment~~ or mental impairment that substantially limits one or more major life activities,

3

In addition Congress made it clear in ADA's legislative history that, "whether a person has a disability should be assessed without reguard to the ~~ability~~ availability of mitigating measures, such as reasonable accommodation or auxilary aids." Congress specifically recognized that individuals with epilepsy have a disability which substantially limits a major life activity even when the effects of the impairment are controlled by medications.

Colorado Department of Corrections and Physcian Health Partners have failed to provide Nasious with his Bottom Tier / Bottom Bunk Restrictions since 9/28/08 — and Do not Recognize his epilepsy acording to Public Law 93-112 93 Congress HR 8070 Sept. 26 1973 They have Discriminated Against Nasious by forcing him to sleep on top Bunk, in fear for his Life. Due to his epilepsy

4

CDOC has forced NASIOUS to work in JOB Positions to where he is subjected to where his injuries affect his job.

1.) Heavy lifting. 2.) Standing for over 2HRS on his feet He currently is unable to enjoy equal job opportunities with-in the Sterling Correctional facility w/o Fear of Being Punished with a COPO conviction.

Nasious experiences from his Medications and fatigues real easily But PHP STAFF refuse to Accomodate his needs.

After standing on his feet in the laundry 5-6 hours daily Nasious Suffers severe pain in his BACK and right Knee, and has problems walking and lifting.

Claimant WAS DISABLed prior to August 27, 2003. It is necessary to examine all the remaining elements of Nasious claim.

Cathie Holst the ADA Coordinator is not Certified or a Specialist in ADA, She does not have any training to make the Decisions she has been making.

Dr. Fishers testimony testified that nasious has a diffuse degenerative joint disease in the low back. His testimony should be stricken from record because he is not an expert Orthopaedic Surgeon. He can not give Nasiou a Cursury Diagnosis.

Nasious Orthopedist had recomended surgery to trim away the bone thats pressing on the nerves, eventually.

Nasious needs a cane to decrease pain and weight bearing on the lower back when he walks, when he is forced to stand on his feet for long hours working in the Laundry.

Under Title II Public Services Subtitle A. Prohibition Against Discrimination and Generally Applicable Provisions

Sec. 202 Discrimination

Subject to the provisions of this title

6.

no qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.

Nasious has been denied enforcement sec. 203   42 USC. 12133 By the Special Masters, PHP, Colorado Department of Corrections and the State of Colorado.

The remedies procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794(a) shall be the remedies and procedures and rights this title provides to Nasious and any person alleging discrimination on the basis of disability in violation of Section 202.

Nasious needs a special mattress for his back to sleep on. Refused to Accomodate

Nasious needs a Tenz unit, Refused to Accomodate

Nasious needs a Knee Brace Refused to accomodate.   7.

Nasious needs a back support brace. Refused to accomodate.
Nusious needs physical Therapist Refused to accomodate.

The CDOCs Utilization Committee. Physician Health Partners, once stated that once I have exausted all forms of conservative therapy treatment, they will provide the required Surgery.

Medical Records and the ~~oprions~~ opionions of Specialists support the fact that I am substentially limited in the major life activity of walking, due to severe pain in my back and legs. And my epilepsy and migraine Disease.

The CDOC PHP's STAFF of hiding my Medical Records from 2006 to present and the Coverup Of my Records of my injuries from my fall in 1999.

I am now questioning the training of CDOC's firstline of Defense. "Utilization Committee," to review the necessity and Appropriatness of requested remedies to me.

8

In their eagerness to save a dime the committe denies requested remedies to me, causing me to endure years of severe physical and mental suffering. This humili- ating treatment used by the Utiliza- tion Committee to save a dime is indistinguishable for torture

In the Utilizations Committees attempt to cut heeithcare expenses, they have found themselves practicing "corporate medicine" without a license.

Sterling Correctional Facility has also made me go for 5 days without my seizure medication, in this time I had a seizure, and when I asked to go to medical I was refused access to medical care.

This also happened after the visit with the special masters.

Nasious states he is entitled to monetary damages under United States V. Georgia et al.

9.

Title II of the ADA validity abrogates State Sovereign immunity with the respect of the Claims herein.

8th Amendment Conduct also violates Title II of the ADA, the deliberate refusal of Prison officials to accomodate disability related needs of NASIOUS, in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs Constitutional "Exclusion from participation in or... denial of the benefits of the prisoners services, programs, or activities. 42 U.S.C. 12132

See also Yeskey 524 U.S. at 210

Therefore Goodman's Claims for money damages against the State under Title II were evidently based, at least in large part on Conduct that independently violated the provisions of the § 1 of the 14 Amendment see Louisianna ex rel. Francis V. ResWeber, 329 U.S. 459, 463 1947, ( the Due Process Clause of the Fourteenth Amendment, incorporates the Eighth Amendments guarantee against cruel and

10

unusual punishment. Ku Klux Klan Act of April 20. 1871, 17 Stat. 13

The prohibitions of the fourteenth Amendment are directed to the states

It is these which Congress is empowered to enforce. This enforcement power includes the power to abrogate, State Sovereign immunity by authorizing private suites for damages against the states.

Thus Title II validity abrogates soveign immunity in the Prison Context.

Which the Special Masters Richard C. Davidson errored in his Decision

Nasiour has been discriminated against by Doc because of his disability. And his accomodations requested and denied because his disability. (See Findings of FACT #4. Claimant was injured in 1999 when he fell in a Prison Kitchen and injured his head, neck, and back. He began to have severe headaches and occasional seizures following the fall.)

11

C. Permanent DISABILITY/ Impairment.

A condition which is not expected to improve in 6 months. NASious has had his epilepsy from 1999 to Present.

Claimant has shown that he was Disabled prior to August 27, 2003, But his pleas have fallen upon Deaf ears.

The Special Masters has made a mockery of the ADA, along with the CDOC. and the Attorney Generals office. NASious Objects and States that he has Been Discriminated By Detendants CDOC, because of his handicap. Disabilities.

On 10/29/08 - I went to the Medical Department for the 2nd day in a Row Suffering from a Migrain Aura. Requesting Medical Treatment. I was denied a Medical Lay-in, And my Imitrex Medication

I asked to see the Shift Commander.

I ended up getting a COPD Conviction for seeking out my Civil and Constitutional Rights to get MEDICAL CARE. Due to my Migraine Disorder. And my Seizure aura.

The CO ST. Martin gave False information on the Disposition Notice of Charges.

NASIOUS was not attempting to interfere with the normal operations of the Facility He was not attempting to interfere with the duties of the Medical Department He was Seeking help for his severe impairment.

The twisting, wrenching and jerking of Nasious arms and wrists by the defendants C/O St Martin were entirely unjustified. by any Actions of NASIOUS and Constituted an unnecessary and excessive use of Force.

The alleged actions also deprived NASIOUS of the following rights

13

under Colorado and U.S. Constitutions.
• Freedom from the use of excessive
and unreasonable force.
• Freedom from the depravation of
Liberty without due process of
the LAW.
Nasious was in the Therapeutic Community
and due to these COPP Convictions
went from 13 points to 32 points.
He was refused witnesses at the
hearing and the Video Camera.
TAPE.
Also on the Unauthorized Possession
Charge, C/o Lefever / Sgt Oliverius,
destroyed Nasious Legal Papers,
as nuisance trash, his T.C. Journals,
and Religious Course, out of
Retalitory Acts,
At the hearings the Contraband
items were returned and the Books
were returned this COPP Conviction
Should have been dismissed,
See attached exibits 1-6.
Case # 09-1208
Case # 09-1225

14

This Court has jurisdiction to review and order expungement of these COPD convictions under the Constitutional violations

The Defendants conspired together to deprive plaintiff of his Constitutional rights and Protections.

The Defendants acting in their individual and official capacities as government officials/employees, acted in concert with one another to commit the unlawful acts which denied NASious his Constitutional and statutory rights and protections. As a result of said conspiracy and neglect to prevent conspiracy NASious has suffered substantial damages.

NASious seeks relief and brings action pursuant to the Colorado and U.S. Constitutions for Conspiracy and inaction in neglecting to prevent the conspiratorial wrongs committed to him despite having the power and authority to do so.

As a result NASious's state and federally protected rights were violated and he has sustained significant

15.

injuries and losses. He has suffered actual injury and there exists a casual connection between the violation of his rights and the injuries sustained. Plas NASious is entitled to damages for said injuries and discrimination.

Wherefore NASious requests this Court or jury impose damages in an amount to be determined at a trial thereafter.

Upon information and belief prior to August 27, 2003, defendants, permitted, encouraged, ratified and tolerated a pattern and practice of unjustified and illegal misconduct by the Defendants, PHP, currently also in that.

" Defendants failed to discipline or prosecute, or in any other matter deal with known instances of misconduct.

" Defendants refused to investigate Complaints of previous incidents of misconduct and instead Officially claimed that such instances were justified and proper.

" By Means of Action, in action and Cover-up, of

16

such incidents of misconduct, defendants encouraged defendants to believe that the impropriety of such incidents of misconduct was permissible

Upon information an belief, there have been numerous federal and State actions filed against the individuals as well as others for previous incidents involving misconduct by defendants with respects to such incidents in this Special Masters Montez Suite.

Nasious has repeatedly Complained about pain and lack of mobility in his injured area and such requests were denied or disregarded as a "whiner."

Nasious has suffered Severe pain and mobility in the injured area for a considerable length of time

Defendants, Dr. Singh, Dr. Paula Frantz, Dr. Kreibs, Dr. Wermers, P.A. Singh, P.A. Webster, P.A. Ted Lawrence P.A. JoAnn Stock, Dr. Goldsmith, Dr. John Gary Fortunado, Dr. Bloor, Nurse Nancy Mueller. Dr. Fisher.

Due to the roles of profit have violated the Medical Practice Act, and standards of the American Medical Asso.

13

STATE OF COLORADO
DEPARTMENT OF CORRECTIONS

**DISPOSITION OF CHARGES**

FACILITY ___SCF___

DC FORM 150-1B
(Revised 10/95)

Formal Hearing ☑
Informal Conference ▨

Case No. 09-1208

| LAST NAME | NASIOUS, JOHN | DOC NUMBER | 98775 |
|---|---|---|---|
| CURRENT HOUSING UNIT | LU 01 | CURRENT SECURITY DESIGNATION | Minimum-R |

**FINDINGS OF FACT:**   *(List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)*

VIOLATION: Class II, Rule 16., ADvocating or Creating Facility Disruption
PLEA: Not Guilty
FINDING: Guilty
EVIDENCE:

The Offender's testimony and the written statement of CO St Martin shows that Offender Nasious #98775 was advocating in west medical and refused to leave.  CO St Martin opened the hold area door and Offender Nasious became very argumentative and threw his pass on the ground and refused to leave. Offender Nasious took two steps towards the medical officer and First Responders were called to deal with the Offender's actions.  Offender Nasious was cuffed and escorted the Shift Commander's office. Offender Nasious testified he was sick for two days from migraines.  He states he was not intending to cause a disruption only to get medical attention. Offender Nasious further states that he was trying to get a medical lay in slip for his treatment group. Offender Nasious states he never went to the ground. However, the Offenders actions did disrupt the operations of the facility as staff had to respond from numerous areas to deal with the Offender's actions.  Therefore there is a preponderance of evidence to support the charge.

DOC Representative:  Lt. Shane McMahill
Inmate Representative:  Waived

*never reviewed camera to see if victim was making the actions stated. Camera's are digital and can be retrieved but hearing people state no*

**SUMMARY OF PENALTIES**

Eight (8) Days of Punitive Segregation
From 10/29/08 to 11/06/08
Eight (8) Days Credit for Time Served
Thirteen (13) Days of Loss of Good Time

S/ _____
Chairperson Jason Zwim      Date

| DATE OF HEARING | 11/18/2008 | TIME OF HEARING | 9:52 am | LOCATION OF HEARING | West Hearings Office |
|---|---|---|---|---|---|

COMMITTEE MEMBERS PRESENT

SUPERINTENDENT/DIRECTOR REVIEW:  (Not required for informal)

▨ AFFIRM          ▨ MODIFY          ▨ REVERSE

Comments :                          S/ _____
                                   Administrative Head or Designee      Date

Inmate Acknowledgement: I acknowledge receipt of a copy of this disposition of charge.

Name: _____     Signature _____     _____
                                                                        Date

DC Form 150-1A
(Revised 09/02)

# DEPARTMENT OF CORRECTIONS
## NOTICE OF CHARGE(S)

A-2

## Facility **SCF**

CASE NO. 09-1208

| 1. OFFENDER NAME NASIOUS, JOHN | DOC NUMBER 98775 |
|---|---|
| CURRENT HOUSING UNIT LU 01 | CURRENT SECURITY DESIGNATION Minimum-R |

**2. ALLEGED CHARGES** Date 10/29/2008    Time 02:50 PM    Location Clinical Services - West

| Class | Rule | Specific Charge (Code of Penal Discipline) Use extra sheets if necessary |
|---|---|---|
| II | 16. | ADVOCATING OR CREATING FACILITY DISRUPTION |

**3. SUMMARY** (Factual Reporting, including who, what, when, where, and how).

On Wednesday 10/29/08 At approximately 02:50 P.M. I Officer St.Martin was working in west medical as the Hub hall Officer conducting escorts from West medical to the East side. Upon my arrival into west medical I was notified by West medical Officer Johnson that I/M Nasious, John # 98775 was advocating and refusing to leave West medical as Ordered. I Officer St.Martin opened the East holding cell to release the East side Offenders. Once I opened the holding cell I/M Nasious began to raise his voice and engage in an argument with medical Officer Johnson regarding medication he requested from the doctor. Officer Johnson told Offender Nasious that the Doctor said he would not receive the medication. I/M Nasious was verbally noncompliant and demanded to see the Shift Commander. I/M Nasious threw his pass onto the ground and began to yell at Officer Johnson stating that he would not leave until he was seen by the Shift Commander. I Officer St.Martin gave I/M Nasious 2 loud verbal commands to turn around and cuff up. I/M Nasious took approximately 2 steps towards C/O Johnson and the other inmates in the hallway while yelling at C/O Johnson. Officer Johnson had her back turned to I/M Nasious at this time. I Officer St.Martin attempted to place I/M Nasious into handcuffs. I/M Nasious resisted and began to pull away from me . I grabbed I/M Nasious by the arm and attempted to place him into the nearest wall. I/M Nasious was passively resisting by going limp to the ground. C/O Johnson called for first responders to west medical. I Officer St.Martin picked up I/M Nasious by his right arm, placed him into the wall and applied handcuffs to his wrists, First responders arrived and I/M Nasious was placed in Officer Johnson's handcuffs. I removed my handcuffs once C/O Johnson's Cuffs were placed and secured onto I/M Nasious. After I/M Nasious was handcuffed there was no further incident with his compliance. Officer Johnson and I waited for First responders to arrive. I/M Nasious was escorted to Shift commanders Office by first responders once they arrived. I/M Nasious was counseled by Shift commander and removed from population. E.O.R.

**4. CONTRABAND** (Description and disposition. Also including same type information as required in number 3 if not listed.)

**5. NAMES OF WITNESSES TO VIOLATION:** (Including employees)

Inmate Robert Olson

Video Camera.

I certify that aforementioned charges and summary are true and correct to my knowledge. The date of my signature reflects the discovery date of the violation.

S/ _____    11-4-08

Initiating Employee   St. Martin, Gregory    Date

S/ _____

Reviewing Supervisor  Bolt, Marc    Date

**6. INVESTIGATIONS/PHARMACY REPORT** (when required)    Date :

Signature _____    Comment(s) :

**7. HEARING SCHEDULE:** This case is    Thurs. 11/13/08 at: After 1100am
Date    Time

Formal Hearing ☒    Informal Conference ☐

**8. SERVING EMPLOYEE:** You are hereby served with a copy of alleged charges this ____ day of ____ 20 ___ at ___ (am) (pm). If you desire witnesses, in accordance with the Code of Penal Discipline, please notify the Reviewing Supervisor as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a continuance.

Signature _____    Date 11/5/08

**9. OFFENDER ACKNOWLEDGEMENT.** I acknowledge receipt of a copy of the Notice of Charge.

I do ☒ do not ☐ desire an offender representative.

Signature John Nasious    Date 11-5-08.

DISTRIBUTION:    WHITE–Department File    CANARY–Working File    PINK–Warden/Director    GOLD–Offender
Attachment "A"

# STATE OF COLORADO
# DEPARTMENT OF CORRECTIONS
# OFFENDER APPEAL FORM

DC FORM 150-1D (REVISED (05/15/07)

CASE NO. _09-1308_

| | |
|---|---|
| 1. Offender Name JOHN NASIOUS | 2. DOC No. 98775 |
| 3. Current Facility SCF | 4. Facility Initiating Hearing SCF |
| 5.Type of Appeal: X Disciplinary ___Classification | 6. Date Hearing Held: _____ |

Recieved 11-19-08

7. Basis of Appeal (check the boxes which apply) Please Print. **Be brief-no additional attachments allowed.**

☒ PROCEDURES NOT FOLLOWED: (State specifically what procedures were not followed)
☐ LACK OF SUBSTANTIAL EVIDENCE: (State specifically what evidence was not present in this hearing)
☐ NEW EVIDENCE: (State specifically what new evidence exists to affect the decision)

The Due Process violation because as a inmate I
was denied opportunity to present such/have tape evidence,
and Prison officials gave no reason for denial on the Due
Process violation because Prison officials failed to call a witness
requested by inmate because Correctional officer failed to document
reason for refusal to allow prisoner to call a witness at
disciplinary hearing. Unclolf Wolf also requires an impartial
hearing board which means that a member of the Disciplinary
Board hearing the case (Lt Shane McMahill) may not participate in the
case as an investigative or reviewing officer He was present with
Major Patterson the investigation happend. Also Representing DOC at the
hearing (See Wolf 418 US) Also there was a 24 hour recess
on this case until 11-19-08 the next morning. The Disci-
plinary Charges/Report has a misidentified date and
time Nasious was not found Guilty on 11-18-2008.
This is a case of "Medical Maltreatment" check Medical File.

Do **NOT** attach additional page. Additional attachments may not be considered.

| | |
|---|---|
| 8. Offender Signature John Nasious #98775 | Date: 11-23-08 |

## RECEIPT BY FACILITY

| | | |
|---|---|---|
| Appeal Received by: _Dennis Powell_ | _MHTT_ | _12/01/08_ |
| Name | Title | Date: |

## HEARING DECISION (Please type)

10. Conviction is:  ☑ Upheld  ☐ Reversed  ☐ Modified  ☐ Remanded   Explanation: (Must Respond)

There was no video tape evidence and the hearings officer addressed that issue on record. Your request for Offender Olsen was denied as irrelevant which was also made part of the record and noted on the worksheet. The COPD states that a hearings officer should not be directly involved in the incident, however, the hearings officer or member of the hearings board may be aware of investigations and information about the incident without being biased. Lt. McMahill was the DOC Representative and was not involved in the incident. The hearing was held on 11/18/08 and recessed until 11/19/08. There are no procedural errors noted in the narrative of your appeal. The hearing officer's decision in this case is Upheld. X

| | |
|---|---|
| By: _____ | _____ |
| Administrative Head | Date |

## RECEIPT BY OFFENDER

| | | |
|---|---|---|
| 11. Appeal Decision received by: _____ | 98775 | 12-10-8 |
| Offender Name | DOC# | Date |
| _____ | | |
| Witness | | Date |

Attachment "D"
Page 1 of 1

20

STATE OF COLORADO
DEPARTMENT OF CORRECTIONS

DC FORM 150-1B
(Revised 10/95)

# DISPOSITION OF CHARGES

## FACILITY ___SCF___

Formal Hearing ☒
Informal Conference ☒

Case No.  09-1225

| LAST NAME | NASIOUS, JOHN | DOC NUMBER | 98775 |
|---|---|---|---|
| CURRENT HOUSING UNIT | LU 25 | CURRENT SECURITY DESIGNATION | Minimum-R |

**FINDINGS OF FACT:**     *(List plea, substance of evidence introduced by facility to support charge(s) including the general substance of any confidential testimony and/or evidence.)*

VIOLATION: Class II, Rule 19., Unauthorized Possession
PLEA: Not Guilty
FINDING: Guilty
EVIDENCE:

The Offender's testimony and the written statement of CO Lefever shows that Offender Nasious #98775 was found in possession of three books over his eight book limit and a file box not on his property sheet. Offender Nasious testified he has had the books sent in but does not have the receipts as some of his paper work was destroyed. He further states the box came with him when he came in. However the offender can not provide proof of the books, nor the file box which does have the offenders name on the lid but another offenders name on the actual box. Thus it is more likely than not the property is not his. By possessing items that are not his without staff authorization there is a preponderance of evidence to support the charge.

DOC Representative: Lt. Shane McMahill
Inmate Representative: Waived

*Never ʋed the camera to see. evidence—hysreal was returned books were returned*

**SUMMARY OF PENALTIES**

Eight (8) Days of Punitive Segregation
From 10/29/08 to 11/06/08
Eight (8) Days Credit for Time Served
Thirteen (13) Days of Loss of Good Time

| | S/ _____ | |
|---|---|---|
| | Chairperson  Jason Zwim | Date  11/2/08 |

| DATE OF HEARING | 11/18/2008 | TIME OF HEARING | 9:52 am | LOCATION OF HEARING | West Hearings Office |
|---|---|---|---|---|---|

COMMITTEE MEMBERS PRESENT

SUPERINTENDENT/DIRECTOR REVIEW: (Not required for informal)

☐ AFFIRM          ☐ MODIFY          ☐ REVERSE

Comments :

| | S/ _____ | |
|---|---|---|
| | Administrative Head or Designee | Date |

Inmate Acknowledgement: I acknowledge receipt of a copy of this disposition of charge.

Name:_____     Signature _____

Date _____

| 20046 | DISTRIBUTION: | WHITE--Department File | CANARY--Working File | PINK--Superintendent/Director | GOLD--Inmate |
|---|---|---|---|---|---|

DEPARTMENT OF CORRECTIONS
NOTICE OF CHARGE(S)

DC Form 150-1A
(Revised 09/02)

## Facility **SCF**

CASE NO. 09-1225

| 1. OFFENDER NAME  NASIOUS, JOHN | DOC NUMBER   98775 |
|---|---|
| CURRENT HOUSING UNIT          LU 25 | CURRENT SECURITY DESIGNATION    Minimum-R |

**2. ALLEGED CHARGES** Date  10/29/2008       Time  4:00 PM       Location  Living Unit 25

| Class | Rule | Specific Charge (Code of Penal Discipline) Use extra sheets if necessary |
|---|---|---|
| II | 19 | UNAUTHORIZED POSSESSION |

**3. SUMMARY** (Factual Reporting, including who, what, when, where, and how).

On October 29, 2008 at approximately 4:00 p.m. in Lu 25, Cell E-2. I/M Nasious, John # 98775 was being packed out by CO Kenneth Lefever and Sgt.Oliverius because he was regressed to LU 4. I, CO Kenneth Lefever found three books over his eight book limit. Also a paper file box not on his property sheet or the computer. He had nine new hygiene canteen items. The last order of canteen was April 17, 2007 and that was a TV. All items were turned in as evidence to the Shift Leader. The two extra cubic feet of nuisance trash was disposed of.

*How was two extra cubic feet measured and what papers were thrown away*
*Vinto POR's for book limit*

**4. CONTRABAND** (Description and disposition. Also including same type information as required in number 3 if not listed.)
See summary

**5. NAMES OF WITNESSES TO VIOLATION:** (including employees)

I certify that aforementioned charges and summary are true and correct to my knowledge. The date of my signature reflects the discovery date of the violation.

S/ _____   Date 11-6-08
Initiating Employee   Lefever, Kenneth

S/ _____   Date 11/7/08
Reviewing Supervisor  Bolt, Marc

**6. INVESTIGATIONS/PHARMACY REPORT** (when required)     Date : _____

Signature _____     Comment(s) : _____

**7. HEARING SCHEDULE:** This case is _____ at: After 9:00 am
Formal Hearing ☒     Informal Conference     Date Tues. 11|18|08     Time

**8. SERVING EMPLOYEE:** You are hereby served with a copy of alleged charges this  13th  day of
Nov  20 08 at  5:58 (am) (pm). If you desire witnesses, in accordance with the Code of Penal Discipline, please notify the Reviewing Supervisor as soon as possible, but no later than 24 hours prior to scheduled hearing, to avoid a continuance.
Signature _____  16158         Date  11 13 08

**9. OFFENDER ACKNOWLEDGEMENT.** I acknowledge receipt of a copy of the Notice of Charge.

I do ☒ do not ☐ desire an offender representative.

Signature _____     Date  11-13-08

DISTRIBUTION:   WHITE--Department File   CANARY--Working File Attachment "A"   PINK--Warden/Director   GOLD--Offender

# STATE OF COLORADO
# DEPARTMENT OF CORRECTIONS
# OFFENDER APPEAL FORM

DC FORM 150-1D (REVISED (05/15/07)

CASE NO. 09-1225

1. Offender Name  John Nasious          2. DOC No. 98775

3. Current Facility  SCF                 4. Facility Initiating Hearing  SCF

5. Type of Appeal:  X  Disciplinary   X  Classification   6. Date Hearing Held: 11-18-08 341lc Round
                                                                                  Resumed 11-19-08

7. Basis of Appeal (check the boxes which apply) Please Print. **Be brief-no additional attachments allowed.**

☑ PROCEDURES NOT FOLLOWED: (State specifically what procedures were not followed)
☐ LACK OF SUBSTANTIAL EVIDENCE: (State specifically what evidence was not present in this hearing)
☐ NEW EVIDENCE: (State specifically what new evidence exists to affect the decision)

Under Wolff also requires an impartial hearings Board which
means that a member of the Disciplinary Board hearing this case,
(Lt Shane McMahill) may not participate in the case as an investigative or reviewing officer He was present with Marc Bolt when
this investigation happened  Nasious had no unauthorized
possesion of items — they were returned to him by the
hearings officers  Nasious was never given a list
of the contraband (in the summary) The items from
Arnicen were not new items they were returned)
Nasious had 10 books as his 1st (20 Kenneth
Lefevel ordered, By the return of these items
this alone should null and void this charge
The Code of Penal Discipline should be followed
by prison officials, if to avoid simple errors
or staff needs to be educated CO Lt Fever
also destroyed my legal papers as contraband The _____
_____ cell was misidentified while Nasious was found guilty on 11-19-08
Do **NOT** attach additional page. **Additional attachments may not be considered.** not 11-18-08

8. Offender Signature  John Nasious #98775                    Date: 11-23-08

## RECEIPT BY FACILITY

Appeal Received by: _____   Title: _____   Date: _____
                    Name                                       Date

## HEARING DECISION (Please type)

10. Conviction is:  ☑ Upheld  ☐ Reversed  ☐ Modified  ☐ Remanded   Explanation: (Must Respond)

The COPD states that a hearings officer should not be directly involved in the incident, however, the hearings officer or member of the hearings board may be aware of investigations and information about the incident without being biased.  Lt. McMahill was the DOC Representative and was not involved in the incident.  Lt. Marc Bolt did the investigation on this case as is documented on the Disciplinary Officer's Investigation Form.  You did exchange some books and some were returned to you, however, you were in possession of having 3 books over the allowable limit.  The legal box in your possession did not contain legal material that belonged to you.  The hearing was conducted on 11/18/08 and recessed to 11/19/08 for a decision.  There are no procedural errors noted.  The hearing officer's decision in this case is Upheld.

By: _____                                          12/15/8
    Administrative Head                                        Date

## RECEIPT BY OFFENDER

11. Appeal Decision received by: _____  98775  _____
                                Offender Name        DOC#      Date

_____                                          98775
Witness                                                  Date

23

Violated federal LAWS and Statues enacted By Congress, the Special Masters has failed to establish his unconstitutional reason why "Epilepsy" is not PART of ADA .... And Why NASious claims are not valid under Montez.

Fitzgeral v. Colorado Corrections Corp of America does Not Apply to this CAse and can not be used to argue further, due to the U.S. v. Georgia ruling.

Because of his Discrimination By Defenants Nasious has suffered. and Continues to suffer

## ARGUEMENT

I.   Standard of Review

A.   Standard of Review for OBjections

The district court Conducts a de novo review of the magistrate judges recommendation Concerning a dispositive motion. Fed R. Civ P. 72(b). Garcia v. City of Albuquerque 232, F. 3d 760, 766 (16th Cir 2000).

B.   ~~Standard of Review~~

~~Summary Judgement is proper when than~~

There is no question that Claimant is presently mobility impaired. That is the result of the fall that occured in 1999.

Claimant was able to run and get around before the fall. Since the fall, his injuries commenced and he can not lift, he cannot do vigourous work he is not at 100% of his Cuepabilities. and is the victim of Discrimination. on and before August 27, 2003 to Present

If Judge Kane wishes he can turn this Claim into a 42 USC 1983. Prisoner Civil Right Claim. and if the Special Masters erred in dismissing my requests for Expundging the COPD Convictions Due to discrimination for seeking medical treatment. as panishment By CDOC.

Please hold a hearing. By phine and investigate this Abuse of the captive patient.

Claimant prays that Judge Kane hears this crys for Relief.

Dated this March 18, 2009

John Nasious Pro Se
SCF P.O. BOX 6000
Sterling, Co. 80751

25

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18rd day of March 2009, a true and correct copy of the foregoing was filed and served via United States mail to the following.

Gregory Langham - Clerk
United States District Courthouse.
901 - 19th Street
Denver, CO. 80294


Colorado State Attorney General
1525 Sherman St
Denver, Co. 80203.