ORIGINAL
PAGES 1 THRU 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ACTION NO: 92-N-870

JESSE (JESUS) MONTEZ, et al.,
v.
BILL OWENS, et al.,

PLAINTIFF,

DEFENDANTS.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 24 2009

GREGORY C. LANGHAM
CLERK

OBJECTIONS TO "FINAL ORDER OF SPECIAL MASTER" OF JANUARY 20, 2009

COMES NOW, ROBERT SCHWARTZ, PRO SE, CLAIMANT 03162 AND PURSUANT TO FINAL ORDER OF SPECIAL MASTER, DATED JANUARY 20, 2009 WOULD OBJECT TO SAID ORDERS, FURTHER STATING:

(1.) OBJECTION TO THE FIRST PARAGRAPH ON PAGE ONE (1), OF THE "FINAL ORDER OF SPECIAL MASTER" DATED JANUARY 20, 2009, IN WHICH MASTER DAVIDSON, IN PART STATED "CLAIMANT REQUESTED A CONTINUANCE AT THAT TIME BECAUSE HE HAD NOT RECEIVED ADEQUATE DISCOVERY. MR. SCHWARTZ REQUESTED SEVERAL DOCUMENTS WHICH WERE THAN SENT TO HIM BY DEFENDANTS";

(2.) THAT THOSE ABOVE SENTENCES MAKE IT APPEAR, AS IF THE DISCOVERY THIS CLAIMANT HAD ALWAYS AND AT EVERY PRIOR HEARINGS REQUESTED, WERE GRANTED BY THE COURT. THAT IS NOT THE CASE!
THIS CLAIMANT HAD NO ACCESS TO 42 U.S.C.A 12102-12203, AND 29 U.S.C.A. 705-707 AND 794-797(6), AND IT WAS SUCH, THE SPECIAL MASTER CALLED ABOVE, "ADEQUATE DISCOVERY"; CLAIMANT HAD NO DISCOVERY!

(3) CLAIMANT WOULD OBJECT TO THE DENIAL BY THE COURT OF HIS SPECIFIC DISCOVERY MOTIONS, IN PART, PURSUANT, SUCH AS "MOTION FOR DISCOVERY AND DEPOSITION IN PART, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 26 AND 34..." DATED DECEMBER 15, 2007 AND JANUARY 3, 2008, AS WELL AS ALL OTHER PREVIOUS DISCOVERY MOTIONS, WHICH WERE NOT, AS MENTIONED IN THE JANUARY 20, 2009 ORDER, "GENERAL"

BUT, WERE SPECIAL MOTIONS, WHICH IN PART, WOULD HAVE GIVEN THIS CLAIMANT THE CHANCE TO PROVE, THAT HE WAS NOT PLACED AT THE COLORADO STATE PRISON (C.S.P.) DO TO A "HUNGER STRIKE", AS NOW 15 YEARS LATER, IS ALLEGED; BUT RATHER, AS MARY CARLSON, THE DEFENDANT'S EMPLOYEE TESTIFIED, THAT THE RECORDS OF THE D.O.C. SHOWS, THAT CLAIMANT WAS AT C.S.P, DO TO NOT WORKING, AND AS CLAIMANT HAD PRESENTED, THAT HE WAS UNABLE TO WORK; LIFT MORE THAN 10 POUNDS, NOT BEND, STAND FOR MORE THAN 10 MINUTES, SQUAT, AS WELL AS OTHER LABOR, AS EXHIBITS SHOW, HAD CLAIMANT RECEIVED THE REQUESTED DISCOVERY, HE COULD ALSO HAVE PROVEN, THAT HE WAS TERMINATED FROM S.O.T.P., DO TO NOT BEING ABLE TO DO THE WORK, NOR KEEP UP WITH THE YOUNGER INMATES, AT THE SEX OFFENDER TREATMENT PROGRAM, AT THE PHASE II, ARROWHEAD CORRECTIONAL CENTER, AS THE DENIED TO COMPLAINANT, D.O.C.'s COMPUTERIZED OCTOBER 5, 2003 REPORT REFLECTS; VERBATIM STATING "WHEN SCHWARTZ, WAS UNABLE TO DO RESTRICTIONS, (THE D.R.D.C. MANDATED RESTRICTIONS, AS CLAIMANT'S EXHIBIT SHOWS), HE WAS TERMINATED", FROM THE PROGRAM.

(4.) CLAIMANT WOULD OBJECT TO HAVING BEEN FORCED BY THE COURT TO PROCEED WITH THIS CASE, WITHOUT HAVING HAD ANY RELEVANT DISCOVERY; WITH MASTER DAVIDSON HAVING STATED AND BEING UNDER THE MISTAKEN IMPRESSION, AS HE STATED IN HIS JANUARY 16, 2008 "ORDER OF SPECIAL MASTER", THAT "THE REMEDIAL PLAN DOES NOT PROVIDE FOR DISCOVERY", WHEN IN FACT THE REMEDIAL PLAN DOES MANDATE, THAT THIS CLAIMANT WAS "ENTITLED TO DISCOVERY REGARDING THEIR DAMAGE CLAIMS AND SHALL BE PROVIDED COPIES OF THE RELEVANT D.O.C. FILES UPON REQUEST, INCLUDING, BUT NOT LIMITED TO MEDICAL INFORMATION AS WELL AS "RELEVANT INTERNAL QUALITY ASSURANCE DOCUMENTS;""

(5.) CLAIMANT WOULD OBJECT TO MASTER DAVIDSON'S FINDINGS AND CONCLUSIONS, IN PART, AS TO WHY CLAIMANT WAS EVEN TRANSFERRED TO THE COLORADO STATE PRISON (C.S.P.) SINCE DEFENDANT'S CONFESSED BY THEIR OWN EVIDENCE, THAT CLAIMANT HAD NO C.O.P.D. VIOLATION AND PRODUCED NO EVIDENCE, OF HAVING GIVEN COMPLAINANT ANY DUE PROCESS AND/OR EQUAL PROTECTION HEARING (IN ORDER TO JUSTIFY, (IF IN ANY WAY POSSIBLE), PLACING CLAIMANT, FOR THREE AND A HALF YEARS (3 1/2) INTO A COMMUNISTIC TYPE OF LOCK UP IN SOLITARY CONFINEMENT), IN VIOLATION OF HIS U.S. CONSTITUTIONAL RIGHTS, NOR ANY OTHER JUSTIFICATION FOR SUCH;

(6.) THAT ALTHOUGH CLAIMANT ON NUMEROUS OCCASIONS ASKED FOR A CONTINUANCE, IN ORDER TO GET DISCOVERY AND ASKING FOR A WORKING, OR ANY DEFINITION FOR WHAT "RELEVANT INTERNAL QUALITY ASSURANCE DOCUMENT" MEANT, SINCE SUCH PHRASE, IS REPEATEDLY MENTIONED IN ORDERS OF THE COURT, AS WELL AS THE AUGUST 27, 2003 "REMEDIAL PLAN", YET HAVING NO DESCRIPTIONS THEREIN, WHAT SUCH PHRASE ENCOMPASSES, THE COURT OR MASTER DAVIDSON DID NOT, COULD NOT, OR REFUSED TO GIVE CLAIMANT A DEFINITION TO WORK WITH, WHICH MASTER DAVIDSON NOW, IN HIS JANUARY 20, 2009 "FINAL ORDER OF SPECIAL MASTER", CALLS "GENERAL DISCOVERY", AND WOULD OBJECT TO THAT.

THAT SUCH PHRASE AND ITS MEANING IS AN ESSENTIAL ELEMENT FOR THE COURT TO WEIGH ITS DECISION, WHAT, OR WHETHER TO GRANT OR DENY ANY DISCOVERY OF THIS CLAIMANT, WHO WOULD SPECIALLY OBJECT TO SUCH LACK OF KNOWLEDGE BY MASTER DAVIDSON AT ALL HEARINGS, SINCE HE DENIED ALL OF CLAIMANT'S DISCOVERY EFFORTS, AS TO "RELEVANT" DOCUMENTS CLAIMANT NEED-

ED, EVENTHOUGH CLEARLY MENTIONED, IN SEVERAL PROCEEDURAL ORDERS, TO BE FOLLOWED IN THIS CASE;

(7.) CLAIMANT WOULD OBJECT, DO TO FAILURE BY SPECIAL MASTER TO HAVE RULED ON § 17-22.5-405 C.R.S., AS TO ALL FACILITIES AND YEARS MENTIONED BY CLAIMANT, IN PART, IN HIS "PREHEARING BRIEF, OF ROBERT SCHWARTZ, 60801, PURSUANT TO ORDER OF SPECIAL MASTER", DATED JULY 23, 2007";

(8.) OBJECT TO MASTER DAVIDSON NOT HAVING RETURNED TO CLAIMANT, ALL OF HIS SUBMITTED DURING THE HEARINGS, EXHIBITS WHICH SPECIAL MASTER DAVIDSON HAD PROMISED HE WOULD COPY AND RETURN THE ORIGINALS BACK TO CLAIMANT, WHO NEEDS THEM IN PART, FOR PURPOSES OF APPEAL, AS WELL AS A CHRONOLOGICAL LIST OF THEIR MARKED AS EXHIBIT DESIGNATION;

(9.) CLAIMANT WOULD OBJECT TO MASTER DAVIDSON'S FAILURE TO RULE ON THE LOSS AND APPEAL, TO THE AIC OFFICE APPERTAINING TO HIS PROSTHETIC SHOE(S) ISSUED TO HIM BY DEFENDANTS, THE COLORADO DEPARTMENT OF CORRECTIONS (D.O.C.) WHICH BROKE IN 2004 AND WERE SURRENDERED FOR REPAIR TO THE BENT COUNTY CORRECTIONAL FACILITY WAREHOUSE, BUT WHICH SINCE 2004, HAVE NOT BEEN RETURNED TO CLAIMANT;

(10.) CLAIMANT WOULD OBJECT TO THE COURT NOT HAVING EVEN MENTIONED, THAT HE OBJECTED TO PROVIDERS' DR. FRANTZ; DR. CREANY AND AIC, CATHIE HOLTZ'S TESTIMONIES, IN PART, NOT ONLY DUE TO BIAS, BUT INVOLVED IN GRIEVANCES;

(11.) CLAIMANT WOULD OBJECT TO THE COURT NOT HAVING PROVIDED CLAIMANT WITH A COPY OF THE "DECEMBER 9, 2004" ORDER OF THE COURT, HE NEVER HAD RECEIVED AND THE COURT HAD

AGREED TO SEND CLAIMANT;

(12.) OBJECT THAT MASTER DAVIDSON, FAILED TO RULE ON CLAIMANTS GOOD TIME/EARNED TIME ISSUE;

(13.) OBJECT TO COURT NOT HAVING ALLOWED THIS CLAIMANT TO ADEQUATELY COMPLETE HIS REBUTTAL, DO TO ALLEGED TIME RESTRAINTS;

(14.) OBJECT TO COURT HAVING ALLOWED THE DEFENDANTS TO SUBMIT OVER 120 EXHIBITS/UNMARKED DOCUMENTS, PARTIAL AND INCOMPLETE; WITHOUT FOUNDATIONS FOR ADMISSION; PREJUDICIAL TO CLAIMANT; REASONS FOR ADMISSION MISSING; NO WITNESS THAT WAS PRIVY TO THE TRANSACTION, BUT "PLOPPED" DOWN IN FRONT OF CLAIMANT, WITHOUT THE TIME TO INSPECT BEFORE ADMISSION;

(15.) OBJECT TO STATING CLAIMANT BEING ABLE TO "WALK A MILE";

(16.) OBJECT TO NOT HAVING CONSIDERED THE PROTECTIVE CUSTO- ___ CLAIMANT AND EVIDENCE SUBMITTED.

(22) CLAIMANT WOULD OBJECT TO THE ENTIRE "FINAL ORDER OF SPECIAL MASTER", DATED JANUARY 20, 2009;

(23) OBJECT TO THE PHRASEOLOGY AND IRRESPONSIBLE FINDINGS AND CONCLUSIONS REACHED BY MASTER DAVIDSON, IN PART, ON PAGE 5, PARAGRAPH 9, STATING, "CLAIMANT IS LESS DISABLED THAN HE CLAIMS TO BE";

(24) FAILURE OF THE COURT, TO CONSIDER SUBMITTED BY CLAIMANT EXHIBITS, REFLECTING FATAL CARDIAC CONDITIONS; HAVING HAD A CARDIAC ARREST, WHILE DR. GEORGE PAIK, M.D. WAS PRESENT, WITH DR. AL-JELEEL, REPORTING IN SUBMITTED EXHIBITS IN THIS CASE, THAT CLAIMANT COULD DIE FROM SUCH ARRHYTHMIAS AT ANY TIME; PLUS UROLOGIST DR. PETERSON, AT THE DENVER GENERAL HOSPITAL, IN 1994 CONCLUDING, THAT CANCEROUS POLLIPS WERE REMOVED FROM CLAIMANT BLADDER; AND DR. GRABLE, DENTIST, HERE AT C.T.C.F. CONCLUDING AFTER BIOPSY, THAT CLAIMANT HAS LIP CANCER; WHICH REMAINS UNCONTRADICTED;

(25) OBJECT TO CONCLUSIONS AND FINDINGS, NOT BASED ON SUBMITTED EVIDENCE, BUT INSTEAD ON BIAS AND THE MASTER'S SPECULATIONS;

(26) NOT HAVING INCLUDED IN HIS JANUARY 20, 2009 ORDER, THAT CLAIMANT HAD SEVERAL TIMES TESTIFIED, AND SPECIFICALLY QUALIFIED HIS ANSWERS, TO DR. TIMOTHY CREANY, AND OTHERS, THAT HE COULD "WALK" AND DO OTHER THINGS, BUT, ONLY IF HE HAD TAKEN HIS PAIN MEDICATIONS; WHICH INFORMATION, OF COURSE WAS ABSENT IN THE SEPTEMBER 6, 2007 DIAGNOSTIC REPORT; THE MASTER'S FINDINGS AND CONCLUSIONS AS WELL AS ALL WALKING "A MILE" REPORTS.

MARCH 20, 2009
DATED

RESPECTFULLY SUBMITTED,
ROBERT E. SCHWARTZ, 60801

CERTIFICATE OF MAILING:

I HEREBY CERTIFY, THAT A TRUE AND CORRECT COPY OF THIS DOCUMENT WAS PLACED INTO THE U.S. MAIL, POSTAGE PREPAID, THIS MARCH 20, 2009 AND ADDRESSED TO: OFFICE OF THE COLORADO ATTORNEY GENERAL, 1525 SHERMAN ST., 7TH FL. DENVER, CO. 80203

6.