IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CMA·

Civil Action no. 92-N-870)(OES)(Consolidate with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.
Plaintiff,

v.

BILL OWENS, et al.
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -3 2009

GREGORY C. LANGHAM
                    CLERK

Claim Number 03-377
Category III
Claimant: Ronald Cordova, 57350
Address: SCF, B-1-12, P.O.Box 6000, Sterling, Co 80751

---

ADDENDUM IN SUPPORT OF OBJECTION TO SPECIAL MASTER'S FINAL ORDER OF JUNE 25, 2008. PLAINTIFF'S OBJECTION WAS FILED DECEMBER 17, 2008.

---

COMES NOW, the Plaintiff files this addendum in support of his December 17, 2008 Objections. And as for grounds states the following:

1. Plaintiff, had asked for extension of time several months back to file additional information in support of his December 17, 2008 Objections. But was unable to finish, because of the retaliation and harassment/discriminations he had experienced since the Final order was issued June 25, 2008 by special master.

2. Although the Special master did determined the Plaintiff was disabled and declared him mobility impaired. The Plaintiff felt the Special Master erred regarding there was no discrimination by AVCF Medical.

3. Since the Special Master issued ite Final Order of June 25, 2008 the DOC and Medical Department has not complied with that "Order" and Plaintiff has been subjected to constant discrimination and harassment/Retaliation., several DOC Staff and Medical staff.

4. The Plaintiff, contends the Special Master falied to consider the facts that medical never completed any follow-up treatment since the second time he was examined at the diagnostic center in Denver. Plaintiff was told he would get follow-up treatment for his knee injuries. He never did. That was on about 1993 of January. The Plaintiff's medical record does verify the many times Plaintiff was examined for new injuries or complaints for lack of follow up care/treatment regarding his knees.

5. For years after the Plaintiff sufferred with his knees giving-out and he would black out because of the Pain. Eachtime he submitted a medical kite, it would be days later for xrays. But Plaintiff was never told of the results of those xrays or ever seen a doctor other then P.A's who are neither experts in Orthopedic or skeletal system of the human body.

6. Finally, on November 14, 2001 I was seen for the first time by a qualified Orthopedic Dr. Jacob Patterson. It was since 1987 that I first went into Department of Corrections, and I went through diagnostic center twice. 1st time Cellhouse 5 in Canon City, C. And 1993 in Denver, a total of about 14 years later that I first seen a qualified doctor. <u>That was deliberate discrimination.</u> Nothing should take that long for follow-up treatment.

7. Dr. Patterson, wanted to perform arthoscopic surgery. It was denied by someone named Dr. Shames, according to what P.A. Ted Laurence had told me.

8. Plaintiff contends that the Special Master has erred regarding that the Defendants did not discriminated as to treatment that was supposed to be follow up treatment back in 1993. How can the Special Master over-look delayed/denied and deliberate conduct by medical staff since 1993. Over the years, Plaintiff suffered with pain. Because he knees would give out or just pop-out in normal walking or lifting any heavey weight/climbing stairs. Yes, I got xrays, but was never told of the results. Medical falls under the "benefits of services, and programs according to United States v. Georgia et al. 546 US _____, 126 SCt. 877 (2006).

Cite page 1265(?)

In pertinent part: Held in U.S. v. Georgia, supra, 126 SCt. at 881

> ... denial of the benefits of' the prison's 'services, programs, or activities." 42 U.S.C. 12132; see also Yeskey, 524 US ., at 210 (noting that the phrase "services, programs, or activities in 12132 include recreational, <u>medical</u>, ..........

When I am denied medical, for 16 years or more, I am denied the services of the benefits of the prison's programs. In violation of 42 U.S.C. 12132.

9. The Defendants claim I can't argue any claims of lack of medical care. And that the claimant cannot complain about the quality of medical care. <u>Since Medical care falls under the phrase of services and programs</u>. According to the Supreme Court in U.S. v. Georgia. The Defendants argument in May 15, 2006 Response, citing Fitzgerald v. Corr. Corp. of America, 403 F3d 1134 (10th cir. 2005) is overruled by U.S. v. Georgia. Regarding medical care. I can complain about the medical care or its quality if I was denied delayed or discriminated against all together. <u>I was denied medical care period, since 1993</u>. That is Deliberate discrimination. I now have permanent disability because DOC Medical falied to provide follow-up treatment as I was told back in 1993 at Denver Diaagnostic Center.

For these reason stated above, I believe the Special Master has erred regarding his ruling that there was no discrimination, although I am mobility impaired. <u>I sufferred all those years with pain and continue to suffer with pain</u>. Judge, R. Borchers has overlooked these facts.

DOC and Medical continue to discriminate and deny the minimum of care, and still refuses to acknowledge the Special Master's FINAL COURT ORDER DATED JUNE 25, 2008.

10. The Plaintiff, Cordova has alway's contended there is a conflict with the AIC Office and Cathie holst appointment. She is a State employee and cannot give an honest and just decision where prisoners are involved. her loyalty is to the state or her self.

The Plaintiff, Cordova parys this honorable court will give due consideration to all the information he has submitted regarding DOC and Medical's non-compliance witn Montez et al. v. Bill Owens. The Remedical Plan of August 27, 2003 and the recent April, 2008 Stipulations agreed upon by both party counsels.

11. The Plaintiff has been subjected to discrimination, harassment and retaliation by DOC and Medical Staff. Making his life a constant nightmare and filled with physical pain. The Plaintiff has been with out knee braces since 2006. When his knee braces were taken again and is a prescribed permanent order by Dr. Jacob Patterson the only Orthopedic to examine him. These ongoing violations ride in the face of the Americans Disability Act. Prohibiting discrimination when exercising the right to the benefits of programs (medical care or treatment). Which I have been denied since my incarceration regarding my knees. (Title II of the ADA 12132)

The Plaintiff believes the Special Master's Judge. Borchers has completely overlooked all evidence and facts/affidavits presented at the hearings and the Plaintiff's pleadings when it comes to discrimination. Its not just a lack of medical care its deliberate discrimination. And the recent incident of November, 2008 when the plaintiff's knee gave out again. And made out a medical kite for care, was told by P.A. Ted Laurence its his policy to not see prisoners who have filed law suit against him.

He has NO policy, he has an obligation under ESTELLE v. GAMBLE, 429 US 97, 97 SCt. 285 (1976). to provide medical care.

12. The Plaintiff cannot count the times he has been denied claims and grievances by the AIC Office without any kind of justification regarding the issues. Dr. Frantz, has totally refused to accept the fact of the Special Master's Final order. And Plaintiff has letters to prove that medical does not acknowledge the Cout's oders. Only when this Court start's to find DOC and Medical department in contempt. And imposes fines will they stop the discrimination and malicious retaliations.

WHEREFORE, the Plaintiff, Ronald Cordova, prays this Court will consider the above information regarding discrimination regarding his medical care for the past 22 years of incarceration regarding his treament of knee injuries. And that Classs counsel for the Montez inmates has not helped in the matter of non-compliance with the Remedial Plan and the stipulation agreed upon.

Date April 1, 2009                           Respectfully submitted

                                             *Ronald Cordova* (signature)
                                             Ronald Cordova, pro se
                                             #57350
                                             SCF             b-1-12
                                             P.O.Box 6000
                                             Sterling, Co 80751