IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 92-cv-870-CMA-DES

JESSE (JESUS) MONTEZ, et al.,

  Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

  v.

BILL OWENS, et al.,

  Defendants.

**MOTION FOR AN ORDER TO COMPLY WITH REMEDIAL PLAN
PAGE 4, V. PLACEMENT, SUB. PARA. 4.**

ALLEN I. FISTELL DOC# 63253/ CLASS MEMBER

   This is a summary of what has happened to me concerning the Montez case. I have been in the DOC for 15 years. I have severe back problems which cause lower mobility problems with my legs. I have had four back surgeries, and now have a (SCS) Spinal Cord Stimulator implanted which helps control the pain in my right leg, but does nothing for my left leg. The SCS was implanted in 2001 or 2002, because of nerve damage siatica. I'm being evaluated now for another Surgery on my back to help with the problems with my left leg. Because of my severe back problems I have had a Williams Back Brace for over ten years, which was ordered by Dr. Koons the Nero Surgeon who did my back surgeries.

   When the original Remedial Plan was formulated (but not finalized) David Bryan #59182 and myself saw a problem. We asked Paula Griesen to add protections for our property and privileges. She did as we asked See: page 4, Section V. PLACEMENT, sub para 4. Now at that time I was already accommodated, I had hand rails in my cell around the toilet and hand rails in

1

the showers, so I did not file a request for accommodation.

In 2005 the hand rails were removed from my cell (around the toilet). At that time I wrote the Warden of FCF and informed him that it was illegal to remove said hand rails. His answer was this facility is not a designated facility and therefore they don't have to have hand rails by the toilet in my cell. I again wrote him and informed him that it is true that FCF is not a designated facility, but that the Remedial Plan also does not allow them to remove accommodations already existent at FCF. See: Remedial Plan Section VII ¶ 6 second sentence, page 10. I was informed that my hand rails would not be put back. So I then filed a request for accommodation, which was denied. It was determined that I did not have a qualifying mobility disability pursuant to the mandates of the Montez Remedial Plan, and was therefore not entitled to accommodations for a mobility impairment. I filed grievances to no avail. Even though there were documented falls in my cell because of no hand rails in my cell.

In 2007 I was re-evaluated, Cathie Holst ordered that I be sent out of the facility to an outside Doctor for a Mobility test. I was taken for the test, but I was taken to the wrong Doctor and he could not preform the test. I got mad and wrote Cathie Holst a letter and told her this is ridiculous. My problems are well documented in my Medical File. (I have had four back surgeries and have an implanted SCS which helps to control my pain.) This effects my ability to be able to participate in programs, Jobs, recreation etc. I don't understand a need for further testing. I told her to cancel any further day trips for this. Her answer was I would not be further evaluated.

In November of 2008 FCF Removed the hand rails from the showers at FCF. At this point I wrote the new Warden of FCF as I did before concerning the hand rails in the cell. I told them that without the hand rails in the shower I can't shower. I have to use a shower chair and need the rails to get up and sit down. The answer from FCF was, they removed the hand rails in order to make the shower walls smooth for easy cleaning, and that "I would be screened for ADA again very soon". About a week later I was seen by Dr. Creany and told he was rescreening me and that I would meet the criteria this time, he said the administration wanted me out of FCF. Low and behold on December 18th 2008 I was transferred from FCF to FLCF on a **"ADA Transfer"**. Upon arriving at

FLCF I was told that all my property would need to be gone through. After going through my property I was told that I would not get certain things because they did not have my Accommodation Resolution, (even though the move sheet said it was an ADA transfer), but that as soon as I got the Accommodation Resolution they would release the rest of my property to me. I told them that per the Remedial Plan I retain all the property rights and privileges I had at FCF. Correctional Officer Marquez in property told me if I don't like it file a grievance. I told them no, as long as I was going to get my property when I got my resolutio, I would play their game. Sgt. Newman, the property Sgt. told me I would get it all. The property withheld was: (Wrist Brace, Green Sweat Pants, Ladder Cushions, Williams Back Brace, Abdominal waist band for SCS., Leather Pad Folder, Two (2) tupperware Bowls, 1 Set Double Twelve Dominoes, Blue Wash Cloth.) Some weeks later I asked Sgt. Newman about my property and he said it's safe and you will get it when your Accommodation Resolution comes. In February 2009 I received my Accommodation Resolution, and went to property to retrieve my property. Upon arriving I told Officer Marquez that I had received my Accommodation Resolution and wanted to get the rest of my property. **He said "what property?".** I reminded him of what he and Sgt. Newman had done and told me. Then he informed me that **they did not have any of my property**, but he would investigate it. At any rate I was informed later that **my property had been destroyed.** None of this would have happened had I been given my property when I first arrived per the Remedial Plan, page 4, Section V. PLACEMENT, sub para 4., "Inmates who are currently in DOC and are moved to a designated facility because of a disability and pursuant to this agreement will have the same privileges and property rights as they possess in their current placement", which was FCF. NOTE: My Back Brace was ordered released to me a short time after I arrived at FLCF by N.P. Chestnut but it was to late, it had already been destroyed.

I next filed an ADA Grievance over my destroyed property but the facility refused to process it as an ADA Grievance. They said it was a property grievance even though I was arguing my rights under The Remedial Plan page 4, Section V. PLACEMENT, sub para 4... My rights under this section of the Remedial Plan are ADA issues of discrimination and should be answered by the Office of The AIC. With the new ADA grievance process, where the case manager

decides whether it is an ADA Grievance or not they are stopping us from filing legitimate ADA Grievances. This has happened on many occasions already. See: "Other ADA Issues" on the Grievance Form AR 850-4.

On January 27, 2009 FLCF did an "ADA Property" shake-down. (facility wide) During this shake-down they were marking all our ADA equipment with either our DOC numbers or in the case of temporary equipment, FLCF property numbers. When they did my property they marked all my property with my number except my cane. On my cane they put FL 3027 a number showing it's FLCF property. I asked why they marked my personal cane as FLCF property and they couldn't give me an answer. I was told later that it would be taken care of but it never was, so at the request of Jennifer Riddle I filed a grievance over this, I have not received an answer yet.

In March I was called for a new ADA Screening and told that our Attorney's and the court had ordered these rescreenings. N.P. Chestnut did my screening and I had a hard time and even hurt myself and had to go back into a wheelchair because of the pain in my back and legs. About a week later I was called in for another ADA screening, but this time it was done by "Dr. Wermers." Dr. Wermers did his screening completely different from any I had had before. He (Dr. Wermers) used all his weight to force my legs to move into places they have not moved in over 20 years. It was so bad that I was laying on the exam table literally crying, tears running down my cheeks. At one point I had my right hand holding my back underneath me and when I pulled my hand out Dr. Wermers said **"Don't Hit Me."** I was not going to hit him, but this just shows that he **knew what he was doing was wrong!** I'm not the only one he did this to, he did it to my two cell mates also, as well as others. His physical actions were **abusive,** they didn't border on abuse **it was abuse.** If this "Doctor" worked in a nursing home or a home for the physically disabled and did what he did here, he would be in jail. Were just prisoners so nothing will happen to him. His "screening" caused me to have to stay in the Wheelchair, because I could not walk due to the incredible pain in my back and legs. Then two days later they took the wheelchair as well as many of my other medical assistive devices/durable Medical Equipment, such as: Heating Pad, 2 Knee Braces, Gurney (extra) Mattress, Back Brace which was already destroyed, Wrist Brace again already destroyed, and my Button Up Shirts. This seems to have been done for the purpose of covering the DOC for destroying

4

said property above. When the Wheelchair was taken from me I could not even get to chow for two days because of the pain. I requested pain medication but have been refused. There is a security video of part of my screening (the standing, balance, and walking), and during this part of the test I fell as a direct result of Dr. Wermers actions in pushing my hand away when I started falling and reached back to stable myself on the arm rest of my wheelchair. I have requested that this Video be held for the court, but I have not received an answer. I don't expect FLCF to comply with my request, but I tried.

On Thursday March 19th 2009 my personal glasses (1 reading and 1 prescription) were confiscated and replaced with one pair of prescription DOC glasses, and no reading glasses. This was done in violation of DOC's Own A.R. 700-05 which states in its pertinent part:

"B. Glasses, 7. Offenders entering the DOC through intake may retain possession of their personal glasses until the DOC issues a replacement pair of Glasses." (This clearly applies to new inmates entering the DOC, not inmates like myself who have been here for many years and received our glasses through the proper channels.)

"C. Services Not Provided, 2. Offenders entering the DOC may retain personal glasses only until they are replaced by state issue glasses." (Again this only applies to offender entering the DOC as it says and not to inmates as myself.)

"C. Services Not Provided 3. the DOC Clinical Services division is not responsible for an offenders personal prescription glasses or contact lenses, their damage, loss, repair, or replacement." (This clearly states that the DOC will not replace my glasses and yet they are trying to do just that.)

Not only is this a violation of their own AR 700-05, but it is a violation of the Remedial Plan, Page 4, SECTION V.PLACEMENT, sub para 4. in which we retain all the same privileges and property rights as we had at the non-designated facility I came from.

Now had I not moved from FCF to FLCF on a ADA move in accordance with the Remedial Plan, I would not have lost any of the above listed property. This "ADA" move was one of the worst things that has happened to me since I've been in DOC.

I have asked Paula Griesen's office to help with this, but to no avail. The DOC and their office pay no attention to the above quote from the Remedial

5

Plan, which is there to protect us from just such actions by the DOC.

    I now ask you to intervene and order the DOC to replace all my destroyed property which was taken from me.

    The following is a list of property needed to be replaced or returned to me: Williams Back Brace, Wrist Brace, Green Sweat Pants, 1 Leather Pad Folder, 2 Tupperware Bowls, 1 Set Dominoes double twelve, 1 Wash Cloth; (these items have been destroyed already and need to be replaced). One (1) Heating Pad, Two (2) Knee Braces, One (1) Gurney mattress (extra) mattress).

    I am not sure how to proceed and ask that you please tell me how you wish me to proceed.

    Respectfully Submitted,

    Allen Fistell, #63253