Thursday, April 2, 2009

Honorable Christine M. Arguello, Judge
United States District Court
For The District of Colorado
Alfred A. Arraj United States Courthouse
Office of the Clerk
Room A-105
901 19th Street
Denver, Colorado         80294-3589

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 15 2009

GREGORY C. LANGHAM
_____ CLERK

Re:   **Montez**, et. al. **v. Romer**, et. al., Case No. 92 cv 870 (OES)
      (D.C.Colo. 1992)

            CMA

Your Honor,

Enclosed, please, find copies of ADA Emergency Requests for Accommodations and administrative grievances filed in the above entitled matter. **See, e.g.,** App. A. As you can see, this is not the first just the most recent attempt to obtain assistance with my disability from correctional officials. **See, e.g.,** App. B. Although it has been assigned to the Chief of Psychiatry on January 12, 2009, **see, e.g.,** App. C, no action or determination has been made "due to the large work load volume and shortage of staff [that] the AIC has [been] experienc[ing]." **See, e.g.,** App. D. No mental health assessment has been undertaken, in this matter, in more than 3 1/2 years.

In my humble opinion, the Colorado State Department of Corrections (CDOC) still is not in compliance with the terms of the Settlement Agreement dated September 15, 2003. For these reasons, I must now respectfully request that the Compliance Period be extended for, at least, another year in this matter. I would, also, respectfully request that the CDOC be sanctioned for their continued failure to comply with the terms of that agreement.

In closing, any time, consideration, or other cooperation that the Court may be able to lend me, in this very important matter, would therefore be sincerely appreciated. As always, I look forward to your timely response. If I may be of any, further, assistance to you or your officers, then, please by all means do not hesitate to contact me, in writing, at the address that has been provided, below, for your convenience.

Very Respectfully Yours,

Randy Kailey
50247 Bldg. 1/1-R-1
P.O. Box # 1010
Canon City, Colorado    81215-1010

cc: Paula Greisen, Class Counsel
% King & Greisen, LLP
1670 York Street
Denver, Colorado          80206

enc.

CM: MOR CN    Print Date: 1/27/2009    **01**

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐
Date received by case manager: 2/4/09    Case Manager: C C Morton

Grievance Number: D-CT 08/09-372      STEP (Circle One) 1 **(2)** 3

| NAME | KAILEY, RANDY S | DOC NO. | 50247 | FACILITY/UNIT/POD | CTCF 1/1-R-1 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Meaningful Remedy:** I am in receipt of Ms. Russell's Step I Response of Tuesday, January 6, 2009. In his Response, Ms. Russell states "[t]he mere fact that [I] claim to be losing weight and suffer from depression does not indicate why [I am] unable to work in the kitchen or any other assigned job." By conceding, further, that my request to be assigned to an alternative job without fear of being disciplined for failure to work and losing assigned privileges is not a violation of state law or the ADA/Rehabilitation acts as all DOC offenders are required to work," Ms. Russell concludes by openly admitting that the "[f]ailure to comply with this requirement may result in sanctions being imposed." Contrary to her contentions, however, discrimination based upon physical or mental health disabilities are prohibited by both state law and the ADA/Rehabilitation Acts particularly when, as here, a prisoner is not "able-bodied" enough to perform the tasks of their job. See, e.g., Grievance No. CT 08/09-272, see also, Grievance No. CT 08/09-344.

By definition, an "able-bodied" prisoner is one who is "in the custody of the department" and physically capable of "participat[ing] in a work program or other productive activity" authorized by statute. See e.g., Colo.R. at §§ 17-29-102(1), citing, 17-ZA-103(1)/(2008). "This term does not preclude an offender . . . who is ill or unable to participate in a work program or other productive activity." Acute anxiety brought on by concerns of personal safety promised me by correctional authorities has inevitably led to my inability to eat or digest without vomiting. Working in high stress areas such as the kitchen only accerbates the problem as it is one of the most dangerous places to work in prison. It results in physical maladies that affect my ability to concentrate on a job and sleep at night. It has been thoroughly documented since, at least, August of 1998. For these reasons, my request for relief remains essentially the same as first stated in my Step I Grievance of November 20, 2008; To be transferred to a Community Corrections facility as promised by state authorities on July 3, 2008, and that in the meantime, I be re-assigned to a position that does not represent an injury here to my personal safety and well-being. Thank You

TO BE COMPLETED BY OFFENDER:
DATE: Feb 1, 2009    OFFENDER SIGNATURE: R. Kailey

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: DYSABILITY
DATE: 2/4/09    SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: SHAYLA REED 15100

Date ADA grievance sent to AIC:
**RESPONSE**

**SEE ATTACHED RESPONSE**

**TO BE COMPLETED BY RESPONDER**
DATE GRIEVANCE REC'D BY RESPONDER: 2/10/09    RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #: Anna Cooper #1550    RESPONSE DATE: 3/5/09

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 03/13/09    OFFENDER SIGNATURE/PRINT NAME & DOC #: Kailey Randy 50247

**RECEIVED**

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

FEB 09 2009

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:   719.226.4238
Fax:       719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| Response to: | Step 2 ADA Grievance |
| From: | Gary Golder, Director of Prisons |
| Through: | Anna Cooper, Designee |
| Received Grievance: | 2/10/2009 |
| Sent Response: | 3/5/2009 |
| Offender Name: | KAILEY, Randy |
| DOC No: | #50247 |
| Facility: | CTCF |
| Case No. | D-CT08/09-372 |

Offender Kailey:

I received your ADA Step 2 grievance stating that you are being forced to work in Food Service at CTCF, which causes you depression, physical problems, and you cannot sleep at night. The remedy you requested was that you be transferred to a community corrections facility as promised by State authorities in July 2008, and that in the meantime you be reassigned to a position that does not represent an on-going threat to you personal safety and well-being.

The response you received to your Step 1 grievance stated that:
- You do have an ADA alert on your profile
- You are currently being screened and are awaiting a disability determination
- You failed to state how your medical condition prevents you from performing you job duties
- Your request for job reassignment where you are not in fear of disciplinary action for failure to work or losing privileges is not a violation of State law or ADA acts
- Your failure to comply may result in sanctions
- You provide no specifics as to why you cannot perform your current job duties
- You have no current medical restrictions
- Your grievance was denied

In review of this matter I find that you were screened according to the guidelines established under the Remedial Plan of the Montez Agreement and were found not to have a qualifying disability. Your Accommodation Resolution dated 2/24/2009 stated:
**Your MEDICAL CONDITION DOES NOT RISE TO THE LEVEL OF A DISABILITY**

---
Offender Name: KAILEY, Randy
DOC No: #50247
Facility: CTCF
Case No. D-CT08/09-372
Page 2

Following a disability screening it has been determined that you do not have an other (ketosis/dehydration) disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

Your screening was performed by a qualified physician who found that you have no qualifying disability requiring accommodation as defined in the Remedial Plan of the Montez Agreement. The definitions of the disability requirements in the Remedial Plan are not debatable; therefore, your Accommodation Resolution will not be changed to reflect a disability.

Your Step 2 ADA Grievance #D-CT08/09-372 is denied.

/amc
xc: Medical/Mental Health
    Working File
    Department File
    Elec. File

DC Form 850-04A (07/01/07)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number: D-CTCF-09-342 (372)   STEP (Circle One) ① 2 3   ADA? Yes ☑ No ☐

| NAME KAILEY, Randy | DOC NO. 50247 | FACILITY CTCF |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Remedy:** On Thursday, October 30, 2008, I was assigned by correctional authorities and Case Manager, Lt. C. Caballero, to work in the Colorado Territorial Correctional Facility (CTCF) Kitchen. This assignment was made despite the knowledge that I was, then, suffering from ketoacidosis, or ketosis, brought on by acute starvation and severe dehydration due to an inability to consume solid food and extreme depression. I became forced to work in the CTCF Kitchen under threat of disciplinary action for "refusal to work" and penalty of lost earned or good time credits, restriction of privileges, and movement through the system, in strict violation of State law on the subject with regards to "able bodied offenders," see, e.g., Colo.Rev.Stat. § 17-24-103(1)(2008), the ADA or Rehabilitation Acts, and the Montez Settlement Agreement.

Specifically, correctional authorities made this assignment knowing full well that I was physically and competently incapable of performing the duties of that position without a disciplinary write-up. They, also, knew that such an assignment represented an ongoing threat to my personal safety and protection. My current weight loss has been medically documented or observationally recorded ever since, at least, May and quite possibly as early as March 1, 2008. I have dropped from 216 to less than 146 lbs. during that same period of time. I continue to suffer from extreme depression and have been so diagnosed with that disorder since, at least, as early as August, 1997.

For these reasons, I now formally request that I be re-assigned to a new job position in which I am able to perform the duties of that assignment without fear of disciplinary action, or penalty of lost and earned time credits, restrictions of privileges or movement through the system in accordance with State law, the ADA or Rehabilitation Acts and the Montez Settlement Agreement.

DATE: November 20, 2008   OFFENDER SIGNATURE: R.R.K.

DATE RECEIVED: 12-16-08   RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & ID: V. Russell 5821

**RESPONSE**

SEE ATTACHED RESPONSE
Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

Cathie Holst
1-6-09

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 1-6-09 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # V. Russell 5821 |

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 12/8/08 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Connie Higgs Connie Higgs 6163 Disability |

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 01/27/09 | OFFENDER SIGNATURE/PRINT NAME & DOC # KAILEY Randy R.R.K. 50247 |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

**RECEIVED**
DEC 15 2008
Office of Correctional Legal Services


12/9/08 HQ

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:       719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From:  Julie Russell-Legal Assistant II, Designee
            Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  December 16, 2008
Sent Response:  ~~December 29, 2008~~ 01/06/09
Offender Name:  Kailey, Randy
DOC No:  50247
Facility:  CTCF
Grievance No:  D-CT 08/09-372

**DISABILITY STATUS:**
**You are currently in the process of being screened however, no disability determination has been made**

**In the grievance referenced above, you allege the following:**
1. Despite suffering from Ketoacidosis or Ketosis (acute starvation/dehydration) due to your inability eat solid foods which is brought on by extreme depression, you have been assigned to work in the kitchen under the threat of disciplinary action and loss of good/earned time, etc. which is in violation of state law and the ADA/Rehabilitation Acts as well as the Montez Settlement agreement.
2. You are incapable of completing the assigned duties, and staff purposely placed you in this job so that you would be forced to receive a COPD.
3. Your weight has dropped from 216 lbs. to 146 lbs. since March, 2008 and because you suffer from depression you are unable to work.

**Requested Relief/Remedy:**
1a. You wish to be reassigned to a job where you are able to perform the duties without fear of being disciplined or losing privileges, etc.
2a. Same as 1a. above.
3a. Same as 1a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1. You do have an ADA alert on your profile and you are currently being screened, however there has not been a disability determination made at this time.
2. You fail to state how your current medical condition inhibits you from performing your assigned job duties. The mere fact that you claim to be losing weight and suffer from depression does not indicate why you are unable to work in the kitchen or any other assigned job.
3. Your request to be assigned to an alternative job without fear of being disciplined for failure to work and losing privileges is <u>not</u> a violation of state law or the ADA/Rehabilitation acts as all DOC offenders are required to work. Failure to comply with this requirement may result in sanctions being imposed. Again, however, you do not specify why you are unable to complete the essential functions of your assigned job, therefore I am unable to determine what, if any

       relief is required.
4. You do not have any medical restrictions currently listed in your DOC profile.

**CONCLUSION:** This grievance is denied as it relates to the issues you have raised above. Your ADA screening has not been completed at this time and you have failed to substantiate your need to be reassigned to any other job. You do not state why you would be unable to complete your assigned job duties, your medical records do not indicate that you are physically or mentally unable to function and you do not have any current medical restrictions. For these reasons, I do not find that you are entitled to relief.

**GRIEVANCE DENIED IN TOTAL**

cc: AIC File.
Page 2 of 2

*EMERGENCY*

# REQUEST FOR ACCOMMODATION

*(After completing Request portion of this form, Return to AIC, 2862 S. Circle Drive, Colorado Springs, CO 80906)*

**I. OFFENDER INFORMATION:** *(Please print)*

| Offender Name: | Kailey, Randy | DOC #: | 50247 |
|---|---|---|---|
| Current Facility: | Centennial Correctional Facility | Date: | May 7, 2005 |

**II. CLAIMED DISABILITY:** *(Check all that apply)*

| | Vision | | Hearing | | Mobility | | Diabetes | | Other ✓ |
|---|---|---|---|---|---|---|---|---|---|

**III. ACCOMMODATION REQUESTED:** *(Be specific and brief. You may attach one additional page if necessary to fully describe your condition and/or explain your requested accommodation)* Grievant was diagnosed by Matthew Goodwin, M.D., as suffering from Borderline Personality secondary only to Major Depressive Disorders while being evaluated at the Colorado State Hospital in Pueblo County, Colorado, on November 11, 1998. Since that time, he has been diagnosed by John O'Sullivan, PHd, as suffering from insomnia and related bulemic disorders to his chronic depression. Although he currently poses absolutely no threat to himself or others, under provisions of §§ 21-10-101 to 115, et.

_Randy Kailey_
Signature

*Offender: Do not write below this line*

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

## VERIFICATION OF DISABILITY

| Date of Evaluation: | | Facility: | |
|---|---|---|---|
| Chief Medical Officer or Designee *(Please print)*: | | | |
| Title *(if designee)(Please print)*: | | | |

**I SCREENED THE OFFENDER ON THE ABOVE DATE AND VERIFY HE/SHE HAS THE FOLLOWING DISABILITIES:** *(Check each & attach disability-specific evaluation)*

| | None | | Vision | | Hearing | | Diabetes | | Mobility |
|---|---|---|---|---|---|---|---|---|---|
| | Other *(Please be specific)* | | | | | | | | |

Signature of Evaluating Chief Medical Officer/Designee _____ Date _____

Original: AIC

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Division of Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:  719.226.4569
Fax:      719.226.4565



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:         Offender Kailey, Randy #50247
             Colorado Territorial Correctional Facility

FROM:   Joanie Shoemaker
             Director of Clinical Services

RE:         Request for Accommodation

DATE:    January 12, 2009

---

This is to notify you that your mental health disability determination is being delayed. The Chief of Psychiatry believes that additional information is required to ensure the most accurate assessment of your condition and needs.

I hope to be able to forward your case to the Office of the AIC for resolution for you without much further delay. Thank you for your patience.

cc: AIC File.

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 152
Colorado Springs, CO 80906-4195
Phone:  719.226.4236
Fax:    719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:     Offender Kailey #50247-CTCF

FROM:   J. Russell - Legal Assistant II, Designee
        Office of the AIC (ADA Inmate Coordinator)

RE:     Request for Accommodation

DATE:   February 23, 2009

This is to notify you that your disability determination is being delayed due to the large work load volume and shortage of staff the AIC has experienced.

I hope to have a resolution for you without much further delay. Thank you for your patience.

cc: AIC File.