IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. : 92-N-870-CMA (Consolidated for all purposes
with Civil Action No. : 96-N-343)

Jesse Montez, et al.
    Plaintiffs,

v.

Bill Owens, et al.
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 24 2009

GREGORY C. LANGHAM
CLERK

---

Case Number : C-007
Category : C
Movant : Matthew Tazio Redmon
Address of Movant : CTCF, P.O. Box 1010-CH7, Canon City, CO. 81215

---

MOTION TO AMEND OR SUPPLEMENT PRIOR MOTION FOR ENFORCEMENT
OF EXISTING REMEDIAL PLAN AND FOR ENFORCEMENT OF COURT
ORDERED SANCTIONS FOR NONCOMPLIANCE

---

COMES NOW, The Movant, Matthew Tazio Redmon, a CDOC Montez Class Inmate, #140637, pursuant to Federal Rule of Civil Procedure Rule 15, and enters this Motion to Amend or Supplement Prior Motion.
    In support of this Motion, the Movant would state the following :

    The prior Motion was filed in this Court by the Movant and was dated January 11th, 2009.

    On the 27th day of January, 2009, the Motion was Ordered held in abeyance by the Special Masters.

    Since the filing of the Motion, the Movant has had more opportunity to discover further evidence of the Defendant's ongoing noncompliance in the above named Action.

    The Movant would now enter further EXHIBITS and describe the contents in relation to the prior Motion.

(1)

EXHIBIT "O" is a letter from the Office of the AIC. The letter is dated April 6, 2009, and is signed by Adrienne Jacobson and initialed by Cathie Holst.

As can be seen, this letter starts with, yet another empty apology by the AIC.

In the prior Motion, the Movant has included as EXHIBIT "G", the Movant's previous grievance against the AIC for the failure to reply to the Movant's grievances on time. The Movant would now enter EXHIBIT "O" as further proof that the AIC cares little for the time frames of the Montez Remedial Plan.

The Movant is aware that the Court may indeed look upon correspondence in a different light from the grievance procedure, and so, the Movant would now enter EXHIBIT "P" as further proof that the AIC does not answer grievances in the required time frame.

In EXHIBIT "O", paragraph #2, it can be seen that the Movant complained to the AIC about housing conditions. On page #4 of the prior Motion, the Movant details the same issue. On page #5 of the prior Motion, SECTION VIII, SUBSECTION -A., ASU/PSU, the Movant gives more detail of the same issue.

In EXHIBIT "O", paragraph #2, it is easy to see that the AIC cares only for the CDOC, and not for Disabled Inmates. The Movant would now enter EXHIBIT "Q" as further proof of this statement.

In EXHIBIT "Q", grievance #D-CT08/09-549, it can be seen in the reply that the Movant has grieved this issue before. Not only in EXHIBIT "A" of the prior Motion and in EXHIBIT "Q", but also in a grievance numbered D-CT08/09-429.

Out of all these grievances, now EXHIBITS, the Movant has received naught in the way of accommodation from the AIC.

In EXHIBIT "O", paragraph #3, the AIC attempts to defend the CDOC's decision to make use of so-called "town criers".

In the prior, original Motion, on page #7, page #8 and page #9, the Movant detailed the intent of the CDOC to use Inmates who can hear and who know Sign Language as "town criers" among the Deaf Inmates, instead of training CDOC Staff to fill these positions as the Montez Remedial Plan calls for and in violation of the CDOC's own policies.

(2)

In CDOC policy AR100-19, section IV.,E.,4., the policy states, "Offenders shall not be used as Translators or Interpreters under any circumstances."

On page #7, of the prior Motion, under SECTION XV, C.- TRAINING REGARDING HEARING IMPAIRMENT ISSUES, the Montez Remedial Plan states, "Sign Language Network will provide training to the medical and non-medical staff...." This is not happening because the CDOC believes they can use Inmates and avoid the training costs.

On page #8 and #9, of the prior Motion, under SECTION XVIII A.- ORIENTATION AT PLACEMENT FACILITY, the Movant has quoted the Montez Remedial Plan, and from paragraph #3 of EXHIBIT "O", it can easily be seen that the AIC is defending the Defendant's decision of noncompliance by using these Inmate "town criers" as opposed to the Trained Staff the CDOC is supposed to be using.

In paragraph #4, of EXHIBIT "O", Ms. Jacobson makes mention of a grievance which the Movant sent directly to the AIC. The Movant mailed this grievance directly to the AIC from Cellhouse #5, where the Movant was being housed in a cell without a strobe alarm. The Movant did this because the Casemanager assigned to Cellhouse #5 refused to accept the grievance from the Movant, the Casemanager did this citing the fact that the Movant was not on her Caseload.

In the final paragraph, of EXHIBIT "O", the AIC refuses to address the fact that the Movant, a Deaf Montez Inmate, was put into Segregation without any charges being issued.

In light of these most recent facts, the Movant would ask this Court to allow the Movant's request and grant the Motion to Amend or Supplement the original Motion for Enforcement.

4/14/09

RESPECTFULLY SUBMITTED,

_____ #140637

Matthew Tazio Redmon, #140637
CDOC
C.T.C.F.
P.O. Box 1010- CH 7
Canon City, CO.   81215

I declare under Penalty of Perjury that the foregoing is true and correct on this ___14th___ day of ___APRIL___, 2009. Executed at Canon City, Colorado.

#140637

(3)

EXHIBIT "O"

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4236
Fax:      719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:   Offender REDMON, MATTHEW #140637
      CTCF

FROM: Adrienne Jacobson, Designee
      Office of the AIC (ADA Inmate Coordinator)

RE:   Correspondence received 1/6/09, 1/28/09 and 2/25/09

DATE: April 6, 2009

---

Offender REDMON:

I received your above referenced correspondence and I apologize for the lateness of my response.

Regarding your compliant that you were housed in segregation and at A & O in cells without strobe alarms, there is no violation of the Remedial Plan here. Strobe alarms are to be in your house and in areas where you have independent means of egress. The Remedial Plan and the Stipulation Agreements are to be read together for intent. The stipulations do not supersede the Remedial Plan.

Similarly, there is no violation of the Remedial Plan in utilizing offender Town Criers to inform hearing disabled offenders of overhead announcements. These town criers are not utilizing a skill which exceeds their training i.e. any sort of foreign language or specialized communication skill. They are merely repeating information which was already widely broadcast to someone who may not have heard the entire announcement. The safeguard is that all offenders able to hear the announcement would be able to confirm the town crier statement as would DOC staff.

You enclosed a grievance form that you sent directly to me. This grievance will not be answered. Grievances must be routed through the facility grievance coordinators in order to be responded to.

Regarding being held in segregation without charges, this is not a matter for resolution by the AIC. Please contact your case manager.

Thank you for contacting the AIC.

EXHIBIT "P"

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐ No ☑
Date received by case manager: 3-23-09   Case Manager: _____

Grievance Number: D-CT08/09-644   STEP (Circle One)  1  2  3

| NAME | Mathew Redmon | DOC NO. 140637 | CTCF/CH7-2L-5L FACILITY/UNIT/POD |
|---|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Meaningful Remedy:**

GRIEVING

I am the A.I.C. In grievance #D-CT08/09-424, the A.I.C. received the grievance on 01/12/09, but did not answer until 03/02/09. This time span is hardly "within 25 days". This time span is a violation of AR 850-04. In grievance # D-CT08/09-549, the A.I.C. received the grievance on 02/23/09, and has not answered this grievance either. Today was the 25 day. I have not received an answer. This too is a violation of AR 850-04. I fail to see where the A.I.C. believes themselves to be exempt from policy. Does policy only count when it is convenient ? The A.I.C. has nearly one(1) month of time to answer a grievance, I have only five(5) days. I am on time. There is NO POSSIBLE WAY on this green Earth that the A.I.C. can be so overburdened with work that a one(1) month time frame is inadequate. I demand that the A.I.C. do their JOB and answer grievances in the time frame allotted.

TO BE COMPLETED BY OFFENDER:
DATE: 3/20/09   OFFENDER SIGNATURE: [signature]   140637

TO BE COMPLETED BY GRIEVANCE COORDINATOR:
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
DATE: 3/23/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Connie Higgs 6163

Date ADA grievance sent to AIC:
**RESPONSE**

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| TO BE COMPLETED BY OFFENDER |
|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

EXHIBIT "Q"

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: 3-30-09    Case Manager: BELL

Grievance Number D-CT08/09-549         STEP (Circle One)  1  ②  3

| NAME | Matthew Redmon | DOC NO. | 140637 | CTCF/CH7-2L-5E FACILITY/UNIT/POD |
|---|---|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

The time limit for this grievance is past. I have received NO answer to Step 1 from the A.I.C., so I will go on to Step 2. I would reiterate the entire statement that I made in Step 1, as well as pointing out that until the strobe alarms are installed in cellhouse #3 and in cellhouse #5, I am indeed "realistically threatened by a repition of this violation". And that "one does not to await the consummation of the threatened injury to obtain preventive relief". Make NO mistake about it, NOWHERE in the April 4th, 2008 sanctions for noncompliance does the Court give anyone the power to decide about the strobe alarms. The Court has decreed that ALL of the qualified Inmates will be housed in cells with these alarms, AT ALL TIMES. There is no mention of egress and no permission has been given for the CDOC to make exceptions that they like.

**TO BE COMPLETED BY OFFENDER:**
DATE: 3/26/09   OFFENDER SIGNATURE [signature]   #140637

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 3/30/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Connie Higgs / Connie Higgs 6163

Date ADA grievance sent to AIC: 3/31/09

**RESPONSE**

## SEE ATTACHED RESPONSE

**TO BE COMPLETED BY RESPONDER**
| DATE GRIEVANCE REC'D BY RESPONDER: 4/1/2009 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Anna Cooper #1550 AdA Cooper | RESPONSE DATE: 4/1/09 |
|---|---|---|

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 4/06/09   OFFENDER SIGNATURE/PRINT NAME & DOC # [signature] 140637

RECEIVED
APR 0 1 2009

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Office of Correctional Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:     719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| Response to: | Step 2 ADA Grievance |
| From: | Gary Golder, Director of Prisons |
| Through: | Anna Cooper, Designee |
| Received Grievance: | 4/1/2009 |
| Sent Response: | 4/1/2009 |
| Offender Name: | REDMON, Matthew |
| DOC No: | #140637 |
| Facility: | CTCF |
| Case No. | D-CT08/09-549 |

Offender Redmon:

I received your ADA Step 2 grievance stating that until the strobe alarms are installed in Cellhouse #3 and Cellhouse #5 at CTCF, you are threatened by a repetition of this violation of the April 4, 2008 sanctions for noncompliance. You requested no remedy in your Step 2 ADA Grievance.

The grievance procedure is outlined in Administrative Regulation 850-04. Duplicate grievances that reiterate issues which have previously been grieved will not be addressed again. This issue was previously addressed in grievance number D-CT08/09-429. A response to that grievance dated 3/13/2009, was forwarded to you at CTCF.

Additionally, AR 850-04 Grievance Procedure, states, "All issues and remedies contained in the original grievance must be incorporated into each subsequent step of the grievance. <u>Failure to renew each element of the complaint and/or requested relief in subsequent steps shall be deemed a waiver of those elements and/or requested remedy.</u> As you failed to follow the grievance procedure in this matter, you have <u>not</u> exhausted your administrative remedies.

You failed to state your requested remedy in your Step 2 ADA Grievance, therefore, none can be granted. However, it is your burden to prove the allegations stated in your Step 2 ADA grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations that CDOC or CTCF is in violation of the Montez Remedial Plan, or Document #3326 of the Sanctions. I can grant no relief in this matter.

Offender Name: REDMON, Matthew
DOC No: #140637
Facility: CTCF
Case No. D-CT08/09-549
Page 2

Your Step 2 ADA Grievance #D-CT08/09-549 is denied.

/amc
xc: Medical/Mental Health
    Working File
    Department File
    Elec. File

## CERTIFICATE OF SERVICE

This is to certify that I, Matthew Tazio Redmon, have duly served copies of the foregoing Motion to Amend or Supplement prior Motion for Enforcement upon each of the following parties by depositing copies of same in the United States mail, postage paid by the Movant, at C.T.C.F., Canon City, Colorado on this

17th day of April, 2009.

Addressed as follows:

State of Colorado
Office of the Attorney General
1525 Sherman Street - 7th Floor
DEnver, CO. 80203 - 1760

Paula Greisen, Atty Reg. # 19784
Attorney for the Plaintiff
King and Greisen, LLP
1670 York Street
Denver, CO. 80206

U.S. District Court
901 19th Street
Room A105
DEnver, CO. 80294 - 3589

Special Masters Borchers, Davidson and Pringle
Legal Resolution Center
7907 Zenobia Street
Westminster, CO. 80030

Signed this 17th day of April, 2009.

Matthew Tazio Redmon, #140637
Movant