IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number X-356
Category: Untimely Filed Claim
Claimant: Billy E. Jackson, #82325
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

**ORDER OF SPECIAL MASTER**

---

THIS MATTER comes before the Special Master on the letter of Claimant with attached documents(#3914). In that letter, Claimant requests help in obtaining assistance for his learning disabilities.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. The remainder of the Remedial Plan provides for systemic changes for inmates who have disabilities. The Remedial Plan sets forth four categories of disabilities; mobility impairment; hearing impairment; vision impairment; and diabetes. Learning disabilities is not set forth as a separate category under the Remedial Plan, though it may be covered by the ADA.

It appears that Claimant is seeking help concerning an issue that has arisen after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants

to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred.

Claimant has not filed a damage claim under Paragraph XXXII of the Remedial Plan. From his DOC number, it is clear that he was in custody prior to August 27, 2003. Claimant will be provided a claim form and information sheet. If he files a claim, Claimant will need to provide additional information before that claim may be processed. These questions are as follows:

1. During what periods of time has Claimant been in DOC custody?
2. When did Claimant become disabled?
3. When was Claimant subjected to discriminatory treatment by DOC staff and employees?
4. Why has Claimant waited to file his claim?

IT IS HEREBY ORDERED that Claimant is granted up to and including **May 31, 2009** in which to file a claim and provide the additional information requested in this order.

SIGNED this 24th day of April, 2009.

BY THE COURT:

/s/ Richard M. Borchers

_____
Richard M. Borchers
Special Master