IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

## DEFENDANTS' POSITION STATEMENT REGARDING TENTH CIRCUIT REMAND

Defendants, through the Colorado Attorney General, respectfully submit their Position Statement regarding this Court's Order Relating to Tenth Circuit Remand [Doc. # 3838].

1. On January 9, 2009, the Tenth Circuit remanded the appeal of claimant Raymond Price in Case No. 08-1049 and directed this Court to make a determination as to whether the Plaintiffs agreed to waive their right to appeal the decision issued by Judge Kane to the Tenth Circuit.

2. The Remedial Plan established a process for claimants (inmates who believe the Colorado Department of Corrections discriminated against them because of a disability related to mobility, vision, hearing or diabetes) to file individual claims for damages. [Doc. 536, § XXXII].

3. Under the Remedial Plan, all individual damages claims are to be resolved by a Special Master. *Id.*

4. The Remedial Plan provides that, "[a]fter review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane." *Id.*

5. The Remedial Plan does not provide for any other review of the Special Masters' decisions beyond review by Judge Kane. *Id.*

6. The language of a contract "must be examined and construed in harmony with the plain and generally accepted meaning of the words used." *Level 3 Communications LLC v. Liebert Corp.*, 535 F.3d 1146, 1154(10th Cir. 2008) (citing *East Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 973 (Colo. 2005)). When a contractual provision unambiguously resolves the parties' dispute, the interpreting court's task is over. *Id.*

7. If an ambiguity has been determined to exist, extrinsic evidence may be used to clarify the meaning of the contractual provision at issue. *Id.* at 1155. Extrinsic evidence can include "any pertinent circumstances attendant upon the transaction, including the conduct of the parties under the agreement." *Id.* (citing *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1313, 1314 (Colo. 1984)).

8. Here, the plain meaning of the provision of the Remedial Plan regarding appeals of damages claims is that they may be appealed to Judge Kane. [Doc. 536, § XXXII]. The provision does not contain any language indicating that an individual

damages claimant can then file an appeal of Judge Kane's decision to the Tenth Circuit. Accordingly, Defendants believe that the plain meaning of this provision unambiguously demonstrates that the Remedial Plan does not allow for appeals to the Tenth Circuit. Otherwise, the Remedial Plan would have expressly contained such language.

9. In the alternative, if the Court finds that the meaning of this provision is ambiguous, the conduct of the individual damages claimants indicates that appeals to the Tenth Circuit were not contemplated by the Remedial Plan.

10. Since the date the Remedial Plan went into effect on August 27, 2003, over 1,400 inmates have filed individual damages claims in the *Montez* class action lawsuit.

11. In contrast, the only claims that have been appealed to the Tenth Circuit include: 1) *Montez, et al. & Fred Franzone, interested party v. Owens, et al.*, 06-1233; 2) *Montez, et al. & Jimmy R. Bulgier, interested party v. Owens, et al.*, 07-1405; 3) *Montez, et al. & Raymond Price, interested party v. Owens, et al.*, 08-1049; and 4) *Montez, et al. & Larry Gordon, interested party v. Owens, et al.*, 06-1233.[1]

12. During the past six years, only four inmates have attempted to appeal Judge Kane's decision regarding their damages claims. As such, the Court could infer that such conduct supports that the intent of the parties was to waive any appellate rights to the Tenth Circuit.

---

[1] The first two appeals were dismissed for failure to prosecute. Mr. Price's appeal was remanded to this Court and Mr. Gordon's appeal is currently pending in the Tenth Circuit.

13.     Accordingly, Defendants believe that the Court should determine that the Remedial Plan only provided for an appeal of the decision of the Special Masters to Judge Kane, and that individual damages claimants are not permitted any further appellate rights.

Respectfully submitted this 27th day of April, 2009.

>JOHN W. SUTHERS
>Attorney General
>
>
>s/ James X. Quinn
>―――――――――――――――――
>JAMES X. QUINN
>Assistant Attorney General
>Civil Litigation and Employment Law Section
>
>Attorneys for Defendants
>
>1525 Sherman Street, 5th Floor
>Denver, Colorado  80203
>Telephone: (303) 866-4251
>FAX: (303) 866-5443
>*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on April 27, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
greisen@kinggreisen.com

Jennifer W. Riddle
riddle@kinggreisen.com

Edward T. Ramey
eramey@ir-law.com

Lara E. Marks
lmarks@ir-law.com

cc:   Cathie Holst, CDOC

s/ James X. Quinn