IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

---

## DEFENDANTS' POSITION STATEMENT REGARDING REPORT AND RECOMMENDATION OF SPECIAL MASTERS

---

Defendants, through the Colorado Attorney General, respectfully submit their Position Statement regarding this Court's Order Relating to Report and Recommendation of Special Masters [Doc. # 3839].

## PRELIMINARY STATEMENT

On March 5, 2009, this Court entered an Order Relating to Report and Recommendation of Special Masters [Doc. # 3839].  Pursuant to this Court's Order, the following is Defendants' Position Statement regarding: The application of *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991); the scope of the April 15, 2008, Order; and the authority of the Court to resolve *pro se* issues and how such issues should be handled.

## DEFENDANTS' POSITION STATEMENT

**I.      Application of *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).**

Defendants believe that the Tenth Circuit's ruling in *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) is directly on point and dispositive of the issues.  *McNeil* was an inmate class action relating to conditions in the Oklahoma prison system.  In that case on two occasions, an inmate attempted to file papers within a class action seeking enforcement of the consent decree entered into by the parties in the class action.  The court clerk refused to file the motions and sent petitioner's papers back to him with a letter indicating that the class action was closed and petitioner should contact class counsel.  On a second occasion, this same inmate attempted to file a motion to show cause why the class action should not be reopened.  In that pleading, petitioner stated that class counsel refused to take action or to respond to the request for further proceedings in the class action.  Again, the clerk refused to file the papers, returning them with a letter indicating the inmate should contact class counsel.  The inmate had previously contacted class counsel about enforcing the consent decree.  In response, class counsel acknowledged that he was still involved in the class action but refused to take or evaluate petitioner's case.  *McNeil v. Guthrie,* 945 F.2d at 1164 -1165.

The Tenth Circuit concluded that because there is a potentially recurring problem of individual class members seeking to litigate issues within the class action, the clerk and the district court must have a procedure for handling *pro se* filings.  In doing so the Court held that individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions could not be brought where there is an existing class

action.  The Tenth Circuit specifically noted that to permit such filings would interfere with the ongoing class action.  *McNeil* at 1165 -1166, *citing Long v. Collins,* 917 F.2d 3, 4-5 (5th Cir.1990); *Goff v. Menke,* 672 F.2d 702, 704 (8th Cir.1982).  Thus, the Court held that claims for equitable relief **must** be made through the class representative until the class action is over or the consent decree is modified.  *McNeil* at 1166.[1]

## II.     Scope of the April 15, 2008 Order.

The Special Masters were originally appointed exclusively to resolve damage claims of individual class members.  See Remedial Plan at Section XXXII.   At the last compliance hearing, the Honorable Judge Kane advised the parties that due to the receipt of numerous pro se filings "it had become necessary to consider the expansion of the duties of the Special Masters to include work outside of the [damage] claim process set forth in Section XXXII of the Remedial Plan."  [Doc. # 3336, Order Expanding the Duties of the Special Masters].  The Court noted that it was receiving numerous *pro se* filings from individual inmates that took time to review and rule upon and that due to the work load resulting from judicial vacancies, the *pro se* filings could

---

[1] The Tenth Circuit noted that class members could bring individual suits only under two sets of circumstances.  First, class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action. *Spears v. Johnson,* 859 F.2d 853, 855 (11th Cir.1988), *vacated in part on other grounds,* 876 F.2d 1485 (11th Cir.1989); *Woodson v. Fulton,* 614 F.2d 940, 941 (4th Cir.1980). Second, they could bring individual actions when they seek money damages.  *Spears,* 859 F.2d at 854; *Norris v. Slothouber,* 718 F.2d 1116, 1117 (D.C.Cir.1983); *Herron v. Beck,* 693 F.2d 125, 127 (11th Cir.1982); *Goff,* 672 F.2d at 704.  Here however, as noted below, there is a damage provision allowing class members to pursue individual damage claims through a process wherein individual damage claims would be determined by a Special Master.  [See Remedial Plan at Section XXXII].

not be ruled upon in a timely manner by the district court judge.[2]  Consistent with

*McNeil*, the Court expanded the duties of the Special Masters "to review and rule upon

pleadings filed by *pro se* inmates related to this case and to issue a report pursuant to

Fed. R. Civ. P. 53(e) on motions specifically referred by the Court."  Consistent with this

Order and with the controlling Tenth Circuit decision in *McNeil*, the Special Masters

were forwarding the filings involving class issues to class counsel to determine what, if

any action should be taken because inmates lack standing to individually litigate matters

relating to the class action.

Class counsel appears to argue that the April 15, 2008, Order expanded the

class itself.  Such is not the case.  For instance, Class counsel argues that "if a claim for

damages is not addressed by the damage claim process because the claimant was not

disabled or in DOC before August 27, 2003, or due to the cutoff date for filing claims,

the Special Masters have jurisdiction to issue rulings on *pro se* pleadings and

correspondence pursuant to the Expansion Order for violations of individual rights under

the Remedial Plan."  Such a reading of the Order is too broad and expands the class

itself.

---

[2] At that time, the Court also noted that the Special Masters were appointed to resolve individual damage claims and that "[t]hat process is winding down."  [Doc. # 3336 at p. 1].  Despite the passage of year since this finding, the damage claim process has continued to linger due to the Special Masters' allowance of untimely claims.  The Remedial Plan specifically states that "[d]amage claims must be filed within 90 days of receipt of the Damage Claim Form"  The Special Masters were permitted to extend this time limit for filing damage claims "upon a showing that the inmate was prevented from, or incapable of filing within the specified time period."  [Section XXXII of the Remedial Plan].  Given that the damage claim process is now over five years old, and to prevent this process and the expense associated therewith to linger in perpetuity, Defendants request an order that no more damage claims should be accepted.  Indeed, as recently as today, the Special Masters allowed two additional inmates to file damage claims without any showing that the inmate was prevented from, or incapable of filing within the specified time period.  [See Docs. # 3933 and 3934].

III.    **Authority of the Court to Resolve *Pro Se* Issues and how *Pro Se* Pleadings Filed in this Case Should be Handled.**

In this case, the Court has already, consistent with *McNeil*, developed a method for resolving *pro se* pleadings filed by individual class members.  Indeed, the very purpose of this Court's April 15, 2008, Order was to permit the Special Masters, who were previously only appointed to conduct individual damage claim hearings, to screen and dismiss claims for injunctive or equitable relief encompassed within the class action and forward *pro se* pleadings to class counsel if appropriate.  As the Tenth Circuit directed in *McNeil*, initially, the clerk should, as he or she has in the past, file all pleadings.  However, because individual prisoners lack standing to individually litigate matters relating to the class action, the district court, or in this case, the Special Masters appointed by the District Court, should examine the filed papers to make a threshold determination if the allegations are separate from or should be raised within the class action.[3]  If the claims are duplicative and are appropriately within the context of the class action, the district court (Special Master) should dismiss the action under 28 U.S.C. § 1915(d) and *Neitzke v. Williams,* 490 U.S. 319 (1989), and either directly send the papers to class counsel or advise the *pro se* litigant that he must send the papers to class counsel.  *McNeil v. Guthrie,* 945 F.2d at 1166 citing *Long v. Collins,* 917 F.2d at 4-

_____

[3] As noted above, this is consistent with the directive in *McNeil*.  "If it is more efficient, the district court could refer the matter to a magistrate for a recommendation, *see* 28 U.S.C. § 636(b)(1)(A) & (B); *McCarthy v. Bronson,* 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), or appoint a special master to make a recommendation."

5 (claims must be made through class counsel until class action is closed).[4]  Thus, with respect to injunctive relief relating to issues within the boundaries of the Remedial Plan, the inmate's recourse is to: (1) file ADA grievances; (2) contact the Office of the AIC; or (3) contact class counsel.  Pursuant to the Remedial Plan, compliance issues are to be decided only by Judge Kane.  There is no provision in the Stipulations of August 26, 2006, April 4, 2008, or any other Stipulation of the Parties, in the Remedial Plan, or in the April 15, 2008 Order Expanding the Duties of the Special Masters entitling inmates to seek relief from the Special Masters for alleged non-compliance of this issue encompassed within the class action.

With respect to damage claims, the Remedial Plan only allows for individual relief as set forth in section XXXII.  If an inmate's claim is not addressed by the damage claim process because he or she was not disabled or in CDOC custody before August 27, 2003, as noted by the Special Master and affirmed by this Court, the Special Masters lack jurisdiction because the inmate is not a damage claim class member and the pleading should be dismissed by the Special Masters.  An inmate in this situation should file his or her own independent lawsuit for damages.[5]

---

[4] Alternatively, as permitted by *McNeil*, the district court judge, using his inherent power, could issue a standing order permitting Clerk to determine whether a pro se pleading raises issues duplicative of the class action. If the Clerk determines a pleading is duplicative, he or she could forward the papers to class counsel. When there has been no standing order entered, however, respondent cannot refuse to file a *pro se* pleading.  *McNeil v. Guthrie*, 945 F.2d at 1166.

[5] While inmates not incarcerated or discriminated against prior to the August 27, 2003 cutoff are not class members for purposes of the damage claim process and can file their own independent lawsuit for damages, all disabled inmates within the four subclasses of inmates in CDOC custody are class members for purposes of the injunctive issues encompassed within Remedial Plan.

In conclusion, under the proposed method for managing the class action, if a *pro se* prisoner's allegations fall within the scope of the class action*,* his or her claims must be dismissed for lack of standing. The claims must be decided within the class action. An inmate's remedy in this context is to consult with class counsel and relate what his concerns are.  Class counsel will then have to make a professional decision as to the relief that should be sought for Claimant.[6]   If the inmate's allegations are outside the scope of the class action either because the inmate cannot bring a damage claim within the class action, or because the issue is not encompassed within the class action, such inmate should file their own lawsuit which can be heard on its merits.

Respectfully submitted this 27th day of April, 2009.

JOHN W. SUTHERS
Attorney General

s/ James X. Quinn
JAMES X. QUINN
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4251
FAX: (303) 866-5443
*Counsel of Record

---

[6] Under *McNeil*, Claimant may file a separate action to seek intervention in the present case or to challenge the adequacy of representation by class counsel.  *McNeil v. Guthrie*, 945 F.2d at 1166.

**CERTIFICATE OF SERVICE**

I certify that on April 27, 2009, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following

e-mail addresses:

Paula Greisen
greisen@kinggreisen.com

Jennifer W. Riddle
riddle@kinggreisen.com

Edward T. Ramey
eramey@ir-law.com

Lara E. Marks
lmarks@ir-law.com

cc:      Cathie Holst, CDOC

<u>s/ James X. Quinn</u>