IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO TENTH CIRCUIT REMAND**
_____

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey and Lara E. Marks of ISAACSON ROSENBAUM, PC, hereby file this Response to Order Relating to Tenth Circuit Remand.

1. In an Order and Judgment issued by the Tenth Circuit Court of Appeals in case no. 08-1049, the District Court was directed to "make a determination whether plaintiffs, in the Remedial Plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]."

2. An Order was filed by this Court on March 5, 2009 requiring Class counsel to submit to the Court Plaintiffs' position with respect to appellate rights of Montez Claimants under section XXXII of the Montez Remedial Plan. [Doc. #3838].

Section XXXII provides in part:

> After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

3. Plaintiffs' position on this issue remains that because the Remedial Plan is silent as to the appellate rights of Montez claimants in the Montez damage claim process, claimants have the right to appeal their claims through the normal appellate process.

4. As a form of contract, the Remedial Plan must be construed according to contract principles. A plain reading of the language of the Remedial Plan shows that it does *not* waive the subsequent appeal rights of individual damage claimants. The intent of the parties to extinguish appeal rights is expressed *only* with regard to appeal rights beyond Judge Kane's determination whether "substantial compliance" with the Remedial Plan has been achieved. This intent is clearly evinced by the plain language of the Remedial Plan, Section XXXI, which states, in pertinent part:

    > "If the parties disagree as to whether substantial compliance has been achieved, the dispute shall be submitted to Judge Kane for a *final* determination." (*Emphasis added*).

5. Where the parties clearly intended to extinguish appellate rights with respect to *substantial compliance*, there is no such similar language in the Remedial Plan that demonstrates the same intent with respect to *damage claims*. The Remedial Plan does not state that damage claims submitted to Judge Kane are done so for a "final determination."

6. Claimants in the Montez damage claim process, like any citizen, have the Constitutional right to access the courts. The waiver of such an important right cannot be implicated and should not be inferred. Courts have consistently held that waiver of a fundamental

right must be voluntary, knowing and intentional. *People v. Curtis*, 681 P.2d 504, 514 (Colo. 1984). Here, the intent of the parties to extinguish appeal rights with respect to damage claimants is not expressed in the Remedial Plan and therefore cannot be construed as a knowing and intentional waiver of that right.

7. Finally, Class Counsel believes it is appropriate to reiterate its position on the issue of whether an individual damage claimant has standing to individually litigate matters pertaining to the damage claims process, previously addressed in its Response to Order Relating to Tenth Circuit Remand filed with the Court on March 19, 2009. [Doc. #3861]. It is the position of Class Counsel that because individual claimants are not represented by Class Counsel with respect to their individual damage claims, these individuals have standing to assert their individual damage claims in accordance with the two exceptions noted in *McNeil v. Guthrie*, 945 F.2d 1163, 1166 (10th Cir. 1991):

> First, class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action. *Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), vacated in part on other grounds, 876 F.2d 1485 (11th Cir. 1989); *Woodson v. Fulton*, 614 F.2d 940, 941 (4th Cir. 1980). Second, class members may bring individual actions when they seek money damages. *Spears*, 859 F.2d at 854. (additional citations omitted). *Guthrie*, at 1166, fn.4.

8. Because the parties maintain divergent positions with respect to the proper interpretation and application of section XXXII of the Montez Remedial Plan, Plaintiffs believe that this issue should be submitted to Judge Kane for resolution. Pursuant to Section XXXVI (A) of the Remedial Plan, in the event the parties are unable to resolve disagreement concerning the rights and obligations under or concerning the proper interpretation of the Remedial Plan, the parties are to submit the issue to Judge Kane for resolution.

Respectfully submitted this 27th day of April 2009.

KING & GREISEN, LLP

/s/ Paula Greisen
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202
eramey@ir-law.com
lmarks@ir-law.com

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 27th day of April, I electronically filed the foregoing PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO TENTH CIRCUIT REMAND with the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Elizabeth H. McCann
James X. Quinn
Jennifer Huss
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us
james.quinn@state.co.us
jennifer.huss@state.co.us

Attorneys for Defendants

/s/ Laurie Mool