IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

## PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS

---

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey and Lara E. Marks of ISAACSON ROSENBAUM, PC, hereby file this Position Statement in Response to Order Relating to Report and Recommendation of the Special Masters.

1.  An Order was filed by this Court on March 5, 2009 requesting the position of counsel for the Class with respect to what jurisdiction exists under the Remedial Plan and subsequent stipulations to allow individual inmates to seek relief from the Court and whether individual *pro se* motions seeking personal relief are subject to adjudication by the Court. [Doc. #3839]. This jurisdictional question has arisen as a result of the filing of numerous motions and correspondence seeking individual relief by Montez Class members and Montez damage claim claimants.

2. When the Remedial Plan was entered by this Court, the parties agreed to a period of time not to exceed two years in which the Department of Corrections ("DOC") was to comply with the terms of the Remedial Plan. Now, almost six years later, DOC has still not been found to have achieved substantial compliance. As a result of the extended non-compliance period, Montez Class Members have and continue to suffer individual damages. Specific examples of damages incurred include but are not limited to those resulting from DOC's failure to properly accommodate individuals with disabilities, DOC's failure to comply with Final Orders of the Special Masters, and DOC's failure to make the programs and services offered by DOC accessible to inmates with disabilities.

3. Initially, the Remedial Plan provided the inmates with a *pro se* damage claim process. The parties agreed that any inmate who was in the custody of DOC on or before the entry of the Remedial Plan, August 23, 2003, could file a claim for damages. Section XXXII of the Remedial Plan also provides that if an inmate filed a claim for damages, they could subsequently amend their damage claim if he or she incurred additional damages during the compliance period. Because of DOC's failure to reach substantial compliance, there have been on-going damages and complaints from inmates with disabilities over the course of the last four years.

4. Many of these inmates wrote to Judge Kane about a variety of issues, including harm that the inmates have suffered as a result of the non-compliance. Undoubtedly besieged by these letters, Judge Kane determined that the Special Masters were in a unique position to adjudicate these matters. Accordingly, Judge Kane issued an Order on April 15, 2008 ("Expansion Order") expanding the jurisdiction of the Special Masters. [Doc. #3336] (Exhibit A). The Expansion Order states in pertinent part:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of *pro se* pleadings and correspondence filed by individual claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

5. Based on the correspondence and *pro se* filings referenced by Judge Kane, it appears that at this time four identifiable categories of claimants seeking relief for individual damages have emerged.

**Claimants that filed claims for damages sustained prior to August 23, 2003 but who continue to incur damages as a result of DOC's non-compliance with the Remedial Plan:**

   a. The first category includes individuals that filed claims for damages arising from violations occurring prior to August 23, 2003, the effective date of the Remedial Plan, that were contemplated by the Montez Damage Claim process. Such claims have either been adjudicated by the Special Masters and/or are currently in the process of being issued a determination. Due to DOC's continued non-compliance with the Montez Remedial Plan, some claimants have and continue to suffer the same or similar violations of their individual rights addressed by their initial claim for damages. These individuals are eligible to amend their damage claim forms to include claims arising during the compliance period, as discussed above, and to have a special master adjudicate matters relating to their damage claim.

**Claimants that filed claims for damages sustained prior to August 23, 2003 but who continue to incur damages as a result of DOC's failure to comply with the "Final Orders" of the special masters:**

   b. The second category includes damages that have occurred when DOC has failed to comply with a "Final Order" of the special masters. For instance, on the claim of Charles R. Stroud, the Special Master found him to have a mobility disability that

qualified him as a member of the Montez Class. The Special Master also found that DOC had discriminated against Mr. Stroud by not providing appropriate footwear to accommodate his disability. The Special Master awarded him $500.00 in damages. Although DOC has paid the money, it continues to refuse to provide the appropriate footwear as a necessary accommodation. As such, Mr. Stroud continues to sustain damages. [Exhibit B].

**Inmates in DOC custody prior to August 23, 2003 that did not file damage claim forms pursuant to the process set forth by the Remedial Plan:**

c. This category includes claims for damages that are not addressed by the Montez damage claim process because the claimant did not submit a damage claim form prior to the cut-off date for filing damage claims. Like many other Montez Class members, these individuals seek relief for individual damages sustained as a result of DOC's non-compliance with the Remedial Plan.

**Inmates not in DOC custody prior to August 23, 2003 and/or those that were in DOC but not disabled prior to that date:**

d. The final category includes claims for damages that are not addressed by the Montez damage claim process because the claimant was either not disabled or not in DOC before August 27, 2003. Initially, it was thought that these individuals, while Class members for purposes of the Remedial Plan, would file their own individual claims in federal court for damages. However, given the unforeseen delay in achieving substantial compliance and the Expansion Order issued by Judge Kane, it is the position of the Plaintiff Class that the Special Masters have jurisdiction to adjudicate *pro se* pleadings for violations of individual rights under the Remedial Plan.

6. It is clear from the plain language of Judge Kane's Order that he intended the Special Masters to address the ongoing problems experienced by inmates with disabilities as a result of DOC's non-compliance with the Remedial Plan.  Specifically, Judge Kane referred to Federal Rule of Civil Procedure 53, which in pertinent part provides that a court may appoint a master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed.R.Civ.P 53(c).  It is clear that given the number of issues to be resolved on behalf of the individuals, Judge Kane intended to have these issues addressed in a manner that most served judicial economy.  Accordingly, as the Special Masters have unique knowledge, it is appropriate that they resolve issues rather than a plethora of individual filings in federal court.  Defendants' position that expanding the jurisdiction of the Special Masters to include review of claims not originally contemplated by the damage claim process set forth in the Remedial Plan somehow expands the class itself is simply not supported by the plain language of the Order.  It is the position of the Plaintiff Class that the Special Masters now have jurisdiction to adjudicate *pro se* pleadings for violations of individual rights under the Remedial Plan, as discussed above.

7. As these matters are complex and involve lengthy procedural history, the parties request the opportunity for oral argument on this issue.

Respectfully submitted this 27th day of April 2009.

KING & GREISEN, LLP

/s/ Jennifer W. Riddle

Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 27th day of April, I electronically filed the foregoing PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO REPORT AND RECOMMENDATION OF SPECIAL MASTERS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

                                                        */s/* Laurie Mool