IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-298
Category III
Claimant: Lawrence Handy, #44272
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## FINAL ORDER ON MOTION TO SET ASIDE SETTLEMENT

---

THIS MATTER came before the Special Master for hearing on April 20, 2009. This hearing was held at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado. Present were the following: Lawrence Handy (Claimant); James Quinn, attorney for Defendants; and Cruz Caballero, case manager at CTCF.

The Special Master received the testimony of Claimant and Mr. Caballero. Claimant offered into evidence Exhibits 1 and 2, and both were admitted. After receiving closing arguments, the case was taken under advisement.

**I.**

Claimant has been incarcerated in the Colorado Department of Corrections (DOC) for several years. He has had medical and health problems stretching back over twenty years. *See, Handy v. Price*, 996 F.2d 1064 (10th Cir. 2003). Claimant appeared for the hearing in a wheelchair that was pushed by another inmate.

The present case commenced in 1992 with the filing of a *pro se* complaint by Plaintiff Jesse Montez. Over the following four years, counsel entered their appearance and sought class certification. The case proceeded forward from 1996 with discovery and various legal battles.

In 2003, class counsel and counsel for Defendants began discussion concerning settlement of the case. A tentative settlement was reached by the parties. Judge Edward Nottingham, who was

then the assigned judge, scheduled a fairness hearing. After consideration of various objections and receiving testimony over the space of three days, Judge Nottingham approved the settlement which is contained in the Remedial Plan.

Pursuant to Article XXXII of the Remedial Plan, inmates and former inmates were entitled to file claims for damages based upon being disabled on or before August 27, 2003 and the victims of discrimination prohibited by the ADA on or before that date. Article XXXII provided that claimants would not be represented by class counsel on their claims, but each claimant had the right to secure his or her own attorney through private channels.

Claimant filed a claim in late 2005. Claimant then secured a private attorney to represent him on his claim.[1] That attorney conducted settlement negotiations with counsel for Defendants, and a tentative settlement was arrived at. The release and settlement agreement were drafted by counsel for Defendants and then provided to Claimant's attorney. The document then was sent to Claimant care of Cruz Caballero, his case manager at CTCF. The evidence reflects that Claimant advised Mr. Caballero that he was aware of the document since he had discussed it with his attorney. The document was signed by Claimant on August 25, 2006 and returned to Defendants' counsel.

The settlement documents were presented to the Special Masters in September, 2006, along with a motion to dismiss the claim. The order of dismissal was signed by Special Master Davidson on September 27, 2006.

According to the testimony of Claimant, he received approximately $350.00 credit in his inmate account in late 2006. That amount was credited to his account and spent over the ensuing months.

The release signed by Claimant dealt with all claims that were at issue or could have been raised under the Remedial Plan. The settlement document further provided that no determination had been made as to Claimant's disabilities and that no accommodations were going to be provided to him. The sole consideration in the settlement document was the payment of $450.00.

On August 9, 2008, Claimant filed a motion to set aside the settlement of his claim. Claimant alleged that there was misconduct on the part of his attorney and that he had been ordered to sign the release. He alleged further that the release was not explained to him. He also believed that his attorney had just taken his percentage and then abandoned him.

Based upon the allegations in Claimant's motion, the Special Master directed a response from Defendants to the motion. That was filed but did not answer all questions. The Special Master then determined that a hearing would be necessary.

---

[1] Almost 1,700 claims have been filed since March 2004. Less than 2% of all claimants have been represented by an attorney of their choosing. The remaining 98% did represent themselves on their claims.

Claimant testified at the hearing that he was frustrated because he had not received his job back at the Tab Plant and has not received accommodations for his disabilities. Claimant lost his job at the Tab Plant in 2004. He believed that he would get his job back as part of any settlement, along with appropriate shoes and other items.[2]

In direct examination, Claimant acknowledged that he had received his money on October 11, 2006 from his attorney. He stated that the attorney had represented him on a prior matter and had come to Canon City to talk with him on two occasions. Claimant stated that he is unable to read and understand documents.

Cruz Caballero testified that he has been the case manager for Claimant off and on during the time that Claimant has been at CTCF. He recalled the day when the settlement document had been forwarded to him. Mr. Caballero indicated that various documents are sent to him for inmates who are on his case load. This document was one of those, and he did not read it to Claimant and did not explain it. Since it was a legal document, he was not qualified to provide advice concerning the document. He did not force Claimant to sign any release and did not threaten him with any punitive action.

## II.

The only issue before the Special Master is whether Claimant has made a sufficient showing to allow him to withdraw from the settlement and to allow him to proceed to hearing on his claim. The merits of his claim do not need to be discussed at this point.

From the testimony and documents presented, a number of points are clear. First, Claimant did retain the services of an attorney to represent him on his claim. That attorney was granted authority by Claimant to negotiate a settlement of the claim. Second, Claimant's pleadings were written by another inmate and contained statements that were not true. Claimant was not threatened by Mr. Caballero with punishment if he failed to sign the settlement document. Third, Claimant had discussed the settlement with his attorney and wanted the money that was being offered. Fourth, the money was sent to Claimant's counsel who then sent his business check to Claimant. The money was placed into Claimant's inmate account and then was spent.

A settlement agreement is a contract between the parties. *Citywide Bank of Denver v. Herman*, 978 F.Supp. 966 (D.Colo. 1997). A party who enters into a settlement cannot avoid the contract simply because they have changed their mind. *Woods v. Denver Department of Revenue*, 45 F.3d 377(10th Cir. 1995). A settlement may be set aside if there is a mutual mistake. *Kuper v. Scroggins,* 257 P.2d 412 (Colo.1963).

In this case, there was no mutual mistake made by the parties. A contract cannot be rescinded

---

[2] Claimant also requested treatment for Hepatitis C. That condition is not one of the categories of disabilities under the Remedial Plan.

3

simply because of a unilateral mistake. *In re Marriage of Manzo*, 659 P.2d 669 (Colo. 1983). The settlement agreement is clear and is without ambiguity. The document does not in any way provide for a job in the Tab Plant or anywhere else. Claimant settled his claim and waived his hearing on that claim in order to receive $450.00. Claimant has failed to establish any basis that would allow the setting aside of the settlement. If Claimant has any complaints, those may be with the actions of his attorney. He will have to deal separately with the attorney.[3]

Many of Claimant's complaints deal with actions that have occurred well past August 27, 2003. Claimant is advised that the Remedial Plan is not a static document. He may apply for an evaluation of his disabilities at any time. Indeed, there was testimony that has recently been done and that the results of the evaluation may be forthcoming soon.

There is insufficient evidence that would allow the granting of Claimant's motion. As the cited case law notes, the law favors settlement of cases. To set aside a settlement requires a significant showing of a mutual mistake, fraud, or misrepresentation, and none of those are present in this case. Claimant may pursue any action he feels is appropriate against his former attorney, but he has not established any basis for setting aside his settlement with Defendants.

IT IS HEREBY ORDERED that Claimant's motion to set aside his settlement with Defendants is denied; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 15, 2009.**

SIGNED this 28th day of April, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master

---

[3] The Special Master does not make any findings that the actions of the attorney were substandard. The determination of the level of performance of the attorney is for another court to decide.