The Honorable John L. Kane  
Judge of the United States District  
Court of the 10th District of Colorado  
901 19th Street  
Denver, CO 80294  

4-28-2009

**FILED**  
UNITED STATES DISTRICT COURT  
DENVER, COLORADO  

MAY -1 2009  

GREGORY C. LANGHAM  
CLERK  

David Scott Key  
Reg. No. 137585  
East Unit 3S9  
P.O. Box 2017  
Buena Vista, CO 81211  

92-cv-00870-CMA

Dear Judge Kane,
I have never written to you before but I understand that you welcome letters concerning the Montez case (Montez v. Owens). I want to send a letter describing my experience with the medical treatment I have received in D.O.C. and the ongoing process of seeking accommodation. My requests for accommodation started a year ago. I have several injuries from a 1991 planecrash and a 2004 motorcycle wreck. Both incidents are well documented with hundreds of x-rays and CATscans. There are pins and plates in my pelvis which are the source of constant, cronic pain.
   Upon receiving notice of placement in the prison kitchen for work, I notified my case manager that kitchen work is too strenuous for my physical condition and that it would cause severe pain. Immediately, within the second day of work, I was in too much pain to walk upright. The kitchen staff placed me in a different job instead of releasing me from work, but the pain persisted for the entire four months I was forced to work in the kitchen. I sent kites to medical to see the doctor, and declared a medical emergency, but was ignored. Eventually, I started the grievance process and requested accommodation. My requests to see a doctor were ignored for four months, until I had a scheduled visit for a medication refill. At that time, the Physician's Assistant gave additional restrictions that were meant to keep me from being required to work in the kitchen. About three weeks later, the staff doctor screened me for the Montez accommodation. The staff doctor, McLaughlin, retaliated against me for grieving his intentional ignorance of my overwhelming needs by taking away my pain meds, removing all work restrictions, and denying any mobility issues in the screening. In the Montez screening, he did not perform any mobility tests at all. He made statements like, "You should be glad to have what mobility you've got. . . There are people in wheelchairs that have real problems. . .You are in prison..." Doctor McLaughlin has since been released form practicing medicine at BVCC.
   All efforts to satisfy grievances have been useless, up to the third step. Eventually, I refused to work in the kitchen, and at the same time P.A. Miner increased my restrictions. The restrictions were: no squatting, no bending, and no standing for over 59 minutes(in addition to the restrictions I already had). When I showed my restrictions to the kitchen lieutenant, he said, "I got five or six people like you working for me."[with the same restrictions] When I told a sergeant in the kitchen about my "no standing" restriction, she said, "We take that to mean you can't stand in one place for 59 minutes, so as long as you move around then you have to stay on your feet and work." At that time, it became obvious they could care less what restrictions I had, so I refused to continue working in the kitchen. Luckily I had P.A. Miner give a restriction specifically stating "NO kitchen work."

The only relief I experienced was when I was placed in vocational training for graphic arts which requires virtually no physical labor. What concerns me, though, is if I were to lose my graphic arts job by disciplinary action, I would most likely be placed in the kitchen again. Then, the whole story would start over again. By forcing me to perform hard physical labor, unrestricted, without medication, it seems to me that my physical injuries are being used to cause lingering tortuous pain.

It is almost year from my first Montez screening and I have recently taken a second screening for disability status and accommodation. Luckily, we have a new doctor at BVCC now. He is very helpful and attentive and I can tell he does not hate inmates like the last doctor did. And, if it turns out that I do not qualify for accommodation, then I will know it is not because the doctor is retaliating against me.

Last year, when my disability status was denied, I attempted to grieve the denial based on the fact that I obviously have a disability and because Dr. McLaughlin apparently caused the denial in order to do harm to me. I mailed the grievance to the AIC office in Colorado Springs because I did not want to send it by interfacility mail. I thought it would be "lost" by the prison staff. The grievance was returned twice with a memorandum stating that it needs to be sent through the facility so that it can be logged by my case manager. It has been months since I turned it in to my case manager and I am sure that what I was trying to prevent by sending it in the mail has happened. My grievance has been "lost" by the staff.

Our new doctor has started me back on an anti-inflammatory medication for pain. There is not much else they can do to help me, but if I could, I would have the pins in my pelvis removed. Since that won't happen until I get out of D.O.C., I have to live with the pain which varies from slightly uncomfortable to extremely miserable. One thing that would relieve a great deal of my suffering would be an adequate mattress. The mattresses we get are thin and wear down over a short amount of time. They are very uncomfortable if you have had a broken back and pelvis. In my unit, there are a few guys that have an extra-thick mattress--not for medical reasons--they were lucky enough to get them when they moved in. Some of them rent or sell the mattresses for outrageous prices. I don't know if asking for an adequate mattress is within the Montez accommodation, but that is what I requested. It certainly would help me and the others with serious problems.

Sincerely,
David Scott Key

*David Scott Key*