B

| | |
|---|---|
| Court Address:<br>US DISTRICT COURT<br>901--19th Street<br>Denver, co 80294 | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>MAY 04 2009<br><br>GREGORY C. LANGHAM<br>CLERK |
| JESSE MONTEZ ET AL<br>Plaintiff,<br><br>v.<br>BILL OWENS ET AL<br>Defendant(s). | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Jill Coit   86530<br>P.P.OB ox 392005, Denver, Co 8039<br>Claim no 03-129 | Case No.: 98 cv 870 EWNOES<br><br>Div/Ctrm: |
| VIOLATION OF MONTEZ REMEDICAL PLAN AND DIFFERENT TREATMENT FOR MOBILITY IMAPIRED AND REFUSING TO ACCOMMODATE BASIC CARE *assessories/assistance* | |

Comes Now, Jill Coit pro se and as a member of Montez mobility impaired wishes to inform this court that CDOC and DWCF do not follow their own rules and regulations and Montez Remedical Plan.

Coit was placed in unit 3 A which has low toilets so she again ask for a raised toilet seat so that she would not be injured getting off the toilet. see kite to Jamie Harrison, her provider which states,' Getting off the toilet is very painful, it is too low. I have fallen several times because my knee gives way when I try to get up. May I have something to make the toilet higher. I can not use the bars attched to the wall because they are to high and hurt my shoulders & hands. I use my walker or I coudl not be able to get up at all but it is painful-a toilet seat that makes it higher woud help, may I have one?.''

Medical replied, ' DENIED-go through ADA ,case manager.'
1. Grievances take 8 to 12 months for resolution and I have been repetedly told if it is noton your resolution it is not granted.
2. I attach an exhibit of ~~XSorum~~ Accommodation Resolution, it states ' To the extent Offender XXX requires clinical attention such a as a mechanical reacher, medication, assistive devices, restrictions, medical care of special clothing her request should be directed to Clinical Services where they will be evaluated for medical needs. The AIC does not have the authority to recommend a K-9 companion at any time'

A- Also see letter dated  1-17-07   6 down. The ADA process will not supercede the judgment of Clinical Services.

B. Med report dated 3-24-04 Toilet lift due to hip replacement
C. Med Report dated 4-25-04 Atomical form FAllin off toilet, hit jaw, brusing & red..right groin pain, lt hp pain where fell forward onto knees.

Why is Coit told to file ADA grievance when other inmate are told to go through Clinical Services

Coit was given a higher toilet seat in 2004 when she was sent to CWCF. See medical record attached

Coit has fallen and received injuries from falling off toilet due to knee givneing way so there is a history of needing a higher toile when housed in unit with low toilets.

✗ This differential treatment because medical or Holst or Dr. Frantz does not like an inmate must stop. Inmates with MObiity impairments must be given equal treatment and care.

Wherefore Coit aske that this Court order DWCF to provide her with a raised toilet seat when they house her in a unit where only low toilets are available. And that all of Coitis medical appliance be listed on her Accommodation Request. See Property Inventory for list of medical items, assessories and appliances.

See below, incorportated into this motion

Respectfully submitted.

Jill Coit    4-29-09

CDOC is still playing games, their ADA form for providers to fill out to be used by Dr. Frantz states, 'Provider's-this form is meantonly as a guideline not as a definative determination of disability'

Unreal, if CDOC does not have to follow their own doctors and specialist orders recommendations who determins if an inamte needs an accommodation and what criteria is used. Obviously in Coit's case they never have folloed Specialist or their own physicains that have yearly contact with her. They have used a fill in doctor that did not even look at Coit's prior medical history and just filled in what he wanted despite evidence to the contrary. (Dr. singh did this.) What happens when doc doctor does not address an medical issue does that issue just void for the next year.

*[handwritten notes:]*
¶ D - ADA letter ada 1-12-07
¶ A - Coit Med Kite
¶ B - accomodation Rs for X inmate
¶ C - Doc form - see top
Dictated But Not Read
2/1/04

Denied - 664 through ADA case manager

**REQUEST FOR SICK CALL**

NAME: Jill Colt   NUMBER: 

DATE: 4-17-09   LIVING UNIT: 

WORK ASSIGNMENT: 

**Offender needs to be seen by: (CHECK ONLY ONE)**

JAMIE

X Physician Assistant/Nurse Practitioner

___ Dentist

___ Nurse

___ Mental Health

___ Self Medication: Refill Name: 

Prescription Number: 

___ Other: 

Explain your need for request: Getting off the toilet is very painful, it is too low. I have fallen several times because my knee-right gives way when i try to get up. May I have something to make the toilet higher? I can not use the bars attached to the wall because they are to high and hurt my shoulders & hands. I use my walker or I would not be able to get up at all but it is painful-a toilet seat that makes it higher would help, may I have one? thank you

Offender's request was received at Dispensary:

Date: 4/20   By: JH

Action Taken: 

20053 Distribution: White Copy-Dispensary   Canary Copy-Medical   Pink Copy-Offender

Exhibit 1.

Exhibit 2 for Cont v. Zavara 98 F.2.3.

# ACCOMMODATION RESOLUTION

| NAME | | DOC # | |
|---|---|---|---|
| FACILITY | DWCF | PHYSICIAN | RAZZAGHI |

**DISABILITY CLAIMED BY OFFENDER:** MOBILITY, HEARING

**OFFENDER REQUESTS THE FOLLOWING ACCOMMODATIONS:**
1. Clinical aide     2. Mechanical Reacher     3. K-9 companion upon release

| QUALIFYING DISABILITY AS DETERMINED BY PHYSICIAN: | MOBILITY |
|---|---|

**THE FOLLOWING ACCOMMODATIONS ARE TO BE PROVIDED:**
1. Designated facility
2. Handicapped cell and accessible bathroom facilities
3. Offender aide

The Chief Medical Officer or designee has determined that the above offender does have a qualifying mobility disability pursuant to the mandates of the Montez Remedial Plan, therefore she is entitled to accommodations for a mobility impairment.

Offender ▓▓▓ shall be assigned to a designated facility commensurate with her classification and programmatic needs, housed in a handicapped cell, and have access to handicapped bathroom facilities which include a shower chair or bench. She shall have staff assistance in the event of an emergency.

Offender ▓▓▓ requires the assistance of an offender aide to perform tasks such as wheelchair pushing and routine cell cleaning and laundry.

To the extent Offender ▓▓▓ requires clinical attention such as a mechanical reacher, medication, assistive devices, restrictions, medical care or special clothing her requests should be directed to Clinical Services where they will be evaluated for medical need. The AIC does not have the authority to recommend a K-9 companion at any time.

Offender ▓▓▓ has failed to request any accommodations associated with access to programs or services therefore none are being provided at this time. If she requires accommodations to access programs, benefits or services of the DOC in the future, she may submit another Request for Accommodation to the AIC.

The Chief Medical Officer or designee has determined that Offender ▓▓▓ does not have a qualifying hearing disability pursuant to the mandates of the Montez Remedial Plan, therefore she is not entitled to accommodations for a hearing impairment.

**The offender has 30 days from the date this document is served upon him to file a grievance on any matter addressed in this Resolution.**

Signature: Physician                    Date: 5/11/05

Signature: AIC                          Date: 5-5-05

Original – AIC
Copies: 1-Warden
    4-Warden for distribution to the following:
        1-Inmate, 1-Working File, 1-Mental Health File, 1-Clinical Services File
    AIC will distribute 1-Department File, 1 – Chief Medical Officer

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



# MEMORANDUM

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| To: | Offender Gomez~~ ~~ <br> DWCF |
| From: | Cathie Holst  *CH by MG* <br> AIC |
| Date: | January 17, 2007 |
| RE: | ADA Process Instructions |

You have begun the process of requesting accommodations pursuant to the Americans with Disabilities/Rehabilitation Acts (ADA). These Acts require the Colorado Department of Corrections to provide offenders with disabilities accommodations which allow them to participate in programs and services available to able-bodied offenders. There are, however, limitations to this entitlement:

- **You must be "otherwise qualified" in order to receive the accommodation.** This means, for example, that a blind offender would not be assigned a reader to participate in GED class if the blind offender had already graduated from high school.
- **The requested accommodation must be reasonably related to the disability.** In other words, if a deaf offender who was otherwise healthy requested a wheelchair, the request would be denied.
- **It is possible to have a "covered" disability without needing an accommodation.** You may be diabetic but have no needs beyond your clinical treatment. You may contact the AIC in the event your situation changes and you require an accommodation in the future.
- **The DOC is not required to institute or change any policy or procedure that would compromise safety, security and legitimate penological concerns.** You would not be moved to a lower security facility than is permitted by your classification, even if it was better suited to your disability.
- **Not every condition causing you pain or discomfort is a disability.** You must be "substantially limited in your ability to perform a major life function", such as walking, seeing or hearing.
- **The ADA process will not supercede the judgment of Clinical Services.** If you feel you need stronger pain medication, surgery, orthopedic shoes, a specialist consult, etc. you must take this up with Clinical Services. It is not an ADA matter.

*Provider's – this form is meant <u>only as a guideline</u> not as a definitive determination of disability*
Please circle your response

**PROVIDER FUNCTIONAL ABILITY FORM**

| INMATE NAME: Coit, Jill | DOC #: #86550 | CURRENT FACILITY: DWCF | DATE FORM COMPLETED: 4/25/08 |
|---|---|---|---|

**MONTEZ SPECIFIC SCREENING QUESTIONS**

1. Is this inmate enrolled in a program, paid program and/or employment? **YES** NO
2. Does this inmate experience difficulty in attending his/her program, paid program or employment as a result of the problem indicated as their chief complaint? YES **NO** If Yes, Describe
   States teacher accomodates for her disability
   wants to graphic design
3. Can the inmate attend programs/employment/classes for a full day? **YES** NO
4. The Montez Remedial Plan provides specific guidelines for placement of inmates with qualifying disabilities in designated facilities. Please circle the appropriate response to each of the following:
   - Inmate is permanently blind. YES **NO**
   - Inmate's vision impairment is <u>not</u> correctable to a central acuity of 20/200 or better even <u>with</u> corrective lenses **YES** NO  I have a snell chart that only goes to 20/100 sees shadows only w/ ® eye
   - Inmate is permanently deaf. YES NO
   - Inmate has a permanent hearing impairment so severe that they must rely on written communication, lip reading, or signing because their residual hearing <u>even with aides</u> does not enable them either to communicate effectively or hear an emergency warning. YES **NO**
   - ~~Inmate uses a wheelchair full or part time.~~ YES **NO**
   - Inmate does not require a wheelchair but has a permanent lower extremity mobility impairment that substantially limits walking. **YES** NO
   - Inmate has diabetes and does not have any other conditions that may require accommodation. YES NO **N/A**
5. What additional accommodations (if any) might this inmate need, as a result of their medical condition, in order to have complete access to programs, paid programs, employment or services?
   See encounter.

Provider's Signature: [signature]   Date: 4/25/08