Judge, Christine Arguello
U.S, District Court
901 19th Street, Rm A105
Denver, Co 80294

92-cv-00870-CMA

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2009

GREGORY C. LANGHAM
　　　　　　　　　CLERK

Dear Judge, Arguello

　　　　I recently received an order from Judge, R. Borchers. Regaring the issues of jurisdiction with class counsel. Whether I am entitle to relief and the isses involved. I also hope its in regards to the non-compliance of Remedial Plan and violation of the ADA. I would like to send my last to letters that I sent Judge, Kane and to class counsel. I still have not received any response from class-counsel. And that is been a key problem all along. Judge, Borchers is well aware of this and why he is holding a hearing abeyance on all the non-compliance issues as well as violations. I believe many of the class members still feel they are being discriminated with the benefits and services and programs. As well as constant harassment and retaliation as I have. The two letters will explain some of problems I have experienced.

I also, will be sending a copy of a "OPT-OUT Form" that my case-manger wanted me to sign. I believe it in non-compliance with the Remedial Plan in section C of page 6. (Opting out of Placement at designated Facilities) The letter to Paula Greisen is in regards to this clause of the remedial plan. But Ms. Greisen never answered as I expected. You see I exercised the Opt-out clause by giving a written "Notice to my case-manager Mr. Vigil at AVCF. But I was move any how by the AIC Office and Cathies Holst. I have always maintained there is a conflict with her because she is a State employee. And her loyalty is to the state and DOC. I ask that you consider this opting out form whether its illegal or not. Because nothing in the Remedial Plan has any of the language in that form. Nor does the Remedial Plan say any where a ADA class member must opt-out as a class-member before exercising that option. My written Notice has disappeared from my old case-mangers office. And neither does my new case-manager Mr. Dennis or AIC office have that notice. But I did follow what the Remedial plan authorized members to do, give written "Notice."

Also, I petition for an injunction with Special Master Judge, Borchers and with Judge Kane. Asking for a court order for DOC and Medical to stop there conduct of harassment/retaliation and discrimination and future harm or on-going harm. Please consider these motions in whether class-counsel failed to act a counsel in representing me as a members of a class under Montez.

I am still denied reasonable medical care (medications, knee braces, cane) as accommodations. Also my reason to exercise the Opt-out clause of the Remedial Plan was because "NO" facility could provide any accommodations. That I was already in place at AVCF. All programs are on the first floor, medical, visiting, chowhall, law library, gym/yard and toilets/showers and I had a job. Here at Sterling Correctional facility I been told they do not have ADA jobs because inmates filed a law suit under Montez. Which I have filed a grievances against SCF Staff.
Please consider this information in resolving the mention issues and vilations or non-compliances issues. Thank you

May 11, 2009

　　　　　　　　　　　　　　　　　　Respectfully
　　　　　　　　　　　　　　　　　　*Ronald Cordova*
　　　　　　　　　　　　　　　　　　Ronald Cordova, 57350

Exhibit
OO

**COPY**

# COLORADO DEPARTMENT OF CORRECTIONS

OFFENDER REQUEST TO OPT IN/OUT OF THE MONTEZ CLASS

I, _____, DOC # _____, wish to

☐ opt out of    ☐ opt back into

the class of individuals known as Montez plaintiffs.

I understand that I am only able to opt out of the Montez plaintiff class if I have been determined to have a disability. If such a determination has not been made by my DOC provider, my request to opt out is moot and will not be acted upon in any way. I understand that it is my responsibility to request an accommodation using the forms designed for that purpose and available to me through any staff member with access to DOCNET. I understand that by opting out of the Montez plaintiff class, I forego only injunctive relief; I do not relinquish any claim I may have for damages which is before the Special Master designated pursuant to Section XXXII of the Remedial Plan.

I understand that by opting out of the Montez plaintiff class I relinquish any claim I may have to be accommodated because of my disability. I understand that although I am disabled, by opting out I am not eligible to be placed in a designated facility and my housing is not open to challenge on the basis of my disability. I understand that although my disability may have otherwise entitled me to appropriate accommodations, by virtue of opting out of the Montez plaintiff class, the Department of Corrections nor any of its staff is obligated to furnish me with any accommodation for my disability. I understand that although I have elected to opt out of special placement, the Department of Corrections may override my decision and move me at any time that the interests of safety and security dictate.

I understand that I will be permitted to opt back in at a time of my choosing however this permission will be granted only once. If I opt back into the class at a later date I will not be permitted to opt out a second time and I will be a member of the class for as long as I remain under the jurisdiction of the Department of Corrections.

By my signature I certify that my request has been made voluntarily and without coercion or duress, and that I fully understand the terms and conditions contained in this request.

_____          _____
Offender Name                                                        Date



U.S. District Court
Judge, John Kane
901 19th street
Denver, Co 80294


Re: Montez et. al., Remedial Plan,
dated August 27, 2003

Dear Judge,

    I have wrote letters and filed motions/injunctions asking for relief regarding the continued harassment/retaliation and discrimination by DOC and Medical Staff. I have been constantly told I do not have a Montez claim. And nothing show's up on ther computers-indicating any alerts as required by the remedial plan.

I exercised the Opt-out process according and pursuant to page 6 of the Remedial Plan. And was denied and transfered to Sterling Correctional facility. And held in higher security, lost property and privileges. All in violation or non-compliance with the Remedial Plan.

I have been subjected to harassment by SCF Medical staff as to my mobility disability and according to Medical I do not have a disability until they decided I do. And have been told I do not need knee braces that I have used ever since my first knee injury back in 1963. I had knee braces when I came to prison, although they were in bad shape. I was given new neoprene braces until I was to get follow up treatment. But never did. They were taken away in shakedowns, and I was found guilty for having prescribed treatment. since 2006 I have been witout knee braces and medical refuses to follow Dr. Jacob Patterson's prescription for at least one knee brace. Just Yesterday I was told by a provider Jennifer Aguirria that I do not have any restrictions or require any accommodation.

I need my knee braces, and a cane to help walk when my knees are really in pain. And No one in medical or DOC Staff seem to care, they all have arrogant and abusive attitudes. You can't even talk with them or explan. I believe this is a form of on going discrimination. There are so many prisoners here who are part of Montez et. al., who are experiencing the same conduct or policy of discrimination. Its like infliction of emotional distress. I have high blood pressure and heart problems. After two hearing with Judge R. Borchers and his Final Order decided June 25, 2008. DOC Personal still refuse to treat my serious medical needs and give me knee braces as accommodations. As required by ADA of 1990 sec 12112 et seq. Judge Borchers has made his determination regarding my disability. And I have filed injunctions with his Office and yours. I have never gotten a ruling or answer. What I like to ask now. Can I appeal to the Tenth Circuit regarding my petition for any injunction to stop the on going discrimination. And to force DOC and Medical to comply with the REMEDIAL P1AN OF AUGUST 27. 2003 that both party counsel's have agreed to. And I believe you signed. I fear that I will soon be placed in permanent segregation because I was told by provider Jennifer Aguirria that a P.A. by the name Webster removed all my restrictions from medical records. And said I do not have anything wrong with me. That gives all staff the right to place me on second or third tiers or top bunk, and subject to climb stairs. Causing more harm. Each and every adverse decision constitutes a separate actionable unlawful practice by DOC and medical staff. Liss v. Nassau, 425 F.Supp2d 335 (EDNY 2006). I am being denied the benefits of services and programs (which is medical). U.S. v. Georgia, 126 SCt 877 (2006).

See also Pennsylvania v. Yeskey, 525 US at 210, 118 SCt 1952 noting the phrase service, programs or activities in sec. 12132 includes ... medical."

The alleged deliberate refusal of prison officials to accommodate my disability related needs constitutes denial of benefits under section 42 USC 12132. And is on practice of discrimination.,for my physical limitations and needs. 42 USC 12112 (b)(5)(A).

I need help and I ask how I can proceed to the next level for relief. And I would like to have a ruling for the petition for injunction. Or do I appeal to the tenth circuit. I don't know and I ask if this court can direct my next motion for relief.

DOC and Medical staff have failed to provide "reasonable accommodations for the Plaintiff even after the Special Master's final order was received. Its been since 2006 since I have had knee braces. Pursuant to the Remedial Plan of August 27,2003. It clearly states on page 20 under XVI HEALTH CARE APPLIANCES, A. DEFINITION in pertinent part:

> "Health care appliances are assistive or medical support equipment, which have been prescribed for the inmate and approved by Clinical Services.'"

Under section D. PURCHASE OF HEALTH CARE APPLIANCES

> " Prescribed appliances shall be provided by the DOC facility with the approval of the Chief Medical Officer or licensed physician designated by Chief Medical Officer who is qualified to treat the disability in question."...

Its documented in the hearing records I had with Special Master Judge R. Borchers at AVCF. That Dr. Jacob Patterson, the only licensed Orthopedic to exam me and prescribe hinged knee braces. Apparently it was approved because I had one knee brace before and it was taken away in shakedown 2006. Medical has since refused to replace thia health care appliance. That is deliberate discrimination. What must I do to get reasonable treatment. Its clear DOC and Medical are in Non-compliance with the Remedial Plan. And everytime a inmate brings it to there attention. They are threaten with seggragation or other discipline and retaliation. I have wrote to Judge. R. Borchers constantly and provided information/evidence of on going violation of the Remedial Plane and nothing is done about it. The Judge tells me to contact Class counsel, I have told the Judge over and over Class counsel does not respond to my letters. I am not the only inmate that is experiencing these problems.

Please answer and help.


April 29, 2009                          Respectfully

                                        *Ronald Cordova*
                                        Ronald Cordova, 57350
                                        SCF      B-1-12
                                        P.O.Box 6000
                                        Sterling, Co 80751



PAULA GREISEN
King & Greisen, LLP
1670 York Street
Denver, Co 80206


Dear Ms. Greisen

   I have received several letters and pleading from Judge R. Borchers telling to seek help through class counsel. I have sent letters to your office in the past, but receive "NO" answer. And I have made the Special master aware of this and Judge J. Kane. But I will try again.

   The matter I have at present is a remedial Plan violation or non-compliance with remedial plan. And being that you and other attornies may have been present when the remedial plan was agreed to, and approved and signed by Judge, J. Kane. Although my copie of the remedial plan does not have Judge, Kane's signature.

   There are three sections of the Remedial Plan that I am concerned with and I have filed grievances for non-compliance by DOC. The sections are: V. Placement., on page 4. It states:  " <u>Inmates who are currently in DOC and are moved to a designated facility because of a disability and pursuant to this agreement will have the same privileges and property rights as they possess in their current placement.</u> "

and on page 5 VI. Designated Facilities, in pertinent part: "<u>Inmates shall not be housed at higher security facilities soley because of their disability.</u>"

Section C. of VI. Designated Facilities clearly states: See page 6 and 7.

   C. Opting Out Of Placement At Designated Facilities, In pertinent part:

"Inmates with disabilities who do not desire to be placed in the designated
 facilities may opt out of such placement by providing written notice to DOC of
 his/her desire to be exempt from placement in a designated facility. If an in-
 mate desires to opt out of placement at a designated facility, the inmate will
 be deemed to understand that he or she may be placed in a facility that is not
 specifically designed to accommodate their disability. The notice of an inmate's
 desire to opt out of placement at a designated facility must be provided to the
 inmate's case manager. After receiving such notice, the case manager will forward
 the request to the AIC, who will then inform the Office of Offender Services of
 the inmate's desire and coordinate the new placement, if appropriate, of the in-
 mate. An inmate who has previously provided notice to opt out of placement at a
 designated facility may later change his/her request to ne placed at a designated
 facility by providing written notice of this request to his or her case manager."

   "NO" where in this section on page 6. Does it say anything about the inmates opting out of the Montez class to procedurally opt out of a designated facility.

   On 2/3/2009 I was called to my case manager's Office ( Mr. Vigil). He told me that it was a good possibiliy that I would be moved since DOC staff at AVCF had finally accepted the Special Master's Final Order June 25, 2008 that I was Mobility Impaired. At that time I told Mr. Vigil of the clause of Opting Out in

a designated facility. I don't think he was aware of the section in Montez Remedial Plan. I gave him an Oral Notice that I would exercise that option. The next day I gave him the written Notice and I was moved. I had my cell-inmate witness the Notice, and he signed it (Benedicto Franco). Mr. Vigil took the Notice and asked what he wanted me to do with it. I said, you have to contact the AIC and send the Notice to them. The AIC will inform the Office of Offender Services. I also asked him to make me a copy, he said he would. But I never got a copy.

I filed a grievance against the AIC Cathie Holst for failure to comply with the Remedial Plan of August 27, 2007. Which class counsel and the Attorney General Office all have agreed to. And signed by Judge, J. Kane.

I was moved to Sterling Correctional Facility and privileges and property was taken. Including my personal eye glasses, I have been without a valid eye prescription since 2/10/2009. And I have been place in higher security all in violation of the Montez Remedial Plan agreement. I exercised the Option of Opting Out and was denied. I believe these are all valid grievances and issues that are in Non-compliance with the Montez Remedial Plan.

My question for you, is do you agree that the Opting out section clearly states that inmates who exercise the opting out process is opting out of Montez class also.

According to the grievance I filed with the AIC office. (No. SF08/09-141-1) and the answer I got from Marshall Griffith-designee and Cathie Holst. I was wrong for giving my own written notice. And I was opting out of Montez class when I did give notice. The opting out section of the Montez Remedial Plan does not state anywhere that by exercising the opting out process. I am also opting of of the Montez class law suit. Please let me know your thoughts on this. The Special Master ask that I seek help through class counsel. I am doing that now.

Date April 15. 2009

Respectfully

*Ronald Cordova*
Ronald Cordova, 57350
SCF       B-1-12
P.O.Box 6000
Sterling, Co 80751