IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. : 92-N-870-CMA (Consolidated for all purposes
with Civil Action No. 96-N-343)

Jesse Montez, et al. ,
        Plaintiffs ,

vs.

Bill Owens, et al. ,
        Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2009

GREGORY C. LANGHAM
CLERK

Case Number : C-007
Category : C
Movant : Daniel Martinez
Address of Movant : CTCF, P.O. Box 1010-CH7, Canon City, CO.
                                                                    81215

MOTION FOR ENFORCEMENT OF EXISTING REMEDIAL PLAN

COMES NOW, the Movant, Daniel Martinez, a CDOC Montez
Class Inmate. #120983, pursuant to Federal Rule of Civil
Procedure 70(a)(e), and enters this Motion for Enforcement.

In support of this Motion, the Movant would state the
following :

The Movant is a party to the Montez Class Action, and
as such, is adversely affected by the Defendants' acts of
noncompliance. Therefore, the Movant is entitled, under Federal
Rule of Civil Procedure 65(d)(2)(A)(B)(C), to address this Court
and to ask this Court to grant the Movant's Motion and to grant
the Relief the Movant prays for, as well as any other Relief that
this Court deems just and proper.

Even should the Movant be deemed not to be a Class
member of the Montez Action, the Movant is still classified as a
Montez Class Inmate by the CDOC and is adversely affected by the
acts of the Defendants and the CDOC. Under Federal Rule of Civil
Procedure 71, as a third party adversely affected by the CDOC and
the Defendants, the Movant is still entitled to seek enforcement
of the Remedial Plan pursuant to Federal Rule of Civil Procedure
70 and to ask this Court grant the Movant's Motion and to grant
the Relief the Movant prays for, as well as any other Relief the
Court may deem proper and just.

(1)

Montez Remedial Plan
Section XXII
"RESTRAINTS"

"Inmates who have a disability that prevents the application of restraint equipment in the ordinarily prescribed manner shall be afforded reasonable accommodation.......mechanical restraints shall be applied so as to assure effective application while reasonably accommodating the Inmate's disability."

The Movant is a DEAF Montez Class Inmate. In EXHIBIT B, the Movant grieved the Handcuffing Procedures of the CDOC.

In EXHIBIT A, Grievance #D-CT08/09-660, Step 1, it can be seen that the Movant is grieving the AIC for not advocating on the Movant's behalf in relation to the Handcuffing issue.

In the Step 1 reply, it can be seen that the AIC refused to address the Movant's advocacy issues and instead focused on the Movant's past grievances for violations of the Montez Remedial Plan by the shackling of the Movant in ways which do not accommodate the Movant's Disability.

The Movant has clearly demonstrated that he is "realistically threatened by a repitition of the violation of his rights." City of Los Angles v. Lyons, 103 S.Ct. 1660 (1983)

The Movant is a DEAF Montez Inmate and can ONLY communicate through the use of Sign Language.

The shackling of the Movant, in ways that prevent the use of the Movant's hands, is not only a violation of the Montez Remedial Plan, and the ADA, but is also a violation of the Movant's First Amendment Right to the Freedom of Speech.

As this Court has previously decreed that "one does not have to await the consummation of the threatened injury to obtain preventive Relief" Farmer v. Brennan, 114 S.Ct. 1970 (1994 and Pennsylvania v. West Virginia, 43 S.Ct. 663 (1923), and as the Movant in possession of a Consent Decree from this Court, the Movant has sought this Court for the Enforcement of the Montez Remedial Plan.

In Step 1 of EXHIBIT A, the AIC has attached to the reply copies of the Movants previously filed grievances on the issue of the Handcuffing and related issues contained in the same sequence of events. Events in which the Defendants and the CDOC have repeatedly violated the Movant's Rights. These grievances are numbered #D-CT08/09-268 and #D-CT08/09-494.

(2)

Montez Remedial Plan
Section XXIV
"TRANSPORTATION"

"the special needs of Inmates' with Disabilities shall be accommodated during transport...."

In EXHIBIT B, grievance #D-CT08/09-268, it can be seen that the Movant grieved the fact that he was transported with the Handcuff assembly on and that he was unable to communicate with CDOC Staff and Medical Staff. And that the Movant was not allowed to use the bathroom to relieve himself.

In EXHIBIT C, grievance #D-CT08/09-494, it can be seen that the Movant has, again, been transported with the Handcuff and "black box" assembly on his person. This entire assembly is preventing the Movant from any communication, not just effective communication, but ANY communication with any other person. In the grievance, this Court will read how the Movant was further violated by the CDOC when they refused to provide the Movant an Interpreter for his medical appointment. A medical appointment which the CDOC knew the Movant would need Interpreter services at for months before the actual date of the appointment.

In EXHIBITS B and C, the Movant is grieving the violative Handcuffing and Shackling of the Movant. The failure of CDOC Officials to provide Interpreters. The violations of the Montez Plan and the Movant's Rights.

In EXHIBIT A, the Movant attempted to grieve the AIC for failing to advocate for the Movant in EXHIBITS B AND C. The AIC refused to address the issue of advocacy, and instead, pointed to the fact that the Movant has had to repeatedly **grieve the** issues which the AIC refuses to advocate for the **Movant**.

Based on the evidence contained in EXHIBIT A, B, and C, the Movant would ask this Court for Relief in the nature of the enforcement of the Montez Remedial Plan ; Relief in the nature of an Order specifically granting all of the Movant's requested and demanded remedies in the grievances; an Order allowing the Movant to file a Claim for Damages due to the unnecessary and wanton infliction of pain, both mental and physical, which the Movant *endured for hours* at the hands of CDOC Officials and Contempt citations against the CDOC and the Defendants for violations of the Montez Remedial Plan with the grammatical gymnastics these Parties have used in their attempts to avoid compliance with the Plan.

WHEREFORE, the Movant would now request Relief as described above and pray that this Court grant said Relief as well as any other Relief the Court may deem proper and just.

RESPECTFULLY SUBMITTED,

Daniel Martinez, #120983
CDOC
C.T.C.F.
P.O. Box 1010-CH?
Canon City, CO.  81215


Under Penalty of Perjury,
I, the Movant, Daniel Martinez, do hereby declare that the
foregoing Motion for Enforcement is true and correct. Executed
this ___15___ day of __May_____ , 2009, at C.T.C.F.,
located in Canon City, CO. 81215.

Daniel Martinez, #120983


_____ CERTIFICATE OF SERVICE _____

I, Daniel Martinez, the Movant, hereby Certify that a copy of the
foregoing Motion has been furnished, by United States Mail, to
the parties and addresses below, on this ___19___ day of _____
__May_____ , 2009.

Daniel Martinez, #120983


_____ COPIES FURNISHED TO : _____

Special Masters Borchers, Davidson & Pringle
Legal Resolution Center
7907 Zenobia Street
Westminster, CO.  80030-4444

U.S. District Court
901 19th Street, A105
Denver, CO.  80294-3589


( 4 )