IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. : 92-N-870-CMA (Consolidated for all purposes
with Civil Action No. 96-N-343)

Jesse Montez, et al. ,
    Plaintiffs ,

v.

Bill Owens, et al. ,
    Defndants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2009

GREGORY C. LANGHAM
CLERK

Case Number : C-007
Category : C
Movant : Daniel Martinez
Address of Movant : CTCF, P.O. Box 1010-CH7, Canon City, CO.
                                                                        81215

DECLARATION OF MOVANT"S MOTION FOR ENFORCEMENT
DECLARANT : Matthew Tazio Redmon, #140637

    I, Matthew Tazio Redmon, #140637, a CDOC Montez Class
Inmate, hereby declare :

    I declare that I have written the Movant's Motion for
Enforcement of the Montez Remedial Plan for the Movant.

    I declare that I have written the Movant's grievance
#D-CT08/09-660, also known as : EXHIBIT A.

    I declare that I have written the Step 1 portion of the
Movant's grievance #D-CT08/09-268. And offer as proof the
following sample of my handwriting :

ON, OR ABOUT 11/4/08, I WAS TAKEN TO PUEBLO
FOR MEDICAL ATTENTION. I WAS HANDCUFFED

The handwriting can be seen to be identical to the handwriting
in the Step 1 portion of the grievance, also EXHIBIT B.

    I declare that I have written the Movant's grievance
# D-CT08/09-494, also EXHIBIT C.

    I declare that this ghost authorship was necessary for
the following reasons :

(1)

(1) - Attached to this Declaration is a letter authored by the Movant, Daniel Martinez, #120983 and Marc Trevithick, #138024.

(2) - Both the Movant and Inmate Trevithick are 100% DEAF Montez Class Inmates.

(3) - Both of these Inmates are of above average intelligence, however, from the attached letter, one would never be able to come to that conclusion.

(4) - The attached missive is highly illustrative of hardships the DEAF must endure to communicate with people that can hear. The DEAF are forced to attempt wield a Language that is almost impossible for them to adequately translate their true and correct thoughts into. This hardship has been foisted upon the DEAF.

(5) - This is even more the tragic issue when one is dealing with DEAF Inmates caught in a DOC that refuses to provide these Inmates with Interpreters.

(6) - A system where the Officials tasked with the care and supervision of these DEAF Inmates are absolutely aware of Language barriers and the requirements of the Montez Remedial Plan, and still, encourage the one and refuse to abide by the other.

(7) - The grievance system and the Montez Remedial Plan both make allowances for an Inmate to lodge his or her complaint fairly. OR DO THEY ? Think about the letter attached to this Declaration. I invite you to come sample the Language barrier for yourself, so that you might see and believe that the attached letter is not some gross exaggeration of reality. How are these Inmates supposed to adequately air their grievances and/or issues in the current system ?

I, Matthew Tazio Redmon, #140637, a CDOC Montez Class Inmate, currently housed at CTCF with the Movant, do hereby declare the foregoing Declaration to true and correct. Under Penalty of Perjury this ___15th___ day of ___May___, 2009.

_____ (138024)   _____ #140637
Marc Trevithick, #138024            Matthew Tazio Redmon, #140637
Witness                             Declarant

_____ #140637             _____ 138024
Matthew Tazio Redmon, #140637       Marc Trevithick, 138024
Declarant                           Witness

(2)

3-29-9

TO:

Borchers Judge

my is mame: Daniel Martinez   120983

~~I had~~ I had 1, 2, and **3** griveance They denied
me on 1, 2, and 3 ~~step~~ step I have number

RE: Grievance # D-CToB/09-221.

I have reason about my thumb broke
from steel door under bed. It really heavy
steel, It cause loose to heavy @ my thumb.
It is not safety on steel heavy Door under
Bed. you may read on Grievance 1, 2, & 3 steps.
I hope you understand Clear, because I didit do
good on english. I'm deaf.

138024

Thanks,
Martin/ mil 120983
3-29-9

Martinez Daniel 120983
C.T.C.F  Ch-7
Po. Box 1010
Canon City, Co  81215-1010

EXHIBIT A

*4-14-9*

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:**  Is this grievance related to your disability/diabetes or other ADA matter?  Yes x   No ☐

**CASE MANAGER MUST COMPLETE:**  Does the offender have an ADA alert?  Yes ☐   No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter?  Yes ☐   No ☐
Date received by case manager: _3-13-09_     Case Manager: _BELL_

Grievance Number  _D-CT08 08-660_          STEP (Circle One)  **1**  2  3

| NAME     Daniel Martinez | DOC NO.  120983 | CTCF/CH7-3L-9L FACILITY/UNIT/POD |
|---|---|---|
| **Instructions:** | 1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED; 2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL; 3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING; 4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS. | |

Subject of Grievance and Requested Meaningful Remedy:
I am grieving the A.I.C. for failure to advocate on my behalf and for failure to ascertain exactly what CTU is doing when they are transporting Inmates . I have filed grievances on CDOC's policy for handcuffing, and am aware of several others on the same, and have yet to see the A.I.C. do anything except spout contrary and conflicting assertations . CTU IS transporting Inmates without the Black Box assembly . JUST NOT DEAF INMATES!!!!!! If CTU is allowed to choose when and where to use these handcuffing techniques, THEN WHY ARE THE DEAF INMATES STILL BEING SHACKLED IN WAYS WHICH PREVENTS THE USE OF SIGN LANGUAGE ????? Why am I ???? Why is the A.I.C. advocating for CDOC and not for me ????? Isn't the function of the A.I.C. to help Disabled Inmates ????? Why is the A.I.C. not enforcing the Remedial Plan on the CDOC ?????? I am being handcuffed in ways which prevent effective communication and the A.I.C. is doing nothing about that.I demand the A.I.C. answer every question on this grievance , as a remedy.

| TO BE COMPLETED BY OFFENDER |  |  |
|---|---|---|
| DATE: 3/13-9 | OFFENDER SIGNATURE _Daniel Martinez_ | 120983 |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR |  |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_ | |
| DATE: 3/23/09 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER OR VOLUNTEER ID #  Connie Higgs  _Connie Higgs 6663_ |
| Date ADA grievance sent to AIC: 3/24/09 | |

RESPONSE

**SEE ATTACHED RESPONSE**
Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

_Cathie Holst_
_4 6 09_

| TO BE COMPLETED BY RESPONDER |  |  |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 3-26-09 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #  J. Russell 5821 | RESPONSE DATE: 4-3-09 |

| TO BE COMPLETED BY OFFENDER |  |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: 4-14-9 | OFFENDER SIGNATURE/PRINT NAME & DOC #  _Daniel Martinez_ 120983 |

**RECEIVED**

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

MAR 2 5 2009

Office of Correctiona[l]
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Response to Step 1 ADA Grievance
From:   Julie Russell-Legal Assistant II, Designee
          Office of the AIC (ADA Inmate Coordinator)
Received Grievance: March 26, 2009
Sent Response: April 8, 2009
Offender Name: Martinez, Daniel
DOC No: 120983
Facility: CTCF
Grievance No: D-CT 08/09-660

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

**DISABILITY STATUS: Per screening dated 4/12/07 and Accommodation Resolution dated 5/16/07 you were determined TO HAVE a qualifying (hearing) disability.**

**In the grievance referenced above, you allege the following:**
1. You claim that you are discriminated against during transport because you are required to be cuffed and have a black box secured over the cuffs, thereby prohibiting your ability to communicate.
2. CTU is allowed to choose when and where to use the handcuffing techniques, so you believe they should not use this method for deaf offenders because CTU does not use the black box on other offenders who are not deaf.
3. You want the AIC to be your advocate in this matter and require CDOC to follow the Montez Remedial Plan.

**Requested Relief/Remedy:**
1a. You demand the AIC to answer each of your issues listed in this grievance.
2a. Same as 1a. above.
3a. Same as 1a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. CTU does not discriminate against deaf offenders by requiring only deaf offenders to be placed in a black box during transport.  These rules apply to all offenders, regardless of disability.  This is a security issue and is based strictly upon an offenders custody and security issues.
2. Administrative Regulation 850-04, section B. 1. f. states: "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied."  See grievance numbers D-CT 08/09-268 & D-CT 08/09-494 wherein you alleged the inability to effectively communicate during transport because you are cuffed/shackled "...in a way that totally prevented me from using my hands."  As such, this issue has already been grieved and shall not be addressed further.

Conclusion:  Based upon the information above, your grievance is denied in part as you have filed previous grievances regarding handcuffing/shackling procedures during transport and this issue has already been responded to and denied.  Please read AR 850-04, "Offender Grievance Procedure" & AR 750-04, "ADA/Rehab Act-Offender Requests for Accommodations" for information regarding grievance procedures & disabilities. **GRIEVANCE DENIED IN TOTAL**

cc: AIC File.

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director



Response to Step 1 ADA Grievance
From:  Legal Assistant, Designee
          Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  November 21, 2008
Sent Response:  December    , 2008
Offender Name:  Martinez, Daniel
DOC No:  120983
Facility:  CTCF
Grievance No:  D-CT08/09-268

**DISABILITY STATUS: Per screening dated 3/14/06 and Accommodation Resolution dated 5/16/07 you were determined TO HAVE a qualifying (hearing) disability.**

**In the grievance referenced above, you allege the following:**
1. On 11/4/08 while out on a transport trip from the facility you were shackled in a way that inhibited your ability to communicate with staff and you were not allowed to use the toilet.
2. You "Speak" with your hands using sign language and because you were restrained you were unable to effectively communicate with staff.
2. This type of treatment violated the Remedial plan sections C, B. 3; XXII and XXIV.

**Requested Relief/Remedy:**
1a. You demand for this type of treatment to never happen again.
2a. Same as 1a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

**Pursuant to Administrative Regulation 750-04, you must have an ADA alert on your profile AND the issue you raise in this grievance must be related to your specific disability or other qualifying ADA matter.**

1. The Montez Remedial Plan sections that you allege were not violated based upon your particular disability and circumstances.  ALL offenders are required to be restrained according to DOC rules, in addition your ability to effectively communicate with staff was not violated by being restrained because transportation staff are not expected to know or utilize sign language to communicate with offenders.  Upon arrival to your destination an interpreter was made available to assist you with your medical appointment.

2. Section X. B. 3. provides for communication during disciplinary hearings and delivery of health care services to offenders while <u>inside the facility</u> or secured location.  While on transport outside of the facility you were not being provided health care services nor was a COPD hearing being conducted en route to your day trip appointment.  However, a certified American Sign Language interpreter was provided to you upon arrival to CMHIP in Pueblo for your scheduled health care appointment.

3.  Section XXII of the Remedial Plan states "Inmates who have a disability that *prevents* application of restraint equipment in the ordinarily prescribed manner shall be afforded reasonable accommodation, under the direction of the supervisor in charge..." You do not have a mobility disability or other disability that would prevent the application of ordinary restraint devices and your Accommodation Resolution does not provide for special application of restraints during transport. The Remedial Plan does not require deaf offenders to remain unrestrained during transport trips.

4.  Section XXIV provides that offenders with disabilities shall be accommodated during transport. "An inmate's special health care aids and appliances shall accompany the inmate upon transfer." And "Accessible vehicles shall be used to transport inmates in wheel chairs and those whose disability necessitates specialized transportation." You have not alleged that you were denied the use of an aid or appliance nor do you claim to be entitled to an accessible vehicle as you do not have a mobility disability. Therefore, you were not denied required accommodations during your transport.

5.  You do not have a disability that requires frequent use of a restroom therefore, your allegation regarding this issue is not an ADA related matter and will not be addressed further by the AIC. The Remedial Plan does not require hearing disabled offender's immediate or frequent access to a restroom while being transported and your hearing disability does not cause frequent urination.

Conclusion: Based upon the information above, your ADA grievance is denied. I do not find DOC and/or Transportation staff violated the Montez Remedial plan under the alleged sections you have claimed or any other part of the Remedial plan.
**GRIEVANCE DENIED IN TOTAL**

cc: AIC File.
Page 2 of 2

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax:    719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

**Response to Step 1 ADA Grievance**
**From:** Julie Russell-Legal Assistant II, Designee
           Office of the AIC (ADA Inmate Coordinator)
**Received Grievance:** February 2, 2009
**Sent Response:** February 25, 2009
**Offender Name:** Martinez, Daniel
**DOC No:** 120983
**Facility:** CTCF
**Grievance No:** D-CT 08/09-494



**DISABILITY STATUS: Per screening dated 4/12/07 and Accommodation Resolution dated 5/16/07 you were determined TO HAVE a qualifying (hearing) disability.**

**In the grievance referenced above, you allege the following:**
1. On January 27, 2009 you were transported from CTCF to Pueblo. During this trip your hands were shackled, subsequently preventing you from being able to communicate while being transported.
2. While in Pueblo at an unspecified medical appointment, an interpreter was not made available to you and therefore you do not know what the appointment was for.
3. The Montez Remedial plan requires that an interpreter be present "during which serious medical needs will be addressed."

**Requested Relief/Remedy:**
1a. You demand never to be shackled as you were again;
2a. You demand an interpreter at all of your appointments.
3a. Same as 1a. & 2a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1. Administrative Regulation 850-04, section B. 1. f. states: "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied." See grievance number D-CT 08/09-268 wherein you alleged the inability to effectively communicate during transport because you are cuffed/shackled "...in a way that totally prevented me from using my hands." As such, this issue has already been grieved and shall not be addressed further.

2. Confirmation through Sign Language Network verified your allegation that an interpreter was not present at your medical appointment on 1/27/09. Based upon the Montez Remedial plan and your Accommodation Resolution, an interpreter should have been present at this appointment. However, the Office of the AIC did not receive a request from clinical services or through the facility ADA coordinator. As such, you are entitled to partial requested relief to ensure that an interpreter is made available for "serious medical needs" appointments, however an interpreter may not always be provided for every medical appointment as requested in your grievance.

Conclusion:  Based upon the information above, your grievance is denied in part as you have filed previous grievances regarding handcuffing/shackling procedures during transport and this issue has already been responded to and denied.  Your grievance is also granted in part, as you are entitled to relief in requesting an interpreter to be present for medical appointments that will address serious medical conditions or procedures.  However, your request to have an interpreter present for EVERY medical appointment may not be granted.  The Montez Remedial Plan does not require an interpreter to be present for all appointments, but rather those that will address "serious medical needs".   In addition, an apology is issued for failure to provide an interpreter's services to you for your medical appointment on 1/27/09.

**GRIEVANCE DENIED IN PART; GRANTED IN PART**

cc: AIC File.
Page 2 of 2

A. Bell

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒   No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑   No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑   No ☐
Date received by case manager: _4-20-09_ Case Manager: _BELL_

Grievance Number _D-CT08/08-660_        STEP (Circle One)   1   ②   3

| NAME  Daniel Martinez | DOC NO. 120983 | CTCF/CH7-2L-5L FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

In her Step 1 response, Julie Russell states that I made allegations that I did NOT make. I never alleged anything. I am flat out stating the facts. In her requested relief part, she states that I demand the AIC answer my issues. I do NOT want the AIC to address my issues, I demand that the AIC answer the questions in the Step 1 part. IN PLAIN ENGLISH, just answer the questions. The questions are easy to spot, they are the strings of words that end with : ?????, very easy. Answer those questions. Answer this too : why does the AIC persist in avoidance of the issues with policy quotes about "repetitive grievances"?????? IF the AIC would STOP the CDOC from doing the same things to me over and over again, then there would not be need to grieve the same issues twice. I am being shackled in violation of the Montez Remedial Plan. Section XXII and Section XXIV, in both of these it clearly states that I am to be accommodated. My remedy is that the shackling STOP and that ALL of these questions be answered.

**TO BE COMPLETED BY OFFENDER:**
DATE: _4-16-9_   OFFENDER SIGNATURE _[signature]_  120983

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_
DATE: _4/20/09_   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #  _Connie Higgs  Connie Higgs 6663_

Date ADA grievance sent to AIC: _4/21/09_

RESPONSE

## SEE ATTACHED RESPONSE

**TO BE COMPLETED BY RESPONDER:**
| DATE GRIEVANCE REC'D BY RESPONDER: _4/14/09_ | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # _Anna Cooper  Anna Cooper #1550_ | RESPONSE DATE: _4/22/09_ |
|---|---|---|

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: _4-28-9_   OFFENDER SIGNATURE/PRINT NAME & DOC # _[signature]_ 120983

**RECEIVED**

Original: Department File/AIC      Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

APR 2 1 2009

2xc inmate 4/20/09
2xc inmate 4/27/08

Attachment "A"
Page 1 of 1

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone: 719.226.4238
Fax:    719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

| | |
|---|---|
| Response to: | Step 2 ADA Grievance |
| From: | Robert Cantwell, Director of Prisons |
| Through: | Anna Cooper, Designee |
| Received Grievance: | 4/22/2009 |
| Sent Response: | 4/22/2009 |
| Offender Name: | MARTINEZ, Daniel |
| DOC No: | #120983 |
| Facility: | CTCF |
| Case No. | D-CT08/09-660 |

Offender Martinez:

I received your ADA Step 2 grievance stating that you are being shackled in violation of the Montez Remedial Plan. The remedy you requested was that the shackling stop and all of your questions get answered.

The response you received to your Step 1 ADA Grievance stated:
- CTU does not discriminate against deaf offenders when placing them in the black box during transport
- The same rules apply to all offenders
- This is a safety and security matter and is determined by the offenders custody and security issues
- This grievance is a duplicate of a previously submitted grievances (D-DT08/09-268 & 494) and will not be addressed again
- Your Step 1 grievance was denied

In review of this matter I find that you were screened according to the guidelines established under the Remedial Plan of the Montez Agreement and were found have a hearing disability. Your **A**ccommodation Resolution dated 5/7/2007 states: You **DO HAVE A HEARING DISABILITY.**

Your screening was performed by a qualified physician who found that you have a hearing disability requiring enumerated accommodations as defined in the Remedial Plan of the Montez Agreement. Those accommodations do not include a NOT SHACKELING DURING TRANSPORT restriction. The definitions of the disability requirements in the Remedial Plan are not debatable.

Offender Name:       MARTINEZ, Daniel
DOC No:              #120983
Facility:            CTCF
Case No.             D-CT08/09-660
Page 2

Regarding your requested remedy for the shackling, or restraining, during transports to stop, **you were restrained in accordance with Offender Transport policy and procedure. The Remedial Plan requires interpreters for communication purposes during health care services or at a secured location, however, not during a transport. The CDOC has not violated the Remedial Plan, Sections C,B.3; XXII and XXIV.**

Administrative Regulation 850-04 Grievance Procedure states, "Grievances that duplicate an issue previously grieved by that offender shall be accepted, assigned a grievance number, and forwarded to the appropriate party to be denied on procedural grounds." As you have grieved this matter twice previously, D-CT08/09-268 and D-CT08/09-494, this **Step 2 ADA Grievance #D-CT08/09-660 is denied on procedural grounds.**

/amc
xc: Medical/Mental Health
    Working File
    Department File
    Elec. File

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter?  Yes ☑  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert?  Yes ☑  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter?  Yes ☑  No ☐
Date received by case manager: _4-29-09_  Case Manager: __BELL__

Grievance Number _D-CT08/09-660_    STEP (Circle One)   1   2   ③

| NAME   Daniel Martinez | DOC NO. 120983 | CTCF/CH7-3L-9L FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:
In her Step 2 response, Ms. Cooper has addressed several points. "The definitions of the disability requirements in the Remedial Plan are not debatable." I am so glad that Ms. Cooper has pointed this out. Section XXII and Section XXIV. Both of these Sections state that I am to be accommodated according to my Disability. I am Deaf. I communicate with Sign Language. I cannot effectively communicate shackled hand and foot. I need to be able to use my hands for effective communication with Staff. I cannot do this in the shackles. Therefore, the CDOC is in violation of the Remedial Plan. As I have previosly stated, IF the AIC would STOP the CDOC from the repeated violations of the Remedial Plan, then there would be no need for me to grieve the same issues. Again, the AIC needs to answer the questions from Step 1 and Step 2. The CDOC needs to STOP violating the terms of the Remedial Plan with this shackling, and the AIC needs to STOP advocating for the CDOC and do the job the Court intended : ADVOCATING FOR ME.

**TO BE COMPLETED BY OFFENDER:**
DATE: 4-29-9   OFFENDER SIGNATURE _Daniel Martinez_ 120983

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_
DATE: 5/4/09   SIGNATURE/PRINT NAME (DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #  _Connie Higgs_ Connie Higgs 6163

Date ADA grievance sent to AIC:   **RECEIVED**

RESPONSE

**MAY 0 5 2009**

Office of Correctional
Legal Services

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC        Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:   719.226.4238
Fax:      719.226.4249

Step 3 Grievance Officer

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

May 7, 2009

RE: Grievance #D-CT08/09-660

Dear Mr. Daniel Martinez, #120983:

I have reviewed your Step 3 grievance that you filed with regard to issues previously grieved.

The grievance procedure is outlined in Administrative Regulation 850-04.   Duplicate grievances that reiterate issues which have previously been grieved will not be addressed again.   This issue was previously addressed in grievance number D-CT08/09-268 and D-CT08/09-494.

You failed to follow the grievance procedure in this matter; you have <u>not</u> exhausted your administrative remedies. This is the final administrative action in this matter.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed:  Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

cc: Working file
      Grievance file
      Tom Kolle, Offender Records

EXHIBIT B

DC Form 850-04A (07/01/07)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number **D-CT08|09-268**       STEP (Circle One) **①** 2  3       ADA?  Yes ☑  No ☐

NAME **DANIEL MARTINEZ**   DOC NO. **120983**   FACILITY **C.T.C.F.**

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy

ON, OR ABOUT 11/4/08, I WAS TAKEN TO PUEBLO FOR MEDICAL ATTENTION. I WAS HANDCUFFED IN A WAY THAT TOTALLY PREVENTED ME FROM USING MY HANDS. I AM A DEAF MARTINEZ INMATE. I "SPEAK" USING SIGN LANGUAGE. I WAS DENIED EFFECTIVE COMMUNICATION WITH STAFF. DENIED THE SAME WITH MEDICAL STAFF. I COULD NOT USE THE TOILET. I COULD NOT ANSWER QUESTIONS. I WAS EXTREMELY FRUSTRATED AT THE TREATMENT I RECEIVED, YET AGAIN, AT THE HANDS OF CDOC OFFICIALS. SECTION X,B. 3 OF THE REMEDIAL PLAN HAS BEEN VIOLATED. I HAVE BEEN VIOLATED !!!!!! SECTION XXII HAS BEEN VIOLATED AND SECTION XXIV HAS BEEN VIOLATED. I DEMAND FOR THERE NEVER TO BE A REPEAT !!!

DATE: **Nov 18 2008**   OFFENDER SIGNATURE **Martinez** 120983

DATE RECEIVED: **11-21-08**   RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & ID **Russell S-821**

RESPONSE

## SEE ATTACHED RESPONSE
**Cathie Holst, Manager**
**Office of Correctional Legal Services**
**AIC-ADA Inmate Coordinator**
**#1722**

*Cathie Holst*
12-18-08

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| | |
|---|---|
| DATE: **12-18-08** | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # **J. Russell S821** |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: **11/18/08** | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # **Connie Higgs Connie Higgs 6463** |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance | |
| DATE: **12-23-8** | OFFENDER SIGNATURE/PRINT NAME & DOC # **Martinez 120983** |

RECEIVED

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

NOV 2 0 2008

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:      719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From:   Legal Assistant, Designee
            Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  November 21, 2008
Sent Response:  December 11, 2008
Offender Name:  Martinez, Daniel
DOC No:  120983
Facility:  CTCF
Grievance No:  D-CT08/09-268

**DISABILITY STATUS: Per screening dated 3/14/06 and Accommodation Resolution dated 5/16/07 you were determined TO HAVE a qualifying (hearing) disability.**

**In the grievance referenced above, you allege the following:**
1. On 11/4/08 while out on a transport trip from the facility you were shackled in a way that inhibited your ability to communicate with staff and you were not allowed to use the toilet.
2. You "Speak" with your hands using sign language and because you were restrained you were unable to effectively communicate with staff.
2. This type of treatment violated the Remedial plan sections C, B. 3; XXII and XXIV.

**Requested Relief/Remedy:**
1a. You demand for this type of treatment to never happen again.
2a. Same as 1a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

**Pursuant to Administrative Regulation 750-04, you must have an ADA alert on your profile AND the issue you raise in this grievance must be related to your specific disability or other qualifying ADA matter.**

1. The Montez Remedial Plan sections that you allege were not violated based upon your particular disability and circumstances. ALL offenders are required to be restrained according to DOC rules, in addition your ability to effectively communicate with staff was not violated by being restrained because transportation staff are not expected to know or utilize sign language to communicate with offenders.  Upon arrival to your destination an interpreter was made available to assist you with your medical appointment.
2. Section X. B. 3. provides for communication during disciplinary hearings and delivery of health care services to offenders while inside the facility or secured location.  While on transport outside of the facility you were not being provided health care services nor was a COPD hearing being conducted en route to your day trip appointment.  However, a certified American Sign Language interpreter was provided to you upon arrival to CMHIP in Pueblo for your scheduled health care appointment.

3. Section XXII of the Remedial Plan states "Inmates who have a disability that **prevents** application of restraint equipment in the ordinarily prescribed manner shall be afforded reasonable accommodation, under the direction of the supervisor in charge..." You do not have a mobility disability or other disability that would prevent the application of ordinary restraint devices and your Accommodation Resolution does not provide for special application of restraints during transport. The Remedial Plan does not require deaf offenders to remain unrestrained during transport trips.

4. Section XXIV provides that offenders with disabilities shall be accommodated during transport. "An inmate's special health care aids and appliances shall accompany the inmate upon transfer." And "Accessible vehicles shall be used to transport inmates in wheel chairs and those whose disability necessitates specialized transportation." You have not alleged that you were denied the use of an aid or appliance nor do you claim to be entitled to an accessible vehicle as you do not have a mobility disability. Therefore, you were not denied required accommodations during your transport.

5. You do not have a disability that requires frequent use of a restroom therefore, your allegation regarding this issue is not an ADA related matter and will not be addressed further by the AIC. The Remedial Plan does not require hearing disabled offender's immediate or frequent access to a restroom while being transported and your hearing disability does not cause frequent urination.

Conclusion: Based upon the information above, your ADA grievance is denied. I do not find DOC and/or Transportation staff violated the Montez Remedial plan under the alleged sections you have claimed or any other part of the Remedial plan.
**GRIEVANCE DENIED IN TOTAL**

cc: AIC File.
Page 2 of 2

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐
Date received by case manager: _1-5-09_   Case Manager: _Bell_

Grievance Number _PCTC8/09-268_   STEP (Circle One)   1  ②  3

| NAME _Martinez Daniel_ | DOC NO. _120983_ | FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: On, or About 11/4/8, I was Taken To Pueblo for medical arrention. I was Handcuffed In a way that Totally prevented me from using my Hands. I am a Deaf mentez Inmate. I "speak" using Sign Anguage. I was Denied effective communication with staff. Denied the same with medical staff. Could not use the roller. I could not Answer Pursions. I was extremely most Rcted at the Treatment. I Received yet Again, at the Hands of CDOC officials. Sec XB3d the Remed. plan has Been Violated. I Have Been Violated. Sec XXII and XXIV Have been violated. I Demand it Never be Repeated. It Also violates the Paticnts Bill of Rights.

| TO BE COMPLETED BY OFFENDER: | | |
|---|---|---|
| DATE: _12-31-08_ | OFFENDER SIGNATURE _(signature)_ | _120983_ |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | | |
|---|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | | Disability |
| DATE: _1/9/09_ | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _Connil beggs_  Connie Higgs 6163 | |

Date ADA grievance sent to AIC: _____
RESPONSE

## SEE ATTACHED RESPONSE

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: _1/14/09_ | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # _Donna Cooper #1550) Donna Cooper_ | RESPONSE DATE: _2/6/09_ |

| TO BE COMPLETED BY OFFENDER | | |
|---|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | **RECEIVED** |
| DATE: _2-25-9_ | OFFENDER SIGNATURE/PRINT NAME & DOC # _(signature)_ 120983 | |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

**JAN 13 2009**

Attachment "A"
Page 1 of 1

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:     719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to:          Step 2 ADA Grievance
From:                    Gary Golder, Director of Prisons
Through:               Anna Cooper, Designee
Received Grievance:  1/14/2009
Sent Response:       2/6/2009
Offender Name:       MARTINEZ, Daniel
DOC No:               #120983
Facility:                CTCF
Case No.               D-CT08/09-268


Offender Martinez:

I received your ADA Step 2 grievance stating that you are deaf and that being
handcuffed during a transport prevented you from communicating with staff and you
could not use the restroom.  The remedy you requested was that it not be repeated.

The response you received to your Step 1 grievance stated that:
- There were no violations of the Montez Remedial Plan
- All offenders must be restrained and your ability to communicate with staff was
  not violated by being restrained
- Transportation staff are not expected to utilize sign language to communicate
  with offenders during the transport
- An interpreter was made available upon your arrival and during your
  appointment
- You are to be provided communication during disciplinary hearing and deliver of
  health care services while inside the facility or secured location
- No ASL interpreter would be provided during a transport
- You do not have a mobility disability and not entitled to any restraint
  accommodations
- The Remedial Plan does not require deaf offenders to remain unrestrained during
  transports
- You were not denied required accommodations during your transport
- The issue regarding your use of the restroom is not an ADA related matter as
  frequent access to a restroom during a transport is not associated with your
  hearing disability
- Your hearing disability does not cause frequent urination
- Your Step 1 grievance was denied

In review of this matter I find that you were screened according to the guidelines established under the Remedial Plan of the Montez Agreement and were found to have a hearing disability. Your Accommodation Resolution dated 5/7/2007 stated: **You DO HAVE A HEARING DISABILITY.**

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations that the CDOC violated the Remedial Plan, Sections C,B.3; XXII and XXIV. You were restrained in accordance with Offender Transport policy and procedure. The Remedial Plan requires interpreters for communication purposes during health care services or at a secured location, however, not during a transport. I can grant no relief in this matter.

Your Step 2 ADA Grievance #D-CT08/09-268 is denied.


/amc
xc:  Medical/Mental Health
       Working File
       Department File
       Elec. File

EXHIBIT C

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☐ / No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐ / No ☐
Date received by case manager: _1-28-09_   Case Manager: _BELT_

Grievance Number _D-CTCF/09-494_   STEP (Circle One)  **1**  2  3

| NAME   Daniel Martinez | DOC NO.   120983 | CTCF/CH7-3L-9L |
|---|---|---|
| | | FACILITY/UNIT/POD |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:
On 01/27/09 , I was transported to the hospital at Pueblo from CTCF . I was shackled in a way that prevented me from effective communication and remained shackled in this manner throughout the entire day until my return to CTCF . I say I was prevented from effective communication by the shackles , however , that was not the only thing that hampered communication . THERE WAS NO INTERPRETER PRESENT !!!! Not during transport , not during the Medical visit and not on the return transport . I would comment on the Mediacl procedure , But since all I know is that they shoved something down my throat , I will be unable to comment . In the Montaz Remedial Plan , section X.,B.,3., it states that an Interpreter must ᵇe present at all Medical appointments . In AR 100-19 section IV.,E.,2.,e., it states that at appointments "during which serious medical needs will be addressed" there is to be an Interpreter present . I demand never to be shackled as I was again and I demand an Interpreter at all of my appointments.

| TO BE COMPLETED BY OFFENDER | | |
|---|---|---|
| DATE: 1/28/9 | OFFENDER SIGNATURE _mahog niel  120983_ . | |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 1/29/09 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #  _Shen  SHAYLA REED  B00  DISABILIT_ |
| Date ADA grievance sent to AIC: | |

RESPONSE

**SEE ATTACHED RESPONSE**

_Cathie Holst_

3-3-09

Cathie Holst, Manager
Office of Correctional Legal Services
AIC-ADA Inmate Coordinator
#1722

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 2/2/09 | RESPONDER–DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #  _J. Russell 5821_ | RESPONSE DATE: 2-25-09 |

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | **RECEIVED** |
| DATE: 3/13/9 | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

FEB 0 2 2009

Attachment "A"
Page 1 of 1

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Response to Step 1 ADA Grievance
From:  Julie Russell-Legal Assistant II, Designee
          Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  February 2, 2009
Sent Response:  ~~February 25, 2009~~ MARCH 2, 2009
Offender Name:  Martinez, Daniel
DOC No:  120983
Facility:  CTCF
Grievance No:  D-CT 08/09-494

Aristedes W. Zavaras
Executive Director

**DISABILITY STATUS: Per screening dated 4/12/07 and Accommodation Resolution dated 5/16/07 you were determined TO HAVE a qualifying (hearing) disability.**

**In the grievance referenced above, you allege the following:**
1. On January 27, 2009 you were transported from CTCF to Pueblo.  During this trip your hands were shackled, subsequently preventing you from being able to communicate while being transported.
2. While in Pueblo at an unspecified medical appointment, an interpreter was not made available to you and therefore you do not know what the appointment was for.
3. The Montez Remedial plan requires that an interpreter be present "during which serious medical needs will be addressed."

**Requested Relief/Remedy:**
1a. You demand never to be shackled as you were again;
2a. You demand an interpreter at all of your appointments.
3a. Same as 1a. & 2a. above.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1. Administrative Regulation 850-04, section B. 1. f. states: "Grievances which are duplicative or repetitive of the offender's prior grievances shall be denied." See grievance number D-CT 08/09-268 wherein you alleged the inability to effectively communicate during transport because you are cuffed/shackled "...in a way that totally prevented me from using my hands." As such, this issue has already been grieved and shall not be addressed further.
2. Confirmation through Sign Language Network verified your allegation that an interpreter was not present at your medical appointment on 1/27/09.  Based upon the Montez Remedial plan and your Accommodation Resolution, an interpreter should have been present at this appointment.  However, the Office of the AIC did not receive a request from clinical services or through the facility ADA coordinator.  As such, you are entitled to partial requested relief to ensure that an interpreter is made available for "serious medical needs" appointments, however an interpreter may not always be provided for every medical appointment as requested in your grievance.

Conclusion: Based upon the information above, your grievance is denied in part as you have filed previous grievances regarding handcuffing/shackling procedures during transport and this issue has already been responded to and denied. Your grievance is also granted in part, as you are entitled to relief in requesting an interpreter to be present for medical appointments that will address serious medical conditions or procedures. However, your request to have an interpreter present for EVERY medical appointment may not be granted. The Montez Remedial Plan does not require an interpreter to be present for all appointments, but rather those that will address "serious medical needs". In addition, an apology is issued for failure to provide an interpreter's services to you for your medical appointment on 1/27/09.

**GRIEVANCE DENIED IN PART; GRANTED IN PART**

cc: AIC File.
Page 2 of 2

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:**  Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ / No ☐

**CASE MANAGER MUST COMPLETE:**  Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐ No ☒
Date received by case manager: _3-13-09_   Case Manager: _BELL_

Grievance Number _D-CT 08/09-494_       STEP (Circle One)  1 ②3

| NAME  Daniel Martinez | DOC NO.  120983 | CTCF/CH7-3L-9L FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

Ms. Russell is mistaken on several points . She believes that an Interpreter does not need to present at all medical appointments. As I stated in Step1, the Montez Remedial Plan, Section X.,B.,3., states,"an Interpreter will be present at ALL medical ......." The Remedial PLan is the prevailing Document for inmate care . The Issue of the Handcuffs and the accompanying Black Box will never be moot, regardless of CDOC policy, until the practice of violating my rights under the Constitution and the Montez Plan has stopped !!!!! As a Deaf Inmate, I retain my Right to Free Speech . I "speak" using Sign Language . End of argument . CDOC IS preventing this with their handcuffing policy .In the Remedial Plan, Section XXIV.,"the special needs of Inmates with Disabilities shall be accommodated during transport" . Deaf and hard of hearing Inmates are most certainly "Disabled Inmates" . I demand an Interpreter at ALL medical appointments and I demand that I not be handcuffed in ways which prevent me from speech .

**TO BE COMPLETED BY OFFENDER:**
DATE: _3-13-9_   OFFENDER SIGNATURE _____ 120983

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_
DATE: _3/16/09_   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _Connie Griggs   Connie Griggs 6163_

Date ADA grievance sent to AIC: _____

RESPONSE

## SEE ATTACHED RESPONSE

**RECEIVED**

APR 0 2 2009

Office of Correctional
Legal Services

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: _3/18/09_ | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #  _Anna Cooper #1550 Anna Cooper_ | RESPONSE DATE: _3/18/09_ |

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.   **RECEIVED**
DATE: _3-31-9_   OFFENDER SIGNATURE/PRINT NAME & DOC # _____ 120983

Original: Department File/AIC        Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

MAR 1 8 2009

Attachment "A"
Page 1 of 1

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:     719.226.4249

Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to:         Step 2 ADA Grievance
From:                 Gary Golder, Director of Prisons
Through:              Anna Cooper, Designee
Received Grievance:  3/18/2009
Sent Response:       3/18/2009
Offender Name:       MARTINEZ, Daniel
DOC No:              #120983
Facility:            CTCF
Case No.             D-CT08/09-494

Offender Martinez:

I received your ADA Step 2 grievance stating that you were prevented from using sign language during a transport and medical appointment, by the use of restraints. The remedies you requested were that an interpreter be present at all medical appointments and that you not be handcuffed in ways which prevent you from speech.

The response you received to your Step 1 grievance stated that:
- This is a duplicate grievance of D-CT08/09-268
- You did not have an interpreter present during your medical appointment as none had been requested
- You are entitled to partial requested relief to ensure an interpreter is made available for "serious medical needs" appointments
- An interpreter may not always be provided for every medical appointment
- Your grievance was denied in part as this was a duplicate grievance
- Your grievance was granted in part as you are entitled to an interpreter present for serious medical appointments
- Not all medical appointments require an interpreter to be present
- An apology was issued for failure to provide an interpreter for your 1/27/09 appointment

In review of this matter I find that you were screened according to the guidelines established under the Remedial Plan of the Montez Agreement and were found to have a qualifying disability.  Your Accommodation Resolution dated 5/7/2007 stated:
**You DO HAVE A HEARING DISABILITY.**

Offender Name:      MARTINEZ, Daniel
DOC No:             #120983
Facility:           CTCF
Case No.            D-CT08/09-494
Page 2


Your screening was performed by a qualified physician who found that you have a qualifying disability requiring accommodation as defined in the Remedial Plan of the Montez Agreement. You were entitled to an interpreter at the time of your 1/27/2009 medical appointment; however, none was provided. An apology was issued for this oversight in providing you with interpreter services. It is also emphasized that an interpreter may not be present for every medical appointment as only "serious medical needs" appointments require an interpreter be present.

With regard to the application of restraints during a transport and medical appointment, the response you received to your duplicate ADA Grievance #D-CT08/09-268 stated, "You were restrained in accordance with Offender Transport policy and procedure. The Remedial Plan requires interpreters for communication purposes during health care services or at a secured location, however, not during a transport."

Your Step 2 ADA Grievance #D-CT08/09-494 is granted in part as you were entitled to an interpreter for your 1/27/2009 medical appointment, and denied in part as the issue of restraints being utilized during a transport was previously grieved and a response was provided. I reiterate the apology issued to you for this oversight in providing an interpreter for your medical appointment of 1/27/2009.



/amc
xc: Medical/Mental Health
    Working File
    Department File
    Elec. File

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒   No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: _4-1-09_   Case Manager: _BELL_

Grievance Number _D-CT 08/09-494_   STEP (Circle One)   1   2   ③

| NAME   Daniel Martinez | DOC NO.   120983 | CTCF /CH7-3L-9L |
|---|---|---|
| | | **FACILITY/UNIT/POD** |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

An apology is all well and good, but meaningless. I am not in the market for an apology. I did not ask for an apology. I want what I asked for, namely to NEVER be shackled in such a way as to prevent the use of Sign Language AGAIN. CDOC Officials need to quit quoting what they believe the Montez Plan to state and to actually READ the Plan!!! Ms. Cooper and Ms. Russell BOTH state that no Interpreter need be present, except for "serious medical need". THAT is CDOC policy, NOT the Remedial Plan. The Montez Plan in Section X.,B.,3.,states "an Interpreter will be present at ALL medical appointments". The Plan states in Section XXIV., "the special needs of Inmates with Disabilities shall be accommodated during transport". I need to be able to speak!!! I am ONLY able to "speak" through the use of Sign Language. I now demand that I never again be shackled in any way that prevents my speech and I demand my Interpreters!!! If CDOC needs to change their policies, THEN SO BE IT!!!! Get busy on the rewriting.

**TO BE COMPLETED BY OFFENDER:**

DATE: 3-31-9   OFFENDER SIGNATURE _Daniel_   120983

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_

DATE: 4|1|09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #   _Connie Neggs_   _Connie Neggs 6163_

Date ADA grievance sent to AIC: 4|2|09

**RESPONSE**

| **TO BE COMPLETED BY RESPONDER** | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| **TO BE COMPLETED BY OFFENDER** |
|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. |
| DATE:   OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:     719.226.4249



Step 3 Grievance Officer

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

May 14, 2009

RE: Grievance #D-CT08/09-494

Dear Mr. Daniel Martinez #120983:

I have reviewed your Step 3 grievance that you filed with regard to ADA issues.

In review of this matter it is my finding that the issue regarding shackling during transport has been previously grieved in D-CT08/09-268 and will not be addressed here because it is a duplicate issue and therefore prohibited by AR 850-04.

I find that you should have had an interpreter for the out of facility appointment that you had on 1/27/09. For that oversight you were issued an apology. I would also like to express my apology on behalf of the CDOC for any inconvenience or discomfort that befell you as a result of that error. Regarding the issue of requiring an interpreter to be present at all medical appointments for hearing disabled offenders; I find that it is not a requirement under the Montez remedial plan. The Remedial Plan specifically states, "The degree of enhanced communication accommodation that may be warranted under the special circumstances shall be determined on a case-by-case basis." The special circumstances referred to above are disciplinary hearings and delivery of health care services. The April 2008 Stipulation in Montez which refers back to Remedial Plan, also specifically excludes routine delivery of medications as not requiring an interpreter. Routine medical appointments do not require an interpreter; only appointments that require detailed explanations of medical diagnoses or procedures, would require interpreters. Routine treatment would necessarily be delayed if at every appointment an interpreter would need to be present. The process of obtaining an interpreter can take from 3 to 5 days to schedule and that would cause delays in treatment of routine medical issues such as colds, minor injuries, etc. For routine medical appointments CDOC can utilize alternative means of communication to effectuate treatment and diagnosis, under the Remedial Plan. Based upon the foregoing, I cannot recommend any relief in this matter.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance which you have filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
       grievance file
       Tom Kolle, Offender records