IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA (Consolidated for all purposes with Civil Action No. 96-CV-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number X-327
Category: Untimely Filed Claim
Claimant: Christine Montoya, #114206
Address of Claimant: LVCF, 1401 W. 17th Street, Pueblo, CO 81003

_____

**ORDER OF DISMISSAL OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on the claim of Christine Montoya. The Special Master reviewed the claim and accompanying documents submitted by Claimant. The Special Master directed Defendants to submit a response to the claim, and Defendants have done so. Claimant was granted up to and including May 11, 2009 in which to file a reply to the response of Defendants. Claimant has filed nothing further in support of her claim.

The Special Master has reviewed the materials submitted by both sides. A hearing would not be of assistance in resolving the claim. Further argument will be waived.

**I.**

Claimant came into DOC custody on September 12, 2002. She was placed at the Denver Reception and Diagnostic Center (DRDC). Claimant was transferred to the Denver Women's Correctional Facility (DWCF) within a day or two. Claimant remained at DWCF until October 4, 2002 when she was transferred to the Pueblo Minimum Center (PMC). Claimant went to a community program on February 14, 2003.

Claimant returned to DWCF on March 8, 2004. She was granted parole on August 28, 2004. Parole was revoked, and Claimant returned to DOC custody on December 15, 2005. She was placed at DWCF. She returned to PMC on February 3, 2006. She was granted parole on July 18, 2006.

Plaintiff discharged her initial sentence on August 15, 2007. Claimant returned to DOC custody on a new sentence on September 25, 2008. She remained at DWCF until transferred to the La Vista Correctional Facility (LVCF) in Pueblo, Colorado on October 3, 2008.

On December 2, 2008, Claimant filed a damage claim pursuant to Article XXXII of the Remedial Plan. Claimant indicated that she came into DOC custody in 2008 and she did not mark any of the boxes indicating what impairment she was claiming. In response to the question asking for a description of her impairment, Claimant did state, in part, as follows:

> Deg. Disc Disease. With herniation lower back goes out, legs give out on me and I have fallen several times. Fell down in Oct 08 due to legs going out and I have ripped a ligament in my neck.

Claimant stated that she "requested medical help and was denied treatment due to outside facility injuries."

Claimant filed a supplemental form for mobility impairment. She stated, in part, as follows:

> Unable to walk long distance. Legs go completely out and unable to walk at all.
> ...
> Not able to get to chow hall, hard to walk unable to put shoes on, or tie them due to lower back problems. Roommate does my cooking in order to me to eat. Unable to walk to chow hall and medical.
> ...
> I have fallen in Nov. 2008 due to medical negligence. I was also put upstairs & top bunk. Until I fell & got hurt. Now I have neck injuries.

In response to an order from the Special Master, Claimant submitted a letter providing additional details for her claim. She stated that she had been disabled since 2002. She further stated that she had applied for accommodations in October 2008.

Defendants' response provide additional information on the claim. The first medical entry concerning her knee going out is dated March 10, 2004. *Exhibit B attached to Response.* This was after her return to DOC custody. Her medical records reflect numerous falls after August 27, 2003. *Exhibit C attached to Response.* Medical care was provided over the intervening years.

## II.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan after conducting a fairness hearing. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the

Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. A claimant may amend her claim to show discrimination after August 27, 2003, but only if the discrimination was established prior to that date.

In this case, Claimant came into DOC custody on September 12, 2002. She left for a non-DOC community placement on February 14, 2003. She did not return to DOC custody until March 8, 2004. Thus, Claimant must establish that she was mobility impaired and the victim of discrimination prohibited by the ADA during the initial time period of approximately six months. As Defendants correctly note, the first medical report reflecting a leg or knee problem is dated March 10, 2004. No documentation has been submitted by either side concerning anything that may have happened prior to March 10, 2004.

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

Claimant has not established that she was mobility impaired on or before August 27, 2003. The evidence presented reflects that the first indication of lower extremity problems came in March 2004. There is no evidence of any mobility impairment during the period of time from September 12, 2002 to February 14, 2003. The first question of the Order of November 23, 2004 cannot be answered in the affirmative.

As equally important, Claimant has not established that there was any discrimination during the period of time from September 2002 to February 2003. Absent such evidence, the Remedial Plan precludes Claimant from amending her claim to deal with anything that occurred after August 27, 2003.

Claimant has detailed concerns about the medical treatment that she has received. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v.*

3

*Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. To the extent that Claimant is questioning the care provided to her, that is beyond the jurisdiction of the Special Masters as set forth in the Remedial Plan. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical malpractice or medical negligence under state law. Claimant may pursue separately any rights that she may have concerning her medical care.

The *Fitzgerald* case binds the hands of the Special Master, as well as the Court. The concerns of Claimant relate to the medical care she received in DOC. The quality of that care must be examined in a different proceeding. It cannot be examined in a case brought under the ADA and Rehabilitation Act.

Claimant can not prevail on her claim for the reasons noted. Claimant retains the right to file her own separate lawsuit which may include claims under the Eighth Amendment.

IT IS HEREBY ORDERED that the claim of Christine M. Montoya is dismissed for lack of jurisdiction, as there is no evidence that Claimant was mobility impaired or the victim of discrimination on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before July 20, 2009.**

SIGNED this 22nd day of May, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master