IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

___

Claim Number X-360
Category: Untimely Filed Claim
Claimant: Terry L. Franklin, #55477
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

___

## ORDER OF DISMISSAL OF SPECIAL MASTER

___

      THIS MATTER came before the Special Master on the damage claim form of Terry L. Franklin. In the claim form, Claimant added a fifth box which stated "mentally impaired." Claimant did not check any other box on the claim form.

      Since it appeared that there might not be any jurisdiction over the claim, a show cause order was issued to Claimant. He has responded to that order.

      In his claim form and in his response to the show cause order, Claimant has detailed his struggles over the years with mental illness. He states that he has had vision problems because he has seen things that did not exist and hearing problems because of auditory hallucinations leading to voices. Claimant has alleged that he has been denied treatment for his mental illness and has suffered over the years. He specifically has set forth what he believes to be inappropriate conduct toward him while he was at the Colorado State Penitentiary.

      Plaintiff is correct that mental illness is covered by the ADA. Claimant does have the right to bring a separate lawsuit under the ADA. The problem is that the Remedial Plan deals with only four areas of disability: mobility impairment; vision impairment; hearing impairment; and diabetes. The Remedial Plan is the outgrowth of settlement discussions between class counsel and Defendants. It is a contract that has been approved by the Court. Mental illness was discussed on several occasions prior to the approval of the Remedial Plan. When the Remedial Plan was presented to Judge Nottingham, it did not include a category for mental illness. The Special Masters and the

Court are bound by the agreement of the parties. An additional category cannot simply be added by the Court. It would be fair to say that a number of individuals were and are upset that mental health issues were not part of the Remedial Plan. There is simply nothing that can be done to include mental illness as part of *this* case at this time.

Claimant may pursue a separate lawsuit under the ADA, as he is not part of the class. Claimant's present situation is the result of mental illness, and not under one of the four categories. Claimant's concerns are legitimate and real. Perhaps mental illness should have been a listed category, but it was not. The Special Masters and Court cannot expand the Remedial Plan. Claimant will have to commence a separate lawsuit to obtain relief.

IT IS HEREBY ORDERED that Claimant's damage claim under Article XXXII of the Remedial Plan is dismissed for lack of jurisdiction, as Claimant's condition deals with mental illness which is not a category under the Remedial Plan; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 10, 2009.**

SIGNED this 8th day of June, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master