IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

## REPORT OF SPECIAL MASTERS

---

      The Special Masters do hereby submit this Report which reflects the disposition of claims filed and adjudicated through June 1, 2009. This work was done pursuant to Paragraph XXXII of the Remedial Plan and pursuant to the order of April 4, 2008 expanding the duties of the Special Masters.

      **The Claim Process:** This class action lawsuit was settled on August 27, 2003 with approval of the Remedial Plan. Paragraph XXXII of the Remedial Plan established the damage claim process. Bruce Pringle and Richard Borchers were appointed initially as the Special Masters to adjudicate all damage claims that were filed. The Court later approved the appointment of Richard C. Davidson as the third Special Master.

      Claim forms were drafted and printed. These forms began to be distributed in late March 2004. Claims were received starting in mid-April 2004. Claim forms are still being submitted by inmates and former inmates at the time of the completion of this report.

      **Category I Claims:** The Remedial Plan provided five categories of damages for claims. Category I was defined as "[g]eneral inconvenience or nominal damages." Category I claims were not entitled to a hearing and were to be resolved on the paper submissions of the parties.

      The following information reflects the adjudication or disposition of Category I claims:

| | |
|---|---|
| Total Category I claims: | 201 |
| Claims upgraded to a higher category: | 28 |
| Claims voluntarily settled: | 0 |
| Number of claims adjudicated on the merits | 173 |
| Number of Claimants who established the claim | |

       and were granted relief or damages       3

Percentage of claimants who prevailed on their claims    1.73%

**Category II Claims:** Category II was defined as "[d]amages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury." Category II claims were not entitled to a hearing and were to be resolved on the paper submissions of the parties.

| | |
|---|---|
| Total Category II claims: | 914 |
| Claims upgraded to a higher category: | 284 |
| Claims voluntarily settled: | 109 |
| Number of claims adjudicated on the merits | 630 |
| Number of Claimants who established their claims and were granted relief or damages | 15 |
| Percentage of claimants who prevailed on their claims | 2.38 % |
| Percentage of claimants who prevailed or settled their claims | 19.68% |

**Category III Claims:** Category III was defined as "[d]amages due to actual non-severe physical injuries or non-nominal emotional injuries(such as the fear of death)." Category III claimants were entitled to a hearing.

| | |
|---|---|
| Total Category III claims: | 466 |
| Claims awaiting adjudication as of June 1, 2009 | 8 |
| Claims voluntarily settled: | 37 |
| Number of claims adjudicated on the merits | 458 |
| Number of Claimants who established their claims and were granted relief or damages | 87 |
| Percentage of claimants who prevailed on their claims | 18.67 % |
| Percentage of claimants who prevailed or settled their claims | 26.61 % |

**Category IV Claims:** Category IV was defined as "[d]amages due to severe physical injuries." Category IV claimants were entitled to a hearing.

| | |
|---|---|
| Total Category IV claims: | 2 |
| Claims voluntarily settled: | 2 |

**Category V Claims:** Category V claims were defined as "[d]amages due to death." Category

V claimants were entitled to a hearing.

| | |
|---|---|
| Total Category V claims: | 14 |
| Claims voluntarily settled: | 3 |
| Number of Claimants who established their claim: | 1 |
| Percentage of claimants who prevailed on their claims: | 7.14 % |
| Percentage of claimants who prevailed or settled their claims: | 28.57 % |

**X Files:** The X file category was established in 2006 to accept late filed claims and then to begin the processing of those claims. No claim has ever been adjudicated on its merits as an X file. Claims believed to have merit and requiring adjudication were transferred to a different category. All late filed claims have been opened as X-files.

| | |
|---|---|
| Total X-Files Opened as of June 1, 2009 | 368 |
| Claims transferred to other categories: | 148 |
| Claims dismissed: | 200 |
| Claims remaining to be dismissed or transferred as of June 1, 2009 | 20 |

**C Files:** The C file category was established in 2008 to handle claims that requested relief for something that had occurred after August 27, 2003. The question concerning jurisdiction over these claims has been referred to the assigned District Judge for action.

| | |
|---|---|
| Total C Files Opened as of June 1, 2009 | 16 |
| Claims awaiting the decision of the District Judge | 6 |

**Claims held in abeyance:** These claims in whole or part requested relief for something that occurred after August 27, 2003. The issues all involve the question of whether the Court has any jurisdiction to adjudicate in a class action individual requests for relief or whether those requests must be referred to class counsel.

| | |
|---|---|
| Claims awaiting resolution of the jurisdictional issue | 44 |

IT IS HEREBY ORDERED that this Report be filed with the Court reflecting the overall disposition and adjudication of claims as of June 1, 2009.

SIGNED this 16th day of June, 2009.

BY THE COURT:

Richard M. Borchers
Special Master

Bruce D. Pringle
Special Master

Richard C. Davidson
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Report of Special Master this 16th day of June, 2009 to the following:

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
1525 Sherman Street
Denver, CO 80203

*Susan L. Carter*