92-cv-00870-CMA

IT IS HEREBY ORDERED that Claimant's case is dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before June 22, 2009.**

SIGNED this 5th day of May, 2009.

BY THE COURT:

Richard M. Borchers
Special Master

I feel there is some misunderstanding about my health issue is something had since birth but over the years it has gotten worse with the correct medicate it help. But I need another surgery which will be done after I'm out of D.O.C. Plavix is medicate that I need with ASA they refuse to give it to me here. It's so hard to communicate with staff here it so frustrate. I'm now been housed the facility SW here in Denver.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 26 2009

GREGORY C. LANGHAM
CLERK

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 5th day of May, 2009 to the following:

Ms. Frankie L. McConnell-Speller
#63672
LVCF
1401 W. 17th Street
Pueblo, CO 81003

Mr. James Quinn
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number X-341
Category: Untimely Filed Claim
Claimant: Frankie L. McConnell-Speller, #63672
Address of Claimant: LVCF, 1401 W. 17th Street, Pueblo, CO 81003

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the damage claim form of Claimant. Claimant has alleged that she is disabled due to mobility and hearing impairments. Claimant also stated in her claim form that she has been in DOC custody since October 22, 2008.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Judge Nottingham held a fairness hearing and then approved the settlement. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant has stated in her various documents the following: (1) she was placed into custody in October 2008; (2) she became disabled in March 2005; and (3) she was subjected to discriminatory conduct by DOC staff on February 16, 2009. In addition, she has detailed significant coronary disease problems. The information provided by Claimant clearly indicates that there is no jurisdiction over this claim, as Claimant arrived in DOC custody in late 2008 and became disabled long after August 27, 2003.