IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870 - CMA

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL OWENS, et al.,

    Defendants.

---

Claim Number: 03-350
Category: III
Claimant: Charles R. Stroud, #48629
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on two motions filed by Claimant. Claimant forwarded a letter to the Clerk of the Court (#3357). This letter was treated as a motion for clarification, and Defendants were given an opportunity to respond to the motion. The second motion (#3979) requested immediate payment of $500.00 that was awarded to Claimant on his claim filed pursuant to Article XXXII of the Remedial Plan. Defendants were granted the opportunity to respond to this motion.[1]

The hearing on the claim of Mr. Stroud was held at CTCF on February 28, 2007. Both sides called a number of witnesses. In issuing the final order, the Special Master stated, in part, as follows:

> 6. The Special Master finds and concludes that Claimant Stroud does have a mobility disorder pursuant to the terms of the remedial plan. His condition is permanent. The condition does cause him to be impaired and it substantially limits him in the major life activity of walking. It s apparent that CDOC once believed that

---

[1] The underlying claim filed by Claimant was heard at a hearing on February 28, 2007. Special Master Richard Davidson conducted the hearing and issued the final order on January 14, 2008. In December, 2008, Special Master Davidson was injured in an on-the-job motor vehicle accident and is recuperating. All pending motions shall be resolved by Special Master Borchers.

>he needed special accommodations for his disability since he was provided special boots and tennis shoes on more than one occasion. There is nothing that explains why it was necessary for CDOC to issue special boots to Claimant prior to 2004 but not after that time. The condition that caused the need before that time still exists.

The Special Master went on to state, in part:

>8. Of course, the key issue is whether Claimant was discriminated against by CDOC because of his mobility disability. Claimant Stroud has testified that the taking of his previously issued special boots had a substantial impact on his ability to utilize the services provided by the facility and his ability to walk. Defendant has offered no explanation as to the reasons for no longer providing boots. The Special Master concludes that Claimant has been discriminated against by being deprived of the special boots previously provided to him by CDOC.
>9. While the Claimant presented no evidence as to the monetary amount of his damages, the Special Master concludes that Claimant should be awarded the sum of $500.00.

The order issued by the Special Master provided for $500.00 in damages to Claimant. The final order does not order that special shoes by provided to Claimant.

Claimant exercised his right to file an appeal from the final order of the Special Master. Judge John Kane affirmed the final order on March 19, 2009. Judge Kane held, in part, as follows:

>In a favorable ruling, the Special Master found that Mr. Stroud was in fact disabled as defined in this case, and was discriminated against by the Colorado Department of Corrections. An award of $500.00 was made. This court finds that award is appropriate in this circumstance. Additional matters that Mr. Stroud has raised regarding the quality of treatment and medical care must be addressed in a separate individual action, as they cannot be resolved as part of the remedial plan in this case....

To the very best knowledge of this Special Master, the order of Judge Kane has not been appealed by Claimant to the United States Court of Appeals for the Tenth Circuit. Thus, the claim process pursuant to Article XXXII of the Remedial Plan has been completed and exhausted for the claim of Mr. Stroud.

In his motions, Claimant raises two issues. First, he maintains that he has not received the $500.00 awarded to him by the Special Master. Defendants have responded and have indicated that a check was issued to Claimant on June 16, 2009. This will be deposited into Claimant's inmate account. A copy of the check has been provided to the Special Master. This issue will be deemed moot. If Claimant has any objection to any deductions from this payment for restitution or another reason, he may file a separate motion concerning that deduction.

      Second, Claimant argues that the final order of the Special Master directs that he have special shoes to wear. Concerning the final award, Defendants noted, in part, as follows:

> 7. There is no specific order in the Special Master's Final Order related to special boots for Claimant. The only specific order, as noted above, is the award of $500.00 to Claimant."

A careful review of the final order of the Special Master reflects that no provision mandates that Claimant receive any special type of footwear. Defendants correctly note that the only specific order is for an award of $500.00. For better or worse, Defendants cannot be compelled to comply with an order that does not exist. In this case, the Special Master only directed payment of damages.

      Since the final order of the Special Master dealt with what transpired prior to August 27, 2003, Claimant is not precluded from filing his own separate lawsuit concerning his shoes. At this juncture, there is no jurisdictional basis that would allow this Special Master or the Court to revamp the final order of January 14, 2008.

      IT IS HEREBY ORDERED that Claimant's motion for immediate payment is denied as moot, since payment has been made to him through his inmate account; and

      IT IS FURTHER ORDERED that Claimant's motion for clarification concerning shoes is denied, as the final order does not contain a provision requiring Defendants to provide special shoes to Claimant.

      SIGNED this 19th day of June, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master