IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number: C-014 (combined with C-008)
Category C
Claimant: Ronald Cordova, #57350 (as well as the inmates who have signed on the letter)
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF SPECIAL MASTER

      THIS MATTER comes before the Special Master on Claimant's letter and attached documents. Claimant has included numerous grievances that he has filed.

      On December 22, 2008, the Special Master issued an order concerning the issue of seizure by DOC staff of personal eye glasses. Claimant had sought court involvement in order to keep personal eye glasses that had been secured prior to coming into DOC custody or had been secured from private sources prior to the change in DOC policy. Claimant and others who signed a joint letter have argued that the class was expanded to include all inmates who wear glasses and that the 2008 stipulation counteracts with the Remedial Plan.

      The Special Master issued a ten-page order detailing why the April 4, 2008 stipulation did not expand the class. Claimant will be provided another copy of that order. The Special Master also noted that after the evidentiary hearing on the damage claim filed pursuant to Article XXXII that Claimant was not vision impaired, as defined by the Remedial Plan, on or before August 27, 2003. At this juncture, Claimant has not been shown to be a member of the subclass of vision impaired inmates or former inmates.

      The Special Master spent time in the order of December 22, 2008 detailing why the 2008 Stipulation did not change class membership. The Special Master noted that the April 4, 2008 stipulation did raise significant issues. As an example, how can class counsel enter into a stipulation that binds all inmates who wear glasses but are not vision impaired in light of the *Sutton* decision?

Another issue is what effects, if any, do the 2008 amendments to the ADA have on Claimant's situation and are all inmates who now wear glasses part of the class? The Special Master has issued his ruling concerning these issues, and Claimant's remedy now is to appeal to Judge Kane.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion to compel, is denied, as all issues concerning eye glass were resolved in the order of December 22, 2008; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 24, 2009.**

SIGNED this 29th day of June, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master