IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N-343)

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number X-341
Category: Untimely Filed Claim
Claimant: Frankie L. McConnell-Speller, #63672
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

_____

## ORDER OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the document filed by Claimant with the Clerk of the Court (#4013). This document was a copy of the final order of the Special Master denying her damage claim for lack of jurisdiction.

      Written on the final page of her copy, Claimant has stated, in part, that "I feel there is some misunderstanding about my health issue is something I've had since birth but over the years it has gotten worse..." Claimants document will be treated as a motion for reconsideration.

      As Claimant has been advised, this case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. In order for the Special Master to have jurisdiction over a damage claim under Article XXXII of the Remedial Plan, a claimant had to be in DOC custody on or before August 27, 2003, had to have been disabled on or before that date, and the victim of discrimination on or before that date.

      A show cause order was issued to Claimant to allow her to respond to the jurisdictional issue,

as she stated in her claim form she came into DOC custody on in October 2008. If Claimant is claiming now that she was in custody prior to that date and disabled, as defined by the Remedial Plan, she may file an amended claim form to so state that.

Claimant must understand further that the quality and type of medical care provided to her is not something that may be adjudicated under the ADA. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. To the extent that Claimant is questioning the care provided to her, that is beyond the jurisdiction of the Special Masters as set forth in the Settlement Agreement. In addition, the Special Masters have no jurisdiction over Eighth Amendment claims of medical malpractice or medical negligence under state law. Claimant may pursue separately any rights that he may have concerning her medical care.

Claimant will be given the opportunity to submit any additional information that she may have concerning her claim. She must establish that she was in DOC custody on or before August 27, 2003 and disabled on or before that date.

Claimant may be seeking help concerning an issue that has arisen after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this document be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred. There is some question as to whether Claimant would be a member of the class. The documents filed by Claimant will be treated as a request for relief for something that has recently occurred. These documents will be held in abeyance pending resolution of the jurisdictional issue by the assigned District Judge.

IT IS HEREBY ORDERED that Claimant is granted up to and including **August 31, 2009** in which to provide any additional documents or argument that she would like considered concerning her damage claim filed pursuant to Article XXXII of the Remedial Plan.

SIGNED this 3rd day of July, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master