IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.
Plaintiff,

v.

BILL OWENS, et al.
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 0 2009

GREGORY C. LANGHAM
CLERK

Claim Number; C-014 (combined with C-008)
Category C
Claimant: Ronald Cordova, #57350(As well as the inmates who singed the letter)
Address: SCF, P.O.Box 6000, Sterling, Co 80751

MOTION FOR RESPONSE AND OBJECTION TO SPECIAL MASTER ORDER, DATED June 29, 2009

In the matter, the Plaintiff respectfully responds and object's to Special Master order, dated June 29, 2009. And as for grounds states the following:

1. The Plaintiff contends that the Remedial Plan and April, 2008 Stipulations agreements. In general include all inmates with eye glasses, whether they are personal or state issued glasses. Or, how and why are inmate glasses even mentioned in these two agreements. The agreements do not specifically state an inmate must be disabled to have eye wear.

2. How is a property issue included in the Remedial Plan and Stipulation agreement without specifically address it as a disability Under Americans Disability Act of 1990. No place in the ADA does it mention eye glasses in general. So as to make it a targetted issue in the agreements. As matter of fact, its No. 1 issue in the April, 2008 Stipulation. And does not state glasses will be taken or replaced whether an inmate has a disability. Or eye problem. Most people or 99.9 % wear glasses becaus they need them to see. And or correct eye vision.

3. I am aware of the Sutton v. United States, 527 US 471 (1999) decision that the Special Master referes to in his June 29, 2009 Order. I also hope the Judge is aware of all the agreements in Remedial Plan and the Stipulation of April, 2008. Because Colorado DOC of Corrections refuses to comply to these agreements. When I was moved to another Facility because of my disability, "NOT' one agreements was in-compliance with.

4. The Plaintiff, lost property and privileges, was forced held in a higher security. Debied medications for months. And I have a high blood condition as to need of high blood pressure medicine.

5. My personal glasses were taken, and I have been without corrective eye glasses since Feb 10, 2009. I have made the Special master aware of this in several motions and letters requesting relief. And that all State correctional facilities are in non-compliance with both the Remedial Plan of August 27, 3003 and the April, 2008 Stipulations agreements.

Under the "Sutton' decision I am considered disabled because I do not have corrective eye wear. My glasses were taken with deliberate intent to cause harm. Because on that day I told both officer they were in voilation of the Montez, et al, and April, 2008 Stipulations agreements making the two officer aware of conduct they wantonly gave me. My personal glasses were not a complete wire frame, so that could not be the issue alone. Also, I have had two pair of eye glasses since I been in prison and always bought my own glasses from an outside source. At no cost to tax payers.

6. I have also, made the Special master aware of the severe myopic eye condition I have and photophobia I have from bright light and glare. And that I need dark prescribed anti-glare lens. And was prescribed for these conditions since 1963 when I got out of the Navy. And had quit welding, a trade I went school for to support my family. But had sever headaches from welding flash or bright light I had to give up a job I worked for. My glasses were prescribed for these conditions. You could say it was one way to correct against bright glaring lights, but I could not weld again.

7. Its a well known fact that Colorado DOC and its medical department will not replace eye glasses as the Remedial Plan and April, 2008 Stipulations agree to. The provider claims they only have to replace eye glasses. And refuse to replace any other prescriptions needed.

The special master on page 7 of his June 29, 2009 order clear states:

> "... If wearing of eye glasses corrects a vision problem, then there is no permanent disability under 42 USC sec12101.

Since I have "NO" glasses, because they were taken as of Feb 10, 2009 I have been disabled and subjected to harm and pain. Everything is a blur to me. And I have been forced to go to GED classes, even though I have a GED from the Navy in which DOC refused to acknowledge. The Special master has not considered any of the information regarding violations and non-compliance with both Remedial Plan and the April Stipulations due to my transfer to another facility. He has also failed to consider that I exercised the Opy-out clause on page 5 or 6 of the Remedial Plan to stay at the facility I was at. because I has a job and there was "NO" accommodations at this facility that I did not have already. My move was retaliatory from the AIC office Cathie Holst.

Corrective and mitigating measures should be considered in determining whether I am disabled under ADA or whether I am substantially limited to a major life activity. That being able to see as other people. That is if I am not asking to much. No consideration has been given to the holding of <u>Sutton</u> decison whether I am limited as of right now as being disabled do to the wanton conduct of DOC Staff deliberately taken my eye glasses. My condition is uncorrected as of now.

And I continue to have headache daily because everything is blurry. Therefore without corrective eye glasses under Sutton, supra, I am disabled.

8. My present condition demands that I get back the prescription I was prescribed by Dr. Kanda my eye doctor. If DOC medical denys ot refuses to give back my eye glasses or has destroyed them. Then pursuant to the Remedial Plan and April, 2008 Stipulations agreements, they must be replaced.

Black's Law Dictionary, Sixth Edition: "gives the definition of the word "replace" means. To place again; <u>to restore to former condition</u>. citing Illinois Cent. R. Co. v. Franklin County, 387 Ill. 301, 56 N.E.2d 775, 779. Term, given its plain, ordinary meaning, means to supplant with substitute or equivalent. Olenick v. Government Employees Inc. Co., 42 A.D2d 760, 346 N.Y.S. 2d 320, 321. To take the place of.

Its Obvious that DOC and Its Medical dept do not want to do this, but that is what was agreed to in the Remedial Plan and the Stipulations. This court has the jurisdiction and authority under McNeil v. Guthrie, 945 F2d 1163 (10th Cir 1991). And Fed. Rules. of Civ. Proc. Rule 70. The Department of Corrections and its Medical department has not complied to the agreement of both decrees, if the Remedial Plan and Stipulation are in fact a form of decree. Then DOC and Medical are in violation of these conditions agreed to. And should be in contempt.

WHEREFORE, the Plaintiff, prays this honorable Court will issues his Order to find DOC and its medical dept. in contempt, Or in the alternative order DOC and medical to replace all the property and privileges they have failed to comply with. By replacing my eye glasses with photogray lens and anti glare as prescribed. And all the property taken in violations of the agreements. And to follow all the Agreed condition for all inmates.

July   8, 2009

Respectfully submitted

*Ronald Cordova*

Ronald Cordova, 57350
SCF        B-1-12
P.O.Box 6000
Sterling, Co 80751