# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number X-345
Category: Untimely Filed Claim
Claimant: Norman E. Weigand, #58767
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER COMES before the Special Master on the claim of Norman Weigand (Claimant). Claimant is serving a sentence in the Colorado Department of Corrections (DOC) and is placed at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.

Claimant filed a damage claim pursuant to Article XXXII of the Remedial. Claimant checked the boxes for mobility, hearing, and vision impairments. After review of the claim form, the Special Master issued an order on April 10, 2009 requesting additional information. Despite being granted up to and including May 11, 2009 in which to respond to the order for more information, Claimant has filed nothing further in support of his claim.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan after conducting a fairness hearing. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. A claimant may amend his claim to show discrimination after August 27, 2003, but only if the discrimination was established prior to that date.

The Special Master has carefully reviewed the claim and accompanying papers. Claimant

raises significant issues concerning the processing of his ADA accommodation application. All of Claimant's discussion in his claim form relates to what has happened in 2008-2009. There is no discussion or evidence concerning any disabilities prior to August 27, 2003. More importantly, there are no allegations nor is there any evidence of discrimination prohibited by the ADA on or before August 27, 2003. Claimant has not established any basis for further processing of this claim. There is no evidence that he was disabled on or before August 27, 2003 and the victim of discrimination before that date.

The United States Court of Appeals for the Tenth Circuit in *McNeil v. Guthrie*, 945 P.2d 1163 (10th Cir. 1991) held that *pro se* pleadings must be accepted for filing in a class action, but there can be no action on those documents except by class counsel. The court noted that "individual prisoners lack standing to individually litigate matters relating to the class action..." The Special Masters have forwarded to the assigned District Judge a report and recommendation dealing with this issue. The District Judge will rule on the issue in the near future.

To the extent that Claimant is requesting individual relief for something that has recently occurred, the Special Master will file the claim and accompanying papers. These will be held in abeyance pending resolution of the jurisdictional issue.

IT IS HEREBY ORDERED that Claimant's damage claim under Article XXXII of the Remedial Plan is dismissed for lack of jurisdiction as Claimant has failed to establish that he was disabled on or before August 27, 2003 and has failed to establish that he was the victim of discrimination on or before that date; and

IT IS FURTHER ORDERED that the claim form and accompanying documents of Claimant, to the extent that they request relief for something that has recently occurred, will be held in abeyance pending resolution of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before July 20, 2009.**

SIGNED this 22nd day of May, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master

2