IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

## CLASS COUNSELS' OBJECTION TO THE ORDERS OF THE SPECIAL MASTERS RE BRENDA MUMFORD, CHRISTINE MONTOYA, NORMAN WEIGAND AND OTHER SIMILARLY-SITUATED CLAIMANTS

---

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey and Lara E. Marks of ISAACSON ROSENBAUM, PC, hereby file this Class Counsels' Objection to the Orders of the Special Masters re Brenda Mumford, Christine Montoya, Norman Weigand and Other Similarly-Situated Claimants.

1)  This objection is filed in response to recent Orders of the Special Masters where certain claims brought by Montez Class Members have been dismissed based upon the Special Master's determination that they do not have jurisdiction to address the issues involved. Examples of these Orders will be discussed below.  As the issue of whether the Special Masters do in fact have the authority to address these matters is now pending before this

Court, it is Class counsels' position that these claims should be held in abeyance until this Court has resolved the issue of the authority of the Special Masters.

2) In response to the rising number of correspondence from inmates with disabilities received by the Court, this Court issued an Order on April 15, 2008 expanding the jurisdiction of the Special Masters ("Expansion Order").  [Doc. #3336].  (Exhibit A).  The Expansion Order states in pertinent part:

> The jurisdiction of the Special Master, Richard M. Borchers, Bruce D. Pringle and Richard C. Davidson is expanded pursuant to Fed.R.Civ.P. 53 to include referral of *pro se* pleadings and correspondence filed by individual claimants, and the Special Masters shall review the pleadings and correspondence and issue appropriate rulings on those documents…

3) The correspondence and pleadings referenced in the Expansion Order are those filed by Montez Class Members who have and continue to suffer individual damages and/or retaliation as a result of DOC's continued non-compliance with the Montez Remedial Plan.  Specific examples of damages incurred include but are not limited to those resulting from DOC's failure to properly accommodate individuals with disabilities, DOC's failure to comply with Final Orders of the Special Masters, and DOC's failure to make the programs and services offered by DOC accessible to inmates with disabilities.  Pursuant to the Expansion Order, Class counsel anticipated that the Special Masters would receive the pleadings and correspondence, *and would issue appropriate rulings on those documents*.

4) On December 16, 2008, the Special Masters submitted a Report and Recommendation, which sought guidance from the Court with respect to the nature of the powers they had to adjudicate the individual *pro se* complaints addressed in the letters from claimants to the Special Masters and to the Court.  The issues being raised by many of the Class Members are not matters that fall within the original damage claim process provided by the

Remedial Plan.  Although the Court has not yet responded to the Special Master's request for guidance, the Special Masters continue to issue Orders with respect to these *pro se* complaints and correspondence.  These Orders, however, have been inconsistent with regard to how these issues are being resolved, some of which are summarily dismissed while others are being held in abeyance.

5) On March 5, 2009, an Order was issued by Judge Arguello requesting the position of counsel for the Class on this issue.  [Doc. #3839].  Counsel for the Class filed its Position Statement on April 27, 2009, which stated that pursuant to the plain language of the Expansion Order, the Special Masters have authority to adjudicate the *pro se* complaints addressed by the Class Members.  [Doc. #3939].

6) In its Position Statement, Class counsel discussed four categories of claimants seeking relief for individual damages:

> (1) Claimants that filed claims for damages sustained prior to August 27, 2003 but who continue to incur damages as a result of DOC's non-compliance with the Remedial Plan;

> (2) Claimants that filed claims for damages sustained prior to August 27, 2003 but who continue to incur damages as a result of DOC's failure to comply with the "Final Orders" of the Special Masters;

> (3) Inmates in DOC custody prior to August 27, 2003 that did not file damage claim forms pursuant to the process set forth by the Remedial Plan, but whom are experiencing current discrimination based on their disability; and

> (4) Inmates not in DOC custody prior to August 27, 2003 and/or those that were in DOC but not disabled prior to that date but whom are currently disabled and experiencing discrimination by DOC.

7) Recent Orders of the Special Masters reveal inconsistent rulings with respect to the issues discussed above.  A sample of these orders follows:

a.  Final Order of Special Master regarding Claimant Brenda Mumford.  [Doc.
#3973].  (Exhibit B).  Ms. Mumford has osteoporosis and rheumatoid arthritis and
was diagnosed with osteopenia in 2004.  Ms. Mumford is in the third category of
claimants described in paragraph 6 above - those that were in DOC custody prior
to August 27, 2003 that did not file damage claim form but who are experiencing
current discrimination based on their disability.  The Special Master dismissed all
of Ms. Mumford's claims, finding that her disability did not arise prior to August
27, 2003.[1]

b.  Order of Dismissal of Special Master regarding Claimant Christine Montoya [Doc.
# 3981].  (Exhibit C).  Ms. Montoya also falls into the third category of claimants
described in paragraph 6 above.  Like Ms. Mumford, Ms. Montoya's claims were
dismissed for "lack of jurisdiction" by the Special Master because she did not
establish that she was mobility impaired on or before August 27, 2003.  The
Special Master acknowledged Ms. Montoya as having a mobility impairment,
which arose in March of 2004, and her description of damages sustained as a result
of DOC failing to accommodate her disability.  However, the Special Master
dismissed her claim for lack of jurisdiction for the same reason stated above.

---

[1] In so doing, the Special Master also erroneously stated that because Ms. Mumford was not a "mobility disabled person…during the period of time covered by the plan" she is "not able to qualify as a member of the Montez class. Clearly, however, whether Ms. Mumford was initially allowed to file a claim in the damage claim process is indeed separate and distinct from whether she is a Class Member covered by the Remedial Plan.  Regardless of whether this Court determines she qualifies to assert a damage claim in this case, as a mobility impaired individual, she would be a Montez Class Member and is entitled to all the other protections of the Remedial Plan.  The conflation of these two concepts is important to distinguish as DOC has used the Special Master's Orders to deny inmates with disabilities protections of the Remedial Plan based on whether they qualified as such under the damage claim process.  Although Ms. Mumford's disability determination under the new criteria is pending, prior to March of 2009, DOC denied Ms. Mumford as a qualified inmate with a disability.

c.  Order of Dismissal of Special Master regarding Claimant Norman E. Weigand. [Doc. #3982].  (Exhibit D).  Mr. Weigand also falls into the third category of claimants identified in paragraph 6 above.  Here, the Special Master dismissed Mr. Weigand's claims under the Remedial Plan, again finding that he was not disabled on or before August 27, 2003.  In contrast to Ms. Montoya, however, the Special Master noted that he was not dismissing Mr. Weigand's claims "to the extent that [he] request[s] relief for something that has recently occurred" and ruled that these claims would be held in abeyance pending resolution of the Special Master's authority.

d.  Final Order of Special Master regarding claimant Matthew T. Redmon.  [Doc. #3790].  (Exhibit E).  Mr. Redmon falls into the fourth category of claimants as identified in paragraph 6.  Mr. Redmon, who is hearing disabled, came into DOC in 2008 and has since experienced discrimination by DOC on the basis of his disability.  Unlike the three other Claimants discussed above, the Special Master did not dismiss Mr. Redmon's claims for individual relief, rather, he ordered his claims be held in abeyance pending resolution of the jurisdictional issue by the Court.[2]

8)  It is Class counsels' understanding that the above sample of issues raised by Class Members are the types of claims and issues that were intended to be addressed by the Special Masters pursuant to the Expansion Order issued by the Court.  Undersigned counsel will not attempt to recite all of the similar claims that have been dismissed in similar instances as they are numerous.  However, as the Special Masters have issued

_____

[2] Counsel for the Class does not object to the Order of the Special Master regarding Mr. Redmon.  The Order is referenced to show the inconsistent Orders the Special Masters have issued with respect to individual claims for relief.

inconsistent Orders in response to these types of claims, and as the parameters of the Expansion Order are currently pending before the Court, Class counsel respectfully objects to the Orders of the Special Master regarding Ms. Mumford, Ms. Montoya, Mr. Weigand and other similarly-situated Claimants to the extent that they dismiss their claims on "jurisdictional" grounds, and request that all such claims be held in abeyance until the Court has ruled on these pending issues.

9) <u>Rule 7.1 Compliance</u>.  Counsel for Defendants, James Quinn, has informed undersigned counsel that the Defendants oppose this Objection.

Respectfully submitted this 23rd day of July 2009.


KING & GREISEN, LLP

*/s/ Jennifer W. Riddle*
Jennifer W. Riddle
Paula Greisen
1670 York St.
Denver, CO 80206
riddle@kinggreisen.com
greisen@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 23rd day of July, I electronically filed the foregoing CLASS COUNSELS' OBJECTION TO ORDER OF SPECIAL MASTER RE BRENDA MUMFORD, CHRISTINE MONTOYA, NORMAN WEIGAND AND OTHER SIMILARLY-SITUATED CLAIMANTS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

*/s Laurie Mool*

I, the undersigned, hereby certify that on the 23rd day of July, I sent the foregoing CLASS COUNSELS' OBJECTION TO ORDER OF SPECIAL MASTER RE BRENDA MUMFORD, CHRISTINE MONTOYA, NORMAN WEIGAND AND OTHER SIMILARLY-SITUATED CLAIMANTS to the following e-mail address:

Richard M. Borchers, Special Master
dborchers@legalres.com

*/s Laurie Mool*