IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

---

Claim Number 03-460
Category III
Claimant: David C. Owens, #2387
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## ORDER OF SPECIAL MASTER

---

      THIS MATTER comes before the Special Master on the motion of Claimant requesting return of money withheld from his award. Defendants have filed a response to the motion. Claimant was granted up to and including August 3, 2009 in which to file a reply to the response of Defendants. Claimant has filed nothing further.

      Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. The claim was assigned to Category III, which granted Claimant the right to have a hearing. The hearing was held at the Ft. Lyon Correctional Facility (FLCF) in Ft. Lyon, Colorado on December 29, 2008. After the hearing was held, the Special Master took the case under advisement. A final order was issued on January 9, 2009, and Claimant was determined to be a member of the class as a diabetic. It was further determined that Claimant was vision impaired in the past due to cataracts, but not at the time of the hearing. Claimant was awarded $200.00 as damages for discrimination that occurred in the late 1990's due to his vision impairment.

      Claimant filed a motion to compel payment of the $200.00. Defendants responded and indicated that Claimant had received his money, less 20% for restitution and court costs. Claimant then filed a motion asking for payment of the 20% deduction, as believed that no deduction should have been taken by DOC officials. Defendants have responded to the second motion concerning the deduction.

      The documents submitted by Defendants reflect that the district court ordered payment of

restitution and court costs. There is little question that these amounts have not been paid in full. Claimant would be obligated to pay restitution and court costs, even if in a community setting or on probation.

The Colorado General Assembly has provided that any defendant sentenced to the Colorado Department of Corrections must pay restitution, court costs, and surcharges. *C.R.S. §16-18.5-106.* This statute provides that a minimum of 20% must be deducted for court-ordered costs and restitution from any funds received by an inmate. This statute is applicable to individuals who may have been charged before 2000 but who owed money at the time of implementation of the statute. *People v. Lowe,* 60 P.3d 753 (Colo.App.2002). Nothing has been presented that would preclude the deduction mandated by *C.R.S. §16-18.5-106.* Nothing has been presented that would allow damage amounts ordered pursuant to Article XXXII to be treated differently from other moneys placed into an inmate account. Claimant's motion cannot be granted.

IT IS HEREBY ORDERED that Claimant's motion to require payment of his full award with no deductions is denied; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 13, 2009.**

SIGNED this 21st day of August, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master