IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL OWENS, et al.

      Defendants.

_____

Claim Number X-370
Category: Untimely Filed Claim
Claimant: James M. Bertolo, #142464
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER

_____

THIS MATTER comes before the Special Master on the letters of James Bertolo(Claimant). Claimant is in the custody of the Colorado Department of Corrections and has been placed at FLCF in Ft. Lyon, Colorado.

Prior to receipt of his first letter, Claimant had not filed a claim pursuant to Article XXXII of the Remedial Plan. He requested a claim form. In response to an order from the Special Master, Claimant states that he did not receive a claim form and information sheet. Those will be provided to him.

In his second letter, dated August 13, 2009, Claimant indicates that he has been in DOC custody since August 2008. In response to a previous question from the Special Master, Claimant alleges that he has been discriminated against in violation of the ADA since his arrival into DOC custody. He further states that he has been disabled since 1991.

The DOC Inmate Locator reflects that Claimant was sentenced on July 18, 2008. Claimant came into DOC custody for the first time shortly after his sentencing.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement

between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant came into DOC custody in August 2008. The Special Master has no jurisdiction over the damage claim filed pursuant to Article XXXII of the Remedial Plan.

Claimant is seeking help concerning an issue that has arisen after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved fully, and no action can be taken on anything that has recently occurred. There is some question as to whether Claimant would be a member of the class. The documents filed by Claimant will be treated as a request for relief for something that has recently occurred. These documents will be held in abeyance pending final resolution of the jurisdictional issue by the assigned District Judge.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a damage claim under Article XXXII of the Remedial Plan, is dismissed for lack of jurisdiction, as Claimant came into DOC custody after August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's request for help for what has occurred while in custody of the Colorado Department of Corrections will be held in abeyance; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 26, 2009.**

SIGNED this 21st day of August, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master