THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-0870 JLK

JESSE MONTEZ et. al as representatives of them-
selves and all others simularly situated.
Plaintiff,

v.

BILL RITTER, et. al
Defendant.

Claim Number: 03-459
Category III

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 04 2009

GREGORY C. LANGHAM
CLERK

Claimant: JOHN NASIOUS #98775
Address of Claimant: SCF P.O. Box 6000
Sterling Co. 80751

BRIEF IN SUPPORT
OF CLAIMENTS OBJECTION
TO ORDER OF SPECIAL MASTER.

Comes now Claimant John Nasious,
Pro se and presents this Brief in support
to the Honorable Court, to the Objection of
the Special Masters. . . . Patient Nasious
has been abused by the CDOC under his
ADA protected rights, and the U.S. District
Court can not turn a blind eye...

Herein the claimant is refered as
"Plaintiff" and "Defendants" shall be reffered
as "Colorado Defendants".

(* Please note that the Colorado State Board of
Parole has Recommended that I go to the Cheyanne
MT. Re-Entry Program. in 8-17-09... But also is Holding
the Disciplinary Infractions Against me.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

      28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    _____ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    Title II of The ADA 42 U.SC 12101 and the Rehabilitation Act 29 USC 794,
    and 18 U.S.C. §§ 241 and 2340(A.)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

The obstruction of Justice is a daily matter at the Sterling Correctional Facility. This Complaint challenges various conditions of confinement at the Sterling Correctional Facility and CDOC, and there are questions of Law and fact. Common to the Plaintiff, including whether the Defendants have violated the First, Eighth and Fourteenth Amendments to the United States Constitution and violations of Title II of the ADA & 42 U.SC 12101 and the Rehabilitation Act 29 USC 794.

There have been numerous claims in prior lawsuits involving similar issues about Sterling Correctional Facility and CDOC.

The totality of Conditions of which Defendants preside are incompatible with contemporary decency standards and result in unnecessary and wanton infliction of pain. By depriving Plaintiff of such basic human needs as adequate shelter and indigent funds for hygiene items, ~~personal hygiene items~~, and medical and mental healthcare. Defendants are violating Plaintiff's rights to be free from cruel and unusual punishment as Prescribed by the Eighth Amendment of the United States Constitution.

There is defective administrative management, arbitrary policies and regulations, security crisis, untrained Corrupt and violent staff, forced idleness by collective punishment by prison officials.

Recently the the U.S. Supreme Court has held that States

(Rev. 1/30/07) can be held liable under Title II of the ADA for failing to enforce these laws. This has happened to Nasious ne Plaintiff in this Case, he has been discriminated, harrased and retaliated by Defendants from CDOC. Due to his

disabilities.

I have informed all Defendants, of the conditions I complain of because I have informed each defendant of these conditions. These named defendants have violated my rights to equal protection due process and to be free from cruel and unusual punishment. from 1999 - September 28, 2006 to Present, from Denver Reception Diagnostic Center, to, C.T.C.F., to A.V.C.F, to SCF.

Plaintiff Contends, P.A. Chamjock, P.A. Webster P.A Stock are not qualified to conduct any kind of ADA evaluation. All CDOC medical staff are trained By Dr. Paula Frantz Chief Medical officer to Deny much care and treatment to save cost for the contracted provider.

· Plaintiff has recievied two Code of Penal Discipline write-ups. Lost good time / earned Time, and taken out of a Theraputic Community Program, due to retalitory Acts, by Defendants herein.

As A matter of Fact all defendants have impeded or delayed / discouraged and deliberately discriminated against Plaintiff, getting minimum care of treatment for the past 4 years in Colorado Department of Corrections.

Plaintiff has filed grievance after grievance just to get denied and confronted with barriers of bereaucracy for proper treatment.

He has had his Medical Records Sanitized by Nurse's cancelling Doctors orders, and giving him medications he is allergic to. Violations of federal Laws and Nurse Practice Act. And Medical maltreatment.

Plaintiffs incarceration Dates September Sept 1999 to 26, 2006 to present August 2009, and cont.....

Abuse of the Captive Patient by CDOC and the Utilization Committe P.H.P.

This Court has jurisdiction pursuant to the United States Constitution to include but not limited to Amendments First, Fourth, Fifth, Eighth, and fourteenth; and the Colorado Constitution Art. II § 3, 7, and 25 but not limited to and the Colorado Rules of Civil Procedure.

~~[illegible struck-through text]~~

Plaintiff has been subject to a unnecessary, wanton and maliciously inflicted pain and suffering and humiliation I endured while en carcerated at Colorado Department of Corrections during the year 2006 to present.

ON November 7, 2009 I and over 30 inmates at the reception and Diagnostic Center, while I was away from SCF on a Medical Trip, were forced to strip, completely naked by the Defendants (not Known by Name at this time) and preform a degrading and inhumane body cavity search, 5 or 6 inmates per cell in front of many witnesses of both sexes and private prison employees.

Plaintiff states that he has suffered retaliation from Defendants in this complaint for the filing of grievances, and discrimination due to his Epilepsy, migraine Disorder, and Spinal Stenosis, Degenerative Disc Disease. And the Being taken out of the Therapeutic Community Program, Denial of going Back.

Plaintiff challenges the constitutional Right of Advocating COPD charge in this Complaint. Plaintiff alleges that defendants violated Plaintiffs rights to be free from cruel and unusual punishment by exibiting a state of indifference to medical needs of Plaintiff and acting with deliberate indifference to these needs. from September 28, 2006 to present.

This will be explained in the Complaint. Defendants failed to follow Pre-Scribed Medical treatment. Plaintiff has a Certificate of Review from Neurologist, to Confirm his Epilepsy and Migraine Disorder.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.  Claim One: _Violation of my 8th Amendment of the U.S. Const Rights_

    Supporting Facts:

    Under findings of facts Special Masters Davidson Found that Plaintiff Nasious was injured in 1999 when he fell in a Prison Kitchen and injured his head neck and back. He began to have severe headaches and occasional seizures following the Fall, Findings of Fact Dec. 18, 2009

    Plaintiff Nasious has epilepsy "Seizure disorder" and migraine disease and spinal stenosis, Degenerative Disc Disease, The ADA also protects individuals with Cerebral palsy, multiple sclerosis, epilepsy, muscular dystrophy, Cancer, heart disease, and diabetes from discrimination.

    On 9/29/2006 at the Colorado Department of Corrections Reception Diagnostic Center Nurse Martha Mueller APRN-BC, violated my 8th Amendment Rights under the U.S. Constitution. Defendant, Mueller was at at all times relevant herein employed for the CDOC in the medical field at D.R.O.C Intake, where Defendant Mueller provider Plaintiff with a cursory medical exam, and took away all his medical Restrictions, and attempted to change his Seizure medication TOPAMAX without Physician Approval due to his medication being NON-FORMULARY.

    Plaintiff informed Nurse Mueller that he also was Allergic to Zomig and he needed Imitrex for his migraine Disease, Nurse mueller got angry and Plaintiff told he to contact Dr. Singh.

    Nurse mueller informed Nasious he would be scheduled for a Consult with Dr. Fisher for his spinal stenosis, Degenerate Disc Disease. Nasious had informed Nurse Mueller that he was an ADA inmate and he needed the Bottom Bunk, low tier Restrictions, Due to the malfaesance of the Intake at DRDC. Plaintiff has suffered _discrimination_ ever since, By CDOC Medical STAFF (Defendants). And this has put his life in harms WAY.

    The Federal American with Disabilities Act (ADA) ~~covers~~ makes it illegal to discriminate against Someone with a disability. This Lawsuit affects Companies with 15 or more employees.

(Rev. 1/30/07)

    1.) Colorado Department of Corrections STATE of Colorado
    2.) Physician Health Partners

Why NAsious is covered by the ADA.

NAsious has documented history of his (seizure disorder) epilepsy. and Migraine Disease. and spinal stenosis/Degenerative Disc. Disease. In order to be Covered by ADA, an individual with a disability. The definition was taken from the Rehabilitation Act of 1973, which prohibits employment, discriminates against individuals with handicaps by the Federal goverment, and those employers who hold Federal contracts or recieve Federal funds (Financial Assistance.)

The definition of a disability is defined As an individual who has, 1.) A physical or a mental impairment that substantially limits one or more of the major life activities of an individual, 2.) A record of such an impairment or 3.) being reguarded as having such an impairment.

Plaintiff's Epilepsy is a physiological disorder affecting the neurological system, Persons with a seizure disorder therefore have a disability which falls with-in the first standerd of the definition.

Additionally under the Rehabilitation Act. individuals like NAsious with Epilepsy have been held to a

CITY AND COUNTY OF DENVER
DENVER SHERIFF DEPARTMENT / COUNTY JAIL INFIRMARY

# RECOMMENDATIONS FOR CLASSIFICATION

INMATE NAME ___Nasious John___

BOOK # ___1439223___

It is recommended that

be housed with the following considerations:

BOTTOM BUNK ......................................... ☐ Medically Required      ☐ Inmate Request

BOTTOM TIER (NO STAIRS) ...................... X

OTHER ...................................................

REASON: ___E. Smith___

Recommending Staff Member: ___[signature]___

SIGNATURE ___[signature]___      DATE ___4/25/05___

Review of Status Due: ___When cleared by medical___

CC:      Inmate Medical File
         Operations

CJ99 (4/85)      ** Original to Inmate
                    Legal File

physical or mental impairment that substantially limits one or more major life activities, This Applies to Nasious Migraine Disease and Spinal Stenosis and Degenerative Disc Disease.

In addition Congress made it clear in ADA's legislative history that "whether a person has a disability should be assessed without reguard to the availability of mitigating measures, such as reasonable accomodation or auxilary aids." Congress specifically recognized that individuals with epilepsy have a disability which substantially limits a major life activity even when the effects of the impairment are controlled by the medication.

On July 31, 2008 Plaintiff filed a Complaint to the State Board of Medical Examiners on Defendants :

Joseph G. Fortunato D.O.

Teddy L. Laurence P.A.

Jo Ann Stock P.A.

Joseph J. Wermers M.D.

Paula J. Frantz M.D.

Tejinder Singh P.A.

Brian R. Webster P.A.

These above named Defendants have violated the Medical Practice

ACT. And each one has subjected Plaintiff to Repeated exampmles of negligent ACTS which disclose A PAttern of Conduct... which Constitutes Diliberate indifference under the 8th Amendment. They have all been aware of their Actions Knowingly and thru the Grievance Process,

The Above Defendants have failed as State Employess of The State of Colorado, to provide Plaintiff with his bottom bunk, bottom tier restrictions, since 9/28/06, and do not recognize his epilepsy according to Public LAW 93-112 93 Congress HR 8070 Sept, 26 1973,

They have discriminated against NASious by forcing him to sleep on a Top Bunk and being on top tiers, in fear of his life, Due to his epilepsy.

CDOC has forced NASious to Work in JOB Positions to where he is subjected to where his injuries affect his job.

1.) Heavy Lifting   2.) Standing for over 2Hrs on my feet.

On March 1, 2006 the Sterling Correctional Facility in order to cut operating costs, stopped night-time medication dispensing. Also leaving a facility of approximately 2500 inmates with no Medical STAFF from 8:00pm - 6:00 Am

Being concerned with cost constraints, rather than provide 24 hour medical Services due to roles of profit, amounts to deliberate indifference.

"Deliberate Indifference" "The careful preservation of ones ignorance dispite awareness of circumstances that would put a reasonable person on notice of fact essential to a crime (BLACKS LAW Dictionary Second Pocket Edition) copyright 1996 West Publishing. "Prison OFFicials are with Deliberate indifference When they ignore obvious and serious danger."

SCF medical Department, are not giving Plaintiff the Imitrex, when he has Migraines at night time at 2:00 Am - 7:00 Am

But other inmates have Access to Zomig in their cells; and this is A Form of Discrimination, Plaintiff Can not help he is allergic to the Drug Zomig. This is a form of a retalitory Act.

I am currently unable to enjoy equal job opportunities with-in the Sterling Correctional Facility with out fear of Being punished with a COPD violation.

Plaintiff experiences fatigue from his medications and tires real easily at times, And when he has migraines, he needs to lay-in or lay down, But Clinical services refuces to Accomodate his medical needs, they have punished him, for seeking Medical care, and are still retaliating retaliating against him to date.

After standing on his feet in the laundry where he works Nasious sutters severe pain in his BACK and right Knee and then has problems walking and lifting.

Defendant Barry Goldsmith M.D. on 9/17/08 informed me during a medical visit, that he would give me an appointment with a neurologist for an ENT and would do a Non-Formulary request for my Imitrex prescription. Then After he lied to me, he had C/O SALAS Valdez triage me by the way I walked into the infirmary,

I attempted to explain my seizure disorder and other issues, and everything I informed him feel on deaf ears,

He refused to read my Medical files, Defendant Dr. Joseph Fortunato. on 9-11-08 was high as a kite on pain medication when I went to his office. I only attempted to obtain relief from my Medical Disabilities, And he read me the riot Act. He refused to look in my file for my documentation for my allergies to Zomig. And would not awknowleye my Seizure Disorder and refused to read my medical file, or examine me and informed me that I needed to provide him with the information in my file. I informed him I am the patient, he's the Doctor, and he has access to my files, I'm having Severe medical issues and he simply ignored my requests for relief. Dr. Kakkar, in 2002, did not note in the medical file that Dr. Singh was making me take Imitrex at medline BID, whether I had a migraine or not, which I then asked him what type of damage did this do to my Brain? I didn't abuse the Imitrex, the SCF medical Dept, had me taking the medication the wrong dosage, at medline.

Defendant Dr. Joseph Fortunado also informed Nasious that the Imitrex was too, expensive as a non-formulary medication and that he would never get it.

Defendant P.A. Jo Ann Stock has abused Patient/Plaintiff John Nasious for years dues to retalitory ACTS from past Grievances, an holds grudges. and feels strongly that when Nasious seeks Imitrex from her as abortative relief medication that she feels strongly that this is drug-seeking behavior, at its best, well, if she was any sort of A medical professional she would know imitrex is a Non-Narcatic medication, And due to her rogue combatative malicious, medical maltreatment, P.A. Stock on 8/4/08 — states that I was taking Darvocet-N-100 4X Daily in May. This is not true. She lies, An inmate at Sterling Can not obtain medicine at SCF 4X daily, pull the records. She even wrote the prescription one tablet 4 times daily.... Then look back to her reply to a grievance from the year 2002, at best she screams at me " Get Out of my office, And states your treatment is Appropriate while I wallow in pain and suffering. I informed her about my seizure disorder, She didn't care.

Cathie Holst the A I C / ADA Coordinator for CDOC is not Certified or a Specialist in ADA, She does not have any training to make the decisions she has been making. She has informed me that I do not have a qualifying disability pursuant to the mandates of the Americans with Disabilities/Rehabilitation Act (ADA), therefore I am not entitled to Accomodations. Between the Cheif Medical Examiner Dr Paula Fruntz and Cathy Holst 7/31/07 they have Conspired and put my Life in harms way, by discriminating against my being Epileptic and denying me accomodations. and accommodations for my migraine head aches, disorder. which has caused me undue hard-ships,

Due to the fact the CDOC Clinical Services states that I can only have migraine head aches Between 7:00 Am and 10:pm 1 day a week every 6 days,

They are failing to follow the prescribed medical orders of the Neurologist.

Who has explained this to Dr. Singh, in January 2006; By telephone of the proper dosage, once Again, the Medical Defendants refuse to listen at SCF.

P.A. Webster, refused to listen, only until I reported his Actions to the STATE Board of Medical Examiners, did I STArt to get Medical attention.

Then I got retalitory treatment, and got A COPD Conviction, when I had a severe migraine episode w/o Any medical treatment, or abortative therapy, because my Medical Records were SAnitized, in my files, I was to return to the Denver Health Neurologist, in 6 months time for another follow-up. But CDOC Clinical Services Defendants Dr. Werner, P.A Singh, P.A. TED LAWRENCE, P.A. STOCK, P.A WEBSTER, DR. FORTUNADO, DR. Goldsmith made me Suffer from 2006 until 2009 with out the follow up, and without Any migraine medication.

making me suffer like a dog in a cage. Trying to give me Zomig, A medication that could Kill me.

And no one would listen, And even Know after the Neurologist has documented my file, it is not listed in the Computer.

P.A. Singh defendant refused to provide me with proper medical treatment, because I was sick with a migraine, and I wanted a Bottom Bunk, Bottom Tier restriction at A.V.C.F. on 8/31/07.

He states that my medical treatment will not be changed due to threats. He was yelling at me, because I turned a complaint in to the State Board of Dental Examiners on the A.V.C.F. Dentist.

He wrote this in his Grievance reply. 9/17/07. Grievance # CAVO7/08-068 —

Ted Lawrance P.A. at AVCF. also, refused to read my medical Files and not give me my migraine medication nor treat my chronic BACK pain,

And discriminated

Plaintiff had a serious medical need. The defendants, acting together or individually, showed a clear deliberate indifference to serious medical need and due to acts of maltreatment and excessive punishment, retributive punishment.

The fact that it is natural to hate a criminal dose not prove that retributive punishment is justified.

Defendants conduct violated the 8th Amendment right to the United States Constitution.

Dr. Fisher testified on December 28, 2009 to Special masters Judge Davidson that Nasious has a diffuse degenerative joint in the lower back and would require surgery.

P.A. Chamjock informs Nasious he is in stable condition on 7/22/09, after an X-ray. Nasious is in severe pain. He has been denied any treatment. He was given minimal attention and the P.A. told him he would need surgery as a last result. Nasious told him, the mild medication doesn't relieve his pain, And the P.A. offered to give him Psych Meds. Nasious informed him he has P.T.S.D. due to medical maltreatment and is in Psycmeds

Plaintiff has continued to seek medical treatment and attention due to severe BACK pain but is continually refused.

On October 28, 2009 Nasious went to Medical and it was an emergency visit at SCF. Nasious was in the T.C. Program, and was doing well.

He had been very ill, and had been tramatizied in pain, P.A. Webster refused to see him, and refused him any pain relief, or a medical layin. Then he put him on a liquid Diet.

Plaintiff was upset beyond himself delirious in pain, he stated that he needed to see the Shift Commander in order to obtain proper medical treatment.

C/O Saint Martin came and paniced and Nasious was handcuffed, and taken to the Shift Commander Capt. Weingarat to where he explained what his situation was, Major Johnson was there. They decided Nasious was in the wrong for attempting to obtain proper medical care and regressed him to the West side. Out of

First Amendment retaliation when Nasious was deathly ill an was speaking about prison conditions.

which is unlawful. This retalitory punishment, placed Nasious in a high security setting in retaliation by Complaing about Prison Conditions, and about the Complaint he had filed against the Medical Defendants to the Medical BOARD.

Plaintiff was taken to Unit #1 then processed to Unit 4. Then 4hrs later, taken Back to Unit 1 and put in RFP (removal from Population).

Major Johnson and Captain Weingardt and P.A. Webster conspired and punished Nasious, for standing up for his Constitutional Rights, He was No making a facility Disruption. He was very sick, and needed medical treatment... These Defendants gave Nasious a cursory Diagnosis, and Convicted him of COPP Convictions w/o a hearing.

Nasious now needs a cane to decrease pain and weight bearing on the lower back when he walks, when he is on his feet for long hours working in the laundry.

Under Title II Public Services
Subtitle A- Prohibition Against
Discrimination and Generally Applicable
Provisions
  Sec. 202 Discrimination
Subject to the provisions of this
title, no qualified individual with a disability
be excluded from participation in or be
denied the benefits of the services of
a public entity, or be subjected to
discrimination by any such entity, or be
subject to discrimination by any such entity.
  NASious has been denied enforcement of
sec. 203 42 U.S.C. 12133 by the Special
Masters, State of Colorado, CDOC,
  NASious needs a special mattress
for his BACK to sleep on.
  (refused to accomodate)
NASIOUS needs a TENZ unit.
  (refused to accomodate)
  NASious needs a Knee Brace)
    refused to accomodate.
  NASious needs a back support brace
    refused to accomodate.
  NASiouse needs orthopedic shoes.
    refused to accomodate,

Nasious requests the following
restrictions ordered By Dr. Philbin
be re-written.
   1.) First tier Housing  Required
   2.) Lower Bunk.
   3.) No Vigorous Exercise.
   4.) No Intensive LABOR.
   5.) No Heavy Lifting -
   6.) NO Assignment where loss of consciousness
would be Hazerdous.
   The CDoc's Utilization Committe.
PHP, Dr. Stephen Kreibs, once stated that
once I have exausted all forms of
Conservative therapy treatment, they will
provide the required surgery.
      Medical records and the Opinions
of Specialists (not P.A's) support the
fact that I am substentially limited in the
major life activity of walking, due to Severe
pain in my BACK and legs. And my epilepsy
and migraine disease.
      The CDOC's PHP's STAFF of hiding
my Medical records from 2006 to
present, first Line of Defense "Utilization
Committee." to review the Necessity
and appropriateness of requested
remedies to me.

In their eagerness to save a dime the Committe denies requested remedies to me, causing me to endure years of severe physical pain and mental suffering. This humiliating treatment used by the utilization Committe to save a dime is indistinguishable for torture.

In the Utilizations Committees attempt to cut health care expenses they have found themselves practicing ~~medicine~~ "Corporate medicine" without a license. Sterling Correctional Facility State of Colorado. Defendants have made me go 5 days with out my seizure medication, in this time I had a seizure and I was refused access to medical care. in January 22, 2009.

Under United States Vi Georgia et al. I believe I am entitled monetary damamages.

on 4-1-09 Nurse Nancy White has denied me access to my Imitrex medication for no valid reason. When it is ordered by the physician. She overides the orders on her whim - subjecting me to such deprivations by either malice or reckless disregard to my rights as a patient.

On- 3-18-09 - Failure to follow my Prescribed medical treatment. Officer Sgt Ladd culled the Medical Department as I have been instructed to request my Imitrex medication. But due to Clo Johnson, (Regina), triaging my medical needs without a histense, I was denied access to my Prescribed medical treatment and was discriminated against. She refused to let Sgt Ladd speak to the charge Nurse Julie the second time that he called. This Constitutes malpractice, misconduct, and malfuesance, Causing me duress and pain and harm. This is a retalitory Act, it can be nothing else, Discrimination at best.

Title II of the ADA Validly abrogates State Sovereign immunity with the respect of the claims herein.

8th Amendment Conduct also violates Title II of the ADA, the deliberate refusal of Prison Officials to Accomodate disability related needs of NASious in such fundamentals as mobility hygiene, Medical care and virtually all other prison programs, Constitution- al, " exclusion from participation in or denial of the benefits of the prisoners services, Programs or activities 42 U.SC 12132.

Therefore Plaintiffs claims for money damages against the State of Colorado under Title II are evidently based at least in large part on conduct that independently violated the provisions of the § 1 of the 14 Amendment see Louisiana ex rel. Francais v. Resweber, 329, U.S. 459, 463, 1947, ( the Due Process Clause of the fourteenth Amendment, incorporates the Eighth Amendments gurantee against cruel and unusual punishment. Ku Klux KLAN Act of April 20, 1871 Stat 13.

The prohibitions of the fourteenth Amendment are directed to the States,

It is in these which Congress is empowed to enforce. This enforcement power includes the power to abrogate State Sovereign immunity by authorizing private suites for damages against the States.

Thus Title II validity abrogates Soveign immunity in the Prison Context.

Defendants Adrienne Jacobson, Cathie Holst have been made aware of Plaintiffs, ADA Disabilities and have choosen to ignore the issues, and make-up their own versions of the AMERICAN Disabilities Act.

Along with Defendant Dr Paula Frantz and Dr. Joseph Wormers. Who gave Plaintiff a cursury ADA screening on June 27, 2007 at LA,V,C,Fi, aND litely lelf Plaintiff misdiagnosed, and refered to Dr. Hughes the Head of Denver Health Neurology Dept, as an Intern- Student. That his Diagnosis of Plaintiff had no medical value. During this examine Dr. Welmer smelled like he had just had 2 vodka martinis.

Defendants Jacobson and Holst, say I never asked for A sreening for my epilepsy / seizure disorder, But I can prove otherwise.

P. A Singh at AVCF, would not treat me, for any of my medical needs due to me telling him, I would contact the Medical Board. He put this in writing on A Grievance. These actions of these defendants have caused me.

substantial pain and emotional stress, and caused me to suffer Post Trumatic Stress disorder.

It should be noted herein that all times relevent herein the defendant's were acting under the color of state law, acting in their official and individual capacities

There is no question that Plaintiff is presently mobility impaired. That this is a result from the fall that occured in 1999.

Plaintiff was able to run and get around before the fall. Since the fall his injuries commenced and he can not lift, he cannot do vigorous work he is not at 100% of his capabilities. and the victim of Discrimination and Abuse of the captive patient. from 99- Present. and will continue to be while under the care of CDOC Dr. Paula Frantz et. CDOC, is Killing me a slow death by neglect. And then threatened by COPD convictions, when seeking proper Medical care...

<u>The Defendants</u>  Martha Mueller RN on 9/28/09, Brian Webster P.A. on 7/2/08, Ted Lawrence P.A., Paula Frantz md, P.A. Tejender Singh, Dr. Joseph Wermer, Kathy Holst, Andria Jacobson, P.A Stock, Dr. Goldsmith, Dr. Fortunado failed to follow the prescribed Medical treatment to Plaintiffs serious Medical needs, Causing Nasious unnecessary and wanton infliction of pain, proscribed by the 8th Amendment.

And this includes indifference manifested By Dr. Paula Frantz, and Dr. Wermers to Cover-up my ADA needs, and Nurse Nancy white and CO Regina Johnsons, Lt Lawson, Sgt. Limbris, Co Tipton in intentionally denying or delaying access to Medical care or intentionally interfering with Nasious treatment once prescribed.

Nasious has been discriminated and tortured by CDOC because of his disability. And his request for accomodations denied because his disability,

Respectfully s

John Nasious                    August 7, 2009

FIRST, Fourth, Fifth and Fourteenth

2.  Claim Two:  And Eigth Amendments.

Supporting Facts:

On 10/29/08 - I went to the Medical Department for the 2nd day in a Row suffering from a Migrain, I was denied a Medical Lay-in and my Imitrex Medication.

I asked to see the shift Commander. I ended up getting a COPD (2) Convictions for seeking to get Medical care Due to my disability my migraine Disorder, and my Seizure Disorder.

The CO St Martin gave false information on the Notice of Charges

I was not attempting to interfere with the normal operations of the facility. I was not attempting to interfere with the Duties of the Medical Department, I was Seeking help for my Severe impairment.

The twisting, wrenching and jerking of Nasious arms and wrists by the Defendant C/o martin were entirely unjustified by any actions of Nasious and Constituted An unnecessary and excessive force.

The alleged actions also deprived Nasious of the following rights under Colorado and U.S. Constitutions.

* Freedom from the use of excessive force and unreasonable force
* freedom from the depravation of Liberty with-out due process of the law.

Plaintiff was in the therapeutic Community and due to this incident COPD convictions he went from 13 points to 32 points.

When Nasicus was taken to Shift Commander Captain Weingardt and major Johnson who both in turn did a Cursory diagnosis on Nasious and decided he was not, ill, with out any Medical Liscence or Knowlege....

These two Defendants took it upon themselves to instal "corporal Punishment" upon Nasious instead of giving him the Medical treatment he needed. All this Due to the Deliberate refusal of Prison Officials to Accomodate my disability needs in such fundamentals as mobility, hygiene, medical Care and virtually all other prison programs constituted

(Rev. 1/30/07)  "exclusion from participation in or denied Benefits of the Prisons Services, Programs or Activities. under Title II of the ADA...

Captain Weingardt, Major Johnson, ordered Nasious removed from the EAST FACILITY unit 25, the T.C. Program and placed him in Unit one.

Then nasious was reclassified and sent to unit 4, This whole time Nasious was denied proper treatment and medication for the severe migraine and debilitating pain associated with it.

The plaintiff at this point continued to suffer pain without relief and constant pleas for medical attention.

P.A. Webster refused to see Plaintiff gave the P.A. refused plaintiff medical Treatment.

As a result plaintiff then was taken out of unit 4 to Segregation. By this point Nasious was delirious in pain.

Around November 1, 2009 Nasious was taken to D.R.D.C on a medical trip to Denver Health, to see a Neurologist for a Consultation.

Plaintiff should have been to this appointment 2 years prior, but due to the defendants discriminating and deliberate indiference delaying Plaintiffs medical Care. This Did not occur.

On October 28th 2009 - in Unit 25,

C/o LeFever was to pack out Nasious's cell and property during this time, the CO Lefever destroyed Nasious Legal Papers as nuisance trash, his T.C. Journals (200) and other Theraputic Community papers, Religious Correspondence Courses and Personal Pictures all out of spite due to retaliatory acts.

Now the good Co Kenneth LEFEVER is A SGT. LEFEVER.

Plaintiff had reported SGT LEFEVER TO LT KING his CASE MANAGER FOR IMPEEDING HIS ACCESS TO THE COURTS, with his LEGAL MAIL, AND HARRASMENT. The second time this happened 7/26/08. CO swingle had logged 2 pieces of mail in the legal log, one to Colorado Court of Appeals. 2.) State Board of Medical Examiners Dept. of Regulatory Agencies. C/o LEFEVER CAME By the unit and informed me, I needed to put a STAMP on the second letter. Along with Sgt. Horn. Co LEFEVER is ALWAYS hassling me and harrasing me about what I can mail and what I cannot mail as outgoing Legal mail. When Lt. King Corrected LEFEVER to mail my out going Legal mail previously he became irrate, malisious sadistic and hostile

I put a stamp on the letter for the Board of Medical Examiners. Lt. Martkert is aware of this situation. C/O Swingle informed me that the next time I try logging outgoing mail to the State of Colorado Department of Regulatory Agency which is governed by the Office of the Attorney General, I would be written-up for fraud. Also he informed me he had looked up my record and he noted I had a lawsuit against CDOC Medical Department.

On Tuesday 7/28/08 - when C/O LEFEUER came to work in the unit he was very vindictive and he informed me I was being written up for fraud, for the incident on <u>Sunday</u>. He called Lt. Morkert and Lt. Herman from the Westside at Appry 9:00 pm to assist him write up the incident report because he isn't too, computer literate.

I reported this to Lt. King, She set a meeting with Captain Keissel, We discussed the issues. He informed, he would inform all cell house officers, in the Eastside units to log all legal outgoing mail, and it was not their job to screen the mail.

C/O Lefevers Write-up WAS A Bogus write-up A Form of harrasment.

He wrote me up for Unauthorized Possesion of my own Legal Books, saying I was 3 books over my Limit. This wasn't the case. I turned in one AA Book. My Books were returned.

The hygene items that were taken were returned.

At the hearings the Contraband items were returned making this write-up copp conviction invalid, and should have been dismissed.

Defendant Major Johnson insists that Co LEFEVER never disposed of Any Legal Papers, ect. Just like he covered up the problems at Denver Womens. D.R.D.C. In the past.

Now Lt Mark Bolt, Lt. Shane McMahil, Lt. Jason Zwirn, all failed to comply with ACA Standards 4-229, 4-234-4236-44240, 4244 through 424246 and Colorado Department regulations number 150-04.

Associate Warden Soares had Knowlege of this incident that Lt. Mark Bolt, Lt Zwin Did not have the training in the elements of Due Process and Jurisprudence.

Lt. Mark Bolt, Lt. Jason Zwirn, Lt. Shane McMahil At the times I was Convicted of my hearing on these dates
11-18-08. case # 09-1208.
11-12-08     case # 09-1225

As hearings Officers employed by CDOC needed to have training available on site through in service training. Also Advanced COPP and Due Process training Sem-annually by training approved by the offender MANAGEMENT MANAGER  AND THE TRAINING ACADAMY MANAGER.

The Excecutive Director Approval of Hearings Officer at the Times of my Hearings had not had this Approval. This null and voids All hearings and Write-ups, guilty Verdicts class I + II's Actions in my inmate files, points need to be stricken and expunged from my inmate file. The Sterling Correctional Facility is a Run-Away institution.

t. Mcmahil

which the Department of Justice need to investigate Associate Warden Soares, CDOC have subjected Plaintiff to unlawful Acts and malicious prosecution of the First, Fourth, Fifth and Fourteenth Amendments to the constitution 42 U.S.C. § 1981 and 1983

Associate Warden Soares, and Colorado Department of Corrections, along with the Attorney Generals Office, John Suthers, despite his knowlege of said illegal policy and practices, the supervisory and policy making officers and officials of the said Prison as a matter of ~~fact~~ policy has not taken steps to terminate the said practices and has not disciplined or otherwise properly supervised the individual defendants who engage in said practices, has not effectively trained CDOC employees with regaurd to proper constitutional ~~conditions~~ and statutory limits on the excersise of their authority and have instead sanctioned the policy and practices through the deliberate indifference to be the effect of the said policy and practices upon his constitutional rights.

The Defendants of Colorado Department of Corrections

Nurse NANCY Mueller, DR. DC.
Dr. Barry Goldsmith, Paula Frantz M.D,
Joseph Fortunato DO., JOANN STOCK P.A,
TEJENDER SINGH P.A, JOHN SUTTERS,
Attorney GENERAL STATE OF COLORADO,
Brian Webster, PA, LT JASON ZWIRN,
Joseph J. WERMERS M.D. Lt. SHANE
McMahil, CO REGINA Johnson, Nurse
NANCY White, CO ST MARTIN, CO KENNETH
LEFEVER, Lt MARK BOLT, CAPTAIN WEINGARDT,
MAJOR JOHNSON, CATHIE HOLST, ADRIENNE
JACOBSON, MAJOR TWO BEARS CHAVEZ. and
JOHN DOE AND JANE DOE I-10 having covered the
violations of Plaintiffs Rights is liable
under 1981 and 1983 and the First, Fourth
and Fourteenth Amendments to the Plaintiff.

As a result of the ACTS detailed plaintiff
has suffered serious physical injury, as
well as other painful injuries, deprivation
of his liberty invasion of his liberty, invasion
of his privacy, grevious mental stress and
suffering and pain and suffering all in
violation in 42 U.S.C. § 1981 and 1983
and the First fourth, Fifth and fourteenth
and Eight Amendments to the United
States Constitution.

CO Kenneth LEFEVER had tore up the following
quote in NASIous room " Where do they Come From"
from Paul Harvey." on 7/15/08, After a room check.

# "WHERE DOTHEY COME FROM"

The 80's and at least part of the 90's will someday be known as the "Age of Prisons". With that revelation comes a question: Where do the Prison Guards Come From? Let's face the facts here, kids don't grow up wanting to be prison guards, they want to be doctors, and lawyers, firefighters and police officer when they grow up. Or generals, cowboys, truck drivers, and auto mechanics, not prison guards.

Think about it. How many prison guard heroes have you seen in the movies? The guards I have seen are either dimwitted, sadistic, or both and they certainly didn't exhibit any desirable qualities.

Wanting to be a prison guard is like wanting to be Igor instead of Dr. Frankenstein. Hell's Bell's...I've known kids who wanted to be bank robbers or pirates; those guys look good in the movies at least once in a while! Prison guards never do. Even undertakers look better. Let's face it; If you had a kid and he or she said, "when I grow up, I want to be a prison guard", you'd know it was time to have a heart to heart talk. You would know you have failed somewhere along the way. Hell, you might even consider taking the child by the hand and going to a psychiatrist to seek help! A prison guard, what kind of aspiration is that?

Since no kid ever wants to be a guard, you have to wonder, *WHERE DO THEY COME FROM?* They are the dregs of our society; untalented, unmotivated people who have washed out of everything else and weren't wanted by anyone for anything! Is this the reason for the "Age or Prison?" To provide employment for those square pegs, who have nothing to contribute to society and can't hold a job anywhere else? If this is the case, drug dealers and criminals don't need these misfits to watch over them. They would do a better job taking care of themselves.

*Paul Harvey*

3.   Claim Three: _____

Supporting Facts:

Nov 7, 2008 upon my Return trip from my medical trip from D.R.D.C. Denver Health my Neurologist Dr. Hughes, where I recieved A Certificate of Review, informing CDOC, Yes, I was epileptic, yes I was allergic to the drug Zomig, and yes I had gone 2 years w/o my migraine Abortive therapy treatment Drug Imitrex.

I was escorted with other inmates to proceed back to scf.

I then was ordered to perform a body cavity search in a cell with 6 other inmates, in front of Officers. Some officers were female, and a few of the inmates were sex offenders and/or homosexuals.

None of the officers involved in this search had been trained in proper and legal methods for stripping searching groups of inmates (ie. more than one at a time.) nor had they been trained and educated concerning the constitutional and civil rights inmates poses.

Warden Mark Broddus is in charge of D.R.D.C at all relevent times to the search in question. This type of illegal search was ongoing for the past few years at D.R.D.C. I only found out that my rights were being violated and this was illegal March 3, ~~2009~~ 2010.

It has already been firmly established that inmates retain a limited right to privacy, and protection against unnecessary and unreasonable searches. See, Bell V. Wolfish, 441 U.S. 559, 99 S. Ct. 1861 (1979) Searches of inmates must be reasonable under the 4th Amendment); Hayes V. Marriot 70 F.3d 1144 (10th Cir. 1991) this case involved illegal mass strip searches in the Arkansas Valley Correctional Facility); Farmer V. Perril, 288 F.3d 1254, 1259 (10th Cir. 2002) Prisoners retain a limited right to bodily 6 privacy, that right may be violated by a single search in front of the opposite sex.

(Rev. 1/30/07)

Cont

A strip search is an invasion of personal privacy of the first magnatude, and although an inmates right to privacy must yeild to penological intrests, it dose not vanish altogether).

This Right was clearly established before these searches in question conducted November 7, 2009 This was done inhumanely and illegally

Warden Broaddus had a direct duty to protect plaintiff from violations of his U.S.C.A. Fourth Amendment Rights

This search was maliciously conducted for the express point and purpose of punishment and humiliation. The manner the search was conducted for the express purpose of punishment and humiliation. The manner the search was conducted was shocking and aggressive. It was also degrading and dehumanizing.

The officers' express order to "face forward" 6 or 7 people in a crowded cell and view the naked stripping men indicates this malicious intent of the search. No reasonable purpose can be given for this order.

The Plaintiff may be a Prisoner, but he is still a human being, and all human beings have the right to be treated humanely. Though the Plaintiff did not suffer physically, he did suffer greatly mentally, emotionally and sexually.

All of the defendants conspired seperately and individually to deprive me of my constitutional and civil rights.

Warden Broaddus knew that failing to maintain, adopt, and implement policies, regulations and guidelines which define, explain and provide for training relating to civil, human, and constitutional rights of inmates would promote an atmosphere at the Reception Diagnostic Facility where inmate rights would be violated often.

I as plaintiff will name the unknown defendants to this suit for these illegal searches at a later date, due to not having access to the John and Jane Doe currently.

Claim Four : Violation of 18 U.S.C. § 2340 (A)

Torture includes not only physical pain and injury, but also psycological intimidation, humiliation, pain, and demoralization. Torture is designed to break a human being down not only physically but mentally.

The Search at D.R.D.C. making us strip naked in front of other inmates in a closed cell. 6-7 inmates, is incredibly demoralizing And Confusing because the authority figures were encouraging the very things they were supposed to protect the prison population from. The search was a form of sexual Abuse itself, and it made me feel worthless, powerless and as if I were like a cattle animal than a human being.

I WAS incredibly humiliated as I was striped searched. I sAw that the entire crowd of witnesses (other offenders) Could See all my nakedness, and the insides of my rectum, as I was forced to bend over, spread my cheeks and cough. The officer made me turn over towards the others to show my rectum, and towards the crowd display and lift up my penis

and scrotum. I felt shamed and sad and angry at it all because I didn't feel I could do anything except follow the cruel commands of the officers doing the search on me. I felt that if I resisted or complained I would be assaulted by them.

The Colorado Dept of Corrections, The State of Colorado Attorney General John Suthers, has had knowlege about all kinds of civil and Constitutional wrongs with CDOC STAFF and Police misconduct yet he chooses not to Act, therefore I am naming the State of Colorado As A Defendant in this Complaint for monetary Damages in the Amount of $20 million Dollars; for Punative damages.

ALL DEFENDANTS

Defendants conspired together to deprive Plaintiff of his Constitutional rights and protections.

Defendants acting ~~under color~~ in their individual and official capacities as government officials/ employees acted in concert with one another to commit the unlawful acts which denied Plaintiff of his constitutional and statutory rights and

protection. As a result of said conspiracy and neglect to prevent Conspiracy plaintiff has suffered substantial damages.

Plaintiff Seeks a relief and brings action pursuant to the Colorado Constitution and U.S. Constitution for Conspiracy and inaction in neglecting to prevent the conspiratal wrongs commited against plaintiff despite having the power and ability to do so.

As a result plaintiff's State and Federally protected rights were violated and he was sustained significant injuries and loses. He has suffered actual injury and there exists a Casual Connection between the violation of his rights and the injuries sustained. Plaintiff is entitled to Damages for said injuries.

Wherefore Plaintiff requests that Judge Kane [illegible] seeks the pattern of misconduct of Defendants, from other filing in the Honorable Court and sends this Complaint forward to Court or jury to impose damages in an amount to be determined at trial thereafter.

Upon information and belief prior to 3/1998 to Present, defendant's permitted, encouraged, ratified and tolerated a pattern and practice of unjustified, unreasonable

and illegal misconduct by the defendants and in that:

• Defendants failed to discipline or prosecute, or in any other manner deal with known instances of misconduct.

• Defendants refused to investigate complaints of previous incidents of misconduct and instead officially claimed that such instances were just and proper.

• By means of Action, inaction and cover-up of such incidents of misconduct, defendants encouraged defendants to believe that the impropriety of such incidents of misconduct was permissible.

Upon information and belief there have been numerous federal and state actions filed against the individuals, as well as others for previous incidents involving misconduct by defendants with respect to such incidents.

Defendants maintained an inadequate system of review of incidents of misconduct, which system has failed to identify instances of misconduct or to discipline, more closely supervise, or retrain C/O's who have in fact participated in said actions.

Upon information and belief the systematic deficiencies include but not limited to:

- Preparation of investigative reports designed to vindicate misconduct regardless of whether or not such actions were justified.
- Preparation of investigative reports which uncritically rely solely on the word of other CIO's involved in the incidents and which systematically fail to credit testimony by non-correctional witnesses.
- Preparation of investigative reports which omit factual information and physical evidence which contradicts the testimony of the individuals involved.
- Failure to review, investigate reports by responsible superior officers for accuracy or completeness and acceptness of conclusions which use unwarranted by the evidence or which contradict the evidence.

The foregoing facts, ommisions, and systematic deficiencies are policies and customs of the defendants and as such caused correctional officers to believe that incidents of misconduct were within the discretion of said officers and that improper behavior would be tolerated.

As a direct result and proximate result of the aforesaid acts, ommissions, systematic deficiencies the defendants have established a grievance system which is not available to

persons situated such as to the Plaintiff

Plaintiff has exhausted all remedies that are available to him by availing him self to all three steps of the Grievance procedures at the correctional facilities of incarcerations.

Nasious has been in Compliance with Statutory Requirements some step III Grievances were denied by Step III Grevance officer and/or the time frame to respond by said officer expired. This response was done outside the Time frame set forth in the Administrative Regulation (A/R) 850-4 D.1-8 which prescribes a 45 day time limit to respond to the grievance upon filing.

August 8, 2009

Respectfully submitted

JL Nasious

# STATE OF COLORADO

**STATE BOARD OF MEDICAL EXAMINERS**
Cheryl Hara, Program Director

1560 Broadway, Suite 1300
Denver, Colorado 80202-5146
Phone (303) 894-7690
Fax    (303) 894-7692
TTY:Dial 711 for Relay Colorado
www.dora.state.co.us/medical

**Department of Regulatory Agencies**
D. Rico Munn
Executive Director

**Division of Registrations**
Rosemary McCool
Director



Bill Ritter, Jr.
Governor

July 31, 2008

John Nasious
Register # 98775
Sterling Correctional Facility
P.O. Box 6000
12101 Highway 61
Sterling, CO 80751

RE:     Joseph G. Fortunato, D.O.          Paula J. Frantz, M.D.
        Teddy L. Laurence, P.A.            Tejinder Singh, P.A.
        Jo Ann Stock, P.A.                 Brian R. Webster, P.A.
        Joseph J. Wermers, M.D.

Dear Mr. Nasious:

The Board of Medical Examiners has received your correspondence date July 24, 2008, against the physicians and physician assistants listed above.  I am sending you a copy of the acknowledgement letter that was sent to you on July 23, 2008 copy attached.

Please note you will be advised in writing of the Inquiry Panel's disposition of this complaint.  Thank you for informing the Board of this matter.

Sincerely,

FOR THE BOARD OF MEDICAL EXAMINERS
INQUIRY PANEL A

June Nieto
Administrative Assistant III
303 894-7598

COLORA/ **DEPARTMENT OF CORRECTIONS**                          Print Date:05/05/2002
**PROGRESS ASSESSMENT SUMMARY**
DATE OF PAS: 05/05/2002

STATUS: FINAL

Doc No: 98775  NASIOUS, JOHN                    Facility: STERLING
Current Custody: MINIMUM RESTRICTIVE             Case Manager: CRUSSELL, J
                                                 Next PAS Date: 11/03/2002

| WORK LEVEL | INITIAL: 3 | CURRENT: 3 |
| --- | --- | --- |

SKILLS: Tele-Communications, Asst. Manager, Self Employed.

Offender Nasious is working in the Food Service Department and he
receives above average evaluations.

| ACADEMIC / VOCATIONAL | INITIAL: 2/3 | CURRENT: 2/3 |
| --- | --- | --- |

| Recommended / Participation | Date Referred | Start Date | End Date | Completed Y/N | Earned Time Y/N | Partial Notes |
| --- | --- | --- | --- | --- | --- | --- |

ACCORDING TO CASE FILE INMATE NASIOUS HAS OBTAINED HIS GED CERTIFICATE.
SUBJECT ALSO REPORTED THAT HE COMPLETED 30 SEMESTER HOURS AT WEBER STATE
COLLEGE IN OGDEN, UTAH IN BUSINESS. OFFENDER NASIOUS HAS COMPLETED BASIC
COMPUTER CLASS ON 12/15/99 AT BCCF.

| MEDICAL / DENTAL | INITIAL: 2/1 | CURRENT: 2/1 |
| --- | --- | --- |

Medical Level:    Qualify    P  PERMANENT          Date Assigned:  03/25/2002
Dental Level:     Qualify                          Date Assigned:  11/08/2001
                  Allergy:   YES   Medical Hold:   N

| Medical Housing Restrictions | | | Medical Assignment Restrictions | | |
| --- | --- | --- | --- | --- | --- |
| Date Assigned | Restrictions | Qualifier | Date Assigned | Restrictions | Qualifier |
| 11/23/1998 | LIMITS TO BE DETERMINED | | 11/23/1998 | NO VIGOROUS EXCERCISE | |
| 11/8/2001 | FIRST TIER HOUSING REQUIRED | | 11/23/1998 | NO INTENSIVE LABOR | |
| 11/8/2001 | NO ASSIGNMENT TO CAMPS | | 11/23/1998 | NO HEAVY LIFTING | |
| 11/8/2001 | LOWER BUNK | | 11/8/2001 | NO ASSIGNMENT WHERE OF CONSCIOUSNESS WOULD BE HAZARDOUS | |
| 11/30/2001 | LOWER BUNK | | | | |

INMATE NASIOUS IS CURRENTLY RATED M-2, WITH MILD MEDICAL TX NEEDS.
NASIOUS HAS STATED THAT HE HAS A CYST IN HIS BRAIN THAT CAUSES HIS
HEAD-ACKES. HE HAS LOWER TIER, LOWER BUNK HOUSING RESTRICTIONS.
MR. NASIOUS IS AWARE OF HOW TO OBTAIN MEDICAL ATTENTION HERE AT SCFG WHEN
NEEDED.

| SUBSTANCE ABUSE | INITIAL: 3 | CURRENT: 3 |
| --- | --- | --- |

| Recommended / Participation | Date Referred | Start Date | End Date | Completed Y/N | Earned Time Y/N | Partial Notes |
| --- | --- | --- | --- | --- | --- | --- |

INMATE NASIOUS IS CURRENTLY RATED WITH A SUBSTANCE ABUSE LEVEL OF 3,
MODERATE TX NEEDS. HE COMPLETED A 12 STEP D/A COUNSELING COURSE
10/18/1999 AND THE RESADA D/A ADDICITION PROGRAM 11/03/1999 WHILE HOUSED
AT BCCF. HE COMPLETED THE LEVEL-4 DRUG AND ALCHOOL PROGRAM HERE AT SCF ON
3/26/2002. THERE ARE NO OTHER NEEDS IN THIS AREA.

**Message from Medical**

Name   __Nasious__

DOC #   __98775__

UNIT   __1__

Date   __July 12, 2009__



In response to your kite regarding the use of someone else's cane:

You can tell the provider about the alleviated back pain with the use of a cane at the return visit that will be scheduled in the near future.

Staff Signature_____

Ryder May RN
    Nurse III

RECEIVED

# REQUEST FOR ACCOMMODATION

MAY 3 1 2007

Office of Correctional
Legal Services

## I.   OFFENDER INFORMATION:   *(Please print)*

| Offender Name: | JOHN NASIOUS | DOC #: | 98775 |
|---|---|---|---|
| Current Facility: | AVCF | Date: | 5-14-07 |

## II.   CLAIMED DISABILITY:   *(Check all that apply)*

**Mobility** ✗          **Hearing** ✗          **Other** ✗  Migraine
**Vision** ____          **Diabetes** ____                              Disease

## III. ACCOMMODATION REQUESTED:

In accordance with the provisions of the Americans with Disabilities/Rehabilitation Acts (ADA), no qualified individual with a disability shall, on the basis of disability, be excluded from participation or be denied the benefits of the services, activities, or programs of the Department of Corrections or be subjected to discrimination. You may use this form to request specific reasonable modifications or accommodations which, if granted, would enable you to participate in a service, activity, or program offered by the DOC in which you are otherwise qualified or eligible to participate. **Submit this completed form and ADA Medical Release to the ADA Inmate Coordinator (AIC) at the address at the bottom of this form.**

*Answer all questions below. Be specific and brief. You may attach one additional page for explanation, if necessary.*

Drug + Alcohol Addiction - SLEEP APNEA / CAVERNOUS Hemangioma -
1. Describe your disability: Degenerative Disc Disease, PIN in my left Shoulder. Tramatic Brain Injury, Hearing in my Right ear is failing currently, Seizure Disorder, My Migrain Syndrome

2. What information do you have to verify your disability?   MRI in File - Knee diagnostic problems
Medical File with Attorney DAN ROSEN'S OFFICE -
Denver Health Medical Files.

3. What major life activity is limited by your disability (e.g., moving, eating, seeing, hearing, breathing, dressing)? Hearing loss / Memory loss. Need EAR EXAM.

4. Have you been denied the ability to participate in a DOC job, program, or service due to a disability? **Yes/ No.** If yes, name the job, program, or service and provide a brief description of how you were denied: HAVE problems sitting in class All day. not Focus - / Need Medical

5. Identify the modification or accommodation you need in order to participate in that job, program, or service or to perform major life activities: Need Sleep Study and treatment FOR my Sleep Apnea problems. Breathing achine. My Right Shoulder need Speical shots. And Medical Slip. Statin in Shoulder for X-Ray Machins (metal detectors

_John Nasious_
Signature of Offender

*Return completed forms to: AIC, 2862 S. Circle Drive, Colorado Springs, CO 80906*

**Please note: DOC AR 300-38 IV-B-8-h. allows you to mail materials to the AIC office via inter-facility mail for free**

## MOBILITY

1. Do you use a wheelchair or other assistive device?        ~~Yes~~        No

   If so, what? _____

2. Do you require assistance with your activities of daily living?   (Yes)        No

   In what way?  ~~Tens~~ Tenz–Unit
   _____

3. Are you currently assigned to a handicapped cell?        Yes        (No)

4. Do you require any specialized equipment in your cell?        Yes        (No)

5. Are you assigned to a handicapped table in the chow hall?        Yes        (No)

6. Do you need someone else to assist you in an emergency?        Yes        (No)

## USE THE SPACE BELOW TO ADVISE ME OF OTHER MOBILITY NEEDS YOU HAVE:

Degenerative Disc Disease/ Migraine Disease
Causes me extreme pain. Accompanied with nausea,
vomiting, dizziness, extreme sensetivity to light, Sometimes
the slightest movement feels like my head is breaking in
pieces. I need an abirative medication. I Am unable to
work at times or participate in "normal, daily
activities. When my Migraine attack Strikes I
'esperatly need a dark quiet place to lie down.
The Floresant lights at AVCF trigger my headaches.
I feel I am being discriminated by AVCF PA. Singh
When I asked for help

-the anatomical loss of my left Shoulder
am in Constant PAIN. Very uncomfortable being
in a NON-ADA Compliant Medical Facility.
ie AVCF.

GOVERNORS ADVOCATE CORP
136 STATE CAPITOL BLVD.
DENVER, COLORADO 80203


TO WHOM IT MAY CONCERN:


I am writing you to get a better understanding with the ongoing of the Colorado Dept. of Corrections and the Colorado Division of Parole and so called Department of Corruptions. Due to the Role Of Profits and Warehousing of Colorado Inmates.

There is no proper Medical treatment available in CDOC. There is no teeth cleaning nor periodontal care available available to DOC INMATES. Colorado is locking up inmates and failing to provide these services. But collecting Federal Funding for these services. Case managers are failing to listen to the needs of inmates and Paroling people to HOMELESS SHELTERS, which is making inmates fail, because these places are Drug Infested. They set people up to violate and give them Escape Charges. Is this a form of JOB SECURITY ?

Governor Bill Ritter is emphasizing treatment programs over Prison Beds, a give them another chance Philosophy. Different from the Owens lock them up and keep them attitude.
I understand your mission to public safety is a large factor and you can not jeopardise this. But the District Courts with their Plea-Bargin Entrapments are costing the Citizens of Colorado Big Expenses by giving out more time than fits the crime. Incarceration does not cure substance abuse, nor mental illness... Judge Gilmore and the rest of the District Court Judges need to be held accountable for their Judicial Misconduct. It is your moral obligation to get the recievidism rates cut. The Revolving Door policy of the DOC system is Entrapment and abuse of captive inmates.

The costs of building more Prisons is squeezing the State Budget and taking Money away from schools. There is needs to be Criminal Justice reform System. The Brain Washing from the Owens Regime needs to be addressed. Release Non-Violent Offenders..... But do not release them HOMELESS.........STOP THE DOC CIRCUS, AND START SAVING TAX PAYER MONIES WHICH CAN BE PUT TO BETTER USE . BRING BACK THE OLD COLORADO TO SAVE THE NEW COLORADO. INVESTIGATE AND AUDIT THE COLORADO DEPARTMENT OF CORRUPTION A WATERGATE IN THE MAKING.................................................................

SINCERELY,

John Nascous

5



# COLORADO DEPARTMENT OF CORRECTIONS
## ACTIVE PROBLEM LIST
### DOC#: 98775  - Name: NASIOUS, JOHN A

| ICD Code | PROBLEM Description | Status | Since | Provider |
|---|---|---|---|---|
| 564.00 | UNSPECIFIED CONSTIPATION | Active | 11/05/2008 | WEBSTER, BRIAN R |
| Comments: | | | | |
| 532.40 | CHRN/UNS DUOD ULCR W/HEM W/O OBST | Chronic | 08/22/2008 | WEBSTER, BRIAN R |
| Comments: NO NSAID'S | | | | |
| 278.01 | MORBID OBESITY | Active | 07/02/2008 | WEBSTER, BRIAN R |
| Comments: BMI 31 | | | | |
| 310.8 | OTH NONPSYCHT MNTL-ORGN BRAIN DMAGE | Chronic | 07/02/2008 | WEBSTER, BRIAN R |
| Comments: | | | | |
| 784.0 | HEADACHE | Chronic | 05/15/2008 | WEBSTER, BRIAN R |
| Comments: MYOFASCIAL  W/ VASC COMPONENT. | | | | |
| 534.60 | CHRN/UNS GSTROJEJ ULCR W/HEMOR&PERF | Chronic | 05/07/2008 | WEBSTER, BRIAN R |
| Comments: NO NSAID'S | | | | |
| 346.21 | VARINTS MIGRAINE W/INTRCT MIGRAINE | Chronic | 07/06/2007 | LAURENCE, THEODORE L |
| Comments: TPI'S, TOPAMAX, HELP | | | | |
| 719.81 | OTHER SPEC DISORDERS SHOULDER JOINT | Chronic | 07/03/2007 | LAURENCE, THEODORE L |
| Comments: SURG FOR DISLOC, ON LT | | | | |
| 530.11 | REFLUX ESOPHAGITIS | Chronic | 09/29/2006 | MUELLER, MARTHA M |
| Comments: | | | | |
| 724.2 | LOW BACK PAIN | Chronic | 04/27/2004 | FRANTZ, PAULA J |
| Comments: | | | | |
| 719.46 | KNEE PAIN | Chronic | 12/05/2003 | BLOOR, JOHN |
| Comments: | | | | |
| 228.0 | HEMANGIOMA, ANY SITE | Chronic | 11/08/2001 | SORENSEN, LISA K |
| Comments: CAVERNOUS, CNS | | | | |

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:  (719) 579-9580
Fax:     (719) 226-4755
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Mr. John A Nasious                          May 31, 2007
DOC #98775
AVCF

Mr. Nasious

Offender Services has received your second letter to Mr. Zalman and others, postmarked June 18, 2007, requesting placement in a TC program again.

Since your last letter I see that as of 5/22/07 your LSI score has changed to a SOAR 4d.

Again, Offender Services receives transfer requests from the inmate's Case Manager, and since your classification is currently medium.  You will have to be minimum restrictive for ACC, where the program exists.

You also mention CMRC as an alternative to ACC TC.  I appreciate your desire for treatment; however, you do not meet the transfer criteria for CMRC.   To go to CMRC, an inmate must be within 10 months of his PED.

Your only alternatives are to have a case manager to override your custody level to minimum restrictive, in order to go to ACC TC, or to transfer to SCF as Medium and take your chances to get into their TC program.

Let me know your decision.

Sincerely,

James J. Moore
Offender Services
Case Manager II

/jjm

xc:     Dept File
         Working File

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

Sterling Correctional Facility
P. O. Box 6000
Sterling, CO 80751-6000
Phone: (970) 521-5010
Fax: (970) 521-8225



Bill Ritter
Governor

Ari Zavarras
Executive Director

Date: September 17, 2008

Offender Nasious, John #98775 has been involved in the Therapeutic Community (TC) at Sterling Correctional Facility for 208 days and has made very good progress while in the program. He entered treatment on February 21, 2008, and continues his involvement in the TC treatment. He remains program compliant while here at SCF/TC. He has participated in and is involved in the following groups and classes:

Criminal Thinking Errors
Distorted Thinking, Journal          Encounter Groups
Relapse Prevention                   Cultural Diversity
Communication Skills

In the past 208 days involved in the Therapeutic Community modality Mr. Nasious has demonstrated a mature attitude, effective communication skills and leadership abilities in treatment. In the introductory phase of treatment he appeared quiet, and somewhat withdrawn. After 208 days of intensive treatment, he now displays cooperation, involvement, a willingness to help others and he appears open to personal change. He appears to have maintained these changes and has learned to deal with the intensive confrontational nature of this program as well. He has made **very good** progress.

It is the treatment team's recommendation, if he is considered for re-sentencing, Mr. Nasious continue this process of cognitive restructure he has begun building here with intensive out-patient treatment, 12 step support groups and following a strong relapse prevention plan. The Therapeutic Community Model has given Mr. Nasious the opportunity to make healthy changes in his attitude and behavior. His ability to challenge his old belief system and develop a new belief system during his incarceration should help his adjustment in the community.

Thank you,

David Booth, CAC III
Therapeutic Community Coordinator
Sterling Correctional Facility

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**

Sterling Correctional Facility
P. O. Box 6000
Sterling, CO 80751-6000
Phone: (970) 521-5010
Fax: (970) 521-8225

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Date: 5-29-09
To: Offender Naucious, 98775
Fr: Maj. L. Waide, Programs Manager
Re: TC

Your letter to Maj. Cox regarding TC was forwarded to me for response. In October 08, Major Cox was transferred to the Administrative Manager's position and I was transferred to the Programs Manager in charge of classification and job board.

I am not familiar with Offender Clements, and I do take exception to your implication that another offender was allowed to go to the East Side based on his race. I assure you, race had nothing to do with any decision regarding facility placement.

You are a close custody offender. SCF will only allow Medium Security Offenders to go to the East Side to participate in the TC Program. SCF does not allow Close Custody offenders to go to the East Side unless that move is justified by exigent circumstances that create a facility need to do so.

You currently score 41 points on your reclass which places you well into the Close Custody range. 16 of those points are a result of 2 separate class II COPD Convictions within the past 12 months. Your conduct and behavior does not warrant East Side placement at this time. When your classification comes back down to Medium Security I will consider an over ride for TC. However, I do expect there to be no COPD Convictions within a 12 month period in order to consider the Override.

# NOTICE OF COLORADO PAROLE BOARD ACTION

☐ Full Board Review    ☐ Amend

C 1-2

08- 17 -2009   1890
Date              Tape No

| Name | NASIOUS, JOHN A | DOC # | 98775 | Location | STERLING | Sentence Type | PED/MAND PAR PD - 3 Yrs |
|------|------|------|------|------|------|------|------|

| Offense | Cls | Gov | County | Case # | Min Sent | MAX Sent | Typ | SVP |
|---------|-----|-----|--------|--------|----------|----------|-----|-----|
| 7: THFT<15K | 4 | B | DENVER | 06CR5145 | 8 - 0 - 0 | 8 - 0 - 0 | IN | |
| 6: FORG | 5 | | DENVER | 05CR608 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |
| 5: FORG | 5 | | DENVER | 05CR2970 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |
| 4: THFT<15K | 4 | | ARAPAHOE | 05CR3221 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |

10-14-2009
PED

09-18-2013
MRD

SDD ........

*Pursuant to authorization of the Colorado Parole Board, adjustments will be made on qualifying MRD/MRP/PED releases if the release date falls on a weekend day (Fri-Sun) or on a State recognized Holiday.*

☒ DEFER TO: March. 2010
(DATE)

☐ AGGRAVATING FACTORS/INADEQUATE TIME SERVED
(Circumstances of Offense)

☐ PUBLIC RISK (Substantial Parole Risk; Prior Criminal Record)

SVP (SEXUALLY VIOLENT PREDATOR) FINDINGS:

JUDICIAL: NONE

PAROLE BOARD: NONE

SVP ASSESSMENT: ..............

☒ DISCIPLINARY INFRACTION (Conduct in Correctional Facility)

☒ RISK CONTROL PROBLEMS
  ☒ Needs Continued Correctional Treatment
  ☐ Psychological Reports Indicate Problems
  ☐ Incomplete/Unacceptable Parole Plan

☐ WAIVED
  ☐ To Discharge
  ☐ To Complete Program(s)
  ☐ Awaiting Admittance Into Program
  ☐ Parole Plan Difficulties

☐ OUT TO COURT / IN JAIL

☐ TRANSFERRED

☒ OTHER  R2C. CMRC.

☐ RELEASE

Parole/Reparole to: _____
Period of: _____
Effective Release Date: _____

☐ TABLED
  ☐ For Approved Plan
  ☐ Must Remain Report Free and Program Compliant
  ☐ Marginal

In addition to C.R.S. 17-2-201(5)(f)(l) the following Special Conditions are added:

☐ Mental Health
☐ Drug/Alcohol Program
☐ Monitored Antabuse/Alternative if medically able
☐ No Alcohol Intake or Possession
☐ ISP 180 days @ CPO discretion
☐ Obtain AA/NA Sponsor
☐ No Liquor Establishments
☐ No Driving w/o P.O approval
☐ No Contact With
☐ No Return to USA, if deported
☐ Vocational Rehabilitation
☐ Day Reporting Center
☐ Curfew
☐ No Checking Accounts or other Credit Devices
☐ Other _____

**State Parole Board Signatures:** The undersigned hereby certify that all, but not limited to, parole guidelines set forth in C.R.S. 17-22.5-404(2), (3) and (4), were taken into consideration as per statute.

1) _signature_
2) _signature_
3) _____
4) _____
5) _____
6) _____
7) _____

\* The 2nd and/or additional signatures, if not actually present at the hearing, are signed indicating they "reviewed" the action, pursuant to C.R.S. 17-2-201(9)(a)(l).

38210 (R04/08)

| Restitution Per Court Order: | | |
|------|------|------|
| County | Mittimus | Amount |
| ARAPAHOE | 05CR3221 | $20,022.47 |
| DENVER | 06CR5145 | $7,063.20 |
| DENVER | 05CR608 | $347.50 |
| DENVER | 05CR2970 | $347.50 |
| Payment | Total: | $27,810.67 |

☐ To be scheduled by the Parole Officer.

☐ Release Pursuant to CRS 17-22.5-404
  ☐ Acceptable Parole Plan
  ☐ Other: _____

Distribution: ☐ Parole Board  ☐ Time Comp  ☐ Inmate
              ☐ DOC Records  ☐ Working File

Revised 04/2008

# NOTICE OF COLORADO PAROLE BOARD ACTION

☐ Full Board Review  ☐ Amend

*C 1-2*          08-12-2009  1840
                 Date      Tape No

**NASIOUS, JOHN A**      98775      STERLING      PED/MAND PAR PD - 3 Yrs
Name                     DOC #      Location      Sentence Type

| Offense | Cls | Gov | County | Case # | Min Sent | MAX Sent | Typ | SVP |
|---------|-----|-----|--------|--------|----------|----------|-----|-----|
| 7: THFT<15K | 4 | B | DENVER | 06CR5145 | 8 - 0 - 0 | 8 - 0 - 0 | IN | |
| 6: FORG | 5 | | DENVER | 05CR608 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |
| 5: FORG | 5 | | DENVER | 05CR2970 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |
| 4: THFT<15K | 4 | | ARAPAHOE | 05CR3221 | 4 - 0 - 0 | 4 - 0 - 0 | IN | |

10-14-2009
PED

09-18-2013
MRD

SDD

*Pursuant to authorization of the Colorado Parole Board, adjustments will be made on qualifying MRD/MRP/PED releases if the release date falls on a weekend day (Fri-Sun) or on a State recognized Holiday.*

☒ **DEFER TO:** *March. 2010*
                  (DATE)

☐ AGGRAVATING FACTORS/INADEQUATE TIME SERVED
   (Circumstances of Offense)

☐ PUBLIC RISK (Substantial Parole Risk; Prior Criminal Record)

SVP (SEXUALLY VIOLENT PREDATOR) FINDINGS:

   JUDICIAL: NONE

   PAROLE BOARD: NONE

SVP ASSESSMENT: _____

☒ DISCIPLINARY INFRACTION  (Conduct in Correctional Facility)

☒ RISK CONTROL PROBLEMS
   ☒ Needs Continued Correctional Treatment
   ☐ Psychological Reports Indicate Problems
   ☐ Incomplete/Unacceptable Parole Plan

☐ WAIVED
   ☐ To Discharge
   ☐ To Complete Program(s)
   ☐ Awaiting Admittance Into Program
   ☐ Parole Plan Difficulties

☐ OUT TO COURT / IN JAIL

☐ TRANSFERRED

☒ OTHER  *RZC. CMRC.*

☐ **RELEASE**

Parole/Reparole to: _____
Period of: _____
Effective Release Date: _____

☐ TABLED
   ☐ For Approved Plan
   ☐ Must Remain Report Free and Program Compliant
   ☐ Marginal _____

In addition to C.R.S. 17-2-201(5)(f)(I) the following Special Conditions are added:

☐ Mental Health
☐ Drug/Alcohol Program
☐ Monitored Antabuse/Alternative if medically able
☐ No Alcohol Intake or Possession
☐ ISP 180 days @ CPO discretion
☐ Obtain AA/NA Sponsor
☐ No Liquor Establishments
☐ No Driving w/o P.O approval
☐ No Contact With
☐ No Return to USA, if deported
☐ Vocational Rehabilitation
☐ Day Reporting Center
☐ Curfew
☐ No Checking Accounts or other Credit Devices
☐ Other _____

**State Parole Board Signatures:** The undersigned hereby certify that all, but not limited to, parole guidelines set forth in C.R.S. 17-22.5-404(2), (3) and (4), were taken into consideration as per statute. *

1) *[signature]*
2) *[signature]*
3) _____
4) _____
5) _____
6) _____

* The 2nd and/or additional signatures, if not actually present at the hearing, are signed indicating they "reviewed" the action, pursuant to C.R.S. 17-2-201(9)(s)(I).

38210 (R04/08)

Restitution Per Court Order:

| County | Mittimus | Amount |
|--------|----------|--------|
| ARAPAHOE | 05CR3221 | $20,022.47 |
| DENVER | 06CR5145 | $7,093.20 |
| DENVER | 05CR608 | $347.50 |
| DENVER | 05CR2970 | $347.50 |

Payment _____   Total: $27,810.67
☐ To be scheduled by the Parole Officer.

☐ Release Pursuant to CRS 17-22.5-404
   ☐ Acceptable Parole Plan
   ☐ Other: _____

Distribution: ☐ Parole Board  ☐ Time Comp  ☐ Inmate
              ☐ DOC Records   ☐ Working File

Revised 04/2008

# CERTIFICATE OF SERVICE

The undersigned hereby cetifies that on the 27th Day of August 2009 the I placed a true and correct Copy of this motion and served to the following parties:

Judge Richard M. Borchers.
legal Resolution Center
7907 Zenobia Street
Westminster, Colorado, 80030-4444.

Judge Kane
U.S. District Court.

Mr. James Quinn
Office of the Attorney General
1025 Sherman Street
Denver, CO. 80203