IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

       Plaintiffs, as representatives of themselves and all others similarly situated in the class action,

v.

**BILL RITTER, et al,**

       Defendants.

Re: Claimant Wellman E. Gibson, Claim number 03-173

## ORDER RE DOC. 4012

Kane, J.

After affirming the Special Master's Amended Final Order denying Mr. Gibson's individual damage claim under the terms of the Montez remedial plan earlier this week, *see* 9/28/09 Order (Doc. 4146), I address a related issue raised by Mr. Gibson in his June 25, 2009 *pro se* Request (Motion) for a New Hearing Because of Order Denying Motion for a Hearing and to Reconsider Civil Action No. 09-cv-983-ZLW.

While there is no need nor valid basis for a new hearing on Mr. Gibson's damage claim under the *Montez* remedial plan, Mr. Gibson's concerns regarding the dismissal of his independent § 1983 action in 09-cv-983-ZLW (*see* 5/29/09 Order (Doc. 7)), are not without merit. On my own motion, I pause to clarify that the standards for obtaining or failing to obtain a remedy for damages under the *Montez* Remedial Plan are discreet and narrower than those necessary to securing relief under an independent *pro se* prisoner action brought under 42 U.S.C. § 1983. This is especially true for religious freedom and legal access claims that individual class members, such as Mr. Gibson, have attempted to fit within the narrow rubric of claims under the Remedial Plan.

Under *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991), individual members of a class seeking to litigate issues within the scope of their class claims must do so through class counsel in that action. Individuals seeking to litigate issues distinct from, or not properly within, the scope of the class action must test those claims, if at all, in a separate action. *Id.* In keeping with the holding and spirit of *McNeil*, such a separate action should not be dismissed, as Mr. Gibson's was, solely on grounds that it constituted "[r]epetitious litigation" under *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) and was therefore "legally frivolous." *See* Order at 2-3. If Mr. Gibson's independent ADA and religious freedom/legal access claims are indeed frivolous – conclusions on which I express no opinion – they must be deemed frivolous on their own merits, under the standards mandated by law (rather than by contract), and by an article III or statutorily authorized magistrate judge (rather than a Special Master). Mr. Gibson's allegations and any evidence her offered to support them in his claim under the Remedial Plan may be relevant to this inquiry, but they are certainly not dispositive.

Again, I have no authority to issue rulings in cases before another judge of this Court and Mr. Gibson's Request (Motion) dated June 25, 2009 (Doc. 4012) is DENIED. Given my familiarity with the *Montez* case and that case's role in the dismissal of Mr. Gibson's independent civil action 09-cv-983-ZLW, I issue this Order to provide guidance to other failed *Montez* claimants who may file or have filed independent *pro se* actions in this Court or in the event Mr. Gibson moves to reopen his case.

Dated:   October 1, 2009.                              *s/John L. Kane*
                                                       SENIOR U.S. DISTRICT JUDGE

Service of this order shall be made via NEF, with standard mailing to Mr. Gibson.