IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

## PLAINTIFFS' STATUS REPORT REGARDING DATES FOR MONTEZ COMPLIANCE HEARINGS
_____

Plaintiffs, by and through their counsel, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey, Lara E. Marks, and Blaine Myhre of ISAACSON ROSENBAUM, PC, hereby file this Status Report Regarding Dates for Montez Compliance Hearings.

1) A Status Conference was held on September 1, 2009 to address various outstanding issues in the Montez case. One matter discussed was the parties' intent to proceed with a hearing to determine whether DOC was in substantial compliance with the Montez Remedial Plan as of May 1, 2009.

2) Because the parties are not in agreement as to the status of compliance as of May 1, 2009, it was determined that a compliance hearing would be necessary. However, counsel for

the Class articulated concerns about the proposed dates for the hearing due to the delay in Defendants' production of requested discovery.

3) At the conclusion of the hearing, the Court set aside several dates for compliance hearings beginning October 19-21 and November 2-13 of this year.  This Court ordered counsel for the Class to submit a status report on October 2, 2009 as to whether the Plaintiffs would be prepared to proceed with those dates based on the status of discovery.

4) This Status Report is filed pursuant to that Order.  As a result of the Defendants' delay in producing discovery vital to counsel for the Class' compliance review, Plaintiffs will not be able to proceed with the dates reserved by the Court in October and November of this year.  The basis for that position is as follows:

   a. Plaintiffs began requesting AIC files (the files on inmates regarding their disability status maintained by the Office of the ADA Inmate Coordinator) from DOC on July 2, 2009.  As of the filing of this report, Class counsel is still awaiting the production of 299 AIC files. [1]

   b. Of the 150 medical files requested, as of the filing of this motion, none have been received.

   c. Of the 55 working files requested, as of the filing of this motion, none have been received.

   d. Information on the status of the identification of inmates with diabetes ans the status of the revised Accommodation Resolution forms provided to those Class Members has not been produced.

---

[1] There are approximately 4,277 inmates with AIC files.  Class counsel has requested a mere 556 files, which is approximately 11% of the total number of files available.  Plaintiffs' records show that Defendants have produced 266.

      e. Defendants have not produced a response to Interrogatory No. 7 from the first set of discovery requests made on April 29, 2009, which requested information regarding inmates with disabilities having been determined by DOC to need an assistant to assist them with daily living activities.

      f. Plaintiffs are awaiting responses to their second and supplemental sets of discovery requests.

5) Amongst other things, without AIC files, counsel for the Class is unable to verify whether Class Members have equal access to jobs and programs, whether Class Members are housed at appropriate designated facilities and/or the appropriate housing units, whether Class Members have received reasonable accommodations, and whether Class Members have received timely and appropriate responses to their ADA grievances.

6) Without medical files, counsel for the Class cannot obtain a comprehensive analysis and report from experts.

7) Without working files, counsel for the Class cannot thoroughly identify potential inmate witnesses to testify during the compliance hearings.

8) Without a current master AIC list, counsel for the Class cannot determine whether the disability status of a class member has been changed during the compliance period.

9) Without the information regarding disability determinations, counsel for the class has not been able to analyze other data produced by DOC.  For example, Plaintiffs requested discovery on the jobs and programs available at each facility and who was selected for those jobs and programs.  Although information regarding jobs and programs was produced on July 2, 2009, counsel for the Class was unable to cross reference that

information with the disability status of inmates to determine whether inmates with disabilities have equal access to jobs and programs.

10) Until counsel for the Class has received responses to all the discovery requests and requests for AIC, medical, and working files, and have had an appropriate amount of time to review and analyze the information and to confer with experts, Plaintiffs will not be able to proceed with the dates set in October and November for compliance hearings. Counsel for the Class now requests that the Court set a deadline for Defendants to produce any outstanding discovery request.

11) Counsel for the Class conferred with counsel for the Defendants on October 1, 2009 with respect to these issues. The parties spoke with the Court this morning and arranged for a conference call with Judge Kane on Monday, October 5, 2009 to discuss the details of this report.

12) At this time, the parties would like to retain October 20, 2009 for a Pre-Trial Hearing. The Court indicated availability for a Hearing on the hearing criteria issue on November 23rd, 24th, the morning of the 25th, December 17th, 21st, and 22nd. The parties will check the availability of their experts on these days, confer with each other, and notify the Court promptly of the preferred date. The parties are currently discussing doing depositions in November for the purpose of stream lining issues for the Compliance Hearing. The parties would like the Court to retain the dates set aside for Compliance Hearings (January 8-8, 11-13, 14-15, 18-22, 25-27 am, 28-29).

WHEREFORE, Plaintiffs respectfully request the Court to Order a discovery deadline in which Defendants are required to produce discovery responses and;

WHEREFORE, Plaintiffs respectfully request the Court to retain October 20th for a Pre-Trial Hearing, to release the dates set aside for compliance hearings in November (November 2-6, 10-11, 12-13) and retain the remaining dates set aside for Compliance Hearings (January 8-8, 11-13, 14-15, 18-22, 25-27 am, 28-29).

Respectfully submitted this 2nd day of October 2009.

KING & GREISEN, LLP

/s/ Paula Greisen
Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, Colorado 80206
greisen@kinggreisen.com
riddle@kinggreisen.com


Edward T. Ramey
Lara E. Marks
Blaine Myhre
Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202

Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on the 2nd day of October, 2009, I electronically filed the foregoing PLAINTIFFS' STATUS REPORT REGARDING DATES FOR MONTEZ COMPLIANCE HEARINGS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

                                                                          */s* Laurie Mool