IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

_____

**PLAINTIFFS' POSITION RE: HEARING CRITERIA FOR DISABILITY DETERMINATIONS**
_____

The Plaintiffs, through class counsel, hereby submit this position statement with respect to the appropriate criteria for determining the disability status of inmates with hearing loss who are incarcerated in the Colorado Department of Corrections ("CDOC").

1. During the status hearing held on September 1, 2009, the parties notified the Court that, despite good faith efforts to reach an agreement, the parties remain at an impasse with respect to the criteria to be used for determining the disability status of inmates with hearing loss. The establishment of this criteria was to be developed by the parties and their experts pursuant to the Stipulation entered into in 2008 by the parties and the Court (DOC. #3322). In the event the parties could not reach an agreement, the issue is to be submitted to the Court. Paragraph 3 of the Stipulation reads:

> CDOC will conduct disability screenings based upon mutually acceptable criteria and will re-screen inmates as appropriate. Such criteria will be developed by the parties with the party's experts no later than June 1, 2008. If the parties cannot agree on these criteria, the matter shall be submitted to the Court for a forthwith review. At that time, Judge Kane will appoint such independent expert(s) as he deems appropriate and, with their assistance, establish the criteria to be used for disability screenings.

2. At the status hearing, the Court proposed that the parties submit their expert reports on the hearing criteria issue for review so that the Court may determine whether a hearing on the matter is necessary. If a hearing is deemed necessary, the court has reserved the dates of November 12 and 13 during which expert testimony on the issue will be presented.

3. Plaintiffs' position is that an individual is hearing disabled and appropriate assistive devices should be provided if there is significant hearing loss (40/4 decibel loss or greater) in *either* ear. This criteria suggests that a person with hearing loss of 40/4 or greater in *both* ears should be fitted with a hearing aid *for each ear.* This position is supported by the expertise of Dr. Darrel L. Teter, Ph.D., who has an extensive background in the field of Speech Pathology and Audiology. Dr. Teter has detailed his opinion in four reports, including one in response to the Defendants' expert report. Dr. Teter's reports are attached as **Attachment 1** and his CV is attached as **Attachment 2.**

4. To the extent that DOC continues to utilize the "whispered voice" test when screening or re-screening individuals for hearing loss, Plaintiffs do not agree with such methodology and maintain the position that screenings for hearing loss should be conducted with the use of otoacoustic emission testing devices, as explained in Dr. Teter's reports.

5. Defendants' position, on the other hand, is that a person will not qualify as disabled if he/she has hearing above the 40/4 decibel range in either ear.  In other words, if the individual is deaf in one ear but can hear some out of the other ear, Defendants' position is that the individual does not qualify as disabled and there is no need for an accommodation.  Thus, only if a person has hearing loss of 40/4 decibels in the better ear will that individual qualify as disabled and be fitted for a hearing aid.  With regard to DOC providing two hearing aids, Defendants' position is that an inmate *may* be fitted for two hearing aids only if there is a hearing loss of 50/4 decibels or greater in *both* ears.

6. Disagreement between the parties rests on the issue of whether the 40/4 decibel standard applies to either ear (Plaintiff Class's position) or only to the better ear (DOC's position).  The parties further disagree on the standard for fitting an inmate for two hearing aids.

WHEREFORE, Plaintiffs request that the Court find that the appropriate criteria for making a determination of hearing disability is the criteria proposed by the Plaintiffs and Dr. Teter and that the recommendations for appropriate screening methods detailed in Dr. Teter's reports be uniformly implemented by DOC.  In the alternative, Plaintiffs request that the Court hold a hearing to make this determination.

Respectfully submitted this 20th day of October, 2009.

                KING & GREISEN

                s/ Jennifer W. Riddle_____
                Jennifer W. Riddle
                Paula Greisen
                1670 York St.
                Denver, CO 80206
                greisen@kinggreisen.com

                Edward T. Ramey
                Lara E. Marks
                Blaine D. Myhre
                Isaacson & Rosenbaum
                1001 17th St. #1800
                Denver, Co. 80202

                Attorneys for Plaintiff Class

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 20th of October, I electronically filed the foregoing PLAINTIFFS' POSITION RE: HEARING CRITERIA FOR DISABILITY DETERMINATIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

                /s  Laurie Mool_____