IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,

      Plaintiffs,

  -vs.-

BILL RITTER, et al.,

      Defendants.

---

Claim Number: 03-445
Category III
Claimant: Raymond D. Goodloe, #51437
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Claimant's motion for order of court. A hearing was held on the motion on October 16, 2009 at the Ft. Lyon Correctional Facility (FLCF) in Ft. Lyon, Colorado. Present were the following: Raymond Goodloe (Claimant) and Robert Huss, attorney for Defendants.

Claimant provided testimony in support of his motion. Defendants presented the testimony of Dr. Tim Creany, M.D. Defendants also submitted Exhibits A through N. The motion was taken under advisement at the conclusion of closing arguments.

### I.

In 2008 Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant was incarcerated at that time in the Bent County Correctional Facility (BCCF) in Las Animas, Colorado. In the claim form, Claimant checked the box for mobility impairment. Claimant stated, in part:

> 1993 ankle injury, which was a result of jumping out of third story window during a house fire. Crushing injury to right ankle and tibia bone, exploding the joint leaving no cartilage in bearing service of tibia in the joint. This injury has and the pain it causes has progressively gotten worse over time and the pain while walking or standing has increased dramatically since the date of injury. Currently, I am unable to participate in any recreational activities and can no longer work for the

>recreation Dept. of CDOC......

This claim was assigned to Category III. A hearing was set for December 29, 2008 at BCCF. Claimant presented witnesses and testified in his own behalf.

After review of all of the evidence, the Special Master ruled in favor of Claimant. The final order included the following:

> There is no question that Claimant suffered a major crush injury to his ankle in 1993. An evaluation by Dr. Jacob Patterson in August 1995 noted that the right ankle had post-traumatic and degenerative changes. He recommended soft soled shoes. *Exhibit C*. A follow-up evaluation in September 1996 reflected that Claimant had degenerative joint disease. *Exhibit D*. A 1997 evaluation by Dr. Thomas Eskestrand found post-traumatic arthritis in the right ankle. Dr. Eskestrand noted that Claimant was unable to run at all or walk more than one mile. A recommendation was made at that time for a lace up ankle support and surgery to fuse the ankle. The evidence presented by both sides confirms that Claimant did have a significant injury to his right ankle that continues to cause daily problems for him.
>
> The question that exists is whether Claimant's injury rendered him mobility impaired as defined by the ADA and Rehabilitation Act on or before August 27, 2003. The evidence presented by both sides reflects that Claimant has had difficulties over the years walking and working at any job that keeps him on his feet. Claimant has testified that he has gained weight because he cannot run and cannot walk but a short distance. Walking is a major activity of daily life that has been substantially limited. The evidence reflects that Claimant has carried on work and other activities, but with significant limitations.
>
> The Special Master determines that Claimant was mobility impaired on or before August 27, 2003. The Special Master further determines that Claimant's mobility impairment remains today and that Claimant is disabled as defined by the ADA and Rehabilitation Act.

Based upon the evidence, the Special Master ruled as follows:

> IT IS HEREBY ORDERED that the claim of Raymond D. Goodloe is granted to the extent noted, and Claimant is to be compensated in the amount of $300.00 and to be provided appropriate soft soled shoes and an ankle brace while in DOC custody.....

At the time Claimant filed his motion for order of court, he had not received his monetary award. That has since been paid to him. He received a pair of shoes and an ankle brace earlier this year. Claimant maintains that these shoes are inappropriate and cause more problems than they resolve.

**II.**

The dispute that exists at this point centers upon the wording of the final order. This Special Master directed that Claimant receive "appropriate soft soled shoes and an ankle brace while in DOC custody." Defendants maintain that they have complied with the final order and have provided to Claimant appropriate soft soled shoes and an ankle brace.

Claimant maintains that the shoes provided to him are not appropriate. He complains that the soft soled shoes do not have enough rubber in the sole and no arch support. He maintains that his feet hurt due to the inappropriate support provided by the shoes given to him by DOC.

On May 29, 2009, a review of Claimant's medical history was done by Cheryl Chesnut, a nurse practitioner. *Exhibit M*. The medical history reflects recommendations for soft soled tennis shoes to help Claimant with his foot and lower leg problems. On one occasion, tennis shoes were denied by Colorado Access, the medical administrator. On other occasions, Claimant was directed to buy shoes and heel cups from the canteen. As Claimant testified at the hearing on his claim, he has limited financial resources to buy shoes.

The Remedial Plan does not provide any guidance for action after entry of a final order. The Special Masters have no direct power of contempt. *FRCP 53(c)(2)* ("may recommend contempt sanction against a party..."). The Remedial Plan has no provision for entry of judgment on the final order of a Special Master. There is nothing in the Remedial Plan that precludes Defendants from re-evaluating an inmate and determining that he is not disabled under the ADA. In fact, that is exactly what occurred in this case. *Exhibits F & G*.

The intent of the Special Master in issuing the final order was for Claimant to receive from Defendants shoes and an ankle brace that would help his physical condition. The goal was and is to provide Claimant with equipment that might alleviate the pain he is experiencing. This is part of the compensation to which he is entitled for the lack of soft soled shoes that had been recommended in the past by Drs. Patterson and Eskastrand. On December 29, 2008 at the hearing on the claim, no evidence was presented why proper shoes were not issued to Claimant in the past.

Claimant is at a disadvantage in that he cannot present an expert witness as Defendants did. Whether the shoes provided are appropriate is not clear to the Special Master. Merely offering shoes and the ankle brace did not establish that these are appropriate and in compliance with the final order.

The Special Master determines that he has the authority under the Remedial Plan to direct that Claimant be re-evaluated by a podiatrist or orthopedic specialist. That professional is to undertake an evaluation of Claimant and to make a determination if the shoes and brace provided by DOC are appropriate considering the medical condition of Claimant. A copy of the evaluation results are to be provided to the Special Master and Claimant. If the specialist finds that the shoes and brace are appropriate, then the motion is denied. If the evaluation reflects that different shoes and brace are needed, then those are to be provided to Claimant.

IT IS HEREBY ORDERED that Claimant is to be re-evaluated by a podiatrist or orthopedic

specialist to determine whether the shoes and ankle brace that he has been provided by DOC are appropriate to alleviate the pain and discomfort that Claimant is experiencing; and

IT IS FURTHER ORDERED that a copy of the evaluation results are to be provided to the Special Master and Claimant; and

IT IS FURTHER ORDERED that the evaluation shall take place on or before **December 22, 2009**.

SIGNED this 30th day of October, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master