**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

JLK
Civil Action No. 92-CV-00870-~~CMA-DES~~

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV - 9 2009
GREGORY C. LANGHAM
CLERK

Jesse (Jesus) Montez, et al
Plaintiff

-vs-

Bill Owens, et al
Defendants

Claim Number: 03-420
Category III
Claimant: Santos Romero, DOC #48563
Address: KCCC – CCA, 49777 Country Rd V, P.O. Box 2000
Burlington, Colorado 80807

**MOTION TO SUPPLEMENT THE RECORD**

COMES NOW, Plaintiff/Claimant, Santos Romero, pro se, hereby request that the court allow claimant to supplement the record before a decision is given in his claim; in his objective to the final order of the special master. As grounds in support thereof, under excusable neglect, states as follows:(No. 1 through 12 should be available in the "Evented In" of plaintiff's claim.)

1. Claimant had to send his original and only copy of his objection to the final order of the special master in order to meet the required deadline, of which Judge Kane informed plaintiff this was to be his last extension of January 6, 2009 to be filed to the U.S. District Court.

2. A week or so after meeting this deadline, I found a cover letter that should have accompanied my objection. This letter (document 3813) informed the court that I was not allowed copies to be made by the law library here at Kit Carson Correctional Facility. So, I sent it to the court as soon as I found it. In this cover letter I also requested the court to make the needed copies and to send a copy to the Attorney General's office on my behalf. And I also requested that my original be sent back to me.

3. I received an order of the special master dated January 27, 2009. In it stated, document #3783 "Reply to Defendants Response to Claim with Supporting Documents"………had been in support of the objection.

4. So again I sent a letter inquiring about my original objection and explained how I had to actually cut and paste it together due to the tendonitis I had developed and was unable to complete the typing.

5. I then received another order of special master, dated February 11, 2009 in reply to this letter advising me to contact the clerk for copies and/or the return of my originals.

6. I was unsure on how to proceed since I already had copies of document #3783 (Reply of May 1, 2007). So I could only hope that the court had received my full objection.

7. As I continually wait, I have never received my original. So around July 22, 2009 I decided to write the clerk of the U.S. District Court to inquire again on the status of my claim and to express my concern of the cut & pasting I had to do on the original copy of my objection.

8. I then received a letter from the clerk dated July 30, 2009. It stated how much the documents (3783 & 3813) would cost me for copies.

9. So, I again wrote to the clerk describing the "cut & paste" objection that was previously submitted and of which I need copies (3813) of. I do not need a copy of 3783 because I already have a copy of that document.

10. I received a reply dated August 7, 2009. The clerk again explained the same situation to me and added, "to confirm the court has received your entire filing, you can request copies of the document". Within a few days of receiving this reply, the Masters sent me a copy of document of 3783 that I had previously requested to be added to my objection, which was file dated January 20, 2009 along with all copies of the extension of time I requested to file my objection. Extensions I wouldn't have needed if I only had document 3783 as an objection.

11. I discussed my situation with an individual who previously worked as a clerk for a law firm and was advised to write and request the "Evented In" listing after the deadline date of January 16, 2009 on my claim, so I did.

12. I received a reply to this request on order of special master, dated August 28, 2009 stating that my request for the "Evented In" would be treated as a further objection to be forwarded to Judge Kane.

13. I then asked my sister to contact the court for me to inquire on the status of my claim and try to get this matter resolved. She informed me on 9/26/2009 that the female clerk she spoke to said there was nothing in the system that showed they had received anything from me in 2009. In other words, they are saying that my full objection never even made it to the district court. I disagree and prove otherwise by showing the court discrepancies in motions filed to the district court on my claim.

Note: Copies to review and compare is numbered on top of copied page, which correlates with each area discussed.

A) To begin, a copy of page one of the first document 3783 – "Reply to Defendants Response to Claim with Supporting Documents", was filed to the court. This was stamped "Receive May 1, 2007" by the clerk. Note: Top of page is #13A.

B) Secondly, copies of four pages from this May 1, 2007 filing (pages 4, 7, 8 & 9) are marked as #13b4, #13B7. #13B8 and #13B9).

C) Thirdly, to compare the first page of the second document 3783 was presented to the court. This is when I requested that it be added to my "Objection to the Final Order of the Special Master with Supporting Documents Pursuant to Federal Rule of Civil Procedure 53 (g) (2)". Was stamped "Filed January 20, 2009" with top listed heading, Case 1:9x0CV-00870-CMA-DES Document 3783 Filed January 20, 2009, page 1 of 42.

D) Following next, copies of four pages from this January 20, 2009 stamped filing. These being pages 4 of 42, 7 of 42, 8 of 42 and 9 of 42. Please note differences between pages 4,7,8 & 9 from May 1, 2007 filing and pages 4,7,8 & 9 from January 20, 2009 filing. There was no editing done in the May 1, 2007 filing whereas there was "hand-written" editing in the January 20, 2009. Also of importance on the January 20, 2009 filing, on page 8 of 42 shows a 12 point typed editing on top of the page causing a smaller top margin. The editing is: "Bulte-Meyer vs Fort Wayne Community Sc., 100F3d 1281, 1285 (7th Cir. 1996)".

Whereas in the May 1, 2007 stamped filing, this case is missing because I forgot to list this case before addressing it (copy may show erased hand-written editing). Also note that all May 1, 2007 filing is in 10 point type vs 12 point and both May 2007 and January 2009 are marked as Document 3783.

14. Also enclosed is "Outgoing Restricted Inspection Mail Log" from Kit Carson Correctional Facility. This is proof for the January 16, 2009 deadline given by order of Judge Kane, had in fact been met.

15. I also present to the court a rough draft of the first page of my Objection, Notice: Civil Action No. "CMA" change and listed in the bracket heading of this motion as I have requested several times with great concern in my letters and requests is: Objection to the Final Order of the Special Master – Pursuant to Federal Rule of Civil Procedure 53 (g) (2)". I would later add after "Master", with Supporting Documents.

16. The evidence I now give shows my Objection was in fact received and filed the 20th of January 2009 but I am only being allowed to present to the court my added "Reply" (document 3783) as my Objection to the Masters Final Order.

17. Since this portion of my presented Objection is the only part given to the court to render a decision on my claim, I am in fact not being allowed to file my own Full Objection or take part in the filing of the Federal Rule of Civil Procedure on behalf of my health and claim? Even though on page 5 of the Final Order of the Special Master – IV Order, I am advised that I may file and Objection – Pursuant to Federal Rule of Civil Procedure 53 (g) (2), Order date: February 29, 2008.

THEREFORE, Claimant prayerfully requests that this motion to supplement the record be accepted by the court and Plaintiff respectfully requests for a stay on the pending decision on his claim. And that time be allowed to this claimant to redo his objection with updated evidence. Added evidence that was found in defendants own exhibits presented at the October 2007 hearing held here at Kit Carson Correctional Facility. This evidence was what plaintiff was not allowed access to that has been discussed throughout his claim.

This key evidence was only found in claimant's misplaced objection in support of his claim and is missing in document 3783 which has been handed to the U.S. District Court to make an unbiased decision. And/or, I ask the court to find this lost objection and accept document 3783 as a supplement, as claimant had intended it to be. Or, to have it added to, if the court allows a redone objection so it can get reviewed in an appropriate manner.

The plaintiff would also like to petition the court to be able to be seen by a specialist in the medical field concerning his impairments. This is a request that was left out of his original objection.

Mr. Romero has only tried to give the court the kind of evidence accepted throughout ADA precedent case law.

**CERTIFICATE OR MAILING**

I, Santos Romero, hereby certify that on this 6th day of NOVEMBER, 2009, a true copy of the foregoing document was logged and deposited in the Kit Carson Correctional Facility's mail system. With First Class postage, pre-paid and addressed to the following:

James Quinn
Jess Dance
Office of the Attorney General
1525 Sherman Street
Denver, Colorado 80203

Clerk of the United States District Court
901 19th Street
Denver, Colorado 80294

Santos Romero, PRO-SE
Santos Romero, DOC #48563
KCCC-CCA/Inmail Legal Mail
P O Box 2000
49777 Country Road V
Burlington, Colorado 80807



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-EWN-OES (Consolidated for all purpose with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

MAY 1 2007

v.

BILL OWENS et al.,

Defendants.

---

Claim Number 02-332
Category II
Claimant: Santos Romero #48563
Address: KCCC, 49777 County Road V, Burlington. CO 80807

---

**REPLY TO DEFENDANTS RESPONSE TO CLAIM WITH SUPPORTING DOCUMENTS**

---

COMES NOW Plaintiff/Claimant, Santos Romero pro es, and respectfully submit the following Reply to Defendant's Response of Romero's Claim, with Supporting Documents.

Claimant Santos Romero is a member of the class with qualified disabilities under the guidelines of the Montez Remedel Plan, Section IV, Mobility Impaired. Mr. Romero submitted the required paperwork in this class-action, American Disability Act (ADA) litigation. (Initial (In.) and Supplemental (Supp. Claim Forms)

Although Mr. Romero listed several areas of complaint, he will only be arguing main issues that fully fall under the guidelines of the Remedel Plan and ADA case law. Mr. Romero's "combined" disabilities, excepted by the ADA of 1990, is as follows:

1) Back: Scoliosis and Degeneration in the Lumbar

2) Left Foot: Crushed foot injury with surgical side-affects

pairment he was still not allowed this needed accommodation. Eventhough, other inmates were freely given bottom bunk restrictions for such problems as: arthritic twice broken toe, one degenerative disk, or a tricky knee. As they should.

It took a year to complete the grievance process with Ms. K. Holtz, AIC. And it still wasn't resolved. And Claimant was only given 30 days for the requested restrictions. Even though his consitions would be getting any better.

Althoug Plaintiff feels being moved to the Kit Carson Corr. Facility was done to rid CDOC of a problemed inmate (standing up for his constitutional rights as a disabled inmate). But Romero now sees it may have worked out to his best interest. After arriving and going the medical gamit, I was finily allowed access to a doctor. And from that time forward, Dr. Tiona has assisted with Accommodations. Without Claimant having to ask for them.

Eventhough, CDOC was aware of my severe daily pain (October 2003 - a date expressed in my complaint). Defendants would not contimplate a combined disability connection recognized by the ADA.

Once viewing recent e-rays with Dr. Tiona, she commented, "I ddidn't know you had scoliosis?' "'Now I know where your pain is comimg from.'" The x-rays showed a large curve in the upper back and a small curve setting on the lumbar. These are the areas where Romero has felt slippage throughout his life (See Initial Exhibit #3 - Amb. Health Record: re accurent episodes - catch - discomfort, (R) mid trap M - near spine 08/30/83).

And even if Claimant is sitting and turns to his right or

#13B7

LEGAL ARGUMENT & CITATION TO AUTHORITY

Degendant's assert Claimant does not meet the guidelines for the agreed upon Montez Remedel Plan, nor the ADA. Claimant courteously disagrees.

In Sutton v. United Air Lines, Inc., 130 F.3d 893, 904 (10th Cir. 1997) Aff'd, 577 U.S. 471, 119 S.Ct. 2139, 144 L. Ed. 2d 450 (1999) at 899 [8]. If the uderlying disorder or condition makes worse or diminishes in a material respect any of the enumerated body systems of the individual, then it should be cosidered and impairment, Also at 902 - Some impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors. see Roth v. Lutheran Gen. Hosp., 57 F.3d 1446, 1454 (7th Cir. 1995).

Clamant addresses the court through this brief and lay upon them, what I see as guidelines met through above wording. And as stated in brief several times. Clainamt falls under combined disabilities. Which meets guidelines, procedures and statuary rubic, building blocks of the ADA. And with this, Claimant does in fact fall under the protection of the ADA. And which, the Defendants are acting in bad faith in Violation of the ADA and accompanying regulation, by not recognizing Mr. Romero's 4-prong combination disability (ADA of 1990, section 102(b)(5)(A), 42 U.S.C.A. section 12112(b)(5)(A); 29 C.F.R. Part 1630 App., section 1630.2 (o)(3).

Again at 1285 [3], A part that obstructs, or delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith. In essence, the court should attempt, to isolate the cause of the breakdown and then assign responsibility. Beck, 75 F.3d at 1135.

Moving on in Bultemeyer - But properly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he/she must specifically say "I want a reasonable axxommodation," See Beck, also, ADA of 1990 section 102 (b)(5)(A), 42 U.S.C.A. section 12112 (b)(5)(A); 29 C.F.R. Part 1630 App., section 1630.2 (o)(3).

And in, McAlindin v. Couty of San Diego, 192 F.2d 1216, 1234 -35 (9th Cir. 1999) at 1237 [3,4].

The essence of the concept of reasonable accommodations is that, in certian instances, employers must make special adjustments to their policies for individuals with disabilities. See Shjapiro v. Cadman Towers, Inc., 51 F.3d 328, 334-35 (2d Cir. 1995). The ADA place a "duty to accommodate" on employers in order to remove barries that could impede ther abillity of, qualified individual with disabilities to perform the jobs. Criado, 145 F.3d at 445. And at 1238 [12] - The ADA definition of discrimination include not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability.

In Bultemeyer and McAlindin, the light shines heavily on the fault of the Defendants. And Bultemeyer is so on point with his

case, that Claimant could give the court uncanny comparisons. But I'm sure, the court is aware with such case law. That Mr. Romero's paperwork already given and seeing in above brief, it can be obviously visable to the court too. And that Defendants did not give the process a chance. Nor did the engage, inquire or even try to meet Claimant half-way. They avoided and treated Claimant as though he is suffering from something minor. And as in this case, took hasty advantage, as what they (CDOC) saw as an opportunity to rid themselves of a problemed, stubborn inmate. Thus moving Romero to a private prison.

This whole incedent may not have gotten worse, if only someone had merely had the patience to sit down and talk with Romero. Or discuss his concerns with the mental health staff that worked in the same area as they. Instead, the placed the whole burden on Claimant's shoulders to interact. And do their job with this process. Because it is a their continuing duty and is not exhausted by one effort. Such things take a great deal of communications. Neither parties should cause a breakdown in the process and impede the ability to perform a job.

Plaintiff continues with issue on available records for his claim. Addressing, Beck v. University of Wisconson B.D. of Regent's, 75 F.3d 1130 (7th Cir. 1996), at 1136.

29 C.F.R. pt. 1630, app. Where the missing information is of the type that can only be provided by one of the parties, failure to provide the information may be the caues of the breakdown and the party withholding the information may be found to have obstructed the process.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-EWN-OES (Consolidated for all purpose with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 20 2009

GREGORY C. LANGHAM
CLERK

---

Claim Number 02-332
Category II
Claimant: Santos Romero #48563
Address: KCCC, 49777 County Road V, Burlington. CO 80807

---

**REPLY TO DEFENDANTS RESPONSE TO CLAIM
WITH SUPPORTING DOCUMENTS**

---

COMES NOW Plaintiff/Claimant, Santos Romero pro es, and respectfully submitt the following Reply to Defendant's Response of Romero's Claim, with Supporting Documents.

Claimant Santos Romero is a member of the class with qualified disabilities under the guidelines of the Montez Remedel Plan, Section IV, Mobility Impaired. Mr. Romero submitted the required paperwork in this class-action, American Disability Act (ADA) litigation. (Initial (In.) and Supplemental (Supp. Claim Forms)

Although Mr. Romero listed several areas of complaint, he will only be arguing main issues that fully fall under the guidelines of the Remedel Plan and ADA case law. Mr. Romero's "combined" disabilities, excepted by the ADA of 1990, is as follows:

1) Back: Scoliosis and Degeneration in the Lumbar

2) Left Foot: Crushed foot injury with surgical side-affects

pairments he was still not allowed this needed accommodation. Eventhough, other inmates were freely given bottom bunk restrictions for such problems as: arthritic twice broken toe, one degenerative disk, or a tricky knee. As they should.

It took a year to complete the grievance process with Ms. K. Holtz, AIC. And it still wasn't resolved. And Claimant was only given 30 days for the requested restrictions. Even though his conditions wouldn't getting any better.

Although Plaintiff feels being moved to the Kit Carson Corr. Facility was done to rid CDOC of a problemed inmate (standing up for his constitutional rights as a disabled inmate). But Romero now sees it may have worked out in his best interest. After arriving and going the medical gamut, I was finally allowed access to a doctor. And from that time forward, Dr. Tiona has assisted with Accommodations. Without Claimant having to ask for them.

Eventhough, CDOC was aware of my severe daily pain (October 2003 - a date expressed in my complaint). Defendants would not contimplate a combined disability connection recognized by the ADA.

Once viewing recent x-rays with Dr. Tiona, she commentted, "I didn't know you had scoliosis?' "'Now I know where your pain is comimg from.'" The x-rays showed a large curve in the upper back and a small curve setting at the lumbar. These are the areas where Romero has felt slippage throughout his life (See Initial Exhibit #3 - Amb. Health Record: re accurent episodes - catch - discomfort, (R) mid trap M - near spine 08/30/83).

And even if Claimant is sitting and turns to his right of

LEGAL ARGUMENT & CITATION TO AUTHORITY

Defendant's assert Claimant does not meet the guidelines for the agreed upon Montez Remedel Plan, nor the ADA. Claimant courteously disagrees.

In Sutton v. United Air Lines, Inc., 130 F.3d 893, 904 (10th Cir. 1997) Aff'd, 577 U.S. 471, 119 S.Ct. 2139, 144 L. Ed. 2d 450 (1999) at 899 [8]. If the uderlying disorder or condition makes worse or diminishes in a material respect any of the enumerated body systems of the individual, then it should be considered an impairment, Also at 902 - Some impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors. see Roth v. Lutheran Gen. Hosp., 57 F.3d 1446, 1454 (7th Cir. 1995).

Claimant addresses the court through this brief and lay upon them, what I see as guidelines met through above wording. And as stated in brief several times. Claimant falls under "combined disabilities." Which meets guidelines, procedures and statuary rubic, building blocks of the ADA. And with this, Claimant does in fact fall under the protection of the ADA. At which, the Defendants are acting in bad faith in violation of the ADA and accompanying regulation, by not recognizing Mr. Romero's 4-prong combination disability (ADA of 1990, section 102(b)(5)(A), 42 U.S.C.A. section 12112(b)(5)(A); 29 C.F.R. Part 1630 App., section 1630.2 (o)(3).

Bultemeyer v. Fort Wayn Community Sch., 100 F.3d 1281, 1285 (7th Cir. 1996)

At 1285 [3], A party that obstructs, or delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith. In essence, the court should attempt, to isolate the cause of the breakdown and then assign responsibility. Beck, 75 F.3d at 1135.

Moving on, (Bultemeyer- Supra) properly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he/she must specifically say "I want a reasonable a ommodation," See Beck, also, ADA of 1990 section 102 (b)(5)(A), 42 U.S.C.A. section 12112 (b)(5)(A); 29 C.F.R. Part 1630 App., section 1630.2 (o)(3).

And in, McAlindin v. Couty of San Diego, 192 F.2d 1216, 1234 -35 (9th Cir. 1999) at 1237 [3,4].

The essence of the concept of reasonable accommodations is that, in certian instances, employers must make special adjustments to their policies for individuals with disabilities. See Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 334-35 (2d Cir. 1995). The ADA place a "duty to accommodate" on employers in order to remove barries that could impede the abil ity of, qualified individual with disabilities to perform their jobs. Criado, 145 F.3d at 445. And at 1238 [12] - The ADA definition of discrimination include not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability.

In Bultemeyer and McAlindin, the light shines heavily on the fault of the Defendants. And Bultemeyer is so on point with his

case, that Claimant could give the court uncanny comparisons.

Mr. Romero's paperwork already given and seeing in above brief, it can be obviously visable to. And that Defendants did not give the process a chance. Nor did theyengage, inquire or even try to meet Claimant half-way. They avoided and treated Claimant as though he is suffering from something minor. And as in this case, took hasty advantage, as what they (CDOC) saw as an opportunity to rid themselves of a problemed, stubborn inmate. Thus moving Romero to a private prison.

This whole incedent may not have gotten worse, if only someone had merely had the patience to sit down and talk with Romero. Or discuss his concerns with the mental health staff that worked in the same area as they. Instead, they placed the whole burden on Claimant's shoulders to interact and do their job with this process. Because it is their continuing duty and is not exhausted by one effort. Such things take a great deal of communications. Neither parties should cause a breakdown in the process and impede the ability to perform a job.

Plaintiff continues with issue on available records for his claim. Addressing, Beck v. University of Wisconson B.D. of Regent's, 75 F.3d 1130 (7th Cir. 1996), at 1136.

29 C.F.R. pt. 1630, app. Where the missing information is of the type that can only be provided by one of the parties, failure to provide the information may be the cause of the breakdown and the party withholding the information may be found to have obstructed the process.

#14

# OUTGOING RESTRICTED INSPECTION MAIL LOG

FACILITY: Kit Carson Correctional (Month/Year) Jan. 2009 AR Form300-38A (09/01/07)

| Offender Signature | Offender Name (Print) | DOC # | Date Received | ADDRESSED TO: | DATE MAILED | DOC Employee Name | ID BADGE # |
|---|---|---|---|---|---|---|---|
| 1 Santos Romero | SANTOS ROMERO | 48563 | 1/16/09 | Office of the Clerk United States District Court Alfred A. Araj Courthouse 901 19th st Rm A105 Denver Co 80294-3589 | 1/16/09 | D. Lamb | 7563666 |

Attachment "A"

#15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action Mo. 92-cv-870-CMA-OES

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

v.

BILL OWENS, et al,.

Defendants.

---

**OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER**
Pursuant to Federal Rule of Civil Procedure 53 (g)(2)

---

COMES NOW, Plaintiff/Claimant, SANTOS ROMERO , pro se, and respectfully submit the following objection to final order of special master, with updated supporting documents.

Claimant, Santos Romero still feels he is a member of the class with his combined impairments. And with these combined impairments Claimant meets the qualified guidelines of the (agreed upon) Montez Remediel Plan under Section IV, Mobility Impaired. Mr. Romero has submitted the required paperwork to the masters, being the, "Initial and Supplemental Claim Forms". Ofwhich, is in the possession of the masters,for the courts review. Since early proceedings did not allow any requirements of allowable amounts of copies. So at that time I did not have the monies for payment of more than 10 sheets. So Plaintiff comes only with his Reply To Defendant's Response To Claimant With Supporting Documents, for available access for the courts review. And I ask the court to please add to this objection to the master's final order. because it was not [illegible] looked at. I also ask the court to note comments added in Claimants "Appendix".