IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE (JESUS) MONTEZ, *et al.*,

Plaintiffs,

v.

BILL RITTER, *et al.*,

Defendants.

## DEFENDANTS' MOTION TO STOP DISCOVERY REQUESTS

Defendants, through counsel, Elizabeth H. McCann, James X. Quinn, and Berina Ibrišagić, of the Colorado Attorney General's office, hereby submit the following Motion to Stop Discovery Requests.

**CONFERENCE AND NOTICE**

Pursuant to the D.C.Colo LCivR 7.1(A), the undersigned counsel conferred with Plaintiffs' counsel prior to the filing of this motion on November 10, 2009.  Plaintiffs' counsel objects to the filing of this Motion.

1.  Plaintiffs' First Set of Discovery requests were sent on April 29, 2009.  The Requests were extensive and asked for volumes of materials.  There were twenty-five (25) interrogatories and requests for production.  Defendants asked for, and Plaintiffs agreed to, a thirty (30) day extension.  On July 2, 2009, Defendants delivered twelve (12) large notebooks of material, which included many CDs with multiple pages of materials to Plaintiffs.  On September 3, 2009, Defendants emailed Plaintiff's counsel responses to some of the interrogatories in a different format requested by Plaintiffs.

2.  Plaintiffs' counsel then began a series of requests for hundreds of ADA Inmate Coordinator ("AIC") files, working files, and medical files of individual offenders. These were emailed on July 2; August 13 and 26; September 8, 11, 15, 21, and 24; October 2; and most recently on November 2, 2009.

3.  On September 18 and 25, 2009, Plaintiffs' counsel produced some of the medical releases for the medical files, but not all.

4.  In the meantime, Plaintiffs' counsel served the Defendants with a Second Set of Interrogatories and Requests for Production of Documents on September 11, 2009 with twenty-five (25) new interrogatories and requests for production.  Then on September 14, 2009, Plaintiffs' counsel served a supplement to the second discovery request with ten (10) more interrogatories.

5.  To date, Defendants have provided Plaintiffs' counsel with 37 bankers' boxes of notebooks and additional CDs in response to interrogatories and supplemental interrogatories served by Plaintiffs' counsel.  This does not include the hundreds of AIC, working, and medical files for individuals which have been produced.

6.  The AIC files are kept in the Office of the AIC in Colorado Springs for every individual inmate who requests to have a screening for a disability finding.  These files are extensive, and it takes considerable time and personnel to copy them and deliver them to Denver then to the Plaintiffs' counsel office.  The working files are kept at the Department of Corrections ("DOC") head quarters in Colorado Springs for each individual inmate, and medical files are kept at various facilities throughout the State of Colorado, depending on where the inmate is housed.  Some inmates have multiple AIC, working, or medical files that require additional time to be copied.

7. To date, in total, Plaintiffs' counsel has requested 675 AIC files, including 21 new files requested on November 2, 2009. Defendants have produced 494 AIC files and 127 more are being sent to Plaintiff's counsel this week. Twenty-eight (28) of the AIC files Plaintiffs' counsel requested do not exist, as those inmates have not requested disability screenings. In fact, one of those inmates was discharged from DOC on March 27, 1986, long before the Montez case began. Defendants will provide the remaining two (2) AIC files to be sent to Plaintiffs' counsel, excluding the November 2 request. Those files are currently being copied and will be sent to Plaintiffs' counsel this week. Plaintiffs' counsel have requested 63 working files, 51 have been provided to date and the 12 remaining are being copied and will be sent to Plaintiffs' counsel shortly. Plaintiffs' counsel asked for 182 medical files, and 132 have been provided. Defendants' counsel are waiting to receive 16 medical releases from Plaintiffs' counsel, before those medical files can be produced as requested.

8. Defendants have provided Plaintiffs' counsel with **over sixty (60)** bankers' boxes full of AIC, medical, and working files containing **thousands of pages** of material, and more are still being provided almost weekly, as the files are being copied by the DOC staff. These boxes are **in addition to the 37 boxes** referenced earlier, which were provided in response to discovery requests.

9. The Attorney General's office has spent approximately $10,000.00 in copying costs already, and DOC has spent countless personnel hours in copying in house, as well as thousands of dollars for out of office copying costs. The enormous amount of personnel and lawyer time and the extraordinary amount of money being spent on discovery in this case is outrageous. This is time and money that could be so much better spent on actually

helping the disabled in prison, instead of going to lawyers!  Surely Plaintiffs' counsel can find something to complain about in 600 plus files, or maybe they cannot, so they just keep asking for more.  This has got to **STOP!**

10. Even as we were preparing this motion to file on November 10, 2009, Plaintiffs' counsel emailed yet <u>another</u> discovery request to Defendants' counsel!

11. Fed.R.Civ.P. 26(b)(2)(C)(iii) states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

12. The compliance hearing in this matter has been set for the month of January, 2010. Plaintiffs' counsel has already obtained AIC, medical, and working files for over 600 individuals.  Defendants are still working very hard on copying all of the requested files to date.  To allow further discovery by Plaintiffs would outweigh its likely benefit considering the needs of the case, Defendants' resources, and the importance of the additional discovery in resolving the issues in this case.  The boxes of files already provided to Plaintiffs' counsel should be more than enough paperwork for them to prepare for the compliance hearing in January.  Plaintiffs' counsel has not had the time to review all of the files provided to them to date, and it is unclear that they would have the time to review any additional files in time for the January compliance hearing. Defendants and defense counsel do not have time to prepare for the hearing because their time is being spent responding to extremely burdensome and overreaching discovery

4

requests! To add insult to injury, Defendants have to pay 4 or 5 plaintiffs' lawyers and

legal assistants to review all of this. Please put an end to this madness.

WHEREFORE, Defendants respectfully request that the Court grant its Motion to Stop

Discovery Requests and rule that Defendants do not have to produce the files Plaintiffs'

counsel requested on November 2, 2009 or subsequent to that date.

Respectfully submitted this 10th day of November, 2009.


JOHN SUTHERS
Attorney General


s/ Elizabeth H. McCann
ELIZABETH H. MCCANN*
Special Assistant Attorney General
JAMES X. QUINN*
Senior Assistant Attorney General
BERINA IBRIŠAGIĆ*
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  (303) 866-3261
Facsimile:  (303) 866-3261
E-mail:       beth.mccann@state.co.us
                  james.quinn@state.co.us
                  berina.ibrisagic@state.co.us

*Counsel of Record

5

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 10th day of November 2009, I electronically

filed the foregoing MOTION TO STOP DISCOVERY REQUESTS with the Court using the

MC/ECF system which will send notification of such filing to the following email addresses:

Paula Greisen                                      Ed Ramey
Jennifer Riddle                                    Lara Marks
greisens@kinggreisen.com                           Blain Myhre
riddle@kinggreisen.com                             earamey@ir-law.com
                                                   lmarks@ir-law.com
                                                   bmyhre@ir-law.com

s/ Elizabeth H. McCann

_____
Colorado Office of the Attorney General