IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-381
Category: Untimely Filed Claim
Claimant: Thomas D. Tillery, #132387
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

# FINAL ORDER OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the claim form of Thomas D. Tillery (Claimant). In that claim form, Claimant has alleged that he has been disabled since 2006 as mobility impaired and since 2008 as a diabetic. He also alleges that he has a reason for the late filing of his claim.

    Pursuant to Judge Kane's order of September 1, 2009, Defendants were granted the opportunity to file an objection to the claim. Despite being granted up to and including November 9, 2009, Defendants have not filed an objection to the claim.

    Despite the failure of Defendants to file an objection, the Special Master must make a determination on his own as to whether there is jurisdiction to adjudicate this claim. This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

    In his claim form, Claimant states that he came into DOC custody on September 6, 2006. He states further in that form that he became disabled due to mobility impairment in April, 2006 and was diagnosed as diabetic in August, 2008. Claimant has detailed the concerns he has about his

conditions and why he is seeking court intervention. It is clear from the claim form and other submitted documents that Claimant was not disabled until April, 2006, which was before he came into DOC custody.

Article XXXII provides a claim process for discrimination that occurred *before* August 27, 2003. Claimant was not in DOC custody on or before that date. There is no jurisdiction under Article XXXII to adjudicate this claim.

The issue of whether an individual inmate may file a *pro se* motion or claim seeking relief for what has occurred since August 27, 2003 has not been resolved. At the time of the issuance of this order, the controlling case law would require that this claim be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his claim. Judge Kane has taken the jurisdictional issue under advisement.

IT IS HEREBY ORDERED that the claim of Thomas D. Tillery is dismissed to the extent that it requests relief under Article XXXII of the Remedial Plan, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's claim as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 25, 2010.**

SIGNED this 13th day of November, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

---

Richard M. Borchers
Special Master