IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



Civil Action No.: 92-CV-870-JLK

Jesse MONTEZ, et al.,

    Plaintiff(s),

v.

Bill OWENS, et al.,

    Defendant(s).

---

Claim Number: 03-462
Category: III
Claimant: Wiley A. Brown, #59211
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215

---

### CLAIMANT'S MOTION OF OBJECTION

    THIS MATTER came before the Special Master for hearing on July 17, 2009, and held at the Colorado Territorial Correctional Facility(C.T.C.F.) in Canon City, Colorado. Present were the following: Mr. Wiley A. Brown(Claimant) and Mr. Rob Huss, attorney for the Defendants.

    Claiamnt called himseld as a witness. Defendants called Dr. Gagandeep Singh, M.D., as an expert witness. Defendants offered into evidence Exhibits A-1 through 26, B, C, and D, and all were admitted. At the conclusion of all testimoney, the Special Master took the case under advisement.

    The United States Court of Appeals for the Tenth Circuit has ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. **Fitzgerald v. Corrections Corporation of America**, 403 F.3d 1134, 1143(10th Cir. 2005). Cases involving substandard care of medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation ACt are statutes that prevent discrimination that is premised upon disability. A dispute about the scope and

quality of medical care cannot be resolved under the ADA and Rehabilitation Act. To the extent that Claimant believes that he was a victim of discrimination as the result of the medical care provided to him, there is no jurisdiction over such claim due to the **Fitzgerald** decision.

Claiamnt has not established that he was treated differently, than a non-impaired inmate. Claimant has not established that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. His concerns about his medical care are not frivolous, but are beyond the jurisdiction of the Special Master in light of the **Fitzgerald** decision.

#3. Was the Claimant discriminated against by CDOC because of his or her disability? Did this conduct cause the Claimant harm, and if so, what is an appropriate remedy?(Question #4).

Since the answer to Question #3 is in the negative, this question #4 does not need to be answered.

IT IS HEREBY ORDERED that the claim of Mr. Wiley A. Brown is denied and dismissed, as Claimant has failed to prove by a preponderance of the evidence each of the four criteria set forth in the ORDER of November 23, 2004; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to the ORDER pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed must be filed with the Clerk of the United States District Court, 901 - 19th Street, Denver, CO 80294 on or before October 19, 2009.

SIGNED this 25th day of July, 2009.

BY THE COURT

Richard M. Borchers
Special Master

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their ORDER of November 23, 2004. A Claimant must establish that he was disabled, as set forth in the Remedial Plan, on or before August 27, 2003. In addition, a Claiamnt must establish that he was the victim of discrimination on or before that date.

QUESTIONS: #1. Is the Claiamnt a disabled individual who is a memeber of the class?
#2. Was the Claiamnt otherwise qualified to parti-

Page #2

cipate in the programs or receive the benefits or services offered by the CDOC?

#3. Was the Claimant discriminated against by the CDOC because of his or her disability?

#4. Did this conduct cause the Claimant harm, and if so, what is an appropriate remedy?

Most important sanctions, new sanctions are as follows: the sanctions ordered in the stipulation and ORDER issued in August 2006 are still in effect.

SANCTIONS:    #(3) Our experts will meet with the CDOC to come up with agreeable criteria for the disability screenings if the parties can not agree on the criteria, and Judge Kane will choose an independent expert to create the criteria. After this happens, the CDOC will do disability re-screen people who were improperly screened under the old criteria.

#(7) If you had an ADA grievance denied or denied as moot since July 1, 2006, you may request the Office of the AIC to re-evaluate the grievances. If the grievance had merit and should have been granted, the AIC shall explain that it should not have been denied and shall issue a new response acknowledging the error and what, if any steps, have been taken to address the grievance.

#(8) Beginning in July 2008, CDOC will test DOC employees on the requirements of the Remedial Plan every year. The results of these tests will be provided to the Plaintiffs' attorneys every year so that we can make sure that CDOC employees understand what they must do to accomodate you.

#(9) CDOC will make sure that if you have an auxillary aid that needs to be repaired, that repairs will be made within 60 days of the day that you report the need for repair. This 60-day time period applies to all auxillary hearing aids, including, but not limited to wheelchairs, hearing aids, crutches, or canes of any kind including blind canes or those assisting with mobility.

#(13) CDOC will post a notice to inform everyone that Diabetic test kits are available when Medical Personnel are not available. Every 6 months, cellhouse and secutiry staff will be trained on how to use the Diabetic test kits available at each facility.

#(14) If you have a history of hypoglycemia or have a hypoglycemic event because of your Diabetes, you will be offered the right to be immediately relocated to a cell with a call button

Page #3

if you are currently housed in a cell that can be locked by the CDOC. If you refuse the move, you will have to put your refusal in writing.

#(19) Within 90 days of the date of this ORDER, the CDOC shall offer S.O.T.M.P. Phase II at a designated facility that is comparable to the program currently available at the Arrowhead Correctional Facility.

#(20) If you Accomodation Resolution is lost or damaged, you should write to the AIC and the Office of the AIC will give you a replacement copy for free.

#(21) CDOC will develope a consistent uniform procedure for people to obtain jobs within the CDOC. In addition, the CDOC will be required to keep track of everyone who is considered for a job and how the person actually got selected for the job.

#(23) Effectively immediately, all medical co-pays will be waived for any medical treatment related to class members' disabilities and for medical treatment related to Diabetic care, except for a new $5.00 co-pay charge that every person in the CDOC, will be charged every year. Class members will no longer be charged the 6-month Chronic Care co-pay charge.

#(12) CDOC will consider that some Diabetics need to use the bathroom more often during visitation and at other times than people without Diabetes. CDOC will allow requests for bathroom breaks when possible. If the request cannot be granted, the CDOC will find other ways to accomodate the request.

#(24) All people with Diabetes will be designated as "Class Members" and the language about whether they are disabled or not will be removed from Accomodation Resolution forms. Instead, Accomodation Resolution forms will show your Diabetic status and will say that you will receive accomodations as needed , and those accomodations will include, but not be limited to: Access to fingersticks upon request, timing of meals with Insulin, access to bathroom breaks(when possible), no co-payments related to treatment for Diabetes or Diabetes-related conditions except for the annual $5.00 co-pay that all people in the CDOC are charged, access to after-hour testing kits, access to all other benefits/services including progression to lower security levels and annual education on Diabetes. Accomodation Resolution forms will also say that all benefits of the MONTEZ Remedial Plan shall be provided to these Class Members. The AIC will determine whether a Class Member with Diabetes needs an Accomodation, and what the Accomodation will be.

#(25) Class Members with Diabetes may continue to

request co-pay refunds for charges related to Diabetic care by sending a kite directly to Clinical Services. Anyone who requests a co-pay refund and is denied may file an ADA grievance directly with the Office of the AIC.

#(26) Class Members will be provided two(2) copies of their ADA grievances, when filed.

#(27) CDOC will not be allowed to take money out of MONTEZ Damage Claim Settlements or payments unless withholdings are required for repayment to the Victim Assistance Fund or restitution.

#(28) CDOC will post a notice in common areas and dayrooms in all facilities explaining that compliance period for the MONTEZ case has been extended to May 1, 2009 and the Notice will outline the recent agreements and sanctions. The Notice will stay posted until substantial compliance is agreed upon by parties or determined by the Court.

The Five Categories of Damages are:

I. General Inconvenience of Nominal Damages.

II. Damages due to loss of good time, earned time, access to programs.

III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries(such as fear of death).

IV. Damages due to severe physical injuries, and

V. Damages due to death.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their ORDER of November 23, 2004. A Claimant establishes that he was disabled as set forth in the Remedial Plan, on or before August 27, 2003. In addition, a Claimant must establish that he was the victim of discrimination on or before that date.

Is the Claimant a disabled individual who is a member of the class?

In order to prevail on my damage claim pursuant to Article XXXII of the Remedial Plan, Claimant must establish that I was disabled on or before August 27, 2003. I was granted parole May 12, 2003. This was the last day in CDOC custody prior to August 27, 2003, however, I was in custody in the Denver County Jail, Adams

Page #5

County Jail, and the Arapahoe County Jail, and I was diagnosed with Diabetes and Chronic knee injuries prior to August 27, 2003 and May 12, 2003.

Under the Rehabilitation Act and the ADA, the term Disability means:    #1). A physical or mental impairment that substantially limits one or more of the major life activities of such an individual.

#2). A record of such impairment.

#3). Being regarded as having such an impairment pursuant to 42 U.S.C. 12102; 29 U.S.C. 794(d); 29 U.S.C. 705(9)(b). The term substantiall limits refers to disabilities that make an individual unable to perform a major life activity that the average person in the General Population can perform or that significantly restricts an individual as to condition, manner, or duration under which he or she can perform a major life activity as compared to the condition, manner, or duration under which the average person in General Population can perform that same major life activities including functions such as caring for oneself, hearing, speaking, breathing, learning and working, 29 C.F.R. 16-30.2(h)(2)(1).

Diabetes: I am a Claimant that is a member of the class as a Diabetic. Exhibits #A25, #A21, #A22, and #A24 in the Medical Records.

Mobility Impairment: The evidence presented by me, the Claimant, reflects long-term problems with knees, most of the evidence presentend, including testimony, reflects recent occurences with Claimant's mobility. There was not presented concerning the years prior to August 2003. See Exhibits #A11, #A19, #A22, and #A24. This hearing was before the Special Master on July 17, 2009 at the Colorado Territorial Correctional Facility(C.T.C.F.) in Canon City, Colorado.

Objection: I, Claimant Mr. Willey A. Brown on the preponderance of the evidence that the Defendants' expert witness, Dr. Singh, M.D., testified on oath that I did not enter into the CDOC with glasses and medical shoes on 07/17/2009. Well, Exhibit #A23 shows that not to be true, and also testimony was that I was not diagnosed with Diabetes sooner than 2004. Well, Medical records at the Denver County Jail, the Arapahoe County Jail, and the Adams County Jail. Also, Exhibit #A25 shows that not to be true. Also, my Medical records at the Arkansas Valley Correctional Facility(A.V.C.F.) in the year of 2000. Also, when I did become fully knowledgeable, in my mind, of the ADA Article XXXII of the REmedial Plan, going in and out of D.R.D.C., I mentioned to the Care Provider, Mr. Chris Kowes-

Page #6

ski, about my Chronic Arthritis in both knees, and my Diabetes. The Care Provider just ignored me and never told me about the ADA Article XXXII Remedial Plan before August 27, 2003. And on August 22, 2008, at D.R.D.C., I asked Mr. Chris Kowusiu about submitting a Request Claim for Accomodation because I was taking medication for Diabetes and for severe knee pain.

I, Claimant Wiley A. Brown, am hereby filing an Objection to this ORDER pursuant to Federal Rules of Civil Procedure 53(9)(2), but said Objection with the Clerk of the Clerk of the United States District Court, 901 - 19th Street, Denver, Colorado 80294 on or before October 19, 2009. At this current time, this facility is on a Lockdown status which makes copies and mailing almost impossible.

Respectfully Submitted on this 15th day of October, 2009.

Respectfully Submitted,

*Mr. Wiley A. Brown* (signature)
Wiley A. Brown
Claimant
D.O.C. Reg. #59211
c/o C.T.C.F.
P.O. Box 1010
Canon City, Colorado   81215-1010
(719)-269-4002

## CERTIFICATE OF MAILING

I hereby certify that on this 15th day of October, 2009, a true and accurate copy(Original to Court) of the foregoing <u>Motion of Objection</u>, was placed in the United States Mail, first class postage pre-paid, and addressed as follows:

Judge Borchers
Special Master
7907 Zenobia Street
Westminster, Colorado   80030

Attorney Paula Greisen
1670 York Street
Denver, Colorado   80206

Colorado Attorney General
1525 Sherman Street
Denver, Colorado   80203

_____
Claimant

Page #8

**Colorado Department Of Corrections**

Name: Mr. Bailey A Brown
Register Number: 69124
Unit: CH 7 16-10
Box Number: 1010
City, State, Zip: Cañon City, CO 81215-1010

Judge Borchers
Special Master
1907 Zenobia Street
Westminster Colorado 80030



$00.610
Mailed From 81215
11/03/2009
US POSTAGE