IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

---

Claim Number X-383
Category: Untimely Filed Claim
Claimant: Mr. John DeBella, #133881
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

      THIS MATTER came before the Special Master on a letter by Claimant. The letter appeared to be a request for accommodation and other relief. Claimant alleged that he is disabled.

      Claimant was granted up to and including November 16, 2009 in which to file a claim. No claim has been filed by Claimant.

      This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

      It appears that Claimant may be seeking help concerning an issue that may have arisen long after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred. There is some question as to whether Claimant would be a member of the class.

The DOC Locator indicates that Claimant was sentenced on November 6, 2006 in Jefferson County. Claimant was not in DOC custody on or before August 27, 2203. Even if Claimant had filed a claim, there would be no jurisdiction to adjudicate it.

Claimant has not filed a damage claim under Paragraph XXXII of the Remedial Plan. Absent the filing of a claim, the Special Master has no jurisdiction to adjudicate any claim for what may have occurred on or before August 27, 2009.

IT IS HEREBY ORDERED that the letter of John Debella is dismissed to the extent that it requests relief under Article XXXII of the Remedial Plan, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's claim as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 25, 2010.**

SIGNED this 21st day of November, 2009.

BY THE COURT:

*/s/ Richard M. Borchers*

Richard M. Borchers
Special Master