EXHIBIT
5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870 - JLK- OES

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs

v.

RITTER, et al.,

    Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE COLORADO DEPARTMENT OF CORRECTIONS AND TO THE OFFICE OF THE ADA INMATE COORDINATOR (AIC)**

---

Defendants Colorado Dept. of Corrections and ADA Inmate Coordinator through their attorneys, the Colorado Attorney General's office, hereby respond to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents to the Colorado Department of Corrections ("DOC") and to the Office of the ADA Inmate Coordinator (the "AIC") as follows.

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

Defendants object to the Discovery Requests to the extent that they repeat discovery already conducted or obtained by Plaintiffs through informal discovery and are, therefore, cumulative, duplicative, and unduly burdensome.

Defendants also object to the Discovery Requests to the extent any request seeks information protected from disclosure by the attorney-client privilege, work-product immunity doctrine and/or any other privilege or protection.

These responses are based upon information currently available to Defendants. Defendants reserve the right to supplement or modify their responses should additional or different information become available.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. Please identify all DOC inmates that have been placed at the North Fork Correctional facility and identify whether these inmates have been screened for a disability, and if so, when the screening occurred and the results of that screening.

    **Response:** Provided in a folder

2. Please describe in detail the programs offered at the Cheyenne Mountain facility, what programs are offered at that facility, the inmates who are eligible for transfer to this facility, and what parole considerations are given to offenders who complete this program.

    **Response:** In its proposal in response to an RFP in July 2009, Cheyenne Mtn. provided a description of programs offered. That is attached in a notebook. Not all of these programs may be offered at the same time. A list of programs is also contained in Exhibit E to the contract provided in response to Interrogatory #3.

    Inmates are evaluated based on criteria. The most current criteria for consideration are provided in the notebook and are also included in the contract.

    Sometimes the Parole Board or a community corrections board determines that it will release/accept an inmate if he or she successfully completes the Cheyenne Mtn. program or one of the similar pre-release programs that are offered at DOC facilities. There is no specific documentation tracking parole consideration for those inmates who complete the program.

3. Please provide all documentation between the DOC and the Cheyenne Mountain facility regarding the contract between CDOC and that facility, the eligibility requirements, and all other documentation regarding what parole considerations will be given to inmates who complete the facilities' program requirements.

    **Response:** A copy of the contract, amendments, and exhibits is provided in the notebook in response to this interrogatory. See answer to 2 above for the remainder of this interrogatory.

4. Please produce a list of all inmates who have been placed at the Cheyenne Mountain facility since June 2008, and in so doing, please specify if any of those inmates are inmates with disabilities and, if so, their disability.

    **Response:** Provided in a folder

5. Please describe in detail how medical codes are determined for diabetic offenders. In doing so, please describe in detail how the medical codes for insulin-dependent diabetics are determined.

2

**Response:** All providers use the clinical standard titled "Medical Code Classifications" provided in a notebook when determining the medical needs of an offender. The attachments to the M-Code standard give guidance to the providers as to the appropriate classification. Diabetics are typically coded between M-2 and M-4. The codes are based upon two objective criteria: the need for insulin and the HgbA1c levels. Those offenders who have diabetes and are able to control their diabetes with their diet are coded M-2. The objective medical criterion for that code is that the offender's HgbA1c level must consistently be below 7.0. Offenders who are diabetic and receive a code of M-3 generally receive insulin or other oral medications and are very compliant with treatment. The objective medical criterion for this code is that the offender's HgbA1C level is below 9.0 and the diabetes is well controlled through diet and medication. The M-4 code is given to diabetics who are experiencing complications with their diabetes. The objective medical criterion for this code is that the offender's HgbA1C levels are consistently 9.0 or greater. These diabetics have serious issues controlling their diabetes and require a higher level of medical care than the M-3 and M-2 offenders. Also, diabetics who are new to insulin therapy are given this code for a minimum of three months until their diabetes is controlled. Those offenders who are diabetic may receive different medical code ratings throughout their period of incarceration based upon their compliance with the prescribed course of treatment for the disease and overall state of their general health.

6. Please provide all documentation executed by the Colorado Department of Corrections that instructs its medical personnel regarding how to assign the medical codes as described in response to Number 5.

   **Response:** See Clinical Standards for M-Codes provided in notebook in response to Int. #5.

7. Please provide a copy of the AIC database in alphabetical order, preferably in a searchable database showing what, if any, disability determination has been made for each individual, their facility placement, and what, if any, accommodations they have been provided. In so doing, please include all inmates in the AIC database who have been placed at the Cheyenne Mountain facility (CMRC).

   Response: A complete list of the AIC database in alphabetical order is provided in a folder. The database does not track the facilities in which the offenders are currently residing. A notebook listing facility placement is also provided. The lists do not include accommodations. Individual accommodations are reflected in the individual AIC files. The offenders placed at CMRC are provided in esponse to Int. #4.

8. Please provide two pairs of the standard issue boots currently being provided by the Department of Corrections to inmates.

   **Response:** Provided

3

9. Please provide all records and reports of accidents and/or injuries suffered by inmates during transport by the Department of Corrections between January 1, 2008 and the present.

   **Response:** Provided in folder

10. Please provide all maintenance records, reports, and other documents concerning the usage, operation, maintenance, down-time, repairs, and/or damage to the elevators in Building 5, Fort Lyon Correctional Facility, from January 1, 2008, to the present.

    **Response:** Provided in notebook

11. Please provide all maintenance records, reports, and other documents concerning the usage, operation, maintenance, down-time, repairs, and/or damage to the exterior elevator accessing Cellhouse 5 and the hobby shop at Colorado Territorial Correctional Facility, from January 1, 2008, to the present.

    **Response:** Provided memo re: this elevator in notebook

12. Please provide all video, film, and sound recordings (unredacted and regardless of the recording media) of the initiation and reactions of inmates and Department of Corrections personnel to the fire alarm which occurred in Building 5, Fort Lyon Correctional Facility, on August 19, 2009, to include all video, film, and sound records of the actions of staff and inmates to the alarm, response actions taken by Department of Corrections personnel, and the full or partial evacuation of Building 5 (all floors) in response to the alarm. Request is specifically made for all such video, film, or sound records from all physical locations within Building 5, to include, without limitation, hallways, elevators, entrances to elevators, entrances to and exits from living quarters, entrances to and exits from SMNU, and entrances to and exits from building.

    **Response:** Provided on CD in notebook

13. Please provide all reports prepared by or at the request of the Department of Corrections regarding the responses to and/or circumstances surrounding the fire alarm and evacuation that occurred in Building 5, Fort Lyon Correctional Facility, on August 19, 2009, including all emails related to that incident.

    **Response:** Provided in notebook.

14. Please provide all maintenance records, reports, and other documents concerning the operation, maintenance, down-time, repairs, and/or damage to handicapped-accessible showers and bath facilities at all Department of Corrections Facilities from January 1, 2008, to the present.

4

**Response:** Provided in notebook

15. Please provide all records and reports concerning interruptions or problems with the processing and delivery of legal mail and/or grievances from inmates at Crowley County Correctional Facility from January 1, 2008, to the present.

    **Response:** The AIC office has no records or reports concerning any problems with processing legal mail or grievances from offenders at Crowley County from 1/1/08 to present.

16. Please provide all grievances filed with the AIC for DMEs or Auxiliary Aids taken from inmates at DWCF or DRDC between May 2008 and February 2009.

    **Response:** The individual grievances are contained in the individual AIC files.

17. Please provide all documentation regarding all class members who received alternate accommodations for restroom breaks during visiting.

    **Response:** The AIC is aware of one offender who received an accommodation on his Accommodation Resolution for disposable undergarments for visiting. The AIC cannot remember the individual's name; he is housed at Sterling.

18. Please provide all documentation regarding communicating to class members that they may request an accommodation from medical or the AIC for more frequent restroom breaks during visiting.

    **Response:** See Administrative Regulation 300-01 I. 7 & 8. Posters displayed in visiting areas also inform offenders of the need to go to the restroom prior to visits. Diabetic offenders have received Accommodation Resolutions that outline their general possible accommodations and they received copies of the stipulations that discuss this area.

19. Please provide any documentation or log kept of AVCF offenders who received two copies of their initial grievance when filed.

    **Response:** This information is not tracked by the AIC office. They receive two copies as a matter of policy.

20. Please provide the number of ADA grievance forms requested by offenders at AVCF and the number sent to AIC for consideration.

    **Response:** This information is not tracked in this manner by the AIC office nor in any DOC system. The AIC will attempt to filter out those received from AVCF.

21. Please identify all offenders in wheelchairs at AVCF presently waiting to get into the SOTMP class that will need to be transferred to take the program?

    **Response**: AVCF does not house mobility disabled offenders. If the AIC is made aware of an offender at AVCF who has been determined to be mobility disabled a move to a designated facility is immediately requested.

22. Please produce all documentation prepared by DOC regarding the possible hepatitis contamination that occurred at Fremont in April of 2009 during the dispensation of insulin, including but not limited to, all investigations, reports, interviews, memos, and course of action plans.

    **Response:** Provided in notebook.

23. Please produce the actual menus of the meals served at each of the DOC facilities between January 1, 2009 and May 1, 2009.

    **Response:** Provided in three notebooks

24. Please provide a list of all inmates who have been transferred from a minimum security or minimum security-R facility to Sterling Correction Facility between September 1, 2008 and the present, and please produce the AIC and Working Files for each of the listed inmates who appear in the AIC database.

    **Response:** The list is provided in a folder. We will need to determine which AIC files have already been produced.

25. Please provide all information regarding whether DOC hired a Registered Dietician/Certified Diabetes Educator (RD/CDE) to review and maintain standards of care for inmates with diabetes, the identity of the person hired, when the person was hired, the specific job duties and the resume of the hired individual, and the results, if any, of the work conducted by this individual.

    **Response:** Provided in two notebooks

6

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production 1-4, 7, 9-21, 23-25 above are true to the best of my knowledge and recollection.

_____
Kathleen Baxter - CDOC Office of Correctional Legal Services

Subscribed and sworn before me in the County of _____, State of Colorado, this _____ day of October, 2009.

My commission expires: _____.

_____
NOTARY PUBLIC

7

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production #7, 15, 16, 17, 18, 19, 20 & 21 above are true to the best of my knowledge and recollection.

*Kathleen Baxter*

Kathleen Baxter - CDOC Office of Correctional Legal Services

Subscribed and sworn before me in the County of EL PASO, State of Colorado, this 4th day of November, 2009.

My commission expires: 12-27-12

JOE F. ESQUIBEL JR.
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 12/27/12

*Joe F. Esquibel, Jr.*
NOTARY PUBLIC

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production # 5, 6, 8 and 22 above are true to the best of my knowledge and recollection.

*Joan M Shoemaker*
Joanie Shoemaker

Subscribed and sworn before me in the County of *El Paso*, State of Colorado, this *13th* day of October, 2009.

My commission expires: 04/27/2013

RENAE JORDAN
Notary Public
State of Colorado

*Renae Jordan*
Notary Public

8

As to objections:

JOHN W. SUTHERS
Attorney General

_____

ELIZABETH H. McCANN
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for the CDOC Employees
1525 Sherman Street
Denver, Colorado 80203

## CERTIFICATE OF SERVICE

This is to certify that I have duly served this Defendants' Responses to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents to the Colorado Department of Corrections and to the Office of the ADA Inmate Coordinator upon all parties by personal delivery at Denver, Colorado, this 13th day of October 2009, to:

Paula Greisen
Jennifer Riddle
1670 York St.
Denver Co. 80206
greisen@kinggreisen.com
riddle@kinggreisen.com

and by email delivery to:

Edward T. Ramey
eramey@ir-law.com

Lara E. Marks
lmarks@ir-law.com

_____
Elizabeth H. McCann

9

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production #1, 4, 9 & 24 above are true to the best of my knowledge and recollection.

_____
Paul Engstrom

Subscribed and sworn before me in the County of El Paso, State of Colorado, this 5th day of November, 2009.

My commission expires: 3/5/2012

_____
NOTARY PUBLIC

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production #2 and 3 above are true to the best of my knowledge and recollection.

*[signature]*

Paul Hollenbeck

Subscribed and sworn before me in the County of El Paso, State of Colorado, this 5th day of November, 2009.

My commission expires: 3/5/2012

*[signature]*
NOTARY PUBLIC

I hereby swear or affirm that the responses to Plaintiffs' Second Set of Interrogatories and Requests for Production #10, 11, 12, 13, & 14 above are true to the best of my knowledge and recollection.

*[signature]*
Richard Weems

Subscribed and sworn before me in the County of ___El Paso___, State of Colorado, this ___3rd___ day of November, 2009.

My commission expires: ___July 28, 2012___

*[signature]*
NOTARY PUBLIC

*[notary seal: Marisa D Hildebrand]*

I hereby swear or affirm that the response to Plaintiffs' Second Set of Interrogatories and Requests for Production #23 above is true to the best of my knowledge and recollection.

_____
Carol Berends

Subscribed and sworn before me in the County of El Paso, State of Colorado, this 4th day of November, 2009.

My commission expires: 3/5/2012

_____
NOTARY PUBLIC

I hereby swear or affirm that the response to Plaintiffs' Second Set of Interrogatories and Requests for Production #25 above is true to the best of my knowledge and recollection.

*Kim Beicker*
Kim Beicker

Subscribed and sworn before me in the County of El Paso, State of Colorado, this 5th day of November, 2009.

My commission expires: 3/5/2012

*Jeuse B Reynolds*
NOTARY PUBLIC