IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

---

Claim Number 03-445
Category III
Claimant: Raymond D. Goodloe, #51437
Address of Claimant:  FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

### DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S ORDER DATED OCTOBER 30, 2009 (#4175) AND MOTION TO STAY

---

Defendants, through the Colorado Attorney General, respectfully object to the "Order of Special Master" regarding claimant Raymond Goodloe (Doc. 4175, filed 10/30/09) and seek a stay of the Order pending resolution of this objection.

1.  Under the Remedial Plan, a Final Order by the Special Master "may be appealed on an abuse of discretion review to the Honorable Judge Kane." *Remedial Plan, § XXXII*.

2. "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th Cir. 1995). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). In addition, an abuse of discretion occurs when the Special Master's decision is "arbitrary, capricious, or whimsical" or results in a "manifestly unreasonable judgment." *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotation omitted).

3. A *Montez* hearing on the claim of Raymond Goodloe took place on December 29, 2008 at Bent County Correctional Facility ("BCCF"). *Doc. 3849, filed March 6, 2009*. In the Order, the Special Master determined that Goodloe was mobility impaired before the August 27, 2003 cut-off date and that his mobility impairment remains. *Id*. The Special Master determined Goodloe to be disabled as a result of the mobility impairment. *Id*.

4. The Special Master determined that Goodloe was to be compensated in the amount of $300 and that "appropriate soft soled shoes and an ankle brace shall be provided to Claimant by Defendants." *Id*.

5. On April 17, 2009, the Department of Corrections provided Goodloe with medical soft-soled shoes that are the same provided to all offenders for whom such shoes are medically necessary. At the time, Goodloe was already in

possession of soft-soled shoes he had previously purchased on his own. Additionally, Goodloe was already in possession of a lace-up ankle brace that had been provided by CDOC while Goodloe was incarcerated at BCCF. Medical evaluations by CDOC medical professionals determined that Goodloe is not mobility disabled.

6. On May 22, Goodloe filed a Notice of Non-Compliance with the Court asserting that he had not received adequate shoes or an adequate ankle brace. *Attached as Exhibit A*. The Special Master treated the filing as a Motion to Compel. Defendants responded on June 22, 2009. *Attached as Exhibit B*. Goodloe filed a rebuttal on July 6, 2009, to which Defendants filed a Sur-Rebuttal on August 18, 2009. *Attached respectively as Exhibits C and D*. In the response and sur-rebuttal, Defendants provided documentation showing that Goodloe received a lace-up ankle brace and the same soft soled medical shoes provided to all offenders with medical conditions for which special shoes are medically necessary.

7. The Special Master set a hearing for October 16, 2009 to determine if the soft soled shoes and ankle brace provided by the Department of Corrections were appropriate and whether Defendants were in compliance with the Order of March 6, 2009. *Order of Special Master dated August 21, 2009*, Attached as *Exhibit E*.

8. At the hearing on October 16, 2009, Defendants provided documents and testimony indicating that Goodloe received soft soled shoes and an ankle brace.

9. Testimony and documents from the Defendants also indicated that Goodloe owns his own pair of soft soled tennis shoes and was in possession of those shoes when he received the CDOC issued medical soft soled shoes. However, as indicated at the hearing and in documents provided by Defendants, Goodloe does not want to wear the CDOC issued ankle brace with the soft soled shoes he already possessed since it would scuff the inner lining.

10. On October 30, 2009, the Special Master ordered that the CDOC send Plaintiff to an outside podiatrist or orthopedic specialist to review whether the soft soled shoes and ankle brace provided by CDOC are appropriate. *Doc. 4175*.

11. Neither the Special Master nor Goodloe is qualified to determine what is medically necessary for Goodloe's mobility impairment and whether the soft soled shoes and ankle brace provided are appropriate to alleviate his pain.[1]

12. The Special Master stated that it is within his jurisdiction to order that Goodloe be evaluated by a podiatrist or orthopedic specialist and for the medical professionals of the Department of Corrections to follow the recommendations of

---

[1] It should also be noted that allegations of pain fail to support an argument that one is substantially limited in performing a major life activity. *Bones v. Honeywell Intern, Inc.*, 223 F.Supp.2d 1203, 1219-20 (D.Kan.2002).

4

the outside specialists. *Doc. 4175, p. 3*. There is no provision in the Remedial Plan or in this Court's Order of November 23, 2004 that affords the Special Master the authority or jurisdiction to make such an order.[2] Accordingly, the Special Master abused his discretion by making an order for which no authority exists under the Remedial Plan or the Court Order of November 23, 2004.

13.     Goodloe's assertion that the shoes and brace provided to him are not adequate or appropriate is a treatment issue outside the scope of the *Montez* litigation. Such medical malpractice claims fall under the Eighth Amendment and not the Americans with Disabilities Act or Rehabilitation Act. A plaintiff cannot state a claim for improper medical care under the ADA or Rehabilitation Act. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005)(stating "it is well settled that the ADA does not provide a private right of action for substandard medical treatment"); *Johnson by Johnson v. Thompson*, 971 F.2d 1487 (10th Cir. 1992). Decisions of medical professionals that are purely medical in nature do not fall within the scope of the ADA or the Rehabilitation Act. *Fitzgerald*, 403 F.3d at 1144.

---

[2] Paragraph six (6) of the November 23, 2004 Order provides that the Special Master "could order that . . . an inmate be provided a hearing aid or cane." However, the Order does not authorize the Special Master to order that a claimant be sent to an outside specialist.

14. The Special Master abused his discretion in making a ruling on an issue related to medical treatment. Such issues are outside the scope of the *Montez* litigation as allegations related to the Eighth Amendment. The Special Master's Order of October 30, 2009 is in direct conflict with the position of the federal courts that treatment issues are not addressed by the ADA or Rehabilitation Act.

15. Even if treatment issues were addressed by the *Montez* litigation, the Special Master does not have the authority to order that Goodloe be sent to an outside specialist and that the medical professionals of the Department of Corrections follow the recommendations of the specialist. Such decisions are to be made by medical professionals within their medical judgment.

16. An inmate holds no Constitutional right to be seen by an outside specialist. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992)("Plaintiff's . . . contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation"). "Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing…." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir.), *cert. denied*, 127 S.Ct. 131 (2006). The Eighth Amendment does not permit a court to act as a medical review board and question every decision regarding a prisoner's medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A

prison doctor remains free to exercise his or her independent professional judgment." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).

WHEREFORE, Defendants respectfully object to the Order of the Special Master ordering that the Department of Corrections send Goodloe to an outside specialist and subsequently follow the recommendations of the outside specialists. Defendants also request a stay on the Order's compliance deadline of December 22, 2009 pending resolution of this objection.

Respectfully submitted this 9th day of December 2009.

                                JOHN W. SUTHERS
                                Attorney General

                                s/ Robert C. Huss
                                ROBERT C. HUSS, 38388
                                Assistant Attorney General
                                Civil Litigation & Employment Law Section
                                Attorneys for Defendant
                                1525 Sherman Street, 7th Floor
                                Denver, Colorado 80203
                                Telephone: 303-866-4500
                                Email: rob.huss@state.co.us

## CERTIFICATE OF SERVICE

I certify that on December 9, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

Raymond Goodloe, #51437  
Fort Lyon Correctional Facility  
P.O. Box 1000  
Ft. Lyon, CO 81038-1000

**Courtesy Copy To:**  
Keith Nordell, CDOC  
Wendy Grover, FLCF

s/ Mariah Cruz-Nanio_____