EXHIBIT

A

PENGAD 800-631-6989

TO:   Judge Richard M. Borchers
      Special Master-U.S. District Court/Colorado
      Legal Resolution Center
      7907 Zenobia St.
      Westminster, Co.  80030-4444

RECEIVED
MAY 23 2009
By_____

FROM:  Raymond D. Goodloe #51437
       F.L.C.F.  Unit #5-238-A
       Po. Box 1000
       Fort Lyon,  Co. 81038

DATE:  May 22, 2009

RE:   Claim #03-445, Category III
      Non-Compliance with Final Order Dated March 6, 2009

---

Dear Judge Borchers;

I hope this letter find's you well and enjoying the warm weather.

This letter is to let you know that the Colorado Department of
Corrections and the Medical department here at F.L.C.F. are in
violation of the Final Order of the Court, dated March 6, 2009.
In the Final Order, the Court Ordered C.D.O.C. to provide the
Claimant with "Appropriate" Soft Soled shoes and an ankle brace.
The Court also Ordered C.D.O.C. to compensate the Claimant for
denial of appropriate shoes and ankle brace in the amount of
$300.00.

    The Court gave the Defendants and the Claimant an opportunity
to file any objections to the Final Order, in which the deadline
for filing such complaints was set for on or before May 18, 2009.
The Claimant assumed that, if the Defendants chose not to object
to the final Order of the Court, they would have to be in total
compliance with the Order no later than the May 18, 2009 deadline.
The Claimant also assumed that he would have been provided an
appropriate pair of Soft Soled shoes, an appropriate ankle brace
and that the compensation award of $300.00 would have been credited
to the Claimant's inmate account No Later than May 18, 2009.
However, as of this date, the Claimant has NOT recieved any of
the item's listed in the Final Order, except that the Claimant
was issued a pair of " Sub-Standard " velcro fasten tennis shoes
that are constructed out of a hard rubber sole, have absolutely

<u>NO</u> arch's or arch supports and are flatter than my Grandmother's dinning room table.  There is absolutely <u>NO</u> cushion of any kind inside the shoe.

Upon arrival at F.L.C.F. on March 19, 2009, the medication's the Claimant was taking to manageswelling and pain in his right ankle, as well as the medications he was taking to manage the effects of a pinched nerve in his shoulder and severe heartburn he suffers due to the effects of his ankle injury making it extremely difficult for him to recreate and/or digest his meals properly, were summarily taken. Ms. Kathy Holt, a provider at F.L.C.F. who was also called as a wittness in the A.D.A. hearing held at B.C.C.F., informed the Claimant that he could purchase the medications from canteen services if he felt he nedded them!

The Claimant submits that canteen services does not sell the same medications hewas receiving prior to his return to F.L.C.F., which were Naproxin 500mg for swelling and pain relief, Flexoril 20mg for treatment of a pinched nerve in the shoulder and Zantac 300mg for severe heartburn, and at least one of these medications were provided to the Claimant prior to his being transferred <u>From</u> F.L.C.F. ! So, the " Logic " of taking medications away from a person that was using those medications to manage a documented, chronic care medical problem, is totally and utterly obliterated in the sea of confusion and incompetance that is the heart and soul of the F.L.C.F. medical department.

The Claimant arrived at F.L.C.F. on March 19, 2009 and immediately thereafter, the Claimant wrote the Court a letter expressing his concern's about returning to one of the same facilities that was <u>Very</u> adamant about trying to convince the Claimant that there was nothing wrong with his ankle when all of the paperwork and Orthopedic Specialist reports proving otherwise was right there in the Claimant's medical file for all to see.

The Claimant also wrote a second letter to the Court expressing his concerns about being screened for A.D.A. accomodations by the same personel who told the Claimant, for a Solid <u>Year</u> that there was nothing wrong with his ankle, even though most of the time the Claimant could barely walk.

The Medical Staff at F.L.C.F are the very same people who Refused to review the Claimant's medical file and retrieve all of the pertinent paperwork and Orthopedic consult reports that outlined the Claimant's injury and recommended a specific treatment plan and surgery.  If someone would have taken the time to access those file's and that information, they could then have at least made an informed and educated assessment of the Claimant's chronic medical needs.  However, that would not have done much good given the fact that C.D.O.C. and all of it's medical department's seem to just ignore the medical problems of everyone in custody until or unless they are forced to treat them.

The Claimant states that if the medical staff of C.D.O.C. would Not have Ignored several recommendations from Truely qualified Orthopedic Specialists and provided the Claimant the Appropriate soft soled shoes, ankle brace and medications to help him manage his chronic medical needs, starting in the mid 1990's, then the Claimant would Not be in the situation he find's himself in now, and his ankle would Definately not be in the shape it is in at the present time.  A LOT of pain and suffering could have been avoided if C.D.O.C and it's medical staff were not more interested in saving money than providing adequate medical care.

To date, the Defendants have failed to provide the Claimant with the Ordered " Appropriate " soft soled shoe's, an ankle brace, or credit the Claimant's inmate account with the Court Ordered $300.00 compensation award, so they have failed to comply with the Order of the Court, within the proscribed deadline date. The shoes that were provided by the F.L.C.F. medical department are of such a low quality, and completely without any type of " Orthotic " value that the Claimant can not, after a good faith effort of wearing the shoes provided for at least (80) hours, wear the shoes as they cause severe pain to the ankle and foot of the Claimant and would only be detrimental to Claimant's existing medical condition.

On each occassion the Claimant has worn the sub-standard shoes provided him, he has ended up being incapacitated and unable to ambulate to the chow hall, recreation and programs.  So, the Claimant would offer that as proof that the shoes would only

(3)

serve to make the Claimants ankle worse, and not better.

The competance of the medical staff here at F.L.C.F. is at question as Provider(s) Chestnut and Holt have, on <u>Numerous</u> occassions " Mixed Up " inmates during the screening process and examinations which has resulted in the Providers misdiagnosing inmates and putting erroneous entries in their medical file's. Provider Chestnut, who is the person performing the A.D.A. screening on the Claimant, somehow " Mis-Placed " the form the Claimant's first screening was recorded on which made it necessary for her to use a second screening forn to record the second screening information on until such a time as the original form could be located.

The Claimant, during the initial screening, informed Provider Chestnut of the existance of the Orthopedic Specialists reports and recommendations, (Dr.Eskastrand, Patterson and Dorr). Ms. Chestnut informed the Claimant that she would " Personally " review the Claimants medical file(s) and make the appropriate notations on the screening form prior to forwarding the screening information to the A.I.C. office.  However, the Claimant has absolutely <u>NO</u> way of knowing with any certainty that Ms. Chestnut reviewed the file's and made the necessary and appropriate notations on the screening form.  This information is <u>VITAL</u> in the screening process and without it, the proper accommodations will not be authorized.

So it is at this time that the Claimant respectfully requests the the Court issue an Order to the A.I.C office and direct that office to provide the Claimant a copy of any and all documents generated by the screening process concerning the Claimant. The Claimant feels that he has the right to have copies of each and every document generated during the screening process. the Claimant is also aware that the documents of this process are kept by the A.I.C. in that office, and that these documents are not made part of the Claimants medical file and that copies of said documents are only obtainable through the A.I.C by Court Order.

So it is at this time that the Claimant respectfully requests the Court for an Order directing the office of the A.I.C to provide the Claimant with any and all documents pertaining to the A.D.A. screening of the Claimant and that copies of any further decisions concerning this screening be forwarded to the Claimant as well.

The ultimate goal of the Claimant in this letter is to ask the Court to Order C.D.O.C. and/or the F.L.C.F. medical staff to provide the Claimant with the medications that he was taking prior to his arrival at F.L.C.F. as there is absolutely NO valid reason to discontinue them.  Advising the Claimant that he may purchase tylenol and asprin from canteen services seem's to be the next trick to be used by C.D.O.C. to save money while at the same time providing sub-standard, harmful medical care to the people in the custody of the Colorado Department of Corrections.

The Claimant, as a result of these latest developements, would also respectfully request that an additional hearing be set to review not only the Non-Compliance of the Court's Order by C.D.O.C., but the discontinuance of the Claimant's medication(s) as well.  The Claimant think's it vitally important fo r the Court to be able to actually view the " Soft Soled Shoes " the Claimant was issued as well.  Another request the Claimant would make is that the C.D.O.C. be Ordered to further compensate the Claimant in Addition to the $300.00 already awarded the Claimant by the Court as a consequence to the C.D.O.C. for NOT Complying with the Final Order.  The Claimant states that each day the C.D.O.C. and it's medical department are allowed to ignore and/or disregard it's responsibilities, the Claimant is forced to endure yet another day, week or month of extreme and increasing pain as a result.

The Claimant's chronic ankle problem only get's worse with each passing day, and this battle has been going on now for YEARS, your Honor.  And if the C.D.O.C. expects me to pay for my own medication when they are mostly the one's to blame for the condition my ankle is in right now because of their ignorance and irresponsibility, then issuing an Order directing them to further compensate the Claimant for Non-Compliance of the Final Order is more than " Just ", it's almost mandated.

(5)

The Claimant is Much the worse for ware as a result of the sub-standard care C.D.O.C administers to the inmates in it's care. How long is this type of treatment going to be allowed to continue? The Claimant has the utmost respect and admiration for the Special Master's of the Legal Resolution Center and can only imagine what a daunting and frustrating task it must be to try and oversee such a complex and confusing system where there doesn't seem to be any logic or guidelines the medical department of C.D.O.C. is willing to follow.

And since it seem's that, in the Claimant's case at least, the C.D.O.C. doesn't feel that they have to follow the Final Order of the Special Master, or comply with the deadline set by the Court, the Claimant Pray's that the Court GRANT all of his requests and bring the C.D.O.C. representative to yet another hearing, at the taxpayers expense, so they can explain to us all why they have the power to ignore the Courts Order and how they have been getting away with it for so long.

The Claimant appologizes to the Court if he has let his own frustration surface in this letter, but as the Claimant has previously stated, each day that goes by is another day lived in pain, another day closer to being permanently unable to ambulate without the aide of a walker or wheelchair, and another day lived in awe of how the lawmakers and politcians of this state could allow this type of thing to continue in it's prison system. In the Claimant's opinon, that kind of treatment only result's in the creation of animals after the justice system has had its way.

The Claimant Prays the Court GRANT his requests and sets this matter for hearing at the earliest possible time.

Respectfully Submitted,

Raymond D.Goodloe #51437
F.L.C.F.  Unit #5-238-A
Po. Box 1000
Pueblo, Co.  81038