```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
      Civil Action No. 92-N-870
 3    JESSE (JESUS) MONTEZ, et al.,

 4         Plaintiffs,

 5    Vs.

 6    BILL OWENS, et al.,

 7         Defendants.

 8    _____

 9                       REPORTER'S TRANSCRIPT
                         STATUS CONFERENCE
10    _____

11          Proceedings before the HONORABLE EDWARD W.
      NOTTINGHAM, Judge, and the HONORABLE JOHN L. KANE, Senior
12    Judge, United States District Court for the District of
      Colorado, commencing at 9:01 a.m., on the 27th day of October,
13    2004, in Courtroom 14, United States Courthouse, Denver,
      Colorado.
14
                              APPEARANCES
15
      For the Plaintiffs          PAULA GREISEN, ESQ.
16                                ALISON BUTLER DANIELS, ESQ.
                                  King & Greisen
17                                1670 York Street
                                  Denver, Colorado
18
      For the Defendants          ELIZABETH H. MCCANN, ESQ.
19                                JAMES X. QUINN, ESQ.
                                  Colorado Attorney General's Office
20                                Litigation Section
                                  Denver, Colorado
21
      Also Appearing              H. EARL MOYER, ESQ.
22                                Moyer Beal and Vranesic
                                  1401 Saulsbury Street
23                                Lakewood, Colorado

24              THERESE LINDBLOM, Official Reporter
            901 19th Street, Denver, Colorado 80294
25      Proceedings Reported by Mechanical Stenography
            Transcription Produced via Computer
```

EXHIBIT B

1    JUDGE NOTTINGHAM: Okay. Well, let me go to the
2  second question, then, in my view, having looked at the
3  agreement and based on the idea that this was a settlement,
4  they do not have to prove intentional discrimination.
5    MS. GREISEN: Well, and I think that's important for
6  the Special Master to know that those levels of -- those type
7  of determinations do not have to be made and the qualified
8  immunity defenses cannot be raised, those kind of issues.
9    JUDGE NOTTINGHAM: What are we talking about on
10 qualified immunity?
11   MS. GREISEN: Well, they've -- in the Carl Ross claim,
12 they claim qualified immunity on the Eighth Amendment claim.
13   JUDGE NOTTINGHAM: Well, that's a different issue. I
14 don't think there are any Eighth Amendment claims in here.
15 There are claims under the -- this has been -- the class was a
16 class of disabled people; it was not a class of people that had
17 Eighth Amendment claims.
18     Your definition encompasses disability, and so I can
19 understand the State trying to preserve its position on a pure
20 Eighth Amendment claim. I don't think they have qualified
21 immunity on the disability act claims that are being presented.
22 But I don't think this is an Eighth Amendment case, the way
23 you've structured it.
24     Now, you say at the time that it was certified, it was
25 an Eighth Amendment case. And I agree with that; it was.

1   There -- you know, very little had been decided substantively
2   when the case was certified.  But the way the settlement was
3   structured, it -- you know, every prisoner has an Eighth
4   Amendment case.  I've got cases independent of this one where
5   they're presenting Eighth Amendment claims.  If they could all
6   come into the class, we'd have a great mess here.
7           MS. GREISEN:  It has to be an Eighth Amendment claim
8   related to the disability, that's related to their disability.
9   It can't be, I'm a diabetic, and I wasn't given an MRI for my
10  back sprain.  It has to be a claim that's related to their
11  disability.  I don't disagree with that.
12          JUDGE NOTTINGHAM:  Okay.  And I think as to that,
13  there is no qualified immunity, if -- if it's my decision.
14          MS. GREISEN:  Right.  I mean -- and I guess that's --
15  I -- maybe I should have been more specific early on.  It's not
16  any Eighth Amendment claim that a class member can have; it's
17  an Eighth Amendment claim relating to the fact -- the reason
18  they're a class member.
19          JUDGE NOTTINGHAM:  What do you mean by that?  Why
20  don't you just in effect give up on the Eighth Amendment
21  claims.
22          MS. GREISEN:  Because --
23          JUDGE NOTTINGHAM:  Because it introduces confusion.
24  Are you saying that they're going to have to prove deliberate
25  indifference on the part of individuals?

1  defense.

2  JUDGE NOTTINGHAM: Maybe I spoke imprecisely when I
3  said a moment ago that you were correct. I think that you were
4  partly correct, maybe largely correct. But when this class was
5  certified, the representatives were disabled persons. And I
6  think you purported to represent a class of disabled persons,
7  although that class of disabled persons was pursuing multiple
8  claims, including ADA claims, Rehabilitation Act claims and
9  Eighth Amendment claims. But that doesn't change the nature of
10 the class. You did not purport to represent all persons in the
11 penal system who had an Eighth Amendment claim.

12 MS. GREISEN: That's correct. That's absolutely
13 correct. And I agree that they have to be a class member to
14 bring the Eighth Amendment claim, and the Eighth Amendment
15 claim has to be related to the disability.

16 JUDGE NOTTINGHAM: But I -- what I hear Judge Kane
17 suggesting, and all I suggest explicitly -- you don't need to
18 fight over this, because they have to be disabled to be members
19 of the class. And they're disabled, and then the question
20 becomes whether there is a reasonable accommodation. And if
21 they're disabled and there is no reasonable accommodation, and
22 they meet the other tests that you've got, then they get
23 damages.

24 MS. GREISEN: That's right. I agree fundamentally. I
25 don't know that it makes a difference if we have ADA or Rehab