IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

___

**SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS**
___

Plaintiffs, by and through their counsel, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey, Lara E. Marks and Blain D. Myhre of ISAACSON ROSENBAUM, PC, hereby file this Supplement to Plaintiffs' Position Statement in Response to Order Relating to Report and Recommendation of the Special Masters.

1. In April of 2009, Plaintiffs filed a Position Statement addressing the issue raised in the Report and Recommendation of the Special Masters as to what jurisdiction exists under the Remedial Plan and subsequent stipulations to allow individual inmates to seek relief from the Court and whether individual *pro se* motions seeking personal relief are subject to adjudication by the Court. [Doc. No. 3939]. On September 1, 2009, a hearing was held during which the Court heard oral argument on the issue. The matter is currently pending before the Court.

2. Counsel for the Class has argued that until the Court has made a finding of substantial compliance in this case, Claimants who have been members of the Montez Class during the compliance period of the case should be allowed to file their claims for individual damages within the confines of the damage-claim process established by the Montez Remedial Plan

3. Since the hearing in September, Class counsel has become aware of additional pending *pro se* cases that have been filed in federal court by individual Montez Class members asserting claims for damages resulting from, but not limited to, violations of the Americans with Disabilities Act ("ADA") and DOC's failure to comply with the Montez Remedial Plan and subsequent stipulations.  Specifically, in the course of conducting research on other unrelated cases, Class counsel discovered that the following two cases are currently being litigated in this federal court:

   a.  *Ellsworth v. Balkin et al*, 09-cv-02265-WYD-BNB.

   In this case, Plaintiff Joseph Ellsworth, an inmate at Colorado Territorial Correctional Facility, has alleged, among other claims, that Cathie Holst, the ADA Inmate Coordinator in *Montez*, and one of her assistants, Marshall Griffith, have refused to issue him an accommodation for a mobility disability in violation of the 8th Amendment and the ADA.  Mr. Ellsworth has also asserted claims against Dr. Paula Franz, DOC's Chief Medical Officer, for, among other things, failure to provide proper medication for his diabetes.  His claims against these individuals survived a motion to dismiss in November of 2009 and have since been assigned to the Honorable Judge Daniel.  *Ellsworth v. Balkin et al,* attached as Exhibit 1.

    b. *Bergerud v. Fortunado et al,* 07-cv-02319-CMA-BNB.

In this case, Allen Bergerud, an inmate at the Sterling Correctional Facility, has alleged that Defendants acted with deliberate indifference in treating his diabetes, allegedly causing him to have a seizure.  Specifically, Mr. Bergerud alleged that an improper insulin regiment was affecting him so badly that his low blood sugars were making it impossible for him to walk, he was incoherent, mumbling and wetting his bed without awareness of it, that he began to lose weight and his vision worsened.  The Honorable Judge Arguello affirmed the Magistrate Judge's recommendation denying the dismissal of Mr. Bergerud's 8th Amendment claims against the DOC doctor, Dr. Fortunado and denied the motion to dismiss against the other Defendants as well.  *Bergerud v. Fortunado et al,* attached as Exhibit 2.

4. The issues in these two *pro se* cases described above are exactly the same issues being litigated in this case and at the upcoming compliance hearing.  Class counsel is concerned that the assignment of such cases to different judges in this court may result in conflicting results and ultimately, may circumvent the purpose of these issues being address in this class action.

5. The two above cases have been defended by the same counsel defending the Montez case.  Nevertheless, at this time, Class counsel is not provided with any notice of these *pro se* filings and thus would not have learned of them except by accident, as was the case with the *Ellsworth* and *Bergerud* filings.  Accordingly, Class counsel now requests that this Court compel Defendants to notify Class counsel and this Court of all cases

which are now, or in the future, brought in this district for violations of the ADA or the

8th Amendment and concern any of the issues addressed in this case.

DATED: December 18, 2009

        Respectfully submitted,

        KING & GREISEN, LLP

        /s/ Paula Greisen

        Paula Greisen
        Jennifer W. Riddle
        1670 York Street
        Denver, CO 80206
        (303) 298-9878
        (303) 298-9879 (fax)
        greisen@kinggreisen.com
        riddle@kinggreisen.com

        Edward T. Ramey
        Lara E. Marks
        Blain D. Myhre
        Isaacson Rosenbaum, PC
        1001 17th St., Suite 1800
        Denver, Co. 80202

        Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 18th day of December, 2009, I electronically filed the foregoing SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.

Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us

*/s/* Laurie Mool