EXHIBIT
1

Case No. 1:92-cv-00870-CMA-MEH   Document 4228-1   filed 12/18/09   USDC Colorado   pg 2 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 108777                                                  Page 1 of 2

LexisNexis® Total Research System                                    Switch Client | Preferences | Sign Out | ?Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector |    Dossier | History | 

FOCUS™ Terms                              Search Within  Original Results (1 - 1)        Go →   Advanced...

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 108777

*2009 U.S. Dist. LEXIS 108777, \**

JOSEPH A. ELLSWORTH, Plaintiff, v. DIANE BALKIN, ADRIENNE GREENE, JAMES WUNDERLICK, KATHY WILSON, DON HOLLOWAY, JENNIFER NUANES, JEFF CARSON, R. BACON, W. HOLENCIK, PAT MONTEZ, CHARLES OLIN, A. ZAVARAS, HARVEY LAPPIN, CATHIE HOIST, MARSHALL GRIFFITH, C/M QUETEAH, PAULA FRANTZ, and BURL McCULLAR, Defendants.

Civil Action No. 09-cv-02265-BNB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2009 U.S. Dist. LEXIS 108777

November 4, 2009, Decided
November 4, 2009, Filed

**CORE TERMS:** sentence, sex offender, prisoner, pro se, criminal proceedings, incarcerated, confess, reasons stated, treatment program, sexual assault, challenging, corrections, invalidity, convicted, hepatitis, cardiac, sexual, federal sentence, lied

**COUNSEL:** [\*1] Joseph A. Ellsworth, Plaintiff, Pro se, Canon City, CO.

**JUDGES:** ZITA L. WEINSHIENK ▾, Senior Judge.

**OPINION BY:** ZITA L. WEINSHIENK ▾

**OPINION**

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Joseph A. Ellsworth is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado. Mr. Ellsworth, acting *pro se,* initiated this action by submitting to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and 28 U.S.C. §§ 1331 and 1343. The Court must construe the Complaint liberally because Mr. Ellsworth is a *pro se* litigant. See *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall,* 935 F.2d at 1110. For the reasons stated below, the Complaint and action will be dismissed in part and drawn in part.

In Claim One, Mr. Ellsworth asserts that Defendant Kathy Wilson lied under oath and Defendant James Wunderlick, as well as the Denver District Attorney (DDA), knew that Defendant [\*2] Wilson lied under oath in his criminal proceedings. Mr. Ellsworth further asserts that Defendants Wilson, Wunderlick, Diane Balkin and Adrienne Greene suborned perjured testimony, tampered with witnesses and evidence to secure a conviction against Mr. Ellsworth, and criminally conspired, apparently against Mr. Ellsworth, over the past thirteen years. Mr. Ellsworth further asserts that Defendants Balkin and Greene demanded that he participate in the sex offender program at the DOC, because they knew he would have to confess and admit to crimes as part of the program, and the forced admissions would be used against him. Mr. Ellsworth also asserts that he has newly discovered evidence that Defendant Don Holloway worked with Defendants Wunderlick and the DDA in the "trumped-up state and federal charges in Oklahoma and Colorado." (Compl at 10.)

In Claim Two, Mr. Ellsworth asserts that Defendants Jennifer Nuanes, R. Bacon, C/M Queteah, Harvey Lappin, W. Holencik, and Jeff Carson refused to properly credit his federal sentence, even though both federal and state courts ordered that his state and federal sentences run concurrently. Mr. Ellsworth contends that as a result he was wrongly incarcerated [\*3] for over nine months at a federal facility.

In Claim Three, Mr. Ellsworth asserts that Defendants Nuanes, Bacon, Queteah, Holencik, Carson, Pat Montez, Charles Olin, and A. Zavaras have threatened to revoke his probation if he does not participate in the Sex Offender Treatment Program (SOTP) and confess to his crimes. Mr. Ellsworth further asserts that he is not incarcerated for a sex offense, but he is being denied earned credit, community corrections, parole, and other benefits, because he will not confess to crimes of sexual abuse and violence, which he did not commit. Mr. Ellsworth contends that the forced or coerced confession violates his Fifth Amendment rights. Mr. Ellsworth also asserts in Claim Three that the DOC lists him as having been convicted of a sexual assault of a child, even though he has not been charged or convicted of such a crime, and Defendants Montez and Olin refuse to correct the DOC records. Mr. Ellsworth further asserts that Defendants Olin and Montez do not require DOC sex offenders to participate in the SOTP if they have less than an indefinite sentence and that Defendants Montez, Olin, and Burl McCullar have falsely accused him of being argumentative and [\*4] uncooperative with respect to his participation in the SOTP.

In Claim Four, Mr. Ellsworth asserts that Defendants Cathie Hoist and Marshall Griffith have refused to issue a mobility accommodation in violation of the Eighth Amendment and the Americans with Disabilities Act. Mr. Ellsworth further asserts that Defendant Dr. Paul Frantz has denied him advanced cardiac screening despite his having several abnormal static EKG results. Mr.

Case No. 1:92-cv-00870-CMA-MEH Document 4228-1 filed 12/18/09 USDC Colorado pg 3 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 108777 Page 2 of 2

Ellsworth also asserts that the DOC has ignored his repeated requests for (1) treatment or tests regarding his cardiac condition; (2) a hepatitis vaccination, even thought his cellmate has hepatitis; and (3) anti-viral medication, which is needed because he is a diabetic and easily contracts the flu.

To the extent in Claim One that Mr. Ellsworth is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, see *Preiser v. Rodriguez,* 411 U.S. 475, 504, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Furthermore, to the extent in Claim Two that Mr. Ellsworth is seeking credit for any time served, he is challenging the execution of his sentence, and his claim [*5] more properly is raised in a 28 U.S.C. § 2241 action. See *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir 2000).

Mr. Ellsworth also may not challenge the validity of his conviction or sentence in this action for money damages pursuant to 42 U.S.C. § 1983. **See *Heck v. Humphrey,*** 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck,* the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck,* 512 U.S. at 486-87.

A judgment in favor of Mr. Ellsworth, with respect to either Claim One or Claim Two, necessarily would imply the invalidity of his criminal proceedings or his sentence. Therefore, he may not bring these claims unless he has invalidated the proceedings or his sentence. Mr. Ellsworth does not allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Any claims [*6] challenging Mr. Ellsworth's criminal proceedings would be barred by *Heck.* Therefore, Claims One and Two, as asserted against Defendants Diane Balkin, Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jennifer Nuanes, R. Bacon, C/M Queteah, Harvey Lappin, W. Holencik, and Jeff Carson, will be dismissed.

As for Claim Three, the Supreme Court has rejected a self-incrimination claim asserted by a sex offender who lost certain privileges for refusing to participate in a sex offender treatment program that required disclosure of sexual behavior information by the prisoner. **See *McKune v. Lile,*** 536 U.S. 24, 122 S. Ct. 2017, 153 L. Ed. 2d 47 (2002). Therefore, Claim Three, as asserted against Defendants Jennifer Nuanes, R. Bacon, W. Holencik, C/M Queteah, and Jeff Carson, will be dismissed.

To the extent, however, Mr. Ellsworth asserts in Claim Three that Defendants Montez, Olin, and Zavaras refuse to remove the conviction of a sexual assault on a child from his prison record, the claim will be drawn to a district judge and to a magistrate judge. Claim Four also will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Claims One and Two as asserted against Defendants Diane Balkin, [*7] Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jennifer Nuanes, Jeff Carson, R. Bacon, Harvey Lappin, C/M Queteah, and W. Holencik are dismissed without prejudice as barred by the rule in *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). It is

FURTHER ORDERED that Claim Three as asserted against Defendants Jennifer Nuanes, R. Bacon, C/M Queteah, W. Holencik, and Jeff Carson is dismissed for the reasons stated above in this Order. It is

FURTHER ORDERED that the Clerk of the Court remove Defendants Diane Balkin, Adrienne Greene, James Wunderlick, Kathy Wilson, Don Holloway, Jeff Carson, Jennifer Nuanes, R. Bacon, Harvey Lappin, C/M Queteah, and W. Holencik from the docketing record as parties to this action. It is

FURTHER ORDERED that Claim Three as asserted against Defendants Pat Montez, Charles Olin, A. Zavaras, and Claim Four as asserted against Defendants Cathie Hoist, Marshall Griffith, Paula Frantz, and Burl McCullar shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge

United States District Court

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 108777
View: Full
Date/Time: Wednesday, December 16, 2009 - 4:01 PM EST

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Case No. 1:92-cv-00870-CMA-MEH   Document 4228-1   filed 12/18/09   USDC Colorado   pg 4 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213                                                               Page 1 of 5

LexisNexis® *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History

FOCUS™ Terms                Search Within  Original Results (1 - 1)        Go →  Advanced...

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 90213

*2009 U.S. Dist. LEXIS 90213, \**

ALLEN BERGERUD, Plaintiff, v. JOSEPH FORTUNATO, D.O., KATHY RITTENHOUSE, N.P., and BRIAN WEBSTER, P.A., Defendants.

Civil Action No. 07-cv-02319-CMA-BNB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2009 U.S. Dist. LEXIS 90213

September 29, 2009, Decided
September 29, 2009, Filed

**PRIOR HISTORY:** Bergerud v. Fortunato, 2009 U.S. Dist. LEXIS 90214 (D. Colo., Jan. 29, 2009)

**CORE TERMS:** recommendation, pelvis, diabetes', insulin, medical needs, deliberate indifference, mistreatment, subjective, fractured, tendered, pro se, disregarded, state claims, objected, pain, walk, unsafe, clear error, quotation marks omitted, subjectively, excessive, treating, untimely, prevail, futile, dosage, amend, crawl, novo

**COUNSEL:** [*1] Allen Bergerud, Plaintiff, Pro se, Sterling, CO.

For Joseph Fortunato, D.O., Kathy Rittenhouse, N.P., Brian Webster, P.A., Defendants: Jennifer Susan Huss, Colorado Attorney General's Office, Denver, CO.

Case Manager For Allen Bergerud, Interested Party, Pro se, Sterling, CO.

**JUDGES:** CHRISTINE M. ARGUELLO, United States District Judge.

**OPINION BY:** CHRISTINE M. ARGUELLO

**OPINION**

**ORDER REGARDING JANUARY 29, 2009 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the January 29, 2009 Recommendation by the Magistrate Judge (Doc. # 13) that Defendants' Motion to Dismiss (Doc. # 6) be granted in part and denied in part. Plaintiff filed an objection to this Recommendation (Doc. # 17) and tendered an Amended Complaint (Doc. # 18), to which Defendants objected (Doc. # 20). For the reasons stated below, the Court accepts Plaintiff's Amended Complaint and denies Defendants' Motion to Dismiss.

**I. BACKGROUND**

The factual and procedural background is discussed in the Magistrate Judge's Recommendation, which the Court incorporates herein. A short recap follows.

Plaintiff is incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). The allegations arise [*2] from treatment he received there from Defendants. Defendant Fortunato ("Dr. Fortunato") is a Staff Physician, Defendant Rittenhouse ("Rittenhouse") is a Nurse Practitioner, and Defendant Webster ("Webster") is a Physician Assistant.

On November 5, 2007, Plaintiff, proceeding *pro se,* filed a Prisoner Complaint under 42 U.S.C. § 1983 alleging, loosely, two violations of the Eighth Amendment. Claim One alleges that Defendants acted with deliberate indifference in treating Plaintiff after he fell from his bunk and suffered a fractured pelvis. Claim Two alleges that Defendants acted with deliberate indifference in treating Plaintiff's diabetes, specifically, in reducing his insulin shot regimen. This allegedly caused Plaintiff to have a seizure and fall from his bunk, which led to the physical injuries alleged in Claim One. (Doc. # 1.)

On March 13, 2008, Defendants filed a Motion to Dismiss arguing for dismissal on several grounds: first, because the complaint failed to state an Eighth Amendment claim against any of the Defendants; second, because it failed to allege Defendants' personal participation as to some of the claims; and third, because Plaintiff failed to exhaust his administrative [*3] remedies as to most of his claims. (Doc. # 6.)

The Court referred the Motion to Dismiss to the Magistrate Judge and on January 29, 2009, he issued a Recommendation that it be denied in part and granted in part. Specifically, he found that Plaintiff alleged sufficient facts to sustain both claims against Dr. Fortunato and thus recommended denying the motion as to those claims. In contrast, he recommended granting the motion as to the claims against Defendants Rittenhouse and Webster, citing Plaintiff's failure to allege their personal participation in treating his pelvis (Claim One) and Plaintiff's vague allegations regarding his insulin treatment (Claim Two). Plaintiff filed an objection to the Recommendation; Defendants did not. (Doc. ## 13, 17.)

Case No. 1:92-cv-00870-CMA-MEH Document 4228-1 filed 12/18/09 USDC Colorado pg 5 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213                                   Page 2 of 5

On February 17, 2009, the same day he filed his objection, Plaintiff tendered an Amended Complaint with the Court, without seeking leave, hoping to cure the deficiencies in his complaint exposed by the Motion to Dismiss. Defendants filed an objection to the tendered Amended Complaint on March 5, 2009, arguing it should be denied as untimely or, if considered, denied as futile because it still fails to state claims against Defendants. (Doc. [*4] ## 18, 20.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Id. "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, the Court reviews the Recommendation to "satisfy itself that there is no clear error on the face of the record." See Fed.R.Civ.P. 72(b) Advisory Committee Notes.

In considering Plaintiff's filings, [*5] the Court is mindful that a pro se plaintiff is entitled to liberal construction of his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with pleading requirements." Id. Although conclusory allegations are insufficient to state a claim, a "plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." Id.

In reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)). The complaint will not be dismissed so long as it "contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) [*6] (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To put it differently, "a plaintiff must 'allege facts' that, taken as true, are 'suggestive of illegal conduct.'" Ashcroft v. Iqbal, U.S. , 129 S. Ct. 1937, 1959, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S., at 564, n. 8).

## III. ANALYSIS

Although the Magistrate Judge's report made several recommendations, only one was objected to. The lone objection, filed by Plaintiff and regarding the Magistrate Judge's treatment of Claim Two against Defendant Webster, is sufficiently specific to trigger de novo review. The other recommendations, in the absence of timely objections, may be adopted absent clear error. The Plaintiff's tendering of an Amended Complaint complicates matters. If accepted, it may cure whatever deficiencies, if any, undermine his original complaint. The Court, then, must first decide whether to accept Plaintiff's tendered Amended Complaint.

Defendants object to Plaintiff's Amended Complaint on two grounds. First, they argue it should be denied as untimely. Second, they argue it should be denied as futile; that is, the Court should grant their Motion to Dismiss despite the Amended Complaint because, even if considered, [*7] its allegations are still insufficient to state Eighth Amendment claims.

### A. Timeliness

Generally, once a responsive pleading has been filed, a plaintiff must seek leave of court before amending his complaint. See Fed.R.Civ.P. 15. Federal Rule of Civil Procedure 15(a)(2) states in part that "[t]he court should freely give leave when **justice** so requires." Id. (emphasis added).

Defendants argue that "justice" requires the Court deny Plaintiff's Amended Complaint as untimely, citing the period between when Plaintiff filed his original complaint (November 2007) and when he tendered his Amended Complaint (February 2009). They also cite their Motion to Dismiss, which has been outstanding since March 2008. The Court acknowledges the passage of time is significant. The Court, however, also reads the word "justice" in light of the liberal pleading standards afforded pro se litigants. See Hall v. Bellmon, 935 F.2d at 1110.

In this context the Tenth Circuit has stated that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Department of Corrections, 165 F.3d 803, 806 (10th Cir. 1999); [*8] also see Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) ("If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") (internal citation and quotation marks omitted).

The mere passage of time, without more, is insufficient grounds for this Court to justly deny Plaintiff's tender. Defendants have neither argued nor shown how accepting the Amended Complaint would unduly prejudice them. See Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Nor is there evidence of bad faith or any other factor favoring denial. See id. The amended complaint simply adds detail to allegations already existing from Plaintiff's original complaint, i.e., there are no new claims.

Given Plaintiff's pro se status, his unfamiliarity with pleading requirements, especially the need to allege sufficient facts in support of each of the elements of his claims, and also given the nature of his oversights, as described below, the Court accepts Plaintiff's tender and admits his Amended Complaint.

### B. Plaintiff's [*9] Claims

The Court now considers whether the allegations in Plaintiff's Amended Complaint are adequate to state claims under the Eighth Amendment.

Plaintiff alleges that Defendants' "deliberate indifference" to his medical needs violated his Eighth Amendment right to be free from cruel and unusual punishment. He brings his claim under 42 U.S.C. § 1983. To prevail, Plaintiff must prove that there was a

Case No. 1:92-cv-00870-CMA-MEH  Document 4228-1   filed 12/18/09   USDC Colorado   pg 6 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213                                     Page 3 of 5

deprivation of a federal or constitutional right by a person acting under color of state law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001). At this stage, however, all he must do is allege facts which, if believed, plausibly entitle him to relief. *See Robbins,* 519 F.3d at 1247.

To satisfy the first prong of his 1983 claim, Plaintiff must adequately state an Eighth Amendment violation. A claim premised upon officials' deliberate indifference to a serious medical need must allege facts showing: (1) that the medical need is sufficiently serious to implicate constitutional protection, and (2) that the defendants acted with deliberate indifference to that need. *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999). The first element [*10] is measured objectively, the second subjectively. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

### 1. Objective Prong -- Sufficiently Serious Condition

The first question is whether the complained-of conditions are sufficiently serious to warrant Constitutional protection. *See id.* "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000) (citation and quotation marks omitted).

Claims One and Two largely overlap, with allegations of diabetes mistreatment common to each. Claim One, however, also alleges violations arising from Defendants' mistreatment of Plaintiff's fractured pelvis. For purposes of this Order, the Court isolates the averments in Claim One regarding the fractured pelvis to gauge whether it states a cognizable claim.

Plaintiff claims the mistreatment of his fractured pelvis and resulting pain prevented him from being able to stand, walk, or even crawl. (Doc. # 18 at 4.) Defendants do not dispute, and indeed it is obvious, that a pelvis injury rendering [*11] one unable to even crawl, is a medical need sufficiently serious to implicate the Eighth Amendment.

Claim Two omits mention of the pelvis and focuses instead on Defendants' alleged mistreatment of Plaintiff's diabetes. Here, again, Defendants do not dispute whether the medical need, here diabetes, is sufficiently serious to trigger Eighth Amendment protection. Neither does the Court. Claim Two, then, alleging mistreatment of Plaintiff's diabetes, satisfies the objective component of the Eighth Amendment test.

### 2. Subjective Prong -- Deliberate Indifference

The next question is whether Plaintiff alleges facts suggesting Defendants acted with deliberate indifference to the inmate's medical needs. To establish the subjective component, Plaintiff must allege facts suggesting "the prison official subjectively "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Sealock,* 218 F.3d at 1209 (10th Cir. 2000) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

It is under this prong that Defendants wage their battle, arguing that Plaintiff's Amended Complaint fails to allege facts sufficient to satisfy this prong as to both claims against Defendants Rittenhouse and Webster. [*12] They also attack Claim One, the pelvis claim, as to Dr. Fortunato, despite the fact they never objected to the Magistrate Judge's recommendation that it be upheld. [1]

#### FOOTNOTES

1 Defendants do not object to the Magistrate Judge's recommendation that Claim Two, the insulin/diabetes claim, be denied as to Dr. Fortunato. Given the absence of clear error, the Court adopts and affirms the Magistrate Judge's recommendation regarding that claim.

#### a) Dr. Fortunato - Pelvis Claim

Defendants now argue that "merely stating that . . . Fortunato [was] aware of and failed to treat [Plaintiff's] pelvis does not provide enough facts to support that . . . Fortunato [was] deliberately indifferent to Plaintiff's sufficiently serious needs." (Doc. # 20 at 7.) The Court disagrees. Although largely contained in the section titled "Nature of the Case" in Plaintiff's Amended Complaint, given a liberal reading, Plaintiff's allegations are sufficient to show a plausible entitlement to relief against Dr. Fortunato. At this stage that is all that is required. *See Twombly,* 550 U.S. at 570.

Plaintiff alleges that an X-Ray revealed two fractures in his pelvis and that Dr. Fortunato advised "immediate surgery was needed" but the [*13] very next day decided against it given the costs involved. Dr. Fortunato then allegedly gave Plaintiff insufficient pain medication and when Plaintiff complained, Dr. Fortunato "refused" to increase the dosage and then ended the prescription after only a few days. These allegations (and others not detailed here) are sufficient to state the subjective element of an Eighth Amendment claim. (*See* Doc. # 18 at 4, 5.)

#### b) Rittenhouse and Webster - Pelvis Claim

In addition, the Court finds Plaintiff has alleged facts sufficient to sustain the pelvis claim against Defendants Rittenhouse and Webster. Plaintiff alleges that Sterling Community Hospital staff, which, given a liberal reading, plausibly include Rittenhouse and Webster, "did nothing to examine or treat the Plaintiff's pelvis despite the fact the Plaintiff informed them he was in great pain and could not crawl, stand, or walk." (*Id.* at 4.) Plaintiff also alleges that he "kept complaining of [his] pain from the fractured pelvis . . . to all three of the Defendants through the year of 2006." (*Id.* at 6.)

These allegations and others not mentioned suggest that Rittenhouse and Webster knew of and disregarded an excessive risk to Plaintiff's [*14] health. *See Iqbal,* 129 S.Ct. at 1959 ("a plaintiff must allege facts that, taken as true, are suggestive of illegal conduct.") (internal citation and quotation marks omitted). The allegations are thus sufficient to state the subjective component of an Eighth Amendment claim regarding the mistreatment of Plaintiff's fractured pelvis.

#### c) Rittenhouse and Webster - Insulin/Diabetes Claim

With respect to the insulin/diabetes claim against Rittenhouse and Webster, Plaintiff's complaint must allege facts suggesting that

Case No. 1:92-cv-00870-CMA-MEH  Document 4228-1  filed 12/18/09  USDC Colorado  pg 7 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213                                Page 4 of 5

they subjectively knew of and disregarded the at-issue serious medical need. The standard is akin to recklessness and allegations that Defendants acted negligently will not suffice. *See Perkins*, 165 F.3d at 811 ("negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."); *also see McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977) (malpractice claim insufficient to state Eighth Amendment claim). "[A]ccidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980).

With [*15] respect to Webster, Plaintiff alleges that Webster failed to provide Plaintiff with diabetic snacks used to increase low blood sugars. (Doc. # 18 at 6.) He also alleges that Webster provided Plaintiff with medication to treat Type 2 diabetes when Plaintiff in fact suffers from Type 1 diabetes. (*Id.* at 8.)

With respect to Rittenhouse and Webster, Plaintiff alleges they continued the "unsafe practices" initiated by Fortunato, i.e., altering Plaintiff's insulin dosage. Though the word "unsafe" is conclusory, Plaintiff details the facts underlying his conclusion that the practices were "unsafe." He writes that "[d]uring the month of August, 2006 the . . . insulin doses were affecting the Plaintiff so badly that his low blood sugars were making it impossible for him to walk, he was incoherent, mumbling, and wetting his bed without awareness of it." He also alleges that he "began to lose weight . . . his vision worsened," conditions of which he allegedly "informed all three defendants." Moreover, Plaintiff alleges "I kept complaining of . . . the unsafe insulin treatments to all three of the defendants through the year 2006." (*Id.* at 5, 6.)

With respect to Rittenhouse, Plaintiff alleges that [*16] she at one point altered his insulin dosage, immediately improving his condition, but then, in conjunction with the other defendants, told him he would have to comply with same insulin treatments every else was getting. (*Id.* at 7.)

Plaintiff's allegations are sufficient to satisfy the subjective component of the diabetes/insulin claim. Plaintiff alleges that he informed Rittenhouse and Webster of his deteriorating condition, which he attributed to their inadequate treatment of his diabetes. Thus, Plaintiff satisfies the first part of the inquiry--their subjective knowledge. But to satisfy the overall standard, Plaintiff must also allege that they *consciously disregarded* that knowledge. Plaintiff does so. The symptoms he alleges are so severe -- difficulty talking, walking, and loss of weight -- the Court finds that Plaintiff's allegations make it plausible that Rittenhouse and Webster consciously disregarded Plaintiff's deteriorating physical condition.

Defendants also argue that mere disagreement as to the proper course of treatment is not grounds for stating an Eighth Amendment claim. The Court agrees. However, a disagreement cannot be characterized as "mere" when Plaintiff is actively [*17] suffering from obvious medical needs. *See Webster's New Collegiate Dictionary* 712 (1981) (defining "mere" to mean "exclusive of or considered apart from anything else: nothing more than: BARE[.]"). The use of "mere" suggests the disagreement is insignificant or otherwise without consequence; it's nothing more than a disagreement. But a disagreement that leads to inadequate medical treatment is not a "mere" disagreement. It is a disagreement with dangerous consequences.

In summary, Plaintiff alleges that he suffered physical debilitating effects (swelling, inability to walk, trouble sleeping) from a change in his diabetes' treatment and that he told Defendants, including Rittenhouse and Webster, about these effects. Plaintiff has thus alleged facts suggesting that Defendants knew of and disregarded an excessive risk to Plaintiff's health.

## IV. CONCLUSION

In light of its decision to accept Plaintiff's tender, the Court finds that the Amended Complaint contains facts sufficient to show that Plaintiff has plausible entitlements to relief with respect to each of the named defendants. For the foregoing reasons, IT IS ORDERED as follows:

    1. That Plaintiff's tendered Amended Complaint (Doc # 18) [*18] is ACCEPTED.

    2. That Defendants' Objection (Doc. # 20) is OVERRULED.

    3. That the Recommendation of the United States Magistrate Judge (Doc. # 13) is REJECTED IN PART, insofar as it recommends dismissal of the claims against Defendants Rittenhouse and Webster. The bases for the recommended dismissals were cured by Plaintiff's Amended Complaint. The Recommendation is otherwise AFFIRMED AND ADOPTED.

    4. That Defendants' Motion to Dismiss (Doc. # 6) is DENIED, leaving both claims intact as to all three Defendants.

DATED: September 29, 2009

BY THE COURT:

/s/ Christine M. Arguello

CHRISTINE M. ARGUELLO

United States District Judge

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 90213
View: Full
Date/Time: Wednesday, December 16, 2009 - 4:02 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment

Case No. 1:92-cv-00870-CMA-MEH   Document 4228-1   filed 12/18/09   USDC Colorado   pg 8 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213

Page 5 of 5

◆ - Positive treatment is indicated
🄰 - Citing Refs. With Analysis Available
🄳 - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.