EXHIBIT 2

Case No. 1:92-cv-00870-CMA-MEH Document 4228-2 filed 12/18/09 USDC Colorado pg 2 of 6

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213                                                        Page 1 of 5

LexisNexis® *Total Research System*                                                    Switch Client | Preferences | Sign Out | ?Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History

FOCUS™ Terms                    Search Within Original Results (1 - 1)        Go →   Advanced...

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 90213

*2009 U.S. Dist. LEXIS 90213, \**

ALLEN BERGERUD, Plaintiff, v. JOSEPH FORTUNATO, D.O., KATHY RITTENHOUSE, N.P., and BRIAN WEBSTER, P.A., Defendants.

Civil Action No. 07-cv-02319-CMA-BNB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2009 U.S. Dist. LEXIS 90213

September 29, 2009, Decided
September 29, 2009, Filed

**PRIOR HISTORY:** Bergerud v. Fortunato, 2009 U.S. Dist. LEXIS 90214 (D. Colo., Jan. 29, 2009)

**CORE TERMS:** recommendation, pelvis, diabetes', insulin, medical needs, deliberate indifference, mistreatment, subjective, fractured, tendered, pro se, disregarded, prong, state claims, objected, pain, walk, unsafe, clear error, quotation marks omitted, subjectively, excessive, treating, untimely, prevail, futile, dosage, amend, crawl, novo

**COUNSEL:** [*1] Allen Bergerud, Plaintiff, Pro se, Sterling, CO.

For Joseph Fortunato, D.O., Kathy Rittenhouse, N.P., Brian Webster, P.A., Defendants: Jennifer Susan Huss, Colorado Attorney General's Office, Denver, CO.

Case Manager For Allen Bergerud, Interested Party, Pro se, Sterling, CO.

**JUDGES:** CHRISTINE M. ARGUELLO ▼, United States District Judge.

**OPINION BY:** CHRISTINE M. ARGUELLO ▼

**OPINION**

**ORDER REGARDING JANUARY 29, 2009 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the January 29, 2009 Recommendation by the Magistrate Judge (Doc. # 13) that Defendants' Motion to Dismiss (Doc. # 6) be granted in part and denied in part. Plaintiff filed an objection to this Recommendation (Doc. # 17) and tendered an Amended Complaint (Doc. # 18), to which Defendants objected (Doc. # 20). For the reasons stated below, the Court accepts Plaintiff's Amended Complaint and denies Defendants' Motion to Dismiss.

**I. BACKGROUND**

The factual and procedural background is discussed in the Magistrate Judge's Recommendation, which the Court incorporates herein. A short recap follows.

Plaintiff is incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). The allegations arise [*2] from treatment he received there from Defendants. Defendant Fortunato ("Dr. Fortunato") is a Staff Physician, Defendant Rittenhouse ("Rittenhouse") is a Nurse Practitioner, and Defendant Webster ("Webster") is a Physician Assistant.

On November 5, 2007, Plaintiff, proceeding *pro se*, filed a Prisoner Complaint under 42 U.S.C. § 1983 alleging, loosely, two violations of the Eighth Amendment. Claim One alleges that Defendants acted with deliberate indifference in treating Plaintiff after he fell from his bunk and suffered a fractured pelvis. Claim Two alleges that Defendants acted with deliberate indifference in treating Plaintiff's diabetes, specifically, in reducing his insulin shot regimen. This allegedly caused Plaintiff to have a seizure and fall from his bunk, which led to the physical injuries alleged in Claim One. (Doc. # 1.)

On March 13, 2008, Defendants filed a Motion to Dismiss arguing for dismissal on several grounds: first, because the complaint failed to state an Eighth Amendment claim against any of the Defendants; second, because it failed to allege Defendants' personal participation as to some of the claims; and third, because Plaintiff failed to exhaust his administrative [*3] remedies as to most of his claims. (Doc. # 6.)

The Court referred the Motion to Dismiss to the Magistrate Judge and on January 29, 2009, he issued a Recommendation that it be denied in part and granted in part. Specifically, he found that Plaintiff alleged sufficient facts to sustain both claims against Dr. Fortunato and thus recommended denying the motion as to those claims. In contrast, he recommended granting the motion as to the claims against Defendants Rittenhouse and Webster, citing Plaintiff's failure to allege their personal participation in treating his pelvis (Claim One) and Plaintiff's vague allegations regarding his insulin treatment (Claim Two). Plaintiff filed an objection to the Recommendation; Defendants did not. (Doc. ## 13, 17.)

Case No. 1:92-cv-00870-CMA-MEH Document 4228-2 filed 12/18/09 USDC Colorado pg 3 of 6

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213 Page 2 of 5

On February 17, 2009, the same day he filed his objection, Plaintiff tendered an Amended Complaint with the Court, without seeking leave, hoping to cure the deficiencies in his complaint exposed by the Motion to Dismiss. Defendants filed an objection to the tendered Amended Complaint on March 5, 2009, arguing it should be denied as untimely or, if considered, denied as futile because it still fails to state claims against Defendants. (Doc. [*4] ## 18, 20.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Id. "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, the Court reviews the Recommendation to "satisfy itself that there is no clear error on the face of the record." See Fed.R.Civ.P. 72(b) Advisory Committee Notes.

In considering Plaintiff's filings, [*5] the Court is mindful that a pro se plaintiff is entitled to liberal construction of his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with pleading requirements." Id. Although conclusory allegations are insufficient to state a claim, a "plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." Id.

In reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)). The complaint will not be dismissed so long as it "contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) [*6] (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To put it differently, "a plaintiff must 'allege facts' that, taken as true, are 'suggestive of illegal conduct.'" Ashcroft v. Iqbal, U.S. , 129 S. Ct. 1937, 1959, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S., at 564, n. 8).

## III. ANALYSIS

Although the Magistrate Judge's report made several recommendations, only one was objected to. The lone objection, filed by Plaintiff and regarding the Magistrate Judge's treatment of Claim Two against Defendant Webster, is sufficiently specific to trigger de novo review. The other recommendations, in the absence of timely objections, may be adopted absent clear error. The Plaintiff's tendering of an Amended Complaint complicates matters. If accepted, it may cure whatever deficiencies, if any, undermine his original complaint. The Court, then, must first decide whether to accept Plaintiff's tendered Amended Complaint.

Defendants object to Plaintiff's Amended Complaint on two grounds. First, they argue it should be denied as untimely. Second, they argue it should be denied as futile; that is, the Court should grant their Motion to Dismiss despite the Amended Complaint because, even if considered, [*7] its allegations are still insufficient to state Eighth Amendment claims.

### A. Timeliness

Generally, once a responsive pleading has been filed, a plaintiff must seek leave of court before amending his complaint. See Fed.R.Civ.P. 15. Federal Rule of Civil Procedure 15(a)(2) states in part that "[t]he court should freely give leave when **justice** so requires." Id. (emphasis added).

Defendants argue that "justice" requires the Court deny Plaintiff's Amended Complaint as untimely, citing the period between when Plaintiff filed his original complaint (November 2007) and when he tendered his Amended Complaint (February 2009). They also cite their Motion to Dismiss, which has been outstanding since March 2008. The Court acknowledges the passage of time is significant. The Court, however, also reads the word "justice" in light of the liberal pleading standards afforded pro se litigants. See Hall v. Bellmon, 935 F.2d at 1110.

In this context the Tenth Circuit has stated that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Department of Corrections, 165 F.3d 803, 806 (10th Cir. 1999); [*8] also see Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) ("If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") (internal citation and quotation marks omitted).

The mere passage of time, without more, is insufficient grounds for this Court to justly deny Plaintiff's tender. Defendants have neither argued nor shown how accepting the Amended Complaint would unduly prejudice them. See Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Nor is there evidence of bad faith or any other factor favoring denial. See id. The amended complaint simply adds detail to allegations already existing from Plaintiff's original complaint, i.e., there are no new claims.

Given Plaintiff's pro se status, his unfamiliarity with pleading requirements, especially the need to allege sufficient facts in support of each of the elements of his claims, and also given the nature of his oversights, as described below, the Court accepts Plaintiff's tender and admits his Amended Complaint.

### B. Plaintiff's [*9] Claims

The Court now considers whether the allegations in Plaintiff's Amended Complaint are adequate to state claims under the Eighth Amendment.

Plaintiff alleges that Defendants' "deliberate indifference" to his medical needs violated his Eighth Amendment right to be free from cruel and unusual punishment. He brings his claim under 42 U.S.C. § 1983. To prevail, Plaintiff must prove that there was a

Case No. 1:92-cv-00870-CMA-MEH Document 4228-2 filed 12/18/09 USDC Colorado pg 4 of 6

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213 Page 3 of 5

deprivation of a federal or constitutional right by a person acting under color of state law. *Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)*; *Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001)*. At this stage, however, all he must do is allege facts which, if believed, plausibly entitle him to relief. See *Robbins, 519 F.3d at 1247*.

To satisfy the first prong of his 1983 claim, Plaintiff must adequately state an Eighth Amendment violation. A claim premised upon officials' deliberate indifference to a serious medical need must allege facts showing: (1) that the medical need is sufficiently serious to implicate constitutional protection, and (2) that the defendants acted with deliberate indifference to that need. *Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)*. The first element **[*10]** is measured objectively, the second subjectively. *Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)*.

### 1. Objective Prong -- Sufficiently Serious Condition

The first question is whether the complained-of conditions are sufficiently serious to warrant Constitutional protection. See *id.* "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)* (citation and quotation marks omitted).

Claims One and Two largely overlap, with allegations of diabetes mistreatment common to each. Claim One, however, also alleges violations arising from Defendants' mistreatment of Plaintiff's fractured pelvis. For purposes of this Order, the Court isolates the averments in Claim One regarding the fractured pelvis to gauge whether it states a cognizable claim.

Plaintiff claims the mistreatment of his fractured pelvis and resulting pain prevented him from being able to stand, walk, or even crawl. (Doc. # 18 at 4.) Defendants do not dispute, and indeed it is obvious, that a pelvis injury rendering **[*11]** one unable to even crawl, is a medical need sufficiently serious to implicate the Eighth Amendment.

Claim Two omits mention of the pelvis and focuses instead on Defendants' alleged mistreatment of Plaintiff's diabetes. Here, again, Defendants do not dispute whether the medical need, here diabetes, is sufficiently serious to trigger Eighth Amendment protection. Neither does the Court. Claim Two, then, alleging mistreatment of Plaintiff's diabetes, satisfies the objective component of the Eighth Amendment test.

### 2. Subjective Prong -- Deliberate Indifference

The next question is whether Plaintiff alleges facts suggesting Defendants acted with deliberate indifference to the inmate's medical needs. To establish the subjective component, Plaintiff must allege facts suggesting "the prison official subjectively "kn[ew]" of and disregard[ed] an excessive risk to inmate health or safety." *Sealock, 218 F.3d at 1209 (10th Cir. 2000)* (quoting *Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)*).

It is under this prong that Defendants wage their battle, arguing that Plaintiff's Amended Complaint fails to allege facts sufficient to satisfy this prong as to both claims against Defendants Rittenhouse and Webster. **[*12]** They also attack Claim One, the pelvis claim, as to Dr. Fortunato, despite the fact they never objected to the Magistrate Judge's recommendation that it be upheld. [1]

#### FOOTNOTES

1 Defendants do not object to the Magistrate Judge's recommendation that Claim Two, the insulin/diabetes claim, be denied as to Dr. Fortunato. Given the absence of clear error, the Court adopts and affirms the Magistrate Judge's recommendation regarding that claim.

#### a) Dr. Fortunato - Pelvis Claim

Defendants now argue that "merely stating that . . . Fortunato [was] aware of and failed to treat [Plaintiff's] pelvis does not provide enough facts to support that . . . Fortunato [was] deliberately indifferent to Plaintiff's sufficiently serious needs." (Doc. # 20 at 7.) The Court disagrees. Although largely contained in the section titled "Nature of the Case" in Plaintiff's Amended Complaint, given a liberal reading, Plaintiff's allegations are sufficient to show a plausible entitlement to relief against Dr. Fortunato. At this stage that is all that is required. See *Twombly, 550 U.S. at 570*.

Plaintiff alleges that an X-Ray revealed two fractures in his pelvis and that Dr. Fortunato advised "immediate surgery was needed" but the **[*13]** very next day decided against it given the costs involved. Dr. Fortunato then allegedly gave Plaintiff insufficient pain medication and when Plaintiff complained, Dr. Fortunato "refused" to increase the dosage and then ended the prescription after only a few days. These allegations (and others not detailed here) are sufficient to state the subjective element of an Eighth Amendment claim. (See Doc. # 18 at 4, 5.)

#### b) Rittenhouse and Webster - Pelvis Claim

In addition, the Court finds Plaintiff has alleged facts sufficient to sustain the pelvis claim against Defendants Rittenhouse and Webster. Plaintiff alleges that Sterling Community Hospital staff, which, given a liberal reading, plausibly include Rittenhouse and Webster, "did nothing to examine or treat the Plaintiff's pelvis despite the fact the Plaintiff informed them he was in great pain and could not crawl, stand, or walk." (*Id.* at 4.) Plaintiff also alleges that he "kept complaining of [his] pain from the fractured pelvis . . . to all three of the Defendants through the year of 2006." (*Id.* at 6.)

These allegations and others not mentioned suggest that Rittenhouse and Webster knew of and disregarded an excessive risk to Plaintiff's **[*14]** health. See *Iqbal, 129 S.Ct. at 1959* ("a plaintiff must allege facts that, taken as true, are suggestive of illegal conduct.") (internal citation and quotation marks omitted). The allegations are thus sufficient to state the subjective component of an Eighth Amendment claim regarding the mistreatment of Plaintiff's fractured pelvis.

#### c) Rittenhouse and Webster - Insulin/Diabetes Claim

With respect to the insulin/diabetes claim against Rittenhouse and Webster, Plaintiff's complaint must allege facts suggesting that

Case No. 1:92-cv-00870-CMA-MEH Document 4228-2 filed 12/18/09 USDC Colorado pg 5 of 8

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213 Page 4 of 5

they subjectively knew of and disregarded the at-issue serious medical need. The standard is akin to recklessness and allegations that Defendants acted negligently will not suffice. See Perkins, 165 F.3d at 811 ("negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."); also see McCracken v. Jones, 562 F.2d 22 (10th Cir. 1977) (malpractice claim insufficient to state Eighth Amendment claim). "[A]ccidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

With [*15] respect to Webster, Plaintiff alleges that Webster failed to provide Plaintiff with diabetic snacks used to increase low blood sugars. (Doc. # 18 at 6.) He also alleges that Webster provided Plaintiff with medication to treat Type 2 diabetes when Plaintiff in fact suffers from Type 1 diabetes. (Id. at 8.)

With respect to Rittenhouse and Webster, Plaintiff alleges they continued the "unsafe practices" initiated by Fortunato, i.e., altering Plaintiff's insulin dosage. Though the word "unsafe" is conclusory, Plaintiff details the facts underlying his conclusion that the practices were "unsafe." He writes that "[d]uring the month of August, 2006 the . . . insulin doses were affecting the Plaintiff so badly that his low blood sugars were making it impossible for him to walk, he was incoherent, mumbling, and wetting his bed without awareness of it." He also alleges that he "began to lose weight . . . his vision worsened," conditions of which he allegedly "informed all three defendants." Moreover, Plaintiff alleges "I kept complaining of . . . the unsafe insulin treatments to all three of the defendants through the year 2006." (Id. at 5, 6.)

With respect to Rittenhouse, Plaintiff alleges that [*16] she at one point altered his insulin dosage, immediately improving his condition, but then, in conjunction with the other defendants, told him he would have to comply with same insulin treatments every else was getting. (Id. at 7.)

Plaintiff's allegations are sufficient to satisfy the subjective component of the diabetes/insulin claim. Plaintiff alleges that he informed Rittenhouse and Webster of his deteriorating condition, which he attributed to their inadequate treatment of his diabetes. Thus, Plaintiff satisfies the first part of the inquiry--their subjective knowledge. But to satisfy the overall standard, Plaintiff must also allege that they *consciously disregarded* that knowledge. Plaintiff does so. The symptoms he alleges are so severe -- difficulty talking, walking, and loss of weight -- the Court finds that Plaintiff's allegations make it plausible that Rittenhouse and Webster consciously disregarded Plaintiff's deteriorating physical condition.

Defendants also argue that mere disagreement as to the proper course of treatment is not grounds for stating an Eighth Amendment claim. The Court agrees. However, a disagreement cannot be characterized as "mere" when Plaintiff is actively [*17] suffering from obvious medical needs. See Webster's New Collegiate Dictionary 712 (1981) (defining "mere" to mean "exclusive of or considered apart from anything else: nothing more than: BARE[.]"). The use of "mere" suggests the disagreement is insignificant or otherwise without consequence; it's nothing more than a disagreement. But a disagreement that leads to inadequate medical treatment is not a "mere" disagreement. It is a disagreement with dangerous consequences.

In summary, Plaintiff alleges that he suffered physical debilitating effects (swelling, inability to walk, trouble sleeping) from a change in his diabetes' treatment and that he told Defendants, including Rittenhouse and Webster, about these effects. Plaintiff has thus alleged facts suggesting that Defendants knew of and disregarded an excessive risk to Plaintiff's health.

**IV. CONCLUSION**

In light of its decision to accept Plaintiff's tender, the Court finds that the Amended Complaint contains facts sufficient to show that Plaintiff has plausible entitlements to relief with respect to each of the named defendants. For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's tendered Amended Complaint (Doc # 18) [*18] is ACCEPTED.

2. That Defendants' Objection (Doc. # 20) is OVERRULED.

3. That the Recommendation of the United States Magistrate Judge (Doc. # 13) is REJECTED IN PART, insofar as it recommends dismissal of the claims against Defendants Rittenhouse and Webster. The bases for the recommended dismissals were cured by Plaintiff's Amended Complaint. The Recommendation is otherwise AFFIRMED AND ADOPTED.

4. That Defendants' Motion to Dismiss (Doc. # 6) is DENIED, leaving both claims intact as to all three Defendants.

DATED: September 29, 2009

BY THE COURT:

/s/ Christine M. Arguello

CHRISTINE M. ARGUELLO

United States District Judge

Service: Get by LEXSEE®
Citation: 2009 U.S. Dist. LEXIS 90213
View: Full
Date/Time: Wednesday, December 16, 2009 - 4:02 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment

Case No. 1:92-cv-00870-CMA-MEH   Document 4228-2   filed 12/18/09   USDC Colorado   pg 6 of 6

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 90213

Page 5 of 5

- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis®  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.