IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

---

## DEFENDANTS' MOTION TO COMPEL

---

Pursuant to Fed. R. Civ. P. 37, Defendants, through the Colorado Attorney General, respectfully move for an order compelling Plaintiffs to respond to Defendants' First set of Compliance Interrogatories and Requests for Production of Documents.  In support of this Motion, the Defendants state as follows:

1.      Plaintiffs brought this class action seeking damages and declaratory and injunctive relief against the Governor, the Colorado Department of Corrections ("CDOC"), the Executive Director of that department, and a long list of prison officials, all based on § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the ADA, 42 U.S.C. §§ 12131 - 34.  All individuals were sued in their individual as well as official capacities to obtain damages from the Defendants under 42 U.S.C. § 1983.  Plaintiffs contended that Defendants violated the above statutes which prohibit discrimination based on one's disabilities.

2.      After extensive briefing, the Court dismissed Plaintiffs' Rehabilitation Act, ADA and § 1983 claims against the individual Defendants in

1

their individual capacities.  The Court also dismissed Plaintiffs' § 1983 claims against the Defendants in their official capacities.  Finally, the individual Defendants in their individual capacities were entitled to qualified immunity with respect to the § 1983 claims based on the Rehabilitation Act and the ADA. These claims were also dismissed.  *Montez v. Romer,* 32 F.Supp.2d 1235, 1243 (D. Colo. 1999).  The Court did not dismiss the §1983 Eighth Amendment claims against the individual defendants in their individual capacities.

3.      The parties settled the remaining claims by entering into the Remedial Plan on August 27, 2003.

4.      On November 4, 2009, Defendants served their First Set of Compliance Interrogatories and Requests for Production of Documents upon the Plaintiffs (the "Discovery Requests") (*See* Attached **Exhibit A**, Discovery Requests).

5.      The Discovery Requests essentially seek basic information relating to this case.  Specifically, the Discovery Requests seek information regarding what aspects of the Remedial Plan Plaintiffs contend that the CDOC is not compliant, the documents and witnesses Plaintiffs intend to utilize at the Compliance Hearing, and for each such witness, a statement of the subject matter of which each such witness is knowledgeable, and the expected testimony of each such witness.

6.      The Discovery Requests are neither oppressive nor onerous. The discovery requests consist of a total of four interrogatories and five requests for

2

production.[1]  The Discovery Requests seek information that Defendants needs in order to properly prepare a defense in this case.

7.     Plaintiffs served their Responses to Defendants' Interrogatories and Requests for Production of Documents on December 9, 2009 (*See* **Exhibit B**, Responses).[2]  The Plaintiffs' Responses, as a whole, are evasive and unresponsive.  See Fed. R. Civ. P.  37(a)(4) (An evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.)

8.     The Discovery Requests seek basic information relating to the evidence Plaintiffs intend to utilize at the Compliance Hearing.  Despite this fact Plaintiffs have refused to provide answers to the Discovery request (*See* **Exhibit B**, Responses).

9.     Specifically, the deficiencies associated with Plaintiffs' responses are as follows:

---

[1] In contrast, Plaintiffs have served multiple sets of written discovery and the Defendants have responded and produced over sixty boxes of documents responsive to the Plaintiffs' discovery requests.

[2] The responses were due on December 7, 2009.  Rule 33(b)(3) and Rule 34(b) both require a responding party to serve any objections to interrogatories and requests for production of documents within 30 days of service.  *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b).  Rule 33(b)(4) expressly makes waiver of an objection the appropriate sanction where that objection is not made in a timely manner.  See Fed. R. Civ. P. 33(b)(4).  ("Any ground not stated in a timely objection is waived unless the court, for good cause shown, excuses the failure.")   The failure to object to a request for production of documents within the time permitted by Rule 34 similarly constitutes a waiver of all such objections.  *See e.g. Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000), and authorities cited therein; 8A C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure: Civil 2d §  2173 (in absence of an extension of time, failure to object within the time fixed by the rules is a waiver of all objections).  Defendants are therefore entitled to an order requiring the Plaintiffs to fully and completely respond, without objection to each and every interrogatory and request for production propounded.

3

**INTERROGATORY NO.2:**         With regard to each provision of the Remedial Plan with which you maintain that the CDOC has not achieved substantial compliance on May 1, 2009, please identify the following:

a.  Identify and list all documents that support your allegation that the CDOC was not in substantial compliance with the specific provision of the Remedial Plan.  In doing so list each provision of the Remedial Plan and the documents that support your contention with respect to each separate provision;

b.  With respect to each provision identified above, identify each and every witness that will testify that the CDOC did not achieve substantial compliance with the specific provision of the Remedial Plan. In doing so list each provision of the Remedial Plan and the witnesses that will testify with respect to each separate provision.

**RESPONSE TO INTERROGATORY NO. 2:**

a.  Notwithstanding Defendants' delays and refusals in providing requested documentation and discovery responses to the Plaintiffs, Plaintiffs will provide the requested information in conjunction with the forthcoming Pre-trial Order. Plaintiffs note that all of the subject documents have been or (hopefully) will be provided to the Plaintiffs by the Defendants and their agents, with the exception of analytical compilations and demonstrative exhibits to be prepared by the Plaintiffs.

b.   Notwithstanding Defendants' delays and refusals in providing requested documentation and discovery responses to the Plaintiffs, Plaintiffs will provide the requested  information in conjunction with the forthcoming Pre-trial Order.

Plaintiffs fail to identify basic documents and witnesses they intend to use to support their claims.  Their assertion that the documents will be provided in conjunction with the Pretrial Order does not permit the Defendants to adequately prepare or to identify any rebuttal witnesses and exhibits or to review appropriate files of potential witnesses in order to adequately prepare to cross examine any witnesses.  Moreover, as of December 18, 2009, Plaintiffs' counsel stated that she had identified approximately 200 exhibits and at least 50 witnesses, yet failed to identify any exhibits or witnesses in response to the Discovery

4

Requests.  Moreover, the witness and exhibit list produced on December 18,

2009 fails to state which portion of the Remedial Plan the document or testimony

relates.  The witness list is just a list of names with no other identifying

information, i.e. CDOC staff, inmates, other witnesses.  Neither list provides

information as to the provision of the Remedial Plan that the evidence relates.

**INTERROGATORY NO. 3:**          For each expert employed by or on your
behalf in this case and who is or is not expected to be called as a witness
at the compliance hearing in the case:

a.      identify each such person by name, address, telephone number,
        occupation, and education;

b.      state the subject matter in which the expert would testify;

c.      state the substance of the facts and opinions to which the expert
        would testify if called at the time of trial or a hearing on this case;

d.      provide a summary of the grounds of each such opinion, and

e.      produce any reports, photographs, or other documents created by,
        supplied by, or relied upon by any such expert.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiffs object to this
Interrogatory pursuant to Fed.R.Civ.P. 26(b)(3) and (b)(4)(B) to the extent
applicable to non-testifying experts. With regard to testifying experts, the
requested information will be provided in Plaintiffs' expert reports.

Again, Plaintiffs failed to provide basic information concerning the expert

witnesses they intend to use at the Compliance Hearing. They failed to identify

the names of such witnesses, failed to identify the subject matter of the

testimony, the substance of the facts and opinions to which the expert would

testify if called at the time of trial or a hearing on this case, failed to provide a

summary of the grounds of each such opinion, and produce any reports,

photographs, or other documents created by, supplied by, or relied upon by any

such expert.  Rather, Plaintiffs state that the requested information will be

provided in their expert reports.  However, as of today's date, December 18,

2009, no such reports have been provided.  Indeed, Plaintiffs' counsel stated today that one expert still needed to review four more boxes of documents before the expert could finish her report.

**INTERROGATORY NO. 4:**        Identify each person whom you expect to call as a witness at the compliance hearing and for each such witness, state with specificity the subject matter of which each such witness is knowledgeable and the expected testimony of each such witness.

**RESPONSE TO INTERROGATORY NO. 4**. Plaintiff objects to this Interrogatory to the extent it calls for a pre-hearing summary of each witness' anticipated testimony. Plaintiffs will, however, provide an appropriate witness list in conjunction with the forthcoming Pre-trial Order.

Again, Plaintiffs failed to respond.  They fail to identify the witnesses they intend to call and fail to identify the subject matter of their witnesses' testimony.  They merely respond that they will provide a witness list.  They fail to indicate that they will identify the subject matter of each witness's testimony.  In addition, in a telephone conference this morning, Plaintiffs' counsel indicated that they intend to call in excess of 50 witnesses.  Providing the names of these witnesses two weeks before the hearing provides inadequate time to prepare.  For example, a great number of the witnesses will presumably be inmates.  In order to prepare to cross examine such witnesses, Defense counsel needs to review each inmate's working file, medical file and ADA file. Plaintiffs' counsel has had all of these files for some time, yet has failed to identify even their inmate witnesses to allow defense counsel to adequately prepare for cross examination of these witnesses.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.** All documents which evidence, reflect or relate in any way to your answers to the interrogatories submitted simultaneously herewith.

**RESPONSE TO REQUEST NO. 1**. All of the requested documents were produced by and are in the possession of the Defendants. Plaintiffs reserve the right, however, to designate and provide additional exhibits for purposes of rebuttal and/or as hereafter produced to them by the Defendants, as well as analytical compilations and demonstrative exhibits to be prepared by
the Plaintiffs.

Plaintiffs' response is tantamount to telling the Defendants to "go fish."

Defendants have produced over 60 boxes of documents to the Plaintiffs in this

case.  Simply stating that documents responsive to the request are in the

possession of the Defendants and are contained within the thousands of pages

produced in this case is tantamount to no response at all.

**REQUEST NO. 2.** All statements of witnesses and expert witnesses, expert witness reports, notes, diaries, memoranda, emails and all other reports, statements, verbatim transcripts, and records prepared by you or on your behalf concerning alleged non-compliance with the Remedial Plan.

**RESPONSE TO REQUEST NO. 2**. With regard to testifying experts, the requested information will be provided in Plaintiffs' expert reports.

Again, Plaintiffs have yet to provide any expert reports.  Moreover,

counsel for Plaintiffs indicated this morning that some of the expert reports have

yet to be completed.  Moreover, providing the report itself is inadequate.

Defendants requested notes, diaries, memoranda, emails and all other reports,

statements, verbatim transcripts, and records prepared by you or on your behalf

concerning alleged non-compliance with the Remedial Plan.

**REQUEST NO. 3.** All statements, reports, diaries, correspondence, memoranda, and copies of grievances of any witness you intend to call at the Compliance Hearing that relate to the CDOC's alleged non-compliance.

**RESPONSE TO REQUEST NO. 3**. Plaintiffs object to this request to the extent that it calls for the production of privileged information, work

product, or documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs state that all such requested documentation subject to production was produced by and is in the possession of the Defendants.

Again, Plaintiffs are telling the Defendants to "go fish."  Simply stating that

documents responsive to the request are in the possession of the Defendants

and are contained within the thousands of pages produced in this case is

tantamount to no response at all.

> **REQUEST NO. 4.** Releases for copies of CDOC Medical records for all inmates who may be called as witnesses at the Compliance Hearing.

> **RESPONSE TO REQUEST NO. 4**. Plaintiffs object to this Request as the requested releases were provided exclusively to Plaintiffs' counsel, and Plaintiffs' counsel have been given no authorization to convey such releases to the Defendants or anyone else on behalf of any individual member of the Plaintiff class. Without waiving this objection, Plaintiffs will provide releases for any inmate witness who will be called by the Plaintiffs to testify regarding medical or medical-related matters.

No releases have been provided to date.

> **REQUEST NO. 5.** All documents which evidence reflect or relate in any way to your allegations that the CDOC did not achieve substantial compliance with the Remedial Plan on or before May 1, 2009.

> **RESPONSE TO REQUEST NO. 5**. Please see responses to Requests 1 through 4, above.

Again, Plaintiffs have completely refused to provide any documents

responsive to this, or any other request for that matter.  This prevents

Defendants from preparing their case.

10.     Defendants attempted to resolve this discovery dispute.   However,

a telephone conference with Plaintiffs' counsel indicated that responses would be

contained in the Pretrial Order.  However, simply providing Defendants with a list

of names and documents is not responsive to the Discovery Requests.  Simply

put, Plaintiffs have completely failed to provide any responses whatsoever to the Discovery Requests.

11.     Despite Plaintiffs' obligations pursuant to Fed. R. Civ. P. 26, 33 and 34, Plaintiffs have failed to adequately disclose information, respond to interrogatories and produce relevant documents associated with this case.

12.     Defendants, on the other hand, have responded to no less than three sets of written discovery served by the Plaintiffs. Defendants have supplemented responses when necessary and are currently working on responses to Plaintiffs' **FOURTH** set of written discovery. In addition, Defendants' counsel fully cooperated with Plaintiffs' counsel and has scheduled numerous facility visits.  Defendants have bent over backwards in responding to and otherwise providing Plaintiffs with discovery in this case.  Despite this fact, Plaintiffs have stone-walled Defendants' attempts to obtain the most basic information that allegedly supports Plaintiffs' claims in this case.  Plaintiffs' failure to respond to the written Discovery Requests has made it impossible to prepare a defense and properly narrow the issues of this litigation.[3]

13.     Fed. R.Civ.P. 37 (a) provide the remedy resulting from a failure to provide adequate discovery responses as required by the rules, including Rules 33 and 34. In accordance with those rules Defendants are entitled to an order requiring the Plaintiffs to fully and completely respond, without objection to each and every interrogatory and request for production listed above (Fed. R. Civ. P.

---

[3] To the extent Plaintiffs claim they cannot respond in full because they have not completed their own discovery, Plaintiffs have a duty to identify what they know and produce what they have at this time and supplement their responses as new information is obtained.

37 (a)(2)(B)) and an order awarding Defendants reasonable attorney fees, costs and expenses associated with this motion (Fed. R. Civ. P. 37 (a)(5)).

14.     Pursuant to Fed. R. Civ. P. 37(a)(1) and D.C.Colo.LCivR 7.1(a), undersigned counsel certifies that he attempted in good faith to confer with Plaintiffs' counsel prior to filing this motion.  Plaintiffs' counsel opposes this motion and, as indicated above, has failed to supplement the Responses other than stating that the information will be provided in the Pretrial Order

DATED this 18th day of December, 2009.

JOHN W. SUTHERS
Attorney General

s/ James X. Quinn
_____
JAMES X. QUINN
Assistant Attorney General
Civil Litigation and Employment Law
   Section
Attorneys for Defendants
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4307
FAX: (303) 866-5443
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that on December 18, 2009, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following e-mail addresses:

Paula Greisen
Jennifer W. Riddle
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
eramey@ir-law.com
lmarks@ir-law.com

s/ James X. Quinn