IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

## DEFENDANTS' FIRST SET OF COMPLIANCE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, through the Colorado Attorney General, hereby request that Plaintiffs, pursuant to rules 33 and 34 of the Federal Rules of Civil Procedure, answer under oath the interrogatories set forth herein and produce documents designated below for inspection and copying at the offices of the Colorado Attorney General, 1525 Sherman Street, Denver, Colorado, 80203, within the time allowed by the Federal Rules of Civil Procedure. This discovery is deemed continuing until the compliance hearing and imposes a duty upon Plaintiffs to supplement their responses as set forth in Fed. R. Civ. P. 26.

### INSTRUCTIONS AND DEFINITIONS

Each of the instructions and definitions set forth below are incorporated, as applicable, into each of the following discovery requests as if set forth therein verbatim.



EXHIBIT A

If you object to any of the following discovery requests on grounds that you do not understand the meaning of a particular word or phrase, then for each such discovery request, set forth your own good faith definition of the word or phrase in doubt, together with the source of your definition, and respond to such discovery request using your definition.

In responding to the following discovery requests, please type each request immediately before your response.

### A. Interrogatories.

1. In answering the following interrogatories, Plaintiffs are to furnish all information which is available to them, including information in the possession of their administrators, fiduciaries, agents, attorneys or investigators.

2. If you cannot answer an interrogatory in full after exercising due diligence to obtain the information to do so, please answer to the extent possible, specifying the reason(s) for you inability to answer the remainder.

3. If you lack part or all of the information necessary to answer an interrogatory but know the identity of other person(s), entity(ies) or source(s) who or which do or may have such information, please identify such other person(s), entity(ies) or source(s) and, for each, please state your understanding of his, her or its knowledge that is or may be pertinent to the subject matter(s) of the interrogatory.

4. In the event any information requested by the following interrogatories is withheld for any reason, the reason or reasons for withholding such information should be specifically stated with sufficient detail to permit the Court

and undersigned counsel to ascertain the legal sufficiency of the reason or reasons asserted for withholding the information from discovery.

**B.    Document Requests.**

1.    The documents called for by the following requests for production of documents are those documents in the possession, custody, or control of, and/or which are legally available to Plaintiffs or their administrators, fiduciaries, agents, attorneys or investigators.

2.    If any document called for by any request is not produced for any reason, each such document should be identified in writing so as to indicate the nature of the document, its date, its author, the person or persons, if any, who received the original or any copy thereof and the reason or reasons for withholding the document from production. Additionally, any other information necessary for the Court and undersigned counsel to independently ascertain the legal sufficiency of any reason or reasons asserted for withholding the document should be disclosed in your written Response hereto required by Fed. R. Civ. P. 34.

3.    If any document requested is missing or has been destroyed or otherwise lost, it should be identified in writing in as much detail as possible, and the circumstances under which it became missing or destroyed or otherwise lost should be stated in Plaintiff's written Response under Fed. R. Civ. P. 34. Additionally, all persons having at any time possession, custody or control of such document and all persons having any knowledge of the circumstances by which the document became unavailable should be identified in such written

Response by name, title, if applicable, home and business address and home and business telephone numbers.

4. If you do not have possession, custody or control of any documents responsive to one or more of the following requests for documents but know the identify of other person(s), entity(ies), or source(s) whom or which do or may have such document or a copy thereof please identify such other person(s), entity(ies) or source(s) and, for each, please state your understanding of which document(s) he, she or it may possess that are or may be called for by the particular request for production.

5. Strict compliance with Rule 34(b) is demanded of Plaintiffs. Please respond separately in writing with respect to each item or category set forth below. If you have possession, custody or control of no documents or other tangible things fairly responsive to a particular request, so state in your written Response under Rule 34 and comply with Instructions No. (3) and (4) immediately above, if and to the extent applicable. Also state whether the documents or other tangible things being produced in response to the requests are being produced as they are kept in the usual course of business or whether they are organized and labeled to correspond with the requests.

6. Production of the documents requested shall be made at the offices of the Colorado Attorney General, 1525 Sherman Street, Denver, Colorado, 80203, or at such other place as counsel for the parties may agree. Production shall begin no later than three (3) business days after Plaintiffs have served their written Response to the request for production pursuant to Rule 34. Inspection

and copying of the documents produced shall begin at that time and place and shall continue during reasonable business hours and for consecutive business days until completed.

**C.   Definitions**

As used in these discovery requests, the following terms are ascribed the following meanings, consistent with reason and good faith:

1.   The term "Plaintiffs" refers to the plaintiff class, including all sub-classes unless otherwise specified.

2.   The word "or" includes "and/or."

3.   The terms "you" and "your" mean the named Plaintiff class responding to these requests and any and all of the persons and entities set forth in Instructions, paragraphs (A)(1) and (B)(1) above.

4.   "Identify" as used with respect to a "person" if an individual shall require a statement of all of the following information:  (a) full name;  (b) present employer and title, if any;  (c) present or last known home address and telephone number;  (d) present or last known occupation, employment and/or title; and  (e) present or last known business address and telephone number.  If the "person" is a current or former inmate please provide a CDOC inmate number.

5.   "Identify" as used with respect to a "person" when not an individual, shall require a statement of all the following information:  (a) full name;  (b) principal address;  (c) telephone numbers of principal office or facility; and  (d) name(s) of person(s) controlling or managing the entity or enterprise.

6. "Identify" as used with respect to a "document" shall be read to require a statement of all of the following information with respect to such document: (a) title or description of document (e.g., letter, memorandum, report, etc.); (b) subject matter(s); (c) date; (d) author; (e) addressee(s); (f) file number or other identifying mark(s) or code(s); and (g) all other information that serves to distinguish the document from other documents.

7. "Document" or "documents" shall be defined as in Fed. R. Civ. P. 34 and shall include, without limitation, any type of tangible medium upon which intelligence or information can be recorded or from which it may be retrieved, and includes without limitation any book, pamphlet, periodical, letter, memoranda, (including any memorandum or report of a meeting or conversation), invoice, diary, calendar, daytime planners, date books, itineraries, telex, telegram, telefax, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, vouchers, loans, promissory notes, letter of conflict, receipts, inventories, tape, photograph, microfilm, data sheet, data processing card, disk or diskette, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, and any and all originals and non-identical copies or reproductions including originals, copies which may contain any commentary or notation that does not appear on the original, and any preliminary, revised, superseded or otherwise replaced drafts or forms of the original.

8. "Remedial Plan" means the Remedial Plain executed by the parties to this litigation dated August 27, 2003.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify:

a. Each and every provision of the Remedial Plan with which you contend that the CDOC is not in substantial compliance as of May 1, 2009;

b. The specific section numbers of the Remedial Plan with which you contend the CDOC was not in substantial compliance as of May 1, 2009;

c. The specific language of any provision with which you maintain that the CDOC is not in substantial compliance as of May 1, 2009;

d. The basis for your allegation of noncompliance by the CDOC with respect to each provision of the Remedial Plan.

**INTERROGATORY NO.2:**    With regard to each provision of the Remedial Plan with which you maintain that the CDOC has not achieved substantial compliance on May 1, 2009, please identify the following:

a. Identify and list all documents that support your allegation that the CDOC was not in substantial compliance with the specific provision of the Remedial Plan. In doing so list each provision of the Remedial Plan and the documents that support your contention with respect to each separate provision;

b. With respect to each provision identified above, identify each and every witness that will testify that the CDOC did not achieve substantial compliance with the specific provision of the Remedial

Plan. In doing so list each provision of the Remedial Plan and the witnesses that will testify with respect to each separate provision.

**INTERROGATORY NO. 3:** For each expert employed by or on your behalf in this case and who is or is not expected to be called as a witness at the compliance hearing in the case:

    a. identify each such person by name, address, telephone number, occupation, and education;

    b. state the subject matter in which the expert would testify;

    c. state the substance of the facts and opinions to which the expert would testify if called at the time of trial or a hearing on this case;

    d. provide a summary of the grounds of each such opinion, and

    e. produce any reports, photographs, or other documents created by, supplied by, or relied upon by any such expert.

**INTERROGATORY NO. 4:** Identify each person whom you expect to call as a witness at the compliance hearing and for each such witness, state with specificity the subject matter of which each such witness is knowledgeable and the expected testimony of each such witness.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**. All documents which evidence, reflect or relate in any way to your answers to the interrogatories submitted simultaneously herewith.

**REQUEST NO. 2.**   All statements of witnesses and expert witnesses, expert witness reports, notes, diaries, memoranda, emails and all other reports, statements, verbatim transcripts, and records prepared by you or on your behalf concerning alleged non-compliance with the Remedial Plan.

**REQUEST NO. 3.**   All statements, reports, diaries, correspondence, memoranda, and copies of grievances of any witness you intend to call at the Compliance Hearing that relate to the CDOC's alleged non-compliance.

**REQUEST NO. 4.**   Releases for copies of CDOC Medical records for all inmates who may be called as witnesses at the Compliance Hearing.

**REQUEST NO. 5.**   All documents which evidence, reflect or relate in any way to your allegations that the CDOC did not achieve substantial compliance with the Remedial Plan on or before May 1, 2009.

DATED this 4th day of November, 2009.

JOHN W. SUTHERS
Attorney General

s/ James X. Quinn
JAMES X. QUINN
Assistant Attorney General
Civil Litigation and Employment Law
  Section
Attorneys for Defendants
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4251
FAX: (303) 866-5443
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within Defendants' First Set Compliance Interrogatories and of Requests for Production of Documents upon all parties herein by email and U.S. Mail this 4th day of November, 2009 addressed as follows:

Paula Greisen
Jennifer W. Riddle
1670 York St.
Denver, CO 80206
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
Isaacson Rosenbaum, PC
633 17th St. #2200
Denver, Co. 80202
eramey@ir-law.com
lmarks@ir-law.com

s/ James X. Quinn