IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF COMPLIANCE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Jesse Montez, et al. ("Plaintiffs"), through counsel, set forth the following responses to Defendants First Set of Compliance Interrogatories and Requests for Production of Documents propounded on November 4, 2009 as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify:

    a.    Each and every provision of the Remedial Plan with which you contend that the CDOC is not in substantial compliance as of May 1, 2009;

    b.    The specific section numbers of the Remedial Plan with which you contend the CDOC was not in substantial compliance as of May 1, 2009;

    c.    The specific language of any provision with which you maintain that the CDOC is not in substantial compliance as of May 1, 2009;

    d.    The basis for your allegation of noncompliance by the CDOC with respect to each provision of the Remedial Plan.

**RESPONSE TO INTERROGATORY NO. 1:**

    a.    Plaintiffs are unable to respond comprehensively to this Interrogatory due to the Defendants' inability, failure, or refusal to produce to the Plaintiffs updated, accurate, and current data and information, as required by Fed.R.Civ.P. 26(e)(1), regarding disability screenings and

2210173_1.doc

EXHIBIT B

determinations, the identification of inmates acknowledged to be members of the Plaintiff class, jobs and program assignments for class members, and the materials requested and subject to Plaintiffs' Motion to Compel Discovery Responses dated December 1, 2009. With this caveat and based upon the information available to them, Plaintiffs contend that Defendants were not in substantial compliance as of May 1, 2009, and to the best of their knowledge are currently not in substantial compliance, with the following sections of the Remedial Plan:

Defendants' failure to complete inmate disability screenings pursuant to revised criteria on or before May 1, 2009, placed Defendants in a position where they were unable to identify, monitor, and track Plaintiff class members and assure compliance with any of the provisions of the Remedial Plan as of the Compliance Date. Defendants cannot be considered to be in compliance with any aspect of the Remedial Plan under those conditions.

Section II – Inability of Defendants to identify class members as of the Compliance Date made it impossible for the AIC to perform her required functions. Currently the designated AIC is no longer serving in that position and has not been replaced in accordance with the terms of the Remedial Plan.

Section IV – Disability verifications and screenings after DRDC intake and regarding inmates currently in DOC are not being performed in a timely fashion and are based upon faulty and inappropriate criteria. Inmates with disabilities are not being screened and identified under appropriate criteria at DRDC. Inmates with disabilities (particularly diabetics) at private facilities are not being identified and screened under appropriate criteria.

Section V – Defendants are not in compliance with placement requirements due to inaccurate/incomplete/unavailable disability determinations and faulty screening criteria. Defendants have not provided evidence of full or routine compliance with placement requirements for diabetic inmates in cells with call buttons. It appears that inmates utilizing call buttons are not routinely responded to in a timely manner.

Section VI – Inmates with disabilities are being housed improperly at higher security facilities due to manipulation of M-codes at lower level security facilities.

Section IX – DOC tracking system is inaccurate, dysfunctional, and incomplete. Defendants are not adequately accommodating diabetics during transfers. AIC is not provided sufficient support to enable her office to comply with requirements for working with case managers to assure nondiscriminatory access to programs, benefits, and services.

Section X – DOC is incapable of assuring that reasonable accommodations are being provided to Plaintiff class members due to delayed and inaccurate disability determinations and absence of a functional tracking system. TDD kiosks have not been appropriately provided at any facility except CTCF. Accommodations for diabetics with regard to cell assignments, response to call buttons, transfers, etc. are not appropriately assured. Appropriate shoes are not being provided to diabetics and inmates with mobility disabilities. Diabetics are not allowed to wear diabetic shoes to visiting and other areas at various facilities and there is no consistent

policy on this. Bathroom access during visitation continues to raise compliance issues. Defendants have not provided evidence of appropriate modification of work schedules to accommodate class members. Consistent reasonable accommodations to facilitate effective communication, including but not limited to access to announcements, inmate aids, and readers are not being provided.

Section XI – DOC is incapable of evaluating reasonable accommodations or justifications for denial of such accommodations due to delayed and inaccurate disability determinations and absence of a functional tracking system.

Section XII – DOC is authorizing and permitting Department personnel to obstruct initiation of the step 1 ADA grievance process, including the inappropriate designation of ADA grievances as non-ADA grievances, grievances being responded to internally at the facility level and by case managers, and class members not having appropriate access to grievance forms. Step 1 and step 2 grievances are not being timely processed. Case managers delay forwarding of grievances. Inmates are held to strict deadlines notwithstanding DOC-caused delays while DOC routinely disregards its own deadlines.

Section XIII – DOC is incapable of assuring compliance with this section due to delayed and inaccurate disability determinations, absence of a functional tracking system, and failure to adequately designate essential job functions. Adequate training of DOC and private facility staff to assure that inmates with disabilities are being provided nondiscriminatory access to jobs, programs, and activities is not supported by produced information. Diabetics with soft shoes are excluded from jobs in areas where soft shoes are not permitted. AIC reviews have not been conducted as required by paragraph XIII.D.

Section XIV – DOC is not complying with inmate aid screening criteria. DOC is not consistently providing required assistance to inmates identified as needing assistance and assigning inmate aids to the same cell or living area as those whom they are assisting. DOC has an insufficient number of inmate aids to provide the required level of assistance.

Section XV – particularly in the area of diabetic care, DOC staff and medical personnel performance demonstrates a lack of awareness of and attention to the needs and conditions of class members and non-compliance with training requirements. Evidence of annual training of medical staff on diabetic issues is lacking. Evidence of training regarding how to ensure that inmates with disabilities are not subjected to discrimination in job assignments is lacking.

Section XVI – DOC is failing to assure that inmates are not deprived of personal health care appliances in their possession, to include without limitation retention of assistive devices (e.g., hearing aids and batteries) during transport and removal of devices during shakedown. Personal assistive devices are not consistently and properly identified on Accommodation Resolutions and property lists. Inmates continue to suffer delays in the repair and replacement of hearing aids.

Section XVIII – Private facilities are consistently not providing appropriate Remedial Plan information during orientation and have not provided IAs and OMs or the Code of Penal Discipline on tape as required.

Section XIX – No effective or accurate method has been implemented to identify inmates with disabilities to custodial staff.

Section XX – DOC is failing and refusing to provide for the safety of the substantial number of disabled inmates housed at the Fort Lyon Correctional Facility.

Section XXIV – DOC personnel are failing and refusing to accommodate the needs of mobility disabled inmates, hearing impaired inmates, vision impaired inmates, and diabetics during transport.  Diabetic inmates are not consistently provided with appropriate meals, snacks, restroom breaks, insulin, and other medication.

Section XXV – DOC is not providing adequate restroom breaks to diabetics during visiting.  Diabetics are being prevented from wearing diabetic shoes to visiting.

Section XXVI – DOC is failing and refusing to assure that inmates with disabilities are not subjected to discrimination at the facility level based upon inflated and inaccurate M-Codes.  Required evaluations and documentation regarding disabled inmate ability to participate in work, educational, and vocation activity is not being conducted.  Requirements for designation of "medically unassigned" inmates are not being complied with.

Section XXIX – DOC is failing and refusing to assure that inmates with disabilities are not subjected to discrimination with regard to access to community correctional facilities.

Stipulation 2 (2006) – DOC is routinely charging inmates with disabilities co-pays for medical appointments for diabetes and diabetes-related issues.

Stipulation 2 (2008) – DOC is failing to keep long-lasting hearing aid batteries in stock in facility clinics and/or is failing to make replacement batteries available to inmates on an as needed basis.

Stipulation 3 (2008) – DOC failed to conduct a substantial number of disability re-screens under the new mutually agreed criteria prior to Compliance Date.

Stipulation 4 (2008) – DOC failed to remedy the problems giving rise to damages addressed in the Special Masters Orders with respect to appropriate accommodations.  As of May 1, 2009, DOC identified at least 60 Orders with which DOC was not complying.

Stipulation 5 (2008) – DOC has failed to implement American Sign Language classes as an ongoing program.

Stipulation 11 (2008) – DOC failed to make TTY machines available to inmates who require such an accommodation, other than the installation of TTY kiosks at CTCF.

Stipulation 12 (2008) – DOC has failed to take into consideration the specific need of certain diabetics to use the restroom facilities on a more frequent basis during visitation and at other times than inmates without diabetes.

Stipulation 14 (2008) – DOC failed to immediately relocate all inmates with documented histories of hypoglycemia or hypoglycemic events to cells with call buttons. DOC also fails to respond to inmates' use of the call button system in a timely and appropriate manner.

Stipulation 15 (2008) – DOC failed to make necessary modifications or changes to allow inmates with disabilities who are otherwise qualified to participate in the dog programs offered by DOC.

Stipulation 19 (2008) – DOC failed to implement a SOTMP Phase II program at a designated facility comparable to the program available at the Arrowhead Correctional Facility by the July 4, 2008 deadline and inmates with disabilities remain on extended waitlists for the program.

Stipulation 21 (2008) – DOC failed to establish a consistent standardized procedure for inmates to obtain jobs and a standardized procedure by which employment decisions are documented. DOC failed to revise job descriptions so as not to include standing, hearing, speaking and seeing as essential functions of all jobs.

Stipulation 24 (2008) – DOC routinely fails to waive medical co-pays for medical treatment related to the covered Montez disabilities.

Stipulation 25 (2008) – DOC failed to revise Accommodation Resolution Forms for all diabetics to indicate their status as Class members and a listing of "accommodations as needed" in a timely manner.

Stipulation 26 (2008) – In the case of a disagreement between the AIC and any other DOC employee or medical provider concerning the disability status of an inmate and/or accommodations to be provided, there is evidence that the conclusion of the AIC was not final.

Stipulation 30 (2008) – DOC failed to provide inmates with two copies of their ADA grievances when filed.

    b.    See response to (a), above.

    c.    See response to (a), above, and Remedial Plan.

    d.    See response to (a), above.

**INTERROGATORY NO. 2:** With regard to each provision of the Remedial Plan with which you maintain that the CDOC has not achieved substantial compliance on May 1, 2009, please identify the following:

a. Identify and list all documents that support your allegation that the CDOC was not in substantial compliance with the specific provision of the Remedial Plan. In doing so list each provision of the Remedial Plan and the documents that support your contention with respect to each separate provision;

b. With respect to each provision identified above, identify each and every witness that will testify that the CDOC did not achieve substantial compliance with the specific provision of the Remedial Plan. In doing so list each provision of the Remedial Plan and the witnesses that will testify with respect to each separate provision.

**RESPONSE TO INTERROGATORY NO. 2:**

a. Notwithstanding Defendants' delays and refusals in providing requested documentation and discovery responses to the Plaintiffs, Plaintiffs will provide the requested information in conjunction with the forthcoming Pre-trial Order. Plaintiffs note that all of the subject documents have been or (hopefully) will be provided to the Plaintiffs by the Defendants and their agents, with the exception of analytical compilations and demonstrative exhibits to be prepared by the Plaintiffs.

b. Notwithstanding Defendants' delays and refusals in providing requested documentation and discovery responses to the Plaintiffs, Plaintiffs will provide the requested information in conjunction with the forthcoming Pre-trial Order.

**INTERROGATORY NO. 3:** For each expert employed by or on your behalf in this case and who is or is not expected to be called as a witness at the compliance hearing in the case:

a. identify each such person by name, address, telephone number, occupation, and education;

b. state the subject matter in which the expert would testify;

c. state the substance of the facts and opinions to which the expert would testify if called at the time of trial or a hearing on this case;

d. provide a summary of the grounds of each such opinion, and

e. produce any reports, photographs, or other documents created by, supplied by, or relied upon by any such expert.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiffs object to this Interrogatory pursuant to Fed.R.Civ.P. 26(b)(3) and (b)(4)(B) to the extent applicable to non-testifying experts. With regard to testifying experts, the requested information will be provided in Plaintiffs' expert reports.

**INTERROGATORY NO. 4:** Identify each person whom you expect to call as a witness at the compliance hearing and for each such witness, state with specificity the subject matter of which each such witness is knowledgeable and the expected testimony of each such witness.

**RESPONSE TO INTERROGATORY NO. 4**. Plaintiff objects to this Interrogatory to the extent it calls for a pre-hearing summary of each witness' anticipated testimony. Plaintiffs will, however, provide an appropriate witness list in conjunction with the forthcoming Pre-trial Order.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.** All documents which evidence, reflect or relate in any way to your answers to the interrogatories submitted simultaneously herewith.

**RESPONSE TO REQUEST NO. 1.** All of the requested documents were produced by and are in the possession of the Defendants. Plaintiffs reserve the right, however, to designate and provide additional exhibits for purposes of rebuttal and/or as hereafter produced to them by the Defendants, as well as analytical compilations and demonstrative exhibits to be prepared by the Plaintiffs.

**REQUEST NO. 2.** All statements of witnesses and expert witnesses, expert witness reports, notes, diaries, memoranda, emails and all other reports, statements, verbatim transcripts, and records prepared by you or on your behalf concerning alleged non-compliance with the Remedial Plan.

**RESPONSE TO REQUEST NO. 2.** With regard to testifying experts, the requested information will be provided in Plaintiffs' expert reports.

**REQUEST NO. 3.** All statements, reports, diaries, correspondence, memoranda, and copies of grievances of any witness you intend to call at the Compliance Hearing that relate to the CDOC's alleged non-compliance.

**RESPONSE TO REQUEST NO. 3.** Plaintiffs object to this request to the extent that it calls for the production of privileged information, work product, or documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs state that all such requested documentation subject to production was produced by and is in the possession of the Defendants.

**REQUEST NO. 4.** Releases for copies of CDOC Medical records for all inmates who may be called as witnesses at the Compliance Hearing.

**RESPONSE TO REQUEST NO. 4.** Plaintiffs object to this Request as the requested releases were provided exclusively to Plaintiffs' counsel, and Plaintiffs' counsel have been given no authorization to convey such releases to the Defendants or anyone else on behalf of any individual member of the Plaintiff class. Without waiving this objection, Plaintiffs will provide releases for any inmate witness who will be called by the Plaintiffs to testify regarding medical or medical-related matters.

**REQUEST NO. 5.** All documents which evidence, reflect or relate in any way to your allegations that the CDOC did not achieve substantial compliance with the Remedial Plan on or before May 1, 2009.

**RESPONSE TO REQUEST NO. 5.** Please see responses to Requests 1 through 4, above.

DATED this 9th day of December, 2009.

*s/ Edward T. Ramey*
Edward T. Ramey
Isaacson Rosenbaum P.C.
1001 17th Street, Suite 1800
Denver, CO  80202
Phone:  303.292.5656
Fax:  303.292.3152
E-mail:  eramey@ir-law.com; lmarks@ir-law.com; bmyhre@ir-law.com;

## **CERTIFICATE OF SERVICE (CM/ECF)**

   I HEREBY CERTIFY that on this 9th day of December, 2009, I electronically served a true and correct copy of the foregoing on the following e-mail addresses:

Paula Dee Greisen  
greisen@kinggreisen.com  
David Miller  
miller@kinggreisen.com  
Jennifer Wardner Riddle  
riddle@kinggreisen.com  
King and Greisen, LLP  
1670 York Street  
Denver, CO 80206  
*Attorneys for Plaintiffs*

(beth.mccann@state.co.us)  
Elizabeth H. McCann, Deputy Attorney General  
James X. Quinn  
James.Quinn@state.co.us  
Jennifer Susan Huss  
jennifer.huss@state.co.us  
Robert Charles Huss  
rob.huss@state.co.us  
Willow Ivana Arnold  
willow.arnold@state.co.us  
Berina Ibrisagic  
berina.ibrisagic@state.co.us  
1525 Sherman Street, 5th Floor  
Denver, CO 80203  
*Attorneys for Defendants*

Brice A. Tondre  
briceatondrepc@msn.com

Castelar M. Garcia  
slvlaw@gojade.org

H. Earl Moyer  
mbvlaw@mbv1.net

Patricia S. Bellac  
psblawfirm@comcast.net

            *s/ Edward T. Ramey*  
            Edward T. Ramey