IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

        Plaintiffs,

-VS-

BILL OWENS, et. al.

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 2 2009

GREGORY C. LANGHAM
CLERK

---

Claim Number: 03-471
Category: III
Claimant: Hobert G. Stephens, # 86084
Address of claimant: CCCF, 6564 state highway 96, Olney Springs, Co 81062

---

**CLAIMANT'S OBJECTIONS TO FINAL ORDER OF SPECIAL MASTER**

---

**OBJECTIONS**

Claimant as ordered under advisement given by this court dated October 30th 2009 ; the final order of special master; the purpose and reasons of the opportunity to file an objection on or before December 28th 2009.

    The claimant Mr. Stephens now following the following order of the Special Master humbly object to this order for the following reasons:

1.    Predicated upon another related matter following a September 12th 2009 order of special master whereas claimant was to be given the opportunity to view his medical records; The court in this order further ordered claimant shall be provided up to 200 pages of copies of his medical records to be don on or before October 12th 2009.

1

2.  Following the hearing before the Special Master on October 16th 2009 held at Crowley County Correctional facility in Olney Springs Colorado; present were the following Robert Huss, attorney for defendants and Hobert G. Stephens and a witness Dr. Tim Creany M.D.

3.  Four questions was presented through out the hearing and based upon these questions a decision was rendered by this court; the four questions was additional reiterated within the final order as the result of testimonies of the claimant and the expert witness Dr. Tim Creany M.D.

4.  1st objection to the fairness of the medial records access on equal footing under the discovery Rules 26 whereas a duty to disclose; The defendant in this matter had full access to claimants medical file "records" whereto claimant was never allowed full access to the full file in possession of the Department of Corrections; The specific file pertaining to the 1995 injuries sustained at the Arrowhead Correctional Facility; The treatment for this injury, and the treatment for the vision problems as well, during the year of 1995, or between the years of 1993 and 1995.

5.  Claimant objects now to this disadvantage he has subjected to this discovery violation done on the behalf of the defendants, whereto a [red herring] tactical testimonies was manufactured by the defendants attorney Mr. Huss; the entering of such created testimonies into the court record, and was far from the issues of the claim whereas the claimant's mind set was differently prepared to argue.

6.  The defendants only provided a [s]elect medical records absent the treatments during the times between 1993 and 1995, this was obviously not included in the recorded viewed by the claimant, and; the testimonies given by the expert witness Dr. Tim Creany M.D. were the issues pertaining to injuries was omitted from his review,

7.  2nd objection included were the contempt issue, whereas the production of documents from which the evidence was to be had was thwarted by the defendants when the medical records reflecting the disability so claimed; The objections their of and for good cause shown herein that the establishment of claimants disability can only be had through the medical records as of which was denied by Crowley County Correctional Facility [medial department] and the Department of Corrections, Arrowhead Correctional Facility [ Medial Departments] medial file reflecting treatment rendered during the time of injury claimed where the disability began or is documented through the record.

2

8.  Whereto additional discrimination has taken place in the form of (record review discrimination) done by, or on behalf of the Department of Correction where to 200 pages of [s]elected medical records ; The neither supported or acknowledged treatments from approximately on or between the years of 1993 to 1995, where as the medical records should such treatments; the medical department at Crowley County Correctional Facility doses not have the complete file evidenced by the absent of the documented treatment sought in support of the claim. In support of the Special Masters requested additional information from the claimant. In response to the previous order issued by the Special Master.

9.  For the reasons, mentioned, and the additional section XXXII of the remedial plan whereas claimant claims for relief, when sent to Special Master for a determination of categories as of which has been designated as category III. Affirmed by the master.

10. Upon this determination now established through the record that permanent disability/impairment to claimant's ability to perform a major life acting, thus a permanent disability, and further as evidenced is a matter of government records which are located at the Social Security Office at 1616 Champa Street, forth floor Denver, Colorado 80202 were to the evidence of Medicaid A and Medicaid B (Medicare) for permanent disability and chronic care was issued to the claimant.

11. In the alternative accommodating claimant's objections... this a request put forthwith to the Special Master for the opportunity to obtained from other sources medical records that will establish, the disability and impairments. Claimant has no attorney, or the resources from which to draw upon for such a task, and, would need assistance (1) to obtained theses records of proof in support of; the before August 27th 2003, in part: (2) moreover providing, the evidence that claimant was qualified to participate in the programming; (3) the records will reflect once properly reviewed; the discrimination and deliberate indifference claimed against D.O.C..

12. And in support of entitlement to a "relief benefits" where as claimant was receiving disability prior to incarceration as provided by the United States Social Security Administration, and, whereto the enactments of congress is protected by 18 F.C.C.C. § 246; the Department of Corrections et. al. including the contracted employee's of the D.O.C. has violate this criminal statute, were by directly or indirectly have deprived the claimant Mr. Hobert G. Stephens.

13.   The Department of Corrections in a effort to further the depravation of a relief benefit have by acknowledgment through a signed, and issued document dated 10/19/2009 and a second date of signature of 10/7/2009; the form is called a accommodation resolution ( see attachment as Exhibit A) where to this document states the following :

   I. You DO NOT HAVE DIABETES
   II. You DO NOT HAVE MOBILITY DISABILITY
   III. You DO NOT HAVE A VISION DISABILITY
   IV. Your MEDICAL CONDITION (Heart condition ) DOSE NOT RISE TO THE LEVEL OF A DISABILITY
   V. You DO NOT HAVE AN UPPER EXTREMITY DISABILITY

Noting that this document was E-mailed to facility litigations Coordinator for printing on yellow paper & distributed to the following-Warden, case Manager ( working file), 2 copies to HAS for placement in medical & Mental Health File. & to any other DOC or Contract employee with a need-to-know ( work supervisor, teacher, etc...) & print size copies on yellow paper & serve on offender.

Claimant, in the alternative must seek a court order in the form of **Subpoena Duces Tecum** for the production of specific medical records that reflect the treatments and documentation of the injuries in question; the back injuries sustained while in the custody of the Department of Corrections, and any other related information or the medical records that my be in the possession of Contract employee with a need-to-know (work supervisor, teacher, etc...) formally disclosed in the document served upon the claimant. See Exhibit A

Signed and done this Thursday, December 17, 2009

Hobert G. Stephens<br>
Pro se without an attorney<br>
6564 state high way 96<br>
Olney springs, CO 80162

4

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a true copy of the following Claimant's Objections to Final Order Of Special Master sent this Thursday, December 17 ,2009

To the Clerk of United States District Court
901 19th Street
Denver, Co.80294

Mr. James Quinn
Office of the Attorney General fifth floor
1525 Sherman Street Denver, Co 80203

Hobert G. Stephens

# ACCOMMODATION RESOLUTION

EXHIBIT

OFFENDER NAME: STEPHENS, Hobert
DOC #: 86084

**You DO NOT HAVE DIABETES and therefore you are not a class member of the *Montez v. Owens* lawsuit**

Following a disability screening it has been determined that you do not have diabetes, therefore, you are not entitled to accommodations.

**You DO NOT HAVE A MOBILITY DISABILITY**

Following a disability screening it has been determined that you do not have a disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You DO NOT HAVE A VISION DISABILITY**

Following a disability screening it has been determined that you do not have a disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**Your MEDICAL CONDITION (Heart Condition) DOES NOT RISE TO THE LEVEL OF A DISABILITY**

Following a disability screening it has been determined that you do not have a disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You DO NOT HAVE AN UPPER EXTREMITY DISABILITY**

Following a disability screening it has been determined that you do not have a disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

If your condition worsens and you feel that you require accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this resolution. Please refer to A.R. 850-04 for details regarding the grievance process. This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_____ 10/19/09      _____ 10/7/09
Chief Medical Officer           Date       AIC  Acting AIC            Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print 2 full size copies on yellow paper & serve on offender