IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

___

Claim Number X-382
Category: Untimely Filed Claim
Claimant: Mark Zamora, #122207
Address of Claimant: 1000 Cortez Street, Denver, CO 80221

___

## ORDER OF DISMISSAL OF SPECIAL MASTER

___

      THIS MATTER comes before the Special Master on the claim of Mark Zamora. Since filing the claim, Claimant has been released to a community corrections placement. On two occasions, Claimant was directed by order of the Special Master to provide additional information concerning his claim. Claimant was granted up to and including December 21, 2009 in which to provide answers to each of four specific questions. Claimant has failed to respond to the last order of November 17, 2009 and has provided no additional information concerning his claim.

      This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

      In his claim form, Claimant stated that he was incarcerated in DOC custody from December 6, 2008 to October 6, 2009. Based upon review of other claims, the Special Master was aware that Claimant had been in DOC custody before December 2008 based upon his DOC number. The Special Master provided the opportunity for Claimant to expand the information provided concerning his terms in DOC custody, which may have including a period prior to August 3, 2003. Claimant has not provided additional information, so the Special Master is bound by the information

submitted which reflected Claimant's entrance into DOC custody on December 6, 2008. Thus, Claimant came into DOC custody after August 27, 2003. There is no jurisdiction over this claim pursuant to Article XXXII of the Remedial Plan.

Claimant is seeking help concerning issues that arose after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his claim. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred. There is some question as to whether Claimant would be a member of the class.

IT IS HEREBY ORDERED that the claim of Mark Zamora is dismissed pursuant to Article XXXII of the Remedial Plan, as there is no jurisdiction as Claimant came into DOC custody after August 27, 2003; and

IT IS FURTHER ORDERED is the claim will be held in abeyance pending resolution of the jurisdictional issue of whether the Special Masters have jurisdiction over *pro se motions* arising from alleged DOC conduct after August 27, 2003; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 16, 2010.**

SIGNED this 8th day of January, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master