92 cv-00870-JLK

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

LATE NOTE

JAN 2 0 2010

1-18-2010

GREGORY C. LANGHAM
CLERK

Your Honor:

In regards to Mario Primaveri #133502: There was a slight incidant in the chow hall during lunch that relates to ADA Grievance #D-FL09/10-066 (Carrying food tray).

Corrections Officer Miller told Mr. Primaveri that he was able to dispose of his own food tray. Mario told her that it was on his Accommodation Resolution to have help. She insisted that he do it anyway, at which time one of his cell mates picked it up and took it over to the window. Ms Miller was not happy about that.

The suspected motivation for her reprehensible attitude is this: It was Ms Miller that refused Mario permission to use the bathroom at Visitation the day or two before. Mario, of course, told her of his Accommodation to do so. However, she was going by an expired permission slip from Medical. This created a scene in the visitation room in front of all the inmates and their visitors. To keep the peace and for humanitarian reasons, the Sergeant in charge allowed Mr. Primaveri use of the restroom with the promise that Mario would have it updated by Medical ASAP. See other letter included in this packet.

Then, her limited authority having been confuted by the Sergeant, she attempted to regain the upper hand by calling in the Lieutenant. The final decision was not in her favor. This incidant was obviously the seed for her retribution in the chow hall. There will be more.

It has taken half a page to explain one little incident of staff retribution. There are numerous acts of retribution every day fueled by an evil attitude toward handicapped inmates, and Staff's recalcitrant attitude toward higher authority. (The main reason we are incarcerated). Not all staff have this undesirable mindset, but there are a few renegades.

Please give Mr. Primaveri some kind of <u>immediate</u> relief in this matter. He cannot wait until June. Thank-you.

Sincerely,

*Jay H. Bailey*

Jay H. Bailey

Judge John L. Kane  
Alfred A. Arraj U.S. Courthouse A838  
Courtroom A802  
901 19th Street  
Denver, CO  80294-3589  

Jay H. Bailey  
103284  
FLCF/5  
Box 1000  
Ft. Lyon, CO  81038  

RE:  Mario Primaveri   #133502  
Date:  1-17-2010  

Your Honor:  

    Enclosed you will find Grievances **D-FL09/10-054; -055; & -066**. They all speak for themselves.  Please note though... according to the language used in the response by the AIC, it seems that they don't realize that he has an accommodation for an OCA II, but one has not been assigned.

    If it wasn't so serious and sadly stupid, the following would be laughable:  Today, at "Visitation", Mr. Primaveri was notified that his bathroom privleges are expired. In order to be allowed to defecate, during a visit, he must get permission from Medical as the current authorization has expired. The visit is automatically over if you have to defecate. His out of state visitors and his wife who drives 4 hours from Longmont, must go without full time for their visit. You have the previous letter about this.  I wrote a kite out for him, it reads: "Visitation requires that the medical permission for my full use of the bathroom during all visitations, be renewed. This includes authorization for feces extraction as well as urination."

    He will probably be charged a $3 dollar co-pay to see the Provider about this.  Which leaves the $64 dollar question: Where else on planet Earth must you pay $3 dollars for permission to s--t?

                            Respectively with appologies,

                             *Jay H. Bailey*  
                             Jay H. Bailey

**Mario Primaveri   #133502**
Ada Grievance   #D-FL09/10-054     STEP-2
1-16-2010
Reading & Writing Assistance

Refer to #1 of the Step-one response:  The Chief Medical Officer did not examine me, therefore how can the CMO deny my need for an OCA II to help with reading & writing.  We have no doctor here to make those medical decisions.  However, the statements made in my medical records, <u>**"Closed head injury, skull fracture, trouble remembering, memory loss, etc."**</u> and <u>my statement that I needed help</u>, should have been enough for anyone to see that I need help. If I had a helper at the time, I would have known what to ask for. Brain injuries are funny that way. It was stated taht other offenders would help me with my food tray. Hah! Refer to Grievance **#D_FL09/10-066,** to get an idea on help available and staff attitude toward the handicapped.

**REMEDY:**  See step-one and have my Accommodation Resolution reflect the authorization for an aide to help me read & write. Also, answer this question:  Why do you not want me to have the help that I need to keep me on par with the other inmates?

P.S.  I had to find someone to write this grievance for me.  If I had been givin a helper, **then this grievance would not be necessary.**

jwe
11/30/09

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 12/1/09    Case Manager: J. Cordova
Grievance Number: FLC09/10-054    STEP (Circle One) 1  2  3

RECEIVED DEC 01 2009
By _____ FLCF/5/3rd Floor

NAME: MARIO PRIMAVERI    DOC NO. #133502    FACILITY/UNIT/POD

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

Request assistance with writing & reading per Accommodation Request Resolution stating a need for OCA II Assistance, I need this due to head injury causing memory loss and comprehension problems.

Resolution: To receive assistance. Thank you

**TO BE COMPLETED BY OFFENDER:**
DATE: 12-1-09   OFFENDER SIGNATURE: Mario Primaveri 133502

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 12-1-09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: N Goldsberry, N Goldsberry #10610
Date ADA grievance sent to AIC: 12/2/09

RESPONSE: RECEIVED JAN 0 8 2010 FLCF

See Attached Response
Katie Baxter #2429
Acting AIC
12/29/09

**TO BE COMPLETED BY RESPONDER**
DATE GRIEVANCE REC'D BY RESPONDER: 12/8/09
RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #: Dianne Preston 1299
RESPONSE DATE: 12/29/09

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 1-13-2010   OFFENDER SIGNATURE/PRINT NAME & DOC #: Mario Primaveri 133502

RECEIVED

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

1-13-10   AP

DEC 0 8 2009
Office of Correctional Legal Services

# STATE OF COLORADO

COLORADO DEPARTMENT OF CORRECTIONS

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Adrienne Jacobson, Legal Assistant, Designee
       Office of the AIC (ADA Inmate Coordinator)
Received Grievances: December 8, 2009
Sent Response: December 30, 2009
Offender Name: PRIMAVERI, MARIO
DOC No: 133502
Facility: FLCF
Grievance Nos: D-FL0910-054, D-FL0910-055, D-FL0910-057

**DISABILITY STATUS: Per Accommodation Resolution dated October 8, 2009 you were determined TO HAVE a qualifying (hearing and lower extremity mobility disability. Per Accommodation Resolution dated October 8, 2009 you are a diabetic**

**In the grievance referenced above, you allege the following:**
1. That you require the assistance of an OCA II to help you with writing and reading.
2. That you require a medical bed due to back and neck injuries.
3. That you have not received a vibrating watch.

**Requested Relief/Remedy:**
1a. An OCA II.
2a. A medical bed.
3a. A vibrating watch

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

*054* ① Assignment of an OCA II for assistance with writing and reading was not recommended by the Chief Medical Officer and therefore is not included as an accommodation. You do require assistance obtaining your food tray while in the chow hall and, if you had an OCA II, they could provide that assistance, since you do not require an OCA II, other offenders in the dining room will assist you.

*-055* 2. The office of the AIC does not recommend medical equipment. A medical bed is only available should you require placement in the special medical unit or infirmary. The decision as to whether you require such placement is clinical in nature and must be made by medical staff at your facility.

*-057* 3. A vibrating watch was sent to your facility on December 9, 2009. You should receive it soon.

**CONCLUSION:** This grievance is DENIED in part and GRANTED in part. It was not recommended that you have an OCA II for writing and reading assistance. You are to be given assistance obtaining your tray in the dining room if need be. This office cannot give you a medical bed. The determination as to whether you require placement in a special unit with medical beds is clinical in nature and must be made by medical staff at your facility. I have sent a vibrating watch to your facility. It was sent on 12/9/2009. The watch was sent directly to the property officer at your facility and will be placed on your property record and delivered to you as soon as it arrives.
**GRIEVANCE DENIED IN PART & GRANTED IN PART**

**Mario Primaveri   #133502**
**ADA Grievance   D-FL09/10-055      Step-Two**
**1-16-2010**

### Adequate Bed

I had a medical bed before we were all moved down to the 2nd floor for asbestos removal. We all had one. When moved back to the 3rd floor, the beds remained in storage. There are those here with medical beds that are **not** in SMNU or the Infirmary. Not having an adequate bed is making me lose sleep due to excessive pain. Sleep is a major life function as described in the Remedial Plan. Accordingly, I also have privledge and property rights that are at other facilities e.g. The brand new state-of-the-art hospital beds at the infirmary for the temporarily infirmed to help them recover their health with adequate pain-free sleep. I deserve the same privledge of adequate health care. My medical records reflect the massive injuries, broken bones, and severe joint degenerative disease that I have experienced and thus justify my legitimate need.
**REMEDY:**  Please add the authorization for an adequate medical bed to my Accommodation Resolution.

Jmco.
11/30/09

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: 12/1/09   Case Manager: J. Carlson

Grievance Number: D-FLC09/10-055   STEP (Circle One) ① 2  3

RECEIVED DEC 0 2 2009 By FLCF

| NAME | MARIO PRIMIVERI | DOC NO. #133502 | FACILITY/UNIT/POD CH5 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Meaningful Remedy:**

Request medical bed due to neck and back injuries. Present bed causes severe pain, stiffness, and mobility problems and prevents me from getting a good nights sleep.

Resolution get hospital Bed

**TO BE COMPLETED BY OFFENDER:**
DATE: 12-1-09   OFFENDER SIGNATURE: Mario Primaveri 133502

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 12/01/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: N Goldsbury #10610

Date ADA grievance sent to AIC: 12/2/09

**RESPONSE:**
RECEIVED JAN 08 2010 FLCF

See Attached Response
Katie Baxter #2429
Acting AIC
12/29/09

**TO BE COMPLETED BY RESPONDER:**
DATE GRIEVANCE REC'D BY RESPONDER: 12/8/09
RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #: Adrienne Jacobson 14299
RESPONSE DATE: 12/29/09

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 1-13-2010   OFFENDER SIGNATURE/PRINT NAME & DOC #: Mario Primaveri 133502

RECEIVED DEC 0 8 2009 Office of Correctional Legal Services

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

1-13-10

# STATE OF COLORADO

COLORADO DEPARTMENT OF CORRECTIONS

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax:    719.226.4249

Office of ADA Inmate Coordinator (AIC)

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Adrienne Jacobson, Legal Assistant, Designee
       Office of the AIC (ADA Inmate Coordinator)
Received Grievances: December 8, 2009
Sent Response: December 30, 2009
Offender Name: PRIMAVERI, MARIO
DOC No: 133502
Facility: FLCF
Grievance Nos: D-FL0910-054, D-FL0910-055, D-FL0910-057

---

**DISABILITY STATUS:** Per Accommodation Resolution dated October 8, 2009 you were determined **TO HAVE** a qualifying (hearing and lower extremity mobility disability. Per Accommodation Resolution dated October 8, 2009 you are a diabetic

---

**In the grievance referenced above, you allege the following:**
1. That you require the assistance of an OCA II to help you with writing and reading.
2. That you require a medical bed due to back and neck injuries.
3. That you have not received a vibrating watch.

**Requested Relief/Remedy:**
1a. An OCA II.
2a. A medical bed.
3a. A vibrating watch

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. Assignment of an OCA II for assistance with writing and reading was not recommended by the Chief Medical Officer and therefore is not included as an accommodation. You do require assistance obtaining your food tray while in the chow hall and, if you had an OCA II, they could provide that assistance, since you do not require an OCA II, other offenders in the dining room will assist you.
2. The office of the AIC does not recommend medical equipment. A medical bed is only available should you <u>require placement in the special medical unit or infirmary</u>. The decision as to whether you require such placement is clinical in nature and must be made by medical staff at your facility.
3. A vibrating watch was sent to your facility on December 9, 2009. You should receive it soon.

**CONCLUSION:** This grievance is DENIED in part and GRANTED in part. It was not recommended that you have an OCA II for writing and reading assistance. You are to be given assistance obtaining your tray in the dining room if need be. This office cannot give you a medical bed. The determination as to whether you require placement in a special unit with medical beds is clinical in nature and must be made by medical staff at your facility. I have sent a vibrating watch to your facility. It was sent on 12/9/2009. The watch was sent directly to the property officer at your facility and will be placed on your property record and delivered to you as soon as it arrives.
**GRIEVANCE DENIED IN PART & GRANTED IN PART**

JmC
1/28/09

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 12/30/09   Case Manager: J. Cordova

Grievance Number D-FLCF/10-066   STEP (Circle One) ① 2 3

RECEIVED ... 0 2009

| NAME Mario Primaveri | DOC NO. 133502 | FACILITY/UNIT/POD FLCF/5 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: **Denial of ADA Accommodation--Carrying Food Tray**

At lunchtime on Dec. 26th, 2009, I received my food tray from the serving window and placed it on the empty table that was 6 feet away in order to sit down and eat at that table. However, Corrections Officer Ms Hasui, told me that I had to eat in the chow hall on the other side, about 100 feet away. I explained to her that I could not because I needed both hands for my walker. She said, "No, you can do it." The kitchen helpers were no where to be seen because they are usually sitting down at a table, visiting with their friends. I pleaded with her again and she said, "Get over there." I was about to leave without eating when an inmate came from several tables over, who had heard the exchange. He carried my food tray for me and I was able to eat. It is obvious that I use a walker and need both hands. My Accommodation Resolution reads: Mobility #11: ASSISTANCE WITH CARRYING AND DISPOSING OF FOOD TRAY CONTENTS BY YOUR OCA II or offenders assigned as dining room workers. Dining room workers are hardly ever on hand to do their job, as seen by all C/O's in the dining room, and I have no OCA II assigned to me. **REMEDY:** Ms Hasui should not be working a position where any kind of ADA decision is made. Also, I need an OCA II and the dining room helpers need to start working.

| TO BE COMPLETED BY OFFENDER: |
|---|
| DATE: 12-28-2009   OFFENDER SIGNATURE Mario Primaveri |
| TO BE COMPLETED BY GRIEVANCE COORDINATOR: |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: disability |
| DATE: 12.30.09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Helen Comparoni 10609 |
| Date ADA grievance sent to AIC: |

**RESPONSE**

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |
| TO BE COMPLETED BY OFFENDER | | |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # | |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1