# EXHIBIT 4

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870
JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

Vs.

BILL OWENS, et al.,

    Defendants.

---

REPORTER'S TRANSCRIPT
STATUS CONFERENCE

---

Proceedings before the HONORABLE EDWARD W. NOTTINGHAM, Judge, and the HONORABLE JOHN L. KANE, Senior Judge, United States District Court for the District of Colorado, commencing at 9:01 a.m., on the 27th day of October, 2004, in Courtroom 14, United States Courthouse, Denver, Colorado.

APPEARANCES

| | |
|---|---|
| For the Plaintiffs | PAULA GREISEN, ESQ.<br>ALISON BUTLER DANIELS, ESQ.<br>King & Greisen<br>1670 York Street<br>Denver, Colorado |
| For the Defendants | ELIZABETH H. MCCANN, ESQ.<br>JAMES X. QUINN, ESQ.<br>Colorado Attorney General's Office<br>Litigation Section<br>Denver, Colorado |
| Also Appearing | H. EARL MOYER, ESQ.<br>Moyer Beal and Vranesic<br>1401 Saulsbury Street<br>Lakewood, Colorado |

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1    MS. GREISEN:  No.

2    JUDGE NOTTINGHAM:  You know, you have two classes
3 here, there are -- there are a group of people who are
4 suffering from various kinds of disabilities.  A lesser class
5 subsumed, I think entirely, if I'm thinking correctly, in the
6 entire group -- in the larger group is the people whose
7 disabilities -- whose maladies give them an Eighth -- a
8 disability claim.  Right?

9    MS. GREISEN:  I'm not sure I'm tracking what you're
10 saying, but -- I think I agree.  It's the -- it's -- sometimes
11 it is the disability that gives rise -- for instance, somebody
12 who has multiple sclerosis and does not believe that the
13 disability is being treated correctly, and then they have other
14 accommodations.  They may have a whole host of claims, but one
15 of them would be the lack of maybe physical therapy for the MS.

16    JUDGE KANE:  But that's still a question of
17 accommodation.

18    MS. GREISEN:  Well, I -- you know, I suppose you could
19 phrase it like that.  I mean, I -- whether or not the lack of
20 medical treatment or appropriate medical treatment might -- I
21 anticipate that the defense would argue that that's not a lack
22 of accommodation, that that's a medical treatment issue, and
23 that that can't be brought.

24    JUDGE KANE:  Well, that's -- I think the question is
25 whether it's an accommodation or not.  It could obviously be

1 both. But when you try to put in the Eighth Amendment matter,
2 it -- you're getting different tests. And you've got a large
3 class, and it's impossible to administer it on that basis.
4     MS. GREISEN: It's a different test for liability;
5 it's not a different test for damages.
6     JUDGE KANE: It is. Let me suggest something to you.
7 For example, let's say that you have a diabetic who has, A,
8 mobility problems and, B, skin ulcers. And that -- that class
9 member is left in a cell for those skin ulcers to be festered
10 and not treated.
11     MS. GREISEN: Right.
12     JUDGE KANE: Now, as an individual claimant, then he
13 files -- that's cruel and unusual punishment. It's also
14 malpractice, and it's also a failure to accommodate under the
15 Americans with Disabilities Act. So it fits all three. But
16 what difference does it make?
17     We get back to this same question of, what do we
18 really care, in terms of implementing a settlement, whether
19 this comes under the Rehabilitation Act or not? Except for all
20 of these other questions that complicate the issue.
21     Can you give me a scenario in which someone is going
22 to be a disabled person under this class and is going to
23 receive some kind of treatment which is not a failure to
24 accommodate and which does constitute cruel and unusual
25 punishment? What sort of thing are you -- case, instance, are

1  defense.

2  JUDGE NOTTINGHAM: Maybe I spoke imprecisely when I
3  said a moment ago that you were correct. I think that you were
4  partly correct, maybe largely correct. But when this class was
5  certified, the representatives were disabled persons. And I
6  think you purported to represent a class of disabled persons,
7  although that class of disabled persons was pursuing multiple
8  claims, including ADA claims, Rehabilitation Act claims and
9  Eighth Amendment claims. But that doesn't change the nature of
10 the class. You did not purport to represent all persons in the
11 penal system who had an Eighth Amendment claim.

12 MS. GREISEN: That's correct. That's absolutely
13 correct. And I agree that they have to be a class member to
14 bring the Eighth Amendment claim, and the Eighth Amendment
15 claim has to be related to the disability.

16 JUDGE NOTTINGHAM: But I -- what I hear Judge Kane
17 suggesting, and all I suggest explicitly -- you don't need to
18 fight over this, because they have to be disabled to be members
19 of the class. And they're disabled, and then the question
20 becomes whether there is a reasonable accommodation. And if
21 they're disabled and there is no reasonable accommodation, and
22 they meet the other tests that you've got, then they get
23 damages.

24 MS. GREISEN: That's right. I agree fundamentally. I
25 don't know that it makes a difference if we have ADA or Rehab

1   Act or Eighth Amendment claim.  I think it comes down to
2   whether they can prove those three factors, and then we move on
3   from there.
4              JUDGE NOTTINGHAM:  Okay.  So my suggestion is going to
5   be, and -- unless Judge Kane has a different one, that you take
6   the next ten days to put an order together.  And at the end of
7   the ten days, you submit a proposed order for both of us to
8   sign.  And if you can't agree on the proposed order, then --
9   and can identify specific terms, then one or both of us will
10  try to resolve that, either with or without a hearing.
11             Now, do you have any questions about what goes in the
12  order?
13             MS. McCANN:  I think we'll try -- we'll try to come up
14  with something.  I think you've given us some guidance, which
15  will be helpful.
16             I do want to return for a moment, however, to the
17  discovery issue, because we do want to pursue with one or both
18  of you the -- some of these issues, because there is -- there
19  are a couple of other things that haven't been resolved.  And
20  that is, who pays for discovery, the extent of discovery that's
21  allowable, and -- I guess those are the two issues.
22             JUDGE NOTTINGHAM:  Do you want that resolved today in
23  this hearing?  Because I frankly, I don't -- I haven't studied
24  that.
25             MS. McCANN:  It doesn't matter.  If you would