IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

### DEFENDANTS' RESPONSE TO "SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT IN RESPONSE TO ORDER RELATING TO REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS"

Defendants, through the Colorado Attorney General, respectfully submit their Response to "Supplement to Plaintiff's Position Statement in Response to Order Relating to Report and Recommendation of the Special Masters" [Doc. # 4228].

### PRELIMINARY STATEMENT

On March 5, 2009, this Court entered an Order Relating to Report and Recommendation of Special Masters [Doc. # 3839]. The Court requested a status report with respect to "what jurisdiction exists under the Remedial Plan and subsequent stipulations to allow individual inmates to seek relief from the Court and whether individual *pro se* motions seeking personal relief are subject to adjudication by the Court" [Order Relating to Report and Recommendation of Special Masters, Doc. # 3839]. Pursuant to this Court's Order, the Defendants submitted their Position Statement regarding: The application of *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991); the scope of the April 15, 2008 Order; and the authority of the Court to resolve

*pro se* issues and how such issues should be handled [Doc. # 3937]. On December 18, 2009, Plaintiffs supplemented their "Position Statement." [Doc. # 4228]. In their Supplement, Plaintiff's state that Class Counsel has become aware of two *pro se* cases purportedly asserting claims under the Americans with Disabilities Act. Without citing any authority, Plaintiff's request that the Court compel Defendants to notify Class Counsel "of all cases which are now, or in the future, brought in this district for violations of the ADA or the 8th Amendment and concern any of the issues addressed in this case."

**SUMMARY OF ARGUMENT**

There is no basis in law for Defendants to have an obligation to notify Plaintiffs' counsel every time an inmate files a claim alleging an ADA or Rehabilitation Act violation or an Eighth Amendment medical malpractice claim. Plaintiffs argue that because inmates may file cases independent from *Montez* that may include an ADA claim, they should be notified of these cases. This is not correct for several reasons:

1) The Montez case does not encompass Eighth Amendment medical malpractice claims so those claims should be brought independently as noted by the Special Masters;

2) the *Montez* claim process was established for class members as of August 27, 2003 to have a method to file damage claims of disability discrimination that occurred prior to that date and inmates not in custody at that time can file independent actions in Court but not damage claims in the *Montez* process;

3) claims for injunctive relief cannot be brought as separate actions because those claims are encompassed in the *Montez* plan and should be raised as

2

grievances or referred to class counsel to allege lack of compliance with the Remedial Plan.

### I. Neither of the Cases Cited by Plaintiffs are Encompassed within the *Montez* Case.

In their Supplement, Plaintiff's cite two decisions relating to inmates who filed *pro se* cases. Class Counsel maintains that the claims asserted in these cases are encompassed within the *Montez* class action and that the Attorney General's office has an obligation to notify Class Counsel of cases of these types when they are filed by CDOC inmates. Class counsel is mistaken.

In *Ellsworth v. Balkin et al*, 09-cv-02265-WYD-BNB, Mr. Ellsworth asserted numerous claims against numerous individuals from the Denver District Attorney's Office as well as several CDOC officials. He seeks money damages. The claims relate to a myriad of issues from conspiracy among the Deputy District Attorneys that prosecuted him, time computation, sex offender treatment, to refusal to issue a mobility accommodation. In claim four, Mr. Ellsworth asserted that Defendants Cathie Holst and Marshall Griffith refused to issue a mobility accommodation in violation of the Eighth Amendment and the Americans with Disabilities Act. Mr. Ellsworth further asserted that Defendant Dr. Paula Frantz has denied him advanced cardiac screening despite his having several abnormal static EKG results. Mr. Ellsworth alleged that the CDOC has ignored his repeated requests for (1) treatment or tests regarding his cardiac condition;

(2) a hepatitis vaccination, even thought his cellmate has hepatitis; and (3) anti-viral medication, which is needed because he is a diabetic and easily contracts the flu.[1]

The claims remaining in the case are not encompassed within the *Montez* case. The claims are separate claims for damages for alleged Eighth Amendment medical malpractice violations. He did not enter the CDOC system until November 28, 2008. (See **Exhibit A**, Offender Profile). Accordingly, as repeatedly stated by the Special Masters and affirmed by this Court, he is not permitted to seek damages through the damage claim process and correctly filed his own case for damages. To the extent he seeks injunctive relief; his requests are for specific medical treatment, beyond the scope of the *Montez* case.

In *Bergerud v. Fortunado et al,* 07-cv-02319-CMA-BNB, Plaintiff alleged that Defendants acted with deliberate indifference when they altered his insulin dose and failed to properly provide medical treatment. He seeks both damages and injunctive relief. He did not enter the CDOC system until November 15, 2005. (See **Exhibit B**, Offender Profile). Even assuming *arguendo* that his claim relates to disability discrimination, he correctly filed his own case for damages because he was not incarcerated before August 27, 2003. He also seeks injunctive relief. His claim however, clearly involves medical treatment. His claim is based upon deliberate indifference and improper medical care. The issue is not encompassed within the *Montez* case.

---

[1] Class Counsel erroneously states that the claims asserted survived a Motion to Dismiss. To the contrary, the Opinion attached to Plaintiffs' Supplement merely indicates that the claim survived a 28 U.S.C. §1915 screening by Judge Weinshienk.

The Tenth Circuit has made clear that allegations of improper medical care cannot meet the requirements of an ADA or Rehabilitation Act claim. *Fitzgerald v. Corrections Corporation of America,* 403 F.3d 1134 (10th Cir. 2005). The issues surrounding proper insulin dosage (not access to insulin) and treatment for a fractured hip, are not encompassed within this lawsuit. As stated in Defendants' Motion in Limine, the goal of the ADA, Rehabilitation Act and the Remedial Plan is to ensure that disabled individuals receive the same access to jobs, programs, services, and benefits as non-disabled individuals. Regarding prison medical treatment, an ADA or Rehabilitation Act violation only occurs if healthy, non-disabled inmates received access to medical care that disabled inmates did not. "Without a showing that the non-handicapped received the treatment denied to the 'otherwise qualified' handicap, the [claimant] cannot assert that a violation of the [Rehabilitation Act] has occurred." *Johnson v. Thompson*, 971 F.2d 1487, 1494 (10th Cir. 1992). If a non-disabled inmate would not be entitled to a specific medical treatment or device, then the issue is beyond the scope of the ADA or Rehabilitation Act. Accordingly, the key issue in an ADA or Rehabilitation Act case is **access** to medical care, not the quality or type of case provided. (See Defendants'' Motion in Limine and the authorities cited therein, Doc. # 4227).

Both examples cited in Plaintiff's Supplement are proceeding correctly. If an inmate's claims are duplicative and are appropriately within the context of the class action, the district court should dismiss the action under 28 U.S.C. § 1915(d) and *Neitzke v. Williams,* 490 U.S. 319 (1989); *McNeil v. Guthrie,* 945 F.2d at 1166 *citing Long v. Collins,* 917 F.2d at 4-5 (claims must be made through class counsel until class

5

action is closed). However, Ellsworth's damage claim is not encompassed within this class action because he was not incarcerated until 2008 and they are not covered by the Montez settlement. Similarly, Bergerud's damage claim fails because he was not incarcerated until 2005. In addition, the claims for injunctive relief relate to alleged deliberate indifference associated with the quality of medical care, an issue not encompassed within this case.[2]

**II.    There is No Basis for Defense Counsel to be Responsible for Notifying Class Counsel Every Time an Inmate Files a Lawsuit Against the CDOC Alleging an ADA Violation or an Eighth Amendment Medical Deliberate Indifference Case.**

Class Counsel is responsible for management of the class in this case. Class Counsel has repeatedly visited all ADA designated facilities and met with class members to discuss this case. Class Counsel has also repeatedly corresponded with class members. Class Counsel has received the CDOC ADA database listing offenders who have requested ADA accommodations and have reviewed ADA inmate files. There is simply no legal or other basis to require Defense Counsel to notify class counsel "of all cases which are now, or in the future, brought in this district for violations of the ADA or the 8th Amendment and concern any of the issues addressed in this case." This proposition proves to be particularly problematic given the parties differing positions with respect to the scope of this case and whether there are Eighth Amendment claims remaining in this case. (See Doc. # 4227, Defendants' Motion in Limine).

---

[2] Class Counsel claims to have no knowledge of these claims. Interestingly, both of these inmates have contacted the AIC and filed ADA grievances. Class Counsel has been provided with the ADA Inmate Coordinator's data base and copies of inmate ADA files.

6

JOHN W. SUTHERS
Attorney General

s/ James X. Quinn
JAMES X. QUINN
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4251
FAX: (303) 866-5443
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on January 22, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
greisen@kinggreisen.com

Jennifer W. Riddle
riddle@kinggreisen.com

Edward T. Ramey
eramey@ir-law.com

Lara E. Marks
lmarks@ir-law.com


s/ James X. Quinn