```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE MONTEZ, et al.,

    Plaintiffs,

vs.

BILL RITTER, et al.,

    Defendants.
_____

                         REPORTER'S TRANSCRIPT
     (Hearing on Motions:  Court's Rulings, Orders, and Comments)
_____

          Proceedings before the HONORABLE JOHN L. KANE, JR.,
Judge, United States District Court for the District of
Colorado, commencing at 9:08 a.m., on the 21st day of December,
2009, in Courtroom A-802, United States Courthouse, Denver,
Colorado.
```

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Paul Zuckerman, 901 19th Street,
Room A259, Denver, Colorado, 80294, (303) 629-9285

|   |   |
|---|---|
| 1 | **APPEARANCES** |
| 2 | PAULA D. GREISEN and JENNIFER RIDDLE, Attorneys at |
| 3 | Law, King & Greisen, LLP, 1670 York Street, Denver, Colorado, |
| 4 | 80206, appearing for the Plaintiffs. |
| 5 | EDWARD T. RAMEY, BLAINE D. MYHRE, and LARA E. MARKS, |
| 6 | Attorneys at Law, Isaacson Rosenbaum P.C., 1001 17th Street, |
| 7 | Suite 1800, Denver, Colorado, 80202, appearing for the |
| 8 | Plaintiffs. |
| 9 | ELIZABETH H. McCANN, JAMES X. QUINN, and BERINA |
| 10 | IBRISAGIC, Assistant Attorneys General, Colorado Attorney |
| 11 | General's Office, Litigation Section, 1525 Sherman Street, |
| 12 | Denver, Colorado, 80203, appearing for the Defendants. |
| 13 | * * * * * |
| 14 | **PROCEEDINGS** |
| 15 | (In open court at 9:08 a.m.) |
| 16 | *THE COURT:* Thank you. Good morning and be seated. |
| 17 | I have to confess to you that I'm having a very |
| 18 | difficult time trying to keep up with this case. Just over the |
| 19 | weekend, more motions were filed. |
| 20 | I think it's out of control. We'll take it one step |
| 21 | at a time. That's all we can do. |
| 22 | Where are we? Who wants to start? |
| 23 | *MS. McCANN:* Good morning, your Honor. |
| 24 | *THE COURT:* Some of them were filed. I haven't even |
| 25 | read them. |

1     *MS. McCANN:* Good morning, your Honor.  Beth McCann
2  appearing on behalf of the Department of Corrections.
3     One of the issues that you had indicated you wanted to
4  hear this morning, which we thought we might do first because
5  it's kind of a separate issue -- not separate but can be argued
6  quickly -- was the appeal in the Raymond Goodloe special master
7  determination.
8     *THE COURT:*  That's the guy with the shoes and the
9  ankle brace?
10    *MS. McCANN:*  Exactly.
11    *THE COURT:*  All right.
12    (The arguments of Counsel are not transcribed.)
13    *THE COURT:*  I think you're right.  The objection to
14  the referral to an outside specialist is sustained.
15    What's the next matter?
16    (The statements of Counsel are not transcribed.)
17    *THE COURT:*  All right.  Let's hear the pending motion
18  to compel which is at issue, and then we'll look at the rest of
19  this.
20    (The arguments of Counsel are not transcribed.)
21    *THE COURT:*  All right.
22    I'm going to try and establish some deadlines for
23  these other motions that have been filed.  And as a consequence
24  of the review in these other matters, I may go into greater
25  detail on this motion.  But this present motion to compel is

1  granted in part and denied in part.  And it isn't a question in
2  my view of privilege; it's a question of the efficient and fair
3  promotion of the settlement and compliance process.  And so the
4  granting of the motion to compel is to the videos and the sound
5  recordings and the incident reports that have been prepared
6  with regard to Mr. Hassler and to the hep. C incident; but it
7  is denied as to the disclosure of self-critical peer review
8  ports.
9          Now, if there is self-criticism contained in the
10 incident reports, that's just too bad.  Those are released and
11 discoverable.  But the actual self-critical peer review reports
12 are not discoverable.  And the reason they're not is because I
13 think that that interferes substantially with the opportunities
14 and the abilities of the defendants in this case to comply with
15 the consent decree.  If they can't engage in that sort of
16 activity, they may not be able to make any progress at all.
17 And so that's the order on that.
18         I don't see it as a matter of privilege at this point.
19 I think liability has already been established.  There is a
20 consent decree, and it interferes with compliance.
21         Now, as to the other matters that were brought up --
22 here we go --
23         *MS. GREISEN:*  Judge, just for housekeeping, can I move
24 those exhibits into evidence?
25         *THE COURT:*  They're admitted.

1          How much time do you need to reply to these most
2  recent motions?
3       (The statements of Counsel are not transcribed.)
4          *MS. GREISEN:*  Can we have until January 15?
5          *THE COURT:*  January 15 is fine.
6          And then January 25, can you get in a reply?
7          *MS. McCANN:*  Yes, your Honor.
8          *THE COURT:*  January 15, and January 25 you'll reply.
9          And I will tell you I will use the time that I had
10 allotted for this hearing to work on this once I get the stuff
11 in, so that I'll get it done as quickly as possible.  What I
12 want to do is have rulings on these things, and then I will
13 propose certain deadlines for disclosures and preparation of
14 what amounts to a pretrial order and whatever conferences we
15 need to have, even though the legislature is in session.  If we
16 have to have things like that going on, we will; but we'll get
17 the May date -- the time reserved now.  And I have to do
18 that --
19         *MS. GREISEN:*  Right.
20         *THE COURT:*  -- to protect it.
21         *MS. GREISEN:*  Right.
22         *THE COURT:*  Okay?
23         *MS. GREISEN:*  All right.
24         *THE COURT:*  Mr. Ramey had something to say.
25         *MS. GREISEN:*  I'm sorry.

1           *MR. RAMEY:*  I did.

2           Your Honor, we had resolved one motion, I think, right
3  now.

4           *THE COURT:*  That's good.

5           *MR. RAMEY:*  Because I'm going to confess most of it.

6           *THE COURT:*  Good.  That's even better.

7           *MS. GREISEN:*  Go for it.

8           *THE COURT:*  We don't get a lot of confessions from
9  defense counsel.

10          *MR. RAMEY:*  I don't know if it's going to be
11 acceptable.  Should we do that right now?  This is the motion
12 to compel that was filed on Friday by the Department.

13          *THE COURT:*  Go ahead.

14     (The statements of Counsel are not transcribed.)

15          *THE COURT:*  Can the two of you meet and --

16          *MR. RAMEY:*  Yes.

17          *THE COURT:*  -- and finish that off?

18          *MR. RAMEY:*  I'm absolutely comfortable subject to
19 anything Mr. Quinn might be about to hit me with that, yes, we
20 can resolve this.

21          *MR. QUINN:*  Yeah.  Yes, your Honor.

22          *THE COURT:*  Meet and confer and let me know if you're
23 withdrawing the motion, and if not, if you've limited it based
24 upon what you've done.  Okay.

25          *MR. QUINN:*  Yes, your Honor.

1      *THE COURT:*  And then you can file a response on that
2  basis.
3      *MR. RAMEY:*  Okay.
4      *THE COURT:*  Does that make sense?
5      *MR. RAMEY:*  That will complete the record.
6      *THE COURT:*  All right.
7      Okay.  I will anticipate receiving the briefing and
8  try and get this thing straightened out on all the issues.
9      Ms. McCann?
10     *MS. McCANN:*  Yes, your Honor.  If -- I think we really
11 need some guidance at this point on a couple of things.
12     *THE COURT:*  Okay.
13     *MS. McCANN:*  We have responded to discovery generally
14 and provided documentation generally as of May 1, 2009.  Now,
15 on occasion, because of the computer systems or the reporting
16 periods, what we've provided may have slid into the summer of
17 '09; but I have responded with respect to discovery with the
18 understanding that we were really talking about pre-May 1 and
19 that that's what would be discussed at the hearing.
20     And then as the Court has noted, if the Court finds
21 that there is an area where there is not substantial
22 compliance, then the Court can ask us to provide what has
23 occurred since May 1, 2009.  And I want to be comfortable that
24 that's the way the Court would like us to proceed, because I
25 don't want later someone to allege that we haven't provided the

Case No. 1:92-cv-00870-CMA-MEH   Document 4272   filed 01/28/10   USDC Colorado   pg 8 of 14
8

1  proper discovery, because that's really the way I envision this
2  hearing occurring, is it is really concerning up to May 1.  And
3  then the Court will -- I mean we expect to be found in
4  substantial compliance; but the Court may say, Okay, as to this
5  one area, I don't think you are; I'd like to know what you've
6  done since then to come into compliance.
7       *THE COURT:*  Well, that's what I'd like to have from
8  you before we even proceed on this, is to say, We assert we've
9  met substantial compliance on the following as of that date,
10 the deadline cutoff.  We didn't meet it on that date on the
11 following, but we did comply with it a few months later, and
12 there was a delay there, but we did and this -- is where we
13 were.  That affects my judgment on substantial compliance, and
14 I need to get that specific commitment from the defendants in
15 order to be able to adjudicate what the issue is.
16      Once we have that, I do not think it's going to be
17 necessary to go through entire new waves of discovery and keep
18 this case going.  God knows I don't want that.  Excuse me.
19 Violation of First Amendment.  But I don't want that.  Okay?
20      *MS. McCANN:*  I agree.  Judge, we have tried to confer
21 with the plaintiffs about where do they really think we're not
22 in substantial compliance, and they will not give us specifics.
23      *THE COURT:*  Well, I think that both sides need to sit
24 down and specify that, because if you don't by the time I
25 finish ruling on all these motions, I can assure you that I'm

1  going to require that.  I'm going to require, if nothing else,
2  something in the nature of a bill of particulars with a
3  particular response --
4      *MS. McCANN:*  That would be fine.
5      *THE COURT:*  -- as to each and every item on the
6  consent decree where there is an allegation that there hasn't
7  been substantial compliance.
8      *MS. McCANN:*  We would be happy to do that.
9      *THE COURT:*  Well, I think that the two of you can sit
10 down and get that done, frankly -- not two the two of you.  The
11 two tables.
12     *MS. McCANN:*  Well, you know, in my way of thinking
13 about this case, I really think that we ought to be able to sit
14 down with you in an informal setting rather than doing, you
15 know, four weeks of testimony, and etc., and explain to you
16 what DOC is doing and have the plaintiffs show -- explain to
17 you what they think we're not doing and resolve this fairly
18 quickly.  But it's not working out that way.
19     *THE COURT:*  Well, you know, I was a settlement judge
20 in this case; and I could do that, but I was inveigled into
21 taking it over, with your consent, by the way.
22     *MS. GREISEN:*  Oh, now you hold that against us.
23     *THE COURT:*  Yes, you bet.
24     So I still eventually am going to need that whether I
25 sit down informally or not.  If I sat down informally, I'd

1    still tell you I need to know.  I'm not out in the Department

2    of Corrections.  I'm not in the plaintiffs' offices.  I don't

3    get the correspondence -- well, I do get correspondence, but

4    I'm not into the specifics of this yet.  And I need to know

5    this is where there has been a failure too comply, this is

6    where there hasn't.

7              The one thing I've found so far that seems to be the

8    case -- dare I say it for fear that it might not be -- is that

9    the architectural problems have been resolved.

10             *MS. McCANN:*  That's already been determined.

11             *THE COURT:*  I've already done that.  So that part is

12   over and done with.  Aren't we glad that we did that?  You

13   know, I mean not only am I pleased as a jurist that the issues

14   have been taken care of in the architectural thing but I'm also

15   pleased because I think you have a better institution and the

16   inmates have a better -- safer place as a consequence of that.

17   So that was a win/win situation for everybody.

18             Now if there is areas of noncompliance -- and I don't

19   know.  I'm not suggesting there is.  But it looks like the

20   diabetic issues is a big one.

21             I also think that the wheelchair access, and so on,

22   has been.  And the one I keep raising all the time with all of

23   you is the fact that we are -- the very nature of the

24   institutions are changing because of the advanced age of all of

25   these people.  This problem is not going to be getting any

1   better in the future.  With the kinds of sentencing

2   philosophies that have been imposed upon our society, we're

3   running homes for the aged who can no longer commit the crimes

4   that society is worried about.  But you and your clients have

5   that problem.  We have nursing homes, is what in effect they

6   are, correctional nursing homes.  And that means there is going

7   to be more medical problems, not fewer.

8          So I think that, you know, if you can identify those

9   areas that you need to have a compliance hearing on and those

10  that don't, we can cut this down to size.  And I'd like you to

11  sit down and do that.  We need some candor at this point.  When

12  I get through with these motions, if we don't have it, I will

13  probably hold some conferences.

14         I feel very uncomfortable trying to settle matters and

15  adjudicate them at the same time.  I do not have that gift,

16  which some judges apparently do.  But if I have to in this

17  case, since I've already tried to do settlement work in it,

18  I'll sit down with you and see where we are.  And that's fine.

19  But I'd like to you people to try and come up with it first.

20         *MS. McCANN:*  Can I ask also a guidance question?  I

21  think we can certainly sit down and try and hopefully

22  accomplish it.

23         We have -- we would prefer -- we feel that we would

24  like to proceed first in the hearing to show how we believe we

25  are in compliance.

```
 1              THE COURT:  I think that that's a good idea.
 2              MS. GREISEN:  Well, your Honor, can I talk about that
 3   first?
 4              THE COURT:  All right.
 5              MS. GREISEN:  We've addressed this at the previous
 6   hearings.  We prepared our case.  You previously ruled that we
 7   have the burden and we go first, and we've addressed --
 8              THE COURT:  I agree -- I'm sorry.  I'm confused.  What
 9   I was saying is that if they think that they've complied with
10   this stuff, that's what they should be disclosing now.  I was
11   on the previous thing.
12              MS. GREISEN:  Okay.  All right.
13              THE COURT:  When we get to a hearing, it's your
14   burden.  But you need to disclose now where you are on it
15   because I want full disclosure of your case to the defense.
16              MS. GREISEN:  Sure.
17              THE COURT:  And before we even get to that hearing
18   date.
19              MS. GREISEN:  I was under the impression we were
20   talking about who is going first at trial.
21              THE COURT:  I'm sorry.  You may have been.  If you
22   did, I misunderstood.
23              MS. McCANN:  Yes.  We think it would make it much
24   easier for the Court if we present our witnesses first so that
25   we can go through the remedial plan vs. having inmates first,
```

1   who are going to be talking about issues that may be related to
2   Section 20 of the plan.  I think it would make it easier for
3   the Court --
4           *THE COURT:*  It will make it easier if you can get
5   through all this disclosure and try and settle it on that
6   basis; but when we go to trial, the plaintiffs have the burden
7   of proof.  They have to show there hasn't been compliance and
8   you have to -- you have to respond to that.
9           *MS. McCANN:*  So in terms of the special master issue,
10  did you want any further briefing on that?  I know you want us
11  to respond to the recent motion that was filed.
12          *THE COURT:*  I don't know.
13          *MS. McCANN:*  Okay.  You'll let us know?
14          *THE COURT:*  I will.
15          *MS. McCANN:*  Because we did brief it previously, and
16  that's -- I just want to make sure you don't expect another
17  brief from us unless you -- unless you ask us.
18          *THE COURT:*  No, I don't right now; but if I, do I'll
19  ask for it.
20          *MS. McCANN:*  Okay.  Once you get all the briefs,
21  you're either going to set a hearing or rule on the issues that
22  are still remaining?
23          *THE COURT:*  Right.  Right.
24          *MS. McCANN:*  Do we want to set deadlines now about
25  when expert reports should be provided?

1   *THE COURT:* Don't you think you need my rulings first?

2   *MS. McCANN:* Well, some of them perhaps. I mean I
3   think we already know who the experts are.

4   *THE COURT:* Well, I -- the faster you can exchange
5   your expert reports, the better off everybody is. I mean this
6   hare-and-hounds routine doesn't appeal to me, but I don't know.
7   Once I get through these motions and stuff, I'll set deadlines;
8   and then we'll be there.

9   *MS. McCANN:* All right. That sounds fair.

10   *THE COURT:* Okay?

11   *MS. McCANN:* All right. Thank you.

12   *THE COURT:* Anything else?

13   *MS. GREISEN:* I don't think so. Thank you.

14   *THE COURT:* Dare I say happy holidays?

15   (Recess at 10:30 a.m.)

16                * * * * *

17                **REPORTER'S CERTIFICATE**

18   I certify that the foregoing is a correct transcript from
19   the record of proceedings in the above-entitled matter. Dated
20   at Denver, Colorado, this 28th day of January, 2010.

21

22                                   *S/Paul A. Zuckerman*
                                     Paul A. Zuckerman
23

24

25