IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number 03-034
Category III
Claimant: William Gilmore, #63549
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

## ORDER OF SPECIAL MASTER

_____

THIS MATTER comes before the Special Master on a motion to reinstate as member of the class filed by Claimant. The motion alleges that Claimant has been declared disabled by DOC, and Claimant requests that he be reinstated to the class.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. A hearing was held on September 9, 2005 at the Sterling Correctional Facility. The claim was denied, as the Special Master determined that Claimant's allegations dealt with the quality of medical care that he was receiving. The *Fitzgerald* case precluded consideration of that issue in an ADA case. The claim was dismissed on September 27, 2005.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant now seeks help concerning his present status which he has alleged reflects his disabilities. What Claimant has discussed in his motion has occurred long after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be

forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred. Judge Kane has this issue under advisement and will issue on order resolving the dispute at some point in the future.

IT IS HEREBY ORDERED that Claimant's motion as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue.

SIGNED this 29th day of January 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master