IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number 03-321
Category III
Claimant: Jeffrey Harris, #101324
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF SPECIAL MASTER

_____

THIS MATTER comes before the Special Master on a letter filed by Claimant. The letter appears to be a request for intervention and assistance. Claimant states that he is diabetic and has had difficulty obtaining his medicine. He also has raised concerns about the medical care being provided to him and others at the Sterling Correctional Facility.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. A hearing was held at CCCF on May 4, 2007. A final order was issued on May 16, 2007. The Special Master determined that Claimant was diabetic, a member of the class, and a victim of discrimination in that he was not provided medicine for his diabetes for periods of time. Claimant was awarded damages for his mental anguish in being forced to go without his medicine.

Claimant is now at SCF. He alleges that he has received no medications and that medical appliances have been taken from him. He is requesting court intervention.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant is seeking help concerning an issue that has arisen long after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter. The jurisdictional issue has not been resolved by Judge Kane, and no action can be taken on anything that has recently occurred.

Claimant has raised issues concerning the general care available for diabetics at SCF. This letter will be referred to class counsel, as systemic issues and problems may exist for diabetics at SCF.

IT IS HEREBY ORDERED that the letter of Claimant will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that a copy of this letter shall be forwarded to class counsel.

SIGNED this 5th day of February, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master