IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.     **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

    Plaintiffs, as representatives of themselves and all others similarly situated in the class action,
v.

**BILL RITTER, et al,**

    Defendants.

---

**ORDER** re pending Motions for Enforcement/Compliance
with Montez Remedial Plan

---

Kane, J.

    The following pending Motions in this case were filed, pro se, by individuals identifying themselves as members of the affected class and related to the Department of Corrections' compliance/noncompliance with the Montez Remedial Plan. Some Motions seek "enforcement" of the plan, others seek injunctive relief in the form of an order from the Court compelling compliance, and others seek sanctions or other relief for noncompliance. These issues, as distinguished from individual class members' rights under the Plan to seek damages or other redress from the Special Masters in pro se administrative proceedings, are class-wide issues being pursued, on behalf of the class, in ongoing compliance proceedings by class counsel. While several of the individual movants express dismay at the pace of the compliance proceedings and their representation by class counsel, I assure all members of the class that their interests are being competently and passionately pursued. Because individual class members are represented by counsel on all matters related to generalized *compliance* with the Montez Remedial Plan, their demands for compliance must be made through counsel and not in pro se motions such as those identified below. Accordingly, these "Motions" will be viewed, as appropriate, as "Declarations" or "Letters" regarding compliance, and referred to class counsel

for inclusion in upcoming compliance hearing currently set to commence on June 7, 2010, for a period of four weeks.

To wit:

1. **Document 3858**, filed 3/18/09 and entitled "Affidavit of Ronald Cordova," refers to a "Motion for Relief" filed by Mr. Cordova the week before (**Document 3846**) and seeks to support the relief requested therein.  Because Document 3858 also seeks "'injunctions and temporary restraining order' to stop ongoing conduct that is illegal according to the Remedial Plan," it was docketed not as an affidavit but as a separate "Motion for Temporary Restraining Order."  Both "Motions" relate to compliance issues and retaliation Mr. Cordova purports to have suffered because of his actions in seeking administrative remedies under the Remedial Plan, and will be treated as follows:

- **Document 3858** SHALL BE DEEMED an "Affidavit" in support of Mr. Cordova's 3/11/09 Motion for Relief (Doc. 3846) and SHALL BE LINKED, in the Court's docketing system, to Doc. 3846;

- **Document 3846**, in turn, relates to general compliance issues (Mr. Cordova's complaints regarding specific compliance/retaliation related to his individual pro se accommodation claims are the subject of an order of the Special Master dated December 22, 2008, and Mr. Cordova's appeal of that Order (Doc. 3857), along with numerous related filings (*see, e.g.* Docs. 4137, 4138 are pending before me as a separate matter) and <u>DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and SHALL BE LINKED, for docketing purposes, to the compliance hearing set to commence June 7, 2010</u>.

2. **Document 3901**, "Motion for Order to Comply with Remedial Plan," filed by DOC inmate Allen I. Fistell, relates to classwide compliance and <u>SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to June</u>

<u>7, 2010 compliance hearing</u>.

3. **Document 3905**, a handwritten document signed by inmate Raymond Price and docketed as a "Motion for Leave to Proceed Pro Se," is **DENIED**. In his Motion Mr. Price takes issue with counsel's representation of the class and seeks leave to represent himself on compliance and other issues. To the extent Mr. Price seeks to "terminate" class counsel Ms. Greisen and proceed on his own behalf on general compliance issues, the Motion is DENIED for the reasons set forth above. To the extent Mr. Price seeks to continue representing himself to appeal the Special Master's consideration of his individual claims regarding hearing loss and disability status, the Motion is also DENIED. Mr. Price has already appealed the Special Master's decision to me, and no further appeal of my review is available under the procedures to which he, as a member of the represented class, and the State agreed under the stipulated Remedial Plan. *See* 9/29/09 Order Formalizing 9/1/09 Bench Ruling re Tenth Circuit Appeals from Special Master Orders (Doc. 4148 )("'abuse of discretion' reviews of Special Master decisions on individual pro se damage claims were intended under the operative consent decree to be final decisions and are not appealable to the Tenth Circuit Court of Appeals"). Mr. Price's request for a hearing on his hearing loss and disability claims, which have already been reviewed, is MOOT and therefore DENIED. To the extent Mr. Price seeks to renew or supplement previously denied individual claims based on Defendant's continued "noncompliance" with the Montez Remedial Plan, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

4. **Document 3930**, filed 4/24/09, "Motion to Amend or Supplement Prior Motion for Enforcement" (Matthew Tazio Redmon) – this document relates to Mr. Redmon's previously filed "Motion for Enforcement of Existing Remedial Plan, etc." (**Doc. 3784**) and both relate solely to general compliance issues. While Document 3784 has been ordered held "in abeyance" pending my decision on the "jurisdictional" question of compliance, <u>both documents SHALL BE</u>

3

DEEMED "Declarations" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 7, 2010 compliance hearing. To the extent Mr. Redmon seeks to file new or to supplement previously denied individual claims based on Defendant's continued "noncompliance" with the Montez Remedial Plan, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

5. **Document 3978,** filed 5/22/09, entitled "Motion for Enforcement of Existing Remedial Plan" (by Daniel Martinez) – this document relates to classwide compliance (the shackling and handcuffing of disabled inmates) and SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 2010 compliance hearing.

6. **Document 3999,** filed 6/8/09, and entitled "Motion for Enforcement of Existing Remedial Plan and for Sanctions for Noncompliance with Plan" (by James Garnes) – having reviewed this filing and the Special Master's Order dated 9/16/09 declaring it "intertwined" with the jurisdictional issue, I find the filing relates primarily to classwide compliance and SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 2010 compliance hearing. To the extent Mr. Garnes seeks to join the class in order to pursue individual damage claims, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

Based on the foregoing,

IT IS ORDERED that counsel for the class and for the state shall consider the representations and documentation included in the above referenced filings in their preparation for the compliance hearing, scheduled to commence on Monday, June 7, 2010. These documents

are to be considered "Declarations" relevant to the issue of compliance/noncompliance, and while they may form the basis for specific relief sought for or on behalf of the class, counsel need not address themselves to any intertwined requests for individual relief.

IT IS FURTHER ORDERED that motions filed by individual class members or other DOC inmates for "enforcement" of the Montez Remedial Plan or similar compliance related relief are IMPROPER and will either be STRICKEN or deemed "Declarations re Compliance/Noncompliance" and referred to class counsel. Inmates are being represented by counsel on the overarching issue of compliance and adequately so. Filings related to compliance issues may only be made through that counsel.

Dated:   February 8, 2010              **s/John L. Kane**
                                       SENIOR U.S. DISTRICT JUDGE

Service of this Order shall be made by NEF and by U.S. Mail to the following DOC inmates:

Ronald Cordova
Allen Fistell
Raymond Price
Matthew Tazio Redmon
Daniel Martinez
James Garnes

Special Masters Borchers, Pringle and Davidson