IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.    **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: John Nasious, #98775, Claim 03-459)

    Plaintiffs, as representatives of themselves and all others similarly situated in the class action,
v.

**BILL RITTER, et al,**

    Defendants.

---

ORDER OVERRULING OBJECTIONS (**Docs. 3865 & 4100**) TO
ORDERS/FINAL ORDERS OF SPECIAL MASTER
DATED 1/27/09 (**DOC. 3798**) AND 5/11/09 (**DOC. 3967**)

---

Kane, J.

This matter is before me on a series of Objections (Appeals) and filings by Claimant John Nasious.

1.  Mr. Nasious has filed numerous documents/objections to the Final Order of Special Master (Doc. 3798), dated January 27, 2009, in which the Special Master determined that Nasious had failed to prove he was either mobility or hearing disabled. *See* Final Order at p. 5. Mr. Nasious filed his initial Objection on March 20, 2009 (Doc. 3865) and then refiled it, with certain words underlined, on September 4, 2009 (Doc. 4100). He also filed several "Letters," briefs and status requests related to the Special Master's Order. (*E.g.* Docs. 3951, 4099, 4101). I have reviewed these filings, along with their various attachments, and **ORDER** that Mr. Nasious's Objections are

**OVERRULED**.  My review of the Special Master's disability determinations are for abuse of discretion, and nothing in Mr. Nasious's filings demonstrates such an abuse with respect to his particular disability claims.  The Final Order of Special Master (Doc. 3798) will stand.

2.  However, Mr. Nasious's filings also include renewed claims of mobility impairment as well as generalized compliance and retaliation allegations.  *See* Doc. 3951 ("Motion for Status of Case and to Present Additional Documents," filed April 29, 2009). In an Order dated May 11, 2009 (Doc. 3967), the Special Master accepted those documents for filing but held any renewed claims for relief in abeyance pending resolution of the "jurisdictional" question of whether claims that arose after the August 27, 2003 Stipulation and Remedial Plan execution date in this case may continue to accrue until a finding of "Substantial Compliance" with the Plan is made.

A four-week hearing on the Substantial Compliance question is set to commence on June 7, 2010.  Given the multitude of renewed or non-class claims asserted and being held in abeyance, and given the importance of the compliance determination to the propriety of these held claims, it is both necessary and appropriate to devote my time and attention to that issue.  Accordingly, Mr. Nasious's renewed claim for individual relief under the Plan, Claim # 03-459, is **DENIED** without prejudice to its being renewed, if appropriate, after the Compliance Hearing set to commence June 7, 2010.

**IT IS FURTHER ORDERED** that Mr. Nasious's Objection (Doc. 4100) and Brief in Support thereof (Doc. 4101) set forth a narrative and information relevant to the

generalized Compliance issues set to be heard in June.  Accordingly, these documents are **DEEMED** "Declarations" re Compliance/Noncompliance and **REFERRED** to class counsel for consideration and use at the June 7, 2010 hearing.  While these documents may form a basis for specific relief sought for or on behalf of the class, counsel need not address themselves to any intertwined requests for individual relief.

Dated February 9, 2010.                **s/John L. Kane**
                                       SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to John Nasious (#98775, SCF)