IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.     **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: Michael N. Collins, Claim 03-391)

    Plaintiffs, as representatives of themselves and all others similarly situated in the class action,
v.

**BILL RITTER, et al,**

    Defendants.

---

ORDER DENYING OBJECTIONS (Docs. 3583, 3697) TO SPECIAL MASTER'S
FINAL ORDER (Doc. 3479) AND DENYING REQUESTS FOR RELIEF
BEING HELD IN ABEYANCE

---

Kane, J.

This matter is before me on Claimant Michael N. Collins' "Objections, Pleadings, Motions and Appeal of [Special Master's] Claim Dismissal" (**Doc. 3479**), his "Further Objections/Supplement" (**Doc. 3697**) and related "Letters," "Notices" and "Statements" (Docs. **3697, 3769, 3826-28, 3860, 3925-28, 3941, 3977, 4002, 4032, 4042-45, and 4058-59**).   Mr. Collins objects to the Special Master's Final Order dated June 18, 2008 (Doc. 3479), dismissing his third individual claim for relief under the Montez Remedial Plan (Claim 3-391).  Previous claims 01-030 and 02-031 were denied by Orders dated October 17, 2005 (Doc. 1153) and March 23, 2006 (Doc. 1817), respectively.

I **OVERRULE** Collins' Objections and **AFFIRM** the Special Master's Orders.  I further **DENY** all additional claims for relief as may be apparent in the jumble "Letters," "Statements" and "Notices" filed since January 12, 2009, which have been "accepted for filing" but ordered held in abeyance by the Special Masters.

1. Mr. Collins is a long-term frequent filer in this and other prisoner civil rights class actions pending and closed.  He objects in the Montez class action to the Order of Dismissal of his Claim No. 03-391, dated June 18, 2008 (Doc. 3479), and by implication to the Special Masters' Orders dismissing previous claims 01-030 (Doc. 1153) and 02-031 (Doc. 1817).  His ten-page, handwritten Objection is rambling and difficult to read, but appears to include assertions that the Special Master promised but failed to allow him to present all his evidence, that class counsel failed adequately to represent him, and that DOC "lost," "returned" or "refused" his legal and general mail.  My review of the Special Master's detailed Final Order demonstrates careful consideration of all of Mr. Collins' varied claims.  Mr. Collins was present and testified at two days' worth of hearings.  Contrary to his professed expectation, Mr. Collins proceeded *pro se*, as does any claimant seeking damages for a failure to accommodate disability under the Montez Remedial Plan.  Class counsel represents members of the class only for the structural and injunctive relief sought on behalf of the class of DOC disabled inmates on whose behalf suit was filed, and on compliance issues related thereto.

My review of the Special Master's findings under the Montez Remedial Plan is for abuse of discretion, and nothing in Mr. Collins' filings demonstrates such an abuse with respect to his claim 03-391, or any other.  Mr. Collins' testimony was given considerable deference and his various submissions considered carefully and thoroughly and in detail.  Given the facts and testimony presented – from Mr. Collins, Dr. Neufeld and others – the Special Master concluded Mr. Collins had failed to demonstrate that his injuries and resulting surgery to his arm rendered him mobility impaired, or that he had been discriminated against on this basis or any other.  Mr. Collins' complaints regarding inadequate medical care fall, as the Special Master noted, outside

the scope of the ADA and Rehabilitation Act and are more properly the stuff of actions under 42 U.S.C. § 1983 for violations of Eighth Amendment rights. Perceiving and finding no abuse of discretion in the Special Master's findings or analysis, I **OVERRULE** Mr. Collins' Objections and **AFFIRM** the Final Order(s) of the Special Master.

      2. Many of Mr. Collins' "Letters," "Notices," and "Statements" relate to his underlying conviction and pleas on his behalf from his children and other family members. These have no place in the Montez litigation, which relates to the Department of Corrections' procedures for treating and accommodating disabled inmates. Those "Letters," "Notices" and "Statements" that do relate to Mr. Collins' alleged disabilities and relief under the Montez Remedial Plan comprise issues that have already been adjudicated to finality under the Plan or raise issues beyond its scope. Matters arguably related to renewed or new requests for relief under the Remedial Plan were ordered held in abeyance pending resolution of the "jurisdictional" question of whether claims that arose after the August 27, 2003 Stipulation and Remedial Plan execution date in this case may continue to accrue until a finding of "Substantial Compliance" with the Plan is made. *See* Orders of Special Master (Docs. 3776, 3830, 3911, 3912, 3941, 4009, 4049, 4062, and 4075). The torrent must stop.

      A four-week hearing on the Substantial Compliance question is set to commence on June 7, 2010. Given the multitude of renewed or non-class claims asserted – by Mr. Collins and others – that are being held in abeyance, and given the importance of the compliance determination to the survival and propriety of these claims, it is both necessary and appropriate to devote my time and attention to that issue. Accordingly, Mr. Collins' adjudicated and renewed claims for individual relief under the Plan, identified as related to Claim # 03-391 (*see*

3

Rep. of Special Masters (Doc. 4226)), are **DENIED** without prejudice to their being renewed, if appropriate, after the Compliance Hearing set to commence June 7, 2010.  This claim is **DEEMED CLOSED.**

    **IT IS FURTHER ORDERED** that Mr. Collins shall file no further claims, letters, notices, statements or the like on issues related to his individual claims under the Montez Plan until after the June 2010 hearing, and only then with leave of the Court upon a proper showing made.  Upon receipt of any such filings from Mr. Collins, the Special Master **SHALL REVIEW** them and **REFER** those deemed relevant to the compliance issues to class counsel, and **DENY/STRIKE** any others with leave to refile, if appropriate, after the June 2010 compliance hearing.

Dated February 9, 2010.                                    **s/John L. Kane**
                                                                        SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to Michael N. Collins