FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FEB 9 - 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

Plaintiffs,

v.

BILL RITTER, et al.

Defendants.

___

## MOTION FOR RELIEF AND TO ENFORCEMENT OF MONTEZ REMEDIAL PLAN

___

Comes Now, the Plaintiff, Ronald Cordova, a member of the class under Montez et. al v. Bill Ritter, respectfully request relief and to enforce the Remedial Plan of August 27, 2003, and as for grounds states as follows:

1. The Remedial Plan of August 27, 2003 is an agreement by both parties in the action. Both the Attorney General Office and class counsel agreed to its contractual obligation and approved by U.S. Federal Court.

2. The Colorado Department of Corrections and its medical department have been in "Non-compliance since the begining of the law suit, and its agreements and stiplulation agreements."

3. In support of Plaintiff's argument, the Plaintiff submits the following documents. A Step I grievance requesting "Health Care Appliances" pursuant to section XVI of Montez Remedial Plan." The grievance illustrates the Defendants stance to deny any medical care, whether minimum or necessary as to the disability.

4. The Remedial Plan clearly stiplualted to certain agreements that the Department of Corrections and its Medical department have totally disregarded and refuse to comply with. Sections: XVI Health Care Appliances C. Possession of Health care Appliances, clearly states in pertinent part:

> " No inmate shall be deprived of a health care appliance that was in the inmate's possession upon entry into DOC system or was properly obtained while in DOC custody..."

5. The Plaintiff, Ronald Cordova, had knee braces when he came into DOC in 1987 and was given new knee braces in 1993 (At the Denver Dianostic Center) And examined by Dr. Patterson on about 8-29-2001 and ordered a hinged knee brace. The Plaintiff's medical records will verify all the above facts. And has submitted these records as exhibits in previous legal papers to this Court.

6. The AIC Office, pursuant to page 1 of the Remedial Plan under ADA inmate Coordinator.

1.

Is responsible for tracking all inmates with disabilities, and ensuring that they are not denied access to programs, services and benefits offered by DOC. The AIC office is just as guilty as DOC in denying these "programs, services, and benefits, and is discrimination under the American's Disability Act of 1990. Also under "Yeskey v. Pennslyvannia, 524 US at 210 (noting that the phrase "services, programs, or activities in §12132 includes... medical... prison programs. U.S. v. Georgia, 546 US ___, 126 SCt 877 (2006)

The AIC Coordinator and DOC, medical all have conspired to deny any medical care to inmates under Montez et al. And have refused to comply to its agreements of the remedial plan. Puls several other section.

7. The Plaintiff submits this new grievance in support that Defendants will not provide any care or health care appliances because they do not recognize the Federal courts as any authority.

8. The Plaintiff has been subjected to discrimination, harassment and retaliation and beaten by officers on 7.27.2009. And charges with assualt a false charge in which he must appear in district court for. The Plaintiff exercised the "opting out of placement" section C. on page 6 of Remedial Plan. Because he had a job, and 'No other facility could give any other accommodation as the Ordway Correctional facility had in place. Everything at that facility was on the first floor, making everything accessible. In accord with ADA.

9. The Plaintiff offer's the Step I grievance as proof the DOC will not comply to any American's Disability Act or any other law. Yet the Plaintiff continues to suffer with pain and irreparable harm daily. Because of his unstable knees. The Plaintiff has even offered to buy his own knee braces and has been denied..DOC has its own policy's as the medical provider/medical.

WHEREFORE, the Plaintiff, prays this honorable court to consider all the above information and please read the answer of defendants grievance. And to grant some kind of relief or contempt order against the Colorado DOC. Or issue its final order and to allow the Plaintiff to proceed to the 10th Circuit for its final relief.

Date: 2-5-2010

Respectfully submitted

*Ronald Cordova*
Ronald Cordova, 57350
SCF         Unit B-1
P.O.Box 6000
Sterling, Co 80751

CERTIFICATE OF MAIL

I, certify that a true and correct copy of the foregoing pleading was sent to all the below parties, By U.S. Mail, on February ___, 2010

James Quinn
Attorney General Office
1525 Sherman St, 5th Fl.
Denver, Co 80203

Class Counsel for Montez
Paula Greisen
1670 York St.
Denver, Co 80206

Date  February 5, 2010

Respectfully

*Ronald Cordova*
Ronald Cordova, 57350

RECEIVED
JAN 29 REC'D

DC FORM 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**Offender must complete:** Is this grievance related to your disability/diabetes or other ADA matter? **Yes** ☒ No ☐

RECEIVED
JAN 1 3 REC'D

**Case manager must complete:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 1-11-10   Case Manager: D. Dennis

**Grievance Number:** D-SF09/10-180-1   **STEP (Circle One):** ① 2 3

| NAME | Ronald Cordova | DOC NO. 57350 | FACILITY/UNIT/POD 1-B |
|---|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Meaningful Remedy:** Subject of grievance is "non-compliance with Montez Remedial Plan, sec: XVI HEALTH CARE APPLIANCES. And the deliberate failure to accommodate with "auxiliary needs (knee braces and walking cane to support my unstable knees) I have already been determined by the Federal Judge, R. Borchers to have a Mobility Disability. On November 27, 2009 Warden, K. Milyard came to my cell, asking about the grievances I have filed in regards to the Conditions, the ADA violations I been subjected to. He asked me to goto Medical with him to confirm what I had told him about in the grievances and that I have not received any requested health care devices. We went to the Office of P.A. Mellch, she seemed helpful and pleasant. My medical-record was there and she began to look into it and at first said there was no mention of ADA restrictions and knee braces. I said, I have all my med-records and could go get them to show what I was talking about. She then found an entry of where, P.A. Webste had omitted medical restrictions from my record, and found where I had been issued a hinged knee brace, and neoprene braces upon entry into CDOC in Denver (1-29-93) and the hinged brace on 10/15-01 by Dr. J. Patterson. There is proof in med-records of all this information. But Medical keeps on with there deliberate conduct to deny any reasonable care, in order to save cost. On 11-27-09 in Mellch's office, Warden, Milyard was speaking with Mr. Carochi the director of Prisons, regarding all these issues and property taken away upon my entry Feb 10, 2009 to S.C.F. In which eye glasses were taken in violation of Montez. All these issue were suppose to be looked into. And I also talked with Carochi in person on Dec 4, 2009 that did not go well, Carochi did not let me explain my side of the grievance and its issues.
I have still not gotten any knee braces or cane to support my serious needs, and still subjected to harassment/retaliation denied treatment. After being examined by P.A. Mellch and from xrays, she determined I had a knee dislocations and needed exercises. Totally disregard expert opinions and doctors from the past 40 years or more. I know how serious my injury is and the pain I experience when one of my knees pop-out, and how unstable it is to walk. Especially up stairs, when I apply wight to climb. Medical is not concerned with any Federal court Judges determination or providing treatment. The Provider instructs all eployees to dis courage treatment in order to save cost. Relief: I want knee braces and a walking cane to help/support my unstable knees, and not to be force to top bunk or second tier. And medical restriction placed back in medical record. And to comply to Montez Remedial Plan XVI Health Care Appliances section.

**TO BE COMPLETED BY OFFENDER:**
DATE: 1-8-10   OFFENDER SIGNATURE: Ronald Cordova 57350

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: ADA
DATE: 1/13/10   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Benson 14298
Date ADA grievance sent to AIC: 1/13/10

**RESPONSE**

See Attached Response
Katie Baxter #2429
Acting AIC
1/27/10

**TO BE COMPLETED BY RESPONDER:**
DATE GRIEVANCE REC'D BY RESPONDER: 1/20/10   RESPONDER DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # 14298   RESPONSE DATE:

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 2-10   OFFENDER SIGNATURE/PRINT NAME & DOC # R. Cordova 57350

RECEIVED
JAN 20 2010

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"   Office of Correctional Legal Services

# STATE OF COLORADO

COLORADO DEPARTMENT OF CORRECTIONS

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax: 719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Marshall Griffith, Designee /MG/
Office of the AIC (ADA Inmate Coordinator) KB
Received Grievance: 1/20/09
Sent Response: 1/27/10
Offender Name: Cordova, Ronald
DOC No: 57350
Facility: SCF
Grievance No: D-SF09/10-180-1

**DISABILITY STATUS: Pursuant to Accommodation Resolution dated 8/3/09 you were determined NOT TO HAVE a qualifying vision disability.**

**DISABILITY STATUS: Per Final Order of Special Master you have been found TO HAVE a qualifying lower extremity mobility. Accommodation Resolution dated 8/3/09**

**Pursuant to Accommodation Resolution dated 8/3/09 you Are a diabetic**

**In the grievance referenced above, you allege the following:**
1. The subject of your grievance is non compliance with Montez Remedial Plan, section: XVI Health Care Appliances, and the deliberate failure to accommodate with "auxiliary" needs (knee braces and walking cane to support your unstable knees). You've been determined [found] by Judge Borchers to have a mobility disability. On 11/27/09 Warden Milyard went to your cell asking about the grievances you've filed in regards to the ADA violations you've been subjected to. He asked you to go to medical with him to confirm what you had told him in the grievances and that you had not received any requested health care devices. You went to the office of PA Melloh. Your medical record was there and she began to look into it and at first said there was no mention of ADA restrictions and knee braces. You said you have all your medical records and could go get them to show what you were talking about. She then found an entry where PA Webster had omitted medical restrictions from your record, and found where you had been issued a hinged knee brace, and neoprene braces upon entry into DRDC on 1/29/93, and the hinged brace on 11/15/01 by Dr. Patterson. There is proof in the medical records of all this information. But medical keeps deliberately denying any reasonable care in order to save cost. On 11/27/08 in Melloh's office, Warden Milyard was speaking with Mr. Carochi the [Deputy] Director of Prison Operations regarding all these issues and the property taken away upon your entry 2/10/09 at SCF in which eye glasses were taken in violation of Montez. All these issues were supposed to be looked into. You also spoke with Mr. Carochi in person on 12/4/09. He did not let you explain your side of the grievance and its issues. You still have not gotten any knee braces or cane to support your serious needs and are still subjected to harassment and retaliation, [and] denied treatment. After being

examined by PA Melloh, and from x-rays, she determined you had knee dislocations and that you need exercise (total disregard of expert opinions and doctors from the past 40 years or more). You know how serious your injury is and the pain you experience when one of your knees pops out and how unstable it is to walk, especially up stairs when you apply weight to climb. Medical is not concerned with any Federal Court Judges determination or providing treatment. The Provider instructs all employees to discourage treatment in order to save cost.

**Requested Relief/Remedy:**
1a. You want knee braces and a walking cane to help/support your unstable knees and not to be forced to a top bunk or second tier. You also want medical restrictions back in your medical record. And you want [DOC] to comply with the Montez Remedial Plan XVI Health Care Appliances Section.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. The Final Order of the Special Master dated 6/25/07 found that you are a member of the class of mobility impaired (disabled). The Special Master noted, "Claimant will be given the benefit of the doubt." The Special Master Final Order did not provide for any assistive devices concurrent with the finding of disability.
2. You were re-screened for a mobility disability on 7/22/09 by a qualified DOC Provider using new criteria that were agreed upon by DOC and Class Counsel in the Montez Lawsuit. The Provider indicated that you were not mobility disabled and the CMO agreed on 7/24/09. Your Accommodation Resolution is dated 8/3/09.
3. You are being provided accommodations pursuant to the Final Order of the Special Master.
4. Please note: Response to Step 1 Grievance #D-SF08/09-141-1 informed you that the determination of whether you require knee braces or a cane would be determined by the CMO after a complete review of the results of your re-screening for disability. That determination was made on 7/24/09.

**CONCLUSION:** This grievance is DENIED based on the information above. The Final Order of the Special Master does not provide you with assistive devices. The CMO did not find any assistive devices medically necessary.

**GRIEVANCE DENIED**

Cc: AIC File.

Page 2 of 2

DC Form 78 (2/93) / Old. No. 26
WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

**COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD**

PRICARE CODE NO.: 
NAME: Cordova, Ronald
INMATE NO.: 57350
LIVING UNIT: AVCF

SUBJECTIVE: Informational: This I/m Cordova Ronald came to AM medline requesting ABO. The nurse offered the TCN that was ordered. I/m refused to take medicine stating "you have the wrong I/m that's not mine" + walked off."

DATE: 1/25/02
TIME:

PROBLEM 1 2
PLAN / ORDERS: informational

OBJECTIVE: Temp. ___ Pulse ___ Resp. ___ B/P ___

ASSESSMENT: Note: Minocycline was ordered but ∆'d to TCN.

SIGNATURE NURSE: [signature] RN
P.E.:
PHYSICIAN:
Rx NO.:

---

PRICARE CODE NO.: 7/8183 3/3
NAME: Cordova, Ronald
INMATE NO.: 57350
LIVING UNIT: AVCF

SUBJECTIVE: c/o (L) knee instability

DATE: 1/24/02
TIME: 9:30

PROBLEM 1 2
PLAN / ORDERS:
① OK to have knee brace (by PT) x 1 yr.
② D/C P.T.

OBJECTIVE: Temp. ___ Pulse ___ Resp. ___ B/P ___
Provided 1 Large playmaker knee brace, fitted + adjusted
R. Cordova 1-24-02
signature

ASSESSMENT: ACL deficient, needs brace as per Ortho MD

SIGNATURE NURSE: Lesermann 1/24/02
P.E.: [signature]
PHYSICIAN:
Rx NO.:

ALWAYS BEGIN AT BOT: 11-0558-4-06000   LOT: 113001
DRYTEX, PLAYMAKER, POP, L, BLACK

CFA CODE: 1815

DEFENDANT'S EXHIBIT

CORDOVA, RONALD                            57350                                      AVCF

ORTHOPAEDIC CLINIC (11-14-01)   DOB: 4-8-92
Age 59, serving life. He complains of instability in the left knee and lesser problems with the right knee. He says it gives out and he "blacks out" when it does. He falls This dates back many years.

**PAST MEDICAL HISTORY:** Remarkable for what he calls occasional hypertension  He has some benign prostate hypertrophy and peptic ulcer disease problems.

**SURGICAL HISTORY:** Not available.

**ALLERGIES:** IVP dye.

**MEDICATIONS:** Seldine.

**REVIEW OF SYSTEMS:** Negative.

**FAMILY HISTORY:** Noncontributory.

**EXAMINATION:** He is a small muscular man, alert and oriented. He has a stable right knee with mild patellofemoral crepitus. On the left he has a positive Lachman and positive pivot shift and medial joint line tenderness, otherwise, clinically stable. Good pulses, normal sensation, normal motor function, no effusion.

X-rays from 1997 unremarkable.

**IMPRESSION:** Longstanding ACL deficient left knee. I suspect he has some cartilage damage as well.

**RECOMMENDATION:** Arthroscopy. Would not proceed to reconstruction because of age. I have explained that in detail to him. He does need an off-the-shelf hinged brace to manage his instability on the long-term on the left knee which will be permanent.

Jacob Patterson, M.D.
Orthopaedic Consultant

T: 11-15-01/mp





DC Form 78 (2/93) / Old. No. 26
WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

**COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD**

PRICARE CODE NO.: 
NAME: Cordova Ronald
INMATE NO.: 57350
LIVING UNIT: AVCF
DATE: 8/29/01
TIME:
PROBLEM 1 2
PLAN / ORDERS

SUBJECTIVE:

OBJECTIVE: Temp. ___ Pulse ___ Resp. ___ B/P ___
PE (R) knee ∅ swelling, inflammation,
⊖ bulge wave sign, ⊖ Leickmann's,
⊖ Anterior draw sign. ∅ laxity to
Valgus & Varus.
(L) knee ∅ swelling, inflammation,
⊖ bulge wave sign, ⊖ Leickmann's,
⊖ Anterior draw sign. ∅ laxity
to Valgus & Varus stress.

ASSESSMENT: Mr Cordova knee's are stable.
Mr Cordova very confrontational

SIGNATURE NURSE: M. Tejinder Sgh PA-C
P.E.:
PHYSICIAN: [signature] MD  9-5-01
Rx NO.:

---

PRICARE CODE NO.:
NAME: Cordova, Ronald
INMATE NO.: 57350
LIVING UNIT: AVCF
DATE: 8/29/01
TIME:
PROBLEM 1 2
PLAN / ORDERS

SUBJECTIVE: Patient seen on sick call regarding his restriction. Per Patient he has been on disability due to knee problem.

WT - 178

OBJECTIVE: Temp. 96.5 Pulse 78 Resp. 16 B/P 158/92
His knee gives out. Per Patient he was informed by Nurse Betty that he does not have lower bunk. Patient informed that he still has lower bunk, but his lower bunk status will not be renewed after his restriction expires.
X-ray (R) knee WNL (3/4/97)
X-ray (L) knee show minimal

ASSESSMENT: narrowing.

Orthopedic Dr Patterson on site
A0254268

9/6/01
M

SIGNATURE NURSE: M. Tejinder Sgh PA-C
P.E.:
PHYSICIAN: [signature] MD  9-5-01
Rx NO.:

DEFENDANT'S EXHIBIT F

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

DC Form 78 (82) / Old No. 2635
WHITE — Medical Record
CANARY — Pharmacy
PINK — Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

**PRICARE CODE NO.**:
**NAME**: Cordova RON
**INMATE NO.**: 57350
**LIVING UNIT**: 4B

**SUBJECTIVE**:

**DATE**: 1-29-93
**TIME**: 1400
**PROBLEM** 1 2
**PLAN / ORDERS**:

I/M may have L+R knee braces and (2) heel pads

**OBJECTIVE**: Temp. ___ Pulse ___ Resp. ___ B/P ___

**ASSESSMENT**:

**SIGNATURE:**
**NURSE:**
**P.E.:** [signature] PA
**PHYSICIAN:** [signature]
**Rx NO.**

---

**PRICARE CODE NO.**:
**NAME**: Cordova RON
**INMATE NO.**: 57350
**LIVING UNIT**: 4B

**SUBJECTIVE**: c/o continued problem of knees and worsening knee pain and weakness.

**DATE**: 1-29-93
**TIME**: 1400
**PROBLEM** 1 2
**PLAN / ORDERS**:

1) L+R knee Supports (Neoprene) Large — Given
2) Bilateral heel pads ē spur cups ē
3) 7mm heel lifts L+R Given until recieve cups then I/M to return lifts

**OBJECTIVE**: Temp. ___ Pulse ___ Resp. ___ B/P ___

Marked lateral + Medial Collateral ligament laxity. (+) McBurney trace/+, fluid supra patellar — bilateral. Marked tenderness started L + R calcaneal areas

**ASSESSMENT**: 1) Bilateral chronic knee instability
2) Heel spurs bilateral

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

**SIGNATURE:**
**NURSE:**
**P.E.:** [signature] PA DC
**PHYSICIAN:** [signature]
**Rx NO.**

DEFENDANT'S EXHIBIT A