IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

## MINUTE ORDER RE SPECIAL MASTER'S DECEMBER 22, 2008 ORDER (DOC. 3856) AND RELATED OBJECTIONS AND FILINGS

Judge John L. Kane ORDERS

      On December 22, 2008, Special Master Borchers issued an Order (Doc. 3856) concerning the seizure by DOC staff of personal eye glasses, which Order related directly and sought to construe the 3/31/08 Stipulation Regarding Status of Compliance between the Plaintiff class and the Colorado Department of Corrections (Doc. 3322-2). Claimant Ronald Cordova filed an Objection to the December 22, 2008 Order (Doc. 3484), together with a Letter in support signed by 20 aggrieved DOC inmates (Doc. 3483), which he followed up with a filing dated March 16, 2009 (Doc. 3857) entitled Response to Special Master's Court Order dated December 22, 2008 and a further "Motion for Response and Objection" dated July 10, 2009.

      In Orders dated March 16, 2009, March 25, 2009, and June 29, 2009 (Doc. 3879, 3885 and 4026, respectively) the Special Master characterized Mr. Cordova's filings as raising "legitimate and nonfrivolous" issues regarding the 3/31/08 Stipulation, and seeking guidance from the Court. Specifically, the Special Master queried "how class counsel [could] enter into a stipulation that binds all inmates who wear glasses but are not vision impaired in light of the *Sutton* decision . . . [and] what effects, if any, do the 2008 amendments to the ADA have on Claimant's situation and are all inmates who now wear glasses part of the class." *See* Order (Doc. 4026).

      A related question, raised by Mr. Cordova et al., was whether the 3/31/08 Stipulation expanded the Montez class to include all inmates who wear glasses, irrespective of incarceration date or whether they were otherwise members of the Montez class or not. This issue, of course, is intertwined with the "jurisdictional" question raised in the Special Masters' December 16, 2008 Report and Recommendations (Doc. 3471) as an unfortunate corollary to the class's position that Montez class membership expands until the DOC demonstrates substantial compliance with the terms of the August 2003 Stipulation and Settlement. The question of substantial compliance is currently set for a four-week hearing commencing at 9:00 a.m. June 7, 2010.

Given the import and complexity of the issues raised, Defendants are ORDERED to RESPOND to Docs. 3483, 3484, 3857, and 4031, and to the concerns articulated by the Special Master in his responsive Orders at (Docs. 3885, 4026), on or before **February 23, 2010**.

Dated:   February 10, 2010     **s/John L. Kane**
                                SENIOR U.S. DISTRICT JUDGE

Service of this Order shall be made by NEF to the parties and Special Master Borchers, and by U.S. Mail to

Ronald Cordova