IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: Julius Caesar Herrera, Jr., Claim No. X-228)

    Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

    Defendants.

---

ORDER re RESPONSE/SUPPLEMENTAL/AMENDED MOTION (Doc. 4102)

---

Kane, J.

This matter is before me on a filing, by Inmate Julius Caesar Herrera, entitled "Response to the Court's 24 March 2009 Order as a Supplemental/Amended Motion to Claim for Damages Motion for Other Crucial Relief and Motion to Proceed in Forma Pauperis Requesting Copies of Records & Legal Material at no Cost in Order to Fully & Rightfully Litigate this Matter" (Doc. 4102). The March 24, 2009 Order referenced does not appear anywhere in the 4300 entries currently in the Court's electronic filing system, but based on the language quoted by Mr. Herrera, it appears to be directed at the Special Master's rejection of a previous Section XXXII claim of Mr. Herrera's based on a determination that Herrera fell outside the scope of those DOC inmates on whose behalf such a right of actions was negotiated and the Special Master's later determination that any additional claims of Mr. Herrera would be "held in abeyance." *See* Order of Dismissal of Special Master (Doc. 3025), directed at Herrera Claim # X-228. Mr. Herrera came into DOC custody in November 2003. The Remedial Plan, including Section XXXII pursuant to which then-incarcerated inmates would be granted a limited right to proceed pro se

in discreet claims before the Special Master, was negotiated and signed as part of a Stipulation and Settlement approved by Judge Nottingham in August 2003.

Mr. Herrera did not object to November 2007 Order of Dismissal. Instead, he filed the instant Motion in September 2009 seeking to revive his claim. I DENY that request without prejudice to its being reasserted when and if the Court expands the class of inmates entitled to proceed under Section XXXII of the Remedial Plan. The question of whether the Montez class has expanded to include inmates such as Mr. Herrerra is intertwined with the question of substantial compliance under the terms of the 2003 Settlement and is set for a four-week hearing commencing June 7, 2010. It is also the subject of the December 18, 2008 Report and Recommendation of the Special Masters (Doc. 3741) and various responses and statements by the parties related to it. *See* Docs. 3939, 4007, 4039, 4228, 4261. Those issues have not yet been definitively decided.

To the extent Mr. Herrera's Motion seeks the Court's assistance in proceeding separately in an action under 42 U.S.C. § 1983 to recover damages for violations of his civil rights, the request is DENIED without prejudice to Mr. Herrera's right to initiate any such action in accordance with the rules and using the forms available to any DOC inmate to pursue such claims. Neither leave of the Court nor Court assistance is necessary to Mr. Herrera's pursuit of those rights. As I have previously ruled with respect to Claimant Gibson, individuals seeking to litigate issues distinct from, or not properly within, the scope of the class action may test those claims in a separate action. *See* 10/1/09 Order (Doc. 4149)(citing *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991) and noting such an action should not be dismissed as legally frivolous based solely on its similarity to the class claims pending in Montez).

To the extent the Motion demands compliance with the Montez Remedial Plan, it is DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 7, 2010 Compliance hearing.

All other requests for relief are DENIED.

Dated February 11, 2010.　　　　　　　　　　**s/John L. Kane**
　　　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to Julius Caesar Herrera.