IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: Ind'l Claimant David Scott Key, Claim #X-362)

    Plaintiffs, as representatives of themselves and all others similarly situated,
v.

**BILL RITTER, et al,**

    Defendants.

---

ORDER re OBJECTION (**Doc. 4030**) TO
ORDER OF DISMISSAL OF SPECIAL MASTER (**Doc. 3994**)

---

Kane, J.

This matter is before me on Claimant David Scott Key's Objection to the Special Master's May 29, 2009 Order of Dismissal.  The Objection was construed as an appeal of the Special Master's determination that he was not, given his 2007 incarceration date, a member of the Montez Class of disabled inmates entitled under Section XXXII of the Plan finalized in 2003 to pursue individual claims for disability discrimination within the context of the Montez case. In his Objection, however, Key acknowledges he came to DOC after the effective date of the Montez class settlement and states he "does not want to litigate issues that are already being covered in the Montez action."  Objection (Doc. 4030).  Instead, he seeks a "recommendation on how to proceed [to obtain] relief for [the] discriminatory conduct of prison doctor pursuant to the ADA and Rehabilitation Acts."  *Id.*

While it is not the Court's function to advise or recommend course of action for litigants, there are two issues at play.  First, and without endorsing the expansion of the Montez class to include new inmates and new claims for individual relief under the terms of the 2003 Stipulation

and Settlement (the Remedial Plan), the Court acknowledges this issue remains somewhat open given class counsel's position that inmates may continue to file claims until the DOC is deemed to be in substantial compliance with its obligations under the Plan. A four-week hearing on the Substantial Compliance question is set to commence on June 7, 2010. Mr. Key may wait until after the Compliance Hearing and hope for a favorable ruling on the class expansion issue to resubmit an individual claim under Section XXXII of the 2003 Plan or, in the alternative, he may proceed in an independent pro se action under the ADA to pursue his claims of disability discrimination. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In doing so, Mr. Key should note that ADA and Rehabilitation Act claims are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corp. Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005).

To the extent Mr. Key's Objection is construed as an appeal of the Special Master's findings and conclusions in his May 29, 2009 Order of Dismissal, it is OVERRULED. The Special Master's Order of Dismissal is AFFIRMED, but modified to reflect that any potential individual claims Mr. Key may have under an expanded definition of the class are DENIED without prejudice to their be reasserted at some future date if appropriate based on the Court's rulings.

Dated February 11, 2010.          **s/John L. Kane**
                                  SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to David Scott Key.