IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: Ind'l Claimant David M. Aragon, Claim #X-333)

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

---

ORDER ON OBJECTION (**Doc. 3873**) TO
ORDER OF DISMISSAL OF SPECIAL MASTER (**Doc. 3808**)

---

Kane, J.

This matter is before me on Claimant David M. Aragon's Objection to Order of Special Master dated March 24,2 009.  The Objection was construed as an appeal of the Special Master's determination that he was not, given his 2008 incarceration date, a member of the Montez Class of disabled inmates entitled under Section XXXII of the Plan finalized in 2003 to pursue individual claims for disability discrimination within the context of the Montez case.   The Objection is OVERRULED.

The question of whether the Montez class has expanded to include inmates such as Mr. Aragon is intertwined with the question of substantial compliance under the terms of the 2003 Settlement and is set for a four-week hearing commencing June 7, 2010.  It is also the subject of the December 18, 2008 Report and Recommendation of the Special Masters (Doc. 3741) and various responses and statements by the parties related to it.  *See* Docs. 3939, 4007, 4039, 4228, 4261.  Those issues have not yet been definitively decided.  Rather than require the

Special Master to hold Mr. Aragon's putative claim in abeyance until the issue is decided, however, I DENY the claim without prejudice to its being reasserted, if appropriate, at a later date.

Accordingly, Mr. Aragon may wait until after the Compliance Hearing and hope for a favorable ruling on the class expansion issue to resubmit an individual claim under Section XXXII of the 2003 Plan or, in the alternative, he may proceed in an independent pro se action under the ADA to pursue his claims of disability discrimination. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In doing so, Mr. Aragon should note that ADA and Rehabilitation Act claims are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corp. Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005).

Dated February 11, 2010.    **s/John L. Kane**
                                                SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to David M. Aragon.