92-cv-00870-JLK

February 7, 2010

Megan A. Reed, AIC Designee
Office of the AIC (ADA Inmate Coordinator)
2862 South Circle Drive, Suite 152
Colorado Springs, CO  80906-4195

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2010

GREGORY C. LANGHAM
CLERK

RE:  ADA Screening

Dear Ms. Reed,

   Thank you for your recent correspondence concerning a request for accommodation filed by myself to your office.  I requested the accommodation due to several reasons which I will list below.

   Due to age and being a diabetic, my eye sight has deteriorated to the point that a D.O.C. eye doctor prescribes glasses for me which I now use daily in order to see and read.  Again, let me reiterate; a D.O.C. eye doctor prescribed the glasses for me.

   The eye glasses restriction on my medical restrictions is listed as being only temporary and expired in or around August 2009 meaning that even though my glasses were prescribed and issued by D.O.C., the Corrections Officers have a legal/legitimate right to confiscate them if they please.  Now yes, common sence dictates that if a D.O.C. eye doctor prescribed the glasses and D.O.C. Medical Department issued the glasses, I must need glasses which if I had not had in my possession, would not have been able to read or respond to your correspondence.

   To address the upper extremity disability screening, again I wish to point out that it was a D.O.C. doctor who recommended me to see an outside doctor (Dr. Fenton) who surgically repaired my shoulder to the best of his ability by placing staples into the bone and tying the muscle back up th said bone.

   You state in your memorandum that "passing through the metal detector is a safety and security concern and disability status cannot override this".  I am a reasonable man and will accept this reasoning (although I still believe this to be discriminatory).  Safety and security concerns are a priority.  Let that be the reason and the record shall so reflect that which is so stated

   As for the lower extremity screening I requested, apparently I miss read the AR 750-4 and though the elapsed time was to be from the last request for accommodation which I submitted

(1)

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2010

GREGORY C. LANGHAM
CLERK

12/28/08, recieved by your office 12/30/08.  The resolution to this request was not acted upon by your office until after I filed a grievance on 9/6/09 at which time it took your office until 11/20/09 to respond, granting the grievance in total. The question before you now is when is it acceptable for file the additional request considering I was last seen, to the best of my recollection in January of 09 by the D.O.C. screener here at Sterling Correctional Facility.

AR 750-4 § IV B (7) effective 11/1/07, states: "An offender may request additional accommodations at any time.  All such requests will be evaluated by the AIC, a health care provider, and/or the CMO.  Offenders may submit a request if they feel a new disability has arisen since their last screening, their current disability has worsened; access to a program, benefit, or service requires accommodation; and for any other legitimate reason not included above, [4-4142]'.  I was unaware that the AIC could evaluate a situation or need of an offender without the input from either a medical provider or a CMO (Chief Medical Officer) in determining whether or not a cronic condition had worsened or not.  My lower extremity issues are documented in medical records held by two outside doctors/surgeons along with the medical staff at Arapahoe County Jail, and Denver Health. I have requested these medical records sent in but have been told by D.O.C. medical staff here at Sterling Correctional Facility that these records would not be accepted into the facility.

I hold to the belief that my right knee has deteriorated since my last screening.  I am the one in pain on a constant bases.  That is my evaluation.  At this time I am tired of the run-a-round and games.  Even though people are incarcerated, they should not have to jump through hoops in order to recieve meaningful medical care and attention.  It is for these reasons listed above and the fact I will not be screened (per your memorandum dated 2/1/10) for lower extremities that I, at this time respectfully refuse the screening to which you have me scheduled.

Respectfully Submitted,

Thomas D. Tillery #132387
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO   80751

cc: File
    John P. Tillery
    James D. Tillery
    Warden K. Milyard
    Paula Greisen
    Honorable Judge, John L. Kane

(2)