IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (Claimant Gustavo Osuna #115940, Claim 02-493)

Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

Defendants.

---

**ORDER re Doc. 1408 and 3929 - APPEAL/"Objection to Order of Special Master"**

---

Judge John L. Kane ORDERS

This matter is before me on Claimant Gustavo Osuna's "Objection to the Order of

the Special Master" (Doc. 3929).  The Objection was docketed as an appeal from an

Order of the Special Master dated March 6, 2009 (Doc. 3850) which denied Osuna's

request to enforce a $50 settlement agreement he claimed to have entered into with the

DOC to compromise his Claim 02-493.  Based on my review of the record, however, the

Objection is more properly viewed as an appeal from a much earlier Order of the Special

Master in which Osuna's claim was dismissed because he had left his community

placement and was a fugitive.  *See* Order of Dismissal (Doc. 1408)(citing federal courts'

general authority to dismiss claims when a defendant becomes a fugitive).

At some point after his flight and the dismissal of his claim, Osuna was returned to

DOC and contends he and counsel for DOC agreed to settle his claim for $50.  In an

Order dated March 3, 2009, the Special Master denied Osuna's motion to enforce the

settlement, finding "no binding settlement agreement was ever entered into by the parties." *See* Order (Doc 3850) at 2.

In the Objection that forms the basis for the present appeal, Osuna does not challenge the Special Master's findings with regard to the $50 settlement, but asks that his original claim be decided on the merits.  Osuna claims he has vision problems and a condition called "trism" that, if left untreated, "will cause him to go blind."  He claims his pleas fro medical and special needs treatment have "fallen upon deaf ears" and that he has been discriminated against on the basis of his vision impairment.  Objection (Doc. 3929) at pp. 2-3.

Given the unique circumstances of this case and the fact Osuna's Claim 02-493 was never considered on its merits because of his flight from the halfway house, I SUSTAIN his Objection and REFER his claim 02-493 for consideration by the Special Masters.  The 2005 Order of Dismissal (Doc. 1408) is VACATED.

Dated February 12, 2010

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

Service of this order shall be made via NEF and to Gustavo Osuna (#115940).