IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: William Gilmore, Claim # 03-304)

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

---

ORDER DENYING WITHOUT PREJUDICE MOTION TO REINSTATE (**Doc. 4271**)

---

Kane, J.

      This matter is before me on DOC inmate William Gilmore's Motion to Reinstate Gilmore as Member of [Montez] Class (Doc. 4271).  Mr. Gilmore's original claim under Section XXXII of the Montez Remedial Plan was denied by the Special Master in 2005 based on a determination that Gilmore did not meet the criteria for being mobility disabled.  Mr. Gilmore claims he has since been re-screened and is now mobility disabled.  Mr. Gilmore claims the DOC's actions in failing to provide him with necessary footwear as ordered entitle him to monetary compensation and seeks "reinstatement" to the Montez class to assert his claim.  Because Mr. Gilmore has never been adjudicated a proper member of the Montez class of inmates allowed to pursue Section XXXII claims for damages or similar specific relief he cannot be "reinstated" to that class.  His Motion is, in effect, a request to submit a new claim based on facts that have arisen since the date the Montez settlement was negotiated.

The question of whether the Montez class at it existed at the time the Remedial Plan was executed in 2003 has expanded to include individuals who have become disabled since then is intertwined with the question of whether the DOC has substantially complied with the terms of the 2003 Settlement. That question is set for a four-week hearing commencing June 7, 2010. Until that issue is decided, Mr. Gilmore's request to submit a new claim for damages under XXXII of the Montez Remedial Plan is DENIED.

Accordingly, Mr. Gilmore may wait until after the Compliance Hearing and hope for a favorable ruling on the class expansion issue to resubmit an individual claim under Section XXXII of the 2003 Plan or, in the alternative, he may proceed in an independent pro se action under the ADA to pursue his claims of disability discrimination. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In doing so, Mr. Gilmore should note that proof of disability is a prerequisite to any remedy under the ADA and Rehabilitation Act. ADA and Rehabilitation Act claims are not available for claims of substandard medical treatment. *See Fitzgerald v. Corrections Corp. Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005).

Dated February 12, 2010.          **s/John L. Kane**
                                  SENIOR U.S. DISTRICT JUDGE

Service via NEF and by mail to William Gilmore, # 63549, LCF (Limon)