Civil Action No. 92-CV-00870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

BILL OWENS, et al.,

Defendants.

---

Claim Number 03-465
Category III
Claimant: Allen Fistell, #63253
Address of Claimant: FLCF, P.O. Box 1000, Fort Lyon, CO 81038

---

### DEFENDANTS' OBJECTION TO FINAL ORDER (DOC. 4142) (DIRECTED TO THE HONORABLE JUDGE KANE)

Defendants, through the Colorado Attorney General, respectfully object to the "Final Order of Special Master" regarding claimant Allen Fistell. Doc. 4142.

### STATEMENT OF FACTS

Claimant, Allen Fistell, is currently incarcerated at Fort Lyon Correctional Facility (FLCF) within the Colorado Department of Corrections (CDOC) system. Fistell filed a claim for damages as a claimant in the *Montez* litigation. *Initial Claim Form for Damages*, attached as Exhibit A. In his claim, Fistell asserted he suffered from a mobility impairment and was fired from his position in office equipment repair due to his need to wear tennis shoes to provide comfort in dealing with his mobility issues. *Id.* Additionally, Fistell asserted that handrails

had been removed from his cell and the shower during his incarceration period at Fremont Correctional Facility (FCF).  *Id*.  Although Fistell testified at other claimant's hearings and was aware of the litigation and the Remedial Plan, he did not file a claim until April 24, 2009.

Fistell's damages claim hearing was held at FLCF on June 19, 2009.  Doc. 4142.  Testifying on behalf of Fistell at the hearing was offender David Bryan, Major Curtis Robinette, Sharon Grobe, Martin Fistell and Sergeant Christopher Newman.  *Id*. at p. 1.  Because Defendants' witness, Dr. Gagandeep Singh, was unavailable on the date of the hearing, Special Master Borchers ordered that the matter would remain open for the parties to provide additional documentation.  *Id*. at p. 1.

Subsequent to the hearing, Defendants submitted an affidavit from Dr. Gagandeep Singh, as well as accompanying documents and exhibits.  *Affidavit of Dr. Gagandeep Singh*, attached as Exhibit B.  Fistell provided to the Special Master affidavits and documents in support of his rebuttal to the Affidavit of Dr. Singh and the correlating documents.  *Claimant's Post-Hearing Documents*, attached as Exhibit C.  Fistell did not provide the documents to the Defendants for sur-rebuttal or response.  The documents were not provided to the Defendants until after the Special Master's Final Order.

On September 25, 2009, the Special Master issued a Final Order on Fistell's damages claim hearing.  Doc. 4142.  In the Final Order, the Special Master first addressed whether Fistell was mobility disabled under the criteria of

2

the ADA and the *Montez* Remedial Plan. *Id*. at p. 7. The Special Master determined that Fistell "was a member of the [*Montez*] class as mobility impaired in 1996 and remains so at the present time." *Id*. at p. 7. The Special Master based his decision on the numerous accommodations granted to Fistell while incarcerated during 1996, stating that the "record is clear that DOC staff considered Claimant to be mobility impaired in the mid-1990's." *Id*.

The Special Master next addressed whether Fistell suffered any discrimination as a result of his mobility disability. *Id*. The Special Master pointed to two areas in which he viewed discrimination to have occurred. The Special Master found that Fistell lost his job as an electronics technician at FCF due to a change in facility rules that affected Fistell's ability to wear soft-soled shoes in the work area. *Id*. at 7-8. Fistell was faced with a "Hobson's choice" of either wearing the state issued boots that he asserted caused discomfort or lose his job. *Id*. at 8. The Special Master did not specifically identify when Fistell lost his job in electronic repair, but appears to have determined that the date of termination was prior to the August 27, 2003 date of the *Montez* Settlement Agreement. *Id*.

The second area of alleged discrimination the Special Master addressed occurred after the date of the Settlement Agreement. *Id*. The Settlement Agreement provided that specific DOC facilities were to be classified as ADA facilities. FCF, where Fistell was incarcerated at that time, was not designated as an ADA facility for disabled offenders. *Id*. The Special Master determined that CDOC discriminated against Fistell by keeping him housed at FCF after

3

considering him mobility disabled for a number of years. *Id*. As a result, Fistell was discriminated against by CDOC's removal of handrails in his cell and in the shower, purportedly placing Fistell in danger of falling. *Id*. The Special Master stated "[Fistell] should not have remained at FCF after the decision was made to not designate FCF as an ADA facility." *Id*. The Special Master also based the decision on the determination that "[t]he treatment of [Fistell] has been inconsistent over the years." *Id*.

As a remedy, the Special Master ordered that Fistell be awarded damages in the amount of $1000 due to his loss of the electronics repair job. *Id*. No injunctive relief was ordered pertaining to medical accommodations or other health appliances.

## STANDARD OF REVIEW

Under the Remedial Plan, a Final Order by the Special Master "may be appealed on an abuse of discretion review to the Honorable Judge Kane." *Remedial Plan, § XXXII*. "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th Cir. 1995). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). In addition, an abuse of discretion occurs when the Special Master's decision is "arbitrary, capricious, or whimsical" or results in a "manifestly unreasonable judgment." *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotation omitted).

4

**ARGUMENT**

I.  **THE SPECIAL MASTER ABUSED HIS DISCRETION BY BASING HIS DECISION ON DOCUMENTS AND EVIDENCE RECEIVED FROM FISTELL WITHOUT AFFORDING DEFENDANTS THE OPPORTUNITY TO RESPOND OR REBUT.**

A hearing on Fistell's Montez claim was held at FLCF on June 19, 2009. Doc. 4142. At the hearing, Fistell presented witness testimony from offender David Bryan, Major Curtis Robinette, Sharon Grobe, Martin Fistell and Sergeant Christopher Newman. *Id.* at p. 1. Defendants presented documents and evidence. Defendants witness, Dr. Gagandeep Singh, was not available to testify in-person or by telephone on the date of the hearing. At the conclusion of the hearing, Special Master Borchers ordered the hearing remain open for the parties to submit additional documents and testimony.

On or about September 3, 2009, Defendants submitted to the Special Master the Affidavit of Dr. Gagandeep Singh with accompanying exhibits. Exhibit B. Defendants provided a copy of the affidavit and the exhibits to Fistell at FLCF. *Id.* On or about September 12, 2009, Fistell submitted to the Special Master his documents and evidence to rebut the affidavit and documents submitted by the Defendants. Exhibit C. The Special Master issued the Order on Fistell's *Montez* claim on September 25, 2009. Doc. 4142. The Special Master noted in the Order that Fistell submitted documents in response to the Affidavit of Dr. Singh. *Id.* at p. 1. Defendants did not receive from Fistell any response to the affidavit and exhibits submitted by Defendants.

5

The Special Master was premature in issuing the Final Order on Fistell's claim. The Special Master abused his discretion by issuing an order without allowing the Defendants the opportunity to review, respond and rebut the documents submitted by Fistell. Additionally, it was an abuse of discretion for the Special Master to base his decision on evidence and affidavit testimony Defendants never had the opportunity to respond to or rebut.

## II. THE SPECIAL MASTER ABUSED HIS DISCRETION IN RULING THAT CDOC DISCRIMINATED AGAINST FISTELL BY TERMINATING HIS EMPLOYMENT WITH THE ELECTRONICS REPAIR PROGRAM.

In order to succeed on a *Montez* damages claim, the claimant must establish by a preponderance of the evidence that he or she "was disabled, as set forth in the Remedial Plan, on or before August 27, 2003." Doc. 4142, p. 6. "In addition, a claimant must establish that he was the victim of discrimination on or before that date." *Id*. Fistell alleged Defendants discriminated against him by terminating his employment in equipment repair in compliance with a facility-wide change in policy that prevented offenders from wearing tennis shoes in specific areas. Claim Form; Doc. 4142. Fistell stated the termination occurred sometime in "2003-2004," but did not specify dates for when the alleged discrimination occurred. *Id*. Defendants presented documentation showing that as of December 23, 2003, Fistell employed in the equipment repair vocational program. Exhibit D.[1]

---

[1] The document attached to this appeal as Exhibit D was presented by Defendants as Exhibit B during Fistell's damages claim hearing on June 19, 2009.

6

In the Final Order, the Special Master noted that "[c]laimant testified that he was given a permit for tennis shoes in 1995-96. He had permission to wear tennis shoes until 2002. The rule changed in 2002 at FCF and individuals were not allowed to wear tennis shoes and travel beyond the first fence. This led to Claimant being laid off from his job in the office equipment repair program." Doc. 4142, p. 5-6. There is no mention of a specific date on which Fistell was actually terminated from employment.

The Special Master determined that Fistell suffered discrimination due to the loss of his employment. *Id*. p. 7-8. The Special Master found that "[c]laimant lost that job because FCF changed its rules concerning wearing of soft soled shoes to the work area." *Id*. at 8. Again, there is no mention of a specific date on which the job termination occurred or evidence presented by Fistell indicating that the discrimination occurred prior to the date of the Settlement Agreement. The only evidence regarding the date of employment termination presented at the hearing was that of the Defendants. Ex. D. The Defendants' evidence indicates that the employment termination did not occur until December 23, 2003. *Id*. This date is after the August 27, 2003 Settlement Agreement date.

It is the Claimant's burden to prove by a preponderance of the evidence that he was both disabled and discriminated against prior to the August 27, 2003 Settlement Agreement. Doc. 4142. Claimant failed to do so and the evidence submitted by Defendants at the hearing showed that the alleged discrimination of employment termination did not occur until after the Settlement Agreement. Ex.

7

D.  The Special Master abused his discretion in finding that Fistell suffered discrimination prior to the date of the Settlement Agreement when the evidence supported a finding to the contrary and Fistell failed to meet his burden of proof.

### III. THE SPECIAL MASTER ABUSED HIS DISCRETION IN DETERMINING THAT FISTELL SUFFERED DISCRIMINATION BY REMAINING AT FCF FOLLOWING IMPLEMENTATION OF THE REMEDIAL PLAN.

In his Claim, Fistell alleged that in approximately 2005 and 2008, Defendants discriminated against him by removing handrails from his cell and showers while he was incarcerated at FCF.[2]  Doc. 4142; Ex. A.  The alleged discrimination occurred while Fistell was housed at FCF.  *Id*.  The Special Master noted that FCF is a correctional center designed to house non-ADA offenders, pursuant to the Remedial Plan.  Doc. 4142, p. 8.  Accordingly, removal of the handrails was performed by CDOC in compliance with the Remedial Plan.

The Special Master determined that Fistell suffered discrimination due to his continued incarceration at a non-ADA facility (FCF) following implementation of the Remedial Plan.  Doc. 4142, p. 8.  The Special Master found that Defendants acted in a discriminatory manner by not sending Fistell to the ADA-designated facility earlier than when he was moved to FLCF.  *Id*.  "In light of extensive records with medical staff dating back to Claimant's entry into DOC, Claimant

---

[2] While the dates of this alleged discrimination are after the date of the Settlement Agreement, the Special Master appears to have considered it as a continuing violation related to discrimination allegedly occurring before the cut-off date.

8

should not have remained at FCF after the decision was made to not designate FCF as an ADA facility." *Id.*

Following the hearing, Defendants submitted to the Special Master the Affidavit of Dr. Gagandeep Singh with accompanying documents. Exhibit B. The Affidavit and documents show that Defendants attempted on numerous occasions to evaluate Fistell to determine what medical accommodations were necessary under the ADA. *Id.* at p. 3, ¶¶ 9(b)-(d). In February 24, 2006, Fistell was re-screened for ADA status because an earlier medical screening was unclear. *Id.* at ¶ 9(b). The documenting physician noted that Fistell did not meet the ADA criteria. *Id.* A later attempt by CDOC medical to perform a functional capacity examination was refused by Fistell. *Id.* at ¶ 9(d). Such an examination was necessary for CDOC medical to determine Fistell's condition and any related accommodations that may be required. *Id.*

The Special Master abused his discretion by determining that Fistell showed by a preponderance of the evidence that he remained at FCF because of discrimination by Defendants. Doc. 4142, p. 8. The evidence showed that Defendants made attempts to evaluate Fistell for ADA accommodations, but were at times hindered by Fistell's lack of cooperation. Ex. B, p. 3, ¶¶ 9(b)-(d).

Additionally, in finding that Defendants discriminated against Fistell by not moving him to FLCF earlier, the Special Master appears to have made a determination that the Defendants failed to comply with the Remedial Plan. Doc. 4142, p. 8. Matters of compliance with the Remedial Plan and ADA are not

9

within the scope of the individual claimant's damage claims hearing. Such matters are also not within the jurisdiction of the Special Master. The Special Master abused his discretion by making a determination on a compliance issue that is outside the scope of *Montez* damage claims hearings and outside the scope of the Special Master's jurisdiction under the Remedial Plan and the November 23, 2004 Order of Judge Nottingham.

## CONCLUSION

Defendants respectfully object to the Final Order of the Special Master. Defendants request that Fistell's claim be remanded and a new hearing set in which all parties are afforded the opportunity to respond to and rebut the testimony and evidence presented by the opposing party.

Respectfully submitted this 16th day of February, 2010.

                                            JOHN W. SUTHERS
                                            Attorney General

                                            s/Robert C. Huss
                                            ROBERT C. HUSS, #38388
                                            Assistant Attorney General
                                            Corrections Unit
                                            Civil Litigation & Employment Law Section
                                            Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **DEFENDANTS' OBJECTION TO THE FINAL ORDER (DOC. 4142)** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 16th day of February, 2010, addressed as follows:

Allen Fistell, #63253
Fort Lyon Correctional Facility
P.O. Box 1000
Fort Lyon, CO 81038

*Courtesy Copy To:*

Keith Nordell, CDOC
Marshall Griffith, CDOC


s/ Mariah Cruz-Nanio