IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE (JESUS) MONTEZ, *et al.*,

Plaintiffs,

v.

BILL RITTER, *et al.*,

Defendants.

## DEFENDANTS' MOTION TO ORDER THE SPECIAL MASTERS TO STAY INDIVIDUAL DAMAGES CLAIM HEARINGS CURRENTLY SET AND STOP SETTING NEW HEARINGS, PENDING JUDGE KANE'S RULING ON THE PARTIES' POSITION STATEMENTS REGARDING REPORT AND RECOMMENDATION OF SPECIAL MASTERS

Defendants, through the Colorado Attorney General's office, submit the following Motion to Order the Special Masters to Stay Individual Damages Claim Hearings Currently Set and Stop Setting New Hearings Pending Judge Kane's Ruling on the Parties' Position Statements Regarding Report and Recommendation of Special Masters.

On December 16, 2008, the Special Masters issued their Report and Recommendation. [Doc. No. 3741]. On March 5, 2009, Judge Kane entered an Order Relating to Report and Recommendation of Special Masters. [Doc. No. 3839]. Pursuant to that order, both parties filed their position statements concerning the jurisdiction of the Special Masters under the Remedial Plan to continue to allow individual inmates to seek relief from the Court. [Doc. Nos. 3937 & 3939]. On September 1, 2009, a hearing was held before Judge Kane during which arguments were presented on this issue. The matter is currently pending before the Court.

1

Although the jurisdictional issue has not yet been ruled upon by Judge Kane, the Special Masters have continued to set damage claims hearings. They currently have eight (8) hearings set in February and March of 2010.

It is the Defendants' position that the time period for filing individual damages claims has long since passed and claims should no longer be accepted. Many of these inmates who are filing claims were not in custody at the time of the adoption of the Remedial Plan or if they were, they have not shown good cause as to why they are filing claims almost five (5) years after the time to file claims has passed. The Special Masters lack jurisdiction over these claims and they should be dismissed. Further, the Special Masters should not be reopening claims that have already been adjudicated.

For example, Mr. Gregory Thomas, # 48283, has filed a claim in which he argued that he has been disabled since 2000, but that he was not discriminated based upon his disability until 2005. He further argued that he was told by class counsel to file an individual claim with Special Masters, but that he misunderstood them, thinking that class counsel was going to file his claim for him. Based on his current claim and his own admission even if Mr. Thomas had filed a timely claim with the Special Masters, his claim should have been dismissed as he does not argue that any discrimination based on his disability occurred before August 27, 2003. The Special Masters have scheduled a hearing on Mr. Thomas's claims despite Defendants' objections. (*See* **Exhibit A**). Other hearings have been set for individual inmates who do not state why their claims are untimely despite the fact that they have been incarcerated since the late 1980s and 1990s. These hearings are being set over Defendants' objections and at other times *sua sponte*, without allowing input from Defendants.

Another example is an order recently issued in the matter of Mr. James M. Spencer, #141306. Mr. Spencer stated on his claim form that he was not incarcerated until May 2, 2009 and was not diagnosed with diabetes until May 29, 2009. (*See* **Exhibit B**). There was no need to even argue over this individual's claim. It should have been dismissed *sua sponte*.

The Remedial Plan, Section XXXII, allowed for damages claims to be filed within ninety (90) days of receipt by the inmate of a damage claim form. It further stated that the Special Masters could only extend the time limits for filing a damage claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period. The claim forms were issued by Special Masters on March 23, 2004.

Relying on Section XXXII of the Remedial Plan, Special Masters issued an Order on February 15, 2005 *sua sponte*, ordering that "all completed claim forms related to what occurred on or before August 27, 2003 must be filed with the Office of the Special Masters on or before April 14, 2005." [Doc. No. 805]. They further ordered that "no completed claim form will be accepted after April 14, 2005 unless a claimant details why he or she 'was prevented from, or incapable of filing within the specified time period.'" The Special Masters extended the filing deadlines by another year. It is now almost full five years since the Special Masters issued a deadline by which the individual damage claims had to be filed, yet they continue accept filings and set hearings.

On August 8, 2008, the parties sent a letter to Special Master Borchers confirming the results of the phone conference they had just had with the Special Masters and class counsel, concerning the untimely filed claims. (*See* **Exhibit C**). The parties agreed that in the future, a conference call would take place between counsel for Defendants, the Special Master, and an offender who filed a claim late regarding good cause for late filing. The burden was supposed to

3

be on the offender to show the good cause.  This procedure has not been followed, and the inmates are not showing good cause for late filings.

WHEREFORE, Defendants respectfully request that the Court order the Special Masters to stay the hearings currently set and not set any more hearings until the matter has been determined by Judge Kane regarding their jurisdiction in allowing individual *pro se* inmates to continue filing untimely claims.

Respectfully submitted this 17th day of February, 2010.


JOHN SUTHERS
Attorney General


s/ Berina Ibrišagić
ELIZABETH H. MCCANN*
Special Assistant Attorney General
JAMES X. QUINN*
Senior Assistant Attorney General
BERINA IBRIŠAGIĆ*
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  (303) 866-3261
Facsimile:   (303) 866-3261
E-mail:        beth.mccann@state.co.us
                  james.quinn@state.co.us
                  berina.ibrisagic@state.co.us

*Counsel of Record

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 17th day of February 2010, I electronically filed the foregoing DEFENDANTS' MOTION TO ORDER THE SPECIAL MASTERS TO STAY INDIVIDUAL DAMAGES CLAIM HEARINGS CURRENTLY SET AND STOP SETTING NEW HEARINGS, PENDING JUDGE KANE'S RULING ON THE PARTIES' POSITION STATEMENTS REGARDING REPORT AND RECOMMENDATION OF SPECIAL MASTERS with the Court using the MC/ECF system which will send notification of such filing to the following email addresses:

Special Masters

Paula Greisen
Jennifer Riddle
greisens@kinggreisen.com
riddle@kinggreisen.com

Ed Ramey
Lara Marks
Blain Myhre
earamey@ir-law.com
lmarks@ir-law.com
bmyhre@ir-law.com

s/ Darlene Hill
_____
Colorado Office of the Attorney General