IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

---

### ORDER re Doc. 4227 - DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO MEDICAL TREATMENT

Kane, J.

This matter is before me on Defendants' Motion in Limine to Exclude Evidence Relating to Medical Treatment (Doc. 4227).  I have reviewed carefully the Motion, class counsel's Response on behalf of the Plaintiff class (Doc. 4260), Defendants' Reply (Doc. 4280) and related filings.  Being fully advised, I GRANT the Motion in part and DENY it in part.  Evidence of medical treatment failures or inadequacies are admissible in the compliance proceedings to the extent they relate to disabilities and training issues covered by the Montez Remedial Plan.  Evidence of medical treatment failures or inadequacies related to disabilities or training issues *not* covered by the Plan is not admissible.

The dispute regarding whether Plaintiffs waived or did not waive their Eighth Amendment claims when they entered into the Plan is largely off point.  The ADA does not govern or always limit what is and is not relevant to compliance issues in this case;

the Plan does. It is a contract, and our charge is its enforcement. While it is true that generalized Eighth Amendment deliberate indifference/inadequacy of medical treatment claims fall outside the Plan's scope; inadequacies in, or failures to comply with, treatment and training obligations *to which the State agreed as part of the Plan*, do not. That these obligations encompass certain treatment failures or inadequacies is clear under the terms of the Plan.

With regard to diabetes, for example, the Plan provides that specific training "shall . . . be provided to" medical and non-medical staff involved in inmate care and supervision "during the compliance period and at regular intervals thereafter," and tasks Linda Edwards, "in cooperation with DOC staff," to design a diabetes care plan "and assist with the implementation of the training of medical and non-medical staff." Remedial Plan, p. 18. Evidence related to claims that medical or non-medical staff have failed to comply with the diabetes care plan or that the DOC has failed in its training or implementation obligations is relevant to and admissible in the compliance proceeding.

That individual class members retain rights, both under the Plan and otherwise, to pursue Eighth Amendment claims is also largely illusory. Section XXXII provides individual members of the Montez class who can demonstrate a qualified disability and discrimination on the basis of that disability to file claims for monetary and other discreet relief with the Special Masters. These individual claims are separate from the systemic/injunctive relief provided the class, but to the extent they support inferences of noncompliance – or compliance – with Plan obligations they may also be relevant to the

systemic relief sought and obtained on a class-wide basis. These individual claims, which inmates pursue pro se, are often couched inartfully in Eighth Amendment deliberate indifference/inadequate medical treatment language, but that does not mean they are analyzed, or compensable, as such. Section XXXII provides a limited remedy to individual class members for ADA-style disability discrimination, not Eighth Amendment violations. Accordingly, and while Eighth Amendment deliberate indifference/medical treatment claims or issues may be relevant to questions of compliance in some circumstances, true Eighth Amendment claims for damages under Section XXXII of the Plan fall outside its scope and must be pursued in separate individual actions under 42 U.S.C. § 1983.

In any event, the only inadequate treatment/Eighth Amendment-type evidence admissible in the compliance matters at issue is that which relates to the mobility, vision and diabetes care issues covered by the Plan.

Based on the foregoing, the Motion in Limine (Doc. 4227) is GRANTED in part and DENIED in part.

Dated February 19, 2010.

                **s/John L. Kane**
                SENIOR U.S. DISTRICT JUDGE