IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL RITTER, *et al.,*

Defendants.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY DAMAGE CLAIM HEARINGS [Docket No. 4328]**

---

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey, Lara E. Marks and Blain D. Myhre of ISAACSON ROSENBAUM, PC, hereby file this Response in Opposition to Defendants' Emergency Motion to Stay Damage Claim Hearings. The grounds for the opposition to this motion are as follows:

1. At the hearing before this Court on September 1, 2009 concerning the jurisdiction of the Special Masters to continue to adjudicate damage claims in this case, this Court ordered that the Special Masters follow a specific procedure prior to setting new damage claim hearings, until the Court issues a final ruling on this matter. That procedure requires that the Special Master allow the Defendants an opportunity to object to any claim filed after September 1, 2009, and, in turn, Class Counsel could also file a response to any such objection. After reviewing the objections and responses by Class Counsel, the Special Master would then determine whether a hearing would be granted to the individual

1

claimant. That procedure has been followed by the Special Master for any claims filed after that hearing.

2. On February 17, 2010, Defendants filed a motion to stay all individual damage claim hearings pending this Court's ruling on the above mentioned jurisdictional issue. [Doc. No. 4317]. In that motion, the Defendants referred to the hearings set for February and March. Plaintiffs' counsel was ordered to respond to the Defendants' motion to stay by March 4, 2010.

3. This morning, counsel for the Defendants and undersigned counsel had a conference call with Special Master Borchers regarding the Defendants' request to stay the hearings in February and March.[1] The grounds advanced by the defense for this stay was that they did not have sufficient counsel to prepare for and attend these hearings and because defense counsel was preparing for the compliance hearing, currently scheduled for June 2010.

4. The Special Master denied the Defendants' request, stating that three of the hearings in February had been scheduled almost five months ago, in October 2009. The other two hearings had been originally set in August 2009 to occur in January 2010, but because the compliance hearing was set for that month, the Special Master issued an order in December 2009 rescheduling them until February. The Special Master noted that three of these claims pre-dated the procedure established by the Court on September 1, 2009. The

---

[1] The hearings that are set for February of 2010 are for claimants Maryann Fernandez, #57763; James Sorenson, #93362; Gregory Thomas, #48283; Larry Dean Jones, #68661; and Frankie McConnell, # 63672. The three hearings set for March are for Gregory Deegan, #67103; Eldridge Griffin, #85791; and Daniel Hartley, #67103. There is also a hearing set in April upon this Court's order of reconsideration of the claim of Gustovo Osuna.

Special Master further noted that the two other claims were filed after that hearing. However, on one claim, that of Ms. Frankie McConnell, the Defendants did not file any objection to the claim, and on the other, the Special Master reviewed the objection of the Defendant and the response by Class Counsel and determined that a hearing was necessary to determine factual disputes regarding when the claimant received actual notice of damage claims process.

5. The hearings that are scheduled in March 2010 are for claimants who filed claim forms after the September 2009 hearing. For two of these claimants, Mr. Deegan and Mr. Griffin, the Defendants did not file any objection to their claims despite being given an opportunity to do so by the Special Master. Defendants did object to the claim filed by the other claimant, Mr. Hartley, but the Special Master decided to set a hearing on those claims to resolve factual issues about whether the claimant had actual knowledge about the damage claim process.

6. The Special Master stated that approximately 30 claimants have died waiting for the processing of their damage claims, that any unnecessary delay could cause prejudice to the claimants, and he was unwilling to risk that another claimant would die awaiting adjudication of his or her claim. Specifically the Special Master referred to Mr. Gregory Thomas, who has a hearing set in February. The Special Master noted that Mr. Thomas is a diabetic who is undergoing frequent dialysis at the Denver Reception and Diagnostic Center ("DRDC") and was concerned about whether further delay would increase the risk that he would not be able to participate in a hearing if it was delayed.

7. Thus, finding that the Defendant had ample notice of the hearings scheduled in February and March, and that an indefinite delay could be prejudicial to the claimants, the Special Master denied the request to stay the hearings.

8. In response, Defendants filed an emergency motion to stay the damage claim hearings set for February and March of 2010 until the Court has ruled on Defendants' general motion to stay filed February 17, 2010.  Class Counsel agree with the findings of the Special Master and believe that these hearings should continue as scheduled so as not to prejudice the rights of the claimants.

9. Moreover, it is important to note that it is Class Counsel's understanding that the hearings scheduled for February and March are addressing claims for damages *that existed prior to August 2003*.[2]  In other words, these claims would not fall into type of claims that the Defendants have argued should be disallowed because they occurred after the date of the Remedial Plan.  As such, they would not be covered by the pending motion regarding the jurisdiction limitations of the Special Masters.  It is Class Counsel's understanding that claims that relate only to damages after August 2003 have in fact already been held in abeyance by the Special Master pending this Court's decision on this issue.  Furthermore, Defendants retain the right to object to any decision by the Special Masters as a result of these hearings so will not be prejudiced by allowing the hearings to continue as scheduled.

WHEREFORE, Plaintiffs respectfully request the Court deny the Defendants' Emergency Motion To Stay Damage Claim Hearings and allow all pending damage claim hearings to proceed as scheduled.

---

[2] As Class Counsel does not represent any of the individuals scheduled for damage claim hearings in February or March 2010, we are unaware of the specifics of all of their claims; however, we are aware that at least two of the claimants, Larry Dean Jones and Eldridge Griffin, are asserting claims for damages prior to August 2003.

4

Respectfully submitted this 22nd day of February 2010.

                          KING & GREISEN, LLP

                          */s Paula Greisen*
                          Paula Greisen
                          Jennifer W. Riddle
                          1670 York St.
                          Denver, CO 80206
                          riddle@kinggreisen.com
                          greisen@kinggreisen.com

                          Edward T. Ramey
                          Lara E. Marks
                          Blain D. Myhre
                          Isaacson Rosenbaum, PC
                          633 17th St. #2200
                          Denver, Co. 80202

                          Attorneys for Plaintiff Class

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 22nd day of February, 2010, I served the attached PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY DAMAGE CLAIM HEARINGS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
James X. Quinn
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us
james.quinn@state.co.us

                          */s Laurie Mool*