IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re Hobert G. Stephens, #86084, Claim 03-471)

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

---

### ORDER re Doc. 4230, OBJECTION/APPEAL OF SPECIAL MASTER FINAL ORDER (Doc. 4177)

---

Kane, J.

Elderly DOC inmate Hobert G. Stephens objects to the Special Master's Final Order under Section XXXII of the Montez Remedial Plan rejecting his claim under Section XXXII of the Montez Remedial Plan. After a hearing on October 16, 2009, the Special Master agreed Mr. Stephens has "significant medical issues, including vision problems that may continue to deteriorate," but determined he had failed to prove he was mobility or vision impaired within the purview of the Plan on or before its August 2003 effective date. Stephens had only been incarcerated during two brief periods of time during the Montez class period – from April 6, 1995 to January 5, 1996, and then again for a period of less than a month between August 19 and September 9, 1998.

Mr. Stephens' Objection focuses on the inadequacy of the medical records he was provided to prove his claim; with "complete" records, some from his period of

incarceration at the Arrowhead Correctional Facility and some from "other sources," Stephens says he could prove his claim. The gathering of the record for Section XXXII claims is within the purview of the Special Masters and must be taken up, in the first instance, with them. It appears from the file that the Special Master gave Mr. Stephens opportunities to supplement his record before the October 16 hearing, and that Mr. Stephens did so. *See* Final Order at 4. There is no specific action or claim of error in this regard that is presented to me for review, and I decline to address it further.

My review generally under the Plan is for abuse of discretion, and none is apparent on the record before me. Mr. Stephens was in DOC custody for only two brief periods during the Montez class period, and based on the records and testimony that were received at the hearing from Stephens and from Dr. Creaner, the Special Master determined Stephens was neither vision- nor mobility impaired during those times, and therefore could not have been discriminated against on the basis of those impairments for purposes of a Section XXXII claim. As for his contention that he is currently disabled and has been discriminated against on that basis since he returned to DOC in January 2009, the Special Master held that claim "in abeyance" pending resolution of the jurisdictional question of whether the Montez class has expanded to include late-comers.

The utility of holding individual Section XXXII claims in abeyance while compliance and related issues are pending is dubious, particularly in the case of inmates who are new, or in Mr. Stephens' case, newly returned, to DOC. A separate ADA action is available to such inmates, and the Montez Plan was not intended to perform as a

2

parallel administrative or legal scheme for all DOC inmates. To the extent Mr. Stephens is vision and/or mobility disabled, systemic changes secured on behalf of the Montez class will inure to his benefit. To the extent Mr. Stephens wishes to pursue an individual claim for damages or other relief for discrimination suffered on the basis of such disability, he may do so in a separate legal action.

Mr. Stephens' Objection to the Special Master's Final Order is OVERRULED and the Order AFFIRMED.

Dated February 23, 2010.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

Service of this order shall be made via NEF and to Hobert Stephens, #86084, CCCF, Olney Springs, CO.