United States Court of Appeals
For The Tenth Circuit

Civil Action No: 92-cv-00870-JLK

Jesse Montez, et al.
↓
Raymond Arthur Price, Plaintiff,
vs.
Bill Ritter, et al,
Defendants

Claim No: 03-297
Category: III
Claimant: Raymond A. Price, #66072
C.S.P., P.O. Box 777,
Canon City,
Colo. 81215-0777

FIL-
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 3 2010

GREGORY C. LANGHAM
CLERK

Notice of Appeal /or/ Reopen
U.S.C.A. No: 08-1049

(1). U.S.C.A./Tenth Circuit/ Case No: 08-1049 - Remand to U.S. District Court for Resolution of The Appeal-waiver issue pursuant to the terms of the Remedial Plan.

(2). On Feb. 10, 2010/I received an order/Dated: Feb 8-2010/From United States District Court / District of Colorado/ by "Judge" John L. Kane/:
"Order: re pending motions for enforcement/Compliance with Montez Remedial Plan." #4282

(3). I'm Requesting the United States Court of Appeals/Tenth Circuit/to Re-open (Case No: 08-1049)! And as stated by this Court/see/ Order and Judgment (by USCA) Dated: Jan 9, 2009/ pg 5/"But before speaking to this issue ourselves"/pg 6/ "Before we speak to the waiver question"/pg 6-bottom/ "Again, however, we need not decide any such questions today."

(A)./pg 5/ "And we of course have jurisdiction to consider whether or not an appeal waiver is enforceable." See! United States v. Hahn, 359 F.3d 1315, 1320-24 (10th Cir. 2004) (en banc) (per curiam)."

It's Time The U.S. Court of Appeals/ Needs to speak on this issue now.

(4). See! Kanes order pg (3) issue 3-/ Document 3905/pertaining to me Raymond Price/1st part Ramblings by Kane- which are NOT TRUE! Comes!

"To the extent Mr. Price seeks to continue representing himself to appeal the Special Master's consideration of his individual claims regarding hearing loss and disability to me, the motion is also DENIED. Mr. Price has already appealed the Special Master's decision to me, and no further appeal of my review is available under the procedures to which he, as a member of the represented class, and the state agreed under the stipulated Remedial Plan. See! 9/29/09 order formalizing 9/1/09 Bench Ruling re Tenth Circuit Appeals from Special Master orders (Doc. 4148)" ("'Abuse of discretion' reviews of Special Master's decisions on individual pro-se damage claims were intended under the operative consent decree to be final decisions and are not appealable to the Tenth Circuit Court of Appeals").

(5). (A). I disagree with these Ramblings/see/ U.S.C.A./Order and Judgement by (Henry/Ebel/ Gorsuch): pg 4:
"The Remedial Plan is silent, with respect to appeals from decisions rendered by Judge Kane." The date of this/ order and judgement/ is Jan. 9-09.

Moreover, pg 5 - (Order and Judgement)
(Above)
Moreover: "State agreed under the stipulated Remedial Plan" well the state brought that up at U.S.C.A. No: 08-1049. "Motion to Dismiss is denied" (↓) by U.S.C.A. So that issue is MOOT!

"But before speaking to this ourselves, we believe the most appropriate course is to remand this matter to the district court to make a determination whether plaintiffs, in the Remedial Plan, agreed to waive the right to proceed in this court."

(B). Now see: "Plaintiffs Response to order relating to Tenth Circuit Remand" dated: 3/19/2009 by ("Plaintiff Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN. LLP. And Edward T. Ramey and Lara Marks of ISAACSON ROSENBAUM, P.C.").

(pg 1-2) Issue (2). "Counsel for the class does NOT agree with Defendant's interpretation of this provision that claimants filing for damages under the Remedial Plan have waived their rights to Appellate review beyond that provided by Judge Kane.
To the contrary, Plaintiff's position is that claimants in the damage claim process may continue to appeal their claims through the normal appellate process."

(pg 2) Issue (3).
"A plain reading of the language of the Remedial Plan shows that it does NOT waive the subsequent appeal rights of individual damage claimants."
"The Remedial Plan does NOT state that damage claims submitted to Judge Kane are done so for a "final determination" as a form of contact, the Remedial Plan must be construed according to contract principles." "As there is NO waiver of appeal rights with respect to damage claims in the Remedial Plan, the waiver of such an important right should NOT be inferred."

In brief:
See: "Order relating to Tenth Circuit Remand" by Judge Christine M. Arguello dated: 3/5/09.
"Pursuant to the order and judgment of the Tenth Circuit Court of Appeals dated 1/9/09, in Case No: 08-1049, the Tenth Circuit directed the district court to "make a determination whether plaintiffs, in the Remedial Plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]."

I believe Kane has sniffed one to many times his tube of perparation H. Lets review:
"A determination whether plaintiffs, in the Remedial Plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]." Class counsel stated: "As there is NO waiver of appeal rights with respect to damage claims in the Remedial Plan, where's Kane getting this garbage from he stated in his order?

It's like when he (Kane), when I appealed the Special master's decision (Kane), I wrote him to wait a short period of time, for Results of my hearing test, it wasn't a week later he rendered his decision. To uphold the Special master's decision, the hearing test came back stating I had a hearing disability. There is NO moot!

Moreover, when I filed the Appeal (08-1049) he refused it/ALSO/Refused to allow me to proceed without prepayment. Kane, has shown nothing but bais/prejudice against this class member. So why is he dealing with this Appeal-waiver question?

Moreover, in his order - he states ("see 9/29/09 order formalizing 9/1/09 Bench ruling Re Tenth Circuit Appeals from Special masters orders (Doc 4148). This is the first time I heard about it - was from his order dated 2/8/2010/trying to prevent me from attacking it? U.S.C.A. needs to reopen 08-1049 - make its own decision.

De
Oppresso
Liber

c.c.
Attorney
General

Dated: Feb. 18/2010

Raymond Arthur Price

(2)