IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

    Plaintiffs, as representatives of themselves and all others similarly situated in the class action,
v.

**BILL RITTER, et al,**

    Defendants.

---

**ORDER** re pending Motions for Enforcement/Compliance
with Montez Remedial Plan

---

Kane, J.

    The following pending Motions in this case were filed, pro se, by individuals identifying themselves as members of the affected class and related to the Department of Corrections' compliance/noncompliance with the Montez Remedial Plan. Some Motions seek "enforcement" of the plan, others seek injunctive relief in the form of an order from the Court compelling compliance, and others seek sanctions or other relief for noncompliance. These issues, as distinguished from individual class members' rights under the Plan to seek damages or other redress from the Special Masters in pro se administrative proceedings, are class-wide issues being pursued, on behalf of the class, in ongoing compliance proceedings by class counsel. While several of the individual movants express dismay at the pace of the compliance proceedings and their representation by class counsel, I assure all members of the class that their interests are being competently and passionately pursued. Because individual class members are represented by counsel on all matters related to generalized *compliance* with the Montez Remedial Plan, their demands for compliance must be made through counsel and not in pro se motions such as those identified below. Accordingly, these "Motions" will be viewed, as appropriate, as "Declarations" or "Letters" regarding compliance, and referred to class counsel

for inclusion in upcoming compliance hearing currently set to commence on June 7, 2010, for a period of four weeks.

To wit:

1. **Document 3858**, filed 3/18/09 and entitled "Affidavit of Ronald Cordova," refers to a "Motion for Relief" filed by Mr. Cordova the week before (**Document 3846**) and seeks to support the relief requested therein. Because Document 3858 also seeks "'injunctions and temporary restraining order' to stop ongoing conduct that is illegal according to the Remedial Plan," it was docketed not as an affidavit but as a separate "Motion for Temporary Restraining Order." Both "Motions" relate to compliance issues and retaliation Mr. Cordova purports to have suffered because of his actions in seeking administrative remedies under the Remedial Plan, and will be treated as follows:

- **Document 3858** SHALL BE DEEMED an "Affidavit" in support of Mr. Cordova's 3/11/09 Motion for Relief (Doc. 3846) and SHALL BE LINKED, in the Court's docketing system, to Doc. 3846;

- **Document 3846**, in turn, relates to general compliance issues (Mr. Cordova's complaints regarding specific compliance/retaliation related to his individual pro se accommodation claims are the subject of an order of the Special Master dated December 22, 2008, and Mr. Cordova's appeal of that Order (Doc. 3857), along with numerous related filings (*see, e.g.* Docs. 4137, 4138 are pending before me as a separate matter) and <u>DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and SHALL BE LINKED, for docketing purposes, to the compliance hearing set to commence June 7, 2010</u>.

2. **Document 3901**, "Motion for Order to Comply with Remedial Plan," filed by DOC inmate Allen I. Fistell, relates to classwide compliance and <u>SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to June</u>

7, 2010 compliance hearing.

3. **Document 3905**, a handwritten document signed by inmate Raymond Price and docketed as a "Motion for Leave to Proceed Pro Se," is **DENIED**. In his Motion Mr. Price takes issue with counsel's representation of the class and seeks leave to represent himself on compliance and other issues. To the extent Mr. Price seeks to "terminate" class counsel Ms. Greisen and proceed on his own behalf on general compliance issues, the Motion is DENIED for the reasons set forth above. To the extent Mr. Price seeks to continue representing himself to appeal the Special Master's consideration of his individual claims regarding hearing loss and disability status, the Motion is also DENIED. Mr. Price has already appealed the Special Master's decision to me, and no further appeal of my review is available under the procedures to which he, as a member of the represented class, and the State agreed under the stipulated Remedial Plan. *See* 9/29/09 Order Formalizing 9/1/09 Bench Ruling re Tenth Circuit Appeals from Special Master Orders (Doc. 4148 )("'abuse of discretion' reviews of Special Master decisions on individual pro se damage claims were intended under the operative consent decree to be final decisions and are not appealable to the Tenth Circuit Court of Appeals"). Mr. Price's request for a hearing on his hearing loss and disability claims, which have already been reviewed, is MOOT and therefore DENIED. To the extent Mr. Price seeks to renew or supplement previously denied individual claims based on Defendant's continued "noncompliance" with the Montez Remedial Plan, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

4. **Document 3930**, filed 4/24/09, "Motion to Amend or Supplement Prior Motion for Enforcement" (Matthew Tazio Redmon) – this document relates to Mr. Redmon's previously filed "Motion for Enforcement of Existing Remedial Plan, etc." (**Doc. 3784**) and both relate solely to general compliance issues. While Document 3784 has been ordered held "in abeyance" pending my decision on the "jurisdictional" question of compliance, both documents SHALL BE

3

DEEMED "Declarations" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 7, 2010 compliance hearing. To the extent Mr. Redmon seeks to file new or to supplement previously denied individual claims based on Defendant's continued "noncompliance" with the Montez Remedial Plan, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

5. **Document 3978,** filed 5/22/09, entitled "Motion for Enforcement of Existing Remedial Plan" (by Daniel Martinez) – this document relates to classwide compliance (the shackling and handcuffing of disabled inmates) and SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 2010 compliance hearing.

6. **Document 3999,** filed 6/8/09, and entitled "Motion for Enforcement of Existing Remedial Plan and for Sanctions for Noncompliance with Plan" (by James Garnes) – having reviewed this filing and the Special Master's Order dated 9/16/09 declaring it "intertwined" with the jurisdictional issue, I find the filing relates primarily to classwide compliance and SHALL BE DEEMED a "Declaration" re Compliance/Noncompliance with Remedial Plan and LINKED, for docketing purposes, to the June 2010 compliance hearing. To the extent Mr. Garnes seeks to join the class in order to pursue individual damage claims, that request is DENIED without prejudice to its being asserted, if appropriate, after ruling on the Special Masters' Report and Recommendation dated December 16, 2009 (Doc. 3741).

Based on the foregoing,

IT IS ORDERED that counsel for the class and for the state shall consider the representations and documentation included in the above referenced filings in their preparation for the compliance hearing, scheduled to commence on Monday, June 7, 2010. These documents

4

are to be considered "Declarations" relevant to the issue of compliance/noncompliance, and while they may form the basis for specific relief sought for or on behalf of the class, counsel need not address themselves to any intertwined requests for individual relief.

IT IS FURTHER ORDERED that motions filed by individual class members or other DOC inmates for "enforcement" of the Montez Remedial Plan or similar compliance related relief are IMPROPER and will either be STRICKEN or deemed "Declarations re Compliance/Noncompliance" and referred to class counsel. Inmates are being represented by counsel on the overarching issue of compliance and adequately so. Filings related to compliance issues may only be made through that counsel.

Dated: February 8, 2010           **s/John L. Kane**
                                  SENIOR U.S. DISTRICT JUDGE

Service of this Order shall be made by NEF and by U.S. Mail to the following DOC inmates:

Ronald Cordova
Allen Fistell
Raymond Price
Matthew Tazio Redmon
Daniel Martinez
James Garnes

Special Masters Borchers, Pringle and Davidson

United States Court of Appeals
For The Tenth Circuit

Civil Action No: 92-CV-00870-JLK

Jesse Montez, et al.
↓
Raymond Arthur Price, Plaintiff,
vs.
Bill Ritter, et al,
Defendant's

Claim No: 03-297
Category: III
Claimant: Raymond A. Price, #66072
C.S.P., P.O. Box 777,
Canon City,
Colo. 81215-0777

FIL-
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 25 2010

GREGORY C. LANGHAM
CLERK

Notice of Appeal /or/ Reopen
U.S.C.A. No: 08-1049

(1). U.S.C.A./Tenth Circuit/ Case No: 08-1049 - Remand to U.S. District Court for Resolution of the Appeal - waiver issue pursuant to the terms of the Remedial Plan.

(2). On Feb. 10, 2010 / I received an order /Dated: Feb 8-2010 / From United States District Court / District of Colorado / by "Judge" John L. Kane/:
"Order: re pending motions for enforcement/Compliance with Montez Remedial Plan." #4282

(3). I'm Requesting the United States Court of Appeals/Tenth Circuit/to Re-open (Case No: 08-1049)! And as stated by this Court/See: Order and Judgment (by USCA) Dated: Jan 9, 2009 / pg 5/"But before speaking to this issue ourselves"/pg 6/ "Before we speak to the waiver question"/pg 6 - bottom/"Again, however, we need not decide any such questions today."

(A)./pg 5/ "And we of course have jurisdiction to consider whether or not an Appeal waiver is enforceable." See: United States v. Hahn, 359 F.3d 1315, 1320-24 (10th Cir. 2004) (en banc) (per curiam)."

It's time the U.S. Court of Appeals / needs to speak on This issue Now.

(4). See: Kanes order pg (3) issue 3 - / Document 3905 / pertaining to me Raymond Price/ 1st part ramblings by Kane - which are NOT TRUE! comes:
"To the extent Mr. Price seeks to continue representing himself to Appeal the Special Master's consideration of his individual claims regarding hearing loss and disability status, the motion is also DENIED. Mr Price has already appealed the Special Master's decision to me, and no further Appeal of my review is available under the procedures to which he, as a member of the represented class, and the state agreed under the Stipulated Remedial Plan. See: 9/29/09 order formalizing 9/1/09 Bench Ruling re Tenth Circuit Appeals from Special Master orders (Doc. 4148)" ("'Abuse of discretion' Reviews of Special Master's decisions on individual pro-se damage claims were intended under the operative consent decree to be Final decisions and are not appealable to The Tenth Circuit Court of Appeals").

(5). (A). I disagree with these Ramblings /see/ U.S.C.A./ Order and judgement by (Henry/Ebel/Consuch); pg 4:
"The Remedial Plan is silent, with respect to Appeals from decisions rendered by Judge Kane." The date of This/Order and judgement/ is Jan. 9-09.
Moreover, pg 5 - (order and judgement)
(Above) Moreover: "State agreed under the Stipulated Remedial Plan" well the state brought that up at U.S.C.A. No: 08-1049. "Motion to dismiss is denied" (↓) by U.S.C.A. So That issue is MOOT!

"But before speaking to this ourselves, we believe the most appropriate course is to remand this matter to the district court to make a determination whether plaintiffs, in the remedial plan, agreed to waive the right to proceed in this court."

(B). Now see: "Plaintiffs response to order relating to Tenth Circuit Remand" dated: 3/19/2009 by ("Plaintiff class, Paula Greisen and Jennifer W. Riddle of King & Greisen, LLP. And Edward T. Ramey and Lara Marks of Isaacson Rosenbaum, P.C.").

(pg 1-2) Issue (2). "Counsel for the class does NOT agree with Defendant's interpretation of this provision that claimants filing for damages under the remedial plan have waived their rights to appellate review beyond that provided by Judge Kane.
To the contrary, Plaintiff's position is that claimants in the damage claim process may continue to appeal their claims through the normal appellate process.

(pg 2) Issue (3).
"A plain reading of the language of the remedial plan shows that it does NOT waive the subsequent appeal rights of individual damage claimants."
"The remedial plan does NOT state that damage claims submitted to Judge Kane are done so for a "final determination" as a form of contact, the remedial plan must be construed according to contract principles." "As there is NO waiver of appeal rights with respect to damage claims in the remedial plan, the waiver of such an important right should not be inferred."

In brief:
See: "Order relating to Tenth Circuit Remand" by Judge Christine M. Arguello dated: 3/5/09.
"Pursuant to the order and judgment of the Tenth Circuit Court of Appeals dated 1/9/09, in case No: 08-1049, the Tenth Circuit directed the district court to "make a determination whether plaintiffs, in the remedial plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]."

I believe Kane has sniffed one to many times his tube of perparation H. Lets review;
"A determination whether plaintiffs, in the remedial plan, agreed to waive the right to [pursue an appeal of decisions issued by Judge Kane]." Class counsel stated: "As there is NO waiver of appeal rights with respect to damage claims in the remedial plan, where's Kane getting this garbage from he stated in his order?

It's like when he (Kane), when I appealed the special masters decision (Kane), I wrote him to wait a short period of time, for results of my hearing test, it wasn't a week later he rendered his decision. To uphold the special master's decision, the hearing test came back stating I had a hearing disability. There is NO moot!

Moreover, when I filed the appeal (08-1049) he refused it/also/refused to allow me to proceed without prepayment. Kane, has shown nothing but bais/prejudice against this class member. So why is he dealing with this appeal-waiver question?

Moreover, in his order - he states ("see 9/29/09 order formalizing 9/1/09 bench ruling re Tenth Circuit appeals from special masters orders (Doc 4148). This is the first time I heard about it - was from his order dated 2/8/2010/trying to prevent me from attacking it? U.S.C.A. needs to re-open 08-1049- make its own decision.

De Oppresso Liber

c.c.
Attorney General

Dated: Feb. 18/2010

Raymond Arthur Price

(1)