IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number X-386
Category: Untimely Filed Claim
Claimant: James M. Spencer, #141306
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the claim filed by James M. Spencer (Claimant). Claimant has alleged that he is diabetic.

      Defendants filed an objection to the claim. Class counsel and Claimant have been given an opportunity to respond to the objection.

      This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

      In his claim form, Claimant alleges that he came into DOC custody on May 8, 2009. The DOC Inmate Locator reflects that Claimant was convicted on April 25, 2008. Claimant was not in DOC custody on or before August 27, 2003. He cannot pursue a claim pursuant to Article XXXII of the Remedial Plan.

      Claimant is seeking help concerning issues that have arisen long after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be

forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his letter, for something that occurred after August 27, 2003. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred.

IT IS HEREBY ORDERED that the claim of James M. Spencer is dismissed to the extent that it requests relief under Article XXXII of the Remedial Plan, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's claim as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before April 19, 2010.**

SIGNED this 26th day of February, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master