IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL RITTER, *et al.,*

Defendants.

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO "DEFENDANTS' MOTION TO ORDER THE SPECIAL MASTERS TO STAY INDIVIDUAL DAMAGE CLAIM HEARINGS CURRENTLY SET AND STOP SETTING NEW HEARINGS PENDING JUDGE KANE'S RULING ON THE PARTIES' POSITION STATEMENTS REGARDING THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS" [Docket No. 4317]**
_____

Plaintiffs, through counsel for the Class, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, and Edward T. Ramey, Lara E. Marks and Blain D. Myhre of ISAACSON ROSENBAUM, PC, hereby file this Response in Opposition to Defendants' Motion To Order The Special Masters To Stay Individual Damage Claim Hearings Currently Set And Stop Setting New Hearings Pending Judge Kane's Ruling On The Parties' Position Statements Regarding The Report And Recommendation Of The Special Masters, (hereinafter "Defendants' Motion to Stay").  The grounds for the opposition to this motion are as follows:

1) As the Court is well aware, in December 2008, the Special Master filed a Report and Recommendation [Doc. No. 3741] (hereinafter "Report") regarding questions of the Special Master's jurisdiction under the Remedial Plan and subsequent stipulations to

1

adjudicate damage claims that arose after entry of the Remedial Plan. The parties filed position statements on this issue[1] and the Court heard argument on the matter on September 1, 2009.

2) At that hearing, the Court ordered that pending its final determination of the issues raised in the Special Master's Report, a specific procedure was to be followed prior to setting damage claim hearings on new filings.  As articulated by the Special Master, that procedure is as follows:

> Defendants [will] respond to any new claim if they believe a claimant does not fall within the class.  If any objection is filed, class counsel will be given an opportunity to respond.  A determination will be made on any objection by the Special Master, subject to an appeal to Judge Kane.

Exhibit A, Order of Special Master re Gregory Deegan, p. 1.

3) The Special Master has followed that procedure with every new damage claim filing since that hearing.  Defendants have objected to some of those new filings and have not objected to others.[2]  When the Defendants have objected, Class counsel has filed a response to the objection.  On each of those claims, the Special Master has determined whether to grant a hearing on factual disputes that are raised in the objections or on the merits of the claim itself, or whether the claims would be held in abeyance pending the Court's order on the jurisdictional issues.

4) Despite this procedure, Defendants have now filed a Motion to Stay <u>all</u> damage claim hearings and to cease setting new Montez damage claim hearings until the Court has ruled on the issues raised the Special Masters' Report.  [Doc. No. 4317].  Such a stay is

---

[1] Please reference Doc. Nos. 3937, 3939, 4428, 4261
[2] For instance, Defendants did not object to the claim of Gregory Deegan or Eldridge Griffin, and those hearings are set in March 2010.

not only unwarranted, it also would prejudice the rights of many claimants who have waited a significant period of time to have their claim resolved.

5) First, the procedure that was put in place on September 1, 2009 adequately protects the rights of the Defendants and the claimants by requiring the Special Master to review the grounds for all late filings. If the Defendant does not agree with the Special Masters' decision allowing a new damage claim to proceed, the remedy is to appeal the decision to this Court. There is no reason to stay all such claims.

6) Furthermore, included in Defendants' Motion to Stay are damage claim hearings currently set that were originally scheduled as far back as August and October of 2009, and hearings on claims to which the Defendants did not file any objection despite being given an opportunity to do so by the Special Master. Any such stay would also cover the hearing set in April, pursuant to this Court's order to the Special Master to reconsider the claim of Gustovo Osuna. [Doc. No. 4305]

7) Moreover, some of the currently set hearings are for damages *that existed prior to August 2003*.[3] These claims are not even covered by the matter currently pending before the Court - which focuses on the jurisdiction to allow claims for damages that arose after August 2003. Thus, there is no basis to stay those hearings.

8) It should also be noted that, despite Defendants' assertion to the contrary, the Special Master has routinely held in abeyance claims in which the claimant was not in custody at the time of the entry of the Remedial Plan, August 2003. For example, see Exhibits B and C, Orders of Special Master regarding claims of Ronnie Flohr and Alan Maxfield.

---

[3] As Class Counsel does not represent any of the individuals scheduled for damage claim hearings in February or March 2010, we are unaware of the specifics of all of their claims; however, we are aware that at least two of the claimants, Larry Dean Jones and Eldridge Griffin, are asserting claims for damages prior to August 2003.

3

9) The Special Masters refused to stay the pending damage claim hearings, noting that approximately thirty claimants have died waiting for the processing of their damage claims and that any further unnecessary delay could cause prejudice to the claimants. Specifically, the Special Master voiced concern that at least one of the scheduled hearings involves a claimant who is currently on dialysis and has severe health problems that could severely limit his ability to participate in a damage claim hearing if it is delayed.

10) For all the reasons stated above, there is no basis to stay the currently scheduled hearings as the Special Masters are following the appropriate procedures as ordered by this Court, these hearings include claims to which the Defendants have not objected or were have been set for many months, and further delay could pose a substantial risk of prejudice to the rights of some of the claimants.  Accordingly, Plaintiffs oppose Defendants' Motion to Stay.

WHEREFORE, Plaintiffs respectfully request the Court deny the Defendants' Motion to Stay and allow all pending damage claim hearings currently scheduled to proceed as scheduled and to allow the Special Masters to continue to set hearings for damage claims pursuant to this Courts' Order during the September 1, 2009 hearing.

Respectfully submitted this 4th day of March 2010.

                                        KING & GREISEN, LLP

                                        */s Paula Greisen*
                                        Paula Greisen
                                        Jennifer W. Riddle
                                        1670 York St.
                                        Denver, CO 80206
                                        greisen@kinggreisen.com
                                        riddle@kinggreisen.com

> Edward T. Ramey
> Lara E. Marks
> Blain D. Myhre
> Isaacson Rosenbaum, PC
> 633 17th St. #2200
> Denver, Co. 80202
> eramey@ir-law.com
> lmarks@ir-law.com
> bmyhre@ir-law.com
>
> Attorneys for Plaintiff Class

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 4th day of March, 2010, I served the attached PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ORDER THE SPECIAL MASTERS TO STAY INDIVIDUAL DAMAGE CLAIM HEARINGS CURRENTLY SET AND STOP SETTING NEW HEARINGS PENDING JUDGE KANE'S RULING ON THE PARTIES' POSITION STATEMENTS REGARDING THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTERS with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Elizabeth H. McCann
James X. Quinn
Berina Ibrisagic
Attorneys for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
beth.mccann@state.co.us
james.quinn@state.co.us
berina.ibrisagic@state.co.us

> */s Laurie Mool*