# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

---

Claim Number X-376
Category: Untimely Filed Claim
Claimant: Ronnie D. Flohr, Jr., #53894
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

---

## FINAL ORDER OF SPECIAL MASTER

THIS MATTER comes before the Special Master on the claim form of Ronnie D. Flohr, Jr. (Claimant). In that claim form, Claimant has alleged that he has been disabled since August, 2006 as mobility impaired. He also has alleged that he has a reason for the late filing of his claim.

Pursuant to Judge Kane's order of September 1, 2009, Defendants were granted the opportunity to file an objection to the claim. An objection has been filed by Defendants. Class counsel and Claimant were granted up to and including November 30, 2009 in which to file a response to Defendants' objection. Class counsel has filed a response, but Claimant has not.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

In his claim form, Claimant states that he came into DOC custody most recently in 1996. He states further in that form that he became disabled due to mobility impairment in August, 2006. Claimant has detailed the concerns he has about his condition and why he is seeking court intervention. There are no allegations or evidence that Claimant was disabled before August, 2006.

Article XXXII provides a claim process for discrimination that occurred *before* August 27, 2003. By his own allegations, Claimant was not mobility impaired on August 27, 2003. There is no jurisdiction under Article XXXII to adjudicate this claim.

The issue of whether an individual inmate may file a *pro se* motion or claim seeking relief for what has occurred since August 27, 2003 has not been resolved. At the time of the issuance of this order, the controlling case law would require that this claim be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his claim. Judge Kane has taken the jurisdictional issue under advisement.

IT IS HEREBY ORDERED that the claim of Ronnie D. Flohr, Jr. is dismissed to the extent that it requests relief under Article XXXII of the Remedial Plan, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's claim as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 8, 2010.**

SIGNED this 4th day of December, 2009.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 4th day of December, 2009 to the following:

Mr. Ronnie D. Flohr
#53894
LCF
49030 State Highway 71
Limon, CO 80826

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

*Susan L. Carter*