# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

---

Claim Number X-380
Category: Untimely Filed Claim
Claimant: Alan Mitchel Maxfield, #137692
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF DISMISSAL OF SPECIAL MASTER

---

THIS MATTER came before the Special Master initially on a letter from Claimant. The letter appeared to be a request for accommodation and other relief. Claimant alleged that he was and is disabled.

Claimant was granted time in which to file a claim. Claimant did file a claim alleging that he was mobility impaired, hearing impaired, and vision impaired. Defendants were granted the opportunity to file an objection to the claim. Defendants did file an objection. Class counsel and Claimant were granted time in which to respond to Defendants' objection. Class counsel did file a response to the objection. Claimant also has filed a response to the objection.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Claimant argues that there is no time cutoff for claims to be filed. Claimant argues that the "the cut off date is never ending." The problem Claimant faces, as others also have, is that the

Remedial Plan is a contract between the class and Defendants. It is a contract that allowed the settlement of this case and established the claim procedure under Article XXXII. The Remedial Plan deals with a finite period of time. That period of time ended on August 27, 2003. Claimant was not in DOC custody on or before August 27, 2003. Claimant is not covered by Article XXXII of the Remedial Plan.

The extent to which, if at all, that Claimant and others may file claims for discrimination after August 27, 2003 is unresolved. The issue has been placed before Judge Kane who has yet to rule on the issue. Until that issue is resolved, the Special Master has no jurisdiction to proceed with the adjudication of the claim for anything that transpired after August 27, 2003. The only jurisdiction that exists for the Special Masters arises solely from the Remedial Plan, not the Americans with Disabilities Act or Rehabilitation Act. Claimant is correct in arguing that he could pursue his own lawsuit. He is free to do that. What Claimant cannot do is to ask the Special Masters to exercise jurisdiction when none exists.

Claimant is seeking help concerning issues that have arisen long after August 27, 2003. At the time of the issuance of this order, the controlling case law would require that this letter be forwarded to class counsel for action. *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Counsel for the class has argued that the Remedial Plan and the two subsequent stipulations allow claimants to seek individual relief, as Claimant is attempting to do with his claim. The jurisdictional issue has not been resolved, and no action can be taken on anything that has recently occurred.

IT IS HEREBY ORDERED that the claim of Alan Mitchel Maxfield is dismissed to the extent that it requests relief under Article XXXII of the Remedial Plan, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant's claim as to what has occurred while in custody of the Colorado Department of Corrections since August 27, 2003 will be held in abeyance pending a determination of the jurisdictional issue; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 1, 2010.**

SIGNED this 18th day of December, 2009.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 18 day of December, 2009 to the following:

Mr. Alan Mitchel Maxfield
#137692
SCF
P.O. Box 6000
Sterling, CO 80751

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

*Susan L. Carter*