IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2010

GREGORY C. LANGHAM
CLERK

Civil Action Number : 92-cv-870-JLK

Jesse Montez, et al.,
        Plaintiffs,

vs.

Bill Ritter, et al.,
        Defendants.

---

Case Number C-007
Category : C
Claimant : Matthew Tazio Redmon, CDOC #140637
Address of Claimant : 3812 Anglers Lane, Largo, FL. 33774

---

## MOVANT'S DECLARATION OF CONFUSION OF THE ISSUES

    **COMES NOW**, the Movant, Matthew Tazio Redmon, CDOC Inmate #140637, and would enter this DECLARATION OF CONFUSION OF THE ISSUES in the above named Case.

    As explanation for this submission, the Movant would state the following :

1)- The Movant's involvement in the Case started upon the the Movant's induction into the CDOC as a nearly DEAF Montez Class Inmate. This induction occurred on March 10th, 2008.

2)- After the Movant was assigned to the CDOC Facility known as : CTCF, the Movant received Court Documentation regarding the April 4th, 2008, Compliance Hearings.

3)- After the Movant, Redmon, had opportunity to read the Court Documentation, Redmon realized that the ORDERS of the Court regarding the Montez Consent Decree and the Montez Remedial Plan, were not being adhered to by the Defendants.

4)- Redmon then composed a letter, to the Special Masters assigned to the Case.

5)- In Redmon's letter to the Special Masters, Redmon advised the Special Masters of the Defendants' noncompliance.

(1)

6)- The Special Masters, in turn, apprehended Redmon's letter as a MOTION FOR RELIEF.

7)- In the original letter, Redmon sought only to inform the Masters of the Defendants' noncompliance. Redmon requested ONLY that the Special Masters take notice of the acts of noncompliance by the Defendants, and Redmon NEVER asked for any DAMAGES under Paragraph XXXII of the Montez Remedial Plan.

8)- In an ORDER dated the 11th day of August, 2008, the Masters invited Redmon to submit an Objection to the Masters DENIAL of Redmon's standing to file Documentation in the Case.

9)- This DENIAL brought about the debate, and the issue of, who exactly is a Montez Class Member Inmate. And who is not.

10)- Redmon's assertion was that the CDOC had bestowed Class status upon Redmon when the CDOC afforded Redmon treatment which Redmon would ONLY have been entitled to as a fully and qualified ADA and DEAF Montez Inmate.

11)- This Court has never entered a final appealable judgment on the Issues of Class membership.

12)- Redmon's Objection to the ORDER of the Special Masters is dated as 09/01/08, and is, Redmon believes, a continuing matter of Jurisdiction before this Court.

13)- Redmon is of the understanding that Legal Issues separate those who ARE actually Class Members and those who ARE, or ARE NOT Class Members entitled to file Compliance Damage Claims.

14)- It is Redmon's contention that perhaps ALL ADA Inmates are a part of the Plaintiff Class and that those Inmates not in the custody of the CDOC prior to the August 27, 2003 signing and agreement to, the Montez Remedial Plan, ARE in fact, NOT eligible to file for Damage Claims.

!5)- It is Redmon's further assertion that while Inmates inducted into the CDOC after the date of August 27, 2003 Consent Decree ARE NOT eligible to file for DAMAGES, these Inmates ARE most certainly Class Members entitled to ask this Court for Compliance Sanctions.

16)- Again, this Court has not yet Ruled on the Jurisdictional issues of the Case.

17)- The Movant would, at this point in the proceedings, resubmit the 09/01/08 Objection to the ORDERS of the Special Masters, and PRAY that this Court will receive the wording of the Movant's Objection with a fair, full and complete review of the actual words which Redmon has tried to define.

18)- Redmon would, again, state that in NONE of Redmon's submissions to this Court, or to the Special Masters, has Redmon ever attempted to imply that Redmon, or any other Inmate inducted after the signing of the Montez Consent Decree on August 27, 2003 is entitled to file for Damage Claims under Paragraph XXXII of the Montez Remedal Plan.

19)- Redmon has only asserted that ALL qualifying Inmates were indeed entitled to file requests as part of the Plaintiff Class in regard to the issues of compliance with, and the following of, the dictates of the Montez Consent Decree. In other words, as Members of the Class, ALL qualifying Inmates are entitled to have their submissions attended to by the Special Masters and this Court.

20)- On April 15th, 2008, this Court entered an ORDER expanding the duties of the Special Masters. Under the "Expansion Order", the Masters have the Jurisdiction to "review the pleadings and correspondence of" Inmates "and to issue appropriate rulings on those Inmate Documents." Furthermore, under the "Expansion Order", the Special Master has the Court's consent to specifically address the requests for Relief presented by any Class Member.

21)- Redmon is of the possibly mistaken belief that since the Montez Remedial Plan contains no provisions for Inmates to file Pro Se Documents, that all Inmate filings are indeed "evidence", and as such, should be accepted by this Court.

22)- In an ORDER dated February 8, 2010, this Court has apparently agreed with Redmon, IN that the Court has accepted Inmate filings as "DECLARATIONS" and ruled that filings not labelled as such would be striken from the record. For this Ruling, Redmon has named this Document as a "DECLARATION".

23)- In the February 8, 2010 ORDER, Redmon has read the ORDER to to contain the following CONFUSIONS OF ISSUES.

24)- The ORDER fails to address all of Redmon's submissions. The ORDER fails to address the issue of Class membership.

25)- The ORDER on page 3, number 4., invites the reader to assume that no previous Orders have been issued by this Court with respect to Documents 3784 and 3930. This assumption is incorrect. This Court has previously ORDERED that Redmon's filings, Documents 3784 and 3930, were DENIED without Prejudice, with leave to refile, if necessary, after the next round of Compliance Hearings. The previous ORDER was issued on September 29, 2009. As Documents 3784 and 3930 are essentially the same Document, albeit composed in two(2) parts, Redmon sees the inclusion of previously Ruled upon Documentation in the February 8, 2010 ORDER as a confusion of the issues.

26)- Without further explanation from the Court regarding the status of Documents 3784 and 3930, Redmon can only read this latest ORDER of this Court as somewhat misleading and Redmon is somewhat confused as to intentions of the Court.

27)- On page 4 of the February 8, 2010 ORDER, in number 4 of the ORDER, Redmon takes note of the Court's statement,
"To the extent Mr. Redmon seeks to file new or to supplement prevously DENIED individual ClaIms based on Defendant's continued "noncompliance" with the Montez Remedial Plan ...",
Redmon would again state that he has NEVER filed an individual Claim for Damages.

28)- However, Redmon, being an unlettered Inmate, must give all due difference to the ORDERS of the Court.

29)- Due consideration given, Redmon can only surmise that the ORDERS of this Court are indeed misleading and somewhat confusing to Redmon and the average CDOC Inmate.

30)- In the February 8, 2010 ORDER, the ORDER addresses the validity of Document 3978.

31)- In the original Document, Redmon states that he is the author of the Document.

32)- Redmon included relevant Documentation as to the reasons he felt it necessary to assist Inmate Daniel Martinez. Inmate Martinez is a 100% DEAF Montez Inmate and is unable to adequately present his arguments to this Court, as can be seen by the proof of Inmate Martinez's ablility to use the English Language.

33)- While Redmon, and hopefully Inmate Martinez, are extremely appreciative of the Court's inclusion of the Motion as a "DECLARATION" for LINKED consideration by opposing Attorneys in the Case at the June, 2010 Compliance Hearings, Redmon would certainly hope that this Court recognizes that this particular shackling and handcuffing of disabled Inmates is, or appears to be, an issue solely confined to the DEAF CDOC Inmates.

34)- And finally, in this DECLARATION, Redmon would address Document **3999.**

35)- This Document was filed by Inmate James Garnes. Upon the reading of this Document, it should be easy for this Court to surmise that Redmon may have had a hand in the creation of the Document. Redmon freely admits this complicity.

(4)

I, Matthew Tazio Redmon, do hereby declare under Penalty of Perjury that the foregoing DECLARATION OF CONFUSION OF THE ISSUES is rtue and correct. Executed this 3rd day of March, 2010.

03/03/2010

Matthew Tazio Redmon
CDOC #140637

### CERTIFICATE of SERVICE

I, Matthew Tazio Redmon, do hereby Certify that a true and correct copy of the foregoing DECLARATION has been furnished to the following parties, by United States Mail, postage paid, this 7th day of March, 2010.

03/07/2010

Copies furnished to :

Attorney Jennifer W. Riddle
King & Griesen, LLP
1670 York Street
Denver, CO. 80206

Special Masters Borchers, Pringle & Davidson
Legal Resolution Center
7907 Zenobia Street
Westminster, CO. 80030-4444

Office of the Colorado Attorney General
1525 Sherman Street
5th Floor
Denver, CO. 80203

Matthew Tazio Redmon
3812 Anglers Lane
Largo, FL. 33774

(6)