FILED ORIGINAL
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-JLK

JESSE MONTEZ, et al.
Plaintiffs as representatives of themselves and all others similarly situated,

v.

BILL RITTER, et al
Defendants

---

RESPONSE AND OBJECTIONS TO SPECIAL MASTER (Doc.3755) AND FINAL ORDER DATED JUNE 25, 2008 (Doc. 3478) AND ORDER OF JUDGE JOHN L. KANE DATED 2/10/2010

---

The Plaintiff, responds and object to the Order, dated 2/10/2010 from Judge, John L. Kane, and to the Special masters order, and as for grounds states:

1. The Plaintiff, contends that the special master failed to consider all the facts in plaintiff's objection dated (Dec 17, 2008 and June 17, 2008)

2. Judge, John L Kane has also denied extension of time to respond to his recent orders date on about Feb 10, 2010. And gives the reason that class are represented by class counsel. Because of this reason, it is why Plaintiff does object. Since the begining of Plaintiff's complaint and as a member, Class-- counsel has failed to respond to any of the plaintiff's letters/pleading re- garding his disabilities. On numerous motions and plaeding the plaintiff has complain about class counsel's disinterest in his pleading. And that is putting it lightly.

3. And for the above reasons the plaintiff object, otherwise this court may never know about Sterling Correctional facility's on going ADA violation and dis-crimination against all ADA inmates at this facility. Plus, the Court is well aware of ADA inmates complaints against class counsel, which is not just one isolated complaint. Class counsel's representation has made a mockery and shame of the Montez et al. law suit as well as many others involved.

4. Plaintiff, is subjected daily to harassment/retaliation and discrimination at this facility. Since his arrival the plaintiff has been locked-down in Unit 1 which is basically punitive segregation or in I.M.P. status or (Inmate Management Problems) Which is totally in non compliance with the Remedial Plan, inmates who are transfered are not suppose to be held in higher security or denied property they had at prior facility.

5. The reason Plaintiff was transferred to SCF from AVCF was because of Cathy Holst. And the Plaintiff's Mobility disability. But CDOC has never recognized Plaintiff disability at any facility. All medical restriction have been taken away. Several grievance have been filed and document and denied by Cathy Holst as AIC. No accommodations for Mobility has ever been given, as well as denied medical care,

6. This Court has failed to consider any of the pleading and documentation provided by Plaintiff since his joining Montez et al.

7. Under XXXII damages section, this Court and Special master failed to consider any of Plaintiff's facts in any of his pleadings. The Plaintiff has suffered for over 18 years with denied medical care and treatment. And yet this Court does not consider that an inconvenience under XXXII of Montez et al. Its "INHUMANE" NOT TO TREAT A PERSON WHO SUFFERS FROM A DISABILITY. There are "NO other words to express what CDOC has done to inmates. And yet the court fails to render a contempt order against DOC. How long has DOC been in non-compliance alone.

8. Pursuant to McNeil v. Guthrie, 945 F2d 1163 (10th Cir 1991) Class counsel has acontinuing duty to receive papers until class action is closed. But Class counsel won't even respond to ADA inmates letters and pleading, their main concern is when will they get paid for their ineffective representation of the ADA class. Its representation has been inadequate from the begining. And this Court has refused to recognize the hundreds of complaints from ADA inmates and their letters. This Court has failed to intervene on its own jurisdiction. To stop the discrimination by DOC and its medical departments.

9. The Federal Judge has the jurisdiction to enforce the agreements made in any of the consent decrees. This Court is well aware of ADA inmates challenges to the adequacy of representation by class counsel and the condition of medical care and yet it refuses to enforce its jurisdiction., under McNeil v. Guthrie, supra. The Court has a duty and authority to enter appropriate orders governing conduct of class counsel. Foe v. Cuomo, 892 F2d 196, 198, (2d Cir 1989). See also. No. Am. Acceptance Corp. Se. cases v. Arnall, Golden & Gregory, 593 F2d 642, 645 (5th Cir 1979), Gulf Oil Co. v. Bernard, 452 US 89, 100, 101 SCt 2193, 2200, (1981).

10. Plaintiff contends he has been subjected to condition that are cruel and unusual under the 8th amendment and for over 18 year has been in punitive segregation conditions. Denied medical care, church services, proper food as similar situated prisoner in general population. I am being punished daily for nothing, denied a hearing for the conditions he is under. For the last 23 years of incarceration at other facilities, the plaintiff has never been lockdown in punitive segregation or subjected to pepper spray weekly like SCF unit 1 is doing.

WHEREFORE, the Plaintiff prays this court reconsider its denial of damages under Montez et al., section XXXII and consider whether the plaintiff has suffered 'In humane conditions verses inconvenience conditions for the last 18 years regarding medical care. And whether ADA class counsel has received adequate representation during the Montez et al litigation.

Date: March 8, 2010

Respectfully

Ronald Cordova, 57350
SCF     Unit B-1
P.O.Box 6000
Sterling, Co 80751