IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number 03-475
Category III
Claimant: Frankie L. McConnell-Speller, #63672
Address of Claimant: DWCF, P.O. Box 392005, Denver, CO 80239

_____

## FINAL ORDER OF SPECIAL MASTER

_____

THIS MATTER came before the Special Master for hearing on February 25, 2010. This hearing was held at the Denver Women's Correctional Facility(DWCF). Present were the following: Frankie L. McConnell-Speller (Claimant) and Berina Ibrisagic, attorney for Defendants.

Claimant testified in her own behalf. Defendants' exhibit A was admitted into evidence. After conclusion of Plaintiff's testimony, counsel for Defendants moved for dismissal of the claim as to allegations pre-dating August 27, 2003. That motion was granted.

## I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Then-Judge Nottingham was not involved in the negotiation of the provisions of the settlement document.[1]  Once the provisions and terms of the settlement were agreed upon by

_____

[1]The Special Masters also were not involved in the negotiation of the Remedial Plan. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction

counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Remedial Plan also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Article XXXII provides the only basis for jurisdiction over claims filed by class members. This article provides that claims may be filed for alleged discriminatory actions by DOC and its employees that occurred on or before August 27, 2003. This means a claimant must establish that she was disabled under one of the four categories while in DOC custody on or before that date and the victim of discrimination prohibited by the ADA and Rehabilitation Act.

Over the last six years, rulings have been issued by Judges Nottingham and Kane, as well as the Special Masters, that have become the law of the case. First, individuals who were never in DOC custody prior to August 27, 2003 cannot file a claim under Article XXXII. Second, individuals who were in custody prior to August 27, 2003 but were not disabled nor the victims of discriminatory conduct until after this date cannot pursue a claim under Article XXXII. Third, individuals who raise only issues related to the quality of medical care may not pursue a claim in light of *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Fourth, individuals may file only one claim under Article XXXII. Fifth, systemic issues cannot be raised by individual claimants, as that is the duty and responsibility of class counsel.

Class counsel have argued that there is jurisdiction over claims relating to incidents after August 27, 2003. That issue is before Judge Kane who is now assigned to this case. That issue will be resolved after the completion of the compliance hearing.

## II.

Claimant came into DOC custody initially on September 4, 1990. Her initial sentence was discharged on July 20, 1992. Claimant returned to DOC custody on July 6, 1999. She was evaluated at the Denver Reception and Diagnostic Center (DRDC) and then transferred to the Colorado Women's Correctional Facility (CWCF). In April, 2002, Claimant was transferred to DWCF. Claimant was granted parole and discharged this sentence on July 28, 2004.

Claimant returned to DOC custody on July 22, 2009. She was placed back at DWCF. In February, 2009, Claimant was transferred to the La Vista Correctional Facility (LVCF) in Pueblo,

---

agreed upon by the parties.

Colorado. She remained there for a short period and then returned to DWCF.

At the hearing, Claimant testified that she filed a claim pursuant to Article XXXII of the Remedial Plan and was claiming only mobility impairment due to a heart condition. She also testified that she had fallen in the kitchen and suffered a concussion. The fall had taken place in 2009.

Claimant testified that she has had heart problems all of her life. She had a heart attack in 2008 and subsequently received a stent. She was on medication before she came back into DOC custody, but has not been given the same medications in DOC custody.

In response to a direct question from the Special Master, Claimant testified that she was not claiming any act of discrimination by DOC or its staff arising from her confinement prior to 2009. She was concerned about what had transpired in DOC custody since she returned on January 22, 2009.

Defendants moved to dismiss the claim because there was no evidence of any discrimination prohibited by the ADA and Rehabilitation Act before August 27, 2003. That motion was orally granted, subject to the filing of this written order.

The testimony of Claimant made clear that she was not the victim of discrimination at any time on or before August 27, 2003. As such, her claim under Article XXXII must be dismissed. To the extent that Claimant is seeking to pursue a claim relating to incidents that occurred after January 22, 2009, the claim will be held in abeyance pending Judge Kane's ruling on the jurisdictional motion.

IT IS HEREBY ORDERED that the claim of Frankie L. McConnell-Speller under Article XXXII of the Remedial Plan is dismissed; and

IT IS FURTHER ORDERED that the claim shall remain in abeyance pending resolution of the jurisdictional issue by Judge Kane.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 17, 2010.**

SIGNED this 12th day of March, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master