# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **92-CV-870-CMA**

JESSE MONTEZ, et al.,
Plaintiffs,

v.

BILL OWENS, et al.,
Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2010

GREGORY C. LANGHAM
CLERK

Case Number: C-007
Category: C
Movant: James Garnes
Address of Movant: CMRC, 2925 E. Las Vegas, Colorado Springs, CO 80906

---

## MOTION TO ADD ATTACMENTS/EXHIBITS TO PENDING MOTION FOR ENFORCEMENT OF EXISTING REMEDIAL PLAN AND SANCTIONS FOR NONCOMPLIANCE WITH PLAN, SET FOR HEARING ON JUNE 7, 2010

---

Plaintiff James Garnes, hereby submits these attachments/exhibits for the pending motion hearing on June 7, 2010.

*[signature]*
James Garnes, #88322
CMRC
2925 E. Las Vegas
Colorado Springs, CO 80906

Dated: March 15, 2010

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this document was sent by U.S. Mail, postage pre-paid and delivered in the CMRC legal mail, to the following:

Special Masters Borchers, Davidson & Pringle
Legal Resolution Center
7907 Zenobia Street
Westminster, CO 80030

*[signature]*
3/15/10

AIC
Kathleen Baxter
2862 So. Circle Drive
Colorado Springs, CO 80906-4195

To Kathleen Baxter:

I am writing this letter to bring to your attention about issues in my ADA accommodations and health. I originally was issued a hearing accommodation under the Montez remedial plan on August 5, 2008. See **Attachment 1**. In September 2009, I saw the parole board and they requested that I transition through Cheyenne Mountain Re-Entry Center ("CMRC") for my programming needs. The concern was whether my hearing accommodation would be an issue. In fact, the Colorado Department of Corrections ("CDOC") liaison informed me that I may not be able to go to CMRC with a hearing accommodation need. On December 22, 2009, my hearing accommodation was removed without my knowledge. See **Attachment 2**. I was transferred to CMRC on January 7, 2010. I suffer from not be able to hear (ex. Chow calls, meeting calls, class calls, etc.) and I have been getting complaints about me talking to loud.

On January 11, 2010, CMRC PA April Caldwell discontinues my diabetic snack stating that it was not necessary. I have been receiving the diabetic snack for over 8 years of my incarceration. In fact, my diabetic snack prescription was re-issued by the medical doctor on December 16, 2009 to expire on December 16, 2010. How can a PA override a medical doctor's prescription? With the diabetic snack, my A1C is 6.7 which is controlled. Without the diabetic snack, my A1C is 7.2, and I constantly enter into hypoglycemic episodes as my diabetes is uncontrolled. It is assumed that the PA April Caldwell wants me to buy items from the canteen, but she misunderstands that my income does not support such a steady purchase of items to control the diabetes.

I filed an ADA grievance on the issues, however, unlike the procedures for ADA grievances, the grievance never went through the AIC personnel and, in fact, it was never answered by AIC. I currently filed the Step 2 grievance and it is pending at this time.

I should not have to discontinue my hearing accommodations in order to complete a CMRC program which will help me re-integrate back into society "successfully." I also should not have to lose my diabetic snacks which keeps my diabetes under control.

Please address these issues as I should not be singled out due to my disabilities.

Thank You,

_____

James Garnes, #88322
CMRC
2925 E. Las Vegas
Colorado Springs, CO 80906

Dated: March 15, 2010

# ACCOMMODATION RESOLUTION

OFFENDER NAME: GARNES, JAMES
DOC #: 88322

**You DO HAVE DIABETES** and are therefore considered a class member of the *Montez v. Owens* lawsuit

ALL DIABETICS are entitled to the below listed accommodations, as needed:
1. Access to finger sticks upon request;
2. Timing of meals with insulin;
3. Where hypoglycemia or occurrence of a hypoglycemic event is documented, access to housing in a cell with a call button if the lock on the cell the offender is currently housed in is controlled by DOC staff;
4. When possible, access to bathroom breaks during visitation & during programs and/or alternative methods to accommodate such need;
5. No co-payments related to treatment for diabetes or diabetes-related conditions excluding the annual $5.00 charge assessed to all DOC offenders;
6. Access to after-hour testing kits;
7. Access to all benefits, services and programs offered at DOC, regardless of diabetes, including progression to lower level security facilities;
8. Annual education on diabetes; and
9. Prescription medication(s), IF NECESSARY, as determined by clinical services.

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan.

**You DO NOT HAVE A HEARING DISABILITY**
Following a disability screening it has been determined that you do not have a hearing disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You DO NOT HAVE A VISION DISABILITY**
Following a disability screening it has been determined that you do not have a vision disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this Resolution. Please refer to A.R. 850-04 for details regarding the grievance process. This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_[signature]_ 12/23/09          _Kathleen Baxter_ 12/22/09
Chief Medical Officer    Date    AIC  *Acting AIC*        Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following- Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print two full size copies on yellow paper & serve on offender

## ACCOMMODATION RESOLUTION

**You DO HAVE DIABETES and are therefore considered a class member of the *Montez v. Owens* lawsuit.**
**You DO HAVE A HEARING DISABILITY**

OFFENDER NAME: GARNES, JAMES
DOC #: 88322
Date of Resolution: 8/5/08

**ALL DIABETICS are entitled to the below listed accommodations, as needed:**
1) Access to finger sticks upon request;
2) Timing of meals with insulin;
3) Where hypoglycemia or occurrence of a hypoglycemic event is documented, access to housing in a cell with a call button if the lock on the cell the offender is currently housed in is controlled by DOC staff;
4) When possible, access to bathroom breaks during visitation & during programs and/or alternative methods to accommodate such need;
5) No co-payments related to treatment for diabetes or diabetes-related conditions excluding the annual $5.00 charge assessed to all DOC offenders;
6) Access to after-hour testing kits;
7) Access to all benefits, services & programs offered at DOC, regardless of diabetes, including progression to lower level security facilities; and
8) Annual education on diabetes.

Following a disability screening it has been determined that you do have a hearing disability and are therefore, entitled to the following accommodations:

1) Vibrating Watch
2) Assignment to a designated facility
3) Designated facilities shall have strobe and audio alarms in inmate areas where **you have** an independent means of egress. When you are housed at a designated facility where you **do not have** an independent means of egress, the strobes & alarms are not required. **If you are housed at CTCF you shall be housed in a cell with a strobe alarm.**
4) Facility staff are responsible to ensure that PA Announcements & Reporting Instructions are provided to you in a format you can understand
5) Staff assistance during an emergency or evacuation.
6) ASL Classes

### WORK/PROGRAM ACCOMMODATIONS

You are currently employed as an Apprentice Baker/Food Service.

You require the following Accommodations:

   1. NONE

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan.

King and Greisen
Paula Greisen
1670 York Street
Denver, CO 80206

To Paula Greisen:

I am writing this letter to bring to your attention about issues in my ADA accommodations and health. I originally was issued a hearing accommodation under the Montez remedial plan on August 5, 2008. See **Attachment 1**. In September 2009, I saw the parole board and they requested that I transition through Cheyenne Mountain Re-Entry Center ("CMRC") for my programming needs. The concern was whether my hearing accommodation would be an issue. In fact, the Colorado Department of Corrections ("CDOC") liaison informed me that I may not be able to go to CMRC with a hearing accommodation need. On December 22, 2009, my hearing accommodation was removed without my knowledge. See **Attachment 2**. I was transferred to CMRC on January 7, 2010. I suffer from not be able to hear (ex. Chow calls, meeting calls, class calls, etc.) and I have been getting complaints about me talking to loud.

On January 11, 2010, CMRC PA April Caldwell discontinues my diabetic snack stating that it was not necessary. I have been receiving the diabetic snack for over 8 years of my incarceration. In fact, my diabetic snack prescription was re-issued by the medical doctor on December 16, 2009 to expire on December 16, 2010. How can a PA override a medical doctor's prescription? With the diabetic snack, my A1C is 6.7 which is controlled. Without the diabetic snack, my A1C is 7.2, and I constantly enter into hypoglycemic episodes as my diabetes is uncontrolled. It is assumed that the PA April Caldwell wants me to buy items from the canteen, but she misunderstands that my income does not support such a steady purchase of items to control the diabetes.

I filed an ADA grievance on the issues, however, unlike the procedures for ADA grievances, the grievance never went through the AIC personnel and, in fact, it was never answered by AIC. I currently filed the Step 2 grievance and it is pending at this time.

I should not have to discontinue my hearing accommodations in order to complete a CMRC program which will help me re-integrate back into society "successfully." I also should not have to lose my diabetic snacks which keeps my diabetes under control.

Please address these issues as I should not be singled out due to my disabilities.

Thank You,


_____
James Garnes, #88322
CMRC
2925 E. Las Vegas
Colorado Springs, CO 80906

Dated: March 15, 2010

## ACCOMMODATION RESOLUTION

**You DO HAVE DIABETES and are therefore considered a class member of the *Montez v. Owens* lawsuit.**
**You DO HAVE A HEARING DISABILITY**

OFFENDER NAME: GARNES, JAMES
DOC #: 88322
Date of Resolution: 8/5/08

**ALL DIABETICS are entitled to the below listed accommodations, as needed:**
1) Access to finger sticks upon request;
2) Timing of meals with insulin;
3) Where hypoglycemia or occurrence of a hypoglycemic event is documented, access to housing in a cell with a call button if the lock on the cell the offender is currently housed in is controlled by DOC staff;
4) When possible, access to bathroom breaks during visitation & during programs and/or alternative methods to accommodate such need;
5) No co-payments related to treatment for diabetes or diabetes-related conditions excluding the annual $5.00 charge assessed to all DOC offenders;
6) Access to after-hour testing kits;
7) Access to all benefits, services & programs offered at DOC, regardless of diabetes, including progression to lower level security facilities; and
8) Annual education on diabetes.

Following a disability screening it has been determined that you do have a hearing disability and are therefore, entitled to the following accommodations:

1) Vibrating Watch
2) Assignment to a designated facility
3) Designated facilities shall have strobe and audio alarms in inmate areas where **you have** an independent means of egress. When you are housed at a designated facility where you **do not have** an independent means of egress, the strobes & alarms are not required. **If you are housed at CTCF you shall be housed in a cell with a strobe alarm.**
4) Facility staff are responsible to ensure that PA Announcements & Reporting Instructions are provided to you in a format you can understand
5) Staff assistance during an emergency or evacuation.
6) ASL Classes

### WORK/PROGRAM ACCOMMODATIONS

You are currently employed as an Apprentice Baker/Food Service.

You require the following Accommodations:

1. NONE

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan.

## ACCOMMODATION RESOLUTION

OFFENDER NAME: GARNES, JAMES
DOC #: 88322

**You DO HAVE DIABETES** and are therefore considered a class member of the *Montez v. Owens* lawsuit

ALL DIABETICS are entitled to the below listed accommodations, as needed:
1. Access to finger sticks upon request;
2. Timing of meals with insulin;
3. Where hypoglycemia or occurrence of a hypoglycemic event is documented, access to housing in a cell with a call button if the lock on the cell the offender is currently housed in is controlled by DOC staff;
4. When possible, access to bathroom breaks during visitation & during programs and/or alternative methods to accommodate such need;
5. No co-payments related to treatment for diabetes or diabetes-related conditions excluding the annual $5.00 charge assessed to all DOC offenders;
6. Access to after-hour testing kits;
7. Access to all benefits, services and programs offered at DOC, regardless of diabetes, including progression to lower level security facilities;
8. Annual education on diabetes; and
9. Prescription medication(s), IF NECESSARY, as determined by clinical services.

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan.

**You DO NOT HAVE A HEARING DISABILITY**
Following a disability screening it has been determined that you do not have a hearing disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You DO NOT HAVE A VISION DISABILITY**
Following a disability screening it has been determined that you do not have a vision disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this Resolution. Please refer to A.R. 850-04 for details regarding the grievance process. This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_[signature]_ 12/23/09    _Kathleen Baxter_ 12/22/09
Chief Medical Officer   Date    AIC Acting AIC   Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following- Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print two full size copies on yellow paper & serve on offender