IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

Plaintiffs, as representatives of themselves and all others similarly situated,
v.

**BILL RITTER, et al,**

Defendants.

---

**ORDER re REPORT AND RECOMMENDATION OF SPECIAL
MASTER (Doc. 3741) AND RELATED FILINGS**

---

Kane, J.

This matter is before me on the December 16, 2008, Report and Recommendation
of Special Masters (Doc. 3741) and related filings (Docs. 3939, 4228, 4261, 4317, 4354).
This Order also CLARIFIES my Order Expanding Duties of the Special Masters (Doc.
3336) dated April 15, 2008. Upon careful review of the Recommendation and related
filings, I rule as follows:

1. The Special Masters' handling of *pro se* motions for relief under the Montez Remedial
Plan is governed by *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

2. Inmate *pro se* motions and claims for specific individual relief are limited to § XXXII
of the Montez Remedial Plan and the related 2006 and 2008 Stipulations and to those
inmates deemed members of one of the four Montez subclasses of disabled inmates at the
time the Plan was signed in August 2003. Those motions/claims are filed with the

Special Masters in accordance with § XXXII of the Plan, and motions related to the enforcement of Special Master orders granting relief are also properly filed, *pro se*, with the Special Masters. Inmate claims relating to DOC compliance generally, or seeking to enforce equitable remedies and obligations owed under the Plan or Plan-related Stipulations by the DOC to the Montez class generally, are for class counsel to pursue (or not) in accordance with counsel's legal and ethical obligations under the Plan and as officers of the Court. Neither Montez class members nor any other DOC inmate may act individually in this Montez action for class-based remedies or relief.

3. The DOC's noncompliance with the systemic injunctive and equitable relief promised in the original Plan and related 2006 and 2008 Stipulations has *not expanded* the class of individual DOC inmates who may pursue individual claims for relief under § XXXII of the Plan or related Stipulations. As set forth in my Order re Claimant Cordova's Objection to the 12/22/08 Order of the Special Master (Doc. 4377), the DOC's acknowledged failure to come into substantial compliance with the injunctive and equitable relief promised in the Plan and compliance related Stipulations may, as a *de facto* matter, have "expanded" the class of DOC inmates for whose benefit substantial compliance will ultimately inure, but it does not expand the number and type of individuals who may proceed independently of class counsel to seek individual relief or remedies under the Montez Plan or the Plan-related Stipulations. That is the import of *McNeil*. Without such a bright-line distinction, this litigation ceases to be manageable as a class action.

The class of disabled DOC inmates who will benefit from DOC's ultimate compliance with the systemic changes negotiated under the Plan (and reiterated or augmented in the DOC's 2006 and 2008 Stipulations) as a practical matter, given the passage of time, extends beyond those inmates disabled at the time the Plan was negotiated and includes diabetic and mobility-, vision-, and hearing-impaired inmates who have come into the system since 2003. Again, these newly arrived or newly disabled inmates lack standing to pursue individual *pro se* claims for relief under Plan § XXXII and they, like Montez class members generally, are prohibited from seeking enforcement, or challenging compliance, or pursuing equitable or injunctive relief under the Plan in individual, *pro se* filings. On these matters they are represented by class counsel and they may participate in the class action only through that counsel.

In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief with the Special Masters under § XXXII of the Plan. Members of the Montez class seeking to enforce class-based provisions of the Plan or the related 2006 and 2008 Stipulations, or to challenge DOC's compliance with its obligations under those court-approved agreements, must do so through class counsel. Axiomatically, newly arrived DOC inmates or inmates who have become disabled since August 2003, must pursue *individual* claims for damages or other legal remedies under the ADA and Rehabilitation Act in separate actions, just as any other inmate who is not a member of the Montez class. Those newly arrived or newly

disabled inmates are, however, represented by class counsel for purposes of the enforcement and compliance of systemic and other equitable remedies that will inure to their benefit by virtue of the Plan and related Stipulations, and their filings related to enforcement or compliance issues should be considered by class counsel as part of the compliance hearing set for June 2010.

While this bright-line rule may appear arbitrary or unfair to those who fall on the wrong side of the August 2003 individual claim limitation, it is necessary to preserve this important litigation as a class action and improve the quality and care of all disabled and/or diabetic, mobility/vision/hearing impaired CDOC inmates.

Based on the foregoing, it is ORDERED that

1.   The Special Masters shall REVIEW all *pro se* claims of inmates pending before them, including those subject to Orders holding them in abeyance, and SEPARATE them into categories of (A) claims for or related to specific monetary or other remedies for disability discrimination under § XXXII of the Montez Remedial Plan and (B) claims/motions seeking enforcement or compliance with, or alleging violations of, court-ordered class-wide benefits negotiated in the original Montez Remedial Plan or to which the DOC committed in the 2006 and 2008 Stipulations.   Filings in the latter category SHALL BE DEEMED "DECLARATIONS re Enforcement/Compliance/Noncompliance with Class Remedies" and REFERRED to class counsel on or before **April 30, 2010**.  To the extent filings in the former category include claims of the 2003 Montez class, the

Special Masters may continue to process them. All Category A claims brought by inmates who are not members of the 2003 Montez class SHALL BE DENIED. In their discretion, the Special Masters may REFER motions/requests for relief not otherwise within these two categories to class counsel or the Court as they deem appropriate, and, as always, may DENY any motions/requests for relief deemed duplicative or otherwise frivolous subject to my review in accordance with the Plan.

2. Unless and until otherwise ordered after the June 2010 compliance hearing, NO FURTHER PRO SE FILINGS/CLAIMS SHALL BE ACCEPTED by the Special Masters after April 16, 2010. April 16, 2010, is the DEADLINE for all *pro se* filings in this case in both of the above-described categories: i.e. it is the deadline for *pro se* claims under § XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations. The deadline is necessary to perfect the issues to be heard in June 2010 and to provide counsel with time to develop a final roadmap for the compliance issues to be heard. This roadmap will be in the form of a Final Pretrial Order under Fed. R. Civ. P. Rule 16(e) and must be prepared and submitted within the deadlines set forth in my Pretrial Procedures Memorandum (available on the Court's website at http://www.cod.uscourts.gov/Judges/Judges.aspx ) in anticipation of the compliance hearing's May 24, 2010 Final Pretrial Conference.

3. The Special Masters SHALL COMPLETE all referrals of filings deemed "Declarations re Enforcement/Compliance/Noncompliance" to Class Counsel by April 30, 2010. Class Counsel SHALL REVIEW those filings, CATEGORIZE them, and CONFER with counsel for Defendants on their proposed treatment and disposition. Counsel SHALL SUBMIT a Joint Status Report setting forth the details of the parties' efforts in this regard and recommendations for addressing individual inmate compliance/enforcement claims at the compliance hearing **on or before May 12, 2010.**

The Compliance Hearing Final Pretrial Conference remains set for **Monday, May 24, 2010, at 10:00 a.m.**, and the Compliance Hearing is set to commence at **9:00 a.m. Monday, June 7, 2010** and continue for four weeks thereafter or until completed.

Dated March 23, 2010.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE