IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

---

Claim Number 03-473
Category III
Claimant: James F. Sorensen, #93362
Address of Claimant: CTFC, P.O. Box 1010, Canon City, CO 81215-1010

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on February 26, 2010. This hearing was held at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado. Present were the following: James F. Sorensen (Claimant) and Berina Ibrisagic, attorney for Defendants.

Defendants moved for dismissal of the claim on the basis that it was filed too late. Claimant testified concerning the filing of the claim. Defendants' exhibit A was admitted into evidence. The motion to dismiss was granted.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Then-Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Remedial Plan should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Remedial Plan also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Article XXXII provides the only basis for jurisdiction over claims filed by class members. This article provides that claims may be filed for alleged discriminatory actions by DOC and its employees that occurred on or before August 27, 2003. This means a claimant must establish that he was disabled under one of the four categories while in DOC custody on or before that date and the victim of discrimination prohibited by the ADA and Rehabilitation Act.

Over the last six years, rulings have been issued by Judges Nottingham and Kane, as well as the Special Masters, that have become the law of the case. First, individuals who were never in DOC custody prior to August 27, 2003 cannot file a claim under Article XXXII. Second, individuals who were in custody prior to August 27, 2003 but were not disabled nor the victims of discriminatory conduct until after this date cannot pursue a claim under Article XXXII. Third, individuals who raise only issues related to the quality of medical care may not pursue a claim in light of *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Fourth, individuals may file only one claim under Article XXXII. Fifth, systemic issues cannot be raised by individual claimants, as that is the duty and responsibility of class counsel.

Class counsel have argued that there is jurisdiction over claims relating to incidents after August 27, 2003. That issue is before Judge Kane who is now assigned to this case. That issue will be resolved after the completion of the compliance hearing.

## II.

Claimant has been in DOC custody since 1997. He claimed he did not know about the *Montez* claim procedure. He further did not give much attention to it.

Defendants offered into evidence Exhibit A. This is a medical record from July 7, 2007. Claimant was seen for a *Montez* evaluation. The medical provider who saw Claimant noted that

---

[1] The Special Masters also were not involved in the negotiation of the Remedial Plan. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

"[o]ffender is here today for Montez evaluation for claimed mobility, vision, hearing, and diabetes." The medical record reflects that Claimant had requested the evaluation.

The Remedial Plan is the settlement document approved by the Court on August 27, 2003. The damages provision is a separate article in the Remedial Plan. Article XXXII. This article provides the sole basis upon which damage claims are filed in the case. As part of the settlement, class counsel and Defendants agreed that individuals, such as Claimant, would have the right to file claims for damages for acts of discrimination that occurred during the time period leading up to the settlement. Article XXXII reads as follows:

> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim of damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
>    I. General inconvenience or nominal damages;
>    II. Damages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury;
>    III. Damages due to actual non-severe physical injuries or non-nominal emotion injuries (such as fear of death);
>    IV. Damages due to severe physical injuries; and
>    V. Damages due to death.
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.
>
> Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before the special master. Class members (or their representatives) with damages under categories 3, 4 & 5 shall be entitled to a hearing before the Special Master. Generally, these hearings should be no more than two hours in length. However, the Special Master may extend the time for a hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witness, make argument, and to any remedy otherwise available in a court of law.
>
> After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

> Class members, their representatives and counsel are entitled to discovery regarding their damage claims and shall be provided copies of the relevant DOC files upon request, including but not limited to medical information, as well as relevant internal quality assurance documents as allowed by the special master.
>
> Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a damage claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.
>
> Plaintiffs' Class Counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim.

Article XXXII provides the only basis for jurisdiction over claims filed by class members. This article provides that claims may be filed for alleged discriminatory actions by DOC and its employees that *occurred on or before August 27, 2003*. This means a claimant must establish that he was disabled under one of the four categories while in DOC custody on or before that date and was the victim of discrimination prohibited by the ADA and Rehabilitation Act.

The intent of the parties was to have claims filed promptly under Article XXXII. Time limits can be extended by the Special Masters only upon showing that a class member was prevented from filing or was incapable of filing a claim. In this case, Claimant was evaluated for an accommodation resolution on July 7, 2007. He was on notice of the existence of the Remedial Plan and the claim procedure.

Claimant offered no valid reason for the filing of his claim in July, 2009. There simply was no reason presented to excuse the filing of a claim two years after the evaluation and almost six years after approval of the Remedial Plan.

To the extent Claimant is claiming discrimination after August 27, 2003, the claim will be held in abeyance. Judge Kane will rule on whether additional jurisdiction exists to allow claims for alleged discrimination after this date.

IT IS HEREBY ORDERED that the claim of James F. Sorensen under Article XXXII of the Remedial Plan is dismissed; and

IT IS FURTHER ORDERED that the claim shall remain in abeyance pending resolution of the jurisdictional issue by Judge Kane.

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 17, 2010.**

SIGNED this 12th day of March, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

───────────────────────────────
Richard M. Borchers
Special Master