OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
901 19th Street, Room A-105
Denver, Co 80294-3589

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 07 2010

GREGORY C. LANGHAM
CLERK

Dear Sir,    92-cv-00870-JLK

In regards to the June 7, 2010 hearing. I would like to have this information considered with Colorado Department of Corrrections, as still in "non-compliances with the Montez et al v. Bill Ritter, Remedial Plan of August 27, 2003 and all stipulations thereafter.(See Grievance D-SF09/10-180)

I am 68 years old and have been disabled since 1963-65 because of injuries to my knees. There are records of these injuries on file with State Compensation and other medical records. I came into DOC with knee braces. On two occasions they have been taken away by DOC staff, deliberately interferring with prescribed treatment. And these kness braces have never been returned to me.

I have filed grievance with the AIC office (Coordinator) only to recevied negative responses, and outright refusal to acknowledge the Special Masters June 25, 2008 determination of mobility disability. All medical and regular staff at my last facility refused to recognize my disability, as well as my present facility (Sterling Corr. Fac.) The grievance (No. D-SF09/10-180) will verify the deliberate discrimination shown by SCF Medical staff and the AIC Katie Baxter. And the total disregard to any of the agreements in Remedial Plan, and or, Stipulations. McKenzie v. Dovala, 242 F3d 967 (10th Cir.2001) held:
    " Secton 12112 (b)(5)(A) (stating 'discriminate" includes 'not making reasonable accommodations to the ... limitation of ... an applicant or employee" (emphasis added)); Smith v. Midland Brake, Inc., 180 F3d 1154, 1161 (10th Cir. 1999) Under Reasonable Accommodation, section X, A. General. of Remedial Plan. Gives examples, which includes special equipment. This gives the inmate with a disability a request for accommodations for access to benefits, programs or services. Under these entitlements, means medical care and treatment. (Such as Health Care Appliances). See also U.S. v. Georgia, 126 SCt 877 at 881 (2206) (Phrase "servises, programs...12132 includes... medical...'

Its clear from the response of the AIC and information that Sterling Correctional Facility is clearly in defiance of the Remedial Plan/Stiplations agreements to provide health care appliances to me, and all the sub-sections those agreements. And I wish to have the Court, take into consideration the answer and response of my request for replacement of health care appliances.

Date April 5, 2010

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 07 2010

GREGORY C. LANGHAM
CLERK

Respectfully submitted

Ronald Cordova

Ronald Cordova, 57350
SCF        Unit 1-B
P.O.Box 6000
Sterling, Co 80751

DC FORM 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**Offender must complete:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**Case manager must complete:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: 2-4-10   Case Manager: _____

RECEIVED FEB - 8 RECD

**Grievance Number** D-SF09/10-180-2     **STEP (Circle One)** 1  ②  3

| NAME Ronald Cordova | DOC NO. 57350 | FACILITY/UNIT/POD B-1 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

A Cooper 3/5

**Subject of Grievance and Requested Meaningful Remedy:** Subject of grievance is same: "denied Health Care Appliances pursuant to Montez et al, Remedial Plan making it non-compliance with the agreement. The AIC's answer is non other then a form of discrimination under the Americans Disability Act of 1990. On Page 1 of Remedial Plan, the responsibility of AIC Coordinator is to ensure Montez inmates are not denied access to programs, services and benefits offered by DOC because of inmate disabilities. Under the Supreme Court decision U.S. v Georgia, 126 SCT 877 (2006) medical is included within these services, programs and benefits. DOC and Medical has taken the stance to deny inmates these right regardless of, or the seriousness of their disability. The Health care provider main purpose is to save cost over health care of the inmate.

The AIC's answer is totally in non-compliance with the Remedial Plan and the agreements made by all parties of Montez. Katie Baxter is just another Cathy Holst, Only when the U.S. District court issues a contempt Order will DOC comply. This Grievance also serves as a notice that I will file for an Injunction. And file another Law suit against Katie Baxter and Marshall Griffith for their conspiracy and discrimination. to deny Health care appliance under Americans Disability Act and Montez et al agreements. Relief: the same, provide knee braces, or replace the ones confiscated in previous shakedowns. Or ordered by Dr. Patterson.

Please make a copie and return my original, I need to file for Step III if possible
See Answer/response

**TO BE COMPLETED BY OFFENDER:**
DATE: 2-2-2010  OFFENDER SIGNATURE: Ronald Cordova 57350

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: ADA
DATE: 2/8/10  SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #
Date ADA grievance sent to AIC: n/a

**RESPONSE**

See Attached Response

**TO BE COMPLETED BY RESPONDER:**
DATE GRIEVANCE REC'D BY RESPONDER: 2/11/10  RESPONDER: Tony Carochi  RESPONSE DATE: 3-18-10

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

RECEIVED FEB 1 1 2010

DATE 3-26-10   OFFENDER SIGNATURE/PRINT NAME & DOC # R. Cordova

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Office of Correctional Legal Services

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**
Deputy Director of Prisons
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:   (719)226-4774
Fax:      (719)226-4775
Web:     www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:         Offender Ronald Cordova, #57350

FROM:    Tony Carochi
              Deputy Director of Prisons

DATE:    March 19, 2010

RE:         Step II Grievance – D-SF 09/10-180


I have reviewed your Step I Grievance, response by the Office of the AIC and the Step II Grievance that you submitted.

I spoke with Physician Assistant Mellow and based on our conversation and the final order of the Special Master dated June 25, 2007, I concur with the response at Step I.

Grievance denied at Step II.

TC/gw

Page 1 of 1

RECEIVED
JAN 29 REC'D

DC FORM 850-04A (12/01/08)



154

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**Offender must complete:** Is this grievance related to your disability/diabetes or other ADA matter? (Yes XX) No ☐

RECEIVED
JAN 13 REC'D

**Case manager must complete:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 1-11-10   Case Manager: D. Dennis

**Grievance Number** D-SF09/10-180-1    **STEP (Circle One)** ① 2 3

| NAME Ronald Cordova | DOC NO. 57350 | FACILITY/UNIT/POD 1-B |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

KBaxter 2/7/10

**Subject of Grievance and Requested Meaningful Remedy:** Subject of grievance is "non-compliance with Montez Remedial Plan, sec: XVI HEALTH CARE APPLIANCES. And the deliberate failure to accommodate with "auxiliary needs (knee braces and walking cane to support my unstable knees) I have already been determined by the Federal Judge, R. Borchers to have a Mobility Disability. On November 27, 2009 Warden, K. Milyard came to my cell, asking about the grievances I have filed in regards to the Conditions, the ADA violations I been subjected to. He asked me to go to Medical with him to confirm what I had told him about in the grievances and that I have not received any requested health care devices. We went to the Office of P.A. Melloh, she seemed helpful and pleasant. My medical-record was there and she began to look into it and at first said there was no mention of ADA restrictions and knee braces. I said, I have all my med-records and could go get them to show what I was talking about. She then found an entry of where, P.A. Webster had omitted medical restrictions from my record, and found where I had been issued a hinged knee brace, and neoprene braces upon entry into DRDC in Denver (1-29-93) and the hinged brace on 10-15-01 by Dr. J. Patterson. There is proof in med-records of all this information. But Medical keeps on with there deliberate conduct to deny any reasonable care, in order to save cost. On 11-27-09 in Melloh's office, Warden, Milyard was speaking with Mr. Carochi the director of Prisons. regarding all these issues and property taken away upon my entry Feb 10, 2009 to S.C.F. In which eye glasses were taken in violation of Montez. All these issue were suppose to be looked into. And I also talked with Carochi in person on Dec 4, 2009 that did not go well, Carochi did not let me explain my side of the grievance and its issues.
I have still not gotten any knee braces or cane to support my serious needs, and still subjected to harassment/retaliation denied treatment. After being examined by P.A. Melloh and from xrays, she determined I had a knee dislocations and needed exercises. Totally disregard expert opinions and doctors from the past 40 years or more. I know how serious my injury is and the pain I experience when one of my knees pop-out, and how unstable it is to walk. Especially up stairs, when I apply weight to climb. Medical is not concerned with any Federal court Judges determination or providing treatment. The Provider instructs all eployees to dis courage treatment in order to save cost. Relief: I want knee braces and a walking cane to help/support my unstable knees. and not to be force to top bunk or second tier. And medical restriction placed back in medical record. And to comply to Montez Remedial Plan XVI Health Care Appliances section.

| TO BE COMPLETED BY OFFENDER: | | |
|---|---|---|
| DATE: 1-8-10 | OFFENDER SIGNATURE: Ronald Cordova 57350 | |
| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | | |
| RECEIPT: / I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: ADA | | |
| DATE: 1/13/10 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # | |
| Date ADA grievance sent to AIC: 1/13/10 | | |
| RESPONSE | | |

See Attached Response
Katie Baxter #2429
Acting AIC
1/27/10

| TO BE COMPLETED BY RESPONDER: | | | |
|---|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 1/20/10 | RESPONDER DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # /4298 | | RESPONSE DATE: |
| TO BE COMPLETED BY OFFENDER: | | | |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | | RECEIVED |
| DATE: 2-2-10 | OFFENDER SIGNATURE/PRINT NAME & DOC # R. Cordova 57350 | | JAN 20 2010 |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Office of Correctional Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4245
Fax:    719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From: Marshall Griffith, Designee /MG/
       Office of the AIC (ADA Inmate Coordinator) /KB/
Received Grievance: 1/20/09
Sent Response: /27/10
Offender Name: Cordova, Ronald
DOC No: 57350
Facility: SCF
Grievance No: D-SF09/10-180-1

**DISABILITY STATUS: Pursuant to Accommodation Resolution dated 8/3/09 you were determined NOT TO HAVE a qualifying vision disability.**

**DISABILITY STATUS: Per Final Order of Special Master you have been found TO HAVE a qualifying lower extremity mobility. Accommodation Resolution dated 8/3/09**

**Pursuant to Accommodation Resolution dated 8/3/09 you Are a diabetic**

**In the grievance referenced above, you allege the following:**
1. The subject of your grievance is non compliance with Montez Remedial Plan, section: XVI Health Care Appliances, and the deliberate failure to accommodate with "auxiliary" needs (knee braces and walking cane to support your unstable knees). You've been determined [found] by Judge Borchers to have a mobility disability. On 11/27/09 Warden Milyard went to your cell asking about the grievances you've filed in regards to the ADA violations you've been subjected to. He asked you to go to medical with him to confirm what you had told him in the grievances and that you had not received any requested health care devices. You went to the office of PA Melloh. Your medical record was there and she began to look into it and at first said there was no mention of ADA restrictions and knee braces. You said you have all your medical records and could go get them to show what you were talking about. She then found an entry where PA Webster had omitted medical restrictions from your record, and found where you had been issued a hinged knee brace, and neoprene braces upon entry into DRDC on 1/29/93, and the hinged brace on 11/15/01 by Dr. Patterson. There is proof in the medical records of all this information. But medical keeps deliberately denying any reasonable care in order to save cost. On 11/27/08 in Melloh's office, Warden Milyard was speaking with Mr. Carochi the [Deputy] Director of Prison Operations regarding all these issues and the property taken away upon your entry 2/10/09 at SCF in which eye glasses were taken in violation of Montez. All these issues were supposed to be looked into. You also spoke with Mr. Carochi in person on 12/4/09. He did not let you explain your side of the grievance and its issues. You still have not gotten any knee braces or cane to support your serious needs and are still subjected to harassment and retaliation, [and] denied treatment. After being

examined by PA Melloh, and from x-rays, she determined you had knee dislocations and that you need exercise (total disregard of expert opinions and doctors from the past 40 years or more). You know how serious your injury is and the pain you experience when one of your knees pops out and how unstable it is to walk, especially up stairs when you apply weight to climb. Medical is not concerned with any Federal Court Judges determination or providing treatment. The Provider instructs all employees to discourage treatment in order to save cost.

**Requested Relief/Remedy:**
1a. You want knee braces and a walking cane to help/support your unstable knees and not to be forced to a top bunk or second tier. You also want medical restrictions back in your medical record. And you want [DOC] to comply with the Montez Remedial Plan XVI Health Care Appliances Section.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. The Final Order of the Special Master dated 6/25/07 found that you are a member of the class of mobility impaired (disabled). The Special Master noted, "Claimant will be given the benefit of the doubt." The Special Master Final Order did not provide for any assistive devices concurrent with the finding of disability.
2. You were re-screened for a mobility disability on 7/22/09 by a qualified DOC Provider using new criteria that were agreed upon by DOC and Class Counsel in the Montez Lawsuit. The Provider indicated that you were not mobility disabled and the CMO agreed on 7/24/09. Your Accommodation Resolution is dated 8/3/09.
3. You are being provided accommodations pursuant to the Final Order of the Special Master.
4. Please note: Response to Step 1 Grievance #D-SF08/09-141-1 informed you that the determination of whether you require knee braces or a cane would be determined by the CMO after a complete review of the results of your re-screening for disability. That determination was made on 7/24/09.

**CONCLUSION:** This grievance is DENIED based on the information above. The Final Order of the Special Master does not provide you with assistive devices. The CMO did not find any assistive devices medically necessary.

**GRIEVANCE DENIED**

Cc: AIC File.

Page 2 of 2