THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-JLK

Jesse Montez, et al. and
Robert E. Stallings, (Related filings,)

Plaintiff,

v.

Bill Ritter, et al,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 19 2010

GREGORY C. LANGHAM
CLERK

Response to Order Re Report and Recommendation of Special Master (Doc. 3741) and Related filings

The Pro se Plaintiff Robert E. Stallings in Case No. 09-9896 for Robert E. Stallings V. Bill Ritter, Jr. Governor of Colorado, et al. in the Supreme Court of the United States and case No. 2010-CV-11 for Robert E. Stallings V. Canteen Industrial Services, et al. would like to join the Montez Action, Case No. 92-CV-00870-JLK.

Plaintiff just receive the court papers on April 14, 2010 and the Response from Plaintiff is dated April 15, 2010, D.O.C. stamped.

Plaintiff States as follows:

1) Canteen Industrial Services and the Depart-

ment of corrections forced Plaintiff to perform work beyond his physical capabilities and Medical work restrictions.

Plaintiff had qualifying disability and granted accommodations of a sit/stand stool and shoe w/lift and was not to work until received and trained correctly on sit/stand.

However was given an order to work anyway and become injured, layin and fired.

2) Denial of medical, many times.

3) Taken cone away, given back, than taken away again and given back.

4) Took shower chair from Plaintiff and plaintiff feil

5) delay of hip placement.

6) Plaintiff has chronic pain within Right hip joint, lower back, Middle of back when in (sitting, standing or lying position, with trouble bending or squatting and picking up heavy objects. this once being in a wheel chair, while being in D.O.C. ~~from~~ from June 17, 2007 until Release on parole on sept 10, 2008. Had hip Replacement, etc... May 1, 2008 while in D.O.C with much delays and pain and problems and denial of medical Treatment.

'Need shoe with a lift fix's' been waiting for months while causing much pain to wear! Need knee brace for injure knee, and cane to walk, has had 2 hardware removals of right total hip arthroplasty, with five (5) surgeries. Bone biopsies, infections for years called (MRSA) Methicillin-resistant staphylococcus Aureus, a staph That is a kind of bacteria that can cause various infections. I'm getting blisters, sweats, chills and vomiting (AND NO ONE will help me!)

I have limited dorsiflexion and plantarflexion, with two (2) prior dislocations and from a fall without having my cane!

Medications are given To me That causes blood in stool, has visible leg length discrepancy and these carry a valid and rational connection with The "Montez Action" and "Stallings Action" against Bill Ritter, et al and Canteen Industrial Services, et al.;

Plaintiff has exhausted 'all' Remedy(ies) while still sending Them in because D.O.C. Medical is stating I am not chronic while not needing a cane, but I have one now with not being on my ADA and officers keep Taking my cane and shower chair! please help.

Respectfully submitted

[signature] 01-14-10

## Certificate of Service

I Robert E. Stallings hereby certify that I filed a true and correct copy of complaint pursuant to court order, the Report and Recommendation of special Master (Doc. 3741) and related filings dated April 14, 2010 by placing in the U.S. Mail postage pre-paid, correctly addressed to:

Senior U.S. District Judge John L. Kane
United States District Court
901 - 19th Street RM A105
Denver, CO. 80294-3589

Robert E. Stallings

exhibit (A)

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:    719.226.4249

Step 3 Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

March 4, 2010

Re: Grievance #D-DR09/10-003 (CTCF)

Dear Mr. Robert Stallings #136958:

I have reviewed your Step 3 grievance that you filed with respect to ADA accommodations.

I will not entertain the second Step 3 grievance, dated 1/27/10, which you filed with my office as only one Step 3 is allowed per grievance, per AR 850-04.  This letter is in response to the grievance dated 1/25/10.

You were determined to be mobility disabled per your Accommodation Resolution dated 12/17/09.  You will be given the accommodations that are listed on that resolution.  A cane or knee brace are not indicated as accommodations in that document.

Your request for money damages for pain and suffering is denied for the following reasons.  The grievance procedure is outlined in Administrative Regulation 850-04. In the definitional section titled Remedy, it states in part that, "...damages for pain and suffering, and exemplary or punitive damages are not remedies available to offenders."  In your grievance the remedy you seek is not available, therefore this grievance is denied.

The time constraints outlined in AR # 850-04 are now expired regarding these events, so there will be no further review of this matter.

You have <u>not</u> exhausted your administrative remedies in this matter based upon your failure to satisfactorily request allowable relief.  This is the final administrative action in this matter.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance which you have filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

cc: working file
    grievance file
    Tom Kolle, Offender Records

CM:  TRUJILLO,          Print Date:     1/25/2010

**07**

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 1-25-10   Case Manager: Trujillo

Grievance Number D-DA09/10-003   STEP (Circle One)   1   2   ③   CTCF / 7-1-15

| NAME | STALLINGS, ROBERT E | DOC NO. | 136958 | FACILITY/UNIT/POD |
|------|--------------------|---------|--------|-------------------|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: You SEE Now I am the claimant seeking Motion FOR Colorado Negligence Tort claim pursuant to Title 13 and 42 USC 1983. The process pursuant to the Workers Compensation Act, provided acts provided under Title II of the Social Security Act. Additional benefits to disabled workers for the reasonable and forceeable infliction (already acted) Retorted. Claimant was a disabled individual working without approved and specified ADA accommodations. While working Claimant became injured while being laid off from work due to Down the

**TO BE COMPLETED BY OFFENDER:**
DATE: 1-25/10   OFFENDER SIGNATURE: Robert Stalling 136958

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: disability
DATE: 1-25-10   SIGNATURE/PRINT NAME & DOC/EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: Priscilla Dickson   Priscilla Dickson 3269

Date ADA grievance sent to AIC: 1-26-10

**RESPONSE**

RECEIVED

JAN 2 6 2010

Office of Correctional
Legal Services

**TO BE COMPLETED BY RESPONDER**

| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |
|---|---|---|

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE:   OFFENDER SIGNATURE/PRINT NAME & DOC #

Original: Department File/AIC          Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

**2xc offender** 1-25-10          Attachment "A"
Page 1 of 1

Claimant was Released (fired); All defendants were aware That claimant was Not To be working until ADA accommodations had arrived and claimant Training was completed.

Claimant is entitled To workers compensation with additional benefits To a disabled worker and is entitled To damages Relating To pain and suffering That was The Result from being injured at Canteen Industrial Services, DOC over The length of Time working without ADA approved and specified ADA accommodations. Wherefore, claimant plaintiff has already sent The Notice of Intention To file a Negligence Tort Claim, Jan 1st, 2010.

Defendants are as stated:

C.M. Thompson, Case Manager
Constance R. Batson PA C
Katie Baxter, AIC
Sharon Phillips
Ray Mizer, Canteen Supervisor
Mc Glaush, Canteen worker
Sloan, Canteen worker
Mc glaughlin, Supervisor
Miller, CO
Shock, PA
Paula Frantz MD, chief Medical officer

ATTN: I've sent you some of The medical files from DOC Doctor who is contract who is also my personal Doctor, own The street.

Michael Dayton, M.D. ID : 116194 ENJOY!

The substance of "Ratification" is confirmatio[n] after conduct. While under the declarations of the "indemnification" laws. Pursuant to Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365 116 L. Ed. 2d 301, 313 (1991); (holding that state officials, when sued in their individual capacities, are "PERSONS" within the meaning of 1983.) Some states will pay any damages awarded against state officials sued in their individual capacities because of state "indemnification" laws. Even though the state will be paying damages, an indemnification law does not turn your lawsuit into a suit against the state that would be barred by the 11th Amendment. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 317 N. 10, 110 S. Ct. 1868, 1879 N. 10, 109 L. Ed. 2d 264, 279 N. 10 (1990); (Brennan, J., concurring) (noting that "[l]ower court[s] have uniformly held that states may not cloak their officers with a personal eleventh Amendment defense by promising, by statute, to indemnify them for damage awards imposed on them for actions taken in the course

//

of Their employment"). Because Monell V. Dept of Soc. Servs., 436 U.S. 658, 691 N. 54, 98 S. Ct. 2018, 2036 N. 54, 56 L. Ed. 2d 611, 636 N. 54 (1978) (Noting The 11th Amendment does Not bar suits against local government units Not considered part of The state). In Bogan V. Scott-Harris, 523 U.S. 44, 49, 118 S. Ct. 966, 970, 140 L. Ed. 2d 79, 85 (1998) ("[S]tate and Regional legislators are entitled To absolute immunity from liability under 1983 for Their legislative activities. ... Congress did Not intend The general language 1983 To impinge [ON This immunity]." (internal citations omitted); on This The plaintiff, Appellant goes back To The Recommendation of United States Magistrate Judge set forth for reasons To preclude plaintiff's, Appellant's 1983 civil Action. The section 1. official capacity claims are Not helded because of "Manuscripts on state" indemnification laws The Defendant(s), Appellee(s) states plaintiff brings claims against Defendants in Their individual and official capacities. Complaint [#3] at 1. However, The eleventh Amendment is a jurisdictional bar To a

suit for damages against the State of Colorado, and the defendants in their officities capacities are considered an arm of the State for Eleventh Amendment purposes. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, any request for damages against Defendants in their official capacities is barred by the Eleventh Amendment. White v. Colorado 82 F. 3d 364 366 (10th Cir. 1996).

In fact the affirmative defense is relied on the Eleventh Amendment not violating settled law and the Defendants were therefore entitled to a qualified immunity defense. Designedly initiating a Motion to Dismiss Granted for Defendants, violating therefore the settled law holding that state officials, when sued in their individual capacities, are "Persons" within the meaning of 1983. In Hafer v. Neb, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L. Ed. 2d 301 313 (1991). Because of state indemnification laws, initiating disciplinary Rules at issues. In a capacity comparable to that of state legislators, like that of Governor Bill Ritter, Jr.

WHEN SUED IN THEIR official capacities for injunctive relief it is even thought the state itself may not be sued. Because of the state "EX parte Young doctrine, but in EX parte Young, 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908) finding that state officials can be sued for an 'injunction' in federal court even though the state itself may not be sued.

Therefore stating in Complaint [#3]; Plaintiffs' request for prospective injunctive relief against officials in their official capacity is not barred by the eleventh Amendment. The federal court states, Id. That is, when a private party sues a state officer for prospective injunctive or declaratory relief, etc...

The comparable laws of the FIRST AMENDMENT FREE EXERCISE CLAUSE, THE Religious land use and Institutionalized person Act of 2000 and 2006 (RLUIPA) addresses this prospective injunctive or declaratory, etc. with the prospective relief....

The comparable laws were solely for the purpose of descriptions absolutely necessary for the discovery and intervention when less intrusive relief has failed to remedy

17

*Exhibit (F)

# Denver Health

777 Bannock Street
Mail Code 0296
Denver, CO 80204
Tel: 303-602-8000
Fax: 303-602-8004

| Bill To |
|---|
| Robert Stallings # 136958<br>PO Box 1000<br>Fort Lyon, CO 81038 |

## Patient Information Request Invoice

| Invoice #: | **159220** |
|---|---|
| Facility: | Denver Health |
| Patient Name: | STALLINGS, ROBERT |
| Request No.: | 2923265 |
| Date Request Recv'd: | 11/20/2007 |
| Pages: | 8 |
| **AMOUNT DUE:** | **$11.61** |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Pages 1-10 | 8 | $1.40 | $11.20 |
| Pages 11-40 | 0 | $0.50 | $0.00 |
| Pages 41-Over | 0 | $0.33 | $0.00 |
| Postage | 1 | $0.41 | $0.41 |
| | | **Amount Due:** | $11.61 |

Please send payment to:

# Denver Health

777 Bannock Street
Mail Code 0296
Denver, CO 80204
Tel: 303-602-8000
Fax: 303-602-8004

Please write   **Invoice # 159220**   on your payment

Payment is due upon receipt of this invoice.

STALLINGS, ROBERT 95974473 DH Orthopedics, O,   DOS: 28 MAR 2007 00:00:00 -   Face Sheet - 03/28/200

# DENVER HEALTH MEDICAL CENTER

```
MR#: 2779257                STATUS OUTPATIENT        REG DT 03/28/07 0915
                                                     PT NO    95974473
==============================================================================
PATIENT INFORMATION:
   NAME: STALLINGS ,ROBERT                                        SEX: M
   ADDR: HOMELESS                            DOB: 07/19/1964      MS: S
                                             BIRTHPL: US
CITY/ST DENVER                               RLG:            HOMELESS: Y
   PHONE: (   )   -    -H        (    )   -   -W   CO  80204  LANG: ENGLISH   ETHNIC: B
   DENVER RESIDENT?    YES    A/W HISTORY?       CO RES: Y      US CITZ: Y
   EMPLY: RETIRED                             US CIT#:
                                              VISA #:
==============================================================================
GUARANTOR INFORMATION:
   NAME: STALLINGS ,ROBERT                    REL: S
   ADDR: HOMELESS
                                              GUAR NO: 96737770
CITY/ST DENVER                                FAM SIZE: 01
   PHONE: (000)000-0000 -H     (    )   -   -W   CO  80204  GRS FAM INC: 02760
   EMPLY: RETIRED

==============================================================================
NEXT OF KIN:
   NAME: MIKE ,RAIKO                      RELA: O     FAM NFY:
   ADDR:
CITY/ST
   PHONE: (720)249-7448 -H     (    )   -   -W
==============================================================================
ACCIDENT INFORMATION:  ACC. IND:
ACC. DESCRIPTION:                               ACC. DT:   / /
==============================================================================
INSURANCE INFORMATION:
                              AUTHORIZATION # PLAN 1:
PLAN1: CHS DSCNT PROG      H01 REL: S SUBS: STALLINGS ROBERT
ADD:                          POL#:
CITY:                  ST:    ZIP:              PHN:           PRI: 1
COM:                          GRP#:                            VFY: Y
PLAN2: CHS DSCNT HOMELESS  H07 REL: S SUBS: STALLINGS ROBERT
ADD:                          POL#:
CITY:                  ST:    ZIP:              PHN:           PRI: 2
COM:                          GRP#:                            VFY: Y
PLAN3:                     REL:    SUBS:
PLAN4:                     REL:    SUBS:
==============================================================================
PROG: CHS    PRI: 0    SEC: 0    RX: 0    IP/AMB: 0    ATP: Z   DT: 021807
==============================================================================
CASE INFORMATION:                  HOSP SVC: ORT   CLINIC: DH OP
   PCP NAME:                       PT TYP:  O    PC SITE:
   CARE PROV: DOCTOR, UNASSIGNED   RM/BED:            MCPN/OB:
   ATTND DOC: DOCTOR, UNASSIGNED   PT COND:
   COMPLAINT: APPT

                           REG PR:   R       SOURCE:  RP
==============================================================================
REMARKS: VER PT Z RATE CHS PER SMS/0223  ADV DIR INFO GIVEN:    CLERK: JBROWN
         07/JMB                                                CONF: N
         MCARE PART A ONLY NO OUTPT BEN                        HOLD:
         IFITS

                                   09:15 03/28/07 FROM 80D7,1PADMTF2
```

STALLINGS, ROBERT 95974473 DH Orthopedics, O,     DOS: 28 MAR 2007 00:00:00 -    Ortho OP Encounter Rec

Page 1 of 1

## DENVER HEALTH MEDICAL CENTER

DATE OF SERVICE:  03/28/2007

DATE OF SURGERY:  03/15/07

Mr. Stallings is now 13 days status post hardware removal from right hip. He has had a previous MRSA infection after a right hip arthroplasty. He has been doing well, with no progressive pain, fevers or chills. He has had some moderate lateral hip pain, mostly on the area of the incision and occasional anterior and posterior thigh.

EXAMINATION:  The right lateral incision is healing well. There is no sign of any erythema or active drainage. Staples were removed and Steri0-Strips were applied. His thigh and calf were both soft. He has a negative Homan, with motor and sensation intact to the right lower extremity.

IMPRESSION:  Thirteen days status post hardware removal with synovial and tissue and biopsy/cultures.

PLAN:  I reviewed the findings of my exam with Mr. Stallings. We also discussed the findings of his culture results to this point, which have all been negative. The only pending cultures at this point are the fungal and AFB cultures. We will have him follow up in six weeks. We encouraged him to resume some activities, including ambulatory activities using a walker or crutch assistance as needed. He will continue with the previous pain medication, which has included methadone and occasional supplementary oxycodone, and I gave him a prescription for oxycodone 5 mg 1-2 p.o. b.i.d. #60 with no anticipated refills here. He will likely continue to get his pain medication monitored through his primary care provider. We will have him follow up with Dr. Dayton on 05/23/07 or sooner as his symptoms would dictate. At this point no revision surgery will be planned and we will assess his status at next visit.

MEDQ/0002TB-000000Y7/278085594
D: 03/28/2007 13:25:35  T: 03/28/2007 14:10:58

DICTATOR:        Kurt D Noteboom, PA     STALLINGS, ROBERT
PHYSICIAN ID:    099846                  MR#:   2779257
                                                Outpatient
ATTENDING:       Michael Dayton, M.D.
ATTENDING ID:    116194                  HFC#:  95974473
ORT

## ORTHOPEDIC  OUTPATIENT  ENCOUNTER

Signed by NOTEBOOM, KURT, PA on 30-Mar-07 07:08:35 -0700

Signed by DAYTON, MICHAEL REX, MD on 19-Apr-07 17:06:56 -0700



STALLINGS, ROBERT 95628830 IP Orthopedics, I,   DOS: 15 MAR 2007 00:00:00 - 20 MAR 2007 00:00:00 Op

Page 1 of 2

## DENVER HEALTH MEDICAL CENTER

**DATE OF OPERATION:** 03/15/2007

**SURGEONS:** Attending: Michael Dayton, MD
Assisting: Panagiotis Tsailas, Fellow

**PREOPERATIVE DIAGNOSIS:** Retained cemented hip spacer with previous septic hip with chronic dislocation.

**POSTOPERATIVE DIAGNOSIS:** Retained cemented hip spacer with previous septic hip with chronic dislocation.

**PROCEDURE:** Open removal of a cement hip spacer spacer with intraoperative culture and irrigation and debridement of right hip.

**SECONDARY PROCEDURE:**

**ANESTHESIA:** General endotracheal anesthesia.

**INDICATIONS FOR PROCEDURE:** Patient is a 42-year-old gentleman who presents status post previous resection arthroplasty of his right hip for septic total hip arthroplasty with MRSA. He had been previously treated and was noted on followup radiographs to have a chronically dislocated proximal PROSTLAC from his right hip joint. After discussion of risks and complications as well as potential benefits, the patient wished to proceed with open resection of the PROSTLAC as well as biopsy to ascertain the level of bacteria still present in the joint so as to determine how successful a reimplant may be. Risks and complications as well as potential benefits were explained and patient wished to proceed accordingly.

**INTEROPERATIVE FINDINGS:** Satisfactory removal and debridement was obtained. There was a great deal of membranous, pseudomembranous tissue within the medullary canal which was sent for culture. Thorough lavage with a total of 10 liters of normal saline was effected using a cysto-tubing device. The wound was closed over a 1/8 inch Hemovac drain.

**DESCRIPTION OF PROCEDURE:** After conclusive identification in the preop holding area, the patient was taken to the operating room and placed supine on the operating table. After successful induction of general endotracheal anesthesia, patient was turned to the side-lying position with affected hip up. A time out performed and standard prepped and draped was also performed. Posterior approach was made and carried down through the skin, soft tissue, deep fascia, and to the level of the trochanter. This is then dislocated

DICTATOR:      Michael Dayton, M.D.    STALLINGS, ROBERT
PHYSICIAN ID:  116194                  MR#:  2779257
                                             Inpatient
ATTENTING:     Michael Dayton, M.D.
ATTENTING ID:  116194                  HFC#:  95628830
IOR

OPERATIVE REPORT



STALLINGS, ROBERT 95628830 IP Orthopedics, I,    DOS: 15 MAR 2007 00:00:00 - 20 MAR 2007 00:00:00   Op

Page 2 of 2
and removed without difficulty.   Membranous tissue was then found within the canal and sent for culture.   Thorough lavage with 10 liters of normal saline was effected and the additional debridement was performed of any nonviable tissue of which there was very little.   Closure was effected over 1/8 inch Hemovac drain using #1 PDS for the deep tissue, 2-0 PDS for subcutaneous tissue, and staples for the skin.   Patient was extubated, awakened, and transferred stably to the PACU to be admitted as inpatient with touchdown weightbearing.
I was present and scrubbed for the entire procedure.   No complications.
All sponge and needle counts were corrected at the conclusion of the case.

MEDQ/453525/276639312
D: 03/15/2007 19:27:41  T: 03/15/2007 21:50:26

DICTATOR:     Michael Dayton, M.D.    STALLINGS, ROBERT
PHYSICIAN ID:  116194                 MR#:  2779257
                                            Inpatient
ATTENDING:    Michael Dayton, M.D.
ATTENDING ID:  116194                 HFC#: 95628830
IOR
                        OPERATIVE REPORT

Signed by DAYTON, MICHAEL REX, MD on 28-Mar-07 14:01:20 -0700



STALLINGS, ROBERT 95628830 IP Orthopedics, I,   DOS: 15 MAR 2007 00:00:00 - 20 MAR 2007 00:00:00 Di

Page 1 of 1

DENVER HEALTH MEDICAL CENTER

ADMIT DATE:     03/15/2007
DISCHARGE DATE:  03/20/2007

PROVISIONAL DIAGNOSIS:

PRINCIPAL DIAGNOSIS:  Dislocated and previously infected right total hip arthroplasty Prostalac.

SECONDARY DIAGNOSIS:

PRINCIPAL PROCEDURE:  Hardware removal and biopsy, right hip.

SECONDARY PROCEDURE:

HISTORY AND PHYSICAL FINDINGS:  Robert is a 42-year-old gentleman who had a right total hip arthroplasty infection and subsequent placement of a Prostalac prosthesis.  The Prostalac prosthesis dislocated during treatment of his infection.  He is now believed to have his infection adequately treated and is admitted to the hospital for removal of Prostalac and biopsy.

LABORATORY, X-RAY, CONSULTATION/DIAGNOSTIC FINDINGS:

COURSE IN HOSPITAL:  The patient was taken to the operating room, where hardware removal of his right total hip arthroplasty was performed (please see the operative note for full details).

Postoperatively, he was admitted to the floor while his cultures were followed.  His cultures remained negative throughout the duration of his hospital stay.  He was made touchdown weightbearing on the right side.

CONDITION, TREATMENT, DISPOSITION AND PROGNOSIS:  Once he cleared physical therapy for discharge to home he was discharged to home.  He will follow up in the clinic in 2 weeks for staple removal, and he is already scheduled for reimplantation of his right total hip arthroplasty.  As of now, he is on the schedule for April 12, due to the fact that Dr. Michael Dayton will not be operating on that day this may need to be rescheduled.

MEDQ/655252/277492046
D: 03/23/2007 07:31:18  T: 03/23/2007 07:46:03


DICTATOR:      Mark Ryzewicz, MD      STALLINGS, ROBERT
PHYSICIAN ID:  113415
ATTENDING:     Michael Dayton, M.D.   MR#:  2779257
                                            Inpatient
ATTENDING ID:  116194                 HFC#: 95628830
IOR
                        DISCHARGE SUMMARY

Signed by DAYTON, MICHAEL REX, MD on 28-Mar-07 13:59:09 -0700



TALLINGS, ROBERT 95598157 DH Orthopedics, O,   DOS: 09 MAR 2007 00:00:00 -   Ortho OP Encounter Rec

Page 1 of 1

## DENVER HEALTH MEDICAL CENTER

DATE OF SERVICE:  03/09/2007

BRIEF HISTORY:  Mr. Stallings is here for a preoperative appointment today.  He has a chronic right hip dislocation status post antibiotic spacer placement, status post explant of an infected total hip.  This was done one year ago.  The plan is for a right hip explant.  I had a discussion with him about the long-term plan.  The plan for this Thursday, the 15th of March, is for a biopsy.  This will be sent for frozen intraoperative cultures as well as an explant of his current antibiotic spacers.  I do not plan on placing anything back in at this point in time.  The patient understands the long-term plan is to await the results of his biopsy.  If gross pus is found then he will be placed on antibiotics for at least a 6-week course and then he will need a repeat biopsy prior to consideration for replantation.  If no gross infection is found and the biopsy is negative, we will wait for the final biopsy results before scheduling for a reimplantation versus if they come back positive then he will be treated again appropriately with IV antibiotics for 6 weeks, repeat biopsy prior to reimplantation.  He did voice understanding of this.  I did complete all his preoperative paperwork in clinic today.  Risks, benefits, and alternatives to the procedure were explained to him in detail.  We will see him on the 15th for his surgery.

MEDQ/00024Q-00000103/275903604
D: 03/09/2007 12:40:30  T: 03/09/2007 15:16:38

Signed by RHODES, JASON, MD on 19-Mar-07 06:45:15 -0700

DICTATOR:        Jason Rhodes, MD        STALLINGS, ROBERT
PHYSICIAN ID:    113381                  MR#:  2779257
                                               Outpatient
ATTENDING:
ATTENDING ID:                            HFC#:  95598157
ORT

## ORTHOPEDIC OUTPATIENT ENCOUNTER

STALLINGS, ROBERT 94924487 DH Orthopedics, O,   DOS: 23 FEB 2007 00:00:00 -   Ortho OP Encounter Rec

Page 1 of 2

## DENVER HEALTH MEDICAL CENTER

DATE OF SERVICE: 02/23/2007

SUBJECTIVE: Today Mr. Stallings comes in who is a 42-year-old male with chief complaint of right hip chronic dislocation. Patient's history is the following: In 1988 he had a traumatic work injury being crushed between two vehicles dislocating his right hip which was then reduced. Patient continued to have hip problems. Then in 1995 in Kansas City he had a total hip arthroplasty completed. In January 2006 due to having symptoms of fever, hot feelings as well as nausea and vomiting, but no open wounds, had the prosthesis removed and this was done in Colorado Springs. Patient was found to have MRSA. An antibiotic spacer was placed into the right hip and approximately one month after surgery, February or March, patient not sure, the hip dislocated and has been that way ever since. The patient has been nonweightbearing since December 2005. He is currently confined to a wheelchair. His main goal is to become ambulatory again. Patient states he came to the Denver Health ED in early February due to hip pain wanting something to be done. He denied any systemic or local signs of infection at that time but stated he did have pain. He made a comment that he was going to go jump off a bridge, then he could get it looked at. At that point he was placed on a psych hold and was released approximately three days ago, February 28. Patient denies having ever been on IV drugs. Denies ever using corticosteroids. States he is currently in a respite bed homeless. He is currently on methadone for his pain relief.

PHYSICAL EXAMINATION: Patient is alert and oriented times three in no apparent distress. Patient's incision site reveals it is not erythematous, not edematous, there is no pain to palpation, no open wounds to the right lower extremity whatsoever. He does have decreased sensation to the medial lateral right foot. Does have sensation at the first dorsal web space. Extensor hallucis longus and flexor hallucis longus are intact right lower extremity although he does have limited dorsiflexion and plantar flexion. He does have a very visible leg length discrepancy with right being extremely shorter than the left.

Labs from February 8 show ESR 17, CRP 45.98. Normal labs include hip aspiration which was on February 12 done by interventional radiology in the hospital on February 8 and his white blood cell count was normal.

ASSESSMENT: Status post hip prosthesis removal with antibiotic spacer placed in January 2006 in Colorado Springs with subsequent dislocation.

DICTATOR:       James Thompson, P.A.   STALLINGS, ROBERT
PHYSICIAN ID:   126649                 MR#:  2779257
                                             Outpatient
ATTENDING:      Steven J Morgan, MD
ATTENDING ID:   95430                  HFC#: 94924487
ORT

### ORTHOPEDIC OUTPATIENT ENCOUNTER



DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☐  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐  No ☐
Date received by case manager: 12/16/2009   Case Manager: J.E. Thompson

Grievance Number D-DR 09/10 - 003   STEP (Circle One)   1  (2)  3   CMM/AIC

| NAME Robert Salinas | DOC NO. 136958 | FACILITY/UNIT/POD E7-1 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: 1st of all you are wrong the allegation was confirm and a need re-screening was scheduled and a Mrs. Datson did the re-screening twice, that utilization will be imposed again because the following language raises special problems. The legal justification or excuse to not give me all of my ADA accommodation will cause serious bodily injury, I could use the important aspects of your malicious action unlawful act done willfully or purposely to injure another. remedy knee brace, correct medication no work detail and physical therapy, & medical transfer to fort lyon

**TO BE COMPLETED BY OFFENDER:**
DATE: 12-15-09   OFFENDER SIGNATURE Robert Salinas   136958

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 12-18-09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Patty Viola Patty Viola 5647

Date ADA grievance sent to AIC:

**RESPONSE**

Please see attached response dated January 4, 2010.

| TO BE COMPLETED BY RESPONDER | | |
| DATE GRIEVANCE REC'D BY RESPONDER: 12/28/2009 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Joan M Shoemaker #76095 | RESPONSE DATE: 1-4-10 |

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 1/25/10   OFFENDER SIGNATURE/PRINT NAME & DOC # Robert Salinas 136958   **RECEIVED**

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (Clinical and ADA only)
Attachment "A"
Page 1 of 1

DEC 2 8 2009

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Division of Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:  (719) 579-9580
Fax:     (719) 226-4755
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## M E M O R A N D U M

To:      Offender Stallings, #136958

From:   Joan M. Shoemaker
         Deputy Director of Prisons, Clinical Services

Date:    January 4, 2010

RE:      Step 2 grievance D-DR-09/10-003-2

On September 18, 2009, you filed a Step 1 grievance in which you requested that your ADA screening be re-done because the provider was rude.  On December 2, 2009, your Step 1 grievance was denied and you filed this Step 2 grievance in which you requested a knee brace, correct medication, no work detail, physical therapy and a medical transfer to Fort Lyon.

Your Step 2 grievance is denied for the following reasons:

You have been screened for a mobility disability on October 28, 2009 by a health care provider and after the review by the Chief Medical Officer and the Office of the ADA Inmate Coordinator, you were found to be disabled.  Your Accommodation Resolution requires that you have medically necessary shoes with a lift as well as the standard accommodations for mobility.

The chief complaint presented in your grievance is your dislike and disrespect of the health care provider that you are required to see and the fact that you did not receive all of the ADA accommodations you believe are necessary for you because the Department is malicious.   You have stated that the female Nurse Practitioner is incompetent. You believe you need the following:  knee brace, correct medication, no work detail, physical therapy and a medical transfer to Fort Lyon.

Your medical record does not support the need for a knee brace nor does it support the need for a transfer to Fort Lyon.  Your medical record also does not support a "no work detail" finding.  Quite frankly, the information I have indicates that you do not want work at your assigned job at the Canteen. The Department has provided you with a special chair to accommodate your disability and allow you to work.  You have refused the assignment and have asked that another inmate with a cane be given the chair so he can work in the Canteen.

Stallings #136958
Step 2 ADA Grievance Response
January 4, 2010
Page 2 of 2

If you are having issues with your medications, you need to work the assigned health care provider. Medications need to be taken regularly and consistently in order to work properly. That means you as a patient must do your part by taking the medication properly and work with your provider regarding the concerns you have about the medication.

Your Step 2 grievance is denied.

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: 9.21.09   Case Manager: S. Willard

Grievance Number D-DR09/10-003   STEP (Circle One) ①  2  3

| NAME Robert E Stallings | DOC NO. 136958 | FACILITY/UNIT/POD (DRDC) 7B108 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

PH3
EQUATION NO:
700-07
★ 01-CV-1775

★ Series of Grievance and adequests Meaningful Remedy

I was being seen by the Doctor to give me a ADA screening. She was very Rude while not being able to do her Job due to her disabilities. She would not even ask for help from another nurse when checking for mobility and measurements of my Right leg. I even had Medical records from Denver Health, the medical center DOC sent me to. She refuse to review to get a better understanding of my ADA Needs! Her measurements of my Right leg was wrong. Any one can see my Right leg is a lot shorter than she is stating. *Remedy Do over!

**TO BE COMPLETED BY OFFENDER:**
DATE 09-18-09   OFFENDER SIGNATURE Robert Stallings 136958

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:   ADA
DATE: 9/22/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #
Jana Turnbon   #13861
Date ADA grievance sent to AIC: 9/22/09

RESPONSE

### SEE ATTACHED RESPONSE
Katie Baxter   #2429

**Office of Correctional Legal Services**
Acting AIC-ADA Inmate Coordinator
12/1/09

**TO BE COMPLETED BY RESPONDER:**

| DATE GRIEVANCE RECD BY RESPONDER: 1/24/09 | RESPONDER/DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID #   MK Reed 14067 | RESPONSE DATE: 12/1/09 |
|---|---|---|

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 12/15/09   OFFENDER SIGNATURE/PRINT NAME & DOC # Robert Stallings 136958

RECEIVED
SEP 24 2009
Office of Correct'
Legal Servic

Original: Department File/AIC   Copies: Working File  Administrative Head  Offender  Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

Meghan Reed

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:   719.226.4245
Fax:      719.226.4249



Office of ADA Inmate Coordinator (AIC)

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievances
From: Meghan A. Reed, Designee
     Office of the AIC (ADA Inmate Coordinator) K.B
Received Grievance:  September 24, 2009
Sent Response: December 2, 2009
Offender Name:  **STALLINGS, R.**
DOC No:  136958
Facility:  DRDC (currently at ACC)
Grievance No:   D-DR0910-003

**DISABILITY STATUS:** Per Temporary Accommodation Resolution signed 09/17/09, you do have a qualifying MOBILITY disability.

**In the grievance referenced above, you allege the following:**
1.  When you were seen by the doctor for your ADA screening, she was very rude and not able to do her job because she was disabled.  She refused to review to get a better understanding of my ADA needs and measured your right leg wrong.

**Requested Relief/Remedy:**
1a.  "Do over."

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1.  Your disability determination is still pending with the Chief Medical Officer.  You do have the temporary mobility disability status and accommodations from your intake screening, a previous mobility disability confirmation and screening documents, as well as assignment-specific accommodations.  In review of the screening documents completed thus far, there is no evidence that a re-screening will be necessary or that your ADA needs are not being met.  Please address your concerns regarding staff conduct with the appropriate department within the facility.

**CONCLUSION:**  This grievance is **denied** as to the issue raised above.

**GRIEVANCE DENIED IN TOTAL**

Cc:      AIC File.

Exhibit (B)

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☐   No ☒
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: _LeeWaye 2/17_  Case Manager: _LeeWaye_

Grievance Number _CCM 09/10-44_   STEP (Circle One)  1  ②  3
_(-CM 09/10-44_)

| NAME _Robert E Stallings_ | DOC NO. _136958_ | _CTCF-_ FACILITY/UNIT/POD _1-L-5_ |

Instructions:  1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: I am Submitting This late grievance pursuant to citing Stephens v. Howerton No. CV 105-171, 2007 U.S. Dist. LEXIS 45075, at *13 (S.D. Ga. June 21, 2007)(Unpublished)(holding injured prisoner should have filed a grievance when he was able to write), aff'd 270 F. App. (750 11th Cir. 2008) My Second step grievance is about The on going Throbbing, excruciating Pain in my hip and lower back, with the Psychological problems So not being able to deal with the pain, and fear of losing my hip if I'm not careful. While not understanding why my cane was take knowing That Under these circumstances if I fall or move wrong I'm back in a wheelchair! Remedy: Grant accommodation for cane!

| TO BE COMPLETED BY OFFENDER | | |
| DATE: _2/19/10_ | OFFENDER SIGNATURE: _Robert Stallings_ 136958 | |
| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | | |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | | |
| DATE: _2/23/10_ | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _R Clement, 0817_ | |
| Date ADA grievance sent to AIC: | | |

RESPONSE   You have been given a cane temporarily until (further screenings) evaluation are done. (Given 2/19/10) Resolved.

| TO BE COMPLETED BY RESPONDER | | |
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # _J Crounk 12748   J Crounk_ | RESPONSE DATE: _2-25-10_ |
| TO BE COMPLETED BY OFFENDER | | |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | |
| DATE _03/09/10_ | OFFENDER SIGNATURE/PRINT NAME & DOC # _Robert Stallings_ 136958 | |

Original: Department File/AIC      Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: 7/25/2010   Case Manager: WINEGARDNER

Grievance Number ___C-CT 09/10-253___   STEP (Circle One) ①  2  3

CTCF-7-1-L-S

| NAME Robert Stallings | DOC NO. 136958 | FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

*Remedy: Review with Dr. Layton DOC & Personal Physician

Subject of Grievance and Requested Meaningful Remedy: I am grieving Miss. Shock within the Colorado Territorial Correctional facility infirmary who has Bias and Prejudice, while knowing the patient Robert E. Stallings serious needs for a cane and orthopedic review of limited dorsiflexion and plantarflexion with severe pain of right hip area needs to be address and by stating she don't wish to step on any body's toes. There for she is going to release me with pain! Patient Robert E. Stallings has address these issues with Travis Berns, steve Kirkman, Dr. Freer, Vicki Cahman, Gary Morgan, Travis Wolters & Justin Coar, have been documented in medical file.

**TO BE COMPLETED BY OFFENDER:**
DATE: 1/23/10   OFFENDER SIGNATURE Robert Stallings 136958

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
DATE: 1/25/10   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Ann Nelson, RN #12967

Date ADA grievance sent to AIC:

**RESPONSE**

Mr. Stallings,  According to AR 700-21,  you, if approved, can make an appointment to be seen by an outside specialist of your choice. You will be responsible for all the charges that will be incurred & you need to understand that an outside provider's recommendations are just that – a recommendation – DOC providers are not REQUIRED to follow their recommendations if there is a more conservative treatment. They do try to work with the outside specialist if it is felt that his recommendation is the ONLY way to be treated. At this time, it has not been found that you require a cane or a shower chair. You are welcome to address a review with the AIC. Grievance denied.

**TO BE COMPLETED BY RESPONDER**
| DATE GRIEVANCE REC'D BY RESPONDER: 1/25/10 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Ann Nelson, RN #12967  Ann Nelson, RN #12967 | RESPONSE DATE: 2/1/10 |
|---|---|---|

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 03/09/10   OFFENDER SIGNATURE/PRINT NAME & DOC # Robert Stallings 136958

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

exhibit (C)

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒   No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: _7/25/2010_  Case Manager: _WINEGARDNER_

Grievance Number _C-CTCF09/10-252_   STEP (Circle One) ① 2 3

NAME _Robert E Stallings_  DOC NO. _136958_   FACILITY/UNIT/POD _CTCF-7-1-L-5_

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: *I am grieving Mrs. Paula Frantz M.D. M. is handling and deliberate indifference with intentionally tampering with the treatment once prescribed by Dr. Micha Dayton, MD ID: 116194, orthopedic specialist, who specificall prescribed a medical cane and ongoing review/monitoring by a specialist because of the injury/MRI history, I have eve or scar tribing change in patient Robert Stallings right hip or Mrs. Paula Frantz MD is not an orthopedic she has denie plaintiff once again like that in case No. 08-CV00033 on app within the supreme court. While taking away his precautionary within the Supreme court while taking away his precautionary prescriptions. I see a dead Doctor Dayton patient safe. Remedy prescriptions to see a specialist & grant prescribed cane to pl*

**TO BE COMPLETED BY OFFENDER:**
DATE: _1/23/10_   OFFENDER SIGNATURE _Robert E Stallings 136958_

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
**RECEIPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
DATE: _1/25/10_   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _Ann Nelson, RN #12967_

Date ADA grievance sent to AIC:

**RESPONSE**

Mr. Stallings,  According to AR 700-21,  you, if approved, can make an appointment to be seen by an outside specialist of your choice. You will be responsible for all the charges that will be incurred & you need to understand that an outside provider's recommendations are just that – a recommendation – DOC providers are not REQUIRED to follow their recommendations if there is a more conservative treatment. They do try to work with the outside specialist if it is felt that his recommendation is the ONLY way to be treated. At this time, it has not been found that you require a cane or a shower chair. You are welcome to address a review with the AIC.

Grievance denied.

**TO BE COMPLETED BY RESPONDER:**
DATE GRIEVANCE REQ'D BY RESPONDER: _1/25/10 2/1/10_   RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # _Ann Nelson, RN #12967 Ann Nelson, RN_   RESPONSE DATE: _2/12/10_

**TO BE COMPLETED BY OFFENDER**
**RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE _03/01/10_   OFFENDER SIGNATURE/PRINT NAME & DOC # _Robert E Stallings 136958_

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

exhibit (D)

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☐ No ☒

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐ No ☐
Date received by case manager: _7/25/2010_ Case Manager: _WINEGARDNER_

Grievance Number _CT0910-322_    STEP (Circle One) ① 2 3    CTCF-7-1-2-5

NAME _Robert Stallings_   DOC NO. _136958_    FACILITY/UNIT/POD

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

*Remedy: Conference within presentative*

Subject of Grievance and Requested Meaningful Remedy: I am grieving Ms. Je Thompson Case Manager for not addressing the issues of being placed on a Job assignment knowing that Robert Stallings was disabled while having a Notice of Decision fully favorable from the office of Disability Adjudication and Review and William Musseman administrative law Judge. Also knowing that Mrs. Meghan A. Reed, AIC Designee stated that Mr. Stallings has to Sit or Stand and rest and train on how to use it before he began to try to work. Ms. Thompson was aware that Mr. Stallings became hurt at Canteen while working when he was not to be working. Ms. Thompson has not replied nor acknowledge nor initiating an investigation into the allegations thus far while having ongoing complication in departmental discharge.

TO BE COMPLETED BY OFFENDER:
DATE: _1-23-10_    OFFENDER SIGNATURE _Robert Stallings_ 136958
TO BE COMPLETED BY GRIEVANCE COORDINATOR:
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
DATE: _1-22-10_   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #
_Priscilla Dickson_    **Priscilla Dickson 3269**

Date ADA grievance sent to AIC:
RESPONSE

Please see attached

TO BE COMPLETED BY RESPONDER
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |
|---|---|---|
|  | 1099 | 2-8-10 |

TO BE COMPLETED BY OFFENDER
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: _1/9/10_    OFFENDER SIGNATURE/PRINT NAME & DOC # _Robert Stallings_ 136958

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

Step I Grievance
CT 09/10-322

Inmate Stallings, Robert # 136958, I have investigated your Step I grievance. A.R. 850-3 clearly states:
"C.
ADA Alert

1.    When there are additions to the assignment roster, **the supervisor** shall review the assignment description with the offender and verify the offender's ADA status using DCIS. If the offender has an ADA alert:

    a.    AND the offender states he/she **can perform** the essential functions of the assignment without an accommodation, the supervisor shall notify the appropriate legal assistant at the Office of the AIC, via e-mail, of the offender's name, DOC number, and the assignment name. After notification by the supervisor, the AIC shall complete the "Assignment Accommodation Form" and send it to the supervisor, via e-mail. The supervisor is required to print the "Assignment Accommodation Form" and the applicable job description form to be signed by the supervisor and the offender on the designated signature lines. The supervisor shall make a copy of both forms for his/her records and will forward the signed original job description and "Assignment Accommodation Form" to the classification committee, within two working days, for verification of the hiring process.

    b.    AND the offender states he/she **cannot perform** the essential functions of the assignment without an accommodation, **the supervisor** and the offender shall contact the appropriate legal assistant at the Office of the AIC, via telephone, for a discussion determining what, if any, accommodations are appropriate. The AIC will then complete the "Assignment Accommodation Form" and send it to the supervisor, via e-mail. The supervisor is required to print the "Assignment Accommodation Form" and the applicable job description form to be signed by the supervisor and the offender on the designated signature lines. The supervisor shall make a copy of both forms for his/her records and will forward the signed original job description and "Assignment Accommodation Form" to the classification committee, within two working days, for verification of the hiring process".

The work supervisor did notify the AIC as noted in your grievance and an accommodation was issued.

Grievance has been denied.

Exhibit (E)

# Supreme Court of the United States

Robert E. Stallings
    (Petitioner)

        v.                 No.  09-9896

Bill Ritter, Jr., Governor of Colorado, et al.
    (Respondent)

To _Christopher Wayne Alber_ Counsel for Respondent:

**NOTICE IS HEREBY GIVEN** pursuant to Rule 12.3 that a petition for a writ of certiorari in the above-entitled case was filed in the Supreme Court of the United States on November 16, 2009, and placed on the docket March 30, 2010. Pursuant to Rule 15.3, the due date for a brief in opposition is Thursday, April 29, 2010. If the due date is a Saturday, Sunday, or federal legal holiday, the brief is due on the next day that is not a Saturday, Sunday or federal legal holiday.

Unless the Solicitor General of the United States represents the respondent, a waiver form is enclosed and should be sent to the Clerk only in the event you do not intend to file a response to the petition.

Only counsel of record will receive notification of the Court's action in this case. Counsel of record must be a member of the Bar of this Court.

Mr. Robert E. Stallings
CTCF-SEG
PO Box 1010
Canon City, CO  81215

NOTE: This notice is for notification purposes only, and neither the original nor a copy should be filed in the Supreme Court.

# WAIVER

## Supreme Court of the United States

### No.  09-9896

Robert E. Stallings                    v.     Bill Ritter, Jr., Governor of Colorado, et al.

(Petitioner)                                          (Respondents)

**I DO NOT INTEND TO FILE A RESPONSE** to the petition for a writ of certiorari unless one is requested by the Court.

Please check one of the following boxes:

☐   Please enter my appearance as Counsel of Record for all respondents.

☐   There are multiple respondents, and I do not represent all respondents. Please enter my appearance as Counsel of Record for the following respondent(s):

_____

_____

I certify that I am a member of the Bar of the Supreme Court of the United States (Please explain name change since bar admission):

Signature _____

Date: _____

(Type or print) Name _____
            ☐ Mr.          ☐ Ms.          ☐ Mrs.          ☐ Miss

Firm _____

Address_____

City & State_____ Zip _____

Phone _____

SEND A COPY OF THIS FORM TO PETITIONER'S COUNSEL OR TO PETITIONER IF *PRO SE*. PLEASE INDICATE BELOW THE NAME(S) OF THE RECIPIENT(S) OF A COPY OF THIS FORM. NO ADDITIONAL CERTIFICATE OF SERVICE IS REQUIRED.

Cc:

Obtain status of case on the docket. By phone at 202-479-3034 or via the internet at http://www.supremecourtus.gov. Have the Supreme Court docket number available.

I Robert E Stallings hereby certify that I filed a true and correct copy of Order/writ of Certiorari/Notice, by placing in the U.S. mail postage pre-paid on the 5th day of April 2010. Correctly addressed to:

Christopher Wayne Alber
office-Criminal Justice
1525 Sherman Street
5th Floor
Denver, Co. 80203


United States District Court
901-19th Street RM A105
Denver, Co. 80294-3589


U.S. Court of Appeals
1823 Stout Street
Denver, Co. 80257

Robert E Stallings

Exhibit (F)

Marshall, Julie G - CO#6629
CO Fremont County District Court 11th JD
136 Justice Center Road
Room 103
Canon City, CO 81212



*30105330$8803391+11*

0006936 0153094:1

STALLINGS, ROBERT E
# 136958 Arrowhead Correctional Ctr.
P.O. Box 300
Canon City, CO 81212

---

```
To:          STALLINGS, ROBERT E
From:        Marshall, Julie G - CO#6629
Subject:     Service of Documents in STALLINGS, ROBERT E vs. CANTEEN INDUSTRIAL SERVICES et al
```

You are being served documents that have been electronically submitted in STALLINGS, ROBERT E vs. CANTEEN INDUSTRIAL SERVICES et al through LexisNexis File & Serve. The details for this transaction are listed below.

```
Court:                    CO Fremont County District Court 11th JD
Case Name:                STALLINGS, ROBERT E vs. CANTEEN INDUSTRIAL SERVICES et al
Case Number:              2010CV11
Transaction ID:           30105330
Document Title(s):
Order requiring Plaintiff to file a Complaint in compliance with the Rules signed JGM March 17, 2010 (3
pages)
Authorized Date/Time:     Mar 17 2010 11:58AM MDT
Authorizer:               Julie G Marshall
Authorizers Organization: CO Fremont County District Court 11th JD
Sending Parties:
        N/A
Served Parties:
        STALLINGS, ROBERT E
```

Form G8971 v.0.11



XXX 000837 00000000 001 001 00164 INS: 0 0