IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEGAL RESOLUTION CENTER
7907 Zenobia Street
Westminster, Colorado 80030-4444

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ, et al.,

    Plantiff

-vs-

BILL RITTER, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2010

GREGORY C. LANGHAM
CLERK

Attorney or Party Without Attorney
Angela Denise Thomas #91631
Claim Number: 03-427
La Vista Correctional Facility
1401 W. 17th Street
Pueblo, Colorado 81003

MOTION TO NOTIFY THE COURT OF CDOC'S CONTINUED NON-
COMPLIANCE OF THE MONTEZ REMEDIAL PLAN

    Comes now, Angela Denise Thomas #91631, pro se, before the Court to prayerfully submit clear information and facts that are necessary to be added to the Special Masters Order concerning the Montez Remedial Plan. Plaintiff acting Pro Se sets the foundation to support her claims and relief sought herein. Plaintiff believes she has been in harms way regarding her medical care and discriminated against because of the Court Order December 2007. Plaintiff has been suffering pain, mental stress, and reprisal from the Staff as well as the Medical department at the La Vista Correctional facility.

1. Plaintiff request the equal treatment from the Staff and Medical department concerning all ADA inmates with disabilities since the new stipulations were set forth by the Remedial Plan but was not afforded the priviledges.

2. Plaintiff request the reinstatement of the restrictions given to her from the DOC Medical department when she first ientered prison and still remain on the records at CDOC Headquarters. Other ADA inmates at the facility kept their restrictions upon arrival.

2. cont. instructions in the Remedial Plan, but instead was ignored, and had her Progress Assessment Summary changed to reflect no medical needs and then she was sent to a Level 6 Drug Treatment Facility before the paperwork could be processed.

3. Plaintiff believes that Case Management at the LVCF facility was aware of the standing Order of the Court, but chose to ignore it and send the plaintiff to a place that neither accomodated ADA disabilities or inmates from prison with any restrictions. During this time the medical staff at LVCF chose to take away all the remaining restrictions.

4. Plaintiff returned to LVCF, after experiencing difficulty with the physical requirements of the Haven program and the constant threats of write-ups because she could not perform the required physical activities.

5. Plaintiff requested medical treatment upon her return to the La Vista Correction Facility because of the pain of the fall at the Denver jail and the pain she experienced while tryingto stay in the Haven. The Haven was fully aware of the prior injuries of the inmate but chose to ignor them. Plaintiff could no longer take the pain that she experienced in her back and knees.

6. Plaintiff notified the LVCF Medical Department of her status as a ADA class member, but was ignored and they denied her the request to go to the hospital for the intense pain she was experiencing, claiming that they ( the medical staff) didn't feel that it was an emergency. She was denied treatment for the injuries that fall under the remedial plan at the facility.

7. Plaintiff notified the Medical Staff of her disability status, but was not given the paperwork to be processed as a class member until she filed a grievance. She also asked to be sent to a designated facility for inmates with mobility issues, but was denied by the same staff who were included in the Montez Lawsuit the first time.

8. Plaintiff filed several grievances about the treatment of the medical staff as well as the staff in the LVCF facility, but was denied due process because they failed to properly facilitate them.

9. Plaintiff requested to have an ADA evaluation done to determine if restrictions would be granted, but was sent to another Unit prior to a disability exam and sent to a job that was outside of her physical abilities, claiming no restrictions were given or needed according to the medical staff.

10. Plaintiff was informed by the kitchen staff at this facility that she could not work for them because of the restrictions that were in place the last time she worked for them. Officer Ellis explained that there were not any jobs available to her(inmate Thomas) because all of the Montez ADA inmates were restricted to the 4 hour jobs and they were all occupied. The Plaintiff had worked for Officer Ellis on restricted duty of no more that 4 hours, the previouse year. The medical department was contacted by Captain Garcia and they informed him to work "Inmate Thomas" 8 hours regardless of the rules and regulations in place at the time.

11. Plaintiff requested the Captain and Officer Ellis put the remarks of the medical department on her Job Requirement form and state that she notified them of her inability to perform the required physical task of the job assignment. Captain Garcia and Officer Ellis both signed the Job Physical Requirements form on June 2, 2009, stating that they were aware of my ADA status.

12. Plaintiff was given a job that was physically demanding, causing constant pain to her back and her knees and told by the medical department to conplain to the kitchen or write a grievance, so plaintiff wrote a grievance to Captain Filer, who was the acting kitchen head at the time, explaining the difficulties with the job and the fact that she was not yet evaluated for Montez related injuries. Testing for the injuries that were considered in the Final Order of the Special Master as being awarded for mobility were ignored.

13. Plaintiff grieved Captain Filer for being non-compliant with the P.O.R.'s in place in the kitchen concerning all Montez ADA inmates who had mobility issues. All inmates with mobility disabilities at the time were on a 4 hour restricted workday, as stipulated by the Job Board at LVCF and could not work any other job in the kitchen.

14. Plaintiff requested Captain Filer to accomodate her with a job equalivant to those of the other inmates who were ADA mobility, and plaintiff was forced to sign a new Job Physical Requirements Form stating she could perform jobs she knew were or could harm her further.

15. Plaintiff reports that she was forced to sign a form that she was capable of doing work that she new was physical, but informed by Capt. Filer and the AIC/ADA Coordinator (per a phone call in Capt. Filers office) that if she refused, she would go to Segregation or be disciplined for failure to work.

16. Plaintiff reported this coersion in her Step #2 grievance, also stating that that Captain Filer also answered his own complaint which is a violation of the A.R.'s for Grievances and was again denied due process.

17. Plaintiff states that she went to Case Management, to request another job and was informed that she must work 60 days before she could apply for another job. After the supposed 60 day requirement for all inmates to work in the kitchen upon arrival to LVCF, she was given a job in the Laundry department, by the supervisor of that department, who took the plaintiff to the Job Board, which is the correct to hire inmates, but the plaintiff' Case Manager informed her that he was saving the job for another inmate, regardless of the plaintiff already assigned to that job. Plaintiff remained in the kitchen for another few weeks because the Case Manager gave her job to another inmate and he could not find her another.

18. Plaintiff request several jobs, after completing her manditory 60 days in the kitchen and when the Job Board referred her to these jobs, the supervisors turned her down with no explanations, a clear violation of the ADA disability regulations at the facility, At the time, the inmate had no restrictions per medical and the AIC therefore was qualified to do these jobs, but denied.

19. Plaintiff reports that her Case Manager changed all of her paperwork for her PAS (progress assessment reports to reflect that the plaintiff had no prior medical needs and the Medical part of the form was changed to reflect the plaintiff not ever having any permanent medical problems. The paperwork now reflected changes claiming the plaintiff had severe substance abuse needs yet she was never accepted to any drug treatment programs in the past because she never scored high enough to be accepted.

20. Plaintiff reports that she was given a position in a Business class, but after the supervisor had to unexpectantly retire, she was again without a job or class. The instructor made sure each of her students had jobs or classes they wanted and were put on the top of the waiting list, except the plaintiff.

21. Plaintiff requested to have medications for the injuries covered in the Montez Remedial plan that were still bothering her on a regular basis, but was informed by Dr. Wermers and the medical staff the she would have to purchase her medications off of the canteen list with her own money, while they accomodated other inmates that weren't ADA and other ADA inmates with medications.

22. Plaintiff requested the same treatment from the medical department as other inmates with disabilities but the staff has been very unprofessional and rude when I have asked for treatment or any medication for my injuries incurred both in prison and prior to incarceration. They have refused to treat my constant pain from the arthritis in my back and knees. I have made several appointments and was informed that they were scheduled but have not been seen by them or any other doctor outside of this facility since being here for any of the injuries covered in the Montez Lawsuit and plaintiff has not been given any of the permanent restrictions that were in place and still remain on the records at DOC Headquarters, regardless of her pain.

In closing, the Plaintiff believes that a joint effort on behalf of the staff to deny her any of the benefits of being a member of the Montez lawsuit is in effect at this facility and that the conduct of the Officers as well as the medical staff has caused her pain and suffering. The harmful conduct has violated not only the Montez Remedial plan but also her rights as a ADA inmate with disabilities. Plaintiff request the courts to reconsider her request for damages and to force LVCF to comply with the Order of the Special Masters in November of 2007.

SIGNED this ___25___ day of April 2010.

Angela Denise Thomas #91631

CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order this 25 day of April, 2010 to the following:

United States District Court
District of Colorado
Office of the Court
Room A-105
United States Courthouse
901 19th Street
Denver Colorado 80294-3589


Paula Greisen
1670 York Street
Denver, Colorado 80206

The Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030