IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEGAL RESOLUTION CENTER
7907 Zenobis Street
Westminster, Colorado 80030-4444

---

Civil Action NO. 92-cv-870-JLK

JESSIE MONTEZ, et al.,

    Plaintiff

-vs-

BILL RITTER, et al.,

    Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2010

GREGORY C. LANGHAM
CLERK

---

Attorney or Party Without Attorney
Angela Denise Thomas #91631
Claim Number 03-427
La Vista Correctional Facility
1401 W. 17th Street
Pueblo, Colorado 81003

---

### MOTION TO NOTIFY COURT OF CONTINUED DISCRIMINATION

---

    Comes now, Angela Denise Thomas #91631, pro se before the Court to prayerfully submit clear information and facts that are necessary to be added to the Special Masters Order granting new claims, motions, and additional monetary damages for CDOC's non-compliance of the Montez Remedial Plan in effect at LVCD, and the Order of the Court on November 2007. The medical department has been exercising cruel and unusual punishment, as well as the LVCF Staff at this facility to retaliate against the plaintiff, for filing a Montez Lawsuit regarding medical issues. She believes she has been in harms way concerning her medical care and the medical staff, and staff in the facility, in a joint effort to discredit her have caused unnecessary pain and suffering, and mental stress by exercising blatant retaliation and reprisal.

1. Plaintiff request for the last year the Medical department and its staff fully recognize and adhere to her permanent living and work restrictions validated and deemed accurate and truthful by the CDOC Medical Staff, Joan Shoemaker, DRDC Intake Diagnostic Director of Medicine, all other Medical Staff in all of the other Women's facilities plaintiff has been assigned to and all of the Doctors outside of prison that have treated the plaintiff in the last twenty years.

2. Plaintiff has suffered additional pain and emotional trauma for being forced to sign papers (under duress) by a person in a position of authority who threatened her to sign that she was capable of doing work that exceeded her medical conditions and her ability to perform these task without pain.

3. Plaintiff filed several grievances concerning these matters, and was not assisted by the AIC/ADA Coordinator, but was also threatened by their office for filing the grievances instead of filing them with the protocol. Plaintiff filed all of the grievances at the LVCF facility, but they chose to send them to the AIC/ADA offices.

4. Plaintiff requested CDOC to provide her the opportunity to enter a Community Corrections program that accomodated her ADA disabilities, but was sent to a program (the Haven) who did not work with her physical limitations because the Case Management had altered her paperwork to reflect no medical problems or needs.

5. Plaintiff was constanly threatened by the Staff of the Haven to perform all the physical requirements of the program or be sent back to prison, so the plaintiff chose to regress herself.

6. Plaintiff encurred an injury on her way back to prison and the nurse at the Denver county chose to ignore her request for medical treatment from a hospital, so when the plaintiff arrived at LVCF, she informed the Medical staff of the injury but was denied the opportunity to go to the hospital even after the plaintiff complained of headaches (her head hit tha cement wall when she fell on water on the floor in the bathroom of the jail), severe pain in her back, leggs, groin, and knees causing her to suffer from the slightes moves.

7. Plaintiff requested ADA accomodations as well as informed her Case manager of the need for treatment, but was ignored and informed by the Case Manager that she would be put on a farm crew if she continued to ask for accomodations.

8. Plaintiff requested restrictions and the replacement of the ones that she had prior to leaving LVCF, but the same medical staff was in the medical department and they expressed their dislike for the plaintiff from the beginning stating that she would not get anything from them concerning limitations and if the plaintiff had any problems to address them with AIC/ADA at Headquarters. Plaintiff filed several grievances that were not properly forwarded to the correct places, greivances that were ignored, grievances taht had the the grievance number changed, grievances that were filed properly according to the AR's and grievances that were sent to persons unknown to the plaintiff and for whom the plaintiff never grieved. The worst thing that happened with plaintiff's grievances was that they were never answered in a timely manner, some grievances being sent back to the plaintiff after four months.

9. Plaintiff was threatened by the Captain of the kitchen when she filed a grievance because she was unable to perform the physical requirements of the job in the kitchen. The Staff assigned to the kitchen informed the plaintiff that there weren't any jobs available for any more ADA inmates with the mobility disability, and signed papers to that effect, yet the Captain of the kitchen at the time (Filer) disposed of the original paperwork and informed the plaintiff to sign new papers or be sent to Segregation or put in oranges for refusal to work. The papers were signed under duress.

10. Plaintiff was sent a letter from the Director of Prisons, stating the Captain of the kitchen was not suppose to answere the Step 1 and that the plaintiff would have to refile the grievances all over again which is a violation of the AR's, as well as a violation of due process. Plaintiff did continue the grievance process, sending the Step #3 to the Step 3 grievance officer, but was later denied the rights.

11. Plaintiff requested a second oppinion when her ADA testing was performed by the same medical officer who was a part of the Montez Lawsuit and who had been grieved by the plaintiff because of the medical officers inability to be partial in her treatment and because the medical officer was not a licensed medical officer who was trained to perform a ADA test for Accomodations. Plaintiff had past negative experiences with this officer and felt that she did not get a fail evaluation. This medical officer completely ignored the fact of that the plaintiff had a past medical history which needed to to be taken into consideration for the accomodations resolutitotion be given by the CMO and the AIC/ADA at Headquarters.

12. Plaintiff request the Medical Officer to submit the paperwork for the plaintiff to be seen by a doctor outside the LVCF medical department, because the doctor, as well as the staff refused to treat her stating that the plaintiff may have a ADA mobility but there is nothing wrong with her. Plaintiff went to the head of the medical department to ask why there was no answere to the paperwork, only to find out that the same medical officer that performed the ADA test had filed the paperwork in the back of the plaintiff's file and had not even followed the proper protocol for submitting the papers for processing according to the AR's.

13. Plaintiff requested the Case Manager to work with her to find a job outside of the kitchen and that didn't require the plaintiff to perform physical manual labor, but the Case Manager didn't want to help and when the plaintiff found a job on her own and was accepted, the Case Manager took the job from the plaintiff, even after the supervisor took the plaintiff to the Job Baoard and approved it for for her stating it was something she could do with her being ADA. Case Manager told the plaintiff that he was giving the job to another inmate who was not even qualified because the inmate was in another job and had not completed the so called required 60 days that is required in a job before you can move to another one. Plaintiff had completed her 60 days in the kitchen and was forced to continue to perform the manual physical labor for an additional 2 weeks.

14. Plaintiff was given a position in the Business class and the instructor had to suddenly resign so the instructor informed every student that she would find a job or a class for every student because it was her fault that they would not have one, but she failed to help me and when I asked her to, she lied and said she did but once again the Case manager had to reluctantly help the plaintiff to find a job and it took several weeks and several times at the Job Board because the plaintiff was referred to jobs but the supervisors denied her entrance, never having to justify their actions.

15. Plaintiff has experienced several other discriminating behaviors from the Staff at LVCF to include:
    a. Her legal disability checks being withheld from her for no apparent reasons.
    b. Her denial to participate in the passover celebrations and the passover meals.
    c. Her being denied several times into the Honor Unit when she was qualified.
    d. Her being put out of her latest Computer classes after being there over four months for no reason.

     IN closing, Plaintiff continues to have the Same injuries, from the USAF and the Postal Service that existed prior to her incarceration, along with the injuries incurred while in prison, yet this facility refuses to acknowledge the facts as well as the standing Orders from the Courts validating these facts. The Medical Staff and the Staff at LVCF refuse to accomodate the plaintiff the same way they accomodate other inmates with related injuries and ADA mobility disabilities. The Permanent restrictions that were given several years ago and the ones given since incarceration have been validated and should be given back to the plaintiff. For reasons ohter than what are listed in the MOntez Remedial Plan, the AR's that govern persons, the Order of the Special Masters and ADA/Rehabilitation Act, this facility, as well as their medical department have diregared plaintiffs attempts to have her restrictions restored, causing her to suffer additional pain and emotional trauma for work exceeding her existing conditions, and influencing other staff at this facility to follow suit. Plaintiff believes she should not have to address these same issues over and over again or experiencing reprisal by the entire staff for filing the Montez Lawsuit. The plaintiff hereby submits this motion and prays that the Court will again Order specific instructions for this facility and the Medical staff to follow and adhere to the rules and guidelines stated in the AR's, the Montez Remedial Plan, the Orders pf the Court in the past and the "Permanent Restrictions" of the plantiff that ar currently on file at Headquarters. Plaintiff prays the Court will address the misuse and abuse of these guidelines by the LVCF medical department and its staff, for overstepping their authority to further retaliate against the plaintiff, a type of conduct that is harmful to the injuries already sustained by the plaintiff in the past and could eventually result in further damage. Plaintiff prayerfully request the Court to consider reprimanding the CDOC staff for abusing their priveleges as officers of the State and award the plaintiff the maximum amount of monetary damages for CDOC's blatant abuse of their powers. Let this Order be a final record, so that the plaintiff will not have to live in fear of further injury from the LVCF medical department or the Staff assigned to it.

Respectively Submitted on ___25___ day of April, 2010.

                                                          _____
                                                          Angela Denise Thomas #91631

CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order this 25 day of April, 2010 to the following:

United States District Court
District of Colorado
Office of the Court
Room A-105
United States Courthouse
901 19th Street
Denver Colorado 80294-3589

Paula Greisen
1670 York Street
Denver, Colorado 80206

The Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030