```
US DISTRICT COURT
901--19th Street
Denver , Co 80294

JESSE MONTEZ, ET AL
VS
BILL OWENS, ET AL

CASE NUMBER: 92 cv 870 EWN-OES and 96 N 343

Party without attorney
Jill Coit #86530
Claim number 03-129
LVCF unit 5
1401 West 17th Pueblo, Co 81003
```

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 03 2010

GREGORY C. LANGHAM
CLERK

---

NOTICE TO THE COURT THAT I AM BEING RETALIATED AGAINST FOR FILING ADA GREIVANCES ON ACCOMMODATION RESOLUTION ISSUES & CUFFING

---

(1)    Comes now, claimant Jill Coit pro se and does hereby wish to inform this court that she is being retaliated agaist for obeying her accommodation Resolution which states,
" You have 30 days from the date this document is served you to submit a step 1 ADA grievance, to the office of AIC, on any matter addressed in this resolution. You may not file future ADA grievances regarding your medical care. Please refer to A.R. 850-04 for details regarding this grievance process."  2/2.

(2)    I filed 13 grievances on my ADA Accommodation Resoluiton following the AR rules which I will list below. However I received a "Warning Letter Regarding the Filing of Multiple/Frivolous Grievances , see exhibit 1 dated 2-24-10.

(3)    According to aR 850-04 page 4, IV Procedures, E. Grievance Substance 1. " Each grievance shall addressonly one problem or complaint..."
Therefore I had to address each issue on a seprate grievance. How can you punish or sanction a disabled inmate when they are obeying your rules and if they do not file they can not file future ADA Greivances?   exhibit 3

(4)    Number 2 under the same heading states, "2. A substantive issue may not be added at a later step if it has not been contained in each privious step of that particular grievance."

(5)    In the first place the space allowed for the grievnce is to small to address the issue in detail so you are hampered and prevented from listing the entire problem/issue you are addressing. .You are not allowed to attach additional pages or evidence to support your claim sohow can the issue be resolved? Step 3 attachments are allowed.
Should Be Step 1.

Sorry I do not have Real paper - Ignore Back side of filings.  ☹

page 2 on limiting grievances/retaliation

(6) Under III Definitions, I. Remedy: A <u>meaningful response</u>, action or redress requested by the offender grievant at the step 1, 2 or 3 level which may include modification of institutional policy, ......" exhibit 4.

(7) Claimant claims that her grievance responses (except for the one on her being denied replacement shoes) were not only <u>not</u> meaningful but no investigation was done and the futher steps were just rubber stamped and not even looked at . Step 3 ususally just repeated step 1 and denied. ex 5

(8) The grievance procedure is a joke and I can do nothing about it. Without the ability to attach medical documentation at the first level and no investigation being done, no help is ever given. Over 50 med reports submitted

(9) I worked for grievance step 3 officer DeCessaro when I was the law clerk at CWCF and found him to be lazy and never investigated any complaints. Please pull the 13 ADA grievances and you will see what I mean. ex exhibit 5

(10) Please know that I am suffer from PTSD from being raped and injured by CWCF staff memeber, Sgt. Joseph Smith which is what most of my ADA claims stem from. If I had just cooperated with his year and a half of sexual demands I would not be mobility ^mobility disabled or being denied medical care for the injuries I received.

(11) My grievance regarding former Warden of DWCF, Joan Shoemaker <u>seem harsh</u> but I have no <u>patience for officials that fail to protect inmates who have been raped when the know of the raped and do noting to help stop the rape.</u> The so call medical LVCF staffing was a joke. 99% of the people in attendance had never met me or even examined me let alone were familiar with my medical problems or issues.

(12) Dr. Wermer, LVCF doctor decided that I was magically well since all my disabiities got cured on the 100 mile bus trip from DWCF to LVCF despite <u>12 years of documentation</u> from <u>DOC doc</u>tors and specialist. His evaluations and medical opinions would be considered a joke in a court trial. He makes physicaly examination <u>so painful</u> that I do not even want to try to get help. There is no legitimate penological reason to hurt me so that I am in bed for days after an examination. I am not the only inmate to complain about him. He writes in my file that there is not any medical documentation yet I find and have the documentation and when he is forced to recognize a specialist opinion, he declares them invalid because they <u>do not work for</u> DOC. UNREAL. He was sanction by the medical board prior to being employed by CDOC But as an inmate I am not entitled to know the full extent of the violations. CDOC has a habit of hiring ones that have convictions for abuse and ignoring background inforamtion that would make them unsuitable for abused inmates/people. for ~~transportation~~ ADA Shoes —

(4-15-10) I was taken out on a medical trip and had to stay in bed all the
3. next day. My hand braces were removed and I was put in a black box. I have not been black boxed for over 10 years due to my torn rotator cuff and hand injuries. IN fact I was just taken out the month before and was allowed to have on my velcro hand braces. The brace protect my exhibit swollen hand/thumb area. 6

(14) I was not secured in the normal belly chain <u>for</u> wheel chair inmates nor were the hand cuffs put on over my hand braces. The officer (Johnson) told me when I showed him my swollen right hand and asked if I could please wear my hand braces to protect my hand, 'That he is running the show and I would not be allowed my hand braces."I reminded him that he was on the transport team just last month when I was transported with my hand braces and Captain Yoe allowed them. He told me he was in charge and I would not be allowed my hand braces. Another office who had stripped me out (female) ask the shift commandar to come down (Capt Fisher). However Captain Fisher never even spoke to me he only spoke to Johnson. They

exhibit 5 list response for 11 grievance for step 3
Total B.S. Not Meaningful! I submitted over 80 pieces of medical orders/reports. etc

16) Decided to get medical involved in filming me. Which is good because it will show that they did not transport me in the wheel chair belly chain and had Chains as done for the last 6 years due to my hand and wheel chair disability. On my Accommodations it states that I am mobilty impaired/dis-abiled and requrie special transport considerations such as a van.
IT DOES NOT GO INTO DETAIL SO THE OFFICER IN CHARGE OR MEDICAL CAN DECIDE WHAT IS DONE.

17) This needs to be changed, if your in a wheel chair then you get wheel chair chains and hand cuffs. NOT the black box which totally hurt my torn rotator cuffs in my shoulders. Why should I be forced to be in pain because my ADA accommodation does not list that I be chained as wheel chair inmates are.

18) I realized you are saying why should you go into such detail when comon sense dicates that if your in a wheel chair and require a special van then you would be transported as other wheel chair inmates. Belly chains.

19) When you look at the tape which I am requested you do, you will notice that the nurse from LVCF medical acknowledges that my hand is swollen and tells me to try to hold the handcuffs further up my arm so they do not lay on my swollen wrist. UNREAL.

20) When wheel chair inmates are secured with belly chain and hand cuffed with appropriate wheel chair security chains they do not get hurt. They are secure and since I came from a class 5 facility to a class 4 facility which meets all my disability needs so much better than DWCF ever did, one wonders how I got magically well — I got Black Box.

21) The black box which holds or rather forces you to hold your shoulders out harms and further excerbates should injuries. I can't believe and I do not belive that this court will think that I magically got well since MRI confirmed should torn rotator cuffs. I understant that CDOC has ruled that I am too old for rotator cuff surgery to be cost effective ( I am 65) but are they allowed to cause pain and suffering for no legitimate penological reason. I had three guards( one with a gun) and follow up van. I am totally blind in the left eye, have limited vision in the right eye due to a series of strokes, have a torn menisus of the left knee, need hip replacement due to pain and swelling of the left hip, had total hip right hip replacement in 1993 prior to incarceration, have hammer toes so severe that they bleed if I do not have proper deep shoes and plantar fibroma on left foot is that causes pain when I walk. Have severe arthritis in my back, spine, hip, fingers and neck. Oh and I have been in a wheel chair since 2004 except for 7 months when it was taken from me for reporting violations to this court.

22) I guess the only other thing you need to know is that I reported this transportation officer (Johnson) for picking up sex nasty letters from inmate Dawn Amos at CWFF law library in 2001. I have devoted my incarceration to reporting staff misconduct regarding sexual misconduct since I was raped by correctional staff and do not want it to happen to others. I have paid a heavy price for reporting this in the way of retaliation and harassment. I can not prove this is why Johnson denied me my hand braces but it sure seems funny that after 11 years I am now denied my hand braces on transport. Especially when the swollen injured thumb is so visible and my hand braces pose no security risk only protect my hand.

*important issue*

(23)   According to LVCF medical, since my hand braces are <u>not</u> listed on my ADA Accommodation Resolution I do not have an upper body mobility impairment. I wish to call attentinon to page 5 of Final Order of Special Master which states,
" The Special Master finds and concludes that Claimant is a disabled individual who is a member of the class. Claimant has a <u>permanent physical mobility impairment</u> that <u>substantially limits</u> the major life activity of walking, working and <u>perhaps performing manual tasks</u>." ¶ 2

(23)   I was one of the very first inmates Judge Pringle did and I should not be penalized for his not going into detail. My hand was clearly injured to the point that it hampered my ability to perform daily care for myself, it influnced what jobs I could do, what programs & services I could attend and take part in and how I manage my wheel chair. Since I could not use my hands as most wheel chair inmates do, I must use my legs to get around for food, work, programs and exercise. ¶ 3 That why I must have shoes that accommodate my feet impairment/disability.
   I realize that according to Montez hands are not normally covered but when Judge Pringle listed "performing manual tasks" I believe that meant using my hands. You provide gloves for inmates who have wheel chairs so some allowances must be made for hands. That is upper body mobility issues.

(24)   I hate filing this because the retaliation will just get worse but If I don't then I will continue to be transported to outside medical trips without wheel chair shackling and cuffing appropriate to my disability needs. I run the risk of being sent to DWCF because I am the only wheel chair inmate and the need to purchase a proper set of cuffing for wheel chairs is need. Unless this court addresses this issue it will continue cause me harm and pain and further excerbate my hand and shoulder injuries.

(25)   I just found my ADA Accommodations it states number "15. Requires staff assistance when cuffed and or shackled. Refer to Section XXII of the Remedial Plan. It states," XXII Restraints, Inmates who have a disability that prevents application of restraint equipment in the ordinary prescribed manner shall be afforded accommodation, under the direction of the super visor in charge. <u>Mechanical restraints shall be applied so as to assure effective application while reasonable accommodating the inamte's disability</u>.'

(26)   What is reasonable accommodation? How could the last 11 years of shackling me be unreasonable? I was not objecting to being handcuffed I was only asking that my hand braces be allowed under the cuffs as protection for my specialist and former CDOC physicians diagnosed ¶ 4 DeQuarian disease. I was prescribed and ordered and paid for by CDOC hand braces. According to LVCF medical since my hand braces are not part of my Accommodation Resolution I am not allowed my hand braces.
   <u>WHY ARE MY HAND BRACES NOT ON MY ACCOMMODATION RESOLUTION ?</u>

   That is the question !.,

(27). The film of my being transported on 4-15-10 LVCF will show that I was not dificutlt nor disruptive, all I asked was why I could not have my hand braces while being trasported. When medical was called in you will see she addressed my having torn rotator cuffs medical injury by telling me to keep my arms as close to my body as I could. Unreal so she knew I had rotator cuff issues and totally disregarded the pain and suffering she was causing. Actually they thought they were cute. There was at least 10 officers standing around laughing at my being in pain. But all the filming did was veryify that I was in pain and asked for consideration and to be chained as wheel chair inmates are.

(28)   When an LVCF medical staff member-nurse- acknowledges a medical problems that has been prior diagnosed through specialist, CDOC doctors and MRI's and Xrays, it is a serious medical issue. Not one that can just be ignored, denied or laughted at to the point that it causes pain and needlessly suffering just because your an elderly disabled inmate.

(29)   AT what point do medical staff get to ignore physical swelling? I asked for ice for my swollen hand and was denied. I then went to the gym and got ice cream bar I had paid for the month before and placed it on my swollen hand. I had cell mates put mussel rub on my aching shoulders and was told I was moaning in my sleep. I was in pain for about two days. It still hurts to raise my hands to my head which is what is required to shampoo my hair. My shoulders are still hurting and it has been more than one week. See 3 exhibit - (5, 6, +7) P) inmate statements.

All I am asking for is to be shackled with wheel chair appropriate chains and cuffs. DWCF has large cuffs for wheel chair belly chains to accommodate my hand braces and heavy set inmates. Please order LVCF to purchase or borrow this type of shackling. The belly chain for wheel chair inmates does not use the black box but allows for wheel chair control and safety. I am also asking that my hand braces be added to my Accommodation Resuliton or LVCF/CDOC will not have to get me new set when they wear out. I filed appropriate grievances but got no relief,

Please stop the retaliation and require at least some investigation for ADA Grievances at each step of the grievance process. I would like a hearing on my hand mobiity issues and retaliation. I am not good with words on paper and due to my disabities ( having strokes/TIA's) and vision problems need to see you in person. Dictated but not read.

Sincerely

Jill Coit

This is what wheel chair shackling looks like, it is chain that goes around yur waist and is secured with apad lock. On the chain are attached tow more chains that are about 18 inches long, just long enough for you to have controlof yur wheel chair brakes and to hold on to your arm rest for security. The hand cuffs on the ends of the arm chains are larger than normal handcuffs because they must goover braces or learge people.

When inmates stay in the wheel chair inthevan they need to have some arm movement becauase many times teh wheel chairs come lose or swing around in the backof the van. That is why I always sit in the van seats instead of the wheel chair. Once Igot slammed into the van door when thewheel chair came lose. So formy safety Isit in the van chairs and get strapped in.



Sorry I can not draw

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

SAN CARLOS CORRECTIONAL FACILITY
1410 W. 13th Street, Pueblo, CO 81003
Phone: 719-544-4800          Fax: 719-583-5527

LA VISTA CORRECTIONAL FACILITY
1401 W. 17th Street, Pueblo, CO 81003
Phone: 719-544-4800          Fax: 719-583-5909

LARRY REID, WARDEN

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Exhibit # 1.

To:     Jill Coit, #86530

From:   Larry Reid, LVCF/SCCF Warden  *T. Wasko for L. Reid*

Date:   February 24, 2010

RE:     WARNING LETTER REGARDING THE FILING OF MULTIPLE / FRIVOLOUS GRIEVANCES

Be advised that you have filed __28__ multiple / frivolous grievances within the months of January – February, 2010.
This includes: 14 'step 1' and 14 'step 2' grievances.

Your irresponsible actions are infringing upon the right of access to the grievance process by all other offenders.
Resources available to respond to grievances are limited and the process is designed to allow all offenders the ability to grieve.
You are hereby directed to cease the filing of multiple / frivolous grievances immediately.

Failure to adhere to this warning will result in the loss of your privilege to file more than one grievance per month.
The length of the suspension is dependent upon the number of times your privileges have been suspended in the past.

___x___ Our records indicate this is your first warning notice and your privileges have never been suspended; therefore, your privileges may be suspended for a period of 60 calendar days.

_____ Our records indicate this is your second warning notice and your privileges have been suspended on one prior occasion; therefore, your privileges may be suspended for a period of 180 calendar days.

_____ Our records indicate this is your third warning notice and your privileges have been suspended on two prior occasions; therefore, your privileges may be suspended for a period of 1year.

_____ Our records indicate this is your fourth warning notice and your privileges have been suspended on three prior occasions; therefore, your privileges may be suspended indefinitely.

Your grievance activity is being closely monitored and should you choose to continue your abuse of the grievance system, you will be notified in writing that your privileges are being suspended. Grievance restrictions may be implemented 30 calendar days from the date this warning letter is served upon you, if you refuse to discontinue the filing of numerous, frivolous grievances.

I, __Rudy Baca_____(Print name and DOC employee ID) hereby certify that on this __3rd__ Day of __March__, 20_10_ I served the foregoing *Warning Letter Regarding the Filing of Multiple / Frivolous Grievances* on Offender __Coit, Jill_____ DOC# __86530_____.

Offender Signature __Jill C_____ Date __3-3-10-__

*offenders copy*



Ghost 3

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 12/01/09 |

2. Offenders are responsible for submitting a request for reinstatement (Attachment "E") to their case manager at least 14 calendar days preceding the date the offender is eligible to have his/her privileges reinstated. Requests received past the 14 day deadline may not result in a timely re-instatement. The case manager is responsible for forwarding the request to the administrative head, or designee, immediately upon receipt.

3. The administrative head will have served upon the offender written verification that the restrictions placed on his/her ability to file grievances has been vacated (Attachment "E").

D. Grievance Format

1. All grievances shall be submitted on the "Colorado Department of Corrections' Offender Grievance Form" (Attachment "A").

   a. The grievance shall be legible and all identifying data shall be properly completed.

   b. The grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the form. Additional pages will not be considered, except at the Step 3 level when relevant exhibits may be attached, if they are reasonably related to proving the claim to the grievance officer. Grievances that are illegible or exceed space limitations shall be accepted, assigned a grievance number, and forwarded to the appropriate party to be denied on procedural grounds.

2. The signature of the offender on the grievance form shall be evidence that the offender grants permission and is waiving confidentiality to the Department of Corrections' employees and the grievance officer to inquire into the offender's records.

E. Grievance Substance

1. Each grievance shall address only one problem or complaint and include a description of the relief requested. Problems that arise from the same incident or set of facts shall be grieved in one grievance, even though it may involve multiple DOC employees, contract workers, or volunteers.



2. A substantive issue may not be added at a later step if it has not been contained in each previous step of that particular grievance. All issues and remedies contained in the original grievance must be incorporated into each subsequent step of the grievance. Failure to renew each element of the complaint and/or requested relief in subsequent steps shall be deemed a waiver of those elements and/or requested remedy.

F. ADA Criteria and Designation

1. One of the eligibility criteria for filing an ADA grievance is that the offender has an ADA alert. Case managers are required to verify that an ADA alert exists by reviewing the ADA alert status located on the offender's DCIS "QTPROFILE." The case manager shall check the appropriate box on the grievance form prior to forwarding it to the facility grievance coordinator for processing.

2. If the offender checks the ADA box and he/she does not have an ADA alert, the case manager shall check the appropriate boxes at the top of the grievance form and the grievance shall be processed as a regular or clinical grievance.

3. Additional eligibility criteria for filing an ADA grievance are as follows: (1) the subject matter must be based upon a denial that an offender has a qualifying disability or is not found to be diabetic; (2) the failure to accommodate a qualifying disability/diabetic condition; (3) failure to provide accommodations enumerated on the accommodation resolution; (4) other matters that directly relate to an offenders disability/diabetes excluding medical care.

94 Sh Bot 3.

| CHAPTER | SUBJECT | AR # | Page 2 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 12/01/09 |

H. **Offender Grievance Officer**: A DOC employee assigned to review, investigate, and respond to all Step 3 grievances.

I. **Remedy**: A meaningful response, action, or redress requested by the offender grievant at the step 1, 2, or 3 level which may include modification of institutional policy, restoration of or restitution for property, or assurance that abuse will not recur. DOC employee, contract worker, or volunteer discipline/reprimand, damages for pain and suffering, and exemplary or punitive damages are not remedies available to offenders.

J. **Reprisal**: Any action or threat of action against anyone for the good faith participation in the grievance procedure.

K. **Volunteer**: A person approved by Faith and Citizen Programs and the respective facility administrative head/designee to provide services without compensation for DOC correctional programs.

IV. PROCEDURES

A. **Prerequisites to Filing a Grievance**

1. Upon entry into the Department of Corrections, each offender shall receive written notification and oral explanation of the grievance procedure. Reasonable accommodations shall be made to ensure all offenders with qualifying disabilities understand the grievance process.

2. The grievance procedure is available only to offenders sentenced to the Colorado Department of Corrections. This includes DOC offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision. The CDOC grievance procedure is not available to offenders currently housed outside of Colorado, pursuant to the Colorado Interstate Corrections' Compact.

3. It is preferred that offender problems and complaints be resolved by DOC employees, contract workers, volunteers, and offenders in the area of the institution where the problem or complaint arose; and, whenever possible, through discussion or dialogue. Problems that are not solved through dialogue and discussion shall be addressed by following the procedures in this administrative regulation.

4. Case managers will review and research issues and attempt to resolve the issue, prior to issuance of a grievance.

5. This grievance procedure may not be used to seek review of COPD convictions, administrative segregation placement, decisions of the Reading Committee, classification, sex offender designation, parole board decisions, or sentence computation. Code of Penal Discipline convictions, administrative segregation placements, parole board decisions, and decisions of the Reading Committee have exclusive appeal procedures. Classification is entirely at the discretion of the administrative head and classification committee of each institution. Sex offender designation and sentence computation arise from judicial proceedings involving individual offenders and require judicial review and adjustments. Decisions of the grievance officer are not grievable. **Calculations and/or awards of meritorious/earned time credits are grievable.** Grievances filed requesting review of non-grievable issues listed above shall be accepted, assigned a grievance number, and forwarded to the appropriate party to be denied on procedural grounds.

B. **Filing a Grievance**

General Principles:

1. It is the intention of this grievance process to ensure that all grievances submitted by offenders are received, tracked, and responded to. Offenders filing grievances that are procedurally deficient may be asked to cure any deficiencies and resubmit for processing; however, if the offender refuses to make required changes, it shall be accepted, processed, and denied on procedural grounds.

Exhibit 5

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:   719.226.4238
Fax:       719.226.4249

Step 3 Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

April 22, 2010

RE: Grievance #D-LV09/10-128, -130, -131, -132, -139, -133, -138, -120, -127, -129, and -137

Dear Ms. Jill Coit #86530:

I have chosen to respond all of the above noted grievances with this one response. You were evaluated for hearing, vision, upper extremity, and mental disability and determined not to be disabled. I cannot second guess the results of that evaluation as I am not a medical professional. The results indicate that you do meet the criteria to be considered as disabled for any of the above noted disabilities. You were however found to be mobility disabled and that issue is addressed below.

I have reviewed your Step 3 grievance that you filed with regard to mobility disability status.

In review of this matter it is my finding that in determining whether or not an offender is mobility impaired, each offender is evaluated using a standard criteria pertaining to his or her ability to perform certain tasks related to mobility. You received such an evaluation by a medical health professional. I cannot second guess the results of that evaluation as I am not a medical professional. The results indicate that you do meet the criteria required to be categorized as mobility disabled and you were given an Accommodation Resolution ("AR") dated 11/23/09. The accommodations provided to you are listed on that resolution. The Chief Medical Office together the Office of the AIC made the determination that the accommodations adequately address your needs. Based upon the fact that you were evaluated and determined to be disabled and provided with the appropriate accommodations, I cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender Records

To whom it may concern:  4-20-10

On April 15, 2010 I did witness Ali Coit's swollen wrist and hand she was in severe pain. I am her cell mate and noticed that afteroon her in severe pain. She did show me her hand I asked her if it was from her chains from transport She did se tell me it was. I have had the same problems while on a transport.

Della A. Valdez
#140429

Er 6

4/20/10

To whom it may concern,

I am Jill Coit roommate and on 4-15-10 she came back from her med appt. and she was in so much pain. Her hands and wrist were swollen from the black box and hand cuffs. She was like that for a couple of days. I could hear her at nite moaning in her sleep because of the pain.

I too had a med appt on 4-15-10 and had hand cuffs and the black box and my hands and wrist were swollen as well. I have fibromyalgia and the black box was not needed except to cause pain.

Thank You
Sharon Woodall
D.O.C 148962

Ex 7

4-20-10

To whom it may Concern;

I'm writing this letter in regards to Inmate Jill Coit, who is my room-mate in a five man cell, 110.

On the 15th of April, she had to go outside of the facility for a medical appointment.

When she came back from the appointment, I could see she was in pain. Her hands where swollen, and I could see deep handcuff marks on her wrists, both of her thumbs where swollen, also.

Before I went to work, I rubbed some ointment on her hands and shoulders, she had to lie down because of the pain.

When ever I go out of the facility on an appointment, I come back hurting, also. I have arthritis in both of my hands and suffer a great deal of pain too. So I know what it feels like because of misuse of handcuffs with the box.

Sincerely
Cynthia Sanders
#43578

e, p