UNITED STATES DISTRICT COURT
901--19th Street
Denver, Co 80294

JESSE (JESUS) MONTEZ, ET AL

VS

BILL OWENS, ET AL

CIVIL ACTION NO: 92-N-870 (OES) and
96-N_343

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 03 2010

GREGORY C. LANGHAM
CLERK

Clain Number : 03-129
Claimant: Jill Coit #86530
LVCF 1401 West 17th Street
Pueblo, Co 81003

ORDER REGARDING #3920-NOTICE TO THE COURT THAT DENVER WOMEN'S CORRECTIONAL FACILITY AND THE COLORADO DEPARTMENT OF CORRECTIONS HAVE NO INTENT OF OBEYING THE MONTEZ REMEDIAL PLAN, ETC-(REGARDING COMPUTERS XVII LIBRARY EQUIPMENT)

Comes Now claiminat, Jill Coit pro se and does hereby submit more evidence that the CDOC and DWCF as well as LVCF and other corectional facilities have no intention of ever obeying the Montez Remedial Plan. As evidence of this claim, Coit present a response from the Director of Medical, Ms. Joan M. Shoemaker, Deputy Director of Prisons, Clinical Services who was the Warden of Denver Women's Correctional Facility when Montez Remedial Plan was signed in August 2003. This director should know the Montez Remedial Plan completely, yet she responded this way: Grievance Number D-LV-09/10-130 on 1-27-2010, (exhibit 1-3 pages)

" Grievance #130- The Step 1 grievance is correct. The issue concerning your upper extremity disabilities have beenaddressed in greivzance #131. The Montez Remedial Plan does not allow for Offenders to receive a computer as an accommodation for any disability...."

Please tell me how the Montez Remedial Plan on page 22 see attached exhibit 1. state," XVII. Library Equipment -Electronic equipment, such as audio equipment, tape recorders and computers will be available for use and when appropriate, to be checked out, inthegneral library and other areas where appropraite, for use by inmates with disabilities..."

I do have total vision loss in the left eye and only see out the upper part of the my right eye but I can read and the Montez Remedial Plan clearly says computers will be available, am I correct?

CDOC continues to state that I am not vision impaired under Montez and ADA using the 'A vision disability is present if the visual acuity is less than 20/60 in the better eye or the visual field is less than 20 degrees in the better eye."

According to Denver Health Optomology I have 20/40 in the right eye but the test shows-machine test that measures vision -Single Field Analysis done 3-09-05 shows I only see out of the upper middle section with limited vision on the sides of the eye. How can I be 20/40 when the entire lower half has no vision. Also included is hand exhibit showing others are allowed hand restriction (exhibit 2) per #

See exhibits 1+2 + request for pillow

totally Blind left eye.

Jill Coit

4-29-10

Coit Response
February 19, 2010
Page 2 of 3

addressed. Therefore, this step 2 grievance is denied.

Grievance #132- You have been screened using the criteria to which the attorneys for the plaintiff class and the Department have agreed. The criteria for the screening is the following: " A vision disability is present if the visual acuity is less than 20/60 in the better eye or the visual field is less than 20 degrees in the better eye." The results of your eye exam indicate that you do not meet the criteria. Your eye exam results show that your vision, while wearing your eyeglasses, in your right eye is 20/40 and you have a visual field of 40. In your left eye, you have the ability to perceive light. While you have a vision impairment, your vision is 20/40 with eyeglasses, therefore, your Step 2 grievance is denied because you do not meet the vision disability criteria.

Grievance # 131- The Step 1 grievance response is correct. First, the Remedial plan does not allow for accommodations for upper mobility disabilities. Second, your medical record indicates in 2007 you were seen by a specialist for your upper extremities. The results of the testing done at that time show that you did not have any abnormal findings. Your step 2 grievance is denied.

Grievance #130- The Step 1 grievance is correct. The issues concerning your upper extremity disabilities have been addressed in grievance #131. The Montez Remedial Plan does not allow for offenders to receive a computer as an accommodation for any disability. You do not have a need for three pairs of wrist braces. You have been given two braces because your medical needs require two braces. Medical providers have noted that you are able to move very quickly and rapidly in your wheelchair as well as your ability to complete your activities of daily living, that is eating, brushing your hair and teeth, showering, etc. If your condition has changed dramatically that you need an Offender Care Aid, your request must first be made to the ADA Inmate Coordinator, thus your Step 2 grievance is denied.

Grievance #129- This Step 2 grievance is another lengthy diatribe regarding your overwhelming unhappiness with the ADA Inmate Coordinator and the medical staff as evidenced by the inappropriate comments written by you . These issues have been a constant theme though the eight grievances being addressed in this memo and do not present any issues for which relief can be granted. This Step 2 grievance is being denied on procedural grounds.

Grievance #127- The Step 1 grievance response is correct. If you require a wheelchair cushion, please kite the clinic and make an appointment for an evaluation for this cushion. The issues of the special flush toilet, the yellow exercise bands and walking in your unit without your wheelchair have been adequately addressed. The Step 2 grievance is denied.

Grievance 128- The Step 1 grievance response is correct. Your medical record suggests that you been seen in 2007 by a specialist after conducting an electroneurodiagnostic examination which found that you do not have carpal tunnel syndrome in your hands. Osteoarthriits is a condition that occurs as men and women age. It does affect the joints and it can be painful. Your medical provider can work with you regarding hand exercises and other over-the counter pain relief measures. Your step 2 grievance is denied.

These eight grievances contain many of the same issues: your unhappiness with the ADA Inmate Coordinator; medical staff; denial of disability status regarding vision and upper mobility as well as



# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Division of Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:  (719) 579-9580
Fax:    (719) 226-4755
Web:    www.doc.state.co.us

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

To:     Offender Coit, #86530

From:   Joan M. Shoemaker
        Deputy Director of Prisons, Clinical Services

Date:   February 18, 2010

RE:     Step 2 grievances

On the following dates, you have filed Step 2 grievances concerning a meeting held at the La Vista Correctional Facility on November 17, 2009.  These eight grievances are related to this meeting and all eight were denied at Step 1.

| Grievance number | Date Step 2 Filed | Issue |
|---|---|---|
| D-LV-09/10-120 | 1-15-2010 | Objection to Step 1 grievance response |
| D-LV-09/10-139 | 1-25-2010 | Objection to Dr. Wermer's examination |
| D-LV-09/10-132 | 1-27-2010 | Objection to vision criteria and finding of no vision disability |
| D-LV-09/10-131 | 1-25-2010 | Denial of front closure shirts. |
| D-LV-09/10-130 | 1-27-2010 | Denial of computer under Montez Agreement |
| D-LV-09/10-129 | 1-27-2010 | Removal of hand braces |
| D-LV-09/10-127 | 1-27-2010 | Various issues regarding wheelchair, walking, toilet, etc. |
| D-LV-09/10-128 | 1-27-2010 | Hand disability and computer use |

Your Step 2 grievances are denied for the following reasons:

Grievance #120- The Step 1 response is correct.  This meeting was to discuss your need for certain durable medical equipment and did not discuss all details of your medical history and diagnosis.  The Department reviewed this information with both medical and security staff to ensure that your need for durable medical equipment was accommodated.  You signed a release when you first applied for disability status and this release allows for the ADA Inmate Coordinator to share information with those staff who have a need to know.  Thus, your Step 2 grievance is denied.

Grievance #139- This Step 2 grievance is denied as the medical records indicates that you have cooperated fully in the examination process.  The records do not support any mistreatment by the facility physician and also indicate that you have been given all opportunities to have your medical concerns

EXHIBIT 3

**SINGLE FIELD ANALYSIS**
NAME: COIT, JILL
CENTRAL 24-2 THRESHOLD TEST

96112174
03/09/06 HSC: EYE
COIT
JILL    F 06/11/1944
2053683      DVR: Y
008
1:  2:  RX:  IP:
PCP:
PHN: (303)307-2307   MRLO: DGOP

EYE: RIGHT
DOB: 06-11-1944

FIXATION MONITOR: GAZE/BLINDSPOT
FIXATION TARGET: CENTRAL
FIXATION LOSSES: 0/18
FALSE POS ERRORS: 1 %
FALSE NEG ERRORS: 15 %
TEST DURATION: 09:02

FOVEA: OFF

STIMULUS: III, WHITE
BACKGROUND: 31.5 ASB
STRATEGY: SITA-STANDARD

PUPIL DIAMETER: 4.8 MM
VISUAL ACUITY:
RX:     DS     DC  X

DATE: 03-09-2006
TIME: 4:36 PM
AGE: 61

*see this part only*

TOTAL DEVIATION

PATTERN DEVIATION

GHT
OUTSIDE NORMAL LIMITS

MD   -10.85 DB  P < 0.5%
PSD   10.86 DB  P < 0.5%

::: 5%
⌘: 2%
▦: 1%
■: 0.5%

DENVER HEALTH MEDICAL CENTER
DEPARTMENT OF OPHTHALMOLOGY- EYE CLINIC
700 DELAWARE ST
DENVER, CO 80204

© 1994-2006 HUMPHREY SYSTEMS
HFA II 750-4818-12.5/12.5

G. MAINTENANCE OF ACCESSIBLE FEATURES AND EQUIPMENT

The DOC has a duty to maintain structural features and equipment in operable working conditions in order to make the prison system's services, programs, and activities accessible to disabled inmates. Isolated or temporary interruptions in service or access due to maintenance or repairs are not prohibited, as long as the facility is taking prompt action to correct the deficiency.

## XVII. LIBRARY EQUIPMENT

Electronic equipment, such as audio equipment, tape recorders, and computers will be available for use and when appropriate, to be checked out, in the general library and other areas where appropriate, for use by inmates with disabilities. Each facility will be responsible for training staff and inmates with disabilities, in the proper use of the equipment. Each facility shall provide a list of such equipment available to inmates with disabilities to the AIC and submit a protocol for the use of this equipment to be approved by the AIC. There will be a protocol, approved by the AIC that will be used for each facility. The librarians shall maintain a list of resources regarding available accommodations which can be provided, such as books-on-tape and inter-library loan programs.

## XVIII. INSTITUTION PROCEDURES

A. ORIENTATION AT PLACEMENT FACILITY

When an inmate with a disability initially arrives at a new facility, the case manager assigned to the inmate shall ensure that during the orientation process, the inmate is provided relevant information regarding the accommodations and/or assistive devices that will be made available to that inmate to accommodate his/her needs. The inmate shall also be informed of the availability of the AIC for assistance with programs, services or benefits at DOC and of the ADA Grievance Process. The information shall be provided in a format that is accessible to the inmate.

B. NOTICES, ANNOUNCEMENTS, AND ALARMS

1. Written and/or Recorded Materials

Each designated facility shall ensure that the printed materials that are distributed to inmates are accessible to inmates with disabilities. Accommodations such as large print, computer assisted devices, audio tapes, and Braille will be made available on a case by case basis. When such assistive devices are not adequate to communicate with the inmate, then it is the responsibility of the inmate's case manager to ensure that the inmate is aware of the distributed material. Each facility will adopt an Implementation/ Adjustments (I/A) or an Operational Memorandum (O/M) that identifies a position that will be responsible for providing the assistance and equipment necessary to all inmates with disabilities to ensure that inmates who have

22

EXHIBIT 71