5/3/10

United States District Court
Honorable John Kane
901 19th St.
Denver Co. 80294

Ft Lyon's Corr Facility
Thomas Snyder #57207
P.O. Box 1000
Ft Lyon's Co 81038
Claim #03-157
Catagory III

```
        FILED
UNITED STATES DISTRICT COURT
     DENVER, COLORADO

      MAY 07 2010

  GREGORY C. LANGHAM
          CLERK
```

92-cv-00870-JLK

RE: Appeal of Final Order of Special Master's Dated April 9, 2010.

Your Honor;

This Letter is to inform you of my wish to Appeal the Special Master's Final Order dated April 9, 2010 for the following reasons.

The Special Master's denied my claim for damages and has dismissed my claim stating that I was not disabled or a victim of descrimination on or before Aug. 27, 2003.

I became disabled from Arthritis (Gout) May 6, 2003 (See Attached Ambulatory Health Record). The D.O.C. ignored my pleas for medical attention for over 2 yrs and I continue to suffer from this ailment to this day.

The Special Master's himself said in the final Order dated

June 28, 2006 that "Yes I am disabled and that yes I was part of the Montez Claim", However he disallowed me damages because I had no claim for discrimination at that time.

My claim was <u>not</u> dismissed because I was not disabled as the Special Master's claimed in his Final Order dated April 9, 2010.

As of the past two years I have asked the Special Master's and D.O.C. to comply with the Remedial Plan by giving me a mobillity Aid (IE Cane) and an ellevator pass. The mobillity Aid I had has expired and I no longer have one as of Nov. 2006...

I have since changed my mind and ask for the above mentioned mobillity Aid (IE Cane) and an ellevator pass, along with damages for pain & suffering and for not allowing me access to participate in daily activities such as Gym, Library and/or Religious Svcs...

Therefor I wish to Appeal the Special Master's dicision and ask that you order the D.O.C. to comply with the Remedial plan by granting me 1) mobillity Aid (IE Cane) 2) Ellevator pass 3) damages as the Court's see fit.

Respectfully
Thomas Snyder #57207

**REQUEST FOR SICK CALL**

NAME: THOMAS SNYDER   NUMBER: 57207
DATE: 12-3-09   LIVING UNIT: 5-2
WORK ASSIGNMENT: AM Laundry

Offender needs to be seen by: (CHECK ONLY ONE)

√ Physician Assistant/Nurse Practitioner
___ Dentist
___ Nurse
___ Mental Health
___ Self Medication: Refill Name: _____
   Prescription Number: _____
___ Other: _____

Explain your need for request: I need my cane & elevator pass renewed.

1/5/10

Try

Offender's request was received at Dispensary:
Date: 1-4-10   By: [signature]
Action Taken: Schedule provided Sick Call

20053 Distribution: White Copy-Dispensary   Canary Copy-Medical   Pink Copy-Offender

---

**REQUEST FOR SICK CALL**

NAME: Snyder THOMAS   NUMBER: 57207
DATE: 12/28/09   LIVING UNIT: 5-2
WORK ASSIGNMENT: outside Laundry

Offender needs to be seen by: (CHECK ONLY ONE)

X Physician Assistant/Nurse Practitioner
___ Dentist
___ Nurse
___ Mental Health
___ Self Medication: Refill Name: _____
   Prescription Number: _____
___ Other: _____

Explain your need for request: Because of my New Job I need my mobillity Aid (cane) renewed to peermanant since I can't walk the distance it takes to go to work

Try

Offender's request was received at Dispensary:
Date: 12-31-09   By: [signature]
Action Taken: Chart Review with Holt.

20053 Distribution: White Copy-Dispensary   Canary Copy-Medical   Pink Copy-Offender

DEPARTMENT OF CORRECTIONS

# TEMPORARY MEDICAL WORK RESTRICTION

Effective from: 5-5-03 START DATE    To 5-9-03 ENDING DATE

Reason for Restriction: Ankle Injury

Lay-In for 3 days (out of cell/bunk for meals, medications and bathroom only).

Work Restrictions:

\_\_\_\_ No Overhead Work
\_\_\_\_ No Work With  R\_\_\_\_  L\_\_\_\_  Arm\_\_\_\_  Hand\_\_\_\_
\_\_\_\_ No Standing Stationary for More Than\_\_\_\_ Minutes
\_\_\_\_ No Bending, Squatting, Stooping or Lifting
\_\_\_\_ Other (Please Specify)_____

Sports Restrictions:

\_\_\_\_ No Team Sports
\_\_\_\_ No Running, Jumping or Jogging
\_\_\_\_ No Weight Lifting
\_\_\_\_ May Still Walk on Track, Do Stretching Exercises and Light Calisthenics.
\_\_\_\_ Other (Please Specify)_____

Comments: Ankle Injury - To Remain on Crutches

_[Physician signature]_ PHYSICIAN SIGNATURE    5-6-03 DATE

_[Inmate signature]_ INMATE'S SIGNATURE    57207 DOC#    5-6-03 DATE

**DEFENDANT'S EXHIBIT B** (PENGAD-Bayonne, N.J.)

| INMATE NAME (Last, First, MI) | DOC# | DOB | RACE/SEX | FACILITY |
|---|---|---|---|---|
| Snyder, Thomas | 57207 | 7/13/67 | /MALE | CROWLEY COUNTY CORRECTIONAL FACILITY |




DC Form 78 (2/93) / Old. N...
WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

**COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD**

PRICARE CODE NO. | NAME: Snyder Thomas | OFFENDER NO: 57207 | LIVING UNIT:

SUBJECTIVE: c/o Swelling, Pain to (R) ankle discoloration

DATE: 5-6-03   TIME:

PROBLEM 1 2
PLAN / ORDERS

OBJECTIVE: Temp. 128/84  Pulse 80  Resp. 18  B/P 98"
∅ discoloration. Edema present
Pain on palpation.
Splint placed
Crutches
Lay-In – 5/5/03 · 5/9/03
Pass for X-Ray.

✓ Splint Crutches
✓ X-Ray in AM
✓ Ibuprofen 400mg PO TID per nurse protocol

ASSESSMENT:
alteration in Mobility R-T ankle
R/T add pain, edema, Limping

SIGNATURE NURSE: David Schmyl RN
P.E.: noted 5-6-03 M.Shields
PHYSICIAN: J Hutton DO
Rx NO.

---

PRICARE CODE NO. | NAME: Snyder, Thomas C. | OFFENDER NO: 57207 | LIVING UNIT:

SUBJECTIVE: New Intake per Intake protocol

DATE: 4-18-03   TIME:

PROBLEM 1 2
PLAN / ORDERS   FAXED 4-18-03

OBJECTIVE: Temp. 99²  Pulse 88  Resp. 20  B/P 124/80
Hx Asthma, HTN, Migraines

Benadryl 50mg ī PO TID
Nasacort AQ ī Spray @ Nare BID
Tylenol 325 mg ī · īī TID for H/A
Captopril 25mg ī PO Tab  x30d
HCTZ 25mg ī Tab PO

POSTED 4-18-03

SIGNATURE NURSE:
P.E.:
PHYSICIAN: J Hutton DO
Rx NO.

ASSESSMENT:
Allergic To PCN

Chart Reviewed

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238
Fax:       719.226.4249

Step 3 Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

February 17, 2010

RE: Grievance #D-FL09/10-008

Dear Mr. Thomas Synder #57207:

I have reviewed your Step 3 grievance that you filed with regard to mobility disability status.

In review of this matter it is my finding that in determining whether or not an offender is mobility impaired, each offender is evaluated using a standard criteria pertaining to his or her ability to perform certain tasks related to mobility. You received such an evaluation by a medical health professional. I cannot second guess the results of that evaluation as I am not a medical professional. Upon completion of this screening the Chief Medical Officer determined that you do **not** have a mobility disability based upon your current physical exam; however because the Special master previously determined that you do have mobility disability, CDOC is required to acknowledge the courts final order. You are only entitled to the standard ADA accommodations ordered by the Special Master. No other accommodations were awarded by the court or deemed necessary according to your ADA screening. I therefore cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender Records

*Rec'd*
*12/28/09*

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒   No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒   No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒   No ☐
Date received by case manager: 12/28/09   Case Manager: J. Carlson

**RECEIVED DEC 30 2009**

Grievance Number D-FL-09/10-008   STEP (Circle One)   1   2   ③

NAME: THOMAS SNYDER   DOC NO. 57207   FACILITY/UNIT/POD: FLCF/5/2

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

At the hearing with the Special Master's I already had a cane and was able to travel on the ellevator. They have since been taken away for no other apparent reason than I don't need them anymore. I still cannot walk farther than 100 yrd and cannot walk stair's without stopping.

Ressolve: Provide
1) Ellevator pass
2) Cane
3) Lower Level bunk Assignment

**TO BE COMPLETED BY OFFENDER:**
DATE: 12/28/09   OFFENDER SIGNATURE: Thomas Snyder #57207

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: disability
DATE: 12.30.09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: Helen Comparoni   Helen Comparoni   10609

Date ADA grievance sent to AIC: _____
RESPONSE

RECEIVED JAN 0 5 2010
Office of Correctional Legal Services

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE:   OFFENDER SIGNATURE/PRINT NAME & DOC #

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Rec'd
11/16/09

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 11/17/09   Case Manager: Jr Carlson

RECEIVED NOV 19 2009 By_____

**Grievance Number** D-FC09/10-008        **STEP (Circle One)** 1 ②  3

| NAME Snyder THOMAS | DOC NO. 57207 | FACILITY/UNIT/POD FCCF |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

I still need the afore mentioned Accomodations.

**TO BE COMPLETED BY OFFENDER:**
DATE: 11/16/09   OFFENDER SIGNATURE: [signed]

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 11/19/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #

Date ADA grievance sent to AIC: 11/19/09
**RESPONSE**

See response attached dated December 11, 2009

**TO BE COMPLETED BY RESPONDER**
| DATE GRIEVANCE REC'D BY RESPONDER: 11-25-2009 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Joan M Shoemaker #2695 | RESPONSE DATE: 12-11-09 |

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 12/28/09   OFFENDER SIGNATURE/PRINT NAME & DOC #: [signed] Tom Snyder 57207

RECEIVED

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

NOV 2 5 2009

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719) 579-9580
Fax: (719) 226-4755
Web: www.doc.state.co.us

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

To: Offender Flohr #53894

From: Joan M. Shoemaker
Deputy Director of Prisons, Clinical Services

Date: December 11, 2009

RE: Step 2 grievance D-FL0910-008

On July 27, 2009, you filed a Step 1 grievance in which you cite the results of ADA AR, dated June 1, 2009. You state you were not given the following accommodations: a cane, lower level bunk assignment, and an elevator pass. Your remedy is for CDOC to honor these accommodations.

On November 3, 2009, the Step I grievance was denied based on the following reasons: Your Accommodation Resolution reflects the decision of the Final Order of the Special Master, which cites you do have a qualifying mobility disability. However, the Special Master did not order any specific medical devices, equipment or accommodations based on the findings. CDOC does not find a special need for your requested accommodations. You are granted the standard mobility accommodations as listed on your Accommodation Resolution.

On November 11, 2009, you filed a Step II grievance citing you "still need the afore mentioned accommodations."

Your Step 2 grievance is denied with the following reasoning:
The Special Master did not order any specific medical devices, equipment or accommodations based on the findings. CDOC does not find a special need for your requested accommodations. You are granted the standard mobility accommodations as listed on your Accommodation Resolution. Step II grievance Denied.

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 7/28/09   Case Manager: J. Carlson

RECEIVED JUL 28 2009

Grievance Number D-FL09/10-008   STEP (Circle One) ① 2 3

NAME: Snyder Thomas   DOC NO. 57207   FACILITY/UNIT/POD FCF 5-2

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Meaningful Remedy:**

In a Accomodation Resolution Dated 6-1-09 I was not given the following Accomodations. 1) A mobility Aid (cane) 2) Lower Level - Lower bunk Assignment 3) Elevator Pass (to exclude walking up stairs).

Remedy: Have these Accomodations.

**TO BE COMPLETED BY OFFENDER:**
DATE: 7/27/09   OFFENDER SIGNATURE: Thomas Snyder #57207

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 7/28/09   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #: N Goldstein / N Goldstein

Date ADA grievance sent to AIC: 7/29/09 NG

**RESPONSE**
SEE ATTACHED RESPONSE
Katie Baxter
Office of Correctional Legal Services
Acting AIC-ADA Inmate Coordinator
#2429    11/2/09

**TO BE COMPLETED BY RESPONDER**
DATE GRIEVANCE REC'D BY RESPONDER: 6/7/09   RESPONDER SIGNATURE/PRINT NAME & ID #: 1406   RESPONSE DATE: 11/2/09

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 11/11/09   OFFENDER SIGNATURE/PRINT NAME & DOC #: Tom Snyder #57207

RECEIVED AUG 0 3 2009
Office of Correctional Legal Services

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:   719.226.4245
Fax:       719.226.4249

Office of ADA Inmate Coordinator (AIC)

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From:   Meghan A. Reed, AIC Designee
            Office of the AIC (ADA Inmate Coordinator) K. Baxter
Received Grievance: 8/3/09
Sent Response: 11/3/09
Offender Name: SNYDER, Thomas
DOC No: 57207
Facility: FLCF
Grievance No: D-FL0910-008

---

**DISABILITY STATUS: Pursuant to the Accommodation Resolution signed 6/1/09, in accordance with the Final Order of the Special Master, you do have a mobility disability. According to a DOC disability screening, you do have Diabetes; you do not have a qualifying vision, mental health, or medical condition disability (Gout).**

---

**In the grievance referenced above, you allege the following:**
1. In your Accommodation Resolution, you were not given the following: (1) Mobility Aid (cane); (2) Lower Level bunk assignment; (3) Elevator Pass to exclude walking up stairs.

**Requested Relief/Remedy:**
1a. Honor these accommodations.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. Your Accommodation Resolution is complaint with the Final Order of the Special Master: *you do have a qualifying mobility disability*. However, the Special Master *did not* order any specific medical equipment or accommodations for your disability, nor does the DOC disability screening find the need for the above-mentioned accommodation. Therefore, you are *only entitled to the standard mobility accommodations listed on your Accommodation Resolution.*

**CONCLUSION:** Based on the information above, this grievance is denied.

**GRIEVANCE DENIED IN TOTAL**

cc: AIC File

## ACCOMMODATION RESOLUTION

Offender Name: SNYDER, Thomas
DOC#: 57207

You DO HAVE DIABETES and are therefore considered a class member of the *Montez v. Owens* lawsuit

ALL DIABETICS are entitled to the below listed accommodations, as needed:
1. Access to finger sticks upon request;
2. Timing of meals with insulin;
3. Where hypoglycemia or occurrence of a hypoglycemic event is documented, access to housing in a cell with a call button if the lock on the cell the offender is currently housed in is controlled by DOC staff;
4. When possible, access to bathroom breaks during visitation & during programs and/or alternative methods to accommodate such need;
5. No co-payments related to treatment for diabetes or diabetes-related conditions excluding the annual $5.00 charge assessed to all DOC offenders;
6. Access to after-hour testing kits;
7. Access to all benefits, services and programs offered at DOC, regardless of diabetes, including progression to lower level security facilities;
8. Annual education on diabetes; and
9. Prescription medication(s), IF NECESSARY, as determined by clinical services.

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan.

## You DO HAVE A MOBILITY DISABILITY

Pursuant to the Final Order of the Special Master and the Remedial Plan and subsequent Stipulations you will be provided with the following accommodations:

1. Assignment to a designated facility
2. Requires staff assistance when cuffed and/or shackled. Refer to Section XXII of the Remedial Plan
3. Requires staff assistance during transport when embarking and disembarking from the vehicle
4. Reasonable accommodations will be provided during searches. Refer to Section XXIII of the Remedial Plan
5. Requires staff assistance during an emergency or evacuation

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan

**You DO NOT HAVE A VISION DISABILITY**

Following a disability screening it has been determined that you do not have a vision disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You DO NOT HAVE A MENTAL HEALTH DISABILITY**

Following a disability screening it has been determined that you do not have a mental health disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**Your MEDICAL CONDITION (Gout) DOES NOT RISE TO THE LEVEL OF A DISABILITY**

Following a disability screening it has been determined that you do not have a medical condition that is disabling pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**Your MEDICAL CONDITIONS (COPD & Sleep Apnea) DONOT RISE TO THE LEVEL OF BREATHING DISABILITIES**

Following a disability screening it has been determined that you do not have medical conditions that are disabling pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

**You are required to notify clinical services and the AIC immediately if your health care device(s) is broken, lost, stolen or becomes inoperable for any reason.**

The health care device(s) listed above shall fall under the provisions of Administrative Regulation (AR) 850-6, "Offender Property" and shall be placed on your property list. Any misuse of the health care device(s) may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this resolution. You may not file future ADA grievances regarding your medical care. Please refer to A.R. 850-04 for details regarding the grievance process.

This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_Paula J. Frantz MD_  3/25/10        _Juli Russell_  3-23-10
Chief Medical Officer       /Date         AIC                  Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, Housing Supervisor, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print 2 full size copies on yellow paper & serve on offender