IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK

JESSE (JESUS) MONTEZ, *et al.*,

    Plaintiffs,

v.

BILL OWENS, *et al.*,

    Defendants.

## PRETRIAL ORDER

### 1.  DATE AND APPEARANCES

Date of Hearing:  June 7, 2010

Appearing for Plaintiffs:    Paula Greisen
Jennifer Riddle
King & Greisen LLP
1670 York St.
Denver, CO 80206

Edward T. Ramey
Blain D. Myhre
Lara E. Marks
Isaacson Rosenbaum P.C.
1001 17th Street, Suite 1800
Denver, CO 80202

Appearing for Defendants:    Elizabeth H. McCann
James X. Quinn
Berina Ibrisagic
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor

2315153_1.doc

Denver, CO 80203

Thomas Lyons
Gillian Dale
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2037

## 2.  JURISDICTION

Jurisdiction is proper in this case as Plaintiffs seek judicial review of compliance issues pursuant to 28 U.S.C. § 1331.  Jurisdiction is not challenged.

## 3.  CLAIMS AND DEFENSES

a.          Plaintiff(s)' statement:  In 2003, the "Remedial Plan" became an order of the Court by agreement of the Montez Class (Plaintiffs) and the Colorado Department of Corrections ("DOC" or "Defendants").  The Remedial Plan specifies the DOC's obligations to accommodate those inmates who are determined to have a qualifying disability under the Americans with Disabilities Act.  DOC has failed to achieve substantial compliance with the Remedial Plan and all subsequent stipulations thereto since its inception in 2003.

b.          Defendant(s)' statement:  The Policy statement contained in the Remedial Plan specifies that "[i]t is the policy of the Colorado Department of Corrections (DOC) to provide inmates with disabilities, with or without reasonable accommodation, access to its programs and services consistent with legitimate penological interests.  No qualified inmate with a disability, as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the DOC or be subjected to discrimination.  All facilities designated to house inmates with

disabilities will provide comparable programs, services and benefits available throughout comparable DOC facilities to ensure that inmates with disabilities are not discriminated against because of their disability." The DOC was in substantial compliance with this policy objective, with all aspects of the Remedial Plan, and with all subsequent stipulations as of May 1, 2009.

In 2006, the parties stipulated, and the Court concluded, that the DOC was in substantial compliance with section VII of the Remedial Plan, "Structural Compliance/Physical Plant Changes." Thus, all architectural issues contained in the Remedial Plan as well as the monitoring period with respect to architectural issues have been completed.

    c.    Other parties' statement:  n/a

### 4. STIPULATIONS

In order to streamline the hearing, Plaintiffs stipulate that they will not be submitting evidence on the following areas of the Remedial Plan:  Sections VII, VIII(A), XI, XV(F), XVII, XXI, XXII, XXIII, XXVII, XXX.  Plaintiffs are not stipulating that the failure to introduce evidence on these issues is an admission of substantial compliance with the Remedial Plan.  The Parties also do not anticipate any objections associated with the authenticity of any exhibits.

### 5. PENDING MOTIONS

    a.    None.  Defendants anticipate submitting a hearing brief on or before May 21, 2010, relating to the issue of substantial compliance.

## 6. WITNESSES

a. Nonexpert Witnesses

**Plaintiffs' Witnesses.** *See attached Exhibit B*

(1) Any witnesses necessary for impeachment or rebuttal.

(2) Plaintiffs reserve the right to supplement this list.

**Defendants' Witnesses:** *See attached Exhibit D*

(1) Any witnesses necessary for impeachment or rebuttal.

(2) Defendants reserve the right to supplement this list. On November 4, 2009, Defendants served their First Set of Compliance Interrogatories and Requests for Production of Documents upon the Plaintiffs. The Discovery Requests sought basic information relating to this case. Specifically, the Discovery Requests sought information regarding what aspects of the Remedial Plan Plaintiffs contend that the CDOC is not compliant, the documents and witnesses Plaintiffs intend to utilize at the Compliance Hearing, and for each such witness, a statement of the subject matter of which each such witness is knowledgeable, and the expected testimony of each such witness. Plaintiffs responded to the discovery requests on April 1, 2010, five months after they were served. Additionally, Plaintiffs supplemented their witness and exhibit designations in the discovery responses on May 5, 2010. As a result, Defendants reserve the right to supplement their witness and exhibit disclosures in order to address the issues implicated by Plaintiffs' supplemental responses.

2315153_1.doc

      b.      Expert Witnesses

**Plaintiffs' Expert Witnesses.**  <u>*See attached Exhibit B*</u>**:**

(1)      Any witnesses necessary for impeachment or rebuttal.

**Defendants' Expert Witnesses:**  <u>*See attached Exhibit D*</u>**:**

(1)      Any witnesses necessary for impeachment or rebuttal.

### 7. EXHIBITS

a.      **Plaintiffs' Exhibit List**: <u>*See attached Exhibit A*</u>.

Plaintiffs reserve the right to supplement this list.  Class counsel is continuing to receive claims referred by the Special Masters and additional discovery from Defendants.

b.      **Defendants' Exhibit List:**  <u>*See attached Exhibit C*</u>.

Defendants reserve the right to supplement this list.  On November 4, 2009, Defendants served their First Set of Compliance Interrogatories and Requests for Production of Documents upon the Plaintiffs.  The Discovery Requests sought basic information relating to this case.  Specifically, the Discovery Requests sought information regarding what aspects of the Remedial Plan Plaintiffs contend that the CDOC is not compliant, the documents and witnesses Plaintiffs intend to utilize at the Compliance Hearing, and for each such witness, a statement of the subject matter of which each such witness is knowledgeable, and the expected testimony of each such witness. Plaintiffs responded to the discovery requests on April 1, 2010, five months after they were served.  Additionally, Plaintiffs supplemented their witness and exhibit designations in the discovery responses on May 5, 2010. As a result, Defendants reserve the right to supplement their witness and exhibit disclosures in order to address the issues implicated by

Plaintiffs' supplemental responses.

    c.    Plaintiffs' Position:  Class counsel intend to provide copies of listed Plaintiffs' exhibits to opposing counsel as soon as possible but no later than five days after the Pretrial Conference.  Except for expert reports, all documents used as exhibits by the Plaintiffs are documents that have been produced by the Defendant.  Class Counsel has already provided information to the defense identifying how each exhibit relates to the relevant section of the Remedial Plan.

    Defendants' Position:  Defendants request copies of all exhibits be exchanged by May 21, 2010.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

    a.    Class counsel intends to present video testimony from numerous class members throughout the state.  The parties are cooperating in arranging telephone contact between class counsel and these witnesses.  Class counsel will attempt to have these individuals identified and specify when such testimony will be presented on or before May 27, 2010.

## 10.  SETTLEMENT

    a.    See Amended Stipulation and Order Regarding Status of Compliance by DOC with Remedial Plan (Docket no. 2228, filed August 30, 2006) and Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan (Docket no. 3326, filed April 4, 2008).

## 11.  EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court <u>to prevent manifest injustice.</u>  The pleadings are deemed merged herein.  In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

## 12.  TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a.   Trial to the Court.  Estimated trial time is four weeks, June 7-July 1, 2010.  Special equipment needed: Video feed into courtroom and corresponding equipment for offender witnesses to testify remotely from DOC facilities.

b.   Trial Date:  June 7 – July 1, 2010.

c.   Final Trial Preparation Conference Date:  May 26, 2010.

d.   Deadline for filing motions objecting to any testimony of an expert witness based on the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509  U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), and their progeny*:  On or before May 28, 2010.

<u>Any such objections not identified in Section 9 of this Order and filed by motion by this date are deemed waived</u>.

e.   <u>Deadline for filing all other motions in limine, including objections to exhibits and designated deposition testimony has already passed</u>.

2315153_1.doc

DATED this \_\_\_\_ day of _____, 2010.

BY THE COURT:

_____
JOHN L. KANE, Senior Judge
United States District Court

**PRETRIAL ORDER APPROVED:**

| | |
|---|---|
| s/ Paula Greisen | s/ Elizabeth H. McCann |
| Paula Greisen | Elizabeth H. McCann |
| Jennifer Riddle | James X. Quinn |
| King & Greisen LLP | Berina Ibrisagic |
| 1670 York St. | Colorado Attorney General's Office |
| Denver, CO 80206 | 1525 Sherman Street, 5th Floor |
| 303-298-9878 | Denver, CO 80203 |
| | 303-866-3261 |
| Edward T. Ramey | |
| Blain D. Myhre | Thomas Lyons |
| Lara E. Marks | Gillian Dale |
| Isaacson Rosenbaum P.C. | Hall & Evans, L.L. C. |
| 1001 17th Street, Suite 1800 | 1125 Seventeenth Street, Suite 600 |
| Denver, CO 80202 | Denver, CO 80202-2037 |
| 303-292-5656 | (303) 628-3300 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

2315153\_1.doc