IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870- JLK

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL RITTER, *et al.,*

Defendants.

---

## DEFENDANTS' MOTION TO STRIKE

---

Come now Defendants, by and through the Colorado Attorney General's office, and move to strike Plaintiffs' witnesses and exhibits listed in their Pretrial Order and/or any new witnesses and exhibits listed in the Third Supplemental Response to Defendants' First Set of Interrogatories and Requests for Production of Documents. As grounds therefore, Defendants state as follows:

1.  This Court's pretrial instructions and forms specify that each party is to  identify its witnesses in the Pretrial Order in the following manner: "*With each  witness' name, set forth: (1) the city and state in which he or she resides; (2) a short statement as to the nature and purpose of the witness' testimony; and (3) whether the witness is expected to testify in person or by deposition.*" (Section 6. Witnesses).

2.  The witness list that Plaintiffs attached to their Pretrial Order simply lists the witnesses and does not include any description of where they reside, nor, more importantly, does it

contain any description whatsoever of the nature and purpose of the witness' testimony. Some of the witnesses are DOC employees but Defendants do not know the purpose of their testimony. The Plaintiffs have listed witnesses whose names were not provided in response to Defendants' Interrogatory No. 4 which requested a list of witnesses that were to be called.

3.  Plaintiffs have listed 48 inmate witnesses they "may" call without specifying in any fashion the nature and purpose of their testimony. There are voluminous files on each of these inmates. It is unfair to Defendants for Plaintiffs to fail to specify the purpose of calling these inmates with less than four weeks remaining until the hearing.

4.  Defendants spent considerable time preparing their witness list attached to the Pretrial Order which specifies the nature and purpose of the witnesses' testimony. In order to prepare for the hearing, Defendants should have been provided with the areas of inquiry of each of Plaintiffs' witnesses.

5.  As noted, Plaintiffs have identified in the Pretrial Order 48 inmates they may call with no mention of the topic of their testimony. As noted above, Defendants move to strike all of these witnesses as a result of Plaintiffs' failure to follow the Court's order re: witness identification. In the alternative, Defendants ask the Court to require the Plaintiffs to identify those inmate witnesses they actually intend to call and to limit the number of

inmate witnesses Plaintiffs can call. In addition to the prejudice to the Defendants by

Plaintiffs' failure to follow the Court's instructions, the prejudice to the Defendants by

listing that large number of "may call" inmate witnesses is considerable. Defendants will

have to spend needless hours preparing for inmate testimony that may not occur at this

late stage in preparation. In addition, DOC has to arrange for video hookups for each

inmate to testify. As the Court knows, this preparation takes an enormous amount of time

and work on the part of many employees of DOC and is very disruptive to the routines of

the facilities.

6.  Defendants also move to strike the exhibits listed in the Plaintiffs' attachment to the

PreTrial Order. The Court's instructions and forms require that each party identify the

witness that will identify the exhibit. Plaintiffs have completely failed to identify which

witnesses will identify which exhibits in violation of the Court's procedures.

7.  In addition, in many instances, Plaintiffs have failed to identify the exhibits with

sufficient specificity that the Defendants can review the exhibit. Several exhibits are

identified only by Bates numbers. Since these are Plaintiffs' Bates numbers, Defendants

do not know what the exhibits are. For example, Exhibit 167 is identified only as "Bates

Nos. 2009-D-AIC-KG-021299, 021326, 2009-D0AIC-KG-021300-21325." Defendants

have no idea what that exhibit is. Exhibits 168, 187, 191, 196, 211 are examples in which

the exhibits are similarly identified by Bates No. only. Exhibit #287 is listed as "MPS

Reports Bates Nos.:" followed by a list of about 50 Bates numbered documents. Again,

Defendants have no idea what these documents are. There are many others identified in this fashion only. At a minimum, these exhibits should be stricken.

8.  Other exhibits are identified in such a general fashion that Defendants cannot identify them in violation of this Court's Pretrial Order instructions Section 7 which states: "*This list should be specific enough so that other parties and the court can understand, merely by referring to the list, each separate exhibit that will be offered. General references such as "all deposition exhibits" or "all documents produced during discovery" are unacceptable.*"

For example, Exhibit 140 is identified as "Emails produced pursuant to the Remedial Plan." Defendants produced thousands of pages of emails and have no idea what emails this exhibit actually includes. Exhibit #160 states: "Emails produced by DOC in response to Request No. 9 of Plaintiffs' First Set of Interrogatories and Document Requests." This is ALL of the thousands of pages the Defendants produced. This designation is way beyond the Court's requirement that exhibits be identified with specificity. Similarly, Exhibit #162 states: "Documents produced by DOC in response to Interrogatory/Request No. 7 of Plaintiffs' Second Set of Interrogatories and Document Requests." There was an Interrogatory No. 7 and a Request for Production No. 7. Defendants have no way of knowing what documents are being identified in this exhibit number. Exhibits 163 and 164 are similarly overbroad and nonspecific, simply identifying "documents" produced in response to various discovery requests. Many exhibits are listed as Defendants' response to a discovery request. Yet these responses involve many documents and Plaintiffs have

failed to identify which documents they are listing (examples of many: Exhibits 291, 292, and 297). Exhibit 195 is identified as "Facility Audit responses Audit II IAs." Defendants do not know what this exhibit is. Exhibit 203 is "Facility Compliance Checklist Item II.8.3" Again, this description is too vague for Defendants to identify the exhibit. There are many more such vague and overbroad descriptions in the Plaintiffs' 70 page list of exhibits. These descriptions are in direct violation of the Court's requirement that descriptions of exhibits be specific.

9. Further, Defendants would move the Court to strike any new witnesses and exhibits identified in Plaintiffs' Third Supplemental Response to Defendants discovery requests. The Defendants' Discovery requests were served on the Plaintiffs on November 4, 2009. Despite repeated requests for response, Plaintiffs did not respond until April 1, 2010 and those responses were general in nature and not particularly helpful to the Defendants in preparing for the hearing. Plaintiffs supplemented their responses on May 5, 2010 with more specificity. The late date of response (within 5 weeks of the start of the hearing) was bad enough, but Plaintiffs emailed to Defense counsel a Third Supplemental response on May 11 at 5:35 p.m., the same day the Pretrial Order was due. In this supplemental response, Plaintiffs identified 57 new AIC files that they might use in the hearing, 98 new copies of email correspondence, and 24 Inmate Locator forms. At the very least, Plaintiffs should not be allowed to use these exhibits due to the late response to discovery requests three and ½ weeks prior to the hearing. Defendants have already

met with witnesses for the hearing. To add previously unidentified exhibits at this late date is not only in violation of the Court's rules, it is patently unfair to Defendants.

10.      Defendants also move to strike the expert, Andy Bardwell, endorsed by Plaintiffs. Despite a request to identify experts contained in Interrogatory No. 3 served on the Plaintiffs in November 2009, the first Defendants heard of Mr. Bardwell was in the Pretrial Order filed the evening of May 11, 2010. The only response Plaintiffs made to the afore-mentioned Interrogatory was to object to the extent it was applicable to non-testifying experts and to the extent it called for a recitation of information to be presented in the context of expert reports or called for identification of rebuttal experts. Even in the supplemental response to discovery sent on May 11, 2010, no experts were identified.

11.    Defendants just received an expert report from this expert on May 17, 2010, three weeks before the hearing. Plaintiffs have failed to comply with discovery procedures with respect to this expert, and he should not be allowed to testify.

12.     The other "will call" experts listed by Plaintiffs in their Pretrial Order, Linda Edwards, Larissa McClung, and Britt Clayton, were not identified in response to Interrogatory No.4 either. Defendants could object to their testimony on this ground as well. However, Defendants were at least aware of these potential expert witnesses and were provided with expert reports a few weeks ago. However, Defendants were not aware of Mr. Bardwell at all. Defendants were informed that Mr. Clayton was the statistical expert for the Plaintiffs.

13.     The data on which Mr. Bardwell relied was provided in July 2009 and March of 2010. This gave the Plaintiffs ample time to provide an expert report and inform Defendants of the existence of Mr. Bardwell as an expert.

14.    Defendants also retained a statistical expert but informed the Plaintiffs of his name on April 28, 2010 at a meeting with Plaintiffs. Defendants would have expected the same courtesy at that time from the Plaintiffs. Defendants provided Plaintiffs with their expert's report on May 4, 2010, a week before the Pretrial order was due.

15.     If the Court does not strike the exhibits as requested, at the very least, Defendants ask that the Plaintiffs provide them with a complete set of exhibits by May 21, 2010. That is the date which Defendants suggested and to which Plaintiffs objected in the Pretrial order. Defendants will be able to provide a copy of their exhibits to plaintiffs on that date. Defendants will not be able to prepare adequately if they receive the exhibits five days before the hearing. While many of the exhibits are materials that Defendants provided in discovery, there were over 60 boxes of discovery provided and Defendants do not have time to go through all of the pages of discovery searching for individual exhibits that the Plaintiffs may use.

16.     Defendants discussed this motion with Plaintiffs' counsel on May 18th and Plaintiffs' counsel objects to the filing of this motion.

WHEREFORE, Defendants request that the Court strike all witnesses and exhibits listed by Plaintiffs in their attachments to the Pretrial order for failure to comply with the Court's order regarding same and for failure to respond in a timely manner to discovery requests. At a minimum, Defendants ask the Court to strike any new witnesses

and exhibits identified in the Plaintiffs' Third Supplemental Response to Discovery.

Defendants move to strike Mr. Bardwell as a witness and to strike his report for failure to

respond to discovery requests and to provide the report in a timely fashion.


Respectfully submitted this 18th day of May 2010.

JOHN SUTHERS
Colorado Attorney General


_s/Elizabeth H. McCann_____
ELIZABETH H. MCCANN 5834
Assistant Attorney General
Civil Litigation and Employment Law Section
JAMES X. QUINN  21729
Assistant Attorney General
Corrections Unit, Litigation Section
BERINA IBRISAGIC 36254
Assistant Attorney General
Corrections Unit, Litigation Section
Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  (303) 866-3261
Fax: (303) 866-5443
Email: beth.mccann@state.co.us

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 18th day of May, 2010, I electronically filed the foregoing Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
Jennifer Riddle
greisen@kinggreisen.com
riddle@kinggreisen.com
King and Greisen, LLP
1670 York St.
Denver, Co. 80206

Ed Ramey
Lara Marks
Blaine Myhre
eramey@ir-law.com
lmarks@ir-law.com
bmyhre@ir-law.com
Isaacson Rosenbaum PC
1001 17th St. #1800
Denver, Co. 80202

s/ Elizabeth H. McCann_____