IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

    Plaintiffs, as representatives of themselves and all others similarly situated,
v.

**BILL RITTER, et al,**

    Defendants.

---

**ORDER** re Motion to Strike (Doc. 4591)

---

Kane, J.

This prisoner class action is before me, three weeks before a month long hearing that represents the culmination of years of effort by counsel, the State, the Special Masters, and the Court to achieve compliance with commitments made and elicited in 2003 to improve the quality of care provided disabled Colorado Department of Corrections inmates. Tremendous effort has been put into preparing this case for the hearing. I am deeply concerned about the Motion to Strike filed by Defendants today, in particular its representations suggesting a level of sandbagging by Plaintiffs in the disclosure of certain witnesses and exhibits in the May 11, 2010 Pretrial Order.

Without specifically endorsing Defendants' characterization, I have reviewed the proposed Pretrial Order and agree that it lacks the requisite detail and disclosure required by my pretrial procedures. DOC and inmate witnesses are listed with no statement as to the nature or purpose of their individual testimony. Exhibits are identified in generic,

collective terms. "Emails produced pursuant to the Remedial Plan" (Ex. 140), for example, is simply too vague to provide adequate disclosure to Defendants. Exhibits identified by Bates numbers only, are similarly vague in a case that has gone on this long and through multiple rounds of discovery.

I am also concerned about new witnesses and exhibits being disclosed for the first time on May 11, 2010, the day the proposed Pretrial Order was due. I understand the time pressures counsel have been under and the quick turnaround between the time the Special Masters completed their tasks related to individual inmate pro se claims under Section XXXII of the Remedial Plan and the hearing. Inmate files and filings have continued to come in through early May; class counsel has had no more notice of these files than anyone else and to a certain extent, Defendants will have to adjust. The compliance hearing runs for four full weeks; counsel will obviously be meeting and conferring throughout the month of June regarding upcoming witnesses and exhibits. Information Plaintiffs had *before* that time, but failed to disclose until May 11, fall into a different category, and may well be stricken when offered if Defendants have had no opportunity to prepare for them.

Finally, I am concerned about Defendants assertions regarding Plaintiffs' newly disclosed expert Andy Bardwell. To the extent Plaintiffs did not disclose Mr. Bardwell as an expert until May 11, I do not see how I can justifiably allow him to testify without prejudicing Defendants.

In light of these concerns, I am ORDERING counsel to meet, in person, with their

exhibit lists and the Pretrial Order, to confer in an effort to come to terms on the serious deficiencies in the Pretrial Order. Counsel must confer specifically regarding Mr. Bardwell, his expert report, and his testimony. Plaintiffs are admonished that I may STRIKE Mr. Bardwell as a witness if they do not provide Defendants with the necessary disclosures. I am also STRIKING Plaintiffs' Exhibit List, and ORDERING Plaintiffs to provide that list to Defendants on May 21, 2010, and refile it with the Court on May 24, 2010.

In making these rulings, I also express concern at the disjunct tone of Defendants' Motion. In a joint telephone conference to chambers last week in which the parties were seeking an informal extension of time to file a Status Report, counsel represented all was well and that the parties were working together on matters of disclosure and preparations for the compliance hearing. What has changed? The careful and diligent preparation of this case for the June Compliance Hearing is of paramount importance to the clients counsel represent. I will not go forward with an inadequate or unfair Pretrial Order, but I will also not continue this hearing, which has been set and continued numerous times in the past two, even three, years. This hearing has been on the books since October, and will go forward if counsel have to submit a Pretrial Order for each and every hearing day. I expect counsel to give compliance with this Order their all.

<u>Plaintiffs SHALL SUBMIT an Amended proposed Pretrial Order on or before May 25, 2010</u>.

Dated:  May 18, 2010.                                     s/John L. Kane
                                                          SENIOR U.S. DISTRICT JUDGE