IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

**DEFENDANTS' STATUS REPORT REGARDING COURT'S "ORDER re REPORT AND RECOMMENDATION OF SPECIAL MASTER (Doc. 3741) AND RELATED FILINGS"**

Defendants respectfully submit the following Status Report Regarding Report and Recommendation of Special Master and Related Filings.

1. On March 23, 2010, this Court entered its "Order re Report and Recommendation of Special Master (Doc. 3741) and Related Filings" (Order).

2. In the Order, the Court held that the Special Masters' handling of *pro se* motions for relief under the Montez Remedial plan is governed by *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). The Court also held that Inmate *pro se* motions and claims for specific individual relief are limited by § XXXII of the Montez Remedial Plan and the related 2006 and 2008 Stipulations and are limited to those inmates deemed members of one of the four Montez subclasses of disabled inmates at the time the Plan was signed in August 2003. Alleged noncompliance with the systemic injunctive and equitable relief promised in the original Plan and related 2006 and 2008 Stipulations *did not expand* the class of

1

individual DOC inmates who may pursue individual claims for relief under § XXXII of the Plan or related Stipulations.

3.  The Court held that "Unless and until otherwise ordered after the June 2010 compliance hearing, NO FURTHER PRO SE FILINGS/CLAIMS SHALL BE ACCEPTED by the Special Masters after April 16, 2010.  April 16, 2010, is the DEADLINE for all *pro se* filings in this case (Doc. # 4381 at p. 5) (emphasis in original).[1]

4.  The Court ordered that claims/motions seeking enforcement or compliance with, or alleging violations of, court-ordered class-wide benefits negotiated in the original Montez Remedial Plan or 2006 and 2008 Stipulations shall be deemed "Declarations re Enforcement /Compliance/ Noncompliance with Class Remedies" and referred by the Special Master to Class Counsel on or before April 30, 2010.[2]  With respect to these claims, Class Counsel was ordered to review the filings, categorize them, and confer with counsel for Defendants on their proposed treatment and disposition.  Counsel were ordered to submit a Joint Status Report setting forth the details of the parties' efforts in this regard and recommendations for addressing individual inmate compliance / enforcement claims at the compliance hearing on or before May 12, 2010.[3]

---

[1] At Class Counsel's request, the Court subsequently extended the deadline to April 30, 2010 (Doc. # 4412).

[2] Although the Court ordered these referrals to occur before April 30, 2010, the Special Master continues to refer files to Class Counsel even up to today's date [Docs # 4597 to 4614].

[3] Again at Class Counsel's request, this deadline was extended to May 24, 2010.

2

5. Counsel for both parties met today. Class counsel advised that that they would be seeking an additional extension to submit the status report. Given the imminence of the Final Pretrial Conference, Counsel for the Defendants felt it necessary to submit this Status Report.

6. Class Counsel advised that they had categorized the filings and divided them into two categories: (1) filings raising issues unrelated to the Remedial Plan or beyond the compliance deadline of April 30, 2009; and (2) filings related to compliance with the Remedial Plan and within the applicable period. As to the latter, Class counsel advised that relevant documents had been incorporated into their updated and revised exhibit list which they intend to submit with the revised Final Pretrial Order. Class Counsel further stated that they may add additional exhibits and witnesses depending upon their review of additional files. Defendants strongly object to the addition of any new witnesses or exhibits beyond those previously listed and submitted by the Plaintiff's with the Pretrial Order filed on May 12, 2010. Plaintiffs were ordered to resubmit exhibit and witness lists that complied with the Court's pretrial procedures. This did not provide license to supplement or add additional exhibits and witnesses.

7. Pursuant to D.C.COLO.LcivR 7.1, the undersigned counsel conferred with Class Counsel who indicated they would be seeking an extension to file the status report.

DATED this 24th day of May, 2010.

JOHN W. SUTHERS
Attorney General

/s/ James X. Quinn
ELIZABETH H. MCCANN
JAMES X. QUINN
Assistant Attorneys General
Civil Litigation and Employment Law
   Section
Attorneys for Defendants
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4307
FAX: (303) 866-5443
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on May 24, 2010, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to

the following e-mail addresses:


Paula Greisen
Jennifer W. Riddle
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Lara E. Marks
eramey@ir-law.com
lmarks@ir-law.com

Thomas Lyons
Gillian Dale
lyonst@hallevans.com
daleg@hallevans.com
1125 17th St. #600
Denver, Co. 80202

s/ James X. Quinn

4

Case No. 1:92-cv-00870-CMA-MEH   Document 4615   filed 05/24/10   USDC Colorado   pg 5 of 5