IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK

JESSE (JESUS) MONTEZ, *et al.*,

    Plaintiffs,

v.

BILL OWENS, *et al.*,

    Defendants.

---

**PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

Date of Hearing: May 26, 2010

Appearing for Plaintiffs:    Paula Greisen
    Jennifer Riddle
    King & Greisen LLP
    1670 York St.
    Denver, CO 80206

    Edward T. Ramey
    Blain D. Myhre
    Lara E. Marks
    Isaacson Rosenbaum P.C.
    1001 17th Street, Suite 1800
    Denver, CO 80202

Appearing for Defendants:    Elizabeth H. McCann
    James X. Quinn
    Berina Ibrisagic
    Colorado Attorney General's Office

1525 Sherman Street, 5th Floor
Denver, CO 80203

Thomas Lyons
Gillian Dale
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2037

## 2. JURISDICTION

Jurisdiction is proper in this case as Plaintiffs seek judicial review of compliance issues pursuant to 28 U.S.C. § 1331. Jurisdiction is not challenged.

## 3. CLAIMS AND DEFENSES

a.      Plaintiff(s)' statement:  In 2003, the "Remedial Plan" became an order of the Court by agreement of the Montez Class (Plaintiffs) and the Colorado Department of Corrections ("DOC" or "Defendants").  The Remedial Plan specifies the DOC's obligations to accommodate those inmates who are determined to have a qualifying disability under the Americans with Disabilities Act.  DOC has failed to achieve substantial compliance with the Remedial Plan and all subsequent stipulations thereto since its inception in 2003.

b.      Defendant(s)' statement: The Policy statement contained in the Remedial Plan specifies that "[i]t is the policy of the Colorado Department of Corrections (DOC) to provide inmates with disabilities, with or without reasonable accommodation, access to its programs and services consistent with legitimate penological interests.  No qualified inmate with a disability, as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the

2315153_1.doc

DOC or be subjected to discrimination. All facilities designated to house inmates with disabilities will provide comparable programs, services and benefits available throughout comparable DOC facilities to ensure that inmates with disabilities are not discriminated against because of their disability." The DOC was in substantial compliance with this policy objective, with all aspects of the Remedial Plan, and with all subsequent stipulations as of May 1, 2009.

In 2006, the parties stipulated, and the Court concluded, that the DOC was in substantial compliance with section VII of the Remedial Plan, "Structural Compliance/Physical Plant Changes." Thus, all architectural issues contained in the Remedial Plan as well as the monitoring period with respect to architectural issues have been completed.

    c.    Other parties' statement:  n/a

### 4. STIPULATIONS

A) In order to streamline the hearing, Plaintiffs stipulate that they will not be submitting affirmative evidence on the following areas of the Remedial Plan: Sections VII, VIII(A), XI, XV(F), XVII, XXI, XXII, XXIII, XXVII. Plaintiffs are not stipulating that the failure to introduce evidence on these issues is an admission of substantial compliance with the Remedial Plan.

The Plaintiffs also stipulate to the following:

    1) That there is sufficient evidence to show that the Colorado Department of Corrections has been providing appropriate sign language interpreters and American Sign Language Classes (pursuant to the 2008 Stipulation #5) to members of the class with hearing disabilities who were identified as of May 1, 2009;

      2)  That the Department of Corrections conducted the required wheelchair clinics as required by the 2008 Stipulation, # 10;

      3)  That there is sufficient evidence of compliance with Remedial Plan Section XVII "Library Equipment," and;

      4)  That there is sufficient evidence of compliance with Remedial Plan Section XXX "Parole Field Operations."

    D)  The Parties do not anticipate any objections associated with the authenticity of any exhibits.

## 5. PENDING MOTIONS

    A    Defendants filed a brief relating to the determining the issue of substantial compliance.

    B.    Defendants filed a Motion to Strike related to Plaintiffs exhibit list and one of Plaintiffs' expert reports. Plaintiffs have filed a responsive motion regarding the motion to strike the expert report.

    C.    Plaintiffs are filing today a Motion for Leave to Supplement the Expert Report of Bardwell in light of Newly Disclosed Information.

## 6. WITNESSES

    a.    Nonexpert Witnesses

**Plaintiffs' Witnesses.**  *See attached Exhibit B*

    (1)    Any witnesses necessary for impeachment or rebuttal.

    (2)    Plaintiffs reserve the right to supplement this list.

**Defendants' Witnesses:**  *See attached Exhibit D*

    (1)    Any witnesses necessary for impeachment or rebuttal.

    (2)    Defendants reserve the right to supplement this list.  On November 4, 2009, Defendants served their First Set of Compliance Interrogatories and Requests for Production of Documents upon the Plaintiffs.  The Discovery Requests sought basic information relating to this case.  Specifically, the Discovery Requests sought information regarding what aspects of the Remedial Plan Plaintiffs contend that the CDOC is not compliant, the documents and witnesses Plaintiffs intend to utilize at the Compliance Hearing, and for each such witness, a statement of the subject matter of which each such witness is knowledgeable, and the expected testimony of each such witness. Plaintiffs responded to the discovery requests on April 1, 2010, five months after they were served.  Additionally, Plaintiffs supplemented their witness and exhibit designations in the discovery responses on May 5, 2010. As a result, Defendants reserve the right to supplement their witness and exhibit disclosures in order to address the issues implicated by Plaintiffs' supplemental responses.  Defendants object to the addition of any witness not included in the witness list Plaintiffs filed with the May 12, 2010, Pretrial Order.

    b.    Expert Witnesses

**Plaintiffs' Expert Witnesses.**  *See attached Exhibit B*:

(1)    Any witnesses necessary for impeachment or rebuttal.

**Defendants' Expert Witnesses:**  *See attached Exhibit D*:

(1)    Any witnesses necessary for impeachment or rebuttal.

### 7. EXHIBITS

a.    **Plaintiffs' Exhibit List**: *See attached Exhibit A*.

Plaintiffs reserve the right to submit any exhibit necessary to impeach or rebut any exhibit submitted by the defense.  Plaintiffs reserve the right to supplement this list based on continuing evidence related to the claims referred by the Special Masters and additional discovery from Defendants.

b.    **Defendants' Exhibit List:** *See attached Exhibit C*.

Defendants reserve the right to supplement this list.  On November 4, 2009, Defendants served their First Set of Compliance Interrogatories and Requests for Production of Documents upon the Plaintiffs.  The Discovery Requests sought basic information relating to this case.  Specifically, the Discovery Requests sought information regarding what aspects of the Remedial Plan Plaintiffs contend that the CDOC is not compliant, the documents and witnesses Plaintiffs intend to utilize at the Compliance Hearing, and for each such witness, a statement of the subject matter of which each such witness is knowledgeable, and the expected testimony of each such witness. Plaintiffs responded to the discovery requests on April 1, 2010, five months after they were served.  Additionally, Plaintiffs supplemented their witness and exhibit

designations in the discovery responses on May 5, 2010.  As a result, Defendants reserve the right to supplement their witness and exhibit disclosures in order to address the issues implicated by Plaintiffs' supplemental responses.  Defendants object to the addition of any exhibit not included in the exhibit list Plaintiffs filed with the May 12, 2010, Pretrial Order.

c. Exchange of Exhibits:  Plaintiffs' counsel provided copies of listed Plaintiffs' exhibits to opposing counsel on May 25, 2010.  Except for expert reports, all documents used as exhibits by the Plaintiffs are documents that have been produced by the Defendant.  Defense counsel produced copies of Defendants' exhibits to class counsel on the afternoon of May 24, 2010.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

a. Plaintiffs have requested that the AIC for the compliance period at issue in this hearing, Cathie Holst, and her assistant Kathleen Baxter (who was the AIC after Ms. Holst left DOC) be available to testify for the duration of the compliance hearing.  Both Ms. Holst and Ms. Baxter signed many of the Defendants' discovery responses to Plaintiffs and are essential witnesses in this hearing.   Both Ms. Holst and Ms. Baxter have left the employment of the Defendant.  Counsel for Defendants have confirmed that Defendants will produce Ms. Holst for the first week of the compliance hearing, but not thereafter.  Defendants' counsel has stated that it will not produce Ms. Baxter for the hearing.  Although Plaintiffs' counsel asked defense counsel for the home address of Ms. Holst and Ms. Baxter so they may be subpoenaed by the

Plaintiffs, that information has not been provided. Plaintiffs request that Ms. Holst and Ms. Baxter be available to testify for the duration of the compliance hearing, or that their addresses be produced in order that Plaintiffs may issue subpoenas for their appearances.

Defendants' Position:  Defendants object to requiring Ms. Host and Ms. Baxter to be present for the entire month of the compliance hearing.

b.    Plaintiffs anticipate that some of the defense witnesses who have been identified by both parties to testify about numerous aspects of the Remedial Plan and subsequent Stipulation will be subject to examination by more than one Plaintiffs counsel – as opposed to what typically is anticipated in a "normal" trial.  Class counsel has divided up responsibility for different aspects of this case between themselves and each counsel is preparing to cover the examination on those topics.  For instance, one of the primary witnesses in this case, Cathie Holst, will be expected to testify about almost every aspect of the Remedial Plan.  Although Ms. Greisen will be responsible for a large portion of this examination, other members of class counsel's team may question Ms. Holst about distinct sections of the Remedial Plan.

Defendants' Position:  Defendants strenuously object to this procedure.

c.    Plaintiffs request the opportunity to file a post-hearing brief addressing the issues raised by the Defendants' Brief Concerning the Determination of Substantial Compliance and the applicability of the evidence submitted during the hearing to the issue of substantial compliance.

d.    Class counsel intends to present video testimony from numerous class members throughout the state.  Because of the delay in holding the compliance hearing, class counsel has

not spoken to some of these witnesses for almost one year since they visited the prisons. Accordingly, class counsel requested, and Defendants agreed on April 28, 2010, that arrangements would be made to allow class counsel to contact these inmate witnesses via phone to prepare their testimony (rather than taking the time and expenses to travel to the prisons). Hopefully, this would also streamline the number of class witnesses.  On May 24, 2010, during a meeting between counsel in this case, counsel for the defense indicated that it would no longer be willing to cooperate in arranging that telephone contact.  Because time is of the essence at this point, class counsel requests that the Defendants cooperate in this request.  Class counsel will attempt to have these individuals identified and specify when such testimony will be presented on or before May 27, 2010.

Defendants' Position:  Defendants agreed to help coordinate these phone calls months ago.  Plaintiffs neglected to conduct the calls in a timely manner.  Setting up the phone calls is time intensive.  Defendants object given the untimeliness of the request.

## 10.  SETTLEMENT

a. See Amended Stipulation and Order Regarding Status of Compliance by DOC with Remedial Plan (Docket no. 2228, filed August 30, 2006) and Stipulation Regarding Status of Compliance by the Colorado Department of Corrections with the Montez Remedial Plan (Docket no. 3326, filed April 4, 2008).

## 11.  EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by

order of the court <u>to prevent manifest injustice.</u>  The pleadings are deemed merged herein.  In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

### 12.  TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

    a.    Trial to the Court.  Estimated trial time is four weeks, June 7-July 1, 2010.  Special equipment needed: Video feed into courtroom and corresponding equipment for offender witnesses to testify remotely from DOC facilities.

    b.    Trial Date:  June 7 – July 1, 2010.

    c.    Final Trial Preparation Conference Date:  May 26, 2010.

    d.    Deadline for filing motions objecting to any testimony of an expert witness based on the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509  U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), and their progeny*:  On or before May 28, 2010.

<u>Any such objections not identified in Section 9 of this Order and filed by motion by this date are deemed waived</u>.

    e.    <u>Deadline for filing all other motions in limine, including objections to exhibits and designated deposition testimony has already passed</u>.

DATED this _____ day of _____, 2010.

BY THE COURT:

_____
JOHN L. KANE, Senior Judge
United States District Court

**PRETRIAL ORDER APPROVED:**

| | |
|---|---|
| s/ Paula Greisen | s/ Elizabeth H. McCann |
| Paula Greisen | Elizabeth H. McCann |
| Jennifer Riddle | James X. Quinn |
| King & Greisen LLP | Berina Ibrisagic |
| 1670 York St. | Colorado Attorney General's Office |
| Denver, CO 80206 | 1525 Sherman Street, 5th Floor |
| 303-298-9878 | Denver, CO 80203 |
| | 303-866-3261 |
| Edward T. Ramey | |
| Blain D. Myhre | Thomas Lyons |
| Lara E. Marks | Gillian Dale |
| Isaacson Rosenbaum P.C. | Hall & Evans, L.L. C. |
| 1001 17th Street, Suite 1800 | 1125 Seventeenth Street, Suite 600 |
| Denver, CO 80202 | Denver, CO  80202-2037 |
| 303-292-5656 | (303) 628-3300 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |