IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number 03-433
Category III
Claimant: Debbie Gillon, #60340
Address of Claimant: DWCF, 3600 Havana Street, Denver, CO 80239
_____

## FINAL ORDER OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on his own motion. Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. A hearing was held on January 25, 2008 at LVCF in Pueblo, Colorado. That claim was denied on February 8, 2008, as Claimant had not established that she was the victim of discrimination prohibited by the ADA. In addition, Claimant had raised medical care issues that could not be pursued in an ADA case pursuant to *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134 (10th Cir. 2005).

    Subsequent to the dismissal of her claim, Claimant filed a motion for return of her personal glasses(#4106) and a motion for reinstatement of medical restrictions (#4107). Both motions were placed in abeyance, as the issue of continuing jurisdiction had not been resolved by the Court. Claimant filed additional documents which also were held in abeyance.

    On March 23, 2010, Judge Kane issued his order which determined that no continuing jurisdiction existed for matters after August 27, 2003, unless there had been a finding of discrimination on or before that date. Judge Kane also issue an order referring Claimant's two motions to the Special Masters for resolution. As a result of that referral, a hearing was set for October 25, 2010.

    On May 26, 2010, Judge Kane held a pre-trial conference with class counsel and counsel for Defendants. The purpose of this conference was to discuss various matters that would arise at the

compliance hearing which is set to commence on June 7, 2010. On his own motion, Judge Kane took up various individuals issues, including Claimant's motions. A copy of the amended court minutes will be provided to Claimant. On his own motion and for unspecified reasons, Judge Kane dismissed Claimant's motion for return of her personal glasses and motion for reinstatement of medical restrictions.

With the dismissal of these motions, the Special Masters lost all jurisdiction over the claim and motions of Claimant. Since Claimant's claim was denied, there is no continuing jurisdiction over any aspect of Claimant's motions.

Under Judge Kane's order of March 23, 2010, Claimant may seek assistance from class counsel or may file her own individual lawsuit dealing with incidents arising after August 23, 2003. Claimant cannot pursue her claim or any new claim under Article XXXII of the Remedial Plan and may not file *pro se* motions.

IT IS HEREBY ORDERED that the hearing scheduled for October 25, 2010 is vacated; and

IT IS FURTHER ORDERED that Claimant's documents filed after February, 2008, being treated as a new claim, are dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that a copy of Claimant's file shall be provided to class counsel; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 30, 2010.**

SIGNED this 4th day of June, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master