IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

---

Claim Number X-467
Category: Untimely Filed Claim
Claimant: Wade Holland, #143403
Address of Claimant: DCC, 4102 Sawmill Mesa Road, Delta, CO 81416

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on the letter filed by Claimant. In that letter, Claimant requests help concerning his conviction. He also indicates that he has health problems. The Special Masters will treat the letter as a claim under Article XXXII of the Remedial Plan. The Special Masters and Judge Kane have no authority to deal with Claimant's underlying conviction. The DOC Inmate Locator reflects that Claimant was sentenced in October, 2008.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003. A copy of that order will be provided to Claimant. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant does retain the right to file his own lawsuit with the Court. He may not pursue any claim for damages or file any motions for relief in this case because he was not in DOC custody on or before August 27, 2003. The

Special Master has no discretion under Judge Kane's order and must dismiss the letter of Claimant which will be treated as a claim.

IT IS HEREBY ORDERED that the letter of Claimant, being treated as a claim under Article XXXII of the Remedial Plan, is dismissed, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 7, 2010.**

SIGNED this 14th day of May, 2010.

BY THE COURT:

/s/ Richard M. Borchers

_____
Richard M. Borchers
Special Master