IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number X-513
Category: Untimely Filed Claim
Claimant: Dwayne Gregory, #98993
Address of Claimant: CMC/ACC, P.O. Box 300, Canon City, CO 81215-0300

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

      THIS MATTER comes before the Special Master on the letter filed by Claimant. In the letter, Claimant seeks help for his medical conditions. His letter will be treated as a claim filed pursuant to Article XXXII of the Remedial Plan. Claimant specifically states in his letter that "I was not an inmate with a disability in the Department of Corrections prior to year 2003." In addition, Claimant's letter to the Special Masters was mailed on May 7, 2010.

      This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

      Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were disabled on or before that date. A copy of that order will be provided to Claimant. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant also failed to file his claim on or before April 30, 2010. Judge Kane set April 30, 2010 as the deadline for the filing of all claims under Article XXXII of the Remedial

Plan.

Claimant does retain the right to file his own lawsuit with the Court. He may not pursue any claim for damages or file any motions for relief in this case because he was not disabled on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the letter of Claimant which will be treated as a claim.

IT IS HEREBY ORDERED that the letter of Dwayne Gregory, being treated as a new claim, is dismissed, as Claimant was not disabled on or before August 27, 2003 and the claim was not mailed to the Special Masters until May 2, 2010; and

IT IS FURTHER ORDERED that a copy of Claimant's motion will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 7, 2010.**

SIGNED this 4th day of June, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master