IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-521
Category: Untimely Filed Claim
Claimant: John M. Depue, #56184
Address of Claimant: SCCF, P.O. Box 3, Pueblo, CO 81002

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on the letter filed by Claimant. In the letter, Claimant requests help in obtaining treatment for mental health issues. Claimant has not file a claim previously in this case. Claimant's letter will be treated as a new claim.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. The Remedial Plan only deals with four categories of disabilities: mobility impairment; vision impairment; hearing impairment; and diabetes. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. In order to file a claim, an individual must have one of the four conditions set forth in the Remedial Plan.

Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were disabled on or before that date. A copy of that order will be provided to Claimant. There is no jurisdiction for the Special Masters over mental illness. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Claimant does retain the right to file his own lawsuit with the Court, as mental illness is covered by the ADA. He may not pursue any claim for damages or file any motions for relief in this case because he does not have a condition covered by the Remedial Plan. The Special Master has no discretion under Judge Kane's order and must dismiss the letter of Claimant which will be treated as a claim.

IT IS HEREBY ORDERED that the letter of John M. Depue, being treated as a new claim, is dismissed, as Claimant does not have a condition covered by the Remedial Plan; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 11th day of June, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master