IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

———————————————————————————————————————

Claim Number X-184
Category: Untimely Filed Claim
Claimant: Charles Armstrong, #62804
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

———————————————————————————————————————

**FINAL ORDER OF SPECIAL MASTER**

———————————————————————————————————————

    THIS MATTER comes before the Special Master on his own motion. Claimant filed a revised claim form alleging that he is mobility impaired and that he became disabled in 2005. Since it appeared that the Special Masters might not have any jurisdiction over the claim, a show cause order was issued to Claimant. Though he was granted up to and including June 14, 2010 in which to file a response to the show cause order, Claimant has filed nothing further.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. In order to file a claim, an individual must have had one of the four conditions set forth in the Remedial Plan on or before August 27, 2003.

    Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were not disabled on or before that date. A copy of that order will be provided to Claimant. There is no jurisdiction for the Special Masters over this claim because it alleges that mobility

impairment commenced in 2005. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Claimant does retain the right to file his own lawsuit with the Court. He may not pursue any claim for damages or file any motions for relief in this case because he was not disabled on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the revised claim of Claimant.

IT IS HEREBY ORDERED that the revised claim of Charles Armstrong is dismissed, as Claimant was not disabled on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 25th day of June, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master