IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK
Claim Number 02-600

ARTHUR SANTISTEVAN

    Plaintiff,

-vs.-

BILL OWENS, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2010

GREGORY C. LANGHAM
CLERK

---

Claim Number 02-600
Category: II
Claimant: Arthur Santistevan #44695
Address of Claimant: Denver Detention Center, 490 W. Colfax Ave., Denver, Colorado 80202

---

## CLAIMANT OBJECTION TO DISMISS PURSUANT TO F.R.C.P. RULE 53(g)(2); CLAMANT RESPONSE TO SHOW CAUSE

COMES NOW, Mr. Arthur Santistevan ("Plaintiff") acting pro se, and moves this Honorable Court for Damages and Claim. Plaintiff respectfully moves this Honorable Court to Grant the Plaintiff the most liberal construction, to include but not limiting the reading of pleadings, motions, submissions, objections and responses to this Honorable Court the strongest arguments suggested. As grounds the Plaintiff states and provides the following:

The Plaintiff is a pro se litigant and is not a lay-man of the law, nor has the Plaintiff ever had any schooling in the art of law, so all the Plaint can relay upon is this Honorable Court to and shall bring the strongest aruments suggested under and pursuant to the standards set forth in Erickson v. Pardus, 127 S. Ct. 2197, 2000 (2007); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110, (10th Cir. 1991); See also, e.g. People v. Bergerud, 223 P.3d 686, 696-697 (Colo. 2010).

(1)

Plaintiff has no argument to the fact that he was on abscond status from Parole. Plaintiff did not escape. Plaintiff's only conviction is a Class One Misdemeanor from that time and date.

Plaintiff is once again facing criminal charges and probably will face incarceration again for at least a parole violation, like the last time the Plaintiff was facing charges.

Plaintiff states for the record that as like the times before when Plaintiff was incarcerated in 1998; upon Plaintiff's incarceration, he was made to walk up three (3) flights of stairs in Denver Reception and Diagnostic Center (D.R.D.C.); even after informing the Doctor that my ankle gives out under it's own function, and that I believed it was because I have no support due to the pins being removed. Upon being received at the Trinnadad Correctional Facility, I was made to wait over a month and a-half to get a job. In the time I had to wait for that job, I was required to stay in my room 23 hours a day because they "T.C.F." did not have enough A.D.A. jobs. When I was received at Cheyenne Mountain I was made to walk up the two flights of stairs, three (3) times a day even after almost going down (falling) twice, if other people was not there near enough to catch me (because we had to walk down in grouphs), I would of more then likely had to go to the hospital. The second time at Cheyenne Mountain, I was told that I was going to have to climb up three flights of stairts, three (3) times a day. I refused to do it and I finally got a elevator pass from a nurse who understood my reason and pain; mostly my worry of falling down the stairs; risking her job.

Plaintiff argues that no matter how the Court views his claim the Court shall consider the fact that the Claimant is and has been in the custody of the Colorado Department of Corrections (CDOC's) since his incarcertion from 1998 to this very day and all pain and suffering

(2)

the Claimant has to endure is only because of the criminal neglect, the gross refusal to give the proper medical treatment, all medical care requested but refused and the needs that are overlooked when the Claimant needs for his proper well-being.

All of the incidents in this Claim and all response(s) to the Court are my arguments, along with case cites, Fed. Rules of Civil Procedures, written claims of wrongs brought upon Claimant by CDOC's stated and found within this Motion, and all motions filed by the Claimant are the arguments why the Claimants Claim should not be dismissed.

My limitations are still not recognized by the CDOC's as far as my mobility is concerned, which is only getting worse everyday which is a big factor why I live with cronic pain in my life every minute that comes and goes.

WHEREFORE, the Claimant asks that this Honorable Court [shall] not dismiss his claim do to excusable neglect, that the Court find that Claimant has been and still is in the care of the CDOC's, that the CDOC's is responsible for the pain and suffering that the Claimant has and required to deal with. In addition to the specific relief sought herein, Claimant respectfully moves this Honorable Court, Claimant any available relief whether requested or not, whether stated or not.

Respectfully Submitted on June 27, 2010

Without Prejudice TDC UCC 1-308

By _Arthur: Santistevan_ ©
   _Arthur: Santistevan_ ©

# CERTIFICATE OF MAILING

I, Arthur Santistevan, hereby certify that I placed in the United States Mail, a true and complete copy of the foregoing Claimant Objection To Dismiss Pursuant to F.R.C.P. Rule 53(f)(2); Claimant Response To Show Cause, postage pre-paid, to the following respondents:

## Respondents

The Legel Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030

King & Greisen, LLP
1670 York Street
Denver, Colorado 80206

Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203

Respectfully Submitted on this 27th day of June, 2010.

Without Prejudice TDC UCC 1-308

By Arthur: Santistevan©
   Arthur: Santistevan©