IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ, et al.

       Plaintiffs,

-vs.-

BILL RITTER, et al.,

       Defendants.

_____

Claim Number X-424
Category: Untimely Filed Claim
Claimant: Robert Gallegos, #68351
Address of Claimant: KCCC, P.O. Box 2000, Burlington, CO 80807

_____

## FINAL ORDER OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on his own motion. Claimant Robert Gallegos filed a claim pursuant to Article XXXII of the Remedial Plan. In that claim, he has checked the box for diabetes. Claimant has also indicated that he has been in DOC custody since 2005.

Since it appeared that there might be no jurisdiction over this claim, a show cause order was issued to Claimant. In his response to the show cause order, Claimant does not provide any information reflecting his incarceration commenced earlier than 2005. The DOC Locator reflects that Claimant was sentenced on three separate cases in 2005.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. The Remedial Plan only deals with four categories of disabilities: mobility impairment; vision impairment; hearing impairment; and diabetes. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for

accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were disabled on or before that date. A copy of that order was provided to Claimant. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Claimant does retain the right to file his own lawsuit with the Court. He may not pursue any claim for damages or file any motions for relief in this case because he was in custody from 2005 on, and not on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the claim of Claimant.

IT IS HEREBY ORDERED that the claim of Robert Gallegos is dismissed for the reasons set forth herein; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 2nd day of July, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master