IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ et al.,

Plaintiffs,

v.

BILL RITTER, et al.,

Defendants.

**DEFENDANTS' MOTION FOR A FINDING OF SUBSTANTIAL COMPLIANCE IN AREAS IN WHICH PLAINTIFFS HAVE NOT INTRODUCED EVIDENCE OF LACK OF SUBSTANTIAL COMPLIANCE AT THE CONCLUSION OF THEIR CASE**

Defendants, through the Colorado Attorney General's Office, respectfully move this Court for a finding of substantial compliance in areas in which Plaintiffs have not submitted evidence of lack of substantial compliance by the Colorado Department of Corrections (CDOC) at the conclusion of their case in the compliance hearing.

1. The Court has previously held, and the Plaintiffs do not dispute, that the Plaintiffs have the burden of proof to prove that the CDOC was not in substantial compliance with the Remedial Plan and the Stipulations as of the end of the compliance period on May 1, 2009. The Court has been presiding over the compliance hearing for a month, and the Plaintiffs have now concluded their presentation of evidence.

2. Defendants ask the Court to find that Plaintiffs have failed to introduce evidence of lack of substantial compliance in the following areas of the Remedial Plan and Stipulations and ask the Court at this time to find that the CDOC was in substantial compliance with these

1

areas as of May 1, 2009. (For the Court's convenience a copy of the Remedial Plan is attached as **Exhibit A**, the 2008 Stipulations are attached as **Exhibit B**, and the 2006 Stipulations as **Exhibit C**).

    A.    In the Pretrial Order the Plaintiffs stipulated to substantial compliance in the following areas [Doc. # 4619 at pp. 3-4]:

- Section XVII - Library Equipment;

- Section XXX - Parole Field Operations;

- 2008 Stipulation #10 - Wheelchair Clinics;

- 2008 Stipulation #5 - Plaintiffs did not stipulate to substantial compliance but they stipulated that CDOC has been providing appropriate sign language interpreters and American Sign Language Classes to members of the class with hearing disabilities who were identified as of May 1, 2009.

    B.    In the Final Pretrial Order, Plaintiffs stipulated that they **would not** submit affirmative evidence on the following areas of the Remedial Plan. In accordance with that stipulation, Plaintiffs did not introduce evidence of noncompliance with respect to the following areas of the Remedial Plan [Doc. # 4619 at pp. 3-4]:

- Section VII - Structural Compliance;

- Section VIII(A) - Special Placement in Administrative/Punitive Segregation Unit;

- Section XI - Justification for Denial of Requests for Reasonable Accommodation;

- Section XV(F) - Structural Accessibility Training;

- Section XVII - Library Equipment;
- Section XXI – Count;
- Section XXII – Restraints;
- Section XXIII – Searches;
- Section XXVII - Removal of Health Care Appliances in ASU.

Because Plaintiffs bore the burden of proving noncompliance and failed to present evidence during the presentation of their case, the Court should find that Defendants are in substantial compliance with respect to these sections of the Remedial Plan.

    C.    In addition, Defendants submit that the Plaintiffs have not introduced evidence of lack of substantial compliance in the following areas of the Remedial Plan:

- Section I – Policy;
- Section II - ADA Inmate Coordinator;
- Section III – Definitions;
- Section VI - Designated Facilities;
- Section VIII (B) - Special Placement;
- Section XV – Training;
- Section XVI - Health Care Appliances – Sections A, F and G;
- Section XX - Evacuation/Emergency Procedures;
- Section XXV – Visiting;
- Section XXVI - Health Care Status Determination;
- Section XXVIII - Parole Hearing Accommodation Plan;
- Section XXIX - Community Corrections Facilities;

- Section XXXI - Compliance & Monitoring Periods;
- Section XXXII – Damages;
- Section XXXIII - Attorneys Fees;
- Section XXXVI - Miscellaneous Provisions.

D. Defendants further submit that the Plaintiffs have not introduced evidence of lack of substantial compliance and request that the Court find substantial compliance as of May 1, 2009 with the following sections of the 2008 Stipulations:

- Stipulation 1 - Personal glasses;
- Stipulation 3 - Screenings on new criteria;
- Stipulation 5 - ASL Classes;
- Stipulation 6 - Sign Language Interpreters;
- Stipulation 7 - ADA Grievances changed from moot to granted;
- Stipulation 8 - Annual testing on Remedial Plan;
- Stipulation 10 - Wheelchair clinics;
- Stipulation 13 - Diabetic kit training;
- Stipulation 16 - Two hearing aids to be provided;
- Stipulation 17 - All hearing impaired inmates at CTCF shall have cells with strobe alarms;
- Stipulation 18 - Immediate provision of vibrating watches;
- Stipulation 19 - Within 90 days SOTMP Phase II to be offered in a designated facility;

- Stipulation 20 - Replacement copies of Accommodation Resolution at no cost to offenders;

- Stipulation 22 - CDOC bears burden of ensuing testing or devices denied by PHP will be provided;

- Stipulation 23 - DOC will implement recommendations of expert reports;

- Stipulation 25 - Diabetics are class members and receive standard accommodations on Accommodation Resolutions;

- Stipulation 26 - AIC overrides CMO determination;

- Stipulation 27 - DOC will remedy any problems noted in Peter Orleans report;

- Stipulation 29 - Requests for refunds may be made to Clinical Services who will report these to AIC office;

- Stipulation 30 - Two copies of grievances to be provided to offenders;

- Stipulation 31 - Only restitution may taken from damage claim payments;

- Stipulation 32 - Stipulations will be posted;

- Stipulation 33 - Letter from Class Counsel will be delivered;

- Stipulation 35 - Defendant will reimburse Plaintiffs' counsel for attorneys' fees and costs.

E.  Finally, Defendants submit that Plaintiffs have not introduced evidence of lack of substantial compliance and request that the Court find substantial compliance with the following sections of the Amended 2006 Stipulations:

- Stipulation 1 - Additional funding to be obtained;

- Stipulation 2 - Waiver of diabetic co-pays or refunds;

- Stipulation 3 - One copy of Remedial Plan provided free/Reimbursement for charges;

- Stipulation 4 - Posting of Stipulations;

- Stipulation 5 - Letter from Plaintiffs Counsel distributed;

- Stipulation 7 - Judge Kane to rule expeditiously;

- Stipulation 8 - Reimbursement for excessive charges for DOC records;

- Stipulation 9 - Plaintiffs' counsel reimbursed for out of pocket costs;

- Stipulation 10 - Parties will brief the issue of co-pays and whether Defendants can take the money out of damage claim awards.

3. A ruling from this Court at this juncture will assist CDOC in determining which witnesses and how many witnesses it needs to call in its case. A ruling will also narrow the scope of the remaining evidence to be introduced and will provide guidance regarding the matters remaining at issue.

WHEREFORE, Defendants respectfully request that the Court find that Plaintiffs have not introduced evidence of failure on the part of CDOC to be in substantial compliance with the Remedial Plan and the Stipulations as outlined above, and that CDOC was in substantial compliance with these sections as of May 1, 2009.

DATED this 7th day of July 2010.

>JOHN W. SUTHERS
>Attorney General
>
>*/s/ Elizabeth H McCann*
>
>ELIZABETH H. MCCANN
>JAMES X. QUINN
>BERINA IBRISAGIC
>Assistant Attorneys General
>Civil Litigation and Employment Law Section
>Attorneys for Defendants
>1525 Sherman Street, 5th Floor
>Denver, Colorado  80203
>Telephone: (303) 866-4307
>FAX: (303) 866-5443
>Beth.Mccann@state.co.us
>James.Quinn@state.co.us
>Berina.Ibrisagic@state.co.us

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 7th day of July, 2010, I electronically filed the foregoing Defendants' Motion for a Finding of Substantial Compliance in Areas in Which Plaintiffs have not introduced Evidence of Lack of Substantial Compliance at the Conclusion of their Case with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula Greisen
Jennifer Riddle
greisen@kinggreisen.com
riddle@kinggreisen.com
King and Greisen, LLP
1670 York St.
Denver, Co. 80206

Ed Ramey
Lara Marks
Blaine Myhre
eramey@ir-law.com
lmarks@ir-law.com
bmyhre@ir-law.com
Isaacson Rosenbaum PC
1001 17th St. #1800
Denver, Co. 80202

Thomas Lyons
Gillian Dale
lyonst@hallevans.com
daleg@hallevans.com
1125 17th St. #600
Denver, Co. 80202

s/ James X. Quinn_____