IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-EWN-OES

JESSE (JESUS) MONTEZ, *et al.*,

    Plaintiffs, as representatives of themselves and all others similarly situated in this class action,

v.

BILL OWENS, *et al.*,

    Defendants.

---

### AMENDED STIPULATION AND ORDER REGARDING STATUS OF COMPLIANCE BY DOC WITH REMEDIAL PLAN

---

    The Plaintiff Class, through their counsel Paula Greisen of King & Greisen, LLP and the Defendants, through counsel Elizabeth McCann of the Office of Attorney General, hereby enter into the following amended stipulation with respect to the status of compliance by the Department of Corrections with the Remedial Plan, as follows:

A. The Remedial Plan was entered as an Order of the Court on August 27, 2003. The Remedial Plan provides that the Defendants had a two-year period, until August 27, 2005 to achieve substantial compliance with the terms of the Plan. Compliance hearings regarding the Remedial Plan commenced in April 2006. The parties agreed to suspend the compliance hearings and have entered into the following stipulation with the approval of the Court:

    1. The Defendants hereby stipulate that CDOC was not in substantial compliance with the Remedial Plan by August 27, 2005, except the architectural-physical plant provisions of the Remedial Plan. The compliance period is hereby extended as provided below, however, the compliance period for the architectural-physical plant requirements shall end on July 27, 2006 and the monitoring period for that aspect of the Plan will begin on that date.

    2. The next date to determine whether substantial compliance has been achieved is July 27, 2007. If the parties do not agree that substantial compliance has been achieved by that date, there shall be another compliance hearing and Judge Kane will determine whether substantial compliance was achieved by that date.

    3. The parties shall agree to establish discovery procedures to provide counsel for the Plaintiff class discovery on all facilities and all aspects of the Defendants' compliance



with the Remedial Plan. If the parties cannot agree on these procedures, they will submit the issues to Judge Kane.

B. As remedies for not achieving substantial compliance with the Remedial Plan by the required date of August 27, 2005, the parties agree as follows:

1. There shall be additional funding provided to CDOC to meet the requirements of the Remedial Plan. The CDOC submitted a Request for Supplemental funding for $2,410,232 for FYs 2007 and 2008 to the Office of State Planning and budgeting on August 14, 2006 which will be reviewed by the Joint Budget Committee on September 20, 2006. This additional funding shall include, but is not limited to, funding for additional staffing, and the resources necessary to implement the new automated inmate tracking system. This additional funding shall be contingent on the approval of the State legislature within 90 days from issuance of the Court's original Order on this issue. If that funding is not obtained, Plaintiffs shall have the right to void this stipulation and resume the currently pending compliance hearings.

2. CDOC will waive all medical copays for treatment or visits related to diabetic care (including but not limited to fingersticks, emergencies and prescription refills) for all diabetics in the system beginning on July 26, 2006 until at least twelve calendar days after Judge Kane rules on the copay issue, unless the Court determines that the CDOC may not reinstitute the co-pays. CDOC will reimburse the inmate accounts of any inmate who was charged for medical visits related to diabetic medical care (other than the chronic care visits) from July 26, 2006 through August 9, 2006. Beginning on August 9, 2006, diabetic inmates will not be charged for diabetic care other than chronic care visits. CDOC does not suspend the six-month chronic care copay under this stipulation. Any inmate who believes he or she has been charged a copay after July 26, 2006 in violation of this Agreement may file an ADA grievance with the AIC.

3. During the compliance period, if an inmate, who has not already been provided a copy, asks for a copy of the Remedial Plan, he or she will be given one copy of the Plan free of charge. If an inmate reasonably claims that he or she was charged for a copy of the Plan during the compliance period, and such claim is supported by the records of the CDOC, he or she will be reimbursed. This agreement does not change or modify the requirements provided for in the Remedial Plan regarding the providing of the Remedial Plan to the inmates.

4. CDOC will post a mutually agreeable notice through the duration of the compliance period in all facilities that the compliance period for the Montez case has been extended and that outlines the agreements and remedies contained herein. There will be no admission in the notice that CDOC is not in substantial compliance with the agreement and no admission of liability. This posting occurred in common areas and dayrooms at all facilities as of August 10, 2006 and shall remain until substantial compliance is agreed upon by the parties or determined by the Court.

5. Paula Greisen and David Miller will write a letter to the inmates in the AIC database outlining this agreement which will be covered by the attorney/client privilege. CDOC

will facilitate distribution of this letter through internal mail and by providing class counsel with an updated list of the AIC database and the location of the individuals on the database. The Special Masters and the CDOC shall provide information to Class Counsel regarding the location of claimants and other inmates on the AIC database who are no longer incarcerated within CDOC, to the extent available.

6. Without eliminating any job opportunities for inmates with disabilities, CDOC agrees to eliminate any "ADA" or "handicapped" jobs that pay less than the regular inmate wage scale. If an inmate believes he or she has been discriminated against by being placed in an ADA job that paid less than comparable jobs for non-ADA positions, or was given only a part-time job because of a disability, he or she shall notify the AIC in writing. The AIC shall notify class counsel of all such claims. The AIC shall investigate these claims individually and if the AIC determines that a inmate who was qualified for a regular paying job received less pay, or was given an "ADA" job and was paid less for this job than for other non-ADA jobs, or was given a part-time job solely because of his or her disability status, the inmate will be paid the difference between the wages of the non-ADA job or the full-time job from what he or she was actually paid, retroactively from August 27, 2003.

7. Judge Kane will make an expedited ruling regarding the following issue: the criteria used by CDOC in implementing the Remedial Plan and the criteria to be used by the Special Masters in the damages claim process to determine whether an inmate is disabled. The parties will file briefs on this matter by September 1, 2006. Reply briefs will be filed by Sept. 22, 2006. Once the Court issues its ruling, the Special Masters shall review all prior damage claim determinations (whether they have been appealed or not) and issue amended rulings on all claims that have relied on incorrect criteria or legal analysis. Thereafter, the parties shall have the right to appeal the amended orders of the Special Masters in compliance with the procedures in the damage claim process. Counsel are going to attempt to resolve remaining issues regarding the manner in which CDOC is applying the *Fitzgerald* opinion. If they are not able to resolve those issues within 90 days of the signing of this order, those issues will be briefed for the court.

8. If an inmate reasonably claims that when making a claim for damages he or she was charged for the first ten pages of CDOC records, or was charged in excess of $.25 per page thereafter, and if such claim is supported by the records of the CDOC, he or she will be reimbursed for such costs. Any inmate who believes he or she is entitled to such reimbursement may write to the AIC to obtain the reimbursement. Any inmate who believes he or she have been wrongfully denied reimbursement may file an ADA grievance.

9. The defendants agree that Plaintiffs' counsel will be reimbursed for agreed upon out-of-pocket costs incurred since August 2005 in preparation for the compliance hearing. Defendants paid these cost on or about July 28, 2006. This stipulation does not preclude class counsel from requesting the payment of any costs or fees not paid by the Defendants at any future fee award application.

10. The parties shall brief the issue of the copays charged to inmates and the issue of whether the Defendants are allowed to take monies out of the damage claim awards. These briefs will be filed on Sept. 1 and any reply briefs will be filed on Sept. 22, 2006. Judge Kane shall determine these issues as soon as possible.

11. The terms of this Stipulation do not preclude the Plaintiff Class from seeking other remedies associated with an assertion of non-compliance with the Remedial Plan by the CDOC at any future hearing by the Court.

C. The Parties hereby request that this Court accept this stipulation and vacate the current compliance hearings and enter an Order in accordance with this Stipulation.

STIPULATION TENDERED BY:

Dated this 29 day of August, 2006

By: ___s/_____
Paula Greisen, Esq.
Counsel for the Plaintiff Class
KING & GREISEN, LLP
1670 York Street
Denver, CO 80206
greisen@kinggreisen.com

By: ___s/_____
Elizabeth McCann
Deputy Attorney General
Counsel for Defendants
1525 Sherman Street, 4th Fl.
Denver, CO 80203
beth.mccann@state.co.us

AMENDED STIPULATION APPROVED BY THE COURT:

DATED this 29th day of August, 2006.

BY THE COURT:

s/John L. Kane
JOHN L. KANE
United States District Judge