IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 03-470
Category III
Claimant: John Mosier, #51614
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, Colorado 81038-1000

---

## FINAL ORDER OF SPECIAL MASTER
---

    THIS MATTER came before the Special Master on the revised claim form filed by Claimant. In that revised claim form, Claimant alleged that he is mobility and hearing impaired, as well as diabetic.

    Claimant previously filed a claim pursuant to Article XXXII of the Remedial Plan, A hearing was held on October 16, 2009. An order was issued by the Special Master granting the claim, in part, on October 30, 2009. Claimant was awarded monetary damages.

    It appeared that there might be no jurisdiction over this claim. A show cause order was issued to Claimant, and he was granted up to and including June 28, 2010 in which to respond to the show cause order. Claimant has filed nothing further.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

The Remedial Plan allows a claimant the right to file a claim for alleged discrimination prior to August 27, 2003. It does not provide a basis for filing a second claim. The Special Master will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Claimant retain the right to file his own lawsuit with the Court. He may not pursue a second claim for damages or file any motions for relief in this case. The Special Master has no discretion under Judge Kane's order and must dismiss the second claim of Claimant.

IT IS HEREBY ORDERED that the revised claim form of John Mosier is dismissed, as Claimant previously file a claim and may not file a second claim; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 9th day of July, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master