IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-497
Category: Untimely Filed Claim
Claimant: Antonio Stancil, #126740
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## FINAL ORDER OF SPECIAL MASTER
_____

    THIS MATTER came before the Special Master on the letter filed by Claimant. In the letter, Claimant requested help in on a habeas corpus. It appeared that the letter was sent by mistake to the Special Masters. To protect Claimant's rights under the Remedial Plan, a revised claim form and information sheet were sent to Claimant. He was granted up to and including June 28, 2010 in which to file a claim form. Nothing further has been filed. In addition, the DOC Locator reflects that Claimant was sentenced on June 7, 2005.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date. In order to proceed with a claim, a claimant must show that there is jurisdiction over the claim. Nothing has been provided by Claimant to establish jurisdiction, as he has not answered the questions set forth in the revised claim form.

    Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27,

2003 and were not disabled on or before that date. Claimant was sentenced in the Denver District Court on September 11, 2003. Claimant was not in DOC custody on or before August 27, 2003.

Claimant does retain the right to file his own lawsuit with the Court. Claimant may not pursue any claim for damages or file any motions for relief in this case because he was not in DOC custody on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the letter of Claimant which will be treated as a claim.

IT IS HEREBY ORDERED that the letter of Antonio Stancil, being treated as a new claim, is dismissed, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 9th day of July, 2010.

BY THE COURT:

/s/ Richard M. Borchers

_____
Richard M. Borchers
Special Master