IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-525
Category: Untimely Filed Claim
Claimant: Ronald B. Duran, #57742
Address of Claimant: BVCF, P.O. Box 2017, Buena Vista, CO 80211

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the letter of Ronald Duran. In the letter, Mr. Duran requests assistance in setting aside his conviction. He is in the process of appealing the denial of his CRCrimP 35 motion.

    Claimant's letter has been sent to an office that is not able to help him. The Special Masters were appointed to adjudicate claims made pursuant to the Remedial Plan approved by Judge Nottingham. The Remedial Plan is the settlement document that established the claim process.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. A copy of that order will be provided to Claimant. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

    According to the DOC Locator, Claimant was sentenced on July 17, 2007. It appears from his DOC number that Claimant has been in custody prior to this sentence. Claimant has not made a claim under Article XXXII of the Remedial Plan. He could not do so at this late date, as Judge Kane directed that all claims be filed on or before May 1, 2010.

The Special Master has erred on the side of caution in opening a file. Mr. Duran will need to seek assistance on his criminal case from the Office of Public Defendant or Office of Conflict Counsel. Mr. Duran can write to the trial court or the Colorado Court of Appeals seeking the appointment of an attorney. The office of the Special Masters cannot help Claimant. Treating the letter from Mr. Duran as a new claim, it is denied as being filed out of time.

IT IS HEREBY ORDERED that the letter of Ronald B. Duran, being treated as a new claim, is dismissed, as the claim was not filed on or before April 30, 2010; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 9th day of July, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master