IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

───────────────────────────────────────────

Claim Number X-489
Category: Untimely Filed Claim
Claimant: William S. Coney, #113457
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

───────────────────────────────────────────

## FINAL ORDER OF SPECIAL MASTER
───────────────────────────────────────────

THIS MATTER came before the Special Master on the revised claim form of William S. Coney. Claimant alleged that he is hearing and vision impaired. He further alleged that he became disabled in June, 2007.

Since it appeared that there might be a lack of jurisdiction over this claim, a show cause order was issued to Claimant. Despite being granted up to and including June 28, 2010 in which to respond, Claimant has filed nothing further.

This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Act on or before that date.

Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were not disabled on or before that date. A copy of that order will be provided to Claimant. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d

1163 (10th Cir. 1991). Claimant does retain the right to file his own lawsuit with the Court. He may not pursue any claim for damages or file any motions for relief in this case because he was not disabled on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the revised claim form of Claimant.

IT IS HEREBY ORDERED that the revised claim form of William S. Coney is dismissed, as Claimant was not disabled on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 28, 2010.**

SIGNED this 9th day of July, 2010.

BY THE COURT:

/s/ Richard M. Borchers

_____
Richard M. Borchers
Special Master