IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.    **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (re: Claimant L.R. Moore # 47702)

    Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

    Defendants.

---

**ORDER** re Doc. 4776 and ongoing Repeated, Duplicative Filings by
Class Member L.R. Moore

---

Kane, J.

On August 5, 2010, Claimant L.R. Moore filed a seven-page handwritten document entitled "Appeal of Order of Special Master Motion to Be Allowed to Seek Effective Enforcement." Because there is no recent "order" of the Special Master related to Mr. Moore from which an appeal might be taken under Section XXXII of the Montez Remedial Plan, the filing was docketed as a Motion to Appoint/Replace Counsel and Special Master (Doc. 4776), to reflect the gist of Mr. Moore's request for relief.

The essence of Mr. Moore's request for relief is that he and other disabled inmates have been inadequately served by class counsel and the Special Master and that they should be allowed to proceed separately with new class counsel and a new Special Master, preferably of their own choosing. *See* Motion (Doc. 4776) at 1, 4. Mr. Moore asserts his claims, which he has pursued relentlessly through the Special Master claims process under Plan Section XXXII and on appeal to the Tenth Circuit, have been denied on the basis of "egregious falsehoods," accepted and perpetuated uncritically by class counsel, argues prison officials have twisted rules and guidelines to his and fellow

prisoners' detriment, and states specifically that prisoners should be allowed to correspond, in writing, directly with each other. *Id.* at 4. To the extent Mr. Moore complains of class counsel's handling of compliance issues, those complaints must be (and are, by virtue of e-filing) communicated to class counsel. Members of the Montez class are only in federal court with a right to enforce compliance with the Remedial Plan because of their representation by class counsel and because of class counsel's hard work. They may continue to appear in the Montez action on issues related to compliance with the Plan class counsel negotiated on their behalf through class counsel.

Similarly, Mr. Moore's entitlement to remuneration or accommodation under Section XXXII of the Plan was a right secured to him by class counsel that was to be pursued by him pro se. As Mr. Moore has been told repeatedly, he has exhausted his rights under Section XXXII of the Plan and no further individual rights of redress are available to him thereunder. *See e.g.* 8/27/08 Order of Special Master (Doc. 3567)(rejecting Mr. Moore's pro se effort to enforce compliance and seek reconsideration of the denial of his pro se claims). To the extent Mr. Moore seeks remedies for injuries that exist independently of the Montez Remedial Plan, he, like any other inmate, may pursue those remedies in an appropriate action under 42 U.S.C. § 1983 filed in accordance with the procedures enumerated in the Prison Litigation Reform Act and codified at 28 U.S.C. § 1915. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

In short, no further individual remedies are available to Mr. Moore in the Montez action. The equitable and injunctive remedies to which he is entitled as a member of the Montez class are being pursued on his behalf by class counsel, and his request to terminate or replace class counsel with new counsel of his choosing is DENIED. Mr.

Moore is DIRECTED to REFRAIN from filing any further pro se documents in the Montez action, as no further relief is available to him, individually. Documents filed in contravention of this directive may be STRICKEN without further notice.

Dated:   August 6, 2010.                                  **s/John L. Kane**
                                                                         SENIOR U.S. DISTRICT JUDGE


Service of this Order shall be made by NEF and by U.S. Mail to the following:

DOC inmate  L.R. Moore
Special Masters Borchers, Pringle and Davidson