IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-524
Category: Untimely Filed Claim
Claimant: Raymond L. Salazar, #52130
Address of Claimant: SCF, P.O. Box 6000. Crowley, CO 81034-1000

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the claim of Raymond L. Salazar. Claimant originally filed a letter that was treated as a claim. Claimant then was provided a claim form which he has completed and filed. Claimant has alleged that he is vision impaired. He further has alleged that he needed the assistance of another inmate to complete the form.

    Several questions arose from review of the claim. An order was issued to Claimant requiring him to provide additional information. Claimant has responded to that order.

    Claimant has indicated that he previously was incarcerated in DOC from 1982-84. Claimant was sentenced on December 12, 2006 in Pueblo, Colorado and then placed back into DOC custody. Claimant maintains that he has been vision impaired all of his life. Claimant responded to the final question as follows:

    Q. Were you the victim of discrimination on or before August 27, 2003 while in DOC custody?
    A. It has been too long for me to remember.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003;

(2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

Judge Kane also ruled that all claims had to be filed on or before April 30, 2010. Claimant did not file his letter on or before that date. The Special Masters have no jurisdiction over this claim.

More importantly, Claimant has failed to set forth allegations that would allow the claim to proceed on its merits. Under Article XXXII of the Remedial Plan, Claimant would have to prove that he was the victim of discrimination on or before August 27, 2003. Claimant was not in DOC custody in 2003. He alleges that he was last in DOC custody in 1984. This case was commenced in 1992 and became a class action in 1994. Even if Claimant alleged something with specificity has having occurred within the time frame of 1982-84, it is well outside of any and all statutes of limitation. There is no jurisdiction over what has occurred since 2006 unless some act of discrimination occurred on or before that date.

Claimant has not alleged any specific discriminatory acts that would fall under the jurisdiction of Article XXXII of the Remedial Plan. Claimant may pursue his own separate lawsuit. A copy of his letter and claim will be sent to class counsel for such action as may be appropriate.

IT IS HEREBY ORDERED that the claim of Raymond Salazar is dismissed, as the claim was not filed on or before April 30, 2010 and any allegations of discrimination took place after August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's claim and letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 18, 2010.**

SIGNED this 13th of August, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master