IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-428
Category: Untimely Filed Claim
Claimant: Dennis Harper, #117628
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on Defendants' objection to the processing of this claim. Claimant has filed a response to the objection of Defendants.

    Claimant filed a claim in April, 2010. He alleged that he had been in DOC custody since June, 2003 and was hearing impaired and diabetic. Claimant did not provide a date on which he became disabled but rather stated that "[d]uring screening process denied some programs telephone problems till recently."

    In response to the question on the claim form concerning the late filing of the claim, Claimant stated that he was just updating a previous claim. Review of the records kept by the Special Masters reflected no previous claim being filed.

    Defendants have objected to this claim being processed for two reasons. First, Defendants argue that no valid reason has been presented for the late filing of this claim. Second, they argue that Claimant has not provided any evidence or allegations that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. Defendants argue that Claimant's allegations reflect alleged discrimination occurring at FLCF, and that Claimant was transferred to FLCF on February 18, 2005.

    Claimant's response is very general. No specifics are provided, and Claimant requests that

he be allowed to process his claim through adjudication.

Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

Claimant returned to DOC custody on June 18, 2003. Judge Kane's order requires a showing of discrimination in violation of the ADA and Rehabilitation Act on or before August 27, 2003. Claimant has provided no such allegations. Defendants specifically challenged Claimant to provide information concerning discrimination on or before August 27, 2003. Nothing has been provided by Claimant. There is no jurisdiction over this claim, since it does not allege discrimination on or before August 27, 2003.

In addition, Claimant has failed to establish a valid reason for filing his claim late. Claimant alleges that he filed a prior claim, but he has submitted nothing to verify such a claim.

IT IS HEREBY ORDERED that the claim of Dennis Harpin is dismissed, as Claimant has failed to allege that he was the victim of discrimination on or before August 27, 2003 and has failed to show good cause for the late filing of his claim; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 22, 2010.**

SIGNED this 17th of September, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master