IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

**REPORT AND RECOMMENDATION OF SPECIAL MASTERS**
_____

THIS MATTER comes before the Special Masters on their own motion. On September 16, 2010, Judge John Kane issued a minute order on this case. (*Doc. #4828*). The minute order reads as follows:

> At today's status/trial preparation conference, the Court, among other things, urged the parties to consider renegotiating and modifying the August 2003 Montez Remedial Plan with an eye to crafting an Amended or Revised Plan, the essential elements of which would reflect the progress that has been made in the care and accommodation within DOC of disabled inmates since 2003 and tailor the DOC's obligations to matters that are genuinely in dispute and attainable. If a referral to Special Master Borchers to facilitate/mediate those negotiations would be helpful, counsel should contact chambers and one will be issued forthwith. The substantial compliance inquiry would then focus on the Revised Plan, and whether its essential requirements have been met.

Special Master Borchers has had an opportunity to review the minute order and reflect on it. The Special Masters believe that appointment of Special Master Borchers as a facilitator or mediator would not be appropriate. The same would be true for Special Masters Pringle and Davidson, should either be mentioned as a possible facilitators/mediators between class counsel and counsel for Defendants.

The Special Masters would note the following:

1. The appointment of the three Special Masters was at the request of the parties in order to allow adjudication of damage claims filed pursuant to Article XXXII of the Remedial Plan. That is what the Special Masters agreed to do and have done for nearly seven years. To now request one or more of the Special Masters to become a mediator between the parties would not be appropriate.

2. The Special Masters have worked hard to maintain neutrality for claimants, class counsel, and Defendants. That neutrality could be deemed compromised, especially by claimants who trust no one and have complaints about the entire process.

3. As contemplated in the minute order and courtroom minutes, any mediator would become privy to confidential information from one or both sides. Continued involvement in adjudicating claims would be problematic. Though not binding on this Court, the Colorado Court of Appeals' decision in *Tripp v. Borchard*, 29 P.3d 345 (Colo.App. 2001) reflects the problems that could arise in the future.

THEREFORE, the Special Masters submit this report and recommend that none of them be appointed to act as facilitators/mediators in the negotiations that may be on-going between class counsel and Defendants.

SIGNED this 21st day of September, 2010.

> Respectfully submitted,
>
> BY THE COURT:
>
> */s/ Richard M. Borchers*
>
> _____
> Richard M. Borchers
> Special Master

BRUCE D. PRINGLE
Special Master

RICHARD C. DAVIDSON
Special Master