IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 03-482
Category III
Claimant: Richard Rice, #53696
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

**FINAL ORDER OF SPECIAL MASTER**
_____

THIS MATTER came before the Special Master for hearing on September 8, 2010. This hearing was held at the Ft. Lyon Correctional Facility (FLCF) in Ft. Lyon, Colorado. Present were the following: Richard Rice (Claimant) and Deann Conroy, attorney for Defendants.

Claimant called himself as a witness. At the conclusion of Claimant's testimony, counsel for Defendants made a motion for dismissal of the claim. The motion was granted.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Then-Judge Nottingham was not involved in the negotiation of the provisions of the settlement document.[1]  Once the provisions and terms of the settlement were agreed upon by counsel

---

[1] The Special Masters also were not involved in the negotiation of the Settlement Agreement. The Special Masters are bound by the provisions of that agreement, as they have only the jurisdiction agreed upon by the parties.

for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provides the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

These definitions control as to implementation of the Settlement Agreement and adjudication of all claims filed by individuals.

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

In addition, Judge Kane issued an order on March 23, 2010 which further clarified the claim process. That order established some limitations on that process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

## II.

Claimant initially came into DOC custody on September 12, 1985. Claimant was in custody at various DOC facilities until he was released on parole. His initial sentence was discharged on July 18, 1987.

Claimant returned to DOC custody on July 3, 2001. He was placed into the Denver Reception and Diagnostic Center. After processing, Claimant was transferred to the Kit Carson Correctional Center (KCCC) in Burlington, Colorado. Claimant remained at KCCC until November 8, 2006, when he was transferred to the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. Claimant was transferred to FLCF on March 6, 2009.

In January, 2010, Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. He alleged that he was mobility and hearing impaired, as well as diabetic. In support of his claim, Claimant testified that he had been a diabetic most of his life. His hearing and mobility problems

3

arose after he was assaulted by another inmate at AVCF. The assault took place sometime after Claimant's transfer to AVCF on January 22, 2007.

In response to questions from the Special Master, Claimant stated that he received all appropriate medications for his diabetes while at KCCC. He had no problems at KCCC and was able to maintain his medical condition with the assistance of health staff. When specifically asked by the Special Master if he could point to a specific act of discrimination that occurred prior to August 27, 2003, Claimant said that he could not.

### III.

Judge Kane's order of March 23, 2010 specifically requires a showing by a claimant of discrimination prohibited by the ADA and Rehabilitation Act on or before August 27, 2003. The testimony of Claimant was that no such act had occurred. It should be noted further that Claimant was diabetic on or before August 27, 2003, but that mobility and hearing impairments arose well after that date.

The Special Master has no jurisdiction over this claim. Claimant retains the right to pursue a separate lawsuit for anything that may have occurred after August 27, 2003. Claimant may not pursue his claim for the reasons noted.

IT IS HEREBY ORDERED that the claim of Richard Rice is dismissed, as Claimant was not discriminated against on or before August 27, 2003; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before November 29, 2010.**

SIGNED this 24th day of September, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master