IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 02-524
Category II
Claimant: Philip Andrade, #53497
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on his own motion. This matter is set for a hearing at LCF on November 15, 2010. A jurisdictional issue has been raised on all post-award motions. That issue will need to be resolved as to this claim.

**I.**

A revised claim form was filed by Philip Andrade. Claimant has alleged that he is vision and hearing impaired.

Claimant previously filed a claim that was assigned to Category II. On October 24, 2006, Special Master Pringle determined that Claimant was hearing impaired and the victim of discrimination on or before August 27, 2003. The Special Master entered a monetary award. Included in the final order was a finding that DOC staff had not provided a hearing aid to Claimant for a period of time and that batteries were not promptly provided. Special Master Pringle did not order anything other than the monetary damages. There is no evidence or even an allegation that Defendants did not pay to Claimant the money ordered by the Special Master.

In his revised claim form, Claimant has alleged continuing problems with his hearing aids and in receiving batteries. Since Claimant had filed a previous claim, the new claim form was treated as a motion for enforcement of the final order. A hearing was set for November 15, 2010, as this

would provide the easiest and best way to secure evidence concerning the issue of whether the final order has been complied with by Defendants.

## II.

A jurisdictional issue has been raised by Defendants on this and all other post-award motions filed by claimants. The question is whether the Special Master has any jurisdiction as to this claim to consider any post–award motion. If there is no jurisdiction, then the new claim, being treated as a motion for enforcement of the final order, must be denied and dismissed.

Special Master Pringle determined that Claimant was entitled to monetary damages in the amount of $300.00. The Special Master did not issue any on-going order for medications or other accommodations. Claimant has not alleged that he did not receive the monetary award.

The Special Masters have only the jurisdiction granted to them by the Remedial Plan. The Remedial Plan is the document reflecting the terms of the settlement between the class and Defendants. The Remedial Plan is a contract reflecting what was agreed to by the parties and then approved by the Court. Class counsel and Defendants agreed to the following in Article XXXII:

> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim for damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
> Only one of the categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.
> Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before the special master. Class members (or their representatives) with damages under categories 3,4 & 5 shall be entitled to a hearing before the Special Master. Generally, these hearings should be no more than two

hours in length. However, the Special Master may extend the time for the hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law.

After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

Class members, their representatives and counsel are entitled to discovery regarding their damage claims and shall be provided copies of the relevant DOC files upon request, including but limited to medical information, as well as relevant internal quality assurance documents as allowed by the special master.

Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.

Article XXXII is the only section of the Remedial Plan that deals with the damage claim process. The remainder of the Remedial Plan deals with systemic issues that apply to all class members.

Over the intervening seven years since the Remedial Plan was approved by the Court, several orders have been issued by former Judge Nottingham and Judge Kane. Claimants may file one claim pursuant to Article XXXII of the Remedial Plan. The four categories listed in the Remedial Plan (hearing, vision, mobility, and diabetes) are all inclusive. Other health issues, such as mental illness, are not covered by the Remedial Plan and must be dealt with by an inmate through a separate ADA action.

Judge Kane's March 23, 2010 order dealt with a number of issues concerning the damage claim process and the jurisdiction of the Special Masters. First, the individual inmates may not file motions relating to systemic issues. Such motions are to be referred to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Second, motions related to the enforcement of final orders may be filed *pro se* with the Special Masters. Third, individual claimants must establish that they were in DOC custody on or before August 27, 2003, were disabled on or before that date, and were the victims of discrimination on or before that date. Judge Kane specifically found that the class had not expanded after August 27, 2003.

Most importantly, Judge Kane provided that no further *pro se* filings or claims were to be accepted after April 16, 2010. That date was extended until April 30, 2010. Judge Kane noted that

"it is the deadline for *pro se* claims under §XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations." Judge Kane's later order provided that April 30, 2010 would be the last day for acceptance of any new *pro se* pleadings. His orders also established a process for closure of the Article XXXII claim process. Once the last claim or motion for enforcement of a final order is adjudicated, then the claim process will be at an end.

The Special Master has struggled with the issue of what, if any, continuing jurisdiction exists under Article XXXII. In light of the March 23, 2010 order of Judge Kane, there is no jurisdiction to adjudicate any further *pro se* motions for compliance. If Claimant were filing a new claim or a motion for enforcement today, it would be dismissed and referred to class counsel for such action as might be deemed appropriate.

The tougher question is what jurisdiction exists after issuance of a final order. As the claim process has progressed, basically two types of final orders have been issue when a claimant has established his claim and is entitled to relief. The first type of order provides monetary compensation for the damages that have arisen for the claimant. In other words, DOC is ordered to pay an amount of money into the claimant's inmate account. Once the payment is made, then Defendants have complied with the order of the Special Master.

The second type of order provides that certain items are to be supplied to a claimant by DOC. These orders have included specially made boots, glucose tablets, wedge pillows, and the like. Whether continuing jurisdiction exists need not be reached in this case. In light of the March 23, 2010 order, no jurisdiction exists after April 30, 2010 to adjudicate any *pro se* pleading. The March 23, 2010 order provides no indication if class counsel could seek enforcement of a final order from the Special Master for something that occurs after April 30, 2010.

The Special Master has reviewed all aspects of this issue, as well as reviewing the Remedial Plan and orders issued over the last seven plus years. The Special Master finds that Article XXXII of the Remedial Plan allows for the filing of one claim and an adjudication of that claim. Once the final order is issued, the claim process is an end, unless the final order requires Defendants to provide items or services to the claimant on a continuing basis.

In this case, Claimant was awarded money for the damages he incurred due to the violations of the ADA and Rehabilitation Act. It is undisputed that Claimant has been paid and the final order has been complied with by Defendants. The Special Master finds that all jurisdiction over this claim ended when Defendants paid to Claimant the monetary award contained in the final order. The Special Master has no jurisdiction to adjudicate the motion of Claimant. The motion and associated documents will be forwarded to class counsel.

## III

The Special Master must reluctantly dismiss Claimant's new claim, being treated as a motion

for enforcement of the final order, for the reasons noted. Claimant has alleged that he has had trouble receiving batteries for his hearing aids. It may well be that discrimination in violation of the ADA continues against Claimant.

IT IS HEREBY ORDERED that the new claim of Philip Andrade, being treated as a motion for enforcement of the final order of the Special Master, is dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that the hearing set for November 15, 2010 at LCF is vacated; and

IT IS FURTHER ORDERED that a copy of the file maintained by the Special Masters will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 7, 2011.**

SIGNED this 1st day of October, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master