IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL RITTER, et al.,

    Defendants.

_____

Claim Number: 03-328
Category: III
Claimant: Henry Ray Tafoya, #40786
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

**ORDER OF SPECIAL MASTER**
_____

THIS MATTER came before the Special Master on September 7, 2010 at CTCF in Canon City, Colorado for hearing on the motion for enforcement of the final order. Present were the following: Henry Tafoya (Claimant); Deann Conroy, attorney for Defendants; and Dr. Timothy Creaney, M.D. Testimony was presented from Claimant and Dr. Creaney. Closing arguments were presented by Claimant and Ms. Conroy. The case then was taken under advisement.

I.

Claimant previously filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant alleged that he was mobility and vision impaired, as well as diabetic. He further alleged that he had been the victim of discrimination in violation of the ADA and Rehabilitation Act.

A hearing was held at CTCF on March 13, 2008. Testimony was presented by Claimant and Dr. Orville Neufeld, D.O. The matter was taken under advisement by the Special Master.

After review of all of the evidence, the Special Master determined that Claimant did not meet the criteria for vision impairment. The evidence did establish that Claimant was mobility impaired and had been diagnosed as diabetic before August 27, 2003. The Special Master determined further that Claimant had not been discriminated against in violation of the ADA as to his mobility impairment.

The Special Master determined that Claimant had been the victim of discrimination as to his diabetes.

> The same is not true as to his diabetes. DOC documents reflect that medicines did run out on several occasions. Claimant had to go several days without his diabetic medications. There is no evidence whatsoever that this was the result of anything that Claimant did or did not do. Any opinion to that effect is pure speculation. Claimant had no ability to secure his medications on his own. He is an inmate and must rely on DOC and its staff to provide medications necessary to carry on life. As this Special Master has found in other cases and finds in this case, it is unacceptable to place a diabetic inmate in a position of not having necessary medications. In this case, Claimant was testifying correctly that various facilities did run out of medications. He was worried about his health as a result, and with good reason. The ADA and Rehabilitation Act were violated on those occasions when the medicine ran out and Claimant had to do without those medications.

*Final Order of Special Master*, pp. 6-7. The Special Master determined further as follows:

> 4. Did this conduct cause the Claimant harm and, if so, what is an appropriate remedy? Claimant testified that he was very worried about his health when his medications ran out and he had to wait days for his medicines. That worry was legitimate and caused Claimant harm. Claimant is entitled to damages in the amount of $250.00.

*Final Order of Special Master*, p.7.

After the final order was issued on March 19, 2008, Claimant began forwarding letters and documents to the office of the Special Masters. Those letters alleged DOC's continuing pattern of running out of diabetic medicines for inmates with diabetes. Claimant also requested additional accommodations related to separate medical conditions.

All of Claimant's post-award filings were held in abeyance, as a jurisdictional issue had arisen concerning *pro se* claimant filings. Judge Kane issued an order on March 23, 2010 which clarified the authority of the Special Masters on post-award filings. Judge Kane held that individual inmates who had prevailed on their claims could seek post-award enforcement. Such motions would be resolved by the special masters. *Pro se* filings on systemic issues and general conditions would be dismissed and then referred to class counsel for such action as would be deemed appropriate.

Review of Claimant's motions led to the conclusion that a hearing should be held on Claimant's pleadings which were treated as a motion to enforce the final order of the Special Master. Claimant testified at the hearing that some of his diabetic medications ran out or were late in being provided to him. This problem arose during a period of time from March, 2008 to early July, 2008. In July, 2008, DOC medical staff changed procedures for the refill of prescriptions, and everything

has worked well since the change. Now Claimant and other inmates at CTCF request a refill five to seven days before the medications run out. The prescriptions are apparently filled at the state hospital and then shipped back to CTCF.

On cross-examination, Claimant explained that he had gone without his medications for almost a month in 2008. He explained his health concerns because of the lack of appropriate medications.

Defendants presented Dr. Creaney as an expert witness. At the conclusion of all testimony and final argument, the matter was taken under advisement.

## II.

A jurisdictional issue has been raised by Defendants on this and all other post-award motions filed by claimants. The question is whether the Special Master has any jurisdiction as to this claim and others to consider any post–award motion. If there is no jurisdiction, then the motion of Claimant must be denied and dismissed.

The Special Master determined that Claimant was entitled to monetary damages in the amount of $250.00. That amount was paid to Claimant in mid-2008. The Special Master did not issue any on-going order for medications or other accommodations.

The Special Masters have only the substantive jurisdiction granted to them by the Remedial Plan.[1] The Remedial Plan is the document reflecting the terms of the settlement between the class and Defendants. The Remedial Plan is a contract reflecting what was agreed to by the parties and then approved by the Court. Class counsel and Defendants agreed to the following in Article XXXII:

> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim for damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time/earned time/access to programs or

---

[1] Judge Kane issued an order on April 15, 2008 that expanded the jurisdiction of the Special Masters to allow resolution of *pro se* motions. That order did not affect the Remedial Plan or the damage claim process.

services that have not resulted in physical injury;

    III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as fear of death);

    IV. Damages due to severe physical injuries; and

    V. Damages due to death.

Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before the special master. Class members (or their representatives) with damages under categories 3, 4 & 5 shall be entitled to a hearing before the Special Master. Generally, these hearings should be no more than two hours in length. However, the Special Master may extend the time for the hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law.

After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

Class members, their representatives and counsel are entitled to discovery regarding their damage claims and shall be provided copies of the relevant DOC files upon request, including but not limited to medical information, as well as relevant internal quality assurance documents as allowed by the special master.

Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.

Article XXXII sets forth the limited jurisdiction of the Special Masters. Article XXXII is the only section of the Remedial Plan that deals with the damage claim process. The remainder of the Remedial Plan deals with systemic issues that apply to all class members.

Over the intervening seven years since the Remedial Plan was approved by the Court, several orders were issued by then-Judge Nottingham and Judge Kane. Claimants may file one claim pursuant to Article XXXII of the Remedial Plan. The four categories listed in the Remedial Plan (hearing, vision, mobility, and diabetes) are all inclusive. Other health issues, such as mental illness, are not covered by the Remedial Plan and must be dealt with by an inmate through a separate ADA action.

Judge Kane's March 23, 2010 order dealt with a number of issues concerning the damage claim process and the jurisdiction of the Special Masters. First, the individual inmates may not file motions relating to systemic issues. Such motions are to be referred to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Second, motions related to the enforcement of final orders may be filed *pro se* with the Special Masters. Third, individual claimants must establish that they were in DOC custody on or before August 27, 2003, were disabled on or before that date, and were the victims of discrimination on or before that date. Judge Kane specifically found that the class had not expanded after August 27, 2003.

Most importantly, Judge Kane provided that no further *pro se* filings or claims were to be accepted after April 16, 2010. The date was extended until April 30, 2010. Judge Kane noted that "it is the deadline for *pro se* claims under §XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations." Judge Kane's later order provided that April 30, 2010 would be the last day for acceptance of any new *pro se* pleadings. His orders also established a process for closure of the Article XXXII claim process. Once the last claim or motion for enforcement of a final order is adjudicated, then the claim process will be at an end.

The Special Master has struggled with the issue of what, if any, continuing jurisdiction exists under Article XXXII. In light of the March 23, 2010 order of Judge Kane, there is no jurisdiction for the Special Masters to adjudicate any further *pro se* motions for compliance, except as to allegations of a failure to comply with the final order. If Claimant were filing his motion for enforcement today, it would be dismissed and referred to class counsel for such action as might be deemed appropriate.

The tougher question is what jurisdiction exists after issuance of a final order. As the claim process has progressed, basically two types of final orders have been issue when a claimant has established his claim and is entitled to relief. The first type of order provides monetary damages for the damages that have arisen for the claimant. In other words, DOC is ordered to pay an amount of money into the claimant's inmate account. Once the payment is made, then Defendants have complied with the order of the Special Master.

The second type of order provides that certain items are to be supplied to a claimant by DOC. These orders have included specially made boots, glucose tablets, wedge pillows, or the like. Whether continuing jurisdiction exists need not be reached in this case. In light of the March 23, 2010 order, no jurisdiction exists to adjudicate any *pro se* pleading filed after April 30, 2010. The March 23, 2010 order provides no indication if class counsel could seek enforcement of a final order from the Special Master for something that occurs after April 30, 2010.

The Special Master has reviewed all aspects of this issue, as well as reviewing the Remedial Plan and orders issued over the last seven plus years. The Special Master finds that Article XXXII of the Remedial Plan allows for the filing of one claim and an adjudication of that claim. Once the final order is issued, the claim process is an end, unless the final order requires Defendants to provide items or services to the claimant on a continuing basis.

In this case, Claimant was awarded money for the damages he incurred due to the violations of the ADA and Rehabilitation Act. It is undisputed that Claimant has been paid and the final order has been complied with by Defendants. The Special Master finds that his jurisdiction over this claim ended when Defendants paid to Claimant the monetary award contained in the final order. The Special Master has no jurisdiction to adjudicate the motion of Claimant. The motion and associated documents will be forwarded to class counsel.

### III

The Special Master must reluctantly dismiss Claimant's motion for enforcement of the final order for the reasons noted. Claimant proved his claim that he was not provided in a timely fashion appropriate medications during the period of March through July, 2008. Claimant established that a violation of the ADA occurred during that time period. Fortunately, CTCF has changed its procedures and no further problems have arisen for Claimant.

IT IS HEREBY ORDERED that the motion for enforcement of the final order of the Special Master filed by Henry Ray Tafoya is dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that a copy of the file maintained by the Special Masters will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 7, 2011.**

SIGNED this 1st day of October, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

---
Richard M. Borchers
Special Master