IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

_____

Claim Number 03-427
Category III
Claimant: Angela Denise Thomas, #91631
Address of Claimant: LVCF, 1401 W. 17th Street, Pueblo, CO 81003
_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on his own motion. This matter is set for a hearing on November 1, 2010. A jurisdictional issue has been raised on all post-award motions. That issue will need to be resolved as to this claim.

## I.

Claimant previously filed a claim pursuant to Article XXXII of the Remedial Plan. In that claim, she alleged that she was mobility impaired. A hearing was held on this claim on November 30, 2007 at the La Vista Correctional Facility (LVCF) in Pueblo, Colorado. Testimony was received from Claimant and Dr. Orville Neufeld, D.O. At the conclusion of the hearing, the case was taken under advisement.

The Special Master determined that Claimant was mobility impaired on or before August 27, 2003. *Final Order of Special Master, p.6*. The Special Master determined that Claimant had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. The Special Master further stated, in part:

> The Special Master finds that Claimant did suffer harm while at CWCF when the case manager refused to help her find a job. Claimant wanted to work but was unable to do so for a period of time. The Special Master determines that Claimant

should receive damages of $225.00 for this period of time. The Special Master specifically finds that insufficient evidence has been presented that would allow any other relief (good time, earned time, etc.).

*Final Order of Special Master, p.8*. The final order was dated December 12, 2007.

After issuance of the final order, Claimant began filing various documents and letters with the Special Masters. These documents included grievances and medical records. The letters and formal pleadings alleged the failure of DOC staff at LVCF and other facilities to provide proper medical care and accommodations. Claimant alleged retaliation, but only in general terms.

The Special Master determined initially that a hearing should be held. The hearing now is scheduled for November 1, 2010. Defendants have raised a jurisdictional issue concerning all post-award motions, including those filed by Claimant. The jurisdictional issue must be resolved before anything further occurs.

## II.

The question raised by Defendants is whether the Special Master has any jurisdiction as to this claim, as well as others, to consider any post–award motion. If there is no jurisdiction, then the motions for enforcement of the final order must be denied and dismissed.

The Special Master determined that Claimant was entitled to monetary damages in the amount of $225.00. The Special Master did not issue any on-going order for medications or other accommodations. In fact, the final order specifically excluded other relief. Claimant has not alleged that she did not receive the monetary award.

The Special Masters have only the jurisdiction granted to them by the Remedial Plan. The Remedial Plan is the document reflecting the terms of the settlement between the class and Defendants. The Remedial Plan is a contract reflecting what was agreed to by the parties and then approved by the Court. Class counsel and Defendants agreed to the following in Article XXXII:

> Damages of individual class members shall be determined by a special master designated as Richard Borchers and/or Bruce Pringle. After approval of this Remedial Plan, class members will be provided a Damage Claim Form to fill out concerning their individual damage claims. Class members may attach any relevant information to this form, including proof of injury or the denial of services or benefits, affidavits, medical information, or any other information desired to be submitted that is relevant to his/her claim for damages. Inmates who have ongoing claims for damages may submit claims for future damages. Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;

  II. Damages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury;

  III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as fear of death);

  IV. Damages due to severe physical injuries; and

  V. Damages due to death.

Only one of the categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

  Class members with damages allocated under categories 1 and 2 shall not be entitled to a hearing before the special master. Class members (or their representatives) with damages under categories 3,4 & 5 shall be entitled to a hearing before the Special Master. Generally, these hearings should be no more than two hours in length. However, the Special Master may extend the time for the hearing when the issues require additional time. Class members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law.

  After review of the evidence, the Special Master shall issue a written determination as to the damages awarded to each claimant. These awards may be appealed on an abuse of discretion review to the Honorable Judge Kane.

  Class members, their representatives and counsel are entitled to discovery regarding their damage claims and shall be provided copies of the relevant DOC files upon request, including but not limited to medical information, as well as relevant internal quality assurance documents as allowed by the special master.

  Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages. No additional claims for damages will be allowed during the monitoring period, but any individual who has a claim for damages which arises after the compliance period may bring their claim in any court of competent jurisdiction regardless of the on-going jurisdiction exercised by the federal court in this case. The Special Master may only extend the time limits for filing a claim upon a showing that the class member was prevented from, or incapable of filing within the specified time period.

Article XXXII is the only section of the Remedial Plan that deals with the damage claim process. The remainder of the Remedial Plan deals with systemic issues that apply to all class members.

  Over the intervening seven years since the Remedial Plan was approved by the Court, several orders have been issued by former Judge Nottingham and Judge Kane. Claimants may file one claim pursuant to Article XXXII of the Remedial Plan. The four categories listed in the Remedial Plan (hearing, vision, mobility, and diabetes) are all inclusive. Other health issues, such as mental illness, are not covered by the Remedial Plan and must be dealt with by an inmate through a separate ADA action.

Judge Kane's March 23, 2010 order dealt with a number of issues concerning the damage claim process and the jurisdiction of the Special Masters. First, the individual inmates may not file motions relating to systemic issues. Such motions are to be referred to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). Second, motions related to the enforcement of final orders may be filed *pro se* with the Special Masters. Third, individual claimants must establish that they were in DOC custody on or before August 27, 2003, were disabled on or before that date, and were the victims of discrimination on or before that date. Judge Kane specifically found that the class had not expanded after August 27, 2003.

Most importantly, Judge Kane provided that no further *pro se* filings or claims were to be accepted after April 16, 2010. The date was extended until April 30, 2010. Judge Kane noted that "it is the deadline for *pro se* claims under §XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations." Judge Kane's later order provided that April 30, 2010 would be the last day for acceptance of any new *pro se* pleadings. His orders also established a process for closure of the Article XXXII claim process. Once the last claim or motion for enforcement of a final order is adjudicated, then the claim process will be at an end.

The Special Master has struggled with the issue of what, if any, continuing jurisdiction exists under Article XXXII. In light of the March 23, 2010 order of Judge Kane, there is no jurisdiction to adjudicate any further *pro se* motions for compliance. If Claimant were filing a new claim or a motion for enforcement today, it would be dismissed and referred to class counsel for such action as might be deemed appropriate.

The tougher question is what jurisdiction exists after issuance of a final order. As the claim process has progressed, basically two types of final orders have been issued when a claimant has established her claim and is entitled to relief. The first type of order provides monetary compensation for the damages that have arisen for the claimant. In other words, DOC is ordered to pay an amount of money into the claimant's inmate account. Once the payment is made, then Defendants have complied with the order of the Special Master.

The second type of order provides that certain items are to be supplied to a claimant by DOC. These orders have included specially made boots, glucose tablets, wedge pillows, and the like. Whether continuing jurisdiction exists need not be reached in this case. In light of the March 23, 2010 order, no jurisdiction exists after April 30, 2010 to adjudicate any *pro se* pleading. The March 23, 2010 order provides no indication if class counsel could seek enforcement of a final order from the Special Master for something that occurs after April 30, 2010.

The Special Master has reviewed all aspects of this issue, as well as reviewing the Remedial Plan and orders issued over the last seven plus years. The Special Master finds that Article XXXII of the Remedial Plan allows for the filing of one claim and an adjudication of that claim. Once the final order is issued, the claim process is an end, unless the final order requires Defendants to provide items or services to the claimant on a continuing basis.

In this case, Claimant was awarded money for the damages she incurred due to the violations of the ADA and Rehabilitation Act. It is not alleged that Claimant has not been paid. The Special Master finds that all jurisdiction over this claim ended when Defendants paid to Claimant the monetary award contained in the final order. Claimant carries the burden of establishing that the monetary damage award has not been paid. Thus, the Special Master has no jurisdiction to adjudicate any motion of Claimant. The motion and associated documents will be forwarded to class counsel.

As to the claims of retaliation, there is no jurisdictional basis for action by the Special Master. Judge Kane's order of March 23, 2010 provides jurisdiction to the Special Master to finish the processing of claims for initial adjudications. The order further provides jurisdiction over motions filed that allege failure of DOC to follow the Special Master's final order. Allegations of retaliation are separate. Presumably, Judge Kane could issue an order directing the Special Master to conduct a hearing and issue a report on such allegations. That has not occurred in this case, and the Special Master has no jurisdiction to conduct any hearing on allegations of retaliation.

Based upon the allegations of Claimant, there may be continuing violations of the ADA and Rehabilitation Act. Class counsel will be provided a copy of the file maintained by the Special Master. Class counsel may pursue what steps may be necessary for this claimant.

IT IS HEREBY ORDERED that the motions of Angela Denise Thomas are dismissed for lack of jurisdiction; and

IT IS FURTHER ORDERED that the hearing set for November 1, 2010 at LVCF is vacated; and

IT IS FURTHER ORDERED that a copy of the file maintained by the Special Masters will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 7, 2011.**

SIGNED this 1st day of October, 2010.

BY THE COURT:

/s/ Richard M. Borchers
_____
Richard M. Borchers
Special Master