IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

**REPORT AND RECOMMENDATION OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on his own motion. Issues concerning jurisdiction of the Special Master have arisen that require further guidance from Judge Kane, especially in light of the fact that the damage claim process under Article XXXII of the Remedial Plan is winding down.

**I.**

The approval of the Remedial Plan on August 27, 2003 by then-Judge Nottingham commenced the damage claim process set forth in Article XXXII. Since that date, over one thousand six hundred claims have been filed with the Special Masters. Less than fifty claims remain to be adjudicated, and it is anticipated that all pending claims will be resolved on or before April 30, 2011.

Article XXXII provides, in part, that "[c]lass members that are entitled to a hearing on their respective damages are entitled to counsel during that hearing, to present witnesses, make argument, and to any remedy otherwise available in a court of law." Since the first claim forms were filed by claimants in April, 2004, a number of claimants have requested non-monetary relief from the Special

Masters. The Addendum to this Report and Recommendation reflects a list of some of the final orders in which non-monetary relief was granted.

As the claim process has progressed, basically two types of final orders have been issued when a claimant has established his or her claim and has proven that he or she was entitled to relief. The first type of order has provided monetary compensation for the damages that have been incurred by the claimant. In other words, DOC has been ordered to pay an amount of money to the claimant, either directly or into the claimant's prison account.

The second type of order has provided that certain items are to be supplied to a claimant by DOC. These orders have included specially made boots, glucose tablets, wedge pillows, and the like. Sometimes monetary compensation also has been included by the Special Master. The number of final orders issued by the Special Masters that have included non-monetary relief is small.

Several jurisdictional issues have arisen and cannot be resolved without direction from Judge Kane. That is particularly true in light of the order of March 23, 2010 from Judge Kane. These issues are as follows:

> 1. What continuing jurisdiction exists for the Special Master to accept *pro se* motions from claimants who are alleging that the final order has not been followed by Defendants?
> 2. Does the March 23, 2010 order require that any further motions for enforcement of a final order be filed by class counsel?
> 3. For what period of time does the final order of a Special Master continue? Do final orders of Special Masters have any vitality after completion of the compliance and/or monitoring periods for the Remedial Plan?
> 4. What, if any, jurisdiction exists for a claimant to seek amendment of his or her claim?

## II.

The issues presented in the previous section are not hypothetical. The claim of Kevin Mark

Bretz remains open, with a pending motion for enforcement of the final order issued on July 23, 2007. Defendants have filed a motion to dismiss the motion, arguing that the Special Master does not have continuing jurisdiction to receive and adjudicate motions relating to final orders for claimants. Defendants have argued that any consideration of the latest motion of Mr. Bretz exceeds the power granted to the Special Master under Article XXXII of the Remedial Plan.

Kevin Mark Bretz (Bretz) filed a damage claim in 2005. He alleged in his claim that he was mobility impaired, vision impaired, and hearing impaired. Bretz was incarcerated at the Colorado State Penitentiary (CSP) when he filed his claim. The claim was assigned to Category III and referred to Special Master Richard Davidson to set a hearing, as provided in Article XXXII of the Remedial Plan.

A hearing was held at the CSP in Canon City, Colorado on February 1, 2006. Bretz offered his own testimony, as well as that of five witnesses. Defendants called two witnesses. Exhibits were submitted by both sides. The claim was taken under advisement by Special Master Davidson.

On July 23, 2007, Special Master Davidson issued his final order concerning the claim of Mr. Bretz. Special Master Davidson found that there was insufficient evidence to establish that Bretz was vision or hearing impaired. Special Master Davidson found, in part, as follows:

> 9. Of course, the key issue is whether Claimant was discriminated against by DOC because of his mobility disability. Claimant Bretz has stated that the taking of his previously issued special boots, shoes, brace, and cane had a substantial impact on his ability to utilize the services provided by the facility and his ability to walk. Defendant has offered no explanation as to the reasons for taking the boots and other medical items and refusing to return them. Not only were these items taken, but the Claimant was not even given replacement footwear. Consequently, the Special Master concludes that Claimant has been discriminated against by being deprived of the special accommodations, restrictions, and medical equipment previously provided to him by CDOC and then having the accommodations, restrictions, and medical equipment taken away by CDOC. Claimant has suffered from CDOC discrimination

by having his records altered, his surgery cancelled and his pain medications terminated when the medical records clearly show the existence of serious medical problems. Such conduct is outrageous and inexcusable. It appears that one reason for this may have been to send Claimant to CSP and remove him from SCF.

*Final Order of Special Master*, p. 6. Judge Davidson then ordered as follows:

> IT IS ORDERED that, based upon the foregoing Findings of Fact and Conclusions of Law, Judgment be entered in favor of Claimant Bretz and against Defendants ordering CDOC to provide proper medical care to Claimant. Because of the unique circumstances of this case, CDOC is ordered to send Mr. Bretz to outside orthopedic and neurosurgery specialists for examination and to promptly treat Mr. Bretz as the specialists direct. The examination shall include his back, leg and ankle conditions.
> IT IS FURTHER ORDERED that Claimant shall be awarded the sum of $1,500.00 as compensation for his maltreatment.
> IT IS FURTHER ORDERED that Claimant be moved to a facility where he can receive care and where his restrictions can be accommodated.

*Final Order of Special Master*, p.7. No objection to this order was filed by Defendants.

On January 31, 2008, Bretz filed a motion to compel. The motion was referred to Special Master Davidson. Bretz then filed a motion for relief on May 22, 2008. That motion was referred to Special Master Davidson. Based upon a review of all documents submitted by both sides, Special Master Davidson issued an order on July 17, 2008 denying both motions. *Document #3468*.

Bretz filed additional documents with both the Court and Special Masters. He again alleged that he was not receiving proper medical care and accommodations. He argued that the July, 2007 order by the Special Master was being violated by Defendants. Special Master Davidson held a hearing at the Sterling Correctional Facility (SCF) on November 19, 2008. An order was issued on January 27, 2009. In that order, Special Master Davidson stated, in part, as follows:

> 1. Claimant remains disabled and must be furnished with his needed assistive devices and restrictions. He shall be furnished with an ankle brace, high shoes or boots and a cane. When needed, these items are to be replaced or refitted. His restrictions shall not be removed.

4

*Order of January 27, 2009, p.2*. Special Master Davidson determined that Defendants had referred Bretz to outside specialists and that Defendants had complied with the order of July 23, 2007. Special Master Davidson did order that "the Final Order of July 23, 2007 shall remain in full force and effect." *Order of January 27, 2009*, p. 3.

Bretz continued to submit letters to the Court and Special Masters. These were held in abeyance, as a jurisdictional issue existed concerning new claims being filed. Judge Kane's order of March 23, 2010 clarified the issue and held that new claims could not be filed for anything that occurred after August 27, 2003. Such claims were to be dismissed by the Special Master and referred to class counsel.

Bretz alleged continuing problems in his submissions to the Court. The undersigned Special Master has assumed processing of the claim.[1] The Special Master issued an order to class counsel and requested that an investigation be conducted. A report was issued by class counsel on March 29, 2010. Class counsel restated a previous position that the motions of Bretz were within the jurisdiction of the Special Master and that the Special Master should determine if the final order was still being followed by Defendants.

The undersigned Special Master set a hearing to consider all pending motions filed by Bretz. The hearing was held at SCF on September 27, 2010. Defendants renewed their motion to dismiss and presented argument in support of it. Stated simply, Defendants have argued that no jurisdiction exists for the Special Master to review anything additional concerning the incarceration of Bretz. Defendants note that the hearing on September 27, 2010 was the third formal review of whether they

---

[1] Special Master Richard Davidson recently resigned his position and is no longer involved in this case.

were abiding by the final and subsequent orders of Special Master Davidson.

Bretz argued at the hearing that Defendants have not complied with the final order of Special Master Davidson. Specifically, he testified that he has not received appropriate medical care and has been denied further examinations by the orthopedic specialist and neurosurgeon. He further argued that he needs new boots. He further testified that SCF is not an appropriate facility for him due to his medical issues. Bretz alleged that he had slipped in the kitchen due to improper footwear and suffered a broken wrist. Bretz alleged on cross-examination that he was not receiving appropriate pain medications and had not received an appropriate ankle brace. He further argued that he should be entitled to additional monetary damages.

After completion of closing arguments, the matter was taken under advisement. The Special Master determined that issues presented in Defendants' motion to dismiss warranted issuance of this Report and Recommendation. Resolution of the pending motions of Bretz will be deferred until the Court provides further guidance.

## III.

The claim of Bretz has been the subject of three post-award proceedings. As noted in the Addendum to this report to the Court, there are, at least, sixteen other final orders that directed various items to be provided to the claimant. This list is not exclusive, as other final orders may have awarded medical items, etc. to the claimants. The final number of such orders would be extremely small.

In light of the order of March 23, 2010, several questions have arisen. The Special Master is requesting resolution of certain jurisdictional issues. The Special Master would note that he has ruled consistently that claimants who received an award of monetary damages and have been paid

are precluded from filing any additional motions. Jurisdiction arising from Article XXXII ended with payment by Defendants.

*Continuing Jurisdiction over Motion*: The final order of Special Master Davidson stated, in part, "CDOC to provide proper medical care to Claimant." Bretz has had significant disagreements with DOC staff concerning the propriety of the care that he has received. Some of the recent concerns of Bretz may have some legitimacy. The merits of his motions concerning recent actions by DOC staff will be resolved at a later date.

Defendants' position is that no claim should remain open. Defendants believe that there is no jurisdiction over the claim of Bretz and that his motions should summarily be dismissed. Class counsel believe that jurisdiction continues and that the Special Master has an obligation to adjudicate *pro se* motions filed by Bretz and other inmates who have orders that require DOC to provide something on an on-going basis.

In the March 23, 2010 order, Judge Kane ruled, in part, as follows:

> 2. Unless and until otherwise ordered after the June 2010 compliance hearing, NO FURTHER PRO SE FILINGS/CLAIMS SHALL BE ACCEPTED by the Special Masters after April 16, 2010. April 16, 2010, is the DEADLINE for all *pro se* filings in this case in both of the above-described categories: i.e it is the deadline for *pro se* claims under §XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations(emphasis by Court).

*Ruling of March 23, 2010, p.5*. The April 16, 2010 deadline was extended until April 30, 2010 but nothing else changed. A reading of this section would indicate that Bretz has filed his last *pro se* motion for enforcement of the final order of the Special Master. If this was not the intent of the Court, then clarification is needed.

Unless otherwise advised, the Special Master will dismiss any future *pro se* motions of any

7

sort, even if the allegations are that the final order issued under Article XXXII of the Remedial Plan is not being carried out by Defendants. This will include additional motions filed by Bretz. Under the order of March 23, 2010, the last date upon which any *pro se* motion or claim could be accepted by the Special Master appears to be April 30, 2010.

*Action by Class Counsel*: The order of March 23, 2010 reads, in part, as follows:

> 1. The Special Masters' handling of *pro se* motions for relief under the Montez Remedial Plans is governed by *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

*Ruling of March 23, 2010, p.1.* All new *pro se* pleadings have been denied or dismissed and then forwarded to class counsel.

Under *McNeil v. Guthrie*, is it the responsibility of class counsel to review and then pursue future motions of Bretz and others seeking enforcement of final orders of the Special Masters? If class counsel is to determine whether the motion should be brought, is it the responsibility of class counsel to represent Bretz and others at hearings? Are such motions, if filed by class counsel, to be adjudicated by the Special Master in light of the language of the March 23, 2010 order?

*Duration of Jurisdiction*: Article XXXII does not provide a cut-off date for the enforcement of the final orders of the Special Masters. Bretz and other claimants have not been advised whether the order from the Special Master ceases to exist upon a finding of compliance, termination of the monitoring period or other closure of the case.

Defendants have argued that the time for enforcement of the final order of Bretz has come and gone. It is fair to ask how long such awards retain some legal vitality. For Bretz and the individuals listed on the Addendum who received non-monetary items, there is no certainty as to how long they may seek enforcement of their final orders issued pursuant to Article XXXII.

*Amendment of Final Order*: Bretz and those listed on the Addendum prevailed on their claims and received non-monetary relief. The question becomes one of whether they may seek amendment of their final order.

Article XXXII of the Remedial Plan provides, in part, that "if a claim arises during the compliance period, then the inmate may amend his/her claim to request compensation for additional damages." Bretz has argued that he has suffered additional damages and discrimination. As a result, he has requested to amend his claim so he may seek additional compensation.

The Special Masters have ruled uniformly that amendment of a claim to include something that occurred after August 27, 2003 had to occur before adjudication of the claim. Once a final order was entered, then amendment was not authorized under Article XXXII. The final order issued on the Bretz claim was affirmed by Special Master Davidson. The question is whether Bretz may amend his claim at this point in time to include what has recently transpired.

WHEREFORE, the Special Master submits this Report and Recommendation in order that the Court may review the issues presented and issue an order resolving those issues.

SIGNED this 22nd day of October, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master

# ADDENDUM TO REPORT TO COURT

The following claims involved requests for and receipt of non-monetary items. This list is not all-inclusive, as the Special Masters did not keep a separate list of non-monetary items awarded to claimants

| Claimant: | Claim #: | Non-monetary relief ordered: |
| --- | --- | --- |
| Marty Bueno | 03-334 | Orthopedic boots, wedge pillow, and egg crate mattress |
| Byron Cortez | 03-114 | Orthopedic shoes |
| Michael Forbes | 03-134 | New tennis shoes |
| Raymond Goodloe | 03-445 | Soft-soled shoes and ankle brace |
| Jamie James | 03-213 | Hearing aid batteries, assisting roommate |
| Mark Johnson | 03-135 | Appropriate shoes |
| James Miera | 03-258 | Hearing aid |
| Benny Padilla | 03-038 | Braille instruction |
| Fernando Ramirez | 02-266 | High top boots |
| Donald Revere | 03-412 | Orthopedic shoes |
| James Rudnick | 01-092 | Custom made orthotics, boots and other items |
| Keith Schwinaman | 03-335 | Glucose tablets |
| Gerald Sensabaugh | 03-146 | Egg crate mattress, tennis shoes |
| Raymond Stevens | 03-207 | Special glasses and covered overlays |
| Steven Walker | 03-051 | Prosthesis |
| Robert Jones | 02-204 | Tennis shoes, boots or athletic shoes |