IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-456
Category: Untimely Filed Claim
Claimant: Jefferie D. Hocker, #46717
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the claim of Jefferie D. Hocker. Claimant has alleged that he is mobility impaired and has diabetes. Defendants filed an objection to the claim. Claimant and class counsel were given an opportunity to file a response to the Defendants' objection, but nothing further has been filed.

    Claimant alleged that he has been in custody since 1981. He further alleged that he became mobility disabled in 1992 and diagnosed as diabetic in 2000. When asked to provide a date when he was the victim of discrimination, Claimant responded as follows:

        I was never provided with the proper after care or therapy. Cathy Holst misdiagnosed my knee in 2006.

It is unclear whether Claimant was referring to Cathie Holst, former AIC under the Remedial Plan, or Cathy Holt, a nurse practitioner who is no longer with DOC. Presumably, it is the latter person who made the wrong diagnosis.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and

(3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

Claimant has failed to set forth allegations that would allow the claim to proceed on its merits. Under Article XXXII of the Remedial Plan, Claimant would have to prove that he was the victim of discrimination on or before August 27, 2003. Claimant has alleged that he was the victim of discrimination in 2006. Claimant has made no further clarification of this point. There is no jurisdiction over what occurred in 2006.

Claimant has not alleged any specific discriminatory acts that would fall under the jurisdiction of Article XXXII of the Remedial Plan. Claimant may pursue his own separate lawsuit. A copy of his letter and claim will be sent to class counsel for such action as may be appropriate.

IT IS HEREBY ORDERED that the claim of Jefferie D. Hocker is dismissed, as the allegation of discrimination occurred after August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's claim and letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 15, 2011.**

SIGNED this 29th day of October, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————
Richard M. Borchers
Special Master