IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-501
Category: Untimely Filed Claim
Claimant: Joe Landers, #54984
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the claim filed by Claimant. In the claim, Claimant alleged that he is mobility and vision impaired. Claimant has indicated that he has trouble seeing and moving.

    Defendants have filed an objection to the claim. Defendants have argued various reasons why the claim should not be processed and should be dismissed. Claimant and class counsel were granted up to and including October 15, 2010 in which to file a response to the objection. Class counsel filed a response and requested that additional information be sought from Claimant. The Special Master issued a show cause order to Claimant on October 22, 2010. Claimant was granted up to and including November 15, 2010 in which to respond to that order. Claimant has filed nothing further in support of his claim.

    This case was commenced in 1992 under the Americans with Disabilities Act and Rehabilitation Act. The general allegations were that DOC had many inmates who were disabled and who were being discriminated against because of those disabilities. On August 27, 2003, Judge Nottingham approved the Remedial Plan. That document is the written settlement agreement between counsel for the class and Defendants. The Remedial Plan only deals with four categories of disabilities: mobility impairment; vision impairment; hearing impairment; and diabetes. Article XXXII of the Remedial Plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and

Rehabilitation Act on or before that date. In order to file a claim, an individual must have one of the four conditions set forth in the Remedial Plan.

Judge Kane ruled on March 23, 2010 that the Remedial Plan does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003 and were not disabled on or before that date. Claimant has failed to indicate a date on which he became disabled. The Special Master cannot assume a date on or before August 27, 2003. Defendants correctly note that all claimants must establish a date upon which they became disabled. Failure to provide such a date deprives the Special Master of any jurisdiction to adjudicate a claim.

There is no jurisdiction for the Special Masters over this claim under Article XXXII of the Remedial Plan. The Special Masters will refer this matter to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Claimant does retain the right to file his own lawsuit with the Court. Claimant may not pursue any claim for damages or file any motions for relief in this case because he has not established that he was disabled on or before August 27, 2003. The Special Master has no discretion under Judge Kane's order and must dismiss the claim of Claimant.

IT IS HEREBY ORDERED that the claim of Joe Landers is dismissed, as Claimant has not established that he was disabled on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 7, 2011.**

SIGNED this 19th day of November, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master