IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiff,

v.

BILL RITTER, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

---

Claimant Number 01-076
Category: I
Claimant: Lawrence W. Fitzgerald, #66345
Addressed of Claimant: SCF, P.O. Box 6000, Sterling, Colo. 80751

---

CLAIMANTS RESPONSE OF DISMISSAL OF HIS AMENDED COMPLAINT AND
CLAIMANTS RESPONSE OF DISMISSAL OF CLASS COUNSEL REPRESENTATION

---

    Comes Now, the Claimant Lawrence William Fitzgerald being pro se and laymen of all the law is responding to his best ability to Special Master the Honorable Richard M. Brochers Judges dismissal of amended claims regarding his constitutional rights to be treated fairly in a court of law by class action counsel who new his amended complaint as a handicap incarcerated being denied ADA medical review because of exstrinsic fraud of the Colorado Department of Corrections Medical Staff in a deliberate indifference to his medical care for the last 20 years, as they willing knowing his medical care needed attention they illegally with held the true nature of my injuries since my heart failure of May 14, 2002 at Limon Correctional Facility were it was found the Viox product given to the Claimant for over a year caused his irregular heart beat and other medical troubles with his heart this product given to me caused me to suffer major heart troubles which has now been lead into me being recently diagnosed as a Type II Diabetic that is a factor which why my case should be reopen and aloud to be placed within the total litigation of this case and for the following records in support of my claim which was due December 6, 2010 before this Honorable Court:

    Claimant Fitzgerald has trying to get proper medical care by Department of Corrections since 2002 after his heart attack from the vioxx product which caused me to major health issues as irregular hear beat and that caused damages to my heart which affected my hole body and I never been treated properly by the prison and its medical staff, this Honorable Court has my hole case file all the way back to when I originally filed within this Court and being a laymen of the law, it was denied after I tryed to appeal this was denied also by United States District Judge John L. Kane on October 2, 2006.

Claimant Fitzgerald is requesting from this Honorable Court to rereview all his motions filed with in the record and to reclassify his medical condition I was first originally classified a category (I). I don't know why I had a heart attack as stated in May of 2002 and never been treated for the damage vioxx caused. I would like to address to this Honorable Court what it is like being an inmate seeking help from the medical department of Colorado Department of Corrections who by a deliberate indifference to my toal care caused the chain of events that has now caused me to be a diagnose me to be a diabetic and this information was with held from me until I started to ask for my medical records and the following happened that this Court should be aware of during course of these's proceeding all kinds of information has been his been illegally hidden by the medical state of Sterling Correctional Facility of the true nature of Claimants injury's and health troubles as human being held within the Colorado Department of Corrections with the State of Colorado.

My deteriorating physical health is caused to me to have now failing health issues in a life threating manner because of the neglect of the true nature of my case and I believe my Rated Category should be IV due to severe Physical injuries and health issues.

On or about October 16, 2009 this Claimant filed his motion for leave to file an amended complaint with this Honorable Court in my complaint was information stating my health issues were not being properly reviewed bt the Department of Corrections medical staff also in my motion was how I was illegally being prepared by medical staff on a ADA screening with documents supporting the screening was done by extrinsic fraud of the medical department and all my new testing will confirm a great injustice has been dealt me in the handling of my medical care which has caused me long term pain and pain and suffering by the actions of the medical department of Colorado Department of Corrections and this act of fraud has lead me today to the health issues which I have that are life threating and they looked the other ways in my medical care as follow:

Claimant was having heart troubles in November of 2009 and was sent the local hospital for his irregular heart beat and other troubles which have been on going since May of 2002, when I had a heart attack and was taken off the pain medication Voixx, it should be noted I had another heart attack in 2006 which caused me to be placed in the local hospital in Denver all these's year I kept telling the medical staff of my heart troubles they change change my medication and give me passes to come to the hospital if my heart started to get irregular and when it did they do a INHOUSE witch doctor treatment on me and send me back to my unit never to have me to be seen by a professional for my heart troubles, and all this time, the medical staff of DOC were aware I was on the vioxx product for over a year and they never sent me to see anyone on the subject of my heart troubles caused by this product which was illegally given to me, for noone ever explained the danger of this product that caused my injuries.

I was finally sent to Aurora Denver Cardiology Associates for Stress Echo or dobutamine Stress Echo Report seen by Doctor Alex Goldsmith Md for Myocardial Infarction and Treadmill Exercise Test all these's test were done December 30, 2009.

(2)

Claimant Fitzgerald tried to get copies and the results of this test since January of 2010 and kept on being told they did not know why they have not been forwarded to Sterling Correctional Facility this went on for months as I kept asking to see my records and then finally they told me the name of the place being Aurora Denver Cardiology Associates, P.C and I wrote them a letter October 16, 2010 and asked for the information of the test done on my heart stating the prison states they don't have them and their office I set a Release Authorization For Medical Records and ten day latter I was sent this information concerning my health issues.

As this Honorable Court is now getting a picture of my medical treatment it should be noted in June 2010 I was again taken to the local hospital for heart failure and given medication after day in the hospital and still never explained why these's conditions keep happening to me, they just keep me different medications and when I received the records, it was then I read that the following problems with my heart are now hazardous to my health for lack of medical care of the department of correction by deliberate indifference to my medical care and it should also be mention this facility finally received a copy of my test after it was sent to me almost a year latter and still do this day, have not been seen about the test results of December 30th 2009.

Claimant went to the prison library and found book called **Mayo Clinic Family Health Book Forth Edition** and read the results of my test at **Aurora Denver Cardiology Associates** found out I have major health problems with **my heart has the following troubles Left Ventricle, Left Atrium, Right Atrium, Right Ventricle, Aortic Valve, Mitral Valve, Tricuspid Valve, Pulmonic Valve** all of these's problems are now my health issues and them been denied me as a indigent State Prisoner of The State of Colorado extrinsic fraud and deliberate indifference.

(a) The medical department of Colorado Department of Corrections new I was taking the vioxx product for over a year and it caused me to have heart failure and I had a serious medical need;

(b) Prison Officials showed "deliberate indifference' to the serious medical needs since May of 2002 and all my heart troubles up to 2010 and

(c) This deliberate indifference from 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009 2010 my medical needs were kept illegally silent by prison staff causing my injuries and denied me basic human needs.

The Eighth Amendment also protects my right to medical care. The Constitutions guarantees prisoners this right, even though it does not guarantee the medical care of individuals out of prison because, as one Court, explained, " An inmate must rely on prison authorities to treat his medical needs, if the authorities fail to do so, those needs will not be met." **Estelle v. Gamble, 429 U.S. 97, 103 (1976).**

(3)

Claimant Fitzgerald is a Colorado Department of Corrections inmate for the last 20 years this coming May 24, 2011 and would like to address to this Honorable Court now its aware the Claimant has turned **DIABETIC** because of the failure of the Department of Corrections medical care and I do not even no how long ive been a **DIABETIC** this information was told to me a few days after my medical report was sent to me from the Clinic and the mail room contacted the medical department of this information being given to me and all of a sudden my missing medical report missing for almost a year showed up and the P.A. told me they will be talking to me about my heart troubles shortly and this troubles are now infront of this Honorable Courts attention for proper review in the subject matter of my request over turned its judgment and allow me to proceed as a Claimant to be allowed the needed proper medical treatment being denied the Claimant by DOC.

All these's medical issues were brought to the attention of Class Counsel, as well as this Court's in previous letters and motions and it seems my case was placed on deaf ears by Class Counsel who never answered and of my letters for years of me trying to get proper representation in this matter Class-Counsel failed to respond or act accordingly as well as this Honorable Courts. Class-Counsel representation is not one of a zealous-counsel, their representation has been totally inadequate. **See Memorandum In Support of this Motion.**

WHEREFORE, the Claimant is requesting that this Honorable Court to Grant my amended complaint and Order Counsel to represent me properly or in the alternative appoint alternative counsel to properly represent me in this litigation or what ever the Court deems proper.

Dated 3 day of December 2010

Respectfully Submitted

Lawrence W. Fitzgerald #66345

MEMORANDUM OF LAW
IN SUPPORT OF AMENDED COMPLAINT AND INADEQUATE REPRESENTATION

The Montez et. al v. Bill Owens, 92-CV-870-EWN-OES has been in court over 16 years. And has been in "Non-compliance in 2006, 2008 and still in non compliance. Representation by class counsel is totally inadequate and the record in Federal court will support this issue, by the numerous motions/pleadings filed by class-members.

Conditions still exist within the Colorado Department of Corrections that are clearly deliberate discrimination and in violation of Americans Disability Act of 1990 Title II §12131 et seq., 2000 ed and Supp II.

Its obvious CDOC has not abided by the Remedial Plan of August 27, 2003 and any of the Stipulation thereafter, August 29, 2006 and April 4, 2008. The agreements are binding upon all parties who signed the Remedial Plan/Stipulations.

The District Court cites McNeil v. Guthrie, 945 F2d 1163 (10th Cir. 1991) as the controlling case in denying pro se, pleadings of class-members. Because, most class-members feel they have not received adequate representation as class members. Mainly because class-members have not received the promise medical care or treatment regarding their disabilities. That is why the Plaintiff submits this memorandum of law in support of his 'Amended complaint and class-counsel's inadequate representation.

   1. Pursuant to the holding in McNeil v. Guthrie, 945 F2d 1163 (10th cir. 1991). Headnot 4. Attorney and Client key 112: Class counsel has a continuing duty to receive papers until class action is closed and must examine papers to make decision on how to proceed.

Class counsel has failed to respond to my letters/motions as well as to most of the class-members. And has failed in its continuing duty to represent class members in accordance with the Colorado Rules of Professional Conduct. I feel all attornies still have an obligation to represent the class members, even in a class action law suit within those Rules.

   2. The District Court has a duty and authority to enter appropriate orders governing conduct of class counsel and parties. McNeil v. Guthrie, supra, id at 1168-69. Citing Foe v. Cuomo, 892 F2d 196, 198 (2nd Cir. 1989). (district court judge has obligation to insure plaintiff class is adequately represented through-out litigation)

   3. Thus, the district court must constantly scrutinize class counsel to determine if class counsel is adequately protecting the interest of the class. No. Am. Acceptance Corp. Sec. Cases v. Arnall, Golden & Gregory, 593 F2d 642, 645, (5th Cir. 1979). **Accordingly, the district court has the duty and authority to enter appropriate orders governing the conduct of class counsel and the parties.** Gulf Oil Co., v. Bernard, 452 US 89, 100, 101 SCT 2193, 2200, 68 LEd2d 693 (1981).

1.

4. If representation is inadequate, and the court of its own initiative has not done something about the inadequate representation, class members have two avenues of relief mentioned in McNeil, supra. One is: The individual class member may seek to intervene in the class action, contending they are not adequately represented in the class action. Gillespie v. crawford, 858 F2d at 1102-03, Guthrie v. Evans, 815 F2d 628, Green v. McKaskle, 770 F2d at 446-47.

The Plaintiff, as well as others of the class members have made this court well aware of the inadequate representation of class counsel. And nothing has been done in support of the class members. This court has failed to follow the holding of McNeil, supra. and find CDOC in contempt for non-compliance.

This Court has told class members they cannot challenge the scope of medical care and cites. Fitzgerald v. Correctional Corp. of America, 403 F3d 1134 (10th cir. 2005). Plaintiff believes this case is misplaced with the holding of U.S. v. Georgia, 546 US ____ (2006) 126 SCt 877 (2006) also, Pennsylvania Dept. of Corrections v. Yeskey, 524 US 206, 210, (1998). Based on Titl II of the ADA and the holding of United States v. Georgia, 126 SCt 877 (2006)

   5. Title II validly abrogates state sovereign immunity. ... based at least in part, on conduct that independently violated § 1 of the Fourteenth Amendment ... and §5. Which grants Congree the power to enforce the Fourteenth Amendment Provisions by creating private remedies against the States for actual violations of these provisions.

Also, Titl II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, prgrams, or activities of a public entity, or be subject to discrimination by any such entity." § 12132 (2000 ed).

U.S. v. Georgia, supra furtherheld in pertinent part:

> In fact, it is quite plausible that the alleged deliberate refusal of prison officials to accommodate . . . disability-related needs in such fundamentals as moblity, hygiene, <u>medical care</u> and vituually all other prison programs constituted "exclusion from participation in or ... den[ial of] the benefits of the prison's "services, programs, or activities." 42 US § 12132; see also Yeskey, 524 US., at 210 (noting that the **phrase** 'services, programs, or activities'' in §12132 includes recreational, [medical], educational and vocational prison programs).

It is clear from this holding in U.S. v. Georgia, that any deliberate refusal by prison officials medical care. Is in fact denial of what Title II clearly protect and prohibits, the exclusion from hygiene, medical care and virtually all other prison programs. By denying the right to medical or "NO" quality or the No scope of care. Its being denied basic human needs, medical care and treatment. The U.S. Supreme Court does not make an extinction to medical care. But simply a refusal of medical care, is a denial to the benefits, services, of programs, or its activities. Which I have been denied as well as all other Montez et al. class members.

2.

The District Court has also indicated that class members cannot appeal any of claims or issues they have received from me or other class members. For what reason I don't know, but it does not sound right in any way.

6. Under title 28 USC 1291 this court has jurisdiction to hear the appeal. Section 1291 provides that "[t]he court's of appeals shall have jurisdiction of appeals from all final decisions of the district court of the United States ... and must be from a final judgment. Catlin v. U.S. 324 US 229, 233, 65 SCt 631 (1945).

Plaintiff contends the district court has not followed the holding of case in which it submits to deny class members pro se, pleading. Its also obvious that class counsel has been and still inadequate representation. And follow the holding of No. Am. Acceptance Corp. Sec. Cases v. Arnall, Golden & Gregory, 593 F2d 642, (5th Cir. 1979) cited in McNeil, supra.

> "The denial of a motion to disqualify class counsel may not conclusively decide the disqualification question because, in a class action, the trial court has continuing duty to see that class is adequately represented . . . if, at any time, the trial court realized that class counsel should be disqualified, it is required to take appropriate action. Arnall, Golden & Gregory, supra.

7. Furthermore, a denial of a motion to disqualify class counsel can be effectively reviewed on appeal from final judgment. See Sagers v. Yellow Freight system, Inc., 529 F2d 721 (5th cir. 1976).

A court must find that the representative parties will fairly and adequately protect the interest of all class." Fed. R. Civ. P. 23 (a)(4) id at page 3. See also Gulf Oil Co., v. Bernard, 452 US 89, 100, 101 SCt 2193, 2200 (1981).

This Court failed to weigh any of the pending complaint against class counsel, furthermore it failed to provide any record useful for appellate review. Meantime CDOC continues to be in non-compliance and subjecting me and other inmates to deliberate discrimination of the ADA and 8th amendment to U.S. Constitution. This court failed to taken action to scrutinize the conduct and representation of class counsel.

Dated:                                              Respectfully submitted

                                                    *[signature]*
                                                    Lawrence W. Fitzgerald
                                                    Prison Number 66345

## CERTIFICATE OF MAILING

I, Larence W. Fitzgerald, have placed a correct copy of the foregoing Motions (1) Motion for Response Of Dismissal Of His Amended Complaint and my (2) Motion is Response Of Dismissal Of Class Counsel Representation was placed in the United States Mail postage prepaid on the 3 day of December 2010 and addressed to the following bellow:

Clerk of Court For:
Honorable Special Master Judge
Richard M. Borchers
Alfred A Arraj U.S. Courthous
Room A105
901 19th Street
Denver Colorado 80294-3589


King & Greisen
1670 Yourk Street
Denver, Colorado 80206

Lawrence W Fitzgerald
SCF Unit @ Box 6000
Prison # 66345
Sterling Colorado 80751