IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL RITTER, et al.

    Defendants.

_____

Claim Number X-477
Category: Untimely Filed Claim
Claimant: Ralph Martinez, #45307
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034-1000

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the claim of Ralph Martinez (Claimant). Defendants have filed an objection to the claim. Claimant and class counsel were granted up to and including November 22, 2010 in which to file a response to the objection of Defendants. Class counsel has filed a general response requesting that the claim be processed and that Claimant be given the opportunity to submit additional documents. Despite being granted time to respond to Defendants' objection, Claimant has filed nothing further in support of his claim.

    Claimant wrote to the office of the Special Master and requested a claim form. That letter was received on April 30, 2010 and was treated as a claim form. A form and information sheet were provided to Claimant. The completed form was sent by Claimant to the office of the Special Master in June, 2010. A revised form was received on June 23, 2010.

    The revised claim form alleged that Claimant was diabetic and vision impaired. Claimant alleged that he became disabled in 1991. In response to the question concerning the date of discrimination in violation of the ADA, Claimant stated that the date was "[s]ince I have been under the care of DOC." He further alleged that DOC staff failed to take care of his feet.

    Defendants filed an objection to the claim and requested that it be dismissed. Defendants raised a number of reasons for dismissal. Defendants submitted an offender profile sheet which reflects the dates when Claimant has been in and out of DOC custody. Defendants further have

submitted an accommodation resolution which reflects that Claimant is diabetic, but with no special needs. The accommodation resolution is silent as to any mobility impairment. Defendants further note that Claimant's ADA evaluation took place on his most recent intake into DOC in January, 2008.

Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

Claimant has not responded in any way to the objections of Defendants. The Special Master must have sufficient information to allow this claim to proceed to a hearing. In this case, Claimant has not provided a date when he was discriminated against by DOC staff. Claimant has not provided information to indicate that he was disabled, as defined by the Remedial Plan, on or before August 27, 2003. The Special Master does not have jurisdiction over his claim.

IT IS HEREBY ORDERED that the claim of Ralph Martinez is dismissed, as Claimant has not established that he was the victim of discrimination on or before August 27, 2003 and has not established that he was disabled, as defined by the Remedial Plan, on or before that date; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 7, 2011.**

SIGNED this 3rd day of December, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master