IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number X-480
Category: Untimely Filed Claim
Claimant: Celestino Quintana, #47199
Address of Claimant: Denver County Jail, P.O. Box 1108, Denver, CO 80201

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the claim of Celestino Quintana (Claimant). Defendants have filed an objection to the claim. Claimant and class counsel were granted up to and including November 22, 2010 in which to file a response to the objection. Class counsel requested additional time to file a response, and that request was granted. Class counsel has filed a general response requesting that the claim be adjudicated. Claimant requested additional time to file a response. Claimant was granted up to and including December 13, 2010. Claimant has filed nothing further in support of his claim.

      Claimant filed a letter with the Special Master that was received on April 30, 2010. The letter was treated as a claim. A formal claim form was provided to Claimant. The form was completed and returned to the office of the Special Master. In that claim form, Claimant alleged that he was hearing impaired and vision impaired. He alleged that he became disabled in 1981. In response to the question concerning dates of discrimination in violation of the ADA, Claimant stated "since been lock up." Claimant further stated that he believed that there was discrimination when he was not referred to a physician for examination.

      Defendants' objection raises a number of issues, but only two need to be discussed. First, Defendants note that Claimant never requested any accommodations for either hearing impairment or vision impairment. Defendants had not diagnosed Claimant as having any disability. In order to establish that discrimination occurred, there must be a showing that Defendants believed Claimant

was disabled. Claimant has not set forth a *prima facie* showing that Defendants believed him to be disabled. There is no evidence to establish that Claimant made any request for accommodations as being disabled.

Second, Defendants note that Claimant has not alleged that he was the victim of any form of discrimination before August 27, 2003. Claimant makes a general statement in his claim form, but provides no specificity. Claimant carries the burden to establish the facts that would show discrimination occurred on or before August 27, 2003.

Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

Defendants have raised two significant issues related to the jurisdiction of the Special Master over this claim. Claimant has not responded in any way to these issues. The Special Master must have sufficient information to allow this claim to proceed to a hearing. In this case, Claimant has not provided sufficient information to establish that he was the victim of discrimination on or before August 27, 2010. More importantly, he has submitted nothing to establish that he was disabled on or before August 27, 2020. The Special Master does not have jurisdiction over his claim. Claimant retains the right to file his own separate lawsuit. Claimant may not pursue his claim in this case.

IT IS HEREBY ORDERED that the claim of Celestino Quintana is dismissed, as Claimant has not established that he was the victim of discrimination on or before August 27, 2003 and has not established that he was disabled, as defined by the Remedial Plan, on or before that date; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 7, 2011.**

SIGNED this 17th day of December, 2010.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master