IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE (JESUS) MONTEZ, *et al.*,

Plaintiffs,

v.

BILL RITTER, *et al.*,

Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CORRECT COURTROOM MINUTES TO REFLECT THE TRANSCRIPT AND TO RENEW THEIR OFFER TO ADMIT EXHIBITS M-12 AND N-12 INTO EVIDENCE**

Defendants, through the Colorado Attorney General's office, submit the following Reply in Support of Motion to Correct Courtroom Minutes to Reflect the Transcript and to Renew Their Offer to Admit Exhibits M-12 and N-12 Into Evidence.

1. Defendants filed a motion to correct certain courtroom minutes and to renew the offer to admit Exhibits M-12 and N-12 into evidence on November 22, 2010. [Doc. No. 4919]. In their Response to Defendants' motion, Plaintiffs do not object to Defendants' request to have the courtroom minutes corrected to accurately reflect Exhibits M-2, N-2, O-2, V-5, W-5, X-5, Y-5, and Z-10 as admitted into evidence. [Doc. No. 4935]. Plaintiffs' only objection is to admission of Exhibits M-12 and N-12.

2. Plaintiffs are correct in their assertion that Exhibits M-12 and N-12 are compilation exhibits created during the course of the compliance hearing. They were not disclosed prior to the start of the hearing. However, these exhibits were created for rebuttal purposes only to rebut points raised during Plaintiffs' cross examination of Ms. Cathie Holst. This Court ruled on several occasions during the compliance hearing, that rebuttal exhibits did

1

not need to be produced to the other side prior to the start of the hearing, if they were created solely for the purpose of rebuttal on issues raised at the hearing. Exhibits M-12 and N-12 fall into the category of rebuttal exhibits.

3.   Defendants used the two exhibits during their direct examination of Ms. Joanie Shoemaker, and offered the exhibits into evidence on July 7, 2010. (**Exhibit A**, Transcript, p. 2807, ln. 17-19). Plaintiffs objected to the admission of the exhibits on the basis of not having been provided the documents supporting the compilation exhibits. (*Id.*, Transcript, p. 2807, ln. 20-24). The Court at that time reserved the ruling on the two exhibits until Defendants provided Plaintiffs with the underlying supporting documents. (*Id.*, Transcript, p. 2807, ln. 25; p. 2808, ln. 1).

4.   Defendants provided Plaintiffs with the underlying documents for Exhibit M-12 on or about July 8, 2010. Ms. McCann handed the documents to Ms. Greisen in person during the day. Plaintiffs extensively cross examined Ms. Shoemaker about this exhibit on July 8, 2010. (**Exhibit B**, Transcript, p. 2961-88). Plaintiffs' counsel had the opportunity to voir dire Ms. Shoemaker about the exhibit. On or about September 27, 2010, Defendants provided Plaintiffs with the underlying supporting data for Exhibit N-12 via mail. (**Exhibit C**, Letter from B.McCann to P.Greisen on September 27, 2010).

5.   The compliance hearing resumed on October 18, 2010, with Ms. Shoemaker's continued re-direct examination. At the conclusion of her re-direct, Plaintiffs requested and **were granted** an opportunity to re-cross Ms. Shoemaker. At that point in time, they definitely had all of the underlying data for both Exhibits M-12 and N-12. The Defendants had previously moved for the admission of these exhibits and the motion was still pending. They could have

2

cross **examined** or voir dired Ms. Shoemaker about any of it, but they chose not to do so. Plaintiffs' argument that they would have done so if given an opportunity is simply misplaced.

6.	Defendants did offer both Exhibits M-12 and N-12 into evidence during the course of the compliance hearing.  The Court reserved the ruling on those two exhibits because of Plaintiffs' request to see the underlying documents.  Defendants did as this Court ordered and provided the underlying supporting documents associated with the exhibits well in a advance of Plaintiffs' re-cross examination of Ms. Shoemaker.  Defendants simply neglected to re-offer these two exhibits into evidence three and a half months later, and are seeking to correct that oversight with this motion.

WHEREFORE, Defendants respectfully request that the Court grant the Motion and order the courtroom minutes to reflect the transcript as to exhibits M-2, N-2, O2, V-5, W-5, X-5, Y-5, and Z-10 as admitted, and to admit exhibits M-12 and N-12 into evidence.

Respectfully submitted this 21st day of December, 2010.

        JOHN SUTHERS
        Attorney General

        s/ Berina Ibrišagić
        ELIZABETH H. MCCANN*
        Special Assistant Attorney General
        JAMES X. QUINN*
        Senior Assistant Attorney General
        BERINA IBRIŠAGIĆ*
        Assistant Attorney General
        Civil Litigation and Employment Law Section
        Attorneys for Defendants

        1525 Sherman Street, 7th Floor
        Denver, Colorado  80203
        Telephone:  (303) 866-3261
        Facsimile:   (303) 866-5443

        *Counsel of Record

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st ay of December 2010, I electronically filed the foregoing DEFENDANTS' MOTION TO CORRECT COURTROOM MINUTES TO REFLECT THE TRANSCRIPT AND TO RENEW THEIR OFFER TO ADMIT EXHIBITS M-12 AND N-12 INTO EVIDENCE with the Court using the MC/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Paula Greisen | Ed Ramey |
| Jennifer Riddle | Lara Marks |
| greisens@kinggreisen.com | Blain Myhre |
| riddle@kinggreisen.com | earamey@ir-law.com |
| | lmarks@ir-law.com |
| | bmyhre@ir-law.com |

s/ Berina Ibrišagić
_____
Colorado Office of the Attorney General

4