IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   92-CV-870-JLK

JESSE MONTEZ, et al.
           Plaintiffs,

V.

BILL RITTER, et al.
           Defendants.




---

Claim Number: 03-445
Category III
Claimant: Raymond D. Goodloe, #51437
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, Co. 81038-1000

---

OBJECTION TO ORDER OF THE SPECIAL MASTER DATED DECEMBER 10, 2010
MOTION FOR AMENDMENT OF MARCH 6, 2009 FINAL ORDER OF THE COURT

---

       **COMES NOW**, The Claimant, Raymond D. Goodloe, #51437, in his Objection and Motion for Amendment of the March 6, 2009 Final Order of the Special Master. The Claimant respectfully Objects to the December 10, 2010 ruling of the Special Master denying the Claimants Motion for Status Review Hearing and hereby Motions the Court for an Amendment to the Final Order of the Court. As Grounds therefore, the Claimant states the following;

## STATEMENT OF THE CASE

1). On March 6, 2009, the Special Master issued a Final Order of the Court directing CDOC to compensate the Claimant in the amount of $300.00 and to provide the Claimant with **[Appropriate]** soft soled footwear and an ankle brace to help alleviate the pain, swelling and bruising of the ankle that the Claimant experiences on a constant and daily basis as a result of an injury suffered to his right ankle which effected the **[Bearing Surface]** of the ankle joint.

       As a result of this injury, the Claimant is unable to walk more than 1/2 a mile before having to stop and rest and can not stand for more than (20) minutes. The Claimant was issued a pair of " Velcro-Fasten " shoes by CDOC on April 17, 2009 and an ankle

brace was issued by BCCF prior to that in 2008.

**HOWEVER**, neither the footwear nor the brace are [Appropriate] for the Claimants Chronic Care Needs and the Claimant has made the Special Master, as well as Judge Kane, aware of this issue on NUMEROUS occasions.

2). On October 16, 2009, the Special Master presided over a second hearing in this matter at the Ft. Lyon facility after the Claimant submitted a Motion to Compel with the Court as CDOC was not, and currently Still is not in compliance with the March 6, 2009 Final Order of the Special Master.

At this hearing, the Claimant submitted the CDOC issued footwear, in the form of the velcro fasten shoes and the state issue work boots as well as the ankle brace as physical evidence.

On October 30, 2009, the Special Master issued an Order directing CDOC to have the Claimants ankle re-evaluated by a Podiatrist or Orthopedic Specialist and to have that professional evaluate the footwear and ankle brace at that time so as to determine if the assistive devices issued are in fact, [Appropriate] for the management of the **Claimants Specific** medical needs.

3). The Defendants objected to this Order to Judge Kane, who [Sustained] the objection and Ordered the Claimant seen by a " Prison Doctor ". The Claimant was seen by Dr. Wermers at FLCF and after the Claimant was subjected to what amounts to nothing more than a " Mock " examination by an unqualified general practitioner, the Claimant promptly filed his Objections to the Order of Judge Kane as well as the " exam "conducted by Dr. Wermers.

To date, the Claimant has not received a response to his Objections, which is one of the Many reasons the Claimant filed for a Status Review hearing.

4). On December 10 2010, the Special Master, once again, Denied the Claimants Motion and, " once again ", the Court " Deflected "

(2)

the issues of this case to the " Class Counsel " whom the Court seems to think will take action for the Claimant and " All those similarly situated " and address the issues of this case with the Court in lieu of a Pro-Se filing from the Claimant.

Effectively, the Claimant finds himself in an Ugly " Vortex " in which he watches the issues of this case swirl around continuously while being unable to stop the cycle. While at the same time, the condition of the Claimants ankle deteriorates and he is forced to continue filing Pro-Se Motions with the Court.

The Court continuously directs the Claimant to contact the " Class Counsel " for assistance in this matter.
However, even though Class Counsel has been contacted by the Claimant on SEVERAL occasions via letters and attempted phone calls, has received Numerous phone calls from the Claimants family, and on at least (1) occasion has had the Court itself forward copies of the Case file of 03-445 to them, the Claimant nor his family have ever been contacted by <u>Anyone</u> from the King and Greisen law firm.

So, the Claimant has absolutely <u>NO RECOURSE</u> but to continue to file his Motions Pro-Se in this matter as he is <u>NOT</u> being represented in a professional and competant manner by the Class Counsel assigned by the Court. Class Counsel, at least in the Claimants 03-445 case is Non-Existant.

## CONCLUSION

Because of the fact that the condition of the Claimants ankle is getting <u>Worse</u> with the passage of time and the CDOC and ADA greivance procedure seems to be geared to the whims of the " Powers that Be ", and Class Counsel refuses to acknowledge or even respond to the letters and phone calls they have received concerning this matter, the Claimant files his Objection to the Courts Ruling directing all Pro-Se Motions to be addressed by Class Counsel, a seemingly Non-Existant entity.

The Claimant respectfully Moves this Honorable Court for an Order directing the CDOC to authorize the Claimant to purchase, at his or his familys own expence, appropriate soft soled footwear, insoles and ankle brace, from a CDOC approved vendor. Since the " Wheels of Justice " turn so slow, the Claimant would rather forego the expence of the footwear the Court obviously intended him to have rather than be crippled while waiting for CDOC to finally acknowledge the Recommendations of the Orthopedic Specialists the Claimant has already been examined by.

The Claimant also respectfully requests that the Final Order of the Special Master, dated March 6, 2009 be AMENDED, at page (7), paragraph (4) that reads; "... IT IS HEREBY ORDERED that the claim of Raymond D. Goodloe is granted to the extent noted, and Claimant is to be compensated in the amount of #300.00 and to [**be provided appropriate soft soled shoes and an ankle brace while in CDOC custody**..." The Claimant would request that the Court amend the wording to read "... appropriate soft soled **TENNIS SHOES AND WORK BOOTS** ..." so as to clarify some issues the Claimant is having about the type of shoes he is allowed to wear , or can wear at his place of work. The Claimant has recently changed jobs at FLCF and now works in the boilerhouse which is outside the midway checkpoint gate, where typically only state issue work boots are allowed.

The Claimant anxiously awaits the Courts response to this Motion and Prays the Court sympathizes with his plight and Grants this Motion.

Dated this 29th day of December, 2010.    Respectfully Submitted,

*Raymond D. Goodloe*

Raymond D. Goodloe, #51437
FLCF   Unit #8-122-B
P.O. Box 1000
Ft. Lyon, Co.   81038-1000