IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

BILL RITTER, et al.,

    Defendants.

_____

Claim Number: 03-335
Category: III
Claimant: Keith Schwinaman, #105240
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

## ORDER OF SPECIAL MASTER
_____

    THIS MATTER came before the Special Master for hearing on November 1, 2010. Present were the following: Keith Schwinaman (Claimant) and Deann Conroy, attorney for Defendants. The hearing had been continued from September 7, 2010 due to Claimant being sick. The hearing was held at the Colorado Territorial Correctional Facility (CTCF) in Canon City, Colorado.

    The hearing was set to allow resolution of Claimant's motion which alleged that the final order of the Special Master had not been followed by Defendants. Claimant called the following witnesses: Joyce Crounk; Nova Walker, R.N.; Claimant; and Dr. Timothy Creany, M.D. Defendants called Dr. Creany as their own witness. Defendants' exhibits P, Q, T, and U were offered and accepted into evidence. Both sides were given time to submit additional documents, and Claimant did submit documents for consideration by the Special Master. Those documents were copied and returned to Claimant. A copy of each document was provided to Defendants.

### I.

    Claimant came into DOC custody on June 20, 2000. Claimant was placed at the Buena Vista Correctional Facility (BVCF). Claimant was granted parole on March 13, 2001. Parole failed, and Claimant was returned to DOC custody on February 19, 2002. He then was placed at CTCF and has remained at that facility since 2002.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant alleged that he was vision impaired and diabetic. The claim was assigned initially to Category II but later was elevated to Category III. A hearing was set and held at CTCF on March 13, 2008. After completion of all testimony, the case was taken under advisement.

On May 2, 2008, the Special Master issued his final order. The Special Master determined that Claimant had failed to establish that he was vision impaired on or before August 27, 2003. Claimant established that he was diabetic when he entered into DOC custody and, therefore, was part of the class as a diabetic. The Special Master further determined that Claimant had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. The Special Master noted, in part, as follows:

> One concern of Claimant does appear to be a violation of the ADA and Rehabilitation Act. Claimant has testified that he was provided glucose tablets early on when he came into DOC custody. These were later taken from him when concern arose that alcohol was being made from tablets by some inmates. The Special Master has handled and reviewed hundreds of claims involving diabetes. Claimant is a brittle diabetic and has had low blood sugar levels that needed glucose tablets or candy. Claimant's concern about wildly fluctuating blood sugar levels is legitimate. Claimant thus was treated differently from the non-diabetic inmate who does not face possible low blood sugar levels. There was and is no evidence that Claimant ever used glucose tablets to make alcohol.
>
> A common theme by Defendants on claims of diabetes is that the individual claimant must take care of himself. In this case, Claimant is very knowledgeable concerning the disease and does actively participate in his care. That is why he was and is concerned that glucose tablets are needed at times to maintain his health. The evidence presented by Defendants as to why Claimant did not need to have glucose tablets or hard candy in his possession was unconvincing.

*Final Order, p. 9.* The Special Master determined further:

> DOC will be required to provide to Claimant glucose tablets on a regular basis. If medical and security staff determine that hard candy would alleviate low blood sugar levels and be less of a security risk, then hard candy may be provided to Claimant. In addition, Claimant is to have the tablets or candy on his person so he might be able to utilize the yard and other facilities.

*Id., p. 9.*

Claimant also was awarded $200 for emotional trauma relating to the seizure of the glucose tablets. It is not disputed that Claimant has been paid this amount by DOC.

After the issuance of the final order, Claimant began sending various documents to the

Special Master and to the Court. A number of these documents related to systemic issues facing diabetic inmates at DOC facilities. During this time, a jurisdictional issue arose concerning the continuing jurisdiction of the Special Master over additional claims or *pro se* motions related to various issues, including enforcement of the final orders on claims filed pursuant to Article XXXII of the Remedial Plan. The various pleadings of Claimant were held in abeyance pending resolution of the jurisdictional issues.

On March 23, 2010, Judge Kane issue a ruling which clarified various aspects of the claim process. Judge Kane set a time limit of April 30, 2010 for individuals to file claims pursuant to Article XXXII of the Remedial Plan. He prohibited the filing of *pro se* motions related to systemic issues and directed that they be forwarded to class counsel for such action as was deemed necessary. He also found that claimants who had prevailed on their claims could seek enforcement of those orders. Such motions were to be filed with the Special Master.

Once the order of March 23, 2010 was issued by Judge Kane, the remaining claims and motions filed by various claimants were processed. Claimant's pleadings were treated as a motion for relief. That motion was set for hearing but limited to the issue of whether or not DOC and its staff had complied with the final order concerning glucose tablets or hard candy.

Claimant has raised over the last few months other issues, including hearing loss, that cannot be resolved through this claim. Judge Kane's order of March 23, 2010 was issued to bring some closure to the claim process. Issues that have arisen since August 27, 2003, except those relating to the glucose tablets or hard candy, are beyond the jurisdiction of the Special Master. As to his hearing loss, Claimant may seek the assistance of class counsel or may file a new lawsuit. The jurisdiction of the Special Master is limited to enforcement of the final order issued on the claim of Claimant.

**II.**

The testimony presented through each witness will be summarized. Ms. Joyce Crounk is the Health Services Administrator for CTCF. She was promoted to this position after the initial hearing was held on the claim. She had issued a pass to Claimant which allowed him to have in his possession three glucose tablets. She testified that she did not order this pass to be taken from Claimant. Ms. Crounk testified that she understood DOC policy as requiring a pass to have the glucose tablets.

Ms. Crounk further indicated that Claimant's medical records reflect that he was provided glucose tablets on March 18, 2008. She noted that the order providing Claimant to have in his possession the glucose tablets now was part of his electronic medical records. Ms. Crounk stated that Claimant is the only DOC inmate who has permission to have glucose tablets in his possession. She further indicated that Claimant had not abused use of glucose tablets. She further testified that Claimant had not been denied glucose tablets since she has been the HSA at CTCF. Part of the problem was with the notation in Claimant's medical records and that temporary medical help did not fully understand the situation concerning the glucose tablets.

Ms. Nova Walker is a registered nurse who is assigned to CTCF. She was called as a witness by Claimant. She indicated that CTCF had eighty-four inmates with diabetes at the time of the hearing. She testified that she had not seen a pass issued to Claimant for his glucose tablets. She discussed how the diabetic medical line works. She was advised that Claimant had received the right to have three glucose tablets on his person at all times. She indicated further that Claimant could seek a blood sugar check at any time upon request.

Claimant called Dr. Timothy Creany, M.D. as an adverse witness. Dr. Creany testified that he had worked at CTCF in the past but was now assigned to the Fremont Correctional Facility. He had reviewed Claimant's medical records and noted that Claimant is diabetic and had difficulty in maintaining his blood sugar levels. Dr. Creany acknowledged that the DOC medical system is not perfect. He would prefer a diabetic to receive snacks rather than glucose tablets. Dr. Creany testified that Claimant's medical records reflected that he had received glucose tablets. He did note that no tablets were provided in March, 2009. He further stated that Claimant's normal dosage for insulin was not overly large.

Claimant testified that he had problems receiving his glucose tablets over the months since the final order was issued on his claim. Tablets would be provided on an occasional basis. He testified about his concerns and why he needed to have the tablets. He stated that he had been on a day trip a few weeks before the hearing and was not permitted to take his glucose tablets. No medication was taken on the day trip. Claimant testified he has been denied his tablets on other day trips. He had experienced disorientation when his blood sugar levels get low. He explained that he has been suffering seizures, which were reflected in his medical records. He had received three glucose tabs at varying points of time for part of the period since the final order was issued by the Special Master.

### III.

Review of all of the evidence reflects that the May 2, 2008 final order of the Special Master was not followed at times by DOC staff. The evidence does not reflect that the final order was wilfully disobeyed, but rather that staff did not know what needed to be done. That was true because of the lack of clarity in Claimant's medical records right after the final order was issued.

Much of Claimant's testimony related to systemic issues over which the Special Master has no jurisdiction. The Special Master does have difficulty with the evidence reflecting that Claimant was sent on day trips without glucose tablets and/or snacks. Claimant has difficulty maintaining level blood sugar counts, and sending any inmate on a day trip without insulin or other medicine is not appropriate.

The question then is what recourse is available to the Special Master?[1] FRCP 53(c)(2) provides that "[t]he master may by order impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As noted previously, the Special Master does not find that the failure to provide glucose tablets to Claimant or to leave them in his possession was done wilfully. Under these circumstances, contempt would be an inappropriate recommendation.

FRCP 37(c) provides broad discretion to a court to award sanctions for discovery abuses. FRCP 53(c)(2) incorporates by reference Rule 37(c). Discretion is given to a special master to award sanctions as deemed appropriate to rectify the problem that arose.

In this case, the final order is to continue and Claimant is to have on his person glucose tablets or hard candy. The number of tablets of glucose or amount of hard candy is up to DOC staff, as long as the amount will take care of low blood sugar levels. Claimant is awarded $100.00 as sanctions for those times when he was not provided glucose tablets or had them taken from him.

IT IS HEREBY ORDERED that the motion for enforcement of the final order of Claimant Keith Schwinaman is granted, in part; and

IT IS FURTHER ORDERED that the final order of May 2, 2008 shall continue as to providing Claimant with glucose tablets or hard candy as set forth in this order; and

IT IS FURTHER ORDERED that Claimant is awarded sanctions in the amount of $100.00 for those periods of time since May 2, 2008 when he was not provided glucose tablets or hard candy or had the same taken from him; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 7, 2011.**

SIGNED this 7th day of January, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers - Special Master

---

[1] Dr. Creany testified that in his opinion it would be preferable to have snacks versus the glucose tablets. No motion was filed by Defendants seeking a modification of the final order concerning glucose tablets. Nothing in Article XXXII of the Remedial Plan precludes continuing jurisdiction, including modification, over orders that require ongoing duties by DOC staff.