IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

BILL RITTER, et al.

      Defendants.

_____

Claim Number 03-264
Category III
Claimant: Sean Pearce, #54169
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

## AMENDED ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the claim of Sean Pearce (Claimant). Defendants have filed an objection to the re-opening of this claim. Claimant was granted time to up to and including January 10, 2011 in which to respond to the objection. Claimant has filed a response to the objection.

      Claimant was scheduled for a hearing on his claim on December 21, 2007. Claimant did not appear for the hearing. Claimant did not contact the office of the Special Master at that time, but rather waited until April, 2010 when he filed a new claim. Pursuant to the order of Judge Kane, dated March 23, 2010, the new claim has been dismissed. The new claim was treated as a motion to re-open this claim.

      Claimant has not provided sufficient reasons why the claim should be re-opened and set for hearing. Claimant had his opportunity to pursue his claim and did not do so. He had an obligation to the Court to provide information as to his status and to provide a mailing address, and he did not do so.

      More importantly, Claimant has responded to the last order of the Special Master and has indicated that the earliest act of discrimination against him by DOC staff was in May, 2004. In response to the Special Master's order, Claimant has stated, in part, as follows:

> In May of 2004, I lived in Cellhouse 7 and while I lived in that unit, I continually had problems with the stairs. I requested to use the elevator numerous times and the staff, including Cellhouse Sergeant Abert, refused everytime, stating the elevators were for handicap (wheelchairs) inmates only. I told them I was legally blind and even proved this to medical. I was still denied use of the elevator by the cellhouse staff. The problem with the stairs was that the treads were made of a imitation type stone. Over time, with inmates stomping up and down these stairs several times a day, the tread ends were breaking off. Being legally blind, I was unable to distinguish one step from another and this compounded when the treat ends were broken. Because of this, I ended up falling down a flight of steps and was knocked unconscious. I suffered a concussion, I injured my neck and had a severe headaches.....To this day, I have a lump on my head from the fall and still get headaches. DOC/Ft. Lyon, discriminated against me by not recognizing that being legally blind is a handicap.

The earliest act of alleged discrimination was in May, 2004. In his order of March 23, 2003, Judge Kane determined that a claim filed pursuant to Article XXXII of the Remedial Plan could only be established if a claimant was disabled on or before August 27, 2003 and the victim of discrimination prohibited by the ADA and Rehabilitation *on or before* that date. Claimant has alleged the first discriminatory act occurred in May, 2004. Under Judge Kane's order, there is no jurisdiction to adjudicate this claim.

In light of the March 23, 2010 order, Claimant cannot establish a *prima facie* case. Re-opening of this claim would be an act of futility, as there would be no jurisdiction over the claim.

IT IS HEREBY ORDERED that the motion to re-open the claim of Sean Pearce is denied; and

IT IS FURTHER ORDERED that a copy of Claimant's claim will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 28, 2011.**

SIGNED this 7th day of January, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

---
Richard M. Borchers
Special Master