IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.**

      Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

      Defendants.

## ORDER re REPORT AND RECOMMENDATION OF SPECIAL MASTER (Doc. 4893)

Kane, J.

This matter is before me on the October 22, 2010, Report and Recommendation of Special Master (Doc. 4893). The Report was submitted on the Special Master's own motion, and sought clarification of the Court's Order of March 23, 2010 (Doc. 4381) as it applies to motions by individual Montez Class members alleging Defendants have failed to comply with Final Orders of the Special Master awarding them damages or other discreet relief under § XXXII of the Montez Remedial Plan. I have considered the Report and issue the following CLARIFICATION/MODIFICATION of the March 23, 2010 Order:

    1. I begin by reiterating the gist of the March 23, 2010 Order, which is that the time for receiving and considering new, amended, or otherwise revised *pro se* claims for relief under § XXXII of the Montez Remedial Plan is over. Class members alleging new

instances of disability discrimination or deliberate indifference to serious medical needs must proceed, as any other inmate whose disability-related claims arose after August 2003, in a separate and independent pro se action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).  In so doing, class members should read the Tenth Circuit's decision in *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005), which advises that the Americans with Disabilities and Rehabilitation Acts are not available for claims of substandard medical treatment.  Those claims must be brought under the Eighth Amendment in a 42 U.S.C. § 1983 action.

     2.  However, given that category of individual Montez Class claims that the Special Master identifies as having been the subject of Final Orders favorable to an inmate but with which the inmate contends Defendants have not fully complied, I CLARIFY/MODIFY the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders.  *This jurisdiction is extremely limited.*  It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for a failure to comply.  In other words, the March 23, 2010 Order is CLARIFIED to reflect that the Special Master retains jurisdiction to receive and consider motions by individual Montez Class members, but only to the extent necessary to make the described recommendation(s).  If an inmate's motion does not support such a recommendation, the Special Master may reject it for the reasons set forth

in my March 23, 2010 Order, which remain the ruling of the Court.

Dated January 19, 2011.

                                              **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE