IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **92-cv-00870-JLK**

**JESSE MONTEZ, et al.** (Claimant Raymond D. Goodloe, #51437, Claim 03-445)

Plaintiffs, as representatives of themselves and all others similarly situated,

v.

**BILL RITTER, et al,**

Defendants.

---

**ORDER re Doc. 4946 - PLAINTIFF'S OBJECTION TO 12/10/10 ORDER
OF THE SPECIAL MASTER AND RENEWED MOTION TO
ENFORCE/AMEND 3/6/09 FINAL ORDER (Doc. 3849)
GRANTING HIM SECTION XXXII MONTEZ PLAN RELIEF**

---

Kane, J.

This matter is before me on Claimant Goodloe's Objection to a December 10, 2010

Order of the Special Master explaining that, in the wake of this Court's March 23, 2010

Order prohibiting further pro se filings by Montez class members, he no longer has

jurisdiction to consider Goodloe's repeated requests for further orders requiring Defendants

to comply fully with a 2009 award of benefits he received under § XXXII of the Montez

Remedial Plan.[1]  Mr. Goodloe does not challenge the basis for the Special Master's

---

[1]     Specifically, Goodloe in March 2009 was awarded $300 in damages and ordered to
be provided with appropriate soft-soled footwear based on claims that the DOC had discriminated
against him on the basis of his mobility impairment.  (Doc. 3849.)  Goodloe received the $300, but
claims the DOC has failed properly to evaluate or treat his ankle-related medical problems.  Goodloe
wants class counsel – who is currently engaged in a months-long compliance hearing and briefing
process before me in the Montez case – to represent him in securing compliance and enforcement of
the March 2009 Order.

jurisdictional ruling, arguing only that he has no recourse but to continue to file *pro se* motions in this manner because the DOC is not complying with the Special Master's March 9, 2009 Final Order granting him a remedy under § XXXII of the Montez Remedial Plan and because class counsel is not representing him adequately in this regard.

There are two responses to Mr. Goodloe's Objection.  First, Mr. Goodloe is represented by class counsel *not* on his individual claims for specific damages and remedies under § XXXII of the Plan, but on his claims as a member of the class of all disabled inmates that Defendant adhere and comply with the system-wide institutional improvements to which it committed in entering into the Montez Remedial Plan.  Class counsel and counsel for the State of Colorado have spent hundreds of hours since June 2010 in hearings before me and drafting proposed findings of fact and conclusions of law on the overarching issues of system-wide compliance in this case.  Those activities are the heart and soul of what the Montez Class Action is and was about, and it is to these class issues that all attention was turned last Spring.

With respect to his claims that the DOC continues to ignore or to fail to comply with the Special Master's March 9, 2009 Final Order, I incorporate by reference my January 19, 2011 ORDER re REPORT AND RECOMMENDATION OF SPECIAL MASTER, which will be sent to Mr. Goodloe simultaneously with this Order, which clarifies that the Special Master retains certain *limited* jurisdiction under my March 23, 2010 Order to receive and consider motions to enforce existing Final Orders for relief issued in an inmate's favor under § XXXII of the Montez Remedial Plan.  The jurisdiction is limited to considering

whether such motions support a Recommendation, to be issued on the Special Master's own motion, that Defendants be ordered specifically to comply with an aspect of the subject Final Order, or be sanctioned for any ongoing failure to comply.  If an inmate's motion would not support such a recommendation, the Special Master should reject it for lack of jurisdiction for the reasons set forth in my March 23, 2010 Order.

Accordingly, Mr. Goodloe's Objection is SUSTAINED in part and OVERRULED in part.  To the extent Goodloe seeks individual representation by class counsel on his Claim 03-445 under Section XXXII of the Montez Remedial Plan, his Objection is OVERRULED as he is not entitled to such representation.  That portion of his Objection seeking consideration of his assertion that Defendants remain noncompliant with the March 6, 2009 Final Order of the Special Master is SUSTAINED, and that question is referred back to the Special Master for consideration in light of my January 19, 2011 Order.

Finally, and as the Special Master has stated, the time for individual Montez class members to pursue initial or revised remedies for disability discrimination under the Montez Remedial Plan is past.  It is my hope that the ongoing medical treatment and care of individuals like Mr. Goodloe will improve as a result of the Montez Class Action.  To the extent Mr. Goodloe's problem is with new or independent instances of alleged disability discrimination or inadequate medical care, then he, like any other inmate with claims arising after the Montez class period expired in August 2003, must file a new action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) and

*Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005).  The Montez

litigation must, in as fair and methodical a process as possible, come to a conclusion.  It is

to this end that I am working, and to which my March 23, 2010, and January 19, 2011

Orders are directed.

      Dated January 19, 2011.

                                **s/John L. Kane**
                                SENIOR U.S. DISTRICT JUDGE


Service of this order, together with the 1/19/11 Order re Report and Recommendation of
Special Master filed simultaneously herewith, shall be made to Raymond D. Goodloe,
#51437.