# *LRC* Legal Resolution Center

7907 Zenobia Street
Westminster, Colorado 80030
  303-426-7365
  303-426-7714 (FAX)
  1-888-881-7365 (Toll-Free)
  www.legalresolutioncenter.com

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 9 2011

GREGORY C. LANGHAM
CLERK

February 9, 2011

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 9 2011

GREGORY C. LANGHAM
CLERK

Ms. Wendi Copello
Case Administration Specialist
United States District Court for the District of Colorado
United States Courthouse
901 19th Street
Denver, CO 80294

RE: *Montez, et al. v. Hickenlooper, et al.*
Civil Action No. 92-CV-870 (JLK) (Consolidated for all purposes with Civil Action No. 96-N-343)
Claimant: Allen Fistell, Claim #: 03-465

Dear Wendi:

    Enclosed for filing with the U.S. District Court, please find a February 6, 2011 motion from *Montez* claimant Allen Fistel entitled "Appeal to the Order of Dismissal by Special Master on October 1, 2010." This document was mailed to our office in error by Mr. Fistell, and should have been mailed to the U.S. District Court instead. If you have any questions regarding this matter, please do not hesitate to call or e-mail me. Thank you.

Sincerely,

Susan L. Carter
Assistant to the Special Masters

Enclosure

```
                                                         FILED
                                                 UNITED STATES DISTRICT COURT
                    IN THE UNITED STATES DISTRICT COURT      DENVER, COLORADO
                       FOR THE DISTRICT OF COLORADO
                                                          FEB 9  2011
Civil Action No. 92-CV-870-JLK    FILED
                                                        GREGORY C. LANGHAM
JESSE MONTEZ, et al.         UNITED STATES         COURT
                                                               CLERK
         Plaintiffs,
                               FEB 19 2011
-vs.-
                             GREGORY C. LANGHAM
BILL RITTER, et al.                 CLERK

         Defendants.
```

Claim Number 03-465
Category III
Claimant: Allen Fistell, #63253
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

---

APPEAL TO THE ORDER OF DISMISSAL
BY SPECIAL MASTER ON OCTOBER 1, 2010

---

COMES NOW, Claimant Allen Fistell #63253, requesting that this Honorable Court overturn the dismissal of Special Master Borchers and order that a hearing for further damages be held by the Special Master on the issues of further discrimination and compliance brought in Claimants' Motion. As grounds Claimant states the following:

   1. The Final Order of Special Master Borchers in the Claimants claim was issued on September 25th, 2009. In the Special Masters Order he found pg. 7, para. 5, "Claimant was determined to be mobility impaired in 1996. From the evidence presented, nothing has changed since 1996. Claimant has mobility issues and is mobility impaired. He has difficulty walking and standing. He was a member of the class as mobility impaired in 1996 and remains so at the present time."

   In accordance with the Stipulations of 4/4/08 pg. 2, para. 7, "4. CDOC will immediately adhere to and implement any Court Order or Special Masters Order determining the disability classification of a class member unless there is a documented and substantial change in the class member's condition to warrant a change in the classification." The problem is that the Defendants did not follow the Special Masters Order and in fact defied said order by removing all of Claimants accommodations and finding Claimant to not be disabled, "You DO NOT HAVE A MOBILITY DISABILITY." This new Accommodation Resolution (AR) was signed by Kathleen Baxter, acting AIC on 10/22/09 and by Paul Frantz M.D., Chief Medical Officer on 10/26/09 (one month after the Final Order of the Special Master). This new "AR" goes directly against the Final Order of the Special Master and the Stipulations of 4/4/08 quoted above, as it was one month after the Special masters Final Order.

   From 10/26/09 until 6/10/09 the Defendants continued to violate the Special Masters Determination that Claimant is Mobility Impaired and a member

of the class. On 6/10/10 the AIC's Office issued a new "AR" which again found the Claimant to be disabled, "You DO HAVE A MOBILITY DISABILITY", but this new "AR" has half the Accommodations that the previous one had of 1/22/09, Which shows further discrimination on the part of the CDOC against the Claimant.

At no time since the Special Masters Final Order did the Defendants comply with the underlying reason for the Special Masters finding of discrimination, Accommodation for Tennis Shoes. And in fact have just on 1/12/11 re-evaluated Claimant for medical tennis shoes and stated in part as follows: "...After examining offender today, I do not feel that tennis shoes would be necessary for his condition, but, related to my interpretation of the Special Master orders, will respectfully uphold the Special Master Order and order medical tennis shoes and allow him to wear them in maintenance as this is what the offender's claim for allowing a settlement was all about." This evaluation was done by N.P. Kathy Holt of FLCF Medical. If Mrs. Holt who is not trained in legal affairs did by reading the Special Masters' Order understand the underlying reason for said order, then the AIC's Office who has trained paralegals should have understood this, and should have granted an accommodation for tennis shoes. But instead, they choose to ignore the Special Masters findings and continue to discriminate against the Claimant. Claimant still cannot go to visits because he is required to wear state boots which cause him problems walking, this to is just further discrimination.

2. Claimant as a member of the class has rights under the Remedial Plan which protect all his property and privileges. See Remedial Plan, pg. 4, para. 4, "Inmates who are currently in DOC and are moved to a designated facility because of a disability and pursuant to this agreement will have the same privileges and property rights as they possess in their current placement." As stated in Claimants Motion for Compliance and Further Damages the Defendants are ignoring this portion of the Remedial Plan. They have taken and destroyed personal property of the Claimant and DME items needed by the Claimant. Including a back brace which was reordered by Dr. Koons Office (the Nero Surgeon who did Claimants back surgeries) on 9/15/09 almost one year after the back brace was taken from Claimant and destroyed by Defendants, but the CDOC is just ignoring Dr. Koons order in violation of the stipulations of 4/4/08, "22. If PHP overrides a CDOC medical provider's or a specialists, recommendations for testing or assistive devices, CDOC will bear the burden of ensuring that the testing is otherwise conducted and/or will provide the assistive device at the expense of CDOC." Claimants back brace falls right into stipulation #22 quoted above.

3. This Court has ruled that the Special Masters have jurisdiction to hold hearings for further damages when the Defendants are not complying with the orders of the Special Master. In this case the Defendants have purposely ignored and gone directly against the Special Masters Final Order as stated above, and therefore the Special Masters do have jurisdiction to hold a hearing on the Claimants Motion for an order of compliance and further damages, and make a ruling there to. The Defendants feel that just because they appealed the Special Masters Order that they are justified in not following said order, but in fact an appeal does not stay the order only the damage award, and therefore the were and are in violation of said order.

The Class Counsel filed a brief in support of Claimants second hearing for compliance and further damages and the Special Master changed his decision and granted a new hearing date, but then on the day of the hearing choose not to hold the hearing and later issued an order of dismissal. The Special Masters have jurisdiction to hold a hearing on at least compliance with their Final Orders and should have jurisdiction to hold a hearing on further discrimination which has followed the Final Order of the Special Master, as is the case here.

The Special Master stated on the day of the proposed hearing that the Claims process has changed and become about monetary damages not actual accommodations, but this is wrong, the whole reason for the Montez case was to get the CDOC to accommodate the disabled inmates. In this case the Defendants are still not accommodating the Claimant correctly and can at any time remove even more needed accommodations from Claimant then they already have.

THEREFORE, the Claimant requests that this Court remand the Claimants claims for non-compliance and further damages back to the Special Master to hold a Hearing on Claimants claims and make a ruling there on.

Respectfully Submitted,

Allen Fistell, #63253

CERTIFICATE OF MAILING

I, Allen Fistell, do hereby certify that this 6th day Feb. 2011, I have deposited a true and correct copy of the foregoing Appeal through the U.S. Mail first class postage prepaid to the below individuals:

Office of the Attorney General
1525 Sherman St., 7th Floor
Denver, CO 80203-1730

Judge Richard M. Borchers
Special Master for the United States District
Legal Resolution Center
7907 Zenibia Street
Westminster, CO 80030-4444

Signed: _____
Allen Fistell