92-cv-00870-JLK-OES

Fort Lyon Correctional Facility
Mr. David Bryan, #59182
P.O. Box 1000
Fort Lyon, CO 81038-1000

United States District Court
Judge John L. Kane
901-19th St., Room A105
Denver, CO 80294-3589

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2011

GREGORY C. LANGHAM
_____ CLERK

Dear Judge Kane,                    February 22, 2011

I have held off writing you because I know you are a very busy man, however, circumstances have become so outragious regarding the ADA Remedial Plan and CDOC that I feel compelled to let you know some of the issues that have come to a head here at FLCF.

I have been instructed to correspond with you by our ADA Attorneys Paula Greisen and Jennifer Riddle.

I was one of the six original named Plaintiffs that initiated the class action against the CDOC. From the beginning we the disabled inmates have been like an unwanted step children. We plainly don't fit into their system as you know. We all have been bounced around the system, waiting for the facilities to come into compliance. Year after year we have been told that we would be accommodated. Our Attorneys capitulated on many issues including only having some of the facilities be in compliance. One of the core stipulations was to have a 130 bed ADA facility/Fort Lyon. I argued with our attorneys many years ago about the 2% clause in the Remedial Plan. I pointed out that percentage was inadequate because the inmate population is aging at a high rate which also increases the ADA inmates exponentially. Long term planning has been null. We thought finally a large number of ADA inmates had a facility. I was moved to FLCF five years ago. I have worked in the maintenance department the entire time I have been here. I personally installed many of the handrails, ramps, restrooms, & doors in helping to make the facility compliant.

I believe that CDOC has broken it's part of the Remedial Plan in a hasty decision to close this facility! This means that those of us will be starting all over again at another abandoned location for us to do our time. It's not just the physical plant hardware that will be the issue of moving to yet another questionable accommodating facility but all the other fact... Like having equal work, schooling, programs, etc. There will also be issues like recreation (Gym), library, music rooms.... All the things that have taken years to work out at FLCF will need to be done all over again.

It is my understanding that you believe that the inmates at FLCF do not receive proper medical care. I agree with you on that, unfortunately no matter where we go these bad staff members will follow because the Governor has promised that all staff will keep their jobs. I feel you should intervein on this issue and order the CDOC to create an independent medical system, or have the Federal Health Department take over and make the CDOC pay for it. This would eliminate the bias DOC medical department that only makes decisions that benefit the agenda of the DOC and it's desires, leaving the inmates without proper care/accommodations. An example of this is I had an

accommodation not to cuff my ankles when I am transported. My accommodation read "DO NOT CUFF LEGS." Security decided that I should in fact have my legs cuffed and ordered the medical staff to **change** my accommodation resolution. They did **change** it. I filed all three steps of the ADA grievance and the grievances were denied. For the first time in 17 years DOC started cuffing my legs. I do have leg ulcers that develop around my ankles & that is why I should not be cuffed. Also I have a fused hip & knee and cuffs cause me to trip and fall. They had agreed at my Montez claim hearing before Judge Borchers that my legs would not be cuffed, but then a year later reversed my accommodation.

I am asking you to please put your foot down on the CDOC and make them be accountable for all the poor decisions they continue to make regarding **ADA inmates**. I can't give you any specific ideas other than to use your good common sense judgement on what is fair for the inmates. One out-ragious idea CDOC has thrown out on the table is to send a number of us to DRDC which is a maximum security facility. They may say that the cells in question could be reclassified to medium, or minimum restricted but that is like putting lipstick on a pigs face & calling it beautiful.

Thank you for taking the time to read this letter. It's time to play hardball with the CDOC. The only thing they understand is a huge fine, or let us out of prison, or make it right.

Respectfully Submitted,

David Bryan, #59182

XC:
KING & GERISEN

files: Grievances: DFL09/10-047
              "          "        -090
                                  -088
                                  -093

*Dear Judge Kane I sent this letter to B+G in September I don't know if they Passed the 4 different grievances on I'm sending you the 4 griev. now but here is additional info. You can look at it if you have time. It shows Some of the stuff we inmates go through regarding Medical & Housing ~ the Governer Says it's costing 6 mill$ for Transport here. I don't know if that is true but I do know that it took 3 trips to Pueblo just to get my shoes ~ No Grievance about that*

Mr. David Bryan 59182
FORT LYON CORRECTIONAL FACILITY
PO Box 1000
Ft. Lyon, CO 81038-1000

KING & GERISEN LLP
1670 York St.
Denver, CO 80206

September 24, 2010 *Draft Copy*

Dear Laura,

Please find enclosed three Grievances  D-FLO9/10-088; -090; & -093.  Again I'm asking that all three of these issues be brought in front of Judge Kane. I believe they are important. As I have told you over the phone the Disabled in living units do not have the same rights as non ADA inmates. You had told me that cell seniority is not a very important issue. I would beg to differ with you. This is a very big issue for inmates as to being able to have a cell that is a one man , two man or three man cell. The other issues have to deal with ignoring my medical ADA needs and the fact that they are ignoring my accommodations.

I would like to know what you plan to present at the upcomming (continued hearing) regarding issues. The inmates are in the dark as to what is going on. Could you please give us an update.

I hope that you will be discussing my grievances with the upcoming hearing. I would like to know what your plan is because I intend to write the Judge myself if you feel you cant bring up the grievances.

Good luck with the next hearing date and I will be looking for your written response to me.

Sincerely,

David Bryan

*This Draft Copy Sent to Judge Kane 2/22/11*

*35 Pages*

*2nd@*
*1/23/09*

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑  No ☐
Date received by case manager: 11/23/09  Case Manager: J. Cordova

Grievance Number D-FLO9/10-047   STEP (Circle One) (1) 2 3  By _____

RECEIVED

| NAME Bryan, David G. | DOC NO. 59182 | FACILITY/UNIT/POD FLCF/ LU5 59182 |
|---|---|---|

Instructions FLCF
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:
My most recent accommodation of (8/24/09) has a few accommodations deleted. I sent three letters to the AIC as an attempt to resolve the issues. 8/24/09, 10/12/09, & 11/4/09. Some of the accommodations have been left off which are **absolutely necessary** for my ability to function. They are: 1. Extra long bed, with elevated T.V. tray (I'm 6'5"& don't bend at all. I cant fit in a regular prison bed... the T.V. tray has to be higher than a normal bed because of the size of my feet, and when I use the wedge pillow and Jobst compression pump my feet will not fit under the T.V. tray/bed. See past grievances, and court records. (2. Stocking Doner/wire frame. This item I have had since I first came to prison. I use it to put on my socks, both Sigvaris & regular socks. I can't put on my socks at all without this item. (3. I require special consideration of my disability with respect to cuffing & Shackling. This includes no shackling of legs during transport. (I went through great lengths regarding this allowance in the past & was granted this at my ADA hearing. I simply can't have shackles around my ankles due to adama, & skin conditions. I also can't sit down with my straight leg and be cuffed to the other leg. 4. I require an ADA toilet in my cell because I need to urinate up to six times every night. I would have to put on my Jobes socks, each time I had to go down the hall to a toilet if I didn't have an IN-cell toilet, **REMEDY:** Please put back on my accommodation the following: (1. Extra long bed, with elevated T.V. tray. (2. Stocking Donner/ wire frame. (3. Require special consideration Re, cuffing & Shackling of Legs. (4.ADA toilet in the Cell.

| TO BE COMPLETED BY OFFENDER: |
|---|
| DATE: 1/23/09  OFFENDER SIGNATURE David Bryan 59182 David Bryan |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: |
|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability |
| DATE 11/24/09  SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # N Baldsberry 1060 |
| Date ADA grievance sent to AIC: 11/24/09 |

RESPONSE

See Attached Response
Katie Baxter #2429
Acting AIC
12/16/09

| TO BE COMPLETED BY RESPONDER | | RESPONSE DATE: |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 12/1/09 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Kathleen Baxter /Kathleen Baxter #2429 | |

| TO BE COMPLETED BY OFFENDER |
|---|
| RECEIPT: I acknowledge receipt this date of a response to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.  RECEIVED |
| DATE: 12/30/09  OFFENDER SIGNATURE/PRINT NAME & DOC # David Bryan 59182 David Bryan |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

DEC 0 1 2009

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:    719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievance
From:  Katie Baxter, Designee *K. Baxter*
       Office of the AIC (ADA Inmate Coordinator)
Received Grievance:  December 1, 2009
Sent Response:  December 18 2009
Offender Name:  BRYAN, DAVID
DOC No:  59182
Facility:  FLCF
Grievance No:  D-FL09/10-132-1

---

**DISABILITY STATUS: Per Accommodation Resolution dated 8/4/2009 you were determined TO HAVE a qualifying lower extremity mobility disability.**

**In the grievance referenced above, you allege the following:**
1. There were several accommodations which were previously provided to you left off your most current Accommodation Resolution (8/4/09)
2. Some of these accommodations are absolutely necessary for you to function.
3. The omitted accommodations include:  extra long bed with elevated TV tray, stocking donner/wire frame, special consideration regarding cuffing and shackling and ADA toilet in cell.

**Requested Relief/Remedy:**
1a. Please put these accommodations back on my Accommodation Resolution.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. A review of your AIC file shows you were previously provided the accommodations of an extra long bed, ADA cell and stocking donner/wire frame.  These accommodations were inadvertently left off your current Accommodation Resolution.
2. The accommodation of special consideration with cuffing and shackling has been changed and now reads "Requires staff assistance when cuffed and/or shackled."  This is per the Remedial Plan Section XXII.  Staff are required to follow the mandate listed under Restraints.  This accommodation is listed on your current Accommodation Resolution.  Your current accommodation also provides for housing in an accessible cell with access to accessible bathroom facilities.  The DOC is not required to have accessible toilets in the accessible cells themselves.
3. A revised Accommodation Resolution will be prepared listing the accommodations of an extra long bed and stocking donner/wire frame.

**CONCLUSION:**

This grievance is GRANTED in part based on the information above. A revised Accommodation Resolution listing the extra long bed and the stocking donner/wire frame will be prepared and sent out shortly. This grievance is DENIED in part as to your request for special consideration with cuffing and shackling and access to accessible bathroom facilities as these items are listed on your current Accommodation Resolution.

**GRIEVANCE GRANTED IN PART & DENIED IN PART**

Cc: AIC File.

Page 2 of 2

# ACCOMMODATION RESOLUTION

*[handwritten: Old Judge Kane. this is an example model of how my was regarding cutting shoe this See Page 9]*

| NAME | BRYAN, DAVID | DOC # | 59182 |
|------|--------------|-------|-------|

| QUALIFYING DISABILITY PURSUANT TO THE ADA/REHABILITATION ACTS AS DETERMINED BY A MEDICAL PROVIDER & CHIEF MEDICAL OFFICER: | MOBILITY |
|---|---|

## THE FOLLOWING ACCOMMODATIONS ARE TO BE PROVIDED:

A DOC medical provider and the Chief Medical Officer have determined that you have a qualifying **mobility** disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA); therefore you are entitled to accommodations.

1. Pursuant to the Montez Remedial Plan, Section V.A.1.a., you are to be assigned to a designated facility commensurate with your classification, programmatic & medical needs. You are required to be housed in an accessible cell with access to accessible bathroom facilities which shall include a shower chair or bench and a toilet of appropriate height.

2. The following accommodations have been determined to be medically necessary:

    A. Cane
    B. Tennis shoes with right foot lift and reinforced heels. It has been determined that it is medically necessary for you to be allowed to wear these tennis shoes at all times.
    C. Eggcrate mattress
    D. Wedge Pillow
    E. Jobst compression pump with hoses and sleeves
    F. Sigvar socks – Two pair every six months
    G. Two wooden dowels with hooks. You are required to lock these devices in your footlocker at all times they are not in use.
    H. Wire frame donner for socks
    I. Extra long bed
    J. Raised Locker Box

The above items are considered to be health care devices and determined to be medically necessary by the Chief Medical Officer. Your health care devices shall fall under the provisions of Administrative Regulation (AR) 850-06, "Offender Property." Any misuse of the health care device may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

3. A desk that is not attached to the wall.

4. Access to a straight back chair in all areas of the facility, i.e. recreation, chow hall, cell, yard and access to an accessible table during meals.

5. You are to receive special assistance from staff during an evacuation and/or emergency.

6. You are to be transported in an accessible vehicle.

*Judge Hone issues*
*this is what I was told*
*would be when I had my*
*hearings with Judge Borchers.*
*I don't believe CDOC*
*should be able to change*
*items once it has*
*been approval*
*Bryan 2/22/11*

**Accommodation Resolution**
**Offender: Bryan, David #59182**
**Page Two of Two Pages**
(cocumm)

7. You require special consideration of your disability during transport, e.g., assistance from staff upon embarking and disembarking from the vehicle.

8. You require special consideration of your disability with respect to searches pursuant to AR 300-06, "Searches & Contraband Control".

9. You require special consideration of your disability with respect to cuffing & shackling. This includes no shackling of legs during transport.

10. You are not required to stand for count pursuant to AR 300-04.

11. You are currently employed as a general maintenance worker and are provided accommodations to perform your job duties. You are not required to bend over, crawl on the ground or climb over objects. Your work supervisor has adapted his requests of you with your limitations and abilities in mind. You are not currently enrolled in a program and require no accommodations. If your employment/programmatic situation changes and you feel you require accommodations, you are responsible for submitting a new Request For Accommodation to the AIC.

Clinical services shall manage all aspects of your clinical care as it relates to your mobility disability. All requests related to such care should be directed to clinical services. **The AIC is neither responsible for nor qualified to make decisions regarding your clinical care.**

When you **do not** receive clinically mandated treatment or services or you have problems associated with receiving or repairing a medical assistive device prescribed by a DOC physician related to your mobility disability you may file an ADA grievance or write to the AIC. If your mobility disability worsens or you feel you require additional accommodations to access programs benefits or services you must submit a new Request for Accommodation indicating the accommodations you feel you require.

**You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.**

Signature: Chief Medical Officer                     Date  4/9/08

Signature: AIC                                       Date  4-14-08
Revised: April 3, 2008
Original – AIC
Copies: 1-Warden
      7-Warden for distribution to the following:
        1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA, 1-Housing Unit Supervisor
        2 – Offender
      AIC will distribute 1-Department File, 1 – Chief Medical Officer          Form Revised: 4/2/07

## ACCOMMODATION RESOLUTION

*Judge Kane,*
*This is Now what is shown*
*regarding leg restraints.*
*Voia ~~Josh~~ Archuleta*

Offender Name: BRYAN, DAVID
DOC#: 59182

### You DO HAVE A MOBILITY DISABILITY

Following a disability screening it has been determined that you have a mobility disability and are therefore, entitled to the following accommodations:

1. Cane
2. Raised Locker Box
3. Medically Necessary Shoes (Tennis shoes with right foot lift and reinforced heels). It has been determined that it is medically necessary for you to be allowed to wear these tennis shoes at all times.
4. Jobst compression pump with hose and sleeves
5. Sigvar socks – Two pair every six months
6. Two wooden dowels with hooks. You are required to lock these in your footlocker at all times they are not in use.
7. Eggcrate mattress
8. Extra long bed
9. Wire frame donner for socks
10. Assignment to a designated facility
11. Assignment to an accessible cell
12. Access to accessible bathroom facilities to include a shower chair or bench and a toilet of appropriate height
13. Access to a straight back chair in all areas of the facility, i.e. recreation, chow hall, cell, yard.
14. Seating at an accessible table during meals with access to a straight back chair.
15. Desk in cell that is not attached to the wall
16. Wedge Pillow
17. Lower Bunk
18. Lower Tier
19. Not required to use stairs and when housed at a facility that maintains an elevator for offender use, you are allowed to use the elevator
20. Not required to stand for count
21. Requires staff assistance when cuffed and/or shackled. Refer to Section XXII of the Remedial Plan
22. Will enter and exit transport vehicle without leg restraints, however, once seated inside the vehicle the restraints will be applied, upon his exiting of the vehicle, the restraints will be applied. The restraints will have an extension added to them to allow for a wider step. The tennis shoe laces will be taped to keep the laces from being utilized as a potential weapon. *W. Archuleta*
23. Reasonable accommodations will be provided during searches. Refer to Section XXIII of the Remedial Plan
24. Requires staff assistance during an emergency or evacuation
25. Transportation in an accessible vehicle. Refer to Section XXIV of the Remedial Plan. *taping shoes! I can't even reach the laces on my right leg*
26. Assistance with carrying and disposing of food tray contents pursuant to facility policy

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan

*I'm the only ADA inmate with leg problems that is being shackeled like this!*
*2/22/11*

Accommodation Resolution
Offender: Bryan, David #59182
Page Two of Two Pages

**You are required to notify clinical services and the AIC immediately if your health care device(s) is broken, lost, stolen or becomes inoperable for any reason.**

The health care device(s) listed above shall fall under the provisions of Administrative Regulation (AR) 850-6, "Offender Property" and shall be placed on your property list.   Any misuse of the health care device(s) may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this resolution.  You may not file future ADA grievances regarding your medical care.  Please refer to A.R. 850-04 for details regarding the grievance process.
This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_Pauley Gromit MD_ 3/11/10        _Kathleen Baxter_ 3/10/10
Chief Medical Officer          Date    AIC  _Acting AIC_        Date

**E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-Warden, Case Manager (Working File), 2 copies to HSA for placement in  Medical & Mental Health File, Housing Supervisor, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print 2 full size copies on yellow paper & serve on offender**

*Jim R.*
*2/30/09*

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐
Date received by case manager: 10/31/09  Case Manager: J. Curdows

DECEIVED
JAN 04 2010
By _____ FLCF/LU-5
FACILITY/UNIT/POD

Grievance Number D-FL09/10 047    STEP (Circle One) 1 ②  3

| NAME | David Bryan | DOC NO. | 59182 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: **Accommodation Resolution of 8/24/09.** According to my ADA Case #03-130 which was held on three occasions 3/17/06, 10/20/06, & 1/11/07 totaling 15 hours The AIC Cathie Holst & Mr. James X. Quinn stipulated that I could not be shackled due to my disability. Judge Borchers accepted this stipulation. Furthermore FLCF security major Mike Romero did extensive investigation into the issue of shackling my legs and concluded that I could not be shackled. The issue was resolved and the Accommodation Resolution was specifically written that states "You require special consideration of your disability with respect to cuffing & Shackling. **This includes no shackling of legs during transport" (dated 4/9/08** & the one before that. These facts show that there was not a "thorough investigation..." as claimed in the step I grievance response. Also, as I stated in the Step one grievance I would have to put on my special socks every time I went to the restroom numerous times during the night and day because of the swelling in my legs. This is not a "Reasonable Accommodation" in this case. **Remedy:** Please put on my accommodation "Do not cuff legs during transpor" and "Requires ADA WET CELL.

XC: King & Grievance

**TO BE COMPLETED BY OFFENDER:**
DATE: 12/30/09  OFFENDER SIGNATURE David Bryan 59182 David Bryan

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 1/4/10  SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # N Goldsberry N Goldsberry #10610

Date ADA grievance sent to AIC: 1/6/10

**RESPONSE**

DECEIVED
FEB 06 2010
By FLCF

*See attached response*

**TO BE COMPLETED BY RESPONDER**
| DATE GRIEVANCE REC'D BY RESPONDER: 1/11/10 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Lou Archuleta | RESPONSE DATE: 2/17/10 |

**TO BE COMPLETED BY OFFENDER:**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE: 3/3/10  OFFENDER SIGNATURE/PRINT NAME & DOC # Bryan D 59182 Bryan D

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

Received
JAN 11 2008
Director of Prisons

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**
Deputy Director of Prisons
2862 South Circle Drive
Colorado Springs, CO  80906-4195
Phone:     (719)226-4774
Fax:        (719)226-4775
Web:       www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## **MEMORANDUM**

TO:          Offender David Bryan, #59182

FROM:      Lou Archuleta
              Deputy Director of Prisons

*he is not married*

DATE:       February 16, 2010

RE:          Step II ADA Grievance, D-FL09/10-047


I have reviewed the Step I Grievance that you submitted and the response that was provided by the office of the AIC.   I have also reviewed your request for relief and determined the following:

Your request for your Accommodation Resolution to read, "requires ADA wet cell" will not be granted.  Your current Accommodation Resolution provides for housing in an accessible cell with access to accessible bathroom.

This portion of your grievance is denied.

Your request for your Accommodation Resolution to read, "do not cuff legs during transport" will not be granted; however, we will include the following language to describe the current process by you are being transported:

> He will enter and exit the vehicle without leg restraints; however, once inside the vehicle the restraints will be applied and upon his exiting of the vehicle, the restraints will be applied.   The restraints will have an extension added to them to allow for a wider step.  The tennis shoe laces will be taped to keep the laces from being utilized as potential weapon.   *All B.S.*

This portion of your grievance is considered resolved.


LA/gw

Page 1 of 1

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**
Deputy Director of Prisons
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:   (719)226-4774
Fax:     (719)226-4775
Web:     www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:      Offender David Bryan, #59182

FROM:    Lou Archuleta
         Deputy Director of Prisons

DATE:    July 12, 2010

RE:      Step II ADA Grievance, D-FL09/10-088


I have reviewed the Step I Grievance that you submitted I have concluded that the response from the AIC was appropriate and you been afforded an opportunity to submit a request to review the additional accommodations.

Step II Grievance is Denied.

LA/gw

Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4236
Fax:      719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:      Offender Bryant, David #59182
           FLCF

FROM:   Katie Baxter, Designee. *K. Baxter*
           Office of the AIC (ADA Inmate Coordinator)

RE:       Letters dated August 24, 2009, October 12, 2009 and November 4,
           2009

DATE:    January 21, 2010

I have received and reviewed the letters referenced above.  I do apologize for my delay in responding.  This office has been inundated with letters, grievances and special projects.

In all of these letters you reference a Step 1 ADA grievance which you sent directly to this office at the direction of Ms. Greisen or someone or her staff.  This grievance was returned to you for proper processing.  Please be advised Ms. Greisen does not have the authority to authorize an offender to circumvent DOC policy.  All grievances must be submitted through your case manager for proper processing pursuant to AR 850-4 *Grievance Procedures.*

Your grievance was processed properly and was responded to by this office on December 16, 2009.  Per the grievance response your Accommodation Resolution was revised to reflect your entitlement to an extra long bed, an accessible cell and a stocking donner/wire frame.  This new Accommodation Resolution was sent to your facility for distribution and you should have received your copy by now.  You will not be given an accommodation for an accessible toilet in your cell.  This was also explained to you in the grievance response.

Once again, I apologize for my delay in responding.

*done*
3/3/10

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐
Date received by case manager: _3/4/10_   Case Manager: _J. Corday_

RECEIVED
MAR 0 5 2010

Grievance Number: _D-FLO9/10-042_   **STEP (Circle One)** 1  2  ③ By____

| NAME **Bryan, David** | DOC NO. **59182** | FACILITY/UNIT/POD **FLCF LU**-5 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

I do need a "wet cell" and as explained in step II, "I need to urinate up to six times every night". **"I would have to put on my Jobes Socks, each time I had to go down the hall to a toilet, if I didn't have an IN -CELL toilet"!** With regards to the Cuffing legs issue, this was discussed at my ADA hearing with Judge Borchers and aggreed that my legs would not be cuffed at all during transport as indicated by previous accommodation resolutions. Now, suddenly, that is thrown out the window and cuffing in some regard is expected. I can deal with cuffing my legs but only with plastic cuff ties loosely applied around my ankles because of the adama and yes their must be additional length between my legs because of the way my leg extends when I'm sitting. The wording is also indicating that once off the transport vehicle I would have the cuffs placed back on and this will not work because I will trip and fall regardless of the length of the cuffs. **REMEDY:** Please put back on the Accommodation Resolution Do not cuff legs, & requires ADA toilet in the cell. (NOTE to Step III officer... please refer to the 15 hours of court hearings with Judge Borchers regarding the unresolved issues in this grievance.

| TO BE COMPLETED BY OFFENDER: | |
|---|---|
| DATE: _3/4/10_ | OFFENDER SIGNATURE _David Bryan 59182  Bryan, D._ |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | |
|---|---|
| RECEIPT: I acknowledge receipt from the above offender in regard to the following subject: _Disability_ | |
| DATE: _3/5/10_ | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _N Goldsberry  N. Goldsberry #10610_ |
| Date ADA grievance sent to AIC: _3/8/10_ | |

**RESPONSE**

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC      Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:   719.226.4238
Fax:      719.226.4249

Step 3 Grievance Officer



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

April 22, 2010

RE: Grievance #D-FL09/10-047

Dear Mr. David Bryant #59182:

I have reviewed your Step 3 grievance that you filed with regard to mobility disability status.

In review of this matter it is my finding that in determining whether or not an offender is mobility impaired, each offender is evaluated using a standard criteria pertaining to his or her ability to perform certain tasks related to mobility.  You received such an evaluation by a medical health professional.  I cannot second guess the results of that evaluation as I am not a medical professional.  The results indicate that you do meet the criteria required to be categorized as mobility disabled and you were given an Accommodation Resolution ("AR") dated 3/11/10. The accommodations provided to you are listed on that resolution.  You claim that the accommodations are unsatisfactory; however the Chief Medical Office together the Office of the AIC made the determination that the accommodations adequately address your needs.  Additionally, I have reviewed the order of the Special Master dated 2/7/07, which you brought to my attention, and I find that the order does not address any issue related to any specific accommodations and in fact dismissed the remainder of your claims, only addressing the damage claim.  Based upon the fact that you were evaluated and determined to be disabled and provided with the appropriate accommodations, I cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied.  This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
     grievance file
     Tom Kolle, Offender Records

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**RECEIVED**

**MAY 04 2010**

COPD/Grievances
Fort Lyon Correctional Facility

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐
Date received by case manager: 5/3/10   Case Manager: J. Cordova

Grievance Number D-FL09/10--090   STEP (Circle One) ①  2  3

| NAME  David Bryan | DOC NO.  59182 | FACILITY/UNIT/POD LU-4/217 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: evaluation of condition related to additional walking to and from the Chow/ hall, Medical property/intake, & Administration offices. I can also be effacted as to weather conditions like rain, snow, and slick obstacles, as that increases my chance of slipping and falling. It mainly is the additional walking. I can only be on my legs for X amount of time. On Friday April i i was moved from my cell in LU-5 to LU-4. The following Monday I was seen by Orthopedic Surgeon. At that meeting I explained my situation concerning job related work, and movement to and from LU-4 to the Chow Hall (app. ½ mile additional walking per day). The **Dr. plainly wrote an order saying "NEEDS TO BE NEAR THE CHOW HALL.** I had put in a request to see her and she did. I asked her if she would PLEASE HONOR THE Dr. ORDER. At that time she told me she "could not read the Order" (because of the hand writing). That was simply a lie. A eight year old child could read the ORDER. Days later I was told the Dr.'s order did not need to be followed... that it was "only X a recommendation". It would not have been any burden what so ever to have had me moved back to LU-5 and the shorter distance. She has elected to allow her ethics to be compromised because she wishes to not disrupt the apple cart of housing by having me moved back. This is now going to be a situation which will cause my knee to deteriorate. This is not what a Medical professional should be doing. Furthermore, I have contacted the office of King & Greisen and they instructed my to include Stipulation # 22 which reads in part "...recommendations (ORDERS) for testing or assistive devices, CDOC will bear the burden of ensuring that the testing is otherwise conducted and/or will **provide** the assistive device at the expense of CDOC." There is no expense involved. The NP dose have to provide for this order by moving my back to LU-5. REMEDY: NP Phillips needs to use common sense regarding this matter and move me back to LU-5, and to follow a Dr. order. She should not be concerned about what the Living Unit Staff have to say regarding this issue. Follow the remedial plan.

| TO BE COMPLETED BY OFFENDER: | |
|---|---|
| DATE: 4/30/10 | OFFENDER SIGNATURE David Bryan 59182 David Bryan |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability | |
| DATE: 5/4/10 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # N Goldsberry   N Goldsberry  H10610 |
| Date ADA grievance sent to AIC: 5/4/10 | |

**RESPONSE**

RECEIVED

MAY 1 0 2010

Office of Correctional
Legal Services

**SEE ATTACHED RESPONSE**

Julie Russell #5821
Office of Legal Services
AIC-ADA Inmate Coordinator

Qu

7-14-10

**RECEIVED**

**JUL 23 2010**

COPD/Grievances
Fort Lyon Correctional Facility

| TO BE COMPLETED BY RESPONDER: | | | |
|---|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 5/10/10 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # M Reed 14010 | | RESPONSE DATE: 7/2/10 |

| TO BE COMPLETED BY OFFENDER: | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: 7-28-10 | OFFENDER SIGNATURE/PRINT NAME & DOC # David Bryan   David Bryan 59182 |

Original: Department File/AIC       Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

DC Form 78 (2/93) / Old. No. 2635

WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

Step III  O-F209-/10-090

**COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD**  Exhibit A

| PRICARE CODE NO. | NAME | OFFENDER NO. | LIVING UNIT |
|---|---|---|---|

SUBJECTIVE:

DATE

TIME

PROBLEM 1 2 _____
PLAN / ORDERS

OBJECTIVE:  Temp. _____  Pulse _____  Resp. _____  B/P ___/___

SIGNATURE:
NURSE: _____

P.E.: _____

ASSESSMENT:

PHYSICIAN: _____
Rx NO.

---

| PRICARE CODE NO. | NAME | OFFENDER NO. | LIVING UNIT |
|---|---|---|---|
| | Bryan, David | 59182 | |

SUBJECTIVE:

51 yo ♂

to ̄ Traumatic DJD Knee

DATE  4/5/10

TIME

PROBLEM 1 2
PLAN / ORDERS

OBJECTIVE:  Temp. _____  Pulse _____  Resp. _____  B/P ___/___

10° Valgus
Full ext
50 flex

(1) Pls try to
there pt closer
to ford hall
(2) Cane (1) truss

SIGNATURE:  PT → Flexa
NURSE:
(2) knee
P.E.:  guss rehab

ASSESSMENT:

x-ray Incompetent
DJD ⓇR knee

PHYSICIAN:
Rx NO.                    OCUJ

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

F/u 3 mts

31201

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievances
From:  Meghan A. Reed, Designee
        Office of the AIC-Legal Services
Received Grievance: 5/10/10
Sent Response: 7/15/10
Offender Name:  **BRYAN, D.**
DOC No: 59182
Facility:  FLCF
Grievance No:  D-FL0910-090

**DISABILITY STATUS:** Per Accommodation Resolution signed 3/10/10, you have a mobility disability.

**In the grievance referenced above, you allege the following:**
1.  You were moved from LU5 to LU4 on 4/11/10 which means additional walking for you to/from chow, medical, property/intake, and administrative offices.  You are also effected [sic] by weather conditions as it increases your chances of falling. You claim to have a doctor's order stating "needs to be near the chow hall" and you feel that this is in violation of the Montez Remedial Plan Stipulation #22.

**Requested Relief/Remedy:**
1a.  Move you back to the same call from which you just came from.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1.  You grieved this issue in Step 1 ADA Grievance D-FL0910-088 which was responded to on 5/24/10.  Now you have added facts surrounding the move and changed your reasons as to why you should be moved back. Regardless, it is still duplicative in nature which is prohibited by AR 850-4 *Grievance Procedure*.

**CONCLUSION:**  This grievance is **denied** based on the information above.

**GRIEVANCE DENIED IN TOTAL**

cc:     AIC File

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑  No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑  No ☐
Date received by case manager: _8/2/2010_  Case Manager: _MAESTAS_

**RECEIVED**
AUG 02 2010
COPD/Grievances
Fort Lyon Correctional Facility

Grievance Number _D-FL09/10-090_    STEP (Circle One) 1 ②  3

| NAME Bryan, David | DOC NO. 59182 | FACILITY/UNIT/POD FLCF LU-4 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:
Re: Medical ADA decisions. Please read Step 1 first! This Grievance is in fact following AR 850-4 contrary to Meghan Reed/ ADA Designee's bias opinion. This Grievance has to do with NP Phillips inability to follow an order by a Orthopedic Surgeon which directly applies to my Mobility Issues it also is in violation of stipulation # 22. Grievance D-FL09/10-088 concerns the removal of 27 ADA beds, and the fact that their are no 1,2,3 man cells for me to occupy in as an ADA person and to have equal seniority rights for such rooms. This Grievance is in regard to NP Phillips capitulation to FLCF Housing Staff/ Captain A.J. Trujillo by overriding a Dr's order to do so due to "housing needs". This action resulted in causing me additional and unnesary MOBILITY BARRIERS IN THAT I have a limited amount of time/length of walking in a 24 hr. time frame. I am now forced to walk beyond my capabilities which is now causing further injury to me!

REMEDY: NP Phillips needs to use common sense regarding this matter and move me back to LU-5 (any ADA cell according to my seniority for a 1,2,3,or 4 man ) and to follow a Dr's Order (under stipulation #22. She should not be concerned about what DOC Staff have to say regarding this issue by following their orders.
See Exhibit (A) attached

| TO BE COMPLETED BY OFFENDER: | |
|---|---|
| DATE: 7/30/10 | OFFENDER SIGNATURE: David Bryan 59182 David Bryan |

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt of a complaint from the above offender in regard to the following subject: Disability
DATE: 8/2/10    SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # N Goldsbery N Goldsbery #10610

Date ADA grievance sent to AIC: 8/4/10

RESPONSE

**SEE ATTACHED RESPONSE** dated August 20, 2010.

RECEIVED
AUG 09 2010
Office of Correctional Legal Services

**RECEIVED**
SEP 07 2010
COPD/Grievances
Fort Lyon Correctional Facility

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 9/5/2010 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # Jan M Shoemaker #7995 | RESPONSE DATE: 8-20-10 |

**TO BE COMPLETED BY OFFENDER**
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.
DATE 9/14/10    OFFENDER SIGNATURE/PRINT NAME & DOC # David Bryan 59182 David Bryan

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)
Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Division of Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:   (719) 579-9580
Fax:      (719) 226-4755
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## M E M O R A N D U M

To:      Offender Bryan, #99182

From:   Joan M. Shoemaker
         Deputy Director of Prisons, Clinical Services

Date:   August 20, 2010

RE:     Step 2 grievance D-FL-09/10-090-2

On April 30, 2010, you filed a Step 1 grievance in which you requested to be moved back to LU 5. On July 5, 2010, your Step 1 grievance was denied and you filed this Step 2 grievance in which you stated you should be given seniority in housing assignments.

Your Step 2 grievance is denied for the following reasons:

First, clinical staff have reviewed your record and there is no medically necessary reason to change your work or housing assignment.   The outside specialist did not recommend a change in housing or work assignment for any medically necessary reason.   The Department does not use a seniority system for assigning offenders to housing.   The housing assignments for offenders are at the discretion of the Department.

Your Step 2 grievance is denied.

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☐ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☐ No ☐
Date received by case manager: _9-15-10_   Case Manager: _Ochre Fu menter_

**SEP 15 2010**

Grievance Number _D-FL09/10-090_        STEP (Circle One)   1   2   ③

**COPD/Grievances**
**Fort Lyon Correctional Facility**

| NAME | Bryan, Davidd | DOC NO. 59182 | FACILITY/UNIT/POD FLCF-4 |
|------|---------------|---------------|--------------------------|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

**Re: Medical ADA Decisions.** This Grievance has to do with NP Philips inability to follow an order by an Orthopedic Surgeon which directly applies to my Mobility Issues in conjunction with Stipulation # 22 of the Remedial Plan. In the Step II response Joan Shoemaker/ Deputy Director of Clinical Services denied my Grievance for the following reasons: Claim #1: "The outside specialist did not recommend a change in housing... for any medically necessary reason." (that is a false statement, see Dr's order of 4/5/10 "PLEASE TRY TO HOUSE CLOSER TO FOOD HALL". Also note that unit/ Building 5 is attached to the chow hall building 6. My current housing is in Unit 4 which is three times the distance. Clam #2 states that "The Department dose not use a seniority system for assigning offenders to housing." That too is a false clam. This facility maintains a seniority list for preferred housing rooms, in accordance with IA's specific to this facility. My stepo II was denied under false reasons.

**REMEDY:** NP Philips needs to use common sense regarding this matter and move me back to LU-5 (any ADA cell according to my seniority for a 1,2,3, or 4 man) and to follow a Dr's Order (under stipulation #22). She should not be concerned about what DOC Staff have to say regarding this issue by following their orders. ( Captain A.J. Trujillo/ Housing.)

_Med Order See Exhibit A attached_

| TO BE COMPLETED BY OFFENDER: | | |
|---|---|---|
| DATE: 9/14/10 | OFFENDER SIGNATURE _Daniel Bryon_ 59182 David Bryan | |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: |
|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability |
| DATE: 9/15/10 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _N Goldsberry_ N Goldsberry #10610 |
| Date ADA grievance sent to AIC: 9/15/10 |

RESPONSE

**RECEIVED**

**SEP 20 2010**

**Office of Correctional**
**Legal Services**

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| TO BE COMPLETED BY OFFENDER |
|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |
| If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC        Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone: 719.226.4238
Fax:    719.226.4249

Step 3 Grievance Officer

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

November 04, 2010

RE: Grievance #D-FL09/10-090

Dear Mr. David Bryan #99182:

I have reviewed your Step 3 grievance that you filed with regard to housing assignment.

In review of this matter it is my finding that per clinical services, after review of your medical chart there is no medical rationale indicating the need for a change to your housing or work assignment. I cannot second the guess the medical professional opinion of the provider as I am not a medical professional. The order listed in exhibit "A" paraphrased reads, "try to move patient closer to food hall" clearly is a not directive, but rather a suggestion. Additionally, recommendations by specialists are just that, recommendations, which do not necessarily have to be followed by DOC medical. Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance which you have filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender records

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☐ No ☑

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐

Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐

Date received by case manager: 4/5/10  Case Manager: J. Carlora

Grievance Number D-FL 09/10 .088   STEP (Circle One) ①  2  3

**APR 08 2010**

**COPD/Grievances**
**Fort Lyon Correctional Facility**

| NAME | DOC NO. | FACILITY/UNIT/POD |
|------|---------|-------------------|
| Bryan, David | 59182 | FLCF/4 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: I was removed from a 3-man cell with toilet #217-c/LU-5, and assigned to LU-4, in a six (6) man ADA DORMITORY on 4/1/10 I was removed from a 3-man cell with toilet #217-c/LU-5, and assigned to LU-4, in a six (6) man ADA DORMITORY style cell/ room #217-A. FLCF is eliminating 27 ADA Beds for LOP and other security bedding. The person that replaced me in LU-5/217 is not an ADA inmate (Santacruz #134931) yet men like this are in ADA bed spaces some are not pushers or care givers. There are non ADA rooms in LU-5 for those men so that this is an issue that have no qualifying disability. The ADA inspection of FLCF for requirements of the Montez Remedial Plan was conducted and reviewed by Mr. Orleans/Paula Greisen LLP. They were given blueprints that outlined the ADA bed-plan, and an agreement was made regarding fair and equal housing placements. DOC promised that their would not be alterations of the agreed placement, however, it appears that their agreement has been broken. Bed allocations are now being done at random without thought or regard to me or others. In LU-4 inmates that are just coming out of (LOP) Loss Of Privileges or Segregation Punishment are sent to the 6-man ADA rooms in LU-4. This makes my move contemptuous to the agreed Remedial Plan. I should not have been moved at all from LU-5 as this is a regressive move. Sgt. Singleton, nor Captain A.J. Trujillo/housing, never checked with Medical to find out why I was moved from LU-4 to LU-5 in 2005, or if my condition has improved to justify moving me back to LU-4. My condition has only worsened. There is a board of inmates living in Unit-5 that have no qualifying disability. **REMEDY:** This pursuant to the ADA/ Rehabilitation Acts as determined by the Medical Provider & Chief Medical Officer. The proper seniority mess is to **first move me back to the same cell from which I just came, for the same reason I have been there for the past 3½ years**, then to make ADA single and two man cells in LU-4 where there currently is none. The proper seniority list should be used to allocate said ADA 1,2,3,& 4 man/ rooms, between all 3 living units. Currently staff picks and chooses whomever inmate they wish regardless of ADA rooms/or non-ADA rooms/ beds. The fact that all the 6-man rooms in LU-4 are ADA beds... speaks volumes as to what considerations ADA inmates are given in that cell-house. The dog's even take priority over ADA inmates! Also, just today I was seen by an ORTHOPEDIC SURGEON WHICH RECOMMENDED THAT I BE HOUSED "CLOSE TO THE CHOW-HALL". I

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| DATE: 4.5.10 | OFFENDER SIGNATURE David Bryan 59182 David Bryan |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability | |
| DATE: 4/6/10 | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # Nancy Goldsberry Nancy Goldsberry #10610 |

Date ADA grievance sent to AIC: 4/8/10

**RESPONSE**

### SEE ATTACHED RESPONSE

**RECEIVED**

**APR 20 2010**

Office of Correctional
Legal Services

Julie Russell #5821
Office of Legal Services
AIC-ADA Inmate Coordinator   5-17-10

**RECEIVED**

**JUN 01 2010**

**COPD/Grievances**
**Fort Lyon Correctional Facility**

| TO BE COMPLETED BY RESPONDER | | | RESPONSE DATE: |
|---|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 4/20/10 | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # J. McKee 14067 | | 5/18/10 |

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: 6.4.10 | OFFENDER SIGNATURE/PRINT NAME & DOC # 59182 David Bryan |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

# STATE OF COLORADO

COLORADO DEPARTMENT OF CORRECTIONS

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4245
Fax:      719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievances
From:  Meghan A. Reed, Designee
         Office of the AIC (ADA Inmate Coordinator)
Received Grievance: 4/20/10
Sent Response: 5/ 24 /10
Offender Name:  **BRYAN, D.**
DOC No: 59182
Facility:  FLCF
Grievance No:  D-FL0910-088

**DISABILITY STATUS:** Per Accommodation Resolution signed 3/10/10, you have a mobility disability.

**In the grievance referenced above, you allege the following:**
1. You were moved from a 3-man cell with a toilet in LU5 to a 6-man ADA dormitory style cell/room in LU4.  FLCF is eliminating 27 ADA beds for LOP and other security bedding. You feel that this is in violation of the Montez Remedial Plan.

**Requested Relief/Remedy:**
1a.  Move you back to the same call from which you just came from.
2a.  You were seen by an orthopedic surgeon who recommended that you be housed "close to the chow-hall."

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**
1. Your transfer to a different cell and living unit was not in violation of the Montez Remedial Plan or the Americans with Disabilities Act.  Contrary to your belief, LU5 is a *general population unit* with the exception of the SMNU beds which you were *not* assigned.  It is a misconception that LU5 is only a "special medical" or "step-down medical" unit.  As a disabled offender, you are entitled to equal access which in this case includes a handicapped accessible cell and bathroom facilities; however, no offender is entitled to choose which cell in which they are housed.  Additionally, accessible bathroom facility does not mean "wet cell." Wet cells are only required in lock down situations which does not apply to you at this time.

2. In April, many offenders were transferred to different cells and living units based upon facility need.  As stated above, LU5 is a general population unit which is better equipped to house offenders on LOP/RP status.  Contrary to your belief, during this transition no

handicapped accessible cells were eliminated.  In fact, FLCF has more handicapped accessible cells than there are wheelchair-bound offenders, hence the reason why an ambulatory offender may be housed in one.

3.  You claim to have been seen by an orthopedic surgeon who recommended that you be housed "close to the chow-hall."  The AIC has no evidence of such a recommendation.  The AIC may provide a similar accommodation such as "additional time to arrive at destinations" if it is determined necessary.  If you would like formally request this accommodation, please submit a new Request for Accommodation form to the AIC with either the specialist's recommendation and/or other supporting information.

**CONCLUSION:**  This grievance and remedy requested is **denied** based on the information above.

**GRIEVANCE DENIED IN TOTAL**

Cc:    W. Grover, FLCF
       AIC File

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**RECEIVED**

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑ No ☐

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑ No ☐

**JUN 08 2010**

Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑ No ☐

Date received by case manager: 6/7/2010    Case Manager: MASTAS

**COPD/Grievances**
**Fort Lyon Correctional Facility**

Grievance Number D-FLC9/10-088    STEP (Circle One)   1 ②  3

LU-4 FLCF

| NAME Bryan, David | DOC NO. 59102 59182 | FACILITY/UNIT/POD |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy: **must move based on seniority for housing, & Dr.'s Orders Re. walking.**

Re: **Removal of ADA Bed from FLCF & Must**

DOC has the misguided idea regarding the issues, not I. I am correct in saying that I'm being wronged in the following way:
- I never suggested that that LU-5 nd. floor. Is not a special medical or step-down unit. I have been misquoted.
- M. Reed (ADA designee) Is attempting to put a spin on the facts of this grievance.
- My complaint is that I was placed in a 6 man room from a 3 man room which ignores my Inmate Seniority for a room with an equal number of inmates as that which I was in, Just like a non ADA inmate has. There are no ADA 1,2,3 man cells in LU-4.
- The plain face is that ADA cells are being eliminated... Just because there may be enough cells at this very moment is superfluous. The plaintiffs were told that there would be an exact number of cells for ADA inmates designed and which cells would be superfluous. Also, the acting AIC brings up the defendants produced a blue-print of exactly which beds would be designated and which cells would be designed. CDOC/ FLCF has reneged on the agreed blue-print for housing inmates. Also, the acting AIC brings up issues regarding "Wheelchair-bound offenders this Issue too is superfluous to my issues.
- I sent the AIC a copy of the Order by the Orthopedic Surgeon showing his recommendation to be housed close to the chowhall. This is further evidence that the AIC did not do a "thorough investigation". FLCF/ Security/housing is dictating to the medical staff where inmates are to be housed regardless as to their need.
- For this issue the amount of time to and from the chowhall is not the issue, it is the extra distance at issu dictating the amount of time to and from the chowhall; work out fair housing for LU-4 & 8 with regard

REMEDY: **Move me to an equal cell based on seniority & Dr.'s Orders; work out fair housing for LU-4 & 8 with regard to number of 1,2,3 & 4 man ADA cells; place ADA offenders in the same seniority system.**

| TO BE COMPLETED BY OFFENDER. | | |
|---|---|---|
| DATE: 6/7/10 | OFFENDER SIGNATURE David Bryan 59182 David Bryan | |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR. | | |
|---|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability | | |
| DATE: 6/8/10 | SIGNATURE/PRINT-NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # N Goldsberry N Goldsberry #1060 | |

Date ADA grievance sent to AIC: 6/9/10

**RESPONSE**

RECEIVED

**SEE ATTACHED RESPONSE**

**RECEIVED**

**JUL 23 2010**

JUN 14 2010

**COPD/Grievances**
**Fort Lyon Correctional Facility**

Office of Correctional
Legal Services

| TO BE COMPLETED BY RESPONDER. | | RESPONSE DATE: |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: 6/14/10 | RESPONDER: DOC EMPLOYEE, CONTRACT WORKER OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | 7-9-10 |

| TO BE COMPLETED BY OFFENDER. | | |
|---|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | |
| DATE: 7/28/10 | OFFENDER SIGNATURE/PRINT NAME & DOC # David Bryan 59182 David Bryan | |

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

# STATE OF COLORADO

**DEPARTMENT OF CORRECTIONS**
Deputy Director of Prisons
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone:    (719)226-4774
Fax:    (719)226-4775
Web:    www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

TO:    Offender David Bryan, #59182

FROM:    Lou Archuleta
Deputy Director of Prisons

DATE:    July 12, 2010

RE:    Step II ADA Grievance, D-FL09/10-088

I have reviewed the Step I Grievance that you submitted I have concluded that the response from the AIC was appropriate and you been afforded an opportunity to submit a request to review the additional accommodations.

Step II Grievance is Denied.

LA/gw

Page 1 of 1

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑  No ☐

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑  No ☐
Date received by case manager: 8/2/2010    Case Manager: Maestes

AUG 02 2010

COPD/Grievances
Fort Lyon Correctional Facility

**Grievance Number** D FL09/10-088    **STEP (Circle One)** 1  2  ③

| NAME Bryan, David | DOC NO. 59182 | FACILITY/UNIT/POD FLCF LU-4 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:
Re: Elimination of ADA Beds; no 1,2,3 man ADA beds in Lu-4; no seniority rights for ADA inmates regarding 1,2,3,&4 man rooms in Living Unit 4.

In the Step I Grievance Acting AIC Reed is distorting the facts regarding the elimination of ADA beds. The fact is that by eliminating ADA beds for LOP/RP; it has changed the number of beds in General Population and the overall total ACA Bead Count. She has attempted to justify this by saying "FLCF has more handicapped accessible cells than there are wheelchair-bound offenders". I'm not in a wheelchair but require an ADA bed none the less. Reed claims to have made a **"Thorough investigation into [your] allegations"** and denied my Grievance on 5/24/10, yet she then actually checked with FLCF on July 20 almost 1 month later and came up with distorted facts to attempt to justify her actions she previously imposed (by denying the grievance). The problem is that those facts are distorted or simply incorrect. See attached memo: Reed to Bryan 4/20/10; and response  Bryan to sReed July 30, 2010. Unfortunately Lou Archuleta/ Deputy Director rubber-stamped his Step II response without investigating anything himself. It is quite obvious that this issue is being fought by DOC in every manner. As for any further evidence I will only say that I will submit through King & Greison/ Orleans report the Blue print of the facility bed space (ADA beds agreed to) along with other related information that will be presented.
REMEDY: See Step I

**TO BE COMPLETED BY OFFENDER:**
DATE: 7/30/10   OFFENDER SIGNATURE: David Bryan 59182 David Bryan

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: Disability
DATE: 8/2/10   SIGNATURE/PRINT NAME AND DOC EMPLOYEE, CONTRACT WORKER OR VOLUNTEER ID # N Goldsberry N Goldsberry #10010

Date ADA grievance sent to AIC: 8/4/10

**RESPONSE**

| **TO BE COMPLETED BY RESPONDER** | | RESPONSE DATE: |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | |

| **TO BE COMPLETED BY OFFENDER** | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:  719.226.4236
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

# MEMORANDUM

TO:        Offender David Bryan #59182
           FLCF

FROM:      Meghan A. Reed, AIC Designee
           Office of the AIC-Legal Services

RE:        Memo dated 4/30/10

DATE:      July 20, 2010

**DISABILITY STATUS: Per accommodation resolution signed 3/10/10, you do have a mobility disability.**

I have received and reviewed the above-referenced letter and do apologize for my delay in responding.  All correspondence is being answered in the order of which it was received.

Your request to be moved back to Living Unit 5 was already responded to in step 1 ADA grievance D-FL0910-088.

You attached a copy of the written order from Dr. King dated 4/5/10 stating "please try to house pt. closer to food hall." These handwritten notes were not included in the doctor's typed notes to Clinical Services and Dr. King has no knowledge of the facility lay-out and distance involved, therefore it has been determined that his recommendation was based upon your request and is not necessary at this time.  In addition, building 4 is next door to building 5 where the chow hall is.  On 4/12/10, your work supervisor indicated that not only did you not complain of mobility issues to him, but that you were capable of pulling a 500 cart around the facility from building 401 to 7 to 8 to 4 and finally building 5.

Based on the information above, your request to be "housed closer to the food hall" is not a reasonable request and is **denied.**  This memo is the AIC's final response in this matter.

Thank you for your patience in my response.

*Received this Memo on 7/30/10 P.B.*

*See My response to this Memo by a letter to Reed dated 7/30/10*

cc:  Michelle Nelson;  W. Grover;  AIC file

TO:   Meghan A. Reed, AIC Designee
       Office of the AIC-Legal Services

FROM:  David Bryan 59182 / FLCF

RE:   Memo to Bryan dated 4/30/10

DATE:  July 30, 2010

I have received the above-referenced letter.

My request to be moved back to living Unit 5 did have in fact merit! Your office hastately made decisions regarding this issue without understanding the true facts. Your July 20, 2010 memo also proves this. Here are the true facts:

1. You claim that Dr. Kings order was only a "hand written note"! May i point out that DOC provided him with the official form #78 (2/93) used for the past 17 years. This form requires orders to be handwritten. They are not "notes but orders! Doctor Kings typed notes are reference to the condition of my knee and related information regarding surgery. They are not ORDERS. Dr. King dose know about the "facility lay-out" because I explained it to him. Just because I'm an inmate dose not mean I can't explain where buildings are.

2. The fact of the matter is that you must not know the lay-out of the buildings at FLCF. You state that building 5 is where the chow hall is; **again you are wrong.** The chow hall is located in building 6. You must first go completely through building 5 to get to building 6. Furthermore, building 4 is accessed by going outside of building 5 at an additional 3000 feet, which I am now subjected to several times a day!

3. You also asked my past supervisor about my ability to pull a cart. i have pulled work carts around the facility. What you failed to ask him was when... I have not pulled a cart like that for over 7 months. When I did I only steered the cart, with another inmate pushing. I'm capable of working and moving about the facility to a limited degree, however, when I'm forced to live in a living unit that is further than necessary, that becomes unfair. Why should I have to quit my job because DOC thinks that I should walk additional mileage for housing needs. I do have a limited amount of time i can be on my legs and walk.

4. Your office along with Miche Neison has done everything possible to deny me fair treatment, to the point of disregarding an Orthopedic Surgeons Order.

5. Moving me to Living Unit 4 was done out of shear vindictiveness on the part of DOC staff. I was told I was being moved due to facility need. My observation has been that over 15 non ADA offenders have been placed in ADA rooms in living unit 5 that don't meet the ADA requirements for the ADA beds they are in.

I would like to ask that you please re evaluate this issue. Thank you for your time.


XC:  file
     Judge Kane
     King & Greisen LLP

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☒ No ☐

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒ No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒ No ☐   ~~MAY 27 2010~~
Date received by case manager: _5-26-10_   Case Manager: _N. Jymne for CM_

Grievance Number _D-FLC9/10-093_   STEP (Circle One) ①  2  3

**COPD/Grievances
Fort Lyon Correctional Facility**

| NAME  David Bryan | DOC NO.  59182 | FACILITY/UNIT/POD FLCF/4-217 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

**NO STRAIGHT BACK CHAIR PROVIDED AS request.** On 5/26/10 I went to the Medical Clinic to have a blood withdraw. The three straight back chairs that use to be in the waiting room have been removed. **I asked the receptionist in the clinic for a straight back chair as provided in my Accommodation Resolution #13** "Access to a straight back chair in all areas of the facility,". She refused me a chair! She told me that I should 'File a Grievance'. This is the second time I have gone to the Medical and refused a chair in the waiting room. I have had to stand for well over ½hr. the first time and approximately twenty minutes the second time by the FLCF Clinical Staff along with Sgt. Jones. There is a bench in the room however there is no back to it, no hand rails, and it is not the proper ADA height.

**REMEDY:** Please comply with my ADA Accommodation Resolution #13 and provide a Straight Back chair when I come to sit in the waiting room..

| TO BE COMPLETED BY OFFENDER: | | |
|---|---|---|
| DATE _5/26/10_ | OFFENDER SIGNATURE _David Bryan_ | 59182 David Bryan |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: |
|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_ |

| DATE _5/29/10_ | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID#  _N Goldsberry  N Goldsberry #10610_ |
|---|---|

Date ADA grievance sent to AIC: _6/2/10_

RESPONSE
**RECEIVED**

**JUN 0 8 2010**

Office of Correctional
Legal Services

**SEE ATTACHED RESPONSE**

Julie Russell #5821
Office of Legal Services
AIC-ADA Inmate Coordinator
_7-20-10_

**RECEIVED**

**JUL 3 0 2010**

**COPD/Grievances
Fort Lyon Correctional Facility**

| TO BE COMPLETED BY RESPONDER | | RESPONSE DATE |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER _6/8/10_ | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID# _14007_ | _7/14/10_ |

| TO BE COMPLETED BY OFFENDER: |
|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. |

| DATE: _8.4.10_ | OFFENDER SIGNATURE/PRINT NAME & DOC #  _David Bryan  59182  David Bryan_ |
|---|---|

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Correctional Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone:   719.226.4245
Fax:     719.226.4249

Office of ADA Inmate Coordinator (AIC)

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

Response to Step 1 ADA Grievances
From:  Meghan A. Reed, Designee
       Office of the AIC-Legal Services
Received Grievance:  6/8/10
Sent Response:  7/21/10
Offender Name:  **BRYAN, D.**
DOC No:  59182
Facility:  FLCF
Grievance No:  D-FL0910-093

**DISABILITY STATUS:** Per Accommodation Resolution signed 3/10/10, you have a mobility disability.

**In the grievance referenced above, you allege the following:**
1. You were denied a straight back chair in the Clinical Services waiting room on 5/26/10 as those three chairs had been removed.  This accommodation is on your Accommodation Resolution.  There is a bench in the room however there is no back to it, no hand rails, and it is not the proper ADA height.

**Requested Relief/Remedy:**
1a.  Comply with your Accommodation Resolution #13 and provide a straight back chair when you come to sit in the waiting room.

**Following a thorough investigation into your allegations, I offer the following evidence that was considered in reaching a decision:**

1.  The free standing chairs in the waiting room became a security concern hence the reason they were removed.  The bench, which is flush against the wall, provides a reasonable alternative to the straight back chair and was determined to be adequate by the Health Services Administrator.

**CONCLUSION:**  This grievance is **denied** based on the information above.

**GRIEVANCE DENIED IN TOTAL**

cc:     AIC File

DC Form 850-04A (12/01/08)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☑  No ☐

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☑  No ☐

Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☑  No ☐

**AUG 05 2010**

Date received by case manager: _8/5/2010_   Case Manager: _Maestas_

Grievance Number  _D-FL09/10-093_          STEP (Circle One)   1  ②  3

COPD/Grievances
Fort Lyon Correctional Facility

NAME _Bryan, David_                  DOC NO.  _59182_          FACILITY/UNIT/POD  _FLCF-4_

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy (Be Specific):

NO STRAIGHT BACK CHAIR PROVIDED AS REQUESTED. Please read step 1 first! I submit the following analogy:

1. I was granted Accommodation Resolution #13 after years of being subjected to leaning against a wall in the chowhall at FCF for back support. It was suggested at that time it would be a "Security Concern" for a Straight Back Chair in the chow hall due to the fact that their were 200 men in the chowhall. Subsequently it was proved that this was not in accordance to the remedial plan & MY NEED FOR A "chair with a straight back". It was also determined that the chair was in fact not a security concern for me to use. At FLCF I'm provided a straight back chair in the gym, chowhall, cell or anywhere I am when working and need a chair for a break.

2. Fact - The Step 1 grievance was denied without justification due to "Security Concern[s]". It was not proven according to Section XI JUSTIFICATION. (Remedial Plan)

3. I believe Meghan Reed, Designee ADA, did not bother to investigate my need for the chair nor the history regarding chair (See past grievances).

4. The Chairs in question may have been removed for general use for all inmates, however, that should not effect the use or need for me.

5. The HSA hasn't the authority to determine my needs as she has stated this in past grievances (you can't have it both ways).

6. Some inmates need wheelchairs and they don't seem to be a security concern... why should my use of an armchair with a straight back be any different.

7. The bench dose not meet even basic ADA requirements as their are no handrails at all and beside that it doesn't meet my specific need.

8. I should not be subjected to leaning against a wall for back support and should have arm support.

TO BE COMPLETED BY OFFENDER   REMEDY - SAME AS STEP 1

DATE: _8-5-10_   OFFENDER SIGNATURE _David Bryan 59182 David Bryan_

**TO BE COMPLETED BY GRIEVANCE COORDINATOR:**

**RECEIPT:** I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_

DATE: _8/5/10_   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _N Goldsberry N Goldsberry #10610_

Date ADA grievance sent to AIC: _8/9/10_

RESPONSE

**SEE ATTACHED RESPONSE** _dated August 31, 2010._

RECEIVED

AUG 17 2010

Office of Correctional
Legal Services

**RECEIVED**

SEP 17 2010

COPD/Grievances
Fort Lyon Correctional Facility

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER _9/17/2010_ | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # _Joan M Phoennah #2695_ | RESPONSE DATE: _8-31-10_ |

| TO BE COMPLETED BY OFFENDER |
|---|
| **RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. |
| DATE _9-22-10_   OFFENDER SIGNATURE/PRINT NAME & DOC # _David Bryan 59182 David Bryan_ |

Original: Department File/AIC       Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

Page 1 of 1

DC Form 850-04A (12/01/08)

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

**OFFENDER MUST COMPLETE:** Is this grievance related to your disability/diabetes or other ADA matter? Yes ☐  No ☐

**RECEIVED**

**CASE MANAGER MUST COMPLETE:** Does the offender have an ADA alert? Yes ☒  No ☐
Is the subject related to the offender's disability/diabetic condition or other ADA matter? Yes ☒  No ☐
Date received by case manager: _9/24/2010_   Case Manager: _MAES505_

**SEP 27 2010**

Grievance Number _D-FL09/10-093_          STEP (Circle One)   1   2   ③

COPD/Grievances
Fort Lyon Correctional Facility

| NAME **David Bryan** | DOC NO. **59182** | FACILITY/UNIT/POD **FLCF-4** |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Meaningful Remedy:

**NO STRAIGHT BACK CHAIR PROVIDED AS REQUESTED.** Please read Step I&II Grievances first. Joan M. Shoemaker did not grasp the entire step II grievance. In her response she conveniently left out issue point #2. A security issue was not addressed nor any facts specific to the problem with having a straight back chair for my use. The core reason for removing the chairs was that the nurses wished to have the chairs placed in their brake room. She also did not even indicate an understanding as to why their is no problem with the same type of chair in the chow hall with over 200 inmates in the room. (no security issue their). She also did not refer to my point #7 The bench dose not meet even basic ADA requirements as their are no handrails at all... this is a safety issue for me as I would like a handrail for sitting down. My disability requires the use of a proper chair (with a straight back) as outlined in my accommodation. DOC should not randomly pick and choose when I should have access to the chair. The bench in question is not a proper replacement. I should not have to lean against a wall in place of a chair with a back on it. The DOC has failed to show any actual security risk. They have not given one example of a conflict regarding this issue nor is the bench provided safe for my use.

**REMEDY:** Please comply with my ADA Accommodation Resolution #13 and provide a Straight Back Chair when I come to sit in the waiting room.

| TO BE COMPLETED BY OFFENDER: | | |
|---|---|---|
| DATE: **9/24/10** | OFFENDER SIGNATURE _David Bryan, 59182 David Bryan_ | |

| TO BE COMPLETED BY GRIEVANCE COORDINATOR: |
|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: _Disability_ |
| DATE: **9/27/10** | SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # _N Goldsberry  N Goldsberry #10610_ |
| Date ADA grievance sent to AIC: **9/30/10** |

RESPONSE

**RECEIVED**

**OCT 0 1 2010**

Office of Correctional
Legal Services

| TO BE COMPLETED BY RESPONDER | | |
|---|---|---|
| DATE GRIEVANCE REC'D BY RESPONDER: | RESPONDER-DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE/PRINT NAME & ID # | RESPONSE DATE: |

| TO BE COMPLETED BY OFFENDER | |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC          Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:   719.226.4238
Fax:      719.226.4249

Step 3 Grievance Officer

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

November 10, 2010

RE: Grievance #D-FL09/10-093

Dear Mr. David Bryan #59182:

I have reviewed your Step 3 grievance that you filed with regard to straight back chairs.

In review of this matter it is my finding that the straight back chairs at FLCF presented a legitimate security concern and therefore the alternative of placing the bench against the wall was instituted.  By doing this, the wall becomes the substitute for the straight back part of the chair.  This action presents an acceptable substitution for the straight back chair, that was removed due to the existence of legitimate security issue.  Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied.  This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance which you have filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
      grievance file
      Tom Kolle, Offender records