IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil ACtion No. 92-N-870 (OES)
Consolidated for all purposes with Civil Action No. 96-N-389

JESSE MONTEZ, et. al.

      Plaintiffs,

-vs.-

BILL OWENS, et. al.

      Defendants.

RECEIVED FEB 12 2011

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 28 2011

GREGORY C. LANGHAM
CLERK

---

Claim Number 03-350
Category III
Claimant: **Charles R. Stroud**
Address for Claimant: CTCF, P.O. Box 1010, Canon City, CO. 81215-1010

---

**OBJECTION TO 10-1-10 ORDER OF DISMISSAL OF SPECIAL MASTER**
**(Amended Claim)**

---

    COMES NOW the Claimant, Charles R. Stroud, pro-se, who hereby respectfully objects to Special Masters 10-1-10 Order Of Dismissal and states the following several possible reasons as why:

    Claimant believes the Defendants are still in the "Compliance Period" which still allows Amended Claims under the 8-27-03 "Remedial Plan", XXXII, page 29, paragraph #5, "Damage claims must be filed within 90 days of receipt by the inmate of the Damage Claims Form. However, if a claim arises during the compliance period, then the inmate may amend his claim to request compensation for additional damages.", which if correct still leaves jurisdiction with this Court.

    Claimant has requested "additional (Amended) damages" all the way back to 4-7-08, when Claimant filed his Objection To Final Order (less than 90 days after the 1-14-08 Final Order Of Special Master). Pro-se Claimant also requested additional (Amended) damages on: 4-23-08, 10-6-08, 6-9-09, and 4-22-10. Surely the Court had jurisdiction at some if not all of these dates as it was still the Compliance Period. Pro-se Claimant didn't know how to properly name his requests for additional (Amended) damages on each of these dates, but he did request them.

    Pro-se Claimant is not sure of the proper legal phrase, title or term, (Quasi Contract, Implied-In-Law Contract, Implied -In-Fact Contract, Implied Contract, Unjust Enrichment), **but** when Defendant filed their "Response To Claim and Supporting Documents" (11-6-06) they listed several Exhibits as well as an Affidavit by their Expert Witness, "Doctor Orville G. Neufeld". These exhibits and affidavit stated in at least 22 locations that Claimant is provied with the following items: Soft Sided Rec. Shoes, Custom Boots, Mole Skin Dressings, DueDermDressings, Medical Lotion, Egg Crate Mattress, Wedge Pillow,Extra Blanket, Cane, etc.. **Because** Defendant listed these exhibits/items and stated they were providing these Medically Necessary

Items to Claimant, Claimant did not request these already offered-up items in his accomadation request.

Since the 1-14-08 "Final Order Of Special Master", Defendant has taken away, cancelled or stopped providing Claimant with <u>every</u> <u>one</u> of the previous mentioned Medically Necessary Items they stated they were providing to Claimant in Defendants "Response To Claim and Supporting Documents' (11-6-06), exhibits and affidavit, with the exception of the Medical Boots.

In Defendants 5-30-08 "Response To Claimant's Letter Of April 23, 2008 In Lieu Of A Motion To Clarification Of Final Order", page 2, #'s 7, 8 and 9, Defendant states there is no specific order in Special Master's Final Order related to anything other than a $500.00 award to Claimant. Yet Defendant saw at least part of the Inferred Obligations imposed by the Final Order Of Specila Master because Defendant goes on to state "Notwithstanding the lack of any specific award of special footwear to Claimant in the Final Order, Defendants are currently working on getting Mr. Stroud evaluated and fitted for custom footwear.", page 2, #9.

Defendant is doing everything in their power to cause Claimant problems with his: work, medical treatment, health, housing, recreation, spiritual worship, etc., in most every aspect of his incarceration. On two seperate occasions, different Medical Staff spoke privately with Claimant and stated he needed to back off his Montez actions or Medical would push to have Claim- and shipped to a different prison, thus Claimant would lose his Correctional Industries job where Claimant is receiving on the job training in Computer - Aided Design and Computer Operated Machinery which Claimant plans to use as his vocation after his release from prison.

January, 2010 Defendant came out with a new "Climical Standards and Procedures" regarding "Durable Medical Equipment". In this new standard Medical stated **without a Court Order**, Medical will no longer provide items they earlier entered into evidence to this Court (as Exhibits and an Affidavit) that they are providing to Claimant, i.e. Cane, Egg Crate Mattress, Wedge Pillow, Rehabilitative Foot Orthotics, Wound Care Productd, (such as DueDerm and Mole Skin Dressings). This again reflects a bait and switch tacit by Defendant.

Claimant does have the $500.00 award for damages in his Basic Savings Account at his bank. Other than that, Claimant is much worse off now with what all that has been taken away from him since he was ruled "Mobility Disabled" by Judge Davidson 1-14-08. Claimant is presently Discriminated against several times **more** (and at a higher cost to his body) than Claimant was prior to being ruled Mobility Disabled.

Claimant doesn't write so good or know the legal talk to get the right points out to the Court. Claimant <u>does</u> however keep exceptional records that Claimant can present to this Court to <u>prove</u> that since the 1-14-08 Final Order, Claimant is being discriminated against now more than ever, at times in what appears to be a very vindictive manner.

WHEREFORE, Claimant respectfully asks this Court to issue it's Order giving Claimant a hearing where Claimant can present papers and testimony proving Defendant is discriminating against Claimant much more than before, some cases being an easy to see vengeful discrimination even.

Dated January 20, 2011.

Respectfully submitted,

_____
Charles R. Stroud, Reg. No. 48629
Box 1010 - CTCF - CH#3
Canon City, Colorado 81215-1010


CERTIFICATE OF SERVICES

I hereby certify that I have mailed in the U.S. Mail a copy of the foregoing Objection To 10-1-10 Order Of Dismissal Of Special Master (Amended Claim) this 27 day of January, 2011, to the following:

King & Greisen, LLp
Attn: Paula Greisen
1670 York Street
Denver, Colorado 80206

_____
Charles R. Stroud, Reg. No. 48229

(3)