IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

      Defendants.

_____

Claim Number 03-130
Category III
Claimant: David Bryan, #59182
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

# ORDER OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on the letter and attachments submitted by Claimant David Bryan. *Document 4985*. Judge Kane has directed the Special Master to review and resolve *pro se* pleadings submitted by claimants. The Special Master has reviewed all documents submitted by Claimant.

      The thrust of Claimant's letter is two-fold. First, he expresses concern that the Ft. Lyon Correctional Facility (FLCF) is going to close. Claimant argues that closure of FLCF is a violation of the Remedial Plan and places severely disabled inmates in a position of facing non-complying facilities for their future incarceration.

      Second, Claimant alleges that his accommodations have been changed in violation of the Special Master's order and his accommodation resolution. Specifically, Claimant alleges that the restriction for cuffing his legs has been changed improperly or ignored. Claimant also raises other issues personal to his confinement.

      Judge Kane issued two orders on January 19, 2011 which have impact on Claimant's letter. This letter will be treated as a motion for relief. Copies of these two orders will be provided to Claimant. Judge Kane ruled, in part, as follows:

            1. I begin by reiterating the gist of the March 23, 2010 Order, which is that

the time for receiving and considering new, amended, or otherwise revised *pro se* claims for relief under §XXXII of the Montez Remedial Plan is over. Class members alleging new instances of disability discrimination or deliberate indifference to serious medical needs must proceed, as any other inmate whose disability-related claims arose after August 2003, in a separate and independent pro se action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Judge Kane goes on to hold that claimants who are alleging non-compliance with the final order of the Special Master may seek enforcement of that order. Jurisdiction in such cases is extremely limited.

Mr. Bryan's claim was adjudicated on February 7, 2007. Claimant prevailed on his claim, showing that he had been the victim of discrimination prohibited by the ADA. Claimant was awarded money, and that has been paid by Defendants. The Special Master did not order Defendants to provide Claimant with any medical items or other accommodations.

Judge Kane's order closes the door to any further individual *pro se* claims or motions by Claimant. The letter and attachments will be forwarded to class counsel for such action as may be deemed appropriate. Claimant is entitled to commence his own lawsuit for anything that has transpired since February, 2007.

IT IS HEREBY ORDERED that Claimant's letter and attachments will be treated as a motion for relief; and

IT IS FURTHER ORDERED that Claimant's motion is denied for lack of jurisdiction; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 9, 2011.**

SIGNED this 4th day of March, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master