IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

      Defendants.

_____

Claim Number 02-204
Category II
Claimant: Robert Jones, #63565
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

      THIS MATTER came before the Special Master for hearing on March 14, 2011 at the Limon Correctional Facility (LCF) in Limon, Colorado. Present were the following: Robert Jones (Claimant) and Deann Conroy, attorney for Defendants.

      Claimant testified in his case. Defendants called as a witness Dr. Gagandeep Singh, M.D. Defendants offered into evidence Exhibits A through G, and all were admitted. At the conclusion of the hearing, the Special Master took the case under advisement.

      Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. The claim was assigned to Category 2, and the claim was adjudicated solely on the written documents submitted by both sides. A final order was issued on January 9, 2006. The order states, in part, as follows:

> IT IS HEREBY ORDERED that the claim of Robert Jones is granted as to a permanent lower lower extremity mobility impairment; and within the next thirty days DOC is to provide Mr. Jones with either tennis shoes, boots or athletic shoes that follow the recommendations and address the concerns of the orthopedic specialists Claimant has seen; and
> IT IS FURTHER ORDERED that DOC cannot require Robert Jones to purchase any recommended shoe from the canteen; and
> IT IS FURTHER ORDERED that $100.00 be deposited into Claimant's

      account within on or before March 2, 2006.

There is no dispute that Claimant has received the $100.00 that was ordered paid to him.

      Claimant filed a letter that was treated as a motion. In the motion, Claimant alleged that he had not received replacement shoes and was experiencing problems.

      A hearing was set on the motion. Claimant testified that he was issued tennis shoes by Defendants after the final order was entered. Claimant testified that he cannot wear state boots because of the physical condition of his feet. There had been problems over the last few months in obtaining appropriate employment. He acknowledged that he had received his money as ordered by the Special Master.

      Claimant testified that he still has metal fragments in his foot from a shooting in the past. He has undergone surgery for his condition. He still is in a lot of pain and would like further surgery, if it would relieve the pain. Claimant testified that he had received replacement shoes after a brief delay of a few days. Claimant's case manager was able to intercede on his behalf.

      Dr. Singh was called as an expert witness by Defendants. He testified that Claimant had been shot in 1994 and had metal fragments in his feet. He was provided tennis shoes and had special boots. Claimant was referred to Denver Health Medical Center, but no further surgery was recommended.

      Claimant's motion is governed by Judge Kane's order of January 19, 2011. A copy will be provided to Claimant. In that order, Judge Kane held, in part, as follows:

> 2. However, given that category of individual Montez Class claims that the Special Master identifies as having been the subject of Final Orders favorable to an inmate but with which the inmate contends Defendants have not fully complied, I CLARIFY/MODIFY the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders. *This jurisdiction is extremely limited*. It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master or *to recommend the imposition of sanctions* for a failure to comply. (Emphasis in original).

Judge Kane has made clear there must be an egregious failure to comply with the final order of the Special Master.

      The evidence presented at the hearing reflects only a few days passed by before Claimant received new shoes. To the extent that the final order was not followed, any violation would be *de minimus*. Claimant's real concern is the pain that he is experiencing. That is beyond the jurisdiction

of the Special Master. The only thing that the Special Master can consider is whether or not the final order was complied with by Defendants. No basis has been presented that would warrant further action of the Court on this pending motion.

IT IS HEREBY ORDERED that Claimant's motion to compel compliance with the Final Order of the Special Master is dismissed; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before July 18, 2011.**

SIGNED this 15th day of April, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master