IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870 - EWN - OES

BOBBIE EUGENE PRUITT, IN THE INTEREST OF:
JESSE (JESUS) MONTEZ, et. al.,

   Plaintiffs, as representatives of themselves and all others similarly situated in this class action

v.

BILL OWENS, et. al.

   Defendants.

FILED
ORIGINAL
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 25 2011
GREGORY C. LANGHAM
                  CLERK

**OBJECTION TO DEFENDANT CLOSURE OF MONTEZ PLAN, SECT. VI - DESIGNATED FACILITY: FORT LYON CORRECTIONAL FACILITY (FLCF)**

   Appears here Bobbie Eugene Pruitt, in the interest of Plaintiffs, and submits his personal objection to closure of Montez Plan, Sect. VI - Designated Facility: Fort Lyon Correctional Facility, for grounds as follows:

   1. Defendant Owens, then 'Governor of the State of Colorado', between '2001-2003', commissioned FLCF as a Healthcare Provider to accommodate the medical needs of a variety of aging and disabled Offenders in compliance with the Montez Plan, Sect. VI - Designated Facilities as agreed to by the Montez Class and ORDER issued at Bench in this Honorable Court;

   2. The ORDER is in effect and enforced to the date of this filing.

   3. However, 'Governor Hickenlooper' is a successor to 'Governor Owens (Defendant)' bearing the status of primary Defendant in his place, and carries on the duty, and responsibilities as such to redress all relevant issues in this Class action, including, but not limited to, compliance to the Montez Plan, Sect. VI - Designated Facilities.

   4. Shortly after 'Governor Hickenlooper (Defendant)' took Office in '2011', he utilized Executive and Legislative Process to propose, debate, and vote on closure of FLCF as cost saving scheme to balance the '2011-2012 Fiscal Budget';

   5. The Legislature considered the FLCF issue on closure as contained within a 'budget balancing package', and in reliance upon a series of Hearings in which select testimonial and material evidence was heard and reviewed, debated and voted to close FLCF by 'March 1, 2012' to accomplish the above;

   6. 'Governor Hickenlooper (Defendant)' in 'May 2011' signed the 'budget balancing package' above, thus, approving closure and decommission of the Montez Plan, Sect. VI - Designated Facility: FLCF.

   7. Accordingly, Notice of Termination of Employment has been served upon many of the '204 Employees' of FLCF, and, the Class along with other Offenders are now subject to transfer to the remaining Montez Plan, Sect. VI - Designated Facilities, and beyond, without notice, to effect closure sooner than 'March 1, 2012' in this way.

   8. The out-of-court process above by 'Governor Hickenlooper (Defendant)', seems to have broken with Federal Judicial Process in this Class action which at Bench served to adjudicate issues of interests with respect to the function of both the parties in affording them a procedural process that was fundamentally fair and effective to accommodate the Healthcare needs of the Class, specifically the Montez Plan, including Sect. VI - Designated Facilities of which FLCF is an essential part.

   9. To the best of my knowledge and belief, 'Governor Hickenlooper (Defendant)' did not serve Notice of Intent to effect closure of FLCF subsequent to his approval, para. 6 above, upon this Court and Class;

   10. Accordingly, no hearing was set to address the issue within the Federal Judicial Process so long effected at Bench.

11. To the best of my knowledge and belief, no ORDER has issued at Bench to revise the Montez Plan, Sect. VI - Designated Facilities, to exclude FLCF as Healthcare Provider to Class Members.

12. Neither has 'Governor Hickenlooper (Defendant)' addressed the Feasibility for effecting equivalent crossover operations within remaining Montez Plan, Sect. VI - Designated Facilities: its projected costs; plan for ensuring that the Class is provided adequate and meaningful Healthcare by way of sufficient and competent Healthcare Professionals, including Nursing Staff; and that support services are also in place to meet that practice. He was not transparent or forthcoming here.

13. 'Governor Hickenlooper (Defendant)' is so doing seems to have circumvented Federal Judicial Process which in turn undermines ORDER(S) issued at Bench to implement and enforce the Montez Plan, Sect. VI - Designated Facilities of which FLCF is a part as said in para. 8 above.

14. On its Face, the out-of-court actions offend 'fundamental fairness';

15. Utilizing the State Government's Executive and Legislative Process with deliberation or inadvertently, the result of which would pick apart and render Federal Judicial Process of lesser effect pertaining to the Montez Plan, Sect. VI - Designated Facilities of which FLCF is a part, likely offends 'procedural due process', particularly whereas harms to the Healthcare rights of the Class are immediately and potentially apparent by such a breach of agreement. US Const., Amend. 5, 8, and 14.

. . . . . . .

16. It has long been held that 'procedural due process' guarantees procedural fairness where the government would deprive a person, or in this case the class, of a right to adequate and meaningful Healthcare effected by ORDER at Bench. And, that Notice and Fair hearing is required prior to the deprivation.

17. This court need not look far beyond this bright-line of federal citings, to reach opinions settling upon 'fundamental fairness', 'procedural due process', and the role the Court plays in determining the State Government's function in this case, as well as the interest or right effected by the State Government action above. 237 US 309; 302 US 319; 397 US 254, 262-263; inter alia.

18. While I am not in a position to plead that such out-of-court actions might rise to a level of contempt of court in one sense, I do hereby object as an Offender in this sense; It goes to shortage of Healthcare Professionals;

19. I am trained as an 'Offender Care Aid III' to assist Healthcare Professionals - Nurses, which includes 'everyday living assistance';

20. Depriving the Class of such a right to adequate and meaningful Healthcare in such a way, undermines 'everyday living assistance', Montez Plan, Sect. XIV as well. 'Everyday living assistance' is disrupted by these unsettling circumstances.

. . . . . . .

21. 'Governor Hickenlooper (Defendant)' seems to have effected a scheme or practice, the result of which harms the Montez Class in spite of any objection to it.

22. Never-the-less, I object to it all as represented above.

23. I suggest that a Motion For Injunction should issue at Bench;

24. Such a motion could allow matters above to be redressed through Federal Judicial Process;

25. Then, this Court could effect fair hearing required prior to further deprivation above, particularly closure of FLCF foreseen as 'March 1, 2012', or sooner as said in para. 7 above.

26. Done in good faith, under penalty of perjury. 28 USC § 1746, 18 USC § 1621.

WHEREFORE, I pray that this Court give fair weight to this objection in the interest of the Montez Class upon due consideration by all parties Counsel.

Date: May 23, 2011

Respectfully submitted

Bobbie Eugene Pruitt, 43468
Objector
Box 1000, Unit: 4-1-142A (CFLCF)
Ft. Lyon, Co. 81038

### Certificate of Mailing

I hereby declare (certify, verify, or state) that I duly placed a true and correct copy of the foregoing Objection To Defendant Closure of Montez Plan. Sect. VI - Designated Facility: Fort Lyon Correctional Facility in a sealed postage paid envelop, and deposited it in the United States Mail addressed to:

Paula Greisen, Esq.
King & Greisen, LLP
Attorneys at Law
1670 York Street
Denver, Co. 80206
(Counsel for the Plaintiff Class)

Elizabeth H. McCann, Esq.
Deputy Attorney General
Office of the Attorney General
1525 Sherman Street, 4th Fl.
Denver, Co. 80203
(Counsel for Defendants)

Date: May 23, 2011

(s) Bobbie Eugene Pruitt 43468
Declarant

-3-