92-cv-00870-JLK-OES

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 01 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. X-544

JOHN JAMES, DOC 4986
   Plaintiff,

v.

DEPARTMENT OF CORRECTIONS
MEDICAL DEPARTMENT; OFFICE OF THE ATTORNEY
GENERAL,
   Defendant.

PETITION OBJECTING TO ORDER MARCH 4th 2011 DISMISSING JOHN JAMES-CLAIM/LETTER/COMPLAINT/MOTION AND ATTACHMENTS RECIEVED BY THIS COURT FEBRUARY 25, 2011 - CLAIMING DENIAL OF DIABETIC MEDICAL TREATMENT/CARE

CLAIMANT/PETITIONER COMES BEFORE THIS HONORABLE COURT WITH OBJECTION TO THE DISMISSAL OF HIS REQUEST FILED FEBRUARY 25, 2011 ON THE FOLLOWING GROUNDS.

1. THAT CLAIMANT/PETITIONER HAS NO MEANS NOR OTHER SOURCES TO AID HIM IN HIS IMMEDIATE PLIGHT.

2. THAT CLAIMANT/PETITIONER FROM THE BEGINNING OF THIS INITIAL CIVIL ACTION JESSE MONTEZ, et al. PLAINTIFFS vs. JOHN HICKENLOOPER, et al. DEFENDANTS. FORMERLY (I THINK) MONTEZ v. OWENS, CIVIL ACTION; HAS BEEN DEPENDENT ON PRO BONO CLASS ACTION COUNSEL(S).

REASONS FOR NOT DISMISSING THIS
CLAIM WITHOUT COUNSEL(S) ASSISTANCE:

1.

(A) CLAIMANT/PETITIONER WAS NOT AWARE OF ANY CLAIMS OR OTHERWISE IN 1993 ALLEGING DISCRIMINATION AGAINST DEPARTMENT OF CORRECTIONS, UNTIL NOTIFIED BY AND OR THROUGH, (I THINK), SERVICE OF PAPERS/DOCUMENTS UPON HIM, (CLAIMANT/PETITIONER) FROM THE LAW FIRM OF KING & GREISEN, LLP., 1670 YORK STREET, DENVER, CO (80206).

(B) THEREFORE, THE PARTICIPATION AS A PARTY TO THE EVENTUAL FILING OF THE MONTEZ v. OWENS, CLASS ACTION INITIATED BY KING & GREISEN, LLP. LAW FIRM, AND THUS, SHOULD BEAR THE RESPONSIBILITY OF REPRESENTING CLAIMANT/PETITIONER AT THIS CRITICAL STAGE WHEREFORE THE CDOC HAS RENEGED ON THE MONTEZ REMEDIAL PLAN AND RELATED 2006 AND 2008 STIPULATION AGREEMENT. McNEIL v. GUTHRIE, 945 F.2d 1163 (10TH CIR. 1991).

(C.) THAT UNDER THE CIRCUMSTANCE, WHEREFORE CLAIMANT/PETITIONER LACKS THE REQUISITE LEGAL KNOWLEDGE TO DEFEND/REPRESENT HIMSELF TO ANY SUBSTANTIAL DEGREE IN A CIVIL ACTION/LITIGATION OF THIS MAGNITUDE, AND THE LAW FIRM KING & GREISEN, LLP OWES CLAIMANT/PETITIONER AT THE LEAST THOSE DUTIES AND OBLIGATIONS UNDER RULES OF PROFESSIONAL RESPONSIBILITIES FOR LAWYERS - RULE 1.1. CF PEOPLE v. POSLEY, 774 P.2d 239 (Colo. 1989). KING & GREISEN, LLP, LAW FIRM UNDERTOOK THE REPRESENTATION OF THIS ACTION ON BEHALF OF COLORADO DEPARTMENT OF CORRECTIONS INMATE(S), AND BEARS THE RESPONSIBILITY OF HANDLING THE LEGAL WORK - AND REPRESENTING CLAIMANT/PETITIONER IN COURT, AS IMPLIEDLY AGREED. SEE ANDERSON CALDER & LEMBKE v. DISTRICT COURT, 629 P.2d 603 (Colo. 1981). DR2-110; CODE OF PROF. RESP., RULE 1.2

(D.) THEREFORE, WHERE THE CLASS COUNSEL(S) HAS HANDLED EVERY LEGAL ASPECT OF THIS CLASS ACTION - CLAIMANT/PETITIONER IS DEPENDENT ON HIS ATTORNEY'S REPRESENTATION AS THE ORDER RE REP-

2

-ORT AND RECOMMENDATION OF SPECIAL MASTER (DOC. 3741) AND RELATED FILINGS, DATED MARCH 23, 2010 -- CLEARLY REQUIRES (MEMBERS OF THE MONTEZ CLASS SE--EKING TO ENFORCE CLASS-BASED PROVISIONS OF THE PLAN OR RELATED 2006 AND 2008 STIPULATIONS, OR CHALLENGE CDOC'S COMPLIANCE WITH ITS OBLIGATIONS UNDER THOSE COURT-APPROVED AGREEMENTS, MUST DO SO THROUGH CLASS COUNSEL). CIVIL ACTION NO. 92-CV-00870-JLK; ORDER RE REPORT AND RECOMMENDATION OF SPECIAL MASTER (DOC. 3741) AND RELATED FILINGS - ORDER MARCH 23, 2010 - PP. 3, PAR. 2, LNS. 4 IN PART. THRU LNS. 7 IN PART.

(E.) CLAIMANT/PETITIONER HAS ATTEMPTED TO CONTACT KING & GREISEN, LLP LAW FIRM ON THREE (3) OCCASIONS, BY WRITTEN CORRESPONDENCE(S), ALL TO NO-AVAIL, AND IS FORCED TO ATTEMPT TO MEET THE MAY 23rd 2011 COURT DEADLINE DATE FOR ANY OBJECTION TO THE DISMISSAL OF CLAIMANT'S/PETITIONER'S COMPLAINT FILED FEBRUA-RY 25, 2011. SEE ORDER OF DISMISSAL OF SPECIAL MASTER (CLAIM NO. X-544), MARCH 4th 2011. McNEIL v. GUTHRIE, SUPRA.

(F.) KING & GREISEN, LLP LAW FIRM HAS NEGLECTED TO HANDLE THE LEGAL MATTERS ENTRUSTED TO THAT LAW FIRM -- FOR WHICH CLAIMANT/PETITIONER HAS RELIED ON THAT FIRM WITH CONFIDENCE, AT TO HIS DETREMENT. SEE DISCIPLINARY RULE 6-101 (A)(3); AMERICAN BAR ASSOCIATION STANDARD 9.22 (a), 9.22 (c).

(G.) CLAIMANT/PETITIONER DOES NOT WISH TO BRING A NEW CLAIM, BUT RATHER WISHES TO HOLD CDOC LIABLE FOR NON-COMPLIANCE WITH THE SYSTEMIC INJUNCTIVE AND EQUITABLE RELIEF PROMISED IN THE ORIGINAL PLAN AND RELATED 2006 AND 2008 STIPULATIONS AGREEMENT, BY REQUIRING/REQUESTING MONETARY REMEDIES FOR NON COMPLIANCE, MONETARY RELIEF IN EXCESS OF $175,000.00, PUTTING CLAIMANT AT RISK.

(H.) AS THE COURT HAS BEEN PREVIOUSLY ADVISED, AND THE DOCUMENTS ATTACHED TO THE LETTER FILED 2-25-11 REQUESTING RELIEF, PROVIDED THE COURT WITH EVIDENCE OF VIOLATIONS OF THE STIPULATION AGREEMENT, IN ADDITION PROVIDING THE COURT WITH EVIDENCE CDOC WILL NOT PROVIDE CLAIM-

3

-ANT/PETITIONER WITH PHOTOCOPIES OF DOCUMENTS IN THE NATURE OF ADMI-
-NISTRATIVE BUSINESS/SUBSTANCE. SEE ATTACHMENT "B" PAGE 1 OF 1 (EXHIBIT A), AND
A AUXILIARY COPY SHEET, AS CLAIMANT/PETITIONER HAS ADD-
-ITIONAL EVIDENCE IN THIS EXACT NATURE TO SUPPORT HIS CLAIMS OF NON-
COMPLIANCE BY CDOC WITH, THE STIPULATION AGREEMENT SANCTIONS IN ORDER
OF MARCH 23, 2010 (I THINK)... INCLUDING THE 2006 AND 2008 RELATED STIPUL-
-ATIONS, AND CDOC'S OBLIGATION UNDER THOSE COURT-APPROVED AGREEMENTS.

(I.) CLAIMANT/PETITIONER ARGUES, THIS IS ONE (1) OF THE EXACT REASONS/
FACTORS UNDER TABRON v. GRACE, 6 F.3d 147, 153 AT 155-56, 157 N.5 (3rd CIR. 1993),
CLASS COUNSEL SHOULD BE REQUIRED TO REPRESENT CLAIMANT/PETITIONER, (THE
PETITIONER ABILITY TO PRESENT HIS OWN CASE), (THE COMPLEXITY OF THE LEG-
-AL ISSUES), (THE DEGREE TO WHICH FACTUAL INVESTIGATION WILL BE NE-
-CESSARY, AND ABILITY OF PETITIONER TO PURSUE SUCH INVESTIGATION);

(J.) THE COURT'S ORDER (APRIL 4, 2008) REQUIRING CLASS COUNSEL WRITE A LETTER
TO THE INMATES IN THE AIC DATA BASE;

  (a) BASED ON THE ATTORNEY-CLIENT PRIVILEGE PROTECTION, STIPUL-
  -ATED IN THE 4/4/08 ORDER;

  (b) OFFICIALLY CONCERNS CLASS COUNSEL OBLIGATION/RESPONSIBI-
  -LITIES/DUTIES TO CLASS MEMBER JOHN JAMES, WHOM IS IN
  THE AIC DATA BASS. SEE CODE OF PROF. RESP. RULES 1.1 AND 1.2;

  (c) THUS, IN THE APRIL 29, 2008 REQUIRED/COURT ORDERED LETTER,
  CLASS COUNSEL HAS ACKNOWLEDGED REPRESENTATION OF CLASS
  MEMBER, JOHN JAMES/CLAIMANT/PETITIONER, UPON SERVICE OF
  THAT LETTER; AND

  (d) IN ADDITION, P.2, OF THE LETTER, PAR.3, LNS.3 IN PART, THRU
  LNS. 4, IN PART, ADVISES NOTICE TO CLASS COUNSEL SHOULD
  BE GIVEN THERETO IN THE EVENT CDOC FAILS TO COMPLY

4

with any of the sanctions; for which Claimant/Petitioner has substantially designated the sanctions relating to Section 24 at page 5 of the April 29, 2008 Court Ordered Letter, and page 5 of 8, §25 of the April 4, 2008 Order by the Court, in Civil Action Number 92-CV-870-JLK-OES.

Therefore, Claimant/Petitioner, under these circumstances, that is, wherefore this claim is not a new claim, but rather a claim requiring monetary relief/awards for CDOC's failure to meet its obligations under the United States District Courts, District of Colorado, April 4, 2008, Civil Action No. 92-CV-870; Montez v. Owens, (Order) Stipulation Agreement Remedial Plan.

Claimant/Petitioner strongly objects to this Court's Order of March 4th 2011, Order of Dismissal of Special Master treating the Letter of Claimant/Petitioner (John James) as a new claim. Dismiss such.

Respectfully submitted this 22nd day of May 2011.

Pro-se John James #49264
P.O. Box 600-Unit H-C-208
Cañon City, CO (81215)

### CERTIFICATE OF SERVICE

Your affiant, I John James, hereby swear under penalty of perjury, 28 U.S.C.A. Title, Section 1746 and 18 U.S.C.A. Title, Section 1621 -- do certify that due to Colorado Department of Corrections and the Law Library's denial/refusal to photocopy any of John James's legal documents since January 4th 2011, because of the legal nature/character thereof (i.e.,) being civil in nature and John James' inability to pay for such photocopying services, have not served a copy of the within petition objecting to Order March 4th 2011 dismissing John James' Claim/Letter/Complaint/Motion and Attachments received by this Court February 25, 2011 - claiming denial of Diabetic Medical Treatment/Care, upon any of the parties required by Federal Rules of Civil Procedure; by placing such in the U.S. Mail postage prepaid from the Department of Corrections at P.O. Box 600-Unit H-C-208, Cañon City, CO or otherwise. That Claimant/Petitioner is unable to require a copy of such document for his own person. Your affiant further sayeth naught.
Dated: May 22nd 2011.

Pro-se John James #49264
P.O. Box 600-Unit H-C-208
Cañon City, CO (81215)

DC Form 750-01B (12/01/08)

**COLORADO DEPARTMENT OF CORRECTIONS**
**LEGAL ACCESS PROGRAM**
# PHOTOCOPY REQUEST FORM

LAST NAME:_____ FIRST INITIAL:_____ DOC #:_____

FACILITY:_____ UNIT/TIER/CELL:_____ DATE SUBMITTED: _____

LIST THE DATE OF ANY **COURT IMPOSED DEADLINE**:

A signed and completed miscellaneous withdrawal slip must accompany this request.
Please list each document to be copied on separate lines and include description, number of pages you are submitting, and number of copies you are requesting. Incomplete forms will be returned or denied.

| DESCRIPTION OF DOCUMENTS SUBMITTED | # PAGES SUBMITTED | # COPIES REQUESTED | # COPIES APPROVED |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

OFFENDER SIGNATURE **(REQUIRED)**

**DO NOT WRITE BELOW THIS LINE – OFFICIAL USE ONLY**

CHARGE TO ACCOUNT: $ _____
DATE RECEIVED AT SENDING FACILITY:_____ NUMBER OF PAGES RECEIVED: _____
DATE RECEIVED IN PROCESSING LAW LIBRARY: _____
NUMBER OF PAGES RECEIVED IN PROCESSING LAW LIBRARY: _____
DATE COMPLETED: _____
DOC EMPLOYEE/CLERK PHOTOCOPIER INITIALS: _____
     METER END:_____
MINUS  METER BEGIN: _____
     TOTAL COPIES:_____
MINUS  ADMINISTRATIVE COPIES:_____
     TOTAL COPIES TO OFFENDER:_____    DATE DENIED:_____

Your request has been **DENIED** _____ in whole _____ in part   for the following reasons:

_____ Your request form was not properly completed (Missing required signature, full cell location, facility, unit, tier, cell, DOC #, date, etc.)
_____ The material you have submitted does not meet program definitions of legal material, as described in AR 750-01.
_____ Your photocopy request exceeds the page limit established by the legal access program (see attached). Also see posted photocopy policies.
_____ Regardless of your ability to pay, you will be supplied only the required number of copies as dictated by court rule or statute. Your request is in excess of those requirements (see attached). Also see posted photocopy policies.
_____ You have not submitted the documents to be copied.
_____ You must submit a completed miscellaneous withdrawal ticket with your request, regardless of indigence status.
_____ Attachments/exhibits to a document must be submitted with the original document, even if the original is not being copied.
_____ Your account is in arrears for at least $500. See AR 750-01 for additional information.
_____ The legal access program will not copy ARs, OMs, or material ~~contained in the law library~~ ~~~~~~~~~~~~~~~~~~.
_____ The legal access program will not copy transcripts, incomplete documents, unsigned documents, altered documents, and/or blank forms.
_____ The legal access program will not copy non-original documents, previously-copied documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals; *except* as exhibits attached to an original pleading being filed with the court or attached to a letter to a judge or attorney of record. Your pleading **must** include a statement referring to the attached exhibits in order for them to be copied.
_____ You may bring your request into compliance and resubmit.
      Other_____

Attachment "B"
Page 1 of 1

(Exhibit A)