IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870-JLK

BOBBIE EUGENE PRUITT, IN THE MATTER OF:
JESSE MONTEZ, et. al.,
    Plaintiffs,

v.

JOHN HICKENLOOPER, et. al.,
    ~~Defendants.~~

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2011

GREGORY C. LANGHAM
CLERK

Original

IN THE MATTER OF: FRCP 53(6)(2) OBJECTION TO ORDER OF DISMISSAL OF SPECIAL MASTER

    Appears hereby Bobbie Eugene Pruitt to notify this court and counsel(s) as follows:

1. Claimant filed Objection (Doc. 5074), Letter (Doc. 5076) and Supplement To Objection (Doc. 5084): Claim No. X549 with the Special Master - Richard M. Borchers objecting to the Defendants' approved closure of Ft. Lyon Correctional Facility (FLCF) alleging non-compliance to the Montez Plan, Sect. VI - Designated Facility by Defendant's out-of-court action. It appeared to be violative of 'procedural due process' and court approved agreement in effect. This occurred subsequent to 'June 2010 - compliance hearings'. Such is immediately and potentially harmful to class members in all categories. Related Order(s) on this are:

    I. Order(s) re Report and Recommendation of Special Master (Doc. 3741) and Related Filings (March 23, 2010); and, Order re Report and Recommendation of Special Master (Doc. 4893) (January 19, 2011), issued by John L. Kane, Sr. Judge.

    II. Orders of Dismissal of Special Master (June 3, 2011) on Objection and (June 8, 2011) on Supplement To Objection by Richard M. Borchers, Special Master.

2. The Claim (Objective) does not allege an instance of 'disability discrimination', 'deliberate indifference to serious medical needs', or 'Sect. XXXII Damages', rather 'non-compliance to provision 'Sect. VI' of the court-approved agreement above as discussed therein and seeking injunctive relief therefore.

3. Claimant, Class Members, or counsel could not foresee Defendant's action above or perceive harms prior to the 'June 2010 - compliance hearings'.

4. It is understood, accepted, and appreciated that the order (Doc. 3741) effected upon the Special Master, was explicit with respect to the imposition of the April 30, 2010 - Deadline for filing all pro se claims, then apparent, for the specific purpose of effecting the 'June 2010 - Compliance hearings'. Expediting a Pre-trial conference and compliance hearing favored all parties in settling disputed issues at that time.

5. That the Order was necessary to preserve the litigation and improve the quality of care of all disabled inmates as relates to all Class categories of claims as identified within it;

6. That 'June 2010 - Compliance hearings' were essential to effect abeyance to then specified provisions of the Court-approved Montez Plan and Stipulations;

7. That any claims, motions, or other matters subsequently filed as apply to the Class pursuing enforcement of Class-based provisions of the Plan and Stipulations, or to challenge DOC's compliance with its obligations under those approved agreements, when discovered, must be processed through class counsel.

8. Claimant acknowledges that the Order (Doc. 4893), effected limited jurisdiction upon the Special Master to make 'recommendations' related to ordering Defendant to comply in some specific way with an existing 'final order' of the Special Master or 'the imposition of sanctions for a failure to comply with specified provisions of approved agreements'; and,

9. Dismiss claims, motions, and other matters not filed on or before 'April 30, 2010', unless and until otherwise ordered after the 'June 2010 - Compliance hearings'. This exception might then afford the Class an extended procedural process by which to redress and settle future disputed issues of a systemic nature with fundamental fairness in mind.

10. Nevertheless, the Claim (Objection) indicates that Class Members are harmed by Defendant's closure of FLCF without affording them notice and fair hearing on the matter, and in so doing undermined fundamental fairness and procedural due process long effected in this class action essential to developing, implementing and enforcing provision 'Sect. VI' of the Court-approved agreement. Ref.: Claim(Objection) para. 3-12 (Sect. VI issue), para. 13-17 (Constitutional issue);

-1-

11. It also suggests that this Court issue Motion For Injunction to stay or suspend closure at Bench until matters above are addressed and resolved through Federal Judicial Process affording the Class fair hearing required prior to further deprivation of rights. After all the Class has not agreed to closure, and therefore the Court has not approved it.

12. Owing to the urgent and important need for addressing and resolving such matters prior to further deprivation of rights and benefits of 'Sect. VI' of the Court approved agreement, Claimant was compelled to file the claim (Objection) without delay;

13. Not until Defendant Hickenlooper by his out-of-court action, officially approved closure of the Montez Plan, Sect. VI - Designated Facility: FLCF in 'May 2011' did this trigger non-compliance to this provision of the court approval agreement, harmful to Class members. Thus, non-compliance here occurred subsequent to any 'Sect. XXI Compliance and Monitoring Period to that date.

14. The Class Members could suffer irreparable harm, if the deprivation of rights and benefits provisioned in the Montez Plan and Stipulations are lost through closure of the 'Sect. VI - Designated Facility: FLCF', and escaping review, could repeat itself by way of Defendants' 'systematic' closure of many if not all 'Sect. VI - Designated Facilities'; and,

15. That with no cross-over operations in place to ensure adequate and meaningful healthcare, fall through the cracks only to suffer decompensation in health.

16. 'Everyday Living Assistance' is increasingly disrupted by this unsettling circumstance, Montez Plan, Sect. XIV.

17. Claim (Objection) could not be filed on or before 'April 30, 2010' for reasons established above.

18. It would have been impossible for each Class member to perceive Defendant's non-compliance and harms in the absence of notice and fair hearing on matters above; and,

19. That it would have been impossible if not impractical for each and every class member to pursue a new and separate claim to enforce adherence to 'Sect. VI'.

20. However, Class Members seeking to enforce class-based provisions of 'Sect. VI', or challenge DOC's compliance with its obligation under court-approved agreements above, might be possible and practical, whereas Claim (Objection) is ordered by this Court to go forward as pre-processed to Class Counsel as established within Certificate of Mailing (May 23, 2011), exception, para. 9 above.

21. The Order (June 3, 2011) of the Special Master, ruled that the Claim (Objection) was not filed on or before 'April 30, 2010'; therefore had no jurisdiction over it; Further, ruled in light of Claimant being precluded from filing and hearing on this then:

22. That copies are provided to Class Counsel for such action as may be deemed appropriate regarding the systemic issues as relates to closure of FLCF;

23. That Claimant, Defendants, and Class Counsel are advised that they may file an Objection to the order pursuant to FRCP 53(g)(2) to be filed with this Court on or before August 22, 2011.

24. Thus, the Order of the Special Master would seem to have assigned the Claim (Objection) to Class Counsel for such action deemed appropriate.

25. Drawing on these Order(s), it seems reasonable to believe that this Court has jurisdiction to treat this notification as it deems appropriate, merely as an advisement, Objection pursuant to FRCP 53(g)(2), and/or request to proceed by and thru Class Counsel under the 'exception' subsequent to order (Doc. 3741), also noting that judicial scrutiny is warranted on the Constitutional issue raised in Claim (Objection).

26. Whereas Counsel(s) are duly apprised on these matters, the Court may better be served by issuance of order to them to show cause why the claim (Objection) should or should not proceed to hearing to address and resolve the matters therein, including whether to effect Motion For Injunction to preserve Class interests.

27. Done in good faith, under penalty of perjury. 28 USC §1746. 18 USC §1621.

-2-

WHEREFORE, Claimant prays that this Court give fair weight to this filing and treat it as deemed appropriate, and take such other action as better serves this Court to settle matters above.

Date: 6.27.11

Respectfully submitted

Bobbie Eugene Pruitt 43468
Claimant
Box 1010; Unit: 7.2.L.1 (CTCF)
Canon City, Co. 81215

### Certificate of Mailing

I hereby certify that I have duly placed a true and correct copy of the foregoing legal document - In The Matter of: FRCP 53 (a)(2) Objection To Order of Dismissal of Special Master in a sealed postage paid envelop, and deposited it in the United States mail addressed to:

Paula Greisen, Esq.
King & Greisen, LLP
Attorneys at Law
1670 York St.
Denver, Co. 80206

(Counsel for the Plaintiff Class)

James Quinn
Office of the Attorney General
1525 Sherman St., 5th Fl.
Denver, Co. 80203

(Counsel for Defendants)

Date: 6.27.11

(S) Bobbie Eugene Pruitt 43468
Claimant

-3-