IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOOPER, et al.

      Defendants.

_____

Claim Number 03-445
Category III
Claimant: Raymond Goodloe, #51437
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, CO 81038-1000

_____

### REPORT AND RECOMMENDATION OF SPECIAL MASTER
_____

      THIS MATTER came before the Special Master for hearing on June 13, 2011 at the Ft. Lyon Correctional Facility (FLCF) at Ft. Lyon, Colorado. This hearing was held by the Special Master on the order of Judge Kane, dated January 19, 2011. (*Doc. 4961*). In that order, Judge Kane sustained the objection of Claimant and ruled that there is jurisdiction for the Special Master to consider Claimant's motion that DOC is not complying with the order issued in March 2009.

      At the hearing on June 13, 2011, Claimant testified in his own behalf. Defendants called Dr. Thomas Fisher, M.D. as an expert witness. Defendants offered into evidence Exhibits A through W, and all were admitted. After closing arguments, the case was taken under advisement.

      Claimant was placed initially into DOC custody on March 14, 1984. He was released to probation on May 4, 1984. Claimant returned to DOC custody on July 1, 1988. Claimant was placed at various DOC facilities, as well community placements. Claimant discharged his sentence on November 10, 1992.

      Claimant returned to DOC custody on a new sentence on October 14,1994. He was placed initially at the Denver Reception and Diagnostic Center (DRDC). On November 14, 1994, he was transferred to the Buena Vista Correctional Facility (BVCF) in Buena Vista, Colorado. On March 11, 1996, Claimant was moved to the Centennial Correctional Facility (CCF) in Canon City, Colorado. On March 12, 1997, Claimant was placed at the Four Mile Correctional Complex (FMCC)

in Canon City. Claimant was released on parole on March 5, 1998. His parole was revoked in February, 1999, and Claimant returned to DOC custody. Claimant was placed in several DOC facilities until he was placed into a community corrections program. Claimant absconded from that program and was returned to DOC custody.

Claimant was placed then at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Claimant went back out on parole on May 30, 2001. Parole failed and Claimant returned to DOC custody on May 10, 2002. On June 27, 2002, Claimant was returned to SCF. Parole was granted again on August 5, 2002. Claimant came back into DOC custody on December 6, 2002. Claimant was transferred to FLCF on January 27, 2003. Claimant discharged this sentence on July 17, 2003.

Claimant returned to DOC custody on January 31, 2006. He was evaluated at DRDC and transferred to BVCF. Claimant was then moved to FLCF on August 17, 2006. On July 11, 2007, Claimant was transferred to the Arkansas Valley Correctional Facility (AVCF) at Crowley, Colorado. He then was placed at the Bent County Correctional Facility (BCCF) in Las Animas, Colorado on August 7, 2008. He remained at BCCF until his return to FLCF on March 19, 2009. He remains at FLCF at the writing of this Report and Recommendation.[1]

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant checked the box for mobility impairment. The claim was assigned to Category III and set for a hearing. The hearing took place on December 29, 2008 at BCCF in Las Animas, Colorado. At the conclusion of the hearing, the Special Master took the case under advisement.

The Special Master issued the final order on March 2, 2009. *Defendants' Exhibit C*. The Special Master noted as follows:

> There is no question that Claimant suffered a major crush injury to his ankle in 1993. An evaluation by Dr. Jacob Patterson in August 1995 noted that the right ankle had post-traumatic and degenerative changes. He recommended soft soled shows. A follow-up evaluation in September 1996 reflected that Claimant had degenerative joint disease. A 1997 evaluation by Dr. Thomas Eskestrand found post-traumatic arthritis in the right ankle. Dr. Eskestrand noted that Claimant was unable to run at all or walk more than one mile. A recommendation was made at that time for a lace up ankle support and surgery to fuse the ankle. The evidence presented by both sides confirms that Claimant did have a significant injury to his right ankle that continues to cause daily problems for him.

The Special Master determined that Claimant was mobility impaired on or before August 27, 2003.

The Special Master also found that Claimant was the victim of discrimination prohibited by

---

[1] FLCF is set to close in March 2012. The facility will cease to be used as a state correctional facility. Claimant has a mandatory release date in February 2012.

the ADA and Rehabilitation Act. The Special Master ruled, in part, as follows:

> Claimant has established a pattern of conduct that is troublesome. Dr. Patterson, Dr. Eskestrand, and other medical providers have recommended soft soled shoes and a lace ankle support. Claimant notes that he had soft soled shoes shipped to him in 1994, because they would provide support for his ankle. The shoes were not allowed because of a security concern which has been undisclosed in testimony or exhibits. Claimant did attempt to follow the recommendations of the physicians and provide his own footwear. No evidence has been presented by either side that reflects Claimant was ever granted permission to receive his own soft soled footwear.
> Claimant has spent several periods of time in DOC custody. He testified that he attempted to obtain appropriate shoes from outside the department, but that was denied. The early recommendations were not followed by DOC staff. No reasons have been presented to indicate why the recommendations of Dr. Patterson and Dr. Eskestrand were ignored. The Special Master will not presume that any valid reason existed for not allowing soft soled shoes. Just because a security issue is raised does not mean that it has any validity or that it is anything more than a pretext to deny appropriate care.

The Special Master granted the claim and ordered as follows:

> IT IS HEREBY ORDERED that the claim of Raymond D. Goodloe is granted to the extent noted, and Claimant is to be compensated in the amount of $300.00 and to be provided appropriate soft soled shoes and an ankle brace while in DOC custody...

Within a short period, Claimant contacted the Office of the Special Master alleging that he had not received an appropriate brace and soft soled shoes. A hearing was held at FLCF on October 30, 2009. Claimant testified that the brace and shoes provided by DOC were not appropriate. Defendants maintained that the shoes and brace provided were appropriate.[2]

In an attempt to determine if the brace and shoes were appropriate, the Special Master entered an order directing DOC to have Claimant examined by an orthopedic specialist or podiatrist. Once that expert made a determination regarding the appropriateness of the provided shoes and brace, then the issue would be resolved. Defendants filed an objection to this order. Judge Kane ruled on the objection on February 10, 2010 and set aside the order requiring an examination by an orthopedic specialist or podiatrist. Claimant was not in attendance at that hearing, either in person or by telephone.

Claimant filed another motion seeking relief. This motion was denied by the Special Master

---

[2] There is no dispute that Claimant received the $300.00 that was awarded by the Special Master.

on May 21, 2010. Claimant then filed a motion for status review hearing. On December 10, 2010, the motion was denied for lack of jurisdiction.

In response to the order of December 10, 2010, Claimant filed an objection with the Court. On January 19, 2011, Judge Kane ruled on the objection and held that limited jurisdiction exists to determine if DOC has complied with the previously entered order of the Special Master.

> With respect to his claims that the DOC continues to ignore or to fail to comply with the Special Master's March 9, 2009 Final Order, I incorporate by reference my January 19, 2011 ORDER re REPORT AND RECOMMENDATION OF SPECIAL MASTER, which will be will be sent to Mr. Goodloe simultaneously with this Order, which clarifies that the Special Master retains certain *limited* jurisdiction under my March 23, 2010 Order to receive and consider motions to enforce existing Final Orders for relief issued in an inmate's favor under §XXXII of the Montez Remedial Plan. The jurisdiction is limited to considering whether such motions support a Recommendation, to be issued on the Special Master's own motion, that Defendants be ordered specifically to comply with an aspect of the Final Order, or be sanctioned for any ongoing failure to comply. If an inmate's motion would not support such a recommendation, the Special Master should reject it for lack of jurisdiction for the reasons set forth in my March 23, 2010 Order.

This order granted limited jurisdiction to the Special Master to review Claimant's allegations that Defendants have not complied with the final order of March 6, 2009.

The hearing on June 13, 2011 dealt only with the issue of whether or not Defendants had complied with the final order of the Special Master. There is no dispute that Claimant received the $300 for damages. There is also no dispute that Claimant received in 2009 a pair of soft soled tennis shoes and an ankle brace. The soft soled shoes had Velcro straps. *Exhibit J*. There was no evidence presented by Defendants that these shoes were anything more than off the shelf footwear. The ankle brace was described as appropriate by DOC medical staff. *Exhibit J(2)*.

The only issue remaining is whether the shoes and ankle brace are appropriate. Defendants argue that both are appropriate because DOC medical staff have said they are appropriate. It should be noted that Dr. Wermers was not presented as a witness at the hearing, even though he performed what was called an examination in response to Judge Kane's order. Claimant described the examination as cursory.

All claimants are at a serious disadvantage when trying to show non-compliance with a final order. Claimants lack any ability to subpoena witnesses or to have independent examinations by outside professionals. Indeed, the previous order of this Special Master for an evaluation by an orthopedic specialist or podiatrist was objected to by Defendants and set aside by Judge Kane. The end result was another hearing and no resolution of the issue of appropriateness of the shoes and brace.

In this case, the evidence reflects that the soft soled shoes provided to Claimant were simply normal shoes that were available on the open market. Insufficient evidence was presented to convince the Special Master that the shoes were truly determined to be appropriate. The same can be said concerning the brace.

This case has an interesting twist to it. Claimant testified at the hearing that he would be willing to pay for appropriate shoes and a brace. Claimant has attempted to obtain appropriate footwear and braces for years. His requests have always been denied. Security issues have been generically raised by Defendants, but without any evidence to back up the allegation. Throughout all of the hearings held pursuant to Article XXXII of the Remedial Plan there has been a dearth of evidence to support alleged security issues. No such evidence has been presented as to this claim.

Claimant is willing to pay for his own shoes and brace. The easiest way to resolve the issue of appropriateness of his shoes and brace is to allow Claimant to secure both at his own expense. Defendants can take the steps necessary to screen both the shoes and brace when they arrive. Claimant's complaint will be resolved and rendered moot.

IT IS HEREBY RECOMMENDED that Claimant be allowed to secure appropriate boots and an ankle brace at his own expense; and

IT IS FURTHER RECOMMENDED that Defendants be given the opportunity to examine the shoes and brace to determine if any real security issue exists and to be given the opportunity to file a written statement with the Court as to what that security issue may be; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Report and Recommendation pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 29, 2011.**

SIGNED this 1st day of July, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master