Original
FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 8 2011

GREGORY C. LANGHAM
                                        CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870 - JLK
BOBBIE EUGENE PRUITT, IN THE MATTER OF:

JESSE MONTEZ, et. al.,
    Plaintiffs,
v.
JOHN HICKENLOOPER, et. al.,
    Defendants.

**NOTICE ON STANDING; AFFIDAVIT ON OFFENDER CARE AID (OCA) III STATUS APPLICABLE TO MONTEZ PLAN, SECT. XIV - EVERYDAY LIVING ASSISTANCE; CERTIFICATE OF MAILING**

Appears hereby Bobbie Eugene Pruitt, Claimant to notify this court and Counsel(s) on standing to challenge the conduct of Defendant in this judicial forum, and states the following:

1. Claimant has filed legal papers in this judicial forum described below:
   I. Objection To Defendant Closure of Montez Plan., Sect. VI - Designated Facility: Fort Lyon Correctional Facility (FLCF) (May 23, 2011);
   II. In The Matter of: FRCP 53(g)(2) Objection To Order of Dismissal of Special Master (6.24.11).

2. Herewith, Claimant files the Affidavit captioned-above in which he establishes that he is a designated OCA III, and serving in that capacity to provide 'Everyday Living Assistance' to disabled inmates, including Montez Class in standing and compliance with Sect. XIV;

3. Claimant indicates in Objection, the nature of issues raised therein giving rise to the controversy associated with Defendant conduct bearing upon closure of the Sect. VI facility (FLCF), manifesting harm to the Montez Class through deprivation of rights and loss of benefits discussed therein.

4. Claimant indicates in Affidavit that whereas 'Everyday Living Assistance' defined in Sect. XIV is disrupted or undermined by contributing factors raised in Objection, it is equally harmful to disabled inmates to which he is assigned, and him personally;

5. The legal and approved process provisioned in Sect. XIV and services form the nexus for accommodation of care aid; Defendant conduct is frustrating and impeding this process.

6. Claimant serving in an OCA III capacity as shown and stated in the Affidavit represents an integral, essential and inseparable part of 'Everyday Living Assistance', predicated to accommodate healthcare requirements of disabled inmates in placement at Sect. VI Facilities, to which he is assigned in standing and compliance with Sect. XIV accordingly.

7. Thus, Claimant believes and asserts that standing to effect 'Everyday Living Assistance' as an OCA III manifests in Sect. XIV of the court-approved agreement above;

8. Further, believes and asserts that there is a nexus (clear, direct connection; core; link) between his OCA III - Sect. XIV status, and the nature of issues raised in Objection above harmful to the disabled inmate and Claimant personally as to indicate his personal stake in the outcome of the controversy. 418 US 208, 237 citing 369 US 186, 204; inter alia.

9. Thus, Claimant contends that he has standing manifested by way of his OCA III - Sect. XIV status to challenge the conduct of Defendant in this judicial forum.

10. Done in good faith, under penalty of perjury. 28 USC § 1746. 18 USC § 1621.

WHEREFORE, Claimant prays that this court give fair weight to this notification, treat it as it deems appropriate, and take such other action as best serves this Court to address and settle all associated matters above.

Date: 7.06.11

Respectively submitted
Bobbie Eugene Pruitt 43468
                Claimant
Box 1010, Unit: 7-2-L-1 (CTCF)
Canon City, Co. 81215

---

**AFFIDAVIT**

---

State of Colorado }
County of Fremont } ss:

Appears hereby Claimant/Affiant-Bobbie Eugene Pruitt, being legally competent and of lawful age, and shows and states:

1. Upon being professionally provided appropriate training by Nurse _____ Garcia, OCA III career

-1-

and Technical Education Instructor (FLCF) to assist inmates with disabilities with the performance of everyday living as provisioned under the Montez Plan, Sect. XIV - Everyday Living Assistance; I am designated as an Offender Care Aid (OCA) III. Certificate of Completion (2-18-11). Attachment A (Retained Subject to FRE 1006).

2. Between February 18 - June 9, 2011, I served in the capacity of an OCA I-II at FLCF to assist disabled inmates, including Montez Class Members, with 'Everyday Living Assistance', as it was essential to that facility's care aid needs consistent and compliant with Sect. XIV, and there was a serious shortage of OCA(s) at that Sect. VI facility.

3. Due to increasing shortages of Professional Healthcare Staff, including Nursing Staff, OCA III(s) are in demand to provide required 'Everyday Living Assistance' to disabled inmates, including Montez Class Members; Such shortage and demand runs throughout the DOC, particularly Sect. VI facilities.

4. However, on June 9, 2011, I was laterally transferred from FLCF to CTCF to meet an essential facility need to provide required 'Everyday Living Assistance' for its increasing population of disabled inmates.

5. From June 10, 2011 to date, I have served in the capacity of an OCA III at the CTCF Infirmary to assist disabled inmates of 'Hospice Status' and all such others as directed by available Nursing Staff. CTCF is a Sect. VI facility accommodating services to that effect.

6. I believe and assert that I have a legal and moral duty and obligation to serve disabled inmates in these capacities, as a duly designated inmate - OCA III.

7. That this forms a process for effecting accommodation of care aid provisioned and predicated under Sect. XIV, as has been implemented and enforced throughout extended compliance periods.

8. That I represent an intregal, essential, and inseparable link of 'Everyday Living Assistance' for disabled inmates which require care aid within Sect. VI Facilities;

9. In fact, I am subject to placement in any number of other Sect. VI facilities and assigned to one or any number of disabled inmates to meet required care aid needs therein.

10. To the best of my knowledge and belief, standing to effect 'Everyday Living Assistance' in the capacity as an OCA I-II-III manifests in Sect. XIV of the court-approved agreement.

11. I believe and assert that these OCA services are disrupted or undermined by contributing factors discussed in Objection (May 23, 2011); It is equally harmful to the disabled inmate, and me personally, as we both are deprived the right and benefit of accommodation of care aid with respect to Sect. XIV faced with closure of Sect. VI facility - FLCF and its destablizing and damaging effect.

12. Required 'Everyday Living Assistance' is impeded and frustrated by the effect created above. It's harmful to disabled inmates, and me their OCA III - Sect. XIV, thus, designated to help provide them care aid.

13. It's hard to comply with the Sect. XIV mandate under such unsettling circumstances which I believe are the clear and direct consequence of the conduct of Defendant.

14. Done in good faith, under penalty of perjury, 28 USC § 1746, 18 USC § 1621.

Further Claimant/Affiant sayeth naught.

Date: 7-06-11

(s) Bobbie Eugene Pruitt 43468
Claimant/Affiant

---

Certificate of Mailing

I hereby certify that I have duly placed a true and correct copy of the foregoing Notice On Standing; Affidavit On Offender Care Aid (OCA) III Status Applicable To Montez Plan, Sect. XIV - Everyday Living Assistance; ... in a sealed postage paid envelop, and deposited it in the US Mail addressed to:

Paula Greisen, Esq.
King & Greisen, LLP
Attorneys at Law
1670 York St.
Denver, Co. 80206
(Counsel for Plaintiff Class)
Date: 7-06-11

James Quinn
Office of the Attorney General
1525 Sherman St., 5th Fl.
Denver, Co. 80203

(Counsel for Defendants)
(s) Bobbie Eugene Pruitt 43468
Claimant

-2-