IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

      Defendants.

---

Claim Number 01-092
Category: I
Claimant: James Rudnick, #68432
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on June 20, 2011. This hearing was held at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Present were the following: James Rudnick (Claimant); Jacquelyn Rich Fredericks, attorney for Defendants; and Dr. Gagandeep Singh, M.D.

Claimant testified during his case in chief. Claimant also presented Lt. Bernadette Scott. Defendants called as an expert witness Dr. Singh. Defendants also offered into evidence Exhibits A through O. After the conclusion of closing arguments, the Special Master took the case under advisement. Further argument will be waived.

### I.

Claimant came into DOC custody on June 30, 1992. He was placed into the Denver Reception and Diagnostic Center (DRDC). On August 17, 1992, Claimant was transferred to the Limon Correctional Facility (LCF). He then was moved to SCF on July 29, 2010.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. His claim was assigned to Category I. Claimant was allowed to submit documentation in support of his claims. Defendants were granted the opportunity to respond to the claim. No hearing was held on the underlying claim, as Category I claims were to be resolved without a hearing.

The Special Master issued his final order on September 27, 2005. *Doc.1133*. The Special Master determined that Claimant was not vision impaired, but had a mobility impairment. The Special Master further determined that Claimant had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. The Special Master ruled, in part, as follows:

> Defendants' conduct harmed the Claimant. The Special Master finds that the appropriate remedy is to provide Claimant with medical assistive devices recommended by DOC to address Claimant's permanent lower mobility impairment.

Based up the finding that discrimination had occurred, the Special Master directed DOC to provide various items to Claimant.

> IT IS FURTHER ORDERED that the claim of James Rudnick is granted as to permanent extremity mobility impairment and within the next thirty days DOC is to provide Mr. Rudnick with the following: a medical mattress; a heating pad; boots that fit his feet; custom made orthotics, not the orthotics or insoles that can be purchased in the canteen; and a chair and an adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities.

No monetary compensation was awarded to Claimant.

On November 24, 2010, the Special Master received a letter from Claimant which alleged that he was having trouble getting replacement boots. He alleged further that his employment in the kitchen led to his boots being soaked with water. An order was issued on December 1, 2010 requesting responses from Defendants and class counsel concerning what jurisdiction, if any, existed over Claimant's request for Court intervention.

Judge Kane issued an order on January 19, 2011 in which he held that limited jurisdiction exists for the Special Master to determine if the final order on a claim has been complied with by Defendants. The Special Master has been directed to issue a report and recommendation if Defendants have not complied with the substance of the final order.

Based upon Judge Kane's order, a hearing was set on Claimant's motion. That hearing was held on June 20, 2011 at SCF. Claimant testified concerning what had transpired since September 27, 2005. Claimant testified that he eventually received everything that had been ordered. He did not have a medical mattress at the present time, as he was living in the honor pod which had special mattresses. He had a heating pad, custom orthotics, and a stool. He had been provided a new chair but chose not to use it as it was too big for his cell.

Claimant's main issue concerned his boots. He testified that he has worked in the kitchen at SCF and at LCF. As a result, his boots get soaking wet. The shoes then deteriorate and fall apart, requiring a replacement pair of boots. He testified that in March 2010 he had made a request for replacement boots that fit his feet. It took until August 2010 before DOC headquarters approved the request and acknowledged that there was a duty to replace the boots if they were worn out. Claimant stated that he received his new boots on April 12, 2011.

Claimant further testified that he needed another pair of boots or soft-soled shoes as a back-up. He stated that he needed to allow his boots to dry out in order to continue to use them. Claimant testified that the "delay needs to be fixed."

## II.

Claimant's motion comes down to a determination of whether the delay in receiving replacement boots was too long. Claimant has received everything that was ordered on September 27, 2005. Claimant had no complaints about replacement items, save for the boots.

The Special Master finds that a delay in obtaining replacement boots for Claimant of thirteen plus months is unacceptable. Anything in excess of sixty days would be presumptively unacceptable. The Special Master finds further that no evidence has been presented that would warrant a recommendation to Judge Kane for issuance of a citation to Defendants to show cause why they should not be held in contempt of court. Defendants are on notice that any further delays in obtaining replacement shoes will be viewed differently.

Finally, the Special Master determines that he does not have the jurisdiction to order Defendants to provide a second set of boots or soft-soled shoes. These were not part of the order of September 27, 2005. Asking an individual to work in a water-soaked environment and providing only one pair of boots or shoes does not make much sense. Claimant should be accommodated so that he does not prematurely wear out his footwear.

IT IS HEREBY ORDERED that the motion for enforcement filed by Claimant James Rudnick is denied without prejudice; and

IT IS FURTHER ORDERED that Claimant retains the right to seek further intervention by the Court if further delays occur; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before August 29, 2011.**

SIGNED this 8th day of July, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master