IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,
    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.
    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 12 2011

GREGORY C. LANGHAM
                CLERK

---

Claim Number 03-140
Catagory III
Claimant: **Shawn M. Winkler #48319**
       Sterling Correctional Facility
       12101 Highway 61, unit 21
       Sterling, Colorado 80751

---

**MOTION FOR DECLARATION OF NONCOMPLIANCE**

---

    Comes now the Class Member, Shawn M. Winkler, Pro Se and petitions the court for sanctions against the Respondents for non-compliance and in support thereof states the following:

1) The Petitioner was disabled before August 27, 2003.

2) The Petitioner was in the CDOC when his claim was filed in 2001.

3) The Petitioner was given a hearing in which Cathie Holst for the Respondents freely stated she instructed the Petitioner's witness, Dr. Singh, of SCF, not to call the Petitioner's dis-abilities, disabilites so the state could avoid current and future liability for being responsible for causing those dis-abilities.

4) Special Master R. Brochers abused his discretion in asserting the Petitioner had no evidence and therefore no claim, disregarding the 27 pages of medical documentation provided and Ms. Holst's declaration.

1

5) The Petitoner was paroled long enough to have a panel of Social Security doctors and administrative law Judge William Musseman find the severity of the Petitioner's disabilities were permanent and fully incapacitating.

6) Violating that parole for a new charge which was later dismissed, the CDOC contunies to abuse the Petitoner, even though by the directive of the Remedial Plan officials finally provided an Accommodation Resolution for the Petitoner. See Attached

7) CDOC administration of the Sterling Correctional Facility assert those accommodations are privileges and are withheld at whim of any officer. See Appendix A

Special Masters have the jurisdiction to adjudicate any pro se pleadings pursuant to the expansion order signed by Judge Kane on April 15, 2008, however, having a recorded record of the Special Master abetting the Respondents in avoding responsibility and liability, we seek relief from the Court for damages, including but not limited to, economic loss and deprivation of privileges incurred as a result of CDOC's non-compliance with the remedial planor the agency's promulgated rules.

failure of the Sterling Correctional Facility Staff to honor or recognize the accommodations decided for the Petitioner and or interpreting those accommodations in a uncommon and disfavorable manner to deny their effect and punish the Petitioner further for having caused his disabilities in the first place, the Petitioner has suffered the loss of employment capable of his abilities and privileges atypical of institutional life. No where in the remedial plan is there a suggestion that accommodations can be or will be used for behavioral modification or privileges which may be removed from any class member by agents of the Executive Director of the CDOC.

Although employment wages lost are miniscule, other cost associated with addressing the respondents failure to comply with the court are growing and are in excess of three hundred dollars ($300.00).

2

The loss of privileges for over four months cannot be reconciled as easily. Wherefore the court having jurisdiction to level sanctions we pray they issue an order directing the Respondents to pay the Petitioner three hundred dollars ($300.00) for lost wages, reimbersment of cost and as damages for lost privileges. Futhermore we pray the court order the Respondents to restore all privileges afforded able-bodied offenders and insure adhereance to each class members individual resolutions, while instructing the Respondents Accommodations are not privileges which may be withheld for any reason during normal operations of a facility.

Respectfully submitted this 6 day of July 2011.

Shawn M. Winkler, Petitioner
12101 Highway 61, unit 21
Sterling, Colorado 80751

## ACCOMMODATION RESOLUTION

Offender Name: WINKLER, Shawn
DOC#: 48319

### You DO HAVE A MOBILITY DISABILITY

Following a disability screening it has been determined that you have a mobility disability and are therefore, entitled to the following accommodations:

1. Cane
2. Assignment to a designated facility
3. Access to accessible bathroom facilities to include a shower chair or bench and a toilet of appropriate height
4. Lower Bunk
5. Lower Tier
6. Not required to use stairs and when housed at a facility that maintains an elevator for offender use, you are allowed to use the elevator
7. Requires staff assistance when cuffed and/or shackled. Refer to Section XXII of the Remedial Plan
8. Requires staff assistance during transport when embarking and disembarking from the vehicle
9. Reasonable accommodations will be provided during searches. Refer to Section XXIII of the Remedial Plan
10. Requires staff assistance during an emergency or evacuation
11. Assistance with carrying and disposing of food tray contents by offenders assigned as dining room workers

### You DO HAVE A HEARING DISABILITY

Following a disability screening it has been determined that you have a hearing disability and are therefore, entitled to the following accommodations:

1. Two hearing aids
2. Vibrating Watch
3. Assignment to a designated facility
4. Designated facilities shall have strobe and audio alarms in inmate areas where you have an independent means of egress. When you are housed at a designated facility where you do not have an independent means of egress, the strobes & alarms are not required. If you are housed at CTCF you shall be housed in a cell with a strobe alarm.
5. Facility staff or assigned offender messenger are responsible to ensure that PA Announcements and Reporting Instructions are provided to you in a format you can understand
6. Requires staff assistance during an emergency or evacuation
7. Assistance from staff during transport to ensure directions and communications are in a format the offender understands
8. Reasonable accommodations will be provided during searches. Refer to Section XXIII of the Remedial Plan
9. Closed-caption feature on day hall television shall be turned on at all times
10. ASL Class

## Your MEDICAL CONDITION (Hypertension) DOES NOT RISE TO THE LEVEL OF A DISABILITY

Following a disability screening it has been determined that you do not have a disability pursuant to the Americans With Disabilities/Rehabilitation Acts (ADA), therefore, you are not entitled to accommodations.

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan

**You are required to notify clinical services and the AIC immediately if your health care device(s) is broken, lost, stolen or becomes inoperable for any reason.**

The health care device(s) listed above shall fall under the provisions of Administrative Regulation (AR) 850-6, "Offender Property" and shall be placed on your property list. Any misuse of the health care device(s) may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this resolution. You may not file future ADA grievances regarding your medical care. Please refer to A.R. 850-04 for details regarding the grievance process.
This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_____  9/22/09    _____  9-17-09
Chief Medical Officer        /Date         AIC                           Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, Housing Supervisor, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print 2 full size copies on yellow paper & serve on offender

## APPENDIX A

Assistant Warden C. Soares, Major Nycz, case managers W. Wilson, Lt. Petterson, officers Cpt. Higgins, Lt. Feltzen, et al., refuse to recognize the well documented medical restrictions and this offenders personal accommodation resolutions requirements, denying application of state law, C.R.S. 17-20-114.5, and the agency's own policy AR#600-05(IV)(A.)(2.)(c.)

Housing officers, Lt. Harris, Sgt Wright, Sgt. Connkle, CO Leatherberry et al., refuse housing in handi-capped accessible cells, access to proper restroom facilities, and continually use or suggest accommodations are privileges they can with hold at whim, retaliating against offenders woh seek redress of their actions.

_____
Shawn, M. Winkler Testor
12101 Highway 61, unit 21
Sterling, Colroado  80751

CERTIFICATE OF SERVICE

I, Shawn M. Winkelr, Hereby certify that copies of the Motion For Declaration of Noncompliance have been placed into the United States Mail, First Class, Postage Pre-paid to the following:

> United States District Court
> Alfred A. Arraj United States Courthouse
> 901 19th Street
> Denver, Colorado   80294-3589
>
> Legal Resolution Center
> Richard Borchers
> 7907 Zenobia Street
> Westminster, Colorado   80030
>
> Mr. James Quinn
> Office of the Attorney General
> 1525 Sherman Street
> Denver, Colorado   80203
>
> King & Greisen LLP
> 1670 York Street
> Denver, Colorado   80206

Executed this 6 day of July 2011

*[signature]*

Shawn M. Winkler
12101 Highway 61, unit 21
Sterling, Colorado 80751