IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al,

        Plaintiffs,

-Vs-

JOHN HICKENLOOPER, et al.

        Defendants.

```
FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2011

GREGORY C. LANGHAM
                  CLERK
```

---

Claim Number: 03-445
Category III
Claimant: Raymond D. Goodloe, #51437
Address of Claimant: FLCF, P.O. Box 1000, Ft. Lyon, Co. 81038-1000

---

CLAIMANTS OBJECTION TO THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
SUBMITTED ON JULY 1, 2011

---

    **COMES NOW**, the Claimant, Raymond D. Goodloe, #51437, proceeding Pro-Se in his Objection to the Report and Recommendation of the Special Master, dated July 1, 2011, and as grounds therefore, the Claimant states the following;

### STATEMENT OF THE CASE

1). On June 13, 2011, a [Non-Compliance] hearing was held at the Fort Lyon Correctional Facility as a result of conduct that constitutes a [Wanton] and flagrant disregard of the Final Order of the Special Master, dated March 6, 2009. At this hearing, the Defendants called Dr. Thomas Fisher, M.D. as an expert witness, and offered Exhibits A through W, which were admitted. After closing arguments, the case was taken under advisement by the Honorable Judge Borchers.

2). On July 1, 2011, Judge Borchers submitted his Report and Recommendation in this matter, in which he recommended that the Claimant be allowed to secure appropriate boots and ankle brace, [at his own expense].

3). Judge Borchers also recommended that the Defendants be given the opportunity to examine the shoes and brace to determine if any [Real] security issue exists, and to file a written statement with the Court as to what that security issue may be. It was further recommended that, should the Claimant or Defendants wish to file an objection to the Report and

Recommendation of the Special Master, those objection(s) be filed with the Clerk of the United States District Court **on or before August 29, 2011.**

## CLAIMANTS OBJECTION

1). During the Claimants closing statement, the Claimant reiterated that the Only feasable remedy to this Claim would be for the Court to [Sanction] the Colorado Department of Corrections in the amount of $2,000.00 to be placed onto the Claimants inmate account, and that an Order be given directing CDOC to authorize the Claimant to purchase appropriate soft soled footwear and an ankle brace from an outside, [Authorized] vendor.

2). The Claimant made it abundantly clear, on the record, that the only way he would be able to afford purchasing the assistive devices needed [**at his own expense**], would be if the Court imposed a [**Monetary Sanction**] against CDOC, Order them to deposit $2,000.00 into the Claimants inmate account, and Order CDOC to authorize the Claimant to purchase the needed Orthopeadic Footwear and ankle brace from an [Approved] outside Orthopeadic vendor, such as " Hangers Orhtopeadic's ", etc. .

The Claimant has shown, in Both of the Non-Compliance hearings held in this matter, October 16, 2009, and again on June 13, 2011, that the Defendants have [**NOT**] Complied with the Final Order of the Special Master, as evidenced by the Report and Recommendation of the Special Master, dated July 1, 2011.

3). The Claimant does not have the resources at this time, to enable him to purchase Othopeadic Footwear or the needed ankle brace that CDOC has been [**Ordered**] to provide him since March 6, 2009, as per the Final Order.

The ONLY way the Claimant could purchase his own Orthopeadic footwear and brace would be for the Court to again, [Sanction] CDOC monetarily, have that money put on the Claimants inmate account, and Order CDOC to authorize the Claimant to purchase the needed assistive devices from an approved source.

4). Any monetary award the Court deems appropriate should be [**Exempt**] from any " Discretionary Restitution ", as that would leave the Claimant unable to purchase the needed Orthopeadic assistive devices. Again, any monetary

award resulting from CDOC being [Sanctioned] by the Court due to the continued Non-Compliance of the March 6, 2009 Final Order should be Ordered [**Exempt**] from any type of " Discretionary Restitution ".

However, the Claimant understands that any monetary award would still be subject to a 20% deduction as per the Colorado Statute that currently governs payment of restitution and child support.
Any additional deductions should be [Prohibited] by Order of the Court.

5). The Honorable Judge Borchers Ordered that both parties file any objections to the July 1, 2011 Report and Recommendation [**on or before August 29, 2011**]. The Claimant would respectfully [Object] to that Order as, for the past 2½ YEARS, the Claimant has been " Danced around the Mulberry Bush " on the Valid issues of this claim only to see the Defendants given another (2) MONTHS in which to file their objections that they may have concerning the Report and Recommendation of the Special Master.

The entire purpose behind the Claim in 03-445 was for the Claimant to obtain the [**Appropriate**] assistive devices nedded to aid in the management of the chronic affects of the injury to his ankle.
These assistive devices are to be Provided To The Claimant By The Defendants, as per the Final Order of the Special Master, dated March 6, 2009.
To date, (2) Non-Compliance hearings and (2) YEARS have past, and the Special Master has found in BOTH Non-Compliance hearings that CDOC Is NOT IN COMPLIANCE with that Order, and has attempted to " Dupe " the Court into believing that they are in compliance.

As a result of all of this posturing and manipulation on the part of the Defendants, the Claimant, after 2½ years since filing his Claim, is absolutely NO BETTER OFF than he was prior to filing it ! With each hearing, the Court issues another Order, Report and/or Recommendation [In Favor] of the Claimant, but to what end ?? What is the [Purpose] of all of the hearings and Court Orders if not to ensure that the Medical Needs of the Claimant are MET, by the Defendants, in a [Timely Manner] so as not to cause any " Cruel and Unusual ", or Needless pain, discomfort or irreparable harm ??

## CONCLUSION

The Claimant submits to the Honorable Judge Kane that he has filed his Objection to the July 1, 2011 Report and Recommendation of the Special Master within (2) weeks of receiving it. Approximately (48) days before the deadline set by the Special Master of August 29, 2011.

The Claimant submits to the Court that the Defendants have had 2½ YEARS in which to either comply with the March 6, **2009** Final Order of the Special Master, or show just cause as to why they have not. Yet, they did not even find it necessary to file their Objection to the Final Order, when afforded the opportunity to do so.

The Claimant, in the mean time, hobbles around in constant and increasing pain, week after week, year after year expecting, Believing that the Court will do [Something] to finally rectify this matter and issue an Order that has [Ultimate Authority] over CDOC sufficient enough to finally force the Defendants to Comply, and provide the Claimant with the assistive devices he needs, and has needed for [Decades], that are [Specific] to HIS medical needs, that are designed to help alleviate the constant and increasing pain he experiences while walking, and help to slow the deterioration of his ankle as a result of NOT being provided the [Appropriate] assistive devices he needs.

The Claimant Objects to the August 29, 2011 deadline set by the Special Master in which both parties are afforded the opportunity to file their objections to the July 1, 2011 Report and Recommendation of the Special Master, and Moves this Honorable Court to (1) Order the deadline re-set to August 1, 2011 so as not to prolong any future rulings of the Court, (2) Order that a Monetary [**Sanction**] in the amount of $2,000.00 be assessed against the Defendants and said money be deposited into the Claimants inmate account, to be [**Exempt**] from any additional " Discretionary Restitution " deductions, other that that which is deducted as per the Statutory deduction governing Restitiution and child support and (3) Order the Defendants to give the Claimant the authority to purchase his own Orthopeadic Footwear, Inserts, and ankle brace from a CDOC approved vendor, such as " Hangers Orthopeadics ", etc.

The Claimant submits to the Court that the [Sanction] requested is fair, Just, and in the interests of justice.

The Claimant Prays the Court accept his Objections and Grants his request so as to Remedy this Claim, and satify all parties.

Dated this 12th day of July, 2011.

Respectfully Submitted,

*Raymond D. Goodloe*

Raymond D. Goodloe, #51437
F.L.C.F.   Unit #8-140-B
30999 County Road 15
P.O. Box 1000
Fort Lyon, Co.   81038-1000