Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870 - JLK
BOBBIE EUGENE PRUITT, IN THE MATTER OF:
JESSE MONTEZ, et. al.,
    Plaintiff (s),

v.

JOHN HICKENLOOPER, et. al.,
    Defendant (s)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2011

GREGORY C. LANGHAM
                    CLERK

### SECOND NOTICE ON HARM TO MONTEZ CLASS

Please take notice of this both court and counsel(s):

1. Claimant has filed legal papers in this judicial forum described below:
   I. Objection To Defendant Closure Of Montez Plan, Sect. VI - Designated Facility: Fort Lyons Correctional Facility (FLCF)(May 23, 2011).

2. As indicated in Objection, para. 1, Defendant would effect closure of 'FLCF' and transfer of the remaining Montez Class to other Sect. VI Facilities, or other DOC Facilities, by 'March 1, 2012'.

3. Hearsay has it, that the remaining Montez Class are being encouraged to consider invoking 'Sect. VI (C) - Opting Out of placement at Designated Facilities' by submitting a notice to opt out of placement to their respective Case Manager, which in turn will forward it to the AIC and Office of Offender Services who then will coordinate the new placement of the inmate, if deemed appropriate to do so. This is **suspect**.

4. As indicated in Objection, para. 9-15, and 18-20, Defendant would effect closure of 'FLCF' without affording the Montez Class notice and fair hearing to address the feasibility for effecting equivalent crossover operations within remaining 'Sect. VI Facilities' to ensure adequate and meaningful Healthcare by way of sufficient and competent Healthcare Professionals, and prevent harm to them.

5. Whereas 'Everyday Living Assistance' is disrupted by these unsettling circumstances, Claimant remains concerned for the Class distinguished in para. 3 and 4.

6. Claimant believes and asserts that every reasonable effort should be made by the Parties in this case, to ensure that each and every Class Member who invokes the 'Sect. VI (C)' provision above, actually receives new placement deemed appropriate to the inmate. Defendant has substantial influence upon effecting fair process and sound results here.

7. Whereas Defendant effects closure of 'FLCF' under such circumstances, simply by encouraging the Class to invoke 'Sect. VI (C) above, it does not serve to protect the inmate from deprivation of Healthcare Rights or loss of 'Everyday Living Assistance'.

8. It should not be deemed appropriate for any of the Class to have been encouraged to invoke 'Sect. VI (C) by Defendant only to effect closure of 'FLCF' by 'March 1, 2012', and the inmate then suffers decompensation in health.

9. The Montez Class should not by Defendants action above, be subjected to deprivation of a Healthcare Right or loss of 'Everyday Living Assistance' under such circumstances. They should not suffer harm through new placement.

Date: 7...11

Respectively submitted
Bobbie Eugene Pruitt 43468
                Claimant
Box 1010 ; Unit: 7.2.L.1 (CTCF)
Canon City, Co. 81215

-1-

## Certificate of Mailing

I hereby certify that I duly placed a true and correct copy of the foregoing Second Notice On Harm To Montez Class in a sealed postage paid envelop, and deposited the same in the US Mail addressed to:

Paula Greisen., Esq.
King & Greisen, LLP
Attorneys at Law
1670 York St.
Denver, Co. 80206
(Counsel For Plaintiff Class)
Date: 7-___-11

James Quinn
Office of the Attorney General
1525 Sherman St., 5th FL.
Denver, Co. 80203

(Counsel for Defendants)
(S) Bolli... Eugene Pruitt 43468
            Claimant