IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870 - JLK

BOBBIE EUGENE PRUITT, IN THE MATTER OF:

JESSE MONTEZ, et. al.,

    Plaintiff (s),

v.

JOHN HICKENLOOPER, et. al.,

    Defendant (s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 4 2011

GREGORY C. LANGHAM
CLERK

OBJECTION TO ORDER OF DISMISSAL OF SPECIAL MASTER PURSUANT TO FRCP 53 (g) (2)

    Appears hereby Bobbie Eugene Pruitt, Claimant filing Objection captioned above, and for grounds as follows:

    1. Claimant has in good faith and for good cause shown Filed the legal papers described below, and for the sake of brevity, here incorporates them by reference as though stated for the first time in support of this objection, and are contained and suggestive within the Courts records;

    I. In the Matter of: FRCP 53 (g)(2) Objection To Order of Dismissal of Special Master (6·24·11).

    II. Notice On Standing; Affidavit On Offender Care Aid (OCA) III Status Applicable To Montez Plan, Sect. XIV. Everyday Living Assistance; ... ( 7·6·11) (DOC 5103).

    A. Order of Special Master - Richard M. Borchers (July 15, 2011).

    III. In The Matter of: Claimant Request For Clarification On Status of Objection As Relates To Montez Plan, Sect. XXXI and XXXVI (7·20·11) (DOC 5113).

    IV. Notice and Second Notice On Harm To Montez Class (7·20·11) (DOC 5114; 5115)

    2. Item I, para. 1-3 shows the basis for filing Claimant Objection (May 23, 2011; Claim No. X549), and related orders owing to dismissal by the Special Master;

    a. Clearly, it raises 'systemic issues' going to closure of FLCF which could not be foreseen prior to the 'June 2010 Compliance Hearings', particularly alleging non-compliance to 'Sect. VI', apparent and potential harms associated with Defendant's conduct, and seeking injunctive relief therefore subject to 'Sect. XXXI and/or Sect. XXXVI'. It is not a 'Sect. XXXII' claim for damages.

    3. Item I, para. 4-9 shows the basis for ruling by the Special Master which then formed grounds for dismissal of Claimant Objection (May 23, 2011; Claim No. X549);

    a. But, Claimant contends that even the Special Master has indicated having merely limited jurisdiction to address matters filed on or before 'April 30, 2010' as related to the 'June 2010 Compliance Hearings', the exception being that 'unless and until otherwise ordered after the 'June 2010 Compliance Hearings' by this Court'.

    b. Further, that such exception might, thus, imply that the Class could by such Order be afforded an extended procedural process by which to redress and settle future disputed issues of a 'systemic nature - Claimant Objection (May 23, 2011; Claim No. X549).

    4. Item I, para. 10-19 shows that the Class was not afforded notice and fair hearing regarding the 'systemic issues' above. That they have not agreed to closure. That this Court has not approved closure. That there is an urgent and important need to address and resolve such issues prior to further deprivation of Healthcare Rights and Benefits held by virtue of 'Sect. VI' of the Court approved agreement. That Claimant, prior to Defendant's actions, subsequent to the 'June 2010 Compliance Hearings', could not File Claimant Objection (May 23, 2011; Claim No. X549 on or before 'April 30, 2010', nor would it have been possible for the Class Counsel to do so for reasons discussed therein.

    5. Item I, para. 20 shows that Claimant did duly pre-process Claimant Objection (May 23, 2011; Claim No. X549) to Class Counsel affirmed by 'Certificate of Mailing', for such action deemed appropriate, and contends that whereas this Court would allow exception said above and order that Objection may go forward thru Class Counsel, fair hearing would then be afforded the Class regarding 'systemic issues' above, not to mention the 'constitutional issue' going to violation of procedural due process raised therein warranting judicial scrutiny. Thus, Claimant has acted with expedience and diligence in pursuit of the Claim as it then became apparent.

-1-

6.   Item I, para. 21-24 shows that even whereas the Special Master dismissed Claimant Objection (May 23, 11: Claim No. X549) citing that it was untimely filed and be therefore had no jurisdiction but to dismiss it in compliance with pre-existing Orders, and absent any order of Court otherwise issued subsequent to the 'June 2010 Compliance Hearings', be ordered that copies be provided to Class Counsel for such action as may be deemed appropriate. That Claimant, Class Counsel, and Defendant may file an Objection to the Order pursuant to FRCP 53(g)(2) on or before August 22, 2011;

   a.  The Claimant Objection (May 23, 2011: Claim No. X549) by virtue of the Order of the Special Master would seem to have been assigned to Class Counsel for such action as it deemed appropriate, not-withstanding that Claimant may also file Objection pursuant to FRCP 53(g)(2).

7.   Item I, para. 25-26 suggests that this Court has jurisdiction to treat it as a FRCP 53(g)(2) Objection and order it to go forward by and thru Class Counsel. But, that to better ascertain the position of Counsel(s), and accommodate this Court, simply issue Order to them to show cause why the Claimant Objection (May 23, 2011: Claim No. X549) should or should not proceed to hearing to address and resolve 'Systemic' issues arising from closure of FLCF. This could define what action is deemed appropriate here to the benefit of this Court and Parties.

. . . . . .

8.   Item II was filed with this Court along with a Cover Letter instructing that it be presented to the Judge at Bench in this Case for further consideration and determination in light of Item I. It was sent to Special Master - Borchers. He promptly ordered it 'stricken' as untimely filed. Further, that whereas Class Counsel is responsible for representing all members of the Class on 'Systemic issues' as these, Claimant is precluded from filing even his personal 'Affidavit' for cause, subject to pre-existing orders.

9.  Regarding Item III, Claimant has merely suggested that it might be of benefit to this Court and Parties that Clarification on the status of Claimant Objection (May 23, 2011: Claim No. X549) be determined in due time as needed;

   a.  This Court may treat it as it deems appropriate.

10.  Regarding Item IV, this Court and Counsels are thereby notified that the serious shortage of Healthcare Professionals is having a destabilizing and damaging effect upon 'Everyday Living Assistance'. That the Montez Class in placement at FLCF are encouraged to invoke 'Sect. VI(c)' to opt out of placement, in part, to effect new placement, if deemed appropriate, and effect closure of FLCF by 'March 1, 2012'. Each circumstance seems to have an apparent and potential harm as discussed in each Notice, and evolving in light of 'Claimant Objection'.

. . . . . .

11.  Claimant does not by Objection to order of dismissal of Special Master, contend that the Special Master has committed error;

12.  In fact, the Special Master has ruled correctly in compliance with pre-existing Order(s) going to limitation on filing claims, motions, and other matters on or before, 'April 30, 2010', unless and until otherwise ordered after the 'June 2010 Compliance Hearings', exception to the rule, discretion therefore resting with this Court.

13.  Claimant by this Objection, with due respect to this Court's discretion, here cites and invokes 'Order re Report and Recommendation of Special Master (DOC 3741) ... ' part 2, pg. 5 (March 23, 2010)' - ILK wherein exception to the rule on filing(s) issued, and therefore petitions that this Court as suggested above, overrule dismissal of the Special Master, and order that Claimant Objection (May 23, 2011: Claim No. X549) be allowed to go forward for good cause shown by and thru 'Class Counsel', subsequent to the 'June 2010 Compliance Hearings'.

14.  Further, to better ascertain the position of Counsel(s), and accommodate this Court, issue order to them, as necessary, to show cause if any there is as to why said Objection (May 23, 2011: Claim No. X549) should or should not proceed to hearing on 'systemic issues'.

   a.  Claimant has not received any correspondence from Class Counsel regarding any matters described in para. 1 above. Thus, to ascertain the position of Class Counsel as to defining the action deemed appropriate at this time on the 'systemic issues' going to closure of FLCF, is likely essential to going forward by and thru such counsel.

15.  As indicated in para. 8 above, Claimant avered standing to challenge the conduct of Defendant, but 'Affidavit to that effect was likely erroneously routed to the Special Master who ruled it 'stricken'. The 'Affidavit' links to 'Claimant Objection (May 23, 2011: Claim No. X549).

~ 2 ~

a. Claimant suggests that this court re-visit and overrule the stricking of the 'Affidavit', in light of the Objection (May 23, 2011: Claim No. X549).

16. The apparent and potential harms to Class are growing warranting address and solution to prevent further deprivation of Healthcare Rights and loss of Benefits associated with 'Sect. VI' of the Court approved agreement and stipulations.

17. Claimant believes and asserts that he has Filed a meritorious Objection (May 23, 2011: Claim No. X549) for good cause shown which warrants hearing and injunctive relief requested, or as this Court deems proper; And, timely filed Objection FRCP 53(g)(2) for grounds said above.

18. Done in good faith, under penalty of perjury. 28 USC § 1746. 18 USC § 1621.

WHEREFORE, Bobbie Eugene Pruitt, Claimant, having duly pre-processed this Objection To Order of Dismissal of Special Master Pursuant to FRCP 53(g)(2) to Counsel(s) per Order of Dismissal of Special Master (June 11, 2011), prays that this Court give fair weight to matters said above, and grant relief requested, or as this Court deems appropriate.

Date: 8-2-11

Respectively Submitted
Bobbie Eugene Pruitt 43468
Claimant
Box 1010; Unit: 7-2-L-1 (CTCF)
Canon City, Co. 81215

## Certificate of Mailing

I hereby certify that I duly placed a true and correct copy of the foregoing Objection To Order of Dismissal Of Special Master Pursuant To FRCP 53(g)(2) in a sealed postage paid envelop, and deposited the same in the US Mail addressed to:

Paula Greisen, Esq.
King & Greisen .LLP
Attorneys at Law
1670 York St.
Denver, Co. 80206

(Counsel For Plaintiff Class)

Date: 8-2-11

James Quinn
Office of the Attorney General
1525 Sherman St. 5th Fl.
Denver, Co. 80203

(Counsel For Defendants)

(s) Bobbie Eugene Pruitt 43468
Claimant