IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2011

GREGORY C. LANGHAM
              CLERK

---

Claim Number: 03-489
Category III
Claimant: Donnie E. Russell, #63377
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

---

## MOTION FOR JUDGEMENT

---

    **COMES NOW,** Donnie E. Russell, the Claimant, **Pro-Se,** and respectfully requests this Honorable U.S. District Court of Colorado to grant his Motion For Judgment and as for grounds, states the following:

    1.) This Honorable U.S. District Court has jurisdiction over this matter.

    2.) Claimant had a hearing before the Special Master, Richard M. Borchers on February 22nd, 2011. The hearing was held at the Colorado Territorial Correctional Facility, (CTCF) in Canon City, Colorado. Present were the following: (Claimant) Donnie E. Russell and Deann Conroy, attorney for Defendants.

    3.) (Claimant) Donnie E. Russell testified in support of his claim. Defendants called as a witness Dr. Thomas Fisher, M.D.. At the conclusion of said hearing, the Special Master took the case under advisement.

    4.) On March 25th, 2011, the Special Master Richard M. Borchers issued his Order, stating; "Claimant testified that he received no education on diabetes after he was diagnosed. He had to learn about diabetes on his own. The Special Master accepts Claimants testimony concerning the lack of education. That problem was rectified in 2005 after the Remedial Plan was approved. The Special Master determines that the lack of education was a violation of the ADA, as Claimant was entitled to an accommodation of education related to dealing with the disease. (Please see attached Order, pp.5; **"exhibit A"**).

5.) The Special Master found, "for the lack of education being provided to Claimant that $100.00 is appropriate compensation. (Please see attached Order, pp.5: **"exhibit A"**).

6.) It was further ordered that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 31st, 2011**. (Please see attached Order, pp.6; **"exhibit A"**).

7.) No objection was filed by the Claimant and the Claimant **did not** receive a copy of any objection made by the Defendants, if an objection was made to the Special Masters Order.

8.) On July 6th, 2011, the Claimant wrote a letter of inquiry to Adriene Jacobson, Legal Services, at the Office of the ADA Inmate Coordinator, Colorado Department of Corrections, 2862 South Circle Drive, Colorado Springs, CO 80905-4195. (Please see attached letter, marked as **"exhibit B"**).

9.) As of August 7th, 2011, Claimant has not received a response to his letter, nor has the $100.00 monetary damage award been placed in his inmate account.

**WHEREFORE**, this Claimant prays that this Honorable U.S. District Court of Colorado will Grant his Motion For Judgement and find the Defendants in contempt of the Special Masters Order. The Claimant further requests this Honorable U.S. District Court of Colorado to impose sanctions and any other relief deemed just by this Honorable Court.

Respectfully submitted this ___9th___ day of August, 2011.

Mr. Donnie E. Russell #63377
P.O. Box 1010
Canon City, CO  81215-1010

(2)

## Certificate of Mailing

      I hereby certify that I have mailed a copy of the foregoing Motion For Judgment, has been served on all parties and on apposing counsel, by placing a copy in the United States mail, postage prepaid and addressed as follows:

U.S. District Court of Colorado
901-19th Street, Room #A-105
Denver, CO 80294-3589

Mr. James Quinn
Office of the Attorney General
1525 Shermon Street, Fifth Floor
Denver, CO 80203

Special Master Richard M. Borchers
7828 Vance Drive, Suite #108
Arvada, CO 80003

King & Greisen, LLP
1670 York Street
Denver, CO 80206

BY: *[signature] Russell*

cc. P/file

(3)

**(EXHIBIT "A")**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - JLK

JESSE MONTEZ, et al.,

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.,

      Defendants.

---

Claim Number: 03-489
Category III
Claimant: Donnie E. Russell, #63377
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 80215-1010

---

## FINAL ORDER OF SPECIAL MASTER

---

THIS MATTER came before the Special Master for hearing on February 22, 2011. The hearing was held at the Colorado Territorial Correctional Facility(CTCF) in Canon City, Colorado. Present were the following: Donnie E. Russell (Claimant) and Deann Conroy, attorney for Defendants.

Claimant testified in support of his claim. Defendants called as a witness Dr. Thomas Fisher, M.D. Defendants offered into evidence Exhibits A through J, and all were admitted. At the conclusion of the hearing, the Special Master took the case under advisement. Further argument will be waived.

### I.

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of the Colorado Department of Corrections (DOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Remedial Plan was the end result of negotiations between counsel for the Class and counsel for Defendants. Then-Judge Nottingham was not involved in the negotiation of the provisions of the

settlement document.[1] Once the provisions and terms of the settlement were agreed upon by counsel for the Class and counsel for Defendants, the Court was notified that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide for an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file a claim seeking damages or some other remedy available in court.

Section XXXII of the Settlement Agreement provides the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant filed his claim and requested that the Special Master award appropriate damages or relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially

---

[1] The Special Master also was not involved in the negotiation of the Settlement Agreement. The Special Master is bound by the provisions of that agreement, as he has only the jurisdiction agreed upon by the parties.

2

>limits his or her ability to perform a major life activity.
>C. PERMANENT DISABILITY/IMPAIRMENT
>A condition which is not expected to improve within six months.

These definitions control as to implementation of the Settlement Agreement and adjudication of all claims filed by individuals.

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

>2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
>>1. Is the claimant a disabled individual who is a member of the class?
>>2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
>>3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
>>4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

In addition, Judge Kane issued an order on March 23, 2010 which further clarified the claim process. That order established some limitations on that process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim.

## II.

Claimant came into DOC custody in 1990. Claimant was placed initially at CTCF. He then was transferred to a private facility in Texas were he remained for four or five months. Claimant returned to Colorado and was placed at the Limon Correctional Facility (LCF) for the years 1991 to 1993. He then was moved to the Centennial Correctional Facility (CCF) in Canon City, Colorado. In 1996, he returned to LCF. He then was transferred back to CCF in 2005. In 2007, Claimant was incarcerated at the Fremont Correctional Facility (FCF) in Canon City. He returned to CTCF in 2008.

Claimant sent a letter to the Special Master that was received on April 27, 2010. The letter was treated as a claim under Article XXXII of the Remedial Plan. Claimant was provided a claim form which was completed and returned.

3

On his claim form, Claimant checked only the box for diabetes. Claimant stated, in part, as follows:

> Diabetic health has disintegrated. I have neuropathy and nerve conditions...I have bad posture, bad health, and pain due to neuropathy.

In response to the question concerning the dates of discrimination, Claimant wrote:

> Shoes 2007; Medical Appliances 2006; and Diet 2005.

Claimant also stated as follows:

> I was not given my proper diabetic medical shoes; I was not given my proper medical appliance; and I was not given my proper diabetic diet.

At the hearing, Claimant testified that he was diagnosed as being diabetic in 1998 or 1999. He began taking medicine by shots. That was later changed to pills. Claimant testified that he attempted to treat his diabetes without medicine, but that did not work. He now must take three shots of insulin per day.

Claimant testified that he did not receive any education about diabetes when he was diagnosed. There was no discussion about diet or care of the feet. Claimant testified that he was placed on a 2400 calorie diet, but no one explained anything to him concerning the diet. Claimant felt like he was on his own. He did his own research. Claimant did state that formal education for diabetic inmates began in 2005 while he was at CCF.

Claimant noted that he had been receiving foot baths for callouses, but DOC staff were not permitting that any longer. He also noted that he had been provided soft sided shoes, but they needed to be replaced. He was told to get replacement shoes from the laundry, but the laundry staff said they had no diabetic shoes.

On cross-examination, Claimant acknowledged that he received education on diabetes in 2005-2006. He stated that he had refused some medical care. He has been receiving the correct medication over the last years.

Defendants called Dr. Thomas Fisher, M.D. as a witness. Dr. Fisher reviewed Claimant's medical files. Claimant was diagnosed as being diabetic in the mid-1990's. He has been receiving appropriate chronic care, including annual eye exams. Dr. Fisher testified that there were no medical boots or shoes that he was aware of. He felt it was most appropriate to utilize tennis shoes, but such shoes are not a permanent accommodation. He acknowledged that Claimant has spine problems and has sufficient neuropathy to warrant tennis shoes.

## III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. A claimant must establish that he was disabled, as set forth in the Remedial Plan, on or before August 27, 2003. In addition, a claimant must establish that he was the victim of discrimination on or before that date.

**1. Is the Claimant a disabled individual who is a member of the class?** Claimant must establish that he was disabled by his impairments on or before August 27, 2003. If he so establishes that he was disabled on or before August 27, 2003, then he may amend his claim and raise incidents that have occurred since that date to the present.

Claimant was diagnosed as being diabetic in the mid-1990's. Claimant is a member of the class as diabetic.

**2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?** No evidence was presented that Claimant was otherwise unqualified to participate in DOC programs or to receive DOC services.

**3. Was the Claimant discriminated against by DOC because of his or her disability?** Claimant has to establish that he was the victim of discrimination prohibited by the ADA and Rehabilitation Act *on or before* August 27, 2003. If such a showing is made, then the Special Master may consider evidence after that date if the discrimination was on-going.

Claimant testified that he received no education on diabetes after he was diagnosed. He had to learn about diabetes on his own. The Special Master accepts Claimant's testimony concerning the lack of education. That problem was rectified in 2005 after the Remedial Plan was approved. The Special Master determines that the lack of education was a violation of the ADA, as Claimant was entitled to an accommodation of education related to dealing with the disease.

The Special Master specifically finds that there was no pattern of misconduct toward Claimant. As a result, the concerns about the foot baths and shoes all arose well after August 27, 2003. Those concerns will have to be resolved through class counsel or a separate lawsuit.

**4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy?** The Special Master finds for the lack of education being provided to Claimant that $100.00 is appropriate compensation.

IT IS HEREBY ORDERED that the claim of Donnie E. Russell is granted, in part, and he is awarded $100.00 for lack of education concerning diabetes from the mid-1990's to 2005; and

IT IS FURTHER ORDERED that the remainder of the claim of Donnie E. Russell is dismissed, as he has failed to establish each of the criteria set forth in Judge Kane's order of March

5

23, 2010; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before May 31, 2011.**

SIGNED this 25th day of March, 2011.

BY THE COURT:

_____
Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 25th day of March, 2011 to the following:

Mr. Donnie E. Russell
#63377
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

**(EXHIBIT "B")**

Mr. Donnie E. Russell #63377  
P.O. Box 1010  
Canon City, CO   81215-1010

July 6th, 2011

Adriene Jacobson, Legal Services  
Office of the ADA Inmate Cordinator  
Colorado Department of Corrections  
2862 South Circle Drive  
Colorado Springs, CO   80906-4195

**RE: Order by Richard M. Borchers, awarding $100.00, on March 25, 2011.**

    Ms. Jacobson,  
        Hello, my name is Donnie E. Russell and my case manager Lt. Fisher advised me to contact you in regards to Judge Borchers court order on March 25th, 2011, awarding me $100.00 for the lack of education concerning my diabetes from the mid-1990's to 2005. Can you please find out why this award has not been placed in my inmate account?

    In closing, I want to thank you for your time and assistance in this matter. If you have any questions or concerns, please contact me at the address above.

Sincerely Your's

*Don Russell* (signature)

cc. P/file  
    Judge Richard M. Borchers