# Appendix B

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 92-cv-00870-JLK-OES
 3
     JESSE MONTEZ, et al.,
 4
          Plaintiffs,
 5
     vs.
 6
     BILL RITTER, et al.,
 7
          Defendants.
 8
 ─────────────────────────────────────────────────────────────
 9
                          REPORTER'S TRANSCRIPT
10     (Hearing on Motions:  Court's Rulings, Orders, and Comments)

11 ─────────────────────────────────────────────────────────────

12          Proceedings before the HONORABLE JOHN L. KANE, JR.,

13   Judge, United States District Court for the District of

14   Colorado, commencing at 9:08 a.m., on the 21st day of December,

15   2009, in Courtroom A-802, United States Courthouse, Denver,

16   Colorado.
```

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Paul Zuckerman, 901 19th Street,
Room A259, Denver, Colorado, 80294, (303) 629-9285

```
 1             THE COURT:  I think that that's a good idea.
 2             MS. GREISEN:  Well, your Honor, can I talk about that
 3   first?
 4             THE COURT:  All right.
 5             MS. GREISEN:  We've addressed this at the previous
 6   hearings.  We prepared our case.  You previously ruled that we
 7   have the burden and we go first, and we've addressed --
 8             THE COURT:  I agree -- I'm sorry.  I'm confused.  What
 9   I was saying is that if they think that they've complied with
10   this stuff, that's what they should be disclosing now.  I was
11   on the previous thing.
12             MS. GREISEN:  Okay.  All right.
13             THE COURT:  When we get to a hearing, it's your
14   burden.  But you need to disclose now where you are on it
15   because I want full disclosure of your case to the defense.
16             MS. GREISEN:  Sure.
17             THE COURT:  And before we even get to that hearing
18   date.
19             MS. GREISEN:  I was under the impression we were
20   talking about who is going first at trial.
21             THE COURT:  I'm sorry.  You may have been.  If you
22   did, I misunderstood.
23             MS. McCANN:  Yes.  We think it would make it much
24   easier for the Court if we present our witnesses first so that
25   we can go through the remedial plan vs. having inmates first,
```

1  who are going to be talking about issues that may be related to

2  Section 20 of the plan.  I think it would make it easier for

3  the Court --

4      THE COURT:  It will make it easier if you can get

5  through all this disclosure and try and settle it on that

6  basis; but when we go to trial, the plaintiffs have the burden

7  of proof.  They have to show there hasn't been compliance and

8  you have to -- you have to respond to that.

9      MS. McCANN:  So in terms of the special master issue,

10  did you want any further briefing on that?  I know you want us

11  to respond to the recent motion that was filed.

12      THE COURT:  I don't know.

13      MS. McCANN:  Okay.  You'll let us know?

14      THE COURT:  I will.

15      MS. McCANN:  Because we did brief it previously, and

16  that's -- I just want to make sure you don't expect another

17  brief from us unless you -- unless you ask us.

18      THE COURT:  No, I don't right now; but if I, do I'll

19  ask for it.

20      MS. McCANN:  Okay.  Once you get all the briefs,

21  you're either going to set a hearing or rule on the issues that

22  are still remaining?

23      THE COURT:  Right.  Right.

24      MS. McCANN:  Do we want to set deadlines now about

25  when expert reports should be provided?