# Appendix C

```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
    Civil Action No. 92-CV-00870-JLK
 3
    JESSE MONTEZ, ET AL.,
 4
         Plaintiffs,
 5
    vs.
 6
    BILL OWENS, ET AL.,
 7
         Defendants.
 8  _____

 9
                       REPORTER'S TRANSCRIPT
10                   Trial Preparation Conference

11  _____

12

13       Proceedings before the HONORABLE JOHN L. KANE, JR.,

14  Judge, United States District Court for the District of

15  Colorado, commencing at 2:00 p.m., on the 16th day of

16  September, 2010, in Courtroom A802, United States Courthouse,

17  Denver, Colorado.

18

19

20

21

22
                    TRACY WEIR, Official Reporter
23                   901 19th Street, Room A258
                       Denver, Colorado, 80294
24                        (303) 298-1207

25      Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer
```

6

1  substantial compliance. The review and determination are
2  supposed to be made by counsel, but because the parties could
3  not agree, it is left to me. For reference, see plan Section
4  XXXI. I note the plan calls for me to make this determination
5  in my appointed capacity as arbiter, or overseer, of disputes
6  under the plan and not as the Article III judge to whom the
7  case was assigned when the plan was approved. The provision
8  may have an impact on the nature and appealability and
9  appellate standard of review of my findings and conclusions.
10     The plan specifically eschewed any Article III type
11 oversight or decision making by Judge Nottingham and called for
12 the administrative closure of the case during the compliance
13 and monitoring periods. It further provided for all disputes
14 to be resolved by the parties in the first instance and if the
15 parties could not agree by, quote, Judge Kane, as I was named,
16 and if Judge Kane were unable to hear disputes arising under
17 the plan, then by an individual agreed upon by the parties, and
18 if the parties could not agree on an individual, then by
19 another person appointed by Judge Nottingham. That's in plan
20 Section XXXVI.
21     While plaintiffs have been given the lead in
22 marshaling the evidence necessary to this determination, they
23 do not have the burden of proof regarding substantial
24 compliance as the defendants' motion implies. It is only at
25 the conclusion of the compliance period, after an initial

Case No. 1:92-cv-00870-CMA-MEH   Document 5146-3   filed 08/22/11   USDC Colorado   pg 4
(9/20/2010) Beth McCann - Montez 09-16-10-92cv870-trial prep conf.pdf                                    Page 7

7

1  finding of substantial compliance, that a monitoring period
2  begins, and, with it, the actual shifting of the burden of
3  proof with regard to compliance to the plaintiffs. See plan
4  Section XXXI, which provides that once it has been determined
5  that the Department of Corrections is in compliance with this
6  remedial plan, then a two-year monitoring period commences
7  during which class counsel will monitor the designated
8  facilities to ensure compliance is maintained and must file a
9  timely objection alleging non compliance to toll or extend the
10 monitoring period until a final determination on the merits of
11 the objection can be made. We are nowhere near that place in
12 this litigation.
13         Defendants' motion is an attempt to invoke a
14 presumption of compliance that does not exist in law. The fact
15 plaintiffs have declined to present affirmative evidence of non
16 compliance on certain issues does not compel a finding of
17 compliance. The plan is, in effect, an integrated document
18 that is synergistic, meaning that the sum of its parts, meaning
19 that it's more than the sum of its parts. Substantial
20 compliance is the overarching essential of the remedial plan,
21 which is a contract that overarching determination and term
22 must wait until the close of the evidence.
23         Having said that, however, does not mean that
24 defendants' attempt to discern what plan areas exactly
25 plaintiffs are having problems with is a futile or meritless