# Appendix D

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK-OES

JESSE F. MONTEZ, et al.,

    Plaintiffs,

vs.

BILL OWENS, et al.,

    Defendants.

---

REPORTER'S TRANSCRIPT
STATUS CONFERENCE

---

    Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, commencing at 9:06 a.m., on the 29th day of September, 2010, in Courtroom A802, Alfred A. Arraj United States Courthouse, Denver, Colorado.

Proceeding Reported by Mechanical Stenography, Transcription Produced via Computer by Kara Spitler, RMR, CRR, 901 19th Street, Denver, CO, 80294, (303) 623-3080

2

1                        APPEARANCES

2        PAULA GREISEN and JENNIFER RIDDLE, King & Greisen,

3   LLP, 1670 York Street, CO  80206; BLAIN MYHRE, Isaacson

4   Rosenbaum, P.C., 633 17th Street, Suite 2200, CO  80202, for

5   plaintiffs.

6        ELIZABETH McCANN, JAMES QUINN and BERINA IBRISAGIC,

7   Colorado Attorney General's Office, 1525 Sherman Street, 7th

8   Floor, CO  80203, for defendants.

9                     P R O C E E D I N G S

10      (In open court at 9:06 a.m.)

11      THE COURT:  Thank you.  Good morning, and be seated,

12  everyone.

13      This is civil action 92-cv-870, Jesse Montez, et al.

14  vs. Bill Owens, et al.; and I think the name of the case has

15  changed since then, has it?  We call it Ritter now.

16      MS. McCANN:  Yes.  Bill Ritter.

17      THE COURT:  For a while.

18      MS. McCANN:  For a while.

19      THE COURT:  The matter is set today for pretrial

20  conference and the consideration of the amended pretrial order

21  which was filed on September 22 pursuant to my order, and I

22  think that the parties have made considerable progress, but I

23  still perceive a fundamental misconception of what we're doing.

24  And that is that this is not an action at law.  This is not a

25  trial.  And it can't be.  And none of the cases support that

3

1  view.

2  One of the issues that's raised in the amended
3  pretrial order is this question of who has the burden of proof.
4  There isn't one. If I spoke and said something to the
5  contrary, I was wrong. But I think when I look at the
6  transcript, it was in context. I was trying to explain
7  something, that when somebody says something, they need to
8  establish it with some evidence. And that's the basic idea of
9  a burden of proof is that the person or the party that asserts
10 is the one that has to say something. That's why we began with
11 the plaintiffs going first on this question of whether or not
12 there has been substantial compliance with the, with the
13 consent decree, so that we could focus on the issues. Now, I
14 think the amended pretrial order does a better job of that, but
15 there are a few things I want to go over.

16 And I just have to say that this is not a formal
17 adjudication in the sense of burdens and rules of evidence. It
18 is a determination and it is not a matter of, as most lawsuits,
19 with case law and statutes forming the basis for, for why we're
20 here. It's a determination under section 32 of the plan that
21 was approved by Judge Nottingham as to whether the Department
22 of Corrections is in substantial compliance with the terms of
23 the parties' contractual agreement.

24 Now, I have spent some time reviewing and I would --
25 to the extent that you have the time and the, the academic