IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92 CV 870-JLK

BOBBIE EUGENE PRUITT, IN THE MATTER OF:
JESSE MONTEZ, et. al.,

    Plaintiff(s).

v.

JOHN HICKENLOOPER, et. al.,

    Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 - 2011

GREGORY C. LANGHAM
CLERK

## THIRD NOTICE ON HARM TO MONTEZ CLASS

Please take notice of the following both Court and Counsel(s):

1. Claimant in good faith and for good cause shown, filed legal papers in this Court described below:

    I. Objection To Order of Dismissal Of Special Master Pursuant To FRCP 53(g)(2) (8-2-11) (pending disposition)

2. Item I, para. 10 therein indicated that both this Court and Counsel(s) have been notified that the serious shortage of Healthcare Professionals, including OCA I-II-III is having a distabilizing and damaging effect upon 'Everyday Living Assistance' within 'Sect. VI' facilities. This Third Notice links to it, in part.

    a. Presently there is a shortage of OCA I-II-III. OCA I-II are assigned to numerous offenders at once. No longer is it possible to assign an OCA III to one offender needing around the clock care within the general population, thus, they are now assigned to the Infirmary exclusively to help provide care to the variety of disabled offenders housed there, including the Montez Class. There are merely 4 OCA III remaining in the program to help accomplish that at 'CTCF'.

    b. While no disabled offender requiring OCA assistance is denied care aid, the growing shortage of OCA I-II-III is apparent, and puts offenders at risk of having no assistance apart from the most essential care aid.

    c. There is no immediate plans to train more OCA(s) at this time.

3. Hearsay has it, that the 'FLCF SMU' operation has recently been transferred to the 'DRDC', including all essential operational staff and most seriously disabled offenders. That essential staff and seriously mobility disabled offenders, wheelchair bond, have been transferred to La Vista Correctional Facility. And, that approximately 59 other disabled offenders are in the process of being transferred from 'FLCF' to 'CTCF'. Disabled Offenders are quickly being moved out of 'FLCF' to effect its closure by March 1, 2012.

4. The process has resulted in the transfer and placement of Offender Keith Morris #116947, an amputee (Right and Left legs) and wheelchair bond. He has ADA accommodations which includes 'Sect. XIV' 'Everyday Living Assistance' to be provided a 'CTCF';

    a. He was initially assigned to Unit 3, but because the cell doors were not large enough to enable him to move in and out of the cell, he was assigned to Unit 7 and moved in a cell specially equipped to accommodate Offender Alex Valdez #76532, a paraplegic and wheelchair bond. He has similar ADA accommodations to those of Offender Morris.

5. While Offender Morris requires 'Everyday Living Assistance' with ample help from an available OCA II, Offender Valdez requires 'Everyday Living Assistance' with ample help from as many as 4 OCA III around the clock either in Unit 7 or Infirmary.

-1-

6. However, recently an <u>administrative decision</u> was made to rather accommodate the need of <u>Offender Morris</u> as above, and place <u>Offender Valdez</u> in the <u>Infirmary</u> and assign all 4 OCA III (s) there to him to help provide him needed care aid, as well as attend to a variety of other disabled Offenders, including Class Members.

7. <u>Offender Morris is provided participation in or allowed the benefits of services, programs, or activities of the DOC while assigned to Unit 7, as was Offender Valdez prior to his placement in the Infirmary</u>.

8. While <u>Offender Valdez</u>, within the <u>Infirmary</u>, receives 'Sect. XIV' accommodations with respect to care aid to which he is entitled, <u>there he is not allowed the benefits of services, programs, or activities of the DOC as he was while assigned to Unit 7</u>.

9. While the <u>administrative decision</u>, in part, appears to meet 'Sect. XIV' accommodations of both Offender Morris and Valdez, <u>the harm to Offender Valdez - Class Member arising from that decision is clearly apparent here. He is denied these other accommodations to which he is entitled, access entitlements</u>.

10. <u>Denial of access to benefits of services, programs, or activities of the DOC, arises as a direct consequence of the administrative decision to move Offender Valdez from Unit 7 to the Infirmary - medical population</u>. This action seems to be non-compliant to prior approved ADA accommodations, <u>and discriminatory, in part</u>. Montez Plan, para. I (Policy) on non-discrimination.

11. Offender Valdez, for administrative reasons, was moved out of Unit 7 which was equipped to accommodate his 'Sect. XIV' 'Everyday Living Assistance' needs, and where he was provided participation in or allowed benefit of services, programs, or activities of the DOC, into the Infirmary setting wherein he is not allowed to access such things. He should not suffer loss of access entitlements.

12. Placement in the Infirmary setting has the appearance of a permanent housing assignment, due to such administrative decision, and no other means to accommodate his need due to the circumstances above.

13. For reasons discussed above, <u>Counsel(s) should make every reasonable effort to ensure that Offender Valdez is not the subject of discrimination, rather provided participation in or allowed benefits and services, programs, or activities of the DOC within the Infirmary setting to which he is assigned. It is a fair remedy under the circumstances</u>;

14. It would also benefit <u>Offender Valdez whereas a sufficient number of OCA I-II-III assistant(s) are assigned to him to help meet his care aid needs with respect to all such matters</u>.

15. <u>Averting further harm and discrimination in this way would likely also serve to prevent harm and discrimination on behalf of the whole Class during crossover operations arising from closure of 'FCF'</u>. Claimant Objection (5-23-11).

16. <u>This is an apparent consequence arising from closure of 'FCF' to date, but one which may be promptly corrected by Counsel(s) intervention</u>.

Date: 8-30-11

Respectively submitted

Robbie Eugene Pruitt 43468
Claimant
Box 1010; Unit: 7-2-L-1 (CTCF)
Canon City, Co. 81215

- 2 -

## Certificate of Mailing

I hereby certify that I duly placed a true and correct copy of the foregoing Legal paper - Third Notice on Harm To Montez Class in a sealed postage paid envelop, and deposited the same in the US Mail addressed to:

Paula Greisen, Esq.
King & Greisen, LLP
Attorneys at law
1670 York St.
Denver, Co. 80206
(Counsel for Plaintiff Class)

Date: 8.30.11

James Quinn
Office of the Attorney General
1525 Sherman St., 5th Fl.
Denver, Co. 80203

(Counsel for Defendants)

(s) Bobbie Eugene Truitt 43468
Claimant