IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number X-554
Category: Untimely Filed Claim
Claimant: Larry N. Grant, #150782
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the letter of Claimant that was received on August 25, 2011. Claimant requests help to obtain various accommodations. Claimant alleges that he has a dire need for medical footwear and is fearful that he may lose his feet.

    Claimant has not filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant's letter will be treated as *pro se* motion for injunctive relief.

    The Special Masters were appointed to adjudicate claims made pursuant to the Remedial Plan approved by Judge Nottingham. The Remedial Plan is the settlement document that established the claim process. As noted, Claimant previously has not filed a claim.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. A copy of that order will be provided to Claimant, along with a copy of the order of January 19, 2011. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim. Claimant was not in DOC custody on or before August 27, 2003. Claimant came into DOC custody on 2010.

Judge Kane also ruled that all claims had to be filed on or before April 30, 2010. The Special Master has no jurisdiction over any letter or motion of Claimant. He may not file *pro se* motions in this case.

Claimant may contact class counsel for help. Claimant has the right to pursue his own law suit under the ADA in this Court. Claimant may not pursue any individual help through Article XXXII or any other section of the Remedial Plan.

IT IS HEREBY ORDERED that the letter of Larry N. Grant, being treated as new claim or *pro se* motion, is dismissed, as Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before October 31, 2011.**

SIGNED this 2nd of September, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master