IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

---

**PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING ROBERT RIPLIE, #107521**

---

Class Counsel, Paula Greisen of KING & GREISEN, LLP, hereby files this Objection to the Final Order of the Special Master relating to Robert Riplie [Doc. #4988] as it involves two systemic issues facing members of the diabetic class in this case:  1)  DOC's policy of  medical coding of class members which denies these individuals placement in the lower level security facilities that offer a range of jobs not offered at the higher level designated facilities; and 2) the denial of appropriate accommodations in the form of medical shoes (also known as tennis shoes) in order to prevent the recurrence of serious ulcers and blisters that pose serious medical issues to these class members.  In support of this Objection, Class Counsel states as follows:

1. <u>Medical Code Rating</u>:

The first issue raised by Mr. Riplie is that because he is a diabetic, he is assigned a medical code that precludes his progression through the system to placement at the lower level

facilities which offer the broadest range of jobs in the DOC.[1]  The Special Master noted that this "is a systemic issue affecting others who are also an M4." [Doc. #4988, p. 6].  As this Court is aware from the compliance hearings in this case, DOC has a policy of assigning a medical code to all diabetics of at least an M3.  See Plaintiff's Proposed Findings of Fact and Conclusions of Law ("PFOF") [Doc. #5068], Core Purpose Five, Material Criteria One, at p. 120-124.  As a result, these class members are not allowed to progress through the system because of their disabilities, contrary to the express requirement of the Remedial Plan.  *See* RP Section VI; *see also* PFOF, Core Purpose Five, Material Criteria One, at p. 120-130.  In 2003, Mr. Riplie had a minimum restrictive custody rating, which made him eligible for placement in the level 2 facilities, such as Four Mile Correctional Facility and Arrowhead.  *See* Attachment 3; *see also* PFOF, at p. 123-124.  DOC has confirmed to undersigned counsel that Mr. Riplie currently has a minimum custody scoring, making him eligible for all level 1 facilities, including the work camps, yet he is being housed at DRDC which has the fewest available jobs, if in fact it has any.[2] *See* Attachment 4; *see also* PFOF, at p. 185.

Accordingly, not only are these inmates, such as Mr. Riplie, not allowed the privilege of moving to a lower level facility, they are also denied the opportunity of participating in the broad range of programming and jobs unique to these lower level facilities.[3]  *See* PFOF, Core Purpose Five, Material Criteria Two, at p. 130-136.

---

[1] See Attachment 1.  Mr. Riplie is a diabetic who has no sensation in his feet, *id*. at Bates #00004 and thus by definition has neuropathy.  As a diabetic with complications, he would be assigned an M4 medical code, as shown by Exhibit D-2, p. 5, which was admitted at the compliance hearing and attached herein as Attachment 2.
[2] Class counsel has been informed that some inmates are being relocated to DRDC due to the impending closure of the Ft. Lyon facility.
[3] Mr. Riplie also specifically complained about his exclusion from the correctional industries dog program at Ft. Lyon Correctional Facility, which was a recurring issue with inmates with disabilities at that facility, as discussed in PFOF, p. 136-139.  It does not appear that the Special Master made any findings of fact related to this issue.

The Final Order of the Special Master found that Mr. Riplie was a member of the diabetic class in this case as of August 2003, as required to participate in these damage claims hearings. [Doc. #4988, p. 5].  The Special Master also acknowledged that class members may amend their claim forms to bring claims for damages that arise after August 2003 to the present.  *Id.* at p. 4. Mr. Riplie submitted a letter to the Special Master requesting that his complaints be accepted as an amendment to his original claim form, Attachment 5, and submitted a Revised Claim Form for Damages alleging these issues, Attachment 6.  As class counsel contends that Mr. Riplie is alleging discrimination in DOC's policy of assigning medical codes to diabetics that preclude the assignment of these class members to the lower level facilities that offer a much broader range of jobs, class counsel contends that Mr. Riplie has stated a claim which should be addressed and, if appropriate, remedied by the Special Master.  On that basis, Class Counsel appeals the denial of this claim, on behalf of Mr. Riplie and all class members similarly situated, whose claim was dismissed because the discrimination did not occur prior to August 2003.

2.  <u>Medical Shoes:</u>

As found by the Special Master, Mr. Riplie was determined to have diabetes when he entered into DOC in 2000.  [Doc. #4988, p. 5].  In his claim for damages, Mr. Riplie complained that he has been the victim of discrimination by not being provided the accommodation of appropriate footwear.  In fact, Mr. Riplie's medical records show that he has suffered from blisters and ulcers on his feet since 2004.[4]  *See* Attachment 1.  His medical records in 2009 show that he has no sensation to either foot, that he had a toenail missing and a swollen toe.  *Id.* at

---

[4] Class Counsel appreciates that not all of Mr. Riplie's medical records were submitted as exhibits by him to the Special Master.  However, because the damage claim hearings are *pro se* and the claimants are not always cognizant of the need to present such evidence, Class Counsel respectfully requests that the Court review these records as it relates to this Objection.

Bates #00004. These records also show that in 2009, that he had an ulcer from use of the state issued boots and that he himself had ordered tennis shoes. *Id*. at Bates #00007.[5] As of February 2010, those tennis shoes had yet to arrive and he had sores on his feet and lower legs from the state issued boots. *Id*. at Bates #00009.[6] This record also notes that the tennis shoes ordered by Mr. Riplie are out of stock and he must wait until they become available. *Id*. Apparently, he finally got the tennis shoes he ordered, but complained to medical that he doesn't always have money to buy himself the tennis shoes. *Id*. at Bates #00011.[7] Thus, it is clear that despite the fact that Mr. Riplie has a history of diabetes and ulcers on his feet, he still has to self-purchase the necessary accommodation of tennis shoes—rather than DOC providing this item as a necessary accommodation for his diabetes.

At the compliance hearing, Plaintiffs submitted evidence on the serious problems posed by DOC's refusal to provide this basic accommodation to inmates with diabetes. S*ee* PFOF, Core Purpose Five, Material Criteria Three, at 151-154. The refusal by DOC to provide this accommodation unless there is a determination that such shoes are "medically necessary" is a systemic problem and is the most dominant complaint raised about diabetic care at DOC. *Id*. As evidence of this continuing policy at DOC, see Defense Exhibit C that was submitted at the damage claims hearing, the Accommodation Resolution form for Mr. Riplie acknowledging that he is a diabetic and stating on accommodation #9 that he will only receive prescription medication if clinical services determines it is necessary. Inmates with diabetes do not receive soft soled shoes as an accommodation for their diabetes unless they are given a medical

---

[5] This record was submitted in defense Exhibit D.
[6] This record was submitted in defense Exhibit D.
[7] This record was submitted in defense Exhibit C.

prescription for the shoes by clinical services.  *Id*.;  Compliance Hearing Exhibit 560, p. 8, E.3. Even under this standard, Mr. Riplie should be granted the accommodation of soft soled shoes as he is a diabetic with a history of foot ulcers—yet he has never been granted the shoes and must self-purchase.

In the Final Order of Special Master, there was no determination with respect to Mr. Riplie's complaints about his footwear problem.  As an inmate who was a member of the diabetic class prior to August 2003, and one who is alleging discrimination that is ongoing, the Special Master should have jurisdiction to address Mr. Riplie's claim.  On behalf of Mr. Riplie, and all those similarly situated who have been denied appropriate footwear as a reasonable accommodations for their diabetes, class counsel objects to the this Final Order and request that the Special Master address this important issue.

Accordingly, Class Counsel files this Objection to the Final Order of the Special Master in the above matter and request that this case, and others similarly situated, be remanded to the Special Master for consideration of the discriminatory events that occurred after August 2003 regarding the assignment of medical codes which operate to prevent inmates with disabilities from progressing through the system, and the denial of the necessary accommodation of soft soled shoes to inmates with diabetes.

Respectfully submitted this 19th day of September, 2011.

*Attorneys for Plaintiff Class*

*s/ Paula Greisen*
Paula Greisen
Jennifer W. Riddle
KING & GREISEN, LLP
1670 York Street

5

Denver, CO  80206
(303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Heizer Paul Grueskin LLP
2401 15th Street, Suite 300
Denver, CO  80202
(303) 376-3712
eramey@hpgfirm.com

Blain D. Myhre
Blain Myhre LLC
P.O. Box 3600
Englewood, CO  80155
(303) 250-3932
blainmyhre@gmail.com

Lara E. Marks
Foster Graham Milstein & Calisher LLP
621 Seventeenth Street, 19th Floor
Denver, CO  80293
(303) 333-9810
lmarks@fostergraham.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on September 19, 2011, the foregoing **PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING ROBERT RIPLIE, #107521** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

James Quinn
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
james.quinn@state.co.us

A courtesy copy was also sent via electronic mail to:

Richard M. Borchers, Special Master
The Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030
(303) 426-7365
Fax (303) 426-7714
dborchers@legalres.com

A courtesy copy was also sent via U.S. Mail to:

Robert Riplie, DOC #107521
Denver Reception & Diagnostic Center
P.O. Box 392004
Denver, CO  80239


                              *s/ Laurie A. Mool*
                              Paralegal, King & Greisen