| ADMINISTRATIVE REGULATION | REGULATION NUMBER | PAGE NUMBER |
|---|---|---|
| | 700-19 | 1 OF 10 |
| COLORADO DEPARTMENT OF CORRECTIONS | CHAPTER: Offender Health Services | |
| | SUBJECT: Sex Offender Treatment and Monitoring Program (SOTMP) | |
| RELATED STANDARDS: ACA Standards 2-CO-4B-04, 2-CO-4E-01, and 4-4281-4 | EFFECTIVE DATE: April 1, 2011 | |
| | SUPERSESSION: 04/01/10 | |
| OPR: OCS  REVIEW MONTH: June | Tom Clements Executive Director | |

I. POLICY

*It is the policy of the Department of Corrections (DOC) to provide specialized sex offense specific treatment [2-CO-4E-01] to identified offenders to reduce recidivism and enhance public safety by providing a continuum of identification, treatment, and monitoring services throughout incarceration. [2-CO-4B-04] [4-4281-4]*

II. PURPOSE

*This administrative regulation (AR) establishes the general scope and limits of sex offender treatment services provided to DOC offenders. [2-CO-4B-04]*

III. DEFINITIONS

A. Administratively Determined Sex Offender: An offender who has been classified as a sex offender through sexual violence needs (SVN) classification review procedures due to an unadjudicated sexual abuse allegation. This includes S4 administrative reviews conducted by specially trained DOC personnel prior to July 1, 2008, and SVN classification reviews conducted by an administrative hearing officer after July 1, 2008. This offender has a sexual violence needs code of S4.

B. Cognitive Behavioral Therapy: Therapy that addresses the offender's thoughts as a basis for changing feelings and behavior. New pro-social behavior patterns and problem solving skills are also developed.

C. Institutionally Determined Sex Offender: An offender who has been classified as a sex offender after a facility disciplinary conviction in the DOC or any other detention facility such as a jail, federal or other state correctional facility, community corrections agency, residential placement, or institution, before July 1, 2008. After July 1, 2008, an offender may also be classified if he/she has a sexual violence needs classification review as a result of institutional sexual offending behavior. This offender has a sexual violence needs code of S3.

D. Judicially Determined Sex Offender: An offender who has received judicial determination by conviction, adjudication, deferred judgment and sentence, per CRS 16-11.7-102, judicial finding of sexual factual basis, or requirement to register as a sex offender, per CRS 16-22-103. This offender is not entitled to a sexual violence needs classification review and has a sexual violence needs code of S5.

E. Pattern of Interpersonal Violence: Includes but is not limited to sexual abuse, domestic violence, child abuse, assault, violation of restraining order, kidnapping, menacing, stalking, or harassment.

EXHIBIT A-1 03-128

| CHAPTER | SUBJECT | AR # | Page 2 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

F. Relapse Cycle: A description of the thoughts, feelings, and behaviors that progressively lead the sex offender to re-offend.

G. Sex Offender: Any offender classified an S3, S4, or S5, per AR 750-02, *Sexual Violence Needs Classification*.

H. Sexual Abuse: Sexual behaviors to include, but not limited to, assault, battery, mutilation or torture of the genital area, and intentional unwanted sexual conduct, which can be verbal, written, visual, or physical; this includes attempts, conspiracies, and solicitations. Minor children cannot consent to sexual behavior with an adult; therefore, by definition any sexual conduct with a child would be unwanted.

I. Sexual Violence Needs (SVN) Classification Review: A due process review of the offender's history concerning sexually abusive behavior that may result in a determination regarding sex offender classification.

J. SOMB Standards: In 1992, the Colorado General Assembly passed legislation that created a Sex Offender Management Board (SOMB) to develop standards and guidelines for the assessment, evaluation, treatment, and behavioral monitoring of sex offenders.

K. SOTMP: Sex Offender Treatment and Monitoring Program.

L. SOTMP Employees: DOC employee, contract worker, or volunteer who works for the Sex Offender Treatment and Monitoring Program (SOTMP) or on behalf of SOTMP, supporting its mission and goals.

M. SOTMP Staffing: Sex offender treatment team discussion, including at least one SOTMP supervisor, regarding relevant offender case material to make treatment recommendations.

N. Treatment: The therapeutic relationship and activities between a mental health clinician and an offender with the goal of bringing about change in the offender's attitudes and behaviors that result in favorable, pro-social adjustment.

O. Treatment Qualifiers: Codes used to identify the offender's SOTMP status. The codes are subject to change throughout the offender's incarceration.

P. Unadjudicated Sex Abuse Allegation: Information regarding behavior that indicates possible sexual abuse, but the offender has not been judicially, administratively, or institutionally determined to be a sex offender. This offender is entitled to a sexual violence classification review or may have already had due process and as a result is not subject to sex offense specific treatment. These cases have a sexual violence needs code of S2.

IV. PROCEDURES

The Denver Complex programmers and Sex Offender Diagnostic Unit gather and review relevant documents and classify offenders according to the sexual violence needs classification procedures detailed in AR 750-02, *Sexual Violence Needs Classification*. The following guidelines and procedures are used to identify offenders with sexual violence treatment or supervision needs:

A. Identification of Sexual Violence Needs: Each offender entering the Department of Corrections shall have his/her available records reviewed by Denver Complex programmers to ascertain sexual violence needs classification in one of these five categories:

1. S5: Any judicial determination of sex offense.
2. S4: Any administrative determination of sex offense to include prior sexual violence needs classification review.
3. S3: Any institutional determination of sex offense behavior to include facility disciplinary convictions.
4. S2: Unadjudicated sex abuse allegation.
5. S1: No arrests or reports indicating sex offense behavior

| CHAPTER | SUBJECT | AR # | Page 3 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

B. **SOTMP Treatment Qualifiers:** Offenders classified S3 – S5 may be subject to recommendation for sex offense specific treatment. The following treatment qualifiers further identify SOTMP recommendations in Sexual Violence Needs Classification.

1. **R – Ready:** The offender currently meets the SOTMP participation requirements.

2. **P – Pending:** The offender meets the SOTMP participation requirements but has previously been terminated, removed from the waitlist for cause, dropped-out of treatment, or had refused SOTMP placement. Offenders should be coded an R-Ready when satisfactorily participating in SOTMP treatment for 30 days.

3. **D – Does Not Meet Criteria:** The offender does not meet the SOTMP participation requirements.

4. **I – Ineligible:** The offender is not within eight years to parole eligibility date and is not yet eligible for SOTMP. This includes life with no parole sentences.

5. **E – Evaluation:** More clinical information is required to assess the offender's risk to public safety prior to a decision regarding needs and recommendations.

6. **T – Temporary:** The offender is being evaluated for possible classification review. He/she cannot be recommended for sex offense specific treatment without due process afforded in AR 750-02, *Sexual Violence Needs Classification*.

7. **X – Excluded:** The offender has had a classification review that did not result in a classification as a sex offender, has had a judicial determination of "No sexual factual basis" or was acquitted of sexual abuse. Treatment will not be recommended unless there are facts from a separate allegation that may warrant a change in the sexual violence needs classification.

8. **L - Low:** The offender may have an administrative, judicial, or institutional determination of a sex offense, but are a low resource priority for SOTMP services at the current time. Offenders with unadjudicated sex abuse allegations may also be low resource priority for classification review. These offenders may have their priority reassessed at any time during incarceration, community, or parole.

9. **F – Future:** The offender has a sexual behavior criminal case waiting judicial determination.

C. **Diagnostic Unit Screening:** Upon admission to DOC, sex offenders will be processed in the following manner:

1. Diagnostic programmers will initially establish a sexual violence needs code on all offenders. The codes may be re-evaluated by SOTMP.

2. Diagnostic programmers may consult the SOTMP diagnostic unit for clarification and final determination.

3. SOTMP will review relevant documents and request additional documents if necessary (e.g., law enforcement reports, court transcripts, and mental health evaluations and reports) and determine if the offender will be recommended for sex offender treatment or, if necessary, refer the case for team staffing with the sex offender treatment team.

D. **Recommendations for Treatment:** The following guidelines will be used in the recommendation of sex offense specific treatment for offenders in prison. Exceptions to these guidelines may be made with the reasoning for the exception documented.

1. Offenders classified as S3 through S5, except those with a qualifier of "L," will be recommended for SOTMP participation while incarcerated.

2. To determine if an offender is a low resource priority (qualifier "L") and not actively recommended for sex offense specific treatment in prison, SOTMP will evaluate factors that may indicate continuing or diminished risk.

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

Unless continuing risk factors exist, offenders may be considered low priority for treatment in prison if they have a single sexual abuse allegation or conviction that occurred more than ten years from the most recent admit date and have had five continuous unsupervised years in the community without any type of arrest. SOTMP will use clinical judgment when assessing risk indicators. Some of the risk factors that may be considered include, but are not limited to:

   a. A prior sex offense conviction or a pattern of sexual abuse allegations.
   b. Perpetration of sexually abusive behavior in prison.
   c. A history of further interpersonal violence demonstrating a continuing cycle of abuse.
   d. Sexual abuse that was particularly deviant, violent, sadistic, traumatic, or contains other significant factors.

3. Offenders who self report a need for sex offense specific treatment, without any known history of sex offense behavior, will be told the consequences of self-reporting a sex offense and will be required to write out and sign a description of the sexual abuse. The offender must be offered a classification review or waive his/her right to a classification review before sex offense specific treatment can be recommended.

4. Treatment and supervision recommendations and priority may be reassessed while in community or parole based upon increased need for public safety.

E. **Treatment Participation Requirements and Prioritization**: The Sex Offender Treatment and Monitoring Program is cognitive behavioral in orientation and has participation requirements. Offenders who are recommended for sex offense specific treatment will be assessed by SOTMP to determine if they currently meet treatment participation requirements. This information may be used to assist in facility placement decisions. *[4-4281-4]*

   1. To the extent resources permit, offenders may be prioritized for treatment based upon, but not limited to, sentence type, parole eligibility date, appropriate institutional behavior and placement, and prior SOTMP treatment opportunities. Due to limited resources, offenders should be placed in treatment according to the following guidelines in priority order:

      a. Lifetime supervision sentenced offenders that are within four years of their parole eligibility date.

      b. Traditional determinate sentenced offenders with active judicial determinations of a sex crime that are within four years of their parole eligibility date.

      c. Offenders with unadjudicated sex abuse allegations that were classified as a sex offender based upon an active DOC sentence that is within four years of their parole eligibility date.

      d. Offenders evaluated as having a continuing treatment need, with sexual violence needs classification of S5, S4, or S3 based upon inactive sentences.

      e. Offenders with unadjudicated sex abuse allegation(s) that require the classification review process.

   Offenders that have not had an opportunity to participate in treatment will have priority over an offender that has had an opportunity and did not take advantage of that opportunity. These offenders may not be placed back upon a waiting list until a prescribed amount of time has passed.

   SOTMP may initiate exceptions to these guidelines based on the severity of the identified treatment needs or other considerations.

   2. To be qualified to be placed upon a waitlist for the Sex Offender Treatment and Monitoring Program offenders must meet the following requirements:

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

  a. Must have eight years or less to PED (parole eligibility date).
  b. Must admit to sexually abusive behavior and be willing to discuss the details of their behavior.
  c. Must be willing to admit to problems related to sexually abusive behavior and work on them in treatment.
  d. Must demonstrate a willingness to participate in group treatment at the level recommended by the program.
  e. Must sign and comply with the conditions of all SOTMP treatment contracts.

 3. Phase II SOTMP is for sex offenders who have successfully completed Phase I and are assessed as currently meeting the Phase II participation requirements, or have been assessed to have successfully completed equivalent treatment in the community. This assessment is conducted by SOTMP and may include, but is not limited to, collection of collateral documentation, a knowledge test, evaluation, and clinical interview.

F. **Sex Offender Treatment Phases**: The Sex Offender Treatment and Monitoring Program provides comprehensive assessment, evaluation, treatment, and monitoring services to sexual offenders who are motivated to eliminate sexual abuse behaviors. SOTMP is responsible for assessing the offender's progress when recommending specific SOTMP phases for participation. To the extent resources permit, SOTMP offers:

 1. <u>Phase I</u>: A time-limited cognitive behavioral psycho-educational therapeutic group focusing on the common problem areas of sex offenders. The goals include:

  a. The offender takes full responsibility for his/her sexually abusive behavior.

  b. The offender identifies, in depth, problem areas he/she needs to continue to work on in Phase II.

  c. The offender demonstrates a willingness to utilize the treatment program to make changes to prevent further sex offense behavior through participation in the treatment group and behavior in the institution.

  d. To further evaluate the offender's motivation for treatment and willingness to commit himself/herself to the change process.

 2. <u>Phase II</u>: Consists of cognitive behavioral groups focusing on changing the offenders distorted thinking and patterns of behaviors, as well as helping the offender develop effective relapse prevention plans (i.e. personal change contracts). This phase may be offered in a modified therapeutic community treatment environment or in a regular group format. The goals include:

  a. The offender receives further evaluation of his/her treatment needs and problems areas.

  b. The offender applies and incorporates the material learned in Phase I into his/her lifestyle.

  c. The offender identifies and changes distorted thinking.

  d. The offender prepares for living a responsible lifestyle in the community.

  e. The offender realizes the importance of developing a balanced lifestyle and monitoring his/her thoughts and behaviors for the rest of his/her life.

  f. The offender identifies his/her relapse cycle and methods for intervention in the cycle.

  g. The offender realizes the importance of sharing his/her relapse cycle and methods of intervention with significant others in his/her life.

  h. The offender practices and incorporates a model for solving problems.

| CHAPTER | SUBJECT | AR # | Page 6 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

    3. SOTMP also offers, to the extent that resources permit, specialized services to the following sex offenders: female, youth, Spanish speaking, and offenders with medical restrictions, hearing impairments, developmental disabilities, and chronic mental illness.

G. <u>Sex Offense Specific Evaluation</u>: SOTMP will utilize sex offense specific evaluations or updates to include, but not limited to, clinical interview, collateral information, psychological testing, sexual interest testing, and/or polygraph testing to inform individualized treatment recommendations and plans.

H. <u>SOTMP Recommendation for Progression to Community</u>: SOTMP, as a result of team staffing, may make recommendations regarding progression to community based on the offender's behavior, successful progress in treatment, and SOMB Standards.

    1. Criteria for positive recommendation for offenders with determinate sentences or a minimum lifetime supervision sentences of six years or more:

        a. The offender must be actively participating in treatment and applying what he/she is learning.

        b. The offender must have completed a non-deceptive polygraph assessment of his/her deviant sexual history. Any recent monitoring polygraph exams must also be non-deceptive.

        c. The offender must have completed a comprehensive personal change contract (relapse prevention plan) which is approved by the SOTMP team.

        d. The offender must have, at a minimum, one approved support person who has attended the Support Education Program and has reviewed and received a copy of the offender's personal change contract through participation in a SOTMP therapist facilitated disclosure session with the offender.

        e. The offender must be practicing relapse prevention with no institutional acting out behaviors within the past year.

        f. The offender must be compliant with any DOC psychiatric recommendations for medication which may enhance his/her ability to benefit from treatment and or reduce his or her risk of re-offense.

        g. The offender must be able to be supervised in the community without presenting an undue threat.

    2. Criteria for positive recommendation for offenders with a minimum lifetime supervision sentences of two to five years:

        a. The offender must be actively participating in treatment and applying what he/she is learning.

        b. The offender must have completed a non-deceptive polygraph assessment of his/her deviant sexual history. Any recent monitoring polygraph exams must also be non-deceptive.

        c. The offender must be practicing relapse prevention with no institutional acting out behaviors within the past year.

        d. The offender must have defined and documented his/her sexual offense cycle.

        e. The offender must have, at a minimum, one approved support person who has attended the support education program and has reviewed and received a copy of the offender's sexual offense cycle through a SOTMP therapist facilitated disclosure session with the offender.

| CHAPTER | SUBJECT | AR # | Page 7 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

    f.   The offender must be compliant with any DOC psychiatric recommendations for medication which may enhance his/her ability to benefit form treatment and or reduce his/her risk of re-offense.

    g.   The offender must be able to be supervised in the community without presenting an undue threat.

3.  Criteria for positive recommendation for offenders with a minimum lifetime supervision sentences of less than two years:

    a.   The offender must be actively participating in treatment and applying what he/she is learning.

    b.   The offender must have completed a non-deceptive polygraph assessment of his/her deviant sexual history. Any recent monitoring polygraph exams must also be non-deceptive.

    c.   The offender must participate in a comprehensive sex offense-specific evaluation and have a SOTMP approved individual treatment plan.

    d.   The offender must have no institutional acting out behaviors within the last year.

    e.   The offender must be compliant with any DOC psychiatric recommendations for medication which may enhance his/her ability to benefit from treatment and or reduce his/her risk of re-offense.

    f.   The offender must have a plan to establish at least one approved support person.

    g.   The offender must be able to be supervised in the community without presenting an undue threat.

I.  Probation and Termination from Treatment

1.  Offenders may be placed on a treatment probation contract if they are not adequately progressing in treatment or not complying with conditions of the treatment contract. The intent of probation is to provide the offender with a timeframe and requirements to meet program expectations, thereby affording the offender every opportunity to improve his/her participation and continue in group. Offenders that do not improve their participation may be suspended from group and recommended for termination.

2.  More serious violations of the treatment contract may result directly in suspension from group without a period of probation.

3.  AR 700-32, *Sex Offender Review of Termination from Treatment*, regulates termination from SOTMP treatment.

4.  Offenders voluntarily dropping out of treatment will submit a signed resignation letter or other written statement regarding their refusal to participate in treatment.

J.  Training Programs on Sex Offender Treatment: In order to facilitate continuity of care and enhance communication between the Sex Offender Treatment and Monitoring Program employees and correctional employees, SOTMP training programs will be offered.

K.  Support Education Program

1.  This program is designed to help the support person(s) become positive informed support to help the offender be successful in treatment by attending the support and education groups, having a positive relationship with the treatment provider and parole officer, and being well versed in the offender's treatment and supervision requirements. This includes educating the sexual offender's support system about potential for re-offense and the

| CHAPTER | SUBJECT | AR # | Page 8 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

offender's specific risk factors. This allows the support system to become an effective component of the sexual offender's change efforts and relapse prevention plan. The support system can be an important factor in the sexual offender's long-term adjustment in the community and in preventing future sexual offending behavior.

2. Research has established that sex offenders are more successful in the community when they have positive, informed support from individuals that have:

    a. Accurate knowledge of the offender's crime of conviction, history of prior criminal convictions, sexual offense history, and sexual deviancy behaviors.

    b. Accurate knowledge of the offender's methods of deception and manipulation, particularly as they apply to the informed supporter.

    c. Accurate knowledge of rules and expectations as provided by the parole officer and treatment provider.

    d. Awareness of the offender's potential victims.

    e. Awareness of the cycle, offense patterns and early abuse signs.

    f. Familiarity with the offender's schedule and whereabouts.

    g. The ability to enhance and encourage application of the offender's treatment tools outside of the therapy setting.

    h. A working relationship with the treatment provider and criminal justice supervisor.

    i. The ability to acknowledge the seriousness of the offending behavior.

    j. The ability, skills and tools to hold the offender accountable early in the onset of risky behaviors.

    k. Willingness to report non-compliance to the supervisory team.

3. The Support Education Program is designed to facilitate positive, informed support as described above and:

    a. Help support person(s) identify high risk behaviors and attitudes in the sexual offender and intervene before re-offense.

    b. Help support person(s) understand and reinforce the sexual offender's participation and progress in treatment.

    c. Prepare appropriate support person(s) for the therapist facilitated disclosure meeting in which the sex offender discloses his/her sexual offense history, sexually deviant behavior, sex offense cycle, risk factors, relapse prevention plan, safety plan and methods of deception and manipulation particularly as they apply to each support person.

    d. Prepare and encourage support person(s) to develop a cooperative working relationship with the treatment providers and community supervision team.

4. The following factors will be considered by the SOTMP team when determining whether a potential support person will be approved:

    a. Is not currently under the jurisdiction of any court or criminal justice agency for a matter that the team determines could impact his/her capacity to safely serve as an approved support person;

    b.   Has no prior convictions. If ever accused of interpersonally violent behavior, unlawful sexual behavior or child abuse, presents information requested by the team so that the team may assess current impact on his/her capacity to serve as an approved support person;

    c.   Does not participate in criminal activities;

    d.   Has agreed to undergo a criminal history background check utilizing NCIC/CCIC and other court and criminal justice records;

    e.   Has no significant cognitive or intellectual impairment;

    f.   Has no substance abuse or significant mental health problems;

    g.   Has no significant health limitation that interferes with the ability to support the offender;

    h.   Has adequately resolved any issues regarding personal history of victimization;

    i.   Has no history of the sex offender perpetrating domestic violence or any other form of victimization against him/her;

    j.   Has not perpetrated domestic violence or any other form of victimization against the offender;

    k.   Is not hostile toward systems designed to intervene;

    l.   Is willing to maintain open communication with the treatment providers and parole officers and report offender behavior;

    m.   Is willing to maintain the goal of "no more victims" and community safety;

    n.   Does not participate in victim blaming;

    o.   Is 21 years old or older.

5.   Additional factors that will be considered include, but are not limited to: participation in the support education program, ability to support the offender's change efforts, ability to acknowledge the seriousness of the offending behavior, ability to hold the offender accountable as described in number 2, ability to support the treatment and supervision rules and requirements, and positive participation in the therapist facilitated disclosure meeting to receive and review the offender's cycle or personal change contact.

6.   As a result of this important, time consuming responsibility, an approved support person should not support more than one sex offender at a time.

## V. RESPONSIBILITY

A.   It shall be the responsibility of the chief of Behavioral Health Services and the SOTMP administrator to ensure this administrative regulation is implemented.

B.   The SOTMP administrator will review this regulation annually.

C.   It shall be the responsibility of the SOTMP administrator, supervisors and employees, and DOC employees, contract workers, or volunteers to be knowledgeable of this administrative regulation.

| CHAPTER | SUBJECT | AR # | Page 10 |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | EFFECTIVE 04/01/11 |

VI. <u>AUTHORITY</u>

    A. CRS 16-11.7 through 107 ARTICLE 11.7 STANDARDIZED TREATMENT PROGRAM FOR SEX OFFENDERS.
    B. CRS. 18-1.3-1001 through 18-1.3-1010. SENTENCING IN CRIMINAL CASES.
    C. CRS. 16-22-101 through 16-22-115. COLORADO SEX OFFENDER REGISTRATION ACT.


VII. <u>HISTORY</u>

    April 1, 2009
    November 1, 2008
    November 1, 2007
    November 1, 2006
    November 1, 2005
    September 1, 2005
    September 1, 2004


ATTACHMENTS:   A.   AR Form 100-01A, Administrative Regulation Implementation/Adjustments

ADMINISTRATIVE REGULATION
IMPLEMENTATION/ADJUSTMENTS

AR Form 100-01A (04/15/08)

| CHAPTER | SUBJECT | AR # | EFFECTIVE |
|---|---|---|---|
| Offender Health Services | Sex Offender Treatment and Monitoring Program (SOTMP) | 700-19 | 04/01/11 |

(FACILITY/WORK UNIT NAME)_____   _____
WILL ACCEPT AND IMPLEMENT THE PROVISIONS OF THE ABOVE ADMINISTRATIVE REGULATION:

[ ] AS WRITTEN   [ ] NOT APPLICABLE   [ ] WITH THE FOLLOWING PROCEDURES TO ACCOMPLISH THE INTENT OF THE AR

(SIGNED) _____   (DATE) _____
            Administrative Head

Attachment "A"
Page 1 of 1