IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING ROBERT RIPLIE, #107521**

Class Counsel, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, hereby file this Reply to Defendants' Response to Plaintiffs' Objection to the Final Order of the Special Master Regarding Robert Riplie [Doc. #5181] to address Defendants' argument regarding the denial of appropriate accommodations in the form of medical shoes to diabetic class members and Mr. Riplie's medical code.  Class Counsel states as follows:

1) <u>Medical Shoes</u>:

DOC erroneously argues in its Response to Plaintiffs' Objection [Doc. #5181], that the appropriateness of footwear or any medical device provided for medical purposes is "properly in the purview of medical professionals and not an ADA related decision."

Issues regarding standards for disability determinations and the provision of ADA related accommodations were previously resolved by the Court during the 2008 compliance hearings.

The Court specifically held that the standard of what is a "medical necessity" is to be determined by the law under the Americans with Disabilities Act ("ADA"), rather than medical standards. *See Attachment 1 - Reporter's Transcript, Compliance Hearing 119:19-22.*[1]  The Court further noted where there is an impairment under the ADA and there is a failure to provide medication to keep the impairment from happening, "that is not purely a medical problem." *Id.* at 119:16-18.

It is undisputed that Mr. Riplie has diabetes, which was diagnosed upon his entry to DOC in 2000.  (Doc. #4988, p. 5.)  Evidence was presented to show that Mr. Riplie has suffered from blisters and ulcers on his feet and that the accommodation of soft-soled shoes would have alleviated pain and promoted healing.  Whether there was a determination that such shoes were "medically necessary" is not relevant within the context of the ADA.  DOC's failure to provide Mr. Riplie with soft-soled shoes as an accommodation for his diabetes on the basis that they were not "medically necessary" is exactly the type of conduct that this Court has prohibited.  The fact that DOC continues to raise the defense of what is "medically necessary" in response to the accommodation needs of inmates with disabilities underscores DOC's continued non-compliance with this Courts orders and the Remedial Plan regarding this matter.

On behalf of Mr. Riplie, and all those similarly situated who have been denied appropriate footwear as a reasonable accommodations for their diabetes, Class Counsel requests that the Final Order of the Special Master in the above matter be remanded for consideration of

---

[1] The transcript pages referenced here are attached as Attachment 1.  Please note the typographical error in the date recording.  The cover page reads "the 25th day of March, 2007," when the hearing actually occurred on March 25, 2008.

the discriminatory practice of denying the necessary accommodation of soft soled shoes to inmates with diabetes.

2) <u>Medical Code Rating:</u>

In his claim for damages, Mr. Riplie specifically raised the issue that his medical code interfered with his ability to obtain employment outside of the fence.[2] At the hearing, Defendants only presented evidence describing the medical coding system. Defendants did not submit any evidence of the S-code issue that has been asserted in the Response to Plaintiffs' Objection [Doc. #5181]. Defendants now present an entirely new explanation for Mr. Riplie's classification and argue that it is Mr. Riplie's classification as S-5D that has prevented him from progressing to a lower level security facility.[3]

As Defendants' defense related to the S-code issue was not raised at the hearing, it is a defense that should not be allowed to be raised for the first time on appeal. If, on the other hand, this new issue is allowed to be raised, then the matter should be remanded to the Special Master to determine whether there was a failure to allow Mr. Riplie to obtain employment because of his medical code or for the S-Code reason now asserted.

For the reasons stated above, Class Counsel files this Reply and requests that this case be remanded to the Special Master for consideration of the discriminatory acts related to the failure to provide diabetics with medical shoes and the assignment of medical codes.

Respectfully submitted this 18th day of October, 2011.

*Attorneys for Plaintiff Class*

---

[2] Plaintiffs' fully addressed this issue in their Objection to the Final Order of the Special Master [Doc. # 5165].

[3] Defendants' also argue that Mr. Riplie's medical code issue is not "ripe for review" when it was, in fact, the very issue decided before the Special Master during the damage claim hearing.

*s/ Jennifer W. Riddle*
Jennifer W. Riddle
Paula Greisen
KING & GREISEN, LLP
1670 York Street
Denver, CO  80206
(303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Heizer Paul Grueskin LLP
2401 15th Street, Suite 300
Denver, CO  80202
(303) 376-3712
eramey@hpgfirm.com

Blain D. Myhre
Blain Myhre LLC
P.O. Box 3600
Englewood, CO  80155
(303) 250-3932
blainmyhre@gmail.com

Lara E. Marks
Foster Graham Milstein & Calisher LLP
621 Seventeenth Street, 19th Floor
Denver, CO  80293
(303) 333-9810
lmarks@fostergraham.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, the foregoing **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING ROBERT RIPLIE, #107521** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

James Quinn
Attorney for Defendants

Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
james.quinn@state.co.us

A courtesy copy was also sent via electronic mail to:

Richard M. Borchers, Special Master
The Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030
(303) 426-7365
Fax (303) 426-7714
dborchers@legalres.com

A courtesy copy was also sent via U.S. Mail to:

Robert Riplie, DOC #107521
Denver Reception & Diagnostic Center
P.O. Box 392004
Denver, CO  80239

*s/ Laurie A. Mool*
Paralegal, King & Greisen