IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

**PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING KEITH A. MORRIS #116947**

Class counsel, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, hereby file this Objection to the Final Order of the Special Master relating to Keith A. Morris [Doc. #4987] as it involves a systemic issue affecting members of the Montez Class of disabled inmates in DOC which was not addressed by the Special Master in the Final Order. Specifically, Class counsel Objects to DOC's discriminatory practice of implementing a policy where it has determined that it will not provide mobility disabled inmates with the reasonable accommodation of prosthetic devices if they have been provided a wheelchair. This practice has impacted Mr. Morris and has class wide implications. In support of this Objection, Class counsel states:

1) <u>DOC's Failure to Provide Prosthetic Devices</u>

A hearing was held before the Special Master on Mr. Morris' claim for individual damages. During the hearing, Defendants called Dr. Gagandeep Singh, M.D. as a witness. In

response to the Special Master's inquiry as to whether Mr. Morris would ever be a candidate for prosthesis, Dr. Singh testified that DOC has implemented a policy that it will not provide inmates, such as Mr. Morris, who is an individual who has had his legs amputated, with prosthetic limbs, but rather will only provide wheelchairs as an accommodations to such inmates with disabilities.  Dr. Singh further testified that in accordance with DOC's policy, prosthetics are not recommended for inmates who have functioning wheelchairs, and that even diabetics that have lost limbs in DOC will not been given the option for prosthesis as a reasonable accommodation.

Prior to obtaining the Special Master's Order in this case, Class counsel was unaware of the blanket policy, as testified to by Dr. Singh, of refusing to provide prosthetic devices to inmates with mobility disabilities, but rather only issuing them wheelchairs as an accommodation to their disability.  Such policy is of grave concern to Class counsel as it violates the fundamental tenets of the ADA to provide effective, reasonable accommodations to persons with disabilities.  42 U.S.C.S. 12101 *et seq*.

As the Court is aware, this case is governed by the law under the Americans with Disabilities Act ("ADA").  The ADA furthers Congress' goal regarding individuals with disabilities: "to assure equality of opportunity, full participation, *independent living*, and economic self-sufficiency for such individuals[.]"  42 U.S.C.S. §12101(a)(8); *Enyart v. Nat'l Conf. of Bar Examiners, Inc., Inc.*, 630 F.3d 1153, 1160 (9th Cir. Cal. 2011) (emphasis added)**.** Specifically, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C.S. § 12132.

Implementing regulations promulgated by the Department of Justice further clarify public entities' obligations under the ADA:

> A public entity, in providing any aid, benefit, or service, *may not*, directly or through contractual, licensing, or other arrangements, on the basis of disability—
> …
> Provide a qualified individual with a disability with an aid, benefit, or service that is *not as effective* in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]

28 C.F.R. § 35.130(b)(1) (*emphasis added*). *Bonnette v. D.C. Court of Appeals,* 2011 U.S. Dist. LEXIS 75076, 34-35 (D.D.C. July 13, 2011).

To determine the effectiveness of an aid, benefit or service provided by DOC, a "fact-specific, individualized analysis of the disabled individual's circumstances" is required. *Enyart v. Nat'l Conf. of Bar Examiners, Inc., Inc.*, 630 F.3d 1153, 1164-1165 (9th Cir. Cal. 2011). A blanket policy to deny prosthetics to inmates, as implemented by DOC, without such an inquiry, is a violation of the ADA.

The accommodation of a prosthetic device affords individuals, such as Mr. Morris, the ability to ambulate independently and would ensure access to full participation in the programs and services offered by DOC. Being wheelchair bound, and thus dependent upon the assistance of an aid or pusher to access the programs, benefits, and services of DOC, does not comport with the ADA goals of ensuring independent living and self-sufficiency.

2) <u>Jurisdiction over Mr. Morris' Claim for Damages</u>

Although the Special Master determined that the evidence presented by both parties established that Mr. Morris had been denied appropriate accommodations, in dismissing Mr.

3

Morris' claim, the Special Master did not consider the discriminatory act of DOC's failure to provide Mr. Morris with prosthetic legs, which occurred prior to August 27, 2003.

The Final Order of the Special Master found that Mr. Morris was a member of the class in this case as of August 2003. [Doc. #4987, p. 5]. The Special Master also acknowledged that upon a showing that discrimination occurred on or before August 27, 2003, the Special Master may consider evidence after that date if the discrimination was on-going. *Id.*

It is undisputed that Mr. Morris' legs were amputated in June of 2003 while in the custody of the Mesa County jail. Prior to being placed in DOC's custody, Mr. Morris had been fitted for prosthetic legs by Karsten Prosthetics, however these prosthetics were not finished and available to Mr. Morris before he entered DOC. When Mr. Morris entered DOC in March of 2003, he did so in his personal wheelchair with the hope of receiving his prosthetic legs soon.[1] As discussed above, Dr. Singh testified that because DOC apparently implemented a policy to not provide prosthesis to inmates, "so long as they have a working, functioning wheelchair," Mr. Morris did not receive his prosthetic legs after being transferred to DOC custody – which happened prior to August 2003.

In or around January of 2004, while at the Fort Lyon Correctional Facility, Mr. Morris' personal wheelchair was damaged beyond repair and DOC issued him a "loaner" wheelchair. The wheelchair issued by DOC did not provide proper support for Mr. Morris' frame, resulting in serious pressure sores and subsequent infection, as was testified to during the damage claim hearing. Mr. Morris also requested and was denied a cushion for his wheelchair. For a period of

---

[1] During the damage claim hearing, Mr. Morris testified about having his "legs fixed once when he first came in…but DOC said 'no'." Mr. Morris was not asked to elaborate on the facts.

4

time, Mr. Morris was without access to a shower chair and was forced shower while seated in his wheelchair.

The AIC worksheet for Mr. Morris reflects the fact that DOC disregarded his needs for *years* after the initial discriminatory decision deny him prosthetic legs upon entry to DOC. *Exhibit 1, Accommodation Worksheet*.  The following entries are demonstrative of DOC's on-going discrimination against Mr. Morris:

- 11/1/05 – "[t]hey have him in the biggest wheelchair there is, short of having one specially made.  Another guy in the unit had to have a special one for height but this is not the same thing."

- 7/11/06 – "Offender wants new wheelchair and different shower chair."

- 9/18/06 – The CMO determines that Mr. Morris is mobility disabled and recommends the following accommodations:  wheelchair, handicap cell, shower chair (three months after Mr. Morris requested a new wheelchair and shower chair, and three years after Mr. Morris was brought into DOC custody as a double amputee).

- 9/21/06 – "Offender currently does not have access to a shower chair…Offender reported that although his wheelchair is functional, the seat needs repair."

- 1/10/08 – Notation that Mr. Morris was given a "new, properly-sized chair at the end of November."

- 5/27/08 – Results from the wheelchair inspection clinic on 5/21/08 determined that Mr. Morris' wheelchair was in fair condition and was a "fair" fit.  Although it is indicated that the Roho cushion requested by Mr. Morris had been ordered, it was not confirmed.

*See Exhibit 1, Accommodation Worksheet.* Because DOC failed to provide Mr. Morris with a properly fitting wheelchair and cushion, Mr. Morris repeatedly developed pressure sores, which developed into serious infections.[2]

As a result of the policy to refuse prosthetic limbs as an accommodation, Mr. Morris and other similarly situated members of the Class, have been relegated to the use of wheelchairs – which, in the case of Mr. Morris, has caused other significant problems. It is unknown whether now, given the significant lapse in time of fitting Mr. Morris with prosthetics, such accommodations are still viable options for him. Nevertheless, the failure to provide such reasonable accommodations to him in a timely manner is a matter which should be fully explored at his damage claim hearing as there is sufficient evidence that as a result of DOC's policy not to provide prosthesis to inmates, Mr. Morris was discriminated against upon his entry to DOC in March of 2003, five months before the Remedial Plan was entered. DOC's failure to provide Mr. Morris with a proper fitting wheelchair, wheelchair cushion and shower chair subsequent to the decision not to fit Mr. Morris for prosthesis are discriminatory acts within the jurisdiction of the Special Master.

Class counsel contends that Mr. Morris has stated a claim which should be addressed and, if appropriate, remedied by the Special Master. On that basis, Class counsel objects to the denial of this claim, on behalf of Mr. Morris and all class members similarly situated, whose claim was dismissed on the basis that the discrimination did not occur prior to August 2003.

---

[2] Mr. Morris testified about these problems during the damage claim hearing. Although Dr. Singh testified that he had reviewed Mr. Morris' medical records, DOC did not present any evidence to dispute Mr. Morris' claims about sores and infections caused by the DOC issued wheelchairs.

Accordingly, Class counsel files this Objection to the Final Order of the Special Master in the above matter and request that this case, and others similarly situated, be remanded to the Special Master for consideration of the discriminatory events that occurred after August 2003 and DOC's failure to provide prosthetic devices and related accommodations.

Respectfully submitted this 24th day of October, 2011.

*Attorneys for Plaintiff Class*

*s/ Jennifer W. Riddle*
Jennifer W. Riddle
Paula Greisen
KING & GREISEN, LLP
1670 York Street
Denver, CO  80206
(303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
riddle@kinggreisen.com

Edward T. Ramey
Heizer Paul Grueskin LLP
2401 15th Street, Suite 300
Denver, CO  80202
(303) 376-3712
eramey@hpgfirm.com

Blain D. Myhre
Blain Myhre LLC
P.O. Box 3600
Englewood, CO  80155
(303) 250-3932
blainmyhre@gmail.com

Lara E. Marks
Foster Graham Milstein & Calisher LLP
621 Seventeenth Street, 19th Floor
Denver, CO  80293
(303) 333-9810
lmarks@fostergraham.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011, the foregoing **PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING KEITH A. MORRIS #116947** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

James Quinn
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
james.quinn@state.co.us

A courtesy copy was also sent via electronic mail to:

Richard M. Borchers, Special Master
The Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030
(303) 426-7365
Fax (303) 426-7714
dborchers@legalres.com

A courtesy copy was also sent via U.S. Mail to:

Keith A. Morris #116947
CTCF
P.O. Box 1010
Canon City, CO  81215-1010

*s/ Laurie A. Mool*
Paralegal, King & Greisen