ORIGINAL

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, ET AL
    Plaintiff,

v.

JOHN HICKENLOOPER, et al.
    Defendant.

Claim Number 01-076
Category: I
Claimant: Lawrence Fitzgerald, #66345

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 7 2011

GREGORY C. LANGHAM
                CLERK

---

**CLAIMANTS OBJECT TO CLASS COUNSEL DELIBERATE DENIAL TO HELP CLAIMANT PROPERLY LITIGATE HIS CLAIMS AS INJURED DIABETIC WITHIN THIS CLASS ACTION**

---

    Comes Now, Lawrence W. Fitzgerald being pro se and good faith filed this objection to this Honorable Courts Order of July 15, 2011 were the this Court stated there is no jurisdiction under Article XXXII of the and did so in 2004. The claim was dismissed on August 4, 2004, Claimant remedy is to file a separate lawsuit. There is no jurisdiction to do to do anything except dismiss the motion. IT IS HEREBY ORDERED that Claimant motion is denied and dismissed; and IT IS FURTHER ORDERED that Claimant and Defendant are advised that they may file an objection to this Order pursaunt to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, Colorado 80294 and this Order was given by this Honorable Court on the 15 day of July 2011

    Claimant filed with this Honorable Court a Motion To Amend Relation Back Amendments Pursuant Fed. R. Civ. P. Rule 15 A. B, and C. (1), (b), (c) this is a class action law suit against the Department of Corrections

    Claimant Fitzgerald, filed his pro se, claim on or about 2004 and it was dismissed on August 2, 2004. This Honorable Court stating Claimants remedy is to file a separate lawsuit. There is no jurisdiction to do anything except dismiss the motion.

Claimant filed his Motion To Amend Relation Back Amendments and also filed Motion requesting placement as party in complaint with a higher category number due to his medical injuries with all motions were exhibits of Claimants medical troubles as a **diabetic** which was found out he been one for almost 10 years or longer without DOC telling him.

Jesse Montez vs Bill Ritter Civil Action No. 92-CV-870-JLK for the United States District Court for Colorado 2010 U.S. District Lexis 40788 April 23, 2010 Decided, April 23, 2010 Filed. This case was commenced in 1992 under the American with Disabilities Act and Rehabilitation Act. The general allegation were DOC has many inmates who were disabled and who were being discriminated against because of those disapilities on August 27, 2003, Judge Nothingham Appealed the Remedial Plan. The document is the written settlement agreement between counsel for the Class and Defendant's. **Article XXXII** of the remedial plan provides for a claim process for individuals who were in DOC custody on or before August 27, 2003 and were the victims of discrimination prohibited by the ADA and Rehabilitation Action or before that date.

Judge Kane ruled on March 23, 2011 that the Remedial Plan does does not provide any basis for accepting claims or motions from inmates who were not in DOC custody on or before August 27, 2003. A copy of that Order will be provided to Claimant the Special Matter will refer this matter to Class Counsel pursuant to **Mcneal v. Guthrie, 945 F.2d 1163 (10th.Cir. 1991).** Claimant does retain the right to file his own lawsuit with the Court he may not pursue any claim for damages or file an motion for relief in this case. The Special Master has no discretion under Judge Kanes order and must dismiss the letter of Claimant which will be treated as a claim.

Claimant moves to have this case heared by this Honorable Court for the Complaints factual allegations of Fitzgeralds entitlement to a reformed insurance policy constitutes fraudulent and intention concealment, which there by tolls any statue of limitations that might otherwise appy to the facts as Fitzgerald Prison Number 66345 has been in the Department of Corrections since October of 1991. The Court opposes the Claimant request to amend contending the proposed amendment is out side the scope of Department of Corrections with the Montez Remedial Plain Policy and the Claimant has been illegally denied access to the true nature of his disabilites as his permanent mobility and vision impairments and other **diabetic** disabilities that caused my mobility impairment being over looked by **Class Counsel** who are aware of the illegal actions of Chief Medical Officer Paula J. Frantz MD and AIc Julie Russell of 11-17-10 Accommodation Resolution have filed a false report to the true nature of Claimants medical condition and caused his pain and suffering for many years for lack of treatment if there is a genuine dispute as to material fact a tial is required if there is no genuine dispute as to any material fact, no trial is required the Court then applies the law to the undisputed facts and enters Judgment in this case Motion To Amend leave a pleading is to be freely granted Fed. R. Civ. P. 15(a) the Court should only deny leave to amend where it finds bad faith undue delay resulting in prejudice. **Beerheide v. Zavares, 997 F. Supp. 1405, (D.Colo.1998); citing Forman v. Davis 371 U.S. 178, 183, 83 S.Ct 227 9 L.Ed 2d 222 (1962).**

In Estelle v. Gamble, 429 U.S. 97 S.Ct 285 (1976). The U.S. Supreme Court held: An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worse cases such a failure may actually produce physical torture or a lingering death." In less serious cases, denial of medical of medical may result in pain and suffering which no one suggest would serve any penolgicial purpose. The inflication of such unnecessary suffering in inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for prisoner who cannot by reasons of deprivation of his liberty care for him-self. (emphasis added and internal citation omitted).

**Class Counsel King & Greisen Attorney's at Law failed to follow Court's Order many times in this litigation most recent July 15, 2011.**

This Court has many times during the course of this litigation denied this pro se litigate and also by Order that Claimant and Defendants are advised that they may file an objection to this Order and this statement by the Honorable Court is to be told that the Class Action Attorney's King and Greisen Attorney at Law have never contacted the Claimant or have they responded to any of his letter seeking help in this litigation and goes all the way back to 2004 I have tried to seek their help in this litigation and even stated it's the Order of the Court and send them a copy of this Honorable Court's Order. I sent the last Order of July 15, 2011 and asked them to help me to amend my claims because of my medical troubles and finding out I have been a **diabetic** for over ten years and never even new it and explaned about my medical treatment needing help my please fell on deaf ears, just as this Order of July 15, 2011 stating that Claimant and Defendants are advised that they may file object to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2). **Still the Class Action Failed to follow the Court's Order and to contact the Plaintiff.**

**Class Counsel has continuing duty to receive papers until the class action is Closed he or her must examine the papers and make a decision on how to proceed.** Independent of any avenues of relief the pro se prisoner may have, the District Court has a continuing supervisory duty over Class counsel which the class is still open, thus the District Court must constantly scrutinize class counsel to determine if counsel is adequately protecting the interest of the Class. Accordingly the District Court has the duty and authority to enter appropriate Orders governing the conduct of class counsel and the parties if representation is inadequate and the Court of its own intiative has not done something about the inadequate representation class members again have two avenues mentioned previously the individual class member may seek to intervene in the Class action, contending they are not adequately represented in the class action.

The second option is for class members to file a collateral suit alleging that class counsel is not adequately representing the Class as is with the case of Lawrence William Fitzgerald case he never heard anything, from Class Counsel, it is obvious **Class Counsel King & Greisen Attorney at Law** did not want Claimant as Class Member or part of the law suit settlement. As this Court is aware Class Counsel in many attempt of Claimant Fitzgerald tried seeking help after this Courts Order within this record confirm facts and arguments. Exhibits in the record of this case filed show affimativerly

(3)

genuine issues of material facts in disput. Prevent any dismissal or Summary Judgment pursuant to **Fed. R. Civ. P. Rule 56. Celotex Corp. v. Catrell 477 U.S. 317, 325, 106 S.Ct 2548 (1986).**

A factual dispute "genuine" and summery judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, judgment could enter for either party, **See Ander, 477 U.S. at 248 when considering a summary judgment motion a Court views all evidence in light most favorable to the nonmoving party.** There by favoring the rights to a trial. **See Garrett v. Hewlett Packard Co., 305 F.3d 12, 10 1213 (10th.Cir.2002).** If the Claimant has the burden of proof or defense, the Claimant must establish every element of its claim or defense by sufficient competence evidence. **See Fed. R. Civ. P. Rule 56(e)** once the party has met its burden to avoid summary judgment the responding party must present sufficient competent contradictory evidence evidence to astablish a gennine factual dispute. **See Bacchus Indus., Inc v. Arvin Indus, Inc 939 F. 2d 887, 891 (10th.Cir.1991); Perry v Woodland, 199 F.3d 1126, 1131 (10th.Cir 1999).**

It's Claimant's contention he meets all the requirements to become a **Member of the Montez Disability Case** he is a diabetic with chronic mobility impairments is seeking two million dollars and Three Hundred Sixty Five Days Earn Time and Good Time toward his sentence for his pain and suffering for the ineffective Assistance he received from Class Counsel and for his pain and suffering he received from the Department of Corrections deleberate indifference to his medical care since his incarceration of 1991 is all part of the record and this is Claimants Objection seeking relief from this Honorable Court by Claimants Objection pursuant to **Federal Rules of Civil Procedure 53(g)(2)** in compliance with this Honorable Court's Order of July 15, 2011.

**WHEREFORE,** the Claimant pray's this Honorable Court will review the subject matter of this case and give a just ruling in the interest of justice of those incarcerated who's only option is a Court of Law to undue the injutice of those's sitting within a cell in the Department of Corrections being refused medical care and being a laymen of the law, seeking medical help is nonexistent for this prisoner seeking medical help by the DOC provider and it's my prayer this motion is granted relief or what ever the Court deems proper.

November 1, 2011

Respectfully Submitted

*(signature)*

### CERTIFICATE OF MAILING

I Placed this Objection Motion within the United States Mail Postage prepaid on this 1 day of November 2011 and addressed to the following bellow

Clerk of Court
United States District Court
901 19th Street
Denver, Colorado 80294

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

      Defendants.

---

Claim Number 01-076
Category: I
Claimant: Lawrence Fitzgerald, #66345
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF SPECIAL MASTER

      THIS MATTER comes before the Special Master on the Claimant's motion requesting placement as party in complaint with a higher category number due to his medical injuries. Claimant had requested previously additional time in which to file an objection to dismissal of his amended complaint.

      There is no jurisdiction under Article XXXII of the Remedial Plan for filing of an amended complaint. Claimant had his opportunity to file a claim under Article XXXII and did so in 2004. The claim was dismissed on August 2, 2004. Claimant's remedy is to file a separate lawsuit. There is no jurisdiction to do anything except dismiss the motion.

      IT IS HEREBY ORDERED that Claimant's motion is denied and dismissed; and

      IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 12, 2011.**

      SIGNED this 15th day of July, 2011.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 15th day of July, 2011 to the following:

Mr. Lawrence Fitzgerald
#66345
SCF
P.O. Box 6000
Sterling, CO 80751

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James Quinn
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

*Susan L. Carter*