IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-JLK

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

---

**DEFENDANTS' RESPONSE TO CLASS COUNSEL'S OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING KEITH A. MORRIS, #116947**

---

Defendants through the Colorado Attorney General, hereby submit the following Response to Class Counsel's Objection to the Final Order of the Special Master Regarding Keith A. Morris. *Doc. 4987, filed February 25, 2011, and Doc. 5194, filed October 24, 2011.*

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Keith A. Morris is an incarcerated individual presently housed at the Colorado Territorial Correctional Facility (CTCF).

2. Morris is a double, below-knee amputee.

3. Morris' legs were amputated in early 2003 as a result of a staph infection prior to his incarceration in the Colorado Department of Corrections (CDOC).

4. Morris came into CDOC on March 21, 2003. Morris had a wheelchair at that time. *See Defendants' previously submitted Exhibit C, Accommodation Resolution, dated*

*6/23/09*. Morris also had prosthetics at that time.[1] *See Defendants' previously submitted Exhibit G, Ambulatory Health Record, dated 2/25/10*.

5. Morris has been provided accommodations for his disability including a wheelchair, raised locker box, gloves for wheelchair use, and other restrictions and assistance. *See Defendants' previously submitted Exhibit C, Accommodation Resolution, dated 6/23/09*.

6. Morris' numerous wheelchairs have been maintained and replaced as needed throughout his incarceration. *See Defendants' previously submitted Exhibit E*.

7. Morris has participated in programs and jobs during his incarceration.

8. Morris had an individual damages hearing January 31, 2011. The Special Master determined after a full hearing that he lacked jurisdiction over Morris' claims. *See Doc. 4987, filed February 25, 2011*.

## STANDARD OF REVIEW

The Remedial plan, section XXXII, states that the standard of review of a Special Master's decision by this Court, is an abuse of discretion standard (*See* Remedial Plan, § XXXII). "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Mann v. Reynolds*, 46F.3d 1055, 1062 (10th Cir. 1995). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100

---

[1] The Final Order erroneously notes that Morris was not provided with prosthetics. However, the record reveals that Morris did receive prosthetics prior to his incarceration in 2003, which he subsequently failed to use throughout the duration of his incarceration, opting instead to utilize the wheelchairs also provided for his usage. These prosthetics were repaired and replaced as needed. *See also Exhibit A, Statement of Dr. Paula Frantz and Exhibit B, Ambulatory Health Record(s), dated 6/5/03, 7/21/03, 8/4/03, 8/18/03, 10/9/03, 10/16/03, and 11/8/2010, and see Exhibit C, Query Inmate Property, entry dated 3/25/03 to 11/28/10*. Each of these documents is submitted presently only to rebut the incorrect statement by Class Counsel in their Objection that Morris was not provided prosthetics in 2003. Both the record below and this evidence demonstrate Morris was provided both a wheelchair and prosthetic legs.

(1996). *See also Cooter & Gall v. Hartmarx Corp*., 496 U.S. 384, 405 (1990) (abuse of discretion to base "ruling on an erroneous view of the law"). In addition, an abuse of discretion occurs when the Special Master's decision is "arbitrary, capricious, or whimsical" or results in a "manifestly unreasonable judgment." *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotation omitted).

## ARGUMENT

The Special Master correctly determined that although Morris was disabled prior to August of 2003, Morris was not discriminated against prior to August of 2003, and thus, the Special Master lacked jurisdiction to consider his claim. Class Counsel erroneously endeavors to place the burden of proof upon Defendants. Defendants have provided reasonable accommodation to Morris, as required by the ADA and the Remedial Plan. Morris is entitled to a reasonable accommodation, not to his choice of accommodation. Morris was not denied any accommodations prior to August 27, 2003, thus, his claim must fail. Whether an inmate receives a prosthetic rather than a wheelchair is a medical decision beyond the scope of this present consideration. The issue of Morris' interest in obtaining prosthetics was considered at the hearing and the Special Master correctly determined that no discrimination occurred prior to August 27, 2003. To the extent that Morris currently seeks prosthetic legs, that claim arose after August of 2003. Issues not raised for consideration at the hearing are not properly considered on appeal. The Final Order of the Special Master should be affirmed.

### I.     Morris' claims are beyond the jurisdiction of the Special Master.

The Remedial Plan was signed by Class Counsel and Defendants' Counsel August 27, 2003. Judge Kane's March 23, 2010, Order clarified the claim process and

established limitations established by Article XXXII of the Remedial Plan.  Judge Kane limited claims to: (1) inmates who were in CDOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003.  This honorable Court has firmly established the boundary of individual damages claims under *Montez* properly considered by the Special Master.  Instances of alleged discrimination raised by Morris and Class Counsel which post-August 27, 2003, are outside the jurisdiction afforded by the Remedial Plan and Judge Kane's Order of March 23, 2010.  Special Master Borchers correctly found he lacked jurisdiction to consider Morris' claim as the record does not reflect Morris presented any evidence regarding alleged discrimination prior to August 27, 2003.  Morris came into CDOC with his own wheelchair which lasted beyond August of 2003.  *See Doc. 4987, filed February 25, 2011; see also Defendants' previously submitted Exhibit E; and see Hearing Audio*.  That wheelchair has been serviced and replaced numerous times.  *See Defendants' previously submitted Exhibit E.*  The record similarly reflects Morris was provided prosthetic legs sometime in 2003, which he chose not to utilize over the past eight years but instead opted to utilize his wheelchair.  *See Defendants' previously submitted Exhibit G, Ambulatory Health Record, dated 2/25/10; see also Exhibit A, Statement of Dr. Paula Frantz; Exhibit B, Ambulatory Health Record, dated 11/8/2010; and see Exhibit C, Query Inmate Property, entry dated 3/25/03 to 11/28/10.*  The record does not reflect that Morris requested new prosthetics prior to February of 2010.  *See Defendants' previously submitted Exhibit G, Ambulatory Health Record, dated 2/25/10.*  Medical testimony was heard that Morris is not an appropriate candidate for prosthetic legs in the

present tense due to his large size, obesity, and muscle atrophy due to not utilizing prosthetics over the past eight years. *See Hearing Audio testimony of Dr. Singh.* For the foregoing reasons, the determination of the Special Master should be affirmed.

### II. The burden to prove discrimination belongs to Morris.

Class Counsel appears to erroneously argue that CDOC bears the burden to prove that Morris was not discriminated against. Under the ADA and Rehabilitation Act, the claimant bears the burden of "establish[ing] he or she is a qualified individual with a disability." *Lanham v. Johnson County*, 393 F.3d 1151, 1156 (10th Cir. 2004). Morris must also prove he is qualified for a specific job, program, or benefit. Morris must prove that CDOC's accommodation of a wheelchair is unreasonable. The plaintiff carries the burden of proof on a claim that he has been discriminated against on the basis of his disability. *Tyler v. City of Manhattan*, 857 F.Supp. 800, 817 (D. Kan. 1994), *aff'd* 118 F.3d 1400 (10th Cir. 1997). Morris must show that as a disabled individual, he was denied access to something accessible to non-disabled inmates or to similarly situated disabled inmates. The record reflects that Morris had access to all jobs, programs, services, and benefits for which he is otherwise qualified. The record reflects that Morris has been reasonably accommodated for his disability. The Special Master correctly determined that this burden belonged to Morris. For the foregoing reason, the determination of the Special Master should be affirmed.

### III. Defendants have provided Morris reasonable accommodations.

In the alternative, if the Court wishes to delve into the appropriateness of the accommodations provided to Morris, Defendants assert that the record reflects that they have reasonably accommodated Morris. The ADA and Rehabilitation Act only required

Defendants to provide a reasonable accommodation, not the best possible accommodation.  *See Crumpton v. St. Vincent's Hospital*, 963 F.Supp. 1104 (N.D. AlA. 1997); *and see Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996).  "[T]he accommodation provided need not be the 'best accommodation possible,' so long as it is sufficient to meet the job related needs of the individual being accommodated." *Hall v. Claussen*, 6 Fed.Appx. 655, 668 (10th Cir. 2001)(unpublished opinion).  Where multiple potential accommodations exist, the entity, " '[P]roviding the accommodation has the ultimate discretion to choose between effective accommodations…' *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir. 1996)."  *Smith v. Honda of Am. Mfg., Inc.*, 101 F.App'x 20, 205 (6th Cir. 2004).  A claimant is not entitled to anything and everything he or she requests, so long as the accommodation provided is reasonable.  "Plaintiff does not have a right to his choice of accommodation."  *Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.)(discussing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999)).

Morris' wheelchair is a reasonable accommodation because it meets his medical needs.  "When an individual is provided with an accommodation other than that requested, the *individual* must establish the accommodation offered was unreasonable." *Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.)(citing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999))(emphasis added).  According to expert medical testimony, Morris is not a candidate for prosthetic legs due to his obesity.  *See Hearing Audio testimony of Dr. Singh; and see Exhibit A, Statement of Dr. Paula Frantz.*  Morris may prefer prosthetic legs over a wheelchair, however, "[T]he failure to provide him with his choice of

accommodations, particularly *one to which he previously has not become accustomed*, does not constitute [a]… deprivation." *Burnett v. Wilson*, 2007 WL 43791 at 5 (N.D. Ohio)(deciding an Eighth Amendment issue)[emphasis added].  Morris did not use nor request to use prosthetic legs between 2003 and the end of 2010.  Due to his obesity and muscle atrophy, Morris is unlikely to benefit medically from prosthetics.  *See Exhibit A, Statement of Dr. Paula Frantz.*

Class Counsel offers only subjective belief that if provided prosthetic legs, Morris could do more.  A plaintiff must offer more than his subjective opinion that he could perform various tasks.  *White v. York International Corp*., 45 F.3d 357, 362 (10th Cir. 1995).  Defendants offered expert testimony that Morris is not a candidate for prosthetic legs.  CDOC has provided Morris with a wheelchair.  CDOC continued to promptly repair or replace the wheelchair as appropriate.  CDOC has reasonably accommodated Morris at all times.  "The disabled employee bears the burden of proposing an accommodation and showing that it is objectively reasonable.  *See Monette v. Elec. Data Sys.*, 90 F.3d 1173, 1183 (6th Cir. 1996).  Where there is more than one reasonable accommodation, the choice of the accommodation is the employer's." *Smith v. Honda of Am. Mfg., Inc*., 101 F.App'x 20, 205 (6th Cir. 2004); *see also Hoggatt v. Electrolux Home Products, Inc.*, 2011 WL 5211604 (M.D. Tenn.).  For the foregoing reason, the determination of the Special Master should be affirmed.

### IV.     Morris' claims regarding prosthetics are medical issues that are beyond the scope of this discrimination case.

Morris has been provided reasonable accommodation in the form of a wheelchair.  The appropriateness of medical devices provided for medical purposes is properly the purview of medical professionals.  Class Counsel and Defendants agreed in the August

27, 2003, Remedial Plan that, "Health care appliances shall be prescribed and approved for eligible inmates by licensed DOC health care providers, subject to medical necessity, safety, and security…" *See Remedial Plan XVI(B)*. The record does not establish that Morris requested and was denied prosthetic legs prior to February of 2010. Morris was provided numerous wheelchairs which were maintained at wheelchair clinics. Further, Dr. Singh testified that Morris was not a candidate for prosthetic legs due to his large size. There was no discrimination based upon disability prior to August 27, 2003. Morris' present preference for a new set of prosthetic legs reflects a different of opinion with medical care providers. *See Burnett v. Wilson*, 2007 WL 437921 at 3 (N.D. Ohio).

Whether an inmate receives prosthesis or a wheelchair is a medical decision based upon medical necessity. The Tenth Circuit has expressly held that inmates cannot use the ADA and Rehabilitation Acts to challenge the quality of their medical care in a correctional facility. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005); *Johnson by Johnson v. Thompson*, 971 F.2d 1487 (10th Cir. 1992). Furthermore, "[u]nless they meet the [four] criteria established in paragraph #[2], individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan." (November 23, 2004 Order, ¶ 5, Doc. 745). For the foregoing reason, the determination of the Special Master should be affirmed.

### V.   The record on appeal does not reflect Morris' pre-2003 request for and the denial of prosthetics.

Class Counsel should not be allowed to refer to additional evidence beyond that presented below by Morris. This Court's review is limited to the record as preserved from below. The United States Court of Appeals will not address arguments that were not presented to the trial court. *Crow v. Shalala*, 40 F.3d 323 (10th Cir. 1994); *Treff v.*

*Galetka*, 74 F.3d 191, 193 (10th Cir. 1996).  In the present case, the damages hearing before the Special Master was the "trial court" and this Court sits as an appellate court. Morris represented himself *pro se* in the individual damages hearing before the Special Master.[2]  Class Counsel was not present.  All parties are properly constrained to the record and cannot provide novel information for this Court's review, not considered by the Special Master below.  Therefore, Class Counsel cannot now raise that Morris commissioned prosthetic legs prior to his incarceration.  Morris had every opportunity to present that information below and did not.  Additionally, no evidence has been submitted to support that assertion by Class Counsel.  Class Counsel cannot now raise the specter of alleged denial of prosthetic legs pre-August of 2003, when Morris failed to raise that issue below.[3]  An appellate court cannot consider evidence which was not presented below.  *In Re Petition of Edilson*, 637 P.2d 362, 364-65 (Colo. 1981).  Issues not decided by the lower court will not be addressed for the first time on appeal.  *Colby v. Progressive Casualty Ins. Co*., 928 P.2d 1298, 1301 (Colo. 1996).  This new information cannot be considered here because it was not considered below and is not reflected in the record on appeal.  *See New Haven Inclusion Cases*, 399 U.S. 392, 450 n.6 (1970).  For the foregoing reason, the determination of the Special Master should be affirmed.

## CONCLUSION

Defendants respectfully file this Response to Class Counsel's Objection to the Final Order of the Special Master Regarding Keith A. Morris.  After a full hearing, the

---

[2] The court should not assume the role of advocate for the *pro se* litigant.  *Id.*  While a court must construe a *pro se* complaint liberally, it will not "fill in the blanks" for him, nor will it allow him to alter the tenor of his complaint or the issues raised in the complaint through "creative appellate advocacy."  *Hamlin v. Vaudenberg*, 95 F.3d 580, 583-4 (7th Cir. 1996).

[3] Further, as discussed in the body above, the record reflects Morris *did* have prosthetics in his possession in 2003, in contradiction to Class Counsel's unsubstantiated allegation to the contrary.

Special Master determined that the claims presented by Offender Morris were beyond his jurisdiction as established by this Court. Pursuant to the Remedial Plan, the Special Master's determination can only be reversed by this Court on a finding of abuse of discretion. There was no abuse of discretion by the Special Master. Alleged incidences of discrimination based on disability which arose after August 27, 2003, are inappropriate for review and beyond the scope of the Remedial Plan. The plaintiff carries the burden of proof on a claim that he has been discriminated against on the basis of his disability. *Tyler v. City of Manhattan*, 857 F.Supp. 800, 817 (D. Kan. 1994), *aff'd* 118 F.3d 1400 (10th Cir. 1997). Morris presented no evidence that he requested and was denied prosthetic legs prior to August 27, 2003, nor that he was or is an appropriate candidate for prosthetic legs. Morris has been provided reasonable accommodations for his disability. Claims regarding Eighth Amendment issues are not within the jurisdiction of this Court as they do not relate to the ADA or Rehabilitation Plan. New evidence submitted by Class Counsel is not appropriate for this Court's review. For these reasons and those stated above, Defendants respectfully request that this Court affirm the Final Order of the Special Master regarding Morris.

WHEREFORE, Defendants' respectfully request that Class Counsel's Objection to the Final Order of the Special Master Regarding Keith A. Morris be denied and that this Court affirm the Final Order of the Special Master regarding Offender Morris.

Respectfully submitted this 9th day of November 2011,

JOHN W. SUTHERS
Attorney General

/s/ Jacquelynn N. Rich Fredericks

JACQUELYNN N. RICH FREDERICKS,
  #39932
Special Assistant Attorney General
Civil Litigation & Employment Law Section
Attorneys for Defendant
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Telephone:  303-866-5639

**CERTIFICATE OF SERVICE**

   I certify that on November 9, 2011, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system and mailed copies of the foregoing via the

United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

| | |
|---|---|
| Keith A. Morris, #116947 | *Courtesy Copies To:* |
| Colorado Territorial Correctional Facility | Keith Nordell, CDOC |
| P.O. Box 1010 | |
| Canon City, CO 81215-1010 | |

                  /s/ Mariah Cruz-Nanio_____