IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. 92-cv-~~002265~~ 870-JLK-OES

MONTEZ,

Plaintiff,

v.

OWENS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 2 2011

GREGORY C. LANGHAM
CLERK

## MOTION FOR RELIEF FROM ORDER OF JUDGMENT AND DISMISSAL OF CLASS SETTLEMENT CLAIM

COMES NOW, Robert Fry, a member of the class designated in the settlement agreement in the above captioned case, and does respectfully move this Court to grant Mr. Fry relief from the order of judgment and dismissal issued on Claim No. 03-177 and reinstate this claim as allowed under Fed.R.Civ.P. 60(b). As grounds for this request, Mr. Fry states:

1) Pursuant to the terms of settlement reached in the above captioned case, Mr. Fry entered a claim of disability under the provisions of the American with Disabilities Act. Mr. Fry's claim centered around the fact that he is blind in one eye and unable to operate a sewing machine at the L.C.F. Power Sewing industries. As a result of this disability, Mr. Fry was terminated from his position at Power Sewing.

2) A hearing was held on Claim No. 03-177 sometime in 2006 or 2007, and all relief denied as defendants claimed being blind in one eye was not a recognized as a disability under the A.D.A. Subsequently, Mr. Fry's claim was dismissed.

3) In Jan. of 2010, see attached, L.C.F. has now changed its position and recognized that Mr. Fry does in fact suffer from an A.D.A. disability due to the blindness he suffers in one eye. However, he is still prohibited from

2.

    working in Power Sewing.

4) Original damages sought were $10.00 a day (approximate lost wages), total as punitive/compensatory damages. Mr. Fry seeks reisntatement of this original damage claim as well as any other relief available, inclduing, but not limited to availability of work within Power Sewing.

5) Fed.R.Civ.P. 60(b), allows for reinstatement of a claim or relief from an order of judgment and dismissal due to: newly discovered evidence; changed circumstances and/or in the interests of justice for example. See e.g., Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005); Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992); Gonzalez v. Crosby, 125 S.Ct. 2641, 2649 (2005)(respectively). Mr. Fry submits that he only recently discovered that his status had been changed (i.e., when he reviewed his medical file); that the circumstances under which his initial claim was denied have changed and that the interests of justice dictate that his claim based upon a recognized disability should be reinstated.

WHEREFORE, for the reasons stated herein, Mr. Fry respectfully moves this Court for all available relief.

Respectfully submitted this 29th day of November, 2011.

*Robert P. Fry*
Robert Fry, #110724
Limon Correctional Facility
49030 State Highway 71
Limon, CO. 80826
               Pro-Se

## ACCOMMODATION RESOLUTION

| NAME | FRY, ROBERT | DOC # | 110724 |
|---|---|---|---|

| Qualifying Disability pursuant to the ADA/Rehabilitation Acts as determined by a physician & Chief Medical Officer | NONE |
|---|---|

**NO ACCOMMODATIONS NECESSARY AT THIS TIME**

A DOC physician and the Chief Medical Officer have determined that you have a **VISION IMPAIRMENT, however** your vision impairment does not substantially limit your ability to perform a major life activity, and therefore your condition does not rise to the level of a disability pursuant to the ADA/Rehabilitation Acts.

The Chief Medical Officer has determined that you require the following work restrictions:

1. No employment that requires depth perception.

Clinical Services shall manage all aspects of your clinical care as it relates to your vision impairment and all requests related to such care should be directed to Clinical Services. **The AIC is neither responsible for nor qualified to make decisions regarding your clinical care.**

When you do not receive clinically mandated treatment or services as prescribed by a DOC physician, related to your vision impairment, you shall file an ADA grievance pursuant to AR 850-04. If your condition worsens and you feel you require accommodations to access programs, services and benefits, please complete and submit a new Request for Accommodation to the AIC.

You have 30 days from the date this document is served upon you to file a grievance on any matter addressed in this Resolution.

Signature: _Chief Medical Officer_    Date: 9/7/06

Signature: _Cathie Holst_ AIC    Date: 7-20-06

Original – AIC
Copies:  1-Warden
    7-Warden for distribution to the following:
        1-Working File, 1-Mental Health File, 1-Clinical Services File, 1-HSA
        2 – Offender   1-Housing Unit Supervisor
        AIC will distribute 1-Department File, 1 – Chief Medical Officer
Revised 5-1-06

# ACCOMMODATION RESOLUTION

Offender Name: FRY, ROBERT
DOC#:110724

**You DO HAVE A VISION DISABILITY**
Following a disability screening it has been determined that you do have a vision disability and are therefore, entitled to the following accommodations:

1. Corrective Lenses
2. Requires staff assistance when cuffed and/or shackled. Refer to Section XXII of the Remedial Plan
3. Requires assistance from staff during transport, embarking and disembarking from vehicle
4. Requires staff assistance during an emergency or evacuation
5. Assignment to a designated facility

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan

**You are required to notify clinical services and the AIC immediately if your health care device(s) is broken, lost, stolen or becomes inoperable for any reason.**

The health care device(s) listed above shall fall under the provisions of Administrative Regulation (AR) 850-6, "Offender Property" and shall be placed on your property list. Any misuse of the health care device(s) may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step I ADA Grievance, to the office of the AIC, on any matter addressed in this resolution. Please refer to A.R. 850-04 for details regarding the grievance process. This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_Paula J. Frantz MD_    1/28/10       _Kathleen Baxter_  1/26/10
Chief Medical Officer      Date        AIC  Acting AIC      Date

**E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-**Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc…) & Print 2 full size copies of yellow paper & serve on offender