92-cv-870-JLK-OES

Honorable John Kane, Jr.  
United States District Court  
901 19th Street  
Denver, Colorado 80294

November 10, 2011

and

Honorable Richard M. Borchers  
Special Master  
Legal Resolution Center  
7907 Zenobia Street  
Westminster, Colorado 80030-4444

RE: FORMAL COMPLAINT

FILED  
UNITED STATES DISTRICT COURT  
DENVER, COLORADO

DEC 0 7 2011

GREGORY C. LANGHAM  
CLERK

Your Honors:

    This letter addresses actions being taken against me by the CDOC AIC Julie Russell, Mary Ann Aldrich, Lou Archuleta, Charles Sanchez, Lance Miklich, and Kevin Furton. This is a Formal Complaint.

    On May 18, 2007 the Special Master found and designated me as having a mobility disability. It was not until April 2009 that the CDOC transferred me to a mobility disability designated facility, CTCF, where I have been since. I was provided certain accomodations as shown by the copy of the Accomodation Resolution I was provided upon my arrival at CTCF.

    However, the AIC and Mary Ann Aldrich recently amended my Accomodation Resolution taking away my designated facility accomodation, medical necessary shoes, braces, and accomodation during searches. A copy is enclosed.

    I am asserting that this act is based upon improper motive to single me out of the other similarly situated mobility disability offenders at CTCF to treat me more harshly and punish me for exercising my First Amendment right to file grievances and to access to the courts.

    I filed grievances and a 42 U.S.C. §1983 lawsuit against Lou Archuleta, Charles Sanchez, Lance Miklich, and Kevin Furton (CTCF Employees) for classifying me as a potential escape risk and threat to the best interest of safety and security and the totality of the operation of CTCF on September 24, 2010 based soley upon a profiling of the escape of offender Douglas Alward from the Sterling Correctional Facility. And on November 1, 2011 the Tenth Circuit Court of Appeals upheld my claims and remanded the case back to the U.S. District Court for trial proceedings. **MILLIGAN V. ARCHULETA, Case No. 2011-cv-00250.**

    The AIC and the above named CDOC employees are deliberately denying me the benefits and rights outlined by the Remedial Plan and Stipulations set forth by your orders, that these same parties are providing to all other mobility disability offenders at CTCF, for no legitimate, justifiable penaological or state interest. Their acts are purely retalitory and discriminatory to punish me for that lawsuit, as I have received no COPD misconduct reports or done anything that would legally cause or justify these acts being taken against me a be moved to a non-mobility disability facility as is being attempted to be done by these CDOC employees.

    I therefore file this formal complaint with you and seek a judicial review and investigation into these acts being taken against me in violation of Montez and federal law.

Respectfully submitted,

Michael Milligan, DOC No. 42327  
Colorado Territorial Correctional Facility  
P.O. Box 1010  CH-1  
Canon City, Colorado 81215-1010

C.C. TO:  Personal Files  
          Mary Ann Aldrich, CTCF

## ACCOMMODATION RESOLUTION

Offender Name: Milligan, Michael
DOC#: 42327

### You DO HAVE A MOBILITY DISABILITY

Pursuant to the Final Order of the Special Master and the Remedial Plan and subsequent Stipulations you will be provided with the following accommodations:

1. Brace(s) (AFO)
2. Medically Necessary Shoes (Orthopedic shoes to accommodate brace)
3. Assignment to a designated facility
4. Requires staff assistance when cuffed and/or shackled. Refer to Section XXII of the Remedial Plan
5. Requires staff assistance during transport when embarking and disembarking from the vehicle
6. Reasonable accommodations will be provided during searches. Refer to Section XXIII of the Remedial Plan
7. Requires staff assistance during an emergency or evacuation

In addition to the above accommodations, you are entitled to the benefits enumerated in the Montez Remedial Plan

**You are required to notify clinical services and the AIC immediately if your health care device(s) is broken, lost, stolen or becomes inoperable for any reason.**

The health care device(s) listed above shall fall under the provisions of Administrative Regulation (AR) 850-6, "Offender Property" and shall be placed on your property list. Any misuse of the health care device(s) may result in disciplinary action and may be subject to the provisions of AR 300-06, "Searches & Contraband Control."

If your condition worsens and you feel that you require additional accommodations, you may submit a new Request For Accommodation to the Office of the AIC. Be advised however, that a new screening will not routinely be performed within one year of a previous screening absent a significant, documented change in conditions and/or a showing of clear error in the prior screening. Please refer to AR 750-04 for detailed information regarding the disability screening process.

You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance, to the office of the AIC, on any matter addressed in this resolution. You may not file future ADA grievances regarding your medical care. Please refer to A.R. 850-04 for details regarding the grievance process.
This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_____  6/9/09     _____ 6-8-09
Chief Medical Officer            Date      AIC                     Date

E-Mailed to Facility Litigation Coordinator for printing on yellow paper & distribution to the following-Warden, Case Manager (Working File), 2 copies to HSA for placement in Medical & Mental Health File, Housing Supervisor, & to any other DOC or Contract employee with a need-to-know (work supervisor, teacher, etc...) & Print 2 full size copies on yellow paper & serve on offender

Michael Milligan #42327   6/24/2009

Step One Grievance Against AIC, Julie Russell   Submitted _____

On September __, 2011 the AIC, Julie Russell, amended and re-issued my Accomodation Resolution of June 8, 2009. In this amended and re-issued Accomodation Resolution the AIC took away my accomodation of assignment to a designated facility. This is a violation of the Remedial Plan, Special Master's Final Order and the subsequent Stipulations under Montez v. Ritter Case No. 92-cv-870-JLK, as CDOC is mandated to have designated facilities for Mobility Disability Offenders. I was found and designated by the Special Master to have a Mobility Disability on May 18, 2004 and placed at CTCF, a designated facility, on April 2009. The AIC, Julie Russell, did acknowledge this in a letter to me dated 1/6/2010. Now this same AIC, Julie Russell, has deliberately taken away my accomodation of assignment to a designated facility when there has not been a significant, documented change in my mobility condition. This act by the AIC is deliberate discrimination against me due to my disability that is prohibited by the ADA, and singles me out of similarly situated Mobility Disability offenders housed at designated facilities (CTCF) be deliberate discrimination to be treated more harshly without a rational basis or justifiable legitimate state or penological interest. - As remedy I request the immediate reinstatement of my accomodation of ~~designated~~ assignment to a designated facility.

## ACCOMMODATION RESOLUTION

OFFENDER NAME: MILLIGAN, Michael
DOC #: 42327

### MOBILITY DISABILITY

Pursuant to the Final Order of the Special Master and the Remedial Plan and subsequent Stipulations you will be provided with the following accommodations:

The following accommodations and assistive devices are approved:
- Staff shall provide assistance during transport when embarking and disembarking from the vehicle as needed
- Staff assistance when cuffed and/or shackled
- Staff shall provide reasonable modification of search procedures as needed
- Staff shall provide assistance during an emergency or evacuation as needed

**You are required to notify the AIC immediately if your assistive device is broken, lost, stolen or becomes inoperable for any reason.**

The following health care appliances and restrictions are approved:
- Brace(s) AFO
- Medically Necessary Shoes (orthopedic shoes to accommodate brace)

**You are required to notify clinical services immediately if your health care appliance is broken, lost, stolen or becomes inoperable for any reason.**

Assistive and/ or health care appliance(s) are considered property as defined in Administrative Regulation (AR) 850-6 and shall be placed on your property list.

Any misuse of assistive and/or health care appliance(s) may result in disciplinary action and may be subject to the provisions of AR 300-06.

In addition to the above, you shall be provided the benefits of the ADA Litigation Remedial Plan. If you require medical care contact Clinical Services. To request ADA accommodations you may submit a Request For Accommodation to the Office of the AIC pursuant to AR 750-04.

### NO HEARING DISABILITY

Following a medical screening it has been determined you are not a disabled class member pursuant to the ADA Litigation Remedial Plan criteria.

**You have 30 days from the date this document is served upon you to submit a Step 1 ADA Grievance pursuant to A.R. 850-04.**

This accommodation resolution supersedes any other version, on any date, prior to the date on this document.

_____   9-8-11
AIC                          Date

NOTE: Received from Debra Petrouske
DME Coordinator at CTCF on
October 5, 2011.

**Colorado Department Of Corrections**

Name: Michael Milligan
Register Number: 46327
Unit: Cff-1
Box Number: 1010
City, State, Zip: Canon City, CO 81215-1010

— Legal Mail →

Honorable Richard M. Borchers
Special Master
Legal Resolution Center
7904 Zenobia Street
West

COLORADO SPRINGS CO
US POSTAGE

NIXIE    802    4E 1    84    11/21/
         RETURN TO SENDER
         NOT DELIVERABLE AS ADDRESSED
         UNABLE TO FORWARD

BC: 81215101010    *2320-03837-15