IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - JLK

JESSE MONTEZ, et al.,

       Plaintiffs,

  -vs.-

JOHN HICKENLOOPER, et al.,

       Defendants.

_____

Claim Number: 03-138
Category III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

_____

**ORDER OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on Claimant's "motion to secure evidence." Defendants have responded to the motion, and Claimant has filed a reply. Further argument will be waived.

**I.**

The Special Master issued a Report and Recommendation (R&R) on August 5, 2011 which details the history of this claim. Judge Kane has not issued any order dealing with the Report and Recommendation, and it is unknown how long it could be before that order is issued. Judge Kane has under advisement the compliance portion of this case which encompassed a hearing that lasted almost nine weeks and generated more than four thousand pages of transcript. For better or worse, the resolution of compliance issues far overshadows remaining individual claims.

Claimant made allegations that he had not received appropriate treatment as ordered by then-Special Master Davidson. Claimant also made some general allegations that he had been the victim of retaliation by DOC staff at the Sterling Correctional Facility. The R&R was filed, in part, due to the serious jurisdictional question that exists. Stated simply, there is some question whether the Special Master has any jurisdiction over claims of retaliation. As noted, Judge Kane has yet to rule on the R&R.

On July 30, 2011, Claimant filed with the Special Master a document entitled "Motion for

Order." In that motion, Claimant alleged that he had been subjected to retaliatory searches and seizures of his personal property. Claimant specifically alleges, and it is not in dispute, that the DOC staff did seize written materials from the cell of Claimant. Included in the materials, according to Claimant, were *Hells Angels MC History*, *Pacific Island Ladies Spring 2007*, and photographs of his deceased and current wives. Claimant acknowledges that one photograph of his present wife reflects her modeling in the nude.

Upon receipt of Claimant's motion, the Special Master issued an order to Defendants giving them an opportunity to respond to the motion. That response was received on November 8, 2011. Defendants argued in their response that the Special Master and Court have no jurisdiction over any retaliation claims. In addition, Defendants attached to their response copies of photographs seized from Claimant, as well as other documents that were taken during a cell shakedown. Defendants maintain in their response that the seizures of documents had nothing to do with Claimant filing a claim in this case or filing motions seeking to compel Defendants to do certain things. Defendants have requested dismissal of the motion and any further action on the claim be denied.

Claimant filed a reply to Defendants' response to his motion. Claimant alleges that he has been subjected to seven shakedown searches in the last three months. Claimant believes that his rights have been violated in that property was taken from him at SCF that he had in his possession at the Limon Correctional Facility. He also has argued that the regulations concerning reading material have changed and that he is not bound by *ex post facto* changes in those regulations. He believes that he should have his property returned to him.

## II.

For purposes of this order, it will be assumed that the Special Master does have the jurisdiction to adjudicate claims alleging retaliation. Further, it will be assumed that Defendants have retaliated against Claimant for filing various motions related to the final order issued by Special Master Davidson on July 23, 2007.

The missing link in Claimant's argument deals with his documents that were seized. The Special Master would note that many of the photos are graphic and sexual in nature. Also seized were documents and a book related to the Hell's Angels. Claimant has no absolute right to retain certain items of property, including written publications. *Thornburgh v. Abbott*, 490 U.S. 401(1989). Defendants have submitted DOC regulations that regulate photographs and publications in its facilities. Defendants make the argument that what was seized was pornographic or contained materials that could lead to problems in the prisons in which Claimant has been placed. Claimant's response is to argue that none of the photographs are pornographic and that the regulation placing limits on personal property has been changed and is an *ex post facto* attempt by prison officials to deny Claimant use of his property that he has had for years.

Assuming that retaliation was the basis for seizure of the photographs and other written materials, that does not end the discussion. The issue of whether Claimant may have in his possession what was seized cannot be determined in this case. The adjudication of whether DOC

officials may preclude Claimant from having these type of documents and photographs has to be resolved in a separate lawsuit, as the issues involved have nothing to do with the ADA and Rehabilitation Act. Convicted inmates do not lose the protections of the Constitution when incarcerated. *Turner v. Safley*, 482 U.S. 78 (1987). Those protections can be required to give way to prison rules that have a valid, rational connection with the legitimate government interest asserted. *Id.*

The only relief that Claimant may obtain in *this* case is a preservation of the status quo. If the documents and photographs were returned, Defendants would simply renew their efforts to remove the documents and photographs. Claimant would have the right to exercise any administrative remedies that might exist or to commence a lawsuit pursuant to 42 U.S.C. §1983 and have the court, state or federal, determine the viability of DOC's decision to remove the items and to determine the constitutionality of its regulations. Claimant would be able to raise his *ex post facto* argument at that time.

Claimant requested from the Special Master an order preventing destruction of what was seized from him. That order was granted and remains in effect. Claimant received the relief he legitimately could request related to the allegations of retaliation leading to the seizure of the printed materials and photographs. The order preventing destruction of those documents and photographs will remain in effect pending one of two things: (1) Claimant filing an objection with Judge Kane to this order; or (2) Claimant commencing a separate lawsuit in a court of competent jurisdiction concerning the documents and photographs that were seized.

IT IS HEREBY ORDERED that Claimant's motion to secure evidence is granted to the extent noted in this order; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Report and Recommendation pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 9, 2012.**

SIGNED this 7th day of December, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master