IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - JLK

JESSE MONTEZ, et al.,

      Plaintiffs,

  -vs.-

JOHN HICKENLOOPER, et al.,

      Defendants.

---

Claim Number: 03-138
Category III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER comes before the Special Master on Claimant's undated letter that was received on December 16, 2011. In his letter, Claimant requests that DOC staff send out of SCF the photographs and other documents that were seized during several shakedowns. Claimant maintains that the shakedowns were retaliation for his participation in the *Montez* case. This letter will be treated as a motion.

The Special Master issued an order on December 7, 2011 that resolved the last motion filed by Claimant. The present motion falls under that motion. In the order of December 7, 2011, Claimant was granted an extension of a previous order that directed DOC not to destroy any items seized from Claimant pending further order of a court of competent jurisdiction. The Special Master noted that maintenance of the status quo was all the relief that Claimant was entitled to in this case, assuming that the shakedowns were carried out for retaliatory reasons. The propriety of the seizure of the contested items must be determined by a different court utilizing different legal standards. In other words, Claimant will need to commence a lawsuit in state or federal court arguing that the seizure of the photographs and other items was improper and unconstitutional. The issues surrounding the seized items have nothing to do with the Americans with Disabilities Act and Rehabilitation Act, save for the assertion that the shakedowns were retaliatory acts by DOC staff.

The only jurisdictional basis that the Special Master and Court may rely upon is the Remedial Plan. This case settled on August 27, 2003, and that settlement is embodied in the Remedial Plan, which is basically a contract between Defendants and the class. The Remedial Plan provides no basis

for adjudication of issues surrounding the right to custody of photographs that DOC personnel believe are in violation of a regulation. Claimant cannot litigate in this case the various constitutional issues that arise from the seizure of the photographs from his cell. The sooner Claimant commences a lawsuit concerning the propriety of Defendants' actions, the sooner he will have all issues adjudicated on their merits.

One final comment should be made. Claimant forwarded a DOC form in which he requests that the seized property be shipped to the Special Master. Claimant is advised that the Special Master has no authority to receive property for anyone. Anything forwarded by a claimant, including DOC forms and documents, are placed into the case file at the Court. Claimant may wish to request that his property go to a third-party who has no involvement with this case.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion, is denied, as the previous order of December 7, 2011 is controlling; and

IT IS FURTHER ORDERED that the previous order of December 7, 2011 which directs Defendants to maintain the seized property shall remain in effect up to and including **March 12, 2012**; and

IT IS FURTHER ORDERED that Claimant will need to seek a further restraining order to preserve the property in a separate case in state or federal court, as no jurisdiction exists in this case for determination of the issue of whether Claimant is entitled to his property and photographs; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 9, 2012.**

SIGNED this 19th day of December, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master