IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number 01-076
Category: I
Claimant: Lawrence Fitzgerald, #66345
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

**ORDER OF SPECIAL MASTER**
_____

    THIS MATTER comes before the Special Master on the Claimant's document which is entitled "motion to support Claimant's object to class counsel deliberate denial to help Claimant properly litigate his claims as injured diabetic within class action for a higher category number due to his medical injuries over looked by fraud." *Doc. 5233*. Claimant has requested court intervention to obtain medical care. Claimant has described some of his medical needs in his motion.

    Claimant's motion deals with medical care that either has not been provided or was not appropriate. On April 11, 2005, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). Cases involving substandard care or medical negligence must be brought under the Eighth Amendment or pursuant to state statutes. The ADA and Rehabilitation Act are statutes that prevent discrimination that is premised upon a disability. A dispute about the scope and quality of medical care cannot be resolved under the ADA and Rehabilitation Act. To the extent that Claimant is questioning the care provided to him, that is beyond the jurisdiction of the Court in this case.

    The *Fitzgerald* case binds the hands of the Special Master, as well as the Court. The overwhelming number of concerns of Claimant relate to his medical care. The quality of that care must be examined in a different proceeding. It cannot be examined in a case brought under the ADA and Rehabilitation Act.

      Claimant's remedy is to pursue his own separate lawsuit under the Eighth Amendment. He cannot bring a *pro se* motion and cannot litigate the quality of his medical care in this case,

      IT IS HEREBY ORDERED that the motion Lawrence Fitzgerald is denied, as there is no further jurisdiction over any aspect of the *pro se* motion; and

      IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before February 27, 2012.**

      SIGNED this 28th day of December, 2011.

                                        BY THE COURT:

                                        */s/ Richard M. Borchers*

                                        _____
                                        Richard M. Borchers
                                        Special Master