IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number 01-092
Category: I
Claimant: James Rudnick, #68432
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

**ORDER OF SPECIAL MASTER**
_____

    THIS MATTER comes before the Special Master on Claimant's list of witnesses. Claimant has requested the following witnesses at his hearing: Dr. Paula Frantz, M.D.; Adrienne Jacobson; and Kevin Bretz. It appears that some confusion exists as to what may be discussed at the hearing on February 6, 2012.

    Claimant has indicated a desire to call Dr. Frantz and Ms. Jacobson so "they may testify about CDOC medical coverage, insurance practices, and A.D.A. policies and matters already grieved yet remain unresolved." The scheduled hearing can only consider issues related to the final order and whether or not Claimant has received what was ordered by the Special Master. Systemic issues, policies, etc. have little to no bearing on what may be considered. What has troubled the Special Master is the question of footwear provided to Claimant. That is all that will be considered at the hearing. Systemic issues or new issues that have personally arisen for Claimant cannot be considered during a compliance hearing that is limited to the final order on his claim. Claimant will be allowed to call Ms. Jacobson as a witness, but Dr. Frantz will not be required to testify absent more direct information how she was or is involved in providing footwear for Claimant.

    Claimant would like to present Kevin Bretz as a witness. Claimant indicates he would testify as "to matters similarly situated with Claimant's complaints, and, the Defendants' practices and policies that deny our medically necessary (reasonable) accommodations." The Special Master is familiar with Mr. Bretz and his final order. Mr. Bretz' testimony that would relate to systematic

issues, not the specifics of Claimant's footwear issues. What is relevant is whether the footwear provided to Claimant is in compliance with the final order on his claim. The situation facing Mr. Bretz has to be taken up separately and in conjunction with the final order on his claim. Nothing set forth by Claimant reflects that Mr. Bretz would testify to anything more than systemic concerns. The Special Master has no jurisdiction over systemic issues.

IT IS HEREBY ORDERED that Defendants will make Adrienne Jacobson available to testify by telephone at the hearing on February 6, 2012; and

IT IS FURTHER ORDERED that Dr. Frantz and Mr. Bretz will not be allowed as witnesses, as they will only testify concerning systemic issues that are outside the jurisdiction of the Special Master.

SIGNED this 28th day of December, 2011.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master