IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-JLK

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO THE FINAL ORDER OF THE SPECIAL MASTER REGARDING RICHARD CHAVEZ, 67480**
_____

Defendants through the Colorado Attorney General, hereby submit the following Response to Plaintiffs' Objection to the Final Order of the Special Master Regarding Richard Chavez. *Doc. 5192, filed October 21, 2011; Final Order filed August 12, 2011*.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Richard Chavez is an incarcerated individual presently housed at the Sterling Correctional Facility (SCF).

2. Claimant mailed a letter to the Special Master Mr. Richard M. Borchers in the late summer of 2011, requesting to file a *Montez* individual damages claim.

3. Claimant failed to file a claim prior to April 30, 2010.

### STANDARD OF REVIEW

The Remedial plan, section XXXII, states that the standard of review by this Court, of a Special Master's decision, is an abuse of discretion standard.

### ARGUMENT

### I.     <u>Chavez's claims are beyond the jurisdiction of the Special Masters.</u>

The Remedial Plan was signed by Class Counsel and Defendants' Counsel on August 27, 2003. Judge Kane issued an Order March 23, 2010, which clarified the claim process. That Order established limitations on the process established by Article XXXII of the Remedial Plan. Judge Kane limited claims to the following individuals: (1) inmates who were in CDOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. This honorable Court has thus firmly established the boundary of individual damages claims under *Montez* which can be considered by the Special Master.

The Special Master correctly ruled that Claimant failed to allege that he was disabled and discriminated against on or before August 27, 2003. To the contrary, Claimant indicated that he had a hip replaced in 1993, which corrected a broken hip and allowed him to walk. Rather, Claimant requests that CDOC replace his hip in the present tense. This is well past August 27, 2003, the class certification date.

Judge Kane issued a ruling that *all* claims must be filed on or before April 30, 2010. Claimant failed to file any claim on or before that date. Rather, Claimant merely sent a letter to the Special Master sometime in the late summer of 2010, well past the April 30, 2010, cut off point for the filing of individual damages claims. Thus, the Special Master correctly ruled that he lacked jurisdiction over Claimant's claims.

Incidents of alleged discrimination raised by Chavez which post-date August 27, 2003, are outside the jurisdiction of this Court afforded by the Remedial Plan and Judge

Kane's Order of March 23, 2010. Special Master Borchers recognized this when he issued his Order denying Chavez's claim. For the foregoing reasons, the determination of the Special Master that alleged incidences of disability and discrimination raised by Chavez which arose after August of 2003, were beyond his jurisdiction to consider, was correct and should be affirmed.

## II.   Medical Issues are Beyond the Scope of Montez.

Appropriateness of medical care and services is beyond the scope of the *Montez* Remedial Plan and is properly considered under the Eighth Amendment, not the ADA or Rehabilitation Act. A plaintiff cannot state a claim for improper medical care under the ADA or Rehabilitation Act. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005); *Johnson by Johnson v. Thompson*, 971 F.2d 1487 (10th Cir. 1992). Furthermore, "[u]nless they meet the [four] criteria established in paragraph #[2], individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan." (November 23, 2004 Order, ¶ 5).

Assuming *arguendo* that Eighth Amendment issues were properly before this Court, not every ache and pain or discomfort can support an Eighth Amendment claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). Similarly, a layman's fear that he has a problem or that he needs medical treatment is insufficient. Mere conjecture is insufficient to state a claim for relief. *Smith v. Colorado Department of Corrections*, 23 F.3d at 341. "A medical need is serious if it is one that has been *diagnosed by a physician as mandating treatment* or one *that is so obvious* that even a lay person would easily recognize the necessity for a doctor's attention." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (emphasis added). Chavez has provided no medical

evidence that his previous hip replacement needed to be redone prior to August 27, 2003. For that reason, untimely raised medical claims raised by Chavez were properly dismissed by the Special Master as beyond his jurisdiction.

## CONCLUSION

Defendants respectfully file this Response to Chavez's Objection to the Final Order of the Special Master Regarding Richard Chavez. Pursuant to the Remedial Plan, the Special Master's determination can only be reversed by this Court on a finding of abuse of discretion. There was no abuse of discretion by the Special Master. Chavez failed to file a claim prior to April 30, 2010, per the Order of Judge Kane. Alleged incidences of discrimination based on disability which arose after August 27, 2003, are inappropriate for review and beyond the scope of the Remedial Plan. Claims regarding Eighth Amendment issues, are not within the jurisdiction of this Court as they do not relate to the ADA or Rehabilitation Plan proceedings. For these reasons and those stated above, Defendants respectfully request that this Court affirm the Final Order of the Special Master regarding Richard Chavez.

WHEREFORE, Defendants' respectfully request that Chavez's Objection to the Final Order of the Special Master Regarding Richard Chavez be overruled and that this Court affirm the Final Order of the Special Master regarding Offender Chavez.

Respectfully submitted this 2nd day of January 2012,

JOHN W. SUTHERS  
Attorney General

/s/ Jacquelynn N. Rich Fredericks  
JACQUELYNN N. RICH FREDERICKS, #39932  
Special Assistant Attorney General  
Civil Litigation & Employment Law Section

Attorneys for Defendant  
1525 Sherman Street, 7th Floor  
Denver, Colorado 80203  
Telephone:  303-866-5639

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

| | |
|---|---|
| Richard Chavez, #67480 | *Courtesy Copies To:* |
| Sterling Correctional Facility | Keith Nordell, CDOC |
| P.O. Box 6000 | Shawna Roche, SCF |
| Sterling, CO 80751 | |

/s/ Mariah Cruz-Nanio_____