IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - JLK

JESSE MONTEZ, et al.,

      Plaintiffs,

  -vs.-

JOHN HICKENLOOPER, et al.,

      Defendants.

_____

Claim Number: 03-138
Category III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

_____

**ORDER OF SPECIAL MASTER**
_____

      THIS MATTER comes before the Special Master on Claimant's undated letter that was received on March 20, 2012. Also received was a pleading entitled "Contempt of Court." Claimant has alleged that he had a serious heart attack on January 23, 2012. He has alleged inappropriate destruction of his personal property. He seeks relief in the form of damages.

      In the order of December 19, 2011, the Special Master advised Claimant that no jurisdiction existed through this case to rectify the seizure of personal property by DOC staff. An order was issued maintaining the status quo until March 12, 2012. Claimant was advised that he would have to file a separate lawsuit to adjudicate the constitutional issues that exist. The *Montez* case is nearing an end, and Judge Kane has ruled that individual *pro se* motions can no longer be filed. What remains is a determination of whether Defendants completed those items agreed to in the Remedial Plan.

      Claimant was advised to file a separate lawsuit concerning his personal property and to seek a temporary restraining order through the case. It appears that Claimant has not done so. The stay order issued by the Special Master expired March 12, 2012. Claimant's remedy is to commence a new law suit asking for damages. The Special Master and Court have no jurisdiction over the personnel property issue in this case.

      IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion, is denied, for lack of jurisdiction; and

IT IS FURTHER ORDERED that Claimant's motion is denied for lack of jurisdiction; and

IT IS FURTHER ORDERED that the previous order of December 7, 2011 which directed Defendants to maintain the seized property expired on March 12, 2012; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before April 26, 2012.**

SIGNED this 26th day of March 26, 2012.

BY THE COURT:

*Richard M. Borchers*

_____
Richard M. Borchers
Special Master