Eldridge Griffin #85791- DOCLL



Appendix E
\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>92-CV-870-JLK</u>

JESSE MONTEZ, et al.,

    Plaintiff,

v.

JOHN HICKENLOOPER, et al.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 2 2012

GREGORY C. LANGHAM
                      CLERK

---

Claim Number: 03-479
Category III
Claimant: Elridge Griffin, #85791
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

### CLAIMANT'S RESPONSE TO
### SPECIAL MASTER'S ORDER

---

    THIS MATTER, comes before the Special Masters on Claimants own Motion in response to Special Masters Motion of Orders. The Claimant respectfully asks this honorable court to grant this Response Motion for the following reasons.

    The Special Masters made an Order on the 16th day of March, 2012 granting the Claimant permission to seek assistance from other inmates, except for his O.C.A., in reviewing his documents and records, as well as, the preparation of additional legal pleadings.

    The Claimant had submitted a Motion out to the Special Masters from S.C.F., asking the Special Masters to not allow the Defendants to put the responsibility of the accommodation for the Claimant solely the responsibility of another inmate. Since the Special Masters has already made this Order and in his order that the Defendants have no objection to the Claimant seeking assistance from other inmates than the Claimant ask that the Special Masters make an Order ordering that the Defendants move the Claimant to a facility that is not a level 5 facility and that better fits his classification. The Claimant asks this of the Special Masters for the following:

1. The Claimant is now being housed at a level 5 facility when his classification says he qualifies to be at a medium facility.

2. At S.C.F., the ratio between offenders with life-sentences and offenders with sentences in the doubles-digits, being the same as life-sentences, together is at 90 percent. Which makes the current Order from the Special Masters nearly impossible because of the high

Eldridge Griffin #85791- DOCLL

percentage of life-offenders that the Claimant is now being housed with the majority of the offenders here at S.C.F. are not willing to help the Claimant without the reward of some type of payment for helping. The mindset of offenders with life-sentences is what is in it for them; when the Claimant was housed at C.T.C.F. he did not have this problem because this is a Canyon City complex, and a great deal of the offenders there are from Colorado Springs. This was the same for Fremont Correctional Facility and the Claimant has a greater chance of finding someone that he may know that would be willing to help him.

3. Here at S.C.F. in the last 30 days there has been around 15 lock-downs of the facility which is a very high ratio, maybe not for maximum security facility, such as this, but the Claimant believes the ratio of lock-downs of a facility would not be this high if he was being housed in a medium security facility which fits his classification. The Claimant wants to make the Special Master aware that when these lock-downs of the facility occur, the Claimant has no access to other inmates to seek help from, or to the law library. Granted, the Claimant understands that lock-downs of a facility may take place at anytime, but in all of the 11 years history the Claimant has in the Department of Corrections, he has never been housed at a facility that has had 15 mandatory lock-downs in a 30-day time frame. Each one of these lock-downs of the facility lasts from 2-3 days each time. This is a great hindrance on the Claimant, but a benefit to the Defendants because if the Claimant is on lock-down he cannot read and write Motions for himself to submit to the Special Masters which would make the Claimant sure to miss the upcoming deadline of April 30, 2012.

4. The Defendants denied the Claimant this kind of assistance from other offenders in 1996 through 2001, and 2007 through 2009, by denying the Claimant an O.C.A. and by denying the Claimant any assistance from other inmates in the law library. Their reasons were, as they stated in one of their previous Objection Motions, that this kind of assistance is a safety and security risk of the facility. The Claimant believes that where he is currently being housed this risk increases nearly ten-fold because the minute one of the maximum-security offenders is here becomes angry, because the Claimant is unwilling to pay a fee for their assistance, his safety immediately becomes in danger, especially because offenders with life-sentences have nothing else to lose by causing harm to the Claimant.

5. The Claimant believes if the Defendants are not willing to change the Claimants current housing facility to a facility that more matches his classification, like C.T.C.F. or F.C.F. Or Orway, Crowley Correctional Facility within enough time for the Claimant to seek the help he needs to meet the April 30, 2012 deadline to get his closing arguments and final documents into the Special Masters then the Claimant asks that the Special Masters order that the Defendants immediately upgrade the reading program in the law library computers, to not only read, but search, spell and write by verbal command. This program is currently available; one is called Speak and Spell, and another is titled DragonStar. This program being downloaded into the law library computer program, will solve the whole problem of the Claimant needing someone to read and write his legal documents because the computer will read and write for the Claimant, and anytime the Claimant is to receive legal mail from the court he can bring it to the law library to be scanned then pasted to this program and the program will read his legal mail to him.

IN CLOSING,

The Claimant wants to once again express to the Special Masters that the responsibility of the Claimant receiving a reading and writing accommodation in the law library as his ADA accommodation approval order states, this responsibility is not of another offender, it is not the responsibility of the Claimant to find another offender to read and write for him. As the ADA accommodation reads, the Claimant is to receive an appropriate accommodation with reading and writing per the facility ADA coordinator. This puts the responsibility for an accommodation directly on the Defendants. The Claimant respectfully asks that the Special Masters grant all asked above and asks that the Order state that the Defendants are to immediately act on the Order. Furthermore, the Claimant asks that the Special Masters order that the Claimant be transferred to a facility that fits his classification the Claimant has 19 points which makes him a medium-classification. He has ever had any type of violence or escapes that would justify the Defendants keeping the Claimant housed at a level 5 facility with a kill fence. If the Claimant is to pursue assistance from other inmates as a solution then the Claimant needs to be in an environment where asking for help from other offenders is not so much of a danger to him. If the Defendants are not willing to grant this request then the Claimant asks the Special Masters to order the Defendants to implement a program in their law library program that not only will read for the Claimant, but will spell and write any verbal words spoken to the computer from the Claimant. As mentioned before, 2 of these available programs are DragonStar and Speak and Spell. To have either one of these programs implemented into the law programs computer systems programs will solve the issue of the Claimant needing any assistance with his reading and writing of his legal documents while he is in the D.O.C. law library program. The Claimant asks that whichever order the Special Masters sees fit to order the Claimant asks the order the Defendants to act immediately so the Claimant will have enough time to submit all the documents in any closing arguments left to be submitted in this claim before the scheduled deadline date of April 30, 2012. The Claimant respectfully asks that this Motion and all addressed be granted and awarded to the Claimant as a solution to the complicated issue not

before the court.

RESPECTFULLY SUBMITTED, this 29th Day of March, 2012.

*[signature]*
Elridge Griffin, 85791
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751

(Rev. 04/15/02)

Eldridge Griffin #85791- DOCLL

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Motion of the Claimant, this 29th Day of March, 2012 to the following:

Judge Richard M. Borchers
Special Master for the United States District Court for the district of Colorado
Legal Resolution Center
7828 Vance Dr., Ste. 108
Arvada, CO 80003


King & Greisen, LLP
1670 York St.
Denver, CO 80206

Ms. Beth McCann
Mr. James Quinn
Ms. Jacquelynn Rich Fredericks
Office of the Attorney General
Fifth Floor
1525 Sherman St.
Denver, CO 80203




Elridge Griffin, 85791
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751