IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

Claim Number 03-138
Category III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant:  SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

### DEFENDANTS' RESPONSE TO BRETZ'S "CONTEMPT OF COURT" AND THE SPECIAL MASTER'S ORDER DATED MARCH 26, 2012

---

Defendants, through the Colorado Attorney General, hereby file this Response to the "Contempt of Court" filed by claimant Kevin Mark Bretz (*See* Doc. 5254, "Contempt of Court," filed 3/20/12) and the Order of the Special Master, dated March 26, 2012 (Doc. 5255).

### PRELIMINARY STATEMENT

Bretz's "Contempt of Court" alleges that an existing judgment has been violated by Defendants. *See Contempt of Court, filed March 20, 2012*. Bretz previously alleged that while incarcerated at Sterling Correctional Facility (SCF), he was retaliated against for his participation in the *Montez* action.[1] *Id.; see Motion for Order, filed July 30, 2011;*

---

[1] "[C]ourts must approach prisoner claims of retaliation with skepticism and particular care" because such claims are "easily fabricated" and "because virtually any adverse

1

*and see Motion to Secure Evidence, filed October 8, 2011.*  Allegations of retaliation are beyond the jurisdiction provided by the Remedial Plan.

The "retaliation" Bretz alleges pertains to routine and regular shakedowns of his prison cell at SCF.  As a result of some of these regular shakedowns, contraband including numerous pornographic images were confiscated.  As a convicted sex offender, Bretz has been served with a More Stringent Reading Restriction which prohibits him from possessing the images found in his possession.  Defendants have now responded three separate times to Bretz's frivolous allegations of retaliation in regards to the confiscation of his pornography.  Shakedowns of Bretz's cell and the removal of contraband pornography from his property are within the normal scope of penological operations and based on Bretz's own misconduct, not retaliation.  Further, Special Master Richard Borchers previously ordered Defendants to "maintain the status quo" and preserve all confiscated pornography through March 12, 2012.  (Doc. 5218 and 5231).  Defendants complied with those orders and Bretz's contraband pornography was preserved.

The Special Master specifically informed Bretz that these allegations were beyond his jurisdiction and that Bretz could file his own suit.  (Doc. 5231 and 5255).  The Special Master denied Bretz's "Contempt of Court" and wrote, "the Special Master and Court have no jurisdiction over the personal property issue…" *See* Doc. 5255. at p. 1.  Further, Defendants are no longer subject to any order to maintain Bretz's contraband pornography as the order to maintain the contraband has expired.  (Doc. 5255).

---

action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Bretz's claim is pending appeal before Judge Kane. *See Defendant's Objection to the Special Master's Report and Recommendation, Doc. 5169; and see Defendant's Response to Plaintiff's "Motion for Order," Doc. 5168*.

2. Bretz is a convicted sex offender and is incarcerated in the Colorado Department of Corrections (CDOC) for his past sexual crimes. It is the legitimate penological policy of the CDOC that convicted sex offenders are not permitted to possess graphic sexual materials as a part of their rehabilitation and treatment.

3. CDOC has a classification system for identifying sex offenders in order to reduce recidivism and provide specialized sex offense specific treatment during the offender's period of incarceration. *See Administrative Regulation (AR) 700-19(I)*.[2]

4. CDOC defines a "Judicially Determined Sex Offender" as one who has received a judicial determination by conviction or adjudication. *AR 700-19(III)(D)*. Judicially determined sex offenders have a "sexual violence needs code" of S-5 on a progressively increasing scale from S-1 to S-5. *AR 700-19(IV)(A)(1)*.

5. An offender is classified as an S-5 for "[a]ny judicial determination of sex offense." *Id.*[3] An offender classified as an S-5 is considered a sex offender by CDOC for purposes of treatment and rehabilitation. *AR 700-19(III)(G)*.

---

[2] A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Serv. Co.,* 748 F.2d 888, 889 (10th Cir.1984).

[3] Classifications are as follows: S1 – No arrests or reports indicating sex offense behavior; S2 – Unadjudicated sex abuse allegations; S3 – Any institutional determination of sex offense behavior to include facility disciplinary convictions; S4 – Any administrative determination of sex offense to include prior sexual violence needs classification review. *AR 700-19(IV)(A)*.

3

6. On July 13, 1990, Bretz was sentenced for Sexual Assault in the First Degree under C.R.S. § 18-3-402(1)(e). *Exhibit A-1, Mittimus* 89CR1470. Bretz has been classified by CDOC as an S-5 sex offender for purposes of treatment and rehabilitation due to his conviction for First Degree Sex Assault in case 89CR1470. *See AR 700-19(IV)(A)(1); Exhibit A-1*; *Exhibit A-2, Query Admission Summary; and see Exhibit A-3, Progress Assessment Summary – 04/21/11, p. 1*.

7. CDOC enacted Administrative Regulation 300-26 for the purpose of providing guidelines governing offender access to publications. *See AR 300-26(II)*. The SOTMP staff or Mental Health may restrict the reading materials allowed for sex offenders in an effort to promote individualized rehabilitative goals and participation in the rehabilitation process. *AR 300-26(IV)(A)(1)* and *AR 300-26 Form E*.

8. For rehabilitation purposes, CDOC mental health or sex offender treatment program staff may set more stringent individualized reading material standards for an offender. *AR 300-26(IV)(A)(1)*; *Form 300-26E*.

9. Bretz was served "More Stringent Reading Material Restrictions for Above Named Sex Offender" on May 28, 2009, July 12, 2010, and March 30, 2011. *Exhibit A-4, Reading Restriction(s)*. Bretz cannot subscribe or possess "any sexually oriented magazines or periodicals, or other reading or viewing material deemed to be pornographic..." *Exhibit A-4 at p. 1*. These restrictions included "pictures, depictions or narrative descriptions of unclothed genitals, buttocks, or female breasts" and "pictures or depictions of scantily clad females and children, or provocatively posed persons." *Id*.

10. Bretz's cell was routinely and regularly searched on July 27, 2011, September 15, 2011, November 16, 2011, and February 25, 2012. *Exhibit A-5, Incident*

4

*Reports and Shakedown Lists*.[4]  All inmate cells "*will* be searched *at least once* per quarter."  *See AR 300-06(IV)(H)(5)* (emphasis added).

11.   Contraband was removed from Bretz cell during the shakedowns. Contraband is "any item that a DOC… offender is not specifically authorized to have in his/her possession."  *AR 300-6(III)(C)*.  Searches are conducted to detect contraband and frequent, unannounced searches of housing units are conducted to ensure safety and security of the facility.  *Id*.  The contraband removed from Bretz's cell July 27, 2011, included photographs and depictions of women posing in provocative positions, wearing minimal clothing or nude.[5]  Approximately 36 pictures of nude women, which violated Bretz's restrictions, were removed from his cell September 15, 2011.

12.   The contraband pornography was maintained in congruence with the Special Master's Order.  *See Exhibit A-6, Affidavit of B. Scott*.

13.   The Order to preserve the contraband pornography expired March 12, 2012.  (Doc. 5255).

14.   CDOC promulgated AR 300-06, to deal with disposition of contraband it its facilities including SCF.  Bretz's contraband pornography may be dispensed with in accordance with this policy.  *See AR 300-06(IV)(S)*.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to consider Bretz's motion for contempt.  Further F.R.C.P. 70 is inapplicable to the present matter.  Alternatively, SCF and the CDOC have not retaliated against Bretz who is subject to shakedowns, his reading restrictions, and

---

[4] Bretz's cell was packed out prior to his medical transport on January 31, 2012.  This was not a shakedown, rather part of the procedure when Bretz was transferred to DRDC.
[5] The graphic images removed from Bretz's cell during shakedowns has been previously provided to the Court and the Special Master for *in-camera* review.

classification pursuant to his incarceration and which are matters beyond this Court's jurisdiction. Further, Bretz has no right to pornography or DVD players and Play Station Games.

## ARGUMENT

**I.   THE COURT LACKS JURISDICTION TO CONSIDER BRETZ'S RETALIATION CLAIMS.**

"Inmate *pro se* motions and claims for specific individual relief are limited to § XXXII of the Montez Remedial Plan and the related 2006 and 2008 Stipulations." *See Order re Report and Recommendation of Special Master (Doc. 3741) and Related Filings, Doc. 4381, dated March 23, 2010.* There is no language in the Remedial Plan which provides for jurisdiction over alleged retaliation or contempt claims. There is no language in the Amended Stipulation and Order Regarding Status of Compliance by DOC with Remedial Plan which contemplates or confers such jurisdiction . (*Doc. 2228*). Bretz's motion for contempt is predicated upon the false misconception by Bretz that this Court has jurisdiction over his retaliation claims and that CDOC was somehow subject to an enforcement order pertaining to the confiscation of his pornography. Bretz's present claims themselves are beyond the scope of the Remedial Plan and this action. Bretz's "Contempt of Court" should be denied. Further, Bretz cannot merely note that he has previously filed suits or grievances and then conclude, without additional evidence that any subsequent action must have been in retaliation for those filings. *Ishaaq v. Compton*, 900 F. Supp. 935, 940 (W.D. Tenn. 1995).

**II.   F.R.C.P. 70 IS NOT APPLICABLE.**

F.R.C.P. 70 is for the enforcement of a judgment regarding a specific act and permits a court to hold a disobedient party in contempt. F.R.C.P. 70(e). F.R.C.P. is

6

inapplicable to Bretz claims and beyond the scope of his individual damages claim. CDOC and SCF were not subject to the enforcement of any judgment regarding Bretz's contraband pornography. No judgment regarding Bretz's porn had entered or was applicable. Therefore, there is nothing to hold CDOC or the staff of SCF in contempt for disobeying. Moreover, even if Rule 70 applied, it is apparent that the CDOC violated no court order.

While CDOC and SCF were not subject to any judgment to which contempt might apply, the Special Master issued two orders that SCF "maintain the status quo," i.e., not destroy Bretz's contraband pornography until March 12, 2012, to permit Bretz the time to file a separate action, where jurisdiction over his claims might exist. (Doc. 5218 and 5231). SCF preserved Bretz's contraband pornography through March 12, 2012. *See Exhibit A-6, Affidavit of B. Scott.* Bretz failed to file another, independent action. Bretz's "Contempt of Court" should be denied.

### III. CDOC HAS NOT RETALIATED AND BRETZ HAS NO RIGHT TO THE RELIEF SOUGHT REGARDING SHAKEDOWNS, HIS READING RESTRICTIONS, HIS CLASSIFICATION, AND PROPERTY ITEMS SUCH AS PORNOGRAPHY, PLAYSTATION, AND DVD PLAYERS.

a.     **Retaliation.**

CDOC has not retaliated against Bretz for his participation in the *Montez* class action. "[M]ere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, *allege specific facts* showing retaliation *because of the exercise of the prisoner's constitutional rights*." *Frazier v. DuBois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (emphasis added). The plaintiff must specifically allege the acts which he claims were retaliatory and the constitutional rights he exercised. *Cochran v. Morris*, 73 F.3d 1310, 1316-17 (4th Cir. 1996). Bretz's allegations of retaliation are wholly conclusory.

7

A retaliation claim must specify the acts taken in retaliation, as well as the retaliatory motive. It cannot merely make conclusory claims that defendants retaliated against him. For example, a complaint in which the inmate alleged that officials filed "arbitrary and capricious documents against him" in retaliation for filing suits failed to state a claim because it failed to identify the documents, it failed to state their effect on him, and it failed to state facts which would demonstrate a retaliatory motive. *Brown v. McBride*, 929 F. Supp. 1132 (N.D. Ind. 1996). The inmate must have some evidence of retaliation in order to state a claim for relief. He cannot merely note that he has previously filed suits or grievances and then conclude, without additional evidence that any subsequent action must have been in retaliation for those filings. *Ishaaq v. Compton*, 900 F. Supp. 935, 940 (W.D. Tenn. 1995).

The plaintiff must establish that the prison's action was in retaliation for the exercise of constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). If he has no right to engage in the activity that allegedly caused the retaliatory action, he has no standing to assert the claim. *Id*. *See Cowans v. Warren*, 150 F.3d 910 (8th Cir. 1998) (holding that punishment for abusive language does not prove retaliation for exercise of one's First Amendment rights because an inmate does not have a right to use abusive language).

Bretz had no right to possess pornography which violate his rehabilitation plan and reading material restrictions. CDOC did not retaliate against Bretz for his pursuit of his *Montez* damages claim. Cell shakedowns are an aspect of daily life in prison. Removal of contraband naturally stems from shakedowns. The pornography found in Bretz's possession constituted contraband. This contraband was removed from his

8

possession. Bretz was never entitled to possess pornography, because such possession would be contrary to his rehabilitation and treatment. Its confiscation was appropriate and was not an impermissible act of retaliation.

Additionally, even if a retaliatory motive is shown, the plaintiff must also demonstrate that the defendant's actions would not have occurred "but-for" that motive. *Peterson v. Shanks*, 149 F.3d 1140 (10th Cir. 1998). Bretz may engage in litigation and has, as a member of the *Montez* suit.[6] Bretz has the right to participate in litigation but he has no constitutional right to possess pornography. Defendants have not retaliated against Bretz for his participation in *Montez*. Bretz has not been dissuaded from continuing to pursue his claim. Thus, Bretz's claims regarding retaliation fail.

**b.     Shakedowns.**

Bretz's is subject to searches and shakedowns, just as any other offender. *See AR 300-06(IV)(H) and(I)*. Any contraband found during a shakedown is confiscated. *Id*. Bretz possessed porn in violation of CDOC's legitimate policy and his reading restrictions as a sex offender. *See AR 300-26; and see AR 300-06*. To prove a claim for retaliation Bretz must show that there was no legitimate penological reason for the prison's action. *Pratt v. Rowland,* 65 F.3d 802, 808-10 (9th Cir. 1995). Deference should be shown to prison officials in evaluating their proffered legitimate penological reasons for the action they took. *Id.* at 807-08.

The prison need merely show a single constitutional reason for its action to defeat the inmate's retaliation claim. *Goff v. Burton,* 7 F.3d at 737. Here, SCF conducted regular shakedowns of Bretz's cell in accordance with CDOC policy as discussed above.

---

[6] The Defendants would respectfully note that Bretz has had more compliance hearings and reviews than any other member of the *Montez* class.

Moving forward, Bretz may have opportunity to mail out his confiscated contraband property. *See AR 300-06*. A prison may require the inmate to mail his property to a location outside of the prison. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Thus, Bretz's claims regarding shakedowns fail.

### c. Reading Restrictions.

Bretz was convicted of First Degree Sexual Assault. *See AR 700-19(IV)(A)(1); Exhibit A-1*; *Exhibit A-2, Query Admission Summary; and see Exhibit A-3*, *Progress Assessment Summary – 04/21/11, p. 1*. Accordingly, he is classified as a sex offender by CDOC for purposes of rehabilitation and treatment. *Id*. Inmates classified as sex offenders may be restricted from possessing or viewing reading materials that are counter to their individualized rehabilitative goals and standards. *See AR 300-26*. First Amendment rights may be limited for a legitimate penological interest, such as the rehabilitation of offenders. Accordingly, it is within the discretion of the CDOC to restrict Bretz's reading materials in order to ensure rehabilitative goals and standards are met. The reading restriction is an appropriate response to legitimate rehabilitative goals as applied to plaintiff. *See Hunsaker v. Jimerson*, 2011 WL 4374801 (D.Colo.). Enforcing compliance with those goals and standards through normal and proper channels cannot be construed as retaliation. Thus, Bretz's claims regarding his reading restrictions fail.

### d. Classification.

The Due Process Clause does not create any entitlement to a particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). Similarly, the inmate may be confined in "any" of the State's prisons without "audit

under the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

"Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.* 427 U.S. at 223-25. The State has the power to reclassify and transfer an inmate for whatever reason it desires, *or for no reason at all*. *Id.* at 223-28; *Moody v. Daggett*, 429 U.S. at 88 n.9; *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741 (1983); *Montayne v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). Thus, Bretz's claims regarding his classification and placement fail.

    **e.**  **Property including pornography, Play Station, and DVD Players.**

Inmates have no right to property in prison. No provision of the Constitution or laws of the United States confers upon an inmate the right to possess property in the prison. To the contrary, precedent clearly establishes that prison officials retain broad discretion to devise regulations concerning the amount and type of personal property that an inmate may possess in prison. *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994); *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984). Indeed, prison officials may completely ban the possession of personal property, because an inmate has no constitutional right to possess personal property in prison. *Searcy v. Simmons*, 2002 WL 1897930 (10th Cir. 2002).

Bretz has no right to pornography. Courts throughout the country routinely hold that prison officials may ban sexually-explicit material. *See Jones v. Salt Lake County,* 503 F.3d 1147 (10th Cir. 2007); *and see Speery v. Werholtz*, 413 Fed. Appx. 31 (10th Cir.

2011).  "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration."  *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977).  It is for this reason that prisoners retain only qualified First Amendment rights while in prison.  *Bell v. Wolfish*, 441 U.S. 520, 545-47 (1979).

Bretz has no right to Play Station and DVD players.  Inmates are not entitled to possess electronic equipment in prison.  *See Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir. 1991), *overruled on other grounds*, *Tucker v. Graves*, 107 F.3d 881 (10th Cir. 1997) (no right to possess television in prison).  *See also*, *Riley v. Snyder*, 72 F. Supp.2d 456 (D. Del. 1999) (No right to watch television).  Thus, Bretz's claims regarding his property fail and Bretz's "Contempt of Court" should be denied.

### IV. BRETZ'S CLAIMS ARE FRIVOLOUS AND DEFENDANTS SHOULD BE AWARDED ATTORNEY FEES.

Under 28 U.S.C. § 1915, when a litigant is proceeding *in forma pauperis*, the district court must dismiss any action or appeal that is "frivolous or malicious." § 1915(e)(2)(B)(i). "[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotations omitted); *see also Pullen v. Keesling*, 9 Fed. Appx. 882, 883 (10th Cir. 2001) (unpublished).  Bretz's present allegations and complaint are virtually identical to his prior filings.  Bretz was instructed that his claims were beyond the scope of this litigation and informed that he could file his own complaint in an independent action.  (Doc. 5231 and 5255).  Instead, Bretz *again* filed additional frivolous pleadings in this action.

12

Bretz should be sanctioned for his repeated disregard for the time and resources of the Court, the Special Master, and the Defendants who have had to defend against his numerous superfluous and irrelevant pleadings related to his contraband pornography. Therefore, the Defendants request an award of attorney fees in this matter. Bretz continues to waste this Court's time, and State resources based upon his own conduct. Bretz's conduct should not be tolerated by this or any other court. Bretz's "Contempt of Court" should be denied and fees awarded to Defendants.

## CONCLUSION

Defendants respectfully file this Response to Plaintiff's "Contempt of Court." This Court lacks jurisdiction to consider alleged retaliation claims as part of the *Montez* individual damage claims. Further, CDOC complied with the Special Master's prior Order to preserve Plaintiff's pornography through Monday, March 12, 2012. Lastly, Plaintiff has not properly pled a claim of retaliation, has no right regarding shakedowns, his reading restrictions, and classification; and has no property right to pornography, Play Station, or a DVD player in prison. Plaintiff's filing entitled "Contempt of Court" should be denied in its entirety and Defendants awarded their fees.

Respectfully submitted this 13th day of April 2012.

> JOHN W. SUTHERS
> Attorney General
>
> /s/ Jacquelynn N. Rich Fredericks
> JACQUELYNN N. RICH FREDERICKS, #39932
> Assistant Attorney General
> Civil Litigation & Employment Law Section
> Attorneys for Defendant
> 1525 Sherman Street, 7th Floor
> Denver, Colorado 80203
> Telephone: 303-866-5639

13

**CERTIFICATE OF SERVICE**

I certify that on April 13, 2012, I filed the foregoing Response to Plaintiff's "Contempt of Court" via ECF and mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

Kevin Mark Bretz, #46584　　　　　　　　*Courtesy Copies To:*
Limon Correctional Facility　　　　　　　　Keith Nordell, CDOC
49030 Colorado 71　　　　　　　　　　　　Shawna Roche, SCF
Limon, CO, 80826

　　　　　　　　　　　　　　　　　　　　/s/ Mariah Cruz-Nanio_____

14