IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number X-560
Category: Untimely Filed Claim
Claimant: Maitise Crews, #107000
Address of Claimant: CCF, P.O. Box 600, Canon City, CO 81215-0600

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the letter of Claimant that was received on April 21, 2012. Claimant alleges in his letter that various injustices took place in his criminal case. He is seeking help in overturning his conviction.

    This case was commenced in 1992 under the Americans with Disabilities Act (ADA). When the case settled on August 27, 2003, a claim process was set up for inmates who alleged that they had been discriminated against in violation of the ADA.

    Claimant came into DOC custody in 2002. Claimant has not alleged that he is disabled or that he was a victim of discrimination under the ADA. Claimant has not filed previously a claim pursuant to Article XXXII of the Remedial Plan.

    The Special Masters were appointed to adjudicate claims made pursuant to the Remedial Plan approved by Judge Nottingham. The Remedial Plan is the settlement document that established the claim process. As noted, Claimant has not filed a claim.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. A copy of that order will be provided to Claimant, along with a copy of the order of January 19, 2011. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003;

(2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim. Claimant came into DOC custody well after August 27, 2003.

Judge Kane also ruled that all claims had to be filed on or before April 30, 2010. Claimant did not file a claim on or before that date. The Special Master has no jurisdiction over any letter or claim of Claimant for this reason. The Special Master has no jurisdiction over any aspect of Claimant's criminal case.

IT IS HEREBY ORDERED that the letter of Maitise Crews, being treated as new claim, is dismissed, as the claim was not filed on or before April 30, 2010 and Claimant has not alleged that he was disabled on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before July 16, 2012.**

SIGNED this 30th day of April, 2012.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————————
Richard M. Borchers
Special Master