IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-00870-JLK

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.,*

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION (Doc. 5265) TO THE FEBRUARY 13, 2012, ORDER OF THE SPECIAL MASTER REGARDING JAMES RUDNICK (Doc. 5245)**

---

Defendants through the Colorado Attorney General, hereby submit the following Response to Rudnick's Objection to the February 13, 2012, Order of the Special Master Regarding James Rudnick. *Doc. 5265 and 5245, respectively.*

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. James Rudnick is presently incarcerated at Sterling Correctional Facility (SCF).

2. Rudnick has been incarcerated since April of 1992.

3. Rudnick is a category I within the *Montez* action.

4. Rudnick's initial claim was resolved on briefing. Special Master Borchers found that Rudnick was not vision disabled. *Doc. 1133*.

5. The Special Master found Rudnick was lower mobility disabled and ordered that Defendants provide Rudnick with a medical mattress, heating pad, boots that fit his

1

feet, custom orthotics, and a chair or adjustable stool which accommodate Mr. Rudnick's height and weight.  *Doc. 1133, p. 8*.

6. A compliance hearing was held at SCF June 20, 2011.  Special Master Borchers found Defendants were in compliance with Rudnick's Final Order and found that he lacked jurisdiction to order new and additional accommodations.  *See Order of the Special Master, dated July 8, 2011*.

7. Rudnick alleged further non-compliance and another hearing was held at SCF on February 6, 2012.  This hearing was limited in scope to the issue of Rudnick's boot accommodation.[1]  *Doc. 5245*.

8. The Special Master, again, found Defendants in compliance with the Final Order and wrote, "From the evidence, it is difficult to find that DOC has failed to comply with the letter and spirit of the final order from 2005."  *Doc. 5245, p. 7*.  The Special Master then added that, "More importantly, the footwear issue should be resolved between Claimant and staff at SCF.  It is not an issue that should require court supervision."  *Id*. at p. 8.  Rudnick's motion to compel was denied.  *Id*.

9. Rudnick now objects to that order.  *Doc. 5265*.

10. Rudnick has been continuously provided boots from 2005 to present.

---

[1] Rudnick references his eyeglasses and chair in his "Declaration of Truth."  *Doc. 5265, p. 34-41*.  It is of note, that Rudnick's chair was *not* raised nor considered in the hearing to which his present objection was made.  Additionally, a separate ***third*** compliance hearing for Rudnick has been set for 6/25/12 at SCF specifically pertaining to his chair accommodation.  Rudnick has now had compliance hearings in this matter June 20, 2011, February 6, 2012, and June 25, 2012.  His chair is not ripe for consideration before this Court.  In addition, Rudnick is *not* vision disabled per his Final Order.  Rudnick cannot continue to raise his eye glass issues in this matter.  References in Rudnick's "Declaration" to his glasses and chair should be disregarded by this Court or stricken.

11. CDOC contracts with Hangar Orthotics to provide custom fitted boots to offenders with unusual foot sizes or foot issues. *Doc. 5245 and see Hearing Audio Disk.*

12. Hangar has seen Rudnick numerous times over the past year. *See Hearing Audio Disk, testimony of Karie Adema, Office Administrator for Hanger Prosthetics.*

13. Since late 2011, Hangar Orthotics has made three separate pairs of boots for Rudnick. *Id.*

14. Rudnick has rejected numerous pairs of boots procured for him by Hangar Orthotics. *Id; and see testimony of Adrienne Jacobson.*

## STANDARD OF REVIEW

The Remedial plan, section XXXII, states that the standard of review of a Special Master's decision by this Court, is an abuse of discretion standard (*See* Remedial Plan, § XXXII). "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Mann v. Reynolds*, 46F.3d 1055, 1062 (10th Cir. 1995). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). *See also Cotter & Gall v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (abuse of discretion to base "ruling on an erroneous view of the law"). In addition, an abuse of discretion occurs when the Special Master's decision is "arbitrary, capricious, or whimsical" or results in a "manifestly unreasonable judgment." *Moot hart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotation omitted).

## SUMMARY OF THE ARGUMENT

The evidence demonstrates that Defendants have complied with the Final Order of the Special Master regarding Claimant Rudnick. Defendants remain compliant with

3

that Final Order.  Defendants have provided all required accommodations despite Rudnick's failure to comply with additional and on-going ADA accommodation screening.  Rudnick has been provided the ordered boot accommodation *and* an additional pair of soft-shoes (not part of his accommodation) which he returned.  The Special Master correctly found that Defendants remain in compliance with the Final Order pertaining to Rudnick and continue to provide boots specific to Rudnick's feet and therefore, properly denied Plaintiff's Motion to Compel.

## ARGUMENT

**I.  DEFENDANTS HAVE COMPLIED WITH THE FINAL ORDER OF THE SPECIAL MASTER REGARDING RUDNICK'S BOOT ACCOMMODATION.**

Defendants replaced Rudnick's custom fitted boots on April 12, 2011 and September 7, 2011.  *See Exhibit B, Durable Medical Equipment Contract, dated 4/12/1; Ambulatory health Record, dated 5/2/11; Consultation Report Form, dated 9/23/11; and Accommodation Resolution, dated 11/7/11*.  In September 2011, Rudnick complained his replacement boots did not fit.  *See Exhibit C, Ambulatory Health Record, dated 9/29/11 and Consultation Report Form, dated 9/29/11*.  The boots were refitted and re-ordered on October 21, 2011.  *See Exhibit D, Ambulatory Health Record, dated 10/21/11*.

Defendants met with Rudnick regarding his accommodations in May 2011, and Rudnick did not indicate any issues with his orthotics at that time.  *See Exhibit A, Ambulatory Health Record, dated 5/3/11*.  Rudnick did not raise any concerns regarding his boot accommodation during the June 20, 2011 compliance hearing other than that it took too long to procure them.  *See Order, dated July 8, 2011*.

4

In late 2011, Rudnick requested new boots. CDOC contracts with Hangar Orthotics for special shoes. Rudnick met with Hangar. Hangar Prosthetics is in the business of providing special shoes for those with painful or unusual shaped and sized feet and works with a number of manufacturers to procure appropriate shoes for CDOC inmates including Mr. Rudnick. *Hearing Audio Recording, testimony of Karie Adema.* A Hangar employee named Ben Struzenberg, a certified practitioner of orthotics with thirty years of experience in the industry, measured Rudnick's feet. *Id.* A pair of shoes was manufactured and provide to Rudnick based upon Mr. Struzenberg's measurements of Mr. Rudnick's feet. *Id.* Rudnick rejected those boots. *Id.* When the same Hangar employee met again with Rudnick, Mr. Rudnick falsely informed that individual that he was entitled to both boots and soft shoes. *Id.* Thus, a second pair of special boots was ordered and a pair of soft shoes. *Id.* These soft shoes are not a part of Rudnick's Final Order and no physician has ever prescribed them for Rudnick has an accommodation. Rudnick was provided the soft shoes on or about September 14, 2011. *See Exhibit E, Email of N. Wilson, dated 11/14/11.* Rudnick subsequently rejected the soft shoes. Rudnick was provided a second pair of boots. *Hearing Audio Recording, testimony of Karie Adema.* Rudnick rejected those boots. *Id.* A third pair of boots was measured for and ordered for Mr. Rudnick. *Id.* Those boots were delivered to Rudnick in February 2011.

Mr. Rudnick's claims which post date the February 6, 2012, hearing are inapposite and are not contained within the record of the hearing below, thus, they are beyond the scope of this Court's jurisdiction in this matter. This new information cannot

5

be considered here because it was not considered below and is not reflected in the record on appeal. *See New Haven Inclusion Cases*, 399 U.S. 392, 450 n.6 (1970).

Now, Plaintiff claims that the specialty equipment used to measure his foot is inadequate and objects to the Order of the Special Master finding Defendants in compliance with his boot accommodation. *Doc. 5265*. Rudnick complains that the fact that his boots are specially ordered from outside of CDOC after a specific fitting of his feet does not render them "special" enough to comply with his Final Order. *Doc. 5265, pp. 4, 13*. Rudnick also alleges that where a boot comes from a boot manufacturer, they are not "specially" or "custom made." *Id*. Essentially, Rudnick seeks to have his own unique pair of shoes specially cobbled for him after conducting x-rays of his feet, of which there can be no other like pair.[2] *Id*. at pp. 11, 36. The Special Master correctly found that Defendants have gone to great lengths to provide Rudnick with appropriate footwear. Evidence revealed that Rudnick has met with Hangar Orthotics on multiple occasions during Hangar's monthly visits to SCF. *Hearing Audio Disk, testimony of Karie Adema*. Rudnick's feet were measured during these meetings. *Id*. During the February 2, 2012, hearing, Rudnick referred to his most recent pair of boots as "a well made boot." *Hearing Audio Disk*.

Overall, Rudnick merely disagreed with the process in place regarding measuring, procuring, and providing special shoes to him. *Hearing Audio Disk*. Three pairs of shoes have been provided through Hangar within the past year. *Id*., *testimony of Karie Adema*. Rudnick does not deny that he has had his feet measured by professionals. Rudnick does not deny that he has been provided numerous pairs of specially ordered boots based upon

---

[2] Plaintiff's request for x-rays is unique to his Objection to the Order of the Special Master. This was not considered by the Special Master below, nor should it have been.

those measurements, nor could he. The evidence reflects that Rudnick has been provided numerous pairs of special boots in congruence with his Final Order. Rudnick merely does not prefer the shoes which have been specially procured for him by CDOC through Hangar Orthotics.

The ADA and Rehabilitation Act only required Defendants to provide a reasonable accommodation, not the best possible accommodation. *See Crumpton v. St. Vincent's Hospital*, 963 F.Supp. 1104 (N.D. AlA. 1997); *and see Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996). "[T]he accommodation provided need not be the 'best accommodation possible,' so long as it is sufficient to meet the job related needs of the individual being accommodated." *Hall v. Claussen*, 6 Fed.Appx. 655, 668 (10th Cir. 2001)(unpublished opinion). Where multiple potential accommodations exist, the entity, " '[P]roviding the accommodation has the ultimate discretion to choose between effective accommodations…' *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir. 1996)." *Smith v. Honda of Am. Mfg., Inc.*, 101 F.App'x 20, 205 (6th Cir. 2004). A claimant is not entitled to anything and everything he or she requests, so long as the accommodation provided is reasonable. "Plaintiff does not have a right to his choice of accommodation." *Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.)(discussing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999)). Here, Rudnick seeks his choice of accommodation regarding his boots. Where Defendants have had *three* pairs of custom made boots produced for Mr. Rudnick through Hangar in the past few months, it is Mr. Rudnick who is being unreasonable.

Claimant also continues to seek new and novel accommodations beyond the scope of his Final Order including tennis shoes and rubber boots. *Doc. 5265, pp. 19, 1-3.*

7

Rudnick seeks these based upon his statements that his feet sweat and that it rains outside. *Id*. These conditions are specific neither to Claimant nor to offenders in prison. In addition, Rudnick does not have an accommodation for rubber boots or tennis shoes. Further, "When an individual is provided with an accommodation other than that requested, the *individual* must establish the accommodation offered was unreasonable." *Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.)(citing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999))(emphasis added). Rudnick has repeatedly been provided with appropriate boots by CDOC through Hangar Orthotics. Rudnick's Final Order was for boots. Rudnick has provided no evidence that this accommodation is inadequate or unreasonable. Rudnick may prefer to now add a rubber boot and soft shoe accommodation, however, "[T]he failure to provide him with his choice of accommodations, particularly one to which he previously has not become accustomed, does not constitute [a]… deprivation." *Burnett v. Wilson*, 2007 WL 43791 at 5 (N.D. Ohio)(deciding an Eighth Amendment issue).

Additionally, Rudnick now seeks an order from this appellate court that he be sent to a podiatrist to have his feet x-rayed. *Doc. 5265, pp.15, 54*. This request is **well** beyond Rudnick's Final Order. Further, Rudnick raises this request for the first time on appeal. Additionally, this Court has held that it is improper in this present action to order that a claimant be sent to an outside specialist. *See Goodloe Order dated 2/17/10*. Again, Rudnick's requests for new accommodations which are not part of his Final Order are beyond this Court's jurisdiction in reviewing the Special Master's Order pertaining to Rudnick's boot accommodation. For the foregoing reasons, the determination of the Special Master should be affirmed.

## II.  EIGHTH AMENDMENT CLAIMS ARE BEYOND THE SCOPE OF THIS CASE

Any issue Rudnick may have with medical treatment or quality of care is not actionable within the *Montez* class-action claim.  Such medical malpractice claims fall under the Eighth Amendment, not the ADA or Rehabilitation Act.  A plaintiff cannot state a claim for improper medical care under the ADA or Rehabilitation Act.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.2d 1487 (10th Cir.1992).  Furthermore, "[u]nless they meet the [four] criteria established in paragraph #[2], individual Eighth Amendment medical malpractice claims are not contemplated by the Remedial Plan."  (November 23, 2004 Order, ¶ 5).  For the foregoing reason, the determination of the Special Master should be affirmed.

## III.  RUDNICK RAISES NUMEROUS ISSUES BEYOND THE SCOPE OF THIS APPEAL.

Rudnick's novel complaints regarding his boots from 2005 to 2010 are inapposite as he has not raised them until now.  *Doc. 5265, pp. 4, 14*.  The Order at issue pertains *only* to Rudnick's boot accommodation from June 20, 2011 through February of 2012.  Complaints beyond the scope of the Order at issue are beyond this Court's jurisdiction in reviewing the Special Master's Order.  This new information cannot be considered here because it was not considered below and is not reflected in the record on appeal.  *See New Haven Inclusion Cases*, 399 U.S. 392, 450 n.6 (1970).  In addition, Rudnick's claims of staff "bullying" (Doc. 5265, pp. 5, 16) are not supported by evidence and are further beyond the scope of this present Objection and review by this Court.  Rather, evidence demonstrates that Rudnick has received ample professional attention in relation to his myriad complaints pertaining to his footwear accommodation.

Rudnick's allegations regarding COPD charges are also not contained in the record from the hearing below before the Special Master and thus, this Court lacks jurisdiction to reviews these claims. Rudnick's allegations that his boots were "concealed" from him for a month is also evidence not a part of the record below and beyond the scope of this Court's review. This new information cannot be considered here because it was not considered below and is not reflected in the record on appeal. *See New Haven Inclusion Cases*, 399 U.S. 392, 450 n.6 (1970). The evidence in this case contains no evidence that Mr. Rudnick's boots were "concealed" from him, nor would Defendants have any reason to so conceal Rudnick's footwear from him.

The United States Court of Appeals will not address arguments that were not presented to the trial court. *Crow v. Shalala*, 40 F.3d 323 (10th Cir. 1994); *Treff v. Galetka*, 74 F.3d 191, 193 (10th Cir. 1996). In the present case, the damages hearing before the Special Master was the "trial court" and this Court sits as an appellate court. All parties are properly constrained to the record and cannot provide novel information for this Court's review, not considered by the Special Master below. Rudnick had every opportunity to present that information below and did not. An appellate court cannot consider evidence which was not presented below. *In Re Petition of Edilson*, 637 P.2d 362, 364-65 (Colo. 1981). Issues not decided by the lower court will not be addressed for the first time on appeal. *Colby v. Progressive Casualty Ins. Co.*, 928 P.2d 1298, 1301 (Colo. 1996). This new information cannot be considered here because it was not considered below and is not reflected in the record on appeal. *See New Haven Inclusion Cases*, 399 U.S. 392, 450 n.6 (1970). For the foregoing reason, the determination of the Special Master should be affirmed.

10

**CONCLUSION**

Defendants respectfully file this Response to Plaintiff's Objection to the February 13, 2012, Order of the Special Master Regarding James Rudnick. After a full hearing, the Special Master determined that Defendants had provided Rudnick appropriate boots in congruence with his Final Order and denied Rudnick's Motion to Compel. Pursuant to the Remedial Plan, the Special Master's determination can only be reversed by this Court on a finding of abuse of discretion. There was no abuse of discretion by the Special Master. Rudnick has been provided reasonable accommodations for his disability. Claims regarding Eighth Amendment issues are not within the jurisdiction of this Court as they do not relate to the ADA or Rehabilitation Plan. New allegations raised by Rudnick are not appropriate for this Court's review. For these reasons and those stated above, Defendants respectfully request that this Court affirm the Order of the Special Master regarding Rudnick.

WHEREFORE, Defendants' respectfully request that Plaintiff's Objection to the February 13, 2012, Order of the Special Master Regarding James Rudnick be denied and that this Court affirm the February 13, 2012 Order (Doc. 5245) of the Special Master regarding Offender Rudnick.

Respectfully submitted this 5th day of June 2012,

>JOHN W. SUTHERS
>Attorney General
>
>/s/ Jacquelynn N. Rich Fredericks
>JACQUELYNN N. RICH FREDERICKS, #39932
>Assistant Attorney General
>Civil Litigation & Employment Law Section
>Attorneys for Defendant
>1525 Sherman Street, 7th Floor
>Denver, Colorado 80203
>Telephone:  303-866-5639

### CERTIFICATE OF SERVICE

I certify that on June 5, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

| | |
|---|---|
| James Rudnick, #68432<br>Sterling Correctional Facility<br>P.O. Box 6000<br>Sterling, CO 80751-6000 | *Courtesy Copies To:*<br>Keith Nordell, CDOC<br>Shawna Roche, SCF |

>/s/ Mariah Cruz-Nanio

12