

Mr. Michael Keith Tivis Reg #52378
SCF-2-B-102
P.O. 6000
Sterling, Co. 80751

Special Master for the U.S. District Court
for the District of Colorado
Legal Resolution Center
7907 Zenobia Street
Westminster, Colorado 80030-4444

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 19 2012

GREGORY C. LANGHAM
CLERK

Re: Claim No. 03-276
    Civil Action No. 92-CV-870-JLK

Dear Special Master(s),
    Attached is a copy of a letter that was sent to the AIC showing the discrimination toward those with disabilities here in SCF. And SCF's refusal to follow a ruling by this Court to provide medical shoes. SCF's refusal gives this Court jurisdiction to here this motion for refusing to provide this Court ordered accommodation. The refusal is retaliation for filing grievances.

Sincerely,
Michael Tivis                    6/15/12

Mr. Michael Keith Tivis Reg#52378
SCF-2-B-102
P.O. 6000
Sterling Co. 80751

AIC
Legal Services, Department of Correction
Centeral office ~~[crossed out text]~~

Dear Sir(s)

On or about April 5, 2012 while on my day off I was fired from my job in the SCF library and placed in seg due to my mobility disability. The SCF library state it was because someone damaged one of the computers. A computer that only two inmates worked on and were working during the time of the incident but were allowed to keep their jobs. I filed a grievance 4/27/12 asking Warden Falk to make reasonable modifications to SCF's policies, practicies, and procedures to protect those with disabilities from being victims of discrimination here at SCF.

In the response I was told I wasn't terminated because of my disability it was because of a reduction in positions. Which opens the door to the question what was the criteria used in seleting who was to be terminated. Those with disabilities is SCF aren't even afforded the minimum protection under the ADA in the work place. I was terminated from a full time position and placed in a part-time job with less pay due to my disability. If there had been reasonable modifications to policies, practies, and procedures in place to protect those with disabilities in the work place my name would never have appeared on the list to be terminated.

According to my rights outlined in Montez V. Owens "any offender who believes he/she was given a job that paid less than a comparable job because of his/her disability shall notify the AIC in writting. If the AIC determines that an offender who was qualified for regular paying job was given a lower paying or part-time job because of a disability he/she will be paid the difference between the wages of the higher paying job...."

There is no reason other than my disability for me to be terminated from my full time job. The persons who worked on the damaged computer were allowed to keep their

jobs. Why are there policies, practicies, and procedures in place to protect them, but none for those who are members of the ADA? Apparently for unlawful purposes which could be considered a hate crime under Colorado statute. I don't want the job (library) back. The environment would be too hostile to work in. But if they choose to put me in a part-time job I do expect to keep what I was being paid as a full time employee. The discrimination against those with disabilities is SCF is so egregious and flagrant that SCF is subjecting those with disabilities to grievous harm.

  I ask for court order medical shoes around 4/16/12. I was charged $3.00 and told I didn't need them.

Sincerely,
Michael Ninia

5/30/12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

---

Claim Number 03-276
Category III
Claimant: Michael K. Tivis, #52378
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

---

## ORDER OF SPECIAL MASTER

---

THIS MATTER COMES before the Court on Claimant's letter which is undated. *Doc. 5210.* In the letter, Claimant details medical problems that he has experienced over the last two years, including a bone infection. Claimant indicates further that medical care has been delayed. He has alleged that his civil rights are being violated.

Claimant previously filed a motion requesting additional accommodations. That motion was dismissed as Judge Kane had ruled that no additional *pro se* motions would be accepted. The sole exception was for claimants who had received an order from the Court providing continuing items such as medical shoes. Claimant received a favorable ruling on his claim and was awarded money, which has been paid to him. Thus, there is no continuing jurisdiction over the claim.

More importantly, the United States Court of Appeals for the Tenth Circuit ruled that the ADA and Rehabilitation Act are not available for claims of substandard medical treatment. *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1143 (10th Cir. 2005). The *Montez* case deals with the ADA and Rehabilitation Act, not Eighth Amendment violations. Claimant is entitled to file his own separate lawsuit concerning the medical care he has received. Claimant cannot pursue his own civil rights claim concerning medical care in this case.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion for accommodations, is denied for lack of jurisdiction.

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before January 23, 2012.**

SIGNED this 16th of November, 2011.

BY THE COURT:

Richard M. Borchers
Special Master