IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number 01-092
Category: I
Claimant: James Rudnick, #68432
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF SPECIAL MASTER
_____

THIS MATTER came before the Special Master for hearing on June 25, 2012. This hearing was held at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Present were the following: James Rudnick (Claimant); Jacquelynn Rich Fredericks, attorney for Defendants; Lt. Bernadette Scott; and Michael Cunningham.

Claimant testified during his case in chief. Claimant also presented Lt. Bernadette Scott and Michael Cunningham. Defendants called as an expert witness Dr. Creeny. Defendants also presented the testimony of Lt. Scott and Amanda Musslewhite. After the conclusion of closing arguments, the Special Master took the case under advisement. Further argument will be waived.

**I**.

A brief history of this claim would be helpful. Claimant came into DOC custody on June 30, 1992. He was placed into the Denver Reception and Diagnostic Center (DRDC). On August 17, 1992, Claimant was transferred to the Limon Correctional Facility (LCF). He then was moved to SCF on July 29, 2010.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. That claim was

1

assigned to Category I. Claimant was allowed to submit documentation in support of his claim. Defendants were granted the opportunity to respond to the claim. No hearing was held on the underlying claim, as Category I claims were to be resolved without a hearing.

The final order of the Special Master was issued on September 27, 2005. *Doc.1133*. The Special Master determined that Claimant was not vision impaired, but had a mobility impairment. The Special Master further determined that Claimant had been the victim of discrimination prohibited by the ADA and Rehabilitation Act. The Special Master ruled, in part, as follows:

> Defendants' conduct harmed the Claimant. The Special Master finds that the appropriate remedy is to provide Claimant with medical assistive devices recommended by DOC to address Claimant's permanent lower mobility impairment.

Based up the finding that discrimination had occurred, the Special Master directed DOC to provide various items to Claimant.

> IT IS FURTHER ORDERED that the claim of James Rudnick is granted as to permanent extremity mobility impairment and within the next thirty days DOC is to provide Mr. Rudnick with the following: a medical mattress; a heating pad; boots that fit his feet; custom made orthotics, not the orthotics or insoles that can be purchased in the canteen; and a chair and an adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities.

No monetary compensation was awarded to Claimant.

Claimant testified at a previous hearing on February 6, 2012 concerning what had transpired since September 27, 2005. Claimant testified that he eventually received everything that had been ordered. He did not have a medical mattress at that time, as he was living in the honor pod which had special mattresses. He had a heating pad, custom orthotics, and a stool. He had been provided a new chair but chose not to use it.

Initially, Claimant's main issue concerned his boots. The Special Master issued an order on February 13, 2012. *Doc. 5245*. The Special Master ruled that Defendants had complied with the order of September 27, 2005. Defendants had provided specially made boots, and no basis existed for issuance of further orders concerning Claimant's boots. Claimant filed an objection to this order. *Doc. 5265*. Defendants have responded to the objection of Claimant. Judge Kane has taken Claimant's objection under advisement and will issue an order in due course.

Claimant's most recent concern has been about the chair that was part of the order of September 27, 2005. It is not disputed that Claimant was provided a chair at LCF. That chair worked well but began to wear out. The chair was taken from Claimant, as it was deemed a security risk. Claimant was offered another chair, but refused it. Claimant believed the chair sat too low and, therefore, was unacceptable to him.

Another chair was offered to Claimant that was initially accepted. This chair had problems with the hydraulic lift, and Mr. Cunningham, who heads the furniture shop for Correctional Industries, was asked to look at the chair. A new hydraulic cylinder was put on the chair by Mr. Cunningham, and on May 15, 2012 Claimant indicated that he would accept the chair. On May 17, 2012, Claimant refused the chair on the basis that it was not high enough when he sat down on the seat of the chair.

At the hearing, the chair was again offered to Claimant. Based upon the testimony presented at the hearing, Claimant indicated that he would accept the chair and use it for a period of time.

**II.**

It is undisputed that Claimant received a chair in compliance with the initial order of the Special Master. That chair had to be replaced. Defendants offered two new chairs, and both were initially refused. The basis of the refusal by Claimant was the fact that the chair seat was not twenty-eight inches high.

The 2005 order did not specify the height of the chair seat. The order provided that there be a chair "that accommodates his height and weight and adequately supports his back and lower extremities." There is no mention anywhere in Claimant's medical records that a chair seat must be no lower than twenty-eight inches. Likewise, nothing has been presented requiring an absolute 90' seating position.

Defendants are correct in noting that the Americans with Disabilities Act provides for reasonable accommodations. *Crumpton v. St. Vincent's Hospital*, 963 F.Supp. 1104 (S.D.Tex. 1997). The two chairs offered to Claimant were suitable, though not perfect from Claimant's standpoint. They were reasonable accommodations and were offered in good faith. Claimant does not have the final say on whether there is compliance with the 2005 order. Claimant does have a duty to work cooperatively with DOC staff. Only when that cooperation is rejected should the Court be involved.[1]

In light of the testimony and the fact that Claimant took the chair, the issue is moot. That is particularly true in light of the willingness of Mr. Cunningham to determine if a larger hydraulic cylinder may be appropriate.

IT IS HEREBY ORDERED that the motion for enforcement filed by Claimant James Rudnick concerning the chair is denied; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street,

---

[1] The Special Master discussed issues related to Article XXXII of the Remedial Plan, now that the case is winding down. Those issued do not need to be reached at this time.

Denver, CO 80294 **on or before August 14, 2011.**

SIGNED this 2nd day of July, 2012.

                                              BY THE COURT:

                                              */s/ Richard M. Borchers*
                                              _____
                                              Richard M. Borchers
                                              Special Master