COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:   92-CV-0870-JLK

JESSE MONTEZ, et.al.,
      Plaintiffs,

v.

JOHN HICKENLOOPER, et.al,
      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 7 2012

GREGORY C. LANGHAM
                              CLERK

Claim No:   01-092
Catagory:   I
Claimant:   James Rudnick
              Colorado Dept. of Corrections   prisoner 68432
Address:     S.C.F. 4-A Box 6000,   Sterling. CO. 80751

CLAIMANT'S OBJECTION SUPPLEMENT
(Pertaining to Special Master's 2-13-12 order)

Claimant. Rudnick, pro se, here now presents this Court
his OBJECTION SUPPLEMENT (pertaining to the Special
Master's Order dated Feb.13th, 2012), and provides the
following relevant information that supports his
Original "Objection" (filed-in-part (on 4-3-12):

This Objection SUPPLEMENT is in regard to issues
that surfaced at a Compliancy Hearing and are now revealed in a
review of Defendant's RESPONSE (of 6-5-12), and "Transcript

1.

Review" (of the CD recordings) of that COMPLIANCE
HEARING (held Feb. 2nd, 2012) that has now been
completed. ____ DELAYED FILING ISSUE ____
Claimant filed a REQUEST FOR TIME ENLARGEMENT
TO FILE OBJECTION SUPPLEMENT (3·31·12) due to
the TIME it took to obtain the "CD recordings"
and actually "ACCESS them" in the prison Law·
library, to prepare his Supplement.

Claimant has several ACTIVE legal matters currently
Moving in: Denver District Court (re: sentencing);
Two Letters in Colorado Supreme Court (12 SC 366
- and - [12 SC 537] re: 10 CA 2094 ); And, a 2nd CLAIM
in this Court (regarding 2nd Mobility Accommodation
compliance issue) that has caused TIME conflicts

In Addition — This S.C.F. prison facility has had
limited Law Library Access due to numerous
facility LOCK-DOWNS and scheduling problems.

Further, the Medical Issues affecting this CLAIMANT
(ie: wrong Vision Eyeglasses and pain related to his
physical condition re: Mobility disability )
have caused hardship and suffering that he hopes
to have Resolved by this Courts REVIEW and
RULING on this OBJECTION (and related filings)
demonstrating a number of Systemic Problems
(re: how the Defendants are 'handling his case')

— MATTER AT HAND —

'This Matter' deals specifically with Claimant's A.D.A. Montez-class 'Mobility' Accommodation for =

"BOOTS THAT FIT HIS FEET"

(established under Special Master Borcher's 2005 ORDER)

A MATTER still UNRESOLVED despite the Special Master's Order (of 2-13-12) "denying" Claimant's Request for ENFORCEMENT and any issues demonstrating CONTEMPT.

This has become a circular "systemic Problem" where "it FALLS onto this Court to STOP (both) the failures:

1) The failed efforts of the Defendants who continue to fail to provide or seek-out proper accommodation/Remedy;

2) The failure of the Special Master's Consideration in His Orders [claiming to find Defendants in compliance "with the spirit and intent of the Order"] based only on their excuses and falsehood (demonstrated in this Supplement and throughout Claimant's filings),

(Both of) which has FAILED to resolve a simple matter of getting the Defendants to Provide accommodations that FIT and serve this Claimant's Medical Need.

○ As of this date (July 18th 2012) this Claimant still Needs BOOTS THAT FIT HIS FEET (and additional accommodations - ie: Alternate foot wear) that the Defendants have NOT provided Nor scheduled a FOLLOW-UP "fitting" appointment despite Claimant's requests. And relief is currently unlikely due to the Special Master's recent order.

3.

—— CLAIMANT'S REVIEW OF "CD" OF COMPLIANCY HEARING ——

The Special Master's Compliancy Hearing (of 2612) included the Claimants swearing-to-truth-and-accuracy of all documents previously submitted on this Matter.

The Defendants — on-the-other-hand have presented a number of inaccuracies and falsehood through their own Representative Attorney General (Mrs. Fredricks) and their Boot Supplier (Hanger Prosthetics Kerry).

The "CD" of transcript reveals the following inaccuracies or falsehood:

1.  Claim: "Hanger 'specially made' boots for Rudnick"[i] —
    Truth: The boots are merely Ordered from a Catalog based on only Length & [General] Width dimensions

2.  Claim: "Rudnick Tennis Shoes Cost the State $280—"
    Truth: Hanger states the "cost" was $180— No Receipt was presented and Matter is IRRELEVENT – Didn't FIT!

3.  Claim: Defendants (SCF) "Provided (3) pairs of boots
    Truth: None of their "offers" FIT right

4.  Claim: Boots are Special shoes "custom·made" that come from a special catalog .... you can't go into a store and buy them ... [Note their logic:] "D" width is ordinary width ..."E" width is an "extra·extra(sic) wide boot" [Hanger] "is not a shoe·store"...
    Truth: Special·made or Custom·made [as "claimed"], is NOT a boot custom·designed to the exact or actual boot·shape of this Claimant and, basis of Width varies from manufacturer and style ... Matter is irrelevent if it doesn't FIT

(i) Hanger is NOT a boot·manufacturer

4.

5.   Claim: "You wanted a boot .... special boot takes EXTRA TIME to get" ... "why do [we] [trace] [your] [foot tracing] pattern" ... "Boot was specially made for odd-sized feet" .... "based on a category"

[ The Court forced Claimant to "Move-On" ]

— Truth: Issue of 'odd-sized feet' and "category" used as basis was referenced only to boots being sized E-width or wider (in general) —

• As NO "Physical-trace-pattern or plastic mold was USED to order boots — the ONLY basis now claimed as a "category" is generalizing E-width as odd-sized and NOT a specialized DESIGN fitted to Claimants exact foot shape.

• Despite Claimant effort to differentiate what the Hanger Representative Understood as: Wide foot -vs- Large foot -vs- Wide (toe Area) WITH Narrow (heel), There was NO explanation or evidence given to justify "Special made" or "Custom made" shoe designation when these 'offerings' are simply Ordered from a catalog using only a General - or - standard SIZING method of Length and width — measured mid-foot

• This Model-Type of boot they have offered is provided other inmates at this facility and is NOT uniquely SPECIAL or ODD SIZED.

• There is NO proof or evidence of "specializing" this particular boot for Claimants foot shape beyond the standard Manufacturer SIZE offers of most boot companies requiring EXTRA Manufacturing TIME.

5.

6.    Claim: Boots are based on Practitioner's [Examination]
      visit @ SCF ... the next visit Feb 21st ...
      He will put them on you.

Truth: Practitioner, NOR the Supplier, USED the
      information [Physical foot tracing, or the
      styrofoam foot impressions] instead relied
      only on Length & [MIDFOOT] width dimensions
      • [Hanger] did not show up on 2-21-12 as told.
      • Practioner was NOT THERE to test FIT the
        current boots * that S.C.F. provided.
      *[the current boots (now worn) are ½" too narrow in
      toe area and "Acceptance" was forced under a
      HOBSON's CHOICE (or face a COPD disciplinary
      charge for Fraud and be stuck with the old
      worn-out boots that Claimant is seeking to replace)

7.    Claim: [Claimant] led him [Practitioner] to believe
      he had a [Court Ordered] need for [soft] shoes.
      ... He was not authorized for [soft] shoes.

Truth: • Claimant is Not Authorized to "Make Shoe Orders"
      and has no power or ability to do so.
      • The 'ordering' of soft shoes [tennis shoes]
      falls upon the duties and supervision of the
      AIC and D.O.C. Medical Department
      • Claimant does Not have special powers to 'LEAD
      others' to Act outside their range of duties
      • The Defendants have a Medical Duty to Examine
      their own records and provide accommodations
      their own Doctors have ordered for a permanent
      Medical Condition Recognized since 1995 —
      • Their duty to provide "other" accommodations
      does not rest on this 2005 Court Order.

6.

8. Claim: [Hanger] We haven't had a problem delivering shoes... haven't had other problems...

   Truth: ● Several inmates have come to this Claimant stating that their "Shoes" offered them had problems requiring 2nd and 3rd fittings

   ● Is Hanger blaming Claimant for their Shoe-Sizing errors when they do NO FOLLOW-UP?

9. Claim: [Claimant] Asked = What is: "Designated Facility" - Not Answered -

   Truth: ● Claimant was Removed from BVCC facility to be placed in a "Designated Facility" based on his permanent Mobility Disability [per Defendants EXHIBITS on record]

   ● Does "designated facility" mean that these Medical Accommodations are to be treated differently - or - the prisoner, with accommodation needs?

10. Claim: Its up to the offender to Notify [the AIC] and that AIC to contact [the involved] parties

    Truth: The evidence and records of SCF medical clearly indicate that Claimant did, and continues to be in, contact with the AIC & Medical Notifying them of his boot-sizing issues

11. Claim: [His] boot being manufactured [excusing delay]...
    ...Its difficult to contact offenders... must make decisions based on the AIC... [His boots] are 'Special Made or Designed'

    Truth: ● Defendants offered no proof — just an excuse
    ● All prisoners are "readily accessible to SCF staff"
    ● "Special Made or Designed" is again, merely Catalog Order item
    ● AIC was not involved in SIZING examination'

7.

12. (Point:) If Accomodation Letter I is refused [for whatever reason] Defendants have 60 days to schedule another appointment — And if next visit or offer is rejected... Defendants have 60 days (again) to sched- ule a next appointment... occurring indefini- tely with NO duty to EXAMINE WHY the the 'offers' are being Refused. *

* Any "Refusal" (for whatever reason) is considered a "Rejection of an Accomodation" and apparently the AIC is under NO obligation to examine the true cause behind the refusal. It has become a "joke" with the staff to use a "Refusal", ignore the reason, and, make it an opportunity to blame and ridicule the prisoner for 'Rejecting' [HIS] accomodations - even to threaten with FRAUD charges: based on REFUSING wrong Fit items.

Truth: The Montez class Settlement Resolution does NOT resolve this perpetual cycle of mal practice: described here.

* Since there is NO 'follow up' examination when a "provisional OFFER" is brought in by SCF, There is an "Unqualified Position" taken by the Defendants: that it's the CLAIMANT "being difficult" or "Acting with Unjust cause; where NO actual investigation occurs — and contempt is shown rather than Consideration of Claimants Legitimate complaints — and NO indication is given (IF) a follow up Appointment will occur.

8.

( 12 Continued )

Truth (Continued)

- 60 day 'Cycle' is abused — (IF) a NEED is so obvious and Court recognized accommodation (Then) Scheduling cycle SHOULD be made more COMPLIANT to the Claimant WHEN it is their "Supplier - Fitting" problem, NOT the FAULT of the Claimant.

- Burden has been put on the Claimant to keep the A.I.C. and Facility 'Clinical Services', (both) informed of their status and NEEDS for the "Rescheduling of Appointments" with their Supplier REPRESENTATIVE (specialist) and to draw what problem issues there, are with their "Offering"

- 60 days for (Another) Appointment? then 60 days for providing (another) medical item? — ONE item offered at a time? — "Hoping" it will fit? — And Complaining when it doesn't — DELAY is ONGOING as EACH episode will require Another KITE (taking ONE to TWO weeks — or more for any Acknowledgement — IF any is provided ) and This starts the 60 day cycle all over again

- [Asked @ the HEARING ] WHY can't the SUPPLIER — (When he is scheduled for FITTING — and knows already IN-ADVANCE Claimant's foot size ) — BRING-IN a variety of "OFFERINGS" to PROVIDE this Accommodation in (1) Appointment? [Response was: he can't bring a shoe store ]

9.

13. Claim: [Defendant] have provided everything Ordered...

Truth: Claimant STILL DOES NOT HAVE <u>BOOTS THAT</u> <u>FIT HIS FEET</u>.

14. Claim: "We had specialists come-out"... "that's standard procedure..."

Truth: • "specialist" has now demonstrated FOUR failures at supplying accommodations:
(2) bogus boot offer: (1) ineffective orthotics; (1) wrong-fit 'soft-shoe'; (TWICE) failure to be present for 'FITTING' of boots-offered.
• "standard procedure" as practiced (here) has significant FLAWS harming Claimant

15. Claim: "Rudnick misinformed [Hanger] about tennis-shoes" "[he] received a wind-fall pair of shoes — spare-shoes"... [that] "he gave-up of his own accord". *

Truth: (I) this Claimant did <u>NOT</u> misinform Hanger of COURT ORDER — Representative (and I) Talked about NEEDS for Alternate shoes <u>And</u> that D.O.C. Medical "<u>used to</u> supply them" [see the Claimant's Medical Record]
• Shoes were too small and ATTEMPTS to RETURN them were rejected by D.O.C. & AIC, so the shoes were 'Disposed-of' by SCF Receiving

* This matter has been Explained in Detail in previous filings
See Claimant's "Objection" Filed 3-31-11 and attached EXHIBITS

10.

16. Claim- [Defendants] "brought shoes based on his [Claimants] specific measurements" ... [Hanger Representative] can come back again [when there's a problem]

Truth-o [Previously explained] ... The Boots & Shoes DO NOT FIT ... "Measurements" are insufficient demonstrated now 4X.

• The "Hanger Repr" will NOT "come back again" without significant efforts & showing seriousness of issue [ie: Having to like "COMPLIANCE-CONTEMPT" proceedings] from this Claimant —AND— DELAYS in process to schedule RETURN Appointment

• Despite (2) Compliance Hearings with Special Master Judge Borchers —— Claimant has NOT had a Follow-up Appointment with HANGER

• Follow-up Visit and issuance of Boots that fit Appears NOW unlikely based on Borchers ORDER making claim that Defendants are in compliance with the Spirit & intent of the Order -

17. Claim: [Defendants] have gone above and beyond the call and it is this Claimant who is being unreasonable [he] wants tennis shoes off the prison Canteen...

Truth-o Defendants have made LITTLE effort and failed their duty to supply proper Accommodation

• It is NOT unreasonable to complain of Wrong SIZE or Ill fitting Accommodations

• It is NOT unreasonable to seek Follow-up until Accommodation fulfills Claimants Medical Need and the Federal Court Order.

• It is NOT unreasonable to demonstrate that the Defendants have Viable alternate resources that they have used to supply other Class-Members,

//.

(17. Continued)

- It is not unreasonable to seek "Alternate Wear" that:
  (#1) is easy for Defendants to obtain and is known to fit Claimant's feet and (#2) will serve (both) as an "Alternative accommodation" When BOOTS are delayed — or in need of drying from use in WET environment — And as compliance to "already existing D.O.C. Medical Records" ordering Tennis Shoes

18. Claim: [Attorney General - Fredricks] states: "Mr. Rednick Testified that he was removed from his position to work in a more dry environment." — False

Truth:, This is a misstatement of fact — misleading

- Janitorial Job change had <u>no</u> <u>bearing</u> on <u>WET/DRY</u> environment issue and was merely a JOB CHANGE of convenience — the A.I.C. played no part in this.

- Claimant has Continued to do Janitorial "duties" which involve WET environment work.

- Claimant has had to perform KITCHEN DUTY work several times (in wet environment) as part of the Mandatory - Volunteer duties during Facility Lockdowns — part of the Contract for the Incentive Housing Program @ SCF —

The Above (18) claims demonstrate a clear form of Contempt [failure to perform or comply with undertaking they were given] and have <u>created</u> <u>impediments</u> & <u>delays</u> which impede the actual administration of this Claimants case in which <u>there</u> still remains an Unfulfilled portion of this Courts ORDER for: Boots that fit his feet ——— where as a result, this Claimant is being Harmed (and prejudiced) .

12.

Just from this CD-Recording of this "Compliancy Hearing". Claimant has exposed several "systemic problems" and outright FALSE claims of the Defendants which FAIL the 2005 Court Order for Boots that fit... And yet somehow, was a "basis of sort", for this Special Master to find compliance of "spirit & intent" ---

How many "STRIKES" does it take to demonstrate Non-compliance and subversive handling of this matter before it is recognized that the Defendants have STRUCK-OUT? —— Their excuses and mishandling has FAILED to produce the required (ORDERED) Accommodation. Thus, the Special Master's "COMPLIANCY ORDER" is made premature —— There exists No factual, relevant, or physical basis to support COMPLIANCE has occurred — until this Claimant ACTUALLY has the Court Ordered 'Boots that fit his feet'.

As long as this Claimant has to keep bringing this matter back to the Courts for ENFORCEMENT because of Defendants Delays and non-compliance, he is physically harmed and the matter of accommodation remains unsettled. (including the related matter of costs in COPIES, POSTAGE & TIME)

Defendants are obviously NOT in compliance and the Order of the Special Master Inappropriately provides them a FREE PASS prejudicing against Claimants Medical need and Reimbursement costs he needs.

Therefore Claimant Objects to the Special Masters Order and requests a RULING from this Court to do the following:

13.

a) Under 28 USCA 70 Enforcing a Judgement: Claimant seeks Court Review to determine if Defendants should be held in Contempt (Part E); for (Part A) Failure to Act; and, whether a (Part D) Writ of Execution for assistance; should be Issued.

b) Under 18 USCA 3 1621 Perjury under oath: Claimant seeks Court review of the Defendant's "Response" and Hearing "Claims" for (Part C) Falsity ; (D) knowledge and Intent; (E) Materiality (re: their tendency to influence tribunal on pending issues)

Howard v State 237 P. 203 ('25) "Prison officers can be held in Contempt for mistreating inmates" Dutton v Eyton 387 P2d 799 ('63) State v Brant 209 A2d 465 ('65)

• "Defendants may be jointly liable" — "Agents general control over the organization" (ADA-Monitor-Resolution-Coordinator)

• "Parties received clear and unambiguous Notice"

• Defendants are contractually obligated by Agreement to perform Medical Care in timely professional manner and to provide needed (Court Ordered) Medical Accommodations *

see D. Patrick 8 F3d @ 459; O'conner v Midwest Pipe 972 F2d 1204 ; Joseph A v N.M. Hum. Res. 69 F3d 1081, 1087; Wilson 221 US @ 376; US v Voss 82 F3d 1521, 1526

from the Secretary General of the United Nations US Code service Part II Art 2 Recognizing in accordance with universal declaration of human rights (B) Each state is to (a) to ensure that any person — whose rights are violated … shall have an effective remedy (c) to ensure that, when granted, competent judicial authorities shall enforce such remedies.

It is the belief of this Claimant that the Defendants have presented misinformation, fraud, and witness perjury in attempts deceive the Court and is a Contempt issue for this Courts consideration along with Claimants request for ENFORCEMENT of an accommodation still unresolved.

In Addition — Claimant Seeks REIMBURSEMENT for Costs in pursuing ENFORCEMENT on his Medical Accommodations

---

* (Above pg 14)   Defendants remain obligated — to ensure that offenders will be provided with health care services that maintain basic health and prevent other than normal physical and emotional deterioration. DOC:AR: 700-01   (11-1-11)   Clinical services shall provide — diagnostics and treatment services

AR (12-15-11 update)   700-01 AR/IA   part (IV)(B)(A)(a) All SCF Clinical Staff are "LICENSED" or CERTIFIED as appropriate in their respective discipline .... to prevent deterioration of a condition.

---

c) Claimant seeks Court consideration of a Cease and Desist Order against this Defendants who have actively participated — (whether in part or by direct involvement) to STOP the ongoing mishandling and misdiagnosis of his accommodation needs

** (1) "Facility Transfer" (based on BVCC Email) was Unnecessary and Cost this Claimant over $450⁻ in property Losses that included his SPECIALIST PRESCRIBED glasses and contacts

(2) Email (in Hearing Exhibits) demonstrating intent to harm by "FIGHTING" Claimants accommodation pursuit efforts and Dismissing validity of his Needs for these items.

(3) Harassment & threats — see Grievance: M-SF 11/12 - 19219

(4) Unreasonable Delays and no follow-up (on this matter)

(5) Use of Incompetent Boot Supplier and staff.

(6) "Blame Shifting" — subverting issue to blame Claimant for their Systemic problems.

** Claimant's efforts to obtain "property costs" in Logan County Small Claims Ct failed and the C.D.O.C. — Attorney General Representative — J. Huss was awarded $1725⁻ in Attorney Fees that were DEDUCTED from this Claimants prison account. Claimant is now over $1800⁻ in debt and the CDOC takes 100% of all income deposited each month since Aug. -2011.

A) Claimant seeks court review of possible TYPES of relief he may be due as a result of this non-compliance and harm from the delays and mistreatment:

Compensatory, Anxiety, Declaratory, Annoyance, Harassment, Mental Anguish & Monetary...

In Closing: Claimant states: • the "boots" "offered" by the Defendants do not fit his feet — and are painful to use,

• There has been No follow-up appointment or re-scheduling of the Defendant's Boot Provider despite additional requests.

• There is a serious deficiency or systemic problem in the 'handling' of this matter resulting in unreasonable delays and the failure to recognize that there is even a problem.

• There still exist 'related' issues of <u>Alternate boot wear</u> that is unresolved whether by this Court — Review (or) by the C.D.O.C. (Defendants) own Medical findings made back in 1995-1996 that Claimant cannot supply himself.

• Harassment and Blame Shifting has caused additional harm,

• There is now apparently No accountability for the delays and mishandling of this BOOT accommodation matter.

THEREFORE Claimant Objects to the Special Master's Order as above stated and Requests a finding of Non-compliance to hold the Defendants to their Obligation to properly supply USEABLE accommodations (that Fit and serve the needs of this Claimant) <u>And</u> to hold Defendants Responsible for the Relief (as stated above) and cost reimbursement [See attached] <u>And</u> to prevent the systemic problems as have been described.

RESPECTFULLY SUBMITTED this date: 7-25-12

James Rudnick   prisoner 60832

14₁

*Rudnick*
*3/30/12*

STEP I
Medical

DC Form 850-04A (07/15/11)
APR 13 2012
118

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | | Doc #: 68432 |
|---|---|---|
| Name: James Rudnick | | |

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

Subject of Grievance and Requested Meaningful Remedy: Staff Conduct
On 3-20-12 Lt. R. Scott and several Medical staff held an Administrative Meeting where I was falsely accused of lying to a Fed. Ct, forcing Hanger Prosthetics Co. to order ill-fit shoes, and Fraud regarding my ADA Accommodations (that DON'T fit or serve the medical need). I was coerced (UNDER CONDITIONS) to Accept Accommodations (or go without) imposed on a false pretense that it had been uncooperative and unreasonable etc. Lt. R. Scott then WARNED in a threat that I was NOT to take this matter to the judge because the Assistant Warden said so, and that "this is what the court said on his Order". 1st the Courts Accommodation order to find, 2nd the provisions are NOT resolved and 3rd I refuse to find 2nd the provisions are NOT resolved and 3rd it is Retaliation and Fraud to Attack my wife all this when I have only been seeking what the court ordered. Further (through their A.G. Rep.) they are even seeking award of "Attorney Fees" Against me - This is New PUNITIVE conduct. Remedy: Stop the Retaliation, Attacks, threats, and Lies. Stop BLOCKING Accommodations Inrole, Stop 2nd guessing my Medical Needs - Act as Medical Professionals - Help me & Accommodate.

| Date: 4-1-12 Thank you | Offender Signature: _James_ | Step (Circle one) |
|---|---|---|
| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: CCF/A/A/ LIFE | ① 2 3 Staff Conduct |

Signature: R. Phipps
Print Name and DOC Employee Id #: Phipps 7500

Date received: 4-11-12

Attachment "A"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 04/13/2012 | Grievance Coordinator & ID # BENSON, VICKI (11918) |
|---|---|

**RESPONSE**

In your grievance you stated staff conduct was inappropriate at a staffing on 3/20/12 and you are being retaliated against. You requested for DOC to stop the retaliation, attacks, threats, stop blocking accommodations, and stop second guessing your medical needs.

After investigating your grievance I found a staffing was held on 3/20/12 to ensure you were aware of the language of your special master final order and that DOC was recently found to be in compliance with that order. You were offered a replacement chair at the staffing and refused the chair. You also refused to sign the refusal form for the chair. You were not charged with any COPDs, you were not threatened with charges, and you were not told not to contact any judicial official.

You state that the A.G. is seeking an award of attorney's fees against you. I am not able to comment on pending litigation. Also, I cannot speak for the A.G.'s office.

I find that you were not threatened, attacked, or retaliated against at this staffing. Assuch, no remedy can be granted.

Your grievance is DENIED.

## TO BE COMPLETED BY RESPONDER

| Date 04/13/2012 | Responder Name & ID # MUSSELWHITE, AMANDA (18288) | Response Date 05/08/2012 |
|---|---|---|
| Disposition | Denied | |

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name RUDNICK, JAMES | DOCNO 68432 | Grievance # M-SF11/12-00019219-1 |
|---|---|---|
| Date: 5-9-12 | Offender Signature: | |

Original: Department file/AIC                    Copies: Administrative Head, Offender

EXHIBIT 2

DC Form 850-04A 07/15/11

STEP II

## Colorado Department of Corrections Offender Grievance Form

DOC #: 68432

**Offender Must Complete**

Name: Rudnick James

Grievance number (complete for Steps 2 and 3, only): M/12-00019219-1

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** STAFF CONDUCT

Step I Grievance Respondent Fails to address PRIMARY and INAPT SENSE FALSEWOOD #1 concern is to get my Medical items that the Court ORDERED. Respondent should check their facts with "reality", so this STEP I entry is true & accurate.
a) compliance is apparently a LANGUAGE I have not understood by staff and causing the agressive "wrong" treatment BECAUSE THEY DON'T UNDERSTAND THE PROBLEM - OR - THEY DO, and are making attempt to COVER-UP their "FAILURES" to get my ACCOMMODATIONS correct.

Accountability →

b) Accountability - When we talked I said I ONLY is Respondent Not seeking to resolve by thoroughly investigating all parties and all related facts.
c) No Medical professional FOLLOWUP of Accommodations "ALLOWS their problems to carry-on - "Shoes don't FIT" Used Alternate wear shoes, and "Other" offered was NON-EFFECTIVE!

REMEDY: Whether by COURT Order, Medical Need Order, or basic Common Sense These Accommodations must be provided without the hassles described in step I that did occur, and the Reason for this GRIEVANCE.
THANK you.

Date: 5-13-12
Offender Signature: [signature]
Step (Circle one) 1. **2** 3

**Case Manager/CPO Must Complete**
Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF / 4 / A / LIFE

Signature: R. Phipps
Print Name and DOC Employee Id #: Phipps
Date received: 5/15/12

Page 1 of 1

Attachment "A"

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 05/16/2012 | Grievance Coordinator & ID # BENSON, VICKI (11918)

### RESPONSE

In your step 2 grievance appeal you state the respondent failed to properly address the remedy you requested in your step 1 complaint and allege DOC is not in compliance with the Special Master's Final Order regarding your chair and shoes.

Upon investigation of your allegations, I do not find any evidence to substantiate your allegation that any staff threatened, retaliated or coerced you into accepting the replacement chair offered to you on or about 3/20/12. DOC has made every effort to provide younot only with a chair that meets your medical needs, but also with one that you believe looks and feels good to you. Review of the Special Master Final Order and subsequent compliance hearing orders state DOC shall provide "...a chair and an adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities." Based upon this order, you have failed to provide any reason or evidence to substantiate how the adjustable stool does not properly accommodate your need.

In addition, you argue the boots you have been provided do not fit, and now demand "alternative wear" shoes. In accordance with the above mentioned court order dated 2/13/12, DOC has provided you appropriate foot wear and a follow up visit was completed on 5/4/12. Accordingly, there is no indication the shoes you have been provided do not properly fit or fail to meet your medical needs. As such, you fail to specify why you think these shoes do not fit nor do you proffer any evidence to substantiate otherwise.

In summary, DOC as a whole has no reason not to comply with the Special Master Final Order and you have failed to articulate any reason that can be investigated as to why you think DOC is non-compliant with the courts order.

## TO BE COMPLETED BY RESPONDER

Date 05/17/2012 | Responder Name & ID # RUSSELL, JULIE (5821) | Response Date 06/18/2012

Disposition | Denied

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name RUDNICK, JAMES | DOCNO 68432 | Grievance # M-SF11/12-00019219-2

Date: 6-21-12 | Offender Signature: [signature]

STEP III

EXHIBIT 39

DC Form 850-04A (07/15/11)

JUN 25 2012

Rcvd 7.17.12

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 68432 |
|---|---|

Name: Rudnick, James

Grievance number (complete for Steps 2 and 3, only): 12-00019219-2

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** STAFF CONDUCT

Step II Respondent has subverted her Grievance Issue (and date & actions occurring @ the Clinical Svcs. stating over Compliancy Order and Boots (and stated consents against my Accommodation Needs) It is this perpetual failure of comprehension of obvious Medical Care issues, and honor-shirking that gave cause for this grievance. Step II Respondent has now fraudulently stated that I have been provided appropriate footwear and a follow-up visit? PROVE IT. Who did she investigate? How did she reach her conclusions? What is her Medical training-in? Is she making a Medical diagnosis? She then states wrongly that NO INDICATION was given (re: FIT) Yet, I have not only physically shown the boot-size Mis-FIT, but have provided drawings at both the Compliancy Hearing and Clinical Services stating (and copied to the A.G. Office and Fed. Court) My grievance is legitimate and my Remedy is Reasonable (same as Step I & II) Please resolve. Thank You.

Date: 10-22-12

Offender Signature: [signature]

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF/4/A/LIFE | Step (Circle one) 1  2  ③ |
|---|---|---|

Signature: [signature]

Print Name and DOC Employee Id #: R. Phipps   Ph: 665 7502   Date received: 6/23/12

Attachment "A"

Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 06/25/2012   | Grievance Coordinator & ID # BENSON, VICKI (11918)

**RESPONSE**

See attached response.

## TO BE COMPLETED BY RESPONDER

Date 07/25/2012   | Responder Name & ID # DECESARO, ANTHONY (10983)   | Response Date 07/25/2012

Disposition   **Denied**

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name RUDNICK, JAMES   DOCNO 68432   | Grievance # M-SF11/12-00019219-3

Date: 7-27-12   | Offender Signature [signature]   | Copies: Administrative Head, Offender

Original: Department file/AIC

EXHIBIT 3(b)

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238

Step 3 Grievance Officer



John W. Hickenlooper
Governor

Tom Clements
Executive Director

July 25, 2012

RE: Grievance #M-SF11/12-00019219-3

Dear Mr. James Rudnick #68432:

I have reviewed your Step 3 grievance that you filed with regard to compliance with Special Master's Order.

In review of this matter it is my finding that CDOC is complaint with the Special Master's Order regarding footwear and chair.  Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied.  This is the final administrative response in this matter and you have exhausted your administrative remedies.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file

**COPY**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-0870  JLK

Plaintiff(s)   JESSE MONTEZ, et. al.,

v.

Defendant(s)   JOHN HICKENLOOPER, et. al,

_____

OBJECTION ATTACHMENTS

_____

Claim: 01-092
Category: I
Claimant: James Rudnick
          Colorado Department of Corrections prisoner 68A32
          S.C.F. 4-A  Box 6000, Sterling CO 80751


Claimant Rudnick, pro se, here-in submits his Attachments
which pertains to his CLAIMANT'S OBJECTION SUPPLEMENT and
regards SPECIAL MASTER BORCHER'S Feb. 13th, 2012 Order. [CLAIM 01-092]
This Court will need this Attachment to reference matters
and issues presented in the Objection Supplement of this Case.

RESPECTFULLY SUBMITTED this date: 7-25-12

                                    James Rudnick


Attachment 1  Events of Boots Issue
           2  Descrepencies on Defendant's Response
           3  Issue of Prejudice applies
           4  Cost Exhibit

ATTACHMENT 1

To clarify the EVENTS of this boots issue :

1. Defendants 'Boot supplier' _Mobility Unlimited_ issued Boots (sz 13·3E) that served until they got soaked and ruined—worn-out [The toe area was stretched past the sole]

2. @ S.C.F. _Hanger Prosthetics_ issued same TYPE boots which were _WIDER_   (sz 13·5E) causing sloppy fit around the ankle

3. _Hanger_ Repr. Ben Struzenberg stated he could "FIX that" but the AIC/SCF Clinical Services NEVER made this Appointment. These boots ALSO got soaked and ruined causing them to be pre-maturely worn-out and unuseable (Demonstrated at this 2nd Hearing)

4. _Hanger_ was eventually scheduled (AFTER the 1st HEARING) and TWICE offered boots that DID NOT FIT

5. Months later @ SCF 'Medical Staffing' Lt. B. Scott offered NEW boots (from Hanger) where CLAIMANT (myself) was given Ultimatums to: "try them for now — or — go without and get a Disciplinary-COPD charge for FRAUD.

Claimant (myself) was faced with a HOBSON'S CHOICE —
 - Accepted the New boots which are ½" _too narrow for TOES_
 - The AIC suggestion is to 'try stretching the BOOTS' (but they are simply too narrow)

6. Previous drawings have been submitted to show that this WIDE _toe_ area NARROW _heel_ area is a SHAPE that _it is_ 'their _Supplier_" that has trouble providing.
 • The D.O.C. canteen tennis shoes (13-2E) fit fine
 • This Claimant did not have 'problem size' fit outside D.O.C.
 • As "supplier boots" get wider - they also get LARGER overall and still narrow @ the TOE area.
 • Claimant does _not_ have pointy-toed feet & fat ankles !



These 2 Toes are jammed (½" too narrow) as arranged in the State style and Hanger Co. Boot offerings

Standard Measurement Location for Width

Physical Boot Shape (Exaggerated to show effect)

Displayed by Physical Tracings at the Hanger "Fittings" and at the HEARING

ATTACHMENT 2

Case 92-CV-0870  Montez v Hickenlooper

Claimant: Frank Rudnick     Claim # 01-092   Category: I

Montez-Class "Mobility Accommodation" - Boots Issue

On June 5th 2012  Defendants by and through their Attorney Generals Office submitted their RESPONSE to this Claimants Objection (dated 6·5·12) [re: Compliancy Hearings of: 6-20-11 & 2-6-12 and Dockets at 7-8-11 & 2·13·12]

The following discrepancies in this (6·5·12) RESPONSE and are NOTED for this Courts review:

Defendants RESPONSE Claims                   Truth of the Matter
( Page )

(2) part 10 states:
[C.D.O.C. has] continuously provided    • The recent BOOT accommodation size/FIT
boots from 2005 to present             problem (for this Hearing) did not start
                                        until 2008

(3) part 14 states:                     • "providing boots"..."procured for him" is
Rudnick has rejected *   numerous        blatant mischaracterization of the problems
pairs of boots procured for him          with THEIR PRODUCTS OFFERED or provided

                                        • "procure" does not equate to receiving
                                          items that actually fits

                                        •(*) Refusal of items REJECTED did NOT FIT.

(3) References a "standard of review"   • Review Standard has no relevance in this
process ....                              as it is the Defendants who have yet to
                                          provide a proper accommodation — This
                                          is a matter for Compliance & Enforcement
                                          of a Court Order. — Defendants are NOT
                                          in compliance

1/.

Defendant Claims                                          Truth

(page)

(3+4) states: Defendants remain compliant        • Compliance does not occur if product
... have provided All required accommod..           offered or "provided" does not
despite Rudnick's failure to comply with            serve the Medical Need established
ADA screening ...                                   requiring accommodation

                                                  • ADA 'screening' matter is irrelevant
                                                    and argumentative SUBVERSION

                                                  • "screening" is an entirely different
                                                    issue and in this matter may serve
                                                    now as an admission of guilty knowledge
                                                    of non-compliance —
                                                    (is Claimant being held hostage to the
                                                    "screening" process ?)

(4)  Replacement boots .. 4-12-11 & 9-7-11        • Defendants Records demonstrate knowledge
                                                    that the 4-12-11 boots came worn-out
                                                    and the 9-7-11 boots did NOT FIT

(4) states: ... boots were refitted and           • Why did they WAIT over (1) month ?
reordered on Oct 21 2011                             Delayed accommodation — Faulty
                                                    'process' gave NO accommodation

(4) Rudnick did not indicate any issues           • 5-3-11 - The Hanger Orthotic Repr.
with orthotics                                      himself noted worn-out old pair
                                                    of Orthotics and 'sized' Claimant
                                                    for new ones ... designed to lift the
                                                    TOE area away from the edge ~
                                                  • Matter is irrelevant to this BOOT
                                                    accommodation Hearing.

(4)  Rudnick did not raise any concerns           • Claimant Rudnick clearly stated in
regarding boot accommodation during the             the filings and claims at the Hearing
6-20-11 Compliancy Hearing ... other than           "the boots are worn-out (demonstrated) and
it took too long to procure them ..                 that he wants/needs boots to fit his feet
                                                  • he included issue for "water protection"
                                                    and alternate wear shoes

2.

| Defendant Claims | Truth |
|---|---|
| (page) | |
| (4) re: Order dated July 8, 2011 | • Are the Defendants claiming to find this Court in Error ? |
| (5) Ben Struzenberg CERT. Practitioner ...30 yrs Exp... Measured Rudnick's feet | • "Length and 'add foot' width only." The Repr. was Asked to make a "TRACE PATTERN" (by Claimant) to USE it for sizing boots [ Hearing Transcripts proved that Hanger did not understand Why they would want them or have them ] |
| (5) A pair of shoes was manufactured and provide (sic) to Rudnick based upon... measurements of [his] feet | Despite Claimants lengthy explanation to the Hanger Repr. at the SIZING apptmt. |
| | • A Mold of Claimants feet was Not taken — Nor was the "tracing Used" to Manufacture Claimants boots — boots were merely Ordered out of a catalog [ Karie Adams ] |
| | • [ length & width measurements only is INSUFFICIENT information to have shoes manufactured to fit "Unusual sized feet" ] |
| (5) Rudnick rejected these boots | • Because they did not FIT. |
| (5) Rudnick falsely informed [ Hanger ] that he was entitled to both boots and soft shoes | • Misstatement of facts see: Claimant Objection Supplement ( pg. 7 ) |
| (5) No physician has ever prescribed them for Rudnick... | • Defendants own Medical Records contain proof of both Need and previous Orders from 1995-1996... [Copies are in this Record] |
| | • This need has Not changed and this Claimant cannot afford Self-purchase shoes |
| (5) 2nd pair of boots was rejected | • because they did Not FIT |
| (5) 3rd pair of boots - Measd & Ordered ... delivered to Rudnick Feb. 2011 ← 2012(?) | When — Did not occur in Feb. Who was present - Circumstances ? |
| (5) Rudnick's claims post date this 2012 Hearing are inapposite (sic)... and new information... | • Same subject; same information; same problem · issue |

3.

Defendant Claims                                    Truth
(page)

- The Defendants promise to provide boots by Feb 21st 2012 was broken
- Claimant still needs boots that FIT

(#6) "Plaintiff claims that the 'specialty' equipment used to measure [feet] is inadequate...

- The apparatus used to measure length & width of feet for sizing is (in general) inadequate as it does NOT provide a dimension for the TOE-AREA width required of NON-standard-sized foot.

(L6) Rudnick complains that the fact that his boots are "specially Ordered"

- Wording subverts the issue
- the boots are Neither special nor custom but merely Ordered from a catalog
- the "specially ordered" boots do Not fit Claimants feet
- It is a statement of belief that the General boot supply stores would also have boots that fit his feet — As it is a fact that his foot size/shape is NOT all that unusual or 'special' ... but remains different enough that these "STATE issue boots" and these Hanger "offerings" cannot properly accommodate
- Complaint is OBVIOUS — Defendants and their SUPPLIER have demonstrated repeated failure to find boots to fit & accommodate — Defendants remain in Non-compliance

L claim: "...boots... Not 'special enough' to comply with his Final Order..."

- A false statement and false conclusory remark of Claimants position
- Final Order Affirms Special Master's Order

L "Essentially the issue to have his own unique pair of shoes specially cobbled for him...?

- This was Never said or requested
- A.G. purposely misstating issue to create false facts. [Perjury—Contempt?]

4.

Claims of Defendants             Truths

(page)

(6) "...Defendants have gone to great lengths to provide ..."

- What? — Months of delay — to make appointments... to incorrectly measure... to provide "offer of" boots that don't FIT ... more months of delay ... No follow up... No investigation... —

- "to provide..." to come up with excuses... to blame the Claimant for their issues (which are Defendants issues )

(6) A.G. repeating claims...
... that need'd ... boots tried ...
... deficient fit ...

- Admission of Knowledge of incompetence on Defendants part

(6) A.G. boasting of boot quality
... Well made boot...

- Irrelevant — has no bearing on 'good fit'

(6) "Rudnick merely disagreed with the process — measuring — procuring & providing special shoes to him"

- The A.G. is not only misstating his Claims but also 'minimizing' to subvert purpose behind Claimants call to this Court for Compliance & Enforcement — Because he still needs boots that fit his feet ... provided in a timely manner ... and ... protected from premature wear (Conditions) by request for Alternate footwear

(6) "Rudnick... provided numerous pairs of specially made boots ..."

- Neither 'special made' nor do they FIT

(7) "Rudnick merely does not prefer the which have been specialty procured for him"

- False statement — attempt to mislead Court

(7) "Defendants to provide a reasonable accommodation ... "

- Boots that don't fit is No accommodation : It is not Reasonable having months of delays; having mistakes repeated with more delays when offerings are deficient and process involves Non-Specialists who fail to see the "problems"; when Claimant is blamed for their failings ...

5.

| Defendant Claims (page) | Truth |
|---|---|
| | • It is not reasonable when Claimant is put in such a position that his only remedy is to seek COURT ACTION, ENFORCEMENT and compliance of a Court Order |
| | • Reasonable accommodation must serve both the Claimants Medical need and what the Court Ordered. |
| (P 7) "Hankins case"... (referenced) | • Argument makes NO Sense |
| (7) "Rudnick seeks his choice of accom..." | • False Statement — Fabricated of pure conjecture |
| (7) ref: (again) to "Custom-made boots" "produced for Rudnick..." | • Defendants could produce NO PROOF of "CUSTOM-MADE" [SPECIAL] boots manufactured specifically for his foot |
| (7) "It is Rudnick who is being Unreasonable." | • Requesting Compliance, and Complaining of boots that don't FIT, is NOT being Unreasonable. |
| (7) "Claimant seeks NEW and novel accom. beyond the scope..." | • 1st seeking Compliance; 2nd requesting alternate ideas sizes & protection |
| | • These items are SUPPLIED other prisoners with & without Court Ordered Specific Accommodations (Not "new" or "novel") |
| | • Matter is relevant as it directly affects their USE & Conditions of their boots |
| (8) Defendant (A.G.) Minimizes issue of Wet-protection, Rain, Sweat... | • Throughout these filings and meetings and hearings Defendant's have blamed Claimant for premature-wear issues and now seeks to reverse their position? |
| (8) ... has repeatedly been provided with appropriate boots by C.D.O.C. | • Boots that don't Fit or Wear out easily is Not appropriate. |

6.

Defendant's Claims                           Truth

(page)

(8) the failure to provide him with     • Subversion by misstatement of Claim
his choice of accommodations...         • "Alternate Locat" is reasonable request
                                          to protect these boots

(8) "Podiatrist and X-ray" issue raised  • Defendants have proven their efforts
                                          to be ineffective — Claimant is
                                          merely making LOGICAL SUGGESTION
                                        • Since this is NOT part of the ADA
                                          "screening" What purpose would it
                                          serve to be screened?

(8) "...raised 1st time on Appeal..."   • wrong — All of these boot related
                                          issues have been brought-up through-
                                          out these 'actions'

(8) "Goodloe case" reference and         • irrelevant as Claimant is pro se
"outside specialist" issue               and merely seeking & suggesting
                                          relief possibilities — because the
                                          Defendants (themselves) can't seem to get
                                          the simple Accommodation provided

(9) section II "Any issue ... with       • This matter has exposed a SYSTEMIC
Medical Titent or quality of Care is      PROBLEM with the Care & Med. trtmt.
Not actionable under Montez ...?"         involving Court Ordered Accommodation
                                          NOT being provided and results in
                                          Ongoing PAIN & Suffering unless this
                                          Court gets involved by Enforcement
                                          and possible Sanctions.

(9) sect. III "...Novel complaint re: boots  • Matter is NOT relevant and NOW occurring
...inapposite..."                        • Proper Boot Fit is Neither NEW nor NOVEL
                                        • Seeking Compliance is not Novel
                                        • Matter will not "go-Away" with Defendants'
                                          excuses or belief that "there isn't a problem"

7.

Defendant's Claims                              ← Truth

(page)

(9) sect. III   re: "Staff bullying"
    and [he] received ample
    professional attention?

    SEE GRIEVANCE # M-SF 11/12-019219

- Is "Ample Professional Attention" a NEW
  gloss-over phrase describing their
  mal-treatment, because it is seen
  as part of their "usual course of business"?
  and beyond this scope of review —

- Matter is not resolved re: bullying
    (see grievance attached)
  (burying their head in the sand)

(10) ".. boots were concealed from him
     for a month.."

- This issue is directly relevant to the
  Court because these Defendants told
  Judge Boorhees [at the Feb. 2012
  Hearing] that "Boots would be provided
  by Feb. 21st 2012 — when Ben Strizow-
  burg (Hanger) returned to SCF "

- Claimant was NOT called in to see Hanger
  Repr. [when he came to SCF] INSTEAD
  the Defendants held a "staffing"
  where it was disclosed that THEY had
  held these boots for a month and
  claimed that "they were the 3rd pr.
  of boots 'Rejected' and that IF
  [Claimant] did NOT accept them NOW
  they [Defendants] WRITE-UP a
  CORD disciplinary Report for Fraud
  and NO MORE BOOTS would be Ordered"

- "The Ordered boots would be put in
  storage until [Claimant] changed
  his mind "

8.

Defendants Claim                                    Truth

(page)

( 10 ) Concealed boots (Continued)

- Other staff at this Stabbing, PUSHED to 'just take them' said 'avoid the trouble...' that they all had shoes that didn't fit'... 'you can't expect perfection'

- No Doctor or boot specialist examined my feet / size / fit with these boots (or) specified what fit / size would fulfill "their standard" of 'acceptability'

- No Follow-up has been made on the NEW ORTHOTIC Inserts and NO determination made as to HOW these may be SIZED to help in the FIT - problem — (despite requests )

( 10 ) Defendants issue of TRIAL COURT - vs - APPEALS COURT — " [Claimant ] had every opportunity to present that information and did not..."

- This Matter did not 'come up' until 2008-2010   (worn-out ill fitting Boots)

- Issue raised is not New nor Novel

- Matter is Compliancy Issue — regarding 'Replacement' — Enforcement
- Not an Appeal of Original Order

- Complaint was TIMELY FILED and is relevant re: Defendants Conduct

( 10 ) APPEAL case ref - Edison , Colby & Newlbourn

- Defendants Argument & support is IRRELEVANT

- Not an Appeal — Compliancy and Request for obvious Considerations pertaining to existing Accommodation

9.

Defendant's Claim
(page)

Truth

(p 11) "Residents have been provided reasonable accommodations..."

• This Court has been lied to by the Defendant's Representatives [A.G.] and the Hanger Spokesperson.

• Claimant was not provided BOOTS THAT FIT HIS FEET (per 2005 Order)

• DEFICIENT 'Provision' that FAILS to serve the actual physical & medical need, AND the (2005) final Order is NOT "reasonable accommodation"

• This "matter" has NOT been determined by a Doctor or Specialist and is merely a "claim" based on blind intent as a defense — IGNORING all of Claimants statements, claims, exhibits, physical showings & complaints

• What 'standards' are they going by?

• Items are 'offered' with NO Examination or Specialist follow-up — despite Requests

• It is Not 'reasonable' to be bullied, falsely accused, threatened with disciplinary action (see: hard charge) or forced to take deficient 'offerings' — Nor — to be berated for seeking Accommodation Compliance — (and preventative care for illness)

— This (above) exposes an ongoing 'systemic' problem, regarding A simple matter of seeking a proper accommodation — due to opinions, protocols, and conduct (of non Specialists) who are making FINAL Medical decisions without accountability or responsibility to consider FACTORS directly relevant to their Compliance Obligation under the Federal Court's Order.

10.

Rudnick Claim 01-092    Montez class 92-CV-0870 JLK    ATTACHMENT 3

There is a current & ongoing PREJUDICE against Montez Class Members
(as in this Claimants Rudnicks case) [those who receive Court Ordered
Accommodations for their Medical Disabilities] due to the Defendants'
SYSTEMIC PROBLEMS handling the "examining", "sizing", & "procuring"
PROPER FIT accommodations [which includes issue of FAILURE to
provide Follow-Up care for Necessary adjustments, alterations, &/
or replacement of the required accommodations]

Note: It was demonstrated at the Rudnick-Claim Compliancy Hearings
that these matters are NOT COVERED by the "screening process"

The burden has been put on the Claimants to make repeated
requests for appointments with their prison Medical-Clinical Svcs.
and/or A.I.C. (which may take Months to be scheduled), And,
there is NO RUSH to schedule "Court Ordered" Accommodation Med
Appointments on the Defendants part.

Such Appointments (when ever they do get scheduled) are not made
to include 'Specialists' or 'Product-Specific' type professionals
leaving Claimant to describe, demonstrate and explain (as
best as possible) his specific Medical Condition NOT being
accommodated and the resulting harm caused there from.

  – This issue has been repeatedly demonstrated in this
    Claimants Requests for proper accommodations' (@ SCF)
    in the 6-20-11; 2-6-12; & 6-25-12 Compliancy Hearings

  – The Montez-Resolution (YELLOW POSTER) "Guide" provides a
    60-Day "Delay" for the Defendants to schedule Exams
    and another 60 days "delay" to provide accommodations

NOTE: This 60-day plus 60-day delay is perpetuated EACH
    TIME the Defendants "Offer" a DEFICIENT ACCOMMODATION

NOTE: "Defendants AIC" (who is NOT a Doctor) makes the FINAL
    determination as to; what is REASONABLE-ACCOMMODATION for
    each Claimant.

Ex. 1.

NOTE: Claimant—Prisoner "Accommodation—Need (claims, specifics, and suggestions) go ignored because Defendants justify: "Claimant is Not a doctor"— Then insult with "he doesn't get to pick-and-choose what he likes"— [an unsupportable position]

NOTE: It was also presented (at these Compliancy Hearings) that the "PAINS" Claimant suffers is considered "Acceptable" in (Accord. to Defendants) because "you expect protection"... "we all have [items] that don't FIT us right"... [so you should expect to suffer too ]— A gross mischaracterization of the Accommodation SIZE/FIT issues [suffered by this Claimant]

NOTE: Clinical Svcs. Visits with P.A.'s or R.N's have TWICE been an unfruitful event where the staff do Not want to SEE or HEAR about MONTEZ Accommodation problems, and merely "reference a Claim"— as: "to be scheduled with a representative" [whether an Appointment IS SCHEDULED or Not is unknown ] — Matter remains un resolved and un Examined —

NOTE: According to the LAST Compliancy Hearing [se: Brock ( 2-6-12 ] *three "offerings" [or Attempts-to-accommodate] is SOMEHOW "sufficient & reasonable"— DESPITE fact that the products DON'T FIT.

Thus Defendants No Longer feel compelled nor obligated to KEEP TRYING products, to find one that properly accommodates "this Claimants" Medical condition—need.

* Accord. to Defendants 8 A product 'offered' equates to a product "provided" — despite any deficiency that makes the item unuseable —

PREJUDICE also occurs regarding TREATMENT of 'Accommodated Prisoners' Where THIS CLAIMANT was facility TRANSFERED based on ONE STAFF mis-interpretation of the NEEDS of his Accommodations resulting IN Additional (TWO) TRANSFERS [ to a 'designated facility' ] And, significant property, and other Losses.

" — "Designated Facility" has NOT been defined —

Ex. 2,

NOTE: These Losses include: Correctional Industry (Higher Pay) Jobs, health equipment use, Canteen food, Personal Property, Books and Religious items, Hygiene items, Access to jobs (relative to experience & training), Art supplies, etc... and included the Loss of Specialist Prescribed <u>Contact Lenses</u> and <u>Eyeglasses</u> —

[under Each Facility interpretation of compliance to <u>New Property Regulations</u>]

- Claimant's property was legitimately purchased and authorized at his Original FACILITY — but was NOT 'Grandfathered' into the New Regulations despite FACT that the FACILITY TRANSFERS were from NO FAULT of this Claimant and served only the convenience of the Defendants

- — Claimant filed Small Claims Action to recover his property costs (as he is financially unable to re-purchase the Lost items) — The Action was denied and the State A.G. (Defendants) <u>Awarded Attorney Fees</u> of $1725 — immediately deducted from Claimants prison account Making him Now <u>Destitute</u> — with a current (Negative) balance of (-) $1850 — (This does not include "Court costs" and "Appeal" or "preparation costs" = Total over $2500 —)

- — The Defendants (CDOC) do <u>NOT</u> supply hygiene stamps, paper, Envelopes, pens, pencils, soap, etc Forcing Claimant to go <u>further</u> <u>into debt</u> to get a small hygiene kit (only)

- — Many of the items TAKEN - LOST are not replaceable

- — Claimant's monthly (available $) balance is ZERO and has been now for <u>One YEAR</u>. <u>100%</u> of deposits are "deducted" from his prison account each month

This is Prejudice in the extreme!
[Claimant cannot pay this debt in 50 years at prison wages]

Ex. 3.

Defendant's RESPONSE to Claimant's Objection included a Court Request for 'Awarding Defendant's Attorney Fees' under a misguided belief that Claimant's "Motion for Compliance & Enforcement of the (2005) Court Order" was 'wasting the Courts' Time' —

Funny — These Defendants (and the A.G. & representative) are PAID a State salary (won or lose on this matter) yet, seek to PUNISH the oppressed who is merely seeking what the Court has already Ordered... to push this Claimant into a FOREVER DESTITUTE status —— When "they" are the ones who are the CAUSE of these failed Accommodation issues...

REM: This is a "Medical Care" matter —in a prison system that the Mission Statement is to: "Rehabilitate offenders for the eventual Reintegration back into society" AR-100-18

• What is the MISSION of this A.G. Representative?
• What PRODUCT will be created by this cruelly oppressive treatment over a "Needed Medical accommodation"

IF this FEDERAL level of Legal Action can't stop these Defendants from going in the wrong direction in Medical Care — especially regarding accommodations the Court has Ordered — Who will ?

• What is a suffering prisoner (in need of his accommodations) going to do NOW after being made destitute from pursuing the proper avenue of remedy and getting NOT ?

IF this State is accepting Federal Funds for its General Operations which include Prison programs, Then it certainly is obligated to comply with Federal Guidelines for Fair and Equal treatment of those in its custody — especially Compliance of Court Orders.

Personally, IF these Defendants don't want to be treated as they have this Claimant — Then they should either CHANGE and CORRECT these systemic-issues addressed —OR— provide for this Claimant to be RELEASED due their failure to protect him from State caused Cruel & unusual punishment [Const. Viol. 8th & 14th Amend]

Signed this date: _7-25-12_

Ex. 4.

EXHIBIT 4

Claimant: James Rudnick    Claim #: 01-092
Prisoner #: 66482    Category: I
Address    C.D.O.C. @ S.C.F.   4 A
          Box 6000   Sterling, CO 80751


Claimant's Costs (to date) on Case: 92-CV-0870-JLK
    (receipts available on request)

| COPIES (@ 25¢/page) | | | POSTAGE | | |
|---|---|---|---|---|---|
| 6-7-12 | 5 | 75 | 6-7-12 | 1 | 55 |
| 4-6-12 | 2 | 00 | 6-1-12 | 0 | 90 |
| 4-3-12 | 2 | 50 | 5-31-12 | 0 | 60 |
| 4-2-12 | 28 | 75 | 4-12-12 | 1 | 70 |
| 2-16-12 | 9 | 25 | 4-11-12 | 1 | 35 |
| 2-2-12 | 5 | 00 | 4-3-12 | 1 | 39 |
| 1-31-12 | 10 | 00 | 3-23-12 | 1 | 95 |
| 12-20-11 | 1 | 50 | 2-16-12 | 5 | 40 |
| 7-19-11 | 0 | 50 | 1-3-12 | 0 | 88 |
| 7-12-12 | 1 | 00 | 12-20-11 | 0 | 88 |
| 8-26-11 | 5 | 00 | 11-23-11 | 1 | 52 |
| 11-17-11 | 8 | 00 | 11-2-11 | 0 | 44 |
| 10-11-11 | 0 | 50 | 3-31-11 | 0 | 34 |
| 7-25-11 | 1 | 25 | 9-15-11 | 1 | 08 |
| 8-6-10 | 3 | 50 | 6-26-11 | 1 | 95 |
| 8-2-11 | 0 | 75 | 7-21-11 | 2 | 08 |
| | | | 5-26-11 | 1 | 92 |
| Totals | 85 | 25 | | 31 | 93 |


Combined Total = 117 18  (plus) $30⁰⁰

$ 117.18  plus   { 8-2-12   27⁷⁵
                   8-3-12    2²⁵
                   $ 30⁰⁰        $ 147.18
                                 TOTAL

1ˢᵗ Compliancy Hearing Date = 6-20-11
     Special Master's Order  = 7-8-11      } "Boots" issue only
2ⁿᵈ Compliancy Hearing Date = 2-6-12
     Special Master's Order  = 2-15-12

3ʳᵈ Compliancy Hearing Date = 6-25-12
     Special Master's Order  = 7-13-12     } "Chair" issue only



James Rudnick #68432 - DOCLL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Special Master Judge: Richard Borchers

Civil Action No. 92 – CV – 00870 JLK

JESSE MONTEZ, et. al.,

      Plaintiff,

      v.

JOHN HICKENLOOPER, et. al.,

      Defendant.

---

Claim number: 01-092    category: I

Claimant: James Rudnick (pro se)

Address: Sterling Facility C.D.o.C.  prisoner #: 68432

        4-A  Box 6000   Sterling, Colorado 80751

| CLAIMANT'S ATTACHMENT |
|---|

Claimant submits the following ATTACHMENT for his Objection Supplement (re: 'boots' accommodation):

The Defendant's "efforts" in the (mis)handling of this Court order (of 2005) (as demonstrated throughout the Hearings and filings) serves to default against just what the Court Order was issued for: "Boots that fit his feet".

Their responses and efforts appear to serve no purpose (since the "boot-fit" matter has not been solved) other than to seek to subvert the Claimant's efforts regarding his "boot-fit complaint" issues, and , to make bogus claims of "compliance" by misstating facts and issues complained about,  even stating at-one-point, that there has been no complaint.

Consider the following:
– A bogus "offering" is not providing
– Offering (or providing) wrong-fit is not compliance
– Claimant refusal of wrong-size item is not rejection of a Court Ordered Accommodation for a medical need, just refusal of that ill-fitting item
– Holding ill-fitting (defective/deficient) item in storage is not compliance but fruitless for the Claimant.
– "Fruitless efforts" is denial
– Repetitive fruitless efforts (whether by incompetence,  mis-handling, or malice) with demonstrated hopeless-endless delay, is a denial and received as punitive, because it is causing needless pain and suffering as a direct result of their action (or inaction)

Because, no corrective practice in procedure has been made (after numerous complaints) to fix problems occurring with protocol issues or staff, and,

Because, instead of staff (A.I.C.) seeking resolve these ongoing size-fit issues , these matters and fruitless delays have become opportunity for staff to ridicule and bully Claimant's (blaming *them* for the problems) when Claimants are only seeking their accommodation relief ordered for them, and,

Because staff 'interpretation' of reasonableness apparently means for the *Claimant to compromise* on his accommodations to suit the convenience of the Defendants, and,

Because delays and problems in providing adequate "useable" accommodations (matters beyond Claimant's control) have now become opportunity to hi-jack already decided medical accommodation issues, where the Defendants seek release from Court Obligations by a **quasi-compliance 'Ruling'** based only on mere excuses and mischaracterization or misdirection of the facts on the matter.*

    * [this has somehow become 'compliance' qualified under 'spirit and intent' while the matter remains unresolved]

James Rudnick #68432 - DOCLL

The fact that this Claimant has been compelled to go through this much effort, cost, and time, to seek compliance for obtaining his 'boots' (demonstrated in these Court filings/Hearings) is clearly unreasonable and shows unnecessary cause of 'delay/denial' of accommodation <u>exclusively due to the failings of the Defendants</u>.
- Delay is denial
- Denial is contempt

The Defendant's issue of Claimant requesting: "boots being 'special' or 'custom' made -or- 'specially cobbled to his feet'" is moot, as **NONE of this has been requested by Claimant** and the types of boots 'offered' are not unique or custom manufactured for him, but simply "ordered" from a catalog.

The defendant's whole position as represented in these actions is empty of truth with no intent to resolve issues.
         See: "Defendant's ½ step" (below

As stated in the Compliancy Hearing (2-6-12):Claimant wants:
  1 Boots that fit...reasonably function in wet/dry environment...with possible 'wet' protection
  2 Alternate footwear is reasonable (rubber-boots or boot covers) and tennis shoes (to wear when boots are drying)
  3 Corrective changes in staff handling of accommodation/medical issues purposed to seek proper accommodations
  4 Accountability for the delays and costs in Claimants efforts seeking this Court Ordered accommodation
  5 A legal ruling to serve as ***protection from***:
       – the Defendant's ongoing mishandling (Hobson Choice) and misrepresentation occurring in this action
       – NON-medical specialists making the 'final' binding medical accommodation decisions
       – unqualified staff opinion input on handling of Claimants accommodations
       – unspecified and unreasonable 'criteria basis' or 'qualifications/standards' for facility placement
  6 TRANSFER to facility offering better job opportunities which better serves his qualifications and abilities (as reparation for the losses wrongfully suffered as a result of the unnecessary and wrong C.D.O.C staff input that pushed for 'transfer' based on false assumption of this Claimant's accommodation's
    7 Review analysis of similarly situated Claimants being similarly harmed in their 'boot' accommodations

### Defendant's "½ step";
  1 Something is "offered" … according to their practices this equates to: "something provided"
  2 Don't care if it "works" or not, **or is with problems**
  3 Hobson's Choice : Take what has been provided or refusal is "rejection" of accommodation
  4 Matter is now considered "settled" (finalized  by the A.I.C.)
  5 No "follow-up": no provision for complaints; no established 'trial-period; no attempt or provision for necessary modifications; exchange (size/fit); add-ons; or, medical consultation.
  6 Burden put on the Claimant to obtain his relief when 'offering' is deficient

Claimant also seeks this Court's consideration and review of these Defendant's 'medical-care / "accommodation provision **failures**" in light of their actions causing prisoner unessary "pain and suffering" while he is held in their control and custody, under Estelle v Gamble 429 U.S. 97 and Wilson v Seiter 111 S.Ct. 2321

It is the belief of this Claimant that if the Defendants are to hold citizens in custody for 'forever terms', than they are completely responsible for the proper and thorough medical care (which includes exact need accommodations) for the entire term-length .

If these Defendants cannot, or are not capable of, providing this essential function (or Court Ordered provision), then they should be held no less culpable for committing any other wrongful violation of Mr. Rudnick's Constitutional Rights.

Therefore, if the Defendant's are not able to provide the medical care this Claimant legitimately requires, then, it is not unreasonable for this Court to make an Order providing consideration of "alternative remedy" as in: providing  for Claimant Rudnick's *release from state custody*, so he can obtain his needed Medical accommodations and thereby, would settle this matter and release these incapable Defendants from their burden.


RESPECTFULLY SUBMITTED this date: _8-3-12_

James Rudnick

James Rudnick #68432 - DOCLL

**ORIGINAL**

## CERTIFICATE OF MAILING

I certify, that a true and correct copy of the above and attached _Claimants Objection Supplement_ _and Claimants Attachments_ , was 'inspected' and 'logged-in' to the "prisoner legal mail log-book" in the Sterling Correctional Facility Housing office (Logan County) for deposit into the United States Mail, with the postage pre-paid (may be applied by SCF) and sent as addressed, to the parties listed below, on this date: _8-5-12_ .

Office of the Attorney General
attn:
1525 Sherman  7th Floor
Denver, CO. 80203

Legal Resolution Center
Special Master Judge Borchers
7828 Vance Drive,  Suite 108
Arvada, CO. 80003

_Not Mailed here_

Federal District Court – Clerk
Judge: John Kane
901  19th Street  Rm: A-105
Denver, CO.  80294

James Rudnick
C.D.O.C. Prisoner #68432
S.C.F. 4-A  Box 6000
Sterling, CO.  80751