COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action # 92-CV-870-JLK

JESSE MONTEZ, et. al.,
                Plaintiffs,

v.

JOHN HICKENLOOPER, et. al.,
                Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2012

GREGORY C. LANGHAM
                CLERK

---

Claim No.:       01-092
Category:        I
Claimant:        James Rudnick
                 Colorado Department of Corrections prisoner # 68432
Address:         S.C.F.   4-A   BOX 6000, STERLING, CO 80751

---

## CLAIMANT'S OBJECTION TO COMPLIANCE
## ORDER  (DATED JULY 2nd, 2012)

Claimant RUDNICK, pro se, presents for this Court the Objection to Compliance Order (issued by Judge Borchers - dated July 2nd 2012) under F.R.C.P. 53 (g)(2) and states the following:

Claimant provides that this is an Objection (in-part) pertaining to facts that are "systemic issues" which directly affect the Medical Accommodations in this case, and the Defendants' 'handling' of these matters.

Special Master Judge Borchers held a Compliance Hearing at S.C.F. (on June 25th 2012) regarding a: CHAIR ACCOMMODATION, and issued an ORDER denying Claimants Motion for Enforcement (7-2-12) This Order was based on fact that this Claimant took the most recent Chair accommodation, but the "Systemic problems" remain unresolved.

1.

The issues surrounding the CHAIR ACCOMMODATION have been explained in detail in the preliminary filings, the Court Notices and the Claimants letter to Judge Borchers (dated 5-22-12) cc: AG offc.

In Brief:

- A precedence (regarding the dimensions & specifics of the Accommodation) has already been established back in 2005 (@ L.C.F.)
  Note: Seat height adjustment range from 21" to 27" *
      (*) when you SIT on the Chair — the height DROPS 2.3 inches
      — MAXIMUM stated height therefore RANGES from 21" to 24"

- The Defendants came up with a RECENT CHAIR offering a height range of 21 - 28" which Claimant "ACCEPTED" — but — the A.I.C. had the Center-Lift-Post Changed with a LOWER piston now ranges: 17 - 26" with MAXIMUM stated height range 17 to 23"

- Claimant had reasonable belief that the A.I.C. had CHANGED the Chair HEIGHT purposed to serve her own agenda's and then created bogus reasonings to excuse the CHANGE, after Claimant had "Accepted" the previous dimensions

I    - Altering / Changing / Lowering the Accommodation without any Notice Given Claimant AFTER specific Acceptance Papers had been signed is ONE part of the Systemic problem on this Accommodation matter.

II   - The other part is the fact that the A.I.C. is NOT a Medical Doctor and making "Medical Accommodation DECISIONS", involving Specifics & dimensions, that are NOT discussed with Claimant and not based on the Medical Record or the related Court papers

Based on the Systemically flawed handling of this case, Claimant has been prejudiced and harmed from the following actions:
a) Offered deficient Accommodations — then ridiculed for "NOT Accepting".
b) Falsely Accused of "being uncooperative" yet these Accommodation decisions of the AIC are made without consulting Claimant

2.

c) Claimant given "ultimatums" to force UNCONSCIONABLE contract 'acceptance', or else going without his needed accommodation

d) "Bait and Switch" issue on their CHAIR HEIGHT CHANGE, where Claimant was ridiculed for "being difficult over this" [Generally EXPECTING Claimant to kindly COMPREMISE his accommodation needs for their convenience ] when only seeking the dimensions ORIGINALLY signed for on THEIR ACCEPTANCE CONTRACT.

e) Threats of punitive treatment ... "What Defendants claim as "good enough for his accommodation"—has become a point of [part (c) above] — Where "REFUSED item" is put in storage "until Claimant CHANGES HIS MIND".

f) Fraud activity — where Defendants A.I.C. "signs" a REFUSAL of ACCOMMODATION "contract" and simply fills-in Claimants name — YET — Claimant has only refused the "item" offered NOT the accommodation he needs.

g) Defendants - lack of trying to find the correct height chair equipment — then blaming the Defendants CHAIR assembly [industry] shop for their limitations at the Compliancy Hearing — has made this Claimant 'black-listed' harming efforts for future employment in this higher-pay Corrections Industry Program -

h) Claimant is Tag-teamed by the AIC and the Attorney General Rept., who together make conclusory Medical decisions for Accommodations based on their own beliefs, bias or agendas that are then presented as "proofs of compliance" or as "Medically sufficient accommodations" WITHOUT 'Medical license', — THEN, justify their position on basis that "Claimant is a prisoner Not a doctor"... [that they don't have to please him] and [that "others don't have 'special height chairs.'"]

JUDGE BOATWRIGHT'S ORDER

The Special Master's (July 2nd) Order provides statements that are clearly misrepresenting Claimants position and issues for this <u>MONTEZ</u> - accommodation compliancy Hearing.

page (3) 1st paragraph — states <u>incorrect dates</u> and <u>events</u>.
"A new hydr. cyl. was put on... Said on May 15th.. Claimant indicated he would accept this chair ... On May 17th .. Claimant refused this chair ... Not high enough"

Truth: • May 15th "Acceptance" of chair was based on 21-28" Adj. height
² Chair was then <u>LOWERED</u> by A/C changing lift height
³ "Refusal" was based on chair being ALTERED after he had signed for it) and the "REASONINGS given him" at this time ... [ A/C claims: It was too high, unsafe, unneeded and "you're not a doctor"..."we are compliant" ]

page (3) part II paragraph (2) — states "There is no mention anywhere ...requiring absolute 90° seating..." ( subverting issue )
Truth: This 90° seating issue has to do with hip, thigh & knee position due to skeletal damage from previous injury discussed at length with Clinical Staff and Denver Health Physicians where this 90° positioning for seating had been established... and is part of the record ... which involved seat height and back support.

part II 5th paragraph — states incorrectly: "...Two chairs offered ... were suitable, though not perfect from Claimants standpoint"
"They were reasonable.... offered in good faith"
"Claimant does not have the final say ... "

Truth: • The (1st) chair offered was <u>Not suitable</u> nor "reasonable" in accord. to Claimants Medical and In-Cell use needs
• The (2nd) chair was GOOD — but was then Altered - Lowered
• Claimant never claimed he was "seeking perfection"
• "Final say" matter / issue is certainly decided by the Claimant whether it is 'Acceptable' or not accord. to his physical and Medical needs, HE signs this Contract

4.

page(s) part II paragraph(3)— Also states his characterization of issue regarding "Cooperation" — ... It is Claimant's duty to work with staff — and "only when that cooperation is rejected should this Court be involved."

Truth:—
- Claimant has made every effort possible in this "system" to explain his accommodation, need, dimensions, and purpose to Clinical Services and their A.I.C., (and CDOC HQ)

"SEE EXHIBITS:
GRIEV. Attached
M.S.F 11/12-19/80

- Cooperation is an action that works both ways — And it is rejected when it is the "Clinical Service Staff" and this "AIC" who refuse to listen, or, simply ignore the specifics being given them, (WHEN THEY DO NOT EVEN KNOW) THE MEDICAL REASONS behind this accommodation —And Choose to operate only on their own opinion or beliefs

- Further, when Claimant's Medical "Kites" go ignored, or he receives NO RESPONSE to his letters to the AIC, it is reasonable to believe that his accommodation matter has been abandoned. [30 to 60 days passed] Thus — this Claimant sought COMPLIANCE -ENFORCE- -MENT from the COURT and, this only after Grievances, Notices to Defendants HQ. and his own investigations proved fruitless.

- "Cooperation" -(as revealed in the 6-25-12 Hearing) does involve 2-way Communication regarding the STATUS of important Accommodations being DELAYED
  [ the AIC Lt. Scott stated that she felt NO obligation to keep a Claimant informed of any delays ]

- Claimant had written "CLASS COUNSEL and even made several phone calls to their office but got no response
  [ It was revealed (@ the 6-25-12 Hearing) that CLASS COUNSEL was to 'get involved' - per Judge Borchers "because it is a systemic issue" ]

5.

- according to BORCHERS: "months of delay" to respond, or receive, [or be denied] accommodation items — "is a systemic issue" and whether COURT ORDERED items should ~~take~~ precedence was Not answered by this RULING despite the fact that Lt Scott (AIC) stated "there is an urgency" — this does NOT bring speedy accommodation — Nor resolve issue of leaving Claimant in-the-dark for months [in Violation of the YELLOW POSTER MONTEZ·Resolution·Agreement]

- ~~The burden has been put on the Claimant to seek his proper~~  ^Alone
  ~~Accommodation — Then he is BLAMED for the problems the Defendants have — because he involved the COURT to ENforce a standing-Permanent Order —~~

  a) [ It is still felt that this matter would not have resulted in a more appropriate weight/size CHAIR accommodation had Claimant NOT involved the Court ]

  b) [ Claimants Acceptance of the Current CHAIR provided is now solidly protected under the "Conditions" as stated in this COMPLIANCY HEARING (for repairs, maintenance and weight adj. 'issues' at no cost ) 'Conditions' that he would NOT have gotten without the COURT's involvement. [including specific dimensions] ]

Page(3) ORDER = "denying Claimants Motion for Enforcement" — leaves these slow SYSTEMIC ISSUES unresolved and has resulted in delays and damages (preparation, time & costs) and harm during this WAITING for Defendants to act. Accommodation "delays" are covered in the Resolution Agreement ($10.00/month) and photocopies, postage & materials costs should also be compensated for this Claimants expenses.

6.

- The fact that it required this much effort (on claimants part) [Exhausting all in-house processes. before going to this Court] to get his accommodation (all-be-it compromised on the weight dimension) does not even guarantee that this Claimant will not have to go through this Court (again) the next time an accommodation needs to be replaced [should the defendant's in-house process (again) prove to be so delayed and ineffective]

- As revealed in this June 25th 2012 Hearing Transcript "CA": It took "bringing these defendants before a judge" to FIND-OUT (IF) they had actually "made some effort" toward this chair matter — AND — show that they had NOT come to the Claimant for any consultation or discussion on making a decision on his accommodation. Nor felt any obligation to respond to his in-house 'filings' to indicate such activity was 'in-process' (as they had claimed in this Hearing). INSTEAD, the only responses Claimant received were in the GRIEVANCES and what has been shown @ this Hearing — INDICATING, in essence, his CHAIR issue was dead — when the "Altered" (Changed Height) CHAIR was refused.

- Still unresolved is the issue of: When a product "offered" don't fit, (or fully serve) the Medical need, WHAT is the purpose of demanding Claimant "SIGN" a REFUSAL OF ACCOMMODATION form? It is a slamming of the door in-the-face of the Claimant still in need of proper equipment for his Medical issue (or this Court Order)

7.

- It's not the Court Ordered 'Medical Need' Accommodation being rejected — just a refusal of the deficient or defective "offered product"

- The Defendants could produce no evidence that this Claimant was NOTIFIED that this matter was "still being investigated" — and — all previous materials "given" to this Claimant showed the contrary.

- In fact — the Hearing revealed, that the C.D.O.C. "HEAD" ADA Inmate Coordinator, Amanda Mussel white," found it difficult to determine how it was not accommodating", DESPITE all the paperwork, statements and filings sent them by this Claimant, and the fact that this Claimant is EASILY accessible in this Sterling Prison facility for any questions they might have.

  INSTEAD — the Head AIC, the SCF AIC, and, the A.G, sought to find excuses through "other parties" who are NOT involved in, nor informed of, Claimants Medical Claim to discredit what Claimant states is 'needed'.

- Defendants admitted at the Hearing that they never looked at Claimants Cell (with him present) to observe How the chair is used and How the adjust-ments accommodate his Medical Need 'in-house.

  Isn't Clinical Services Medical Care's "duty" to include "examination" for their Accommodation determinations?

This whole ordeal, having to take Defendants to Court to get action on Compliancy (or enforcement) of the Court's Order

and requiring that I (this Claimant) represent this issues at THREE HEARINGS has been mentally and physically stressful, full of frustration and anguish.

The Costs and pain suffered as a result of Defendants non-response, delays, and deficient compliance efforts has also put Claimant in severe debt — directly due to their 'systemic problems' - - A majority of which occurred from the CDOC decision to TRANSFER Claimant to a "designated facility" [Which they REFUSED to define what this means at the 6-2-12 Hearing]

A Transfer, which has been revealed — was NOT necessary — regarding Claimants ADA Disability or his Accommodations

A Claimant will not go through this much effort for no reason and when provided the proper accommodations — there was no complaints.

Claimant feels the Defendants actions in these matters have unnecessarily frustrated the Court's Administration of Justice due to these 'systemic problems' and a remedy can only occur when this 'problems are revealed'

THEREFORE Claimant requests this Court Review this Special Master's Order on Compliance upon Review of all Claimants filings and this Hearing on this Matter to determine whether Defendants are truely compliant and for accountability for Claimants Costs bringing this "systemic issue" to light: purposed to resolve these issues.

RESPECTFULLY SUBMITTED this date  8-10-12

James Rudnick

9.

## CERTIFICATE OF MAILING

I certify that a true and correct copy of the attached Claimants Objection to compliancy Hearing ORDER dated July 2nd 2012 was put into the US Mail, postage prepaid, from the SCF in Logan County and addressed to the following parties on this date ___8-12-12___

James Ridnick

Federal District Court Clerk
901 19th St., Room A-105
Denver, CO  80294


Office of the Attorney General
1525 Sherman, 7th Floor
Denver, CO  80203

Copies $6.00
Postage $1.80 est.

RR
Rudnick
3/30/12

STEP I

DC Form 850-04A (07/15/11)

APR 12 2012

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| Name: James Rudnick | Doc #: 68232 |

**Grievance number (complete for Steps 2 and 3, only):**

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** ADA - Chair Accommodation. On 3-23-12 my ADA Chair Accommodation was taken from me as "Contraband" because the Floor Post had broken. This is a Court Ordered Accommodation. I signed a Disposition Form to have the Chair Replaced (I feel) but hit even after explaining same w/ Medical Staff (on 3-20-12). They decided that their version of fulfilling this Ct. Order with an office chair was good enough —— There is (2) problems with this: First - The Ct. Order is for a chair and adjustable Stool. This was accomplished by combining the two into the "Upright Chair" provided in 2005. Second - The Order was based on providing height, comfort and back support issues —— Again this was accomplished by the 2005 Upright Chair (a sort of Chair - Stool) that adjusted up + down 23-27" seat height] - The "good enough decision of "Administrators" is NOT good enough to fulfill my medical needs and Fails the Order and Fails re "Medical Care". A precedent has already been established and Accepted at multiple other Facilities with this 2005 Style Chair. This very style type Upright Chair is available in the SCF furniture shop. There is No prolonged purpose for staff to Change my Chair type. Remedy = Replace my Accommodation with Same type Chair.

| Date: 3-30-12 | Offender Signature: [signature] |
|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF/A/A/ Life | Step (Circle one) 1 2 3 ADA Accom. |
| Signature: R. Phipps | | |
| Print Name and DOC Employee Id #: Phipps 7500 | Date received: 4-11-12 |

Attachment "A"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

**RECEIPT:** I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 04/12/2012 | Grievance Coordinator & ID # BENSON, VICKI (11918) |
|---|---|

### RESPONSE

In your grievance you stated the chair provided by DOC to fulfill a court ordered accommodation broke and was replaced by a chair that you believe does not fulfill your medical needs or the court order. You requested to have the old chair replaced by the same model.

After investigating your grievance, I found you have a court order from 2005 requiring DOC to provide a chair and an adjustable stool that accommodates your height and weight and adequately supports your back and lower extremities.

Your previous chair is broken and is not able to be repaired to fully functioning condition. You were offered another chair, however, this chair was different. Due to the differences in the old and new chairs, you have now been offered a chair more similar to the stool you previously used. You have signed an assistive device contract accepting the new chair and verbally stated that the new chair is acceptable. While a similar chair can be offered, a chair of the same model cannot be offered at this time.

Your grievance is Granted in part.

## TO BE COMPLETED BY RESPONDER

| Date 04/12/2012 | Responder Name & ID # MUSSELWHITE, AMANDA (18288) | Response Date 05/17/2012 |
|---|---|---|
| **Disposition** | **Granted in part** | |

## TO BE COMPLETED BY OFFENDER

**RECEIPT:** I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name RUDNICK, JAMES | [signature] | DOCNO 68432 | Grievance # M-SF11/12-00019180-1 |
|---|---|---|---|
| Date: 5-23-12 | Offender Signature [signature] | | |

Original: Department file/AIC                                        Copies: Administrative Head, Offender

( Step II filed 5-28-12 )

STEP II

DC Form 850-04A (07/15/11)

MAY 30 2012

**Colorado Department of Corrections Offender Grievance Form**

| Offender Must Complete | |
|---|---|
| Name: Rudnick, James (M) | Doc #: 68432 |
| Grievance number (complete for Steps 2 and 3, only): 12-00019180-1 | |

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** ADA-CHAIR ACCOMMODATION

The response to my STEP-I is not correct – A "same model" chair was not requested. This was a request for a chair to serve the criteria established in the Court Order. The chair "offered" (on 5-15-12) was CHANGED. I signed for a Chair that had a SEAT HEIGHT Adjustment of 21 to 28" + This was Acceptable.

* This "Chair" was then ALTERED with a FURTHER RISER-POST LIFT-PISTON before I was called to pick-it-up – SEAT HEIGHT was lowered (to 18-25") When you SIT on this chair – it drops down to Approx. 22". (This is NOT the Chair Accommodation that I signed acceptance for) – Lt Scott stated she thought it was too high anyway. WHY was it CHANGED?

* Did she Violate the Assistive Device contract? Why would a "NEW CHAIR" need the LIFT-PISTON changed-out? While I truly Appreciate the NEW-TYPE-STYLE chair offered – I want the specifications 21-28" height that I signed "agreement" to. Please Make it Correct.

**Remedy:** ...

Date: 5-28-12

Offender Signature: _signed_

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF / 4 / A / LIFE | Step (Circle one) 1 (2) 3  ADA ACCOMMODATION |
|---|---|---|

Signature: R Phipps

Print Name and DOC Employee Id #: Phipps 7500 | Date received: 5/29/12

Attachment "A"

Page 1 of 1

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 05/30/2012 | Grievance Coordinator & ID # BENSON, VICKI (11918)

**RESPONSE**

In your step 2 grievance appeal you reassert your claim that the court ordered chair presented to you on or about May 15, 2012 was not the same chair you were originally offered as a replacement chair and because it does not extend to a full 28 inches inheight, you are refusing to accept it. As such, you allege this new chair does not meet the court ordered requirements.

In response, I have reviewed the dimensions and specifications of the chair in question that was presented to you as a replacementfor your old chair as required by court order. Upon further investigation of this matter, it was determined by Correctional Industries that stools extending to a height beyond 26 inches pose a safety hazard due to the increased risk and likely potentialfor tipping over. This determination was therefore factored into the replacement stool presented to you.

In addition, the Special Master court order does not identify any particular specifications regarding dimensions for height but requires a stoolthat fits your need. You have not identified any reason or provided any evidence to substantiate your allegation this chair does not meet your need.

**TO BE COMPLETED BY RESPONDER**

Date 06/11/2012 | Responder Name & ID # RUSSELL, JULIE (5821) | Response Date 06/19/2012

Disposition: **Denied**

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name RUDNICK, JAMES | DOCNO 68432 | Grievance # M-SF11/12-00019180-2

Date: 6/26/17 | Offender Signature: _signed_

Original: Department file/AIC | Copies: Administrative Head, Offender

I do not have a Step III response