# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-JLK
(Consolidated for all purposes with Civil Action No. 96-cv-00343)

JESSE (JESUS) MONTEZ, *et. al.*

Plaintiffs,

v.

BILL OWENS, *et al.,*

Defendants.

---

## PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER REGARDING MICHAEL K. TIVIS #52378

---

Plaintiffs, by and through their counsel, Paula Greisen and Jennifer W. Riddle of KING & GREISEN, LLP, hereby file this Objection to the Order of the Special Master dated June 20, 2012 regarding Michael K. Tivis, #52378. As grounds for their motion, Plaintiffs state the following:

1. On June 20, 2012, the Special Master issued an Order with regard to Michael K. Tivis [Doc. No. 5287], dismissing Mr. Tivis letter dated June 15, 2012, citing jurisdictional grounds as a basis for the dismissal.

2. Mr. Tivis' letter requested relief for DOC's failure to provide an accommodation that was addressed by the Special Master in the Final Order of the Special Master dated May 16, 2007 [Doc. No. 2669]. Specifically, Mr. Tivis states that he requested "court order [sic] medical shoes around April 16, 2012. I was charged $3.00 and told I didn't need them."

3. On May 16, 2007, the Special Master issued a Final Order favorable to Mr. Tivis' individual claim for damages. [Doc. No. 2669]. In that Order, the Special Master found Mr.

Tivis to be mobility impaired[1] as a result of Degenerative Joint Disease and determined that DOC had discriminated against Mr. Tivis by refusing to provide him with soft soled shoes as an accommodation for his mobility impairment.  Prior to the Special Master's Order, rather than provide Mr. Tivis with soft soled shoes, DOC had directed Mr. Tivis to self-purchase the shoes through the canteen.  In the Final Order, the Special Master recognized that the soft soled shoes reflect one way of alleviating the pain that Mr. Tivis suffers and concluded that it was discriminatory for DOC to require Mr. Tivis to use his own limited funds to secure an accommodation that a qualified specialist had deemed appropriate.  The Special Master awarded Mr. Tivis $180.00 in damages for the cost of the shoes he was forced to purchase as a result of DOC's discriminatory conduct.

4.     Despite the Special Master's Order finding soft soled shoes to be a necessary accommodation, DOC has failed to provide Mr. Tivis with soft soled shoes.

5.     The Special Master clearly has jurisdiction to consider the issue raised in Mr. Tivis' letter.  On January 19, 2011, the Court issued an order clarifying what jurisdiction the Special Masters retain over individual claims for damages.  [Doc. 4960].  Specifically, the Court affirmed that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of Final Orders with which DOC has not fully complied.  With this authority, the Special Master may, on his own motion, order that the DOC comply with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for a failure to comply.

---

[1] At the time of the Order, the Special Master applied the narrow disability criteria for special placement in housing under Section V(A)(1) of the Montez Remedial Plan and used the term "impaired" as the designation for Mr. Tivis' mobility disability.

6.      Here, it is not disputed that DOC paid Mr. Tivis the $180.00 awarded to him by the Special Master.  However, subsequent to the Final Order of the Special Master, DOC has continued to act with the same discriminatory treatment towards Mr. Tivis that gave rise to the original award of damages.  Specifically, despite the Special Master identifying soft soled shoes as a necessary accommodation for Mr. Tivis, and the discriminatory act of forcing him to self-purchase – DOC has failed to comply with the Final Order of the Special Master by refusing to provide soft soled shoes to Mr. Tivis.  Clearly, the Special Master sought to remedy the discrimination against Mr. Tivis by awarding damages specific to DOC's refusal to provide Mr. Tivis with the accommodation of soft soled shoes.  It follows that in order to avoid future damages for the same discriminatory conduct, DOC would accommodate Mr. Tivis' disability by providing him with the necessary soft soled shoes.

7.      Because Mr. Tivis' motion specifically requests relief consistent with the relief ordered to remedy discrimination in the Final Order and seeks enforcement of a Final Order entered in his favor by the Special Master, pursuant to the Court's Order dated January 19, 2011 [Doc. 4960], the Special Master retains jurisdiction over the claim.

WHEREFORE, Plaintiffs request that the Special Master accept Mr. Tivis' letter as a motion seeking to enforce the Final Order of the Special Master and that the Special Master recommend that DOC be ordered to comply with the Final Order by providing Mr. Tivis with soft soled shoes.  Plaintiffs further request that the Special Master recommend the imposition of sanctions for a failure to comply.

Respectfully submitted this 5th day of September, 2012.

KING & GREISEN, LLP

*s/ Jennifer W. Riddle*
Jennifer W. Riddle
Paula Greisen
1670 York Street
Denver, CO 80206
(303) 298-9878
(303) 298-9879 (fax)
riddle@kinggreisen.com
greisen@kinggreisen.com

Attorneys for Plaintiff Class

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on 5th day of September, 2012, I filed the foregoing **PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER REGARDING MICHAEL K. TIVIS #52378** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

James Quinn
Jacquelynn Rich Fredericks
Attorney for Defendants
Colorado Attorney General's Office
1525 Sherman St.
Denver, Co. 80203
303-866-3261
Fax: 303-866-5443
james.quinn@state.co.us
jacquelynn.richfredericks@state.co.us

A copy was emailed to the Special Master, Judge Richard Borchers, dborchers@legalres.com

A courtesy copy was placed in the U.S. mail, to the following address:

Michael K. Tivis, #52378
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO  80751

*s/ Laurie Mool*