IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

Plaintiff(s) Claim No. 03-479

EIDRIDGE L. GRIFFIN,
        Plaintiff/Claimant

V.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,
        Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2012

**GREGORY C. LANGHAM**
        **CLERK**

PLAINTIFF(S) OBJECTION TO FINAL ORDER OF SPECIAL
MASTER ISSUED ON MAY 7TH 2012 PURSUANT TO FRCP 53(3)(2)

THIS MATTER, comes now befor this court, Plaintiff/Claimant Eldridge Griffin:# 85791 through Self-Representation as PRO-SE' Litisant, Respectfully Submit the following MOTION OF Objections in responce to final order of the lower court of the Special Master issued on May 7th 2012. Plaintiff/Claimant ask this Court to accept this Motion now properoy filed with this Court as the Original Obje-ction to the special Master order for the following:

(1). ON July 26, 2012. This Objection motion is believed to have been mistakenly filed in it's Original form with the lower court of the Special Master. (see EXHIBIT-A). However, this higher court should have gotten the Original of this motion, and that the lower court. The Special Master, could see that the Original was mistakenly filed with his court and then ordered that the motion be forwarded to this higher court. (see EXHIBIT-A. NOW after 48-days of NO answer to the motion from this court, the Plaintiff, looked at the Copy of the motion that he had to see that the Caption Page of the motion appears to be mistakenly addressed in the name of a Case that was not the lower court. NOW that the Plaintiff sees this he wants to now file it in it's Original form Properoy in this court. The Plaintiff, is well within the time imposed deadline by the lower court of the Special Master. (see EXHIBIT-B). Plaintiff, now believes that this is why this court has not responed to the motion or has ackioued the motion, up to this date of September 13th 2012.

Whereby, pursuant to Federal Rule of Civil Procedure Rule 53(g)(2) where on, Such objection must be filed with the Clerk of the United States District Court on or before August 6, 2012. As specified in the Special Master's order. But Your Plaintiff, howere, Subsequently filed a Motion for extension of time received by the lower Court on June 28th 2012, where upon Such Plaintant/Claimant, sought an extension of time...

For the purpose of filing his supplement, as of which were ment to be the objection, the Plaintant/Claimant, misunderstood and confused, the objection motion with the term supplement complaint and supplement evidence, due to the fact that, Plaintiff, had sent his copy of the court order of the Special Master as an EXHIBIT to his Amended-complaint. The Special Master did grant the Plaintiff/Claimants, motion for extension of time in which to file an objection to the Special Master's order, is granted up to and including September 17th 2012. Therefor, Plaintiff/Claimant's objection now filed with this court is timely filed with the Clerk of the United States District Court, and here in after Plaintiff/Claimant, states as a ground in objection to the may 7th 2012 order of Special Master is as followed:

### OBJECTION TO SPECIAL MASTER'S ORDER DISMISSING Mr. ELDRIDGE L. GRIFFIN, CLAIM NUMBER 03-479, AND OBJECTION TO DEFENDANT'S OBSTRUCTION OF JUSTICE AND INTERFERENCE WITH MR. GRIFFIN, ELDRIDGE'S CIVIL RIGHTS,

The Claimant/Plaintiff, in this matter before the United States District Court, in objection to the Special Masters finding and ruling in part. Where in here after, shall be explain as to why.... your Plaintiff/Claimant, were hindered by the defendants etals by either directly or indiretly the Act(s) or Action's, that, lead to the Obstruction of Justice by denial of access to the Courts during an critical stage is due process specifically subseeuently after hearing held by Special Master, and the orders issued thereof. In the Matter, that cames before the Special Master on January 30, 2012 where such hearing were held at Sterling Correctional Facility (SCF) in sterling, Colorado, present were the following: Plaintiff-Eldridge Lee Griffin, and Jacquelynn Rich Fredricks, attorney for defendants, Bernadette SCOTT, ADA Facility Coordinator, and Ms. Ring, Special need's GED Techer.

2

Your Plaintiff, during this hearing, did request the time to submit additional exhibits in addition it were established that Plaintiff/Claimant, may submit his closing arguments in support of this claim. Thereafter both sides were granted up to April 30, 2012 in which to submit supplemental exhibits. Moreover, after said hearing while your plaintiff, were attempting to provide the supplemental exhibits and the preparation of the closing arguments for submission. The Plaintiff, suffer under the loss of the ability to properly place before the Special Masters the documents and supplemental exhibits: This was largely due to the defendant's direct obstruction of justice and interference with Plaintiff/Claimant's, Constitutional Rights, Civil Rights, Statutory Rights, and administration Regulation extended Rights; the combined overall substantive due process Mr. Griffin, Substantial Rights to include his 14th Amendment Right now violated by the Defendant(s) etal.

Your Plaintiff, among his objections, additionally show cause, as to why he was unable to provide the critical stage evidence the supplemental exhibits necessary to prove, he was indeed a disabled individual who is a member of the class. Furthermore, were disable by his impairment on or before August 27, 2003. (see EXHIBITS-C, D, E). Now in this matter of objection before this court, your Plaintiff/Claimant, has the burden of proof that he was disabled on or before August, 27, 2003, moreover, if Plaintiff, so establishes that, he was disabled, then he may amend his claim and raise incidents that have ocurred since or after August 27, 2003, to the present

### PLAINTIFF/CLAIMANTS SUBMISSION OF SUPPLEMENTAL EXHIBITS AS PROOF OF DISABILITY PRIOR TO AUGUST 27, 2003.

Your Plaintiff/Claimant with no other option, herein present the documentation that, of which does establish his disability existed before AUGUST 27, 2003. Furthermore, such documents in addition, clearly establish that, the Department of Corrections Knew of plaintiff, disabilities, However, failed to accommondate as such under any Princpal of law, Sificically an venactment either federal or state, as established to provide a benefit under such. (see Attached EXHIBITS and documentation), reflective of the vision disability, and social security administration (SSA) Form SSA-827 Submitted by the Department of Correction for records reeuest purpose determination of eligibility for benefits from 1995-2001, allready on file with this court! Furthermore, the documents will establish specific communication with in said documentation to which establish that the ambulatory health record and Psychiatric individual contact has positive diagnosis and Prognosis, that, Plaintiff/Claimant's, condition exist, he has an vision

3

disablty, he is illiterate and can not read or write for himself, and has an mental illness. (See EXHIBITS-C, D, E, F, G). The defendants Denies that the Plaintiff/Claimant, has a Right under the Americans with Disabilitys Act after Positive diagnosis and Prognosis, defendants between the Years of 1995 to 2001 Denies that, they had an obligation to accommondate the Plaintiff/Claimant, once his disabilties were determined for benefits. as evidence there has been no ADA, accommondation for Vision disability entered in to record that, shows any attempt by the defendants et als to accommondate Mr. Eldridge L Griffin's, disabilytys Pursoant to any Principal of Law. Plaintiff/Claimant, forther seeks remedy under objection for the opportunity to submit documents as Supplemental exhibits in spport of his Claim. (See EXHIBITS-C, F, G).

---

## DEFENDANT'S RETALIATION AND OBSTRUCTION OF JUSTICE, THEN AND TODATE

The defendant(s) etal., through an administraative scheme, did Place the Plaintiff/Claimant, under continual harassment by staff members as of whom with deliberate intent, denied and refused to allow the Plaintiff, to Pursue his right under the Americans with Disabilitys Act. Where under such, Plaintiff, sought an benefit, and Various accommondation, and information regarding such benefits, that, include evaluation and testing. Your Plaintiff/Claimant, under went serious violation of his Constitutional Rights, Civil Rights, as Protected under 42 U.S.C.A. Sec 1985, 18 USC Sec 241 Such right were Violated by defendant(s) etal., through deliberate aggressive retaliation against Mr. Griffin, Eldridge, for the sole reason were seeking his ADA benefits to be accommondated for his impairments of vision disability, illiteracy and mental illness. (See EXHIBITS-C, F, G), and see the document EXHIBIT-named of (ADA STATUS And ACCOMMODATIONS) already on file with this court, or to see this document the Plaintiff, ask this court to so to http://docnet/dot/controller/ctl print ajax.php?sec=ada details. to see all ADA accommodations.

Moreover, Plaintiff, seeks the benefits given him the ability under ADA to Learn and perhaps get a GED. unfortunately, the defendants and their various staff members, denies that Plaintiff/Claimant, has an right to Pursue his claim under Montez, Civil Action No. 92-CV-870-JLK. Fact; The defendants, etal., have caused Plaintiff, to miss his court imposed deadlines, and have caused Plaintiff/Claimant, to fail in his efforts to Provide the Spplemental evidence as exhibits, to include his closing argument to be submitted on or before April 30, 2012. (See EXHIBITS- H-CLOSING ARGUMENT). Do to the defendants denieing the Plaintiff, his ADA ordered

4

accommodations, (See EXHIBIT-F,G,C.), when he was put in the hole. And denied the Plaintiff/Claimant, other documents need to submitt in support of this claim, from the computer in defendant(s) ~~/~~ D.O.C.'s, legal Access Program, (See EXHIBIT-I). And denied Plaintiff, needed documents in support of this claim from his Property. This was done druing the said imposed deadline, of April 30, 2012. The Plaintiff/ Claimant, in Objection to the defendant's actions, where upon, such Act or actions have denied Plaintiff, access to the Court during a Critical Stage in Civil due Process, your Plaintiff, offer for Proof; the following evidence of such Act(s) or Actions.

## HISTORY OF DEFENDANT'S CONTEMPT OF COURT, AND; THE DEFENDANTS HISTORY OF ASSAULT UPON CLAIMANT'S RIGHT UNDER AN' COURT ORDER, TO INCLUDE THE DEFENDANT'S et al., DISORDERLY CONDUCT CALCULATED TO INTERRUPT AND INTERFERE WITH THE ADMINISTRRATION OF JUSTICE.

FACT: The defendant's et al., have by the Conduct in an Continuous regulatory Scheme. Thereat, the defendants have went beyond their official Capacity, when Saff members fabricated several CO.P.D write ups in retaliation with deliberate intent did discriminat against Plaintiff, as a Class. ON January, 10 2012 your Plaintiff/Claimant, were forced to file an affidavit and incident report with the Special Master apprising him of the Misconduct of the defendants. (See EXHIBIT-J,K). ON are about January 12, 2012 your Plaintiff/Claimant again were forced to file an second affidavit and incident report with the Special Master, apprising him to the Continual Misconduct and retaliation. (See EXHIBIT-already on file ~~#~~ with this Court, and see EXHIBITS-K, and J, that are in with this motion.

Thereafter, the defendant(s) Continue to harass, and retaliate against your Plaintiff/Claimant, where on February 11, 2012, the defendants charged the Plaintiff with threats, and placed the Plaintiff/Claimant, into segregation, at that time the Plaintiff, had not had a COPD-write up in 3- or 2-Year's. Now on April 12, 2012 the defendant(s) charged the Plaintiff/Claimant, with advocating or creating facility disruption. Now on June 14, 2012 the defendant(s) yet again brought anther write up charge for abuse of medication. The Plaimant/Claimant, also wants to submit as evidence of the defendant's, continuance of there administrative scheme to harass and retaliate against him. Motions already filed with this court Named→) AFFIDVIT AND INCIDENT REPORT-CONTINUAL DELIBERATE DISCRIMINATION- AND HARASSMENT SUBMITTED AS EVIDENCE ), 2.) MOTION FOR ACCOMMODATIONS FOR ADA WHEN IN THE HOLE). These MOTIONS are RELATED IN NATURE TO this Claim #03-479.

(5)

Brings us now to the main issue, while your Plaintiff/Claimant, were in segregation he had requested his legal documents, so he could some how try to manage his Civil Action. However, he were denied doing the Pending dead Line date of April 30, 2012. (See EXHIBIT-I). Therefore, the defendants) by such conduct under this Regulatory Scheme. Have assalted Plaintiff, Rights to Present his case under the court order granting opportunity to file appropriate supplemental exhibits and chosing argument. The defendants) also do this by denieing the Plaintiff, and accommodations for the reading and writing of Plaintiff(s), legal mail and legal documents when he was in segregation. (See EXHIBITS-F, G, C,). And see the document alt ready on file with this court named→(ADA STATUS AND ACCOMMODATIONS). And see the Plaintiff(s), closing argument that also never got filed in time due to denieing the Plaintiff, any of his ordered ADA accommodations. (See EXHIBIT-H).

Therefore, Plaintiff/Claimant, for cause shown in this Objection to the findings, where at, Plaintiff was kept from the opportunity under the Speal Master's Order. The opportunity of Presenting his supplemental EXHIBITS and closing argument→(SEE EXHIBIT-H), supporting that Plaintiff, was disabled by his impairments on or before AUGUST 27, 2003.

## DENIED ACCESS TO THE COURT BY DEFENDANTSetal.

Unfortunatly, your Plaintiff/Claimant, were denied access to his WORK Product, Legal Files letters documents and notes, as done by the defendants. The Plaintiff/Claimant, were also denied access to the court. And was denied ADA accommodations with reading and writting of he legal mail and documents doing this INPOSED deadline time fram of April 30, 2012. (See EXHIBITS-I, C, D, E, F, G,). And have been denieing the Plaintiff, this ADA accommodations for reading and writting of Plaintiff(s), legal mail and legal documents ● from 1995 throush 2001→(See EXHIBITS-H, B,). And from 2008 throush 2009, and 2010 troush 2012→(See EXHIBITS-F, H, L, M, N, O,). Whereas, Plaintiff, requested multiple times for has legal work, and other legal Assistance, however were denied such specifically, access to his documents stored on the legal library computers Plaintiff had tryed to ● Prepare his closing arguments: the defendants) denied the Printing of this document (See EXHIBIT I- dated-for-copys-of-documents), and (See EXHIBIT-H-Closing arguments) that never got submitted the defendants), aclministrative scheme to stop the Plaintiff, from meeting said imposed deadline of April 30, 2012.

## FOR CAUSE SHOWN

Your Plaintiff/Claimant, for cause shown in this matter before The United States District Court. Pursuant to F.R.C.P. Rule 53(g)(2), the Plaintiff/Claimant, submits his objection of the Special Masters, final order. Where upon, such order the Plaintiff, were denied access to the court during an critical stage. Access were denied, through a regulatory scheme and conduct done by the defendants), whereat, the defendants), have directly removed Plaintiffs, opportunity from which to comply with the Standing order issued by the Special Master.

The Plaintiff/Claimant, hereby claim that, the defendants), Acted with deliberate intent, to remove from Plaintiff, his ability to establish each of the criteria as set for in Judge Kane's order of March 23, 2010. This regulatory scheme of the defendants), intend to stop the the Plaintiff/Claimant, from establishing that he was disabled as defined by the ADA and the Rehabilitation Act, on or before June, 2001, → (see EXHIBIT-C August 3, 2000), and (EXHIBIT-D, A diagnosis of scoptopic sensitivity syndrome Date-DECEMBER 20, 1996), and (EXHIBITS-E'S 7 pages, Dated → AUGUST 23, 1999, AUGUST 16, 1999, AUGUST 30, 1999, JULY 29, 1999, JULY 22, 1999, JULY 23, 1999, APRIL 20, 1999, MAY 6, 1999, OCTOBER 27, 1999, SEPTEMBER 20, 1999, SEPTEMBER 9, 1997, SEPTEMBER 11, 1997). All of these "EXHIBITS" would have established that the Plaintiff/Claimant, was indeed disabled before 2001. And these EXHIBITS would have shown that your Plaintiff/Claimant, was the victim of discrimination Prohibited by the ADA befor June, 2001. (See EXHIBIT-P-named ORDER OF SPECIAL MASTER-5).

It is belived that, under a regulatory Sehme the defendants), have discriminated against the Plaintiff/Claimant, in an continual manner in which the defendants), are in control and in custody of your Plaintiff/Claimant-Mr. Eldridge L. Griffin. Where at, the defendants), have maniulated the system of administration regulations (AR's), for the sole Purpose of hindering the Plaintiff, and other inmates as of who have an lisitimate claim and injuries or disability, Sustained while defendants are operating a Correctional Faeility. Moreover, under this Circumstance and Controversies. There upon the (4) questions considered by the special Master. Where on, your Plaintiff, in an attempt to Provide evidence to which would meet the Criterion as established. Here in after Mr Griffin, declare that, he can meet the Article XXXII requirement, as an individual under such.

Your Plaintiff, under objection, in part, to the findings that Mr. Eldridge Griffin's claim is dismissed as a consequence because, the defendant(s), have caused Obstruction of his evidence necessary, (need), to Support his Claim. Plaintiff/Claimant, implore this court for an order giving him an opportunity to submit such evidence unhindered by the defendants, Plaintiff seeks such order allowing him to comply with the May 7, 2012, order, Moreover, in light of the ▇▇▇ continual harassment and retaliatory scheme. The Plaintiff/Claimants, Prayer for relief under objection is for his Claim, to be allowed to be amended and go forth as an remedy. Whereby, the conduct or rather the ongoing conduct of the defendant(s) etal, clearly establish some form of violate and direct cause of injury.

Therefor as an evidence of discrimination. The mear fact that an claim based upon (SSS), is an covered vision disability clearly becomes a discrimination in form, if Mr. Eldridge Griffin, claim is excluded. Such is the case by the current order to dismiss, where when Claim # 03-479 establish that (Scoptopic Sensitivity Syndrome → SSS), is a colored vision disability under the Remedial Plan of MONTEZ, Civil Action No. 92-cv-870-JLK), And (see Special Masters, order dated MAY-7, 2012. Farthermore, for cause shown where it is a fact that on Plaintiff, in his Claim-03-479, by Special Masters, Ruleing in said Claim that Plaintiff/Claimant, did establish that he was diagnosed Scotopic Sensitivity Syndrome (SSS) in the late 1990's, this order is on file with the court. How ever, described as a Visual Processing Learning disability, based upon the records Plaintiff/Claiment, was treated for this disorder **IN-PART**.

First of all, the overlays only provide a **READING** seeing accommodation, and not ▇▇ for the **writing**. The defendants failed to provide a compleal accommodation and treatment as proscribed Secondly, in the order for the accommondation to be compleat under prper Treatment for the (**WRITING**) Plaintiff, must receive a pair of specialiced **GLASSES**. With Such ADA complete accommodation, then through 1995 through 2001 and through 2008 through 2010, the Plaintiff/Claimant, would have been fully accommodated. Thus, giving the Plaintiff/Claimant, Mr. Griffin, the ability to see the letters so that **you** could Teach the Plaintiff/Claimant, how to read and write (see EXHIBIT-C-dated 2000.). Reiterating that, **PEACH OVER PURPLE** colored **overlay** only provid Partial accommodation in reading, but the Peach over Purple colored **GLASSES**, would have gave the Plaintiff/Claimant, the ability to be able to learn how to do both read, spell, and write, through 1995 to 2001 (see EXHIBITS-C, and Q).

(8)

However, makes it impossible to write with only the colored overlays. Only through the Prescribed eye glasses can both parts of the process be completed. Therefore, the defendant(s) failed to properly accommodate the Plaintiff/Claimant, through 1995 to 2001, then again through 2008 to 2010, as which was before, AUGUST 27, 2003. While Mr. Eldridge L. Griffin, were in Custody of D.O.C., as the Special Master, findings ~~clearly~~ because this Clearly establishs, what his Order said the Plaintiff, didn't establish. You will see that in his order sec. II that, Plaintiff/Claimant, were on March 10, 1999 Placed into the Colorado State Penitentiary in Canon City Colorado, and Plaintiff remained in that facility until (2001). To See how your Plaintiff/Claimant, sees things without these needed "GLASSES") See EXHIBITS- R-3-Pages).

## CONCLUSION

In Conclusion of all the facts combined, the information Presented in this Objection motion, and the attached documents and EXHIBITS as evidence, your Plaintiff/Claimant, humbly object to the dismissal of his Claim, where upon, the records do reflect him as being diagnosed with an impairment Called Scotopic Sensitivity Syndrome (SSS). The defendant(s), denied Plaintiff, the Critically needed Glasses in 1995 through 2001, and again in 2008 through 2010, in effect, Plaintiff/Claimant, was latter discriminated against by D.O.C., because of his disability. AS A Proof your Plaintiff, was discriminated against when D.O.C, refused to accommodate Plaintiff, with the Glasses, So that he may get an Basic Adult Education as Provisioned under Statutory mandate Pursuant to Article 32 C.R.S. of the Correctional Education Program. Mr. Griffin, were not allowed to Participate against his will, and because of his disability Mr. Griffin, does not have an GED, ~~████████~~ as proof of such discrimination when other inmates are allowed to get their's. Under the Rehabilitation Act and the ADA, the defendant(s), while having Custody of Plaintiff/Claimant-Eldridge Griffin, #85791 between the years of 1995 to 2001, and 2008 to 2010, the Executive Director of the department of Correction were under Obligation to accommodate Mr. Eldridge Griffin, #85791 vision disability under ADA. Forthermore, were obligated under the Rehabilitation Act, and under the Correction Education Program Act of 1990, an state Act, under the ~~████~~ Current scheme of the defendant(s), denial of specific responsibility, has effect, been an continual discrimination

(9)

against Mr. Eldridge Griffin, # 85791 —- where upon the defendant(s), deliberate continual Avoidance either by excuse or explanation under an regulatory Scheme as the defend- ant(s), Shirk Their Duty and responsability under federal and State Law.

WHEREFORE, Plaintiff/Claimant, humbly implore this Court of the United States District Court for the United States, RELIEF AND REMEDY.-

This MOTION was CONSCRIBED through the Cell-Vents of 308-and-307-by Offcer TONI Pritchett # 102073, on behalf of Your Plaintiff/Claimant, Eldridge L. Griffin, because he can not read, spell or write for himself, and the defendant(s) in this claim do NOT give the Plaintiff/Claimant, any ADA needed accommodations for the reading and spelling, and writing, of his legal mail from the Court or the writing of documents he needs to send to the Court, in the hole are in Population.

Respectfully Submitted this 16th day of September 2012.

Eldridge Lee Griffin #85791
Sterling Correctional Facility
P.O. BOX-6000
Sterling, Colorado 80751-6000

## CERTIFICATE OF MAILING

I hereby Certify that I have mailed this foregoing Plaintiff/Claimants objection to Final Order of Special Master issued On MAY 7th 2012. Pursuant to FRCP 53 (g) (2) to the following on this 16th day of September 2012.


OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, COlorado 80241-3589


Ms Beth McCann
Office of the Attorney General
1575 Sherman Street, 5th Floor
Denver, CO 80203


Eldridge Lee Griffin

Eldridge L. Griffin #85791

(EXHIBIT-A)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,

      Plaintiffs,

    -vs.-

JOHN HICKENLOOPER, et al.,

      Defendants.

_____

Claim Number: 03-479
Category III
Claimant: Eldridge Griffin, #85791
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

### AMENDED ORDER OF SPECIAL MASTER

_____

      THIS MATTER comes before the Special Master on Claimant's Objection to the Final Order of the Special Master. The Special Master cannot tell if the original was sent to the Clerk's Office. The Special Master will forward the objection to the clerk's office.

      IT IS HEREBY ORDERED that Claimant's Objection to the Final Order of the Special Master will be forwarded to the clerk's office.

      SIGNED this 6th day of August, 2012.

                          BY THE COURT:

                          Richard M. Borchers
                          Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this day of August, 2012 to the following:

Mr. Eldridge Griffin
#85791
SCF
P.O. Box 6000
Sterling, CO 80751

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Beth McCann
Mr. James Quinn
Ms. Jacquelynn Rich Fredericks
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

(EXHIBIT B)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,

             Plaintiffs,

      -vs.-

JOHN HICKENLOOPER, et al.,

             Defendants.

_____

Claim Number: 03-479
Category III
Claimant: Eldridge Griffin, #85791
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF SPECIAL MASTER

_____

THIS MATTER comes before the Special Master on Claimant's Motion for Extension of
Time. Claimant is asking for additional time in which to file an objection to the Special Master's
final order which was issued on May 7, 2012.

The Special Master is aware that Claimant has filed a separate lawsuit. He has been given
time to file an amended complaint in that separate case. **Claimant is advised that this order
pertains only to his claim in the Montez matter. Any request for an extension of time in the
separate lawsuit must be presented to Magistrate Judge Boland.**

IT IS HEREBY ORDERED that Claimant's Motion for Extension of Time in which to file
an objection to the Special Master's order is granted up to and including **September 17, 2012.**

SIGNED this 2nd day of July, 2012.

BY THE COURT:

_____
Richard M. Borchers
Special Master

*( EXHIBIT-B )*

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 2nd day of July, 2012 to the following:

Mr. Eldridge Griffin
#85791
SCF
P.O. Box 6000
Sterling, CO 80751

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Beth McCann
Mr. James Quinn
Ms. Jacquelynn Rich Fredericks
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

(EXHIBIT-C)

# STATE OF COLORADO



COLORADO DEPARTMENT OF CORRECTIONS

COLORADO TERRITORIAL CORRECTIONAL FACILITY
P. O. Box 1010
Cañon City, Colorado 81215-1010
Phone (719) 275-4181
FAX (719) 269-4115

Bill Owens
Governor

John W. Suthers
Executive Director

## MEMORANDUM

**DATE:**   August 3, 2000 ← Befor

**TO:**   Case Manager Rick LaLonde
Cell House Seven

**FROM:**   Elizabeth Nichols, M.A., Lead Teacher   x3162
Colorado Territorial Correctional Facility Academic Center
Box 1010
Cañon City, CO 81215-1010

**SUBJECT:**   Inmate Eldridge Griffin # 85791

I have evaluated out **Mr. Griffin from Adult Basic Education per our conversation on the phone today. He has reached an educational and emotional plateau in school at this time. He has a handicapping condition which makes learning difficult for him.**

Mr. Griffin came to us from CSP and Limon with information about his several specific learning disabilities. At a previous facility he was given colored gel to help him read written work and we were able to get the gel (peach over purple) to use here. He struggled with his lessons but never stopped trying to improve in class.

In DRDC he was not tested due to his disabilities. At CTCF he tested 2.7 reading, 4.3 total math, 0.0 language and 1.7 spelling. on the TABE test. While in ABE he worked on spelling, reading, and language and found that he could read comfortably on the computer with some modification. Dark screens with light writing were easier for him to work on.

He was identified as needing the SRA Decoding Program and was slated to start the B-1 group at lesson one when that group restarted. He worked in Target Spelling, Reading Power and Language Exercises for Adults level B using colored gel and was seated in an area of least distraction. He initiated his own program of spelling using the words he missed on the Invest computer lessons to try and improve his writing. He was becoming frustrated when his efforts were not resulting in the improvements he had hoped.

At CSP he earned level one and two janitorial certificates and plans to work in that field with his wife's family upon release. He is detail oriented and enjoys physical labor. We were able to get him a job at this facility which will utilize these skills when he reached a plateau in his academic work.

( EXHIBIT - D)

Confirmation was received from Columbus, Ohio that Mr. Griffin had been in Special Education. There was psychological test information included in this letter, but no other information.

There is a diagnosis of Scoptopic Sensitivity Syndrome. 

The scores on the WMS-R are significantly below those to be expected.

The testing gathered indicates that Mr. Griffin is a man of below average intelligence, with stronger skills in the Performance area. There is not a significant discrepancy between the overall scales. Mr. Griffin is noted to have visual perception concerns that can interfere with his learning and test taking ability. Mr. Griffins' testing showed significant memory problems. Hiss area of strength was in visual memory, (it is important to note that he was not using any visual modifications during the testing). Long term memory scores and General memory scores did not make the chart. He became frustrated with the idea that the information was being repeated so many times and he could not remember it. He was unable to follow along or stay focused on auditory tasks. He used some tactile cues to assist him.

Recommendations:

1. All tasks should be broken into small parts and a chaining sequence. Repitition is important for his learning, but frustration levels should be monitored.

2. It is important that Mr. Griffin experiment with and try to find a memory strategy that he is comfortable in using. He will require instruction in the strategy.

3. It is important that Mr. Griffin utilize the overlays that were made available to him for his visual perception concerns.

4. Mr. Griffin should utilize memory support systems, such as reminder notes, calendars, etc.

5. It is important that Mr. Griffin be taught with a multi-sensory approach in order to maximize his sensory input.

Identified  Disabling Condition (rationale):_____Learning Disabled:  Based on Visual Perception

and Memory concerns

Service Description:    Consultive/Collaborative/Resource Room as needed

PERMISSION  ✓IS   __IS NOT     GRANTED FOR SERVICES.

_Eldridge Griffin_  _95791_  _12-20-96_  ← *Befor*
Signature                    DOC#                    Date

_Teresa B Reynolds_  _Legal Assistant_  _12/20/96_ ←
Witness to Signature         Position              Date
_Notary Public_

(EXHIBIT E)

DC Form 78 (2/93)

WHITE – Medical
CANARY – Phar
PINK – Data Co

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin Eldridge | 85791 | CSPC8 |

**SUBJECTIVE:** Inmate Griffin asked if we would let mental health (he says he is illiterate) know

DATE: 8/23/99   TIME: 1900

PROBLEM 1 2   ← before

PLAN / ORDERS
Yellow Copy to mental health

**OBJECTIVE:** Temp. ___ Pulse ___ Resp. ___ B/P ___

that the benadryl he is taking is not helping him sleep, in fact he stated that it makes him "jittery" and keeps him awake. Will refer to mental health. See entry 8-16-99.

SIGNATURE NURSE: M. Sands___

P.E.

**ASSESSMENT:** R. Martinez RN referred this issue to mental health.

PHYSICIAN:
Rx NO.

---

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, Eldridge | 8_____85791 | |

**SUBJECTIVE:**
Inmate Griffin requested I complete a kite for him to mental health (he is illiterate).

DATE: 08/16/99   TIME:

PROBLEM 1 2   ←

PLAN / ORDERS
Copy to

**OBJECTIVE:** Temp. ___ Pulse ___ Resp. ___ B/P ___

States med that Benadryl for sleep is not working. Has been compliant since ordered by mental health. Copies of ambulatory to mental health along

**ASSESSMENT:** with kite.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

31201

( EXHIBIT-E )

2-of-7

DC Form 78 (2/93) / Old. No. 2

WHITE = Medical Record
CANARY = Pharmacy
PINK = Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, Eldridge | 85791 | CSP C8-12 |

SUBJECTIVE:

DATE 8/30/99   TIME 1930

PROBLEM

Mr. Griffin gave me a piece of his lens from his glasses on M.L. He states the lens fell out into the floor & broke. He had a sm. piece missing

OBJECTIVE: Temp. ___ Pulse ___ Resp. ___ B/P ___

from the bottom of @ lens. Pod staff was informed of this. He also gave me a kit to this effect. Will refer to RN Penkoff. —MDR

Error. Wrong I/M M Dobelman, RN

PLAN / ORDERS

Informational

SIGNATURE:
NURSE: M Dobelman RN

P.E.:

ASSESSMENT:

PHYSICIAN:
Rx NO.

---

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, Eldridge | 85791 | CSP C8-12 |

SUBJECTIVE.

DATE 8 30 99   TIME 1220

PROBLEM 1 2

I/m asked this nurse to fill out kite requesting new meds for headaches. I/m states

OBJECTIVE: Temp. ___ Pulse ___ Resp. ___ B/P ___

headaches "come on and last all day. The motrin I'm taking just doesn't work." Kite submitted. I/m claims to be illiterate.

PLAN / ORDERS

SIGNATURE:
NURSE: J Cain LPN

P.E.:

ASSESSMENT:

PHYSICIAN:
Rx NO.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

(EXHIBIT E)

3-of 7

DC Form 78 (2/93) / Old. No. 2
WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|

SUBJECTIVE:

| DATE | TIME |
|---|---|

PROBLEM  1  2
PLAN / ORDERS

OBJECTIVE:   Temp. _____   Pulse _____   Resp. _____   B/P ___/___

SIGNATURE:
NURSE:

ASSESSMENT:

P.E.:

PHYSICIAN:
Rx NO.

---

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
|  | Griffin E | 85791 | CSP |

SUBJECTIVE:

See previous entry —
I spoke with Case manager
T. Robby — He is aware of inmates

DATE: 7/29/99   TIME: 10³⁰

PROBLEM  1  2
PLAN / ORDERS

Information/

OBJECTIVE:   Temp. _____   Pulse _____   Resp. _____   B/P ___/___

needs regarding reading + writing
Case manager supervision is
working with this — also inmate
has been referred to educational
services to determine educational
needs.

SIGNATURE:
NURSE: Oncken

ASSESSMENT:

P.E.:

PHYSICIAN:
Rx NO.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

(EXHIBIT-E)

4-067

DC Form 78 (2/93) / Old. No. 2

WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| C.S.V | Griffin, Eldridge | 85291 | CSP C8-12 |

**SUBJECTIVE:** Sends letters to the attention
of warden attempt "can't wonder
Goulee stating he has a neurological
disability and is unable to read
the letters that are being sent
to him.

**OBJECTIVE:** Temp.___ Pulse___ Resp.___ B/P___
I/M informing me that he has
reading level is 5+ grade
or below. all letters are
written by one of the CO's
he asked one of the
I asked him to read one of the
letters to me + he was unable to
do so.
I saw a letter from Geoffry D.
Hogg, Special Population
Coordinator that that IN male
has Scotopic Sensitivity Syndrome
which is a perceptual and
visual processing learning
disability.

**ASSESSMENT:**

**DATE** 7-23-99   **TIME** 1300

**PROBLEM 1**

**PLAN / ORDERS**

Copy to Lynn Erickson

SIGNATURE NURSE: _____
P.E.: _____
PHYSICIAN: _____
Rx NO.

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, Eldridge | 85291 | CSP C8-12 |

**SUBJECTIVE:** MC Mr. Griffin told me while in M.L. that
he had not seen MH yet. CR shows entry
by RN on 7/11/99 referral to MH. Said he was

**OBJECTIVE:** Temp.___ Pulse___ Resp.___ B/P___
having trouble dealing c some issues going on i.e.
death in family c other here c CSP. Says he
has trouble reading c writing c that is why he has
not put in kite. Advised a note would be left
for MH. — MDohl

**ASSESSMENT:**

**DATE** 7/22/99   **TIME** 1900

**PROBLEM 1 2**

**PLAN / ORDERS**

Refer to MH. Yellow copy
to Dr. Stores.

SIGNATURE NURSE: M Dohlman RN
P.E.: _____
PHYSICIAN: _____
Rx NO.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

( EXHIBIT E )

5-OF-7

DC Form 78 (2/93) / Old. No. 2635

WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME Griffin Eldridge | INMATE NO. 85791 | LIVING UNIT C8-12 CSP |
|---|---|---|---|

SUBJECTIVE: 

I Have a Bump on the Back of my Neck at my Hair Line

DATE 5/6/99     TIME 830

PROBLEM 1
PLAN / ORDERS

Informational to Refer Bump on Neck to Be Seen By PA-

OBJECTIVE: Temp____ Pulse____ Resp____ B/P____/____

Unable to Write to turn in Kite. Officers Do Not Relay Info on Kites well

SIGNATURE:
NURSE:

P.E.:

ASSESSMENT: Does Have a Bump on Neck on Left Near Hair Line will Refer to PA-

PHYSICIAN:
Rx NO.

| PRICARE CODE NO. | NAME Griffin Eldridge | INMATE NO. 85791 | LIVING UNIT CSP C8-12 |
|---|---|---|---|

SUBJECTIVE:

Concerned about his Kidneys. Mother just fee lout with Her Kidneys Now her Auntie has problem. He is concerned because He is Having pains

DATE 4-20-99     TIME 800pm

PROBLEM 1 2
PLAN / ORDERS

Informational

OBJECTIVE: Temp____ Pulse____ Resp____ B/P____/____

Has officers write Kites for him so written as Back pains Mondays. Not As concerned about Back Pain As Something Being wrong with His Kidneys

SIGNATURE:
NURSE:

P.E.:

ASSESSMENT: Has Motion For Pains that He Has Been taking, Just concerned about Kidney's

PHYSICIAN:
Rx NO.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

(EXHIBIT E)

6-of-7

DC Form 78 (2/93) / Old. No. 263
WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin Eldridge | 85791 | CSPDT-17 |

**SUBJECTIVE:**

Fiorinal tabs "ii" Expired 10/20/99
Asked for Headache meds LAst Night

**DATE** 10-27-99  **TIME** 12³⁰

PROBLEM 1 2

**OBJECTIVE:** Temp. _____ Pulse _____ Resp. _____ B/P _____

Only took the medication when He Had A Headache. Called to medical whenever He Needed medication.

**PLAN / ORDERS**

✓ Fiorinal tabs ⁻ⁱⁱ
Po Bid PRN Headaches
X 30/qsp

SIGNATURE:
NURSE: _____
P.E.: _____
PHYSICIAN: Dr Gul
Rx NO.

**ASSESSMENT:** Need for Headache Medication Renewal. Will Refer to PA for Renewal of Fiorinal

---

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, E. | 85971 | CSP C2-12 |

**SUBJECTIVE:**

CSV re CC HTN ↑ HA's. BP's ≥116/63
c/s chronic daily frontal HA's. Frontal HA's.
pt not sure if Verapamil helps or not. Numerous drug tried in past including s[?]t, midrin → ∅ help, will Δ to Fiorinal prn - continue if significant help.
Tagamet → break thru dyspepsia will Δ to Zantac.
Pt to "Rites" prn - NOTE pt is illiterate & Dr. N. can't spell
HA's - doubt migraine...

**DATE** 9-20-99  **TIME** Am

PROBLEM 1 2

**OBJECTIVE:** Temp. _____ Pulse _____ Resp. _____ B/P _____

**PLAN / ORDERS**
⑤ Next CC = CSV ≈ 6 mos.
⑥ Pt states, "I cannot read or write" - ladd chart appropriately + inform Pod staff to assist [with] "Rites" prn.
② Fiorinal ⁴⁴ bid X 30 d
③ DC midrin when Fiorinal in
④ Inform pt "No fiorinal in cell ⑤ Zantac 150 bid X 3 mos ⑥ DC Tagamet when Zantac in.

SIGNATURE:
NURSE:
P.E.:
PHYSICIAN:
Rx NO.

**ASSESSMENT:**

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

(EXHIBITE)

7 of 7

DC Form 78 (2/93) / Old. No. 2635

WHITE – Medical Record
CANARY – Pharmacy
PINK – Data Collection

## COLORADO DEPARTMENT OF CORRECTIONS / AMBULATORY HEALTH RECORD

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin, Eldridge | 85791 | FCF |

SUBJECTIVE:

H/A since 1200, last cafergot at 4:30 p.m.

DATE 9-11-97   TIME 1815

OBJECTIVE: Temp. 97⁴  Pulse 56  Resp. 20  B/P 154/110

emesis x2, c/o'o dizziness #/A behind eyes, photosensitivity

Appears uncomfortable, does not appear to be right-0

B/P 138/100, Catapress given at 1900
B/P 134/86 @1925, still c/o'o H/A
B/P 134/94 @ 2000, ↑ table rating status he feels much better,

ASSESSMENT:

·2025 - returned to CH in NAD —

PROBLEM 1 2

PLAN / ORDERS

1) Catapress .2 mg PO
   ~~AGU~~ error per R.H.

1) Compazine 10mg IM now
2) then check B/P 10-15 then
3) Catapress .1 mg PO if
   B/P elevated

SIGNATURE:
NURSE: T.O. Roy Havens PA-C/
   L. Gardiner
P.E.:
PHYSICIAN: Linda Gardiner 9-11-97 2030
Rx NO.    [signature] m

---

| PRICARE CODE NO. | NAME | INMATE NO. | LIVING UNIT |
|---|---|---|---|
| | Griffin Eldridge | 85791 | FCF |

SUBJECTIVE:

In for followup of "Migraines"-
3 wk last week - may have
had on arising occ nausea -
t help c Cafergot - Midrin no help

OBJECTIVE: Temp. 97  Pulse 88  Resp. 20  B/P
WT 246 - NKA - Rx Cafergot
   Rx Calan SR 180 mg
   Cafergot

Pt relates hx of head injury x
2 as child

on discussion - no aura c HA, no
head visual dim c HA
Exam ⊕ TM cloudy
   ⊗ TM WNL
   Fundi WNL, PERRLA EOM
ASSESSMENT: No criteria for CT Scan @
   this time
Migraines by Hx

DATE 9/9/97   TIME 0940

PROBLEM 1 2

PLAN / ORDERS

1) Continue Cafergot
   as directed ✓

2) RTC 1 MO for
   FM - may
   consider Beta Blocker
   @ that time

SIGNATURE:
NURSE: [signature]
P.E.: N. Welsh NP
PHYSICIAN: [signature] m
Rx NO.

ALWAYS BEGIN AT BOTTOM WORKING TO THE TOP OF THE SHEET.

(Exhibit—F)

## REQUEST APPROVED/DENIED REPORT

**Date :** 12/12/2011

**Offender :** GRIFFIN, ELDRIDGE L

**DOC # :** 85791

**RFA # :** 126

| REQUEST | DECISION | REASON | END DATE |
|---|---|---|---|
| Colored overlays | APPROVE | | PERMANENT |
| OCA II Part time OCA II for assistance with reading and writing only; scheduling at the discretion of the OCA supervisor and facility ADA coordinator. | APPROVE | | PERMANENT |
| Talking Books Player, Media, & Case Application available in the general library | APPROVE | | PERMANENT |

**If you disagree with this finding you may grieve this decision pursuant to the guidelines in AR 850-04.**

**If your request has been approved, this document serves as your notice of approved accomodations.**

**If you need an accommodation extended beyond the listed end date you must contact your facility ADA Coordinator.**



# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**
Correctional Education Programs
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719)226-4417
Fax: (719)226-4424



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

TO:  Dr. Paula Frantz, Chief Medical Officer

FROM:  Richard Bailey, Director of Special Education

SUBJECT:  Offender Eldridge Griffin #85791

RECEIVED

DATE: 10/19/2009

NOV 0 9 2009

Office of Correctional
Legal Services

NUMBER OF PAGES: 1

FAX NUMBER: 719-226-4424

Dr. Frantz,

In reviewing the learning disability assessment done on offender Griffin #85791 by Valorie Young, Licensed School Psychologist, he does not qualify for a learning disability. However, upon completion of the assessment, it was verified that Mr. Griffin received assistance from a Developmental Disabilities Services agency in the past, indicating a previous diagnosis of mental retardation. With that diagnosis, offender Griffin does qualify for services under the Americans with Disabilities Act (ADA) and will need identified support.

Accommodations for a diagnosis of mental retardation include modified instruction, individual assistance from a para-pro, more examples and demonstrations, extended time to complete tasks, and repetitive instruction and practice.

Offender Griffin's diagnosis warrants the need for ADA services and those services should begin as soon as possible.

Richard Bailey
Director of Special Education



Eldridge Griffin #85791- DOCLL

*(EXHIBIT-H)*

**ORIGINAL**

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et. al.

Plaintiff,

v. *BILL RITTER et al.*
*JOHN HICKENLOOPER, et al.*,

Defendant.

Claim Number: 03-479
Category III
Claimant: Eldridge Griffin, #85791
Address of Claimant: SCF, P. O. Box 6000, Sterling CO 80751-0600

---

## PLAINTIFF / CLAIMANT'S CLOSING ARGUMENT

---

**THIS MATTER** comes before the Special Masters on Claimant's own motion asking the Special Master to accept this motion and all attachments and exhibits as his closing arguments. The Claimant asks the Honorable Special Master for the following:

1)      In 1995, the Claimant arrived in the Colorado Department of Corrections (C.D.O.C.) at the Denver Receiving and Diagnostic Center (D.R.D.C). Once the Claimant was diagnostically tested as to educational level, it was acknowledged that the Claimant is illiterate; cannot read, write, or spell English. Claimant was then processed and sent to the Fremont Correctional Facility where he was then placed into Adult Basic Education (A. B. E.). There, the teacher found it nearly impossible to teach or educate the Claimant as a consequence of his substantial disability. The Claimant imputed to the teacher that he could not see the letters/numbers/figures which she was attempting to show him. Claimant also made known that he had been in Special Education Classes during the course of his entire school-aged life. And at said Special Ed. classes/schooling, Claimant tested positive for a neurological visual disability known as Erlen Syndrome, also known as Scotopic Sensitivity Syndrome.

*(D. CAUSE OF ACTION)*

Eldridge Griffin #85791- DOCLL

2)    Between approximately 1996 and 1999, the C.D.O.C. allowed qualified diagnostic
practitioners to come into Dept. of Corrections and test the Claimant and other inmates for
Scotopic Sensitivity Syndrome. At the conclusion of said testing, the Claimant was once again
proven to have Scotopic Sensitivity Syndrome and was given peach and purple-colored overlay
transparencies for the aid of said condition. Said transparent overlays allow the Claimant to see
written letters, numbers, and figures on paper by placing the overlay on top of the page to aid in
visual contrast and filtration of light so he can better discern its contents. Use of said overlays
seemed to work well for the Claimant, enabling better sight onto the page, which subsequently
lends profoundly better for becoming literate.

3)    Although the overlays work well for seeing the page, they are of no consequence when
the need for writing onto the page is needed, because the overlay must be removed in order to
write upon the page. Once the overlay is removed, the Claimant can no longer see the page
properly in order to write upon it.

4)    Once the above mentioned A.B.E. teacher discovered the issue mentioned above in
paragraph 3, s/he attempted to get the Claimant approved for eyeglasses that were available for
Scotopic Sensitivity Syndrome, but was then denied said request by the C.D.O.C. headquarters.
And was simply released from education stating that the Claimant had reached his highest
potential of learning. This determination was made without giving the Claimant the glasses that
were available for Scotopic Sensitivity Syndrome and making this uneducated decision was a
major contributor to the Claimant being released from the C.D.O.C. and not being successful
because C.D.O.C. failed to give the Claimant an education before he was discharged, which is, a
violation of their C.R.S. and C.D.O.C. AR mandate that inmates without GEDs will get GEDs
before moving onto other assignments. As of, March 29, 2012, the Claimant still has not been
placed in educational program and he has been back in the C.D.O.C. since November 2011. And
the Claimant has repeatedly begged, requested and demanded to be placed in education so that he
could try and better educate himself before being released in the 4th month of 2013 which he has
been denied. He asked the special needs teacher for Sterling Correctional Facility, Ms. Ring, and
she said that the C.D.O.C. corporate office denied Ms. Ring from putting the Claimant into
education.

5)    In 2008, the Claimant returned to D.R.D.C. where the Claimant had made it known that
he suffered from a visual disability that had permitted him from learning to read and write and
that he could not see letters and numbers. Due to the Claimant being denied his chronic care
blood pressure medication, due to the position being overloaded with offenders to be assessed, it
caused the Claimant to go several days without his blood pressure medication. Everyday the
Claimant was pushing the medical alert button in the cell alerting staff that his blood pressure
was high and that he needed to see medical staff and was denied being told he has to wait until
his name came up to see the physician. Because of this the Claimant passed out in his cell due to
his blood pressure being severely high. Once the staff did a room count of the unit they realized
that the Claimant was on the floor of his cell in dyer distress, they then called a First Responders

Alert and transported the Claimant to medical by wheelchair. Once the Claimant was in medical his blood pressure was finally checked and the medical staff then realized that the Claimant's blood pressure was at dangerously high levels; approx.130/180. By the Claimants blood pressure being so high due to being denied his medication, he was now suffering from a severe migraine-headache that was inducing his blood pressure to go higher due to the pain he was experiencing. In order to try and lower the Claimant's blood pressure, medical staff attempted to stop the migraine by giving the Claimant a pill called Cafergot and numerous shots of a liquid that supposed to stop migraine-headaches. They were giving the Claimant a Cafergot pill every 20 minutes and a shot every 20 minutes and overdosed the Claimant on these medications. In result made the Claimant's heart beat drop all the way down to 39 b.p.m. which put the Claimant's life at risk. This was also made known to the Claimant that his life was at risk because they told him that they had to send him by ambulance to Denver General Hospital Emergency Room.

6)     In 2008, the Claimant returned to the C.D.O.C. and was sent to Fremont Correctional Facility which the powers that be at that facility decided they could not accommodate the Claimants A.D.A. alert and transferred the Claimant to Territorial Correctional Facility. Once at Territorial Correctional Facility, the Claimant was given an O.C.A. To assist him which general KITEs, any personal letters, but was instructed not to read or write any of the Claimants legal mail and was told that he could not go to the law library to assist the Claimant. So the Claimant went to his case manager, Ari Bell, and the Claimant told his case manager that he was unable to utilize the law library because of his reading and writing disability. The Claimant explained to his case manager that he had civil matters that he was trying to pursue and that without an accommodation being given for the Claimant in the law library would be a violation of the Claimants due process rights and without the accommodation for the reading and writing in the law library would be the same as denying the Claimant access to the courts.

7)     December 2, 2009 the Claimant was released from the Department of Corrections onto mandatory parole of three years. Now according to D.O.C. Policy any accommodation awarded to an offender in the D.O.C. Shall follow him out on parole, this did not happen. When the Claimant reached parole he was not given any of the accommodations for his disability even though the parole supervisors were made aware of the disability the Claimant struggles with and was told that he would need assistance with any reading or writing, etc. Because these accommodations were not given was a direct fault of the Claimant not being successful on parole. He was demanded to find a job even though they knew he could not or fill out the application for himself. The Claimant asks his parole officer, Allison Sweeney Hoover, if she would assist the Claimant in filing out applications and would show him how to find his way around she told the Claimant that this was not her job and that she would have to find someone to help him the same way they tell the Claimant in the D.O.C. That he has to find someone to help him with his legal work even though the Claimant has an A.D.A. Order that reads he is to receive an appropriate accommodation with all reading and writing. This responsibility falls on the Defendants, rather it is the Defendants for the D.O.C. or the Defendants that are responsible for the D.O.C. Offenders that are on parole for these two have different titles, but are still one whole entity.

(EXHIBIT-H)

8)      February of 2010 the Claimant was sent back to the D.O.C. for violating a stipulation of his parole by signing into a contract without the authorization of his parole officer. The contract the Claimant signed was a marriage contract, this was a stipulation that the parole officer never read to the Claimant. The Claimant did not know this stipulation because his parole officer did not read the stipulations and rules in detail to the Claimant. The parole officer would give the shorthand version of what the contract read by saying "this part of the contract basically says..." And then she would say "sign here." When the Claimant told his parole officer he could not read this for himself and asked if she would read it in detail to him she said no and that the Claimant had to find someone to read it to him, so when the Claimant violated this part of his parole he had no idea that this was even a stipulation of his parole.

9)      Once back in the D.O.C. the Claimant again tried to get the glasses that are available for Scotopic Sensitivity Syndrome so he could attend education classes and once again he was denied the glasses and was denied education and was sent to work in the kitchen and was given a light duty porter job. These rejections from the D.O.C. A.I.C. office set the Claimant up for failure anytime he was released onto parole. He came in 1995 to the D.O.C. Uneducated, unable to read and write and they allowed the Claimant to do a total of 6 years of an 8 year sentence without giving the Claimant any education. Anytime the Claimant returned to the D.O.C. they always deny him education.

10)     September 9, 2010 the Claimant was arrested for a violation of parole for moving without authorization because he was unable to live on his own like the parole officer ordered him to so he moved home with his wife. While in El Paso County jail, the D.O.C. was contacted by the county jail asking them about any accommodations that they needed to provide for the Claimant because the Claimant was still a client of the D.O.C. Even though he was on parole and now was being held in the county jail on a parole hold. They were told to allow someone to read and write for the Claimant, but not to let anyone help him with the reading and writing of his legal work. Now on August 9, 2011 the Claimant received glasses for Scotopic Sensitivity Syndrome from Amy Cosner at the C.D.O.C. Legal Services Office of A.I.C. These were the same glasses that the Claimant tried to get the D.O.C. to award him in 1999 when he was put out of education and was told that he had reached his highest potential, he also tried to receive these glasses in 2008, 2009, and 2010.

11)     The Claimant feels that for the D.O.C. to award him these glasses for Scotopic Sensitivity Syndrome and to grant the Claimant on O.C.A. II to assist the Claimant with reading and writing and to implement a verbal reading program into the law library computers so the computers will read case law to the Claimant, should show the court that the Defendants are admitting that these accommodations are necessary is an admittance from the Defendants that these are the accommodations that should have been given to the Claimant in 1995 through 2001 and then again in 2008 through 2011, this time would be even including parole. And this should also show the court that the Defendants were aware of this disability that the Claimant suffers from and by the Defendants not awarding these accomodations in 1995 denied the Claimant his due proccess rights when the Claimant was attemping to pursue an inactive assistance of council, a plea

(EXHIBIT-I)

# STATE OF COLORADO

DEPARTMENT OF CORRECTIONS

Sterling Correctional Facility
P. O. Box 6000
Sterling, CO 80751-6000
Phone: (970) 521-5010
Fax: (970) 521-8225



John Hickenlooper
Governor

**Legal Access Program**
**West Law Library**

Tom Clements
Executive Director

## LEGAL ACCESS RESPONSE

April 30, 2012

TO:   Mr. Griffin

DOC #: 85791                    HOUSING UNIT:

In response to the attached request, the following is provided:

Your request to make copies has been denied because the work on the computer is not complete. According to our policies only completed work may be printed.

It is suggested that you hand write a motion to the courts and ask for an extension of time on your case.

Hallie Beard
Legal Assistant I

cc: File

Beg 147190
End 147192

(EXHIBIT 05)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. 92-CV-870 JLK

JESSE MONTEZ, et al,

          Plaintiff's,

     -VS-

BILL RITTER, et al.

          Defendants.

Claim Number 03-479
Category III
Claimant: Eldridge Griffin # 85791
Address of Claimant: SCF P.O. Box 6000 Stirling, CO 85791

GRIFFIN'S 2ND AFFIDAVIT AND INCEDENT REPORT
OF
DEFENDANT'S CONTINUANCE OF RETALIATION AND HARASSMENT

          statement and testimoney of Eldridge Griffin

          Claim Number 03-479 Under 92-CV-870 JLK

               'ES   )

               ⁊0  )  ss.

                    )

                    c

               ' ffin, do hereby report to this Court,
               d
               counsel; the Attorney General's
                    'eleberate aggressive
                    ution to include direct
               .s Mr. Griffin as Plaintiff and
               ⊂ by the Defendants.

(EXHIBIT J)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 JLK

JESSE MONTEZ, et al,

      Plaintiff's,

   -VS-

BILL RITTER, et al.

     Defendants.

---

Claim Number 03-479
Category III
Claimant: Eldridge Griffin # 85791
Address of Claimant: SCF P.O. Box 6000 Stirling, CO 85791

---

GRIFFIN'S 2ND AFFIDAVIT AND INCEDENT REPORT
OF
DEFENDANT'S CONTINUANCE OF RETALIATION AND HARASSMENT

---

The Statement and testimoney of Eldridge Griffin
In Re: Claim Number 03-479 Under 92-CV-870 JLK

UNITED STATES    )

STATE OF COLORADO   )  SS.

COUNTY OF LOGAN   )


    I Eldridge Griffin, do hereby report to this Court,
and the Defendant's Counsel; the Attorney General's
Office. The continued deleberate aggressive
harassment and retaliation to include direct
discrimination towards Mr. Griffin as Plaintiff and
Claimant, as so done by the Defendant's.

Wherein this report as followed, Mr. Griffin Continuously pray for his relief entitelment for damages and injuries Caused by the Defendants as named in the Original Complaint, and as so named within this affidavit and Incident Report. Therefor, the following Statement and testimoney Shall be received as evidence in Support of the Claims as found in the prisoner's Complaint now on file in the Corts record, and, as stated as followed:

I Eldridge Griffin, as an pro-se' Litigant, who is currently Self representing his Cause of action do hereby state under Oath, and under the penalty of Purjury that all statements and testimoney given and foond within this Affidavit and Incident Report are true to the best of my knowledge and did happen as stated.

Here in after Mr. Eldridge Griffin Shall be referred to as your affiant or Plaintiff, and further affirm to the following Statement and testimony, as evidence to include potintial witnesses and evidence for foture amendments to the Complaint now filed with this Court.

On January 12 2012 durring a scheduled appointment with Mrs. Marteena L. Ring, an SCF Special Population Coordinator. For the purpose, of a (2) Two hour TABE testing evaluation in the LU3 class room to be done on Wednesday, January 11, 2012 at 7:30 A.M.

Upon, your affiant starting, the timed test, approximatly twenty minute into the testing period, where it was interupted by an outburst, done by Sgt Buckner as of who used his key, and barged in and interupted your affiants testing as well as two other's testing for TABE. Sgt Buckner then upon entering the Class room proceeded towards Mrs Ring where he started to question Mrs Ring in an unprofessional manner, as he stated the following "Is he Mr. Griffin doing a test without his OCA?" Mrs Ring replies: "Yes I want to see at what level he is at now, that, he has his glasses for his disability!" While, Mrs Ring was explaining to Sgt Buckner,-- he then walked over to where your affiant was sitting, he took the test and slid the test so he could read it! Upon doing so, he turned back towards Mrs Ring and gave her a verbal command by saying "once he is done with this test --- I want you to take every thing from him, and, give It to me so I can make copies of all documents and Put it in a file".

and further Stated "Because Mr. Griffin is not supose to do any testing without his OCA"

Your affiant observed, following the above as stated, where after Mrs. Ring responded by Saying "I did not agree with this rude interuption" by Sgt Bockner, Mrs Ring then asked Sgt Bockner "Can I ask why you are doing this?" Sgt Bockner, then ask her to "step outside" the class room.

In the interum your affiant became Confused as to why the sgt was So concerned about him taking A TABE TEST... your affiant became afraid and tore up the test... upon doing so, Sgt Bockner was getting Loud out side the class room. Where at he was talking to Mrs Ring. Where again he was mad because your affiant tore up the test. Sgt Bockner Stated "See he is tarring up the test"! where the two of them Stood Arguing for about ten to fifteen minute,

Afterwards, Mrs Ring Came back in Side the Class room without Sgt Bockner. Mrs Ring appeard to be upset as She stated to your affiant---"Do not Let the immaturity and ignorance of one person, stop you from trying to better your Self".

She further Stated, that, "What Sgt Buckner done was uncalled for; and, was out of Line --- for doing so!" She then Said that She would note the incedent of what Sgt Buckner had done --- Because She recongnized the incident as a direct Attack on me your Atliant.

- Done this ———— day of ———— 2012

_Eldridge Griffin_
Eldridge Griffin prose
your Atliant

Subscribed and Sworn to before me on this ——— day of ———— 2012

My Commission expires ————————

————————
NOTARY Public

## Certificate of Mailing

I hereby certify that I have mailed a copy of this Affidavit and report this _____ day of _____ 2012 to the addresse below

Judge Richard M Borcher
7828 Vance Drive Suit 104
Arvada, CO 80003

King & Greison LPP
1670 York Street
Denver, CO 80206

Office of the Attorney General
1525 Sherman Street, 5th Flor
 Denver CO 80203

(EXHIBIT K)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 JLK

JESSE MONTEZ et al

        Plaintiffs,

    vs

BILL RITTER et al.

        Defendants.

_____

Claim Number 03-479
Category III
Claimant: ELdridge Griffin # 85791
Address of Claimant: SCF P.O. Box 6000 Sterling CO 80751

_____

Claimant's Response to the Order of Special Master
    Signed on December 19, 2011, and,

Formal Request Directing Defendant's Counsel; The
Attorney General Office to Gather up all Records
for Veiw unto one Place to be Located at
    Sterling Correctional Facility

_____

TO: The Counsel for the Defendants
    Ms. Beth McCann
    Mr. James Quinn
    Ms Jacquelynn Rich Fredricks
    Office of Attorney General


    Claimant's response to the order of Special Master
dated and signed on December 19, 2011 where at in
That order; the defendants are ordered, that, the
Claimant is to be given the opportunity to reveiw
his medical and educational records before the
hearing on January 30, 2012. Thereupon, Claimant

1 of 4

is to be provided up to one hundred pages of copies without expense to him.

Unfortunately, When your Claimant attempts to access the medical and educational records as so ordered, he is met with hostility on behalf of the defendants, By the DOC employees at the Sterling Correctional Facility.

Whereat, the staff members have directly threatened your Claimant repeatedly in a retaliatory fashion. The following DOC employees: Sgt. Buckner, Lt. Higgins, and Lt. Hoffman, have Stated, that, If anyone assisted your Claimant as an Consequence, he would be punished personally; one of the staff members said "he was going to personally write me up and send me to the Hole where he knows that, I would'nt get any ADA accommodation".

Therefor, this is A direct request, Directed towards the Attorney General's Office as Consel for the defendants; to gather up all medical and educational records from the following DOC Facilities:
1. Fremont Correctional Facility
2. Territorial Correctional Facility
3. Sterling Correctional Facility
4. DRDC Denver Recept + Diag. Center
5. Colorado State Penitentiary

2 of 4

(EXHIBIFK)

and to furthermore Combine the records together for veiw at Sterling Correctional Facility, and, to do so in a Controled manner on the behalf of their Client, as the defendants Legal represenative in compliance with the order of the Special Master.

Hereafter, it is formally further requested, that, specific arrangements be made in advance by the defendants Counsel, to eliminate the number of Staff members none esential in the record handling process. Moreover, for the purpose of facilitating the record for veiw in an timely manner.

In addition, the Counsel for the defendants, shall instruct their Client accordingly not to engage in any form of retaliatory actions, Too include deliberate Segregation and facility moves. Moreover, to refrain from all forms of threats and harassment done by the DOC employees(listed) as aforementioned.

Because, the defendants have cercumvent the order, and did cause a vidation of such as ordered.

3 of 4

The defendants have caused further harm and hinderance of Judicial Pro--ceedings such a violate is offensive to the authority and dignity of the Court, and, offensive and highly Prejudicial towards the Claimant.

Bringing in to Question, the obstruction of the administrative of Judicial Proceedings, In addition to Question the Motive and intent of the defendant, whereat, Corrections officials are officers of the Court, Therefrom the defendants are not immune from Sanctions.

Claimant, Seeks from the Attorney General assurance, that, their Client will comply with the order of the Special Master, and will deliver up all medical and educational records in their possesion without further delay.

Done this JAN Day of __12__ 2012

Respectfully Submitted

_Eldridge Griffin_
Eldridge Griffin
Pro se"

4 of 4

(EXHIBIT-K)

## Certificate of Mailing

I hereby certify that I have mailed a copy of the foregoing motion on this ____ day of ____, 2012

Judge Richard M. Borcher
Special Master for
United District Court
Legal Resolution Center
7828 Vance Drive, Suite 108
Arvada, Colorado 60003

King & Greisen LPP
1670 York Street
Denver, CO 80206

Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, CO 80203

(*EXHIBIT-L*)

## REQUEST APPROVED/DENIED REPORT

**Date :** 03/01/2012

**Offender :** GRIFFIN, ELDRIDGE L

**DOC # :** 85791

**RFA # :** 250

| REQUEST | DECISION | REASON | END DATE |
|---------|----------|--------|----------|
| Assistance with reading | DENY | Unreasonable | |
| No demonstrated need for assigned legal assistance at this time. | | | |

**If you disagree with this finding you may grieve this decision pursuant to the guidelines in AR 850-04.**

**If your request has been approved, this document serves as your notice of approved accomodations.**

**If you need an accommodation extended beyond the listed end date you must contact your facility ADA Coordinator.**

DC Form 850-04A (07/15/11)

559

MAY 29 2012

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| Name: Griffin Eldridge | Doc #: 85791 |

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** ~~step 3~~

Mr. Griffin, has an A.D.A. accommodations with all reading and writing but this Facility will not give Mr. Griffin, an accommodation for the writing of his legal work, how can you give a accommodation for the reading of Griffins, legal work in the legal access program, and then denied him an accommodation with the writting of his legal work in the legal access program? how can you grant one and denie the other?. when Mr. Griffins, A.D.A., approved accommodations are for both reading and writting! Now the O.C.A., was told that he can't do any thing dealing with Griffins, legal work now that order only merely states that the O.C.A., Can't do the legal work, but you still have to state Who is to do the "writting" of the legal work, yes the program on the law library computers will read Griffins, legal work, and case law to him, but this program only makes the law librarys computers "read it" does not make the computers "write or spell", and there are computers programs available that will make the law library computers "read" and write and spell! The responsibility is not that accommodations in the law library, but with the writting of Griffins, legal document is Not that of anther inmate, but is the responsibility of this Facility leaders, to make sure that Griffins, can go in to the law library with his disability(sss) and function just like every other inmate on his own. this is what I want.

Date: 05-24-2012    Offender Signature: Eldridge Griffin

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: / SCF | Step (Circle one) (1) 2 3 |
|---|---|---|

Signature: C M R [signature]
Print Name and DOC Employee id #: Chad Meier 048   Date received: 5/25/12

Attachment "A"

Page 1 of 1

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 05/30/2012 | Grievance Coordinator & ID # | KEISEL, DONNA (9160) |
|---|---|---|

### RESPONSE

In researching your grievance, I have determined the following:

This is the third grievance in regards to your accommodations for reading and writing. You want someone to help you with your legal work. While you have accommodations for an OCA to help you with your social reading and writing.

Your OCA may help you with reading and writing of non-legal documents that may include administrative (e.g. reading policy and regulations) social (personal letter to/from family and friends) or as part of your daily living (e.g. grievances, canteen slips, kites) or required by program/job assignment.

As this is the third grievance in regards to this matter, I will caution you to stop filing frivolous grievance. Continued filing of grievances in regards to this matter, may result in limiting the number of grievances that you are allowed to file.

Grievance denied.

## TO BE COMPLETED BY RESPONDER

| Date 05/30/2012 | Responder Name & ID # SCOTT, BERNADETTE (2417) | Response Date 06/05/2012 |
|---|---|---|
| Disposition | Denied | |

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name GRIFFIN, ELDRIDGE | | DOCNO 85791 | Grievance # A-SF11/12-00022323-1 |
|---|---|---|---|
| Date: | Offender Signature : | | |

Original: Department file/AIC    Copies: Administrative Head, Offender

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Division of Clinical Services
2862 South Circle Drive
Colorado Springs, CO 80906-4195
Phone: (719) 579-9580
Fax: (719) 226-4755
Web: www.doc.state.co.us



Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

## MEMORANDUM

To:     Offender Griffin, #85791

From:   Joan M. Shoemaker
        Deputy Director of Prisons, Clinical Services

Date:   December 31, 2009

RE:     Step 2 grievance D-CT-09/10-191-2 and D-CT-09/10-192-2

On October 12, 2009, you filed two Step 1 grievances in which you requested an accommodation for your vision disability. On November 20, 2009, both your Step 1 grievances were denied and you filed this Step 2 grievance in which you requested again an accommodation for your vision disability.

Your Step 2 grievance is denied for the following reasons:

You claim that you suffer from a vision disability that was confirmed by doctors outside the correctional health care system. On July 10, 2008, you were screened for a vision disability and the results of that exam indicate that you have 20/20 vision which is normal acuity. This level of acuity does not qualify for an accommodation for the visually disabled. Therefore, your Step 2 grievance is denied.

**EXHIBIT**
G
03-479

(EXHIBIT "C")

DC Form 850-04A (07/15/11)

**Colorado Department of Corrections Offender Grievance Form**

APR 2 4 2012
222

| Offender Must Complete | |
|---|---|
| Name: Eldridge Griffin | Doc #: 85791 |

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:** A.D.A. accommodations ON 7-28-10 and ON 12-12-2011 Mr. Griffin #85791 was approved for A.D.A. accommodations that says, Mr. Griffin, is to receive appropriate accommodations with reading and writing, and a part time O.C.A II2, to assistance with reading and writing. Now Mr. Griffin, has been denied the accommodations for the reading and writing of his legal documents, and the assistance of his O.C.M, because of Mr. Griffin, being on a lay-in from medical, now an A.D.A. accommodation is not a "privilege", and can not be taken away just because Mr. Griffin, is on a medical - lay-in or in any kind of lock down: an A.D.A. accommodation should always be given. Mr. Griffin, is asking that you stop D.O.C. staff from taking his A.D.A. accommodations from him just because he is in lock-down. And that they be given to him as long as he is in the D.O.C. Because as you look you will see that on 12/12/2011 Mr. Griffin, A.D.A. accommodations were made "Permanent"!.. R.F.A.# 126.

| Date: 04/22/2012 | Offender Signature: *Eldridge Griffin* | |
|---|---|---|
| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: SIP | Step (Circle one) ① 2 3 |
| Signature: | | |
| Print Name and DOC Employee Id #: 1508 | Date received: 4-23-12 | |

Attachment "A"

Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 04/24/2012 | Grievance Coordinator & ID # | BENSON, VICKI (11918) |
|---|---|---|

**RESPONSE**

In researching your grievance, I have determined the following:

You claim that as an ADA/Montez claimant, you were given the accommodation of having an OCA read and write for you. However, your OCA refuses to do his assigned job task. As you cannot read and write, this refusal is hindering your legal process. You would like to have your OCA help you with all of your legal and social correspondence.

While you are a ADA/Montez claimant, you continually claim that due to your disability, you are unable to read and write. You do have an assigned OCA to help you with your daily living issues, with one of them being social reading and writing. OCA's are not trained to help offenders with their legal work.

You have also been assigned to GED/Academics to assist you in learning how to read and to write. While it may be slow going, it will assist you in the future. You also may ask other offenders to assist you with your legal work, as it is apparent that you already do this, as you filed several grievances to date.

Finally, as this issue has been addressed in grievance numbers: SF 11/12-00022323-1, SF 11/12-00020047-1 and SF 11/12-00011714-1. All three grievances were in regards to your OCA helping you with your reading and writing. All three grievances have been denied, but you continue to want someone to do your legal work.

As this issue has been reviewed three times, I cannot grant you anything in this matter. Also, you do have the option of requesting counsel to assist you with your legal matter. Please speak with the Law Librarian about this process.

Grievance Denied.

## TO BE COMPLETED BY RESPONDER

| Date 04/24/2012 | Responder Name & ID # | SCOTT, BERNADETTE (2417) | Response Date 06/05/2012 |
|---|---|---|---|

| Disposition | Denied | |
|---|---|---|

## TO BE COMPLETED BY OFFENDER

| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | | | | |
|---|---|---|---|---|
| If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. | | | | |
| Offender Name | GRIFFIN, ELDRIDGE | DOCNO | 85791 | Grievance # A-SF11/12-00020047-1 |
| Date: | Offender Signature : | | | |

Original: Department file/AIC                                    Copies: Administrative Head, Offender

(EXHIBIT P)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.,

            Plaintiffs,

    -vs.-

BILL RITTER, et al.,

            Defendants.

_____

Claim Number: 03-479
Category III
Claimant: Eldridge Griffin, #85791
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

### ORDER OF SPECIAL MASTER

_____

(1)   THIS MATTER comes before the Special Master on various documents submitted by Claimant. There appears to be some confusion that will need to be cleared up.

(2)   The Special Master has directed Defendants to allow Claimant to review his medical and educational records. He is to be provided with copies of up to 100 pages of those records without charge. Claimant is not entitled to a copy of all of his records. Claimant will have to choose which documents should be copied.

(3)   Claimant has requested a continuance of the hearing because he has not received copies of his records. This hearing was continued multiple times, in part, because of Claimant's incarceration in the El Paso County Detention Center on new charges. This hearing will not be continued again, as this is the last unadjudicated initial claim.

(4)   Claimant has provided an affidavit which raises allegations about DOC officials. These allegations may be raised at the hearing.

(5)   The information contained in the initial claim reflects that Claimant was in DOC custody from March, 1995 to June, 2001. Claimant has alleged that he returned to DOC custody in April, 2008. Claimant is reminded that he must establish that he was disabled, as defined by the ADA and Rehabilitation Act, on or before June, 2001. He must further establish that he was the victim of discrimination prohibited by the ADA on or before June, 2001. Unless he can establish these points,

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 16th day of January, 2012 to the following:

Mr. Eldridge Griffin
#85791
SCF
P.O. Box 6000
Sterling, CO 80751

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Ms. Beth McCann
Mr. James Quinn
Ms. Jacquelynn Rich Fredericks
Office of the Attorney General
Fifth Floor
1525 Sherman Street
Denver, CO 80203

there is no jurisdiction under the Remedial Plan to consider anything that occurred after Claimant returned to DOC custody in April, 2008.

IT IS HEREBY ORDERED that the previous orders of the Special Master shall remain in effect and will be complied with by all parties to this claim; and

IT IS FURTHER ORDERED that Claimant's motion for a continuance of the hearing on January 30, 2012 is denied.

SIGNED this 16th day of January, 2012.

BY THE COURT:

Richard M. Borchers
Special Master

Irlen Institute, Colored Lenses, Colored Overlays, Diagnosticians, Screeners          Page 1 of 1

| Home | Shop Our Store | About Us | News | Links | Q & A | Contact    Change background color to see how color can help you:

- What is the Irlen Method?
- Who We Help
- **Treatments**
  - Testing and Treatment
  - Colored Overlays
  - Colored Filters
  - What You Can Do
- Find an Irlen Testing Center
- Testimonials
- Research
- Training and Workshops
- Conferences
- Irlen International Newsletter
- View Sample Distortions
- Irlen YouTube Videos

**Take Our Self Tests**

**Purchase Irlen products**
Shop our online store for Irlen Overlays, books, and other Products >>

# Treatments

The cornerstone of the Irlen Method is its precision-tinted colored overlays and filters. We use advanced color spectrometer technology to ensure that our overlays and colored glasses meet strict standards of color balancing designed to produce the most effective color-correction tool.

- Testing and Treatment
- Colored Overlays
- Colored Filters
- What You Can Do

**Copyright © 1998 Perceptual Development Corp/Helen Irlen.  All rights reserved.**

My Account    Checkout    Track Orders    Sign Up for Newsletter    Privacy Policy    Disclaimer





http://www.hale.ndo.co.uk/scotopic/animations/text.html

(EXHIBIT- R)

© 2000 Aison Hale. All rights reserved.
www.hale.ndo.co.uk

(EXHIBIT R)

Robinson and Company (1988, unpublished) reported significant improvement in subjects using Irlen Lenses in attitude toward school, basic academic subjects, reading comprehension, reading accuracy, but not in rate of reading. Allie and Atwood (1987) evaluated the results of Irlen Lenses on 23 remedial high school students and a matched control group. Significant improvement for the experimental group was noted for time needed to locate words on a printed page, timed reading scores, length of time for sustained reading, and span of focus, as well as other perceptual tasks. Additionally, seven of the 23 experimental found employment, but none of the control group was employed by the end of the semester.

In contrast, Winters (1987) was unable to find differences in his study. Winters gave 15 elementary school children four minutes to locate and circle 68 examples of the letter "b" on three pages, each page of which contained 600 random letters in 20 lines of

**Figure 3.6.** The swirl effect.

(EXHIBIT-R)