IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

Claim Number: 03-276
Category: III
Claimant: Michael K. Tivis, #52378
Address of Claimant: SCF, PO Box 6000, Sterling, CO, 80751

### RESPONSE TO OBJECTION TO SPECIAL MASTER'S ORDER REGARDING MICHAEL K. TIVIS #52378

Defendants, by and through the Colorado Attorney General, respectfully submit the following Response to Objection to Special Master's Order Regarding Michael K. Tivis #52378 (Doc. 5312).

1. Plaintiff Michael K. Tivis is an incarcerated *pro se* damages claim litigant presently incarcerated at Sterling Correctional Facility (SCF) of the Colorado Department of Corrections (CDOC).

2. Originally, Plaintiff had a hearing May 3, 2007 at AVCF. In an Order dated May 16, 2007, the Special Master found Plaintiff mobility impaired and determined that Plaintiff was entitled to $180.00 in damages. Doc. 4876.

1

3. On June 15, 2012, Plaintiff wrote a letter to the Special Master. The Special Master treated Plaintiff's letter as a motion, and denied the same for lack of jurisdiction on June 20, 2012. Doc. 5287.

4. Class Counsel filed their Objection to this Order on September 5, 2012. In the Objection, Class Counsel alleges that the Special Master retains jurisdiction over Plaintiff's claim and that Defendants have not provided Plaintiff with appropriate shoes.

5. The Special Master properly denied Plaintiff's motion/letter as he lacks jurisdiction over Plaintiff's claim. Alternatively, to the extent that the Special Master retains jurisdiction over Plaintiff's claim, Plaintiff was provided with a replacement shoe accommodation. Thus, no relief is available and Plaintiff's claim is moot.

**A. The Special Master lacks jurisdiction to consider Plaintiff's claim.**

6. On January 19, 2011, the Court issued an order which clarified that the Special Master retained *limited* jurisdiction over motions seeking enforcement of Final Order(s). Doc. 4960. Class Counsel misconstrues the Court's order to read that the Special Master retains broad jurisdiction over all claims on an on-going basis. That is not the case. Furthermore, the Court expressly emphasized that, "*This jurisdiction is extremely limited.*" Doc. 4960 (emphasis in original).

7. The Court advised that the time for new claims was over and that "new instances of disability discrimination or deliberate indifference… must proceed… in a separate and independent… action…" Doc. 4960, p. 2 (citing own March 23, 2010 Order, and *McNeil v.* Guthrie, 945 F.2d 1163 (10th Cir.

2

1991).  Indeed, jurisdiction as to claimants who received monetary awards remained only insofar as enforcement of their monetary judgment was concerned.  Doc. 4960.

8.  The only other jurisdiction which the Special Master retained, was jurisdiction to impose sanctions, where warranted, for failure to comply with a Final Order.  Doc. 4960.

9.  There is *no* dispute in the instant claim, that Mr. Tivis was only awarded, and already received, $180.00 in accordance with the Final Order of the Special Master.  Doc. 4876.  At present, Mr. Tivis is *not* seeking enforcement of his Final Order; rather, he is seeking novel relief in the form of a pair of medical shoes.  Mr. Tivis allegedly seeks "relief consistent with the relief ordered… in the Final Order…"  Doc. 5312, pp. 3, 7.  However, Mr. Tivis was ordered to receive $180.00, and he was paid that sum.  Thus, no sanctions are warranted as Defendants complied with the Final Order as to Tivis.

10.  The Special Master lacks jurisdiction to Order CDOC to provide Mr. Tivis with a new pair of medical shoes as, "The Special Master did not issue any on-going order for medications or other accommodations."  Doc. 4876, p. 2.

**B.  Tivis' claim for relief as to medical shoes is moot.**

11.  Alternatively, Mr. Tivis has been provided with the very relief he seeks: a new pair of medical shoes, thus, any such claim is moot.

12.  Indeed, Mr. Tivis has an accommodation resolution for medical shoes.  *See* **Exhibit A-1**, Accommodation Resolution.

13. On December 15, 2011, Mr. Tivis requested that his old medical shoes be examined. *See* **Exhibit A-2**, Grievances Step I-III and Responses.

14. On February 7, 2012, the medical provider did not feel that Mr. Tivis' shoes needed to be replaced. *See* **Exhibit A-2**, Grievances Step I-III and Responses; *and see* **Exhibit A-3**, Ambulatory Health Record(s), dated 2/7/12.

15. On April 4, 2012, Mr. Tivis requested new medical shoes. *See* **Exhibit A-2**, Grievances Step I-III and Responses.

16. As a result, on May 2, 2012, Mr. Tivis had an appointment scheduled to evaluate his old shoes. Mr. Tivis elected not to attend this appointment. *See* **Exhibit A-2**, Grievances Step I-III and Responses; *and see* **Exhibit A-3**, Ambulatory Health Record(s), dated 5/2/12.

17. On May 7 and 14, 2012, Mr. Tivis had medical appointments related to other matters. Mr. Tivis did not bring up his shoes at either of those appointments. *See* **Exhibit A-2**, Grievances Step I-III and Responses; *and see* **Exhibit A-3**, Ambulatory Health Record(s), dated 5/7/12 and 5/14/12. In May of 2012, Mr. Tivis was advised to reschedule with medical in order to have his old shoes evaluated for wear and possible replacement. *Id.*

18. Subsequently, after an appointment cancellation due to a lockdown, Mr. Tivis met with medical on June 27, 2012, and his shoes were evaluated for wear. At this appointment, the provider determined that Mr. Tivis needed replacement medical shoes. *See* **Exhibit A-2**, Grievances Step I-III and Responses; *and see* **Exhibit A-3**, Ambulatory Health Record(s), dated 6/27/12.

Furthermore, on June 27, 2012, a consult was entered for Hangar Prosthetics on Mr. Tivis behalf.  *See* **Exhibit A-3**, Ambulatory Health Record(s), dated 6/27/12.

19. Shoes were ordered for Mr. Tivis in June of 2012.  *See* **Exhibit A-2**, Grievances Step I-III and Responses.

20. However, on July 12, 2012, Mr. Tivis was transferred to DRDC for hip surgery.  As a result of this medical transfer, Mr. Tivis missed his July 19, 2012, appointment with Hangar Prosthetics.  *See* **Exhibit A-2**, Grievances Step I-III and Responses; *and see* **Exhibit A-5**, Offender Profile.

21. Despite this scheduling conflict, Mr. Tivis received a pair of replacement soft medical shoes in August of 2012 while housed at DRDC.  *See* **Exhibit A-4**, DME Contract.

22. In addition, between May and August of 2012, while efforts were underway to provide Mr. Tivis a pair of replacement shoes, once his became worn, Mr. Tivis was aware of the ongoing effort to provide him with new shoes.  *See* **Exhibit A-2**, Grievances Step I-III and Responses.

23. Thus, Plaintiff has an accommodation for medical shoes, and has already received appropriate replacement shoes.

WHEREFORE, Defendants respectfully request that the Objection of Class Counsel as to Doc. 5287, be denied as the Special Master lacks continuing jurisdiction over Plaintiff's claim; and alternatively, Plaintiff has already been provided the relief sought.

Respectfully submitted this 26th day of September 2012.

JOHN W. SUTHERS
Attorney General

/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS*
Assistant Attorney General
Corrections Unit
Attorneys for Defendants
1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  303-866-5639

## **CERTIFICATE OF SERVICE**

This is to certify that I have duly served the within **Response to Objection** upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 26th day of September, 2012, addressed as follows:

Michael K. Tivis, #52378
DRDC
P. O. Box 392004
Denver, CO, 80239

*Copy via ECF*:
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Cc: Keith Nordell, CDOC

*Copy via facsimile*:
Special Master Borchers


/s/ Mariah Cruz-Nanio