IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number X-561
Category: Untimely Filed Claim
Claimant: Brian L. Seymore, #148698
Address of Claimant: KCCF, P.O. Box 2000, Burlington, CO 80807

_____

## ORDER OF DISMISSAL OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the letter of Claimant that was received on October 9, 2012. Claimant alleges that he is diabetic and in need of certain accommodations. The letter will be treated as a claim under Article XXXII of the Remedial Plan.

    Claimant came into DOC custody in 2010. Claimant has not filed previously a claim pursuant to Article XXXII of the Remedial Plan.

    The Special Masters were appointed to adjudicate claims made pursuant to the Remedial Plan approved by Judge Nottingham. The Remedial Plan is the settlement document that established the claim process. As noted, Claimant has not filed a claim.

    Judge Kane issued an order on March 23, 2010. That order established some limitations on the claims process established by Article XXXII of the Remedial Plan. A copy of that order will be provided to Claimant, along with a copy of the order of January 19, 2011. Judge Kane limited claims to the following individuals: (1) inmates who were in DOC custody on or before August 27, 2003; (2) inmates who were disabled, as defined by the Remedial Plan, on or before August 27, 2003; and (3) inmates who were the victims of discrimination on or before August 27, 2003. Unless each of these three requirements is established, a claimant cannot prevail on his claim. Claimant came into DOC custody well after August 27, 2003.

Judge Kane also ruled that all claims had to be filed on or before April 30, 2010. Claimant did not file a claim on or before that date. The Special Master has no jurisdiction over any letter or claim of Claimant for this reason. Claimant may not file *pro se* motions in this case.

Claimant may contact class counsel for help. Claimant has the right to pursue his own lawsuit under the ADA in this Court. Claimant may not pursue any individual help through Article XXXII or any other section of the Remedial Plan.

IT IS HEREBY ORDERED that the letter of Brian L. Seymore, being treated as new claim, is dismissed, as the claim was not filed on or before April 30, 2010 and Claimant was not in DOC custody on or before August 27, 2003; and

IT IS FURTHER ORDERED that a copy of Claimant's letter will be provided to class counsel for such action as may be deemed appropriate; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before December 10, 2012.**

SIGNED this 15th day of October, 2012.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master