IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870 - JLK

JESSE MONTEZ, et al.,

       Plaintiffs,

  -vs.-

JOHN HICKENLOOPER, et al.,

       Defendants.

_____

Claim Number: 03-138
Category III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

## ORDER OF SPECIAL MASTER
_____

      THIS MATTER comes before the Special Master on Claimant's motion for injunction/enforcement and motion for contempt of court hearing/order. Claimant is incarcerated in the Limon Correctional Facility (LCF).

      ***Claimant's motion for injunction/enforcement***: In that motion Claimant has alleged that he was treated inappropriately for ordering canteen by telephone. He further alleges that he was treated inappropriately for mailing a letter for another inmate. He was placed into segregation without his boots, oxygen tank, brace and medications. Claimant's requests all relate to matters that have occurred in 2012.

      Judge Kane ruled on September 11, 2012 that Defendants had substantially complied with the Remedial Plan up through 2009. As a result, the compliance segment of the case closed. The monitoring phase of the case commenced on October 1, 2012. Barring some significant major problem, this case will be closed and dismissed on September 30, 2014. A copy of Judge Kane's order will be provided to Claimant. The end result is that this case is headed to closure.

      The Court has no jurisdiction over any *pro se* motions filed by claimants that deal with systemic issues. Claimant's issues raised in this motion deal with disciplinary issues that are beyond the scope of the Remedial Plan. Claimant may file a new lawsuit in state or federal court dealing with these issues. The motion is denied without prejudice to seek judicial relief through a new and separate action.

*Motion for contempt of court hearing/order*: Claimant has alleged that DOC staff have not complied with previous orders of the Court. Claimant alleges that he has had major health issues in 2012 and was transferred to LCF. He states further that medical orders to allow him rest have been violated. Claimant has requested monetary damages from DOC.

Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. It was determined that he was disabled on or before August 27, 2003. The only jurisdiction remaining under the Remedial Plan is to determine if the order of the Special Master has been complied with by DOC staff. More importantly, Claimant must establish that the order of the Special Master issued pursuant to Article XXXII is not being complied with *at the present time*. Claimant has alleged generalities, and he must provide detailed specifics before a further hearing will be considered.

Claimant will be given time to submit an amendment to his motion detailing what violations purportedly exist *at the present time*. The Court cannot act on generalities that are not related to the orders issued.

IT IS HEREBY ORDERED that Claimant will be provided a copy of Judge Kane's order of September 11, 2012; and

IT S FURTHER ORDERED that Claimant's motion for injunction/enforcement is denied; and

IT IS FURTHER ORDERED that Claimant is granted up to and including **December 3, 2012** in which to amend his motion for contempt of court hearing/order and to detail what specific violations are *presently occurring* of the final order of the Special Master.

SIGNED this 5th day of November, 2012.

BY THE COURT:

*/s/ Richard M. Borchers*
_____
Richard M. Borchers
Special Master

2