IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.,

    Defendants.

_____

Claim Number: 03-180
Category III
Claimant: Lester Nortonsen, #83398
Address of Claimant: CSP, P.O. Box 777, Canon City, CO 81215-0777

_____

### ORDER OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on Claimant's letter of January 9, 2013. In his letter, Claimant requests issuance of a court order directing medical care be provided to him. This letter will be treated as a motion.

    Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. Claimant alleged that he was vision impaired, hearing impaired, and mobility impaired. His claim was set for hearing at the Limon Correctional Facility on December 4, 2007. At the hearing, Claimant testified in his own behalf. The claim was taken under advisement by the Special Master.

    On March 21, 2008, the final order of the Special Master was issued. The Special Master found that the evidence sustained that Claimant was mobility impaired on or before August 27, 2003. The evidence did not sustain that Claimant was either vision or hearing impaired. Most importantly, the Special Master did not find that Claimant had been the victim of discrimination in violation of the ADA. The claim was dismissed.

    Since the claim was denied on March 21, 2008, a number of things have changed. Judge Kane set a final date in 2010 for the filing of claims and *pro se* motions. Judge Kane ruled further that the Special Master had limited jurisdiction over motions alleging that DOC officials were not complying with the final orders of the Special Master. These motions were to be heard on a report and recommendation basis. Finally, on September 11, 2012 Judge Kane issued an order finding that

Defendants had "substantially complied" with Remedial Plan. The case has now shifted to the monitoring phase. The case is scheduled to be dismissed on October 1, 2014.

The Special Master has no jurisdiction either under the Remedial Plan or by statute to do anything. Claimant's claim was dismissed almost five years ago. The claim was dismissed for failure to show that Claimant was the victim of discrimination in violation of the ADA. There was and is no continuing jurisdiction over *pro se* motions.

Claimant's remedy is to commence his own lawsuit under the ADA. Claimant's request for relief cannot be considered due to a lack of jurisdiction.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a *pro se* motion, is denied for lack of jurisdiction; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 4, 2013.**

SIGNED this 16th day of January, 2013.

BY THE COURT:

*/s/ Richard M. Borchers*

———————————————————————
Richard M. Borchers
Special Master