IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

## ORDER ON CLAIMANT GARCIA'S OBJECTION
## TO THE FINAL ORDER OF THE SPECIAL MASTER

This matter is before the Court on Claimant Steve D. Garcia's August 17, 2010 Objection (Doc. # 4800), stating his desire to appeal the Special Master's Final Order regarding his claim (Doc. # 4539).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1] A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

---

[1] Special Masters are subject to the Code of Conduct for United States judges. Fed. R. Civ. P. 53(a)(2)(3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

In his Final Order, Special Master Borchers denied Claimant's claims because Claimant did not prove that he was the victim of discrimination before August 27, 2003. In so doing, the Special Master did not abuse his discretion, because he was complying with the provisions of the Montez Remedial Plan, which does not allow the Special Master to accept claims from inmates who do not prove discrimination on or before August 27, 2003. (*See* Doc. # 4381 at 3.)

Special Master Borchers recognizes that Claimant's diabetes is "severe and unstable" (Doc. # 1222 at 6), and the Court understands that Claimant is dissatisfied with the quality of care he has received during his tenure at D.O.C. (*See* Doc. 4800.) However, a complaint about the quality of Claimant's medical care cannot be resolved through the Montez Remedial Plan. Cases involving substandard care cannot be brought under the ADA; they must be brought as separate cases under the Eighth Amendment or pursuant to state statutes. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005).

Accordingly, it is ORDERED that Claimant's objection is OVERRULED. It is FURTHER ORDERED that the Final Order of the Special Master (Doc. # 4539) is AFFIRMED.

DATED: January   29  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge