IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

---

**ORDER ON CLAIMANT WILLIAMS'S OBJECTION
TO THE FINAL ORDER OF THE SPECIAL MASTER**

---

This matter is before the Court on Claimant Charles D. Williams's September 21, 2010 Objection (Doc. # 4836), stating his desire to appeal the Special Master's Final Order regarding his claim (Doc. # 4803).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1] A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as

---

[1] Special Masters are subject to the Code of Conduct for United States judges. Fed. R. Civ. P. 53(a)(2)(3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In his Final Order, Special Master Borchers denied Claimant's claims because Claimant failed to file his claims on or before April 30, 2010. (Doc. # 4803 at 1.) In so ruling, the Special Master did not abuse his discretion, because he was complying with this Court's April 6, 2010 order authorizing the acceptance **only** of *pro se* class member claims filed by April 30, 2010. (Doc. # 4412.)

Moreover, the Special Master noted that even if Claimant had filed on or before April 30, 2010, his claims would still have been denied for the reason that he was not in D.O.C. custody on or before August 27, 2003. (Doc. # 4803 at 1-2.) Had the Special Master denied Claimant's claims on this basis, he would not have abused his discretion because the Montez Remedial Plan does not allow the Special Master to accept claims or motions from inmates who were not in DOC custody on or before August 27, 2003. (*See* Doc. # 4381 at 3.)

Accordingly, it is ORDERED that Claimant's objection is OVERRULED. It is FURTHER ORDERED that the Final Order of the Special Master (Doc. # 4803) is AFFIRMED.

DATED: February  04 , 2013

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge