# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

RECEIVED

JAN 29 2013

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:21 pm, Feb 05, 2013
JEFFREY P. COLWELL, CLERK

JESSE MONTEZ

Civil Action No. 92-CV-870-JLK

    Plaintiff,

Vs

JOHN HICKENLOOPER, et al.

    Defendant's.

---

Claim Number 01-074

Category: 1

Claimant: Lawrence William Fitzgerald

Address of Claimant c/o Senior Services 846 E . 18th, Denver, Colorado 80218

---

CLAIMANTS OBJECTION OF MARCH 5TH 2012

    Comes Now the Claimant Lawrence W. Fitzgerald in good faith as a laymen of the law in response to the order of this Honorable Court of March 5th 2012 as follows:

    Claimant objection is now placed upon this Honorable Court pursuant to Federal Rules of Civil Procedure 53(g)(2) and it should be noted by the Court the Claimant has been in the Hospital twice since getting out of prison October 8tlh 20122 and my medical troubles which are all life threatening are all in the fault of the Department of Corrections Medical Staff giving me no medical care for my on going medical troubles caused by them placing me on the Vioxx product in 2001 which caused my heart failure in Limon Correctional Facility on May 14, 2002 and this medical problem caused by the Department of Corrections Medical Department of the State of Colorado to never give me the proper treatment while

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

in maximum security it was a deliberate indifference to my care for other inmates in lower security camps and prisons were getting better medical care then I was in maximum security and me being left in a cell to die was my treatment for I was wheeled to the hospital many times for my heart troubles with no after care ordered and I am now asking this Honorable Court with Judge Richard M Borchers Special Master to reconsider his denial of my Motion To Amend Relation Back Amendments Pursuant   Fed .R. Civ. Rule 15(a)(b) and C 1, (b), (c) which is an option of law given to an American citizen who's constitutional rights were violated because of outrageous misconduct of the government or other reasons which need to be reviewed by a federal district court, as in my case injuries in 2004 me being a laymen of the law seeking help made an honest in how the motion was brought before this Honorable Court and now this motion is asking this Court to understand if counsel of record ever answered my letters seeking help in my condition which was getting worst all the time as the years went by as this Honorable Court sent Order after order and saying the same issue one way or another as it styled its order as this follows IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to order pursuant to Federal Rule of Civil Procedure 53(g)(2) in my case like all other orders of this Honorable Court I would contact appointed Counsel asking help and questions and my please for help fell on death ears without a response to my letters and exhibits as the years went by it was always the same they refused to help me in this legal issue they were appointed by this Honorable Court to due in the first place in violation of the Order of the Court to help those seeking help in the Montez settlement.

   My medical condition is the worst my hip has to be replaced my tail bone is broken my knee is needing repair my lower back needs operation my neck needs operation for disk damage like my lower back I walk with a walker cannot get out of the house very much because of my injuries which were over looked by DOC medical staff as I sat in that cell slowly following apart piece by piece as the years went by and they never gave me proper medical treatment by allowing me to see Doctors who were experts in the fields of my injuries and now I released from prison after 21 y ears illegally held I a handicap with out a way to support my self because of the failure of the medical staff and the court appointed lawyers to help me in this settlement as they both were required to due by law and the firm of King & Greisen LLP new this and look the other way to y please as DOC did to my medical kites and grievances all meant nothing I was power less and my health issues are now life threatening because of the deliberate indifference to my medical care altogether as this Honorable Court can see reviewing the file of this case.

August   27, 2003, the remedial plain (settlement agreement) was presented to Judge Nottingham, after consideration of objections that had been filed by various individuals Judge Nottingham determined that the settlement agreement should be approved, that approval established the class and did not provide for an opt out provision for any individual. The settlement Agreement also set up a mechanism for individual inmate, former inmates or their representatives to a claim seeking damages or

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

remedies available in Co

. Section XXXII of the Settlement Agreement provided the basis for the filing of the claims for damages and/or for other relief:

(1) General inconvenience or normal damages;

(2) Damages due to loss of good time earned time access to programs or services that have not resulted in physical injury;

(3) Damages due to actual non-severe physical injuries or normal emotional injuries (such as the fear of death)

(4) Damages due to death.

Only one of the above categories may be applied to each class member, for instance, a class member with both inconvenience damages and non-sever physical injuries will be designated as a category   3 Settlement Agreement PP,28-29, pursuant to this provision, claimant filed his claim with and requested that the Special master appropiate damages or relief.

III Definitions (a. Covered disabilities) the persons covered by this plain are individuals with mobility, hearing and vision impairments {*5} and inmates with diabetes (b) qualified inmates are inmates with a permanent disability impairment which substantially limits his or her ability to perform a matter life activity (c) Permanent disability/impairment within six months.

As a state prisoner now released after 21 years in DOC held illegally on an act of outrageous misconduct of the government its very hard to live a normal life after being abused by the medical staff for over a long prison sentence which also affected me mentally and now I am stuck with an on going hospital trips to see doctors all the time because of the failure of DOC to properly take my medical condition while in there care properly and you realize it was my constitutional rights as an American prisoner serving time in the state of Colorado to be given proper treatment under there care and told the truth above my health troubles which now have turned me into a medical nightmare which has me medically handicap because they hid the truth of my medical condition illegally and kept me thinking I was getting proper treatment when all along they gave me a death sentence stealing my health by looking the other way concerning my medical care which was protected by civil rights and constitutional as American and should of been protected by state and federal law but was not while in there care, they were obligated and did not help me as this Honorable Court can see since prisoners cannot obtain their own medical services, the Constitution requires prison authorities to provide them with reasonably adequate medical care. **Newman v. Alabama, 599 F.2d 283, 291 {5th Cir,}as Cert, Denied 438 U.S, 915 (1978); cord Hoptowit v. Ray 682 F.2d 1237, 1246 (9th Cir. 1982); Wolf v. Levis, 573 F.2d 118, 125 (2nd**

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Cir. 1978), rev'd on other grounds sub nom, Bell v. Wolfish, 441 U.S. 520 (1979); see also Langley v. Coughlin, 888 F.2d, 254 (2d Cir. 1989).

Prison Officals of the State of Colorado must provide "reasonable nescessay medical care....Which would be available to the {prisoner} if not incarcerated"). Ence and of a quality acceptable within prudent professional standards, **Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991); United States v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987); Tillery v. Owens, 719 F.Supp, 1256, 1305 (W.D.Pa.1989),aff d, 907 F.2d 418 (3rd Cir. 1990)** and as "a level of health services reasonably designed to meet routine and emergency medical, dental and psychological or psychiatric care. **Tillerly v. Owens, 719 Fsupp at 1301; accord Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980), cert denied, 450 U.S. 1441 (1981).**

In practice, providing care to prisoners generally means paying for the care, since most prisoners like my self have little money and no medical insurance and are ineligiable for public assistance be the fact that care may expensive does not excuse prison officials from proving it . **Harris v. Thigpen 941 N.W.2d 1499, 1509 (11th Cir. 1991); Langley v. Coughlin, 888 F.2d at 254; Ancata v. Prison Health Services Inc 769, F.2d 700, 705 (11th Cir 1985); Yarbaugh v. Rouch, 736 F.Supp. 318, 320 n. 7(D.D.C.1990).**

Prison medical officials are oblicated under the Eight Amendment to provide prisoners with adequate medical care. **West v. Atkins, U.S. 42, 57-58 (1988); Richardson v. McKnight, 521 U.S. 399 117 S.Ct. 2100(1997).** This principle applies regardless of whether the medical care is provided by governmental employees or by private medical staff under contract with government. **Estelle v. Gamble, 229 U.S., 97, 103 (1976).**

"Deliberate indifference   to serious medical needs of prisoners constitutes the unnecessary and wanton infliction 0f pain' proscribed by the Eight Amendment. **Estelle v. Gamble, 429 U.S. at 104.** In order to prevail on a constitutional claim of inadequate medical care, prisoners must show that prison officials were ""deliberate{ly}    indifferen{t}" to their serious medical needs, i.e. that officials knew of and disregarded a substantial risk of serious harm to the Claimants health. **Farmer v. Breman, 511 U.S. 825 (1994).**   A medical need is considered "serious" if it "causes pain, discomfort, or threats to good

Health.    **Dean v. Coughlin 623 F. Supp. 392, 404 (S.D.N.Y.).**

Proof of deliberate indifference may be established by direct or by circumstances evidence. Some of the types of direct evidence prisoners might present are sick call requests for medical attention or records reflecting the dates when medical attention was requested to whom the request were submitted, the medical condition complained of, the affects of any delay in obtaining access to medical staff, the dates when access was provided specific medical staff seen, treatment provided by

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

particular staff, the nature of follow up care ordered and whether it was carried out, additional information to indicate the adequacy of treatment, and complaints and formal grievances filed regarding the inadequate care. Prisoners should also try to obtain copies of their medical records to see whether medications were properly prescribed or administered and whether their over all treatment was appropriate or carried out properly.

Proof of prison official's knowledge of a substantial risk to a prisoner's health can be inferred from "the very fact that the risk was obvious. Farmer, 511 U.S. at 82. This circumstantial proof may be shown by deterioration in prisoner's health such and obvious condition like sharp weight loss. A prison official cannot "escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true or declined to confirm inference or risk that he strongly suspected to exist. Farmer, 511 U.S. at 843 n.8

WHEREFORE, the Claimant prays this Honorable Court will grant this motion and sent this matter for a hearing to take testimony in the interest of justice for disabled ex- prisoner seeking relief.

Dated January 28, 2012

Respectfully Submitted

Judge Richard M. Borcher

Special Master for the United States District

Court for the District of Colorado

Legal Resolution Center

7828 Vance Drive, Suite 108

Arvada, Colorado 80003