IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

    Defendants.

_____

Claim Number 01-003
Category: I
Claimant: Paul Inman, #89591
Address of Claimant: FCF, P.O. Box 999, Canon City, CO 81215-0999

_____

Claim Number 01-092
Category: I
Claimant: James Rudnick, #68432
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

Claim Number 02-204
Category: II
Claimant: Robert Jones, #63565
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

Claim Number 02-266
Category: II
Claimant: Fernando Ramirez, #99458
Address of Claimant: Parole

_____

Claim Number: 03-038
Category: III
Claimant: Ben Padilla, #82114
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

Claim Number 03-051
Category: III
Claimant: Steven Walker, #114350
Address of Claimant: Parole

_____

Claim Number 03-097
Category: III
Claimant: Verlyn Bald Eagle, #98784
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

Claim Number 03-114
Category: III
Claimant: Byron Cortez, #45627
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826

_____

Claim Number 03-138
Category: III
Claimant: Kevin Mark Bretz, #46584
Address of Claimant: CSP, P.O. Box 777, Canon City, CO 81215-0777

_____

Claim Number 03-146
Category: III
Claimant: Gerald Sensabaugh, #100656
Address of Claimant: DRDC, P.O. Box 392004, Denver, CO 80239

_____

Claim Number 03-334
Category: III
Claimant: Marty Bueno, #50565
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

Claim Number 03-335
Category: III
Claimant: Keith Schwinaman, #105240
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

Claim Number 03-357
Category: III
Claimant: Lee Filipiak, #109936
Address of Claimant: CTCF, P.O. Box 1010, Canon City, CO 81215-1010

_____

Claim Number 03-412
Category: I
Claimant: Donald Revere, # 69342
Address of Claimant: DRDC, P.O. Box 392004, Denver, CO 80239

_____

Claim Number 03-430
Category: III
Claimant: James Wylie, #114060
Address of Claimant: SCF, P.O. 6000, Sterling, CO 80751

_____

Claim Number 03-445
Category: III
Claimant: Raymond Goodloe, #51437
Address of Claimant: Parole

_____

**ORDER OF SPECIAL MASTER**
_____

THIS MATTER comes before the Special Master on his own motion. Defendants recently filed identical pleadings concerning two claims in which they argued that no further jurisdiction exists as to any claim filed pursuant to Article XXXII of the Remedial Plan. The issue of continuing jurisdiction applies to all claimants who were awarded medical appliances or other items, other than purely monetary damages. Further, pending objections filed by class counsel may be affected by the argument that there is a lack of jurisdiction over any claims filed pursuant to Article XXXII of the Remedial Plan.

Defendants argued in the two claims as follows:

> I. The Special Master lacks continuing jurisdiction in this case.
>
> The Special Master lacks continuing jurisdiction over any *Montez* individual damages claim. On September 22, 2012, Judge Kane entered an Order which found Defendants to be in substantial compliance with the Remedial Plan. *See* Doc. 5314. Accordingly, all of [claimant's] allegations subsequent to Judge Kane's Order should be denied for lack of jurisdiction. "NO FURTHER PRO SE FILINGS/CLAIMS SHALL BE ACCEPTED by the Special Masters after April 16, 2010. April 16, 2010 is the DEADLINE for all *pro se* filings in this case in both of the above-described categories: i.e. it is the deadline for *pro se* claims under §XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations." *See* Doc. No.4381 (emphasis in original). Subsequently, Judge Kane entered an Order which provided for *limited* jurisdiction to continue before the Special Master. *See* Doc. 4960 (emphasis in original). The jurisdiction of the Special Master in the instant case was for the purpose of adjudicating individual damages claims. That claim process has drawn to a close. Accordingly, the jurisdiction of the Special Master was never intended to, and should not continue in perpetuity. Moreover, that *very limited* continuing jurisdiction afforded by Judge Kane (Doc. 4960) concluded with the finding of substantial compliance.
>
> "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."(citations omitted).The plaintiff has the burden of proving that the trial court has jurisdiction. (citation omitted). [Claimant] fails to meet his burden to establish that the Special Master maintains jurisdiction over this case. Thus, all of [Claimant's] motions must be denied as the Special Master lacks continuing jurisdiction.

In addition to this argument, Defendants have argued that no jurisdiction exists for the Special Master to consider any allegations which do not pertain to the Final Order on the claim. Stated simply, Defendants believe that a Final Order may not be modified at the request of a claimant or, presumably, at the request of Defendants.

Defendants' jurisdictional arguments apply to all claims in which a claimant received something in lieu of or in addition to monetary damages. Based upon a review of records maintained by the Special Master, sixteen (16) claimants who received things in addition to or in lieu of monetary damages remain in DOC custody or under DOC supervision. Each of the sixteen presumably has a right to seek the assistance of the Court to ensure compliance with his Final Order.

If Defendants are correct, then the time for seeking assistance with compliance with a Final Order is over.

The jurisdictional issues raised by Defendants must be dealt with and resolved by the Court. Defendants will be given an opportunity to file any additional jurisdictional motions they may have. After any additional pleadings are filed by Defendants, each individual claimant will be entitled to respond. Class counsel will be requested to respond, particularly in light of pending objections that may be affected by the jurisdictional motions. (Claims 03-485 and 03-492).

IT IS HEREBY ORDERED that Defendants are granted up to and including **March 4, 2013** in which to file any additional motions to dismiss for lack of jurisdiction; and

IT IS FURTHER ORDERED that class counsel and individually named claimants are granted up to and including **April 1, 2013** in which to respond to Defendants' pleadings; and

IT IS FURTHER ORDERED that Defendants are granted up to and including **April 22, 2013** in which to file a reply in support of their jurisdictional motions.

SIGNED this 11th day of February, 2013.

BY THE COURT:

*/s/ Richard M. Borchers*

_____
Richard M. Borchers
Special Master