IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.

      Defendants.

_____

Claim Number 03-211
Category III
Claimant: Matthew Mounts, #66276
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751

_____

## ORDER OF SPECIAL MASTER
_____

THIS MATTER comes before the Special Master on Claimant's letter of February 24, 2013. In his letter, Claimant alleges that he has been the victim of discrimination prohibited by the ADA. If the allegations in the letter are true, then a violation of the ADA has occurred.

Claimant requests help in rectifying what he perceives as discrimination. He acknowledges that the case is in the monitoring phase. He requests help through this case and specifically the claim process established by Article XXXII of the Remedial Plan.

The Special Master has no jurisdiction over systemic issues. The case is in the monitoring period. As to systemic issues, the Special Master may only refer matters to class counsel pursuant to *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991).

Claimant did file a claim and partially prevailed. In May 2007, Claimant was awarded $200 in damages. Nothing has been presented over the intervening years that this amount was not paid to Claimant. No other relief was granted to Claimant.

In his order of January 19, 2011, Judge Kane ruled, in part, as follows:

    1. I begin by reiterating the gist of the March 23, 2010 order, which is that the time for receiving and considering new, amended, or otherwise revised *pro se* claims

  for relief under § XXXII of the Montez Remedial Plan is over. Class members alleging new instances of disability discrimination or deliberate indifference to serious medical needs must proceed, as any other inmate whose disability-related claims arose after August 2003, in a separate and independent pro se action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir 1991).

Judge Kane went on to say:

  2. However, given that category of individual Montez Class claims that the Special Master identifies as having been the subject of Final Orders favorable to an inmate but with which the inmate contends Defendants have not fully complied, I clarify/modify the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders. *This jurisdiction is extremely limited*. It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for failure to comply. (Emphasis in original).

The Special Master has jurisdiction only to determine if Defendants have complied with a final order. Since Claimant received money, the only jurisdiction for the Special Master is to determine if Claimant was paid.

  There is no jurisdiction for the Special Master to do anything on the new allegations. Claimant's remedy is to file his own separate lawsuit.

  IT IS HEREBY ORDERED that the letter of Claimant is referred to class counsel for such action as is deemed appropriate; and

  IT IS FURTHER ORDERED that Claimant's letter, being treated as a motion for relief, is denied for lack of jurisdiction; and

  IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before April 22, 2013.**

  SIGNED this 28th day of February, 2013.

BY THE COURT:

*/s/ Richard M. Borchers*

_____

Richard M. Borchers
Special Master