James Rudnick #68432 - CDOCLL

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

**ORIGINAL**

Civil Action Number: 92-CV-00870-JLK

JESSE MONTEZ, et al.,
    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 1 2013

JEFFREY P. COLWELL
CLERK

**MOTION FOR ORDER TO COMPEL**
(Rule 70 "Contempt issue)

Claim #:  01-092              Catagory:  I
Claimant:  JAMES RUDNICK
Colorado D.O.C. ID #:  68432
Address of Claimant:   S.C.F. 4-A Box 6000, Sterling, CO. 80751

Claimant Rudnick, a class member of the above Action, submits his **Motion For Order To Compel** the Defendants to provide the "accommodations" as Ordered by both; Special Master Richard Borchers, and, Federal District Court Senior Judge John Kane, based on the following:

There exists (on record) numerous Claimant "filings" that were presented to this federal District Court, providing information, status updates, and appeal-type **objections,** based on the recent "Compliancy Hearings" [held on 6/20/11 & 2/6/12] and, the Special Master's Order's.

The MONTEZ-class A.D.A. "medical accommodation" compliancy matters *addressed in these filings*, (listed below) for this Claimant, have not been resolved, and, as a result, the Defendant's faulty handling of these matters and failure to provide *proper accommodations* does continue to harm causing pain and suffering to this Claimant. see "Statement of Facts"

STATEMENT OF FACTS

On 9/27/05, Special Master Judge Borchers issued an Order for the Defendant's to provide this Claimant 'boots that fit his feet' and 'special orthotics' among other accommodations.

On 12/16/05, this District Court (J. Kane) issued an Order confirming Special Master Borcher's Order on these medical accommodations.

[also]   On 8/01/06, this Court issued an Order for Defendants to Respond (re: failure to provide state issue glasses)

As of this date, these matters remain unfulfilled (see below)

This Claimant has sent multiple 'update' or 'appeal' filings *to this Court* [to Sr. Dist Ct. Judge Kane and to Special Master Judge Borchers] because these above "Orders" **are not being complied with**

James Rudnick #68432 - CDOCLL

nor is there efforts being made by the Defendants to comply *in the spirit or intent* of the original Orders particularly in regards to follow-up of the Defendant's "provisions" when these medical equipment provisions simply *do not work* or, are *in need of repairs*, or *replacement.*

1)   BOOTS:

Defendant's "boot & special orthotics" offerings have been defective and have put this Claimant into a "Hobson's Choice" situation where he is forced to *USE* the boots & orthotics (given on 3/22/12) that are too narrow, (they do not properly fit his feet), and, they are now causing pain, foot instability, and, damage to his toes, (or), [he was told], he will have to go back with the *old* previous boots which are worn-out. (detailed in his Court filings and 'appeals')

There were two separate Hearings on this matter held before Special Master Borchers on (6/20/11 & 2/6/12). Borchers issued his 'findings and Orders' on (7/8/11 & 2/13/12)

At the Feb. 6th, 2012 Compliancy Hearing;
    the defendants **had not yet supplied** the Claimants Accommodation: Boots, but
    only presented an "offer of boots".
    -- The [new wrong-fit boots] did not arrive until 3/22/12, clearly AFTER the
    Special Master had already made his inaccurate "Compliancy 'Finding and
    Order'".

Note:
    Despite the Special Master Order where he "felt" (or found) the Defendants in
    compliance of the spirit and intent of the Order, -- the Defendants were not THEN,
    nor are they NOW "in actual compliance" of this (original) Claimants
    Accommodation Order, because even the recent issue boots and orthotics do not fit
    properly.

This boot fit [and orthotics] matter is a visually obvious and substantial physical problem that has been presented to the SCF nurse, staff, and, the "Hanger Prosthetics" Technician [boot provider] as recently as January of this year (2013).

The Hanger Technician took another Foot impression/mold of each foot, saw the damage of the orthotics and explained the modifications he could do, and, stated that he would come-back with tools and equipment to "fix" the broken interior boot heel support-pads, and "try" to stretch the toe area of the boots which are over 1/2 inch too narrow.

This Claimant filed his "Objection-type" Appeals [to Judge Kane] after each of the Special Masters Orders because the end-result (of the Hearings and Orders) still did not resolve the problems in Defendant's handling of these accommodations, the inexcusable delays they have caused, nor, their failure to provide actual proper accommodations for a clear and obvious medical need issue.

There is no protection given the Claimant against further delays or problems (which continue to cause harm, damaging his feet), And, there is now, no accountability for the Defendants conduct, the delays, their chronic mis-understanding -- the lack of "expert examination", support, or supplies, (or) whether this is a matter of willful indifference -- that presents an obvious inability to comprehend actual medical conditions involving foot size/fit issues.

Note:
    The Defendant's "offering" of ill-fitting, wrong-sized boots, the mis-shaped

custom orthotics, and, the limited boot manufacturer 'types' that they specifically chose or offer, [despite knowing its lack-of-proper-fit], is seen (by this Claimant) as a failure to comply, and, a show of contempt.

Futher, Defendant's delays, and now, failure to respond, to Claimant's notices regarding the status and harm caused by their faulty MONTEZ 'provisions' does not serve even the MONTEZ [yellow poster] resolutions promised, including the matter of cost for 'each month the accommodation is delayed'.

Currently, the "custom orthotics" are *off-set*, [wrong angle-tilt], the "boots" are *one-half inch too narrow*, and, the boots 'insides' are *coming apart*

2)   GLASSES:

The defendants have made unsuccessful attempts to supply glasses but have only come-up with faulty manufactured state issue lenses that simply do not work and make this Claimant's vision obscured/blurred with double vision in-each-eye.

The Defendant's actually "confiscated" Claimant's personal glasses (that were 15 years old but did provide reasonable vision) specifically to force Claimant to accept the (faulty vision) 'state issue' glasses. This was accomplished by medical staff explaining that "you need to just try them for awhile", and, "you should get-used-to-it".

This is another unreasonable 'Hobson's Choice' and improper medical treatment practice, because the only alternative is to go 'blind' without any vision correction alternative.

Although Claimant **does qualify** for obtaining 'replacement glasses' (**and contact lenses**) under C.D.O.C. Admin.Reg. 700-05, *replacement and re-examination* should also be a matter of common sense practice of medical professionals.

This Claimant has made numerous requests for *new eye exam and glasses / contacts* (and filed another formal C.D.O.C. internal grievance on this matter, over the 'delays in responses', and, their 'failure to follow their own Admin. Reg. 700-05').

   [notifications to the SCF Medical Dept. explain that the lenses are incorrect or defective].

The S.C.F. staff have only responded with "you will not get any more state-issue glasses" and now claim, "you do not qualify for another exam until May 2013".

There is a willful and wanton act of indifference or air of contempt expressed by the Defendants concerning this Claimants vision/eyeglasses issue, exhibited in the responses to Claimants' requests for re-examination and provision of "usable" vision correction glasses (and contacts)

S.C.F. staff have repeatedly demonstrated [it is somehow acceptable] practice or policy to 'blame the inmate patient', or, 'blame his eyes', for their inability to come-up with, or manufacture, proper vision correction, and that "contacts" will not be provided [despite the Administration Regulation]

Claimant is now forced to endure all of his day-to-day activities with blurred-double vision [resulting in eyestrain-type headaches], or go without any vision correction.

Special Master Borchers stated at the Compliancy Hearing of 2/6/12, that "these matters [which continue to fail Claimant's specific accommodation needs] were to be *addressed by this District*

*Court* [Judge Kane] in its **review** of the Defendant's ongoing 'systemic problems' [including those problems affecting this Claimant]. Judge Borchers did state that, "this Court might take awhile...", and, that, "it could take until Christmas 2012 to reach a final ruling".

As it now sits, these Defendant's appear clearly unwilling or unlikely to provide the necessary medical accommodations *until this Court responds* on all of the matters raised by this Claimant in the above listed Hearings and in his filings listed below:

| | |
|---|---|
| 5/26/11 | Claimant's Judicial Notice #2   re: boots and glasses |
| 7/08/11 | Claimant's Reply |
| 7/19/11 | Claimaint' Judicial Notice |
| 10/06/11 | Letter to J. Kane |
| 11/23/11 | Claimant's Reply |
| 2/02/12 | Claimant's Affidavit med-1 |
| 4/03/12 | Claimant Objection   re: 2/13/12 Order |
| 4/10/12 | Claimant's Status Report(s): #1, #2 & #3 (pkts #1, #2 & #3) |
| 7/25/12 | Claimant's Objection  Supplement & Attachments  re: 2/13/12 Order |

> These above filings are not all inclusive but are representative of the compliancy problems associated with the Defendant's mishandling of this Claimant's accommoddations despite the Court Orders specifically to provide "boots that 'fit his feet'" and the matter of glasses.....

It is apparent, based on the lack of results here, and, the displayed contumacious behavior described in Claimant's 'filings', that these Defendants have no regard for following the Federal Court's Orders, or, for complying with their sworn duty to provide reasonable medical care and treatment, whereby this Claimant's obvious medical "accommodation needs" are not being provided in the spirit or intent of the Orders given them as part of this <u>MONTEZ</u> Class Action, and, this Claimant is suffering harm as a result.

Why is a Special Master [Borchers] "answering" Claimant's appeal-type Objections [filed to Judge Kane] against this same Borchers 'findings and orders' from the Compliancy Hearings?

Why are Both Judges Kane and Borchers stating in Orders dated 9-11-12, 1-28-13, & 2-23-13, a finding of substantial compliance [for the Class] when the Defendants remain non-compliant to this Courts specific accommodation Orders for this Claimant?

What is this Claimant's remedy?

Claimant's MOTION FOR ORDER TO COMPEL is now presented to this Court and humbly requests that this Court review all of the filings and related Orders on this claim to resolve and provide Claimants relief with all due speed.

RESPECTFULLY SUBMITTED this date: 03/07/13

James Rudnick
Claimant/C.D.O.C.# 68432

James Rudnick #68432 - CDOC LL

## CERTIFICATE OF MAILING

I certify, that a true and correct copy of the above and attached MOTION FOR ~~STATUS~~ ORDER TO COMPEL, was 'inspected' and 'logged-in' to the "prisoner legal mail log-book" in the Sterling Correctional Facility Housing office (Logan County) for deposit into the United States Mail, with the postage pre-paid (may be applied by SCF) and sent as addressed, to the parties listed below, on this date: __3-7-13__ .

~~Legal Resolution Center~~
~~Special Master Judge Borchers~~
~~7828 Vance Drive, Suite 108~~
~~Arvada, CO. 80003~~

Colorado Department of Law
Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th floor
Denver, CO. 80203

Federal District Court – Clerk
Judge: Arguello
901 19th Street  Rm: A-105
Denver, CO. 80294

_____
James Rudnick
C.D.O.C. Register #68432
S.C.F. 4-A  Box 6000
Sterling, CO. 80751