IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER ON CLAIMANT FISTELL'S OBJECTION TO ORDER OF DISMISSAL OF THE SPECIAL MASTER

This matter is before the Court on Claimant Allen Fistell's February 9, 2011 objection (Doc. # 4979) to the Special Master's October 1, 2010 Order of Dismissal regarding his claim (Doc. # 4867).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1] A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citation omitted). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these

---

[1] Special Masters are subject to the Code of Conduct for United States judges. *See* Fed. R. Civ. P. 53(a)(2) & (3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In the instant case, Claimant previously filed a claim pursuant to Article XXXII of the Remedial Plan.  (Doc. # 4867 at 1.)  The Special Master determined that Claimant was mobility impaired and that he had been discriminated against in violation of the Americans with Disabilities Act as to his mobility impairment.  (*Id.* at 1-2.)  Consequently, Claimant was awarded $1,000.00 in damages on September 28, 2009.  (*Id.* at 2.)  Shortly thereafter, Claimant filed additional pleadings, including motions for order of compliance, return of property, and further damages.  (*Id.*)

Special Master Borchers dismissed Claimant's post-award claims for lack of jurisdiction.  (*Id.* at 5.)  He explained that "Article XXXII of the Remedial Plan allows for the filing of one claim and an adjudication of that claim."[2]  (*Id.*)  Thus, the Special Master's jurisdiction ended when Claimant's claim was adjudicated on September 28, 2009.  (*Id.*)  The Special Master's ruling comports with the tenets of the Remedial Plan, and, thus, the Court discerns no abuse of discretion.

Accordingly, Claimant's objection (Doc. # 4979) is OVERRULED.

---

[2] The Special Master has continuing jurisdiction to enforce compliance with an award of damages.  However, there is no need for such enforcement in the instant case, as Claimant received the damages he was awarded.

It is FURTHER ORDERED that the Order of Dismissal of the Special Master (Doc. # 4867) is AFFIRMED.

DATED:  May   15  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge