IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

---

**ORDER ON CLAIMANT CHAVEZ'S OBJECTION TO
ORDER OF DISMISSAL OF THE SPECIAL MASTER**

---

This matter is before the Court on Claimant Richard Chavez's October 21, 2011 objection (Doc. # 5192), stating his desire to appeal the Special Master's August 12, 2011 Order of Dismissal regarding his claim (Doc. # 5142). Defendants responded to Claimant's objection on January 2, 2012 (Doc. # 5237).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1] A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as

---

[1] Special Masters are subject to the Code of Conduct for United States judges. *See* Fed. R. Civ. P. 53(a)(2) & (3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Special Master Borchers dismissed Claimant's claims because Claimant failed to allege that he was disabled on or before August 27, 2003, or that he was the victim of discrimination prohibited by the Americans with Disabilities Act, and further, because Claimant failed to file his *pro se* claims on or before April 30, 2010. (Doc. # 5142 at 1.) In so ruling, the Special Master did not abuse his discretion, because he was complying with this Court's April 6, 2010 Order requiring claimants to establish that they were disabled on or before August 27, 2003, and that they were the victims of discrimination prohibited by the ADA, and authorizing the acceptance of **only** those *pro se* class member claims filed by April 30, 2010. (Doc. # 4412.) Also consistent with the Court's April 6, 2010 Order, the Special Master correctly advised Claimant that any claims he wishes to pursue under the Remedial Plan must be relayed to class counsel. (Doc. # 5142 at 2.)

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5192) is OVERRULED.

It is FURTHER ORDERED that the Order of Dismissal of the Special Master (Doc. # 5142) is AFFIRMED.

DATED: May __15__, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge