IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

---

### ORDER ON CLAIMANT JAMES'S OBJECTION TO
### ORDER OF DISMISSAL OF THE SPECIAL MASTER

      This matter is before the Court on Claimant John James's June 1, 2011 objection (Doc. # 5079) to the Special Master's March 4, 2011 Order of Dismissal regarding his claim (Doc. # 4995).

      Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1]  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citation omitted).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

---

[1] Special Masters are subject to the Code of Conduct for United States judges.  *See* Fed. R. Civ. P. 53(a)(2) & (3).  Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

Special Master Borchers dismissed Claimant's claims because he failed to file them or before April 30, 2010; thus, this Court lacks jurisdiction over the claims. (Doc. # 4995 at 1.) In so ruling, the Special Master did not abuse his discretion, because he was complying with this Court's April 6, 2010 order authorizing the acceptance of **only** those *pro se* class member claims filed by April 30, 2010. (Doc. # 4412.)

Further, the Court is not persuaded by Claimant's argument that class counsel unreasonably failed to respond to his repeated requests for assistance and that the Court should therefore decline to affirm the Order of Dismissal without having first received and considered an objection filed by class counsel on Claimant's behalf. (Doc. # 5079 at 1-3.) Article XXXII of the Remedial Plan specifically states that class counsel is not obliged to pursue any individual's claim:

> Plaintiffs' class counsel may or may not represent individual class members with respect to their individual damage claims. Class counsel does not have an obligation to represent any individual with respect to their individual damage claim.

(Article XXXII of the Remedial Plan.) Accordingly, class counsel had no duty to respond to Claimant's requests for assistance.

For the foregoing reasons, it is ORDERED that Claimant's objection (Doc. # 5079) is OVERRULED. It is FURTHER ORDERED that the Order of Dismissal of the Special Master (Doc. # 4995) is AFFIRMED.

DATED: May  15 , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Unites States District Judge