IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER ON CLAIMANT STROUD'S OBJECTION TO ORDER OF DISMISSAL OF THE SPECIAL MASTER

This matter is before the Court on Claimant Charles Stroud's letter to the Court (Doc. # 4990), dated February 28, 2011, stating his desire to appeal the Special Master's October 1, 2010 Order of Dismissal regarding his claim (Doc. # 4865).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1] A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citation omitted). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these

---

[1] Special Masters are subject to the Code of Conduct for United States judges. *See* Fed. R. Civ. P. 53(a)(2) & (3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In the instant case, Claimant previously filed a claim pursuant to Article XXXII of the Remedial Plan. (*See* Doc. # 4865 at 1.) Special Master Davidson determined that Claimant was mobility impaired and that he had been discriminated against in violation of the Americans with Disabilities Act as to his mobility impairment. (*Id.*) The Special Master consequently awarded Claimant $500 in damages. (*Id.* at 2.) Shortly thereafter, Claimant filed a further motion requesting the Special Master to issue an order directing DOC to provide him special boots and shoes. (*Id.*) In April, 2010, Claimant filed a motion for enforcement of the final order, and in that motion he detailed continuing problems in receiving appropriate footwear. (*Id.*) In the instant motion, Claimant states that he has been paid the $500 award. (Doc. # 4990 at 2.)

In his Order, Special Master Borchers dismissed Claimant's post-award claims for lack of jurisdiction. (*Id.* at 5.) He explained that "Article XXXII of the Remedial Plan allows for the filing of one claim and an adjudication of that claim."[2] (*Id.*) Thus, the Special Master's jurisdiction ended when Claimant's claim was adjudicated on January 14, 2008. (*Id.*) In so ruling, the Special Master did not abuse his discretion.

---

[2] The Special Master has continuing jurisdiction to enforce compliance with an award of damages. In the instant case, however, there is no need for such enforcement, as Defendant received the damages he was awarded.

2

For the foregoing reasons, Claimant's objection (Doc. # 4990) is OVERRULED, and the Order of Dismissal of the Special Master (Doc. # 4865) is AFFIRMED.

DATED:  May   15  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge