IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER FOR SUPPLEMENTAL BRIEFING FROM PARTIES

This matter is before the Court on Special Master Borchers' February 11, 2013 Order. (Doc. # 5362.) In that Order, the Special Master raised the issue of what, if any, continuing jurisdiction he has over individuals' claims once a Final Order issues. (*Id.*) The question was brought to his attention by Defendants, whose recent "identical pleadings concerning two claims" (*id.* at 3) asserted that the Special Master "lacks continuing jurisdiction over any *Montez* individual damages claim."[1] (*Id.* (quoting Defendants' pleadings).) To support their assertion, Defendants argued that because Judge Kane had found Defendants to be in substantial compliance with the Remedial Plan on September 11, 2012 (*see* Doc. # 5314), the limited continuing jurisdiction he

---

[1] Defendants also argued that the Special Master lacks jurisdiction to consider any allegations that do not pertain to the Final Order on a claim. (Doc. # 5362 at 4.) Because the Court has already ruled on this issue, further discussion thereof is unnecessary. (*See, e.g.*, Doc. # 5375 at 2 (affirming the Special Master's finding that he has no jurisdiction over additional claims filed after an individual's initial claim is adjudicated).)

had granted the Special Masters, in a January 19, 2011 Order (Doc. # 4960), was effectively discontinued. (Doc. # 5362 at 4.) The January 19, 2011 Order stated that, with respect to motions filed by individual claimants seeking enforcement of a Final Order, the Special Master

> retains jurisdiction to receive and consider motions seeking the enforcement of . . . Final Orders. *This jurisdiction is extremely limited.* It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for a failure to comply.

(Doc. # 4960 at 2 (emphasis in original).)

In his February 11, 2013 Order, Special Master Borchers stated that the "jurisdictional issues raised by Defendants must be dealt with and resolved by the Court." (Doc. # 5362 at 5.) He then asked Defendants to file any additional jurisdictional motions they may have by March 4, 2013. (*Id.*) Further, the Special Master requested class counsel to respond to Defendants' motions by April 1, 2013. (*Id.*) To date, neither party has submitted any additional filings on this issue despite the Special Masters' request.

Accordingly, it is ORDERED that class counsel SHALL SUBMIT briefing to the Court on the following issues:

1) Does the Special Master have continuing jurisdiction to enforce non-monetary awards given in Final Orders?

2) Does the Special Master have continuing jurisdiction to enforce monetary awards given in Final Orders?

If class counsel's resolution of either of these questions is "yes," then class counsel SHALL ADDRESS the following questions:

2

3) Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by individual claimants?

4) Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by class counsel?

Class counsel will be given up to and including July 22, 2013, to file this briefing.

It is FURTHER ORDERED that Defendants SHALL REPLY to this briefing <u>on or before August 5, 2013</u>.

Dated: July __03__, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge