**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

---

**ORDER ON CLAIMANT SANTISTEVAN'S OBJECTION TO THE ORDER OF
DISMISSAL OF THE SPECIAL MASTER**

---

This matter is before the Court on Claimant Arthur Santistevan's June 29, 2010 objection (Doc. # 4715) to the January 11, 2007 Order of Dismissal issued by the Special Master with respect to his claim (Doc. # 2477).

Abuse of discretion is the standard of review in this instance. (Montez Remedial Plan at 28.)[1]  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citation omitted).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these

---

[1] Special Masters are subject to the Code of Conduct for United States judges.  *See* Fed. R. Civ. P. 53(a)(2) & (3).  Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district court's decision.

rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In his Order of Dismissal, Special Master Borchers noted that "Claimant was released on parole" after filing his original claim and that the "Special Masters did not receive from Claimant an updated mailing address." (Doc. # 2477 at 1.) After contacting Claimant's parole agent, the Office of the Special Master discovered that Claimant had absconded. (*Id.*) Special Master Borchers dismissed Claimant's claim on the basis that the "[c]ourt does not need to invest its resources on an appeal where a defendant has chosen to absent himself."[2] (*Id.* (citing *Gonzales v. Stover*, 575 F.2d 827 (10th Cir. 1978)). The Special Master logically analogized the instant case to those filed by defendants who become fugitives while their appeals are pending, which courts need not entertain, and applied corresponding caselaw; in so doing, he did not abuse his discretion.

Further, the Special Master instructed Claimant that if he intended to file an objection to the Order, he had to do so by January 29, 2007. (*Id.* at 2.) Claimant failed to file any objection until three-and-a-half years later, on June 29, 2010. (Doc. # 4715.) As such, the Court treats his objection as a new claim. Pursuant to Judge Kane's April 6, 2010 Order, all *pro se* class members had to file their claims by April 30, 2010. (Doc. # 4412.) Because Claimant missed this deadline, his claim cannot be considered under

---

[2] In his Order, the Special Master further stated that Claimant might be able to reinstate his claim if he could establish "good cause." (Doc. # 2477 at 1.) It appears Claimant did attempt to re-open his claim, and, in a more recent Order of Dismissal (filed on October 20, 2010), the Special Master found that Claimant "provided no compelling or legitimate reason for re-opening his claim." (Doc. # 4884 at 1.)

the Montez Remedial Plan. Claimant's remedy is to speak with class counsel or to file a separate claim under the Americans with Disabilities Act.

Accordingly, it is ORDERED that Claimant's objection (Doc. # 4715) is OVERRULED.

DATED: July __03__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge