**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 92-cv-00870-CMA-OES

JESSE (JESUS) MONTEZ, *et al.*,

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.*,

Defendants.

---

**PLAINTIFFS' SUR-REPLY REGARDING**
**CONTINUING JURISDICTION OF THE SPECIAL MASTER**[1]

---

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP; Edward T. Ramey of HEIZER PAUL GRUESKIN, LLP; Lara E. Marks of FOSTER GRAHAM MILSTEIN & CALISHER, LLP; and Blain D. Myhre, hereby submit this Sur-Reply Regarding Continuing Jurisdiction of the Special Master.

## I. INTRODUCTION

Class counsel submit this Sur-Reply to respond to new arguments raised by Defendants in their Reply to Response to Position Statement Regarding Continuing Jurisdiction of the Special Master ("Defendants' Reply"). First, Class Counsel agree the Special Masters have no jurisdiction to address *new* damages claims in this case. However,

---

[1] The Special Master granted undersigned counsel's request to file a sur-reply.

Class Counsel strongly dispute that the Special Masters retain no jurisdiction whatsoever during the monitoring phase of this case.[2]

In the Court's January 19, 2011 Order, the Honorable Judge Kane held:

> I CLARIFY/ MODIFY the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders... *This jurisdiction is extremely limited.* It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for a failure to comply. In other words, the March 23, 2010 Order is CLARIFIED to reflect that the Special Master retains jurisdiction to receive and consider motions by individual Montez Class members, but only to the extent necessary to make the described recommendation(s). [Doc # 4960].

Thus, contrary to Defendants' argument, there is clear authority in this case for the Special Masters' jurisdiction to "persist past the hearing and issuing of [their] 'written determination[s]' with respect to individual damage claims." [Defendants' Reply at 2, ¶ 5.

The fact that the Court subsequently found substantial compliance with respect to systemic issues is not relevant to the jurisdiction of the Special Masters over individual damages claims. The class-wide issue of substantial compliance has always been treated distinctly from the issue of individual damages claims. [*See* Plaintiffs' Position Statement Regarding Continuing Jurisdiction of the Special Master and Response to Defendants' Position Statement ("Plaintiffs' Position Statement") at 16]. For the reasons articulated in Plaintiffs' Position Statement and the additional reasons set forth below, the Special Masters

---

[2] This position is entirely consistent with the position of Class Counsel at the status conference/hearing cited by Defendants. [*See* Defendants' Reply at 2, ¶¶ 3, 4; Doc. # 4131 at 19-22]. Defendants take Ms. Greisen's comments out of context. Ms. Greisen never addressed the Court's tack-on question about the end of the Special Masters' jurisdiction. Her comments related solely to the issue before the Court at that time – the jurisdiction of the Special Masters over new damages claims during the compliance period.

have *limited* jurisdiction to adjudicate claims regarding enforcement of the Special Masters' Final Orders, as well as the few remaining claims for which objections to a Final Order are still pending before the Court.

## II. ARGUMENT

### A. Defendants are Now Attempting to Re-litigate a Settled Issue in this Case. (Sections A-C, E, F)[3]

In their Reply, Defendants expand upon the issue Special Master Borchers asked the parties to address – namely, the *duration* of the jurisdiction of the Special Masters [2/11/13 Order of Special Master, Doc. # 5362] – and reargue the *scope* of the Special Masters' jurisdiction, which has already been addressed by the Court in this case. Although Defendants acknowledge the Court's January 2011 Order that the Special Masters have jurisdiction to enforce their Final Orders, Defendants nevertheless argue that "compliance with the provision of a tangible item is a one-time event" [Defendants' Reply at 5, ¶ 13] and that the Special Masters have no jurisdiction if Defendants complied at some point with the relevant Final Order. [*See* Defendants' Reply at 3-4].

This argument is clearly contrary to the Court's January 2011 Order and the intent of the Remedial Plan. Under this argument, if the Special Master ordered a hearing aid battery for a hearing impaired claimant as a remedy for discrimination, and DOC provided that battery but then took it away a week later or failed to replace it when it died, the Special Master has no jurisdiction to compel DOC to provide another battery. This argument would also mean that, if the Special Master ordered that a mobility disabled claimant should be

[3] Class Counsel have tried, as much as possible, to track their sur-reply responses to the headings Defendants used in their Reply.

provided appropriate medical shoes as an accommodation, so long as DOC provided the shoes for two days, nominal compliance would divest the Special Master of any jurisdiction to subsequently enforce his Final Order. That is simply not a common-sense interpretation of the Court's January 2011 Order, nor is it consistent with the intent of providing a damage claim process to remedy discrimination.

As discussed above, the Court has already made clear that the Special Masters are not divested of jurisdiction once they order the provision of a non-monetary item – instead, they have continuing jurisdiction to enforce their Final Orders, as well as to order sanctions for non-compliance. [Doc. # 4960]. That jurisdiction must include the provision of new or replacement durable medical equipment, if necessary, during the pendency of this action. To find otherwise, would be to perpetuate the discrimination the Remedial Plan was designed to address and undermine the intent and spirit of that contract and the Special Masters' Final Orders. In fact, the very purpose of the monitoring period is to ensure that DOC does not retreat from the compliance it has achieved by taking away the accommodations it provided in accordance with the Remedial Plan and the Special Masters' Final Orders to remedy discrimination.

Defendants further argue that "there is no dispute that each of the offenders was provided with the non-monetary item ordered by the Special Master." [Reply at 5, ¶ 9 (emphasis omitted)]. That is simply inaccurate. In fact, one of the motions for enforcement that started this jurisdictional debate was brought by a blind inmate, Benny Padilla, who claimed that he was not provided instruction in Braille, as required by the Special Master's Final Order. Defendants objected to Mr. Padilla's request, arguing that the Special Master has

no jurisdiction to resolve whether Mr. Padilla was provided appropriate Braille instruction. Thus, the Special Master never conducted the fact finding process to determine whether compliance with the Final Order was achieved. [2/20/13 Order of Special Master re Ben Padilla, Doc. # 5363 (Attachment A)].[4] If the Special Master has no jurisdiction to resolve such disputes, then the Court will be placed in the position of conducting this fact-finding hearing, which is exactly what the Court's January 2011 Order was meant to prevent.

B. **The Damage Claim Process is Being Appropriately Handled by the Special Master (Section D)**

Defendants argue that claimants are raising issues before the Special Masters that go beyond the scope of the damage claim process. [Defendants' Reply at 6-7]. This argument is a red-herring. While it may be true that there are a few isolated instances where claimants have raised issues outside the scope of the current jurisdiction of the Special Masters, the Special Masters have quickly and appropriately dismissed these issues. For instance, the one example cited by Defendants regarding requests by Mr. Bretz that were outside the scope of the Final Orders in his case were summarily dismissed by the Special Master. [*See* 12/19/11 Order of Special Master re Kevin Mark Bretz, Doc. # 5231 (Attachment B); 2/20/13 Order of Special Master re Ben Padilla, Doc. # 5363 (Attachment A)]. Certainly, when a complicated damage claim process involves *pro se* inmate claimants, there may be some claimants that do not fully understand what falls within the process. That is almost inevitable – but it is not a basis to extinguish the jurisdiction of the Special Masters. Here, the Special Masters have promptly and appropriately disposed of any claims outside the scope of their Final Orders in

[4] It is noted that, to the extent Mr. Padilla raised issues beyond compliance with the Final Order, the Special Master appropriately declined to address those other issues. [*Id*. at 2].

the few cases that such claims have been made.

C. **The PLRA is Not Relevant to the Special Masters' Jurisdiction in this Case (Section F)**

For the first time in the history of this twenty-year case, Defendants raise the Prison Litigation Reform Act ("PLRA"), arguing that the statutory provisions regarding special masters should govern the length of the term of the Special Masters here. The PLRA is not relevant to the issue of the continuing jurisdiction of the Special Masters in this case. The question is governed by the contract between the parties, known as the Remedial Plan, and the multiple court orders interpreting that agreement based on traditional contract principles. [*See* Plaintiffs' Position Statement at 14-15].

D. **The Special Masters Retain Jurisdiction with Respect to Claims Pending Before the Court (Section G)**

Defendants concede that there are a few remaining objections before the Court to the Special Masters' Final Orders, over which the Court obviously maintains jurisdiction throughout the monitoring period and "can issue orders adopting or rejecting recommendations and sustaining or overruling pending objections." [Defendant's Reply at 8-9, ¶ 28]. Defendants do not address, however, what happens with the claims like those of Mr. Padilla, discussed above, which are currently stayed pending a decision on the jurisdiction of the Special Masters. If it is determined that the Special Masters no longer have jurisdiction to enforce their own orders, then the burden would fall on the Court to conduct those fact-finding inquiries.

Defendants also argue that the objections filed by Class Counsel regarding matters raised in the damage claims process that involved systemic issues are now moot because of

the Court's finding of substantial compliance. [Defendants' Reply at 9, ¶ 30]. This argument, however, conflates two very distinct processes in this case – the systemic compliance issues and the individual damage claim process. While Class Counsel's objections may be moot with respect to whether DOC's policies demonstrate systemic non-compliance with the Remedial Plan, they are not moot with respect to whether the policies were discriminatory *as applied* to the individual claimants.

For instance, in the case of Mr. Morris (as discussed in Plaintiffs' Position Statement at 12), the Court is being asked to determine whether the Special Masters should have addressed Defendants' policy of denying Mr. Morris a prosthetic device because he could use a wheelchair.[5] If Defendants' policy of refusing Mr. Morris a prosthetic devices could have been a timely discriminatory act, as alleged by Class Counsel, then there would need to be a factual determination regarding whether discrimination occurred. Without a Special Master, that burden falls on the Court. Likewise, if the Court overturns the Special Master's finding that the discrimination against inmate Robert Riplie occurred outside the relevant time period, it must make factual determinations as to Mr. Riplie's complaint that he was denied appropriate footwear, which was never addressed by the Special Master, and his complaint that DOC's policy of assigning a medical code to diabetics precluded him from assignment to the lower level facilities, which offer a much broader range of jobs. [*See id.* at 13 (discussing Mr. Riplie's claims)].

The damage claim process of the Remedial Plan and the subsequent orders of the Court were expressly designed to relieve the Court of having to engage in these fact finding

[5] This objection has been pending since October 24, 2011.

missions. As the Honorable Judge Kane recognized long ago, the Special Masters are in a better position to determine individual damages issues than the Court because of their great expertise and knowledge of these particularized claims. [Expansion Order, Doc. # 3336]. The role that the Special Masters have played for the Court over the last decade is no less important now – albeit much more limited. There is no basis at this time to divest the Special Masters of their limited jurisdiction throughout the conclusion of this case.

## III. CONCLUSION

For the reasons set forth above and in Plaintiffs' Position Statement, the Special Masters retain jurisdiction to adjudicate the few remaining claims regarding enforcement of the Special Masters' Final Orders, as well as the few remaining claims for which objections to a Final Order are still pending before the Court.

RESPECTFULLY SUBMITTED this 26th day of June, 2013.

KING & GREISEN, LLP

*s/ Jennifer Weiser Bezoza*
Paula Greisen
Jennifer Weiser Bezoza
1670 York Street
Denver, CO 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
bezoza@kinggreisen.com

Edward T. Ramey
Heizer Paul Grueskin, LLP
2401 15th Street, Suite 300
Denver, CO 80202
(303) 595-4747 telephone
(303) 595-4750 facsimile

eramey@hpgfirm.com

Lara E. Marks
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
(303) 333-9810 telephone
(303) 333-9786 facsimile
lmarks@fostergraham.com

Blain D. Myhre
P.O. Box 3600
Englewood, CO 80155
(303) 250-3932 telephone
blainmyhre@gmail.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2013, the foregoing **PLAINTIFFS' SUR REPLY REGARDING CONTINUING JURISDICTION OF THE SPECIAL MASTER** was emailed to the following:

Jacquelynn N. Rich Fredericks
Colorado Department of Law
jacquelynn.fredericks@state.co.us
*Attorneys for Defendants*

*s/ Laurie A. Mool*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2013, the foregoing **PLAINTIFFS' SUR REPLY REGARDING CONTINUING JURISDICTION** was placed in the United States Mail, addressed to the following:

Mr. Paul Inman, #89591
FCF
P.O. Box 999
Canon City, CO 81215-0999

Mr. James Rudnick, #68432
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. Robert Jones, #63565
LCF
49030 State Highway 71
Limon, CO 80826

Mr. Fernando Ramirez, #99458
No last known address provided - Parole

Mr. Ben Padilla, #82114
LCF
49030 State Highway 71
Limon, CO 80826

Mr. Steven Walker, #114350
No last known address provided - Parole Southeast Region

Mr. Verlyn Bald Eagle, #98784
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. Byron Cortez, #45627
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Kevin Mark Bretz, #46584
CSP
P.O. Box 777
Canon City, CO 81215-0777

Mr. Gerald Sensabaugh, #100656
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Marty Bueno, #50565
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Keith Schwinaman, #105240
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Lee Filipiak, #109936
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Donald Revere, #69342
No last known address provided - P2 Parole-Denver West Metro Region

Mr. James Wylie, #114060
SCF
P.O. Box 6000

Sterling, CO 80751

Mr. Raymond Goodloe, #51437
No last known address provided - Parole -Southeast Region

*s/ Laurie A. Mool*
Paralegal, King & Greisen, LLP