EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

    Plaintiffs,

-vs.-

JOHN HICKENLOOPER, et al.,

    Defendants.

_____

Claim Number: 03-038
Category III
Claimant: Ben Padilla, #82114
Address of Claimant: LCF, 49030 State Highway 71, Limon, CO 80826
_____

## ORDER OF SPECIAL MASTER
_____

    THIS MATTER comes before the Special Master on the letter written on Claimant's behalf and received on December 7, 2012. The letter raised concerns about actions taken against Claimant. The letter was treated as a motion, and Defendants were directed to file a response. The response was received on January 29, 2013. Claimant was granted up to and including February 19, 2013 in which to file a reply. That reply has been received and reviewed.

    Claimant came into DOC custody in 1993. Claimant is blind as the result of a gunshot accident in 1980. Claimant filed a claim pursuant to Article XXXII of the Remedial Plan. He alleged that he was disabled due to vision and hearing impairments. Hearings were held on this claim in 2005, 2007, and 2008. On March 17, 2008, the Special Master issued a final order finding that Claimant was vision impaired and the victim of discrimination prohibited by the ADA. The Special Master found that "the claim of Ben Padilla is granted to the extent noted, and Claimant is to receive instruction in Braille and damages in the amount of $1,500." *Final Order,* p.11.

    Claimant acknowledges that he received the $1,500 that was awarded to him. Defendants allege that Claimant did not want Braille instruction. Claimant disputes this, saying, in part:

> Claimant was "offered" Braille instruction by a non-Braille inmate, and DOC placed so many restrictions on claimant's instruction that it was nearly impossible to do any Braille drills.

Claimant argues that other, more pressing problems have arisen since he was transferred to the Limon Correctional Facility (LCF).

Claimant's initial letter and response raise numerous issues about treatment provided to Claimant at LCF. Those issues go beyond the money and Braille instruction provided to Claimant.

In his order of January 19, 2011, Judge Kane ruled, in part, as follows:

> 1. I begin by reiterating the gist of the March 23, 2010, which is that the time for receiving and considering new, amended, or otherwise revised *pro se* claims for relief under § XXXII of the Montez Remedial Plan is over. Class members alleging new instances of disability discrimination or deliberate indifference to serious medical needs must proceed, as any other inmate whose disability-related claims arose after August 2003, in a separate and independent pro se action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir 1991).

Judge Kane went on to say:

> 2. However, given that category of individual Montez Class claims that the Special Master identifies as having been the subject of Final Orders favorable to an inmate but with which the inmate contends Defendants have not fully complied, I clarify/modify the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders. *This jurisdiction is extremely limited*. It exists solely to the extent necessary for the Special Master, on his own motion, to recommend that Defendants be ordered to comply in some specific way with an existing Final Order of the Special Master *or to recommend the imposition of sanctions* for failure to comply. (Emphasis in original).

The Special Master has jurisdiction only to determine if Defendants have complied with the Final Order.

In this case, the Special Master ordered Defendants to pay Claimant money damages and to provide Braille instruction. Defendants paid Claimant the sum of $1,500, and that issue is no longer before the Court. There is a question raised in Claimant's reply concerning the adequacy of the Braille instruction provided. That issue will be held in abeyance pending resolution of Defendants' jurisdictional challenges.

The Special Master has no jurisdiction over accommodation requests. Claimant will have to pursue the new issues through the grievance procedure and then file a new lawsuit. The only issue the Special Master has any potential jurisdiction over is the Braille instruction.

2

Defendants in their response to the initial letter argued that all jurisdiction over claims filed pursuant to Article XXXII of the Remedial Plan has ended. This is predicated on the finding by Judge Kane on September 11, 2012 of "substantial compliance" by Defendants with the Remedial Plan. If Judge Arguello agrees with Defendants, then all claims are at an end.

Claimant's letter will be treated as a motion for relief. That motion will be denied as to all issues except the question of the appropriateness of the Braille instruction. The Braille issue will be held in abeyance pending resolution of Defendant's jurisdictional arguments.

IT IS HEREBY ORDERED that Claimant's letter, being treated as a motion, is denied as to all claims, except that dealing with Braille instruction which is held in abeyance; and

IT IS FURTHER ORDERED that Claimant, Defendants and class counsel are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before March 25, 2013.**

SIGNED this 20th day of February, 2013.

BY THE COURT:

*/s/Richard M. Borchers*

_____
Richard M. Borchers
Special Master

3