IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

**DEFENDANTS' POSITION STATEMENT REGARDING CONTINUING JURSIDICTION OF THE SPECIAL MASTER**

Defendants, through the Colorado Attorney General, respectfully submit their position that the Special Master lacks continuing jurisdiction in the present matter.

**PRELIMINARY STATEMENT**

This case was originally filed May 5, 1992. Doc. 1. On August 27, 2003, after a class certification, a settlement was reached. Doc. 527. Additional stipulations were entered into by the parties in 2006 and again in 2008. Doc. 2228 *and see* Doc. 3326. In 2010, a several weeks long compliance hearing was held. Subsequently, on September 11, 2012, Defendants were found to be in substantial compliance with the remedial plan. Doc. 5314. Over the intervening years literally *thousands* of individual damages claims have been adjudicated. *See* Doc. 3571; 3500; 4710; 4756. Indeed, the docket stretches over 5,300 entries long.

Defendants have obtained substantial compliance. Doc. 5314. The time for submitting a new claim or seeking continual review of an existing claim has well passed. The *Montez* Compliance Plan does *not* contemplate endless individual compliance decisions. Accordingly, it has been, and continues to be, the position of the Defendants that the Special Master does not have continuing jurisdiction *ad infinitum* regarding the compliance of the Colorado Department of Corrections (CDOC) with Final Orders issued as to individual claims under the *Montez* class action lawsuit.

## STANDARD OF REVIEW

"The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Sportsmen's Wildlife Defense Fund v. U.S. Dep't of Interior*, 949 F. Supp. 1510, 1514 (D. Colo. 1996) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The plaintiff has the burden of proving that the trial court has jurisdiction. *Bazemore v. Colorado State Lottery Div.*, 64 P.3d 876 (Colo. App. 2002).

## ARGUMENT

The Special Master lacks continuing jurisdiction over any *Montez* individual damages claim. The Special Masters were originally appointed exclusively to resolve damage claims of individual class members. *See* Remedial Plan at Section XXXII. Those duties were subsequently expanded. Doc. 3336. In April of 2008, the Court noted that the Special Masters were appointed to resolve individual damage claims and that "[t]hat process is w*inding down.*" *Id.* at p. 1 (emphasis added).

In April of 2010, the Court ordered that "NO FURTHER PRO SE FILINGS/ CLAIMS SHALL BE ACCEPTED by the Special Masters… April 16, 2010, is the DEADLINE for all *pro se* filings in this case in both of the above-described categories:

i.e. it is the deadline for *pro se* claims under § XXXII of the Montez Remedial Plan as well as for any *pro se* compliance/ enforcement claims for individual or class-wide injunctive or equitable relief under the Plan or Plan-related Stipulations." See Doc. No. 4381 (emphasis in the original). Subsequently, Judge Kane entered an Order which provided for *very limited* jurisdiction to continue before the Special Master. See Doc. 4960 (emphasis in original).

The jurisdiction of the Special Master in the instant case was for the purpose of adjudicating individual damages claims. The Special Master anticipated that "all pending claims will be resolved on or before April 30 2011." Doc. 4893. That claim process has now concluded. To be sure, it has been nearly *three years* since the deadline for filing individual damage claims expired. Where the Special Master has accomplished the purpose for which he appointed, such appointment is properly terminated. *See Roberts v. County of Mahoning*, 495 F.Supp. 2d 784 (ND Ohio 2007). The Remedial Plan further clarifies that "no additional claims … will be allowed during the monitoring period…" See Remedial Plan, p. 29. Accordingly, the jurisdiction of the Special Master was never intended to, and should not, continue in perpetuity.

On September 11, 2012, Judge Kane entered an Order which found Defendants to be in substantial compliance with the Remedial Plan. See Doc. 5314. Accordingly, *all* individual claimant requests for new hearings and review of existing orders subsequent to Judge Kane's Order should be denied for lack of jurisdiction as the *very limited* continuing jurisdiction afforded by Judge Kane (Doc. 4960) concluded with the finding of substantial compliance.

During a 2009 hearing, Judge Kane inquired when the Special Master's jurisdiction would end.  Doc. 4131, pp. 21, 24-15.  Lead Plaintiff's counsel, Ms. Greisen responded, "Once substantial compliance has been achieved, then any damage claims arising after substantial compliance has been found, they have to file their own case at that time."  *Id.* at pp. 22, 2-4; *see also* pp. 21, 15-21.  Ms. Greisen explained that, "No… claims for damages will be allowed during the monitoring period."  *Id.* at pp. 21, 8-9.

On September 1, 2009, Judge Kane stated, "Eventually we're not going to have these special masters… I mean 'eventually' like a litigator that this thing's got to die sometime."  Doc. 4131, pp. 8, 20-24.  Judge Kane further clarified, that "the claims for the class should be fairly dwindling at this point."  *Id.* at pp. 11, 8-9.  Thus, offenders who continue to allege instances of disability discrimination or deliberate indifference to serious medical needs should proceed, as any other offender with a separate and independent action in accordance with *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991); *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005).

It is April of 2013, and Defendants are in substantial compliance.  The Special Master has accomplished the purpose for which he was appointed.  Accordingly, the time is ripe, if not belated, to respectfully and with sincere thanks for his years of faithful service; conclude the jurisdiction of the remaining Special Master.

## CONCLUSION

**WHEREFORE**, for all of the reasons listed above, Defendants respectfully conclude that the Special Master lacks continuing jurisdiction in this matter.

Respectfully submitted this 11th day of April 2013.

>JOHN W. SUTHERS
>Attorney General
>
>/s/ Jacquelynn N. Rich Fredericks
>JACQUELYNN N. RICH FREDERICKS, #39932
>Assistant Attorney General
>Civil Litigation & Employment Law Section
>Attorneys for Defendant
>1300 Broadway, 10th Floor
>Denver, CO 80203
>Telephone:  (720) 508-6603

## CERTIFICATE OF SERVICE

I certify that on April 11, 2013, I filed the foregoing and mailed copies via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Paul Inman, #89591
FCF
P.O. Box 999
Canon City, CO 81215

James Rudnick, #68432
SCF
P.O. Box 6000
Sterling, CO 80751

Robert Jones, # 63565
LCF
49030 State Highway 71
Limon, CO 80826

Fernando Ramirez, #99458 – No last known address provided - Paroled

Ben Padilla, #82114
LCF
49030 State Highway 71
Limon, CO 80826

Steven Walker, #114350 – No last known address provided – Paroled

Verlyn Bald Eagle, #98784
SCF
P.O. Box 6000
Sterling, CO 80751

Byron Cortez, # 45627
LCF
49030 State Highway 71
Limon, CO 80826

Kevin Mark Bretz, #46584
CSP
P.O. Box 777
Canon City, CO 81215

Gerald Sensabaugh, #100656
DRDC
P.O. Box 392004
Denver, CO 80239

Marty Bueno, #50565
CTCF
P.O. Box 1010
Canon City, CO 81215

Keith Swinaman, #105240
CTCF
P.O. Box 1010
Canon City, CO 81215

Lee Filipiak, #109936
CTCF
P.O. Box 1010
Canon City, 81215

Donald Revere, #69342
DRDC
P.O. Box 392004
Denver, CO 80239

James Wylie, #114060
SCF
P.O. Box 6000
Sterling, CO 80751

Raymond Goodloe, #51437 – No last known address provided - Paroled

s/ Mariah Cruz-Nanio