**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 92-cv-00870-CMA-OES

JESSE (JESUS) MONTEZ, *et al.*,

Plaintiffs,

v.

JOHN HICKENLOOPER, *et al.*,

Defendants.

**PLAINTIFFS' SUPPLEMENTAL STATEMENT REGARDING CONTINUING JURISDICTION OF THE SPECIAL MASTER**

Attorneys for the Plaintiff Class, Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP; Edward T. Ramey of HEIZER PAUL GRUESKIN, LLP; Lara E. Marks of FOSTER GRAHAM MILSTEIN & CALISHER, LLP; and Blain D. Myhre, hereby submit this Supplemental Statement Regarding Continuing Jurisdiction of the Special Master.

**INTRODUCTION**

On July 3, 2013, the Court ordered Class Counsel to brief the issue of the Special Masters' continuing jurisdiction over individuals' claims once a Final Order has issued. [Order for Supplemental Briefing from parties, Doc. #5384]. That same day, Class Counsel informed the Court that the jurisdictional issue had already been fully briefed and submitted to Special Master Borchers, and Class Counsel filed its two briefs on the issue with the Court. [*See* Plaintiffs' Position Statement Regarding Continuing Jurisdiction of the Special Master and Response to Defendant's Position Statement ("Plaintiffs' Position Statement"), Doc

#5390; Plaintiffs' Sur-Reply Regarding Continuing Jurisdiction of the Special Master ("Plaintiffs' Sur-Reply"), Doc #5391]. Those briefs are expressly incorporated herein.

To the extent that the answers to the four questions in the Court's Order for Supplemental Briefing are not entirely clear in Plaintiffs' earlier briefing, Class Counsel hereby respond as follows:

## RESPONSES TO QUESTIONS ON
## SPECIAL MASTER'S CONTINUING JURISDICTION

1) Does the Special Master have continuing jurisdiction to enforce non-monetary awards given in Final Orders?

Yes. As fully explained in Plaintiffs' Position Statement and Plaintiffs' Sur-Reply, the issue of the continuing jurisdiction of the Special Master to enforce its Final Orders has been addressed by the Court. In the Court's January 19, 2011 Order, the Honorable Kane held, "I CLARIFY/MODIFY the March 23, 2010 Order to affirm that the Special Master retains jurisdiction to receive and consider motions seeking the enforcement of those Final Orders." The Court's subsequent finding of substantial compliance with respect to systemic issues has no bearing on the Court's clear statement in January 2011 regarding the continuing jurisdiction of the Special Master.

2) Does the Special Master have continuing jurisdiction to enforce monetary awards given in Final Orders?

Yes. The Court held in January 2011 that the Special Master has continuing jurisdiction to enforce its Final Orders. It did not distinguish based upon the *type of relief* granted in the Final Order. Thus, it makes no difference whether the Final Order granted a monetary or non-monetary award. The Special Master has continuing jurisdiction to enforce *all* of its Final Orders. As a practical matter, however, the issues that have arisen with respect

to enforcement of the Special Masters' Final Orders have typically involved non-monetary relief.

3) Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by individual claimants?

Yes. To date, all of the motions for enforcement of the Special Masters' Final Orders have been filed by individual claimants. Thus, it is clear that the Court's January 2011 Order regarding the continuing jurisdiction of the Special Master to enforce its Final Orders applies to enforcement of motions filed by individual claimants.

4) Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by class counsel?

Yes. Class Counsel have never filed a motion to enforce a Special Master's Final Order. However, if Class Counsel were to file such a motion, the Special Master would have continuing jurisdiction over that motion for the reasons set forth above and in Plaintiffs' briefs on this issue. The Court's January 2011 Order regarding the Special Master's continuing jurisdiction does not distinguish based on *who* brought the motion. Thus, there is no reason to make such a distinction now. The Special Master has continuing jurisdiction to enforce *all* of its Final Orders regardless of who invokes that jurisdiction.

**CONCLUSION**

For the reasons set forth above and in Plaintiffs' Position Statement and Plaintiffs' Sur-Reply, the Special Masters retain jurisdiction to adjudicate the few remaining claims regarding enforcement of the Special Masters' Final Orders, as well as the few remaining claims for which objections to a Final Order are still pending before the Court.

RESPECTFULLY SUBMITTED this 22nd day of July, 2013.

        KING & GREISEN, LLP

        *s/ Jennifer Weiser Bezoza*
        Paula Greisen
        Jennifer Weiser Bezoza
        1670 York Street
        Denver, CO  80206
        (303) 298-9878 telephone
        (303) 298-9879 facsimile
        greisen@kinggreisen.com
        bezoza@kinggreisen.com

        Edward T. Ramey
        Heizer Paul Grueskin, LLP
        2401 15th Street, Suite 300
        Denver, CO 80202
        (303) 595-4747 telephone
        (303) 595-4750 facsimile
        eramey@hpgfirm.com

        Lara E. Marks
        Foster Graham Milstein & Calisher, LLP
        360 S. Garfield Street, 6th Floor
        Denver, CO  80209
        (303) 333-9810 telephone
        (303) 333-9786 facsimile
        lmarks@fostergraham.com

        Blain D. Myhre
        P.O. Box 3600
        Englewood, CO  80155
        (303) 250-3932 telephone
        blainmyhre@gmail.com

        *Attorneys for Plaintiffs*

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2013, the foregoing **PLAINTIFFS' SUPPLEMENTAL STATEMENT REGARDING CONTINUING JURISDICTION OF THE SPECIAL MASTER** was emailed to the following:

Jacquelynn N. Rich Fredericks
Colorado Department of Law
jacquelynn.fredericks@state.co.us
*Attorneys for Defendants*


*s/ Laurie A. Mool*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2013, the foregoing **PLAINTIFFS' SUPPLEMENTAL STATEMENT REGARDING CONTINUING JURISDICTION** was placed in the United States Mail, addressed to the following:

Mr. Paul Inman, #89591
FCF
P.O. Box 999
Canon City, CO 81215-0999

Mr. James Rudnick, #68432
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. Robert Jones, #63565
LCF
49030 State Highway 71
Limon, CO 80826

Mr. Fernando Ramirez, #99458
No last known address provided - Parole

Mr. Ben Padilla, #82114
LCF
49030 State Highway 71
Limon, CO 80826

Mr. Steven Walker, #114350
No last known address provided - Parole Southeast Region

Mr. Verlyn Bald Eagle, #98784
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. Byron Cortez, #45627
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Kevin Mark Bretz, #46584
CSP
P.O. Box 777
Canon City, CO 81215-0777

Mr. Gerald Sensabaugh, #100656
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Marty Bueno, #50565
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Keith Schwinaman, #105240
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Lee Filipiak, #109936
CTCF
P.O. Box 1010
Canon City, CO 81215-1010

Mr. Donald Revere, #69342
No last known address provided - P2 Parole-Denver West Metro Region

Mr. James Wylie, #114060
SCF
P.O. Box 6000
Sterling, CO 80751

Mr. Raymond Goodloe, #51437
No last known address provided - Parole -Southeast Region

             <u>*s/ Laurie A. Mool*</u>
            Paralegal, King & Greisen, LLP