IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge: Christine M. Arguello

Civil Action No: 92-CV-00870-JLK-CMA

JESSE MONTEZ, et al.,
                Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,
                Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2013

JEFFREY P. COLWELL
CLERK

CLAIMANT RUDNICK'S OBJECTION TO DEFENDANT'S REPLY
(FILED ON JUNE 7TH 2013) REGARDING CONTINUED
JURISDICTION OF THE SPECIAL MASTER

Claim No: 01-092   Category: I
Claimant: James Rudnick; pro se,
Address: C.D.O.C. Reg No: 68432
           S.C.F 4-A   Bax 6000
           Sterling, CO. 80751

Claimant Rudnick, a Class Member of the above titled action submits
his OBJECTION TO DEFENDANT'S REPLY ... on the following:
Defendants present a "termination of jurisdiction" of the Special Master
based on false or misleading claims; (Filed 6-7-13 attached)
Claimant now contests and challenges these identified claims objecting
on multiple grounds as given below:

      The Defendant REPLY claims listed below correspond to those "Claim -
      -Areas" numerically identified by Claimant on Attached Exhibit A
      [titled: Defendants Reply To Response to Position Statement...]

Claims Challenged from Defendants REPLY (page 1) EXHIBIT A

1. that the individual damage claim process would continue in perpetuity.
2. that this is not a provision which Plaintiffs Counsel bargained for.
3. that this is not reflected by the plain language of the Remedial Plan.
4. that no additional claims ... by new parties — means no further
      supplementary claims by class claimants

Claimant objects to the misleading TIE of "damage claim process";
to, Claims for Need of accommodation 'replacement' or for
Need of accommodation 'improvement', which must exist for
fulfillment of the Court's Order for as long as a Claimant is
disabled, prejudiced, and held in State Custody.

Neither NEW nor ADDITIONAL claims are made by this Claimant
but merely claims seeking fulfillment of the Courts' 2005 Order
for Mobility Accommodations that are needed during his incarceration.

1.

Accommodations simply do not LAST FOREVER and will need replacement (or improvement) to serve the EXISTING ORDER which was made upon consideration of facts and evidence proving one's permanent disability accommodation needs, and, upon established Medical Conditions requiring chronic Medical care [as m"useable" Accommodations for the duration of his incarceration ]

The "issue of 'perpetuity" does not logically connect to "NEW damage claims" and would not be considered by Class Counsel since the matter before this Court now is Continued Special Master Jurisdiction, on EXISTING Claims and the need for Compliance Enforcement. "NEW Damage" Claims referring to "New Claims" – versus – Claims for noncompliance — the latter would obviously include a need for opportunity to seek damages and sanctions every time Non-compliance is an issue.

The question here is: On Simple matters of Accommodation items, such as shoes and chairs, where the Special Master is directly involved with the circumstances and facts of the case, the Claimant, his Medical Condition, and, the Defendants position and Limitations, — Should a Claimant be subjected to perpetual position of having to RE-EXPLAIN his Medical Condition, his disability needs, and, WHY he is prejudiced, to another judge — or be compelled to file a NEW §1983 Law Suit every time his Medical equipment needs require replacement or improvement, simply because Class Counsel did not consider this, or provide for this on a generalized Remedial Plan?

Is not the best solution — one which has the Judge who gave the Original Order, and, who has already held Compliance Hearings on this matter (of Accommodation items), be the Continuing Authority to hold Jurisdiction to ENFORCE his own Order?  The Answer is YES.

In fact, the Yellow Poster Resolution Agreement states that the Defendants must pay damages (10.00 dollars a month) for every month they FAIL to supply replacement Accommodation Items — So;

When the Remedial Plan and "system" (set up by both parties), fails to provide for Claimants Court Ordered Accommodations,

2

Then a claimant must bring this failure to the Attention of the Court in Order for the Court to issue remedy of enforcing Compliance or sanctions.

This is Not NEW DAMAGE CLAIMS Nor SUPPLEMENTAL CLAIMS, and does not matter if its reflected in the plain Language of the Remedial Plan.

Part of the confusion is caused because this "Plan" was drawn up and "Agreed to" without the Claimants, who are AFFECTED by this plan, being involved in the process, stipulations, agreements, or design for such issues as COMPLIANCY, or the defiant, or subversive, or inept issues, or systemic problems, within the C.D.O.C.

Indeed the Class Council has not consulted nor sought input on any of the things in this Remedial Plan, Yellow Poster Resolution, or other such Montez related Remedies from this Claimants.

A new question is raised in that Once an ORDER is issued, for specific Accommodation items, — WHY should a Claimant be at all subject to interfering Plans written by others that cause delay, is inefficient, is not enforced, is Not all-inclusive for all situations, and, allows Defendants to not only interpret what is "Accommodating"—but allows Non-Doctors to make Medical Decisions ... and gets the legal backing of the Attorney General literally Arguing support for Defendants Non-Compliance.

This above describes a whole new form of discrimination. Keeping prisoner claimants bound to the "loops" set-up by those who fail to see the harm, or are willfully indifferent to the detriment caused as a consequence of such a "plan".

[And where prisoner Claimants are held to the limitations under PLRA now being argued as means to cut-off Accommodations After this Two year Monitoring Period — Now put into position to have to FILE A NEW CLAIM under § 1983 EVERY 2 YEARS in order to maintain his Accommodations he needs for Life ]

3.

Defendants claim (Unbased 4) that no additional claims ... — by NEW PARTIES — means no further supplementary claims by class claimants is far reaching interpretation.

Claimants are entitled to seek adjustments of an Order which may simply be to allow minor change in their specified Accommodation for purposes of Aiding in Accomplishing the same result.

— (or) to more accurately FIT the Medical Condition Need of this Claimant —

[ As in requesting Court to bring Compliance by Alternate "item supplier" or requesting "specific height" or "FIT" to better serve Condition ]

In this Claimant Case — Chair height is a crucial consideration for his Medical Condition. Boot SHAPE is a critical factor for FIT of his Feet. And IF these factors are not permitted. Then Defendants may make "Any Chair" or "any shape boot" be sufficient criteria serving (in-their-own-belief) as Compliance, When in fact, FAILS to accommodate the specific issues of his Disabling Medical Condition this Court Order use to Accomplish.

After numerous visits with the Prison facility staff and their providers — without successfully obtaining proper FIT items the Court was addressed — Not a NEW claim but a Supplemental Claim - Not a Different claim — !

THREE Compliancy Hearings were held =

    One for Boot "replacement" issue      2011
    One for Chair "replacement & FIT" issue    2012
    One for Boot "replacement & FIT" issue.    2012

Claimant is still without proper FIT boots — Having to wear boots too Narrow damaging his toes and causing instability with normal use activities.

Claims Challenged from Defendant's REPLY (page 2) EXHIBIT A

5. That the Special Master has fulfilled his purpose.

This claim is challenged since Enforcement issues remain unfulfilled AFTER TWO Compliancy Hearings and Claimant's Objections Remain unanswered (filed to Judge Kane) [ ongoing CARE and CONFLICT issues remain unresolved ]

4.

Objections were filed because Special Master Borchers issued his Ruling unaware of specifics (as addressed in this Claimant Objections) exposing the misleading and inaccurate information used by the Defense at these Hearings — including issues sufficient to raise Disbarment proceedings.

6. That Class Counsel is in conflict regarding Jurisdiction during the monitoring period

First, class counsel does not represent individual Claimants (which is confusing) and, counsel does not represent Claimants "best interests" in the 'Agreements and/or stipulations' Second, Counsel has already clarified this issue in their Sur Reply

7. That no additional filings for pro se Claims were to be accepted.

This Claim is challenged and contested on the same grounds as stated on pages 1-4 of this Objection

Further, Defendants claim appears to "attempt to tell the Court to close its doors" to ongoing conflict issues of all types, including matters of Enforcement of existing Accommodation Orders where harm is occurring to pro se Claimants because of Defendants non-compliance or faulty compliance.

The Special Master Duties are part of this compliance and his participation is required when misinformation or other factors have 'infected' his Rulings, and the consequences negatively affect Claimants and all future Claimants under similar situations.

Claimants seeking enforcement — are not void filings.

Claims Challenged from Defendants REPLY (page 3) EXHIBIT A

8. That there is no further jurisdiction to order NEW or continuing non-monetary items.

9. That there is no need for further hearings on what is tantamount to this subsequent provision of continuing medical care

10. That the Defendants have complied with the Special Masters Orders.

These claims are under the SAME CHALLENGE and CONTESTED on the SAME GROUNDS stated on pages 1-4 of this OBJECTION [Also, Class Counsel has provided response to this in their SUR-REPLY]

No further Hearings are Necessary IF the Defendants would provide "proper Accommodations" that serve what this Court has Ordered and the Claimants Medical Condition, IF there was indeed "compliance", there would be NO need for pro se Claimant correspondence or filings for : (#1), HELP to get what his Medical Conditions Need as far as Accommodations, and, (#2), HELP to deal with the Defendants "systemic Problems" that cause delay and/or denial of "useable Accommodations" and "replacement items"; and, (#3) there would be no need for these detailed explanations exposing the first two [HELP] issues.

Claims Challenged from Defendant's REPLY (page 4)   EXHIBIT A

11. that the Special Master did not order continual provision of equipment or replacement equipment,

12. that the FINAL ORDER provided for the singular provision of a non-monetary item.

These are the stumbling blocks for these Defendants and are claims which this Claimant Challenges on the grounds given on page 1-4

In Order to comply to the Criteria for this MONTEZ-ADA suit, prisoners filled out special FORMS which specified a Claimants Disability and prejudices requiring SPECIAL ACCOMMODATIONS for PERMANENT MEDICAL CONDITION and CHRONIC CARE needs. backed by Medical Records, Specialists, and Clinical staff or other reports.

These Claims (11 & 12) fail to consider the permanence of the Need of such Accommodations for Claimants entire incarceration,

6.

The Special Master does not make its Accommodation Order for = "ONE TIME ONLY" due to the above criteria [that the items Ordered would be for a permanant Medical Condition to provide Accommodation for the ENTIRE TERM A CLAIMANT IS HELD IN DEFENDANTS' CUSTODY]

This Accommodation Order must stand not only for the duration of one's CUSTODY, but for the inclusion of "REPLACEMENT" items under reasonable expectation that individual Accommodation items simply are Not expected to be forever durable - "perfect fit" with an "inability to wear out" or - for the Claimant's Condition Not to have need of slight Modifications for FIT or REPLACEMENT of Accommodation items over time.

And, a special Master is already familiar with the individual needs of those Claimants assigned to him, so his Jurisdiction should stand for him to make effective ENFORCEMENT Rulings and "Allowances" or "Adjustments" ORDERS to cause full and effective COMPLIANCE.

There is No doubt in the Original Accommodation Order (2005) that this Claimant was found to have = Permanent Mobility Medical Condition(s) requiring Chronic care, and that his Cond-ition(s) called for the items as Ordered.

The Claimants Order does NOT state = "Accommodations Subject to Defendants's interpretation," or, Allow for them to hold a Claimant hostage to whatever - they-think-works.

The Claimants Order Also does NOT state = "one-time-Only Accommodation" - "Not a continual provision" - "no replacement equipment" - but these however, are how the Defendants have now expressed their interpretation of this Order, and, refuse to provide this Claimant proper fit replacement item

Further, as expressed in Claimants Declaration, (filed 7-25-13) the Defendants feel no obligation or urgency to remedy what has been brought to their attention now for 2 years.

And is part of this Jurisdiction matter now before this Court because the Defendants are making effort to shackle the Existing Special Master Orders to "One-Time-Only" interpret-ation — THEN — block jurisdiction thereby eliminating any further obligation to provide these Medical Accommodation items under the Special Master Order.

In fact, these Defendants have TWICE before shown intent to BLOCK Claimants Accommodations, FIRST by Appealing the Special Master's 2005 Order, and SECOND by threat of taking away Accommodations — because they have Claimant [on video] on exercise equipment —

    This was presented at one of the Compliancy Hearings where the Special Master admits the Claimant has a right to do what he is able to do to keep healthy.

Now this effort to block or deny Accommodations continues with these bizarre interpretations [One-Time Only] and the twisting of P.L.R.A., and the MONTEZ Resolution, to essentially force Claimants to have to REFILE new §1983 Claims every TWO years to get, or, to keep their Medical Accommodation items, that have been Recognized by this Special Master and covered in his Order for this Claimant's non-Monetary Award for items.

It has become a vehicle for Defendants to use as threat of harm (or actual harm) by mis use of law, to deny medical Accommodations, despite their oath and duty as State officials under Standards of conduct and the State Law requiring them to provide prisoners proper medical care and treatment.

The consequences will continue to harm by further threat (revealed at this Last Compliancy Hearing) where the Defendants asked the Attorney General representative to seek punitive award & Attorney Fees against this Claimant, that the Special Master Denied.

Where does the SEEKING of proper Medical Accommodations become FUEL for Defendants to pursue punitive measures by: Appealing Court Decisions, blocking Accommodation items, forcing use of wrong fit items, threats to take away items, derision against a Claimants exercise efforts, or his LEGAL efforts, and, threats to CHARGE him for "Attorney Fees"?

This Claimant wants a REPLY from Defendants answering:

- WHY they feel they have this drive to punish, instead of working to provide simple Accommodations?

- WHY do they Not understand these Accommodations are necessary and **must include** proper FIT, useability and TIMELY REPLACEMENTS.?

- How can they justify the high costs of defending these efforts to <u>deny</u> further Accommodations, over the costs of simply providing what are "Medical need items" already recognized by Specialists and this Court?

<u>Further Claims from Defendants REPLY (page 4)   EXHIBIT A</u>

13. That claims seeking NEW [replacement] equipment are not properly construed as simple requests for enforcement but fresh claims.

14. That the absence of a continuing maintenance order --- means Special Master has no jurisdiction as it does not pertain to whether or not Defendants complied specifically with a Final Order.

15. That Claimants cannot use the now-concluded damages claim process to obtain new or replacement durable medical equipment not contemplated by their Final Order.

16. That, despite the above (#15), Defendants regularly provide replacement equipment for offenders in the form of replacement accommodations when a Court-ordered item wears out.

Defendants attack "pro se" prisoner claims for replacement items being "not properly construed" THEN they describe them improperly as "frivolous claims".

Claimant challenges this attack (Claim) as unreasonable and offensive since prisoners are not Lawyers, and, without the cooperation on the part of the Defendants, claimants' must bring 'lack of compliance' issues to the Court by their own best ability.

Defendants Claim #14 "absence of continuing Maintenance Order" does not remove special Master Jurisdiction as explained previously, and, the Failure on Compliance of Orders! (written by Special Master) does Not 'simply go away' when a FINAL ORDER is issued on a "General Coverage" view of the MONTEZ suit — especially when that FINAL ORDER specifically states there are individual Claims Not yet decided.

Defendants [Claim #15] misleads: "replacement claims" (again) as being "New damage Claims" then [Claim #16] Falsely states that Defendants provide "regular replacement equipment when items wear out; despite several complaints currently filed as non-compliance or as Facility Grievances and, being fully aware of — this Claimants filings and Notices to the Court — that [proper] "replacement" items have Not been provided, and that FAULTY examination, equipment, and staff comprehension [or Systemic Problems] have Not been resolved, leaving this Claimant with worn-out, faulty fit accommodations and no remedy for relief.

Claims challenged from Defendants REPLY (page 5) EXHIBIT A

17. That offenders are NOT entitled to seek the replacement of ... items ... just because the original award is worn.

10.

18. That compliance .... is a one-time event — that relief should make Claimant whole.

Both Defendant Claims (#17 and #18) are repetitive of their earlier Claims and challenged as previously given by this Claimant.

Defense Claim that "ONE-TIME RELIEF should make one whole" is wholly absurd in this situation. (Again) this has been previously covered in challenges against a "ONE TIME ONLY" interpretation.

Further, this position fails to consider when the Defendants provide a <u>WRONG FIT ITEM</u>, then fail to comprehend how this <u>item is in NON-COMPLIANCE</u>—

This One Time Only interpretation should not be <u>USED</u> as a weapon against this disabled in need of proper FIT accommodations for their entire term of incarceration.

19. That every offender is free to access ample resources which have been put in place as evidenced by this finding at substantial compliance.

This Claim is challenged on multiple levels, <u>Much</u> has been previously covered in this Objection THEN:

Defendants must show "Ample resources" for these offenders who remain without accommodations (if they exist) and, <u>what OTHER resources</u> there are when this existing "system" fails to provide what is needed, specialist recommended, and Court Ordered.

[i.e. strobe lights for hearing impaired, Lower access door buttons, automatic doors. Covered-protected Med Line Access, and, in Claimant's Case: Proper trained specialists to identify foot size and provide proper FIT boots and orthotics]

NONE of this has been resolved by this FINAL ORDER

Raising this question:
WHO is telling this Court that these Defendants have provided "substantial compliance"?

11c

20. That once a complying provision of an item is accomplished, there is nothing more to review.

21. That nothing... expanded the scope of the Special Master's duties to include the ability to review fresh allegations of the denial of durable Medical equipment such as shoes, canes, and braces.

22. That Claimants... have begun to rely almost exclusively upon Court centered intervention instead of working with Medical providers and the AIC.

These Claims are Contested and challenged on the same grounds previously stated in this Objection and opens the door to Hearings on these matters that will result in harm to the Claimants who cannot get Replacement items without Court intervention. That the Medical Providers and AIC repeatedly fail to "work with Claimants" or provide Access to Specialists who are properly trained, and equipped with products that FIT the Claimants Medical needs.

NOTE: NO REVIEW would be necessary IF products that the Defendants offered actually FIT and served the Medical Condition need.

Claimants would not consult, or correspond, or file Motions, to the Court if the Defendants did their job in a timely and professional manner, and would themselves seek-out HOW to be more efficient, effective, and goal-driven for successful Fit Accommodations.
(But their Actions speak otherwise)

23. That Claimant seeks fourth and fifth Compliance Hearings notwithstanding prior findings that their FINAL ORDERS have been complied with.

Claimant Objects to this assumption — His Objections to the last Hearings have gone unanswered and the matters still remain unresolved.

24. That its time for these Claimants to work with the facility and the plethora of system-wide assets which resulted from this litigation...

25 That whether a Claimant needs new, different or replacement medical equipment is properly a decision for medical providers

These last (3) Claims [23-25] have already been addressed and Claimant has submitted a Declaration to Judge Borchers detailing how efforts made through the providers has failed to provide his accommodations.

Claims from Defendants' REPLY (page 6)    EXHIBIT A

26. that [a] new claims for [b] current accommodations or [c] challenges to ongoing medical care are not properly before this Special Master, any decision entered risks the potential of being unenforceable ... and may be reversable error.

27 that the damage claim process is far afield of its negotiated purpose

these are decisions for the Court - not the Defendants and 26[a],[b][c] have been addressed previously

Also - Any "negotiated purpose" As described here, did NOT involve the participation of this Claimant creating an unenforceable contract failing to provide full and complete disclosure to those AFFECTED by this outside negotiation ACT.

   • Class Counsel claim they do not represent individual Claimants and did not consult with this Claimant to make any negotiations for him

28. That Mr Rednick ... a Category I Claimant ... shall not be entitled to a hearing before the Special Master.

29 that Mr Rednick has now had no less than four Hearings

Defendants Misstate the issue of Hearings for Compliance with Hearings offered Category III and IV Claimants to obtain initial findings for their Medical Condition Accommodation Needs.    The Hearing for Compliance is taken out of context and is not the same as an ORIGINAL ASSESSMENT HEARING.

Secondly, THIS CLAIMANT has Not had FOUR HEARINGS! The Defendants have made a False Claim and attempt to add emphasis by adding Claim # 30

30 [a]   that Three of these hearings occurred in the past two years alone.---

Issues of Compliancy require a Hearing and involves in the case of this Claimant a Request for Order of Contempt under Rule 70 be filed against the Defendants that includes issues of "misconduct" raised in Claimants Objections, sufficient for Disbarment.

30 [b]   that [the above Hearings] were subsequent to to the deadline to file claims

Claimant Objects to this (again) as It resorts back to the wrongful association of Compliance Claims to the NEW damage Claims and attempts to bar Access to the Court by some unrelated deadline

Claims from Defendants REPLY          (page 7) EXHIBIT A

31.   Rudnick was never entitled to a single hearing ---
      [Defendants restating Claims 12-19 ]

32.   that "these examples" are beyond the scope of the duties imbued within the Special Master and issues contemplated by the damage claim process is codified in the Remedial Plan          [irrelevant ]

33.   that further propagation of these claims has no other effect than to protract a long-concluded process and increase the expenses of litigation

14

Defendant's Claims 31-33 are conclusory statements made from irrelevant and non-binding assumptions intended to create a form of fear mongering from exaggerated extraneous factors, and to mislead the Court.

Defendants further add to this with Claims :-

34. That the Court must be sensitive to the extraordinary nature and cost of maintaining Mastership.

35. That continuing jurisdiction ... merely to serve sixteen individual claimants ... would not be an efficient or cost effective use of resources

36. That the Remedial Plan [does not] contemplate that offenders will have multiple hearings

37. That offenders may [not] seek judicial oversight from the special Master in the form of continual monitoring

This appears as a threat against the Court IF it should continue, or allow Claimants to continue, to use this Court for any further purpose involving Accommodation issues   And THEN seems to mock the Court for dealing with these mere sixteen individual Claimants [ Like their needs are beneath the importance of 'judicial oversight']
            — when it is these Defendants who are failing to comply

Defendant appear to disregard the purpose of the judicial system, and the Finality, and Permanence of a FINAL JUDGE- MENT, as well as ; demonstrate an intent to deny the obvious nature and intent of the FINAL ORDER ——— that Accommodations for Permanent Medical Disabilities would certainly be a permanent Accommodation — And this would include the Need of continual enforcement and replacement, or modification, of the items Ordered. And that this Court who made the Ruling and Order should maintain control and enforcement of its Orders, - as well as be in the position to issue sanctions at any time one party fails to comply or seeks to harm the other party benefitting by the Order

15,

Claims from Defendant's REPLY (page 8) EXHIBIT A

38. That once the Special Master has issued his written decision (with which Defendants complied) there is nothing further for him to do and he is divested of jurisdiction over the Claim.

39. That the Special Master's Jurisdiction concludes with the transition into the monitoring period   [PLRA]

40. That the remedial phase has concluded as all individual damage Claims have been adjudicated.

41. That the systemic issues [were] found in substantial compliance.

These Claims are Addressed in previous areas of this Objection Misleading occurs where Defendants claim "compliance" based on a One-Time-Only provision (occurring in 2005) that fails to include obvious Need of follow-up care on this provision (ie. replacement, repair, modification, adjustments)

The individual claimants that were awarded NON-Monetary Orders for items must have continual "Accommodations" for their permanent Medical condition that the Court Awarded Accommodations for in the first place.

Misleading (again) occurs where PLRA, and, Claim of "All damage claims adjudicated", is introduced despite fact COMPLIANCE issues have not been settled — and that includes fact that 'systemic problems' have not been resolved nor dealt with at any of the Compliancy Hearings.

In fact - Class Counsel failed to include "claimants" into this Special Hearing held before Judge Kane and this Claimants Judicial Notice(s) and Hearing Objections have not been Addressed or Answered.

46.

42. that 'regular review' of the appointment of [the] Special Master... has yet been conducted in this matter

43. that in no event shall the appointment of a Special Master extend beyond the termination of the relief

44. that All Claimants have already received the relief in their FINAL ORDERS)

45. that there is no necessity to maintain the continuing jurisdiction of the Special Master.

Claimant objects on the same previous stated grounds.
'Regular Review' is irrelevant.
(Again) "Relief" is misleading, claimed as under their "One-TIME-ONLY" interpretation and excludes the consideration of the Special Masters' INTENT on these orders to be held for the duration of one's incarceration — (see pgs 1-4) (and includes obvious need of replacement, repair etc.)

That the Special Master's jurisdiction must continue when ENFORCEMENT issues have been presented and HARM is resulting from Defendants failing to keep-up with an Existing Order — Made to Accommodate a permanent Medical Condition.

Without the Special Master being involved in Matters that deal with HIS OWN ORDER, enforcement is diminished as there is no oversight — As demonstrated in this Claimants Case, where Class Counsel failed to include him or his Complaints over Systemic Problems which delay or block his needed Accommodations.

Claims from Defendants REPLY (page 8-9) EXHIBIT A

46. RE: Pending Objections
     that no further claims should be filed to include no new claims for replacement of non-monetary items
Claimants objection stands. Claim is challenged on grounds previously stated; the Misleading "New Claims" over "Enforcement" and protection of existing orders that include "Replacement"

47. That any systemic allegations raised in an Objection to an individuals FINAL ORDER were mooted by the Court's finding of substantial compliance on systemic issues.

Claimant holds his Objection on previous raised grounds and argument based on the facts raised therein.
Claimant also holds the position that this Claim indicates Defendant's intent to bury their head in the sand rather than seek to resolve systemic problems that lead to more litigation —

48. That the Remedial Plan only provides Appeal through the District Court Judge [to resolve matters ? ]

49. That there is nothing further for the Special Master to accomplish relevant to his duties.

Matters previously objected on grounds that NEITHER is is Aiding this Claimant to resolve and simplify the need for obtaining his Accommodations —

When Claimant has an Order for Accommodation Items — he should not be forced to go to EITHER of the above to get his Replacement items every time the Defendants FAIL to supply a proper Item, but currently this is his Remedy — to go to the Courts INVOLVED to seek enforcement of this special Master's Order.

Defendants complain of this issue of being REHASHED, but have failed to actually provide an item in an efficient, professional manner that accurately provides an useable Accommodation — instead resort to blame-shifting, and bogus interpretations, that they don't have do provide what the Court has Ordered. And its up to this Claimant to FILE a New Law Suit to get replacement Accommodations.

It's a new low of egregious indifference and prejudice

Claims from Defendants REPLY (page 10) EXHIBIT A

50. That the Special Master is only to address what cannot be effectively and timely addressed by a District Judge.

51. That it is time for the Special Master to terminate his appointment ... the purpose has been fulfilled.

52. That there is presently no need or good cause to preserve unending jurisdiction of the Special Master --- on behalf of sixteen Claimants -- who have all previously had hearings and judgement in their favor and received the items ordered.

Claimant (again) objects and challenges on previous stated grounds that this is Misleading — that this Claim ignores the fact that items RECEIVED does not mean One-time-Only provision since these items "wear out" and must be replaced OVER, Claimants entire term of imprisonment —or— when existing Accommodation items does Not FIT properly to serve the Medical Condition thereby FAILING to Accommodate As Ordered.

It is apparent that the Special Master is best able to handle ENFORCEMENT of his Own Orders, Although the District Court has been advised and NOTICED in this Claimants case of the NonCompliance and Systemic issues that remain unresolved.

Claims from Defendants REPLY (page 11) EXHIBIT A

53. That Defendants request Special Master jurisdiction.... throughout Lonly I the 15 month Monitoring Period.

Claimant challenges this request on the grounds given throughout this Objection and holds that the Special Master is obligated to maintain Oversight jurisdiction until the Orders of Accommodations are provided (that includes any replacement items) -or -at Minimum, to work with District Court to resolve these ongoing Legal issues and Defendants 'systemic problems".

## CONCLUSION

Claimants' Objection Raises this Question=

- What is the point of having a COURT ORDER determined from facts and evidence proving one's PERMANENT DISABILITY ACCOMMODATION NEEDS based on established Medical Conditions involving chronic Medical care that requires USEABLE Accommodation items for the duration of his custody   (IF) the effect of this COURT ORDER is made only temporary — described by some ACT [PLRA] or other bizarre Interpretation which NEGATES this proper Legal Relief and ultimately serves a basis for a new form of discrimination to the harm and detriment of the disabled prisoner who needs this chronic-care Accommodation?

This Claimant Needs the 'Proper-fit' (useable) Accommodations for the duration of his imprisonment under the custody of these Defendants. He has a Court Order that was founded on the original criteria that his Medical Condition was permanent and required items for Accommodating his chronic Medical need. This was Accomplished by the 2005 Court Order from Special Master Borchers. The items are such that normal wear and tear and FIT issues cause them to wear-out (or) need to be Replaced. This can not occur if this Order is Negated or Watered-out by "ACTS" or interpretations of Defendants; and, Requires Judicial Oversight and Control by Authorities best suited to provide workable resolutions.

THEREFORE, based on this Objection to Defendants' REPLY: The Special Master should maintain jurisdiction to Control enforcement (and interpretation) of his own Order — In the alternative, he should be involved in the District Court Level on such decisions for enforcement and modification interpretations.

RESPECTFULLY SUBMITTED this date= July 29th 2013

20.

## CERTIFICATE OF MAILING

I certify that a true and correct copy of this CLAIMANT'S RUDNICK'S OBJECTION TO DEFENDANT'S REPLY (filed on June 7th 2013) REGARDING CONTINUED JURISDICTION OF THE SPECIAL MASTER was sent by US MAIL, postage prepaid, from Logan County Sterling Correctional Facility (upon staff inspection) and Addressed to the following parties on this date = July, 30, 2013

Federal District Court - Clerk
901   19th Street Rm # 105
Denver CO 80294
     Judge Arguello

Colorado Attorney General
Ralph L Carr  Center
13000 Broadway  18th floor
DENVER CO   80203

David Rudnick
CDOC Reg # 105432
SCF 4 A Box 6000
Sterling CO 80751

21.

1        MS. GREISEN:  Actually, I think once the compliance

2  period is over, once substantial compliance has been achieved,

3  then any damage claims arising after substantial compliance has

4  been found, they have to file their own case at that time.  So

5  I think it's even sooner than what the Court is saying.

6        THE COURT:  All right.

7        MS. GREISEN:  It's at the close, once this Court finds

8  substantial compliance, I believe that's when the remedial plan

9  cuts off any damages that arise after that date have to be

10  pursued separately, in a separate action.

11        I think in addition to what this -- I'm sorry, Judge,

12  give me just a second.

13        I think the -- one of the problems created is that the

14  remedial plan, since it does not give this August 2003 date, is

15  we have people who are class members who the plan clearly

16  defines as class members, who have relied on this plan, who may

17  not have filed PLRA proceedings, exhausted PLRA requirements,

18  in reliance on this plan and reliance on the damage-claim

19  process in this plan.  And to say now -- I'm not sure where --

20  there's never been a formal adjudication by this Court of this

21  August 2003 magic date.  I know that we have argued it back and

22  forth a lot, but it's never been -- my understanding is that

23  there's never been any formal agreement on that.  It's just

24  something that we keep hearing being said because that was the

25  date the remedial plan was entered into.

Us Cause!   No Comment/Affirm or Deny Spcl Mstr Jurisdiction