IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

**DEFENDANTS' SUPPLEMENTAL STATEMENT REGARDING CONTINUING JURISDICTION OF THE SPECIAL MASTER**

---

Defendants, through the Colorado Attorney General, respectfully submit their Supplemental Statement Regarding Continuing Jurisdiction of the Special Master pursuant to this Court's Order (Doc. 5384).

**INTRODUCTION**

1. On July 3, 3013, this Court Ordered supplemental briefing from Class Counsel be submitted on or before July 22, 2013 regarding four specific questions. Doc. 53995. In addition, the Court Ordered that Defendants file a reply to the same on or before August 5, 2013.

2. On July 3, 2013, Class Counsel filed their Responsive Position Statement (Doc. 5390) and Sur-Rely (Doc. 5391).

3. On July 8, 2013, Defendants filed copies of their Original Position Statement (Doc. 5392) and Reply (Doc. 5393).

1

4. All of the aforementioned were also previously filed with the Special Master. *See* Doc. 5395 p. 2 (discussing same).

5. On July 22, 2013, Class Counsel filed their Supplemental Briefing pursuant to this Court's Order responding to the four enumerated questions. Doc. 5395.

6. Defendants maintain that the jurisdiction of the Special Master should draw to a close. To that end, Defendants hereby incorporate their prior briefing (Doc. 5392 and 5393) by reference.

## RESPONSE TO COURT'S QUESTIONS

The Tenth Circuit has expressly held that inmates *cannot* use the ADA and Rehabilitation Acts to challenge the quality of their medical care in a correctional facility. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005); *Johnson by Johnson v. Thompson*, 971 F.2d 1487 (10th Cir. 1992). The current perpetuation of the damage claim process by prior claimants are merely thinly veiled attempts to litigate present and continuing medical care provided by facility providers and are not properly the continuing subject matter of this litigation nor are such claims within the jurisdiction of the Special Master. Accordingly, Defendants respectfully respond to the Court's four questions as follows:

I. Does the Special Master have continuing jurisdiction to enforce non-monetary awards given in Final Orders?

No. The Special Master lacks continuing jurisdiction to enforce non-monetary awards. Whether an offender was provided an initial pair of "medical shoes" in 2005 and whether those same shoes were appropriately replaced in 2007, 2009, 2011, etc. are distinct issues. The former was properly the subject of a *single* compliance

consideration. The latter is well beyond the scope of the individual *Montez* damage claims process.

Judge Kane's ruled unequivocally, "NO FURTHER PRO SE FILINGS/CLAIMS SHALL BE ACCEPTED… April 16, 2010 [later amended to April 30, 2010]… is the DEADLINE or all *pro se* filings… as well as for any *pro se* compliance/enforcement claims…" Doc. 4381, pp. 5, 2. (Emphasis in original). In this Order, Judge Kane tied the filing of *pro se* individual damage claims to the, at that time, pending compliance hearing. *Id.* Subsequently, Judge Kane clarified his March 23, 2010 Order. *See* Doc. 4960. Judge Kane, "reiterat[ed] the gist of the March 23, 2010 Order… the time for receiving and considering new, amended, or otherwise revised *pro se* claims… is over." *Id.* at pp. 1,1. He further advised that class members who alleged *new* instances of disability discrimination or deliberate indifference to medical needs *must* proceed in a separate and independent action. *Id.* at pp. 1, 2. *Extremely limited* jurisdiction was afforded for the Special Master to consider motions seeking enforcement "in some specific way with an existing Final Order." *Id.* at pp. 2, 2. There was *no* provision which afforded jurisdiction to consider new and continuing violations. Indeed, such claims were specifically exempted from the Special Master's consideration. Doc. 4960.

The plain language of Judge Kane's orders stressed the need for the individual damages claim process, including any enforcement actions, to draw to an efficient close. Doc. 4381, pp. 5, 5; *and see* Doc. 4930, pp. 2, 1-2. It is disingenuous to attribute infinite expectation of multiple compliance hearing opportunities to either order. In the intervening three years and four-and-a-half months since the clarification order issued, prevailing claimants have had ample opportunity to seek enforcement of their original

3

final order.[1]  No claimant was entitled to multiple compliance hearings and the time for such have now passed.  Moreover, Judge Kane wrote that, "[u]nless and until otherwise ordered" after the compliance hearing, no further *pro se* filings were to be accepted.  Doc. 4381, pp. 5, 1.  No such order has issued.  Thus, the Special Master lacks continuing jurisdiction to enforce non-monetary awards.

   II.   Does the Special Master have continuing jurisdiction to enforce monetary awards given in Final Orders?

   No.  The Special Master lacks continuing jurisdiction to enforce monetary awards.  The Special Master himself recognized in 2010, that enforcement of such awards was more limited and finite than awards of non-monetary items.  *See* Doc. 4893, p. 6-7 ("The Special Master would note that he has ruled consistently that claimants who received an award of monetary damages and have been paid are precluded from filing any additional motions.  Jurisdiction arising from Article XXXII ended with payment by Defendants.")  Accordingly, where a monetary award has previously been paid, there is both no reason and no jurisdiction for further consideration by the Special Master.  Furthermore, in the *exceedingly rare* instance where a prevailing claimant was not previously paid, such a situation is readily remedied by the claimant returning their outstanding signed W-9 to the office of undersigned counsel.[2]  Thus, the Special Master lacks continuing jurisdiction to enforce monetary awards.

---

[1] For example: Mr. Goodloe had a compliance hearing in 2011.  Mr. Bretz and Mr. Rudnick have each had *multiple* compliance hearings.  Each of these hearings challenged current and on-going care and sought *replacement* accommodation(s).

[2] Undersigned counsel is specifically aware of only one instance where this is applicable.  In that singular case, the claimant has repeatedly refused to return the appropriate paperwork permitting a deposit of that individual's monetary award into his offender account.  In a show of good faith, undersigned has requested a review of relevant records be conducted to establish if

4

III. Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by individual claimants?

No. The Special Master lacks continuing jurisdiction over motions to enforce Final Orders filed by individual claimants. The time for enforcement of final orders has passed. Class members now have the same remedies available to every offender which is to file a new claim for relief. *See* Section I, above. Thus, the Special Master lacks continuing jurisdiction to enforce final orders.

IV. Does the Special Master retain jurisdiction over motions to enforce Final Orders filed by Class Counsel?

No. The Special Master lacks jurisdiction over motions to enforce Final Orders filed by Class Counsel. Just as the jurisdiction to consider motions for enforcement by individuals claimants has passed, so too has the opportunity for such motions by Class Counsel. Moreover, both the March 23, 2010 and January 19, 2011 Orders from Judge Kane only extended limited continuing jurisdiction over motions to enforce by *pro se individual* claimants *not* Class Counsel. Consequently, Judge Kane distinguished between motions for enforcement by *pro se* claimants and Class Counsel. Specifically, Judge Kane emphasized that it was *pro se* motions for enforcement which remained at issue. Doc. 4381, pp. 5, 2 ("NO FURTHER PRO SE FILINGS…the DEADLINE for all *pro se* filings… it is the deadline for *pro se* claims… as well as for any *pro see* compliance/enforcement claims…"). At *no* point was additional leave for filings by Class Counsel permitted as the extremely limited remaining jurisdiction covered *only individual pro se* motions for enforcement. *See* Doc. 4960 ("…with which the *inmate* contends Defendants have not fully complied… retains jurisdiction to receive and consider

---

any other individual's award has not been disbursed. To the extent such becomes apparent, that claimant will be sent a letter and a duplicate blank W-9 to promote the payment of any such outstanding award.

motions by *individual* Montez Class members…") (Emphasis added).  It is disingenuous to argue that the Special Master retains jurisdiction over *any* compliance motions filed by Class Counsel at this late date.  Thus, the Special Master lacks jurisdiction over motions to enforce final orders filed by Class Counsel.

## CONCLUSION

**WHEREFORE**, for all of these reasons and those in their Position Statement (Doc. 5392) and Reply (Doc. 5393), Defendants respectfully request that the Special Master's jurisdiction in this matter be closed.

Respectfully submitted this 5th day of August 2013.

JOHN W. SUTHERS
Attorney General

/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS, #39932
Assistant Attorney General
Civil Litigation & Employment Law Section
Attorneys for Defendant
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone:  (720) 508-6603

**CERTIFICATE OF SERVICE**

      I certify that on August 5, 2013, I filed the foregoing and mailed copies via the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

King & Greisen, LLP
1670 York Street
Denver, CO 80206

Paul Inman, #89591
FCF
P.O. Box 999
Canon City, CO 81215

James Rudnick, #68432
SCF
P.O. Box 6000
Sterling, CO 80751

Robert Jones, # 63565
LCF
49030 State Highway 71
Limon, CO 80826

Ben Padilla, #82114
LCF
49030 State Highway 71
Limon, CO 80826

Verlyn Bald Eagle, #98784
SCF
P.O. Box 6000
Sterling, CO 80751

Byron Cortez, # 45627
LCF
49030 State Highway 71
Limon, CO 80826

Kevin Mark Bretz, #46584
CSP
P.O. Box 777
Canon City, CO 81215

Gerald Sensabaugh, #100656
DRDC
P.O. Box 392004

Denver, CO 80239

Marty Bueno, #50565
CTCF
P.O. Box 1010
Canon City, CO 81215

Keith Swinaman, #105240
CTCF
P.O. Box 1010
Canon City, CO 81215

Lee Filipiak, #109936
CTCF
P.O. Box 1010
Canon City, 81215

Donald Revere, #69342
DRDC
P.O. Box 392004
Denver, CO 80239

James Wylie, #114060
SCF
P.O. Box 6000
Sterling, CO 80751

Raymond Goodloe, #51437 – No last known address provided – Paroled
Steven Walker, #114350 – No last known address provided – Paroled
Fernando Ramirez, #99458 – No last known address provided - Paroled

s/ Mariah Cruz-Nanio