Exhibit 7

**From:** Ed Ramey
**Sent:** Friday, June 14, 2013 1:03 PM
**To:** 'jacquelynn.richfredericks@state.co.us'
**Subject:** Montez case -- "discovery" requests

Ms. Fredericks – thanks for taking the time to speak with me this morning about the discovery requests tendered to the Defendants on May 8 by counsel for the Plaintiff class in the Montez case.

As we discussed, our goal in sending these limited requests is not to launch a new round of formal "discovery" (whether or not contemplated during the monitoring phase of this case under the Remedial Plan), but, rather, to obtain some specific information that we believe we need to meet our responsibilities as class counsel during this period. While we do believe that reasonable levels of discovery are contemplated and appropriate during the monitoring phase, I (in particular) chose the "interrogatory" and "document request" format for the May 8 requests simply as a convenient method and process to attempt to communicate and specify the particular information we believe we need at this point.

We are certainly agreeable, however, to your suggestion (in your response of June 11) that we try at this stage to address these matters through less formal voluntary disclosures, discussions, and relevant document sharing. In this regard, please note that the "interrogatories" (attached again here solely for reference) were my best effort to help Plaintiffs' class counsel get an understanding of the systems and types of records and databases (and their functionality) that are currently being maintained inside and outside of the AIC office with regard to (a) inmates determined to have disabilities addressed by the Remedial Plan, as well as (b) inmates who have sought (albeit perhaps unsuccessfully) accommodations for disabilities addressed by the Remedial Plan. Inmate "tracking" and "screening" issues have been a focus of this class action for many years, and they are key to a great many of the other compliance issues. The first "document request" is, I believe, addressed by the updated spreadsheets you are already providing us (and obviously enable us to identify and locate our clients in your custody, as well as their job assignment status); the second "document request" is directed to the disability evaluation and screening process – to help us ensure that it is working smoothly and as intended (please note that this system was still in the implementation phase at the time of the last compliance hearing).

1

As plaintiffs' class counsel, we are sensitive to the fact that the AIC designated in the Remedial Plan (Cathie Holst) – with whom we worked for many years – has been replaced. Thus our current knowledge about the operations of the office of the AIC is at least a bit deficient and out of date. Additionally, obtaining this information from the Department enables us to conduct our facility visits – and our interviews and discussions with our clients – in a more efficient and informed fashion (in some cases avoiding unnecessary return visits).

I understand that you will be talking with Mr. Nordell when he returns late next week, as well as others at the Department, and will get back to me right after that. I and the other members of the Plaintiffs' class counsel group would be happy to meet with you, or continue our discussion in any manner you think would be most productive, at that time.

Thanks again for your courtesy and assistance with this.
Ed

Edward T. Ramey
Heizer Paul Grueskin LLP
2401 15th Street, Suite 300
Denver, CO 80202
Main:  303-595-4747
Direct:  303-376-3712
Fax:  303-595-4750
Email:  eramey@hpgfirm.com

This is a confidential and potentially privileged communication.  Unauthorized use, dissemination or review of this information is prohibited and may subject an unauthorized recipient to civil and/or criminal liability.  If you are not the named recipient or have received this message in error, please delete it.  Do not forward or otherwise disseminate it in any way.

TAX ADVICE DISCLAIMER: Under applicable U.S. Treasury Regulations, we are required to inform you that any U.S. tax advice contained in this email or any attachment hereto is not intended or written to be used, and cannot be used, either (i) for purposes of avoiding penalties imposed under the U.S. Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.