**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

**ORDER COMPELLING RESPONSE TO CLAIMANT SCHWINAMAN'S REQUEST
FOR COMPLIANCE HEARING**

This matter is before the Court on Claimant Keith A. Schwinaman's June 27, 2013 letter to the Court.  (Doc. # 5383.)  In his letter, Claimant alleges that the Department of Corrections ("DOC") continues to deny him regular access to glucose tablets in defiance of the Special Master's May 2, 2008 Final Order (Doc. # 3377).[1]  (*Id.* at 1.)  That Order states:

> [The Department of Corrections] will be required to provide to Claimant glucose tablets on a regular basis.  If medical and security staff determine that hard candy would alleviate low blood sugar levels and be less of a security risk, then hard candy may be provided to Claimant.  In addition, Claimant is to have the tablets or candy on his person so that he might be able to utilize the yard and other facilities.

(Doc. # 3377 at 9.)  Claimant requests a hearing to determine whether the Department of Corrections ("DOC") is in compliance with the Final Order.  (Doc. # 5383 at 1.)

---

[1] Claimant also requests judgment on his "Appeal of the Final Order" (Doc. # 5002).  (Doc. # 5383 at 1.)  The Court is currently evaluating his appeal.  Claimant's request for judgment is denied.

The Court has previously been obliged to enforce Defendants' compliance with the Final Order. (Doc. # 4950.) After considering evidence presented at a compliance hearing on November 1, 2010, the Special Master found that "the final order of the Special Master was not followed at all times by DOC staff." (*Id.* at 4.) However, the Special Master noted that the evidence presented at the hearing did "not reflect that the final order was willfully disobeyed, but rather that staff did not know what needed to be done." (*Id.*) The Special Master attributed this confusion to the "lack of clarity in Claimant's medical records right after the final order was issued." (*Id.*)

Notwithstanding the apparently legitimate past confusion on the part of DOC, because Defendants have previously been found to be non-compliant with the Final Order, the Court is intent on resolving the instant allegation of non-compliance quickly and firmly.

Accordingly, it is ORDERED that Defendants SHALL SUBMIT a response to Claimant's letter (Doc. # 5383). Defendants shall have up to and including September 20, 2013 to submit their response.

Dated: September __11__, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

.