| ADMINISTRATIVE REGULATION | REGULATION NUMBER | PAGE NUMBER |
|---|---|---|
| | 200-15 | 1 OF 5 |
| COLORADO DEPARTMENT OF CORRECTIONS | CHAPTER: Business Services | |
| | SUBJECT: Offender Restitution and Child Support Withholding | |
| RELATED STANDARDS:  ACA Standards  NONE | EFFECTIVE DATE: November 1, 2011 | |
| | SUPERSESSION:  11/15/10 | |
| OPR: OBO    REVIEW MONTH: AUGUST | Tom Clements  Executive Director | |

I. **POLICY**

It is the policy of the Department of Corrections (DOC) to collect court-ordered restitution and child support from offenders sentenced to the DOC, in accordance with state laws. The withholding is statutorily required effective September 1, 2000.

II. **PURPOSE**

The purpose of this administrative regulation (AR) is to establish procedures for the collection of restitution and child support from offender deposits.

III. **DEFINITIONS**

A. Administrative Lien and Attachment: Order issued by the State Child Support Enforcement Agency in order to withhold funds from the inmate bank account of a state prisoner for child support.

B. Available Account Balance: The balance of funds available to the offender for expenditure that is not being held as reserved or encumbered monies.

C. Child Support Order: A support order for a child, including a child who has attained the age of majority under the law of the issuing state.

D. Cost of Care: The cost to the Department for providing room and board, clothing, medical care, and other normal living expenses to offenders.

E. DOC Employee: Someone who occupies a classified, full or part-time position in the State Personnel System in which the Department has affect over pay, tenure, and status.

F. Inmate Bank Deposits: Any funds received or credited to an inmate bank account including, but not limited to: inmate pay, incoming money orders, revenue from hobby crafts, and federal and state income tax refunds.

G. Non-State Facility: A facility that is not owned or operated by the DOC but has a contract to house offenders, such as privately run prisons and community corrections programs.

| CHAPTER | SUBJECT | AR # | Page 2 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 11/01/11 |

H. Restitution: Court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges, pursuant to CRS 16-18.5-110, resulting from a criminal case or for child support.

## IV. PROCEDURES

A. At a minimum, 20 percent of all deposits into an inmate's bank account, including deposits for inmate pay, will be deducted and paid toward any outstanding balance existing before, on, or after September 1, 2000, for court ordered costs, surcharges, restitution, time payment fees, late fees, and any other fines, fees, or surcharges pursuant to 16-18.5-110 CRS, resulting from a criminal case or for child support. The 20 percent withholding amount is the minimum withholding required by state law (CRS 16-18.5-106). The executive director of the Department of Corrections, or designee, may fix the time and manner of payment for court ordered costs, surcharges, restitution, and other fines and fees. The executive director, or designee, may order amounts greater than the minimum 20 percent (up to 99.9 percent) withholding from any offender's deposit to be applied toward any outstanding order from a criminal case or for child support. Payments will be applied to the oldest case first. This procedure applies to DOC and non-state facilities.

1. If an offender owes both restitution (including other fines and fees) and child support, then one-half of the amount collected from offender deposits will be paid towards restitution and one-half of the amount collected from offender deposits will be paid towards child support. If the amount collected for child support exceeds the amount specified in a child support order and past due balances, then the excess will be applied towards restitution. Overall, 20 percent is the minimum that will be withheld from deposits and any amounts greater than the minimum are to be ordered by the executive director, or designee.

2. If the offender owes only restitution, then all amounts collected from offender deposits will be paid towards restitution.

3. If the offender owes only child support, then all amounts collected from offender deposits will be paid towards child support, in accordance with the administrative lien and attachment. The inmate bank office must have an administrative lien and attachment from the court for the mandatory child support withholding.

4. If the offender owes filing fees in addition to restitution and/or child support, an additional 20 percent required by state law (CRS 13-17.5-103) will be withheld and applied towards the filing fees. Payments withheld will be applied to cases received in date order.

5. If the offender owes a CDOC small claims court order in addition to restitution and/or child support and filing fees, an additional 20 percent will be withheld and applied towards the order after filing fees are paid in full. Payments withheld will be applied to cases received in date order.

6. If the offender has a balance owed resulting from a COPD conviction, in addition to restitution and/or child support, filing fees, and a CDOC small claims court order, an additional 20 percent will be withheld after filing fees and CDOC small claims court order are paid in full. Payment withheld will be applied to cases received in date order.

7. If an offender does not owe restitution and/or child support, but has various fees owed (filing fees, CDOC small claims court orders, and COPD convictions), then the offender will be subject to mandatory withholdings for a combination of two garnishments, not to exceed 20 percent for each case. The two garnishments will not exceed a total of 40 percent withholding unless ordered by the executive director, or designee. Court ordered filing fees will take precedence over COPD fees. Payments withheld will be applied to cases received in date order.

8. If an offender has not had a deposit in the 30 days prior to inmate pay, and if inmate pay is $.23 daily (Grade 1), and/or the offender receives an additional $.01 for program compliance, then the total daily pay of $.24 ($5.78 maximum, per month) may be exempt from withholding. To meet this exemption, the offender's available account

       balance cannot exceed $10.00 during the 30 days prior to receiving unassigned inmate pay. Any inmate pay that exceeds $5.78, per month, and any other deposits will be subject to the mandatory withholding of at least 20 percent.

    9. If an offender has a deficit balance and owes court ordered restitution, child support, and/or restitution resulting from a COPD conviction, the available balance will be 50 percent of deposits, less the mandatory withholding.

B. Certain DOC facilities or programs will be allowed to establish withholding rates for restitution greater than the 20 percent minimum mandatory amount, such as the Prison Industries Enhancement Program for offenders working in the leather shop at the Buena Vista Correctional Complex, and the Fremont Correctional Facility fiberglass shop and metal shop.

C. Offenders in a community corrections program, including those under intensive supervision, will be required to submit a portion of their wages towards restitution, if it is owed. If the offender owes only restitution, then at least 20 percent of gross wages is to be remitted for payment of restitution. If both restitution and child support is owed, then at least ten percent or one-half of the mandatory withholding is to go towards restitution. The employer of the offender will withhold and submit child support, in accordance with the child support order. The Child Support Enforcement Agency will determine the percentage to be withheld for child support and will send the child support order directly to the employer of the community corrections offender.

    1. Community parole officers will arrange for the withholdings of restitution to be sent to the DOC restitution office for those offenders in the community corrections program. Community parole officers may collect and submit restitution for certain offenders, such as those under intensive supervision. All payments by offenders are to be in the form of money orders.

    2. Restitution that is collected by the community corrections contractor (e.g., halfway house) from offender earnings is to be submitted to the DOC on a monthly basis.

    3. It will be the responsibility of the Child Support Enforcement Agency to order child support payments from the employer of the offender, while he/she is in the community corrections program.

D. Non-state facilities will collect restitution and child support, in accordance with state statutes and this administrative regulation.

    1. All collections of restitution are to be forwarded to the DOC Restitution Office at P.O. Box 230, Cañon City, CO 81215. A list by DOC offender number, name, and amount withheld will be sent with a check to the restitution office each month.

    2. The DOC will forward child support administrative lien and attachment notices to the non-state facility for child support withholding. Non-state facilities will submit child support withholdings directly to the Family Support Registry.

    3. The DOC will be responsible for recording restitution collections and payments submitted to the courts.

E. When deposits are posted to the offender's account, the deposited amount added to the offender's available balance will be after the 20 percent withholding. The 20 percent withholding will be encumbered until the end of the month, at which time the actual withdrawal will be made and submitted to the appropriate agency.

F. Each DOC facility will issue monthly inmate bank account statements that will show how much money was withheld and submitted for restitution, child support payments, or COPD restitution. Other receipt for payment of restitution, child support, or COPD restitution will not be issued.

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 11/01/11 |

G. The Inmate Bank and Restitution Office will submit collected restitution to the district court on a monthly basis. Child support collections will be forwarded to the Family Support Registry within ten calendar days after the end of each month.

H. If the DOC withholds money from a deposit and submits it to the courts for restitution or child support, that money cannot be refunded to the offender, unless the court refunds the money due to an overpayment.

I. Copies of restitution orders and child support orders will be maintained by the DOC. Copies of child support orders will be forwarded to offenders by the inmate banking DOC employee. Any request for additional copies by offenders will cost $.25, per page, and must be requested from the inmate banking DOC employee. Case managers will ensure that a withdrawal ticket is completed and submitted on all requests for copies of restitution or child support orders at $.25, per page.

J. Any interest and/or penalties owed on unpaid restitution will be determined by the judicial district court, in accordance with state laws. Offender questions regarding any interest or penalty added to his/her restitution will have to be submitted to the applicable district court.

K. Offenders questioning child support amounts owed or past due amounts are to inquire, in writing, to the county that issued the child support order (administrative lien and attachment).

L. Questions by offenders regarding restitution balances or inmate bank balances should be directed to case managers.

M. When a person is sentenced to the DOC, the DOC has authority to conduct an investigation into the financial circumstances of the offender, as described in CRS 16-18.5-104.

N. The DOC may enter into a memorandum of understanding with the judicial department or contract with a private collection agency for the collection of restitution from offenders sentenced to the DOC or released to parole.

O. Certain types of deposits may be exempt from the mandatory withholding, in accordance with federal laws. Veterans benefits, social security survivor benefits, and U.S. Treasury Indian tribal distribution checks are to be exempted from the mandatory withholding for court ordered restitution, in accordance with federal laws; however, it is permissible to withhold from these types of payments if they are subject to court ordered child support and alimony obligations.

P. Inactive inmate bank accounts that are at least one year old will either be written-off to the canteen and library fund or applied to any outstanding and unpaid court orders for restitution and/or child support at least once a year.

    1. Inactive inmate accounts with balances of less than $10.00 (including negative balances) are to be written off to the canteen and library fund.

    2. Inactive inmate accounts of $10.00 or more will be paid towards court ordered restitution and related fines and fees and/or court ordered child support.

    3. Inactive accounts of $10.00 or more may be partially offset against remaining net negative balance after the write-off of inmate accounts of less than $10.00.

    4. A pro-rata allocation calculation to determine the portion of the inactive inmate bank accounts of $10.00 or more that will be applied to outstanding restitution and/or child support orders will be determined by the inmate bank once a year.

    5. If an inmate's inactive bank account has a balance of $10.00 or more and he/she does not owe restitution or child support, then that balance will be written off to the canteen and library fund.

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | EFFECTIVE 11/01/11 |

6. In the event that the total inactive inmate account is a net negative balance, then all accounts will be written off to the canteen and library fund for that year.

Q. If an offender owes little or no restitution and/or child support and receives a large deposit from outside sources such as insurance proceeds, the deposit may be subject to collection of cost of care.

   1. The Department may file an action for reimbursement of cost of care for incoming offender deposits of $3,000.00 or more, in accordance with CRS 17-10-103(1). The entire amount of the check to be deposited is subject to collection for cost of care.

   2. Offenders may elect to have 20 percent of the deposit go towards cost of care, in lieu of the Department filing for an action of reimbursement, as described in section IV.Q.1. In addition, the offender will only be allowed access to the first $1,000.00 of the deposit to his/her account, and the balance will be placed in a mandatory savings account pending the offender's release from prison.

   3. Any requests for access to the mandatory savings, prior to release, will have to be submitted to the DOC controller, in writing. Instances of extreme hardship that will benefit the offender's relatives may be considered as an exception for access to the mandatory savings.

V. RESPONSIBILITY

   A. Denver Complex and Youthful Offender System personnel will brief all incoming offenders of their responsibility for payment of restitution and child support while they are incarcerated, as outlined in this AR.

   B. The director of Finance and Administration will ensure that the Business Office and Adult Parole, Community Corrections, and the Youthful Offender System DOC employees comply with this administrative regulation.

   C. The director of Prisons will be responsible to ensure that non-state prisons follow the state laws and regulations outlined in this administrative regulation.

VI. AUTHORITY

   A. CRS 13-17.5-103. Filing Fees
   B. CRS 14-14-111.5. Income assignments for child support or maintenance.
   C. CRS 16-11-101.6. Collection of fines and fees - methods - charges.
   D. CRS 16-18.5-106. Restitution for persons sentenced to the department of corrections.
   E. CRS 26-13-122.5. Administrative lien and attachment of inmate bank accounts.

VII. HISTORY

   November 15, 2010
   May 5, 2010
   May 1, 2009
   May 1, 2008
   May 1, 2007
   May 1, 2006
   May 1, 2005

ATTACHMENTS:   A.  AR Form 100-01A, Administrative Regulation Implementation/Adjustments

ADMINISTRATIVE REGULATION
IMPLEMENTATION/ADJUSTMENTS

AR Form 100-01A (04/15/08)

| CHAPTER | SUBJECT | AR # | EFFECTIVE |
|---|---|---|---|
| Business Services | Offender Restitution and Child Support Withholding | 200-15 | 11/01/11 |

(FACILITY/WORK UNIT NAME) _____
WILL ACCEPT AND IMPLEMENT THE PROVISIONS OF THE ABOVE ADMINISTRATIVE REGULATION:

[ ] AS WRITTEN   [ ] NOT APPLICABLE   [ ] WITH THE FOLLOWING PROCEDURES TO ACCOMPLISH THE INTENT OF THE AR

(SIGNED) _____ (DATE) _____
          Administrative Head

Attachment "A"
Page 1 of 1