**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER WITHDRAWING REFERRAL TO THE SPECIAL MASTER

This matter is before the Court as a result of its review of the docket and its consideration of the Special Master's August 19, 2013 Final Report (Doc. # 5406). This Order withdraws the Court's referral to the Special Master[1] of damages claims, *pro se* filings, and motions to enforce Final Orders of the Special Master. (*See* Article XXXII of the Remedial Plan; Doc. ## 3336, 4960.)

The Court referred these matters to the Special Master pursuant to Fed. R. Civ. P. 53(a), which allows for the appointment of a special master if exceptional circumstances exist and matters cannot be effectively and timely addressed by available District or Magistrate Judges. *See Brock v. Ing*, 827 F.2d 1426, 1428 (10th Cir. 1987) (observing that a reference to a special master is "the exception and not the rule"). When the Court referred these matters to the Special Master, exceptional circumstances existed, and the matters could not have been effectively and timely

---

[1] Although multiple special masters have served in this action, only Special Master Borchers remains. Accordingly, and for ease of reference, the Court will refer to only the "Special Master" in this Order.

addressed by the Court. However, the circumstances justifying such referral no longer exist; thus, referral of these matters under Fed. R. Civ. P. 53(a) is no longer necessary.

1.      Damages Claims

To begin with, Article XXXII of the Remedial Plan referred all damages claims to the Special Master. ("[D]amages of individual class members shall be determined by a special master . . . .") All class members were provided a Damage Claim Form, to which they were instructed to attach any information relevant to their claims. (Article XXXII of the Remedial Plan.) The Special Master was then to determine which of the following five categories of damages applied to each class member who filed a claim: (1) general inconvenience or nominal damages; (2) damages due to loss of good time/earned time/access to programs or services that have not resulted in physical injury; (3) damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death); (4) damages due to severe physical injuries; and (5) damages due to death. *Id.* Class members with damages under categories 3, 4, and 5 were all entitled to evidentiary hearings before the Special Master. *Id.*

During the course of this action, the Special Master has adjudicated thousands of claims and conducted hundreds of hearings.[2] Given the copious filings and proceedings involved in adjudicating class members' damages claims, the Court could not have effectively and timely addressed these claims. Further, the necessity of conducting hundreds of evidentiary hearings for incarcerated claimants constituted an "exceptional circumstance" requiring the referral of these claims to a special master.

---

[2]  The Court gives special thanks to Special Master Borchers, who alone has adjudicated 1,710 claims. (Doc. # 5406 at 2-47.)

The Special Master was able to travel directly to the facilities to hold hearings, sparing the state the expense and trouble of bringing claimants from all over Colorado to the federal courthouse in Denver, relieving the Court of some of the pressure on its already full calendar, and ensuring that the Special Master, as factfinder at the hearings, was able to generally observe the resources available to the claimants.  Thus, referral of class members' damages claims to the Special Master was both necessary and appropriate.

Pursuant to Article XXXII of the Remedial Plan, however, "no additional claims for damages will be allowed" once the Monitoring Period of the Plan, which is now well under way, begins.  Therefore, no future claims for damages will be accepted in this case.

2.  *Pro Se* Filings and Other Select Matters

Additionally, on April 15, 2008, the Court decided to refer all *pro se* filings and certain other select motions in this action to the Special Master.  (Doc. # 3336.) The Court noted that such referral was necessary due to: vacancies on the bench; caseloads that were extraordinarily heavy; and the Court's then-prevailing inability to efficiently or timely address the cascade of *pro se* filings received in this case.  Further, in recognition of the Special Master's "expertise and familiarity with the issues in this case," the Court expanded the Special Master's jurisdiction to include certain matters referred by the Court when the need arose.  (*Id.*)

Considering the vacancies on the bench in 2008 (which remained through 2011), this referral was necessary and appropriate.  However, with the appointment of two additional judges in the last two years, caseloads are now significantly more

3

manageable.  Moreover, the Court's March 23, 2010 Order (Doc. # 4381) limited *pro se* filings in this case, and the current volume of these filings no longer necessitates their automatic referral to the Special Master.  The Court thus withdraws the April 15, 2008 Order of referral to the Special Master.

3.     Motions to Enforce Final Orders

Lastly, on January 19, 2011, the Court referred to the Special Master all motions for enforcement of Final Orders.  (Doc. # 4960.)  When this Order was issued, the Court had not yet found the Department of Corrections ("DOC") to be in substantial compliance with the Remedial Plan and could not have anticipated when such compliance would be achieved.  So long as the DOC was not in substantial compliance with the Plan, the Court could not assure itself that inmates were receiving the treatment and equipment prescribed by the Plan, and so enforcement by the Court of Final Orders was the claimants' primary guarantee of relief.  Yet, the volume of motions to enforce Final Orders was beyond the Court's ability to address in an effective and timely manner – hence the referral of these matters to the Special Master.  At this point in the proceedings, however, the Court has found the DOC to be in substantial compliance with the Plan.  (Doc. # 5314.)  Consequently, the Court discerns that, because claimants now have reliable access to the services and equipment comprehended by the Plan, they will not need to rely on the Court to the extent they did pre-compliance.  The Court determines that it is now able to effectively and timely address these matters on its own, and thus withdraws its January 19, 2011 Order of referral to the Special Master.[3]

---

[3] The scope of the Court's continuing jurisdiction will be discussed in a forthcoming Order.

**CONCLUSION**

For these reasons, the Court determines that the services of the Special Master are on longer needed in this case. The Court thanks the Special Masters, in particular Judge Borchers, for the valuable assistance they have provided over the past years. All orders referring these matters to the Special Master are hereby withdrawn. The Court, however, continues to reserve the ability to refer certain matters to the Special Master should such need arise.

Accordingly, it is ORDERED that, to the extent the Special Master is currently in possession of any claims or objections that have been filed with him pursuant to the referral orders, the Special Master should submit such documents to the Clerk of the Court for filing in this case. It is

FURTHER ORDERED that no future filings in this case are to be submitted to Special Master Borchers. Rather, all future filings in this case are to be submitted to the Court:

(1)   via Pacer; or

(2)   by emailing such filings to cod.intake@cod.uscourts.gov; or

(3)   by mailing them to 901 19th St., Denver, CO 80294.

DATED: September __19__, 2013.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge