**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

---

**ORDER ON CONTINUING JURISDICTION**

---

This matter arises from the Special Master's February 11, 2013 Order (Doc.

\# 5362), and from the Court's July 3, 2013 Order (Doc. # 5384), both of which

requested supplemental briefing from the parties regarding whether continuing

jurisdiction exists to enforce Final Orders issued by the Special Master. Having

considered the briefing the parties submitted on this matter (Doc. ## 5390, 5391, 5392,

5393, 5395, 5403), and having further considered the direction of this action as a whole,

the Court issues the following Order.

1.    <u>Enforcement of Non-Monetary Awards</u>

      Article XXXII of the Remedial Plan does not provide an end-date for the

enforcement of the Special Masters' Final Orders.  In its January 19, 2011, Order

(Doc. # 4960), the Court explained that the Special Master(s) had "*extremely limited*"

jurisdiction "to receive and consider motions seeking the enforcement of [Final Orders]"

on individual class members' claims.  However, the Court did not specify whether Final Orders for non-monetary damages were one-time grants of relief or refillable prescriptions for continuing relief.

Twenty-three individual claimants have received an award of non-monetary damages in the course of this action.  Among these claimants, seven individuals' Final Orders for non-monetary damages have been fully complied with, and no motions regarding their claims are currently pending on the Court's docket.  Further, eleven of the twenty-three claimants are no longer in DOC custody and no motions regarding their claims are currently pending on the Court's docket.  Jurisdiction with respect to the following claimants has therefore ended: Paul Inman, Robert Jones, Verlyn Bald Eagle, Byron Cortez, Marty Bueno, Lee Filipiak, James Wylie, Fernando Ramirez, Steven Walker, Donald Revere, Raymond Goodloe, Jill Coit, Michael Forbes, Mark Johnson, Raymond Stevens, Jamie James, James Miera, and Danny Copp.

After reading both parties' briefing on the issue, and carefully considering the purpose of the Plan, the Court finds that once a Final Order issued in this case has been fully complied with, jurisdiction over that claim ceases to exist.  This Court declines to exercise jurisdiction in this case over requests for new or continuing non-monetary relief from the remaining class claimants.  When this Court found DOC to be in substantial compliance with the Plan, the Court affirmed that a system is now in place for getting inmates reliable access to the treatment and equipment they require. Awards of non-monetary damages, such as medical equipment, Braille instruction, and glucose tablets, were intended as a stop-gap measure – to ensure that inmates would

be able to receive appropriate medical care while DOC worked to come into substantial

compliance.  Now that DOC has come into substantial compliance with the Plan, it is no

longer appropriate for inmates to turn first to the Court for replacement equipment or

ongoing treatment.  They must instead utilize the resources and procedures that have

been put in place in each institution as a result of this litigation.

That being said, the Court will review and rule on the currently pending

claims/objections/motions of the remaining five class claimants who were awarded

non-monetary damages: James Rudnick, Ben Padilla, Kevin Mark Bretz, Gerald

Sensabaugh, and Keith Schwinaman.  However, from the date of this order, any inmate

who believes he is the victim of discrimination on account of his disability or who has

concerns about substandard equipment or treatment must file a separate legal action

under the Americans with Disabilities Act ("ADA") or under the Eighth Amendment.  *See*

*Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005) (holding that

claims for substandard medical treatment cannot be pursued under the ADA).

2.    Enforcement of Monetary Awards

One motion for enforcement of a monetary award is currently pending on the

docket.  (Doc. # 5405.)  Because this motion is already on the docket, the Court will

review and rule on it, though the Court notes that it was filed fully seven years after the

Final Order granting the award (Doc. # 1987) was issued.  In fact, the most recent Order

in this action granting monetary sanctions was issued more than two years ago, on

March 25, 2011 (Doc. # 5020).  As such, the Court finds that all claimants who have

been awarded monetary damages have had ample time to contest non-receipt of these awards. Thus, the Court will accept no future motions to enforce monetary awards.

3.      Objections to Final Orders and Objections to Reports and Recommendations

In accordance with Article XXXII of the Plan, the Court will review and rule upon the objections to existing Final Orders and Reports and Recommendations of the Special Master that remain pending on the docket.

4.      Systemic Issues

With regard to systemic issues, the Remedial Plan provides that during the Monitoring Period, "class counsel will tour each designated facility up to two times a year to ensure compliance is maintained during this period." (Article XXXI of the Remedial Plan.) The Court will review and rule on all motions alleging systemic issues that are currently on the docket. However, the Court will not accept, in this case, any subsequent motions alleging systemic issues filed by individual inmates. The Court will accept only motions filed by class counsel that relate to systemic issues observed or discerned as a result of class counsel's monitoring function.

SO ORDERED and DATED this   19th   day of September, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge