IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER ON CLAIMANT SCHWINAMAN'S APPEAL OF THE FINAL ORDER

This matter is before the Court on Claimant Keith A. Schwinaman's March 14, 2011 "Appeal of the Final Order," which the Court treats as a motion for additional damages, an objection, and a motion for costs.  (Doc. # 5002.)

On May 2, 2008, the Special Master found that Claimant was a member of the diabetic subclass of the Montez action.  (Doc. # 3377 at 7.)  The Special Master also found that Claimant had been discriminated against by the Department of Corrections ("DOC").  (*Id.* at 8-9.)  Specifically, the Special Master found that DOC had unnecessarily denied him access to glucose tablets, which Claimant requires to regulate his blood sugar.  (*Id.* at 9.)  Accordingly, in the Final Order, the Special Master ordered that DOC

> Provide to Claimant glucose tablets on a regular basis.  If medical and security staff determine that hard candy would alleviate low blood sugar levels and be less of a security risk, then hard candy may be provided to

> Claimant. In addition, Claimant is to have the tablets or hard candy on his person so he might be able to utilize the yard and other facilities.

(*Id.*) Further, the Special Master awarded Claimant $200.00 "as damages for the emotional trauma and fear that he experienced." (*Id.*)

In his appeal, Claimant proposes a "remedy" to the Final Order, which is, in effect, a request for a host of new accommodations. (Doc. # 5002 at 14.) Specifically, Claimant asks to be reimbursed for the cost of the Tang beverages he has purchased from July 2008 to the present. (*Id.*) Going forward, he proposed that this Court order DOC to give him two bags of Tang weekly and that he be allowed to keep a certain amount of it in his room and on his person. (*Id.*) Additionally, Claimant asks the Court to order that he be seen by an endocrinologist once a year and that DOC follow the endocrinologist's recommendations regarding his care. (*Id.*) Claimant also asks that he be allowed to administer his own insulin injections (in the presence of DOC staff) in order to ensure rotation of the injection site and minimal bruising. (*Id.*) The Court finds that these requests constitute additional damages claims. Because the Plan is now in its monitoring phase[1], the Court dismisses the additional claims, in accordance with the Remedial Plan. (Article XXXII of the Remedial Plan ("No additional claims for damages will be allowed during the monitoring period. . . .").)

Additionally, Claimant objects to the January 7, 2011 Order of the Special Master (Doc. # 4950), which was issued following a November 1, 2010 compliance hearing. (Doc. # 5002 at 2.) That hearing was held to determine whether DOC was in compliance with the Final Order (Doc. # 3377.) (Doc. # 4950 at 1.) After considering

---

[1] The Monitoring Period began on October 1, 2012. (Doc. # 5314 at 4.)

the evidence presented at the hearing, the Special Master concluded that DOC had failed to provide Claimant with access to glucose tablets and/or hard candy. (*Id.* at 4.) However, the Special Master noted that "the evidence does not reflect that the Final Order was willfully disobeyed, but rather that the staff did not know what needed to be done."[2] (*Id.*)  Claimant argues that the Special Master erred in finding that the Final Order was not willfully disobeyed. (Doc. # 5002 at 2.)

When reviewing objections to Final Orders, the Court applies an abuse of discretion standard. (Article XXXII of the Remedial Plan.)[3]  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citation omitted). In many cases, "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Claimant argues that the medical staff at the Department of Corrections ("DOC") "was clearly aware" of the directives in the Final Order (Doc. # 3377). (Doc # 5002

---

[2] Claimant also objects to language in the January 7, 2011 Order that he believes implies "that [**he**] had not asked for a modification of the Final Order" in his request for the September 2010 compliance hearing. (Doc. # 5002 at 2 (emphasis added).)  Claimant contends that he did, in fact, ask for such a modification. (*Id.*)  However, no such implication is included in the January 7, 2011 Order. Rather, the Order states, "No motion was filed by **Defendants** seeking a modification of the final order concerning glucose tablets." (Doc. # 4950 at 5 (emphasis added).)  Thus, this objection is unfounded and is therefore overruled.

[3] Special Masters are subject to the Code of Conduct for United States judges. *See* Fed. R. Civ. P. 53(a)(2) & (3). Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district Court's decision.

at 2.) he contends that DOC should be punished for its failure to provide him with glucose tablets and hard candy, and he asks that this Court now hold DOC in contempt. (*Id.*) Further, Claimant requests that this Court award him $1000 as damages for the additional "emotional trauma and verbal abuse" he has suffered since the Final Order was issued. (*Id.* at 14.) The Special Master specifically noted in his January 7, 2011 Order that because the facts suggested that DOC had not willfully failed in its obligations toward Claimant, "contempt would be an inappropriate recommendation." (Doc. # 4950 at 5.) Claimant fails to highlight evidence in the record indicating that the Special Master abused his discretion in so finding. Claimant's objection is therefore overruled. Because the Court upholds the Special Master's finding that DOC did not willfully disobey the Final Order, the Court further finds that it would be inappropriate to award Claimant additional monetary damages.

Claimant also requests reimbursement for the cost of the copies he made and the 75 hours he spent preparing his claims. (Doc. # 5002 at 5.) The damages claims process set forth in the Remedial Plan does not contemplate reimbursement for claimants' time spent preparing their cases or for the cost of copies made in the course of such preparation. (*See* Article XXXII of the Remedial Plan.) It contemplates only monetary damages for a claimant's suffering due to past discrimination by DOC. (*Id.*) Therefore, the Court denies Claimant's motion for costs.

For the foregoing reasons, it is ORDERED that Claimant's "Appeal of the Final Order" (Doc. # 5002) is DENIED in its entirety.

DATED: September  20 , 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge