IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870 - CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

_____

Claim Number 03-335
Category:  III
Claimant:  Keith Schwinaman, #105240
Address of Claimant:  SCF, P.O. Box 6000, Sterling, CO 80751
_____

### RESPONSE TO CLIAMANT SCHWINAMAN'S LETTER (Doc. 5383)
_____

Defendants, through the Colorado Attorney General, respectfully submit the following Response to Claimant Schwinaman's letter/motion (Doc. 5383):

1.      This Court issued an Order, dated September 11, 2013, requiring the Defendants to respond to Schwinaman's letter regarding why claimant has allegedly not received his glucose tablets in compliance with his Final Order. *See* Doc. 5410 and 5383.

2.      On May 2, 2008, Special Master Borchers issued his Final Order with respect to Schwinaman.  As part of that Order, Defendants were ordered to provide glucose tablets or hard candy to Schwinaman.

3.      On January 7, 2011, subsequent to a compliance hearing, the Special Master affirmed that the prior Final Order re the glucose tablets remained

1

effective and fined Defendants $100.00 relating to issues with the prior provision of the tablets.

4. On June 27, 2013, Schwinaman filed a letter/motion with the Court in which he alleged he has not had access to the court-ordered glucose tablets. Doc. 5383. Claimant further alleged that on an indeterminate date he was taken ill due to the failure to provide food and glucose tablets. *Id*.

5. Schwinaman's 2010 Accommodation Resolution confirms that glucose tabs or hard candy are part of the accommodations provided to him. *See* **Exhibit A-1**, AR dated 8/2010.

6. In 2011, Schwinaman's Accommodation Resolution was updated. *See* **Exhibit A-2**, AR dated 3/2011. At that time, the provision for glucose tabs was inadvertently left off of the resolution. *Id*.

7. Despite this clerical error, the Order to provide glucose tablets to Mr. Schwinaman **remained effective**. Indeed, in the past nine months alone, Schwinaman sought and received refills for his glucose tablets on numerous occasions. *See* **Exhibit A-3**, AHR dated 1/27/12; **Exhibit A-4**, AHR dated 5/12/13; **Exhibit A-5**, AHR dated 6/16/13.

8. There was no interruption in the provision of glucose tablets to Schwinaman as he remained at the same correctional facility: Colorado Territorial Correctional Facility (CTCF) continuously between July of 2004 and June of 2013. *See* **Exhibit A-7**, Offender Profile.

9. In June of 2013, Schwinaman, along with hundreds of other inmates, was evacuated and temporarily relocated to Centennial Correctional

Facility (CCF) due to wildfires burning near CTCF.  *Id*; *and see* **Exhibit A-8**, AHR, dated 6/16/13 (17:06) at p. 2.  Subsequently, he was returned to CTCF.  *Id.*

10. On June 11, 2013, when CTCF was in the process of being evacuated due to the wildfires, Schwinaman refused to consume his road snack despite being advised to do so by medical personnel.  *See* **Exhibit A-8**, AHR, dated 6/16/13 (17:06) at p. 2.  Accordingly, CDOC did *not* fail to provide him food as he alleges, rather, *claimant* declined to consume the provided sustenance.

11. On June 12, 2013, he alleged he "fell out" on June 11, 2013.  *Id.*  No medical records could be located which substantiate this allegation.  However, on that same date during the emergency evacuation, Schwinaman requested additional glucose tablets which were prepared and made available for his pick-up.  *See* **Exhibit A-8**, AHR, dated 6/16/13 (17:06) at p. 2.

12. On July 24, 2013, Schwinaman was transferred to the Sterling Correctional Facility (SCF).  *See* **Exhibit A-7**, Offender Profile.

13. While at SCF, Schwinaman was seen by multiple medical personnel but *never* requested a refill on his glucose tablets.  *See* **Exhibit A-9**, AHR, dated 8/15/13 and **Exhibit A-10**, AHR, dated 8/29/13.  Moreover, on September 11, 2013, he was seen for diabetic chronic care but again did *not* request any additional glucose tablets.  *See* **Exhibit A-11**, AHR, dated 9/11/13.

14. On September 12, 2013, medical staff at SCF called Offender Schwinaman to clinical services to inquire as to whether he needed an updated pass and a refill on his glucose tablets.  *See* **Exhibit A-12**, email correspondence from Julie Fuller, dated 9/12/13.  At that time, an updated "prescription" for the

glucose tablets was provided to Schwinaman. *See* **Exhibit A-13**, AHR, dated 9/12/13. Mr. Schwinaman was reminded that *he* must contact clinical services to report when he uses tablets so that his blood sugar can be accurately monitored *and* when he requires a new roll of tablets. *Id.*

15. On September 13, 2013, the Office of the AIC - who also had not heard from Schwinaman regarding any alleged failure to provide glucose tablets - placed an updated notation into his file regarding the accommodation for glucose tablets. *See* **Exhibit A-14**, Request Report, dated 9/13/13.

16. A recent Ambulatory Health Record entry from a mental health visit reflects that Schwinaman maintains an active prescription for the court-ordered glucose tablets along with his other medications. *See* **Exhibit A-15** AHR, dated 9/17/13.

17. Thus, Schwinaman had, has, and maintains, a "prescription" for the court-ordered glucose tablets and is permitted to possess the same on his person. However, as staff cannot provide him an unlimited supply, he must kite or otherwise contact clinical services at SCF, as he previously did at CTCF, when he requires a refill.

18. Such controlled dispensation of the rolls of glucose tablets is important for management of Schwinaman's diabetic condition and because pursuant to mental health staff's assessment, he remains a high risk for medication abuse. *See* **Exhibit A-16**, AHR dated 5/14/13 at p. 2.

19. To the extent Schwinaman alleges he had an issue related to the June of 2013 evacuation of CTCF due to wildfires, the issue was promulgated

4

*not* by staff refusal to provide glucose tablets or food but by his own refusal to consume the provided snack while he and hundreds of other offenders were being evacuated for their safety.  *See* **Exhibit A-8**, AHR dated 6/16/13 (17:06) at p. 2.

19.     It is difficult for medical personnel to stabilize Mr. Schwinaman's diabetic condition when he is non-compliant with his insulin, refuses to consume provided snacks, consumes canteen snacks consisting of concentrated sugars, and/or declines to participate in continuing diabetic education.  *See* **Exhibit A-17** AHR dated 4/14/13 (own glucose in his possession and concentrated sugar snacks ordered from canteen); **Exhibit A-18**, AHR dated 6/3/13 (concentrated sugar snacks ordered from canteen; refusing insulin; denies educational information); **Exhibit A-19**, AHR dated 6/19/13 (refusing insulin).  Indeed, the glucose tablets are but one small component of his on-going diabetic care and are not meant to replace treatment.

20.     Regardless, medical records confirm continued distribution of glucose tablets to Schwinaman consistent with his Final Order.  *See* **Exhibit(s) A-3, A-4, A-5, A-8, A-12, A-13, A-14, A-15,** *and see* **Exhibit A-20**, AHR dated 9/13/13.

21.     To the extent he requires additional glucose tablets, it is important that Schwinaman attempt to work with both clinical services and the AIC *prior* to filing motions with this honorable Court.

**WHEREFORE**, Defendants respectfully request that Schwinaman's letter/motion requesting an additional compliance hearing be denied as Defendants are complying with his Final Order and are providing glucose tablets to claimant.

Respectfully submitted this 20th day of September, 2013.

JOHN W. SUTHERS
Attorney General


/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS*
Assistant Attorney General
Civil Litigation & Employment Law Section
Attorney of Record for Defendants
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: (720) 508-6603
FAX: (720) 508-6032


## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within RESPONSE upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 20th day of September, 2013, addressed as follows:

Keith Schwinaman, #105240
SCF
P.O. Box 6000
Sterling, CO 80751

*Courtesy Copy To:*

Keith Nordell, CDOC

/s/ Mariah Cruz-Nanio