**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

---

**ORDER OVERRULING CLAIMANT RUDNICK'S APRIL 5, 2012 OBJECTION**

---

This matter is before the Court on Claimant Rudnick's April 5, 2012 filing,[1] objecting to the February 13, 2012 Order of the Special Master (Doc. # 5245). (Doc. # 5265 at 1.) The Special Master composed the February 13, 2012 Order following a hearing held on February 6, 2012, to determine whether the Department of Corrections ("DOC") was in compliance with the Final Order (Doc. # 1133), in which the Special Master ruled on Claimant's damages claims under the Montez Remedial Plan. (Doc. # 5245 at 1.)

In the Final Order, the Special Master found that Claimant was mobility impaired and that he had been the victim of discrimination by DOC on account of his impairment. (Doc. # 1133 at 6-7.) The Special Master ordered DOC to provide Claimant with:

---

[1] On August 7, 2012 Claimant filed a supplement to the instant objection. (Doc. # 5300.) The Court's ruling here takes into account the contents of the supplement.

> . . . a medical mattress; a heating pad; boots that fit his feet; custom made orthotics, not the orthotics or insoles that can be purchased in the canteen; and a chair and an adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities.

(*Id.* at 8.)

Claimant has admitted that following the issuance of the Final Order, he received everything it awarded him, including boots that fit his feet.  (Doc. ## 5289 at 2, 5265, ¶ 14(1)-(2).)  However, those boots wore out in 2009 (Doc. # 5265, ¶ 14(2)) and Claimant believes that DOC has acted with bad faith in securing replacement boots for him (*id.*, ¶¶ 8, 16).  Whether DOC was in compliance with respect to the award of boots was the subject of the February 6, 2012 compliance hearing.  (Doc. # 5245 at 1-2.)

Based on the evidence presented at the compliance hearing, the Special Master noted that it was "difficult to find that DOC ha[d] failed to comply with the letter and spirit of the final order from 2005."  (*Id.* at 7.)  DOC had measured Claimant's feet and had given the measurements to a specialty footwear manufacturer that it had commissioned to make a custom pair of boots for Claimant.  (*Id.*)  The Special Master discerned "no reason to believe that the new pair will be uncomfortable."  (*Id.* at 8.)  In the instant motion, Claimant essentially contends that the Order is premised on many factual errors and that it therefore does not do enough to ensure that he will receive adequate footwear or that DOC will be sufficiently punished for its alleged bad faith in this matter. (Doc. # 5265.)

2

Claimant notes that, since the February 2012 Order was issued, he has received the new custom-made boots, and he has accepted them for a "trial period." (*Id.,* ¶ 16(5).) However, he asks the Court to order that he be seen by a podiatrist, and that the podiatrist be required to take x-rays of his feet, find him boots, provide regular "timely follow-up care," including prescribing "additional 'fixes' if/or when needed," and generally "work as a sort of liaison between Claimant and SCF staff to explain what is needed and to provide input to ensure that the accommodation is protected. . . ." (*Id.* ¶ 54.)   Claimant additionally requests "boots that function in a wet/dry environment," "alternate footwear," "changes in staff handling of medical issues," "accountability for the delays and costs" he has borne, transfer to another facility, and an order protecting him from various forms of mistreatment by DOC staff.  (Doc. # 5300 at 39.)

Pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with.  (Doc. # 5414 at 2.)  Because Claimant has testified that he received all items prescribed by the Final Order, no jurisdiction over his claims remains.  (Doc. ## 5289 at 2; *see id.*)  His complaints about the quality of his replacement equipment, and his complaint regarding DOC staff members' alleged bad faith dealings, must be brought in a separate action.[2]  Any future filings in this action from this Claimant will be summarily denied.

---

[2]   Additionally, Claimant "seeks a Cease and Desist-Restraining Order and Separation Order against the Defendant parties who have demonstrated threats and fraud with intent to coerce or harm Claimant."  (Doc. # 5265 at ¶ 47.)  He also moves for sanctions against DOC "for the mishandling, delays, deception, and abuse acted-out against him. . . ." (*Id.,* ¶ 55.)  Because there is no more jurisdiction over his claims in this action, Claimant must pursue these matters outside of this action.  These requests are thus denied as moot.  Additionally, Claimant requests a copy of the recording of the February 6, 2012 compliance hearing.  (Doc. # 5265, ¶¶ 5, 17.)

Additionally, Claimant's requests for additional non-monetary damages, including "boots that function in a wet/dry environment" (Doc. # 5300 at 39) and "alternate footwear" (*id.*) are dismissed in accordance with the Remedial Plan, which states that "[n]o additional claims for damages will be allowed during the monitoring period. . . ."[3] (Article XXXII of the Remedial Plan.)

Accordingly, Claimant's objection (Doc. # 5265) is OVERRULED.

DATED: September __20__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

_____

Since the time the instant objection was filed, Claimant has received a copy of the recording. (*See* Doc. # 5300 at 4.)  Therefore, the Court also denies this request as moot.

[3]   The Monitoring Period began on October 1, 2012.  (Doc. # 5314 at 4.)