IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

     Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

     Defendants.

## ORDER OVERRULING CLAIMANT RUDNICK'S AUGUST 15, 2012 OBJECTION

This matter is before the Court on Claimant Rudnick's August 15, 2012 "Objection to Compliancy Order," objecting to the Special Master's July 2, 2012 Order (Doc. # 5289). (Doc. # 5301.) The Special Master composed the July 2, 2012 Order following a hearing held on June 25, 2012, to determine whether the Department of Corrections ("DOC") was in compliance with the Special Master's Final Order, in which he ruled on Claimant's damages claims under the Montez Remedial Plan (Doc. # 1133). (Doc. # 5289 at 1-2.)

In the Final Order, the Special Master found that Claimant was mobility impaired and that he had been discriminated against by DOC on account of his impairment. (Doc. # 1133. at 6-7.) Accordingly, the Special Master ordered DOC to provide Claimant with:

> . . . a medical mattress; a heating pad; boots that fit his feet; custom made orthotics, not the orthotics or insoles that can be purchased in

> the canteen; and a chair and an adjustable stool that accommodates his height and weight and adequately supports his back and lower extremities.

(*Id.* at 8.)

The subject of the June 25, 2012 hearing was whether DOC was in compliance with the Final Order's directive that Claimant be provided a chair. (Doc. # 5289 at 2.) Following the issuance of the Final Order, Claimant received everything awarded him, including the chair. (*Id.*) When the chair wore out, he was given a replacement chair, which he rejected as unsuitable. (*Id.* at 2; Doc. # 5301 at 4.) He was then offered a second replacement chair, which he initially accepted; however, Claimant later refused it, saying that the seat was not high enough when he sat down. (Doc. ## 5289 at 3, 5301 at 2.) He contends DOC altered it to be too low after Claimant had initially accepted it, and he argues that this alteration was done in bad faith. (Doc. # 5301 at 2.) Claimant asked the Special Master to enforce compliance with the Final Order. (*See* Doc. # 5289 at 3.)

In the Order issued following the compliance hearing, the Special Master noted that Claimant had testified that he would accept the second replacement chair. (*Id.* at 3.) The Special Master thus denied Claimant's motion for enforcement, observing that "[i]n light of the testimony and the fact that Claimant took the chair, the issue is moot." (*Id.*) In the instant objection, Claimant asks the Court to review the record "to determine whether Defendants are truly compliant," and he also asks the Court to order Defendants to pay the costs he has incurred in "bringing this 'systemic issue' to light." (Doc. # 5301 at 8.)

Pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with. (Doc. # 5414 at 2.) Thus, Because Claimant has testified that he received all items prescribed by the Final Order, no jurisdiction over his claims remains. (Doc. ## 5289 at 2; *see id.*) Thus, Claimant's complaints about the quality of his replacement equipment, and his complaints regarding DOC staff members' alleged bad faith dealings, must be brought in a separate action. Further, because this Court upholds the Special Master's Order (Doc. # 5289), the Court denies Claimant's motion for costs (Doc. # 5301 at 8).

Accordingly, Claimant's "Objection to Compliancy Order" (Doc. # 5301) is moot and thus is OVERRULED.

DATED: September __20__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge