IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

---

**ORDER ON CLAIMANT HELTON'S OBJECTION TO THE
FINAL ORDER OF THE SPECIAL MASTER**

---

This matter is before the Court on David Helton's May 4, 2011, objection (Doc. # 5053) to the Special Master's April 15, 2011 Final Order regarding his damages claim under the Montez Remedial Plan (Doc. # 5032).

Abuse of discretion is the standard of review in this instance. (Article XXXII of the Remedial Plan.) The Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In his Final Order, Special Master Borchers denied Claimant's claim because, as of August 27, 2003, Claimant was not impaired within the meaning of the Remedial

Plan, nor had he been discriminated against by the Department of Corrections, as prohibited by the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (Doc. # 5032 at 5-6.) The Court finds that the Special Master did not abuse his discretion because facts in the record support these findings. (*Id.* at 4-6.) Further, the Special Master's ruling complies with the Court's March 23, 2010 Order, which narrowed the claims process to include only those individuals who were disabled within the meaning of the Remedial Plan[1] on or before August 27, 2003, and who had been the victims of discrimination on account of that disability on or before August 27, 2003.[2] (Doc. # 4381 at 3.)

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5053) is OVERRULED, and the Final Order of the Special Master (Doc. # 5032) is AFFIRMED.

DATED: September  24 , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The Remedial Plan covers the following disabilities: mobility, hearing, and vision impairments, and diabetes. (Article III(A) of the Remedial Plan.)

[2] Specifically, the Court's Order states, "In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief with the Special Masters under § XXXII of the Plan." (Doc. # 4381 at 3.) Claims in this action are brought under Title II of the ADA. *Montez v. Romer*, 32 F.Supp. 1235, 1240 (D. Colo. 1999). To establish a prima facie claim under Title II of the ADA, a claimant must have been the victim of discrimination on account of his disability. 42 U.S.C. § 12132. Therefore, in order to be "entitled as of August 2003 to file claims for individual relief," claimants must have been discriminated against on or before that date.