IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

## ORDER OVERRULING CLAIMANT PRUITT'S OBJECTIONS

This matter is before the Court on Claimant Bobbie Eugene Pruitt's two pending objections. (Doc. ## 5097, 5130.) Claimant objects to the Special Master's dismissal of his claims and subsequent letter, and striking of another letter filed in support of his claims. (*Id.*)

## I. PROCEDURAL BACKGROUND

On May 25, 2011, Claimant filed a letter objecting to the closure of the Fort Lyon Correctional Facility ("FLCF"). (Doc. # 5074.) Two days later, he filed a similar letter, voicing the same objection. (Doc. # 5076.) The Special Master treated both letters as claims and dismissed them in a June 3, 2011 Order of Dismissal because they were filed after April 30, 2010. (Doc. #5083 at 2.) Claimant filed another letter in support of his claims on June 3, 2011. (Doc. # 5084.) The Special Master dismissed that letter as well, noting that the closure of FLCF is a "systemic issue" and therefore must be

pursued by class counsel, rather than by a *pro se* claimant.  (Doc. # 5086.)  In his June 28, 2011 objection to the Special Master's Orders (Doc. ## 5083, 5086), Claimant contends that the Court has jurisdiction to "treat this [objection] . . . as an advisement, objection, . . . and/or request to proceed by and thru [*sic*] class counsel . . . ."  (Doc. # 5097 at 2.)  Further, Claimant suggests that the Court order class counsel "to show cause why the claim (objection) should or should not proceed to hearing to address and resolve the matter . . . ."  (*Id.*)

On July 8, 2011, Claimant filed another letter, again protesting the closure of FLCF.  (Doc. # 5103.)  The Special Master struck this letter, explaining again that Claimant cannot submit *pro se* filings regarding a systemic issue.  (Doc. # 5116.)  On August 4, 2011, Claimant objected to the Special Master's striking of the letter.  (Doc. # 5130.)  In that objection, Claimant asserts that the Special Master may make an exception to the limits on his jurisdiction over *pro se* filings, and that he should do so here, given the importance of the issue.  (*Id.* at 1.)  Further, Claimant notes that he has "not received any correspondence from class counsel," and he again requests that this Court order counsel to "show cause if there is any as to why [his claims] should or should not proceed to hearing."  (*Id.* at 2.)

## II. **STANDARD OF REVIEW**

Abuse of discretion is the standard of review in this instance.  (Article XXXII of the Remedial Plan.)   A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and

citation omitted).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices."  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

### III.  ANALYSIS

The Court finds that the Special Master did not abuse his discretion in dismissing Claimant's claims (Doc. ## 5074, 5076) because Claimant failed to file them on or before April 30, 2010.  (Doc. ## 5083.)  The Special Master's ruling (*id.*) complied with this Court's April 6, 2010 Order, authorizing the acceptance **only** of *pro se* class member claims filed by April 30, 2010.  (Doc. # 4412.)  For the same reason, the Court finds that Claimant's June 3, 2011 (Doc. # 5084), and his July 8, 2011 letter (Doc. # 5103), should be stricken.[1]

Further, the Court declines Claimant's request to issue an order compelling class counsel to state whether Claimant's concerns should be addressed in the context of a hearing.  (Doc. ## 5097 at 2, 5130 at 1.)  Counsel is not obliged to respond directly to inmates' communications (*see* Articles XXXI, XXXII of the Remedial Plan; Doc. # 4381); thus, the fact that Claimant has not received a direct response to his communications with counsel does not indicate that counsel has not read and considered his letters.

---

[1] The Court declines to adopt the Special Master's reasoning that Claimant's filings were improper because they alleged a systemic issue (the closure of FLCF) (Doc. ## 5086, 5116.)

3

## IV. **CONCLUSION**

Accordingly, it is ORDERED that Claimant's June 28, 2011 objection (Doc. # 5097) is OVERRULED. It is

FURTHER ORDERED that Claimant's August 4, 2011 objection (Doc. # 5130) is OVERRULED.

FURTHER ORDERED that the Special Master's Orders (Doc. ## 5083, 5086, 5116) are AFFIRMED.

DATED: September __25__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge