**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

 Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

 Defendants.

## ORDER ON CLAIMANT RUDNICK'S JANUARY 24, 2013 MOTION FOR STATUS AND MARCH 11, 2013 MOTION FOR ORDER TO COMPEL

 This matter is before the Court on Claimant's January 24, 2013 "Motion for Status" (Doc. # 5345) and his March 11, 2013 "Motion for Order to Compel" (Doc. # 5366). In his Motion for Status, Claimant requests an update on the Court's progress in reviewing various letters and objections he has filed. (Doc. # 5345 at 3.) In his Motion for Order to Compel, Claimant asks the Court to review and rule on these filings. (Doc. # 5366 at 4.)

 To begin with, the Court remarks on Claimant's exceptional litigiousness and utter disregard for procedure. As a general rule, the Court extends some latitude to *pro se* claimants; however, Claimant has taken advantage of this courtesy to the point of obstructing the docket with his frequent and procedurally chaotic filings. Moreover, because Claimant is no longer entitled to file *pro se* motions in this action (*See* Doc.

# 5414 at 2)[1], such latitude is entirely unwarranted.  Claimant is not entitled to a response to every communication he sends to the Court.  However, as a final courtesy to Claimant, the Court will respond generally to the complaints Claimant brings in his many filings.[2]  Claimant provides a summary of these complaints in the instant motions. (Doc. ## 5345 at 1-3, 5366 at 1-4.)

Essentially, Claimant is dissatisfied with the boots and the eyeglasses he has recently received from the Department of Corrections ("DOC").  (Doc. ## 5345 at 1-3, 5366 at 1-4.)  Claimant's complaints regarding his boots have already been addressed in the Court's September 20, 2013 Order (Doc. # 5419), so all that remains to be discussed here are his complaints regarding his vision problems.

Claimant alleges that DOC took his personal glasses, and has attempted to replace them with "faulty. . . state issue lenses that simply do not work."  (Doc. ## 5345 at 2, 5366 at 3.)  Claimant is not a member of the vision impaired subclass of this action, and he is therefore ineligible for relief in this action with respect to his eyewear complaints.[3]  (Doc. ## 1133 at 5, 3770 at 5.)  Claimant may pursue his complaints about substandard medical equipment in a separate action, either under the Eighth

---

[1] Pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with.  (Doc. # 5414 at 2.)  Because Claimant has testified that he received all items prescribed by the Final Order, no jurisdiction over his claims remains.  (Doc. ## 5289 at 2; *see id.*)

[2] Among these filings is a procedurally proper objection (Doc. # 5265).  The Court has responded to this objection in a separate order.  (Doc. # 5419.)

[3] In an Order filed on January 6, 2009, the Special Master found that a 2008 stipulation by the parties (ratified by this Court on April 4, 2008 (Doc. # 3326 at 2)) regarding replacement eyewear "did not expand the class of those who are vision impaired."  (Doc. # 3770 at 3.)  Thus, the Special Master found that Claimant remained outside the vision impaired subclass. (*Id.* at 5.)

Amendment or relevant state statutes. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (Claims for substandard medical treatment are not actionable under the Americans with Disabilities Act); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (serious deprivation of basic human needs may constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution). The Court will summarily deny any future filings by Claimant in this action.

For the foregoing reasons, it is ORDERED that Claimant's "Motion for Order to Compel" (Doc. # 5366) is DENIED. It is

FURTHER ORDERED that Claimant's "Motion for Status" (Doc. # 5345) is DENIED AS MOOT.

DATED: September __25__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge