**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

## ORDER ON CLAIMANT FITZGERALD'S PENDING OBJECTIONS AND MOTION

This matter is before the Court on Claimant Lawrence Fitzgerald's outstanding objections and motion, including (1) his November 7, 2011 objection (Doc. # 5205) to the Special Master's July 15, 2011 Order (Doc. # 5124); (2) his February 5, 2013 objection (Doc. # 5360) to the Special Master's March 5, 2012 Order (Doc. # 5249); and (3) his April 11, 2013 "Motion to Allow Medical Finding Within Record" (Doc. # 5371).

Claimant has a long and arduous history litigating his claims in this action. He first filed under Article XXXII of the Remedial Plan in 2004, and his claim was dismissed later that year. (Doc. # 646.)[1]  On October 19, 2009, Claimant filed his "Motion for Leave to File an Amended Complaint" (Doc. # 4164), and on March 23, 2010, Judge Kane denied that motion as moot. (Doc. # 4383 at 2.) As such, on June 4,

---

[1] The Court notes that Doc. # 646 is not available for viewing on the electronic filing system. Therefore, for ease of reference, the Court attaches Doc. # 646 as Exhibit 1 to this Order.

2010, the Special Master issued a Final Order dismissing Claimant's claim in its entirety.[2]  (Doc. # 4647.)

Months later, on October 29, 2010, Claimant filed a motion requesting the Court to appoint counsel to assist him in filing an objection to the Final Order.  (Doc. # 4896.)  The Special Master denied that motion on November 3, 2010.  (Doc. # 4902.)

On December 3, 2010, Claimant filed a document entitled "Claimants [*sic*] Response of Dismissal of His Amended Complaint and Claimants [*sic*] Response of Dismissal of Class Counsel Representation" (Doc. # 4924).  In that document, Claimant explained both (1) his reasons for believing his claim should not have been dismissed; and (2) his arguments for why he should have been/should be represented by class counsel.  (*Id.* at 2-3, 4.)

Three days later, Judge Kane issued an Order regarding Claimant's December 3, 2010 filing.  (Doc. # 4932.)  Judge Kane overruled Claimant's objection to the Special Master's November 3, 2010 Order (Doc. # 4902), denying Claimant's request for appointed counsel.  (*Id.* at 2.)  Judge Kane also noted that Claimant wanted class counsel to help him pursue claims that are "beyond the scope of the Montez class action and the Remedial Plan into which DOC entered to settle that action . . . ."  (*Id.* at 1.)  It is unclear to the undersigned whether Judge Kane ruled on Claimant's objection to the dismissal of his claim.

Regardless of whether Judge Kane's December 6, 2010 Order was or was not meant to rule on Claimant's objection to the dismissal of his claim, the Court adopts

---

[2] The Special Master extended the deadline for Claimant to file an objection to the Final Order, allowing him to file on or before December 6, 2010.  (Doc. # 4860.)

2

Judge Kane's reasoning here and finds that dismissal is appropriate. The damages claims process of the Montez Remedial Plan contemplates an award of damages only for class members[3] who had been discriminated against on account of their disability. (Article XXXII of the Remedial Plan.) Claimant's claims are premised on his beliefs (1) that the medical care he received following a glue accident was improper (Doc. # 646 at 1); (2) that DOC gave him a product that resulted in heart failure in 2002 (Doc. ## 1188, ¶ 2; 4164 at 1-2; 4294 at 1); and (3) that he should have received a full, rather than partial, MRI following a 2007 accident at the gymnasium (Doc. ## 4164 at 2, 4269 at 2).[4] Thus, Claimant is not a member of any subclass in this action. Moreover, his claims relate to the quality of the medical care he has received. Such claims cannot be pursued under the Americans with Disabilities Act; rather, they must be brought under the Eighth Amendment. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (claims for substandard medical treatment are not actionable under the Americans with Disabilities Act); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (serious deprivation of basic human needs may constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution). Thus, Claimant's claims are beyond the scope of the Remedial Plan.

Accordingly, it is ORDERED that Claimant's pending objections (Docs. ## 5205, 5360) are OVERRULED. It is

---

[3] The Remedial Plan covers the following disabilities: mobility, vision, and hearing impairments, as well as diabetes. (Article XXXII of the Remedial Plan.)

[4] Although Claimant has more recently claimed that he suffers from diabetes (Doc. # 4924 at 1), he failed to bring that claim prior to the April 30, 2010 filing deadline for *pro se* claims (*see* Doc. # 4412.) Thus, no jurisdiction exists over that claim in this action.

FURTHER ORDERED that Claimant's Motion to Allow Medical Finding Within Record (Doc. # 5371) is DENIED AS MOOT. It is

FURTHER ORDERED that Claimant's claims under this action are DISMISSED in their entirety. Subsequent filings by Claimant in this action will be stricken.

DATED:  September  25 , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge