IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96-N-343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

---

Claim Number 01-076
Category I
Claimant: Lawrewnce W. FitzGerald, #66345
Address of Claimant: AVCF, P.O. Box 1000, Crowley, CO 81034

---

## ORDER OF SPECIAL MASTER DISMISSING CLAIM

    THIS MATTER comes before the Special Master on the claim of Lawrence W. FitzGerald. Claimant has described an injury that occurred while he was working for Juniper Valley Correctional Industries. This involved glue that exploded. He has indicated that he has received some medical care, but not proper medical care as the result of his injury.

    Since it appeared that the claim might not be cognizable under the settlement agreement, a show cause order was sent to Claimant. He has responded to that order. In his response, Claimant restates the facts leading to his injury. He claims further that he has been denied medical care and medication.

    The Special Masters in this case are granted the power to adjudicate claims that are recognized by the settlement agreement that was approved by Judge Edward Nottingham. The settlement agreement allows claims to be filed as it relates to the following disabilities: (1) mobility disabilities; (2) vision disabilities; (3) hearing disabilities; or (4) disabilities related to diabetes. No other disabilities are recognized by the settlement agreement.

    The settlement was approved under the Americans with Disabilities Act (ADA). *42 U.S.C. §12132.* The ADA does not provide a jurisdictional basis for challenging the quality of medical care received by an inmate in a correctional facility. *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996);

*McNally v. Prison Health Services*, 46 F.Supp.2d 49 (D.Me.1999). In addition, the ADA is not a statute dealing with negligence of correctional officers and personnel. Claimant states clearly that he believes that the wrong glue was used in the shop and that led directly to his injury.

Claimant has described conditions that are not covered by the settlement agreement. In addition, there is nothing alleged concerning discrimination by DOC for a covered condition. The Special Masters have no jurisdiction except that which has been granted by the settlement agreement and approved by the Court. Claimant may be able to pursue separate litigation.

IS HEREBY ORDERED that the claim of Claimant Lawrence W. FitzGerald is dismissed; and

IT IS FURTHER ORDERED that Claimant Denise Lawrence W. FitzGerald is advised that he may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 17, 2004.**

SIGNED this 2 day of August, 2004.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this 2 day of August, 2004 to the following:

Mr. Lawrence W. FitzGerald
#66345
AVCF
P.O. Box 1000
Crowley, CO 81034

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. James X. Quinn
Assistant Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203