IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

## ORDER ON CLAIMANT SENSABAUGH'S JUNE 24, 2013 LETTER

This matter is before the Court on Claimant Gerald Sensabaugh's June 24, 2013 letter to the Special Master[1], which the Court will treat as a motion for replacement equipment and a motion for additional damages. (Doc. # 5405.) In his letter, Claimant alleges that the Department of Corrections ("DOC") is not in compliance with the May 23, 2006 Final Order (Doc. # 1987), in which the Special Master ruled on Claimant's damages claims under the Montez Remedial Plan. (*Id.*)

In the Final Order, the Special Master found that Claimant is a member of the mobility impaired subclass of the action, and that he had been the victim of discrimination by DOC as a result of his impairment. (Doc. # 1987 at 4-5.) Accordingly, the Special Master ordered that DOC provide Claimant with the following items: "a new four-inch thick mattress or egg-crate mattress . . . new, proper-fitting tennis shoes to

---

[1] Because the Court has withdrawn its comprehensive referral of *pro se* filings to the Special Master (Doc. # 5413 at 3-4), the Court has assumed supervision over Claimant's claims. Accordingly, the Special Master sent Claimant's letter to the Court, and it was filed on the Court's docket on August 19, 2013. (Doc. # 5405.)

wear, said shoes not requiring multiple pairs of socks to fit . . . [and] the sum of $250.00. . . ." (*Id.* at 5-6.)

In the instant letter, Claimant notes that he has received everything awarded to him by the Final Order (Doc. # 5405 at 1), with the exception of $50.00 of the $250.00 award (*id.* at 4). With regard to the $50.00 he did not receive, Claimant asks the Court if DOC was "allowed" to withhold that amount. (Doc. #5405 at 4.) Further, Claimant alleges that, since moving from the Colorado State Penitentiary to the Sterling Correctional Facility ("SCF"), he has not received acceptable replacement shoes or an acceptable replacement mattress. (*Id.* at 1.) He contends that the staff at SCF gave him ill-fitting shoes and told him he would be punished if he did not wear them (*id.*), and he also contends that the SCF staff has refused to replace his worn-out mattress (*id.* at 1-2). He asks the Court to order DOC to give him a replacement mattress. (*Id.* at 3.) Moreover, in consideration of the suffering that he has borne on account of SCF staff members' "wrongful acts," Claimant requests that the Court award him $25,000.00. (*Id.* at 4.)

First, the Court answers Claimant's question regarding the $50.00 withheld from his award. On September 4, 2013, this Court issued a Minute Order, requesting Defendants to respond to Claimant's statement that he did not receive $50.00 of his $250.00 award. (Doc. # 5408.) In their response, Defendants provided evidence that they submitted a $250.00 check to DOC's offender banking system for deposit into Claimant's account. (Doc. # 5411-1.) However, $50 was withheld from Claimant's account pursuant to a state court order, which directs that, as part of his criminal sentencing, 20% of all deposits in Claimant's DOC bank account shall be remitted as

restitution for his offense.  (Doc. # 5411 at 2; 5411-2.)  The Court affirms that the $50.00 was properly withheld from Claimant's account.

Next, the Court denies Claimant's motion for additional monetary damages.  According to the Remedial Plan, "no new claims for damages [are] allowed during the monitoring period."  (Article XXXII of the Remedial Plan.)  Pursuant to the Court's September 11, 2012 Order (Doc. # 5314), the Monitoring Period began on October 1, 2012.  (Doc. # 5314 at 4.)  Claimant filed his claim on June 24, 2013.  (Doc. # 5405.)  Thus, Claimant's request for $25,000.00 in monetary damages is denied.

Finally, pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with.  (Doc. # 5414 at 2.)  Because Claimant has received all of the items awarded him in the Final Order, jurisdiction over his claims has ended.  (Doc. # 5405 at 1; *see id.*)  Therefore, Claimant's complaints about the quality of his replacement equipment, and his allegations of bad faith on the part of DOC staff members, must proceed through the procedures established by DOC and/or proceed in a separate action.  Any subsequent filings by Claimant in this action will be stricken.

For the foregoing reasons, it is ORDERED that the relief requested in Claimant's letter, including his motion for replacement equipment and motion for additional damages, (Doc. # 5405) is DENIED in its entirety.

DATED:  September  26 , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3