IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER ON CLAIMANT BRUNSILIUS'S OBJECTION

This matter is before the Court on Claimant Wayne Brunsilius's July 18, 2011 objection to the Special Master's April 22, 2011 Final Order on his damages claims under the Montez Remedial Plan (Doc. # 5038).  (Doc. # 5110.)

Abuse of discretion is the standard of review in this instance.  (Article XXXII of the Remedial Plan.)  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices."  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

The Special Master issued the Final Order on Claimant's damages claim following an evidentiary hearing held on January 18, 2011.  (Doc. # 5038 at 1.)  Based

on evidence presented during that hearing, including 14 exhibits and "additional documents" offered by Claimant, the Special Master found that Claimant was a member of the mobility impaired subclass of this action. (*Id.* at 1, 6.) However, the Special Master also found that Claimant had not proven that the Department of Corrections ("DOC") had discriminated against him due to his impairment on or before August 27, 2003. (*Id.*) Because the Court had ordered that the claims process was limited to those individuals who were discriminated against in violation of the ADA on or before August 27, 2003 (*id.* at 3 (citing Doc. # 4381 at 3))[1], the Special Master dismissed Claimant's claim. (*Id.* at 6-7.)

In the instant objection, Claimant contends that the Special Master abused his discretion because he failed to review all of the documents Claimant submitted for his consideration. (Doc. # 5110 at 1.) Claimant asserts that certain documents he submitted demonstrate that he was discriminated against by DOC prior to 2003. (*Id.* at 2.) Claimant's support for this contention is that, in the Final Order, the Special Master "fail[ed] and refus[ed] to state that [he] considered and reviewed [the] records." (*Id.*) This argument is unavailing. The Special Master specifically acknowledges the exhibits, medical records, and additional documents that Claimant submitted for his

---

[1] Specifically, the Court's Order states, "In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief." (Doc. # 4381 at 3.) Claims in this action are brought under Title II of the ADA. *Montez v. Romer*, 32 F.Supp. 1235, 1240 (D. Colo. 1999). To establish a prima facie claim under Title II of the ADA, a claimant must have been the victim of discrimination on account of his disability. 42 U.S.C. § 12132. Therefore, in order to be "entitled as of August 2003 to file claims for individual relief," claimants must have been discriminated against on or before that date.

consideration. (Doc. # 5038 at 1, 5.) Claimant's contention lacks any support. Thus, the Court finds that the Special Master did not abuse his discretion.

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5110) to the Special Master's April 22, 2011 Final Order (Doc. # 5038) is OVERRULED.

DATED: September __26__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge