IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

　　　Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

　　　Defendants.

## ORDER REJECTING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING CLAIMANT KEVIN MARK BRETZ

　　　This matter is before the Court on Special Master Borchers's August 5, 2011 Report and Recommendation regarding Claimant Kevin Mark Bretz's claims under the Montez Remedial Plan (Doc. # 5132). Special Master Borchers composed his Report and Recommendation following a hearing held on June 20, 2011 (*id.* at 1), to determine whether the Department of Corrections ("DOC") was in compliance with the August 8, 2007 Final Order, in which Special Master Davidson ruled on Claimant's damages claims (Doc. # 2793). (*Id.* at 4.)

　　　In the August 8, 2007 Final Order, Special Master Davidson found that Claimant was a member of the mobility impaired subclass and that he had been discriminated against by DOC on account of his impairment. (Doc. # 2793 at 6.) Accordingly, the Special Master ordered that Claimant be "provide[d] proper medical care," that he be sent to "outside orthopedic and neurosurgery specialists for examination," and that Claimant then be treated "as the specialists direct[ed]." (*Id.* at 7.) The Special Master

further ordered that Claimant be awarded $1,500.00 "as compensation for his maltreatment." (*Id.*)

In a letter filed on September 9, 2008, Claimant wrote to Special Master Davidson, alleging that DOC had failed to comply with the Final Order, and requesting that a compliance hearing be held on the matter. (Doc. # 3582.) Claimant alleged that DOC had violated the directives of the Final Order by failing to send him to outside specialists, failing to transfer him to a better facility, and failing to provide him with proper equipment and medications.[1] (*Id.* at 3-5.) Special Master Davidson held a compliance hearing to address these allegations on November 19, 2009. (Doc. # 3792 at 1.) In his Ruling following the hearing, Special Master Davidson found that DOC had sent Claimant to outside specialists, and that he had been issued all of the equipment that the specialists recommended for him. (*Id.* at 2-3.) Further, a physician testified that Claimant's medications were "proper." (*Id.* at 2.) Based on these findings of fact, Special Master Davidson found that the Final Order had been fully complied with. (*Id.* at 3.)

Nonetheless, Claimant continued submitting letters to the Special Master and the Court. (Doc. # 5132 at 3.) In 2010, Special Master Borchers assumed supervision over the claim. (*Id.*) Following a series of motions by Claimant and class counsel, Special Master Borchers held another compliance hearing on June 20, 2011. (*Id.* at 3-4.)

In the instant Report and Recommendation, filed following the June 20, 2011 hearing, the Special Master notes that the "Final Order of 2007 and the order of January

---

[1] In fact, Claimant contends that Defendants gave him a "life threatening [*sic*] medication." (Doc. # 3582 at 5.)

2

27, 2009 provide a merry-go-round for both Claimant and Defendants." (*Id.* at 6.) He states that

> Claimant retains the right to file a motion to compel compliance with the final order, but has no way to prove that a violation has occurred if he is alleging inappropriate medical care. Defendants will present evidence that the medical care was appropriate, otherwise they would not have provided the care. In the meantime, hearings will have to be held on a routine basis extending well past the closure of the compliance portion of this case.

(*Id.*) He notes that the Final Order's directive that DOC provide Claimant "proper medical care" (Doc. # 2793 at 7) "run[s] afoul of the Tenth Circuit's ruling in *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005). . . . The *Fitzgerald* [holding] makes clear that the [Americans with Disabilities Act] is not a statutory basis for determining the quality of medical care." (*Id.*) Given the endless trajectory of hearings the Special Master believes this language encourages, he proposes a final set of directives to resolve all further issues in the claim. (*Id.*) Specifically, the Special Master recommends that "Claimant be examined by an outside orthopedic specialist to determine what treatment should be provided for mobility issues." (*Id.*) He also recommends that the specialist "provide recommendations for Claimant's care" and that these recommendations be adopted by DOC. (*Id.* at 7.) Finally, the Special Master suggests that his jurisdiction "to review any further motions to compel on the claim . . . end on June 30, 2012." (*Id.*)

The Court agrees with the Special Master that this claim's "tortured history" (*id.* at 1) must come to an end. However, the Court declines to adopt the Special Master's recommendations because any further action with respect to this claim is inappropriate due to the Court's September 19, 2013 Order (Doc. # 5414). That Order ruled that

jurisdiction over a claim ends once the Final Order has been fully complied with. (Doc. # 5414 at 2.) In his January 27, 2009 Ruling, Special Master Davidson found that DOC had fully complied with the Final Order. (Doc. # 3792 at 3.) Thus, jurisdiction over Claimant's claims has ended. Any future filings in this case regarding Claimant's claims will be stricken. Claimant must pursue his complaints about substandard treatment within the procedures established by DOC and/or in a separate action, under the Eighth Amendment. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (Claims for substandard medical treatment are not actionable under the Americans with Disabilities Act); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (serious deprivation of basic human needs may constitute cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution).

Accordingly, the Court REJECTS the Special Master's August 5, 2011 Report and Recommendation. (Doc. # 5132.) The Court

FURTHER ORDERS that Claimant's claims are dismissed in their entirety. Any future filings by Claimant in this action will be stricken.

DATED: September __26__, 2013

BY THE COURT:

_Christine M Arguello_

_____
CHRISTINE M. ARGUELLO
United States District Judge