IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

## ORDER ON CLAIMANT GRIFFIN'S OBJECTION

This matter is before the Court on Claimant Eldridge Griffin's July 30, 2012 objection (Doc. # 5294) to the Special Master's May 7, 2012 Final Order (Doc. # 5279), dismissing Claimant's damages claims filed pursuant to Article XXXII of the Montez Remedial Plan.

The Special Master composed the Final Order following a January 30, 2012 evidentiary hearing, held for the purpose of allowing Claimant to present evidence that he was entitled to damages under the Remedial Plan. (Doc. # 5279 at 1.) In the Final Order, the Special Master found that Claimant is a member of the visually impaired subclass of this action. (*Id.* at 5.) However, the Special Master also found that Claimant had not proved that he had been discriminated against by DOC on or before August 27, 2003 on account of his impairment. (*Id.* at 5-6.) Therefore, the Special Master found that Claimant was not eligible for individual damages relief under the Remedial Plan, and he dismissed Claimant's claims. (*Id.* at 6.)

In the instant objection, Claimant contends that he was unable to present all of his evidence at the January 30, 2012 hearing. (Doc. # 5294 at 3.) He explains that the Special Master granted him up to and including April 30, 2012 to submit supplemental exhibits. (*Id.*) According to Claimant, he missed his April 30, 2012 deadline because he was placed in segregation and was not allowed access to his legal documents. (*Id.* at 10, 11.) Claimant requests leave to now submit additional evidence that he was discriminated against by DOC prior to August 27, 2003. (*Id.* at 13.)

The Court finds that Claimant's request is moot. Pursuant to this Court's April 6, 2010 Order, the deadline for filing new *pro se* damages claims was April 30, 2010. (Doc. # 4412.) Because Claimant filed his claims after the April 30, 2010 deadline, no jurisdiction exists over his claims in this action. Claimant cannot pursue the relief he requests in the context of this action; he must proceed with his claims through the procedures established by DOC and/or in a separate action.

For the foregoing reasons, it is ORDERED that Claimant's objection (Doc. # 5294) is OVERRULED. It is

FURTHER ORDERED that subsequent filings by Claimant in this action will be stricken.

DATED: September __26__, 2013.

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge