IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

**ORDER ON PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER REGARDING MICHAEL K. TIVIS #52378**

This matter is before the Court on Plaintiffs' September 5, 2012 Objection to the Special Master's Order Regarding Michael K. Tivis # 52378.  (Doc. # 5312.) Specifically, Plaintiffs object to the June 20, 2012 Order of the Special Master (Doc. # 5287), which denied Claimant's June 19, 2012 motion (Doc. # 5286).  In that motion (Doc. # 5286), Claimant alleged that the Department of Corrections ("DOC") was not in compliance with the Final Order on Claimant's damages claims under the Montez Remedial Plan.  (*Id.* at 1.)

In the Final Order, the Special Master found that Claimant was a member of the mobility impaired subclass of this action.  (Doc. # 2669 at 6.)  Further, the Special Master noted that DOC had discriminated against Claimant by requiring him to purchase his own medically-necessary soft soled shoes and requiring him to purchase his own Motrin, which he required for pain relief.  (*Id.* at 7.)  To compensate Claimant for the pain he suffered that could have been alleviated by soft-soled shoes, and for the

cost of the Motrin he had purchased, the Special Master awarded Claimant monetary damages in the amount of $180.00.  (*Id.* at 7.)

In his June 19, 2012 motion, Claimant alleged that DOC refused to follow the Special Master's "ruling [in the Final Order] . . . to provide medical shoes."  (Doc. # 5286 at 1.)  The Special Master treated Claimant's motion as a motion for relief, and he explained that he had no jurisdiction to provide the requested relief:

> . . . Judge Kane has ruled that no additional *pro se* motions would be accepted.  The sole exception was for claimants who had received an order from the Court providing continuing items such as medical shoes.  Claimant received a favorable ruling on his claim and was awarded money, which has been paid to him.  Thus, there is no continuing jurisdiction over the claim.

(Doc. # 5287.)  Accordingly, the Special Master dismissed Claimant's motion.  (*Id.*)

In the instant objection, Plaintiffs argue that the "Special Master clearly has jurisdiction to consider the issue raised in [Claimant's] letter."  (Doc. # 5312, ¶ 5.)  It is Plaintiffs' view that the Final Order "[found] soft soled shoes to be a necessary accommodation"[1] and that DOC therefore has a continuing obligation to provide Claimant with soft soled shoes.  (*Id.,* ¶¶ 4, 6.)  Thus, Plaintiffs contend that DOC's failure to provide Claimant with replacement shoes defies the directives of the Final Order.  (*Id.,* ¶ 6.)  The Court disagrees.

---

[1] As support for this contention, Plaintiffs suggest that the award of monetary damages was intended to reimburse Claimant "for the cost of the shoes he was forced to purchase as a result of DOC's discriminatory conduct."  (Doc. # 5312 at ¶ 3.)  "Clearly," Plaintiffs argue, "the Special Master sought to remedy the discrimination against [Claimant] by awarding damages specific to DOC's refusal to provide [Claimant] with the accommodation of soft soled shoes.  It follows that in order to avoid future damages for the same discriminatory conduct, DOC would accommodate [Claimant's] disability by providing him with the necessary soft soled shoes."  (*Id.,* ¶ 6.)

To begin with, the Court finds that the Final Order does not order DOC to provide Claimant with soft soled shoes.[2] (*See* Doc. # 2669 at 7.) Therefore, Claimant's request for replacement shoes constitutes a new claim for damages and was properly dismissed for lack of jurisdiction pursuant to this Court's April 6, 2010 Order, which issued an April 30, 2010 filing deadline for all *pro se* claims (Doc. # 4412). Moreover, pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with. (Doc. # 5414 at 2.) Because Claimant has received the monetary damages awarded him in the Final Order, no jurisdiction over his claims remains. (S*ee id.*)

The Court also notes that Plaintiffs' motion is moot because Claimant has a DOC accommodation for soft soled shoes (Doc. # 5318-1), and he received a replacement pair in August 2012 (Doc. # 5313-4).

For the foregoing reasons, it is ORDERED that Plaintiffs' Objection to the Special Master's Order Regarding Michael K. Tivis (Doc. # 5312) is OVERRULED. It is

FURTHER ORDERED that Claimant's claims are dismissed in their entirety. Subsequent filings regarding Claimant's claims in this action will be stricken.

DATED: September  26 , 2013

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Further, the monetary damages the Final Order granted Claimant were to compensate him for the suffering he had borne because he had not been given soft soled shoes and to reimburse him for the cost of the Motrin he had bought, not, as Plaintiffs suggest, for the purpose of enabling Claimant to purchase his own shoes. (Doc. # 2669 at 7.)