**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

---

**ORDER ON CLAIMANT SENSABAUGH'S JUNE 24, 2013 LETTER**

---

This matter is before the Court on Claimant Gerald Sensabaugh's June 24, 2013 letter to the Special Master[1], which the Court will treat as a motion for replacement equipment and a motion for additional damages.  (Doc. # 5405.)  In his letter, Claimant alleges that the Department of Corrections ("DOC") is not in compliance with the May 23, 2006 Final Order (Doc. # 1987), in which the Special Master ruled on Claimant's damages claims under the Montez Remedial Plan.  (*Id.*)

In the Final Order, the Special Master found that Claimant is a member of the mobility impaired subclass of the action, and that he had been the victim of discrimination by DOC as a result of his impairment.  (Doc. # 1987 at 4-5.)  Accordingly, the Special Master ordered that DOC provide Claimant with the following items: "a new four-inch thick mattress or egg-crate mattress . . . new, proper-fitting tennis shoes to

---

[1] Because the Court has withdrawn its comprehensive referral of *pro se* filings to the Special Master (Doc. # 5413 at 3-4), the Court has assumed supervision over Claimant's claims. Accordingly, the Special Master sent Claimant's letter to the Court, and it was filed on the Court's docket on August 19, 2013.  (Doc. # 5405.)

wear, said shoes not requiring multiple pairs of socks to fit . . . [and] the sum of $250.00. . . ."  (*Id.* at 5-6.)

In the instant letter, Claimant notes that he has received everything awarded to him by the Final Order (Doc. # 5405 at 1), with the exception of $50.00 of the $250.00 award (*id.* at 4).  With regard to the $50.00 he did not receive, Claimant asks the Court if DOC was "allowed" to withhold that amount.  (Doc. #5405 at 4.)  Further, Claimant alleges that, since moving from the Colorado State Penitentiary to the Sterling Correctional Facility ("SCF"), he has not received acceptable replacement shoes or an acceptable replacement mattress.  (*Id.* at 1.)  He contends that the staff at SCF gave him ill-fitting shoes and told him he would be punished if he did not wear them (*id.*), and he also contends that the SCF staff has refused to replace his worn-out mattress (*id.* at 1-2).  He asks the Court to order DOC to give him a replacement mattress.  (*Id.* at 3.)  Moreover, in consideration of the suffering that he has borne on account of SCF staff members' "wrongful acts," Claimant requests that the Court award him $25,000.00.  (*Id.* at 4.)

First, the Court answers Claimant's question regarding the $50.00 withheld from his award.  On September 4, 2013, this Court issued a Minute Order, requesting Defendants to respond to Claimant's statement that he did not receive $50.00 of his $250.00 award.  (Doc. # 5408.)  In their response, Defendants provided evidence that they submitted a $250.00 check to DOC's offender banking system for deposit into Claimant's account.  (Doc. # 5411-1.)  However, $50 was withheld from Claimant's account pursuant to a state court order, which directs that, as part of his criminal sentencing, 20% of all deposits in Claimant's DOC bank account shall be remitted as

2

restitution for his offense.  (Doc. # 5411 at 2; 5411-2.)  The Court affirms that the $50.00 was properly withheld from Claimant's account.

Next, the Court denies Claimant's motion for additional monetary damages. According to the Remedial Plan, "no new claims for damages [are] allowed during the monitoring period."  (Article XXXII of the Remedial Plan.)  Pursuant to the Court's September 11, 2012 Order (Doc. # 5314), the Monitoring Period began on October 1, 2012.  (Doc. # 5314 at 4.)  Claimant filed his claim on June 24, 2013.  (Doc. # 5405.) Thus, Claimant's request for $25,000.00 in monetary damages is denied.

Finally, pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with.  (Doc. # 5414 at 2.)  Because Claimant has received all of the items awarded him in the Final Order, jurisdiction over his claims has ended.  (Doc. # 5405 at 1; *see id.*)  Therefore, Claimant's complaints about the quality of his replacement equipment, and his allegations of bad faith on the part of DOC staff members, must proceed through the procedures established by DOC and/or proceed in a separate action.  Any subsequent filings by Claimant in this action will be stricken.

For the foregoing reasons, it is ORDERED that the relief requested in Claimant's letter, including his motion for replacement equipment and motion for additional damages, (Doc. # 5405) is DENIED in its entirety.

DATED:  September __26__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

      Defendants.

---

## ORDER ON CLAIMANT BRUNSILIUS'S OBJECTION

---

      This matter is before the Court on Claimant Wayne Brunsilius's July 18, 2011 objection to the Special Master's April 22, 2011 Final Order on his damages claims under the Montez Remedial Plan (Doc. # 5038).  (Doc. # 5110.)

      Abuse of discretion is the standard of review in this instance.  (Article XXXII of the Remedial Plan.)  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices."  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

      The Special Master issued the Final Order on Claimant's damages claim following an evidentiary hearing held on January 18, 2011.  (Doc. # 5038 at 1.)  Based

on evidence presented during that hearing, including 14 exhibits and "additional documents" offered by Claimant, the Special Master found that Claimant was a member of the mobility impaired subclass of this action.  (*Id.* at 1, 6.)  However, the Special Master also found that Claimant had not proven that the Department of Corrections ("DOC") had discriminated against him due to his impairment on or before August 27, 2003.  (*Id.*)  Because the Court had ordered that the claims process was limited to those individuals who were discriminated against in violation of the ADA on or before August 27, 2003 (*id.* at 3 (citing Doc. # 4381 at 3))[1], the Special Master dismissed Claimant's claim.  (*Id.* at 6-7.)

In the instant objection, Claimant contends that the Special Master abused his discretion because he failed to review all of the documents Claimant submitted for his consideration.  (Doc. # 5110 at 1.)  Claimant asserts that certain documents he submitted demonstrate that he was discriminated against by DOC prior to 2003. (*Id.* at 2.)  Claimant's support for this contention is that, in the Final Order, the Special Master "fail[ed] and refus[ed] to state that [he] considered and reviewed [the] records." (*Id.*)  This argument is unavailing.  The Special Master specifically acknowledges the exhibits, medical records, and additional documents that Claimant submitted for his

---

[1]   Specifically, the Court's Order states, "In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief."  (Doc. # 4381 at 3.)  Claims in this action are brought under Title II of the ADA.  *Montez v. Romer*, 32 F.Supp. 1235, 1240 (D. Colo. 1999).  To establish a prima facie claim under Title II of the ADA, a claimant must have been the victim of discrimination on account of his disability.  42 U.S.C. § 12132.  Therefore, in order to be "entitled as of August 2003 to file claims for individual relief," claimants must have been discriminated against on or before that date.

consideration.  (Doc. # 5038 at 1, 5.)  Claimant's contention lacks any support.  Thus, the Court finds that the Special Master did not abuse his discretion.

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5110) to the Special Master's April 22, 2011 Final Order (Doc. # 5038) is OVERRULED.

DATED:  September __26__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

     Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

     Defendants.

---

## ORDER REJECTING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING CLAIMANT KEVIN MARK BRETZ

---

This matter is before the Court on Special Master Borchers's August 5, 2011 Report and Recommendation regarding Claimant Kevin Mark Bretz's claims under the Montez Remedial Plan (Doc. # 5132).  Special Master Borchers composed his Report and Recommendation following a hearing held on June 20, 2011 (*id.* at 1), to determine whether the Department of Corrections ("DOC") was in compliance with the August 8, 2007 Final Order, in which Special Master Davidson ruled on Claimant's damages claims (Doc. # 2793).  (*Id.* at 4.)

In the August 8, 2007 Final Order, Special Master Davidson found that Claimant was a member of the mobility impaired subclass and that he had been discriminated against by DOC on account of his impairment.  (Doc. # 2793 at 6.)  Accordingly, the Special Master ordered that Claimant be "provide[d] proper medical care," that he be sent to "outside orthopedic and neurosurgery specialists for examination," and that Claimant then be treated "as the specialists direct[ed]."  (*Id.* at 7.)  The Special Master

further ordered that Claimant be awarded $1,500.00 "as compensation for his maltreatment." (*Id.*)

In a letter filed on September 9, 2008, Claimant wrote to Special Master Davidson, alleging that DOC had failed to comply with the Final Order, and requesting that a compliance hearing be held on the matter. (Doc. # 3582.) Claimant alleged that DOC had violated the directives of the Final Order by failing to send him to outside specialists, failing to transfer him to a better facility, and failing to provide him with proper equipment and medications.[1] (*Id.* at 3-5.) Special Master Davidson held a compliance hearing to address these allegations on November 19, 2009. (Doc. # 3792 at 1.) In his Ruling following the hearing, Special Master Davidson found that DOC had sent Claimant to outside specialists, and that he had been issued all of the equipment that the specialists recommended for him. (*Id.* at 2-3.) Further, a physician testified that Claimant's medications were "proper." (*Id.* at 2.) Based on these findings of fact, Special Master Davidson found that the Final Order had been fully complied with. (*Id.* at 3.)

Nonetheless, Claimant continued submitting letters to the Special Master and the Court. (Doc. # 5132 at 3.) In 2010, Special Master Borchers assumed supervision over the claim. (*Id.*) Following a series of motions by Claimant and class counsel, Special Master Borchers held another compliance hearing on June 20, 2011. (*Id.* at 3-4.)

In the instant Report and Recommendation, filed following the June 20, 2011 hearing, the Special Master notes that the "Final Order of 2007 and the order of January

---

[1]   In fact, Claimant contends that Defendants gave him a "life threatening [*sic*] medication." (Doc. # 3582 at 5.)

2

27, 2009 provide a merry-go-round for both Claimant and Defendants." (*Id.* at 6.)

He states that

> Claimant retains the right to file a motion to compel compliance with the final order, but has no way to prove that a violation has occurred if he is alleging inappropriate medical care. Defendants will present evidence that the medical care was appropriate, otherwise they would not have provided the care. In the meantime, hearings will have to be held on a routine basis extending well past the closure of the compliance portion of this case.

(*Id.*) He notes that the Final Order's directive that DOC provide Claimant "proper medical care" (Doc. # 2793 at 7) "run[s] afoul of the Tenth Circuit's ruling in *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005). . . . The *Fitzgerald* [holding] makes clear that the [Americans with Disabilities Act] is not a statutory basis for determining the quality of medical care." (*Id.*) Given the endless trajectory of hearings the Special Master believes this language encourages, he proposes a final set of directives to resolve all further issues in the claim. (*Id.*) Specifically, the Special Master recommends that "Claimant be examined by an outside orthopedic specialist to determine what treatment should be provided for mobility issues." (*Id.*) He also recommends that the specialist "provide recommendations for Claimant's care" and that these recommendations be adopted by DOC. (*Id.* at 7.) Finally, the Special Master suggests that his jurisdiction "to review any further motions to compel on the claim . . . end on June 30, 2012." (*Id.*)

The Court agrees with the Special Master that this claim's "tortured history" (*id.* at 1) must come to an end. However, the Court declines to adopt the Special Master's recommendations because any further action with respect to this claim is inappropriate due to the Court's September 19, 2013 Order (Doc. # 5414). That Order ruled that

3

jurisdiction over a claim ends once the Final Order has been fully complied with.  (Doc. # 5414 at 2.)  In his January 27, 2009 Ruling, Special Master Davidson found that DOC had fully complied with the Final Order.  (Doc. # 3792 at 3.)  Thus, jurisdiction over Claimant's claims has ended.  Any future filings in this case regarding Claimant's claims will be stricken.  Claimant must pursue his complaints about substandard treatment within the procedures established by DOC and/or in a separate action, under the Eighth Amendment.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (Claims for substandard medical treatment are not actionable under the Americans with Disabilities Act); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (serious deprivation of basic human needs may constitute cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution).

Accordingly, the Court REJECTS the Special Master's August 5, 2011 Report and Recommendation.  (Doc. # 5132.)  The Court

FURTHER ORDERS that Claimant's claims are dismissed in their entirety. Any future filings by Claimant in this action will be stricken.

DATED:  September   26  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

      Defendants.

---

## ORDER ON CLAIMANT GRIFFIN'S OBJECTION

---

This matter is before the Court on Claimant Eldridge Griffin's July 30, 2012 objection (Doc. # 5294) to the Special Master's May 7, 2012 Final Order (Doc. # 5279), dismissing Claimant's damages claims filed pursuant to Article XXXII of the Montez Remedial Plan.

The Special Master composed the Final Order following a January 30, 2012 evidentiary hearing, held for the purpose of allowing Claimant to present evidence that he was entitled to damages under the Remedial Plan.  (Doc. # 5279 at 1.)  In the Final Order, the Special Master found that Claimant is a member of the visually impaired subclass of this action.  (*Id.* at 5.)  However, the Special Master also found that Claimant had not proved that he had been discriminated against by DOC on or before August 27, 2003 on account of his impairment.  (*Id.* at 5-6.)  Therefore, the Special Master found that Claimant was not eligible for individual damages relief under the Remedial Plan, and he dismissed Claimant's claims.  (*Id.* at 6.)

In the instant objection, Claimant contends that he was unable to present all of his evidence at the January 30, 2012 hearing.  (Doc. # 5294 at 3.)  He explains that the Special Master granted him up to and including April 30, 2012 to submit supplemental exhibits.  (*Id.*)  According to Claimant, he missed his April 30, 2012 deadline because he was placed in segregation and was not allowed access to his legal documents. (*Id.* at 10, 11.)  Claimant requests leave to now submit additional evidence that he was discriminated against by DOC prior to August 27, 2003.  (*Id.* at 13.)

The Court finds that Claimant's request is moot.  Pursuant to this Court's April 6, 2010 Order, the deadline for filing new *pro se* damages claims was April 30, 2010. (Doc. # 4412.)  Because Claimant filed his claims after the April 30, 2010 deadline, no jurisdiction exists over his claims in this action.  Claimant cannot pursue the relief he requests in the context of this action; he must proceed with his claims through the procedures established by DOC and/or in a separate action.

For the foregoing reasons, it is ORDERED that Claimant's objection (Doc. # 5294) is OVERRULED.  It is

FURTHER ORDERED that subsequent filings by Claimant in this action will be stricken.

DATED:  September   26  , 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

      Defendants.

---

**ORDER ON PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S ORDER
REGARDING MICHAEL K. TIVIS #52378**

---

This matter is before the Court on Plaintiffs' September 5, 2012 Objection to the Special Master's Order Regarding Michael K. Tivis # 52378.  (Doc. # 5312.) Specifically, Plaintiffs object to the June 20, 2012 Order of the Special Master (Doc. # 5287), which denied Claimant's June 19, 2012 motion (Doc. # 5286).  In that motion (Doc. # 5286), Claimant alleged that the Department of Corrections ("DOC") was not in compliance with the Final Order on Claimant's damages claims under the Montez Remedial Plan.  (*Id.* at 1.)

In the Final Order, the Special Master found that Claimant was a member of the mobility impaired subclass of this action.  (Doc. # 2669 at 6.)  Further, the Special Master noted that DOC had discriminated against Claimant by requiring him to purchase his own medically-necessary soft soled shoes and requiring him to purchase his own Motrin, which he required for pain relief.  (*Id.* at 7.)  To compensate Claimant for the pain he suffered that could have been alleviated by soft-soled shoes, and for the

cost of the Motrin he had purchased, the Special Master awarded Claimant monetary damages in the amount of $180.00.  (*Id.* at 7.)

In his June 19, 2012 motion, Claimant alleged that DOC refused to follow the Special Master's "ruling [in the Final Order] . . . to provide medical shoes."  (Doc. # 5286 at 1.)  The Special Master treated Claimant's motion as a motion for relief, and he explained that he had no jurisdiction to provide the requested relief:

> . . . Judge Kane has ruled that no additional *pro se* motions would be accepted.  The sole exception was for claimants who had received an order from the Court providing continuing items such as medical shoes. Claimant received a favorable ruling on his claim and was awarded money, which has been paid to him.  Thus, there is no continuing jurisdiction over the claim.

(Doc. # 5287.)  Accordingly, the Special Master dismissed Claimant's motion.  (*Id.*)

In the instant objection, Plaintiffs argue that the "Special Master clearly has jurisdiction to consider the issue raised in [Claimant's] letter."  (Doc. # 5312, ¶ 5.) It is Plaintiffs' view that the Final Order "[found] soft soled shoes to be a necessary accommodation"[1] and that DOC therefore has a continuing obligation to provide Claimant with soft soled shoes.  (*Id.,* ¶¶ 4, 6.)  Thus, Plaintiffs contend that DOC's failure to provide Claimant with replacement shoes defies the directives of the Final Order.  (*Id.,* ¶ 6.)  The Court disagrees.

---

[1] As support for this contention, Plaintiffs suggest that the award of monetary damages was intended to reimburse Claimant "for the cost of the shoes he was forced to purchase as a result of DOC's discriminatory conduct."  (Doc. # 5312 at ¶ 3.)  "Clearly," Plaintiffs argue, "the Special Master sought to remedy the discrimination against [Claimant] by awarding damages specific to DOC's refusal to provide [Claimant] with the accommodation of soft soled shoes.  It follows that in order to avoid future damages for the same discriminatory conduct, DOC would accommodate [Claimant's] disability by providing him with the necessary soft soled shoes." (*Id.,* ¶ 6.)

2

To begin with, the Court finds that the Final Order does not order DOC to provide Claimant with soft soled shoes.[2] (*See* Doc. # 2669 at 7.)  Therefore, Claimant's request for replacement shoes constitutes a new claim for damages and was properly dismissed for lack of jurisdiction pursuant to this Court's April 6, 2010 Order, which issued an April 30, 2010 filing deadline for all *pro se* claims (Doc. # 4412).  Moreover, pursuant to the Court's September 19, 2013 Order, jurisdiction over a claimant's claims ends once the Final Order has been complied with.  (Doc. # 5414 at 2.)  Because Claimant has received the monetary damages awarded him in the Final Order, no jurisdiction over his claims remains.  (S*ee id.*)

The Court also notes that Plaintiffs' motion is moot because Claimant has a DOC accommodation for soft soled shoes (Doc. # 5318-1), and he received a replacement pair in August 2012 (Doc. # 5313-4).

For the foregoing reasons, it is ORDERED that Plaintiffs' Objection to the Special Master's Order Regarding Michael K. Tivis (Doc. # 5312) is OVERRULED.  It is

FURTHER ORDERED that Claimant's claims are dismissed in their entirety. Subsequent filings regarding Claimant's claims in this action will be stricken.

DATED:  September ___26___, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Further, the monetary damages the Final Order granted Claimant were to compensate him for the suffering he had borne because he had not been given soft soled shoes and to reimburse him for the cost of the Motrin he had bought, not, as Plaintiffs suggest, for the purpose of enabling Claimant to purchase his own shoes.  (Doc. # 2669 at 7.)