IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER ON CLAIMANT BRUNSILIUS'S OBJECTION

This matter is before the Court on Claimant Wayne Brunsilius's July 18, 2011 objection to the Special Master's April 22, 2011 Final Order on his damages claims under the Montez Remedial Plan (Doc. # 5038). (Doc. # 5110.)

Abuse of discretion is the standard of review in this instance. (Article XXXII of the Remedial Plan.) A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

The Special Master issued the Final Order on Claimant's damages claim following an evidentiary hearing held on January 18, 2011. (Doc. # 5038 at 1.) Based

on evidence presented during that hearing, including 14 exhibits and "additional documents" offered by Claimant, the Special Master found that Claimant was a member of the mobility impaired subclass of this action. (*Id.* at 1, 6.) However, the Special Master also found that Claimant had not proven that the Department of Corrections ("DOC") had discriminated against him due to his impairment on or before August 27, 2003. (*Id.*) Because the Court had ordered that the claims process was limited to those individuals who were discriminated against in violation of the ADA on or before August 27, 2003 (*id.* at 3 (citing Doc. # 4381 at 3))[1], the Special Master dismissed Claimant's claim. (*Id.* at 6-7.)

In the instant objection, Claimant contends that the Special Master abused his discretion because he failed to review all of the documents Claimant submitted for his consideration. (Doc. # 5110 at 1.) Claimant asserts that certain documents he submitted demonstrate that he was discriminated against by DOC prior to 2003. (*Id.* at 2.) Claimant's support for this contention is that, in the Final Order, the Special Master "fail[ed] and refus[ed] to state that [he] considered and reviewed [the] records." (*Id.*) This argument is unavailing. The Special Master specifically acknowledges the exhibits, medical records, and additional documents that Claimant submitted for his

---

[1] Specifically, the Court's Order states, "In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief." (Doc. # 4381 at 3.) Claims in this action are brought under Title II of the ADA. *Montez v. Romer*, 32 F.Supp. 1235, 1240 (D. Colo. 1999). To establish a prima facie claim under Title II of the ADA, a claimant must have been the victim of discrimination on account of his disability. 42 U.S.C. § 12132. Therefore, in order to be "entitled as of August 2003 to file claims for individual relief," claimants must have been discriminated against on or before that date.

consideration. (Doc. # 5038 at 1, 5.) Claimant's contention lacks any support. Thus, the Court finds that the Special Master did not abuse his discretion.

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5110) to the Special Master's April 22, 2011 Final Order (Doc. # 5038) is OVERRULED.

DATED: September __26__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-870-JLK

JESSE MONDTEX, et, al.,

        Plantiff,

-vs.-

JOHN HICKENLOOPER, et al.,

        Defendants,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10/17/13
JEFFREY P. COLWELL, CLERK

## NOTICE OF APPEAL OF SEPTEMBER 26, 2913 RULING

This matter was before the court by Claimant Wayne Brunsilius's July 14, 2011 objection to April 22, 2011, by final Order of Special Master Richard M. Borcher at the Legal Resolution Center.

This Notice of Appeal is filed for violation of due process, Refusal to consider the entire medical record and violation of a fair and impartial hearing; the failure and refusal of the court to provide finding of facts and conclusions of law pursuant to their finding as stated in record on August 6, 2012; Refusal to make public and to claimant the complete records held by the Colorado Department of Corrections, violation of federal court order by the State of Colorado, abuse of discretion in light of credence and creditability of issues in Objection to Order of April, 22, 2011 by claimant subject and pursuant to the 9 weeks of court investigation of the Colorado Department of Correction as recorded and stipulated by Special Master Richard M. Borchers. The review of the complete record would have illustrated numerous counts of prejudice by the Colorado Department of Corrections.

1

This claimant received only 1 of 16 pages mailed electronically to the listing including Brice A Tondre, an attorney contracted by claimant, but not party to this case. Notification of parties stated and noted did not inform claimant, aid or assist claimant legally or in court, hearing, or with research. But parties stated notified this court of claimants request for legal assistance and denied claimant legal assistance. This prejudiced this case by the collusion to conceal legal assistance and counsel in claimants search for justice. This court never considered claimant's kidnapping and being held hostage for the ransom of $750.000.00 dollars which was the intent of the state of Colorado to kill and destroy claimant, and deny all legal Constitutional and human rights. This prejudice triggered claimants rights to request a change of venue.

This Order of the Court was dated September 26, 2013 but not delivered or received by first class mail until October 10, 2013. This untimely delivery of mail prejudiced this claimant's right to Appeal this decision. During this period of time the government was shut down and may justify the late mailing and notice given claimant. See copy of envelope enclosed, no postal stamp.

The records concealed by this court had prejudice this claimants right of claim are confirmed by testing completed on July 28, 1993, Lab Number 478542, and by testing completed on January 8, 1998 by the Colorado University Hospital.

Dated: October 12,2013

*/s/ Wayne C. Brunsilius*
Wayne C. Brunsilius, Regulation # 65458
P.O. Box 150923
Lakewood, Colorado 80215-0923

2

Office of the clerk                                          October 12, 2013
United States District Court
901 19th St., Room A 105
Denver, Colorado 80294-3589

Clerk of the Court,

    Please provide me with the appropriate forms an filing to complete the Appeal of the attached Notice of Appeal to the United States Court of Appeals be sent to the stated address below. I thank you for your assistances in this action.

*[signature]*

Wayne Brunsilius
P.O. Box 150923
Lakewood, Colorado 80215-0923

3

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

Wayne Brunsilius
#65458
P.O. Box 150923
Lakewood, CO 80215



DENVER CO 802
15 OCT 2013 PM 2 L

Office of the Clerk
United States District Court
901 19th St. Room A 105
Denver, Colorado 80214-3589

W. Brambletts
P.O. Box 150423
Lakewood, Co, 80215-2803