## Jacquelynn Rich Fredericks

| | |
|---|---|
| **From:** | Paula Greisen <greisen@kinggreisen.com> |
| **Sent:** | Tuesday, October 29, 2013 5:24 PM |
| **To:** | Jacquelynn Rich Fredericks |
| **Cc:** | Ed Ramey; Blain Myhre (blainmyhre@gmail.com); Jennifer Bezoza; Laurie Mool; Kim Jones; Dana Menzel |
| **Subject:** | Montez Meeting and Information |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Jackie,

Thank you for meeting with us to discuss the information provided to us by DOC in response to our May 8th discovery requests. As I stated at the meeting, it was our understanding that the purpose of the meeting was to get answers to our questions about what information the DOC has regarding this case and questions about the documents that DOC has provided us. Because of the complicated nature of this case, we asked that a DOC representative, preferably someone from the AIC office, attend the meeting to answer our questions. For whatever reason, it was decided to not have any DOC representative present, but that you would attempt to answer our question. Although we appreciate your efforts in that regard, there were simply too many questions that you were unable to answer, and thus it is our understanding that you will be getting us answers the questions that we did cover by this Friday.

As stated during the meeting, we need information about all of the databases that DOC operates that contains information relevant to this case, as we requested in our discovery that we sent to your office last May. Although some database information was provided to us by DOC, primarily from the AIC database, it is very clear that the information on that database is not current (eg., the grievance database only has 2008 and 2009 information). Although you informed us at the meeting that there is another database, the GTS, that tracks grievances, we have no information on that database. Similarly, you informed us for the first time at the meeting that the AIC keeps electronic files on everyone who has requested disability status - but were unable to tell us what is in those files. Thus, we reiterate our request that DOC respond to our interrogatory requests #2, 3 and 4.

It is clear that we will need to have access to the database information as well as the information on the AIC files, as we have always had in the past. The easiest way for this to be accomplished is for the files to be downloaded and provided to us in a mutually agreeable format - as we have done in the past. We also request access to the information on the GTS and ATS databases, and whatever databases that have relevant information. I am sure that we can have our tech people work with DOC's IT people to be able to accomplish this in a way that is mutually agreeable.

We also discussed numerous other questions that we still need answered - and there are many more issues that we did not get to during our meeting. Although this is not intended to be an exhaustive list, we wanted to recap a few items to make sure we are on the same page with respect to what we need by Friday :

1. Will DOC give us access to all of the information in the ATS database regarding the Montez class members as it exists at a particular point in time?

2. Are individual inmates' electronic files part of the ATS database or are they considered separate files? What goes into the AIC's electronic files on every inmate? For instance, are grievances and responses, correspondence and responses, kites, and medical screenings scanned into this file?

1

EXHIBIT A9

3. Who is responsible for updating the AIC database (e.g., ADA accommodation tracking), how often is it updated, and does this database link or connect with any other database?

4. Is the AIC database exclusive to the AIC's office or do the ADA coordinators at the facilities have the ability to enter information into the database? If the ADA coordinators at the facilities cannot enter information into the AIC database, do they have access to the information contained in the database?

5. Where do the paper copies of kites go after the information is entered into a database? Do they go to the AIC?

6. When a request is made by an inmate for an accommodation and scanned by the ADA coordinator at the facility, does the scanned document become part of the individual inmate's electronic file maintained by the AIC or does it remain only with the facility? Does the ADA facility coordinator enter the request for accommodation into the computer? Does the ADA coordinator at the facility make a determination about the accommodation and if so, is it reviewed by anyone?

7. Does the new version of the Accommodation Resolution forms (Litigation ARs), contain a list of the accommodations an inmate was granted? If not, is the inmate given any documentation of the accommodations he/she has been granted? What is that document called?

During our meeting, you also agreed to provide us a list of all persons sorted by disability, along with a list of the accommodations that each person has been provided. From our discussion, I understand that you can also provide a list of all persons who have requested an OCA as well as information as to which of those persons currently has an OCA as an accommodation.

I think this covers most, if not all of what we discussed. Please do not hesitate to give me a call if you have any questions. We look forward to hearing from you.

Paula Greisen



KING ■ GREISEN ■ LLP
1670 York St. | Denver | Colorado | 80206 | 303.298.9878 p | 303.298.9879 f
www.kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.