Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

        Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

        Defendants.

---

## PLAINTIFFS' SECOND SET OF "MONITORING PERIOD" INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

---

        Plaintiffs, through their counsel, submit the following Interrogatories and Requests for Production of Documents to Defendants pursuant to Section XXXI of the Remedial Plan (dated August 27, 2003) [Doc. 441], the Court's Findings and Conclusions re Phase I of Class Action Settlement (dated September 11, 2012) [Doc. 5314] directing that the two-year "Monitoring Period" under Section XXXI of the Remedial Plan shall commence on October 1, 2012, and Fed. R. Civ. P. 33 and 34:

<u>INSTRUCTIONS AND DEFINITIONS</u>

        1.      Defendants are requested to respond separately, fully, and in writing to each of the Interrogatories and the Requests for Production of Documents ("Requests")

set forth below, and to produce the documents and things identified for inspection and copying, within thirty (30) days after being served herewith.

2.      Definitions

- As used herein, the terms "you" or "your" refers to Defendants and any person acting on their behalf.

- As used herein, "DOC" refers to the Colorado Department of Corrections and its employees, officers, or agents.

- As used herein, the term "document" is used in its broadest extent and shall mean and include all items described in Fed. R. Civ. P. 34(a)(1).

- As used herein, the term "person" means any individual, entity, or governmental agency or office.

- As used herein, the term "ADA" means the Americans with Disabilities Act (including all amendments and regulations thereunder).

- As used herein, the term "AIC" means the ADA Inmate Coordinator (as that term is defined in Section II of the Remedial Plan), and the office of that person or persons, including all personnel, staff, and agents.

- As used herein, the term "class member," "disability" or "disabled person" or "disabled inmate" refers to inmates with any of the four categories of disabilities recognized in this litigation (hearing, vision, mobility, and diabetes).

3.      In responding to these Interrogatories and Requests, you are requested to furnish all such information as is available or known to you and all of your employees,

representatives, and agents, including your attorneys, unless such information is claimed to be privileged or otherwise excepted from discovery.  Should you claim a privilege or exception, please identify the general nature of the information regarding which you are making such claim, together with the grounds for such claim.

4.      In the event you withhold any document as privileged or otherwise excepted from discovery, please provide a list of the documents withheld and state the following information with regard to each such document;

a.      The date appearing on the document and, if it has no date, the date or approximate date on which it was prepared;

b.      The title, label, code number, or file number of the document;

c.      The identity of the person or persons who prepared or transmitted the document;

d.      The identity of all persons to whom the document was addressed, directed, or delivered;

e.      A general description of the subject matter of the document; and

f.      The grounds upon which the document is being withheld.

5.      If you know that any document(s) within the scope of these Requests has been destroyed or lost, or is unavailable for any reason, please provide a written list of any such document(s), identifying each document as follows:  the Request(s) the document pertains to; date; author's name, title, and address; addressee's name, title, and address; the name and address of every other person to whom the document was shown or sent; the subject matter of the document; the general character of the

document; as clearly as possible, the exact content of the document; and reason for its destruction or unavailability.

6.      Your responses and all documents produced pursuant to these Interrogatories and Requests should be provided and produced to the offices of King & Greisen LLP, 1670 York Street, Denver, Colorado 80206, to the attention of Paula Greisen.

7.      These Interrogatories and Requests are to be deemed continuing and subject to a duty to supplement any responses as required by Fed. R. Civ. P. 26(e)(1).

8.      Please set forth the text of each Interrogatory or Request immediately prior to the applicable response.

<u>INTERROGATORIES</u>

1.      Please state the name, business address, and business telephone number of each person who prepared or assisted in the preparation of your responses to these Interrogatories and Requests.

2.      Please describe in detail DOC's informal grievance policy (*i.e.*, the policy that requires inmates to seek informal resolution of grievances before proceeding to Step 1 of the formal grievance process), including but not limited to, when the policy was adopted; why the policy was adopted; and the number of Step 1 ADA-M grievances filed by Montez class members in the twelve months prior to and after the informal grievance policy was adopted.

3.      Please identify whether the AIC and/or DOC is providing vibrating watches and/or replacement vibrating watches/parts free of charge as a reasonable

4

accommodation to Montez class members.  If there has been any change in DOC's policies or practices with respect to providing vibrating watches and/or replacement watches/parts since 2010, identify the new policy or practice; when it was adopted; who made the decision to change the policy or practice; whether class members were notified of the change; and if so, how class members were notified.  In addition, identify the make and models of all vibrating watches and parts of vibrating watches provided on canteen and the cost of those watches/parts for inmates to purchase.

4.     Please identify the number of diabetic test kits contained at each facility and the location of each kit within each facility.

5.     Please identify, by facility, the number of requests for diabetic medical shoes (soft sole shoes) that were made during the period November 1, 2010 to present. For each request for diabetic medical shoes (soft sole shoes) that was made since November 1, 2010, identify who made the request, when it was made, whether it was granted, and the reason(s) for any denials.

6.     Please identify, by facility, the number of requests by class members for Offender Care Aides ("OCAs") that were made during the period November 1, 2010 to present.  For each request for an OCA that was made since November 1, 2010, identify who made the request, when it was made, whether it was granted, the name and level of the OCA that was assigned, any restrictions on the help the OCA can provide to the class member, the training the OCA received to be an OCA, and the reason(s) for any denials of OCAs.

7.      Please identify, by facility, the number of cells with strobe lights and/or strobe alarms and the number of requests for cells with strobe lights and/or strobe alarms made during the period November 1, 2010 to present.  For each request for a cell with strobe lights and/or strobe alarms made since November 1, 2010, identify who made the request, when it was made, whether it was granted and if so, when, and the reason(s) for any denials.

8.      Please identify all current inmates who have been determined to need the assistance of a sign language interpreter to communicate and all inmates who have requested the assistance of a sign language interpreter since November 2010.

9.      With respect to any request by an inmate for a sign language interpreter since November 2010, please provide the name of the inmate who made the request and the reason for the request (e.g., parole hearing, medical appointment), the date the request was made, whether it was granted and when, when the interpreter assistance was provided, and if the request was not granted, the reasons for the denial.

10.     Please identify, by facility, the number of class members that have requested durable medical equipment ("DME") or replacement/maintenance of DME during the period November 1, 2010 to present.  For each class member that has requested DME or replacement/maintenance of DME since November 1, 2010, identify who made the request, when the request was made, whether the request was granted and when, and the reason(s) for any denials.

11.     Please identify all procedures and systems in place to ensure that Montez class members know what accommodations, durable medical equipment, health care

appliances, and/or restrictions have been granted to them as class members, including but not limited to, the names/titles of any documents(s) or databases that contain such information, who maintains those documents, and who has access to them, and when any such documentation is provided to the class members.

12.    Please identify all procedures and databases from which DOC staff can obtain information about what accommodations, durable medical equipment, health care appliances, and/or restrictions have been granted to class members, including but not limited to, the names/titles of any documents(s) or databases that contain such information, who maintains those documents, and who has access to them.

13.    Please identify all policies and procedures in place to verify the data and information contained in the DOC's databases identified in the above interrogatory, including but not limited to, who verifies the information, how often it is verified, and how often audits/checks are done to assure the accuracy of the information.

14.    Please identify all steps, if any, taken by the AIC since November 2010 to ensure that class members are not denied jobs because of his/her disability.

15.    Please identify all class members who have requested a job since November 2012 and in so doing, specify the job requested (including whether the job was a Correctional Industries ("CI") job), when the request was made, whether the class member received the requested job, and if not, why not.

16.    For each class member identified in response to the above interrogatory, please state whether the class member requested any accommodations to perform that

job, and if so, whether the accommodation was request or denied.  If the accommodation request was denied, provide the reasons for the denial.

17.     Please identify all CI jobs at any private or public DOC facility since November 2010 and, in so doing, specify the pay, and any available benefits and/or bonuses associated with those jobs and the facilities which have those jobs.

18.     Please explain in detail which "clinical and medical devices" are not within the AIC's authority to grant to a class member as an accommodation.  In so doing, for each item listed, list all the DOC personnel who have the authority to grant the "clinical or medical device" and whether that decision can be overturned by any other DOC personnel.

19.     Please identify every occasion since November 2010 when the insurance provider for DOC has refused to pay for an accommodation or a "clinical or medical device" for a class member.  In so doing, identify the class member involved, the type of accommodation or clinical or medical device at issue, when the item was requested, when it was denied, the reason for the denial, whether the item was ultimately provided to the class member, and if so, when.

20.     Please describe in detail the incentive program at Colorado Territorial Correctional Facility ("CTCF") and in so doing, specify when the program started, the eligibility criteria for participation in the program and the benefits to inmates in participating in the program, which cell houses and floors have the program, and whether any of the cells are ADA compliant for wheelchair use.

21.     Please provide a list all inmates who have participated in or requested to participate in the incentive program at CTCF.  In so doing, identify which, if any of these inmates is a class member, when he made his request to participate in the program, when he began participating in the program, and if his request to participate in the program was denied, the specific reasons for the denial.

22.  Provide a list or roster of all programs and jobs available at DRDC and La Vista Correctional Facility, the names of the inmates that have or are participating in those programs and/or hold those jobs, the dates of the participation, and indicating which of these inmates are class members.

REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Provide the documentation that verify or relate to the responses to all of the above interrogatory requests.

2.     Provide the AIC electronic data files, including the AIC worksheets, of all inmates that have requested or been referred for class member status from November 1, 2010 to present.

3.     Provide all of the orientation handbooks from each of the public and private facilities.

4.     Provide all ADA related policies, procedures, rules, regulations, and any related I/As or OMs that have been enacted or implemented since November 1, 2010.

5.     Provide all ADA kites submitted by class members since November 1, 2010, the logs referencing those kites, and the documentation concerning the response to those kites.

6.      Provide the actual hard copies of a) all class member's requests for accommodation since November 1, 2010; b) the response to the request provided to the class member; and c) the documentation verifying or relating to any denial.

7.      Provide all ATS information related to each of the above indentified request for accommodation(s).

8.      Provide all ADA Litigation Resolution forms and/or Accommodation Resolution forms, including any revisions or amendments to those documents, for all class members since November 1, 2010.

9.      Provide all documents reflecting the findings and/or results of any ADA related audits since November 1, 2010.

10.     Provide all "Approve/Deny" Reports since November 1, 2010.

11.     Provide all "Offender Accommodations Reports" since November 1, 2010.

12.     Provide all records related to the following training material, including but not limited to rosters of who took the training, training handbooks and materials, exams, and instructors' qualifications, for training of the staff of DOC public and private facilities concerning:  diabetes training for medical staff and diabetic class members, ADA and Montez training (diabetic and otherwise) provided, grievance procedure training, and emergency and evacuation procedure training.

13.     Provide copies of all informal, Step I, II, and III grievances filed by class members from November 1, 2010 to the present.

14.     Provide copies of all responses to all the informal, Step I, Step II and Step III grievances filed by class members from November 1, 2010 to the present.

15.     Provide all information contained in the GTS Database concerning any and all grievances filed by class members from November 1, 2010 to the present.

16.     Provide copies of all communications between Montez class members and the AIC's office since November 1, 2010 to the present.

17.     Provide all documentation submitted by any inmate in making a request for disability status related to this case since January 1, 2011.

18.     Provide all documents showing the screening, screening results, and final disability determinations for inmates regarding any of the disabilities in this case since January 1, 2011 to the present.  If the inmate was denied membership into the class in this case, provide the documentation explaining the reason for the refused request.

19.     Provide all information contained in the ATS Database since November 1, 2010 to the present concerning all class members.

20.     Provide the rosters on the use of diabetic test kits at each facility since November 1, 2010.

21.     Provide the invoices for all sign language interpreter services provided to Montez class members during the period November 1, 2010 to present.

22.     Provide all documents which reflect, demonstrate, describe, reference, relate to, and/or explain the incentive program at Colorado Territorial Correctional Facility, including but not limited to, documents regarding the location of the program and the criteria for participation in the program.

DATED this 22nd day of November, 2013.


/s Paula Greisen
Paula Greisen
Jennifer Weiser Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO  80206
Phone:  303-298-9878
Fax:  303-298-9879
E-mail:  greisen@kinggreisen.com;
Bezoza@kinggreisen.com;

Edward T. Ramey
Heizer Paul Grueskin LLP
2401 15th Street, Suite 300
Denver, CO 80202
Phone: 303-376-3712
Fax: 303-595-4750
Email: eramey@hpgfirm.com


Blain D. Myhre
Blain Myhre LLC
P.O. Box 3600
Englewood, CO 80155
Phone: 303-250-3932
Email: blainmyhre@gmail.com

Lara Marks Baker
Foster Graham Milstein &
Calisher, LLP
360 S. Garfield Street, Suite 600
Denver, CO 80209
Phone: 303-333-9810
Fax: 303-333-9786
Email: lbaker@fostergraham.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of November, 2013, the foregoing **PLAINTIFFS' SECOND SET OF "MONITORING PERIOD" INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** was served via e-mail and United States mail, postage pre-paid, to the following addressee:

James X. Quinn, Esq.
Jacquelynn Rich Fredericks, Esq.
First Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
james.quinn@state.co.us
jacquelynn.richfredericks@state.co.us
*Attorneys for Defendants*

*/s Laurie A. Mool*
Laurie A. Mool
Paralegal