IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

---

**ORDER DENYING CLAIMANT SCHWINAMAN'S REQUEST
FOR COMPLIANCE HEARING**

---

This matter is before the Court on Claimant Keith A. Schwinaman's June 27, 2013 letter to the Court (Doc. # 5383). In his letter, Claimant alleges that the Department of Corrections ("DOC") continues to deny him regular access to glucose tablets in defiance of the Special Master's May 2, 2008 Final Order (Doc. # 3377). (*Id.* at 1.) That Order states:

> [The Department of Corrections] will be required to provide to Claimant glucose tablets on a regular basis. If medical and security staff determine that hard candy would alleviate low blood sugar levels and be less of a security risk, then hard candy may be provided to Claimant. In addition, Claimant is to have the tablets or candy on his person so that he might be able to utilize the yard and other facilities.

(Doc. # 3377 at 9.) Claimant requests a hearing to determine whether the Department of Corrections ("DOC") is in compliance with the Final Order. (Doc. # 5383 at 1.)

The Court has previously been obliged to enforce Defendants' compliance with the Final Order. (Doc. # 4950.) After considering evidence presented at a compliance hearing on November 1, 2010, the Special Master found that "the final order of the Special Master was not followed at all times by DOC staff." (*Id.* at 4.) However, the Special Master noted that the evidence presented at the hearing did "not reflect that the final order was willfully disobeyed, but rather that staff did not know what needed to be done." (*Id.*) The Special Master attributed this confusion to the "lack of clarity in Claimant's medical records right after the final order was issued." (*Id.*)

On September 11, 2013, the Court entered an order compelling Defendants to respond to Claimant's June 2013 allegations. (Doc. # 5410.) On September 20, 2013, Defendants filed their response and supporting documents. (Doc. # 5416.) In that response, Defendants aver that the time in which Claimant alleges that he was denied glucose tablets was coordinate with his and other inmates' evacuation due to wildfires near Colorado Territorial Correctional Facility ("CTCF"). However, Defendants claim that Claimant was never denied access to glucose tablets and Claimant's own submission to the Court states that he was given four tablets. Defendants further state that during his evacuation, Claimant was given a "road snack" to curtail a diabetic episode, but Claimant refused to consume it. Since that time, Claimant has been returned to CTCF and his file has been updated to ensure it reflects the accommodation for glucose tablets, which Defendants continue to provide as evidenced by the medical records provided to the Court. Given the atypical nature of this incident, the Court does not deem it necessary to hold a hearing. Instead it reminds Defendants of their

continuing obligation, pursuant to the Final Order, to provide Claimant with glucose tablets and/or hard candy. (Doc. # 3377.) Thus, Claimant's motion is denied.

The Court has now disposed of all pending claims by Claimant. Consequently, it directs Claimant to its Order on Continuing Jurisdiction (Doc. # 5414), in which the Court informed Claimant that once it issues an order on his pending claim, it will decline to exercise jurisdiction over subsequent complaints relating to substandard treatment. The Court hopes that further litigation is not necessary. However, should it be necessary, Claimant may pursue any further complaints that he is the victim of discrimination on account of his disability or concerns regarding substandard medical treatment or equipment in a separate action, either under the Eighth Amendment or relevant state statutes. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (serious deprivation of basic human needs may constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution); *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (Claims for substandard medical treatment are not actionable under the Americans with Disabilities Act). The Court will summarily strike any future filings by Claimant in this action.

It is ORDERED that Claimant's motion (Doc. # 5383) is DENIED.

Dated: December __13__, 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

.