

**JOHN W. SUTHERS**
Attorney General

**CYNTHIA H. COFFMAN**
Chief Deputy Attorney General

**DANIEL D. DOMENICO**
Solicitor General

STATE OF COLORADO
DEPARTMENT OF LAW

OFFICE OF THE ATTORNEY
GENERAL

June 11, 2013

**RALPH L. CARR COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

Ms. Paula Greisen
KING & GREISEN, LLP
1670 York Street

    RE:    *Montez v. Hickenlooper, et al.* 92-CV00870-CMA

    I am in receipt of your propounded "Plaintiffs' First Set of "Monitoring Period" Interrogatories and Requests for Production of Documents to Defendants." While I certainly appreciate your desire and need to discern how and to what extent the Colorado Department of Corrections maintains its present compliance with the Remedial Plan, we are unable to provide the information and documentation sought, at this time.

    It is our position that the Monitoring Period is not a time in which to engage in novel fact-finding. Rather, this is more akin to a post-judgment monitoring phase. The purpose of the monitoring which is permitted by the Remedial Plan pertains solely to observing the already established compliance. The language of the Remedial Plan appears to support this viewpoint. As you are certainly aware, the Court and the parties have long construed the Remedial Plan as a contract. The Remedial Plan specifically states that, "Once it has been determined that DOC is in substantial compliance with this Remedial Plan, then, a two year "Monitoring Period" commences during which class counsel will monitor the designated facilities to ensure compliance is maintained during this period. During the Monitoring Period, class counsel may tour each designated facility up to two times a year to ensure compliance." *See* Remedial Plan XXXI at p. 28. Pursuant to the plain language of the Remedial Plan the only "discovery" afforded concerns the permitted entry onto premises two times annually per designated facility. There is no provision for written or other discovery.

    This is a time for reviewing the "big picture," so to speak. However, the propounded discovery seeks to expand the *limited* scope of the Monitoring Period as it seeks to discern minutia relevant to individual offender's experiences, as opposed

EXHIBIT 2

to how the systemic issues as a whole were resolved and presently operate to afford access to offenders who have been determined to be disabled and are being accommodated. Moreover, much of the proposed discovery seeks information well-beyond those offenders who comprise the class which you represent in this matter.

      Defendants believe that you are entitled to visits to monitor compliance. I understand you and your co-counsel have recently undertaken a visit pursuant to article XXXI of the Remedial Plan at DRDC. The CDOC certainly welcomes you into its designated facilities for your biannual visits. In a further demonstration of good faith, the CDOC would extend the opportunity for more frequent visitation and designated facility access, if you so desire. In addition, you are entitled to in-person contact with your clients during those visits and may certainly also correspond with them at your leisure. However, at this time, where neither documentary discovery nor discovery via written questions was negotiated for or provided for in the Remedial Plan, Defendants respectfully decline to engage in post-compliance discovery.

      In addition to the extra facility visitation as described above, CDOC would be willing to discuss a process whereby the parties may engage in some voluntary disclosure. Specifically, Defendants propose to share documentation relevant to the processes which are in place to serve and monitor the service of CDOC's disabled offender population, as relevant to this litigation. However, I want to reiterate, that this is a voluntary undertaking by CDOC, in a show of good faith and Defendants maintain that Plaintiffs are *not* entitled to any discovery during the Monitoring Phase, other than that which is explicitly provided for by the Remedial Plan.

      If there are *any* further ways by which I may help to facilitate your monitoring of the systemic compliance during the Monitoring Period, please feel free to contact me at my office as delineated below. I look forward to working with you during the Monitoring Period.

      Sincerely,

      FOR THE ATTORNEY GENERAL

      s/Jacquelynn N. Rich Fredericks
      JACQUELYNN N. RICH FREDERICKS
      Assistant Attorney General
      Corrections Unit
      Civil Litigation and Employment Law Section
      (720) 508-6603
      (720) 508-6032 (FAX)