

JOHN W. SUTHERS
Attorney General

CYNTHIA H. COFFMAN
Chief Deputy Attorney General

DANIEL D. DOMENICO
Solicitor General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY

GENERAL

RALPH L. CARR COLORADO
JUDICIAL CENTER
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

January 17, 2014

Ms. Paula Greisen
KING & GREISEN, LLP
1670 York Street
Denver, CO 80206

      RE:   *Montez v. Hickenlooper, et al.* 92-CV00870-CMA

Dear Ms. Greisen,

    I hope this correspondence finds you doing well. I am in receipt of your propounded "Plaintiffs' Second Set of "Monitoring Period" Interrogatories and Requests for Production of Documents to Defendants." I begin by reiterating Defendants' firm position that there is **no formal discovery** during the Monitoring Period.

    Despite this, Defendants remain ready and willing to answer relevant, on-point questions on a voluntary basis in order to aid Class Counsel in the discharge of your monitoring duties. Furthermore, Defendants are willing, as demonstrated by prior efforts, to provide related documentation. Accordingly, attached, please find one compact disk which contains documentation related to the below provision of information. Please confirm your receipt of this disk at your earliest convenience.

EXHIBIT 4

The below information is voluntarily provided to you courtesy of the Office of Legal Service, AIC on behalf of CDOC (Int. #1 and RFP #1):

- Information regarding grievance policy and procedure is on the attached disk in the "grievances" sub-folder which contains four documents including an ATS ADA-M grievance report from 1/1/2012 to current and an ADA grievance chart summary in bar graph form summarizing from 2003 to current. In addition, a copy of the governing administrative regulation AR 850-04 is available online. The regulation delineates the process and procedures and also provides information regarding implementation date of the latest iteration of the policy. You have also previously received information regarding ADA grievances filed by class members during the monitoring period. *See* 2nd and 3rd Quarterly Reports. However, copies of each individual grievance are not being provided and Defendants maintain their previously articulated objections to doing so. Moreover, the request for "all" grievances filed by class members is overly broad and unduly burdensome as it seeks information which has absolutely no relevance to the ADA or this matter and further seeks information beyond the monitoring period. (Int. #2 and RFP #13-15)

- Information regarding policy and practice related to the availability of vibrating watches and parts is contained on the attached disk in the sub-folder labeled "vibrating watches". As previously explained, this item is now broadly available on the canteen to any offender. The first document is a copy of correspondence which was sent to individual offenders by the AIC and provides canteen ordering numbers and points offenders to AR 750-04 to the extent they need an "exception" to the policy. There is also a screen shot of the canteen website (available at www.doccanteen.com) which shows the product listings for the watch, replacement battery, and band. (Int. #3)

- Information regarding diabetic testing kit(s) access is found on the disk at sub-folder labeled "diabetes" which contains a copy of the relevant clinical standard. This standard was last updated in August of 2013. On p. 11 (at Section "F") you will find information specific to the diabetic testing kits, which are available at each facility. Please note that "rosters of inmates" are not kept as sought. Rather, information regarding when kits are used and replenished are maintained as discussed in the disclosed policy. Incident reports may also be generated. (Int. #4 and RFP #20)

- Information regarding the provision of "medical" (soft) shoes is on the disk at "medical shoes" sub-folder. The Excel chart therein shows ninety-one "approved" requests and thirty-four "denied" requests from fall 2011 to present (the Monitoring Period). Information is **not** provided for periods

beyond the Monitoring Period. You can use this chart to glean and sort by the identity of the offender who made the request, when it was made, and whether the request was granted or denied. Please also find a copy of the relevant clinical standard, last updated in July of 2013, and a report broken down by facility which shows where each offender with such an item is housed. Please note that these shoes are not an ADA accommodation, rather, a clinical service medical provider determines whether soft "medical" shoes are medically indicated and appropriate for an offender. (Int. #5)

- Information regarding the provision of an OCA is on the disk at the "OCAs" sub-folder. In the Excel chart therein you can sort information by offender, request submission date, and/or facility. There were one-hundred-and-nineteen "approved" requests for OCA I or II and fifty-six "denied" requests for class members. Again, this information is for the Monitoring Period, which is the relevant time-frame. Please also find a copy of the 96-slide OCA I training Power Point presentation from April of 2012 and the 135-slide Power Point training presentation for 2014 for OCA IIs. (Int. #6)

- Information regarding the usage of sign-language interpreters is found on the attached disk within the "sign language" sub-folder. Within an interior sub-folder you will find invoices for interpreter usage for both parole and CDOC for the period of January 2012 to present. A second interior sub-folder contains copies of the approximately five ASL denials (six are shown but one denial was predicated upon the fact that the request was duplicative) and the reasons therefore, spanning the same, relevant, time period. Defendants further provide an exemplar ATS report for Offender Gallegos to show ongoing use of interpreters and the number of requests (274) made for that individuals offender in a single year and to-date (364) as well as a comprehensive Excel chart which shows approximately 1,305 approvals for 2012 and 2013. (Int. #8-9, RFP #21) Please note that this request was very broad and voluminous but has been provided.

- Information regarding the provision of job opportunities for class members with disabilities may be found in CDOC policy including AR 750-04 and AR 850-03 (available on CDOC's website and previously provided). AR 850-03 defines the policy and process for job and program referral within CDOC. Offenders who are not required to complete mandatory assignments must request referral to an available assignment they are otherwise qualified for through their case manager. Upon referral through job board the offender is required to sign a job description and may request ADA accommodation at *any* time. If the offender believes

3

they have been discriminated against during this process or denied accommodation for an assignment they may file a grievance in accordance with AR 850-04. Annual training(s) are provided to staff (RFP #12) in order to ensure class members are not discriminated against in job provision. Information regarding such training is found on the attached disk at sub-folder "training" which includes a thirty-seven page/slide training example from April of 2013, an exemplar lesson plan cover page (re online training opportunity), a twenty-six page Power Point Presentation which was given, and a copy of the "training requirements" for 2011-2012 which shows ADA training is **mandatory**. Please also find an Excel-based assignment accommodation report from 1/1/12 to present for class members requesting accommodations (approximately 609 such requests) to perform their positions located in the "assignments" sub-folder searchable by name, inmate number, facility, and/or submission date. In addition, please find information regarding CI job availability at each facility attached at the document named "Offender Workload Report" which is current as of November of 2013. (Int. #14-17 – These requests are *very* broad, however, Defendants provide the above in an abundance of good faith.)

- Information regarding what accommodations are within the AIC's authority versus clinical and medical equipment as provided by clinical services may be found in CDOC policy including AR 750-04 and AR 700-34 (available on CDOC's website and previously provided). Please also find relevant information contained within the clinical standard which governs the provision of health care appliances, located on the attached disk within sub-folder "medical shoes – HCA". (Int. #18)

- Information sought regarding when "the insurance provider for DOC has refused to pay for an accommodation" cannot be provided because ADA accommodations are not paid for by the CDOC Clinical Services Insurance provider as *accommodations* are authorized/issued by the AIC, not clinical. (Int. #19)

- Information sought regarding the Incentive Unit Program at CTCF may be found on the attached disk under sub-folder "incentive unit" and includes Implementation and Adjustment 650-001, which was last updated 09/15/13. This document provides *very* detailed information regarding benefits which include, but are not limited to, food provided and prepared by the culinary arts program, extended canteen purchasing, extra bedding, access to common area items such as electronics and books, first release during movement, and interlibrary loan for movies and music among other additional privileges. The IA further provides that the relevant units are Cell House 1 3-4 Left, Cell House 7 1-2 Left, and Cell

House 3 B Upper Floor.  Please also find attached in hard copy, a chart with ADA-M identified inmates presently enrolled in the program highlighted.  Finally, there are seven wheelchair accessible cells in CH 7, 1 Left.  As of 01/17/14, six of those are presently occupied by ADA-M identified inmates.  The seventh is occupied by an inmate who recently progressed from using a wheelchair and will transition into another cell once one becomes available.  (Int. #20-21, RFP #22)

- Information sought regarding programs and jobs available at DRDC and La Vista Correctional Facility is on the attached disk located within sub-folder labeled "assignments".  There are three Excel sheets (DRDC, La Vista, and DWCF) which delineate information sought regarding available jobs and programs and the current enrollees for each by facility.  (Int. #22)

- Information sought regarding orientation handbooks may be found in published policy at AR 850-07, which is available online.  (RFP #3)

- In a show of good faith Defendants provide, attached, in the folder labeled "ATS approve-deny reports" two ATS Reports which substantiate 2,226 approved requests and 777 denied requests for class members for 01/01/12 to present.  (RFP #6-8)  However, Defendants otherwise decline to provide copies of "*all files*" (RFP #2, 5-8).  To begin with, this request is duplicative and Defendants have previously clearly articulated their firm opposition to providing this information.  Also, this request is beyond the scope of what would be permissible discovery were formal discovery at-hand.  Furthermore, it is overly broad and unduly burdensome.  In addition, as Defendants have explained previously, files are kept *electronically* not in hard form; thus, they cannot produce "actual hard copies".

- Information sought regarding "all policies" may be readily located at the publically available CDOC website, the address to policy specifically, is provided: http://www.doc.state.co.us/administrative-regulations.  In order to ascertain which policies address the ADA, simply utilize the filter function and enter "ADA" or any other pertinent search term.  When "ADA" is run, approximately 20 policies are returned.  Upon clicking and viewing each current policy, you can ascertain when it was last updated/reviewed.  Typically, all policies are reviewed approximately annually.  If, after following these procedures, there are specific IA or OMs you would like copies of pertaining to specific ARs, please let us know.  However, the current request is simply far too broad and vague.

- Information as to all approved and denied reports re accommodations has been provided attached at "ATS approve-deny reports".  (RFP #10-11)

5

- Information regarding AIC communications with class members has been previously provided in the 2nd and 3rd Quarterly Reports.  (RFP #16)

Defendants decline to provide the following information:

- Defendants decline to provide further information regarding cell strobe-lights/alarms (Int. #7) as all physical plant issues were previously determined compliant and are not thus, an issue for monitoring. Furthermore, to the extent additional such cells were added, that would not demonstrate non-compliance.

- Defendants decline to provide requested information regarding requests for durable medical equipment (Int. #10) as this information is not separately tracked and would require very time-consuming and unduly burdensome efforts for clinical services to attempt to compile. Furthermore, the requested time frame (from 2010 to present) exceeds the Monitoring Period time-frame.

- Defendants decline to provide additional information regarding procedures and systems which are in-place (Int. #11-12) because these requests are duplicative of information which has been previously provided to you.  This information was provided before in multiple forms. *See* in-person mtg. with AAG 10/25/13; Ltr. 11/8/13; AIC Quarterly Reports (2nd and 3rd 2013); Monitoring Documents (two disks) provided 9/13; ATS manual (additional copy on attached disk in sub-folder "ATS manual"; *and* AR 750-04.  Furthermore, the general request re "all policies and procedures" and "who maintains what" (Int. #13) is overly broad and vague to permit Defendants to provide any tailored response. Moreover, as explained to you previously during the 10/ 25/13 in-person meeting with AAG Rich Fredericks, different systems are differently maintained by various custodians (i.e. grievance database as maintained by Mr. DeCesaro).

- Defendants decline to provide further information, beyond that provided above, regarding when "the insurance provider for DOC has refused to pay for an accommodation or a 'clinical or medical device' for a class member" as the provision of the requested information would unduly burdensome and furthermore the request itself is too broad and vague.  Obtaining the sought information as to "clinical or medical device[s]" would require extensive research and use of multiple lists to extract class member info and redaction of non-class members by clinical services.  (Int. #19)

- Defendants decline to provide copies of all ADA-related audits since November of 2010. This request exceeds the monitoring period and is overly broad and unduly burdensome. (RFP #9)

- Defendants decline to provide copies of "all documentation submitted by any inmate..." This request is overly broad and unduly burdensome as well as beyond the scope and irrelevant. Furthermore, it seeks information outside the monitoring period. In addition, some of this information may be contained within the ADA Montez database which was previously disclosed. (RFP #17-18)

- Defendants decline to provide "all information contained in the ATS Database since November 1, 2010 to the present concerning all class members" for a number of reasons. First, this request is duplicative and has been previously made and denied. Furthermore, as explained multiple times, the ADA Montez database is more appropriate as a resource for *Montez* class member information. You have previously been provided this database. Accordingly, the request is overly broad and unduly burdensome and seeks information on individuals not party to this litigation. Moreover, it seeks information beyond the scope of the monitoring period. Finally, as has been previously disclosed ATS went live 01/01/12, thus, it is utterly impossible to provide information from a system which pre-dates its existence. Despite these issues with the request, you have been provided large amount of information from ATS on the attached disk including approved and denied reports. (RFP #19)

Thank you for the opportunity to engage in constructive dialogue and an exchange of information. If there are additional questions which Defendants can answer which are on-point and relevant, please let me know. We look forward to continuing to work together through the remainder of the Monitoring Period.

Sincerely,

FOR THE ATTORNEY GENERAL

s/Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS
Assistant Attorney General
Corrections Unit
Civil Litigation and Employment Law Section
(720) 508-6603
(720) 508-6032 (FAX)

Encl: One Disk; CTCF IU Chart

7