**Jennifer Bezoza**

| | |
|---|---|
| **From:** | Jennifer Bezoza |
| **Sent:** | Wednesday, June 11, 2014 8:52 AM |
| **To:** | 'Darlene.Hill@state.co.us' |
| **Cc:** | Paula Greisen |
| **Subject:** | FW: 7.1 Conferral on Second Monitoring Period Discovery Requests |

Darlene,

I got an out of office message from Jackie to the below email, referring me to you.  If there is someone else handling the Montez case in her absence, please let me know.  We would like to confer on discovery issues.

Thanks,
Jennifer

Jennifer Weiser Bezoza
Attorney
King & Greisen, LLP
1670 York Street
Denver, CO 80206
303-298-9878 - phone
303-298-9879 - fax
bezoza@kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

**From:** Jennifer Bezoza
**Sent:** Tuesday, June 10, 2014 5:36 PM
**To:** 'Jacquelynn Rich Fredericks'; James Quinn
**Cc:** Paula Greisen; 'Ed Ramey'; 'Blain Myhre'; Lara E. Baker; Kim Jones; Dana Menzel
**Subject:** 7.1 Conferral on Second Monitoring Period Discovery Requests

Jackie,

We are writing to confer regarding DOC's failure to fully respond to our second set of monitoring period discovery requests.  We believe DOC's production is deficient for a number of reasons, the most significant of which are detailed below.

1) You have not provided access to individual inmates' electronic files although this information has been provided to class counsel in paper form since the inception of this case.  Clearly, it is less burdensome to produce this information now that it is electronic.  This information is critical for us to assess the identity of current class members, the accommodations they require and have been granted or denied, and what, if any, complaints class members have lodged regarding DOC's accommodation of their disabilities.

2) You have not provided access to actual grievances and information related to those grievances in the Grievance Tracking System (GTS Database).  The charts and reports provided are useless because they  do not provide any detail about the subject matter of the grievances or the reasons for denials, making it impossible for us to assess whether the grievances were appropriately handled.  In order to understand whether there are systemic issues with DOC's compliance with the Remedial Plan, we need to understand what types of issues inmates are grieving and how those

EXHIBIT 6

grievances are being handled, which can only be gleaned from the grievance forms themselves and the responses to those grievances.

3) You have not provided access to most of the accommodations data and information in the ATS Database. The charts and graphs provided reflecting how many accommodations were granted or denied during a particular time frame are useless to our monitoring efforts without more specific information about who made the request, what disabilities that inmate has, what specifically was requested, and why the request was granted or denied. We need to see the actual requests and responses so that we can ascertain whether the requests are being appropriately handled.

4) You have not provided any information regarding requests for DME or replacement DME in response to Interrogatory 10, claiming that the information is not "separately tracked" and that it would be too time-consuming and burdensome for clinical services to compile this information. It is hard to believe that this information is not compiled in some manner as the 2008 Stipulation *requires* DOC to compensate inmates for certain delays in the repair or replacement of some DME and Defendants produced in response to Plaintiffs' First Monitoring Period Discovery Requests a list of inmates who requested compensation for delays in the provision of DME during one particular quarter. Moreover, in the past, Plaintiffs received extensive information from Defendants regarding the DME requested by and provided to class members.

5) With respect to many of our requests, you reference the applicable ARs without providing any information about how those policies are being implemented, making it impossible for us to assess whether DOC is substantially complying with the remedial plan.

6) You have limited the information you provided to the start of the monitoring period. We asked for information from November 1, 2010, which represents the end of the compliance hearings before Judge Kane although we did not receive any information in discovery related to those hearings after April 30, 2009. We need information that predates Judge Kane's decision because we have reason to believe that DOC began changing its policies and procedures for compliance with the Remedial Plan at least as early as the last compliance hearing but possibly before.

7) You did not provide any information in response to the following requests: Interrogatories 7, 10, 11, 12, 13, 19, and RFPs 2, 3, 5, 8, 9, 10, 11, 17, 18.

8) You provided limited, general information as opposed to the specific information requested in the following requests: Interrogatories 2, 4, 5, 6, 8, 9, 14, 15, 16, 17, 18, 21, 22 and RFPs 4, 6, 7, 12, 13, 14, 15, 16, 19, 20.

Please let us know when you are available to discuss these issues. If we don't hear from you by the end of the week, we will proceed with filing a motion to compel.

Thanks,
Jennifer

Jennifer Weiser Bezoza
Attorney
King & Greisen, LLP
1670 York Street
Denver, CO 80206
303-298-9878 - phone
303-298-9879 - fax
bezoza@kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.