**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 92-cv-870-EWN

**JESSE MONTEZ, et al.,**

**Plaintiffs,**

**v.**

**BILL OWENS, et al.,**

**Defendants.**

_____

**REPORTER'S TRANSCRIPT**
**(Compliance Hearing)**
_____

        Proceedings before the HONORABLE JOHN L. KANE, Senior Judge, United States District Court, for the District of Colorado, commencing at 9:10 a.m. on the 25th day of March, 2007, Alfred A. Arraj United States Courthouse, Denver, Colorado.


**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
PAULA D. GREISEN and JENNIFER W. RIDDLE, King & Greisen, LLP, 1670 York St., Denver, CO 80206
EDWARD T. RAMEY and LARA E. MARKS, Isaacson, Rosenbaum, P.C., 633 17th St., Suite 2200, Denver, CO 80202

**FOR THE DEFENDANT:**
ELIZABETH H. MCCANN, JESS A. DANCE, and JAMES X. QUINN, Colorado Attorney General's Office, 1525 Sherman St., 5th Floor, Denver, CO 80203

118

1   probably to the joint budget committee of the state
2   legislature, why they just cost the State of Colorado 10-
3   or $20,000 for failure to perform.
4           But it is not going to be a $5 sanction, it is
5   going to be severe. That is the only way we can maintain
6   any kind of order is this way. And if a special master
7   says something that a medical person thinks is medically
8   unsound, they don't have the choice to contradict it.
9   They have the choice to have the state file an objection
10  and have it heard on the merits. They do not have the
11  authority, under any circumstance, to ignore that kind of
12  ruling. And I want that to be very, very clear.
13          I'm not, by any means, a physician. But I can
14  listen to physicians testify, and I can make findings of
15  fact on that basis. And that is something that the legal
16  system absolutely requires. If Ms. Holst says that
17  something is covered, it is covered. They can take up the
18  disputes all they want. But if she says it is covered, it
19  is covered, period. No overruling of her except by her
20  superior, but no other department can do that.
21          I'm going to be perhaps imperious, I hope not, but
22  I just want you to know that that is what is going to
23  happen. In a way, there is a -- it has been said here
24  that there is a lack of priority to this remedial plan,
25  and there can't be. I think that the officials and the

119

1    defendants have visited every institution, and they put
2    this up on the front burner, and that is essential, and
3    I'm very glad that that's the case. It has to, in a way,
4    filter down and around to other people. But agency
5    department heads have to comply.
6         The next thing is the same thing. I mean -- this
7    is with particular reference, I have already talked about
8    it, and I won't go further; the ignoring of disability
9    rulings by the special master cannot be gained. That is
10   just prohibited.
11        As to diabetics, the decision as to whether
12   somebody with diabetes is disabled or not is not a medical
13   determination. Ms. Holst determines, and that is because
14   it does come in most instances where she is going to say
15   that it comes within the Americans with Disabilities Act.
16   If there is impairment, there is a failure to provide
17   medication to keep the impairment from happening, that is
18   not purely a medical problem.
19        Now, the standard of what is a medical necessity is
20   not determined by any sort of national standards. It is
21   determined by the law under the Americans with
22   Disabilities Act. And the final analysis is the
23   determination of the special master, subject to review.
24        The next thing is, the plaintiffs are correct, with
25   regard to the PHP, the provider does not have a veto power

*DARLENE M. MARTINEZ, RMR, CRR*
*United States District Court*
*For the District of Colorado*

120

1   over this remedial plan. If the provider isn't providing
2   and denies coverage, that does not excuse the defendants
3   from providing what is called for by the order of the
4   special master or by Ms. Holst in implementation.
5           If the provider, the PHP doesn't provide it, it has
6   to come out of defendant's budget, otherwise -- and the
7   answer to that is to get a new contract with somebody else
8   if they are not covering or penny pinching on these
9   things. But we can't have multi-decisional people
10  interfering with this process.
11          And so, again, the PHP does not have veto power
12  over these decisions. If they turn it down and they are
13  not going to pay, it has to come out of some other budget,
14  I'll get to that in a minute, too, but that is what will
15  have to be done.
16          Okay. Now, I am not going to accept the proposal
17  by the plaintiffs with respect to the credit and canteen
18  account for each inmate with diabetes; credit for
19  providing shoes or not, and whatever they do with the
20  money, or they don't get it if they don't spend it on
21  repurchase of tennis shoes. I think that is too much an
22  interference with the administration of the institution.
23          I will say this, however, that if the shoes and any
24  particular shoes are prescribed, that they are ordered by
25  the special master or if they are ordered by Ms. Holst,

121

1  they shall be provided, and it would be a violation of the
2  order for compliance not to.  That decision is simply
3  another one that has to be made by someone and not be
4  overruled by somebody else.
5       So you always have the opportunity to object to the
6  special master and proceed with contempt for failure to
7  follow.
8       The next one, No. 4, I think this is of critical
9  importance, and that is that if you have agreed on this,
10 that you have agreed to look at it further, that CDOC will
11 conduct disability screening based upon mutual acceptable
12 criteria and will re-screen inmates as appropriate.  Such
13 criteria will be developed by the parties with the
14 parties' experts no later than June 1, 2008.
15      If the parties cannot agree on this criteria, the
16 matter will be sent to the Court for forthwith review.
17 Well, I will tell you what my review is going to consist
18 of in case you don't get an agreement.  I am going to
19 appoint an expert, and the expert is going to tell me what
20 to do.  So that just -- that is the way it will be.
21      The next that you were unable to agree on is 13,
22 and this was a staffing problem.  The plaintiffs have
23 proposed that CDOC shall allow class members with diabetes
24 to have bathroom breaks during visitation and other times
25 as needed, and I have indicated what I am looking for