**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WAYNE BRUNSILIUS,

    Interested Party - Appellant,

and

JESSE F. MONTEZ; JIMMY BULGIER; DAVID BRYAN; GEORGE KARL; GILPIN EUGENE; JOHN ARMINTROUT; KENNETH GARCIA; ROBERT SIKITCH; GAIL LEVINE; DIEDRA GIVENS; DUNCAN LEACH; RICHARD K. ALLEN, as representatives of themselves and all others similarly situated in this class action,

    Plaintiffs,

v.

JOHN HICKENLOOPER, Governor of Colorado; FRANK GUNTER, Former Executive Director of the Colorado Department of Corrections; BEN JOHNSON, Former Warden of Colorado Territorial Correctional Facility; CHERYL SMITH, Medical Administrator at CTCF; ARI ZAVARAS, Executive Director of Colorado Department of Corrections; BOB FURLONG, Warden of Limon Correctional Facility; DEPARTMENT OF CORRECTIONS, Colorado; BILL PRICE, Warden of the Arkansas Valley Correctional Center; R. MARK MCDUFF, Warden of the Arrowhead Correctional Center, the Four Mile

No. 13-1430
(D.C. No. 1:92-CV-00870-CMA-OES)
(D. Colo.)

Correctional Facility, the Skyline Correctional Center, and the Pre-Release Correctional Center; GARY NEET, Warden of the Buena Vista Correctional Facility; WARREN DIESSLIN, Former Warden of the Buena Vista Correctional Facility; FRANK MILLER, Warden of the Centennial Correctional Facility; DONICE NEAL, Warden of the Colorado State Penitentiary; MARK WILLIAMS, Warden of the Colorado Women's Facility; MARK MCKINNA, Warden of the Colorado Territorial Correctional Facility; DR. J FRANK RICE, Warden of the Denver Reception and Diagnostic Center; LARRY EMBRY, Warden of the Fremont Correctional Facility; TOM COOPER, Former Warden of the Fremont Correctional Facility; BILL BOGGS, Warden of the Rifle Correctional Facility; BILL BOKROS, Warden of the Pueblo Minimum Center; DAVID HOLT, Medical Administrator at the Arrowhead Correctional Facility, the Centennial Correctional Facility, the Colorado State Penitentiary, the Fremont Correctional Facility, and the Skyline Correctional Facility; JEAN MOLTZ, Medical Administrator at the Buena Vista Correctional Facility and the Rifle Correctional Facility; RON JOHNSON, Medical Administrator at the Denver Reception and Diagnostic Center; DON LAWSON, Clinical Administration Director at the Limon Correctional Facility and the Arkansas Valley Correctional Facility; BOB MOORE, who supervises the medical department at the Pueblo Minimum Center, and JOHN DOE(S), current and former Wardens of any correctional facility maintained, operated or controlled by the Colorado

Department of Corrections, and JOHN DOE(S); BILL BOKROS, Warden of the Limon Correctional Facility; RONALD G. PIERCE,

   Defendants - Appellees,

and

COLORADO TERRITORIAL CORRECTIONAL FACILITY; COLORADO DEPARTMENT OF CORRECTIONS; BRAD ROCKWILL; ANNETTE PORTER; SERGEANT, DENVER RECEPTION & DIAGNOSTIC CENTER; R. MURPHY; GLENNTTE SMITH; BECKY RHOMONA; JIM WEBER; NARD CLAAR; BILL REED; FREMONT CORRECTIONAL FACILITY,

   Defendants.

**ORDER AND JUDGMENT**[*]

Before **McHUGH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

  Wayne Brunsilius, a former Colorado state prisoner proceeding pro se, appeals the district court's order holding that he was not entitled to an award of damages

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- 3 -

under a class-action consent decree concerning disabled Colorado prisoners. He also seeks leave to proceed on appeal in forma pauperis (IFP). We grant his IFP motion and affirm the district court.

## I.     Background.

> In the early 1990s, Colorado state prisoners initiated a class action lawsuit alleging that state officials were committing ongoing violations of disabled prisoners' rights under the Americans with Disabilities Act [ADA], the Rehabilitation Act, and 42 U.S.C. § 1983. In 2003, the parties entered into a consent decree, called a "Remedial Plan," setting forth the actions Defendants would take to bring the state prison system into compliance with the applicable statutes and establishing a procedure through which individual inmates could bring damage claims for injuries incurred. Specifically, the consent decree provided that the damage claims of individual class members would be determined by a special master, subject to abuse-of-discretion review by the district court.

*Montez v. Hickenlooper*, 640 F.3d 1126, 1129 (10th Cir. 2011). Pursuant to the Remedial Plan, Mr. Brunsilius filed an individual claim for damages, asserting that prison officials had discriminated against him because of his disability. Following the procedure dictated by the Remedial Plan, Mr. Brunsilius had a hearing before a special master, who reviewed documentary evidence and heard the testimony of Mr. Brunsilius and other witnesses. In addition, after the hearing, the special master kept the record open to permit the parties to file additional documents. Mr. Brunsilius submitted additional medical records.

As the special master explained, the Remedial Plan required a claimant to establish that (1) he was disabled by one of the covered disabilities (mobility, hearing, vision, and diabetes) on or before August 27, 2003; (2) he was otherwise

- 4 -

qualified to participate in programs of the Department of Corrections (DOC) or receive DOC benefits or services; (3) DOC officials discriminated against him because of his disability; and (4) he was harmed by the discrimination. The special master determined that Mr. Brunsilius satisfied the first two criteria by showing that he was mobility-impaired before August 27, 2003, and that he was otherwise qualified to participate in DOC programs and receive DOC benefits or services.

The special master determined at the critical third stage, however, that Mr. Brunsilius did not show that he was discriminated against because of his disability. Mr. Brunsilius argued that the medical care provided to him while he was in DOC custody was inadequate and inappropriate. The special master ruled that Mr. Brunsilius could not prove discrimination on the basis of his disability under the ADA or the Rehabilitation Act with evidence concerning the quality of medical care he received while in DOC custody. Because he did not show that DOC officials had discriminated against him, the special master found it unnecessary to address the fourth criterion. The special master dismissed Mr. Brunsilius's claim for failure to establish that he was entitled to relief.

Mr. Brunsilius timely filed an objection to the special master's order. The district court reviewed the special master's order in light of the objection and concluded that the special master had not abused his discretion.[1] Mr. Brunsilius now

---

[1] Pursuant to Article XXXII of the Remedial Plan, the district court's review of the special master's order was for an abuse of discretion.

appeals to this court, emphasizing that his claim was based on his exposure to toxins during his work at the Rocky Flats nuclear weapons plant in 1983.

## II. Discussion.

We first consider our jurisdiction over this appeal. We have previously determined that we have jurisdiction over interlocutory appeals from district court orders denying individual claims for damages in this class action. *Montez*, 640 F.3d at 1132-33. We review de novo the district court's interpretation of the Remedial Plan. *Id.* at 1130.

Mr. Brunsilius raises many issues on appeal that are not relevant to the inquiry before the court, which is whether he is entitled to monetary damages due to prison officials' discrimination against him on the basis of his disability. Among those irrelevant issues is the cause of his disability.[2] And to the extent Mr. Brunsilius pursues on appeal his claim that the testing and treatment for his condition while he was in DOC custody were inadequate or inappropriate, that claim is not cognizable under the ADA or the Rehabilitation Act. *See Fitzgerald v. Corr. Corp. of Am.*,

---

[2] Also not relevant are the following contentions Mr. Brunsilius presented in his opening brief on appeal: the federal district court ignored criminal actions allegedly committed by Colorado officials under admiralty law; Colorado officials conspired to conceal fraud, misrepresentation, and perjury and further conspired to create "Illegal Reclusion," Aplt. Opening Br. at 1; Colorado officials concealed Mr. Brunsilius's medical records and "fil[ed] charges under commercial papers for profit," *id.* at 2; the State of Colorado defaulted on "the Bill for 'Back Wages' and for Services Rendered," *id.*; claims pertaining to a "remedy of House Joint Resolution 192" and Mr. Brunsilius's sovereignty "as the flesh and blood man," *id.* at 3; and a claim that the Jefferson County District Attorney's Office initiated fraudulent bonds and forged all supporting documents.

403 F.3d 1134, 1144 (10th Cir. 2005) (holding decisions about efficacy of medical treatment "do not ordinarily fall within the scope of the ADA or the Rehabilitation Act").[3]

Mr. Brunsilius raises an issue that is relevant. He contends that the special master did not consider his entire medical file. Related to this issue are his complaints that the number of pages of the medical records he received from the DOC was obviously fewer than the number of pages presented at his hearing, and he was required to pay for the copies of his medical records he received from the DOC.

We construe Mr. Brunsilius's claim to assert that the special master failed to review and consider all of the evidence. But this assertion is refuted by the special master's order in which he specifically acknowledged the witnesses' testimony, the medical records, and the other documents. The special master further acknowledged that Mr. Brunsilius filed additional documents after the hearing. In the face of these statements, we must reject Mr. Brunsilius's unsupported claim that the special master did not consider all of the evidence.

---

[3] Mr. Brunsilius asserts that the special master improperly applied the 2005 *Fitzgerald* decision to his claim based on the 2003 class action consent decree, thereby impairing his contractual rights. But Mr. Brunsilius has not shown that he raised a contract claim in the district court, so we do not address this argument. *See Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 718 n.9 (10th Cir. 2014) (stating court of appeals normally does "not consider arguments not presented to the district court"). Moreover, Mr. Brunsilius has not demonstrated that such a contract claim was cognizable under the Remedial Plan.

As for the claimed discrepancy in the volume of medical records between the copies provided to him and the copies presented to the special master, Mr. Brunsilius has not made an argument as to why this shows any error in the special master's conclusions. The special master denied Mr. Brunsilius's claim due to the lack of evidence of discrimination, not a lack of medical evidence of disability. Indeed, the special master concluded that Mr. Brunsilius was mobility-impaired, and proceeded to the next step of the analysis.[4] Therefore, we fail to see how additional medical records, even if such records had been withheld from Mr. Brunsilius, would demonstrate error in the special master's determination that Mr. Brunsilius did not establish that DOC officials discriminated against him because of his disability. Similarly, being required to pay for his medical records has no bearing on the critical issue of discrimination.

---

[4]  In his reply brief, Mr. Brunsilius appears to challenge the special master's conclusion that he did not show that he was hearing-impaired. Ordinarily, this court does not consider an assertion of error raised for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). But even if Mr. Brunsilius had shown that he was hearing-impaired, that would not have established discrimination on the basis of disability.

**III.    Conclusion.**

Mr. Brunsilius's motion to proceed on appeal IFP is granted. The grant of IFP does not relieve him of his obligation to pay his appellate filing and docketing fees in full. The judgment of the district court is affirmed.

                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge