IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 92-CV-870-CMA**

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

**MOTION FOR CLARIFICATION AS TO THE DATE
OF THE END OF THE MONITORING PERIOD**

---

Plaintiffs, through Class Counsel, respectfully submit this Motion for Clarification.

1.  The two-year Monitoring Period provided for in the Remedial Plan commenced on October 1, 2012, and was scheduled to conclude on October 1, 2014. Doc. 5314.

2.  On July 9, 2014, the Parties met with the Court in chambers to discuss Plaintiffs need for a stay of the proceedings in this case due to the unavailability of a key member of Class Counsel's legal team.

3.  On August 22, 2014, Plaintiffs filed a Motion for a Stay of Proceedings. Doc. 5481.  This Motion sought "a six-month stay of the date for completion of the Monitoring Period established by the Remedial Plan."  *Id.* at 2, ¶ 3.

4.  Defendants' Counsel attempt to characterize Plaintiffs as requesting in their Motion for a Stay an extension only to February 22, 2014, which is incorrect.  It

1

was always Plaintiffs' intent, as indicated to the Court and to Defendants' counsel and throughout the Motion for a Stay, that the Monitoring Period be extended by six months—not four and a half.

5. Plaintiffs' counsel mistakenly calculated the new deadline in the "Wherefore" clause of their Motion for a Stay as six months from the date the motion was filed (August 22, 2014) rather than from the end of the Monitoring Period (October 1, 2014). *Id.* at 4.

6. However, Plaintiffs never intended for the Monitoring Period to end in February 2014 because Plaintiffs' lead counsel will still be largely unavailable at that time.

7. On September 8, 2014, this Court ruled on a number of pending discovery motions. Doc. 5484.

8. Pursuant to that Order, the Court ruled that it would extend the Monitoring Period in order to afford the Parties the opportunity to comply with the limited exchange of information permitted therein. *Id.* at p. 8.

9. Specifically, the Court wrote that, "…the Court recognizes that class counsel is not in the position to file any objections at this time and, therefore, will extend the Monitoring Period by **4 months**, until **April 1, 2015**." *Id.* at p. 8 (emphasis added).

10. Plaintiffs interpret this Order to read that the Monitoring Period will be extended for a period of **six** months (not four), up to and through April 1, 2015, consistent with their request for a six-month stay.

11.     A four-month extension will not be sufficient for Plaintiffs to review the discovery ordered by the Court, conduct additional site visits, and prepare a notice of non-compliance, if necessary, given lead counsel's unavailability during much of that time.

12.     Plaintiffs therefore respectfully request clarification from this Honorable Court regarding the length of the extension of the Monitoring Period and the exact date upon which the Monitoring Period shall conclude.

13.     Pursuant to D.C.Colo.LCivR. 7.1, Undersigned Counsel exchanged written communications with Defendants' Counsel and participated in a conference call on September 17, 2014, regarding the need for a motion for clarification of the date for the expiration of the Monitoring Period.  Plaintiffs' Counsel agreed to submit a Joint Motion for Clarification, subject to review of a draft motion.  Later that day, Defendants' counsel shared a draft motion with Undersigned Counsel.  Undersigned counsel did not believe that the draft accurately reflected Plaintiffs' position and therefore proposed changes to the draft in a redlined version.  Upon receiving the redlined version, Defendants' counsel apparently decided it could not accept the proposed changes and filed its Motion for Clarification without additional conferral, sending an email to Plaintiffs' Counsel informing them of such while they simultaneously filed the Motion.  Plaintiffs' counsel worked in good faith to try to reach agreement with Defendants' Counsel on acceptable language for a Joint Motion, and are disappointed that the Parties could not reach agreement.

**WHEREFORE**, for all of the reasons enumerated above, Plaintiffs respectfully request clarification as to the date of the cessation of the Monitoring Period.

Respectfully submitted this 18th day of September 2014.

            KING & GREISEN, LLP

            *s/ Jennifer Weiser Bezoza*
            Paula Greisen
            Jennifer Weiser Bezoza
            1670 York Street
            Denver, CO  80206
            (303) 298-9878 telephone
            (303) 298-9879 facsimile
            greisen@kinggreisen.com
            bezoza@kinggreisen.com

            Edward T. Ramey
            Heizer Paul, LLP
            2401 15th Street, Suite 300
            Denver, CO 80202
            (303) 595-4747 telephone
            (303) 595-4750 facsimile
            eramey@hpgfirm.com

            Lara E. Marks
            Foster Graham Milstein & Calisher, LLP
            360 S. Garfield Street, 6th Floor
            Denver, CO  80209
            (303) 333-9810 telephone
            (303) 333-9786 facsimile
            lmarks@fostergraham.com

            Blain D. Myhre
            P.O. Box 3600
            Englewood, CO  80155
            (303) 250-3932 telephone
            blainmyhre@gmail.com

            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on September 18, 2014, I electronically filed the foregoing **MOTION FOR CLARIFICATION AS TO THE DATE OF THE END OF THE MONITORING PERIOD** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jacquelynn N. Rich Fredericks
Colorado Department of Law
jacquelynn.richfredericks@state.co.us

             *s/ Laurie A. Mool*
            Paralegal, King & Greisen, LLP