**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

---

**ORDER ON CLAIMANT WINKLER'S OBJECTION TO THE
ORDER OF THE SPECIAL MASTER**

---

This matter is before the Court on Shawn M. Winkler's December 12, 2011 objection (Doc. # 5220) to the Special Master's July 15, 2011 Order regarding his claim under the Montez Remedial Plan (Doc. # 5122).

The Remedial Plan, which governs this action, calls for this Court to employ an abuse of discretion standard to review decisions by the Special Master. (Article XXXII of the Remedial Plan.) The Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the Special Master's judgment "so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In his Order, Special Master Borchers denied Claimant's claim as an impermissible *pro se* filing, which was prohibited by the January 19, 2011 Order, in which Judge Kane stated, "Class members alleging new instances of disability discrimination or deliberate indifference to serious medical needs must proceed, as any other inmate whose disability-related claims arose after 2003, in a separate and independent *pro se* action . . . ." (Doc. # 4960.)  Claimant has been told, repeatedly, that although he met the Remedial Plan's definition of mobility impairment as of August 27, 2003, he had not been discriminated against by the Department of Corrections ("DOC"), as prohibited by the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  *See, e.g.* (Doc. ## 4421; 4969; 5153).  As such, this Court (and previously, the Special Master) did not have jurisdiction over his claims.  Despite these admonitions, Plaintiff persists in his attempts to revisit the October 4, 2005 decision in which the Special Master determined Claimant was not discriminated against and therefore does not have standing to proceed in this action.  (Doc. # 1147 at 6-8.)

The Court finds that the Special Master did not abuse his discretion.  The Special Master's ruling complies with the Court's March 23, 2010 Order, which narrowed the claims process to include only those individuals who were disabled within the meaning of the Remedial Plan[1] on or before August 27, 2003, and who had been the victims of discrimination on account of that disability on or before August 27, 2003.[2]  (Doc. # 4381

---

[1] The Remedial Plan covers the following disabilities: mobility, hearing, and vision impairments, and diabetes.  (Article III(A) of the Remedial Plan.)

[2] Specifically, the Court's Order states, "In other words, the only members of the Montez class who may proceed with individual *pro se* claims in this litigation are those members of the Montez subclass entitled as of August 2003 to file claims for individual relief with the Special

at 3.)  Pursuant to the Remedial Plan, this Court does not have jurisdiction over Claimant's claims because he was not discriminated against by the DOC.

Accordingly, it is ORDERED that Claimant's objection (Doc. # 5220) is OVERRULED, and the Order of the Special Master (Doc. # 5122) is AFFIRMED. It is

FURTHER ORDERED that **this Court will *sua sponte* dismiss any subsequent filings by Shawn M. Winkler for lack of jurisdiction**.

DATED:  September   18  , 2014

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

Masters under § XXXII of the Plan."  (Doc. # 4381 at 3.)  Claims in this action are brought under Title II of the ADA.  *Montez v. Romer*, 32 F.Supp. 1235, 1240 (D. Colo. 1999).  To establish a prima facie claim under Title II of the ADA, a claimant must have been the victim of discrimination on account of his disability.  42 U.S.C. § 12132.  Therefore, in order to be "entitled as of August 2003 to file claims for individual relief," claimants must have been discriminated against on or before that date.