IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

**PLAINTIFFS' CLASS COUNSELS' MOTION FOR SIXTY DAY EXTENSION OF MONITORING PERIOD**

Plaintiffs' Class Counsel respectfully request the Court to extend the Monitoring Period in this case for an additional sixty (60) days for the reasons set forth below:

**Certification Pursuant to D.C.COLO.LCivR 7.1(a)**

Edward Ramey, one of Plaintiffs' Class Counsel, states that he conferred with First Assistant Attorney General James X. Quinn, counsel for Defendants, on December 22, 2014. Mr. Quinn advises that the Defendants oppose this Motion.

1. On September 11, 2012, the Court entered its Order finding the Defendants to be in substantial compliance with the terms of the Remedial Plan entered into by the Plaintiff Class and the Defendants and approved by the Court in 2003. The Court's 2012 Findings and Conclusions triggered a two-year Monitoring Period commencing on October 1, 2012 [Doc. # 5314, p. 4]. Pursuant to the Remedial Plan [Doc. # 441, §XXXI, p. 28], the purpose of the Monitoring Period was for Plaintiffs' Class Counsel to "monitor the designated facilities to ensure compliance is maintained during

this period" – to include tours of each designated facility up to two times per year and the expenditure of "the time and resources reasonably necessary to monitor compliance" during this period.

2. On August 22, 2014, the Plaintiffs filed a Motion for a Stay of Proceedings, requesting a six month stay – until February 22, 2015 – of the running of the Monitoring Period [Doc. # 5481]. The purpose of the request was to accommodate both (a) a personal matter addressed by the parties in a Chambers conference on July 9, 2014, involving the inability of a key member of Plaintiffs' Class Counsel to work on the case for the remainder of the year and (b) efforts by Plaintiffs' and Defendants' counsel to resolve issues that had arisen regarding the nature and extent of discovery and information requests applicable to the Monitoring Period. On September 8, 2014, the Court separately entered an Order on Discovery During Monitoring Period [Doc. # 5484], addressing various of the discovery/information request disagreements between the parties and extending the Monitoring Period "by 4 months, until April 1, 2015." By Order of September 19, 2014, the Court clarified and amended its Order of September 8 to state that the Monitoring Period would be extended "by four months, until February 1, 2015" [Doc. # 5488]. In the wake of these Orders, the Court denied Plaintiffs' initial Motion for a Stay Proceedings as moot on October 1, 2014 [Doc. # 5490].

3. During the succeeding two-and-a-half months, the efforts of Plaintiffs' Class Counsel to complete their Monitoring Period responsibilities under the Remedial Plan have been – and are being – substantially impacted by three circumstances:

  a.      The inability of the key member of Plaintiffs' Class Counsel to participate in the Monitoring Period activities – as discussed with the Court in the Chambers conference of July 9, 2014 – has been and continues at present to be a very significant and substantial loss to the capacity of the Class Counsel team to complete their responsibilities as assigned by the Remedial Plan. Please see the Declaration submitted and attached hereto as <u>Exhibit 1</u> (filed under Level 2 Restricted Access per D.C.COLO.LCivR 7.2).

  b.      Plaintiffs' Class Counsel has very recently lost two additional critical members of their experienced team of lawyers (Ms. Bezoza and Ms. Menzel), one of whom had taken over (virtually full time) the principal day-to-day discovery and information gathering responsibilities for the team, due to departures from the King & Greisen firm. This has required Plaintiffs to introduce new (and otherwise extremely busy) associate counsel into a very complex and fact-intensive case with a difficult and time-intensive learning curve.

  c.      Plaintiffs' Class Counsel and Defendants' counsel have continued to work together – sometimes easily and expeditiously, and occasionally not so much – to comply with the Court's September 8, 2014 Order on Discovery During Monitoring Period [Doc. # 5484]. This has resulted in the production of close to 50,000 pages of information during the Monitoring Period, almost half of which has been produced during the last few months, and much over the last couple weeks. While all active members of Plaintiffs' Class Counsel

team are devoting as much time as they reasonably can to the effort of reviewing and analyzing this information, they simply will not be able to complete this effort – and follow with the hopefully few additional facility visits that will be required in connection therewith and any necessary or appropriate discussions of specific issues with the Defendants and their counsel – by the end of January 2015.

4. The primary goal of Plaintiffs' Class Counsel is to meet their responsibilities to the over-3,000 members of the Plaintiff Class, as established by the Remedial Plan, during this final phase of a complex and intensely litigated – and negotiated – civil proceeding that commenced 22 ½ years ago. Equally important, Plaintiffs' Class Counsel has no desire to prolong these proceedings by filing an objection alleging non-compliance in any respect by the Defendants based upon incomplete information or incomplete or inaccurate analysis of that information (much of which has only very recently been provided) prior to the conclusion of the Monitoring Period.

5. When they filed their initial Motion for a Stay of Proceedings [Doc. # 5481] on August 22, 2014, Plaintiffs' Class Counsel – in consideration of the issue noted in paragraph 3(a), above, and in anticipation of timely receiving substantial additional information from the Defendants – attempted to request a six-month stay (through February 22, 2015) *in addition to* the then-remaining approximately 5 ½ weeks of the Monitoring Period. This would have effectively extended the Monitoring Period to early April 2015. In the wake of the Court's clarification of its earlier Order on September 19,

4

2014 [Doc. # 5488], Class Counsel realized that their initial request had not been clear. Nor did they reasonably anticipate the developments and associated timing concerns noted above in paragraphs 3(b) and (c).

6.      Plaintiffs' Class Counsel respectfully submit that a short 60-day extension of the present date set for termination of the Monitoring Period (February 1, 2015) – through April 1, 2015 – will enable them to reasonably fulfill their responsibilities to the Plaintiff Class and to this Court under the Remedial Plan in the context of the circumstances outlined above, and will hopefully avoid the prospect of unnecessarily prolonging these proceedings beyond that date. Further, such an extension should not prejudice any party at this stage of these proceedings, particularly as the Defendants presumably are attempting to remain in compliance with the Remedial Plan requirements that are precisely the object of Plaintiffs' Class Counsels' mandated review.

Respectfully submitted December 23, 2014.

s/_____
Edward T. Ramey
Heizer Paul LLP
2401 15th Street, Suite 300
Denver, CO 80202
(303) 376-3712 telephone
(303) 595-4750 facsimile
eramey@hpfirm.com

Paula Greisen
1670 York Street
Denver, CO  80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com

Lara E. Baker
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, CO  80209
(303) 333-9810 telephone
(303) 333-9786 facsimile
lmarks@fostergraham.com

Blain D. Myhre
P.O. Box 3600
Englewood, CO  80155
(303) 250-3932 telephone
blainmyhre@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James X. Quinn
Jacquelynn N. Rich Fredericks
Colorado Department of Law
James.quinn@state.co.us
Jacquelynn.fredericks@state.co.us
*Attorneys for Defendants*

I further certify that a true and correct copy of Exhibit 1 to this Motion was delivered to First Assistant Attorney General James X. Quinn by email to James.Quinn@state.co.us on this 23rd day of December, 2014.

s/_____
Edward T. Ramey

7