IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

**PLAINTIFFS' CLASS COUNSELS' REPLY IN SUPPORT OF THEIR MOTION FOR SIXTY DAY EXTENSION OF MONITORING PERIOD**

Plaintiffs' Class Counsel respectfully submit the following Reply in Support of their Motion for Sixty Day Extension of Monitoring Period:

1.    Plaintiffs do not begrudge Defendants' eagerness to be done with this case – though it took them eleven years to acknowledge its merits through stipulation to the 2003 Remedial Plan and another seven years (including four years of extensions) to achieve substantial compliance with the terms of that consensual Plan. Substantial compliance – addressing the state of affairs within the Defendants' correctional facilities in the wake of a hearing culminating in October 2010 – was ultimately found by the Court to have been achieved per its Order of September 11, 2012 [Doc. #5314]. This Order triggered the two-year Monitoring Period at issue here.

2.    The Monitoring Period commenced on October 1, 2012 [Doc. #5314, p. 4]. Defendants now castigate Plaintiffs' counsel for not commencing their monitoring activities two years earlier in November 2010 [Defs' Resp., Doc #5500, para. 3], though

under what authority that would have been done is not clear. Defendants accuse Plaintiffs' counsel of dallying in their efforts until May 2013 – though neglect to note that the formal discovery requests submitted by the Plaintiffs on May 8, 2013, came in the wake of four months of Defendants declining to agree that discovery was available during the Monitoring Period, declining to respond to informal information requests, and declining initially even to meet with Plaintiffs' counsel to discuss an information gathering process [see Pl. Mtn. to Compel, pp. 4-5, Doc. #5407]. Little changed in the wake of Plaintiffs' May 8, 2013, discovery requests, leading to two Motions to Compel – on August 30, 2013 [Doc. #5407], not responded to by the Defendants until November 8, 2013 [Doc. #5448], and June 23, 2014 [Doc. #5462], not responded to until August 14, 2014 [Doc. #5477] – all ultimately necessitating resolution by the Court per Order of September 8, 2014 [Doc. #5484]. All of this is water under the bridge, though Defendants' comments to the effect that Plaintiffs' current request for a sixty day extension of the Monitoring period is "predicated upon their own failure to avail themselves fully of their contractually agreed upon twenty-four (24) months" [Defs' Resp., Doc #5500, para. 3] are a bit bristling.

      3.      Plaintiffs and Defendants appear to agree on three things. First, commencing in May 2013 (and notwithstanding Defendants' posture regarding discovery and information requests), Plaintiffs' counsel proceeded with their first of a permitted two rounds of visits to 18 correctional facilities – meeting with class members and gathering what monitoring information they could even without the preliminary documentation they had sought [see Def. Resp. to Second Mtn. to Compel, Doc. #5477,

para. 5]. Second, Defendants have ultimately produced over 50,000 pages of requested documents to Plaintiffs' counsel regarding the members of the Plaintiff class [see Defs' Resp., Doc #5500, para.10] – though a bit under half of this arrived in installments in the wake of the Court's Order of September 8, 2014 [Doc. #5484] and continuing well into December 2014. Third, Plaintiffs are throwing every resource they have into the process of reviewing and processing this belatedly produced information – and it is *they*, not Defendants' counsel, who are responsible for conducting this review on behalf of their class members and for the benefit of the Court. The point is not to fault Defendants for their positions or the pace of their responsiveness, but to address their current suggestion of procrastination on the part of Plaintiffs' counsel.

4.  The circumstances surrounding the temporary unavailability of a key member of Plaintiffs' class counsel team have been fully addressed. For reasons clear to both the Court and Defendants' counsel, this issue involves more than a simple matter of resource allocation.

5.  Finally, a portion of Defendants' Response (see, *e.g.*, paras. 22-26) misapprehends the primary goal of the Monitoring Period. The point is not for Plaintiffs' Class Counsel to channel a stream of individual inmate complaints to the Defendants for processing – in theory the Defendants have systems in place to accomplish that (failing which we assuredly do have a continued substantial compliance issue). Rather, the point of the Monitoring Period is to evaluate and assure maintenance of "substantial compliance" with the terms of the Remedial Plan on a systemic and facility-specific basis [Remedial Plan, Sec. XXXI; Findings & Conclusions, Doc. #5314, p. 2]. This

involves a good bit more time, effort, and collective analysis than functioning as a central complaint conduit.

      6.      Under the presumption that the Defendants are indeed maintaining substantial compliance with the Remedial Plan and intend to continue to do so, a short 60-day extension of the Monitoring Period should not prejudice them in any respect. The requested extension, further, serves the interests of the Court and all parties in assuring that the Monitoring Period functions are properly and thoroughly completed.

Respectfully submitted January 20, 2015.

          s/_____
Edward T. Ramey
Heizer Paul LLP
2401 15th Street, Suite 300
Denver, CO 80202
(303) 376-3712 telephone
(303) 595-4750 facsimile
eramey@hpfirm.com

Paula Greisen
1670 York Street
Denver, CO 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com

Lara E. Baker
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
(303) 333-9810 telephone
(303) 333-9786 facsimile
lmarks@fostergraham.com

Blain D. Myhre
P.O. Box 3600
Englewood, CO 80155
(303) 250-3932 telephone
blainmyhre@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James X. Quinn
Jacquelynn N. Rich Fredericks
Colorado Department of Law
James.quinn@state.co.us
Jacquelynn.fredericks@state.co.us
*Attorneys for Defendants*

                                            s/_____
                                            Edward T. Ramey