IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.

    Defendants.

## ORDER FOR EXTENSION OF TIME TO COMPLETE MONITORING PERIOD

This matter is before the Court on class counsel's Motion for Extension of Time to Complete Monitoring Period. (Doc. # 5498.) The motion is ripe for the Court's review.

More than twenty-two years ago, Colorado state prisoners initiated this class action lawsuit, alleging that state officials violated disabled prisoners' rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. § 1983. In 2003, the parties agreed to settle the case by entering into a Remedial Plan (the "Plan"), which required that Colorado Department of Corrections ("DOC") improve the facilities and resources for disabled inmates. (Doc. ## 441 (the Plan)[1], 528 (Order approving settlement)). On September 11, 2012, after spending 32 days hearing

---

[1] Hereinafter, citations to the Plan, which is found at Doc. # 441, will be to "Plan" followed by the relevant section.

evidence and reviewing reams of post-hearing briefing, Judge Kane concluded that the DOC was in substantial compliance with the Plan.  (Doc. # 5314.)  The Plan provided for a two-year Monitoring Period following a finding of substantial compliance as follows:

> Once it has been determined that DOC is in substantial compliance with this Remedial Plan, the a two year "Monitoring Period" commences during which class counsel will monitor the designated facilities to ensure compliance is maintained during this period. During the Monitoring Period, class counsel may tour each designated facility up to two times a year to ensure compliance. In addition, class counsel may spend the time and resources reasonably necessary to monitor compliance during the Compliance Period. Once the Monitoring Period is complete, this Plan is no longer in effect unless, prior to the completion of the Monitoring Period, there has been an objection filed alleging non-compliance. If such objection is filed, the Monitoring Period will be extended until there has been a final determination with respect to the merits of the objections.

(Plan § XXXI.)  Judge Kane indicated in his Order that "[t]he two-year Monitoring Period triggered by a finding of 'Substantial Compliance' shall commence on October 1, 2012." (*Id.* at 4.)  Thus, the Monitoring Period was scheduled to expire and the case was scheduled to be dismissed on October 1, 2014, but for the Court's September 9, 2014 Order that granted in part and denied in part class counsel's request that this Court compel the DOC to produce certain documents, and extended the monitoring period to February 1, 2015, to allow class counsel time to review the documents.  (Doc. ## 5484, 5488.)

In the instant motion, class counsel asks for an additional extension of 60 days to complete their Monitoring Period responsibilities.  Class counsel argues that due to personnel issues, they were unable to complete a review of more than 50,000 pages of discovery produced pursuant to this Court's September 2014 Order.  Defendants

oppose an extension, arguing, essentially, that class counsel has sufficient personnel to complete their duties by the February 1, 2015 deadline.

The Court is reluctant to allow this case to be dragged out any further than it already has. However, because of the complexity of this case, it will allow a 60-day extension. This will be the last extension this Court will grant, absent extenuating circumstances.

Accordingly, the Court GRANTS class counsel's Motion for Extension of Time to Complete Monitoring Period up to and including April 2, 2015. (Doc. # 5498.)

DATED: January 27, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge