# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case Number: <u>92-CV-870-CMA</u>

JESSE MONTEZ, et, al.,

                        Plaintiff(s),

Vs.

<u>JOHN HICKENLOOPER, et. al., Defendants,</u>

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 5 2015

JEFFREY P. COLWELL
CLERK

Claim Number: 3-445
Category III
Claimant: Raymond D. Goodloe,
Address: 50 E. Dwight Drive, Pueblo West, Co. 81007

## OBJECTION TO RULING DATED JULY 3, 2013 CONFIRMING AND ADOPTING SPECIAL MASTERS REPORT AND RECOMMENDATION DATED JULY 1, 2011

**COMES NOW**, the claimant, Raymond D. Goodloe, proceeding Pro-Se in his Objection to this Honorable Courts ruling that Confirmed and Adopted the Special Masters report and recommendation regarding the claimant (Doc. # 5100) entered after evidence and testimony was presented in the June 13, 2011 ***Non-Compliance*** hearing.

### STATEMENT OF THE CASE

During the June 13, 2011 non-compliance hearing held at the Fort Lyon Correctional Facility, an issue was raised about the claimant purchasing the assistive devices needed for the managament of his chronic medical disability. The claimant stated to the Special Master that, should the Special Master issue an Order directing the Colorado Department of Corrections, (herein after referred to as CDOC) to pay the claimant the sum of $2,000.00, the claimant would then have the means in his inmate banking account with which to purchase the assistive devices he need's to manage the effects of his chronic mobility disability.

Somehow during the transcription of the tape recording of that hearing, it was written that the *Claimant* would be willing to pay for the appropriate shoes and ankle brace the claimant need's "*at his own expense*," as stated in the July 1, 2011 report and recommendation filed by the Special Master. This is an ***Error*** in the Special Masters report and recommendation that is the *crux* of the claimant's objection.

The Special Master wrote in his report, " *This case has an **Interesting Twist** to it. The Claimant testified at the hearing that he would be willing to pay for appropriate shoes and a brace. Claimant has attempted to obtain appropriate footwear and braces for years. His requests have always been denied. Security issues have been* "**Generically Raised**," *by defendants, but without any evidence to back up the allegation. Throughout all of the hearings held pursuant to Article XXXII of the Remedial Plan there has been a **dearth** of evidence to support alleged security issues. No such evidence has been presented as to this claim.*"

However, evidence provided by the petitioner clearly show's that the CDOC had, "and continues to have," absolutely *No Intention* of ever providing the petitioner with the assistive devices the Special Master intended CDOC to provide him, let alone allowing him to purchase these assistive devices from an outside source, even if the petitioner had the fund's to do so on his own.

Since the claimant ***DID NOT, AND STILL DOES NOT HAVE THE MEANS* WITH WHICH TO PURCHASE THE ASSISTIVE DEVICES ON HIS OWN**, he continued to inform the Special Master that CDOC had ***NOT*** complied with the Final Order of the Special Master directing CDOC to provide the claimant with the ***Appropriate Assistive Devices*** he need's, "dated March 6, 2009," and continued to Motion the Court and request that ***Non-Compliance*** hearing(s) be set in this matter.

For the claimant, "after showing that CDOC had not complied with the Final Order of the Special Master on at least (2) seperate occassions," to all of the sudden state in the June 13, 2011 hearing that he would be willing to pay for his own assisstive devices, "*even though he had absolutely no way of doing so,*" is completely and totally *ludicrous*, and only highlights the difficulty the petitioner has had with combatting the deceptiveness CDOC has employed in avoiding having to comply with the Final Order of the Special Master, in this claim.

## **CLAIMANTS MOTION AND REQUEST**

The claimant would request that the Court review the tape recording of the non-compliance hearing held at the Fort Lyon Correctional Facility on June 13, 2011. By doing so, the Honorable Judge Christine M. Arguello would be able to determine that the claimant was somehow *mis-quoted* as having stated that he would purchase the assistive devices "*at his own expense*,".

When he requested that the Special Master Order CDOC to deposit the sum of $2,000.00 into his inmate banking account for non-compliance with the Special Masters Final Order.  Had the claimant's request been granted, the claimant *THEN* would have had the *Means* with which he would be able to purchase the assistive devices he need's, "*at his own expense.*"

The claimant filed a similar objection with this Honorable Court sometime in the middle of '2013', however he never received a response from the Court. The claimant has no way of providing the Court with the exact date of that filing as a result of circumstances beyond his control separating him from his files and paperwork concerning this claim.  *At No Time* did the claimant state that he would be able to secure *Outside Funds* to make the purchase of the shoes and brace "*at his own expense,*" with.

The claimant would request that this Honorable Court listen to the tape recording of the July 1, 2011 non-compliance hearing so that the Court can hear for itself the statements made by the claimant.  After hearing that recording, the claimant is confident that the Court will see that there have been erroneous entries made in the record.

So it is at this time that the claimant requests this Honorable Court to listen to the July 1, 2011 tape recording of the non-compliance hearing held at the Fort Lyon Correctional Facility in **Montez v. Hickenlooper**, concerning the Category III, Mobility Disability matter of Raymond D. Goodloe, Claim # 3-445.  The claimant herreby Moves this Honorable Court to issue *It's* Order directing the Colorado Department of Corrections to pay to the claimant the sum of $2,000.00, forthwith, by check or wire transfer, at the address listed below the signature line of this document.

The claimant would also request that any ruling made by this Honorable Court be forwarded to the claimant so that he has a record of said ruling should any further action in this matter be necessary.

Dated this 27th day of February, 2015.                    Respectfully Submitted,

Raymond D. Goodloe, PCJ #297821
909 Court Street
Pueblo, Co.  81003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case Number: <u>92-CV-870-CMA</u>

**JESSE MONTEZ, et, al.,**

**Plaintiff(s),**

Vs.

**JOHN HICKENLOOPER, et. al., Defendants,**

**Claim Number: 3-445**

**Category III**

**Claimant: Raymond D. Goodloe,**

**Address: 50 E. Dwight Drive, Pueblo West, Co. 81007**

### OBJECTION TO RULING DATED JULY 3, 2013 CONFIRMING AND ADOPTING SPECIAL MASTERS REPORT AND RECOMMENDATION DATED JULY 1, 2011

**COMES NOW,** the claimant, Raymond D. Goodloe, proceeding Pro-Se in his Objection to this Honorable Courts ruling that Confirmed and Adopted the Special Masters report and recommendation regarding the claimant (Doc. # 5100) entered after evidence and testimony was presented in the June 13, 2011 *Non-Compliance* hearing.

### STATEMENT OF THE CASE

During the June 13, 2011 non-compliance hearing held at the Fort Lyon Correctional Facility, an issue was raised about the claimant purchasing the assistive devices needed for the managament of his chronic medical disability. The claimant stated to the Special Master that, should the Special Master issue an Order directing the Colorado Department of Corrections, (herein after referred to as CDOC) to pay the claimant the sum of $2,000.00, the claimant would then have the means in his inmate banking account with which to purchase the assistive devices he need's to manage the effects of his chronic mobility disability.

Somehow during the transcription of the tape recording of that hearing, it was written that the *Claimant* would be willing to pay for the appropriate shoes and ankle brace the claimant need's "*at his own expense*," as stated in the July 1, 2011 report and recommendation filed by the Special Master. This is an *Error* in the Special Masters report and recommendation that is the *crux* of the claimant's objection.

The Special Master wrote in his report, " *This case has an **Interesting Twist** to it. The Claimant testified at the hearing that he would be willing to pay for appropriate shoes and a brace. Claimant has attempted to obtain appropriate footwear and braces for years. His requests have always been denied. Security issues have been "**Generically Raised**," by defendants, but without any evidence to back up the allegation. Throughout all of the hearings held pursuant to Article XXXII of the Remedial Plan there has been a **dearth** of evidence to support alleged security issues. No such evidence has been presented as to this claim.*"

However, evidence provided by the petitioner clearly show's that the CDOC had, "and continues to have," absolutely *No Intention* of ever providing the petitioner with the assistive devices the Special Master intended CDOC to provide him, let alone allowing him to purchase these assistive devices from an outside source, even if the petitioner had the fund's to do so on his own.

Since the claimant ***DID NOT, AND STILL DOES NOT HAVE THE MEANS* WITH WHICH TO PURCHASE THE ASSISTIVE DEVICES ON HIS OWN**, he continued to inform the Special Master that CDOC had *NOT* complied with the Final Order of the Special Master directing CDOC to provide the claimant with the *Appropriate Assistive Devices* he need's, "dated March 6, 2009," and continued to Motion the Court and request that *Non-Compliance* hearing(s) be set in this matter.

For the claimant, "after showing that CDOC had not complied with the Final Order of the Special Master on at least (2) seperate occassions," to all of the sudden state in the June 13, 2011 hearing that he would be willing to pay for his own assisstive devices, "*even though he had absolutely no way of doing so*," is completely and totally *ludicrous*, and only highlights the difficulty the petitioner has had with combatting the deceptiveness CDOC has employed in avoiding having to comply with the Final Order of the Special Master, in this claim.

## CLAIMANTS MOTION AND REQUEST

The claimant would request that the Court review the tape recording of the non-compliance hearing held at the Fort Lyon Correctional Facility on June 13, 2011. By doing so, the Honorable Judge Christine M. Arguello would be able to determine that the claimant was somehow *mis-quoted* as having stated that he would purchase the assistive devices "*at his own expense*,".

When he requested that the Special Master Order CDOC to deposit the sum of $2,000.00 into his inmate banking account for non-compliance with the Special Masters Final Order. Had the claimant's request been granted, the claimant **THEN** would have had the *Means* with which he would be able to purchase the assistive devices he need's, "*at his own expense.*"

The claimant filed a similar objection with this Honorable Court sometime in the middle of '2013', however he never received a response from the Court. The claimant has no way of providing the Court with the exact date of that filing as a result of circumstances beyond his control separating him from his files and paperwork concerning this claim. *At No Time* did the claimant state that he would be able to secure *Outside Funds* to make the purchase of the shoes and brace "*at his own expense,*" with.

The claimant would request that this Honorable Court listen to the tape recording of the July 1, 2011 non-compliance hearing so that the Court can hear for itself the statements made by the claimant. After hearing that recording, the claimant is confident that the Court will see that there have been erroneous entries made in the record.

So it is at this time that the claimant requests this Honorable Court to listen to the July 1, 2011 tape recording of the non-compliance hearing held at the Fort Lyon Correctional Facility in **Montez v. Hickenlooper,** concerning the Category III, Mobility Disability matter of Raymond D. Goodloe, Claim # 3-445. The claimant herreby Moves this Honorable Court to issue *It's* Order directing the Colorado Department of Corrections to pay to the claimant the sum of $2,000.00, forthwith, by check or wire transfer, at the address listed below the signature line of this document.

The claimant would also request that any ruling made by this Honorable Court be forwarded to the claimant so that he has a record of said ruling should any further action in this matter be necessary.

Dated this 27th day of February, 2015.                    Respectfully Submitted,

Raymond D. Goodloe, PCJ #297821
909 Court Street
Pueblo, Co. 81003