| ADMINISTRATIVE REGULATION | REGULATION NUMBER | PAGE NUMBER |
|---|---|---|
| | 850-04 | 1 OF 11 |
| COLORADO DEPARTMENT OF CORRECTIONS | CHAPTER: Offender Personnel | |
| | SUBJECT: Grievance Procedure | |
| RELATED STANDARDS: ACA Standards 4-4284, 4-4344, and 4-4394 | EFFECTIVE DATE: March 15, 2015 | |
| | SUPERSESSION: 03/15/14 | |
| OPR: OLS | REVIEW MONTH: DECEMBER | Rick Raemisch<br>Executive Director |

I. **POLICY**

It is the policy of the Department of Corrections (DOC) to *maintain a written grievance procedure that is made available to all offenders and that includes three levels of appeal. [4-4284]* It is the policy of the DOC to provide offenders with an opportunity to resolve issues in an informal setting prior to utilizing the formal grievance process.

II. **PURPOSE**

The purpose of this administrative regulation (AR) is to establish requirements and procedures for offenders to file informal complaints and formal grievances. This AR further defines the process by which DOC employees, contract workers, or volunteers shall investigate and respond to informal complaints and formal grievances and describes the maintenance of records.

III. **DEFINITIONS**

A. **ADA Inmate Coordinator (AIC):** DOC employee within the Office of Legal Services who is responsible for ensuring that offenders with disabilities are provided reasonable accommodation, are not subject to discrimination, or excluded from participation in or denied the benefits of DOC services, programs, and activities.

B. **Community Corrections Center:** Any private or public facility under contract with the Department of Public Safety or the Department of Corrections to provide residential treatment and transitional services for DOC offenders.

C. **Community Parole Officer (CPO):** Employed by the Department of Corrections; responsible for supervising offenders in the community and supporting the Division of Adult Parole in providing assistance to parolees to secure employment, housing, and other services to support successful reintegration into the community, while recognizing the need for public safety. A community parole officer is a peace officer whose authority shall be pursuant to section 17-27-105.5, Colorado Revised Statute (CRS); whose authority shall include the enforcement of all laws of the state of Colorado; and who shall be certified by the Peace Officer Standards Training (POST) Board.

D. **Contract Worker:** A person other than a DOC employee who provides services to the DOC under contract, special assignment, or informal agreement (e.g. purchase order). A contract worker includes self-employed persons, sole

EXHIBIT 8

| CHAPTER | SUBJECT | AR # | Page 2 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

proprietors, and persons employed by an employer in the private sector, another public entity, or by another agency of the state of Colorado.

E. <u>DOC Employee</u>: Someone who occupies a classified, full or part-time position in the State Personnel System (including management and at will positions) in which the Department has affect over pay, tenure, and status.

F. <u>Facility Grievance Coordinator</u>: A DOC employee responsible for logging, tracking, and routing of all grievances filed by offenders within a facility.

G. <u>Informal Complaint</u>: An attempt to resolve an issue or problem through discussion or dialogue with the affected area, staff or case manager prior to filing a formal grievance.

H. <u>Offender Grievance</u>: A written complaint by an offender filed on his/her own behalf regarding a policy, condition, or an incident pertaining to the offender's confinement.

I. <u>Offender Grievance Officer</u>: A DOC employee assigned to review, investigate, and respond to all Step 3 grievances.

J. <u>Remedy</u>: A meaningful response, action, or redress requested by the offender grievant at the step 1, 2, or 3 level, which may include modification of facility policy, restoration of or restitution for property, or assurance that abuse will not recur. DOC employee, contract worker, or volunteer discipline/reprimand, damages for pain and suffering, and exemplary or punitive damages are not remedies available to offenders.

K. <u>Reprisal</u>: Any action or threat of action against anyone for the good faith participation in the grievance procedure.

L. <u>Volunteer</u>: A person approved by Faith and Citizen Programs and the respective facility administrative head/designee to provide services without compensation from the DOC for correctional programs.

IV. <u>PROCEDURES</u>

   A. <u>General Information</u>

   1. *All offenders are informed about how to access the grievance system. This information is communicated orally and in writing, and is conveyed in a language that is easily understood by each offender. [4-4344]* All offenders receive orientation to the grievance procedure, in an understandable and accessible format (i.e. language translation, sign language interpretation, audio/visual) within 30 calendar days of admission to DOC and subsequently during their facility specific orientation, as provided by AR 850-07, *Offender Reception and Orientation.*

   2. The grievance procedure is available only to offenders sentenced to the DOC. This includes DOC offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision. The DOC grievance procedure is not available to offenders currently housed outside of Colorado, pursuant to the Colorado Interstate Corrections Compact.

   3. Reprisals for the good faith use of or participation in the grievance procedure are prohibited. An offender shall be entitled to file a grievance alleging that such a reprisal occurred.

   B. <u>Informal Complaint Resolution</u>

   1. It is the offender's responsibility to initiate the procedures for resolution of problems or complaints. This process must involve discussion or dialogue with DOC employees, contract workers and volunteers in the area of the facility where the problem or complaint arose. Offenders are required to provide information that issues were addressed informally with staff prior to utilization of any review level.

| CHAPTER | SUBJECT | AR # | Page 3 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

2. Case managers/CPOs will review the information presented and research the issue(s), in collaboration with offenders and affected staff in an attempt to resolve the issue, prior to issuance of a grievance. Staff shall document attempt to resolve utilizing form 850-04A.

3. The informal resolution attempt shall be documented in the offender chronological record system. The informal resolution shall not be attached to the Step 1 grievance form.

4. The informal resolution attempt does not alter the time frames for filing a grievance as stated in this regulation.

5. The informal resolution responder may also be a responder to the formal grievance.

6. Offenders alleging sexual abuse are not required to use the informal resolution process prior to receiving a grievance form (115.52B).

C. Filing a Grievance:

1. The use of this grievance process ensures that all grievances submitted by offenders are received, tracked, and responded to.

2. If a grievance is procedurally deficient the offender shall be asked to cure any deficiencies and resubmit for processing. If the procedural error cannot be corrected or if the offender refuses to correct the grievance, then it shall be accepted, scanned, and automatically assigned a grievance number and denied on procedural grounds.

3. Offenders who require an accommodation to file a grievance, or who are otherwise unable to complete the grievance form, are authorized to obtain assistance from other offenders, if the assistance requested does not interfere with the security of the facility. Alternative assistance may be requested through the Office of the ADA Inmate Coordinator (AIC).

4. Third parties, to include other offenders, staff members, family members, attorneys, and other outside advocates may assist offenders in requesting grievances forms for allegation of sexual abuse and shall also be permitted to file such requests on behalf of offenders (115.52(e)).

   a. The alleged victim offender must agree to proceed with the grievance process for requests made by third parties in order for the grievance to be processed.

   b. The alleged victim offender(s) must personally pursue the subsequent steps in the grievance process, regardless of who made the initial request.

   c. A decision of an alleged offender victim not to pursue a grievance request submitted by a third party shall be documented in the offender electronic chronological record.

5. Offenders shall file Step 1, Step 2, and Step 3 grievances (Attachment "A") with their case manager/CPO, or other DOC employees designated by the administrative head, who shall forward the grievance to the facility grievance coordinator for processing. Grievances not properly submitted as outlined above shall be returned to the offender for proper submission at the facility.

   a. The case manager/CPO is required to record the date that he/she received the grievance from the offender on the grievance form where indicated.

   b. The case manager/CPO shall forward all grievances to the facility grievance coordinator upon receipt.

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

6. If an offender alleges sexual abuse they may submit a grievance without submitting it to a staff member who is the subject of the complaint, and such grievance is not referred to a staff member who is the subject of the complaint (115.52(c)). If their case manager is the subject of a grievance containing an allegation of sexual abuse, offenders shall be allowed to submit the grievance form to a case manager other than their own. Staff members accused of sexual abuse in a grievance will **not** respond to any step of that grievance.

7. Grievance coordinators shall log and scan each grievance received into the electronic grievance database, route, and track each grievance filed with their facility.

8. Grievances received that have not been properly processed and logged at the facility level will be returned to the grievance coordinator for proper handling.

9. The facility grievance coordinator shall utilize the electronic grievance database available on PCDCIS to scan and input required information daily upon receipt of each new grievance.

    a. Each facility is required to designate a back-up grievance coordinator in order to perform the required duties of grievance coordinator upon their absence.

    b. Grievance coordinators (or their back-up) are required to check the electronic grievance database daily to perform the required actions necessary to complete the grievance process.

10. All grievances will automatically be assigned a tracking number at the facility where the offender submits the Step 1 grievance form, no matter where the event occurred.

11. In the event the action grieved occurred at another facility, the initially assigned grievance coordinator will select in the electronic grievance database and re-assign the grievance to the grievance coordinator where the event occurred, so that the grievance can be assigned to appropriate responder in the facility where the event occurred.

12. The Office of Legal Services shall maintain a list of the grievance coordinators and their designated back-up grievance coordinators. Each facility shall notify the Office of Legal Services, or the grievance officer, when a new grievance coordinator or back-up grievance coordinator is named. The updated information shall include the name, telephone, and the e-mail address of the new grievance coordinator or new back-up

D. <u>Grievance Substance/Format</u>

1. Offender's shall be entitled to invoke this grievance procedure for a broad range of complaints including, but not limited to: policies and conditions within the facility that affect the offender personally; actions by employees and offenders; incidents occurring within the facility that affect the offender personally and *for resolving offender issues relating to health care concerns [4-4394]*.

2. This grievance procedure may **not** be used to seek review of any of the following:

    a. Code of Penal Discipline convictions, restrictive housing placement, Parole Board decisions, and decisions of the Reading Committee have exclusive appeal procedures.

    b. Classification is entirely at the discretion of the administrative head and classification committee of each facility.

    c. Sex offender designation and sentence computation arise from judicial proceedings involving individual offenders and require judicial review and adjustments.

| CHAPTER | SUBJECT | AR # | Page 5 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

    d.   Parole Board Appeals, if available, are governed by the enacted Rules and Regulations of the parole board established June 9, 2004.

    e.   Sentence computation.

    f.   Decisions of the Step 3 grievance officer.

    g.   Requests for records pursuant to the Colorado Open Records Act and the Criminal Justice Records Act may not be made using the grievance process. Allegations of improper denial of an open record request are not grievable. The statue provides the mechanism for relief in these cases.

3. Grievances filed requesting review of non-grievable issues listed above shall be informally discussed with the offender by staff and documented appropriately in the offender chronological record.

4. Awards of meritorious/earned time credits may be grieved.

5. An offender may only pursue a grievance concerning a problem that affects the offender personally and shall pursue it without the assistance, involvement, or intervention of an agent or attorney.

6. Each grievance shall address only one problem or complaint and include a description of the relief requested. Problems that arise from the same incident or set of facts shall be grieved in one grievance, even though it may involve multiple DOC employees, contract workers, or volunteers.

7. A substantive issue or remedy may not be added at a later step if it has not been contained in each previous step of that particular grievance. All issues and remedies contained in the original grievance must be incorporated into each subsequent step of the grievance. Failure to renew each element of the complaint and/or requested relief in subsequent steps shall be deemed a waiver of those elements and/or requested remedy.

8. Grievances that duplicate an issue previously grieved by that offender shall be accepted, scanned and automatically assigned a grievance number, and forwarded to the appropriate party to be denied on procedural grounds.

9. All grievances shall be submitted on the "Colorado Department of Corrections Offender Grievance Form" (Attachment "B").

    a.   The grievance shall be legible and all identifying data shall be properly completed.

    b.   The grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the form. Additional pages or attachments will not be considered, except at Step 3 where relevant exhibit(s) of three pages or less may be attached. No more than a total of three pages of exhibits are allowed for any one grievance. A continuation of the body of the grievance onto a separate page is not an exhibit and is not allowed. Grievances must be legible and fit into space provided in order to be investigated and provided relief if determined to be appropriate.

    c.   Only one line of dialogue is allowed in the lined space of the grievance form, typed or hand-written. The grievance form may not be altered in any fashion, (e.g.-such as adding additional lines),

10. The signature of the offender on the grievance form shall be evidence that the offender grants permission and is waiving confidentiality to the DOC employees, contract workers, and the grievance officer to inquire into the offender's records necessary to address the particular issue presented in the grievance. This waiver includes inquiries into an offender's medical/mental health files to address any medical/mental health issues raised in the grievance.

| CHAPTER | SUBJECT | AR # | Page 6 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

The DOC may use or disclose protected health information for grievances as a part of its health care operations, however, the DOC will make reasonable efforts to limit such uses and disclosers to the minimum necessary to accomplish the intended purpose.

E. **Responding to a Grievance**

1. DOC employees, contract workers, volunteers, or the grievance officer shall sufficiently investigate the circumstances surrounding the problem or complaint and the meaningful remedy requested to formulate a meaningful response.

2. **Americans with Disabilities Act (ADA) Designated Grievances**

    a. The grievance coordinator shall determine if the subject matter is related to the ADA and/or alleges a violation of the ADA Litigation Remedial Plan.

    b. In cases where the subject matter is unclear the grievance coordinator will consult the AIC.

    c. Grievances containing, but not limited to, the following content shall be considered ADA:

    1) Violations of ADA or Montez/Remedial Plan.

    2) Mention of discrimination based upon disability (i.e. denial of access to programs, services, or activities).

    3) Termination from or denial of a job or program based upon disability.

    4) Lack of effective means of communication, denial of accessible housing or accommodation.

    d. Complaints regarding medical care and/or treatment not otherwise related to an ADA Litigation identified disability or stipulation are not considered grievances, **shall not** be designated as ADA, and are to be forwarded to the Clinical Services grievance coordinator for processing.

    e. Once the grievance is deemed to meet the above criteria, the grievance coordinator will designate the grievance type as either "ADA-M" or "ADA-A" based upon the following:

    1) <u>ADA-M:</u> Allegations of a violation or assertion of a right under the ADA Litigation Remedial Plan or disputes regarding his/her ADA Litigation Resolution or class member disability status or any other allegation of disability discrimination in one or more of the following protected classes which the offender is a qualifying member of: hearing, vision, lower mobility, or diabetes.

    2) <u>ADA-A</u>: All other allegations of disability discrimination which would not otherwise be considered "ADA-M."

    f. Any DOC staff responding to ADA grievances shall consult with Legal Services' AIC staff trained in the ADA as necessary.

    g. The AIC shall review and approve all Step 1 responses for ADA-M grievances as required by the ADA Litigation Remedial Plan.

    h. Step 2 ADA-M grievances shall be assigned to the AIC as responder and approved by the Director of Prisons, or designee.

| CHAPTER | SUBJECT | AR # | Page 7 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

      i. All ADA Step 3 grievances shall be investigated and answered by the Step 3 grievance officer.

3. **Other Designations**

   a. Step 1 grievances shall be investigated and answered by a DOC employee, contract worker, or volunteer, appointed by the administrative head, or designee. The Step 1 responder will be required to select the appropriate sub-category for each grievance answered.

   b. Step 2 grievances shall be investigated and answered by the administrative head, or designee.

   c. Step 3 grievances shall be investigated and answered by the grievance officer.

       1) The grievance officer may deny the grievance substantively. When a grievance is denied after a review of the substantive issues, the grievance officer shall certify in the response that the offender has exhausted the grievance process.

       2) The grievance officer may deny the grievance on procedural grounds, without addressing the substantive issues, if the grievance is incomplete, inconsistent with a former step, incomprehensible, illegible, requests relief that is not available, fails to request relief, or in any other way fails to comply with the provisions of this regulation. When a grievance is denied for a procedural error, the grievance officer shall certify in the response that the offender has **not** exhausted the grievance process.

       3) The grievance officer may recommend granting relief after conferring with the administrative head. The recommendation shall be made to the executive director or designee. The executive director or designee shall, within five working days of receipt, consider the recommendation and determine what relief, if any, is appropriate.

       4) Step 3 grievance responses shall be sent to the grievance coordinator where the offender is located so that the response may be served upon the offender. The decision of the grievance officer is the final agency action.

4. All grievances shall be answered, in writing, at each level of decision and review. The response shall state the reasons for the decision reached. The response shall be completed in the electronic grievance database. A printed copy of the response with electronic signature shall be provided to the offender.

5. The Step 3 grievance officer or designated responder may respond by separate letter by indicating, "see attached response" and scanning the attachment.

6. Multiple grievances in a facility that concern the same subject matter may be addressed in one general published response by the administrative head, or designee.

   a. The response shall be signed and posted in an area where all offenders in the facility have access. A copy of the response shall be provided to the grievance officer.

   b. The published response shall serve as the official response for all similar grievances for a period of six months, unless there is a substantial change in the procedures, policies, or regulations pertaining to the subject matter of the response.

   c. The published response must be entered into the electronic grievance database at both Step 1 and Step 2. The offender may then proceed to a Step 3 grievance.

7. The facility administrative head shall be consulted if the grievance response/remedy may impact facility operations.

8. Upon completion of the written response, Step 1, Step 2, and Step 3 grievances and responses will be electronically forwarded to the facility grievance coordinator who shall cause service to be made upon the offender.

9. It is the responsibility of the administrative head to ensure that procedures are in place to provide offenders with a source for obtaining a free photocopy of each answered grievance for the offender's personal records.

F. Time Limits

1. All grievances not alleging sexual abuse must be responded to within the time limits stated below:

   a. Step 1 Grievance must be filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts given rise to the grievance. The informal resolution attempt does not alter or extend the time limits stated in this regulation.

   b. The offender shall receive a written response to each Step 1 and Step 2 grievance within 25 calendar days of its receipt by the case manager/CPO.

   c. Step 3 grievances shall be answered within 45 days of receipt by the grievance officer.

   d. Offenders who wish to proceed to the next step in the grievance process must submit their written grievance within five calendars days of receiving the written response to the previous step.

   e. In the event the time limit concerning any step of the process expires without a response, the offender may proceed to the next step within five calendar days of the date the response was due.

2. When a good faith investigation into the issue alleged in the grievance will proceed past the time limitation, the offender will be notified in writing by the responder via separate memo. The responder is required to document this delay in the notes section of the electronic grievance database.

3. Grievances alleging sexual abuse:

   a. There is no time limit on when an offender can file a grievance regarding the allegation of sexual abuse (115.52(b)). Regardless of this section DOC retains the right to defend a lawsuit based upon grounds that the applicable statute of limitations has expired.

   b. The Step 1 grievance response to alleged sexual abuse allegation must be completed within 25 days. The Step 2 response must be completed within 25 days. The Step 3 grievance response must be completed within 40 days. The total time for a final grievance response concerning an allegation of sexual abuse shall not exceed 90 days (115.52(d)). If no response or requested delay, is received within the above stated time frames, the grievance will be deemed denied at that level.

   c. DOC can request an extension of time for up to 70 days to respond to a grievance alleging sexual abuse if the good faith effort to respond to the allegations necessitates an extension. The offender will be notified in writing of any extension.

G. Emergency Procedures

1. The executive director, or designee, shall implement these emergency grievance procedures when there are indications of potential and substantial risk to the life or safety of the offender, or when irreparable harm to the offender's health is imminent.

| CHAPTER | SUBJECT | AR # | Page 9 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

2. An offender who articulates an emergency to his/her case manager/CPO or other DOC employee, contract worker, or volunteer shall be directed to complete a grievance form, which will be immediately forwarded to the administrative head, or designee, for review. The administrative head, or designee, after consulting with the appropriate department, shall determine if an emergency exists.

   a. If an emergency does exist, a remedy shall be devised and implemented. A written response documenting the remedy must be rendered within three business days and provided to the offender.

   b. If, after consultation with the appropriate persons, the grievance is determined to not be an emergency, it shall be routed through normal channels. Procedures outlined in this AR shall apply.

3. If the grievance is determined to be an emergency, but is nevertheless denied on the substantive issue, an offender may appeal to the administrative head, or designee, immediately upon being advised of the decision. The administrative head, or designee, shall direct the appeal to the executive director, or designee, by telephone.

4. Grievances alleging sexual abuse (115.52(f)):

   a. The case manager after receiving an emergency grievance alleging that an offender is subject to risk of imminent sexual abuse shall immediately forward the grievance to the facility's administrative head or designee, for review. Copies shall be forwarded to the facility Prison Rape Elimination Act (PREA) coordinator and PREA administrator at HQ.

   b. The initial response to such an emergency grievance must be made within 48 hours. The Step 3 grievance officer will issue a final agency decision regarding the emergency allegation of sexual abuse within five calendar days detailing the whether the offender is in substantial risk of sexual abuse and the action taken in response to the emergency grievance.

H. Frivolous Grievances

1. Offenders who file multiple, frivolous grievances in a short period of time may be served a warning letter, (See Attachment "D") by the administrative head, or designee. DOC may discipline an offender for filing a grievance related to alleged sexual abuse or sexual assault only where DOC demonstrates that the offender filed the grievance in bad faith (115.52(g)).

2. If the offender does not heed the warning letter, and continues to file multiple, frivolous grievances the administrative head, or designee, may immediately implement restrictions. The administrative head, or designee, will serve the offender with a "Notice of Grievance Restriction" (Attachment "E").

3. Forfeiture of the offender's grievance privileges shall be imposed as follows:

   a. First Restriction: Offender will be allowed to file no more than one grievance, per calendar month, for a period of 90 calendar days.

   b. Second Restriction: Offender will be allowed to file no more than one grievance, per calendar month, for a period of 180 calendar days.

   c. Third Restriction: Offender will be allowed to file no more than one grievance, per calendar month, for a period of one year.

| CHAPTER | SUBJECT | AR # | Page 10 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

    4. Following the completion of each restriction period, offenders must be off restrictions for at least 30 calendar days before the next level of restriction can be implemented.

    5. However, if the offender continues to file multiple and/or frivolous grievances following the completion of any restriction period, as determined by the administrative head or designee, the next level of restriction can be immediately imposed.

    6. Offenders on grievance restrictions shall be limited in the number of informal grievance forms which they may obtain commensurate with their grievance restrictions.

I. **Record Keeping**

    1. A record of the number of types and dispositions of grievances will be captured by the electronic grievance database and will be available for retrieval on DOCNET.

    2. The records will be maintained in the electronic grievance database for three years as a criminal justice record.

V. **RESPONSIBILITY**

    A. The executive director is responsible for the overall implementation of this AR.

    B. Administrative heads are responsible for ensuring availability and compliance with this AR at their facilities.

    C. The assistant director of clinical services is responsible for ensuring compliance with this AR as it relates to Clinical Services.

    D. The AIC is responsible for ensuring compliance with this regulation with respect to ADA grievances.

    E. The director of adult parole is responsible for ensuring compliance with this AR, as it relates to offenders who have been released to parole, community, or ISP supervision.

VI. **AUTHORITY**

    A. Civil Rights of Institutionalized Persons Act, Public Law 96-247 94 State.349 (42 USC 1997).
    B. Americans with Disabilities Act, 42 USC 12102.
    C. ADA Litigation Remedial Plan.

VII. **HISTORY**

    March 15, 2014
    December 15, 2012
    July 15, 2011
    October 15, 2010
    December 1, 2009
    December 1, 2008
    November 15, 2008
    November 15, 2007
    July 1, 2007

ATTACHMENTS:

| CHAPTER | SUBJECT | AR # | Page 11 |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | EFFECTIVE 03/15/15 |

- A. DC Form 850-04A, Colorado Department of Corrections Informal Resolution Form
- B. DC Form 800-04B, Colorado Department of Corrections Grievance Form
- C. AR Form 850-04C, Grievance Subject List
- D. AR Form 850-04D, Warning Letter Regarding the Filing of Frivolous Grievances
- E. AR Form 850-04E, Notice of Grievance Restriction.
- F. AR Form 850-04F, Offender Request for Grievance Privilege Re-Instatement.
- G. AR Form 100-01G, Administrative Regulation Implementation/Adjustments

DC Form 850-04A (03/15/15)

## Colorado Department of Corrections Informal Resolution Form

| Offender Must Complete | |
|---|---|
| Name: | Doc #: |

### This form used for INFORMAL RESOLUTION ONLY

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.
5. Signatures of Parties present for resolution attempt.

**Subject of Grievance and Requested Meaningful Remedy:**

Offender Signature / Date:

**Response from Affected Area or Case Manager:**

**Resolution:**

☐ Issue Resolved    ☐ Step I Grievance Issued    ☐ Non-Grieveable per 850-04

| Offender Signature: | Date: |
|---|---|
| Staff Signature: | Date: |

Attachment "A"
Page 1 of 1

DC Form 850-04B (03/15/15)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| Name: | Doc #: |
| Grievance number (complete for Steps 2 and 3, only): | |
| Instructions: | |
|     1. Fill out identifying data in space provided. (Must be legible.) | |
|     2. Clearly state basis for grievance or grievance appeal. | |
|     3. State specifically what remedy you are requesting. | |
|     4. Remedy must remain consistent. | |
| Subject of Grievance and Requested Meaningful Remedy: | |
| | |
| Offender Signature: | Date: |
| *By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance | |

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one) 1   2   3 |
|---|---|---|
| Signature: | | |
| Print Name and DOC Employee Id #: | | Date received: |

Attachment "B"
Page 1 of 1

AR Form 850-04C (03/15/15)


**COLORADO**
Department of Corrections

# REGULAR GRIEVANCE TYPE SUBJECT LIST

| Subject | Description |
|---|---|
| Account | includes EFTs, money orders, deductions, reimbursements |
| Canteen | |
| Case Management | |
| Earned Time | |
| Food Service | |
| Housing Conditions | includes cell conditions, maintenance, cell assignment |
| Hygiene | |
| Indigencey | |
| Jobs | includes pay |
| Laundry | |
| Legal Access | |
| Mail Room | |
| PREA | |
| Privileges | includes hobby shop, telephone calls |
| Programs | |
| Property | |
| Publications | |
| Recreation | |
| Religion | includes religious diet issues |
| Safety | |
| Sanitation | |
| Searches | |
| Staff Conduct* | includes abuse, harassment, indifference, retaliation |
| Staff Sexual Harassment | |
| Urine Analysis | |
| Visitation | |
| Other | may include non-grievable issues like classification, disciplinary proceedings, no grounds, or unique issues |

Attachment "C"
Page 1 of 1



**COLORADO**
Department of Corrections

AR Form 850-04D (03/15/15)

To: Offender Name & Number

From: Administrative Head or Designee

Date: Today's Date

RE: WARNING LETTER REGARDING THE FILING OF FRIVOLOUS GRIEVANCES

Be advised that you have filed _____ frivolous grievances in the past _____ days.

You are infringing upon the right of access to the grievance process by all other offenders. Resources available to respond to grievances are limited and the process is designed to allow all offenders the ability to grieve. You are hereby directed to cease the filing of multiple, frivolous grievances immediately. Failure to adhere to this warning will result in a restriction of your privilege to file grievances. Such restriction will result in limiting you to one grievance per month.

The length of the restriction is dependent upon the number of times your privileges have been restricted in the past.

_____ Our records indicate this is your first warning notice and your privileges have never been suspended therefore, your privileges may be suspended for a period of 90 calendar days.

_____ Our records indicate this is your second warning notice and your privileges have been suspended on one prior occasion; therefore, your privileges may be suspended for a period of 180 calendar days.

_____ Our records indicate this is your third warning notice and your privileges have been suspended on two prior occasions; therefore, your privileges may be suspended for a period of one year.

Your grievance activity is being closely monitored and should you choose to continue your abuse of the grievance system, you will be notified in writing that your privileges are being restricted.

I, _____(Print name and DOC employee ID) hereby certify that on this

_____ Day of _____, 20____ I served the foregoing *Warning Letter Regarding the Filing of Frivolous Grievances* on Offender _____, DOC# _____.

Attachment "D"
Page 1 of 1



COLORADO
Department of Corrections

AR Form 850-04E (03/15/15)

To:     Offender Name and Number

From:   Administrative Head or Designee

Date:   Today's Date

RE:     NOTICE OF GRIEVANCE RESTRICTION

On _____, 20_____, you were served with a warning letter indicating that you had filed _____ grievances in a period of _____ days. Since the receipt of that letter you have filed _____ frivolous grievances in a period of _____ days.

Based upon your continued abuse of the grievance system, your grievance privileges are hereby restricted as follows

Effective _____ 20____:

_____ This is your first restriction; therefore, you will be allowed to file no more than one grievance per calendar month for a period of 90 calendar days. You are eligible for reinstatement of your privileges on _____ 20____.

_____ This is your second restriction; therefore, you will be allowed to file no more than one grievance per calendar month for a period of 180 calendar days. You are eligible for reinstatement of your privileges on _____ 20____.

_____ This is your third restriction; therefore, you will be allowed to file no more than one grievance per calendar month for a period of one year. You are eligible for reinstatement of your privileges on _____ 20____.

You are responsible for submitting a request for reinstatement (Attachment "E") to your case manager no later than 14 calendar days before the date you are eligible to have your privileges reinstated. Requests submitted later than the 14 day deadline may not result in a timely re-instatement. Your case manager is responsible for forwarding the request to the administrative head, or designee, immediately upon receipt.

I,_____(Print name and DOC employee ID) hereby certify that on this _____ Day of _____, 20___ I served the foregoing *Notice of Grievance Restriction* on Offender _____, DOC# _____.

Attachment "E"
Page 1 of 1



**COLORADO**
Department of Corrections

AR Form 850-04F (03/15/15)

To:     Facility Administrative Head or Designee

From: _____   _____
             Offender Name                            DOC Number

Date: _____

RE: OFFENDER REQUEST FOR GRIEVANCE PRIVILEGE RE-INSTATEMENT

I am hereby requesting that my grievance restrictions be vacated and my full grievance privileges re-instated. I am eligible to have the current restrictions vacated effective _____ 20_____.

I understand that if I engage in filing numerous, frivolous grievances in a short period of time, my grievance privileges may again be restricted.

_____ REQUEST APPROVED EFFECTIVE _____ 20___.

I, _____ (Print name and DOC employee ID) hereby certify that on this _____ Day of _____, 20___ I served the foregoing *Approval of Reinstatement* on Offender _____, DOC# _____.

Attachment "F"
Page 1 of 1

# ADMINISTRATIVE REGULATION IMPLEMENTATION/ADJUSTMENTS

AR Form 100-01A (04/15/08)

| CHAPTER | SUBJECT | AR # | EFFECTIVE |
|---|---|---|---|
| Offender Personnel | Grievance Procedure | 850-04 | 03/15/15 |

(FACILITY/WORK UNIT NAME) _____
WILL ACCEPT AND IMPLEMENT THE PROVISIONS OF THE ABOVE ADMINISTRATIVE REGULATION:

[ ] AS WRITTEN   [ ] NOT APPLICABLE   [ ] WITH THE FOLLOWING PROCEDURES TO ACCOMPLISH THE INTENT OF THE AR

(SIGNED) _____ (DATE) _____
    Administrative Head

Attachment "G"
Page 1 of 1