**APPENDIX 3**
**Inadequate Tracking**

| Name | Inmate Number | Prison Facility | Nature of Disability | Description of Inadequate Tracking |
|------|---------------|-----------------|----------------------|-------------------------------------|
| Adkins | 128590 | FCF | Diabetes | No entries in accommodation worksheet since 2014. |
| Alvelo | 115389 | CTCF | Diabetes | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Amara | 84093 | KCCF | Diabetes | No ADA litigation resolution. |
| Ball | 41882 | CTCF | Diabetes and Mobility | No entries in accommodation worksheet since 2012. |
| Bates | 106353 | SCF | Mobility | No activity in file since 2014. |
| Bellington | 154433 | AVCF | Hearing | No entries in accommodation worksheet between 2012 and 2014. |
| Bertolo | 142464 | CTCF | Mobility | No ADA litigation resolution. |
| Bretz | 46584 | CSP | File incomplete, therefore, unable to determine. | No ADA litigation resolution. |
| Brown | 59211 | CCCF | Mobility and Diabetes | No ADA litigation resolution. |
| Campbell | 108115 | FCF | Hearing and Diabetes | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Casias | 90539 | LVCF | Diabetes, Mobility, and Vision | No entries in accommodation worksheet since 2012; no ADA litigation resolution. |
| Chavez | 142678 | BVMC | Diabetes and Hearing | No entries in accommodation worksheet since 2012. |
| Clifton | 89778 | SCF | Mobility | No ADA litigation resolution. |
| Corbett | 43501 | DRDC | Diabetes and Hearing | Inconsistent class member status determinations in file. |
| Cordova | 57350 | BCCF | Hearing and Mobility | No entries in accommodation worksheet since 2013. |

| Dole | 109864 | FCF | Mobility | No accommodation worksheet in AIC file. |
|---|---|---|---|---|
| Dossette | 57218 | BCCF | Diabetes | No accommodation worksheet in AIC file. |
| Duggan | 156278 | CTCF | Mobility and Diabetes | Accommodation worksheet indicates that tracking system does not contain this individual's accommodations. |
| Duran | 82795 | CCF | File incomplete, therefore, unable to determine. | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Duran | 49072 | DRDC/SCF | Diabetes and Hearing | No ADA litigation resolution; no activity in file since 2012. |
| Ekmekjian | 160956 | SCF | Diabetes | No entries in accommodation worksheet since 2013; no request approve/deny report. |
| Erwin | 111226 | FCF | Diabetes | No entries in accommodation worksheet since 2013. |
| Fawver | 143879 | SCF | Diabetes | No accommodation worksheet in AIC file; no request approve/deny report; no ADA litigation resolution. |
| Fernandocervantes | 161467 | AVCF | Diabetes | No entries in accommodation worksheet since 2013. |
| Gallegos | 68351 | DRDC | Diabetes | No entries in accommodation worksheet since 2012; no request approve/deny report. |
| Hall | 165390 | DRDC | Diabetes | No entries in accommodation worksheet since 2014; no ADA litigation resolution. |
| Hall | 89916 | DWCF | Diabetes | No entries in accommodation worksheet since 2013. |
| Harris | 101324 | SCF | Diabetes | No accommodation worksheet in AIC file. |

| Jones | 160427 | BCCF | Diabetes | No accommodation worksheet in AIC file. |
|-------|--------|------|----------|------------------------------------------|
| Kelly | 59265 | LCF | File incomplete, therefore, unable to determine. | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Koch | 155320 | LCF | Diabetes | No accommodation worksheet in AIC file; no request approve/deny report; no ADA litigation resolution. |
| Long | 108326 | AVCF | Hearing | No accommodation worksheet in AIC file. |
| Martin | 113936 | ACC | Hearing and Mobility | No accommodation worksheet in AIC file. |
| Maya | 136672 | FCF | Diabetes and Hearing | No entries in accommodation worksheet since 2013; no request approve/deny report; no response to request for accommodations in file. |
| McNeil | 156537 | CTCF | Mobility | No ADA litigation resolution. |
| Medina | 150110 | KCCF | Mobility, Hearing, and Vision | No ADA litigation resolution. |
| Melanson | 117654 | SCF | Hearing, Vision, and Diabetes | No accommodation worksheet in AIC file. |
| Miller | 116470 | AVCF | Hearing | No accommodation worksheet in AIC file. |
| Moore | 47702 | SCF | Mobility | No ADA litigation resolution. |
| Morales | 157002 | ACC | Mobility | No ADA litigation resolution. |
| Moulton | 55112 | CTCF | Hearing | No accommodation worksheet in AIC file. |
| Perez | 152550 | FCF | Diabetes and Hearing | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Pittman | 161151 | DWCF | Mobility and Diabetes | No entries in accommodation worksheet since 2013. |

| Primaveri | 113502 | SCF | File incomplete, therefore, unable to determine. | No accommodation worksheet in AIC file; no ADA litigation resolution. |
|---|---|---|---|---|
| Punk | 120656 | FCF | Hearing | No accommodation worksheet in AIC file. |
| Romero | 158693 | SCF | Hearing and Mobility | No accommodation worksheet in AIC file. |
| Roy | 82657 | DRDC | Diabetes | No ADA litigation resolution. |
| Snyder | 57207 | LVCF | Mobility, Diabetes, and Vision | No ADA litigation resolution. |
| Standerfer | 117186 | FCF | Diabetes | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Thompson | 91342 | DRDC | Diabetes | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Valdez | 76532 | DRDC | Mobility | No ADA litigation resolution. |
| Valencia | 154672 | BVCF | Diabetes | No entries in accommodation worksheet since 2013; no ADA litigation resolution. |
| Vigil | 56210 | FMCC | Diabetes and Hearing | No ADA litigation resolution; no response to request for accommodations in file. |
| Villa | 132385 | LCF | Vision | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Williams | 82445 | DWCF | Diabetes | No accommodation worksheet in AIC file; no ADA litigation resolution. |
| Wright | 43140 | DRDC | File incomplete, therefore, unable to determine. | No accommodation worksheet in AIC file; no ADA litigation resolution. |

Adkins #128590
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | **ADKINS, Norman** | DOC # | **128590** |
|---|---|---|---|
| FACILITY | **FCF** | DATE OPENED | **6/19/14** |
| DISABILITY | **Diabetes** | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 6/19/14 | jes | Received RFA A and B from offender. |
| 7/24/14 | jes | Completed Montez screening. Offender is DNQ for diabetes. Prepared AR. Updated AIC database. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Ball #41882
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | BALL, RICHARD | DOC # | 41882 |
|------|----------------|-------|-------|
| FACILITY | DRDC | DATE OPENED | 6/5/06 |
| DISABILITY | DIABETES, Mobility | PROVIDER | |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 6/5/06 | FM | ADA Instructions and Forms sent to the diabetic offender.  Calendared for 30 days. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 2/20/07 | YB | File audited by Yvette Brown & Janine Aguero. |
| 5/29/07 | KB | File audited by Katie Baxter, Legal Services. |
| 5/30/07 | FM | Inactivation memo sent to offender 5/30/07 with ADA forms.  Calendared for 21 days. |
| 6/15/07 | KB | Received Request for Accommodation, Medical Release and completed Functional Ability Questionnaire from offender.  Offender claims to be diabetic. |
| 8/3/07 | KB | Received Provider's Recommendation, screening forms and completed Staff Observation forms from Clinical Services.  Offender was screened by Dr. Bloor on 7/26/07.  Dr. Bloor indicates offender is insulin and oral agent controlled diabetic with no mobility, vision and hearing issues.  Waiting for CMO Verification. |
| 8/16/07 | KB | Received CMO Verification from Dr. Frantz, Chief Medical Officer.  Dr. Frantz has reviewed the Provider's Recommendation, screening forms and staff observation forms and determined this offender is diabetic with no need for accommodation.  Dr. Frantz indicates offender does not have a hearing, vision or mobility disability. |
| 8/21/07 | KB | Prepared Accommodation Resolution addressing the diabetes only because this is the only disability offender claimed on his Request for Accommodation.  Memo to Dr. Frantz with Accommodation Resolution for review and signature. Calendared for 10 days. |
| 8/29/07 | KB | Received signed Accommodation Resolution from Dr. Frantz, Acting Chief Medical Officer.  Accommodation Resolution signed by Cathie Holst (AIC). |
| 8/30/07 | AG | Received signed Accommodation Resolution from AIC Cathie Holst. Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing Unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 & 7 ½) Offender, (8) Offender Records – HQ, and (9) CMO – HQ. Memo to offender with Accommodation Resolution. |
| 8/30/07 | KB | E-mail from Alexandria Gallegos, Administrative Assistant.  The Accommodation Resolution for this offender is being mailed to the Warden today. |
| 10/10/07 | KB | E-mail from Thea Lamb, LCF Administration.  Offender was served with his Accommodation Resolution on 10/9/07. |
| 5/19/08 | tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to LCF facility litigation coordinator for immediate delivery to offender. |
| 07/14/08 | lam | Prepared revised Accommodation Resolution language pursuant to April 2008 Stipulation, with a copy sent to e-file & original to AIC for signature, then to Dr. Frantz for signature. |
| 07/21/08 | lam | Accommodation Resolution was signed 07/17/08 and received from AIC Holst the same date.  Form was routed to clinical services for signature 07/21/08 for CMO signature. |
| 08/07/08 | lam | Signed Accommodation Resolution received from Dr. Frantz in Clinical Services dated 07/30/08 and received in legal services 08/07/08. |

Ball #41882
2

| 08/08/08 | Rlp | Accommodation Resolution e-mailed to Tammie Engel, Facility Litigation Coordinator for LCF on 08/08/08. |
|---|---|---|
| 8/29/08 | KB | E-mail from Thea Lamb, LCF Administration.  This offender was served with his copies of the Accommodation Resolution on 8/27/08.  Information was entered into the Montez tracking system. |
| 09/15/08 | lam | It appears that I was not informed at the time of the project that a copy of each Accommodation Resolution is to be sent to the working file when the AR is e-mailed to the Facility Litigation Coordinator.  During a conversation with Katie Baxter, she advised that a copy every Accommodation Resolution must be sent on yellow paper to Tom Kolle for the working file for each of the offenders involved in the Diabetic AR project.  Sending said copy to Tom Kolle in records on this date. |
| 09/17/08 | lam | New Step 1 ADA grievance D-LF08/09-012 received 09/17/08.  Logged and routed grievance to Legal Assistant Teresa Reynolds 09/17/08 for review and response. |
| 9/17/08 | Tr | Received step 1 ADA grievance D-LF08/09-012 for investigation and response, offender claims he was charged a $5 co-pay for diabetic medical care on 9/3/08 and is requesting an audit of all medical charges back to July 2006 since he believes he was unknowingly charged for diabetic care/services.  Offender had chronic care co-pay charges on 10/25/06, 6/27/07 & 12/31/07-those charges are not eligible for refund.  Offender had medical co-pay fees charged on 8/11/06, 2/6/07 and 9/3/08, email request to AIC Legal Assistant K. Baxter requesting ambulatory records for those dates. |
| 9/18/08 | KB | Received e-mail from Teresa Reynolds, Legal Assistant requesting copies of ambulatory health records dated 8/11/06, 2/6/07 and 9/3/08.  Printed records and placed in Ms. Reynolds box. |
| 9/18/08 | Tr | Received ambulatory records, 8/11/06 charge was related to ingrown toenail care, 2/6/07 was medical for examination after altercation and 9/3/08 was for infection near toenail, offender said he clipped nail too short.  Spoke with K. Baxter regarding whether toe care was diabetic related, she suggested contacting LCF HSA Kahler regarding the issue.  Email to Patricia Kahler regarding whether offender toenail care is related to his diabetic care. |
| 9/24/08 | Tr | 2d email to LCF HSA Kahler requesting information regarding offender toenail issue. |
| 9/29/08 | Tr | Received email response from LCF HSA Kahler, she agrees that offender toenail care is part of his diabetic medical service/care.  The 8/11/06 and 9/3/08 appointment copay fees will be refunded.  AIC response to grievance D-LF08/09-012 is GRANTED IN PART, offender will receive $10 as Montez Copay refund, however the 2/6/07 charge was appropriate and will not be refunded.  Email to inmate banking requesting $10 Montez Copay refund to offender's account. |
| 10/02/08 | lam | Copy of Step 1 ADA grievance D-LF08/09-012 received.  Grievance was signed by C. Holst 10/02/08 and returned to Legal Assistant Teresa Reynolds the same date.  **Original grievance and response** sent to facility on 10/02/08.  Copy filed in AIC file. |
| 7/21/09 | jbc | Received memo dated July 14, 2009 from Tammie Engel regarding schedule of the Montez meetings on July 21, 2009 at LCF. Copy of the memo placed in Offender's file in the AIC office. |
| 10/16/09 | jbc | Revised Accommodation Resolution to reflect nine standard accommodations. Saved to efile. Sent original to Kathleen Baxter, Acting AIC for signature. |
| 10/19/09 | jbc | Received signed Accommodation Resolution from AIC. Sent to Chief Medical Officer for signature and review. |
| 10/27/09 | KB | Received signed Accommodation Resolution back from Dr. Frantz on 10/21/09.

Scanned Accommodation Resolution into ADA/Montez and sent AIC to AIC.  Gave offender all standard diabetic accommodations.

Entered information in the AIC and facility databases. |

Ball #41882
3

| | | |
|---|---|---|
| | | Gave signed Accommodation Resolution to Jan Brock-Currie for scanning and placing on DOCNET.  When Jan has put on DOCNET she is to give to Lynn Monfette for e-mailing to facility. |
| 10/30/09 | jbc | Scanned into electronic system, saved to efile, qc'd, and published on DOCnet. Gave to Lynn for further processing. |
| 11/09/09 | lam | Accommodation Resolution e-mailed to Tammie Engle, ADA Coordinator for LCF, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager.  Copy on yellow paper sent to Tom Kolle for working file. |
| 11/25/09 | KB | E-mail from Tammie Engel, LCF ADA Coordinator – Offender was served with his copy of his Accommodation Resolution. |
| 6/7/10 | PEK | Received offender movement report dated 6/4/10.  Offender moved from LCF to DRDC.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 08/30/10 | lam | Received offender movement report dated 08/27/10.  Offender moved from DRDC to CTCF.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 08/31/10 | lam | Received offender movement report dated 08/30/10.  Offender moved from CTCF to LCF.  As this move was a return to the offender's original facility, no information was entered into the databases, and the ADA coordinator was not notified. |
| 1/27/11 | mar | Call from Butler in OS: offender approved to be moved to CCF. |
| 1/27/11 | mar | Email from supervisor Kerstiens 1/24/11 that offender has been assigned to recreation. Drafted AAF and emailed to Kerstiens for signatures. |
| 1/31/11 | mar | Email from Audet 1/27/11 requesting an AAF: response is that I sent one to Kerstiens, but if he is referring to a different position, to email me back. |
| 1/31/11 | mar | Email from Kerstiens: offender moved from the facility, AAF will not be returned. |
| 02/01/11 | lam | Received offender movement report dated 01/31/11.  Offender moved from LCF to CTCF.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 2/1/11 | mar | Call from Butler in OS: CCF Clinical indicated that they cannot manage offender there, so he will be returned to LCF. |
| 02/08/11 | lam | Received offender movement report dated 02/07/11.  Offender moved from CTCF to LCF.  As this move was a return to the offender's original facility, no information was entered into the databases, and the ADA coordinator was not notified. |
| 6/9/11 | JR | Phone call from Susan Butler who is moving IM to CTCF for medical care. |
| 7/29/11 | jbc | Received Request for Accommodation and Functional Ability Questionnaire. Scanned, saved, and qc'd ADA forms. |
| 8/1/11 | mar | Reviewed request forms dated 7/1/11. Offender is now claiming mobility and requesting a wheelchair and OCA. Requested screening and updated screening database. |
| 8/2/11 | jbc | Sent MTO-RFS to offender. |
| 9/1/11 | mar | Email regarding offender being ADA unassigned. Forwarded to facility requesting evidence of inability to accommodate in open assignments offender is qualified for. |
| 9/27/11 | mar | Per facility, there are not many non-labor intensive positions. If offender does not require programming and there is nothing else available consistent with medical restrictions, ADA unassigned is appropriate. |
| 10/11/11 | vf | Completed & printed ADA screening in system for offender.  Saved the Screening and Evaluation Page in PCDIS to Screening Folder. Information updated in AIC database. Draft Accommodation Resolution prepared & routed to AIC for signature. If okay then |

Ball #41882

4

| | | |
|---|---|---|
| | | to AIC administrator for distribution. |
| 10/17/11 | Bf | Scanned in AR, saved to efile, published on DOCnet, entered into facility database. Emailed facility coordinator. |
| 7/16/12 | mar | Offender submitted request 6/20/12 requesting mobility accommodations. Email to CMO and HSA 7/9/12 to determine if a mobility rescreen is in order even though <1year has passed since last screening. No response, so requesting screening today, emailed request report to CTCF to issue to offender. |
| 9/13/12 | mar | CMO determined offender not a mobility class member 9-4-12, however, offender is currently prescribed wheelchair and accommodations were recommended. Drafted revised AR, approved accommodations for 3 months in ATS. |
| | | |

Bellington #154433
1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | BELLINGTON, Johnnie | DOC # | 154433 |
|---|---|---|---|
| FACILITY | AVCF | DATE OPENED | 6/9/11 |
| DISABILITY | Hearing | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 6/9/11 | jbc | Received initial intake from DRDC. Saved to efile. Received RFA, saved to efile, and qc'd. Prepared MTO-RFS. Updated AIC database. Requested screening from Clinical Services. |
| 6/14/11 | jbc | Received follow-up from DRDC. Saved to efile. Published temporary AR on DOCnet. |
| 6/20/11 | JR | Phone call from Nathan Algien who is assigning offender to AVCF. |
| 7/12/11 | vf | Completed & printed ADA screening in system for offender.  Saved the Screening and Evaluation Page in PCDIS to Screening Folder. Information updated in AIC database. Draft Accommodation Resolution prepared & routed to AIC for signature. If okay then to AIC administrator for distribution. |
| 7/12/11 | vf | Email to J. Sanchez requesting that a vibrating watch be ordered for offender. Saved email to email file. |
| 7/14/11 | Bf | Scanned in AR.  Saved to efile, published on DOCnet, entered into facility database. Emailed facility coordinator. |
| 7/21/11 | JMS | Vibrating watch sent to Property Officer Peter Salus 7/21/11 at DRDC.  Offender received watch #V410. |
| 11/30/12 | JMS | Vibrating watch sent to AVCF Property Officer.  Offender received watch #V410R |
| 2/24/14 | jes | Revised AR. Added hearing accommodations into ATS. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Casias #90539
1

# ACCOMMODATION WORKSHEET
### (revised & effective February 2006)

| NAME | CASIAS, GILBERT | DOC # | 90539 |
|------|-----------------|-------|-------|
| FACILITY | LVCF | DATE OPENED | 6/23/06 |
| DISABILITY | DIABETES | PROVIDER | BLOOR |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 6/23/06 | DC | Sent Diabetic ADA Instructions and Forms to offender 6/23/06.  Calendared for 30 days. |
| 7/18/06 | AG | Received Request for Accommodation and Medical Release 07-13-06. Offender claims to have a mobility disability as well as diabetes. Screening request sent to De Anne Kahler, HSA at LCF. Calendared for 30 days.  Memo to offender regarding screening. Memo sent with a copy of his Request for Accommodation and Medical Release for his records.  Memo to offender with Functional Ability Questionnaire. |
| 8/8/06 | KB | E-mail from Paul Cline, Offender Services.  This offender will be going from KCCF to LCF for an ADA medical evaluation on 8/14/06 and return to KCCF the same day. |
| 8/9/06 | KB | Received completed Functional Ability Questionnaire from offender. |
| 8/14/06 | KB | E-mail from Paul Cline, Offender Services.  The day trip for this offender's ADA screening did not take place.  The offender is now scheduled to be taken to LCF for an ADA evaluation on 8/21/06 and returned to KCCF the same day. |
| 8/28/06 | DC | Completed Verification and Screening forms received from Dr. Bloor 8/24/06.  Verification indicated that the offender has diabetes.  However, his condition does not rise to the level of a disability.   Memo to Dr. Shames with a copy of Verification and Screening forms for review and comment.  Calendared for 10 days. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 12/15/06 | KB | Received verification and recommendation review from CMO Shames. He agrees that offender does have a qualifying mobility impairment and diabetic with no needs. Needs to be re-screened in 6 months.  Calendared for 6 months. |
| 01/31/07 | ALJ | Prepared accommodation resolution |
| 2/1/07 | KB | Memo to CMO Dr. Shames with accommodation resolution to review and sign.   Calendared for 10 days. |
| 2/20/07 | KB | Received signed Accommodation Resolution from Dr. Shames, Chief Medical Officer. |
| 2/21/07 | KB | Accommodation Resolution signed by Katie Baxter for Cathie Holst (AIC) |
| 2/26/07 | KB | Memo to Warden with copies of Accommodation Resolution on bright yellow paper for distribution as follows:  Warden, Working File, Clinical Services File, Mental Health File, HSA, Housing Unit Supervisor and 1 ½ copies for offender.  Copy to Tom Kolle for Department File.  Copy to Dr. Shames for his file. |
| 5/16/07 | KB | CMO Verification form indicates offender needs to be re-screened in six months.  Memo to Clinical Services to have the offender re-screened.  Calendared receipt of screening and CMO Verification for 45 days. |
| **6/19/07** | **KB** | **File audited by Katie Baxter, Legal Assistant.** |
| 8/9/07 | mar | Call from Kathy Dowd in Clinical at KCF. They are missing all the Accommodation Resolution copies. I resent a full set of copies on this day. |
| 8/28/07 | KB | Received Provider's Recommendation, screening forms and completed staff observation forms. Offender was screened by Dr. Bloor on 8/15/07.  Dr. Bloor indicates offender does currently use wheelchair.  He has mobility issues.  Waiting for CMO Verification. |
| 9/4/07 | mar | Received Provider's Recommendation as stated above. Note that offender has Diabetes as well. Recommendation is mobility impairment with use of wheelchair, possibly being temporary. Surgery may correct. |
| 9/25/07 | mar | This offender's disability determination (re-screen) was overdue as of 6/30/07. Gave list to Clinical |

Casias #905392

| | | |
|---|---|---|
| | | Services notifying them. Added list to AIC file. |
| 9/27/07 | mar | Per AIC and Baxter, impaired offenders can no longer be in private facilities. This offender has been previously determined mobility impaired. The re-screen appears that offender is still impaired. Baxter said yesterday to move this offender. Email to Larry Turner in offender services to begin move of this offender out of KCF. Email back from Turner: Offender will go to FLCF upon approval of warden. Saved emails to AIC file. |
| 10/1/08 | KB | Received copy of wheelchair repair report which was provided to Cathie Holst as the AIC. Offender's wheelchair was inspected.  Offender requested a wheelchair cushion.  New wheelchair cushion was provided to the offender. |
| 10/3/07 | mar | Office visit from Larry in Offender Services. Offender was approved by Associate Warden Smith to go to FLCF despite his custody issue. If he offends at FLCF, he may have to moved. Added Larry's email with signature approving the move to AIC file. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name.  Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 10/16/07 | mar | Received CMO Final determination signed 10/10/07. CMO Frantz finds that offender has a mobility disability, needs w/c, cell, access and shower chair. Email to Cm to check needs. Offender is working the dining hall. |
| 10/22/07 | mar | Email back from CM Cordova: Offender needs pusher for long distance. Prepared Accommodation Resolution. Included DM as this was previously determined. Memo and Resolution to CMO for signature and review. Calendared for 10 days. |
| 10/24/07 | mar | Received Accommodation Resolution back from CMO signed 10/23/07. Gave to AIC Holst for review and signature. |
| 10/29/07 | lam | Received signed Accommodation Resolution from AIC Cathie Holst.  Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 and 7 1/2) Offender, (8) Copy to offender records – HQ records, and (9) Copy to CMO – HQ. Memo to offender with Accommodation Resolution. |
| 12/4/07 | mar | Received Second Request for Accommodation, Release, and FAQ on 11/26/07, dated 11/7/07. Offender is claiming mobility again, which he has a current Accommodation Resolution for. In the FAQ, he requests a locker box stand, which I will revise the Resolution to indicate. He claims that he has been denied a wheelchair since arrival to FLCF.  Email to Wendy Grover at FLCF to see if this allegation is true and to let her know of the locker box request. |
| 12/5/07 | mar | Email back from Grover: Offender did receive the wheelchair on 11/20/07 and wheelchair gloves on 11/28/07. Grover is getting the locker box stand. I forwarded this email onto AIC Holst because I am concerned that it took nearly one month (AR was sent 10/29) for offender to receive the wheelchair: asked her if I should inquire as to why it took so long? Met with Holst; she says no need to look into it because the facilities have 30 days to accommodate.  Prepared Revised Accommodation Resolution. Added locker box stand and updated job: offender is now unassigned. Memo and Resolution sent to CMO Frantz for review and signature. Calendared for 10 days. |
| 12/11/07 | lam | Received signed Accommodation Resolution from AIC Cathie Holst.  Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 and 7 1/2) Offender, (8) Copy to offender records – HQ records, and (9) Copy to CMO – HQ. Memo to offender with Accommodation Resolution. |
| 1/28/08 | mar | Received memo from facility indicating that offender was served his accommodation resolution 12/17/07 and accommodations implemented by 1/4/08 |
| 2/8/08 | mar | See that part time pusher was removed from Accommodation Resolution. I am not sure why. Maybe due to the offender having arm/hand issues back in August 2007 and temporarily couldn't push self. However, CM Cordova stated offender needs pusher for long distance. Email to CM Deleon to get his opinion. |
| 2/11/08 | mar | Response from Deleon is that offender does not need pusher, but to contact Clinical. Email to Provider Holst asking if offender requires pusher. Saved email to AIC file. |

Casias #90539
3

| 2/26/07 | mar | Response from Provider Holt is that there is no indication for a pusher. Saved email to AIC file. |
|---|---|---|
| 3/10/08 | mar | Email 2/29/08 from Monica Lucero in Clinical. CMO requested re-eval in 6 months. Offender has not been screened since August 2007. Entered Request for Screening for mobility in ADA program. |
| 2/8/08 | mar | In Montez discovery preparation, prepared a list of offenders who have requested and received an aide and pusher. This offender never requested either, but received a pusher temporarily. Saved list to AIC file. |
| 4/10/08 | mar | CMO made final disability determination: Offender is still mobility disabled. Completed AIC evaluation. Offender was to be considered for surgery and apparently this hasn't happened for whatever reason. Call to Kara in Clinical to see if surgery is still being considered: apparently it was denied and the doctors wanted him to try to walk first. Offender cannot walk, a consult was put in 2 days ago for MRIs of both knees.  States that if surgery does not happen offender will be w/c bound. Appears surgery is still being considered. Email to case manager to set up time to speak with offender regarding jobs and programs. Will wait to revise Resolution. |
| 4/11/08 | mar | Email response from CM Deleon, I will speak with offender 4/14 at 9 am. |
| 4/14/08 | mar | Completed jobs/programs interview. Offender is unassigned because of his disability, says he would like to do something "constructive" but then goes on to tell me that not only is he in a w/c, but his hands don't work well either. Three fingers on his left hand go numb and right hand is the hand he broke fingers on and they are always swollen. He can push himself ok, but states there is nothing he could do because he would drop things. He is refusing SOTMP and does not want accommodations for it. Has not been denied jobs or programs in the last three years. Spoke with CM Deleon, confirms offender does not have a desire to work, that he pushes himself ok, and is let out early for movement.<br><br>Accommodation Resolution revised: lower tier lower bunk and no stairs, not required to stand for count.  Memo and resolution to CMO for review and signature. |
| 4/14/08 | mar | Received completed screening and staff observation forms dated 4/8/08. Offender was screened by Provider Holt who finds a mobility disability, vision impairment, and diabetes. Scanned to ADA program and added to file. |
| 4/15/08 | mar | Received Accommodation Resolution back from CMO signed 4/15/08. Gave to AIC Holst for signature. |
| 04/18/08 | lam | Received signed Accommodation Resolution from AIC Cathie Holst.  Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 and 7 1/2) Offender, (8) Copy to offender records – HQ records, and (9) Copy to CMO – HQ. Memo to offender with Accommodation Resolution. |
| 5/19/08 | tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to FLCF facility litigation coordinator for immediate delivery to offender. |
| 5/20/08 | mar | Received faxed AR confirmation memo from FLCF. Offender was served his AR on 5/7/08; all accommodations implemented on 5/6/08. Added to file. |
| 5/28/08 | mar | Received list of information from w/c clinic at FLCF on 5/21/08. Offender requesting cushion. Saved list to file. |
| 8/6/08 | KB | Received Wheelchair Repair/Inspection report from AnnaMarie Campbell, HQ Clinical Services. Offender's wheelchair was inspected on 5/20/08.  He requested a cushion.  Wheelchair cushion provided to offender on 7/3/08. |
| 11/10/08 | lam | Prepared revised Accommodation Resolution with new diabetic language and submitted same to AIC Cathie Holst for review and signature. |
| 11/20/08 | lam | Received signed Accommodation Resolution back from AIC Holst.  Prepared cover letter and routed resolution to CMO for review and signature. |
| 11/21/08 | KB | Received faxed copy of Durable Medical Equipment Contract for wheelchair gloves. |
| 11/26/08 | lam | Received signed Accommodation Resolution back from CMO and routed it to Legal Assistant to be scanned and processed. |
| 12/24/08 | lam | Accommodation Resolution e-mailed to Wendy Grover, ADA Coordinator for FLCF on 12/24/08. Copy on yellow paper sent to Tom Kolle for working file. |

Casias #90539
4

| 3/10/09 | KB | Offender has been identified as needing to be re-screened based on the newly established mobility disability criteria.  Created RFA and requested re-screening.  Re-screen information added to AIC database. |
|---------|-----|------|
| 4/24/09 | KB | Movement report from Paul Engstrom shows offender was sent from CTCF back to FLCF. |
| 05/20/09 | TB | **New Step 1 ADA grievance** D-FL08/09-133 received 05/19/09.  Logged and routed grievance to Legal Assistant Katie Baxter for review and response. |
| 5/20/09 | KB | Received S1 Grievance #D-FL08/09-133 from offender.  Offender is complaining about a fall from the van on a transport.  Date of transport 4/13/09. |
| 6/1/09 | KB | E-mail #1 to/from Sgt. Mark Williams, FCF – regarding offender's allegations about the transport on 4/13/09.  Per Mr. Williams he was in Master Control on 4/13/09 and was not involved in the transport.  He wrote the report but did not do the transport.  Capt. Joe Giganti was the Shift Commander and he may be better equipped to answer my questions. E-mail #2 to Capt. Giganti, FCF – Asking him about the incident. E-mail #3 to Capt. Giaganti – FCF asking him about incident. E-mail #4 from Randall Jones – Sgt involved in the transport – Offender was picked up at St. Mary Corwin Hospital on 4/13/09.  Transport staff were not notified offender required a wheelchair and therefore did not take an accessible van.  Offender was upset about being restrained.  He refused to cooperate.  Transport staff picked him up and placed him in the van seat and placed seat belt around offender.  Offender was lifted out of the van when they arrived at CTCF.  Offender laid over to one side during the transport making him difficult to see.  Offender was asked if he was okay and responded that he was and grew agitated as staff continued to ask during the transport.  Offender was never dropped under the van.  He was in no way mistreated and staff acted in a professional manner. E-mail #5 to Capt. Giaganti – Thanking him for his help and advising I received a very informative and complete e-mail from Sgt Jones. |
| 6/2/09 | KB | Prepared response to S1 Grievance #D-FL08/09-133.  Based on report from Sgt. Jones – Offender's grievance is denied.  Unable to substantiate his claim that staff were unprofessional in their transport of this offender. |
| 6/8/09 | KB | Received S1 Grievance response back from Cathie Holst (AIC) with corrections to be made.  Made corrections and returned to Ms. Holst for review and signature. |
| 06/08/09 | TB | Copy of Step 1 ADA grievance D-FL08/09-133 received.  Grievance was signed by C. Holst 06/02/09 and returned to Legal Assistant Katie Baxter 06/08/09.  **Original grievance and response** sent to facility on 06/08/09.  Copy filed in AIC file. |
| 6/10/09 | jbc | Received ADA Mobility Disability Evaluation Form and Staff Observation Form from Clinical Services. Scanned and qc'd into electronic system. Hard copies placed in Offender's file in AIC office. |
| 6/24/09 | jbc | Received Chief Medical Officer Verification of Disability and Recommended Accommodations from Clinical Services 6/24/09. Form scanned and qc'd into electronic system. Hard copy placed in Offender's file in AIC office. |
| 06/29/09 | TB | Original Step 1 ADA grievance received from FLCF:  D-FL08/09-133.  Grievance was **signed by offender 06/22/09** and returned.  Received by AIC 06/26/09 and original routed to AIC file. |
| 7/13/09 | JMS | New Step 2 ADA grievance #D-FL08/09-133 received 7/13/09.  Logged and routed grievance to the Office of the Director of Prisons 7/13/09 for review and response. |
| 08/13/09 | TB | Copy of Step 2 ADA **grievance** D-FL08/09-133 **and response** received.  Grievance was answered by Tony Carochi 08/07/09.  **Original grievance and response** sent to facility on 08/07/09.  Copy filed in AIC file. |
| 8/14/09 | KB | E-mail from Darlene Hill of the Attorney General's office with a copy of the Montez Damage Claiming Hearing Schedule Attached – Offender's Montez Damage Claim hearing is scheduled for 10/16/09 at FLCF.  Darlene is asking for medical files in this e-mail. |
| 8/17/09 | KB | E-mail from Liz Mestas Asking what Doctors are scheduled to testify? So she can provide them with medical records. |
| 8/17/09 | tbr | Received Order of Special Master allowing offender to file late damage claim and setting hearing for 10/16/09 at FLCF at 10:00 am.  Email to SCF ADA Liaison/Litigation Coordinator Wendy Grover to |

Casias #90539
5

| | | |
|---|---|---|
| | | request that she make necessary arrangements for hearing to include room with telephone, security presence and to do clearance for Judge. |
| 8/17/09 | KB | Received copy of e-mail and Order of Special Master from Teresa Reynolds, Legal Assistant gave to Lynn Monfette for filing in the offender's AIC file. |
| 8/24/09 | KB | Reviewed offender's mobility re-screening in ADA/Montez.  Per the Provider and Dr. Frantz this offender had knee replacement surgery in 12/08 and is condition is expected to improve.  Dr. Frantz has determined this offender does not have a mobility disability. Offender is a confirmed diabetic.<br><br>Reviewed encounters – encounters show offender is still having problems with his left knee and he is still awaiting replacement surgery on his right knee.<br><br>E-mail sent to Lorie Lopez, Clinical Services, Central Scheduling asking if offender has been scheduled for knee revision surgery on his left knee and replacement surgery for his right knee. |
| 9/1/09 | PEK | Received offender movement report dated 8/31/09.  Printed and saved report to file.  Offender moved from FLCF to YOS-ADLT-M.  DCIS shows this is a temporary move, so no changes to the databases were necessary, and the ADA coordinator was not notified. |
| 9/9/09 | PEK | Received offender movement report dated 9/4/09.  Printed and saved report to file.  Offender moved from YOS-ADLT-M back to FLCF.  As this move was as return to the offender's original facility, no changes were made to the databases and the ADA coordinator was not notified. |
| 9/18/09 | KB | E-mail from Lorie Lopez, Clinical Services Central Scheduling – Per Ms. Lopez Dr. Degroote's dictation from 5/6/09 states "considering his overall health the patient would need to be medically cleared prior to the revision arthoplasty.  The provider should follow up on this.  Apparently this has not been done. |
| 9/23/09 | KB | Spoke with Cathie Holst (AIC) regarding this offender's disability determination.  Offender had knee surgery in 12/08 which is now requiring some type of revision.  He has been approved to have his other knee surgically repaired.  This offender's condition has already lasted nine months.  I think he has a mobility disability.  Cathie agreed and gave me permission to disagree with the Chief Medical Officer and find the offender disabled.<br><br>Completed AIC portion of the offender's screening in ADA/Montez.  Offender is going to be considered mobility disabled and provided accommodations.<br><br>Prepared Accommodation Resolution and gave to Cathie Holst (AIC) for review and signature.<br><br>Information entered in the AIC database. |
| 9/24/09 | KB | Received signed Accommodation Resolution from Cathie Holst (AIC) |
| 9/29/09 | KB | Memo to Dr. Frantz with Accommodation Resolution for review and signature. |
| 9/30/09 | KB | Received signed Accommodation Resolution back from Dr. Frantz.<br><br>Entered information in the AIC and the facility databases and then gave Accommodation Resolutions to Jan Currie for scanning into AIC file and placing on DOCNET. Ms. Currie is to give the Accommodation Resolutions to Lynn Monfette for e-mailing to the ADA Coordinators at each of the facilities. |
| 10/1/09 | jbc | Scanned signed Accommodation Resolution into electronic system, saved to efile, qc'd, and published on DOCnet. Gave to Lynn for further processing. |
| 10/01/09 | lam | Accommodation Resolution e-mailed to Wendy Grover, ADA Coordinator for FLCF, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager.  Copy on yellow paper sent to Tom Kolle for working file. |
| 4/22/10 | MG | Received from Darlene Hill AG office Final Order of Special Master dismissing offender's claim in its entirety. |
| 8/16/10 | jbc | Received Request for Accommodation, Medical Release, and Functional Ability Questionnaire.  Scanned, saved, and qc'd ADA forms. Sent MTO-RFS to offender explaining the screening process. Included copies of MR and RFA. |
| 8/16/10 | MG | Offender's request, release, and questionnaire sent to clinical services to schedule a disability screening for mobility, and vision. Offender specifically requests pusher aide. I requested that offender be re-screened for mobility and specifically for an OCA I and or OCA II because offender |

Casias #905396

| | | |
|---|---|---|
| | | says he has a little difficulty with his hands. |
| 9/20/10 | jbc | Received Staff Observation Form—Mobility dated 8/24/10, ADA Mobility Disability Evaluation dated 9/13/10, and vision screening dated 11/27/09 from Clinical Services. Saved to efile and qc'd. |
| 10/25/10 | MG | Review of PCDCIS ADA Electronic Evaluation indicates CMO portion of the exam is complete. Complete the AIC portion of the ADA evaluation. Prepare Accommodation Resolution. Accommodation Resolution sent to the acting AIC for review and signature. |
| 10/27/10 | jbc | Received signed Accommodation Resolution from AIC 10/26/10. Sent to CMO for review and signature. |
| 11/03/10 | lam | Scanned and QC'd Accommodation Resolution to electronic system. Saved to e-file. Published on DOCnet. Accommodation Resolution notification e-mailed to Wendy Grover, ADA Coordinator for FLCF, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager. |
| 11/15/10 | vf | Emailed Response to Wendy Grover regarding offender's accommodations and confirmed not mobility accommodations pursuant to AR 10-26-10. |
| 12/2/10 | jbc | Received Request for Accommodation, Medical Release, and Functional Ability Questionnaire 12/1/10. Scanned, saved, and qc'd ADA forms. |
| 12/8/10 | JMS | **New Step 1 ADA grievance** D-FL10/11-035 received 12/8/10. Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 12/14/10 | vf | Denial Response in memorandum format to Offender Request for Accommodation regarding walker and wheelchair. Routed to Marshall Griffith for his review, edited. Routed to AIC to sign off on it then to Administrative Assistant for distribution if it is okay. |
| 12/14/10 | vf | Response to **New Step 1 ADA grievance** D-FL10/11-035 drafted and routed to Marshall Griffith for his review. He said okay. So I , Routed to AIC to sign off on it then to Administrative Assistant for distribution if it is okay. |
| 12/20/10 | vf | Received AIC signed off response to **New Step 1 ADA grievance** D-FL10/11-035. Routed to AIC administration, Lynn Monfette, for distribution. |
| 12/20/10 | vf | Received AIC sign off on Response regarding Request for Accommodation Received 12-1-10. Routed to AIC administration, Lynn Monfette, for distribution. |
| 12/20/10 | lam | Copy of Step 1 ADA grievance and response received: D-FL10/11-035. Grievance and response scanned to e-file, **original grievance and response** attached to e-mail for facility grievance liaison Nancy Goldsberry on 12/20/10. |
| 01/10/11 | lam | Scan copy of original Step 1 ADA grievance received: D-FL10/11-035. Grievance was **signed by offender** 12/22/10. Received by AIC 01/10/11. Scan saved to AIC file. |
| 01/14/11 | lam | New Step 2 ADA grievance D-FL10/11-035 received 01/14/11. Logged and routed grievance to the Director of Prisons Office 01/14/11 for review and response. |
| 02/04/11 | lam | Copy of Step 2 ADA **grievance and response** D-FL10/11-035 received in Legal Services on 02/04/11. Grievance was answered by Joan Shoemaker 02/01/11. Grievance and response scanned to e-file. |
| 03/28/11 | lam | Original Step 2 ADA grievance received: D-FL10/11-043. Grievance **signed by offender** 02/14/11. Received via e-mail in the Office of the AIC 03/28/11 and scanned to e-file. |
| 7/25/11 | vf | Information provided by Julie Russell, this offender was moved from FLCF to FCF on July 11, 2011. |
| 8/24/11 | JR | Emails from/to facility and AIC staff regarding inadvertent error entered in medical housing table that shows IM has temporary ADA Montez accommodations. He is DNQ for mobility but appears medical staff thought he needed some restrictions and erroneously entered them through the Montez system. I asked them to change this so that they do not appear to be temporary ADA accommodations rather than medical restrictions. |
| 8/26/11 | jbc | Received Request for Accommodation. Scanned, saved, and qc'd. |
| 9/6/11 | ac | Advised offender services that he needs to stay in a designated facility due to his mobility disability. |
| 9/14/11 | ac | Processed RFA. Referred for mobility, hearing, and vision. |
| 9/22/11 | mar | Call from Trudy Willis: offender is 81 years old and has not been assigned since 10/07. She will |

Casias #905397

| | | |
|---|---|---|
| | | present him to classification committee to determine if there are any positions he is eligible for, and AIC will attempt to accommodate. If no positions are available or we cannot accommodate, offender will be ADA unassigned. FYI offender's mobility condition has reportedly deteriorated and he is now in a wheelchair. |
| 9/26/11 | mar | Call from Lt. Heidenthal: offender has been assigned to the unit as a general laborer. Duties are in fact that of a custodian. Offender has medical restriction "no intensive labor" and reports to only be able to dust and wipe which is only a minimal part of the position. Re-assignment of nearly every other duty is not reasonable from an operational standpoint. Offender should be referred to something else less intensive or ADA unassigned for lack of available accommodation. |
| 9/26/11 | mar | Email from facility: there are no open positions that offender can successfully be accommodated in. He will be coded as ADA unassigned. |
| 10/25/11 | vf | Completed & printed ADA screening in system for offender.  Saved the Screening and Evaluation Page in PCDIS to Screening Folder. Information updated in AIC database. Draft Accommodation Resolution prepared & routed to AIC for signature. If okay then to AIC administrator for distribution. |
| 11/2/12 | JMS | Processed RFA A and distributed to Legal Assistant. |
| 11/6/12 | mar | Denied request for medical items. Sent ATS report to facility to serve offender. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Chavez #142678
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | CHAVEZ, ADAN | DOC # | 142678 |
|---|---|---|---|
| FACILITY | BVMC | DATE OPENED | 8/18/08 |
| DISABILITY | DIABETES | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 8/18/08 | KB | PCDCIS shows this offender was processed through DRDC today and identified as being an insulin dependent diabetic. Offender has been provided temporary accommodations to include: finger sticks available upon request, annual diabetic education and timing of meals with insulin. |
| 8/18/08 | KB | Offender's Request for Accommodation and Medical Release scanned into ADA/Montez system at DRDC. QC'd forms. Requested screening. Memo to offender with a copy of his Request and Release. E-mail from Arthur Chavez, DRDC Housing. Offender has been identified as being diabetic and needing temporary accommodations of annual diabetic education, finger sticks upon request and timing of meals with insulin. |
| 8/21/08 | KB | PCDCIS shows a follow-up screening for this offender. Offender diabetes has been confirmed and he has been provided temporary accommodations. |
| 9/3/08 | KB | Telephone call from Scharon Swift, Offender Services. Ms. Swift is working on permanent placement for this offender. Offender is being sent to AVCF. |
| 10/2/08 | KB | Dr. Frantz confirmed this offender's diagnosis of diabetes on 9/15/08. Offender is entitled to the accommodations contained in the Stipulation entered in the Montez litigation on 4/4/08. Completed AIC portion of ADA/Montez. Prepared Accommodation Resolution. Accommodation Resolution given to Cathie Holst (AIC) for review and signature. |
| 10/3/08 | KB | Received signed Accommodation Resolution from Cathie Holst (AIC). |
| 10/6/08 | KB | Memo to Dr. Frantz with Accommodation Resolution for review and signature. |
| 11/18/08 | ALJ | AR received from CMO date updated in AIC database. Offender location and ADA alert status updated in AIC database. Accommodation resolution information NOT entered in facility database because offender has discharged. Accommodation resolution scanned and saved to "R" drive and offender file and linked in ADA/Montez to screening. ADA alert status checked in DCIS. AR given to Lynn Monfette to file. |
| 11/26/08 | lam | Accommodation Resolution e-mailed to Shelley Larson, Coordinator for offenders in History on 11/26/08. Copy on yellow paper sent to Tom Kolle. |
| 4/1/09 | KB | PCDCIS shows this offender was returned to DOC custody today through DRDC and has been identified as being an insulin dependent diabetic. He was provided with temporary accommodations which include annual education, finger sticks available upon request, timing of meals with insulin. |
| 4/2/09 | KB | Offender's Request for Accommodation and Medical Release were scanned into ADA/Montez at DRDC. QC'd forms and requested screening. Added information to the AIC database.Memo to offender with copy of his Request and Release. Scanned Temporary Accommodation Resolution onto DOCNET. |
| 4/7/09 | KB | PCDCIS shows a follow-up screening for this offender was conducted on 4/7/09. Offender is a confirmed insulin dependent diabetic and has been provided temporary accommodations of annual diabetic education, finger sticks upon request and timing of meals with insulin. |
| 4/13/09 | KB | Offender's 4/7/09 Temporary Accommodation Resolution was scanned into AIC file and put on DOCNET. |
| 4/27/09 | KB | Telephone call from Scharon Swift, Offender Services. Ms. Swift is working on |

Chavez #142678
2

| | | permanent placement for this offender. Offender is going to FLCF. |
|---|---|---|
| 4/29/09 | KB | Movement report from Paul Engstrom, Prison Operations – Offender is being moved to FLCF through YOS-Adult-M. |
| 4/30/09 | KB | E-mail from Paul Engstrom, Prison Operations – Offender was moved from YOS to FLCF. |
| 6/12/09 | KB | Received Request for Accommodation from offender requesting shoes for his diabetic condition. |
| 6/16/09 | KB | Offender was just screened and therefore will not be re-screened. E-mail #1 sent to Cheryl Chestnut, Provider at FLCF to see if she can address his need for special shoes. E-mail #2 from Cheryl Chestnut, Provider at FLCF – Offender was seen in the diabetic foot clinic on 6/8/09 he has good feeling throughout both feet and non open wounds.  He does not meet criteria for medical shoes. |
| 6/17/09 | KB | Offender's Request for Accommodation was scanned into ADA/Montez and sent to department code of none.  The Request will not be processed.  Memo to offender advising he does not qualify for medical shoes. |
| 6/22/09 | KB | Received signed memo to offender from Cathie Holst.  Sent to offender at FLCF. |
| 6/24/09 | jbc | Received Staff Observation Form from Clinical Services 6/24/09. Form scanned and qc'd into electronic system. Hard copy placed in Offender's file in AIC office. |
| 7/10/09 | PEK | Received movement report of 07-09-09.  Printed and saved to efile.  Offender moved from FLCF to CTCF.  Updated AIC database.  DCIS states this is a temporary move.  No further action is necessary at this time. |
| 7/23/09 | KB | Telephone call from Carol Kromer, Court Services – This offender is going out to court.  Advised Ms. Kromer he is diabetic with no special transport needs. |
| 7/31/08 | KB | E-mail from Paul Engstrom – Prison Operations – Offender was moved from CTCF to FLCF today. |
| 8/13/09 | KB | Received telephone call from Education Instructor CeCe Lucero.  Ms. Lucero is assigning this offender to her ABE I Class.  This offender does not speak or understand English very well but Ms. Lucero is fluent in Spanish and therefore she translated the conversation.  Offender does not feel he requires any accommodation in order to be able to fully participate in this class.<br><br>Prepared Assignment form and e-mailed to Ms. Lucero. |
| 8/14/09 | JR | Phone call from Lt. Labazetta at FLCF kitchen inquiring about offender's ADA alert.  Review of file indicates offender is being screened for diabetes & has temporary accommodations from DRDC.  Job description form completed and emailed to Lt. Labazetta indicating no additional accommodations necessary.  Offender was able to understand Lt. Labazetta's questions I asked but she will also make sure that job description is read to offender in Spanish before he signs it.  She will contact our office next week if there are any issues. |
| 8/26/09 | KB | Completed AIC portion of the offender's screening in ADA/Montez.  Offender is a confirmed diabetic.<br><br>Prepared Accommodation Resolution and gave to Cathie Holst (AIC) for review and signature.<br><br>Information entered in the AIC database. |
| 9/4/09 | KB | Received signed Accommodation Resolution from Cathie Holst (AIC) |
| 9/9/09 | KB | Memo to Dr. Frantz with Accommodation Resolution for review and signature. |
| 9/17/09 | jbc | Scanned Accommodation Resolution to electronic system. Saved to efile. Qc'd. Published to DOCnet. Gave to Lynn for further processing. |
| 09/18/09 | lam | Accommodation Resolution e-mailed to Wendy Grover, ADA Coordinator for FLCF. Copy on yellow paper sent to Tom Kolle for working file. |
| 10/19/09 | KB | Telephone call from Carol Kromer, Court Services – Offender is being |

Chavez #142678
3

| | | |
|---|---|---|
| | | transported out to Court.  Advised Ms. Kromer that offender is diabetic and has no special transport needs. |
| 1/28/10 | PEK | Received offender movement report dated 1/27/10.  Offender moved from FLCF to CTCF.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 1/29/10 | PEK | Received offender movement report dated 1/28/10.  Offender moved from CTCF to FLCF.  Updated AIC and movement tracking database.  Sent email to ADA coordinator as notification of same.  Saved email to efile. |
| 2/9/10 | KB | E-mail and telephone message from Pennie Benton. FLCF Food Services – This offender is being assigned to the PM shift in the dishroom.  Offender is a confirmed diabetic. |
| 2/10/10 | KB | Prepared Assignment Accommodation form and e-mailed to Ms. Benton at FLCF. |
| 2/19/10 | PEK | Received offender movement report dated 2/18/10.  Offender moved from FLCF to CTCF.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 3/10/10 | PEK | Received offender movement report dated 3/9/10.  Offender moved from CTCF to FLCF.  As this move was a return to the offender's original facility, no information was entered into the databases, and the ADA coordinator was not notified. |
| 3/24/10 | MG | Email from Pennie Benton FLCF. Offender back, rehired ½ GED ½ time FS, no additional accommodations. Email Assignment Accommodation Forms to Benton. |
| 3/29/10 | MG | Received new RFA dated 3/18/10 from offender claiming mobility but states his request is for special medical shoes for his diabetes. |
| 3/30/10 | MG | Review of ambulatory encounters indicates offender has minor calluses on foot and is receiving treatment for them, no neuropathy, good sensation in feet, no ulcers or blisters. Offender's RFA will not be processed. |
| 4/1/10 | MG | Response to RFA dated 3/18/10 prepared and given to admin. Asst. to mail. |
| 4/5/10 | MG | Email from CC Lucero FLCF Teacher, offender does not require added accommodations for ABE class in ESL. Email to CC Lucero with Assignment Accommodation form. |
| 8/23/10 | MG | Received offender's new RFA. Offender requests medically necessary shoes for his diabetes. Email to HSA Michelle Nelson at FLCF for information as to whether offender meets the standards for medically necessary shoes for his diabetes. |
| 8/24/10 | MG | Email from FLCF Michelle Nelson that offender does not meet criteria for medical tennis shoes. |
| 8/25/10 | MG | Response to offenders RFA for medically necessary shoes for diabetes or mobility approved by acting AIC and sent to admin admin. |
| 11/12/10 | MG | Email from/to Labazetta with AAF. |
| 12/8/10 | jbc | Received signed job accommodation form from facility. Scanned, saved to efile, and published on DOCnet. |
| 5/2/14 | jes | Hearing screening requested from Clinical Services. |
| 5/12/14 | jes | Completed Montez screening. Offender had OAE less than 1 year ago. No screening done. |

Corbett #43501
1

# ACCOMMODATION WORKSHEET
### (revised & effective February 2006)

| NAME | CORBETT, Michael | DOC # | 43501 |
|------|------------------|-------|-------|
| FACILITY | DRDC | DATE OPENED | 7/12/04 |
| DISABILITY | DIABETES | PROVIDER | DR. PAZ |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 3/7/06 | KB | File reviewed and database updated.  New Accommodation Worksheet placed in file. |
| 8/10/06 | KB | Office visit with Brad Kinney, HSA for PPMU this offender is qualified and can be moved to CMRC for a special program.  A review of his AIC file shows that he is a no needs diabetic and therefore he can be moved. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 12/18/06 | KB | Received S1 Grievance #D-FL06/07-057 from offender.  Offender complains that Nurse Taylor at FLCF has denied him the right to test his blood sugar on several occasions.  The most recent being 12/10/06.  He also claims that he had a medical order for three fingersticks a day and that order was changed to without his knowledge. |
| 1/18/07 | KB | E-mail to Daphne Miller, MRT at FLCF.  Would she review the offender's medical chart to see if there is any documentation regarding this offender's allegations contained in his S1 grievance? |
| 1/19/07 | KB | E-mail from Daphne Miller, MRT at FLCF.  She is unable to review the offender's medical chart as he has been moved to CTU. |
| 1/25/07 | KB | Checked DCIS Profile and offender is shows offender is in transport.  Rex Kohl, Offender Services moved this offender without notifying this office. |
| 2/5/07 | KB | E-mail to Lee Romanski, MRT at CMC and Dolores Montoya, HSA at CMC.  I am trying to respond to this offender's grievance.  He claims that on 12/10/06 he was denied a finger stick by Nurse Tyler at FLCF.  Would you please review the offender's medical chart to see if there is any type of documentation regarding this incident?  He also claims that he had an order for 3 finger sticks and that the order was changed and he was not notified.  The remedy he is requesting is that diabetic inmates should be allowed finger sticks whenever they feel needed during the diabetic medline call.  When are fingersticks available to FMCC?  Do they have glucometers in the cellhouse at FMCC?  Please advise. |
| 2/5/07 | KB | E-mail #2 from Lee Romanski, CMC Clinical Services.  She will look into offender's complaints and respond tomorrow. |
| 2/7/07 | KB | E-mail from Dolores Montoya, HSA at CMC.  On 12/10/06 the treatment sheet indicates offender had a finger stick at 6:00 and some time in the afternoon and evening.  On 8/29/06 the offender was seen. by Dr. Cabiling who changed the finger sticks from three times a day to two times a day.  Offenders who request fingersticks around noon time and the results for a three day period are within normal ranges the offender is instructed to "kite" the provider. |
| 2/14/07 | KB | Prepared Response to S1 Grievance #D-FL06/07-057.  The medical records indicate that he did have three finger sticks on 12/10/06.  His order was changed from three finger sticks a day to two finger sticks a day by Dr. Cabiling on 8/29/06.  Grievance Denied. |
| 3/5/07 | MG | **File audit review completed.** Yellow sticker. Offender needs to be re-screened. Last screening was 8/2/04. |
| 4/13/07 | KB | Received Acknowledgment of S1 Grievance #D-FL06/07-057 response by offender on 3/8/07 |
| 6/26/07 | KB | **File audited by Katie Baxter, Legal Assistant** |

Corbett #43501
2

| 7/20/07 | Tr | Received step 1 ADA grievance D-CM07/08-001 for investigation and response. Offender claims he was charged $5 on 5/24/07 for eye exam which was related to diabetic care/services. |
|---------|-----|-----|
| 7/24/07 | TR | Request to AIC legal assistant for print-out of offender ambulatory record for 5/24/07 appointment.  She has meeting in Denver today but will get record to me when she is back in the office. |
| 7/25/07 | TR | Received record from K. Baxter, offender was seen for diabetic related eye appointment. AIC response to grievance D-CM07/08-001, grievance GRANTED, offender is diabetic, 5/24/07 eye appointment was related to diabetic care.  $5 to be refunded to offender's account.  Fax memo to inmate banking requesting $5 Montez Co-pay Refund.  DCIS print-out indicates offender received $5 credit today. |
| 8/20/07 | ALJ | Received original ADA grievance D-CM0708-001 signed by offender on 8/8/07. Given to Admin, Lynn to file. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name.  Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 12/06/07 | lam | Received original notification presented to offender regarding the 11/15/07 FMCC group diabetes meeting with Montez Plaintiff Attorneys with offender's signed acknowledgement that he accepted and planned to attend the meeting.  Form signed and dated on 11/09/07. Copy made of notification form, and original routed to AIC file for compliance purposes. |
| 01/17/08 | lam | Marshall Griffith conducted ADA employment interview.  Offender works as a Recreation Aide under supervision of Betty Thorson.  Offender does not have any difficulty performing tasks assigned.  Offender is in compliance with programmatic needs.  Offender has been denied employment at the Dairy.  Offender feels it is due to his length of time at the facility, not due to his disability. |
| 5/19/08 | Tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to CMC facility litigation coordinator for immediate delivery to offender. |
| 6/3/08 | mar | Received accommodation confirmation form from CMC Litigation Coordinator. Received from LCF; Date unknown for resolution received (AR is old, 2004). He was seen by doc on 5/28/08 and does not require adult diaper at this time. Added to file. |
| 07/15/08 | lam | Prepared revised Accommodation Resolution language pursuant to April 2008 Stipulation, with a copy sent to e-file & original to AIC for signature, then to Dr. Frantz for signature. |
| 07/21/08 | lam | Accommodation Resolution was signed 07/17/08 and received from AIC Holst the same date.  Form was routed to clinical services for signature 07/21/08 for CMO signature. |
| 08/07/08 | lam | Signed Accommodation Resolution received from Dr. Frantz in Clinical Services dated 07/30/08 and received in legal services 08/07/08. |
| 08/08/08 | Rlp | Accommodation Resolution e-mailed to Dave Teigen, Facility Litigation Coordinator for FMCC on 08/08/08. |
| 09/15/08 | lam | It appears that I was not informed at the time of the project that a copy of each Accommodation Resolution is to be sent to the working file when the AR is e-mailed to the Facility Litigation Coordinator.  During a conversation with Katie Baxter, she advised that a copy every Accommodation Resolution must be sent on yellow paper to Tom Kolle for the working file for each of the offenders involved in the Diabetic AR project. Sending said copy to Tom Kolle in records on this date. |
| 10/21/09 | jbc | Revised Accommodation Resolution to reflect nine standard accommodations. Saved to efile. Sent original to Kathleen Baxter, Acting AIC for signature. |
| 10/22/09 | jbc | Received signed Accommodation Resolution from AIC. Sent to Chief Medical Officer for signature and review. |

Corbett #43501
3

| 11/4/09 | jbc | Received from CMO 10-28-09. Scanned into electronic system, saved to efile, published on DOCnet. Gave to Lynn for further processing. |
|---------|-----|---|
| 11/09/09 | lam | Accommodation Resolution e-mailed to Dave Teigen, ADA Coordinator for FMCC, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager (also CC to Dave's Admin Amy Kochevar per Dave's request).  Copy on yellow paper sent to Tom Kolle for working file. |
| 3/21/11 | mar | Call from Kohl: Offender is on dialysis and will be permanent at DRDC for treatment. |
| 03/23/11 | lam | Received offender movement report dated 03/22/11.  Offender moved from FMCC to DRDC.  Updated AIC and movement tracking database.  Sent email to ADA coordinator as notification of same.  Saved email to e-file. |
| 8/16/11 | vf | Placement criteria verified and no changes are necessary because offender did not qualify for disability and therefore does not receive restrictions. |
| 6/20/13 | jes | Received improperly filed step 1 grievance from offender. Returned with explanation. Copy saved to efile. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AR 750-04A (02/13/12)

## REQUEST FOR ACCOMMODATION

*Return completed form to your Facility ADA Coordinator*

*According to the Americans with Disabilities/Rehabilitation Acts (ADA), no qualified individual with a disability shall, on the basis of disability, be excluded from participation or denied the benefits of the services, activities, or programs of the Department of Corrections or be subjected to discrimination. Use this Form to request ADA accommodations; use Form "B" to request ADA litigation class member status. Case management will assist with completion of this form upon request. One additional page of information may be attached.*

| I. OFFENDER INFORMATION: *(Please print)* | |
|---|---|
| NAME: *Corbett, Michael* | FACILITY: *DRDC* |
| DOC#: *43501* | DATE: *6-4-13* |
| Name & Title of person completing form (if not named offender): | |

**II. ACCOMMODATION REQUESTED:** *Accommodations are assistive devices/equipment, communication services, structural or procedural modifications or adjustments to policies and practices, **to ensure equal access**. (e.g. magnifier, sign language interpreter, re-assignment of job duties). Health care appliances, restrictions, medical treatment are NOT accommodations.*

**Do not leave this section blank.** *I have a hearing disability, and would like for you to accommodate me with a Vibrating Watch.*

**III. SUBSTANTIAL LIMITATION:** *(Mark only limitations RELEVANT to the above request) Examples in parenthesis*

| | | | | | |
|---|---|---|---|---|---|
| CARING FOR ONESELF | | BREATHING (Asthma) | | BOWEL | |
| PERFORMING MANUAL TASKS | | LEARNING (Dyslexia) | | BLADDER | |
| SEEING | | READING | | NEUROLOGICAL (Seizures) | |
| HEARING | X | CONCENTRATING | | BRAIN (Intellectual disability, Brain injury) | |
| EATING | | THINKING (Dementia) | | RESPIRATORY (COPD) | |
| SLEEPING | | COMMUNICATING | | CIRCULATORY (Heart) | |
| WALKING | | WRITING | | ENDOCRINE (Diabetes, Hepatitis) | |
| STANDING | | WORKING | | BRAIN (mental health) | |
| LIFTING | | IMMUNE SYSTEM (HIV/AIDS, Allergies) | | SITTING | |
| BENDING | | CELL GROWTH (Cancer) | | CLIMBING | |
| SPEAKING | | DIGESTIVE | | NOT LISTED: | |

*By signing this form voluntarily and without coercion or under duress, I authorize the Facility ADA Coordinator, AIC or designee to: request, review and/or discuss any medical or mental health, academic, housing, assignment and programming records to the extent necessary to investigate disability claims and evaluate reasonableness of accommodations requested. Any information related to this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations. I agree to fully participate and cooperate in this process and understand that additional information may be required in order to process this request. Failure to provide this information may result in denial of the requested accommodation.*

RECEIVED   6-4-13

_____
Offender Signature

Date

Attachment "A"
Page 1 of 1

JUN 1 0 2013

Office of Correctional
Legal Services

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Legal Services
2862 South Circle Drive, Suite 140
Colorado Springs, CO 80906-4195
Phone: 719.226.4236

Office of ADA Inmate Coordinator (AIC)



John W. Hickenlooper
Governor

Tony Carochi
Interim Executive Director

## MEMORANDUM

**TO:**   Offender Corbett, Michael #43501
Facility

**FROM:**   Julie Russell, AIC Designee
Office of Legal Services, ADA Inmate Coordinator

**RE:**   Step 1 Grievance

**DATE:**   June 20, 2013

I received your Step 1 grievance in my office. All grievances must be routed through your facility grievance coordinator.

Regarding your request for a vibrating watch, vibrating watches are now available to purchase on canteen regardless of disability. You can also purchase replacement batteries and bands. The canteen numbers are: vibrating watch #9764, replacement batteries #9765, and replacement band #9766.

DC Form 850-04A (07/15/11)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 43501 |
|---|---|

**Name:** Michael Corbett

**Grievance number** (complete for Steps 2 and 3, only): _____

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

On or around May 16, 2013, I was examined, and tested for Hearing lost. It was determined that I had hearing lost in both Right and left Ears. On May 31, 2013, I was issued One set of ReSound Hearing Aids. Around a week later I filled out an Accommodations form, requesting for a Vibrating Watch, which is issued to the Hearing impaired. On June #2, 2013 I received Kite Denying my request, and wanting me to pay for this watch. I don't know the exact percentage of my hearing lost, but I've heard that you have to have at least 50% or lower hearing lost for them to even issue you hearing Aids. You can check my Medical File.

Ms. Russell, the reason I am sending this Grievance directly to is that Attorney Paula Greisen, referred you to if we had problems at this facility (DRDC) and there is a lot of us here who are having problems with the designated AIC coordinator for this facility ( DRDC).

This is an ADA Medical Grievance. This is also the form that the case manager gave me when I asked for an ADA Medical Grievance. I want a Vibrating Watch is my Remedy.

| Date: 6-15-13 | Offender Signature: Michael Corbett | Step (Circle one) |
|---|---|---|
| **Case Manager/CPO Must Complete** | **Facility/Unit/Pod/Parole Office/Community Corrections Center:** | (1)   2   3 |

| Signature: | Date received: |
|---|---|
| Print Name and DOC Employee Id #: | |

Attachment "A"

## REQUEST APPROVED/DENIED REPORT

**Date :** 06/10/2013

**Offender :** CORBETT, MICHAEL

**DOC # :** 43501

**RFA # :** 2989

| REQUEST | DECISION | REASON | END DATE |
|---|---|---|---|
| Vibrating watch | DENY | Not accommodation | |

Available on canteen. If you cannot afford, submit request for assistance from AIC and account may be taken into a negative balance. Approval is dependent upon level of hearing loss. Also consider buying alarm clock.

If you disagree with this finding you may grieve this decision pursuant to the guidelines in AR 850-04.

If your request has been approved, this document serves as your notice of approved accommodations.

If you need an accommodation extended beyond the listed end date you must contact Legal Services/AIC Office at DOC Headquarters.

## REQUEST APPROVED/DENIED REPORT

**Date :** 10/17/2014

**Offender :** CORBETT, MICHAEL

**DOC # :** 43501

**RFA # :** 2989

| REQUEST | DECISION | REASON | END DATE |
|---------|----------|--------|----------|
| Vibrating watch | DENY | Not accommodation | |

Available on canteen. If you cannot afford, submit request for assistance from AIC and account may be taken into a negative balance. Approval is dependent upon level of hearing loss. Also consider buying alarm clock.

**If you disagree with this finding you may grieve this decision pursuant to the guidelines in AR 850-04.**

**If your request has been approved, this document serves as your notice of approved accommodations.**

**If you need an accommodation extended beyond the listed end date you must contact Legal Services/AIC Office at DOC Headquarters.**

Cordova #57350
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | **CORDOVA, RONALD** | DOC # | **57350** |
|------|---------------------|-------|-----------|
| FACILITY | **BCCF** | DATE OPENED | **11/24/04** |
| DISABILITY | **VISION, DIABETES, MOBILITY (FINAL ORDER)** | PROVIDER | **LAURENCE** |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 3/7/06 | KB | File reviewed and database updated.  New Accommodation Worksheet placed in file. |
| 5/17/06 | JR | Response motion filed by AG's office regarding offenders claims |
| 9/19/06 | KB | Received S1 Grievance #D-AV06/07-018.  Offender alleges non-compliance with the ADA & *Montez.*  When facility went on lockdown he was strip searched and during the strip search staff would not allow him to wear his leg brace. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 10/11/06 | KB | Telephone call to AVCF Clinical Services.  Spoke with John Sullivan, Nurse.  He will have Kellie Wasko, HSA or Michele Nelson, RN III call me back.  Telephone call from Michele Nelson, RN III when AVCF went into lockdown and offender's cell was searched he had a knee brace with metal stays.  This was taken by medical as security does not allow this type of knee brace due to the metal.  In addition his "blue card" had expired 1/8/05 and he never renewed it.  If the knee brace was determined to still be medically necessary the offender needed to make a medical appointment, pay the co-pay and renew the "blue card."  He did not do this. |
| 10/11/06 | KB | Prepared Response to S1 Grievance #D-AV06/07-018 for Cathie Holst's (AIC) review and signature.  Offender needs to follow DOC procedures to secure a "blue card" and knee brace.  If offender feels he has a disability then he needs to complete a new request and release.  Grievance denied. |
| 3/5/07 | MG | **File audit review completed. Yellow sticker. Offender needs to be screened.** |
| 3/7/07 | TR | Received updated damage claim hearings scheduled list from Attorney General's office. Email to AVCF litigation coordinator, Shirley Steinbeck, offender's Montez Damage Claim hearing has been scheduled for Thursday, 6/7/07 at 2 pm, request that she make or coordinate necessary arrangements at AVCF for hearing room, judge and attorney facility clearance, witnesses and files needed and security staff to be present in hearing room. |
| 4/4/07 | TR | Received revised updated claim hearings schedule-offender's damage claim hearing is still set for same date and time-emailed to AVCF Steinbeck with other revised hearings. |
| 4/18/07 | KB | RECEIVED COPY OF WITNESS LIST FILED BY JENNIFER FOX OF THE ATTORNEY GENERAL'S OFFICE IN THE OFFENDER'S *MONTEZ* DAMAGE CLAIM. |
| 4/18/07 | KB | RECEIVED COPY OF LETTER SENT TO THE OFFENDER BY THE ATTORNEY GENERAL'S OFFICE OFFERING A $100.00 SETTLEMENT FOR OFFENDER'S *MONTEZ* DAMAGE CLAIM. |
| 4/25/07 | KB | A review of this file shows that a screening was never requested for this offender.  He was sent a memo that his request was not an ADA matter and he needed to address with Clinical Services.  Since the offender is claiming a vision and mobility disability.  I think he needs to be screened.  Policy has changed which requires offender's completed Functional Ability Questionnaire at the time the screening is requested. |
| 4/25/07 | KB | Memo to offender that we would like to have him screened.  Would he please complete a new Request, Release and Functional Ability Questionnaire.  Calendared receipt for 21 days. |
| 5/23/07 | KB | Inactivation Memo to offender with Request for Accommodation, Medical Release and Functional Ability Questionnaire.  Calendared for 21 days. |
| 6/13/07 | KB | Inactivation Memo to offender with Request, Release and Functional Ability Questionnaire. Calendared for 21 days. |
| 6/20/07 | *mar* | *Addendum 2/26/08**According to memo in the file, K. Baxter requested a mobility and vision screening on this day and failed to log the activity.* |

Cordova #57350
2

| Date | Init | Description |
|---|---|---|
| 6/26/07 | KB | File audited by Katie Baxter, Legal Assistant |
| 7/20/07 | KM | Offender's case manager contacted for the purpose of determining whether offender is employed or assigned in a program. Contact sheet has been completed and placed in the AIC file. |
| 7/30/07 | FM | Received completed providers recommendation, screening forms, and staff observation forms 7/26/07. Offender was screened by Ted Laurence, PA-C on 7/18/07 at AVCF. Provider indicates that the offender does not have a qualifying disability. Forms logged & filed in offender's ADA file 7/30/07. |
| 8/1/07 | TR | Received updated damage claim hearings scheduled list from Attorney General's office. Email to AVCF litigation coordinator, Shirley Steinbeck, offender's Montez Damage Claim hearing has been scheduled for Monday, 10/01/07 at 10 am. Request that she make or coordinate necessary arrangements for hearing room, judge and attorney facility clearance, witnesses and files needed and security staff to be present in hearing room. NOTE: offender has requested a continuance this hearing may be rescheduled. |
| 8/16/07 | ALJ | Received CMO verification and recommendations. Offender does not have a qualifying mobility or vision disability. AR drafted and given to CMO for signature. Calendared 10 days. |
| 8/31/07 | AG | Received CMO Verification of Disability and Recommended Accommodations on 8/16/07 signed by acting CMO on 8/15/07. |
| 9/4/07 | AG | Received signed Accommodation Resolution from AIC Cathie Holst. Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing Unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 & & ½) Offender, (8) Offender Records – HQ, and (9) CMO – HQ. Memo to offender with Accommodation Resolution. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name. Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 10/22/07 | Tr | Received updated damage claim hearings scheduled list from Attorney General's office. Email to AVCF litigation coordinator, Shirley Steinbeck, offender's Montez Damage Claim hearing has been scheduled for Thursday, 1/24/08 at 10 am. Request that she make or coordinate necessary arrangements for hearing room, judge and attorney facility clearance, witnesses and files needed and security staff to be present in hearing room |
| 11/9/07 | mar | Notified AIC Holst that she is called as a witness in this offender's Montez Hearing. |
| 01/04/08 | lam | Craig Dalrymple conducted ADA employment interview. Offender works cleaning rails in A-pod, Unit 4 under supervision of Sgt. Holdon. Offender has difficulty standing for long periods of time to perform tasks assigned. Offender advised he should be allowed to take sit down breaks all day. Offender advised he was not allowed to take programs because of his life sentence. Offender has not been denied employment in the last 3 years. |
| 2/26/08 | mar | Received Step 1 ADA grievance D-AV0708-131 on 2/14/08, making response due 3/10/08. Offender is grieving having his dark glasses taken from him after his Montez Hearing on 1/24/08 because they are a security issue. He is requesting the glasses back. Response is that he was recently screened for a vision disability and did not qualify. From the screening, the photo gray glasses are not medically indicated and that he can discuss this further with Clinical Services. Grievance denied. Gave to AIC Holst for review and signature. |
| 02/27/08 | lam | Copy of step one ADA grievance #D-AV0708-131 received. Grievance was signed by C. Holst 02/26/08. Original **response** sent to facility on 02/27/08. Copy filed in AIC file. |
| 3/13/08 | Tr | Emails from/to Darlene Hill at AG office. AIC Holst has been tentatively scheduled to testify at offender's damage claim hearing via telephone on 4/9/08 in the morning. 2d email from Darlene Hill-Judge is no longer available on 4/9/08. |
| 3-26-08 | Amc | Received Step 2 grievance #D-AV0708-131, marked "NO" for ADA. Issue addressed is return of his eyewear (photo-gray glasses). |
| 4/28/08 | Tr | Received updated Montez Damage Claim hearings list from Attorney General office. Email to AVCF Shirley Steinbeck requesting that she schedule the hearings and make the necessary arrangements for 5/12/08 hearings. This offender hearing is set to begin at 10 am |

Cordova #57350
3

| 5-01-08 | Amc | Responded to Step 2 grievance #D-AV0708-131, marked "NO" for ADA. Issue addressed is return of his eyewear (photo-gray glasses). Grievance denied. Offender screened 7-20-07 and found NOT to have a qualifying vision disability. Copy to AIC file and to electronic Active Offender ADA file. |
|---|---|---|
| 5/12/08 | mar | AIC Holst, Anna Cooper, and Meghan Reed testified by phone in damage claim hearing. Offender asked many questions regarding his metal knee brace being taken and the fact that it was not replaced. Majority of questions were clinical related and could not be responded to. Referenced grievances #153 and #018. #153 was denied based on disability screening results, however, there was not a screening at that time. Anna Cooper was questioned regarding this response. Offender has completed request and release in the file dated 1/2005 however screening was not requested by Rhonda Coretti or Katie Baxter at the time because offender's issues were medical, not ADA. This was not addressed and offender screened until 2007, at which time he did not qualify. Cooper will investigate #153 grievance response. AIC would like me to look into the medical information in which Dr. Patterson apparently ordered the brace back in 2001; and why the brace was never replaced by Clinical. Email to Kellie Wasko, Michelle Nelson to collect medical info for the file. |
| 5/12/08 | mar | Email and call from Michelle Nelson. She will fax me relevant medical information. |
| 5/13/08 | mar | Received fax from facility with knee brace information. Dr. Patterson did recommend metal hinged knee brace 11/14/01, but will not do recommend surgery because of age. Received knee brace sometime around 1/24/02 from PT. Abilities Unlimited consult canceled because offender had brace. Appears that surgery may have been reconsidered and denied at a later date? Offender is very confrontation and argumentative with medical staff. Brace renewed 12/16/03; then 3/30/04 knee brace taken in shake-down, says they were knee braces given to him in 1992? At that same visit, PA Singh says that the brace order by Patterson is "brace he is wearing today." This documentation is very unclear. Ambulatory dated 7/20/07 summarizes. Added fax to file. |
| 5/19/08 | Tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to AVCF facility litigation coordinator for immediate delivery to offender. |
| 5/19/08 | mar | Received email from AG's Office that offender is to be able to review medical records before 6/23/08 and receive up to 100 free copies. |
| 5/20/08 | mar | Email from Medical Records Tech at facility. Offender reviewed his file and received 91 copies. Saved to file. |
| 6/27/08 | MG | Received correspondence from offender regarding what happened to a Step II Grievance Response, and wanting follow up Montez Remedial Plans. |
| 7/10/08 | MG | Received copy of Step 3 Response to Grievance #D-AV07/08-131. Copy from Tony Decesaro. |
| 7/14/08 | MG | Met with Teresa Reynolds who informs me that offender was sent/mailed the 2008 Stipulation to the Montez Remedial Plan on 5/14/08. Offender was sent the 2006 Stipulation (dated 7/10/08) in September 2006. Met with Anna Cooper Step 2 Grievance Officer who informs me that offender said in hearing that he gave the grievance to his CM Vigil addressed to the Regional Assistant Director in which case this was processed incorrectly and there is no telling what might have happened to the grievance. |
| 7/18/08 | MG | Response sent dated 7/14/08 to correspondence received 6/27/08. |
| 08/28/08 | lam | Copy of Step 3 ADA **grievance** D-AV06/07-018 **and response** received. Grievance was answered by Grievance Officer Tony DeCesaro 08/28/08. Copy filed in AIC file. |
| 09/23/08 | lam | New Step 1 ADA grievance D-AV08/09-015 received 09/23/08. Logged and routed grievance to Legal Assistant Marshall Griffith 09/23/08 for review and response. |
| 10/23/08 | lam | Copy of Step 1 ADA grievance D-AV08/09-015 received. Grievance was signed by C. Holst 10/21/08 and returned to Legal Assistant Marshall Griffith 10/22/08. **Original grievance and response** sent to facility on 10/23/08. Copy filed in AIC file. |
| 10/27/08 | MG | Phone call from the CMO Dr. Frantz. CMO Dr. Frantz was checking to see what his ADA status was and I informed the CMO the offender does not have a qualifying mobility or vision disability dated 8/30/07. Dr. Frantz is answering correspondence from offender about a kneed brace and will forward cc draft of offender's correspondence and her reply to this office. |
| 11/19/08 | JMS | New Step 2 ADA grievance #D-AV08/09-015 received 11/19/08. Logged and routed grievance to Grievance Officer Anna Cooper 11/19/08 for review and response. |

Cordova #57350
4

| 12/12/08 | Amc | Response to Step 2 ADA Grievance #D-AV08/09-015: Denied – Offender Cordova has been screened and found NOT to have a qualifying disability. He is not entitled to file an ADA Grievance and all medical issues must be addressed with Clinical Services staff. Saved to AIC file on Legal Share, AIC file and elec. File. |
|---|---|---|
| 12/15/08 | JMS | Copy of Step 2 ADA grievance #D-AV08/09-015 received. Grievance was signed by A. Cooper 12/13/08. **Original grievance and response** sent to facility on 12/15/08. Copy filed in AIC file. |
| 12/30/08 | JR | Email from CM Vigil asking if the offenders new grievances should be sent as ADA – review of file and alert status, discussed issue with Adrienne Jacobson because offender is claiming he has a new status based upon his Montez claim, however Adrienne said this does not affect his screening outcome and since he does not have an ADA alert he should not be allowed to file it as an ADA grievance. Response to CM Vigil that this offender does not have an ADA alert and the grievances should not be marked as an ADA matter. |
| 1/6/09 | MG | Call from Shirley Steinbeck with note from offender stating he has been written up for sitting in wrong place and that he has legal documents stating he is disabled. I informed Shirley that offender's resolution states he does not have a mobility or vision disability. I informed Shirley that offender's resolution is dated 8/30/07 and if he wanted to be re-screened he may send in a new Request for Accommodation. |
| 1/8/09 | MG | Email from Shirley Steinbeck with word attachment of Order of Special Master. [This Order was not in this file until provided by Shirley Steinbeck's email.] I printed Order and placed into e-file. Shirley states there are a couple of times where order states offender is mobility impaired. Shirley requests clarification. |
| 1/8/09 | MG | Review of file indicates the Final Order of Special Master has yet to be determined. Until that time, as far as DOC is concerned, the offender is not mobility disabled. If the Final Order of the Special Master does determine offender is mobility disabled, the AIC will deal with it at that time. Email to Shirley Steinbeck with these findings. |
| 01/09/09 | lam | **New Step 1 ADA grievance** D-AV08/09-048 received 01/09/09. Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 1/13/09 | Mg | Step 1 Grievance D-AV08/09-048 received 01/09/09 is not an ADA grievance. Memo to Grievance Coordinator at AVCF that this grievance is not an ADA matter and is being returned for proper routing. Copy of grievance attached to copy of memo. |
| 1/21/09 | MG | Email from Shirley Steinbeck with Final Order of Special Master. Review of Final Order. Final Order provides offender the "benefit of the doubt" and finds the offender mobility 'impaired' disabled. Call to Shirley Steinbeck that offender is considered mobility disabled, and that I will have the offender moved from AVCF and that I will prepare an Accommodation Resolution indicating offender is mobility disabled and provided housing at a designated facility and staff assistance during evacuation or emergency. Memo to offender with ADA forms to complete and submit for up dated accommodations for mobility disability. (I would like offender re-screened for the correct type of brace to receive.) Call to CM Vigil to encourage offender to complete the ADA forms I just mailed. Email to Shirley Steinbeck cc to HAS Paul Lastrella that I have asked the CM to request offender to complete the ADA forms and that I will prepare a new Accommodation Resoltuion to indicate the findings of the Special Master. I placed ADA Alert on DCIS. Prepare Accommodation Resolution for mobility disability and DNQ for vision per older Accommodation Resolution. (The question as to whether a brace should be placed on the resolution I think is premature. A review of the offender's Final Order suggests the offender may require a metal hinged knee brace and not a neoprene brace, since it is suggested the offender's kneed condition has worsened.) |
| 1/21/09 | MG | Accommodation Resolution sent to the AIC Cathie Holst for review and signature with copies of certain pages from Final Order. |
| 1/21/09 | MG | Received the Accommodation Resolution back from the AIC signed and dated 1/21/09. Accommodation Resolution sent to the CMO for signature. Calendared for 10 days. |
| 1/23/09 | MG | Email to Jim Moore Offender Services to move this offender from AVCF due to a mobility disability. |
| 1/26/09 | MG | Email from AIC Cathie Holst to please look into the email from BethAnn McCann at AG office. |

Cordova #57350
5

| | | |
|---|---|---|
| | | Email from BethAnn McCann at AG office. Beth requests I take a look at the offender's letter in which it states he is found mobility disabled by the Special Master Final Order. Email to BethAnn that I first learned of the Final Order on 1/21/09, and AR was prepared and signed by the AIC on 1/21/09, sent to the CMO. That an ADA packet was sent to the offender on 1/21/09 and that offender services had been contacted to move his offender from aVCF. |
| 1/26/09 | MG | Call from Jim Moore that offender will go to SCF. |
| 1/26/09 | MG | Call from CMO Paula Frantz stating she received and email from BethAnn McCann with questions about this offender's ADA Status. I outlined the situation created by the lack of notice by the AG office of the Final Order and that I am attempting to deal with it by creating an Accommodation Resolution for mobility disability, sending forms to the offender for another screening, and holding back on putting a brace on the resolution because I want to see if he needs more than a neoprene brace for the knee. |
| 1/28/09 | MG | Accommodation Resolution received from the CMO Dr. Frantz signed and dated 1/27/09. Process Accommodation Resolution to Montez, Internal ADA. Accommodation Resolution sent to administrative assistant to email to ADA Coordinator at facility. |
| 1/29/09 | MG | Call from Shirley Steinbeck that contrary to the Accommodation Resolution the offender is employed as a custodian. I informed Shirley that offender is moving next week and when he arrives at new facility he will be unemployed for a period of time. I ask Shirley to explain this to the offender that he will be moving to another facility and that is why his resolution states he is unemployed, however, offender can continue working at the custodian job and do the stairs, there is nothing on the resolution indicating he cannot do stairs, which is part of his work. |
| 1/29/09 | Mg | Call message from CM Vigil to please call him back. |
| 1/30/09 | MG | Call to CM Vigil. Vigil asks about offender's COPD violation for sitting down last October, should offender's Final Order of Special Master indicating he is mobility disabled be taken into account. I informed CM that a resolution indicating offender is mobility disabled would not necessarily include an accommodation for sitting and resting. If offender was in a wheelchair for instance then there would be many accommodations, but if offender just used a cane there might be just 2 or 3 accommodations which would not include sitting and resting. I also asked Vigil what the offender's letter meant by sitting in a handicap area, because AVCF is not designated for mobility or vision disability so what resting area is he referring to. CM Vigil said that is something he would have to look into. I also informed the CM that if offender is re-screened for mobility and the provider and CMO recommend that offender be allowed to sit and rest, say 15 minutes out of every hour, then offender might vindicated for this COPD violation. I stated the Special Master did not specify a sitting and resting period of time in the Final Order. I stated to CM Vigil that I know this information does not make his decisions about the violation easier. BUT I also stated that offender's last screening for mobility disability was July 2007. If offender had requested a rescreening for mobility disability after one year per the AR 750 then he may have been found disabled at that time and this whole thing could have been avoided, so offender bears responsibility to request the rescreening but he did not do that. |
| 2/2/09 | MG | Email to Joe Vigil that while he may fax copy of a new request for accommodation here, I require the original request made out by the offender. |
| 2/2/09 | MG | Email from Beth McCann that they are working and checking to make sure this situation does not happen again. Email to Beth, that if I had taken the low percentage occurrence of this kind of thing into account I would have softened the sound of the concluding sentences. |
| 2/2/09 | MG | Email from CM Vigil that he just faxed another copy of the request for accommodation and states he faxed first copy on Friday [the Friday fax not received].This Monday fax copy was received. |
| 2/2/09 | MG | Received offender's Request for Accommodation, Medical Release, and Functional Ability Questionnaire. Offender requests a disability screening for mobility. Offender requests knee braces for both knees. Offender stats he was provided a neoprene brace when he first came into DOC, and later received recommendation by Dr. Patterson for a hinged metal brace, now all have been removed. In addition, offender's Final Order indicates offender was informed by clinical services on 4/14/08 that he has diabetes. Scanned and sent offender's request, release, and questionnaire to clinical services to schedule a disability screening for mobility and diabetes with notes. [This request |

Cordova #573506

| | | |
|---|---|---|
| | | for screening of diabetes placed onto serial # 8841 from #8666 on 3/26/09.] Memo to offender with copies of the request and release for offender's records. |
| 2/3/09 | MG | Email from CM Vigil he will send the original request for accommodation through the facility mail. |
| 02/04/09 | lam | **New Step 1 ADA grievance** D-AV08/09-050 received 02/04/09.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 2/6/09 | MG | Received from officer of the Executive Director Ari Zavaras correspondence from offender regarding complaints about his claims of disabilities and the Final Order of Special Master. |
| 2/9/09 | MG | Notice received that offender is a holdover at DRDC and DRDC is aware of ADA accommodations for mobility. |
| 2/9/09 | MG | Email forward from Beth McCann and Jim Quinn requesting information on status of offender's finding by the Final Order of Special Master as mobility disabled? Jim requests information in order to prepare a statement for the court. |
| 2/9/09 | MG | Email to Jim Quinn and Cathie Holst with updated information on offender's DOC status of disability. |
| 2/10/09 | MG | Received offender's *original* Request for Accommodation, Medical Release, and Functional Ability Questionnaire dated 1/30/09. |
| 2/19/09 | ALJ | Offender movement report shows offender moved to SCF. Sent notification email to Steve May. |
| 2/24/09 | MG | Sent request by Clinical Services for ADA disability re-screening using new criteria for mobility and vision into ADA Montez PCDCIS electronic database. *[This request amended on 3/26/09 to include diabetes due to electronic system not allowing two requests for accommodation to be active at one time.]* |
| 2/25/09 | MG | Memo to Grievance Coordinator Cheryl Gaskill that Step 1 Grievance #D-AV08/09050 is being returned because offender did not have ADA alert on grievance, subject matter was not ADA related per CM Vigil, and offender at time of grievance was not considered disabled by DOC. |
| 3/10/09 | Mg | Call from Cheryl Gaskill asking where to send the step 1 grievance that was returned. I informed Cheryl that she is the grievance coordinator and asked where she would normally route a grievance that dealt with medical issues and complaints about clinical services. Cheryl stated she would send it to Clinical Services. |
| 3/11/09 | MG | Call to Lisa Sanchez that I inadvertently did not mark a claim of vision disability on the request for re-screening on 2/24/09, but that I added it just now on PCDCIS. |
| 03/11/09 | lam | **New Step 1 ADA grievance** D-SF08/09-141 received 03/11/09.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 3/13/09 | MG | Call to CM Vigil to ask if offender requested to opt out of the Montez facility housing as alleged in step 1 grievance just received. CM Vigil stated he received a letter/notice from the offender wanting to opt out on the same day offender was moved from facility. CM Vigil stated the letter was placed into the offender's working file that is now at SCF. |
| 3/13/09 | MG | Received from Darlene Hill AG office copy of a motion for relief filed in District Court. |
| 3/17/09 | MG | Received copy of Order of Special Master dated 12/22/08 regarding eye glass issue. A copy of this order was received earlier from the facility via Shirley Steinbeck on 1/8/09. |
| 3/18/09 | MG | Call to CM Dennis regarding the opt out notice from offender in the working file. CM Dennis at lunch at this time. |
| 3/18/09 | MG | Call to CM Dennis about the opt out notice offender stated he gave to CM at AVCF. Dan stated he sent email to AVCF CM Vigil to obtain the notice of opting out that the offender said he gave to Vigil, but has not heard back. I asked CM Dennis to email one more time to the CM Vigil and copy me on that email. And I stated I would email to him [CM Dennis] a copy of the opt out form. I asked Dennis to please have the offender complete the form, then have CM Dennis fax the form to me, and send the original by mail. CM Dennis agreed. Email Opt Out of Placement at Designated Facility to CM Dan Dennis at SCF. |
| 3/19/09 | MG | Email from CM Dennis that he received the opt out form, with additional information email from CM Vigil. CM Vigil reports the letter was received same day as offender was moved and placed into the CMIII's Office with all Internal Agency Mail. Dennis states to me he is not sure the notice was |

Cordova #57350
7

| | | |
|---|---|---|
| | | lost in the works or not but will process the opt out form. |
| 3/19/08 | MG | Response sent to correspondence received 2/6/09 (regarding correspondence sent to Executive Director). |
| 3/20/09 | MG | Received from Darlene Hill AG office a letter and affidavit (a request for Injunction) from offender's claim of violation of Montez. |
| 3/20/09 | MG | Received from AIC Cathie Holst and Jim Quinn at AG office copy of letter and affidavit received from Darlene Hill at AG office. Cathie and Jim both request a response to Jim Quinn. |
| 3/20/09 | MG | Call to Lisa Sanchez Clinical Services to inform her that this offender's 1st mobility screening is complete but a vision screening needs to be done on the same RFA for re-screening. Also that a diabetes test needs to be done on the offender's prior RFA. |
| 3/20/09 | MG | Email #3 to Provider Gatbel Chamjock and CMO Frantz to please remember to screen this offender for diabetes as requested on the RFA sent to Clinical Services on 2/2/09, and to also screen offender for vision that was in the RFA sent to clinical services for re-screening on 2/24/09. Email #4 to Eugene Gonzales CMIII at AVCF and Shirley Steinbeck ADA Coordinator to please look for the notice to opt out that offender gave to CM Vigil. Email #5 from CM Gonzales that the notice is not there, to check with SCF CM and HQ Records. Email forward to CM Dennis and Steve May to take another look for notice. Call to Tom Kolle at Records HQ with request to look for notice dated beginning of February. |
| 3/20/09 | MG | Email to Jim Quinn cc to Cathie Holst with information regarding the affidavit and letter received at the AG office. This email contains attachment of correspondence response sent to offender on 3/18/09. Email to Jim Quinn returned as undeliverable. Email intended for James Quinn sent to Darlene Hill at AG office to please forward to Jim Quinn. |
| 3/23/09 | MG | Email from Gatbel Chamjock regarding a vision screening being scheduled by Nicole. Email forward to Lisa Sanchez the email from Gatbel asking her to please assist with vision screening schedule for this offender. |
| 3/23/09 | MG | Email from CM Dennis. Dennis checked the working file again with no luck finding the notice to opt out. Dennis also states that offender won't sign the opt out form because it opts him out of Montez altogether (including accommodations) and only wants to opt out of placement. |
| 3/26/09 | MG | Request for screening of diabetes placed onto serial # 8841 from #8666 on 3/26/09. This is due to electronic system not able to have two active requests for accommodation on the same offender at the same time. Serial # 8841 will now have screenings for mobility, vision, diabetes. This action was okayed by Lisa Sanchez Clinical Services. |
| 3/30/09 | MG | Email forward from AIC with offender's attached letter to the court filed 3/16/09. Email forward from Beth McAnn with attached letter/motion for relief to the court from the offender. Beth asks Cathie and Jim to "perhaps' respond and file something. This motion for relief received today was also received 3/13/09. |
| 04/06/09 | lam | **New Step 1 ADA grievance** D-SF08/09-151 received 04/06/09. Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 4/6/09 | MG | Email to Cheryl Smith with questions related to grievance D-SF08/09-151, if offender's had their personal eyeglasses grandfathered in at previous facility do they retain their personal eye glasses at the new facility. |
| 4/6/09 | MG | Email from Cheryl Smith stating she does not know of any "grandfather" clause or authorization and to please provide her with names and numbers of offenders in question for her to research. |
| 4/6/09 | MG | Email to Cheryl Smith with information to research claim of "grandfathering" glasses.<br><br>Email from Cheryl Smith that if the personal eyeglasses were left with offender at previous facility then it was an error that should not be continued at new facility and she will check into it more. |
| 04/08/09 | lam | Copy of Step 1 ADA grievance D-SF08/09-141 received. Grievance was signed by C. Holst 04/05/09 and returned to Legal Assistant Marshall Griffith 04/07/09. **Original grievance and response** sent to facility on 04/08/09. Copy filed in AIC file. |
| 4/10/09 | MG | Received correspondence from offender with more issues surrounding the Final Order and duplication of issues from previous correspondence. |

Cordova #57350
8

| 4/13/09 | MG | Email received forward through Cheryl Smith from Paul Lastrella with research of offender's personal eye glasses. |
|---|---|---|
| 04/21/09 | TB | Original Step 1 ADA grievance received from SCF:  D-AA08/09-141.  Grievance was **signed by offender** 04/14/09 and returned.  Received by AIC 04/20/09 and original routed to AIC file. |
| 04/23/09 | TB | Copy of Step 1 ADA grievance D-SF08/09-151 received.  Grievance was signed by C. Holst 04/23/09 and returned to Legal Assistant Marshall Griffith 04/23/09.  **Original grievance and response** sent to facility on 04/24/09.  Copy filed in AIC file. |
| 4/24/09 | jbc | Received pink copy of Final Order of Special Master 4/24/09 which was reviewed and determined it did not require a new or revised Accommodation Resolution. |
| 4/28/09 | MG | Email and Order of Special Master received through the AIC from Beth McCann. This regards the claimant seeking information about jurisdiction. Email back to Beth that the latest ambulatory encounter indicates offender is probably not diabetic. |
| 5/1/09 | MG | Email to Paul Lastrella at AVCF for information if offender had any medical and or work restrictions at AVCF for 6 months prior to being moved. Email to CM Dan Dennis for information about allegation regarding offender not being allowed to go to church services, information about job assignment and direction from CM, any conversation about loss of privileges. Review of PCDCIS ADA evaluation indicates that the provider states that offender DOES NOT HAVE DIABETES. |
| 5/5/09 | Amc | Received Step 2 ADA Grievance #D-SF08/09-151 for response.  Due 5-31-09 |
| 5/8/09 | Amc | Response to Step 2 ADA Grievance #D-SF08/09-151:  Denied – Offender Cordova has filed duplicative and repetitive grievances on this issue (D-AV04/05-153 Step 1, D-AV07/08-131 Step 1, D-AV07/08-131 Step 2, and D-AV07/08-131 Step 3) and failed to request relief in this Step 2. Additionally, issues addressed in this Step 2 are not associated with any ADA accommodations for his qualifying mobility disability.  Grievance denied on procedural grounds.  Saved to AIC file, AIC e-file, and e-file. |
| 5/7/09 | Amc | Received Step 2 ADA grievance #D-SF08/09-141 for response.  Due 6/1/09 |
| 5/11/09 | Amc | Response to Step 2 ADA Grievance #D-SF08/09-141:  Offender Cordova claims the AIC is non-compliant with the Opt-Out clause of the ADA Remedial Plan, causing him pain, suffering, and delayed medical care for diabetes.  The Opt-Out Notice form that he claims to have signed cannot be located in either the working file or the HQ Offender Records file. He is being re-screened for mobility, vision and diabetes.  It cannot be determined that DOC or SCF Clinical Services was or is deliberately indifferent to his medical conditions and no relief can be recommended.  Saved to AIC File, AIC e-file and e-file. |
| 05/12/09 | TB | Copy of Step 2 ADA **grievance** D-SF08/09-141 **and response** received.  Grievance was answered by Grievance Officer Anna Cooper 05/11/09.  **Original grievance and response** sent to facility on 05/12/09.  Copy filed in AIC file. |
| 5/12/09 | MG | Call to AVCF Medical. I asked Cindra Martinez to provide me with information about offender's claims of medical restrictions. Did offender have a lower bunk, no stairs, or no heavy lifting restriction? Cindra stated that after she reviewed the computer she found no lower bunk restriction, stair restriction or heavy lifting restriction for any date while offender was at AVCF. Cindra stated I could contact Nicole Wilson at SCF for her to check the medical records. Call to Nicole Wilson at SCF for a check of offender's possible medical restrictions. Nicole retrieved file and reported that offender had no restrictions during 6 months prior to moving to SCF. Nicole stated there was a 7/20/07 lower bunk restriction but that this was temporary because it is not current and was not operational for the last 6 months offender was at AVCF. |
| 5/14/09 | MG | Sent response to correspondence received 4/10/09 which duplicates many claims by offender is previous correspondence involving the Final Order of Special Master. |
| 06/02/09 | lam | Original Step 2 ADA grievance received from SCF: D-SF08/09-151.  Grievance was signed by offender 05/26/09.  Received in AIC 06/02/09 and original routed to AIC file. |
| 06/10/09 | TB | Original Step 2 ADA grievance received from SCF: D-SF08/09-141.  Grievance was signed by offender 05/22/09.  Received in AIC 06/10/09 and original routed to AIC file. |
| 6/17/09 | jbc | Received copy of memo from Clinical Services that Offender's disability determination is being |

Cordova #57350
9

| | | delayed. Filed in Offender's file in AIC office. |
|---|---|---|
| 6/25/09 | jbc | Received Chief Medical Officer Verification of Disability and Recommended Accommodations from Clinical Services. Form scanned and qc'd into electronic system. Hard copy placed in Offender's file in AIC office. |
| 07/02/09 | lam | **New Step 1 ADA grievance** D-AF08/09-212 received 07/02/09.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 7/13/09 | MG | Email from Carol Soares for Warden Milyard at SCF with request for information about offender's claim that he was denied to opt out of Montez and wanted to remain at AVCF. (Offender sent the warden a letter.)<br><br>Email to Carol that I will scan and send the information tomorrow which involved grievance and correspondence responses. |
| 7/14/09 | MG | Email to Carol Soares with step 1 and step 2 grievances and responses, two correspondence responses sent to offender, and one email sent to James Quinn at the AG office. This information sent to assist SCF understand offender's move from AVCF to SCF and background to the situation. |
| 7/15/09 | MG | Email to CM Dennis and ADA Coordinator Steve May for information as to whether offender is following procedure for seeking a job assignment (AR 850-03). |
| 7/15/09 | jbc | Received Chief Medical Officer Verification of Disability and Recommended Accommodations from Lisa Sanchez in Clinical Services. Form scanned and qc'd into electronic system. Hard copy placed in Offender's file in AIC office. |
| 7/15/09 | MG | Email from CM Dennis stating that offender "wants us to create an ADA porter position, of which none exist. Offender does not have a janitorial certificate, so he could not be a regular porter. Offender does not want equal access, he wants special access." |
| 7/23/09 | jbc | Received copy of memo to Offender from Joan Shoemaker in Clinical Services notifying the Offender that his disability determination is being delayed. The memo is dated 7/22/09. |
| 07/27/09 | TB | Copy of Step 1 ADA grievance D-SF08/09-212 received.  Grievance was signed by C. Holst 07/24/09 and returned to Legal Assistant Marshall Griffith 07/27/09.  **Original grievance and response** sent to facility on 07/27/09.  Copy filed in AIC file. |
| 7/28/09 | MG | Received Order of Special Master from Darlene Hill AG office: order denies offender's motion regarding eye glasses. |
| 7/28/09 | MG | Email received from Director of Prison Operations Robert Cantwell forward through the AIC. Email outlines description Mr. Cantell sent regarding offender's assault on staff at SCF on 7/27/09. Offender's assault on staff resulted from offender claiming to have medical restrictions. Staff checked DCIS and could not verify the restrictions. Offender refused to move from office after several direct orders. When officer instructed another officer to assist offender sit down, the offender resisted, which resulted in a struggle, offender swinging at officer, use of EID, and other officers being utilized to control offender. Offender was escorted to medical.<br><br>Email from the AIC Cathie Holst asking about offender's ADA status and a Final Order of Special Master.<br><br>Call from the AIC Cathie Holst to discuss offender's ADA status and Final Order of Special Master. I reported that offender was found to be mobility disabled by Special Master in a Final Order but was found not to be vision disabled. AIC states that staff reported looking at DCIS and not finding medical restrictions as claimed by offender. I informed the AIC that on PCDCIS the ADA re-screening evaluation indicated that the provider and CMO agreed that offender is not disabled for mobility (although offender was found disabled by final order of special master) or vision and that the CMO determined, after further testing, that offender does have diabetes. AIC requested that I prepare an Accommodation Resolution as soon as possible and to review DCIS as to what restrictions the offender was speaking of. (My DCIS was currently unavailable because of a computer change yesterday and BT had not changed my IP address to allow DCIS.)<br><br>Review of DCIS QTADS medical page, after phone call, indicates offender has the accommodations for diabetes listed on left side of, and assistance during emergency and or evacuation, and that no vision accommodations are necessary. However QTADS first page prints up temporary accommodations for diabetes on the left side, and does state no vision accommodations necessary. |

Cordova #57350
10

| | | |
|---|---|---|
| | | On the right side, under Disabilities it lists, vision and diabetes. |
| | | AIC requests email response to the questions about DCIS restrictions, and to prepare a new Accommodation as soon as possible using new language for Final Order of Special Master. |
| 7/28/09 | MG | CMO portion of ADA re-screening for vision and mobility complete. CMO portion of diabetes screening is also complete. |
| | | Review of DCIS indicates the information that was completed on PCDCIS ADA Evaluation was correctly moved over to DCIS. |
| | | Email to AIC Cathie Holst with review of findings of PCDCIS and DCIS. I stated that Adrienne and I reviewed PCDIS and could find no listings of ADA accommodations or medical restrictions, and that I only thought of that as a possibility, not upon a memory from months ago, but because PCDCIS has information provided in different colors. |
| | | Prepare new Accommodation Resolution. Offender confirmed for diabetes, does not have a vision disability, offender does have a mobility disability per Final Order of Special Master. Offender to receive standard mandated accommodations for mobility disability and all accommodations for diabetes. |
| 7/28/09 | MG | Accommodation Resolution sent to the AIC for review and signature. |
| 07/31/09 | TB | **New Step 1 ADA grievance** D-SF09/10-018 received 07/31/09.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 8/3/09 | MG | Received Provider ADA screening forms off Q drive, offenders glucose test for diabetes, confirmed for diabetes. |
| 8/3/09 | MG | Accommodation Resolution received signed and dated by the AIC 8/3/09. |
| | | Memo to the CMO DR. Frantz with the Accommodation Resolution to review and sign. Calendared for 10 days. |
| 8/6/09 | jbc | Received signed Accommodation Resolution back from Dr. Frantz. Scanned and qc'd into electronic system. Published on DOCnet. Returned to Legal Assistant Marshall Griffith for further processing. |
| 08/13/09 | lam | Accommodation Resolution e-mailed to Steve May, ADA Coordinator for SCF.  Copy on yellow paper sent to Tom Kolle for working file. |
| 08/13/09 | TB | Original Step 1 ADA grievance received from SCF:  D-SF08/09-212.  Grievance was **signed by offender 08/06/09** and returned.  Received by AIC 08/13/09 and original routed to AIC file. |
| 08/14/09 | Tb | **New Step 1 ADA grievance** D-SF09/10-030 received 08/14/09.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 8/26/09 | jbc | Copy of Step 1 ADA grievance D-SF09/10-018 received. Grievance was signed by C. Holst 8/20/09 and returned to Legal Assistant Marshall Griffith 8/21/09.  **Original grievance and response** sent to facility on 8/26/09. Copy filed in AIC file. |
| 8/26/09 | jbc | Refused copy of Refusal to Participate in ADA Screening Process Form (ORS) signed by Offender from Clinical Services. Scanned and qc'd into electronic system. Hard copy placed in Offender's file in the AIC office. |
| 9/3/09 | JMS | Copy of Step 1 ADA grievance D-SF09/10-030 received.  Grievance was signed by C. Holst 9/2/09 and returned to Legal Assistant Marshall Griffith 9/2/09.  **Original grievance and response** sent to facility on 9/3/09.  Copy filed in AIC file. |
| 09/16/09 | TB | Original Step 1 ADA grievance received from SCF:  D-SF09/10-018.  Grievance was **signed by offender** 09/03/09 and returned.  Received by AIC 09/15/09 and original routed to AIC file. |
| 09/28/09 | TB | New Step 2 ADA grievance D-SF09/10-018 received 09/28/09.  Logged and routed grievance to the Director of Prison's Office 09/28/09 for review and response. |
| 10/16/09 | JMS | New Step 2 ADA grievance D-SF09/10-030 received 10/16/09.  Logged and routed grievance to the Director of Prison's Office 10/16/09 for review and response. |
| 10/22/09 | JMS | Original Step 1 ADA grievance received from SCF:  D-SF09/10-030.  Grievance was **signed by offender** 9/11/09 and returned.  Received by AIC 10/22/09 and original routed to AIC file. |
| 10/26/09 | MG | Call from Carol Kromer OS. Offender going to court. I informed Carol that offender is diabetic, and may need insulin, I don't have charts, but transport should be alert to this. Also offender has a |

Cordova #57350
11

| | | |
|---|---|---|
| | | mobility disability, but does not have assistive devices, no vision disability. I informed Carol that staff should document any incidents along the way if offender complains about something regarding his handling. |
| 10/29/09 | JMS | Copy of Step 2 ADA **grievance** D-SF09/10-018 **and response** received.  Grievance was answered by Tony Carochi 10/26/09.  **Original grievance and response** sent to facility on 10/26/09.  Copy received in AIC office 10/29/09.  Copy filed in AIC file. |
| 11/24/09 | MG | Call from Carol Kromer Court Services. Offender is diabetic and is considered to have a mobility disability. |
| 12/1/09 | JMS | Original Step 2 ADA grievance received from SCF: D-SF09/10-018.  Grievance was signed by offender 11/5/09.  Received in AIC 12/1/09 and original routed to AIC file. |
| 01/05/10 | lam | **New Step 1 ADA grievance** D-SF09/10-167 received 01/05/10.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 1/6/09 | MG | As a result of granting the above named grievance, email to Inmate Banking to credit this offender's account for $3.00 co-pay charge that was in error. |
| 01/07/10 | lam | Copy of Step 1 ADA grievance D-SF09/10-167 received.  Grievance was signed by K. Baxter 01/06/10 and returned to Legal Assistant Marshall Griffith.  Grievance and response scanned to e-file, **original grievance and response** sent to facility on 01/07/10. |
| 01/20/10 | lam | **New Step 1 ADA grievance** D-SF09/10-180 received 01/20/10.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 01/20/10 | lam | Original Step 1 ADA grievance received from SCF: D-SF09/10-167.  Grievance was **signed by offender** 01/12/10 and returned.  Received by AIC 01/20/10 and original routed to AIC file. |
| 1/22/10 | MG | Received from Darlene Hill AG office copy of offender's most recent letter to the court. |
| 01/27/10 | lam | Copy of Step 1 ADA grievance D-SF09/10-180 received.  Grievance was signed by K. Baxter 01/27/10 and returned to Legal Assistant Marshall Griffith.  Grievance and response scanned to e-file, **original grievance and response** sent to facility on 01/27/10. |
| 02/01/10 | lam | **New Step 1 ADA grievance** D-SF09/10-184 received 02/01/10.  Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 2/4/10 | Mg | Research into most recent grievance indicates offender was charged for ADA exam which is contrary to DOC policy<br><br>Email to Nicole Wilson and Beverly Dowis to have staff please review DOC policy.<br><br>Email from Nicole Wilson that this charge was not made by a provider and there was no appointment. She contacted Banking and learned that the error was made there, a credit was supposed to be made, instead it was a withdrawal. This will be "reversed" by Banking. |
| 02/04/09 | lam | Copy of Step 1 ADA grievance response received: D-SF09/10-184.  Grievance was signed by K. Baxter 02/04/10 and returned to Legal Assistant Marshall Griffith.  Grievance and response scanned to e-file, **original grievance and response** sent to facility on 02/04/10. |
| 02/11/10 | lam | New Step 2 ADA grievance #D-SF09/10-180 received 02/11/10.  Logged and routed grievance to the Director of Prisons Office 02/11/10 for review and response. |
| 2/11/10 | MG | **Received from Darlene in AG office an Order by Judge Kane to respond to concerns in court documents (3483-3484-3857-4031) and to concerns articulated by the Special Master (3885-4026).**<br>**Call to Darlene Hill at AG office. Darlene will scan and email the documents listed above in the order to me for assistance focusing on the issue (because the issue is vague to me at this point). I informed Darlene that if this is the personal glasses issue (photo gray issue) then this is quite old. That I investigated the offender's claim about having his glasses removed when he moved to SCF. But that all I could determine was that the offender was resurrecting the same photo gray personal glasses issue as if it were a new issue brought up on by his moving from AVCF to SCF.** |
| 2/16/10 | MG | **Received from Darlene Hill series of scanned documents for review. Point of correction: the Minute Order by Judge Kane involves several documents. Document listed as 3471 is actually 3741.** |

Cordova #57350
12

| 2/16/10 | MG | Staff with acting AIC Katie Baxter the documents received from Darlene Hill AG office. I was informed that this is a legal question, one that was asked several times by the acting AIC, but for which she did not receive an answer. The legal question has to do with the language in the Stipulation. |
|---|---|---|
| **2/16/10** | **MG** | **Email to Darlene Hill, James Quinn, and Berina I. that this is a legal question and not a specific issue that can be answered by review of the AIC file.** |
| 02/17/10 | lam | Original Step 1 ADA grievance received from SCF:  D-SF09/10-180.  Grievance was **signed by offender** 02/02/10 and returned.  Received by AIC 02/17/10 and original scanned to AIC file. |
| **2/18/10** | **MG** | **4 Emails from/to Berina Ibrisagic at AG office. Berina requests information related to the "glasses" issue that offender is reviving with Judge Kane. Berina requests copies of the worksheet, information related to the claim that "glasses" were removed when offender was moved from AVCF to SCF(found in grievances), and claim of Ad/Seg issue, and AR's 850-06 and 700-05 when offender first came into DOC.**<br>**Email 5 to Berina that I will round up information and get it to her as soon as I can.** |
| 2/18/10 | MG | Request ad/min asst. Jan Brock to please copy entire section of documents from the grievance section of AIC file.<br>Call to Lisa Thayer for copies of the AR 850-06 and 700-05 when offender first came into DOC. I also ask for the same AR's for 4/2005 when offender first started grieving the issue. Lisa stated she would call me back.<br>Review of grievances to scan and send to the AG.<br>Emails from Lisa Thayer received with AR's requested by AG office. (AR 405-5 1983 renumbered and replaced by AR 700-5, Executive Directive 10/2004 re: Optometry scope of service,  AR 700-5 8/2004, AR850-06 11/2004). |
| **2/18/10** | **Mg** | **Email to Berina at AG office 5 emails with attachments (had to separate out due to overload of email capacity). Sent were the AR's requested, Worksheet requested, 3 sets of grievances.** |
| 02/24/10 | lam | Original Step 1 ADA grievance received from SCF: D-SF09/10-184.  Grievance was **signed by offender** 02/11/10 and returned.  Received by AIC 02/24/10 and original scanned to AIC file. |
| 2/25/10 | Mg | Email from Nicole Wilson with questions about the grievance #167 involving co-pay issues.<br>Email to Nicole Wilson that I did provide refund, because the clinical services response stated, " refused to complete ADA physical" and that we do not charge for those appointment refusals. |
| 3/12/10 | MG | Call from Berina in AG office. Does offender have glasses now? Were any glasses removed from offender when he arrived at SCF from AVCF? |
| 3/12/10 | MG | Email to Bev Dowis and Nicole Wilson with 3 questions: 1) does offender have any prescription glasses from medical at SCF now? 2) were any glasses removed from offender when he arrived at SCF from AVCF 3) do you have any information about when offender may have had anti glare photo gray glasses removed from him at any time (prescription or non-prescription)? |
| 3/12/10 | MG | Email with attachment to Berina at AG office with scans of an assortment of documents from the offender's file placed in chronological order from most recent to most dated. I informed Berina that I have not received the email information from SCF yet but when it comes in I will forward. |
| 3/15/10 | MG | Email to SCF for information requested on 3/12/10. |
| 3/16/10 | MG | Email from SCF Melissa Peck that offender arrived at SCF with two pairs of glasses, one personal and one DOC issue. The personal pair of prescription glasses were removed because inmate is allowed to keep the DOC issue and must dispo out the personal pair. |
| 3/16/10 | MG | Email to Berina at AG office with information from SCF and the glasses. |
| 3/16/10 | MG | Email from/to Sherri Ingles if I need more information from SCF about glasses. I responded that I need to know what kind of personal glasses were  removed from offender, prescription photo gray or transitions or what. |
| 3/16/10 | MG | Email from/to Berina that I am asking for more specific information from SCF. |
| 3/17/10 | MG | Email from/to Melissa Peck. Melissa states there is no information as to what kind of glasses they were. Email back to Melissa that I would like info and whether he mailed them out, or what. Email to/from that she is trying to locate information about what happened to the glasses. Email response was that it is important to be able to show the Federal Judge that DOC follows its own policies and that it can be documented. |
| 3/17/10 | MG | Email from/to Cathy Lovell that there is no documentation as to what happened to the glasses, she |

Cordova #57350
13

| | | asks about the next step? I advised that I have to put her question on hold for now. I forwarded the entire message to Berina at the AG office. |
|---|---|---|
| 3/17/10 | MG | Email from Berina that we will have to wait and see what the Judge says. |
| 03/22/10 | lam | Copy of Step 2 ADA **grievance** D-SF09/10-180 **and response** received in Legal Services on 03/22/10. Grievance was answered by Tony Carochi 03/19/10. Grievance and response scanned to e-file. |
| 03/22/10 | lam | Call from Carol in Court Services asking if this ADA offender needed any special accommodation for being transported. Reviewed most recent Accommodation Resolution; it appears that the offender is a diabetic but also has mobility disability (per special master order), requires assistance during cuffing/shackling plus when embarking and disembarking transport. |
| 4/1/10 | MG | Email from Beth McCann with Judge Kane's Order regarding offender's motion to include offenders with eyeglasses into Montez, and issue of offender's individual photo gray tinted glasses. Judge Kane tells offender you don't always get what you want. |
| 04/05/10 | lam | Original Step 2 ADA grievance received from SCF: D-SF09/10-180. Grievance was signed by offender 03/26/10. Received in AIC 04/06/10 and original scanned to AIC file. |
| 4/22/10 | MG | Received from Darlene Hill AG office Final Order of Special Master dismissing offender's claim in its entirety. |
| 4/23/10 | MG | Received another Order of Special Master dismissing offender's motion for DOC to comply with Montez Remedial Plan. |
| 5/7/10 | MG | Email from Darlene with attachment of Judge Kane's order affirming Special Master Final Order. |
| 05/20/10 | lam | Received request from Darlene Hill at the Office of the Attorney General for copy of ADA file on this offender. Copied physical file plus all information saved in e-file, saved to disc and sent to Darlene on 05/20/10 via FedEx. Tracking #7935 6243 7886. |
| 6/16/10 | MG | Email with attachment from Darlene Hill AG office with letter from offender alleging non-compliance. |
| 7/19/10 | jbc | Received Special Master's Order dismissing new claim dated 5/7/10 from Darlene Hill. Saved to efile. |
| 8/18/10 | MG | Email from/to Supervisor Sommerfeld with AAF. |
| 8/19/10 | MG | Email from/to Otilia: offender requests copy of the AAF is that okay, I said it is okay only if they do it for the other offenders, Otilia states they provide form to offenders if we say it is okay then they do. |
| 09/23/10 | lam | **New Step 1 ADA grievance** D-SF10/11-062 received 09/23/10. Logged and routed grievance to Legal Assistant Marshall Griffith for review and response. |
| 09/29/10 | lam | Copy of Step 1 ADA grievance and response received: D-SF10/11-062. Grievance and response scanned to e-file, **original grievance and response** sent to facility on 09/28/10. |
| 10/19/10 | lam | Original Step 1 ADA grievance received: D-SF10/11-062. Grievance was **signed by offender** 10/07/10 and returned. Received by AIC 09/10/10 and original scanned to AIC file. |
| 11/24/10 | lam | Copy of Step 2 ADA **grievance** D-SF10/11-062 **and response** received in Legal Services on 11/24/10. Grievance was answered by Joan Shoemaker 11/01/10. Grievance and response scanned to e-file. |
| 11/30/10 | lam | Original Step 2 ADA grievance received: D-SF10/11-062. Grievance was **signed by offender** 11/19/10. Received via e-mail in the Office of the AIC 11/30/10 and scanned to e-file. |
| 2/9/11 | MG | Email from AG office with attachment & notice of intent to preserve all information in the file.. |
| 2/9/11 | vf | Saved Email and Notice Of Intent to Email file. |
| 2/28/11 | mar | Call from Wes Wilson at SCF: he is collecting information in order to respond to a letter from offender's family. One of the concerns is that offender is not being refused lower tier/bunk housing. Review of file indicates that offender was determined disabled per special master; but that offender refused to cooperate with the mobility disability screening which would have been one way for the offender to be granted those restrictions. Advised Wes offender can choose to cooperate with the AIC and request such restrictions through the screening process, but it is not required in order to receive these restrictions; he can go directly to CLS. Per Wes, offender is nearly 70 years old and housing staff should have also considered this in placement. He will look into it and ensure that if approved, restrictions are documented. |

Cordova #57350
14

| 5/15/12 | JR | Email from class counsel inquiring about allegations in offender's complaint filed with the court. Upon initial review of file, the offender's disability status regarding mobility & diabetes are correctly documented and benefits are appropriate according to most recent information as noted in chron entry above on 2/28/11 by MR. I did find an audiology report provided by clinical services in February that does not correspond to any RFA received by offender who does appear to have been provided a hearing aid so will most likely qualify as a hearing impaired class member. CLS did provide the report indicating they referred offender to be screened however no RFA has been received to date. Forms will be sent to offender w/memo advising him he must complete to determine appropriate benefits but must cooperate as he has history of refusing process. |
|---------|-----|---------|
| 7/10/12 | Kdw | Processed RFA A and distributed to Legal Assistant. |
| 7/12/12 | mar | Reviewed offender's request: wants accommodation related to hearing and other non-accommodation items and actions. Approved assistance with PA announcements based on Audiogram in file, although offender is not a hearing class member. Denied all other requests with information, drafted new ALR as it was incorrect/outdated. Sent request report to facility to serve offender. |
| 2/18/13 | mar | Offender filed a motion with the US Dist Court under Montez, entitled Judicial Notice. He points out his knee braces were taken, he received a COPD conviction and then didn't receive a replacement (1) until 12/12. Property shows he had a brace with metal and unauthorized expired meds, and he's had a brace on property since 2009. The RP language he points to was not in place at the time he entered DOC in 1992. Says AIC isn't responding to his hearing aid accommodation request. Offender has hearing accommodation, but has never submitted form B. Forwarded info to AG's office. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Duggan #156278
1

# ACCOMMODATION WORKSHEET
### (revised & effective February 2006)

| NAME | **DUGGAN, Rocky** | DOC # | **156278** |
|---|---|---|---|
| FACILITY | **CTCF** | DATE OPENED | **12/8/11** |
| DISABILITY | **Mobility, Diabetes** | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 12/8/11 | jbc | Received initial intake from DRDC. Saved to efile. Received RFA, saved to efile, and qc'd. Updated AIC database. Requested screening from Clinical Services. |
| 12/9/11 | jbc | Received follow-up from DRDC. Saved to efile. Published temporary AR on DOCnet. |
| 12/13/11 | mar | Call from Swift in OS: offender will be placed at CTCF. |
| 7/27/12 | JR | Work order requested to re-open ATS report in tracking system due to glitch disabling approved accommodations to show up.  I could see a report was entered but could not access due to error message. |
| 7/31/12 | JR | Completed revised ALR and sent to facility along with new ATS report. |
| 5/20/13 | JR | Phone call from Nathan Algien in OS who is assigning offender to SCF |
| 7/17/13 | JR | Phone call from OS who is wait listing offender for CTCF. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Ekmekjian #160956
1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | EKMEKJIAN, Hovsep | DOC # | 160956 |
|------|-------------------|-------|--------|
| FACILITY | SCF | DATE OPENED | 4/12/13 |
| DISABILITY | Diabetes | PROVIDER | |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 4/12/13 | mar | Requested DM screening, sent MTO-RFS. |
| 5/9/13 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Erwin #111226
1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | ERWIN, RODNEY | DOC # | 111226 |
|---|---|---|---|
| FACILITY | FCF | DATE OPENED | 6/27/06 |
| DISABILITY | DIABETES | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 6/27/06 | DC | Sent Diabetic ADA Instructions and forms to offender 6/26/06. Calendared for 30 days. |
| 3/8/07 | JR | File audited by Julie Russell |
| 3/8/07 | JR | Offender discharged 7/10/06 |
| 5/29/07 | MG | File audited by Marshall Griffith. |
| 3/12/08 | MG | Received Initial Intake ADA Screening Form from PCDCIS. Offender identified having history of diabetes. No diabetic accommodations necessary. |
| 3/12/08 | MG | Received scan copy of offender's Request for Accommodation and Medical Release dated 3/12/08. Offender claims to be recently diagnosed diabetic, controlled with medications, requests no accommodations at this time. |
| 3/13/08 | MG | QC'd the request and release to Clinical Services to schedule a disability screening. |
| 3/17/08 | MG | Received and printed Follow Up Intake ADA Screening Forms dated 3/14/08. Offender identified with history of diabetes, no diabetic accommodations necessary. |
| 3/19/08 | MG | Received offender's original Request for Accommodation and Medical Release. |
| 3/25/08 | ALJ | Phone call from Scharon Swift, offender needs permanent facility. Approved move to BVMC since non-insulin dependent and only has 4 month sentence. |
| 4/3/08 | KB | Telephone call from Carol Kromer, Court Services.  Offender is scheduled to go out to court.  Advised Carol he is diabetic with no needs. |
| 4/18/08 | MG | Completed and printed the ADA Evaluation. Offender identified as having diabetes, no accommodations required. Prepare Accommodation Resolution. Memo with Accommodation Resolution sent to the CMO Dr. Frantz for review and signature. Calendared for 10 days. |
| 4/28/08 | MG | Received Accommodation Resolution signed and dated by the CMO Dr. Frantz on 4/25/08. |
| 4/29/08 | MG | Accommodation Resolution sent to the AIC for signature. |
| 04/30/08 | lam | Received signed Accommodation Resolution from AIC Cathie Holst. Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 and 7 1/2) Offender, (8) Copy to offender records – HQ records, and (9) Copy to CMO – HQ. Memo to offender with Accommodation Resolution. |
| 5/8/08 | MG | Email from BVCF staff that offender was served the resolution on 4/29/08. |
| 5/19/08 | tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to DRDC facility litigation coordinator for immediate delivery to offender. |

Erwin #111226
2

| 7/7/08 | MG | Just received the Provider ADA Screening forms dated 3/13/08. Provider screening forms indicates same as the findings on the ADA Evaluation. Offender is diabetic with no complications. The Provider ADA Screening Forms should have been received before an Accommodation Resolution was prepared. |
|--------|----|---------------------------------------------------------------------------------------------------------------|
| | | Scanned and sent Provider ADA Screening Forms to Clinical Services. |
| 07/15/08 | lam | Prepared revised Accommodation Resolution language pursuant to April 2008 Stipulation, with a copy sent to e-file & original to AIC for signature, then to Dr. Frantz for signature. |
| 07/21/08 | lam | Accommodation Resolution was signed 07/17/08 and received from AIC Holst the same date.  Form was routed to clinical services for signature 07/21/08 for CMO signature. |
| 08/07/08 | lam | Signed Accommodation Resolution received from Dr. Frantz in Clinical Services dated 07/30/08 and received in legal services 08/07/08. |
| 08/08/08 | Rlp | Accommodation Resolution e-mailed to Walt Ahrens, Facility Litigation Coordinator for BVMC on 08/08/08. |
| 09/15/08 | lam | It appears that I was not informed at the time of the project that a copy of each Resolution is to be sent to the working file when the AR is e-mailed to the Facility Litigation Coordinator.  During a conversation with Baxter, she advised that a copy every Resolution must be sent on yellow paper to Kolle for the working file for each of the offenders involved in the Diabetic AR project.  Sending said copy to Kolle in records on this date. |
| 2/2/09 | MG | Call from Rex Kohl Offender Services. Offender approved to go to AVCF. |
| 2/10/09 | MG | Email to Shirley Steinbeck AVCF ADA Coordinator that offender moved from BVCC to AVCF on 2/9/09. |
| 8/26/09 | PEK | Received offender movement report dated 8/25/09.  Printed and saved report to file.  Offender moved from AVCF to Parole –GJ.  Updated AIC and movement tracking databases.  Sent email to Parole ADA coordinator as notification of same.  Printed and saved email to file. |
| 3/5/10 | PEK | Received offender movement report dated 3/4/10.  Offender moved from PAROLE-GJ to PAROLE-SE.  AIC and movement tracking database updated. As this move was still within the supervision of Parole, the ADA coordinator was not notified. |
| 03/28/11 | lam | Received offender movement report dated 03/25/11.  Offender moved from HISTORY to JAIL BACKLOG.  DCIS shows this is a temporary move, therefore no information was entered into the databases, and the ADA coordinator was not notified. |
| 3/29/11 | jbc | Received initial intake from DRDC. Saved to efile. Received RFA, saved to efile, and qc'd. Prepared MTO-RFS. Updated AIC database. Requested screening from Clinical Services. |
| 03/30/11 | lam | Received offender movement report dated 03/29/11.  Offender moved from jail backlog to DRDC for intake processing.  No information was entered into databases pending intake completion. |
| 4/14/11 | jbc | Received follow-up from DRDC. Saved to efile. Published temporary AR on DOCnet. |
| 4/15/11 | mar | Call from Swift in OS: offender approved to be placed at CMRC. Email to DRDC to advise to discontinue use of the opt out option in the ADA/Montez program, it does not apply to diabetics and should not be accessed at intake. |
| 4/15/11 | mar | Email to CMRC ADA coordinator to alert her that offender may have difficulty in the program due to cognition and to call for assignment |

Erwin #111226
3

| | | accommodation if necessary. |
|---|---|---|
| 4/18/11 | mar | Email from CMRC acknowledging notification that offender will be placed there. |
| 04/19/11 | lam | Received offender movement report dated 04/18/11. Offender moved from DRDC to CMRC. Updated AIC and movement tracking database. Sent email to ADA coordinator as notification of same. Saved email to e-file. |
| 4/22/11 | mar | Conference with CM Andee Desrosier: (Offender has a learning disability- is reported to be illiterate) Brain stormed some reasonable program accommodations based on the information Andee provided. Drafted AAF, and conferenced with offender/CM: offender reports it's not that he doesn't want to do the program, but that he doesn't have the intelligence to complete the program and has struggled and been unsuccessful in other DOC programs. Explained the accommodations and the nature of the program and the benefit to the offender. He would like to discuss this with family before accepting accommodation. Offender asked questions regarding his placement in seg if he refuses. M allowed offender over the weekend to make a decision and will be given a copy of the AAF for his review. CM reported typically offenders are given a COPD for refusing the program, but in this case, it will likely be waived due to disability. Added ADA alert. |
| 5/10/11 | mar | Call from OS. Offender apparently wasn't successful in the CMRC program, therefore will move to CTCF. |
| 10/31/11 | vf | Placement criteria verified and changes are not necessary because offender did not qualify for a disability which would require such restriction. |
| 2/1/12 | Kdw | Received RFA and initial intake. QC'd RFA. |
| 3/7/12 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| 3/27/12 | KDW | Received AR, processed, and notified facility. |
| 2/6/13 | mar | Offender returned to DOC and identified as diabetic. Requested screening and sent MTO-RFS. |
| 3/15/13 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| 7/30/13 | jes | Received RFA form B. Scanned, saved to efile, and qc'd. Requested mobility screening. |
| 8/7/13 | JR | Received RFA form A asking for transfer to wrapper position in kitchen. O is currently assigned to FCF kitchen sanitation. Review of info with medical and CMO who advised there is no indication o is unable to stand/work. He is pending screening for lower mobility class member status. No medical restrictions are in place at this time. Additional info will be needed to determine if he is able to complete duties/needs accommodation. |
| 9/12/13 | jes | Completed Montez screening. Offender DNQ for mobility. Prepared AR. Updated AIC database. |
| 10/15/13 | JR | Phone call from offender's mother who said her son has rods in his back and facility is requiring him to pass through metal detector. She does not think they believe he has rods and said he was sent for MRI to prove this. She said he is also having difficulty with his DM control and he cannot find out results of recent labs. I offered her the phone no. of the HSA's office and told her I would let him know she will be contacting him and that I will confirm with facility to ensure he can clear security without undue hassle. |
| | | |
| | | |

Erwin #111226
4

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

FernandoCervantes #161467
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | **FERNANDOCERVANTES, Luis** | DOC # | **161467** |
|---|---|---|---|
| FACILITY | **DRDC** | DATE OPENED | **5/17/13** |
| DISABILITY | **Diabetes** | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 5/17/13 | jbc | Received initial intake and follow up 5/14/13. Requested screening, updated AIC database. Sent MTO-RFS to offender. |
| 6/6/13 | jes | Completed Montez screening. Updated database. Prepared AR. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Gallegos, #68351
1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | GALLEGOS, ROBERT | DOC # | 68351 |
|---|---|---|---|
| FACILITY | WSTMN/PARL | DATE OPENED | 6/27/06 |
| DISABILITY | DIABETES | PROVIDER | |

| Date | Initials | Contact/Activity |
|---|---|---|
| 6/27/06 | DC | Sent Diabetic ADA Instructions and forms to offender 6/26/06. Calendared for 30 days. |
| 8/1/06 | FM | Received Request for Accommodation and Medical Release 7/31/06. Offender claims to have diabetes but does not need any accommodations. Screening Request sent to Doug Roberts, HSA at BVCF. Calendared for 30 days.   Memo to offender regarding screening.  Memo sent with a copy of his Request for Accommodation and Medical Release for his records. Memo to offender with Functional Ability Questionnaire. |
| 8/9/06 | KB | Received completed Functional Ability Questionnaire from offender. |
| 8/17/06 | KB | Office visit from Jim Moore, Offender Services. He has been re-classed and can go to a level two facility.  Jim is going to put him in to be moved to BVCF Mods. |
| 8/31/06 | DC | Completed Verification and Screening forms received from Dr. McLaughlin 8/31/06.  Verification indicated that the offender has diabetes.  However, his condition does not rise to the level of a disability.   Memo to Dr. Shames with a copy of Verification and Screening forms for review and comment. Calendared for 10 days. |
| 9/15/06 | KB | Received CMO Verification and Recommended Accommodations from Dr. Shames.  Dr. Shames indicates the offender is diabetic recommends an ADA diet.  Offender has no other needs associated with his diabetes at this time. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 1/29/07 | KB | Prepared Accommodation Resolution |
| 1/30/07 | KB | Memo to Dr. Shames with Accommodation Resolution for review and signature.  Calendared for 10 days. |
| 2/20/07 | MG | Received signed Accommodation Resolution from CMO Dr. Shames dated 2/15/07.  Sent Accommodation Resolution to acting AIC for signature. |
| 2/21/07 | MG | Received signed Accommodation Resolution from acting AIC. |
| 2/22/07 | MG | Memo to Warden with copies of Accommodation Resolution on yellow paper for: Warden, Housing Unit Supervisor, Mental Health file, Clinical Services file, HSA, case manager, 2 copies for offender (1 copy half size). Copy to Tom Kolle/HQ Records, 1 copy to CMO Dr. Shames Clinical Services.  Memo to offender with Accommodation Resolution. |
| 3/8/07 | JR | File audited by Julie Russell |
| 5/4/07 | MG | While reviewing hard copy file of another offender, Richard Dixon #95937, I found copy of documents mailed to this offender. These documents are dated 6/26/06 to offender Gallegos at BVCF. |
| 6/5/07 | MG | File audited by Marshall Griffith. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name.  Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 10/17/07 | MG | Call from Paul Cline Offender Services to move offender from CMRC, to |

Gallegos, #68351
2

| | | CCCF. Offender is no needs diabetic. |
|---|---|---|
| 01/16/08 | lam | Adrienne Jacobson conducted ADA employment interview. Offender works as a Pod Porter under supervision of Lucero. Offender does not have any difficulty performing tasks assigned. Offender is currently enrolled in AA class taught by inmates so not sure of instructor name. Offender has not been denied employment or programming in the last 3 years. |
| 3/4/08 | MG | Request from Monica Lucero on 2/28/08 (while I was out on sick leave) for this offender's medical documents from the AIC file for the CMO to review before court appearance. |
| 3/4/08 | MG | I copied medical portion of AIC file for Monica Lucero and hand delivered to Clinical Services. |
| 5/19/08 | Tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to CCCF facility litigation coordinator for immediate delivery to offender. |
| 07/15/08 | lam | Prepared revised Accommodation Resolution language pursuant to April 2008 Stipulation, with a copy sent to e-file & original to AIC for signature, then to Dr. Frantz for signature. |
| 07/21/08 | lam | Accommodation Resolution was signed 07/17/08 and received from AIC Holst the same date. Form was routed to clinical services for signature 07/21/08 for CMO signature. |
| 08/07/08 | lam | Signed Accommodation Resolution received from Dr. Frantz in Clinical Services dated 07/30/08 and received in legal services 08/07/08. |
| 08/08/08 | Rlp | Accommodation Resolution e-mailed to Lucy Hernandez, Facility Litigation Coordinator for CCCF on 08/08/08. |
| 09/15/08 | lam | It appears that I was not informed at the time of the project that a copy of each Accommodation Resolution is to be sent to the working file when the AR is e-mailed to the Facility Litigation Coordinator. During a conversation with Katie Baxter, she advised that a copy every Accommodation Resolution must be sent on yellow paper to Tom Kolle for the working file for each of the offenders involved in the Diabetic AR project. Sending said copy to Tom Kolle in records on this date. |
| 9/22/09 | PEK | Received offender movement report dated 9/22/09. Printed and saved report to file. Offender moved from COMMUNITY to ISP-INMATE status. Updated AIC and parole tracking databases. Since this move is still under Parole supervision, no notification was sent to the ADA coordinator. |
| 3/11/10 | PEK | Received offender movement report dated 3/10/10. Offender moved from COM-REGRES to KCCF. Updated AIC and movement tracking database. Sent email to ADA coordinator as notification of same. Saved email to efile. |
| 5/10/10 | MG | Correspondence received from offender claiming he was written up for an incident involving his diabetes and not being allowed to go to the bathroom around 1/2007. Offender requests the AIC investigate the matter and expunge that write up for disobeying a lawful order at CMRC. Offender does not provide very much information. |
| 5/17/10 | MG | Response to correspondence received 5/10/10 prepared and sent to admin. Asst. to process to offender. |
| 9/3/10 | jbc | Received special master's order of dismissal. Saved to efile. |
| 6/9/11 | ac | Left phone message for J. Fuchs ADA at KCCF re policy for restroom use during count in order to answer offender correspondence. |
| 6/23/11 | ac | MTO re correspondence received on 5-11-11 forwarded to JR for review. |

Gallegos, #68351
3

| 8/23/11 | vf | Placement criteria verified and changes are not necessary because offender did not qualify for a disability which would require such restriction. |
|---------|-----|-----|
| 12/5/12 | mar | Offender returned to DOC and is identified as diabetic. RFA received and screening requested; MTO sent. |
| 12/12/12 | JR | Received follow up intake with temporary diabetic accommodations. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Hall #165390
1

# ACCOMMODATION WORKSHEET
(revised & effective February 2006)

| NAME | **HALL, Brian** | DOC # | **165390** |
|------|-----------------|-------|------------|
| FACILITY | **AHCC** | DATE OPENED | **5/30/14** |
| DISABILITY | **Diabetes** | PROVIDER | |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 5/30/14 | jes | Received initial intake from DRDC. Saved to efile. Updated AIC database. |
| 6/2/14 | jes | Received RFA A and B. Requested screening. Sent MTO-RFS. Updated AIC database. |
| 6/4/14 | jes | Received follow up from DRDC. Saved to efile. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# ACCOMMODATION WORKSHEET
### (revised & effective February 2006)

| NAME | HALL, STEPHANIE | DOC # | 89916 |
|---|---|---|---|
| FACILITY | DWCF | DATE OPENED | 6/27/06 |
| DISABILITY | DIABETES – MENTAL HEALTH | PROVIDER | AASEN |

| Date | Initials | Contact/Activity |
|---|---|---|
| 6/27/06 | DC | Sent Diabetic ADA Instructions and forms to offender 6/26/06. Calendared for 30 days. |
| 9/21/06 | AB | Letter from King & Greisen sent to offender. |
| 3/15/07 | TR | File audited by Teresa Reynolds |
| 6/26/07 | MG | File audited by Marshall Griffith. |
| 6/28/07 | FM | Inactivation memo sent to offender 6/28/07 with ADA forms attached.  Calendared for 21 days. |
| 7/12/07 | MG | Received Request for Accommodation, Medical Release, and Functional Ability Questionnaire from offender. Offender claims to have diabetes. |
| 7/16/07 | MG | Memo to ALJ with copies of offender's request, release, and functional ability questionnaire to send to Clinical Services to schedule a disability screening. Memo to offender with copies of her request and release for her records. |
| 8/14/07 | MG | Received Provider's Recommendation from Clinical Services. Provider dr. Aasen indicates offender has diabetes but it does not rise to level of disability. |
| 8/16/07 | MG | Received verification and recommendation review form from CMO Dr. Franzt agrees with provider that offender has diabetes, but it does not rise to level of disability. |
| 8/21/07 | MG | Prepare Accommodation Resolution. Memo to CMO Dr. Frantz with Accommodation Resolution to review and sign. Calendared for 10 days. |
| 8/29/07 | MG | Received signed Accommodation Resolution from CMO DR. Frantz dated 8/28/07. Accommodation Resolution sent to AIC Cathie Holst for signature. |
| 8/30/07 | AG | Received signed Accommodation Resolution from AIC Cathie Holst. Memo to Warden with copies of Accommodation Resolution on bright yellow paper for (1) Warden, (2) Housing Unit Supervisor, (3) Mental Health file, (4) Clinical Services file, (5) Facility HSA, (6) offender's Case Manager, (7 & 7 ½) Offender, (8) Offender Records – HQ, and (9) CMO – HQ. Memo to offender with Accommodation Resolution. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name.  Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 01/22/08 | lam | Adrienne Jacobson attempted to question conduct ADA Employment Interview, however offender paroled 01/15/08 and so was not available to participate in the survey. |
| 07/24/08 | lam | Prepared revised Accommodation Resolution language pursuant to April 2008 Stipulation, with a copy sent to e-file & original to AIC for signature, then to Dr. Frantz for signature. As offender is on parole, copy will be sent to Parole Officer Scott Johnson for the file and to be delivered to the offender. |
| 07/30/08 | lam | Accommodation Resolution was signed 07/30/08 and received from AIC Holst the same date.  Form was routed to clinical services for signature 07/30/08 for CMO signature. |
| 07/31/08 | lam | Signed Accommodation Resolution received from Dr. Frantz in Clinical Services dated 07/31/08. |

| 08/27/08 | lam | Accommodation Resolution was e-mailed to West Metro Region Parole Litigation Coordinator Tina Krause on 08/27/08 at Lincoln Parole. |
|---|---|---|
| 09/17/08 | lam | It appears that I was not informed at the time of the project that a copy of each Accommodation Resolution is to be sent to the working file when the AR is e-mailed to the Facility Litigation Coordinator.  During a conversation with Katie Baxter, she advised that a copy every Accommodation Resolution must be sent on yellow paper to Tom Kolle for the working file for each of the offenders involved in the Diabetic AR project.  Sending said copy to Tom Kolle in records on this date. |
| 9/18/08 | MG | Received Initial Intake ADA Screening Forms from DRDC. Offender diabetic, provided temporary accommodations per stipulation. <br><br> Received offender's Request for Accommodation, and Medical Release. Offender claims diabetes, and "other". Other disabilities offender claims are: asthma, arthritis in hands and knees. I am requesting offender be screened for diabetes, mobility, upper extremity, and other medical condition. |
| 9/19/08 | MG | Sent offender's request and release with claims of disability: diabetes, mobility, upper extremity, other medical condition to clinical services to schedule a disability screening. |
| 9/24/08 | MG | Received Follow UP Intake ADA Screening Forms. Provider indicates offender has diabetes. |
| 9/25/08 | MG | Scanned Follow Up Intake ADA Screening Forms to the R drive as a Temporary Accommodation Resolution. |
| 9/26/08 | MG | Call from Scharon Swift Offender Services. Scharon will keep offender at DWCF. |
| 1/5/08 | MG | Review of ADA Evaluation indicates the provider did not address the issue of a claim of asthma. I sent the ADA Evaluation back to the CMO with notes. <br><br> Memo to offender that a determination of disability has been delayed for more information. |
| 1/23/09 | MG | Printed Provider ADA Screening Forms for file. <br><br> Dr. Frantz completed the CMO portion of the ADA Evaluation. CMO determined offender has diabetes but does not have a mobility, upper extremity, or medical condition (asthma) disability <br><br> Prepare Accommodation Resolution. <br><br> Accommodation Resolution sent to the AIC Cathie Holst for review and signature. |
| 1/28/09 | MG | Received Accommodation Resolution signed and dated by the AIC on 1/27/09. <br><br> Accommodation Resolution sent to the CMO Dr. Frantz for review and signature. Calendared for 10 days. |
| 2/4/09 | MG | Received Accommodation Resolution from Clinical Services signed and dated by the CMO on 2/4/09. <br><br> Process Accommodation Resolution. |
| 2/10/09 | MG | Email to Matt Menck ADA Coordinator Parole that offender was moved into parole on 2/9/09. |
| 02/11/09 | lam | Accommodation Resolution e-mailed to James Falk, ADA Coordinator for DWCF on 02/11/09. Copy on yellow paper sent to Tom Kolle for working file. |
| 2/11/09 | Mg | Notified by DWCF that offender paroled on 2/9/09. Prepare new Accommodation Resolution for offender on parole. |
| 2/12/09 | MG | Provider portion of ADA Evaluation complete. CMO portion of ADA Evaluation complete. Prepare Accommodation Resolution. <br><br> Accommodation Resolution sent to the AIC for review and signature. |
| 2/19/09 | MG | Received Accommodation Resolution signed and dated by the AIC. <br><br> Accommodation Resolution sent to the CMO Dr. Frantz for review and signature. Calendared for 10 days. |
| 3/9/09 | MG | Process Accommodation Resolution signed 3/5/09 to Facility Folder, Link to ADA |

| | | Evaluation, Web Site. |
|---|---|---|
| 03/09/09 | lam | Accommodation Resolution e-mailed to Parole ADA Coordinator Matt Menck on 03/09/09 with CC to Shelley Larson for medical and mental health files. |
| 6/18/09 | MG | Received Initial Intake ADA Screening Forms from DRDC. Offender identified as diabetic and is provided temporary accommodations.<br><br>Received offender's Request for Accommodation and Medical Release. Offender's request and release sent to clinical services to schedule a disability screening for diabetes. |
| 7/1/09 | PEK | Received follow-up screening indicating diabetes dated 6/30/09.  Printed and saved to file. Added temporary AR to DOCNET.  Emailed assigned Legal Assistant as notification of same. |
| 8/28/09 | MG | CMO portion of ADA evaluation complete.<br><br>Complete AIC portion of ADA evaluation. Prepare Accommodation Resolution.<br><br>Accommodation Resolution sent to the AIC for review and signature. |
| 8/31/09 | MG | Call from Work Supervisor Bond Lane at DWCF. Offender informed Mr. Lane that she did not require any further work accommodations for doing custodial tasks listed under Dining Room Offender Assignment forms.<br><br>Email to Bond Lane with Offender Assignment forms for Dining Room. |
| 9/14/09 | MG | Email from/to Bond Lane. Bond states that mental health staff recommend that offender does not work in the kitchen, and needs to evaluate offender out. I replied, yes, to evaluate out. |
| 9/18/09 | jbc | Received signed Accommodation Resolution from Dr Frantz 9/15/09. Scanned into electronic system. Qc'd and published on DOCnet. Returned to Legal Assistant Marshall Griffith. |
| 09/23/09 | lam | Accommodation Resolution e-mailed to James Falk, ADA Coordinator for DWCF.  Copy on yellow paper sent to Tom Kolle for working file. |
| 10/1/09 | MG | Received Accommodation Verification forms regarding Food Service. |
| 10/21/09 | MG | Call from GED Supervisor John Glasscock. Offender is not requesting additional accommodations for diabetes in order to be assigned to GED.<br><br>Email to John Glasscock with Offender Assignment Forms for GED with standard language for diabetic without additional accommodations. |
| 12/17/09 | jbc | Scanned Offender Assignment Accommodation Form and Accommodation Verification Form and saved in offender's efile. Published Accommodations on DOCnet. |
| 1/13/10 | jbc | Received Request For Accommodation, Medical Release, and Functional Ability Questionnaire dated 9/25/09 from Offender. Scanned and saved to efile. Sent MTO-RFS to offender explaining the screening process. |
| 1/13/10 | Mg | Offender's new Request for Accommodation claims a mental health disorder, "can't remember lots of things". Offender also claims he does not read very well.<br><br>Memo with offender's request for accommodation, medical release, and questionnaire sent to Dr. Jim Michaud/Mental Health and Richard Bailey/Education to schedule a disability screening for mental disability. |
| 2/16/10 | MG | Email from/to John Glasscock. He is requesting to evaluate offender from the class due to minimal progress since October. I emailed to go ahead and evaluate out. |
| 2/22/10 | MG | Email from Supervisor Johnson that offender is assigned to Physical Plant Grounds Maintenance, but it shows that on DCIS offender has a walker, please clarify. |
| 2/24/10 | MG | Email from Supervisor Sonji Johnson that offender does not request additional accommodations. |
| 2/25/10 | MG | Email Assignment Accommodation form to Supervisor Sonji Johhson. |
| 3/12/10 | MG | Email from S. Johnson that offender is changing assignments to Housekeeping in the physical plant, no additional accommodations requested. |

| | | |
|---|---|---|
| | | Email Assignment Accommodation Form to S. Johnson. |
| 4/15/10 | jbc | Received signed job accommodation. Scanned, saved to efile, and published on DOCnet. |
| 5/10/10 | PEK | Received offender movement report dated 5/7/10.  Offender moved from DWCF to COMMUNITY.  Updated AIC and movement tracking database.  Sent email to ADA coordinator as notification of same.  Saved email to efile. |
| 9/8/10 | ALJ | Phone call from Paul Cline, offender services. Approved offender to remain at DWCF.Community Regress, escape. |
| 09/09/10 | lam | Received offender movement report dated 09/08/10.  Offender moved from COMMUNITY to COM-REGRES.  AIC and movement tracking database updated. As this move was still within the supervision of Parole, the ADA coordinator was not notified. |
| 11/8/10 | jbc | Received initial intake from DRDC. Saved to efile. Received MR and RFA saved to efile and qc'd. Prepared MTO-RFS. Updated AIC database. Requested screening from Clinical Services. |
| 11/09/10 | lam | Received offender movement report dated 11/08/10.  Offender moved from COM-REGRES to DWCF.  Updated AIC and movement tracking database.  Sent e-mail to ADA coordinator as notification of same.  Saved e-mail to e-file. |
| 11/22/10 | jbc | Received follow-up from DRDC. Saved to efile. Published temporary AR on DOCnet. |
| 4/15/11 | ALJ | Email from Case manager asking whether offender is ADA or not. Offender was screened and AIC evaluation completed 2/22/11 confirming diabetes but no accommodation resolution was drafted or sent to the facility. Temporary accommodation resolution is still on DOCNET and no resolution with that date in offender's file. Advised Case manager that offender is diabetic and should have the ADA-M alert. Left information regarding this email and the screening in AIC inbox. |
| 4/18/11 | JR | Prior screening was closed out and did not change prior diagnosis from screening completed in 2009 before she left custody so AR was supposed to have been re-posted in place of temp accommodations.  I went ahead and updated AR with new format and gave to Lynn for distribution. |
| 04/18/11 | lam | Scanned and QC'd Accommodation Resolution to electronic system. Saved AR to e-file & published it on DOCnet. Accommodation Resolution notification e-mailed to **Rosa Frayre**, ADA Coordinator for **the Denver Complex**, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager. |
| 4/19/11 | mar | Email from supervisor Carrigan: offender released from assignment due to COPD charge for cheeking medication. Saved related incident report dated 4/15/11. |
| 6/15/11 | ac | Email from William Hawkins stating that offender was seen eating a cinnamon roll before going to have her blood sugar checked and insulin administered in medical. |
| 9/6/11 | vf | Placement criteria verified and the disability restriction should be removed as offender did not meet the criteria for assignment to a designated facility. |
| 1/22/13 | mar | Offender identified at intake as diabetic. Requested screening and sent MTO-RFS. |
| 2/1/13 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| 3/6/13 | mar | Denied request for LB and worsening vision. |
| | | |

Maya #136672
1

# ACCOMMODATION WORKSHEET
### (revised & effective February 2006)

| NAME | MAYA, TIMOTHY | DOC # | **136672** |
|---|---|---|---|
| FACILITY | FCF | DATE OPENED | 6/6/07 |
| DISABILITY | HEARING, DIABETES, DNQ Mobility | PROVIDER | DR. FISHER |

| Date | Initials | Contact/Activity |
|---|---|---|
| 5/31/07 | CD | Per PCDCIS: DRDC Initial Intake ADA Screening Form states that Offender has diabetes, Temporary Accommodations states that no diabetic accommodations necessary. |
| 6/1/07 | CD | Per PCDCIS: DRDC Follow Up Intake states that Offender is a diabetic with medication-controlled diabetes and he requires no diabetic accommodations. |
| 6/6/07 | CD | Received phone call from Scharon Smith, Offender Services, who said that Offender needs to move out of DRDC to a Level 2 facility and he is a sex offender who needs to take the sex offender course. Told Scharon to move Offender to SCF. |
| 6/6/07 | CD | File audited by Craig Dalrymple. No re-screening needed. |
| 7/3/07 | CD | Sent ADA Instructions Memo, Request For Accommodation, Medical Release, and Functional Ability Questionnaire to Offender, calendared for 21 days. |
| 9/26/07 | lam | Inactivation memo sent to offender 9/26/07 with ADA forms attached.  Calendar 21 days. |
| 10/15/07 | lam | Case Manager contacted via E-mail for supervisor name.  Response to be sent to Adrienne Jacobson by October 26, 2007. |
| 10/16/07 | lam | Second inactivation memo sent to offender 10/16/07 with ADA forms attached. Calendar 21 days. |
| 11/20/07 | lam | Memo to Cure sent to offender dated 11/21/07.  ADA forms included with memo. Calendar 21 days |
| 12/11/07 | CD | Received correspondence from Offender (undated). Offender requests that we disregard his request for ADA accommodations since he is doing fine. Offender: "Thank you for following up with my request…" |
| 12/12/07 | CD | Draft response to correspondence received on 12/11/07 given to AIC Holst for review and signature. Thanked Offender for requesting that we disregard his accommodation request since he's feeling fine & informed Offender that we have inactivated his file. Told Offender that in the future, if he changes his mind regarding requesting accommodations or thinks he has a disability, send us new completed ADA forms. |
| 12/12/07 | CD | Received signed response to correspondence received on 12/11/07. Response Initialed. Response copied and attached to correspondence. Copy with attached correspondence to Lynn for filing. Original to Lynn for mailing. |
| 5/19/08 | tr | Letter to offender from Montez Plaintiff Attorney, Paula Greisen regarding 2008 Joint Stipulation forwarded to SCF facility litigation coordinator for immediate delivery to offender. |
| 7/30/08 | JR | Email sent to HSA Bev Dowis, cc'd Nicole Wilson asking if offender is diabetic or not.  Offender was identified by clinical services as diabetic but has refused to cooperate with screening process.  Montez stipulation of 4/4/08 requires accommodations for all diabetics so email was sent in attempt to verify offender's disability status in accordance w/4/4/08 court order. |
| 7/31/08 | Jr | Response from Nicole Wilson states offender is **CONFIRMED DIABETIC**. (Type II, uncomplicated). |

Maya #136672 2

| 9/3/08 | JR | AIC group meeting with Cathie Holst discussed offender's who were identified by clinical services list from 5/13/08 and a determination was made to hold off on completing an Accommodation Resolution for these offenders until further clarification is provided by Judge Kane & plaintiff's counsel regarding interpretation of stipulation order dated 4/4/08.  In addition, this offenders file review shows he has requested no further contact from our office. |
|---|---|---|
| 9/11/08 | KB | Office visit from Jim Moore, Offender Services.  Offender is being considered for a move to AVCF for participation in the upcoming SOTMP group.  Approved move. |
| 9/30/08 | JR | Email from Steve May, SCF ADA liaison inquiring if offender should have an ADA alert? |
| 10/1/08 | JR | Response to Steve May's email stating this offender should have the ADA alert.  (he was identified by clinical as a CD). |
| 5/5/09 | JR | Phone call from CM Rich Medina inquiring about ADA alert status because there is no AR for offender.  Review of file shows IM did not received the FRTC letter that was sent out in November, I asked Rich to go ahead and give the offender the ADA forms to offender today and I will calendar it for 21 days.  If offender does not submit the forms by 5/26/09 the alert will be taken off his profile.  Information added to database. |
| 5/13/09 | JR | Received ADA forms from offender who is asking to be screened for a hearing and diabetes disabilities.  IM claims he has difficulty climbing to the top bunk, but he is okay with stairs because they are safer.  He does not ask for any other specific accommodations.  Forms given to AIC secretary to be scanned.  Information added to database and MTO-RFS prepared. |
| 5/13/09 | jbc | Request for Accommodation, Medical Release, and Functional Ability Questionnaire scanned into system and QC'd to PCDCIS. |
| 5/15/09 | JR | Referral for hearing and diabetes entered in electronic screening.  I was unable to process until today as I was out on funeral leave yesterday. |
| 9/25/09 | JR | Phone call from Carol Kromer in court services inquiring about transport needs for offender.  His screening is pending but shows he is confirmed diabetic only (CMO) but is not on insulin so I told Carol offender does not require any other special transport accommodations besides oral meds. |
| 10/16/09 | JR | Phone call from Carol Kromer in court services inquiring about transport needs for offender.  His still pending but shows he is confirmed diabetic only.  I told Carol offender does not require any other special transport accommodations besides meds. |
| 11/24/09 | JR | Completed & printed ADA screening in system for offender.  Information updated in database and draft Accommodation Resolution prepared & routed to AIC for signature.  Delay in processing this screening due to multiple changes in formats being used, workload backlog, compliance projects/discovery and staff shortages. |
| 12/16/09 | lam | Scanned and QC'd Accommodation Resolution to electronic system. Saved to e-file. Published on DOCnet.  Accommodation Resolution notification e-mailed to Shirley Steinbeck, ADA Coordinator for AVCF, with CC to Annamarie Campbell, Administrative Services Manager for Clinical Services; also to Randy Smith, Clinical Services Case Manager. |
| 2/21/11 | JR | Email from Lt. Knight at AVCF with request for AAF for this offender who is working on serving line and does not request additional accommodations.  AAF prepared and emailed back. |
| 4/6/11 | jbc | Received signed job accommodation form from facility. Scanned, saved to efile, and published on DOCnet. |
| 1/25/12 | Kdw | Received RFA and initial intake.  QC'd RFA and requested screening. |
| 4/12/12 | Acm | Processed offender ATS request for vib watch. Montez screening shows hearing loss. Request is reasonable. Email sent to J.Sanchez. |

Maya #136672
3

| 4/17/12 | Acm | Processed Montez screening. AR drafted. Updated AIC database. Accommodations entered in ATS. |
|---------|-----|--------------------------------------------------------------------------------------------|
| 4/19/12 | Kdw | Processed AR and notified facility. |
| 4/20/12 | JMS | Vibrating watch sent to BCCF Property Officer 4/20/12.  Offender received watch #V524. |
| 04/26/12 | Acm | Received Montez RFA requesting soft soled shoes. Offender is confirmed diabetic, however CMO disagreed with softsoled shoes. HSA Angie Turner at BCCF also disagrees with soft soled shoes. MTO drafted. Screening not processed. |
| 11/07/12 | Acm | Processed form A and B. Screening entered. MTO-RFS. AIC database updated. MTO-RFS. |
| 1/4/13 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| 5/21/13 | jbc | Revised offender's AR to include Hearing disability. Updated AIC database. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Pittman #161151
1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | **PITTMAN, Dianeth** | DOC # | **161151** |
|------|----------------------|-------|------------|
| FACILITY | **DWCF** | DATE OPENED | **4/25/2013** |
| DISABILITY | **Mobility, Diabetes** | PROVIDER | |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 4/25/13 | ac | Received initial intake. Saved to efile and updated Montez db. |
| 4/25/13 | ac | Received f/u intake. |
| 5/9/13 | jbc | Completed Montez screening. Updated database. Prepared AR. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Valencia #154672

1

# ACCOMMODATION WORKSHEET

(revised & effective February 2006)

| NAME | VALENCIA, Agapito | DOC # | 154672 |
|------|-------------------|-------|--------|
| FACILITY | PEERI/TCC | DATE OPENED | 7/6/11 |
| DISABILITY | Diabetes, Mobility, Vision | PROVIDER | |

| Date | Initials | Contact/Activity |
|------|----------|------------------|
| 7/7/11 | jbc | Received initial intake and follow up from DRDC. Saved to efile. Received RFA (7/7/11) saved to efile, and qc'd. Prepared MTO-RFS. Updated AIC database. Requested screening from Clinical Services. Published temporary accommodations on DOCnet. |
| 7/12/11 | JR | Phone call from Scharon Swift who is assigning offender to SCF. |
| 7/13/11 | jbc | Received a second RFA from DRDC. Offender is claiming vision and mobility disabilities. Saved to efile and qc'd. Updated screening and AIC database. |
| 9/28/11 | jbc | Email from Lisa Sanchez informing the AIC office that a screening delay is being sent out to offender. |
| 12/30/11 | mar | CMO made disability determination 11/18/11: diabetic, no vision or mobility. Drafted and signed AR in Russell's absence. |
| 1/3/12 | Kdw | Processed AR.  Entered into Montez database and notified Facility ADA Coordinator. |
| 1/3/13 | ac | Sent MTO re RFA B.  Offender is requesting medical tennis shoes but does not meet the Clinical Standard.  Offender is already CD, and already DNQ for mobility and vision and was not referred for any re-screenings. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |