IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

---

**ORDER ON CLAIMANT MORRIS'S OBJECTION
TO THE FINAL ORDER OF THE SPECIAL MASTER**

---

This matter is before the Court on Claimant Keith A. Morris's Objection (Doc. # 5194), stating his desire to appeal the Special Master's Final Order regarding his claim (Doc. # 4987).

This Court applies an abuse of discretion standard of review to the Special Master's final orders. (Montez Remedial Plan at 28.)[1]  A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348 (10th Cir. 2010).  In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them," the Court will defer to the

---

[1] Special Masters are subject to the Code of Conduct for United States judges.  Fed. R. Civ. P. 53(a)(2)(3).  Accordingly, the case law governing the Court's review in this instance is that which governs appellate review of a district judge's decision.

Special Master's judgment "so long as it falls within the realm of these rationally available choices."  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

In his Final Order, Special Master Borchers denied Claimant's claims because he was unable to prove that he was the victim of discrimination prohibited by the Americans with Disabilities Act (ADA) and Rehabilitation Act on or before August 27, 2003.  (Doc. # 4987 at 5.)  In so doing, the Special Master explained that "the problems with [Claimant's] wheelchair did not arise prior to August 27, 2003. Thus, there is no jurisdiction to adjudicate his claim."  (*Id.*)

The Special Master did not abuse his discretion, because he was complying with the provisions of the Montez Remedial Plan, which requires that a claimant establish that he or she was the victim of discrimination on or before August 27, 2003.  *See* (Doc. # 4381 at 3).  The Court reminds Claimant that, although he may not file a claim under the Montez Remedial Plan, he is free to file an independent claim with the Court under the ADA.

To the extent class counsel raises claims that the Department of Corrections (DOC) systemically denies inmates access to reasonable accommodations, Judge Kane considered, and rejected, these claims when he found DOC in substantial compliance with the Montez Remedial Plan.  *See* (Doc. # 5314).

Accordingly, it is ORDERED that Claimant's objection is OVERRULED.  It is FURTHER ORDERED that the Final Order of the Special Master (Doc. # 4987) is AFFIRMED.

DATED:  April  21 , 2015

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge