IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

**ORDER ON CLAIMANT RIPLIE'S OBJECTION
TO THE FINAL ORDER OF THE SPECIAL MASTER**

This matter is before the Court on Claimant Robert Riplie's Objection (Doc. # 5165), stating his desire to appeal the Special Master's Final Order regarding his claim (Doc. # 4988).

Claimant, through class counsel, raises two matters for this Court's review. First, Claimant contends that the Colorado Department of Corrections (DOC) policy of assigning a medical code to all diabetics of at least an M3 precludes his and other class members' progression to placement at lower level facilities that offer the broadest range of jobs in the DOC. (Doc. # 5165 at 2.) This objection was filed prior to Judge Kane's determination that DOC was in substantial compliance with the Montez Remedial Plan after presiding over 32 days of hearing. At that hearing and through briefing submitted by class counsel, Judge Kane considered, and rejected, allegations that "inmates with certain medical codes are ineligible to be housed at certain facilities." (Doc. # 5068 at

120) (Plaintiffs' Proposed Findings of Fact and Conclusions of Law Regarding Status of Compliance with the Remedial Plan).  For example, class counsel argued that "inmates with medical codes of M3 or higher are automatically excluded from being housed in the lowest security work camps."  (*Id.* at 120-21.)  Judge Kane rebuffed that these allegations called into question whether the DOC was in substantial compliance with the Montez Remedial Plan stating, "My overall view based on the record in this case and the evidence presented at the hearing is that the DOC strived to comply with the Special Masters' orders, and nothing presented by Plaintiffs during the compliance hearing compels a contrary conclusion."  (Doc. # 5314 at 15.)  Accordingly, it appears to this Court that Judge Kane's order on substantial compliance dispenses with Claimant's systemic allegations regarding medical coding.

As to Claimant's individual claim, the Court finds that the Special Master did not abuse his discretion when he determined that Claimant failed to establish that he was otherwise qualified for a job, but for his medical code, on or before August 27, 2003. *See United States v. Regan*, 627 F.3d 1348 (10th Cir. 2010) (A Special Master "abuses [his] discretion when [he] renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.").

Second, Claimant alleges that he and other diabetic class members are denied the reasonable accommodation of appropriate footwear.  As with his first claim, Judge Kane considered and rejected that this posed a systemic problem.  (Doc. # 5314 at 14-15.)  Accordingly, the Court denies Claimant's request to the extent he is attempting to assert systemic claims.

With respect to whether as an individual, Claimant was inappropriately denied a reasonable accommodation, the Court notes that Special Master Borchers failed to make a determination on the matter.  Under Article XXXII of the Remedial Plan, Claimant carries the burden to prove all aspects of his claim.  Claimant must establish that he was the victim of discrimination prohibited by the Americans with Disabilities Act and the Rehabilitation Act on or before August 27, 2003.  If such as showing is made, the Special Master may consider evidence after that date if the discrimination was on-going.  Upon reviewing the evidence submitted to the Special Master, it appears to this Court that although Claimant was diagnosed as a diabetic on or before August 27, 2003, he did not complain of foot problems until well after that date.  Indeed, medical records show that Claimant did not complain of foot pain related to wearing boots instead of tennis shoes until February 3, 2010.  (Riplie January 31, 2011 Hearing Exhibit E.)  Therefore, the Court overrules Claimant's objection.  The Court reminds Claimant that, although he may not file a claim under the Montez Remedial Plan, he is free to file an independent claim with the Court under the ADA.

Accordingly, it is ORDERED that Claimant's objection is OVERRULED.  It is FURTHER ORDERED that the Final Order of the Special Master (Doc. # 4988) is AFFIRMED.

DATED:  April __21__, 2015

                              BY THE COURT:

                              _____
                              CHRISTINE M. ARGUELLO
                              United States District Judge