IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

**UNOPPOSED MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE
TO CLASS COUNSELS' NOTICE OF NON-COMPLIANCE (DOC. 5507)**

Defendants, through the Colorado Attorney General, respectfully submit this Unopposed Motion for Extension of Time to File Response to Class Counsels' Notice of Non-Compliance (Doc. 5507).

1. On April 2, 2015, Plaintiffs, through Class Counsel, filed their Notice of Non-Compliance. *See* Doc. 5507.

2. Accordingly, Defendants response is now due (21 days response, plus three days for electronic service/mailing, plus the Sunday due date rolled forward to today) April 27, 2015.

3. Defendants have made substantial progress on their Response, which is presently a dozen pages in length. However, Defendants require additional time to finalize three affidavits from various members of the AIC team in order to most-fully address the alleged five areas of non-compliance as raised by Plaintiffs' in their motion and incorporate that information into their Response. These affidavits are necessary to

1

authentic exhibits to the Response including several charts compiled to completely address and wholly rebut the allegations raised by Plaintiffs.

4. Defendants' Counsel(s) are endeavoring to fully but succinctly address each purported issue raised by Plaintiffs' in their Notice, while respecting this Court's practice standards and page limitations. Defendants believe the five areas of alleged non-compliance can be dealt with fully via briefing of the Notice, and without scheduling and going through the time, burden, and expense of a hearing, as sought by Plaintiffs.

5. Thus, Defendants want to provide this Court with all the factual and legal bases necessary in order to preserve the time and resources of the Court and the Parties. To that end, the brief extension sought herein is not for unnecessary delay, but the request is made in good faith in order to streamline the efforts and time by all Parties and the Court over the coming days and weeks.

6. Undersigned Counsel has been diligently working on Defendants' Response in this matter and, as indicated above, has made great progress.

7. However, over the past three weeks Undersigned Counsel has had a number of personal and professional obligations, laid out below, which have impeded h her ability to dedicate herself fully to the Response in this matter. As a result, Defendants respectfully request a brief 14 day extension of time in which to finalize and file their Response.

8. Undersigned Counsel is engaged in active discovery, in particular in *Shapiro v. Rynek, et al.*, 13-CV-3086-WJM-KMT. In the past two weeks, Plaintiff's Counsel in that case has:

2

  a. (1) requested to set numerous depositions, including an institutional 30(b) (6) deposition (to be held 05/01/15; 05/07/15; 05/14/15; and 05/15/15, other dates pending).

  b. (2) They have furthermore propounded hearty written discovery (presently returnable); with additional such written discovery propounded this just last week, and

  c. (3) requested to schedule an Entry onto Premises at one of the State's highest security facilities, the Sterling Correctional Facility, in Sterling, CO (to be held 04/28/15).

9. On March 25, 2015, Undersigned's long-time pet went in for a semi-routine procedure. After she was placed under anesthesia for the procedure, it was discovered that the believed reason for the procedure was incorrect. Instead Undersigned's pet was found to be full of a very aggressive, incurable form of cancer. Counsel drove her pet to the Ft. Collin's CSU veterinary hospital where a formal, terminal diagnosis was made late on Wednesday evening and confirmed Thursday. Despite seeking further opinions and desperately hoping for any true "options," Counsel's pet failed rapidly and a result, Counsel returned to Ft. Collins on April 1, 2015, where her beloved pet was put to sleep.

10. On March 27, 2015, Defendants' Counsel was away from the office for a necessary and important (although blessedly, largely routine) medical appointment for her own twelve month old child. After that doctor's appointment, Counsel was obliged to return to the office and again worked well into the evening hours on this and other cases.

3

11. Indeed, Counsel worked seven-days a week for three straight weeks on the above and on this case, too. On *Saturday*, March 28, 2015, Undersigned was up and working and corresponding with a client regarding a needed affidavit in another matter at 10:30 p.m.

12. Undersigned Counsel missed out on tucking in her little one and celebrating the baby's first birthday at the end of March as a result of her seemingly never-ending work in this and other cases.

13. Counsel recently filed a Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment in *Bryan v. Tessier, et al.* in front of the Honorable R. Brooke Jackson which necessitated review and parsing through 2.5 years of sometimes every-other-day medical appointment records.

14. Simultaneously, Counsel prepared and filed responses to new litigation in two new federal and one state matter.

15. On April 8, 2015, Undersigned Counsel traveled to Colorado Springs to defend a deposition in *Webb v. Delany, et al.*, another 42 U.S.C. Section 1983 matter before Judge Jackson.

16. On April 15, 2015, Undersigned Counsel attended a costs hearing in *Dawson v. Brightwell*, the mid-March trial before the Honorable Chief Judge Krieger.

17. That same date, Undersigned Counsel(s) had a conference call with this Honorable Court in the instant matter during which a Status Conference was set.

18. On April 17, 2015, Undersigned Counsel participated in a conference call with Plaintiff's Counsel(s) in *Sayed v. Courtney*, 12-CV-1134-RM-KMT and entered her

appearance in that matter which is set for trial June 22-24, 2015, before the Honorable Judge Moore. Counsel has begun necessary preparations for that matter.

19. Last week Undersigned Counsel's elderly, beloved Grandmother who suffers from ever-advancing dementia ran away from home. Although Grandma was *blessedly* recovered quickly by police, this unexpected turn of events necessarily impeded Counsel's progress regarding Defendants' Response in this matter, as Counsel worked with, and supported, her own Mother with transitioning her 87 year old Grandmother into a specialized memory care facility.

20. Undersigned Counsel has also been working diligently on a Reply to Defendants' Motion for Summary Judgment in *Young v. Raemisch*, 13-CV-01744-RPM, which is before the Honorable Judge Matsch. Plaintiffs, represented by Counsel(s) in that matter, filed a 64 page Response and attached hundreds of pages of exhibits in response to Defendants' comparatively short, 35 page Motion. Drafting Defendant's Reply in that matter, has, as a result, been extremely time and labor intensive including review of and pinpoint cites to a dozen depositions in that matter.

21. As a result of the above, Undersigned Counsel requires some brief additional time in which to complete drafting, finalize and file Defendants' Response in this matter.

22. This request is not made for purposes of delay but rather to provide this Honorable Court with accurate information and law in Response to Plaintiff's Notice and to afford Defendants the well-taken and diligent representation they are entitled to pursuant to Colorado statute by the Office of the Attorney General.

23. Pursuant to Rule 7.1, Undersigned previously conferred with Plaintiffs' Counsel(s) in this matter via email. Class Counsel(s) have authorized Undersigned to state that Plaintiffs do not oppose the extension of time sought herein.

**WHEREFORE**, Defendants respectfully request a two-week extension of time up to and including May 11, 2015 to finalize and file their Response.

Respectfully submitted this 27th day of April 2015.

        CYNTHIA H. COFFMAN
        Attorney General

        /s/ Jacquelynn N. Rich Fredericks
        JACQUELYNN N. RICH FREDERICKS, #39932
        Assistant Attorney General
        Civil Litigation & Employment Law Section
        Attorneys for Defendants
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Telephone: (720) 508-6603

## CERTIFICATE OF SERVICE

I certify that on April 27, 2015, I filed the foregoing via ECF which will serve electronic copies addressed as follows:

| | |
|---|---|
| KING & GREISEN, LLP<br>Paula Greisen<br>1670 York Street<br>Denver, CO 80206<br>(303) 298-9878 telephone<br>(303) 298-9879 facsimile<br>greisen@kinggreisen.com | Lara E. Baker<br>Foster Graham Milstein & Calisher, LLP<br>360 S. Garfield Street, 6th Floor<br>Denver, CO 80209<br>(303) 333-9810 telephone<br>(303) 333-9786 facsimile<br>lmarks@fostergraham.com |
| Edward T. Ramey<br>Heizer Paul Grueskin, LLP<br>2401 15th Street, Suite 300<br>Denver, CO 80202<br>(303) 595-4747 telephone<br>(303) 595-4750 facsimile<br>eramey@hpgfirm.com | Blain D. Myhre<br>Blain D. Myhre, P.C.<br>P.O. Box 3600<br>Englewood, CO 80155<br>(303) 250-3932 telephone<br>blainmyhre@gmail.com<br>*Attorneys for Plaintiffs* |

        s/ Jacquelynn N. Rich Fredericks

6