IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

## AFFIDAVIT OF ANTHONY DECESARO

I, Mr. Anthony DeCesaro, upon being duly sworn under oath, of lawful age, and having personal knowledge of the matters set forth herein, depose and state as follows:

1. This affidavit is based upon my personal knowledge.

2. My full, legal name is Anthony DeCesaro.

3. I am employed as a Step 3 Grievance Officer for the Colorado Department of Corrections (CDOC) for the State of Colorado.

4. As a part of my job responsibilities, I investigate and answer the Step 3 Grievances filed by inmates within the CDOC. I am familiar with the CDOC's Administrative Regulations concerning the filing of grievances, and I am the custodian of records for Step 3 grievances.

5. The CDOC provides inmates with administrative remedies pursuant to a four-step process. There is an initial informal opportunity to engage in constructive dialog.

A-4

6. Subsequently, there is a formalized three-step grievance process set forth by Administrative Regulation 850-04. *See* Attachment 1, Administrative Regulation 850-04.

7. AR 850-04 sets forth that inmates are required to first attempt to resolve any issue or complaint they have by filing a document known as a Step 1 grievance within 30 days of the discovery of the issue or complaint, to which an appropriate staff person for the CDOC responds in writing.

8. If the inmate is not satisfied with the result of the Step1 grievance, he must then proceed to file another grievance form concerning the issue known as a Step 2 grievance within 5 days of receipt of the written response to the Step 1 grievance.

9. If the inmate is still unsatisfied with the response to his Step 2 grievance, he must then proceed to file a Step 3 grievance within 5 days of receipt of the written response to the Step 2 grievance.

10. The Step 3 grievance is the final step in the CDOC grievance process. If an inmate fails to timely file any grievance within the time periods provided by the grievance process, s/he has failed to comply with AR 850-04 or exhaust their administrative remedies.

11. Furthermore, if the offender fails to follow the process as detailed by AR 850-04, s/he has failed to comply with AR 850-04 or exhaust their administrative remedies.

12. Inmates within the CDOC may file grievances asserting that they have not been properly accommodated under the ADA.

13. When an offender seeks to file this or any type of grievance, they simply request a blank form from their case manager.

14. Staff is trained to provide any offender who asks a blank grievance form.

15. On 12/15/12, AR 850-04 was amended to include the informal resolution attempt as part of the grievance process. Previously, informal discourse was a part of the process; the amendment added the informal resolution attempt and form to the regulation.

16. This was done in order to encourage constructive dialogue between an offender and staff and to try to provide an earlier opportunity for an offender to potentially obtain relief through constructive discourse.

17. This step is not intended to, nor has it operated to, in any manner discourage further use of the formal three step process.

18. Indeed, even if an offender does not obtain the desired resolution through this informal conversational effort and/or even if the offender fails to avail them of the informal resolution step, they are not penalized nor prohibited from preceding to the Step I. Per AR 850-04, VI. B. 4., the informal resolution attempt does not alter the time frames for filing a grievance.

19. Once an offender submits their Step I grievance, it is received by the on-site grievance coordinator at whichever facility where the grievance was filed.

20. The coordinator scans it into Grievance Tracking System (GTS), which is an electronic tracking system which went live on 7/01/2011.

21. GTS has enhanced our ability to track grievances at Steps 1, 2, & 3 and to ensure that appropriate staff are assigned as responders at each stage of the process. The informal resolution attempt is not tracked through GTS. An inmate's failure to participate in the informal resolution attempt would not preclude exhaustion under Prison Litigation Reform Act, if s/he otherwise properly completed grievance Steps 1, 2, & 3.

22. When an ADA grievance is filed the following process takes place:

   1. The grievance coordinator reviews the grievance to determine if the subject matter is related to the ADA and/or alleges a violation of the ADA Litigation Remedial Plan.

   2. In cases where the subject matter is unclear the grievance coordinator will directly consult the AIC, via telephone. Grievance coordinators are trained to call the AIC whenever in doubt.

   3. Grievance coordinators look to, but are not limited to, the following content to be considered to determine if a grievance is ADA:

      1) Violations of ADA or Montez/Remedial Plan.

      2) Mention of discrimination based upon disability (i.e. denial of access to programs, services, or activities).

      3) Termination from or denial of a job or program based upon disability.

      4) Lack of effective means of communication, denial of accessible housing or accommodation.

   4. Once the grievance is deemed to meet the above criteria, the grievance coordinator will designate the grievance type as either "ADA-M" or "ADA-A" based upon the following: (The grievance coordinator is again encouraged to call the AIC if there is any question regarding the classification of "ADA-M" or "ADA-A").

      1) ADA-M: Allegations of a violation or assertion of a right under the ADA Litigation Remedial Plan or disputes regarding his/her ADA Litigation Resolution or class member disability status or any other allegation of disability discrimination in one or more of the following protected

      classes which the offender is a qualifying member of: hearing, vision, lower mobility, or diabetes.

    2) ADA-A: All other allegations of disability discrimination which would not otherwise be considered "ADA-M."

5. Any DOC staff responding to ADA grievances shall consult with Legal Services' AIC staff trained in the ADA as necessary.

6. The AIC shall review and approve all Step 1 responses for ADA-M grievances as required by the ADA Litigation Remedial Plan.

7. Step 2 ADA-M grievances shall be assigned to the AIC as responder and approved by the Director of Prisons, or designee.

8. All ADA Step 3 grievances shall be investigated and answered by the Step 3 grievance officer.

23. One of the jobs of the grievance coordinator is to make sure that a grievance is properly routed so that an offender gets a prompt and thorough response from the appropriate staff or department.

24. Applied to and ADA grievance, the coordinator makes sure that it is quickly routed through first, the on-site ADA coordinator who will normally at as the Step I Responder.

25. The grievance coordinator has been a part of the grievance process since before I obtained this position in 2003.

26. The role of this individual is to enhance the process and the speed and accuracy with which a particular grievance is routed and responded to.

27. To be clear, a separate channel was and is followed for those grievances which are ADA related.

28. If a grievance was inadvertently routed as a regular grievance and should have been an ADA grievance; all Step 3 grievances are reviewed by the

Step 3 Grievance Officer and the Step 3 would be addressed as an ADA grievance if so indicated.

FURTHER AFFIANT SAITH NAUGHT.

_____
Mr. Anthony DeCesaro

Subscribed and sworn before me in the County of El Paso, State of Colorado, this 18th day of May, 2015.

My commission expires: 3/5/2016 .

Teresa B Reynolds
Notary Public