IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-CMA

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

## AFFIDAVIT OF KERRY BARONI

I, Kerry Baroni, upon being duly sworn under oath, of lawful age, and having personal knowledge of the matters set forth herein, depose and state as follows:

1. This affidavit is based upon my personal knowledge.

2. My full, legal name is Kerry Baroni.

3. I am employed by the Colorado Department of Corrections (CDOC) as Regional Health Services Administrator

4. I have been employed by the CDOC since 7-1-2008

5. As part of my job, I   Provide leadership, management, guidance and direction to clinical units of Colorado Department of Corrections (CDOC) correctional facilities within the state to include all levels of professional health care services. Establish clinical standards, protocols, and procedures for the delivery of health care services for medical, dental and mental health. Monitor allocation expenditure of assigned clinical units and ensure compliance with State fiscal guidelines. Direct and administer the operations for Clinical Services work units through subordinate supervisors, Health Service Administrators, in assigned regions of CDOC correctional facilities within the state. Responsible for management of clinical operations through subordinate managers, Health Service Administrators (HSA), in CDOC facilities within a designated region of the state; operations include safe clinical practice of providers such as nurses, physicians, dentists, dental assistants, mental health clinicians and drug and alcohol counselors, problem solving related to operations of the clinical units or infirmaries beyond the scope of a

A-5

local HSA; resource person to HSA in addressing personnel problems or issues, ensuring subordinate managers are in compliance with Administrative Regulations, American Correctional Association standards, State/Federal Statues, State Licensing/Credentialing, and Regulatory Board standards affecting the provision of clinical services. Ensure that subordinate managers are in compliance with fiscal rules and policies in regards to allocations provided for each clinical unit; monitor the budgets of subordinate managers at least quarterly to ensure compliance with established guidelines; monitor clinical contracts as assigned for budgetary guidelines and performance issues; ensure compliance of ACA standards in assigned region. Assign clinical resources by deploying staff to other facilities within assigned region during staffing crisis. Work with other Regional Health Services Administrators in coordinating staff across regions as delegated. Develops, modifies, or updates clinical Administrative Regulations, clinical standards, administrative standards, clinical policies or guidelines relevant to the operations of clinical units as delegated; researches practices, policies and procedures of other established community or national organizations and correctional institutions or agencies to determine best practices for clinical services; work in coordination with Chiefs of Service as indicated in the process of policy development; function as a member of the management team along with other Regional HSA's chaired by the Chief of Clinical Services to formulate strategic plans for improving the overall functioning of the operations of clinical units.

**M-Codes:**

6. Inmates may be authorized a waiver to a lower custody even if their Medical Code (M-Code) is higher than what is allowed according to the matrix utilized for initial facility assessment and placement.

7. This is accomplished on a case by case basis for individuals based upon overall need in conjunction with all other placement criteria that may include criminal history, conduct, program needs etc.

8. Not all facilities have nursing and/or medication line access whereby an offender who is required to take certain prescription medications must receive daily medications directly from nursing staff.

9. Medical care and treatment for certain types of conditions and medications may not be available at all facilities for several reasons, including the availability of providers, nursing care (24/7) and medication lines.

10. Some individuals, regardless of class member status, may not able to progress to minimum level camps for medical reasons.

11. Many however, are able and do progress to Minimum, sometimes due to an over-ride in custody classification as aforementioned.

**Medical Treatment:**

12. I created the attached chart, which I've labeled "Appendix 2." *See* Attachment 1, Appendix 2.

13. Appendix 2 recreates the list of names and CDOC offender identification numbers created by Plaintiffs in their Notice (Doc. 5507) in the *Montez* matter.

14. But, Appendix 2 accurately reflects additional information which was left off of Plaintiffs' similar chart.

15. Specifically, I reviewed each of the individual's medical records and created an "additional column" of information.

16. This column describes what specific information or request was received by Clinical Services, what steps were taken, and ultimately, what, if any, appropriate medical care and treatment was provided consistent with our clinical standards.

17. If care was not ultimately tendered in the form requested by the offender, it is because they did not meet our clinical standard for the requested diagnosis or durable medical equipment provision.

FURTHER AFFIANT SAITH NAUGHT.

_____
Ms. Kerry Baroni

Subscribed and sworn before me in the County of _____, State of Colorado, this _____ day of May, 2015.

My commission expires: _____.


_____
Notary Public

- Appendix #2 -

| Name | ID | Notes |
|---|---|---|
| Abeyta | 119057 | Provider evaluated offender for medical shoes on 10/1/13 and they were determined not medically necessary pursuant to the clinical standard. |
| Allen | 117789 | Provider evaluated offender for medical shoes on 06/1/14 and they were determined not medically necessary pursuant to the clinical standard. |
| Arriola | 114873 | 02/13/2014 OTHER HEALTH CARE EQUIPMENT REQUIRED T Glucometer, case, instructions, RFA forms A&B, clinical provided. |
| Bergerud | 128941 | Provider evaluated offender for medical shoes, shoes ordered and given to the offender 5-20-14 |
| Bloch | 163936 | No evidence that offender contacted clinical services for medical shoes. Provider evaluated for Lower Bunk, temporary lower bunk restricion approved. |
| Boyd | 152491 | No evidence that offender contacted clinical services for assistance with hearing aids or watch. |
| Butner | 145576 | Provider evaluated offender for lower bunk on 11-25-13, temproary lower bunk restriction approved. |
| Butterfield | 164125 | Offender evaluated for need for wheelchair for distance approved 5-20-14. Walker gien to offender 5-14-14. |
| Byerrum | 63812 | No evidence that offender contacted clinical services for assistance with batteries or watch band. |
| Carey | 76989 | Offender evaluated for blind cane. Blind cane approved 11-21-13. |
| Carillo | 46457 | No evidence that offender contacted clinical services for assistance with hearing aids or glasses. |
| Casias | 90539 | Offender evaluated and approved for wheelchair 2-18-15 |
| Corbett | 43501 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Cordova | 57350 | No evidence that offender contacted clinical services for assistance with hearing aids. |
| Czibok | 58856 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Dehmer | 60566 | 8-27-14 Offender has leg brace monitored by clinical services. |
| Dixon | 69525 | Offender given medical shoes on 9-17-14. |
| Douglas | 80101 | No evidence that offender contacted clinical services for assistance with talking watch. |
| Duncan | 63925 | No evidence that offender contacted clinical services for assistance with bunk assignmnet or medical shoes. |
| Duran | 146598 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Erwin | 111226 | Provider evaluated offender for standing restriction on 7-23-13, determined not medically necessary pursuant to the clinical standard. |
| Fettes | 99885 | Cane, lower bunk, lower tier, approved restrictions 10-27-14 |
| Fredrickson | 68384 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Hall | 165390 | Provider evaluated offender for medical shoes on 1/6/15 and they were determined not medically necessary pursuant to the clinical standard.Glucometer, case, instructions, clinical provided. |
| Jansen | 114175 | Provider evaluated offender for medical insoles on 02/7/13 and they were determined not medically necessary pursuant to the clinical standard. |
| Jones | 160427 | No evidence that offender contacted clinical services for medical shoes |
| Justice | 122924 | No evidence that offender contacted clinical services for assistance with vibrating watch or magnifier with light. |
| Kilgore | 116938 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Lee | 120659 | Hearing Aids given 11-29-12. No evidence that offender contacted clinical services for medical shoes or leg brace. |
| Long | 108326 | No evidence that offender contacted clinical services for assistance with vibrating watch or hearing aid batteries. |
| Maddox | 131787 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Madewell | 142208 | Lower bunk, lower tier, approved restrictions 2-25-14 and 9-22-14. |
| Martin | 113936 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Martinez | 66119 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Mascarenas | 126661 | No evidence that offender contacted clinical services for assistance with medical mattress. |
| Maya | 136672 | Supplemental snacks reviewed and ordered by provider 4-15-13. |
| Medina | 153763 | No evidence that offender contacted clinical services for medical shoes |
| Melanson | 117654 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Mendez | 58401 | Lower bunk, lower tier, approved restrictions 2-11-15 and 3-19-15. Glucometer, case, instructions, clinical provided 7-30-14. Hearing Aids provided 8-19-14. Medical shoes provided. Appointment pending for eyeglasses. No evidence that offender contacted clinical services for assistance with vibrating watch |
| Merrill | 144006 | Cane, Lower bunk, lower tier approved restriction 4-3-14. |
| Meyer | 142421 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Miller | 99424 | Hearing Aids approved 5-22-13. No evidence that offender contacted clinical services for assistance with vibrating watch. |

| Name | ID | Notes |
|---|---|---|
| Mitchell | 124568 | Lower bunk approved restriction 7-24-14. No evidence that offender contacted clinical services for medical shoes Provider ordered OCA II 11-17-14. Provider approved hearing aids 8-11-14. No evidence that offender contacted clinical services for assistance with medical mattress. |
| Mont | 134286 | |
| Napier | 137051 | Standing restriction ordered 11-5-08. |
| Nurse | 124461 | No evidence that offender contacted clinical services for assistance with vibrating watch. Lower bunk restriction approved 3-12-15. Access to special resources in the library approved 7-12-13. Vibrating watch approved 10-18-13. No evidence that offender contacted clinical services for medical shoes |
| Ontiveros | 113005 | |
| Perez | 55587 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Pittman | 161151 | Cane approved restriction 1-8-14 |
| Pryor | 162521 | Cane approved restriction 12-4-13. No evidence that offender contacted clinical services for assistance with eyeglasses. |
| Roberts | 114262 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Roy | 82657 | Glucometer, case, instructions, clinical provided 4-3-15. Medical shoes show approved 8-8-14. |
| Saenz | 134591 | Medical shoes approved 10-2-13. |
| Schmidt | 136240 | Provider evaluated offender for medical shoes on 12/10/13 and they were determined not medically necessary pursuant to the clinical standard. |
| Smith H | 85286 | Lower bunk, vibrating watch approved restrictions 5-10-13. |
| Smith E | 87175 | Hearing aids, vibrating watch approced restriction 6-18-13.No evidence that offender contacted clinical services for assistance with lower bunk |
| Straley | 149221 | No evidence that offender contacted clinical services for assistance with vibrating watch. |
| Thompson | 47869 | Insoles approved 7-15-14. |
| Valencia | 154672 | Medical shoes approved 8-30-11.  Offender has approved Consult Initiated 12-19-13 for new boots and insoles.  Offender paroled before appointment. |
| Vigil | 96558 | Lower bunk approved restriction 9-15-10. |
| Waters | 121417 | No evidence that offender contacted clinical services for assistance with vibrating watch. Lower bunk, cane, approved restrictions 3-27-14, restrictions removed 2-5-15.  Offender purchased insoles from canteen. No evidence that offender contacted clinical services for assistance with lower tier restriction. |
| Wooden | 101814 | |

**COLORADO DEPARTMENT OF CORRECTIONS**
**CLINICAL SERVICES**

**CLINICAL STANDARDS AND PROCEDURES**

| | |
|---|---|
| Standard Title: | Disability Screening for Accommodations |
| Origination Date: | September 2004 |
| Review date: | March 2014 |
| Revision Date: | March 2014 |
| Signatures: | _(signed)_ Director of Clinical & Correctional Services |
| | _(signed)_ Chief Medical Officer |
| Related Standards: | ACA |
| Related DOC AR's: | 750-04, 850-4 |

I. **PROCEDURE**

    A. Offenders requesting accommodations for a disability will be given a Request for Accommodation/Offender Request for Americans with Disabilities Act (ADA) Litigation Remedial Plan Class Member Form (AR Form 750-04A and AR Form 750-04B). Form A is for accommodations. Form B is for medical care.

    B. Practitioners will complete the medical screening within 30 days. The Mental Health Clinician (MHC) or licensed psychologist will complete the mental health screening forms provided by the ADA scheduler by the deadline provided by the ADA scheduler.

    C. The ADA Inmate Coordinator (AIC) will generate the Accommodation Resolution. All forms sent between the facility, the AIC, and the ADA scheduler related to the disability screening for accommodation will be sent electronically.

    D. Intake Screening Process (Day 1/Day 3)

| Disability Accommodations Screening | Reviewed: March 2014 |
|---|---|
|  | Revised: March 2014 |

1. Offenders going through intake at DRDC/DWCF will have an initial screening done by a nurse on day one. The intake nurse will document the screening on the electronic Initial ADA Intake Screening, and if appropriate, provide form AR 750-04A and/or AR form 750-04B to the offender.

2. The practitioner will review the Initial ADA Intake Screening and complete a follow up exam on day three utilizing the electronic Follow-up ADA Intake Screening and modify the recommended accommodations as clinically appropriate. The FAQ and Staff Observation form will not be completed at this time.

E. Screening Process and Criteria

1. Once the offender has sent the forms to the AIC, the AIC staff will scan them into the ADA application in PCDCIS. If a screening is determined necessary by the AIC, the ADA scheduler will alert the facility and obtain a date for the screening. The facility contact will then initiate the completion of a Staff Observation Form.

2. The screening should address any points specifically mentioned in the request for accommodation and any complaints made by the offender at the time of screening.

   a. Hearing: At a minimum the exam will consist of a physical exam of the ears, observations of hearing ability during conversations with the offender in the clinic; and an Otoacoustic Emissions (OAE) test.

      1) If the OAE result is "PASS" in **either or both ears**, the offender does NOT qualify for a hearing disability and does not need an audiogram.

      2) If the OAE result is "REFER" in **BOTH** ears, the practitioner will enter a consult for an audiogram, unless one has been done within the last year.

         a) The practitioner will have to make the decision for or against disability based upon their impression of the offender's function at the time of the screening.

2

| Disability Accommodations Screening | Reviewed: March 2014 |
|---|---|
| | Revised: March 2014 |

    b)     The practitioner should not wait to enter the results of the screening until the audiogram is completed.

  b.   Vision: At a minimum, the exam will consist of a physical exam of the eyes and supporting structures, observations of the offender's ability to navigate their surroundings, confrontation visual fields in each eye, and both corrected and uncorrected visual acuity in each eye. Facility practitioners are expected to perform the visual field and visual acuity testing. Referral to optometry is generally not appropriate to obtain these measurements.

    1)     A vision disability is present if the visual acuity is less than 20/60 in the better eye or the visual field is less than 20 degrees in the better eye.

    2)     Monocular vision may be a disability and is determined on a case-by-case basis.

  c.   Mobility: The exam will be conducted using the ADA Mobility Disability Evaluation form found on DOCNet under Clinical Services/Standards/Forms as "ADA Mobility Disability Screening".

    1)     The exam must be completed in its entirety.

    2)     The exam must be conducted twice. The second exam must be done approximately two weeks after the first exam.

    3)     A medhold should be placed on the offender at the time of the first exam and removed upon completion of the second exam.

    4)     Practitioners can only perform mobility screenings after completion of the eight hour training conducted by the Chief Medical Officer (CMO) or designee.

  d.   Diabetes: The practitioner must accurately determine based upon accepted diagnostic criteria whether or not the offender has diabetes as outlined in the clinical standard "Diabetes Mellitus".

3.   The practitioner should never offer an opinion to the offender about the

| Disability Accommodations Screening | Reviewed: March 2014 |
|---|---|
| | Revised: March 2014 |

      legitimacy of the disability, nor should they discuss whether they believe the offender has a qualifying disability requiring accommodations.

4. In some instances, the CMO may determine that additional information is required to make a determination of disability. In these cases, the Headquarters (HQ) ADA scheduler will notify practitioners by e-mail what additional information is required. Practitioners are expected to provide that additional information to the HQ ADA scheduler within two weeks.

5. Refusals: Every attempt should be made to encourage the offender to complete the exam. All attempts to elicit the offender's cooperation with the exam should be documented in the electronic encounter and on an ADA refusal form.

    a. Any offender that refuses to sign the refusal must refuse to the health services administrator/designee.

    b. When the offender refuses, the practitioner must still complete the electronic ADA Screening and Evaluation forms.

F. Documentation

1. Once the exam is completed, the practitioner will complete the electronic Screening Form and Evaluation Form found in the ADA application. If the mobility exam was done, the practitioner must complete the paper ADA Mobility Disability Evaluation Form.

2. A brief note needs to be entered into the electronic encounter system that indicates the ADA evaluation was completed. The information documented on the paper forms or the electronic ADA forms does not need to be repeated.

3. The paper form, staff observation forms, signed refusal, copies of OAEs, and all other supporting documentation (such as optometry exams) must be scanned and emailed to the Headquarters ADA scheduler.

    a. Forms that are completed electronically are automatically transmitted to the HQ ADA scheduler and do not need to be printed.

    b. The original copies of the mobility physical exam, staff observations, and refusals should be retained by the facility for a period of no less

4

than sixty days.

H. Completion of Screening Process

1. The CMO will review the completed evaluation and either agree or disagree with the determination of disability.

2. The CMO will then send his/her findings to the AIC for review.

3. The AIC will develop an Accommodation Resolution which will enumerate accommodations as warranted.

4. The AIC has the final authority on determination of disabilities and accommodations.

II. **HISTORY**

March 2014
July 2013
April 2012
November 2009
July 2009
July 2008
April 2007
September 2004

III. **RESOURCES**
PCDCIS ADA Manuals, available on DOCNet/Clinical Services/Medical

5

**BVMC – Joseph Nethken #96372, M3**, any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
*****this offender has other med-line medication prescribed by Behavioral Health and Medical Services**

**FMCC – Perryman, Ricky #63726, M3**, any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
*****this offender has other med-line medication prescribed by Medical Services**

**Offender on Parole, previously FMCC – Angelo Rodriguez #154717, M3**, any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
*****this offender has med-line medication prescribed by Medical Services**

**Offender at CMI, previously BVMC – Henry Solorio #94476, M3**, any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
*****this offender has med-line medication prescribed by Medical Services**

**Bent County, previously FMCC – Peter Arriola #114873, M3**, any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
*****this offender has med-line medication prescribed by Medical Services**
 M4, diabetes with complications, diabetic with HgbA1C equal to or greater than nine (9), new onset diabetic, insulin dependent, until controlled for a minimum of three (3) months, medications: any offenders requiring long term injection therapy

**Offender on Parole, previously FMCC – Jeffery Kizer #132849, M4**, diabetes with complications, diabetic with HgbA1C equal to or greater than nine (9), new onset diabetic, insulin dependent, until controlled for a minimum of three (3) months, medications: any offenders requiring long term injection therapy
*****this offender has med-line medication prescribed by Medical Services**

**SCF – Richard Irwin #97899, M3,** any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
**\*this offender has other med-line medication prescribed by Behavioral Health and Medical Services**

**Offender IS Parole, previously SCF – Samuel Brown #149518, M3,** any diabetic on insulin or oral medication with HgbA1C below 9, controlled, and compliant with treatment, any offenders requiring med-line only medications (no waiver for level one facilities for this indication, exceptions being Tylenol, Motrin, Naprosyn)
**\*this offender has med-line medication prescribed by Medical Services**