

Diane S. King
Paula Greisen
Laura E. Schwartz
Meredith A. Munro, Of Counsel

KING ■ GREISEN ■ LLP

Kimberly J. Jones
Hunter A. Swain*

*Also admitted in
New York

June 12, 2015

**Via Email and U.S. Mail**

EXHIBIT 1

Jacquelynn Rich Fredericks
Assistant Attorney General
Office of the Attorney General
1300 Broadway, 10th Floor
Denver, Colorado 80203

   *Re: Montez v. Hickenlooper, et al.*, 92-CV00870-CMA

Dear Ms. Rich Fredericks:

  In accordance with Judge Arguello's June 3, 2015, Order regarding documents relating to the affidavits submitted by CDOC in response to our Notice of Non-Compliance, please provide the following:

  1. All documents supporting Mr. Nordell's assertion that his "role [as the AIC] has been strengthened." Nordell Aff. at ¶ 10.

  2. Other than policy statements, produce all documents including but not limited to system reports showing that the AIC reviews and exercises its final oversight authority after Clinical Care has denied a request for an accommodation and/or medical or health care device. Nordell Affidavit at ¶¶ 18, 19, and 27.

  3. All documents including but not limited to system reports supporting the assertion that AIC staff "promptly route[]" class member requests deemed medical issues to clinical, and that AIC staff "immediately follow up with clinical" regarding such requests. Nordell Aff. at ¶¶ 29, 30; Russell Aff. at ¶¶ 22, 23; Smith Aff. at ¶¶ 15, 16; Defendants' Response Brief at 10.

  4. Is the ADA Offenders Database given to us in September 2013 (and again in August 2014) the same database that Julie Russell refers to in her Affidavit as the ADA Montez database? Russell Aff. at ¶ 7) 6(a) (on page 2).

  5. All documents including but not limited to system reports that the AIC tracks the location and accommodation of all Montez Class Members on a daily basis. Nordell Aff. at ¶ 13.

Jacquelynn Rich Fredericks
June 12, 2015
Page **2** of **2**

6.      All documents including but not limited to system reports "that the cultural shift and changes which grew out of the Montez litigation have simple become culturally ingrained" at DOC. Nordell Aff. at ¶ 22.

7.      A list of Step 1 ADA grievances denied as untimely after the informal resolution process was initiated. DeCesaro Aff at ¶¶ 12, 16, 17, and 18.

8.      Data on how many step 1 grievances were filed for the two years prior to the change in the Grievance procedure, through the monitoring period. DeCesaro Aff at ¶¶ 12, 16, 17, and 18.

9.      All documents including but not limited to system reports supporting Julie Russell's assertion that the electronic systems "ensure the most efficient tracking to provide reasonable accommodation" for disabled inmates. Russell Aff. at ¶ 12.

10.     All documents including but not limited to system reports supporting Julie Russell's assertion that "[i]t became necessary to separate" "health care equipment and medical restrictions" from ADA accommodations. Russell Aff. at ¶ 29.

11.     All documents including but not limited to system reports supporting Janet Smith's assertions at ¶¶ 26, 27, and 30.

12.     All documents including but not limited to system reports that Kerri Beroni relied on in preparing Appendix 2 attached to Ms. Beroni's Affidavit.

Sincerely,

KING & GREISEN, LLP

Paula Greisen
Laura E. Schwartz

PG/LES/lam

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com