

Diane S. King
Paula Greisen
Laura E. Schwartz
Meredith A. Munro, Of Counsel

Kimberly J. Jones
Hunter A. Swain*

*Also admitted in
New York

September 3, 2015

*Via Email and U.S. Mail*

Jacquelynn Rich Fredericks
Assistant Attorney General
Office of the Attorney General
1300 Broadway, 10th Floor
Denver, Colorado 80203

  Re: *Montez v. Hickenlooper, et al.*, 92-CV00870-CMA

Dear Ms. Rich Fredericks:

  We are writing to respond to your July 1, 2015 letter regarding our discovery requests concerning the affidavits your office attached to DOC's response to our Notice of Non-Compliance. As you know, the Court has issued an Order stating that we need to file a Joint Status Motion no later than September 10, 2015. We hope we can resolve the outstanding discovery issues.

  We appreciate that you and your team worked hard to provide us with documentation and are seeking clarification on a few issues:

*Question No. 2*: Other than policy statements, produce all documents including but not limited to system reports showing that the AIC reviews and exercises its final oversight authority after Clinical Care has denied a request for an accommodation and/or medical or health care device. Nordell Affidavit at ¶¶ 18, 19, and 27.

> **Summary of DOC Response**: "Defendants previously provided documentation of this regular occurrence repeatedly throughout the Monitoring Period."
>
> **Needed Clarification**: If there are other documents, please let us know where they are located. If DOC does not have relevant emails, please let us know. We have been unable to locate examples of overrides by the AIC granting an accommodation and/or medical or health care device so please direct us to the documentation that you believe addresses this issue.
>
> Even the twelve custody "overrides" you attached to Kerry Baroni's Affidavit are requests for overrides, not the actual overrides – as is evidenced by the title

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com

EXHIBIT A-3

Jacquelynn Rich Fredericks
September 3, 2015
Page 2 of 3

"Variance request[s] to level II criteria." The checkboxes "Variance Granted" are empty, as are the checkboxes titled "Variance Denied." There is no authorizing signature, which each Request identifies as the final step in the variance request process.

Nowhere is the AIC mentioned in the following description on each Variance Request of the process for deciding whether a variance should be granted:

> Offender is determined to benefit from accessible housing may be considered for placement at lower custody level accessible facilities and exception to existing placement criteria. These cases shall be staffed by a multidisciplinary team. The team should consist of Central Classification, Clinical Services staff of the potential receiving facility, receiving facility management team, and the Regional Health Services Administrator. Once a decision for appropriateness is made, Central Classification will initiate a variance request for approval from the Director of Prisons.

*Question No. 3*: All documents including but not limited to system reports supporting the assertion that AIC staff "promptly route[]" class member requests deemed medical issues to clinical, and that AIC staff "immediately follow up with clinical" regarding such requests. Nordell Aff. at ¶¶ 29, 30; Russell Aff. at ¶¶ 22, 23; Smith Aff. at ¶¶ 15, 16; Defendants' Response Brief at 10."

**Summary of DOC Response**: "Responsive documents were previously proved."

**Needed Clarification**: We located just a few such follow-ups, Montez/MP - 000021; Montez/MP - 000210; HCA (re Toliver159844). Please identify in the discovery where any additional such documents are located.

*Question No. 4*: Please confirm that the ADA Offenders Database given to us in September 2013 (and again in August 2014) is the same database that Julie Russell refers to in her Affidavit as the ADA Montez database. Russell Aff. at ¶ 7) 6(a) (on page 2).

*Question No. 5*: All documents including but not limited to system reports that the AIC tracks the location and accommodation of all Montez Class Members on a daily basis. Nordell Aff. at ¶ 13.

**Summary of DOC Response**: There are numerous tracking systems.

**Needed Clarification**: We have reviewed multiple documents but cannot locate a daily report that tracks both the location and individual accommodations for each Montez class member. Please identify the specific database or report relied upon by Mr. Nordell for this statement.

Jacquelynn Rich Fredericks
September 3, 2015
Page 3 of 3

*Question No. 10*: All documents including but not limited to system reports supporting Julie Russell's assertion that "[i]t became necessary to separate" "health care equipment and medical restrictions" from ADA accommodations. Russell Aff. at ¶ 29.

**Summary of DOC Response**: "The documents were already provided to you."

**Needed Clarification**: We agreed DOC has provided documents showing that it separated "health care equipment and medical restrictions" from ADA accommodations. What remains to be provided are documents showing that "[i]t became necessary" to do so as asserted in Ms. Russell's affidavit.

We appreciate that the parties need to move forward with a resolution of the Monitoring Period. To that end, we propose that we submit a joint status report stating that there are outstanding discovery issues and that the parties jointly request that the matter be submitted to Magistrate Judge Hegarty for a mediation. It was our impression at the last hearing that such process was mutually agreeable to the parties.

Please let us know prior to September 10, 2015 regarding your positions on these matters so we can prepare the required filing with the court.

Sincerely,

KING & GREISEN, LLP

Paula Greisen
Laura E. Schwartz
Kimberly J. Jones

PG/LES/lam

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com