Montez - Oct 2016

In The United States District Court
For District of Colorado

Civil Action 92CV00870-CMA-MEH

MONTEZ,
MOORE[1], et al
    Plaintiffs

v.

Governor HICKENLOOPER, et al
    Defendants



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 14 2016

JEFFREY P. COLWELL
CLERK

OBJECTION TO UNTIMELY NOTICE,
TO BLIND SETTLEMENT,
AND TO NONREPRESENTATION
With
CERTIFICATE of SERVICE

Untimely Notice,
Moore received Notice of Settlement Conference for 31 October 2016 on 4 November, via U.S.P.S.[2] This was a

---

1. L.R. Moore (Lewis Roger) 47702;
   POB 6000; Sterling CO 80751
2. Copy of envelope as Exhibit A

-1-

Montez Oct 2016

needlessly untimely as prison has Email for prisoners[3] (incoming) and, outgoing, has almost unused TDD teletypes.[4] Using these would have allowed a timely review of settlement proposal, with time to move for a stay if felt needed.

Moore has received essentially nothing regarding Montez for many years, and what little, such as the 25 Oct 2016 Minute Order, came from Court, not from any lawyer or firm. He still has NOT received the two items that Arbitrater awarded him in 2005: the $50 Damages; the equivalently equipt Wheel Chair to that stolen by CSP staff from him.[5] He repeatedly notified the Court of these 2 with succeeding in having the failure of CODOC to produce addressed. Instead he got, when Court replied, the run around such as "ask your attorney."[6] On the $50, CODOC blames Cynthia Coffman as its attorney. Coffman refused to reply to Moore's request.[7]

---

4. Telecommunications Device for the Deaf. SCF, where Moore is celled, has 7 for prisoner use.

3. Besides a dedicated Fax #, SCF has J ~~letter~~ Mail service for prisoners

— 2 —

Montez Oct 2016

As he has great interest in a Settlement that results in finally getting his awards, and in reviewing later ADA/Montez complaints of his, he needed to have been given a timely notice.

THEREFORE, he should be exempted from any finality produced by Settlement until his awards, and later issues, are at least addressed by Defendants.

FURTHER, he should, in the future, be notified by Email hardcopy, such as Fax, or J Mail. And should be allowed, by Court Request/Order, to file using TDD.

Blind Settlement

Moore moves that Court order Defendants to comply with Civil Rule 5 which requires serving <u>all</u> parties

5. Twas a titanium framed, made-to-measure QuadraFold® with mountain bike tires, air casters, and fully adjustable wheel and caster geometry. It was made for him. He had it until stolen while he was in solitary at CSP in 2001.

6. this despite fact that the Class Attorneys never appeared at the Arbitration that awarded him these 2. Nor did they ever try to get CODOC to comply, almost never replying to his letters.

— 3 —

Montez Oct 2016

documents relevant to their interests. As Moore lacks representation, that means he must be sent copy directly of Proposed Settlement.

### NonRepresentation

Unless this Court will appoint a lawyer who makes persuit of the 2 awards his primary duty, Moore asks to be removed from Class Representation, and allowed to represent himself. He has had 3 typewriters in CODOC. Staff seized all of them, the last when a Court Order to allow him to have it expired. It had a 2 page memory, thus allowing instant copying for Service. CODOC refuses now to allow such, as it allows only what

7. Asst Colo Atty General Fredericks informed a Court, and Moore, that "her office" had no knowledge of the award(s). This altho they sent an attorney to the Arbitration who was present when Awards made. This statement was made in an entirely unrelated case in state court, now final.

8. These have had Administrative Remedies exhausted. They include refusal to allow effective treatment of bedsores, to allow wheelchair races as part of guarantee of equal Recreation;

—4—

Montez Oct 2016

sells. SCF does have surplus computer terminals for prisoner use but bans using these to print legal documents. Law Library is always overscheduled in SCF Medium.

Moore asks this Court to request Defendants to either change ban on printing pleadings outside of Law Library, or to again allow copying typewriters/"dedicated" word processors; and drop ban on typewriters in Segregation as being Seggied was reason his 3 were

---

8.(con't)
refusal to comply with staff doctor's orders on Med Supplies (hand urinal and Internal Emergency Catheter Kit); refusal to provide accessable (lower) chin-up bar (SCF's reply was "Relief Granted — Low Bar installed at LCF" as if Moore could go to Limon just to do a few chin ups every day); job discrimination (Moore has been repeatedly denied jobs in Law Library, Library Education, and Electronics Repair as "overqualified").

9. This allows him to keep the copy, and SCF to log it as Legal Mail.

—5—

Montez Oct 2016

seized. He knows Courts much prefer typed pleadings. They've told him.

As basis for self-representation, he cite Ferrata v. California,[12] a U.S. Supreme Court case guaranteeing this as absolute right in criminal cases.

Certificate of Service

Respectfully submitted 8 November 2016 by Plaintiff pro se with copy sent Colorado Attorney General. L R Moore

---

10. He won the case but was not about keeping typewriter in Seg. Thus when Court ordered closure, typewriter in Seg order expired.
11. Nonprogramable, thus doesn't violate ban on personal ownership of computers.
12. No time to obtain full cite. This pleading written same day as Minute Order received. There'll be unavoidable delay in law library xeroxing, thus mailing out.