IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

Claim Number 03-030
Category III
Claimant: L.R. Moore, #47702
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

### DEFENDANTS' RESPONSE TO MOORE'S "OBJECTION TO UNTIMELY NOTICE, TO BLIND SETTLEMENT, AND TO NONREPRESENTATION…"

---

Defendants, through the Colorado Attorney General, respectfully file this response to the "Objection to Untimely Notice, to Blind Settlement, and to Nonrepresentation…" submitted by Claimant Moore on November 14, 2016.[1]

1. Mr. Moore had an individual damages claim hearing on July 15, 2005. *See* Doc. 1019; *and see* Doc. 3567 (Denying Claimant's Motion to Reconsider).[2] As a result,

---

[1] Mr. Moore's filing primarily objects to an inchoate settlement under negotiation by Counsels for the Parties. Also with respect to systemic issues, Claimant is a represented party and any purported issues must be addressed via Class Counsel. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In light of the absence of a new settlement, there is nothing for Moore to object to. Therefore, Defendants do not address those issues. However, Moore also alleges within the "Objection" that Defendants have heretofore failed to comply with the Final Order of the Special Master in this case with respect to Claimant. This is inaccurate and Defendants briefly address that allegation herein and to the extent the Court construes that limited portion of Mr. Moore's "Objection" to be a motion, Defendants respectfully request that the motion be <u>denied</u>.

[2] Moore appealed his individual damages claim decision to the Tenth Circuit Court of Appeals in 10-1411, which was dismissed for lack of prosecution on April 7, 2011. *See* Doc. 01018618293.

1

it was determined that Claimant meets the established Remedial Plan criteria for a lower mobility disability. *Id.* at p. 3, 5.

2. The Special Master largely found that Mr. Moore was not qualified to participate in the programs and services of the Colorado Department of Corrections by virtue of his "actions and management problems [which] have precluded him from progressing to a lower security level …" The Special Master noted that "it is clear Claimant wants to set his own rules and have CDOC officials abide by those. No correctional system works that way, and the ADA and Rehabilitation Act do not require prison officials to make special rules for inmates who are management problems." *Id.* The Special Master furthermore found that Claimant was generally not discriminated against because of his disability and wrote that "Claimant has received special attention because of his outrageous actions, such as ripping the metal piece from his wheelchair… [and] has only himself to blame for his present situation." *Id.* at p. 5, 6.

3. Ultimately, the Special Master determined that an area of beveled sidewalk at the Limon Correctional Facility which impeded Claimant's egress to the chow hall via wheelchair, constituted discrimination predicated upon disability which impaired Moore's ability to eat meals in the chow hall. For that limited issue, Moore was awarded $50.00. *Id.* p. 5. The Special Master made no further award. *Id.*

4. Presently, Moore alleges Defendants failed to provide him with (1) a Court ordered wheelchair, and (2) his $50.00 damages award. *See* Doc. 5559, p. 2-3.

**The wheelchair.**

5. The Special Master did not award Mr. Moore a wheelchair pursuant to his individual *Montez* damages hearing. *See* Doc. 1019. Accordingly, Claimant cannot seek to compel compliance with a non-existent order.

6. Furthermore, a wheelchair is a type of medical equipment, not an accommodation pursuant to the ADA. The *Montez* case specifically redresses ADA claims and the requisite accommodations and does not provide for litigation of claims regarding allegedly substandard medical care.[3] *See also Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005) (holding that claims for substandard medical treatment cannot be pursued under the ADA).

7. In addition, Mr. Moore already possesses a functioning wheelchair which meets his particular medical needs.[4] *See* **Ex. A-1**, Medical Records for L.R. Moore.

8. Thus, for each of the foregoing reasons, Mr. Moore's request to compel Defendants to provide him with a particular wheelchair should be denied.

**The damages payment.**

9. Mr. Moore was awarded $50.00 for his encounter with the beveled sidewalk at the Limon Correctional Facility. *See* Doc. 1019.

---

[3] "Health care appliances shall be prescribed and approved for eligible inmates by licensed DOC health care providers, subject to medical necessity, safety, and security…" *See Remedial Plan XVI(B)*.

[4] Moreover, even if the wheelchair were construed as an accommodation, Mr. Moore would not be entitled to a particular type of chair as "the accommodation provided need not be the 'best accommodation possible,' so long as it is sufficient to meet the… needs of the individual being accommodated." *Hall v. Claussen*, 6 Fed.Appx. 655, 668 (10th Cir. 2001) (unpublished opinion). Where multiple potential accommodations exist, the entity, "providing the accommodation has the ultimate discretion to choose between effective accommodations…" *Smith v. Honda of Am. Mfg., Inc.*, 101 F.App'x 20, 205 (6th Cir. 2004) (internal cites omitted); *see also Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.) (discussing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999)).

10. Subsequently, a W-9 was provided to Claimant so that the awarded sum could be remitted to him. Instead of completing and returning the W-9, Mr. Moore filled the form in which inaccurate information. *See* **Ex. A-1**, W-9 from L.R. Moore.

11. Subsequent to Mr. Moore's failure to return an accurate W-9, the Office of the Attorney General tendered a letter to Claimant on September 13, 2006, once more asking Mr. Moore to complete and return an correct form. *See* **Ex. A-3**, Letter 9/13/06.

12. Accordingly, to the extent possible, Defendants have complied with the Final Order regarding Moore.[5] It is only as a result of Mr. Moore's personal failure to return an accurate W-9; Defendants have been unable to tender the $50.00 to Claimant.[6]

13. Thus, Mr. Moore's request to compel Defendants to provide him with that sum absence his completion of the obligatory legal form should be denied.

**WHEREFORE**, Defendants respectfully request that Moore's "Objection," to the extent the same is construed as a motion seeking to compel compliance with Claimant's Final Order (Doc. 1019), be denied.

Respectfully submitted this 29th day of November 2016.

CYNTHIA H. COFFMAM
Attorney General

/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS, #39932
Assistant Attorney General
State Services Section
Attorneys for Defendants

---

[5] This Court ruled that its jurisdiction over a claim ends once the Final Order has been complied with. *See* Doc. 5414, p. 2; 5431, p. 4 (citing Doc. 5414).
[6] Upon information and belief, if Mr. Moore completes an accurate W-9, Defendants will promptly pay Claimant his $50.00.

4

>Ralph L. Carr Colorado Judicial Center
>1300 Broadway, 6th Floor
>Denver, Colorado 80203
>Telephone: (720) 508-6603

## CERTIFICATE OF SERVICE

 I certify that on November 29, 2016, I electronically filed the foregoing via ECF and mailed copies through the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

| | |
|---|---|
| L.R. Moore, #47702 | *Courtesy Copy To:* |
| | Adrienne Jacobson, CDOC |
| SCF | |
| P.O. Box 6000 | |
| Sterling, CO 80751-6000 | /s/ Mariah Cruz-Nanio_____ |