Fed reply add

# United States District Court For Colorado

Case No. 92-CV-870 JLK   Montez

PLAINTIFF pro se
   L. R. MOORE---Claimant 03-030, Category III
   #47702, Box 6000, Sterling 80751

v.

**FILED**
UNITED STATES DISTRICT COURT
DENVER  COLORADO

DEFENDANTS
   J. HICKENLOOPER, et al
   Defense Counsel: Asst. Colo. Atty. General J. N. R. Fredericks
   1300 Broadway, 10th Fl; Denver CO 80203

**JAN -6 2017**

JEFFREY P. COLWELL
CLERK

### ADDENDUM
### &
### CERTIFICATE OF SERVICE

Plaintiff moves to add the following numbered summary of what he feels should be done to justly resolve his claims in his case.

Plaintiff has less reason to trust that defendants will fulfill promises than Trojans did Greeks[1]. If these are not fulfilled **before** case closed, they likely never will be. In Grieve Replies, Defense Counsel DeCesaro has affirmed that Defendants contest the applicability of ADA, of *Goodman v Georgia,546 U.S. 959; 126 S. Ct., et seq*, and even of Montez Remedial Plan to SCF. Thus he asks that the Court request them to **fulfill** their promises before the case is closed.

1. Recognize Moore as his own Plaintiff pro se.
2. Pay the Award, including interest (they were charging prisoner 18%/yr., compounded yearly. This should be the rate here). No more excuses.
3. Accept that Plaintiff is **no longer** a U. S. citizen. State so in writing.
4. Fully replace **his** wheelchair, as they said they would and was noted in the 2005 Master's Order. This will take a bit of time as Chair was made to fit as are all top-grade ones  (there might be one available in his size—there was one given to the Defense's Protected Witness Roy Allen Embry who might have died recently in their custody. If so, and if that Chair existent, give him that. All-air, titanium Chairs aren't cheap. Even if Embry lives, since Fredericks claims that prisoners lack claim to such quality DMEs from state, and since Embry got this from CODOC, take it and give it to Moore, replacing any worn-out parts.)
5. Have SCF Rec agree to hold Chair Races whenever they hold foot races. This as Defendants have stated that the **equality** clause in their Rec AR doesn't include such due to imaginary hazards they have imagined such as cattle grates (they imagined them in SCF sidewalks and so

---

[1] They have reneged on their written promises since their agent/witness, R. A. Embry, committed a massive tax fraud, then falsely blamed Moore. They promised, in writing to pay him for their error in this but instead seized much from him. They claimed that the notarized agreement that he signed and returned to them was issued "too late" by them to be honored. They still have neither paid him nor returned what they seized. CODOC and the IRS exonerated him. Only Defense Counsel (the state Attorney Ge4neral), and DOR, kept persecuting and then reneged. Later there was the 2005 *Montez* promises, still unkept.

Lewis Moore #47702 - CDOCLL

Fed reply add

stated in their Step 3 (HQ) Grieve Reply—that SCF has none is irrelevant to them).

6. Have a Review of COPD Convictions in which an ADA Defense was raised. IE that conduct was due to physical disability, recognized by CODOC, yet Hearing ignored this, not mentioning defense in Disposition.

7. Have another Review of Job Assignments versus qualifications of Montez Claimants.

8. Abolish the AIC System. Replace this with an independent Grieve/ADA Office, staffed by members of the disabled (Montez) community, thus ensuring familiarity with the medical problems. Have them conduct the above Reviews. This would ensure that ADA, etc., wouldn't be ignored once Montez finally closed.

9. Recognize, for the short duration of this case, that Defendants have waived PLRA thru their habitual refusal to address the issues for which internal remedy sought via Grieve System. They have repeatedly affirmed this waiver as *de facto*. Plaintiff asks that their waiver be made *de jure*.

10. Add these as permanent Accommodations: Personal wheelchair, air cushion, cushion cover, tool & patch kit (may be kept by staff), hand urinal, raised toilet seat for paraplegic, bunk bar, safety bar (per CTCF CH3—keeps legs on bunk), baby wipes, *Goodman* cell (enuf room to turn around a chair within cell with normal placement of any cellmate's property (locker box) (IE single celling for those who can't stand up unless very large cells), extra clothing and bedding for incontinent prisoners. While all have been allowed, at times, as Accommodations, Defendants have denied that these are permanent, and have caused them to be repeatedly rerequested, sometimes fruitlessly. Plaintiff wishes to avoid having to argue for these again.

11. Send Moore copy of all other proposed case agreements before they are finalized. This so he can check to see if they affect him, if possible effect is needlessly negative.

12. Request that Fredericks either cite, by #, the statute that she claims forbids paying Moore, **and** what data she claims is inaccurate that he gave., ▮ and that she then enter her "accurate data" on a W9 so he can be paid immediately. If she lacks "accurate data," then how can she say his is not? If she wants Residence as current prison, then she has this in Caption. All know that such is impermanent, that Defendants move prisoners a lot. That, if she cannot list these, that she apologize for her deliberately delaying, via false claims, final resolution; or withdraw from this case.

**Therefore** there is no reason, except for Fredericks' barratry, that this case, as to Plaintiff/ Claimant Moore, can't be justly resolved within one month of all receiving this pleading.

### CERTIFICATE OF SERVICE

Respectfully submitted by Plaintiff pro se on this 3rd day of January, 2017 with copy mailed to Defense Counsel above.

2. and Medical Permit (2 pocket) shirts.
3. On each, he has exhausted Administrative Remedies (Grieves).

2



DENVER COLO

04 JAN 2017 PM 9 L

US Dist Court
901 19th St, Rm A105
Denver Co 80294-3589

80294-358899

**Colorado Department Of Corrections**

Name _L R Moore_

Register Number _4 7702_

Unit _3_

Box Number _6000_

City, State, Zip _Ster ling_
_80751_



Restricted Inspection Mail Stamp

FACILITY

DOC EMPLOYEE LAST NAME          ID#

DOC#          OFFENDER LAST NAME          INT