Fed notice of appeal

# THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
### 1823 Stout, Denver CO 80257

**Appeal from U. S. District Court for Colorado**        **Tenth Circuit Case No._____**
    Civil Action No. 92-cv-00870-CMA

### Plaintiff-Appellant,
**L. R. MOORE pro se**
    #47702; POB 80751; STERLING CO
    80751

v.

### Defendant-Appellee
**JOHN HICKENLOOPER, et al**
**Defense Counsel**
    Colo. Atty. General, J. N. L. R. Fred-
    ericks (et seq); 1300 Broadway, 10th Fl.;
    Denver CO 80203

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2017

JEFFREY P. COLWELL
CLERK

### NOTICE OF APPEAL
### &
### CERTIFICATE OF SERVICE

    Appellant notifies the Courts of his appeal of the District Court's Final Actions denying his Objection to Civil Forfeiture that occurred him in this Case. His Grounds are:

1. Denial of his right to effectively be represented in court---including in person (pro se) as decreed in *Faretta v. Calif.*
2. Denial of his right to be recognized as himself, as self-described in his pleadings, including the W-2 entered as evidence, rather than the undefined person Defense Counsel (Counsel) claims him to be. The sole description she gave was that his W-2 self-description was "inaccurate." District seems to have accepted her description. In this, she opposes his deportation as an "undocumented alien" (he has some documents, such as this pleading) and as a felonious one. Both oppositions are contrary to her public stances. In summation, he is whom he says he is unless refuted by a better description and he doubts she will continue her opposition once the media publicizes it.
3. Denial of his right to be exempt from civil forfeiture without due process as provided by the 14th Amendment, U. S. Constitution.
4. Denial of his right to compensation for said forfeiture, as provided by 5th Amendment, U. S. Constitution.
5. The right to have the Courts show that they have read his pleadings, versus only State Counsel's.
6. The right to possess his own adequate DMEs (Durable Medical Equipments), in accordance with ADA (Americans with Disabilities Act), especially when Appellees refuse to provide adequate substitutes. This refusal proven by a painful gluteal decubitus

Lewis Moore #47702 - CDOCLL

Fed notice of appeal

that took over a year to heal, and did so only after replacing the inadequate substitute with equivalent to his DME (an air cushion—replacing, after said year---his which Appellees took).  They took several DMEs, including his custom-made wheelchair which they promised the Special Master they would replace but never did.  He claims that ADA applies to state prisons due to the decision in *Goodman v. Georgia.*

U. S. District Court for Colorado denied above in February and March 2017, its final denial being that the taking of the DME (personal wheelchair) was a Civil Forfeiture.  It offered no explanation as to why this was not such.

## CERTIFICATE OF SERVICE

Respectfully submitted by Plaintiff pro se with copy mailed to U.S. Dist. Ct. for Colo.and Defense Counsel on 28 March 2017.