IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-N-870 (OES) (Consolidated for all purposes with Civil Action No. 96–N–343)

JESSE MONTEZ, et al.

    Plaintiffs,

-vs.-

BILL OWENS, et al.

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG – 9 2005

GREGORY C. LANGHAM
CLERK

---

Claim Number 03-030
Category III
Claimant: L.R. Moore, #47702
Address of Claimant: CSP, P.O. Box 777, Canon City, CO 81215-0777

---

**FINAL ORDER OF SPECIAL MASTER**

---

THIS MATTER came before the Special Master for hearing on July 15, 2005. This hearing was held at the Colorado State Penitentiary (CSP) in Canon City, Colorado. Present were the following: L.R. Moore (Claimant) ; and Vincent Morscher, attorney for Defendants.

Claimant called the following witnesses at the hearing: Major Angel Medina; Cathie Holst; Lynn Erickson; Dennis Burbank; Sergeant Roberta Camper; and Claimant. Claimant offered into evidence Exhibit 1 which was accepted. Defendants presented the following witness: Cathie Holst. Defendants offered into evidence Exhibits A through D. All were admitted. Closing arguments were received from both sides. The claim then was taken under advisement.

**I.**

This litigation was commenced in 1992 against then-Governor Roy Romer and various officials of Colorado Department of Corrections (CDOC). The case was brought under the Americans with Disabilities Act, *42 U.S.C. §12101*, and Rehabilitation Act, *29 U.S.C. §794*. During the summer of 2003, the parties began the process of trying to reach a settlement of all issues. The Court was advised that a settlement had been reached between members of the class and Defendants. Judge Nottingham set the case for a fairness hearing.

On August 27, 2003, the Remedial Plan (Settlement Agreement) was presented to Judge Nottingham. After consideration of objections that had been filed by various individuals, Judge Nottingham determined that the Settlement Agreement should be approved. That approval established the class and did not provide an opt out provision for any individual. The Settlement Agreement also set up a mechanism for individual inmates, former inmates, or their representatives to file claims seeking damages or a remedy available in court.

Section XXXII of the Settlement Agreement provides the basis for the filing of claims for damages and/or for other relief. This section states, in part, as follows:

> Claim forms will then be sent to the Special Master. The Special Master shall then determine which of the following five categories of damages shall apply to each class member:
> I. General inconvenience or nominal damages;
> II. Damages due to loss of good time, earned time, access to programs or services that have not resulted in physical injury;
> III. Damages due to actual non-severe physical injuries or non-nominal emotional injuries (such as the fear of death);
> IV. Damages due to severe physical injuries; and
> V. Damages due to death.
>
> Only one of the above categories may be applied to each class member. For instance, a class member with both inconvenience damages and non-severe physical injuries will be designated as a Category 3.

*Settlement Agreement, pp.28-29.* Pursuant to this provision, Claimant has filed his claim and requested that the Special Master award monetary damages and other relief.

The Settlement Agreement in Section III provides the following definitions:

> III. DEFINITIONS
> A. COVERED DISABILITIES
> The persons covered by this Plan are individuals with mobility, hearing, and vision impairments and inmates with diabetes.
> B. QUALIFIED INMATE
> Inmate with a permanent disability/impairment which substantially limits his or her ability to perform a major life activity.
> C. PERMANENT DISABILITY/IMPAIRMENT
> A condition which is not expected to improve within six months.

The Settlement Agreement further goes on to discuss categories and criteria for special placement. *Settlement Agreement, Section V, Paragraph A.* Permanent mobility impairments are limited to "[i]nmates who use wheelchairs full or part time due to a permanent disability" or "[i]nmates who

do not need require a wheelchair but who have a permanent lower extremity mobility impairment that substantially limits walking...."

On November 23, 2004, Judges Nottingham and Kane issued an order that set forth the criteria that must be utilized in adjudicating a claim. They stated, in part, as follows:

> 2. The Special Masters shall evaluate individual damage claims submitted in this case by considering the following questions:
> 1. Is the claimant a disabled individual who is a member of the class?
> 2. Was the claimant otherwise qualified to participate in the programs or receive the benefits or services offered by DOC?
> 3. Was the claimant discriminated against by DOC because of his or her disability? (e.g., were accommodations requested and denied because of the disability?)
> 4. Did this conduct cause the claimant harm and if so, what is an appropriate remedy?

This order controls the adjudication of all claims and must be followed by the Special Masters. Any claimant must establish by a preponderance of evidence each of the four criteria.

## II.

The Settlement Agreement provided that all claims assigned to Category III were to receive a hearing. The hearing on this claim lasted over four hours. It was almost impossible to keep Claimant focused on the four questions that had to be dealt with under the Order of November 23, 2004. Claimant repeatedly digressed into issues that had nothing to do with the ADA or Rehabilitation Act.

Claimant has spent most of the last thirty years incarcerated in state facilities in Colorado. In 1975, Claimant was stabbed in the back with a knife. As a result, he became a paraplegic. Since 1975, Claimant has been confined to a wheelchair. Although there was some evidence that Claimant may have some control over his lower extremities, Defendants stipulated that he met the criteria for mobility disability.

At the time Claimant was stabbed, correctional institutions in Colorado were under the jurisdiction of the Colorado Department of Institutions. At some point after his injury, Claimant was released from custody. He then returned to correctional custody in August, 1981. CDOC had been created as a state department by that point by the Colorado General Assembly. Claimant has been in CDOC custody since that date. He has been housed at a number of CDOC facilities in the state.

Claimant testified that he was housed at the Limon Correctional Facility (LCF) in 1993. This facility had just been constructed. Claimant indicated that a portion of the cement sidewalk had heaved and had created a barrier for inmates in wheelchairs. He and others were required to go

around this impediment on the grass, but that was forbidden by the then-warden at the facility. Claimant testified that he found it difficult to get to the chow hall because of this sidewalk problem, complicated by the warden's directive not to go onto the grass. He was able to obtain some help from other inmates in getting over this barrier. Sometimes, he and others would simply go on the grass.

Claimant was transferred to the Fremont Correctional Facility, San Carlos Correctional Facility, and then to the Arkansas Valley Correctional Facility (AVCF).[1]  Claimant remained at AVCF until 2001, when he was transferred to CSP.

Over the years, Claimant has been convicted in over one hundred prison disciplinary proceedings brought under the Code of Penal Discipline (COPD). When specifically asked by the Special Master, Claimant indicated that he could not remember the exact number of convictions, but he agreed that there were over one hundred. The evidence presented by both sides indicated that Claimant is a management problem. Claimant does not want to be bound by the rules established for CDOC facilities.

While at AVCF, Claimant sent a "kite" to a supervisor asking for a new case manager.[2] Claimant testified that he had put in a rhetorical question to that supervisor. The Special Master asked what had been put into the kite, and Claimant stated that he had basically asked what he had to do to get a new case manager and whether he had to shoot his old case manager. This kite was treated as a threat, and Claimant was moved to CSP in 2001.

Since arriving at CSP, Claimant has continued to be a management problem. He has been convicted of various COPD violations. He admitted that he had ripped off a piece of metal welded to his wheelchair and then used it to bang on his cell door. He objected to being convicted of a COPD violation for damaging the wheelchair.

Claimant testified that he has always wanted to work in a facility library. He complained that he had not been able to obtain work as a librarian. He did acknowledge that he had not been denied any program since coming to CSP, although there are few programs at CSP due to its close custody requirements.

Claimant testified that he had been pulled out of his wheelchair by a correctional officer who did not believe that he was disabled. He was vague about the details of this incident, but did acknowledge that he had been convicted of a COPD violation for an altercation with that correctional

---

[1] The chronology of all facilities in which Claimant has been housed is not relevant to the case. The Special Master will set forth only those incidents that have bearing on the ultimate resolution of the claim.

[2] A kite is a written document from an inmate to prison officials requesting something. As an example, an inmate who desires non-emergency medical treatment would send a kite to the medical department requesting an appointment.

4

officer during the incident.

Claimant objected to his present wheelchair at CSP, but other testimony indicated that a new wheelchair has been received for him. He objected to shower facilities and shaving arrangements at CSP, but had no similar complaints concerning facilities he had been in prior to coming to CSP. Whatever complaints Claimant may have about CSP, he is the one who earned his way to the facility. Defendants' decision to place Claimant at CSP is one that is supported by uncontroverted evidence.

## III.

The Special Master must examine the evidence in light of the four questions set forth by Judges Nottingham and Kane in their order of November 23, 2004. Each will be taken separately.

**1. Is the Claimant a disabled individual who is a member of the class?** Defendants stipulated that Claimant is mobility disabled and was in CDOC custody on or before August 27, 2003. Claimant is clearly mobility disabled due to his injury in 1975.

**2. Was the Claimant otherwise qualified to participate in the programs or receive the benefits or services offered by CDOC?** The answer to this question is no. Claimant's actions and management problems have precluded him from progressing to a lower security level facility. By his own testimony, it is clear that Claimant wants to set his own rules and have CDOC officials abide by those. No correctional system works that way, and the ADA and Rehabilitation Act do not require prison officials to make special rules for inmates who are management problems.

The one exception to this was the situation at LCF with the sidewalk. Claimant's testimony concerning this problem was believable and is accepted. Claimant, as well as other wheelchair bound inmates at that facility at that time, were qualified to participate in the normal daily program of eating at the chow hall. Claimant was not accommodated due to the sidewalk problem.

**3. Was the Claimant discriminated against by DOC because of his or her disability?** The answer to this question is no, except for the incident at LCF. Claimant has received special attention because of his outrageous actions, such as ripping the metal piece from his wheelchair. He has only himself to blame for his present situation.

**4. Did this conduct cause the Claimant harm and if so, what is an appropriate remedy?** With the exception of the incident at LCF, Claimant has not suffered any harm based upon any discrimination under the ADA and Rehabilitation Act. Although the incident at LCF was years ago, it had an impact on Claimant. That incident reflects exactly why the ADA and Rehabilitation Act were enacted. *See, e.g. Tennessee v. Lane*, 541 U.S. 509 (2004) (right to access to court house for those who are disabled). Claimant is entitled to compensation in the amount of $50.00.

IT IS HEREBY ORDERED that the claim of L.R. Moore is granted only to the extent that he was not accommodated while at the Limon Correctional Facility in 1993 when he was unable to

travel to the chow hall because of sidewalk heaving and is awarded $50.00 for that period of time; and

IT IS FURTHER ORDERED that the claim of L.R. Moore is denied in all other aspects, as the evidence established that conduct toward him has been the result of his own actions and not the result of any discrimination prohibited by the ADA and Rehabilitation Act; and

IT IS FURTHER ORDERED that Claimant and Defendants are advised that they may file an objection to this Order pursuant to Federal Rule of Civil Procedure 53(g)(2), but said objection must be filed with the Clerk of the United States District Court, 901 19th Street, Denver, CO 80294 **on or before September 15, 2005.**

SIGNED this _25th_ day of July, 2005.

BY THE COURT:

Richard M. Borchers
Special Master

## CERTIFICATE OF MAILING

I hereby certify that I have mailed a copy of the foregoing Order of Special Master this *25th* day of July, 2005 to the following:

Mr. L.R. Moore
#47702
CSP
P.O. Box 777
Canon City, CO 81215-0777

Ms. Paula Greisen
Mr. David Miller
Counsel for the Class
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mr. Vincent Morscher
Mr. James X. Quinn
Mr. Jess A. Dance
Office of the Attorney General
Litigation Section
1525 Sherman Street, 5th Floor
Denver, CO 80203

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00870-CMA-MEH

JESSE F. MONTEZ,
DAVID BRYAN,
GEORGE KARL,
GILPIN EUGENE,
JOHN ARMINTROUT,
KENNETH GARCIA,
RICHARD ALLEN, and
JIMMY R. BULGIER, as representatives of themselves and all others similarly situated,

       Plaintiffs,

v.

FRANK GUNTER, Former Executive Director of the Colorado Department of Corrections,
BEN JOHNSON, Former Warden of Colorado Territorial Correctional Facility,
CHERYL SMITH, Medical Administrator at CTCF,
ARI ZAVARES, Executive Director of Colorado Department of Corrections,
BOB FURLONG, Warden of Limon Correctional Facility,
DEPARTMENT OF CORRECTIONS,
BILL PRICE, Warden of the Arkansas Valley Correctional Center,
R. MARK MCDUFF, Warden of the ACC, FMCF, SCC and Pre-Release Correctional Center,
GARY NEET, Warden of the Buena Vista Correctional Facility,
WARREN DIESSLIN, Former Warden of the Buena Vista Correctional Facility,
FRANK MILLER, Warden of the Centennial Correctional Facility,
DONICE NEAL, Warden of the Colorado State Penitentiary,
MARK WILLIAMS, Warden of the Colorado Women's Facility,
MARK MCKINNA, Warden of the Colorado Territorial Correctional Facility,
J. FRANK RISE, Warden of the Denver Reception and Diagnostic Center,
LARRY EMBRY, Warden of the Fremont Correctional Facility,
TOM COOPER, Former Warden of the Fremont Correctional Facility,
BILL BOGGS, Warden of the Rifle Correctional Facility,
BILL BOKROS, Warden of the Pueblo Minimum Center,
DAVID HOLT, Medical Administrator,
JEAN MOLTZ, Medical Administrator,
RON JOHNSON, Medical Administrator,
DON LAWSON, Clinical Administration Director,
BOB MOORE, Medical Supervisor,
RONALD G. PIERCE,
JOHN HICKENLOOPER,
JOHN DOES, Current and Former Wardens of an correctional facility maintained, operated or controlled by the Colorado Department of Corrections, and
JOHN ROES,

Defendants.

---

### MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 25, 2016**.

 This matter comes before the Court *sua sponte*. Counsel for the parties are directed to appear in person before the Court for a Status Conference regarding settlement on **October 31, 2016, at 11:00 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an alternate date. All parties must be present if they wish to change the date of the conference by telephone; otherwise, any party seeking to change the conference date must file a motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **two business days prior** to the date of the conference.

 Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2(b).

**MINUTE ENTRY FOR SETTLEMENT**

TO:  Docketing

FROM:  Magistrate Judge Michael E. Hegarty

DATE:  October 31, 2016

RE:  ***Montez, et al. v. Romer, et al.*, 92-cv-00870-CMA-MEH**

    \_\_\_\_  A settlement conference was held on this date, and no settlement has been reached as to any claims in this action.

    \_X\_  A settlement conference was initiated in **October 2015**, with periodic conferences, emails, and telephone calls since then, and the parties have reached an agreement in principle as to

        \_X\_  All claims in this action.  The Court will continue to work with the parties to finalize settlement language and prepare a fairness hearing.

        \_\_\_\_  Claims between Plaintiff and Defendant(s) _____ .  These parties shall file a stipulated motion to dismiss on or before November 30, 2016.

Settlement conference, email and telephone conference time involved since October 2015: 6 hours 45 minutes.

    \_\_\_\_  A record was made           \_X\_  No record was made

* * * * * * * * * * * * * * * *

    \_\_\_\_  Supplemental settlement negotiations were held in the above-captioned case, including telephone and e-mail discussions and an in-person conference at the Court, since the initial conference.  The case has settled.

Preparation and negotiation time involved: \_\_ hours \_\_ minutes.

Montez - Oct 2016

# In The United States District Court For District of Colorado

Civil Action 92CV00870-CMA-MEH

MONTEZ,
MOORE[1], et al
    Plaintiffs

v.

Govenor HICKENLOOPER, et al
    Defendants

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**NOV 14 2016**

JEFFREY P. COLWELL
CLERK

## OBJECTION TO UNTIMELY NOTICE, TO BLIND SETTLEMENT, AND TO NONREPRESENTATION
### With
### CERTIFICATE of SERVICE

#### Untimely Notice

Moore received Notice of Settlement Conference for 31 October 2016 on 4 November, via U.S.P.S.[2] This was

_____

1. L.R. Moore (Lewis Roger) 47702;
   POB 6000; Sterling CO 80751;
2. Copy of envelope is Exhibit A

— 1 —

Montez Oct 2016

needlessly untimely as prison has Email for prisoners (incoming) and, outgoing, has almost unused TDD teletypes.[4] Using these would have allowed a timely review of settlement proposal, with time to move for a stay if it felt needed.

Moore has received essentially nothing regarding Montez for many years, and what little, such as the 25 Oct 2016 Minute Order, came from Court, not from any lawyer or firm. He still has NOT received the two items that Arbitrater ordered awarded him in 2005: the $50 Damages; the equivalently equipt wheel Chair to that stolen by CSP staff from him.[5] He repeatedly notified the Court of these 2 with succeeding in having the failure of CDOC to produce addressed. Instead he got, when Court replied, the run around such as "ask your attorney."[6] On the $50, CDOC blames Cynthia Coffman as its attorney. Coffman refused to reply to Moore's request.[7]

---

4. Telecommunications Device for the Deaf. SCF, where Moore is celled, has 7 for prisoner uses.

3. Besides a dedicated Fax #, SCF has I ~~Letter~~ Mail service for prisoners

Montez Oct 2016

As he has great interest in a Settlement that results in finally getting his awards, and in reviewing later ADA/Montez complaints of his[8], he needed to have been given a timely notice.

THEREFORE, he should be exempted from any finality produced by Settlement until his awards, and later issues, are at least addressed by Defendants.

FURTHER, he should, in the future, be notified by Email hardcopy[9] such as Fax, or J Mail. And should be allowed, by Court Request/Order, to file using TDD.

Blind Settlement

Moore moves that Court order Defendants to comply with Civil Rule 5 which requires serving all parties

5. T'was a titanium framed, made-to-measure QuadraFold® with mountain bike tires, air casters, and fully adjustable wheel and caster geometry. It was made for him. He had it until stolen while he was in solitary at CSP in 2001.

6. This despite fact that the Class Attorneys never appeared at the Arbitration that awarded him these 2. Nor did they ever try to get CODOC to comply, almost never replying to his letters.

Montez Oct 2016

documents relevent to their interests. As Moore lacks representation, that means he must be sent copy directly of Proposed Settlement.

### NonRepresentation

Unless this Court will appoint a lawyer ~~You~~ who makes persuit of the 2 awards his primary duty, Moore asks to be removed from Class Representation, and allowed to represent himself. He has had 3 typewriters in CODOC. Staff seized all of them, the last when a Court Order to allow him to have it expired.[10] It had a 2 page memory, thus allowing instant copying for Service. CODOC refuses now to allow such, as it allows only what

7. Asst Colo Atty General Fredericks informed a Court, and Moore, that "her office" had no knowledge of the award(s). This altho they sent an attorney to the Arbitration who was present when Awards made. This statement was made in an entirely unrelated case in state court, now final.

8. These have had AdministrativeRemedies exhausted. They include refusal to allow effective treatment of bedsores; to allow wheelchair races as part of guarantee of equal Recreation; — 4 —

Montez Oct 2016

sells. ~~SCF~~ SCF does have surplus computer terminals ~~for~~ prisoner use but bans using these to print legal documents. Law Library is always overscheduled in SCF Medium. ~~Moore~~

Moore asks this Court to ~~either~~ request Defendants to either change ban on printing pleadings outside of Law Library, or to again allow copying typewriters/~~and~~ dedicated* word processors, and drop ban on type-writers in Segregation as being Segged ~~was~~ was reason his 3 were

---

8. (con't)
refusal to comply with staff doctor's orders on Med Supplies (hand urinal and Internal Emergency Catheter Kit); refusal to provide accessable (lower) chin-up bar (SCF's reply was "Relief Granted — Low Bar installed at LCF" as if Moore could go to Limon just to do a few chin ups every day); job discrimination (Moore has been repeatedly denied jobs in Law Library, Library ~~and~~ Education, and Electronics Repair as "overqualified").

9. This allows him to keep the copy, and SCF to log it as Legal Mail.

— 5 —

Montez Oct 2016

seized. He knows Courts much prefer typed pleadings, they've told him.

As basis for self-representation, he cite Ferrata v. California,[12] a U.S. Supreme Court case guaranteeing this as absolute right in criminal cases.

## Certificate of Service

Respectfully submitted 8 November 2016 by Plaintiff pro se with copy sent Colorado Attorney General. L R Moore

---

10. He won the case but was not about keeping typewriter in Seg. Thus when Court ordered closure, typewriter in Seg order expired.

11. Non programable, thus doesn't violate ban on personal ownership of computers.

12. No time to obtain full cite, this pleading written same day as Minute Order received. there'll be unavoidable delay in law library xeroxing, thus mailing out.

Exhibit A

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

DENVER
CO 800
25 OCT 2016
OPEN ONLY IN THE
PRESENCE OF THE
INMATE

neopost
10/25/2016
US POSTAGE
$00.46⁰

ZIP 80294
0411112245087

L.R. Moore
#47702
Colorado State Penitentiary (CSP)
P.O. Box 777
Canon City, CO 81215-0777

SCF 2

81215-077777

RECEIVED AT SCF
MAIL ROOM

NOV 03

Colorado Department Of Corrections

Name  L R Moore

Register Number  47762

Unit  2

Box Number  6000

City, State, Zip  Sterling 80751

Restricted Inspection Mail Stamp

DATE REC'D  11-8-16

ID#  2044

INT

SCF

FACILITY  Parussa

DOC EMPLOYEE LAST NAME

47762  L Moore

DOC#  OFFENDER LAST NAME

80294★2501  C044

Federal District Court Clerk
901 19th Street, Room A-105
Denver, CO 80294



US POSTAGE >> PITNEY BOWES

ZIP 80751
02 1W  $ 000.21°
0001365920 NOV 09 2016

US POSTAGE >> PITNEY BOWES

ZIP 80751
02 1W  $ 000.46⁵
0001365920 NOV 09 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

Claim Number 03-030
Category III
Claimant: L.R. Moore, #47702
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

**DEFENDANTS' RESPONSE TO MOORE'S "OBJECTION TO UNTIMELY NOTICE, TO BLIND SETTLEMENT, AND TO NONREPRESENTATION…"**

---

Defendants, through the Colorado Attorney General, respectfully file this response to the "Objection to Untimely Notice, to Blind Settlement, and to Nonrepresentation…" submitted by Claimant Moore on November 14, 2016.[1]

1.      Mr. Moore had an individual damages claim hearing on July 15, 2005. *See* Doc. 1019; *and see* Doc. 3567 (Denying Claimant's Motion to Reconsider).[2] As a result,

---

[1] Mr. Moore's filing primarily objects to an inchoate settlement under negotiation by Counsels for the Parties. Also with respect to systemic issues, Claimant is a represented party and any purported issues must be addressed via Class Counsel. *See McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991). In light of the absence of a new settlement, there is nothing for Moore to object to. Therefore, Defendants do not address those issues. However, Moore also alleges within the "Objection" that Defendants have heretofore failed to comply with the Final Order of the Special Master in this case with respect to Claimant. This is inaccurate and Defendants briefly address that allegation herein and to the extent the Court construes that limited portion of Mr. Moore's "Objection" to be a motion, Defendants respectfully request that the motion be <u>denied</u>.

[2] Moore appealed his individual damages claim decision to the Tenth Circuit Court of Appeals in 10-1411, which was dismissed for lack of prosecution on April 7, 2011. *See* Doc. 01018618293.

1

it was determined that Claimant meets the established Remedial Plan criteria for a lower mobility disability. *Id.* at p. 3, 5.

2.      The Special Master largely found that Mr. Moore was not qualified to participate in the programs and services of the Colorado Department of Corrections by virtue of his "actions and management problems [which] have precluded him from progressing to a lower security level …" The Special Master noted that "it is clear Claimant wants to set his own rules and have CDOC officials abide by those. No correctional system works that way, and the ADA and Rehabilitation Act do not require prison officials to make special rules for inmates who are management problems." *Id.* The Special Master furthermore found that Claimant was generally not discriminated against because of his disability and wrote that "Claimant has received special attention because of his outrageous actions, such as ripping the metal piece from his wheelchair… [and] has only himself to blame for his present situation." *Id.* at p. 5, 6.

3.      Ultimately, the Special Master determined that an area of beveled sidewalk at the Limon Correctional Facility which impeded Claimant's egress to the chow hall via wheelchair, constituted discrimination predicated upon disability which impaired Moore's ability to eat meals in the chow hall. For that limited issue, Moore was awarded $50.00. *Id.* p. 5. The Special Master made no further award. *Id.*

4.      Presently, Moore alleges Defendants failed to provide him with (1) a Court ordered wheelchair, and (2) his $50.00 damages award. *See* Doc. 5559, p. 2-3.

2

**The wheelchair.**

5.       The Special Master did not award Mr. Moore a wheelchair pursuant to his individual *Montez* damages hearing. *See* Doc. 1019. Accordingly, Claimant cannot seek to compel compliance with a non-existent order.

6.       Furthermore, a wheelchair is a type of medical equipment, not an accommodation pursuant to the ADA. The *Montez* case specifically redresses ADA claims and the requisite accommodations and does not provide for litigation of claims regarding allegedly substandard medical care.[3] *See also Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134 (10th Cir. 2005) (holding that claims for substandard medical treatment cannot be pursued under the ADA).

7.       In addition, Mr. Moore already possesses a functioning wheelchair which meets his particular medical needs.[4] *See* **Ex. A-1**, Medical Records for L.R. Moore.

8.       Thus, for each of the foregoing reasons, Mr. Moore's request to compel Defendants to provide him with a particular wheelchair should be denied.

**The damages payment.**

9.       Mr. Moore was awarded $50.00 for his encounter with the beveled sidewalk at the Limon Correctional Facility. *See* Doc. 1019.

---

[3] "Health care appliances shall be prescribed and approved for eligible inmates by licensed DOC health care providers, subject to medical necessity, safety, and security…"  *See Remedial Plan XVI(B)*.

[4] Moreover, even if the wheelchair were construed as an accommodation, Mr. Moore would not be entitled to a particular type of chair as "the accommodation provided need not be the 'best accommodation possible,' so long as it is sufficient to meet the… needs of the individual being accommodated."  *Hall v. Claussen*, 6 Fed.Appx. 655, 668 (10th Cir. 2001) (unpublished opinion).  Where multiple potential accommodations exist, the entity, "providing the accommodation has the ultimate discretion to choose between effective accommodations…" *Smith v. Honda of Am. Mfg., Inc.*, 101 F.App'x 20, 205 (6th Cir. 2004) (internal cites omitted); *see also Phiffer v. Department of Corrections Columbia River Correctional Institute*, 2006 WL 3758433 (D. Or.) (discussing *Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999)).

10.    Subsequently, a W-9 was provided to Claimant so that the awarded sum could be remitted to him. Instead of completing and returning the W-9, Mr. Moore filled the form in which inaccurate information. *See* **Ex. A-1**, W-9 from L.R. Moore.

11.    Subsequent to Mr. Moore's failure to return an accurate W-9, the Office of the Attorney General tendered a letter to Claimant on September 13, 2006, once more asking Mr. Moore to complete and return an correct form. *See* **Ex. A-3**, Letter 9/13/06.

12.    Accordingly, to the extent possible, Defendants have complied with the Final Order regarding Moore.[5] It is only as a result of Mr. Moore's personal failure to return an accurate W-9; Defendants have been unable to tender the $50.00 to Claimant.[6]

13.    Thus, Mr. Moore's request to compel Defendants to provide him with that sum absence his completion of the obligatory legal form should be denied.

**WHEREFORE**, Defendants respectfully request that Moore's "Objection," to the extent the same is construed as a motion seeking to compel compliance with Claimant's Final Order (Doc. 1019), be underlined denied.

Respectfully submitted this 29th day of November 2016.

CYNTHIA H. COFFMAM
Attorney General

/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS, #39932
Assistant Attorney General
State Services Section
Attorneys for Defendants

---

[5] This Court ruled that its jurisdiction over a claim ends once the Final Order has been complied with. *See* Doc. 5414, p. 2; 5431, p. 4 (citing Doc. 5414).
[6] Upon information and belief, if Mr. Moore completes an accurate W-9, Defendants will promptly pay Claimant his $50.00.

4

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6603


**CERTIFICATE OF SERVICE**

I certify that on November 29, 2016, I electronically filed the foregoing via ECF and mailed copies through the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

L.R. Moore, #47702

*Courtesy Copy To:*
Adrienne Jacobson, CDOC

SCF
P.O. Box 6000
Sterling, CO 80751-6000

/s/ Mariah Cruz-Nanio

# COLORADO DEPARTMENT OF CORRECTIONS
## ACTIVE PROBLEM LIST
### DOC#: 47702  - Name: MOORE, LEWIS R

| ICD Code | PROBLEM Description | Status | Since | Provider |
|---|---|---|---|---|
| | | | | HA N |
| | | | | N |

**Comments:**

| 344.1 | PARAPLEGIA | Chronic | 02/11/2003 | BUTTON, MARCUS |

**Comments:**



EXHIBIT
A-1

## Colorado Department of Correction
## Consultation Report Form

**Appt#: 220521**

Page 1 of 1
Run Date: 07/12/2016 10:50
*REQUESTED*

| | | |
|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 07/12/2016 |
| **Gender:** MALE | **Security:** MEDIUM | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** KAUTZ, TRISHA N , NP | **SDD:** 12/31/8888 |
| **Request:** WHEELCHAIR MGT | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

### Diagnosis and requested evaluation or care:

consult for wheelchair repair (Rocky Mountain Medical) for Moore 47702
Needs velcro for seat so cushion won't slip,brake repair, heel loop replacement on footrest, please
1. PURPOSE OF REQUEST:
2. SUPPORTING DOCUMENTATION, PROGRESS OR SPECIALISTS NOTES, DIAGNOSTIC TESTS, ATTACHED OR FAXED:
3. PHYSICAL/FUNCTIONAL EXAM PERTINENT TO REQUEST:
4. PRIOR CONSERVATIVE MANAGEMENT:
5. MRD:
6. EFFECT ON ADLS WHEN INDICATED:
7. REVIEW OF MILLIMAN CARE GUIDELINES MET:
8. PATIENT COMPLIANCE HISTORY WITHTREATMENT PLAN; EXCELLENT, GOOD, POOR:

Subjective: Active Medication(s):

Received email from Ms Ramirez for w/ c repair

Objective: CR-consult submitted

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |
| | | | |
| | | | |
| | | | |

| **Provider Signature:** | *Electronically Signed* | **Date:** 07/12/2016  10:50 |
|---|---|---|
| **Provider Name:** | KAUTZ, TRISHA N , NP | tnkautz |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance:  Correctional Health Partners  Phone: (866) 362-1374   FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

**Col***ado* **Department of Corre**~~cti~~**s**
**Consultation Report For**~~m~~

Page 1 of 1

**Appt#: 223658**

Run Date: 09/16/2016 10:49
*REQUESTED*

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 09/16/2016 |
| **Gender:** MALE | **Security:** MEDIUM | **SSN:** ▓ | **DOB:** ▓ |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** KAUTZ, TRISHA N , NP | **SDD:** 12/31/8888 |
| **Request:** DME | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

**Diagnosis and requested evaluation or care:**

Requesting Rojo cushion because of the sore(s) on offender left buttock. He is unable to reposition himself in the chair. He has chronic ongoing decubs and needs cushion to prevent further skin breakdown

1. PURPOSE OF REQUEST:
2. SUPPORTING DOCUMENTATION, PROGRESS OR SPECIALISTS NOTES, DIAGNOSTIC TESTS, ATTACHED OR FAXED:
3. PHYSICAL/FUNCTIONAL EXAM PERTINENT TO REQUEST:
4. PRIOR CONSERVATIVE MANAGEMENT:
5. MRD:
6. EFFECT ON ADLS WHEN INDICATED:
7. REVIEW OF MILLIMAN CARE GUIDELINES MET:
8. PATIENT COMPLIANCE HISTORY WITH TREATMENT PLAN; EXCELLENT, GOOD, POOR:

Subjective: Active Medication(s):

Received email communication from Ms Ramirez

Objective: CR-will submit to CHP for cushion

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |

| | | |
|---|---|---|
| **Provider Signature:** | *Electronically Signed* | **Date:** 09/16/2016  10:49 |
| **Provider Name:** | KAUTZ, TRISHA N , NP | tnkautz |

**Please do not discuss dates of the follow-up appointments with the offender.**
**Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375**
**Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906**
**Or FAX to your Scheduler @ 719-226-4500**

## Colorado Department of Correction
### Consultation Report Form

**Appt#: 218469**

Page 1 of 1

Run Date: 05/24/2016 10:17

*REQUESTED*

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 05/24/2016 |
| **Gender:** MALE | **Security:** MEDIUM | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** KAUTZ, TRISHA N , NP | **SDD:** 12/31/8888 |
| **Request:** DME | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

**Diagnosis and requested evaluation or care:**

Offender needs w/c cushion he is a paraplegic who has a very very slow healing decub on his coccyx/sacrum area

1. PURPOSE OF REQUEST:
2. SUPPORTING DOCUMENTATION, PROGRESS OR SPECIALISTS NOTES, DIAGNOSTIC TESTS, ATTACHED OR FAXED:
3. PHYSICAL/FUNCTIONAL EXAM PERTINENT TO REQUEST:
4. PRIOR CONSERVATIVE MANAGEMENT:
5. MRD:
6. EFFECT ON ADLS WHEN INDICATED:
7. REVIEW OF MILLIMAN CARE GUIDELINES MET:
8. PATIENT COMPLIANCE HISTORY WITH TREATMENT PLAN; EXCELLENT, GOOD, POOR:

Subjective: Active Medication(s):

Offender is requestin w/c cushion

Objective: CR-will submitconsult

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |

| **Provider Signature:** | *Electronically Signed* | **Date:** 05/24/2016  10:17 |
|---|---|---|
| **Provider Name:** | KAUTZ, TRISHA N , NP | tnkautz |

**Please do not discuss dates of the follow-up appointments with the offender.**
**Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375**
**Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906**
**Or FAX to your Scheduler @ 719-226-4500**

## Colorado Department of Corrections
### Consultation Report Form

**Appt#: 214301**

Page 1 of 1

Run Date: 02/17/2016 14:48

*REQUESTED*

| | | |
|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 02/17/2016 |

**Gender:** MALE   **Security:** MEDIUM   **SSN:** ███   **DOB:** ███

**Level:** 1 MONTH   **Tele-Med:** NO   **Provider:** KAUTZ, TRISHA N , NP   **SDD:** 12/31/8888

**Request:** WHEELCHAIR MGT   **Auth #:**   **Number of Visits:** 1   **PED:** 12/14/1999

**Location:** STERLING   **Appt Dt:**   **Specialist:**   **DH #:**

**Provider Name:**   KAUTZ, TRISHA N , NP   tnkautz

Please do not discuss dates of the follow-up appointments with the offender.

Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375

Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906

Or FAX to your Scheduler @ 719-226-4500

## Colorado Department of Corrections
## Consultation Report Form

**Appt#: 196552**

Page 1 of 1

Run Date: 12/29/2014 14:01

*AUTOMATIC AUTH*

| | | |
|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT01 | **Date Initiated:** 12/29/2014 |

**Gender:** MALE   **Security:** MEDIUM   **SSN:** ▮▮▮   **DOB:** ▮▮▮

**Level:** UPTO 1 WEEK   **Tele-Med:** NO   **Provider:** KAUTZ/DR. LISH, TRISHA N , NP   **SDD:** 12/31/8888

**Request:** WHEELCHAIR MGT   **Auth #:**   **Number of Visits:** 1   **PED:** 12/14/1999

**Location:** STERLING   **Appt Dt:**   **Specialist:** RAPID MEDICAL   **DH #:**

**Diagnosis and requested evaluation or care:**

Foot pedal needs repair.

1. CLINICAL INFORMATION:

Subjective: Active Medication(s):

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |
| | | | |
| | | | |

| **Provider Signature:** | *Electronically Signed* | **Date:** 12/29/2014  14:01 |
|---|---|---|
| **Provider Name:** | KAUTZ/DR. LISH, TRISHA N , NP | tnkautz |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

## Col_do Department of Correctio_
## Consultation Report Form

**Appt#: 193134**

Page 1 of 1
Run Date: 10/01/2014 15:36
*REQUESTED*

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT01 | **Date Initiated:** 10/01/2014 |
| **Gender:** MALE | **Security:** MEDIUM | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** FAUVEL, MAURICE , DO | **SDD:** 12/31/8888 |
| **Request:** WHEELCHAIR MGT | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** RAPID MEDICAL | **DH #:** |

**Diagnosis and requested evaluation or care:**

1. CLINICAL INFORMATION:

Subjective: Active Medication(s):

IM reports broken footrest on WC;

Objective: WC inspection: broken bolt on R footrest.

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |
| | | | |
| | | | |

| **Provider Signature:** | *Electronically Signed* | **Date:** 10/01/2014  15:36 |
|---|---|---|
| **Provider Name:** | FAUVEL, MAURICE , DO | mzfauvel |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

# Colorado Department of Corrections
## Consultation Report Form

**Appt#: 186105**

*REQUESTED*

Page 1 of 1

Run Date: 04/22/2014 14:56

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT04 | **Date Initiated:** 04/22/2014 |
| **Gender:** MALE | **Security:** CLOSE | **SSN:** ▮ | **DOB:** ▮ |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** FAUVEL, MAURICE , DO | **SDD:** 12/31/8888 |
| **Request:** DME | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

### Diagnosis and requested evaluation or care:

1. CLINICAL INFORMATION: Wheelchair bound; cushion worn and torn. Would like new gel cushion if available.

Subjective: Active Medication(s):

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

64 y/o paraplegic male returns for f/up ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ IM states WC cushion is worn out.

Objective: Seen in wheelchair.
Affect: cooperative.
Gen: A&Ox3, NAD, WDWN   Obese.

▮▮▮▮▮▮▮▮▮▮

Wheelchair exam;  cushion is worn and torn; L leg support with broken bolt.

Assessment: **Problems(ICD) & Services(CPT)**
ICD/Problem Codes:

▮▮▮▮▮▮▮▮▮▮

CPT/Services Codes:
99213 – OFFICE/OUTPATIENT VISIT EST
**Problems(ICD) & Services(CPT)**

| ICD | | CPT | |
|---|---|---|---|
| ▮▮▮▮▮ | | 99213 | OFFICE/OUTPATIENT VISIT EST |
| | | | |
| | | | |

Please do not discuss dates of the follow-up appointments with the offender.               .
Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

# Colorado Department of Corrections
## Consultation Report Form

**Appt#: 184679**

Page 1 of 1
Run Date: 03/24/2014 07:51
**REQUESTED**

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 03/24/2014 |
| **Gender:** MALE | **Security:** CLOSE | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** FAUVEL, MAURICE , DO | **SDD:** 12/31/8888 |
| **Request:** WHEELCHAIR MGT | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

**Diagnosis and requested evaluation or care:**

1. CLINICAL INFORMATION:

Subjective: Active Medication(s):

[redacted]

IM WC-bound; needs repair.

Objective: L front wheel falling apart.

Assessment:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |
| | | | |
| | | | |

| **Provider Signature:** | *Electronically Signed* | **Date:** 03/24/2014  07:51 |
|---|---|---|
| **Provider Name:** | FAUVEL, MAURICE , DO | mzfauvel |

Please do not discuss dates of the follow-up appointments with the offender.              .
Insurance:  Correctional Health Partners  Phone: (866) 362-1374   FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

## Col___do Department of Correcti___
### Consultation Report Form

**Appt#: 182387**

Page 1 of 1
Run Date: 01/29/2014 13:04
*REQUESTED*

| | | |
|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 01/29/2014 |

| | | | |
|---|---|---|---|
| **Gender:** MALE | **Security:** CLOSE | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** FAUVEL, MAURICE , DO | **SDD:** 12/31/8888 |
| **Request:** WHEELCHAIR MGT | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

**Diagnosis and requested evaluation or care:**

1. CLINICAL INFORMATION:   Wheelchair needs heel loops and new cushion; IM is paraplegic.

64 y/o paraplegic male presents for f/up

Also c/o feet

slipping off WC foot plates and needing new cushionfor WC.

Objective: IM looks somewhat ragged; long hair and dissheveled clothing.
Affect: Not usual abrasive self today;  calm speech.
Gen: A&Ox3, NAD, Obese.

Legs: flacid legs; IM has R lower leg strapped to footrest frame. no edema

Assessment:

99213 - OFFICE/OUTPATIENT VISIT EST

| ICD | | CPT | |
|---|---|---|---|
| | | 99213 | OFFICE/OUTPATIENT VISIT EST |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| **Provider Signature:** | *Electronically Signed* | **Date:** 01/29/2014  13:04 |
| **Provider Name:** | FAUVEL, MAURICE , DO | mzfauvel |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

**ADMINISTRATIVE**
Page 1 of 1

**DEPARTMENT OF CORRECTIONS**
**AMBULATORY HEALTH RECORD**

Printed By: KAUTZ, TRISHA N
Printed at: 09/16/2016 10:50:37
Encounter#: 4464242 @ SF

| 47702 | MOORE, LEWIS R | Facility: SF  LU: SCF/UNIT02 | B | 1 | 108 | 1B |

**SUBJECTIVE**
Active Medication(s):

Received email communication from Ms Ramirez
**OBJECTIVE**
CR-will submit to CHP for cushion

**ASSESSMENT**
ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

Temperature: 
Respiratory: 
Pulse: 
BP:         /
Weight: 

**PLANS / ORDERS**
Allergies: PENICILLIN G/PENICILLIN G

kite prn

Outside Consultation#: 223658 - Level: 1 MONTH - Request: DME -
Location: STERLING

Datetime:
09/16/2016 10:46
Providers: KAUTZ, TRISHA N

**PA/NP/RD**
Datetime: 09/16/2016 10:46

**PHYSICIAN**
Provider: KAUTZ, TRISHA N

**NURSE**
DateTime

**ADMINISTRATIVE**
**Page 1 of 1**

## DEPARTMENT OF CORRECTIONS
## AMBULATORY HEALTH RECORD

Printed By: KAUTZ, TRISHA N
Printed at: 08/24/2016 07:23:54
Encounter#: 4441453 @ SF

| 47702 | MOORE, LEWIS R | Facility: SF | LU: SCF/UNIT02 | B | 1 | 108 | 1B |
|---|---|---|---|---|---|---|---|

**SUBJECTIVE**
Active Medication(s):

| Temperature: | | Pulse: | | Weight: | |
|---|---|---|---|---|---|
| Respiratory: | | BP: | / | | |

**PLANS / ORDERS**
Allergies: PENICILLIN G/PENCILLIN G

kite prn

Offender kiting for medical supplies
**OBJECTIVE**
CR_Offender informed via kite ▮▮▮▮▮▮▮▮▮▮▮▮▮ You have a seat
cushion. You are scheduled for an appointment"

**ASSESSMENT**
ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

**Datetime:** Providers: KAUTZ, TRISHA N
08/24/2016 07:20

**PA/NP/RD** _____   **PHYSICIAN** _____   **NURSE** _____
**Datetime:** 08/24/2016 07:20        **Provider:** KAUTZ, TRISHA N        **DateTime** 1100  8/24/16

ADMINISTRATIVE
Page 1 of 1

**DEPARTMENT OF CORRECTION**
**AMBULATORY HEALTH RECORD**

Printed By: KAUTZ, TRISHA N
Printed at: 07/12/2016 10:55:36
Encounter#: 4398683 @ SF

| 47702 | MOORE, LEWIS R | Facility: SF | LU: SCF/UNIT02 | B | 1 | 108 | 1B |

**SUBJECTIVE**
Active Medication(s):

Received email from Ms Ramirez for w/ c repair

**OBJECTIVE**
CR-consult submitted

**ASSESSMENT**
ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

**Temperature:** **Pulse:** **Weight:**
**Respiratory:** **BP:** /

**PLANS / ORDERS**
Allergies: PENICILLIN G/PENICILLIN G

kite prn

Outside Consultation#: 220521 - Level: 1 MONTH - Request:
WHEELCHAIR MGT - Location: STERLING

**Datetime:** 07/12/2016 10:48   **Providers:** KAUTZ, TRISHA N

**PA/NP/RD**
**Datetime:** 07/12/2016 10:48

**PHYSICIAN**
**Provider:** KAUTZ, TRISHA N

**NURSE**
**DateTime**

# DEPARTMENT OF CORRECTIONS
## AMBULATORY HEALTH RECORD

| 47702 | MOORE, LEWIS R | Facility: | SF | LU: | SCF/UNIT02 | B | 1 | 108 | 1B |
|---|---|---|---|---|---|---|---|---|---|

**SUBJECTIVE**
Active Medication(s):

Offender is requestin w/c cushion

**OBJECTIVE**
CR-will submit consult

**ASSESSMENT**
ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| Temperature: | | Pulse: | | Weight: | |
|---|---|---|---|---|---|
| Respiratory: | | BP: | / | | |

**PLANS / ORDERS**
Allergies: PENICILLIN G/PENICILLIN G

kite prn

Outside Consultation#: 218469 - Level: 1 MONTH - Request: DME - Location: STERLING

**Datetime:** 05/24/2016 10:15

**Providers:** KAUTZ, TRISHA N

**PA/NP/RD** _____
**Datetime:** 05/24/2016 10:15

**PHYSICIAN** _____
**Provider:** KAUTZ, TRISHA N

**NURSE** _____
**DateTime** _____

**ADMINISTRATIVE**
**Page 1 of 1**

## DEPARTMENT OF CORRECTIONS
## AMBULATORY HEALTH RECORD

Printed By: KAUTZ, TRISHA N
Printed at: 02/17/2016 14:48:52
Encounter#: 4251953 @ SF

| 47702 | MOORE, LEWIS R | Facility: SF | LU: SCF/UNIT02 | B | 1 | 108 | 1B |

**SUBJECTIVE**
Active Medication(s):

| | |
|---|---|
| Temperature: | Pulse: | Weight: |
| Respiratory: | BP: / |

**PLANS / ORDERS**

Allergies: PENICILLIN G/PENICILLIN G

kite prn

Outside Consultation#: 214301 - Level: 1 MONTH - Request:
WHEELCHAIR MGT - Location: STERLING

Moore  47702  one armrest has broken off.  Also, need brakes
tightened.

**OBJECTIVE**
CR-will submit

**ASSESSMENT**
ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

Datetime: 02/17/2016 14:38    Providers: KAUTZ, TRISHA N

**PA/NP/RD**
**Datetime:** 02/17/2016 14:38

**PHYSICIAN**
**Provider:** KAUTZ, TRISHA N

**NURSE**
**DateTime** 2-17-16 @ 1900

APPOINTMENT
Page 1 of 1

**DEPARTMENT OF CORRECTIONS**
**AMBULATORY HEALTH RECORD**

Printed By: MOONWELCH, INDIZO S
Printed at: 09/15/2015 13:50:17
Encounter#: 4101535 @ SF

| 47702 | MOORE, LEWIS R | Facility: | SF | LU: | SCF/UNIT02 | B | 1 | 108 | 1B |
|---|---|---|---|---|---|---|---|---|---|

| SUBJECTIVE | |
|---|---|
| Active Medication(s): | |

| Temperature: | 97.8 | Pulse: | 81 | Weight: | |
|---|---|---|---|---|---|
| Respiratory: | 20 | BP: | 122 / 78 | | |

Vitals Taken: PULSE OXSYM=96;

**PLANS / ORDERS**

Allergies: PENICILLIN G/PENCILLIN G; PENICILLN VK/PENICILLIN V POTASSIUM TA

Offender given 7 large bandaids, 7 packs ABX ointment with care instructions

s/s to report back to medical

**OBJECTIVE**
Offender came into and out of clinic by wheelchair with out incident.

DME appointment made for one year out.

Offender requested new wc gloves and OCA gloves - will email appropriet contact.

DME check on clients WC feet. NO destruction or alteration noted. Appointment DME check made for one year.

Chart given to provider for review.

**ASSESSMENT**

CPT/Services Codes:
99212 - OFFICE/OUTPATIENT VISIT EST

| Datetime: | Providers: | MOONWELCH, INDIZO |
|---|---|---|
| 09/15/2015 13:41 | | |

PA/NP/RD _____
Datetime: 09/15/2015 13:41

PHYSICIAN _____
Provider: MOONWELCH, INDIZO

NURSE _____
DateTime _____

AR Form 700-34A (09/15/12)

## COLORADO DEPARTMENT OF CORRECTIONS

### Health Care Appliance (HCA) Contract

Moore  Lewis                   47702                  ScF
_____      _____      _____
**Name**                        **DOC #**                   **Facility**

I am being issued: _____  ComFort Company  · 18×18
                    Equipment type      Product / Model         Size

E2607
_____      _____      _____
Serial/ID #                     Model #       on this date   01 / 30 / 2015 .

Permanent Issue      Temporary Issue      Return date for temporary Issue _____

I understand that I share in the responsibility to keep the health care appliance listed above in good working order by using it only for its intended purpose.

I will not allow other offenders to use this health care appliance. If I allow others to use this equipment, my use of the health care appliance may be limited, restricted, or removed.

I understand that I must report any issues concerning the repair of this health care appliance to Clinical Services through the request for sick call system. CDOC is responsible to repair or replace the equipment within 60 days of receipt of my sick call request indicating there is a problem with the equipment.

I understand that, if the preponderance of the evidence shows that I altered, cut on, damaged, or destroyed this equipment, I will be responsible for the replacement cost of the equipment. In this event, I may request replacement of the same equipment at my own cost. Arrangements for payment will need to be made in advance. If I am unable to pay the cost of replacement, that cost will be charged to my inmate account.

I understand that if I misuse, alter, cut on, or otherwise damage or destroy this health care appliance, I will face COPD charges for "Misuse of Clinical Services," II(33), and "Damage to Property," II(2).

I understand that if I use this health care appliance inappropriately and my inappropriate use of such equipment results in a COPD violation, my use of the assigned health care appliance may be limited, restricted, or removed.

_____          _____  1-30-15
Offender Signature                      DOC Employee/Contract Worker Signature and Date

Original:   Medical File
    cc:     Facility Property Officer
            Offender
            HQ CLS ADA Scheduler        Fax# 719-226-4565

Attachment "A"
Page 1 of 1

Durable Medical Equipment

*Returned broken foot rests x 2*

Sec 4DME CONTRACT

## COLORADO DEPARTMENT OF CORRECTIONS

### Durable Medical Equipment (DME) Contract

Name: Moore, Lewis

DOC #: 47702

Facility: SCF

I am being issued: Wheel chair foot rests x 2   STYLUS   Chinese

Equipment type        Product / Model        Size

Serial/ID #        Model #        on this date 9/30/14

I understand that I share in the responsibility to keep the durable medical equipment listed above in good working order by using it only for its intended purpose.

I will not allow other offenders to use this durable medical equipment. If I allow others to use this equipment, my use of the durable medical equipment may be limited, restricted or removed.

I understand that I must report any issues concerning the repair of this durable medical equipment to Clinical Services staff through the kite system. DOC is responsible to repair or replace the equipment within 60 days of receipt of my kite indicating there is a problem with the equipment.

I understand that, if the preponderance of the evidence shows that I altered, cut on, damaged, or destroyed this equipment, I will be responsible for the replacement cost of the equipment. In this event, I may request replacement of the same equipment at my own cost. Arrangements for payment will need to be made in advance. If I am unable to pay the cost of replacement, that cost will be charged to my inmate account.

I understand that if I misuse, alter, cut on, or otherwise damage or destroy this durable medical equipment, I will face COPD charges for abuse of clinical services, and destruction of state property.

I understand that if I use this durable medical equipment inappropriately and my inappropriate use of such equipment results in a COPD violation, my use of the assigned durable medical equipment may be limited, restricted or removed.

x L P Moore
Offender signature

C Oberstar RN #9/30/14
Staff signature & date

Original in Medical File
cc:   Facility Property Officer
      HQ CLS ADA Scheduler        Fax# 719-226-4565
      CLS Medical Case Manager    Fax # 719-269-4075 or 719-269-4072

May 2009

AR Form 700-34A (09/15/12)

## COLORADO DEPARTMENT OF CORRECTIONS

### Health Care Appliance (HCA) Contract

MOORE, LEWIS      47702      SCF
_____      _____      _____
**Name**              **DOC #**           **Facility**

I am being issued: W/C SEAT CUSHION     E2607     16×18
              Equipment type        Product / Model       Size

_____    _____
     Serial/ID #          Model #     on this date _____.

Permanent Issue      Temporary Issue     Return date for temporary Issue _____

I understand that I share in the responsibility to keep the health care appliance listed above in good working order by using it only for its intended purpose.

I will not allow other offenders to use this health care appliance. If I allow others to use this equipment, my use of the health care appliance may be limited, restricted, or removed.

I understand that I must report any issues concerning the repair of this health care appliance to Clinical Services through the request for sick call system. CDOC is responsible to repair or replace the equipment within 60 days of receipt of my sick call request indicating there is a problem with the equipment.

I understand that, if the preponderance of the evidence shows that I altered, cut on, damaged, or destroyed this equipment, I will be responsible for the replacement cost of the equipment. In this event, I may request replacement of the same equipment at my own cost. Arrangements for payment will need to be made in advance. If I am unable to pay the cost of replacement, that cost will be charged to my inmate account.

I understand that if I misuse, alter, cut on, or otherwise damage or destroy this health care appliance, I will face COPD charges for "Misuse of Clinical Services," II(33), and "Damage to Property," II(2).

I understand that if I use this health care appliance inappropriately and my inappropriate use of such equipment results in a COPD violation, my use of the assigned health care appliance may be limited, restricted, or removed.

_____            _____   5-23-14
   Offender Signature                   DOC Employee/Contract Worker Signature and Date

Original:    Medical File
cc:        Facility Property Officer
         Offender
         HQ CLS ADA Scheduler      Fax# 719-226-4565

Attachment "A"
Page 1 of 1

## WHEELCHAIR MAINTENANCE APPOINTMENT CHECKLIST

**A: Offender Information:**   ADA ☐   Non-ADA ☐   Facility wheelchair ☐

Name: _MOORE , LEWIS_   DOC #: _47702_   Date of Clinic: _6-10-16_

Offender Weight: _____   Facility: _SCF_   Wheelchair: _INVACARE_

Model #: _TopAz_   Serial Number: _____   Isssued: _____

Dimensions: ____ width x ____ depth. Load rate of w/c: _____ lbs. Notes: _____

Engraved / Identified as:   **CDOC Prop** ☐;   **Offender Prop** ☐;   **Not Engraved** ☐

---

**B: Wheelchair Condition: (check appropriately)**

Excellent (nearly new) _____; Good Shape (slightly worn) _____; Poor (needs repair) _____;
Wheelchair requires parts or equipment modifications: _____; Needs Replacement _____

This wheelchair is the subject of normal use and wear: _____.
This wheelchair may be subject of abuse under the care of offender: _____.
This wheelchair has been abused by offender and repairs subject to restitution: _____. See Notes Below.

---

**C: Wheelchair Fit**

_____ - Appropriate fit (no adjustments or modifications necessary)
_____ - Current size not appropriate; Recommendations: _____ width x _____ depth.

---

**D: Repairs and Adjustments:  Time In:** _____   **Time Out:** _____

Wheels: _____ Front casters: _____ Tires: _____ Brakes: _____ Foot/Leg Rest: _____ Frame: _____

Arm Rest: _____ Upholstery: _____ Seat: _____ Back: _____ Other: _____

**Notes:**
X160411 00 267

2 @ K0108 - Arm PADS
1 @ K0739 LABOR

Replaced
Completed

47702- 218469
1 @ K0739
eval for Cushion

Cushion ok
Needs velcro

Needs Velcro !

2 Heel Loops
Needs Foot Rest spring
Right Side

_____ DOUG TATREAU   6-10-16
Vendor (Rapid Medical)   Date

_Madeline Ramirez AA_   6-10-16
(Print) Staff Name/Title   Date

☐ Wheelchair Evaluation

☐ Powerchair Evaluation

## WHEELCHAIR MAINTENANCE APPOINTMENT CHECKLIST

**A: Offender Information:** ADA ☑   Non-ADA ☐   Facility wheelchair ☐

Name: _MOORE, LEWIS_   DOC #: _47702_   Date of Clinic: _4-8-16_

Offender Weight: _____   Facility: _SCF_   Wheelchair: _____

Model #: _____   Serial Number: _____   Isssued: _____

Dimensions: ____width x ____depth. Load rate of w/c: _____ lbs.  Notes: _____

Engraved / Identified as:   **CDOC Prop** ☐;   **Offender Prop** ☐;   **Not Engraved** ☐

---

**B: Wheelchair Condition: (check appropriately)**

Excellent (nearly new) _____; Good Shape (slightly worn) _____; Poor (needs repair) _____;
Wheelchair requires parts or equipment modifications: _____; Needs Replacement _____.

This wheelchair is the subject of normal use and wear: _____.
This wheelchair may be subject of abuse under the care of offender: _____.
This wheelchair has been abused by offender and repairs subject to restitution: _____. See Notes Below.

---

**C: Wheelchair Fit**

_____ - Appropriate fit (no adjustments or modifications necessary)
_____ - Current size not appropriate; Recommendations: _____ width x _____ depth.

---

**D: Repairs and Adjustments:   Time In:** _____   **Time Out:** _____

Wheels: _____  Front casters: _____  Tires: _____  Brakes: _____  Foot/Leg Rest: _____  Frame: _____

Arm Rest: _____  Upholstery: _____  Seat: _____  Back: _____  Other: _____

**Notes:**

· 1 @ K0739

   Arm Rest Issue

16 = = measure for Arm Pads
   2 ea foam PADS

   Adj brakes

_Doug Tatreau_   4/8/16
Vendor (Rapid Medical)   Date

_Madeline Ramirez AA_   4-8-16
(Print) Staff Name/Title   Date

☐ Wheelchair Evaluation

## Colorado Department of Corrections
## Consultation Report Form

**Appt#: 214301**

Page 1 of 1
Run Date: 02/17/2016 14:48
*REQUESTED*

| | | | |
|---|---|---|---|
| **DOC #:** 47702 | **Name:** MOORE, LEWIS R | **Facility:** SCF/UNIT02 | **Date Initiated:** 02/17/2016 |
| **Gender:** MALE | **Security:** MEDIUM | **SSN:** | **DOB:** |
| **Level:** 1 MONTH | **Tele-Med:** NO | **Provider:** KAUTZ, TRISHA N , NP | **SDD:** 12/31/8888 |
| **Request:** WHEELCHAIR MGT | **Auth #:** | **Number of Visits:** 1 | **PED:** 12/14/1999 |
| **Location:** STERLING | **Appt Dt:** | **Specialist:** | **DH #:** |

**Diagnosis and requested evaluation or care:**

Moore  47702  one armrest has broken off.  Also, need brakes tightened.
Requesting repair

1. PURPOSE OF REQUEST:
2. SUPPORTING DOCUMENTATION, PROGRESS OR SPECIALISTS NOTS, DIAGNOSTIC TESTS, ATTACHED OR FAXED:
3. PHYSICAL/FUNCTIONAL EXAM PERTINENTTO REQUEST:
4. PRIOR CONSERVATIVE MANAGEMENT:
5. MRD:
6. EFFECT ON ADLS WHEN INDICATED:
7. REVIEW OF MILLIMAN CARE GUIDELINES MET:
8. PATIENT COMPLIANCE HISTORY WITH TREATMENT PLAN; EXCELLENT, GOOD, POOR:

Subjective: Active Medication(s):

Moore  47702  one armrest has broken off.  Also, need brakes tightened.

Objective: CR-will submit

Assessment: ICD/Problem Codes:
V68.89 - ENCOUNTERS OTH SPEC ADMIN PRPOS OTH

CPT/Services Codes:
88325 - COMPREHENSIVE REVIEW OF DATA

| ICD | | CPT | |
|---|---|---|---|
| V68.89 | ENCOUNTERS OTH SPEC ADMIN PRPOS OTH | 88325 | COMPREHENSIVE REVIEW OF DATA |
| | | | |
| | | | |

| **Provider Signature:** | *Electronically Signed* | **Date:** 02/17/2016  14:48 |
|---|---|---|
| Provider Name: | KAUTZ, TRISHA N , NP | tnkautz |

Please do not discuss dates of the follow-up appointments with the offender.
Insurance:  Correctional Health Partners  Phone: (866) 362-1374  FAX: (866) 362-1375
Please send all dictated reports to: Clinical Services - Dept of Corrections - 2862 S. Circle  Colorado Springs, CO 80906
Or FAX to your Scheduler @ 719-226-4500

03-030

| Form **W-9** (Rev. January 2005) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** | Give form to the requester. Do not send to the IRS. |

Name (as shown on your income tax return)
*Non resident alien, thus non Filer*

Business name, if different from above
*Lewis Roger Moore*

Check appropriate box: ☒ Individual/ Sole proprietor  ☐ Corporation  ☐ Partnership  ☐ Other ▶ ................  ☒ Exempt from backup withholding

Address (number, street, and apt. or suite no.)
*Bodega Bay,*

Requester's name and address (optional)

City, state, and ZIP code
*Darien Province*

List account number(s) here (optional)
*Republic of Panama*

## Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** *If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.*

Social security number
*N/A*

or

Employer identification number
*N/A*

## Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

**Sign Here** | Signature of U.S. person ▶ *N/A* | Date ▶ *10.39 70*

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note.** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

For federal tax purposes you are considered a person if you are:

● An individual who is a citizen or resident of the United States,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, or

● Any estate (other than a foreign estate) or trust. See Regulations sections 301.7701-6(a) and 7(a) for additional information.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

Cat. No. 10231X

Form **W-9** (Rev. 1-2005)

**EXHIBIT A-2**



**JOHN W. SUTHERS**
Attorney General

**CYNTHIA H. COFFMAN**
Chief Deputy Attorney General

**DANIEL D. DOMENICO**
Solicitor General

# STATE OF COLORADO
## DEPARTMENT OF LAW

### OFFICE OF THE ATTORNEY GENERAL

**STATE SERVICES BUILDING**
1525 Sherman Street - 5th Floor
Denver, Colorado 80203
Phone (303) 866-4500

September 13, 2006

L.R. Moore, #47702
Colorado State Penitentiary
P.O. Box 777
Canon City, CO 81215-0777

RE:     *Montez v. Owens, 92-CV-870 EWN-OES, Consolidated (for all purposes with Civil Action No. 96-CV-343),* Claim #03-030

Dear Mr. Moore:

In order to process payment of the monetary amount awarded by the Special Master the state requires that you complete a W-9 form with your social security number, address and signature.  According to Department of Corrections' records, you were born in Oakland, California, and are therefore a United States citizen, not a nonresident alien from Bodega Bay, Dorian Province, Republic of Panama as indicated on the W-9 you previously completed.  In response to your letters regarding the taxing of the award, the award is not being taxed.

Please take the time to complete the W-9 form in its entirety.  If you need assistance completing the W-9, instructions have been included with the form.  Feel free to make a copy of the W-9 for your records.  Please return the original, completed W-9 to the Attorney General's Office as soon as possible so that we may process your award.

Sincerely,

FOR THE ATTORNEY GENERAL

DARLENE S. HILL
Legal Assistant
Corrections unit
(303) 866-4168
(303) 866-5443  (FAX)

Enclosures
cc:   Cathie Holst
      file



EXHIBIT
A-3

Lewis Moore #47702 - CDOCLL

COPY



Fed reply 2016

# United States District Court For Colorado

**Case No. 92-CV-870 JLK**

**PLAINTIFF pro se**
  L. R. MOORE---Claimant 03-030, Category III
    #47702, Box 6000, Sterling 80751
**v.**

**DEFENDANTS**
  **J. HICKENLOOPER, et al**
  **Defense Counsel:  Asst. Colo. Atty. General J. N. R. Fredericks**
    1300 Broadway, 10th Fl; Denver CO 80203

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 27 2016**

JEFFREY P. COLWELL
CLERK

## REPLY TO RESPONSE
## &
## CERTIFICATE OF SERVICE

### REPLY
#### *Synopsis*

Plaintiff raised a few simple and just objections to Defendants' continuing bad faith in negotiations and implementation which have thus drawn these out for decades.  Defendants, having received pro se Plaintiff's[1] Objection, replied with their fraudulent Response full of anti-facts, some merely irrelevant, others totally false.  There is no other way to characterize them and Defense Counsel, especially Ms Fredericks.  Both have a long history of defrauding Moore.  The best thing thing this Court could do with Response is to treat it as Enzo treated similar legal documents in The Art Of Racing In The Rain, then return it to Counsel.  Counsels, including Ms. Fredericks, have usually urged Defendants to refuse to comply with Settlements such as the Remedial Plan and the Order issued for Plaintiff.

While Plaintiff suspects continuing deceitful noncompliance by Defendants,[2] his primary current goal is to force them to fulfill their obligations as they agreed to in 2005---to replace his wheelchair and air cushion (etc.) they stole at CSP, and pay him his award.

Thus the requested two primary compliances are very simple and just.  Yet Fredericks claims that neither can be done.  She cites an imaginary statute as reason to not pay, and that replacements, while promised by Defendants, were not Ordered by the Master.  She's correct that there is no Order.  She's deceitful in not stating why there is none.  the Master cited the replacement promise, saying let them have the opportunity to do right without an order.  Now, in their Step 3 Grieve Replies from HQ, they repeatedly claim that neither ADA nor Montez/Moore apply to SCF.

#### *Argument*

Rather than go thru the full-employment-for-defense-deputy-AGs protocol of opening

---

1  Plaintiff is Moore, as Montez is long deceased with his claims settled—just as Romer is no longer Defendant, but has been replaced by Hickenlooper—and he is pro se, having bee so since at least the 2005 Hearing in which he represented himself as previously Class counsel Greisen had dropped him.

2  He has repeated proofs in Grieve Responses.

1

Fed reply 2016

more ADA suits, this Court should require Defendants to inform all of the secret "accurate" data that they alone say they possess re the Award's W9; data that, thus far they refuse to disclose despite repeated requests.  Or they could state what item in W9 they feel is inaccurate and why. As to Ms. Fredericks' claim that they will pay him once he discovers their Rumpelstiltskin data and sends them same, how is this any different than her previous claim that the Award did not exist?  How many deceits from her before all wise up?

      Further, there is the other problem she mentions, the wheelchair.  This is also quite simple. Simply buy him what he had before Defendants egregiously took it, including air cushion.  That he needs these medically has been verified by SCF Clinic.  This is not a question of "preference" but of medical necessity in preventing decubiti.  Again, how many deceits does Fredericks get to try before the Court gets wise?

      Paying the Award and replacing the Chair would leave many other unresolved question in this suit, but doing these two would be a good start, as would asking Fredericks to send her Notice of Disappearance as she has so repeatedly violated *a Colorado attorney shall not misrepresent a material fact*[3]

      Surely Cynthia Coffman has many lawyers that aren't compelled to always be playing *Gotcha*, that see courts as places to resolve issues versus win at mind games.

## CERTIFICATE OF SERVICE

      Plaintiff pro se respectfully submits this Reply on 22 December 2016 with copy mailed to Ms. Fredericks as Defense Counsel.

---

3   CRCP Rule 251.5

2

Colorado Department of Corrections

Name L K Moore
Register Number 47702
Unit
Box Number 6000
City, State, Zip Sterling
80751

Federal District Court Clerk
901 19th Street, Room A-105
Denver, CO 80294



U.S. POSTAGE >> PITNEY BOWES

ZIP 80751 $ 000.46⁵
02 1W
0001365920 DEC. 23. 2016

Fed reply add

# United States District Court For Colorado

**Case No. 92-CV-870 JLK**

**PLAINTIFF pro se**
   **L. R. MOORE---Claimant 03-030, Category III**
   #47702, Box 6000, Sterling 80751

v.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER COLORADO

**JAN - 6 2017**

**JEFFREY P. COLWELL**
**CLERK**

**DEFENDANTS**
   **J. HICKENLOOPER, et al**
   **Defense Counsel: Asst. Colo. Atty. General J. N. R. Fredericks**
   1300 Broadway, 10ᵗʰ Fl; Denver CO 80203

### ADDENDUM
### &
### CERTIFICATE OF SERVICE

Plaintiff moves to add the following numbered summary of what he feels should be done to justly resolve his claims in his case.

Plaintiff has less reason to trust that defendants will fulfill promises than Trojans did Greeks[1]. If these are not fulfilled **before** case closed, they likely never will be. In Grieve Replies, Defense Counsel DeCesaro has affirmed that Defendants contest the applicability of ADA, of *Goodman v Georgia,546 U.S. 959; 126 S. Ct., et seq,* and even of Montez Remedial Plan to SCF. Thus he asks that the Court request them to **fulfill** their promises before the case is closed.

1. Recognize Moore as his own Plaintiff pro se.
2. Pay the Award, including interest (they were charging prisoner 18%/yr., compounded yearly. This should be the rate here). No more excuses.
3. Accept that Plaintiff is **no longer** a U. S. citizen. State so in writing.
4. Fully replace **his** wheelchair, as they said they would and was noted in the 2005 Master's Order. This will take a bit of time as Chair was made to fit as are all top-grade ones  (there might be one available in his size—there was one given to the Defense's Protected Witness Roy Allen Embry who might have died recently in their custody.  If so, and if that Chair existent, give him that. All-air, titanium Chairs aren't cheap.  Even if Embry lives, since Fredericks claims that prisoners lack claim to such quality DMEs from state, and since Embry got this from CODOC, take it and give it to Moore, replacing any worn-out parts.)
5. Have SCF Rec agree to hold Chair Races whenever they hold foot races. This as Defendants have stated that the **equality** clause in their Rec AR doesn't include such due to imaginary hazards they have imagined such as cattle grates (they imagined them in SCF sidewalks and so

---

[1] They have reneged on their written promises since their agent/witness, R. A. Embry, committed a massive tax fraud, then falsely blamed Moore.  They promised, in writing to pay him for their error in this but instead seized much from him.  They claimed that the notarized agreement that he signed and returned to them was issued "too late" by them to be honored.  They still have neither paid him nor returned what they seized.  CODOC and the IRS exonerated him.  Only Defense Counsel (the state Attorney Ge4neral), and DOR, kept persecuting and then reneged.  Later there was the 2005 *Montez* promises, still unkept.

1

Fed reply add

stated in their Step 3 (HQ) Grieve Reply—that SCF has none is irrelevant to them).

6. Have a Review of COPD Convictions in which an ADA Defense was raised. IE that conduct was due to physical disability, recognized by CODOC, yet Hearing ignored this, not mentioning defense in Disposition.

7. Have another Review of Job Assignments versus qualifications of Montez Claimants.

8. Abolish the AIC System. Replace this with an independent Grieve/ADA Office, staffed by members of the disabled (Montez) community, thus ensuring familiarity with the medical problems. Have them conduct the above Reviews. This would ensure that ADA, etc., wouldn't be ignored once Montez finally closed.

9. Recognize, for the short duration of this case, that Defendants have waived PLRA thru their habitual refusal to address the issues for which internal remedy sought via Grieve System. They have repeatedly affirmed this waiver as *de facto*. Plaintiff asks that their waiver be made *de jure*.

10. Add these as permanent Accommodations: Personal wheelchair, air cushion, cushion cover, tool & patch kit (may be kept by staff), hand urinal, raised toilet seat for paraplegic, bunk bar, safety bar (per CTCF CH3—keeps legs on bunk), baby wipes, *Goodman* cell (enuf room to turn around a chair within cell with normal placement of any cellmate's property (locker box) (IE single celling for those who can't stand up unless very large cells), extra clothing and bedding for incontinent prisoners. While all have been allowed, at times, as Accommodations, Defendants have denied that these are permanent, and have caused them to be repeatedly rerequested, sometimes fruitlessly. Plaintiff wishes to avoid having to argue for these again.

11. Send Moore copy of all other proposed case agreements before they are finalized. This so he can check to see if they affect him, if possible effect is needlessly negative.

12. Request that Fredericks either cite, by #, the statute that she claims forbids paying Moore, **and** what data she claims is inaccurate that he gave., ▮ and that she then enter her "accurate data" on a W9 so he can be paid immediately. If she lacks "accurate data," then how can she say his is not? If she wants Residence as current prison, then she has this in Caption. All know that such is impermanent, that Defendants move prisoners a lot. That, if she cannot list these, that she apologize for her deliberately delaying, via false claims, final resolution; or withdraw from this case.

**Therefore** there is no reason, except for Fredericks' barratry, that this case, as to Plaintiff/Claimant Moore, can't be justly resolved within one month of all receiving this pleading.

## CERTIFICATE OF SERVICE

Respectfully submitted by Plaintiff pro se on this 3rd day of January, 2017 with copy mailed to Defense Counsel above.  *[signature]* R N Moore

2. and Medical Permit (2 pocket) shirts.
3. On each, he has exhausted Administrative Remedies (Grieves).

2



**Colorado Department Of Corrections**

Name L R Moore

Register Number 4 7702

Unit 3

Box Number 6000

City, State, Zip Sterling 80751

DENVER CO 802

04 JAN 2017 PM 5 L

US Dist Court
701 19th St, Rm A105
Denver Co 80294-3589

80294-358959



Restricted Inspection Mail Stamp

SCF

FACILITY

1/3/17

DATE

DOC EMPLOYEE LAST NAME

20976        PAR
ID#              DT

OFFENDER LAST NAME

DOC#              INT

**MINUTE ENTRY FOR SETTLEMENT**

TO:         Docketing

FROM:       Magistrate Judge Michael E. Hegarty

DATE:       January 31, 2017

RE:         ***Montez, et al. v. Gunter, et al.*, 92-cv-00870-CMA-MEH**

    \_\_\_\_    Settlement negotiations were held on this date, and no settlement has been reached as to any claims in this action.

    \_\_\_\_    A settlement conference was held on this date, and a settlement was reached as to

        \_\_\_\_    All claims in this action.  The parties shall file a stipulated motion to dismiss on or before January \_\_, 2017.

        \_\_\_\_    Claims between _____ and _____. These parties shall file a stipulated motion to dismiss on or before January \_\_, 2017.

Settlement conference and preparation time involved:   0 hours 0 minutes.

    \_\_\_\_    A record was made           \_\_\_\_    No record was made

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

     X    Supplemental settlement negotiations were held in the above-captioned case, including phone calls, emails, and meetings with counsel.

Preparation, negotiation and travel time involved: 3  hours \_\_ minutes.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

      Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

      Defendants.

---

**ORDER ON CLAIMANT L.R. MOORE'S OBJECTION (DOC # 5559)**

---

This matter is before the Court on Claimant L.R. Moore's Objection, entitled "Objection to Untimely Notice, to Blind Settlement, and To Nonrepresentation with Certificate of Service" (Doc. # 5559). Defendants responded to the Objection on November 29, 2016 (Doc. # 5564). For the following reasons, the Court overrules Mr. Moore's Objection.

As pertinent here, Mr. Moore had an individual damages hearing before a Special Master on July 15, 2005, and, shortly thereafter, the Special master entered a final order granting a portion of Mr. Moore's claims and awarding him $50.00. (Doc. # 1019 at 6.)

In his instant Objection, Mr. Moore argues (1) that he was not timely notified of a recent settlement conference that occurred in this case on January 31, 2017; (2) he has not received the wheelchair that he claims to have been promised by the Special Master

in 2005; and (3) he has not received the $50.00 payment awarded him.  The Court rejects each argument in turn.

First, Mr. Moore is not entitled to individualized notice of settlement discussions because he is represented by class counsel.  *See McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991).

Second, the Special Master did not award Mr. Moore a wheelchair in the 2005 Order (Doc. # 1019), and Mr. Moore is not presently entitled to one based on mere allegations that he was so promised.  In addition, nothing in the record reflects that Mr. Moore has subsequently been awarded a wheelchair by any order of this Court.

Third, the Court finds that claimant's own conduct, i.e. his failure to return an accurate W-2, is the reason he has not been paid the $50.00 that he was awarded in 2005.  Moreover, the Court reminds Mr. Moore of this Court's Order, entered in September 19, 2013, which stated "the Court will accept no future motions to enforce monetary awards."  (Doc. # 5414 at 4.)

Accordingly, it is ORDERED that Claimant L.R. Moore's Objection (Doc. # 5559) is OVERRULED.

DATED:  February 13, 2017

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

Lewis Moore #47702 - CDOCLL

## UNITED STATES DISTRICT COURT FOR COLORADO
### Case No. 92-CV-870 JLK

**PLAINTIFF pro se**
  **L. R. MOORE**   Claimant 03-030, Category III
    #47702, Box 6000, Sterling 80751

**V.**

**DEFENDANTS**
  **J. HICKENLOOPER, et al**
  **Defense Counsel:** Asst. Colo. Atty.
    General J. N. R. Fredericks
    1300 Broadway, 10th Fl; Denver CO 80203

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 06 2017**

JEFFREY P. COLWELL
CLERK

### MOTION TO RECONSIDER ORDER
### BARRING RECOVERY OF STOLEN GOODS & FUNDS
### &
### CERTIFICATE OF SERVICE

### MOTION

 **Plaintiff** Moore moves this Court to reconsider its Order of 14 February 2017 (received 22 February).  He grounds are that the Court failed to read **his** (versus Defense Counsel's [Counsel] response) Objection, thus misconstrued it; and that the Court denied several of his Constitutional rights, including self-representation and due process.

 He asked this Court to order the return of a part of what Defendants, and other Colorado State agents, have stolen from him---ie a Replevin or Detinue. **not** the Mandamus this Court has followed Defense Counsel (Counsel) in construing most of his claims as.  He cited ADA and *Goodman[1]* as his authorities to his right to possess his personal wheelchair (W/C)[2] and his *Montez* award in prison,  This misconstruction is stated in the Order.  Further, it shows no sign that Court even read Objection, and many signs that it was largely prewritten using previously used denials saved on a computer.  He **never** claimed that the Master ordered Defendants to replace his W/C they, only that the Master noted, in his order, that they promised to do so.  In fact, Master refused request to so order on the basis of this promise.  As Moore expected, this promise was never fulfilled.  Thus the basis on this denial by this Court (that Master never ordered) is totally irrelevant *except as proof that Court never read Objection but copied Counsel's response instead.*

 Counsel's claims, after repeatedly denying Moore was awarded the $50, is that a secret statute makes it illegal to pay him, and that he is not whom he said he is on his W-2.[3]  He says he is this person.[4]  This  Court said he isn't, but didn't provide any specifics. *Since the person*

---

[1] *Goodman v. Georgia, 546 U.S. 959,* et al.
[2] This includes air cushion, cover, tool & patch kit, as all were stolen  virtually simultaneously.
[3] Counsel's claim that a W-2 is required is but an excuse to keep this award.  Master's Order had no such requirement.
[4] IE he was born en route from Panama to the port of Oakland CA  with his father being a U.S. Citizen, thus registered as
  such there, altho, under the INS *wet foot, dry foot* doctrine he is also a Panamanian.  Counsel claims that his *residence* is

1

Lewis Moore #47702 - CDOCLL

Fed RECONSIDERATION/APPEAL 2017

in the W-2 is the one sentenced to life, this Court should order his immediate release if it truly believes he is not this person.[5]

He relies on *Faretta*[6] as proof that he has a Constitutional right to self-representation, especially when his former counsel has consensually discontinued. representation in 2004, **before** the 2005 hearing and resultant order.[7]  Thus claim that he is still represented by King & Greison is erroneous.

**In summation,**  he respectfully requests this Court to reconsider its denial of his rights to self-representation, to representation, and to due process (having court show that they read **his** pleadings and decisions based on actual, instead of alternate, facts).

## CERTIFICATE OF SERVICE

Respectfully submitted by Plaintiff pro se with copy mailed to Counsel on 2 March 2017.     *L. R. Moore*

---

CODOC.  He disagrees, stating that *residence* means where he considers this to be outside of CODOC.  When Noriega discontinued dual citizenship, he chose Panamanian.

[5]He doubts that Counsel believed her claim here.  Previously, she has shown her belief that, as a state attorney, she need not believe her claims.

[6]*Faretta v Calif. 422 U.S. 806*

[7]K & G did not appear at hearing nor, as he recalls, were mentioned in order.  They have not contacted him since, thus all his post-hearing (and some pre-hearing) pleadings have been pro se.

**Colorado Department of Corrections**

Name: L R Moore

Register Number: 47727

Unit: 3

Box Number: 6 000

City, State, Zip: Sterling

80751

80294-250151

Federal District Court Clerk
901 19th Street, Room A-105
Denver, CO 80294

DENVER CO 800

03 MAR 2017 PM 3 1

FOREVER

Restricted Inspection Mail Stamp

FACILITY SCF

DATE REC'D 3-2-17

DOC EMPLOYEE LAST NAME

OFFENDER LAST NAME Moore

ID# 24831

INT

DOC# 97082

**U.S. District Court**

**District of Colorado**

## Notice of Electronic Filing

The following transaction was entered on 3/8/2017 at 8:54 AM MST and filed on 3/8/2017
**Case Name:**    Montez, et al v. Romer, et al
**Case Number:**    1:92-cv-00870-CMA-MEH
**Filer:**
**WARNING: CASE CLOSED on 06/03/2004**
**Document Number:** 5576(No document attached)

**Docket Text:**
**ORDER denying [5575] Motion for Reconsideration. SO ORDERED by Judge Christine M. Arguello on 3/8/2017. Text Only Entry (cmasec)**


**1:92-cv-00870-CMA-MEH Notice has been electronically mailed to:**

Thomas John Lyons    lyonst@hallevans.com, KINGS@HALLEVANS.COM, cmecf@hallevans.com, marionn@hallevans.com, mcconnellc@hallevans.com, wilsonm@hallevans.com

Elizabeth H. McCann    beth@bethmccann.org

Edward T. Ramey    eramey@tierneylawrence.com,

Brice A. Tondre    briceatondrepc@msn.com

Castelar M. Garcia    slvlaw@gojade.org

H. Earl Moyer    mbvlaw@mbv1.net

Paula Dee Greisen    greisen@kinggreisen.com, mool@kinggreisen.com

James Xavier Quinn (Terminated)    James.Quinn@state.co.us, darlene.hill@state.co.us, elle.dimuro@state.co.us

Blain David Myhre    blainmyhre@gmail.com, sfra4ever@comcast.net

Laura Ellen Schwartz    schwartz@kinggreisen.com, mool@kinggreisen.com, vonbehren@kinggreisen.com

Gillian Dale    daleg@hallevans.com, gutierrezd@hallevans.com, wilsonm@hallevans.com

Lara Elizabeth Baker    lmarks@fostergraham.com, dbrummett@fostergraham.com, hmoran@fostergraham.com

Robert Charles Huss    rob.huss@coag.gov, Laressa.Gonzalez@state.co.us

Jennifer Weiser Bezoza (Terminated)     bezoza@kinggreisen.com, jennifer@bezoza.com, mool@kinggreisen.com

Jacquelynn Nichole Rich Fredericks     Jacquelynn.RichFredericks@coag.gov, darlene.hill@state.co.us

Kimberly Jo Jones     jones@kinggreisen.com

Lewis Moore #47702 - CDOCLL

# UNITED STATES DISTRICT COURT FOR COLORADO

**Case No. 92-CV-870 JLK**

**PLAINTIFF pro se**
    **L. R. MOORE---Claimant 03-030, Category III**
        **#47702, Box 6000, Sterling 80751**
**v.**

**DEFENDANTS**
    **J. HICKENLOOPER, et al**
    **Defense Counsel:  Asst. Colo. Atty. General J. N. R. Fredericks**
    **1300 Broadway, 10th Fl; Denver CO 80203**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 3 2017

JEFFREY P. COLWELL
CLERK

## MOTION TO RETITLE OBJECTION, ADDING CONSTITUTIONAL CLAIMS
### &
### CERTIFICATE OF SERVICE

### *Motion*

    Plaintiff moves to retitle his *Objection to Settlement* to *Objection to Civil Forfeitures of ADA Items from Montez Claimant during Montez Hearing*.  His ground is that the seemingly overlong retitle correctly addresses his primary issues in Objection, issues that neither this Court nor Defense Counsel have addressed as both seemed to have misread Objection.  Hopefully retitling will make such misreading impossible

    He therefore moves to add two more bases to his Objection—the Fifth and 14th Amendments to U.S. Constitution.  There was neither compensation nor Due Process for either forfeiture.

### *Certificate*

    Respectfully submitted, with copy to Counsel in Caption, by Plaintiff pro se on 8 March 2017   *L R Moore*

US POSTAGE ⟩⟩ PITNEY BOWES

ZIP 80751
02 1W
0001365920 MAR 09 2017

$ 000.46⁰

DENVER
CO 802
09 MAR '17
PM 5 L

**Colorado Department of Corrections**
Name _____
Register Number _____
Unit _____
Box Number _____
City, State, Zip _____

Federal District Court Clerk
901 19th Street, Room A-105
Denver, CO 80294

80294-250151

# U.S. District Court

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/17/2017 at 9:32 AM MDT and filed on 3/17/2017
**Case Name:** Montez, et al v. Romer, et al
**Case Number:** 1:92-cv-00870-CMA-MEH
**Filer:**
**WARNING: CASE CLOSED on 06/03/2004**
**Document Number:** 5578(No document attached)

**Docket Text:**
**ORDER denying [5577] Motion to Retitle Objection. SO ORDERED by Judge Christine M. Arguello on 3/17/2017. Text Only Entry (cmasec)**

**1:92-cv-00870-CMA-MEH Notice has been electronically mailed to:**

Thomas John Lyons    lyonst@hallevans.com, KINGS@HALLEVANS.COM, cmecf@hallevans.com, wilsonm@hallevans.com

Elizabeth H. McCann    beth@bethmccann.org

Edward T. Ramey    eramey@tierneylawrence.com,

Brice A. Tondre    briceatondrepc@msn.com

Castelar M. Garcia    slvlaw@gojade.org

H. Earl Moyer    mbvlaw@mbv1.net

Paula Dee Greisen    greisen@kinggreisen.com, mool@kinggreisen.com

James Xavier Quinn (Terminated)    James.Quinn@state.co.us, darlene.hill@state.co.us, elle.dimuro@state.co.us

Blain David Myhre    blainmyhre@gmail.com, sfra4ever@comcast.net

Laura Ellen Schwartz    schwartz@kinggreisen.com, mool@kinggreisen.com, vonbehren@kinggreisen.com

Gillian Dale    daleg@hallevans.com, gutierrezd@hallevans.com, wilsonm@hallevans.com

Lara Elizabeth Baker    lmarks@fostergraham.com, dbrummett@fostergraham.com, hmoran@fostergraham.com

Robert Charles Huss    rob.huss@coag.gov, Laressa.Gonzalez@state.co.us

Case No. 1:98-cv-00870-GMA-MBH Document 5582-2 filed 04/03/17 USDC Colorado Page 2 of 2
CM/ECF - U.S. District Court:cod - Display Receipt Page 1 of 1
of 70

Jennifer Weiser Bezoza (Terminated)    bezoza@kinggreisen.com, jennifer@bezoza.com, mool@kinggreisen.com

Jacquelynn Nichole Rich Fredericks    Jacquelynn.RichFredericks@coag.gov, darlene.hill@state.co.us

Kimberly Jo Jones    jones@kinggreisen.com

Lewis Moore #47702 - CDOCLL

Fed notice of appeal

# THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
1823 Stout, Denver CO 80257

Appeal from U. S. District Court for Colorado
   Civil Action No. 92-cv-00870-CMA

Tenth Circuit Case No._____

**Plaintiff-Appellant,**
**L. R. MOORE pro se**
   #47702; POB 80751; STERLING CO
   80751

v.

**Defendant-Appellee**
**JOHN HICKENLOOPER, et al**
**Defense Counsel**
   Colo. Atty. General, J. N. L. R. Fred-
   ericks (et seq); 1300 Broadway, 10th Fl.;
   Denver CO 80203

.:

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 31 2017**

JEFFREY P. COLWELL
CLERK

## NOTICE OF APPEAL
## &
## CERTIFICATE OF SERVICE

    Appellant notifies the Courts of his appeal of the District Court's Final Actions denying his Objection to Civil Forfeiture that occurred him in this Case. His Grounds are:

1. Denial of his right to effectively be represented in court---including in person (pro se) as decreed in *Faretta v. Calif.*
2. Denial of his right to be recognized as himself, as self-described in his pleadings, including the W-2 entered as evidence, rather than the undefined person Defense Counsel (Counsel) claims him to be. The sole description she gave was that his W-2 self-description was "inaccurate." District seems to have accepted her description. In this, she opposes his deportation as an "undocumented alien" (he has some documents, such as this pleading) and as a felonious one. Both oppositions are contrary to her public stances. In summation, he is whom he says he is unless refuted by a better description and he doubts she will continue her opposition once the media publicizes it.
3. Denial of his right to be exempt from civil forfeiture without due process as provided by the 14th Amendment, U. S. Constitution.
4. Denial of his right to compensation for said forfeiture, as provided by 5th Amendment, U. S. Constitution.
5. The right to have the Courts show that they have read his pleadings, versus only State Counsel's.
6. The right to possess his own adequate DMEs (Durable Medical Equipments), in accordance with ADA (Americans with Disabilities Act), especially when Appellees refuse to provide adequate substitutes. This refusal proven by a painful gluteal decubitus

1

Lewis Moore #47702 - CDOCLL

Fed notice of appeal

that took over a year to heal, and did so only after replacing the inadequate substitute with equivalent to his DME (an air cushion—replacing, after said year---his which Appellees took). They took several DMEs, including his custom-made wheelchair which they promised the Special Master they would replace but never did. He claims that ADA applies to state prisons due to the decision in *Goodman v. Georgia.*

U. S. District Court for Colorado denied above in February and March 2017, its final denial being that the taking of the DME (personal wheelchair) was a Civil Forfeiture. It offered no explanation as to why this was not such.

## CERTIFICATE OF SERVICE

Respectfully submitted by Plaintiff pro se with copy mailed to U.S. Dist. Ct. for Colo.and Defense Counsel on 28 March 2017.

2

**Colorado Department Of Corrections**

Name L. R. Moore

Register Number 47782

Unit 3

Box Number 6000

City, State, Zip Sterling, CO 80751

Federal District Court Clerk
901 19th Street, Room A-105
Denver, CO 80294

80294-3250 1  CO44



U S POSTAGE >> PITNEY BOWES

ZIP 80751 $ 000.46⁰
02 1W
0001365920 MAR 29 2017

**Restricted Inspection Mail Stamp**

SCF / 3/28/2
FACILITY / DATE REC'D

L450 / 3584
DOC EMPLOYEE LAST NAME / ID#

L.R. Moore / 47782
OFFENDER LAST NAME / DOC#

INT
INT