IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

Claim Number 03-030
Category III
Claimant: L.R. Moore, #47702
Address of Claimant: SCF, P.O. Box 6000, Sterling, CO 80751-6000

---

**DEFENDANTS' RESPONSE TO MOORE'S "MOTION TO ORDER PAYMENT WITH INTEREST" (DOC. 5592)**

---

Defendants, through the Colorado Attorney General, respectfully file this

Response to Plaintiff's "Motion to Order Payment with Interest" (Doc. 5592).

## BACKGROUND

Mr. Moore had an individual damages claim hearing on July 15, 2005. *See* Doc.

1019; *and see* Doc. 3567 (Denying Claimant's Motion to Reconsider).[1] As a result, it

was determined that Moore meets the established Remedial Plan criteria for a lower

mobility disability. *Id.* at p. 3, 5. Moore was awarded $50.00. *Id.* p. 5.

Defendants provided Mr. Moore a W-9 in anticipation of paying Mr. Moore the

$50.00 damage award. *See* Doc. 5564; 5564.1. This same process was followed for

each prevailing individual damages claim awardee within the *Montez* class action.

---

[1] Moore appealed his individual damages claim decision to the Tenth Circuit Court of Appeals in 10-1411, which was dismissed for lack of prosecution on April 7, 2011. *See* Doc. 01018618293.

Plaintiff initially completed the form with inaccurate and false information. *Id.*

Subsequently, Defendants provided Plaintiff a second tax-form of September 13, 2006,

which Plaintiff refused to return. *See* Doc. 5564; 5564.1; 5564.3.

On November 14, 2016, Moore objected to the need for the tax-form, among

other issues. *See* Doc. 5559, p. 2-3. Defendants responded that they had twice

provided Mr. Moore the necessary tax-forms, which Plaintiff failed to accurately

complete and return. *See* Doc. 5564 ¶ 9-12. Defendants reiterated that they were willing

to pay Mr. Moore the award if and when he returned the tax-form. *Id.* at fn. 6. On

February 13, 2017, the District Court overruled Mr. Moore's objection. *See* Doc. 5574.

Plaintiff appealed.

On January 22, 2018, the Tenth Circuit entered its Order and Judgment which

affirmed the District Court's Order (Doc. 5574) on two grounds but reversed/modified

the District Court's ruling in-part related to the issue of the necessity of a tax-form

related to the payment of the damages award. *See* Doc. 5588. In relevant part, the

Tenth Circuit panel wrote that "In the absence of such an explanation [regarding the

need for a W-9 form before paying the award], the district court erred in failing to order

enforcement of the award." *Id.* p. 5-6. The Court of Appeals' Mandate issued on

February 13, 2018. *See* Doc. 5591. The Mandate did not include instructions pursuant

to Fed. R. App. P. 37(b) relating to the allowance of interest. *Id.*

On February 13, 2018, the Office of the State Controller issued a warrant in the

amount of $50.00 in the name of Mr. Moore. *See* **Exhibit A**. On February 15, 2018, the

Office of the Attorney General conveyed the warrant to the Colorado Department of

Corrections. *See* **Exhibit B**. On February 21, 2018, the Colorado Department of

Corrections deposited the $50.00 warrant into Mr. Moore's inmate bank account. *See* **Exhibit C**.

On February 16, 2018, Mr. Moore filed his "Motion for Interest" with the District Court. *See* Doc. 5592.

## ARGUMENT

Plaintiff's Motion seeks relief in four forms: (1) Plaintiff seeks payment on his individual damages claim in the amount of the $50.00 awarded by the Special Master; (2) Plaintiff seeks interest on the damage award payment; (3) Plaintiff seeks reimbursement for his filing fees; and (4) Plaintiff seeks remuneration for his copying and postage costs. *See* Doc. 5592, p. 1.

Plaintiff provides no legal support for his requested relief. For each of the forthcoming reasons, Plaintiff's Motion should be **denied**.

### A.  Plaintiff's request for payment on the damage award is moot.

Plaintiff seeks payment on his $50.00 individual damages claim award. Doc. 5592. Defendants remitted payment in the amount of the $50.00 awarded by the Special Master, on the same date that the Tenth Circuit Court of Appeals issued its Mandate in this matter. *Compare* Doc. 5591 *with* **Exhibit A**. Therefore, Plaintiff's Motion seeking payment on the individual damages award is moot and should be denied.[2]

---

[2] Plaintiff's Motion alleges that "Defendants' Counsels" "signed refusals" and denied Plaintiff payment of his damage award. Plaintiff is mistaken and notably tenders no copies of the non-existent "signed refusal." Certainly, Counsels have litigated Defendants' well-taken position that Plaintiff's refusal to remit the requested tax-form prior to obtaining payment on the award was a hindrance to payment. Those arguments were made consistent with *Watson v. Bank of Am. Corp.*, No. 13-CIV-81137, 2015 WL 5011947 (S.D. Fla. Aug. 21, 2015), *adopted by* Case No. 9:13–cv–81137–KAM (Doc. 74) (unpublished) and *Gibson v. TT of Woodmen, Inc.,* No. 12-CV-00002-CMA-MEH, 2013 WL 2896935, at *4 (D. Colo. June 13, 2013) ("[T]he Court must conclude that Rule 70(a) does not provide this Court with authority to order the Plaintiff to complete and return W–9 tax forms associated with the arbitrator's award.") (unpublished). The

### B. The District Court lacks jurisdiction to impose interest.

Plaintiff seeks interest on the damage award payment. Doc. 5592. However, the District Court lacks jurisdiction to impose interest pursuant to Fed. R. App. P. 37(b).

The Tenth Circuit modified and reversed in-part the District Court's February 13, 2017, Order (Doc. 5574). This was the only Order of the District Court which was before the Tenth Circuit during the appeal, as it was the only Order from which any appeal was timely taken. The Parties' briefing before the Tenth Circuit, as well as the Court's Order and Judgment confirm the same. The District Court's Order (Doc. 5574) was thus modified as to the issue of whether Defendants could wait for a tax-form from Mr. Moore prior to paying the monetary judgment. The Mandate issued on February 13, 2018. Doc. 5591.

Pursuant to Fed. R. App. P. 37(b), "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Here, the Tenth Circuit modified and reversed in part the District Court's February 13, 2017, Order (Doc. 5574). *See* Doc. 5588. Then, the Mandate issued. Doc. 5591. However, the Mandate was silent as to the matter of interest. *Id*. in such an instance, the District Court cannot "deviate from the mandate issued by [the] appellate court." *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948) ("It is clear that the interest was in excess of the terms of the mandate and hence was wrongly included in the District Court's judgment and rightly stricken out by the Circuit Court of Appeals… [where] [t]he latter court's mandate made no provision

---

District Court concluded the same. Immediately subsequent to the Tenth Circuit's issuance of its Order and Judgment, Defendants prepared and ultimately remitted, on the **same day** the Mandate issued, the State Controller issued a warrant in the amount of Plaintiff's damage award. Accordingly, neither Client nor Counsels has "refused" to comply with any Court orders.

for such interest and the trial court had no power to enter judgment for an amount different than directed."); *see also Boryla v. Pash*, 17 P.3d 833, 835 (Colo. App. 2000) (applying the "*Briggs* Rule" and holding that "[T]he trial court lacked jurisdiction to enter an award of interest on the money judgment directed to be entered by the division's opinion."); *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1018 (9th Cir. 2008) ("Our mandate binds the district court even if we should have awarded post-judgment interest… but mistakenly failed to do so."); *But see Phillips Petroleum Co. v. Oldland*, 187 F.2d 780, 782 (10th Cir. 1951) (finding the "*Briggs* Rule" inapplicable where the district court was merely addressing "matters left open by the mandate" and awarding interest where "no interest was claimed in the original suit, and since the trial court denied the relief on the merits, it had no occasion to consider the question, nor was the issue presented or considered on [the original] appeal."). In light of the Mandate's silence regarding the imposition of interest, Plaintiff's recourse is to seek an amendment of the mandate. *Briggs*, 334 U.S. at 306; *Phillips Petroleum Co. v. Oldland*, 187 F.2d at 784 (Judge Bratton dissenting, "… it is well settled that… where a judgment is reversed and the cause remanded with directions to enter judgment… with nothing being said about interest, it is the duty of the trial court to enter judgment strictly in accordance with the mandate and not to add the allowance of interest."). Heretofore, Plaintiff has not done so.[3] Therefore, Plaintiff's Motion seeking an award of interest on the individual damages award should be <u>denied</u>.

---

[3] Plaintiff filed a Motion seeking payment of the individual damages award before the Tenth Circuit. *See* Doc. 01019940116, Tenth Cir. ECF. In that filing, Plaintiff sought a contempt hearing related to his mistaken allegation that the Office of the Attorney General would not comply with a court order which he referred to as "egregious conduct." *Id.* In addition, Moore requested that he be awarded "interest at 1.5% per month, compounded monthly, from [t]he

### C.  Alternatively, Plaintiff is not entitled to interest.

Plaintiff seeks interest on the damage award payment. Doc. 5592. Assuming the District Court has jurisdiction over the imposition of interest, Plaintiff is not entitled to interest on the $50.00 individual damages claim award.

Pursuant to 28 U.S.C.A. §1961(1) interest on a money judgment in a civil case, when recovered, "shall be calculated <u>from the date of the entry of the judgment</u>, at a rate equal to the weekly average 1-year constant maturity." (emphasis added). Interest is computed daily to the date of payment and compounded annually. *See* 28 U.S.C.A. §1961(b).

Plaintiff's Motion implies an entitlement to accrues interest from the date of the Special Master's award. This assertion is not supported by any citations to relevant authority. In *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d 1971) (reversed on other grounds), the court reiterated that the plan language of 28 U.S.C. §1961 contemplates interest accruing from the date of judgment, as entered by the District Court, rather than from the date of the Special Master's report. Accordingly, any such calculation necessarily runs from the District Court's entry of judgment. As set forth herein, the District Court entered its judgment on February 13, 2017, when it overruled Plaintiff's Objections. *See* Doc. 5574. Plaintiff challenged that judgment on appeal to the Tenth Circuit. *See* Doc. 5588 (discussing judgment appealed from). Ultimately, the Tenth Circuit reversed and amended in-part the District Court's Judgment pursuant to Fed. R. App. P. 37(b). Accordingly, the date of entry of judgment for purposes of calculating interest will be that future date upon which the District Court amends its

---

date of the 2005 Award until paid in full." *Id.* Plaintiff's Motion was denied. *See* Doc. 5589. To-date, Plaintiff has not sought modification of the Mandate pursuant to Fed. R. App. P. 37(b).

judgment. Because Defendants already paid Plaintiff the $50.00 individual damages claim award on February 13, 2018, **Exhibit A**, there is no interest calculation to be made.

### 1.  Judgment <u>averse</u> to Plaintiff entered on February 13, 2017.

In order for the Tenth Circuit to have had jurisdiction to review the District Court's ruling pursuant to 28 U.S.C. § 1291, the singular "entry of judgment" under review by the Circuit was this Court's February of 2017, Order denying Plaintiff's objection (Doc. 5574). Plaintiff cannot argue in good conscience that the $50.00 damage award itself which was entered on July 25, 2005, is the date from which interest on any judgment accrues, *see World Airlines, Inc. v. Hughes*, 449 F.2d 51, precisely because that was not the District Court's entry of judgment which was before the Tenth Circuit in the appeal itself. Indeed, in a civil case, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

The Circuit made clear the nuanced and narrow scope of its review writing that, "[t]he district court overruled the objections and denied reconsideration <u>in 2017</u>, leading Mr. Moore to appeal." *See* Doc. 5588 (emphasis added). In discussing the procedural posture of the case, the Tenth Circuit wrote that "the defendants contend that they can wait to pay until Mr. Moore completes an accurate W-9 tax form, which he has not done. The district court agreed with the defendants and we engage in… review… [i]n conducting this review, we conclude that the district court erred." *See* Doc. 5588, p. 5. Therefore, the only entry of judgment which was arguably before the Tenth Circuit was this Court's February of 2017, Order, which is consequently the earliest date from which

7

any calculation of interest on a judgment could run. Indeed, if July 25, 2005, were the date judgment entered, then, Plaintiff's appeal to the Tenth Circuit would have been woefully tardy. It is for that very reason that when discussing a second issue raised by Mr. Moore's appeal – the provision of a wheelchair – the Circuit wrote that "it is too late for Mr. Moore to appeal the special master's 2005 order…" Doc. 5588, p. 6. In light of the foregoing, the earliest arguable date on which judgment entered on this issue was February 13, 2017, when this Court overruled Plaintiff's objection related to the Defendant's request for Plaintiff to remit a tax-form prior to payment of the $50.00 individual damage claim award.

### 2.  Judgment <u>favorable</u> to Plaintiff has not yet entered.

Simply put, Plaintiff is not entitled to interest on a judgment which has not yet entered in his favor. The issue of payment sans tax-form was decided <u>averse</u> to Mr. Moore in the District Court. This Court's February of 2017 Order denied Mr. Moore's objection and established that Plaintiff was <u>not</u> entitled to payment on his individual damages award in the absence of executing the appropriate tax-forms. Then, on January 22, 2018, the Tenth Circuit modified and reversed in-part the District Court's February 13, 2017, Order (Doc. 5574), within the meaning of Fed. R. App. P. 37(b). This reversal and modification was the first time that the issue of payment sans tax-form was decided in Plaintiff's favor. The Mandate issued on February 13, 2018. Doc. 5591. Plaintiff was paid that same day. *See* **Exhibit A**. The District Court has not yet entered judgment in the form of a modification regarding the February 13, 2017, subsequent to the Tenth Circuit's partial modification thereof. Because judgment in Plaintiff's favor on the issue of payment sans tax-form has not yet issued, interest has not yet begun to

accrue on such an award. Moreover, interest will not accrue as Plaintiff has already been paid the $50.00 individual damage award. Therefore, even if this Court retained jurisdiction over the issue of interest on the judgment, Plaintiff's Motion seeking an award of interest on the individual damages award should be <u>denied</u>.

### 3. An award of interest at this state would improperly reward Plaintiff for dilatory conduct in litigation.

The Special Master awarded Plaintiff $50.00 related to his individual damages claim on July 25, 2005. Doc. 1019. Thereafter, Plaintiff raised the issue of non-payment predicated upon the remittance of a tax-form in the most piecemeal fashion over the course of 13 years. Presently, Plaintiff seeks to profit from his own dilatory presentation of the issue to the Courts. In viewing the facts, the correct result is to deny Plaintiff's request due to Plaintiff's own dilatory tactics in failing to timely and properly raise the issue regarding the need for a tax-for despite his early awareness of Defendants' position regarding the necessity of the tax form coupled with Plaintiff's repeated failures to correctly navigate the individual damage claims' review process via placing a written objection to the District Court.

Defendants initially promptly remitted a W-9 to Plaintiff in late 2005. Plaintiff returned the document with false information. *See* Doc. 5564 ¶ 10; Doc. 5564.1. Thereafter, Defendants tendered a second W-9 to Plaintiff's attention on September 13, 2006, which Plaintiff failed to return. *See* Doc. 5564 ¶ 11; Doc. 5564.3 ("In order to process payment of the monetary amount awarded by the Special Master the state requires that you complete a W-9 form… Please return the original, completed W-9 to the Attorney General's Office as soon as possible so that we may process your award."). As a result, by September of 2006, Defendants had twice communicated to

9

the Plaintiff their position that they could not make payment on the individual damage award unless and until Plaintiff returned an accurate tax-form. Notwithstanding his awareness of Defendants' requirement of a W-9, Moore failed to place the issue before the District Court for more than a decade:

- The Special Master (Doc. 1019), advised Plaintiff that any Objections needed to be filed with the District Court on or before September 15, 2005.

- On September 12, 2005, Plaintiff filed an Objection with the District Court, Doc. 1072, but did not raise the issue of Defendants' condition that Plaintiff submit a W-9. The Objection made only passing reference to the $50.00 award. Doc. 1072, p. 6 (award was "never pa[id]" and "illusionary").

- On September 19, 2005, Plaintiff remitted a letter to the Special Master but did not raise the issue of Defendants' requirement that Plaintiff submit a W-9, instead focusing on the lack of an award of a wheelchair. Doc. 1100 at p. 2-3, and 7. Moore expressed displeasure regarding the amount of the award. *Id.* at p. 4. Thereafter, the Special Master issued an Order unambiguously instructing Moore to file an Objection with the District Court. *See* Doc. 1120 ("Claimant's sole remedy is to file an appeal with Judge Kane at the Court. The Special Masters have no further jurisdiction in this matter."). Plaintiff failed to file any further Objection.

- In early 2008, Plaintiff filed a series of documents with the District Court seeking to add Defendants. *See* Docs. 31317; 3138; and 3140. These Motions were each denied. Doc. 3305. Plaintiff failed to place the issue of non-payment of his damage award before the District Court in these myriad filings.

- On May 8, 2008, Moore filed a motion asking the Court to reconsider its denial of his three Motions. Doc. 3387. Buried within the Motion to Reconsider (Doc. 3387, p. 3 and p. 5), Plaintiff makes passing mention that he had not been paid "the $50.00" and asks that "this Court… immediately insist… [on] payment of the $50.00." *Id.* Plaintiff provided no explanation regarding why the payment had not been made and made no mention whatsoever of a tax-form. On the very same day and prior to affording the Defendants the chance to respond or the District Court any opportunity to rule, Moore filed a Notice of Appeal to the Tenth Circuit. Doc. 3391.

- On July 11, 2008, the Tenth Circuit dismissed Moore's appeal as untimely. Doc. 3492. Subsequently, Moore filed nothing further with the District Court regarding the issue of nonpayment predicated upon a tax-form.

- In August of 2008, after Moore's first appeal concluded, the Special Master issued an Order denying Moore's May of 2008 filing. Doc. 3567. Moore filed an Objection with the District Court. Doc. 4776. Moore attached a copy of a prison grievance to the Objection. In the prison grievance, Moore raised the issue of non-payment of his $50.00 damage award. Doc. 4476, p. 14. Plaintiff did not address in his written Objection the issue regarding nonpayment predicated upon a tax-form.

- On August 6, 2010, Judge Kane issued an Order overruling Moore's Objections. Judge Kane reiterated that "no further individual remedies are available to Mr. Moore" and also wrote that "as no further relief is available to him, individually" that the Court would strike any further filings by Moore. Doc. 4777, p. 1-2, and 3.

- Moore filed a Notice of Appeal but his second appeal was ultimately dismissed by the Tenth Circuit on April 7, 2011, due to Plaintiff's failure to prosecute. Doc. 5028.1.

11

<u>Two years and sixty-five days passed.</u>

- On September 19, 2013, this Court entered an order that "the Court will accept no future motions to enforce monetary awards." Doc. 5414.

<u>Three years and fifty-six days passed.</u>

- On November 14, 2016, Plaintiff filed his Objection regarding Defendant's refusal to pay the damage award absent remission of an accurate W-9. *See* Doc. 5559.

- Once Plaintiff filed his Objection raising the issue, Defendants quickly responded on November 29, 2016. Plaintiff then failed to file a Reply until December 27, 2016. *See* Doc. 5568. Thereafter, this Court issued a prompt ruling on February 13, 2017, denying Plaintiff the relief sought and noting that the instant issue was the result of "claimant's own conduct, i.e. his failure to return an accurate W-2." *See* Doc. 5574.

Presently, Plaintiff asks this Court to award him unspecified "interest" on his $50.00 individual damages claim, retroactive to the Special Master's July 25, 2009, award (Doc. 1019), and seeks to place the blame for the intervening delay regarding payment of his award at the feet of the Defendants. However, a review of Plaintiff's claim's procedural history demonstrates that (1) Moore was aware in September of 2006 that Defendants were requiring a tax-form from him; (2) the Special Master advised Plaintiff in September of 2006 that his remedy was to file an Objection with the District Court; (3) Plaintiff did not raise the claim with the District Court until 2008 and only then buried within a Motion to Reconsider the denial of three unrelated Motions seeking to add Defendants, which Plaintiff then appealed without permitting the District Court to rule; (4) when Plaintiff appealed to the Tenth Circuit in 2010, he failed to pursue the appeal and it was dismissed due to his failure to prosecute; (5) the District Court

12

issued an Order in 2013, stating that it would not entertain any further motions to

enforce individual damage claim awards, this Order entered eight years and fifty-one

days after the Special Master's issuance of his Order re Plaintiff's damage claim award;

(6) Plaintiff ultimately <u>waited ten years and 112 days</u> after the Special Master initially

awarded Plaintiff $50.00 to file a separate, written Objection placing the issue before the

District Court, and nine years after the Special Master counseled Plaintiff to file a

separate, written Objection.

Accordingly, any "delay" in addressing the issue is the direct result of Plaintiff's

failure to abide by the rules of civil procedure or to heed Court advisements and rulings.

Although Mr. Moore is proceeding *pro se*, he still must comply with the time

requirements in the procedural rules. *Ogden v. San Juan County*, 32 F.3d 452, 455

(10th Cir. 1994). Here, he did not do so.

Ultimately, on the same day that the Tenth Circuit issued its Mandate related to

its partial reversal of the District Court's Order as it pertained to the need for a tax-form,

Defendants immediately paid Plaintiff the $50.00 damages award.[4] Because it is by

Plaintiff's own delay that this matter has taken so long to come to a resolution, this

Court should deny to reward Plaintiff for propagating the very delay which would

arguably act to increase an award of interest if the same were calculated from the date

that the Special Master entered his award.

---

[4] Notably, the Tenth Circuit did not rule that the State of Colorado cannot require individuals to submit tax forms prior to remitting monies to the parties. Rather, the Circuit Court ruled that in this particular instance, Defendants had not provided "an explanation" for their insistence upon a completed W-9. *See* Doc. 5588, p. 6. Upon information and belief, the State Controller's Office has a longstanding policy and practice of requiring appropriate tax forms and their authority for the same derives from §24-30-201, C.R.S. *et seq.*, the State's Fiscal Rules, and a duty to comply with IRS guidelines and mandates.

**D.  Plaintiff is not entitled to his filing fee, copy, and mailing costs.**

Plaintiff seeks payment of his filing fee, copy, and mailing costs. Doc. 5592. A prevailing party generally recovers costs pursuant to Fed. R. Civ. P. 54, however, "a district court may properly deny costs to a prevailing party… when (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive and acted in bad faith during the course of the litigation, (3) damages are only nominal, (4) the nonprevailing party is indigent, (5) costs are unreasonably high or unnecessary, or (6) the issues are close and difficult." *See Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013) (internal quotation marks omitted). Here, Mr. Moore attained only partial success, he was obstructive and acted in bad faith during the pendency of the litigation, his damage was largely nominal, and the issue of the needed tax-form was close and difficult. Accordingly, Plaintiff's request should be denied.

Initially, Plaintiff's individual damages claim is subordinate to, and derives from, the Class Action from which it iterated. All individual damages claim within the Class Action are subject to the Remedial Plan agreed to by the Parties in settlement. Moore's rights under the Plan are limited. Heretofore, the Parties have not recognized a right for an individual damages claimant to seek remuneration of any costs related to the pursuit of the individual's claim at any stage of the proceedings. Accordingly, Plaintiff's Motions seeking an award of his purported fees and costs should be denied.

Second, cost awards are generally only available to a prevailing party. Plaintiff is not necessarily the prevailing party in this case wherein he mounted three total appeals and only a single issue in his third such appeal to the Tenth Circuit was resolved in his favor. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health &*

14

*Human Resources*, 532 U.S. 598 (2001); *and see Bell v. Bd. of County Comm'rs*, 451 F.3d 1097, 1102 (10th Cir. 2006). Even if Plaintiff were determined to be the prevailing party, predicated upon his limited, partial success on the issue of the W-9, this Court may still exercise its discretion to apportion costs amongst the parties, to reduce any cost award to Plaintiff, or to deny costs to both sides. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 134-35 (10th Cir. 2001) (collecting cases re "partial" or "mixed" judgments, or cases in which there is "fault on the part of both parties"). Defendants would respectfully urge that the Court should deny Plaintiff his costs predicated upon his tortured presentation of the matter to the Courts and his eventually quite limited success and consistent with *Debord* factors 1-3, and 6.

In addition, "[T]he burden is on the prevailing plaintiff[] to establish the amount of compensable costs and expenses to which [he] [is] entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1208 (10th Cir.1986). Here, Mr. Moore has wholly failed to meet his burden to establish any entitlement to fees or costs. Indeed, Plaintiff's Motion fails to enumerate or to substantiate Plaintiff's alleged costs. *See* Doc. 5592. Costs are governed by 28 U.S.C. §1920. A prevailing party cannot merely list his costs and demand recompense. Plaintiff has failed to provide even a basic listing of his alleged costs. Meanwhile, Plaintiff must establish the purpose for each alleged expense and show a connection between the expense, the litigation, and §1920. *English v. Colorado Dep't. of Corrections*, 248 F.3d 1002 (10th Cir. 2001).[5] Plaintiff failed to list

---

[5] It is unclear whether Plaintiff is even properly construed as a prevailing party since he raised three issues on appeal and was successful only in one of the three. Plaintiff provides no legal support for his position that he is entitled to costs and fails to address the issue of to what extent, if any, he is properly construed as the prevailing party.

any costs, let alone to substantiate a particularized request for allowable costs.[6]

Moreover, general copying and postage costs are not recoverable. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (pursuant to Section 1920). In light of the foregoing, Plaintiff's Motion seeking an award of his indeterminate copy and mailing costs, and filing fee should be <u>denied</u>.

   **WHEREFORE**, Defendants respectfully request that Plaintiff's "Motion to Order Payment with Interest" (Doc. 5592) be <u>denied</u>.

   Respectfully submitted this 8th day of March, 2018.

CYNTHIA H. COFFMAM
Attorney General

/s/ Jacquelynn N. Rich Fredericks
JACQUELYNN N. RICH FREDERICKS, #39932
Assistant Attorney General
State Services Section
Attorneys for Defendants
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6603

## CERTIFICATE OF SERVICE

   I certify that on March 8, 2018, I electronically filed the foregoing via ECF and mailed copies through the United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

L.R. Moore, #47702

SCF
P.O. Box 6000
Sterling, CO 80751-6000

*Courtesy Copy To:*
Adrienne Jacobson, CDOC


/s/ Mariah Cruz-Nanio

---

[6] While this Court has discretion to award items not specifically enumerated in this statute, the Supreme Court has specifically noted that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964).