U. S. dist award severation

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### 901 19th St., Rm. A105; Denver 80203 94
### CASE NO. 92-CV-870-JLK

| | |
|---|---|
| **CURRENT PLAINTIFF** pro se:<br>**L. R. MOORE**<br>#47702; POB 6000: Sterling CO( 80751<br>**And**<br>**FORMER PLAINTIFFS**<br>**JESSE MONTEZ, ET AL**<br>Ft. Logan Cemetery<br><br>V.<br><br>**CURRENT DEFENDANTS**<br>**CYNTHIA COFFMAN**<br>**JACQUELYN N. R. FREDERICKS**<br>Colo. Atty. Gen.; 1300 Broadway; Denver CO 80203 | **FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>**MAR 29 2018**<br><br>JEFFREY P. COLWELL<br>CLERK<br><br><br>Δ Court Use Only Δ |
| **MOTION FOR SEVERATION**<br>**&**<br>**CERTIFICATE OF SERVICE** | |

## MOTION

Plaintiff moves this Court to sever the matter of the payment in full of the Award from the rest of *Montez*, to allow this matter to proceed as a separate case as the issues here are unique to it and unshared with the others raised in *Montez*. Even the parties differ, being Moore v. Coffman and Fredericks, as payment of his Award, according to the other Defendants, is solely up to them.[1]

Fredericks has written 16 pages of reasons this Court should not order her to pay him. She notes that this Court was ordered to either order payment or explain why Defendants can add their own restrictions to Award so as to not pay Plaintiff. That is, why they can require a tax-withholding form on a tax exempt Award. Defendants chose to try to preempt this Court by

---

[1] Thus, the Grievance Replies said.

1

making a partial payment, on the interest, to Plaintiff. They chose to ignore Colorado state law on such payments by claiming that there was no interest owed, thus the payment, which they had refused to make for over a decade, they claimed did not accumulate interest. And that Plaintiff was **not** the prevailing party.

That is, despite the Court finally addressing Defendants' obvious error in refusing to pay, an error that Plaintiff had repeated addressed to several courts but which Defendants, especially Fredericks, had so successfully obfuscated that courts omitted addressing until recently, Defendants are still obfuscating their refusal to pay. Fredericks does not claim that there was any other means but repeated claims for Plaintiff to obtain an Order to Pay, but rather that he did **not** file enuf[2] claims! That the success of her obfuscations (including her lies to the courts), and the resulting delays, were all his fault. She omits the efforts made in state court,[3] and those made by King & Greisen, in her timeline.

There are five separate issues in this payment:

1. The Award, including what it was for as she has lied to this Court on this. The amount is $50; the reason was the conviction of Plaintiff for detouring around the deliberate post-construction addition of a step, added to impede wheelchair chow hall access to just one cell house that which Plaintiff was deliberately and needlessly celled in.
2. The Interest due to the delay solely caused by Defendants' insistence that Plaintiff needed to lie on the needless W-9 they added as a prerequisite to paying the Award. Fredericks has repeatedly admitted that they demanded he so lie, that their sole reason to refuse payment was his refusal to lie for them. They even refused his request that they lie for him by filling out the W-9 themselves, as they knew what they wanted it to say and he lacked this exact information.[4]
3. The Past Costs. These include years of typing, copying, and postage, to multiple courts. Rather than compile, pleading by pleading, all these years, Plaintiff

---

[2] Sic---Plaintiff's personal spelling
[3] She lied to the District Court for Lincoln County, stating that Award did not exist. That court mooted the attempt to use Award to buy copy of case documents from her by ruling in Plaintiff's favor in the main case, ending need for the documents.
[4] Upon his choosing, per Panamanian law, to drop U. S. citizenship, (he notified CODOC and Defendants), he had no reason to remember his former SS#, and did **not**. He so informed Defendants in response to their repeat sending of W-9s, which can't be completed without SS#. They refused to add this #, nor did they include it in their replies altho they admitted they had it.

2

U. S. dist award severation

    generously offered to settle for $100. Fredericks opposes this as not being his actual costs altho she knows that actual costs were much higher.
4. The Future Costs. Plaintiff has notified this Court, and Fredericks, that he will be billing these at $10 per Plaintiff pleading as he feels this is a reasonable set amount for the costs she forces by her insistence on continuing her frivolous defenses to her ongoing refusals to pay. He stated this a three pleadings ago, thus these, with the accompanying Stay Motion, now amount to $50.
5. Punitive Damages. Plaintiff has asked that these be twice the total of the others above, thus follow the principle of "triple damages" for continuing frivolous defenses.
6. Filing fees. These the Plaintiff had agreed to pay the 10th Circuit so it would hear his successful Appeal. This Appeal's success is why this Court now must decide on whether to Order Defendants to Pay Plaintiff what they owe him. Fredericks is opposed to the principle of "loser pays court fees" when the winner is a prisoner and wins far less than the fees. Defendants insist that prisoners pay much more in fees that they can recover from them when they wrongly refuses to allow prisoners to be paid.

Previously, this Court erred by not fully examining Plaintiff's pleadings on the Award; likely, because these were part of a larger pleading, and a much larger case. By severing the Award matter, all parties would be much more focused on it, thus less likely to err in what should be simple decisions to decide along the usual lines, all of which favor Plaintiff. As to triple damages, the point is to finally discourage Defendants from continuing to refuse to pay by making continuance increasingly more beneficial to Plaintiff. And, even tho they are not personally paying, but being paid for their frivolous defenses, expensive to Defendants, and compensatory to Plaintiff.

Further, time will be needed for action upon Plaintiff's simultaneously moved Discovery Motion as the results will affect Reply.

Further, Fredericks will likely have some Responses to these 4 (video motion plus these 3 filed simultaneously) motions.

Alternatively, the Court could offer Defendants the choice between accepting Summary

3

Judgment in Plaintiff's favor for the full amount[5] asked instead of Severation, **to make the choice, including liability for triple damages, theirs.**

**THEREFORE,** the Court should either grant Summary Judgment fully in Plaintiff's favor, or Order that Plaintiff's Award pleadings be severed from *Montez*, with Caption changed to reflect.

## CERTIFICATE OF SERVICE

Respectfully submitted on this 23 March 2018 with copy to Counsel by Appellant pro se

*/s/ R Moore*

---

[5] NB This pleading is one of 4 written in the 3rd week of March 2018 in reply to the 18 page (counting exhibits) Response. Thus, the Defendants have increased the costs by $40 (the $10 per Plaintiff pleading as asked).

**Colorado Department of Corrections**

Name: L R Moore
Register Number: 47702
Unit: 35
Box Number: 6.000
City, State, Zip: Sterling 80751

U.S. Postage $000.68 — Pitney Bowes, ZIP 80751, Mar. 22 2018

U.S. Dist. Court
901 19th St., Rm A105
Denver 80294

**Restricted Inspection Mail Stamp**

| FACILITY | DATE REC'D |
|---|---|
| SCC | 21 Mar 2018 |

| DOC EMPLOYEE LAST NAME | ID# | INT |
|---|---|---|
| Wann | 7573 | |

| DOC# | OFFENDER LAST NAME | INT |
|---|---|---|
| 47202 | Moore | |