IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

---

**ORDER DENYING CLAIMANT L.R. MOORE'S MOTIONS**
**(DOC. ## 5592, 5595, 5596, 5597, 5598, 5599, 5600)**

---

This matter is before the Court on Claimant L.R. Moore's (1) Motion to Order Payment with Interest (Doc. # 5592); (2) Motion for Oral Argument (Doc. # 5595); (3) Motion for Order to Pay Debt (Doc. # 5596); (4) Motion for Order to Suspend Garnishment (Doc. # 5597); (5) Motion for Severation (Doc. # 5598); (6) Motion for Discovery (Doc. # 5599); and (7) Motion for Time Extension (Doc. # 5600).  For the following reasons, the Court denies the motions.

As pertinent here, Mr. Moore had an individual damages hearing before a Special Master on July 15, 2005, after which the Special Master granted a portion of Mr. Moore's claims and awarded him $50.00.  (Doc. # 1019 at 6.)   Defendants withheld distribution of this $50.00 because Mr. Moore refused to provide them with an accurate W-9 tax form.  Mr. Moore objected to the withholding and the need for submission of a tax form, and this Court overruled that objection.  (Doc. ## 5559; 5574.)  Mr. Moore appealed.

On January 22, 2018, the Tenth Circuit issued an order finding that Defendants failed to explain the need for the W-9 tax form and that, consequently, this Court erred in declining to order enforcement of the $50.00 award.  (Doc. # 5588.)  The Mandate from the Tenth Circuit did not contain any instructions about the allowance of interest. (Doc. # 5591.)  On February 21, 2018, Defendants deposited $50.00 into Mr. Moore's inmate bank account.

In his present motions, Mr. Moore essentially requests (1) payment of the $50.00; (2) interest on the $50.00; (3) reimbursement for filing fees and costs associated with his appeal; (4) oral argument on these issues; (5) exemplary damages that triple what he is owed in interests, fees, and costs; (6) severance of his case from the other *Montez* class action plaintiffs; (7) discovery on these issues; (8) an extension of 90 days to reply to the Government's response to his motion for interest on the $50.00; and (9) suspension of a February 21 DOC Order.  The Court addresses each request in turn.

First, the Court denies as moot Mr. Moore's request for his $50.00 award. Defendants deposited the $50.00 in his inmate bank account in February 21, 2018. (Doc. # 5594-3.)

Second, this Court denies Mr. Moore's request for "interest compounded annually."  (Doc. # 5592 at 1.)  Mr. Moore appears to be requesting post-judgment interest on his $50.00 award, stemming from the Tenth Circuit order reversing in part this Court's order overruling Mr. Moore's objection to Defendants' delayed payment. Federal Rule of Appellate Procedure 37(b) provides that when, as here, the Tenth Circuit "modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance

of interest." Where no instructions regarding interest are included, the trial court has "no power to enter judgment" on the issue. *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948). The Tenth Circuit Mandate did not contain any instructions on the allowance of interest. This Court is accordingly powerless to add such interest. Mr. Moore's request is better suited for resolution by the Tenth Circuit upon a request to amend the mandate. To the extent that Mr. Moore is requesting that interest be calculated from the date that the special master awarded him $50.00, Mr. Moore has never before made such a request and the time period for him to do so has long since passed. *See* Fed. R. Civ. P. 59 (e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."); Fed. R. App. P. 4(a)(1)(A) ("[N]otice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

Third, the Court denies Mr. Moore's request for an award of fees and costs associated with his appeal. Federal Rule of Civil Procedure 54(d)(1) authorizes the Court to award costs to "the prevailing party." In general, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001). Courts have "broad discretion to apportion costs among two partially successful parties, or deny costs to either side." *Gulf Coast Shippers Ltd. P'ship v. DHL Express (USA), Inc.*, No. 2:09-CV-00221-RJS, 2016 WL 6820770, at *1 (D. Utah Sept. 30, 2016) (citing to *Barber*, 254 F.3d at 1234. The circumstances in which a district court may properly deny costs include when (1) the prevailing party is "only partially successful," (2) the prevailing party was "obstructive and acted in bad faith during the course of the litigation," (3)

damages are "only nominal," (4) the nonprevailing party is indigent, (5) costs are "unreasonably high or unnecessary," or (6) the issues are "close and difficult." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL–CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). At least four factors support denying Mr. Moore's request. Specifically, Mr. Moore was only partially successful on appeal, narrowly prevailing on one out of three issues; he has obstructed and prolonged this litigation; his damage award was largely nominal; and the tax-form issue was close and difficult. Moreover, Mr. Moore has provided this Court with no documentation to support his expenditures or connect them to this litigation or his appeal.

Fourth, the Court, in its discretion, declines to hold an oral argument on Mr. Moore's motion, finding that such argument will not aid the Court in the resolution of these issues. *See* D.C.COLO.LCivR 7.1 ("A motion may be decided without oral argument, at the court's discretion.").

Fifth, the Court finds that exemplary damages are unwarranted in this case. Indeed, Mr. Moore provides no legal authority for his request and the basis for awarding him damages that triple his litigation costs is entirely unclear. Indeed, the Court has denied his request for costs in the first place. To the extent exemplary damages are even applicable in this context, such an award would require, at the very least, some statutory authority or some showing of willful or malicious conduct by Defendants. No such showing has been made.

Sixth, the Court denies Mr. Moore's request to sever his case and alter the caption. Mr. Moore has not initiated a new case, nor do his recent filings warrant severing the matter from the *Montez* class action. Indeed, they stem directly from the

award granted him as part of that action, and the other parties must, therefore, be included in the caption.

Seventh, the Court denies Mr. Moore's request for discovery on these issues. Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

There are no pending claims or defenses in this case. Mr. Moore's claims in this matter were resolved by Final Order of Special Master in August 2005—over a decade ago. His present motions merely relate to the recovery of his $50.00 damages award. With respect to these motions, discovery is unwarranted. Mr. Moore has presented no argument with respect to his need for discovery, except to suggest that the Defendants are "lying." Considering the minimal amount in controversy and the narrow issues before the Court, the burden and expense of allowing discovery certainly outweighs any benefit.

Eighth, the Court denies Mr. Moore's request for a ninety-day extension to reply to the Governments response to his motion requesting interest on his $50.00 award. Mr. Moore's reply was due on March 22, 2018. That deadline his passed and Mr. Moore has not provided the Court with any reason to grant him an extension. His request merely repeats the arguments that have already been addressed by this Court and lodges new complaints at the Colorado Attorney General's Office, which are unrelated to the substance of his pending motions. Mr. Moore's brief statement that his

limited prison law library time has prevented him from filing a reply is belied by the numerous motions he has filed over the course of the past few weeks.

Finally, with respect to Mr. Moore's request that this Court order "the suspension of its 21 February 2018 Order sent to DOC inmateaccounts@state.co.us," the Court is unaware of such order and is without sufficient information to entertain the request. Thus, it is denied.

For the foregoing reasons, the Court DENIES the following Motions: (1) Motion to Order Payment with Interest (Doc. # 5592); (2) Motion for Oral Argument (Doc. # 5595); (3) Motion for Order to Pay Debt (Doc. # 5596); (4) Motion for Order to Suspend Garnishment (Doc. # 5597); (5) Motion for Severation (Doc. # 5598); (6) Motion for Discovery (Doc. # 5599); and (7) Motion for Time Extension (Doc. # 5600).

At this point, all of the issues related to Mr. Moore's involvement in this class action, including the receipt of his $50.00 award, have been resolved.  Thus, the Court will strike any further motions filed by Mr. Moore.

DATED: March 30, 2018                    BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge