IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

---

**ORDER DENYING THE PARTIES' MOTION FOR FAIRNESS HEARING, APPROVING THE PARTIES' AGREEMENT, AND RESOLVING ALL REMAINING ISSUES IN THIS CASE**

---

This matter is before the Court on the Parties' Joint Motion for Fairness Hearing. (Doc. # 5602.) For the following reasons, the Court denies the request for a hearing and approves the Parties' agreement, resolving all remaining issues in this case.

This twenty-six year old case began as a civil rights class action alleging institution-wide discrimination against disabled inmates housed in Colorado Department of Corrections (CDOC) facilities. After eleven years of proceedings, the Parties agreed in 2003 to settle the case by entering into a Remedial Plan for the improvement of facilities and resources for disabled inmates that would be developed and implemented over a two-year period. (Doc. # 528.) The Plan was subjected to a three-day fairness hearing prior to its approval. (Doc. ## 520, 525, 527.)

The Plan provided for an initial two-year period for the Department of Corrections (DOC) to come into "Substantial Compliance," followed by a two-year "Monitoring Period" in which class counsel would monitor continued compliance. (Plan at 27, § XXXI.) Under the agreed-upon terms of the Plan, the DOC's compliance was intended to be largely self-executing. The Plan specifically required that any disputes arising during the Compliance or Monitoring Periods be resolved "expeditiously and in good faith," by the Parties themselves. (*Id.* at 29, § XXXVII.) If the Parties could not reach agreement on a particular issue, the Parties could approach the Court for resolution of that issue. *Id.* Nothing in the Plan provided for a subsequent fairness hearing or the issuance of a new settlement agreement to replace the Plan.

Since the imposition of the Plan, the Parties have approached this Court to resolve numerous compliance disagreements. Notably, in 2010, Judge John L. Kane held a thirty-two day compliance review hearing, following which he issued an order addressing the Parties' ongoing compliance disputes. (Doc. # 5314 at 3.) Ultimately, he concluded that the DOC was in substantial compliance with the terms of the Plan. (*Id.* at 15) Judge Kane's order terminated the Compliance Period, and the two-year Monitoring Period commenced. (*Id.*)

During the Monitoring Period, the Plan limited this Court's role to determining whether the DOC remained in substantial compliance with the Plan, provided the Parties' filed objections alleging non-compliance that could not be resolved without Court intervention. (Plan at 27, § XXXI.) On the last day of the Monitoring Period—

April 2, 2015[1]—Class Counsel filed a Notice of Non-Compliance with the Plan. (Doc. # 5507.)  Section XXXI of the Plan provides that the Court may issue a "final determination" on the Parties' compliance disputes.  After holding a status conference on this Notice, this Court determined that the Parties would benefit from engaging in dispute resolution discussions facilitated by Magistrate Judge Hegarty.  (Doc. ## 5538, 5540.)  Ultimately, those discussions were fruitful, and the Parties were able to resolve their compliance dispute.  The resolution of that dispute is now before the Court, attached as Exhibit A to the Parties' Motion.  (Doc. # 5602-1.)

To finalize that agreement, the Parties request a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e).  (Doc. # 5602.)  The Court recognizes that Rule 23(e) requires the Court to approve of a settlement resolving the "claims, issues, or defenses of a certified class."  Indeed, the Court conducted that required review when it held a three-day fairness hearing and approved of the Parties' Plan—the Plan from which the instant agreement stems.  The proposed agreement is not a "new" settlement; it is not a "new" Plan.  It does not replace or undo the previous Plan.  It does not change the applicable class or alter the Compliance or Monitoring requirements of the Plan. Instead, in accordance with the self-executing resolution provisions of the Plan, the agreement merely resolves the Parties' compliance dispute.  (Plan, at 29, § XXXVI.)

Specifically, the agreement reflects that the only remaining compliance issue is the DOC's need to provide soft-soled shoes to various inmates.  (Doc. # 5602 at 1–3.) The Parties have resolved this issue by agreeing to the implementation of a Shoe

---

[1] After the Court granted two extensions to the two-year compliance period resulting in a 30 month duration, the Monitoring Period ended April 2, 2015.  Doc. # 5503.

Exchange Program. (*Id.*) The Program will result in soft-soled shoes being provided at no cost to any qualifying person in the custody of the DOC. (*Id.*) This result—independent resolution of the Parties' compliance dispute stemming from the Plan—was contemplated and approved at the previous fairness hearing. *See* Plan § XXXVI (allowing the Parties to resolve their compliance disagreements without Court intervention). The Court accordingly finds that the agreement does not necessitate a second fairness hearing or invoke the notice requirements of Rule 23. Thus, the Parties' Motion for a Fairness Hearing (Doc. # 5602) is DENIED.

In accordance with Section XXXI of the Plan, the Court hereby APPROVES the Parties' proposed agreement, attached as Exhibit A, (Doc. # 5602-1) and ORDERS as follows:

- The agreement serves as the final resolution to all pending matters in this case.
- The Compliance and Monitoring Periods have hereby expired, the Remedial Plan is no longer in effect, no proceedings or further monitoring of the DOC's compliance will occur, and no further compliance objections may be lodged.
- In accordance with § XXXVI.B of the Plan, the Court HEREBY DISMISSES this case WITH PREJUDICE.

DATED: May 15, 2018          BY THE COURT:

                                                   CHRISTINE M. ARGUELLO
                                                   United States District Judge