**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 92-CV-00870-CMA-OES

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

---

**MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. RULE 59**
**OR, ALTERNATIVELY, RULE 60**

---

Plaintiffs, by and through Class Counsel, respectfully submit this Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59, or alternatively, under Rule 60, as follows:

1.      On May 15, 2018, this Court entered an Order Denying the Parties' Motion for Fairness Hearing, Approving the Parties' Agreement, and Resolving all Remaining Issues In This Case. [Doc. 5604.]

2.      The Class, through counsel, requests that this Court reconsider the denial of the process outlined in the Proposed Agreement, Doc. 5602-1, for the following reasons.

3.      First, there is not a signed agreement between the parties at this time, but rather only a proposed agreement. That proposed agreement specifically states that the agreement will not be valid until it is "approved **and** signed by the State Controller." Proposed Agreement, Doc. 5602-1, ¶ General Provisions D (emphasis in original). The State Controller has not signed the agreement so there is no settlement for the Plaintiffs to enforce.

4.      Perhaps more importantly, it is an express condition of the agreement that Class members would receive notice of the proposed agreement, an opportunity to object, and a

1

fairness hearing regarding the proposed resolution. *Id.*, Procedural Issues, ¶¶ A and B. Counsel for the Class could not have expressed their preliminary approval for the agreement without these provisions. The proposed agreement, by its very terms, was conditioned on the provision of a certain process being provided to class members. Thus, it would be Plaintiffs' position that Defendants would be in immediate breach of the agreement if those processes were not followed, and there is little doubt but that the matter would then be appealed.

5.      Under the terms of the Remedial Plan, the Monitoring Period is automatically extended when there has been an objection filed with respect to compliance. Remedial Plan, XXXI. [Doc. 5602-2 at p. 35.] If a Notice of Non-Compliance is filed, then the Remedial Plan provides the Court may not dismiss the matter *sua sponte*, but rather must determine the merits of the objections. *Id.*[1]

6.      Under the circumstances presented at this time, as a matter of law, the final resolution is not "self-executing" but rather requires a determination on the merits. However, counsel for the Parties were suggesting an alternative, proposed settlement to a merit determination – however that suggested alternative disposition of the case is predicated on the procedural safeguards of notice, an opportunity to object, and a fairness hearing.

7.      Fed. R. Civ. P. Rule 59 governs a motion to reconsider the entry of judgment in a case if the request is filed within 28 days of the entry of judgment. Under Rule 59(e), the Court may reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest

---

[1] The reference to the "final determination" cited by the Court in Section XXI of the Remedial Plan referred only to a final determination of "substantial compliance" in the initial compliance period.

injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is appropriate when the Court has misapprehended a party's position, the facts or controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The district court has broad discretion when deciding a Rule 59(e) motion. *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

8.      Here, granting relief under Rule 59(e) is appropriate as it appears that it was not clear that there was no signed agreement between the parties and that the agreement itself is premised on certain procedural safeguards. In addition, under the contractual terms of the Remedial Plan, the final resolution is not self-executing, but rather requires a determination on the merits, unless the parties reach another resolution.

9.      The Notice of Non-Compliance filed with this Court list five major areas of non-compliance with the Remedial Plan and alleges systemic problems in the manner in which the Remedial Plan has been implemented. [Doc. 5507.] The systemic problems alleged involve class members of all four subclasses in this case. *Id*. The Proposed Agreement, however, only address one of those problems relating to one of the four subclasses – the issue with the soft-soled shoes for diabetics. Thus, it is a proposed compromise and not any admission by the Class that the "only remaining compliance issues is the DOC's need to provide soft-soled shoes to various inmates." Order, Doc. 5604 at p. 3.

10.      As such, all class members, especially those who are not in the class of individuals who have diabetes, should be allowed an opportunity to be heard regarding the proposed compromise. It would be unjust to resolve this matter under the terms of the Remedial Plan based on a fairness hearing that occurred almost 15 years ago and involved a very complicated comprehensive remedial scheme -- as opposed to the limited remedies related to one

of the four subclasses. Class counsel has an ethical obligation to ensure notice is provided to the class members, and to ensure that there is an enforceable agreement. Dismissal of this matter without ensuring those steps have been taken would force further appeals.

11.     Alternatively, a motion for reconsideration can be brought under Fed. R. Civ. P. Rule 60(b). Federal Rule 60(b)(1) allows a court to relieve a party or its legal representative from an order on the basis of, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(b), courts may grant relief as required by justice. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000). "When deciding a Rule 60(b) motion, courts should generally resolve all factual doubts in favor of the party seeking relief." *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir. 1983). A Rule 60(b) motion to set aside a judgment muse be made "within a reasonable time."

12.     It is in the interest of justice for all the reasons stated above to set aside the judgment to allow for notice, an objection period, and a fairness hearing in this matter.

13.     In order to ensure that there is a binding final settlement of this matter, Plaintiffs' respectfully request that this Court set aside the judgment in this matter and schedule a fairness hearing after the provision of notice and opportunity to object to the class members. The Parties previously discussed that any fairness hearing could be held by Magistrate Judge Hegarty, if this Court deems appropriate.

14.     Compliance with Rule 7.1:  Undersigned counsel discussed this matter with counsel for Defendants, James Quinn, around May 25, 2018 and requested information about the Defendants' position on this motion. Undersigned counsel sent Mr. Quinn an email on June 1, 2018 asking for Defendants' 7.1 position, explaining that this motion would be filed this week.

Another email was sent on June 7 requesting the information. As of the filing of this motion, Mr. Quinn has not had an opportunity to respond to this request.

WHEREFORE, Plaintiffs respectfully request that the judgment in this matter be set aside, that the requested notice and objection period be provided to the class, and a fairness hearing be set no sooner than 120 days after approval of the Notice.

Respectfully submitted this 8th day of June 2018.

KING & GREISEN, LLP

*s/ Paula Greisen*
Paula Greisen
1670 York Street
Denver, CO 80206
(303) 298-9878
greisen@kinggreisen.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June 2018, the foregoing **MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. RULE 59 OR, ALTERNATIVELY, RULE 60** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

James X. Quinn
Jacquelynn N. Rich Fredericks
Office of the Attorney General
james.quinn@coag.gov
jacquelynn.richfredericks@coag.gov

*Attorneys for Defendants*

*s/ Laurie A. Mool*
Laurie A. Mool, Paralegal