IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-CV-870-JLK

JESSE (JESUS) MONTEZ, et al.,

Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

Defendants.

**RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. RULE 59 OR, ALTERNATIVELY, RULE 60**

Defendants, through the Colorado Attorney General, respectfully submit this Response to Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59, or Alternatively, Rule 60.

**Background**

This case was originally filed in 1992. On September 11, 2003, the Court entered the settlement agreement between the Parties known as the Remedial Plan which provides that the Colorado Department of Corrections ("CDOC") must come into compliance with the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 within a two-year period. The Remedial Plan also provides for a Monitoring Period of two years following achieving substantial compliance, Doc. 41; *and see* Doc. 5314 (discussing sections of Remedial Plan) and a damage claim process for individual class members. Under the damage claim process, approximately 1,500 individual damage claims were adjudicated by the Special Masters.

In 2006 and 2008, pursuant to notices of non-compliance filed by Class Counsel, the Court entered orders providing for additional protections to class members. Doc. 2228 and Doc. 3326. In September of 2012, the Court found that the CDOC attained substantial compliance with the Remedial Plan. Doc. 5314. Thereafter, the two year Monitoring Period under the Remedial Plan became effective.

On April 2, 2015, the Plaintiff Class filed a Notice of Non-Compliance with the Remedial Plan. Doc. 5507. Defendants filed a Response thereto and argued that they had maintained substantial compliance with the Remedial Plan. Doc. 5530.

Subsequently, the Parties engaged in extensive negotiations and reached a proposed final disposition in the form of a Settlement Agreement. The Parties remitted that Agreement to this Court, along with a request for a Fairness Hearing. Doc. 5602.

On May 15, 2018, this Court entered an Order accepting the Agreement, denying the request for a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e), and dismissing this case. The Court held that "the agreement… resolves the Parties' compliance dispute." Doc. 5604, p. 3. Later, the Plaintiffs filed a Motion for Reconsideration of that portion of the Order which denied the Parties' request for a Fairness Hearing. Doc. 5612.

**Standard**

The Rules of Civil Procedure do not recognize a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). A party who seeks to convince the district court to change its judgment may either file a motion to alter or amend the judgment under Rule 59, or a motion seeking relief from judgment under Rule 60(b). "Although the term motion for reconsideration is

not mentioned in the Federal Rules of Civil Procedure, such a motion is not uncommon in federal practice. *Shields v. Shetler*, 120 F.R.D. 123, 125-26 (D. Colo. 1988).

Pursuant to Fed. R. Civ. P. Rule 59(e), the Court may alter or amend a final judgment within 28 days. A Rule 59(e) motion may be granted to correct manifest errors of law or to present newly discovered evidence. *Benne v. IBM*, 87 F.3d 419, 428 (10th Cir. 1996). The Court may also do so where it has "patently misunderstood a party," has made a decision "outside the adversarial issues presented to the court by the parties," or has made an error of "apprehension" rather than an error of "reasoning." *Sierra Club v. Tri-State Generation & Transmission Association, Inc.,* 173 F.R.D. 275, 286 (D. Colo. 1997). The purpose of the Rule is to permit a trial court to correct its own mistakes in the period immediately following the entry of judgment. *SEC v .Blinder, Robinson & Co., Inc.*, 126 F.R.D. 61, 62 (D. Colo. 1989).

Pursuant to Fed. R. Civ. P. Rule 60 (b), the Court may relieve a party from judgment for the following reasons:

> (1) Mistaken, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud… misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) Any other reason that justifies relief.

*Id.* at Rule 60 (b)(1-6). Relief under Fed. R. Civ. P. 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). "Relief under Rule 60(b) is discretionary… A litigant shows extraordinary circumstances by satisfying one or more of Rule 60(b)'s six

grounds for relief from judgment." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1992) (citations omitted).

A mere change of mind concerning a settlement is not a proper ground for relief under Rule 60(b). *Allinsworth v. Funke*, 421 F.2d 1350, 1351 (6th Cir. 1970).

## Argument

The Parties reached an Agreement in principle. Doc. 5602-1. The Court approved that Agreement and dismissed the case. Doc. 5604. Plaintiffs' instant Motion does not appear to challenge the Parties' Agreement or this Court's approval of the same. *See* Doc. 5612 *generally*. Rather, it is seemingly Plaintiffs' position that they are procedurally entitled to a second Fed. R. Civ. P. 23(e) hearing, beyond that held when the Parties initially settled this matter on August 27, 2003 (Remedial Plan, Doc. 528), and that absent a second fairness hearing, the Parties' Agreement itself is ineffectual. Defendants respectfully disagree, urge that regardless of the outcome of the resolution of Plaintiffs' Motion for Reconsideration, the Agreement is effective, and may be performed as set forth herein.

As this Court correctly noted, "the Parties were able to resolve their compliance dispute" (Doc. 5604, p. 3), thanks to Magistrate Judge Hegarty's assistance in facilitating discussions amongst the Parties, which were held after this Court suggested that course of action. This Court counseled the Parties to engage in efforts to resolve the Parties' disagreements regarding the success of the Monitoring Period, which was congruent with the plain language of the Remedial Plan itself which required that the Parties "resolve their disagreement… in good faith." Doc. 528, p. 30. Ultimately, the

Parties' resolution was codified in the Parties' Agreement, which they tendered to this Court. This Court approved that Agreement. Doc. 5604.

Defendants acknowledge that the Parties' Joint Notice and Motion (Doc. 5602) sought a fairness hearing. Notwithstanding, Defendants are not familiar with on-point authority which either compels a second fairness hearing or which vitiates against the same, where the Agreement at-issue addresses resolution of a dispute which arose under the terms of a prior settlement. Plaintiffs' Motion points to no applicable on-point authority, resting only upon the premise that, in general, class action settlements are subject to consideration pursuant to Fed. R. Civ. P. 23(e). This is true. However, as the Court correctly points out, this matter was settled 15 years ago in the form of what came to be known as the Remedial Plan. Doc. 528. The Remedial Plan was considered during a multi-day fairness hearing consistent with Fed. R. Civ. P. 23(e). Doc. 5604, p. 1 *referencing* Docs. 520, 525, and 527. Therefore, a fairness hearing was previously held in this matter, and there appears to be no bright line authority, which compels that a second hearing is required in this circumstance.

The Remedial Plan contains language – relied upon by this Court in its recent Order – which contemplates that the Parties might amicably resolve their future differences absent further court-intervention. The Parties have indeed, resolved their differences related to the efficacy of the Monitoring Period in the form of the current Agreement, which was approved by this Court. As a result, and as concluded by this Court, a second fairness hearing, pertaining to the Agreement, may not be required.

Defendants also do not dispute that the Parties reference a fairness hearing within the Agreement. That reference reads, "Notice shall be provided to all class

members regarding a date for a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) regarding the proposed Agreement. This Notice shall be posed via the Titler system at CDOC facilities and Class Members shall have an opportunity to file any response or objection to the proposed Agreement, as directed by the Court." Doc. 5602-1, p. 4-5 (Procedural Issues, B). Notably, this is not a material term within the Agreement itself. Doc. 5602-1, p. 2-4 (listing "Material Terms"). Even if it were, the absence of a second hearing does not render the Agreement itself void, as both Parties are capable of materially performing under the approved Agreement. Indeed, once Plaintiffs sign the Agreement, Defendants and their Counsel can sign, followed by the State Controller. This order of operations was always contemplated by the Agreement itself and is consistent amongst State agreements. After, each Party can materially perform.

As it stands, the only impediment to full performance of the Agreement is that Defendants are awaiting Plaintiffs' signature to the Agreement. Once received, CDOC is ready, willing, and able to discharge its material duties under the Agreement. Risk can remit the agreed upon $750.00 single-time payment to Plaintiffs. Doc. 5602-1, p. 4 (Material Terms, N). CDOC will post the "mutually agreeable notice of the Agreement" for the designated 28-day period. Doc. 5602-1, p. 4 (Material Terms, M). Class Counsel remains able to send their attorney-client privileged correspondence to the Class Members. Doc. 5602-1, p. 4 (Procedural Issues, A). The only minor difference would be that there will not be a second fairness hearing and that instead of the Class receiving notice of a fairness hearing, they would be notified of the Agreement's acceptance by this Court.

Although this Notice will differ in appearance from that initially anticipated by the Parties, the ability to give such Notice remains available, and thus the Parties can still materially perform the notice-giving function of found at Term Procedural Issues, B. Moreover, although the Notice contemplated by Procedural Issues, B has not yet been posted and may look somewhat different in light of the Court's Order that no hearing is necessary, many Class Members have received actual notice by virtue of this Court's mailing of its Order. *See* Docs. 5606, 5607, 5608, 5609, 5610, 5611, 5613, 5614, 5615, and 5616 (RTS mail demonstrating the Order was mailed to many Class Members). Despite this distribution of the Court's Order, the docket does not reflect that any objections have been filed.

Finally, any allegation that Defendants are in "immediate breach" is unfounded. CDOC has already accepted the initial shipment of shoes and is otherwise simply awaiting Plaintiffs' signature to the Court-accepted Agreement in order to proceed with the initial Shoe Exchange. Meanwhile, Plaintiffs urge that because the Court determined no fairness hearing was required, that Defendants are somehow in breach of the Agreement (that Plaintiffs have heretofore not signed). Such a conclusion is unfounded. Moreover, a review of the term upon which this argument is based, compels a different conclusion. The phrase "as directed by the Court" modifies the clause that "Class Members shall have an opportunity to file any response or objection to the proposed Agreement." Doc 5602-1, p. 5. Here, the Court actually determined that "the agreement does not necessitate a second fairness hearing or invoke the notice requirements of Rule 23." Doc. 5604, p. 4. Thus, no hearing is required, and Defendants are not in breach of the Agreement for not participating in a non-existent hearing or for failing to

provide notice of a non-existent hearing to the Class. As as set forth above, Defendants remain willing to post notice of the Agreement itself on the Titler's consistent with Procedural Issues, B. Alternatively, even if the term regarding notification of a fairness hearing were material, it is impossible for Defendants to perform in light of the Court's Order declining to set a hearing, and impossibility is a defense to breach.

As it stands, the Parties reached an accord regarding the Agreement and submitted it to the Court. The Court approved the Agreement, which now awaits Class Counsels' signatures. The Court ruled that a second Rule 23(e) hearing is unnecessary. Even though a single term in the Agreement contemplates that the Notice given to Class Members would reference a fairness hearing, Defendants believe that the Parties can otherwise fully perform under the Agreement if this term is severed or modified to comport with the Court's May 15, 2018, Order.

## Conclusion

**WHEREFORE**, Defendants respectfully submit their Response to the Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59, or Alternatively, Rule 60.

Respectfully submitted this 29th day of June, 2018.

CYNTHIA H. COFFMAN
Attorney General

/s/ Jacquelynn N. Rich Fredericks
Jacquelynn N. Rich Fredericks, #39932
Assistant Attorney General
Attorneys for Defendants
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6603

## CERTIFICATE OF SERVICE

I certify that on June 29, 2018, I filed the foregoing via ECF which will serve electronic copies addressed as follows:

| | |
|---|---|
| Paula Greisen<br>greisen@kinggreisen.com | Lara E. Baker<br>lmarks@fostergraham.com |
| Edward T. Ramey<br>eramey@hpgfirm.com | Blain D. Myhre<br>blainmyhre@gmail.com |

s/ Jacquelynn N. Rich Fredericks