IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 92-cv-00870-CMA

JESSE MONTEZ, et al.,

    Plaintiffs,

v.

JOHN HICKENLOOPER, et al.,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. # 5612), wherein Plaintiffs request that this Court reconsider its order approving the Parties' Proposed Settlement Agreement ("Agreement") and denying the Parties' request to hold a second fairness hearing in this case (Doc. # 5604.) Plaintiffs argue for reconsideration under Federal Rules of Civil Procedure 59 and 60; relief under either is within this Court's discretionary authority. *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1992). Having thoroughly considered the request, the Court finds that neither Rule supports reconsideration under these circumstances.

Reconsideration is warranted under Rule 59 when, as Plaintiffs contend, the Court has misapprehended a party's position, the facts, or controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court did not misapprehend the Parties' position, the facts, or the controlling law. The Court expressly denied the Parties' request for a fairness hearing because this Court already

1

held a multi-day fairness hearing in this case, and the Parties presented no legal authority supporting that this Court must hold a second one. (Doc. # 5604 at 2–4.) Moreover, the original settlement in this case, termed the Remedial Plan—from which the instant Agreement stems—contained no provisions requiring a second fairness hearing; instead, the Plan was intended to be "self-executing," with a preferred and permitted resolution of compliance disputes without court intervention. (*Id.* at 4, citing to the Remedial Plan at § XXXVI.) Plaintiff even concedes that, for disputes arising under the Remedial Plan, a judicial "determination on the merits" is required, "unless the [P]arties reach another resolution." (Doc. # 5612 at 3.) The Parties in this case have reached "another resolution" of their dispute, and a hearing on that resolution is not warranted or justified.

Plaintiffs nonetheless argue that this Court must hold a fairness hearing simply because it was written into the procedural section of the Parties' Agreement. Nothing in Rule 23 stands for that proposition. Nor have Plaintiffs cited to any case law supporting that they can compel this Court to invoke the Rule 23 fairness hearing procedures for a second time under these circumstances.[1]

Furthermore, Rule 60(b)(1) allows a court to relieve a party or its legal representative from an order on the basis of "mistake, inadvertence, surprise, or excusable neglect" and as required by justice. *See Servants of Paraclete*, 204 F.3d at 1009. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. M*assengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). There has been no mistake, inadvertence, surprise, or neglect in this case,

---

[1] Of note, Plaintiffs do not even comply with Rule 23 in making their request for a fairness hearing. For example, they supply the Court with no argument or legal analysis regarding whether the settlement is "fair, reasonable, and adequate" pursuant to Rule 23(e)(2).

2

and these are not extraordinary circumstances. Nor does justice require reconsideration. Indeed, as the Parties requested, the Court approved their Agreement. Once executed, numerous Plaintiffs will receive the benefits of the DOC's Shoe Exchange Program. Moreover, Plaintiffs do not lodge any objections or concerns about the material terms of the Agreement. And, as the Defendants point out, the Parties are still capable of materially performing; Plaintiffs may notify the class members of the Agreement's terms and Defendants may begin implementation of the agreed-upon Program.

Accordingly, for these reasons and those set forth in this Court's previous Order (Doc. # 5604), the Court DENIES Plaintiffs' Motion for Reconsideration. (Doc. # 5612.)

DATED: July 19, 2018

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge